CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 |
| Debtors. | Joint Administration Pending |

**DEBTORS' MOTION FOR AN ORDER**
**EXTENDING TIME TO FILE SCHEDULES OF**
**ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES, STATEMENTS OF**
**FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS**
**("SCHEDULES EXTENSION/WAIVER MOTION")**

Genesis Global Holdco, LLC ("Holdco") and its above-captioned debtors and debtors-in-

possession (collectively, the "Debtors" and these cases, the "Chapter 11 Cases"), hereby submit

this motion (the "Motion"), for entry of interim and final orders, substantially in the form attached

hereto as Exhibit A (the "Proposed Order"): (i) extending the time for the Debtors to file schedules,

including of assets and liabilities, schedules of executory contracts and unexpired leases, and

statements of financial affairs (collectively, the "Schedules and Statements") by an additional

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park
Avenue South, 5th Floor, New York, NY 10003.

thirty-five (35) days, for a total of forty-nine (49) days from January 19, 2023 (the date of such filing, the "Petition Date") through and including March 8, 2023 (the "Deadline"), without prejudice to the Debtors' right to request additional time with agreement from the U.S. Trustee without additional approval from the United States Bankruptcy Court for the Southern District of New York (the "Court") should it become necessary; (ii) extending the time for the Debtors to file their reports of financial information with respect to entities in which the Debtors hold controlling or substantial interests as defined in rule 2015.3 (the "2015.3 Financial Reports") of the Federal Rules of Bankruptcy Procedure or to file a motion with the Court seeking a modification of such reporting requirements for cause sixty days from the Petition Date, each without prejudice to the Debtors' right to request additional time with agreement from the U.S. Trustee without additional Court approval should it become necessary.  A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' Chapter 11 Cases (as defined herein), is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations")[2] , filed contemporaneously herewith.  In further support of this Motion, the Debtors respectfully state as follows:

---

[2]        Capitalized terms not defined herein have the meaning ascribed to them in the First Day Declarations.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

Amended Standing Order of Reference from the United States District Court for the Southern

District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory

predicates for the relief requested herein are sections 105(a) and 521 of title 11 of the United States

Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rules 1007, 2015, and 9006 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

1.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries,

the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide

lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat

currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-

Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services.

Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

2.      Over the past few months, the digital asset industry has experienced tremendous

dislocation.  The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signalled

the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with

digital asset companies.   As market conditions worsened, other companies faced financial

difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings,

Inc. and certain affiliates, which filed for Chapter 11 in July 2022.  Most recently, FTX Trading

Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and

Alameda, the "FTX Entities") filed for Chapter 11 proceedings.

3.      These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business.  This "run on the bank" following the FTX Entities' collapse in early November severely impacted the Company's available liquidity.  As a result of the unprecedented number and size of the loan calls, on November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors' estates, ensure fair distribution and begin discussions with our stakeholders.

4.      Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions.  In addition, the Debtors have undertaken cost-saving and liquidity-preserving measures.  As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

5.      On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases.

6.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declarations.

7.      While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution.  Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts towards a consensual resolution through a transparent, court supervised process.  To that end, the

Debtors are concurrently filing a proposed plan of reorganization, which will be amended as necessary to reflect the results of our continued negotiations.

## RELIEF REQUESTED

2.      By this Motion, the Debtors request authority pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1007(c) to extend the fourteen-day period to file their (i) schedules of assets and liabilities, (ii) schedules of executory contracts and unexpired leases, and (iii) statements of financial affairs, (collectively, the "Schedules and Statements"), as set forth in section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, by an additional thirty-five (35) days, for a total of forty-nine (49) days from the Petition Date through and including  March 8, 2023 (the "Deadline"), without prejudice to the Debtors' right to request additional time with agreement from the U.S. Trustee without additional Court approval should it become necessary. The Debtors also request authority pursuant to 9006(b) to extend the time to file their reports of financial information with respect to entities in which the Debtors hold controlling or substantial interests as defined in rule 2015.3 (the "2015.3 Financial Reports") of the Federal Rules of Bankruptcy Procedure or to file a motion with the Court seeking a modification of such reporting requirements for cause sixty days from the Petition Date, each without prejudice to the Debtors' right to request additional time with agreement from the U.S. Trustee without additional Court approval should it become necessary.

## BASIS FOR RELIEF

### A.      Cause Exists to Extend the Time for Filing of the Schedules and Statements

3.      The Court may grant the relief requested herein pursuant to Bankruptcy Rule 1007(c), which provides that "any extension of time to file schedules [and] statements . . . may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . , trustee, examiner, or other party as the Court may direct." Fed. R. Bankr. P. 1007(c). Variance

for cause merely requires that a debtor "demonstrate some justification for the issuance of the order," and "normally will be granted in the absence of bad faith or prejudice to the adverse party." *See Bryant v. Smith*, 165 B.R. 176, 182 (W.D. Va. 1994) (discussing the standard for granting extensions under Bankruptcy Rule 1007) (citations omitted).

4.      Section 105(a) of the Bankruptcy Code also empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Debtors respectfully submit that the relief requested is appropriate in these Chapter 11 Cases and is within the Court's equitable powers under section 105 of the Bankruptcy Code and, therefore, the deadline to file the Schedules should be extended as requested herein.

5.      Given the size, geographical spread and complexity of the Debtors' operations, the Debtors anticipate that they will be unable to complete their Schedules and Statements in the mere fourteen days provided under Bankruptcy Rule 1007(c). The Debtors submit that the vast amount of information that must be assembled and compiled and the number of hours required to complete the Bankruptcy Rule Disclosures constitute good and sufficient cause for granting the requested extension of time.

6.      To prepare the Schedules, the Debtors must compile information from books, records and other documents relating to, among other things, accounts payable and receivable, leases, employee wages and benefits, intercompany transactions and vendor and supplier agreements in connection with their business operations, which are mainly located outside of the United States. Accordingly, collecting the necessary information to prepare the Bankruptcy Rule Disclosures requires a significant expenditure of time and effort on the part of the Debtors, their employees and their professionals. Furthermore, no party in interest will be prejudiced by the Court

6

granting the Debtors' request for an extension through and including the Deadline given the prepackaged nature of the Chapter 11 Cases.

7.      Although the Debtors, with the assistance of their professional advisors, are mobilizing their employees to work diligently and expeditiously on preparing the Schedules, the Debtors' resources are strained. Given the amount of work entailed in completing the Schedules, and the competing demands on the Debtors' employees and professionals to stabilize business operations during the initial post-petition period, and otherwise provide continued support to the Debtors' efforts to maximize value, the Debtors will not be able to properly and accurately complete the Schedules within the required fourteen-day time period.

8.      Although the Debtors have commenced the task of gathering the necessary information that will enable them to prepare and finalize what undoubtedly will be voluminous Schedules, the Debtors anticipate that they will require at least thirty-five additional days to complete the Schedules.

9.      The Court has granted the relief requested herein in large, complex chapter 11 cases such as these. See, e.g., *In re Revlon, Inc.,* No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) (granting debtors an additional 45 days to file schedules and statements); Order, *In re Avianca Holdings*, S.A., Case No. 20-11133 (MG) (Bankr. S.D.N.Y. May 12, 2020) (granting debtors an additional 45 days to file schedules and statements); Order, *In re MPM Silicones, LLC*, Case No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 15, 2014) (granting debtors an additional 46 days to file schedules and statements); Order, *In re Fairway Grp. Holdings Corp*., Case No. 16-11241 (MEW) (Bankr. S.D.N.Y. May 5, 2016) (granting debtors an additional 30 days to file schedules and statements).

**B.      Cause Exists to Extend the Time for Filing the 2015.3 Financial Reports**

10.      Bankruptcy Rule 2015.3 provides that a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a substantial or controlling interest. *See* Fed. R. Bankr. P. 2015.3(a)–(c).

11.      Bankruptcy Rule 2015.3(d) gives the Court authority to modify the reporting requirements, after notice and a hearing, for cause, including that the debtor is "not able, after a good faith effort, to comply with these reporting requirements." Bankruptcy Rule 9006(b)(1) also provides the Court with authority to extend the period of time to file 2015.3 Financial Reports "for cause."

12.      The Debtors directly own non-debtor subsidiaries that are subject to Rule 2015.3 requirements. These entities are required to file 2015.3 Financial Reports. Cause exists to extend the time to file these reports due to the size, geographical spread and complexity of the Debtors' operations. Completing these reports in the current time allotted will be a substantial burden for the Debtors. Allowing the Debtors additional time will enable the Debtors to work with their advisors to accurately prepare the 2015.3 Financial Reports.

13.      The Debtors intend to work cooperatively with the U.S. Trustee and other parties in interest to provide access to relevant information regarding the Debtors' businesses and financial affairs. Thus, the relief requested will not harm any party in interest. Accordingly, "cause" exists under Bankruptcy Rules 9006(b) and 2015.3 to grant the requested extension.

14.      The Court has granted the relief requested herein in large, complex chapter 11 cases such as these. See, e.g., *In re Philippine Airlines, Inc.*, No. 21-11569 (SCC) (Bankr. S.D.N.Y. Sept. 10, 2021) (granting the debtors an extension to file 2015.3 reports to the later of (a) ten days after

8

the 341 meeting and (b) 59 days from the petition date); *In re Revlon, Inc.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) (granting debtors a 45-day extension from the petition date to file 2015.3 reports); *In re Celsius Network LLC.,* No. 22-10964 (MG) (Bankr. S.D.N.Y. July 19, 2022) (granting debtors a 44-day extension from the petition date to file 2015.3 reports or a 30-day extension after the 341 Meeting, whichever is later); *In re Garrett Motion Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Sept. 24, 2020) (granting the debtors a 44-day extension from the petition date to file 2015.3 reports); *In re Voyager Holdings, Inc.,* No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 28, 2022) (granting debtors a 30-day extension from the petition date to file 2015.3 reports);

## **NOTICE**

15.    Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

16.    No prior motion for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left intentionally blank]*

## **CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant such other and further relief as is just and proper.

Dated:   January 20, 2023          */s/ Sean A. O'Neal*                      
        New York, New York      Sean A. O'Neal
                                Jane VanLare
                                CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                One Liberty Plaza
                                New York, New York 10006
                                Telephone: (212) 225-2000
                                Facsimile: (212) 225-3999

                                *Proposed Counsel to the Debtors and*
                                *Debtors-in-Possession*

## **EXHIBIT A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 |
| Debtors. | Joint Administration Pending |

## ORDER EXTENDING TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, STATEMENTS OF FINANCIAL AFFAIRS, AND RULE 2015.3 FINANCIAL REPORTS

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliates, as debtors and debtors–in–possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"): (i) extending the time for the Debtors to file schedules, including of assets and liabilities, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements by an additional thirty-five (35) days, for a total of forty-nine (49) days from the Petition Date through and including March 8, 2023 (the "Deadline"), without prejudice to the Debtors' right to request additional time with agreement from the U.S. Trustee without additional Court approval should it become necessary; (ii) extending the time for the Debtors to file their

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

reports of financial information with respect to entities in which the Debtors hold controlling or substantial interests as defined in rule 2015.3 (the "2015.3 Financial Reports") of the Federal Rules of Bankruptcy Procedure or to file a motion with the Court seeking a modification of such reporting requirements for cause sixty days from the Petition Date, each without prejudice to the Debtors' right to request additional time with agreement from the U.S. Trustee without additional Court approval should it become necessary, all as more fully set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and that the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Motion having been given as provided in the Motion; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"), filed contemporaneously with the Motion, the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual

2

bases set forth in the Motion and on the record of the Hearing establish just cause for relief granted herein; and the Court having determined that the relief sought is in the best interests of the Debtors, their estates, their creditors and all parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      Pursuant to Sections 105(a) and 521 of the Bankruptcy Code, Bankruptcy Rules 1007(c) and 9006(b), and Local Rule 1007-1, the time by which the Debtors shall file their Schedules and Statements is extended by an additional thirty-five (35) days, for a total of forty-nine (49) days from the Petition Date through and including March 8, 2023 (the "Deadline"), without prejudice to the Debtors' right to request additional time with agreement from the U.S. Trustee without additional Court approval should it become necessary.

3.      The time by which the Debtors must file the 2015.3 Financial Reports or otherwise file a motion with this Court seeking a modification of such reporting requirements for cause is extended sixty days from the Petition Date, in each case without prejudice to the Debtors' right to seek further extensions upon a showing of cause therefor.

4.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

5.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order

Dated: _____          _____
New York, New York                                United States Bankruptcy Judge