CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (____) |
| Debtors. | Joint Administration Pending |

**DEBTORS' MOTION PURSUANT TO SECTION 1505
OF THE BANKRUPTCY CODE FOR AUTHORIZATION OF GENESIS ASIA PACIFIC
PTE LTD. TO ACT AS THE FOREIGN REPRESENTATIVE OF THE DEBTORS**

Genesis Asia Pacific Pte. Ltd. ("GAP") and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing GAP to take the following actions: (i) act as the foreign representatives of the Debtors in Singapore; (ii) seek recognition by (A) the Singapore High Court, and (B) any other court where recognition is deemed appropriate (the "Additional Courts" and, together with the Singapore High Court, the "Foreign Courts") of the Chapter 11 Cases (as defined below) and of certain orders of the Court made from time to time in the Chapter 11 Cases; (iii) request that the Foreign Courts

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

lend assistance to this Court; and (iv) seek any other appropriate relief from the Foreign Courts that the Debtors deem just and proper. In support of this Motion, the Debtors rely on the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration"). In further support of this Motion, the Debtors respectfully represent as follows:

## BACKGROUND

1. Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

2. Over the past few months, the digital asset industry has experienced tremendous dislocation. The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signalled the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with digital asset companies. As market conditions worsened, other companies faced financial difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings, Inc. and certain affiliates, which filed for Chapter 11 in July 2022. Most recently, FTX Trading Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and Alameda, the "FTX Entities") filed for Chapter 11 proceedings.

3. These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business. This "run on the bank" following the FTX Entities' collapse in early November severely impacted the Company's available liquidity. As a result of the unprecedented number and size of the loan calls, on

2

November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors' estates, ensure fair distribution and begin discussions with our stakeholders.

4. Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions. In addition, the Debtors have undertaken cost-saving and liquidity-preserving measures. As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

5. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases

6. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration") and the Leto Declaration (along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations")[2] filed pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure and Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York.

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in the First Day Declarations.

7. While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution. Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts towards a consensual resolution through a transparent, court supervised process. To that end, the Debtors are concurrently filing a proposed plan of reorganization, which will be amended as necessary to reflect the results of our continued negotiations.

## JURISDICTION

8. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

9. By this Motion, GAP seeks authorization, pursuant to section 1505 of Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), to take the following actions: (i) act as the foreign representative of the Debtors, including within the meaning of Article 2(i) of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 of the Republic of Singapore or any other applicable laws of Singapore; (ii) seek recognition by the Foreign Courts of the Chapter 11 Cases and of certain of the orders made by the Court in the Chapter 11 Cases from time to time; (iii) request that the Foreign Courts lend assistance to this Court, including but not limited to relief under Articles 19 to 21 of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 of the Republic of Singapore or any other applicable laws of Singapore; and (iv) seek any other appropriate relief from the Foreign Court that is just and proper.

**BASIS FOR RELIEF REQUESTED**

10. Section 1505 of the Bankruptcy Code allows a debtor-in-possession to obtain a court order recognizing the debtor-in-possession as the foreign representative of the debtor's estate, in order to submit a petition to a foreign court requesting recognition of the debtor's chapter 11 case. Specifically, section 1505 of the Bankruptcy Code provides:

> A trustee or another entity (including an examiner) may be authorized by the court to act in a foreign country on behalf of an estate created under section 541. An entity authorized to act under this section may act in any way permitted by the applicable foreign law.

11 U.S.C. § 1505. Section 1505 only applies to cases filed under chapters other than chapter 15 of the Bankruptcy Code because a chapter 15 case does not create an estate under section 541. For chapter 11 cases, authority to act as a foreign representative may be granted to the debtor-in-possession because a "trustee," as defined by section 1502(6) of the Bankruptcy Code, "includes. . . a debtor-in-possession in a case under any chapter of this title." 11 U.S.C. § 1502(6); see also Order, *In re Voyager Digital Holdings Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 8, 2022), ECF No. 52 (appointing Voyager Digital Ltd. as foreign representative); Order, *In re LATAM Airlines Group S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 28, 2020), ECF No. 52 (appointing LATAM Airlines Group S.A. as foreign representative); Order, *In re U.S. Steel Canada*, No. 17-11519 (MG) (Bankr. S.D.N.Y. June 29, 2017), ECF No. 12 (appointing U.S. Steel Canada Inc. as foreign representative); Order, *In re Alto Maipo Delaware LLC*, No. 21-11507 (KBO) (Bankr. D. Del. November 17, 2021), ECF No. 55 (appointing Alto Maipo SpA as foreign representative); Order, *In re Modular Space Holdings, Inc.*, No. 16-12825 (KJC) (Bankr. D. Del. Dec. 22, 2016), ECF No. 68 (appointing Modular Space Corporation as foreign representative).

11. The purpose of section 1505 is to allow a debtor to petition a foreign court for recognition of its chapter 11 case, and to request that the foreign court cooperate with and lend

assistance to the debtor and the United States Bankruptcy Court in meeting the objectives of both chapter 15 of the Bankruptcy Code and the Model Law on Cross-Border Insolvency (the "<u>Model Law</u>"), adopted by the United Nations Commission on International Trade Law ("<u>UNCITRAL</u>") in 1997, on which chapter 15 is based. These objectives are stated in section 1501 of the Bankruptcy Code:

> (a)   The purpose of this chapter is to incorporate the Model Law on Cross-Border Insolvency so as to provide effective mechanisms for dealing with cases of cross-border insolvency with the objectives of—
>
> (1)   cooperation between—
>
> (A)   courts of the United States, United States trustees, trustees, examiners, debtors, and debtors in possession; and
>
> (B)   the courts and other competent authorities of foreign countries involved in cross-border insolvency cases;
>
> (2)   greater legal certainty for trade and investment;
>
> (3)   fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor;
>
> (4)   protection and maximization of the value of the debtor's assets; and
>
> (5)   facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment.

11 U.S.C. § 1501.[3] Thus, the authority sought by a debtor under section 1505 is specific to seeking recognition of the debtor's chapter 11 case and fostering cooperation between the bankruptcy court and foreign courts.

---

[3]   The preamble of the Model Law on Cross-Border Insolvency is virtually identical.

The purpose of this Law is to provide effective mechanisms for dealing with cases of cross-border insolvency so as to promote the objectives of:

> (a) Cooperation between the courts and other competent authorities of this State and foreign States involved in cases of cross-border insolvency;
>
> (b) Greater legal certainty for trade and investment;

6

12. An explicit grant of authority to act as the foreign representative is meant to facilitate the process of petitioning for recognition in a foreign court. For this reason, Article 5 of the Model Law provides that the person or body administering a reorganization or liquidation in a country that has enacted the Model Law (an "Enacting State") "is authorized to act in a foreign State on behalf of a proceeding under . . . as permitted by the applicable foreign law." Model Law, Art. 5. The Guide to Enactment and Interpretation of the UNCITRAL Model Law explains that:

> The lack of such authorization in some States has proved to be an obstacle to effective international cooperation in cross-border cases. An enacting State in which administrators are already equipped to act as foreign representatives may decide to forgo inclusion of article 5, although even such a State might want to keep article 5 in order to provide clear statutory evidence of that authority.

Guide to Enactment ¶ 84. Clear evidence of a chapter 11 debtor's authority to act in a foreign country is particularly necessary because a chapter 11 case commences immediately upon the filing of a petition, with no order signed by the court that explicitly appoints the debtor as the fiduciary or trustee of the debtor's estate. The fact that a chapter 11 debtor has this authority by virtue of being a debtor-in-possession may not be persuasive to a foreign court.

13. Moreover, absent a court order, a chapter 11 debtor may find it difficult to satisfy the requirements of a petition for recognition. These requirements are substantially similar in most countries that have adopted the Model Law, including Singapore.

14. Specifically, pursuant to Article 15, Chapter 3, Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 of the Republic of Singapore, the foreign representative

---

(c) Fair and efficient administration of cross-border insolvencies that protects the interests of all creditors and other interested persons, including the debtor;

(d) Protection and maximization of the value of the debtor's assets; and

(e) Facilitation of the rescue of financially troubled businesses, thereby protecting investment and preserving employment.

7

of the bankruptcy proceeding may file the following documents in order to obtain the recognition of the foreign bankruptcy proceeding:

> 2. An application for recognition must be accompanied by —
>
> (a)    a certified copy of the decision commencing the foreign proceeding and appointing the foreign representative;
>
> (b)    a certificate from the foreign court affirming the existence of the foreign proceeding and of the appointment of the foreign representative; or
>
> (c)    in the absence of evidence mentioned in sub paragraphs (a) and (b), any other evidence acceptable to the Court of the existence of the foreign proceeding and of the appointment of the foreign representative.
>
> 3. An application for recognition must also be accompanied by a statement identifying all foreign proceedings and proceedings under Singapore insolvency law in respect of the debtor that are known to the foreign representative.

15.    Because of the differences between chapter 11 of the Bankruptcy Code and most other national insolvency laws, a chapter 11 debtor generally does not have the type of evidence specified above. Congress therefore modified the text of Article 5 of the Model Law when incorporating it into section 1505 of the Bankruptcy Code. The legislative history to section 1505 explains the reason for this variance in the text as codified by chapter 15:

> While the Model Law automatically authorizes an administrator to act abroad, this section requires all trustees and debtors to obtain court approval before acting abroad. That requirement is a change from the language of the Model Law, but one that is purely internal to United States law. Its main purpose is to ensure that the court has knowledge and control of possibly expensive activities, but it will have the collateral benefit of providing further assurance to foreign courts that the United States debtor or representative is under judicial authority and supervision.

*See* H.R. Rep. No. 109-31, pt. 1, at 108 (2005), as reprinted in 2005 U.S.C.C.A.N. 88, 171.

16.    The relief sought by this Motion is, therefore, the first in a two-step process. If granted, GAP expects in due course to submit an application to the Singapore High Court that seeks recognition of the Chapter 11 Cases as foreign main proceedings.

17. Consistent with one of the key objectives of the Model Law—to provide "[c]ooperation between the courts and other competent authorities . . . involved in cases of cross-border insolvency" (Model Law, preamble)—the application for recognition that GAP will file, if this Motion is granted, will seek to obtain the assistance of the Singapore High Court.[4] If the Singapore High Court recognizes the Chapter 11 Cases as foreign main proceedings, the Debtors will benefit from the protection of an automatic stay against commencement or continuation of actions or proceedings concerning the Debtors' assets, rights, obligations and liabilities in Singapore.

18. Based on the foregoing, the Debtors submit that there is sufficient statutory basis and ample justification for this Court to grant the relief requested.[5]

## NOTICE

19. Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

---

[4] Granting this motion is also consistent with the memorandum of understanding between the Court and the Supreme Court of Singapore, which encourages cooperation between the courts for the efficient and timely recognition of insolvency proceedings. *Memorandum of Understanding Between the Supreme Court of Singapore and the United States Bankruptcy Court for the Southern District of New York* (Sept. 24, 2018). https://www.nysb.uscourts.gov/sites/default/files/MOU_SDNYBK_Sing.pdf

[5] At this time, the Debtors do not intend to seek recognition of the Chapter 11 Cases in any other jurisdictions.

## NO PRIOR REQUEST

20. No prior motion for the relief requested herein has been made to this or any other court.

[*The remainder of this page is left blank intentionally*]

**CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: January 20, 2023<br>New York, New York | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>/s/ *Sean A. O'Neal*<br>Sean A. O'Neal<br>Jane VanLare<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Proposed Counsel for the Debtors*<br>*and Debtors-in-Possession* |

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (____) |
| Debtors. | Joint Administration Pending |

**ORDER AUTHORIZING DEBTOR GENESIS ASIA PACIFIC PTE LTD.**
**TO ACT AS FOREIGN REPRESENATIVE OF THE DEBTORS**

Upon the Motion (the "Motion")[2] of Genesis Asia Pacific Pte. Ltd. ("GAP"), and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to section 1505 of title 11 of the United States Code (the "Bankruptcy Code"), for authorization for GAP to act as the foreign representative of the Debtors in Singapore in order to seek recognition of the Chapter 11 Cases on behalf of the Debtors, and to request that the Singapore High Court in Singapore lend assistance to this Court in protecting the Debtors' property, and to seek any other appropriate relief from the Singapore High Court that the Singapore High Court deems just and proper, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S. C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors' filing of voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"), constitute "foreign proceedings" as that term is used in Article II(a) of the Model Law on Cross-Border Insolvency adopted by the United Nations Commission on International Trade Law. The Chapter 11 Cases have been commenced by the filing of the Debtors' petitions for relief with this Court.

3. GAP is authorized and empowered (i) to act as the "foreign representative" of the Debtors in Singapore, including within the meaning of Article 2(i) of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 of the Republic of Singapore or any other applicable laws of Singapore, (ii) to seek recognition by the Singapore High Court of the Chapter 11 Cases and of certain orders made by the Court in the Chapter 11 Cases from time to time, (iii) to request that the Singapore High Court lend assistance to this Court, including but not limited to granting relief under Articles 19 to 21 of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 of the Republic of Singapore or any other applicable laws of Singapore, and (iv) to seek any other appropriate relief from the Singapore High Court or any other court, tribunal, regulatory body or administrative body having its jurisdiction in Singapore as the Debtors deem just and proper.

4. The Singapore High Court and any other court, tribunal, regulatory body or administrative body having its jurisdiction in Singapore are hereby respectfully requested (i) to

grant foreign representative status to GAP in any foreign proceeding, (ii) to make such orders and to provide such assistance to GAP as the foreign representative and an officer of this Court, as may be necessary or desirable to give effect to this Order and all applicable provisions of the Bankruptcy Code and (iii) to assist the Debtors, GAP, in its capacity as the foreign representative, and their respective agents in carrying out the terms of (x) this Order, including but not limited to granting relief under Articles 19 to 21 of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 of the Republic of Singapore or any other applicable laws of Singapore, (y) any other order of this Court and (z) the provisions of the Bankruptcy Code, including, for the avoidance of doubt, the automatic stay pursuant to Section 362 of the Bankruptcy Code.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the interpretation, implementation or enforcement of this Order.

Dated: _____, 2023  
      New York, New York                         _____  
                                                                               United States Bankruptcy Judge