CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (___) |
| Debtors. | Joint Administration Pending |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**IMPLEMENTING CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), hereby submit this motion (this "Motion") for entry of an order, substantially in the form that is annexed hereto as Exhibit A (the "Proposed Order"), approving and implementing the notice, case management, and administrative procedures set forth therein (collectively, the "Case Management Procedures").  In support of the Motion, the Debtors rely upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") filed contemporaneously herewith and incorporated herein by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.       The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 102(1), 105(a) and 105(d) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002(m), 9007 and 9036 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9074-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and the Court's General Order M-399.

## BACKGROUND

2.       Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

3.      Over the past few months, the digital asset industry has experienced tremendous dislocation.  The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signalled the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with digital asset companies.  As market conditions worsened, other companies faced financial difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings, Inc. and certain affiliates, which filed for Chapter 11 in July 2022.  Most recently, FTX Trading Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and Alameda, the "FTX Entities") filed for Chapter 11 proceedings.

4.      These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business.  This "run on the bank" following the FTX Entities' collapse in early November severely impacted the Company's available liquidity.  As a result of the unprecedented number and size of the loan calls, on November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors' estates, ensure fair distribution and begin discussions with our stakeholders.

5.      Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions.  In addition, the Debtors have undertaken cost-saving and liquidity-preserving measures.  As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

6.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases.

7.     Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declarations.

8.     While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution.  Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts towards a consensual resolution through a transparent, court supervised process.  To that end, the Debtors are concurrently filing a proposed plan of reorganization, which will be amended as necessary to reflect the results of our continued negotiations.

## RELIEF REQUESTED

9.     By this Motion the Debtors seek entry of the Proposed Order, which sets out certain Case Management Procedures, which the Debtors submit will facilitate the orderly administration of these Chapter 11 Cases and reduce the administrative burden on the Debtors without compromising the rights afforded to parties-in-interest with respect to notice and other procedures.

## CASE MANAGEMENT PROCEDURES

10.     As set forth more fully in the Proposed Order, the Case Management Procedures, among other things:

(a)     establish requirements for filing and serving notices, motions, applications, declarations, objections, responses, memoranda, briefs, supporting documents, and other papers filed in these Chapter 11 Cases (collectively, the "Documents");

(b)     delineate standards for notices of hearings and agenda letters;

(c)     fix periodic omnibus hearing dates and articulate mandatory guidelines for the scheduling of hearings and objection deadlines; and

(d)    limit matters that are required to be heard by the Court.

11.    Given the size and scope of these Chapter 11 Cases, the Debtors believe that the Case Management Procedures will facilitate service of Documents in a manner that will be more efficient and cost-effective than serving such pleadings on every potentially interested party, which, in turn, will enhance the orderly administration of these Chapter 11 Cases, while still ensuring that appropriate notice is provided, particularly to parties who have expressed an interest in these cases and to those directly affected by a request for relief.  In particular, the Case Management Procedures are intended to:

(a)    reduce the need for emergency hearings and requests for expedited relief;

(b)    provide for omnibus hearings for the Court to consider motions, pleadings, applications, objections, and responses thereto;

(c)    foster consensual resolution of important matters;

(d)    assure prompt receipt of appropriate notice affecting parties' interests;

(e)    allow for electronic notice pursuant to the Court's electronic filing system;

(f)    provide ample opportunity to parties in interest to prepare for and respond to matters before this Court;

(g)    reduce the substantial administrative and financial burden that would otherwise be placed on the Debtors and other parties in interest who file documents in these Chapter 11 Cases; and

(h)    reduce the administrative burdens on the Court and the Clerk's office.

12.    To ensure that parties in interest in these Chapter 11 Cases are made aware of the Case Management Procedures, the Debtors propose to: (i) serve the Case Management Procedures on the Master Service List (as defined in the Case Management Procedures); (ii) publish the Case Management Procedures on the Debtors' restructuring website (the "Case Website"); and (iii) make the Case Management Procedures readily available on request to the Debtors' proposed noticing and claims agent, Kroll Restructuring Administration (the "Claims and Noticing Agent").

In the event the Case Management Procedures are modified during these Chapter 11 Cases, the Debtors will ensure that updated versions of the Case Management Procedures are available on the Case Website and will file notices of the same on the Court's electronic filing system.

**BASIS FOR RELIEF REQUESTED**

13.     The Court may grant the relief requested herein pursuant to sections 102(1), 105(a) and 105(d) of the Bankruptcy Code, Bankruptcy Rules 2002(m), 9007, 9036, Local Rules 9074-1, and the Bankruptcy Court's General Order M-399.  Bankruptcy Rules 2002(m) and 9007 empower the Court with the general authority to regulate the manner in which notices required under the Bankruptcy Rules are provided.  Specifically, Bankruptcy Rule 2002(m) provides that "[t]he court may, from time to time, enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed. R. Bankr. P. 2002(m).  In addition, Bankruptcy Rule 9036 authorizes parties in interest to request that "all or part of the information required to be contained in the notice be sent by a specified type of electronic transmission."  *See* Fed. R. Bankr. P. 9036.

14.     Bankruptcy Rule 9007 further provides that "[w]hen notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed R. Bankr. P. 9007.  Further, Bankruptcy Rule 1015(c) provides that when, as here, two or more cases are being administered jointly, the Court may enter orders "as may tend to avoid unnecessary costs and delay." Fed R. Bankr. P. 1015(c).

15.     In addition, Local Rule 9074-1 allows the Bankruptcy Court to set appropriate notice requirements and objection deadlines in connection with the facts and circumstances of these Chapter 11 Cases.  *See, e.g.*, Local Bankr. R. 9074-1(c)(3), (4).  Therefore, the Debtors submit that omnibus hearings and electronic notice requirements as provided in the Case

Management Procedures, whenever possible, should be permitted to alleviate any notice or hearing burdens that may arise in these Chapter 11 Cases.

16.    Pursuant to the Bankruptcy Court's General Order M-399, *Electronic Means for Filing, Signing and Verification of Documents*, dated May 17, 2010, a party's request for an electronic filing password and "[t]he Court's issuance of a [CM/ECF] account to a System user constitutes a waiver of conventional service."  General Order M-399 at § II.B.  Hence, any party submitting a Court Filing with the Electronic Filing System already has consented to electronic service, as provided by the proposed Interim Order and Final Order, and will not be prejudiced by electronic notice.  Such registered participants will receive a "Notice of Electronic Filing" via e-mail whenever a filing is made, which will provide additional notice to such parties.  If a party cannot reasonably obtain access to e-mail, then such party may seek an exemption from electronic service to receive paper copies of any Court Filing as set forth in the Interim Order and Final Order.  Therefore, no party will be affected adversely by electronic service as set forth in the Case Management Procedures.

17.    Section 102(1) of the Bankruptcy Code provides that if the Bankruptcy Code requires an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances."  11 U.S.C. § 102(1)(A) (2011).  Moreover, the relief requested herein is further supported by section 105(a) of the Bankruptcy Code, which provides, in pertinent part, that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a); *see also* 11 U.S.C. § 105(d)(1).

18.     The Debtors submit that approval of the Case Management Procedures is in the best interests of the Debtors and their estates.  The Case Management Procedures, if implemented, will ensure that these Chapter 11 Cases are administered efficiently and economically.  For example, by authorizing the Debtors to schedule omnibus hearing dates, establish clear timelines for the filing of requests for relief, and allow, with certain exceptions, for electronic service, the Case Management Procedures will assist the Debtors and the Court with the orderly and efficient administration of these Chapter 11 Cases and negate the need for procedural disputes or frequent piecemeal hearings.  The Case Management Procedures will thus enable the Debtors to preserve their funds, thereby benefiting the Debtors and their estates.

19.     Based upon the foregoing, the Debtors submit that the relief requested herein is appropriate and in the best interests of the Debtors and their estates.

## **RESERVATION OF RIGHTS**

20.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or shall be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserves their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

**NOTICE**

21.    Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

22.    No prior motion for the relief requested herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant such other and further relief as is just and proper.

Dated:    January 20, 2023
          New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (___) |
| Debtors. | Joint Administration Pending |

## ORDER IMPLEMENTING CERTAIN
## NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC and the affiliated debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and the cases,

the "Chapter 11 Cases"), pursuant to sections 102(1), 105(a) and 105(d) of title 11 of the United

States Code (the "Bankruptcy Code") and Rules 1015(c), 2002(m), 9007 and 9036 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9074-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "Local Rules") and the Bankruptcy Court's

General Order M-399 for an order (this "Order") approving and implementing the notice, case

management, and administrative procedures therein (collectively, the "Case Management

Procedures"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]       Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the First Day Declarations, as applicable.

due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declarations, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as provided herein.

2.      The Case Management Procedures set forth herein are approved and shall govern all aspects of these Chapter 11 Cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties.

3.      The Debtors' Claims and Noticing Agent is authorized, but not directed, to establish a case website (the "Case Website"), where, among other things, the Case Management Procedures, and also key dates and information about these Chapter 11 Cases, will be posted.  In the event the Case Management Procedures are modified during these Chapter 11 Cases, the Debtors will ensure that an updated version of the Case Management Procedures are available on the Case Website and will file notices of the same on the Court's electronic filing system.

4.      The Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and this Court's Chamber Rules shall continue to apply to all

proceedings in these Chapter 11 Cases, except to the extent that any provision of this Order by its terms supersedes or is inconsistent with such rules.

**FILING OF DOCUMENTS**

5.      All documents filed in these Chapter 11 Cases, including but not limited to all notices, motions, applications, other requests for relief and documents filed in support thereof (collectively, the "Pleadings"), objections or responses to Pleadings ("Objections") and replies to Objections (the "Replies," and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (___) (the "Docket"), pursuant to the Court's General Order M-399 (available at www.nysb.uscourts.gov/sites/default/files/m399.pdf), by users of the Court's electronic filing system in searchable portable document format ("PDF"), Microsoft Word or any other Windows- based word processing format.  Further, pursuant to Local Rule 9070-1, all Documents (other than proofs of claim) shall be: (a) until further order of the Court, delivered via email to the chambers of the Honorable Judge [[●]], United States Bankruptcy Court for the Southern District of New York no later than the next business day following the date on which such Document is electronically filed; and (b) at least one hard copy shall be delivered by first class mail or by email to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Greg Zipes, Esq.).

6.      Unless prior permission has been granted, moving and responsive briefs shall be no more than forty (40) pages in length, and reply briefs shall be no more than fifteen (15) pages, exclusive of the table of contents and table of authorities.  All Documents shall be double-spaced, 12-point font, with margins of at least one inch and submitted in text searchable format.  Briefs or memoranda of ten (10) pages or more shall contain a table of contents, headings and a table of authorities.

7.      All Documents shall be filed electronically with the Court using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal or parties who have filed the Certification in paragraph 14 hereof, or as provided in paragraph 15, which shall be deemed to constitute proper service for all parties who are sent such email; *provided, however,* that Documents shall be served on the Master Service List by email and by first class mail.

8.      Parties are required to provide to chambers hard copies of every pleading, with exhibits, unless chambers specifies otherwise.

## **PARTIES ENTITLED TO SERVICE OF DOCUMENTS**

9.      All Documents shall be served, in the manner described herein, on the following parties (collectively, the "Standard Parties"):

(a)      the Chambers of the Honorable _____ ("Chambers"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004;

(b)      the Debtors, c/o Genesis Global Holdco, LLC, 250 Park Avenue South, 5th Floor, New York, NY 10003 (Attn: Arianna Pretto-Sakmann);

(c)      Cleary Gottlieb, 1 Liberty Plaza, New York, NY 10006 (Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.), proposed counsel for the Debtors;

(d)      William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, NY 10014 (Attn: Greg Zipes, Esq.) (the "U.S. Trustee");

(e)      the attorneys for any official committee(s) that may be appointed in these Chapter 11 Cases (an "Official Committee"); and

(f)      any person or entity with a particularized interest in the subject matter of a certain Document (each, a "Particularized Interest Party").

10.     In addition to being served on the Standard Parties, Pleadings, but no other Documents, must be served on all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures

(the "Rule 2002 Parties").  Documents filed in adversary proceedings do not need to be served on the Rule 2002 Parties.

11.    The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include the Standard Parties and the Rule 2002 Parties (other than the Particularized Interest Parties).  The Master Service List shall contain addresses and e-mail addresses.  The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or (iii) contacting the Debtors' counsel directly.

12.    The proceedings with respect to which notice is limited to the Master Service List (including any person or entity with a particularized interest in the subject matter of the Document) shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (a) notices of (i) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) and (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (b) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices would be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

## METHOD OF SERVICE OF DOCUMENTS

13.    Parties shall serve Documents on the Master Service List by U.S. mail, overnight delivery, hand delivery or e-mail; *provided that* (a) service by facsimile by such Standard Party shall not be effective; (b) parties are authorized to serve Rule 2002 Parties by e-mail; *provided further* that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail

address is not available, the party shall be served by U.S. mail, overnight delivery, facsimile (if agreed by such party) or hand delivery, the choice of the foregoing being in the sole discretion of the serving party in accordance with the Case Management Procedures; and (c) any other party may agree to accept service by e-mail. Notwithstanding the foregoing, parties may not serve Chambers by e-mail and, pursuant to Local Rule 9070-1, a hard copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, shall be submitted to the U.S. Trustee.

14.     Any party requesting to be added to the Rule 2002 Parties list who does not maintain (and cannot practicably) obtain an email address and therefore cannot receive service by email must include in their request a certification to that effect (each, a "Certification"). A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service. Such party will thereafter receive paper service in accordance with the Case Management Procedures.

15.     If a request to be added to the Rule 2002 Parties list fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days of request of an email address. If no email address or Certification is provided in response to such request, such party shall not be added to the Rule 2002 Parties list or served with copies of Documents unless such Documents directly affect such party.

16.     Each party submitting a request to be added to the Rule 2002 Parties list is responsible for filing with the Court an updated request, as necessary, to reflect changes to any notice information and must serve a copy of such updated request upon the Debtors.

17.     To the extent a Particularized Interest Party's email address is not available, the Debtors (or any other party filing Documents) shall serve such Particularized Interest Party with paper copies by first class mail or private mail service.

18.     If service is authorized and completed by e-mail, paper copies of the Documents shall not be required to be served on interested parties by any other method and e-mail service shall satisfy the Court's rules for service.

19.     Service by e-mail shall be effective as of the date (based on prevailing Eastern Time) the Document is sent to the e-mail address provided by a party.

20.     Each Document served by e-mail shall include the entire Document, including the proposed form(s) of order and any exhibits, attachments and other relevant materials, in PDF format, readable by Adobe Acrobat or an equivalent program.  The relevant Document shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing in such format.  Notwithstanding the foregoing, if a Document cannot be attached to an e-mail (because of its size, technical difficulties, or otherwise), the party serving the Document may, in its sole discretion (a) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; or (b) e-mail the party being served and include a notation that the Document cannot be attached and will be (i) mailed if requested or (ii) posted on any website maintained in connection with these Chapter 11 Cases.

21.     All Rule 2002 Parties must provide an e-mail for service to the Claims and Noticing Agent.  The Rule 2002 Parties shall be deemed to have consented to service by e-mail, and such parties shall thereby be served in accordance with the Case Management Procedures.

22.     Promptly after completion of noticing any particular matter, the party seeking relief shall file with the Court either an affidavit of service or a certification of service attaching the list of parties that received notice.

## REQUESTING NOTICE

23.     Any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Case Management Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) (a "Notice of Appearance").

24.     A Notice of Appearance shall include the following information: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the requesting party may be served; and (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied.

25.     Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery or facsimile, in the sole discretion of the serving party in accordance with the Case Management Procedures.

## SCHEDULING OF HEARINGS

26.     The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings and other matters shall be heard. Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.

27.     The Court shall schedule additional Omnibus Hearings on request of the Debtors, and, upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearing on the Case Website.  Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

28.     Pre-trial conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; *provided that* initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on a date that is at least thirty (30) days after the filing of the complaint.

29.     Pleadings filed in, and trials related to, adversary proceedings shall be scheduled upon request of a party to the adversary proceeding and approval of the Court.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.  If a briefing schedule cannot be agreed upon, the parties to the adversary proceeding shall appear at the next scheduled pre-trial conference or some other date set by the Court.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by letter, filed electronically on the Court's website, http://ecf.nysb.uscourts.gov, setting forth the issues to be presented in the summary judgment motion, with a copy sent to Chambers.

30.     Hearings on Pleadings (other than Pleadings filed in adversary proceedings, which shall comply with paragraph twenty-nine (29) above) must be scheduled for an Omnibus Hearing except as permitted under the Expedited Relief Procedures (as defined below).  Notwithstanding the foregoing, hearings on Pleadings may thereafter be rescheduled by the moving parties for a

date other than an Omnibus Hearing date through coordination with the Court and the filing and service of a notice of such adjournment on the docket.

31.    If a Document is filed and purports to set a hearing date inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court order, for the first applicable Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended.

32.    If a movant or applicant determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact opposing counsel by telephone requesting that the motion or application be considered on an expedited basis (the "Expedited Relief Procedures").  If the opposing counsel disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall inform the Court of the disagreement by e-mail and thereafter arrange for a chambers conference, telephonic or in-person, to be held among the Court, and the parties' counsel to discuss the disagreement.  If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may schedule an expedited hearing. Generally, if the Court believes that an expedited hearing may be warranted, it will direct the movant or applicant to file a notice scheduling a hearing on (a) the request for expedited determination and (b) the underlying request for relief to occur on the same day.  The parties shall otherwise comply with the procedures set forth on the Chambers website: http://www.nysb.uscourts.gov.

33.    If a Motion to extend the time to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

## **FILING DEADLINES**

34.     Except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b), Pleadings filed in adversary proceedings, or the Presentment Procedures (as defined below), Pleadings shall not be considered unless filed, noticed, and served in accordance with the Case Management Procedures at least fourteen (14) calendar days before the applicable hearing date; *provided that* if a Particularized Interest Party is served (a) by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing; or (b) by overnight delivery, the Pleading must be filed and served at least fifteen (15) calendar days before the next applicable hearing; *provided further* that any applications submitted pursuant to Rule 2016(a) is subject to notice of twenty-eight (28) calendar days before the applicable hearing date; *provided further* that subject to the Expedited Relief Procedures, nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c).

35.     If a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)–(b), the relevant hearing shall be set after the passage of the time period set forth in such rule; *provided that* pursuant to Bankruptcy Rule 9006(f), if service is by overnight delivery or U.S. mail, one (1) or three (3) calendar days, respectively, shall be added to the time period set forth in Bankruptcy Rule 2002(a) or (b).

36.     Notwithstanding anything contained herein, a party may settle or present a proposed order for approval by the Court as provided by Local Rule 9074-1; *provided that* the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar

administrative or standard order, must be filed and served at least seven (7) calendar days before the presentment date and Objections thereto must be filed and served at least one (1) calendar day before the presentment date (the "Presentment Procedures"), and the presenting party shall comply with the procedures on the Chambers' website: http://www.nysb.uscourts.gov, including that after the applicable objection period has passed, if no timely objection has been filed, the underlying motion, the certificate of service and an electronic version of the proposed order in Word or WordPerfect format should be e-mailed to Chambers.   The cover note must contain a representation that (i) the movant sought relief by notice of presentment and (ii) the objection period has passed and no objections were filed.

37.    The deadline to file an Objection to any Pleading, including any joinder to an Objection, or any statement in respect of a Pleading (the "Objection Deadline") shall be (a) 4:00 p.m. (prevailing Eastern Time) on the date that is seven (7) calendar days before the applicable hearing date; or (b) any date and time otherwise ordered by the Court; *provided that* if a Pleading is filed in advance of the deadline for the filing of a Pleading as described above (the "Filing Deadline"), then the Objection Deadline for such Pleading may be set for a date that is more than seven (7) calendar days before the applicable hearing date, such date being equal to seven (7) calendar days plus the number of calendar days such Pleading was filed in advance of the Filing Deadline; *provided further* that notwithstanding anything to the contrary herein, filed statements in support of Pleadings (other than Objections) may be filed by the Reply Deadline (defined below).   The Objection Deadline may be extended with the consent of the movant or applicant.   An Objection will not be considered timely unless filed with the Court and received by the Standard Parties in accordance with the manner of service prescribed herein on or before the applicable Objection Deadline.   All parties filing an Objection (x) shall include their telephone and

facsimile numbers (if available) in the signature block on the last page of the Objection; and (y) are required to attend the hearing, and failure to appear may result in the relief being granted or denied upon default.

38.     Unless otherwise ordered by the Court, Replies, if any, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (Prevailing Eastern Time) on the business day prior to the date of the applicable hearing (the "Reply Deadline").

39.     Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection unless an Objection Deadline extension was agreed to between the parties pursuant to paragraph 37.

40.     Sur-replies shall not be permitted or considered unless authorized by the Court.

## MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY AND/OR TO COMPEL ASSUMPTION OR REJECTION OF AN EXECUTORY CONTRACT

41.     Notwithstanding anything contained herein, motions (a) for relief from the automatic stay ("Stay Relief Motions") in accordance with section 362 of the Bankruptcy Code or (b) to compel assumption or rejection of an executory contract, shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days prior to the applicable hearing.

42.     Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or

as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

## TELEPHONIC APPEARANCES

43.     Paragraphs 43 through 47 hereof are subject to any General Order subsequently issued by the United States Bankruptcy Court for the Southern District of New York, or separate order by this Court.

44.     If a party desires to participate in a hearing by telephone or Zoom, such party must register with Court Solutions LLC.  Parties that wish to listen in on a hearing are not required to receive approval from Chambers prior to registering with Court Solutions LLC, or to be admitted to the court or to be admitted *pro hac vice*.  Parties participating by phone or Zoom must put their phones or lines on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

45.     Parties that wish to make a telephonic appearance in order to speak or make argument are required to receive permission from Chambers prior to registering with Court Solutions LLC.  Parties seeking permission to participate telephonically must call Chambers at least two (2) business days prior to the hearing or as soon as reasonably practicable if such hearing is scheduled on less than two (2) business days' notice, and should be prepared to provide the following information: (i) Name of party that the attorney is representing, (ii) the motion on which the attorney intends to argue, and (iii) the reason that a telephonic appearance is necessary.  A party who wishes to participate via a listen-only telephone line may do so without requesting permission from Chambers by registering with Court Solutions at www.Court-Solutions.com.

46.     Counsel and *pro se* parties are not permitted to participate telephonically for any hearings of an evidentiary nature, including the examination of witnesses or the submission of evidence.

47.     If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Solutions LLC, adhering to the Case Management Procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by Chambers.

## HEARING PROCEDURES

48.     The initial hearing on all Pleadings will be a non-evidentiary hearing, unless: (a) the motion is of a type specified in Local Rule 9014-2(b), (c), (d) or (e); or (b) the Court otherwise directs in advance of or at such initial hearing.  If, upon or after the filing of a motion, any party seeks an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate.  In the absence of an agreement, the Court will consider requests for an evidentiary hearing by conference call initiated by an e-mail request to Chambers. Notwithstanding Local Rule 9014-2, the Court may, upon advance request and for cause shown, order that the initial hearing on a motion of the type specified in Local Rule 9014-2(c), (d) or (e) will be a non-evidentiary hearing.  Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate on motions subject to Local Rule 9014-2(c), (d) or (e).

49.     A request for relief in a Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline, the attorney for the entity who has filed the Pleading (a) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures (the "Certificate of No Objection");

(b) serves the Certificate of No Objection via e-mail upon the attorneys for the Debtors, the U.S. Trustee, and any Official Committee prior to submission thereof to the Court; and (c) delivers by e-mail to Chambers the proposed order (in Word or WordPerfect format only), the Certificate of No Objection, the underlying request for relief (with all exhibits), and the certificate of service. Upon receipt of the foregoing, the Court may grant the relief requested in the Pleading without further submission, hearing or request. If the Court does not grant the relief, the Pleading will be heard at the next Omnibus Hearing; *provided that* if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

50.     In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing. In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement. In the event the Court determines that additional or supplemental notice is required, the Debtors or other moving party shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

## **FORM OF DOCUMENTS**

51.     A "Notice of Hearing" shall be affixed to all Pleadings and shall include the following: (a) the title of the Pleading; (b) the parties upon whom any Objection to the Pleading is required to be served; (c) the date and time of the applicable Objection Deadline; (d) the date of the Omnibus Hearing at which the Pleading shall be considered by the Court; and (e) a statement

that the relief requested may be granted without a hearing if no Objection is timely filed and served

in accordance with these Case Management Procedures.  The applicable Objection Deadline and

hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing

and on the upper right corner of the first page of each Pleading and each Objection thereto.

52.     Nothing in these Case Management Procedures shall prejudice the right of any

party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect

any entity with respect to a trade secret or confidential research, development, or commercial

information or to protect a person with respect to scandalous or defamatory matter contained in a

Document filed in these cases.

## DISCOVERY AND EVIDENCE

53.     Expedited discovery in contested matters in these Chapter 11 Cases is authorized

without further Court order.  This authorization is without prejudice to the rights of any party or

witness to seek protective order relief if the time to respond or appear, or the burden of the

requested discovery, is unreasonable or for other cause shown.  Parties are expected to work

informally and cooperatively to effect any necessary discovery, with due recognition of the time

exigencies that are typical in bankruptcy litigation.  Document requests by letter, facsimile (if

available), or e-mail (if available) are authorized.

54.     Parties are required in the first instance to resolve discovery and due diligence

disputes by negotiation in good faith and, if necessary, a conference call with the Court without

submission of papers initiated by an e-mailed request to Chambers.  Such calls will not be

scheduled until and unless the parties have first tried and failed to resolve the disputed matters

themselves.  Unless otherwise ordered by the Court, pursuant to Local Rule 7007-1(b), discovery

motions may not be filed until the parties have (a) conferred among themselves to resolve the

dispute and (b) participated in a conference with the Court.  Parties should contact Chambers to schedule a conference.

55.     Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in these Chapter 11 Cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit or declaration under penalty of perjury, and all cross-examination and subsequent examination will be taken live.  Unless otherwise ordered by the Court, all affidavits/declarations and any designated testimony must be submitted to the adversary and the Court no later than three (3) business days before the hearing.

56.     Parties may, if they are so advised, introduce the testimony of witnesses who can reasonably be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct."  The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis.  In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.  The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three (3) business days before the hearing.

**MISCELLANEOUS**

57.     By approximately 12:00 p.m. (Prevailing Eastern Time) on the day before a scheduled hearing or Omnibus Hearing, the Debtors shall file a proposed agenda ("Proposed Hearing Agenda") with regard to the matters to be heard at the hearing or Omnibus Hearing (the Proposed Hearing Agenda may be updated after the initial submission if necessary) and shall serve the agenda, by e-mail on the Standard Parties; *provided that* a Proposed Hearing Agenda shall not be required where the Debtors have less than forty-eight (48) hours' notice of a hearing.

58.     The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel: (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matter have settled or are proposed to be continued; (d) a suggestion for the court in which the matters should be addressed; and (e) any other comments that will assist the Court.

59.     Matters listed on the Proposed Hearing Agenda shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

60.     Motions for re-argument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it requires a response or a hearing, it will notify the parties accordingly.

61.     Any party in interest may seek to amend the Case Management Procedures from time to time throughout these Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

62.     Within three (3) business days of entry of this Order, the Claims and Noticing Agent shall serve a copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

63.     To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the Case Management Procedures shall govern these Chapter 11 Cases.

64.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2023
     New York, New York                    _____
                                            United States Bankruptcy Judge