CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (__) |
| Debtors. | Joint Administration Pending |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING
DEBTORS TO OPERATE THEIR BUSINESSES IN THE ORDINARY
COURSE AND ORDERING IMPLEMENTATION OF THE AUTOMATIC STAY**

Genesis Global Holdco, LLC ("Holdco") and its above-captioned debtors and debtors-in-possession (collectively, the "Debtors" and these cases, the "Chapter 11 Cases") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the Debtors to continue to operate their businesses in the ordinary course and enforcing and restating the automatic stay, *ipso facto* and anti-discrimination provisions under sections 362, 365(e)(1) and 525 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code"). A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' Chapter 11 Cases (as

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

defined herein), is set forth in *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations")[2], filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 362, 365(e)(1) and 525 of title 11 of the United States Code, 11 U.S.C. § 101 of the Bankruptcy Code.

## BACKGROUND

2. Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-

---

[2] Capitalized terms not defined herein have the meaning ascribed to them in the First Day Declarations.

2

Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

3.  Over the past few months, the digital asset industry has experienced tremendous dislocation. The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signalled the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with digital asset companies. As market conditions worsened, other companies faced financial difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings, Inc. and certain affiliates, which filed for Chapter 11 in July 2022. Most recently, FTX Trading Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and Alameda, the "FTX Entities") filed for Chapter 11 proceedings.

4.  These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business. This "run on the bank" following the FTX Entities' collapse in early November severely impacted the Company's available liquidity. As a result of the unprecedented number and size of the loan calls, on November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors' estates, ensure fair distribution and begin discussions with our stakeholders.

5.  Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions. In addition, the Debtors have undertaken cost-saving and liquidity-preserving measures. As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

6.  On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are

operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in the Debtors' Chapter 11 Cases.

7. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declarations.

8. While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution. Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts towards a consensual resolution through a transparent, court supervised process. To that end, the Debtors are concurrently filing a proposed plan of reorganization, which will be amended as necessary to reflect the results of our continued negotiations.

## RELIEF REQUESTED

9. By this Motion, the Debtors request the entry of the Proposed Order confirming (i) the Debtors' authority to continue to operate their businesses post-petition pursuant to Sections 363, 1107 and 1108 of the Bankruptcy Code and (ii) the enforcement and applicability of Section 362 of the Bankruptcy Code, as well as the *ipso facto* and anti-discrimination provisions of the Bankruptcy Code.

## BASIS FOR RELIEF

10. The Company's business is global with offices in New York, London, and Singapore, and creditors throughout these and various other jurisdictions. Many of the Debtors' foreign creditors do not transact business on a regular basis with companies that have filed for chapter 11 or are otherwise unfamiliar with the scope of a debtor-in-possession's authority to conduct its business. These creditors may also be unfamiliar with the operation of the automatic

4

stay and other provisions of the Bankruptcy Code. For this reason, the Debtors request this Court's assistance in confirming the Debtors' rights and authority under the Bankruptcy Code.

11. <u>First</u>, Section 1108 of the Bankruptcy Code automatically authorizes a trustee to operate the business and manage the properties of the estate in the ordinary course of business. *See* 11 U.S.C. § 1108. Section 1107(a) provides that, with certain exceptions not relevant here, a debtor-in-possession has all of the rights, powers, and duties of a trustee in a case under chapter 11. *See* 11 U.S.C. § 1107(a). Accordingly, the Debtors are authorized under the Bankruptcy Code to operate their businesses and manage their properties in the ordinary course of business without court approval. The Debtors may nevertheless find that certain parties with whom they do business, particularly those located abroad, are reluctant to continue their business relationships with the Debtors without evidence that the Debtors are indeed so authorized.

12. <u>Second</u>, the filing of these Chapter 11 Cases triggered provisions of the Bankruptcy Code that provide the Debtors with essential protections through the duration of this proceeding and which further allow the Debtors to operate in the ordinary course.

13. Specifically, the Debtors' filings triggered the automatic stay under section 362 of the Bankruptcy Code, which enjoins all persons and all governmental units from, among other things: (i) commencing or continuing a judicial, administrative or other proceeding against any of the Debtors that was or could have been commenced before these Chapter 11 Cases were filed or recovering upon a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases and (ii) taking any action to collect, assess or recover a claim against any of the Debtors that arose before the commencement of these Chapter 11 Cases. *See* 11 U.S.C. § 362.

14. In addition, section 365(e)(1) of the Bankruptcy Code prohibits all parties to executory contracts or unexpired leases, including charters, with the Debtors from, among other

5

things, terminating or modifying such contract, lease or any right or obligation under such contract or lease at any time after the commencement of these Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on: (a) the insolvency or financial condition of the Debtors at any time before the closing of these Chapter 11 Cases, (b) the commencement of these Chapter 11 Cases or (c) the appointment of a trustee. *See* 11 U.S.C. § 365(e)(1).

15. Furthermore, section 525 of the Bankruptcy Code prohibits and enjoins governmental units, with certain limited exceptions not applicable to these Chapter 11 Cases, from, among other things, denying, revoking, suspending or refusing to renew any license, permit, charter, franchise or other similar grant to, condition such a grant on or discriminate with respect to such a grant against, the Debtors solely because the Debtors (a) are debtors under the Bankruptcy Code, (b) may have been insolvent before the commencement of these Chapter 11 Cases or (c) may be insolvent during the pendency of these Chapter 11 Cases. *See* 11 U.S.C. § 525.

16. Notably, the injunctions contained in sections 362, 365(e)(1) and 525 of the Bankruptcy Code are self-executing. They constitute fundamental debtor protections which, in combination with other provisions of the Bankruptcy Code, provide the Debtors with the essential "breathing spell" necessary to enable the Debtors' smooth and orderly transition into chapter 11. *See, e.g.*, H.R. Rep. No. 95-595 (1977); *Shugrue v. Air Line Pilots Ass'n, Int'l* (*In re Ionosphere Clubs, Inc.*), 922 F.2d 984, 989 (2d Cir. 1990); *Variable-Parameter Fixture Dev. Corp. v. Morpheus Lights, Inc.*, 945 F. Supp. 603, 606 (S.D.N.Y. 1996) ("[Section] 362 is meant to give 'the debtor a breathing spell from his creditors [and] . . . permit [ ] the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.'")(internal citations omitted).

6

17. The protections in these provisions extend to protect a debtor's property and contracts wherever they are located and by whomever held. *See Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC (In re Bernard L. Madoff Inv. Secs. LLC),* 474 B.R. 76, 84 (S.D.N.Y. 2012) (upholding extraterritorial enforcement of the automatic stay and injunction barring foreign creditor's lawsuit); *Nakash v. Zur (In re Nakash)*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("[B]ased upon the applicable Code sections [and] other indicia of congressional intent . . . the automatic stay applies extraterritorially."); *In re McLean Indus.*, 74 B.R. 589, 601 (Bankr. S.D.N.Y. 1987) ("The automatic stay applies extraterritorially.")(internal citations omitted). Accordingly, any actions by third parties to modify or terminate contracts or enforce their terms against the Debtors are prohibited absent Court approval, and third parties must therefore continue to perform under executory contracts until they are assumed or rejected. *See N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 532 (1984) (holding that while the debtor may enforce the terms of the contract against the creditor, the creditor is "precluded from . . . enforcing the contract terms" of an executory contract prior to the assumption by the debtor); *see also U.S. Postal Serv. v. Dewey Freight Sys., Inc.*, 31 F.3d 620, 624 (8th Cir. 1994) ("After a debtor commences a Chapter 11 proceeding, but before executory contracts are assumed or rejected under § 365(a), those contracts remain in existence, *enforceable by the debtor but not against the debtor*.") (emphasis in original).

18. Notwithstanding the fundamental, self-executing and global nature of these statutory authorizations and protections, it is likely that not all parties affected or potentially affected by the commencement of these Chapter 11 Cases may be aware of their existence. Many of the Debtors' creditors, vendors and other contractual counterparties are not located in the United States and may be unfamiliar with the operation of the Bankruptcy Code. Similarly, the Debtors and their property are subject to the rules and regulations of numerous governmental authorities,

7

including those in foreign jurisdictions, that may not be familiar with United States bankruptcy law. Any of these entities, absent an unambiguous order of this Court, may take precipitous action against the Debtors or their property.

19.    The Proposed Order, by restating the provisions and protections of sections 362, 365(e)(1), 525, 1107 and 1108 of the Bankruptcy Code, would help protect the Debtors from such unwitting violations of these crucial provisions. The granting of the relief requested will help ensure that (i) the non-debtor parties to unexpired leases and executory contracts with the Debtors will continue to perform and will not unilaterally terminate their contracts, (ii) creditors do not seize the Debtors' assets, impose liens or take any other action in violation of the automatic stay and (iii) foreign governmental authorities do not deny, revoke or suspend any licenses or permits solely because the Debtors are in chapter 11. It also would spare the Debtors from the burden of commencing adversary proceedings to enforce the protections automatically provided by the Bankruptcy Code. Consequently, such order will assist the Debtors in effecting a prompt and orderly reorganization.

20.    The Court has the authority to grant the requested relief pursuant to its equitable powers under section 105(a) of the Bankruptcy Code, especially in cases having international implications. Section 105(a) provides, in relevant part, that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The purpose of section 105(a) is "to assure the bankruptcy courts' power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 at 105-06 (15th ed. Rev. 2008). Such power conforms to the Court's inherent equitable authority. *See, e.g., United States v. Energy Res. Co.*, 495 U.S. 545, 549 (1990). The relief requested herein is both necessary and appropriate to allow

the Debtors to successfully administer these Chapter 11 Cases, to optimize their post-petition business performance and to maximize the value of their estates.

21. Relief similar to that requested herein has previously been granted by Courts in this District in large chapter 11 cases. *See, e.g.*, Order, *In re Automotores Gildemeister SpA*, Case No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 16, 2021) ECF No. 45; Order, *In re LATAM Airlines Grp.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 28, 2020) ECF No. 50; Order, *In re Repub. Airways Holdings Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016) ECF No. 51; Order, *In re Glob. Mar. Invs. Cyprus Ltd.,* Case No. 15-12552 (SMB) (Bankr. S.D.N.Y. Sept. 21, 2015) ECF No. 41; Order, *In re Nautilus Holdings Ltd.,* Case No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 25, 2014) ECF No. 30; Order, *In re Excel Mar. Carriers Ltd.,* Case No. 13-23060 (RDD) (Bankr. S.D.N.Y. July 3, 2013), ECF No. 34.[3]

## NOTICE

22. Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

---

[3] Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

9

23-10063-shl    Doc 13    Filed 01/20/23    Entered 01/20/23 02:55:05    Main Document
                                     Pg 10 of 17

## **NO PRIOR REQUEST**

23. No prior motion for the relief requested herein has been made to this or any other Court.

[*The remainder of this page is left intentionally blank*]

## CONCLUSION

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant such other and further relief as is just and proper.

Dated:  January 20, 2023
        New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (__) |
| Debtors. | Joint Administration Pending |

## ORDER AUTHORIZING DEBTORS TO
## OPERATE THEIR BUSINESSES IN THE ORDINARY
## COURSE AND ORDERING IMPLEMENTATION OF THE AUTOMATIC STAY

Upon the Motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliate, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to continue to operate their businesses in the ordinary course and enforcing and restating the automatic stay, *ipso facto* and anti-discrimination provisions under sections 362, 365(e)(1) and 525 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"); it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and the Local Rules, and that, except as otherwise ordered herein, no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and a hearing having been held to

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

consider the relief requested in the Motion and upon the record of the hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, their creditors and all other parties-in-interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations and all those acting for or on their behalf) and all foreign or domestic governmental or quasi-governmental units, including any state, locality or territory thereof (and all those acting for or on their behalf), regardless of whether or not they have received a copy of the order, are stayed, restrained and enjoined from:

(a) commencing or continuing any judicial, administrative or other action or proceeding against the Debtors, including the issuance or employment of process that was or could have been initiated before the Debtors' Chapter 11 Cases commenced;

(b) enforcing, against the Debtors or their estates, a judgment obtained before the commencement of these Chapter 11 Cases;

(c) collecting, assessing or recovering a claim against the Debtors that arose before the commencement of these Chapter 11 Cases;

(d) taking any action to obtain possession of property of the estates or of property from the estates or to exercise control over property of the Debtors' estates;

(e) taking any action to create, perfect or enforce any lien against property of the Debtors' estates;

(f) taking any action to create, perfect or enforce any lien against property of the Debtors, to the extent that such lien secures a claim that arose before the commencement of these Chapter 11 Cases;

(g) offsetting any debt owing to the Debtors that arose before the commencement of these Chapter 11 Cases against any claim against the Debtors; and

(h) commencing or continuing a proceeding before the United States Tax Court concerning the Debtors' tax liability for a taxable period the Court may determine.

3. All persons and all foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables and other or similar law enforcement officers and officials, regardless of whether they have received this order, are stayed, restrained and enjoined from in any way seizing, attaching, foreclosing upon, levying against or in any other way interfering with any and all property of the Debtors or the Debtors' estates, wherever located.

4. Pursuant to section 365(e)(1) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations and all those acting for or on their behalf) and all foreign or domestic governmental or quasi-governmental units including any state, locality or territory thereof (and all those acting for or on their behalf) are prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under such contract or lease, at any time after the commencement of these Chapter 11 Cases solely because of a provision in such contract or lease that is conditioned on:

(a) the insolvency or financial condition of the debtor at any time before the closing of these Chapter 11 Cases;

(b) the commencement of these Chapter 11 Cases; or

(c) the appointment of a trustee in these Chapter 11 Cases.

3

5.  This order shall not affect (i) the substantive rights of any party or the availability of any of the exceptions contained in sections 362(b) and 365(e)(1) of the Bankruptcy Code or (ii) the right of any party-in-interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code or with respect to an executory contract or unexpired lease under section 365 of the Bankruptcy Code.

6.  Pursuant to section 525 of the Bankruptcy Code, all foreign or domestic governmental or quasi-governmental units including any state, locality or territory thereof (and all those acting for or on their behalf) are prohibited and enjoined from (i) denying, revoking, suspending or refusing to renew any license, permit, charter, franchise or other similar grant to, (ii) placing conditions upon such a grant to or (iii) discriminating against any of the Debtors (or another person with whom the Debtors have been associated) solely because any of the Debtors is a debtor under the Bankruptcy Code, or may have been insolvent before or during these Chapter 11 Cases.

7.  The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this order.

8.  Nothing contained herein shall constitute an assumption or adoption by either Debtor of any executory contract or lease.

9.  The requirements set forth in Local Rule 9013-1(b) are satisfied.

10. This Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6003(b) or otherwise.

11.     On request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate and warranted so to terminate, annul, modify or condition the relief granted herein.

12.     Notwithstanding anything to the contrary contained herein, this Order shall not be construed as enjoining or staying any act that is not stayed, or that is subject to an exception from the automatic stay, pursuant to the terms of section 362 of the Bankruptcy Code.

13.     This Court shall retain jurisdiction with respect to all matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated:  _____          _____
            New York, New York                              United States Bankruptcy Judge