CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (__) |
| Debtors. | Joint Administration Pending |

**DEBTORS' MOTION FOR ENTRY**
**OF INTERIM AND FINAL ORDERS**
**WAIVING THE REQUIREMENT THAT EACH**
**DEBTOR FILE A LIST OF CREDITORS AND AUTHORIZING**
**PREPARATION OF A CONSOLIDATED LIST OF CREDITORS,**
**IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX,**
**(II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST**
**OF THE DEBTORS' FIFTY (50) LARGEST UNSECURED CREDITORS,**
**(III) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY**
**IDENTIFIABLE INFORMATION, AND (IV) GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its above-captioned debtors and debtors-in-

possession (collectively, the "Debtors" and these cases, the "Chapter 11 Cases"), hereby submit

this motion (this "Motion") for entry of interim and final orders, substantially in the form attached

hereto as Exhibit A (the "Proposed Interim Order") and Exhibit B (the "Proposed Final Order" and

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park
Avenue South, 5th Floor, New York, NY 10003.

together with the Proposed Interim Order, the "Proposed Orders"), pursuant to Sections 105(a) and 521(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), (i) waiving the requirement that each of the Debtors file a list of creditors and authorizing the Debtors to prepare a consolidated list of creditors in lieu of submitting a formatted matrix; (ii) authorizing the Debtors to file a single, consolidated list of the Debtors' fifty (50) largest unsecured creditors; (iii) authorizing the debtors to redact certain personally identifiable information; and (iv) granting the Debtors such other and further relief as the Court deems just and proper. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' Chapter 11 Cases, is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") [2], filed contemporaneously herewith and incorporated herein by reference. In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory

---

[2]      Capitalized terms not defined herein have the meaning ascribed to them in the First Day Declarations.

bases for the relief requested herein are Sections 105(a), 107(c), and 521(a)(1) of the Bankruptcy Code, Rules 1007, 2002, and 9013-1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 1007-1, 5075-1, and 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and the Electronic Means for Filing, Signing and Verification of Documents, General Order M-399 (Gonzalez, C.J.).

## BACKGROUND

2.        Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

3.        Over the past few months, the digital asset industry has experienced tremendous dislocation.  The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signalled the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with digital asset companies.   As market conditions worsened, other companies faced financial difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings, Inc. and certain affiliates, which filed for Chapter 11 in July 2022.  Most recently, FTX Trading Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and Alameda, the "FTX Entities") filed for Chapter 11 proceedings.

4.        These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business.  This "run on the bank" following the FTX Entities' collapse in early November severely impacted the Company's available liquidity.   As a result of the unprecedented number and size of the loan calls, on

3

November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors'

estates, ensure fair distribution and begin discussions with our stakeholders.

5.      Over the past two months, the Debtors and their advisors have engaged in extensive

negotiations with various advisors to creditor groups to explore strategic solutions.  In addition,

the Debtors have undertaken cost-saving and liquidity-preserving measures.  As a result of those

efforts, the Debtors have determined that an in-court process is the best path to continue their

efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

6.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are

operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the

Bankruptcy Code.  No trustee, examiner or official committee of unsecured creditors has been

appointed in the Debtors' Chapter 11 Cases.

7.      Additional information regarding the Debtors' business, capital structure and the

circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day

Declarations.

8.      While the Company's discussions with advisors to various creditor groups and

DCG have been very productive in narrowing issues, they have not yet achieved a global

resolution.  Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts

towards a consensual resolution through a transparent, court supervised process.  To that end, the

Debtors are concurrently filing a proposed plan of reorganization, which will be amended as

necessary to reflect the results of our continued negotiations.

## **RELIEF REQUESTED**

9.      By this Motion, the Debtors seek entry of the Proposed Orders (i) waiving the

requirement that each of the Debtors file a list of creditors and authorizing the Debtors to prepare

a consolidated list of creditors in lieu of submitting a formatted matrix; (ii) authorizing the Debtors

to file a single, consolidated list of the Debtors' fifty (50) largest unsecured creditors;

(iii) authorizing the debtors to redact certain personally identifiable information; (iv) and granting

the Debtors such other and further relief as the Court deems just and proper.

## **BASIS FOR RELIEF**

### A.    Cause Exists to Waive the Requirement for Each Debtor to File a List of Creditors, and to Authorize the Debtors to File a Consolidated List of Creditors in Lieu of Submitting a Formatted Mailing Matrix

10.    Section 521(a)(1) of the Bankruptcy Code states that "[t]he debtor shall[] file[] a

list of creditors . . . ," and is implemented by Bankruptcy Rule 1007(a)(1), which requires a debtor

in a voluntary case to "file with the petition a list containing the name and address of each entity

included or to be included on Schedules D, E/F, G, and H as prescribed by the Official Forms." 11

U.S.C. § 521(a)(1); Fed. R. Bankr. P. 1007(a)(1). General Order M-399 provides that a debtor

filing a case electronically must upload the creditors' matrix on the Court's electronic filing system

and file the list of creditors on the case docket, each containing the information regarding creditors

required by Bankruptcy Rule 1007(a)(1).

11.    The Debtors submit that waiving the requirement that each of the Debtors file a list

of creditors, and permitting them to file and maintain a consolidated list of their creditors in

electronic format, in lieu of filing individual creditor matrices, is warranted under the

circumstances of these Chapter 11 Cases. Concurrently herewith, the Debtors have sought joint

administration of their cases for procedural purposes.  Accordingly, the Debtors believe that filing

a consolidated list of creditors rather than preparing and filing separate matrices will maximize

administrative efficiency, increase accuracy, and reduce costs to the benefit of the Debtors' estates.

12.    In light of the foregoing, the Debtors submit that the maintenance of a consolidated

list of creditors by their proposed claims and noticing agent, Kroll Restructuring Administration

LLC ("Kroll") is warranted under the facts and circumstances present here, and is similar to relief

routinely granted by this Court in other Chapter 11 Cases.[3] *See, e.g.*, Order, *In re Automotores*

*Gildemeister SpA, et al.*, Case No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 16, 2021), ECF No.

54; Order, *In re LATAM Airlines Grp. S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 29,

2020), ECF No. 58; Order, *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr.

S.D.N.Y. Mar. 5, 2019), ECF No. 90; Order, *In re Sears Holdings Corp.*, Case No. 18-23538

(RDD) (Bankr. S.D.N.Y. Oct. 16, 2018), ECF No. 112; Order, *In re Repub. Airways Holdings Inc.*,

Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Feb. 29, 2016), ECF No. 49; Order, *In re NII*

*Holdings, Inc.*, Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014), ECF No. 27; Order,

*In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Nov. 30, 2011), ECF No. 77.[4]

## B.   Filing a Single Consolidated List of the Debtors' Fifty (50) Largest Unsecured Creditors Is Warranted

13.     Section 521(a) of the Bankruptcy Code requires the Debtors to file a list of creditors

and Bankruptcy Rule 1007(d) further requires the Debtors to file "a list containing the name,

address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders . .

." Fed. R. Bankr. P. 1007(d).  As many creditors are shared amongst the Debtors and the Debtors

largely operate as a coordinated enterprise, the Debtors request authority to file a single,

consolidated list of their fifty (50) largest general unsecured creditors.[5]

14.     The exercise of compiling separate top fifty (50) creditor lists for each individual

Debtor would consume the Debtors' time and resources otherwise needed to prepare for the filing

---

[3]       In accordance with Local Rule 5075-1, the Debtors have filed an application contemporaneously herewith seeking to retain Kroll as their claims and noticing agent in the Chapter 11 Cases.  If that application is granted, Kroll will, among other things, (i) assist with the consolidation of the Debtors' computer records into a creditor database and (ii) complete the mailing of notices to the parties in such database.

[4]       Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are publicly available, but will be provided upon request of the Debtors' proposed counsel.

[5]       The consolidated list of the Debtors' fifty (50) largest unsecured creditors described herein is attached as an exhibit to each of the Debtors' petitions.

of these Chapter 11 Cases and continue the Debtors' operations. Further, the Debtors believe that a single, consolidated list of the Debtors' fifty (50) largest unsecured, non-insider creditors will aid the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in any potential efforts to communicate with these creditors concerning potential service on an official committee of unsecured creditors. As such, the Debtors believe that filing a single, consolidated list of the fifty (50) largest unsecured creditors in these Chapter 11 Cases is appropriate and in the best interests of the estates.

15.    Finally, relief similar to that requested in this Motion has been granted by this Court in other Chapter 11 Cases. *See, e.g.*, Order, *In re Automotores Gildemeister SpA, et al.*, Case No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 16, 2021) ECF No. 54; Order, *In re LATAM Airlines Grp. S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 29, 2020), ECF No. 58; Order, *In re Windstream Holdings, Inc.*, Case No. 19- 22312 (RDD) (Bankr. S.D.N.Y. Mar. 5, 2019), ECF No. 90; Order, *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. Apr. 9, 2018), ECF No. 70; Order, *In re Tops Holding II Corp.*, Case No. 18-22279 (RDD) (Bankr. S.D.N.Y. Feb. 26, 2018), ECF No. 71; Order, *In re Cenveo, Inc.*, Case No. 18-22178 (RDD) (Bankr. S.D.N.Y. Feb. 6, 2018), ECF No. 70.[6]

**C.    Cause Exists to Redact Certain Personal Identification Information for Creditors**

16.    Section 107 of the Bankruptcy Code provides that the Court may:

> (b) (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> . . .
>
> (c) . . . for cause, may protect an individual, with respect to the following types of information to the extent the court finds that

---

[6]    Because of the voluminous nature of the orders cited herein, such orders are not attached to this Motion. Copies of these orders are publicly available, but will be provided upon request of the Debtors' proposed counsel.

disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:]

(A)    Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B)    Other information contained in a paper described in subparagraph

11 U.S.C. § 107(emphases added). Furthermore, Bankruptcy Rule 9037(a) authorizes the Court to redact personally identifiable information of minors. *See* Fed. R. Bankr. P. 9037(a).

17.    The Debtors seek authority to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including the consolidated creditors list, the names, home addresses and email addresses of all individual creditors—including the Debtors' employees, former employees, and customers.  The Debtors believe this relief is appropriate in these Chapter 11 Cases because of the risks involved with public disclosure of such information, which can be used to perpetrate identity theft or allow bad actors to locate survivors of domestic violence, or engage in other harassment or stalking. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee to change addresses again.[7]

18.    Courts in this jurisdiction have granted the relief requested herein in comparable Chapter 11 Cases. See, e.g., *In re Celsius Network LLC.,* No. 22-10964 (MG) (Bankr. S.D.N.Y. July 19, 2022) (granting the redaction of home addresses of individual creditors); *In re*

---

[7]    The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the creditor matrix motion filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

*Automotores Gildemeister SpA*, et al., No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 15, 2021) (permitting the debtors to redact creditors' home addresses in publicly-accessible court filings); *In re Frontier Commc'ns. Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (authorizing the debtors to redact personal information from public versions of the statements and schedules); In re The McClatchy Co., No. 20-10418 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2020) (authorizing the debtors to use corporate addresses for, or redact address information of, individual creditors on the creditor matrix); *In re Fairway Grp. Holdings Corp.*, No. 20-10161 (JLG) (Bankr. S.D.N.Y. Feb. 3, 2020) (authorizing the debtors to redact address information of individual creditors and interest holders listed on the creditor matrix and lists of equity holders); *In re Aegean Marine Petrol. Network Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Jan. 22, 2020) (authorizing the debtors to redact personal information not limited to mailing addresses from public versions of the statements and schedules); *In re Barneys New York, Inc*., No. 19-36300 (CGM) (Bankr. S.D.N.Y. Nov. 4, 2019) (authorizing the debtors to redact personally identifiable information, including but not limited to home address information, of their employees on the creditor matrix, schedules and statements, or similar documents filed with the court); *In re Deluxe Entm't. Servs., Inc*., No. 19-23774 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019) (authorizing the debtors to redact personally identifiable information, including but not limited to home address information, of their employees and former employees on the creditor matrix).[8]

19.    Courts in other districts have also expounded on the importance of authorizing debtors to redact employees' and other individual creditors' personally identifiable information. Notably, in his bench ruling in Forever 21, Judge Gross stated that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons,

---

[8]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

seek to have their addresses withheld." Hr'g Tr. at 60:22–25, *In re Forever 21, Inc*., No. 19-12122

(MFW) (Bankr. D. Del. Dec. 19, 2019).

20.     Judge Gross further found that individuals' home addresses are a means of

identification that may be protected under section 107(c), stating "[w]hat is critical is [that] the

residential address that appears on the driver's license, and that is why driver's licenses are

protected, because of the driver's address. And further on in Section 1028, a means of

identification, which is the term used in Section 107, specifically includes a driver's license, which,

again, is material for containing a home address."[9] *Id.* at 61:22, 62:3.  Accordingly, the Debtors

submit that the redaction of home addresses and email addresses of its individual creditors is

appropriate in these circumstances.

21.     The Debtors also seek to redact the names of individual creditors.  Certain of the

Debtors' creditors may be identifiable on the basis of their name alone, leaving individuals subject

to the same dangers discussed above.  This relief is also necessary in order to enable the Debtors'

compliance with certain data privacy laws to which they are subject. The digital asset community

is international, and the Debtors have creditors in numerous jurisdictions.  If a creditor resides in

or has processed their data through a jurisdiction with specific privacy regimes, and said privacy

regime requires the redaction of individual names, the Debtors wish to abide by these laws.

Compliance with these data privacy laws will ensure that the value of the estate is maximized and

Debtors do not become subject to fines imposed for violating the various data privacy laws.

---

[9]     This ruling is consistent with Judge Gross' previous rulings on this issue. *See, e.g.*, Hr'g Tr. at 47:24–48:1,
*In re Hexion Holdings LLC*, No. 19-10684 (KG) (Bankr. D. Del. June 24, 2019) ("So, here, the home address, plus
the fact of employment by debtors in this day and age exposes employees to identity theft.); Hr'g Tr. at 21:13–15, *In
re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) ("I think, that in the present day, with the
abuse of private information, that these addresses ought to be redacted[.]").

22.     Data privacy laws have been enacted in key jurisdictions related to this matter. Namely the United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and the Singaporean Personal Data Protection Act 2012 (the "Singapore PDPA"). As described above, these laws impose substantial limitations on the disclosure of information relating to identified or identifiable individuals, including names and home addresses.

23.     Violators of the UK GDPR, EU GDPR, and Singapore PDPA risk civil and monetary penalties. In Singapore, if personal data is mishandled, the offending party may be subject to a fine of up to $1 million. *See* Singapore Personal Data Protection Act 2012, Part 9C(48J). If an organization is found to have processed information in breach of the UK GDPR, the organization may be fined up to the higher of £17,500,000 or 4% of worldwide annual turnover (i.e., total annual revenues) of the preceding financial year. *See* United Kingdom Data Protection Act 2018, section 157(5)(a). A breach of the EU GDPR may potentially subject an organization to a fine of up to the higher of €20,000,000 or 4% of worldwide annual turnover (i.e., total annual revenues) of the preceding financial year. *See* General Data Protection Regulation (EU) 2016/679, art. 83(5). The Debtors seek to maximize the value of the estate for the benefit of all its stakeholders and seeks to avoid the imposition of monetary policies that may result from the breach of these local data privacy laws.

24.     Courts in this jurisdiction have granted the relief requested above in similar Chapter 11 Cases. *See In re Voyager Holdings, Inc.,* No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 28, 2022) (granting debtors permission to redact any customer names connected to the EU and UK); *In re Vewd Software USA,* LLC, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Dec. 17, 2021) (allowing

the debtors to redact names and addresses of individuals protected by the GDPR); *In re GTT Commc'ns. Inc.,* No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (allowing the debtors to redact names and addresses of individuals protected by the GDPR).

25.     The Debtors propose to provide an unredacted version of the consolidated creditors list and any other applicable filings redacted pursuant to the Proposed Orders to (a) the Court, the U.S. Trustee, counsel to any official committee appointed in these Chapter 11 Cases, and (b) any party in interest, upon a request reasonably related to these Chapter 11 Cases directed to the Debtors (email is sufficient) or to the Court.  In addition, the Debtors will distribute, as applicable, any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

26.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), the names, home addresses and email addresses of individuals listed on the consolidated creditors list or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render such individuals more susceptible to identity theft, and could jeopardize the safety of employees, and other individual creditors who are survivors of domestic violence, or at risk of harassment or stalking, by publishing their names, home addresses or email addresses without any advance notice or the opportunity to engage with the Debtors regarding the appropriate scope and nature of any disclosure of their name and identifying information.

## **NOTICE**

27.     Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the

12

Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and

Exchange Commission; and (vi) all others that are required to be noticed in accordance with

Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of

the relief requested, no other or further notice need be given.

## <u>NO PRIOR REQUEST</u>

28.    No prior motion for the relief requested herein has been made to this or any other

Court.

*[The remainder of this page is left intentionally blank]*

## **CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this

Court (a) enter the Proposed Orders, substantially in the form attached hereto as Exhibit A and

Exhibit B and (b) grant such other and further relief as is just and proper.


Dated:    January 20, 2023                    */s/ Sean A. O'Neal*
          New York, New York                 Sean A. O'Neal
                                             Jane VanLare
                                             CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                             One Liberty Plaza
                                             New York, New York 10006
                                             Telephone: (212) 225-2000
                                             Facsimile: (212) 225-3999

                                             *Proposed Counsel to the Debtors and Debtors in
                                             Possession*

## EXHIBIT A

**Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (__) |
| Debtors. | Joint Administration Pending |

### INTERIM ORDER WAIVING THE REQUIREMENT
### THAT EACH DEBTOR FILE A LIST OF CREDITORS
### AND AUTHORIZING PREPARATION OF A CONSOLIDATED LIST OF
### CREDITORS, IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX
### (II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST
### OF THE DEBTORS' FIFTY (50) LARGEST UNSECURED CREDITORS, (III)
### AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY
### IDENTIFIABLE INFORMATION, AND (IV) GRANTING RELATED RELIEF

Upon the Motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its

affiliate, as debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), for entry of an interim order (this "Interim Order"), as more fully described in the

Motion, (i) waiving the requirement that each of the Debtors file a list of creditors and authorizing

the Debtors to prepare a consolidated list of creditors in lieu of submitting a formatted matrix; (ii)

authorizing the Debtors to file a single, consolidated list of the Debtors' fifty (50) largest unsecured

creditors; (iii) authorizing the debtors to redact certain personally identifiable information; and (iv)

granting the Debtors such other and further relief as the Court deems just and proper and upon the

*Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance*

*with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

*First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") filed concurrently with the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted on an interim basis to the extent set forth herein.

2.      The final hearing on the Motion shall be held on _____, 2023, at__:__ _.m. Eastern Time. Any objections or responses to entry of the Proposed Final Order shall be filed by

_____, 2023, at 4:00 p.m. Eastern Time and served on the following parties: (i) the Office of

the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York,

NY 10014; and (ii) Counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty

Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.

3.      The requirement under Bankruptcy Rule 1007(a)(1) that each of the Debtors file a

list of creditors, counterparties to executory contracts and unexpired leases and co-debtors on the

Petition Date is hereby waived.

4.      The Debtors, or their appointed agent, are authorized to prepare and maintain a

consolidated list of creditors in electronic format that is acceptable to the Clerk of the Court, in

lieu of any required matrix, and to make such list available to other parties in interest upon request.

The Debtors shall file this consolidated list on the docket within (7) days of the Petition Date.

5.      Notwithstanding Bankruptcy Rule 1007(d) and Local Rule 1007-1, the Debtors are

authorized to file a consolidated list of their fifty (50) largest unsecured creditors in the Chapter

11 Cases, in lieu of filing separate lists of the twenty largest unsecured creditors in each of the

Debtors' respective Chapter 11 Cases.

6.      The Debtors are authorized, pursuant to sections 107(c) and 105(a) of the

Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the names, home

addresses and email addresses of individuals listed on the consolidated creditors list or other

documents filed with this Court.

7.      The Debtors shall provide an unredacted version of the consolidated creditors list,

and any other filings redacted pursuant to this Interim Order to (x) the Court, the U.S. Trustee and

counsel to any official committee appointed in these Chapter 11 Cases, and (y) any party in interest,

upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these

3

Chapter 11 Cases; provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

8.      Nothing herein precludes a party in interest's, or the U.S. Trustee's, right to file a motion requesting that this Court unseal the information redacted by this Interim Order.

9.      The Debtors shall submit an unredacted copy of the consolidated creditors list to the Clerk of the Court under seal in an envelope, clearly indicating that the same has been filed under seal by order of this Court and may not be unsealed until and unless permitted by further order of this Court.

10.     Counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the sealed documents at the conclusion of the contested matter.

11.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Interim Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in implementation, enforcement or realization of the relief granted in this Interim Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Interim Order.

12.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.


 Dated: _____, 2023          _____
          New York, New York                United States Bankruptcy Judge

4

**<u>EXHIBIT B</u>**

**Proposed Final Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-(____) |
| Debtors. | Joint Administration Pending |

## ORDER WAIVING THE REQUIREMENT
## THAT EACH DEBTOR FILE A LIST OF CREDITORS AND
## AUTHORIZING PREPARATION OF A CONSOLIDATED LIST OF CREDITORS,
## IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX
## (II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST
## OF THE DEBTORS' FIFTY (50) LARGEST UNSECURED CREDITORS, (III)
## AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY
## IDENTIFIABLE INFORMATION, AND (IV) GRANTING RELATED RELIEF

Upon the Motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliate, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order, as more fully described in the Motion, (i) waiving the requirement that each of the Debtors file a list of creditors and authorizing the Debtors to prepare a consolidated list of creditors in lieu of submitting a formatted matrix; (ii) authorizing the Debtors to file a single, consolidated list of the Debtors' fifty (50) largest unsecured creditors; (iii) authorizing the debtors to redact certain personally identifiable information; and (iv) granting the Debtors such other and further relief as the Court deems just and proper and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

*and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") filed concurrently with the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as set forth herein.

2.      The requirement under Bankruptcy Rule 1007(a)(1) that each of the Debtors file a list of creditors, counterparties to executory contracts and unexpired leases and co-debtors on the Petition Date is hereby waived.

3.      The Debtors, or their appointed agent, are authorized to prepare and maintain a consolidated list of creditors in electronic format that is acceptable to the Clerk of the Court, in lieu of any required matrix, and to make such list available to other parties in interest upon request. The Debtors shall file this consolidated list on the docket within (7) days of the Petition Date.

4.      Notwithstanding Bankruptcy Rule 1007(d) and Local Rule 1007-1, the Debtors are authorized to file a consolidated list of their fifty (50) largest unsecured creditors in the Chapter 11 Cases, in lieu of filing separate lists of the twenty largest unsecured creditors in each of the Debtors' respective Chapter 11 Cases.

5.      The Debtors are authorized, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the names, and home or email addresses of individuals listed on the consolidated creditors list or other documents filed with this Court.

6.      The Debtors shall provide an unredacted version of the consolidated creditors list, and any other filings redacted pursuant to this Final Order to (x) the Court, the U.S. Trustee and counsel to any official committee appointed in these Chapter 11 Cases, and (y) any party in interest, upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases; provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

7.      Nothing herein precludes a party in interest's, or the U.S. Trustee's, right to file a motion requesting that this Court unseal the information redacted by this Final Order.

3

8.      The Debtors shall submit an unredacted copy of the consolidated creditors list to the Clerk of the Court under seal in an envelope, clearly indicating that the same has been filed under seal by order of this Court and may not be unsealed until and unless permitted by further order of this Court.

9.      Counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the sealed documents at the conclusion of the contested matter.

10.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Final Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in implementation, enforcement or realization of the relief granted in this Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Final Order.

11.     This Final Order is immediately effective and enforceable, notwithstanding the possible applicability of Bankruptcy Rule 6003(b) or otherwise.

12.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.

Dated: _____, 2023          _____
New York, New York                         United States Bankruptcy Judge