CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Joint Administration Pending |

**NOTICE OF REVISED ORDER IMPLEMENTING
<u>CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES</u>**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "<u>Petition Date</u>"), Genesis Global Holdco, LLC ("<u>Holdco</u>") and certain of its debtor affiliates, as debtors and debtors-in-possession in the above captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").

**PLEASE TAKE FURTHER NOTICE** that on January 20, 2023, the Debtors filed Debtors' Motion for Entry of an Order Implementing Certain Notice and Case Management Procedures, ECF No. 10 (the "<u>Motion</u>"), which attached a proposed order as Exhibit A thereto (the "<u>Proposed Order</u>").

**PLEASE TAKE FURTHER NOTICE** that on January 23, 2023, the Debtors filed a revised version of the Proposed Order, attached hereto as <u>Exhibit A</u>. A blackline against the previous version of the Proposed Order is attached hereto as <u>Exhibit B</u>.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion will be held before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York on **January 23, 2023, at 2:00 P.M. (Prevailing Eastern Time)**.  The Hearing will be conducted only through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450.  Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may affect your rights.  Please read the pleadings carefully and, if you have one available, discuss it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Pleadings and may enter orders granting the relief requested by the Debtors.

Dated:     January 23, 2023
           New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

**EXHIBIT A**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Joint Administration Pending |

### ORDER IMPLEMENTING CERTAIN
### NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC and the affiliated debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and the cases,

the "Chapter 11 Cases"), pursuant to sections 102(1), 105(a) and 105(d) of title 11 of the United

States Code (the "Bankruptcy Code") and Rules 1015(c), 2002(m), 9007 and 9036 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9074-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "Local Rules") and the Bankruptcy Court's

General Order M-399 for an order (this "Order") approving and implementing the notice, case

management, and administrative procedures therein (collectively, the "Case Management

Procedures"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the First Day Declarations, as applicable.

due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declarations, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as provided herein.

2.      The Case Management Procedures set forth herein are approved and shall govern all aspects of these Chapter 11 Cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties.

3.      The Debtors' Claims and Noticing Agent is authorized, but not directed, to establish a case website (the "Case Website"), where, among other things, the Case Management Procedures, and also key dates and information about these Chapter 11 Cases, will be posted.  In the event the Case Management Procedures are modified during these Chapter 11 Cases, the Debtors will ensure that an updated version of the Case Management Procedures are available on the Case Website and will file notices of the same on the Court's electronic filing system.

4.      The Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and this Court's Chamber Rules shall continue to apply to all

proceedings in these Chapter 11 Cases, except to the extent that any provision of this Order by its terms supersedes or is inconsistent with such rules.

## **FILING OF DOCUMENTS**

5.    All documents filed in these Chapter 11 Cases, including but not limited to all notices, motions, applications, other requests for relief and documents filed in support thereof (collectively, the "Pleadings"), objections or responses to Pleadings ("Objections") and replies to Objections (the "Replies," and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, *et al.*, Case No. 23-10063 (SHL) (the "Docket"), pursuant to the Court's General Order M-399 (available at www.nysb.uscourts.gov/sites/default/files/m399.pdf), by users of the Court's electronic filing system in searchable portable document format ("PDF"), Microsoft Word or any other Windows-based word processing format.

6.    Unless prior permission has been granted, moving and responsive briefs shall be no more than forty (40) pages in length, and reply briefs shall be no more than twenty (20) pages, exclusive of the table of contents and table of authorities.  All Documents shall be double-spaced, 12-point font, with margins of at least one inch and submitted in text searchable format.  Briefs or memoranda of fifteen (15) pages or more shall contain a table of contents, headings and a table of authorities.

7.    Parties are required to provide to chambers hard copies of every pleading, with exhibits, unless chambers specifies otherwise.

## **PARTIES ENTITLED TO SERVICE OF DOCUMENTS**

8.    All Documents shall be served, in the manner described herein, on the following parties (collectively, the "Standard Parties"):

(a)     the Chambers of the Honorable Sean H. Lane ("Chambers"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004;

(b)     the Debtors, c/o Genesis Global Holdco, LLC, 250 Park Avenue South, 5th Floor, New York, NY 10003 (Attn: Arianna Pretto-Sakmann, Esq.);

(c)     Cleary Gottlieb, 1 Liberty Plaza, New York, NY 10006 (Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.), proposed counsel for the Debtors;

(d)     William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004 (Attn: Greg Zipes, Esq.) (the "U.S. Trustee");

(e)     the attorneys for any official committee(s) that may be appointed in these Chapter 11 Cases (an "Official Committee"); and

(f)     any person or entity with a particularized interest in the subject matter of a certain Document (each, a "Particularized Interest Party").

9.      In addition to being served on the Standard Parties, Pleadings, but no other Documents, must be served on all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures (the "Rule 2002 Parties").  Documents filed in adversary proceedings do not need to be served on the Rule 2002 Parties.

10.     The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include the Standard Parties and the Rule 2002 Parties (other than the Particularized Interest Parties).  The Master Service List shall contain addresses and e-mail addresses.  The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or (iii) contacting the Debtors' counsel directly.

11.     The proceedings with respect to which notice is limited to the Master Service List (including any person or entity with a particularized interest in the subject matter of the Document) shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (a) notices of (i) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) and (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (b) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices would be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

## METHOD OF SERVICE OF DOCUMENTS

12.     Parties shall serve Documents on the Master Service List by U.S. mail, overnight delivery, hand delivery or e-mail (the choice of the foregoing being in the Debtors' or Official Committee, if appointed, sole discretion); *provided that* (a) service by facsimile by such Standard Party shall not be effective; (b) parties are authorized to serve Rule 2002 Parties by e-mail; *provided further* that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available, the party shall be served by U.S. mail, overnight delivery, facsimile (if agreed by such party) or hand delivery, the choice of the foregoing being in the sole discretion of the serving party in accordance with the Case Management Procedures; and (c) any other party may agree to accept service by e-mail.  Notwithstanding the foregoing, parties may not serve Chambers by e-mail and, pursuant to Local Rule 9070-1, a hard copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, shall be submitted to the U.S. Trustee.

13. If service is authorized and completed by e-mail, paper copies of the Documents shall not be required to be served on interested parties by any other method and e-mail service shall satisfy the Court's rules for service.

14. Service by e-mail shall be effective as of the date (based on prevailing Eastern Time) the Document is sent to the e-mail address provided by a party.

15. Each Document served by e-mail shall include the entire Document, including the proposed form(s) of order and any exhibits, attachments and other relevant materials, in PDF format, readable by Adobe Acrobat or an equivalent program. The relevant Document shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Document cannot be attached to an e-mail (because of its size, technical difficulties, or otherwise), the party serving the Document may, in its sole discretion (a) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; or (b) e-mail the party being served and include a notation that the Document cannot be attached and will be (i) mailed if requested or (ii) posted on any website maintained in connection with these Chapter 11 Cases.

16. All Rule 2002 Parties must provide an e-mail for service to the Claims and Noticing Agent. The Rule 2002 Parties shall be deemed to have consented to service by e-mail, and such parties shall thereby be served in accordance with the Case Management Procedures.

17. Promptly after completion of noticing any particular matter, the party seeking relief shall file with the Court either an affidavit of service or a certification of service attaching the list of parties that received notice.

## REQUESTING NOTICE

18.     Any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Case Management Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) (a "Notice of Appearance").

19.     A Notice of Appearance shall include the following information: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the requesting party may be served; and (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied.

20.     Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery or facsimile, in the sole discretion of the serving party in accordance with the Case Management Procedures.

## SCHEDULING OF HEARINGS

21.     The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("Omnibus Hearings") at which Pleadings and other matters shall be heard. Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.  The Court shall schedule additional Omnibus Hearings on request of the Debtors, and, upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearing on the Case Website.  Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

22.     Pre-trial conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; *provided that* initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on a date that is at least thirty (30) days after the filing of the complaint.

23.     Pleadings filed in, and trials related to, adversary proceedings shall be scheduled upon request of a party to the adversary proceeding and approval of the Court.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.  If a briefing schedule cannot be agreed upon, the parties to the adversary proceeding shall appear at the next scheduled pre-trial conference or some other date set by the Court.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by letter, filed electronically on the Court's website, http://ecf.nysb.uscourts.gov, setting forth the issues to be presented in the summary judgment motion.

24.     Hearings on Pleadings (other than Pleadings filed in adversary proceedings, which shall comply with paragraph twenty-three (23) above) must be scheduled for an Omnibus Hearing except as permitted under the Expedited Relief Procedures (as defined below).  Notwithstanding the foregoing, hearings on Pleadings may thereafter be rescheduled by the moving parties for a date other than an Omnibus Hearing date through coordination with the Court and the filing and service of a notice of such adjournment on the docket.

25.     If a Document is filed and purports to set a hearing date inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court order, for

the first applicable Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended.

26.     If a movant or applicant determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact opposing counsel by telephone requesting that the motion or application be considered on an expedited basis (the "Expedited Relief Procedures").  If the opposing counsel disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by e-mail and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, and the parties' counsel to discuss the disagreement.  If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, schedule an expedited hearing.  The parties shall otherwise comply with the procedures set forth on the Chambers website: http://www.nysb.uscourts.gov/content/judge-sean-h-lane.

27.     If a Motion to extend the time to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

**FILING DEADLINES**

28.     Except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b), Pleadings filed in adversary proceedings, or the Presentment Procedures (as defined below), Pleadings shall not be considered unless filed, noticed, and served in accordance with the Case Management Procedures at least fourteen (14) calendar days before the applicable hearing date; *provided that* if a Particularized Interest Party is served (a) by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next

applicable hearing; or (b) by overnight delivery, the Pleading must be filed and served at least

fifteen (15) calendar days before the next applicable hearing; *provided further* that any applications

submitted pursuant to Rule 2016(a) is subject to notice of twenty-eight (28) calendar days before

the applicable hearing date; *provided further* that subject to the Expedited Relief Procedures,

nothing in the Case Management Procedures shall prejudice the right of any party to move the

Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b)

and 9006(c).

29.     If a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)–(b), the relevant

hearing shall be set after the passage of the time period set forth in such rule; *provided that* pursuant

to Bankruptcy Rule 9006(f), if service is by overnight delivery or U.S. mail, one (1) or three (3)

calendar days, respectively, shall be added to the time period set forth in Bankruptcy Rule 2002(a)

or (b).

30.     Notwithstanding anything contained herein, a party may settle or present a

proposed order for approval by the Court as provided by Local Rule 9074-1; *provided that* the

presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar

administrative or standard order, must be filed and served at least seven (7) calendar days before

the presentment date and Objections thereto must be filed and served at least one (1) calendar day

before the presentment date (the "Presentment Procedures"), and the presenting party shall comply

with the procedures on the Chambers' website: http://www.nysb.uscourts.gov/content/judge-sean-

h-lane.

31.     The deadline to file an Objection to any Pleading, including any joinder to an

Objection, or any statement in respect of a Pleading (the "Objection Deadline") shall be

(a) 4:00 p.m. (prevailing Eastern Time) on the date that is seven (7) calendar days before the

applicable hearing date; or (b) any date and time otherwise ordered by the Court; *provided that* if a Pleading is filed in advance of the deadline for the filing of a Pleading as described above (the "Filing Deadline"), then the Objection Deadline for such Pleading may be set for a date that is more than seven (7) calendar days before the applicable hearing date, such date being equal to seven (7) calendar days plus the number of calendar days such Pleading was filed in advance of the Filing Deadline; *provided further* that notwithstanding anything to the contrary herein, filed statements in support of Pleadings (other than Objections) may be filed by the Reply Deadline (defined below).  The Objection Deadline may be extended with the consent of the movant or applicant.  An Objection will not be considered timely unless filed with the Court and received by the Standard Parties in accordance with the manner of service prescribed herein on or before the applicable Objection Deadline.  All parties filing an Objection (x) shall include their telephone and facsimile numbers (if available) in the signature block on the last page of the Objection; and (y) are required to attend the hearing, and failure to appear may result in the relief being granted or denied upon default.

32.    Unless otherwise ordered by the Court, Replies, if any, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (Prevailing Eastern Time) on the business day prior to the date of the applicable hearing (the "Reply Deadline").

33.    Sur-replies shall not be permitted or considered unless authorized by the Court.

## MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY AND/OR TO COMPEL ASSUMPTION OR REJECTION OF AN EXECUTORY CONTRACT

34.    Notwithstanding anything contained herein, motions (a) for relief from the automatic stay ("Stay Relief Motions") in accordance with section 362 of the Bankruptcy Code or (b) to compel assumption or rejection of an executory contract, shall be noticed for consideration

on the Omnibus Hearing Date that is at least twenty-one (21) days after the motion is filed and notice thereof is served upon the Debtors. Unless otherwise ordered by the Court, the objection deadline with respect thereto shall be 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days prior to the applicable hearing.

35.     Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

## HEARING PROCEDURES

36.     The initial hearing on all Pleadings will be a non-evidentiary hearing, unless: (a) the motion is of a type specified in Local Rule 9014-2(b), (c), (d) or (e); or (b) the Court otherwise directs in advance of or at such initial hearing. If, upon or after the filing of a motion, any party seeks an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate. In the absence of an agreement, the Court will consider requests for an evidentiary hearing by conference call initiated by an e-mail request to Chambers. Notwithstanding Local Rule 9014-2, the Court may, upon advance request and for cause shown, order that the initial hearing on a motion of the type specified in Local Rule 9014-2(c), (d) or (e) will be a non-evidentiary hearing. Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate on motions subject to Local Rule 9014-2(c), (d) or (e).

37.     Concurrently with any determination that an evidentiary hearing is necessary or desirable, Chambers must be notified with an estimate of expected trial time; parties may be informed that a different return date is necessary if the available time on the requested day is sufficient.  Any motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

38.     A request for relief in a Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline, the attorney for the entity who has filed the Pleading (a) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures (the "Certificate of No Objection"); (b) serves the Certificate of No Objection via e-mail upon the attorneys for the Debtors, the U.S. Trustee, and any Official Committee prior to submission thereof to the Court; and (c) delivers by e-mail to Chambers the proposed order (in Word or WordPerfect format only), the Certificate of No Objection, the underlying request for relief (with all exhibits), and the certificate of service. Upon receipt of the foregoing, the Court may grant the relief requested in the Pleading without further submission, hearing or request.  If the Court does not grant the relief, the Pleading will be heard at the next Omnibus Hearing; *provided that* if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

39.     In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully

litigated), the Court may approve the settlement at the hearing without further notice of the terms

of the settlement.   In the event the Court determines that additional or supplemental notice is

required, the Debtors or other moving party shall serve such notice in accordance with the Case

Management Procedures set forth herein and a hearing to consider such settlement shall be on the

next hearing day deemed appropriate by the Court.

### **FORM OF DOCUMENTS**

40.     A "Notice of Hearing" shall be affixed to all Pleadings and shall include the

following: (a) the title of the Pleading; (b) the parties upon whom any Objection to the Pleading is

required to be served; (c) the date and time of the applicable Objection Deadline; (d) the date of

the Omnibus Hearing at which the Pleading shall be considered by the Court; and (e) a statement

that the relief requested may be granted without a hearing if no Objection is timely filed and served

in accordance with these Case Management Procedures.

41.     The applicable Objection Deadline and hearing date shall also appear in the upper

right corner of the first page of the Notice of Hearing and on the upper right corner of the first page

of each Pleading and each Objection thereto.

42.     Nothing in these Case Management Procedures shall prejudice the right of any

party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect

any entity with respect to a trade secret or confidential research, development, or commercial

information or to protect a person with respect to scandalous or defamatory matter contained in a

Document filed in these cases.

### **DISCOVERY AND EVIDENCE**

43.     Expedited discovery in contested matters in these Chapter 11 Cases is authorized

without further Court order.   This authorization is without prejudice to the rights of any party or

witness to seek protective order relief if the time to respond or appear, or the burden of the

requested discovery, is unreasonable or for other cause shown.  Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation.  Document requests by letter, facsimile (if available), or e-mail (if available) are authorized.

44.     Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers initiated by an e-mailed request to Chambers.  Such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves.  Unless otherwise ordered by the Court, no Motion with respect to a discovery or due diligence dispute may be filed unless the parties have first conferred in good faith to resolve it and also sought to resolve the matter by conference call with the Court.

45.     Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in these Chapter 11 Cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit or declaration under penalty of perjury, and all cross-examination and subsequent examination will be taken live.  Unless otherwise ordered by the Court, all affidavits/declarations and any designated testimony must be submitted to the adversary and the Court no later than three (3) business days before the hearing.

46.     Parties may, if they are so advised, introduce the testimony of witnesses who can reasonably be expected not to be cooperative (such as employees or agents of adversaries) by calling them as adverse witnesses and taking their testimony on "adverse direct."  The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is

at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis.  In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses.  The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three (3) business days before the hearing.

## **MISCELLANEOUS**

47.    By approximately 12:00 p.m. (Prevailing Eastern Time) on the day before a scheduled hearing or Omnibus Hearing, the Debtors shall file with the Court a letter (the "Agenda Letter") setting forth each matter to be heard at the hearing (the letter may be updated after the initial submission if necessary) and shall serve the letter(s), by e-mail or facsimile on: (i) Chambers; (ii) the Standard Parties; (iii) the U.S. Trustee; (iv) the attorneys for any Statutory Committee, if appointed; and (v) any parties filing Documents to be heard at the hearing; *provided that* an Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours' notice of a hearing.

48.    Matters listed on the Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

49.    Pursuant to the Court's General Order M-543, all hearings and conferences will be conducted telephonically pending further order of the Court.  Any party wishing to appear in person at a hearing or conference shall file or submit an appropriate motion or request, which will be considered by the Court.

50.     Parties participating in a hearing by telephone must request permission from Chambers by e-mail and notify attorneys for the Debtors at least forty-eight (48) hours prior to the scheduled hearing or as soon as practicable where parties have less than forty-eight (48) hours' notice of a hearing.  The party participating telephonically must arrange such telephonic participation with Court Solutions, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to these chapter 11 cases.

51.     Motions for re-argument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it requires a response or a hearing, it will notify the parties accordingly.

52.     Any party in interest may seek to amend the Case Management Procedures from time to time throughout these Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

53.     Within three (3) business days of entry of this Order, the Claims and Noticing Agent shall serve a copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

54.     To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the Case Management Procedures shall govern these Chapter 11 Cases.

55.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2023
      White Plains, New York

_____

The Honorable Sean H. Lane
United States Bankruptcy Judge

**EXHIBIT B**
**Blackline of the Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (——SHL) |
| Debtors. | Joint Administration Pending |

## ORDER IMPLEMENTING CERTAIN
## NOTICE AND CASE MANAGEMENT PROCEDURES

Upon the motion (the "<u>Motion</u>")[2] of Genesis Global Holdco, LLC and the affiliated debtors

and debtors-in-possession in the above-captioned cases (collectively, the "<u>Debtors</u>" and the cases,

the "<u>Chapter 11 Cases</u>"), pursuant to sections 102(1), 105(a) and 105(d) of title 11 of the United

States Code (the "<u>Bankruptcy Code</u>") and Rules 1015(c), 2002(m), 9007 and 9036 of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 9074-1 of the Local Bankruptcy

Rules for the Southern District of New York (the "<u>Local Rules</u>") and the Bankruptcy Court's

General Order M-399 for an order (this "<u>Order</u>") approving and implementing the notice, case

management, and administrative procedures therein (collectively, the "<u>Case Management</u>

<u>Procedures</u>"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider

the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or the First Day Declarations, as applicable.

due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declarations, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED as provided herein.

2.    The Case Management Procedures set forth herein are approved and shall govern all aspects of these Chapter 11 Cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties.

3.    The Debtors' Claims and Noticing Agent is authorized, but not directed, to establish a case website (the "Case Website"), where, among other things, the Case Management Procedures, and also key dates and information about these Chapter 11 Cases, will be posted.  In the event the Case Management Procedures are modified during these Chapter 11 Cases, the Debtors will ensure that an updated version of the Case Management Procedures are available on the Case Website and will file notices of the same on the Court's electronic filing system.

4.    The Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and this Court's Chamber Rules shall continue to apply to all

due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the First Day Declarations, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED as provided herein.

2.      The Case Management Procedures set forth herein are approved and shall govern all aspects of these Chapter 11 Cases, except as otherwise ordered by the Court or agreed to by mutual consent of the parties.

3.      The Debtors' Claims and Noticing Agent is authorized, but not directed, to establish a case website (the "Case Website"), where, among other things, the Case Management Procedures, and also key dates and information about these Chapter 11 Cases, will be posted.  In the event the Case Management Procedures are modified during these Chapter 11 Cases, the Debtors will ensure that an updated version of the Case Management Procedures are available on the Case Website and will file notices of the same on the Court's electronic filing system.

4.      The Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York and this Court's Chamber Rules shall continue to apply to all

proceedings in these Chapter 11 Cases, except to the extent that any provision of this Order by its terms supersedes or is inconsistent with such rules.

**FILING OF DOCUMENTS**

5.      All documents filed in these Chapter 11 Cases, including but not limited to all notices, motions, applications, other requests for relief and documents filed in support thereof (collectively, the "Pleadings"), objections or responses to Pleadings ("Objections") and replies to Objections (the "Replies," and together with the Pleadings and the Objections, the "Documents") shall be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (——SHL) (the "Docket"), pursuant to the Court's General Order M-399 (available at www.nysb.uscourts.gov/sites/default/files/m399.pdf), by users of the Court's electronic filing system in searchable portable document format ("PDF"), Microsoft Word or any other ~~Windows- based~~Windows-based word processing format. ~~Further, pursuant to Local Rule 9070-1, all Documents (other than proofs of claim) shall be: (a) until further order of the Court, delivered via email to the chambers of the Honorable Judge [[●]], United States Bankruptcy Court for the Southern District of New York no later than the next business day following the date on which such Document is electronically filed; and (b) at least one hard copy shall be delivered by first class mail or by email to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, NY 10004 (Attn: Greg Zipes, Esq.).~~

6.      Unless prior permission has been granted, moving and responsive briefs shall be no more than forty (40) pages in length, and reply briefs shall be no more than ~~fifteen~~twenty (~~15~~20) pages, exclusive of the table of contents and table of authorities.  All Documents shall be double-spaced, 12-point font, with margins of at least one inch and submitted in text searchable format.

Briefs or memoranda of ~~ten~~fifteen (~~10~~15) pages or more shall contain a table of contents, headings and a table of authorities.

~~7. All Documents shall be filed electronically with the Court using the Court's Electronic Filing System and served via email, other than service of a summons and complaint in an adversary proceeding or documents filed under seal or parties who have filed the Certification in paragraph 14 hereof, or as provided in paragraph 15, which shall be deemed to constitute proper service for all parties who are sent such email;~~ *provided, however,* ~~that Documents shall be served on the Master Service List by email and by first class mail.~~

7. ~~8.~~ Parties are required to provide to chambers hard copies of every pleading, with exhibits, unless chambers specifies otherwise.

## PARTIES ENTITLED TO SERVICE OF DOCUMENTS

8. ~~9.~~ All Documents shall be served, in the manner described herein, on the following parties (collectively, the "Standard Parties"):

(a) the Chambers of the Honorable ~~————————~~Sean H. Lane ("Chambers"), United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004;

(b) the Debtors, c/o Genesis Global Holdco, LLC, 250 Park Avenue South, 5th Floor, New York, NY 10003 (Attn: Arianna Pretto-Sakmann, Esq.);

(c) Cleary Gottlieb, 1 Liberty Plaza, New York, NY 10006 (Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.), proposed counsel for the Debtors;

(d) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, ~~201 Varick Street, Room 1006~~Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY ~~10014~~10004 (Attn: Greg Zipes, Esq.) (the "U.S. Trustee");

(e) the attorneys for any official committee(s) that may be appointed in these Chapter 11 Cases (an "Official Committee"); and

(f) any person or entity with a particularized interest in the subject matter of a certain Document (each, a "Particularized Interest Party").

4

9.    ~~10.~~ In addition to being served on the Standard Parties, Pleadings, but no other Documents, must be served on all persons and entities that have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002 and the Case Management Procedures (the "Rule 2002 Parties").  Documents filed in adversary proceedings do not need to be served on the Rule 2002 Parties.

10.    ~~11.~~ The Claims and Noticing Agent shall maintain a master service list (the "Master Service List"), which shall include the Standard Parties and the Rule 2002 Parties (other than the Particularized Interest Parties).  The Master Service List shall contain addresses and e-mail addresses.  The Claims and Noticing Agent shall use reasonable efforts to update the Master Service List as often as practicable, but in no event less frequently than every thirty (30) days.  The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting the Claims and Noticing Agent directly, or (iii) contacting the Debtors' counsel directly.

11.    ~~12.~~ The proceedings with respect to which notice is limited to the Master Service List (including any person or entity with a particularized interest in the subject matter of the Document) shall include all matters covered by Bankruptcy Rule 2002, with the express exception of the following: (a) notices of (i) a meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c) and (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and a chapter 11 plan; and (b) notice and transmittal of ballots for accepting or rejecting a chapter 11 plan, which notices would be given in accordance with Bankruptcy Rule 2002 and other applicable Bankruptcy Rules, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

## METHOD OF SERVICE OF DOCUMENTS

12. ~~13.~~ Parties shall serve Documents on the Master Service List by U.S. mail, overnight delivery, hand delivery or e-mail (the choice of the foregoing being in the Debtors' or Official Committee, if appointed, sole discretion); *provided that* (a) service by facsimile by such Standard Party shall not be effective; (b) parties are authorized to serve Rule 2002 Parties by e-mail; *provided further* that if a party entitled to notice of a Pleading does not have an e-mail address or an e-mail address is not available, the party shall be served by U.S. mail, overnight delivery, facsimile (if agreed by such party) or hand delivery, the choice of the foregoing being in the sole discretion of the serving party in accordance with the Case Management Procedures; and (c) any other party may agree to accept service by e-mail.  Notwithstanding the foregoing, parties may not serve Chambers by e-mail and, pursuant to Local Rule 9070-1, a hard copy of all papers filed with the Court, including those filed electronically, other than proofs of claim, shall be submitted to the U.S. Trustee.

~~14. Any party requesting to be added to the Rule 2002 Parties list who does not maintain (and cannot practicably) obtain an email address and therefore cannot receive service by email must include in their request a certification to that effect (each, a "Certification").  A Certification shall include a statement certifying that the party (a) does not maintain an email address and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive paper service in accordance with the Case Management Procedures.~~

~~15. If a request to be added to the Rule 2002 Parties list fails to include an email address or a Certification, the Debtors shall forward a copy of the Case Management Procedures to such party within five business days of request of an email address.  If no email address or Certification is provided in response to such request, such party shall not be added to the Rule 2002 Parties list or served with copies of Documents unless such Documents directly affect such party.~~

16. Each party submitting a request to be added to the Rule 2002 Parties list is responsible for filing with the Court an updated request, as necessary, to reflect changes to any notice information and must serve a copy of such updated request upon the Debtors.

17. To the extent a Particularized Interest Party's email address is not available, the Debtors (or any other party filing Documents) shall serve such Particularized Interest Party with paper copies by first class mail or private mail service.

13.    18. If service is authorized and completed by e-mail, paper copies of the Documents shall not be required to be served on interested parties by any other method and e-mail service shall satisfy the Court's rules for service.

14.    19. Service by e-mail shall be effective as of the date (based on prevailing Eastern Time) the Document is sent to the e-mail address provided by a party.

15.    20. Each Document served by e-mail shall include the entire Document, including the proposed form(s) of order and any exhibits, attachments and other relevant materials, in PDF format, readable by Adobe Acrobat or an equivalent program.  The relevant Document shall either be attached to the e-mail in a format specified above or the e-mail shall contain a link to such filing in such format.  Notwithstanding the foregoing, if a Document cannot be attached to an e-mail (because of its size, technical difficulties, or otherwise), the party serving the Document may, in its sole discretion (a) serve the entire Document by U.S. Mail or overnight delivery, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; or (b) e-mail the party being served and include a notation that the Document cannot be attached and will be (i) mailed if requested or (ii) posted on any website maintained in connection with these Chapter 11 Cases.

16.    21. All Rule 2002 Parties must provide an e-mail for service to the Claims and Noticing Agent.  The Rule 2002 Parties shall be deemed to have consented to service by e-mail, and such parties shall thereby be served in accordance with the Case Management Procedures.

17.    22. Promptly after completion of noticing any particular matter, the party seeking relief shall file with the Court either an affidavit of service or a certification of service attaching the list of parties that received notice.

**REQUESTING NOTICE**

18.    23. Any creditor, equity interest holder, or party in interest that wishes to receive notice in these cases and is not otherwise entitled to notice pursuant to these Case Management Procedures shall file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b) (a "Notice of Appearance").

19.    24. A Notice of Appearance shall include the following information: (a) the party's name and address; (b) the name of the client, if applicable; (c) an e-mail address at which the requesting party may be served; and (d) an address by which the requesting party may be served by U.S. mail, hand delivery and overnight delivery.  Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these cases shall have any effect unless the foregoing requirements are satisfied.

20.    25. Any individual or entity filing a Notice of Appearance who does not maintain and cannot practicably obtain an e-mail address must include in its notice of appearance a certification stating the same.  Notice will be provided to these individuals or entities by U.S. mail, overnight delivery or facsimile, in the sole discretion of the serving party in accordance with the Case Management Procedures.

## <u>SCHEDULING OF HEARINGS</u>

26. The Debtors shall be authorized to schedule, in cooperation with the Court, periodic omnibus hearings ("<u>Omnibus Hearings</u>") at which Pleadings and other matters shall be heard. Upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearings on the Case Website.

27. The Court shall schedule additional Omnibus Hearings on request of the Debtors, and, upon scheduling, the Claims and Noticing Agent shall post the date of the Omnibus Hearing on the Case Website.  Entities may contact the Claims and Noticing Agent for information concerning all scheduled Omnibus Hearings.

21.    28. Pre-trial conferences for adversary proceedings shall be scheduled on Omnibus Hearing dates; *provided that* initial pre-trial conferences scheduled in connection with adversary proceedings involving the Debtors shall be set on a date that is at least thirty (30) days after the filing of the complaint.

22.    29. Pleadings filed in, and trials related to, adversary proceedings shall be scheduled upon request of a party to the adversary proceeding and approval of the Court.  After a hearing date has been set by the Court, unless otherwise ordered by the Court, the parties to the adversary proceeding shall confer and agree upon a briefing schedule for all adversary matters, which shall be submitted for approval of the Court.  If a briefing schedule cannot be agreed upon, the parties to the adversary proceeding shall appear at the next scheduled pre-trial conference or some other date set by the Court.  Pursuant to Local Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference should be made by letter, filed electronically on the Court's website, http://ecf.nysb.uscourts.gov, setting forth the issues to be presented in the summary judgment motion, with a copy sent to Chambers.

23.    30. Hearings on Pleadings (other than Pleadings filed in adversary proceedings, which shall comply with paragraph twenty-ninthree (2923) above) must be scheduled for an Omnibus Hearing except as permitted under the Expedited Relief Procedures (as defined below). Notwithstanding the foregoing, hearings on Pleadings may thereafter be rescheduled by the moving parties for a date other than an Omnibus Hearing date through coordination with the Court and the filing and service of a notice of such adjournment on the docket.

24.    31. If a Document is filed and purports to set a hearing date inconsistent with the Case Management Procedures, the hearing shall be scheduled, without the necessity of Court order, for the first applicable Omnibus Hearing date after the applicable notice period has expired and all applicable deadlines shall be accordingly extended.

25.    32. If a movant or applicant determines that a motion or application requires emergency or expedited relief, the movant or applicant shall contact opposing counsel by telephone requesting that the motion or application be considered on an expedited basis (the "Expedited Relief Procedures").  If the opposing counsel disagrees with the movant or applicant's determination regarding the emergency or expedited nature of the relief requested, the movant or applicant shall (i) inform the Court of the disagreement by e-mail and thereafter (ii) arrange for a chambers conference, telephonic or in-person, to be held among the Court, and the parties' counsel to discuss the disagreement.  If the Court agrees with the position of the movant or applicant regarding the necessity for expedited consideration, the movant or applicant, may, by order to show cause, schedule an expedited hearing.  Generally, if the Court believes that an expedited hearing may be warranted, it will direct the movant or applicant to file a notice scheduling a hearing on (a) the request for expedited determination and (b) the underlying request for relief to occur on

the same day.  The parties shall otherwise comply with the procedures set forth on the Chambers website: http://www.nysb.uscourts.gov.http://www.nysb.uscourts.gov/content/judge-sean-h-lane.

26.    33. If a Motion to extend the time to take any action is filed consistent with this Order before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules or the provisions of any order entered by this Court, the time shall automatically be extended until the Court acts on the Motion, without the necessity for the entry of a bridge order.

**FILING DEADLINES**

27.    34. Except as provided with respect to Pleadings requesting relief pursuant to Bankruptcy Rules 2002(a)-(b), Pleadings filed in adversary proceedings, or the Presentment Procedures (as defined below), Pleadings shall not be considered unless filed, noticed, and served in accordance with the Case Management Procedures at least fourteen (14) calendar days before the applicable hearing date; *provided that* if a Particularized Interest Party is served (a) by U.S. mail, the Pleading must be filed and served at least seventeen (17) calendar days before the next applicable hearing; or (b) by overnight delivery, the Pleading must be filed and served at least fifteen (15) calendar days before the next applicable hearing; *provided further* that any applications submitted pursuant to Rule 2016(a) is subject to notice of twenty-eight (28) calendar days before the applicable hearing date; *provided further* that subject to the Expedited Relief Procedures, nothing in the Case Management Procedures shall prejudice the right of any party to move the Court to request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) and 9006(c).

28.    35. If a Pleading requests relief pursuant to Bankruptcy Rules 2002(a)–(b), the relevant hearing shall be set after the passage of the time period set forth in such rule; *provided that* pursuant to Bankruptcy Rule 9006(f), if service is by overnight delivery or U.S. mail, one (1)

or three (3) calendar days, respectively, shall be added to the time period set forth in Bankruptcy

Rule 2002(a) or (b).

29.  36. Notwithstanding anything contained herein, a party may settle or present a

proposed order for approval by the Court as provided by Local Rule 9074-1; *provided that* the

presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar

administrative or standard order, must be filed and served at least seven (7) calendar days before

the presentment date and Objections thereto must be filed and served at least one (1) calendar day

before the presentment date (the "Presentment Procedures"), and the presenting party shall comply

with the procedures on the Chambers' website: http://www.nysb.uscourts.gov, including that after

the applicable objection period has passed, if no timely objection has been filed, the underlying

motion, the certificate of service and an electronic version of the proposed order in Word or

WordPerfect format should be e-mailed to Chambers.   The cover note must contain a

representation that (i) the movant sought relief by notice of presentment and (ii) the objection

period has passed and no objections were filed./content/judge-sean-h-lane.

30.  37. The deadline to file an Objection to any Pleading, including any joinder to an

Objection, or any statement in respect of a Pleading (the "Objection Deadline") shall be

(a) 4:00 p.m. (prevailing Eastern Time) on the date that is seven (7) calendar days before the

applicable hearing date; or (b) any date and time otherwise ordered by the Court; *provided that* if

a Pleading is filed in advance of the deadline for the filing of a Pleading as described above (the

"Filing Deadline"), then the Objection Deadline for such Pleading may be set for a date that is

more than seven (7) calendar days before the applicable hearing date, such date being equal to

seven (7) calendar days plus the number of calendar days such Pleading was filed in advance of

the Filing Deadline; *provided further* that notwithstanding anything to the contrary herein, filed

statements in support of Pleadings (other than Objections) may be filed by the Reply Deadline (defined below).  The Objection Deadline may be extended with the consent of the movant or applicant.  An Objection will not be considered timely unless filed with the Court and received by the Standard Parties in accordance with the manner of service prescribed herein on or before the applicable Objection Deadline.  All parties filing an Objection (x) shall include their telephone and facsimile numbers (if available) in the signature block on the last page of the Objection; and (y) are required to attend the hearing, and failure to appear may result in the relief being granted or denied upon default.

31.    38. Unless otherwise ordered by the Court, Replies, if any, shall be filed with the Court and served in accordance with these Case Management Procedures on or before 12:00 p.m. (Prevailing Eastern Time) on the business day prior to the date of the applicable hearing (the "Reply Deadline").

39. Failure to file an Objection by the Objection Deadline may cause the Court to disregard the Objection unless an Objection Deadline extension was agreed to between the parties pursuant to paragraph 37.

32.    40. Sur-replies shall not be permitted or considered unless authorized by the Court.

### MOTIONS FOR RELIEF FROM THE AUTOMATIC STAY AND/OR TO COMPEL ASSUMPTION OR REJECTION OF AN EXECUTORY CONTRACT

33.    41. Notwithstanding anything contained herein, motions (a) for relief from the automatic stay ("Stay Relief Motions") in accordance with section 362 of the Bankruptcy Code or (b) to compel assumption or rejection of an executory contract, shall be noticed for consideration on the Omnibus Hearing Date that is at least twenty-one (21) days after the motion is filed and notice thereof is served upon the Debtors.  Unless otherwise ordered by the Court, the objection

deadline with respect thereto shall be 4:00 p.m. (Prevailing Eastern Time) on the date that is seven (7) calendar days prior to the applicable hearing.

34. 42. Notwithstanding section 362(e) of the Bankruptcy Code, if a Stay Relief Motion is scheduled, in accordance with this Order, for, or adjourned to, a hearing date that falls on or after the thirtieth (30th) day after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code, and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**TELEPHONIC APPEARANCES**

43. Paragraphs 43 through 47 hereof are subject to any General Order subsequently issued by the United States Bankruptcy Court for the Southern District of New York, or separate order by this Court.

44. If a party desires to participate in a hearing by telephone or Zoom, such party must register with Court Solutions LLC. Parties that wish to listen in on a hearing are not required to receive approval from Chambers prior to registering with Court Solutions LLC, or to be admitted to the court or to be admitted *pro hac vice*. Parties participating by phone or Zoom must put their phones or lines on "mute," except when they need to be heard, and are not to put their phones on "hold" in any circumstances.

45. Parties that wish to make a telephonic appearance in order to speak or make argument are required to receive permission from Chambers prior to registering with Court Solutions LLC. Parties seeking permission to participate telephonically must call Chambers at least two (2) business days prior to the hearing or as soon as reasonably practicable if such hearing is scheduled on less than two (2) business days' notice, and should be prepared to provide the following

information: (i) Name of party that the attorney is representing, (ii) the motion on which the attorney intends to argue, and (iii) the reason that a telephonic appearance is necessary. A party who wishes to participate via a listen-only telephone line may do so without requesting permission from Chambers by registering with Court Solutions at www.Court-Solutions.com.

46. Counsel and *pro se* parties are not permitted to participate telephonically for any hearings of an evidentiary nature, including the examination of witnesses or the submission of evidence.

47. If Chambers permits telephonic participation, the party participating telephonically must arrange such telephonic participation with Court Solutions LLC, adhering to the Case Management Procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by Chambers.

### HEARING PROCEDURES

35. 48. The initial hearing on all Pleadings will be a non-evidentiary hearing, unless: (a) the motion is of a type specified in Local Rule 9014-2(b), (c), (d) or (e); or (b) the Court otherwise directs in advance of or at such initial hearing. If, upon or after the filing of a motion, any party seeks an evidentiary hearing on a motion not covered under Local Rule 9014-2, such party must confer with all other parties involved to determine whether there is agreement that an evidentiary hearing is appropriate. In the absence of an agreement, the Court will consider requests for an evidentiary hearing by conference call initiated by an e-mail request to Chambers. Notwithstanding Local Rule 9014-2, the Court may, upon advance request and for cause shown, order that the initial hearing on a motion of the type specified in Local Rule 9014-2(c), (d) or (e) will be a non-evidentiary hearing. Generally, interests of judicial economy and the absence of disputed material issues of fact will collectively suggest that a non-evidentiary hearing is appropriate on motions subject to Local Rule 9014-2(c), (d) or (e).

36.    Concurrently with any determination that an evidentiary hearing is necessary or desirable, Chambers must be notified with an estimate of expected trial time; parties may be informed that a different return date is necessary if the available time on the requested day is sufficient.  Any motion noticed as an evidentiary hearing must prominently state, just below the return date in the upper right-hand corner, "Evidentiary Hearing Requested."

37.    49. A request for relief in a Pleading may be granted without a hearing provided that, after the passage of the Objection Deadline, the attorney for the entity who has filed the Pleading (a) files a declaration pursuant to 28 U.S.C. § 1746 indicating that no Objection has been filed or served in accordance with these Case Management Procedures (the "Certificate of No Objection"); (b) serves the Certificate of No Objection via e-mail upon the attorneys for the Debtors, the U.S. Trustee, and any Official Committee prior to submission thereof to the Court; and (c) delivers by e-mail to Chambers the proposed order (in Word or WordPerfect format only), the Certificate of No Objection, the underlying request for relief (with all exhibits), and the certificate of service.  Upon receipt of the foregoing, the Court may grant the relief requested in the Pleading without further submission, hearing or request.  If the Court does not grant the relief, the Pleading will be heard at the next Omnibus Hearing; *provided that* if the Court does not grant the relief requested in a Pleading without a hearing, such action shall not constitute an extension of the objection deadline related thereto, unless otherwise agreed between the Debtors and the party seeking relief.

38.    50. In the event a matter is properly noticed for hearing and the parties reach agreement on a settlement of the dispute prior to the final hearing, the parties may announce the settlement at the scheduled hearing.  In the event the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the

settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.  In the event the Court determines that additional or supplemental notice is required, the Debtors or other moving party shall serve such notice in accordance with the Case Management Procedures set forth herein and a hearing to consider such settlement shall be on the next hearing day deemed appropriate by the Court.

**FORM OF DOCUMENTS**

39.    A "Notice of Hearing" shall be affixed to all Pleadings and shall include the following: (a) the title of the Pleading; (b) the parties upon whom any Objection to the Pleading is required to be served; (c) the date and time of the applicable Objection Deadline; (d) the date of the Omnibus Hearing at which the Pleading shall be considered by the Court; and (e) a statement that the relief requested may be granted without a hearing if no Objection is timely filed and served in accordance with these Case Management Procedures.

40.    The applicable Objection Deadline and hearing date shall also appear in the upper right corner of the first page of the Notice of Hearing and on the upper right corner of the first page of each Pleading and each Objection thereto.

41.    52. Nothing in these Case Management Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in these cases.

**DISCOVERY AND EVIDENCE**

42.    53. Expedited discovery in contested matters in these Chapter 11 Cases is authorized without further Court order.  This authorization is without prejudice to the rights of any

party or witness to seek protective order relief if the time to respond or appear, or the burden of the requested discovery, is unreasonable or for other cause shown.  Parties are expected to work informally and cooperatively to effect any necessary discovery, with due recognition of the time exigencies that are typical in bankruptcy litigation.  Document requests by letter, facsimile (if available), or e-mail (if available) are authorized.

43.    54. Parties are required in the first instance to resolve discovery and due diligence disputes by negotiation in good faith and, if necessary, a conference call with the Court without submission of papers initiated by an e-mailed request to Chambers.  Such calls will not be scheduled until and unless the parties have first tried and failed to resolve the disputed matters themselves.  Unless otherwise ordered by the Court, pursuant to Local Rule 7007-1(b),no Motion with respect to a discovery motionsor due diligence dispute may not be filed untilunless the parties have (a)first conferred among themselvesin good faith to resolve it and also sought to resolve the dispute and (b) participated in amatter by conference call with the Court.  Parties should contact Chambers to schedule a conference.

44.    55. Except as otherwise ordered by the Court for cause shown before the hearing, all direct testimony in contested matters in these Chapter 11 Cases, other than duly designated deposition testimony and testimony by witnesses not under the party's reasonable control, must be submitted by affidavit or declaration under penalty of perjury, and all cross-examination and subsequent examination will be taken live.  Unless otherwise ordered by the Court, all affidavits/declarations and any designated testimony must be submitted to the adversary and the Court no later than three (3) business days before the hearing.

45.    56. Parties may, if they are so advised, introduce the testimony of witnesses who can reasonably be expected not to be cooperative (such as employees or agents of adversaries) by

calling them as adverse witnesses and taking their testimony on "adverse direct." The Court will generally regard taking direct testimony "live" as appropriate if, but only if, matters of credibility are important in the particular case, and credibility on direct, as well as after cross-examination, is at issue; the Court generally will regard "live" direct as inappropriate where the bulk of the testimony is historical or involves more than minimal discussion of accounting information or other financial or numerical analysis. In any instances where direct testimony will proceed "live," the proponent(s) of such testimony will be responsible for so advising Chambers in advance and taking such steps (*e.g.*, subpoenas) as are necessary to secure the attendance of any non-cooperating witnesses. The parties shall also meet and confer to agree on the admissibility of as many proposed exhibits as possible and shall submit a joint exhibit book to Chambers no later than three (3) business days before the hearing.

### **MISCELLANEOUS**

46.   57. By approximately 12:00 p.m. (Prevailing Eastern Time) on the day before a scheduled hearing or Omnibus Hearing, the Debtors shall file a proposed agenda ("Proposed Hearing Agenda") with regard to thewith the Court a letter (the "Agenda Letter") setting forth each matters to be heard at the hearing or Omnibus Hearing (the Proposed Hearing Agendaletter may be updated after the initial submission if necessary) and shall serve the agendaletter(s), by e-mail onor facsimile on: (i) Chambers; (ii) the Standard Parties; (iii) the U.S. Trustee; (iv) the attorneys for any Statutory Committee, if appointed; and (v) any parties filing Documents to be heard at the hearing; *provided that* a Proposed Hearingan Agenda Letter shall not be required where the Debtors have less than forty-eight (48) hours' notice of a hearing.

58. The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel: (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the initial filing and any objections, replies or documents related thereto; (b) whether the

matters are contested or uncontested; (c) whether the matter have settled or are proposed to be continued; (d) a suggestion for the court in which the matters should be addressed; and (e) any other comments that will assist the Court.

47.    59. Matters listed on the Proposed Hearing Agenda Letter shall be limited to matters of substance and shall not include administrative filings such as notices of appearance and affidavits of service.

48.    Pursuant to the Court's General Order M-543, all hearings and conferences will be conducted telephonically pending further order of the Court.  Any party wishing to appear in person at a hearing or conference shall file or submit an appropriate motion or request, which will be considered by the Court.

49.    Parties participating in a hearing by telephone must request permission from Chambers by e-mail and notify attorneys for the Debtors at least forty-eight (48) hours prior to the scheduled hearing or as soon as practicable where parties have less than forty-eight (48) hours' notice of a hearing.  The party participating telephonically must arrange such telephonic participation with Court Solutions, adhering to the procedures for telephonic participation applicable in the United States Bankruptcy Court for the Southern District of New York, as well as those required by the Judge assigned to these chapter 11 cases.

50.    60. Motions for re-argument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it requires a response or a hearing, it will notify the parties accordingly.

51.    61. Any party in interest may seek to amend the Case Management Procedures from time to time throughout these Chapter 11 Cases and shall present such amendments to the Court by notice of presentment in accordance with this Order.

52.    ~~62.~~ Within three (3) business days of entry of this Order, the Claims and Noticing Agent shall serve a copy of this Order upon all parties on the Master Service List and post a copy of this Order on the Case Website.

53.    ~~63.~~ To the extent the Case Management Procedures conflict with the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules for the United States Bankruptcy Court for the Southern District of New York, the Case Management Procedures shall govern these Chapter 11 Cases.

54.    ~~64.~~ This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2023
       White Plains, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge