UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### INTERIM ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES ("INTERIM TAXES AND FEES ORDER")

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an interim order (this "Interim Order"), as more fully described in the Motion, authorizing the Debtors to pay certain accrued and outstanding prepetition taxes and to continue paying taxes in the ordinary course; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") filed contemporaneously herewith; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

*January 31, 2012*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. The final hearing on the Motion shall be held on February 22, 2023, at 11:00 a.m. Eastern Time.  Any objections or responses to entry of the Proposed Final Order shall be filed by February 15, 2023, at 4:00 p.m. Eastern Time and served on the following parties:  (i) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (ii) Counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.; and (iii) counsel to any statutory committee in these Chapter 11 Cases.

3. The Debtors are authorized, but not directed, to pay or remit the Taxes and Fees in the ordinary course of business without regard to whether the Taxes and Fees accrued or arose

before or after the Petition Date; provided, however, that the total aggregate amount paid due to Taxes and Fees shall not exceed $110,000.

4. All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Interim Order, whether presented prior to or after the Petition Date, in accordance with, and with the protections granted in, any order approving the Debtors' use of their cash management system filed in these Chapter 11 Cases.

5. The Debtors will provide prompt notice to the Court, the U.S. Trustee and counsel to any statutory committee appointed in these Chapter 11 Cases, via email, of any material changes to the Debtors' Taxes and Fees obligations.

6. Nothing contained in the Motion or this Interim Order shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtors, including any Taxes and Fees, or as a waiver of the Debtors' rights to dispute any claim or lien, including any Taxes and Fees.

7. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments, and the Debtors are only authorized under this Interim Order to pay amounts that are due and owing prior to the final hearing on this Motion.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

9. The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule 6003(b) and 6004(a).

10. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Interim Order shall be immediately effective and enforceable upon

its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Interim Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Interim Order.

11.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Interim Order.

Dated:  January 27, 2023                      */s/ Sean H. Lane*
        White Plains, New York          The Honorable Sean H. Lane
                                               United States Bankruptcy Judge