# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## INTERIM ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND FOREIGN VENDORS, (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH CLAIMS AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC and the affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Interim Order") (i) authorizing, but not directing, the Debtors, in their discretion, to pay all or a portion of the prepetition claims of the Critical Vendors and Foreign Vendors in the ordinary course of business; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting the Debtors such other and further relief as the Court deems just and proper, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been given under the particular circumstances, and it appearing that no other or further notice is necessary, and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

*Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter an interim order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. Objections to entry of the Final Order must be filed by February 15, 2023 at 4:00 pm. (ET) and served on: (i) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.; (ii) the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New

York, NY 10004, Attn.: Greg Zipes, Esq.; and (iii) counsel to any statutory committee appointed in these Chapter 11 Cases. A final hearing, if required, on the Motion will be held on February 22, 2023 at 11:00 a.m. (ET) (the "Final Hearing"). If no objections are filed to the Final Order, the Court may enter the Final Order without further notice or hearing.

3. The Debtors are authorized, but not directed, in their sole discretion, to continue their prepetition business operations, policies and programs and pay the prepetition amounts owed to Vendors on account of Vendor Claims on a post-petition basis in the ordinary course of business; provided, however, that any payments shall only be made as they become due, and that no payments shall be accelerated prior to the final hearing of this Motion. Pursuant to this Interim Order, payments to Vendors shall not exceed $70,000 in the aggregate, except to the extent such payments are authorized by separate order of the Court (the "Interim Vendor Cap").

4. The Debtors are authorized, but not directed, to condition payment of Vendor Claims on a Vendor's maintenance or application of Customary Terms; provided, however, that any Vendor that accepts payment pursuant to the authority granted in the Interim Order agrees to supply goods and services to the Debtors post-petition on Customary Terms or on such other favorable terms as are acceptable to the Debtors; provided further that the Debtors' inability to agree on Customary Terms shall not preclude them from paying the claim of a Vendor if the Debtors determine, in the reasonable exercise of their business judgment that such payment is necessary to the Debtors' operations.

5. If a Vendor, after receiving payment on account of a Vendor Claim, ceases to provide Customary Terms or otherwise fails to perform under a contract with a Debtor, the Debtors may, without further notice to or action, order or approval of the Bankruptcy Court, deem such payment to apply to post-petition amounts payable to such Vendor. Such Vendor shall then

immediately repay to the Debtors any payments made to it on account of its Vendor Claims to the extent that such payments exceed the post-petition amounts then owing to such Vendor, without the right of setoff or reclamation, it being the express intention of this Court to return the parties to the status quo in effect as of the date of entry of this Interim Order with respect to all prepetition Vendor Claims if a Vendor ceases to perform under any existing contract or other obligation the payments in respect of which were authorized pursuant to this Interim Order.

6. All applicable banks and other financial institutions are authorized to rely on the Debtors' direction in paying amounts under this Interim Order. Furthermore, all applicable banks and other financial institutions are authorized to (i) honor any checks drawn against the Debtors' accounts but not cleared prior to the Petition Date, (ii) complete any fund transfer requests made but not completed prior to the Petition Date and (iii) issue new post-petition checks and to make post-petition fund transfer requests to replace any prepetition checks and prepetition transfers to Vendors that may be dishonored by the banks or financial institutions.

7. The Debtors will provide the U.S. Trustee and counsel to any statutory committee appointed in these Chapter 11 Cases a list of holders of each category of Vendor Claims set forth in the Motion and the amounts owed as of the Petition Date and any amended lists, as applicable.

8. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity, priority or amount of any claim against a Debtor entity; (b) a waiver of the Debtors' or any party-in-interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code; (e) a waiver of the Debtors' or any party-in-interest's rights under the Bankruptcy Code or any other applicable law, (f) an admission as to the validity, priority,

enforceability or perfection of any lien on, security interest in or other encumbrance on property of the Debtors' estates or (g) a concession by the Debtors that any liens (contractual, common law, statutory or otherwise) that may be satisfied pursuant to the relief granted in this Interim Order are valid, and the rights of all parties-in-interest are expressly reserved to contest the extent, validity or perfection or seek avoidance of all such liens.

9. None of the Debtors, their officers, directors, attorneys or agents will have any liability on account of any decision by the Debtors not to pay a Vendor Claim.

10. Nothing in this Motion or Interim Order shall increase, reclassify or elevate to administrative expense status or otherwise affect any Vendor Claims to the extent that they are not paid.

11. Nothing in the Motion or this Interim Order shall be deemed to authorize the Debtors to accelerate any payments, and the Debtors are only authorized under this Interim Order to pay amounts that are due and owing prior to the final hearing on this Motion.

12. Nothing in the Motion or this Interim Order, nor the Debtors' actions in executing this Interim Order, is intended or shall be construed as a modification or waiver of the Debtors' rights with respect to goods or services requested or received from the Vendors. This includes, but is not limited to, the Debtors' rights to (i) cancel a purchase order (including outstanding orders); (ii) decline the acceptance of goods or services; (iii) return any defective, nonconforming or unacceptable goods or (iv) contest the amount of any invoice or claim.

13. The entry of this Interim Order is necessary to avoid immediate and irreparable harm to the Debtors under Bankruptcy Rule 6003(b). Thus, this Interim Order shall be effective and enforceable immediately upon entry hereof. To the extent that this Interim Order constitutes

a use of property under section 363(b) of the Bankruptcy Code, the fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

14. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Interim Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Interim Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Interim Order.

15. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Interim Order.

Dated: January 27, 2023
White Plains, New York

*/s/ Sean H. Lane*
The Honorable Sean H. Lane
United States Bankruptcy Judge