**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No.: 23-10063 (SHL)<br><br>Jointly Administered |

**INTERIM ORDER WAIVING THE REQUIREMENT
THAT EACH DEBTOR FILE A LIST OF CREDITORS
AND AUTHORIZING PREPARATION OF A CONSOLIDATED LIST OF
CREDITORS, IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX
(II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST
OF THE DEBTORS' FIFTY (50) LARGEST UNSECURED CREDITORS, (III)
AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY
IDENTIFIABLE INFORMATION, AND (IV) GRANTING RELATED RELIEF**

Upon the Motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliate, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an interim order (this "Interim Order"), as more fully described in the Motion, (i) waiving the requirement that each of the Debtors file a list of creditors and authorizing the Debtors to prepare a consolidated list of creditors in lieu of submitting a formatted matrix; (ii) authorizing the Debtors to file a single, consolidated list of the Debtors' fifty (50) largest unsecured creditors; (iii) authorizing the debtors to redact certain personally identifiable information; and (iv) granting the Debtors such other and further relief as the Court deems just and proper and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

*First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") filed concurrently with the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis to the extent set forth herein.

2. A status conference on the Motion shall be held via zoom on February 1, 2023, at 2:00 p.m. Eastern Time (the "Status Conference").

3.      The final hearing on the Motion shall be held via zoom on February 22, 2023, at 11:00 a.m. Eastern Time (the "Final Hearing"). Any objections or responses to entry of the Proposed Final Order shall be filed by February 15, 2023, at 4:00 p.m. Eastern Time and served on the following parties: (i) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Greg Zipes, Esq.; (ii) proposed counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.; and (iii) the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Greg Zipes, Esq.; and (iv) counsel to any statutory committee appointed in these chapter 11 cases.

4.      The requirement under Bankruptcy Rule 1007(a)(1) that each of the Debtors file a list of creditors, counterparties to executory contracts and unexpired leases and co-debtors on the Petition Date is hereby waived.

5.      The Debtors, or their appointed agent, are authorized to prepare and maintain a consolidated list of creditors in electronic format that is acceptable to the Clerk of the Court, in lieu of any required matrix, and to make such list available to other parties in interest upon request. The Debtors shall file this consolidated list on the docket within (7) days of the Petition Date.

6.      Notwithstanding Bankruptcy Rule 1007(d) and Local Rule 1007-1, the Debtors are authorized to file a consolidated list of their fifty (50) largest unsecured creditors in the Chapter 11 Cases, in lieu of filing separate lists of the twenty largest unsecured creditors in each of the Debtors' respective Chapter 11 Cases.

7.      The Debtors are authorized on an interim basis, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the names,

home addresses and email addresses of individuals listed on the consolidated creditors list and the addresses and email addresses of other creditors listed on the consolidated creditors list or other documents filed with this Court, until the later of (i) Status Conference or (ii) the entry of an order approving the Motion on a final basis after the Final Hearing.

8. The Debtors shall provide an unredacted version of the consolidated creditors list, and any other filings redacted pursuant to this Interim Order to (x) the Court, the U.S. Trustee and counsel to any official committee appointed in these Chapter 11 Cases, and (y) any party in interest, upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these Chapter 11 Cases; provided that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

9. Nothing herein precludes a party in interest's, or the U.S. Trustee's, right to file a motion requesting that this Court unseal the information redacted by this Interim Order, it being understood that if the parties cannot reach an agreement on redactions, they will negotiate an appropriate briefing schedule, **subject to approval by the Court,** to expeditiously put any remaining issues before the Court.

10. The Debtors shall submit an unredacted copy of the consolidated creditors list to the Clerk of the Court under seal in an envelope, clearly indicating that the same has been filed under seal by order of this Court and may not be unsealed until and unless permitted by further order of this Court.

11. Counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the sealed documents at the conclusion of the contested matter.

12. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Interim Order shall be immediately effective and enforceable upon its entry; (ii) the Debtors are not subject to any stay in implementation, enforcement or realization of the relief granted in this Interim Order; and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Interim Order.

13. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Interim Order.

Dated: January 27, 2023  
White Plains, New York

*/s/ Sean H. Lane*  
The Honorable Sean H. Lane  
United States Bankruptcy Judge