**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**INTERIM ORDER (I) AUTHORIZING GENESIS ASIA PACIFIC PTE. LTD TO (A) PAY CERTAIN EMPLOYEE WAGES AND OTHER COMPENSATION AND RELATED OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE BENEFITS AND PROGRAMS IN THE ORDINARY COURSE, AND (II) AUTHORIZING AND DIRECTING APPLICABLE BANKS TO HONOR ALL TRANSFERS RELATED TO SUCH OBLIGATIONS**

**("INTERIM WAGES AND BENEFITS ORDER")**

Upon the motion (the "Motion")[2] of Genesis Asia Pacific Pte. Ltd. ("GAP") and the above captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of interim and final orders, as more fully described in the Motion, authorizing GAP to pay certain Wages and Benefits, and for certain related relief; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"); and the Court having jurisdiction over this matter pursuant to 28

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

U.S.C. § 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court of New York dated January 31, 2012*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution, and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of GAP, its estates, its creditors and the other parties in interest; and the Court having found that GAP's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis to the extent set forth herein.

2. Objections to entry of the Final Order must be filed by February 15, 2023, at 4:00 pm. (ET) and served on: (i) proposed counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006, Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.; (ii) the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Greg Zipes, Esq.; and (iii) counsel to any statutory committee appointed in the Chapter 11 Cases. A final hearing on the Motion will be held on February 22, 2023 at 11:00 a.m. (ET) (the "Final Hearing").

3. GAP is authorized to pay pre-petition Wages and Benefits, as payments come due in the ordinary course and/or honor its wage and benefit obligations in accordance with its stated policies and in the ordinary course of its business and consistent with its past practices, including amounts owing as of, or accrued prior to, the Petition Date on account of (i) Employee Compensation, (ii) Unpaid Compensation, (iii) Employee Deductions, (iv) Reimbursable Expenses, (v) Payroll Processing Fees (vi) Employee Benefits, and (vii) Benefits Administration Fees.

4. GAP is authorized, but not directed, to continue to honor the Wages and Benefits, make necessary contributions, pay any unpaid premium, claim, or amount owed in connection therewith as of, or accrued prior to, the Petition Date, in accordance with GAP's ordinary course of business, stated policies, and consistent with its past practices, as set forth in the Motion; *provided* that no payments shall be made above the statutory cap pursuant to 11 U.S.C. 507(a)(4) and 507(a)(5) prior to the entry of the Final Order.

5. GAP is authorized to modify, change, or discontinue any of its Wages and Benefits and to implement new programs, policies, and benefits in the ordinary course of business during these Chapter 11 Cases in GAP's discretion and without the need for further approval by this Court, subject to applicable law; *provided* that GAP will provide notice to the United States Trustee for the Southern District of New York and any statutory committee appointed in these Chapter 11 Cases of any material changes to the Wages and Benefits.

6. GAP shall not make any non-ordinary course bonus payments to their Employees or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without further order of this Court. For the avoidance of doubt, no bonus, or severance payments shall be made to any Insider without further order of this Court.

7. GAP is authorized, but not directed, to continue the Severance Obligations and make any payments attributable to the Severance Obligations, including any that accrued prepetition in the ordinary course of business.

8. Nothing in this order should be construed as approving any transfer pursuant to 11 U.S.C. § 503(c), and a separate motion will be filed for any request that could fall within Section 503(c). No payment to any employee may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code.

9. GAP is authorized to make payments to applicable third parties from the Employee Deductions and Employee Benefits, in accordance with GAP's ordinary course of business and stated policies, as set forth in the Motion.

10. The banks and financial institutions on which electronic payment requests were made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment and all such banks and financial institutions are authorized to rely on the Debtors' designation of any electronic payment request as approved by this Order.

11. GAP is authorized to reissue any electronic payment that was originally given in payment of any prepetition amount authorized to be paid under this Order that is not cleared by the applicable bank or financial institution.

12. Notwithstanding anything to the contrary in this Interim Order, payments made pursuant to this Interim Order shall only be made as they become due, and no payments shall be accelerated prior to the Final Hearing.

13. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity, priority, or

amount of any claim against a Debtor entity; (ii) a waiver of GAP's or any party-in-interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (v) a requirement or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or (vi) a waiver of GAP's or any party-in-interest's rights under the Bankruptcy Code or any other applicable law.

14. GAP is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

15. The requirements of Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived. Notwithstanding Bankruptcy Rule 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: January 27, 2023         */s/ Sean H. Lane*
      White Plains, New York         The Honorable Sean H. Lane
                                                          United States Bankruptcy Judge