**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF ZUL JAMAL IN SUPPORT OF DEBTORS'**
**EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING**
**DEBTOR GENESIS GLOBAL HOLDCO, LLC TO CONSENT TO PRIMING OF LIEN[2]**

I, Zul Jamal, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Managing Director in the Capital Structure Advisory group of Moelis & Company LLC ("Moelis"), where I specialize in advising distressed companies or their stakeholders in recapitalization and restructuring situations. Moelis is an investment banking firm that has its principal office at 399 Park Avenue, 5th Floor, New York, New York, 10022. I am employed in that office. Moelis provides a broad range of financial advisory and investment banking services to its clients, including (a) general corporate finance; (b) mergers, acquisitions, and divestitures; (c) corporate restructurings; (d) special committee assignments; and (e) capital raising. Moelis and its senior professionals have extensive experience in the reorganization and restructuring of distressed companies, both out-of-court and in chapter 11 cases. Moelis serves as

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

1

proposed investment banker to Genesis Global Holdco, LLC and its debtor affiliates (collectively, the "Debtors").

2. I received a B.S. in Economics from the Wharton School at the University of Pennsylvania, graduating *magna cum laude* in 1999.

3. I have extensive experience in investment banking and for the past twenty-two years my work has focused on advising debtors, creditors, and equity holders in a wide range of recapitalization and restructuring transactions, including procuring, structuring, and negotiating postpetition financing facilities across a broad range of industries, such as industrials, transportation, media, and telecommunications.

4. Prior to joining Moelis, I was a Senior Vice President at Jefferies & Company, where I advised clients on a wide variety of restructuring transactions, including chapter 11 bankruptcies, exchange offers, consent solicitations, lender negotiations, and distressed financings. I also worked at Jefferies International in London where I was responsible for international financial sponsor, restructuring, and leveraged finance activities. I joined Moelis in 2008 as a Senior Vice President and was promoted to the position of Managing Director in 2011.

5. At Moelis, I have focused full-time on bankruptcy and restructuring situations, representing debtors, creditors, and investors in both in-court and out-of-court restructurings in the United States, Europe, and Asia. As a Managing Director, I am responsible for the day-to-day activities of the Moelis deal team.

6. Since I began my career, my experience includes numerous notable restructuring assignments, such as Alpha Media, American Media, Inc., AMR Corporation, Core Digital Media, Inc., Dex Media, Inc., Energy Future Holdings, Hexion Topco, LLC, Innkeepers USA Trust, Lyondell Chemical Company, Momentive Performance Materials, Inc., RentPath, Sorenson

Communications, Inc., Tribune Company, Aleris International Inc., Aston Martin., Advanced Glassfiber Yarns, Advanced Lighting Technologies, Cone Mills Corp, Crown Cork & Seal Co, Holley Performance Products, Inc., Jason Industries, and Russell-Stanley Holdings, Inc.

7. I submit this declaration (the "Declaration") in support of the *Debtors' Emergency Motion for Entry of an Order Authorizing Debtor Genesis Holdco, LLC to Consent to Priming of Lien* (the "Motion").

8. Except as otherwise noted herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' representatives or advisors, my discussions with employees of Moelis working directly with me or under my supervision or direction, or my review of relevant documents, including the Debtors' books and records maintained in the ordinary course of their business. In making this Declaration, I have relied in part on information and material that the Debtors' representatives and advisors have gathered, prepared, verified and provided to me, at my direction or for my benefit in preparing this Declaration. I am not being compensated for this testimony other than through payments received by Moelis in its capacity as proposed investment banker to the Debtors. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

## The Cash Cloud DIP Facility

9. On the Cash Cloud Petition Date, Cash Cloud filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, in order to effectuate a restructuring or sale of Cash Cloud's business. Among Cash Cloud's obligations are the Outstanding Secured Loans, secured by substantially all of the assets of Cash Cloud, owing to Holdco in the approximate amount of $8 million (including principal and interest).

10.     In order to pursue a sale or reorganization under chapter 11, Cash Cloud requires liquidity in the form of DIP financing, which the Debtors are in no position to provide. Through conversations with Cash Cloud's advisors and counsel, I understand that Cash Cloud has conducted a marketing process for potential DIP financing, and has concluded that the best available terms under the circumstances are those offered by CKDL Credit, LLC or its designee or assignee (the "DIP Lender"). The terms of the Cash Cloud DIP Financing include a superpriority lien on all of the assets of Cash Cloud in favor of the DIP Lender, which would have the effect of priming the existing Lien in favor of Holdco over substantially all of the assets of Cash Cloud, which lien secures Cash Cloud's obligations under the 2022 A&R Promissory Note. For this reason, the Cash Cloud DIP Financing requires the consent of Holdco as a condition to its execution.

11.     In my capacity as proposed investment banker to the Debtors, I believe that an efficient reorganization or sale by Cash Cloud under chapter 11 would likely enhance Holdco's likelihood of recovery (and the amount of such recovery) under the Outstanding Secured Loans, as well as the Outstanding Unsecured Loans. Therefore, I believe that Holdco's consent to the priming by the Cash Cloud DIP Facility represents a necessary step to enhancing Holdco's possible recovery under the Outstanding Loans under the circumstances.

12.     Furthermore, I believe that the proposed Adequate Protection, as described in the Motion, provides reasonable compensation to Holdco for any diminution in the value of its asset that might result from the priming of the Lien. The proposed Adequate Protection package has been negotiated between the parties and represents market-standard terms for a secured creditor whose existing lien is proposed to be primed by a superpriority DIP facility under these circumstances.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: February 8, 2023
      New York, NY

/s/ *Zul Jamal*
Name:    Zul Jamal
Title:     Managing Partner
          Moelis & Company LLC
          *Proposed Investment Banker to the Debtors*

5