**Hearing Date: February 22, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 15, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF ANNEXED DEBTORS' MOTION FOR**
**AUTHORITY TO EMPLOY PROFESSIONALS  USED IN THE**
**ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on February 8, 2023, the debtors and debtors in possession (collectively, the "Debtors"), filed the annexed *Debtors' Motion For Authority To Employ Professionals Used In The Ordinary Course Of Business* Nunc Pro Tunc *To The Petition Date* (the "Application").  A hearing (the "Hearing") on the Application will be held via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]   Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **February 22, 2023 at 11:00 a.m. (Eastern Time) (the "Hearing Date")**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Application or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **February 15, 2023 at 4:00 p.m (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Application, the Debtor may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:  February 8, 2023
         New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## DEBTORS' MOTION FOR AN ORDER
### ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Genesis Global Holdco, LLC ("Holdco") and its above-captioned debtors and debtors-in-possession (collectively, the "Debtors" and these cases, the "Chapter 11 Cases"), hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a), 330, and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Southern District of New York (the "Local Rules").  In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are sections 105, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and Local Rule 2016-1.

## BACKGROUND

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services.  Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

3.      Over the past few months, the digital asset industry has experienced tremendous dislocation.  The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signaled the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with digital asset companies.  As market conditions worsened, other companies faced financial difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings, Inc. and certain affiliates, which filed for Chapter 11 in July 2022.  Most recently, FTX Trading

Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and Alameda, the "FTX Entities") filed Chapter 11 proceedings.

4.      These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business.  This "run on the bank" following the FTX Entities' collapse in early November severely impacted the Company's available liquidity.  As a result of the unprecedented number and size of the loan calls, on November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors' estates, ensure fair distribution and begin discussions with our stakeholders.

5.      Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions.  In addition, the Debtors have undertaken cost-saving and liquidity-preserving measures.  As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

6.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "UCC") was appointed in these cases, ECF No. 55.

7.      While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution.  Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts

towards a consensual resolution through a transparent, court supervised process. To that end, the Debtors have also filed the *Debtors' Joint Chapter 11 Plan*, ECF No. 20, a proposed plan of reorganization which will be amended as necessary to reflect the results of the Debtors' continued negotiations.

8.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration") and the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration" and, together with the Leto Declaration and Aronzon Declaration, the "First Day Declarations").

## RELIEF REQUESTED

9.      The Debtors request that the Court enter an order substantially in the form attached hereto as Exhibit A establishing procedures for the monthly allowance and payment of compensation and reimbursement of expenses for professionals whose services are authorized by the Court pursuant to sections 327, 328, or 1103 of the Bankruptcy Code and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 328, 330, and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) (the "Interim Compensation Procedures").

10.      The Interim Compensation Procedures set forth below substantially comply with the Court's *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, dated January 29, 2013, and the U.S. Trustee's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11*

4

*U.S.C. § 330 by Attorneys in Large Chapter 11 Cases*, effective November 1, 2013 (collectively,

the "Fee Guidelines"):

### A.    Monthly Statements

(a)    On or before the thirtieth day of each month following the month for which compensation is sought, each Retained Professional (defined below) seeking compensation shall serve a monthly statement (the "Monthly Fee Statement") by email, hand, or overnight delivery, on the following parties (collectively, the "Fee Notice Parties"):

(i)    The Debtors c/o Genesis Global Holdco, LLC, Attn: Arianna Pretto-Sankman (email: arianna@genesistrading.com);

(ii)    Counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Jane    VanLare, Esq. (email: soneal@cgsh.com and jvanlare@cgsh.com); and

(iii)    The United States Trustee for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Greg Zipes, Esq. (email: greg.zipes@usdoj.gov).

(iv)    Counsel to the UCC.

(b)    On or before the thirtieth day of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Fee Statement with the Court; however, a courtesy copy of the Monthly Fee Statements need not be delivered to the Judge's chambers because the Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

(c)    Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

(d)    Except as otherwise ordered by the Court, for those Retained Professionals who bill hourly, each Monthly Fee Statement must contain a list of the individuals— and their respective titles (e.g., attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of

5

the disbursements incurred, and time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court. No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Fee Guidelines.

(e)   For those Retained Professionals who bill on a fixed or flat fee basis, each Monthly Fee Statement will contain such details as required by their respective retention orders.

(f)   If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection") such party shall, by no later than 12:00 p.m. (Prevailing Eastern Time) on the date that is fifteen days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via electronic mail upon the Retained Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)   At the expiration of the Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (f) above.

(h)   If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g).

(i)   If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Fee Notice Parties a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g), that portion of the Monthly Fee Statement that is no longer subject to the Objection.

(j)   All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court.

(k)   The service of a Notice of Objection to Fee Statement in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind and shall not prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

**B.    Interim Fee Applications**

(a)    Commencing with the period beginning with the Petition Date (January 19, 2023) and ending May 30, 2023, and at four-month intervals thereafter (each such period, an "<u>Interim Fee Period</u>"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an application (an "<u>Interim Fee Application</u>") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during each applicable Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than forty-five days after the end of an Interim Fee Period.  Each Retained Professional shall file its first Interim Fee Application on or before July 19, 2023 and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Retained Professional's retention) through and including May 30, 2023.

(i)    Fee Applications shall comply with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, General Order M-447 (Morris, C.J.) and proposed orders granting such Fee Applications shall include the schedules required by General Order M-427 (Gonzalez, C.J.).

(b)    The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "<u>Interim Fee Hearing</u>"), which shall be scheduled no earlier than thirty days after the expiration of the 45-day period set forth in paragraph (a), unless otherwise agreed to by the Debtors, the U.S. Trustee, and the UCC.  At least thirty days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date, and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(c)    Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided under the Proposed Order until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(d)    The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the

future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(e)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.  To the extent authorized by the Court, including in an order allowing a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% of the fees withheld from each Monthly Fee Statement) and expenses not previously paid.

(f)     Counsel for any statutory committee appointed in these Chapter 11 Cases may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; provided, that such reimbursement requests must comply with the Fee Guidelines, and any other applicable fee and expense guidelines adopted by the Court.   Notwithstanding the foregoing, the Debtors are authorized to promptly pay upon the receipt of invoices the actual and necessary expenses, other than compensation and reimbursement of expenses specified in paragraph four of section 503(b) of the Bankruptcy Code, incurred by a natural person who is a member of such committee in the performance of the duties of such committee.  The payment of such expenses as provided herein shall be subject to, and shall not have any effect on, the Court's interim and final allowance of reimbursement of such expenses.

## **BASIS FOR RELIEF**

11.     Pursuant to section 331 of the Bankruptcy Code, all professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if permitted by the court.  *See* 11 U.S.C. § 331.  Section 105(a) of the Bankruptcy Code authorizes the court to issue any order "necessary or appropriate to carry out the provisions of the [Bankruptcy Code.]"  11 U.S.C. § 105(a).

12.     Local Rule 2016-1(c) requires that any order seeking the establishment of procedures for monthly compensation and reimbursement of expenses for professionals comply with the *Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals,* General Order M-412 promulgated by this Court, dated December 21,

2010.  The Interim Compensation Procedures substantially conform to General Order M-412 and comply with Local Rule 2016(c).

13.     Given the size and complexity of the Chapter 11 Cases, the Debtors require the assistance of various professionals to efficiently manage these proceedings.  Accordingly, the Debtors have been authorized to employ and retain a number of professionals, including, without limitation: (i) Cleary Gottlieb Steen & Hamilton LLP ("Cleary") as counsel to the debtors-in-possession; (ii) Kroll Restructuring Administration LLC ("Kroll") as administrative advisor; (iii) Moelis & Company LLC ("Moelis") as investment banker; (iv) Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M")  as financial advisor; (v) Kobre & Kim LLP ("Kobre & Kim") as conflicts counsel; and (vi) Morrison Cohen LLP ("MoCo") as special counsel (collectively, the "Debtors' Professionals" and, together with any professionals retained by any statutory committee appointed in the Chapter 11 Cases, the "Retained Professionals").[2]

14.     The Debtors believe that the Interim Compensation Procedures will permit the efficient and orderly review and administration of Retained Professionals' fees and expenses during these Chapter 11 Cases, conserving the resources of the Debtors, the Court, and the U.S. Trustee.

15.     The proposed Interim Compensation Procedures will enable the Debtors to monitor the administration, forecast cash flows, and implement efficient cash management procedures. Such procedures will allow the Court, the U.S. Trustee, and other parties in interest, to ensure that

---

[2]     The Debtors anticipate the potential need to retain additional professionals and file additional retention applications as the Chapter 11 Cases progress.  Once retained, such additional professionals shall be deemed Debtors' Professionals.

any compensation and reimbursement requested by Retained Professionals is reasonable and necessary to the effective resolution of these Chapter 11 Cases.

16.    The Debtors believe that the proposed Interim Compensation Procedures are necessary, appropriate, and in the best interest of the Debtors' estates and their creditors and all other parties in interest, and respectfully submit that the Interim Compensation Procedures be used in these Chapter 11 Cases.

17.    Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g.*, *In re Voyager Digit. Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 4, 2022), ECF No. 236; *In re LATAM Airlines Group S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. Aug. 11, 2020), ECF No. 828; *In re Avianca Holdings S.A.*, No. 20-11133 (MG) (Bankr. S.D.N.Y. June 9, 2020), ECF No. 256; *In re Windstream Holdings, Inc.*, No. 19-12226 (SCC) (Bankr. S.D.N.Y. July 31, 2019), ECF No. 374; *In re Ditech Holding Corp.*, No. 19-10412 (JLG) (Bankr. S.D.N.Y. Mar. 25, 2019), ECF No. 255; *In re Synergy Pharm. Inc.*, No. 18-14010 (JLG) (Bankr. S.D.N.Y. Jan. 24, 2019); ECF No. 262; *In re Waypoint Leasing Holdings Ltd.*, No. 18-13648 (SMB) (Bankr. S.D.N.Y. Apr. 22, 2019), ECF No. 374.

**NOTICE**

18.    Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) counsel to the UCC; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iv) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; and (vii) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

10

19.     To implement the foregoing successfully, the Debtors request that the Court find

that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a).

## **NO PRIOR REQUEST**

20.     No prior request for the relief requested herein has been made to this or any other

Court.

*[The remainder of this page is left blank intentionally]*

## **CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this

Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such

other and further relief as is just and proper.

Dated:    February 8, 2023
          New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, establishing procedures for interim compensation and reimbursement of expenses of professionals; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need

be provided; and the Court having reviewed the Motion and having heard the statements in support

of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having

determined that the legal and factual bases set forth in the Motion and on the record of the Hearing

establish just cause for the relief granted herein; and all objections to the Motion (if any) having

been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

2.      Except as may otherwise be provided by orders of this Court authorizing the

retention of specific professionals, all Retained Professionals (including, for the avoidance of, any

professionals retained by the Debtors or a statutory committee after the date of this Order) and

members of any statutory committee appointed in the Chapter 11 Cases, may seek interim

compensation and/or reimbursement of expenses, in accordance with the following Interim

Compensation Procedures:

**A.      Monthly Statements**

(a)     On or before the thirtieth day of each month following the month for which
        compensation is sought, each Retained Professional seeking compensation shall
        serve a monthly statement (the "Monthly Fee Statement") by email, hand or
        overnight delivery, on the following parties (collectively, the "Fee Notice
        Parties"):

  (i)    The Debtors c/o Genesis Global Holdco, LLC, Attn: Arianna
         Pretto-Sankman (email: arianna@genesistrading.com);

  (ii)   Counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One
         Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal,
         Esq., Jane    VanLare, Esq. (email: soneal@cgsh.com and
         jvanlare@cgsh.com);

  (iii)  The United States Trustee for the Southern District of New York,
         Alexander Hamilton Custom House, One Bowling Green, Suite

515, New York, New York 10004, Attn: Greg Zipes, Esq. (email: greg.zipes @usdoj.gov); and

(iv)    Counsel to the committee of unsecured creditors appointed in these Chapter 11 Cases (the "UCC").

(b)    On or before the thirtieth day of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Fee Statement with the Court; however, a courtesy copy of the Monthly Fee Statements need not be delivered to the Judge's chambers because the Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules.

(c)    Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

(d)    Except as otherwise ordered by the Court, for those Retained Professionals who bill hourly, each Monthly Fee Statement must contain a list of the individuals— and their respective titles (e.g., attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court. No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Fee Guidelines.

(e)    For those Retained Professionals who bill on a fixed or flat fee basis, each Monthly Fee Statement will contain such details as required by their respective retention orders.

(f)    If any party in interest has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection") such party shall, by no later than 12:00 p.m. (Prevailing Eastern Time) on the date that is fifteen days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via electronic mail upon the Retained Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)    At the expiration of the Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses

identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (f) above.

(h)     If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g).

(i)     If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Fee Notice Parties a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g), that portion of the Monthly Fee Statement that is no longer subject to the Objection.

(j)     All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court.

(k)     The service of a Notice of Objection to Fee Statement in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not.  Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind and shall not prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

**B.     Interim Fee Applications**

(a)     Commencing with the period beginning with the Petition Date (January 19, 2023) and ending May 30, 2023, and at four-month intervals thereafter (each such period, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during each applicable Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than forty-five days after the end of an Interim Fee Period.  Each Retained Professional shall file its first Interim Fee Application on or before July 19, 2023 and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Retained Professional's retention) through and including May 30, 2023.

(i)     Fee Applications shall comply with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, General Order M-447 (Morris, C.J.) and proposed

4

orders granting such Fee Applications shall include the schedules required by General Order M-427 (Gonzalez, C.J.).

(b)    The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than thirty days after the expiration of the 45-day period set forth in paragraph (a), unless otherwise agreed to by the Debtors, the U.S. Trustee, and the UCC.  At least thirty days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(c)    Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided under this Order until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(d)    The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(e)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals. To the extent authorized by the Court, including in an order allowing a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% of the fees withheld from each Monthly Fee Statement) and expenses not previously paid.

(f)    Counsel for any statutory committee appointed in these Chapter 11 Cases may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; provided, that such reimbursement requests must comply with the Fee Guidelines, and any other applicable fee and expense guidelines adopted by the Court.  Notwithstanding the foregoing, the Debtors are authorized to promptly pay upon the receipt of invoices therefore the actual and necessary expenses, other than compensation and reimbursement of expenses specified in

5

paragraph four of section 503(b) of the Bankruptcy Code, incurred by a natural person who is a member of such committee in the performance of the duties of such committee. The payment of such expenses as provided herein shall be subject to, and shall not have any effect on, the Court's interim and final allowance of reimbursement of such expenses.

3.       The amount of compensation sought shall be set out in U.S. dollars. If the compensation is to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission.

4.       The Debtors shall include all payments to Retained Professional on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided* that amounts paid to ordinary course professionals may be stated in the aggregate on any monthly operating report.

5.       Notice of hearings to consider Interim Fee Applications shall be limited to the Fee Notice Parties and any party who files a Notice of Objection to Fee Statement or a notice of appearance and requests notice in these Chapter 11 Cases.

6.       All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.       The Debtors shall serve a copy of this Order on each of the Retained Professionals (including, for the avoidance of doubt, any professionals who become Retained Professionals after the date of this Order), the Fee Notice Parties, and all persons and entities that have formally appeared and requested service in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).

8.       Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
              White Plains, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE