**Hearing Date: February 22, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 15, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF DEBTORS' MOTION FOR AUTHORITY TO EMPLOY PROFESSIONALS  USED IN THE ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on February 8, 2023, the debtors and debtors in possession (collectively, the "Debtors"), filed the annexed *Debtors' Motion For Authority To Employ Professionals Used In The Ordinary Course Of Business* Nunc Pro Tunc *To The Petition Date* (the "Application").  A hearing (the "Hearing") on the Application will be held via Zoom

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **February 22, 2023 at 11:00 a.m. (Eastern Time) (the "Hearing Date")**.

PLEASE TAKE FURTHER NOTICE that any responses or objections, if any, to the Application or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **February 15, 2023 at 4:00 p.m (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

PLEASE TAKE FURTHER NOTICE that if no written objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

PLEASE TAKE FURTHER NOTICE that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:  February 8, 2023
New York, New York

/s/ Sean A. O'Neal
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AUTHORITY TO EMPLOY**
**PROFESSIONALS  USED IN THE ORDINARY COURSE OF**
**BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, the "Chapter 11 Cases") hereby file this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing the Debtors to establish certain procedures for the Debtors to retain and compensate certain professionals that the Debtors employ in the ordinary course of business (collectively, the "Ordinary Course Professionals"), *nunc pro tunc* to the Petition Date, without (a) the submission of separate retention

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

applications, or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) compensate and reimburse Ordinary Course Professionals without individual fee applications.  In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations")[2],and *Declaration of Paul Aronzon in Support of the Motion for Authority to Employ Professionals Used in the Ordinary Course of Business* (the "Aronzon OCP Declaration") filed contemporaneously herewith and also incorporated herein by reference, and respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 327, 328, and 330 of the Bankruptcy Code.

---

[2]    Capitalized terms not defined herein have the meaning ascribed to them in the First Day Declarations.

## **BACKGROUND**

4.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

5.      Over the past few months, the digital asset industry has experienced tremendous dislocation.  The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signaled the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with digital asset companies.  As market conditions worsened, other companies faced financial difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings, Inc. and certain affiliates, which filed for Chapter 11 in July 2022.  Most recently, FTX Trading Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and Alameda, the "FTX Entities") filed Chapter 11 proceedings.

6.      These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business.  This "run on the bank" following the FTX Entities' collapse in early November severely impacted the Company's available liquidity.  As a result of the unprecedented number and size of the loan calls, on November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors' estates, ensure fair distribution and begin discussions with our stakeholders.

7.      Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions.  In addition,

the Debtors have undertaken cost-saving and liquidity-preserving measures.  As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

8.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

9.      While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution.  Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts towards a consensual resolution through a transparent, court supervised process.  To that end, the Debtors have also filed the *Debtors' Joint Chapter 11 Plan*, ECF No. 20, a proposed plan of reorganization which will be amended as necessary to reflect the results of the Debtors' continued negotiations.

10.     Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the First Day Declarations.

**RELIEF REQUESTED**

11.     By this Motion, the Debtors seek entry of the Proposed Order, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, (i) authorizing the Debtors to establish certain

procedures for the Debtors to retain and compensate certain professionals that the Debtors employ in the ordinary course of business (each an "Ordinary Course Professional" or "OCP" and, collectively, the "Ordinary Course Professionals" or "OCPs"), *nunc pro tunc* to the Petition Date, without (a) the submission of separate retention applications, or (b) the issuance of separate retention orders for each individual Ordinary Course Professional, and (ii) authorizing the Debtors to compensate and reimburse Ordinary Course Professionals without individual fee applications.

## **ORDINARY COURSE PROFESSIONALS**

12.     The Debtors employ various legal professionals, consultants and auditors in the ordinary course of its business.  A nonexclusive list of the OCPs that the Debtors anticipate will provide services postpetition (the "OCP List") is attached as Exhibit 1 to the Proposed Order. The Debtors reserve the right to amend or supplement the OCP List at any time in accordance with the procedures proposed herein.

13.     The OCPs have extensive background knowledge, expertise, and familiarity with the Debtors and their business operations, and the Debtors believe that the continued postpetition employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest.  In light of the significant costs associated with the preparation of employment applications for professionals who will receive relatively modest fees, the Debtors submit that it would be impractical and inefficient for the Debtors and their legal advisors to prepare and submit individual applications and proposed retention orders for each OCP. Likewise, the Debtors believe that the OCP Procedures will relieve the Court, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), and other interested parties in these Chapter 11 Cases of the burden of reviewing fee applications involving relatively modest fees and expenses for OCPs, as they are not representing or assisting the debtors

in carrying out their duties under the Chapter 11 Cases.  Overall, the Debtors estimate that it will

not pay more than $100,000.00 per month per OCP.

### PROPOSED PROCEDURES FOR
### EMPLOYMENT OF ORDINARY COURSE PROFESSIONALS

14.     By this application, the Debtors are requesting that the Court approve and authorize

the following procedures for the retention and payment of the OCPs (the "OCP Procedures"):[3]

a. Each OCP shall provide to the Debtors: (i) a declaration (the "OCP Declaration"), substantially in the form annexed hereto as Exhibit 2 to the Proposed Order, certifying that the OCP does not represent or hold any interest materially adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (ii) a completed retention questionnaire (the "OCP Questionnaire"), substantially in the form annexed hereto as Exhibit 3 to the Proposed Order.

b. Prior to the receipt of payment for postpetition services rendered to the Debtors and expenses incurred, each OCP on the OCP List, as may be amended and supplemented from time to time, shall provide to the Debtors (Attn: Arianna Pretto-Sakmann, Esq.) and to proposed Chapter 11 counsel to the Debtors, Cleary Gottlieb Steen Hamilton LLP, One Liberty Plaza, New York, New York 10006 (Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.), an OCP Declaration and OCP Questionnaire within thirty (30) days after the later of (x) entry of the Proposed Order and (y) the date on which the OCP begins providing services for the Debtors, with at least fourteen (14) calendar days between the time of submission and any payment of postpetition invoice by the Debtors.  Upon receipt of OCP Declarations and OCP Questionnaires, the Debtors will file the same with the Court (which filing may be an omnibus filing of OCP Declarations and OCP Questionnaires from a number of OCPs) and serve a copy on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Greg Zipes, Esq.); and (ii) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules (collectively, the "Notice Parties").

c. The Notice Parties shall have fifteen (15) days following service of OCP Declarations and OCP Questionnaires, as applicable (the "OCP Objection Deadline"), to file any objection to the retention stemming from the contents of the respective OCP Declaration or OCP Questionnaire (which fifteen (15) day period may be extended with the consent of the Debtors without further order of the Court).  The Debtors shall not be authorized to retain and pay any OCP that is the subject of any such objection until all outstanding objections

---

[3]     For the avoidance of doubt, except as authorized by the Court, the OCP Procedures shall not apply to professionals retained by the Debtors pursuant to separate orders of the Court.

have been withdrawn, resolved or overruled by order of the Court.  If after fifteen (15) days no objection is filed, then the retention of such OCP shall be deemed approved without further action and the OCP may be paid in accordance with paragraph (d) below.  If an objection received on or before the applicable OCP Objection Deadline with respect to any particular OCP cannot be resolved, a hearing on the matter shall be held at the next reasonably available regularly scheduled hearing date.

d.  After the retention of an OCP has been approved in accordance with paragraph (c), the Debtors are authorized, without applications being filed with the Court, to compensate and reimburse the OCPs for 100% of their postpetition fees and expenses incurred in connection with postpetition services upon the submission to the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the disbursements actually incurred by the particular OCP, without prejudice to the rights of the Debtors and their estates to dispute any such invoice; *provided*, however, that compensation and reimbursement of expenses paid to an OCP for postpetition services may not exceed: (i) $100,000.00 per month (the "OCP Monthly Cap"), for the OCPs listed on the OCP List, as may be amended or supplemented from time to time, and $300,000.00 for the duration of the Chapter 11 Case (the "OCP Case Cap"), for the OCPs listed on the OCP List, as may be amended from time to time, as being subject to the OCP Caps; *provided further*, however, that the Debtors reserve their right to seek to increase the OCP Monthly Caps and the OCP Case Caps.  The Debtors expressly reserve the right to seek leave to raise the OCP Case Caps or retain any particular OCP separate and apart from this Motion.  Any contingency fees earned by an Ordinary Course Professional on account of recoveries realized on behalf of the Debtors shall not be subject to the OCP Monthly Caps and OCP Case Caps.

e.  Any fees and expenses payable to an OCP for postpetition services in excess of the applicable OCP Monthly Cap or OCP Case Cap shall be subject to prior approval of this Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court authorizing the payment of professionals retained in these Chapter 11 Cases.  Any payment towards the retention and employment of Ordinary Course Professionals would be without prejudice to payment arising from any subsequent retention of such Ordinary Course Professionals, if required.

f.  Within thirty (30) days after the end of, and with respect to, each three-month period after the Petition Date (including any partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement that provides information with respect to each OCP paid during such period. Such statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported three-

month period, including, for the avoidance of doubt, any contingency fees earned; and (iii) a general description of the services rendered by that OCP.

g. The Debtors reserve the right to amend or supplement the OCP List from time to time as necessary. While the Debtors have attempted to reasonably identify all currently known OCPs, some OCPs may have been inadvertently omitted. Further, the nature of the Debtor's businesses requires the retention of additional OCPs from time to time. In either event, the Debtors propose to file one or more notices (each a "<u>Supplemental Notice of OCPs</u>") with the Court listing the additional OCPs that the Debtors intend to employ reasonably promptly after they are identified. An OCP listed on a Supplemental Notice of OCPs shall be retained and paid in accordance with the terms and conditions set forth in these OCP Procedures. For the avoidance of doubt, any OCP listed on a Supplemental Notice of OCPs must timely submit OCP Declarations and OCP Questionnaires and the Notice Parties shall raise any objections within fifteen (15) days. In the absence of any such objection, the retention of such additional OCPs shall be deemed approved without further action and the OCP may be paid in accordance with paragraph (d) above. In the event an objection is timely filed, it shall be addressed, heard and/or resolved in accordance with the foregoing procedures described in paragraph (c).

## **BASIS FOR RELIEF**

15.     A debtor is required to obtain bankruptcy court approval before it is permitted to hire certain professionals and compensate them with funds from property of the estate. As explained below, however, the Bankruptcy Code allows a debtor to retain professionals in the ordinary course of business when they are not representing or assisting the debtor in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a). The Debtors submit that most, if not all, of the Ordinary Course Professionals subject to this Motion may be retained and paid by the Debtors in the ordinary course of business, without Court approval. To provide the Court and parties in interest an opportunity to object, and to provide assurance to the Ordinary Course Professionals of the Debtor's authority to compensate them for postpetition work, however, the Debtors have proposed the Procedures set forth herein.

16.     Section 327(a) of the Bankruptcy Code provides as follows:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).  Section 327(e) of the Bankruptcy Code further provides as follows:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

*Id.* § 327(e).  Section 328(a) of the Bankruptcy Code provides, in pertinent part, that the trustee "with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).

17.     Section 330 of the Bankruptcy Code authorizes the court to award reasonable compensation for actual and necessary services rendered by retained professionals.  11 U.S.C. U.S.C. § 330.  Further, the Court may exercise its broad discretion under section 105(a) of the Bankruptcy Code in connection with the foregoing.  11 U.S.C. § 105(a).

18.     Although certain of the Ordinary Course Professionals may hold unsecured claims against the Debtors for prepetition services rendered to the Debtors, the Debtors do not believe that any of the Ordinary Course Professionals have an interest materially adverse to the Debtors, their creditors, or other parties in interest with respect to the matters on which they are to be employed.  Further, section 328(c) of the Bankruptcy Code excludes attorneys retained pursuant to section 327(e) from the requirement that such professional persons be "disinterested."  *Id.*

§ 328(c). Accordingly, pursuant to the above-cited provisions of the Bankruptcy Code, the Court may authorize the retention of the Ordinary Course Professionals.

19.     In light of the additional costs associated with the preparation of retention applications for professionals that likely will receive relatively small fees as compared to professionals retained to assist the Debtors in prosecuting these Chapter 11 Cases or special counsel retained pursuant to Section 327(e), it is impractical and economically inefficient for the Debtors to submit individual retention applications and proposed retention orders for each Ordinary Course Professional. Accordingly, the Debtors request that the Court dispense with the requirement of individual retention applications and retention orders with respect to each Ordinary Course Professional.

20.     Other than the Ordinary Course Professionals, all "professional persons" employed by the Debtors to assist in the prosecution of these Chapter 11 Cases will be retained by the Debtors pursuant to separate orders approving separate retention applications. Those professionals will be compensated in accordance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, the Local Rules, and other orders of this Court.

21.     The Debtors believe that the retention of Ordinary Course Professionals effective *nunc pro tunc* to the Petition Date is warranted under the circumstances of these Chapter 11 Cases so that the Ordinary Course Professionals may be compensated for their services prior to entry of an order approving their retention. Further, the Debtors believe that no party-in-interest will be prejudiced by the granting of the *nunc pro tunc* retention because the Ordinary Course Professionals have provided, and will continue to provide, valuable services to the Debtors' estates in the brief interim period between the Petition Date and the anticipated "second day" hearing.

22.     Courts in this jurisdiction routinely approve *nunc pro tunc* retention similar to that requested herein. *See, e.g.*, Order, *In re LATAM Airlines Grp. S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. June 28, 2020), Order, *In re The McClatchy Co.*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. Mar. 11, 2020), ECF No. 173; Order, *In re Fairway Grp. Holdings Corp.*, Case No. 20-10161 (JLG) (Bankr. S.D.N.Y. Mar. 03, 2020), ECF No. 245; Order, *In re Aurora Com. Corp*, No. 19-10843 (SCC) (Bankr. S.D.N.Y. May 9, 2019), ECF No. 35.   Accordingly, the Debtors submit that the Court should authorize the retention of the Ordinary Course Professionals *nunc pro tunc* to the Petition Date.[4]

23.     Moreover, similar relief authorizing debtors to retain and compensate certain professionals utilized in the ordinary course of business has been routinely granted in other chapter 11 cases in this District.  *See, e.g.*, Order,  *In re Grupo Posadas S.A.B. de C.V.*, No. 21-11831 (SHL) (Bankr. S.D.N.Y Nov. 17, 2021), ECF No. 82; Order, *In re Automotores Gildemeister SpA,* No. 21-10685 (LGB) (Bankr. S.D.N.Y. May 5, 2021), ECF No. 113; Order, *In re LATAM Airlines Grp. S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. June 28, 2020), ECF No. 389; Order, *In re Genco Shipping & Trading Ltd.*, Case No. 14-11108 (SHL) (Bankr. S.D.N.Y. May 16, 2014), ECF No. 185, Order, *In re Loehmann's Holdings Inc.*, Case No. 13- 14050 (MG) (Bankr. S.D.N.Y. Jan. 16, 2014), ECF No. 277; Order, *In re Metro Affiliates, Inc.*, Case No. 13-13591 (SHL) (Bankr.

---

[4]     In *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, the U.S. Supreme Court rejected a district court's *nunc pro tunc* order that made remand to state court effective as of a previous date, finding that the order could not "creat[e] 'facts' that never occurred" to cure the state court's lack of jurisdiction while the case was removed to federal court. 140 S. Ct. 696, 701 (2020).  This is not relevant to *nunc pro tunc* orders where, as here, the court plainly has jurisdiction over the Chapter 11 Cases as of the Petition Date and looks to exercise its discretion to grant retroactive compensation.  Indeed, courts have continued to routinely approve *nunc pro tunc* employment of estate professionals following *Acevedo*.  *See, e.g.*, Order, *In re Internap Tech. Solutions Inc.*, Case No. 20-22393 (RDD) (Bankr. S.D.N.Y. Apr. 23, 2020), ECF No. 131; Order, *In re The McClatchy Co.*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. Mar. 26, 2020), ECF No. 232; Order, *In re Fairway Group Holdings Corp.*, Case No. 20-10161 (JLG) (Bankr. S.D.N.Y. Mar. 4, 2020), ECF No. 251.  To the extent that this Court or others find that *Acevedo* impacts this Court's ability to grant *nunc pro tunc* relief, this Court would nonetheless retain power to exercise its equitable discretion and award compensation prior to the date of entry of the order.  *See In re Benitez*, No. 8-19-70230 (REG), 2020 WL 1272258, at *2 (Bankr. E.D.N.Y. Mar. 13, 2020); *see also In re Miller*, 620 B.R. 637, 641–43 (Bankr. E.D. Cal. Oct. 13, 2020).

S.D.N.Y. Dec. 3, 2013), ECF No. 182; Order, *In re Excel Mar. Carriers Ltd.*, Case No. 13-23060

(RDD) (Bankr. S.D.N.Y. Aug. 5, 2013), ECF No. 126; Order, *In re Newland Int'l Props., Corp.*,

Case No. 13-11396 (MG) (Bankr. S.D.N.Y. May 17, 2013), ECF No. 69.

24.     Accordingly, the Debtors submit that similar authorization is appropriate in these

chapter 11 cases and that the relief requested herein is in the best interests of their estates, and

should be granted in all respects.

## RESERVATION OF RIGHTS

25.     Nothing contained in this Motion or any actions taken pursuant to any order

granting the relief requested by this Motion is intended or shall be construed as: (a) an admission

as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute

any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or

admission that any particular claim is of a type specified or defined in this Motion or any order

granting the relief requested by this Motion; (e) a request or authorization to assume any

agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or

limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a

concession by the Debtors that any liens (contractual, common law, statutory, or otherwise)

satisfied pursuant to this Motion are valid, and the Debtors expressly reserves their rights to contest

the extent, validity, or perfection or seek avoidance of any or all such liens.

## NOTICE

26.     Notice of the Motion will be given by facsimile, electronic transmission, hand

delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those

creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a

consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the

Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and

Exchange Commission; (vi) counsel to the Committee, if any; and (vii) all others that are required

to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors

submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

27.     No prior request for the relief requested herein has been made to this or any other

Court.

## CONCLUSION

WHEREFORE for the reasons set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit <u>A</u> and (b) grant such other and further relief as is just and proper.

Dated:    February 8, 2023
          New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors and*
*Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING THE DEBTORS TO
### RETAIN AND COMPENSATE CERTAIN PROFESSIONALS
### UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, pursuant to section 105(a), 327, 328, and 330 of the Bankruptcy Code, authorizing the Debtors to retain and compensate certain professionals utilized in the ordinary course of the Debtors' businesses; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") and the *Declaration of Paul Aronzon in Support of the Motion for Authority to Employ Professionals Used in the Ordinary Course of Business* (the

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

"Aronzon OCP Declaration"); and the Court having jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the Southern District of New York dated January 31, 2012; and the Court having

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter

a final order consistent with Article III of the United States Constitution; and the Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best

interests of the Debtor, its estates, its creditors and other parties in interest; and the Court having

found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion was

appropriate and no other notice need be provided; and the Court having reviewed the Motion and

having heard the statements in support of the relief requested therein at a hearing before the Court

(the "Hearing"); the Court having determined that the legal and factual bases set forth in the Motion

and on the record of the Hearing establish just cause for the relief granted herein; and all objections

to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to retain

and compensate the professionals identified on the OCP List (each an "OCP" and, collectively, the

"OCPs"), attached hereto as Exhibit 1, for postpetition services in the ordinary course of business,

in accordance with the following approved procedures (the "OCP Procedures"):

a.      Each OCP shall provide to the Debtor: (i) a declaration (the "OCP
        Declaration"), substantially in the form annexed hereto as Exhibit 2 to the
        Proposed Order, certifying that the OCP does not represent or hold any
        interest materially adverse to the Debtors or their estates with respect to the

matter on which the professional is to be employed; and (ii) a completed retention questionnaire (the "OCP Questionnaire"), substantially in the form annexed hereto as Exhibit 3 to the Proposed Order.

b.    Prior to the receipt of payment for postpetition services rendered to the Debtors and expenses incurred, each OCP on the OCP List, as may be amended and supplemented from time to time, shall provide to the Debtors, (Attn: Arianna Pretto-Sakmann, Esq.) and to proposed Chapter 11 counsel to the Debtors, Cleary Gottlieb Steen Hamilton LLP, One Liberty Plaza, New York, New York 10006 (Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.), an OCP Declaration and OCP Questionnaire within (30) days after the later of (x) entry of the proposed order and (y) the date on which the OCP begins providing services for the Debtors, with at least fourteen (14) calendar days between the time of submission and any payment of postpetition invoice by the Debtors.  Upon receipt of OCP Declarations and OCP Questionnaires, the Debtors will file the same with the Court (which filing may be an omnibus filing of OCP Declarations and OCP Questionnaires from a number of OCPs) and serve a copy on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Greg Zipes, Esq.), and (ii) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules (collectively, the "Notice Parties").

c.    The Notice Parties shall have fifteen (15) days following service of OCP Declarations and OCP Questionnaires, as applicable (the "OCP Objection Deadline"), to file any objection to the retention stemming from the contents of the respective OCP Declaration or OCP Questionnaire (which fifteen (15) day period may be extended with the consent of the Debtors without further order of the Court).  The Debtors shall not be authorized to retain and pay any OCP that is the subject of any such objection until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.  If after fifteen (15) days no objection is filed, then the retention of such OCP shall be deemed approved without further action and the OCP may be paid in accordance with paragraph (d) below.  If an objection received on or before the applicable OCP Objection Deadline with respect to any particular OCP cannot be resolved, a hearing on the matter shall be held at the next reasonably available regularly scheduled hearing date.

d.    After the retention of an OCP has been approved in accordance with paragraph (c), the Debtors are authorized, without applications being filed with the Court, to compensate and reimburse the OCPs for 100% of their postpetition fees and expenses incurred in connection with postpetition services upon the submission to the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the disbursements actually incurred by the particular OCP, without prejudice to the rights of the Debtors and their estates to dispute any such invoice; *provided*, however, that compensation and reimbursement of expenses paid to an OCP

for postpetition services may not exceed: (i) $100,000 per month (the "OCP Monthly Cap"), for the OCPs listed on the OCP List, as may be amended or supplemented from time to time, and $300,00.00 for the duration of the Chapter 11 Case (the "OCP Case Cap"), for the OCPs listed on the OCP List, as may be amended from time to time, as being subject to the OCP Caps; *provided further*, however, that the Debtors reserve their right to seek to increase the OCP Monthly Caps and the OCP Case Caps. The Debtors expressly reserve the right to seek leave to raise the OCP Case Caps or retain any particular OCP separate and apart from this Motion. Any contingency fees earned by an Ordinary Course Professional on account of recoveries realized on behalf of the Debtors shall not be subject to the OCP Monthly Caps and OCP Case Caps.

e.      Any fees and expenses payable to an OCP for postpetition services in excess of the applicable OCP Monthly Cap or OCP Case Cap shall be subject to prior approval of this Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court authorizing the payment of professionals retained in these Chapter 11 Cases. Any payment towards the retention and employment of Ordinary Course Professionals would be without prejudice to payment arising from any subsequent retention of such Ordinary Course Professionals, if required.

f.      Within thirty (30) days after the end of, and with respect to, each three-month period after the Petition Date (including any partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement that provides information with respect to each OCP paid during such period. Such statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported three-month period, including, for the avoidance of doubt, any contingency fees earned; and (iii) a general description of the services rendered by that OCP.

g.      The Debtors reserve the right to amend or supplement the OCP List from time to time as necessary. While the Debtors have attempted to reasonably identify all currently known OCPs, some OCPs may have been inadvertently omitted. Further, the nature of the Debtors' businesses requires the retention of additional OCPs from time to time. In either event, the Debtors propose to file one or more notices (each a "Supplemental Notice of OCPs") with the Court listing the additional OCPs that the Debtors intend to employ reasonably promptly after they are identified. An OCP listed on a Supplemental Notice of OCPs shall be retained and paid in accordance with the terms and conditions set forth in these OCP Procedures. For the avoidance of doubt, any OCP listed on a Supplemental Notice of OCPs must timely submit OCP Declarations and OCP Questionnaires and

4

the Notice Parties shall raise any objections within fifteen (15) days.  In the absence of any such objection, the retention of such additional OCPs shall be deemed approved without further action and the OCP may be paid in accordance with paragraph (d) above.  In the event an objection is timely filed, it shall be addressed, heard and/or resolved in accordance with the foregoing procedures described in paragraph (c).

3.      If any particular OCP exceeds the OCP Case Caps, the Debtors shall seek leave to either increase the OCP Monthly Cap or OCP Case Caps (either for that particular OCP or for all OCPs) or retain the particular OCP pursuant to section 327 of the Bankruptcy Code.

4.      Nothing in the Motion or this Order, or the Debtors' payment of any claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity of any claim or lien against the Debtors or their estates; (b) a waiver of the Debtors' right to dispute any claim or lien; (c) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (d) an admission of the priority status of any claim; or (e) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Ordinary Course Professional or otherwise.

5.      Entry of this Order and approval of the Procedures does not affect the Debtors' ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve all of their rights with respect thereto.

6.      The forms of OCP Declaration and OCP Questionnaire (attached hereto as Exhibit 2 and Exhibit 3, respectively) are approved.

7.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
      White Plains, New York     _____

                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

**OCP LIST**

**<u>Ordinary Course Professionals Subject to $100,000 Monthly Cap</u>**

| Ordinary Course Professional | Service Provided |
|---|---|
| Ernst & Young LLP, 1 Manhattan W 401 9TH Ave New York, NY, 10001 United States | Tax and Compliance Work |
| Reed Smith LLP, 225 5TH Ave Ste 1200 Pittsburgh, PA, 15222-2716 United States | GAP Regulatory Counsel |
| Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, United States | Legal Counsel |
| Allen & Gledhill, One Marina Boulevard #28-00, Singapore 018989 | Singapore Counsel |
| FTI Consulting, 555 12th Street NW, Suite 700, Washington DC 20004 | Data Preservation |
| Gunderson Dettmer, 550 Allerton Street, Redwood City, CA 94063 | Transaction Diligence |

**<u>EXHIBIT 2</u>**

**OCP DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## <u>DECLARATION OF DISINTERESTEDNESS</u>

I, _____, declare that the following is true to the best of my knowledge, information and belief:

1.     I am a [position] of [Firm], located at [Street, City, State ZIP Code] (the "<u>Firm</u>"), which has been employed by the debtors and debtors in possession (the "<u>Debtors</u>") in the above-captioned case (the "<u>Chapter 11 Cases</u>") in the ordinary course of the Debtors' business. The Debtors wish to retain the Firm to continue providing ordinary course services during the Chapter 11 Cases, and the Firm has consented to provide such services.  This Declaration is submitted in compliance with the Order Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business [ECF No. __] (the "<u>Ordinary Course Professionals Order</u>").

2.     The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases.  The Firm does not perform services

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

for any such person in connection with the Chapter 11 Cases, or have any relationship with any such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

3.      The Debtors have requested that the Firm provide [specific description of services] to the Debtors, and the Firm has consented to provide such services.

4.      The Firm [has/has not] provided services to the Debtors prior to the commencement of the Chapter 11 Cases.

5.      The Firm [does/does not] keep, in the ordinary course of business, time records in one-tenth-of-an-hour increments.  [If the Firm does not keep time in one-tenth-of-an-hour increments, explain how time records are kept.]

6.      As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties in interest in the Chapter 11 Cases.

7.      Neither I nor any principal, partner, director, or officer of or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

8.      Neither I nor any principal, partner, director, or officer of or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

9.      The Debtors owe the Firm [$_] for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§

2

101-1532.  This amount is either owing in United States ("U.S.") Dollars or has been converted to U.S. Dollars based on the applicable exchange rate in effect on the Petition Date.

10.    As of the Petition Date, the Firm [was/was not] party to an agreement for indemnification with the Debtors.  [A copy of such agreement is attached as **Exhibit A** to this Declaration.]

11.    The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

[*Signature page follows*]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____, 2023

_____
[Name]
[Title]
[FIRM NAME]
Address:
Telephone:
Facsimile:
Email:

## **EXHIBIT 3**

**OCP QUESTIONNAIRE**

Genesis Global Holdco, LLC, *et al.*
Chapter 11 Lead Case No 23-10063 (SHL)

<u>RETENTION QUESTIONNAIRE</u>[1]

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY GENESIS GLOBAL HOLDCO LLC, *et al*., (the "<u>Debtors</u>")

<u>THIS QUESTIONNAIRE WILL BE FILED WITH THE COURT ON YOUR BEHALF. PLEASE REMIT IT TO THE FOLLOWING ADDRESS</u>:

[Address]

If more space is needed, please complete on a separate page and attach.

1.    Name and address of the firm:

_____

_____

_____

_____

2.    Date of retention: _____

3.    Type of services provided:

_____

_____

_____

_____

---

[1]    All amounts are either owing in U.S. Dollars or have been converted to U.S. Dollars based on the applicable exchange rate in effect on the Petition Date.

4.      Brief description of services to be provided:

_____

_____

_____

_____

5.      Arrangements for compensation (hourly, contingent, etc.):

_____

(a) Average hourly rate (if applicable): _____

(b) Estimated average monthly compensation (based on prepetition retention if firm was employed prepetition):

_____

6.      Prepetition claims against any of the Debtors held by the firm:

Debtor(s) against whom claim is held: _____

Amount of claim:          _____

Date claim arose:          _____

Source of claim:          _____

7.      Prepetition claims against the Debtors held individually by any member or associate of the firm:

Name: _____

Status: _____

Debtor(s) against whom claim is held: _____

Amount of claim:          _____

Date claim arose:          _____

2

Source of claim: _____

8.　　Stock or American Depository Shares of any of the Debtors currently held by the firm:

Kind of shares:_____

No. of shares: _____

9.　　Stock or American Depository Shares of any of the Debtors currently held individually by any member or associate of the firm:

Name: _____

Status: _____

10.　　Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

_____

_____

_____

_____

Name: _____

Title: _____

## **EXHIBIT B**

**Declaration of Paul Aronzon**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF PAUL ARONZON IN SUPPORT OF DEBTORS'**
**MOTION FOR AUTHORITY TO EMPLOY PROFESSIONALS USED IN THE**
**ORDINARY COURSE OF BUSINESS *NUNC PRO TUNC* TO THE PETITION DATE**

I, Paul Aronzon, pursuant to 28 U.S.C. § 1746, hereby declare that the following is

true and correct to the best of my knowledge, information and belief:

1.      I am a member of the Special Committee of Genesis Global Holdco, LLC,

a corporation organized under the laws of Delaware and one of the Debtors in the Chapter 11

Cases.   In this capacity, I am familiar with the professionals employed by the Debtors in the

ordinary course of business.

2.      I submit this declaration (the "Declaration") in support of the *Debtors'*

*Motion For Authority To Employ Professionals  Used In The Ordinary Course Of Business Nunc*

*Pro Tunc To The Petition Date* (the "Motion"),[2] filed contemporaneously herewith, pursuant to

sections 105(a), 327, 328, and 330 of the Bankruptcy Code, for authority to retain and employ

professionals used in the ordinary course of the Debtors' business effective as of the Petition Date.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

3.      This Declaration is provided pursuant to Paragraph D.2 of the *United States*

*Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses*

*Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1,

2013.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon

my personal knowledge, information provided to me by the Debtors' employees or advisors, or

my opinion based upon knowledge and experience as a director of the Debtors. I am authorized to

submit this Declaration on behalf of the Debtors.

### THE DEBTORS' ORDINARY COURSE PROFESSIONALS

4.      Prior to the commencement of the Chapter 11 Cases, the Debtors relied on

the services of attorneys, consultants, and other professionals in the ordinary course of their

business.  The Debtors now desire to employ and retain these ordinary course professionals,

pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to perform the services

that will continue to be necessary during the Chapter 11 Cases.

### COMPENSATION OF THE ORDINARY COURSE PROFESSIONALS

5.      The compensation paid by the Debtors to the ordinary course professionals

is comparable to the compensation paid to comparably skilled professionals in their respective

fields.

### COST SUPERVISION

6.      As is the Debtors' historical practice, the Debtors will continue to monitor

the fees and expense reimbursement process during the Chapter 11 Cases and ensure that the

Debtors are an active participant in that process.  Recognizing that every chapter 11 case is unique,

the Debtors will utilize their oversight and staffing processes to provide guidance on the level of

services provided by professionals on various matters.  The Debtors recognize that in large chapter

11 cases such as these, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors.  The Debtors also recognize that it is their responsibility to closely monitor the billing practices of the ordinary course professionals to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations, taking into account the exigencies of the Chapter 11 Cases.  To that end, the Debtors will continue to review and monitor the regular invoices submitted by the ordinary course professionals.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.


Dated: February 8, 2023                 _/s/ Paul Aronzon_____
      New York, New York          Paul Aronzon
                                   Director
                                   Genesis Global Holdco, LLC