**Hearing Date: February 22, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 15, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 107(B),
107(C) AND 105(A) FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO REDACT AND FILE UNDER SEAL CERTAIN
INFORMATION ABOUT THE CONFIDENTIAL PARTIES LISTED IN THE
DEBTORS' PROFESSIONAL RETENTION APPLICATIONS AND SCHEDULES**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on February 8, 2023, the debtors and debtors in possession (collectively, the "Debtors"), filed the annexed *Debtors' Motion Pursuant To 11 U.S.C. §§ 107(c), 107(c) and 105(a) For Entry Of An Order Authorizing The Debtors To Redact And File Under Seal Certain Information About the Confidential Parties Listed In The Debtors'*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

*Professional Retention Applications And Schedules* (the "Application"). A hearing (the "Hearing") on the Application will be held via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **February 22, 2023 at 11:00 a.m. (Eastern Time) (the "Hearing Date")**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Application or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **February 15, 2023 at 4:00 p.m. (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated: February 8, 2023  
New York, New York

*/s/ Sean A. O'Neal*  
Sean A. O'Neal  
Jane VanLare  
CLEARY GOTTLIEB STEEN &  
HAMILTON LLP  
One Liberty Plaza  
New York, New York 10006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999  

*Proposed Counsel to the Debtors  
and Debtors-in-Possession*

2

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION PURSUANT TO 11 U.S.C.
§§ 107(b), 107(c) AND 105(a) FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL
CERTAIN INFORMATION ABOUT THE CONFIDENTIAL PARTIES LISTED IN
THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS AND SCHEDULES**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 107(b), 107(c) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), (a) authorizing the Debtors to redact the names, addresses, and contact information of individual creditors (the "Individual Creditors"), the addresses and contact information of the institutional creditors whose addresses are individual home addresses, (the "Institutional Creditors"), the names of potential counterparties to mergers and acquisitions (the "Potential Counterparties") and the names of parties involved in confidential or sealed litigation or regulatory actions or proceedings (the "Litigation Counterparties", and together with the Individual Creditors, Institutional Creditors and Potential Counterparties, the "Confidential Parties", and such redactions for the Confidential Parties, the "Confidential Information") listed in the Debtors' professional retention applications, the Schedules, and in any other documents filed with the Court (including, but not limited to, certificates of service and the master service list), (b) directing that the redacted information shall remain under seal and confidential, and shall not be made available to any party other than (i) the Court, (ii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (iii) counsel to the Committee, if any (defined below) (on a confidential and professional eyes only basis) and (iv) any other party as may be ordered by the Court or agreed to by the Debtors, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors, and (c) granting such other and further relief as the Court deems just and proper. In further support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within

2

the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 107(b) and 107(c) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

4. Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

5. Over the past few months, the digital asset industry has experienced tremendous dislocation. The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signaled the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with digital asset companies. As market conditions worsened, other companies faced financial difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings, Inc. and certain affiliates, which filed for Chapter 11 in July 2022. Most recently, FTX Trading Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and Alameda, the "FTX Entities") filed Chapter 11 proceedings.

6. These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business. This "run on the bank" following the FTX Entities' collapse in early November severely impacted the Company's available liquidity. As a result of the unprecedented number and size of the loan calls, on

3

November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors' estates, ensure fair distribution and begin discussions with our stakeholders.

7.  Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions. In addition, the Debtors have undertaken cost-saving and liquidity-preserving measures. As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

8.  On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

9.  While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution. Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts towards a consensual resolution through a transparent, court supervised process. To that end, the Debtors have also filed the Debtors' Joint Chapter 11 Plan, ECF No. 20, a proposed plan of reorganization which will be amended as necessary to reflect the results of the Debtors' continued negotiations.

10. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration*

4

*of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 28 (the "Leto Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 19 (the "Aronzon Declaration") and the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 17 (the "Islim Declaration" and, together with the Leto Declaration and Aronzon Declaration, the "First Day Declarations").

11. The Debtors are filing contemporaneously herewith applications to retain the following professionals in these chapter 11 cases: (i) Cleary Gottlieb Steen & Hamilton LLP, as main legal counsel; (ii) Kroll Restructuring Administration LLC, as claims and noticing agent and, separately, as administrative advisor; (iii) Moelis & Company LLC, as investment banker; (iv) Alvarez & Marsal North America, LLC, as financial advisor, (v) Morrison Cohen LLP as special counsel and (vi) Kobre & Kim LLP as conflicts counsel (collectively, the "Professionals," and retention applications submitted by such Professionals, collectively, the "Retention Applications"). The Retention Applications, along with the schedules the Debtors are required to file pursuant to Bankruptcy Rule 1007 (the "Schedules"), disclose potential parties-in-interest, including the names of individual creditors and potential counterparties to mergers and acquisitions.

## RELIEF REQUESTED

12. By this Motion, the Debtors request the entry of an order pursuant to sections 107(b), 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1 of the Local Rules (a) authorizing the Debtors to redact the Confidential Information listed in the Retention Applications, the Schedules, and in any other documents filed with the Court (including, but not limited to, certificates of service and the master service list) (b) directing that the

5

Confidential Information shall remain under seal and confidential, and shall not be made available to any party other than (i) the Court, (ii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (iii) counsel to the Committee, if any (on a confidential and professional eyes only basis) and (iv) any other party as may be ordered by the Court or agreed to by the Debtors, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors, and (c) granting such other and further relief as the Court deems just and proper..

## BASIS FOR RELIEF

13. The Bankruptcy Code provides strong support for the redaction of certain information in the Retention Applications and the Schedules. Section 107(b) of the Bankruptcy Code authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]

11 U.S.C. § 107(b).

14. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, and provides, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018

15. Section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Video Software Dealers Ass'n v. Orion*

6

*Pictures Corp. (In re Orion Pictures)*, 21 F.3d 24, 27 (2d Cir. 1994). Under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id*. Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id*.

16. In granting motions to redact "commercial information," courts have defined this term as "information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations'" of the entity whose information would be disclosed absent the requested relief. *In re Orion Pictures*, 21 F.3d at 28; *In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). The term "commercial information" includes "situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on [business] negotiations.'" *In re Borders Grp., Inc.*, 462 B.R. 42, 47–48 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (internal citation omitted)).

17. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." *In re Orion Pictures,* 21 F.3d at 27. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id*. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *In re Glob. Crossing, Ltd.*, 295 B.R. at 724; *see also* Fed. R. Bankr. P. 9018.

7

18. Here, the Confidential Information for the Potential Counterparties is commercially sensitive and, in certain instances, confidential pursuant to non-disclosure agreements with the Debtors requiring that their identities remain confidential. With respect to the Potential Counterparties, the Debtors are currently engaged in a marketing and sales process for the Debtors' assets. The disclosure of the Potential Counterparties may impair negotiations and reduce competition for the sale of the assets, thereby disrupting the Debtors' efforts to consummate a sale of the Debtors or their assets, and violate non-disclosure agreements the Debtors have with certain of the Potential Counterparties. Particularly where the identities of the Potential Counterparties are the subject of non-disclosure agreements, disclosing Confidential Information with respect to these parties violates their agreements and could severely hamper sensitive negotiations, to the detriment of the Debtors' marketing process and the Debtors' ability to maximize value for the benefit of their estates and all stakeholders. This information falls squarely within the category of confidential commercial information in section 107(b)(1) of the Bankruptcy Code. Absent the protection sought in this motion, the maximum value of the Debtors' estates, which is imperative for the anticipated sale process under the plan of organization, will be at risk.

19. Moreover, Confidential Information with respect to the Litigation Counterparties fits squarely within the scope of section 107 because the existence of the litigation involving the Litigation Counterparties is confidential and under seal. Disclosure of such information would put the Debtors at risk of violating court orders providing for the confidentiality of such information.

20. Courts in this jurisdiction have granted the relief requested above in similar Chapter 11 Cases. *See In re Voyager Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 20, 2022), ECF No. 113 (granting debtors permission to redact the names of certain customers and confidential parties in interest related to the debtors' professional retention applications); *see also*

*In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 22, 2022), ECF No. 1431 (authorizing redaction of parties in interest related to the potential sale of the debtors' assets and potential procurement of post-petition financing, including in supplemental declarations submitted by retained professionals).

21. With respect to the Institutional Creditors and Individual Creditors, Section 107(c) provides support for redacting Confidential Information regarding these parties. Section 107(c) of the Bankruptcy Code provides that the Court:

> for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:]
>
> (A) *Any* means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> (B) *Other information* contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1) (emphases added).

22. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from the Retention Applications, the Schedules and any other documents filed with the Court, the Confidential Information of the Individual Creditors and the Institutional Creditors because such information is of limited value to parties in interest to the Chapter 11 Cases, is not generally available on the Internet and could be used to perpetrate identity theft or locate survivors of domestic violence, harassment or stalking. This risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at

9

her new address that had not been publicly available until then, forcing the employee to change addresses again.[2]

23. Further, data privacy laws have been enacted in key jurisdictions related to this matter. Namely the United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation (the "EU GDPR"), and the Singaporean Personal Data Protection Act 2012 (the "Singapore PDPA"). These laws impose substantial limitations on the disclosure of information relating to identified or identifiable individuals, including names and home addresses. Violators of the UK GDPR, EU GDPR, and Singapore PDPA risk civil and monetary penalties. The Debtors seek to maximize the value of the estate for the benefit of all its stakeholders and seeks to avoid the imposition of monetary policies that may result from the breach of these local data privacy laws.

24. Courts in this jurisdiction have granted the relief requested above in similar Chapter 11 Cases. See *In re Voyager Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 28, 2022) (granting debtors permission to redact any customer names connected to the EU and UK); *In re Vewd Software USA*, LLC, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Dec. 17, 2021) (allowing the debtors to redact names and addresses of individuals protected by the GDPR); *In re GTT Commc'ns. In*c., No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (allowing the debtors to redact names and addresses of individuals protected by the GDPR).

25. The Debtors propose to provide an unredacted version of the Retention Applications, the Schedules, and any other documents filed with the Court which include the

---

[2] The incident, which took place during the first Charming Charlie chapter 11 case in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019), ECF No. 4.

10

Confidential Information to (a) the Court, (b) the U.S. Trustee, (c) counsel to the Committee, if any (on a confidential and professional eyes only basis) and (d) any other party as may be ordered by the Court or agreed to by the Debtors, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors. Because the Debtors will provide unredacted copies of the Retention Applications, the Schedules and any other documents filed with the Court which include Confidential Information to the Court, the U.S. Trustee and counsel to the Committee, the public disclosure of the Confidential Information is not necessary for the purpose of determining the disinterestedness of the Debtors' Professionals.

26. To protect confidential and commercially sensitive information, the Debtors respectfully request that this Court authorize the Debtors to redact from the Retention Applications, the Schedules, and any other documents filed with the Court (including but not limited to certificates of service and the master service list), the names of the Confidential Counterparties, the home addresses and contact information of the Individual Creditors and the home addresses of the Institutional Creditors, and to maintain such information under seal until further order of this Court.

## NOTICE

27. Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) counsel to the Committee, if any; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iv) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (v) the Internal Revenue Service; (vi) the Securities and Exchange Commission; and (vii) all others that are required to be

noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

28.    No prior motion for the relief requested herein has been made to this or any other Court.

*[The remainder of the page is intentionally left blank]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter the order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

Dated:  February 8, 2023
        New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors and Debtors-in-Possession*

13

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO
11 U.S.C. §§ 107(b), 107(c) AND 105(a) FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO REDACT AND FILE UNDER SEAL
CERTAIN INFORMATION ABOUT THE CONFIDENTIAL PARTIES LISTED IN
THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS AND SCHEDULES**

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), for entry of an order, pursuant to sections 107(b), 107(c) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), (a) authorizing the Debtors to redact the Confidential Information of the Confidential Parties listed in the Retention Applications, the Schedules and in any other document filed with the Court listing such Confidential Information Court (including, but not limited to, certificates of service and the master service list), (b) directing that redacted information shall remain under seal and confidential, and shall not be made available to any party

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

other than (i) the Court, (ii) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), (iii) counsel to the Committee, if any and (iv) any other party as may be ordered by the Court or agreed to by the Debtors, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors, and (c) granting such other and further relief as the Court deems just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 107(b), 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact from the professional Retention Applications, the Schedules and any other documents filed with this Court, certain information pertaining to (i) the names, addresses, and contact information for individual creditors, (ii) the addresses and contact information for institutional creditors whose addresses are home

addresses (iii) the names of potential counterparties in a merger or acquisition transaction and (iv) the names of parties involved in litigation with the Debtors that has been filed under seal.

3. The Debtors shall provide an unredacted version of the Retention Applications, the Schedules, or any other documents filed with the Court which include Confidential Information (including, but not limited to, certificates of service and the master service list) to (i) the Court, (ii) the U.S. Trustee, (iii) counsel to the Committee, if any (on a confidential and professional eyes only basis) and (iv) any other party as may be ordered by the Court or agreed to by the Debtors, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any other person or entity. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Order.

4. Nothing herein precludes a party in interest's, or the U.S. Trustee's, right to file a motion requesting that this Court unseal the information redacted by this Order.

5. The Debtors shall submit an unredacted copy of the Retention Applications, the Schedules, or any other documents which include Confidential Information to the Clerk of the Bankruptcy Court (the "Clerk's Office") under seal in an envelope, clearly indicating that the same has been filed under seal by order of this Court and may not be unsealed until and unless permitted by further order of this Court.

6. Counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of the sealed documents at the conclusion of the contested matter; *provided* that, if the Debtors have not contacted the Clerk's Office within forty-five (45) days of the closing of the Chapter 11 Cases, the Clerk's Office is authorized to dispose of the sealed documents in a manner consistent with the need to preserve confidentiality.

3

7. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.

Dated: _____, 2023    _____
      White Plains, New York    THE HONORABLE SEAN H. LANE
                                         UNITED STATES BANKRUPTCY JUDGE