**Hearing Date: February 22, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 15, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON
LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC
PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on February 8, 2023, the debtors and debtors in possession (collectively, the "Debtors"), filed the annexed *Debtors' Application For An Order*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

*Authorizing Employment And Retention Of Cleary Gottlieb Steen & Hamilton LLP As Counsel For The Debtors And Debtors-In-Possession* Nunc Pro Tunc *To The Petition Date* (the "Application").  A hearing (the "Hearing") on the Application will be held via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **February 22, 2023 at 11:00 a.m. (Eastern Time) (the "Hearing Date")**.

         **PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Application or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **February 15, 2023 at 4:00 p.m (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

         **PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Application, the Debtors on or after the Objection Deadline, may submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit C to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

         **PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

         **PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:  February 8, 2023
        New York, New York

/s/ Sean A. O'Neal_____
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' APPLICATION FOR AN ORDER**
**AUTHORIZING EMPLOYMENT AND RETENTION OF CLEARY**
**GOTTLIEB STEEN & HAMILTON LLP AS COUNSEL FOR THE DEBTORS**
**AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively,

the "Chapter 11 Cases"), hereby submit this application (the "Application") for entry of an order,

substantially in the form attached hereto as Exhibit C (the "Proposed Order"), pursuant to sections

327(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy

Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"): (i) authorizing the employment and retention of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb" or the "Firm") as counsel for the Debtors and the debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases") *nunc pro tunc* to the Petition Date (as defined herein); (ii) directing that copies of all notices, pleadings and other documents filed in these cases and any and all related adversary proceedings be served upon Cleary Gottlieb; and (iii) granting such other and further relief as the Court deems just and proper.  In support of this Application, the Debtors rely on (i) the *Declaration of Sean A. O'Neal in Support of Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "O'Neal Declaration"), attached to this Application as Exhibit A, and (ii) the *Declaration of Paul Aronzon in Support of Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "Aronzon Declaration"), attached to this Application as Exhibit B, and respectfully state as follows:

**JURISDICTION AND VENUE**

1.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory

predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code and

Bankruptcy Rules 2014(a) and 2016.

## BACKGROUND

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries,

the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide

lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat

currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-

Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services.

Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

3.      Over the past few months, the digital asset industry has experienced tremendous

dislocation.  The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signaled

the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with

digital asset companies.   As market conditions worsened, other companies faced financial

difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings,

Inc. and certain affiliates, which filed for Chapter 11 in July 2022.  Most recently, FTX Trading

Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and

Alameda, the "FTX Entities") filed Chapter 11 proceedings.

4.      These drastic market shifts have decreased investor confidence in the digital asset

markets and severely and adversely impacted the Company's business.  This "run on the bank"

following the FTX Entities' collapse in early November severely impacted the Company's

available liquidity.   As a result of the unprecedented number and size of the loan calls, on

November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors'

estates, ensure fair distribution and begin discussions with our stakeholders.

5.      Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions.  In addition, the Debtors have undertaken cost-saving and liquidity-preserving measures.  As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

6.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

7.      While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution.  Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts towards a consensual resolution through a transparent, court supervised process.  To that end, the Debtors have also filed the Debtors' Joint Chapter 11 Plan, ECF No. 20, a proposed plan of reorganization which will be amended as necessary to reflect the results of the Debtors' continued negotiations.

8.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the Day Declarations.

## RELIEF REQUESTED

9.     By this Application, the Debtors seek entry of an order substantially in the form attached hereto as <u>Exhibit C</u> pursuant to sections 327(a) and 330 of the Bankruptcy Code, Rules 2014(a) and 2016 of the Bankruptcy Rules and Rules 2014-1 and 2016-1 of the Local Rules: (i) authorizing the Debtors to employ and retain Cleary Gottlieb as their attorneys to file and prosecute the Chapter 11 Cases and all related matters, *nunc pro tunc* to the Petition Date; (ii) directing that copies of all notices, pleadings and other documents filed in these cases and any and all adversary proceedings be served upon Cleary Gottlieb; and (iii) granting such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF

10.     The Debtors have determined that it will be necessary to engage counsel with knowledge and experience in the areas of bankruptcy, reorganization, mergers and acquisitions, tax, finance, corporate governance and other matters.  Such legal counsel will enable the Debtors to carry out their duties in the Chapter 11 Cases and to assist in the reorganization of the estates. The Debtors, therefore, propose to retain and employ the law firm of Cleary Gottlieb as counsel in all phases of the Chapter 11 Cases.

11.     Bankruptcy Rule 2014(a) requires that an application for retention of a professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).  As required, this Application and the exhibits attached hereto set forth specific facts showing the necessity for the employment, the reasons for selecting Cleary Gottlieb,

the professional services to be rendered, the proposed arrangements for compensation and Cleary Gottlieb's connections to parties in interest.

12.     Cleary Gottlieb is a law firm, which employs approximately 1,100 attorneys as of the Petition Date. The Firm maintains offices for the practice of law at One Liberty Plaza, New York, New York, as well as offices in: Washington, D.C.; San Francisco, California; Palo Ato California; Paris, France; Brussels, Belgium; London, United Kingdom; Frankfurt, Germany; Cologne, Germany; Rome, Italy; Milan, Italy; Hong Kong; Beijing, China; São Paulo, Brazil; Abu Dhabi, United Arab Emirates; and Seoul, South Korea.

13.     Cleary Gottlieb began having discussions with GGH regarding various corporate governance matters on October 13, 2022. The firm's representation was finalized on November 4, 2022, when GGH and Cleary Gottlieb executed an engagement letter, which is attached as Exhibit D to this Application (the "Engagement Letter").

14.     Over the course of its representation of the Debtors, Cleary Gottlieb has become thoroughly familiar with the Debtors' businesses and affairs, including the relief contemplated by the various motions filed on the Petition Date. The Debtors now desire to employ and retain Cleary Gottlieb, pursuant to section 327(a) of the Bankruptcy Code, as counsel to perform the legal services that will be necessary during the Chapter 11 Cases, as more fully described below, in accordance with Cleary Gottlieb's normal hourly rates in effect when services are rendered. The Debtors have been informed that Sean A. O'Neal and Jane VanLare, as well as other members of, counsel to, and associates of Cleary Gottlieb, who will be engaged in the Chapter 11 Cases, are members in good standing of, among others, the Bars of the State of New York and the United States District Court for the Southern District of New York or are supervised by such attorneys.

15.     The Debtors have selected Cleary Gottlieb as section 327(a) counsel because of the Firm's extensive experience and knowledge with respect to the Debtors and in the field of business reorganizations under Chapter 11 of the Bankruptcy Code and other related matters. The Firm is both well qualified and uniquely able to represent the Debtors in the Chapter 11 Cases in an efficient and timely manner. If the Debtors were required to retain counsel other than Cleary Gottlieb in connection with the prosecution of the Chapter 11 Cases, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense required by such new attorneys to familiarize themselves with the Debtors' affairs and the intricacies of the Chapter 11 Cases.

16.     The employment of Cleary Gottlieb in accordance with its normal hourly rates and disbursement policies in effect from time to time, as the same may be adjusted from time to time, is necessary and essential to enable the Debtors to execute faithfully their duties as debtors and debtors-in-possession and to prosecute these Chapter 11 Cases. Subject to the control and further order of this Court, Cleary Gottlieb will be required to render various services to the Debtors, including the following professional services:

a.      providing advice to the Debtors with respect to their powers and duties as debtors-in-possession in the continued operation of their businesses and the management of their properties;

b.      taking all necessary actions to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

c.      preparing, on behalf of the Debtors, applications, motions, answers, orders, reports, memoranda of law and other papers in connection with the Chapter 11 Cases;

d.      [performing an investigation of the potential claims that the Debtors may have against their equityholder, DCG];

7

     e.      representing the Debtors in negotiations with creditors and parties in interest, including governmental agencies and authorities; and

     f.      performing all other necessary or appropriate legal services in connection with the Chapter 11 Cases.

17.     Cleary Gottlieb is willing to act on behalf of the Debtors to render the foregoing professional services.

18.     In addition to this Application, the Debtors have submitted, or expect to submit shortly, separate applications to retain, among others: (i) Kroll Restructuring Administration LLC as claims and noticing agent and, separately, as administrative advisor; (ii) Moelis & Company as investment banker; (iii) Alvarez & Marsal as financial advisor; (iv) Morrison Cohen LLP as special counsel on regulatory and enforcement matters, and (v) Kobre & Kim LLP as conflicts counsel. The Debtors have also filed a motion for the retention of a variety of ordinary course professionals. Cleary Gottlieb, in conjunction with the Special Committee and other members of the Debtors' senior management intends to carefully monitor and coordinate the efforts of all professionals retained by the Debtors in the Chapter 11 Cases and will delineate their respective duties so as to prevent duplication of services whenever possible.

19.     Pursuant to the Debtors' request, Cleary Gottlieb has agreed to serve as restructuring counsel for the Debtors on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention *nunc pro tunc* to the Petition Date, so that Cleary Gottlieb may be compensated for its pre-Application services.[2] The Debtors believe that

---

[2]     In *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, the U.S. Supreme Court rejected a district court's *nunc pro tunc* order that made remand to state court effective as of a previous date, finding that the order could not "creat[e] 'facts' that never occurred" to cure the state court's lack of jurisdiction while the case was removed to federal court. 140 S. Ct. 696, 701 (2020). This is not relevant to *nunc pro tunc* orders where, as here, the court plainly has jurisdiction over the Chapter 11 Cases as of the Petition Date and looks to exercise its discretion to grant retroactive compensation. Indeed, courts have continued to routinely approve *nunc pro tunc* employment of estate professionals following *Acevedo*. *See, e.g.*, Order, *In re Internap Tech. Solutions Inc.*, Case No. 20-22393 (RDD) (Bankr. S.D.N.Y. Apr. 23, 2020), ECF No. 131; Order, *In re The McClatchy Co.*, Case No. 20-10418

no party in interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this application, because Cleary Gottlieb has provided and continues to provide valuable services to the Debtors' estates in the interim period.  The Local Rules empower courts in this district to approve *nunc pro tunc* employment, and the Debtors submit that such approval is justified here.

## **CLEARY GOTTLIEB'S DISINTERESTEDNESS**

20.    To the best of the Debtors' knowledge, and except as otherwise disclosed in the O'Neal Declaration, the members, counsel and associates of Cleary Gottlieb do not hold any claims against the Debtors or any securities issued by the Debtors.

21.    As disclosed in the O'Neal Declaration, the Firm currently represents certain of the Debtors' creditors and other parties in interest in matters wholly unrelated to these proceedings. Cleary Gottlieb has fully informed the Debtors of its ongoing representation of such entities, and the Debtors have consented to the Firm's continued representation of these entities in matters unrelated to these proceedings.  The Debtors believe that Cleary Gottlieb's current and future representation of these entities will not in any way adversely affect the Firm's representation of the Debtors.

22.    To the best of the Debtors' knowledge except as otherwise disclosed in the O'Neal Declaration, Cleary Gottlieb does not hold or represent any interest adverse to the Debtors or their estates, Cleary Gottlieb is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, and Cleary

---

(MEW) (Bankr. S.D.N.Y. Mar. 26, 2020), ECF No. 232; Order, *In re Fairway Group Holdings Corp.*, Case No. 20-10161 (JLG) (Bankr. S.D.N.Y. Mar. 4, 2020), ECF No. 251.  To the extent that this Court or others find that *Acevedo* impacts this Court's ability to grant *nunc pro tunc* relief, this Court would nonetheless retain power to exercise its equitable discretion and award compensation prior to the date of entry of the order.  *See In re Benitez*, No. 8-19-70230 (REG), 2020 WL 1272258, at *2 (Bankr. E.D.N.Y. Mar. 13, 2020); *see also In re Miller*, 620 B.R. 637, 641–43 (Bankr. E.D. Cal. Oct. 13, 2020).

Gottlieb's employment and retention is necessary and in the best interests of the Debtors and their

estates.

23.     Cleary Gottlieb will periodically review its files during the pendency of the Chapter

11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new

relevant facts or relationships are discovered or arise, Cleary Gottlieb will use reasonable efforts

to identify such further developments and will file a supplemental declaration, in conformity with

Bankruptcy Rule 2014(a).

## PROFESSIONAL COMPENSATION

24.     The Debtors understand and have agreed that Cleary Gottlieb intends to apply to

the Court for allowance of compensation and reimbursement of expenses in accordance with

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of

the Court and the terms of Cleary Gottlieb's engagement with the Debtors.  Subject to such

provisions and Court orders, compensation will be payable to Cleary Gottlieb on an hourly basis

for services rendered, plus reimbursement of actual and necessary expenses incurred by the Firm

in accordance with the terms and conditions of this engagement.  The terms of the Debtors'

prepetition engagement of Cleary Gottlieb are set forth in the Engagement Letter.  For the purposes

of this engagement, Cleary Gottlieb's hourly rates for New York office timekeepers, subject to

periodic adjustments[3] to reflect economic and other conditions, are:

|  |  |
|---|---|
| Partners | $1,730 – 2,135 |

---

[3]     As do its peer firms, Cleary Gottlieb increases the hourly billing rate of attorneys and paraprofessionals in the form of step increases awarded in the ordinary course of business.  These step increases do not constitute "rate increases" (as the term is used in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, filed November 1, 2013).  As set forth in the Order, Cleary Gottlieb will provide reasonable notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these Chapter 11 Cases before implementing any periodic increases (other than step up increases for individual timekeepers), and shall file any such notice with the Court.

| | |
|---|---|
| Counsel | $1,280– 1,485 |
| Senior Attorneys | $1,190 – 1,400 |
| Associates | $710 – 1,180 |
| Paralegals | $370 – 495[4] |

The Firm's standard hourly rates are set at a level designed to compensate the Firm fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[5]

25.     In connection with the reimbursement of actual and necessary expenses, the Debtors have been informed that it is the Firm's policy to charge its clients in all areas of practice for expenses and charges incurred in connection with the clients' cases.  The expenses generally charged to Cleary Gottlieb's clients include, among other things, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, computer and electronic research time, electronic data hosting and review costs, overtime meals, overtime and late night transportation, travel, lodging, food charges for business meetings, postage, printing, transcripts, filing fees and document retrieval.  The Debtors have been informed that the Firm believes it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all of its clients.  The Debtors have agreed that Cleary Gottlieb will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to the Firm's other clients and in accordance with the terms and conditions of Cleary Gottlieb's engagement.  The Debtors respectfully submit that Cleary Gottlieb's rates and policies are reasonable.

---

[4]     These rates are effective January 1, 2023 and were the rates in effect when some of the Prepetition Payments were made.  Cleary Gottlieb's rates for U.S. employees from January 1, 2022 to December 31, 2022 ranged from $1,205 - $1,785 for partners, $1,125 - $1,375 for counsel, $1,100 - $1,295 for senior attorneys, $655 - $1,090 for associates, and $ $340 - $455 for paralegals.

[5]     Although it is anticipated that timekeepers from Cleary Gottlieb primarily will be based in the New York office, certain Cleary Gottlieb timekeepers involved in the Chapter 11 Cases may be from other Firm offices in order to serve the Debtors' needs.

26.     As set forth in the O'Neal Declaration, the Debtors provided Cleary Gottlieb with an initial retainer in the amount of $500,000.  On January 19, 2023, prior to the filing of the Chapter 11 Cases, the Debtors provided Cleary Gottlieb an additional $250,000 retainer.  Approximately $713,228.21 of the retainer was applied to outstanding balances on account of prepetition fees and expenses.  Cleary Gottlieb's retainer is held in a segregated client trust account at Citibank, N.A. in the Borough of Manhattan.  Cleary Gottlieb shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Cleary Gottlieb; provided, however, Cleary Gottlieb may withhold up to $10,000 of its prepetition retainer and maintain such $10,000 in its segregated client trust account at Citibank N.A. in the Borough of Manhattan.

27.     During the ninety (90) days before the Petition Date, the Debtors paid Cleary Gottlieb in the aggregate amount of $4,758,805 for professional services performed, including consensual out-of-court restructuring matters and preparation for the commencement and prosecution of the Chapter 11 Cases (the "Prepetition Payments"), as set forth in Exhibit IV of the O'Neal Declaration.[6]  Of the Prepetition Payments, $493,427 was for professional services unrelated to the Chapter 11 Cases.  The Debtors submit that such payments were received in the ordinary course of business and, in any event, in light of the prepetition retainer held by Cleary Gottlieb, are not recoverable preferences and that the receipt of such payments does not constitute an interest adverse to the Debtors.[7]

---

[6]     This amount includes the $500,000 retainer paid on November 16, 2022, and the additional $250,000 retainer paid on January 19, 2023

[7]     As of the Petition Date, the Debtors did not owe Cleary Gottlieb any amounts for legal services rendered before the Petition Date.  Although certain expenses and fees may have been incurred but not yet applied to Cleary Gottlieb's advance payment retainer, the amount of Cleary Gottlieb's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.  Cleary Gottlieb is authorized without further

28.     To the best of my information and belief, except as set forth above, the Debtors did not make any other payments to Cleary Gottlieb during the ninety-day period prior to the Petition Date, and Cleary Gottlieb is not a prepetition creditor of the Debtors.

29.     No promises have been received by either the Firm or any member, counsel, associate or other employee thereof as to compensation or payment in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.  Cleary Gottlieb has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases.

## NOTICE

30.     Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) counsel to the Committee; and (vii) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

31.     No prior application for the relief requested herein has been made to this or any other court.

*[The remainder of the page is intentionally left blank]*

---

order of the Court to apply amounts from the prepetition advance payment retainer to compensate and reimburse Cleary Gottlieb for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practice.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit C and (b) grant such other and further relief as is just and proper.

Dated:    February 8, 2023
           New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors and
Debtors-in-Possession*

**EXHIBIT A**

**O'Neal Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

Genesis Global Holdco, LLC, et al.,1

                  Debtors.

Chapter 11

Case No.: 23-10063 (SHL)

Jointly Administered

### DECLARATION OF SEAN A. O'NEAL IN
### SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER
### AUTHORIZING EMPLOYMENT AND RETENTION OF CLEARY
### GOTTLIEB STEEN & HAMILTON LLP AS COUNSEL FOR THE DEBTORS
### AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, Sean A. O'Neal, do hereby declare as follows:

1.      I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary

Gottlieb" or the "Firm"), which maintains an office for the practice of law at, among other places,

One Liberty Plaza, New York, New York 10006.

2.      I am an attorney at law admitted to practice before the courts of New York and

Massachusetts.

3.      I submit this declaration in support of the application (the "Application") of the

above-captioned debtors (collectively, the "Debtors") for an order approving the retention of

Cleary Gottlieb as restructuring counsel in the above-captioned cases (the "Chapter 11 Cases"),[2]

*nunc pro tunc*, to January 19, 2023 (the "Petition Date" ), at its normal hourly rates in effect from

time to time and in accordance with its normal reimbursement policies, in compliance with and to

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park
Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day
Declarations, as applicable.

provide disclosures pursuant to sections 327, 328, 329 and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein. To the extent that any information disclosed herein requires amendment or modification upon Cleary Gottlieb's completion of further analysis or as additional information becomes available to it, a supplemental declaration will be submitted to this Court.

4.      Cleary Gottlieb is composed, in part, of attorneys with knowledge and experience in the areas of bankruptcy, reorganization, mergers and acquisitions, tax, finance, securities, employee benefits and compensation, corporate governance and other areas that may be relevant to the Chapter 11 Cases.

5.      Cleary Gottlieb is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Cleary Gottlieb, its members, counsel, senior attorneys and associates:

    a.      are not creditors, equity security holders or insiders of the Debtors;

    b.      are not and were not, within two years before the Petition Date, directors, officers or employees of the Debtors; and

    c.      do not have interests materially adverse to the interest of the Debtors' estates or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or for any other reason.

6.      Cleary Gottlieb began having discussions with GGH regarding various corporate governance matters on October 13, 2022.  The firm's representation was finalized on November 4, 2022, when GGH and Cleary Gottlieb executed the Engagement Letter.

7.     If the Debtors were required to retain counsel other than Cleary Gottlieb in connection with the prosecution of the Chapter 11 Cases, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense necessarily required by such new attorneys to familiarize themselves with the intricacies of the Debtors' businesses, operations and capital structure.

8.     Cleary Gottlieb received from the Debtors an initial retainer in the amount of $500,000.  On January 19, 2023, prior to the filing of the Chapter 11 Cases, the Debtors provided Cleary Gottlieb an additional $250,000 retainer.  Approximately $713,228.21 of the retainer was applied to outstanding balances on account of prepetition fees and expenses.  Cleary Gottlieb's retainer is held in a segregated client trust account at Citibank, N.A. in the Borough of Manhattan. Cleary Gottlieb shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Cleary Gottlieb; provided, however, Cleary Gottlieb may withhold up to $10,000 of its prepetition retainer and maintain such $10,000 in its segregated client trust account at Citibank N.A. in the Borough of Manhattan.

9.     During the ninety (90) days before the Petition Date, the Debtors paid Cleary Gottlieb in the aggregate amount of $4,758,805[3] for professional services performed, including consensual out-of-court restructuring matters and preparation for the commencement and prosecution of the Chapter 11 Cases (the "Prepetition Payments"), as set forth in Exhibit IV.  Of the Prepetition Payments, $493,427 was for professional services unrelated to the Chapter 11 Cases.  The Debtors submit that such payments were received in the ordinary course of business and, in any event, in light of the prepetition retainer held by Cleary Gottlieb, are not recoverable

---

[3]     This amount includes the $500,000 retainer paid on November 16, 2022, and the additional $250,000 retainer paid on January 19, 2023

preferences and that the receipt of such payments does not constitute an interest adverse to the Debtors.[4]

10.     To the best of Cleary Gottlieb's information and belief, except as set forth above, the Debtors did not make any other payments to Cleary Gottlieb during the ninety-day period prior to the Petition Date, and Cleary Gottlieb is not a prepetition creditor of the Debtors.  A summary of payments invoiced and received by Cleary Gottlieb in the ninety-day period prior to the Petition Date is set forth in <u>Exhibit IV</u> annexed hereto.

## <u>DISCLOSURES OF CLEARY GOTTLIEB</u>

11.     In preparing this Declaration, in order to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules regarding the retention of professionals by a debtor, I directed that a list (the "<u>Potential Parties-in-Interest List</u>") of the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, the Debtors' fifty largest unsecured creditors on a consolidated basis, significant contract counterparties, significant vendors, insurers, taxing authorities, the United States Trustee and persons employed in the office of the United States Trustee and certain other parties in interest in the Debtors' Chapter 11 Cases, be submitted to the Firm's records department.[5]  The Potential Parties-in-Interest List is attached hereto as <u>Exhibit I</u>.  Cleary Gottlieb's records department ran a computerized check of each of these persons or entities against the firm's client database (the "<u>Client Database</u>") to determine which persons or entities, if any, Cleary Gottlieb currently

---

[4]     As of the Petition Date, the Debtors did not owe Cleary Gottlieb any amounts for legal services rendered before the Petition Date.  Although certain expenses and fees may have been incurred but not yet applied to Cleary Gottlieb's advance payment retainer, the amount of Cleary Gottlieb's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.  Cleary Gottlieb is authorized without further order of the Court to apply amounts from the prepetition advance payment retainer to compensate and reimburse Cleary Gottlieb for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practice.

represents ("Current Clients") or has represented in the past two years ("Former Clients").  A list of Current Clients matching those entities on the Potential Parties-in-Interest List is attached hereto as Exhibit II.  A list of Former Clients matching those entities on the Potential Parties-in-Interest List is attached hereto as Exhibit III.

12.     Cleary Gottlieb, which employs approximately 1,100 attorneys in fifteen offices around the globe, has a large and diversified legal practice that encompasses the representation of many financial institutions and commercial corporations.  Some of those entities are or may consider themselves to be creditors or parties in interest in the Debtors' pending Chapter 11 Cases or to otherwise have interests in these cases.  Cleary Gottlieb has represented, currently represents and/or may represent in the future persons or entities listed in the Potential Parties-in-Interest List (or their affiliates) in matters totally unrelated to the Debtors.  For the avoidance of doubt, Cleary Gottlieb has not and will not represent any such persons or entities with respect to the matters involving the Debtors or the Chapter 11 Cases.  To the best of my knowledge, none of the entities from the Potential Parties-in-Interest List represented 1% or more of Cleary Gottlieb's gross revenue for the twelve month period ending 12/31/22, other than [ON FILE] & Co. Inc ("[ON FILE]"). [ON FILE] accounted for less than 2.0% of Cleary Gottlieb's gross revenue for the twelve month period ending December 31, 2022.  Cleary Gottlieb has represented and continues to represent [ON FILE] and certain of its affilites in a variety of matters, all of which are unrelated to the Debtors or the Chapter 11 Cases.  Cleary Gottlieb has considered the position of [ON FILE] in these Chapter 11 Cases and concluded that Cleary Gottlieb's representation of [ON FILE] does not preclude Cleary Gottlieb from meeting the disinterestedness standard under the Bankruptcy Code.

13.     Cleary Gottlieb previously represented Gemini Trust Company, LLC ("Gemini"), a customer of Genesis, in matters unrelated to the Chapter 11 proceedings.  In addition, in August

2022, Cleary Gottlieb advised Gemini in drafting initial versions of a pledge agreement that formed

the basis of a pledge agreement with Genesis in respect of certain GBTC shares that were pledged

to Gemini. Cleary Gottlieb did not represent Gemini in any negotiations with Gemini nor in any

transactions with the Debtors or their non-Debtor affiliates.  As part of its engagement with Cleary

Gottlieb, Gemini entered into a customary advance conflicts waiver regarding litigation, arbitration

or bankruptcy proceedings.  Cleary Gottlieb thoroughly considered the advance waiver, the

position of Gemini in these Chapter 11 Cases and concluded that Cleary Gottlieb's prior

representation of Gemini did not preclude Cleary Gottlieb from meeting the disinterestedness

standard under the Bankruptcy Code.  Nevertheless, in an abundance of caution, the Debtors are

seeking concurrently to retain special conflicts counsel in these Cases should any conflicts arise in

connection with interpretation of any provision of the pledge agreement or otherwise.

14.    Cleary Gottlieb also represents [ON FILE], a creditor of the Debtors, in matters

unrelated to the Chapter 11 proceedings.  [ON FILE] has waived any conflicts regarding

bankruptcy proceedings in which [ON FILE] is involved, even if the interests of such other clients

in such matters are directly adverse.  Cleary Gottlieb has considered the position of [ON FILE] in

these Chapter 11 Cases and concluded that Cleary Gottlieb's representation of [ON FILE] does

not preclude Cleary Gottlieb from meeting the disinterestedness standard under the Bankruptcy

Code.

15.    Cleary Gottlieb also represents three individual lenders of Genesis in estate

planning needs.  These matters are unrelated to the Chapter 11 proceedings.  All clients have

waived conflicts regarding litigation, arbitration or bankruptcy proceedings, even if the interests

of such other clients in such matters are directly adverse.

16.    To the best of my knowledge and information, and after a review of the Potential

Parties-in-Interest List and the Firm's records conducted at my direction, aside from the above

listed clients, Cleary Gottlieb's connections with the parties identified on the Potential Parties-in-

Interest List, currently and during the past two years, are as follows:

> a.    ***Professionals Representing the Debtors***.  As part of its practice, Cleary Gottlieb appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment banks, including other professionals representing the Debtors.  In certain instances, professionals representing the Debtors may be clients of, or opposing counsel to, Cleary Gottlieb in matters unrelated to the Chapter 11 Cases.  In addition, Cleary Gottlieb has represented, and may continue to represent, clients that are adverse to clients of the Debtors' professionals in various matters unrelated to the Chapter 11 Cases.

> b.    ***Creditors of the Debtors***.  In matters unrelated to the Chapter 11 Cases, Cleary Gottlieb has represented, and may continue to represent, various creditors of the Debtors (or their affiliates) identified on <u>Exhibit II</u> and <u>Exhibit III</u>.  Cleary Gottlieb will not represent any of these entities in any matters related to these Chapter 11 Cases.

> c.    ***Professionals Representing Creditors of the Debtors***.  As part of its practice, Cleary Gottlieb appears in cases, proceedings and transactions involving many different attorneys, accountants, financial consultants and investment banks, including other professionals representing creditors or other parties in interest.  Cleary Gottlieb does not and will not represent such professionals in relation to the Chapter 11 Cases.

> d.    ***Other Parties in Interest***.  In matters unrelated to the Chapter 11 Cases, Cleary Gottlieb has represented, and may continue to represent, various other parties in interest (or their affiliates) identified on <u>Exhibit II</u> and <u>Exhibit III</u>.  Cleary Gottlieb does not and will not represent any of these entities in any matters related to these Chapter 11 Cases.  In addition, Cleary Gottlieb may currently represent, or may have previously represented, certain of the Debtors' customers or parties who may be affiliated with such customers in matters wholly unrelated to the Debtors and the Chapter 11 Cases.  Cleary Gottlieb does not and will not represent such professionals in relation to the Chapter 11 Cases.

17.    In addition, Cleary Gottlieb, its members, counsel, senior attorneys, associates

and/or other employees of Cleary Gottlieb:

a.      may have appeared in the past, and may appear in the future, in other cases unrelated to the Chapter 11 Cases where the Debtors' creditors or other parties in interest may be involved;

b.      may represent, and may have represented, certain of the Debtors' creditors or other parties in interest of the Debtors in matters that are unrelated to the Chapter 11 Cases; and

c.      may have had other dealings with creditors or other parties in interest of the Debtors that are unrelated to the Chapter 11 Cases.

18.     Cleary Gottlieb has conducted a general inquiry of all partners, counsel and associates employed with the firm as of January 11, 2023 to determine whether they (i) hold any claims against Genesis or (ii) hold securities issued by Genesis, other than in connection with investments in mutual funds, blind trusts or other investments as to which such individual has no discretion as to the selection of the individual underlying assets.   Based on responses to this inquiry, I understand that as of the date hereof, no such Cleary Gottlieb legal personnel own any debt or equity securities of the Debtors.  Cleary Gottlieb has a long-standing policy prohibiting all personnel from using confidential information that may come to their attention in the course of their work.  In this regard, all Cleary Gottlieb personnel are barred from trading in securities with respect to which they possess confidential information.   Furthermore, Firm personnel are prohibited from purchasing, selling or transferring any securities issued by current clients of the Firm, non-clients with which the Firm has a continuing relationship, certain non-clients involved in current matters being handled by the Firm, any entity involved in any matter on which a Firm employee performed services during the preceding six months and any entity in bankruptcy or other extraordinary corporate activity.  In order to ensure compliance with these restrictions, Firm personnel must submit a trading report to the Firm's conflicts department before engaging in any transaction involving securities.

19.      Because the Debtors operate an integrated business, certain interrelationships exist among the Debtors.  For example, the Debtors share certain services, including legal services. Nevertheless, the Debtors have advised Cleary Gottlieb that these relationships do not pose any conflicts of interest because of the general unity of interest among the Debtors.  Insofar as I have been able to ascertain, I know of no conflicts of interest that would preclude Cleary Gottlieb's joint representation of the Debtors in the Chapter 11 Cases.

20.      To the best of my knowledge, there is no other connection or interest (as such terms are used in Section 101(14) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Cleary Gottlieb and the United States Trustee for the Southern District of New York or any person employed by the Office of the United States Trustee for the Southern District of New York.

21.      The proposed engagement of Cleary Gottlieb is not prohibited by Bankruptcy Rule 5002.  Despite the efforts described herein to identify and disclose Cleary Gottlieb's connections with the parties in interest in these Chapter 11 Cases, because of the Debtors' numerous relationships, Cleary Gottlieb is unable to state with absolute certainty that every client relationship or other connection has been disclosed.  If any new material relevant facts or relationships are discovered or arise, Cleary Gottlieb will file a supplemental disclosure detailing the same with the Court.

22.      Cleary Gottlieb believes that it can adequately represent the interests of the Debtors. Cleary Gottlieb has not represented any creditor, interest holder or other party in interest in connection with their respective dealings with the Debtors, except as disclosed above.  Cleary Gottlieb has fully informed the Debtors of its ongoing representation of the entities identified in Exhibit II and the Debtors have agreed both to the Firm's continued representation of these entities in matters unrelated to these proceedings and to the Firm's representation of the Debtors in the Chapter 11 Cases.  In the event that any adversary proceeding is required to be commenced as to

any of the entities identified in <u>Exhibit II</u>, or any other then active client of the Firm, another law firm will handle such matters unless appropriate waivers are obtained.

**CLEARY GOTTLIEB'S RATES AND BILLING PRACTICES**

23.     Cleary Gottlieb intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court and the terms of Cleary Gottlieb's engagement with the Debtors.  Subject to such provisions and Court orders, the Debtors have agreed that compensation will be payable to Cleary Gottlieb on an hourly basis for services rendered, plus reimbursement of actual and necessary expenses incurred by the Firm in accordance with the terms and conditions of its engagement.  For the purposes of its engagement, Cleary Gottlieb's hourly rates for New York office timekeepers, subject to periodic adjustments[6] to reflect economic and other conditions, are:

| | |
|---|---|
| Partners | $1,730 – 2,135 |
| Counsel | $1,280– 1,485 |
| Senior Attorneys | $1,190 – 1,400 |
| Associates | $710 – 1,180 |
| Paralegals | $370 – 495[7] |

---

[6]     As do its peer firms, Cleary Gottlieb increases the hourly billing rate of attorneys and paraprofessionals in the form of step increases awarded in the ordinary course of business based on, *inter alia*, increases in the attorney's or paraprofessionals' seniority or promotions they may be awarded.  These step increases do not constitute "rate increases" (as the term is used in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, filed November 1, 2013).  As set forth in the Order, Cleary Gottlieb will provide reasonable notice to the Debtors, the U.S. Trustee and any statutory committee appointed in these chapter 11 cases before implementing any periodic increases, and shall file any such notice with the Court.

[7]     These rates are effective January 1, 2023 and were the rates in effect when some of the Prepetition Payments were made.  Cleary Gottlieb's rates for U.S. employees from January 1, 2022 to December 31, 2022 ranged from $1,205 - $1,785 for partners, $1,125 - $1,375 for counsel, $1,100 - $1,295 for senior attorneys, $655 - $1,090 for associates, and $ $340 - $455 for paralegals.

The Firm's standard hourly rates are set at a level designed to compensate fairly the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[8]

24.    In addition to the hourly rates set forth above, Cleary Gottlieb's policy is to charge its clients in all areas of practice for all expenses and charges incurred in connection with the clients' cases.  The expenses generally charged to Cleary Gottlieb's clients include, among other things, photocopying charges, long distance telephone calls, facsimile transmissions, messengers, courier mail, computer and electronic research time, overtime meals, overtime and late night transportation, travel, lodging, food charges for business meetings, postage, printing, transcripts, filing fees and document retrieval.  The Firm believes it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.  The Debtors have agreed that Cleary Gottlieb will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to the Firm's other clients and in accordance with the terms and conditions of the Firm's engagement.  Subject to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and this Court's rules and orders with respect to the reimbursement of expenses of counsel retained, Cleary Gottlieb will seek reimbursement of all such reimbursable expenses and charges incurred on behalf of the Debtors in accordance with the terms and conditions of Cleary Gottlieb's engagement.

25.    Cleary Gottlieb will seek approval of payment of the above described compensation and expenses upon its filing of applications for allowance of interim or final compensation pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules,

---

[8]    While it is anticipated that timekeepers from Cleary Gottlieb primarily will be based in the New York office, certain Cleary Gottlieb timekeepers involved in the Chapter 11 Cases may be from other Firm offices in order to serve the Debtors' needs.

any applicable orders of the Court and in accordance with the terms and conditions of Cleary Gottlieb's engagement.

26.    No promises have been received by Cleary Gottlieb or any member or associate thereof as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules and orders of this Court.

27.    No agreement exists between Cleary Gottlieb and any other person (other than among partners, counsel and associates of Cleary Gottlieb) for the sharing of compensation to be received by Cleary Gottlieb in connection with services rendered in the Chapter 11 Cases.

## COORDINATION WITH OTHER PROFESSIONALS FOR THE DEBTORS

28.    Cleary Gottlieb is aware that the Debtors have submitted, or intend to submit, separate applications to retain, among others:  (i) Kroll Restructuring Administration LLC as claims and noticing agent and, separately, as administrative advisor; (ii) Moelis & Company as investment banker; (iii) Alvarez & Marsal as financial advisor; (iv) Morrison Cohen LLP as special counsel on regulatory and enforcement matters, and (v) Kobre & Kim LLP as conflicts counsel. The Debtors have also filed a motion for the retention of a variety of ordinary course professionals, and the Debtors anticipate filing additional retention applications as the Chapter 11 Cases progress. Cleary Gottlieb, the Special Committee and other members of the Debtors' senior management intend to carefully monitor and coordinate the efforts of all professionals retained by the Debtors in these Chapter 11 Cases and will delineate their respective duties so as to prevent duplication of services whenever possible.

## **ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES**

29.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases,* effective November 1, 2013, established by the Executive Office for the United States Trustees.

**Question**:     Did Cleary Gottlieb agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:     No.

**Question**:     Do any of Cleary Gottlieb's professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**:     No.

**Question**:     If Cleary Gottlieb represented the Debtors in the 12 months prepetition, disclose Cleary Gottlieb's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If Cleary Gottlieb's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**:     As disclosed above, Cleary Gottlieb represented the Debtors during the twelve-month period prior to the Petition Date.  Cleary Gottlieb's billing rates in effect prior to January 1, 2023 for U.S. employees who provided services to the Debtors are described above in footnote 6.  Cleary Gottlieb's billing rates as of January 1, 2023 are as set forth in paragraph 23 above.

**Question**:     Have the Debtors approved Cleary Gottlieb's prospective budget and staffing plan, and, if so, for what budget period?

**Response**:     Yes, for the period from the Petition Date through sixty days after the Petition Date.  The Debtors recognize, however, that it is possible that in the Chapter 11 Cases there may be unforeseen fees and expenses that will need to be addressed by the Debtors and Cleary Gottlieb.

## **CONCLUSION**

30.     The Application requests approval of the Debtors' retention of Cleary Gottlieb at Cleary Gottlieb's normal hourly rates in effect at the time the serves are rendered and in accordance with Cleary Gottlieb's normal reimbursement policies, subject to any modifications to such policies that Cleary Gottlieb may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.   Subject to these terms and conditions, Cleary Gottlieb intends to apply, pursuant to section 330 of the Bankruptcy Code, for allowances of compensation for professional services rendered in these Chapter 11 Cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

31.     The foregoing constitutes the statement of Cleary Gottlieb pursuant to sections 327(a), 328(a), 329(a), 504 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

\* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated:  February 8, 2023
        New York, New York

                                        _/s/ Sean A. O'Neal_____
                                        Sean A. O'Neal
                                        Partner
                                        Cleary Gottlieb Steen & Hamilton LLP

## Exhibit 1

### Potential Parties-in-Interest

**Debtor Entities**
Genesis Asia Pacific PTE. LTD
Genesis Global Capital LLC
Genesis Global Holdco, LLC

**Non-Debtor Affiliates**
Genesis Asia (Hong Kong) Limited
Genesis Bermuda Holdco Limited
Genesis Custody Limited
Genesis Global Assets, LLC
Genesis Global Labs, LLC
Genesis Global Markets Limited
Genesis Global Trading, Inc.
Genesis UK Holdco Limited
GGA International Limited (BVI)
GGC International, Ltd (BVI)

**Major Equity Holders**
Digital Currency Group, Inc.

**Major Equity Holders' Counsel**
Weil, Gotshal, and Manges LLP

**Senior Management**
Agnes Chen Meiyun
Alice Chan
Andrew Sullivan
Brian Bulthius
Diana Kim

**Current Directors**
A. Derar Islim
Arianna Pretto-Sakmann
Gan Lee Teng
Lip Chih Ng
Matthew Johnson
Mark Murphy
Michael Kraines
Michael Patterson
Sugandhi Govil
Paul Aronzon

Tom Conheeney

**Debtors' Restructuring Professionals**
Cleary Gottlieb Steen & Hamilton LLP
Alvarez & Marsal Holdings, LLC
Kobre & Kim LLP
Kroll Restructuring Administration LLC
Moelis & Company

**Material Contract Counterparties**
Talos Trading, Inc.
WorkSocial.com LLC

**Insurers**
Axis Capital
Forge Insurance Company
Lloyd's of London
Starr Insurance & Reinsurance Limited
Woodruff Sawyer

**Bankruptcy Court for the Southern District of New York**
Ali Ismail
Brenda Robie
Chantel Barrett
Christine Azzaro
Connor Farley
Daniel Slemmer
Deanna Anderson
Dorie Arthur
Francis O'Rourke
Graham Fisher
Greg White
Hon. Cecelia G. Morris
Hon. David S. Jones
Hon. James L. Garrity, Jr.
Hon. John P. Mastando
Hon. Lisa G. Beckerman
Hon. Martin Glenn
Hon. Michael E. Wiles
Hon. Philip Bentley

Hon. Sean H. Lane
Ian Kitts
Jacob Schuerger
Jacqueline DePierola
James Vincenti
Jaqueline Tran
Jenna MacDonald
Jennifer Pollan
John Churchill
John Kuebler
Julia Bonnell
Karra Puccia
Leslie Wybiral
Liza Ebanks
Lorraine Echevarria
Lynda Calderon
Maria Rodriguez-Castillo
Sarah Rosenthal
Tammi Hellwig
Tracey Mercado
Tyler Talton
Vanessa Ashmeade
Willie Rodriguez

**U.S. Trustee Office, Region 2, Southern District of New York, Manhattan Division**
Abriano, Victor
Allen, Joseph
Arbeit, Susan
Bentley, Phillip
Black, Christine
Bruh, Mark
Cornell, Shara
Gannone, James
Harrington, William K.
Higgins, Benjamin J.
Higgins, David S.
Joseph, Nadkarni
Leonhard, Alicia
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary V.
Morrissey, Richard C.
Ogunleye, Alaba
Penpraze, Lisa
Riffkin, Linda A.

Rodriguez, Ilusion
Schmitt, Kathleen
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Tiantian, Tara
Van Baalen, Guy A.
Velez-Rivera, Andy
Vescovacci, Madeleine
Wells, Annie
Zipes, Greg M.

**Taxing Authorities**
Monetary Authority of Singapore

**Debtors' Banks & Financial Services Providers**
Anchorage Lending CA, LLC
Banking Circle
Continental Stock Transfer & Trust
Houlihan Lokey
Industrial and Commercial Bank of China
Interactive Brokers
JPMorgan Chase Bank, NA
JPMorgan Chase Bank, NA Singapore
Kraken
Marex Captial Markets, Inc.
Metropolitan  Commercial Bank
Signature Bank
Silvergate Bank
Tradestation

**Significant Vendors**
250 Park LLC
ACRION GROUP INC/Dmitri Gofshtein
Agon Litigation
Amazon Web Services
American Arbitration Association
Anchorage Digital Bank, National Association
Andy McMullen
BitGo, Inc.
Bloomberg LP
CAPITEQ PTE. LTD.
CDW Direct LLC

Chicago Mercantile Exchange Inc NEED PO
CJD Technologies
CloudFlare, Inc.
CMS Cameron McKenna Nabarro Olswang LLP
Coinbase Custody Trust
Compliancy Services
Corver Roos
Cyberfort Ltd
Dashlane USA Inc
Davis Polk & Wardwell LLP
DCG Real Estate Management LLC
Donnelley Financial LLC
Driven
Ernst & Young LLP
Fireblocks Inc.
Friedman LLP
GitLab Inc
Global Fund Media Limited
Goodwin Procter LLP
Gowling WLG (Canada) LLP
Grab Pte. Ltd.
Halborn Inc.
IBM Corporation
I-Net Technologies
Inland Revenue Authority Of Singapore
Intelliware Development Inc
ISS Facility Services Private Limited
JAMS, Inc.
Kleinberg Kaplan Wolff & Cohen P.C.
Kyte Broking Limited
Levin Group Ltd
Mana Holdings Ltd
Managed Funds Association
Massive Computing, Inc
Meitar Law Offices
Milken Institute
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
Mitchell Martin
Moore & Van Allen PLLC
Mount Studio Pte Ltd
Murphy & Mcgonigle P.C.
Nakul Verma
Numerix LLC

Office Secretaries Pte Ltd.
Okta Inc
One Raffles Quay Pte Ltd
One11 Racing LLC
OnStream LLC
Opswat, Inc.
Opus Recruitment Solutions Ltd
Ordinary Folk
Orrick, Herrington & Sutcliffe, LLP
Papaya Global, Inc.
Perkins Coie LLP
Phaidon International Inc
Pico Quantitative Trading
Private Chefs of Atlanta
Pythian Services, Inc.
Reed Smith Pte. Ltd
Richards Layton & Finger
Roman Mashtalyar
SALT Venture Group, LLC
Savills (Singapore) PTE LTD
Shearman & Sterling LLP
Singtel (Singapore Telecommunications Limited)
Snowflake Inc.
Spire Search Partners
Stop Pest Control Of NY, INC.
STORM2 PTE LTD
Stott and May
Structure Works
T2 CONSULTING, LLC
The Furniture X-Change
The TIE, Inc
Unispace Of Boston, LLC
United Corporate Services Inc
VIP Sports Marketing, Inc.
Wolters Kluwer financial Services Inc.
Woodruff Sawyer
Xenetix Pte Ltd

**Litigation Counterparties**
[LIST ON FILE]

**Top 50 Creditors**
Altcoinomy SA
[ON FILE]
[ON FILE]

[ON FILE]
Bayhawk Fund LLC
[ON FILE]
Big Time Studios Ltd.
[ON FILE]
[ON FILE]
[ON FILE]
[ON FILE]
Caramila Capital Management LLC
Claure Group LLC
Coincident Capital International, Ltd.
Coinhouse
Cumberland DRW LLC
[ON FILE]
[ON FILE]
[ON FILE]
Digital Finance Group
Donut, Inc.
Heliva International Corp
[ON FILE]
[ON FILE]
Levity & Love, LLC
[ON FILE]
[ON FILE]
Mirana Corp.
Moonalpha Financial Services Limited

[ON FILE]
[ON FILE]
[ON FILE]
Plutus Lending LLC
[ON FILE]
Ripio International
[ON FILE]
[ON FILE]
Schnutz Investments LP
Stellar Development Foundation
Streami Inc.
[ON FILE]
The Badger Technology Company
Holdings, Ltd.
Valour, Inc.
VanEck New Finance Income Fund, LP
[ON FILE]
[ON FILE]
[ON FILE]
[ON FILE]
Winah Securities S.A.
[ON FILE]

**Potential M&A Counterparties**
[LIST ON FILE]

## Exhibit II

### Current Clients

As described in the Application, Cleary Gottlieb has been counsel to the Debtors with respect to their Chapter 11 Proceedings.

Cleary Gottlieb represents the following entities (or their affiliates) on matters unrelated to the Debtors.  For the avoidance of doubt, Cleary Gottlieb has not and will not represent any such entities (or their affiliates) in matters involving the Debtors or the Chapter 11 Cases.

**Debtors' Banks and Financial Service Providers**
Houlihan Lokey
Industrial and Commercial Bank of China

**Clients**
Galaxy Digital Holdings Ltd.
[ON FILE]
[ON FILE]
[ON FILE]

**Vendors**
Amazon
BitGo Inc.
Ernst & Young
IBM
Okta Inc.

**Other Parties in Interest**
Alvarez & Marsal

**Litigation Parties**
[ON FILE]

**Potential M&A Counterparties**
[LIST ON FILE]

**<u>Exhibit III</u>**

**Entities that Cleary Gottlieb Has Represented in the Past Two Years**

Cleary Gottlieb has, within the last two years, represented the following entities (or their affiliates) on matters unrelated to the Debtors or the Chapter 11 Cases.  For the avoidance of doubt, Cleary Gottlieb has not and will not represent any such entities (or their affiliates, with the exception of the Debtor entity) in matters involving the Debtors or the Chapter 11 Cases.

**<u>Debtors' Banks & Financial Service Providers</u>**
NYDIG

**<u>Clients</u>**
Jump Trading, LLC
Gemini Trust Company, LLC

**<u>Potential M&A Counterparties</u>**
[ON FILE]
[ON FILE]
[ON FILE]
[ON FILE]
[ON FILE]

**Exhibit IV**

**Summary of Payments Ninety Days Prior to Petition Date[1]**

| Invoice Date | Invoice Amount | Billing Period | Payment Date | Payment Amount |
|---|---|---|---|---|
| 11/23/22 | $470,317.76 | 10/18/22 - 11/22/22 | 12/7/22 | $470,317.76 |
| 12/16/22 | $468,307.27 | 11/22/22 - 12/1/22 | 12/27/22 | $468,307.27 |
| 12/27/22 | $487,625.09 | 12/1/22 - 12/15/22 | 1/12/23 | $487,625.09 |
| 1/10/23 | $361,392.25 | Through 1/10/23 | 1/12/23 | $361,392.25 |
| 1/10/23 | $652,631.43 | Through 1/10/23 | 1/12/23 | $652,631.43 |
| 1/10/23[2] | $398,816.50 | Through 1/10/23 | 1/12/23 | $398,816.50 |
| 1/17/23 | $676,574.94 | 1/10/23 – 1/17/23 | 1/19/23 | $676,574.94 |
| 1/17/23 | $255,799.44 | 1/10/23 – 1/17/23 | 1/19/23 | $255,799.44 |
| 1/17/23[3] | $57,340.50 | 1/20/23 – 1/17/23 | 1/19/23 | $57,340.50 |

---

[1] This summary table does not include $500,000 retainer paid on November 16, 2022, and the additional $250,000 retainer paid on January 19, 2023, prior to the filing of the Chapter 11 Cases.

[2] Payment not related to the preparation of the Chapter 11 Cases.

[3] Payment not related to the preparation of the Chapter 11 Cases.

# **EXHIBIT B**

**Aronzon Declaration**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF PAUL ARONZON IN SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB STEEN & HAMILTON LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, Paul Aronzon, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a member of the Special Committee of Genesis Global Holdco, LLC, a corporation organized under the laws of Delaware and one of the Debtors in the Chapter 11 Cases.[2] As such, I am familiar with the Debtors' day-to-day operations, financial affairs and books and records. I am one of the individuals involved in supervising bankruptcy counsel for the Debtors.

2.      I submit this declaration (the "Declaration") in support of the Debtors' Application, pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and Local Rule 2014-1, for authority to retain and employ Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") as bankruptcy counsel for the Debtors effective as of the Petition Date.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

3.      This Declaration is provided pursuant to Paragraph D.2 of the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as member of the Special Committee for the Debtors.  I am authorized to submit this Declaration on behalf of the Debtors.

### THE DEBTORS' SELECTION OF CLEARY GOTTLIEB AS COUNSEL

4.      Cleary Gottlieb is proposed to serve as counsel to the Debtors.  The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny and accountability as professionals in non-bankruptcy engagements.

5.      Prior to the commencement of the Chapter 11 Cases, the Debtors sought the services of Cleary Gottlieb with respect to, among other things, advice regarding the preparation for, the commencement of and the prosecution of the Chapter 11 Cases under chapter 11 of the Bankruptcy Code.  The Debtors now desire to employ and retain, pursuant to section 327(a) of the Bankruptcy Code, Cleary Gottlieb as counsel to perform the extensive legal services that will be necessary during the Chapter 11 Cases.  The Debtors have selected Cleary Gottlieb because of the Firm's extensive experience and knowledge in the field of business reorganizations under chapter 11 of the Bankruptcy Code and other related matters.  The Firm is both well qualified and uniquely able to represent it as debtors-in-possession in the Chapter 11 Cases in an efficient and timely manner.

6.      Cleary Gottlieb is particularly familiar with the Debtors' financial affairs, including the relief contemplated by the various motions filed on the Petition Date.  I believe that Cleary

Gottlieb is well qualified and uniquely able to represent the Debtors in the Chapter 11 Cases in an efficient and timely manner. If the Debtors were required to retain counsel other than Cleary Gottlieb in connection with the prosecution of the Chapter 11 Cases, the Debtors, their estates and all parties in interest would be unduly prejudiced by the time and expense necessarily required by such new attorneys to familiarize themselves with the intricacies of the Chapter 11 Cases.

## RATE STRUCTURE

7.    Cleary Gottlieb has informed the Debtors that their hourly rates for bankruptcy representations are comparable to (i) the hourly rates they charge for non-bankruptcy representations and (ii) the rates of other comparably skilled professionals in the national marketplace for legal services. Other than periodic rate increases that occur in the ordinary course or step-up increases in compensation for individual attorneys or other professionals, the rates that Cleary Gottlieb charged the Debtors in the prepetition period are the same as the rates that Cleary Gottlieb will charge the Debtors in the postpetition period.

## COST SUPERVISION

8.    The Debtors have approved Cleary Gottlieb's budget and staffing plan for the period from the Petition Date until sixty days after the Petition Date. The Debtors recognize that in large chapter 11 cases such as these, it is possible that there may be unforeseen fees and expenses that will need to be addressed by the Debtors and Cleary Gottlieb. The Debtors also recognize that it is their responsibility to closely monitor the billing practices of Cleary Gottlieb to ensure that fees and expenses paid by their estates remain consistent with the Debtors' expectations, taking into account the exigencies of the Chapter 11 Cases. To that end, the Debtors will continue to review and monitor the regular invoices submitted by Cleary Gottlieb and, together with Cleary Gottlieb, periodically amend the budget and staffing plans to reflect developments in the Chapter 11 Cases, as applicable.

9.      As is the Debtors' historical practice, the Debtors will continue to monitor the fees and expense reimbursement process during the Chapter 11 Cases and ensure that the Debtors are an active participant in that process.  Recognizing that every chapter 11 case is unique, the Debtors, together with Cleary Gottlieb, will utilize the budgeting process to provide guidance on the period of time involved and the level of attorneys and professionals that will work on various matters, as well as the projection of average hourly rates for the attorneys and professionals for such matters.

*  *  *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.


Dated: February 8, 2023          */s/ Paul Aronzon*
       New York, New York        Paul Aronzon
                                 Director
                                 Genesis Global Holdco, LLC

## **EXHIBIT C**

**Proposed Order**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB
STEEN & HAMILTON LLP AS COUNSEL FOR THE DEBTORS AND
DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application[2] of Genesis Global Holdco, LLC  ("Holdco") as debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(a) and

330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

for Southern District of New York (the "Local Rules"), the law firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") as their counsel; and directing that copies of all notices, pleadings and other documents filed in the Chapter 11 Cases and any and all related adversary proceedings be served upon Cleary Gottlieb; and upon consideration of the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration"), the *Declaration of [Paul Aronzon] in Support of First Day Motions and Application in Compliance with Local Rule 1007-2* (the "[Aronzon] Declaration") and the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration" and, together with the Leto Declaration and Aronzon Declaration, the "First Day Declarations"), the *Declaration of Sean A. O'Neal in Support of Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "O'Neal Declaration"), attached hereto as Exhibit A, and the *Declaration of [Paul Aronzon] in Support of Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "Aronzon Declaration"), attached hereto as Exhibit B; and the Court being satisfied based on the representations in the Application and O'Neal Declaration that Cleary Gottlieb is "disinterested" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates in connection with the matters for which Cleary Gottlieb is to be retained by the Debtors, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York

2

dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the

United States Constitution; and the Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

found that the relief requested in the Application is in the best interests of the Debtors, their estates,

their creditors and other parties in interest; and the Court having found that the Debtors' notice of

the Application and opportunity for a hearing on the Application was appropriate and no other

notice need be provided; and the Court having reviewed the Application and having heard the

statements in support of the relief requested therein at a hearing before the Court (the "Hearing");

and the Court having determined that the legal and factual bases set forth in the Application and

at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings

had before the Court; and after due deliberation and sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized to employ and retain Cleary Gottlieb as

counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application and the

O'Neal Declaration, *nunc pro tunc* to the Petition Date.

3.      Cleary Gottlieb is authorized to perform any and all legal services for the

Debtors that are necessary or appropriate in connection with the legal services described in the

Application.

4.      Copies of all notices, pleadings and other documents filed in the Chapter 11

Cases and any and all related adversary proceedings shall be served upon the Debtors by serving

Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attention: Jane VanLare, Esq. and Sean A. O'Neal, Esq.

5.    Cleary Gottlieb shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.

6.    Prior to any increases in Cleary Gottlieb's rates for any professional providing services in these cases, Cleary Gottlieb shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and counsel to the Committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Cleary Gottlieb's client has consented to the rate increase.  All parties in interest retain the right to object to any rate increase on any grounds.

7.    Cleary Gottlieb shall apply any remaining amount of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Cleary Gottlieb; provided, however, Cleary Gottlieb shall be permitted to withhold up to $10,000 of its prepetition retainer and maintain such $10,000 in its segregated client trust account at Citibank N.A. in the Borough of Manhattan.

8.    Cleary Gottlieb shall use its reasonable best efforts to avoid any unnecessary duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

4

9.      Notwithstanding anything to the contrary in the Engagement Letter, Cleary Gottlieb shall not withdraw as counsel to the Debtors prior to the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

10.      Notwithstanding anything in the Application or the Engagement Letter to the contrary, Cleary Gottlieb shall (i) pass-through the cost of services from any independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") retained in relation to these proceedings at the same rate that Cleary Gottlieb pays the Contractors; (ii) seek reimbursement for actual costs incurred only; (iii) ensure that the Contractors are subject to the same conflict checks as required for Cleary Gottlieb; and (iv) file with the Court such disclosures as required by Bankruptcy Rule 2014.

11.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12.      If there is any inconsistency between the terms of this Order, the Application, any engagement letter and the supporting declarations, the terms of this Order shall govern.

13.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023            _____
       New York, New York                        THE HONORABLE SEAN H. LANE
                                       UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT D**

**Engagement Letter**

DocuSign Envelope ID: 4AE043AA-29D5-4DEF-BF88-692841A09576

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

D: +1 212 225 2416
soneal@cgsh.com

October 17, 2022

Genesis Global Holdco, LLC
250 Park Avenue South, 5th Floor
New York, NY 10003

Attention: Arianna Pretto-Sakmann
Chief Legal Officer
Genesis Global Trading, Inc.

Dear Ms. Pretto-Sakmann:

We are delighted that Genesis Global Holdco, LLC has retained our Firm to represent it in connection with certain corporate governance and financial restructuring advice (the "Engagement"). We look forward to working with Genesis Global Holdco, LLC ("You") and your colleagues.

In accordance with applicable bar rules, at the outset of our assignment we need to have a written understanding regarding certain basic elements of our work on the Engagement. This letter together with the attached Terms & Conditions (the "Terms") defines and shall govern the terms of our representation of You in connection with the Engagement. In the event of any inconsistency between the Terms and this engagement letter, this engagement letter shall prevail.

First, as lawyers, we owe professional obligations to our clients. Here, You are our only client for purposes of the Engagement, and accordingly we owe professional duties solely to You, as explained further in paragraph 3 of the Terms.

Second, unless we otherwise agree, we will bill You on the basis of our standard hourly rates, as may be adjusted from time to time. Our time is charged on a per-unit basis in units of 0.1 hours. Please note that we would ordinarily expect to change our rates in accordance with our standard Firm-wide modifications as of January 1 of each year. In addition, as of July 1 of each year, some lawyers are promoted to the next level of seniority and therefore, while our rates for the calendar year remain constant, a promoted timekeeper's applicable hourly rate may

DocuSign Envelope ID: 4AE043AA-29D5-4DEF-8F88-692841A09576

Genesis, p. 2

rise as a result of such timekeeper's matriculation to the next level of seniority. In an effort to provide cost-effective services to You, we employ, and may in the exercise of our professional judgment staff some aspects of this matter with, temporary lawyers, law clerks or paralegal personnel.

Please also note that the Firm includes disbursements in its statements.

The attached Terms address additional billing-related matters and we will bill You on the basis of those Terms.

If You have any questions about a bill You have received from us, please contact us. To the extent applicable, New York law entitles clients to arbitrate a fee dispute in the circumstances specified in Part 137 of the Rules of the Chief Administrator of the Courts.

<u>Third</u>, the Firm represents many other companies and individuals. It is possible that, during the time we are representing You, You will have disputes or transactions with our other clients, or some of our current or future clients will have disputes or transactions with You. By retaining us now, You agree that our Firm may continue to represent, or undertake in the future to represent, You in any matter in which one or more other Firm clients are involved, and existing or new clients in any matter, including litigation, arbitration or bankruptcy proceedings in which You are involved, even if the interests of such other clients in such matters are directly adverse to your interests, but in all cases only on the following terms: absent your consent and without further notice, we will continue or undertake matters for You and other clients that would give rise to conflicts of interest under applicable rules of professional conduct only if we conclude in good faith that our Firm can properly represent the interests of each client, and, except as set forth in the next paragraph, if no such matter is substantially related to a matter in which we are representing or have represented You (if the proposed matter involves a representation of another Firm client) or the other involved client(s) (if the proposed matter involves a representation of You). For the avoidance of doubt, and consistent with the foregoing, this will confirm that the Firm shall not be required to seek your consent or provide further notice to You where the Firm represents another client in an ongoing matter in which the Firm has already begun representing such other client and You subsequently become involved in such matter.

As we have discussed, Firm lawyers who have previously advised Gemini on its lending program (the "Gemini Team"), will not advise You with respect to negotiations with Gemini or on matters specific to Gemini. However, other Firm lawyers will be able to provide such advice and the Gemini Team will be able to advise You on matters generally applicable to digital asset lenders and the program generally.

In addition, in order to represent competently the interests of both You and another client where both are pursuing the same business opportunity (but are not adverse parties in litigation, arbitration or similar situations), we may institute "firewall" or similar safeguards to segregate lawyers at the Firm who work on your representation from Firm lawyers who work on such other client's representation. We will inform You of the existence of such firewalls or similar procedures whenever we are able to do so, in light of our obligations to preserve the confidentiality of confidential material furnished to us by such other client.

Genesis, p. 3

<u>Finally</u>, please read the information in our Terms regarding the processing of personal data, which is an integral part of this letter, as You consider this letter.

\*    \*    \*    \*

Of course, if You have any questions, please let me know. For our mutual convenience, unless we deliver a new engagement letter in the future, we will apply the terms of this engagement letter, including the attached Terms, to any other matter we may in the future agree to undertake on your behalf. Unless it is previously terminated, our representation of You, and our attorney-client relationship with You, will be deemed to have been terminated upon the conclusion of our services with respect to the Engagement and our delivery of our final statement for the services described in this engagement letter and any additional matters for which the Firm has expressly agreed to provide representation, and You shall remain responsible for payment of such final statement notwithstanding any such termination.

We appreciate your confidence in our Firm. We very much look forward to a productive and successful relationship with You. For our records, please acknowledge Genesis Global Holdco, LLC's agreement by signing the enclosed copy of this engagement letter and returning it to my attention.

Very truly yours,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

Sean A. O'Neal, a Partner

ACKNOWLEDGED AND AGREED

GENESIS GLOBAL HOLDCO, LLC

By:

Name:  Arianna Pretto-Sakmann

Title:  Chief Legal Officer

Attachment