**Hearing Date and Time: February 22, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 15, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

**KOBRE & KIM LLP**
Danielle L. Rose
Daniel J. Saval
John G. Conte
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Proposed Special Litigation Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' APPLICATION FOR ENTRY OF**
**AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**KOBRE & KIM LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS**
**AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO FEBRUARY 1, 2023**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on February 8, 2023, the debtors and debtors-in-possession (collectively, the "Debtors"), filed the annexed *Debtors' Application for Entry of an Order Authorizing the Employment and Retention of Kobre & Kim LLP as Special Litigation*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*Counsel to the Debtors and Debtors-in-Possession Nunc Pro Tunc to February 1, 2023* (the "Application").  A hearing (the "Hearing") on the Application will be held via zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **February 22, 2023 at 11:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Application or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **February 15, 2023 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Application, on or after the Objection Deadline, the Debtors may submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Application, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Application, or if you want the Court to hear your position on the Application, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:     February 8, 2023
           New York, New York

/s/ *Danielle L. Rose*
**KOBRE & KIM LLP**
Danielle L. Rose
Daniel J. Saval
John G. Conte
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Proposed Special Litigation Counsel to the Debtors and Debtors-in-Possession*

**Hearing Date and Time: February 22, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 15, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

**KOBRE & KIM LLP**
Danielle L. Rose
Daniel J. Saval
John G. Conte
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Proposed Special Litigation Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**KOBRE & KIM LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS**
**AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO FEBRUARY 1, 2023**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors", and these cases, collectively,

the "Chapter 11 Cases"), hereby submit this application (the "Application") for entry of an order,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections

327(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure

of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules")

authorizing the employment and retention of Kobre & Kim LLP ("Kobre & Kim" or the "Firm")

as special litigation counsel to the Debtors in the Chapter 11 Cases *nunc pro tunc* to February 1,

2023.

In support of this Application, the Debtors submit (i) the *Declaration of Danielle L. Rose
in Support of Debtors' Application for Entry of an Order Authorizing the Employment and
Retention of Kobre & Kim LLP as Special Litigation Counsel to the Debtors and Debtors-in-
Possession* Nunc Pro Tunc *to February 1, 2023* (the "Rose Declaration"), attached to this
Application as **Exhibit B**, and (ii) the *Declaration of Paul Aronzon in Support of Debtors'
Application for Entry of an Order Authorizing the Employment and Retention of Kobre & Kim
LLP as Special Litigation Counsel to the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to
February 1, 2023* (the "Aronzon Declaration"), attached to this Application as **Exhibit C**, and
respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York

(the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and

the Amended Standing Order of Reference from the United States District Court for the Southern

District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory

predicates for the relief requested herein are sections 327(a) and 330 of the Bankruptcy Code and

Bankruptcy Rules 2014(a) and 2016.

## BACKGROUND

2.      On January 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On the Petition Date, the Debtors also filed a plan of reorganization.  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases.

3.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declarations.

## RELIEF REQUESTED

4.      The Debtors have retained Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") as their primary counsel to represent them in these Chapter 11 Cases as general restructuring counsel, subject to Bankruptcy Court approval.  As lead restructuring counsel, Cleary Gottlieb will advise the Debtors on all matters in these Chapter 11 Cases except where Kobre & Kim is specifically engaged as special litigation counsel or other professionals are engaged, as set forth more fully in Cleary Gottlieb's retention application.  By this Application, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A,** and pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1: (i) authorizing the Debtors to employ and retain Kobre & Kim as the Debtors' special litigation counsel in these Chapter 11 Cases *nunc pro tunc* to February 1, 2023, and (ii) granting such other relief as the Court deems just and proper.

## KOBRE & KIM'S QUALIFICATIONS

5.      The Debtors seek to retain Kobre & Kim because of (i) the Firm's expertise in litigating high-stakes matters, including in large and complex Chapter 11 proceedings; (ii) its

expertise across strategic areas relevant to potential disputes here, including bankruptcy, restructuring, cryptocurrency, and complex contract disputes; and (iii) its ability to handle matters in the event of conflicts. The Firm routinely works alongside co-counsel and outside legal teams in high-stakes disputes pending before state, federal, and bankruptcy courts, including in the Southern District of New York. Further, because Kobre & Kim is a disputes-only firm and does not have a transactional practice, the Firm generally has a reduced conflicts footprint, which is desirable in these circumstances.

6.      Kobre & Kim has handled disputes in a number of high-profile bankruptcy cases and adversary proceedings representing debtors, creditors, committees, and other interested parties. Representative matters include: *In re Revlon, Inc., et al.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 15, 2022); *In re Global Cord Blood Corp.*, No. 22-11347 (DSJ) (Bankr. S.D.N.Y. Oct. 7, 2022); *In re Covia Finance Company, LLC,* No. 20-33295 (DRJ) (Bankr. S. D. Tex. June 29, 2020); *In re Neiman Marcus Group LTD LLC et al.*, No. 20-32519 (DRJ) (Bankr. S. D. Tex. May 7, 2020); *Mariposa Intermediate Holdings LLC, et al. v. Marble Ridge Capital LP et al.*, Adv. Proc. No. 20-03402 (Bankr. S. D. Tex. Aug. 26. 2020); *In re Dooga Ltd.*, No. 20-30157 (HLB) (Bankr. N.D. Ca. Feb. 14, 2020); *In re Cryptopia Limited (In Liquidation)*, Case No. 19-11688 (DSJ) (Bankr. S.D.N.Y. May 24, 2019); *In re Aegean Marine Petroleum Network, Inc., et al.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 6, 2018); *In re SunEdison, Inc., et al.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. Apr. 21, 2016); and *In re Lehman Brothers Holdings Inc., et al.*, No. 08-13555 (JMG) (Bankr. S.D.N.Y. Sept. 15, 2008).

7.      For the foregoing reasons, the Debtors believe that Kobre & Kim is specially situated and well qualified to represent them as special litigation counsel in these Chapter 11 Cases in an efficient and effective manner. The Debtors further submit that the employment of Kobre &

4

Kim will not duplicate the services to be provided by Cleary Gottlieb and other professionals retained in these Chapter 11 Cases. Accordingly, the Debtors believe that the retention of Kobre & Kim is in the best interests of the Debtors, their estates, and creditors.

## SERVICES TO BE RENDERED

8. Subject to further order of the Court, and consistent with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines") and with the engagement letter dated as of February 1, 2023 among the Debtors and Kobre & Kim (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit D**, the Debtors request the employment and retention of Kobre & Kim to act as special litigation counsel for potential matters where Cleary Gottlieb may have an actual or perceived conflict of interest, or matters where the Debtors believe it would be more appropriate for Kobre & Kim to handle, in each case subject to the applicable rules of professional responsibility (each such matter, a "Special Litigation Matter").[2]

9. As set forth in the Declaration of Sean A. O'Neal in support of the Debtors' Application for an Order authorizing the retention of Cleary Gottlieb, Cleary Gottlieb has represented, currently represents, or in the future may represent certain parties in interest in this bankruptcy in matters wholly unrelated to the Debtors and these Chapter 11 Cases. While there are no pending litigation matters at this time that pose a perceived or actual conflict of interest for Cleary Gottlieb, the Debtors believe it is in the best interests of the estates to retain Kobre & Kim as special litigation counsel, so that the Debtors are prepared to handle any Special Litigation

---

[2] Pursuant to the Engagement Letter, the scope of each Special Litigation Matter will be confirmed in writing by Kobre & Kim prior to the commencement of work on such Special Litigation Matter.

Matter that may potentially arise in these Chapter 11 Cases where Clearly Gottlieb may have a perceived or actual conflict of interest or if the Debtors otherwise believe it would be more appropriate for Kobre & Kim to handle.

10.     Kobre & Kim will take appropriate steps to avoid unnecessary or inefficient duplication of services in these Chapter 11 Cases, including by coordinating closely with Cleary Gottlieb and other professionals retained in these Chapter 11 Cases.

## KOBRE & KIM'S DISINTERESTEDNESS

11.     To the best of the Debtors' knowledge, and as disclosed herein and in the Rose Declaration: (a) Kobre & Kim does not hold or represent any interest adverse to the Debtors or to the Debtors' estates, and (b) Kobre & Kim has no connection to the Debtors, their creditors or related parties, except as disclosed in the Rose Declaration and Schedule II thereto.  Moreover, Kobre & Kim will not hold or represent any interest adverse to the Debtors or to the Debtors' estates with respect to any Special Litigation Matter on which the Firm is to be employed.

12.     Kobre & Kim has informed the Debtors that it will periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Kobre & Kim will use reasonable efforts to identify such further developments and will file a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

## PROFESSIONAL COMPENSATION

13.     Kobre & Kim intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the services rendered, subject to Court approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

14.    Kobre & Kim will use its standard hourly rates and corresponding rate structure in effect at the time services are rendered, regardless of whether a fee application is required. These rates and the rate structure reflect that matters the Firm typically handles are national (and in some cases, international) in scope and involve great technical, factual and legal complexity, high stakes, and often time sensitivity.

15.    Kobre & Kim's hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments, and Kobre & Kim will inform the Debtors of any such adjustments to its existing rate structure. These hourly rates are consistent with the rates charged elsewhere. For purposes of this engagement, Kobre & Kim's hourly rates are:

| | |
|---|---|
| Partner / Senior Counsel | $1,650 |
| Special Counsel | $1,450 |
| Counsel / Principal | $1,200 |
| Associate | $950 |
| Analyst | $585 |
| Litigation Assistant | $425 |

16.    Kobre & Kim will also charge the Debtors for identifiable, non-overhead expenses incurred in connection with the Chapter 11 Cases. Examples of such expenses include overnight mail, courier delivery, transportation, overtime expenses, certain computer-assisted legal research, outside photocopying, airfare, meals, and lodging.

17.    As set forth in the Rose Declaration, Kobre & Kim does not have a retainer for this engagement and has not received any payment from the Debtors during the ninety (90) days before the Petition Date. Further, other than third-party expenses, if any, to be incurred and paid in the ordinary course of our representation and billed to the Debtors, Kobre & Kim has not shared, nor

agreed to share (a) any compensation it may receive from its representation of the Debtors or the

Debtors-in-Possession with another party or person, other than with the partners, attorneys or other

employees associated with Kobre & Kim; or (b) any compensation another person or party has

received or may receive with respect to the Chapter 11 Cases.

## THE REQUESTED RELIEF SHOULD BE GRANTED

18.     The Debtors seek retention of Kobre & Kim as special litigation counsel pursuant

to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers,
> auctioneers, or other professional persons, that do not hold or
> represent an interest adverse to the estate, and that are disinterested
> persons, to represent or assist the [debtor] in carrying out the
> [debtor]'s duties under this title.

11 U.S.C. 327(a).

19.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name
> of the [firm] to be employed, the reasons for the selection, the
> professional services to be rendered, any proposed arrangement for
> compensation, and, to the best of the applicant's knowledge, all of
> the [firm's] connections with the debtor, creditors, any other party
> in interest, their respective attorneys and accountants, the United
> States trustee, or any person employed in the office of the United
> States trustee.

Fed. R. Bankr. P. 2014(a).

20.     The Debtors submit that for the reasons stated above and in the Aronzon and Rose

Declarations, the retention and employment of Kobre & Kim as special litigation counsel to the

Debtors is necessary; in the best interests of the Debtors and their estates; and complies with the

requirements of Bankruptcy Code section 327(a).  Further, Kobre & Kim is a "disinterested

person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section

327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors'

estates and has no connection to the Debtors, their creditors, or other parties-in-interest, except as disclosed in the Rose Declaration and Schedule II thereto.  Moreover, Kobre & Kim will not hold or represent any interest adverse to the Debtors or to the Debtors' estates with respect to any Special Litigation Matter on which the Firm is to be employed.  Accordingly, the Debtors submit that the requirements of section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014 have been satisfied.

## NOTICE

21.     Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; and (vi) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

22.     No prior application for the relief requested herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that this Court (a) enter an order, substantially in the form attached hereto as **Exhibit A** and

(b) grant such other and further relief as is just and proper.


Dated:    February 8, 2023                */s/ Danielle L. Rose*
             New York, New York           **KOBRE & KIM LLP**
Danielle L. Rose
Daniel J. Saval
John G. Conte
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Proposed Special Litigation Counsel to the Debtors
and Debtors-in-Possession*