# EXHIBIT B

**Rose Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,1 | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF DANIELLE L. ROSE IN**
**SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN**
**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF**
**KOBRE & KIM LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS**
**AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO FEBRUARY 1, 2023**

I, Danielle L. Rose, do hereby declare as follows:

1.      I am a partner at the firm of Kobre & Kim LLP ("Kobre & Kim" or the "Firm"),
which maintains an office for the practice of law at 800 Third Avenue, New York, New York
10022, among other locations.

2.      I am a member in good standing of the Bar of the State of New York.  I am also
admitted to practice before the United States District Court for the Southern District of New York.

3.      I submit this Declaration in support of the application (the "Application") of the
above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an
order, pursuant to sections 327, 328, 329 and 504 of title 11 of the United States Bankruptcy Code
(the "Bankruptcy Code"), Rules 2014, 2016 and 5002 of the Federal Rules of Bankruptcy
Procedure, and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States
Bankruptcy Court for the Southern District of New York (the "Local Rules"), approving the

---

1       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park
Avenue South, 5th Floor, New York, NY 10003.

retention of Kobre & Kim as special litigation counsel to the Debtors and Debtors-in-Possession in the above-captioned cases (the "Chapter 11 Cases"), *nunc pro tunc*, to February 1, 2023.[2]

4.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.  To the extent that any information disclosed herein requires amendment or modification upon Kobre & Kim's completion of further analysis or review or as additional information becomes available to the Firm, a supplemental declaration will be submitted to the Court.

## KOBRE & KIM'S QUALIFICATIONS

5.      The Debtors have entered into an engagement letter to retain Kobre & Kim to serve as their special litigation counsel where their primary bankruptcy counsel, Cleary Gottlieb Steen & Hamilton ("Cleary Gottlieb"), may have an actual or perceived conflict of interest, or where the Debtors believe it would be more appropriate for Kobre & Kim to handle the matter, in each case subject to the applicable rules of professional responsibility.

6.      The Debtors selected Kobre & Kim because of (i) the Firm's expertise in litigating high-stakes matters, including in large and complex bankruptcy proceedings; (ii) its expertise across strategic areas relevant to potential disputes here, including bankruptcy, restructuring, cryptocurrency, and complex contract disputes; and (iii) its ability to handle matters in the event of conflicts.  The Firm routinely works alongside co-counsel and outside legal teams in high-stakes matters pending before state, federal and bankruptcy courts, including in the Southern District of New York.  Further, because Kobre & Kim is a disputes-only firm and does not have a transactional practice, the firm generally has a reduced conflicts footprint, which is desirable in these circumstances.

---

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declarations, as applicable.

7.     Kobre & Kim has handled disputes in a number of high-profile bankruptcy cases and adversary proceedings representing debtors, creditors, committees, and other interested parties.  Representative matters include: *In re Revlon, Inc., et al.*, No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 15, 2022); *In re Global Cord Blood Corp.*, No. 22-11347 (DSJ) (Bankr. S.D.N.Y. Oct. 7, 2022); *In re Covia Finance Company, LLC,* No. 20-33295 (DRJ) (Bankr. S. D. Tex. June 29, 2020); *In re Neiman Marcus Group LTD LLC et al.*, No. 20-32519 (DRJ) (Bankr. S. D. Tex. May 7, 2020); *Mariposa Intermediate Holdings LLC, et al. v. Marble Ridge Capital LP et al.*, Adv. Proc. No. 20-03402 (Bankr. S. D. Tex. Aug. 26. 2020); *In re Dooga Ltd.*, No. 20-30157 (HLB) (Bankr. N.D. Ca. Feb. 14, 2020); *In re Cryptopia Limited (In Liquidation)*, Case No. 19-11688 (DSJ) (Bankr. S.D.N.Y. May 24, 2019); *In re Aegean Marine Petroleum Network, Inc., et al.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Nov. 6, 2018); *In re SunEdison, Inc., et al.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. Apr. 21, 2016); and *In re Lehman Brothers Holdings Inc., et al.*, No. 08-13555 (JMG) (Bankr. S.D.N.Y. Sept. 15, 2008).

8.     For the foregoing reasons, I believe that Kobre & Kim is well qualified to represent the Debtors in these Chapter 11 Cases as special litigation counsel.

## SERVICES TO BE PROVIDED

9.     Subject to further order of the Court, and consistent with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* and with the engagement letter dated as of February 1, 2023 among the Debtors and Kobre & Kim (the "Engagement Letter"), the Debtors request the employment and retention of Kobre & Kim to act as special litigation counsel for potential matters where Cleary Gottlieb may have an actual or perceived conflict of interest, or matters where the Debtors believe it would be more appropriate for Kobre & Kim to handle, in each case subject to

the applicable rules of professional responsibility (each such matter, a "Special Litigation Matter").
The scope of each Special Litigation Matter will be confirmed in writing by Kobre & Kim prior to
commencing work on such Special Litigation Matter.

10.     Kobre & Kim will coordinate closely with Cleary Gottlieb and other professionals
retained in these Chapter 11 Cases to prevent unnecessary duplication of services.

## PROFESSIONAL COMPENSATION

11.     Kobre & Kim does not have a retainer for its engagement and has not received any
payment from the Debtors during the ninety (90) days before the Petition Date.

12.     Kobre & Kim intends to apply for compensation for professional services rendered
on an hourly basis and reimbursement of any expenses incurred in connection with the services
rendered, subject to Court approval and in compliance with applicable Bankruptcy Code
provisions, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders
of this Court.

13.     Kobre & Kim will use its standard hourly rates and corresponding rate structure in
effect at the time services are rendered.  These rates and the rate structure reflect that the matters
the Firm typically handles involve great technical, factual and legal complexity, and often involve
time sensitivity.  I believe that these rates are consistent with market rates for comparable services.

14.     The terms of the Debtors' engagement of Kobre & Kim are set forth in the
Engagement Letter.

15.     Kobre & Kim's hourly rates vary with the experience and seniority of the
individuals assigned.  These hourly rates are subject to periodic adjustments, and Kobre & Kim

will inform the Debtors of any such adjustments to its existing rate structure. For purposes of this engagement, Kobre & Kim's hourly rates are:[3]

| | |
|---|---|
| Partner / Senior Counsel | $1,650 |
| Special Counsel | $1,450 |
| Counsel / Principal | $1,200 |
| Associate | $950 |
| Analyst | $585 |
| Litigation Assistant | $425 |

16.     Kobre & Kim will also charge the Debtors for identifiable, non-overhead expenses incurred in connection with the Chapter 11 Cases. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, outside photocopying, airfare, meals, and lodging. Kobre & Kim will charge the actual amounts incurred.

17.     Pursuant to Bankruptcy Rule 2016(b), Kobre & Kim states that, other than third-party expenses, if any, to be incurred and paid in the ordinary course of our representation and billed to the Debtors, it has not shared, nor agreed to share (a) any compensation it may receive from its representation of the Debtors with another party or person, other than with the partners, attorneys or other employees associated with Kobre & Kim; or (b)  any compensation another person or party has received or may receive with respect to the Chapter 11 Cases.

## KOBRE & KIM'S CONFLICT CHECKING PROCESS

18.     Kobre & Kim's conflicts check system is designed to include every matter on which the Firm is or at one time was retained since the Firm's inception, and in each instance, to include

---

[3]     While it is anticipated that timekeepers from Kobre & Kim primarily will be based in the New York office, certain Kobre & Kim timekeepers involved in the Chapter 11 Cases may be from other Firm offices in order to serve the Debtors' needs.

the identity of related and adverse parties. Kobre & Kim regularly updates this system with matter-related information.

19.      In preparing this Declaration, I caused to be submitted for review by our conflicts check team the entities listed on Schedule I (the "Potential Parties-in-Interest List" and the entities on such list, "Potential Parties-in-Interest"). I understand that the Potential Parties-in-Interest List was created by the Debtors' advisors after a review of the Debtors' records in consultation with the Debtors' management; it was provided to Kobre & Kim by Cleary Gottlieb. The information listed on Schedule I may have changed without my knowledge and may change during the pendency of the Chapter 11 Cases. Accordingly, Kobre & Kim will update this Declaration as necessary if and when the Firm becomes aware of material information relevant to the disclosures contained herein.

20.      I asked the Firm's conflicts check team to determine which Potential Parties-in-Interest, if any, Kobre & Kim currently represents or has represented in the past three (3) years. Our conflicts check team then ran a computerized check of the Potential Parties-In-Interest through our conflicts check system. Although Kobre & Kim is being retained as special litigation counsel and Cleary Gottlieb is serving as Debtors' primary bankruptcy counsel, the conflicts check team was asked to search all names on the Potential Parties-in-Interest List and advised me that all such names were checked. Where appropriate, the Firm's conflicts check team followed up with relevant Kobre & Kim attorneys and/or other personnel, including to confirm that any current and prior matters involving Potential Parties-in-Interest do not relate to the Debtors or the Chapter 11 Cases.

21.      In addition, I caused our Legal Department to inquire with all Kobre & Kim personnel (attorneys and staff) employed at the firm by electronic mail (the "Firmwide Inquiry")

to determine whether any Kobre & Kim personnel: (i) have acted as counsel for the Debtors prior to their employment at Kobre & Kim; (ii) have worked, or have any relatives that work for or do business with the Debtors; (iii) are or were an officer, director, or employee of the Debtors; (iv) have, or have a spouse/partner that has, any previous and/or current investments in the Debtors; or (v) has any connections to Bankruptcy Judges and court personnel in the Southern District of New York or personnel working in the Office of the United States Trustee identified on the Potential Parties-in-Interest List.

## KOBRE & KIM'S DISCLOSURES

22.     Based upon a review of the foregoing information, I understand that neither Kobre & Kim, nor any attorney at the Firm, represents any entity other than the Debtors in connection with these Chapter 11 Cases.

23.     Further, to the best of my knowledge and belief, based on the information yielded by the review procedures described above, Kobre & Kim does not have any "connection" to the Potential Parties-in-Interest except as described in this Declaration and Schedule II attached hereto (the "Disclosure Schedule").

24.     The Disclosure Schedule has been compiled with the assistance of attorneys and legal professionals at Kobre & Kim who have reviewed conflict records and/or provided additional information regarding relevant matters.  The Disclosure Schedule identifies certain Potential Parties-in-Interest (or affiliates thereof) for which Kobre & Kim currently acts as counsel or has acted as counsel during the last three (3) years.  It reflects that, to the extent Kobre & Kim currently represents or has previously represented any Potential Party-in-Interest or affiliate thereof, such matters are not related to these Chapter 11 Cases.  Further, Kobre & Kim will not represent any Potential Parties-in-Interest in any matter relating to the Chapter 11 Cases or in connection with the Debtors.

25.    Pursuant to section 327(c) of the Bankruptcy Code, Kobre & Kim is not disqualified

from acting as the Debtors' special litigation counsel merely because it has represented, represents,

or may in the future represent certain Potential Parties-in-Interest in matters that are unrelated to

the Debtors or these Chapter 11 Cases.    As such, I do not believe that Kobre & Kim's

representations disclosed on Schedule II preclude Kobre & Kim from being a disinterested party

under the Bankruptcy Code.

26.    I also caused our conflicts check team to inquire with our Finance Department

regarding the gross revenue associated with the representations listed on Schedule II for the

twelve-month period ending 12/31/22.    Based on that inquiry, to the best of my knowledge, none

of Kobre & Kim's representations of Potential Parties-in-Interest constituted one percent or more

of Kobre & Kim's gross revenue for the twelve-month period ending 12/31/22.

27.    In an abundance of caution, I note that Bloomberg LP is listed as a significant

vendor on the Potential Parties-in-Interest List.    Kobre & Kim has undertaken non-legal services

on behalf of Bloomberg Philanthropies, a non-profit organization.    That matter represented

approximately 2.2 percent of Kobre & Kim's gross revenue for the twelve-month period ending

12/31/22.    To the best of the Firm's knowledge, Bloomberg Philanthropies is not, however, an

affiliate of Bloomberg LP.    Further, the Firm's work for Bloomberg Philanthropies does not relate

to the Debtors or the Chapter 11 Cases.

28.    Kobre & Kim has considered the position of Bloomberg LP in these Chapter 11

Cases as well as Kobre & Kim's role as special litigation counsel and has concluded that Kobre &

Kim's work for Bloomberg Philanthropies does not preclude Kobre & Kim from meeting the

disinterestedness standard under the Bankruptcy Code.    Additionally, Kobre & Kim does not

expect to work on any Special Litigation Matter involving Bloomberg LP.

29.     The Debtors and other Potential Parties-in-Interest have retained various legal, financial, and/or other advisors.  Kobre & Kim has previously worked, and/or currently works, and may in the future work, with certain of the Debtor's professionals or other professionals listed as Potential Parties-in-Interest in connection with matters unrelated to the Debtors or their Chapter 11 Cases.  For example, Kobre & Kim has previously worked, and/or currently works, as co-counsel alongside, and/or opposing counsel to, certain law firms in various unrelated matters. Accordingly, Kobre & Kim has represented and will continue to represent the same clients or, conversely, clients that are adverse to clients of the Debtors' professionals or other professionals on the Potential Parties-in-Interest List in various matters unrelated to the Chapter 11 Cases.  Kobre & Kim believes such work does not and will not create an interest adverse to the Debtors with respect to the matters on which Kobre & Kim is to be retained.

30.     Further, certain Kobre & Kim attorneys were previously employed by law firms that are currently representing the Debtors or other Potential Parties-in-Interest in connection with the Chapter 11 Cases or are otherwise listed as vendors to the Debtors, including, without limitation, Cleary Gottlieb, Weil, Gotshal, and Manges LLP, and Davis Polk & Wardwell LLP. Such Kobre & Kim attorneys and other attorneys and firm personnel may also have personal relationships or social interactions with attorneys or personnel from such law firms or other financial or advisory firms listed on the Potential Parties-in-Interest List.  Kobre & Kim also believes that such prior professional affiliations as well as current professional and social interactions do not and will not create an interest adverse to the Debtors.

31.     In addition, Kobre & Kim, its members, counsel, senior attorneys, associates and/or other employees of Kobre & Kim may have appeared in the past, and may appear in the future, in other cases unrelated to the Chapter 11 Cases where the Debtors' creditors or other Potential

Parties-in-Interest may be involved; and may have had, or could have in the future, other dealings with creditors or other Potential Parties-in-Interest that are unrelated to the Chapter 11 Cases.

32.     The Potential Party-in-Interest List may include individual creditors who have the same name as persons that attorneys or other firm personnel may have had social or professional interactions.  The Firm has no reason to know whether such persons with which attorneys or personnel may have interacted are the same individuals listed on the Potential Party-in-Interest List.  To the extent that such individuals are, however, the same, I have no reason to believe that such social or professional interactions are related to the Debtors or the Chapter 11 Cases.

33.     Kobre & Kim has compiled responses to the Firmwide Inquiry described above. To the best of my knowledge and information, and except as otherwise disclosed herein, responses to the Firmwide Inquiry reflect that, as of February 7, 2023, no Kobre & Kim attorneys or other firm personnel: (i) have worked, or have any relatives that work for or do business with the Debtors; (ii) are or were an officer, director, or employee of the Debtors; or (iii) have, or have a spouse/partner that has, any previous and/or current investments in the Debtors (other than in connection with investments in mutual funds, index funds, blind trusts, or other investments as to which such individual does not have discretion over the selection of the individual underlying assets).

34.     Further, to the best of my knowledge and information, and except as otherwise disclosed herein, based on responses to the Firmwide Inquiry, no Kobre & Kim attorneys and/or support staff are related to or have any connections to Bankruptcy Judges in the Southern District of New York or are related to or have any connections to anyone working in the Office of the U.S. Trustee listed on the Potential Parties-in-Interest List, except that:

- Certain Kobre & Kim attorneys clerked for Bankruptcy Judges in the Southern District of New York who are not assigned to these Chapter 11 Cases;

- Certain Kobre & Kim attorneys worked at the United States Attorney's Office for the Southern District of New York or at the United States Department of Justice, Civil Division during the same periods that the Hon. Sean H. Lane worked in those offices and would know Judge Lane in that capacity; and

- Kobre & Kim attorneys or personnel have and may, from time to time, interact with the Bankruptcy Judges in the Southern District of New York or personnel in the Office of the U.S. Trustee through court appearances, professional engagements, Bar committees or the like, or other professional or social engagements.[4]

35.    An Associate, who has worked at Kobre & Kim since April 2020, represented one of the Debtors during her prior employment at Lowenstein Sandler LLP.  To the best of my knowledge, this representation, which was undertaken years prior to the Petition Date, did not relate to the Chapter 11 Cases.

36.    Further, certain Kobre & Kim attorneys who previously worked at other law firms may have represented certain Potential Parties-in-Interest.  Based on the results of the search thus far, to the best of my knowledge, no such matters related to the Debtors, other than as stated in Paragraph 35 above.

37.    The Firm has been advised that the Debtors operate an integrated business and, therefore, certain interrelationships exist among the Debtors.  For example, we have been advised that the Debtors share certain services, including legal services.  Nevertheless, we have been advised by the Debtors that these relationships do not pose any conflicts of interest because of the general unity of interest among the Debtors.  Based on the information that I have been provided, I know of no conflicts of interest that would preclude Kobre & Kim's joint representation of the Debtors in the Chapter 11 Cases.

38.    Given the extensive number of the Debtors' creditors and Potential Parties-in-Interest and because definitive lists of all such creditors and other parties have not yet been

---

[4]    In an excess of caution, I note that an Analyst in our New York office is related to a U.S. District Court Judge for the Southern District of New York.

obtained, neither I nor the Firm are able to state with certainty that every client relationship or connection has been disclosed.  If any new material relevant facts or relationships are discovered or arise, Kobre & Kim will file a supplemental disclosure with the Court regarding the same.

39.     Kobre & Kim will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered, Kobre & Kim will use reasonable efforts to identify such developments and will promptly file a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

40.     Based on the foregoing, Kobre & Kim believes that it can adequately represent the Debtors' interests as special litigation counsel.

### ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES

41.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, established by the Executive Office for the United States Trustees.

**Question**:     Did Kobre & Kim agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response**:     No.

**Question**:     Do any of Kobre & Kim's professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Response**:     No.

**Question**:     If Kobre & Kim represented the Debtors in the 12 months prepetition, disclose Kobre & Kim's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If Kobre & Kim's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**:     As disclosed above, Kobre & Kim did not represent the Debtors during the twelve-month period prior to the Petition Date.

**Question**:     Have the Debtors approved Kobre & Kim's prospective budget and staffing plan, and, if so, for what budget period?

**Response**:     Kobre & Kim expects to develop a prospective budget and staffing for each Special Litigation Matter that may arise in these Chapter 11 Cases and would share its prospective budget and staffing plan, tailored to each Special Litigation Matter, if and when its services are needed.

## CONCLUSION

42.    The Application requests approval of the Debtors' retention of Kobre & Kim at its standard hourly rates in effect at the time the services are rendered and for reimbursement of actual and necessary expenses incurred in connection therewith, subject to any modifications to such policies that Kobre & Kim may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Subject to these terms and conditions, Kobre & Kim intends to apply, pursuant to section 330 of the Bankruptcy Code, for compensation for professional services rendered in these Chapter 11 Cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

43.    The foregoing constitutes the statement of Kobre & Kim pursuant to sections 327(a), 328(a), 329(a), 504 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

\* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.


Dated: February 8, 2023
        New York, New York

                                                    /s/ Danielle L. Rose
                                                    Danielle L. Rose
                                                    Partner
                                                    Kobre & Kim LLP

## **Exhibit I**

**Potential Parties-in-Interest**

**Debtor Entities**
Genesis Asia Pacific PTE. LTD
Genesis Global Capital LLC
Genesis Global Holdco, LLC

**Non-Debtor Affiliates**
Genesis Asia (Hong Kong) Limited
Genesis Bermuda Holdco Limited
Genesis Custody Limited
Genesis Global Assets, LLC
Genesis Global Labs, LLC
Genesis Global Markets Limited
Genesis Global Trading, Inc.
Genesis UK Holdco Limited
GGA International Limited (BVI)
GGC International, Ltd (BVI)

**Major Equity Holders**
Digital Currency Group, Inc.

**Major Equity Holders' Counsel**
Weil, Gotshal, and Manges LLP

**Senior Management**
Agnes Chen Meiyun
Alice Chan
Andrew Sullivan
Brian Bulthius
Diana Kim

**Current Directors**
A. Derar Islim
Arianna Pretto-Sakmann
Gan Lee Teng
Lip Chih Ng
Matthew Johnson
Mark Murphy
Michael Kraines
Michael Patterson
Sugandhi Govil
Paul Aronzon
Tom Conheeney

**Debtors' Restructuring Professionals**
Alvarez & Marsal Holdings, LLC
Kobre & Kim LLP

Kroll Restructuring Administration LLC
Moelis & Company
Morrison Cohen LLP

**Material Contract Counterparties**
Talos Trading, Inc.
WorkSocial.com LLC

**Insurers**
Axis Capital
Forge Insurance Company
Lloyd's of London
Starr Insurance & Reinsurance Limited
Woodruff Sawyer

**Bankruptcy Court for the Southern District of New York**
Ali Ismail
Brenda Robie
Chantel Barrett
Christine Azzaro
Connor Farley
Daniel Slemmer
Deanna Anderson
Dorie Arthur
Francis O'Rourke
Graham Fisher
Greg White
Hon. Cecelia G. Morris
Hon. David S. Jones
Hon. James L. Garrity, Jr.
Hon. John P. Mastando
Hon. Lisa G. Beckerman
Hon. Martin Glenn
Hon. Michael E. Wiles
Hon. Philip Bentley
Hon. Sean H. Lane
Ian Kitts
Jacob Schuerger
Jacqueline DePierola
James Vincenti
Jaqueline Tran
Jenna MacDonald
Jennifer Pollan
John Churchill
John Kuebler

Julia Bonnell
Karra Puccia
Leslie Wybiral
Liza Ebanks
Lorraine Echevarria
Lynda Calderon
Maria Rodriguez-Castillo
Sarah Rosenthal
Tammi Hellwig
Tracey Mercado
Tyler Talton
Vanessa Ashmeade
Willie Rodriguez

**U.S. Trustee Office, Region 2, Southern District of New York, Manhattan Division**
Abriano, Victor
Allen, Joseph
Arbeit, Susan
Bentley, Phillip
Black, Christine
Bruh, Mark
Cornell, Shara
Gannone, James
Harrington, William K.
Higgins, Benjamin J.
Higgins, David S.
Joseph, Nadkarni
Leonhard, Alicia
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary V.
Morrissey, Richard C.
Ogunleye, Alaba
Penpraze, Lisa
Riffkin, Linda A.
Rodriguez, Ilusion
Schmitt, Kathleen
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Tiantian, Tara
Van Baalen, Guy A.

Velez-Rivera, Andy
Vescovacci, Madeleine
Wells, Annie
Zipes, Greg M.

**Taxing Authorities**
Inland Revenue Authority of Singapore
Monetary Authority of Singapore

**Debtors' Banks & Financial Services Providers**
Anchorage Lending CA, LLC
Banking Circle
Continental Stock Transfer & Trust
Houlihan Lokey
Industrial and Commercial Bank of China
Interactive Brokers
JPMorgan Chase Bank, NA
JPMorgan Chase Bank, NA Singapore
Kraken
Marex Captial Markets, Inc.
Metropolitan  Commercial Bank
Signature Bank
Silvergate Bank
Tradestation

**Significant Vendors**
250 Park LLC
ACRION GROUP INC/Dmitri Gofshtein
Agon Litigation
Amazon Web Services
American Arbitration Association
Anchorage Digital Bank, National Association
Andy McMullen
BitGo, Inc.
Bloomberg LP
CAPITEQ PTE. LTD.
CDW Direct LLC
Chicago Mercantile Exchange Inc NEED PO
CJD Technologies
CloudFlare, Inc.

[AM_ACTIVE 404558748_3]

CMS Cameron McKenna Nabarro Olswang LLP
Coinbase Custody Trust
Compliancy Services
Corver Roos
Cyberfort Ltd
Dashlane USA Inc
Davis Polk & Wardwell LLP
DCG Real Estate Management LLC
Donnelley Financial LLC
Driven
Ernst & Young LLP
Fireblocks Inc.
Friedman LLP
GitLab Inc
Global Fund Media Limited
Goodwin Procter LLP
Gowling WLG (Canada) LLP
Grab Pte. Ltd.
Halborn Inc.
IBM Corporation
I-Net Technologies
Intelliware Development Inc
ISS Facility Services Private Limited
JAMS, Inc.
Kleinberg Kaplan Wolff & Cohen P.C.
Kyte Broking Limited
Levin Group Ltd
Mana Holdings Ltd
Managed Funds Association
Massive Computing, Inc
Meitar Law Offices
Milken Institute
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
Mitchell Martin
Moore & Van Allen PLLC
Morrison Cohen LLP
Mount Studio Pte Ltd
Murphy & Mcgonigle P.C.
Nakul Verma
Numerix LLC
Office Secretaries Pte Ltd.
Okta Inc

One Raffles Quay Pte Ltd
One11 Racing LLC
OnStream LLC
Opswat, Inc.
Opus Recruitment Solutions Ltd
Ordinary Folk
Orrick, Herrington & Sutcliffe, LLP
Papaya Global, Inc.
Perkins Coie LLP
Phaidon International Inc
Pico Quantitative Trading
Private Chefs of Atlanta
Pythian Services, Inc.
Reed Smith Pte. Ltd
Richards Layton & Finger
Roman Mashtalyar
SALT Venture Group, LLC
Savills (Singapore) PTE LTD
Shearman & Sterling LLP
Singtel (Singapore Telecommunications Limited)
Snowflake Inc.
Spire Search Partners
Stop Pest Control Of NY, INC.
STORM2 PTE LTD
Stott and May
Structure Works
T2 CONSULTING, LLC
The Furniture X-Change
The TIE, Inc
Unispace Of Boston, LLC
United Corporate Services Inc
VIP Sports Marketing, Inc.
Wolters Kluwer financial Services Inc.
Woodruff Sawyer
Xenetix Pte Ltd

**Litigation Counterparties**
[List On File]

**Top 50 Creditors**
Altcoinomy SA
[On File]
[On File]

4

[AM_ACTIVE 404558748_3]

[On File]
Bayhawk Fund LLC
[On File]
Big Time Studios Ltd.
[On File]
[On File]
[On File]
Caramila Capital Management LLC
Claure Group LLC
Coincident Capital International, Ltd.
Coinhouse
Cumberland DRW LLC
[On File]
[On File]
[On File]
Digital Finance Group
Donut, Inc.
Heliva International Corp
[On File]
[On File]
Levity & Love, LLC
[On File]
[On File]
Mirana Corp.
Moonalpha Financial Services Limited
[On File]
[On File]
[On File]
Plutus Lending LLC
[On File]
Ripio International
[On File]
[On File]
Schnutz Investments LP
Stellar Development Foundation
Streami Inc.
[On File]
The Badger Technology Company
Holdings, Ltd.
Valour, Inc.
VanEck New Finance Income Fund, LP
[On File]
[On File]
[On File]

[On File]
Winah Securities S.A.
[On File]

**Potential M&A Counterparties**
[List on File]

5

**Schedule II**[1]

| Matched Entity | Relationship to Debtor | Relationship to Kobre & Kim |
|---|---|---|
| [On File] | Potential M&A Counterparty | Affiliate of former client in unrelated matter |
| [On File] | Potential M&A Counterparty | Affiliate of former clients in unrelated matter |
| [On File] | Potential M&A Counterparty | Former client and affiliate of former client in unrelated matters |
| [On File] | Potential M&A Counterparty | Affiliate of former client in unrelated matter |
| [On File] | Potential M&A Counterparty | Current client and affiliate of current clients in unrelated matters |
| [On File] | Potential M&A Counterparty | Former client in unrelated matters |
| [On File] | Potential M&A Counterparty | Current client in unrelated matter |
| [On File] | Potential M&A Counterparty | Current client in unrelated matters |
| [On File] | Potential M&A Counterparty | Former client in unrelated matter |
| [On File] | Potential M&A Counterparty | Former client in unrelated matter |
| [On File] | Potential M&A Counterparty | Current client in unrelated matter |
| Coinbase Custody Trust | Vendor | Affiliate of former client in unrelated matter |
| Cumberland DRW LLC | Creditor | Current client and affiliate of current clients in unrelated matters |
| Digital Finance Group | Creditor | Former client in unrelated matters |
| Kraken | Debtors' banks or financial services provider | Former client in unrelated matter |
| JPMorgan Chase Bank, NA | Debtors' banks or financial services provider | Current client (in its capacity of Trustee for certain pension trust funds) in unrelated matter |
| JPMorgan Chase Bank, NA Singapore | Debtors' banks & financial services provider | Affiliate of current client (in its capacity of Trustee for certain pension trust funds) in unrelated matter |

---

[1] As set forth in the Rose Declaration, the Firm provides non-legal services to Bloomberg Philanthropies, a non-profit organization.  Bloomberg LP is a Potential Party-in-Interest.  To the best of the Firm's knowledge, Bloomberg LP is not affiliated with the non-profit Bloomberg Philanthropies.