**Hearing Date: February 22, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 15, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF MORRISON COHEN LLP AS SPECIAL
COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION
EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on February 8, 2023, the debtors and debtors in possession (collectively, the "Debtors"), filed the annexed *Debtors' Application For An Order Authorizing The Employment And Retention Of Morrison Cohen LLP As Special Counsel To The Debtors And Debtors-In-Possession Effective* Nunc Pro Tunc *To The Petition Date* (the "Application"). A hearing (the "Hearing") on the Application will be held via Zoom before the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **February 22, 2023 at 11:00 a.m. (Eastern Time) (the "Hearing Date")**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Application or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **February 15, 2023 at 4:00 p.m (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Application, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit C to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:  February 8, 2023
    New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING**
**THE EMPLOYMENT AND RETENTION OF MORRISON COHEN LLP AS**
**SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS-IN-POSSESSION**
**EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession

in the above-captioned jointly-administered cases (collectively, the "Debtors" and these cases,

collectively, the "Chapter 11 Cases"), hereby file this application (this "Application") for entry of

an order, substantially in the form attached hereto as Exhibit C (the "Proposed Order"), pursuant to

sections 327(e) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532

(the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") (a) authorizing, but not directing, the employment and retention of Morrison Cohen LLP ("Morrison Cohen" or the "Firm") as special counsel for the Debtors and the debtors-in-possession in these Chapter 11 Cases *nunc pro tunc* to the Petition Date (defined herein); and (b) granting such other and further relief as the Court deems just and proper.  In support of this Application, the Debtors (i) rely upon and incorporate by reference the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"),[2] (ii) the *Declaration of Jason Gottlieb in Support of the Application Authorizing Employment and Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession*, attached to this Application as Exhibit A (the "Gottlieb Declaration") and (iii) the *Declaration of Paul Aronzon in Support of the Debtors' Application for an Order Authorizing the Employment and Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession Nunc Pro Tunc to the Petition Date* (the "Aronzon Declaration") attached hereto as Exhibit B.  In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over the Chapter 11 Cases and this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the First Day Declarations.

Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Court may enter a final order consistent with Article III of the United States Constitution.  The statutory predicates for the relief requested herein are sections 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(a), and Rules 2014-1 and 2016-1 of the Local  Rules.

## **BACKGROUND**

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

3.      Over the past few months, the digital asset industry has experienced tremendous dislocation.  The collapse of LUNA and TerraUSD and subsequent liquidation of 3AC signaled the onset of a new "crypto winter" and a growing industry-wide reluctance to do business with digital asset companies.   As market conditions worsened, other companies faced financial difficulties, including Celsius Network LLC and certain affiliates and Voyager Digital Holdings, Inc. and certain affiliates, which filed for Chapter 11 in July 2022.  Most recently, FTX Trading Ltd. ("FTX"), Alameda Research Ltd. ("Alameda") and certain affiliates (together with FTX and Alameda, the "FTX Entities") filed Chapter 11 proceedings.

4.      These drastic market shifts have decreased investor confidence in the digital asset markets and severely and adversely impacted the Company's business.  This "run on the bank"

following the FTX Entities' collapse in early November severely impacted the Company's available liquidity.  As a result of the unprecedented number and size of the loan calls, on November 16, 2022, GGC and GAP paused all lending and borrowing to preserve the Debtors' estates, ensure fair distribution and begin discussions with our stakeholders.

5.      Over the past two months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups to explore strategic solutions.  In addition, the Debtors have undertaken cost-saving and liquidity-preserving measures.  As a result of those efforts, the Debtors have determined that an in-court process is the best path to continue their efforts to reach a consensual resolution and maximize value for the Debtors' stakeholders.

6.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

7.      While the Company's discussions with advisors to various creditor groups and DCG have been very productive in narrowing issues, they have not yet achieved a global resolution.  Accordingly, the Debtors commenced the Chapter 11 Cases to continue their efforts towards a consensual resolution through a transparent, court supervised process.  To that end, the Debtors have also filed the *Debtors' Joint Chapter 11 Plan*, ECF No. 20, a proposed plan of reorganization which will be amended as necessary to reflect the results of the Debtors' continued negotiations.

8.     Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the First Day Declarations.

## RELIEF REQUESTED

9.     By this Application, the Debtors seek entry of the Proposed Order attached hereto as Exhibit C, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a), and the Local Rules, authorizing but not directing, the Debtors to (i) retain and employ Morrison Cohen as special counsel for the Debtors for the matters described herein, effective *nunc pro tunc* to the Petition Date, and (ii) grant such other and further relief as the Court deems just and proper.

## BASIS FOR RELIEF

10.     The Debtors have determined that it will be necessary to engage counsel with knowledge and experience in the areas of regulatory and enforcement matters.  The Debtors, therefore, propose to retain and employ Morrison Cohen as special counsel in the Chapter 11 Cases.

11.     Bankruptcy Rule 2014(a) requires that an application for retention of professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

12.     As required, this Application and the exhibits attached hereto set forth specific facts showing the necessity for the employment, the reasons for selecting Morrison Cohen, the professional services to be rendered, the proposed arrangements for compensation, and Morrison Cohen's connections to parties in interest.

13.     The Debtors now desire to employ and retain Morrison Cohen, pursuant to section 327(e) of the Bankruptcy Code, as special counsel to perform certain legal services that will be necessary to the Debtors, as more fully described herein.  Under section 327(e) of the Bankruptcy Code, the Debtors may employ "for a specified special purpose, other than to represent the [Debtor] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate". 11 U.S.C. § 327(e).  As more fully described below, Morrison Cohen will be providing specialized legal services to the Debtors, and should be retained under Section 327(e).

14.     Among other things, the Debtors engaged Morrison Cohen in connection with numerous actions (the "Litigations"), inquiries and investigations by federal and state regulators and law enforcement agencies (collectively, the"Investigations" and, together with the Litigations, the "Morrison Cohen Services").

15.     With respect to the Litigations, Morrison Cohen's services include:  (a) advising the Debtors as to their rights and obligations with respect to the Litigations; (b) communicating with opposing counsel on the Debtors' behalf; (c) appearing in and participating in Litigations on the Debtors' behalf; (d) researching and analyzing various legal issues related to the Litigations; and (e) providing advice on certain questions relating to the Litigations that may arise in the normal course of business.

16.     The Litigations primarily relate to cryptocurrency loans involving the Debtors. Over the past two years, Morrison Cohen has assisted the Debtors in several Litigations, including pre-Litigation disputes.

17.     With respect to the Investigations, Morrison Cohen's services include:  (a) advising the Debtors as to their rights and obligations; (b) communicating with regulators and governmental agencies; (c) responding to document information requests from regulators and governmental agencies; (d) addressing legal issues related to the Investigations; and (e) advising on regulatory issues in the normal course of business.

18.     The Investigations relate primarily to compliance with federal and state laws relating to securities and other financial instruments, and involve issues in which Morrison Cohen has extensive experience. Over the past two years, Morrison Cohen has assisted the Debtors in responding to information requests and inquires related to the Investigations, and has become intimately familiar with the Debtors' businesses, and the specific factual and legal issues raised in the Investigations.

19.     As a result of the prior engagements described above, Morrison Cohen is uniquely positioned to represent the Debtors in connection with the Morrison Cohen Services and to advise on matters related to the Litigations and the Investigations to ensure a smooth and efficient process.

20.     The Debtors selected Morrison Cohen to provide the Morrison Cohen Services due to the Firm's reputation and expertise in government investigations, and litigations and arbitrations, particularly in the digital asset space.  Morrison Cohen also has extensive experience representing clients in connection with government investigations in a wide variety of regulatory matters, combining specific regulatory knowledge with procedural experience.

21.     If the Debtors were required to retain special counsel other than Morrison Cohen, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily required by such new attorneys to familiarize themselves with the intricacies of the Debtors' businesses, operations, and capital structure. Moreover, requiring the Debtor to replace the counsel they have chosen to represent them in connection with the ongoing Litigations and Investigations would seriously impinge on their right to choose their own counsel.

22.     In addition to this Application, the Debtors have submitted separate applications to retain, among others:  (a) Cleary Gottlieb Steen & Hamilton LLP, as main legal counsel; (b) Kroll Restructuring Administration LLC, as claims and noticing agent and, separately, as administrative advisor; (c) Moelis & Company LLC, as investment banker;[3] (d) Alvarez & Marsal North America, LLC, as financial advisor; and (e) Kobre & Kim LLP, as conflicts counsel.  Further, the Debtors have submitted a motion to retain and compensate those professionals that the Debtors employ in the ordinary course of business.

23.     Morrison Cohen will not serve as the Debtors' general or special counsel on matters not set forth in this Application, and will not advise the Debtors or their estates with respect to their duties under the Bankruptcy Code.  Morrison Cohen will coordinate with the Debtors' other retained professionals and use its best efforts to avoid any duplication of services.

24.     Pursuant to the Debtors' request, Morrison Cohen has agreed to serve as special counsel for the Debtors on and after the Petition Date with assurances that the Debtors would seek

---

[3]     Holdco and Moelis & Company LLC ("Moelis") have both been served various discovery requests in which Morrison Cohen is and will continue to represent Holdco.  Moelis, also a proposed estate professional in these Chapter 11 Cases, requested that Morrison Cohen similarly represent them in these limited discovery matters as there is substantial overlap in light of Moelis's and Holdco's pre-petition relationship.  Morrison Cohen intends on accepting this engagement and will be compensated by the Debtors' estate for this representation as a result of an indemnification obligation from Holdco to Moelis.  To the extent an actual conflict arises in these matters, Moelis has agreed to obtain conflict counsel.

approval of its employment and retention *nunc pro tunc* to the Petition Date, so that Morrison

Cohen may be compensated for its pre-Application services.  The Debtors believe that no party in

interest will be prejudiced by the granting of the *nunc pro tunc* employment, as provided in this

Application, because Morrison Cohen has provided and continues to provide valuable services to

the Debtors' estates in the interim period.  The Local Rules empower courts in this district to

approve *nunc pro tunc* employment, and the Debtors submit that such approval is justified here.[4]

## DISCLOSURES OF MORRISON COHEN

25.    To the best of the Debtors' knowledge, and except as otherwise disclosed in the

Gottlieb Declaration, the members, counsel and associates of Morrison Cohen neither hold nor

represent any interest that is materially adverse to the Debtors' estates in connection with any

matter on which they would be employed.

26.    As disclosed in the Gottlieb Declaration, Morrison Cohen currently represents

certain of the parties in interest in matters wholly unrelated to these Chapter 11 Cases.  Morrison

Cohen has fully informed the Debtors of its ongoing representation of such entities, and the

Debtors have consented to the Firm's continued representation of these entities in matters unrelated

to these Chapter 11 Cases.  The Debtors believe that Morrison Cohen's current and future

---

[4]    In *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, the U.S. Supreme Court
rejected a district court's *nunc pro tunc* order that made remand to state court effective as of a previous date, finding
that the order could not "creat[e] 'facts' that never occurred" to cure the state court's lack of jurisdiction while the
case was removed to federal court. 140 S. Ct. 696, 701 (2020).  This is not relevant to *nunc pro tunc* orders where, as
here, the court plainly has jurisdiction over the Chapter 11 Cases as of the Petition Date and looks to exercise its
discretion to grant retroactive compensation.  Indeed, courts have continued to routinely approve *nunc pro tunc*
employment of estate professionals following *Acevedo*.  *See, e.g.*, Order, *In re Internap Tech. Solutions Inc.*, Case No.
20-22393 (RDD) (Bankr. S.D.N.Y. Apr. 23, 2020), ECF No. 131; Order, *In re The McClatchy Co.*, Case No. 20-10418
(MEW) (Bankr. S.D.N.Y. Mar. 26, 2020), ECF No. 232; Order, *In re Fairway Group Holdings Corp.*, Case No. 20-
10161 (JLG) (Bankr. S.D.N.Y. Mar. 4, 2020), ECF No. 251.  To the extent that this Court or others find that *Acevedo*
impacts this Court's ability to grant *nunc pro tunc* relief, this Court would nonetheless retain power to exercise its
equitable discretion and award compensation prior to the date of entry of the order.  *See In re Benitez*, No. 8-19-70230
(REG), 2020 WL 1272258, at *2 (Bankr. E.D.N.Y. Mar. 13, 2020); *see also In re Miller*, 620 B.R. 637, 641–43
(Bankr. E.D. Cal. Oct. 13, 2020).

representation of these certain entities will not in any way adversely affect the Firm's representation of the Debtors as special counsel on regulatory and enforcement matters.

27.     To the best of the Debtors' knowledge and as disclosed in the Gottlieb Declaration, Morrison Cohen does not hold or represent any interest adverse to the Debtors or their estates as required pursuant to Bankruptcy Code § 327(e), and Morrison Cohen's employment and retention is necessary and in the best interests of the Debtors and their estates.

28.     Morrison Cohen will periodically review its files during the pendency of the Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Morrison Cohen will use reasonable efforts to identify such further developments and will file a supplemental declaration, in conformity with Bankruptcy Rule 2014(a).

## PROFESSIONAL COMPENSATION

29.     The Debtors understand and have agreed that Morrison Cohen intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court and the terms of Morrison Cohen's engagement with the Debtors.  Subject to such provisions and Court orders, compensation will be payable to Morrison Cohen on an hourly basis for services rendered, plus reimbursement of actual, necessary expenses incurred by the Firm in accordance with the terms and conditions of this engagement.  For the purposes of this engagement, Morrison Cohen's hourly rates ranges are:

| | |
|---|---|
| Partners | $620 — $1,500 |
| Counsel | $560 — $850 |
| Associates | $415 — $715 |
| Paraprofessionals | $220 — $485 |

30.     In connection with the reimbursement of actual, necessary expenses, the Debtors have been informed that it is the Firm's policy to charge its clients in all areas of practice for expenses and charges incurred in connection with the clients' cases.  The expenses generally charged to Morrison Cohen's clients include, among other things, travel expenses, word processing, photocopying, messenger, courier, postage, expert and mediator fees, electronic legal research and other database usage, overtime expenses, third-party service fees, and filing fees, all of which are charged at cost and duly documented.  The Debtors have been informed that the Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.  The Debtors have agreed that Morrison Cohen will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to the Firm's other clients and in accordance with the terms and conditions of Morrison Cohen's engagement.  The Debtors respectfully submit that Morrison Cohen's hourly rates and disbursement and other charges policies are reasonable.

31.     During the ninety days before the Petition Date, the Debtors paid Morrison Cohen in the aggregate amount of approximately $304,916.95 for professional services performed.  The Debtors submit that such payments were received in the ordinary course of business.

32.     To the best of the Debtors' knowledge, information and belief, except as set forth above, the Debtors did not make any other payments to Morrison Cohen during the ninety-day period prior to the Petition Date, and Morrison Cohen is not a prepetition creditor of the Debtors.

33.     This compensation structure is consistent with Morrison Cohen's normal and customary billing practices for cases of this size and complexity that require the level of scope and services outlined herein.   Moreover, the compensation is reasonable in light of (a) industry practice, (b) market rates charged for comparable services, (c) Morrison Cohen's substantial

11

experience with respect to enforcement and regulatory matters, and (d) the nature and scope of work to be performed by Morrison Cohen in these Chapter 11 Cases.

34.     To the best of the Debtors' knowledge, information and belief, no promises have been received by either the Firm or any member, counsel, associate or other employee thereof as to compensation or payment in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.  Morrison Cohen has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases.

### **NOTICE**

35.     Notice of this Application will be given by facsimile, electronic transmission, hand delivery or overnight mail to:  (a) the Office of the United States Trustee for Region 2; (b) counsel to the Committee, if any; (c) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (d) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### **NO PRIOR REQUEST**

36.     No prior request for the relief requested herein has been made to this or any other Court.

*[Remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) grant this Application and the relief requested herein; (b) enter the Proposed Order attached hereto as Exhibit C; and (c) grant such other and further relief as it deems just and proper.

Dated:  February 8, 2023
      New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Sean A. O'Neal
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

## EXHIBIT A

**Gottlieb Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF JASON GOTTLIEB IN SUPPORT
### OF THE APPLICATION AUTHORIZING EMPLOYMENT
### AND RETENTION OF MORRISON COHEN LLP AS SPECIAL
### COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION

I, JASON GOTTLIEB, pursuant to 28 U.S.C. § 1746, do hereby state and declare as follows:

1.      I am over the age of eighteen (18), have been duly admitted to the practice of law in the State of New York and other federal courts, and am a Partner of the firm of Morrison Cohen LLP ("Morrison Cohen" or the "Firm"), which maintains an office for the practice of law at 909 Third Ave, 27th Floor, New York, NY  10022.

2.      I submit this declaration (the "Gottlieb Declaration") in support of the application (the "Application") of the above-captioned debtors (collectively, the "Debtors") for an order approving the retention of Morrison Cohen as special counsel in these Chapter 11 Cases[2] in compliance with and to provide disclosures pursuant to sections 327, 328 and 504 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a), 2016(b) and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the " Local Rules").  Unless otherwise stated in this Gottlieb Declaration, I have personal knowledge of the facts set forth herein.  To the extent that any information disclosed herein requires amendment or modification upon Morrison Cohen's completion of further analysis or as additional information becomes available to it, a supplemental declaration will be submitted to this Court.

3.      Morrison Cohen is a New York law firm that employs approximately 125 attorneys. Morrison Cohen is a full-service law firm that provides its clients a full array of litigation, transactional, and individual legal services covering various and multiple sectors and subject matters.  The Firm's only office for the practice of law is located at 909 Third Avenue, 27th Floor, New York, NY 10022.

4.      Among other things, the Debtors, including non-Debtor affiliate GGT, engaged Morrison Cohen in connection with numerous actions ("Litigations") and inquiries and investigations by federal and state regulators and law enforcement agencies (collectively, "Investigations"; together with the Litigations, the "Morrison Cohen Services").

5.      With respect to the Litigations, Morrison Cohen's services include:  (a) advising the Debtors as to their rights and obligations with respect to the Litigations; (b) communicating with opposing counsel on the Debtors' behalf; (c) appearing in and participating in Litigations on the Debtors' behalf; (d) researching and analyzing various legal issues related to the Litigations; and (e) providing advice on certain questions relating to the Litigations that may arise in the normal course of business.

6.      The Litigations primarily relate to cryptocurrency loans involving the Debtors. Over the past two years, Morrison Cohen has assisted the Debtors in several Litigations, including pre-Litigation disputes.

7.      With respect to the Investigations, Morrison Cohen's services include: (a) advising the Debtors as to their rights and obligations; (b) communicating with regulators and governmental agencies; (c) responding to document information requests from regulators and governmental agencies; (d) addressing legal issues related to the Investigations; and (e) advising on regulatory issues in the normal course of business.

8.      The Investigations relate primarily to compliance with federal and state laws relating to securities and other financial instruments, and involve issues in which Morrison Cohen has extensive experience. Over the past two years, Morrison Cohen has assisted the Debtors and GGT in responding to information requests and inquires related to the Investigations, and has become intimately familiar with the Debtors' businesses, and the specific factual and legal issues raised in the Investigations.

9.      As a result of the prior engagements described above, Morrison Cohen is uniquely positioned to represent the Debtors in connection with the Morrison Cohen Services and to advise on matters related to the Litigations and the Investigations to ensure a smooth and efficient process.

10.     The Debtors selected Morrison Cohen to provide the Morrison Cohen Services due to the Firm's reputation and expertise in government investigations, and litigations and arbitrations, particularly in the digital asset space.  Morrison Cohen also has extensive experience representing clients in connection with government investigations in a wide variety of regulatory matters, combining specific regulatory knowledge with procedural experience.

11.     If the Debtors were required to retain special counsel other than Morrison Cohen, the Debtors, their estates, and all parties in interest would be unduly prejudiced by the time and expense necessarily required by such new attorneys to familiarize themselves with the intricacies of the Debtors' business, operations, and capital structure.

## DISCLOSURES OF MORRISON COHEN

12.     Insofar as I have been able to ascertain, except as described herein, the other partners, counsel, and associates of Morrison Cohen and I are disinterested parties within the meaning of section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code), and have no interest adverse to the Debtors or their estates with respect to matters for which Morrison Cohen is to be engaged under the Application.

13.     In preparing this Gottlieb Declaration, in order to ensure compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a debtor, I directed that a list (the "Potential Parties-in-Interest List") provided by the Debtors:  (a) entities affiliated with or related to the Debtors, (b) professionals expected to be retained by the Debtors, (c) key creditors of the Debtors, and (d) certain other parties in interest in the Debtors' Chapter 11 Cases, be submitted to Morrison Cohen's records department for review in the computerized conflict database system maintained by the Firm.  The Potential Parties-in-Interest List is attached hereto as Exhibit 1.  Morrison Cohen will submit to its conflict database additional parties-in-interest provided by Debtor and update these disclosures accordingly.

14.     Morrison Cohen's records department ran a connections check of each of these persons or entities against the Firm's client database (the "Client Database") to determine which persons or entities, if any, Morrison Cohen currently represents ("Current Clients") or has represented ("Former Clients").  Morrison Cohen maintains and systematically updates its conflict

check system in the regular course of business of the Firm, and it is the regular practice of the Firm to make and maintain these records. The conflict check system maintained by Morrison Cohen is designed to include every matter on which the Firm is now or has been engaged, the entity for which the Firm is now or has been engaged, and in each instance, the identity of related parties and adverse parties and the attorney in the Firm that is knowledgeable about the matter. It is the policy of Morrison Cohen that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, as well as related and adverse parties. Accordingly, the database is regularly updated for every new matter undertaken by Morrison Cohen.

15. Some of those entities are or may consider themselves to be creditors or parties in interest in the Chapter 11 Cases or to otherwise have interests in these cases. Morrison Cohen has represented, currently represents and/or may represent in the future persons or entities listed in the Potential Parties-in-Interest List (or their affiliates) in matters totally unrelated to the Debtors. For the avoidance of doubt, Morrison Cohen has not and will not represent any such persons or entities with respect to the matters involving the Debtors or the Chapter 11 Cases. To the best of my knowledge, none of the entities from the Potential Parties-in-Interest List represented 3% or more of Morrison Cohen's gross revenue.

16. To the extent that the above-described search indicated that Morrison Cohen has or had a relationship with any searched entity, Exhibit 2 contains a list of the Parties-in-Interest or their affiliates that Morrison Cohen has any connection to, including those it formerly represented or currently represents, and those who are currently or were formerly client-friendly, adverse, or other interested parties in matters wholly unrelated to Debtor and its estate. As disclosed in

5

<u>Exhibit 2</u>, Morrison Cohen and its partners, counsel, and associates have in the past represented or currently represent entities that are creditors of Debtor, or other parties in interest in the Chapter 11 Case in matters unrelated to these cases. Morrison Cohen has not, and will not, represent any creditors of the Debtors or other parties in interest in connection with the Debtors or the Chapter 11 Cases, or have any relationship with any such entity which would be adverse to the Debtors or their estates.

17.     Morrison Cohen appears in cases, proceedings, and transactions involving a substantial number of different attorneys, accountants, financial consultants, and investment bankers, some of whom now, or may in the future, represent creditors or parties in interest in this case. The Office of the United States Trustee appears in every bankruptcy matter in which Morrison Cohen appears. Aside from this, there is no known connection with the Office of the United States Trustee or any of its attorneys. Also, from time to time, Morrison Cohen attorneys appear before the Honorable Sean H. Lane, but there are no known connections to Judge Lane or his Chambers staff.

18.     Before being engaged in connection with the Debtors' regulatory and enforcement matters, Morrison Cohen represented the Debtors and Non-Debtor Subsidiaries in a number of similar regulatory and enforcement matters.

19.     Morrison Cohen has and will continue to review the parties in interest in the Chapter 11 Cases, and will make every effort to disclose all connections to interested parties in the Chapter 11 Cases as they become known to Morrison Cohen.  Despite the efforts described herein to identify and disclose Morrison Cohen's connections with the parties in interest in these Chapter 11 Cases, because of the Debtors' numerous relationships, Morrison Cohen is unable to state with absolute certainty that every client relationship or other connection has been disclosed.  If any new

6

material relevant facts or relationships are discovered or arise, Morrison Cohen will file a supplemental disclosure detailing the same with the Court.

20.     No promises have been received by Morrison Cohen, or by any partner or associate thereof, as to compensation in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Morrison Cohen has no agreement with any other entity to share with such entity any compensation received by Morrison Cohen.

21.     For the avoidance of doubt, Morrison Cohen professionals may personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds and other types of investment funds, through which such Morrison Cohen professionals may indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates, without the Morrison Cohen professional's knowledge.  Individually, no Morrison Cohen professional manages, or otherwise controls, such investment or has any influence over the investment funds' decisions to buy, sell or vote on any particular security.

22.     Based upon the documents and information available and provided to me by the Debtors, and except as otherwise described herein, (a) Morrison Cohen does not hold or represent any interest adverse to the Debtors with respect to the matters for which it is being engaged; (b) Morrison Cohen is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code (as modified by section 1103(b) of the Bankruptcy Code); (c) except as otherwise stated herein, neither Morrison Cohen nor its professionals have any connection with the Debtors, their estates, or its creditors; and (d) Morrison Cohen's employment and retention is necessary and in the best interest of the Debtors' and their estates, its creditors and other Parties-in-Interest. I know of no reason why Morrison Cohen could not have acted and cannot act as

attorneys for the Debtors in connection with regulatory and enforcement matters. The foregoing constitutes the statement of Morrison Cohen pursuant to section 1103 of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

23.     Morrison Cohen believes that it can adequately represent the interests of the Debtors.  Morrison Cohen has not represented any creditor, interest holder or other party-in-interest in connection with their respective dealings with the Debtors, except as disclosed above. Morrison Cohen has fully informed the Debtors of its ongoing representation of the entities identified in Exhibit 2 and the Debtors have agreed both to the Firm's continued representation of these entities in matters unrelated to these proceedings and to the Firm's representation of the Debtors in the Chapter 11 Cases.  In the event that any adversary proceeding is required to be commenced as to any of the entities identified in Exhibit 2, or any other then-active client of the Firm, another law firm will handle such matters unless appropriate waivers are obtained.

### MORRISON COHEN'S RATES AND BILLING PRACTICES

24.     The Debtors understand and have agreed that Morrison Cohen intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of the Court and the terms of Morrison Cohen's engagement with the Debtors.  Subject to such provisions and Court orders, compensation will be payable to Morrison Cohen on an hourly basis for services rendered, plus reimbursement of actual, necessary expenses incurred by the Firm in accordance with the terms and conditions of this engagement.  For the purposes of this engagement, Morrison Cohen's hourly rates ranges are:

|          |                  |
|----------|------------------|
| Partners | $620 — $1,500    |
| Counsel  | $560 — $850      |

| | |
|---|---|
| Associates | $415 — $715 |
| Paraprofessionals | $220 — $485 |

25.     In connection with the reimbursement of actual, necessary expenses, the Debtors have been informed that it is the Firm's policy to charge its clients in all areas of practice for expenses and charges incurred in connection with the clients' cases.  The expenses generally charged to Morrison Cohen's clients include, among other things, travel expenses, word processing, photocopying, messenger, courier, postage, expert and mediator fees, electronic legal research and other database usage, overtime expenses, third-party service fees, and filing fees, all of which are charged at cost and duly documented.  The Debtors have been informed that the Firm believes that it is fairer to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.  The Debtors have agreed that Morrison Cohen will charge the Debtors for these expenses in a manner and at rates consistent with charges generally made to the Firm's other clients and in accordance with the terms and conditions of Morrison Cohen's engagement.  The Debtors respectfully submit that Morrison Cohen's hourly rates and disbursement and other charges policies are reasonable.

26.     During the ninety days before the Petition Date, the Debtors (Genesis Global Capital) paid Morrison Cohen in the aggregate amount of approximately $304,916.95 for professional services performed ("Prepetition Payments"), as set forth in Exhibit 3 of the Gottlieb Declaration.

27.     To the best of my information and belief, except as set forth above, the Debtors did not make any other payments to Morrison Cohen during the ninety-day period prior to the Petition Date, and Morrison Cohen is not a prepetition creditor of the Debtors.

28.     This compensation structure is consistent with Morrison Cohen's normal and customary billing practices for cases of this size and complexity that require the level of scope and services outlined herein.   Moreover, the compensation is reasonable in light of (a) industry practice, (b) market rates charged for comparable services, (c) Morrison Cohen's substantial experience with respect to regulatory and enforcement matters, and (d) the nature and scope of work to be performed by Morrison Cohen in these Chapter 11 Cases.

29.     No promises have been received by either the Firm or any member, counsel, associate or other employee thereof as to compensation or payment in connection with the Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code.   Morrison Cohen has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Chapter 11 Cases.

## COORDINATION WITH OTHER PROFESSIONALS FOR THE DEBTORS

30.     Morrison Cohen is aware that the Debtors have submitted separate applications to retain, among others:  (a) Cleary Gottlieb Steen & Hamilton LLP, as main legal counsel; (b) Kroll Restructuring Administration LLC, as claims and noticing agent, and, separately, as administrative advisor; (c) Moelis & Company LLC, as investment banker; (d) Alvarez & Marsal North America, LLC, as financial advisor and (e) Kobre Kim LLP as conflicts counsel.  Further, Morrison Cohen is aware that the Debtors have submitted a motion for the Debtors to retain and compensate those professionals that the Debtors employ in the ordinary course of business.

## ATTORNEY STATEMENT PURSUANT TO U.S. TRUSTEE GUIDELINES

31.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013, established by the Executive Office for the United States Trustees.

> **Question**:     Did Morrison Cohen agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?
>
> **Response**:     No.
>
> **Question**:     Do any of Morrison Cohen's professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?
>
> **Response**:     No.
>
> **Question**:     If Morrison Cohen represented the Debtors in the 12 months prepetition, disclose Morrison Cohen's billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If Morrison Cohen's billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.
>
> **Response**:     The Debtors, along with the Non-Debtor Subsidiaries and non-Debtor affiliates have been long time clients of the Firm.  Multiple representations were opened in 2022 and Morrison Cohen' hourly rates for 2022 ranged from $525 to $1,250 for partners and counsel, $415 to $585 for associates, and $200 to $440 for paraprofessionals.  On January 1, 2023, Morrison Cohen adjusted the Firm's standard billing rates for its professionals and paraprofessionals in the normal course to $560 to $1,500 for partners and counsel, $415 to $715 for associates, and $220 to $485 for paraprofessionals. Morrison Cohen's billing rates and the material financial terms with respect to this representation have not changed postpetition.
>
> **Question**:     Have the Debtors approved Morrison Cohen's prospective budget and staffing plan, and, if so, for what budget period?
>
> **Response**:     Morrison Cohen is developing a prospective budget and staffing plan for the regulatory and enforcement matters for the period beginning on the Petition Date and December 31, 2023. Morrison Cohen and the Debtors will review such prospective budget following the close of the stated period to determine a budget for the following period.

11

## **CONCLUSION**

32.     The Application requests approval of the Debtors' retention of Morrison Cohen at Morrison Cohen's normal hourly rates in effect at the time the serves are rendered and in accordance with Morrison Cohen's normal reimbursement policies, subject to any modifications to such policies that Morrison Cohen may be required to make to comply with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  Subject to these terms and conditions, Morrison Cohen intends to apply, pursuant to section 330 of the Bankruptcy Code, for allowances of compensation for professional services rendered in these Chapter 11 Cases and for reimbursement of actual and necessary expenses incurred in connection therewith in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

33.     The foregoing constitutes the statement of Morrison Cohen pursuant to sections 327(e), 328(a), 329(a), 504 and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

* * *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2023

/s/ Jason P. Gottlieb
Jason P. Gottlieb
Partner
Morrison Cohen LLP

## Exhibit 1

### Potential Parties-in-Interest

**Debtor Entities**
Genesis Asia Pacific PTE. LTD
Genesis Global Capital LLC
Genesis Global Holdco, LLC

**Non-Debtor Affiliates**
Genesis Asia (Hong Kong) Limited
Genesis Bermuda Holdco Limited
Genesis Custody Limited
Genesis Global Assets, LLC
Genesis Global Labs, LLC
Genesis Global Markets Limited
Genesis Global Trading, Inc.
Genesis UK Holdco Limited
GGA International Limited (BVI)
GGC International, Ltd (BVI)

**Major Equity Holders**
Digital Currency Group, Inc.

**Major Equity Holders' Counsel**
Weil, Gotshal, and Manges LLP

**Senior Management**
Agnes Chen Meiyun
Alice Chan
Andrew Sullivan
Brian Bulthius
Diana Kim

**Current Directors**
A. Derar Islim
Arianna Pretto-Sakmann
Gan Lee Teng
Lip Chih Ng
Matthew Johnson
Mark Murphy
Michael Kraines
Michael Patterson
Sugandhi Govil
Paul Aronzon
Tom Conheeney

**Debtors' Restructuring Professionals**

Cleary Gottlieb Steen & Hamilton LLP
Alvarez & Marsal Holdings, LLC
Kobre & Kim LLP
Kroll Restructuring Administration LLC
Moelis & Company

**Material Contract Counterparties**
Talos Trading, Inc.
WorkSocial.com LLC

**Insurers**
Axis Capital
Forge Insurance Company
Lloyd's of London
Starr Insurance & Reinsurance Limited
Woodruff Sawyer

**Bankruptcy Court for the Southern District of New York**
Christine Azzaro
Hon. Cecelia G. Morris
Hon. David S. Jones
Hon. James L. Garrity, Jr.
Hon. John P. Mastando
Hon. Lisa G. Beckerman
Hon. Martin Glenn
Hon. Michael E. Wiles
Hon. Philip Bentley
Hon. Sean H. Lane
Jaqueline Tran
Sarah Rosenthal

**U.S. Trustee Office, Region 2, Southern District of New York, Manhattan Division**
Abriano, Victor
Allen, Joseph
Arbeit, Susan
Bentley, Phillip
Black, Christine
Bruh, Mark
Cornell, Shara
Gannone, James
Harrington, William K.
Higgins, Benjamin J.

Higgins, David S.
Joseph, Nadkarni
Leonhard, Alicia
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary V.
Morrissey, Richard C.
Ogunleye, Alaba
Penpraze, Lisa
Riffkin, Linda A.
Rodriguez, Ilusion
Schmitt, Kathleen
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Tiantian, Tara
Van Baalen, Guy A.
Velez-Rivera, Andy
Vescovacci, Madeleine
Wells, Annie
Zipes, Greg M.

**Taxing Authorities**
Monetary Authority of Singapore

**Debtors' Banks & Financial Services Providers**
Anchorage Lending CA, LLC
Banking Circle
Continental Stock Transfer & Trust
Houlihan Lokey
Industrial and Commercial Bank of China
Interactive Brokers
JPMorgan Chase Bank, NA
JPMorgan Chase Bank, NA Singapore
Kraken
Marex Captial Markets, Inc.
Metropolitan  Commercial Bank
Signature Bank
Silvergate Bank
Tradestation

**Significant Vendors**
250 Park LLC
ACRION GROUP INC/Dmitri Gofshtein

Agon Litigation
Amazon Web Services
American Arbitration Association
Anchorage Digital Bank, National Association
Andy McMullen
BitGo, Inc.
Bloomberg LP
CAPITEQ PTE. LTD.
CDW Direct LLC
Chicago Mercantile Exchange Inc NEED PO
CJD Technologies
CloudFlare, Inc.
CMS Cameron McKenna Nabarro Olswang LLP
Coinbase Custody Trust
Compliancy Services
Corver Roos
Cyberfort Ltd
Dashlane USA Inc
Davis Polk & Wardwell LLP
DCG Real Estate Management LLC
Donnelley Financial LLC
Driven
Ernst & Young LLP
Fireblocks Inc.
Friedman LLP
GitLab Inc
Global Fund Media Limited
Goodwin Procter LLP
Gowling WLG (Canada) LLP
Grab Pte. Ltd.
Halborn Inc.
IBM Corporation
I-Net Technologies
Inland Revenue Authority Of Singapore
Intelliware Development Inc
ISS Facility Services Private Limited
JAMS, Inc.
Kleinberg Kaplan Wolff & Cohen P.C.
Kyte Broking Limited
Levin Group Ltd
Mana Holdings Ltd
Managed Funds Association
Massive Computing, Inc

Meitar Law Offices
Milken Institute
Mintz Levin Cohn Ferris Glovsky and Popeo P.C.
Mitchell Martin
Moore & Van Allen PLLC
Mount Studio Pte Ltd
Murphy & Mcgonigle P.C.
Nakul Verma
Numerix LLC
Office Secretaries Pte Ltd.
Okta Inc
One Raffles Quay Pte Ltd
One11 Racing LLC
OnStream LLC
Opswat, Inc.
Opus Recruitment Solutions Ltd
Ordinary Folk
Orrick, Herrington & Sutcliffe, LLP
Papaya Global, Inc.
Perkins Coie LLP
Phaidon International Inc
Pico Quantitative Trading
Private Chefs of Atlanta
Pythian Services, Inc.
Reed Smith Pte. Ltd
Richards Layton & Finger
Roman Mashtalyar
SALT Venture Group, LLC
Savills (Singapore) PTE LTD
Shearman & Sterling LLP
Singtel (Singapore Telecommunications Limited)
Snowflake Inc.
Spire Search Partners
Stop Pest Control Of NY, INC.
STORM2 PTE LTD
Stott and May
Structure Works
T2 CONSULTING, LLC
The Furniture X-Change
The TIE, Inc
Unispace Of Boston, LLC
United Corporate Services Inc
VIP Sports Marketing, Inc.
Wolters Kluwer financial Services Inc.

Woodruff Sawyer
Xenetix Pte Ltd

**Litigation Counterparties**
[List on File]

**Top 50 Creditors**
Altcoinomy SA
[On File]
[On File]
[On File]
Bayhawk Fund LLC
[On File]
Big Time Studios Ltd.
[On File]
[On File]
[On File]
Caramila Capital Management LLC
Claure Group LLC
Coincident Capital International, Ltd.
Coinhouse
Cumberland DRW LLC
[On File]
[On File]
[On File]
Digital Finance Group
Donut, Inc.
Heliva International Corp
[On File]
[On File]
Levity & Love, LLC
[On File]
[On File]
Mirana Corp.
Moonalpha Financial Services Limited
[On File]
[On File]
[On File]
Plutus Lending LLC
[On File]
Ripio International
[On File]
[On File]
Schnutz Investments LP
Stellar Development Foundation
Streami Inc.

[On File]
The Badger Technology Company
Holdings, Ltd.
Valour, Inc.
VanEck New Finance Income Fund, LP
[On File]
[On File]

[On File]
[On File]
Winah Securities S.A.
[On File]

**<u>Potential M&A Counterparties</u>**
[List on File]

**EXHIBIT 2**[1]

| Connection Party | Morrison Cohen Relationship |
|---|---|
| A. Derar Islim | A. Derar Islim did not generate any direct hits, however a search of the words "Derar Islim" resulted in possibly related entities that are Current Client Friendly and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| Alvarez & Marsal Holdings | Alvarez & Marsal Holdings did not generate any direct hits, however a search of the words "Alvarez & Marsal" resulted in possibly related entities that are Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |

| | |
|---|---|
| Amazon Web Services | Amazon Web Services did not generate any direct hits, however a search of the word "Amazon" resulted in possibly related entities that are Current and Former Morrison Cohen Clients, and Current and Former Client Friendly and Adverse parties in matters unrelated to these chapter 11 proceedings. |
| American Arbitration Association | American Arbitration Association did not generate any direct hits, however a search of the words "American Arbitration" resulted in possibly related entities that are Former Morrison Cohen Clients and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| Anchorage Digital Bank, National Association | Anchorage Digital Bank, National Association did not generate any direct hits, however a search of the word "Anchorage" resulted in possibly related entities that are Current Morrison Cohen Clients and Current and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| Anchorage Lending CA, LLC | Anchorage Lending CA, LLC did not generate any direct hits, however a search of the word "Anchorage" resulted in possibly related entities that are Current Morrison Cohen Clients and Current and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| Andrew Sullivan | Andrew Sullivan did not generate any direct hits, however a search of the term "Andrew Sullivan" resulted in possibly related entities that are Current Client Friendly and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current and Former Morrison Cohen Clients, and Current Client Friendly and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |

| | |
|---|---|
| Arianna Pretto-Sakmann | Arianna Pretto-Sakmann is a Current Morrison Cohen Client and a Current Client Friendly and Other Interested party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| Axis Capital | Axis Capital is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the word "Axis" resulted in possibly related entities that are Current and Former Morrison Cohen Clients, and Current Client Friendly and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File], Ltd. did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Former Morrison Cohen Clients and Current and Former Client Friendly and Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Bloomberg LP | Bloomberg LP did not generate any direct hits, however a search of the word "Bloomberg" resulted in possibly related entities that are Current Client Friendly and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File]  did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File]  did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Former Morrison Cohen Clients and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |

| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entity that is a Current Morrison Cohen Client in a matter unrelated to these chapter 11 proceedings. |
|---|---|
| [On File] | [On File] is a Current Client Friendly and Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. In addition, a search of the words "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Former Morrison Cohen Clients, and Former Client Friendly and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| CDW Direct LLC | CDW Direct LLC did not generate any direct hits, however a search of the term "CDW Direct" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. In addition, a search of the word "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| Chicago Mercantile Exchange, Inc. | Chicago Mercantile Exchange, Inc. is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word [On File] resulted in possibly related entities that are Former and Current Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |

| | |
|---|---|
| Cleary Gottlieb Steen & Hamilton LLP | Cleary Gottlieb Steen & Hamilton LLP is a Former Morrison Cohen Client, and is or is counsel to Current Client Friendly and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| CMS Cameron McKenna Nabarro Olswang LLP | CMS Cameron McKenna Nabarro Olswang LLP is a Current Morrison Cohen Client in matters unrelated to these chapter 11 proceedings. |
| Coinbase Custody Trust | Coinbase Custody Trust did not generate any direct hits, however a search of the word "Coinbase" resulted in possibly related entities that are Current and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. In addition, a search of the word "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Client Friendly and Other Interested party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |

| | |
|---|---|
| Davis Polk & Wardwell LLP | Davis Polk & Wardwell LLP is or is counsel to Former Client Friendly and Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| Digital Currency Group, Inc. | Digital Currency Group, Inc. did not generate any direct hits, however a search of the words "Digital Currency Group" resulted in possibly related entities that are Current Client Friendly and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| Driven | Driven did not generate any direct hits, however a search of the word "Driven" resulted in possibly related entities with "Driven" in the name that are Former and Current Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| Ernst & Young LLP | Ernst & Young LLP is a Former Averse party in matters unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the term "Ernst & Young" resulted in possibly related entities that are a Former Morrison Cohen Client, Former and Current Client Friendly and Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the term "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is Current and Former Morrison Cohen Client, and a Former Client Friendly and Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits; however a search of the words "[On File]" resulted in possible related entities that are Current Morrison Cohen Clients and Current and Former Client Friendly and Adverse parties in matters unrelated to these chapter 11 proceedings. |

| | |
|---|---|
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current Morrison Cohen Clients and Current Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| GGC International, Ltd (BVI) | GGC International did not generate any direct hits; however a search of the term "GGC" resulted in possibly related entities that are Current Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Former Morrison Cohen Client and a Current and Former Adverse party in matters that are unrelated to these chapter 11 proceedings |
| [On File] | [On File] is a Current and Former Morrison Cohen Client, and a Current and Former Client Friendly and Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the words "[On File]" resulted in possibly related entities that are Current and Former Client Friendly and Former and Current Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Goodwin Procter LLP | Goodwin Procter LLP is or is counsel to Former Client Friendly and Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File]did not generate any direct hits, however a search of the term "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Houlihan Lokey | Houlihan Lokey is a Current Adverse party in a matter unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the words "Houlihan Lokey" resulted in possibly related entities that are Former Morrison Cohen Clients, and Former Client Friendly and Current and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| IBM Corporation | IBM Corporation is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |

7

| | |
|---|---|
| [On File] | [On File] is a Current Adverse party in a matter unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the word "[On File]" resulted in possibly related entities that are Former Client Friendly and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| ISS Facility Services Private Limited | ISS Facility Services Private Limited did not generate any direct hits, however a search of the term "ISS" resulted in possibly related entities that are a Former Morrison Cohen Clients and Former Client Friendly party in matters unrelated to these chapter 11 proceedings. |
| JAMS, Inc. | JAMS, Inc. did not generate any direct hits, however a search of the term "JAMS" resulted in possibly related entities that are Current Morrison Cohen Clients in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File]did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current Morrison Cohen Clients and Former Client Friendly and Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| JPMorgan Chase, NA Singapore | JPMorgan Chase, NA Singapore did not generate any direct hits, however a search of the term "JPMorgan" resulted in possibly related entities that are Former Morrison Cohen Clients and Current and Former Adverse and Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File]did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current Morrison Cohen Clients and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |

| | |
|---|---|
| Kobre & Kim LLP | Kobre & Kim LLP is or is counsel to Former Adverse and Current Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| Kroll Restructuring Administration LLC | Kroll Restructuring Administration LLC did not generate any direct hits, however a search of the term "Kroll" resulted in possibly related entities that are Former Morrison Cohen Clients, and Current and Former Adverse and Former Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File]is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the word "[On File]" resulted in possibly related entities that are Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Lloyd's of London | Lloyd's of London is a Current Client Friendly and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the word "Lloyd's" resulted in possibly related entities that are Current and Former Adverse and Client Friendly parties in matters unrelated to these chapter 11 proceedings |
| [On File] | [On File] is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the word "[On File]" resulted in possibly related entities that are Former Client Friendly, and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Mana Holdings Ltd. | Mana Holdings Ltd. did not generate any direct hits, however a search of the word "Mana" resulted in possibly related entities that are Current Adverse parties in matters unrelated to these chapter 11 proceedings. |

9

| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
|---|---|
| Mark Murphy | Mark Murphy is a Former Morrison Cohen Client and Former Client Friendly party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| Metropolitan Commercial Bank | Metropolitan Commercial Bank did not generate any direct hits, however a search of the word "Metropolitan" resulted in possibly related entities that are Current Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Former Client Friendly party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Former Morrison Cohen Clients and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Mintz Levin Cohn Ferris Glovsky and Popeo P.C. | Mintz Levin Cohn Ferris Glovsky and Popeo P.C. is or is counsel to Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Moelis & Company | Moelis & Company is a Current Morrison Cohen Client and Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| Moonalpha Financial Services Limited | Moonalpha Financial Services Limited is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| Moore & Van Allen PLLC | Moore & Van Allen PLLC is or is counsel to Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse and Client Friendly party in matters unrelated to these chapter 11 proceedings. |

| | |
|---|---|
| [On File] | [On File] is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current and Former Adverse and Current Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Former Adverse party in matters unrelated to these chapter 11 proceedings.

In addition, a search of the word "[On File]t" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings |
| Numerix LLC | Numerix LLC did not generate any direct hits, however a search of the word "Numerix" resulted in possibly related entities that are Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Opus Recruitment Solutions Limited | Opus Recruitment Solutions Limited did not generate any direct hits, however a search of the word "Opus" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Former Morrison Cohen Clients and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Orrick, Herrington & Sutcliffe, LLP | Orrick, Herrington & Sutcliffe, LLP is or is counsel to a Current and Former Client Friendly and Former Other Interested and Adverse parties in matters unrelated to these chapter 11 proceedings. |

11

| [On File] | [On File] is a Current Morrison Cohen Client in matters unrelated to these chapter 11 proceedings. |
|---|---|
| Perkins Coie LLP | Perkins Coie LLP is or is counsel to Former Adverse and Current Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in possibly related entities that are Current Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Former Adverse and Current Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current Morrison Cohen Clients and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File]is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current Client Friendly and Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Reed Smith Pte Ltd. | Reed Smith Pte Ltd. did not generate any direct hits, however a search of the words "Reed Smith" resulted in possibly related entities that are Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |

| | |
|---|---|
| SALT Venture Group, LLC | SALT Venture Group, LLC did not generate any direct hits, however a search of the word "Salt" resulted in possibly related entities that are Current Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the words "[On File]" resulted in a possibly related entity that is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| Savills (Singapore) Pte Ltd. | Savills (Singapore) Pte Ltd. did not generate any direct hits, however a search of the word "Savills" resulted in possibly related entities that Current Morrison Cohen Clients and Current and Former Adverse and Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| Shearman & Sterling LLP | Shearman & Sterling is or is counsel to Current and Former Adverse and Former Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| Signature Bank | Signature Bank is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| Spire Search Partners | Spire Search Partners did not generate any direct hits, however a search of the word "Spire" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Stellar Development Foundation | Stellar Development Foundation did not generate any direct hits, however a search of the word "Stellar" resulted in possibly related entities that are Former Client Friendly and Current and Former Adverse in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. In addition, a search of the word "Summit" resulted in possibly related entities that are Current and Former Adverse and Current Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Former Adverse party in matters unrelated to these chapter 11 proceedings. |

| T2 Consulting, LLC | T2 Consulting, LLC did not generate any direct hits, however a search of the term "T2" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
|---|---|
| [On File] | [On File] did not generate any direct hits, however a search of the term "[On File]" resulted in possibly related entities that are Current and Former Adverse and Former Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| Talos Trading | Talos Trading did not generate any direct hits, however a search of the word "Talos" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current and Former Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| The TIE, Inc. | The TIE, Inc. did not generate any direct hits, however a search of the words "The TIE" resulted in possibly related entities that are Current Morrison Cohen Clients in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Morrison Cohen Client and a Current Adverse party in matters unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the words "[On File]" resulted in possibly related entities that are Current Adverse and Other Interested parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current and Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities with "[On File]" in the name that are Current Adverse parties in matters unrelated to these chapter 11 proceedings. |

| | |
|---|---|
| [On File] | [On File] is a Current Morrison Cohen Client in matters unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the words "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| Unispace of Boston, LLC | Unispace of Boston, LLC did not generate any direct hits, however a search of the word "Unispace" resulted in possibly related entities that are Current Adverse and Client Friendly parties in matters unrelated to these chapter 11 proceedings. |
| United Corporate Services Inc. | United Corporate Services Inc. is a Former Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current and Former Adverse and Current Client Friendly party in matters unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the words "[On File]" resulted in possibly related entities that are Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] did not generate any direct hits, however a search of the word "[On File]" resulted in possibly related entities that are Current and Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Morrison Cohen Client in matters unrelated to these chapter 11 proceedings. |
| Wolters Kluwer Financial Services Inc. | Wolters Kluwer Financial Services Inc. is a Former Adverse party in a matter unrelated to these chapter 11 proceedings.<br><br>In addition, a search of the words "Wolters Kluwer" resulted in possibly related entities that are Former Adverse parties in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |
| [On File] | [On File] is a Current Adverse party in matters unrelated to these chapter 11 proceedings. |

## Exhibit 3

### Summary of Payments Ninety Days Prior to Petition Date

| INV DATE | INV NO | INV PERIOD | INV PAID | PAYMENT DATE |
|---|---|---|---|---|
| 10/12/2022 | 2203423 | 9/1/22 - 9/30/22 | 241.65 | 11/1/2022 |
| 10/12/2022 | 2203424 | 9/1/22 - 9/30/22 | 2,547.90 | 11/1/2022 |
| 10/12/2022 | 2203425 | 9/1/22 - 9/30/22 | 6,868.35 | 11/1/2022 |
| 10/12/2022 | 2203427 | 9/1/22 - 9/30/22 | 1,630.35 | 11/1/2022 |
| 10/12/2022 | 2203428 | 9/1/22 - 9/30/22 | 758.85 | 11/1/2022 |
| 10/12/2022 | 2203430 | 9/1/22 - 9/30/22 | 350.00 | 11/1/2022 |
| 10/12/2022 | 2203429 | 9/1/22 - 9/30/22 | 2,534.75 | 11/1/2022 |
| | | **PAYMENT AMOUNT** | **14,931.85** | |
| | | | | |
| **INV DATE** | **INV NO** | **INV PERIOD** | **INV PAID** | **PAYMENT DATE** |
| 12/6/2022 | 2205789 | 11/1/22 - 11/30/22 | 161.10 | 12/14/2022 |
| 12/6/2022 | 2205780 | 11/1/22 - 11/30/22 | 2,603.25 | 12/14/2022 |
| 12/6/2022 | 2205788 | 11/1/22 - 11/30/22 | 402.75 | 12/14/2022 |
| 12/6/2022 | 2205782 | 11/1/22 - 11/30/22 | 78,715.35 | 12/14/2022 |
| | | **PAYMENT AMOUNT** | **81,882.45** | |
| | | | | |
| **INV DATE** | **INV NO** | **INV PERIOD** | **INV PAID** | **PAYMENT DATE** |
| 1/9/2023 | 2207133 | 11/1/22 TO 1/9/23 | 241.65 | 1/12/2023 |
| 1/9/2023 | 2207134 | 12/7/22 TO 1/9/23 | 72,640.35 | 1/12/2023 |
| 1/9/2023 | 2207135 | 11/8/22 TO 1/9/23 | 45,860.10 | 1/12/2023 |
| 1/9/2023 | 2207136 | 12/2/22 TO 1/9/23 | 17,944.65 | 1/12/2023 |
| 1/9/2023 | 2207140 | 1/4/23 TO 1/9/23 | 161.10 | 1/12/2023 |
| 1/9/2023 | 2207141 | 12/2/22 TO 1/9/23 | 1,127.70 | 1/12/2023 |
| 1/9/2023 | 2207142 | 12/6/22 TO 1/9/23 | 16,510.05 | 1/12/2023 |
| 1/9/2023 | 2207143 | 12/27/22 TO 1/9/23 | 1,450.80 | 1/12/2023 |
| | | **PAYMENT AMOUNT** | **155,936.40** | |
| | | | | |
| **INV DATE** | **INV NO** | **INV PERIOD** | **INV PAID** | **PAYMENT DATE** |
| 1/17/2023 | 2207490 | 1/9/23 - 1/17/23 | 31,865.40 | 1/19/2023 |
| 1/17/2023 | 2207486 | 1/9/23 - 1/17/23 | 2,326.50 | 1/19/2023 |
| 1/17/2023 | 2207485 | 1/9/23 - 1/17/23 | 13,264.20 | 1/19/2023 |
| 1/17/2023 | 2207488 | 1/11/23 - 1/17/23 | 563.85 | 1/19/2023 |
| 1/17/2023 | 2207489 | 1/9/23 - 1/17/23 | 4,146.30 | 1/19/2023 |
| | | **PAYMENT AMOUNT** | **52,166.25** | |
| | | **TOTAL** | **304,916.95** | |

**<u>EXHIBIT B</u>**

**Aronzon Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF PAUL ARONZON IN SUPPORT
### OF THE DEBTORS' APPLICATION FOR AN ORDER
### AUTHORIZING THE EMPLOYMENT AND RETENTION OF
### MORRISON COHEN LLP AS SPECIAL COUNSEL FOR THE DEBTORS
### AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

I, Paul Aronzon, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a member of the Special Committee of Genesis Global Holdco, LLC ("Holdco" and, collectively with its affiliated debtors and debtors-in-possession in the above-captioned cases, the "Debtors").  I am one of the individuals involved in supervising special counsel for the Debtors.

2.      I submit this declaration (the "Declaration") in support of the Debtors' Application, pursuant to sections 327(e) of the Bankruptcy Code, Bankruptcy Rules 2014, and Local Rule 2014-1, for authority to retain and employ Morrison Cohen LLP ("Morrison Cohen" or the "Firm") as special counsel for the Debtors effective as of the Petition Date.

3.      This Declaration is provided pursuant to Paragraph D.2 of the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed*

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013. Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' employees or advisors, or my opinion based upon knowledge and experience as  a member of the Special Committee.  I am authorized to submit this Declaration on behalf of the Debtors.

## THE DEBTORS' SELECTION OF MORRISON COHEN AS SPECIAL COUNSEL

4.      The Debtors propose Morrison Cohen to serve as their special counsel.  The Debtors recognize that a comprehensive review process is necessary when selecting and managing Chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.

5.      Prior to the commencement of the Chapter 11 Cases, the Debtors engaged Morrison Cohen to assist them in navigating numerous actions ("Litigations") and inquiries and investigations by federal and state regulators and law enforcement agencies (collectively, "Investigations" and, together with the Litigations, the "Morrison Cohen Services").

6.      With respect to the Litigations, Morrison Cohen's services include:  (a) advising the Debtors as to their rights and obligations with respect to the Litigations; (b) communicating with opposing counsel on the Debtors' behalf; (c) appearing in and participating in Litigations on the Debtors' behalf; (d) researching and analyzing various legal issues related to the Litigations; and (e) providing advice on certain questions relating to the Litigations that may arise in the normal course of business.

7.      The Litigations primarily relate to cryptocurrency loans involving the Debtors. Over the past two years, Morrison Cohen has assisted the Debtors in several Litigations, including pre-Litigation disputes.

8.      With respect to the Investigations, Morrison Cohen's services include:  (a) advising the Debtors as to their rights and obligations; (b) communicating with regulators and governmental agencies; (c) responding to document information requests from regulators and governmental agencies; (d) addressing legal issues related to the Investigations; and (e) advising on regulatory issues in the normal course of business.

9.      The Debtors now desire to employ and retain, pursuant to section 327(e) of the Bankruptcy Code, Morrison Cohen as special counsel to continue representing in connection with these prior engagements.  The Debtors have selected Morrison Cohen because of its extensive experience and knowledge in the field of regulatory and enforcement matters.

10.     The Investigations relate primarily to compliance with federal and state laws relating to securities and other financial instruments, and involve issues in which Morrison Cohen has extensive experience. Over the past two years, Morrison Cohen has assisted the Debtors in responding to information requests and inquires related to the Investigations, and has become intimately familiar with the Debtors' businesses, and the specific factual and legal issues raised in the Investigations.

11.     As a result of the prior engagements described above, Morrison Cohen has developed an extensive understanding of the Debtors' businesses and financial affairs.  Because the Litigations and Investigations remain ongoing, Morrison Cohen is uniquely positioned to continue representing the Debtors in such matters.  The Debtors and their estates would be unduly prejudiced if the Debtors were required retain counsel other than Morrison Cohen, in light of the time and expenses necessary for any new counsel to familiarize themselves with the Debtors' businesses and the ongoing Litigations and Investigations.

**RATE STRUCTURE**

12.      Morrison Cohen has informed me that its compensation structure is consistent with the amounts historically paid by the Debtors to Morrison Cohen for services and comparable to the rates of other comparably skilled professionals in the national marketplace for legal services.

13.      I understand that certain of Morrison Cohen's fees and expenses will be subject to review during the pendency of these Chapter 11 Cases by, among other parties, the United States Trustee, the Debtors and the Creditors' Committee, in accordance with the terms of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders of the Court governing the procedures for approval of compensation of professionals retained in Chapter 11 Cases.

14.      I, or someone under my supervision, review the Debtors' outside counsel invoices and authorize all legal fees and expenses prior to the payment of such fees to outside counsel.  In doing so, I, or someone under my supervision, ensure that all requested fees and expenses are not unreasonable and correspond with necessary or beneficial services rendered on behalf of the Debtors and their estates. The aforementioned review and approval process does not differ when the Debtors employ outside counsel for non-bankruptcy cases. Moreover, Morrison Cohen has informed me that the Debtors will be provided with the opportunity to review all invoices and request adjustments to such invoices to the extent that the Debtors determine that such adjustments are necessary and appropriate, which requests will be carefully considered by Morrison Cohen.

15.      Further, I am informed that, other than periodic rate increases that occur in the ordinary course, the rates that Morrison Cohen charged the Debtors in the pre-petition period are the same as the rates that Morrison Cohen will charge the Debtors in the post-petition period.[2]

---

[2]      Morrison Cohen adjusted its rates for 2023, consistent with its engagement letter, after pre-petition invoices were submitted in the first two weeks of 2023 to the Debtors. These pre-petition invoices were issued in the period before the Firm implemented its 2023 rate change as 2023 invoices are normally issued after the end of the month.

\* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, to the best of my knowledge and belief.


Dated: February 8, 2023
        New York, New York

                                        */s/ Paul Aronzon*
                                        Paul Aronzon
                                        Genesis Global Holdco, LLC

# **<u>EXHIBIT C</u>**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORRISON COHEN LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), for entry of an order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(e) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for Southern District of New York (the "Local Rules"), the law firm of Morrison Cohen LLP ("Morrison Cohen") as their special counsel; and directing that copies of all notices, pleadings, and other documents filed in the Chapter 11 Cases and any and all related adversary proceedings be served upon Morrison Cohen; and upon consideration of the First Day Declaration, (ii) the

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application, as may be applicable.

*Declaration of Jason Gottlieb in Support of the Application Authorizing Employment and Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession* ("Gottlieb Declaration"), a copy of which was attached to the Application as Exhibit A, (iii) the *Declaration Paul Aronzon In Support of the Debtors' Application for an Order Authorizing the Employment and Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "Aronzon Declaration"), a copy of which was attached to the Application as Exhibit B; and the Court being satisfied based on the representations in the Application and the Gottlieb Declaration that Morrison Cohen does not have a conflict of interest with the Debtors or their estates in connection with the matters for which Morrison Cohen is to be retained by the Debtors, as required by section 327(e) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

## IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized to employ and retain Morrison Cohen as special counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application, the Gottlieb Declaration, and the Aronzon Declaration *nunc pro tunc* to the Petition Date.

3.      Morrison Cohen is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with the legal services described in the Application.

4.      Morrison Cohen shall apply for hourly compensation for professional services rendered and reimbursement of expenses incurred, including the fees incurred in relation to the fixed compensation structure discussed herein, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5.      Prior to any increases in Morrison Cohen 's rates, Morrison Cohen shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

6.      Notwithstanding a provision in the Application, Gottlieb Declaration or Aronzon Declaration to the contrary, all major expenses will be paid by Morrison Cohen and reimbursed by the Debtors only after approval of a fee application by the Court.

7.      Morrison Cohen shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8.      Notwithstanding anything in the Application or Morrison Cohen's engagement letter with the Debtors to the contrary, Morrison Cohen shall (a) to the extent that Morrison Cohen uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, Morrison Cohen shall pass-through the cost of such Contractors to the Debtors at the same rate that Morrison Cohen pays the Contractors; (b) seek reimbursement for actual costs only; and (c) ensure that the Contractors are subject to the same conflict checks as required for Morrison Cohen and (d) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

9.      Notwithstanding anything to the contrary in the Application or Morrison Cohen's engagement letter with the Debtors, Morrison Cohen shall not withdraw as Debtors' counsel prior to the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

10.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

11.     This Court shall retain exclusive jurisdiction with respect to all matters

arising from or related to the implementation, interpretation or enforcement of this Order.


Dated: _____ , 2023         _____
         White Plains, New York            THE HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE