Hearing Date: February 22, 2023 at 11:00 a.m. (Prevailing Eastern Time)

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: cshore@whitecase.com
           philip.abelson@whitecase.com
           david.turetsky@whitecase.com
           michele.meises@whitecase.com

– and –

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450
Email:  gregory.pesce@whitecase.com

*Proposed Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 15** |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED OBJECTION TO THE DEBTORS' CASH MANAGEMENT MOTION**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully states as follows in support of this limited objection to further interim approval of the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code; and (IV) Granting Related Relief* [Docket No. 15] (the "**Motion**" or "**Mot.**"):

**Preliminary Statement**

1.      In the short time since the Committee was formed, the Committee has taken numerous steps to maximize value for unsecured creditors. In particular, the Committee's professionals—White & Case LLP, Houlihan Lokey, and Berkeley Research Group—have begun to spend significant time analyzing the proposed structure (including tax structuring issues) and other key terms of the Restructuring Term Sheet, dated February 10, 2023 [Docket No. 80]. The Committee and its professionals have also spent significant time to get up to speed on the complexities of the Debtors' operations. Those efforts have resulted in constructive dialogue with the Debtors regarding key issues and consensus regarding most of the Debtors' second-day relief.

2.      However, the Motion—as well as broader questions about the Debtors' interactions with their non-Debtor affiliates—continue to raise a variety of concerns for the Committee. Indeed, the Special Committee of Genesis Global HoldCo, LLC and the Committee are both investigating intercompany transfers. Specifically, the Motion requests authorization for the Debtors to effectuate intercompany transfers with various non-Debtor affiliates on an unfettered

basis pending the final hearing. The Committee acknowledges that intercompany funding might be more cost-efficient and value-maximizing for unsecured creditors. But the Committee has concerns regarding the requested relief and has not been provided with information necessary to evaluate the requested relief. Furthermore, the Debtors have not yet published a public cashflow forecast (similar to what a debtor would file in a traditional cash collateral or DIP financing motion), nor have the Debtors provided the Committee's professionals with certain key pieces of information relevant to efforts to analyze intercompany transfers, such as cryptocurrency wallet addresses. The Committee, therefore, cannot adequately assess the basis for the Debtors' proposed intercompany transactions.

3. Accordingly, at this time, the Committee requests that the Court prohibit all intercompany transfers during the interim period absent the Committee's consent. Furthermore, the Committee requests that the Court condition approval of the Motion on the Debtors' agreement to provide reporting and information necessary to track cash outflows and the movement of the Debtors' digital assets, including cryptocurrency wallet addresses.[2]

## Limited Objection

**I.    The Court Should Prohibit Transfers Between Debtors and Non-Debtors Absent the Committee's Consent.**

4. The Debtors bear the burden to establish that the relief requested by the Motion represents an appropriate exercise of the Debtors' business judgment and is in the best interests of the Debtors' estates and creditors. *See, e.g., In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983) (reversing bankruptcy court's approval of sale where there was insufficient "evidence presented" to the bankruptcy court to justify that sale); *Mission Iowa Wind Co. v. Enron Corp. (In*

---

[2]    The Committee submits that its proposed changes should be included in any future order entered with respect to the Motion, including any order that is entered on a further interim, but not final, basis.

*re Enron Corp.)*, 291 B.R. 39, 43 (S.D.N.Y. 2003) (explaining that a court should not "defer in conclusory fashion to the debtors' business judgment").

5. Thus far, the Debtors have failed to meet their evidentiary burden with respect to the request to continue intercompany transfers. Rather, the Debtors have only offered conclusory statements that any disruption in transfers to certain non-Debtor affiliates "would be extremely detrimental to the Debtors' operations." Mot. ¶ 12. Indeed, despite the extensive dialogue between the Committee and the Debtors' respective professionals in the last week and a half, the Debtors have not yet provided the Committee's advisors with critical pieces of information necessary to understand the Debtors' intercompany relationships and the relief requested in the Motion. For example, the Committee understands that intercompany transfers during the interim period will primarily relate to payroll reimbursement amounts paid by GGC to non-Debtor affiliate GGT. But the Committee lacks information about what tasks those employees perform for the Debtors, how costs of those employees are allocated between the Debtors and their non-Debtor affiliates, and how the intercompany arrangements were negotiated, among other key issues. Nor does the Committee or its professionals have key pieces of information regarding non-payroll-related transfers between the Debtors and their non-Debtor affiliates that may occur during the interim period information about the nature, amount, or basis of any other transfers.

6. Accordingly, the Court should prohibit intercompany transfers between any Debtor and any non-Debtor affiliate absent the Committee's express consent.

**II.    The Court Should Restrict Intercompany Transactions Between Debtors.**

7. The Debtors also seek broad authority to effectuate intercompany transfers between Debtor entities. Mot. ¶ 23. Similar to the Committee's concerns regarding intercompany transfers with non-Debtor affiliates, the Debtors have not disclosed with sufficient particularity the

anticipated cash transfers among Debtor entities. Accordingly, to ensure that value is not diverted from creditors or from one Debtor estate to another, the Debtors should not be permitted to make inter-Debtor transfers absent the Committee's consent.

### III. The Court Should Require Monthly Reporting as Requested by the Committee.

8. Finally, the Committee requests that the Court condition further approval of the Motion on an interim basis as follows:

- the Court should require the Debtors to prepare and file on the Court's docket a monthly reconciliation of the budget and the actual financial performance and expenditures of the Debtors during the budget period, including any detail regarding areas where actual expenditures exceed the projection in the budget;

- the Court should require the Debtors to file on the Court's docket on a monthly basis a report setting forth the amount of cryptocurrency and other digital assets held by the Debtors;

- the Court should require the Debtors to provide a monthly reconciliation report to the advisors to the Committee on the 21st day of the following month;

- the Court should require the Debtors to provide the Committee's professionals with cryptocurrency wallet addresses to permit the Committee to track transfers involving the Debtors; and

- the proposed order should make it clear that the Committee reserves all rights to seek relief before the Court with respect to any inconsistency between the actual financial performance and expenditures of the Debtors during the budget period and the budget as reflected in the monthly reconciliation report.

### Reservation of Rights

9. The Committee and the Debtors remain in discussions regarding the Motion. Accordingly, to the extent the Committee and the Debtors do not reach a consensual resolution regarding these matters, the Committee reserves all of its rights to supplement or amend this

limited objection, to raise additional issues with the Motion at the hearing, and to present evidence at the hearing.

## **Conclusion**

10. WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the order granting the Motion be modified in accordance with this limited objection, or, alternatively, that the Court deny the relief requested in the Motion, and grant such other and further relief as may be just and proper.

Dated: February 20, 2023  Respectfully submitted,

By: */s/ J. Christopher Shore*

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: cshore@whitecase.com
        philip.abelson@whitecase.com
        david.turetsky@whitecase.com
        michele.meises@whitecase.com

– and –

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450
Email: gregory.pesce@whitecase.com

*Proposed Counsel to Official
Committee of Unsecured Creditors*