CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**OMNIBUS CERTIFICATE OF NO OBJECTION**

TO THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746 and Rule 9075-2 of the Local Bankruptcy Rules

for the Southern District of New York (the "Local Bankruptcy Rules"), the undersigned

counsel for the above-captioned debtors and debtors-in-possession (the "Debtors") hereby

certifies as follows:

        1.     On January 19 and 20, 2023 the Debtors filed the following motions

(collectively, the "First Day Motions"):

        (a)    **Taxes and Fees Motion.** *Debtors' Motion for Entry of Interim and Final*
               *Orders Authorizing the Payment of Certain Taxes and Fees.* ECF. No 9.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

(b)      **Critical Vendors Motion.** *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing, but Not Directing, the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Foreign Vendors, (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Claims and (III) Granting Related Relief.* ECF No. 11.

(c)      **Employee and Wages Motion.** *Motion of Genesis Asia Pacific PTE. LTD. for Entry of Interim and Final Orders (I) Authorizing Genesis Asia Pacific PTE. LTD. to (A) Pay Certain Employee Wages and Other Compensation and Related Obligations and (B) Maintain and Continue Employee Benefits and Programs in the Ordinary Course, and (II) Authorizing and Directing Applicable Banks to Honor All Transfers Related to Such Obligations.* ECF No. 16.

     2.      On February 8, 2023 the Debtors filed the following motions

(collectively, the "Second Day Motions"):

(a)      **Interim Compensation Motion.** *Motion to Authorize Procedures for Interim Compensation and Reimbursement of Expenses of Professionals.* ECF No. 64.

(b)      **Ordinary Course Professionals Motion.** *Application to Employ Professionals Used in the Ordinary Course of Business* Nunc Pro Tunc *to the Petition Date* ECF No. 65.

(c)      **Application to Retain Cleary Gottlieb Steen & Hamilton as Counsel.** *Application to Employ Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-In-Possession* Nunc Pro Tunc *to the Petition Date.* ECF No. 69.

(d)      **Application to Retain Morrison Cohen as Special Counsel.** *Application to Employ Morrison Cohen LLP as Special Counsel to the Debtors and Debtors-In-Possession Effective* Nunc Pro Tunc *to the Petition Date.* ECF No. 71.

(e)      **Application to Retain Kroll as Administrative Advisor.** *Application to Employ Kroll Restructuring Administration LLC as Administrative Advisor* Nunc Pro Tunc *to the Petition Date.* ECF No. 72.

(f)      **Application to Retain Alvarez & Marsal as Financial Advisors.** *Application to Employ Alvarez & Marsal North America, LLC as Financial Advisors to Debtors and Debtors in Possession Pursuant to Sections 327(A) and 328 of the Bankruptcy Code.* ECF No. 73.

(g)      **Application to Retain Kobre & Kim as Special Litigation Counsel.** *Application to Employ Kobre & Kim LLP as Special Litigation Counsel.* ECF No. 70.

3.     Objections or responses to the First Day Motions and the Second Day Motions were due no later than February 15, 2023 at 4:00 PM prevailing Eastern Time for all parties other than the Official Committee of Unsecured Creditors (the "Committee")  whose objection deadline was extended to February 17, 2023 at 4:00 PM prevailing Eastern Time, (the "Objection Deadlines").  Local Rule 9075-2 provides that the motion or application may be granted without a hearing if (a) no objections or other responsive pleadings have been filed on or before the applicable objection deadline and (b) the attorney for the entity that filed the motion or application complies with such rule.

4.     The First Day Motions were served on January 20, 2023 [ECF No. 33] and the Second Day Motions were served on February 8, 2023 [ECF No. 90].

5.     As of the filing of this certificate, more than forty-eight (48) hours have elapsed since the Objection Deadlines and, to the best of my knowledge, no responsive pleading to the First Day Motions or the Second Day Motions has been (a) filed with the Court on the docket of the above-captioned Chapter 11 Cases or (b) served on the Debtors or their counsel.  While informal comments were received from the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), the Committee and certain other parties in interest, those comments have been resolved as reflected in the forms of proposed order attached hereto.  Accordingly, any objections with respect to the First Day Motions and the Second Day Motions have been fully resolved.

6.     Accordingly, the Debtors respectfully request entry of the proposed orders granting the relief requested in the First Day Motions and the Second Day Motions, attached hereto as **Exhibit A** through **Exhibit J** (the "Revised Proposed Orders") at the Court's earliest convenience.  A redline reflecting a comparison of each Revised Proposed

Order to the respective proposed final order attached to the First Day Motion or Second Day Motion, as applicable, follows each Revised Proposed Order.  The modifications reflected in the Revised Proposed Orders incorporate certain revisions requested by the U.S. Trustee, the Committee and certain other parties in interest, as well as certain conforming and non-substantial changes.

7.     If not entered prior to the hearing, the Debtors will seek entry of the Revised Proposed Orders at the hearing (the "Hearing") scheduled for 11:00 a.m., prevailing Eastern Time, on February 22, 2023 before the Honorable Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  February 21, 2023
        New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone:  (212) 225-2000
Facsimile:  (212) 225-3999

*Proposed Counsel for the Debtors
and Debtors-in-Possession*

## Exhibit A

**Revised Proposed Final Taxes and Fees Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## FINAL ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES

## ("FINAL TAXES AND FEES ORDER")

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of a final order (this "Final Order"), as more fully described in the Motion, authorizing the Debtors, in their sole discretion, to pay certain accrued and outstanding prepetition taxes, and to continue paying taxes in the ordinary course; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") filed contemporaneously herewith; and adequate notice of the Motion having been given as set forth in the Motion; and the Court having entered the *Interim Order Authorizing the Payment of Certain Taxes and Fees* [ECF No. 43]; and the Court

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the arguments of counsel on the record; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized, but not directed, to pay or remit the Taxes and Fees in the ordinary course of business without regard to whether the Taxes and Fees accrued or arose before or after the Petition Date.

3.      All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Final Order, whether presented prior to or after the Petition Date, in accordance with, and with the protections granted in, any order approving the Debtors' use of their cash management system filed in these Chapter 11 Cases.

4.      Nothing in the Motion or this Final Order, or any actions taken pursuant to this Final Order, shall be deemed or construed as: (a) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (b) an approval

or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (c) an admission by any party in interest of the priority status of any claim; (d) a modification of the Debtors', the Committee's or any other party in interest's respective rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid in respect of any Taxes and Fees; or (e) a waiver or limitation of the Debtors', the Committee's or any other party in interest's respective rights under the Bankruptcy Code or any other applicable law.

5.      Nothing contained in the Motion or this Final Order shall be deemed or construed as an admission by any party in interest, including the official committee of unsecured creditors (the "Committee") as to the validity or priority of any claim or lien against the Debtors, including any Taxes and Fees, or as a waiver of any interested party's rights to dispute any claim or lien, including any Taxes and Fees, on any grounds.

6.      The Debtors will provide prompt notice to the Court, the U.S. Trustee and counsel to the Committee, via email, of any material changes to the Debtors' Taxes and Fees obligations.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

8.      The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule 6003(b) and 6004(a).

9.      Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities law as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

10.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Final Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Final Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Final Order.

11.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

Dated: _____, 2023         _____
       White Plains, New York          THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (——SHL) |
| Debtors. | Jointly Administerationed Pending |

**FINAL ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES**

**("FINAL TAXES AND FEES ORDER")**

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its above-captioned affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of a final order (this "Final Order"), as more fully described in the Motion, authorizing the Debtors, in their sole discretion, to pay certain accrued and outstanding prepetition taxes, and to continue paying taxes in the ordinary course; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") filed contemporaneously herewith; and adequate notice of the Motion

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

having been given as set forth in the Motion; and the Court having entered the *Interim Order Authorizing the Payment of Certain Taxes and Fees* [ECF No. 43]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing")arguments of counsel on the record; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hhearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized, in their sole discretionbut not directed, to pay or remit the Taxes and Fees in the ordinary course of business without regard to whether the Taxes and Fees accrued or arose before or after the Petition Date.

3.      All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Final Order, whether presented prior to or after the Petition Date, in accordance with, and with the protections granted in, any order approving the Debtors' use of their cash management system filed in these Chapter 11 Cases.

4.      Nothing in the Motion or this Final Order, or any actions taken pursuant to this Final Order, shall be deemed or construed as: (a) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (b) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (c) an admission by any party in interest of the priority status of any claim; (d) a modification of the Debtors', the Committee's or any other party in interest's respective rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid in respect of any Taxes and Fees; or (e) a waiver or limitation of the Debtors', the Committee's or any other party in interest's respective rights under the Bankruptcy Code or any other applicable law.

4. Nothing contained in the Motion or this Final Order shall be deemed or construed as an admission by any party in interest, including the official committee of unsecured creditors (the "Committee") as to the validity or priority of any claim or lien against the Debtors, including any

Taxes and Fees, or as a waiver of the Debtors'any interested party's rights to dispute any claim or lien, including any Taxes and Fees, on any grounds.

5.      The Debtors will provide prompt notice to the Court, the U.S. Trustee and counsel to the Committee, via email, of any material changes to the Debtors' Taxes and Fees obligations.

6.      ~~5.~~ The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

7.      ~~6.~~ The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule 6003(b) and 6004(a).

8.      Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities law as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

9.      ~~7.~~ Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Final Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Final Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Final Order.

10.      ~~8.~~ This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

Dated: _____, 2023         _____

~~New York~~<u>White Plains</u>, New York                    <u>THE HONORABLE SEAN H. LANE</u>
                    ~~United States Bankruptcy Judge~~<u>UNITED STATES
BANKRUPTCY JUDGE</u>

## **Exhibit B**

**Revised Proposed Final Critical Vendor Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### FINAL ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND FOREIGN VENDORS, (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH CLAIMS AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Final Order") (i) authorizing, but not directing, the Debtors, in their discretion, to pay all or a portion of the prepetition claims of the Critical Vendors and Foreign Vendors in the ordinary course of business; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting the Debtors such other and further relief as the Court deems just and proper, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been given under the particular circumstances, and it appearing that no other or further notice is necessary, and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

*Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"); and adequate notice of the Motion having been given as set forth in the Motion; and the Court having entered the *Interim Order (I) Authorizing, But Not Directing, Debtors to Pay Prepetition Claims of Certain Critical Vendors and Foreign Vendors, (II) Authorizing and Directing Financing Institutions to Honor and Process Checks and Transfers Related to Such Claims, and (III) Granting Related Relief* [ECF No. 45]; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the arguments of counsel on the record; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing held establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis, to the extent provided herein.

2.      The Debtors are authorized, but not directed, in their sole discretion, to continue their prepetition business operations, policies and programs and pay the prepetition amounts owed

to Vendors on account of Vendor Claims on a postpetition basis in the ordinary course of business; provided, however, that any payments shall only be made as they become due, and that no payments shall be accelerated prior to the final hearing of this Motion.  Notwithstanding the foregoing, payments to Vendors shall not exceed $100,000 in the aggregate, except to the extent the Committee provides prior written consent on such payments (email shall suffice) or such payments are authorized by separate order of the Court (the "Final Vendor Cap").

3.      The Debtors are authorized, but not directed, to condition payment of Vendor Claims on a Vendor's maintenance or application of Customary Terms, which Customary Terms shall be disclosed by the Debtors to counsel to the Committee; provided, however, that any Vendor that accepts payment pursuant to the authority granted in this Final Order agrees to supply goods and services to the Debtors postpetition on Customary Terms or on such other more favorable terms as are acceptable to the Debtors; provided further that the Debtors' inability to agree on Customary Terms shall not preclude them from paying the claim of a Vendor if the Debtors determine, in the reasonable exercise of their business judgment, in consultation with the Committee, that such payment is necessary to the Debtors' operations.

4.      If a Vendor, after receiving payment on account of a Vendor Claim, ceases to provide Customary Terms or otherwise fails to perform under a contract with a Debtor, the Debtors may, without further notice to or action, order or approval of the Bankruptcy Court, deem such payment to apply to postpetition amounts payable to such Vendor.  Such Vendor shall then immediately repay to the Debtors any payments made to it on account of its Vendor Claims to the extent that such payments exceed the postpetition amounts then owing to such Vendor, without the right of setoff or reclamation, it being the express intention of this Court to return the parties to the status quo in effect as of the date of entry of this Final Order with respect to all prepetition

Vendor Claims if a Vendor ceases to perform under any existing contract or other obligation the payments in respect of which were authorized pursuant to this Final Order.

5.    All applicable banks and other financial institutions are authorized to rely on the Debtors' direction in paying amounts under this Final Order.  Furthermore, all applicable banks and other financial institutions are authorized to (i) honor any checks drawn against the Debtors' accounts but not cleared prior to the Petition Date, (ii) complete any fund transfer requests made but not completed prior to the Petition Date and (iii) issue new postpetition checks and to make postpetition fund transfer requests to replace any prepetition checks and prepetition transfers to Vendors that may be dishonored by the banks or financial institutions.

6.    Within five (5) business days following entry of this Final Order, the Debtors will provide the U.S. Trustee and counsel to the Committee a list of holders of each category of Vendor Claims set forth in the Motion and the amounts owed as of the Petition Date; provided that, starting on March 31, 2023, on last business day of each month, the Debtors will provide an updated list of holders of each category of Vendor Claims and the remaining amounts owed as of the Petition Date to the U.S. Trustee and counsel the Committee.

7.    Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission by any party in interest as to the validity, priority or amount of any claim against a Debtor entity; (b) a waiver of the Debtors', the Committee's, or any other party-in-interest's right to dispute any claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code; (e) a waiver of the Debtors', the Committee's, or any other party-in-interest's rights under the Bankruptcy Code or any other

applicable law; (f) an admission by any party in interest as to the validity, priority, enforceability or perfection of any lien on, security interest in or other encumbrance on property of the Debtors' estates or (g) a concession by the Debtors, the Committee or any party in interest that any liens (contractual, common law, statutory or otherwise) that may be satisfied pursuant to the relief granted in this Final Order are valid, and the rights of all parties-in-interest, including the Committee, are expressly reserved to contest the extent, validity or perfection or seek avoidance of all such liens.

8.      Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities law as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee, and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

9.      None of the Debtors, their officers, directors, attorneys or agents will have any liability on account of any decision by the Debtors not to pay a Vendor Claim.

10.     Nothing in this Motion or Final Order shall increase, reclassify or elevate to administrative expense status or otherwise affect any Vendor Claims to the extent that they are not paid.

11.     Nothing in the Motion or this Final Order shall be deemed to authorize the Debtors to accelerate any payments, and the Debtors are only authorized under this Final Order to pay amounts that are due and owing prior to the Petition Date.

12.     Nothing in the Motion or this Final Order, nor the Debtors' actions in executing this Final Order, is intended or shall be construed as a modification or waiver of the Debtors' rights

with respect to goods or services requested or received from the Vendors.  This includes, but is not limited to, the Debtors' rights to (i) cancel a purchase order (including outstanding orders); (ii) decline the acceptance of goods or services; (iii) return any defective, nonconforming or unacceptable goods or (iv) contest the amount of any invoice or claim.

13.     Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Final Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Final Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Final Order.

14.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

Dated:    _____, 2023
            White Plains, NY                        _____
                                                                    THE HONORABLE SEAN H. LANE
                                                                    UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (——SHL) |
| Debtors. | Jointly Administerationed Pending |

### FINAL ORDER (I) AUTHORIZING,
### BUT NOT DIRECTING, THE DEBTORS TO PAY
### CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND
### FOREIGN VENDORS, (II) AUTHORIZING AND DIRECTING FINANCIAL
### INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS
### RELATED TO SUCH CLAIMS AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC and its affiliated

debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors"), for entry of an order (this "Final Order") (i) authorizing, but not directing, the

Debtors, in their discretion, to pay all or a portion of the prepetition claims of the Critical

Vendors and Foreign Vendors in the ordinary course of business; and (ii) authorizing the

Banks to honor and process check and electronic transfer requests related to the

foregoing; and (iii) granting the Debtors such other and further relief as the Court deems

just and proper, all as more fully set forth in the Motion; and due and sufficient notice of

the Motion having been given under the particular circumstances, and it appearing that no

other or further notice is necessary, and upon the *Declaration of A. Derar Islim in Support of*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

*First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"); and adequate notice of the Motion having been given as set forth in the Motion; and the Court having entered the *Interim Order (I) Authorizing, But Not Directing, Debtors to Pay Prepetition Claims of Certain Critical Vendors and Foreign Vendors, (II) Authorizing and Directing Financing Institutions to Honor and Process Checks and Transfers Related to Such Claims, and (III) Granting Related Relief* [ECF No. 45]; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the arguments of counsel on the record; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing held establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis, to the extent provided herein.

2.      The Debtors are authorized, but not directed, in their sole discretion, to continue their prepetition business operations, policies and programs and pay the prepetition amounts owed to Vendors on account of Vendor Claims on a post-petition basis in the ordinary course of business; provided, however, that any payments shall only be made as they become due, and that no payments shall be accelerated prior to the final hearing of this Motion.  Notwithstanding the foregoing, payments to Vendors shall not exceed $100,000 in the aggregate, except to the extent the Committee provides prior written consent on such payments (email shall suffice) or such payments are authorized by separate order of the Court (the "Final Vendor Cap").

3.      The Debtors are authorized, but not directed, to condition payment of Vendor Claims on a Vendor's maintenance or application of Customary Terms, which Customary Terms shall be disclosed by the Debtors to counsel to the Committee; provided, however, that any Vendor that accepts payment pursuant to the authority granted in thethis Final Order agrees to supply goods and services to the Debtors post-petition on Customary Terms or on such other more favorable terms as are acceptable to the Debtors; provided further that the Debtors' inability to agree on Customary Terms shall not preclude them from paying the claim of a Vendor if the Debtors determine, in the reasonable exercise of their business judgment, in consultation with the Committee, that such payment is necessary to the Debtors' operations.

4.      If a Vendor, after receiving payment on account of a Vendor Claim, ceases to provide Customary Terms or otherwise fails to perform under a contract with a Debtor, the Debtors may, without further notice to or action, order or approval of the Bankruptcy Court, deem such payment to apply to post-petition amounts payable to such Vendor.  Such Vendor shall then immediately repay to the Debtors any payments made to it on account of its Vendor Claims to the extent that such payments exceed the post-petition amounts then owing to such Vendor, without the right of setoff or reclamation, it being the express intention of this Court to return the parties to the status quo in effect as of the date of entry of this Final Order with respect to all prepetition Vendor Claims if a Vendor ceases to perform under any existing contract or other obligation the payments in respect of which were authorized pursuant to this Final Order.

5.      All applicable banks and other financial institutions are authorized to rely on the Debtors' direction in paying amounts under this Final Order.  Furthermore, all applicable banks and other financial institutions are authorized to (i) honor any checks drawn against the Debtors' accounts but not cleared prior to the Petition Date, (ii) complete any fund transfer requests made but not completed prior to the Petition Date and (iii) issue new post-petition checks and to make post-petition fund transfer requests to replace any prepetition checks and prepetition transfers to Vendors that may be dishonored by the banks or financial institutions.

6.      Within five (5) business days following entry of this Final Order, the Debtors will provide the U.S. Trustee and counsel to the Committee a list of holders of each category of Vendor Claims set forth in the Motion and the amounts owed as of the Petition Date; provided that, starting on March 31, 2023, on last business day of each month, the

Debtors will provide an updated list of holders of each category of Vendor Claims and the remaining amounts owed as of the Petition Date to the U.S. Trustee and counsel the Committee.

7.    6.  Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission by any party in interest as to the validity, priority or amount of any claim against a Debtor entity; (b) a waiver of the Debtors' or any, the Committee's, or any other party-in-interest's right to dispute any claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code; (e) a waiver of the Debtors' or any, the Committee's, or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law,; (f) an admission by any party in interest as to the validity, priority, enforceability or perfection of any lien on, security interest in or other encumbrance on property of the Debtors' estates or (g) a concession by the Debtors, the Committee or any party in interest that any liens (contractual, common law, statutory or otherwise) that may be satisfied pursuant to the relief granted in this Final Order are valid, and the rights of all parties-in-interest, including the Committee, are expressly reserved to contest the extent, validity or perfection or seek avoidance of all such liens.

8.    Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities law as to whether crypto tokens or transactions involving crypto tokens are securities, and the

rights of the United States Securities and Exchange Commission, the Committee, and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

9.    ~~7.~~ None of the Debtors, their officers, directors, attorneys or agents will have any liability on account of any decision by the Debtors not to pay a Vendor Claim.

10.    ~~8.~~ Nothing in this Motion or Final Order shall increase, reclassify or elevate to administrative expense status or otherwise affect any Vendor Claims to the extent that they are not paid.

11.    ~~9.~~ Nothing in the Motion or this Final Order shall be deemed to authorize the Debtors to accelerate any payments, and the Debtors are only authorized under this Final Order to pay amounts that are due and owing prior to the ~~final hearing on this Motion~~Petition Date.

12.    ~~10.~~ Nothing in the Motion or this Final Order, nor the Debtors' actions in executing this Final Order, is intended or shall be construed as a modification or waiver of the Debtors' rights with respect to goods or services requested or received from the Vendors.  This includes, but is not limited to, the Debtors' rights to (i) cancel a purchase order (including outstanding orders); (ii) decline the acceptance of goods or services; (iii) return any defective, nonconforming or unacceptable goods or (iv) contest the amount of any invoice or claim.

13.    ~~11.~~ Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Final Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the

implementation, enforcement or realization of the relief granted in this Final Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Final Order.

14.    12. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

Dated:    _____, 2023
         New York White Plains, NY

         _____
         THE HONORABLE SEAN H. LANE
         United States Bankruptcy Judge UNITED
         STATES BANKRUPTCY JUDGE

**<u>Exhibit C</u>**

**Revised Proposed Final Employee Wages Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, [1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**FINAL ORDER (I) AUTHORIZING GENESIS ASIA PACIFIC PTE. LTD TO (A) PAY
CERTAIN EMPLOYEE WAGES AND OTHER COMPENSATION AND RELATED
OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE
BENEFITS AND PROGRAMS IN THE ORDINARY COURSE, AND
(II) AUTHORIZING AND DIRECTING APPLICABLE BANKS TO
HONOR ALL TRANSFERS RELATED TO SUCH OBLIGATIONS**

**("FINAL WAGES AND BENEFITS ORDER")**

Upon the motion (the "Motion")[2] of Genesis Asia Pacific Pte. Ltd. ("GAP") and the above

captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of a

final order (this "Final Order"), as more fully described in the Motion, authorizing GAP to pay

certain Wages and Benefits, and for certain related relief; and upon the *Declaration of A. Derar

Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*

(the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and

Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the

*Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with

Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon

Declaration, the "First Day Declarations"); and the Court having jurisdiction over this matter

---

[1]        The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park
Avenue South, 5th Floor, New York, NY 10003.

[2]        Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court of New York dated January 31, 2012*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution, and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of GAP, its estates, its creditors and the other parties in interest; and the Court having found that GAP's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED to the extent set forth herein.

2.    GAP is authorized to pay prepetition Wages and Benefits, as payments come due in the ordinary course and to honor its wage and benefit obligations in accordance with its stated policies and in the ordinary course of its business and consistent with its past practices, including amounts owing as of, or accrued prior to, the Petition Date on account of (i) Employee Compensation, (ii) Unpaid Compensation, (iii) Employee Deductions, (iv) Reimbursable Expenses, (v) Payroll Processing Fees (vi) Employee Benefits, and (vii) Benefits Administration Fees; provided that the Debtors shall obtain the Committee's prior written consent (email shall

suffice) prior to paying or honoring any prepetition Wages and Benefits that exceed the statutory

cap set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3.      GAP is authorized, but not directed, to continue to honor the Wages and Benefits,

make necessary contributions, pay any unpaid premium, claim, or amount owed in connection

therewith as of, or accrued prior to, the Petition Date, in accordance with GAP's ordinary course

of business, stated policies, and consistent with its past practices, as set forth in the Motion.

4.      GAP is authorized to modify, change, or discontinue any of its Wages and Benefits

and to implement new programs, policies, and benefits in the ordinary course of business during

these Chapter 11 Cases in GAP's discretion and without the need for further approval by this Court,

subject to applicable law; provided that GAP will provide advance written notice (email shall

suffice) to the United States Trustee for the Southern District of New York and the Committee of

any material changes to the Wages and Benefits.

5.      GAP shall not make any non-ordinary course bonus payments to their Employees

or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without the

prior written consent (email shall suffice) of the Committee or further order of this Court. For the

avoidance of doubt, no bonus, or severance payments shall be made to any Insider without the

prior written consent (email shall suffice) of the Committee or further order of this Court.

6.      GAP is authorized, but not directed, to continue the Severance Obligations and

make any payments attributable to the Severance Obligations, including any that accrued

prepetition in the ordinary course of business.

7.      Nothing in this Final Order should be construed as approving any transfer pursuant

to 11 U.S.C. § 503(c), and a separate motion will be filed for any request that could fall within

Section 503(c).  No payment to any employee may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code.

8.      GAP is authorized to make payments to applicable third parties from the Employee Deductions and Employee Benefits, in accordance with GAP's ordinary course of business and stated policies, as set forth in the Motion.

9.      The banks and financial institutions on which electronic payment requests were made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any electronic payment request as approved by this Final Order.

10.     GAP is authorized to reissue any electronic payment that was originally given in payment of any prepetition amount authorized to be paid under this Final Order that is not cleared by the applicable bank or financial institution.

11.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (i) an admission by any party in interest as to the validity, priority, or amount of any claim against a Debtor entity; (ii) a waiver of GAP's, the Committee's, or any other party-in-interest's respective rights to dispute any claim on any grounds; (iii) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any claim; (iv) an implication or admission by any party in interest that any particular claim is of a type specified or defined in this Final Order or the Motion; (v) a requirement or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or (vi) a waiver of GAP's, the Committee's, or any other party-in-interest's respective rights under the Bankruptcy Code or any other applicable law.

12.     Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee, and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

13.     GAP is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

14.     The requirements of Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.  Notwithstanding Bankruptcy Rule 6004, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

15.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.


Dated: _____                  _____
         White Plains, New York               THE HONORABLE SEAN H. LANE
                                               UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.:  23-10063 (—SHL) |
| Debtors. | Jointly Administerationed Pending |

**FINAL ORDER (I) AUTHORIZING GENESIS ASIA PACIFIC PTE. LTD TO (A) PAY
CERTAIN EMPLOYEE WAGES AND OTHER COMPENSATION AND RELATED
OBLIGATIONS AND (B) MAINTAIN AND CONTINUE EMPLOYEE
BENEFITS AND PROGRAMS IN THE ORDINARY COURSE, AND
(II) AUTHORIZING AND DIRECTING APPLICABLE BANKS TO
<u>HONOR ALL TRANSFERS RELATED TO SUCH OBLIGATIONS</u>**

**(<u>"FINAL WAGES AND BENEFITS ORDER"</u>)**

Upon the motion (the "<u>Motion</u>")[2] of Genesis Asia Pacific Pte. Ltd. ("<u>GAP</u>")  and the

above captioned affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), for

entry of ~~interim and~~a final order~~s~~ (this "Final Order"), as more fully described in the Motion,

authorizing GAP to pay certain Wages and Benefits, and for certain related relief; and upon the

*Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance

with Local Rule 1007-2* (the "<u>Islim Declaration</u>"), the *Declaration of Paul Aronzon in Support

of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "<u>Aronzon

Declaration</u>"), and the *Declaration of Michael Leto in Support of First Day Motions and

Applications in Compliance with Local Rule 1007-2* (the "<u>Leto Declaration</u>," and along with

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis
Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250
Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"); and the

Court having jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court of New York dated*

*January 31, 2012*; and the Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the

United States Constitution, and the Court having found that venue of this proceeding and the

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

found that the relief requested in the Motion is in the best interests of GAP, its estates, ~~their~~its

creditors and the other parties in interest; and the Court having found that GAP's notice of the

Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be

provided; and the Court having reviewed the Motion and having heard the statements in support

of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish

just cause for the relief granted herein; and upon all of the proceedings had before the Court; and

after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.    The Motion is GRANTED to the extent set forth herein.

2.    GAP is authorized to pay ~~the~~prepetition Wages and Benefits ~~and/or honor its~~

~~wage and benefit obligations~~, as payments come due in the ordinary course~~,~~ and to honor its

wage and benefit obligations in accordance with its stated policies~~,~~ and in the ordinary course of

its business~~,~~ and consistent with its past practices, including amounts owing as of, or accrued

prior to, the Petition Date on account of (i) Employee Compensation, (ii) Unpaid Compensation,

(iii) Employee Deductions, (iv) Reimbursable Expenses, (v) Payroll Processing Fees (vi)

Employee Benefits, and (vii) Benefits Administration Fees.; provided that the Debtors shall obtain the Committee's prior written consent (email shall suffice) prior to paying or honoring any prepetition Wages and Benefits that exceed the statutory cap set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3.      GAP is authorized, but not directed, to continue to honor the Wages and Benefits, make necessary contributions, pay any unpaid premium, claim, or amount owed in connection therewith as of, or accrued prior to, the Petition Date, in accordance with GAP's ordinary course of business and, stated policies, and consistent with its past practices, as set forth in the Motion.

4.      GAP is authorized to modify, change, or discontinue any of theits Wages and Benefits and to implement new programs, policies, and benefits in the ordinary course of business during these Chapter 11 Cases in GAP's discretion and without the need for further approval by this Court, subject to applicable law; provided that GAP will provide advance written notice (email shall suffice) to the United States Trustee for the Southern District of New York and the Committee of any material changes to the Wages and Benefits.

5.      GAP shall not make any non-ordinary course bonus payments to their Employees or any Insiders (as such term is defined in section 101(31) of the Bankruptcy Code) without the prior written consent (email shall suffice) of the Committee or further order of this Court. For the avoidance of doubt, no bonus, or severance payments shall be made to any Insider without the prior written consent (email shall suffice) of the Committee or further order of this Court.

6.      5. GAP is authorized, but not directed, to continue the Severance Obligations and make any payments attributable to the Severance Obligations, including any that accrued prepetition in the ordinary course of business.

7.    6. Nothing in this Final oOrder should be construed as approving any transfer pursuant to 11 U.S.C. § 503(c), and a separate motion will be filed for any request that could fall within Section 503(c).   No payment to any employee may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code.

8.    7. GAP is authorized to make payments to applicable third parties from the Employee Deductions and Employee Benefits, in accordance with GAP's ordinary course of business and stated policies, as set forth in the Motion.

9.    8. The banks and financial institutions on which electronic payment requests were made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular electronic payment request as approved by this Final Order.

10.    9. GAP is authorized to reissue any electronic payment that was originally given in payment of any prepetition amount authorized to be paid under this Final Order that is not cleared by the applicable bank or financial institution.

10. Nothing in the Motion or this Order, nor GAP's payment of any claims pursuant to this Order, shall be deemed or construed as an admission as to the validity or priority of any claim against GAP or an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code.

11.    Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (i) an admission by any party in interest as to the validity, priority, or amount of any claim against a Debtor entity; (ii) a waiver of GAP's, the Committee's, or any other party-in-interest's respective rights to dispute any claim

4

on any grounds; (iii) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any claim; (iv) an implication or admission by any party in interest that any particular claim is of a type specified or defined in this Final Order or the Motion; (v) a requirement or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or (vi) a waiver of GAP's, the Committee's, or any other party-in-interest's respective rights under the Bankruptcy Code or any other applicable law.

12.    Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee, and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

13.    11. GAP is authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

14.    12. The requirements of Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.  Notwithstanding Bankruptcy Rule 6004, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry.

15.    13. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Final Order.


Dated: _____    _____
          New York White Plains, New York   THE HONORABLE SEAN H. LANE
                                             United States Bankruptcy Judge UNITED STATES
                                             BANKRUPTCY JUDGE

## **Exhibit D**

**Revised Proposed Final Interim Compensation Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain

of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, establishing

procedures for interim compensation and reimbursement of expenses of professionals; and the

Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the Southern District of

New York dated January 31, 2012; and the Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article

III of the United States Constitution; and the Court having found that venue of this proceeding and

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

found that the relief requested in the Motion is in the best interests of the Debtors, their estates,

their creditors and other parties in interest; and the Court having found that the Debtors' notice of

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need

be provided; and the Court having reviewed the Motion and having heard the statements in support

of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having

determined that the legal and factual bases set forth in the Motion and on the record of the Hearing

establish just cause for the relief granted herein; and all objections to the Motion (if any) having

been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is GRANTED to the extent set forth herein.

2.     Except as may otherwise be provided by orders of this Court authorizing the

retention of specific professionals, all Retained Professionals (including, for the avoidance of, any

professionals retained by the Debtors or a statutory committee after the date of this Order) and

members of any statutory committee appointed in the Chapter 11 Cases, may seek interim

compensation and/or reimbursement of expenses, in accordance with the following Interim

Compensation Procedures:

**A.    Monthly Statements**

(a)     On or after the twentieth day of each month following the month for which
compensation is sought, each Retained Professional seeking compensation shall
serve a monthly statement (the "Monthly Fee Statement") by email, hand or
overnight delivery, on the following parties (collectively, the "Fee Notice
Parties"):

(i)     The Debtors c/o Genesis Global Holdco, LLC, Attn: Arianna
Pretto-Sankman (email: arianna@genesistrading.com);

(ii)    Counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One
Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal,
Esq., Jane VanLare, Esq. (email: soneal@cgsh.com and
jvanlare@cgsh.com);

(iii)   The United States Trustee for the Southern District of New York,
Alexander Hamilton Custom House, One Bowling Green, Suite

515, New York, New York 10004, Attn: Greg Zipes, Esq. (email: greg.zipes @usdoj.gov); and

(iv)   Counsel to the official committee of unsecured creditors (the "Committee"), White & Case LLP, 1221 Avenue of the Americas, 49th Floor, New York, New York 10020, Attn: Philip Abelson and Michele Meises (email: philip.abelson@whitecase.com and michele.meises@whitecase.com) and, 111 South Wacker Street, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (email: gregory.pesce@whitecase.com).

(b)   On or after the twentieth day of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Fee Statement with the Court; however, a courtesy copy of the Monthly Fee Statements need not be delivered to the Judge's chambers because the Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules.

(c)   Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

(d)   Except as otherwise ordered by the Court, for those Retained Professionals who bill hourly, each Monthly Fee Statement must contain a list of the individuals— and their respective titles (e.g., attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court. No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Fee Guidelines.

(e)   For those Retained Professionals who bill on a fixed or flat fee basis, each Monthly Fee Statement will contain such details as required by their respective retention orders.

(f)   If any Fee Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection") such party shall, by no later than 12:00 p.m. (Prevailing Eastern Time) on the date that is fifteen days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via electronic mail upon the Retained Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of

Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g)   At the expiration of the Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (f) above.

(h)   If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g).

(i)   If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Fee Notice Parties a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g), that portion of the Monthly Fee Statement that is no longer subject to the Objection.

(j)   All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court or such other date agreed to by the applicable Retained Professional and the Court.

(k)   The service of a Notice of Objection to Fee Statement in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind and shall not prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

## B.   Interim Fee Applications

(a)   Commencing with the period beginning with the Petition Date (January 19, 2023) and ending May 30, 2023, and at four-month intervals thereafter (each such period, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during each applicable Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than forty-five days after the end of an Interim Fee Period. Each Retained Professional shall file its first Interim Fee Application on or before July 19, 2023 and the first Interim Fee Application shall

cover the Interim Fee Period from the Petition Date (or the effective date of the Retained Professional's retention) through and including May 30, 2023.

(i)     Fee Applications shall comply with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, General Order M-447 (Morris, C.J.) and proposed orders granting such Fee Applications shall include the schedules required by General Order M-427 (Gonzalez, C.J.).

(b)    The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than thirty days after the expiration of the 45-day period set forth in paragraph (a), unless otherwise agreed to by the Debtors, the U.S. Trustee, and the Committee.  At least thirty days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(c)    Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided under this Order until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(d)    The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(e)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.  To the extent authorized by the Court, including in an order allowing a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% of the fees withheld from each Monthly Fee Statement) and expenses not previously paid.

(f)     Counsel for any statutory committee appointed in these Chapter 11 Cases, including the Committee, may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; provided, that such reimbursement requests must comply with the Fee Guidelines, and any other applicable fee and expense guidelines adopted by the Court.  Notwithstanding the foregoing, the Debtors are authorized to promptly pay upon the receipt of invoices therefore the actual and necessary expenses, other than compensation and reimbursement of expenses specified in paragraph four of section 503(b) of the Bankruptcy Code, incurred by a natural person who is a member of such committee in the performance of the duties of such committee.  The payment of such expenses as provided herein shall be subject to, and shall not have any effect on, the Court's interim and final allowance of reimbursement of such expenses.

3.      The amount of compensation sought shall be set out in U.S. dollars.  If the compensation is to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission.

4.      The Debtors shall include all payments to Retained Professional on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided* that amounts paid to professionals retained in the ordinary course of business in accordance with procedures approved by the Court may be stated in the aggregate on any monthly operating report.

5.      Notice of hearings to consider Interim Fee Applications shall be limited to the Fee Notice Parties and any party who files a Notice of Objection to Fee Statement or a notice of appearance and requests notice in these Chapter 11 Cases.

6.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.      The Debtors shall serve a copy of this Order on each of the Retained Professionals (including, for the avoidance of doubt, any professionals who become Retained Professionals after the date of this Order), the Fee Notice Parties, and all persons and entities that have formally appeared and requested service in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).

8.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.     Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.


Dated: _____, 2023     _____
         White Plains, New York          THE HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER ESTABLISHING PROCEDURES FOR INTERIM
## COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain

of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors"), for entry of an order (this "Order"), as more fully described in the Motion,

establishing procedures for interim compensation and reimbursement of expenses of

professionals; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court

for the Southern District of New York dated January 31, 2012; and the Court having found that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final

order consistent with Article III of the United States Constitution; and the Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and the Court having found that the relief requested in the Motion is in the best

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

2.      Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals (including, for the avoidance of, any professionals retained by the Debtors or a statutory committee after the date of this Order) and members of any statutory committee appointed in the Chapter 11 Cases, may seek interim compensation and/or reimbursement of expenses, in accordance with the following Interim Compensation Procedures:

**A.      Monthly Statements**

(a)      On or ~~before~~after the t~~hir~~wentieth day of each month following the month for which compensation is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "Monthly Fee Statement") by email, hand or overnight delivery, on the following parties (collectively, the "Fee Notice Parties"):

(i)      The Debtors c/o Genesis Global Holdco, LLC, Attn: Arianna Pretto-Sankman (email: arianna@genesistrading.com);

(ii)     Counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006, Attn: Sean A.

O'Neal, Esq., Jane VanLare, Esq. (email: soneal@cgsh.com and jvanlare@cgsh.com);

(iii)    The United States Trustee for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Greg Zipes, Esq. (email: greg.zipes @usdoj.gov); and

(iv)    Counsel to the official committee of unsecured creditors appointed in these Chapter 11 Cases (the "UCC").(the "Committee"), White & Case LLP, 1221 Avenue of the Americas, 49th Floor, New York, New York 10020, Attn: Philip Abelson and Michele Meises (email: philip.abelson@whitecase.com and michele.meises@whitecase.com) and, 111 South Wacker Street, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (email: gregory.pesce@whitecase.com).

(b)    On or beforeafter the thirwentieth day of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Fee Statement with the Court; however, a courtesy copy of the Monthly Fee Statements need not be delivered to the Judge's chambers because the Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules.

(c)    Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

(d)    Except as otherwise ordered by the Court, for those Retained Professionals who bill hourly, each Monthly Fee Statement must contain a list of the individuals—and their respective titles (e.g., attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court. No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Fee Guidelines.

(e)    For those Retained Professionals who bill on a fixed or flat fee basis, each Monthly Fee Statement will contain such details as required by their respective retention orders.

3

(f)    If any Fee Notice pParty in interest has an objection to the compensation or
        reimbursement sought in a particular Monthly Fee Statement (an "Objection")
        such party shall, by no later than 12:00 p.m. (Prevailing Eastern Time) on the
        date that is fifteen days following the filing of the particular Monthly Fee
        Statement (the "Objection Deadline"), serve via electronic mail upon the
        Retained Professional whose Monthly Fee Statement is the subject of an
        Objection, a written "Notice of Objection to Fee Statement," setting forth the
        nature of the Objection and the amount of fees or expenses at issue.

(g)    At the expiration of the Objection Deadline, the Debtors shall promptly pay
        eighty percent (80%) of the fees and one hundred percent (100%) of the
        expenses identified in each Monthly Fee Statement to which no Objection has
        been served in accordance with paragraph (f) above.

(h)    If a Notice of Objection to Fee Statement with respect to a particular Monthly
        Fee Statement is served, the Debtors shall withhold payment of that portion of
        the Monthly Fee Statement to which the Objection is directed and promptly pay
        the remainder of the fees and disbursements in the percentages set forth in
        paragraph (g).

(i)    If an Objection is resolved and if the party whose Monthly Fee Statement was
        the subject of the Objection serves on all Fee Notice Parties a statement
        indicating that the Objection has been withdrawn and describing the terms of
        the resolution, then the Debtors shall promptly pay, in accordance with
        paragraph (g), that portion of the Monthly Fee Statement that is no longer
        subject to the Objection.

(j)    All Objections that are not resolved by the parties shall be preserved and
        presented to the Court at the next interim or final fee application hearing to be
        heard by the Court or such other date agreed to by the applicable Retained
        Professional and the Court.

(k)    The service of a Notice of Objection to Fee Statement in accordance with
        paragraph (f) above shall not prejudice the objecting party's right to object to
        any fee application made to the Court in accordance with the Bankruptcy Code
        on any ground, whether raised in the Objection or not.  Furthermore, the
        decision by any party not to object to a Monthly Fee Statement shall not be a
        waiver of any kind and shall not prejudice that party's right to object to any fee
        application subsequently made to the Court in accordance with the Bankruptcy
        Code.

**B.    Interim Fee Applications**

(a)    Commencing with the period beginning with the Petition Date (January 19,
        2023) and ending May 30, 2023, and at four-month intervals thereafter (each
        such period, an "Interim Fee Period"), each of the Retained Professionals shall
        file with the Court and serve on the Fee Notice Parties an application (an

"Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during each applicable Interim Fee Period.  Each Retained Professional shall file its Interim Fee Application no later than forty-five days after the end of an Interim Fee Period.  Each Retained Professional shall file its first Interim Fee Application on or before July 19, 2023 and the first Interim Fee Application shall cover the Interim Fee Period from the Petition Date (or the effective date of the Retained Professional's retention) through and including May 30, 2023.

(i)  Fee Applications shall comply with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, General Order M-447 (Morris, C.J.) and proposed orders granting such Fee Applications shall include the schedules required by General Order M-427 (Gonzalez, C.J.).

(b)  The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than thirty days after the expiration of the 45-day period set forth in paragraph (a), unless otherwise agreed to by the Debtors, the U.S. Trustee, and the ~~UCC~~Committee.  At least thirty days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline.  Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy, along with service copies, three business days before the filing deadline.  The Debtors' attorneys shall file and serve such Interim Fee Application.

(c)  Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided under this Order until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(d)  The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(e)  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on

5

the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals.  To the extent authorized by the Court, including in an order allowing a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% of the fees withheld from each Monthly Fee Statement) and expenses not previously paid.

(f)    Counsel for any statutory committee appointed in these Chapter 11 Cases, including the Committee, may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; provided, that such reimbursement requests must comply with the Fee Guidelines, and any other applicable fee and expense guidelines adopted by the Court.  Notwithstanding the foregoing, the Debtors are authorized to promptly pay upon the receipt of invoices therefore the actual and necessary expenses, other than compensation and reimbursement of expenses specified in paragraph four of section 503(b) of the Bankruptcy Code, incurred by a natural person who is a member of such committee in the performance of the duties of such committee.  The payment of such expenses as provided herein shall be subject to, and shall not have any effect on, the Court's interim and final allowance of reimbursement of such expenses.

3.    The amount of compensation sought shall be set out in U.S. dollars.  If the compensation is to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission.

4.    The Debtors shall include all payments to Retained Professional on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided* that amounts paid to professionals retained in the ordinary course professionalsof business in accordance with procedures approved by the Court may be stated in the aggregate on any monthly operating report.

5.    Notice of hearings to consider Interim Fee Applications shall be limited to the Fee Notice Parties and any party who files a Notice of Objection to Fee Statement or a notice of appearance and requests notice in these Chapter 11 Cases.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors shall serve a copy of this Order on each of the Retained Professionals (including, for the avoidance of doubt, any professionals who become Retained Professionals after the date of this Order), the Fee Notice Parties, and all persons and entities that have formally appeared and requested service in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
        White Plains, New York

Dated: _____, 2023
        White Plains, New York

                                 THE HONORABLE SEAN H. LANE
                                 UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit E</u>**

**Revised Proposed Final Ordinary Course of Business Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING THE DEBTORS TO
### RETAIN AND COMPENSATE CERTAIN PROFESSIONALS
### UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its above-captioned

debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this

"Order"), as more fully described in the Motion, pursuant to section 105(a), 327, 328, and 330 of

the Bankruptcy Code, authorizing the Debtors to retain and compensate certain professionals

utilized in the ordinary course of the Debtors' businesses; and upon the *Declaration of A. Derar*

*Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*

(the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and*

*Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the

*Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with*

*Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon

Declaration, the "First Day Declarations") and the *Declaration of Paul Aronzon in Support of the*

*Motion for Authority to Employ Professionals Used in the Ordinary Course of Business* (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

"Aronzon OCP Declaration"); and the Court having jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the Southern District of New York dated January 31, 2012; and the Court having

found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter

a final order consistent with Article III of the United States Constitution; and the Court having

found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best

interests of the Debtor, its estates, its creditors and other parties in interest; and the Court having

found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion was

appropriate and no other notice need be provided; and the Court having reviewed the Motion and

having heard the statements in support of the relief requested therein at a hearing before the Court

(the "Hearing"); the Court having determined that the legal and factual bases set forth in the Motion

and on the record of the Hearing establish just cause for the relief granted herein; and all objections

to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to retain

and compensate the professionals identified on the OCP List (each an "OCP" and, collectively, the

"OCPs"), attached hereto as Exhibit 1, for postpetition services in the ordinary course of business,

in accordance with the following approved procedures (the "OCP Procedures"):

   a.   Each OCP shall provide to the Debtors: (i) a declaration (the "OCP
        Declaration"), substantially in the form annexed hereto as Exhibit 2 to the
        Proposed Order, certifying that the OCP does not represent or hold any
        interest materially adverse to the Debtors or their estates with respect to the

matter on which the professional is to be employed; and (ii) a completed retention questionnaire (the "OCP Questionnaire"), substantially in the form annexed hereto as Exhibit 3 to the Proposed Order.

b.   Each OCP on the OCP List, as may be amended and supplemented from time to time, shall provide to the Debtors, (Attn: Arianna Pretto-Sakmann, Esq.) and to proposed Chapter 11 counsel to the Debtors, Cleary Gottlieb Steen Hamilton LLP, One Liberty Plaza, New York, New York 10006 (Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.), an OCP Declaration and OCP Questionnaire within (30) days after the later of (x) entry of the Proposed Order and (y) the date on which the OCP begins providing services for the Debtors. The OCP Declaration and OCP Questionnaire must be submitted prior to the receipt of payment for postpetition services rendered to the Debtors and expenses incurred, with at least fourteen (14) calendar days between the time of submission and any payment of postpetition invoice by the Debtors.

c.   Upon receipt of OCP Declarations and OCP Questionnaires, the Debtors will file the same with the Court (which filing may be an omnibus filing of OCP Declarations and OCP Questionnaires from a number of OCPs) and serve a copy on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Greg Zipes, Esq.), (ii) proposed counsel to the official committee of unsecured creditors (the "Committee"), White & Case LLP, 1221 Avenue of the Americas, 49th Floor, New York, New York 10020 (Attn: Philip Abelson and Michele Meises), 111 South Wacker Street, Suite 5100, Chicago, Illinois 60606 (Attn: Gregory F. Pesce), and (iii) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules (collectively, the "Notice Parties").

d.   With respect to each OCP, the Notice Parties shall have fourteen (14) days following the filing of an OCP Declaration and OCP Questionnaire (the "OCP Objection Deadline") to object to the retention of such OCP (which fourteen (14) day period may be extended with the consent of the Debtors without further order of the Court). The Debtors shall not be authorized to retain and pay any OCP that is the subject of any such objection until all outstanding objections have been withdrawn, resolved or overruled by order of the Court. If after fourteen (14) days no objection is filed, then the retention of such OCP shall be deemed approved without further action and the OCP may be paid in accordance with paragraph (d) below. If an objection received on or before the applicable OCP Objection Deadline with respect to any particular OCP cannot be resolved, a hearing on the matter shall be held at the next reasonably available regularly scheduled hearing date.

e.   After the retention of an OCP has been approved in accordance with paragraph (c), the Debtors are authorized, without applications being filed

with the Court, to compensate and reimburse the OCPs for 100% of their postpetition fees and expenses incurred in connection with postpetition services upon the submission to the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the disbursements actually incurred by the particular OCP, without prejudice to the respective rights of the Debtors and their estates or the Committee to dispute any such invoice; *provided*, however, that compensation and reimbursement of expenses paid to an OCP for postpetition services may not exceed: (i) $100,000 per month (the "OCP Monthly Cap"), for the OCPs listed on the OCP List, as may be amended or supplemented from time to time, and $300,000 for the duration of the Chapter 11 Case (the "OCP Case Cap"), for the OCPs listed on the OCP List, as may be amended from time to time, as being subject to the OCP Caps; *provided further*, however, that the Debtors reserve their right to seek to increase the OCP Monthly Caps and the OCP Case Caps, either generally or with regard to specific OCPs. The Debtors expressly reserve the right to seek leave to raise the OCP Case Caps or retain any particular OCP separate and apart from this Motion.  Any contingency fees earned by an Ordinary Course Professional on account of recoveries realized on behalf of the Debtors shall not be subject to the OCP Monthly Caps.

f.      Any fees and expenses payable to an OCP for postpetition services in excess of the applicable OCP Monthly Cap or OCP Case Cap shall be subject to prior approval of this Court of an application in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court authorizing the payment of professionals retained in these Chapter 11 Cases.  Any payment towards the retention and employment of Ordinary Course Professionals would be without prejudice to payment arising from any subsequent retention of such Ordinary Course Professionals, if required.

g.      Within thirty (30) days after the end of, and with respect to, each four-month period after the Petition Date (including any partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement that provides information with respect to each OCP paid during such period.  Such statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported three-month period, including, for the avoidance of doubt, any contingency fees earned; and (iii) a general description of the services rendered by that OCP.

h.      The Debtors reserve the right to amend or supplement the OCP List from time to time as necessary.  While the Debtors have attempted to reasonably identify all currently known OCPs, some OCPs may have been inadvertently omitted.  Further, the nature of the Debtors' businesses

requires the retention of additional OCPs from time to time. In either event, the Debtors propose to file one or more notices (each a "Supplemental Notice of OCPs") with the Court listing the additional OCPs that the Debtors intend to employ reasonably promptly after they are identified. An OCP listed on a Supplemental Notice of OCPs shall be retained and paid in accordance with the terms and conditions set forth in these OCP Procedures. For the avoidance of doubt, any OCP listed on a Supplemental Notice of OCPs must timely submit OCP Declarations and OCP Questionnaires and the Notice Parties shall raise any objections within fourteen (14) days. In the absence of any such objection, the retention of such additional OCPs shall be deemed approved without further action and the OCP may be paid in accordance with paragraph (d) above. In the event an objection is timely filed, it shall be addressed, heard and/or resolved in accordance with the foregoing procedures described in paragraph (c).

3.      If any particular OCP exceeds the OCP Case Caps, the Debtors shall seek leave to either increase the OCP Monthly Cap or OCP Case Caps (either for that particular OCP or for all OCPs), or file an application for approval by the Court of the excess, or retain the particular OCP pursuant to section 327 of the Bankruptcy Code.

4.      Nothing in the Motion or this Order, or any actions taken pursuant to this Order, shall be deemed or construed as: (a) an admission by any party in interest as to the validity of any claim or lien against the Debtors or their estates; (b) a waiver of the Debtors', the Committee's, or any other party-in-interest's respective rights to dispute any claim or lien on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) an admission by any party in interest of the priority status of any claim; (f) a modification of the Debtors', the Committee's, or any other party-in-interest's respective rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Ordinary Course Professional or otherwise; or (g) a waiver or limitation of the Debtors', the Committee's, or any other party-in-interest's respective rights under the Bankruptcy Code or any other applicable law.

5.      Entry of this Order and approval of the Procedures does not affect the Debtors', the Committee's or any interested party's ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors', the Committee's, and each other's party-in interest's respective rights with respect thereto are expressly reserved.

6.      The forms of OCP Declaration and OCP Questionnaire (attached hereto as Exhibit 2 and Exhibit 3, respectively) are approved.

7.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023         _____
       White Plains, New York         THE HONORABLE SEAN H. LANE
                                         UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING THE DEBTORS TO
## RETAIN AND COMPENSATE CERTAIN PROFESSIONALS
## UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its above-captioned

debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this

"Order"), as more fully described in the Motion, pursuant to section 105(a), 327, 328, and 330 of

the Bankruptcy Code, authorizing the Debtors to retain and compensate certain professionals

utilized in the ordinary course of the Debtors' businesses; and upon the *Declaration of A. Derar*

*Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*

(the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and*

*Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the

*Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance*

*with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the

Aronzon Declaration, the "First Day Declarations") and the *Declaration of Paul Aronzon in*

*Support of the Motion for Authority to Employ Professionals Used in the Ordinary Course of*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

*Business* (the "Aronzon OCP Declaration"); and the Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the

United States District Court for the Southern District of New York dated January 31, 2012; and

the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that

the Court may enter a final order consistent with Article III of the United States Constitution; and

the Court having found that venue of this proceeding and the Motion in this district is proper

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in

the Motion is in the best interests of the Debtor, its estates, its creditors and other parties in

interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a

hearing on the Motion was appropriate and no other notice need be provided; and the Court

having reviewed the Motion and having heard the statements in support of the relief requested

therein at a hearing before the Court (the "Hearing"); the Court having determined that the legal

and factual bases set forth in the Motion and on the record of the Hearing establish just cause for

the relief granted herein; and all objections to the Motion (if any) having been withdrawn or

overruled; and upon all of the proceedings had before the Court; and after due deliberation and

sufficient cause appearing therefor,

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to retain

and compensate the professionals identified on the OCP List (each an "OCP" and, collectively,

the "OCPs"), attached hereto as Exhibit 1, for postpetition services in the ordinary course of

business, in accordance with the following approved procedures (the "OCP Procedures"):

   a.      Each OCP shall provide to the Debtors: (i) a declaration (the "OCP
          Declaration"), substantially in the form annexed hereto as Exhibit 2 to the

Proposed Order, certifying that the OCP does not represent or hold any interest materially adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed; and (ii) a completed retention questionnaire (the "OCP Questionnaire"), substantially in the form annexed hereto as Exhibit 3 to the Proposed Order.

b.  ~~Prior to the receipt of payment for postpetition services rendered to the Debtors and expenses incurred, e~~Each OCP on the OCP List, as may be amended and supplemented from time to time, shall provide to the Debtors, (Attn: Arianna Pretto-Sakmann, Esq.) and to proposed Chapter 11 counsel to the Debtors, Cleary Gottlieb Steen Hamilton LLP, One Liberty Plaza, New York, New York 10006 (Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.), an OCP Declaration and OCP Questionnaire within (30) days after the later of (x) entry of the ~~p~~Proposed ~~o~~Order and (y) the date on which the OCP begins providing services for the Debtors. The OCP Declaration and OCP Questionnaire must be submitted prior to the receipt of payment for postpetition services rendered to the Debtors and expenses incurred, with at least fourteen (14) calendar days between the time of submission and any payment of postpetition invoice by the Debtors.

c.  Upon receipt of OCP Declarations and OCP Questionnaires, the Debtors will file the same with the Court (which filing may be an omnibus filing of OCP Declarations and OCP Questionnaires from a number of OCPs) and serve a copy on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Greg Zipes, Esq.), ~~and~~ (ii) proposed counsel to the official committee of unsecured creditors (the "Committee"), White & Case LLP, 1221 Avenue of the Americas, 49th Floor, New York, New York 10020 (Attn: Philip Abelson and Michele Meises), 111 South Wacker Street, Suite 5100, Chicago, Illinois 60606 (Attn: Gregory F. Pesce), and (iii) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules (collectively, the "Notice Parties").

d.  ~~c. The~~With respect to each OCP, the Notice Parties shall have ~~fi~~fourteen (~~15~~14) days following ~~service~~the filing of an OCP Declaration~~s~~ and OCP Questionnaire~~s, as applicable~~ (the "OCP Objection Deadline")~~.~~ to ~~file any~~ objection to the retention ~~stemming from the contents of the respective OCP Declaration or OCP Questionnaire~~of such OCP (which ~~fi~~fourteen (~~15~~14) day period may be extended with the consent of the Debtors without further order of the Court). The Debtors shall not be authorized to retain and pay any OCP that is the subject of any such objection until all outstanding objections have been withdrawn, resolved or overruled by order of the Court. If after ~~fi~~fourteen (~~15~~14) days no objection is filed, then the retention of such OCP shall be deemed approved without further action and the OCP may be paid in accordance

with paragraph (d) below.   If an objection received on or before the applicable OCP Objection Deadline with respect to any particular OCP cannot be resolved, a hearing on the matter shall be held at the next reasonably available regularly scheduled hearing date.

e. ~~d.~~ After the retention of an OCP has been approved in accordance with paragraph (c), the Debtors are authorized, without applications being filed with the Court, to compensate and reimburse the OCPs for 100% of their postpetition fees and expenses incurred in connection with postpetition services upon the submission to the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the disbursements actually incurred by the particular OCP, without prejudice to the respective rights of the Debtors and their estates or the Committee to dispute any such invoice; *provided*, however, that compensation and reimbursement of expenses paid to an OCP for postpetition services may not exceed: (i) $100,000 per month (the "OCP Monthly Cap"), for the OCPs listed on the OCP List, as may be amended or supplemented from time to time, and $~~300,00.00~~300,000 for the duration of the Chapter 11 Case (the "OCP Case Cap"), for the OCPs listed on the OCP List, as may be amended from time to time, as being subject to the OCP Caps; *provided further*, however, that the Debtors reserve their right to seek to increase the OCP Monthly Caps and the OCP Case Caps, either generally or with regard to specific OCPs. The Debtors expressly reserve the right to seek leave to raise the OCP Case Caps or retain any particular OCP separate and apart from this Motion.   Any contingency fees earned by an Ordinary Course Professional on account of recoveries realized on behalf of the Debtors shall not be subject to the OCP Monthly Caps ~~and OCP Case Caps~~.

f. ~~e.~~ Any fees and expenses payable to an OCP for postpetition services in excess of the applicable OCP Monthly Cap or OCP Case Cap shall be subject to prior approval of this Court of an application in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court authorizing the payment of professionals retained in these Chapter 11 Cases.   Any payment towards the retention and employment of Ordinary Course Professionals would be without prejudice to payment arising from any subsequent retention of such Ordinary Course Professionals, if required.

g. ~~f.~~ Within thirty (30) days after the end of, and with respect to, each ~~th~~four~~ee~~-month period after the Petition Date (including any partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement that provides information with respect to each OCP paid during such period.   Such statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses

4

incurred by that OCP during the reported three-month period, including, for the avoidance of doubt, any contingency fees earned; and (iii) a general description of the services rendered by that OCP.

h.      g.  The Debtors reserve the right to amend or supplement the OCP List from time to time as necessary.  While the Debtors have attempted to reasonably identify all currently known OCPs, some OCPs may have been inadvertently omitted.  Further, the nature of the Debtors' businesses requires the retention of additional OCPs from time to time.  In either event, the Debtors propose to file one or more notices (each a "Supplemental Notice of OCPs") with the Court listing the additional OCPs that the Debtors intend to employ reasonably promptly after they are identified.  An OCP listed on a Supplemental Notice of OCPs shall be retained and paid in accordance with the terms and conditions set forth in these OCP Procedures.  For the avoidance of doubt, any OCP listed on a Supplemental Notice of OCPs must timely submit OCP Declarations and OCP Questionnaires and the Notice Parties shall raise any objections within fifourteen (1514) days.  In the absence of any such objection, the retention of such additional OCPs shall be deemed approved without further action and the OCP may be paid in accordance with paragraph (d) above.  In the event an objection is timely filed, it shall be addressed, heard and/or resolved in accordance with the foregoing procedures described in paragraph (c).

3.      If any particular OCP exceeds the OCP Case Caps, the Debtors shall seek leave to either increase the OCP Monthly Cap or OCP Case Caps (either for that particular OCP or for all OCPs), or file an application for approval by the Court of the excess, or retain the particular OCP pursuant to section 327 of the Bankruptcy Code.

4.      Nothing in the Motion or this Order, or the Debtors' payment of any claimsany actions taken pursuant to this Order, shall be deemed or construed as: (a) an admission by any party in interest as to the validity of any claim or lien against the Debtors or their estates; (b) a waiver of the Debtors', the Committee's, or any other party-in-interest's respective rights to dispute any claim or lien on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy

Code; (de) an admission by any party in interest of the priority status of any claim; or (ef) a modification of the Debtors', the Committee's, or any other party-in-interest's respective rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Ordinary Course Professional or otherwise; or (g) a waiver or limitation of the Debtors', the Committee's, or any other party-in-interest's respective rights under the Bankruptcy Code or any other applicable law.

5.     Entry of this Order and approval of the Procedures does not affect the Debtors', the Committee's or any interested party's ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors reserve all of their', the Committee's, and each other's party-in interest's respective rights with respect thereto are expressly reserved.

6.     The forms of OCP Declaration and OCP Questionnaire (attached hereto as Exhibit 2 and Exhibit 3, respectively) are approved.

7.     The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023        _____
        White Plains, New York            THE HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit F</u>**

**Revised Proposed Final Cleary Retention Order**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING THE
## EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB
## STEEN & HAMILTON LLP AS COUNSEL FOR THE DEBTORS AND
## DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of Genesis Global Holdco, LLC  ("Holdco") as debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(a) and

330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

for Southern District of New York (the "Local Rules"), the law firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") as their counsel; and directing that copies of all notices, pleadings and other documents filed in the Chapter 11 Cases and any and all related adversary proceedings be served upon Cleary Gottlieb; and upon consideration of the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Application in Compliance with Local Rule 1007-2* (the "Aronzon Declaration") and the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration" and, together with the Leto Declaration and Aronzon Declaration, the "First Day Declarations"), the *Declaration of Sean A. O'Neal in Support of Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "O'Neal Declaration"), attached hereto as Exhibit A, and the *Declaration of Paul Aronzon in Support of Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "Aronzon Declaration"), attached hereto as Exhibit B; and the Court being satisfied based on the representations in the Application and O'Neal Declaration that Cleary Gottlieb is "disinterested" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates in connection with the matters for which Cleary Gottlieb is to be retained by the Debtors, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York

2

dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the

United States Constitution; and the Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

found that the relief requested in the Application is in the best interests of the Debtors, their estates,

their creditors and other parties in interest; and the Court having found that the Debtors' notice of

the Application and opportunity for a hearing on the Application was appropriate and no other

notice need be provided; and the Court having reviewed the Application and having heard the

statements in support of the relief requested therein at a hearing before the Court (the "Hearing");

and the Court having determined that the legal and factual bases set forth in the Application and

at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings

had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized to employ and retain Cleary Gottlieb as

counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application and the

O'Neal Declaration, *nunc pro tunc* to the Petition Date.

3.      Cleary Gottlieb is authorized to perform any and all legal services for the

Debtors that are necessary or appropriate in connection with the legal services described in the

Application.

4.      Copies of all notices, pleadings and other documents filed in the Chapter 11

Cases and any and all related adversary proceedings shall be served upon the Debtors by serving

Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attention: Jane VanLare, Esq. and Sean A. O'Neal, Esq.

5.      Cleary Gottlieb shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.

6.      Prior to any increases in Cleary Gottlieb's rates for any professional providing services in these cases, Cleary Gottlieb shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and counsel to the Committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Cleary Gottlieb's client has consented to the rate increase.  All parties in interest retain the right to object to any rate increase on any grounds.

7.      Cleary Gottlieb shall apply any remaining amount of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Cleary Gottlieb; provided, however, Cleary Gottlieb shall be permitted to withhold up to $10,000 of its prepetition retainer and maintain such $10,000 in its segregated client trust account at Citibank N.A. in the Borough of Manhattan.

8.      Cleary Gottlieb shall use its reasonable best efforts to avoid any unnecessary duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

9.      Notwithstanding anything to the contrary in the Engagement Letter, Cleary Gottlieb shall not withdraw as counsel to the Debtors prior to the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

10.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, Cleary Gottlieb shall (i) pass-through the cost of services from any independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") retained in relation to these proceedings at the same rate that Cleary Gottlieb pays the Contractors; (ii) seek reimbursement for actual costs incurred only; (iii) ensure that the Contractors are subject to the same conflict checks as required for Cleary Gottlieb; and (iv) file with the Court such disclosures as required by Bankruptcy Rule 2014.

11.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12.     If there is any inconsistency between the terms of this Order, the Application, any engagement letter and the supporting declarations, the terms of this Order shall govern.

13.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023          _____
         New York, New York              THE HONORABLE SEAN H. LANE
                                         UNITED STATES BANKRUPTCY JUDGE

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB**
**STEEN & HAMILTON LLP AS COUNSEL FOR THE DEBTORS AND**
**DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application[2] of Genesis Global Holdco, LLC ("Holdco") as debtors

and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of

an order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(a)

and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and

2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

Court for Southern District of New York (the "Local Rules"), the law firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb") as their counsel; and directing that copies of all notices, pleadings and other documents filed in the Chapter 11 Cases and any and all related adversary proceedings be served upon Cleary Gottlieb; and upon consideration of the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration"), the *Declaration of [Paul Aronzon] in Support of First Day Motions and Application in Compliance with Local Rule 1007-2* (the "[Aronzon] Declaration") and the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration" and, together with the Leto Declaration and Aronzon Declaration, the "First Day Declarations"), the *Declaration of Sean A. O'Neal in Support of Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "O'Neal Declaration"), attached hereto as Exhibit A, and the *Declaration of [Paul Aronzon] in Support of Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "Aronzon Declaration"), attached hereto as Exhibit B; and the Court being satisfied based on the representations in the Application and O'Neal Declaration that Cleary Gottlieb is "disinterested" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates in connection with the matters for which Cleary Gottlieb is to be retained by the Debtors, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the Southern District of New York dated January 31, 2012; and the Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court

may enter a final order consistent with Article III of the United States Constitution; and the Court

having found that venue of this proceeding and the Application in this district is proper pursuant

to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the

Application is in the best interests of the Debtors, their estates, their creditors and other parties in

interest; and the Court having found that the Debtors' notice of the Application and opportunity

for a hearing on the Application was appropriate and no other notice need be provided; and the

Court having reviewed the Application and having heard the statements in support of the relief

requested therein at a hearing before the Court (the "Hearing"); and the Court having determined

that the legal and factual bases set forth in the Application and at the Hearing establish just cause

for the relief granted herein; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized to employ and retain Cleary Gottlieb as

counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application and the

O'Neal Declaration, *nunc pro tunc* to the Petition Date.

3.      Cleary Gottlieb is authorized to perform any and all legal services for the

Debtors that are necessary or appropriate in connection with the legal services described in the

Application.

4.      Copies of all notices, pleadings and other documents filed in the Chapter

11 Cases and any and all related adversary proceedings shall be served upon the Debtors by

serving Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attention: Jane VanLare, Esq. and Sean A. O'Neal, Esq.

5.      Cleary Gottlieb shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.

6.      Prior to any increases in Cleary Gottlieb's rates for any professional providing services in these cases, Cleary Gottlieb shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and counsel to the Committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Cleary Gottlieb's client has consented to the rate increase.  All parties in interest retain the right to object to any rate increase on any grounds.

7.      Cleary Gottlieb shall apply any remaining amount of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Cleary Gottlieb; provided, however, Cleary Gottlieb shall be permitted to withhold up to $10,000 of its prepetition retainer and maintain such $10,000 in its segregated client trust account at Citibank N.A. in the Borough of Manhattan.

8.      Cleary Gottlieb shall use its reasonable best efforts to avoid any unnecessary duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

4

9.      Notwithstanding anything to the contrary in the Engagement Letter, Cleary Gottlieb shall not withdraw as counsel to the Debtors prior to the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

10.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, Cleary Gottlieb shall (i) pass-through the cost of services from any independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") retained in relation to these proceedings at the same rate that Cleary Gottlieb pays the Contractors; (ii) seek reimbursement for actual costs incurred only; (iii) ensure that the Contractors are subject to the same conflict checks as required for Cleary Gottlieb; and (iv) file with the Court such disclosures as required by Bankruptcy Rule 2014.

11.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12.     If there is any inconsistency between the terms of this Order, the Application, any engagement letter and the supporting declarations, the terms of this Order shall govern.

13.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
      New York, New York            _____

                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit G</u>**

**Revised Proposed Final Morrison Cohen Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORRISON COHEN LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated

debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively,

the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), for entry of an order

(this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(e) and 330

of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for Southern District of New York (the "Local Rules"), the law firm of Morrison Cohen LLP

("Morrison Cohen") as their special counsel; and directing that copies of all notices, pleadings,

and other documents filed in the Chapter 11 Cases and any and all related adversary proceedings

be served upon Morrison Cohen; and upon consideration of the First Day Declaration, (ii) the

*Declaration of Jason Gottlieb in Support of the Application Authorizing Employment and*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application, as may be applicable.

*Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession* ("Gottlieb Declaration"), a copy of which was attached to the Application as Exhibit A, (iii) the *Declaration Paul Aronzon In Support of the Debtors' Application for an Order Authorizing the Employment and Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession Nunc Pro Tunc to the Petition Date* (the "Aronzon Declaration"), a copy of which was attached to the Application as Exhibit B; and the Court being satisfied based on the representations in the Application and the Gottlieb Declaration that Morrison Cohen does not have a conflict of interest with the Debtors or their estates in connection with the matters for which Morrison Cohen is to be retained by the Debtors, as required by section 327(e) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.       The Application is GRANTED to the extent set forth herein.

2.       The Debtors are hereby authorized to employ and retain Morrison Cohen as special counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application, the Gottlieb Declaration, and the Aronzon Declaration *nunc pro tunc* to the Petition Date.

3.       Morrison Cohen is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with the legal services described in the Application.

4.       Morrison Cohen shall apply for hourly compensation for professional services rendered and reimbursement of expenses incurred, including the fees incurred in relation to the fixed compensation structure discussed herein, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5.       Prior to any increases in Morrison Cohen 's rates, Morrison Cohen shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  All rights of the United States Trustee, the Committee, and all parties in interest to object to any rate increase on all grounds including, but

not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code are expressly preserved, and all rates and rate increases are subject to review by the Court.

6.      Notwithstanding a provision in the Application, Gottlieb Declaration or Aronzon Declaration to the contrary, all major expenses will be paid by Morrison Cohen and reimbursed by the Debtors only after approval of a fee application by the Court.

7.      Morrison Cohen shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8.      Notwithstanding anything in the Application or Morrison Cohen's engagement letter with the Debtors to the contrary, Morrison Cohen shall (a) to the extent that Morrison Cohen uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, Morrison Cohen shall pass-through the cost of such Contractors to the Debtors at the same rate that Morrison Cohen pays the Contractors; (b) seek reimbursement for actual costs only; and (c) ensure that the Contractors are subject to the same conflict checks as required for Morrison Cohen and (d) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

9.      Notwithstanding anything to the contrary in the Application or Morrison Cohen's engagement letter with the Debtors, Morrison Cohen shall not withdraw as Debtors' counsel prior to the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

10.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief

4

granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

11.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023     _____
     White Plains, New York          THE HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MORRISON COHEN LLP AS SPECIAL COUNSEL FOR THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), for entry of an order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(e) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for Southern District of New York (the "Local Rules"), the law firm of Morrison Cohen LLP ("Morrison Cohen") as their special counsel; and directing that copies of all notices, pleadings, and other documents filed in the Chapter 11 Cases and any and all related adversary proceedings be served upon Morrison Cohen; and

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application, as may be applicable.

upon consideration of the First Day Declaration, (ii) the *Declaration of Jason Gottlieb in Support of the Application Authorizing Employment and Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession* ("Gottlieb Declaration"), a copy of which was attached to the Application as Exhibit A, (iii) the *Declaration Paul Aronzon In Support of the Debtors' Application for an Order Authorizing the Employment and Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "Aronzon Declaration"), a copy of which was attached to the Application as Exhibit B; and the Court being satisfied based on the representations in the Application and the Gottlieb Declaration that Morrison Cohen does not have a conflict of interest with the Debtors or their estates in connection with the matters for which Morrison Cohen is to be retained by the Debtors, as required by section 327(e) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before

the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized to employ and retain Morrison Cohen as special counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application, the Gottlieb Declaration, and the Aronzon Declaration *nunc pro tunc* to the Petition Date.

3.      Morrison Cohen is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with the legal services described in the Application.

4.      Morrison Cohen shall apply for hourly compensation for professional services rendered and reimbursement of expenses incurred, including the fees incurred in relation to the fixed compensation structure discussed herein, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5.      Prior to any increases in Morrison Cohen 's rates, Morrison Cohen shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and ~~any~~the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section

3

330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. ~~The~~All rights of the United States Trustee ~~retains all rights~~, the Committee, and all parties in interest to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code are expressly preserved, and all rates and rate increases are subject to review by the Court.

6.      Notwithstanding a provision in the Application, Gottlieb Declaration or Aronzon Declaration to the contrary, all major expenses will be paid by Morrison Cohen and reimbursed by the Debtors only after approval of a fee application by the Court.

7.      Morrison Cohen shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8.      Notwithstanding anything in the Application or Morrison Cohen's engagement letter with the Debtors to the contrary, Morrison Cohen shall (a) to the extent that Morrison Cohen uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, Morrison Cohen shall pass-through the cost of such Contractors to the Debtors at the same rate that Morrison Cohen pays the Contractors; (b) seek reimbursement for actual costs only; and (c) ensure that the Contractors are subject to the same conflict checks as required for Morrison Cohen and (d) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

9.      Notwithstanding anything to the contrary in the Application or Morrison Cohen's engagement letter with the Debtors, Morrison Cohen shall not withdraw as Debtors' counsel prior to the effective date of any chapter 11 plan confirmed in these

4

Chapter 11 Cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

10.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

11.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
     White Plains, New York     _____
                                   THE HONORABLE SEAN H. LANE
                                   UNITED STATES BANKRUPTCY JUDGE

## Exhibit H

**Revised Proposed Final Kroll Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING EMPLOYMENT AND
### RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC
### AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] by Genesis Global Holdco, LLC ("Genesis")

and its above-captioned affiliate debtors and debtors-in-possession (collectively, the "Debtors"),

for employment and retention of Kroll Restructuring Administration LLC ("Kroll") as

administrative advisor ("Administrative Advisor") *nunc pro tunc* to the Petition Date pursuant to

section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-

1 and 2016-1, all as more fully described in the Application; and upon the First Day Declarations;

and upon the Steele Declaration submitted in support of the Application as Exhibit B; and the

Court being satisfied that Kroll has the capability and experience to provide the services described

in the Application and that Kroll does not hold an interest adverse to the Debtors or the estates;

and good and sufficient notice of the Application having been given and no other or further notice

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

being required; and it appearing that the employment of Kroll is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is APPROVED to the extent set forth in this Order.

2.      The Debtors are authorized to retain Kroll as Administrative Advisor effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Kroll is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3.      This Order shall not apply to any services Kroll has sought authorization to render pursuant to the Section 156(c) Application.

4.      Kroll is authorized to take such other action to comply with all duties set forth in the Application.

5.      Kroll shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, effective February 5, 2013 (the "Amended Guidelines"), and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

6.      The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

2

7.      All requests by Kroll for the payment of indemnification as set forth in the
Engagement Agreement shall be made by means of an application to the Court and shall be subject
to review by the Court to ensure that payment of such indemnity conforms to the terms of the
Engagement Agreement and is reasonable under the circumstances of the litigation or settlement
in respect of which indemnity is sought; *provided, however*, that in no event shall Kroll be
indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross
negligence or willful misconduct.

8.      In the event that Kroll seeks reimbursement from the Debtors for attorneys' fees
and expenses in connection with the payment of an indemnity claim pursuant to the Engagement
Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be
included in Kroll's own applications, both interim and final, and these invoices and time records
shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to
sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been
retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys'
services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9.      Kroll shall not be entitled to reimbursement by the Debtors for any fees,
disbursements and other charges of Kroll's counsel other than those incurred in connection with a
request of Kroll for payment of indemnity.

10.     Notwithstanding any provision to the contrary in the Engagement Agreement, any
dispute relating to the services provided by Kroll shall be referred to arbitration consistent with
the terms of the Engagement Agreement only to the extent that this Court does not have, retain or
exercise jurisdiction over the dispute.

11.     The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

12.     Kroll shall exclude the Debtors' bankruptcy cases and related information, as well as information regarding any of the Debtors' non-debtor affiliates, from any file sharing arrangement with Xclaim, Inc. or any other entity operating a marketplace or similar service to facilitate trade or resolution of claims held against bankrupt or insolvent entities.

13.      Any services Kroll will provide relating to the Debtors' schedules of assets and liabilities and statements of financial affairs shall be limited to administrative and ministerial services.  The Debtors shall remain responsible for the content and accuracy of its schedules of assets and labilities and statements of financial affairs.

14.     The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

16.     In the event of any inconsistency between the Engagement Agreement, the Application, the Steele Declaration and this Order, this Order shall govern.

17.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.


Dated: _____, 2023          _____
          White Plains, New York              THE HONORABLE SEAN H. LANE
                                              UNITED STATES BANKRUPTCY JUDGE

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING EMPLOYMENT AND
## RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC
## AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "Application")[2] by Genesis Global Holdco, LLC ("Genesis")

and its above-captioned affiliate debtors and debtors-in-possession (collectively, the "Debtors"),

for employment and retention of Kroll Restructuring Administration LLC ("Kroll") as

administrative advisor ("Administrative Advisor") *nunc pro tunc* to the Petition Date pursuant to

section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-

1 and 2016-1, all as more fully described in the Application; and upon the First Day Declarations;

and upon the Steele Declaration submitted in support of the Application as Exhibit B; and the

Court being satisfied that Kroll has the capability and experience to provide the services described

in the Application and that Kroll does not hold an interest adverse to the Debtors or the estates;

and good and sufficient notice of the Application having been given and no other or further notice

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

being required; and it appearing that the employment of Kroll is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.　　　　The Application is APPROVED to the extent set forth in this Order.

2.　　　　The Debtors are authorized to retain Kroll as Administrative Advisor effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Kroll is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3.　　　　This Order shall not apply to any services Kroll has sought authorization to render pursuant to the Section 156(c) Application.

4.　　　　3.　Kroll is authorized to take such other action to comply with all duties set forth in the Application.

5.　　　　4.　Kroll shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, effective February 5, 2013 (the "Amended Guidelines"), and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

6.　　　　5.　The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

7.   6.  All requests by Kroll for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided, however*, that in no event shall Kroll be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

8.   7.  In the event that Kroll seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kroll's own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9.   8.  Kroll shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Kroll's counsel other than those incurred in connection with a request of Kroll for payment of indemnity.

10.   9.  Notwithstanding any provision to the contrary in the Engagement Agreement, any dispute relating to the services provided by Kroll shall be referred to arbitration consistent with the terms of the Engagement Agreement only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

3

11.    10. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

12.    11. Kroll shall exclude the Debtors' bankruptcy cases and related information, as well as information regarding any of the Debtors' non-debtor affiliates, from any file sharing arrangement with Xclaim, Inc. or any other entity operating a marketplace or similar service to facilitate trade or resolution of claims held against bankrupt or insolvent entities.

13.    12. Any services Kroll will provide relating to the Debtors' schedules of assets and liabilities and statements of financial affairs shall be limited to administrative and ministerial services.  The Debtors shall remain responsible for the content and accuracy of its schedules of assets and labilities and statements of financial affairs.

14.    13. The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15.    14. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

16.    15. In the event of any inconsistency between the Engagement Agreement, the Application, the Steele Declaration and this Order, this Order shall govern.

17.    16. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
       White Plains, New York              _____
                                            THE HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit I</u>**

**Revised Proposed Final Alvarez & Marsal Retention Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS TO DEBTORS AND DEBTORS IN POSSESSION PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE

Upon the application (the "Application") of the debtors in possession in the above-captioned case (collectively, the "Debtors" or the "Company") for an order (this "Order") pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") as financial advisors, *nunc pro tunc* to the date of filing of these cases (the "Petition Date") on the terms set forth in the engagement letter (the "Engagement Letter") annexed to the Application as Exhibit A; and upon the Declaration of Michael S. Leto in support of the Application annexed thereto as Exhibit B; and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that no other or further notice need be provided;

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

and it appearing that the relief requested by this Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1.      The Application is granted to the extent set forth herein.

2.      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3.      Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M as financial advisors to the Debtors, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter.

4.      A&M shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5.      The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application, are reasonable terms and conditions of employment and are hereby approved.

6.      To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2023
       White Plains, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS TO EMPLOY AND
RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC AS
FINANCIAL ADVISORS TO DEBTORS AND DEBTORS IN POSSESSION
PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE**

Upon the application (the "Application") of the debtors in possession in the above-captioned case (collectively, the "Debtors" or the "Company") for an order (this "Order") pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") as financial advisors, *nunc pro tunc* to the date of filing of these cases (the "Petition Date") on the terms set forth in the engagement letter (the "Engagement Letter") annexed to the Application as Exhibit A; and upon the Declaration of Michael S. Leto in support of the Application annexed thereto as Exhibit B; and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

defined under section 101(14) of the Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1.      The Application is granted to the extent set forth herein.

2.      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3.      Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M as financial advisors to the Debtors, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter.

4.      A&M shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5.      4. The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application, are reasonable terms and conditions of employment and are hereby approved.

6.      5. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

7.      6. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:      _____, 2023             _____
            White Plains, New York

2

The Honorable Sean H. Lane
United States Bankruptcy Judge

3

**<u>Exhibit J</u>**

**Revised Proposed Final Kobre & Kim Retention Order**

**KOBRE & KIM LLP**
Danielle L. Rose
Daniel J. Saval
John G. Conte
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Proposed Special Litigation Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF KOBRE & KIM LLP
AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND
DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO FEBRUARY 1, 2023**

Upon the Application[2] of Genesis Global Holdco, LLC  ("Holdco") as debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(a) and

330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

---

[1]       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

for Southern District of New York (the "Local Rules"), the law firm of Kobre & Kim LLP ("Kobre & Kim") as special litigation counsel; and upon consideration of the First Day Declarations, the *Declaration of Danielle L. Rose in Support of Debtors' Application for an Order Authorizing the Employment and Retention of Kobre & Kim LLP as Special Litigation Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to February 1, 2023* (the "Rose Declaration"), and the *Declaration of Paul Aronzon in Support of Debtors' Application for an Order Authorizing the Employment and Retention of Kobre & Kim LLP as Special Litigation Counsel to the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to February 1, 2023* (the "Aronzon Declaration"); and the Court being satisfied based on the representations in the Application and Rose Declaration that Kobre & Kim is "disinterested" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates in connection with the matters for which Kobre & Kim is to be retained by the Debtors, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in

support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court

having determined that the legal and factual bases set forth in the Application and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized to employ and retain Kobre & Kim as special

litigation counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application,

the Rose Declaration, and the Engagement Letter, *nunc pro tunc* to February 1, 2023.

3.      Kobre & Kim is authorized to perform any and all legal services for the Debtors

that are necessary or appropriate to fulfill its role as special litigation counsel for the Debtors.

4.      Kobre & Kim shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in

compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, and any other applicable procedures and orders of the Court.

5.      Kobre & Kim shall provide reasonable notice to the Debtors, the U.S. Trustee, the

official committee of unsecured creditors, and any statutory committee appointed in these Chapter

11 Cases of any increase of Kobre & Kim's hourly rates set forth in the Rose Declaration.

6.      The Debtors and Kobre & Kim are authorized to take all actions necessary to

effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      Kobre & Kim shall use its reasonable best efforts to avoid any unnecessary

duplication of services provided by any of the other retained professionals in these Chapter 11

Cases.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.      If there is any inconsistency between the terms of this Order, the Application, or the Engagement Letter, the terms of this Order shall govern.

10.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023         _____
          New York, New York                    THE HONORABLE SEAN H. LANE
                                                UNITED STATES BANKRUPTCY JUDGE

**KOBRE & KIM LLP**
Danielle L. Rose
Daniel J. Saval
John G. Conte
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1200
Facsimile: (212) 488-1220

*Proposed Special Litigation Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF KOBRE & KIM LLP
AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS AND
DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO FEBRUARY 1, 2023**

Upon the Application[2] of Genesis Global Holdco, LLC  ("Holdco") as debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(a) and

330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

for Southern District of New York (the "Local Rules"), the law firm of Kobre & Kim LLP ("Kobre & Kim") as special litigation counsel; and upon consideration of the First Day Declarations, the *Declaration of Danielle L. Rose in Support of Debtors' Application for an Order Authorizing the Employment and Retention of Kobre & Kim LLP as Special Litigation Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to February 1, 2023* (the "Rose Declaration"), and the *Declaration of Paul Aronzon in Support of Debtors' Application for an Order Authorizing the Employment and Retention of Kobre & Kim LLP as Special Litigation Counsel to the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to February 1, 2023* (the "Aronzon Declaration"); and the Court being satisfied based on the representations in the Application and Rose Declaration that Kobre & Kim is "disinterested" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates in connection with the matters for which Kobre & Kim is to be retained by the Debtors, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in

support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court

having determined that the legal and factual bases set forth in the Application and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized to employ and retain Kobre & Kim as special

litigation counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application,

the Rose Declaration, and the Engagement Letter, *nunc pro tunc* to February 1, 2023.

3.      Kobre & Kim is authorized to perform any and all legal services for the Debtors

that are necessary or appropriate to fulfill its role as special litigation counsel for the Debtors.

4.      Kobre & Kim shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in

compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the

Local Rules, and any other applicable procedures and orders of the Court.

5.      Kobre & Kim shall provide reasonable notice to the Debtors, the U.S. Trustee, the

official committee of unsecured creditors, and any statutory committee appointed in these Chapter

11 Cases of any increase of Kobre & Kim's hourly rates set forth in the Rose Declaration.

6.      The Debtors and Kobre & Kim are authorized to take all actions necessary to

effectuate the relief granted pursuant to this Order in accordance with the Application.

7.      Kobre & Kim shall use its reasonable best efforts to avoid any unnecessary

duplication of services provided by any of the other retained professionals in these Chapter 11

Cases.

8.      Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.      If there is any inconsistency between the terms of this Order, the Application, or the Engagement Letter, the terms of this Order shall govern.

10.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023        _____
       New York, New York               THE HONORABLE SEAN H. LANE
                                         UNITED STATES BANKRUPTCY JUDGE