CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
Sean A. O'Neal
Jane VanLare

*Proposed Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF REVISED PROPOSED SECOND INTERIM ORDER (I)
AUTHORIZING DEBTORS TO CONTINUE TO OPERATE THE EXISTING CASH
MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS, HONOR
CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND MAINTAIN
EXISTING BUSINESS FORMS; (II) PERMITTING CONTINUED INTERCOMPANY
TRANSACTIONS AND GRANTING CERTAIN ADMINISTRATIVE CLAIMS; (III)
EXTENDING THE TIME TO COMPLY WITH THE REQUIREMENTS OF SECTION
345 OF THE BANKRUPTCY CODE AND (IV) GRANTING RELATED RELIEF**

   **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

   **PLEASE TAKE FURTHER NOTICE** that, on January 20, 2023, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts,*

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms;* *(II) Permitting Continued Intercompany Transactions and Granting Certain Administrative* *Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the* *Bankruptcy Code; and (IV) Granting Related Relief* (ECF No. 15) (the "Cash Management Motion").

        **PLEASE TAKE FURTHER NOTICE** that, on January 27, 2023, the Court entered the *Interim Order (I) Authorizing Debtors to Continue to Operate the Existing Cash* *Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations* *Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany* *Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply* *with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief* (ECF No. 47) (the "Interim Cash Management Order").  A final hearing on the Cash Management Motion has been scheduled for March 15, 2023 at 2:00 p.m. (ET) (the "Final Hearing").

        **PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby file a revised proposed form of order, attached hereto as **Exhibit A** (the "Proposed Second Interim Cash Management Order"), which incorporates to the Interim Cash Management Order certain changes agreed upon by the Debtors, the Committee of Unsecured Creditors, the U.S. Trustee and other parties-in-interest.  The Debtors will seek entry of the Proposed Second Interim Cash Management Order, pending the Final Hearing, at the hearing scheduled for February 22, 2023 at 11:00 a.m. (ET).  For the convenience of the Court and parties-in-interest, a redline of the Proposed Second Interim Cash Management Order marked against the Interim Cash Management Order is attached hereto as **Exhibit B**.

        **PLEASE TAKE FURTHER NOTICE** that copies of the Proposed Second Interim Cash Management Order can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

*[Remainder of page intentionally left blank]*

Dated:  February 21, 2023
     New York, New York

/s/ Sean A. O'Neal
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Proposed Counsel to the Debtors
and Debtors-in-Possession*

**<u>Exhibit A</u>**

**Proposed Second Interim Cash Management Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### SECOND INTERIM ORDER (I) AUTHORIZING DEBTORS TO CONTINUE TO OPERATE THE EXISTING CASH MANAGEMENT SYSTEM, INCLUDING EXISTING BANK ACCOUNTS, HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO, AND MAINTAIN EXISTING BUSINESS FORMS; (II) PERMITTING CONTINUED INTERCOMPANY TRANSACTIONS AND GRANTING CERTAIN ADMINISTRATIVE CLAIMS; (III) EXTENDING THE TIME TO COMPLY WITH THE REQUIREMENTS OF SECTION 345 OF THE BANKRUPTCY CODE AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, (a) authorizing the Debtors to (i) continue to operate their existing cash and cryptocurrency management system, including existing bank accounts; (ii) honor certain prepetition obligations related thereto and maintain their existing business forms; (iii) continue to perform intercompany transactions with each other and with certain non-Debtors on a post-petition basis and in the ordinary course of business and consistent with historical practice and according administrative expense priority status to post-petition Intercompany Transactions; (c) extending the time for the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Debtors to comply with section 345(b) of the Bankruptcy Code; and (d) granting such other and further relief; and upon the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis to the extent provided herein.

2.      The final hearing on the Motion shall be held via Zoom on **March 15, 2023 at 2:00 p.m. (Eastern Time)** (the "Final Hearing").  Any objections or responses to entry of the Proposed Final Order shall be filed by **March 8, 2023 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") and served on the following parties:  (i) proposed counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A.

O'Neal, Esq. and Jane VanLare, Esq.; (ii) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Greg Zipes, Esq.; and (iii) proposed counsel to the official committee of unsecured creditors (the "Committee"), White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Christopher Shore, Esq., Philip Abelson, Esq, and Michele Meises, Esq., 111 South Wacker Street, Suite 5100, Chicago, Illinois 60606, Attn: Gregory Pesce, Esq.

3.      The Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue operating the Cash Management System; (b) honor their prepetition obligations related thereto; (c) continue to perform Intercompany Transactions as expressly provided for herein; and (d) continue to deposit and invest funds in accordance with the Investment Practices, as described in the Motion, or in U.S. Treasuries notwithstanding section 345(b) of the Bankruptcy Code; *provided*, *however*, that the Debtors shall consult with the Committee with respect to any investment or staking of funds (other than investments in U.S. Treasury Bonds), including cryptocurrency collateral.  Each Debtor shall, as soon as reasonably practicable upon entry of this Order, prepare and provide the Committee with (i) a 13-week budget (the "Budget") setting forth all of the Debtors' projected disbursements and expenditures, (ii) a cash variance report reflecting the variance from the Budget for the prior week, which the Debtors shall provide by the Thursday of each calendar week, and (iii) reasonable access to current records of intercompany balances for the advisors to the Committee.

4.      Nothing in this Order shall constitute a determination of (i) whether property is property of a Debtor's estate  or (ii) the validity of any Intercompany Claim, and all parties rights with respect to such matters are expressly preserved.

5.      Notwithstanding anything in this Order, or any prior order of this Court, to the contrary, the Debtors are permitted to continue to perform Intercompany Transactions pending entry of a final order of this Court, *provided* such Intercompany Transactions shall not exceed $750,000 solely on account of reimbursement of any costs, expenses, or disbursements of any non-Debtor affiliate that accrued on or after the Petition Date (excluding any spot trading transactions by GAP), unless the Debtors obtain prior written consent from the Committee or its counsel (including by email).

6.      The Debtors are further authorized, on an interim basis and in their sole discretion, to: (a) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including those accounts identified on Exhibit D to the Motion; (b) use, in their present form, all correspondence and business forms (including letterhead, purchase orders and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers and other debits; and (e) pay any ordinary course bank fees incurred in connection with the Bank Accounts, and to otherwise perform their obligations under the documents governing the Bank Account.

7.      The Debtors, on an interim basis, are authorized, in consultation with the Committee, to continue to maintain and manage their cryptocurrency assets (a) in the course of ongoing spot trading by GAP and (b) to ensure that cryptocurrency is safely stored consistent with historical practices and subject to the terms of this Order; *provided* that the Debtors shall provide to the advisors to the Committee (i) within one (1) week following entry of this Order and

thereafter on a weekly basis, a summary report setting forth the amount of cash and cryptocurrency and other digital assets held by the Debtors, which once per month shall be filed on the docket together with the Debtors' monthly operating reports; and (ii) on the seventh day of each calendar month, a detailed report of the cash and cryptocurrency and other digital assets in each Debtor's possession, including where such cryptocurrency is held and the source of such cryptocurrency; *provided further* that, other than in the course of ongoing spot trading by GAP, the Debtors shall not be permitted to (i) convert cryptocurrency from one type of cryptocurrency to another type of cryptocurrency (ii) move any cryptocurrency or digital assets, (iii) stake or invest any cryptocurrency assets, or (iv) liquidate or convert any crypto currency into cash, in each case unless the Debtors obtain the consent of the Committee (email shall suffice) or pursuant to a further order from this Court after notice and a hearing. For the avoidance of doubt, this paragraph does not authorize Intercompany Transactions of cryptocurrency assets from Debtors to non-Debtor affiliates, other than in the course of ongoing spot trading by GAP.

8.      Nothing herein shall be interpreted as authorizing the Debtors to restart their lending or borrowing business absent further order of the Court; for the avoidance of doubt, GAP is authorized to continue engaging in spot trading transactions in the ordinary course of business.

9.      The Debtors shall have until March 29, 2023 (or such additional time to which the U.S. Trustee may agree) to either comply with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed to by the U.S. Trustee or approved by the Court; *provided* that such extension is without prejudice to the Debtors' right to request a further extension or the waiver of the requirement of section 345(b) of the Bankruptcy Code, which the Debtors may obtain in consultation with the U.S. Trustee, without the need for further Court approval.

10.     All Banks at which the Bank Accounts are maintained are authorized and directed to continue to maintain, service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, wires and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

11.     All Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

12.     In the course of providing cash management services to the Debtors, each of the Banks at which the Bank Accounts are maintained, are authorized, without further order of this Court, to deduct the applicable fees from the appropriate accounts of the Debtors, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

13.     Notwithstanding any other provision of this Order, any Bank may rely upon the representations of the Debtors with respect to whether any check, draft, wire or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors; or (b) in a good-faith

6

belief that the Court has authorized such prepetition check or item to be honored, shall neither be deemed to be in violation of this Order nor be liable to the Debtors or their estates on their account of such prepetition check or other item being honored post-petition, or otherwise deemed to be in violation of this Order.

14.     All Banks are further authorized and directed to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account, *provided* the Debtors provide notice within fifteen (15) days of (i) the opening or closing of any Bank Account and (ii) any material changes to the Cash Management System and procedures to the U.S. Trustee and the advisors for the Committee; and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided further* in each case that the Debtors' Banks shall not have any liability to any party for relying on such representations.

15.     All Intercompany Claims held by a Debtor against another Debtor or by a non-Debtor affiliate of a Debtor against a Debtor arising from post-petition Intercompany Transactions shall be entitled to administrative expense status under section 503(b)(1)(A) of the Bankruptcy Code.

16.     Notwithstanding the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements. For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

17.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order shall constitute, nor is it intended to constitute, (a) an admission by any party in interest as to the validity or priority of any claim or lien against the

7

Debtors (including any Intercompany Claim); (b) a waiver of the Debtors', the Committee's, or any other party-in-interest's respective rights to dispute any claim or lien (including any Intercompany Claim); (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by any party in interest that any particular claim is of a type specified or defined in this Order or the Motion; (e) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors', the Committees' or any other party-in-interests' respective rights under the Bankruptcy Code or any other applicable law.

18.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, no provision of the Motion, this Order or the relief granted at the Hearing shall constitute a finding as to whether the prepetition or postpetition Cash Management System complies with federal or state securities law, and the respective rights of the United States Securities and Exchange Commission, the Committee and all other parties-in-interest to challenge such transactions on any basis are expressly reserved.

19.     Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee, and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

20.     The requirements set forth in Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion.

21.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22.    As soon as practicable after entry of this Order, the Debtors will serve a copy of this Order on the Banks listed in Exhibit D attached to the Motion.

23.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

24.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2023
      White Plains, New York      _____
                                     THE HONORABLE SEAN H. LANE
                                       UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Redline of Proposed Second Interim Cash Management Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**SECOND INTERIM ORDER (I) AUTHORIZING DEBTORS**
**TO CONTINUE TO OPERATE THE EXISTING CASH MANAGEMENT**
**SYSTEM, INCLUDING EXISTING BANK**
**ACCOUNTS, HONOR CERTAIN PREPETITION OBLIGATIONS**
**RELATED THERETO, AND MAINTAIN**
**EXISTING BUSINESS FORMS;**
**(II) ~~P~~PERMITTING CONTINUED INTERCOMPANY TRANSACTIONS ~~AND~~**
**AND GRANTING CERTAIN ADMINISTRATIVE CLAIMS; (II~~I~~I) EXTENDING**
**THE TIME TO COMPLY WITH THE REQUIREMENTS OF SECTION**
**345 OF THE BANKRUPTCY CODE AND (IV) GRANTING RELATED RELIEF**

**~~("INTERIM CASH MANAGEMENT ORDER")~~**

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain

of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, (a)

authorizing the Debtors to (i) continue to operate their existing cash and cryptocurrency

management system, including existing bank accounts; (ii) honor certain prepetition obligations

related thereto and maintain their existing business forms; (iii) continue to perform intercompany

---

[1]       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

transactions with each other and with certain non-Debtors on a post-petition basis and in the ordinary course of business and consistent with historical practice and according administrative expense priority status to post-petition Intercompany Transactions; (c) extending the time for the Debtors to comply with section 345(b) of the Bankruptcy Code; and (d) granting such other and further relief; and upon the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted on an interim basis to the extent provided herein.

2.    The final hearing on the Motion shall be held via Zoom on ~~February 22~~**March 15**, **2023**~~,~~ at ~~11:00 a.m~~**2:00 p.m.** (Eastern Time) (the "Final Hearing").  Any objections or responses

to entry of the Proposed Final Order shall be filed by ~~February 15~~March 8, 2023~~,~~ at 4:00 p.m. **(Eastern Time)** (the "Objection Deadline") and served on the following parties: (i) proposed counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.; (ii) the Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Greg Zipes, Esq.; and (iii) ~~counsel to any statutory committee appointed in these chapter 11 cases.~~ proposed counsel to the official committee of unsecured creditors (the "Committee"), White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Christopher Shore, Esq., Philip Abelson, Esq, and Michele Meises, Esq., 111 South Wacker Street, Suite 5100, Chicago, Illinois 60606, Attn: Gregory Pesce, Esq.

3.     The Debtors are authorized, on an interim basis and in their sole discretion, to: (a) continue operating the Cash Management System; (b) honor their prepetition obligations related thereto; (c) continue to perform Intercompany Transactions ~~consistent with historical practice~~as expressly provided for herein; and (d) ~~pending the Final Hearing,~~ continue to deposit and invest funds in accordance with the Investment Practices, as described in the Motion, or in U.S. Treasuries notwithstanding section 345(b) of the Bankruptcy Code~~.  The Debtors will maintain records in the ordinary course of business reflecting transfers of cash, if any, including Intercompany Transactions, so as to permit all such transactions to be ascertainable.~~; *provided, however*, that the Debtors shall consult with the Committee with respect to any investment or staking of funds (other than investments in U.S. Treasury Bonds), including cryptocurrency collateral.  Each Debtor shall, as soon as reasonably practicable upon entry of this Order, prepare and provide the Committee with (i) a 13-week budget (the "Budget") setting forth all of the Debtors' projected disbursements and expenditures, (ii) a cash variance report reflecting the

variance from the Budget for the prior week, which the Debtors shall provide by the Thursday of each calendar week, and (iii) reasonable access to current records of intercompany balances for the advisors to the Committee.

4.    Nothing in this Order shall constitute a determination of (i) whether property is property of a Debtor's estate  or (ii) the validity of any Intercompany Claim, and all parties rights with respect to such matters are expressly preserved.

5.    Notwithstanding anything in this Order, or any prior order of this Court, to the contrary, the Debtors are permitted to continue to perform Intercompany Transactions pending entry of a final order of this Court, *provided* such Intercompany Transactions shall not exceed $750,000 solely on account of reimbursement of any costs, expenses, or disbursements of any non-Debtor affiliate that accrued on or after the Petition Date (excluding any spot trading transactions by GAP), unless the Debtors obtain prior written consent from the Committee or its counsel (including by email).

6.    4. The Debtors are further authorized, on an interim basis and in their sole discretion, to: (a) continue to use, with the same account numbers, all of the Bank Accounts in existence as of the Petition Date, including those accounts identified on Exhibit D to the Motion; (b) use, in their present form, all correspondence and business forms (including letterhead, purchase orders and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers and other debits; and (e) pay

any ordinary course bank fees incurred in connection with the Bank Accounts, and to otherwise perform their obligations under the documents governing the Bank Account.

7.    5.  The Debtors, on an interim basis, are authorized, in consultation with the Committee, to continue to maintain and manage their cryptocurrency assets in(a) in the ordinary course of business.  For the avoidance of doubt, this does not authorize intercompany transfers of cryptocurrency assets from Debtors to non-Debtor affiliates on an interim basiscourse of ongoing spot trading by GAP and (b) to ensure that cryptocurrency is safely stored consistent with historical practices and subject to the terms of this Order; *provided* that the Debtors shall provide to the advisors to the Committee (i) within one (1) week following entry of this Order and thereafter on a weekly basis, a summary report setting forth the amount of cash and cryptocurrency and other digital assets held by the Debtors, which once per month shall be filed on the docket together with the Debtors' monthly operating reports; and (ii) on the seventh day of each calendar month, a detailed report of the cash and cryptocurrency and other digital assets in each Debtor's possession, including where such cryptocurrency is held and the source of such cryptocurrency; *provided further* that, other than in the course of ongoing spot trading by GAP and any other activities performed in the ordinary course of business., the Debtors shall not be permitted to (i) convert cryptocurrency from one type of cryptocurrency to another type of cryptocurrency (ii) move any cryptocurrency or digital assets, (iii) stake or invest any cryptocurrency assets, or (iv) liquidate or convert any crypto currency into cash, in each case unless the Debtors obtain the consent of the Committee (email shall suffice) or pursuant to a further order from this Court after notice and a hearing.  For the avoidance of doubt, this paragraph does not authorize Intercompany Transactions of cryptocurrency assets from Debtors to non-Debtor affiliates, other than in the course of ongoing spot trading by GAP.

8.     6. Nothing herein shall be interpreted as authorizing the Debtors to restart their lending or borrowing business absent further order of the Court; for the avoidance of doubt, GAP is authorized to continue engaging in spot trading transactions in the ordinary course of business.

9.     7. The Debtors shall have forty-five (45) days until March 29, 2023 (or such additional time to which the U.S. Trustee may agree) from the entry of the Interim Order to either comply with section 345(b) of the Bankruptcy Code or to make such other arrangements as agreed to by the U.S. Trustee or approved by the Court; *provided* that such extension is without prejudice to the Debtors' right to request a further extension or the waiver of the requirement of section 345(b) of the Bankruptcy Code, which the Debtors may obtain in consultation with the U.S. Trustee, without the need for further Court approval.

10.     8. All Banks at which the Bank Accounts are maintained are authorized and directed to continue to maintain, service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, wires and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

11.     9. All Banks provided with notice of this Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

12.     10. In the course of providing cash management services to the Debtors, each of the Banks, at which the Bank Accounts are maintained, are authorized, without further order of this Court, to deduct the applicable fees from the appropriate accounts of the Debtors, and further,

to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

13.    11. Notwithstanding any other provision of this Order, any Bank may rely upon the representations of the Debtors with respect to whether any check, draft, wire or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors; or (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, shall neither be deemed to be in violation of this Order nor be liable to the Debtors or their estates on their account of such prepetition check or other item being honored post-petition, or otherwise deemed to be in violation of this Order.

14.    12. All Banks are further authorized and directed to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account, *provided* the Debtors provide notice of within fifteen (15) days of (i) the opening or closing of any Bank Account to (i)and (ii) any material changes to the Cash Management System and procedures to the U.S. Trustee and (ii) any statutory the advisors for the eCommittee appointed in these chapter 11 cases; and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided further* in each case that the Debtors' Banks shall not have any liability to any party for relying on such representations.

15.    13. All Intercompany Claims held by a Debtor against another Debtor or by a non-Debtor non-Debtor affiliate of a Debtor against a Debtor arising from post-petition Intercompany Transactions shall be entitled to administrative expense status under section 503(b)(1)(A) of the Bankruptcy Code.

16.    14. Notwithstanding the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements. For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

17.    15. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order shall constitute, nor is it intended to constitute, (a) an admission by any party in interest as to the validity or priority of any claim or lien against the Debtors or (including any Intercompany Claim); (b) a waiver of the Debtors', the Committee's, or any other party-in-interest's respective rights to dispute any claim or lien. (including any Intercompany Claim); (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an implication or admission by any party in interest that any particular claim is of a type specified or defined in this Order or the Motion; (e) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors', the Committees' or any other party-in-interests' respective rights under the Bankruptcy Code or any other applicable law.

18.    16. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearing, no provision of the Motion, this Order or the relief granted at the Hearing shall constitute a finding as to whether the prepetition or post-petition Cash

8

Management System complies with federal or state securities law, and the respective rights of the United States Securities and Exchange Commission, the Committee and all other parties-in-interest to challenge such transactions on any basis are expressly reserved.

19.   Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the hearing, nothing in the Motion, this Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee, and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

20.   17. The requirements set forth in Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion.

21.   18. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

22.   19. As soon as practicable after entry of this Order, the Debtors will serve a copy of this Order on the Banks listed in Exhibit D attached to the Motion.

23.   20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

24.   21. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2023
      White Plains, New York             _____
                                      The Honorable Sean THE HONORABLE SEAN H. Lane LANE
                                      United States Bankruptcy Judge
                                      UNITED STATES BANKRUPTCY JUDGE