**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No.:  23-10063 (SHL)<br><br>Jointly Administered |

# FINAL ORDER AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES ("FINAL TAXES AND FEES ORDER")

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of a final order (this "Final Order"), as more fully described in the Motion, authorizing the Debtors, in their sole discretion, to pay certain accrued and outstanding prepetition taxes, and to continue paying taxes in the ordinary course; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") filed contemporaneously herewith; and adequate notice of the Motion having been given as set forth in the Motion; and the Court having entered the *Interim Order Authorizing the Payment of Certain Taxes and Fees* [ECF No. 43]; and the Court

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

3

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the arguments of counsel on the record; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Debtors are authorized, but not directed, to pay or remit the Taxes and Fees in the ordinary course of business without regard to whether the Taxes and Fees accrued or arose before or after the Petition Date.

3. All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Final Order, whether presented prior to or after the Petition Date, in accordance with, and with the protections granted in, any order approving the Debtors' use of their cash management system filed in these Chapter 11 Cases.

4. Nothing in the Motion or this Final Order, or any actions taken pursuant to this Final Order, shall be deemed or construed as: (a) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (b) an approval

or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (c) an admission by any party in interest of the priority status of any claim; (d) a modification of the Debtors', the Committee's or any other party in interest's respective rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid in respect of any Taxes and Fees; or (e) a waiver or limitation of the Debtors', the Committee's or any other party in interest's respective rights under the Bankruptcy Code or any other applicable law.

5. Nothing contained in the Motion or this Final Order shall be deemed or construed as an admission by any party in interest, including the official committee of unsecured creditors (the "Committee") as to the validity or priority of any claim or lien against the Debtors, including any Taxes and Fees, or as a waiver of any interested party's rights to dispute any claim or lien, including any Taxes and Fees, on any grounds.

6. The Debtors will provide prompt notice to the Court, the U.S. Trustee and counsel to the Committee, via email, of any material changes to the Debtors' Taxes and Fees obligations.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

8. The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule 6003(b) and 6004(a).

9. Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities law as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

10. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Final Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Final Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Final Order.

11. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

Dated: February 24, 2023             */s/ Sean H. Lane*

White Plains, New York               THE HONORABLE SEAN H. LANE
                                     UNITED STATES BANKRUPTCY JUDGE