**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**FINAL ORDER (I) AUTHORIZING,
BUT NOT DIRECTING, THE DEBTORS TO PAY
CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS AND
FOREIGN VENDORS, (II) AUTHORIZING AND DIRECTING FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS
RELATED TO SUCH CLAIMS AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Final Order") (i) authorizing, but not directing, the Debtors, in their discretion, to pay all or a portion of the prepetition claims of the Critical Vendors and Foreign Vendors in the ordinary course of business; and (ii) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing; and (iii) granting the Debtors such other and further relief as the Court deems just and proper, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been given under the particular circumstances, and it appearing that no other or further notice is necessary, and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

*Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"); and adequate notice of the Motion having been given as set forth in the Motion; and the Court having entered the *Interim Order (I) Authorizing, But Not Directing, Debtors to Pay Prepetition Claims of Certain Critical Vendors and Foreign Vendors, (II) Authorizing and Directing Financing Institutions to Honor and Process Checks and Transfers Related to Such Claims, and (III) Granting Related Relief* [ECF No. 45]; and it appearing that no other or further notice is necessary; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having determined that consideration of the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the arguments of counsel on the record; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing held establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis, to the extent provided herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to continue their prepetition business operations, policies and programs and pay the prepetition amounts owed

to Vendors on account of Vendor Claims on a postpetition basis in the ordinary course of business; provided, however, that any payments shall only be made as they become due, and that no payments shall be accelerated. Notwithstanding the foregoing, payments to Vendors shall not exceed $100,000 in the aggregate, except to the extent the Committee provides prior written consent on such payments (email shall suffice) or such payments are authorized by separate order of the Court (the "Final Vendor Cap").

3. The Debtors are authorized, but not directed, to condition payment of Vendor Claims on a Vendor's maintenance or application of Customary Terms, which Customary Terms shall be disclosed by the Debtors to counsel to the Committee; provided, however, that any Vendor that accepts payment pursuant to the authority granted in this Final Order agrees to supply goods and services to the Debtors postpetition on Customary Terms or on such other more favorable terms as are acceptable to the Debtors; provided further that the Debtors' inability to agree on Customary Terms shall not preclude them from paying the claim of a Vendor if the Debtors determine, in the reasonable exercise of their business judgment, in consultation with the Committee, that such payment is necessary to the Debtors' operations.

4. If a Vendor, after receiving payment on account of a Vendor Claim, ceases to provide Customary Terms or otherwise fails to perform under a contract with a Debtor, the Debtors may, without further notice to or action, order or approval of the Bankruptcy Court, deem such payment to apply to postpetition amounts payable to such Vendor. Such Vendor shall then immediately repay to the Debtors any payments made to it on account of its Vendor Claims to the extent that such payments exceed the postpetition amounts then owing to such Vendor, without the right of setoff or reclamation, it being the express intention of this Court to return the parties to the status quo in effect as of the date of entry of this Final Order with respect to all prepetition

Vendor Claims if a Vendor ceases to perform under any existing contract or other obligation the payments in respect of which were authorized pursuant to this Final Order.

5. All applicable banks and other financial institutions are authorized to rely on the Debtors' direction in paying amounts under this Final Order. Furthermore, all applicable banks and other financial institutions are authorized to (i) honor any checks drawn against the Debtors' accounts but not cleared prior to the Petition Date, (ii) complete any fund transfer requests made but not completed prior to the Petition Date and (iii) issue new postpetition checks and to make postpetition fund transfer requests to replace any prepetition checks and prepetition transfers to Vendors that may be dishonored by the banks or financial institutions.

6. Within five (5) business days following entry of this Final Order, the Debtors will provide the U.S. Trustee and counsel to the Committee a list of holders of each category of Vendor Claims set forth in the Motion and the amounts owed as of the Petition Date; provided that, starting on March 31, 2023, on last business day of each month, the Debtors will provide an updated list of holders of each category of Vendor Claims and the remaining amounts owed as of the Petition Date to the U.S. Trustee and counsel the Committee.

7. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission by any party in interest as to the validity, priority or amount of any claim against a Debtor entity; (b) a waiver of the Debtors', the Committee's, or any other party-in-interest's right to dispute any claim on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease under section 365 of the Bankruptcy Code; (e) a waiver of the Debtors', the Committee's, or any other party-in-interest's rights under the Bankruptcy Code or any other

applicable law; (f) an admission by any party in interest as to the validity, priority, enforceability or perfection of any lien on, security interest in or other encumbrance on property of the Debtors' estates or (g) a concession by the Debtors, the Committee or any party in interest that any liens (contractual, common law, statutory or otherwise) that may be satisfied pursuant to the relief granted in this Final Order are valid, and the rights of all parties-in-interest, including the Committee, are expressly reserved to contest the extent, validity or perfection or seek avoidance of all such liens.

8. Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities law as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee, and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

9. None of the Debtors, their officers, directors, attorneys or agents will have any liability on account of any decision by the Debtors not to pay a Vendor Claim.

10. Nothing in this Motion or Final Order shall increase, reclassify or elevate to administrative expense status or otherwise affect any Vendor Claims to the extent that they are not paid.

11. Nothing in the Motion or this Final Order shall be deemed to authorize the Debtors to accelerate any payments.

12. Nothing in the Motion or this Final Order, nor the Debtors' actions in executing this Final Order, is intended or shall be construed as a modification or waiver of the Debtors' rights with respect to goods or services requested or received from the Vendors. This includes, but is not

limited to, the Debtors' rights to (i) cancel a purchase order (including outstanding orders); (ii) decline the acceptance of goods or services; (iii) return any defective, nonconforming or unacceptable goods or (iv) contest the amount of any invoice or claim.

13. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Final Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Final Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Final Order.

14. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Final Order.

Dated: February 24, 2023
       White Plains, New York

*/s/ Sean H. Lane*
The Honorable Sean H. Lane
United States Bankruptcy Judge