**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER ESTABLISHING PROCEDURES FOR INTERIM**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, establishing procedures for interim compensation and reimbursement of expenses of professionals; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED to the extent set forth herein.

2. Except as may otherwise be provided by orders of this Court authorizing the retention of specific professionals, all Retained Professionals (including, for the avoidance of, any professionals retained by the Debtors or a statutory committee after the date of this Order) and members of any statutory committee appointed in the Chapter 11 Cases, may seek interim compensation and/or reimbursement of expenses, in accordance with the following Interim Compensation Procedures:

   A.  **Monthly Statements**

   (a) On or after the twentieth day of each month following the month for which compensation is sought, each Retained Professional seeking compensation shall serve a monthly statement (the "Monthly Fee Statement") by email, hand or overnight delivery, on the following parties (collectively, the "Fee Notice Parties"):

   (i) The Debtors c/o Genesis Global Holdco, LLC, Attn: Arianna Pretto-Sankman (email: arianna@genesistrading.com);

   (ii) Counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Jane VanLare, Esq. (email: soneal@cgsh.com and jvanlare@cgsh.com);

   (iii) The United States Trustee for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Suite

      515, New York, New York 10004, Attn: Greg Zipes, Esq. (email: greg.zipes @usdoj.gov); and

   (iv)  Counsel to the official committee of unsecured creditors (the "Committee"), <u>White & Case LLP, 1221 Avenue of the Americas, 49th Floor, New York, New York</u> 10020, Attn: Philip Abelson and Michele Meises (email: philip.abelson@whitecase.com and michele.meises@whitecase.com) and, 111 South Wacker Street, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (email: gregory.pesce@whitecase.com).

(b)  On or after the twentieth day of each month following the month for which compensation is sought, each Retained Professional shall file a Monthly Fee Statement with the Court; however, a courtesy copy of the Monthly Fee Statements need not be delivered to the Judge's chambers because the Order does not alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code. Retained Professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, Bankruptcy Rules and the Local Rules.

(c)  Any Retained Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement that includes a request for compensation earned or expenses incurred during previous months.

(d)  Except as otherwise ordered by the Court, for those Retained Professionals who bill hourly, each Monthly Fee Statement must contain a list of the individuals—and their respective titles (e.g., attorney, accountant, or paralegal)—who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable unless otherwise ordered by the Court. No professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Fee Guidelines.

(e)  For those Retained Professionals who bill on a fixed or flat fee basis, each Monthly Fee Statement will contain such details as required by their respective retention orders.

(f)  If any Fee Notice Party has an objection to the compensation or reimbursement sought in a particular Monthly Fee Statement (an "Objection") such party shall, by no later than 12:00 p.m. (Prevailing Eastern Time) on the date that is fifteen days following the filing of the particular Monthly Fee Statement (the "Objection Deadline"), serve via electronic mail upon the Retained Professional whose Monthly Fee Statement is the subject of an Objection, a written "Notice of

Objection to Fee Statement," setting forth the nature of the Objection and the amount of fees or expenses at issue.

(g) At the expiration of the Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Fee Statement to which no Objection has been served in accordance with paragraph (f) above.

(h) If a Notice of Objection to Fee Statement with respect to a particular Monthly Fee Statement is served, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the Objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (g).

(i) If an Objection is resolved and if the party whose Monthly Fee Statement was the subject of the Objection serves on all Fee Notice Parties a statement indicating that the Objection has been withdrawn and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (g), that portion of the Monthly Fee Statement that is no longer subject to the Objection.

(j) All Objections that are not resolved by the parties shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court or such other date agreed to by the applicable Retained Professional and the Court.

(k) The service of a Notice of Objection to Fee Statement in accordance with paragraph (f) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground, whether raised in the Objection or not. Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind and shall not prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code.

**B.  Interim Fee Applications**

(a) Commencing with the period beginning with the Petition Date (January 19, 2023) and ending May 30, 2023, and at four-month intervals thereafter (each such period, an "Interim Fee Period"), each of the Retained Professionals shall file with the Court and serve on the Fee Notice Parties an application (an "Interim Fee Application") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses requested in the Monthly Fee Statements served during each applicable Interim Fee Period. Each Retained Professional shall file its Interim Fee Application no later than forty-five days after the end of an Interim Fee Period. Each Retained Professional shall file its first Interim Fee Application on or before July 19, 2023 and the first Interim Fee Application shall

4

cover the Interim Fee Period from the Petition Date (or the effective date of the Retained Professional's retention) through and including May 30, 2023.

- (i) Fee Applications shall comply with the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, General Order M-447 (Morris, C.J.) and proposed orders granting such Fee Applications shall include the schedules required by General Order M-427 (Gonzalez, C.J.).

(b) The Debtors' attorneys shall obtain a date from the Court for the hearing to consider Interim Fee Applications for all Retained Professionals (the "Interim Fee Hearing"), which shall be scheduled no earlier than thirty days after the expiration of the 45-day period set forth in paragraph (a), unless otherwise agreed to by the Debtors, the U.S. Trustee, and the Committee. At least thirty days prior to the Interim Fee Hearing, the Debtors' attorneys shall file a notice with the Court, with service upon the U.S. Trustee and all Retained Professionals, setting forth the time, date and location of the Interim Fee Hearing, the period covered by the Interim Fee Applications, and the Objection Deadline. Any Retained Professional unable to file its own Interim Fee Application with the Court shall deliver to the Debtors' attorneys a fully executed copy, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such Interim Fee Application.

(c) Any Retained Professional who fails to timely file an Interim Fee Application seeking approval of compensation and expenses previously paid pursuant to a Monthly Fee Statement shall (i) be ineligible to receive further monthly payments of fees or reimbursement of expenses as provided under this Order until such Interim Fee Application is filed, and (ii) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

(d) The pendency of an Interim Fee Application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(e) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses of any Retained Professionals. To the extent authorized by the Court, including in an order allowing a Retained Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Retained Professional all allowed requested fees (including the 20% of the fees withheld from each Monthly Fee Statement) and expenses not previously paid.

  (f) Counsel for any statutory committee appointed in these Chapter 11 Cases, including the Committee, may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses, with supporting vouchers, from members of such committee; <u>provided</u>, that such reimbursement requests must comply with the Fee Guidelines, and any other applicable fee and expense guidelines adopted by the Court. Notwithstanding the foregoing, the Debtors are authorized to promptly pay upon the receipt of invoices therefore the actual and necessary expenses, other than compensation and reimbursement of expenses specified in paragraph four of section 503(b) of the Bankruptcy Code, incurred by a natural person who is a member of such committee in the performance of the duties of such committee. The payment of such expenses as provided herein shall be subject to, and shall not have any effect on, the Court's interim and final allowance of reimbursement of such expenses.

3. The amount of compensation sought shall be set out in U.S. dollars. If the compensation is to be paid in foreign currency, the amount shall be set out in U.S. dollars and the conversion amount in the foreign currency, calculated at the time of the submission.

4. The Debtors shall include all payments to Retained Professional on their monthly operating reports, detailed so as to state the amount paid to each Retained Professional; *provided* that amounts paid to professionals retained in the ordinary course of business in accordance with procedures approved by the Court may be stated in the aggregate on any monthly operating report.

5. Notice of hearings to consider Interim Fee Applications shall be limited to the Fee Notice Parties and any party who files a Notice of Objection to Fee Statement or a notice of appearance and requests notice in these Chapter 11 Cases.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors shall serve a copy of this Order on each of the Retained Professionals (including, for the avoidance of doubt, any professionals who become Retained Professionals after the date of this Order), the Fee Notice Parties, and all persons and entities that have formally appeared and requested service in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002 and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9. Notwithstanding anything to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: February 24, 2023  
White Plains, New York

*/s/ Sean H. Lane*  
The Honorable Sean H. Lane  
United States Bankruptcy Judge