**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING THE DEBTORS TO
### RETAIN AND COMPENSATE CERTAIN PROFESSIONALS
### UTILIZED IN THE ORDINARY COURSE OF BUSINESS

Upon the Motion[2] of Genesis Global Holdco, LLC ("<u>Holdco</u>") and its above-captioned

debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), for entry of an order (this

"<u>Order</u>"), as more fully described in the Motion, pursuant to section 105(a), 327, 328, and 330 of

the Bankruptcy Code, authorizing the Debtors to retain and compensate certain professionals

utilized in the ordinary course of the Debtors' businesses; and upon the *Declaration of A. Derar

Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*

(the "<u>Islim Declaration</u>"), the *Declaration of Paul Aronzon in Support of First Day Motions and

Applications in Compliance with Local Rule 1007-2* (the "<u>Aronzon Declaration</u>"), and the

*Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with

Local Rule 1007-2* (the "<u>Leto Declaration</u>," and along with the Islim Declaration and the Aronzon

Declaration, the "<u>First Day Declarations</u>") and the *Declaration of Paul Aronzon in Support of the

Motion for Authority to Employ Professionals Used in the Ordinary Course of Business* (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

"Aronzon OCP Declaration"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its estates, its creditors and other parties in interest; and the Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to retain and compensate the professionals identified on the OCP List (each an "OCP" and, collectively, the "OCPs"), attached hereto as Exhibit 1, for postpetition services in the ordinary course of business, in accordance with the following approved procedures (the "OCP Procedures"):

   a.      Each OCP shall provide to the Debtors: (i) a declaration (the "OCP Declaration"), substantially in the form annexed hereto as Exhibit 2 to the Proposed Order, certifying that the OCP does not represent or hold any interest materially adverse to the Debtors or their estates with respect to the

2

matter on which the professional is to be employed; and (ii) a completed retention questionnaire (the "OCP Questionnaire"), substantially in the form annexed hereto as Exhibit 3 to the Proposed Order.

b.  Each OCP on the OCP List, as may be amended and supplemented from time to time, shall provide to the Debtors, (Attn: Arianna Pretto-Sakmann, Esq.) and to proposed Chapter 11 counsel to the Debtors, Cleary Gottlieb Steen Hamilton LLP, One Liberty Plaza, New York, New York 10006 (Attn: Sean A. O'Neal, Esq. and Jane VanLare, Esq.), an OCP Declaration and OCP Questionnaire within (30) days after the later of (x) entry of the Proposed Order and (y) the date on which the OCP begins providing services for the Debtors.  The OCP Declaration and OCP Questionnaire must be submitted prior to the receipt of payment for postpetition services rendered to the Debtors and expenses incurred, with at least fourteen (14) calendar days between the time of submission and any payment of postpetition invoice by the Debtors.

c.  Upon receipt of OCP Declarations and OCP Questionnaires, the Debtors will file the same with the Court (which filing may be an omnibus filing of OCP Declarations and OCP Questionnaires from a number of OCPs) and serve a copy on (i) the Office of the United States Trustee for the Southern District of New York (Attn: Greg Zipes, Esq.), (ii) proposed counsel to the official committee of unsecured creditors (the "Committee"), White & Case LLP, 1221 Avenue of the Americas, 49th Floor, New York, New York 10020 (Attn: Philip Abelson and Michele Meises), 111 South Wacker Street, Suite 5100, Chicago, Illinois 60606 (Attn: Gregory F. Pesce), and (iii) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules (collectively, the "Notice Parties").

d.  With respect to each OCP, the Notice Parties shall have fourteen (14) days following the filing of an OCP Declaration and OCP Questionnaire (the "OCP Objection Deadline") to object to the retention of such OCP (which fourteen (14) day period may be extended with the consent of the Debtors without further order of the Court).  The Debtors shall not be authorized to retain and pay any OCP that is the subject of any such objection until all outstanding objections have been withdrawn, resolved or overruled by order of the Court.  If after fourteen (14) days no objection is filed, then the retention of such OCP shall be deemed approved without further action and the OCP may be paid in accordance with paragraph (d) below.  If an objection received on or before the applicable OCP Objection Deadline with respect to any particular OCP cannot be resolved, a hearing on the matter shall be held at the next reasonably available regularly scheduled hearing date.

e.  After the retention of an OCP has been approved in accordance with paragraph (c), the Debtors are authorized, without applications being filed

with the Court, to compensate and reimburse the OCPs for 100% of their postpetition fees and expenses incurred in connection with postpetition services upon the submission to the Debtors of an invoice setting forth in reasonable detail the nature of the services rendered and the disbursements actually incurred by the particular OCP, without prejudice to the respective rights of the Debtors and their estates or the Committee to dispute any such invoice; *provided*, however, that compensation and reimbursement of expenses paid to an OCP for postpetition services may not exceed: (i) $100,000 per month (the "OCP Monthly Cap"), for the OCPs listed on the OCP List, as may be amended or supplemented from time to time, and $300,000 for the duration of the Chapter 11 Case (the "OCP Case Cap"), for the OCPs listed on the OCP List, as may be amended from time to time, as being subject to the OCP Caps; *provided further*, however, that the Debtors reserve their right to seek to increase the OCP Monthly Caps and the OCP Case Caps, either generally or with regard to specific OCPs. The Debtors expressly reserve the right to seek leave to raise the OCP Case Caps or retain any particular OCP separate and apart from this Motion.  Any contingency fees earned by an Ordinary Course Professional on account of recoveries realized on behalf of the Debtors shall not be subject to the OCP Monthly Caps.

f.      Any fees and expenses payable to an OCP for postpetition services in excess of the applicable OCP Monthly Cap or OCP Case Cap shall be subject to prior approval of this Court of an application in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court authorizing the payment of professionals retained in these Chapter 11 Cases.  Any payment towards the retention and employment of Ordinary Course Professionals would be without prejudice to payment arising from any subsequent retention of such Ordinary Course Professionals, if required.

g.      Within thirty (30) days after the end of, and with respect to, each four-month period after the Petition Date (including any partial month in the first period), the Debtors shall file with the Court and serve on the Notice Parties a statement that provides information with respect to each OCP paid during such period.  Such statement shall include the following information: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported three-month period, including, for the avoidance of doubt, any contingency fees earned; and (iii) a general description of the services rendered by that OCP.

h.      The Debtors reserve the right to amend or supplement the OCP List from time to time as necessary.  While the Debtors have attempted to reasonably identify all currently known OCPs, some OCPs may have been inadvertently omitted.  Further, the nature of the Debtors' businesses

requires the retention of additional OCPs from time to time. In either event, the Debtors propose to file one or more notices (each a "Supplemental Notice of OCPs") with the Court listing the additional OCPs that the Debtors intend to employ reasonably promptly after they are identified. An OCP listed on a Supplemental Notice of OCPs shall be retained and paid in accordance with the terms and conditions set forth in these OCP Procedures. For the avoidance of doubt, any OCP listed on a Supplemental Notice of OCPs must timely submit OCP Declarations and OCP Questionnaires and the Notice Parties shall raise any objections within fourteen (14) days. In the absence of any such objection, the retention of such additional OCPs shall be deemed approved without further action and the OCP may be paid in accordance with paragraph (d) above. In the event an objection is timely filed, it shall be addressed, heard and/or resolved in accordance with the foregoing procedures described in paragraph (c).

3.    If any particular OCP exceeds the OCP Case Caps, the Debtors shall seek leave to either increase the OCP Monthly Cap or OCP Case Caps (either for that particular OCP or for all OCPs), or file an application for approval by the Court of the excess, or retain the particular OCP pursuant to section 327 of the Bankruptcy Code.

4.    Nothing in the Motion or this Order, or any actions taken pursuant to this Order, shall be deemed or construed as: (a) an admission by any party in interest as to the validity of any claim or lien against the Debtors or their estates; (b) a waiver of the Debtors', the Committee's, or any other party-in-interest's respective rights to dispute any claim or lien on any grounds; (c) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (d) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (e) an admission by any party in interest of the priority status of any claim; (f) a modification of the Debtors', the Committee's, or any other party-in-interest's respective rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any Ordinary Course Professional or otherwise; or (g) a waiver or limitation of the Debtors', the Committee's, or any other party-in-interest's respective rights under the Bankruptcy Code or any other applicable law.

5.      Entry of this Order and approval of the Procedures does not affect the Debtors', the Committee's or any interested party's ability to (i) dispute any invoice submitted by an Ordinary Course Professional or (ii) retain additional Ordinary Course Professionals from time to time as needed, and the Debtors', the Committee's, and each other's party-in interest's respective rights with respect thereto are expressly reserved.

6.      The forms of OCP Declaration and OCP Questionnaire (attached hereto as Exhibit 2 and Exhibit 3, respectively) are approved.

7.      The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  February 24, 2023                    */s/ Sean H. Lane*
             White Plains, New York           THE HONORABLE SEAN H. LANE
                                                             UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

## **OCP LIST**

**Ordinary Course Professionals Subject to $100,000 Monthly Cap**

| Ordinary Course Professional | Service Provided |
|---|---|
| Ernst & Young LLP, 1 Manhattan W 401 9TH Ave New York, NY, 10001 United States | Tax and Compliance Work |
| Reed Smith LLP, 225 5TH Ave Ste 1200 Pittsburgh, PA, 15222-2716 United States | GAP Regulatory Counsel |
| Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017, United States | Legal Counsel |
| Allen & Gledhill, One Marina Boulevard #28-00, Singapore 018989 | Singapore Counsel |
| FTI Consulting, 555 12th Street NW, Suite 700, Washington DC 20004 | Data Preservation |
| Gunderson Dettmer, 550 Allerton Street, Redwood City, CA 94063 | Transaction Diligence |

**EXHIBIT 2**

**OCP DECLARATION**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## <u>DECLARATION OF DISINTERESTEDNESS</u>

I, _____, declare that the following is true to the best of my knowledge, information and belief:

9.      I am a [position] of [Firm], located at [Street, City, State ZIP Code] (the "<u>Firm</u>"), which has been employed by the debtors and debtors in possession (the "<u>Debtors</u>") in the above-captioned case (the "<u>Chapter 11 Cases</u>") in the ordinary course of the Debtors' business. The Debtors wish to retain the Firm to continue providing ordinary course services during the Chapter 11 Cases, and the Firm has consented to provide such services.  This Declaration is submitted in compliance with the Order Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business [ECF No. __] (the "<u>Ordinary Course Professionals Order</u>").

10.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases.  The Firm does not perform services

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

for any such person in connection with the Chapter 11 Cases, or have any relationship with any such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

11.     The Debtors have requested that the Firm provide [specific description of services] to the Debtors, and the Firm has consented to provide such services.

12.     The Firm [has/has not] provided services to the Debtors prior to the commencement of the Chapter 11 Cases.

13.     The Firm [does/does not] keep, in the ordinary course of business, time records in one-tenth-of-an-hour increments.  [If the Firm does not keep time in one-tenth-of-an-hour increments, explain how time records are kept.]

14.     As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties in interest in the Chapter 11 Cases.

15.     Neither I nor any principal, partner, director, or officer of or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

16.     Neither I nor any principal, partner, director, or officer of or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

17.     The Debtors owe the Firm [$_] for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§

101-1532.  This amount is either owing in United States ("U.S.") Dollars or has been converted

to U.S. Dollars based on the applicable exchange rate in effect on the Petition Date.

18.     As of the Petition Date, the Firm [was/was not] party to an agreement for

indemnification with the Debtors.  [A copy of such agreement is attached as **Exhibit A** to this

Declaration.]

19.     The Firm is conducting further inquiries regarding its retention by any

creditors of the Debtors, and upon conclusion of such inquiries, or at any time during the period

of its employment, if the Firm should discover any facts bearing on the matters described herein,

the Firm will supplement the information contained in this Declaration.

*[Signature page follows]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____, 2023        _____

                                              [Name]
                                              [Title]
                                              [FIRM NAME]
                                              Address:
                                              Telephone:
                                              Facsimile:
                                              Email:

## **EXHIBIT 3**

**OCP QUESTIONNAIRE**

Genesis Global Holdco, LLC, *et al.*
Chapter 11 Lead Case No 23-10063 (SHL)

## RETENTION QUESTIONNAIRE[1]

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY GENESIS GLOBAL HOLDCO LLC, *et al*., (the "Debtors")

THIS QUESTIONNAIRE WILL BE FILED WITH THE COURT ON YOUR BEHALF. PLEASE REMIT IT TO THE FOLLOWING ADDRESS:

[Address]

If more space is needed, please complete on a separate page and attach.

1.    Name and address of the firm:

_____

_____

_____

_____

2.    Date of retention: _____

3.    Type of services provided:

_____

_____

_____

_____

---

[1]    All amounts are either owing in U.S. Dollars or have been converted to U.S. Dollars based on the applicable exchange rate in effect on the Petition Date.

4.    Brief description of services to be provided:

    _____

    _____

    _____

    _____

5.    Arrangements for compensation (hourly, contingent, etc.):

    _____

    (a) Average hourly rate (if applicable): _____

    (b) Estimated average monthly compensation (based on prepetition retention if firm was employed prepetition):

    _____

6.    Prepetition claims against any of the Debtors held by the firm:

Debtor(s) against whom claim is held: _____

Amount of claim:     _____

Date claim arose:     _____

Source of claim:     _____

7.    Prepetition claims against the Debtors held individually by any member or associate of the firm:

Name: _____

Status: _____

Debtor(s) against whom claim is held: _____

Amount of claim:     _____

Date claim arose:     _____

Source of claim: _____

8.      Stock or American Depository Shares of any of the Debtors currently held by
        the firm:

        Kind of shares:_____

        No. of shares: _____

9.      Stock or American Depository Shares of any of the Debtors currently
        held individually by any member or associate of the firm:

        Name: _____

        Status: _____

10.     Disclose the nature and provide a brief description of any interest adverse to
        the Debtors or to their estates with respect to the matters on which the above-
        named firm is to be employed.

        _____

        _____

        _____

        _____


                                        Name: _____


                                        Title: _____