**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING THE
## EMPLOYMENT AND RETENTION OF CLEARY GOTTLIEB
## STEEN & HAMILTON LLP AS COUNSEL FOR THE DEBTORS AND
## DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Upon the Application[2] of Genesis Global Holdco, LLC  ("Holdco") as debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an

order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(a) and

330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1

of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

for Southern District of New York (the "Local Rules"), the law firm of Cleary Gottlieb Steen &

Hamilton LLP ("Cleary Gottlieb") as their counsel; and directing that copies of all notices,

pleadings and other documents filed in the Chapter 11 Cases and any and all related adversary

proceedings be served upon Cleary Gottlieb; and upon consideration of the *Declaration of Michael*

*Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the

"Leto Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to in the Application.

*Application in Compliance with Local Rule 1007-2* (the "Aronzon Declaration") and the
*Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance
with Local Rule 1007-2* (the "Islim Declaration" and, together with the Leto Declaration and
Aronzon Declaration, the "First Day Declarations"), the *Declaration of Sean A. O'Neal in Support
of Debtors' Application for an Order Authorizing Employment and Retention of Cleary Gottlieb
Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to
the Petition Date* (the "O'Neal Declaration"), attached hereto as Exhibit A, and the *Declaration of
Paul Aronzon in Support of Debtors' Application for an Order Authorizing Employment and
Retention of Cleary Gottlieb Steen & Hamilton LLP as Counsel for the Debtors and Debtors-in-
Possession* Nunc Pro Tunc *to the Petition Date* (the "Aronzon Declaration"), attached hereto as
Exhibit B; and the Court being satisfied based on the representations in the Application and O'Neal
Declaration that Cleary Gottlieb is "disinterested" as defined in section 101(14) of the Bankruptcy
Code, as modified by section 1107(b) of the Bankruptcy Code, and holds no interest adverse to the
Debtors or their estates in connection with the matters for which Cleary Gottlieb is to be retained
by the Debtors, as required by section 327(a) of the Bankruptcy Code; and the Court having
jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing
Order of Reference* from the United States District Court for the Southern District of New York
dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28
U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the
United States Constitution; and the Court having found that venue of this proceeding and the
Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having
found that the relief requested in the Application is in the best interests of the Debtors, their estates,
their creditors and other parties in interest; and the Court having found that the Debtors' notice of

2

the Application and opportunity for a hearing on the Application was appropriate and no other

notice need be provided; and the Court having reviewed the Application and having heard the

statements in support of the relief requested therein at a hearing before the Court (the "Hearing");

and the Court having determined that the legal and factual bases set forth in the Application and

at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings

had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized to employ and retain Cleary Gottlieb as

counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application and the

O'Neal Declaration, *nunc pro tunc* to the Petition Date.

3.      Cleary Gottlieb is authorized to perform any and all legal services for the

Debtors that are necessary or appropriate in connection with the legal services described in the

Application.

4.      Copies of all notices, pleadings and other documents filed in the Chapter 11

Cases and any and all related adversary proceedings shall be served upon the Debtors by serving

Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006,

Attention: Jane VanLare, Esq. and Sean A. O'Neal, Esq.

5.      Cleary Gottlieb shall apply for compensation for professional services

rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11

Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules,

the Local Rules and any other applicable procedures and orders of the Court.

6.      Prior to any increases in Cleary Gottlieb's rates for any professional providing services in these cases, Cleary Gottlieb shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and counsel to the Committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Cleary Gottlieb's client has consented to the rate increase.  All parties in interest retain the right to object to any rate increase on any grounds.

7.      Cleary Gottlieb shall apply any remaining amount of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to Cleary Gottlieb; provided, however, Cleary Gottlieb shall be permitted to withhold up to $10,000 of its prepetition retainer and maintain such $10,000 in its segregated client trust account at Citibank N.A. in the Borough of Manhattan.

8.      Cleary Gottlieb shall use its reasonable best efforts to avoid any unnecessary duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

9.      Notwithstanding anything to the contrary in the Engagement Letter, Cleary Gottlieb shall not withdraw as counsel to the Debtors prior to the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

10.      Notwithstanding anything in the Application or the Engagement Letter to the contrary, Cleary Gottlieb shall (i) pass-through the cost of services from any independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the

4

"<u>Contractors</u>") retained in relation to these proceedings at the same rate that Cleary Gottlieb pays

the Contractors; (ii) seek reimbursement for actual costs incurred only; (iii) ensure that the

Contractors are subject to the same conflict checks as required for Cleary Gottlieb; and (iv) file

with the Court such disclosures as required by Bankruptcy Rule 2014.

11.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i)

the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the

Debtors are not subject to any stay in the implementation, enforcement or realization of the relief

granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take

any action and perform any act authorized under this Order.

12.     If there is any inconsistency between the terms of this Order, the

Application, any engagement letter and the supporting declarations, the terms of this Order shall

govern.

13.     This Court shall retain exclusive jurisdiction with respect to all matters

arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 24, 2023
White Plains, New York

*/s/ Sean H. Lane*

The Honorable Sean H. Lane
United States Bankruptcy Judge