**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF MORRISON COHEN LLP AS SPECIAL COUNSEL FOR THE DEBTORS**
**AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the Application[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), for entry of an order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(e) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for Southern District of New York (the "Local Rules"), the law firm of Morrison Cohen LLP ("Morrison Cohen") as their special counsel; and directing that copies of all notices, pleadings, and other documents filed in the Chapter 11 Cases and any and all related adversary proceedings be served upon Morrison Cohen; and upon consideration of the First Day Declaration, (ii) the *Declaration of Jason Gottlieb in Support of the Application Authorizing Employment and*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application, as may be applicable.

*Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession* ("Gottlieb Declaration"), a copy of which was attached to the Application as Exhibit A, (iii) the *Declaration Paul Aronzon In Support of the Debtors' Application for an Order Authorizing the Employment and Retention of Morrison Cohen LLP as Special Counsel for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to the Petition Date* (the "Aronzon Declaration"), a copy of which was attached to the Application as Exhibit B; and the Court being satisfied based on the representations in the Application and the Gottlieb Declaration that Morrison Cohen does not have a conflict of interest with the Debtors or their estates in connection with the matters for which Morrison Cohen is to be retained by the Debtors, as required by section 327(e) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon

2

all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED to the extent set forth herein.

2. The Debtors are hereby authorized to employ and retain Morrison Cohen as special counsel in the Chapter 11 Cases on the terms and conditions set forth in the Application, the Gottlieb Declaration, and the Aronzon Declaration *nunc pro tunc* to the Petition Date.

3. Morrison Cohen is authorized to perform any and all legal services for the Debtors that are necessary or appropriate in connection with the legal services described in the Application.

4. Morrison Cohen shall apply for hourly compensation for professional services rendered and reimbursement of expenses incurred, including the fees incurred in relation to the fixed compensation structure discussed herein, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5. Prior to any increases in Morrison Cohen's rates, Morrison Cohen shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase. All rights of the United States Trustee, the Committee, and all parties in interest to object to any rate increase on all grounds including, but

3

not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code are expressly preserved, and all rates and rate increases are subject to review by the Court.

6. Notwithstanding a provision in the Application, Gottlieb Declaration or Aronzon Declaration to the contrary, all major expenses will be paid by Morrison Cohen and reimbursed by the Debtors only after approval of a fee application by the Court.

7. Morrison Cohen shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8. Notwithstanding anything in the Application or Morrison Cohen's engagement letter with the Debtors to the contrary, Morrison Cohen shall (a) to the extent that Morrison Cohen uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, Morrison Cohen shall pass-through the cost of such Contractors to the Debtors at the same rate that Morrison Cohen pays the Contractors; (b) seek reimbursement for actual costs only; and (c) ensure that the Contractors are subject to the same conflict checks as required for Morrison Cohen and (d) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

9. Notwithstanding anything to the contrary in the Application or Morrison Cohen's engagement letter with the Debtors, Morrison Cohen shall not withdraw as Debtors' counsel prior to the effective date of any chapter 11 plan confirmed in these Chapter 11 Cases without prior approval of the Court in accordance with Local Bankruptcy Rule 2090-1(e).

10. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief

granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

11. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: February 24, 2023             ***/s/ Sean H. Lane***
White Plains, New York            The Honorable Sean H. Lane
                                           United States Bankruptcy Judge