**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING EMPLOYMENT AND**
**RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC**
**AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] by Genesis Global Holdco, LLC ("Genesis") and its above-captioned affiliate debtors and debtors-in-possession (collectively, the "Debtors"), for employment and retention of Kroll Restructuring Administration LLC ("Kroll") as administrative advisor ("Administrative Advisor") *nunc pro tunc* to the Petition Date pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, all as more fully described in the Application; and upon the First Day Declarations; and upon the Steele Declaration submitted in support of the Application as Exhibit B; and the Court being satisfied that Kroll has the capability and experience to provide the services described in the Application and that Kroll does not hold an interest adverse to the Debtors or the estates; and good and sufficient notice of the Application having been given and no other or further notice

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

being required; and it appearing that the employment of Kroll is in the best interests of the Debtors, their estates and creditors; and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is APPROVED to the extent set forth in this Order.

2. The Debtors are authorized to retain Kroll as Administrative Advisor effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, and Kroll is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement.

3. This Order shall not apply to any services Kroll has sought authorization to render pursuant to the Section 156(c) Application.

4. Kroll is authorized to take such other action to comply with all duties set forth in the Application.

5. Kroll shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals, dated December 21, 2010 and the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, effective February 5, 2013 (the "Amended Guidelines"), and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

6. The Debtors shall indemnify Kroll under the terms of the Engagement Agreement, as modified pursuant to this Order.

7.  All requests by Kroll for the payment of indemnification as set forth in the Engagement Agreement shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided, however*, that in no event shall Kroll be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

8.  In the event that Kroll seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Agreement, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Kroll's own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9.  Kroll shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of Kroll's counsel other than those incurred in connection with a request of Kroll for payment of indemnity.

10. Notwithstanding any provision to the contrary in the Engagement Agreement, any dispute relating to the services provided by Kroll shall be referred to arbitration consistent with the terms of the Engagement Agreement only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.

11. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

12. Kroll shall exclude the Debtors' bankruptcy cases and related information, as well as information regarding any of the Debtors' non-debtor affiliates, from any file sharing arrangement with Xclaim, Inc. or any other entity operating a marketplace or similar service to facilitate trade or resolution of claims held against bankrupt or insolvent entities.

13. Any services Kroll will provide relating to the Debtors' schedules of assets and liabilities and statements of financial affairs shall be limited to administrative and ministerial services. The Debtors shall remain responsible for the content and accuracy of its schedules of assets and labilities and statements of financial affairs.

14. The Debtors and Kroll are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

16. In the event of any inconsistency between the Engagement Agreement, the Application, the Steele Declaration and this Order, this Order shall govern.

17. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.


Dated:  February 24, 2023           */s/ Sean H. Lane*
       White Plains, New York        THE HONORABLE SEAN H. LANE
                                                     UNITED STATES BANKRUPTCY JUDGE