**Hearing Date: March 15, 2023, at 2:00 p.m. (Eastern Time)**
**Objection Deadline: March 8, 2023, at 4:00 p.m. (Eastern Time)**

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
E-mail:  cshore@whitecase.com
         philip.abelson@whitecase.com
         david.turetsky@whitecase.com
         michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
E-mail:  gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | (Jointly Administered) |

**NOTICE OF HEARING ON THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' MOTION FOR ENTRY OF AN ORDER CLARIFYING
THE REQUIREMENT TO PROVIDE ACCESS TO CONFIDENTIAL
OR PRIVILEGED INFORMATION AND APPROVING A PROTOCOL
<u>REGARDING CREDITOR REQUESTS FOR INFORMATION</u>**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PLEASE TAKE NOTICE** that a hearing on *The Official Committee of Unsecured Creditors' Motion for Entry of an Order Clarifying the Requirement to Provide Access to Confidential or Privileged Information and Approving a Protocol Regarding Creditor Requests for Information* (the "**Motion**") will be held on **March 15, 2023, at 2:00 p.m. (Eastern Time)** (the "**Hearing**"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for both telephonic and video appearances. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl no later than 4:00 p.m. (Eastern Time), one business day prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44]; (c) be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **March 8, 2023, at 4:00 p.m. (Eastern Time)**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the

"**Debtors**") at https://restructuring.ra.kroll.com/genesis and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Committee.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll at https://restructuring.ra.kroll.com/genesis. You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

| | |
|---|---|
| Dated: March 1, 2023<br>New York, New York | */s/ J. Christopher Shore*<br>**WHITE & CASE LLP**<br>J. Christopher Shore<br>Philip Abelson<br>David Turetsky<br>Michele J. Meises<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>E-mail:  cshore@whitecase.com<br>            philip.abelson@whitecase.com<br>            david.turetsky@whitecase.com<br>            michele.meises@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>E-mail:  gregory.pesce@whitecase.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |

3

**Hearing Date: March 15, 2023, at 2:00 p.m. (Eastern Time)**
**Objection Deadline: March 8, 2023, at 4:00 p.m. (Eastern Time)**

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
E-mail: cshore@whitecase.com
philip.abelson@whitecase.com
david.turetsky@whitecase.com
michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
E-mail: gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| Genesis Global Holdco, LLC, *et al.*,[1] | ) Case No. 23-10063 (SHL) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION
FOR ENTRY OF AN ORDER CLARIFYING THE REQUIREMENT TO PROVIDE
ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION AND APPROVING
A PROTOCOL REGARDING CREDITOR REQUESTS FOR INFORMATION**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through its undersigned proposed counsel, hereby moves, pursuant to sections 105(a), 107(b), 1102(b)(3), and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), clarifying the requirements of the Committee to provide access to confidential or privileged information to creditors and approving a protocol regarding creditor requests for information (the "**Motion**"). In further support of the Motion, the Committee respectfully states as follows:

### Preliminary Statement

1. Clear lines of communication are needed to ensure the appropriate level of transparency is achieved in the Debtors' chapter 11 cases. As the fiduciary for all unsecured creditors in these cases, the Committee and its professionals take seriously their obligation under the Bankruptcy Code to ensure that creditors have access to clear information regarding the status of and key developments in these cases, how to file proofs of claim, as well as designated points of contact and appropriate avenues for creditors to raise and discuss specific concerns.

2. To ensure that the Committee is compliant with the Bankruptcy Code and its duty to its constituency, this Motion seeks to provide structure and certain controls on the flow of information. In furtherance of this objective, the Committee seeks authority to establish and implement a protocol that will enable it to satisfy its obligation to ensure that all of the Debtors' unsecured creditors have access to information, while at the same time protecting the confidentiality of information received from the Debtors and non-Debtor parties as necessary to facilitate the Debtors' chapter 11 cases.

**Jurisdiction and Venue**

3. The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated January 31, 2012 (the "**Standing Order**").

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The legal bases for the relief requested herein are sections 105(a), 107(b), 1102(b)(3), and 1103 of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**Background**

6. On January 19, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

7. These chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's *Order Directing Joint Administration of Related Chapter 11 Cases*, entered on January 26, 2023 [Docket No. 37].

8. On February 3, 2023 (the "**Committee Formation Date**"), the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed seven (7) of the Debtors' unsecured creditors to serve as members of the Committee [Docket No. 55]. The Committee is currently comprised of the following members: (i) SOF International, LLC; (ii) Teddy Andre Amadeo Gorisse; (iii) Digital Finance Group Co.; (iv) Richard R. Weston; (v) Mirana Corp.; (vi) Amelia Alvarez; and (vii) Bitvavo Custody B.V.

9. The Committee has adopted bylaws (the "**Bylaws**") which contain provisions designed to, among other things, protect confidential information, materials, and communications produced to, by, or related to the Committee, its members, and its professionals, as well as its privileged information (collectively, the "**Confidential Committee Information**"). Confidential Committee Information also includes any and all written and oral correspondence, reports, and memoranda prepared by the Committee Professionals[2] for the benefit of the Committee as well as all related communications received by any of the members of the Committee, including reports disseminated by Committee members among themselves and/or the Committee Professionals. Further, the confidentiality provisions of the Bylaws protect Confidential Information (as defined below) shared by or on behalf of the Debtors with the Committee, its members, or its professionals (collectively, the "**Confidential Debtor Information**").

### Relief Requested

10. By this Motion, the Committee requests entry of the Proposed Order, effective as of the Committee Formation Date, authorizing the Committee to establish and implement a protocol (the "**Creditor Information Protocol**") in accordance with section 1102(b)(3)(A) of the Bankruptcy Code.

11. Additionally, the Committee seeks express authority to maintain certain information platforms, including, but not limited to, a case website, Twitter account, and any other social media accounts or channels (including, without limitation, accounts or channels maintained

---

[2] On February 10, 2023, the Committee selected White & Case LLP ("**W&C**") as its counsel, subject to Court approval. On February 13, 2023, the Committee selected Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**") as its investment banker, subject to Court approval. On February 14, 2023, the Committee selected Berkeley Research Group, LLC ("**BRG**") as its financial advisor, subject to Court approval. On February 22, 2023, the Committee selected Kroll Restructuring Administration LLC ("**Kroll**," and collectively with W&C, Houlihan Lokey, and BRG, the "**Committee Professionals**") as its noticing and information agent, subject to Court approval. The Committee will be filing applications seeking the retention of the Committee Professionals to be heard at the March 30, 2023 omnibus hearing.

4

on Reddit, Discord, Telegram, Facebook, or similar social media platforms) (collectively, the "**Information Platforms**") for the benefit of the Debtors' unsecured creditors. The Information Platforms will be used to make certain non-confidential and non-privileged information, as determined by the Committee, available to the Debtors' unsecured creditors. Many of the Debtors' creditors are individuals and use Twitter to share and receive information regarding these chapter 11 cases. The Committee has established the Twitter account @UccGenesis so that it can direct creditors to the Information Platforms and inform them of recently filed pleadings and upcoming events. The Committee may establish additional accounts and channels on other platforms when appropriate to ensure it is able to reach as much of its constituency as possible.

12. The Information Platforms will also allow the Debtors' unsecured creditors to send questions, comments, and information to the Committee in connection with the Debtors' chapter 11 cases.

**I. The Creditor Information Protocol**

13. The Committee requests that the Court authorize it to establish and maintain the Information Platforms until such time as the Committee is dissolved or the chapter 11 cases are dismissed or converted, or such other time as the Court directs. The Information Platforms will serve as a resource for unsecured creditors and enable the Committee to solicit and receive comments from unsecured creditors. The Committee will use the Information Platforms to keep unsecured creditors informed of the status and important deadlines related to these chapter 11 cases.

14. Subject to any confidentiality agreements, the information posted to the Information Platforms may include, among other things:

   a) general information regarding the chapter 11 cases, including the Petition Date and case number;

5

b) contact information for the Committee, the Committee Professionals, the Debtors, and the Debtors' professional advisors;

c) a case calendar of significant events in the chapter 11 cases, as well as relevant deadlines, including the voting deadline in connection with any chapter 11 plan of reorganization filed in the chapter 11 cases and the deadline to file proofs of claim;

d) responses to frequently asked questions;

e) select Court filings and other documents that the Committee deems to be of particular interest to unsecured creditors;

f) forms and instructions for filling out proofs of claim as well as relevant related deadlines;

g) access to an e-mail address maintained by Kroll to the extent creditors would like additional information or to discuss specific concerns;

h) information regarding any town hall meetings hosted by the Committee Professionals;

i) information concerning the process for claims resolution;

j) the Debtors' monthly operating reports;

k) press releases, if any, issued by the Committee;

l) an e-mail address where creditors may send questions and comments to the Committee in connection with the chapter 11 cases;

m) links to other relevant websites (e.g., the Debtors' corporate website, the Debtors' claims and noticing agent's website, the website of the U.S. Trustee, and the Court website);

n) explanations of the bankruptcy process, including key steps, milestones, events, timelines, and the roles and responsibilities of key parties in the chapter 11 cases; and

o) the Committee's evaluation, analysis, and comments on, among other things, term sheets, plan support agreements, financings, debt repayments, retention of professionals, and significant requests for relief.

15. The relief requested herein will help facilitate the provision of important information to the Debtors' creditors and other interested parties, while simultaneously ensuring that confidential, privileged, proprietary, and other material non-public information will not be

disseminated to the detriment of the Debtors' estates.  Accordingly, such relief will encourage the exchange of information between the Committee, the Debtors, and other parties in interest and facilitate the Committee's performance of its statutory functions and duties pursuant to the Bankruptcy Code.  The requested relief will also ensure that creditors have access to clear and organized information regarding the status of the Debtors' chapter 11 cases and other critical issues, as well as a vehicle to get specific answers to questions and communicate with other parties with respect to these chapter 11 cases.  Given the important public interest in the conduct and outcome of these chapter 11 cases, the Committee and the Committee Professionals intend to use the Information Platforms to post information and frequent updates to ensure transparency and facilitate open communication with unsecured creditors.

16.    The Committee seeks to avoid any potential issues regarding the provision of information by implementing the following Creditor Information Protocol through the Proposed Order:

(a) <u>Privileged and Confidential Information</u>:  The Committee shall not be required to disseminate to any entity[3] (i) without further order of the Court, Confidential Debtor Information, Confidential Committee Information, or confidential and non-public proprietary information from other parties (the "**Confidential Non-Debtor Information**" and, collectively with Confidential Debtor Information and Confidential Committee Information, the "**Confidential Information**") or (ii) any information subject to attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with Debtors or some other party (collectively, the "**Privileged Information**").  In addition, the Committee shall not be required to provide access to information or solicit comments from any entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds a claim of the kind described in section 1102(b)(3) of the Bankruptcy Code.

(b) <u>Information Obtained Through Discovery</u>:  Any information received (formally or informally) pursuant to Bankruptcy Rule 2004, or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other

---

[3] As used herein, "entity" is used as defined in section 101(15) of the Bankruptcy Code.

7

litigation, shall not be governed by any order entered with respect to this Motion but, rather, by any order or applicable confidentiality agreement governing such discovery. The Committee shall not be obligated to provide any information that it obtains from third parties to any creditor.

(c) Creditor Information Requests: If a creditor (a "**Requesting Creditor**") submits a written request to the Committee or the Committee Professionals (an "**Information Request**") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall, as soon as reasonably practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (a "**Response**"), including providing access to the information requested or the reasons the Committee cannot disclose the information requested by such Information Request. If the Response to deny the Information Request is because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed, including, but not limited to, (i) pursuant to the terms of the Proposed Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law or contains Privileged Information, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential or is otherwise Confidential Information, or (iv) because the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be properly served, including on the Debtors and the Committee Professionals, and the hearing on such motion shall be noticed and scheduled. Nothing in the Proposed Order shall preclude the Requesting Creditor from requesting (or the Committee or the Debtors from objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Further, nothing in the Proposed Order shall preclude the Requesting Creditor from requesting (or the Committee or the Debtors from objecting to such request) that the Court conduct an *in camera* review of information that the Committee sets forth in the Response that it cannot share.

(d) Release of Confidential Information of Third Parties: If the Information Request implicates Confidential Debtor Information or Confidential Non-Debtor Information and the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, believes that such request should be satisfied, or if the Committee, in consultation with the Debtors with respect to Confidential Debtor Information, without a third party request, wishes to disclose such Confidential Information to creditors, the Committee may make a request (a "**Demand**") for the benefit of the Debtors' creditors: (i) if the Confidential Information is Confidential Debtor Information, by submitting a written request to counsel for the Debtors, requesting that such information be disclosed and (ii) if the Confidential Information is Confidential Non-Debtor Information, by submitting a

8

written request to such third party and its counsel of record, with a copy to the Debtors' counsel, that such information be disclosed. If the Debtors or such other entity does not agree in writing within ten (10) days after receipt of the Demand to disclose such information, the Committee or the Requesting Creditor, as applicable, may file a motion seeking a ruling with respect to the Demand, and the Debtors or such other entity, as applicable, may file an objection to such motion, including on the basis that any information provided to creditors should only be done pursuant to an order of the Court requiring that such information remain confidential. Demands submitted to counsel to the Debtors pursuant to this paragraph (d) shall be submitted by e-mail to: soneal@cgsh.com, jvanlare@cgsh.com, hokim@cgsh.com, mdweinberg@cgsh.com, rminott@cgsh.com, and cribeiro@cgsh.com. The Committee will not be authorized to disclose Confidential Debtor Information or Confidential Non-Debtor Information absent an agreement in writing from the Debtors (or their professional advisors) or such third party, as applicable, or further order of the Court. For the avoidance of doubt, this paragraph (d) is subject to paragraph (b) above.

(e) <u>Confidential Information Shared Subject to Confidentiality Agreement</u>: Nothing in the Proposed Order precludes the Committee (or its members and representatives) from discussing commonly-received Confidential Information (and sharing analyses or other documents generated by the Committee based on such commonly-received Confidential Information) with any other party in interest in the Debtors' chapter 11 cases and/or its advisor(s) that have signed a confidentiality agreement with the Debtors governing such Confidential Information (or such analyses or other documents generated by the Committee as applicable); *provided* that, for the avoidance of doubt, nothing in the Proposed Order modifies or otherwise alters the terms of any confidentiality agreement between the Debtors and any applicable party. The approved disclosure of Confidential Information shared pursuant to a confidentiality agreement does not waive any applicable privileges, work product, or other protections against disclosure to non-parties.

17. The Proposed Order would also permit, but not require, the Committee to provide access to Privileged Information to any party so long as the relevant privilege was held and controlled solely by the Committee and did not include Confidential Debtor Information or Confidential Non-Debtor Information.

II. **Engagement of Kroll as Information Agent**

18. The Committee intends to file an application to retain Kroll as the Committee's noticing and information agent (herein referred to as the "**Information Agent**").[4] As set forth in the engagement agreement that will be attached to Kroll's retention application, Kroll, in conjunction with the Committee Professionals, will have responsibility for maintaining the Information Platforms (as well as confidential online workspaces or data rooms, as the case may be) to take and respond to questions from creditors, including through the use of a case website. In addition, if requested by the Committee, Kroll may provide the Committee with technology and consulting services regarding the Committee's involvement in the chapter 11 cases and any other services agreed upon by the parties.

**Basis for Relief**

I. **The Proposed Creditor Information Protocol Should Be Approved**

19. The Bankruptcy Code provides, in relevant part, that a creditors' committee appointed under section 1102(a) shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). But, section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information" to creditors, nor does the associated legislative history provide any guidance.

20. As section 1102(b)(3)(A) simply requires a creditors' committee to "provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the information to be provided, the statute could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative

---

[4] The Committee reserves all rights with respect to retaining Kroll as the Committee's Information Agent.

function, regardless of (i) whether the information is confidential, privileged, proprietary, or material non-public information or (ii) whether disseminating such information implicates securities law disclosure requirements (where applicable).

21.     The lack of specificity in section 1102(b)(3)(A) is a potential source of confusion for creditors and creditors' committees.  Here, as is typical in most chapter 11 cases, the Committee already has received, and expects to continue to receive, confidential and other non-public proprietary information from the Debtors and other parties in interest.  This information likely will be used for, among other things, valuing assets, understanding the Debtors' operations, analyzing potential claims and causes of action, and addressing sale and plan related issues.  A creditor taking an extreme view of section 1102(b)(3)(A) might argue that this section requires the Committee to share another party's (including the Debtors') confidential information that such creditor would not be able to obtain otherwise.  Such an interpretation has a strong potential to chill information sharing between stakeholders and the Committee, and hinder the restructuring process to the detriment of all parties in interest.

22.     Moreover, section 1102(b)(3)(A) could be read to permit the disclosure of attorney-client privileged information or information protected by any other applicable privilege or doctrine.  An obligation to disseminate privileged information or Confidential Committee Information would limit the Committee Professionals' ability to communicate effectively with and advise the Committee, thereby reducing the benefit that active Committee engagement brings to the administration of these chapter 11 cases.

23.     The Committee believes that granting the relief requested herein, which is consistent with the language of the Bankruptcy Code, will ensure the efficient administration of these chapter 11 cases and active Committee engagement.  Congress did not intend for a creditors'

11

committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party as that would result in section 1102(b)(3) frustrating other provisions of the Bankruptcy Code and Bankruptcy Rules, including section 107(b) and Bankruptcy Rule 9018.

24. Section 107(b)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." This language is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request). The plain language of the Bankruptcy Code mandates that confidential information be protected.

25. Bankruptcy Rule 9018 provides further support that section 1102(b)(3) does not require a creditors' committee to disseminate confidential or privileged information or materials. It states, in relevant part: "On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018. Bankruptcy Rule 9018 goes a step further than section 107(b)(1), expressly allowing a court to act on its own initiative.

26. Finally, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Committee submits that the requested relief is both necessary to fulfill the obligations set forth under section 1102(b)(3), and appropriate in light of section 107(b)(1), Bankruptcy Rule 9018, and the equitable considerations of efficient case administration.

27.     The Creditor Information Protocol sets forth narrowly tailored rules designed to protect the interests of the Debtors, the Committee, and affected creditors while permitting reasonable access to information for the Debtors' unsecured creditors. The relief requested also ensures the proper functioning of the chapter 11 process, open informal discovery, and due diligence, and is specifically tailored to the unique facts of these chapter 11 cases to leverage Twitter and other channels to ensure appropriate information is provided to as many unsecured creditors as possible. Bankruptcy courts in this District routinely grant relief similar to that requested by this Motion. *See, e.g.*, *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 15, 2022) [Docket No. 828]; *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y Oct. 15, 2021) [Docket No. 305]; *In re Garrett Motion, Inc.*, No. 20-12212 (MEW) (Bankr. S.D.N.Y. Nov. 25, 2020) [Docket No. 472]; *In re Aegean Marine Petroleum Network Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Jan. 17, 2019) [Docket No. 309]; *In re Nine West Holdings, Inc.*, No. 18-10947 (SCC) (Bankr. S.D.N.Y. June 5, 2018) [Docket No. 353].

**II.    *Nunc Pro Tunc* Relief to the Committee Formation Date Is Appropriate**

28.     The Committee believes that implementing the Creditor Information Protocol *nunc pro tunc* to the Formation Date is warranted under the circumstances to ensure that all confidential communications received by the Committee are protected and there is no lapse in protection simply because the Motion is approved after such date.

**Waiver of Bankruptcy Rule 6004(h)**

29.     The Committee requests a waiver of the fourteen (14) day stay requirement under Bankruptcy Rule 6004(h). It is essential that the Committee be able to implement the Creditor Information Protocol as soon as possible to minimize any confusion related to the dissemination of information. Accordingly, the Committee requests that the Proposed Order be effective upon

13

entry and that the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) be waived, to the extent such stay applies.

## No Prior Request

30. No prior request for the relief sought in this Motion has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Committee respectfully requests that the Court (i) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A** and (ii) grant the Committee such other and further relief as is just, proper, and equitable.

Dated: March 1, 2023
      New York, New York

Respectfully submitted,

/s/  *J. Christopher Shore*
**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
E-mail:  cshore@whitecase.com
      philip.abelson@whitecase.com
      david.turetsky@whitecase.com
      michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
E-mail:  gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*