PROSKAUER ROSE LLP
Brian S. Rosen
Vincent Indelicato
Megan R. Volin
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000

-and-

Jordan E. Sazant
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550

*Counsel to the Ad Hoc Group of Genesis Lenders*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors.[1] | Jointly Administered |

**AD HOC GROUP OF GENESIS LENDERS' JOINDER TO DEBTORS' MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS WAIVING THE REQUIREMENTS THAT EACH DEBTOR FILE A LIST OF CREDITORS AND AUTHORIZING PREPARATION OF A CONSOLIDATED LIST OF CREDITORS, IN LIEU OF SUBMITTING A FORMATTED MAILING MATRIX, (II) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF THE DEBTORS' FIFTY (50) LARGEST UNSECURED CREDITORS, (III) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, AND (IV) GRANTING RELATED RELIEF**

The ad hoc group of lenders (the "Ad Hoc Group of Genesis Lenders") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submits this joinder (this "Joinder") to the *Debtors' Motion for Entry of Interim and Final Orders Waiving the Requirements that*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors, in Lieu of Submitting a Formatted Mailing Matrix, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty (50) Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Granting Related Relief* [Docket No. 14] (the "<u>Redaction Motion</u>"),[2] and, in further support thereof, respectfully states as follows:

## PRELIMINARY STATEMENT

1.      As this Court noted at the first day hearing for these Chapter 11 Cases, creditors' privacy concerns is "a very serious issue" for which the "actual applicable rule is a bit sort of out of date." Hr'g Tr. Jan. 23, 2023, 85:24-85:14. Particularly within the cryptocurrency space, the publication of creditors' personally identifiable information—even their names alone—greatly increases the risk of hacking, identity theft, harassment, theft, and more. Notably, in other cases in this industry, disclosure of creditor names has subjected such creditors to phishing scams.

2.      Here, creditors face even greater risk for physical harm, harassment, kidnapping, and theft. To qualify as a direct lender to Genesis Global Capital, LLC ("<u>GGC</u>"), creditors were required to submit documentation evidencing their financial status as an accredited investor and high net worth individual or institution, thereby meeting certain elevated asset and loan thresholds, including holding assets equal to or greater than $10 million and lending at least 100 Bitcoin, 1,000 Ethereum, or $2 million USD in cash or stablecoins. Accordingly, the publication of a creditor's name places a target squarely on such creditor's back as a potential victim. There is no reason to subject creditors in these Chapter 11 Cases to these outsized risks for harm. Both law and equity support the protection of creditors' personally identifiable information. The Ad

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Redaction Motion.

Hoc Group of Genesis Lenders emphatically supports the relief requested in the Redaction Motion and submits that such relief should be granted. In addition, any final order approving the Redaction Motion should (i) extend equally to protect non-individual creditor information and (ii) apply to pleadings filed by non-debtors in these Chapter 11 Cases.

**JOINDER**

3. The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") are in possession of vast amounts of confidential information belonging to creditors, including, but not limited to, their names, addresses, email addresses, phone numbers, and cryptocurrency wallet addresses. Inarguably, this information may be used by nefarious actors for purposes that pose great risk (both in terms of monetary loss and personal safety) to creditors. If disclosed publicly, creditors would bear the unreasonable risk of, among other things, identity theft, verbal and physical harassment and intimidation, kidnapping, theft and/or robbery, and hacking.

4. As this Court is aware, these concerns are not merely hypothetical, but rather, are acute in the Debtors' industry. *See* Hr'g Tr. Jan. 23, 2023, 86:3-10 ("In *Celsius*, after Judge Glenn's decision, there was a notice of a phishing attempt that's on the docket, docket 1527, which talks about the Debtors becoming aware that phishing emails were sent to certain debtors' customers reporting to be restructuring associates . . . requesting customers submit their addresses or their account information to receive their claims distribution."); *see also New Tool Shows the Biggest Losers in the Celsius Crypto Meltdown*, Gizmodo, Oct. 10, 2022, available at https://gizmodo.com/crypto-celsius-1849637951 (noting that searchable lists were created presumably from unredacted Celsius filings after the bankruptcy court made public approximately 14,000 pages of Celsius customer information, including their names).

3

5. Digital assets are a particularly attractive target for online theft as a result of their deregulated nature where it seems only playground rules apply. Ownership of such assets is determined exclusively by possession, and once a transfer of a digital asset is initiated, there is no mechanism for reversion. As a result, a successful hack that initiates the transfer of a target's digital assets is an effective form of online theft, largely without legitimate forms of recourse. Because digital assets are such an attractive target, entities or individuals known to be holding such assets face targeted hacking attempts and risk personal harm. For example, one Bitcoin core developer (presumably well-versed in online security) recently disclosed he had been the target of a concerted, personalized hacking campaign that resulted in the compromise of all of his bitcoin private keys and the theft of over 200 Bitcoin worth greater than $3.6 million at the time of the hack and even more today. *See* https://cointelegraph.com/news/bitcoin-core-developer-claims-to-have-lost-200-btc-in-hack. The Debtors' creditors should not be subjected to this risk.

6. Any personally identifiable information that is publicized can impose undue burdens and risks on creditors, including each of the following pieces of information:

    a. **Names**: To become one of the Debtors' authorized individual or institutional lenders, an applicant was required to provide certain financial information, including, among other things, meeting minimum asset and loan requirements that would qualify a lender as an accredited investor and high net worth individual or institution. Disclosure of such lenders' names identifies them as potential holders of significant amounts of digital and other assets and places them at elevated risk of, among other things, hacking, harassment, kidnapping, and other physical and personal threats. This is a particularly elevated risk in many of the jurisdictions outside the United States in which the Debtors operated.

    b. **Mailing Address**: Because digital asset transfers are irreversible, a target can be physically compelled to transfer such digital assets. Further, if a lender keeps their digital assets in "cold storage" (i.e. not vulnerable to online theft) they can nonetheless be physically compelled to transfer them, or the devices containing those keys can be stolen. This is a particularly elevated risk in many of the jurisdictions outside the United States in which the Debtors operated.

4

c. **Email Addresses**: A person's email address is a 'skeleton key' to their entire online identity. Virtually any account can be accessed without the password if a hacker is in control of a target's email account. The hacker can initiate a password change (which generally requires no more than access to the password change email that was sent to the email address on file. Further, emails within that account will indicate where the client has accounts on other websites that might be worth attempting to hack. As a result, disclosure of a client's email address indicates to an attacker which email account they should target for compromise. Further, an email address can be used to search databases of password leaks to identify potential passwords to use in compromising accounts.

d. **Phone Numbers**: Because passwords are commonly compromised, the 'gold standard' for online security is two-factor authentication, which requires both a password and additional authenticating detail. Most commonly, online companies rely on text messages (SMS) for the second factor, sending a one-time code to the cell phone number on file to demonstrate control of that phone number as an additional layer of security. However, online attackers have begun to use "SIM Swap" attacks to gain control of the target's phone number and intercept the SMS containing the code, thus bypassing the two-factor authentication.[3] As a result, disclosure of client phone numbers discloses to a hacker which phone number they should target.

7. The Court can and should protect lenders from these risks by prohibiting disclosure of such personally identifiable and commercially sensitive information.

8. Cause exists to seal lenders' personally identifying information pursuant to section 107(c) of title 11 of the United States Code (the "Bankruptcy Code"). Section 107(c) provides that the Court may protect an individual from disclosure of certain information if it finds that "disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[.]" The information protected by this provision includes "[a]ny means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title" and "[o]ther information contained in a paper described in subparagraph (A)." "Means of identification" is defined in title 18 as "any name or number that

---

[3] *See, e.g.*, An Empirical Study of Wireless Carrier Authentication for SIM Swaps, *available at* https://www.usenix.org/system/files/soups2020-lee.pdf (discussing how SIM swapping works, vulnerabilities in commonly used systems, and noting that SIM swapping is commonly used to steal cryptocurrencies).

may be used, along or in conjunction with any other information, to identify a specific individual[.]" 18 U.S.C. § 1028(d)(7).

9. Cause further exists to seal lenders' commercial information pursuant to Section 107(b) of the Bankruptcy Code. Section 107(b) provides that, "[o]n request of a party in interest, the bankruptcy court *shall*, and on the bankruptcy court's own motion, the bankruptcy court may, protect an entity with respect to a trade secret or confidential research, development, or commercial information[.]" 11 U.S.C. § 107(b)(1) (emphasis added). The term "commercial information" is broader than merely "information that may give the debtor's competitors an unfair advantage." *See In re Lomas Financial Corp.*, 1991 WL 21231 at *2 (S.D.N.Y. 1991).

10. For the foregoing reasons, the Court should grant the Redaction Motion and clarify that such relief applies to pleadings filed by all parties in these Chapter 11 Cases, and extends to all creditors' personally identifying information.

Dated: March 3, 2023

**PROSKAUER ROSE LLP**

*/s/ Brian S. Rosen*
Brian S. Rosen
Vincent Indelicato
Megan R. Volin
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Email: brosen@proskauer.com
            vindelicato@proskauer.com
            mvolin@proskauer.com

-and-

Jordan E. Sazant
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
Email: jsazant@proskauer.com

*Counsel to the Ad Hoc Group of Genesis Lenders*