**Hearing Date: March 30, 2023, at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 23, 2023, at 4:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:   cshore@whitecase.com
            philip.abelson@whitecase.com
            david.turetsky@whitecase.com
            michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:   gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.,*[1] | Case No. 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY CAPITAL, INC., AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 3, 2023**

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PLEASE TAKE NOTICE** that a hearing on the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to 11 U.S.C. §§ 328(a) and 1103, Fed. R. Bankr. P. 2014 and 5002, and Local Rule 2014-1 Authorizing the Retention and Employment of Houlihan Lokey Capital, Inc., as Investment Banker to the Official Committee of Unsecured Creditors* Nunc Pro Tunc *to February 3, 2023* (the "**Application**") will be held on **March 30, 2023, at 11:00 a.m. (prevailing Eastern Time)** (the "**Hearing**").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for both telephonic and video appearances.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl no later than 4:00 p.m. (Eastern Time), one business day prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44]; (c) be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **March 23, 2023, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in

2

possession (the "**Debtors**") at https://restructuring.ra.kroll.com/genesis and (ii) any person or entity with a particularized interest in the subject matter of the Application.

PLEASE TAKE FURTHER NOTICE that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Application as requested by the Committee.

PLEASE TAKE FURTHER NOTICE that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.  You may also obtain copies of the Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page left intentionally blank*]

Dated:    March 16, 2023

Respectfully submitted,

By: */s/ Gregory F. Pesce*

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  cshore@whitecase.com
        philip.abelson@whitecase.com
        david.turetsky@whitecase.com
        michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee
of Unsecured Creditors*

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  cshore@whitecase.com
          philip.abelson@whitecase.com
          david.turetsky@whitecase.com
          michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of*
*Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors.[2] | Jointly Administered |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**FOR ENTRY OF AN ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF**
**HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 3,**
**2023**

---

[2]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases for the above-captioned debtors and debtors in possession (the "**Debtors**") hereby applies to the Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), (i) authorizing it to employ and retain Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**") as its investment banker in accordance with the terms and conditions set forth in that certain engagement agreement, dated as of February 12, 2023 (the "**Engagement Agreement**"), a copy of which is attached as **Exhibit 1** to the Proposed Order, (ii) approving the terms of Houlihan Lokey's employment and retention, including the fee and expense structure and the indemnification, contribution, reimbursement, and related provisions set forth in the Engagement Agreement, (iii) waiving certain informational requirements, and (iv) granting such other and further relief as is just and proper.  In support of this Application, the Committee submits the Declaration of Saul E. Burian, a Managing Director of Houlihan Lokey (the "**Burian Declaration**"), which is attached hereto as **Exhibit B** and incorporated herein and further respectfully states as follows:

## Jurisdiction, Venue and Predicates for Relief

1.      The United States Bankruptcy Court (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  The Committee confirms its consent to the Court entering a final order in connection with this motion to the extent that it is later determined

that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The predicates for the relief requested by this Application are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

## Background

4.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "**Petition Date**").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 37].   No trustee or examiner has been appointed in the chapter 11 cases.  On February 3, 2023, an official committee of unsecured creditors (the "**Committee**") was appointed in these cases [Docket No. 55].

5.      On February 12, 2023, the Committee selected Houlihan Lokey as its proposed investment banker, subject to this Court's approval.

## Qualifications of Houlihan Lokey

1.      The Committee seeks to retain Houlihan Lokey as its investment banker because, among other things, Houlihan Lokey has extensive experience and an excellent reputation in providing high quality investment banking services to debtors and creditors in financial restructurings and bankruptcy proceedings.

2.      Houlihan Lokey, together with the other subsidiaries of its direct parent company, Houlihan Lokey, Inc., is an internationally recognized investment banking and financial advisory firm, with offices worldwide and more than 1,600 professionals.  Houlihan Lokey is a leader in providing such services to unsecured and secured creditors, debtors, acquirers, and other parties-in-interest involved with financially troubled companies both in and outside of bankruptcy. Houlihan Lokey has been, and is, involved in some of the largest restructurings in the United States, both out of court and in chapter 11 cases.  Houlihan Lokey has been retained to provide investment banking and financial advisory services in, among other cases, *In re Revlon, Inc.*, Case No. 22-10760 (Bankr. S.D.N.Y. Jun. 15, 2022), *In re Sungard AS New Holdings, LLC*, Case No. 22-90018 (Bankr. S.D. Tex. Apr. 11, 2022), *In re LTL Management LLC (Johnson & Johnson)*, Case No. 21-30589 (Bankr. N.J. Oct. 14, 2021), *In re The Hertz Corporation*, Case No. 20-11218 (Bankr. D. Del. May 22, 2020), *In re Neiman Marcus Group LTD LLC*, Case No. 20-32519 (Bankr. S.D. Tex. May 7, 2020), *In re Frontier Communications Corporation*, Case No. 20-22476 (Bankr. S.D.N.Y. Apr 14, 2020); *In re McDermott International, Inc.*, Case No. 20-30336 (Bankr. S.D. Tex. Jan 21, 2020); *In re Barneys New York, Inc.*, Case No. 19-36300 (Bankr. S.D.N.Y. Aug. 06, 2019), *In re Bristow Group Inc.*, Case No. 19-32713 (Bankr. S.D. Tex. May 11, 2019); *In re PHI, Inc.*, Case No. 19- 30923 (Bankr. N.D. Tex. Mar 14, 2019), *In re Sears Holdings Corporation,* No. 18-23538 (RDD) (Bankr. S.D.N.Y. Dec. 18, 2018), *In re Nine West Holdings, Inc.,* No. 18-10947 (SCC) (Bankr. S.D.N.Y. June 18, 2018), *In re Walter Investment Management Corporation*, Case No. 17-13446 (Bankr. S.D.N.Y. Nov. 30, 2017); *In re Seadrill Limited*, Case No. 17-60079 (Bankr. S.D. Tex. Sep. 12, 2017); *In re Westinghouse Electric Company LLC*, Case No. 17-10751 (Bankr. S.D.N.Y. Mar. 29, 2017); *In re Roust Corporation*, Case No. 16-23786 (Bankr. S.D.N.Y. Dec. 30, 2016); *In re Sports Authority Holdings, Inc.*, Case No. 16-10527 (Bankr. D. Del. Mar. 2, 2016); *In*

*re Relativity Fashion, LLC* (a.k.a. Relativity Media), Case No. 15-11989 (Bankr. S.D.N.Y. Jul. 30, 2015); *In re RadioShack Corporation*, Case No. 15-10197 (Bankr. D. Del. Feb. 5, 2015); *In re Caesars Entertainment Operating Company, Inc.*, Case No. 15-01145 (Bankr. N.D. Ill. Jan. 15, 2015); *In re Entegra Power Group LLC*, Case No. 14-11859 (Bankr. D. Del. Aug. 4, 2014); *In re Premier International Holdings Inc.* (a.k.a. Six Flags Theme Parks), Case No. 09-12019 (Bankr. D. Del. June 13, 2009); *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008); *In re Buffets Holdings, Inc.*, Case No. 08-10141 (Bankr. D. Del. Jan. 22, 2008); *In re Conseco Inc*, Case No. 02-49672 (Bankr. N.D. Ill. Dec. 17, 2002); *In re WorldCom, Inc.*, Case No. 02-13533 (Bankr. S.D.N.Y. July 21, 2002); and *In re Enron Corp.*, Case No. 01-16034 (Bankr. S.D.N.Y. Dec. 2, 2001).

3.      In addition, as described in the Burian Declaration, prior to the Petition Date, Houlihan Lokey provided investment banking and financial advisory services jointly to separate ad hoc groups of creditors represented by Proskauer LLP and Kirkland & Ellis LLP (the "**Ad Hoc Groups**"), which included diligence and in negotiations with the Debtors and Digital Currency Group, Inc. that culminated in the term sheet filed with the Court on February 10, 2023 (the "**Term Sheet**").  As a result of the foregoing, Houlihan Lokey has expertise regarding the panoply of issues the Committee must address in a crypto case such as the chapter 11 cases for the Debtors.

4.      The resources, capabilities and experience of Houlihan Lokey in advising the Committee are crucial to enabling the Committee to fulfill its statutory duties in these chapter 11 cases.  An investment banker with a deep bench of experience, such as Houlihan Lokey, fulfills a critical need that complements the services offered by the Committee's other restructuring professionals.

**Services To Be Rendered**

5.      The parties have entered into the Engagement Agreement, which governs the relationship between the Committee and Houlihan Lokey.  The terms and conditions of the Engagement Agreement were negotiated at arm's length and in good faith between the Committee and Houlihan Lokey and reflect the parties' mutual agreement as to the substantial efforts that will be required in this engagement.  Under the Engagement Agreement, in consideration for the compensation contemplated thereby, Houlihan Lokey has agreed to provide the following services:

(a)     Analyzing business plans, forecasts and related financial projections of the Debtors;

b)      Evaluating the assets and liabilities of the Debtors;

c)      Assessing the financial issues and options concerning (i) the sale of the Debtors, either in whole or in part, and (ii) the Debtors' chapter 11 plan(s) of reorganization or liquidation or any other chapter 11 plan(s);

d)      Analyzing and reviewing the financial and operating statements of the Debtors;

e)      Providing such financial analyses as the Committee may require in connection with the Cases;

f)      Analyzing the capital structure of the Debtors;

g)      Assisting with a review of the Debtors' employee benefit programs, including key employee retention, incentive, pension and other post-retirement benefit plans;

h)      Analyzing strategic alternatives available to the Debtors;

i)      Evaluating the Debtors' debt capacity in light of its projected cash flows;

6

j)      Assisting in the review of claims and with the reconciliation, estimation, settlement, and litigation with respect thereto;

k)      Representing the Committee in negotiations with the Debtors and third parties with respect to any of the foregoing;

l)      Providing testimony in court on behalf of the Committee with respect to any of the foregoing, if necessary; and

m)      Providing such other financial advisory and investment banking services as may be agreed upon by Houlihan Lokey and the Committee, subject to Bankruptcy Court approval.

6.      The Committee believes that it is necessary to employ an investment banker to render the professional services to the Committee as described above so that the Committee may properly fulfill its duties under the Bankruptcy Code. Further, the Committee believes that Houlihan Lokey is well qualified to handle the investment banking work required in these chapter 11 cases. The Committee understands that Houlihan Lokey intends to work closely with the Committee's other professionals, including counsel, White & Case LLP ("**White & Case**"), and financial advisor, BRG Capital Advisors, LLC ("**BRG**") to ensure that there is no unnecessary duplication of services.

## Professional Compensation

7.      In consideration of the services to be provided by Houlihan Lokey, and as more fully described in the Engagement Agreement, subject to the Court's approval, the Debtors have agreed to pay Houlihan Lokey the following proposed compensation, which is set forth in the Engagement Agreement (the "**Fee and Expense Structure**"):

(a)      Houlihan Lokey shall be paid in advance a nonrefundable monthly cash fee of $150,000 ("**Monthly Fee**"). The first payment shall be made upon the approval

of this Agreement by the Bankruptcy Court and shall be in respect of the period as from the Effective Date through the month in which payment is made.  Thereafter, payment of the Monthly Fee shall be made on every monthly anniversary of the Effective Date during the term of this Agreement.  Each Monthly Fee shall be earned upon Houlihan Lokey's receipt thereof in consideration of Houlihan Lokey accepting this engagement and performing services as described herein. Beginning with the seventh Monthly Fee, 50% of the Monthly Fees timely received by Houlihan Lokey and approved by the final order of the Bankruptcy Court shall be credited against the Deferred Fee (as defined below) to which Houlihan Lokey becomes entitled hereunder (it being understood and agreed that no Monthly Fee shall be credited more than once), except that, in no event, shall such Deferred Fee be reduced below zero; and

(b)      In addition to the other fees provided for herein, the Debtors shall pay Houlihan Lokey a fee (the "**Deferred Fee**") to be paid in cash of $5,500,000.  The Deferred Fee shall be earned and payable upon the consummation of a Transaction (as defined in the Engagement Agreement); and

(c)      In addition to the other fees provided for herein, at any time the Committee, based upon the Committee's business judgement, and Houlihan Lokey may, in good faith and subject to approval by the Bankruptcy Court, agree on additional compensation to be paid (the "**Discretionary Fee**"). The Committee shall file a motion seeking Court approval of the Discretionary Fee, which may be objected to by any party in interest including, but not limited to, the U.S. Trustee.

8

## The Fee and Expense Structure Is Appropriate and Reasonable
## and Should be Approved Under Section 328(a) of the Bankruptcy Code

8.      The Committee believes that the Fee and Expense Structure is comparable to those generally charged by investment bankers of similar stature to Houlihan Lokey for comparable engagements, both in and out of bankruptcy proceedings, and reflects a balance between a fixed fee and a contingency amount tied to the consummation and closing of the transactions and services contemplated by the Committee and Houlihan Lokey in the Engagement Agreement.

9.      The Fee and Expense Structure is consistent with Houlihan Lokey's normal and customary billing practices for comparably sized and complex cases and transactions, both in and out of bankruptcy proceedings, involving the services to be provided in connection with these chapter 11 cases.  Moreover, the Fee and Expense Structure is consistent with and typical of arrangements entered into by Houlihan Lokey and other investment banks in connection with the rendering of comparable services to clients such as the Committee.

10.      Houlihan Lokey's restructuring expertise, as well as its capital markets knowledge, financing skills and mergers and acquisitions expertise, some or all of which may be required by the Committee during the term of Houlihan Lokey's engagement, were important factors in determining the Fee and Expense Structure.  The ultimate benefit to the Committee derived from the services provided by Houlihan Lokey pursuant to the Engagement Agreement cannot be measured by a reference to the number of hours expended by Houlihan Lokey's professionals.

11.      The Committee and Houlihan Lokey negotiated the Fee and Expense Structure to function as an interrelated, integrated unit corresponding to Houlihan Lokey's overall services.  It would be contrary to the intention of Houlihan Lokey and the Committee for any isolated component of the Fee and Expense Structure to be treated as sufficient consideration for any isolated portion of Houlihan Lokey's services.  Instead, the Committee and Houlihan Lokey intend

that Houlihan Lokey's services be considered as a whole for which Houlihan Lokey is to be compensated by the Fee and Expense Structure in its entirety.

12.     In light of the foregoing and given the numerous issues that Houlihan Lokey may be required to address in the performance of its services pursuant to the Engagement Agreement, Houlihan Lokey's commitment to the variable level of time and effort necessary to address all such issues as they arise, and the market prices for Houlihan Lokey's services for both in court and out of court engagements of this nature, the Committee believes that the Fee and Expense Structure is fair and reasonable and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

## Record Keeping and Applications for Compensation

13.     It is not the general practice of investment banking firms, including Houlihan Lokey, to keep detailed time records similar to those customarily kept by attorneys and required by the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*.   Because Houlihan Lokey does not ordinarily maintain contemporaneous time records in one-tenth hour (0.10) increments or provide or conform to a schedule of hourly rates for professional services, the Committee requests that Houlihan Lokey be excused from compliance with such requirements and instead should only be required to maintain time records in half-hour (0.50) increments setting forth, in a summary format, a reasonably detailed description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Committee. In addition, the Committee respectfully requests that Houlihan Lokey's non-financial restructuring professionals and personnel (including traditional investment banking and capital markets professionals) not be required to maintain any time records.

14.     Houlihan Lokey will also maintain reasonably detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned services.

15.     Houlihan Lokey's applications for compensation and expense reimbursement will be paid by the Debtors pursuant to the terms of the Engagement Agreement and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures established by the Court.

### Houlihan Lokey's Disinterestedness

16.     To the best of the Committee's knowledge and belief and except to the extent disclosed herein and in the Burian Declaration, Houlihan Lokey: (i)  is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; and (ii) does not represent any other entity having a material adverse interest in connection with these chapter 11 cases.

17.     As set forth in further detail in the Burian Declaration, Houlihan Lokey has certain connections with creditors and other parties in interest in these chapter 11 cases.  The Committee and Houlihan Lokey do not believe that any of these connections constitute an interest materially adverse to the interest of the estate or of any class of creditors or equity holders in these chapter 11 cases.

18.     To the extent Houlihan Lokey discovers any material facts bearing on the matters described herein during the period of Houlihan Lokey's retention, Houlihan Lokey has undertaken to amend and supplement the information contained in this Application and the Burian Declaration to disclose such facts.

19.     It is my understanding that Houlihan Lokey is engaged as an investment banker to Babel Holding Limited, an affiliate of Moonalpha Financial Services Limited ("**Moonalpha**"), an Interested Party.  No Houlihan Lokey employee on that engagement will have direct involvement

with dealings relating solely to Moonalpha and, if necessary, BRG Capital Advisors, LLC will primarily advise the Committee concerning issues relating to Moonalpha.

20.    Prior to the Petition Date, Houlihan Lokey provided investment banking and financial advisory services jointly to the Ad Hoc Groups, separate ad hoc groups of creditors represented by Proskauer LLP and Kirkland & Ellis LLP.  The Ad Hoc Groups were aware of, and consented to, Houlihan Lokey providing investment banking and financial advisory services to the Ad Hoc Groups on a joint basis.  Houlihan Lokey did not have an executed engagement letter with the Ad Hoc Groups in connection with the foregoing nor did the Debtors execute a fee payment letter or other similar agreement; however, the Debtors paid Houlihan Lokey $300,000 in fees and $0 in expense reimbursements on account of investment banking and financial advisory services rendered in connection with the negotiation of the Term Sheet.  The Ad Hoc Groups consented to Houlihan Lokey terminating its prior engagement and representing the Committee in these chapter 11 cases.  As of the Petition Date, Houlihan Lokey possesses no claims against or interests in any of the Debtors. To the extent any claim could be asserted pursuant to Houlihan Lokey's prepetition work in connection with the Term Sheet, those claims have been waived. Houlihan Lokey's prior engagement and representation does not preclude it from meeting the standard for employment under section 1103 of the Bankruptcy Code.

21.    As set forth in the Burian Declaration, Houlihan Lokey has not shared or agreed to share any of its compensation from the Debtors with any other person, other than as permitted by section 504 of the Bankruptcy Code.  If any such agreement is entered into, Houlihan Lokey has undertaken to amend and supplement the information contained in this Application and the Burian Declaration to disclose the terms of any such agreement.

22.     No promises have been received by Houlihan Lokey, or by any professionals engaged hereunder, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

**Indemnification Provisions**

23.     Among other things, the Engagement Agreement provides that the Debtors shall indemnify Houlihan Lokey and the other HL Parties (as defined in the Engagement Agreement) against any and all losses, claims, damages, or liabilities to which the HL Parties may become subject in connection with the Engagement Agreement, except to the extent such losses are finally judicially determined to have resulted primarily from such HL Party's gross negligence or willful misconduct.   While the Engagement Agreement contains standard indemnity and exculpation provisions, the Proposed Order includes the language that has been used in most other cases in the United States Bankruptcy Court for the Southern District of New York that provides for, among other things, Court review of indemnity claims, if any.

24.     The Committee and Houlihan Lokey believe that the indemnification, contribution, reimbursement, and other related provisions contained in the Engagement Agreement are customary and reasonable for investment banking engagements, both in and out of court, and, as modified by the Proposed Order, reflect the qualifications and limitations on indemnification provisions that are customary in this district and other jurisdictions.

25.     The terms and conditions of the Engagement Agreement, including these provisions, were negotiated by the Committee and Houlihan Lokey at arm's length and in good faith.   The Committee respectfully submits that such provisions, viewed in conjunction with the other terms of Houlihan Lokey's proposed retention, are reasonable and in the best interests of the Debtors, their estates and creditors in light of the fact that the Committee requires Houlihan Lokey's services in these chapter 11 cases.

**Basis for Relief**

26.      The Committee seeks authority to employ and retain Houlihan Lokey as its investment banker pursuant to section 1103(a) of the Bankruptcy Code, which provides, in relevant part, that the Committee, with the Court's approval, "may select and authorize the employment . . . of one or more attorneys, accountants, or other agents, to represent or perform services" for the Committee.  11 U.S.C. § 1103(a).

27.      In addition, the Committee seeks approval of the Engagement Agreement (including the Fee and Expense Structure and the indemnification, contribution, reimbursement and other related provisions) pursuant to section 328(a) of the Bankruptcy Code, which provides, in relevant part, that the Committee "with the court's approval, may employ or authorize the employment of a professional person under section . . . 1103. . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Section 328 of the Bankruptcy Code permits the compensation of professionals, including financial advisors and investment bankers, on more flexible terms that reflect the nature of their services and market conditions.  As the United States Court of Appeals for the Fifth Circuit recognized in *Donaldson Lufkin & Jenrette Sec. Corp. v. Nat'l Gypsum Co. (In re Nat'l Gypsum Co.)*, 123 F.3d 861 (5th Cir. 1997):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done.  That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc.  Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

*Id.* at 862 (citations omitted), *cited in Riker, Danzig, Scherer, Hyland & Peretti LLP v. Official Comm. of Unsecured Creditors (In re Smart World Techs. LLC)*, 383 B.R. 869, 874 (S.D.N.Y. 2008).

28.     The Engagement Agreement appropriately reflects (i) the nature and scope of services to be provided by Houlihan Lokey, (ii) Houlihan Lokey's substantial experience with respect to investment banking services, and (iii) the Fee and Expense Structures typically utilized by Houlihan Lokey and other leading investment bankers.

29.     Similar fixed and contingency fee arrangements have been approved and implemented by courts in other large chapter 11 cases.  *See, e.g.*, *In re Arcapita Bank B.S.C.*, Case No. 14-01849 (Bankr. S.D.N.Y. March 17, 2014); *In re Buffets Holdings, Inc.*, Case No. 12-10238 (Bankr. D. Del. Jan. 18, 2012); and *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 15, 2008).  Accordingly, the Committee believes that Houlihan Lokey's retention on the terms and conditions proposed herein is appropriate.

## Notice

Notice of this Application has been provided to: (a) the Debtors; (b) the United States Trustee; (c) those creditors holding the fifty (50) largest unsecured claims against Debtors' estates (on a consolidated basis); (d) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1.  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

30.     No prior application for the relief requested herein has been made to this or any other court.

## Conclusion

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A** (i) granting the relief sought herein and (ii) granting such other and further relief as the Court may deem proper.

*[Remainder of page intentionally left blank]*

Dated:    March 16, 2023

*/s/ Gregory F. Pesce*

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  cshore@whitecase.com
        philip.abelson@whitecase.com
        david.turetsky@whitecase.com
        michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee
of Unsecured Creditors*