Hearing Date: March 30, 2023, at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline: March 23, 2023, at 4:00 p.m. (prevailing Eastern Time)

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email:  cshore@whitecase.com
         philip.abelson@whitecase.com
         david.turetsky@whitecase.com
         michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile: (312) 881-5450
Email:  gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
KROLL RESTRUCTURING ADMINISTRATION LLC AS NOTICING AND
INFORMATION AGENT EFFECTIVE AS OF FEBRUARY 22, 2023**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PLEASE TAKE NOTICE** that a hearing on *The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Noticing and Information Agent Effective as of February 22, 2023* (the "**Application**") will be held on **March 30, 2023, at 11:00 a.m. (prevailing Eastern Time)** (the "**Hearing**"). In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for both telephonic and video appearances. Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl no later than 4:00 p.m. (Eastern Time), one business day prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44]; (c) be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **March 23, 2023, at 4:00 p.m., prevailing Eastern Time**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in

2

possession (the "**Debtors**") at https://restructuring.ra.kroll.com/genesis and (ii) any person or entity with a particularized interest in the subject matter of the Application.

**PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in entry of a final order granting the Application as requested by the Committee.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017. You may also obtain copies of the Application and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

[*Remainder of page left intentionally blank*]

| | |
|---|---|
| Dated: March 16, 2023<br>New York, New York | */s/ Gregory F. Pesce*<br>**WHITE & CASE LLP**<br>J. Christopher Shore<br>Philip Abelson<br>David Turetsky<br>Michele J. Meises<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>Email: cshore@whitecase.com<br>philip.abelson@whitecase.com<br>david.turetsky@whitecase.com<br>michele.meises@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile: (312) 881-5450<br>Email: gregory.pesce@whitecase.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:   cshore@whitecase.com
         philip.abelson@whitecase.com
         david.turetsky@whitecase.com
         michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:   gregory.pesce@whitecase.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS NOTICING AND <u>INFORMATION AGENT EFFECTIVE AS OF FEBRUARY 22, 2023</u>**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases submits this application (the "**Application**") for the entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Committee to employ and retain Kroll Restructuring Administration LLC ("**Kroll**")[2] as its Information Agent[3] effective as of February 22, 2023. In support of this Application, the Committee relies upon and incorporates by reference the *Declaration of Benjamin J. Steele in Support of The Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Noticing and Information Agent Effective as of February 22, 2023* (the "**Steele Declaration**"), attached hereto as **Exhibit B**. In further support of the Application, the Committee respectfully states as follows:

**Relief Requested**

1. By this Application, pursuant to sections 105(a), 1102(b)(3), and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Committee seeks authority to retain and employ Kroll as its Information Agent in connection with the chapter 11 cases and all related matters, effective as of February 22, 2023, in accordance with the terms, and subject to the conditions of that certain engagement letter, dated as of February 22, 2023, attached to the Steele Declaration as **Exhibit 1** (the "**Engagement Letter**").

---

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

[3] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such term in *The Official Committee of Unsecured Creditors' Motion for Entry Of An Order Clarifying The Requirement to Provide Access To Confidential or Privileged Information And Approving A Protocol Regarding Creditor Requests For Information* [Docket No. 111] (the "**Information Motion**").

2

**Jurisdiction, Venue and Predicates for Relief**

2.   The United States Bankruptcy Court (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).  The Committee confirms its consent to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

3.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.   The predicates for the relief requested by this Application are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

**Background**

5.   On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "**Petition Date**").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 37].  No trustee or examiner has been appointed in the chapter 11 cases.  On February 3, 2023, an official committee of unsecured creditors (the "**Committee**") was appointed in these cases [Docket No. 55].

6.   On February 22, 2023, the Committee voted to retain Kroll as its Information Agent, subject to Bankruptcy Court approval.

3

**Retention of Kroll**

    A.  **Scope of Services**

    7.      Kroll's retention is appropriate and necessary to assist the Committee in complying with its obligations under section 1102(b)(3) of the Bankruptcy Code and to assist in the efficient administration of the chapter 11 cases while minimizing the expense of such functions. Specifically, Kroll will, among other things:

    a) host and maintain certain Information Platforms including, but not limited to, a website which will, among other things, provide access to Committee press releases, key dates and deadlines in these chapter 11 cases, and links to other websites (e.g., the Debtors' claims and noticing agent's website, the website for the United States Trustee, the Court's website, and the Committee's Twitter account);

    b) provide notice to the Committee and its members of certain court filings or notices filed on the docket;

    c) prepare and serve required notices and pleadings on behalf of the Committee in accordance with the Bankruptcy Code and Bankruptcy Rules in the form and manner directed by the Committee and/or the Court;

    d) respond, through chats and e-mail correspondence (but not calls), to inquiries from creditors in connection with the chapter 11 cases; and

    e) take direction from the Committee or its representatives with respect to further services.

    8.      As described in the Information Motion, the Debtors' creditors and the general public alike have a heightened interest in the conduct and outcome of these chapter 11 cases. As the fiduciary for all unsecured creditors in these cases, the Committee and its professionals take seriously their obligation under the Bankruptcy Code to ensure that creditors have access to clear information, including, but not limited to: (1) the status of, and key developments in, these cases; (2) how to file proofs of claim; and (3) designated points of contact and appropriate avenues for creditors to raise and discuss specific concerns.

    9.      To that end, the Committee has sought in the Information Motion authority to

establish and implement a protocol that will enable the Committee to satisfy its obligation to ensure that all of the Debtors' unsecured creditors have access to the information to which they are entitled, while at the same time protecting the confidentiality of information received from the Debtors and non-debtor parties as necessary to facilitate these chapter 11 cases. The Information Platforms will be used to make non-confidential and non-privileged information available and easily accessible to the Debtors' creditors.

10. Specifically, the Information Platforms will provide, among other things, the following:

(a) general information regarding the chapter 11 cases, including the Petition Date and case number;

(b) contact information for the Committee, the Committee Professionals, the Debtors, and the Debtors' professional advisors;

(c) a case calendar of significant events in the chapter 11 cases, as well as relevant deadlines, including the voting deadline in connection with any chapter 11 plan of reorganization filed in the chapter 11 cases and the deadline to file proofs of claims;

(d) responses to frequently asked questions;

(e) select court filings and other documents that the Committee deems to be of particular interest to unsecured creditors;

(f) forms and instructions for filling out proofs of claim as well as relevant related deadlines;

(g) access to an email address maintained by Kroll to the extent creditors would like additional information or to discuss specific concerns;

(h) information regarding town hall meetings hosted by Committee professionals;

(i) information concerning the process for claims resolution;

(j) the Debtors' monthly operating reports;

(k) press releases, if any, issued by the Committee; and

(l) links to other relevant websites (e.g., the Debtors' corporate website, the Debtors' claims and noticing agent's website, the website of the U.S. Trustee, and the Court website).

11. Courts in this and other districts have approved the retention of third parties to provide similar services to official committees of unsecured creditors. *See, e.g.*, *In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 15, 2022) [Docket No. 433]; *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. D. Del. Aug. 11, 2022) [Docket No. 626]; *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Dec. 22, 2020) [Docket No. 691]; *In re Global Eagle Entertainment Inc.*, No. 20-11835 (JTD) (Bankr. D. Del. Oct. 5, 2020) [Docket No. 448]; *In re The Hertz Corporation*, No. 20-11218 (MFW) (Bankr. D. Del. Dec. 11, 2020) [Docket No. 2064]; *In re Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y. Dec. 23, 2019) [Docket No. 699]; *In re EXCO Resources Inc.*, No. 18-30155 (MI) (Bankr. S.D. Tex. March 28, 2018) [Docket No. 557]; *In re FirstEnergy Solutions, Inc.*, No. 18-50757 (AMK) (Bankr. N.D. Ohio June 12, 2018) [Docket No. 727]; *In re Toys "R" Us, Inc.*, No. 17-3466 (KLP) (Bankr. E.D. Va. Dec 27, 2017) [Docket No. 1375]; *In re Westinghouse Electric Co. LLC*, No. 17-10751 (MEW) (Bankr. S.D.N.Y. July 18, 2017) [Docket No. 934].

12. The Committee believes that Kroll possesses extensive skill and experience in the areas necessary to provide these services to the Committee. Kroll is extremely experienced in acting as an Information Agent for debtors and creditors, including cases such as: *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. D. Del. Aug. 11, 2022) [Docket No. 626]; *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Oct. 15, 2021) [Docket No. 305]; *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Dec. 22, 2020) [Docket No. 691]; *In re Global Eagle Entertainment Inc.*, No. 20-11835 (JTD) (Bankr. D. Del. Oct. 5, 2020) [Docket No. 448]; *In re LATAM Airlines Group S.A.,* No. 20-11254 (JLG) (Bankr. S.D.N.Y. Aug. 23, 2021) [Docket No. 2994]; *In re The Hertz Corporation*, No. 20-11218 (MFW) (Bankr. D. Del. Dec. 11, 2020) [Docket No. 2064]; and *In re LSC Communications, Inc.*, No. 20-10950 (SHL) (Bankr. S.D.N.Y. June 5,

2020) [Docket No. 328].

13.     Because of the nature of the services that may be necessary in the chapter 11 cases, and the fact that the full nature and extent of such services are not known at this time, the Committee believes that the employment of Kroll to provide the services described above and such other services as may be necessary for the Committee to satisfy its obligations to the Debtors' unsecured creditor constituency is appropriate and in the best interests of the Debtors, their creditors, and their estates.

### B.  Professional Compensation

14.     Kroll specializes in, among other things, providing noticing services in complex bankruptcy cases.  Kroll seeks to be compensated by the Debtors' estates for its services rendered on behalf of the Committee in these chapter 11 cases in accordance with the provision of the Engagement Letter.  The Committee ultimately determined that Kroll's proposed pricing was fair and reasonable and the best option to the Committee in light of the Committee's needs.

15.     Kroll's rate structure in connection with these chapter 11 cases is set forth in the Engagement Letter.  As provided therein, Kroll will extend to the Committee the same discounts provided to the Debtors in these chapter 11 cases.  The Committee respectfully requests that the fees and expenses incurred by Kroll pursuant to the Engagement Letter be treated in accordance with the procedures set forth in the Claims and Noticing Agent Order.

### C.  Disinterestedness of Kroll

16.     Although the Committee is not seeking to employ Kroll pursuant to section 327 of the Bankruptcy Code, it has asked Kroll to review its electronic database to determine whether it has any relationships with the creditors and parties-in-interest in these cases.  To the best of the Committee's knowledge, information, and belief, and except as disclosed in the Steele Declaration,

Kroll has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed. The Committee notes that Kroll is already retained as noticing and claims agent in these Cases. *See* Claims and Noticing Agent Order. The services to be provided by Kroll in its capacity as Information Agent to the Committee are akin to services provided by claims and noticing agents. Because, under 28 U.S.C. § 156(c), a claims and noticing agent is serving as an agent of the court, the Committee does not believe Kroll's existing roles in these Cases prevent it from being the Committee's Information Agent. Courts in this and other jurisdictions have approved the retention and employment of Kroll as information agent in cases where it serves as claims and noticing agent and administrative advisor. *See, e.g.*, *In re TPC Group Inc.*, No. 22-10493 (CTG) (Bankr. D. Del. Aug. 11, 2022) [Docket No. 626]; *In re GBG USA Inc.*, No. 21-11369 (MEW) (Bankr. S.D.N.Y. Oct. 15, 2021) [Docket No. 305]; *In re Fieldwood Energy LLC*, No. 20-33948 (MI) (Bankr. S.D. Tex. Dec. 22, 2020) [Docket No. 691]; *In re Global Eagle Entertainment Inc.*, No. 20-11835 (JTD) (Bankr. D. Del. Oct. 5, 2020) [Docket No. 448]; *In re LATAM Airlines Group S.A.,* No. 20-11254 (JLG) (Bankr. S.D.N.Y. Aug. 23, 2021) [Docket No. 2994]; *In re The Hertz Corporation*, No. 20-11218 (MFW) (Bankr. D. Del. Dec. 11, 2020) [Docket No. 2064]; and *In re LSC Communications, Inc.*, No. 20-10950 (SHL) (Bankr. S.D.N.Y. June 5, 2020) [Docket No. 328].

17.    Kroll the agent for the Official Committee of Unsecured Creditors (the "**Celsius Committee**") of Celsius Network LLC, LLC and its debtor affiliates (the "**Celsius Debtors**") in Celsius in the cases styled as *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y.) ("**Celsius**"). Kroll is also the debtors' claims and noticing agent for FTX Trading Ltd. and certain of its affiliates (collectively, the "**FTX Debtors**") in the cases styled as *In re FTX Trading Ltd.* Case No. 22-11068 (JTD) (Bankr. D. Del.) (collectively, the "**FTX Chapter 11**

8

**Cases**") as well as for BlockFi Inc. and certain of ist affiliates (collectively, "**BlockFi**"), in the cases styled *In re BlockFi Inc.*, Case No. 22-19361 (MBK). To the best of the Committee's knowledge, information, and belief, and except as disclosed in the Steele Declaration, Kroll has represented that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed. Kroll's engagement as claims and noticing agent in these cases does not preclude it from meeting the standard for employment as the agent to the Committee under the Bankruptcy Code.

### Basis for Relief Effective as of February 22, 2023

18.   Subject to the Court's approval, Kroll will render information and noticing services to the Committee, which is a section 1102(a) committee, thereby enabling the Committee to comply with its obligations under Bankruptcy Code section 1102(b)(3). Section 1103(a) of the Bankruptcy Code provides that a creditors' committee "may select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee." 11 U.S.C. § 1103(a). Section 1102(b)(3) provides that:

> (3) A committee appointed under subsection [1102](a) shall—
>
> (A) provide access to information for creditors who—
>
> (i) hold claims of the kind represented by that committee; and
>
> (ii) are not appointed to the committee;
>
> (B) solicit and receive comments from the creditors described in subparagraph (A); and
>
> (C) be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3).

19.   The Committee believes that the engagement of Kroll effective as of February 22,

9

2023 is warranted under the circumstances to allow the Committee to comply with these statutory duties in an efficient and cost-saving manner. Without Kroll's retention, the Committee's other professionals would be required to perform the informational and solicitation services required under Bankruptcy Code section 1102(b)(3). Since the functions served by Kroll are administrative in nature, the Committee believes there will be a significant cost savings, ultimately inuring to the benefit of the Debtors' estates and their creditors, from eliminating the administrative burden on counsel to the Committee of serving pleadings filed by the Committee.

## Motion Practice

20. This Application includes citations to the applicable rules and statutory authorities upon which the relief herein is predicated and a discussion of their application to this Application. Accordingly, the Committee submits that this Application satisfies Local Rule 9013-1(a).

## Notice

21. Notice of this Application has been provided to: (a) the Debtors; (b) the United States Trustee; (c) those creditors holding the fifty (50) largest unsecured claims against Debtors' estates (on a consolidated basis); (d) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Reservation of Rights

22. The Committee reserves all of its rights to supplement or amend this Application, and to present evidence at the Hearing.

10

## Conclusion

23.    WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court enter an Order granting the relief requested in this Application in the form of the Proposed Order, and such other and further relief as is just and proper.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated:   March 16, 2023<br>              New York, New York | */s/ Gregory F. Pesce*<br>**WHITE & CASE LLP**<br>J. Christopher Shore<br>Philip Abelson<br>David Turetsky<br>Michele J. Meises<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>Email:  cshore@whitecase.com<br>           philip.abelson@whitecase.com<br>           david.turetsky@whitecase.com<br>           michele.meises@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Facsimile:  (312) 881-5450<br>Email:  gregory.pesce@whitecase.com<br><br>*Proposed Counsel to the Official Committee of Unsecured Creditors* |