Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION TO SHORTEN NOTICE TO CONSIDER
DEBTORS' MOTION SEEKING ENTRY OF AN ORDER (I) APPROVING THE
BIDDING PROCEDURES AND RELATED DEADLINES, (II) SCHEDULING
HEARINGS AND OBJECTION DEADLINES WITH RESPECT TO THE
DEBTORS' SALE, AND (III) GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), hereby submit this motion (the "Motion to Shorten"), for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1 and 9077-1 of the Local Rules of the Bankruptcy Court for the Southern District of New

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

York (the "Local Rules"), shortening the notice period to consider the *Debtors' Motion Seeking an Order (I) Approving the Bidding Procedures and Related Deadlines, (II) Scheduling Hearings and Objection Deadline with Respect to the Debtors' Sale, and (III) Granting Related Relief* (the "Bidding Procedures Motion")[2], filed contemporaneously herewith. In support of this Motion to Shorten, the Debtors rely upon the *Affidavit of Jane VanLare in Support of Filing the Debtors' Motion to Shorten Notice to Consider Debtors' Motion Seeking an Order (I) Approving the Bidding Procedures and Related Deadlines, (II) Scheduling Hearings and Objection Deadline with Respect to the Debtors' Sale, and (II) Granting Related Relief* attached hereto as Exhibit B (the "Declaration"), which is incorporated herein by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1.

## BACKGROUND

2. Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Bidding Procedures Motion.

- 2 -

Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT, and both Holdco and GGT are 100% wholly owned by Digital Currency Group, Inc. ("DCG"). Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the First Day Declarations.

3. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

4. Over the past several months, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups and DCG to explore strategic solutions. On February 10, 2023, the Debtors filed the Restructuring Term Sheet, which reflects an agreement in principle with DCG and certain GGC creditors. On February 10, 2023, the Debtors filed the Restructuring Term Sheet, which reflects an agreement in principle with DCG and an ad hoc group of certain GGC creditors holding or representing over $2 billion in claims. The Restructuring Term Sheet contemplates, among other things, a dual path "toggle structure" whereby the Debtors will engage in a marketing and sale process to monetize GGT (a non-debtor that is wholly owned by DCG), Holdco (a Debtor that is wholly owned by DCG) and Holdco's subsidiaries (including Debtors and non-Debtors that are indirectly owned by DCG) and their respective assets, comprising the Company's business (the "Genesis Platform"). The sale will be

effectuated pursuant to a chapter 11 plan and the proceeds will be used to pay the Debtors' creditors on a pro rata basis in accordance with the allocated value of the transactions. Simultaneously, the Debtors will pursue confirmation of the *Joint Chapter 11 Plan* (as it may be further amended, supplemented, or modified from time to time, the "Plan") pursuant to which any unsold Assets may be restructured through an Equitization or Wind-Down.

5.  By the Bidding Procedures Motion, the Debtors seek to establish formal Bidding Procedures to set the guidelines for the Sale. The Debtors have determined, in their business judgment and in consultation with the Required Consenting GGC Creditors, the Ad Hoc Group Advisors and the Committee (collectively, the "Consultation Parties") and with the consent of DCG, as it relates to GGT, that the Bidding Procedures represent the best path forward to effectuate an efficient Sale process that maximizes recoveries to creditors of the Debtors. These Bidding Procedures are designed to allow Potential Bidders (as defined in the Bidding Procedures) adequate time to review the data room and submit bids, as well as adequate time for the Debtors to evaluate the bids. Further, these Bidding Procedures will minimize time and expense in these Chapter 11 Cases by providing the Debtors substantial flexibility with respect to the structure of any Sale and allowing the Debtors to toggle between the dual paths contemplated by the Restructuring Term Sheet.

**RELIEF REQUESTED**

6.  By this Motion to Shorten, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, shortening the notice required to be provided with respect to the hearing to consider the approval of the Bidding Procedures Motion pursuant to Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1. The requested relief will establish certain bidding procedures in connection with the potential sale

of GGT and GGH Assets, as well as establish certain related dates and deadline and approving the manner of notice of the Auction.

7. The Debtors request that the Court shorten the notice period required to consider the Bidding Procedures Motion to fourteen days so as to allow the hearing to consider the relief requested in the Bidding Procedures Motion to take place on Thursday, March 30, 2023. The Debtors further request that any party that wishes to file an objection to the Bidding Procedures Motion will have until Thursday, March 23, 2023 at 4:00 p.m. (prevailing Eastern Time) to do so and that, to the extent that any objections are filed, the Debtors will have until Tuesday, March 28, 2023 at 4:00 p.m. (prevailing Eastern Time) to reply.

## BASIS FOR RELIEF

8. Bankruptcy Rule 9006(c)(1) and Rule 9006-1 of the Local Rules authorizes the Court, for cause shown, to reduce the notice period required for a hearing to consider approval of the Bidding Procedures Motion. Fed. R. Bankr. P. 9006(c)(1); Local Bankr. R. 9006-1. The Debtors submit there is ample cause to reduce the notice period.

9. As set forth more fully in the Bidding Procedures Motion, the Debtors have determined, in their business judgment and in consultation with the Consultation Parties and consent of DCG, as it relates to GGT, that the Bidding Procedures represent the best path forward to effectuate an efficient Sale process that maximizes recoveries to creditors of the Debtors. The Bidding Procedures will minimize time and expense in these Chapter 11 Cases by providing the Debtors substantial flexibility with respect to the structure of any Sale and allowing the Debtors to toggle between potential Sale and Equitization alternatives. To that end, the Debtors seek the expeditious approval of the Bidding Procedures Motion, in order to begin the marketing and sale processes.

10. By the Bidding Procedures Motion, the Debtors request entry of an order, of an order (a) authorizing and approving the Bidding Procedures, (b) establishing certain dates and deadlines relating to the Sale and scheduling an Auction, if any, (c) approving the manner of the Sale Notice, and (d) granting related relief. For the reasons set forth in the Bidding Procedures Motion, the Debtors submit that the Bidding Procedures represent a sound exercise of the Debtors' business judgment and is in the best interest of the Debtors, their estates and all stakeholders in the Chapter 11 Cases.

## NOTICE

11. Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) counsel to the Ad Hoc Group of Genesis Lenders (as defined in the Restructuring Term Sheet); (iii) all creditors holding secured claims against the Debtors' estates; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) counsel to the Committee; and (vii) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

12. No prior motion for the relief requested herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

Dated: March 16, 2023  CLEARY GOTTLIEB STEEN & HAMILTON LLP
New York, New York

/s/ *Jane VanLare*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors
and Debtors-in-Possession*