**Hearing Date and Time: March 30, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: March 23, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' APPLICATION FOR AN ORDER (I) ESTABLISHING
BAR DATES FOR SUBMITTING PROOFS OF CLAIM; (II) APPROVING PROOF
OF CLAIM FORMS, BAR DATE NOTICES, AND MAILING AND PUBLICATION
PROCEDURES; (III) IMPLEMENTING UNIFORM PROCEDURES REGARDING
503(B)(9) CLAIMS; AND (IV) PROVIDING CERTAIN SUPPLEMENTAL RELIEF**

        **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and certain of its debtor affiliates, as debtors and debtors-in-possession in the above captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

        **PLEASE TAKE FURTHER NOTICE** that, on March 16, 2023, the Debtors filed the *Debtors' Application for An Order (I) Establishing Bar Dates for Filing Proofs of Claims; (II)*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*Approving Proof of Claim Forms, Bar Date Notices, and Mailing and Publication Procedures;
(III) Implementing Uniform Procedures Regarding 503(b)(9) Claims; and (IV) Providing Certain
Supplemental Relief* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") to consider
the Application and the relief requested therein will be held before the Honorable Judge Sean H.
Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District
of New York (the "Bankruptcy Court") on **March 30, 2023, at 11:00 A.M. (Prevailing Eastern
Time)**.  The Hearing will only be conducted via Zoom.

**PLEASE TAKE FURTHER NOTICE** copies of the Application can be viewed
and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the
Debtors' noticing and claims agent, Kroll Restructuring Administration, located at 55 East 52nd
Street, 17th Floor, New York, New York 10055, at https://restructuring.ra.kroll.com/genesis or by
calling +1 888-524-5017.  Note that a PACER password is needed to access documents on the
Court's website.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Application
may affect your rights.  Please read the pleadings carefully and, if you have one available, discuss
it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in
the Application, or if you want Court to hear your position on the Application, then you or your
attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the
Court may decide that you do not oppose the relief requested in the Application and may enter an
order granting the relief requested by the Debtors.

Dated:      March 16, 2023
            New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

2

**Hearing Date and Time: March 30, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: March 23, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' APPLICATION FOR AN ORDER (I) ESTABLISHING**
**BAR DATES FOR FILING PROOFS OF CLAIM; (II) APPROVING PROOF**
**OF CLAIM FORMS, BAR DATE NOTICES, AND MAILING AND PUBLICATION**
**PROCEDURES; (III) IMPLEMENTING UNIFORM PROCEDURES REGARDING**
**503(B)(9) CLAIMS; AND (IV) PROVIDING CERTAIN SUPPLEMENTAL RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively,

the "Chapter 11 Cases"), hereby submit this application (the "Application") pursuant to sections

501 and 502(b)(9) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3002

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") and the *United States Bankruptcy Court for the Southern District of New York Procedural Guidelines for Filing Requests for Orders to Set Last Date for Filing Proofs of Claims*, updated as of December 1, 2015 (the "Guidelines"), for entry of an order, substantially in the form attached hereto as Exhibit F (the "Proposed Order"), (i) establishing the general bar date by which certain creditors must submit proofs of claim in these chapter 11 cases; (ii) approving tailored proof of claim forms to be distributed to potential creditors; (iii) approving the forms of notice to be used to inform potential creditors of the Bar Dates (as defined below); (iv) approving mailing and publication procedures with respect to notice of the Bar Dates; and (v) providing certain supplemental relief.  In support of this Application, the Debtors rely upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration") filed January 20, 2023 (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration") filed January 20, 2023 (ECF No. 19), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations")[2] filed January 20, 2023 (ECF No. 28) and incorporated herein by reference, and respectfully state as follows:

## BACKGROUND

1.     Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT")

---

[2]     Capitalized terms not defined herein have the meaning ascribed to them in the First Day Declarations.

provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

2.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

3.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declarations.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are sections 501 and 502 of the Bankruptcy Code, as supplemented by Bankruptcy Rules 2002, 3002 and 3003(c)(3), Local Rule 3003-1 and the Guidelines.

**RELIEF REQUESTED**

5.      By this Application, the Debtors seek entry of an order, substantially in the form of Exhibit F attached hereto (the "Proposed Order"), (i) establishing **May 22, 2023 at 4:00 p.m., Eastern Time**, as the general bar date by which certain creditors must file proofs of claim in the Chapter 11 Cases (the "General Bar Date"); (ii) establishing the bar date by which a proof of claim relating to the Debtors' rejection of executory contracts and unexpired leases must be filed as the later of (a) the General Bar Date, or (b) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty-five days from the entry of such an order by this Court (the "Rejection Bar Date"); (iii) establishing the bar date by which a proof of claim arising from an amendment to the Debtors Schedules (as defined below) must be filed (or, if previously filed, be amended) (the "Amended Schedule Bar Date") as the later of (a) the General Bar Date or (b) thirty-five days after the date that notice of the amendment is served on the affected claimant; (iv) establishing the bar dates by which governmental units, as defined in section 101(27) of the Bankruptcy Code, must file a proof of claim related to any prepetition claim against the Debtors (the "Governmental Bar Date" and, collectively with the General Bar Date, the Rejection Bar Date and the Amended Schedule Bar Date, the "Bar Dates")[3] as **July 18, 2023 at 4:00 p.m., Eastern Time**; (v) approving tailored proof of claim forms to be distributed to creditors; (vi) approving the Debtors' proposed notice of the Bar Dates (the "Bar Date Notice") and the Gemini Bar Date Notice (as defined below); (vii) approving mailing and publication procedures with respect to the Bar Date Notice Package (as defined below); and (viii) providing certain supplemental relief.

---

[3]      For purposes of this Application, the Bar Dates shall not extend to requests for payment of postpetition fees and expenses of professionals retained or sought to be retained by order of the Court in these cases.

**BASIS FOR RELIEF**

**A.  Establishment of Bar Dates**

6.      All parties whose claims are "not scheduled or scheduled as disputed, contingent, or unliquidated" must file a proof of claim by the bar date in order to "be treated as a creditor with respect to such claim for the purposes of voting and distribution."  Fed. R. Bankr. P. 3003(c)(2).  Bankruptcy Rule 3003(c)(3) further provides that "[t]he court shall fix . . . the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).

7.      Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide."  11 U.S.C. § 502(b)(9); *see* Fed. R. Bankr. P. 3002(c)(1) (same).

8.      The Guidelines require that all requests for orders establishing deadlines for filing proofs of claims conform substantially to the standard form of order and notice as set forth in the Guidelines.

9.      The Debtors now seek to establish the Bar Dates to determine what claims may be asserted against the Debtors.  Fixing the Bar Dates will provide certainty to all parties in interest and will enable the Debtors to proceed with timely and effective noticing of the Bar Dates.

*General Bar Date*

10.      As set forth in the Proposed Order, attached hereto as <u>Exhibit F</u>, the Debtors request that any entity ("<u>Entity</u>")[4] that asserts a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors that *arose prior to the Petition Date* (such asserted claim, a "<u>Prepetition Claim</u>"), except those Entities listed in paragraph 13, be required to file a signed

---

[4]      The term "Entity," as used herein, has the meaning ascribed to it in section 101(15) of the Bankruptcy Code.

form evidencing written proof of such Prepetition Claim, substantially in the form of the proof of

claim forms tailored to these cases and attached hereto as <u>Exhibit A</u> (the "<u>Claim Form</u>") or Official

Form No. 410,[5] with any supporting documentation as indicated on the Claim Form (the Claim

Form and supporting documents, together, a "<u>Proof of Claim</u>") so as to be received on or before

the applicable Bar Date (i) electronically at https://restructuring.ra.kroll.com/genesis/EPOC-Index

in accordance with the instructions for filing Proofs of Claim electronically or (ii) by either mail

or delivery by hand, courier or overnight service to Genesis Inc. Claims Processing Center, c/o

Prime Clerk LLC (now known as Kroll Restructuring Administration), 850 3rd Avenue, Suite 412,

Brooklyn, NY 11232 (the "<u>Claims Docketing Center</u>").

11.    The Proposed Order provides that Proofs of Claim submitted by e-mail,

facsimile, telecopy or electronic means other than the Case Website will *not* be accepted, and the

Debtors request that the Court order that all Proofs of Claim be deemed timely submitted only if

actually submitted to the Case Website or actually received by the Claims Docketing Center on or

before the applicable Bar Date.

12.    Except as provided below, the General Bar Date would apply to all Entities

holding Prepetition Claims (whether secured, unsecured priority, or unsecured nonpriority),

including, for the avoidance of doubt and without limitation, the following:

(a)    creditors whose Prepetition Claims arise out of the rejection of executory
contracts or unexpired leases by the Debtors effective prior to the entry
of the Proposed Order;

---

[5]    Official Form No. 410 can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for
the United States Bankruptcy Courts.  The Debtors shall also post the Claim Forms and the Bar Date Notice, along
with instructions for submitting Proofs of Claim on the website established by the Debtors' claims and noticing agent
Kroll Restructuring Administration ("<u>Kroll</u>") for these Chapter 11 Cases: https://restructuring.ra.kroll.com/genesis
(the "<u>Case Website</u>").

(b)    Entities whose Prepetition Claims arise out of the obligations of such Entities under a contract for the provision of liability insurance to a Debtor;

(c)    creditors with contingent claims arising from prepetition agreements or relationships with the Debtors;[6]

(d)    creditors who hold a 503(b)(9) Claim;

(e)    Any Entity whose Prepetition Claim is not listed on the applicable Debtor's Schedule or is listed on the Schedule as "disputed," "contingent," and/or "unliquidated," including any Gemini Lenders with Prepetition Claims for amounts greater than its Gemini Borrowings in the Gemini Earn Program or other Prepetition Claims unrelated to the Gemini Earn Program; and

(f)    Any Entity that believes its Prepetition Claim is improperly listed in the Schedules, including with respect to the Debtor against whom the Prepetition Claim is asserted, the classification of the Prepetition Claim, and/or the amount of the Prepetition Claim.

13.    The Debtors propose that persons or Entities do *not* need to submit a Proof of Claim on account of a Prepetition Claim in these Chapter 11 Cases on or prior to the applicable Bar Date if the Prepetition Claim falls into one of the following categories:

(a)    any Prepetition Claim for which a Proof of Claim has already been filed against one or more of the Debtors and for which no other basis or additional amounts are sought or Prepetition Claims are asserted beyond those listed in the already filed Proof of Claim;

(b)    any Prepetition Claim listed in the Debtors' Schedules (as defined herein), *and* is not designated as "disputed," "contingent," and/or "unliquidated," *and* with respect to which the Entity asserting such Prepetition Claim agrees with the nature, classification, and amount that such Prepetition Claim is identified in the Schedules, *and* with respect to which the Entity asserting such Prepetition Claim agrees that

---

[6]    The Second Circuit has held that "obligations that will become due upon the happening of a future event that was within the actual or presumed contemplation of the parties at the time the original relationship between the parties was created" constitute contingent prepetition claims. *In re Johns-Manville Corp.*, 552 B.R. 221, 233 (Bankr. S.D.N.Y. 2016) (internal quotations omitted) (citing *In re Manville Forest Prod. Corp.*, 209 F.3d 125, 128 (2d Cir. 2000)); *see also In re Chateaugay Corp.*, 53 F.3d 478, 496 (2d Cir. 1995) (explaining that the legislative history and subsequent Supreme Court cases indicate "Congress's intent to invest the term 'claim' with the 'broadest possible' scope so that 'all legal obligations of the debtor…will be able to be dealt with in a bankruptcy case'" (citing *Pa. Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 558 (1990))).

its Prepetition Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim in its Schedules;

(c)   any Prepetition Claim or 503(b)(9) Claim (including any Prepetition Claim listed in the Debtors' Schedules as set forth in paragraph (b) above) that has been previously allowed by, or paid in full pursuant to, an order of this Court;

(d)   any Prepetition Claim by a Debtor against one or more of the other Debtors;

(e)   any intercompany Prepetition Claim by a Holdco subsidiary or Genesis Global Trading, Inc. against one or more Debtors;

(f)   any Prepetition Claim for which specific filing deadlines have been previously fixed by this Court;

(g)   any current or former equity security holder[7] that seeks to assert *only* a proof of interest with respect of the ownership of such equity interests;[8]

(h)   any current employees of the Debtors, if an order of the Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment and retaliation;

(i)   each and all Gemini Lenders (as defined herein) on account of their Prepetition Claims against the Debtors for the repayment of the Gemini Borrowings (as defined herein);

(j)   claims for fees and expenses of professional retained in these proceedings;

(k)   any claim based on indemnification, contribution or reimbursement of a current or former officer, director or employee of any of the Debtors;

(l)   any person or Entity holding a Prepetition Claim solely against a non-Debtor entity; and

(m)   any Prepetition Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense incurred in the ordinary course;

---

[7]   The term "equity security holder," as used herein, has the meaning ascribed to it in section 101(17) of the Bankruptcy Code.

[8]   Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership would be required to file a proof of claim by the General Bar Date.

*provided* that any person or entity asserting a Prepetition Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Prepetition Claims by filing a request for payment or a Proof of Claim on or prior to the General Bar Date.

14.    Any Entity that relies on the Debtors' schedules of assets and liabilities (the "Schedules")[9] for purposes of asserting a Prepetition Claim against the Debtor(s) that have listed such claim on the Schedules has the responsibility of determining that such claim is accurately listed in all respects.

### *The Gemini Master Claim*

15.    Prior to the Petition Date, Debtor Genesis Global Capital, LLC ("GGC") engaged in borrowing activities with certain Gemini Trust Company, LLC ("Gemini") users that elected to provide loans to GGC (the "Gemini Earn Program"). Through the Gemini Earn Program, a subset of Gemini's users (each a "Gemini Lender") agreed to lend certain of their digital assets at Gemini to GGC (the "Gemini Borrowings") in exchange for the return of such digital assets upon request or at the expiration of a specified period and the payment by GGC of a loan fee. Under the terms of the relevant master loan agreements ("Gemini MLA") between GGC, Gemini, and each Gemini Lender, the Gemini Lenders appointed Gemini to act as agent in connection with the Gemini Borrowings. In turn, GGC received and paid interest on the Gemini Lenders' assets and lent the assets to institutional borrowers. As of the Petition Date, there were approximately 340,000 Gemini Lenders.

16.    Given the nature of the Gemini Borrowings and Gemini's appointment as agent for each Gemini Lender under the Gemini MLAs, the Debtors, in consultation with Gemini, request that the Court authorize and direct Gemini to file a single Proof of Claim on behalf of each

---

[9]    The Debtors intend to file their Schedules on or about March 20, 2023.

and all Gemini Lenders on account of all Prepetition Claims for the repayment of the Gemini Borrowings (the "Gemini Master Claim").  The Gemini Master Claim shall be filed by Gemini pursuant to section 501(a) of the Bankruptcy Code on or before the General Bar Date against GGC and/or any other Debtor that Gemini determines may have liability to the Gemini Lenders arising from the Gemini Borrowings.[10]  Any Gemini Lender wishing to assert a Prepetition Claim against the Debtors for amounts greater than the Gemini Lender's Gemini Borrowings in the Gemini Earn Program or other Prepetition Claims unrelated to the Gemini Earn Program, shall be required to file a Proof of Claim with respect to such Prepetition Claim on or before the General Bar Date, unless another exception to the General Bar Date applies.

17.    The Debtors request that the Court authorize the Debtors to serve notice of the Bar Dates by serving notice on Gemini and not the individual Gemini Lenders.  The Debtors also request that the Court authorize and direct Gemini to provide notice of the Bar Dates to the Gemini Lenders by posting on the Gemini Earn Program's website (www.gemini.com/earn), supplemented by two e-mails to each Gemini Lender (each, a "Gemini Bar Date Notice").  The Gemini Bar Date Notice shall contain a link to and/or attachment of the form annexed hereto as Exhibit E and shall provide notice of: (i) the Bar Dates; (ii) Gemini's obligation, as authorized and directed by the Court, to timely file one or more Gemini Master Claim; and (iii) the requirement that any Gemini Lender wishing to assert a Prepetition Claim against the Debtors for amounts greater than the Gemini Lender's Gemini Borrowings in the Gemini Earn Program or other Prepetition Claims unrelated to the Gemini Earn Program, shall be required to file a Proof of Claim

---

[10]    The Gemini Master Claim shall not include any claims asserted by Gemini in its individual capacity.  To the extent that Gemini determines that the Gemini Master Claim should be filed against more than one Debtor, it will be deemed a separate claim with respect to each Debtor but is referred to herein as a single claim.

with respect to such Prepetition Claim on or before the General Bar Date, unless another exception to the General Bar Date applies. The Debtors request that the Court direct and authorize that Gemini's dissemination of the Gemini Bar Date Notice as provided for herein satisfies both the Debtors' and Gemini's notice requirements with respect to the Gemini Lenders.

18.    The Debtors further request that the Court, given the nature of the Gemini Earn Program, grant a limited waiver of the requirements of Bankruptcy Rule 3001(c) as to the Gemini Master Claim and provide that Gemini shall not be required to publicly disclose underlying Gemini Lender information. Accordingly, the Gemini Master Claim will not include the names or any contact information for the Gemini Lenders, and it will not specify the Gemini Borrowings of any specific Gemini Lender. Gemini has agreed to work with the Debtors to substantiate the Gemini Master Claim and eliminate duplicative claims to the extent they are filed by individual Gemini Lenders.

19.    The Debtors and Gemini believe that the assertion of one or more Gemini Master Claims and notice of the Bar Dates to each Gemini Lender through the Gemini Bar Date Notice would be beneficial for all parties-in-interest, including each Gemini Lender. First, as provided in the Schedules, the Debtors view only a single borrowing profile from Gemini as agent and not any individual borrowing of any individual Gemini Lender. Second, Genesis has historically not communicated with the Gemini Lenders; rather, Gemini has solely communicated with each Gemini Lender through its user platform. Communications regarding the Gemini Earn Program through Gemini's user platform, electronic mail, and social media are efficient and part of its regular course of dealings with the Gemini Lenders. The Debtors do not have firsthand detail regarding the identities of or contact information for the Gemini Lenders nor do they know the individual amounts of the Gemini Borrowings for each Gemini Lender. Third, by having Gemini

submit the Gemini Master Claim, each Gemini Lender can avoid the time and expense of having to file an individual claim related to the Gemini Borrowings, instead relying on Gemini to continue to act as agent for each Gemini Lender. Gemini, likewise, can avoid the time and expense of coordinating with each Gemini Lender to provide it with information necessary to file a claim against the Debtors. Finally, requiring the Debtors to serve notice on approximately 340,000 Gemini Lenders and potentially be required to reconcile each Gemini Lender's claim, without first hand access to individualized information, would result in potential delay and divert significant financial and human resources from the Debtors' efforts to expeditiously exit chapter 11.

*Rejection Bar Date*

20. The Debtors anticipate that certain Entities may assert Prepetition Claims in connection with a Debtor's rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code. The Debtors propose that, for any Prepetition Claim relating to a Debtor's rejection of an executory contract or unexpired lease (a "Rejection Damages Claim") that becomes effective after entry of the Proposed Order, the Rejection Bar Date for such Rejection Damages Claim shall be the later of (i) the General Bar Date and (ii) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty-five days from the date of entry of such an order by this Court.

21. The Debtors request that Entities asserting a Rejection Damages Claim be required to submit a Proof of Claim for payment of any such Rejection Damages Claim substantially in the form of the Claim Forms so as to be received on or before the applicable Rejection Bar Date (i) electronically through the Case Website in accordance with the instructions for submitting Proofs of Claim electronically or (ii) by either mail or delivery by hand, courier, or overnight service to the Claims Docketing Center.

*Amended Schedule Bar Date*

22.     The Debtors propose further that they shall retain their rights to (i) dispute and/or assert offsets or defenses against any filed Prepetition Claim or any Prepetition Claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise; (ii) subsequently designate any Prepetition Claim as disputed, contingent and/or unliquidated and (iii) add claims to the Schedules; *provided, however*, that if the Debtors amend the Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Claim reflected therein and/or add a claim to the Schedules, then the affected claimant shall have until the Amended Schedule Bar Date (*i.e.*, the later of the General Bar Date and thirty-five days after the date that notice of such amendment is served on the affected claimant) to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled Prepetition Claim or added claim.  Notwithstanding the foregoing, nothing set forth herein would preclude the Debtors from objecting to any Prepetition Claim, whether scheduled or filed, on any grounds.

**B.  Effect of Failure to File by Applicable Bar Date**

23.     The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any Entity that is required to file a Proof of Claim pursuant to the Bankruptcy Code, the Bankruptcy Rules or the order approving this Application, but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from asserting a Prepetition Claim or 503(b)(9) Claim against any of the Debtors (and from filing a Proof of Claim for a Prepetition Claim or a 503(b)(9) Claim, as applicable, with respect thereto), and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Prepetition Claim or 503(b)(9) Claim.  Additionally, any holder of a Prepetition Claim or 503(b)(9) Claim who is

required, but fails, to file a Proof of Claim for such Prepetition Claim or 503(b)(9) Claim, as applicable, in accordance with the Proposed Order on or before the applicable Bar Date shall not be permitted to vote to accept or reject any plan or plans or participate in any distribution in the Debtors' Chapter 11 Cases on account of such Prepetition Claim or 503(b)(9) Claim or to receive further notices regarding such Prepetition Claim or 503(b)(9) Claim.

### C. Tailored Claim Forms

24.     The Debtors have prepared the Claim Forms—proof of claim forms tailored to these cases—copies of which are attached hereto as <u>Exhibit A</u>.  The proposed Claim Forms are based on Official Form No. 410.  The substantive modifications to the Official Form proposed by the Debtors include providing additional instructions on both the front and back of the form, requiring holders of Prepetition Claims based on cryptocurrency to list the number of units of cryptocurrency associated with the Claim, in lieu of denominating the Claim in United States dollars, identifying whether the Prepetition Claim relates to the Gemini Borrowings, and the addition of a line for 503(b)(9) Claims.  The Debtors propose to deliver to each creditor whose Prepetition Claim is listed in the Schedules a personalized form that includes the name of the creditor, the identity of the Debtor the Prepetition Claim is scheduled against, the amount and classification of the Prepetition Claim, and whether the Prepetition Claim has been scheduled as contingent, unliquidated or disputed.  The Debtors request that the Court approve the Claim Forms and the substantive modifications to Official Form No. 410 in a form substantially conforming to the Claim Forms.

25.     In accordance with the Proposed Order, the Debtors request that the Court order that each Proof of Claim filed for a Prepetition Claim or a 503(b)(9) Claim, except for a Gemini Master Claim, must: (i) be written in English, (ii) set forth (A) for any Prepetition Claim

based on cryptocurrency, the number and type of units of each cryptocurrency held by the claimant

as of the Petition Date or (B) solely to the extent a Prepetition Claim is not based on cryptocurrency,

the amount of such Prepetition Claim denominated in United States dollars;[11] (iii) conform

substantially with the Claim Forms provided by the Debtors or Official Form No. 410, as

applicable; (iv) be signed by the claimant or by an authorized agent or legal representative of the

claimant; (v) include supporting documentation unless otherwise consented to by the Debtors in

writing (e-mail will suffice); and (vi) with respect to an asserted 503(b)(9) Claim, also comply

with the 503(b)(9) Claims procedures.

### D.  Actual Notice of Bar Dates

> *Actual Notice of General Bar Date, Governmental Bar Date and the Rejection*
> *Bar Date*

26.      Pursuant to Bankruptcy Rule 2002(a)(7), the Debtors propose to provide

actual notice of the General Bar Date and the Rejection Bar Date by mailing (i) a notice of the Bar

Dates (the "Bar Date Notice") substantially in the form attached hereto as Exhibit B; and (ii) the

Claim Form (collectively with the Bar Date Notice, the "Bar Date Notice Package") to the

following potential parties in interest, wherever located, in accordance with the *Order*

*Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case

Management Procedures"):

(a)     the Master Service List (as defined in the Case Management Procedures);

(b)     all known holders of Prepetition Claims or 503(b)(9) Claims listed on the
          Schedules at the addresses stated therein;

(c)     all counterparties to executory contracts and unexpired leases listed on
          the Schedules at the addresses stated therein;

---

[11]       For the avoidance of doubt, all claims for cryptocurrency must clearly indicate (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held (which may be done through the table of cryptocurrency on the proposed Claim Form).

(d)     all taxing authorities for locations in which the Debtors do business;

(e)     all regulatory authorities that regulate the Debtors' businesses;

(f)     the Securities and Exchange Commission;

(g)     all known lienholders;

(h)     all known non-Debtor equity and interest holders of the Debtors as of the date the Proposed Order is entered;

(i)     all current and former employees (to the extent that contact information for former employees is available in the Debtors' records);

(j)     all known parties to litigation in which the Debtors are involved as listed on the Schedules;

(k)     all of the Debtors' ordinary course professionals as of the date of entry of the Proposed Order;

(l)     the Debtors' banks;

(m)     all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the date of entry of the Proposed Order;

(n)     all parties that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of the Proposed Order; and

(o)     all parties included on the creditor matrix filed in these Chapter 11 Cases[12]

(collectively, the "Bar Date Notice Parties").[13]

27.    The Debtors further reserve the right, out of an abundance of caution, to serve the Bar Date Notice on certain Entities not described above with which, prior to the Petition Date, the Debtors had done business or that may have asserted a claim against the Debtors in the recent past, except for the Gemini Lenders who shall only be served in the manner described herein.

---

[12]    As discussed in paragraphs 17-19, the Proposed Order will also authorize and direct Gemini to provide notice of the Bar Dates to the Gemini Lenders in the manner set forth herein.

[13]    The Debtors will make all reasonable commercial efforts to locate current contact information for the Bar Date Notice Parties.

28.    The proposed Bar Date Notice Package includes the proposed Bar Date Notice that notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim for a Prepetition Claim or a 503(b)(9) Claim, as applicable, the procedures for filing a Proof of Claim for a Prepetition Claim or a 503(b)(9) Claim, as applicable, and the consequences of failure to timely file a Proof of Claim for a Prepetition Claim or a 503(b)(9) Claim, as applicable.

29.    The Debtors request that the Court approve the form and use of the Bar Date Notice Package.

### _Actual Notice of Amended Schedule Bar Date, As Necessary_

30.    If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a Prepetition Claim, to change the nature or classification of a Prepetition Claim or to add a claim, the Debtors will provide notice of any such amended or added claim, substantially in the form of Exhibit D attached hereto (the "Notice of Amended Schedules"), to the affected claimant by serving the affected claimant with the Notice of Amended Schedules and a Bar Date Notice Package by e-mail (where available) and via first class mail and thereafter filing with the Court a certificate of such service.  The Notice of Amended Schedules will include information regarding the Amended Schedule Bar Date and how to file a Proof of Claim or amend an existing Proof of Claim.

31.    The Debtors request that the Court approve this method of notice of the Amended Schedule Bar Date.

### E.  Timing of Proposed Notice by Mail

32.    Based upon the number of Entities to whom the Debtors propose to provide notice, the Debtors, pursuant to Bankruptcy Rules 2002(a)(7), (f) and (*l*) and the Guidelines, intend

to mail the Bar Date Notice Package to all known creditors within five business days of the entry

of the Proposed Order.  With the General Bar Date fixed at May 22, 2023 at 4:00 p.m., Eastern

Time, this will provide all potential claimants with approximately forty-five days' notice of such

Bar Dates.  Such notice period is well in excess of the twenty-one day notice period required under

Bankruptcy Rule 2002(a)(7) and the thirty-five day notice period required under the Guidelines

and will provide creditors ample time within which to prepare and file Proofs of Claim for

Prepetition Claims or a 503(b)(9) Claims, as applicable.

<u><em>Supplemental Mailings</em></u>

33.    After the initial mailing occurs as provided for above, the Debtors anticipate

that they may, in their discretion, make supplemental mailings of the Bar Date Notice Package in

a number of situations including in the event that (i) Bar Date Notice Packages are returned by the

post office with forwarding addresses, necessitating a remailing to the new addresses, (ii) certain

parties acting on behalf of parties in interest decline to pass along Bar Date Notice Packages to

such parties and instead return their names and addresses to the Debtors for direct mailing and (iii)

additional potential claimants become known to the Debtors.  For holders of claims receiving such

supplemental mailings, except for entities that are exempt from complying with the applicable Bar

Dates set forth in this Order, the deadline to file Proofs of Claim, if necessary, shall be the later of

(a) the applicable Bar Date, or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is 35 days

from service of the supplemental mailing of the Bar Date Notice Packages (or another time period as may be fixed by the Court).

34.     The Debtors believe that the proposed supplemental mailing of the Bar Date Notice Package will serve to preserve the integrity of the Bar Dates and will permit the claims process to be completed expeditiously and will ease the administrative burden of these cases.

## F.  Assistance of Claims Agent

35.     To facilitate and coordinate the claims reconciliation and bar date notice functions, the Bar Date Notice Package or the Bar Date Notice only, as appropriate, will be mailed by Kroll.  This will ensure that the appropriate parties will receive the Bar Date Notice Package, which will include (i) the Bar Date Notice and (ii) a Claim Form.

36.     To the extent that Kroll requires any assistance with the preparation and mailing, the Debtors request that Kroll be authorized to employ and pay necessary service providers, subject to prior approval from the Debtors, and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services.  The Debtors further request that Kroll be authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice Package.

## G.  Filing Proofs of Claim Against Multiple Debtors

37.     The Debtors propose that all Entities asserting claims against more than one Debtor be required to file a separate Proof of Claim for a Prepetition Claim or a 503(b)(9) Claim, as applicable, with respect to each such Debtor.  If Entities were permitted to assert claims against more than one Debtor in a single Proof of Claim with respect to a Prepetition Claim or a 503(b)(9) Claim, as applicable, Kroll may have difficulty maintaining separate claim registers for each Debtor and all named Debtors would be required to object to a Proof of Claim for a Prepetition

Claim or a 503(b)(9) Claim, as applicable, that may be applicable to only one of the named Debtors.  Likewise, Entities should be required to identify on each Proof of Claim for a Prepetition Claim or a 503(b)(9) Claim, as applicable, the particular Debtor against which their claim is asserted.  Requiring Entities to identify the Debtor against which a claim is asserted will greatly expedite the Debtors' review of Proofs of Claim for Prepetition Claims or a 503(b)(9) Claims in these cases.  This requirement will not be unduly burdensome on claimants because such Entities will know or should know the identity of the Debtor against which they are asserting a claim.  Any claim that fails to identify a Debtor shall be deemed as filed only against Genesis Global Capital, LLC.  If more than one Debtor is listed on the form, the Proof of Claim will be treated as filed only against the first-listed Debtor.

### H.  Publication of Notice

38.    The extensive nature of the Debtors' businesses creates the potential for the existence of claims against the Debtors of which the Debtors are unaware.  Such unknown potential claims may include, for example, claims of former employees, and claims that, for various reasons, are not recorded on the Debtors' books and records.  Accordingly, the Debtors believe that it is necessary to provide notice of the Bar Dates to Entities whose names and addresses are unknown to the Debtors and, in addition, that it is advisable to provide supplemental notice to known holders of claims.  Therefore, pursuant to Bankruptcy Rule 2002(*l*),[14] the Debtors request authority to publish notice of the Bar Dates substantially in the form annexed as <u>Exhibit C</u> hereto (the "<u>Publication Notice</u>") in the [The New York Times and USA Today], as soon as practicable

---

[14]    Bankruptcy Rule 2002(*l*) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

following entry of the Proposed Order, but in any event no later than twenty-eight days prior to the General Bar Date.

39.    The Publication Notice will include an internet website that potential creditors may visit to obtain copies of the Claim Forms and information concerning the procedures for filing Proofs of Claim for a Prepetition Claim or a 503(b)(9) Claim.

40.    The Debtors request that the Court find that the Debtors' proposed procedures regarding the Publication Notice will provide good, adequate and sufficient publication notice of the Bar Dates.

## **NOTICE**

41.    The Debtors have provided notice of this Application in accordance with the procedures set forth in the *Case Management Procedures*.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## **NO PRIOR REQUEST**

42.    No prior request for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left blank intentionally]*

## **CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that

this Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit F</u> and (b) grant

such other and further relief as is just and proper.

Dated:   March 16, 2023
         New York, New York

     */s/ Sean A. O'Neal*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

## **<u>EXHIBIT A</u>**

**Claim Forms**

**United States Bankruptcy Court, Southern District of New York**

| Fill in this information to identify the case (Select only one Debtor per claim form): |
|---|
| ☐  Genesis Global Holdco, LLC (Case No. 23-10063) |
| ☐  Genesis Global Capital, LLC  (Case No. 23-10064) |
| ☐  Genesis Asia Pacific PTE. LTD.  (Case No. 23-10065) |

<u>Modified Official Form 410</u>

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed (January 19, 2023). That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim) _____

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name _____ | Name _____ |
| Number        Street _____ | Number        Street _____ |
| City                State        ZIP Code | City                State        ZIP Code |
| Contact phone _____ | Contact phone _____ |
| Contact email _____ | Contact email _____ |

**4. Does this claim amend one already filed?**

☐ No
☐ Yes.   Claim number on court claims registry (if known) _____    Filed on _____
MM  / DD  / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|---------------------------------------------------------------|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____

**7. How much is the claim?** (Please provide the number of units of cryptocurrency associated with your claim.  If your claim is based on cryptocurrency holdings, you do not need to provide a value for your claim in United States Dollars.  Only provide a United States Dollar value for your claim if your claim is based in United States Dollars.)

    A.   To the extent you assert a claim that is denominated in US Dollars, list the value of the claim in US Dollars as of the date the case was filed (January 19, 2023): $_____ . Does this amount include interest or other charges?

        ☐ No

        ☐ Yes. Attach statement itemizing interest, fees, expenses, or other  charges required by Bankruptcy Rule 3001(c)(2)(A).

    B.   With regard to coins loaned to the Debtors, list the number of each type of coin loaned to the Debtors as of the date the case was filed.

| Coin List | Count | Coin List | Count |
|-----------|-------|-----------|-------|
| 0x (ZRX) | | Livepeer (LPT) | |
| 1inch Network (1INCH) | | Loopring (LRC) | |
| Aave (AAVE) | | Maker (MKR) | |
| Alchemix (ALCX) | | Moonbeam (GLMR) | |
| Algorand (ALGO) | | Multi Collateral Dai (DAI) | |
| Amp (AMP) | | Near (NEAR) | |
| Ankr (ANKR) | | Neo (NEO) | |
| ApeCoin (APE) | | Orchid (OXT) | |
| Axie Infinity (AXS) | | PAX Gold (PAXG) | |
| Balancer (BAL) | | Polkadot (DOT) | |
| Bancor (BNT) | | Polygon (MATIC) | |
| Basic Attention Token (BAT) | | Rally (RLY) | |
| Binance Coin (BNB) | | Ren (REN) | |
| Bitcoin (BTC) | | Ribbon Finance (RBN) | |
| Bitcoin Cash (BCH) | | Serum (SRM) | |
| Bitcoin SV (BSV) | | Shiba Inu (SHIB) | |
| Cardano (ADA) | | SKALE (SKL) | |
| Chainlink (LINK) | | Solana (SOL) | |
| Chiliz (CHZ) | | Stellar (XLM) | |
| Compound (COMP) | | Storj (STORJ) | |
| Cosmos (ATOM) | | SushiSwap (SUSHI) | |
| Curve DAO Token (CRV) | | Synthetix (SNX) | |
| Decentraland (MANA) | | Terra Classic (LUNC) | |
| DogeCoin (DOGE) | | TerraClassicUSD (USTC) | |
| EOS (EOS) | | Tether (USDT) | |

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| Ethereum (ETH) | | Tezos (XTZ) | |
| Ethereum Classic (ETC) | | The Graph (GRT) | |
| EthereumPoW (ETHW) | | The Sandbox (SAND) | |
| Fantom (FTM) | | Tokemak (TOKE) | |
| Fetch.ai (FET) | | Tron (TRX) | |
| Filecoin (FIL) | | UMA (UMA) | |
| Flow (FLOW) | | Uniswap (UNI) | |
| Gemini Dollar (GUSD) | | USD (USD) | |
| Helium (HNT) | | USD Coin (USDC) | |
| Horizen (ZEN) | | Wrapped Bitcoin (WBTC) | |
| Injective (INJ) | | Wrapped Luna (WLUNA) | |
| Kusama (KSM) | | XRP (XRP) | |
| Kyber Network Crystal v2 (KNC) | | Yearn.Finance (YFI) | |
| Litecoin (LTC) | | Zcash (ZEC) | |
| BIT (BitDAO) | | Other (Provide Currency Type & Count) | |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Are you a current or former Gemini Trust Company, LLC user and is your claim related to any loans you made through the Gemini Earn Program?

☐ No
☐ Yes

**9. Is all or part of the claim secured?**

☐ No
☐ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
    ☐ Motor vehicle
    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**      $_____

    **Amount of the claim that is secured:**      $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:**      $_____

    **Annual Interest Rate** (when case was filed) _____%
    ☐ Fixed
    ☐ Variable

| | |
|---|---|
| **10. Is this claim based on a lease?** | ❑ No<br><br>❑ Yes. **Amount necessary to cure any default as of the date of the petition.**    $_____ |
| **11. Is this claim subject to a right of setoff?** | ❑ No<br><br>❑ Yes. Identify the property: _____ |

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ❑ No<br><br>❑ Yes. *Check one:* | **Amount entitled to priority** |
| | ❑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ❑ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ❑ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ❑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ❑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ❑ Other. Specify subsection of 11 U.S.C. § 507(a)(    ) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| | | |
|---|---|---|
| **13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?** | ❑ No<br><br>❑ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.** | $_____ |

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

❑   I am the creditor.

❑   I am the creditor's attorney or authorized agent.

❑   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

❑   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  _____
                   MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

Name        _____
            First name              Middle name              Last name

Title       _____

Company     _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     _____
            Number        Street

            _____
            City                            State      ZIP Code

Contact phone  _____        Email  _____

Modified Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                    12/15

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://restructuring.ra.kroll.com/genesis.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Claim Pursuant to 11 U.S.C. §503(b)(9):** A claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:

**If by first class mail:**

Genesis Global Holdco, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**

Genesis Global Holdco, LLC Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

**You may also file your claim electronically at https://restructuring.ra.kroll.com/genesis via the link entitled "Submit a Claim."**

---

## Do not file these instructions with your form

## EXHIBIT B

**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF DEADLINES FOR SUBMITTING OF PROOFS OF CLAIM
### ((GENERAL CLAIMS BAR DATE:  MAY 22, 2023 AT 4:00 PM (ET)))

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE DEBTOR
ENTITIES LISTED BELOW IN THE ABOVE-CAPTIONED CHAPTER 11 CASES:

**PLEASE TAKE NOTICE THAT ANY ENTITY THAT FILES A PROOF OF
CLAIM IN THESE CHAPTER 11 CASES SHALL BE DEEMED, FOR THE PURPOSES
OF THE PROOF OF CLAIM AND POSSIBLY RELATED MATTERS, TO HAVE
SUBMITTED TO THE JURISDICTION OF THE UNITED STATES BANKRUPTCY
COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.  ANY ENTITY WHO IS
REQUIRED TO TIMELY FILE A PROOF OF CLAIM AS SET FORTH IN THIS
NOTICE BUT FAILS TO DO SO WILL BE (A) FOREVER BARRED, ESTOPPED AND
ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS
AND (B) FOREVER BARRED FROM VOTING TO ACCEPT OR REJECT ANY PLAN
OR PLANS OR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS'
CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS.**

On _____, 2023, the United States Bankruptcy Court for the Southern
District of New York entered an order (ECF No. ___ ) (the "Bar Date Order") in the above-
captioned jointly-administered chapter 11 Cases of Genesis Global Holdco, LLC and certain of
its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), establishing **May
22, 2023 at 4:00 p.m., Eastern Time** (the "General Bar Date") as the last date for each person or
entity[2] (including individuals, partnerships, corporations, joint ventures and trusts) to submit a
Proof of Claim against any of the Debtors listed below:

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park
Avenue South, 5th Floor, New York, NY 10003.

[2]     As used herein, the term "person" has the meaning given to it in section 101(41) of title 11 of the United
States Code (the "Bankruptcy Code"), and the term "entity" has the meaning given to it in section 101(15) of the
Bankruptcy Code.

| Debtor | Case Number | Last Four Digits of Each Debtor's Tax Identification Number (as applicable) | Date of Commencement of Chapter 11 Case |
|---|---|---|---|
| Genesis Global Holdco, LLC | 23-10063 | 8219 | January 19, 2023 |
| Genesis Global Capital, LLC | 23-10064 | 8564 | January 19, 2023 |
| Genesis Asia Pacific Pte. Ltd. | 23-10065 | 2164R | January 19, 2023 |

The General Bar Date, the other deadlines established by the Bar Date Order and the procedures set forth below for submitting Proofs of Claim (as defined below) apply to all claims against the Debtors that arose prior to **January 19, 2023**, the date on which each Debtor commenced a case (as applicable to each Debtor, the "Petition Date") under the Bankruptcy Code, including parties asserting 503(b)(9) Claims (defined below), except for those holders of claims listed in Section 4 below that are specifically excluded from the General Bar Date submission requirements established by the Bar Date Order. Governmental units[3] have until **July 18, 2023 at 4:00 p.m., Eastern Time** (the date that is the first business day following 180 days after the Petition Date) (the "Governmental Bar Date") to submit Proofs of Claim.

## 1.     WHO MUST SUBMIT A PROOF OF CLAIM

You MUST submit a Claim Form (defined below) and any required supporting documentation indicated thereon (together, a "Proof of Claim") to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to the Petition Date (any such claim, a "Prepetition Claim"), and it is not one of the types of claim described in Section 3 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the General Bar Date (or, if applicable, one of the other deadlines described below), even if such claims are not fixed, liquidated or certain as of the applicable deadline or did not mature or become fixed, liquidated or certain before the Petition Date.

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases (collectively, the "Bar Dates"):

(a)    **General Bar Date:** Pursuant to the Bar Date Order and except as otherwise described in this Notice, all entities that hold a claim against any of the Debtors that arose prior to the Petition Date (whether secured, unsecured priority, or unsecured nonpriority) shall file a proof of claim as described in this Notice by **May 22, 2023 at 4:00 p.m., Eastern Time**. For the avoidance of doubt and without limitation, the General Bar Date applies to claims asserted against the Debtors pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim").

---

[3]     As used herein, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

(b)     **Rejection Bar Date**:  Pursuant to the Bar Date Order, any person or entity that has a Prepetition Claim against any of the Debtors arising out of the rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code that becomes effective after the entry of the Bar Date Order must submit a Proof of Claim on or before the later of (i) the General Bar Date, and (ii) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty-five days from the entry of such order of this Court (the "Rejection Bar Date").

(c)     **Amended Schedule Bar Date**:  Pursuant to the Bar Date Order, if any of the Debtors amends or supplements its Schedules, the Debtors shall give notice of such amendment to the holders of any Prepetition Claims affected thereby and such holders must submit a Proof of Claim or amend any previously filed Proof of Claim in respect of such amended scheduled Prepetition Claim or added claim as the later of (a) General Bar Date and (b) thirty-five days after the date that notice of the amendment is served on the affected claimant (the "Amended Schedule Bar Date").

(d)     **Governmental Bar Date**: Pursuant to the Bar Date Order, all governmental units, as defined in section 101(27) of the Bankruptcy Code, must file Proofs of Claim against the Debtors on account of claims that arose prior to the Petition Date by **July 18, 2023 at 4:00 p.m., Eastern Time** (the "Governmental Bar Date").

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.     WHAT TO FILE

Your filed proof of claim must conform substantially to Official Form No. 410; a case-specific proof of claim form accompanies this Notice.  The Debtors are enclosing a Proof of Claim form for use in these cases (the "Claim Form"); if your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated.   You will receive a different Claim Form for each claim scheduled in your name by the Debtors.  You may utilize the Claim Form(s) provided by the Debtors to file your claim.  Additional Claim Forms may be obtained at the following websites: www.uscourts.gov/forms/bankruptcy-forms or https://restructuring.ra.kroll.com/genesis.

Each Claim Form must (i) be written in English; (ii) set forth (A) for any Prepetition Claim based on cryptocurrency, the number and type of units of each cryptocurrency held by the claimant as of the Petition Date or (B) solely to the extent a Prepetition Claim is not based on cryptocurrency, the amount of such Prepetition Claim denominated in United States dollars;[4] (iii) conform substantially with the Claim Forms provided by the Debtors or Official Form No. 410, as applicable; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (v) include supporting documentation unless otherwise consented to by the Debtors in writing (e-mail will suffice).

In addition to the requirements set for the in the immediately preceding paragraph, any Proof of Claim asserting a 503(b)(9) Claim must also include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) the date of delivery of the goods purportedly delivered to a Debtor within twenty days before the Petition Date; (iv) documentation, including invoices, receipts, bills of lading and the like, identifying with specificity the particular goods for which the 503(b)(9) Claim is being asserted; (v) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546(c) of the Bankruptcy Code; and (vi) documentation or other evidence that the goods with respect to which the 503(b)(9) Claim is being filed were sold in the ordinary course of the Debtor's business.

**Your Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).**

All entities asserting claims against more than one Debtor are required to (i) file a separate proof of claim with respect to each such Debtor and (ii) identify on each proof of claim the particular Debtor against which their claim is asserted. Any claim that fails to identify a Debtor shall be deemed as filed only against Genesis Global Capital, LLC ("GGC"). If more than one Debtor is listed on the form, the proof of claim will be treated as filed only against the first-listed Debtor. A list of the names of the Debtors and their case numbers is set forth on page 2 of this Notice.

**3.      WHEN AND WHERE TO FILE**

Except as provided for herein, all Proofs of Claim must be submitted so as to be **actually received on or before the applicable Bar Date:**

**IF ELECTRONICALLY:**

By using the website established by the Debtors' claims and noticing agent, Kroll Restructuring Administration ("Kroll") for these Chapter 11 Cases (the "Case

---

[4]      For the avoidance of doubt, all claims for cryptocurrency must clearly indicate (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held (which may be done through the table of cryptocurrency on the proposed Claim Form).

<u>Website</u>") located at https://restructuring.ra.kroll.com/genesis by following instructions for filing Proofs of Claim electronically.

**IF BY U.S. MAIL, OVERNIGHT MAIL, OR DELIVERY BY HAND, OR COURIER:**

Genesis Inc. Claims Processing Center
c/o Prime Clerk LLC (now known as Kroll Restructuring Administration)
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE CASE WEBSITE. PROOFS OF CLAIM SUBMITTED BY ELECTRONIC MEANS OTHER THAN THE CASE WEBSITE (E.G., VIA E-MAIL, FACSIMILE, TELECOPY, OR SIMILAR ELECTRONIC MEANS) WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED. CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED.**

You do **not** need to file a Proof of Claim on behalf of a claim on or prior to the applicable Bar Date if the claim falls into one of the following categories:

(a)     any Prepetition Claim for which a Proof of Claim has already been filed against one or more of the Debtors and for which no other basis or additional amounts are sought or Prepetition Claims are asserted beyond those listed in the already filed Proof of Claim;

(b)     any Prepetition Claim listed in the Debtors' Schedules (as defined herein), *and* is not designated as "disputed," "contingent," and/or "unliquidated," *and* with respect to which the Entity asserting such Prepetition Claim agrees with the nature, classification, and amount that such Prepetition Claim is identified in the Schedules, *and* with respect to which the Entity asserting such Prepetition Claim agrees that its Prepetition Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim in its Schedules;

(c)     any Prepetition Claim or 503(b)(9) Claim (including any Prepetition Claim listed in the Debtors' Schedules as set forth in paragraph (b) above) that has been previously allowed by, or paid in full pursuant to, an order of this Court;

(d)     any Prepetition Claim by a Debtor against one or more of the other Debtors;

(e)     any intercompany Prepetition Claim by a Holdco subsidiary or Genesis Global Trading, Inc. against one or more Debtors;

(f)     any Prepetition Claim for which specific filing deadlines have been previously fixed by this Court;

(g)    any current or former equity security holder[5] that seeks to assert *only* a proof of interest with respect of the ownership of such equity interests;[6]

(h)    any current employees of the Debtors, if an order of the Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment and retaliation;

(i)    Gemini Trust Company, LLC ("Gemini") users (each a "Gemini Lender") holding a Prepetition Claim in connection with certain loans of digital assets at Gemini to GGC (the "Gemini Borrowings") in exchange for the return of such digital assets upon request or at the expiration of a specified period and the payment by GGC of a loan fee pursuant to the relevant master loan agreements ("Gemini MLA") between GGC, Gemini and the Gemini Lender, and  for the reasons described below;

(j)    claims for fees and expenses of professional retained in these proceedings;

(k)    any claim based on indemnification, contribution or reimbursement of a current or former officer, director or employee of any of the Debtors;

(l)    any person or Entity holding a Prepetition Claim solely against a non-Debtor entity; and

(m)    any Prepetition Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense incurred in the ordinary course; *provided* that any person or entity asserting a Prepetition Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Prepetition Claims by filing a request for payment or a Proof of Claim on or prior to the General Bar Date.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

**Gemini Lenders:**  The Bar Date Order authorized and directed Gemini, given Gemini's appointment as agent for each Gemini Lender under the Gemini MLAs, to file a single proof of

---

[5]    The term "equity security holder," as used herein, has the meaning ascribed to it in section 101(17) of the Bankruptcy Code.

[6]    Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership would be required to file a proof of claim by the General Bar Date.

claim on behalf of each and all Gemini Lenders on account of all Prepetition Claims for the repayment of the Gemini Borrowings on or before the General Bar Date (the "Gemini Master Claim"). Should a Gemini Lender wish to assert a Prepetition Claim against the Debtors for amounts greater than the Gemini Lender's Gemini Borrowings in the Gemini Earn Program or other Prepetition Claims unrelated to the Gemini Earn Program, the Gemini Lender must file a proof of claim with respect to such Prepetition Claim on or before the applicable Bar Date, unless another exception to the applicable Bar Date applies.

**4.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A PREPETITION CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM (A) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND (B) VOTING TO ACCEPT OR REJECT ANY CHAPTER 11 PLAN OR PLANS OR (C) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION CLAIM.

**5.     THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

To determine if and how you are listed on the Schedules, please refer to the  descriptions set forth on the enclosed Claim Form(s) regarding the nature, amount, and status of your  claim(s). If you received postpetition payments from the Debtors (as authorized by the Court) on  account of your claim, the enclosed Claim Form will reflect the net amount of your claims.  If the Debtors believe that you hold claims against one or more than one Debtor, you will  receive multiple Claim Forms, each of which will reflect the nature and amount of your  claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the  claim is accurately listed in the Schedules.  You may rely on the enclosed  Claim Form, however, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent or unliquidated.

As set forth above, if you agree with the nature, amount and classification of your Prepetition Claim as listed in the Debtors' Schedules, and if you do not dispute that your Prepetition Claim is only  against the Debtor  specified in the Schedules, and if your Prepetition Claim is not described as  "disputed," "contingent" or  "unliquidated," **you need not submit a Proof of Claim**.  Otherwise, or if you decide to submit a Proof of  Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic

Court Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtors' Schedules are also available at the Case Website at https://restructuring.ra.kroll.com/genesis. Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' Claim Agent at the following address: Genesis Inc. Claims Processing Center, c/o Prime Clerk LLC (now known as Kroll Restructuring Administration), 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification, or otherwise; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules. Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a Proof of Claim.**

**BY ORDER OF THE COURT**

Dated:    [[X]], 2023
        New York, New York

*/s/ DRAFT*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

## <u>EXHIBIT C</u>

**Publication Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM
### ((GENERAL CLAIMS BAR DATE:  MAY 22, 2023 AT 4:00 PM (ET)))

**PLEASE TAKE NOTICE THAT ANY ENTITY THAT FILES A PROOF OF CLAIM IN THESE CHAPTER 11 CASES SHALL BE DEEMED, FOR THE PURPOSES OF THE PROOF OF CLAIM AND POSSIBLY RELATED MATTERS, TO HAVE SUBMITTED TO THE JURISDICTION OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.  ANY ENTITY WHO IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM AS SET FORTH IN THIS NOTICE BUT FAILS TO DO SO WILL BE (A) FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND (B) FOREVER BARRED FROM VOTING TO ACCEPT OR REJECT ANY PLAN OR PLANS OR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS.**

On _____, 2023, the United States Bankruptcy Court for the Southern District of New York entered an Order (ECF No. ___ ) (the "Bar Date Order") in the above-captioned jointly-administered Chapter 11 Cases of Genesis Global Holdco, LLC and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), establishing **May 22, 2023 at 4:00 p.m., Eastern Time** (the "General Bar Date") as the general deadline for each entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to submit a Proof of Claim (defined below) against any of the Debtors.

The General Bar Date, the other deadlines established by the Bar Date Order and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose prior to the date, as indicated in the above table, on which each Debtor commenced cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), except for claims described in paragraph 5 of the Bar Date Order as being excluded.  Governmental units

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

have until **July 18, 2023 at 4:00 p.m., Eastern Time** to file proofs of claims (the "<u>Governmental Bar Date</u>").

### 1.    WHO MUST FILE A PROOF OF CLAIM

You MUST submit a Claim Form (defined below) and any required supporting documentation indicated thereon (together, a "<u>Proof of Claim</u>") to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to **January 19, 2023** (as applicable to each Debtor, the "<u>Petition Date</u>" and any such claim, a "<u>Prepetition Claim</u>"), and it is not one of the types of claim described in paragraph 5 of the Bar Date Order.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or prior to the General Bar Date (or, if applicable, one of the other deadlines described below), even if such claims are not fixed, liquidated or certain as of the applicable deadline or did not mature or become fixed, liquidated or certain before the Petition Date.

The Bar Date Order establishes the following bar dates for filing proofs of claim in these Chapter 11 Cases (collectively, the "<u>Bar Dates</u>"):

(a)    **General Bar Date:** Pursuant to the Bar Date Order and except as otherwise described in this Notice, all entities that hold a claim against any of the Debtors that arose prior to the Petition Date (whether secured, unsecured priority, or unsecured nonpriority) shall file a proof of claim as described in this Notice by **May 22, 2023 at 4:00 p.m., Eastern Time**. For the avoidance of doubt and without limitation, the General Bar Date applies to claims asserted against the Debtors pursuant to section 503(b)(9) of the Bankruptcy Code (a "<u>503(b)(9) Claim</u>").

(b)    **Rejection Bar Date**:  Pursuant to the Bar Date Order, any person or entity that has a Prepetition Claim against any of the Debtors arising out of the rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code that becomes effective after the entry of the Bar Date Order must submit a Proof of Claim on or before the later of (i) the General Bar Date, and (ii) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty-five days from the entry of such order of this Court (the "<u>Rejection Bar Date</u>").

(c)    **Amended Schedule Bar Date**:  Pursuant to the Bar Date Order, if any of the Debtors amends or supplements its Schedules, the Debtors shall give notice of such amendment to the holders of any Prepetition Claims affected thereby and such holders must submit a Proof of Claim or amend any previously filed Proof of Claim in respect of such amended scheduled Prepetition Claim or added claim as the later of (a) General Bar Date and (b) thirty-five days after the date that notice of the amendment is served on the affected claimant (the "<u>Amended Schedule Bar Date</u>").

2

(d)     **Governmental Bar Date**: Pursuant to the Bar Date Order, all governmental units, as defined in section 101(27) of the Bankruptcy Code, must file Proofs of Claim against the Debtors on account of claims that arose prior to the Petition Date by **July 18, 2023 at 4:00 p.m., Eastern Time** (the "Governmental Bar Date").

2.     **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410; a case-specific proof of claim form accompanies this Notice.  The Debtors are enclosing a Proof of Claim form for use in these cases (the "Claim Form"); if your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated.   You will receive a different Claim Form for each claim scheduled in your name by the Debtors.  You may utilize the Claim Form(s) provided by the Debtors to file your claim.  Additional Claim Forms may be obtained at the following websites: www.uscourts.gov/forms/bankruptcy-forms or https://restructuring.ra.kroll.com/genesis.

Each Claim Form must (i) be written in English; (ii) set forth (A) for any Claim based on cryptocurrency, the number and type of units of each cryptocurrency held by the claimant as of the Petition Date or (B) solely to the extent a Prepetition Claim is not based on cryptocurrency, the amount of such Prepetition Claim denominated in United States dollars;[2]  (iii) conform substantially with the Claim Forms provided by the Debtors or Official Form No. 410, as applicable; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (v) include supporting documentation unless otherwise consented to by the Debtors in writing (e-mail will suffice).

In addition to the requirements set forth in the immediately preceding paragraph, any Proof of Claim asserting a 503(b)(9) Claim must also include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) the date of delivery of the goods purportedly delivered to a Debtor within twenty days before the Petition Date; (iv) documentation, including invoices, receipts, bills of lading and the like, identifying with specificity the particular goods for which the 503(b)(9) Claim is being asserted; (v) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546(c) of the Bankruptcy Code; and (vi) documentation or other evidence that the goods with respect to which the 503(b)(9) Claim is being filed were sold in the ordinary course of the Debtor's business.

**Your Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name  of a minor (only the minor's initials) or a financial account number (only the last four digits of  such financial account).**

---

[2]     For the avoidance of doubt, all claims for cryptocurrency must clearly indicate (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held (which may be done through the table of cryptocurrency on the proposed Claim Form).

All entities asserting claims against more than one Debtor are required to (i) file a separate proof of claim with respect to each such Debtor and (ii) identify on each proof of claim the particular Debtor against which their claim is asserted.  Any claim that fails to identify a Debtor shall be deemed as filed only against Genesis Global Capital, LLC.  If more than one Debtor is listed on the form, the proof of claim will be treated as filed only against the first-listed Debtor.

### 3.    WHEN AND WHERE TO FILE

Except as provided for herein, all Proofs of Claim must be submitted so as to be **actually received on or before the applicable Bar Date:**

**IF ELECTRONICALLY:**

By using the website established by the Debtors' claims and noticing agent, Kroll Restructuring Administration ("Kroll") for these Chapter 11 Cases (the "Case Website") located at https://restructuring.ra.kroll/com/genesis by following instructions for filing proofs of claim electronically.

**IF BY U.S. MAIL, OVERNIGHT MAIL, DELIVERY BY HAND OR COURIER:**

Genesis Inc. Claims Processing Center
c/o Prime Clerk LLC (now known as Kroll Restructuring Administration)
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE CASE WEBSITE.  PROOFS OF CLAIM SUBMITTED BY ELECTRONIC MEANS OTHER THAN THE CASE WEBSITE (E.G., VIA E-MAIL, FACSIMILE, TELECOPY, OR SIMILAR ELECTRONIC MEANS) WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.  CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED, INCLUDING GEMINI LENDER CLAIMS.**

The Bar Date Order further provides that certain persons or entities, whose claims otherwise would be subject to the General Bar Date, need not file Proofs of Claim.  To review a copy of the Bar Date Order, please visit https://restructuring.ra.kroll.com/genesis.

In particular Gemini Trust Company, LLC ("Gemini") users (each a "Gemini Lender") holding a claim in connection with those certain loans of digital assets at Gemini to GGC (the "Gemini Borrowings") in exchange for the return of such digital assets upon request or at the expiration of a specified period and the payment by GGC of a loan fee pursuant to the relevant master loan agreements ("Gemini MLA") between GGC, Gemini and the Gemini Lender need not file Proofs of Claim.  Should a Gemini Lender wish to assert a Prepetition Claim against the Debtors for amounts greater than the Gemini Lender's Gemini Borrowings in the Gemini Earn Program or other Prepetition Claims unrelated to the Gemini Earn Program, the Gemini Lender must file a proof of claim with

respect to such Prepetition Claim on or before the applicable Bar Date, unless another exception to the applicable Bar Date applies.

The Bar Date Order authorized and directed Gemini, given Gemini's appointment as agent for each Gemini Lender under the Gemini MLAs, to file a single proof of claim on behalf of each and all Gemini Lenders on account of all Prepetition Claims for the repayment of Gemini Borrowings on or before the General Bar Date (the "Gemini Master Claim").

### 4.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

ANY ENTITY WHO IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM AS SET FORTH IN THIS NOTICE BUT FAILS TO DO SO WILL BE (A) FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND (B) FOREVER BARRED FROM VOTING TO ACCEPT OR REJECT ANY PLAN OR PLANS OR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIMS.

### 5.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

Copies of the Debtors' Schedules are available for inspection on the Court's website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained  through the PACER Service Center at http://www.pacer.gov.  Copies of the Debtors' Schedules are also available at the Case Website at https://restructuring.ra.kroll.com/genesis.    Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' Claim Agent at the following address:  Genesis Inc. Claims Processing Center, c/o Prime Clerk LLC (now known as Kroll Restructuring Administration), 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

If you rely on the Debtors' Schedules, it is your responsibility to determine that your Prepetition Claim is accurately listed in the Schedules in all respects.

As set forth above, if you agree with the nature, amount and status of your Prepetition Claim as listed in the Debtors' Schedules, and if you do not dispute that your Prepetition Claim is only against the Debtor specified in the Schedules, and if your Prepetition Claim is not described as "disputed," "contingent" or "unliquidated," you need *not* file a Proof of Claim.  Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any scheduled claim as disputed,

contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.  Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Proof of Claim.**

[*The remainder of this page is left blank intentionally*]

**BY ORDER OF THE COURT**

Dated:    [[X]], 2023
          New York, New York

                              /s/ DRAFT
                              Sean A. O'Neal
                              Jane VanLare
                              CLEARY GOTTLIEB STEEN & HAMILTON LLP
                              One Liberty Plaza
                              New York, New York 10006
                              Telephone: (212) 225-2000
                              Facsimile: (212) 225-3999

                              *Counsel to the Debtors and Debtors-in-Possession*

# **EXHIBIT D**

## **Notice of Amended Schedules**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE TO CREDITORS AFFECTED BY THE FILING OF AMENDMENTS**
**TO CERTAIN OF THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES**

  **PLEASE TAKE NOTICE** that on March [[•]], 2023, [[•]] (Case No. [[•]]),

[[DEBTOR NAME]], a debtor entity in the above-captioned jointly-administered Chapter 11

cases (the "Debtor"), filed, among other things, its *Schedules of Assets and Liabilities*  (the

"Original Schedules") in the United States Bankruptcy Court for the Southern District of New

York (the "Bankruptcy Court") (ECF Nos. [[•]]), pursuant to section 521 of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 1007(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

  **PLEASE TAKE FURTHER NOTICE** that the Debtor hereby files an amended

Schedule E/F (Creditors Holding Unsecured Claims) (the "Amended Schedules"), attached

hereto as Exhibit A, pursuant to Bankruptcy Rule 1009(a), Rule 1009-1 of the Local Rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern

District of New York (the "Local Rules") and the Court's Bar Date Order.[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] The "Bar Date Order" shall mean the *Order (I) Establishing Bar Dates for Filing Proofs of Claims, (II) Approving Proof of Claim Forms, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. [[•]]).

**PLEASE TAKE FURTHER NOTICE** that upon the amendment of the Original Schedules by the Amended Schedules, the liabilities scheduled in the Amended Schedules shall be deemed included in the Original Schedules as of the date hereof.

**PLEASE TAKE FURTHER NOTICE** that the Debtor has amended **only** Schedule E/F with respect to the claims added as Exhibit A attached hereto, and none of the other Original Schedules, including with respect to claims previously identified on Original Schedule E/F filed on March [[•]], 2023 have been amended.  Moreover, the Amended Schedules affect **only** the additional claims that appear on Exhibit A.  **You are receiving this Notice because your claim appears on the Amended Schedules.**

**PLEASE TAKE FURTHER NOTICE** that creditors affected by the Amended Schedules will have until **[[●]], 2023 at 4:00 p.m., Eastern Time** or thirty-five days from the date hereof, whichever is later, to submit a Proof of Claim or amend a previously-filed Proof of Claim in accordance with the Bar Date Order or will be forever barred from doing so.

**PLEASE TAKE FURTHER NOTICE** that, notwithstanding the filing of the Amended Schedules, the Debtor reserves the right to further amend or supplement, in its sole discretion, the Original Schedules, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Bar Date order.

**PLEASE TAKE FURTHER NOTICE** that copies of the Amended Schedules are also available at the Case Website at https://restructuring.ra.kroll.com/genesis.    Copies of the Amended Schedules are also available for inspection for a fee on the Court's website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained  through the PACER Service Center at http://www.pacer.gov.

[*The remainder of this page is left blank intentionally*]

Dated:    [[X]], 2023
New York, New York

*/s/ DRAFT*

Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

## **<u>EXHIBIT E</u>**

**Gemini Bar Date Notice**

**NOTICE REGARDING CLAIM TO BE ASSERTED ON YOUR BEHALF
AGAINST GENESIS GLOBAL HOLDCO, LLC**

March 16, 2023

Re:    In re Genesis Global Holdco, LLC, *et al.*, Case No. 23-10063 (SHL)

Dear Gemini Earn User:

On January 19, 2023 (the "Petition Date"), Genesis Global Capital, LLC ("GGC") and certain of its affiliates listed below (collectively, the "Debtors") commenced cases under chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

| Debtor | Case Number | Last Four Digits of Each Debtor's Tax Identification Number (as applicable) | Date of Commencement of Chapter 11 Case |
|---|---|---|---|
| Genesis Global Holdco, LLC | 23-10063 | 8219 | January 19, 2023 |
| Genesis Global Capital, LLC | 23-10064 | 8564 | January 19, 2023 |
| Genesis Asia Pacific Pte. Ltd. | 23-10065 | 2164R | January 19, 2023 |

GGC engaged in borrowing activities with certain Gemini Trust Company, LLC ("Gemini") users that elected to provide loans to GGC (the "Gemini Earn Program"). Through the Gemini Earn Program, a subset of Gemini's users (each a "Gemini Lender") agreed to lend certain of their digital assets at Gemini to GGC (the "Gemini Borrowings") in exchange for the return of such digital assets upon request or at the expiration of a specified period and the payment by GGC of a fixed loan fee. Under the terms of the relevant master loan agreements ("Gemini MLA") between GGC, Gemini, and each Gemini Lender, the Gemini Lenders appointed Gemini to act as agent in connection with the Gemini Borrowings.

On March __, 2023, the Bankruptcy Court entered an Order (ECF No. ___ ) (the "Bar Date Order") in Chapter 11 Cases establishing the following bar dates for filing proofs of claim in the Chapter 11 Cases:

(a)    **General Bar Date:** Pursuant to the Bar Date Order and except as otherwise described in this Notice, all entities that hold a claim against any of the Debtors that arose prior to the Petition Date (whether secured, unsecured priority, or unsecured nonpriority) shall file a proof of claim as described in this Notice by **May 22, 2023 at 4:00 p.m., Eastern Time**. For the avoidance of doubt and without limitation, the General Bar Date

applies to claims asserted against the Debtors pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim").

(b) **Rejection Bar Date**:  Pursuant to the Bar Date Order, any person or entity that has a Prepetition Claim against any of the Debtors arising out of the rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code that becomes effective after the entry of the Bar Date Order must submit a Proof of Claim on or before the later of (i) the General Bar Date, and (ii) any date the Court may fix in the applicable order authorizing such rejection and, if no such date is provided, thirty-five days from the entry of such order of this Court (the "Rejection Bar Date").

(c) **Amended Schedule Bar Date**:  Pursuant to the Bar Date Order, if any of the Debtors amends or supplements its Schedules, the Debtors shall give notice of such amendment to the holders of any Prepetition Claims affected thereby and such holders must submit a Proof of Claim or amend any previously filed Proof of Claim in respect of such amended scheduled Prepetition Claim or added claim as the later of (a) General Bar Date and (b) thirty-five days after the date that notice of the amendment is served on the affected claimant (the "Amended Schedule Bar Date").

(d) **Governmental Bar Date**: Pursuant to the Bar Date Order, all governmental units, as defined in section 101(27) of the Bankruptcy Code, must file Proofs of Claim against the Debtors on account of claims that arose prior to the Petition Date by **July 18, 2023 at 4:00 p.m., Eastern Time** (the "Governmental Bar Date").

The Bar Date Order authorized and directed Gemini, to file a single proof of claim on behalf of each and all Gemini Lenders on account of all claims that arose prior to the Petition Date in connection with the Gemini Borrowings on or before the General Bar Date (the "Gemini Master Claim").  Gemini will file the Gemini Master Claim on or before the General Bar Date against GGC and/or any other Debtor that Gemini determines may have liability to the Gemini Lenders arising from the Gemini Borrowings.

---

**If you are a Gemini Lender, you do not have to file claim against GGC or any other Debtor in connection with your Gemini Borrowings in the Gemini Earn Program to preserve your right to receive a possible distribution in the Chapter 11 Cases.  To the extent that you have a claim against GGC or any other Debtor that arose prior to January 19, 2023 for amounts greater than your Gemini Borrowings in the Gemini Earn Program or unrelated to the Gemini Earn Program, you must file a separate proof of claim on or before the General Bar Date.**

---

Any claim against GGC or any other Debtor that arose prior to the Petition Date for amounts greater than your Gemini Borrowings in the Gemini Earn Program or unrelated to the Gemini Earn Program will **not** be included in the Gemini Master Claim.  To the extent you  must file a separate proof of claim on account of a claim(s) against GGC or any other Debtor that arose prior to January 19, 2023 for amounts greater than your Gemini Borrowings in the Gemini Earn Program or unrelated to the Gemini Earn Program, you must follow the instruction on the Debtors' case website (https://restructuring.ra.kroll.com/genesis) and submit a proof claim before the General Bar Date, or such other applicable Bar Date, otherwise you will be forever barred, estopped and enjoined from (a) asserting such claim against any of the Debtors, (b) voting to accept or reject any plan or plans or (c) participating in any distribution in the Debtors' Chapter 11 Cases on account of such claims.

Please contact the Debtors' claims and noticing agent, Kroll Restructuring Administration at (888) 524-2017 or (646) 440-4183 if you have any questions about the Gemini Master Claim or the process for submitting any claims against the Debtors for amounts greater than your Gemini Borrowings in the Gemini Earn Program or unrelated to the Gemini Earn Program.

Sincerely,

Gemini Trust Company, LLC,
Acting in capacity as Agent on behalf of Earn users

**<u>EXHIBIT F</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER (I) ESTABLISHING BAR DATES FOR**
**SUBMITTING PROOFS OF CLAIM, (II) APPROVING PROOF OF**
**CLAIM FORM, BAR DATE NOTICES, AND MAILING AND PUBLICATION**
**PROCEDURES, (III) IMPLEMENTING UNIFORM PROCEDURES REGARDING**
**503(b)(9) CLAIMS, AND (IV) PROVIDING CERTAIN SUPPLEMENTAL RELIEF**

Upon the application (the "Application")[2] of Genesis Global Holdco, LLC

("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), for entry of an order (this "Order") (i) establishing the general bar

date by which certain creditors must file Proofs of Claim in these chapter 11 cases (the "General

Bar Date"); (ii) establishing the bar date by which a Proof of Claim relating to the Debtors'

rejection of executory contracts and unexpired leases must be filed (the "Rejection Bar Date");

(iii) establishing the bar date by which a Proof of Claim arising from an amendment to the Debtors'

Schedules (as defined below) must be filed (or, if previously filed, be amended) (the "Amended

Schedule Bar Date" and collectively, with the General Bar Date and the Rejection Bar Date, the

"Bar Dates");[3] (iv) approving tailored Claim Forms to be distributed to potential creditors; (v)

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park
Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Application.

[3]    For purposes of this Application, the Bar Dates herein shall not extend to requests for payment of postpetition
fees and expenses of professionals retained or sought to be retained by order of the Court in these cases.

approving the forms of notice to be used to inform potential creditors of the Bar Dates; (vi) approving mailing and publication procedures with respect to notice of the Bar Dates; and (vii) providing certain supplemental relief; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration") filed January 20, 2023 (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration") filed January 20, 2023 (ECF No. 19), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Application (if any) having been withdrawn or

2

overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

1.      <u>Bar Dates</u>.   The Bar Dates set forth in the Application are hereby APPROVED.

2.      <u>Notices and Forms</u>.   The forms of the Bar Date Notice, the Notice of Amended Schedules, the Publication Notice, Claim Forms, and the Gemini Bar Date Notice, substantially in the form of each attached to the Application, and the manner of providing notice of the Bar Dates proposed in the Application, are APPROVED.   The form and manner of notice of the Bar Dates approved hereby are deemed to fulfill the notice requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

3.      <u>Procedures</u>.   The following procedures for the submission of Proofs of Claim shall apply:

(a)      The General Bar Date by which proofs of claim against the Debtors must be filed is **May 22, 2023 at 4:00 p.m., Eastern Time**.

(b)      The Rejection Bar Date by which all entities that hold a Prepetition Claim against any of the Debtors arising out of the rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code that becomes effective after the entry of the Bar Date Order shall file a Proof of Claim by the later of (i) the General Bar Date, and (ii) any date the Court may fix in the applicable order authorizing such rejection, and if no such date is provided, thirty-five days from entry of such an order by this Court.

(c)      The Amended Schedule Bar Date for creditors holding claims which have been amended by the Debtors in their Schedules or added by the Debtors to the Schedules as the later of (a) General Bar Date and (b) thirty-five days after the date that notice of the amendment is served on the affected claimant.

(d)      The Governmental Bar Date by which a governmental unit, as defined in section 101(27) of the Bankruptcy Code, must file Prepetition Claims against the Debtors is **July 18, 2023 at 4:00 p.m., Eastern Time**, regardless of the variance in the length of time from the respective Petition Dates for each Debtor.

(e)      Each Proof of Claim must: (i) be written in English; (ii) set forth (A) for any Prepetition Claim based on cryptocurrency, the number and type of units of each cryptocurrency held by the claimant as of the Petition Date and (B) solely to the extent a Prepetition Claim is not based on cryptocurrency, the amount of such Prepetition Claim denominated in United States dollars;[4] (iii) conform substantially with the Claim Forms provided by the Debtors or Official Form No. 410, as applicable; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (v) include supporting documentation unless otherwise consented to by the Debtors in writing (e-mail will suffice); provided that, upon the request of the Debtors or any statutorily appointed committee, any claimant that receives such written consent shall be required to transmit promptly such supporting documentation to the Debtors and any statutorily appointed committee as soon as reasonably practicable, but in no event later than ten (10) business days from the date of such request.

(f)      In addition to the requirements set forth in (e) above, any Proof of Claim asserting a 503(b)(9) Claim must also include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) the date of delivery of the goods purportedly delivered to a Debtor within twenty days before the Petition Date; (iv) documentation, including invoices, receipts, bills of lading and the like, identifying with specificity the particular goods for which the 503(b)(9) Claim is being asserted; (v) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546(c) of the Bankruptcy Code; and (vi) documentation or other evidence that the goods with respect to which the 503(b)(9) Claim is being filed were sold in the ordinary course of the Debtor's business.

(g)      Each Proof of Claim, including supporting documentation, must be submitted so that Kroll actually receives the Proof of Claim on or before the applicable Bar Date by submitting the Proof of Claim (i) electronically through the Case Website at https://restructuring.ra.kroll.com/genesis in accordance with the

---

[4]     For the avoidance of doubt, all claims for cryptocurrency must clearly indicate (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held (which may be done through the table of cryptocurrency on the proposed Claim Form).

instructions for filing Proofs of Claim electronically or (ii) by first class U.S. mail, overnight mail, or other hand delivery system, which Proof of Claim must include an original signature, at the following address:  Genesis Inc. Claims Processing Center c/o Prime Clerk LLC (now known as Kroll Restructuring Administration), 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

(h)     Proofs of Claim must be submitted by mail, hand, or through the Case Website.  Proofs of Claims submitted by electronic means other than the Case Website (e.g., via e-mail, facsimile, telecopy, or similar electronic means) will not be accepted and will not be deemed timely submitted.

(i)     A proof of claim shall be timely filed only if the original Claim Form is *actually submitted* to the Case Website or is *actually received* by the Claims Docketing Center on or before the applicable Bar Date.

(j)     Parties who wish to receive proof of receipt of their Proofs of Claim must also include with their Proof of Claim a copy of their Proof of Claim and a self-addressed, stamped envelope.

(k)     Upon the advance express written consent of the Debtors, a proof of claim filed for a Prepetition Claim or a 503(b)(9) Claim may be filed without the writings upon which the Prepetition Claim or 503(b)(9) Claim, as applicable, is based, as required by Bankruptcy Rules 3001(c) and (d) and this Order; *provided, however*, that, upon request of the Debtors, any statutorily appointed committee, or any other party in interest in these cases, any creditor that receives such written consent shall be required to transmit promptly such writings to the Debtors, any statutorily appointed committee and the party in interest making such request as soon as reasonably practicable, but in no event later than ten business days from the date of such request.

(l)     Each Proof of Claim must specify by name and case number the Debtor against which the Prepetition Claim is submitted by checking the applicable box at the top of the Claim Form.  A person or entity asserting Prepetition Claims against more than one Debtor is required to (i) file a separate Proof of Claim with respect to each such Debtor and (ii) identify on each Claim Form the particular Debtor against which their Prepetition Claim is asserted.  Any Proof of Claim that fails to identify a Debtor shall be deemed as submitted only against Genesis Global Capital, LLC.  If more than one Debtor is listed on the Claim Form, the Proof of Claim will be treated as filed only against the first-listed Debtor.

4.      The following Entities are *not* required to file proofs of claim:

(a)      any Prepetition Claim for which a Proof of Claim has already been filed against one or more of the Debtors and for which no other basis or additional amounts are sought or Prepetition Claims are asserted beyond those listed in the already filed Proof of Claim;

(b)      any Prepetition Claim listed in the Debtors' Schedules (as defined herein), *and* is not designated as "disputed," "contingent," and/or "unliquidated," *and* with respect to which the Entity asserting such Prepetition Claim agrees with the nature, classification, and amount that such Prepetition Claim is identified in the Schedules, *and* with respect to which the Entity asserting such Prepetition Claim agrees that its Prepetition Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim in its Schedules;

(c)      any Prepetition Claim or 503(b)(9) Claim (including any Prepetition Claim listed in the Debtors' Schedules as set forth in paragraph (b) above) that has been previously allowed by, or paid in full pursuant to, an order of this Court;

(d)      any Prepetition Claim by a Debtor against one or more of the other Debtors;

(e)      any intercompany Prepetition Claim by a Holdco subsidiary or Genesis Global Trading, Inc. against one or more Debtors;

(f)      any Prepetition Claim for which specific filing deadlines have been previously fixed by this Court;

(g)      any current or former equity security holder[5] that seeks to assert *only* a proof of interest with respect of the ownership of such equity interests;[6]

(h)      any current employees of the Debtors, if an order of the Court authorized the Debtors to honor such Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Bar Date for all other Claims arising before the Petition Date, including Claims for wrongful termination, discrimination, harassment, hostile work environment and retaliation;

---

[5]      The term "equity security holder," as used herein, has the meaning ascribed to it in section 101(17) of the Bankruptcy Code.

[6]      Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership would be required to file a proof of claim by the General Bar Date.

(i)     each and all Gemini Lenders on account of their Prepetition Claims against the Debtors for the repayment of the Gemini Borrowings;

(j)     claims for fees and expenses of professional retained in these proceedings;

(k)     any claim based on indemnification, contribution or reimbursement of a current or former officer, director or employee of any of the Debtors;

(l)     any person or Entity holding a Prepetition Claim solely against a non-Debtor entity; and

(m)     any Prepetition Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of an administration incurred in the ordinary course; *provided* that any person or entity asserting a Prepetition Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Prepetition Claims by filing a request for payment or a Proof of Claim on or prior to the General Bar Date.

5.      Any person or entity that relies on the Schedules will have the responsibility of determining that such Prepetition Claim is accurately listed in the Schedules in all respects.

6.      Gemini is authorized and directed to file the Gemini Master Claim pursuant to section 501(a) of the Bankruptcy Code and on or before the General Bar Date, against GGC and/or any other Debtor that Gemini determines may have liability to the Gemini Lenders for the repayment of the Gemini Borrowings.[7]

7.      Gemini is granted a waiver of the requirements of Bankruptcy Rule 3001(c) as to the Gemini Master Claim to the extent that Gemini shall not be required to publicly disclose underlying Gemini Lender information. The Gemini Master Claim shall not include the names or

---

[7]     The Gemini Master Claim shall not include any claims asserted by Gemini in its individual capacity. To the extent that Gemini determines that the Gemini Master Claim should be filed against more than one Debtor, it will be deemed a separate claim with respect to each Debtor but is referred to herein as a single claim.

any contact information for the Gemini Lenders, and it shall not specify the Gemini Borrowings

of any specific Gemini Lender.

8.    <u>Effect of Failure to File by Applicable Bar Date</u>.  Any holder of a Prepetition

Claim that is not excepted from the requirements of this Order and fails to timely submit a Proof

of Claim as required herein shall be forever barred, estopped, and enjoined from (i) asserting such

Prepetition Claim against any of the Debtors, (ii) voting on any chapter 11 plan filed in these

Chapter 11 Cases on account of such Prepetition Claim, and (iii) participating in any distribution

in these Chapter 11 Cases on account of such Prepetition Claim.

9.    <u>Mailing of Bar Date Notice Packages</u>.  The Debtors shall provide actual

notice of the Bar Dates by mailing the Bar Date Notice, substantially in the form attached to the

Application as <u>Exhibit B,</u> and the Claim Forms (collectively, the "<u>Bar Date Notice Package</u>")

within five business days of the entry of this Order to the following potential parties-in-interest,

wherever located:  (i) the Master Service List; (ii) all known creditors or other known holders of

Prepetition Claims or 503(b)(9) Claims against the Debtors, including all persons and entities listed

on the Schedules at the addresses stated therein, (iii) all counterparties to executory contracts and

unexpired leases listed on the Schedules at the addresses stated therein; (iv) all taxing authorities

for the jurisdictions in which the Debtors maintain or conduct business; (v) all regulatory

authorities that regulate the Debtors' businesses; (vi) the Securities and Exchange Commission;

(vii) all known lienholders; (viii) all known non-Debtor equity and interest holders of the Debtors

as of the date this Order is entered; (ix) all current and former employees (to the extent that contact

information for former employees is available in the Debtors' records); (x) all known parties to

litigation in which the Debtors are involved as listed on the Schedules; (xi) all of the Debtors'

ordinary course professionals as of the date of entry of the Order; (xii) the Debtors' banks; (xiii)

8

all Entities requesting notice pursuant to Bankruptcy Rule 2002 as of the date of entry of this Order; (xiv) all persons or entities that have filed Proofs of Claim in these Chapter 11 Cases as of the date of entry of this Order and (xv) all parties included on the creditor matrix filed in these Chapter 11 cases (collectively, the "Bar Date Notice Parties").  The Debtors will make all reasonable commercial efforts to locate current contact information for the Bar Date Notice Parties.

10.     The Claim Form attached to the Application as Exhibit A is hereby approved, including all modifications to the Official Form reflected therein.

11.     With regard to those holders of claims listed on the Schedules, the Debtors shall mail one or more proof of claim forms (as appropriate) substantially similar to the Claim Forms annexed to the Application as Exhibit A, indicating on such Claim Form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor the claim is scheduled against, the amount and classification of the claim, and whether the claim has been scheduled as contingent, unliquidated or disputed).

12.     The Debtors are authorized and directed to serve notice of the Bar Dates by serving notice on Gemini and not the individual Gemini Lenders.  Gemini is authorized and directed to serve the Gemini Bar Date Notice on the Gemini Lenders in the manner described in the Application as soon as practicable after entry of this Order but in any event no later than twenty-eight days prior to the earliest of the Bar Dates, except that Gemini is authorized and directed to serve the Gemini Bar Date Notice on the Gemini Lenders a second time through electronic mail no later than ten days prior to the earliest of the Bar Dates.  Gemini shall not be required or otherwise obligated to serve the Bar Date Notice Package or any other notice of the Bar Dates, other than the Gemini Bar Date Notice, on any Gemini Lender.  Gemini is further

authorized and directed to serve Notice of the Amended Schedule Bar Date (as defined herein), if necessary, on the Gemini Lenders in the same manner of service as the Gemini Bar Date Notice described in the Application.

13.    The Debtors may, in their discretion, but shall not be required to, serve the Bar Date Notice on certain Entities that are not Bar Date Notice Parties with which, prior to the Petition Date, the Debtors had done business or that may have asserted a claim against the Debtors in the recent past.

14.    <u>Supplemental Mailings of Bar Date Notice Packages</u>.   After the initial service of the Bar Date Notice Packages, the Debtors may, in their discretion, make supplemental mailings of the Bar Date Notice Packages, including in the event that (i) Bar Date Notice Packages are returned by the post office with forwarding addresses, necessitating a remailing to the new addresses, (ii) notices served by e-mail are confirmed to be undeliverable, (iii) certain parties acting on behalf of parties in interest fail to pass along Bar Date Notice Packages to such parties and instead return their names and addresses to the Debtors for direct mailing, or (iv) additional potential claimants become known to the Debtors.   For holders of claims receiving such supplemental mailings, except for entities that are exempt from complying with the applicable Bar Dates set forth in this Order, the deadline to file Proofs of Claim, if necessary, shall be the later of (a) the applicable Bar Date, or (b) 5:00 p.m. (prevailing Eastern Time) on the date that is thirty-five (35) days from service of the supplemental mailing of the Bar Date Notice Packages (or another time period as may be fixed by the Court).

15.    <u>Actual Notice of Amended Schedule Bar Date</u>.   If and when the Debtors amend their Schedules to reduce the undisputed, noncontingent and liquidated amount, to change the nature or classification of a Prepetition Claim, or to add a claim to the Schedules, the Debtors

shall provide notice of any such amended or added claim, substantially in the form of Exhibit D to the Application (the "Notice of Amended Schedules"), to the affected claimant by serving the affected claimant with the Notice of Amended Schedules by first class mail and thereafter filing with the Court a certificate of such service. The date by which creditors holding claims that may be amended by the Debtors in their Schedules must file a Proof of Claim or amend their previously filed Proof of Claim (the "Amended Schedule Bar Date") shall be the later of (i) General Bar Date and (ii) thirty-five (35) days after the date that notice of the amendment is served on the affected claimant. The Notice of Amended Schedules shall include information regarding the Amended Schedule Bar Date and how to file a Proof of Claim or amend an existing Proof of Claim.

16.    Assistance of Claims Agent. Kroll Restructuring Administration ("Kroll"), the claims agent appointed in these cases, is authorized to facilitate and coordinate the claims reconciliation and bar date notice functions, including the mailing of the Bar Date Notice Packages. To the extent that Kroll requires any assistance with the preparation and mailing of the Bar Date Notice Package, Kroll is authorized to employ and pay necessary service providers, subject to prior approval from the Debtors, and to obtain reimbursement from the Debtors for any such payments on the same terms applicable to its direct services. Kroll is further authorized to take such other actions as may be necessary to ensure timely preparation and mailing of the Bar Date Notice Package.

17.    Publication Notice. The Debtors shall cause the Publication Notice, substantially in the form attached to the Application as Exhibit C, to be published in the [The New York Times and USA Today] as soon as practicable after entry of this Order but in any event no later than twenty-eight (28) days prior to the earliest of the Bar Dates, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates.

18.    <u>Reservation of Rights</u>.  The Debtors and any party in interest retain and hereby reserve the right to (i) dispute, and/or assert offsets or defenses against, any Prepetition Claim or 503(b)(9) Claim and (ii) object to any Prepetition Claim, whether scheduled or filed, and any 503(b)(9) Claim, on any grounds.

19.    The Debtors are authorized and empowered to take such steps and perform such actions as may be necessary to implement and effectuate the terms of this Order, including without limitation payment of costs incurred in connection with the process of noticing the Bar Dates.

20.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
      White Plains, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge