Hearing Date: March 30, 2023, at 11:00 a.m. (prevailing Eastern Time)
Objection Deadline: March 23, 2023, at 4:00 p.m. (prevailing Eastern Time)

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: cshore@whitecase.com
           philip.abelson@whitecase.com
           david.turetsky@whitecase.com
           michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450
Email:  gregory.pesce@whitecase.com

*Proposed Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

AMERICAS 120163393

### NOTICE OF HEARING ON THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS COUNSEL EFFECTIVE AS OF FEBRUARY 10, 2023

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "**Petition Date**"), Genesis Global Holdco, LLC ("**Holdco**") and its debtor affiliates, as debtors and debtors-in-possession (collectively, the "**Debtors**")[2] in the above-captioned chapter 11 cases each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Southern District of New York (the "**Court**").

**PLEASE TAKE FURTHER NOTICE** that on the date hereof, the Official Committee of Unsecured Creditors filed the annexed *Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of February 10, 2023* (the "**Application**"). A hearing (the "**Hearing**") on the Application will be held via Zoom before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **March 30, 2023, at 11:00 a.m., prevailing Eastern Time** (the "**Hearing Date**").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the relief requested in the Application shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), all General Orders applicable to chapter 11 cases in the Court, and the *Order Implementing Certain Notice and Case Management* Procedures [Docket

---

[2]    Holdco and its Debtor and non-Debtor subsidiaries are collectively referred to as the "**Company**."

2

No. 44] (the "**Case Management Order**"); (c) be filed electronically with the Court no later than **March 23, 2023, at 4:00 p.m., prevailing Eastern Time**; and (d) be served as required by the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Application, the Debtors on or after the Objection Deadline, may submit to the Court an order substantially in the form annexed as **Exhibit A** to the Application, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application and other pleadings can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Application, or if you want the Court to hear your position on the Application, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Application and may enter orders granting the relief requested by the Committee.

[*Remainder of page intentionally left blank*]

3

Dated: March 16, 2023

Respectfully submitted,

By: */s/ Gregory F. Pesce*

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: cshore@whitecase.com
　　　　philip.abelson@whitecase.com
　　　　david.turetsky@whitecase.com
　　　　michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450
Email:  gregory.pesce@whitecase.com

*Proposed Counsel to Official*
*Committee of Unsecured Creditors*

4

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: cshore@whitecase.com
              philip.abelson@whitecase.com
              david.turetsky@whitecase.com
              michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450
Email:  gregory.pesce@whitecase.com

*Proposed Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF WHITE & CASE LLP AS
COUNSEL EFFECTIVE AS OF FEBRUARY 10, 2023**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors-in-possession (collectively the "**Debtors**") submits this application (the "**Application**"), for the entry of an order (the "**Order**"), substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), authorizing the Committee to employ and retain White & Case LLP ("**White & Case**") as its counsel effective as of February 10, 2023. In support of this Application, the Committee relies upon and incorporates by reference the *Declaration of Gregory F. Pesce in Support of the Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of February 10, 2023* (the "**Pesce Declaration**"), attached hereto as **Exhibit B**, and the *Declaration of Richard R. Weston in Support of the Official Committee of Unsecured Creditors' Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of February 10, 2023* (the "**Weston Declaration**" and, together with the Pesce Declaration, the "**Declarations**"), attached hereto as **Exhibit C**. In further support of the Application, the Committee respectfully states as follows:

**Relief Requested**

1.  By this Application, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Committee seeks authority to retain and employ White & Case as its bankruptcy counsel in connection with the chapter 11 cases and all related matters, effective as of February 10, 2023.

**Jurisdiction, Venue and Predicates for Relief**

2.  The United States Bankruptcy Court (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012. This

2

is a core proceeding under 28 U.S.C. § 157(b)(2)(A). The Committee confirms its consent to the Court entering a final order in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The predicates for the relief requested by this Application are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1.

### Background

5. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "**Petition Date**"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 37]. No trustee or examiner has been appointed in the chapter 11 cases. On February 3, 2023, an official committee of unsecured creditors (the "**Committee**") was appointed in these cases [Docket No. 55].

6. On February 10, 2023, the Committee selected White & Case as its primary counsel, subject to approval by the Court.

### Qualifications Of White & Case

7. White & Case is proposed to serve as counsel to the Committee to perform all of the services that are necessary and appropriate to discharge the Committee's responsibilities and further the interests of the Committee's constituents in the chapter 11 cases, subject to approval by

3

the Court.

8. Since being selected, White & Case has worked closely with the Committee and its other professionals with respect to the chapter 11 cases. The Committee selected White & Case to serve as its counsel based in part upon the firm's extensive knowledge, experience, and expertise in representing stakeholders in chapter 11 cases. White & Case also has extensive expertise in other fields of law that are implicated by the chapter 11 cases, including, among others, financial technology law, corporate law, commercial litigation, banking and finance law, and tax law. Given the firm's experience and knowledge in these fields, White & Case is well qualified and uniquely able to act on the Committee's behalf in connection with the chapter 11 cases.

### Services To Be Rendered

9. The Committee has selected White & Case to serve as counsel to the Committee to perform all of the services that are necessary and appropriate to discharge the Committee's responsibilities and further the interests of the Committee's constituents in the chapter 11 cases.

10. Subject to further order of this Court, White & Case will provide the following services:

  (a) assist and advise the Committee regarding its rights, powers, and duties under the Bankruptcy Code and in connection with these chapter 11 cases;

  (b) assist and advise the Committee in its consultations and negotiations with the Debtors concerning the administration of the chapter 11 cases;

  (c) assist and advise the Committee in its examination, investigation, and analysis of the acts, conduct, assets, liabilities, and financial condition of the Debtors, including without limitation, reviewing and investigating prepetition transactions, the operation of the Debtors' business, and the desirability of the continuance of such business;

  (d) assist and advise the Committee in the formulation, review, analysis, and negotiation of any chapter 11 plan(s) that have been or may be filed and assist the Committee in the formulation, review, analysis, and negotiation of the disclosure statement accompanying any chapter 11 plan(s);

4

(e) take all necessary action to protect and preserve the interests of the Committee and creditors holding general unsecured claims against the Debtors' estates, including (i) the investigation and possible prosecution of actions enhancing the Debtors' estates, and (ii) review and analysis of claims filed against the Debtors' estates;

(f) review and analyze motions, applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

(g) prepare on behalf of the Committee all necessary pleadings, applications, memoranda, orders, reports, and other papers, including, if applicable, any request for appointment of a trustee or examiner under section 1104 of the Bankruptcy Code, in support of positions taken by the Committee;

(h) represent the Committee at all court hearings, statutory meetings of creditors, and other proceedings before this Court;

(i) assist and advise the Committee in the review, analysis, and negotiation of any financing agreements;

(j) assist and advise the Committee as to its communications with its constituents regarding significant matters in these chapter 11 cases, including but not limited to, communications required under section 1102(b)(3) of the Bankruptcy Code; and

(k) perform such other legal services as required or otherwise deemed to be in the interests of the Committee in accordance with the Committee's powers and duties set forth in the Bankruptcy Code, the Bankruptcy Rules, or other applicable law.

**Professional Compensation**

11. White & Case has agreed to serve as counsel to the Committee and receive compensation and reimbursement in accordance with its standard billing practices for services rendered and expenses incurred on behalf of the Committee, in accordance with sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rule 2016-1, or as otherwise ordered by the Court. The Committee requests that all such compensation and reimbursement incurred by the Committee on account of services rendered by White & Case be paid as administrative expenses of the Debtors' estates pursuant to sections 328(a), 330, 331, 503(b), and

5

507(a)(2) of the Bankruptcy Code.

12. White & Case will charge its then current standard rate for the professional services that the White & Case has provided to date and will provide in the future. Currently, the hourly rates charged by White & Case in its U.S. offices range from $1,370 to $2,100 for partners, $1,310 for counsel, $740 to $1,270 for associates, and $215 to $640 for paraprofessionals. White & Case has advised the Committee that the hourly rates set forth above are subject to periodic review and adjustment in the normal course of the firm's business, typically on January 1st of each year, and due to the increased experience of a particular professional. Such adjustments were last made in January 2023. In the event that its billing rates increase, White & Case will provide notice of any rate increases in the fee statements in which such increased rates are in effect.

13. The hourly rates set forth above are White & Case's current standard rates and (as noted above) are subject to periodic adjustment in the ordinary course of business. These rates are set at a level designed to fairly compensate White & Case for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. White & Case also charges its clients in all areas of practice for expenses incurred in connection with each client's case. The expenses charged to clients include, among other things, printing and photocopying, postage and package delivery charges, e-discovery expenses, court fees, transcript costs, travel expenses, expenses for overtime meals, and computer-aided research. White & Case will seek reimbursement, subject to the Court's approval, for all such expenses incurred by White & Case on the Committee's behalf. All requests for reimbursement of expenses will be consistent with any guidelines established by the Court.

14. White & Case will apply to this Court for allowance of compensation for professional services rendered and reimbursement of expenses in accordance with sections 330

6

and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, any other applicable procedures and orders of the Court, for all professional services performed and expenses incurred in the chapter 11 cases.

15. Pursuant to Bankruptcy Rule 2016(b), White & Case has no agreement with any other entity to share any compensation received by White & Case, except as permitted under section 504(b)(1) of the Bankruptcy Code. White & Case has not received any promises as to payment or compensation in connection with the chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein.

16. White & Case did not receive any payments from the Debtors within the ninety (90) day period prior to the Petition Date.

**Basis For Relief**

17. Under section 1103 of the Bankruptcy Code, the Committee may, subject to approval by the Court, "select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee."

18. The Committee seeks to retain White & Case as counsel pursuant to sections 1103 and 328(a) of the Bankruptcy Code, which provides that the Committee, subject to Court approval:

> [M]ay employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328(a).

19. It is necessary and essential that the Committee, as a fiduciary for all creditors holding unsecured claims, employ counsel to render the aforementioned professional services. The Committee selected White & Case to serve as its counsel because it believes that White & Case is well positioned to provide the legal services that the Committee will require during these

7

chapter 11 cases. White & Case is one of the world's leading law firms, with extensive knowledge, experience, and expertise in representing stakeholders in chapter 11 cases, as set forth in the Pesce Declaration. White & Case also has extensive expertise in other fields of law that are implicated by the chapter 11 cases, including, among others, financial technology law, corporate law, commercial litigation, banking and finance law, and tax law.

20. Section 1103(b) of the Bankruptcy Code provides that an "attorney . . . employed to represent a committee appointed under section 1102 of this title may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case." 11 U.S.C. § 1103(b). As set forth in the Pesce Declaration, White & Case does not hold or represent any interest in the chapter 11 cases that is adverse to the Debtors, as required by section 1103(b) of the Bankruptcy Code. Moreover, to the best of the Committee's knowledge, except as stated in the Pesce Declaration, (i) to the extent applicable, White & Case is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code; (ii) neither White & Case nor its professionals have any connection with the Debtors, the creditors, or any other party in interest, their respective attorneys and accountants, the United States Trustee for Region 2 (the "**United States Trustee**"), or any person employed in the office of the United States Trustee; and (iii) White & Case does not hold or represent any interest adverse to the Committee in the matters for which it is to be retained. Accordingly, the Committee believes that White & Case is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code and utilized in section 328(c) of the Bankruptcy Code to the extent applicable to the Committee's retention of White & Case.

21. White & Case is expected to render such legal services as the Committee may consider necessary to discharge the Committee's responsibilities and further the interests of its

AMERICAS 120163393

constituents in these chapter 11 cases. Based upon the foregoing, the Committee submits that the retention of White & Case is necessary, appropriate, and in the best interests of its constituents. Additionally, ordering the Committee's retention of White & Case effective as of February 10, 2023 is appropriate. White & Case has been representing the Committee in connection with these chapter 11 cases since the date the Committee voted to retain White & Case to act as its counsel. The Committee believes that no party-in-interest will be prejudiced by the granting of the employment effective as of February 10, 2023, as provided in this Application, because White & Case has provided and continues to provide valuable services to the Committee.

## Notice

22. Notice of this Application has been provided to: (a) the Debtors; (b) the United States Trustee; (c) those creditors holding the fifty (50) largest unsecured claims against Debtors' estates (on a consolidated basis); (d) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

23. No previous application for the relief sought herein has been made by the Committee to this Court or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Committee respectfully requests that the Court grant the relief requested in this Application, enter the Proposed Order, and grant such other and further relief as is just and proper.

9

AMERICAS 120163393

Dated: March 16, 2023

                Respectfully submitted,

                **THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

                By: */s/ Richard R. Weston*
                Richard R. Weston
                Co-Chair, Official Committee of Unsecured Creditors