**Hearing Date: March 30, 2023 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline:  March 23, 2023 at 4:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: cshore@whitecase.com
          philip.abelson@whitecase.com
          david.turetsky@whitecase.com
          michele.meises@whitecase.com

– and –

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450
Email:  gregory.pesce@whitecase.com

*Proposed Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**NOTICE OF HEARING ON THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS' MOTION FOR ENTRY OF AN ORDER REQUIRING
THE REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION**

**PLEASE TAKE NOTICE** that a hearing on *The Official Committee of Unsecured Creditors' Motion for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (the "**Motion**") will be held on **March 30, 2023, at 11:00 a.m. (prevailing Eastern Time)** (the "**Hearing**").  In accordance with General Order M-543 dated March 20, 2020, the Hearing will be conducted remotely using Zoom for both telephonic and video appearances.  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl no later than 4:00 p.m. (prevailing Eastern Time), one business day prior to the Hearing.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Motion shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44]; (c) be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **March 23, 2023, at 4:00 p.m. (prevailing Eastern Time)**, by (i) the entities on the Master Service List available on the case website of the above-captioned debtors and debtors in possession (the

2

"**Debtors**") at https://restructuring.ra.kroll.com/genesis and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

      **PLEASE TAKE FURTHER NOTICE** that only those responses or objections that are timely filed, served, and received will be considered at the Hearing.  Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Committee.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll at https://restructuring.ra.kroll.com/genesis.  You may also obtain copies of the Motion and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

3

Dated:    March 16, 2023        /s/  Gregory F. Pesce
          New York, New York    **WHITE & CASE LLP**
                                J. Christopher Shore
                                Philip Abelson
                                David Turetsky
                                Michele J. Meises
                                1221 Avenue of the Americas
                                New York, New York 10020
                                Telephone: (212) 819-8200
                                Facsimile:  (212) 354-8113
                                E-mail:  cshore@whitecase.com
                                         philip.abelson@whitecase.com
                                         david.turetsky@whitecase.com
                                         michele.meises@whitecase.com

                                – and –

                                **WHITE & CASE LLP**
                                Gregory F. Pesce (admitted *pro hac vice*)
                                111 South Wacker Drive, Suite 5100
                                Chicago, Illinois 60606
                                Telephone: (312) 881-5400
                                Facsimile:  (312) 881-5450
                                E-mail:  gregory.pesce@whitecase.com

                                *Proposed Counsel to the Official Committee
                                of Unsecured Creditors*

AMERICAS 120438415

**Hearing Date: March 30, 2023 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 23, 2023 at 4:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
E-mail: cshore@whitecase.com
      philip.abelson@whitecase.com
      david.turetsky@whitecase.com
      michele.meises@whitecase.com

– and –

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450
E-mail:  gregory.pesce@whitecase.com

*Proposed Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
MOTION FOR ENTRY OF AN ORDER REQUIRING THE REDACTION
OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION**

The Official Committee of Unsecured Creditors (the **"Committee"**) appointed in the cases

of the above-captioned debtors and debtors in possession (collectively, the **"Debtors"**) respectfully

states as follows in support of this motion (the **"Motion"**):[2]

## Preliminary Statement

1.      The Debtors' forthcoming schedules of assets and liabilities and statements of

financial affairs (collectively, the **"Schedules and Statements"**)—as well as various other documents

to be filed in these chapter 11 cases—are expected to publicly identify the names, addresses, and

claim amounts of the hundreds of lenders that loaned cash or digital assets to the Debtors.  By the

Creditor Matrix Motion and the Redaction Motion (each as defined below), the Debtors have

requested authorization to redact the names, physical addresses, and e-mail addresses of certain

of the Debtors' lenders (the **"Confidential Information"**).

2.      With respect, the Creditor Matrix Motion and the Redaction Motion do not go far

enough and additional relief is necessary to maximize stakeholder recoveries in these cases.  More

specifically, the Creditor Matrix Motion and the Redaction Motion only seek to redact the

Confidential Information of individual creditors (i.e., the Debtors are not seeking relief with

respect to the names of institutional creditors, subject to a narrow exception in the Redaction

Motion for the contact information of those institutional creditors whose addresses are individual

home addresses).  There is no basis to differentiate between individual and institutional lenders;

whether a lender is an institution or an individual, that lender's Confidential Information is akin

---

[2]    The Committee intends to file a declaration of Mark Renzi, a Managing Director and the Head of Corporate
Finance Financial Institutions Group for Berkeley Research Group, LLC, the Committee's proposed financial
advisor, in support of this Motion (the **"Renzi Declaration"**).

2

to proprietary customer information, which is uniformly recognized as a valuable estate asset that warrants protection under section 107(b) of the Bankruptcy Code. Indeed, there is no reason that an investor would pay for an airline's frequent flier list or for a retailer's gift card holder roster if that information were available for free on the Court's docket. Moreover, the unique circumstances of cryptocurrency bankruptcy cases—where "phishing" and other improper conduct has occurred following the disclosure of confidential customer information—necessitates protection of this information under Bankruptcy Rule 1007 and section 107(c) of the Bankruptcy Code to protect both the lenders and individuals associated with the relevant lenders. Accordingly, the Court should grant this Motion to protect the intrinsic value of this sensitive commercial information, as well as to protect the personal and financial safety of the Debtors' lenders, who may face real and credible threats in the absence of the requested relief based on the experiences in other cryptocurrency bankruptcies.

3.    *First*, the Confidential Information of the Debtors' lenders (including lenders that are not subject to the filed Creditor Matrix Motion and the Redaction Motion) is commercially sensitive information, the disclosure of which could have significant, adverse effects on the Debtors' restructuring process and stakeholder recoveries. More specifically, much in the same way that the value of an airline is tied to the identities of its frequent fliers, and the value of a retailer is tied to gift-card holders, the value of the Genesis enterprise is tied to the Debtors' relationship with its lenders and the goodwill attendant thereto. After all, the Debtors operate a cryptocurrency trading lending platform, the value of which is linked to the preservation of the goodwill of its lenders who lent cash or cryptocurrency to the Debtors with the expectation that their identities would not be publicly released. The potential disclosure of the Confidential Information would impair the Debtors' relationships with their lenders, which would risk an

AMERICAS 120438415

exodus of those lenders to other cryptocurrency lending platforms at emergence. That potential exodus of lenders to competing cryptocurrency lending platforms or other digital asset-focused businesses would, therefore, impair the Debtors' forthcoming marketing process (where the Debtors' assets, including its lender list, are expected to be marketed to third parties for sale) and any potential reorganization (where the value of the lender list would inure to the lenders).

4.      *Second*, the disclosure of Confidential Information poses a credible risk of injury to individual lenders and the individuals associated with institutional lenders. In addition to violating pre-existing expectations of confidentiality, which are set forth in the Debtors' privacy policies, such disclosure could lead to "phishing" attempts, threats, and other impermissible conduct, such as hacking, blackmail, harassment, and stalking. This risk is not limited to individual creditors; it applies equally to individuals who are employed by, or associated with, institutional creditors. Therefore, it is necessary and appropriate for the Court to order the redaction of the Confidential Information under section 107(c) of the Bankruptcy Code.

5.      Accordingly, the Court should require the Debtors to redact the Confidential Information of (a) individual lenders, as contemplated by the Creditor Matrix Motion and the Redaction Motion, and (b) institutional lenders, as specifically requested by this Motion.

## Jurisdiction and Venue

6.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*, dated January 31, 2012 (the "**Standing Order**"). The Committee confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4

7.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

8.      The legal bases for the relief requested herein are sections 105(a) and 107 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1007 and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

### Background

9.      On January 19, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

10.     The Debtors' chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's *Order Directing Joint Administration of Related Chapter 11 Cases* [Docket No. 37], entered on January 26, 2023.

11.     On February 3, 2023, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed seven of the Debtors' unsecured creditors to serve as members of the Committee [Docket No. 55].

12.     On January 20, 2023, the Debtors filed the *Debtors' Motion for Entry of Interim and Final Orders Waiving the Requirement that Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors, in Lieu of Submitting a Formatted Mailing Matrix, (II) Authorizing the Debtors to File a Consolidated List of the Debtors Fifty (50) Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Granting Related Relief* [Docket No. 14] (the "**Creditor**

**Matrix Motion**").[3]  On January 27, 2023, the Court entered an order (the "**Interim Creditor Matrix Order**") authorizing the Debtors to, among other things, redact the names, home addresses, and e-mail addresses of individual (but not institutional) creditors, and the addresses and e-mail addresses (but not the names) of all other creditors, listed on the Debtors' consolidated creditors list or other documents filed with this Court on an interim basis pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1. [Docket No. 46].

13.    On February 8, 2023, the Debtors filed the *Debtors' Motion Pursuant to 11 U.S.C. §§ 107(b), 107(c), and 105(a) for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Information About the Confidential Parties Listed in the Debtors' Professional Retention Applications and Schedules* [Docket No. 67] (the "**Redaction Motion**"). The Redaction Motion seeks authorization for the Debtors to redact the names, addresses, and contact information of individual (but not institutional) creditors, the addresses and contact information (but not the names) of the institutional creditors whose addresses are individual home addresses, the names of potential counterparties to mergers and acquisitions, and the names of parties involved in confidential or sealed litigation or regulatory actions or proceedings.

14.    On January 27, 2023, the Bankruptcy Court entered an order extending the time to file the Schedules and Statements to March 9, 2023 [Docket No. 42], and on March 6, 2023, the

---

[3]    On March 3, 2023, the Ad Hoc Group of Genesis Lenders filed a joinder to the Creditor Matrix Motion, but requested that the Court "clarify that such relief applies to pleadings filed by all parties in these Chapter 11 Cases, and extends to all creditors' personally identifying information."  *Ad Hoc Group of Genesis Lenders' Joinder to Debtors' Motion for Entry of Interim and Final Orders Waiving the Requirements that Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors, in Lieu of Submitting a Formatted Mailing Matrix, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty (50) Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Granting Related Relief* ¶ 10 [Docket No. 115].

6

Debtors filed a notice stating that the Debtors and the U.S. Trustee agreed upon an additional extension of the time to file the Schedules and Statements to March 20, 2023 [Docket No. 119].

15.    On March 13, 2023, the Debtors, the Committee, and the U.S. Trustee entered into the *Stipulation and Agreed Order by and Among the Debtors, the Official Committee of Unsecured Creditors, and the Office of the United States Trustee Regarding the Redaction of Certain Personally Identifiable Information in the Debtors' Schedules and Statements*, which was approved by the Court that day [Docket No. 124] (the "**Stipulation and Order**").  Under the Stipulation and Order, the Debtors are required to redact the names, physical addresses, and e-mail addresses of all of the Debtors' creditors, regardless of whether the creditor is an individual or an institution, in the Schedules and Statements to be filed March 20, 2023, pending this Court's ruling on this Motion, the Creditor Matrix Motion, and the Redaction Motion.

### **Relief Requested**

16.    By this Motion, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), requiring (a) the Debtors to redact the Confidential Information, including from the Schedules and Statements and any other document or paper filed or to be filed by the Debtors with the Court in these chapter 11 cases and (b) all other parties in interest to redact the Confidential Information from any other document or paper such parties in interest file in these chapter 11 cases.  The Confidential Information would remain under seal and confidential through the conclusion of the Debtors' chapter 11 cases and would not be made available to any party other than the Court, the U.S. Trustee, the Committee, the Ad Hoc Group of Genesis Lenders represented by Proskauer Rose LLP[4] (the "**Ad Hoc Group of Genesis Lenders**") (on a confidential and professional eyes only basis), and any other party as may be ordered by the Court or agreed to by

---

[4]    *See Verified Statement Pursuant to Bankruptcy Rule 9019 of Ad Hoc Group of Genesis Lenders* [Docket No. 114].

AMERICAS 120438415

the Debtors and the Committee, in each case, under appropriate confidentiality agreements reasonably

satisfactory to the Debtors and the Committee.

## Basis for Relief

**I.    The Confidential Information Is Commercially Sensitive and Entitled to Protection Under Section 107(b) of the Bankruptcy Code.[5]**

19.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority

to issue orders that will protect entities from potential harm that may result from the disclosure of

certain confidential information:  "On request of a party in interest, the bankruptcy court shall . . .

protect an entity with respect to a trade secret or confidential research, development, or commercial

information . . . ."  11 U.S.C. § 107(b).  If the information sought to be protected satisfies any of

the categories specified in section 107(b), the court "has no discretion to deny the application."

*Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24,

27 (2d Cir. 1994); *see also Togut v. Deutsche Bank AG (In re Anthracite Cap., Inc.)*, 492 B.R. 162,

177-78 (Bankr. S.D.N.Y. 2013) ("[T]he Code mandates that a bankruptcy court grant the requested

relief if the information is 'confidential commercial information.'").  This represents an exception

to the general rule that court records are open to examination by the public.  *See Orion*, 21 F.3d at

27.

---

[5]    The Committee understands that the schedule of the largest unsecured creditors attached to certain of the Debtors' petitions initially included the names, contact information, and purported claim amounts.  The Committee further understands that the Debtors subsequently filed amended petitions, with a partially redacted schedule of the top creditors, removing certain Confidential Information from that schedule.  The Committee submits that the fact that the Debtors filed certain Confidential Information on the Court's docket and then refiled the relevant schedules without such Confidential Information on the Court's docket does not affect whether the Court should grant the requested relief.  Among other things, the Committee understands that the original petitions have been removed from the Debtors' claims and noticing website and are generally not available online.  While certain parties may have retained copies of the original versions of the petitions filed on the Court's docket, those materials are not, in the Committee's understanding, in general circulation.  Moreover, in light of the arguments set forth in this Motion, the Committee believes that the Debtors acted prudently to seek to limit the public dissemination of the Confidential Information set forth in the schedules originally attached to the petitions.

AMERICAS 120438415

20.     The reach of section 107(b) "goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing Ltd.,* 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).  Confidential commercial information has been defined as information that would cause "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor."  *Orion*, 21 F.3d at 27; *see also Anthracite*, 492 B.R. at 178 (finding that section 107(b) "protects parties from the release of information that could cause them harm or give competitors an unfair advantage") (quoting *Gowan v. Westford Asset Mgmt. LLC* (*In re Dreier, LLP*), 485 B.R. 821, 823 (Bankr. S.D.N.Y. 2013)).  However, because Congress used the word "or" to distinguish between trade secrets and commercial information, commercial information "need not rise to the level of a trade secret to qualify for protection under section 107(b)." *Anthracite,* 492 B.R. at 178.  Rather, a party seeking the protection of section 107(b) need only show that the information is "'confidential' and 'commercial' in nature." *Orion*, 21 F.3d at 27.

21.     Further, the mandate of section 107(b) includes situations where a bankruptcy court may reasonably determine that allowing disclosure of commercial information would have a "chilling effect" on business negotiations.  *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011).  Recently, in *In re Voyager Digital Holdings, Inc.*, the bankruptcy court authorized the redaction of the identities of certain potential transaction counterparties that had executed non-disclosure agreements in connection with an ongoing marketing process.  No. 22-10943 (MEW) (Bankr. S.D.N.Y. 2022), Docket No. 113 (authorizing debtors to file under seal certain declarations in support of debtors' retention applications and related documents containing names of potential transaction counterparties and customers).  Similarly, in *In re Cred Inc.*, the bankruptcy court entered an order, over the objection of the U.S. Trustee, permitting the debtors to "redact the

9

names, mailing addresses, and e-mail addresses of their customers, as well as the mailing and e-mail addresses of their individual creditors, on any documents [they file], including the schedules." Case No. 20-12836 (JTD) (Bankr. D. Del. 2020), Docket No. 264.  Overruling an objection by the U.S. Trustee to the *Cred* debtors' request to  redact of the names and addresses of institutional creditors, the court found:

> [B]ased on the evidence, I think there is at least some credible argument that the creditor list – which his [sic], also, in this case, the customer list of the – of the debtors is – has some intrinsic value, and that disclosure of that list could affect the ability of the debtors to market and sell that list as a part of their going toward a plan of reorganization here.
>
> So I will overrule the objection, so long as the U.S. Trustee is provided with all of the information regarding every single one of the Bitcoin holders, and that there is a mechanism . . . that allows for someone who can come forward and seek to obtain that list for a legitimate purpose can do so. . . .

Hr'g Tr. (Dec. 18, 2020) at 113:20–25; 114:1–16, *In re Cred Inc.*, No. 20-12836 (JTD) (Bankr. D. Del. Dec. 18, 2020), Docket No. 277.

22.    Here, the Debtors' prepetition business consisted of operating a cryptocurrency and digital assets lending platform.  *See Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* ¶¶ 12-19 [Docket No. 17] (the "**Islim Declaration**").  As described in the Islim Declaration, the Debtors historically lent and borrowed cash and digital assets from third parties and "generally permitted customers to enter into bespoke loan terms and structures specifically designed to meet their needs."  *Id.*  ¶¶ 12, 17-19.  Given the nature of this service, the vast majority of the Debtors' unsecured creditors are lenders that utilized the Debtors' lending platform prepetition.

23.    The lenders' Confidential Information is commercially sensitive information that will inure to the benefit of the lenders, as the fulcrum constituency in these cases.  The lenders are

10

akin to customers, whose confidential information is uniformly protected in other contexts.[6]  *See*

*Islim Declaration* ¶ 9 ("GGC is a private limited liability company organized under the laws of

Delaware that provides lending and borrowing services for digital assets and fiat currency

primarily to and from institutional and high net worth individual *customers*.") (emphasis added);

*id.* ¶¶ 17-18 (referring to loan counterparties as "customers").  But the value of the lenders'

Confidential Information to the estates depends upon it being kept private and confidential.

Indeed, the lenders' Confidential Information will have minimal, if any, value if it were broadly

disseminated to the Debtors' competitors, which would then have a nearly unfettered ability to

contact and, potentially, poach the Debtors' lenders.

24.    In light of the foregoing, the potential disclosure of the lenders' Confidential

Information is expected to have significant consequences for the success of these chapter 11 cases.

These chapter 11 cases are expected to result in either a sale of the Debtors' assets (including the

lenders' Confidential Information) to a third-party investor or, in the absence of a sale, a

reorganization of the business under the control of the Debtors' creditors.  Disclosure of the

lenders' Confidential Information would frustrate either outcome.  In a sale scenario, investors are

expected to pay less in a potential transaction if the lenders' Confidential Information (which

represents one of the most significant estate assets) is available for free on the Court's docket.

Similarly, disclosure of the lenders' confidential information would frustrate a reorganization

---

[6]    *See, e.g., In re Superior Air Charter, LLC*, Case No. 20-11007 (Bankr. D. Del. 2020), Docket No. 129 (authorizing debtor to file under seal schedule of assets and liabilities containing identity of customers); *In re Loot Crate, Inc.*, Case No. 149-11791 (Bankr. D. Del. 2019), Docket No. 37 (authorizing debtors to file all lists of customer creditors under seal); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (Bankr. S.D.N.Y. 2018), Docket No. 1301 (authorizing debtors to maintain under seal certain confidential information, including, among other things, information regarding customer and supplier relationships).

AMERICAS 120438415

because an otherwise valuable source of stakeholder recoveries—the lenders' Confidential Information—would be publicly available on the Court's docket.

25.     Disclosure of the lenders' Confidential Information would also likely impair stakeholder recoveries because it would impair goodwill between the Debtors and their lenders. The Debtors' lenders utilize cryptocurrency, and contracted with the Debtors, because of the privacy afforded by digital assets, as evidenced by the fact that the Debtors' privacy policies specifically provided that that such information would remain private and confidential.  *See Privacy Notice* (Jan. 23, 2023), https://genesistrading.com/legal/privacy-notice.  Disclosure—including attendant risks of "phishing" attempts, threats, and other impermissible conduct—would likely undermine the Debtors' relationships with such lenders.  The impairment of goodwill, in turn, would result in less attractive sale proposals and less reorganization value for distribution to the Debtors' creditors.

26.     The potential negative effect of disclosure of the lenders' Confidential Information is not idle speculation.  For example, in the Celsius Network bankruptcy cases, the court declined to redact the names of individual creditors or the names, physical addresses, and e-mail addresses of institutional creditors.  *See In re Celsius Network LLC*, 644 B.R. 276 (Bankr. S.D.N.Y. 2022). Following the *Celsius Network* court's decision, those cases have been marred by "phishing attempts" and other targeted attacks and threats.[7]  As stated in their *Fourth Supplemental Notice of Additional Phishing Attempts*, certain creditors received e-mails that "are ***not authorized messages*** from [the debtors or their] claims agent, and are ***strongly suspected to be phishing scams***

---

[7]    *See* Notice of Phishing Attempts (Nov. 30, 2002), Docket No. 1527; Supplemental Notice of Phishing Attempts, (Dec. 13, 2022), Docket No. 1681; Second Supplemental Notice of Additional Phishing Attempts (Jan. 22, 2023), Docket No. 1904; Third Supplemental Notice of Additional Phishing Attempts (Feb. 6, 2023), Docket No. 1992; Fourth Supplemental Notice of Additional Phishing Attempts (Feb. 15, 2023), Docket No. 2082.

AMERICAS 120438415

***containing links to malware or otherwise seeking to obtain personally identifiable information***

***and account information of customers***." *In re Celsius Network LLC*, 22-10964-MG (Bankr.

S.D.N.Y. Feb. 15, 2023), Docket No. 2082. The disclosure of customer information in the Celsius

Network cases has negatively affected customer goodwill, and the subsequent "phishing" attempts

have only further impaired customer goodwill. There is ample reason to expect that the disclosure

of the lenders' Confidential Information would lead to a similar outcome in these cases, which

would likely negatively affect stakeholder recoveries.

27.     Accordingly, the Confidential Information constitutes confidential commercial

information within the meaning of section 107(b) of the Bankruptcy Code, which must be

protected.[8]

## II.    Cause Exists to Redact the Confidential Information Pursuant to Section 107(c).

28.     Section 107(c) of the Bankruptcy Code provides that the "bankruptcy court, for

cause, may protect an individual, with respect to" certain types of information, including "[a]ny

means of identification (as defined in section 1028(d) of title 18)" to the extent the court finds that

"disclosure of such information would create undue risk of identity theft or other unlawful injury

to the individual or the individual's property." 11 U.S.C. § 107(c). Section 1028(d) of title 18,

in turn, defines "means of identification" as "any name or number that may be used, alone or in

conjunction with any other information, to identify a specific individual." 18 U.S.C. § 1028(d).

29.     The assessment of risk referenced in section 107(c) must be "forward-looking.

While a specific *potential* harm must be identified, the standard does not require evidence of

injury having occurred in the past or under similar circumstances." *In re Endo Int'l plc*, No. 22-

---

[8]    *See also* Fed. R. Bankr. P. 1007(j) ("On motion of a party in interest and for cause shown the court may direct the impounding of the lists filed under this rule, and may refuse to permit inspection by any entity. The court may permit inspection or use of the lists, however, by any party in interest on terms prescribed by the court.").

AMERICAS 120438415

22549, 2022 WL 16640880, at *8 (Bankr. S.D.N.Y. Nov. 2, 2022) (emphasis added) (quoting *In re Motion Seeking Access to 2019 Statements*, 585 B.R. 733, 751 (D. Del. 2018)).   All that is required is the identification of a "protectable risk of unlawful injury."  *Cf. Sec. Inv. Prot. Corp. v. Madoff Inv. Secs. LLC (In re Madoff)*, No. 08-01789, 2011 WL 1378602 at *3 (Bankr. S.D.N.Y. Apr. 12, 2011) (holding that defendants failed to establish that public disclosure of identifying information presented a "protectable risk of 'unlawful injury' to any of the individuals at issue").

30.      Here, the risk of injury to persons or their property from disclosure of the Confidential Information is not merely speculative.  The repercussions of the release of personal information in *Celsius*, discussed above, demonstrates that the risk of identity theft or other unlawful injury that section 107(c) was designed to prevent is real.   Nor are these concerns unique to individual creditors.  Individuals employed by, or associated with, institutional creditors are equally at risk of phishing, hacking, blackmail, harassment, stalking, or other injury to their person or property.  The names, addresses, and other personally identifiable information of individuals employed by, or associated with, institutional creditors is frequently available online.  Bad actors could easily identify such individuals and engage in impermissible conduct in the same manner as they would with individual creditors.  This is exactly the type of information that section 107(c) expressly protects by reference to section 1028(d) of title 18.  *See, e.g., In re Barbaran*, No. 06-00457-ELG, 2022 WL 1487066, at *4 (Bankr. D.C. May 9, 2022) ("The type of information protected under § 107(c) may 'include "*any name* or number that may be used, alone or *in conjunction with any other information*, to identify a specific individual.'") (emphasis added) (quoting *In re Motions Seeking Access to 2019 Statements*, 585 B.R. 733, 748 (Bankr. D. Del. 2018) (quoting 18 U.S.C. § 1028(d))).

14

31.     With respect to the risk of injury to property, it has been reported that, in 2022, "[h]ackers stole cryptocurrency from about 6,000 Coinbase accounts."  Scott Ikeda, *Coinbase Hack Attributed to a Multi-factor Authentication Flaw that Allowed Scammers to Steal Cryptocurrency from 6,000 Accounts*, CPO Magazine (Oct. 14, 2021).  These hackers "required personal information like email addresses, password, and phone number to complete the . . . hack," which they could have obtained through phishing or a social engineering campaign.  *Id.*; *see also Coinbase says hackers stole cryptocurrency from at least 6,000 customers*, Reuters (Oct. 1, 2021) ("The hackers needed to know the email addresses, passwords and phone numbers linked to the affected Coinbase accounts, and have access to personal emails . . . .").  As discussed above, such risk is not exclusive to individuals – even the FTX group experienced a massive theft, with hackers stealing $415 million of crypto.  *See In re FTX Trading Ltd.*, 22-11068-JTD (Bankr. D. Del. 2021), Docket No. 507.

32.     The Committee submits that the harm of disclosing the Confidential Information outweighs any harm that would be suffered by the Debtors, their estates, or any party in interest by redacting the Confidential Information of all creditors from the Schedules and Statements or otherwise in these chapter 11 cases.  There is no reason to put any lender at risk by publicly linking their identity and contact information with the amount of their respective claims.  Significantly, because the Confidential Information will be available in the unredacted copies of the Schedules and Statements that the Debtors will provide to the Court, the U.S. Trustee, the Committee, and counsel to the Ad Hoc Group of Genesis Lenders on a professional eyes only basis, the disclosure of the Confidential Information in a publicly filed document should not be required.

33.     Finally, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. §

15

105(a).  The Committee submits that the requested relief is both necessary and appropriate to carry out section 107 of the Bankruptcy Code.

34.      Accordingly, cause exists to redact the Confidential Information of lenders from the Schedules and Statements, regardless of whether the lenders are individuals or institutions.

### Notice

35.      Notice of this Motion will be provided to the following parties or their respective counsel:  (i) the U.S. Trustee; (ii) counsel to the Debtors; (iii) the Internal Revenue Service; (iv) the Securities and Exchange Commission, and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

36.      No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of this page intentionally left blank.]*

16

WHEREFORE, the Committee respectfully requests that the Court enter the Proposed

Order granting the relief requested herein and grant the Committee such other and further relief as

is just, proper, and equitable.

Dated: March 16, 2023                          Respectfully submitted,
       New York, New York

                                               By:  */s/ Gregory F. Pesce*  _____

                                               **WHITE & CASE LLP**
                                               J. Christopher Shore
                                               Philip Abelson
                                               David Turetsky
                                               Michele J. Meises
                                               1221 Avenue of the Americas
                                               New York, NY 10020
                                               Telephone: (212) 819-8200
                                               Facsimile:  (212) 354-8113
                                               E-mail: cshore@whitecase.com
                                                       philip.abelson@whitecase.com
                                                       david.turetsky@whitecase.com
                                                       michele.meises@whitecase.com

                                               – and –

                                               Gregory F. Pesce (admitted *pro hac vice*)
                                               111 South Wacker Drive, Suite 5100
                                               Chicago, IL 60606-4302
                                               Telephone: (312) 881-5400
                                               Facsimile: (305) 881-5450
                                               E-mail:  gregory.pesce@whitecase.com

                                               *Proposed Counsel to Official*
                                               *Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| Genesis Global Holdco, LLC, *et al.*,[1] | ) Case No. 23-10063 (SHL) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**ORDER GRANTING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**MOTION FOR ENTRY OF AN ORDER REQUIRING THE REDACTION**
**OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION**

Upon the motion (the "**Motion**")[2] of the Official Committee of Unsecured Creditors (the

"**Committee**") appointed in the cases of the above-captioned debtors and debtors in possession

(collectively, the "**Debtors**"), pursuant to sections 107(b) and (c) of the Bankruptcy Code and

Bankruptcy Rule 9018, for entry of an order requiring the Debtors to redact Confidential

Information from their Schedules and Statements; and the Court having jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Standing Order; and the Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157 and 1334(b)(2) and the Standing Order;

and the Court having found that it may enter a final order consistent with Article III of the United

States Constitution; and the Court having found that venue of this proceeding and the Motion in

this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that

the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

and other parties in interest; and the Court having found that notice of the Motion and opportunity

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number
(as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia
Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250
Park Avenue South, 5th Floor, New York, NY 10003.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

for a hearing on the Motion was appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor:

IT IS HEREBY ORDERED THAT:

1.    The Motion is granted to the extent set forth herein.

2.    The Debtors are hereby authorized and directed, pursuant to sections 107(b) and (c) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 1007 and 9018, to redact the Confidential Information of (i) individual creditors as well as (ii) institutional creditors, from (x) the Schedules and Statements and (y) any other document or paper the Debtors have filed or will file in these chapter 11 cases.

3.    All parties in interest are hereby authorized and directed, pursuant to sections 107(b) and (c) and 105(a) of the Bankruptcy Code, to redact the Confidential Information of (i) individual creditors as well as (ii) institutional creditors, from any document or paper such parties in interest have filed or will file in these chapter 11 cases.

4.    The Debtors shall provide unredacted copies of the Schedules and Statements and any other documents redacted pursuant to this Order to (i) the Court, (ii) the U.S. Trustee, (iii) the Committee, (iv) counsel to the Ad Hoc Group of Genesis Lenders (on a confidential and professional eyes only basis), and (v) any other party as may be ordered by the Court or agreed to by the Debtors and the Committee, in each case under appropriate confidentiality agreements reasonably satisfactory to the Debtors and the Committee.

AMERICAS 120438415

5.     The Debtors shall submit unredacted copies of the Schedules and Statements, and the Debtors or any party in interest, as applicable, shall submit unredacted copies of any other document or paper redacted pursuant to this Order, to the Clerk of the Court under seal in an envelope, clearly indicating that the same has been filed under seal by order of this Court and may not be unsealed until and unless permitted by further order of this Court.

6.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entirety; and (ii) the Debtors are not subject to any stay in implementation, enforcement, or realization of the relief granted in this Order.

7.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge

AMERICAS 120438415