**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**GLOBAL NOTES AND STATEMENT OF**
**LIMITATIONS, METHODOLOGY AND DISCLAIMERS**
**REGARDING THE DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Genesis Global Holdco, LLC and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (each a "Debtor" and collectively, the "Debtors," and the cases, the "Chapter 11 Cases")), have filed these respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Court").  The Debtors, with the assistance of their legal and financial advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code (the "Bankruptcy Code"), rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 1007–1 of the Bankruptcy Local Rules for the Southern District of New York (the "Local Rules").

These *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements.  The Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.[2]  In the event that the Schedules and/or Statements differ from these Global Notes, the Global Notes control.

Mr. A. Derar Islim, Interim Chief Executive Officer of Genesis Global Holdco, LLC, has signed each set of the Schedules and Statements.  Mr. Islim is an authorized signatory for each of the Debtors.  In reviewing and signing the Schedules and Statements, Mr. Islim has necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements.  The fact that the Debtors have prepared a Global Note with respect to any of individual Debtor's Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any of the Debtors' other Schedules and Statements, as appropriate.

Debtors' legal and financial advisors. Mr. Islim has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor contact information.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors have made commercially reasonable efforts to ensure the accuracy and completeness of the Schedules and Statements, subsequent information or discovery may result in material changes to the Schedules and Statements. As a result, inadvertent errors or omissions may exist. For the avoidance of doubt, the Debtors hereby reserve all of their rights, including to amend and/or supplement the Schedules and Statements, as may be necessary or appropriate.

The Debtors and their agents, attorneys, and financial advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein and will not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein. While commercially reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys, and financial advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law. In no event will the Debtors or their agents, attorneys, and/or financial advisors be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, and financial advisors are advised of the possibility of such damages.

Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

**The Schedules and Statements and these Global Notes should not be relied upon by any person or information relating to current or future financial conditions, events, or performance of any of the Debtors.**

## Global Notes and Overview of Methodology

1. **Description of Cases.** On January 19, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[3] The Debtors' Chapter 11 Cases are being jointly administered for procedural purposes only under lead case *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y.).

---

[3]    Copies of publicly filed documents in these chapter 11 cases are available at https://restructuring.ra.kroll.com/genesis/ (free of charge) or the Court's website at https://www.nysb.uscourts.gov/ecf-and-pacer-information (for a fee).

The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On February 3, 2023, the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 55] (the "Committee").  The information provided herein, except as otherwise noted, is reported as of the close of business on the Petition Date.

2.  **Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors or omissions may exist.  The Debtors reserve all rights to:  (i) amend and/or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to amend the Schedules and Statements with respect to the description, designation, or Debtor against which any claim ("Claim")[4] is asserted; (ii) dispute or otherwise assert offsets, setoffs, or other defenses to any Claim reflected or not reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; (iii) subsequently designate any Claim as "disputed," "contingent," or "unliquidated"; or (iv) object to the extent, validity, enforceability, priority, or avoidability of any Claim (regardless of whether of such Claim is designated in the Schedules and Statements as "disputed," "contingent," or "unliquidated").  Any failure to designate a Claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such Claim or amount is not "disputed," "contingent," or "unliquidated" or a waiver of any right to later object to any claim on any grounds.  Listing a Claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, in each case, by the Debtor against which the Claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to the Debtors' Chapter 11 Cases, including, without limitation, issues involving or defenses against Claims, substantive consolidation, defenses, statutory, equitable subordination, characterization or recharacterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation or rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.  Notwithstanding the foregoing, the Debtors shall not be required to update the Schedules and Statements.

(a)  **No Admission.**  Nothing contained in the Schedules and Statements, or the omission of any information in the Schedules or Statements, is intended as, or should be construed as, an admission or stipulation as to any matter addressed in the Schedules or Statements, including as to the validity or priority of any Claim against any Debtor, the status of any Person identified or not identified in the Schedules or Statements (including whether or not a Person is or is not an insider as that term is defined in the Bankruptcy Code) or any assertion made therein or

---

[4]    For the purposes of these Global Notes, the term Claim shall have the meaning as defined under section 101(5) of the Bankruptcy Code.

herein, or a waiver of any Debtor's rights to dispute any Claim or assert any cause of action or defense against any Person.

**(b)**    **Recharacterization.**  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the Claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  Nevertheless, due to the complexity of the Debtors' businesses, the Debtors may not have accurately characterized, classified, categorized, or designated certain items and/or may have omitted certain items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as necessary or appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired postpetition.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

**(c)**    **Classifications.**  Listing (i) a Claim on Schedule D as "secured," (ii) a Claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to dispute the characterization or classification of such Claims or contracts or to setoff such Claims, as appropriate, or that such Claim is not subject to objection.   Failure to designate a claim on a given Debtor's Schedules as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated" or that such claim is not subject to objection.

**(d)**    **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make commercially reasonable estimates and assumptions with respect to the reported amounts of certain assets and liabilities, the disclosure of certain contingent assets and liabilities, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.  The Debtors reserve their rights to amend the reported amount of assets, liabilities, revenues, and expenses to reflect changes in those estimates or assumptions.

**(e)**    **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers.  The Debtors reserve all rights with respect to any causes of action (including avoidance actions), controversy, right of setoff, cross claim, counterclaim, or recoupment and any Claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit,

obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law they may have (collectively, "Causes of Action"), and neither the Global Notes nor the Schedules and Statements shall be deemed a waiver of any such Claims, Causes of Action, or avoidance actions or in any way prejudice or impair the assertion of such Claims or Causes of Action.

(f)     **Property Rights.**  Exclusion of certain property, including, but not limited to, intellectual property, from the Schedules and Statements shall not be construed to be an admission that such property rights have been abandoned, have been terminated, or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain property, including, but not limited to, intellectual property, shall not be construed to be an admission that such property rights have not been abandoned, have not been terminated, or otherwise have not expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all property rights, including but not limited to, intellectual property rights.

(g)     **Cryptocurrency.**  Certain of the Debtors' assets are cryptocurrencies, or digital tokens, based on a publicly accessible blockchain.  Cryptocurrencies are unique assets.  Certain laws and regulations that may be applicable to cryptocurrencies do not contemplate or address unique issues associated with the cryptocurrency economy, are subject to significant uncertainty, and vary widely across U.S. federal, state, and local and international jurisdictions.  The Debtors make no representations or admissions concerning the status of cryptocurrency as a "security" under any state, federal, or local domestic or international statute, including United States federal securities laws, and reserve all rights to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

(h)     **Insiders.**  In instances where the Schedules and Statements require information regarding "insiders," the Debtors have included information with respect to the individuals and entities who the Debtors believe may be included in the definition of "insider" set forth in section 101(31) of the Bankruptcy Code during the relevant time periods.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is for informational purposes and is not intended to be, nor should it be, construed as an admission that those parties are insiders for purpose of section 101(31) of the Bankruptcy Code.  Information regarding the individuals or entities listed as insiders in the Schedules and Statements may not be used for:

5

(a) the purposes of determining (i) control of the Debtors; (ii) the extent to which any individual or entity exercised management responsibilities or functions; (iii) corporate decision-making authority over the Debtors; or (iv) whether such individual or entity could successfully argue that it is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (b) any other purpose. Furthermore, the listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed an admission of any fact, right, claim, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

3.    **Methodology.**

(a)    **Basis of Presentation.** Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements. The Schedules and Statements have not, however, been subject to procedures that would typically be applied to financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") or International Financial Reporting Standards ("IFRS") and are not intended to reconcile fully with any financial statements of each Debtor prepared under GAAP or IFRS. Therefore, combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that are substantially different from financial information that would be prepared on a consolidated basis under GAAP or IFRS. For financial reporting purposes, prior to the Petition Date, the Debtors prepared financial statements on a consolidated basis. Unlike the consolidated financial statements, the Schedules and Statements, except where otherwise indicated, reflect the assets and liabilities of each separate Debtor. Moreover, given, among other things, the uncertainty surrounding the valuation, collection, and ownership of certain assets and the valuation and nature of certain liabilities, to the extent that a Debtor shows more assets than liabilities, it is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date. Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date. For the avoidance of doubt, nothing contained in the Schedules and Statements is indicative of the Debtors' enterprise value. The Schedules and Statements contain unaudited information that is subject to further review and potential adjustment.

(b)    **Confidential or Sensitive Information.** There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, the nature of an agreement between a Debtor and a third party, local restrictions on disclosure, concerns about the confidential or commercially sensitive nature of certain information (e.g. names, physical addresses and other information), or concerns for the privacy of an individual. The alterations will be limited to only what is necessary to protect the Debtor or applicable third party and in accordance with any order of the Court determining the appropriate scope of redactions in the Schedules and Statements. All such

redacted information shall be made available as directed by orders of the Court or to the individual customer or creditor scheduled, as applicable.

(c)    **Duplication.**  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in response to multiple parts of the Schedules and Statements.  Except as otherwise discussed below, to the extent these disclosures would be duplicative, the Debtors have determined to only list such assets, liabilities, and prepetition payments once.

(d)    **Net Book Value.**  In certain instances, current market valuations for certain assets are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values.  Market values may vary, sometimes materially, from net book values.  The Debtors believe that it would be prohibitively expensive, unduly burdensome, and an inefficient use of estate assets for the Debtors to obtain the current market values of their property.  Accordingly, the Debtors have indicated in the Schedules and Statements that the values of certain assets and liabilities are undetermined or unknown.  For this reason, amounts ultimately realized will vary, potentially materially, from net book values.

Certain other assets, such as investments in subsidiaries and other intangible assets, are listed at undetermined amounts, as the net book values may differ materially from fair market values.  Amounts ultimately realized may vary from net book value (or whatever value was ascribed) and such variance may be material.  Accordingly, the Debtors reserve all of their rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

In addition, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements or are listed with a zero-dollar value, as such assets have no net book value.  The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.  Given, among other things, the current market valuation of certain assets and the valuation and nature of certain liabilities, nothing in the Schedules and Statements shall be, or shall be deemed to be, an admission that any Debtor was solvent or insolvent as of the Petition Date.

(e)    **Property.**  The Debtors' office property leases are set forth on Schedule G. Nothing in the Schedules and Statements is or shall be construed as an admission as to the determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all of their rights with respect to same.

(f) **Allocation of Liabilities.** The Debtors, in consultation with their advisors, have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change. The Debtors reserve the right to amend and/or supplement the Schedules and Statements as they deem appropriate in this regard.

The liabilities listed on the Schedules and Statements do not reflect any analysis of claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve all of their rights to amend, supplement, or otherwise modify the Schedules and Statement as is necessary or appropriate. Further, the Debtors reserve all rights to dispute or challenge the validity of any asserted claims under section 503(b)(9) of the Bankruptcy Code or the characterization of the structures of any such transaction or any document or instrument related to any creditor's claim.

(g) **Undetermined Amounts.** The description of an amount as "unknown" or "undetermined" is not intended to reflect upon the materiality of such amount.

(h) **Unliquidated Claim Amounts.** Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

(i) **Totals.** All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements. To the extent there are unknown or undetermined amounts, the actual totals may be different than the listed totals.

(j) **Valuation of Cryptocurrency.** Cryptocurrency amounts are generally listed by coin amount rather than a conversion to price in U.S. dollars. To the extent cryptocurrency values are presented in U.S. dollars, they reflect the valuation as set forth in the Debtors' books and records as of the Petition Date or the time of the relevant transaction, as applicable. Actual net realizable value may vary significantly. The Debtors reserve all rights in this respect with such values presented in the Schedules and Statements.

Should the Debtors' plan of reorganization require Claims based in cryptocurrency to be paid out in U.S. dollars, the following conversion chart produced by the Debtors listing the types of cryptocurrency held and the valuation as of 11:11pm EST on January 19, 2023 shall be used to determine the U.S. dollar equivalent amount.

| Cryptocurrency | | Conversion Rate to USD as of January 19, 2023 at 11:11pm ET |
|---|---|---|
| 1INCH | 1inch Network | $0.45 |
| AAVE | AAVE | $81.34 |
| ADA | Cardano | $0.3394 |

| | | |
|---|---|---|
| ALCX | Alchemix | $16.34 |
| ALGO | Algorand | $0.2199 |
| AMP | Amp | $0.00474 |
| ANKR | Ankr | $0.02344 |
| APE | ApeCoin | $4.987 |
| ATOM | Cosmos | $12.168 |
| AVAX | Avalanche | $16.18 |
| AXS | Axie Infinity | $8.37 |
| BAL | Balancer | $6.558 |
| BAT | Basic Attention Token | $0.24002 |
| BCH | Bitcoin Cash | $121.55 |
| BNB | Binance Coin | $294 |
| BNBW_BSC | Wrapped Binance Coin | $0 |
| BNT | Bancor | $0.39 |
| BSV | Bitcoin SV | $43.06 |
| BTC | Bitcoin | $21091.98 |
| BUSD | Binance USD | $1 |
| BUSD_BSC | Binance USD_Binance Smart Chain | $0 |
| CHZ | Chiliz | $0.1278 |
| COMP | Compound | $48.4 |
| CRV | Curve DAO Token | $0.9263 |
| DAI | Multi Collateral Dai | $0.9998 |
| DASH | Dash | $49.06 |
| DOGE | DogeCoin | $0.08148 |
| DOT | Polkadot | $5.864 |
| DPX | Dopex | $0 |
| EOS | EOS | $0.9796 |
| ETC | Ethereum Classic | $20.73 |
| ETH | Ethereum | $1554.65 |
| ETHE | Grayscale Ethereum Trust | $7.85 |
| ETHW | EthereumPoW | $3.84 |
| FET | Fetch.ai | $0.2741 |
| FIL | Filecoin | $4.399 |
| FLOW | Flow | $1.025 |
| FTM | Fantom | $0.30393 |
| FTT | FTX Token | $2.27 |
| GALA | Gala | $0.04558 |
| GBTC | Grayscale Bitcoin Trust | $11.46 |
| GLMR | Moonbeam | $0.3929 |
| GRT | The Graph | $0.0787 |
| GUSD | Gemini Dollar | $1 |
| HBAR | Hedera | $0.0612 |
| HNT | Helium | $2.9796 |
| INJ | Injective | $1.537 |
| KNC | Kyber Network Crystal v2 | $0.804 |
| KNC | Kyber Network Crystal | $0.804 |

| | | |
|---|---|---|
| KSM | Kusama | $33.59 |
| LINK | Chainlink | $6.496 |
| LPT | Livepeer | $5.501 |
| LRC | Loopring | $0.2589 |
| LTC | Litecoin | $84.11 |
| LUNA | Terra | $0.00017375 |
| LUNC | Terra Classic | $0 |
| MANA | Decentraland | $0.6451 |
| MATIC | Polygon | $0.9531 |
| MKR | Maker | $661.19 |
| NEAR | Near | $2.098 |
| NEO | Neo | $7.45 |
| NU | NuCypher | $0.1335 |
| OMG | OMG Network | $1.2462 |
| OXT | Orchid | $0.0757 |
| PAXG | PAX Gold | $1907 |
| POLY | Polymath | $0.1738 |
| RBN | Ribbon Finance | $0.199 |
| REN | Ren | $0.072 |
| RLY | Rally | $0.0098 |
| SAND | The Sandbox | $0.7014 |
| SGB | Songbird | $0 |
| SHIB | Shiba Inu | $0.0000115 |
| SKL | Skale | $0.02727 |
| SNX | Synthetix | $2.24772 |
| SOL | Solana | $21.28 |
| SRM | Serum | $0.424 |
| STORJ | Storj | $0.33317 |
| SUSHI | SushiSwap | $1.1973 |
| TOKE | Tokemak | $0.99 |
| TRX | Tron | $0.06 |
| UMA | UMA | $1.81 |
| UNI | Uniswap | $6.189 |
| USDC | USD Coin | $1.00151 |
| USDP | Pax Dollar | $1 |
| USDT | Tether | $0.99998 |
| USTC | TerraClassicUSD | $0.0219 |
| WBTC | Wrapped Bitcoin | $21079.18 |
| WLUNA | Wrapped Terra | $0 |
| XEC | eCash | $0 |
| XLM | Stellar | $0.084244 |
| XRP | XRP | $0.39088 |
| XTZ | Tezos | $0.999 |
| YFI | Yearn.Finance | $6736.54 |
| ZEC | Zcash | $45.07 |
| ZEN | Horizen | $9.88 |

| ZRX | 0x | $0.20248 |
|---|---|---|

**(k)**     <u>**Paid Claims.**</u>   Pursuant to certain orders of the Court entered in the Debtors' chapter 11 cases entered shortly after the Petition Date (each, a "<u>First Day Order</u>" and collectively, the "<u>First Day Orders</u>") as well as other orders of the Court, the Debtors have authority to pay certain outstanding prepetition payables; as such, outstanding liabilities may have been reduced by any court-approved postpetition payments made on prepetition payables. Where and to the extent these liabilities have been satisfied, they are not listed in the Schedules and Statements, unless otherwise indicated. Regardless of whether such claims are listed in the Schedules and Statements, to the extent the Debtors later pay any amount of the claims listed in the Schedules and Statements pursuant to any orders entered by the Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or to take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payments for liabilities. Nothing contained herein should be deemed to alter the rights of any party in interest to contest a payment made pursuant to an order of the Court where such order preserves the right to contest such payment.

**(l)**     <u>**Intercompany Receivables and Payables.**</u>   Receivables and payables among the Debtors and among the Debtors and their non-Debtor affiliates are reported on Schedule A/B and Schedule E/F, respectively, per the Debtors' books and records. Intercompany loan amounts scheduled may include accrued and unpaid interest. The listing of any amounts with respect to such receivables and payables is not, and should not be construed as, an admission or conclusion of the Debtors' regarding the allowance, classification, validity, or priority of such account or characterization of such balances as debt, equity, or otherwise. For the avoidance of doubt, the Debtors reserve all rights, claims, and defenses in connection with any and all intercompany receivables and payables, including with respect to the characterization of intercompany claims, loans, and notes.

As described more fully in the Debtors' *Motion For Entry Of Interim And Final Orders (I) Authorizing Debtors To Continue To Operate The Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, And Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions And Granting Certain Administrative Claims; (III) Extending The Time To Comply With The Requirements Of Section 345 Of The Bankruptcy Code; And (IV) Granting Related Relief* [Docket No. 15] (the "<u>Cash Management Motion</u>"), the Debtors engage in a range of intercompany transactions in the ordinary course of business. Pursuant to the second interim order granting certain of the relief requested in the Cash Management Motion on an interim basis [Docket No. 99] (the "<u>Cash Management Order</u>"), the Bankruptcy Court has granted the Debtors authority to continue these intercompany transactions in the ordinary course of business on an interim basis.

Thus, intercompany balances as of the Petition Date, as set forth in Schedule E/F or Schedule A/B 77, may not accurately reflect current positions.

**(m)** **Guarantees and Other Secondary Liability Claims.** The Debtors have exercised reasonable efforts to locate and identify guarantees in their executory contracts, unexpired leases, and other such agreements. The Debtors may have inadvertently omitted guarantees embedded in their contractual agreements and may identify additional guarantees as they continue their review of their books and records and contractual agreements. The Debtors reserve their rights, but are not required, to amend the Schedules and Statements if additional guarantees are identified.

**(n)** **Excluded Assets and Liabilities.** The Debtors have excluded certain categories of assets, tax accruals, and liabilities from the Schedules and Statements, including without limitation, accrued salaries and employee benefit accruals. In addition, and as set forth above, the Debtors may have excluded amounts for which the Debtors have paid or have been granted authority to pay pursuant to the First Day Orders or other order that may be entered by the Court. Additionally, certain immaterial or *de minimis* assets and liabilities may have been excluded.

**(o)** **Currency.** Unless otherwise indicated, all amounts are reflected in U.S. dollars or amount of cryptocurrency coins.

**(p)** **Setoffs.** The Debtors may incur certain setoffs and other similar rights during the ordinary course of business. Setoffs in the ordinary course can result from various items, including, without limitation, margin call or other lending-related transactions, intercompany transactions, and other disputes between the Debtors and their customers and/or suppliers. These setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industry and may not be tracked separately. Therefore, although such setoffs and other similar rights may have been included in the Schedules, other setoffs are not independently accounted for, or may not have occurred by the Petition Date and as such, may be excluded from the Schedules. The Gemini Collateral as defined in the Restructuring Term Sheet, filed with the court on 2/10/23 Doc 80, is reflected as an offset to the overall Gemini claim in the amount of $354,180,262. The Debtors reserve all rights related to any purported exercise of remedies by Gemini.

**(q)** **Claims and Causes of Action.** The Debtors, despite reasonable efforts, may not have identified and/or set forth all of their Causes of Action or potential Causes of Action against third parties as assets in their Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets or avoid transfers. The Debtors reserve all of their rights with respect to any Claims, Causes of Action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

(r)  **Executory Contracts.**  Although the Debtors made diligent efforts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Certain information, such as the contact information of the counterparty, may not be included where such information could not be obtained using the Debtor's reasonable efforts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract is an executory contract or that such contract or agreement was in effect on the Petition Date or is valid or enforceable.  The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G.

The contracts and agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, supplements, letters, memoranda and other documents, instruments, and agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents.  Certain of the contracts and agreements listed on Schedule G may also consist of several parts, including purchase orders, letters and other documents that may not be listed on Schedule G or that may be listed as a single entry.  Unless otherwise specified on Schedule G, each executory contract listed thereon shall include all exhibits, schedules, riders, modifications, memorandums, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract, without respect to whether such agreement, instrument, or other document is listed thereon.  The Debtors expressly reserve their rights to challenge whether such related materials constitute an executory contract, a single contract or agreement, or multiple, severable or separate contracts.

The Debtors reserve all of their rights with respect to the executory contracts, including the right to amend Schedule G.

(s)  **Umbrella or Master Agreements.**  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements have been listed in the Schedules and Statements only of the Debtor that signed the original umbrella or master agreement.  The master service agreements have been listed in Schedule G, but do not reflect any decision by the Debtor as to whether or not such agreements are executory in nature.

(t)  **Credits and Adjustments.**  The Claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and vendor payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, or

13

other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a post-petition basis.

(u)     **Payments.**  The financial affairs and businesses of the Debtors are complex.  Prior to the Petition Date, the Debtors and their non-Debtor affiliates maintained a cash management and disbursement system in the ordinary course of their businesses, as described in the Cash Management Motion (as defined herein).  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such payment to a different legal entity, if appropriate.

(v)     **Litigation.**  Certain litigation actions reflected as claims against a particular Debtor may related to one or more of the other Debtors.  The Debtors made reasonable efforts to accurately record those certain litigation actions (the "Litigation Actions") in the Schedules and Statements of the Debtor(s) that is the party to the Litigation Action.  The inclusion of any Litigation Action in these Schedules and Statements does not constitute an admission by the Debtors of liability, the validity of any Litigation Action or the amount of any potential claim that may result from any claims with respect to any Litigation Action, or the amount, priority and/or treatment of any potential claim resulting from any Litigation Action currently pending or that may arise in the future.

4.     **Specific Schedules Disclosures.**

(a)     **Schedule A/B, Question 3 – Checking, Savings, Money Market, or Financial Brokerage Accounts.**  Amounts listed are as of the Petition Date for the corresponding Debtor and reflect the actual bank balance, not the net book value.

(b)     **Schedule A/B, Question 15 – Non-Publicly Traded Stock.**  Equity interests in subsidiaries and affiliates primarily arise from common stock ownership or member or partnership interests.  For purposes of these Schedules, the Debtors have listed an undetermined value for the equity interests of all subsidiaries and affiliates.  Nothing in these Schedules is an admission or conclusion of the Debtors regarding the value of such subsidiary and affiliate equity interests, which, under certain fair market or enterprise valuation analyses, may have value.

Book values of assets prepared in accordance with GAAP generally do not reflect the current performance of the assets or the impact of the industry environment and may differ materially from the actual value and/or performance of the underlying assets.  As such, the value listed in these Schedules and Statements cannot be, and was not, used to determine the Debtors' enterprise valuation.

(c)     **Schedule A/B, Question 55 – Real Property.**  The Debtors do not own any real property.  The Debtors' office and other property leases are set forth on Schedule G.

(d)     **Schedule A/B, Question 72 – Tax Refunds and Unused Net Operating Losses (NOLs).**  The Debtors' response to the schedule question is indicative of certain gross non-tax effected net operating loss ("NOL") values as compared to the GAAP net deferred tax assets associated with such NOLs. The actual tax savings from these NOLs is dependent upon, among other things, the timing, character, and amount of any future or previous years' (provided NOLs are allowed to be carried back) income to which they can be applied. Amounts also do not reflect the consideration of any valuation allowances recorded pursuant to GAAP, which have the effect of reducing associated deferred tax assets.

(e)     **Schedule A/B, Question 73 – Interests in insurance policies or annuities.**  The Debtors have included a listing of their insurance policies in response to Question 73, however, a determination as to the surrender or refund value of each of the insurance policies has not been made and, therefore, the balance is listed as undetermined.

(f)     **Schedule A/B, Question 77 – Other property of any kind not already listed.**  Schedule A/B, Question 77 lists, among other things, the Debtors' cryptocurrency, or digital tokens, assets based on a publicly accessible blockchain in Rider 2.  The amounts listed in Rider 3 include collateral posted by the Debtors related to certain borrowings from counterparties.  All figures set forth in Schedule A/B, Question 77 are preliminary, unreviewed, and unaudited and are subject to final adjustments following, *inter alia*, completion of quarterly and year-end close procedures.

The listing by the Debtors of any account between a Debtor and another Debtor or between a Debtor and a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account.  The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a Claim, an Interest, or not allowed at all.  The Debtors and all parties in interest reserve all rights with respect to such accounts.

(g)     **Schedule D – Creditors Who Have Claims Secured by Property.**  Except as otherwise agreed pursuant to a stipulation, or agreed order, or general order entered by the Court that is or becomes final, the Debtors and their estates reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to any creditor of any Debtor.  The Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's Claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's Claim.

The Debtors have not included on Schedule D parties that may believe their Claims are secured through setoff rights or inchoate statutory lien rights.

(h)     **Schedule E/F – Creditors Who Have Unsecured Claims.**  The listing of any Claim on Schedule E/F does not constitute an admission by the Debtors that such

Claim or any portion thereof is entitled to priority treatment under section 507 of the Bankruptcy Code. The Debtors reserve all of their rights to dispute the amount and/or the priority status of any Claim on any basis at any time.

***Part 1 - Creditors with Priority Unsecured Claims.*** Pursuant to the *Final Order Authorizing the Payment of Certain Taxes and Fees* [Docket No. 97] (the "Taxes Order"), the Court granted the Debtors authority to pay, in their sole discretion, certain tax liabilities and regulatory fees, including certain business licensing fees, that accrued prepetition. Accordingly, any unsecured priority claims based upon prepetition tax accruals that have been or will be paid pursuant to the Taxes Order are not listed in Schedule E.

Furthermore, pursuant to the *Final Order (I) Authorizing Genesis Asia Pacific Pte. Ltd To (A) Pay Certain Employee Wages And Other Compensation And Related Obligations And (B) Maintain And Continue Employee Benefits And Programs In The Ordinary Course, And (II) Authorizing And Directing Applicable Banks To Honor All Transfers Related To Such Obligations* [Docket No. 100] (the "Wages Order"), the Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, and other compensation, reimbursable employee expenses, and employee medical and similar benefits, in the ordinary course of business. The Debtors believe that all such Claims have been, or will be, satisfied in the ordinary course during their Chapter 11 Cases pursuant to the authority granted in the Wages Order, and such satisfied amounts are not set forth on Schedule E.

The listing of a claim on Schedule E/F, Part 1 does not constitute an admission by the Debtors that such claim or any portion thereof is entitled to priority status.

***Part 2 - Creditors with Nonpriority Unsecured Claims.*** The liabilities identified in Schedule E/F, Part 2 are derived from the Debtors' books and records. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of Claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities may not reflect the correct amount of any unsecured creditor's allowed Claims or the correct amount of all unsecured Claims. Certain creditors listed on Schedule E/F may owe amounts to the Debtors and, as such, the Debtors may have valid setoff or recoupment rights with respect to such amounts, including on account of outstanding cryptocurrency or other loans. The amounts listed on Schedule E/F may not reflect any such right of setoff or recoupment and the Debtors reserve all rights to assert any such setoff or recoupment rights.

Schedule E/F, Part 2 contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and are marked as contingent, unliquidated, and disputed in the Schedules and Statements. In certain instances, the date on which a litigation claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F, Part 2 was incurred or arose would be unduly burdensome and

prohibitively costly and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F, Part 2.

Schedule E/F, Part 2 may also reflect prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F, Part 2 does not include rejection damage claims, to the extent such damage claims exist, of the counterparties to the executory contracts and unexpired leases that have been or may be rejected.

Schedule E/F, Part 2 does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

(i)     **Schedule G – Executory Contracts and Unexpired Leases.** While reasonable efforts have been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. The Debtors reserve all rights to supplement or amend Schedule G as necessary.

Certain relationships between the Debtors and their vendors and account holders may be governed by a master services agreement, under which counterparties may place purchase orders or other ancillary agreements which may be considered executory contracts.

Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements and letter agreement, which documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

In some cases, the same counterparty may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and such supplier or provider.

The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission.

5.     **Specific Statements Disclosures.**

(a)     **Statement Question 3 – Payments to Creditors.**   All accounts payable disbursements listed in Statement Question 3 are made through the Debtors' cash management system, more fully described in the Cash Management Motion. Dates listed in Statement Questions 3 reflect the dates upon which the Debtor transferred funds to the relevant payee or disbursing agent. Certain disbursements may be excluded from Statement 3, such as disbursements to retained professionals (reported elsewhere). Certain payroll-related pass-through payments have been excluded from Statement 3.

Statement Question 3 also includes details regarding certain cryptocurrency transactions, including loans, borrows, repays, collateral returns, transfers, interest payments and other transactions, in order to provide a transparent transaction history. These transactions are also presented in USD value using the asset market price at the time of the transaction. The Debtors recognize that not all listed transactions are directly responsive to Statement Question 3, however they believe that presenting the transaction history provides the most accurate view.

For the avoidance of doubt, any payments made in connection with the Debtors' bankruptcy within the 12-month period prior to the Petition Date are disclosed in response to Statement Question 11 and therefore are not listed in response to Statement Question 3. Further, any payments made to an insider within the 12-month period prior to the Petition Date are disclosed in response to Statement Question 4 and therefore are not listed in response to Statement Question 3.

(b)     **Statement Question 4 – Payments to Insiders.**  The Debtors have responded to Statement Questions 4 and 30 in the attachment for Statement Question 4.

Statement Question 4 includes payments or other transfers of property made within one year before filing this case that benefited any insider. As described in the Cash

Management Motion, the Wages Motion, and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* [Docket No. 28], the Debtors and their affiliates are parties to certain Shared Services Agreements where certain non-Debtor affiliates provide the Debtors with certain services, such as customer onboarding, shared management, employees, payroll and administrative support.  Certain employees are employed by a non-Debtor affiliate and only devote a portion of their time supporting certain aspects of the Debtors' operations.  Therefore, while a non-Debtor affiliate has made payments to certain employees who may be deemed insiders under the Bankruptcy Code, and those and other associated costs have been reimbursed by the Debtors pursuant to the Shared Services Agreement, such reimbursements would not be listed in response to Statement Question 4 as they were not direct payments by a Debtor to an employee who may be deemed an insider under the Bankruptcy Code.

Statement Question 4 also includes details regarding certain cryptocurrency transactions, including loans made to insiders and related repayments in order to provide a transparent transaction history.  The Debtors recognize that not all listed transactions are directly responsive to Statement Question 4, however they believe that presenting the transaction history provides the most accurate view.

Individual payments among Debtors and to non-Debtor affiliates are not reflected in Statement 4 due to their complexity and volume.  The Debtors have reported monthly intercompany positions in Statement Question 4.  In addition, intercompany payables and receivables as of the Petition Date can be found on Schedule E/F and Schedule AB.

To the extent: (i) a person qualified as an insider in the year prior to the Petition Date but later resigned their insider status or (ii) did not begin the year as an insider but later became an insider, the Debtors have listed in response to Statement Question 4 all payments or transfers made during the applicable 12-month period, irrespective of when such person was defined as an "insider."

As discussed above, the inclusion of a party as an insider is not intended to be, nor should be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, Claim, right, or defense, and any such rights, Claims, and defenses are hereby expressly reserved.

(c)     **Statement Question 11 – Payments Made Related to Bankruptcy.**  Although the Debtors have made reasonable efforts to distinguish between payments made for professional services related and unrelated to their restructuring efforts, some amounts listed in response to Statement Question 11 may include payments for professional services unrelated to bankruptcy.

\*          \*          \*          \*          \*

**Fill in this information to identify the case:**

Debtor name     Genesis Asia Pacific Pte. Ltd. (Singapore)

United States Bankruptcy Court for the:     Southern District of New York

Case number (If known):     23-10065

☐ Check if this is an amended filing

## Official Form 206Sum
## Summary of Assets and Liabilities for Non-Individuals     12/15

**Part 1:** **Summary of Assets**

1. *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

    1a. **Real property:**
    Copy line 88 from *Schedule A/B* .................................................................................................

$ _____ 0.00

    1b. **Total personal property:**
    Copy line 91A from *Schedule A/B* .............................................................................................

$ _____ 2,108,123.32*

    1c. **Total of all property:**
    Copy line 92 from *Schedule A/B* ...............................................................................................

$ _____ 2,108,123.32*

**Part 2:** **Summary of Liabilities**

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

    Copy the total dollar amount listed in Column A, *Amount of claim*, from line 3 of *Schedule D* ..........................................

$ _____ 0.00

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**
    Copy the total claims from Part 1 from line 5a of *Schedule E/F* ................................

$ _____ 0.00

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**
    Copy the total of the amount of claims from Part 2 from line 5b of *Schedule E/F* ......................................................

**+** $ _____ 146,194,510.97*

4. **Total liabilities** .........................................................................................................................
    Lines 2 + 3a + 3b

$ _____ 146,194,510.97*

*Plus Undetermined Amounts

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name  Genesis Asia Pacific Pte. Ltd. (Singapore)

United States Bankruptcy Court for the:  Southern District of New York

Case number (If known)  23-10065

☐ Check if this is an
amended filing

## Official Form 206A/B

## Schedule A/B: Assets - Real and Personal Property                    12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

### Part 1:    Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

    ☐ No. Go to Part 2.

    ☑ Yes. Fill in the information below.

| All cash or cash equivalents owned or controlled by the debtor | Current value of debtor's interest |
|---|---|

2. **Cash on hand**                                                                   $              0.00

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

| Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|
| 3.1 Silvergate Bank | Operating Account | 3  8  6  1 | $   1,499,116.61 |
| 3.2 | | | $ |

4. **Other cash equivalents** *(Identify all)*

| 4.1 None | | $   0.00 |
|---|---|---|
| 4.2 | | $ |

5. **Total of Part 1**

    Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.     $   1,499,116.61

### Part 2:    Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

    ☐ No.Go to Part 3.

    ☑ Yes. Fill in the information below.

    Current value of debtor's interest

7. **Deposits, including security deposits and utility deposits**

    Description, including name of holder of deposit

| 7.1 None | | $   0.00 |
|---|---|---|
| 7.2 | | $ |

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

Description, including name of holder of prepayment

8.1 See Attached Rider                                                    $            593,479.28

8.2 _____                $ _____

9. **Total of Part 2.**

Add lines 7 through 8. Copy the total to line 81.                          $            593,479.28

## Part 3:    Accounts receivable

10. **Does the debtor have any accounts receivable?**

☑ No. Go to Part 4.

☐ Yes. Fill in the information below.

| | | **Current value of debtor's interest** |
|---|---|---|

11. **Accounts receivable**

11a. 90 days old or less: _____ — _____ = ...... → $ _____
                          face amount        doubtful or uncollectible accounts

11b. Over 90 days old: _____ — _____ = ...... → $ _____
                       face amount        doubtful or uncollectible accounts

12. **Total of Part 3**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.     $                  0.00

## Part 4:    Investments

13. **Does the debtor own any investments?**

☑ No. Go to Part 5.

☐ Yes. Fill in the information below.

| | **Valuation method used for current value** | **Current value of debtor's interest** |
|---|---|---|

14. **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1 _____    _____    $ _____

14.2 _____    _____    $ _____

15. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:                              % of ownership:

15.1 _____    _____ %    _____    $ _____

15.2 _____    _____ %    _____    $ _____

16. **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____    _____    $ _____

16.2 _____    _____    $ _____

17. **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.                       $                  0.00

Debtor    Genesis Asia Pacific Pte Ltd. (Singapore)                                     Case number (if known) 23-10065
          Name

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

18. **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General Description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| **19. Raw materials** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **20. Work in progress** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **21. Finished goods, including goods held for resale** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |
| **22. Other inventory or supplies** | | | | |
| _____ | _____ MM / DD / YYYY | $ _____ | _____ | $ _____ |

23. **Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

$ _____ 0.00

24. **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value  $ _____   Valuation method _____   Current value  $ _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **28. Crops-either planted or harvested** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **29. Farm animals** *Examples*: Livestock, poultry, farm-raised fish | | | |
| _____ | $ _____ | _____ | $ _____ |
| **30. Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| _____ | $ _____ | _____ | $ _____ |
| **31. Farm and fishing supplies, chemicals, and feed** | | | |
| _____ | $ _____ | _____ | $ _____ |
| **32. Other farming and fishing-related property not already listed in Part 6** | | | |
| _____ | $ _____ | _____ | $ _____ |

**33. Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.

$ _____ 0.00

**34. Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

　☐ No

　☐ Yes

**35. Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes. Book value $ _____   Valuation method _____   Current value $ _____

**36. Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

**37. Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

**38 Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.

☑ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| None | $ _____ | _____ | $ 0.00 |
| **40. Office fixtures** | | | |
| None | $ _____ | _____ | $ 0.00 |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| Computer Hardware | $ _____ | Net Book Value | $ 15,527.43 |
| **42. Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |
| 42.1 None | $ _____ | _____ | $ 0.00 |
| 42.2 _____ | $ _____ | _____ | $ _____ |
| 42.3 _____ | $ _____ | _____ | $ _____ |

**43. Total of Part 7.**

Add lines 39 through 42. Copy the total to line 86.

$ 15,527.43

**44. Is a depreciation schedule available for any of the property listed in Part 7?**

☑ No

☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No

☐ Yes

| Debtor | Genesis Asia Pacific Pte. Ltd. (Singapore) | Case number (If known) 23-10065 |
|---|---|---|
| | Name | |

## Part 8:    Machinery, equipment, and vehicles

**46.  Does the debtor own or lease any machinery, equipment, or vehicles?**

☑  No. Go to Part 9.

☐  Yes. Fill in the information below.

| General Description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest<br>(Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

**47.  Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | |
|---|---|---|---|
| 47.1 _____ | $ _____ | _____ | $ _____ |
| 47.2 _____ | $ _____ | _____ | $ _____ |
| 47.3 _____ | $ _____ | _____ | $ _____ |
| 47.4 _____ | $ _____ | _____ | $ _____ |

**48.  Watercraft, trailers, motors, and related accessories** Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| | | | |
|---|---|---|---|
| 48.1 _____ | $ _____ | _____ | $ _____ |
| 48.2 _____ | $ _____ | _____ | $ _____ |

**49.  Aircraft and accessories**

| | | | |
|---|---|---|---|
| 49.1 _____ | $ _____ | _____ | $ _____ |
| 49.2 _____ | $ _____ | _____ | $ _____ |

**50.  Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| | | | |
|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ |

**51.  Total of Part 8.**

Add lines 47 through 50. Copy the total to line 87.

| | |
|---|---|
| | $ _____ 0.00 |

**52.  Is a depreciation schedule available for any of the property listed in Part 8?**

☐  No

☐  Yes

**53.  Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐  No

☐  Yes

| Part 9: | Real property |
|---|---|

**54. Does the debtor own or lease any real property?**

☒ No. Go to Part 10.

☐ Yes. Fill in the information below.

**55. Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 55.1 | | $ | | $ |
| 55.2 | | $ | | $ |
| 55.3 | | $ | | $ |
| 55.4 | | $ | | $ |
| 55.5 | | $ | | $ |
| 55.6 | | $ | | $ |

**56. Total of Part 9.**

Add the current value on lines 55.1 through 55.6 and entries from any additional sheets. Copy the total to line 88.

$ _____ 0.00

**57. Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☐ Yes

**58. Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☐ No

☐ Yes

| Part 10: | Intangibles and intellectual property |
|---|---|

**59. Does the debtor have any interests in intangibles or intellectual property?**

☒ No. Go to Part 11.

☐ Yes. Fill in the information below.

| General Description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | $ | | $ |
| **61. Internet domain names and websites** | $ | | $ |
| **62. Licenses, franchises, and royalties** | $ | | $ |
| **63. Customer lists, mailing lists, or other compilations** | $ | | $ |
| **64. Other intangibles, or intellectual property** | $ | | $ |
| **65. Goodwill** | $ | | $ |

**66. Total of Part 10.**

Add lines 60 through 65. Copy the total to line 89.

$ _____ 0.00

**67.  Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)?

☐  No

☐  Yes

**68.  Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐  No

☐  Yes

**69.  Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☐  No

☐  Yes

## Part 11:  All other assets

**70.  Does the debtor own any other assets that have not yet been reported on this form?**

Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐  No. Go to Part 12.

☑  Yes. Fill in the information below.

| | Current value of debtor's interest |
|---|---|

**71.  Notes receivable**

Description (include name of obligor)

None _____    _____ — _____ = → $ _____ 0.00
                               Total Face Amount   Doubtful or uncollectible Amount

**72.  Tax refunds and unused net operating losses (NOLs)**

Description (for example, federal, state, local)

None _____    Tax Year _____    $ _____ 0.00

_____    Tax Year _____    $ _____

_____    Tax Year _____    $ _____

**73.  Interests in insurance policies or annuities**

None _____    $ _____ 0.00

**74.  Causes of action against third parties (whether or not a lawsuit has been filed)**

None _____    $ _____ 0.00

**Nature of Claim** _____

**Amount Requested** $ _____

**75.  Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

None _____    $ _____ 0.00

**Nature of Claim** _____

**Amount Requested** $ _____

**76.  Trusts, equitable or future interests in property**

None _____    $ _____ 0.00

**77.  Other property of any kind not already listed**  *Examples:* Season tickets, country club membership

See Attached Rider    $ _____ Undetermined

$ _____

**78.  Total of Part 11.**

Add lines 71 through 77. Copy the total to line 90.    $ _____ Undetermined

**79.  Has any of the property listed in Part 11 been appraised by a professional within the last year?**

☑  No

☐  Yes

*Plus Undetermined Amounts

Debtor    Genesis Asia Pacific Pte. Ltd. (Singapore)                                    Case number (If known)    23-10065
         Name

---

**Part 12:** **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of Property | | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | $ | 1,499,116.61 | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | $ | 593,479.28 | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | $ | 0.00 | |
| 83. **Investments.** *Copy line 17, Part 4.* | $ | 0.00 | |
| 84. **Inventory.** *Copy line 23, Part 5.* | $ | 0.00 | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | $ | 0.00 | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | $ | 15,527.43 | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | $ | 0.00 | |
| 88. **Real property.** *Copy line 56, Part 9.* . ............................................... → | | | $0.00 |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | $ | 0.00 | |
| 90. **All other assets.** *Copy line 78, Part 11.* | $ | Undetermined | |
| 91. **Total.** Add lines 80 through 90 for each column.............................91a. | $ | 2,108,123.32* | + 91b. $0.00 |

92. **Total of all property on Schedule A/B.**  Lines 91a + 91b = 92.............................................................    $    2,108,123.32*

*Plus Undetermined Amounts

---

Debtor Name:  Genesis Asia Pacific Pte. Ltd. (Singapore)                                               Case Number:  23-10065

**Assets - Real and Personal Property**

**Part 2, Question 8:** Prepayments, including payments on executory contracts, leases, insurance, taxes, and rent

| Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent  *(Description, including name of holder of prepayment)* | Current value of debtor's interest |
|---|---|
| Deferred Tax Asset | $280,711.00 |
| Deposits | $215,584.88 |
| Prepaid Expenses | $97,183.40 |
| **TOTAL** | **$593,479.28** |

Debtor Name: Genesis Asia Pacific Pte. Ltd. (Singapore)                    Case Number:  23-10065

**Assets - Real and Personal Property**

**Part 11, Question 77:** Other property of any kind not already listed
**Rider 1 - Intercompany / Affiliate Receivables**

| Other property of any kind not already listed | Current Value of Debtor's Property |
|---|---|
| Intercompany / Affiliate Receivable - Digital Currency Group, Inc.* | $                              118,215,631.32 |
| Intercompany / Affiliate Receivable - Genesis Custody Limited | $                                      65,697.05 |
| Intercompany / Affiliate Receivable - Genesis Global Trading, Inc. | $                                 6,984,447.76 |

*As described more fully in the Leto Declaration, schedule A/B Question 77 also includes certain intercompany receivables.  The receivable from Digital Currency Group, Inc. includes approximately $100 million in AVAX/NEAR tokens pledged by 3AC to secure GAP's loan to 3AC, which tokens were assigned to DCG on July 14, 2022.

Debtor Name: Genesis Asia Pacific PTE. LTD.                                    Case Number: 23-10065

**Assets - Real and Personal Property**

**Part 11, Question 77:** Other property of any kind not already listed
**Rider 2 - Investments in Digital Currencies**

| Other property of any kind not already listed Examples: Season tickets, country club membership | Current Cryptocurrency Holdings |
|---|---|
| Cryptocurrency Holdings - ADA | 1.123875 |
| Cryptocurrency Holdings - AVAX | 0.201388926333956 |
| Cryptocurrency Holdings - BCH | 0.10998479 |
| Cryptocurrency Holdings - BNB_BSC | 0.209117748 |
| Cryptocurrency Holdings - BTC | 9.91118059 |
| Cryptocurrency Holdings - DOGE | 1.66615346 |
| Cryptocurrency Holdings - DOT | 2.8997641877 |
| Cryptocurrency Holdings - ETH | 9.1752733959709 |
| Cryptocurrency Holdings - ETHW | 0.001044427609512 |
| Cryptocurrency Holdings - GLMR_GLMR | 0.05347745 |
| Cryptocurrency Holdings - LTC | 1.01994277 |
| Cryptocurrency Holdings - PAX | 0.11 |
| Cryptocurrency Holdings - TERRA_USD | 0.589065 |
| Cryptocurrency Holdings - TRX | 290.937428 |
| Cryptocurrency Holdings - TRX_USDT_S2UZ | 189.213046 |
| Cryptocurrency Holdings - USDC | 2.50 |
| Cryptocurrency Holdings - XEC | 109,991.57 |
| Cryptocurrency Holdings - XLM | 102.9999927 |
| Cryptocurrency Holdings - XRP | 39.999976 |
| Cryptocurrency Holdings - ZEC | 0.9991 |

Debtor Name: Genesis Asia Pacific Pte. Ltd. (Singapore)                                    Case Number:  23-10065

**Assets - Real and Personal Property**

**Part 11, Question 77:** Other property of any kind not already listed
**Rider 3 - Digital Currency and USD Receivable**

| Other property of any kind not already listed<br>Examples: Season tickets, country club membership | Current value of debtor's interest |
|---|---|
| NAME ON FILE | USD 7,671.22998046875 |
| NAME ON FILE | BTC 3,167.56<br>ETH 53,528.85 |
| NAME ON FILE | ETH 0.819863021373748<br>LUNC 106.849311828613 |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Genesis Asia Pacific Pte. Ltd. (Singapore) |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (If known): | 23-10065 |

☐ Check if this is an amended filing

## Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☑ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ Yes. Fill in all of the information below.

### Part 1: List Creditors Who Have Secured Claims

**2. List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

| | | Column A<br>**Amount of Claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** |
|---|---|---|---|
| **Creditor's name** | **Describe debtor's property that is subject to a lien** | | |
| | | $ _____ | $ _____ |
| **Creditor's mailing address** | | | |
| | **Describe the lien** | | |
| **Creditor's email address, if known** | **Is the creditor an insider or related party?**<br>☐ No<br>☐ Yes | | |
| **Date debt was incurred** | **Is anyone else liable on this claim?** | | |
| **Last 4 digits of account number** | ☐ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H). | | |
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:**<br>Check all that apply. | | |
| ☐ No<br>☐ Yes. Specify each creditor, including this creditor, and its relative priority. | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |

| | | | |
|---|---|---|---|
| **Creditor's name** | **Describe debtor's property that is subject to a lien** | | |
| | | $ _____ | $ _____ |
| **Creditor's mailing address** | | | |
| | **Describe the lien** | | |
| **Creditor's email address, if known** | **Is the creditor an insider or related party?**<br>☐ No<br>☐ Yes | | |
| **Date debt was incurred** | **Is anyone else liable on this claim?** | | |
| **Last 4 digits of account number** | ☐ No<br>☐ Yes. Fill out Schedule H: Codebtors (Official Form 206H). | | |
| **Do multiple creditors have an interest in the same property?** | **As of the petition filing date, the claim is:**<br>Check all that apply. | | |
| ☐ No<br>☐ Yes. Have you already specified the relative priority? | ☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | | |
|    ☐ No. Specify each creditor, including this creditor, and its relative priority. | | | |
|    ☐ Yes. The relative priority of creditors is specified on lines | | | |

**3. Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**　　　$ _____

| Debtor | Genesis Asia Pacific Pte. Ltd. (Singapore) | | Case number (If known): | 23-10065 |
|---|---|---|---|---|
| | Name | | | |

---

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---|---|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

If no others need to be notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |
| | Line 2. _____ | _____ |

<table>
<tr><td colspan="2" style="background:black;color:white"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor</td><td>Genesis Asia Pacific Pte. Ltd. (Singapore)</td></tr>
<tr><td>United States Bankruptcy Court for the:</td><td>Southern District of New York</td></tr>
<tr><td>Case number<br>(If known)</td><td>23-10065</td></tr>
</table>

☐ Check if this is an amended filing

## Official Form 206E/F

# Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY unsecured claims and Part 2 for creditors with NONPRIORITY unsecured claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B) and on Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G). Number the entries in Parts 1 and 2 in the boxes on the left. If more space is needed for Part 1 or Part 2, fill out and attach the Additional Page of that Part included in this form.

### Part 1:    List All Creditors with PRIORITY Unsecured Claims

**1.** **Do any creditors have priority unsecured claims?** (See 11 U.S.C. § 507).

☑ No. Go to Part 2.
☐ Yes. Go to line 2.

**2.** **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part.** If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.

| | | Total claim | Priority amount |
|---|---|---|---|

**2.1** | Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Total claim $ ____
Priority amount $ ____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.2** | Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Total claim $ ____
Priority amount $ ____

**Is the claim subject to offset?**
☐ No
☐ Yes

**2.3** | Priority creditor's name and mailing address

As of the petition filing date, the claim is:
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Specify Code subsection of PRIORITY unsecured claim:** 11 U.S.C. § 507(a) ()

Total claim $ ____
Priority amount $ ____

**Is the claim subject to offset?**
☐ No
☐ Yes

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

3.   List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority
unsecured claims, fill out and attach the Additional Page of Part 2.

| | | Amount of claim |
|---|---|---|

| | | |
|---|---|---|
| **3.1** | **Nonpriority creditor's name and mailing address** <br> DIGITAL CURRENCY AND USD PAYABLES - SEE SCHEDULE F-1 ATTACHMENT | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** DIGITAL CURRENCY AND USD PAYABLES | $     Undetermined |
| | **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** | **Is the claim subject to offset?** <br> ☒ No <br> ☐ Yes | |
| **3.2** | **Nonpriority creditor's name and mailing address** <br> ALLIED UNIVERSAL EXECUTIVE PROTECTION AND INTELLIGENCE SERVICES, INC <br> EIGHT TOWER BRIDGE <br> 161 WASHINGTON STREET SUITE 600 <br> CONSHOHOCKEN, PA 19428 | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Trade Payable | $     8,100.00 |
| | **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** | **Is the claim subject to offset?** <br> ☒ No <br> ☐ Yes | |
| **3.3** | **Nonpriority creditor's name and mailing address** <br> FULLERTON HEALTH GROUP <br> 6 RAFFLES BOULEVARD <br> #03-308 MARINA SQUARE <br> SINGAPORE, 039594 <br> SINGAPORE | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Trade Payable | $     18,720.49 |
| | **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** | **Is the claim subject to offset?** <br> ☒ No <br> ☐ Yes | |
| **3.4** | **Nonpriority creditor's name and mailing address** <br> GENESIS GLOBAL CAPITAL, LLC <br> 250 PARK AVE S <br> 5TH FLOOR <br> NEW YORK, NY 10003 | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Intercompany / Affiliate Payable | $     144,404,890.27 |
| | **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** | **Is the claim subject to offset?** <br> ☒ No <br> ☐ Yes | |
| **3.5** | **Nonpriority creditor's name and mailing address** <br> GGC INTERNATIONAL LIMITED <br> WOODBOURNE HALL, ROMASCO PLACE <br> WICKHAMS CAY I, PO BOX 3162 <br> ROAD TOWN, TORTOLA, <br> VIRGIN ISLANDS | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Intercompany / Affiliate Payable | $     1,743,650.75 |
| | **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** | **Is the claim subject to offset?** <br> ☒ No <br> ☐ Yes | |
| **3.6** | **Nonpriority creditor's name and mailing address** <br> GRABTAXI PTE. LTD <br> 3 MEDIA CLOSE <br> SINGAPORE, 138498 <br> SINGAPORE | **As of the petition filing date, the claim is:** <br> *Check all that apply.* <br> ☐ Contingent <br> ☐ Unliquidated <br> ☐ Disputed <br><br> **Basis for the claim:** Trade Payable | $     286.49 |
| | **Date or dates debt was incurred** <br><br> **Last 4 digits of account number** | **Is the claim subject to offset?** <br> ☒ No <br> ☐ Yes | |

**Part 2:**     **Additional Page**

| Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page. If no additional NONPRIORITY creditors exist, do not fill out or submit this page. | Amount of claim |
|---|---|

**3.7** **Nonpriority creditor's name and mailing address**

ISS FACILITY SERVICES PRIVATE
NO. 1 JALAN KILANG TIMOR
#10-00 PACIFIC TECH CENTRE
SINGAPORE, 159303
SINGAPORE

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 713.57

---

**3.8** **Nonpriority creditor's name and mailing address**

MSA SECURITY
9 MURRAY STREET
3RD FLOOR
NEW YORK, NY 10007

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 16,200.00

---

**3.9** **Nonpriority creditor's name and mailing address**

NAME ON FILE
ADDRESS ON FILE

**As of the petition filing date, the claim is:**
*Check all that apply.*
☒ Contingent
☒ Unliquidated
☒ Disputed

**Basis for the claim:** Lawsuit

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ Undetermined

---

**3.10** **Nonpriority creditor's name and mailing address**

OFFICE SECRETARIES
150 ORCHARD ROAD
#06-02 ORCHARD PLAZA
SINGAPORE, 238841
SINGAPORE

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:** Trade Payable

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☒ No
☐ Yes

$ 1,949.40

---

**3.11** **Nonpriority creditor's name and mailing address**

**As of the petition filing date, the claim is:**
*Check all that apply.*
☐ Contingent
☐ Unliquidated
☐ Disputed

**Basis for the claim:**

**Date or dates debt was incurred**

**Last 4 digits of account number**

**Is the claim subject to offset?**
☐ No
☐ Yes

$

Debtor Name: Genesis Asia Pacific Pte. Ltd. (Singapore)

Case Number:  23-10065

**Schedule F-1**
**Digital Currency and USD Payables**

| Schedule F Line | Creditor Name | Address | Indicate if claim is contingent, unliquidated, disputed | Is the claim subject to offset? (Yes/No) | Coin Amount |
|---|---|---|---|---|---|
| 3.1.0001 | NAME ON FILE | ADDRESS ON FILE | | | USDC 49.073197504339? |
| 3.1.0002 | NAME ON FILE | ADDRESS ON FILE | | | USDC 82.191780090332 |
| 3.1.0003 | NAME ON FILE | ADDRESS ON FILE | | | BNB 11.249.6363774689<br>BTC 151.306797130...<br>DOT 51.175.342466171? |
| 3.1.0004 | NAME ON FILE | ADDRESS ON FILE | | | USDC 76.789823071326? |
| 3.1.0005 | NAME ON FILE | ADDRESS ON FILE | | | USD 7.366.801417246... |
| 3.1.0006 | NAME ON FILE | ADDRESS ON FILE | | | BTC 5.004959289915... |
| 3.1.0007 | NAME ON FILE | ADDRESS ON FILE | | | USDC 98.370479030906 |
| 3.1.0008 | NAME ON FILE | ADDRESS ON FILE | | | BTC 1.006.11450334771<br>USDC 25.505.864.7312714<br>USDT 107.117.311.882277 |
| 3.1.0009 | NAME ON FILE | ADDRESS ON FILE | | | USDC 10.187.345.2096635 |
| 3.1.0010 | NAME ON FILE | ADDRESS ON FILE | | | BTC 40.4580822036201<br>USDC 409.293.150845462 |
| 3.1.0011 | NAME ON FILE | ADDRESS ON FILE | | | USD 0.0003 |
| 3.1.0012 | NAME ON FILE | ADDRESS ON FILE | | | BTC 0.0029835678182421? |
| 3.1.0013 | NAME ON FILE | ADDRESS ON FILE | | | USDC 82.012747570374? |
| 3.1.0014 | NAME ON FILE | ADDRESS ON FILE | | | USDC 49.073197504339? |
| 3.1.0015 | NAME ON FILE | ADDRESS ON FILE | | | BNB 30.684930801591? |

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---|---|

4.  List in alphabetical order any others who must be notified for claims listed in Parts 1 and 2.  Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for unsecured creditors.

If no others need to be notified for the debts listed in Parts 1 and 2, do not fill out or submit this page. If additional pages are needed, copy the next page.

| Name and mailing address | On which line in Part 1 or Part 2 is the related creditor (if any) listed? | Last 4 digits of account number, if any |
|---|---|---|
| 4.1 | Line<br>☐ Not listed.  Explain | |
| 4.2 | Line<br>☐ Not listed.  Explain | |
| 4.3 | Line<br>☐ Not listed.  Explain | |
| 4.4 | Line<br>☐ Not listed.  Explain | |
| 4.5 | Line<br>☐ Not listed.  Explain | |
| 4.6 | Line<br>☐ Not listed.  Explain | |
| 4.7 | Line<br>☐ Not listed.  Explain | |
| 4.8 | Line<br>☐ Not listed.  Explain | |
| 4.9 | Line<br>☐ Not listed.  Explain | |

Debtor  Genesis Asia Pacific Pte. Ltd. (Singapore)                        Case number (if known)  23-10065
_____
Name

| **Part 4:** | **Total Amounts of the Priority and Nonpriority Unsecured Claims** |

**5.**   Add the amounts of priority and nonpriority unsecured claims.

|  |  | Total of claim amounts |
|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $ | 0.00 |
| 5b. | **Total claims from Part 2** | 5b. ✚ | $ | 146,194,510.97 |
|  |  |  |  | + Undetermined Amounts |
| 5c. | **Total of Parts 1 and 2**<br>Lines 5a + 5b = 5c. | 5c. | $ | 146,194,510.97 |
|  |  |  |  | + Undetermined Amounts |

**Fill in this information to identify the case:**

Debtor name    Genesis Asia Pacific Pte. Ltd. (Singapore)

United States Bankruptcy Court for the:    Southern District of New York

Case number (If known):    23-10065

☐ Check if this is an amended filing

## Official Form 206G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If more space is needed, copy and attach the additional page, numbering the entries consecutively.

**1. Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

| 2. List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.1 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Master Borrow Agreement - Effective Date: 4/28/2022<br><br>NAME ON FILE<br>ADDRESS ON FILE |
| 2.2 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Master Service Agreement - Effective Date: 2/3/2022<br><br>BLOOMBERG FINANCE SINGAPORE L.P.<br>731 LEXINGTON AVENUE<br>NEW YORK, NY 10022 |
| 2.3 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Master Service Agreement - Effective Date: 7/9/2021<br><br>BLOOMBERG FINANCE SINGAPORE L.P.<br>731 LEXINGTON AVENUE<br>NEW YORK, NY 10022 |
| 2.4 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | IT Services Agreement<br><br>CAPITEQ PTE LTD<br>132A TELOK AYER STREET<br>068599<br>SINGAPORE |
| 2.5 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Staffing Agreement - Effective Date: 3/3/2022<br><br>EXECUTIVE LINK<br>1 KURAU GROVE<br>SINGAPORE, 42685<br>SINGAPORE |

Debtor    Genesis Asia Pacific Pte. Ltd. (Singapore)                                    Case number (If known):   23-10065
          Name

| | Additional Page if Debtor Has More Executory Contracts or Unexpired Leases |
|---|---|

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.6 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | Contract for Provision of Medical Services - Effective Date: 4/1/2022 | FULLERTON HEALTHCARE GROUP PTE.<br>108 ROBINSON ROAD<br>#09-00<br>SINGAPORE, 068900<br>SINGAPORE |
| 2.7 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | Exchange Agreement | GATE.IO<br>THE GRAND PAVILION COMMERCIAL CENTRE<br>802 W BAY ROAD<br>GEORGE TOWN, KY1-1107<br>CAYMAN ISLANDS |
| 2.8 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | Master Services Agreement - Effective Date: 10/18/2022 | GENESIS GLOBAL HOLDCO, LLC<br>250 PARK AVENUE SOUTH<br>5TH FLOOR<br>NEW YORK, NY 10003 |
| 2.9 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | Intercompany Netting Agreement - Effective Date: 2/23/2022 | GENESIS GLOBAL HOLDCO, LLC; GENESIS GLOBAL TRADING, INC.; GENESIS GLOBAL CAPITAL, LLC; GGC INTERNATIONAL LIMITED; GENESIS CUSTODY LIMITED<br>250 PARK AVENUE SOUTH<br>NEW YORK, NY 10003 |
| 2.10 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | Master Borrow Agreement - Effective Date: 8/11/2020 | NAME ON FILE<br>ADDRESS ON FILE |
| 2.11 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | Master Service Agreement - Effective Date: 4/15/2022 | ISS FACILITY SERVICES PTE LTD<br>NO. 1 JALAN KILANG TIMOR<br>#10-00<br>PACIFIC TECH CENTRE, 159303<br>SINGAPORE |
| 2.12 | State what the contract or lease is for and the nature of the debtor's interest<br><br>State the term remaining<br><br>List the contract number of any government contract | Master Borrow Agreement - Effective Date: 4/28/2022 | NAME ON FILE<br>ADDRESS ON FILE |

| Debtor | Genesis Asia Pacific Pte. Ltd. (Singapore) | Case number (If known): | 23-10065 |
|---|---|---|---|
| | Name | | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| **2.13** | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Master Borrow Agreement - Effective Date: 4/28/2022<br><br>NAME ON FILE<br>ADDRESS ON FILE |
| **2.14** | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Master Service Agreement - Effective Date: 10/21/2022<br><br>MAXXTRADER SYSTEMS PTE LTD<br>23 CHURCH STREET<br>#14-03/04<br>CAPITAL SQUARE, 049481<br>SINGAPORE |
| **2.15** | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Sponsorship Agreement<br><br>NAME ON FILE<br>ADDRESS ON FILE |
| **2.16** | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Master Borrow Agreement - Effective Date: 3/30/2022<br><br>NAME ON FILE<br>ADDRESS ON FILE |
| **2.17** | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Master Loan Agreement - Effective Date: 3/30/2022<br><br>NAME ON FILE<br>ADDRESS ON FILE |
| **2.18** | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Supplemental Tri-Party Agreement - Effective Date: 3/30/2022<br><br>NAME ON FILE<br>ADDRESS ON FILE |
| **2.19** | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Office Secretary Agreement - Effective Date: 3/17/2022<br><br>OFFICE SECRETARIES PTE LTD.<br>150 ORCHARD ROAD<br>#06-02<br>SINGAPORE, 238841<br>SINGAPORE |

| Debtor | Genesis Asia Pacific Pte. Ltd. (Singapore) | Case number (If known): | 23-10065 |
|---|---|---|---|
| | Name | | |

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| | List all contracts and unexpired leases | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.20 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Lease Agreement - Effective Date: 4/1/2022 | ONE RAFFLES QUAY PTE LTD<br>1 RAFFLES QUAY<br>#45-03<br>NORTH TOWER, 048583<br>SINGAPORE |
| 2.21 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Master Borrow Agreement - Effective Date: 3/31/2021 | NAME ON FILE<br>ADDRESS ON FILE |
| 2.22 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Supplemental Tri-Party Agreement - Effective Date: 3/31/2021 | NAME ON FILE<br>ADDRESS ON FILE |
| 2.23 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Maintenance Agreement - Effective Date: 1/3/2022 | NAME ON FILE<br>ADDRESS ON FILE |
| 2.24 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Master Borrow Agreement - Effective Date: 4/28/2022 | NAME ON FILE<br>ADDRESS ON FILE |
| 2.25 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Maintenance Agreement - Effective Date: 4/1/2022 | WIN TAT AIR-CONDITIONING (S) PTE LTD<br>NO. 22 OPAL CRESCENT<br>SINGAPORE, 328417<br>SINGAPORE |
| 2.26 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br><br>**List the contract number of any government contract** | Maintenance Agreement - Effective Date: 4/1/2022 | WIN TAT AIR-CONDITIONING (S) PTE LTD<br>NO. 22 OPAL CRESCENT<br>SINGAPORE, 328417<br>SINGAPORE |

Debtor   Genesis Asia Pacific Pte. Ltd. (Singapore)                                    Case number (If known):   23-10065
Name

**Additional Page if Debtor Has More Executory Contracts or Unexpired Leases**

Copy this page only if more space is needed. Continue numbering the lines sequentially from the previous page.

| List all contracts and unexpired leases | | State the name and mailing address for all other parties with whom the debtor has an executory contract or unexpired lease |
|---|---|---|
| 2.27 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Sales Agreement - Effective Date: 4/4/2022 | NAME ON FILE<br>ADDRESS ON FILE |
| 2.28 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Master Borrow Agreement - Effective Date: 4/28/2022 | NAME ON FILE<br>ADDRESS ON FILE |
| 2.29 | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | Master Borrow Agreement - Effective Date: 4/28/2022 | NAME ON FILE<br>ADDRESS ON FILE |
| | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | | |
| | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | | |
| | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | | |
| | **State what the contract or lease is for and the nature of the debtor's interest**<br><br>**State the term remaining**<br>**List the contract number of any government contract** | | |

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor name | Genesis Asia Pacific Pte. Ltd. (Singapore) |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (If known): | 23-10065 |

☐ Check if this is an amended filing

## Official Form 206H

# Schedule H: Codebtors

12/15

Be as complete and accurate as possible.    If more space is needed, copy the Additional Page, numbering the entries consecutively. Attach the additional Page to this page.

1. **Does the debtor have any codebtors?**

   ☑ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

   ☐ Yes

2. **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.** Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1: Codebtor | | Column 2: Creditor | |
|---|---|---|---|
| **Name** | **Mailing address** | **Name** | Check all schedules that apply: |
| 2.1 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.2 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.3 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.4 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.5 | | | ☐ D<br>☐ E/F<br>☐ G |
| 2.6 | | | ☐ D<br>☐ E/F<br>☐ G |

| Fill in this information to identify the case and this filing: |
|---|

Debtor name  Genesis Asia Pacific Pte. Ltd. (Singapore)

United States Bankruptcy Court for the:  Southern District of New York

Case number (If known)  23-10065

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☑ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☑ *Schedule H: Codebtors* (Official Form 206H)

☑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended Schedule _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  03/20/2023
MM / DD / YYYY

X /s/ A. Derar Islim
Signature of individual signing on behalf of debtor

A. Derar Islim
Printed name

Director
Position or relationship to debtor