**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**FINAL ORDER (I) AUTHORIZING DEBTORS
TO CONTINUE TO OPERATE THE EXISTING CASH
MANAGEMENT SYSTEM, INCLUDING EXISTING BANK
ACCOUNTS, HONOR CERTAIN PREPETITION OBLIGATIONS
RELATED THERETO, AND MAINTAIN EXISTING BUSINESS FORMS;
(II) PERMITTING CONTINUED INTERCOMPANY TRANSACTIONS
AND GRANTING CERTAIN ADMINISTRATIVE CLAIMS; (III) EXTENDING
THE TIME TO COMPLY WITH THE REQUIREMENTS OF SECTION
345 OF THE BANKRUPTCY CODE AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain

of its affiliates, as debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"), for entry of an order (this "Final Order"), as more fully described in the Motion, (a)

authorizing the Debtors to (i) continue to operate their existing cash and cryptocurrency

management system, including existing bank accounts; (ii) honor certain prepetition obligations

related thereto and maintain their existing business forms; (iii) continue to perform intercompany

transactions with each other and with certain non-Debtors on a post-petition basis and in the

ordinary course of business and consistent with historical practice and according administrative

expense priority status to post-petition Intercompany Transactions; (c) extending the time for the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Debtors to comply with section 345(b) of the Bankruptcy Code; and (d) granting such other and further relief; and upon the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted on a final basis to the extent provided herein.

2.    Subject to the provisions of this paragraph 2, the Debtors are authorized, in their sole discretion, to: (a) continue operating the Cash Management System; (b) honor their prepetition obligations related thereto; (c) continue to perform Intercompany Transactions, *provided* that the Debtors shall obtain prior written consent (email shall suffice) from the Committee before exceeding the Budget (defined below) by a variance of more than 15% cumulatively over a four-

week period (except for the current Budget which will be measured on a cumulative basis since January 20, 2023) for Intercompany Transactions; and (d) continue to deposit and invest funds in accordance with the Investment Practices, as described in the Motion, or in U.S. Treasury Bonds or government money market funds, notwithstanding section 345(b) of the Bankruptcy Code, *provided* that the Debtors shall consult with the Committee with respect to any other investment or staking of funds or cryptocurrency collateral.  Each Debtor shall prepare and provide the Committee with (i) an updated 13-week budget (as may be further updated, amended, or modified in consultation with the Committee, the "Budget"), setting forth all of the Debtors' projected disbursements and expenditures, to be delivered on the first business day of every calendar month, and (ii) a cash variance report reflecting the variance from the Budget for the prior week, which the Debtors shall provide by the Thursday of each calendar week.  For the avoidance of doubt, the Committee reserves all rights with respect to any material changes to or deviations from the Budget.

3.      With respect to any and all Intercompany Transactions authorized in this Final Order, each Debtor shall (a) maintain current records of intercompany balances, providing such records to the U.S. Trustee and the Committee's advisors upon request and (b) on the 30th day of each month, provide to the Committee's advisors a Debtor-by-Debtor summary of all post-petition Intercompany Transactions involving the transfer of cash in the preceding month.

4.      Nothing in this Order shall constitute a determination of (i) whether property is property of a Debtor's estate or (ii) the validity of any Intercompany Claim, and all parties rights with respect to such matters are expressly preserved.

5.      The Debtors are further authorized, in their reasonable discretion, in consultation with the Committee, to: (a) continue to use all of the bank accounts in existence as of the date of

this Final Order, as identified on <u>Exhibit 1</u> attached hereto (collectively, the "<u>Bank Accounts</u>"); (b) use, in their present form, all correspondence and business forms (including letterhead, purchase orders and invoices), as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date, without reference to the Debtors' status as debtors in possession; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, ACH and wire transfers account debits and other similar methods; and (e) pay any ordinary course bank fees incurred in connection with the Bank Accounts, and to otherwise perform their obligations under the documents governing the Bank Account.

6.     The Debtors are authorized, in consultation with the Committee, to continue to maintain and manage their cryptocurrency assets (a) in the course of ongoing spot trading by GAP and (b) to ensure that cryptocurrency is safely stored consistent with historical practices and subject to the terms of this Final Order; *provided* that the Debtors shall provide to the advisors to the Committee on a weekly basis, a report setting forth the amount of cash and cryptocurrency and other digital assets held by the Debtors (including where such cryptocurrency is held), which once per month shall be filed on the docket together with the Debtors' monthly operating reports; *provided further* that other than in the course of ongoing spot trading by GAP, the Debtors shall not be permitted to (i) buy any cryptocurrency, (ii) convert cryptocurrency from one type of cryptocurrency to another type of cryptocurrency, (iii) move any cryptocurrency or digital assets, (iv) stake or invest any cryptocurrency assets, or (v) liquidate or convert any cryptocurrency into cash, in each case unless the Debtors obtain the consent of the Committee (email shall suffice) or pursuant to a further order from this Court after notice and a hearing.  For the avoidance of doubt,

this paragraph does not authorize Intercompany Transactions of cryptocurrency assets from Debtors to non-Debtor affiliates, other than in the course of ongoing spot trading by GAP.

7.      Nothing herein shall be interpreted as authorizing the Debtors to restart their lending or borrowing business absent further order of the Court; for the avoidance of doubt, GAP is authorized to continue engaging in spot trading transactions in the ordinary course of business.

8.      Except as otherwise provided herein, this Final Order shall constitute a final determination of all issues addressed by the Motion and in this Final Order.  The Debtors' time to comply with section 345 of the Bankruptcy Code or to make other arrangements (as agreed to by the U.S. Trustee or approved by the Court) (the "345 Compliance Matter") shall be extended until such time to which the U.S. Trustee and the Debtors agree.  A status conference on the 345 Compliance Matter shall be held at the hearing scheduled before the Court on **March 30, 2023 at 11:00 a.m. (ET)** (the "March Omnibus Hearing").  Notwithstanding the foregoing, such extension shall not constitute a waiver of any argument with respect to section 345 and is without prejudice to the Debtors' right to request a further extension or waiver of the requirements of section 345 of the Bankruptcy Code, which the Debtors may obtain in consultation with the U.S. Trustee, without the need for further Court approval.  Notwithstanding anything to the contrary in the Motion or in this Final Order, nothing in this Final Order shall be construed as the Court's determination on the Debtors' compliance with section 345 of the Bankruptcy Code.  The U.S. Trustee's right to object or otherwise respond with regard to all issues under section 345 of the Bankruptcy Code are expressly reserved.

9.      All Banks at which the Bank Accounts are maintained are authorized and directed to continue to maintain, service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive,

process, honor and pay, to the extent of available funds, any and all checks, drafts, wires and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

10.     All Banks provided with notice of this Final Order maintaining any of the Bank Accounts shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment orders in accordance with the documents governing such Bank Accounts.

11.     In the course of providing cash management services to the Debtors, each of the Banks at which the Bank Accounts are maintained, are authorized, without further order of this Court, to deduct the applicable fees from the appropriate accounts of the Debtors, and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or post-petition and regardless of whether the returned items relate to prepetition or post-petition items or transfers.

12.     Notwithstanding any other provision of this Final Order, any Bank may rely upon the representations of the Debtors with respect to whether any check, draft, wire or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and any Bank that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors; or (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, shall neither be deemed to be in violation of this Order nor be liable to the Debtors or their

estates on their account of such prepetition check or other item being honored post-petition, or otherwise deemed to be in violation of this Order.

13.    All Banks are further authorized and directed to (a) honor the Debtors' directions with respect to the opening and closing of any Bank Account, *provided* the Debtors provide notice within fifteen (15) days of (i) the opening or closing of any Bank Account and (ii) any material changes to the Cash Management System and procedures to the U.S. Trustee and the advisors for the Committee; and (b) accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; *provided further* in each case that the Debtors' Banks shall not have any liability to any party for relying on such representations.

14.    All Intercompany Claims held by a Debtor against another Debtor or by a non-Debtor affiliate of a Debtor against a Debtor arising from post-petition Intercompany Transactions shall be entitled to administrative expense status under section 503(b)(1)(A) of the Bankruptcy Code.

15.    Notwithstanding the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate quarterly fees (to be paid in U.S. dollars) under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements. For the avoidance of doubt, all disbursements pursuant to the foregoing shall be made in U.S. dollars.

16.    Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Order shall constitute, nor is it intended to constitute, (a) an admission by any party in interest as to the validity or priority of any claim or lien against the Debtors (including any Intercompany Claim); (b) a waiver of the Debtors', the Committee's, or any other party-in-interest's respective rights to dispute any claim or lien (including any

Intercompany Claim); (c) a waiver of the Committee's or any other party-in-interest's right to object to or otherwise dispute any Intercompany Transaction performed or entered into, or proposed to be performed or entered into by any Debtor entity; (d) a promise or requirement by the Debtors or any third party (including any member of the Committee) to pay any particular claim; (e) an implication or admission by any party in interest that any particular claim is of a type specified or defined in this Order or the Motion; (f) an approval or assumption of any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (g) a waiver or limitation of the Debtors', the Committees' or any other party-in-interests' respective rights under the Bankruptcy Code or any other applicable law.

17. Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the Hearing, no provision of the Motion, this Final Order or the relief granted at the Hearing shall constitute a finding as to whether the prepetition or post-petition Cash Management System complies with federal or state securities law, and the respective rights of the United States Securities and Exchange Commission, the Committee and all other parties-in-interest to challenge such transactions on any basis are expressly reserved.

18. Notwithstanding anything to the contrary in the Motion, this Final Order, or any findings announced at the hearing, nothing in the Motion, this Final Order, or announced at the hearing constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee, and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

19. The requirements set forth in Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion.

20.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

21.    As soon as practicable after entry of this Final Order, the Debtors will serve a copy of this Order on the Banks listed in <u>Exhibit 1</u> attached to this Final Order.

22.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

23.    The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Final Order.

Dated:  March 21, 2023                    */s/ Sean H. Lane*
         White Plains, New York           THE HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**List of Bank Accounts**

## Genesis - <span style="color:red">Debtor Entities Only</span>
## Bank Account Listings

| No. | Entity | Bank | Bank Account Number | Description |
|---|---|---|---|---|
| 1. | Genesis Global Capital, LLC | Western Alliance Bank | x0083 | Operating |
| 2. | Genesis Asia Pacific Pte. Ltd. | Western Alliance Bank | x0108 | Operating |
| 3. | Genesis Asia Pacific Pte. Ltd. | JPMorgan Chase Bank, NA Singapore | x7316 | Pending Closure |
| 4. | Genesis Global Holdco, LLC | Western Alliance Bank | x0058 | Operating |
| 5. | Genesis Global Capital, LLC | Continental Stock Transfer and Trust Company | x1059 | Brokerage |
| 6. | Genesis Global Capital, LLC | Tradestation Securities, Inc. | x8621 | Brokerage |
| 7. | Genesis Global Capital, LLC | Interactive Brokers LLC | x6030 | Brokerage |
| 8. | Genesis Global Capital, LLC | Continental Stock Transfer and Trust Company | x620 | Brokerage |
| 9. | Genesis Global Capital, LLC | Marex Capital Markets Inc. | x6000 | Brokerage |
| 10. | Genesis Global Capital, LLC | Signature Bank | x7848 | Pending Closure |
| 11. | Genesis Global Capital, LLC | Signature Bank | x5985 | Pending Closure |
| 12. | Genesis Asia Pacific Pte. Ltd. | Silvergate Bank | x3861 | Pending Closure |
| 13. | Genesis Global Capital, LLC | Signature Bank | x5162 | Pending Closure |
| 14. | Genesis Global Capital, LLC | Signature Bank | x5578 | Pending Closure |
| 15. | Genesis Global Holdco, LLC | Signature Bank | x8433 | Pending Closure |
| 16. | Genesis Global Capital, LLC | Silvergate Bank | x3731 | Pending Closure |
| 17. | Genesis Global Capital, LLC | Signature Bank | x7593 | Pending Closure |
| 18. | Genesis Global Capital, LLC | Signature Bank | x1829 | Pending Closure |
| 19. | Genesis Global Capital, LLC | Silvergate Bank | x7955 | Pending Closure |
| 20. | Genesis Global Capital, LLC | Silvergate Bank | x3749 | Pending Closure |
| 21. | Genesis Global Capital, LLC | JPMorgan Chase Bank, NA | x6531 | Pending Closure |
| 22. | Genesis Asia Pacific Pte. Ltd. | Silvergate Bank | x3879 | Pending Closure |
| 23. | Genesis Asia Pacific Pte. Ltd. | JPMorgan Chase Bank, NA Singapore | x7324 | Pending Closure |
| 24. | Genesis Asia Pacific Pte. Ltd. | JPMorgan Chase Bank, NA Singapore | x8488 | Pending Closure |
| 25. | Genesis Asia Pacific Pte. Ltd. | Banking Circle | x2784 | Pending Closure |
| 26. | Genesis Asia Pacific Pte. Ltd. | Industrial and Commercial Bank of China | x0190 | Pending Closure |