**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF MOELIS & COMPANY LLC AS INVESTMENT BANKER AND CAPITAL MARKETS ADVISOR TO THE DEBTORS EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 cases (the "Chapter 11 Cases") for entry of an order ("Order"): (a) authorizing the employment and retention of Moelis & Company LLC ("Moelis") to serve as the Debtors' investment banker and capital markets advisor effective as of the Petition Date pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"); (b) approving the provisions of the engagement letter between Moelis and Cleary Gottlieb Steen & Hamilton LLP, solely in its capacity as legal counsel to Debtor Genesis Global Holdco, LLC and its direct and indirect subsidiaries, dated as of November 20, 2022 (such agreement, together with all amendments, modifications, renewals thereof, and all documents ancillary thereto or otherwise entered into in connection therewith, the "Engagement Letter"), attached hereto as Exhibit 1, including the compensation arrangements and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein have the meanings given to them in the Application.

indemnification, contribution and reimbursement provisions set forth therein; (c) modifying the timekeeping requirements of Local Rule 2016-1, the Amended Guidelines, the U.S. Trustee Guidelines and any other applicable procedures and orders of the Court in connection with Moelis' engagement; and (d) granting such other relief as is just and proper, all as more fully set forth in the Application; and upon the Jamal Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, entered February 1, 2012; and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b); and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Bankruptcy Court having determined that the relief sought in the Application is in the best interests of the Debtors estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the Application, the Jamal Declaration, and at the Hearing establish just cause for the relief granted herein; and the Court being satisfied, based upon the representations made in the Application and the Jamal Declaration, that (a) Moelis does not hold or represent an interest adverse to the Debtors' estates and (b) Moelis is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code; and upon all of the proceedings had before this Bankruptcy Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as set forth in this Order and the provisions set forth in the Engagement Letter (and all attachments thereto) are hereby approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Moelis as their investment banker and capital markets advisor in these Chapter 11 Cases in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, to pay fees and reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Moelis on the terms and at the times specified in the Engagement Letter as modified herein, effective as of the Petition Date.

3. Moelis shall be compensated for fees and reimbursed for out-of-pocket expenses by the Debtors in accordance with the terms of the Application and/or Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Moelis, including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee, and the Restructuring Fee, and any amounts under the Indemnification provisions, are approved pursuant to, and shall be subject to review only under, section 328(a) of the Bankruptcy Code, except as otherwise set forth herein. For the avoidance of doubt, the Court is not presently approving the Discrete Asset Sale Fee, without prejudice to the Debtors' and Moelis' right to seek approval of such fee at a later date.

4. Moelis is authorized to apply the Expense Advance to any unbilled or otherwise remaining prepetition expenses that Moelis becomes aware of during its ordinary course billing review and reconciliation. Moelis shall apply any remaining amounts of the Expense Advance as

a credit towards postpetition fees and expenses after such postpetition fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Moelis.

5. Moelis shall file interim and final fee applications for allowance of compensation and reimbursement of reasonable and documented out-of-pocket expenses pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the U.S. Trustee Guidelines and any other procedures or orders of the Bankruptcy Court; *provided, however*, that the interim and final fee applications filed by Moelis shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code, and not subject to the standard of review set forth in section 330 of the Bankruptcy Code, except as set forth herein.

6. Notwithstanding any provision contrary in this Order, the U.S. Trustee retains all rights to respond or object to Moelis' interim and final applications for compensation (including without limitation the Monthly Fees, the Capital Transaction Fee, the Sale Transaction Fee, and the Restructuring Fee) and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Moelis' interim and final fee applications pursuant to section 330 of the Bankruptcy Code; *provided, further*, that "reasonableness" shall be evaluated by comparing (among other things) the fees payable in these Chapter 11 Cases to fees paid to comparable investment banking firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated solely on an hourly or length-of-case based criteria.

7. Notwithstanding anything to the contrary in the Application, the Engagement Letter or herein, the requirements of the Bankruptcy Rules, the Local Rules, the Amended Guidelines, the U.S. Trustee Guidelines and any other procedures or orders of the Court are hereby modified

such that Moelis' restructuring professionals, with the exception of clerical and administrative staff, shall be required only to keep summary time records of the services they have performed in one-hour increments, Moelis' non-restructuring professionals and personnel in administrative departments (including internal legal) shall not be required to keep time records, Moelis' professionals shall not be required to keep time records on a project category basis, and Moelis shall not be required to provide or conform to any schedule of hourly rates.

8.    In the event that Moelis seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Application and the Engagement Letter, the invoices and supporting time records (appropriately redacted to preserve applicable privileges) for the attorneys' fees and expenses shall be included in Moelis' own applications, both interim and final, and such invoices and time records shall be subject to the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

9.    The indemnification, exculpation, contribution, and reimbursement provisions included in Annex A to the Engagement Letter are approved, subject to the pendency of these cases to the following modifications:

    a.    Subject to the provisions of subparagraphs (b), (c), and (d) below, the Debtors are authorized to indemnify, and shall indemnify, the Indemnified Persons (as defined in the Engagement Letter) in accordance with the Engagement Letter and to the extent permitted by applicable law, for any claim arising from, related to, or in connection with Moelis' performance of the Services described in the Engagement Letter;

    b.    All requests by Indemnified Persons for the payment of indemnification as set forth in the Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter; *provided*, *however*, that in no event shall any Indemnified Person be indemnified to the extent that a court determined by final order that such

    person acted in its own bad-faith, self-dealing, to which the Debtors have not consented, gross negligence, or willful misconduct;

  c. In no event shall any Indemnified Person be indemnified to the extent the Debtors or a representative of the estates assert a claim for, and the Court determines by final order that such claim arose out of, such Indemnified Person's own bad-faith, self-dealing to which the Debtors have not consented, gross negligence, or willful misconduct; and

  d. If Moelis or any Indemnified Person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in Moelis' own applications, both interim and final, and such invoices and time records shall be subject to the U.S. Trustee Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. Moelis shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

11. Such services other than set forth in the Application that the Debtors may request that Moelis provide during the course of these Chapter 11 Cases, and as agreed to by Moelis, shall be subject to separate application and order of this Court.

12. The Debtors and Moelis are authorized and empowered to take all actions necessary to implement the relief granted in and pursuant to this Order.

13. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

16. To the extent that there may be any inconsistency between the terms of the Application, the Jamal Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

Dated: March 21, 2023
      White Plains, New York

                                        ***/s/ Sean H. Lane***
                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE