WILLIAM K. HARRINGTON
United States Trustee
U.S. Department of Justice                          **Hearing Date:** March 30, 2023
Office of the United States Trustee                 **Hearing Time**: 11:00 a.m.
One Bowling Green
Suite 515
New York, New York 10004

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
*In re*                                          :   Chapter 11
                                                 :
GENESIS GLOBAL HOLDCO, LLC, *et. al.,*[1]        :   Case No. 23-10063 (SHL)
                                                 :
                              Debtors.           :   (Jointly Administered)
--------------------------------------------------------------- x

**OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE TO: (A) THE
DEBTORS' MOTION SEEKING THE REDACTION OR SEALING OF
CERTAIN INFORMATION (B) THE UNSECURED CREDITORS'
COMMITTEE'S REQUEST TO SEAL CERTAIN INFORMATION**

William K. Harrington, United States Trustee for Region 2 (the "United States Trustee"),

through his counsel, files this Objection (the "Objection") to (a) the Debtors' Motion For Entry

of an Order Waiving the Requirement that each Debtor file a List of Creditors and other relief

(the "Creditor Matrix Motion") [ECF Doc. No. 14], insofar as the Creditor Matrix Motion also

seeks authorization for the Debtors to redact certain creditor information; (b) the Debtor's

Motion For Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain

Information (the "Sealing Motion") [ECF No. 67]; and (c) the Motion of the Official Committee

of Unsecured Creditors (the "Committee" or "UCC") for Entry of Order Requiring the Redaction

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number
(as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific
Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park
Avenue South, 5th Floor, New York, NY 10003.

of Certain Personally Identifiable Information [ECF No. 137] (the "Committee's Motion," and

collectively the "Motions").[2]

## PRELIMINARY STATEMENT

The United States Trustee objects to the collective requests of the Debtors and the UCC

to seal or redact certain information. The demands are antithetical to the transparency and

openness that the bankruptcy system requires. Under 11 U.S.C. § 107(c), the Debtors generally

seek to redact:(a) the addresses and contact information of institutional creditors and (b) the

names, addresses, and contacts of all individual creditors. The UCC goes much further, seeking

to redact the names, email addresses and physical addresses of individual creditors *and*

institutional creditors, citing both 11 U.S.C. §§ 107(b) and (c). In addition, in a separate request,

the Debtors' professionals seek to redact client names and connections, relying primarily on 11

U.S.C. § 107(b).

The public has a right of access to judicial records. Open access to court records is

especially paramount to the integrity of the bankruptcy system because it demonstrates to

creditors that the system is transparent and fair. Its importance is underlined by Congress's

decision to statutorily enshrine it in the Bankruptcy Code under 11 U.S.C. § 107(a).

The Bankruptcy Code does provide limited grounds for redacting information from

bankruptcy court records. Here, both the Debtors and the Committee failed to meet their heavy

burden to redact. If the Motions are granted, the ability of interested parties to communicate with

each other and to evaluate the Debtors' connections will be significantly curtailed. The United

States Trustee has reached out to the UCC to determine if individual creditors have specific

confidentiality concerns based on their location or for some other reason. Should the Debtors or

---

[2] The Ad Hoc Group of Genesis Lenders also filed a Joinder to the Sealing Motion. *See* ECF No. 115.

UCC  have specific situations that merit additional review, those should be brought to the attention of the Court and the United States Trustee. For these reasons and the reasons more fully set forth below, the requests of the Debtors and the UCC should be denied.[3]

**FACTS**

A.  **General**

1.      On January 19, 2023 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code by filing petitions (each, an "Original Petition") in each of the cases, SDNY Case Nos. 23-10063 (Genesis Holdco); 23-10064 (Genesis Global Capital LLC); and 23-10065 (Genesis Asia Pacific PTE Ltd.).

2.      On the Petition Date, the Debtors also filed the Affidavit of Michael Leto in Support of First Day Motions (the "Original Leto Affidavit"). ECF Doc. No. 14.

3.      The Debtors continue to operate their business and manage their properties as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

4.      On January 26, 2023, the Court entered an Order directing that these cases be jointly administered under the above captioned case. ECF Doc. No. 37.

5.      On January 20, 2023, the Debtors blocked from public view on ECF the Original Petitions and the Original Leto Affidavit. The Debtors then filed identical Original Petitions and the Original Leto Affidavit under different docket numbers, but this time with additional redactions to the top 50 fifty list of creditors attached to these documents. *See* ECF Doc. Nos. 27 (this document replaces the Original Petition in this case) and ECF Doc. No. 28 (this document replaces the Original Leto Affidavit).

---

[3] The United States Trustee has requested, but not yet received, unredacted copies of the Debtors' schedules and statement of financial affairs.

6.     On February 3, 2023, the United States Trustee filed a notice appointing a seven-member committee of unsecured creditors (the "UCC" and "UCC Notice"). ECF Doc. No. 53. The members of the UCC consist of both corporations and individuals. The corporate UCC members' addresses are disclosed on the UCC Notice. The individual names, but not their addresses, are disclosed on the UCC Notice. A copy of the UCC Notice is attached as Exhibit A.

B.    The Request for Sealing in the Matrix Motion

7.     The day after the Petition Date, the Debtors filed their "Matrix Motion." ECF Doc. No. 14. In the Matrix Motion, the Debtors inserted a request to redact certain information under 11 U.S.C. § 107(c). Specifically, the Debtors sought authority to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases, including the consolidated creditors list, the names, home addresses and email addresses of the Debtors' employees, former employees, and customers. *Id.* at ¶ 17.

8.     On January 27, 2023, the Court entered an order granting the Matrix Motion on an interim basis (the "Interim Matrix Order"). ECF Doc. No. 46.

9.   Pursuant to Paragraph 9 of the Interim Matrix Order:

> Nothing herein precludes a party in interest's, or the U.S. Trustee's, right to file a motion requesting that this Court unseal the information redacted by this Interim Order, it being understood that if the parties cannot reach an agreement on redactions, they will negotiate an appropriate briefing schedule, *subject to approval by the Court*, to expeditiously put any remaining issues before the Court.

Interim Matrix Order, ¶ 9 (Emphasis in the original).

C.   The Debtors' Request for Sealing

10.    On February 2, 2023, the Debtors filed the Sealing Motion. ECF Doc. No. 67.

11.    The Sealing Motion reiterates the Debtors' request in the Matrix Motion for authority to redact the names and addresses of individual creditors. The Sealing Motion seeks an

expansion of this redaction authority to include: (1) all contact information for individual

creditors;[4] (2) addresses and contact information for institutional creditors whose addresses are

individual home addresses ("Institutional Creditors"); (3) the names of potential counterparties

("Potential Counterparties") to mergers and acquisitions; and (4) the names of parties involved in

"confidential or sealed litigation or regulatory actions or proceedings" ("Litigation

Counterparties"). ECF Doc. No. 67, at preamble; *id.* Proposed Order ¶ 2.

12.     The Debtors argue that authority for redacting the names of Potential

Counterparties is found in 11 U.S.C. § 107(b) and authority for redacting the names of Litigation

Counterparties is found generally in 11 U.S.C. § 107. ECF Doc. No. 67, at ¶¶ 18-19.

13.     On the same day, the Debtors filed retention applications for Cleary Gottlieb

Steen & Hamilton as counsel to the Debtors (ECF Doc. No. 69), Moelis & Company as

investment bankers to the Debtors (ECF Doc. No. 68), Kobre & Kim LLP as special counsel to

the Debtors (ECF Doc. No. 70), Morrison Cohen as special counsel to the Debtors (ECF Doc.

No. 71), Kroll Restructuring Administration LLC as administrative advisor *nunc pro tunc* (ECF

Doc. No. 72) and Alvarez & Marsal North America, LLC as financial advisors to the Debtors

(ECF Doc. No. 73) (collectively, the "Retention Applications") all with redacted disclosure

schedules.[5]

D.      The Committee's Motion

14.     On March 17, 2023, the UCC filed the Motion for Entry of an Order Requiring

Redaction of Certain Personally Identifiable Information. ECF Doc. No. 137.

---

[4] The Matrix Motion only sought to redact individual creditor e-mail addresses, and not all "contact information."
[5] Again, to the extent the Debtors seek authority to redact information improperly from the Retention Applications, the United States Trustee will respond to that request via a separate pleading.

15.     The Committee's Motion seeks to redact from all papers filed by any party-in-interest the "names, physical addresses, and email addresses of certain of Debtors' lenders" (defined as "Confidential Information" in the Committee's Motion). *Id*. at 2; Ex. A, Proposed Order. The use of the term "certain of" appears to encompass all cryptocurrency customers.

16.     The United States Trustee has not heard from any individual creditors about specific disclosure concerns but remains willing to engage in a dialogue to discuss specific concerns.

## ARGUMENT

### I.    DISCLOSURE IS THE RULE. REDACTION IS THE RARE EXCEPTION.

### A. Section 107(a) Of The Bankruptcy Code Affirms The Long-Standing Presumption Of Public Access To Court Records.

There is a strong presumption and public policy in favor of public access to court records. *In re Motors Liquidation Co.*, 561 B.R. 36, 41 (Bankr. S.D.N.Y. 2016); *In re Borders Grp., Inc.*, 462 B.R. 42, 46 (Bankr. S.D.N.Y. 2011); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 597-98 (1978). This is because public access is fundamental to the integrity and operation of a judicial system as it is the best means of avoiding impropriety and corruption. *Motors Liquidation*, 561 B.R. at 41-42 (citing *In re Bell & Beckwith*, 44 B.R. 661, 664 (Bankr. N.D. Ohio 1984)). Public access is especially significant in the integrity of bankruptcy courts because it fosters confidence in creditors that the system is fair. *See In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 553-55 (Bankr. S.D.N.Y. 2007) ("The public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved").

Also, the importance of the public's right of access to judicial records becomes even more pronounced when a debtor seeks to avoid its duties of mandatory disclosure under the

Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Indeed, "[d]uring a chapter 11

reorganization, a debtor's affairs are an open book and the debtor operates in a fish bowl." *In re*

*Alterra Healthcare Corp.*, 353 B.R. 66, 73 (Bankr. D. Del. 2006) (citations omitted).

**B. Movants Bear the Burden of Proving an Exception to Open Access to Court Records Applies and the Request Must be Supported by Evidence**

The burden is on the moving party to show that a request to place documents under seal

falls within the parameters of Section 107(b). *Motors Liquidation*, 561 B.R. at 43; *Food Mgmt.*,

359 B.R. at 561; *In re Endo Int'l plc*, No. 22-22549 (JLG), 2022 Bankr. LEXIS 3093, at *28

(Bankr. S.D.N.Y. Nov. 2, 2022). To meet this burden, the movant "must demonstrate

extraordinary circumstances and compelling need to obtain protection." *Food Mgmt.*, 359 B.R. at

561 (*citing In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)).

"Evidence—not just argument—is required to support the extraordinary remedy of

sealing." *Motors Liquidation*, 561 B.R. at 43. It is not sufficient that the information that a

movant seeks to protect "might 'conceivably' or 'possibly' fall within a protected category" to

justify sealing a document. *In re Fibermark, Inc.*, 330 B.R. 480, 506 (Bankr. D. Vt. 2005).

And a court must make specific factual findings to grant a motion to seal; the motion

cannot be granted based on speculation. *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071-73

(3d Cir. 1059).

**C.      Section 107(b) Of the Bankruptcy Code Is Narrowly Construed**

Section 107(b)(1) of the Bankruptcy Code provides an exception to the general rule of

public access and directs courts to protect trade secrets, confidential research, and confidential

commercial information of entities. 11 U.S.C. § 107(b)(1). This "exception to the general right of

access in section 107(b) is narrow" and should only be entered when actually necessary to

protect a party from harm. *In re Borders Grp., Inc.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011). "A

court's ability to limit the public's right to access remains *an extraordinary measure* that is warranted *only under rare circumstances* as public monitoring is an essential feature of democratic control." *In re Anthracite Cap., Inc.*, 492 B.R. 162, 171 (Bankr. S.D.N.Y. 2013) (internal quotations omitted) (emphasis added).

Under Section 107(b), "commercial information" has been defined as information which would cause an "unfair advantage to competitors by providing them information as to the commercial operations" of the requesting party. *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994)(internal quotations omitted); *accord Borders*, 462 B.R. at 47.

"The 'commercial information' exception is not intended to offer a safe harbor for those who crave privacy or secrecy for its own sake." *Motors Liquidation*, 561 B.R. at 43 (*quoting In re Dreier LLP*, 485 B.R. 821, 822-23 (Bankr. S.D.N.Y. 2013)). "Evidence–not just argument–is required to support the extraordinary remedy of sealing." *Id.* at 43; *accord Dreier*, 485 B.R. at 823 (finding that "conclusory statements in [a declaration] are not probative").

**D.      Section 107(c)(1) Of the Bankruptcy Code Is Also Narrowly Construed**

Section 107(c)(1) of the Bankruptcy Code provides that a bankruptcy court, "*for cause, may* protect *an individual*," by redacting certain information[6] to the extent that disclosure of such information "*would* create *undue risk* of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1) (emphasis added).

The wording of section 107(c)(1) deserves attention. Section 107(c) requires a showing of "cause," unlike section 107(b). *Compare* 11 U.S.C. § 107(b) *with* § 107(c). Although "cause"

---

[6] The types of information that can be redacted are "means of identification" as defined in section 1028(d) of title 18. 11 U.S.C. § 107(c)(1)(A).

is not defined in section 107(c), it generally indicates that a court must determine, case-by-case,

whether there is a legitimate basis to grant the requested relief.[7]

Section 107(c) is permissive, not mandatory. *Compare* 11 U.S.C. § 107(b) (court *shall*

grant relief when sufficient evidence has been provided) *with* 107(c) (court *may* grant relief when

it finds *cause*). The Supreme Court has "emphasized that the word 'may' clearly connotes

discretion." *Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 579 U.S. 93, 103 (2016).

Section 107(c) only applies to "individuals." 11 U.S.C. § 107(c). "The Court does not

interpret 'individual' in section 107(c) to encompass business entities." *In re Celsius Network*

*LLC*, 644 B.R. 276, 294 (Bankr. S.D.N.Y. 2022). "The type of information protected under

section 107(c) includes information "that may be used, alone or in conjunction with any other

information, to identify a specific individual." *See id.* (internal citation omitted).

Those individuals must be facing an "undue" risk of injury and the use of "would" means

that the probability of the injury cannot be in doubt. "The Court has the duty to give effect to

modifiers—like "undue"—as statutes are presumed not to contain surplus language. *See In re*

*Mazzeo*, 131 F.3d 295, 302 (2d Cir. 1997) (applying this statutory rule when interpreting the

modifiers "liquidated" and "noncontingent" of the term "debt" in § 109(e)).

In other words, a court must find that the disclosure of the information is going to

significantly increase the risk of harm to a specific individual in a concrete way. The background

existence of the risk of identity theft or other harm to individuals is not sufficient.

This plain-meaning analysis is consistent with Judge Bernstein's balancing test analysis

in *In re Avaya, Inc*. *In re Avaya, Inc.*, No. 17-10089 (SMB), 2019 Bankr. LEXIS 942 at *15

---

[7] Other Bankruptcy Code sections provide examples of cause pertinent to those sections. *See e.g.* section 707(a).

(Bankr. S.D.N.Y. Mar. 28, 2019).[8] When a party seeks to establish "cause" under section 107(c)

to redact information, courts should weigh the asserted privacy interests against the presumption

of open access to court records. *Id.* In considering the weight of privacy interests, a court should

analyze "the degree to which the subject matter is traditionally considered private rather than

public and the nature and degree of the injury in light of the sensitivity of the information, the

subject and how someone seeking access could use it." *Id*. A "penchant for secrecy and general

fear of identity theft are doubtless shared by a substantial portion of the populace but do not

constitute cause for the issuance of a protective order." *Id*. If a general fear of identity theft

constituted cause for redaction, then a court would redact personal information in every case. *Id*.

## II.      THE DEBTORS AND UCC HAVE NOT MET THEIR BURDEN.

### 1.      The Institutional Creditors Do Not Meet the Definition of "Individual" of 11 U.S.C. §107(c)

The Debtors seek to redact "Institutional Creditors" and not individuals. *See* Sealing

Motion, at preamble. The UCC effectively does the same with its request that *all* creditors be

redacted from public filings. Redactions under section 107(c) are only permitted to protect

individuals and may not be used to protect a business entity. *See In re Celsius Network LLC,* 644

B.R. at 295 (denying "the proposed redaction of all information, including names, email

addresses and physical addresses to the extent the sealing requests apply to business entities and

not individuals.").

Under a strict statutory reading, the reliance on 11 U.S.C. § 107(c) to block disclosure of

institutions, as opposed to individuals, is improper. But in addition, the facts of these cases do

not warrant any such redaction. The UCC Notice in this case contains the names and addresses

---

[8] In *Avaya*, Judge Bernstein analyzed a request by a creditor to redact personal information from a declaration that, in part, analyzed the creditor's pension benefits. *In re Avaya, Inc.*, No. 17-10089 (SMB), 2019 Bankr. LEXIS 942 (Bankr. S.D.N.Y. Mar. 28, 2019).

of the corporate creditors serving on the UCC. *See* Exhibit <u>A</u>. There has been no objection by the

UCC members to this disclosure. The "horrible imaginings" of the Debtors and UCC have not

been borne out with the disclosure of these institutional creditors. These creditors created new

email accounts for the purposes of these cases, thereby offering them more protection.

> 2. <u>**The Names of the Individual Creditors Should Not Be Redacted Under Section 107(c).**</u>

Although the information of individuals can be redacted under 11 U.S.C. § 107(c) upon a

proper showing, the Debtors and the UCC have not provided evidence sufficient for this Court to

make the required factual findings.

The Debtors state that the names, addresses, and contact information of the individual

creditors "*could* be used to perpetrate identity theft or locate survivors of domestic violence,

harassment or stalking." ECF Doc. No. 67, at ¶ 27. The UCC likewise claims 11 U.S.C. § 107(c)

in its papers, presumably to cover individuals. The movants simply haven't met their burden. In a

filing on March 22, 2023, the UCC submitted an affidavit by

The Debtors and the UCC must provide evidence to support factual findings of this undue

risk; mere argument or speculation is not sufficient. Again, the UCC Notice contains the names

and e-mail addresses of the individual creditors serving on the committee. There has been no

objection by the UCC members to this disclosure.  *See* Exhibit <u>A</u>.

Here, the United States Trustee did not require the publication of the addresses of

individuals in the UCC Notice. The United States Trustee is willing to work with the Debtors

and the UCC to redact the address and contact information for any individual creditors who have

safety or other concerns.

3.      **The Existence of Foreign Creditors Does Not Alter United States Law**

The Debtors' assertion that foreign law should prevail over the well-settled principle of American law that bankruptcy proceedings are public should be rejected as well. For example, the District Court in *San Antonio Express-News v. Len. Blackwell (In re Blackwell)*, 263 B.R. 505 (W.D. Tex. 2000), reversed and vacated the bankruptcy court's order that sealed the identities of the debtor's creditors, finding that "the parties' expectations under the laws of various other [foreign] jurisdictions is not at issue here." *Blackwell*, 263 B.R. at 510; *see also In re Celsius Network LLC*, 644 B.R. 276, 295 (Bankr. S.D.N.Y. 2022).

The potential financial penalties cited by the Debtors in the Sealing Motion are speculative at best. ECF Doc. No. 67, at ¶ 23. The Debtors provide no quantification of the potential penalties, but merely assert such penalties may apply. *Id*. The mere possibility of a penalty is not sufficient to meet the Debtors' burden to redact court records. *See, e.g., United States v. Continental Airlines, Inc. (In re Continental Airlines, Inc.),* 150 B.R. 334, 340–41 (D.Del.1993) (refusing to seal documents based on "nothing more than the mere possibility" that they contained defamatory information); *Motors Liquidation*, 561 B.R. at 44 (finding that "conclusory statements" and "statements made by lawyers in briefs are not evidence.").

Section 107(c) protects individuals from unlawful injuries, and it does not protect the Debtor from financial penalties. *See In re Celsius* Network *LLC,* 644 B.R. at 295 ("the Debtor has failed to show that public disclosure of UK or EU citizens personal data in violation of the UK GDPR or EU GDPR would constitute an unlawful injury to those individuals because the financial penalties (injury) would be imposed against the Debtors under those laws. The Court, in turn, will not treat the UK and EU citizens differently than the United States citizens implicated in this case filed in New York.").

Finally, the foreign privacy laws may contain exceptions for disclosing personal information in legal proceedings, like a bankruptcy. For instance, under the European General Data Protection Regulation ("GDPR"), processing personal data is lawful if "necessary for compliance with a legal obligation to which the controller is subject." *See* GDPR, Art. 6(1).

Again, the Debtors fail to meet their burden. The Debtors have provided no legal authority that demonstrates why the foreign privacy laws[9] apply to the Debtors' bankruptcy cases filed in the United States. Nor have the Debtors shown why foreign laws would take precedence over the Bankruptcy Code's requirement for disclosure. *Id*. In this regard, the movants' reliance on Section 105 is unavailing. Section 105(a) simply authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code. *Cf. In re Haynes* (Case No. 11-23212 (RDD), 2014 WL 3608891, at *9 (Bankr. S.D.N.Y. July 22, 2014) (Section 105 was used in connection with other substantive provisions in the Bankruptcy Code).

4. **The Movants Have Not Met Their Burden to Show Redactions are Appropriate Under 11 U.S.C. § 107(b)**

Under 11 U.S.C. § 107(b), the Debtors and the UCC bear the "burden of demonstrating that the information it is seeking to protect from public viewing is both commercial and confidential." *In re Williams*, No. 15-71767, 2017 WL 6278764, at *3 (Bankr. W.D. Va. Dec. 8, 2017) (citing *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D. N.Y. 2012) and *In re Northwest Airlines Corp.*, 363 B.R. 704, 706 (Bankr. S.D. N.Y. 2007)). And, "embarrassing or prejudicial" association with litigation is not sufficiently harmful to warrant redaction under Section 107(b). *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 (BRL),

---

[9] Debtors cite to the United Kingdom General Data Protection Regulation, the European General Data Protection Regulation, and the Singaporean Personal Data Protection Act 2012. ECF Doc. No. 67, at ¶ 23.

2011 Bankr. LEXIS 1390, at *7 (Bankr. S.D.N.Y. Apr. 12, 2011) citing *In re Food Mgmt. Grp.,
LLC*, 359 B.R. 543, 561 (Bankr. S.D.N.Y. 2007).

The Debtors do not cite any authority holding the names of litigants or the existence of

certain proceedings is confidential commercial information. Similarly, the Debtors cannot redact

the Litigation Counterparties under Section 107(b)(2). Simply being named in a lawsuit is not

scandalous or defamatory and thus not a reason to redact under Section 107(b)(2). However, to

the extent certain litigation or certain parties engaged in litigation are subject to a court's sealing

order, the Debtors should produce such an order for review by this Court as well as parties-in-

interest or otherwise make representations in that regard.

The Committee likewise claims 11 U.S.C. § 107(b) for authority to redact, but its focus is

different from the Debtors. The Committee argues that releasing the identity of the Debtors'

lenders will likely minimize the value of the Debtors because other crypto companies will try to

steal them from the Debtors. Committee Motion ¶ 23. However, again, the UCC provides no

evidence that the publication of names will suppress value. The declaration submitted on March

22, 2023 [Dkt. No 156] is purely speculative.  This disclosure is the norm in every large Chapter

11 case. In summary, the Debtors' professionals and the UCC cannot overcome the presumption

that creditors are publicly filed, as they are in every large Chapter 11 case.

## CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an

order: (a) denying the relief sought in the Motions, and (b) granting such other and further relief

as it may deem just and proper.

Dated:  March 23, 2023
        New York, New York

                                        WILLIAM K. HARRINGTON
                                        UNITED STATES TRUSTEE

                        By:     /s/ Greg M. Zipes
                                Greg Zipes, Esq.
                                Benjamin Teich, Esq.
                                Tara Tiantian, Esq.
                                Trial Attorneys
                                Office of the United States Trustee - NY
                                Alexander Hamilton Custom House
                                One Bowling Green, Room 534
                                New York, NY 10004-1408
                                Tel. No. (212) 510-0500
                                Fax No. (212) 668-2255