*Stephanie F. Assi (sfassi@ccsb.com)
  State Bar No. 24096737
**CARRINGTON, COLEMAN,
SLOMAN & BLUMENTHAL, L.L.P.**
901 Main Street, Suite 5500
Dallas, TX 75202
(214) 855-3030 – Telephone
(214) 580-2641 – Facsimile
**Pending admission pro hac vice*

**ATTORNEY FOR ROSS D. BLANKENSHIP AND
DR. D. WINSLOW BLANKENSHIP**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Genesis Global Holdco, LLC, *et al.*,[1] | ) | Case No. 23-10063 (SHL) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**LIMITED OBJECTION TO DEBTORS' APPLICATION FOR AN ORDER (I)
ESTABLISHING BAR DATES FOR SUBMITTING PROOFS OF CLAIM;
(II) APPROVING PROOF OF CLAIM FORMS, BAR DATE NOTICES, AND
MAILING AND PUBLICATION PROCEDURES; (III) IMPLEMENTING
UNIFORM PROCEDURES REGARDING 503(B)(9) CLAIMS;
AND (IV) PROVIDING CERTAIN SUPPLEMENTAL RELIEF**

Creditors Ross D. Blankenship and Dr. D. Winslow Blankenship (collectively, the "Blankenships") file this limited objection to the above-captioned debtors ("Debtors") *Application for an Order (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving Proof of Claim Forms, Bar Date Notices, and Mailing and Publication Procedures; (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims; and (IV) Providing Certain Supplemental Relief* [Docket No. 135] (the "Bar Date Application") and respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Debtor Genesis Global Capital, LLC partnered with Gemini Trust Company, LLC ("Gemini") for a program called Gemini Earn where individual users lent crypto assets to the Debtors and earned rewards. Prior to the petition date, and after the collapse of FTX, Gemini Earn program users were unable to withdraw funds from their accounts after the program was "frozen." Gemini is not a debtor in the above-captioned proceeding. Individual users of the Gemini Earn program, like the Blankenships, thus have claims/potential claims against both the Debtors and Gemini.

Through the Bar Date Application, the Debtors seek to limit notice to and the rights of individual users of the Gemini Earn program. The Debtors make numerous representations throughout their recent filings that individual Gemini users in the Gemini Earn program "appointed Gemini to act as agent" under alleged "master loan agreements." *See* Bar Date App. at ¶¶ 15–19. And based on those representations, the Debtors purport that Gemini Earn program individuals do not need to have notice of their rights being affected, an opportunity to object or be heard before this Court, or an opportunity to provide information regarding their potential claims against the Debtors or Gemini. *See id.*

As set forth herein, the Blankenships object to:

(a) the Debtors' contention that individual Gemini Earn program users, including the Blankenships, appointed Gemini as their agent (Bar Date App. ¶¶ 15–19);

(b) the Debtors' request that this Court "authorize and direct Gemini" to be responsible for providing notice to individual Gemini Earn program users by the form Debtors attached as Exhibit E (Bar Date App. ¶ 17 and Exhibit E);

(c) the Debtors' request that this Court grant a limited waiver of Rule 3001(c) to allow Gemini and Genesis to work together, without any input of the actual claim holders, to "substantiate" the individual Gemini Earn program users' claims (Bar Date App. ¶ 18); and

(d) the Debtors' contention that allowing Gemini to handle all the individual Gemini Earn program users claims, without their input or ability to opt in or out, is "beneficial for all parties-in-interest" (Bar Date App. ¶ 19).

A.  **INDIVIDUAL GEMINI EARN USERS, INCLUDING THE BLANKENSHIPS, DID NOT APPOINT GEMINI AS AGENT TO ACT ON THEIR BEHALF IN THIS PROCEEDING OR ANY DISPUTE RESOLUTION.**

The Debtors' position that individual Gemini Earn program users gave broad-sweeping agency to Gemini is not supported by the terms of the agreements between Gemini and its users. More troubling, there is a significant conflict-of-interest by such implication. Individual Gemini Earn program users, such as the Blankenships, have claims and potential claims against *both* Gemini and the Debtors. The Blankenships did not, and have not, ever given agency to Gemini to allow Gemini to handle dispute resolution or any claim on its behalf in this bankruptcy proceeding or otherwise.

The limited agency granted to Gemini pursuant to the terms of the Gemini Earn program was strictly for Gemini to "have the responsibility and authority to do or cause to be done all acts we shall determine to be desirable, necessary, or appropriate to implement and administer your authorization to lend Available Digital Assets through our Program." The full provision provides:

> **3. Appointment of Gemini as Your Agent**
>
> You hereby appoint and authorize Gemini as your agent to transfer on your behalf Digital Assets which you own and designate as available for lending by using the "Earn" function of the Program user interface, or that you otherwise transfer into our Program, and are listed as supported by the Program on Schedule B (in each case, "Available Digital Assets"), to Borrowers in accordance with the terms of this Agreement. We shall have the responsibility and authority to do or cause to be done all acts we shall determine to be desirable, necessary, or appropriate to implement and administer your authorization to lend Available Digital Assets through our Program. You acknowledge and agree that we are acting as a fully disclosed agent and not as principal in connection with the lending of your Available Digital Assets through our Program.
>
> All lending by you through our Program will be on an unsecured basis. We will not collect or hold collateral from Borrowers, nor maintain any collateral account for your benefit.
>
> We may, but are not required to, maintain a "liquidity reserve" on your behalf of up to thirty percent (30%) of your Available Digital Assets ("Reserve") in order to more quickly fund your Loan callback and withdrawal requests. We may maintain a Reserve by withholding any amount of Available Digital Assets you designate for a Loan. You appoint and authorize Gemini to adjust such Reserve from time to time based on demand and activity in the Program, number of available Borrowers, or any other criteria set by us in our reasonable discretion. Available Digital Assets that we hold as your Reserve will not be provided to a Borrower in any Loan, and will not accrue Loan Fees. We will exclude any Reserve, if applicable, from the calculation or the interest rate and/or other Loan Fees presented to you at the time a Loan is made. A Reserve is not collateral and will not be reinvested on your behalf.

Nowhere in the agreement is there a broad grant of authority to Gemini to act as an agent on the individual user's behalf in dispute resolution.[2] Indeed, the Gemini Earn program agreement references dispute resolution in the User Agreement, which provides mechanisms for asserting claims against Gemini *and* other third-party defendants.[3] The dispute resolution provision provides in part:

> You agree that this arbitration provision applies not just to disputes with Gemini but also to (a) disputes with Gemini and any other party named or added as a co-defendant along with Gemini at any time during a court action, and (b) disputes in which a party is named as a defendant in a court action involving claim(s) arising from or related to this User Agreement or any other Gemini agreement or program terms, even if Gemini is not named or added as a defendant. Any such co-defendant or defendant is a third-party beneficiary entitled to enforce this arbitration provision.

Thus, the Debtors are essentially taking the position that the same agreement that provides a mechanism for asserting claims *against* Gemini somehow authorizes Gemini to act on behalf of the individual users who may hold claims against it. That interpretation is not supported by the actual agreements or applicable law.

To the extent that this Court interprets the limited grant of agency cited above to reach as far as the Debtors would like, for the avoidance of doubt, the Blankenships hereby revoke any and all agency authority given to Gemini or its affiliates.

**B.     BECAUSE GEMINI IS NOT AN AUTHORIZED AGENT OF THE INDIVIDUAL GEMINI EARN PROGRAM USERS, GEMINI SHOULD NOT BE PERMITTED TO ACCEPT NOTICE ON BEHALF OF, OR ASSERT CLAIMS ON BEHALF OF INDIVIDUAL GEMINI EARN PROGRAM USERS.**

The Debtors' requests that the Court "authorize and direct Gemini" to be responsible for providing notice to individual Gemini Earn program users (Bar Date App. ¶ 17 and Exhibit E) and

---

[2] The terms of the Gemini Earn program agreement can be found here: https://web.archive.org/web/20220930181357/https://www.gemini.com/legal/gemini-earn-program-terms-and-authorization-agreement#section-1-program-risks.

[3] The terms of the Gemini User agreement can be found here: https://web.archive.org/web/20221012094000/https://www.gemini.com/legal/user-agreement#section-welcome-to-gemini.

that the Court grant a limited waiver of Rule 3001(c) to allow Gemini and Genesis to work together, without any input of the actual claim holders, to "substantiate" the individual Gemini Earn program users' claims (Bar Date App. ¶ 18) should be denied. The Blankenships did not authorize Gemini to act as their agent; thus, Gemini should not be permitted to receive notice on the Blankenships' behalf or assert a claim on the Blankenships' behalf. Further, because Gemini does not have authority from the Blankenships (or the other individual Gemini Earn program users), Gemini should not be permitted to agree to limitations of the Blankenships' rights, including releases or reductions of claims, such as *claims asserted against Gemini*.

Notably, the Debtors' current proposed chapter 11 plan (that has not been served on affected parties such as the Blankenships) provides a broad release of claims against non-debtor entities like Gemini:

> Except as otherwise set forth in the Confirmation Order or the Gemini Settlement Procedures, effective immediately upon the occurrence of the Effective Date, each Holder of Gemini Lender Unsecured Claims who elects to receive the Gemini Consideration, and opts into the releases set forth in the Gemini Settlement Procedures, shall be deemed to release, remise, and forever discharge the Gemini Parties of and from any and all debts, losses, demands, actions, Claims, Causes of Action, suits, accounts, covenants, contracts, agreements, claims, counterclaims, controversies, disputes, obligations, judgments, rights, damages, costs, losses, expenses, liens, or liabilities of any and every nature or description whatsoever, both at law or in equity, whether asserted or unasserted, express or implied, known or unknown, matured or unmatured, fixed or contingent, liquidated or unliquidated, that arose at any time before the Effective Date and arise out of or directly related to the Gemini Lender Unsecured Claims or the Gemini Earn Program.

Debtors' Joint Chapter 11 Plan [Docket No. 20] at Section F, ¶ 2.

So the Debtors are essentially asking this Court to allow an adverse party to limit claims and rights on behalf of its adversary. Such an absurd result is not "beneficial for all parties-in-interest" (Bar Date App. ¶ 19) and certainly not in the best interests of creditors.

For these reasons, the Court should not allow Gemini to act as an agent in any capacity on behalf of the Blankenships, and should require the Debtors to provide individual Gemini Earn program users, including the Blankenships, with notice regarding their affected rights, with the opportunity to assert objections, assert claims, and the opportunity to object to or opt in or out of any proposed plan or plan treatment.

Dated: March 28, 2023

                                            Respectfully submitted,

                                            By: */s/ Stephanie Assi*
                                            *Stephanie F. Assi (sfassi@ccsb.com)
                                             Texas Bar No. 24096737
                                            **CARRINGTON, COLEMAN,**
                                            **SLOMAN & BLUMENTHAL, L.L.P.**
                                            901 Main Street, Suite 5500
                                            Dallas, Texas 75202
                                            (214) 855-3030 – Telephone
                                            (214) 580-2641 – Facsimile
                                            **Pending admission pro hac vice*

                                            **ATTORNEY FOR ROSS D. BLANKENSHIP AND DR. D. WINSLOW BLANKENSHIP**