# Exhibit A

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[5] | ) ) ) | Case No. 23-10063 (SHL) |
| Debtors. | ) ) | Jointly Administered |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF BERKELEY RESEARCH GROUP, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF FEBRUARY 14, 2023

Upon the application (the "**Application**")[6] of the Official Committee of Unsecured Creditors (the "**Committee**") of Genesis Global Holdco, LLC, *et al.*, as debtors and debtors-in-possession in these proceedings (the "**Debtors**"), for entry of an order authorizing the Committee to retain and employ Berkeley Research Group, LLC ("**BRG**") as its financial advisor effective as of February 14, 2023, pursuant to sections 328(a) and 1103(a) of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"); and upon the Declaration of Evan Hengel of BRG (the "**Hengel Declaration**") attached to the Application as **Exhibit B**; and the Court having jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 to consider the Application and the relief requested therein; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that notice of this Application and the opportunity for a hearing on

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[6] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

this application was appropriate under the particular circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application and the Hengel Declaration, that BRG does not represent or hold any interest adverse to the Committee or the Debtors' estates as to the matters upon which BRG has been and is to be employed, and that BRG is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and the Court having determined that the relief sought in the Application is in the best interests of the Committee, the Debtors, their creditors, and all parties in interest; and this Court having determined that the legal and factual bases set forth in the Application, in the Hengel Declaration, and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is GRANTED to the extent set forth herein.

2. In accordance with sections 328(a) and 1103(a) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules and Rule 2014-1 of the Local Rules, the Committee is authorized to employ and retain BRG as its financial advisor, effective as of February 14, 2023, on the terms and conditions set forth in the Application and in the Hengel Declaration.

3. BRG is authorized to perform the services set forth in the Application.

4. The following indemnification provisions are approved:

(a) BRG shall be indemnified and held harmless by the Debtors against any and all losses, claims, damages, liabilities, penalties, judgments, awards, costs, fees, expenses and disbursements including, without limitation, defending any action, suit, proceedings or investigation (whether or not in connection with proceedings or litigation in which BRG is a party), caused by, relating to, based upon, arising out of or in connection with the engagement of BRG hereunder or any services

rendered pursuant to such engagement or any claim, litigation, investigation or proceeding relating to the foregoing, whether based on contract, tort or any other theory, whether brought by a third party or by the Debtors or its affiliates, and regardless of whether BRG is a party thereto, unless there is a final non-appealable order of a court of competent jurisdiction finding BRG directly liable for bad faith, gross negligence, fraud, or willful misconduct. The foregoing indemnification obligations of the Debtors shall survive any termination of this engagement. These indemnification provisions extend to the principals, employees, representatives, agents, independent contractors, counsel, and affiliates of BRG.

(b) BRG acknowledges that neither the Committee nor any of its individual members shall have any liability hereunder for the indemnification in favor of BRG by the Debtors.

(c) All requests for payment of indemnity, contribution, or otherwise pursuant to the Application shall be made by means of an interim or final fee application and shall be subject to the approval of, and review by, the Court to ensure that such payment conforms to the terms of the Application, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the orders of this Court, and is reasonable based on the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided* that in no event shall any person be indemnified or receive contribution or other payment under the indemnification provisions of the Application to the extent that any claim arose or expense has resulted from any such losses finally judicially determined by a court of competent jurisdiction to have primarily resulted from the bad- faith, self-dealing, breach of fiduciary duty, if any,

3

gross negligence, or willful misconduct on the part of that or any other person entitled to indemnity under the Application.

(d) In the event any person seeks reimbursement for attorneys' fees and expenses from the Debtors in connection with an indemnity claim during the pendency of these cases, the invoices and supporting time records from such attorneys shall be annexed to BRG's own interim and final fee applications, and such invoices and time records shall be subject to the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York*, dated January 29, 2013 (General Order M-447) ("**Amended Guidelines**"), any applicable United States Trustee Fee Guidelines, and the approval of the Court under the standards of section 330 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

(e) BRG shall not be entitled to reimbursement by the Debtors for any fees, disbursements and other charges of BRG's counsel other than those incurred in connection with a request of BRG for payment of indemnity, retention of BRG preparation of fee applications, and a BRG expert's deposition or testimony within these chapter 11 cases, but only in the instance where Counsel to the Official Committee of Unsecured Creditors is unable to serve as counsel to the testifying expert.

5. BRG shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses, and shall be compensated for professional services

4

rendered and reimbursement of expenses incurred in connection with these cases, pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals*, dated February 24, 2023 [Dkt. No. 101], the Amended Guidelines, the UST Guidelines, and any other Orders of the Court. For the avoidance of doubt, under no circumstances shall any of the compensation or expense reimbursement obligations approved by the Court be an obligation of, or paid by, the Committee or any of its members or professionals.

6.  BRG shall keep reasonably detailed time records in tenth of an hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered and will identify each professional rendering services, the category of services rendered, and the amount of compensation requested.

7.  Notwithstanding anything in this Application to the contrary, BRG shall (i) to the extent that, with the prior consent of the Committee, it uses the services of independent contractors or subcontractors ("**Contractors**") in these cases, pass-through the cost of Contractors to the Debtors at the same rate that BRG pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflict checks as required for BRG; and (iv) file with the Court such disclosures required by the Bankruptcy Code, Bankruptcy Rules, Local Rules, orders of the Court, and applicable law.

8.  In connection with any increase in BRG's rates for any individual retained by BRG and providing services in these cases, BRG shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee, and any official committee prior to filing a fee statement or fee application reflecting such an increase. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with

Section 330(a)(3)(F) of the Bankruptcy Code and state whether BRG's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

9. BRG shall use its reasonable efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

10. The Committee and BRG are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. To the extent there is an inconsistency between the terms and conditions set forth in the Application, the Hengel Declaration, and this Order, the provisions of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____, 2023
      White Plains, New York

                                                          THE HONORABLE SEAN H. LANE
                                                          UNITED STATES BANKRUPTCY JUDGE