Hearing Date: March 30, 2023 at 11:00 a.m. (Prevailing Eastern Time)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' OMNIBUS REPLY AND STATEMENT TO (I) THE OBJECTION OF THE UNITED STATES TRUSTEE, (II) THE STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTIONS TO REDACT AND FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION, AND (III) THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION TO REDACT CERTAIN CONFIDENTIAL INFORMATION**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), hereby submit this omnibus reply (this "Reply") (a) in response (i) to the *Omnibus Objection of the United States Trustee to: (A) The Debtors' Motion Seeking the Redaction or Sealing of Certain Information (B) The Unsecured Creditors' Committee's Request*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

to Seal Certain Information* (ECF No. 157) (the "UST Objection"), (ii) the *Official Committee of Unsecured Creditors' Omnibus Statement Regarding the Debtors' Redaction Motions* (the "UCC Statement"), and (iii) *the Official Committee of Unsecured Creditors' Motion for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 137) (the "UCC Motion"), and (b) in support of the *Debtors' Motion for Entry of Interim and Final Orders Waiving the Requirement that Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors, in Lieu of Submitting a Formatted Mailing Matrix, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty (50) Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Granting Related Relief* (ECF No. 14) (the "Creditor Matrix Motion") and the *Debtors' Motion Pursuant to 11 U.S.C. §§ 107(B), 107(C) and 105(A) for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Information About the Confidential Parties Listed in the Debtors' Professional Retention Applications and Schedules* (ECF No. 67) (the "Sealing Motion" and together with the Creditor Matrix Motion, the "Motions").

**OMNIBUS REPLY AND STATEMENT**

I. **The Debtors have met their burden to warrant the redaction of names, addresses and contact information for individuals and certain contact information for institutional creditors.**

1. ***Potential Counterparties***.[2] The redaction of the names of parties who may be potential bidders for the Debtors' assets is appropriate and warranted under Section 107(b). *In re Orion Pictures*, 21 F.3d at 28; *In re Glob. Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b)

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motions, as applicable.

2

of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause."). As the Debtors are currently engaged in a marketing and sales process for the Debtors' assets, the disclosure of information related to the Potential Counterparties is commercially sensitive and would be detrimental to the sale process. *In re Borders Grp., Inc.*, 462 B.R. 42, 47–48 (Bankr. S.D.N.Y. 2011) (quoting *In re Lomas Fin. Corp.*, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (internal citation omitted)) ("The term "commercial information" includes "situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on [business] negotiations.").

As previously provided in the Motions, courts in this jurisdiction have granted the relief requested above in similar Chapter 11 Cases. *See In re Voyager Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 20, 2022), ECF No. 113 (granting debtors' permission to redact the names of certain customers and confidential parties in interest related to the debtors' professional retention applications); *see also In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 22, 2022), ECF No. 1431 (authorizing redaction of parties in interest related to the potential sale of the debtors' assets and potential procurement of post-petition financing, including in supplemental declarations submitted by retained professionals).

2. ***Individual Creditors and Institutional Creditors.*** The Debtors have also requested redaction of names and contact information for Individual Creditors and the addresses of Institutional Creditors where those addresses are also home addresses pursuant to Section 107(c). The personally identifiable information about the Institutional Creditors and Individual Creditors is not generally available on the Internet and could be used to perpetrate identity theft and phishing crimes, which risks are particularly acute in cases involving cryptocurrency assets. It may also

3

subject creditors to heightened risks of kidnapping and other threats to personal safety, and may be used to locate survivors of domestic violence, as well as for harassment or stalking.

Courts in this jurisdiction have granted similar relief in comparable Chapter 11 Cases. *See, e.g.*, *In re Celsius Network LLC.*, No. 22-10964 (MG) (Bankr. S.D.N.Y. July 19, 2022) (granting the redaction of home addresses of individual creditors); *In re Automotores Gildemeister SpA, et al.,* No. 21-10685 (LGB) (Bankr. S.D.N.Y. Apr. 15, 2021) (permitting the debtors to redact creditors' home addresses in publicly-accessible court filings); *In re Frontier Commc'ns. Corp.,* No. 20-22476 (RDD) (Bankr. S.D.N.Y. May 26, 2020) (authorizing the debtors to redact personal information from public versions of the statements and schedules); *In re The McClatchy Co.*, No. 20-10418 (MEW) (Bankr. S.D.N.Y. Feb. 14, 2020) (authorizing the debtors to use corporate addresses for, or redact address information of, individual creditors on the creditor matrix).

3. Disclosure of personal information of certain foreign creditors subject to foreign privacy regimes may also subject the Debtors to costly penalties if they do not comply with the applicable foreign regulations:

> Violators of the UK GDPR, EU GDPR, and Singapore PDPA risk civil and monetary penalties. In Singapore, if personal data is mishandled, the offending party may be subject to a fine of up to $1 million. See Singapore Personal Data Protection Act 2012, Part 9C(48J). If an organization is found to have processed information in breach of the UK GDPR, the organization may be fined up to the higher of £17,500,000 or 4% of worldwide annual turnover (i.e., total annual revenues) of the preceding financial year. See United Kingdom Data Protection Act 2018, section 157(5)(a). A breach of the EU GDPR may potentially subject an organization to a fine of up to the higher of €20,000,000 or 4% of worldwide annual turnover (i.e., total annual revenues) of the preceding financial year. See General Data Protection Regulation (EU) 2016/679, art. 83(5). Creditor Matrix Motion at ¶ 23.

Courts in this jurisdiction have permitted the redaction of personally identifiable information that is protected under similar foreign laws, including the EU GDPR, in similar Chapter 11 Cases. See *In re Voyager Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July

4

28, 2022) (granting debtors' permission to redact any customer names connected to the EU and UK); *In re Vewd Software USA*, LLC, No. 21-12065 (MEW) (Bankr. S.D.N.Y. Dec. 17, 2021) (allowing the debtors to redact names and addresses of individuals protected by the GDPR); *In re GTT Commc'ns. In*c., No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) (allowing the debtors to redact names and addresses of individuals protected by the GDPR).

4. ***Litigation Counterparties***.  The Debtors also request the redaction of identities of certain Litigation Counterparties pursuant to Section 107.  The existence of the matters involving the Litigation Counterparties is confidential, per the nature of the inquiries or proceedings, confidentiality agreements with parties to the proceedings, or court orders to keep these under seal. *See In re Voyager Holdings, Inc*., No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 20, 2022), ECF No. 113 (granting debtors permission to redact the names of certain customers and confidential parties in interest related to the debtors' professional retention applications).

## II.    The UCC Motion

5. On March 16, 2023, the Official Committee of Unsecured Creditors (the "UCC") filed the UCC Motion, which requested relief to redact confidential information related to the Debtors' creditors, including individuals and institutional creditors.  The UCC also filed the UCC Statement in response to the Motions, reiterating the appropriateness of the relief requested in the UCC Motion but also in support of the Debtors' Motions.  The relief requested in the UCC Motion expands the scope of the proposed redactions to the names of the Debtors' institutional lenders. While the Debtors are prepared to support the expanded relief sought in the UCC Motion, the Debtors are concerned to the extent the relief requested may result in extensive additional litigation, which would be costly and burdensome for the Debtors' estates, especially at this critical time in the Debtors' Chapter 11 Cases.

**RESERVATION OF RIGHTS**

6. For the avoidance of doubt, the Debtors propose to provide any documents filed with the Court which include the Confidential Information to (a) the Court, (b) the U.S. Trustee, (c) counsel to the Committee, if any (on a confidential and professional eyes only basis) and (d) any other party as may be ordered by the Court or agreed to by the Debtors, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors. Given this proposed disclosure, the Debtors do not believe that further public disclosure of the Confidential Information is necessary in these Chapter 11 Cases.

7. Although the Debtors submit that the Motions should be granted on a final basis for the reasons stated in the Motions and herein, the Debtors reserve all rights and defenses in connection with the Motions.

[*The remainder of the page is intentionally left blank*]

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter the final order, substantially in the form attached to the Creditor Matrix Motion as <u>Exhibit B</u>, (b) enter the order, substantially in the form attached to the Sealing Motion as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  March 29, 2023<br>        New York, New York | */s/ Jane VanLare*<br>Sean A. O'Neal<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* |