CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' STATEMENT IN SUPPORT OF (I) EXTENDING
THE TIME TO COMPLY WITH THE REQUIREMENTS OF AND
GRANTING A LIMITED WAIVER OF SECTION 345 OF THE BANKRUPTCY
CODE TO THE EXTENT REQUIRED AND (II) GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases") hereby submit this statement (this "Statement") (i) in support of the *Debtors' Motion for Entry of a Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II)*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief* (ECF No. 15) (the "Motion") and (ii) in response to the *Statement of the United States Trustee to the Debtors' Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105, 345 and 363* (ECF No. 158) (the "UST Statement").[2]

**Procedural History**

1. On January 20, 2023, Debtors filed the Motion and, on January 27, 2023, the Court entered the *Interim Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief* (ECF No. 47).

2. On February 24, 2023, the Court granted the *Second Interim Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief* (ECF No. 99).

---

[2] Capitalized terms used but not otherwise defined in this Statement have the meanings ascribed to them in the UST Statement or, if not defined therein, in the *Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief* (ECF No. 150) (the "Final Order").

2

3. On March 21, 2023, the Court granted the Final Order, granting the relief requested but adjourning issues relating to section 345 to the March 30 hearing.

## Statement

4. From the outset of these cases, the Debtors have actively engaged and shared information with the U.S. Trustee regarding the Debtors' operations, including the Debtors' cash management system. In that spirit, the Debtors and the U.S. Trustee have had ongoing discussions in the interest of resolving the issues raised in the UST Statement with respect to the Trust Shares (as defined below) and the Debtors' cryptocurrency holdings (the "Digital Assets"). The Debtors file this Statement in response to, and to further clarify, the issues raised by the UST Statement.

5. First, with respect to the Debtors' U.S. dollar-denominated assets, the Debtors are in compliance with section 345(b) of the Bankruptcy Code with the exception of certain funds (the "Marex Funds") held in brokerage accounts maintained by Marex Capital Markets, Inc. ("Marex"). The Debtors are in the process of moving the Marex Funds and closing their brokerage accounts at Marex in the upcoming weeks. Accordingly, pursuant to paragraph 8 of the Final Order, the Debtors and the U.S. Trustee have agreed to extend the Debtors' time to comply with section 345 of the Bankruptcy Code with respect to the Marex Funds until April 14, 2023.

6. Second, as previously disclosed, the Debtors hold substantial Digital Assets. Paragraph 6 of the Final Order provides that the Debtors are authorized to maintain and manage their Digital Assets, subject to certain disclosure requirements and limitations, which were the result of substantial negotiations between the Debtors and the Committee. The Debtors posit that the safeguards and protocols employed by the Debtors and embodied in the Final Order are sufficient to ensure the safety of the Digital Assets, and in any event whatever objections the U.S. Trustee may have to these protocols have been mooted by the entry of the Final Order. Notwithstanding the foregoing, the Debtors have also separately provided information to the U.S.

Trustee about the security protocols in place to protect the Debtors' Digital Assets and remain open to address any questions the U.S. Trustee may have about the storage of Digital Assets.

7.      Finally, the Debtors have engaged in substantial discussions with the U.S. Trustee about the Debtors' holdings of certain securities (the "Trust Shares") issued by the Grayscale Bitcoin Trust and the Grayscale Ethereum Trust, each of which is sponsored by Grayscale Investments, LLC ("Grayscale"), a wholly owned subsidiary of DCG and an affiliate of the Debtors. The Debtors held these assets as of the Petition Date and have not acquired nor liquidated any Trust Shares post-petition.

8.      The Debtors contend that the holding of these Trust Shares is not subject to section 345 of the Bankruptcy Code and, to the extent it is, the Debtors request a limited waiver of section 345 with respect to these assets. The sale of Trust Shares is subject to the requirements of Rule 144 under the Securities Act of 1933, which limits the manner and circumstances under which the Trust Shares can be sold. The U.S. Trustee has not articulated any preferred alternatives to the Debtors' current holding of the Trust Shares. The Debtors have also consulted with the Committee with respect to the Trust Shares, and understand the Committee agrees with the Debtors that no actions with respect to these Trust Shares should be taken at this time.

9.      The Debtors expressly reserve all rights, remedies, and arguments, without waiver, with respect to the Motion and this Statement, including the right to supplement or add to the legal and factual arguments to further respond to the Objection at the hearing on the Motion or otherwise.

*[The remainder of this page is left blank intentionally]*

Dated: March 29, 2023
New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*