Hearing Date: March 30, 2023 at 11:00 a.m. (Prevailing Eastern Time)

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113

– and –

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450

*Proposed Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 137, 156, 157 |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' REPLY
TO OBJECTION OF UNITED STATES TRUSTEE AND IN SUPPORT
OF COMMITTEE'S MOTION FOR ENTRY OF AN ORDER REQUIRING
THE REDACTION OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases

of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

AMERICAS 120701681

states as follows in response to the *Omnibus Objection of the United States Trustee to: (A) the Debtors' Motion Seeking the Redaction or Sealing of Certain Information [and] (B) the Unsecured Creditors' Committee's Request to Seal Certain Information* [Docket No. 157] (the "**Objection**" or "**Obj.**") and in further support of *The Official Committee of Unsecured Creditors' Motion for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* [Docket No. 137] (the "**Motion**"):[2]

### Preliminary Statement

1.  The relief requested by the Motion is necessary to maximize the value of the Debtors' assets for the benefit of their creditors, as well as to ensure that those creditors and individuals associated with those creditors do not face risks of financial, psychological, or physical harm. As the Court is no doubt aware, cryptocurrency and digital asset platforms are frequent targets of criminals and other bad actors that seek access to users' personally identifiable information in order to steal cryptocurrency, digital assets, and other valuable types of property. Those types of illicit actions would deprive the estates of the value of the Confidential Information, which is subject to the Debtors' ongoing marketing process. Furthermore, absent the requested relief, there is also a significant risk of financial, psychological, and physical harm to the Debtors' individual lenders as well as individuals associated with institutional lenders, the occurrence of which would impair goodwill between Genesis and its lenders that would otherwise inure to creditors. While the requested relief is extremely important to protecting the value of the Debtors' assets and the security of the Debtors' creditors or individuals associated with the Debtors' creditors, the burdens are minimal. The relief requested requires the Debtors, the Committee, and other parties in interest to disclose the Confidential Information to the Debtors, the Committee, the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

Court, the U.S. Trustee, and other parties that have a clear need for that information. This will provide access to the information to the parties with an actual need for it, while keeping the information out of the public domain where it could be used for improper purposes by criminals or other illicit actors.

2. Despite the record, the U.S. Trustee objects to the relief requested. With respect, the U.S. Trustee's Objection is divorced from the reality of these cases and the broader cryptocurrency ecosystem. Distilled to its core, the U.S. Trustee's argument is that it was not aware that creditors had specific disclosure concerns because it "has not heard from any individual creditors," Obj. ¶ 16, and, in any event, transparency and openness in the bankruptcy system is paramount, regardless of whether it potentially endangers the financial or physical well-being of creditors. As detailed in the Motion, the Committee was well aware of these potential risks at the time that it filed the Motion. Since that time, it has become crystal clear that the Committee's concerns are not mere speculation. *In fact, the Federal Bureau of Investigation—a sister agency of the U.S. Trustee within the U.S. Department of Justice—has issued warnings that cryptocurrency exchange users should not share their personally identifiable information— which is the very type of confidential information that the Motion seeks to keep confidential— because of the real risk that criminals will use that information to steal cryptocurrency and digital assets*.

3. Furthermore, as reflected in the *Supplemental Declaration of Mark Renzi in Support of the Official Committee of Unsecured Creditors' Motion for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (the "**Supplemental Renzi Declaration**"),[3] filed contemporaneously herewith, immediately following the filing of the

---

[3] The Supplemental Renzi Declaration supplements the *Declaration of Mark Renzi in Support of the Official Committee of Unsecured Creditors' Motion for Entry of an Order Requiring the Redaction of Certain Personally*

Objection, creditors began sending letters to the Committee as well as to the U.S. Trustee to express their alarm and dismay with the U.S. Trustee's position.

4. Accordingly, the Committee requests that the Court overrule the Objection and grant the relief requested in the Motion.

## Argument

**I.    The Court Should Authorize and Direct the Redaction of the Confidential Information Under Sections 105(a) and 107 of the Bankruptcy Code**

5. As detailed in the Motion, the Court should authorize and direct the Debtors and other parties in interest to redact the Confidential Information for two critical reasons. *First*, the Confidential Information is a valuable asset of the Debtors' estates that must be protected under section 107(b) of the Bankruptcy Code. *Second*, the potential disclosure of the Confidential Information would likely expose Genesis's lenders to a host of threats of financial, psychological, or physical harm.

6. As discussed in the Motion and the Initial Renzi Declaration, the Court is required to authorize the redaction of the Confidential Information under section 107(b) of the Bankruptcy Code in order to preserve the intrinsic value of the Confidential Information, which is linked to preserving the goodwill of Genesis's lenders, who expected their identities to remain private when they lent cash or cryptocurrency to the Debtors. If this Court were to sustain the U.S. Trustee's Objection, the Debtors' relationships with their lenders would be negatively affected, which would impair the Debtors' marketing process.

7. An even graver scenario would arise were the Court to sustain the U.S. Trustee's Objection—putting individual lenders as well as the individuals associated with institutional

---

*Identifiable Information* [Docket No. 156] (the "**Initial Renzi Declaration**," and together with the Supplemental Renzi Declaration, the "**Renzi Declarations**").

4

lenders at a real risk of financial or physical injury. As discussed in the Motion, the Renzi Declarations, and below, not only did Genesis's lenders expect their personal information to remain private when entering into a lending relationship with the Debtors, but also there are identifiable, legitimate risks of financial and bodily harm that could easily be avoided by granting the Motion. Simply put, there is no reason to risk lenders' financial and physical security when the costs are so minimal.

II.     **The Court Should Overrule the U.S. Trustee's Objection**

   A.     **The U.S. Trustee's View of Section 107 Is Wrong**

   8.     At its core, the U.S. Trustee's objection to the relief requested is that section 107 of the Bankruptcy Code is a highly unusual exception to the Bankruptcy Code's transparency regime. However, courts regularly grant requests to redact personally identifiable information in recognition of the dangers of disclosing personal information over the internet. Indeed, courts regularly acknowledge that the presumption of public access to court records (upon which the U.S. Trustee relies) is "not absolute." *In re Endo Int'l plc*, Case No. 22-22549 (JLG), 2022 WL 16640880 at *11 (Bankr. S.D.N.Y. Nov. 2, 2022) ("The . . . right of public access to judicial records . . . is not absolute. The court may protect private information in a judicial record upon an appropriate showing that the privacy interests outweigh the presumption of public access to the information . . . .") (citations omitted).

   9.     The U.S. Trustee's strict interpretation of presumptive public access to court records manifestly ignores modern-day realities, especially with respect to the disclosure of personal information on the internet. In the past few years, courts have explicitly recognized and accounted for the broader implications of public disclosure that exist today. As one court summarized:

5

> The Internet has revolutionized the scope and manner in which information is available for public access and has also, unfortunately, provided criminals with a new medium through which to commit crimes. . . . By gathering such individual pieces of information as a home address, email address, phone number, and the like, a criminal may obtain enough personal information to exploit an individual.

*In re Matter of Certain Claims and Noticing Agents' Receipt of Fees in Connection with Unauthorized Arrangements with Xclaim Inc.*, 647 B.R. 269, 282, 292 (Bankr. S.D.N.Y. 2022). *See also* Hr'g Tr. at 60:22-25, *In re Forever 21, Inc.*, Case No. 19-12122 (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605] (overruling U.S. Trustee's objection to redact creditor matrix and stating: "We live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."); Hr'g Tr. 25:6-16, *In re Art Van Furniture, LLC*, Case No. 20-10553 (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82] (rejecting U.S. trustee's argument that debtor failed to meet burden of proof to redact creditor matrix: "I really don't view it as a burden of proof as much as a common sense issue. . . . In my experience this has become a serious issue and I have changed my thinking on this as I'm sure people who track these things know, based on experience in a previous case. In my mind, at this point and given the risks associated with having any kind of private information out on the internet, this has really become routine. I think obvious relief."). As one court aptly stated: "I don't ignore the plain meaning of the [C]ode or the [R]ules lightly, but ***sometimes the [C]ode and the [R]ules lag behind reality, and don't take into account the issues that face real life people every day***." *Id*. at 25:17-25 – 26:1 (emphasis added).

10.   These principles are not limited to individual creditors; the realities of the modern world also apply to institutions because the names, addresses, and e-mail addresses of individuals employed by, or associated with, institutional creditors typically is available online and, therefore, is protected under section 107(c): "The type of information protected from disclosure under

section 107(c) includes information 'that may be used, alone or in conjunction with other information to identify a specific individual.'" *Endo*, 2022 WL 16640880 at *10 (citations omitted); *see also United States v. Hastie*, 854 F.3d 1298, 1303 (11th Cir. 2017) ("With a simple search engine or a service like Spokeo, an email address can also be used to find personal information such as a corresponding username or physical address.").

### B. The Committee Has Met Its Burden that Confidential Information of Individual and Institutional Lenders Should Be Redacted

11. Contrary to the U.S. Trustee's assertions in the Objection, the Committee has satisfied its burden of demonstrating that the Confidential Information should be redacted.

12. *First*, as noted above, the relief requested in the Motion is necessary to protect the value of the commercially sensitive information in the forthcoming sale process or in the reorganization scenario as well as to preserve Genesis's lenders' goodwill that will inure to the benefit of creditors, as more fully described in the Motion and the Initial Renzi Declaration. *Second*, the U.S. Trustee's assertion that the possible harm is "based on speculation," Obj. at 7, is demonstrably false.

13. More specifically, and as described in the Supplemental Renzi Declaration, cryptocurrency exchange users *have become* targets of blackmail, kidnapping, and other forms of physical violence. Cryptocurrency exchange users *have been* singled out because of their perceived wealth, the ease at which unlimited amounts of cryptocurrency can be transferred anywhere in the world, and the irreversible nature of such transactions. Moreover, the danger to cryptocurrency users is further compounded for Genesis's lenders because Genesis generally catered to accredited investors and other high net worth individuals.[4] As the *Endo* court observed,

---

[4] The U.S. Trustee asserts that the Motion should be denied because the members of the Committee did not object to the disclosure of their identities in the notice that it filed appointing the Committee. [Docket No. 55]. But the fact that the U.S. Trustee included these names in the notice is not a reason to deny the Motion as it relates to

"[w]hile a specific *potential* harm must be identified, the standard does not require evidence of injury having occurred in the past." *Endo*, 2022 WL 16640880 at *8 (emphasis added).[5] In fact, courts have taken anecdotal evidence into account when evaluating a request to redact personal information under section 107(c). For example, the *Endo* court took into account the unique needs of opioid victims to preserve their privacy interests. *Id.* at *11 ("It is self-evident that '[i]ndividuals have privacy interests in their medical records. The need to preserve those privacy interests is uniquely significant in 'opioid' cases like these Chapter 11 Cases. The anecdotal evidence clearly demonstrates that Opioid PI Claimants . . . confront repercussions every day as a result of their affliction . . . .").

14. The Court should likewise take into account the unique circumstances of Genesis's lenders. Critically, a number of Genesis's lenders have submitted letters to the U.S. Trustee in the hope that the U.S. Trustee would drop its Objection to the Motion. As further described in the Supplemental Renzi Declaration, these lenders expressed their concerns and anxiety that they or their loved ones would be targeted were the Confidential Information disclosed.

15. The Supplemental Renzi Declaration also presents ample evidence of legitimate, identifiable risks through a sampling of official alerts, bulletins, press releases, and news reports summarized and annexed thereto. For example, the Federal Bureau of Investigation (the "**FBI**") has issued warnings regarding the increasing use of various scams to obtain cellphone SIM cards from victims and steal their personal information through phishing tactics, urging the public not to

---

thousands of other creditors that did not agree to disclose their respective identities. In fact, the U.S. Trustee recognizes that the members of the Committee took steps to preserve their identity to the extent they could by creating new e-mail accounts. Obj. at 10-11. The thousands of other creditors, however, did not have any advance notice to take such precautions.

[5] Section 107(b) of the Bankruptcy Code also "protects parties from the release of information that *could* cause them harm or give competitors an unfair advantage.'" *Togut v. Deutsche Bank AG (In re Anthracite Cap., Inc.),* 492 B.R. 162 (Bankr. S.D.N.Y. 2013) (emphasis added) (citations omitted).

8

advertise information about their financial assets, including ownership or investment of cryptocurrency, or to post personal information online, such a mobile phone numbers, addresses, or other personal identifying information. This is precisely the type of evidence that the *Endo* court considered in finding cause to redact certain personal information under section 107(c) of the Bankruptcy Code. *Id.* at *10 (finding that the debtors demonstrated "real, not theoretical" risks based, in part, on a 2019 report by the Department of Justice's Bureau of Justice Statistics regarding financial losses due to identity theft and a 2018 report by the Centers for Disease Control regarding violence or stalking). The dangers of doing so are evident in what transpired in the pending cryptocurrency case, *In re Celsius Network, LLC*, described more fully in the Motion and the Initial Renzi Declaration. In sum, the dangers are not speculative, and the Committee has satisfied its burden of demonstrating that the redaction of the Confidential Information is warranted.

16. ***Finally***, the Committee met its burden with respect to redacting the Confidential Information of individuals associated with institutional lenders. The U.S. Trustee incorrectly states that the Committee thinks "institutions" are individuals under section 107(c). *See* Obj. at 10. But the Committee is not seeking relief for institutions under section 107(c) of the Bankruptcy Code. Rather, the Committee is seeking relief under section 107(c) of the Bankruptcy Code with respect to *individuals associated* with institutional creditors, which necessarily requires redacting the names of those institutions in order to protect the individuals associated with those institutional lenders. That relief is consistent with section 107(c) of the Bankruptcy Code, which does not require a movant to demonstrate that an "individual" is a creditor of a debtor. In any event, the Confidential Information of the institutional lenders warrants redaction under section 107(b) of the

9

Bankruptcy Code for the reasons described above as well as in the Motion and the Renzi Declarations.

### III. The U.S. Trustee's Remaining Arguments Are Irrelevant.

17. The remainder of the U.S. Trustee's arguments should be rejected as either erroneous or irrelevant. For example, the U.S. Trustee suggests that foreign law is a dominant issue here. Obj. at 12-13. In its Motion, the Committee never raised the issue of foreign law. Rather, the Committee is entitled to the relief requested based solely on the facts and circumstances of these cases as described herein as well as in the Motion and the Renzi Declarations.

### Conclusion

WHEREFORE, the Committee respectfully requests that the Court (i) overrule the U.S. Trustee's Objection, (ii) grant the relief requested in the Motion, and (iii) grant the Committee such other and further relief as is just, proper, and equitable.

[*Remainder of this page intentionally left blank.*]

AMERICAS 120701681

| | |
|---|---|
| Dated: March 29, 2023<br>New York, New York | Respectfully submitted,<br><br>By: */s/ Gregory F. Pesce*<br><br>**WHITE & CASE LLP**<br>J. Christopher Shore<br>Philip Abelson<br>David Turetsky<br>Michele J. Meises<br>1221 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 819-8200<br>Facsimile:  (212) 354-8113<br>E-mail: cshore@whitecase.com<br>          philip.abelson@whitecase.com<br>          david.turetsky@whitecase.com<br>          michele.meises@whitecase.com<br><br>– and –<br><br>Gregory F. Pesce (admitted *pro hac vice*)<br>111 South Wacker Drive, Suite 5100<br>Chicago, IL 60606-4302<br>Telephone: (312) 881-5400<br>Facsimile: (305) 881-5450<br>E-mail:  gregory.pesce@whitecase.com<br><br>*Proposed Counsel to Official*<br>*Committee of Unsecured Creditors* |

AMERICAS 120701681