CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. § 1452**
**AND FED. R. BANKR. P. 9006(b) AND 9027 EXTENDING THE TIME WITHIN**
**WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

    **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC and its affiliates Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd., as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and the cases, the "Chapter 11 Cases"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

    **PLEASE TAKE FURTHER NOTICE** that an omnibus hearing (the "Hearing") has been scheduled for **April 26, 2023, at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge, United States

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Bankruptcy Court for the Southern District of New York pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order"), at which Hearing the *Debtors' Motion for Entry of an Order Pursuant to 28 U.S.C. § 1452 Fed. R. Bankr. Pro. 9006(b) and 9027 Extending the Time Within Which to File Notices of Removal of Related Proceedings* (the "Motion") will be heard. The Hearing will be conducted only through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained: (i) by accessing the Court's website at www.nysb.uscourts.gov or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, at https://restructuring.ra.kroll.com/genesis/ or by calling +1 888-524-2017. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the below motions and applications to be heard at the Hearing carefully and, if you have one available, discuss them with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections"), if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Court no later than **April 19, 2023 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline") and (b) served as required by the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that, if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must timely file an Objection and attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

| | |
|---|---|
| Dated: April 12, 2023<br>New York, New York | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>/s/ *Sean A. O'Neal*<br>Sean A. O'Neal<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. § 1452
AND FED. R. BANKR. P. 9006(b) AND 9027 EXTENDING THE TIME WITHIN
WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), hereby submit this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to 28 U.S.C. § 1452 and rules 9006(b) and 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), expanding the time within which to file notices of removal of related

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC ("GGC") (8564); Genesis Asia Pacific Pte. Ltd. ("GAP") (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

proceedings until the date an order is entered confirming a chapter 11 plan in the Debtors' Chapter 11 Cases. In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 1452 of title 28 of the United States Code, Bankruptcy Rules 9006(b) and 9027, and rules 9006-2 and 9013-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules").

## BACKGROUND

4. Holdco (together with the other Debtors and Holdco's non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT, and both Holdco and GGT are 100% wholly owned by Digital Currency Group, Inc. ("DCG"). Additional information regarding the Debtors' businesses, capital

2

structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28, the "Leto Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19, the "Aronzon Declaration") and the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 17, the "Islim Declaration" and, together with the Leto Declaration and Aronzon Declaration, the "First Day Declarations"), which were filed with the Court on or shortly after the Petition Date (defined below) and each of which is incorporated herein by reference.

5.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code," and the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b). *See Joint Administration Order* (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases. *See Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

**RELIEF REQUESTED**

6.      By this Motion, the Debtors request entry of an order, pursuant to Bankruptcy Rule 9006(b), extending the Debtors' time, under 28 U.S.C. § 1452 and Bankruptcy Rule 9027(a), to file notices of removal (the "Removal Period") of any civil actions and proceedings pending as of the Petition Date in state and federal courts in the United States to which the Debtors are parties

3

(the "Civil Actions") from April 19, 2023[2] until the date an order is entered confirming a chapter 11 plan in the Debtors' Chapter 11 Cases. The Debtors further request that the relief requested herein be granted without prejudice to the Debtors' right to seek further extensions of the Removal Period.

## BASIS FOR RELIEF REQUESTED

**A.    The Court Has Authority to Extend the Removal Period.**

7.    Section 1452 of title 28 of the United States Code provides for the removal of actions related to bankruptcy cases and provides, in pertinent part:

> A Party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

8.    Bankruptcy Rule 9027 sets forth the time periods for the filing of notices to remove claims or causes of action and provides, in pertinent part:

> If the claim or cause of action in any civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in a case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

---

[2]    Pursuant to Local Bankruptcy Rule 9006-2, the filing of this Motion automatically extends the Removal Period until the Court rules on this Motion.

4

9. Accordingly, the time within which the Debtors must file motions to remove any pending prepetition Civil Actions to which the Debtors are parties is currently set to expire on April 19, 2023.

10. Bankruptcy Rule 9006, however, permits the Court to extend the Removal Period and provides, in pertinent part:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

11. It is well established that, pursuant to Bankruptcy Rule 9006(b)(1) this Court has authority to enlarge the Removal Period under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. *See Jandous Elec. Constr. Corp. v. City of N.Y. (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (indicating that Bankruptcy Rule 9006(b) permits enlargement of time to remove state court actions "if the request therefor is made before the expiration of the period originally prescribed") (internal quotations omitted); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 382 (1993) ("[Bankruptcy] Rule 9006 is a general rule governing the computation, enlargement, and reduction of periods of time prescribed in other bankruptcy rules."); *In re Piesner*, 130 B.R. 399, 400-01 (Bankr. E.D.N.Y. 1991) ("Bankruptcy Rule 9006, dealing generally with time periods, permits the Court to enlarge the time before the expiration of a specified period if a motion is made before the expiration of the original period"); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (finding the Supreme

5

Court intended to give bankruptcy judges power to enlarge filing period set forth in Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)).

12. In fact, courts in this district have granted similar extensions of the removal period in other large chapter 11 cases. *See, e.g.*, *In re The McClatchy Co.*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. May 18, 2020) (ECF No. 461) (extending the debtors' removal deadline through the date an order is entered confirming a chapter 11 plan); *In re Cumulus Media Inc.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Feb. 28, 2018) (ECF No. 493) (extending the debtors' removal deadline through and including the plan effective date); *In re Westinghouse Electric Co. LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Jul. 25, 2017) (ECF No. 993) (extending the debtors' removal deadline through the date an order is entered confirming a chapter 11 plan); *In re The Great Atlantic & Pacific Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Oct. 2, 2015) (ECF No. 1138) (same); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Jan. 27, 2012) (ECF No. 882) (same); *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (SCC) (Bankr. S.D.N.Y. Dec. 18, 2008) (ECF No. 2306) (same); *In re WorldCom, Inc.*, Case No. 02-13533 (AJG) (Bankr. S.D.N.Y. Oct. 8, 2002) (ECF No. 1511) (same); *In re Glob. Crossing Ltd.*, Case No. 02-40188 (REG) (Bankr. S.D.N.Y. May 3, 2002) (ECF No. 936) (same).

**B.    Cause Exists to Extend the Removal Period**

13. The Removal Period is set to expire on April 19, 2023. Given the size and complexity of the Debtors' business operations, a substantial amount of effort has been required since the Petition Date to meet the initial demands of the Chapter 11 Cases while continuing the Debtors' business operations. Since the Petition Date, the Debtors have made substantial progress in their Chapter 11 Cases. The Debtors have devoted significant resources and efforts to, among other things: (1) obtaining "first day" and other relief; (2) filing their initial proposed *Joint Chapter 11 Plan* (ECF No. 20); (3) negotiating the *Restructuring Term Sheet* (ECF No. 80, Exhibit A); (4)

6

preparing schedules of assets and liabilities and statements of financial affairs for the Debtors; (5) obtaining Court approval for the retention of numerous estate professionals for the Debtors, all of which involve a significant administrative burden; and (6) obtaining Court approval of the Debtors' proposed bidding procedures and establishment of the general claims bar date. As a result, the Debtors have not had an opportunity to fully analyze all Civil Actions and assess the prospects for potential removal, if any.

14. The Debtors are continuing to review their records to gather information regarding any prepetition lawsuits that may have been commenced against one or more of the Debtors and to determine whether it would benefit their estates to remove any of the Civil Actions. The Debtors require additional time to analyze Civil Actions that may have been commenced against one or more of the Debtors and to consider whether to file notices of removal of any such actions. Particularly given the competing demands of other pressing matters in these Chapter 11 Cases on the Debtors' key personnel, cause for an extension exists.

15. The Debtors believe that the extension requested will provide sufficient additional time for them to identify, consider, and decide upon removal of the Civil Actions. Absent the requested relief, the Debtors may not have sufficient time to thoroughly analyze any potential removal of the Civil Actions. Based on the foregoing, the Debtors submit that sufficient cause exists to grant the relief requested in this Motion.

## **MOTION PRACTICE**

16. This Motion includes citations to the applicable rules and statutory authorities upon which relief requested herein is predicated, and a discussion of their application to the Motion. Accordingly, the Debtors' submit that this Motion satisfies Local Bankruptcy Rule 9013-1(a).

## RESERVATION OF RIGHTS

17. Nothing contained herein is intended nor shall anything herein be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

## NOTICE

18. Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) counsel to the Ad Hoc Group of Genesis Lenders; (iii) all creditors holding secured claims against the Debtors' estates; (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) counsel to the Committee; and (vii) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Bankruptcy Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: April 12, 2023         CLEARY GOTTLIEB STEEN & HAMILTON LLP
      New York, New York

/s/ *Sean A. O'Neal*

Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors
and Debtors-in-Possession*

## EXHIBIT A
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION FOR
ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. § 1452 AND
FED. R. BANKR. P. 9006(b) AND 9027 EXTENDING THE TIME WITHIN
WHICH TO FILE NOTICES OF REMOVAL OF RELATED PROCEEDINGS**

Upon the consideration of the *Debtors' Motion for Entry of an Order Pursuant to 28 U.S.C. § 1452 Fed. R. Bankr. Pro. 9006(b) and 9027 Extending the Time Within Which to File Notices of Removal of Related Proceedings* (the "Motion")[2] and the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms not described herein shall have the meanings ascribed to them in the Motion.

1

their estates, their creditors and other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The time provided by Bankruptcy Rule 9027 within which the Debtors may file notices of removal of the civil actions and proceedings pending in state and federal courts to which the Debtors are parties, is extended through and until the date an order is entered confirming a chapter 11 plan in the Debtors' Chapter 11 Cases.

3. Notice of the relief requested in the Motion satisfies Bankruptcy Rule 6004(a).

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023
       White Plains, New York

       The Honorable Sean H. Lane
       United States Bankruptcy Judge