UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF HOULIHAN LOKEY CAPITAL, INC. AS INVESTMENT BANKER TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO FEBRUARY 3, 2023

Upon consideration of the application (the "**Application**")[1] of the official committee of unsecured creditors (the "**Committee**") appointed in the chapter 11 cases for the above-captioned debtors and debtors in possession (the "**Debtors**") for entry of an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1, authorizing the employment and retention of Houlihan Lokey Capital, Inc. ("**Houlihan Lokey**") as its investment banker pursuant to the terms of the Engagement Agreement, dated as of February 12, 2023 (the "**Engagement Agreement**"), a copy of which is attached hereto as **Exhibit 1**; and the Court having considered the Application and the Burian Declaration and having considered the statements of counsel and the evidence adduced with respect to the Application at a hearing before the Court (the "**Hearing**"); and the Court finding that (A) the terms and conditions of Houlihan Lokey's employment set forth in the Engagement Agreement (including the Fee and Expense Structure) as modified by this Order, are reasonable as required by section 328(a) of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application or the Engagement Agreement, as applicable.

Bankruptcy Code; (B) Houlihan Lokey (i) does not represent any other entity having an adverse interest in connection with these cases; and (ii) is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code; (C) the Application and the Burian Declaration are in full compliance with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules; (D) the relief requested in the Application is in the best interests of the Debtors, their estates and creditors; and (E) notice of the Application was due and proper under the circumstances; and after due deliberation, and good and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted as set forth herein.

2. The Committee is authorized to retain and employ Houlihan Lokey as its investment banker pursuant to sections 328(a) and 1103 of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Rule 2014-1, *nunc pro tunc* to February 12, 2023, on the terms and conditions set forth in the Engagement Agreement and the Application, and is directed to perform its obligations set forth therein, except as expressly modified herein.

3. None of the fees payable to Houlihan Lokey shall constitute a "bonus" or fee enhancement under applicable law.

4. The compensation, fees, and expenses payable to Houlihan Lokey pursuant to the Engagement Agreement, together with the indemnification, reimbursement of expenses, and contribution obligations owed to Houlihan Lokey and any other HL Party under the Engagement Agreement, shall be subject to review only pursuant to the standard of review set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code or any other standard of review.

5. Notwithstanding anything to the contrary herein, the fees and expenses payable to Houlihan Lokey pursuant to the Engagement Agreement shall be subject to review only pursuant to the standards set forth in Bankruptcy Code section 328(a) and shall not be subject to the standard of review set forth in Bankruptcy Code section 330, except by the U.S. Trustee. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Houlihan Lokey's compensation and expense reimbursements under Bankruptcy Code sections 330 and 331. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding on the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Houlihan Lokey's compensation; provided, that reasonableness for this purpose shall include, among other things, an evaluation by comparing the fees payable in this case to the fees paid to other investment banking firms for comparable services in other chapter 11 cases and outside of chapter 11 cases, and shall not be evaluated primarily on the basis of time committed or the length of these cases.

6. The Debtors are authorized to compensate and reimburse Houlihan Lokey pursuant to the terms of the Engagement Agreement, subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable orders of this Court.

7. In light of the services to be provided by Houlihan Lokey and the compensation structure in the Engagement Agreement, Houlihan Lokey and its professionals shall be excused from: (i) any requirement to maintain or provide detailed time records in accordance with Bankruptcy Rule 2016(a), the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, and the United States Trustee Fee Guidelines; and (ii) conforming with a schedule of hourly rates for its professionals. Instead, notwithstanding

that Houlihan Lokey does not charge for its services on an hourly basis, Houlihan Lokey's financial restructuring professionals (not including traditional investment banking and capital markets professionals) will nonetheless maintain reasonably detailed time records in 0.5 hour increments containing descriptions of those services rendered for the Committee, and the individuals who provided those services, and will present such records together with its fee applications filed with the Court.

8. To the extent requested in the Application, Houlihan Lokey is granted a waiver with respect to the information requirements contained in the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*.

9. The Debtors shall be bound by the indemnification, contribution, reimbursement and exculpation provisions set forth in the Engagement Agreement, subject during the pendency of these cases to the following:

   a. All requests by HL Parties for the payment of indemnification, contribution, or otherwise as set forth in the Engagement Agreement during the pendency of these chapter 11 cases shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity, contribution, or other payment conforms to the terms of the Engagement Agreement and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity, contribution, or other payment is sought; provided that in no event shall any HL Party be indemnified in the case of its own bad-faith, gross negligence, or willful misconduct. In no event shall an HL Party be indemnified if the Debtors or a representative of the estate asserts a claim for, and the Court determines by final order that such claim arose out of, such HL Party's own bad-faith, gross negligence, or willful misconduct.

   b. In the event an HL Party seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity, contribution or other claim pursuant to the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Houlihan Lokey's own applications, both interim and final, and such invoices and time records shall be subject to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated January 29, 2013 (General Order M-447), and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been

retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

10. Notwithstanding any provision in the Engagement Agreement to the contrary, the contribution obligations of the HL Parties shall not be limited to the aggregate amount of fees actually received by Houlihan Lokey from the Debtors pursuant to the Engagement Agreement.

11. The Debtors and the Committee are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry, notwithstanding the possible applicability of Bankruptcy Rule 6004, 7062, or 9014.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

14. To the extent that this Order is inconsistent with the Engagement Agreement, the terms of this Order shall govern.

15. This Court shall retain jurisdiction to construe and enforce the terms of this Order.

Dated: April 13, 2023
      White Plains, New York

                                                  */s/ Sean H. Lane*
                                                  THE HONORABLE SEAN H. LANE
                                                  UNITED STATES BANKRUPTCY JUDGE