CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF BRIAN TICHENOR IN SUPPORT
OF DEBTORS' REDACTION AND SEALING MOTIONS**

Brian Tichenor, pursuant to 28 U.S.C. § 1746, being duly sworn, hereby states as follows:

1. My name is Brian Tichenor. I am over the age of 21. I am a Managing Director of Moelis & Company, LLC ("Moelis"), the investment banker, capital markets advisor, and financial advisor for the debtors and debtors in possession in the above-captioned Chapter 11 Cases (the "Debtors"). Accordingly, I am in all respects competent to make this Declaration (the "Declaration").

2. I have over 10 years of investment banking experience advising companies, equity investors, financial vehicles, and creditors across a broad range of industries and geographies in a

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

broad range of transactions. Prior to joining Moelis, I was in the corporate and investment banking group at Citigroup Inc. where I focused on investment banking advisory transactions in the Financial Institutions Group. I hold Bachelor of Science degrees in finance and computer science from Boston College and have a Master's of Business Administration degree from Georgetown University.

3. I have been involved in several notable chapter 11 cases and restructuring assignments, including as advisor to the ad hoc group of senior unsecured noteholders in Walter Investment Management Corporation's $4.1 billion restructuring; and as advisor to New Residential Investment Corporation's $1.2 billion acquisition of select assets from Ditech Holding Corporation pursuant to a section 363 asset sale. I have also been involved in numerous restructuring transactions outside of the chapter 11 context, including advising New Residential Investment Corporation in its $600 million recapitalization and restructuring, Ambac Financial Group in its $18 billion restructuring of Puerto Rico's sales tax financing corporation (COFINA), Syncora Guarantee Inc. in its $13.5 billion reinsurance of financial guarantee policies to Assured Guarantee Corporation and other liability management including the sale of its operating business to GoldenTree Asset Management, Ambac Financial Group on its $557 million exchange offer of its Auction Market Preferred Shares, Ambac Financial Group on its $538 million exchange of Corolla Trust obligations and Junior Surplus Notes, an approximately $10 billion ad hoc group of non-litigating preferred shareholders in a proposed $6.9 trillion restructuring of Fannie Mae and Freddie Mac, secured lenders of AG Mortgage Investment Trust in its $3.0 billion restructuring of its repurchase agreement portfolio and secured lenders of MFA Financial, Inc. in its $5.8 billion restructuring of its repurchase agreement portfolio.

4.  On January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") commenced the above-captioned Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

5.  On the Petition Date, the Debtors filed *Debtors' Motion for Entry of Interim and Final Orders Waiving the Requirement that Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors, in Lieu of Submitting a Formatted Mailing Matrix, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty (50) Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Granting Related Relief* (ECF No. 14) (the "Consolidation and Redaction Motion").

6.  On February 8, 2023, the Debtors filed *Debtors' Motion Pursuant to 11 U.S.C. §§ 107(B), 107(C) and 105(A) for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Information About the Confidential Parties Listed in the Debtors' Professional Retention Applications and Schedules* (ECF No. 67) (the "Sealing Motion", together with the Consolidation and Redaction Motion, the "Debtors' Redaction Motions").

7.  On January 27, 2023, the Court entered the *Interim Order Waiving the Requirement that Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors, in Lieu of Submitting a Formatted Mailing Matrix (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty (50) Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (V) Granting Related Relief* (ECF No. 46).

8. I submit this Supplemental Declaration to provide further support and evidence for the relief requested in the Debtors' Redaction Motions.

9. Except as otherwise noted herein, the facts set forth in this Declaration are based upon my personal knowledge, information provided to me by the Debtors' representatives or advisors, my discussions with employees of Moelis working directly with me or under my supervision or direction, or my review of relevant documents, including the Debtors' books and records maintained in the ordinary course of their business. In making this Declaration, I have relied in part on information and material that the Debtors' representatives and advisors have gathered, prepared, verified and provided to me, at my direction or for my benefit in preparing this Declaration. I am not being compensated for this testimony other than through payments received by Moelis in its capacity as proposed investment banker to the Debtors. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

### The Debtors' Lenders Comprise of Individuals and Institutions

10. I understand that other than the Gemini Lenders, the Debtors' lender creditors include institutional creditors and individual creditors with varying sizes of outstanding loans.

11. I understand that, according to the Debtors' records, most of the institutional creditors and some of the individual creditors are accredited investors, as that term is defined in Regulation D under the Securities Act of 1933.

### Lender Information Will Be Part of the Sale Along with Books and Records

12. On March 31, 2023 the Court entered the *Order Authorizing the Debtors' Motion Seeking Entry of an Order (i) Approving the Bidding Procedures and Related Deadlines, (ii) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, and (iii) Granting Related Relief* (ECF No. 192) (the "Bidding Procedures Order"). Pursuant to the procedures approved in the Bidding Procedures Order, the Debtors launched the sale process for

their assets and the assets of Genesis Global Trading, Inc., a non-debtor affiliate, on March 31, 2023.

13. The list of the Debtors' lenders, including their names and contact information is contemplated to be a key asset to be sold as part of the Debtors' businesses, along with their books and records.

**The Debtors' Lender List is a Valuable Asset Requiring Protection**

14. I believe that public disclosure of the information about the Debtors' lenders would have a negative effect on the sale process. Public disclosure of the name and contact information of the Debtors' creditors who are a core component of the Debtors' lending business would diminish any value it could generate in the sale process for potential buyers interested in purchasing the lending business and continuing the relationship with existing creditors. This would in turn diminish returns to the creditors that become available from the sale. The information about the Debtors' creditors is a valuable asset *because* it is not something that is publicly available. As such, the information should remain confidential for the sale process to be competitive and to obtain the highest value available under the circumstances.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Dated this 17th day of April 2023

By:    /s/ *Brian Tichenor*
Brian Tichenor
Managing Director