CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' RESPONSE TO MOTION FOR ENTRY OF AN ORDER
MODIFYING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO
ALLOW FOR ADVANCEMENTS AND PAYMENTS UNDER D&O INSURANCE**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases") hereby submit this response, (the "Response") to the *Motion for Entry of an Order Modifying the Automatic Stay, to the Extent Applicable, to Allow for Advancements and Payments Under D&O Insurance Policy*, ECF No. 165 (the "Motion"). In support of the Response, the Debtors respectfully state as follows:

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1.      The directors and officers liability insurance policy at issue in the Motion (the "D&O Policy")[2] purports to limit the Debtors' ability to oppose or object to efforts to lift the automatic stay in respect of the proceeds of the D&O Policy, stating in relevant part, "in the event of bankruptcy or insolvency of the Insured Entity, the Insureds shall waive and release any automatic stay or injunction in such proceeding that may apply to this Policy or its proceeds, and agree not to oppose or object to any efforts by the Insurer or any Insured to obtain relief from any such stay or injunction."  D&O Policy at 11-12.  While the Debtors reserve their rights concerning the enforceability of this provision, for the avoidance of doubt, by filing this Response, the Debtors are not opposing or objecting to the Motion.  Indeed, the provision does not limit or address the purpose of this Response: namely, that if the Court chooses to grant the Motion, that the Court fashion its relief appropriately.

2.      As the Motion concedes, the proceeds of the D&O Policy are property of the Debtors' estates because the D&O Policy provides direct coverage to both Individual Insureds and the Debtors.  *See* Motion at ¶ 26.  The Debtors are entitled to policy proceeds in two circumstances: (i) for Loss arising from the Debtors' payment of indemnification of an Insured Individual during the Policy Period, also known as Side-B coverage; and (ii) for Loss that the Debtors or its subsidiaries become legally obligated to pay arising from a Securities Claim made against the Insured Entity during the Policy Period, known as Side-C coverage.  *See id.* at 31.  While the D&O

---

[2]    The D&O Policy means the AXIS Management & Entity Liability Insurance Policy AXIS 1011101 0618, Policy Number P-001-000658817-02, issued by AXIS Insurance Company. A copy of the D&O Policy is attached to the Motion as Exhibit B.  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the D&O Policy.  As noted below, while the Motion defines the D&O Policy narrowly, the Debtors have purchased excess coverage under three additional policies: (i) Forge Underwriting Ltd. Excess D&O Liability Policy, Unique Market Reference Number B0146ERUSA2201352; (ii) Starr Indemnity & Liability Company – Excess Directors & Officers Liability Policy, Policy Number 1000624040221; (iii) Forge Underwriting Ltd. Excess D&O Liability Policy, Unique Market Reference Number B0146ERUSA2201455 (collectively, the "Excess Policies").

Policy does provide for the priority of payments to Insured Individuals for their Loss, including Defense Costs, in respect of covered Claims in certain circumstances, that priority is only implicated if Loss exceeds the remaining applicable Limit of Insurance or $2.5 million. *See id.* at 13-14.[3]

3.      On January 12, 2023, the Securities and Exchange Commission named Debtor Genesis Global Capital ("GGC"), an Insured under the D&O Policy, as one of two defendants in a complaint asserting claims under sections 5(a) and 5(c) of the Securities Act of 1933. In addition, the Debtors are also involved in responding to additional actions and governmental inquiries that may implicate their rights to Side-B and Side-C coverage under the D&O Policy. Moreover, the Debtors may also have obligations to indemnify their current and former directors, officers and employees in respect of such matters, which in the event that such individuals are not indemnified by the Debtors, would give rise to their own entitlements to policy proceeds.

4.      In light of the foregoing, while the Debtors do not oppose or take a position on the merits of the Motion, the Debtors request that, should the Court grant the Motion, it modify the requested relief in two respects. First, if the Motion is granted, the relief should extend to the benefit of all Insureds, rather than solely with respect to Mr. Moro, subject to a full reservation of defenses and rights of the Insurer and the Debtors under the D&O Policy and applicable law. *See In re MF Global Holdings, LLC*, 469 B.R. 177, 197 (Bankr. S.D.N.Y. 2012) (lifting automatic stay with respect to all Individual Insureds entitled to advancement or reimbursement of defense costs under the insurance policy). Doing so will permit all Insureds to access the policy proceeds to the

---

[3]    Notably, the Motion does not include any evidence concerning the amount of Loss that Mr. Morro has incurred or believes that he or others may incur to determine whether the priority of payments provision applies.

extent available and permitted under the Policies and ensure that the relief granted is fair, equitable and in the interests of justice. Further, lifting the automatic stay for all Insureds will be a more efficient use of judicial resources, as it will avoid a series of potential motions by different Insureds to access the D&O Policy.

5.  Second, should the Court grant the Motion, it should clarify that the scope of relief extends not only to the primary D&O Policy cited in the Motion, but also to the Excess Policies. While the Motion does not mention the Excess Policies, the arguments made in the Motion concerning the D&O Policy also apply to the Excess Policies. If the Motion is granted, expanding the scope of relief to the Excess Policies similarly will avoid additional motion practice and ensure that the full potential extent of coverage is available to all eligible Individual Insureds.

| | |
|---|---|
| Dated: April 19, 2023<br>New York, New York | */s/ Luke A. Barefoot*___<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |