**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER (I) EXTENDING THE TIME TO COMPLY WITH THE REQUIREMENTS OF AND GRANTING A LIMITED WAIVER OF SECTION 345 OF THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") (a) extending the time for the Debtors to comply with the requirements of and granting a limited waiver of section 345(b) of the Bankruptcy Code and (b) granting such other and further relief; and upon the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion and the *Debtors' Statement in Support of (i) Extending the Time to Comply With the Requirements of and Granting a Limited Waiver of Section 345 of the Bankruptcy Code to the Extent Required and (ii) Granting Related Relief*, ECF No. 180.

proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at hearings before the Court on January 23, 2023, March 15, 2023 and March 30, 2023 (collectively, the "Hearings"); and the Court having determined that the legal and factual bases set forth in the Motion and at each of the Hearings establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis to the extent provided herein.

2. The Debtors' time to comply with section 345 of the Bankruptcy Code or to make other arrangements (as agreed to by the U.S. Trustee or approved by the Court) shall be extended until April 14, 2023 or such later time as may be agreed by the U.S. Trustee and the Debtors. To the extent any of the Debtors' assets are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the requirement for the Debtors to come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines is waived.

3. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearings, no provision of the Motion, this Order or the relief granted at the Hearings shall constitute a finding as to whether the prepetition or post-petition Cash Management System complies with federal or state securities law, and the respective rights of the United States

Securities and Exchange Commission, the Committee and all other parties-in-interest to challenge such transactions on any basis are expressly reserved.

4. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearings, nothing in the Motion, this Order, or announced at the Hearings constitutes a finding under the federal securities laws as to whether crypto tokens or transactions involving crypto tokens are securities, and the rights of the United States Securities and Exchange Commission, the Committee, and all other parties-in-interest to challenge transactions involving crypto tokens on any basis are expressly reserved.

5. Notwithstanding anything to the contrary in the Motion, this Order, or any findings announced at the Hearings, this Order is without prejudice to the Committee's ability to seek relief from the Court with respect to the Debtors' cash management system or any matters with respect to the Debtors' cryptocurrency and digital assets, including any matters with respect to the security, storage, and protection of any of the Debtors cryptocurrency and digital assets.

6. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: April 20, 2023  
      White Plains, New York

*/s/ Sean H. Lane*  
THE HONORABLE SEAN H. LANE  
UNITED STATES BANKRUPTCY JUDGE