**Presentment Date:  May 5, 2023 at 12:00 noon (prevailing Eastern Time)**
**Objection Deadline:  May 2, 2023 at 4:00 p.m. (prevailing Eastern Time)**

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin West
Michele Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  cshore@whitecase.com
         philip.abelson@whitecase.com
         cwest@whitecase.com
         michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email: gregory.pesce@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF APPLICATION FOR ENTRY OF AN ORDER**
**AUTHORIZING AND APPROVING THE EMPLOYMENT OF SEWARD & KISSEL LLP**
**AS SPECIAL LITIGATION COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MARCH 30, 2023**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (or equivalent identifier), are Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

PLEASE TAKE NOTICE that the Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned cases of the debtors and debtors-in possession (collectively, the "Debtors") will present the *Application for Entry of an Order Authorizing and Approving the Employment of Seward & Kissel LLP as Special Litigation Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 30, 2023* (the "Application") and the related proposed order attached to the Application as **Exhibit A** (the "Proposed Order"), to the Honorable Sean H. Lane, United States Bankruptcy Judge, for approval and signature on **May 5, 2023, at 12:00 noon, prevailing Eastern Time** (the "Presentment Date").

PLEASE TAKE FURTHER NOTICE that any responses or objections to the relief requested in the Application shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York; (c) be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44] by **May 2, 2023, at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"), by (i) the entities on the Master Service List available on the case website of the Debtors at https://restructuring.ra.kroll.com/genesis and (ii) any person or entity with a particularized interest in the subject matter of the Application.

PLEASE TAKE FURTHER NOTICE that if no objections or other responses are timely filed and served by the Objection Deadline with respect to the Application and Proposed Order, the Committee shall, on the Presentment Date, submit the Application and Proposed Order to the Court, which proposed order the Court may enter without further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice.  The moving and objecting parties are required

2

to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

        **PLEASE TAKE FURTHER NOTICE** that copies of the Application and Proposed Order and other pleadings filed in these chapter 11 cases may be obtained free of charge by visiting the website of Kroll Restructuring Administration LLC at https://restructuring.ra.kroll.com/genesis.  You may also obtain copies of the Application and Proposed Order and other pleadings filed in these chapter 11 cases by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  April 21, 2023
       New York, New York

                             Respectfully submitted,

                             */s/ Gregory F. Pesce*
                             **WHITE & CASE LLP**
                             J. Christopher Shore
                             Philip Abelson
                             Colin West
                             Michele Meises
                             1221 Avenue of the Americas
                             New York, New York 10020
                             Telephone: (212) 819-8200
                             Facsimile:  (212) 354-8113
                             Email:  cshore@whitecase.com
                                     philip.abelson@whitecase.com
                                     cwest@whitecase.com
                                     michele.meises@whitecase.com

                             – and –

                             **WHITE & CASE LLP**
                             Gregory F. Pesce (admitted *pro hac vice*)
                             111 South Wacker Drive, Suite 5100
                             Chicago, Illinois 60606
                             Telephone: (312) 881-5400
                             Facsimile:  (312) 881-5450
                             Email:  gregory.pesce@whitecase.com

                             *Counsel to the Official Committee*
                             *of Unsecured Creditors*

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin West
Michele Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email:  cshore@whitecase.com
        philip.abelson@whitecase.com
        cwest@whitecase.com
        michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  gregory.pesce@whitecase.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | (Jointly Administered) |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE
EMPLOYMENT OF SEWARD & KISSEL LLP AS SPECIAL LITIGATION
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS *NUNC PRO TUNC* TO MARCH 30, 2023**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") appointed in the above-

captioned cases of the debtors and debtors-in possession (collectively, the "<u>Debtors</u>") submits this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

application for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing and approving the employment of Seward & Kissel LLP ("S&K") as special litigation counsel to the Committee *nunc pro tunc* to March 30, 2023 (the "Application"). In support of this Application, the Committee relies on the declaration of John R. Ashmead (the "Ashmead Declaration"), attached as **Exhibit B**, and the declaration of Richard R. Weston (the "Weston Declaration"), attached as **Exhibit C**. In support of the Application, the Committee also respectfully represents as follows:

## Jurisdiction

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, entered February 1, 2012 (Preska, C.J.). This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the requested relief are sections 328(a) and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## Background

4.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 37]. No trustee or examiner has been appointed in the chapter 11 cases.

5.      On February 3, 2023, the Committee was appointed in these cases [Docket No. 55]. On February 10, 2023, the Committee selected White & Case LLP ("White & Case") as its primary counsel.

2

6.      The Committee now seeks to retain S&K to represent it with respect to a limited set of matters that could give rise to a conflict of interest for White & Case or that the Committee or White & Case otherwise requests be handled by S&K for expertise, efficiency or other reasons.  The Committee, White & Case, and S&K intend that S&K's services will complement, and not duplicate, the services by the other Committee professionals.

**<u>Relief Requested</u>**

7.      By this Application, the Committee seeks to employ and retain S&K as special litigation counsel to the Committee *nunc pro tunc* to March 30, 2023 pursuant to sections 328 and 1103 of the Bankruptcy Code.

8.      The Committee seeks to retain S&K specifically as its special litigation counsel because of S&K's experience and knowledge in the field of business reorganizations under chapter 11 of the Bankruptcy Code.  The Committee is familiar with the professional standing and reputation of S&K.  The Committee has selected S&K because of its experience and reputation handling complex bankruptcy matters, including the representation of official committees of unsecured creditors and debtors, as well as litigation matters, investigations, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, and its expertise, experience, and knowledge in practicing before this Court. Further, the Committee believes that S&K is especially well-suited to serve as special litigation counsel due to its attorneys' experience representing creditors' committees in other chapter 11 cases, including such cases as A.B.C. Carpet Co. Inc., SC SJ Holdings, LLC, Furniture Factory Ultimate Holding, L.P., SFP Franchise Inc., PQ NY, Inc., Suniva, Inc., and Gracious Home LLC, among others.

9.      The Committee respectfully submits that it is necessary and appropriate to employ special litigation counsel to provide legal services to and perform tasks for the Committee in fulfilling its duties and powers as set forth in section 1103(c) of the Bankruptcy Code, to the extent of a conflict of interest or potential conflict of interest for White & Case, or that the Committee or White & Case otherwise requests S&K to perform on behalf of the Committee.  S&K has indicated a willingness to act on behalf of the

AMERICAS 122720753

Committee as its special litigation counsel and to render the necessary professional services as special litigation counsel to the Committee.

10.      As set forth in the annexed Ashmead Declaration, S&K did not perform any services for or on behalf of the Committee prior to March 30, 2023.

11.      S&K intends to work closely with the Committee, White & Case, and all other professionals employed by the Committee to avoid any unnecessary duplication of effort in connection with the representation of the Committee.

12.      Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code, compensation will be payable to S&K on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by S&K.  The principal attorneys and paralegals presently expected to represent the Committee are as follows:

| Individual | Position | Hourly Rate |
|---|---|---|
| John R. Ashmead | Partner | $1,625.00 |
| Mark D. Kotwick | Partner | $1,450.00 |
| Catherine V. LoTempio | Associate | $975.00 |
| Andrew J. Matott | Associate | $925.00 |
| John Patouhas | Law Clerk[2] | $750.00 |

13.      The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys and paralegals employed by S&K may from time to time serve the Committee in connection with the matters herein described.

14.      These rates are set at a level designed to fairly compensate S&K for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  S&K will also charge for normal and customary expenses incurred in connection with the chapter 11 cases.  The expenses charged may include, among other things, ECF charges, telephone and telecopy charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by S&K to outside copying services for use

---

[2] Admission pending.

in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. Any such expenses will be recorded in accordance with the S&K's customary practices and will be incurred at the same rates as customarily charged in similar engagements, or as otherwise limited by the Local Rules or any order of the Court.

15.    S&K has conducted a review of potential conflicts with respect to all known creditors and equity holders of the Debtors' estates that have been identified to date by the Debtors. Subject to further review and supplementation as required by Bankruptcy Rule 2014 and Local Rule 2014-1, the connections identified by S&K's conflict check are listed on <u>Schedule 2</u> to the Ashmead Declaration. To the extent required, S&K will periodically update its disclosures.

16.    To the best of the Committee's knowledge, and except as disclosed herein and in the Ashmead Declaration, neither S&K, nor any of its partners, counsel, or associates, represents any interest adverse to the Debtors, its estate, its creditors or the Committee, in the matters upon which S&K is to be engaged.

17.    S&K is a "disinterested person," as the Committee understands this term to be defined, within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code.

18.    To the best of the Committee's knowledge, and except as disclosed in the Ashmead Declaration, S&K has no prior connection with the Debtors, its creditors, or any other party-in-interest, or their respective attorneys or accountants, in the matters upon which it is to be engaged that would in any way disqualify it from representing the Committee.

19.    Because the Committee requested and retained the services of S&K on March 30, 2023, the Committee requests that any order entered authorizing such retention be effective as of March 30, 2023.

20.    The Committee believes that the retention of S&K as special litigation counsel is necessary and is in the best interests of the Committee and the Debtors' estates.

AMERICAS 122720753

### Basis For Relief Requested

21.     The Committee seeks to retain and employ S&K as its special litigation counsel pursuant

to section 328(a) of the Bankruptcy Code, which provides that, subject to Court approval, a committee

appointed pursuant to section 1102 of the Bankruptcy Code:

> [M]ay employ or authorize the employment of a professional person under
> section 327 or 1103 of [the Bankruptcy Code] . . . on any reasonable terms
> and conditions of employment.

11 U.S.C. § 328(a).

22.     In retaining counsel pursuant to section 328(a) of the Bankruptcy Code, a committee must

comply with section 1103(b) of the Bankruptcy Code, which provides that:

> An attorney . . . employed to represent a committee appointed under
> section 1102 of [the Bankruptcy Code] may not, while employed by such
> committee, represent any other entity having an adverse interest in
> connection with the case.

11 U.S.C. § 1103(b).

23.     Bankruptcy Rule 2014(a) requires that an application for an order approving the

employment of counsel pursuant to section 1103 of the Bankruptcy Code include:

> [S]pecific facts showing the necessity for the employment, the name of the
> [counsel] to be employed, the reasons for the selection, the professional
> services to be rendered, any proposed arrangement for compensation, and,
> to the best of the applicant's knowledge, all of the [counsel's] connections
> with the debtor, creditors, any other party in interest, their respective
> attorneys and accountants, the United States trustee, or any person employed
> in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

24.     Based on the facts and for the reasons stated herein and in the Weston Declaration and the

Ashmead Declaration, the retention of S&K as special litigation counsel to the Committee is reasonable,

necessary and appropriate, and satisfies the requirements of sections 328, 1102, and 1103(b) of the

Bankruptcy Code, and Bankruptcy Rule 2014(a).  The Committee has identified, and may in the future

identify, certain discrete tasks related to investigation and potential litigation that the Committee would like

to undertake, but for which White & Case has or may have a conflict of interest or for other reasons the

AMERICAS 122720753

Committee determines that S&K should handle such work.  The Committee respectfully submits that the relief requested in this Application will enable the Committee to carry out its duties under the Bankruptcy Code, is in the best interests of the Committee and unsecured creditors represented by the Committee, and should be approved by the Court.

**<u>Notice</u>**

25.      Notice of this Application has been provided to: (a) the Debtors; (b) the United States Trustee; (c) those creditors holding the fifty (50) largest unsecured claims against Debtors' estates (on a consolidated basis); (d) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; and (g) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

**<u>No Prior Request</u>**

26.      No previous application for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Committee requests entry of the Proposed Order substantially in the form attached hereto, authorizing the Committee to employ and retain S&K as special litigation counsel for the Committee, *nunc pro tunc* to March 30, 2023, and granting such other and further relief as is just and proper.

AMERICAS 122720753

Dated:  April 21, 2023

Respectfully submitted,

*/s/ Gregory F. Pesce*

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin West
Michele Meises
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
Email: cshore@whitecase.com
        philip.abelson@whitecase.com
        cwest@whitecase.com
        michele.meises@whitecase.com

– and –

**WHITE & CASE LLP**
Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450
Email:  gregory.pesce@whitecase.com

*Counsel to the Official Committee
of Unsecured Creditors*

8

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING APPLICATION**
**AUTHORIZING AND APPROVING THE EMPLOYMENT OF SEWARD & KISSEL LLP AS**
**SPECIAL LITIGATION COUNSEL TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MARCH 30, 2023**

Upon consideration of the *Application for Entry of an Order Authorizing and Approving the Employment of Seward & Kissel LLP ("S&K") as Special Litigation Counsel for the Official Committee of Unsecured Creditors* (the "Committee"), *Nunc Pro Tunc to March 30, 2023* (the "Application"),[2] upon the declaration of John R. Ashmead, an attorney with S&K, in support of the Application (the "Ashmead Declaration"), and upon the declaration of Richard R. Weston, a co-chairperson and member of the Committee, in support of the Application (the "Weston Declaration"); the Court being satisfied based on the representations made in the Application and in the Ashmead Declaration that said attorneys represent no interest adverse to the Committee, that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1103(b) of the Bankruptcy Code, and that their employment is necessary and would be in the best interests of the Committee, and after due deliberation and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED THAT:**

1.          The Application is GRANTED as set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Application.

2.      Pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, the Committee is authorized to employ and retain S&K as special litigation counsel, *nunc pro tunc* to March 30, 2023.

3.      S&K shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct.

4.      S&K shall apply for compensation and professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court.  S&K shall be reimbursed for reasonable and necessary expenses.

5.      Further, S&K shall make a reasonable effort to comply with United States Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013.

6.      S&K shall provide notice of any rate increases in the first monthly statement in which such rate increases are applicable.

7.      To the extent that the Application, Ashmead Declaration, or Weston Declaration are inconsistent with this Order, the terms of this Order shall govern.

8.      S&K shall use its best efforts to avoid any duplication of services provided by any of the Committee's other retained professionals in these chapter 11 cases.

9.      Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application.

10.     The Committee and the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

2

AMERICAS 122720753

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court retains jurisdiction to resolve all matters arising under or related to this Order, and to interpret, implement, and enforce the provisions of this Order.

Dated:     _____, 2023
           White Plains, New York


                                        _____
                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Ashmead Declaration**

AMERICAS 122720753

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[5] | Case No. 23-10063 (SHL) |
| Debtors. | (Jointly Administered) |

## DECLARATION OF JOHN R. ASHMEAD IN SUPPORT OF APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF SEWARD & KISSEL LLP AS SPECIAL LITIGATION COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO MARCH 30, 2023

I, John R. Ashmead, being duly sworn, declare pursuant to 28 U.S.C. § 1746, under penalty of perjury that deposes and says:

1.      I am a partner with the law firm of Seward & Kissel LLP ("S&K" or the "Firm") with offices located at One Battery Park Plaza, New York, NY 10004 and am duly admitted to practice law in the State of New York and the United States District Court for the Southern District of New York.

2.      I submit this Declaration pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure in support of the *Application for Entry of an Order Authorizing and Approving the Employment of Seward & Kissel LLP as Special Litigation Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 30, 2023* (the "Application").[6]  Except as otherwise indicated herein, I have personal knowledge of the matters set forth herein, which is true and correct, and if called as a witness, would testify competently thereto. The information set forth herein regarding connections to parties-in-interest and fees and expenses is based primarily upon books and records of the Firm and information provided by other attorneys and personnel at S&K.

---

[5] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[6] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

**<u>Qualifications</u>**

3.        On March 30, 2023, the Committee selected S&K to represent the Committee with respect to a limited set of matters that could give rise to a conflict of interest for White & Case or that the Committee or White & Case otherwise requests be handled by S&K for expertise, efficiency or other reasons, and intends that S&K's services will complement, and not duplicate, the services by the other Committee professionals.

4.        S&K has experience handling complex bankruptcy matters, including the representation of official committees of unsecured creditors and debtors, as well as litigation matters, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy Code, and its expertise, experience, and knowledge in practicing before this Court.  S&K is well-suited to serve as Committee counsel due to our experience representing creditors' committees in other chapter 11 cases, including such cases as A.B.C. Carpet Co. Inc., SC SJ Holdings, LLC, Furniture Factory Ultimate Holding, L.P., SFP Franchise Inc., PQ NY, Inc., Suniva, Inc., and Gracious Home LLC, among others.

5.        S&K did not perform any services for or on behalf of the Committee prior to March 30, 2023.

6.        S&K was retained to act on behalf of the Committee as its special litigation counsel and to render the necessary professional services as special litigation counsel to the Committee to the extent of a conflict of interest or potential conflict of interest for White & Case, or that the Committee or White & Case otherwise requests S&K to perform on behalf of the Committee.  S&K intends to work closely with the Committee, White & Case, and all other professionals employed by the Committee to avoid any unnecessary duplication of effort in connection with the representation of the Committee.

**<u>Compliance with Sections 1103(b) and 328(c) of the Bankruptcy Code</u>**

7.        In preparing this declaration, I and other attorneys within the Firm followed S&K's conflict procedures, which are intended to adhere to the requirements of the Bankruptcy Code and Bankruptcy Rules for retention of professionals and the applicable Rules of Professional Conduct.

2

8.      In connection with preparing this Declaration, S&K submitted the list of names of parties-in-interest in these chapter 11 cases attached as Schedule 1 hereto (such names, the "Potential Parties-in-Interest") for review in the computerized conflict database system maintained by S&K.  The list of the Potential Parties-in-Interest attached as Schedule 1 hereto was prepared by the Debtors.  S&K maintains and systematically updates its conflict check system in the regular course of business of the Firm, and it is the regular practice of the Firm to make and maintain these records.  The conflict check system maintained by S&K is designed to include every matter on which the Firm is now or has been engaged, the entity for which the Firm is now or has been engaged, and in each instance, the identity of related parties and adverse parties and the practice group in the Firm that is knowledgeable about the matter.  It is the policy of S&K that no new matter may be accepted or opened within the Firm without completing and submitting to those charged with maintaining the conflict check system the information necessary to check each such matter for conflicts, including the identity of the prospective client, as well as related and adverse parties.  Accordingly, the database is regularly updated for every new matter undertaken by S&K.

9.      The Potential Parties-in-Interest which S&K submitted to its conflict database include, but are not limited to, the following categories derived from various pleadings and docket entries as set forth on Schedule 1, and as provided by the Debtors, which includes, the Debtors and affiliates, senior managers, current directors, associated professionals, significant vendors, banks and financial services providers, creditors, insurance parties, litigation counterparties, equity holders, taxing authorities, potential M&A counterparties, key personnel from the Office of the U.S. Trustee, and Judges, Staff, and Clerk of U.S. Bankruptcy Court for the Southern District of New York.

10.      As of this filing, S&K has completed its review of the names listed on Schedule 1. Based on reports generated by S&K's conflicts department, Schedule 2 annexed hereto identifies that S&K currently represents, or has represented within the last two (2) years, certain individuals, entities or their affiliates who are, or appear to be, Potential Parties-in-Interest in matters unrelated to the Debtors, the

3

AMERICAS 122720753

chapter 11 cases, or such entities' claims against and interests in the Debtors.[7]  Of the entities listed on Schedule 2, none represented more than 1% of S&K's revenue for the twelve-month period through March 30, 2023, except as identified on Schedule 2.

11.    I do not have and, to the best of my knowledge, none of the other attorneys of S&K has, any connection with the Debtors, its major creditors, or any other significant Potential Party-in-Interest which would disqualify S&K from this representation.

12.    Based on the conflicts and connection search conducted and described herein, to the best of my knowledge, neither I, nor S&K, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtors or any other Potential Parties-in-Interest herein, except as stated below and as set forth on Schedule 2.

13.    From time to time, S&K may represent, or may have represented one or more of the Debtors' creditors or other parties in matters unrelated either to the Debtors' cases or to those entities' transactions or dealings with the Debtors.  The Firm, however, is not representing any of those entities in these chapter 11 cases in any claims that they may have collectively or individually against the Debtors.

14.    S&K has previously worked with and may continue to work with one or more of the Debtors or Committee professionals on various representations in matters unrelated to these chapter 11 cases, at times representing the same parties and at other times representing parties with similar interests or parties with adverse interests.

---

[7] The term "client" means an entity listed as a client or affiliate of a client in an active or closed matter in S&K's conflicts search system.  To the extent that Potential Parties-in-Interest fall under more than one category, such Potential Parties-in-Interest may be disclosed in only one category.  Furthermore, the inclusion of Potential Parties-in-Interest within one or more categories in the Application, this Declaration, or otherwise is for convenience only and is not, and shall not be construed as, an acknowledgement or admission regarding any Potential Parties-in-Interest, including with respect to any claims or relationships that such Potential Parties-in-Interest may have with the Debtors.  Additionally, (i) Schedule 2 is over inclusive generally, (ii) whether an actual client relationship exists with the entities listed on Schedule 2 can only be determined by reference to the documents governing S&K's representation rather than its potential listing in S&K's conflicts database(s), (iii) such analysis has not been undertaken in connection with this connections disclosure, and (iv) where particular name(s) provided by the Debtors are incomplete or ambiguous, S&K's search was broad and inclusive and erred on the side of disclosure.

15.     S&K is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1103(b), in that the Firm, its partners, of counsel, and associates:

  a.     are not creditors, equity security holders, or insiders of the Debtors;

  b.     are not and were not within two (2) years before the date of the filing of the Debtors' Chapter 11 petition, a director, officer, or employee of the Debtors; and

  c.     do not have an interest materially adverse to the interest of the Debtors' estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason, except as disclosed herein.

16.     As of the date hereof, the Firm has conducted a review of potential conflicts as to the entities identified at Exhibit 1 hereto and is aware of its continuing obligation to review and supplement its conflict review pursuant Bankruptcy Rule 2014. S&K and certain of its partners, of counsel, and associates may have in the past represented, and may currently represent and likely in the future will represent interested parties in connection with matters unrelated to this case.

17.     S&K will not represent any of the entities identified on Exhibit 2 in their individual capacities in these chapter 11 cases. In the event that any of these entities takes a position that is adverse, the Committee will seek approval of retention of additional conflicts counsel as appropriate. If S&K identifies any further such representations, S&K shall make further disclosures as may be appropriate at that time.

18.     In addition, S&K represents the Official Committee of Unsecured Creditors (the "Coin Cloud Committee") in the CashCloud, Inc. dba Coin Cloud chapter 11 case (the "Cash Cloud Bankruptcy Case"). Genesis Global Holdco, LLC ("Genesis") is one of the seven members of the Coin Cloud Committee. S&K represents the committee, not Genesis, and will not represent Genesis in the Cash Cloud Bankruptcy Case or otherwise. Other than this connection, I do not have and, to the best of my knowledge, none of the other attorneys of S&K has, any connection with the Debtors, its major creditors, or any other significant Potential Party-in-Interest which would disqualify S&K from this representation.

## **Professional Compensation**

19.     S&K intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of this Court and compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

20.     S&K's standard hourly rates range from $1,050 to $1,625 per hour for partners, from $900 to $1,100 per hour for counsel, from $500 to $975 per hour for associates, and from $250 to $480 per hour for paraprofessionals.   Although S&K may utilize the services of additional attorneys, the principal attorneys likely to represent the Committee in this case are as follows:

| **Individual** | **Position** | **Hourly Rate** |
|---|---|---|
| John R. Ashmead | Partner | $1,625.00 |
| Mark D. Kotwick | Partner | $1,450.00 |
| Catherine V. LoTempio | Associate | $975.00 |
| Andrew J. Matott | Associate | $925.00 |
| John Patouhas | Law Clerk[8] | $750.00 |

21.     The hourly rates set forth above are the Firm's standard hourly rates and are subject to modification annually effective as of January 1st.   These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.   S&K will also charge for normal and customary expenses incurred in connection with these chapter 11 cases.   The expenses charged include, among other things, telephone and telecopy toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by the Firm to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs.   Any such expenses will be recorded in accordance with S&K's customary practices and will be incurred at the same rate as customarily charged in similar engagements or as otherwise limited by the local rules of the Court.

---

[8] Admission pending.

AMERICAS 122720753

22.     S&K shall apply to this Court for allowance of compensation for professional services rendered and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, Administrative Order M-447 (*Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases*, dated January 29, 2013 (Morris, C.J.)), any other applicable procedures and orders of the Court, for all professional services performed and expenses incurred in the chapter 11 cases.

23.     Further, S&K also intends to make a reasonable effort to comply with the United States Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* effective as of November 1, 2013 (the "U.S. Trustee Guidelines").

24.     The following information is provided pursuant to paragraph D.1 of the U.S. Trustee Guidelines:

**Question**:     Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Answer**:     No.

**Question**:     Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

**Answer**:     No.

**Question**:     If you represented the client in the twelve (12) months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the twelve (12) months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Answer**:     S&K did not represent the Committee prepetition.

**Question**:     Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

**Answer**:     Not applicable.

25.     Pursuant to Bankruptcy Rule 2016(b), S&K has no agreement with any other entity to share any compensation received by S&K, except as permitted under section 504(b)(1) of the Bankruptcy Code.

7

S&K has not received any promises as to payment or compensation in connection with the chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code and as disclosed herein.

26.     Based upon the foregoing, I respectfully submit that the requirements for S&K retention as attorneys for the Committee have been met.

Dated:  April 21, 2023
        New York, New York

                                        */s/ John R. Ashmead*
                                        John R. Ashmead

AMERICAS 122720753

**Schedule 1**

**Potential Parties-in-Interest**

**Debtor Entities**
Genesis Asia Pacific PTE. LTD
Genesis Global Capital LLC
Genesis Global Holdco, LLC

**Non-Debtor Affiliates**
Genesis Asia (Hong Kong) Limited
Genesis Bermuda Holdco Limited
Genesis Custody Limited
Genesis Global Assets, LLC
Genesis Global Labs, LLC
Genesis Global Markets Limited
Genesis Global Trading, Inc.
Genesis UK Holdco Limited
GGA International Limited (BVI)
GGC International, Ltd (BVI)

**Major Equity Holders**
Digital Currency Group, Inc.

**Major Equity Holders' Counsel**
Weil, Gotshal, and Manges LLP

**Senior Management**
Agnes Chen Meiyun
Alice Chan
Andrew Sullivan
Brian Bulthius
Diana Kim

**Current Directors**
A. Derar Islim
Arianna Pretto-Sakmann
Gan Lee Teng
Lip Chih Ng
Matthew Johnson
Mark Murphy
Michael Kraines
Michael Patterson
Sugandhi Govil
Paul Aronzon

Tom Conheeney

**Debtors' Restructuring Professionals**
Cleary Gottlieb Steen & Hamilton LLP
Alvarez & Marsal Holdings, LLC
Kobre & Kim LLP
Kroll Restructuring Administration LLC
Moelis & Company

**Material Contract Counterparties**
Talos Trading, Inc.
WorkSocial.com LLC

**Insurers**
Axis Capital
Forge Insurance Company
Lloyd's of London
Starr Insurance & Reinsurance Limited
Woodruff Sawyer

**Bankruptcy Court for the Southern District of New York**
Ali Ismail
Brenda Robie
Chantel Barrett
Christine Azzaro
Connor Farley
Daniel Slemmer
Deanna Anderson
Dorie Arthur
Francis O'Rourke
Graham Fisher
Greg White
Hon. Cecelia G. Morris
Hon. David S. Jones
Hon. James L. Garrity, Jr.
Hon. John P. Mastando
Hon. Lisa G. Beckerman
Hon. Martin Glenn
Hon. Michael E. Wiles
Hon. Philip Bentley
Hon. Sean H. Lane

Ian Kitts
Jacob Schuerger
Jacqueline DePierola
James Vincenti
Jaqueline Tran
Jenna MacDonald
Jennifer Pollan
John Churchill
John Kuebler
Julia Bonnell
Karra Puccia
Leslie Wybiral
Liza Ebanks
Lorraine Echevarria
Lynda Calderon
Maria Rodriguez-Castillo
Sarah Rosenthal
Tammi Hellwig
Tracey Mercado
Tyler Talton
Vanessa Ashmeade
Willie Rodriguez

**U.S. Trustee Office, Region 2, Southern District of New York, Manhattan Division**
Abriano, Victor
Allen, Joseph
Arbeit, Susan
Bentley, Phillip
Black, Christine
Bruh, Mark
Cornell, Shara
Gannone, James
Harrington, William K.
Higgins, Benjamin J.
Higgins, David S.
Joseph, Nadkarni
Leonhard, Alicia
Masumoto, Brian S.
Mendoza, Ercilia A.
Moroney, Mary V.
Morrissey, Richard C.
Ogunleye, Alaba
Penpraze, Lisa
Riffkin, Linda A.
Rodriguez, Ilusion

Schmitt, Kathleen
Schwartz, Andrea B.
Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Tiantian, Tara
Van Baalen, Guy A.
Velez-Rivera, Andy
Vescovacci, Madeleine
Wells, Annie
Zipes, Greg M.

**Taxing Authorities**
Monetary Authority of Singapore

**Debtors' Banks & Financial Services Providers**
Anchorage Lending CA, LLC
Banking Circle
Continental Stock Transfer & Trust
Houlihan Lokey
Industrial and Commercial Bank of China
Interactive Brokers
JPMorgan Chase Bank, NA
JPMorgan Chase Bank, NA Singapore
Kraken
Marex Captial Markets, Inc.
Metropolitan  Commercial Bank
Signature Bank
Silvergate Bank
Tradestation

**Significant Vendors**
250 Park LLC
ACRION GROUP INC/Dmitri Gofshtein
Agon Litigation
Amazon Web Services
American Arbitration Association
Anchorage Digital Bank, National Association
Andy McMullen
BitGo, Inc.
Bloomberg LP
CAPITEQ PTE. LTD.
CDW Direct LLC

Chicago Mercantile Exchange Inc NEED
PO
CJD Technologies
CloudFlare, Inc.
CMS Cameron McKenna Nabarro Olswang
LLP
Coinbase Custody Trust
Compliancy Services
Corver Roos
Cyberfort Ltd
Dashlane USA Inc
Davis Polk & Wardwell LLP
DCG Real Estate Management LLC
Donnelley Financial LLC
Driven
Ernst & Young LLP
Fireblocks Inc.
Friedman LLP
GitLab Inc
Global Fund Media Limited
Goodwin Procter LLP
Gowling WLG (Canada) LLP
Grab Pte. Ltd.
Halborn Inc.
IBM Corporation
I-Net Technologies
Inland Revenue Authority Of Singapore
Intelliware Development Inc
ISS Facility Services Private Limited
JAMS, Inc.
Kleinberg Kaplan Wolff & Cohen P.C.
Kyte Broking Limited
Levin Group Ltd
Mana Holdings Ltd
Managed Funds Association
Massive Computing, Inc
Meitar Law Offices
Milken Institute
Mintz Levin Cohn Ferris Glovsky and
Popeo P.C.
Mitchell Martin
Moore & Van Allen PLLC
Mount Studio Pte Ltd
Murphy & Mcgonigle P.C.
Nakul Verma
Numerix LLC

Office Secretaries Pte Ltd.
Okta Inc
One Raffles Quay Pte Ltd
One11 Racing LLC
OnStream LLC
Opswat, Inc.
Opus Recruitment Solutions Ltd
Ordinary Folk
Orrick, Herrington & Sutcliffe, LLP
Papaya Global, Inc.
Perkins Coie LLP
Phaidon International Inc
Pico Quantitative Trading
Private Chefs of Atlanta
Pythian Services, Inc.
Reed Smith Pte. Ltd
Richards Layton & Finger
Roman Mashtalyar
SALT Venture Group, LLC
Savills (Singapore) PTE LTD
Shearman & Sterling LLP
Singtel (Singapore Telecommunications
Limited)
Snowflake Inc.
Spire Search Partners
Stop Pest Control Of NY, INC.
STORM2 PTE LTD
Stott and May
Structure Works
T2 CONSULTING, LLC
The Furniture X-Change
The TIE, Inc
Unispace Of Boston, LLC
United Corporate Services Inc
VIP Sports Marketing, Inc.
Wolters Kluwer financial Services Inc.
Woodruff Sawyer
Xenetix Pte Ltd

**Litigation Counterparties**



3



Coinhouse
Cumberland DRW LLC

Digital Finance Group
Donut, Inc.
Heliva International Corp

Levity & Love, LLC

Mirana Corp.
Moonalpha Financial Services Limited

Plutus Lending LLC

Ripio International

Schnutz Investments LP
Stellar Development Foundation
Streami Inc.

The Badger Technology Company
Holdings, Ltd.
Valour, Inc.
VanEck New Finance Income Fund, LP

Winah Securities S.A.

**Potential M&A Counterparties**

**Top 50 Creditors**
Altcoinomy SA

Bayhawk Fund LLC

Big Time Studios Ltd.

Caramila Capital Management LLC
Claure Group LLC
Coincident Capital International, Ltd.





**Schedule 2 to Ashmead Declaration**

| CLIENT/PARTY/MATTER | RELATIONSHIP TO DEBTOR | MATTER |
|---|---|---|
| JPMorgan Chase Bank, NA | Debtors' Banks & Financial Services Providers | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| CMS Cameron McKenna Nabarro Olswang LLP | Significant Vendors | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ████████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ████████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |
| ██████████ | Potential M&A Counterparties | The Firm represented or represents this party or related entities in matters unrelated to the Debtors. |

## Exhibit C

**Weston Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[9] | Case No. 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF RICHARD R. WESTON IN SUPPORT OF APPLICATION FOR ENTRY
OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF SEWARD &
KISSEL LLP AS SPECIAL LITIGATION COUNSEL TO THE OFFICIAL <u>COMMITTEE OF
UNSECURED CREDITORS *NUNC PRO TUNC*</u> TO MARCH 30, 2023**

Pursuant to 28 U.S.C. § 1746, I, Richard R. Weston, as Co-Chair of The Official Committee of

Unsecured Creditors (the "<u>Committee</u>") hereby declare, as follows:

1.      I am an unsecured creditor of Genesis Global Holdco, LLC and its affiliated debtors

and debtors-in-possession (collectively, the "<u>Debtors</u>") and a member of the Committee appointed

in the above-captioned chapter 11 cases.  I was named co-chairperson ("<u>Co-Chair</u>") of the

Committee.  I submit this declaration (the "<u>Declaration</u>") in support of the *Application for Entry

of an Order Authorizing and Approving the Employment of Seward & Kissel LLP as Special

Litigation Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 30,

2023* (the "<u>Application</u>").[10]  I have reviewed and am familiar with the Application.  I am in all

respects competent to make this Declaration in support of the Application.  Except as otherwise

noted, I have personal knowledge as to all the information set forth below.

**<u>Identity of Declarant</u>**

2.      On January 19, 2023, each of the Debtors filed with the Court a voluntary petition

---

[9]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (or
equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific
Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South,
5th Floor, New York, NY 10003.

[10]    Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

for relief under the Bankruptcy Code.

3.       On February 3, 2023, the United States Trustee appointed the Committee, pursuant to section 1102(a) of the Bankruptcy Code, to represent the interests of all creditors holding unsecured claims in the chapter 11 cases [Docket No. 55].  As of the date hereof, the members of the Committee are:

(a)  SOF International, LLC;

(b)  Teddy Andre Amadeo Gorisse;

(c)  Digital Finance Group Co.;

(d)  Richard R. Weston;

(e)  Mirana Corp.;

(f)  Amelia Alvarez; and

(g)  Bitvavo Custody B.V.

4.       On February 10, 2023, the Committee retained White & Case LLP ("White & Case") as its primary counsel.  On March 30, 2023, the Committee voted to retain Seward & Kissel LLP ("S&K") to represent it with respect to a limited set of matters where it is appropriate for separate counsel to address such matters in light of (a) potential conflicts of interest that may be asserted due to White & Case's representation of certain parties in interest in other matters that are unrelated to these chapter 11 cases or (b) where the Committee or White & Case otherwise requests be handled by S&K for expertise, efficiency or other reasons.  As a representative of a member of the Committee, I was directly involved in the decision to retain S&K as the Committee's special litigation counsel in these chapter 11 cases and actively participated in negotiating the terms of S&K's employment.

### Steps Taken To Ensure Comparability Of
### Engagement Terms And Rate Structure

5.      I have confirmed with S&K that, while its billing rates vary among attorneys based on the attorney's seniority and position with the firm (e.g., partner, counsel, associate), years of experience, and the demand for services in the attorney's particular area of expertise, its billing rates do not vary as a function of whether the services performed relate to a bankruptcy engagement or a nonbankruptcy engagement.

6.      S&K has informed the Committee that its rates for bankruptcy representations are consistent with and comparable to the rates S&K charges for nonbankruptcy representations.  S&K has informed the Committee that its current hourly rates apply to non-bankruptcy services, if any, provided by the firm, unless an alternative fee arrangement (such as a contingent fee, mixed contingent fee, flat fee, or blended rate arrangement) is agreed upon.  S&K has informed the Committee that its attorneys will not charge a premium or in any way increase their hourly rates over the fees charged to nonbankruptcy clients.

7.      The Committee is satisfied that S&K has set its hourly rates for its attorneys and paraprofessionals at comparable levels to those charged by its competitor firms.  Based on these representations and the Committee members' experience in both the bankruptcy field and in other fields in which the Debtors operate, I believe these rates are reasonable.

### Circumstances Warranting S&K's Retention

8.      The Committee selected S&K as special litigation counsel because of the firm's extensive restructuring experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code, including the representation of official committees of unsecured creditors and debtors, as well as litigation matters, investigations, business reorganizations, restructurings, and liquidations under chapter 11 of the Bankruptcy

Code, and its expertise, experience, and knowledge in practicing before this Court.

**Procedures Established To Supervise**
**Fees And Expenses And Manage Costs**

9.      Throughout the chapter 11 cases, the Committee will supervise S&K's incurred fees and expenses and review S&K's monthly invoices and applications for payment of fees and reimbursement of expenses.  The Committee understands and consents to the fact that S&K historically increases its hourly billing rates for its professionals and paraprofessionals on a yearly basis.

10.      S&K has informed me that it will work closely with other professionals that may be retained by the Committee, taking whatever steps are necessary and appropriate to avoid any unnecessary duplication of effort with such other professionals.

11.      The Committee understands that S&K reserves all rights to contest any such objection raised to the allowance or payments of its requested fees and expenses, and the Committee reserves the right to retain conflicts counsel to prosecute any such fee objection.

12.      Nothing contained herein is intended to limit S&K's ability to request allowance and payment of fees and expenses pursuant to sections 330 and 331 of the Bankruptcy Code, to restrict S&K's right to defend any objection raised to the allowance or payment of such fees, nor to restrict the Committee's right to retain conflicts counsel to prosecute any such fee objection to the extent it is not resolved informally by the parties or raised by another party in interest, such as the United States Trustee.

13.      Based on the foregoing, I am of the opinion that it is necessary to employ S&K and that such employment is in the best interest of the Committee.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: April 21, 2023

Respectfully submitted,

DocuSigned by:

*Richard Weston*

6784608A8FF7E4A2...

Richard R. Weston
Co-Chair, Official Committee of Unsecured Creditors