CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR APPOINTMENT OF A MEDIATOR**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases") hereby submit this motion (this "Motion") for the entry of an order substantially in the form attached hereto as Exhibit A, appointing a mediator to assist in the resolution of certain plan-related disputes among the Debtors, Digital Currency Group, Inc. ("DCG"), Gemini Trust Company, LLC ("Gemini"), the Ad Hoc Group (as defined below) and the Committee (as defined below) (collectively, the "Mediation Parties"), and respectfully state as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PRELIMINARY STATEMENT**

1. Since November 2022, the Debtors have engaged in extensive discussions with their creditors, including with two ad hoc groups of lenders of Genesis Global Capital, LLC ("GGC"), representing more than $2 billion in outstanding loans, and DCG, Holdco's corporate parent and its largest borrower, in an effort to reach a value-maximizing consensual resolution to the Company's financial situation. The Debtors and their advisors have actively facilitated discussions among the various creditors, DCG and their respective advisors, sharing access to diligence information and providing feedback on numerous term sheets and proposals that were exchanged by the parties.

2. These efforts resulted in an agreement in principle among the Debtors, DCG, Gemini and certain members of the ad hoc groups, as memorialized in that certain Restructuring Term Sheet (the "Restructuring Term Sheet") that was filed with the Court on February 10, 2023 as an exhibit to the *Notice of Filing of the Restructuring Term Sheet*, ECF No. 80. The Restructuring Term Sheet was intended to establish a framework for the continued negotiation and execution of definitive documentation, including a plan support agreement.

3. Since the filing of the Restructuring Term Sheet, the Debtors have continued their discussions with various stakeholders, including the official committee of unsecured creditors (the "Committee"). While these discussions were initially focused on resolving issues left open in the Restructuring Term Sheet, more recent discussions have made it clear that a mediator is necessary to assist the Mediation Parties in reaching a resolution of one of the most important issues in these Chapter 11 proceedings: the amount, form, timing and other terms and conditions of DCG's contribution to the Debtors' reorganization plan (the "Mediation Issues").

4.      The Debtors believe that mediation of the Mediation Issues may help clear the most significant roadblock impeding the path toward a consensual chapter 11 plan and allow the estates to avoid the cost and uncertainty of litigation. Appointing a mediator now will allow the mediator to become familiar with the key open issues and guide the parties in interest toward a global settlement during this critical stage in the Chapter 11 Cases. Given that DCG owes GGC approximately $630 million pursuant to certain fixed term loans due during the second week of May 2023 (the "DCG Loans"), the Debtors believe that the mediation should be scheduled immediately, with a proposed termination date of thirty (30) days after entry of the order granting this Motion. In connection with the mediation, and in order to allow the Mediation Parties to focus on seeking a consensual resolution rather than engaging in litigation or refinancing efforts, the Debtors are willing to forbear from exercising any remedies under the DCG Loans through the date that is twenty (20) days following the conclusion of the mediation, provided that DCG continues to pay current interest on the DCG Loans.

5.      After consultation with the Debtors' stakeholders, the Debtors seek the appointment of a sitting bankruptcy judge from the Southern District of New York to assist the Mediation Parties in resolving the Mediation Issues. At this time, the Debtors understand that the Mediation Parties have not determined whether or not to support the mediation, but the Debtors anticipate that each of the Mediation Parties will participate in the mediation.

6.      Accordingly, the Debtors believe it is prudent and in the best interests of their estates to seek the appointment of a mediator and commence mediation without delay.

**JURISDICTION**

7.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern

3

District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") and General Order M-452 (the "General Order").

## BACKGROUND

8.  Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by DCG, the Debtors' ultimate parent company.

9.  On January 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, the Committee was appointed in these cases, ECF No. 55.

10. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule*

4

*1007-2*, ECF No. 17, the *Declaration of Paul Aronzon in Support of Chapter 11 Petition and First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 19, and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 28 (collectively, the "First Day Declarations").

## RELIEF REQUESTED

11. The Debtors hereby move the Court, pursuant to section 105 of the Bankruptcy Code, Local Rule 9019-1, and the General Order, for an order (a) appointing a mediator to assist the Mediation Parties in resolving the Mediation Issues in furtherance of reaching a consensual chapter 11 plan and (b) granting related relief.

## BASIS FOR RELIEF

12. Local Rule 9019-1 governs the process for referring matters to mediation in this Court through the General Order.[2] The General Order in turn authorizes the Court to refer matters to mediation either *sua sponte*, upon a motion by any party in interest, or by stipulation of counsel. General Order ¶¶ 1.1-1.2. The types of matters eligible for mediation under the Local Rule 9019-1 and the General Order are quite broad, encompassing any adversary proceeding, contested matter, or any other dispute. General Order ¶ 1.3.

13. It has become commonplace for bankruptcy courts to refer parties to mediation to resolve multi-party disputes in the context of negotiating a plan of reorganization. In a number of recent cases that are similar to this case in size, number of parties, and complexity of issues, courts have appointed a mediator to address various issues, including those arising out of highly contentious intercreditor disputes, in the hopes that a mediator could assist in resolving such issues and the parties could arrive at a consensual plan. *See, e.g.*, *In re Endo International plc*,

---

[2] Local Rule 9019-1 provides that "Alternative dispute resolution shall be conducted in the manner required by any applicable standing order of the Court." LR 9019-1.

5

No. 22-2257 (JLG) (Bankr. S.D.N.Y. Jan. 27, 2023), ECF No. 1257; *In re MatlinPatterson Global Opportunities Partners II L.P.*, No. 21-11255 (DSJ) (Bankr. S.D.N.Y. Oct. 27, 2022), ECF No. 667; *In re Sears Holding Corporation,* Adv. Pro. No. 19-08250 (RDD) (Bankr. S.D.N.Y. Apr. 6, 2022), ECF No. 270; *In re Brazos Electric Power Cooperative, Inc.*, No. 21-30725 (DRJ) (Bankr. S.D.T.X. Mar. 25, 2022), ECF No. 543; *In re Pacific Drilling S.A.*, No. 17-13193 (MEW) (Bankr. S.D.N.Y. Aug. 20, 2018), ECF No. 502; *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Dec. 26, 2012), ECF No. 2519.

14. For the reasons stated above, the Debtors believe the appointment of a mediator who is a sitting bankruptcy judge in the Southern District of New York will promote good faith negotiations and enhance the prospects of a consensual reorganization. The Debtors believe that the Mediation Issues are particularly apt for mediation. By seeking the benefit of mediation, the Debtors hope to resolve and narrow the open issues that may otherwise need to be adjudicated in these Chapter 11 Cases and, in so doing, avoid additional costs and delay that could result from such litigation.

15. The Debtors propose that the mediation take place in-person or virtually over a two-day period prior to May 9, 2023 and involve the Mediation Parties, including principals with binding authority to settle the Mediation Issues. The Mediation Parties will not be required to submit any written mediation statements, but may provide any other materials, written or by oral presentation, as they so choose.

16. Accordingly, the Debtors respectfully submit that ample authority and cause exist to support a finding that the appointment of a mediator is appropriate to assist the Debtors and the parties in interest in addressing the Mediation Issues in an effort to achieve a consensual plan of reorganization.

**NOTICE**

17.     Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) counsel to the Committee; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iv) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); and (v) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

18.     No prior request for the relief requested herein has been made to this or any other Court.

[*Remainder of page intentionally left blank*]

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the relief requested herein and granting such other relief as is just and proper.

Dated: April 24, 2023
       New York, New York

*Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER APPOINTING MEDIATOR

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, appointing a mediator (a "Mediator") to assist the parties in resolving certain issues relating to the formulation and confirmation of a plan of reorganization; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted to the extent provided herein.

2. Upon entry of this Order, _____ shall be appointed as Mediator for an initial period of thirty (30) days following entry of this Order with respect to the Mediation Issues between and among the Mediation Parties. The Debtors may, in consultation with the Mediation Parties, seek to extend such period or expand the scope of the Mediation Issues. In light of the mediation, the Debtors are authorized, but not directed, to forbear from exercising any of their rights under the DCG Loans through the date that is twenty (20) days following the conclusion of the mediation, which period may be extended by the Court or upon agreement of the Mediation Parties, *provided* that DCG continue to pay interest in respect of the DCG Loans as it comes due.

3. The Mediation Parties shall meet and confer with the Mediator to establish procedures and timing of the mediation.

4. Without limiting the applicability of Local Rule 9019-1 or General Order M-452, all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator, (b) any mediation statements, whether written or oral, and any documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as

a result of the mediation shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or party participating in the mediation, whether a direct participant or member of a committee or group, including counsel for any Mediation Party or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer or counteroffer that may be made or provided in connection with the mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court.

5. To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of a confidentiality agreement executed or order of this Court entered in connection with these Chapter 11 Cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party.

6. For the avoidance of doubt, to the extent any part of this Order conflicts with Local Rule 9019-1 or General Order M-452, the terms and provisions of this Order shall govern.

7. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014 or otherwise, this Order shall be in full force and effect upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2023    _____
      White Plains, New York    THE HONORABLE SEAN H. LANE
                                                UNITED STATES BANKRUPTCY JUDGE

4