CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## DEBTORS' MOTION TO SHORTEN
## NOTICE TO CONSIDER DEBTORS' MOTION FOR
## APPOINTMENT OF A MEDIATOR AND ORDER APPOINTING MEDIATOR

Genesis Global Holdco, LLC ("Holdco") and its above-captioned debtors and

debtors-in-possession (collectively, the "Debtors" and these cases, collectively, the "Chapter 11

Cases"), hereby submit this motion (the "Motion to Shorten"), for entry of an order, substantially

in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rule 9006(c)(1) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1 and 9077-

1 of the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Local

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Rules"), shortening the notice period to consider the *Motion for Appointment of a Mediator and Order Appointing Mediator* (the "Mediation Motion"),[2] filed contemporaneously herewith.   In support of this Motion to Shorten, the Debtors rely upon the *Affidavit of Sean A. O'Neal in Support of the Debtors' Motion to Shorten Notice to Consider Debtors' Motion for Appointment of a Mediator and Order Appointing Mediator* attached hereto as Exhibit B (the "Declaration"), which is incorporated herein by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1.

## BACKGROUND

2.    Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services.  Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

---

[2]    Capitalized terms not defined herein shall have the meaning ascribed to them in the Mediation Motion.

3.      On January 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

4.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the First Day Declarations.

**RELIEF REQUESTED**

5.      By this Motion to Shorten, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, shortening the notice period required to be provided with respect to the hearing to consider the approval of the Mediation Motion pursuant to Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1. The Mediation Motion seeks an order from this Court appointing a mediator to assist the Debtors and its stakeholders with resolving certain plan-related issues, thereby enabling the parties to reach a consensual agreement, as set forth in further detail in the Mediation Motion.

6.      The Debtors request that the Court shorten the notice period required to allow the hearing to consider the relief requested in the Mediation Motion to take place on Wednesday, April 26, 2023 at 2:00 p.m. (ET), or such other date to be determined by the Court. The Debtors further request that any party that wishes to file an objection to the Mediation Motion

will have until Wednesday, April 26, 2023 at 2:00 p.m. (ET), or such other date to be determined by the Court, to do so.

## **BASIS FOR RELIEF**

7.       Bankruptcy Rule 9006(c)(1) and Rule 9006-1 of the Local Rules authorizes the Court, for cause shown, to reduce the notice period required for a hearing to consider approval of the Mediation Motion.  Fed. R. Bankr. P. 9006(c)(1); LBR 9006-1.  The Debtors submit that there is ample cause to reduce the notice period.

8.       As set forth more fully in the Mediation Motion, the Debtors have determined, in their business judgment that the Mediation Motion provides the best path towards facilitating a consensual chapter 11 plan that maximizes recoveries to creditors of the Debtors.  To that end, the Debtors seek the expeditious approval of the Mediation Motion, in order to begin the mediation process as soon as possible and limit the time and expense.

9.       By the Mediation Motion, the Debtors request entry of an order (a) appointing a mediator to assist the Mediation Parties in resolving certain plan issues in furtherance of reaching a consensual chapter 11 plan as set forth in the Mediation Motion and (b) granting related relief.  For the reasons set forth in the Mediation Motion, the Debtors submit that the Mediation Motion represents a sound exercise of the Debtors' business judgment and is in the best interest of the Debtors, their estates and all stakeholders in the Chapter 11 Cases.

## **NOTICE**

10.       Notice of this Motion to Shorten shall be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) counsel to the Committee; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iv) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); and (v) all others

that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

11.    No prior motion for the relief requested herein has been made to this or any other Court.

[*Remainder of page intentionally left blank*]

## **CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that

this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant

such other and further relief as is just and proper.


Dated:    April 24, 2023                    /s/  *Sean A. O'Neal*
          New York, New York               Sean A. O'Neal
                                           Luke A. Barefoot
                                           Jane VanLare
                                           CLEARY GOTTLIEB STEEN &
                                           HAMILTON LLP
                                           One Liberty Plaza
                                           New York, New York 10006
                                           Telephone: (212) 225-2000
                                           Facsimile: (212) 225-3999

                                           *Counsel for the Debtors*
                                           *and Debtors-in-Possession*

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER SHORTENING TIME WITH RESPECT TO THE DEBTORS' MOTION FOR APPOINTMENT OF A MEDIATOR AND ORDER APPOINTING MEDIATOR

Upon the motion to shorten (the "Motion to Shorten")[2] of Genesis Global Holdco,

LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), for entry of an order (this "Order") shortening the notice period to

consider the approval of *Debtors' Motion for Appointment of a Mediator* (the "Mediation Motion")

pursuant to Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1; and upon

consideration of the Declaration attached as Exhibit B to the Motion to Shorten; and the Court

having to consider the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. §

1334; and consideration of the Motion to Shorten and the requested relief being a core proceeding

the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper

before this Court pursuant to 28 U.S.C. § 1408; and the Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334 and *Amended Standing Order of Reference* from the United

States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.);

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion to Shorten.

the Court having found that venue of these cases and the Motion to Shorten in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that notice of the Motion to Shorten has been given as set forth in the Motion to Shorten and that such notice is adequate and no other or further notice need be given; and the relief requested in the Motion to Shorten being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion to Shorten; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

The Motion to Shorten is GRANTED and approved as set forth herein.

1.     The notice period otherwise applicable to consider approval of the Mediation Motion is hereby shortened so as to allow the hearing to consider the relief requested in the Mediation Motion to take place on _____, 2023 at __:00 _.m. (prevailing Eastern Time).

2.     Objections to the Mediation Motion must be filed (with two single-sided courtesy copies mailed to Chambers) by _____, 2023 at __:00 _.m. (prevailing Eastern Time) and served on: (i) the Office of the United States Trustee for Region 2; (ii) counsel to the Debtors, Cleary Gottlieb Steen and Hamilton LLP, One Liberty Plaza, NY, NY 10006 Attn: Sean A. O'Neal (soneal@cgsh.com) and Jane VanLare (jvanlare@cgsh.com); (iii) counsel to the Committee, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (gregory.pesce@whitecase.com) and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson (philip.abelson@whitecase.com).

3.      The notice procedures set forth in the Motion to Shorten are good and sufficient notice and satisfy Bankruptcy Rules 2002(a), 6006 and 9014 by providing the counterparties with notice and an opportunity to object and be heard at a hearing.

4.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion to Shorten or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
      White Plains, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

<u>**Exhibit B**</u>

**Declaration**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**AFFIDAVIT OF SEAN A. O'NEAL IN SUPPORT OF THE DEBTORS'
MOTION TO SHORTEN NOTICE TO CONSIDER DEBTORS' MOTION
FOR APPOINTMENT OF A MEDIATOR AND ORDER APPOINTING MEDIATOR**

I, Sean A. O'Neal, do hereby declare as follows:

1.        I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP

("Cleary Gottlieb" or the "Firm"), counsel to the Debtors in the above-captioned jointly-

administered chapter 11 cases.  I have personal knowledge of the facts set forth herein.

2.        I submit this declaration in support of the *Motion to Shorten Notice to Consider*

*Debtors' Motion for Appointment of a Mediator and Order Appointing Mediator* (the "Motion to

---

[1]        The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Shorten"), which seeks, in compliance with Local Bankruptcy Rule 9077-1(a), entry of an order shortening the notice period and establishing the hearing and objection dates for the *Debtors' Motion for Appointment of a Mediator* (the "Mediation Motion").[2]

3.      As set forth more fully in the Mediation Motion, the Debtors have determined, in their business judgment that the Mediation Motion represents the best path towards facilitating a consensual chapter 11 plan that maximizes recoveries to creditors of the Debtors.  To that end, the Debtors seek the expeditious approval of the Mediation Motion, in order to begin the mediation process.  A shortened notice period as requested in the Motion to Shorten will prevent any unnecessary delay in commencing the mediation process, while still providing adequate time for parties to review the Mediation Motion, which the Debtors submit is necessary in these circumstances in light of the upcoming maturity date of the DCG Loans.

4.      No prior motion or application has been made for the relief sought in the Motion to Shorten.

5.      Accordingly, the relief requested is necessary and appropriate to maximize the value of the Debtors' estates for the benefit of the Debtors' economic stakeholders.

6.      For these reasons, I believe that the proposed notice is adequate and appropriate under the circumstances.

*[Remainder of page intentionally left blank]*

---

[2]      Capitalized terms used but not defined herein have the meanings ascribed to them in the Mediation Motion.

*\*\**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of

the United States that the foregoing is true and correct.

Executed on April 24, 2023
New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal