**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING THE
### EMPLOYMENT AND RETENTION OF M3 ADVISORY PARTNERS, LP AS
### FINANCIAL ADVISORS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION

Upon the Application[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), for entry of an order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(a) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for Southern District of New York (the "Local Rules"), M3 Advisory Partners, LP ("M3 Partners") as their financial advisors on the terms set forth in the engagement letter (the "Engagement Letter") annexed to the Application as Exhibit C; and upon consideration of the *Declaration of Kunal S. Kamlani in Support of the Application Authorizing Employment and Retention of M3 Advisory*

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application, as may be applicable.

*Partners, LP as Financial advisors for the Debtors and Debtors-in-Possession Pursuant to Sections 327(a) and 328 of the Bankruptcy Code* ("Kamlani Declaration"), a copy of which was attached to the Application as Exhibit A; and the Court being satisfied based on the representations in the Application and the Kamlani Declaration that M3 Partners does not have a conflict of interest with the Debtors or their estates in connection with the matters for which M3 Partners is to be retained by the Debtors, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and the Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors and its counsel are hereby authorized to employ and retain M3 Partners as financial advisors in the Chapter 11 Cases on the terms and conditions set forth in the Application, Kamlani Declaration, and Engagement Letter *nunc pro tunc* to March 30, 2023.

3.      M3 Partners is authorized to perform any and all financial advisory services for the Debtors that are necessary or appropriate in connection with the financial advisory services described in the Application and the Engagement Letter.

4.      M3 Partners shall apply for hourly compensation for professional services rendered and reimbursement of expenses incurred, including the fees incurred in relation to the fixed compensation structure discussed herein, in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court.

5.      Prior to any increases in M3 Partners' rates, M3 Partners shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court.

6.      Notwithstanding any provision in the Application or the Kamlani Declaration to the contrary, all major expenses will be paid by M3 Partners and reimbursed by the Debtors only after approval of a fee application by the Court.

3

7.     M3 Partners shall use reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

8.     Notwithstanding anything in the Application or M3 Partners' Engagement Letter with the Debtors to the contrary, M3 Partners shall (a) to the extent that M3 Partners uses the services of independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, M3 Partners shall pass-through the cost of such Contractors to the Debtors at the same rate that M3 Partners pays the Contractors; (b) seek reimbursement for actual costs only; and (c) ensure that the Contractors are subject to the same conflict checks as required for M3 Partners and (d) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

9.     The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions are reasonable terms and conditions of employment and are hereby approved to the extent set forth herein.

10.     In the event that M3 Partners seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records for the attorneys' fees and expenses shall be included in M3 Partners' own applications, both interim and final, and these invoices and time records shall be subject to the Amended Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

11.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the

4

Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

12.     Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

13.     To the extent that there may be any inconsistency between the terms of the Application, the Kamlani Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.

Dated:  April 28, 2023                    */s/ Sean H. Lane*
      White Plains, New York        THE HONORABLE SEAN H. LANE
                                       UNITED STATES BANKRUPTCY JUDGE