**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER APPROVING THE DEBTORS' MOTION FOR ENTRY INTO A SETTLEMENT AGREEMENT BY AND AMONG GENESIS ASIA PACIFIC PTE. LTD AND ONE RAFFLES QUAY PTE LTD AND AUTHORIZING THE DEBTORS TO IMPLEMENT CERTAIN TRANSACTIONS**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco"), and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") approving the settlement agreement by and among the Genesis Asia Pacific Pte. Ltd ("GAP") and One Raffles Quay Pte Ltd and authorizing the Debtors to implement certain transactions; and upon the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration") and the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration" and, together with the Leto Declaration and Aronzon Declaration, the "First Day Declarations"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The Debtors have demonstrated sound business judgment for entering into and performing under the Lease Surrender, and it is a sound exercise of the Debtors' business judgment to perform under the Lease Surrender and consummate the transactions contemplated thereby.

2. There are no amounts due and owing by GAP to One Raffles in respect of section 3.1.1 of the Lease Surrender.

3. The rejection of the Singapore Lease is in the best interests of the Debtors' estates, including their creditors and other stakeholders. The Singapore Lease is burdensome to

the Debtors' estates and therefore, rejection of the Singapore Lease is a sound exercise of GAP's business judgment.

4. The terms of the settlement associated with the Lease Surrender evidence good faith, arms' length negotiations, are fair and in the best interest of the Debtors' estates, including their creditors and other stakeholders.

5. Based on the record before the Court, the Debtors have demonstrated good and sufficient basis for the Court to approve the Motion.

**IT IS THEREFORE ADJUDGED, ORDERED AND DECREED THAT:**

The Motion is GRANTED to the extent set forth herein.

6. The settlement embodied in the Lease Surrender is plainly within the range of reasonableness and in the best interest of the Debtors and their estates and the creditors in this case.

7. The settlement embodied in the Lease Surrender is approved and authorized and GAP is authorized to perform in accordance with the terms of the Lease Surrender, as set forth herein.

8. The rejection of the Singapore Lease as of April 30, 2023 (the "Rejection Date") is hereby approved. Unless otherwise set forth in the Lease Surrender, the Debtors shall have no go forward obligations under the Singapore Lease as of the Rejection Date.

9. The provisions of the Lease Surrender are incorporated herein by reference and shall be effective and binding as though fully set forth herein.

10. GAP is authorized to enter into the Lease Surrender and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to

take any and all actions that may be reasonably necessary or appropriate to implement the agreements, and perform all obligations contemplated thereunder.

        11.        Notwithstanding anything in the Lease Surrender to the contrary, (i) GAP shall not be required to pay any amounts to One Raffles under section 3.1.1 of the Lease Surrender, (ii) to the extent of any shortfall between the Deposit and the amounts owed under section 3.1.2 of the Lease Surrender, One Raffles shall be entitled to file an unsecured claim against GAP for the payment or reimbursement of any such shortfall, (iii) to the extent One Raffles seeks to assert claims in excess of the Deposit on account of any breaches under the Singapore Lease (other than any claims relating to the early termination of the Singapore Lease or the conditions of the leased premises upon surrender, both of which are waived), any such claim shall be treated as a general unsecured claim in accordance with the Bankruptcy Code, (iv) One Raffles may not assert any claim arising from the rejection and early termination of the Singapore Lease or the conditions of the leased premises upon surrender, (v) GAP's performance of its obligations under the Lease Surrender shall not amount to a breach of section 4.2.1 of the Lease Surrender, and (vi) disclosure of the terms of the Lease Surrender for purposes of this Court's approval of the Motion shall not constitute a breach of section 8 of the Lease Surrender.  For the avoidance of doubt, One Raffles may not assert any claim arising from the rejection and early termination of the Singapore Lease or the conditions of the leased premises upon surrender.

        12.        Furthermore, One Raffles has agreed that, as of the date of this Order, it does not intend to raise any claims and is not aware of any claims against GAP for breaches of the Singapore Lease.

        13.        This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, One Raffles and all of their respective

affiliates, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding. All parties to the Lease Surrender consent to the jurisdiction of this Court for purposes of the Court's enforcement of the terms of the Lease Surrender and this Order.

14. The terms and provisions of this Order shall be immediately effective and enforceable upon its entry. The effectiveness of this Order shall not be stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise.

15. The automatic stay arising pursuant to section 362(a) of the Bankruptcy Code is modified to the extent necessary to effect the terms set forth in the Lease Surrender.

16. The Debtors' claims agent, Kroll Restructuring Administration, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order and the Lease Surrender.

17. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: April 28, 2023
       White Plains, New York

*/s/ Sean H. Lane*

The Honorable Sean H. Lane
United States Bankruptcy Judge