CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF PROPOSED**
**CONSENSUAL ORDER APPOINTING MEDIATOR**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on April 24, 2023, the Debtors filed the *Debtors' Motion for Appointment of A Mediator*, ECF No. 252 (the "Mediation Motion").  The Debtors attached as Exhibit A to the Mediation Motion a proposed *Order Appointing Mediator* (the "Initial Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that, on April 25, 2023 and April 28, 2023, the Court held on-the-record status conferences on the Mediation Motion, at which time the Mediation Parties and other parties-in-interest had the opportunity to raise any objections or

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

concerns with respect to the Mediation Motion and the Court invited the Mediation Parties (as defined in the Mediation Motion) to submit a revised consensual form of order that could be entered without further hearing.

**PLEASE TAKE FURTHER NOTICE** that, on May 1, 2023, the Debtors filed a revised proposed *Order Appointing Mediator*, attached hereto as **Exhibit 1** (the "Proposed Consensual Mediation Order"), which incorporates changes to the proposed form of order in respect of the Mediation Motion that have been agreed upon by the Mediation Parties.  A redline highlighting changes between the Initial Proposed Order and the Proposed Consensual Mediation Order is attached hereto as **Exhibit 2**.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby seek entry of the Proposed Consensual Mediation Order by the Court pursuant to Rule 9019-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York and General Order M-452.

**PLEASE TAKE FURTHER NOTICE** that copies of the Proposed Consensual Mediation Order can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

Dated:  May 1, 2023
　　　　New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

## **Exhibit 1**

### **Proposed Mediation Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER APPOINTING MEDIATOR

Upon the motion (the "Motion")[2] dated April 24, 2023, of Genesis Global Holdco, LLC

("Holdco") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned

cases (collectively, the "Debtors"), for entry of an order (this "Order"), as more fully described in

the Motion, appointing a mediator to assist the parties in resolving certain issues relating to the

formulation and confirmation of a plan of reorganization; and the Court having jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

from the United States District Court for the Southern District of New York, dated January 31,

2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2),

and that the Court may enter a final order consistent with Article III of the United States

Constitution; and the Court having found that venue of this proceeding and the Motion in this

District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors

and other parties in interest; and the Court having found that the Debtors' notice of the Motion

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

was appropriate and no other notice need be provided; and the Court having reviewed the Motion

and having determined that the legal and factual bases set forth in the Motion establish just cause

for the relief granted herein; and upon all of the proceedings had before the Court; and after due

deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted solely to the extent provided herein.

2.      Upon entry of this Order, Randall J. Newsome (the "Mediator") shall be appointed

as mediator for a period of thirty (30) days following entry of this Order with respect to the

Mediation Issues between and among the Mediation Parties; *provided, however,* that the scope or

duration of the mediation may be amended or extended, as applicable, by further order of the Court

or upon agreement of all of the Mediation Parties.  Notwithstanding anything contained in the

Motion to the contrary, for purposes of this Order, "Mediation Issues" means the contribution to

be provided by DCG and its affiliates and other matters related to a potential chapter 11 plan as

agreed among the Mediation Parties.

3.      Notwithstanding anything contained in this Order, the respective rights, claims,

defenses, and privileges of each of the Mediation Parties, including with respect to any extension

or forbearance by the Debtors concerning the DCG Loans, are expressly reserved.

4.      For the avoidance of doubt, nothing in this Order shall, or is intended to, interfere

with any ongoing investigation, prevent any party from requesting documents or other discovery,

or prevent any party from seeking judicial determination with respect to any dispute over any such

request.

5.      As soon as reasonably practicable, the Mediation Parties shall meet and confer with

the Mediator to establish procedures and timing of the mediation.  In addition, the Mediation

2

Parties and the Mediator shall use commercially reasonable efforts to hold at least two substantive

mediation sessions on or before May 8, 2023.

6.    Without limiting the applicability of Local Rule 9019-1 or General Order M-452,

all (a) discussions among any of the Mediation Parties, including discussions with or in the

presence of the Mediator, (b) any mediation statements, whether written or oral, and any

documents or information provided to the Mediator or the Mediation Parties in the course of the

mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as

a result of the mediation shall be strictly confidential and shall not be admissible for any purpose

in any judicial or administrative proceeding, and no person or party participating in the mediation,

whether a direct participant or member of a committee or group, including counsel for any

Mediation Party or any other party, shall in any way disclose to any non-party or to any court,

including, without limitation, in any pleading or other submission to any court, any such

discussion, mediation statement, other document or information, correspondence, resolution, offer

or counteroffer that may be made or provided in connection with the mediation, unless otherwise

available and not subject to a separate confidentiality agreement that would prevent its disclosure

or as authorized by this Court; *provided, however,* that, unless otherwise agreed among the

Mediation Parties, within three (3) business days of termination of the mediation, the Debtors shall

publicly disclose the terms of the last offers extended by each of the Mediation Parties,

respectively.

7.    A Mediation Party's disclosure of information to the Mediator shall not, by itself,

be deemed a waiver of any privilege, work-product protection, or like protection.

8.    For the avoidance of doubt, to the extent any part of this Order conflicts with

Local Rule 9019-1 or General Order M-452, the terms and provisions of this Order shall govern.

3

9.      Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062,

9014 or otherwise, this Order shall be in full force and effect upon its entry.

10.      The Court retains jurisdiction with respect to all matters arising from or related to

the interpretation or implementation of this Order.


Dated: _____, 2023      _____
        White Plains, New York              THE HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE

## Exhibit 2

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER APPOINTING MEDIATOR

Upon the motion (the "Motion")[2] dated April 24, 2023, of Genesis Global Holdco, LLC

("Holdco") and certain of its affiliates, as debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order"), as more

fully described in the Motion, appointing a mediator (a "Mediator") to assist the parties in

resolving certain issues relating to the formulation and confirmation of a plan of reorganization;

and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York, dated January 31, 2012; and the Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order

consistent with Article III of the United States Constitution; and the Court having found that

venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408

and 1409; and the Court having found that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors and other parties in interest; and the Court

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

having found that the Debtors' notice of the Motion ~~and opportunity for a hearing on the Motion~~ was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted <u>solely</u> to the extent provided herein.

2. Upon entry of this Order, ~~——————————————~~<u>Randall J. Newsome (the "Mediator")</u> shall be appointed as ~~M~~<u>m</u>ediator for ~~an initial~~<u>a</u> period of thirty (30) days following entry of this Order with respect to the Mediation Issues between and among the Mediation Parties~~. The Debtors may, in consultation with the Mediation Parties, seek to extend such period or expand the scope of the~~<u>; *provided, however,* that the scope or Med</u>~~Med~~<u>i</u>~~ur~~ation ~~Issues. In light~~ of the mediation~~, the Debtors are authorized, but not directed, to forbear from exercising any of their rights under the DCG Loans through the date that is twenty (20) days following the conclusion of the mediation, which period may be~~ <u>may be amended or</u> extended<u>, as applicable,</u> by <u>further order of</u> the Court or upon agreement of <u>all of the Mediation Parties. Notwithstanding anything contained in the Motion to the contrary, for purposes of this Order, "Mediation Issues" means the contribution to be provided by DCG and its affiliates and other matters related to a potential chapter 11 plan as agreed among</u> the Mediation Parties<u>,</u> ~~*provided*~~ ~~that DCG continue to pay interest in respect of the DCG Loans as it comes due~~.

3. <u>Notwithstanding anything contained in this Order, the respective rights, claims, defenses, and privileges of each of the Mediation Parties, including with respect to any extension or forbearance by the Debtors concerning the DCG Loans, are expressly reserved.</u>

2

4.        For the avoidance of doubt, nothing in this Order shall, or is intended to, interfere with any ongoing investigation, prevent any party from requesting documents or other discovery, or prevent any party from seeking judicial determination with respect to any dispute over any such request.

5.        3. TheAs soon as reasonably practicable, the Mediation Parties shall meet and confer with the Mediator to establish procedures and timing of the mediation.  In addition, the Mediation Parties and the Mediator shall use commercially reasonable efforts to hold at least two substantive mediation sessions on or before May 8, 2023.

6.        4. Without limiting the applicability of Local Rule 9019-1 or General Order M-452, all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator, (b) any mediation statements, whether written or oral, and any documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the mediation shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or party participating in the mediation, whether a direct participant or member of a committee or group, including counsel for any Mediation Party or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer or counteroffer that may be made or provided in connection with the mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court.; *provided, however,* that, unless otherwise agreed among the Mediation Parties, within three (3) business days of termination of the mediation, the

3

Debtors shall publicly disclose the terms of the last offers extended by each of the Mediation Parties, respectively.

~~5. To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of a confidentiality agreement executed or order of this Court entered in connection with these Chapter 11 Cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and confidential and shall not be disclosed to any other Mediation Party.~~

7.    A Mediation Party's disclosure of information to the Mediator shall not, by itself, be deemed a waiver of any privilege, work-product protection, or like protection.

8.    ~~6.~~ For the avoidance of doubt, to the extent any part of this Order conflicts with Local Rule 9019-1 or General Order M-452, the terms and provisions of this Order shall govern.

9.    ~~7.~~ Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014 or otherwise, this Order shall be in full force and effect upon its entry.

~~8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.~~

10.    ~~9.~~ The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.


Dated: _____, 2023      _____
        White Plains, New York              THE HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE

4