UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER APPOINTING MEDIATOR

Upon the motion (the "Motion")[2] dated April 24, 2023, of Genesis Global Holdco, LLC ("Holdco") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, appointing a mediator to assist the parties in resolving certain issues relating to the formulation and confirmation of a plan of reorganization; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is granted solely to the extent provided herein.

2. Upon entry of this Order, Randall J. Newsome (the "Mediator") shall be appointed as mediator for a period of thirty (30) days following entry of this Order with respect to the Mediation Issues between and among the Mediation Parties; *provided, however,* that the scope or duration of the mediation may be amended or extended, as applicable, by further order of the Court or upon agreement of all of the Mediation Parties. Notwithstanding anything contained in the Motion to the contrary, for purposes of this Order, "Mediation Issues" means the contribution to be provided by DCG and its affiliates and other matters related to a potential chapter 11 plan as agreed among the Mediation Parties.

3. Notwithstanding anything contained in this Order, the respective rights, claims, defenses, and privileges of each of the Mediation Parties, including with respect to any extension or forbearance by the Debtors concerning the DCG Loans, are expressly reserved.

4. For the avoidance of doubt, nothing in this Order shall, or is intended to, interfere with any ongoing investigation, prevent any party from requesting documents or other discovery, or prevent any party from seeking judicial determination with respect to any dispute over any such request.

5. As soon as reasonably practicable, the Mediation Parties shall meet and confer with the Mediator to establish procedures and timing of the mediation. In addition, the Mediation

Parties and the Mediator shall use commercially reasonable efforts to hold at least two substantive mediation sessions on or before May 8, 2023.

6. Without limiting the applicability of Local Rule 9019-1 or General Order M-452, all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator, (b) any mediation statements, whether written or oral, and any documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the mediation shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or party participating in the mediation, whether a direct participant or member of a committee or group, including counsel for any Mediation Party or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer or counteroffer that may be made or provided in connection with the mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court; *provided, however,* that, unless otherwise agreed among the Mediation Parties, within three (3) business days of termination of the mediation, the Debtors shall publicly disclose the terms of the last offers extended by each of the Mediation Parties, respectively.

7. A Mediation Party's disclosure of information to the Mediator shall not, by itself, be deemed a waiver of any privilege, work-product protection, or like protection.

8. For the avoidance of doubt, to the extent any part of this Order conflicts with Local Rule 9019-1 or General Order M-452, the terms and provisions of this Order shall govern.

9. Notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014 or otherwise, this Order shall be in full force and effect upon its entry.

10. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: May 1, 2023             */s/ Sean H. Lane*
     White Plains, New York       THE HONORABLE SEAN H. LANE
                                             UNITED STATES BANKRUPTCY JUDGE