**Hearing Date: May 25, 2023 at 2:00 p.m. (EDT)**
**Objection Deadline: May 18, 2023 at 4:00 p.m. (EDT)**

Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Benjamin S. Beller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Fax:  (212) 558-3588

*Counsel for FTX Trading Ltd. and Affiliated Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC., *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No: 23-10063 (SHL)<br><br>Jointly Administered |

## NOTICE OF MOTION OF FTX TRADING LTD. AND ITS AFFILIATED DEBTORS FOR AN ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362(d)(1) AND BANKRUPTCY RULE 4001

        **PLEASE TAKE NOTICE** that on the date hereof, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "FTX Debtors") filed the *Motion of FTX Trading Ltd. and Its Affiliated Debtors for An Order Modifying the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) and Bankruptcy Rule 4001* (the "Motion").

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that the undersigned counsel will present the Motion to the Honorable Sean H. Lane, United States Bankruptcy Court for the Southern District of New York (the "Court") at a hearing to be held virtually on Zoom on **May 25, 2023, at 2:00 p.m. (Eastern Time)** (the "Hearing").  Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at  https://www.nysb.uscourts.gov/ecourt-appearances no later than 4:00 p.m. (Eastern Time), one business day prior to the Hearing.  Outlook invitations for the Hearing will be sent shortly thereafter.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") shall:  (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44]; (c) be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to Chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by **May 18, 2023 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline"), by (i) the FTX Debtors; (ii) entities on the Master Service List available on the case website of the above-captioned debtors and debtors-in-possession and (iii) any other person or entity with a particularized interest in the subject matter of this Motion.

**PLEASE TAKE FURTHER NOTICE** that only those objections that are timely filed, served and received will be considered at the Hearing. Failure to file a timely objection may result in the entry of an order granting the relief requested in the Motion without further notice. Failure to attend the Hearing may result in relief being granted or denied upon default. In the event that no objection to the Motion is timely filed and served, the relief requested in the Motion may be granted without a hearing before the Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained from the Court's website, https://nysb.uscourts.gov, in accordance with the procedures and fees set forth therein, or obtained free of charge by visiting the website of Kroll Restructuring Administration, https://restructuring.ra.kroll.com/genesis.

Dated:  May 3, 2023  
       New York, New York

*/s/ Andrew G. Dietderich*  
Andrew G. Dietderich  
James L. Bromley  
Brian D. Glueckstein  
Benjamin S. Beller  
SULLIVAN & CROMWELL LLP  
125 Broad Street  
New York, New York 10004  
Telephone:    (212) 558-4000  
Facsimile:    (212) 558-3588  
Email:    dietdericha@sullcrom.com  
          bromleyj@sullcrom.com  
          gluecksteinb@sullcrom.com  
          bellerb@sullcrom.com

*Counsel for FTX Trading Ltd. and Affiliated Debtors*

Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Benjamin S. Beller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Fax: (212) 558-3588

*Counsel for FTX Trading Ltd. and Affiliated Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

Genesis Global Holdco, LLC., *et al.*,[1]

                              Debtors.

Chapter 11

Case No: 23-10063 (SHL)

Jointly Administered

**MOTION OF FTX TRADING LTD. AND ITS AFFILIATED DEBTORS**
**FOR AN ORDER MODIFYING THE AUTOMATIC STAY PURSUANT TO**
**11 U.S.C. 362(d)(1) AND BANKRUPTCY RULE 4001**

On November 11 and November 14, 2022 (as applicable, the "FTX Petition Date"),[2] FTX Trading Ltd. and over 100 of its affiliates (the "FTX Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]   November 11, 2022 is the Petition Date for all FTX Debtors, except for FTX Debtor West Realm Shires Inc.

the District of Delaware (the "Delaware Bankruptcy Court" and such cases, the "FTX Chapter 11 Cases").[3] The FTX Debtors respectfully submit this motion (the "Motion") for entry of an order, substantially in the form of the Proposed Order attached as Exhibit A, modifying the automatic stay for the limited purpose of permitting the FTX Debtors to commence one or more adversary proceedings against Genesis Global Capital, LLC ("GGC") and its affiliated debtors and debtors-in-possession (collectively, the "Genesis Debtors," and together with their non-debtor affiliates, "Genesis") in the FTX Chapter 11 Cases in the Delaware Bankruptcy Court to adjudicate and liquidate their preference and other avoidance and related claims against the Genesis Debtors (the "Avoidance Actions," and the causes of action asserted therein, the "Avoidance Claims"), including claims pursuant to sections 547, 548 and 550 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

The FTX Debtors intend to assert the Avoidance Claims as a defense to the allowance of any claim by Genesis in the FTX Chapter 11 Cases under section 502(d) of the Bankruptcy Code, to pursue Avoidance Claims against a non-debtor affiliate of Genesis in the FTX Chapter 11 Cases, and to file one or more claims relating to the liquidated Avoidance Claims in this Court in respect of the Genesis Debtors. In support of this Motion, the FTX Debtors respectfully state as follows:

### Preliminary Statement

1.    Genesis was one of the main feeder funds for FTX and instrumental to its fraudulent business model. At one point in 2021, GGC had over *$8 billion* of outstanding loans to FTX Debtor Alameda Research Ltd. ("Alameda"). Unlike other FTX creditors and customers, Genesis was largely repaid. The FTX Debtors' Avoidance Claims against Genesis relating to

---

[3]    *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del. Nov. 11, 2022) ("*In re FTX Trading*").

certain of those repayments represent significant avoidance actions in the FTX Chapter 11 Cases. Based on currently available information, Genesis Debtors received avoidable transfers from the FTX Debtors in the 90-day period prior to the FTX Petition Date (the "Preference Period") involving, among other things, (i) the repayment of loans to GGC by Alameda in the aggregate amount of approximately $1.8 billion; (ii) the pledge of collateral by Alameda to GGC in the aggregate amount of approximately $273 million; and (iii) the withdrawal of assets by GGC from the FTX.com exchange in the aggregate amount of approximately $1.6 billion.[4]  In addition, the FTX Debtors believe, based on current information, that they hold avoidance claims against a *non-debtor* affiliate of GGC, GGC International Limited ("GGC International"), arising from GGC International's asset withdrawals from the FTX.com exchange in the Preference Period in the estimated amount of approximately $213 million.

2.      The Avoidance Actions will seek to claw back funds received by Genesis and non-debtor affiliates so that these funds can be shared with all other creditors of the FTX Debtors in the FTX Chapter 11 Cases.  These creditors include several million customers owed over $11 billion as of the time of filing of FTX Chapter 11 Cases.

3.      Given the nature of the FTX Chapter 11 Cases, the FTX Debtors may adjudicate hundreds, if not thousands, of preference claims and other avoidance actions in the Delaware Bankruptcy Court, each of which will be a core proceeding, raise issues that affect all stakeholders of the FTX Debtors, involve common questions of fact and law, and benefit from the consistent application of law as interpreted in the District of Delaware.  The Avoidance

---

[4]      The FTX Chapter 11 Cases raise novel issues of unusual complexity, and thus the quantum of all potential Avoidance Claims are subject to continuing analysis.  The FTX Debtors continue to investigate all potential claims against the Genesis Debtors and non-debtor affiliates, including claims arising from funds lent to the Genesis Debtors by the FTX Debtors prior to the Genesis Petition Date, and reserve all rights with respect to all claims, defenses, setoffs and other causes of action against Genesis.

Actions are no different.  Cause therefore exists to lift the automatic stay to allow the Avoidance

Actions against the Genesis Debtors to be filed and adjudicated in the FTX Chapter 11 Cases.

4.      Recognizing that resolution of the Avoidance Claims is important to both

the FTX Debtors and the Genesis Debtors, the FTX Debtors request only limited relief—limited

to permitting the filing and adjudication of the Avoidance Claims against the Genesis Debtors in

Delaware.   To the extent the FTX Debtors seek to *enforce* a judgment arising from the

Avoidance Claims against the Genesis Debtors (other than as a defense to a claim in the FTX

Chapter 11 Cases), the FTX Debtors intend to file a claim in this Court against the Genesis

Debtors and prosecute that claim in the Genesis bankruptcy cases.  The limited relief requested at

this time balances the parties' interests by preserving all rights and arguments (including with

respect to venue) on  issues concerning allowance, plan treatment, or distributions in the event

that the FTX Debtors prevail.

5.      Notably, there is already a preference action pending before the Delaware

Bankruptcy Court against another debtor in Chapter 11 proceedings in the United States

Bankruptcy Court for the Southern District of New York, Voyager Digital, LLC ("Voyager

Digital"), which is being handled in this manner.[5]  Claims against the Genesis Debtors should be

similarly adjudicated.

6.      Relief from the automatic stay with respect to the Avoidance Actions is

particularly warranted here because the FTX Debtors will be asserting preference claims in the

Delaware Bankruptcy Court against at least one *non-debtor* affiliate, GGC International, which

---

[5]     *See Alameda Research Ltd., et al.* v. *Voyager Digital, LLC, et al.* (*In re FTX Trading Ltd.*), Adv. Pro
No. 23-50084 (JTD) (the "FTX/Voyager Adversary").  Pursuant to a stipulation between the FTX Debtors and
Voyager Digital and its debtor-affiliates approved by the Delaware Bankruptcy Court and the bankruptcy court
overseeing the Voyager Digital Chapter 11 cases, the parties agreed that the FTX Debtors' preference action
against Voyager Digital will be adjudicated in the FTX Chapter 11 Cases in the Delaware Bankruptcy Court.
*See In re FTX Trading*, *Joint Stipulation and Agreed Order Between the Voyager Debtors, the FTX Debtors,
and Their Respective Official Committees of Unsecured Creditors*, ¶ 8, Docket No. 769-1.

does not benefit from the automatic stay provided to the Genesis Debtors by section 362(a) of the Bankruptcy Code.  Therefore, the Delaware Bankruptcy Court will need to consider the business relationships and transactions among Genesis and the FTX Debtors, and may even need to analyze some of the same transactions at issue in the Avoidance Actions against the Genesis Debtors.  As a result, it would be far more efficient for the Avoidance Actions against the Genesis Debtors to be asserted in the same action as against the Genesis non-debtor entity, GGC International.  Accordingly, the Motion should be granted.

### Factual Background

7.      On November 11 and November 14, 2022, as applicable, the FTX Debtors commenced the FTX Chapter 11 Cases.  The FTX Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      Before the FTX Petition Date, the FTX Debtors operated a collection of cryptocurrency exchanges, trading platforms and investment funds, including one of the world's largest cryptocurrency exchanges in FTX.com, as well Alameda, one of the world's largest cryptocurrency investment funds.

9.      Through those business lines, the FTX Debtors and Genesis maintained a number of relationships, with GGC acting as an active feeder fund for Alameda.  The business model of GGC was to gather cryptocurrency from various lenders, pass those loans through to Alameda and other borrowers, and receive a profit in the form of a net interest margin.  *See* Docket No. 17, *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* ¶¶ 17-19.  As part of their business arrangements with the FTX Debtors, GGC and GGC International maintained customer accounts on the FTX.com

-5-

platform (the "Customer Accounts"), and GGC provided billions of dollars' worth of cryptocurrency loans to Alameda. The loans were made pursuant to (i) a master loan agreement entered into between Alameda Research LLC (subsequently assigned to Alameda) and GGC on February 6, 2019; (ii) a master loan agreement entered into between Alameda and GGC on December 22, 2020; and (iii) a master digital currency loan agreement entered into between Alameda and GGC on December 22, 2020 (collectively, the "Master Loan Agreements"). At one point in 2021, GGC had over $8 billion of outstanding loans to Alameda under the Master Loan Agreements.

10.     In early 2022, the cryptocurrency markets began experiencing well-publicized turmoil. As market volatility continued through the summer of 2022, GGC began demanding repayment of certain outstanding loans from Alameda. As a result of such repayments, during the Preference Period, Alameda transferred approximately $1.8 billion in fiat and cryptocurrency assets to GGC (the "Repayments") and transferred new collateral to GGC in the aggregate amount of approximately $273 million (the "Collateral Transfers"). In addition, Genesis made a series of withdrawals from its Customer Accounts in the Preference Period, with GGC withdrawing approximately $1.6 billion in assets from FTX.com and GGC International withdrawing approximately $213 million in assets from FTX.com (collectively, the "Withdrawals," and together with the Repayments and Collateral Transfers, the "Transfers").

11.     On January 19, 2023 (the "Genesis Petition Date"), the Genesis Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in this Court (the "Genesis Chapter 11 Cases").

**Jurisdiction and Venue**

12.     The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue for this Motion is proper in this district pursuant to 28 U.S.C. § 1409.  This Motion presents a core proceeding under 28 U.S.C. § 157(b).

13.     The statutory predicates for the relief sought herein include section 362(d)(1) of the Bankruptcy Code, rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Relief Requested**

14.     By this Motion, the FTX Debtors request entry of an order granting relief from the automatic stay to permit the commencement and adjudication of the Avoidance Actions in the Delaware Bankruptcy Court.

15.     Under section 362(d)(1) of the Bankruptcy Code, at the request of a party in interest, a court can modify the automatic stay "for cause."  11 U.S.C. § 362(d)(1).  Section 362(d)(1) is applicable to the stay of a judicial proceeding against the debtor.  *In re Sonnax Industries, Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990) ("*Sonnax*").  The movant must make an initial showing of cause, and then the burden of proof shifts to the debtor to disprove that cause exists.  11 U.S.C. § 362(g); *see also Sonnax*, 907 F.2d at 1285.  Ultimately, whether to lift the stay is left to the discretion of the Court.  *See Sonnax*, 907 F.2d at 1286.  "Allowing a matter to proceed in another forum may constitute cause."  *In re Xenon Anesthesia of Texas, PLLC*, 510 B.R. 106, 112 (S.D. Tex. 2014).

16.     In determining whether to modify or lift an automatic stay to allow litigation against a debtor to proceed in another forum, courts in this Circuit typically consider

the twelve factors set out by the Second Circuit in *Sonnax*, 907 F.2d 1280 (2d Cir. 1990). Those

factors are:

> (1) whether relief would result in a partial or complete
> resolution of the issues; (2) lack of any connection with or
> interference with the bankruptcy case; (3) whether the other
> proceeding involves the debtor as a fiduciary; (4) whether a
> specialized tribunal with the necessary expertise has been
> established to hear the cause of action; (5) whether the
> debtor's insurer has assumed full responsibility for
> defending it; (6) whether the action primarily involves third
> parties; (7) whether litigation in another forum would
> prejudice the interests of other creditors; (8) whether the
> judgment claim arising from the other action is subject to
> equitable subordination; (9) whether movant's success in
> the other proceeding would result in a judicial lien
> avoidable by the debtor; (10) the interests of judicial
> economy and the expeditious and economical resolution of
> litigation; (11) whether the parties are ready for trial in the
> other proceeding; and (12) impact of the stay on the parties
> and the balance of harms.

*Sonnax*, 907 F.2d at 1286. "Not all of the factors are relevant in every case and the court need

not assign equal weight to each factor." *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413

(Bankr. S.D.N.Y. 2001) (internal citations omitted).

        17.    Another bankruptcy court in this Circuit has previously granted stay relief

(and was affirmed on appeal) in a case with substantially similar facts as here, modifying the

automatic stay in order to allow a debtor in a separate bankruptcy case to prosecute a preference

adversary proceeding case *in its own case* against the debtor protected by the stay. *In re Shared

Techs. Cellular, Inc.*, 293 B.R. 89 (D. Conn. 2003) (finding bankruptcy court's modification of

automatic stay to permit debtor in separate bankruptcy to prosecute preference claims in its own

bankruptcy case an appropriate exercise of the court's broad powers under section 362). In that

case, the Connecticut District Court agreed that absent stay relief, the plaintiff debtor "would not

have been able to determine the amount of the preference claim in the Delaware [Bankruptcy

Court] in the first place." *Id.* at 94.  The District Court affirmed, noting that the "statutory language clearly grants bankruptcy courts authority to modify or condition the automatic stay, thereby empowering them to shape relief mindful of the particular circumstances of each case." *Id.* at 93.

18.     The reasoning of the courts in *In re Shared Technologies* applies here, and the present circumstances support modifying the automatic stay with respect to the Avoidance Actions after considering the applicable *Sonnax* factors.

19.     *First*, litigation of the Avoidance Actions in the FTX Chapter 11 Cases serves the interests of judicial economy and the expeditious and economical resolution of the disputes (Factor 10).  The Avoidance Claims are most appropriately and efficiently litigated in the Delaware Bankruptcy Court, where core legal and factual issues likely to be raised in connection with these Avoidance Claims will be at issue in other avoidance action litigation brought by the FTX Debtors and integral to the FTX Debtors' plan of reorganization process.  In addition, the FTX Debtors will be litigating their preference claims against the Genesis Debtors' affiliated non-debtor, GGC International.

20.     Permitting the FTX Debtors to litigate the Avoidance Claims in the Delaware Bankruptcy Court is necessary and appropriate to avoid potentially inconsistent rulings from multiple courts on common issues relating to core matters impacting the FTX Debtors and the relationship between the FTX Debtors and the Genesis Debtors.  Modifying the stay as requested will serve the interests of judicial economy and fairness for all interested parties.  *In re Project Orange Assocs., LLC*, 432 B.R. 89, 108–09 (Bankr. S.D.N.Y. 2010) (finding that Factor 10 weighed strongly in favor of lifting the stay and allowing litigation to proceed in a different court because the agreements at issue were "complicated, long-term arrangements" with which

the other court was "quite familiar"). "[T]he interests of judicial economy and expeditious resolution of the litigation normally are amongst the most important factors in any *Sonnax* analysis," and this case is no exception. *In re Lyondell Chem. Co.*, 402 B.R. 596, 609–10 (Bankr. S.D.N.Y. 2009).

21.    For example, the FTX Debtors intend to assert that withdrawals by the Genesis Debtors and non-debtor affiliate from FTX.com accounts constitute avoidable preferences. Resolution of questions relating to those claims will depend, in part, on the determination of central issues relating to and arising in the FTX Chapter 11 Cases, including, issues concerning the valuation of collateral and the proprietary FTT token as well as payment practices on retail international cryptocurrency exchanges. In particular, those valuation questions will be at issue not only with respect the Avoidance Claims, but in other avoidance actions and in the plan formation and confirmation process. Those types of determinations should be made by the Delaware Bankruptcy Court, not by different courts in multiple jurisdictions. Notably, the Delaware Bankruptcy Court already has a case pending before it involving another Chapter 11 debtor in this district—the FTX Debtors' preference action against Voyager Digital—in which many of the same or similar legal and factual issues are likely to arise.[6]

22.    In addition, the FTX Debtors anticipate commencing a preference action against GGC International in the Delaware Bankruptcy Court, which will involve not only the same generally common questions of fact and law with respect to the FTX Debtors, but will specifically require findings with respect to the relationship between Genesis entities and the FTX Debtors prior to the FTX Petition Date. Those claims may also require analysis of the same

---

[6]    First Amended Complaint to Avoid and Recovery Preferential Transfers, FTX/Voyager Adversary, Docket No. 8.

transactions at issue in the Avoidance Actions. To require a separate proceeding in this Court with respect to the FTX Debtors' avoidance claims against the Genesis Debtors while their non-debtor affiliate is litigating substantially identical issues in the Delaware Bankruptcy Court would create the potential for inconsistent outcomes for similarly (if not identically) situated defendants, and would antagonize, rather than promote, judicial efficiency.

23.    Furthermore, the Genesis Debtors may seek to assert claims against the FTX Debtors in the FTX Chapter 11 Cases. If so, the FTX Debtors would have arguments with respect to the disallowance of such claims under section 502(d) of the Bankruptcy Code, and many of the issues presented by the Avoidance Actions, including whether the Genesis Debtors are in receipt of an avoidable preference under section 547 of the Bankruptcy Code, may have to be determined in the FTX Chapter 11 Cases in any event. *See In re Rochester Drug Coop., Inc.*, 620 B.R. 699, 705 (Bankr. W.D.N.Y. 2020) ("Judicial economy is served by allowing Echo to resolve its setoff claim for returned goods credit . . . in a single proceeding.").

24.    As Judge Wiles cautioned in the Voyager Digital Chapter 11 cases, in connection with debtor Celsius Network LLC's motion for leave to file a late proof of claim and lift the automatic stay to commence a preference action against Voyager Digital, there is "no way" that a foreign bankruptcy court should be making fundamental determinations about a debtor's case. *See In re Voyager Digital Holdings, Inc.,* No. 22-10943, Docket No. 921, Transcript of Hearing Held on 1/24/2023, 103–04 (MEW) (Bankr. S.D.N.Y. Jan. 24, 2023) ("[T]o the extent that the Debtors have implied that they wish to make arguments about the withhold accounts and whether they were or were not property and whether prior transfers to the withhold accounts should be treated as preferences, those are issues Judge Glenn is going to be deciding as to many customers, and if . . . those are going to be issues, or were to be issues in

opposition to a claim . . . then there is no way I would entertain a separate litigation of those issues in my Court.").[7]  That is precisely what would happen if any court other than the Delaware Bankruptcy Court made determinations with respect to core matters arising in the FTX Chapter 11 Cases impacting plan terms and distribution issues such as valuation of collateral and the FTT proprietary token.

25.     In addition, many of the legal issues to be adjudicated are questions of Third Circuit law given the FTX Debtors' cases in the District of Delaware and the nature of the claims arising under the Bankruptcy Code.  Instead of this Court applying Third Circuit law, it is more efficient to defer to the Delaware Bankruptcy Court, which is expert in the law of the Third Circuit, to determine the issues in the first instance, and subsequently permit the Third Circuit to review its determinations.  Permitting the Avoidance Claims to be brought and adjudicated in the FTX Chapter 11 Cases therefore protects all interested parties from inconsistent judicial determinations relating to common issues of fact and law and fundamentally serves the interests of judicial economy at the heart of Factor 10.

26.     *Second*, the stay significantly prejudices the FTX Debtors and their creditors, who are the economic stakeholders in the Avoidance Claims but are not parties to proceedings before this Court, by preventing the filing and adjudication of the Avoidance Actions against the Genesis Debtors in their own Chapter 11 proceedings—particularly where, as here, the Avoidance Claims are creations of the Bankruptcy Code and inure for the benefit of the FTX Debtors and their creditors by nature of their status as debtors-in-possession.

27.     A preference action, while brought by the debtor, is at root an intercreditor issue, through which the debtor seeks a return of the preferential payments for the purpose of

---

[7]    There, Judge Wiles denied Celsius' motion to file a late-filed claim before reaching request for relief from the automatic stay.

ensuring fair relative treatment of all creditors. *In re Sierra Concrete Design, Inc.*, 463 B.R. 302, 307 (Bankr. D. Del. 2012) ("[T]he underlying purpose of the preference law [is] . . . to level the pre-bankruptcy playing field for all creditors."). Moreover, the resolution of any common issues of fact or law arising in any one preference action brought by the FTX Debtors will affect all other similar preference claims. The FTX Debtors' creditors have a particularized interest in the adjudication of any preference claims in the Delaware Bankruptcy Court, where they are parties in interest and have a fundamental right to be heard.

28.    Conversely, the Genesis Debtors would not be harmed by litigating the Avoidance Claims in the FTX Chapter 11 Cases. The Genesis Debtors likely benefit from the adjudication of the Avoidance Actions in the Delaware Bankruptcy Court because of the Delaware Bankruptcy Court's familiarity with the complex web of facts surrounding the collapse of the FTX Debtors, the issues involving how to value the native FTT token that will be prevalent in many aspects of the FTX Chapter 11 Cases, and other related matters raised by the Avoidance Claims. The consolidation of the preference claims before one court will save all parties significant litigation costs. Accordingly, the balance of harms (Factor 12) weighs in favor of modifying the stay.

29.    *Third*, litigating the Avoidance Actions in the FTX Chapter 11 Cases will not prejudice the Genesis Debtors or their creditors. The Avoidance Claims are unique to the FTX Debtors, in which the Genesis Debtors' creditors do not have a direct interest (Factor 7). As a result, the Genesis Debtors' estates and their creditors are not prejudiced by the relief requested. *See In re Rochester*, 620 B.R. at 705 (finding that Factor 7 weighed in favor of granting stay relief for party to assert a counterclaim for setoff against the debtor because the alleged setoff claim was "not a claim available to all unsecured creditors").

30.    *Fourth*, litigation of the Avoidance Actions in the FTX Chapter 11 Cases will not interfere with the Genesis Chapter 11 Cases (Factor 2).  The Genesis Debtors are free to proceed with all aspects of their Chapter 11 Cases in this Court while the Avoidance Claims are litigated in the Delaware Bankruptcy Court.

31.    *Finally*, none of the other *Sonnax* factors weighs against modifying the stay as requested.  Accordingly, the overall weight of the *Sonnax* factors heavily favors granting the requested relief.  *In re New York Med. Grp., P.C.*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001) ("Not all of the factors are relevant in every case and the court need not assign equal weight to each factor.") (internal citations omitted); *In re Burger Boys, Inc.*, 183 B.R. 682, 688 (S.D.N.Y. 1994) ("*Sonnax* does not require consideration of each of the factors").

## Notice

32.    Notice of this Motion has been given to (a) the Genesis Debtors; (b) the U.S. Trustee; and (c) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the FTX Debtors submit that no other or further notice is required.

## No Prior Request

33.    No prior request for the relief requested herein has been made to this Court or any other court.

## Conclusion

34.    For the foregoing reasons, the FTX Debtors respectfully request relief from the stay for the limited purpose of permitting the FTX Debtors to file a complaint and liquidate the Avoidance Claims in the FTX Chapter 11 Cases.  Additionally, because the *Sonnax* factors also provide sufficient grounds to waive the requirements of Bankruptcy Rule 4001(a)(3),

-14-

the FTX Debtors respectfully request that the order modifying the stay be made effective upon

issuance so that the FTX Debtors can proceed with their action without delay.

Dated:  May 3, 2023                          */s/ Andrew G. Dietderich*
        New York, New York           Andrew G. Dietderich
                                       James L. Bromley
                                       Brian D. Glueckstein
                                       Benjamin S. Beller
                                       SULLIVAN & CROMWELL LLP
                                       125 Broad Street
                                       New York, New York 10004
                                       Telephone:    (212) 558-4000
                                       Facsimile:    (212) 558-3588
                                       Email:        dietdericha@sullcrom.com
                                                        bromleyj@sullcrom.com
                                                       glueicksteinb@sullcrom.com
                                                        bellerb@sullcrom.com

                                     *Counsel for FTX Trading Ltd and Affiliated
                                     Debtors*

**Exhibit A**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC., *et al.*,[1]<br><br><div align="center">Debtors.</div> | Chapter 11<br><br>Case No: 23-10063 (SHL)<br><br>Jointly Administered |

<div align="center">

**ORDER GRANTING MOTION OF FTX TRADING LTD. AND ITS AFFILIATED
DEBTORS FOR AN ORDER MODIFYING THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. 362(d)(1) AND BANKRUPTCY RULE 4001**

</div>

Upon the motion (the "Motion") of the FTX Debtors for entry of an order (this

"Order") granting relief from the automatic stay to commence an adversary proceeding to file

and adjudicate their Avoidance Claims in the Delaware Bankruptcy Court; and, after due

deliberation, the Court having concluded that the FTX Debtors have established sufficient cause

for the relief granted herein; and no additional notice being required, now, therefore, it is hereby

ORDERED that:

1.    The Motion is GRANTED as set forth herein.

2.    The FTX Debtors are hereby granted relief from the automatic stay under

section 362(d) of the Bankruptcy Code to commence and adjudicate the Avoidance Actions

against the Genesis Debtors in the FTX Chapter 11 Cases.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis
Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is
250 Park Avenue South, 5th Floor, New York, NY 10003.

3.      The rights of the Genesis Debtors and the FTX Debtors with respect to allowance and distribution of any claims of the FTX Debtors in the Genesis Debtors' Chapter 11 cases are expressly reserved.

4.      This Order is without prejudice to any and all other rights of the FTX Debtors with respect to the Transfers and the Avoidance Actions, all of which are hereby reserved.

5.      The relief granted in this Order shall be effective immediately and shall not be subject to the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3).

6.      This Court retains jurisdiction with respect to all matters arising from or relating to the implementation of this order.

Dated: _____
        New York, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE