**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | Jointly Administered |

<u>**AFFIDAVIT OF COMPLIANCE**</u>

| | | |
|---|---|---|
| STATE OF CALIFORNIA | ) | |
| | : | ss: |
| COUNTY OF LOS ANGELES | ) | |

Natalie Rix, being duly sworn, deposes and says:

1.      I am the Head of Communications of Gemini Trust Company, LLC ("Gemini").  I submit this affidavit to confirm Gemini's compliance with certain provisions of the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (the "Bar Date Order") (ECF No. 200). [2]

2.      On April 11, 2023, employees of Gemini caused the Gemini Bar Date Notice to be served by email to each Gemini Lender (the "Gemini Bar Date Notice Email").  A true and correct copy of the Gemini Bar Date Notice Email is attached hereto as <u>Exhibit A</u>.  The Gemini Bar Date Notice Email contained a hyperlink to the Gemini Bar Date Notice, which was

---

1.    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

2.    Capitalized terms used but not defined herein have the meanings given to them in the Bar Date Order.

accessible on the date of service and remains accessible as of the date hereof.  A true and correct copy of the hyperlinked Gemini Bar Date Notice is attached hereto as Exhibit B.

      3.     On April 11, 2023, Gemini posted the Gemini Bar Date Notice to the Gemini Earn update page located at www.gemini.com/update (the "Gemini Earn Update").  As of this date, the Gemini Earn Update remains accessible on this page.  A true and correct copy of a screenshot image of the Gemini Earn Update is attached hereto as Exhibit C.  The Gemini Earn Update contained a hyperlink to the Gemini Bar Date Notice, the same Notice as provided herein as Exhibit B, which was accessible on the date of service and remains accessible as of the date hereof.

 

_____

Name: Natalie Rix
Title: Head of Communications

Sworn before me this
28th day of April, 2023.

_____
Notary Public

My commission expires 03/28/2025

See attached CA Notary Certificate
Signed: _____
Dated: 04/27/2023

**<u>EXHIBIT A</u>**

**Gemini Bar Date Notice Email**



Hi there,

We are reaching out with an important update regarding the Genesis bankruptcy proceedings and the ongoing efforts to find a resolution for Earn users to recover their assets.

On April 4, 2023, the United States Bankruptcy Court for the Southern District of New York entered a Bar Date Order in the Genesis bankruptcy proceeding. The Bar Date Order is a standard step in a bankruptcy proceeding which establishes a deadline for filing proofs of claims. The deadline established is **May 22, 2023, at 4pm ET**.

The Bar Date Order authorizes and directs Gemini to (i) serve the Gemini Bar Date Notice on all Earn users via email and by posting it on the Gemini Earn Update page and (ii) file a master proof of claim (Master Claim) on behalf of all Earn users with respect to all loans made by Earn users to Genesis Global Capital, LLC and not repaid as of **January 19, 2023**. By filing the Master Claim, Gemini is preserving your eligibility to recover through the Genesis bankruptcy proceeding.

The Gemini Bar Date Notice can be found [here](). We recommend reading the Gemini Bar Date Notice in its entirety as it provides important information about your Earn claim.

You can view the amount to be included on your behalf in the Master Claim by logging in to your Gemini account through the Gemini website or the Gemini mobile app and clicking on "pending balance."

**No action is required on your part**. However, if you intend to assert a claim for amounts greater than the amounts shown in your pending balance, the Gemini Bar Date Notice provides important information for doing so. Returning your assets is our highest priority and we truly appreciate your patience and support while we work through the next stage of this process. All Earn updates can be found at [www.gemini.com/earn](http://www.gemini.com/earn).

The Gemini Team

## EXHIBIT B

**Gemini Bar Date Notice**

**NOTICE REGARDING CLAIM TO BE ASSERTED BY GEMINI TRUST COMPANY, LLC, ACTING IN
CAPACITY AS AGENT, ON YOUR BEHALF AGAINST GENESIS GLOBAL CAPITAL, LLC**

April 10, 2023

Re:    In re Genesis Global Holdco, LLC, *et al.*, Case No. 23-10063 (SHL) (Bankr.
S.D.N.Y.)

Dear Gemini Earn User:

On January 19, 2023 (the "Petition Date"), Genesis Global Capital, LLC ("GGC") and
certain of its affiliates listed below (collectively, the "Debtors") commenced the following cases
under chapter 11 of the United States Bankruptcy Code (the "Chapter 11 Cases") in the United
States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"):

| Debtor | Case Number | Last Four Digits of Each Debtor's Tax Identification Number (as applicable) | Date of Commencement of Chapter 11 Case |
|---|---|---|---|
| Genesis Global Holdco, LLC | 23-10063 | 8219 | January 19, 2023 |
| Genesis Global Capital, LLC | 23-10064 | 8564 | January 19, 2023 |
| Genesis Asia Pacific Pte. Ltd. | 23-10065 | 2164R | January 19, 2023 |

GGC engaged in borrowing activities with certain Gemini Trust Company, LLC
("Gemini") users that elected to provide loans to GGC (the "Gemini Earn Program"). Through
the Gemini Earn Program, a subset of Gemini's users (each a "Gemini Lender") agreed to lend
certain of their digital assets at Gemini to GGC (the "Gemini Borrowings") in exchange for the
return of such digital assets upon request or at the expiration of a specified period and the
payment by GGC of a fixed loan fee. Under the terms of the relevant master loan agreements
("Gemini MLA") between GGC, Gemini, and each Gemini Lender, the Gemini Lenders
appointed Gemini to act as agent in connection with the Gemini Borrowings.

On April 4, 2023, the Bankruptcy Court entered an Order (ECF No. 200) (the "Bar Date
Order") in the Chapter 11 Cases establishing the following bar dates for filing proofs of claim in
the Chapter 11 Cases:

(a)    **General Bar Date**: Pursuant to the Bar Date Order and except as
otherwise described in this Notice, all entities that hold a claim against
any of the Debtors that arose prior to the Petition Date (whether secured,
unsecured priority, or unsecured nonpriority) shall file a proof of claim
as described in this Notice by **May 22, 2023 at 4:00 p.m., Eastern Time**
(the "General Bar Date"). For the avoidance of doubt and without

limitation, the General Bar Date applies to claims asserted against the Debtors pursuant to section 503(b)(9) of the Bankruptcy Code.

(b) **Rejection Bar Date**:  Pursuant to the Bar Date Order, any person or entity that has a Prepetition Claim against any of the Debtors arising out of the rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code that becomes effective after the entry of the Bar Date Order must submit a Proof of Claim on or before the later of (i) the General Bar Date, and (ii) any date the Court may fix in the applicable order authorizing such rejection (the "Rejection Bar Date").

(c) **Amended Schedule Bar Date**:  Pursuant to the Bar Date Order, if any of the Debtors amends or supplements its Schedules, the Debtors shall give notice of such amendment to the holders of any Prepetition Claims affected thereby and such holders must submit a Proof of Claim or amend any previously filed Proof of Claim in respect of such amended scheduled Prepetition Claim or added claim as the later of (a) General Bar Date and (b) thirty-five (35) days after the date that notice of the amendment is served on the affected claimant, which date shall be set forth in such notice of amendment (the "Amended Schedule Bar Date").

(d) **Governmental Bar Date**: Pursuant to the Bar Date Order, all governmental units, as defined in section 101(27) of the Bankruptcy Code, must file Proofs of Claim against the Debtors on account of claims that arose prior to the Petition Date by **July 18, 2023 at 4:00 p.m., Eastern Time** (the "Governmental Bar Date").

The Bar Date Order authorized and directed Gemini, to file a single proof of claim on behalf of each and all Gemini Lenders on account of all claims against the Debtors that arose prior to the Petition Date in connection with the Gemini Borrowings on or before the General Bar Date (the "Gemini Master Claim").  Gemini will file the Gemini Master Claim on or before the General Bar Date against GGC and/or any other Debtor that Gemini determines may have liability to the Gemini Lenders arising from the Gemini Borrowings.

---

 If you are a Gemini Lender, you do <u>not</u> have to file a claim against GGC or any other Debtor in connection with your Gemini Borrowings in the Gemini Earn Program to preserve your right to receive a possible distribution in the Chapter 11 Cases.  To the extent that you have a claim against GGC or any other Debtor that arose prior to January 19, 2023 for amounts greater than your Gemini Borrowings in the Gemini Earn Program or claims other than for the repayment of Gemini Borrowings under the Gemini Earn Program, you must file a separate proof of claim on or before the General Bar Date. If you rely on your individual account page that may be accessed through the Gemini Earn Program's website (https://exchange.gemini.com/signin) and the Gemini mobile app, it is your responsibility to determine that the claim is accurately listed in such website and mobile app as that is the amount that will be listed for your Prepetition Claim in the Gemini Master Claim.

---

Any claim against GGC or any other Debtor that arose prior to the Petition Date for amounts greater than your Gemini Borrowings in the Gemini Earn Program or claims other than for the repayment of Gemini Borrowings under the Gemini Earn Program will **not** be included in the Gemini Master Claim.  To the extent you must file a separate Proof of Claim on account of a claim(s) against GGC or any other Debtor that arose prior to January 19, 2023 for amounts greater than your Gemini Borrowings in the Gemini Earn Program or claims other than for the repayment of Gemini Borrowings under the Gemini Earn Program, you must follow all instructions and requirements on the Bar Date Notice annexed hereto as **Exhibit A** and available on the Debtors' case website (https://restructuring.ra.kroll.com/genesis).

Please contact the Debtors' claims and noticing agent, Kroll Restructuring Administration at (888) 524-2017 or (646) 440-4183 if you have any questions about the Gemini Master Claim or the process for submitting any claims against the Debtors for amounts greater than your Gemini Borrowings in the Gemini Earn Program or claims other than for the repayment of Gemini Borrowings under the Gemini Earn Program.

Sincerely,

Gemini Trust Company, LLC,
Acting in capacity as Agent on behalf of Earn users

**Exhibit A to Gemini Bar Date Notice**
**(General Bar Date Notice)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF DEADLINES FOR SUBMITTING PROOFS OF CLAIM
### ((GENERAL CLAIMS BAR DATE:  MAY 22, 2023 AT 4:00 PM (ET)))

TO ALL PERSONS AND ENTITIES WITH PREPETITION CLAIMS AGAINST ANY OF THE DEBTOR ENTITIES LISTED BELOW IN THE ABOVE-CAPTIONED CHAPTER 11 CASES:

**PLEASE TAKE NOTICE THAT ANY ENTITY THAT FILES A PROOF OF CLAIM IN THESE CHAPTER 11 CASES SHALL BE DEEMED, FOR THE PURPOSES OF THE PROOF OF CLAIM AND POSSIBLY RELATED MATTERS, TO HAVE SUBMITTED TO THE JURISDICTION OF THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK.  ANY ENTITY WHO IS REQUIRED TO TIMELY FILE A PROOF OF CLAIM AS SET FORTH IN THIS NOTICE BUT FAILS TO DO SO WILL BE (A) FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH PREPETITION CLAIM AGAINST ANY OF THE DEBTORS AND (B) FOREVER BARRED FROM VOTING TO ACCEPT OR REJECT ANY PLAN OR PLANS OR PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION CLAIMS.**

On April 4, 2023, the United States Bankruptcy Court for the Southern District of New York entered an order (ECF No. 200) (the "Bar Date Order") in the above-captioned jointly-administered chapter 11 Cases of Genesis Global Holdco, LLC and certain of its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), establishing **May 22, 2023 at**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**4:00 p.m., Eastern Time** (the "General Bar Date") as the last date for each person or entity[2] (including individuals, partnerships, corporations, joint ventures and trusts) to submit a Proof of Claim against any of the Debtors listed below:

| Debtor | Case Number | Last Four Digits of Each Debtor's Tax Identification Number (as applicable) | Date of Commencement of Chapter 11 Case |
|---|---|---|---|
| Genesis Global Holdco, LLC | 23-10063 | 8219 | January 19, 2023 |
| Genesis Global Capital, LLC | 23-10064 | 8564 | January 19, 2023 |
| Genesis Asia Pacific Pte. Ltd. | 23-10065 | 2164R | January 19, 2023 |

The General Bar Date, the other deadlines established by the Bar Date Order and the procedures set forth below for submitting Proofs of Claim (as defined below) apply to all claims against the Debtors that arose prior to **January 19, 2023**, the date on which each Debtor commenced a case (as applicable to each Debtor, the "Petition Date") under the Bankruptcy Code, including parties asserting 503(b)(9) Claims (defined below), except for those holders of claims listed in Section 4 below that are specifically excluded from the General Bar Date submission requirements established by the Bar Date Order. Governmental units[3] have until **July 18, 2023 at 4:00 p.m., Eastern Time** (the date that is the first business day following 180 days after the Petition Date) (the "Governmental Bar Date") to submit Proofs of Claim.

1.    **WHO MUST SUBMIT A PROOF OF CLAIM**

You MUST submit a Claim Form (defined below) and any required supporting documentation indicated thereon (together, a "Proof of Claim") to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose prior to the Petition Date (any such claim, a "Prepetition Claim"), and it is not one of the types of claim described in Section 3 below. Prepetition Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be submitted on or prior to the General Bar Date (or, if applicable, one of the other deadlines described below), even if such claims are not fixed, liquidated or certain as of the applicable deadline or did not mature or become fixed, liquidated or certain before the Petition Date.

The Bar Date Order establishes the following bar dates for filing Proofs of Claim in these chapter 11 cases (collectively, the "Bar Dates"):

(a)    **General Bar Date:** Pursuant to the Bar Date Order and except as otherwise described in this Notice, all entities that hold a claim against any of the Debtors that arose prior to the Petition Date (whether secured,

---

[2]    As used herein, the term "person" has the meaning given to it in section 101(41) of title 11 of the United States Code (the "Bankruptcy Code"), and the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code.

[3]    As used herein, the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code.

2

unsecured priority, or unsecured nonpriority) shall file a Proof of Claim as described in this Notice by **May 22, 2023 at 4:00 p.m., Eastern Time**. For the avoidance of doubt and without limitation, the General Bar Date applies to claims asserted against the Debtors pursuant to section 503(b)(9) of the Bankruptcy Code (a "503(b)(9) Claim").

(b)    **Rejection Bar Date**:  Pursuant to the Bar Date Order, any person or entity that has a Prepetition Claim against any of the Debtors arising out of the rejection of executory contracts and unexpired leases pursuant to section 365 of the Bankruptcy Code that becomes effective after the entry of the Bar Date Order must submit a Proof of Claim on or before the later of (i) the General Bar Date, and (ii) any date the Court may fix in the applicable order authorizing such rejection (the "Rejection Bar Date").

(c)    **Amended Schedule Bar Date**:  Pursuant to the Bar Date Order, if any of the Debtors amends or supplements its Schedules, the Debtors shall give notice of such amendment to the holders of any Prepetition Claims affected thereby and such holders must submit a Proof of Claim or amend any previously filed Proof of Claim in respect of such amended scheduled Prepetition Claim or added claim as the later of (a) General Bar Date and (b) thirty-five (35) days after the date that notice of the amendment is served on the affected claimant, which date shall be set forth in such notice of amendment (the "Amended Schedule Bar Date").

(d)    **Governmental Bar Date**: Pursuant to the Bar Date Order, all governmental units, as defined in section 101(27) of the Bankruptcy Code, must file Proofs of Claim against the Debtors on account of claims that arose prior to the Petition Date by **July 18, 2023 at 4:00 p.m., Eastern Time** (the "Governmental Bar Date").

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Your filed Proof of Claim must conform substantially to Official Form No. 410; a case-specific Proof of Claim form accompanies this Notice.  The Debtors are enclosing a Proof of Claim form for use in these cases (the "Claim Form"); if your claim is scheduled by the Debtors, the form also sets forth the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled and whether the claim is scheduled as disputed, contingent or unliquidated.   You will receive a different Claim Form for each claim scheduled in your name by the Debtors.  You may utilize the Claim Form(s) provided by the Debtors to file

your claim.  Additional Claim Forms may be obtained at the following websites: www.uscourts.gov/forms/bankruptcy-forms or https:/restructuring.ra.kroll.com/genesis.

Each Claim Form must (i) be written in English; (ii) set forth (A) for any Prepetition Claim based on cryptocurrency, the number and type of units of each cryptocurrency held by the claimant as of the Petition Date or (B) solely to the extent a Prepetition Claim is not based on cryptocurrency, the amount of such Prepetition Claim denominated in United States dollars;[4] (iii) conform substantially with the Claim Forms provided by the Debtors or Official Form No. 410, as applicable; (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (v) include supporting documentation unless otherwise consented to by the Debtors in writing (e-mail will suffice).

In addition to the requirements set forth in the immediately preceding paragraph, any Proof of Claim asserting a 503(b)(9) Claim must also include, with specificity: (i) the amount of the 503(b)(9) Claim; (ii) the particular Debtor against which the 503(b)(9) Claim is asserted; (iii) the date of delivery of the goods purportedly delivered to a Debtor within twenty days before the Petition Date; (iv) documentation, including invoices, receipts, bills of lading and the like, identifying with specificity the particular goods for which the 503(b)(9) Claim is being asserted; (v) an identification of which goods (if any) were subject to a demand for reclamation asserted under section 546(c) of the Bankruptcy Code; and (vi) documentation or other evidence that the goods with respect to which the 503(b)(9) Claim is being filed were sold in the ordinary course of the Debtor's business.

**Your Claim Form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name  of a minor (only the minor's initials) or a financial account number (only the last four digits of  such financial account).**

All entities asserting claims against more than one Debtor are required to (i) file a separate Proof of Claim with respect to each such Debtor and (ii) identify on each Proof of Claim the particular Debtor against which their claim is asserted.  Any claim that fails to identify a Debtor shall be deemed as filed only against Genesis Global Capital, LLC ("GGC").  If more than one Debtor is listed on the form, the Proof of Claim will be treated as filed only against the first-listed Debtor.  A list of the names of the Debtors and their case numbers is set forth on page 2 of this Notice.

---

[4]        For the avoidance of doubt, all Claim Forms for Prepetition Claims based on cryptocurrency must clearly indicate (i) each type of cryptocurrency held and (ii) the number of units of each cryptocurrency held (which may be done through the table of cryptocurrency on the Claim Form).

### 3.    WHEN AND WHERE TO FILE

Except as provided for herein, all Proofs of Claim must be submitted so as to be **actually received on or before the applicable Bar Date:**

**IF ELECTRONICALLY:**

By using the website established by the Debtors' claims and noticing agent, Kroll Restructuring Administration ("Kroll") for these Chapter 11 Cases (the "Case Website") located at https://restructuring.ra.kroll.com/genesis by following instructions for filing Proofs of Claim electronically.

**IF BY U.S. MAIL, OVERNIGHT MAIL, OR DELIVERY BY HAND, OR COURIER:**

Genesis Inc. Claims Processing Center
c/o Prime Clerk LLC (now known as Kroll Restructuring Administration)
850 3rd Avenue, Suite 412
Brooklyn, NY 11232

**PROOFS OF CLAIM MUST BE SUBMITTED BY MAIL, BY HAND, OR THROUGH THE CASE WEBSITE.  PROOFS OF CLAIM SUBMITTED BY ELECTRONIC MEANS OTHER THAN THE CASE WEBSITE (E.G., VIA E-MAIL, FACSIMILE, TELECOPY, OR SIMILAR ELECTRONIC MEANS) WILL <u>NOT</u> BE ACCEPTED AND WILL <u>NOT</u> BE DEEMED TIMELY SUBMITTED.  CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED.**

You do **not** need to file a Proof of Claim on behalf of a claim on or prior to the applicable Bar Date if the claim falls into one of the following categories:

(a)    any Prepetition Claim for which a Proof of Claim has already been filed against one or more of the Debtors and for which no other basis or additional amounts are sought or Prepetition Claims are asserted beyond those listed in the already filed Proof of Claim;

(b)    any Prepetition Claim listed in the Debtors' Schedules (as defined herein), *and* is not designated as "disputed," "contingent," and/or "unliquidated," *and* with respect to which the Entity asserting such Prepetition Claim agrees with the nature, classification, and amount that such Prepetition Claim is identified in the Schedules, *and* with respect to which the Entity asserting such Prepetition Claim agrees that its Prepetition Claim is an obligation only of the specific Debtor who has listed the Prepetition Claim in its Schedules;

(c)    any Prepetition Claim or 503(b)(9) Claim (including any Prepetition Claim listed in the Debtors' Schedules as set forth in paragraph (b) above) that has been previously allowed by, or paid in full pursuant to, an order of this Court;

(d)    any Prepetition Claim by a Debtor against one or more of the other Debtors;

(e)    any Prepetition Claim for which specific filing deadlines have been previously fixed by this Court;

(f)    any current or former equity security holder[5] that seeks to assert *only* a proof of interest with respect of the ownership of such equity interests;[6]

(g)    any current employees of the Debtors, if an order of the Court authorized the Debtors to honor such Prepetition Claim in the ordinary course of business as a wage, commission, or benefit; any current or former employee must submit a Proof of Claim by the General Bar Date for all other Prepetition Claims arising before the Petition Date, including Prepetition Claims for wrongful termination, discrimination, harassment, hostile work environment and retaliation;

(h)    Gemini Trust Company, LLC ("Gemini") users (each a "Gemini Lender") holding a Prepetition Claim in connection with certain loans of digital assets at Gemini to GGC (the "Gemini Borrowings") in exchange for the return of such digital assets upon request or at the expiration of a specified period and the payment by GGC of a loan fee pursuant to the relevant master loan agreements ("Gemini MLA") between GGC, Gemini and the Gemini Lender; *provided, however*, that any Gemini Lender wanting to assert a Prepetition Claim for an amount greater than the Gemini Lender's Gemini Borrowings in the Gemini Earn Program or Prepetition Claims other than for the repayment of the Gemini Borrowings under the Gemini Earn Program, shall be required to submit a Proof of Claim with respect to such Prepetition Claim on or before the applicable Bar Date, unless another exception to the applicable Bar Date applies;

(i)    any member of the Ad Hoc Group (as defined herein) holding a Prepetition Claim in connection with loans of digital assets to the Debtors pursuant to a master loan agreement or loan term sheet between the Debtor and such member of the Ad Hoc Group; *provided, however*, that any member of the Ad Hoc Group wanting to assert a claim, other than the amount set forth in the schedule of amounts asserted by each member set forth on the single Proof of Claim filed by the Ad Hoc Group pursuant to the applicable underlying agreement and loan term sheet, shall be required to submit a Proof of Claim with respect to such

---

[5]    The term "equity security holder," as used herein, has the meaning ascribed to it in section 101(17) of the Bankruptcy Code.

[6]    Any equity security holder claiming damages or asserting causes of action based upon or arising from stock ownership would be required to file a proof of claim by the General Bar Date.

additional claim on or before the General Bar Date, unless another exception to the applicable Bar Date applies;

(j)     claims for fees and expenses of professional retained in these proceedings;

(k)     any claim based on indemnification, contribution or reimbursement of a current officer, director or employee of any of the Debtors;

(l)     any person or Entity holding a Prepetition Claim solely against a non-Debtor entity; and

(m)     any Prepetition Claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense incurred in the ordinary course; *provided* that any person or entity asserting a Prepetition Claim entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code must assert such Prepetition Claims by filing a request for payment or a Proof of Claim on or prior to the General Bar Date.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

**Gemini Lenders:**  The Bar Date Order authorized and directed Gemini, given Gemini's appointment as agent for each Gemini Lender under the Gemini MLAs, to file a single Proof of Claim against the Debtors on behalf of each and all Gemini Lenders on account of all Prepetition Claims for the repayment of the Gemini Borrowings on or before the General Bar Date (the "Gemini Master Claim"). Should a Gemini Lender wish to assert a Prepetition Claim against the Debtors for an amount greater than the Gemini Lender's Gemini Borrowings in the Gemini Earn Program or Prepetition Claims other than for the repayment of the Gemini Borrowings under the Gemini Earn Program, the Gemini Lender must file a Proof of Claim with respect to such Prepetition Claim on or before the applicable Bar Date, unless another exception to the applicable Bar Date applies.

**Ad Hoc Group**: The Bar Date Order authorized and directed the ad hoc group of creditors of Genesis Global Capital, LLC represented by Proskauer Rose LLP (the "Ad Hoc Group") to file a single Proof of Claim pursuant to section 501(a) of the Bankruptcy Code, together with a schedule of amounts asserted by each such member (with copies of any master loan agreements or loan term sheets to be made available to the Debtors upon request) on or before the General Bar Date, on account of the Prepetition Claims against the Debtors held by each and all members of the Ad Hoc Group; *provided*, *however*, that any member of the Ad Hoc Group that wants to assert a Prepetition Claim against the Debtors, other than the amount listed on the schedule of amounts owing pursuant to the underlying agreement and loan term sheets shall be required to submit a Proof of Claim with respect to such additional claim on or before the General Bar Date, unless another exception to the applicable Bar Date applies.

**4.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF CLAIM THAT IS NOT LISTED IN THIS NOTICE AS A PREPETITION CLAIM EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER AND THAT FAILS TO TIMELY SUBMIT A PROOF OF CLAIM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM (A) ASSERTING SUCH PREPETITION CLAIM AGAINST ANY OF THE DEBTORS AND (B) VOTING TO ACCEPT OR REJECT ANY CHAPTER 11 PLAN OR PLANS OR (C) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH PREPETITION CLAIM.

**5.    THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively, the "Schedules").

To determine if and how you are listed on the Schedules, please refer to the  descriptions set forth on the enclosed Claim Form(s) regarding the nature, amount, and status of your  claim(s). If you received postpetition payments from the Debtors (as authorized by the Court) on  account of your claim, the enclosed Claim Form will reflect the net amount of your claims.  If the Debtors believe that you hold claims against one or more than one Debtor, you will  receive multiple Claim Forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the  claim is accurately listed in the Schedules.  You may rely on the enclosed  Claim Form, however, which lists your claim as scheduled, identifies the Debtor against which it is scheduled, and specifies whether the claim is disputed, contingent or unliquidated.  Similarly, if you are a Gemini Lender and you rely on your individual account page that may be accessed through the Gemini Earn Program's website (https://exchange.gemini.com/signin) and the Gemini mobile app, it is your responsibility to determine that the claim is accurately listed in such website and mobile app as that is the amount that will be listed for your Prepetition Claim in the Gemini Master Claim.

As set forth above, if you agree with the nature, amount and classification of your Prepetition Claim as listed in the Debtors' Schedules, and if you do not dispute that your Prepetition Claim is only  against the Debtor  specified in the Schedules, and if your Prepetition Claim is not described as  "disputed," "contingent" or  "unliquidated," **you need not submit a Proof of Claim**.   Otherwise, or if you decide to submit a Proof of  Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this  Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's website at http://www.nysb.uscourts.gov.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access this information and can be obtained  through the PACER Service Center at http://www.pacer.gov.  Copies of the Debtors' Schedules are also available at the Case Website at https://restructuring.ra.kroll.com/genesis.   Copies of the

Debtors' Schedules may also be obtained by written request to the Debtors' Claim Agent at the following address: Genesis Inc. Claims Processing Center, c/o Prime Clerk LLC (now known as Kroll Restructuring Administration), 850 3rd Avenue, Suite 412, Brooklyn, NY 11232.

The Debtors reserve the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, priority, classification, or otherwise;  (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated;  and (c) otherwise amend or supplement the Schedules. Nothing contained in this Notice shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should submit a  Proof of Claim.**

<b>BY ORDER OF THE COURT</b>

Dated:      April 4, 2023
            New York, New York

*/s/ Sean A. O'Neal*_____
Sean A. O'Neal
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

## EXHIBIT C

**Gemini Earn Update**



| Products ⌄ | Prices | Trust Center | Institutions ⌄ | Resources ⌄ | | Sign in | Get started |

---

April 11, 2023 (Tuesday)

The following message was shared with Earn users today: ⌃

We are reaching out with an important update regarding the Genesis bankruptcy proceedings and the ongoing efforts to find a resolution for Earn users to recover their assets.

On April 4, 2023, the United States Bankruptcy Court for the Southern District of New York entered a Bar Date Order in the Genesis bankruptcy proceeding. The Bar Date Order is a standard step in a bankruptcy proceeding which establishes a deadline for filing proofs of claims. The deadline established is May 22, 2023, at 4pm ET.

The Bar Date Order authorizes and directs Gemini to (i) serve the Gemini Bar Date Notice on all Earn users via email and by posting it on the Gemini Earn Update page and (ii) file a master proof of claim (Master Claim) on behalf of all Earn users with respect to all loans made by Earn users to Genesis Global Capital, LLC and not repaid as of January 19, 2023. By filing the Master Claim, Gemini is preserving your eligibility to recover through the Genesis bankruptcy proceeding.

The Gemini Bar Date Notice can be found here. We recommend reading the Gemini Bar Date Notice in its entirety as it provides important information about your Earn claim.

You can view the amount to be included on your behalf in the Master Claim by logging in to your Gemini account through the Gemini website or the Gemini mobile app and clicking on "pending balance."

No action is required on your part. However, if you intend to assert a claim for amounts greater than the amounts shown in your pending balance, the Gemini Bar Date Notice provides important information for doing so. Returning your assets is our highest priority and we truly appreciate your patience and support while we work through the next stage of this process. All Earn updates can be found at www.gemini.com/earn.

The Gemini Team

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 28th day of April , 20 23 , by Natalie Rix ─────────────────────

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

JAMES J. JOHNSON JR.
COMM. #2353224
Notary Public · California
Los Angeles County
My Comm. Expires Mar. 28, 2025

(Seal)

Signature James J. Johnson Jr.