**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GRANT THORNTON LLP AS TAX SERVICES PROVIDER FOR THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO APRIL 4, 2023

Upon the application, by notice of presentment dated April 17, 2023 (the "Application"),[2] of Genesis Global Holdco, LLC  ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to employ and retain, pursuant to sections 327(a) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for Southern District of New York (the "Local Rules"), Grant Thornton LLP ("Grant Thornton") as their tax services provider; and upon consideration of the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Application in Compliance with Local Rule 1007-2* (the "Aronzon First Day Declaration") and the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

1007-2 (the "Islim Declaration" and, together with the Leto Declaration and Aronzon Declaration, the "First Day Declarations"), and the *Declaration of  Brian Angstadt in Support of Debtors' Application for an Order Authorizing Employment and Retention of Grant Thornton LLP as Tax Services Provider for the Debtors and Debtors-in-Possession* Nunc Pro Tunc *to April 4, 2023* (the "Angstadt Declaration"), attached to the Application as Exhibit A; and the Court being satisfied based on the representations in the Application and Angstadt Declaration that Grant Thornton is "disinterested" as defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and holds no interest adverse to the Debtors or their estates in connection with the matters for which Grant Thornton is to be retained by the Debtors, as required by section 327(a) of the Bankruptcy Code; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application was appropriate and no other notice need be provided; and there being no objections to the requested relief and no hearing being required; and the Court having reviewed the Application and having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED to the extent set forth herein.

2.      The Debtors are hereby authorized to employ and retain Grant Thornton as tax services provider in the Chapter 11 Cases on the terms and conditions set forth in the Application and the Angstadt Declaration, as modified by this Order, *nunc pro tunc* to April 4, 2023.

3.      Grant Thornton is authorized to perform any and all tax services for the Debtors that are necessary or appropriate in connection with the tax services described in the Application.

4.      Grant Thornton shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.

5.      Prior to any increases in Grant Thornton's rates for any professional providing services in these Chapter 11 Cases, Grant Thornton shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and counsel to the Committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Grant Thornton's client has consented to the rate increase.  All parties in interest retain the right to object to any rate increase on any grounds.

6.      The Indemnification Provisions in the Engagement Letter are hereby modified and restated in their entirety as follows:

(a)      All requests by the Grant Thornton Firm (as defined in the Engagement Letter) for payment of indemnity pursuant to the Engagement Letter

3

shall be made by means of an application (interim or final as the case may be) and shall be subject to review by the Court to ensure payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable based upon the circumstances of the litigation or settlement in respect of which indemnity is sought; provided, however, that in no event shall the Grant Thornton Firm be indemnified in the case of its own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

(b)     In the event that the Grant Thornton Firm seeks reimbursement from the Debtors for reasonable attorneys' fees in connection with a request by the Grant Thornton Firm for payment of indemnity pursuant to the Engagement Letter, as modified by this Order, the invoices and supporting time records from such attorneys shall be included in Grant Thornton's own application (both interim and final) and such invoices and time records shall be subject to the approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7.     Grant Thornton shall use its reasonable best efforts to avoid any unnecessary duplication of services provided by any of the other retained professionals in these Chapter 11 Cases.

8.     Notwithstanding anything in the Application or the Engagement Letter to the contrary, to the extent Grant Thornton uses the services of any independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") retained in relation to these Chapter 11 Cases, Grant Thornton shall (i) pass-through the cost of services from such Contractors at the same rate that Grant Thornton pays the Contractors; (ii) seek reimbursement for actual costs incurred only; (iii) ensure that the Contractors are subject to the same conflict checks as required for Grant Thornton; and (iv) file with the Court such disclosures as required by Bankruptcy Rule 2014.

9.     Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the

Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10.     If there is any inconsistency between the terms of this Order, the Application, any engagement letter and the supporting declarations, the terms of this Order shall govern.

11.     This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated:     May 8, 2023
           White Plains, New York

/s/ Sean H. Lane
The Honorable Sean H. Lane
United States Bankruptcy Judge