UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | ) Case No. 23-10063 (SHL) |
| Debtors. | ) (Jointly Administered) |

### ORDER GRANTING MOTION FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW FOR ADVANCEMENTS AND PAYMENTS UNDER THE INSURANCE POLICIES

Upon the motion [ECF No. 165] (the "**Motion**")[2] of the Insured for entry of an order pursuant to section 362 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York, modifying the automatic stay, to the extent applicable, to allow the Insured to enforce his rights and demand and receive proceeds payable under the D&O Policy and authorize the Insurer to advance such proceeds to the Insured; and upon the *Debtors' Response to Motion for Entry of An Order Modifying the Automatic Stay, to the Extent Applicable, to Allow for Advancements and Payments Under D&O Insurance Policy* [ECF No. 234] (the "**Debtors' Response**"); and upon the *Objection of the Official Committee of Unsecured Creditors to the Motion for Entry of an Order Modifying the Automatic Stay, to the Extent Applicable, to Allow for Advancements and Payments Under D&O Insurance Policy* [ECF No. 235]; and upon the *Reply in Support of the Motion for Entry of an Order Modifying the Automatic Stay, to the Extent Applicable, to Allow for Advancements and Payments Under D&O*

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to those terms in the Motion.

*Insurance Policy* [ECF No. 249]; and upon the *Declaration of Marcus Asner in Support of the Motion for Entry of an Order Modifying the Automatic Stay, to the Extent Applicable, to Allow for Advancements and Payments Under D&O Insurance Policy* [ECF No. 250]; and upon the request by the Debtors in the Debtors' Response to expand the relief requested in the Motion as set forth in the Debtors' Response; and upon the hearing conducted by the Court on April 26, 2023 to consider the Motion, the record of which is incorporated herein by reference; and the Court having determined that the relief requested in the Motion, as modified by the Debtors' Response (the "**Modified Motion**"), is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Modified Motion is GRANTED as set forth herein.

2. To the extent applicable, the automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified to the extent necessary to: (i) allow any of the Debtors' current and former directors and officers, including the Insured (collectively, the "**Insured Individuals**") to enforce their rights and demand and receive proceeds payable under the D&O Policy, the E&O Policy, and the Excess Policies (collectively, the "**Insurance Policies**") to the extent of their coverage thereunder; and (ii) authorize Axis Insurance Company, Paragon International Insurance Brokers Ltd., and Starr Indemnity & Liability Company (collectively, the "**Insurers**") to advance such proceeds to the Insured Individuals for their defense costs incurred in connection with pending lawsuits, investigations, and disputes, as well as any additional matters that may arise in the future, in accordance with the terms of the Insurance Policies.

3. Nothing herein shall constitute a finding by the Court that the proceeds of the Insurance Policies are or are not property of the Debtors' estates, and the Court makes no finding as to the applicability of the automatic stay imposed by 11 U.S.C. § 362(a) to the Insurance Policies' proceeds.

4. Upon the advancement and/or payment of any defense costs pursuant to the Insurance Policies, but no more frequently than on a three month basis beginning one month following entry of this Order, the Insurers shall provide written notice to (a) counsel to the Debtors and (b) counsel to the Committee reporting (i) the total amount that has been advanced or paid by such Insurer under the applicable Insurance Policy during that reporting period; and (ii) the total amount advanced or paid to date by such Insurer under the applicable Insurance Policy. No further disclosure relating to advances or payments under the Insurance Policies shall be required without further order of the Court, with respect to which all parties reserve their rights.

5. Nothing in this Order shall constitute (1) a waiver, modification or limitation of the Debtors', the Insurers', or the Insured Individuals' reservation of all of their rights, remedies and defenses under the Insurance Policies or applicable law, (2) a waiver, modification or limitation of any of the terms or conditions of the Insurance Policies or (3) a finding that any sums are due and owing, or in what amount, under the Insurance Policies.

6. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

7.      This Order is immediately valid and fully effected upon its entry and the 14 day stay pursuant to Bankruptcy Rule 4001(a) is hereby waived.

Dated: May 9, 2023
       White Plains, New York

                                      ***/s/ Sean H. Lane***
                                      United States Bankruptcy Judge