**Hearing Date: June 5, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 30, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) EXTEND THE COVERAGE PERIOD OF CERTAIN INSURANCE POLICIES AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on May 15, 2023, the debtors and debtors-in-possession (collectively, the "Debtors"), filed the annexed *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief* (the "Motion"). A hearing (the "Hearing") on the Motion will be held via

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **June 5, 2023 at 11:00 a.m. (Eastern Time) (the "Hearing Date")**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Application or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **May 30, 2023 at 4:00 p.m (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:  May 15, 2023
       New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO (I) EXTEND THE COVERAGE PERIOD OF CERTAIN
INSURANCE POLICIES AND (II) GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), hereby submit this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") (i) authorizing the Debtors, to the extent such authorization is required, to extend the coverage period of the Insurance Policies (as set forth in Exhibit C) from June 28, 2023 to December 28, 2023 and make any payments necessary for the extension of the coverage period (ii)

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

authorizing all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the proposed extension of the Insurance Policies and (iii) granting the Debtors such other and further relief as the Court deems just and proper.  In further support of this Motion, the Debtors rely on (i) the *Declaration of Arianna Pretto-Sakmann in Support of the Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief*, (the "Pretto-Sakmann Declaration"), attached to this Motion as Exhibit B, and respectfully represent as follows:

## PRELIMINARY STATEMENT

1.      By this Motion, the Debtors seek entry of an order authorizing the Debtors, to the extent such authorization is required, to extend the coverage period of the Insurance Policies, which provide coverage to the Debtors, non-Debtor subsidiaries, its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") and their directors, officers and employees, by six months to December 28, 2023, which will permit the insureds covered under these policies to timely submit claims that may be raised against the Debtors or any Insureds under the Insurance Policies (as defined therein) following the current June 28, 2023 expiration date of the policies.  The Debtors are likely unable to obtain new policies on commercially reasonable terms without certainty about the Debtors' post-emergence capital structure, the scope of potential releases provided under a plan of reorganization, and other uncertainties, while the Debtors have been able to secure an extension of the current terms of the policies for approximately $600,000.  This relief makes particular sense where the Insurance Policies are "claims made" policies, such that failure to obtain an extension risks forfeiting claims against the Insurance Policies that have otherwise had no amounts paid out against their limits.

2.      The Debtors believe that extending the coverage period is necessary and appropriate here to enable the current directors and officers to act on behalf of the estate without fear that they would be forced to make out-of-pocket payments in respect of claims that otherwise could be timely submitted under the Insurance Policies.  To the extent that authorization is required, the Debtors respectfully submit that extending the policies is a sound exercise of their business judgment and seek entry of the Proposed Order attached as Exhibit A hereto, authorizing the Debtors to do so.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

4.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 6004, (the "Bankruptcy Rules").

## BACKGROUND

6.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate GGT provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services.  Holdco is a sister company of GGT and 100% owned by DCG, the Debtors' ultimate parent company.

3

7.      On January 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, the Committee was appointed in these cases, ECF No. 55.

8.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2*, ECF No. 17, the *Declaration of Paul Aronzon in Support of Chapter 11 Petition and First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 19, and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 28 (collectively, the "First Day Declarations").

9.      On March 27, 2023, the former chief executive of Holdco, GGC and GGT filed a motion seeking relief from the automatic stay to access one of the Insurance Policies, ECF No. 165.  At a hearing on April 26, 2023, the Court heard argument on and granted such lift stay motion, subject to certain modifications.

## RELIEF REQUESTED

10.      By this Motion, the Debtors seek entry of the Proposed Order (i) authorizing the Debtors, to the extent such authorization is required, to extend the coverage period of the Insurance Policies from June 28, 2023 to December 28, 2023 and make any payments necessary for the extension of the coverage period, (ii) authorizing all applicable financial institutions to receive,

process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Policies and (iii) granting the Debtors such other and further relief as the Court deems just and proper.

## THE DEBTORS' DIRECTORS & OFFICERS AND ERRORS & OMISSIONS INSURANCE POLICIES

11.      In connection with their business operations, the Debtors maintain several insurance policies from third-party insurance carriers which provide coverage for the Debtors, non-Debtor subsidiaries and GGT, as well as certain current and former directors, officers and employees of the Debtors.  Pretto-Sakmann Declaration at ¶ 4.  The insurance policies include a Directors & Officers liability policy and an Errors & Omissions liability policy with a shared limit and three excess coverage policies.  Pretto-Sakmann Declaration at ¶ 4.  A true and correct summary of the aforementioned insurance policies is attached hereto as Exhibit C (each policy an "Insurance Policy", and together, the "Insurance Policies").  Pretto-Sakmann Declaration at ¶ 4. Exhibit C also includes the corresponding insurance carriers (the "Insurance Carriers"), the annual premium amounts and dates of coverage.  Pretto-Sakmann Declaration at ¶ 4.  In 2022, the Debtors paid approximately $1.2 million in respect of annual premiums on the Insurance Policies.  Pretto-Sakmann Declaration at ¶ 4.  The Debtors' Insurance Policies, which are claims made policies, currently expire by their terms on June 28, 2023 (the "Expiration Deadline").  Pretto-Sakmann at ¶ 4.  For the avoidance of doubt, with this Motion the Debtors seek to extend solely the Insurance Policies set forth in in Exhibit C.

12.      The Debtors seek to extend the Insurance Policies for up to six months to December 28, 2023 (the "Extended Expiration Deadline") at the cost of $617,868.00 (the "Premium Payment[s]").  Pretto-Sakmann Declaration at ¶ 4.  The Debtors have determined that extending the Insurance Policies is a sound exercise of the Debtors' business judgment, as it will extend the

coverage available to both the Debtors and current directors and officers of the estate, who are currently navigating multiple actions and investigations against the Debtors and other parties-in-interest while continuing to discharge their duties. Pretto-Sakmann Declaration at ¶ 6. While the Debtors have considered the alternative of procuring new policies, it is unlikely that new policies could be purchased on commercially reasonable terms given the uncertainty of the precise shape of the Debtors' post-emergence capital structure, the terms of releases in an eventual plan of reorganization and other uncertainties. Pretto-Sakmann Declaration at ¶ 5. Accordingly, it is in the Debtors' best interest to instead extend the Insurance Policies to allow the Debtors to maintain their existing coverage, against which no claims have been paid, in place. Pretto-Sakmann Declaration at ¶ 5. The extension of the Insurance Policies will also allow the Debtors to submit additional claims for coverage on claims made after the Expiration Deadline. Pretto-Sakmann Declaration at ¶ 6. Given the circumstances of the Debtors' cases, it is conceivable if not likely that additional claims arise after the Expiration Deadline and that an extension of the Insurance Policies is necessary to provide directors, officers, employees and the Debtors the opportunity to have Losses (as defined in the Insurance Policies) compensated for such claims. Pretto-Sakmann Declaration at ¶ 6.

## **BASIS FOR RELIEF**

**A.    Extension of the Insurance Policies Is Warranted Under Section 363(b) of the Bankruptcy Code**

13.     Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363(b), courts require only that the debtor show "a good business reason" for such actions. *See, e.g.*, *Official Comm. of Unsecured Creditors v. Enron Corp. (In re Enron Corp.)*, 335 B.R. 22, 27-28 (S.D.N.Y. 2005) (quoting

*Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983)); *see also In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2003 WL 22316543, at *31 (Bankr. S.D.N.Y. Mar. 4, 2003). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.*), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

14.    To the extent required, the Debtors have satisfied the business judgment standard.[2] First, the coverage provided under the Insurance Policies is essential for preserving the value of the Debtors' assets. Continued liability coverage for the Debtors' directors and officers is necessary, especially in light of the uncertain regulatory landscape in which the Debtors operate, to ensure they have the flexibility to act on behalf of the Debtors' estates as needed in response to claims against them without undue concern or interference with their continuing duties. Maintenance of insurance policies is also required by the operating guidelines established by the Office of the United States Trustee. *See* U.S. Dep't of Justice Office of the United States Trustee, *Region 2 – New York, Connecticut and Vermont, Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, § 6 (rev. Dec. 27, 2019) ("Within fifteen (15) days of filing the petition, the debtor must provide the United States Trustee with proof of the insurance coverage required by these guidelines."), https://www.justice.gov/ust-regions-r02/file/region_2_operating_guidelines.pdf/download. As set forth above, after consultation with

---

[2] The Debtors respectfully submit that it is likely that the requested relief is within the ordinary course of business, but are seeking relief both out of an abundance of caution and at the insistence of certain Insurance Carriers.

their brokers and evaluation of their options at this stage in their cases, the Debtors believe an extension of the Expiration Deadline best serves these interests.

**B.       Processing of Checks and Electronic Fund Transfers Should be Authorized**

15.     The Debtors have sufficient funds to honor obligations in connection with the extension of the Insurance Policies in the ordinary course of business using cash on hand and/or expected cash flows from ongoing business operations.  The Debtors believe there is minimal risk that check or wire transfer requests that this Court has not authorized will be inadvertently made. Thus, the Debtors request that this Court authorize all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the extension of the Insurance Policies.

**C.       Satisfaction of Bankruptcy Rules 6004(a) and 6004(h)**

16.     To implement the foregoing successfully, particularly given the upcoming Expiration Deadline, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

<u>**NOTICE**</u>

17.     Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) counsel to the Committee; (iii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iv) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (v) the Insurance Carriers listed on <u>Exhibit C</u> and (vi) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **NO PRIOR REQUEST**

18.     No prior motion for the relief requested herein has been made to this or any other

court.

*[The remainder of this page is left intentionally blank]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this

Court (a) enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u> , and (b)

grant such other and further relief as is just and proper.


Dated:  May 15, 2023                          */s/ Luke A. Barefoot*_____
       New York, New York                   Sean A. O'Neal
                                                Luke A. Barefoot
                                                Jane VanLare
                                                  CLEARY GOTTLIEB STEEN &
      HAMILTON LLP
      One Liberty Plaza
      New York, New York 10006
      Telephone: (212) 225-2000
      Facsimile: (212) 225-3999

      *Counsel to the Debtors*
      *and Debtors-in-Possession*

# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING THE DEBTORS TO (I) EXTEND THE COVERAGE PERIOD OF CERTAIN INSURANCE POLICIES (II) GRANTING RELATED RELIEF

Upon the motion of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors"); and upon the *Declaration of Arianna Pretto-Sakmann in Support of the Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief*, for entry of an order (this "Order"), as more fully described in the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief* (the "Motion")[2]; (i) authorizing the Debtors to extend the coverage period of the Insurance Policies from June 28, 2023 to December 28, 2023 and make any payments necessary for the extension of the coverage period (ii) authorizing all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Policies and (iii) granting the Debtors such other and further relief as the Court deems just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

*Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis to the extent set forth herein.

2.      The Debtors are authorized to extend the coverage period of the Insurance Policies by six months and to make any related payments necessary for the extension of the coverage period.

3.      All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order, in accordance with the *Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims;*

*(III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief*, ECF No. 150.

4.      The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule and 6004(a) and the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h)

5.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity, priority or amount of any claim against a Debtor entity; (ii) a waiver of the Debtors' or any party-in-interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this  Order or the Motion; (v) a requirement or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or (vi) a waiver of the Debtors' or any party-in-interest's rights under the Bankruptcy Code or any other applicable law.

6.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' insurance carriers, any other agents or brokers employed by the Debtors or any other third party relating to the Insurance Policies.

7.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

8.      The Court retains exclusive jurisdiction with respect to all matters arising from or

related to the interpretation, implementation or enforcement of this Order.


Dated: _____, 2023      _____
         White Plains, New York                THE HONORABLE SEAN H. LANE
                                                UNITED STATES BANKRUPTCY JUDGE

## **<u>EXHIBIT B</u>**

**Declaration of Arianna Pretto-Sakmann**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF ARIANNA PRETTO-SAKMANN IN SUPPORT OF DEBTORS'
MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I)
EXTEND THE COVERAGE PERIOD OF CERTAIN INSURANCE POLICIES AND
(II) GRANTING RELATED RELIEF**

I, Arianna Pretto-Sakmann, hereby declare that the following is true and correct to the best

of my knowledge, information, and belief:

1.      I am the Chief Legal Officer for the Debtors.  I am generally familiar with the day-

to-day operations and affairs of the Debtors.

2.      I submit this declaration (the "Declaration") in support of the Motion[2]  which is

being filed simultaneously herewith.

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based

upon my personal knowledge of the Debtors' Insurance Policies, or information supplied to me by

members of the Debtors' management, other personnel and professional advisors regarding the

Debtors' Insurance Policies, or my opinion based on my experience, knowledge and information

concerning the Debtors' Insurance Policies.  To the extent that the Debtors learn that any

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

information provided herein is materially inaccurate, the Debtors will act promptly to notify the Court and other parties; however, I believe all information herein to be true to the best of my knowledge, information and belief. I am authorized to submit this Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

4. The Debtors maintain Insurance Policies which provide coverage for the Debtors, non-Debtor subsidiaries and GGT, as well as certain current and former directors, officers and employees of the Debtors. In particular, these policies include a Directors & Officers Liability policy and an Errors & Omissions Liability policy with a shared limit and three excess coverage policies. Exhibit C to the Motion provides a true and correct summary of these Insurance Policies. In 2022, the Debtors paid approximately $1.2 million in respect of annual premiums on the Insurance Policies. The Debtors' Insurance Policies, which are claims made policies, currently expire by their terms on June 28, 2023. Based on a quote from the Debtors' broker, it is my understanding that the Debtors may extend the current expiration date of the Insurance Policies by six months, to December 28, 2023, for $617,868.00.

5. I believe that it is a sound exercise of the Debtors' business judgment to extend the terms of the Insurance Policies by six months. First, it is my understanding that because certain issues, including the Debtors' post-emergence capital structure and the terms of releases in an eventual plan of reorganization are unresolved, the Debtors will not currently be able to obtain new insurance policies with similar coverage on commercially reasonable terms. Second, maintaining the Debtors' current Insurance Policies for an additional six months is the pragmatic choice, as the expiration of the Insurance Policies on the current expiration date will result in the unnecessary forfeiture of claims before any Insurance Policies have paid out.

2

6.      Moreover, I believe that it is in the Debtors' best interest to maintain the Insurance Policies because it is likely that the ongoing actions and investigations against the Debtors and other parties-in-interest have or will give rise to claims covered by the Insurance Policies and that additional claims may accrue after the Expiration Deadline.  Extending the Insurance Policies by six months will give directors, officers, employees and the Debtors adequate opportunity to have their Losses (as defined in the Insurance Policies) stemming from these actions and investigations compensated by the Insurance Policies and prevent these parties from paying out-of-pocket costs unnecessarily.  Finally, maintaining the Insurance Policies will alleviate concerns the directors, officers, and employees may have about incurring costs and allow them to instead focus on discharging their duties to the estates.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 15, 2023                         /s/Arianna Pretto-Sakmann
        New York, NY                         Name:      Arianna Pretto-Sakmann
                                             Title:     Chief Legal Officer

# EXHIBIT C

**Insurance Policies[1]**

---

[1]  The Debtors expressly reserve their rights to amend, modify or supplement information provided in this Exhibit.

| Type of Policy | Named Insured[1] | Insurance Carrier(s) | Policy Start Date | Policy End Date | Policy Number(s) | Coverage Limit | Annual Premium |
|---|---|---|---|---|---|---|---|
| Directors & Officers Liability | Genesis Global Holdco, LLC | Axis Insurance Company | 6/28/2022 | 6/28/2023 | P00100065881 702 | $2,500,000 aggregate with the E&O Policy | $153,300 |
| Errors & Omissions Liability | Genesis Global Holdco, LLC | Axis Insurance Company | 6/28/2022 | 6/28/2023 | P00100065882 602 | $2,500,000 aggregate with the D&O Policy | $176,900 |
| Excess D&O / E&O | Genesis Global Holdco, LLC | Forge Underwriting Ltd | 6/28/2022 | 6/28/2023 | B0146ERUSA2 201352 | Limit: $2,500,000 excess of $2,500,000 | $329,953 |
| Excess D&O / E&O | Genesis Global Holdco, LLC | Starr Indemnity & Liability Company | 6/28/2022 | 6/28/2023 | 1000624040221 | Limit: $2,500,000 excess of $5,000,000 | $313,455 |
| Excess D&O / E&O Policy | Genesis Global Holdco, LLC | Forge Underwriting Ltd | 6/28/2022 | 6/28/2023 | B0146ERUSA2 201455 | Limit: $2,500,000 excess of $7,500,000 | $237,702 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

---

[1]     While Holdco is the named insured under the Insurance Policies, the remaining Debtors GGC and GAP are considered Insured under the policies by virtue of their status of subsidiaries of Holdco.  Non-Debtor GGT is also an insured under the Insurance Policies.