**Hearing Date: June 5, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 30, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION OF GENESIS ASIA PACIFIC PTE. LTD. FOR**
**ENTRY OF AN ORDER AUTHORIZING GENESIS ASIA PACIFIC PTE. LTD.**
<u>**TO PAY CERTAIN EMPLOYEE SEVERANCE OBLIGATIONS**</u>

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "<u>Petition Date</u>"), Genesis Global Holdco, LLC ("<u>Holdco</u>") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

**PLEASE TAKE FURTHER NOTICE** that on May 15, 2023, the debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"), filed the annexed *Motion of Genesis Asia Pacific Pte. Ltd. for Entry of  an Order Authorizing Genesis Asia Pacific Pte. Ltd. to Pay Certain Employee Severance Obligations* (the "<u>Motion</u>").  A hearing (the "<u>Hearing</u>") on the Motion will be held via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **June 5, 2023 at 11:00 a.m. (Eastern Time) (the "Hearing Date")**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **May 30, 2023 at 4:00 p.m (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:  May 15 2023
      New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[2] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**MOTION OF GENESIS ASIA PACIFIC PTE. LTD FOR  ENTRY OF
AN ORDER AUTHORIZING GENESIS ASIA PACIFIC PTE. LTD.
TO PAY CERTAIN EMPLOYEE SEVERANCE OBLIGATIONS**

Debtor Genesis Asia Pacific Pte. Ltd. ("GAP")[3] hereby submits this motion (this "Motion")

for entry an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"),

pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy

Code"), and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

authorizing GAP to pay certain prepetition employee severance obligations in excess of the

statutory cap set forth in 11 U.S.C. 507(4)(a) and (ii) granting GAP such other and further relief

---

[2]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[3]     GAP, together with the above-captioned debtors and debtors-in-possession are referred to as the "Debtors," and these cases, as the "Chapter 11 Cases."

as the Court deems just and proper.  In support of this Motion, GAP relies on (i) the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon  First Day Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations")[4]  and (ii) the *Declaration of Michael Leto in Support of the Motion of Genesis Asia Pacific Pte. Ltd. for Entry of an Order Authorizing Genesis Asia Pacific Pte. Ltd. to Pay Certain Employee Severance Obligations* (the "Leto Declaration") attached hereto as Exhibit B. In further support of this Motion, GAP respectfully presents as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory bases for the relief requested herein are sections 105(a) and 363(b) of the Bankruptcy Code, and Rule 6004 of the Bankruptcy Rules.

## BACKGROUND

3.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide

---

[4]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Day Declarations.

lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

4.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

5.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the First Day Declarations.

## FACTS RELEVANT TO THIS MOTION

6.      At the inception of the Chapter 11 Cases, GAP sought authority to pay its employees certain unpaid prepetition wages and other compensation and to continue certain employee benefits programs, including postpetition severance benefits to non-insiders, as set forth in the *Motion of Genesis Asia Pacific Pte. Ltd. For Entry of Interim and Final Orders (I) Authorizing Genesis Asia Pacific Pte. Ltd. to (A) Pay Certain Employee Wages and Other Compensation and Related Obligations and (B) Maintain and Continue Employee Benefits and Programs in the Ordinary Course, and (II) Authorizing and Directing Applicable Banks to Honor*

3

*All Transfers Related to Such Obligations*, ECF No. 16, the ("Employee Wages and Benefits Motion").

7.      On January 27, 2023, the Court entered the *Interim Order (I) Authorizing Genesis Asia Pacific Pte. Ltd. to (A) Pay Certain Employee Wages and Other Compensation and Related Obligations and (B) Maintain and Continue Employee Benefits and Programs in the Ordinary Course, and (II) Authorizing and Directing Applicable Banks to Honor All Transfers Related to Such Obligations*, ECF No. 49 (the "Interim Wages Order").  The Interim Wages Order did not allow the payment of amounts over the statutory cap prior to the entry of the Final Order.

8.      On February 24, 2023 the Court entered the *Final Order (I) Authorizing Genesis Asia Pacific Pte. Ltd. to (A) Pay Certain Employee Wages and Other Compensation and Related Obligations and (B) Maintain and Continue Employee Benefits and Programs in the Ordinary Course, and (II) Authorizing and Directing Applicable Banks to Honor All Transfers Related to Such Obligations*, ECF No. 100, which granted the relief sought in the Employee Wages and Benefits Motion (the "Final Wages Order").  The Final Wages Order allowed the payment of prepetition severance obligations.  Final Wages Order at ¶ 6.  However, the Final Wages Order also did not allow the payment of Wages and Benefits (as defined in the Employee Wages and Benefits Motion), which includes payments for severance obligations, above the statutory cap.  In an abundance of caution, the Debtors file this Motion for the allowance of the Severance Obligations, which would be in excess of the statutory cap for each Former Employee.

9.      In the Employee Wages and Benefits Motion, GAP did not seek relief to make payments in excess of the $15,150.00 priority cap set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code (the "Statutory Cap") because GAP intended to fully settle any unpaid amounts prior to the Petition Date.  However, the Debtors discovered that a bank error on the eve

of the Petition Date prevented the payment of certain severance obligations to four former GAP employees, (the "Former Employees") from being paid out.  Leto Declaration at ¶ 5.  The total unpaid severance obligations for the Former Employees is approximately $21,850.62 [5], (the "Severance Obligations").  Leto Declaration at ¶ 4.  Due to other payments of prepetition obligations, including the balance of severance obligations, to the Former Employees, payment of the Severance Obligations to the Former Employees will exceed the Statutory Cap. Leto Declaration at ¶ 4.  None of the Former Employees are insiders under section 101(31) of the Bankruptcy Code. *See* Leto Declaration at ¶ 6.  Accordingly, the restrictions of section 503(c) of the Bankruptcy Code are not implicated in the Debtors' requested relief.

10.    The following chart sets forth the Severance Obligations owed to each Former Employee:

| Employee | Remaining Balance in SGD | Remaining Balance in USD |
|---|---|---|
| Employee 1 | $10,076.04 | $7,526.80 |
| Employee 2 | $10,076.04 | $7,526.80 |
| Employee 3 | $4,282.93 | $3,199.35 |
| Employee 4 | $4,816.16 | $3,597.67 |
| Total | $29,251.17 | $21,850.62 |

11.    GAP has been expending resources in responding to repeated demands from the Former Employees related to the payment of Severance Obligations. The failure to remit these payments could subject the Debtors to collection actions by the Former Employees.  The potential costs, disruption and burden of these potential proceedings far outweighs the modest cost of the relief sought.

---

[5]        All amounts contained herein are listed in U.S. dollars unless otherwise indicated.

## RELIEF REQUESTED

12.     By this Motion, GAP requests the entry of an order pursuant to sections 105(a) and 363(b) of the Bankruptcy Code authorizing, but not directing, GAP to pay and honor the prepetition Severance Obligations owed to the Former Employees.

## BASIS FOR RELIEF

**A.      Cause Exists to Authorize the Payment of the Severance Obligations**

13.     As set forth in further detail in the Employee Wages and Benefits Motion, GAP employs a select number of employees in Singapore, where GAP has certain obligations with respect to severance for employees terminated without prior notice.  Compliance with these obligations provides a strong justification for paying the Severance Obligations, as it is in GAP's best interest to remain in good standing with respect to the local laws and maintain employee morale.

14.     Further, the Severance Obligations were not paid out prior to the Petition Date the result of a bank error, and but for this error, GAP would have fully compensated the Former Employees prepetition.  Given that these Former Employees are owed a comparatively small amount relative to the entire amount of unpaid prepetition wages that GAP requested authority to pay in the Employee Wages and Benefits Motion, GAP submits to the Court that authorization to pay the Severance Obligations is in the interest of fairness and justice and would not significantly impair the value of the Debtors' estates.

15.     Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Under section 363(b), courts require only that the debtor articulate a sound business justification for its actions.  *See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Adelphia Commc'ns*

*Corp.*, No. 02-41729, 2003 WL 22316543, at *30 (Bankr. S.D.N.Y. Mar. 4, 2003). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted).

16.     GAP's proposed payment of the Severance Obligations should also be authorized pursuant to section 105(a) of the Bankruptcy Code and the "doctrine of necessity." Section 105(a) of the Bankruptcy Code, which codifies the inherent equitable powers of the bankruptcy court, empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Specifically, this Court may use its power under section 105(a) to authorize payment of prepetition obligations pursuant to the "doctrine of necessity" (also referred to as the "necessity of payment" doctrine). A bankruptcy court's use of its equitable powers to "authorize the payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *In re Ionosphere Clubs, Inc.*, 98 B.R. at 175. "Under [section] 105, the court can permit pre-plan payment of a pre-petition obligation when essential to the continued operation of the debtor." *In re NVR L.P.*, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) (citing *In re Ionosphere Clubs, Inc.*, 98 B.R. at 177); *see also In re Eagle-Picher Indus., Inc.*, 124 B.R. 1021, 1023 (Bankr. S.D.N.Y. 1991) ("[T]o justify payment of a pre-petition unsecured creditor, a debtor must show that the payment is necessary to avert a serious threat to the Chapter 11 process.").

17.     A number of courts have authorized payment of prepetition obligations in excess of the Statutory Cap under the "doctrine of necessity". *See e.g.*. Order, *In re LATAM Airlines Group S.A.*, Case No. 20-11254, ECF No. 269 (approving payment of prepetition severance

amounts in excess of the statutory priority amounts**)**;  Order, *In re Delta Air Lines, Inc*., Case No. 05-17930 (Bankr. S.D.N.Y. Sept. 16, 2005), ECF No. 150 (same); Order, *In re Northwest Airlines Corp*., Case No. 05-17930 (Bankr. S.D.N.Y. Sept. 15, 2005), ECF No. 67 (same); Order, *In re US Airways, Inc*., Case No. 04-13819 (Bankr. E.D. Va. Sept. 14, 2004), ECF No. 79 (approving payment of prepetition compensation, business expenses, employee benefits and related items, including payments in excess of the statutory priority amounts).

18.    The payment of the Severance Obligations would preserve the Debtors' estates and allow GAP to focus on the ongoing Chapter 11 Cases.  GAP has expended time, money and labor in responding to inquiries about the Severance Obligations from the Former Employees, and should not expend more resources in responding to further demands or incurring costs defending any potential collection actions brought by the employees when the resources are critical to the proceeding of various matters in the Chapter 11 Cases to effectuate the Debtors' restructuring.

19.    Furthermore, ensuring that the Severance Obligations are paid in full will increase employee morale, which is in the best interests of the Debtors.  Full payment of the outstanding prepetition severance obligations will increase the likelihood that current employees will remain in their positions and fully committed to the Debtors' restructuring efforts because it will give them certainty that severance payments will be fully honored in the future.

**B.        Waiver of Bankruptcy Rules 6004(a) and 6004(h)**

20.    To implement the foregoing successfully, GAP requests that the Court enter the Proposed Order providing that the notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that GAP has established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

21.     Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) counsel to the Committee; and (vii) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

22.     No prior motion for the relief requested herein has been made to this or any other court.

*[The remainder of this page is left intentionally blank]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, GAP respectfully requests that this Court

(a) enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant

such other and further relief as is just and proper.


Dated:    May 15, 2023
           New York, New York

                                    */s/ Jane VanLare*
                                      Sean A. O'Neal
                                      Luke Barefoot
                                      Jane VanLare
                                      CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                      One Liberty Plaza
                                      New York, New York 10006
                                      Telephone: (212) 225-2000
                                      Facsimile: (212) 225-3999

                                      *Counsel to the Debtors and Debtors-in-Possession*

**<u>EXHIBIT A</u>**
**Proposed  Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING GENESIS ASIA PACIFIC PTE. LTD  TO PAY CERTAIN EMPLOYEE SEVERANCE OBLIGATIONS

Upon the motion (the "Motion")[2] of Genesis Asia Pacific Pte. Ltd. ("GAP")  and the above

captioned affiliated debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an

order, as more fully described in the Motion, authorizing GAP to pay the Severance Obligations,

and for certain related relief; and upon the First Day Declarations and the Aronzon Declaration;

and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court of New York dated*

*January 31, 2012*; and the Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2), and that the Court may enter a final order consistent with Article III of the United

States Constitution, and the Court having found that venue of this proceeding and the Motion in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

relief requested in the Motion is in the best interests of GAP, its estates, their creditors and the

other parties in interest; and the Court having found that GAP's notice of the Motion and

---

[1]       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.       GAP is authorized to pay the Severance Obligations to the Former Employees in excess of the statutory priority cap set forth in 11 U.S.C. §507(a) in the amounts set forth in the Motion.

3.      Nothing in this order should be construed as approving any transfer pursuant to 11 U.S.C. § 503(c), and a separate motion will be filed for any request that could fall within Section 503(c).   No payment to any employee may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code.

4.      GAP is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.      Notwithstanding Bankruptcy Rule 6004, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____
       White Plains, New York          _____
                                        The Honorable Sean H. Lane
                                        United States Bankruptcy Judge

**Exhibit B**
**Leto Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## DECLARATION OF MICHAEL LETO IN SUPPORT OF GENESIS ASIA PACIFIC PTE. LTD.'S MOTION FOR  ENTRY OF AN ORDER AUTHORIZING GENESIS ASIA PACIFIC PTE. LTD. TO PAY CERTAIN EMPLOYEE SEVERANCE OBLIGATIONS

I, Michael Leto, hereby declare that the following is true and correct to the best of my knowledge, information, and belief:

1.      I am a Managing Director with Alvarez & Marsal North America, LLC ("A&M"), a restructuring advisory services firm specializing in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services and financial and operational restructuring, and a restructuring advisor to the above-captioned debtors and debtors-in-possession.  I am generally familiar with the day-to-day operations of the Debtors.

2.      I submit this declaration in support of the Motion which is being filed substantially simultaneously herewith.

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of GAP's Severance Obligations, or information supplied to me by members of the Debtors' management, other personnel and professional advisors regarding the GAP's Severance Obligations, or my opinion based on my experience, knowledge and information

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

concerning GAP's Severance Obligations.  To the extent that GAP learns that any information provided herein is materially inaccurate, GAP will act promptly to notify the Court and other parties; however, I believe all information herein to be true to the best of my knowledge, information and belief.  I am authorized to submit this Declaration on behalf of GAP and, if called upon to testify, I could and would testify competently to the facts set forth herein.

4.      It is my understanding that GAP planned to settle all outstanding amounts under severance agreements owed to four former employees prior to the Petition Date.  It is my further understanding that, however, due to a bank error, the amounts were not paid prior to the Petition Date.

5.      The outstanding Severance Obligations that exceed the statutory cap total $21,850.62.  The amount owed to each individual is set forth in the following table:

| Employee | Remaining Balance in SGD | Remaining Balance in USD |
|---|---|---|
| Employee 1 | $10,076.04 | $7,526.80 |
| Employee 2 | $10,076.04 | $7,526.80 |
| Employee 3 | $4,282.93 | $3,199.35 |
| Employee 4 | $4,816.16 | $3,597.67 |
| **Total** | $29,251.17 | $21,850.62 |

6.      I understand that none of the Former Employees are directors or officers of GAP.

7.      It is my belief that payment of the Severance Obligations is in the best interest of GAP and its Former Employees, as the employment agreements with the Former Employees require the payment of the Severance Obligations.

8.      GAP has received repeated demands from the Former Employees for the payment of Severance Obligations.  GAP has expended time, money and labor in responding to these repeated inquiries, and should not expend more resources in responding to further demands or preparing for possible collection actions.

9.      Finally, it is my belief that paying the Severance Obligations in full will increase employee morale.  Full payment of the outstanding prepetition severance obligations will increase the likelihood that current employees will remain in their positions and fully committed to the Debtors' restructuring efforts because it will give them certainty that severance payments will be fully honored in the future.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: May 15, 2023
      New York, New York

*/s/ Michael Leto*
Michael Leto
Managing Director
Alvarez & Marsal North America, LLC