CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF ORDER EXTENDING THE
DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN
AND SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

       **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC and its affiliates Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd., as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and the cases, the "Chapter 11 Cases"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

       **PLEASE TAKE FURTHER NOTICE** that an omnibus hearing (the "Hearing") has been scheduled for **June 5, 2023, at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order"), at which Hearing the *Debtors' Motion for Entry of an Order Extending the Debtors'*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Acceptances Thereof and Granting Related Relief* (the "Motion") will be heard.  The Hearing will be conducted only through Zoom for government.

      **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.  After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#.

      **PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained: (i) by accessing the Court's website at www.nysb.uscourts.gov or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, at https://restructuring.ra.kroll.com/genesis/ or by calling +1 888-524-2017.  Note that a PACER password is needed to access documents on the Court's website.

      **PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may affect your rights.  Please read the below pleadings to be heard at the Hearing carefully and, if you have one available, discuss them with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

      **PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections"), if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Court no later than **May 30, 2023 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline") and (b) served as required by the Case Management Order.

      **PLEASE TAKE FURTHER NOTICE** that, if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must timely file an Objection and attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:    May 19, 2023
New York, New York

/s/ Sean A. O'Neal
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors
and Debtors-in-Possession*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE
DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN
AND SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases,

collectively, the "Chapter 11 Cases") hereby submit this motion (the "Motion") for entry of an

order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to

section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending the

periods during which the Debtors have the exclusive right to (i) file a plan or plans (the

"Exclusive Filing Period") through and including August 27, 2023 and (ii) solicit acceptances

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

thereof (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the

"Exclusive Periods") through and including October 26, 2023, and respectfully state as follows:

## PRELIMINARY STATEMENT

1.      The Debtors have made substantial progress toward achieving their

restructuring goals in the short time since filing these Chapter 11 Cases.  From the outset, the

Debtors have worked to ensure a smooth transition into chapter 11 and lay the groundwork for

achieving a transparent, efficient and consensual restructuring. The Debtors' work to date

includes:

(a)     obtaining important procedural and operational relief in the form of "first day"
and "second day" relief;

(b)     filing a standalone *Joint Chapter 11 Plan* (ECF No. 20) (as it may be further
amended, supplemented or modified from time to plan, the "Plan") to provide a
path to a confirmable plan of reorganization even if the Debtors are not able to
reach a global resolution with their key stakeholders, which Plan can be amended
to reflect a consensual resolution to the extent one is reached;

(c)     engaging in extensive discussions with the Debtors' creditors, including with the
official committee of unsecured creditors (the "Committee"), Gemini Trust
Company, LLC ("Gemini") and an ad hoc group of lenders of Genesis Global
Capital, LLC (the "Ad Hoc Group"), and Digital Currency Group, Inc. ("DCG"),
Holdco's corporate parent and the Debtors' largest borrower, in an effort to reach
a value-maximizing consensual resolution to the Debtors' financial situation,
including by participating in an ongoing court-approved mediation process;

(d)     sharing and facilitating access to a wide range of diligence information and
providing feedback on numerous restructuring proposals that have been
exchanged by the Debtors' major stakeholders;

(e)    working with the Committee to obtain a court order redacting certain identifying information from the Schedules (as defined below) and other court documents in light of privacy and commercial concerns;

(f)    assisting the Special Committee with its investigation into certain prepetition transactions involving the Company, the DCG Entities and others;

(g)    preparing and filing the schedules of assets and liabilities and statements of financial affairs for the Debtors (the "Schedules");

(h)    obtaining the entry of the *Order (I) Approving the Bidding Procedures and Related Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, and (III) Granting Related Relief* (ECF No. 192) and launching a robust sale and marketing process in accordance with such bidding procedures;

(i)    obtaining the entry of the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim; (II) Approving Proof of Claim Forms, Bar Date Notices and Mailing and Publication Procedure; (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims and (IV) Providing Certain Supplemental Relief* (ECF No. 200), establishing a general claims bar date on May 22, 2023;

(j)    preparing for and successfully arguing numerous motions and applications at multiple omnibus hearings;

(k)    obtaining approval for the retention of numerous estate professionals for the Debtors, as well as ordinary course professionals to ensure the Debtors' operations are not disrupted; and

(l)    communicating and coordinating with the Office of the United States Trustee for the Southern District of New York to address questions and minimize disputes, where possible.[2]

2.    Despite the Debtors' significant progress thus far in the Chapter 11 Cases, much work remains to be done in light of the size and complexity of these Chapter 11 Cases. Among other things, the Debtors are continuing to (a) negotiate with parties in interest regarding the terms of the Plan and a potential global resolution, including through the ongoing Court-approved mediation, (b) solicit bids for the assets to be sold in the sales and marketing process and (c) reconcile claims and refine their understanding of the claims pool. In addition, among other things, the Debtors are working with the Committee, the Ad Hoc Group and other parties in interest on various amendments to the Plan, to be pursued if there is no global settlement.

3.    The Debtors submit that the requested 100-day extension of the Exclusive Periods will facilitate the Debtors' ongoing efforts to achieve a value-maximizing restructuring without the interruption of a competing plan. The Debtors thus seek to extend the Exclusive Filing Period through August 27, 2023 and the Exclusive Solicitation Period through October 26, 2023.

**BACKGROUND**

4.    Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading

---

[2]    Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declarations (as defined below).

services.  Holdco is a sister company of GGT and 100% owned by DCG, the Debtors' ultimate parent company.

5.        On January 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, the Committee was appointed in these cases, ECF No. 55.

6.        Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2*, ECF No. 17, the *Declaration of Paul Aronzon in Support of Chapter 11 Petition and First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 19, and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 28 (collectively, the "First Day Declarations").

## JURISDICTION AND VENUE

7.        The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy

5

Procedure and rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the

Southern District of New York.

## RELIEF REQUESTED

8.      The Debtors hereby request entry of an order pursuant to section 1121(d)

of the Bankruptcy Code extending (a) the Exclusive Filing Period through and including August

27, 2023 and (b) the Exclusive Solicitation Period through and including October 26, 2023.

## BASIS FOR RELIEF

**A.      The Court Has Broad Discretion to Grant the Debtors' Motion to Extend the
Exclusive Periods.**

9.      Recognizing that debtors would experience disruption to their businesses

if creditors were forced to consider multiple, simultaneous competing plans, Congress created

exclusive periods during which debtors have a complete opportunity to propose a chapter 11 plan

and solicit acceptances.  In enacting chapter 11 of the Bankruptcy Code, Congress sought to give

debtors the occasion to develop, solicit acceptances of and implement a consensual chapter 11

plan free from the interference, disruption and confusion that would result from competing plans

proposed by non-debtor parties.  Thus, under section 1121(b) of the Bankruptcy Code, a debtor

has an initial exclusive 120-day period to file a chapter 11 plan.  Under section 1121(c)(3) of the

Bankruptcy Code, if a debtor files a plan within the 120-day period, it has an additional 60 days

to secure acceptances of its plan.  The Debtors' Exclusive Filing Period and Exclusive

Solicitation Period are currently are set to expire on May 19, 2023 and July 18, 2023,

respectively.

10.      The Court has wide latitude to extend the Exclusive Periods under section

1121(d) of the Bankruptcy Code.  *See* 11 U.S.C. § 1121(d) ("on request of a party in interest

made within the respective periods specified in subsections (b) and (c) of this section and after

notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section"). The Court may extend the Exclusive Filing Period for a chapter 11 plan to 18 months and the Exclusive Solicitation Period to 20 months from the Petition Date. *Id.* § 1121(d)(2). So long as the Court finds cause and the Debtors provide "no reason to believe that they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003).

11.    The Bankruptcy Code does not define the cause standard articulated in section 1121 of the Bankruptcy Code, but the provision's legislative history evidences Congress's intent for it to be a pliable standard. *See* H.R. Rep. No. 95-595, at 231–32 (1987), *reprinted in* 1978 U.S.C.C.A.N. 5963 (indicating that bankruptcy courts have wide discretion to allow a debtor full opportunity to negotiate a chapter 11 plan without other parties' interference). Under section 1121's "for cause" standard, a debtor should be given a fair opportunity to negotiate a chapter 11 plan with creditors. *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

12.    Courts in the Second Circuit consider the totality of the circumstances in exercising their discretion to grant section 1121(d) motions to extend a debtor's plan exclusivity periods. *See, e.g.*, *In re Borders Group, Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Excel Mar. Carriers Ltd.*, No. 13-23060 (RDD), 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997). Among the factors courts look to in determining whether to grant an extension of the plan exclusivity periods are:

(a)    the size and complexity of the debtor's case;

(b)    the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information [for creditors regarding such plan];

(c)    the existence of good faith progress toward reorganization;

(d)    the fact that the debtor is paying its bills as they become due;

(e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)    whether the debtor has made progress in negotiations with its creditors;

(g)    the amount of time which has elapsed in the case;

(h)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i)    whether an unresolved contingency exists.

*Borders*, 460 B.R. at 822 (citing *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006)); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (citing five of the above factors).  Because not all factors are pertinent to every chapter 11 case, courts may consider the relevant factors in determining whether cause to extend the plan exclusivity periods exists.  *See In re Adelphia Commc'ns Corp.*, 352 B.R. at 586 ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific."); *Borders*, 460 B.R. at 822 ("[T]he court has broad discretion in extending or terminating exclusivity . . . ."); *see also In re Lehigh Valley Prof'l Sports Club, Inc.*, No. 00-11296, 2000 WL 290187, at *2 (Bankr. E.D. Pa. Mar. 14, 2000) (relief under section 1121(d) "is committed to the sound discretion of the bankruptcy judge").

**B.    The Court Should Grant the Debtors' Motion to Extend the Exclusive Periods Because the Debtors' Chapter 11 Cases Are Large and Complex**

13.    A debtor can successfully show cause based on the size and complexity of its case alone.  *See* H.R. Rep. No. 95-595, at 232 (1978), *reprinted in* U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326–27 (recognizing that a court should grant a debtor's motion to extend the

Exclusive Periods where the debtor is a large company); *In re Express One Int'l Inc.*, 194 B.R.

98, 100 (Bankr. S.D. Tex. 1996) ("The traditional ground for cause is the large size of the debtor

and the concomitant difficulty in formulating a plan of reorganization.").

14.    The size and complexity of these Chapter 11 Cases alone justify granting

the Debtors' Motion and extending the Exclusive Periods.  The Debtors' balance sheets reflect

billions of dollars of assets and liabilities that will need to be restructured in these Chapter 11

Cases.  In addition, the Debtors' business operates in the digital asset industry, which has

experienced unprecedented upheaval and faces an evolving regulatory regime.  The nature of the

Debtors' business, the current market conditions in the digital asset space and the sheer size and

breadth of the Debtors' assets and liabilities present a number of complexities that must be

considered as part of the Debtors' negotiation and formulation of the Plan.  Accordingly, the

Debtors' request to extend the Exclusive Periods is more than reasonable under present

circumstances.

**C.    Since Filing for Chapter 11 Protection, the Debtors Have Made Substantial Good
Faith Progress Toward Exiting Chapter 11**

15.    Although the size and complexity of the Debtors' Chapter 11 Cases alone

is sufficient for the Court to grant the Debtors' motion to extend the Exclusive Periods, the

Debtors have also made substantial, good faith progress toward exiting chapter 11.  As described

in paragraph 1 above, the Debtors have made tremendous efforts to advance these Chapter 11

Cases, actively engage with key stakeholders and position the Debtors to expeditiously achieve a

value-maximizing restructuring.

16.    These efforts collectively demonstrate the Debtors' good faith desire to

successfully reorganize in chapter 11.  *See Borders*, 460 B.R. at 823 (finding that a debtor's court

9

filings, negotiations and general case activity are sufficient for demonstrating good faith progress toward exiting chapter 11). Accordingly, the Debtors' Motion is both justified and reasonable.

**D.    Granting the Debtors' Motion to Extend the Exclusive Periods Will Not Harm or Pressure Creditors**

17.    An extension of the Exclusive Periods will neither prejudice nor pressure creditors or any interested parties. This Motion is the Debtors' first request for an extension of their Exclusive Periods and just under four months have passed since the Petition Date. The Debtors have maintained ongoing and transparent communications with their key stakeholders throughout these Chapter 11 Cases and have engaged in extensive negotiations with such stakeholders around the form of a possible consensual restructuring. The Debtors are also working with key stakeholders to amend the Plan currently on file, with a goal of proceeding with the Plan even if there is no global resolution. In addition, the Debtors have worked with all parties in interest in a constructive manner, including the Committee and the U.S. Trustee, to minimize disputes and resolve contested matters whenever possible. The Debtors remain committed to continuing these efforts going forward as they move toward achieving a successful reorganization.

18.    Continued exclusivity will permit the Debtors to avoid the disruptions that would result from the development of competing plans and will benefit the Debtors' estates, their creditors and all other parties-in-interest. In addition, should a change in circumstances result in a creditor being pressured after the Exclusive Periods are extended, the creditor may move as a party in interest to terminate the Debtors' Exclusive Periods under 11 U.S.C. § 1121(d). Accordingly, granting this Motion will not harm the creditors in these Chapter 11 Cases.

**E.      The Debtors Continue to Make Their Payments as They Become Due and Maintain the Continued Ability to Do So.**

19.      A debtor's liquidity and solvency are an additional factor courts consider in granting an extension of exclusivity.  *See Adelphia Commc'ns Corp.*, 352 B.R. at 587; *Texaco*, 76 B.R. at 322.  The Debtors have continued to make payments pursuant to their postpetition obligations as they come due in the ordinary course and will continue to do so throughout these Chapter 11 Cases.  As such, this factor weighs in favor of allowing the Debtors to extend the Exclusive Periods.

**F.      The Debtors Must Resolve Important Contingencies**

20.      A debtor having unresolved contingencies is an additional factor justifying extending the debtor's plan exclusivity periods.  *See, e.g.*, *Borders*, 460 B.R. at 826; *Adelphia Commc'ns Corp.*, 352 B.R. at 587.  Though the Debtors have taken extraordinary actions since the Petition Date to resolve issues and pave the way for a consensual restructuring, certain contingencies remain unresolved.  Among other things, until the claims bar date passes and the Debtors are given an opportunity to analyze the claims filed, the Debtors and all parties in interest will not have a full understanding of the claims pool for a plan of reorganization, which will impact anticipated recoveries and may affect the contours of a chapter 11 plan.  In addition, the Debtors are working to evaluate various preference claims that they may pursue or that may be pursued against them, all of which will factor into the Plan.  Granting the requested extension of the Exclusive Periods will provide the Debtors with time to resolve such contingencies and build consensus among their stakeholders without the interruption of a competing plan.  Accordingly, this factor supports the relief requested in the Debtors' Motion.

G.    **The Totality of the Circumstances Justifies Granting the Debtors' Motion to Extend Their Exclusive Periods**

21.    Together, the factors discussed above justify granting the Debtors' Motion to extend their Exclusive Periods.  The relief requested will prevent all parties-in-interest from having to negotiate across multiple chapter 11 plans, a situation that would produce substantial uncertainty in light of the complexity of these Chapter 11 Cases.  Extending the Exclusive Periods will benefit all stakeholders, including the Debtors, their creditors and other parties-in-interest, since it will allow all stakeholders to continue making progress toward a possible consensual, value-maximizing restructuring.  In addition, the extension will allow the Debtors to continue working on amendments to the Plan that could be implemented even if there is no global settlement. Such extensions are common in large chapter 11 cases.  *See, e.g.*, *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. Mar. 9, 2023) (ECF No. 2203) (extending the debtors' exclusive filing period and exclusive solicitation period for a second time by a total of 141 days and 172 days, respectively); *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y. Jan. 24, 2023) (ECF No. 906) (extending the debtors' exclusive filing period and exclusive solicitation period for a second time by a total of 121 days and 119 days, respectively); *Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Aug. 07, 2020) (ECF No. 678) (extending the debtors' exclusive periods by 120 days); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. Mar. 8, 2018) (ECF No. 248) (granting the debtors' motion to extend the exclusive periods by 120 days); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. May 25, 2017) (ECF No. 970) (same); *In re Republic Airways Holdings Inc.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. May 27, 2016) (ECF No. 610) (granting the debtors' motion to extend the exclusive periods by 190 days); *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Sept. 11, 2012) (ECF No.

1413) (granting the debtors' motion to extend the exclusive periods by 270 days); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. May 1, 2012) (ECF No. 1602) (granting the debtors' motion to extend the exclusive periods by 180 days).

22.     The Debtors are performing all necessary tasks as chapter 11 debtors to facilitate an optimal resolution of these Chapter 11 Cases.  Consequently, ample cause exists for granting the Debtors' Motion to extend the Exclusive Periods.

## NOTICE

23.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

24.     No prior request for the relief requested herein has been made to this or any other Court.

[*The remainder of this page is left blank intentionally*]

## **<u>CONCLUSION</u>**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that this Court (a) enter an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, and

(b) grant such other and further relief as is just and proper.


Dated:  May 19, 2023                               */s/ Sean A. O'Neal*
       New York, New York                          Sean A. O'Neal
                                          Luke A. Barefoot
                                          Jane VanLare
                                          CLEARY GOTTLIEB STEEN &
                                          HAMILTON LLP
                                          One Liberty Plaza
                                          New York, New York 10006
                                          Telephone: (212) 225-2000
                                          Facsimile: (212) 225-3999


                                          *Counsel to the Debtors and*
                                          *Debtors-in-Possession*

## EXHIBIT A

### Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER EXTENDING DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121(d)

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") (a) extending the Exclusive Filing Period through and including August 27, 2023 and the Exclusive Solicitation Period through and including October 26, 2023, without prejudice to the Debtors' right to seek further extensions of the Exclusive Periods, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court on June 5, 2023 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is GRANTED and approved to the extent set forth herein.

2.       Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Filing Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including August 27, 2023.

3.       Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Solicitation Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including October 26, 2023.

4.       Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusive Periods consistent with section 1121(d) of the Bankruptcy Code.

5.       The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Motion or the implementation, interpretation or

enforcement of this Order.


Dated: _____, 2023
        New York, New York

 

THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE