**Objection Deadline:** June 8, 2023 at 4:00 p.m. (Prevailing Eastern Time)
**Hearing Date:** June 15, 2023, at 11:00 a.m. (Prevailing Eastern Time)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION TO ESTABLISH
PROCEDURES AND A SCHEDULE FOR ESTIMATING THE
AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE DEBTORS UNDER
BANKRUPTCY CODE SECTIONS 105(a) AND 502(c) AND BANKRUPTCY RULE 3018**

        **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC and its affiliates Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd., as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and the cases, the "Chapter 11 Cases"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

        **PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") has been scheduled for **June 15, 2023, at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

Southern District of New York pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order"), at which Hearing the *Motion to Establish Procedures and a Schedule for Estimating the Amount of the FTX Debtors' Claims Against the Debtors Under Bankruptcy Code Sections 105(a) And 502(c) and Bankruptcy Rule 3018* (the "Motion") will be heard. The Hearing will be conducted only through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained: (i) by accessing the Court's website at www.nysb.uscourts.gov or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, at https://restructuring.ra.kroll.com/genesis/ or by calling +1 888-524-2017. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may affect your rights. Please read the below pleadings to be heard at the Hearing carefully and, if you have one available, discuss them with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections"), if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Court no later than **June 8, 2023 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline") and (b) served as required by the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that, if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must timely file an Objection and attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

| | |
|---|---|
| Dated: June 1, 2023<br>New York, New York | */s/ Jane VanLare*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**MOTION TO ESTABLISH
PROCEDURES AND A SCHEDULE FOR ESTIMATING THE
AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE DEBTORS UNDER
BANKRUPTCY CODE SECTIONS 105(a) AND 502(c) AND BANKRUPTCY RULE 3018**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, collectively, the "Chapter 11 Cases"), hereby move this Court for entry of an order, in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 502(c)(1) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) establishing procedures and a schedule for estimating for the purposes of voting, allowance and distribution, in accordance with the timeline attached hereto as **Exhibit B** (the "Estimation Schedule"), the unliquidated claims asserted by Alameda Research LLC, Alameda Research Ltd. ("Alameda"), and FTX

4

Trading Ltd. (collectively, the "FTX Debtors") in the Proofs of Claim (hereinafter defined) at $0.00, and (ii) granting other related relief as the Court deems just and proper. In support of this motion, the Debtors respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 502(c)(1) of the Bankruptcy Code and Rule 3018 of the Bankruptcy Rules.

## BACKGROUND

3. Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG"), the Debtors' ultimate parent company.

4. On February 6, 2019, Genesis Global Capital LLC, ("GGC"), as lender, and Alameda Research LLC, as borrower, entered into a master loan agreement (the "February 2019 MLA"), which set forth the terms and conditions for GGC's and Alameda's lending and borrowing relationship. On May 9, 2019, GGC and Alameda Research LLC entered into another master loan agreement specifying the terms of the lending and borrowing relationship, but where Genesis was defined as the borrower and Alameda Research LLC was defined as the lender (the "May 2019 MLA"). On December 22, 2020, Alameda Research LLC, Alameda, and GGC entered into an Assignment and Assumption of Master Digital Currency Loan Agreement (the "First A&A Agreement"). Under the A&A Agreement, Alameda Research LLC assigned its

5

rights and obligations under the February 2019 MLA to Alameda. On December 22, 2020, GGC as lender, and Alameda, as borrower, entered into an amended and restated version of the February 2019 MLA (the "A&R MLA"). The A&R MLA defined general loan terms, collateral requirements, and loan repayment procedures pursuant to which GGC and Alameda engaged in a large number of complex transactions involving fiat currency and digital assets between February 6, 2019 and November 11, 2022. On June 23, 2022, Alameda Research LLC, Alameda, and GGC entered an Assignment and Assumption of Master Loan Agreement (the "Second A&A Agreement"). Under the A&A Agreement, Alameda Research LLC assigned its rights and obligations under the May 2019 MLA to Alameda.

5. Under the A&R MLA, when GGC loaned funds or digital currency to Alameda, Alameda was required to maintain a certain level of collateral with GGC (also generally in the form of fiat currency or digital assets) and to pay a financing fee (as specified in the relevant loan term sheet) which would accrue on a daily basis and become payable in-kind on a monthly basis (upon the delivery of a monthly invoice) until the loan was repaid. The collateral provided pursuant to the A&R MLA and relevant term sheets served as security for the Alameda's obligations under the A&R MLA. In the event that the value of the total amount of collateral maintained with GGC fell below a specified percentage of the total value of the Loaned Assets outstanding under the A&R MLA, Alameda was required, at GGC's request, to provide additional collateral to GGC.

6. When Alameda repaid a loan to GGC, GGC was required to return certain collateral that had been provided by Alameda in connection with that loan. Because GGC could also borrow funds from Alameda pursuant to the May 2019 MLA, the same process also occurred in reverse. Between February 2019 and November 2022, GGC provided

6

cryptocurrency loans to Alameda, and Alameda provided cryptocurrency loans to GGC; in connection with those loans, assets held as collateral also transferred between GGC and Alameda.

7. Non-Debtor affiliate GGC International Limited deposited digital currency and engaged in trading activity on FTX.com. The Debtors are not aware of any transactions between the Debtors and FTX.com.

8. On November 11, 2022 (the "FTX Petition Date"), the FTX Debtors commenced their chapter 11 proceedings in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court").

9. On January 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases.

10. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2*, ECF No. 17, the *Declaration of Paul Aronzon in Support of Chapter 11 Petition and First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 19, and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 28 (collectively, the "First Day Declarations").

11. On April 4, 2023, this Court entered an order establishing May 22, 2023 at 4:00 p.m., Eastern Time, as the general bar date for filing proofs of claim, ECF No. 200.

12. On May 3, 2023, the FTX Debtors filed the *Motion of FTX Trading Ltd. and its Affiliated Debtors for an Order Modifying the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) and Bankruptcy Rule 4001*, ECF No. 289 (the "Lift Stay Motion") seeking to pursue preference claims against the Debtors in the cases captured as *In re FTX Trading Ltd.*, Case No. 22-11068 (Bankr. D. Del. Nov. 11 2022). By the Lift Stay Motion, the FTX Debtors seek to lift the automatic stay in these Chapter 11 Cases to permit them to bring preference actions in the Delaware Bankruptcy Court against the Debtors and their affiliates in connection with approximately $3.673 billion in alleged transfers made to the Debtors in the 90 days before the FTX Petition Date. The Debtors intend to file an objection to the Lift Stay Motion, which will describe in more detail why the requested relief is not warranted under the circumstances. The Lift Stay Motion is scheduled to be heard on June 15, 2023.

13. On May 22, 2023, FTX Trading Ltd. filed Claim No. 415 against Holdco, Claim No. 419 against Genesis Asia Pacific, Ltd. ("GAP"), and Claim No. 426 against GGC; Alameda Research LLC filed Claim No. 422 against Holdco, Claim No. 420 against GAP, and Claim No. 513 against GGC; and Alameda Research Ltd. filed Claim No. 508 against Holdco, Claim No. 457 against GAP, and Claim No. 512 against GGC (the proofs of claim collectively, the "Proofs of Claim" and the claims identified therein, the "FTX Claims"). Each Proof of Claim asserts various claims totaling $3,876,473,714. The face value of the asserted FTX Claims is more than 250% of the value of the Debtors' liquid assets and equal to approximately 90% of all scheduled claims against GGC combined. *See* ECF No. 349 (Debtors' Cash and Coin Report as of 5/31/2023) (reporting approximately $1.4 billion in cash, digital assets, and shares held in

brokerage accounts); *see also* ECF No. 187 (Summary of Debtors' Schedules and Statements) (reporting $4.079 billion in GGC liabilities). The Debtors dispute the FTX claims and intend to file objections to the FTX Claims.

14. The Debtors have been working expeditiously with all parties in interest to formulate a plan structure. The Debtors anticipate filing an Amended Chapter 11 Plan and related Disclosure Statement in the next several weeks. Given the anticipated timeline for confirmation of the Debtors' proposed Amended Chapter 11 Plan, and the magnitude of the FTX Claims, the Debtors respectfully submit that it is in the best interests of all parties to establish procedures and the Estimation Schedule to estimate, for purposes of voting, allowance and distribution, the claims asserted by the FTX Debtors in these Chapter 11 Cases.

## RELIEF REQUESTED

15. Based on the foregoing, the Debtors request the entry of an order, pursuant to sections 105(a) and 502(c)(1) of the Bankruptcy Code and Bankruptcy Rule 3018, (i) estimating, for the purposes of voting, allowance and distribution, in accordance with the Estimation Schedule, the unliquidated claims asserted by the FTX Debtors in the Proofs of Claim at $0.00, and (ii) granting other related relief as the Court deems just and proper.

## BASIS FOR RELIEF

16. Section 502(c) of the Bankruptcy Code provides that "there shall be estimated for purposes of allowance under this section ... any contingent or unliquidated claim, the fixing of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c)(l). Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow [a] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan. Fed. R. Bankr. P. 3018(a). "Estimation by the Court is mandatory, provided that the movant establishes that fixing or liquidation of the claim would

unduly delay the administration of the case." *In re RNI Wind Down Corp.,* 369 B.R. 174, 191 (Bankr. D. Del. 2007) (noting that the purpose of section 502(c) is to prevent the debtor's estate from "being held hostage by the fixing or liquidation of an unliquidated or contingent claim"). Estimation can be used to set reserves for the purpose of allowing timely distributions under a chapter 11 plan. *See, e.g., In re Adelphia Commc'ns Corp.*, 368 B.R. 140, 279 (Bankr. S.D.N.Y. 2007) (estimating claim for purposes of establishing reserve); *In re Enron Corp.*, No. 01-16034 (AJG), 2006 WL 544463, at *8 (Bankr. S.D.N.Y. Jan. 17, 2006) (same). Estimation can be used for all purposes, including voting. *In re C.F. Smith & Assoc.*, 235 B.R. 153, 159 (Bankr. D. Mass. 1999) ("[a] section 502(c) estimation is often employed for purposes other than adjudicating the merits of claim, such as to establish voting rights or determine a plan's feasibility. In some cases courts have estimated the value of a claim for all purposes, including distribution")(citations omitted).

17. In assessing whether the liquidation of a claim would "unduly delay" the chapter 11 proceedings, courts "consider all the circumstances in the case and, in particular, how long the liquidation process would take compared with the uncertainty due to the contingency question [as well as] [t]he costs and benefits associated with both liquidation and estimation." *In re Teigen*, 228 B.R. 720, 723 (Bankr. D.S.D. 1998) (citations omitted); *see also In re Lane*, 68 B.R. 609, 611 (Bankr. D. Haw. 1986) (granting motion to estimate where unliquidated claim delayed plan confirmation); *see also In re Interco Inc.,* 137 B.R. 993, 998 (Bankr. E.D. Mo. 1992) (estimating retirement fund's ERISA claim where deferring "determination of this claim to arbitration would leave a void in the Debtors' plan formulation equation…[and] it would be difficult for this Court to determine the feasibility of a plan").

10

18. Estimation of the FTX Claims for the purposes of voting, allowance and distribution at $0.00 is critical to avoid undue delay in the timing and amount of creditor distributions, and to expeditiously pursue confirmation of a chapter 11 plan. The fixing (or liquidation) of the amounts of the FTX Claims through the traditional litigation process (which is likely to include extensive document discovery and fact development, depositions of employees and possibly expert witnesses, a full evidentiary trial, post-trial motion practice, and what could be a lengthy appellate process) would undoubtedly cause exactly the type of "undue delay" to the administration of the Debtors' Chapter 11 Cases that is contemplated by section 502(c). This process will unreasonably delay the administration of the Debtors' estates, which otherwise is proceeding apace, with the Debtors hoping to confirm a plan in August, prior to the expiration of their requested extended Exclusive Periods[2]. Given the sheer size of the asserted FTX Claims compared to the Debtors' assets and scheduled claims pool, it would be practically impossible to implement any chapter 11 plan without estimating the FTX Claims. Thus, pursuant to section 502(c) of the Bankruptcy Code, the Court is *required* to estimate the amount of the FTX Claims for the purposes of allowance and distribution.

19. Bankruptcy courts have broad discretion in estimating claims. *See In re Chemtura Corp.,* 448 B.R. 635, 648–49 (Bankr. S.D.N.Y. 2011) ("[T]here are no other limitations on the court's authority to evaluate the claim save those general principles which should inform all decisions made pursuant to the [Bankruptcy] Code"); *see also Bittner v. Borne Chemical Co.*, 691 F.2d 134, 135 (3d Cir. 1982) ("[W]e are persuaded that Congress intended [estimation] to be undertaken … using whatever method is best suited to the particular contingencies at issue."). Estimation requires only "sufficient evidence on which to base a

---

[2] As defined in the *Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement*, ECF No. 329.

reasonable estimate of the claim." *Id.* A court may authorize the estimation and approximation of the value of the claim using "whatever method is best suited to the circumstances at issue and recognizing that absolute certainty is not possible." *In re Brints Cotton Marketing, Inc.*, 737 F.2d 1338, 1341 (5th Cir. 1984). In this vein, courts have wide latitude in limiting discovery and relaxing the rules of evidence. *See In re Chateaugay Corp.*, 156 B.R. 391, 403 (S.D.N.Y. 1993); *see also Bittner*, 691 F.2d at 135 (estimation requires only "sufficient evidence on which to base a reasonable estimate of the claim"). Courts have held that in this context, the substance of the claim, rather than procedural formalities, are of paramount importance in the bankruptcy court's consideration of a claim to be estimated, *see In re FV Steel and Wire Co.*, 372 B.R. 446, 453 (Bankr. E.D. Wis. 2007), and a court may use its discretion in ordering a particular process for fixing the value of a claim to be estimated for purposes of allowance, voting and plan distribution.

20. In this District, courts frequently estimate claims "based on the probability of the success of various potential outcomes if decided on the merits." *In re Chemtura*, 448 B.R. at 650 (citations omitted); *see also In re Thomson McKinnon Secs., Inc.*, 191 B.R. 976, 989–90 (Bankr. S.D.N.Y. 1996). Such procedural flexibility allows courts to expediently estimate claims, such as engaging in "a mere review of pleadings, briefs, and a one-day hearing involving oral argument of counsel." *In re Windsor Plumbing Supply Co., Inc.*, 170 B.R. 503, 520 (Bankr. E.D.N.Y. 1994) (citation omitted); *see also In re Lane*, 68 B.R. at 613 (estimating claims after "review[ing] the numerous pleadings and briefs of the debtor and [the creditors]").

21. Here, the Debtors believe that estimation can be accomplished through streamlined discovery, limited fact depositions, and expert testimony by the dates set forth in the

12

proposed Estimation Schedule, which aligns with the Debtors' requested extended Exclusive Periods and expected plan approval process.

22.  Accordingly, this Court should use its discretion to establish procedures to estimate the amount of the FTX Claims against the Debtors at $0.00, in accordance with the proposed Estimation Schedule for the purposes of voting, allowance and distribution. The requested estimation will ensure that benefits of these Chapter 11 Cases can be realized without being over-burdened or slowed by full litigation of the FTX Claims.

23.  It is the Debtors' understanding that the Official Committee of Unsecured Creditors agrees that estimation of the FTX Claims is warranted and appropriate.

## RESERVATION OF RIGHTS

24.  The Debtors reserve their right to object to each of the Proofs of Claim on any and all additional factual or legal grounds. Nothing in this Motion shall be deemed an admission by the Debtors of any matter, including liability, allowance, or disallowance of any claim against the Debtors.

## NOTICE

25.  The Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

26.  No prior request for the relief sought herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

| | |
|---|---|
| Dated: June 1, 2023<br>New York, New York | */s/ Jane VanLare*<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>One Liberty Plaza<br>New York, New York 1006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* |

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER ESTABLISHING
PROCEDURES AND A SCHEDULE FOR ESTIMATING THE
AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE DEBTORS UNDER
BANKRUPTCY CODE SECTIONS 105(a) AND 502(c) AND BANKRUPTCY RULE 3018**

Upon the Motion[1] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for approval pursuant to sections 105(a) and 502(c) of the Bankruptcy Code and rule 3018 of the Bankruptcy Rules to establish procedures and a schedule for estimating the amount of the FTX Claims against the Debtors at $0.00 for purposes of allowance, distribution and voting, all as described more fully in the Motion, and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. All claims asserted by the FTX Debtors against the Debtors in the Proofs of Claim shall be estimated pursuant to 11 U.S.C. § 502(c) and rule 3018 of Federal Rules of Bankruptcy Procedure for purposes of allowance, distribution, and voting in accordance with the Estimation Schedule. The Estimation Schedule may be amended by agreement of the Debtors and the FTX Debtors, following consultation with the Committee, or upon further order of this Court.

3. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2023
        New York, New York

                                                    _____
                                                    THE HONORABLE SEAN H. LANE
                                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

## PROPOSED ESTIMATION SCHEDULE

| | |
|---|---|
| Deadline to identify experts | July 5, 2023 |
| Deadline to complete fact discovery, including depositions | July 12, 2023 |
| Deadline to complete and exchange expert discovery including submission of expert reports and rebuttal reports (if any) and expert depositions | July 21, 2023 |
| Deadline to file Debtors' brief in support of estimation | July 24, 2023 |
| Response deadline | August 7, 2023 |
| Reply deadline | August 10, 2023 |
| Evidentiary Hearing | August 15, 2023 |