Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Benjamin S. Beller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Fax: (212) 558-3588

*Counsel for FTX Trading Ltd. and Affiliated Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> Genesis Global Holdco, LLC., *et al.*,[1] <br><br><br> Debtors. | Chapter 11 <br><br> Case No: 23-10063 (SHL) <br><br> Jointly Administered |

### FTX DEBTORS' OBJECTION TO GENESIS DEBTORS' MOTION TO ESTABLISH PROCEDURES AND A SCHEDULE FOR ESTIMATING THE AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE GENESIS DEBTORS UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502(c) AND BANKRUPTCY RULE 3018

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, "FTX Debtors") hereby submit this objection (the "Objection") to the *Debtors' Motion to Establish Procedures and a Schedule for Estimating the Amount of the FTX Debtors' Claims Against the Debtors Under Bankruptcy Code Sections 105(a) and 502(c) and Bankruptcy*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*Rule 3018*, Docket. No. 373 (the "Estimation Motion"), filed by the debtors and debtors-in-possession (collectively, the "Genesis Debtors") in the above-captioned chapter 11 cases (the "Genesis Cases").  In support of their Objection, the FTX Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.      The legal collision between the FTX chapter 11 cases and the Genesis Cases implicates two distinct core principles with respect to the FTX Debtors' asserted claims against the Genesis Debtors.  First, questions that apply generally to all creditors of the FTX Debtors against whom the FTX Debtors assert preference claims—for example, the meaning of ordinary course for the FTX Debtors—should be decided by Judge Dorsey in the U.S. Bankruptcy Court for the District of Delaware under Third Circuit law, and applied to all FTX creditors in a consistent manner.  Second, the liquidation of the FTX Debtors' preference claims against the Genesis Debtors should not "unduly delay" the administration of the Genesis Cases.

2.      There are ways to reconcile these two principles.  But the Genesis Debtors are not even trying.  The Estimation Motion disregards the importance of the first core principle of ensuring the fair and consistent adjudication of all preference actions in the FTX Cases, and is gratuitously prejudicial to creditors of the FTX Debtors.  As a result, the Estimation Motion should be denied.

3.      The FTX Debtors timely asserted proofs of claims against the Genesis Debtors for avoidance action claims in an asserted amount in excess of $3.8 billion.  The claims are large in amount, but the FTX Debtors are prepetition creditors in the Genesis Cases.  Nothing more.  Their only aim is to have a fair opportunity to adjudicate their claims for the benefit of their own creditors.  That is why the FTX Debtors filed the Lift Stay Motion to pursue liquidation of their preference claims in Delaware.  As described in more detail in that motion,

adjudication of the preference claims (in any court) will require determination of factual and legal issues that will apply equally to the hundreds, if not thousands, of preference claims and other avoidance actions, including the preference action against the Genesis Debtors' non-debtor affiliate, GGC International. Adjudication of preference actions in Delaware is relevant not only for affirmative claims by the FTX Debtors, but also for potential defenses to the allowance of claims asserted against the FTX Debtors under section 502(d) of the Bankruptcy Code.

4.        As a threshold legal matter, the Estimation Motion in its current form must be denied because the Genesis Debtors fail to carry their burden under section 502(c) of the Bankruptcy Code to show (and indeed fail to make any showing) that estimation of the FTX Claims is required to avoid "undue delay." *See In re Dow Corning Corp.*, 211 B.R. 545, 573 (Bankr. E.D. Mich. 1997) ("[T]he party moving for estimation must show that the normal mode of liquidating the claim would create undue delay in the bankruptcy process."); *In re LightSquared Inc.*, 2014 WL 5488413, at *5 (Bankr. S.D.N.Y. Oct. 30, 2014) (denying estimation when "[the movant] has failed to demonstrate undue delay . . . as it is required to show pursuant to section 502(c)"). The Genesis Debtors' conclusory assertions of "undue delay" in the Estimation Motion are plainly insufficient to meet this requirement. Moreover, the Genesis Debtors cannot simply manufacture undue delay by choosing a plan that makes it "critical" to estimate the FTX Claims when there are any number of viable plan alternatives that would moot the need for estimation and avoid the resulting prejudice to the FTX Debtors and their creditors.[2]

5.        However, the FTX Debtors recognize that the Court's discretion to determine whether and how to estimate claims under section 502(c). To the extent the Court

---

[2]        Estimation Motion, ¶ 18.

determines that estimation under section 502(c) of the Bankruptcy Code is warranted, rather than adopt the all-encompassing approach proposed by the Genesis Debtors, the FTX Debtors respectfully submit that the Court should narrowly tailor the scope of the estimation proceeding to minimize prejudice to the FTX Debtors while addressing the purported undue delay that the Genesis Debtors fear.  *See In re North American Health Care, Inc.*, 544 B.R. 684, 689 (Bankr. C.D. Cal. 2016) "[b]ecause estimation is a second-best method, [the scope of estimation] should be confined to the extent necessary to accomplish the overarching goal of avoiding undue delay . . . and not expanded beyond that point.").  That middle ground can be achieved by conducting an estimation proceeding for purposes of voting and establishing a reserve for the FTX Claims, but not for purposes of claim allowance, and permitting the merits adjudication of the FTX Claims to proceed in the FTX Cases.  That approach ensures that the Genesis Cases do not suffer any undue delay (to the extent there is such a risk), and that issues that are core to the FTX Cases and common to all of the FTX Debtors' preference actions and potential claims under section 502(d) of the Bankruptcy Code will be adjudicated on the merits by the Delaware Bankruptcy Court (as the FTX Debtors have sought through the Stay Relief Motion).

6.    In addition, if the Court determines that estimation is warranted, the purported "procedures and schedule" contemplated by the Estimation Motion must be modified to provide for true and complete protocols for the estimation proceeding (which are absent from the Estimation Motion) and an appropriate estimation timeline.  Despite the Genesis Debtors' assertion that the "Estimation Schedule" establishes "procedures," it is nothing more than a set of arbitrary litigation deadlines, untethered to any articulated disputes and lacking any detail on the issues and topics to be covered by their proposed discovery.  Thus it practically impossible for the Court or the FTX Debtors to assess the reasonableness of the relief sought.  Until the scope

of disputes between the parties is crystallized, no estimation schedule can be determined to be fair and equitable, and no relief with respect to an estimation proceeding should be granted.

7. Irrespective of the scope of the estimation proceeding, the schedule proposed by the Genesis Debtors is unreasonably short and truncated for a fair estimation of the FTX Debtors' substantial and important claims. *LightSquared*, 2014 WL 5488413 at *5 (undue delay cannot be predicated upon a party's "self-imposed deadlines" or "conditions to confirmation of the [plan]"). The FTX Claims raise novel issues of unusual complexity. The Estimation Schedule contemplates extensive fact and expert discovery. The Genesis Debtors cannot use estimation as a mechanism to rush towards the confirmation of a plan that deprives the FTX Debtors of "a fair distribution . . . through a realistic assessment of uncertain claims," as is required by section 502(c). *In re Enron Corp.*, 2006 WL 544463, at *3 (Bankr. S.D.N.Y. Jan. 17, 2006).

8. For these reasons, the Court should deny the Estimation Motion in its entirety or, in the alternative, narrowly tailor the relief to limit the prejudice to the FTX Debtors and condition such approval on modification of the Estimation Schedule.

## **FACTUAL BACKGROUND**

9. On November 11 and November 14, 2022, as applicable, the FTX Debtors commenced the chapter 11 cases in the U.S. Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court" and such cases, the "FTX Cases").

10. On January 19, 2023, the Genesis Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

11. On May 3, 2023, the FTX Debtors filed with this Court the *Motion of FTX Trading Ltd. and its Affiliated Debtors for an Order Modifying the Automatic Stay Pursuant to*

*11 U.S.C. 362(d)(1) and Bankruptcy Rule 4001*, Docket No. 289 (the "Lift Stay Motion"), seeking to modify the automatic stay for the limited purpose of permitting the FTX Debtors to commence adversary proceedings to adjudicate and liquidate their preference and other avoidance and related claims against the Genesis Debtors.

12.    On May 22, 2023, the FTX Debtors timely filed Claims Nos. 415, 419, 420, 422, 426, 432, 438, 457, 463, 465, 508, 512, 513, 515, and 516 against the Genesis Debtors seeking avoidance pursuant to sections 547 and 550 of the Bankruptcy Code of certain transfers in the approximate amount of $3,876,473,714 as preferences (collectively, the "Proofs of Claim" and the underlying claims, an "FTX Claims") .

13.    On June 1, 2023, the Genesis Debtors filed the Estimation Motion requesting the entry of an order, pursuant to sections 105(a) and 502(c)(1) of the Bankruptcy Code and Bankruptcy Rule 3018, establishing procedures and a schedule for estimating the FTX Claims at $0.00 for the purposes of voting, allowance and distribution.

14.    On June 6, 2023, the FTX Debtors served the Genesis Debtors with interrogatories and requests for production of documents in connection with the Estimation Motion seeking, among other things, the factual support for the Genesis Debtors' assertions in the Estimation Motion that estimation of the FTX Claims is critical to avoid undue delay to the administration of the Genesis Debtors' chapter 11 cases and any evidence the Genesis Debtors' intend to introduce or rely on at the hearing on the Estimation Motion (the "Discovery Requests"), attached hereto as **Exhibit A,** and setting the response deadline at 12:00 p.m. ET on June 8, 2023.[3]  On June 7, 2023, the FTX Debtors and the Genesis Debtors held a meet and

---

[3]    *In re Genesis Global Holdco, LLC.*, Case No. 23-10063, *Affidavit of Service of the FTX Debtors' Interrogatories and Requests for Production of Documents Directed to the Genesis Debtors in Connection with the Genesis Debtors' Motion to Establish Procedures and a Schedule for Estimating the Amount of the FTX*

confer with respect to the Discovery Requests and other matters related to the Estimation Motion. As of the filing of this objection, the FTX Debtors have not received responses from the Genesis Debtors to the Discovery Requests. The FTX Debtors understand from counsel to the Genesis Debtors that the Genesis Debtors do not intend to produce any discovery in connection with the Estimation Motion.

## **OBJECTION**

## I. **THE GENESIS DEBTORS HAVE NOT CARRIED THEIR BURDEN UNDER SECTION 502(c) OF THE BANKRUPTCY CODE.**

15.      The Estimation Motion should be denied because the Genesis Debtors have failed to carry their burden under section 502(c) of the Bankruptcy Code to show that the estimation procedures are necessary to avoid undue delay in the administration of their chapter 11 cases. Section 502(c)(1) of the Bankruptcy Code provides that "[t]here shall be estimated for purposes of allowance under this section any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." Notwithstanding the language, courts uniformly recognize that a decision to estimate claims under section 502(c)(1) "is within [the court's] sound discretion and not the obligation of [the court]," absent a showing of "undue delay." *LightSquared*, 2014 WL 5488413, at *5–6. This is because "[b]ankruptcy law's general rule is to liquidate, not estimate." *Dow Corning*, 211 B.R. at 560–61.

16.      In addition, "[b]ecause estimation is a second-best method, [the scope of estimation] should be confined to the extent necessary to accomplish the overarching goal of avoiding undue delay . . . and not expanded beyond that point." *North American Health Care*,

---

*Debtors' Claims Against the Debtors Under Bankruptcy Rule 105(a) and 502(c) and Bankruptcy Rule 3018*, Docket No. 400 (SHL) (Bankr. S.D.N.Y. June 7, 2023).

544 B.R. at 689.  Therefore, "the party moving for estimation must show that the normal mode

of liquidating the claim would create undue delay in the bankruptcy process."  *Dow Corning*,

211 B.R. at 573.  Importantly, courts have held that "undue delay" must rise to a level more than

ordinary delay; instead, it must be "unjustifiable" delay.  *Id.* at 563; *In re Teigen*, 228 B.R. 720,

723 (Bankr. D.S.D. 1998); *see also In re A&B Assocs.*, L.P., 2019 WL 1470892, at \*36 (Bankr.

S.D. Ga. Mar. 29, 2019) (stating that "undue delay" is an "excessive or unwarranted slowing of

the administration of a debtor's case").  Indeed, courts do not simply rubber stamp requests for

estimation procedures, but conduct a factual inquiry into the purported delay identified by the

movant and the movant's motivation for estimating, and in a number of circumstances have

found that estimation under section 502(c) of the Bankruptcy Code is not warranted.  *See, e.g.*,

*Dow Corning*, 211 B.R. at 562–74; *LightSquared*, 2014 WL 5488413, at \*5–6.

17.    Here, the Genesis Debtors have failed to articulate ***any*** basis for undue

delay, let alone a basis sufficient to carry their burden under section 502(c) of the Bankruptcy

Code.  The Genesis Debtors state in a single conclusory paragraph in the Estimation Motion that

the delay resulting from liquidating the FTX Claims in a traditional litigation process constitutes

"undue delay" for purposes of section 502(c).[4]  The Genesis Debtors do not cite a single

authority, or point to a single fact or piece of evidence, to support their barebones assertions.

18.    Instead, the Genesis Debtors merely assert that litigation over the FTX

Claims will take significant time.  But that is precisely the type of argument that courts have

repeatedly rejected as a basis for estimation.  *See, e.g.*, *Dow Corning*, 211 B.R. at 560–61 ("From

the plain language of 502(c), it is clear that estimation does not become mandatory merely

because liquidation may take longer and thereby delay the administration of the case.

---

[4]    Estimation Motion, ¶ 18.

Liquidation of a claim, in fact, will almost always be more time consuming than estimation."); *Teigen*, 228 B.R. at 723 ("Although liquidation of a claim may take longer, the delay is only undue if it is unjustifiable.").

19.    Moreover, the facts here are substantially consistent with those in cases where courts have denied requests for estimation.  Despite their insistence that "it would be practically impossible to implement any chapter 11 plan without estimating the FTX Claims,"[5] the Genesis Debtors can structure a viable plan in any number of forms, the confirmability of which would be unaffected by the size of the FTX Claims, including a plan that provides a reserve for the FTX Claims from distributions to unsecured creditors.  *See, e.g.*, *Dow Corning*, 211 B.R. at 566–70 (no undue delay where estimation was not necessary to a debtor's proposed chapter 11 plan because the debtors could structure the plan such that the plan would always be feasible regardless of the size of the subject claims).  While the factual record with respect to the Genesis Debtors' motivation for seeking estimation requires further investigation through discovery, the Estimation Motion suggests that the Genesis Debtors are using claim estimation as a back-door to claim *objection* in an effort to reduce or eliminate the size of the FTX Claims.  *In re RNI Wind Down Corp.*, 369 B.R. 174, 191 (Bankr. D. Del. 2007) (finding estimation not warranted when the true purpose of the estimation was simply to lower the amount of claims) (cited by the Genesis Debtors in the Estimation Motion).

20.    Furthermore, as Judge Chapman held in *Lightsquared*, undue delay cannot be predicated upon a party's "self-imposed deadlines" or "conditions to confirmation of the [plan]." *LightSquared*, 2014 WL 5488413 at \*5–6.  Judge Chapman refused to accept the same type of "bootstrap reasoning" advanced by the Genesis Debtors whereby the debtors in

---

[5]   *Id.*

*LightSquared* had determined to pursue a plan contingent on estimating certain claims at zero. *Id.* at *5. Judge Chapman recognized this tactic as "reminiscent of an argument in support of [a failed plan] regarding the 'necessity' of treating [a creditor] in an unfairly discriminatory fashion." *Id.* Here, the Genesis Debtors appear to be attempting the same improper maneuver (although until the Genesis Debtors file their amended plan, the Court and the FTX Debtors are left guessing as to why the Genesis Debtors believe estimation is so crucial to their cases), manufacturing a basis for estimation by picking one of many possible plans that conveniently requires estimation of the FTX Claims at zero (without even identifying the basis for expunging the timely filed FTX Claims) and then using their choice of plan to "show" delay. A self-imposed crisis like this cannot provide a basis for estimation.

21.     As such, the Genesis Debtors have failed to carry their burden under section 502(c) of the Bankruptcy Code to demonstrate that the liquidation of the FTX Claims would unduly delay the administration of the Genesis Cases, as required to show pursuant to section 502(c).

## II.   TO THE EXTENT ESTIMATION IS WARRANTED, THE SCOPE OF ESTIMATION MUST BE NARROWLY TAILORED AND THE ESTIMATION SCHEDULE PROPOSED BY THE GENESIS DEBTORS MUST BE MODIFIED.

22.     To the extent the Court determines that estimation is warranted here under section 502(c) of the Bankruptcy Code, the Court should narrowly tailor the relief to minimize prejudice to the FTX Debtors. While bankruptcy courts have discretion to order estimation procedures as determined appropriate, "[b]ecause estimation is a second-best method, [the scope of estimation] should be confined to the extent necessary to accomplish the overarching goal of avoiding undue delay . . . and not expanded beyond that point." *North American Health Care*, 544 B.R. at 689.

23.     Here, the FTX Debtors submit that the Court should, at most, estimate the FTX Claims only for purposes of voting and establishing a reserve—but not for allowance or other purposes. *See In re Adelphia Bus. Sols., Inc.*, 341 B.R. 415, 423 (Bankr. S.D.N.Y. 2003) (holding that estimation is not appropriate for allowance purposes and cautioning that "since the caselaw makes it clear that Bankruptcy Courts have a great flexibility in estimation procedures, it raises risks of the denial of due process, and Bankruptcy Courts need to be sensitive to this concern"). The FTX Debtors should be permitted to liquidate the FTX Claims in the FTX Cases so that the merits of those claims—which will be central to hundreds, if not thousands, of preference claims and other avoidance actions brought by the FTX Debtors in the Delaware Bankruptcy Court, each of which will raise issues that affect all stakeholders of the FTX Debtors, involve common questions of fact and law, and benefit from the consistent application of law as interpreted in the District of Delaware—are not adjudicated outside of their own cases and in a court where their own creditors have no opportunity to be heard.

24.     In addition, if the Court determines that estimation is warranted, the Estimation Schedule must be modified to provide for complete protocols for the estimation proceeding, including details on the issues in dispute, and a fair and appropriate estimation schedule. As proposed, the Estimation Schedule merely consists of a few basic litigation deadlines, is unreasonably amorphous and raises more questions than it answers with respect to the protocols and procedures contemplated for the estimation proceeding.[6]  No estimation schedule can be even be assessed until the issues that will be litigated are determined.

---

[6]     For instance, the Genesis Debtors set July 5, 2023 as the deadline to "identify experts," without providing any information on the type of experts that should be engaged and the issues that those experts will opine on. Similarly, the Genesis Debtors set July 12, 2023 as the deadline to "complete fact discovery, including depositions," but include no indication of the topics to be covered by such fact discovery. *Id.*, ¶ 18.

25.     In any event, the Estimation Schedule as proposed by the Genesis Debtors is unreasonably short and truncated and unduly prejudices the FTX Debtors.  *See Dow Corning*, 211 B.R. at 563 ("Considering the magnitude of the claims involved and the absolute importance of rendering a fair and accurate decision, the Court cannot countenance a valuation procedure that would place artificial time constraints on the parties' ability to properly present their cases.").  As the Genesis Debtors themselves acknowledge, traditional litigation over the FTX Claims would be lengthy.[7]  But the Estimation Schedule, as proposed, is contemplated to conclude a mere two months after the date of the hearing on the Estimation Motion.  Given the novel nature and complexity of the issues underlying the FTX Claims, estimation-related discovery and litigation will require significant time and efforts, and the Genesis Debtors' proposed schedule simply does not provide a fair opportunity for the FTX Debtors to prosecute their claims.  Adoption of the Genesis Debtors' proposal would prevent meaningful discovery to determine "a realistic assessment" of the FTX Claims and would be contrary to the purpose of section 502(c).  *Enron*, 2006 WL 544463, at *3.

26.     Accordingly, to the extent the Court determines that estimation of the FTX Claims is necessary to avoid undue delay in the administration of the Genesis Cases despite the lack of an evidentiary showing to that end by the Genesis Debtors, the FTX Debtors respectfully request that the Court (i) narrow the scope of the estimation for purposes of voting and establishing a reserve to avoid such undue delay while minimizing the prejudice to the FTX Debtors, (ii) require the procedures and protocols of the estimation proceeding to be complete, and (iii) require the modification of the estimation schedule to allow for a full and fair opportunity for the FTX Debtors to prosecute their claims.

---

[7]     *Id.*

## RESERVATION OF RIGHTS

The FTX Debtors expressly reserve all rights, claims, arguments, defenses, and remedies with respect to the Objection, the Estimation Motion, or any other issue in the Genesis Cases, and to supplement, modify, and amend this Objection, and to raise additional Objections in writing or orally at the hearing on the Estimation Motion.

## CONCLUSION

The FTX Debtors respectfully request that the Court deny the Estimation Motion in its entirety until such time that the Genesis Debtors can make a proper showing of their satisfaction of section 502(c) of the Bankruptcy Code.    In the alternative, the FTX Debtors respectfully request that the Court narrowly tailor the relief to limit the prejudice to the FTX Debtors and condition such approval on modification of the proposed procedures as described above.


Dated:  June 8, 2023                          */s/ Brian D. Glueckstein*
       New York, New York             Andrew G. Dietderich
                                   James L. Bromley
                                   Brian D. Glueckstein
                                   Benjamin S. Beller
                                   SULLIVAN & CROMWELL LLP
                                   125 Broad Street
                                   New York, New York 10004
                                   Telephone:    (212) 558-4000
                                   Facsimile:    (212) 558-3588
                                   Email:    dietdericha@sullcrom.com
                                                    bromleyj@sullcrom.com
                                                    gluecksteinb@sullcrom.com
                                                    bellerb@sullcrom.com

                                 *Counsel for FTX Trading Ltd. and Affiliated Debtors*

**Exhibit A**
**The FTX Debtors' Interrogatories and Requests for Production of Documents Directed to
the Genesis Debtors**

Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Benjamin S. Beller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Fax:  (212) 558-3588

*Counsel for FTX Trading Ltd. and Affiliated Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC., *et al.*,[1]<br><br>                       Debtors. | Chapter 11<br><br>Case No: 23-10063 (SHL)<br><br>Jointly Administered |

**FTX DEBTORS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO THE GENESIS DEBTORS IN CONNECTION WITH THE GENESIS DEBTORS' MOTION TO ESTABLISH PROCEDURES AND A SCHEDULE FOR ESTIMATING THE AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE DEBTORS UNDER BANKRUPTCY RULE 105(a) AND 502(c) AND <u>BANKRUPTCY RULE 3018</u>**

Pursuant to Rules 26, 33, 34 and 36 of the Federal Rules of Civil Procedure, made

applicable to this proceeding by Rules 7026, 7033, 7034, 7036 and 9014 of the Federal Rules of

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Bankruptcy Procedure, and the corresponding Local Bankruptcy Rules for the Southern District

of New York, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "FTX Debtors") by its counsel, propounds the following Interrogatories (each,

an "Interrogatory" and collectively, the "Interrogatories") and Requests for Production of

Documents (the "Requests for Production") on Genesis Global Capital, LLC and its affiliated

debtors and debtors-in-possession (collectively, the "Genesis Debtors") in connection with the

Genesis Debtors' *Motion To Establish Procedures and a Schedule For Estimating The Amount*

*of the FTX Debtors' Claims Against the Debtors Under Bankruptcy Code Sections 105(a) and*

*502(c) and Bankruptcy Rule 3018* [Docket No. 373] (the "Motion"). The FTX Debtors request

that the Genesis Debtors provide responses to these Interrogatories, and produce all documents

responsive to these Requests for Production, in writing and under oath, to counsel to the FTX

Debtors on or before **12 p.m. ET on Thursday, June 8, 2023**.

## **DEFINITIONS**

1.    COMMUNICATION/COMMUNICATIONS. The terms "Communication" and "Communications" shall mean any contact, transmission, or exchange of information between two or more persons, orally or in writing (including, but not limited to, any conversation or discussion, whether by chance or prearranged, formal or informal, face-to-face or by telephone, telegraph, telex, telecopier, electronic mail or other media).

2.    DOCUMENT/DOCUMENTS. The terms "Document" and "Documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A) and shall additionally encompass any Communications.

3.    FTX CLAIMS.  The term "FTX Claims" has the meaning ascribed to it in the Motion.

4.    YOU/YOUR. The terms "You" and "Your" shall mean the party or parties responding to these Interrogatories, and any party acting on the behalf of or under the control of any of the foregoing, including any attorney professionals, officers, directors, employees, agents, representatives, subcontractors, parents, subsidiaries, affiliates, predecessors, or successors.

## GENERAL INSTRUCTIONS

1.  The instructions and rules of construction set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure and in the Local Bankruptcy Rules for the Southern District of New York are incorporated herein by reference.

2.  The terms "all" and "any" shall each be construed as encompassing any and all.

3.  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these INTERROGATORIES all responses that might otherwise be construed to be outside of its scope.

4.  The term "concerning" shall be construed to mean relating to, referring to, describing, evidencing, or constituting.

5.  The term "including" shall be construed to mean including, but not limited to.

6.  The term "person" shall refer to any natural person or legal entity, including without limitation any business or governmental entity or association.

7.  "Identify," when used in reference to a Communication, including a representation, means to give, to the extent known, the nature of the Communication (*e.g.*, written or oral), the identity of the Persons(s) making or originating the Communication, the identity of all Person(s)) in whose presence the Communication was made, the general subject matter of the Communication, the time and place of the Communication, and the substance or the content of the Communication.

8.  When referring to Documents, "identify" or "to identify" means to give, to the extent known, the (i) type of Document; (ii) general subject matter; (iii) date of the Document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the Document, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9.  When referring to a Person, "identify" or "to identify" means to give, to the extent known, the Person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment, and the relevant contact information for such Person (including telephone number and/or email address). Once a Person has been identified in accordance with this subparagraph, only the name of that Person need be listed in response to subsequent discovery requesting the identification of that Person.

10. Each Interrogatory and Request for Production shall be answered fully, in writing, and under oath, unless it is objected to, in which event, You shall state the reason(s) for objection and shall answer the Interrogatory or Request for Production to the extent the Interrogatory or Request for Production is not objected to.

11. Every Interrogatory or Request for Production shall be construed independently. No Interrogatory or Request for Production shall be answered by reference to any other

Interrogatory or Request for Production for the purpose of limiting the response to such Interrogatory or Request for Production.

12. Each Interrogatory or Request for Production , and each paragraph of each Interrogatory or Request for Production, is to be fully and separately answered, and before each answer is given, the Interrogatory or Request for Production in question must be set forth in full.

13. For each Interrogatory or Request for Production, separately identify each person responsible for providing the information for the answer, and for formulating the answer, and separately identify each document or other source relied on in formulating the answer.

14. The singular form of a word shall include the plural form, and the plural form shall include the singular form.

15. The use of the present tense includes the past tense, the use of the past tense includes the present tense, and the use of any verb in any tense shall be construed as including the use of that verb in all other areas.

16. Provide all identifying and responsive information that is in Your possession, custody, or control.

17. If You object to any portion or any aspect of any Interrogatory or Request for Production, set forth the basis for Your objection in sufficient detail to allow the FTX Debtors to determine the objection's validity and provide all information responsive to the portion of that Interrogatory or Request for Production, if any, to which You do not object.

18. When an Interrogatory or Request for Production does not specifically request a particular fact, but such a fact is necessary in order to make the answer to the Interrogatory or Request for Production comprehensible, complete, or not misleading, please include such fact as part of the answer and the Interrogatory or Request for Production shall be deemed specifically to request such fact.

19. When an Interrogatory or Request for Production asks for specific information (*e.g.*, a date), identify the information precisely if known. If the precise date or other specific information is unknown to You, please give Your best approximation and indicate in Your response that the information being provided is an approximation.

20. These Interrogatories or Request for Production call for information that is within Your possession, custody, or control, including information in the possession, custody or control of Your attorneys, agents, employees, representatives or any person acting on Your behalf.

21. If, with respect to any Interrogatory or Request for Production contained herein, You are able to provide some, but not all, of the information requested, You are to provide such information as You can, and specifically identify the items as to which You do not have sufficient information to respond fully and the reasons for Your inability to respond fully.

22.     If any Interrogatory or Request for Production is not answered in whole or in part on the ground of a claim of attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity from disclosure, state the basis for the claim of privilege and the Interrogatory or Request for Production, or part thereof, as to which it relates.

23.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, the obligation to answer these Interrogatories or Request for Production is continuing. If at any time after answering these Interrogatories or Request for Production You, or any person acting on Your behalf, obtain or discover additional information that will make Your answer to these Interrogatories more complete or correct, You are required to supplement or amend Your response, between the time of the initial response and the time of hearing or trial.

## Interrogatories

1.    Please identify all facts, Documents and Communications supporting Your contention in paragraph 18 of the Motion that "[e]stimation of the FTX Claims for the purposes of voting, allowance and distribution at $0.00 is critical to avoid undue delay in the timing and amount of creditor distribution, and to expeditiously pursue confirmation of a chapter 11 plan."

2.    Please identify all facts, Documents and Communications supporting Your contention in paragraph 18 of the Motion that "the fixing (or liquidation) of the amounts of the FTX Claims through the traditional litigation process…would undoubtedly cause exactly the type of 'undue delay' to the administration of the Debtors' Chapter 11 Cases that is contemplated by section 502(c)."

3.    Please identify all facts, Documents and Communications supporting Your contention in paragraph 18 of the Motion that a traditional litigation process "will unreasonably delay the administration of the Debtors' estates."

4.    Please identify all facts, Documents and Communications supporting Your contention in paragraph 18 of the Motion that given the size of the FTX Claims, "it would be practically impossible to implement any chapter 11 plan without estimating the FTX Claims."

5.    Please identify the "undue delay" referenced in paragraph 18 of the Motion.

6.    Please identify all witnesses You intend to call as a witness in support of the Motion.

7.    Please identify all Documents, Communications and exhibits You intend to introduce or rely upon at the hearing on the Motion.

## Requests for Production of Documents

1.    Produce all emails, Communications and Documents identified or responsive to Your answers to the foregoing interrogatories.

2.    Please produce all emails, Communications and Documents relied upon in forming Your answers to the foregoing interrogatories.

Dated:  June 6, 2023            _/s/ Andrew G. Dietderich_____
       New York, New York        Andrew G. Dietderich
                                James L. Bromley
                                Brian D. Glueckstein
                                Benjamin S. Beller
                                SULLIVAN & CROMWELL LLP
                                125 Broad Street
                                New York, New York 10004
                                Telephone:    (212) 558-4000
                                Facsimile:    (212) 558-3588
                                Email:        dietdericha@sullcrom.com
                                                  bromleyj@sullcrom.com
                                                  gluecksteinb@sullcrom.com
                                                  bellerb@sullcrom.com

                                *Counsel for FTX Trading Ltd. and Affiliated Debtors*