PAUL HASTINGS LLP
Kristopher M. Hansen
Kenneth Pasquale
Isaac Sasson
John F. Iaffaldano
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090
Email: krishansen@paulhastings.com
Email: kenpasquale@paulhastings.com
Email: isaacsasson@paulhastings.com
Email: jackiaffaldano@paulhastings.com

*Counsel to the Official Committee of Unsecured
Creditors of FTX Trading Ltd., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE FTX COMMITTEE AND JOINDER TO THE FTX DEBTORS'
OBJECTION TO MOTION TO ESTABLISH PROCEDURES AND A SCHEDULE FOR
ESTIMATING THE AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE
DEBTORS UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 502(c) AND
BANKRUPTCY RULE 3018**

The Official Committee of Unsecured Creditors of FTX Trading Ltd., *et al*. ("FTX Committee") in the chapter 11 cases of *In re FTX Trading Ltd. et al.*, Case No. 22-11068-JTD (Bankr. D. Del.) (the "FTX Chapter 11 Cases"), hereby files this objection and joinder (this

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

"Objection and Joinder") to the objection [Docket No. 404] (the "Objection") filed by the debtors in the FTX Chapter 11 Cases (the "FTX Debtors") to the *Motion to Establish Procedures and a Schedule for Estimating the Amount of the FTX Debtors' Claims Against the Debtors Under Bankruptcy Code Sections 105(A) and 502(C) and Bankruptcy Rule 3018* [Docket No. 373] (the "Motion")[2] filed by the debtors of the above captioned chapter 11 cases (the "Genesis Debtors"). In support of this Objection and Joinder, the FTX Committee respectfully states as follows:

1.   The FTX Committee joins the FTX Debtors' Objection and incorporates by reference all arguments set forth therein.

2.   The FTX Debtors have timely asserted proofs of claim against the Genesis Debtors in an amount in excess of $3.8 billion, which, if allowed, would make the FTX Debtors the largest unsecured creditors of the Genesis Debtors. By their Motion, the Genesis Debtors seek to establish procedures to estimate the FTX Claims at *zero* dollars for the purposes of voting, allowance and distribution. The Genesis Debtors have not met their burden under section 502(c) of the Bankruptcy Code to establish the right to estimate the FTX Claims at this time. *See In re LightSquared Inc.*, 2014 WL 5488413, at *3 (Bankr. S.D.N.Y. Oct. 30, 2014) ("[A] party must demonstrate that the gating requirements for estimation are met — namely, that the claim to be estimated is contingent or unliquidated and that the delay associated with the fixing or liquidation of such claim would be undue.") (internal quotations omitted). If the Genesis Debtors have an objection to the FTX Claims, they should file it and should not be permitted to sidestep the objection process through an estimation aimed squarely at arriving at the same result as an actual objection. Using the pretense of plan timing is also not an appropriate basis on which to avoid the normal claim objection process, with the rights provided to each party in connection therewith. In

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

2

addition, it is unclear that an estimation process, which would need to delve into the merits of the FTX Claims and any defenses thereto, would actually save any time or expense unless it was fashioned in such a way as to deprive the FTX Debtors of their rights to fully litigate the merits of the basis, if any, for the Genesis Debtors to estimate the FTX Claims at *zero* for all purposes.

3.     Indeed, the Genesis Debtors have yet to actually file an amended plan of reorganization and remain in mediation. Again, using the yet-to-come confirmation timetable as justification for estimation improperly elevates the interests of the Genesis estate above the interests of the FTX estate, which is not appropriate. To the contrary, both estates are entitled to a determination of the FTX Claims on a full, properly developed evidentiary record (which, for the reasons set for the in the FTX Debtors' Lift Stay Motion, should take place in the FTX Chapter 11 Cases).

4.     It is critical to understand what the Genesis Debtors actually seek in order to evaluate whether such relief is proper. As noted above, the Genesis Debtors seek to estimate the FTX Claims for *all* purposes at zero – which means the FTX Claims would not be entitled to vote on the Genesis plan and would receive no distribution thereunder. Essentially, the Genesis Debtors seek to expunge the FTX Claims in full via estimation. Beyond the timing concern, the Genesis Debtors make no effort to explain *why* the estimation path is so critical. The truth is that they simply seek estimation to end-run the formal claim objection process, which is not appropriate, and the Genesis Debtors have not articulated any valid basis for doing so.

5.     There is also an inherent inconsistency created by the relief requested in the Motion. The Genesis Debtors make the sweeping and unsupported statement that it will be impossible to confirm a plan if the FTX Claims are not estimated at zero for all purposes. However, the amended plan referred to by the Genesis Debtors is not currently on file, so there is no way to evaluate the

potential treatment of the FTX Claims and the treatment of other claims in the Genesis cases and no way to actually test the thesis of the Genesis Debtors. Given the proportional distribution scheme that forms one of the foundational aspects of Chapter 11, the declaration "we can never confirm a plan," used as justification for estimation, is not true.

6. In the end, the FTX Debtors have the right to a full and fair adjudication of the viability of the FTX Claims in a claims objection process, and there is simply no justification to attempt to eliminate them in a truncated process that violates the due process rights of all creditors of the FTX estates. *See LightSquared*, 2014 WL 5488413 at *5-6 (declining to estimate claims simply because the debtor had manufactured that as a condition to confirmation).

7. For these reasons, and for the reasons stated in the Objection, the FTX Committee respectfully requests that the Court deny the Motion and allow the Genesis Debtors to propose and prosecute their plan of reorganization and contend with claims that they believe create problems in connection with that process in the way that due process requires. The FTX Committee reserves all rights with respect to the Motion and any related relief requested by the Genesis Debtors, either at the hearing on the Motion, in a subsequent pleading, or otherwise.

| | |
|---|---|
| Dated: June 8, 2023<br>New York, New York | Respectfully submitted,<br><br>*/s/ Kristopher M. Hansen*<br>**PAUL HASTINGS LLP**<br>Kristopher M. Hansen<br>Kenneth Pasquale<br>Isaac Sasson<br>John F. Iaffaldano<br>200 Park Avenue<br>New York, New York 10166<br>Telephone: (212) 318-6000<br>Facsimile: (212) 319-4090<br>Email: krishansen@paulhastings.com<br>Email: kenpasquale@paulhastings.com<br>Email: isaacsasson@paulhastings.com<br>Email: jackiaffaldano@paulhastings.com<br><br>*Counsel to the Official Committee of Unsecured Creditors of FTX Trading Ltd., et al.* |