UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| *In re:* <br><br> **Genesis Global Holdco, LLC,** *et al.*, <br><br><br> Debtors.[1] | Case No. 23-10063 (SHL) <br><br> Chapter 11 <br><br> (Jointly Administered) |

**STIPULATION AND AGREED ORDER EXTENDING TIME TO TAKE ACTION, TO THE EXTENT NECESSARY, TO DETERMINE THE NONDISCHARGEABILITY OF A DEBT OWING TO A GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. §1141(d)(6)**

This stipulation and agreed order (this "Stipulation") is entered into by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") and the U.S. Securities and Exchange Commission (the "Commission" and, together with the Debtors, the "Parties").

**WHEREAS,** Section 1141(d)(6) of the Bankruptcy Code provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt * * * (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit;"

**WHEREAS**, Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") provides in relevant part that "a complaint to determine the dischargeability of a debt under [section] 523(c) [of the Bankruptcy Code] shall be filed no later

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

than 60 days after the first date set for the meeting of creditors under [section] 341(a) [of the Bankruptcy Code] . . .";

**WHEREAS,** the staff of the Commission takes the position that Section 523(c) of the Bankruptcy Code and the corresponding deadline in Bankruptcy Rule 4007(c), do not apply to the nondischargeability of a debt under Section 1141(d)(6); and thus, that Section 1141(d)(6) is self-effectuating and the Commission may take whatever action may be required, if any, to determine the nondischargeability of a debt pursuant to Section 1141(d)(6) at any time, including following the confirmation of a Chapter 11 Plan;

**WHEREAS,** without binding precedent in this jurisdiction on this issue, and in order to avoid unnecessary litigation, the undersigned parties nonetheless seek an extension of the Section 523(c)/Rule 4007(c) deadline out of an abundance of caution, without prejudice to the Commission staff's right to seek further extensions;

Based on the foregoing stipulation of the parties, it is ORDERED that:

1. To the extent Section 523(c) or Rule 4007(c) applies, the date by which the Commission must file its complaint or take other action that may be required, if any, in these Chapter 11 cases to determine the nondischargeability of a debt, pursuant to Section 1141(d)(6) of the Bankruptcy Code, shall be July 31, 2023, or such later date as may be ordered by the Court, without prejudice to the Commission's right to seek further extensions of the date.

2. Nothing in this Stipulation and Agreed Order constitutes a determination that Section 523(c) or Rule 4007(c) applies, or that any deadline exists to seek a determination of nondischargeability under Section 1141(d)(6) of the Code.

3.  This Stipulation is without prejudice to any rights of the Debtors or other parties in interest, whether before or after confirmation of a chapter 11 plan, to object to the applicability of section 1141(d)(6) of the Bankruptcy Code to any claims asserted by the Commission.

4.  Neither this Stipulation nor any negotiations and writings in connection herewith will in any way be construed as or deemed to be evidence of, or an admission on behalf of any Party regarding, any claim or right that such Party may have against the other Party.

5.  Neither this Stipulation, nor any terms contained herein, shall be offered as evidence in any legal or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation or (b) to seek damages or injunctive relief in connection therewith.

6.  Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (c) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds whatsoever; (d) a promise or requirement to pay any claim; or (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law.

7.  Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

8.  This Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

9. This Stipulation represents the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

10. The Court retains jurisdiction, and the Parties hereby consent to such jurisdiction, with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

IT IS SO ORDERED.

Dated:  June 8, 2023                          */s/ Sean H. Lane*
       White Plains, New York         THE HONORABLE SEAN H. LANE
                                               UNITED STATES BANKRUPTCY JUDGE

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Stipulation as of the date written below:

Dated:   May 26, 2023
         New York, New York

By: */s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

*/s/ William M. Uptegrove*
William M. Uptegrove (admitted *pro hac vice*)
Senior Trial Counsel
U.S. Securities and Exchange Commission
950 East Paces Ferry Rd., N.E.
Suite 900
Atlanta, GA 30326
(404) 832-5765 (Telephone)
(404) 842-7666 (Facsimile)
uptegrovew@sec.gov

- and –

Therese A. Scheuer (admitted *pro hac vice*)
Senior Trial Counsel
U.S. Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
(202) 551-6029 (Telephone)
(202) 772-9317 (Facsimile)
scheuert@sec.gov

*Counsel for the U.S. Securities and Exchange Commission*