Andrew G. Dietderich
James L. Bromley
Brian D. Glueckstein
Benjamin S. Beller
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone:  (212) 558-4000
Fax:  (212) 558-3588

*Counsel for FTX Trading Ltd. and Affiliated Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC., *et al.*,[1]<br><br><br>Debtors. | Chapter 11<br><br>Case No: 23-10063 (SHL)<br><br>Jointly Administered |

**REPLY OF FTX TRADING LTD. AND ITS AFFILIATED DEBTORS IN SUPPORT OF
THEIR MOTION FOR AN ORDER MODIFYING THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. 362(d)(1) AND BANKRUPTCY RULE 4001**

FTX Trading Ltd. and its affiliated debtors and debtors-in-possession

(collectively, the "FTX Debtors") hereby submit this reply (the "Reply") in support of the

*Motion of FTX Trading Ltd. and Its Affiliated Debtors for an Order Modifying the Automatic*

*Stay Pursuant to 11 U.S.C. 362(d)(1) and Bankruptcy Rule 4001*, Docket No. 289 (the

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

"Motion"),[2] and in response to the objection filed by the Genesis Debtors.[3]  In support of their

Reply, the FTX Debtors respectfully submit as follows:

**PRELIMINARY STATEMENT**

1.      The Genesis Debtors seek to have this Court, rather than the Delaware

Bankruptcy Court, adjudicate the merits of the FTX Debtors' preference claims against the

Genesis Debtors.  The FTX Debtors have not found any example of a bankruptcy court deciding

a preference action arising in another separately pending bankruptcy case.  Nor do the Genesis

Debtors cite one.  In fact, all of the judicial authority that has spoken to this issue militates in

favor of the FTX preference actions being litigated in FTX's bankruptcy case: (i) the bankruptcy

court and district court decisions from within this circuit in *In re Shared Techs. Cellular, Inc.*,[4]

where the courts recognized the propriety of a debtor-plaintiff's "home court" adjudicating the

merits of a preference action in a "dueling debtor" scenario; (ii) Judge Wiles in the Voyager

Digital Chapter 11 cases in connection with debtor Celsius Network LLC's motion to lift the

stay, where the Court cautioned that there is "no way" that a bankruptcy court should be making

fundamental determinations about another debtor's case, including "whether [subject]

transfers… should be treated as preferences";[5] and (iii) Judge Wiles in the Voyager Digital

Chapter 11 cases in connection with preference claims of the FTX Debtors, where the Court

---

[2]   Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Motion.

[3]   *See Debtors' Objection to Motion of FTX Trading Ltd. and Its Affiliated Debtors for an Order Modifying the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) and Bankruptcy Rule 4001*, Docket No. 405 (the "Objection"). The Official Committee of Unsecured Creditors in the Genesis Chapter 11 Cases (Docket No. 407) and that certain Ad Hoc Group of Lenders (Docket No. 412) joined the Objection without proffering any additional arguments.

[4]   293 B.R. 89 (D. Conn. 2003).

[5]   *See In re Voyager Digital Holdings, Inc.*, No. 22-10943, Docket No. 921, Transcript of Hearing Held on 1/24/2023, 103–04 (MEW) (Bankr. S.D.N.Y. Jan. 24, 2023)

approved an agreement between the parties providing for adjudication of the merits of those

claims in the Delaware Bankruptcy Court.[6]

2.      It is easy to understand why there is not authority for Genesis' proposed

alternative.  A preference claim is an inter-creditor matter intended to create parity among the

competing creditors in the bankruptcy case from which the preference originates.  As such, a

preference claim should be adjudicated by the court overseeing that bankruptcy case, even when

the target of the preference action is a debtor in its own case.  That is particularly true when

adjudication of the preference claim requires the determination of issues central to the plaintiff-

debtor's cases, as are the circumstances here.

3.      The unusual dynamics of "dueling debtors" circumstances must be taken

into account, by this Court and the Delaware Bankruptcy Court.  The FTX Debtors are not

merely an average creditor in the Genesis Chapter 11 Cases.  The FTX Debtors are pursuing

estate claims as fiduciaries for their stakeholders in a Federal proceeding of equal importance to

the Genesis Chapter 11 Cases.  And the claims of the FTX Debtors are not merely average

claims.  They are preference claims that arise by operation of the Bankruptcy Code as a result of

the FTX filing, and their resolution depends upon numerous core legal and factual issues central

to the FTX Chapter 11 Cases that by their nature should be heard by Judge Dorsey in the

Delaware Bankruptcy Court.

4.      The Genesis Debtors do not—and cannot—provide any explanation why

the resolution of the FTX Debtors' claims in Delaware would "impede" the Genesis Debtors'

plan proposal and confirmation process.  There are countless plan structures for the Genesis

Debtors that are consistent with merits resolution of a prepetition unsecured claim.  Nor can

---

[6]    Order Approving the Joint Stipulation, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Apr. 6, 2023), Docket No. 1266.

judicial economy be a consideration in the Genesis Debtors' favor.  The FTX Debtors are already litigating a preference action in the Delaware Bankruptcy Court against another debtor with a bankruptcy proceeding pending in this district, and will soon be commencing a preference action against the Genesis Debtors' non-debtor affiliate.  Adjudicating the same issues presented in those cases in this Court will necessarily be redundant and create a risk of inconsistent judgements, or, worse, potentially prejudice creditors and stakeholders who are not before this Court.

5.      Accordingly, the Court should grant the Motion and permit the FTX Claims to proceed before the Delaware Bankruptcy Court.

## REPLY

### I.    The FTX Claims Implicate Core Issues To The FTX Debtors' Chapter 11 Cases That Should Be Adjudicated in the Delaware Bankruptcy Court

6.      Fundamental to the determination of the Motion is that the FTX Debtors are debtors in their own Chapter 11 cases and that the claims the FTX Debtors seek to litigate in their cases are preference claims pursuant to section 547 of the Bankruptcy Code.  The claims that FTX seeks to pursue first arose upon the filing of their petitions and the creation of the FTX Debtors' estates, and are born from and arise out of the Bankruptcy Code.

7.      The purpose of a preference claim is to return value to the debtor's estate so that all creditors are treated fairly and equally.  Preference actions serve as a corollary to the automatic stay and exist to prevent a debtor from "preferring" certain creditors at the expense of other creditors in the months leading up to a debtor's bankruptcy filing.  *See Borman* v. *Raymark Industries, Inc.*, 946 F.2d 1031, 1036 (3d Cir. 1991) (quoting *Association of St. Croix Condominium Owners* v. *St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) ("The automatic stay was designed 'to prevent certain creditors from gaining a preference for their

claims against the debtor; to forestall the depletion of the debtor's assets due to legal costs in

defending proceedings against it; and, in general, to avoid interference with the orderly

liquidation or rehabilitation of the debtor.'"").  Accordingly, preferences are at root intercreditor

claims that directly affect all other creditors of the debtor's estate.  As a result, all preference

actions by a debtor should be subject to the same determinations of law and fact, and should

normally be determined by the court tasked with enforcing the debtor-plaintiff's automatic stay.

8.    Those basic principles particularly resonate here given that if the Motion

is denied, this Court will be asked to examine the FTX Debtors and issues at the core of the FTX

Chapter 11 Cases in connection with litigation of the FTX Claims, including (i) how to value the

FTT currency, an equity-like token, and its ranking in the capital structure in connection with the

hypothetical Chapter 7 liquidation of the FTX Debtors; (ii) ownership and custody of exchange

assets pursuant to disputed terms of service; and (iii) the fraud exception to the ordinary course

of business defense.  Each of these issues will be determined by Judge Dorsey in the FTX

Chapter 11 Cases and are fundamental to the successful resolution of the FTX Debtors'

bankruptcy proceedings.  The FTX Debtors do not see any logical scenario in which any court

other than the Delaware Bankruptcy Court—which is already familiar with the FTX Chapter 11

Cases and the unique issues that have already emerged—should undertake to separately address

these issues.

9.    The Genesis Debtors' have an interest in litigating the FTX Claims before

this Court.  However, that interest is dwarfed by the interests of the FTX Debtors in having the

Delaware Bankruptcy Court adjudicate all of their preference claims, including those against the

Genesis Debtors.  The FTX Debtors respectfully submit that the Delaware Bankruptcy Court is

best positioned to address disputes that relate to the unique factual circumstances of the FTX

Debtors and materially affect their rights in other preference actions.

10.     Moreover, the FTX Debtors are already litigating a preference action in

the Delaware Bankruptcy Court involving similar issues with respect to another Chapter 11

debtor in this district,[7] and will be bringing a preference action against the Genesis Debtors' non-

debtor affiliate, that will require adjudication of substantially overlapping issues.  In the interests

of judicial economy, the FTX Debtors believe that the issues presented by the FTX Claims

should also be adjudicated by the Delaware Bankruptcy Court.  If this Court were to adjudicate

the FTX Debtors' preference claims, consideration of these issues would consume the resources

of this Court and distract from the Genesis Debtors' plan proposal and confirmation process.

The Delaware Bankruptcy Court therefore is the proper court to adjudicate the FTX Claims.

## II.    The Genesis Debtors Are Not Prejudiced By Litigating the FTX Claims in the Delaware Bankruptcy Court

11.     The Genesis Debtors erroneously assert that the FTX Debtors' and the

Genesis Debtors' cases are intertwined and therefore the FTX Claims should be adjudicated in

this Court.  But the FTX Debtors and the Genesis Debtors are two independent sets of debtors

that engaged in prepetition business.  No more and no less.  Other than the claims arising from

those business arrangements, the FTX Chapter 11 Cases and Genesis Chapter 11 Cases are

---

[7]    The Objection misstates the relevance of the Voyager preference action to the relief sought in the Motion. *See* Objection ¶ 29 (citing Alameda Research Ltd. v. Voyager Digital, LLC, No. 23-50084 (JTD) (Bankr. D. Del. Jan. 30, 2023), Docket No. 1) ("But Movants never sought to lift the stay in the Voyager bankruptcy proceedings because their preference claims against Voyager arose from funds transferred to Voyager "after the commencement of the Voyager Chapter 11 Cases.").  The Voyager preference action is relevant because it requires resolution of issues that are similar to and overlap with the issues in the preference claims underlying the FTX Debtors' Motion. *See* Alameda Research Ltd. v. Voyager Digital, LLC, No. 23-50084 (JTD) (Bankr. D. Del. Jan. 30, 2023), Docket No. 1; *see also* Order Approving the Joint Stipulation, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Apr. 6, 2023), Docket No. 1266.  Accordingly, as a matter of judicial efficiency, this Court should not expend judicial resources adjudicating the FTX Claims when the Delaware Bankruptcy Court will already be adjudicating such issues in the Voyager adversary proceeding.

otherwise unrelated.    Nevertheless, the Genesis Debtors insist that the FTX Claims must be resolved for the Genesis Debtors to even be able to pursue a plan of reorganization, but that is a fundamentally flawed premise.[8]

12.    The Genesis Debtors fail to articulate why the relief sought in the Motion would impair the Genesis Debtors' ability to propose a viable plan and proceed towards confirmation.  There is no actual prejudice to the Genesis Debtors' plan process because a claim needs to be resolved on its merits, and the size[9] of the FTX Debtors' claims alone does not provide any basis to conclude that the FTX Claims cannot be adjudicated through litigation in the Delaware Bankruptcy Court.[10]

13.    At root, nothing about the FTX Debtors' claims impedes any progress on the Genesis Debtors' plan of reorganization.  In fact, the FTX Debtors have patiently awaited the amended plan and disclosure statement previewed by the Genesis Debtors' Restructuring Term Sheet filed on February 10, 2023, which have still not been filed.  *See Notice of Filing of the Restructuring Term Sheet*, Docket No. 80.  The Genesis Debtors are free to continue pursuing a plan through the ongoing mediation, after which the Court is able to proceed towards confirming

---

[8]    Objection ¶ 1 ("The Lift Stay Motion seeks extraordinary relief that would allow Movants to litigate disputed proofs of claim filed in these [Genesis] Chapter 11 Cases in another forum, *severely undermining the [Genesis] Debtors' ability to confirm a plan*.") (emphasis added).

[9]    The FTX Debtors understand that the Genesis Debtors' position to be that any claim arising from withdrawals from the "Genesis" FTX.com customer account should be asserted against GGC International, as the owner of that account, and not the Genesis Debtors.  The FTX Debtors have been unable to confirm that information as the Genesis Debtors have not provided any backup documentation or records to that effect.  In the event the withdrawals-based preference claim were not properly assertable against the Genesis Debtors, the FTX Claims against the Genesis Debtors would be reduced by no less than approximately $1.6 billion, with approximately $2 billion of asserted preference claims remaining against the Genesis Debtors.

[10]    Moreover, the FTX Claims on its merits do not inherently need to be estimated or summarily resolved.  The FTX Claims are not future tort liabilities or factually complicated matters.  The main issues are legal ones.  If there is prejudice on the administration of the case or "undue delay" it is not because of the nature of the claims.  The Genesis Debtors allege prejudice because the matter is related to other issues in their cases and dynamics with other creditor groups.  But that does not render the FTX Claims intertwined with the Genesis Debtors' cases.

any plan of reorganization eventually filed while the FTX Debtors' preference claims are litigated in the Delaware Bankruptcy Court. The Genesis Debtors' conclusory assertions otherwise are unfounded and unsupported.

14.     Despite wrongly casting blame on the FTX Debtors, the Genesis Debtors are currently the main impediment to the confirmation of a plan of reorganization since they have no plan and disclosure statement for consideration by the wide range of parties-in-interest in these cases. Instead, the Genesis Debtors are consumed with a mediation process focused on intercompany loans, which is but one aspect in a case with many creditors and constituencies. There are any number of potential plans of reorganization that could be compatible with litigating the FTX Claims in the Delaware Bankruptcy Court, including a plan that creates a general unsecured creditor pool and allow claims to be made and resolved against it in an ordinary manner. There is no cognizable prejudice for the Genesis Debtors to be required to propose a plan and disclosure statement that reflect the fact that the claims pool will be uncertain until an outstanding litigation is resolved.

15.     The Genesis Debtors have known about the FTX Debtors' claims since well before the FTX Debtors filed the Motion but, for the last three months, have done nothing to address them. It is inappropriate and prejudicial for the Genesis Debtors to do nothing for several months and now say that the FTX Debtors should be prohibited from pursuing such claims in the Delaware Bankruptcy Court because their still-to-be-proposed plan and disclosure statement require estimation in this Court. In reality, if the Motion is not granted, it is the FTX Debtors, the FTX proceedings in front of Judge Dorsey, and the millions of FTX stakeholders who will be prejudiced.

## CONCLUSION

16.     For the foregoing reasons, the FTX Debtors respectfully request that the

Court grant the Motion and relief from the requested relief from the automatic stay.


Dated:  June 13, 2023                    /s/ *Andrew G. Dietderich*
        New York, New York        Andrew G. Dietderich
                                       James L. Bromley
                                       Brian D. Glueckstein
                                       Benjamin S. Beller
                                       SULLIVAN & CROMWELL LLP
                                       125 Broad Street
                                       New York, New York 10004
                                       Telephone:    (212) 558-4000
                                       Facsimile:    (212) 558-3588
                                       Email:         dietdericha@sullcrom.com
                                                  bromleyj@sullcrom.com
                                                  glueksteinb@sullcrom.com
                                                  bellerb@sullcrom.com

                                     *Counsel for FTX Trading Ltd and Affiliated*
                                     *Debtors*