CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' REPLY IN SUPPORT OF MOTION TO
ESTABLISH PROCEDURES AND A SCHEDULE FOR ESTIMATING THE
AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE DEBTORS UNDER
BANKRUPTCY CODE SECTIONS 105(a) AND 502(c) AND BANKRUPTCY RULE 3018**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, collectively, the "Chapter 11 Cases" or the "Cases"), hereby submit this reply (the "Reply") in support of the Debtors' *Motion to Establish Procedures and a Schedule for Estimating the Amount of the FTX Debtors' Claims Against the Debtors Under Bankruptcy Code Sections 105(a) and 502(c) and Bankruptcy Rule 3018* (ECF No. 373) (the "Motion to Estimate")[1] and in response to the *FTX Debtors' Objection to Genesis Debtors' Motion to Establish Procedures*

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion to Estimate.

*and a Schedule for Estimating the Amount of the FTX Debtors' Claims Against the Genesis Debtors Under Bankruptcy Code Sections 105(a) and 502(c) and Bankruptcy Rule 3018* (ECF No. 404) (the "FTX Debtors' Objection") (ECF No. 404) and the *Objection of the FTX Committee and Joinder to the FTX Debtors' Objection to Genesis Debtors' Motion to Establish Procedures and a Schedule for Estimating the Amount of the FTX Debtors' Claims Against the Genesis Debtors Under Bankruptcy Code Sections 105(a) and 502(c) and Bankruptcy Rule 3018*[2] (ECF No. 406) (the "FTX Committee Objection" and together with the FTX Debtors' Objection, the "Objections").

**RESPONSE**

1.  Estimation of the FTX Claims for purposes of voting, allowance, and distribution on the timeline proposed by the Motion to Estimate is critical to avoid undue delay in the timing and amount of creditor distributions, and to facilitate the confirmation of a chapter 11 plan. It is undisputed that the FTX Debtors' claims against the Debtors are unliquidated and that their asserted magnitude is more than 250% of the value of the Debtors' liquid assets, and equal to approximately 90% of all scheduled claims against GGC combined. *See* Motion to Estimate at ¶ 13. As the FTX Debtors acknowledge, the fixing (or liquidation) of the amounts of the FTX Claims through the traditional litigation process "would be lengthy," FTX Debtors' Objection at ¶ 25, and would take far longer than the Debtors' proposed confirmation schedule. This would cause exactly the type of "undue delay" to the administration of the Debtors' Chapter 11 Cases that is contemplated by section 502(c) and that makes estimation necessary in these Cases.

2.  Claims estimation provides "a means for a bankruptcy court to achieve reorganization, and/or distributions on claims, without awaiting the results of legal proceedings

---

[2] The Debtors reserve the right to argue that the FTX Unsecured Creditors' Committee, as a representative body of creditors of a creditor of the Debtors, lacks standing to appear in these Cases.

that could take a very long time to determine." *In re AMR Corporation, et al.* Case No. 11-15463 (SHL) (Jul. 14, 2021) at *3. In estimating a claim, the court may employ "whatever method is best suited to the contingencies of the case," *id.* at *3, in furtherance of the "fundamental policy of Chapter 11 that a reorganization must be accomplished quickly and efficiently." *Id.* at *4. Courts have described the amount to be determined by an estimation procedure as "a speedy and rough estimate." *Id*. Furthermore, courts emphasize the necessity of speed in conducting an estimation proceeding that would accomplish its objective, "specifically [] recogniz[ing] that it is often inappropriate to hold time-consuming proceedings which would defeat the very purpose of 11 U.S.C. § 502(c)(1) to avoid undue delay." *Id*.

3.  Here, given the magnitude of the asserted claims relative to the overall claims pool, estimation is needed to prevent undue delay in distributions to creditors. "Estimation is effective ... for enabling bankruptcy cases, and chapter 11 cases in particular, to move forward and to get recoveries into the pockets of creditors without delaying the whole process as a consequence of a limited number of very complex claims." *Id*. at *3. *See also In re Club Ventures Inv. LLC*, 2012 WL 6139082 at *3 (Bankr. S.D.N.Y. Dec. 11, 2012) (recounting that "[t]he Debtors have now requested the Court to estimate [the claimant's] [c]laim, and … referral of this issue to the [s]tate [c]ourt would unreasonably delay a distribution to creditors in this case").

4.  Estimation is also necessary to facilitate an expeditious confirmation and is a necessary element of any consensual resolution to these Chapter 11 Cases. On June 7, 2023, the Debtors filed and served a notice of the Disclosure Statement Hearing, scheduled for July 12, 2023, with a corresponding objection deadline of July 5, 2023, and noting that a confirmation

3

hearing has been set for August 24, 2023.[3] The Debtors have now filed an amended plan (the "Amended Plan") and accompanying disclosure statement.[4] The Amended Plan makes estimation of the FTX Claims a condition precedent to effectiveness.[5] While the Amended Plan does not embody a global settlement, the Debtors have been engaged for several months in substantial discussions with key stakeholders on the terms of a consensual plan, including participation in court-ordered mediation.[6] The Debtors are hopeful that a global settlement can be achieved, resulting in a further amendment to the Amended Plan, that would minimize litigation and maximize creditor recoveries. Key creditor constituencies have made clear to the Debtors that any consensual plan and global resolution would be impossible without the estimation of FTX Claims prior to confirmation.

5.      In the Motion to Estimate, the Debtors have proposed a process for estimation on a timeline that is consistent with their plan confirmation timeline and that would allow for distributions to creditors to occur on a timely basis shortly thereafter.[7] The relief sought by the Motion to Estimate is to *set up a process* by which the Court may come to a reasoned estimation of the value of the FTX Debtors' claims—*not* simply, as the FTX Debtors intimate, to estimate those claims at $0 (though the Debtors will seek to establish during the estimation proceedings that this is the correct estimated value of these Claims).

---

[3]     *Notice of Hearing on (I) The Adequacy of Information in the Debtors' Disclosure Statement and (II) Confirmation of the Debtors' Chapter 11 Plan* (ECF No. 401).

[4]     *Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* (ECF No. 427); *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* (ECF No. 429).

[5]     Amended Plan at Art. IX.A.8 (listing "Conditions Precedent to Consummation of the Plan" including that "to the extent the Alameda/FTX Claims have not been otherwise resolved, the Bankruptcy Court shall have entered an order, in form and substance acceptable to the Debtors, in consultation with the Committee and the Ad Hoc Group SteerCo, estimating such Claims in accordance with Article VII.C of the Plan").

[6]     *See Order Appointing Mediator* (ECF No. 279) (May 1, 2023).

[7]     The Debtors have been working as quickly as possible in connection with the Motion to Estimate, which was filed days after the FTX Debtors' Proofs of Claim were filed.

4

6. The FTX Debtors make much of the fact that, where a claim is found to be unliquidated, estimation by the bankruptcy court is only mandatory where there is a showing of "undue delay." Contrary to the FTX Debtors' assertion, FTX Debtors' Objection at ¶ 4, the Debtors have made such a showing.[8] The facts underlying the need to estimate are known by all parties, are clear from the record in these Cases, and/or are otherwise not in dispute. The Court can take judicial notice of the confirmation timeline, the ongoing mediation, and the amounts of the asserted FTX Claims relative to the Debtors' assets and claims pool. The FTX Debtors as well as the FTX Unsecured Creditors' Committee both explicitly acknowledge that litigating the FTX Claims would take much longer than the Debtors' confirmation timeline.[9] Therefore, the Debtors have made the requisite showing of "undue delay" as required by Section 502(c).

7. The *LightSquared* case that the FTX Debtors cite in their Objection is readily distinguishable. In that case, a lender (not the debtor) sought to estimate a $1.7 billion guaranty claim filed against the parent guarantors of the debtor, as borrower. *See In re LightSquared Inc.*, 2014 WL 5488413, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014). The court, in denying estimation on the grounds that the claim was neither contingent nor unliquidated, also observed that, even if the claim were unliquidated, its liquidation would not unduly delay the administration of the chapter 11 cases. *Id.* at *5-6.

---

[8] The court in *LightSquared*, to which the FTX Debtors cite for the proposition that an evidentiary record is required for decision of the Motion to Estimate, does not discuss the sufficiency of the evidence presented to it, but rather rejects the logic of the movant's argument in favor of estimation (which is based on facts that are not comparable or even similar to those before this Court). *See* FTX Debtors' Objection at ¶ 4, 15. And in any event, the Debtors satisfy their evidentiary burden with what is already in the record before this Court and the FTX Debtors' admissions in their pleadings.

[9] FTX Debtors' Objection at ¶ 25 (recognizing that "traditional litigation over the FTX Claims would be lengthy"); FTX Committee Objection at ¶ 1 ("The FTX Committee joins the FTX Debtors' Objection and incorporates by reference all arguments set forth therein"); *see also id.* at ¶ 6 (reference to estimation as a "truncated process" necessarily implies that full litigation would take longer).

8.      The FTX Debtors also repeatedly assert that the necessity of estimating their claims is a problem of the Debtors' own making. First, the Debtors did not list the FTX Claims in their Schedules of Assets and Liabilities. The matter became concrete when the FTX Debtors filed the proofs of claim against the Debtors' estates. Second, the idea that the Debtors and their creditors could just as easily pursue a plan structure that does *not* require estimating the FTX Debtors' claims ignores the fact that due to their relative asserted size, the FTX Claims would unduly delay creditor distributions in any plan structure, which is a sufficient basis for estimation under section 502(c). Furthermore, estimation of the FTX Claims is required to enable the possibility of confirming a plan that embodies a settlement among the key stakeholders, as that settlement would necessarily be built on certain estimated recoveries which are impossible to determine without estimation of the FTX Claims.

9.      The Debtors have sought to propose a reasonable process for estimation on a timeline that is consistent with the Debtors' proposed confirmation and emergence schedule. While the proposed timeline for fixing these Claims is by definition shorter than what would typically occur with a full litigation, the estimation process requires only that the Court reach a "reasonable estimate" of the Claim. *In re AMR,* 11-15463 (SHL) (Jul. 14, 2021) *4. A court may authorize the estimation and approximation of the value of the claim using "whatever method is best suited to the circumstances at issue and recognizing that absolute certainty is not possible." *In re Brints Cotton Marketing, Inc.*, 737 F.2d 1338, 1341 (5th Cir. 1984). Courts have wide discretion in setting up a process that is driven by the unique circumstances of the case. *See In re Chemtura Corp.*, 448 B.R. 635, 649 ("For both procedure and analytical methodology, bankruptcy courts may use whatever method is best suited to the contingencies of the case.").

10. Here, the Debtors believe that estimation can be done within the schedule proposed by the Debtors by streamlining discovery, limiting fact depositions and expert testimony, and allowing the parties to brief the issues and then present their positions at an evidentiary hearing in mid-August in advance of confirmation. Thus, the schedule presents sufficient time and opportunity for a fair process to estimate the FTX Claims, and the Debtors urge this Court to exercise its discretion in setting up such a process to enable estimation which is required to prevent undue delay in these Cases.

*[The remainder of this page is intentionally left blank.]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request entry of the Proposed Order and such other and further relief as is just.

Dated: June 13, 2023
    New York, New York

*/s/ Jane VanLare*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 1006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*