## **EXHIBIT C**

**Yap Wai Ming OCP Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## DECLARATION OF DISINTERESTEDNESS

I, Yap Wai Ming, declare that the following is true to the best of my knowledge, information and belief:

1. I am the managing director at Morgan Lewis Stamford LLC, a Singapore law practice at 10 Collyer Quay, #27-00 Ocean Financial Centre, Singapore 049315 (the "Firm"), which the debtors and debtors-in-possession (the "Debtors") in the above-captioned case (the "Chapter 11 Cases") have requested serve as counsel to the Debtors in connection with Babel Holding Limited's restructuring proceeding in Singapore. The Firm has consented to provide such services. This Declaration is submitted in compliance with the *Order Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business*, ECF No. 102 (the "Ordinary Course Professionals Order").

2. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to the Chapter 11 Cases for persons that are parties in interest in the Chapter 11 Cases. The Firm does not perform services

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

for any such person in connection with the Chapter 11 Cases, or have any relationship with any such person, their attorneys or their accountants that would be adverse to the Debtors or their estates.

3. The Firm has not provided services to the Debtors prior to the commencement of the Chapter 11 Cases.

4. The Firm keeps, in the ordinary course of business, time records in one-tenth-of-an-hour increments.

5. As part of its customary practice, the Firm is retained in cases, proceedings and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants and parties in interest in the Chapter 11 Cases.

6. Neither I nor any principal, partner, director, or officer of or professional employed by, the Firm, has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

7. Neither I nor any principal, partner, director, or officer of or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

8. As of the Petition Date, the Firm was not party to an agreement for indemnification with the Debtors.

9. The Debtors owe the Firm $0.00 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101-

2

1532. This amount is either owing in United States ("U.S.") Dollars or has been converted to U.S. Dollars based on the applicable exchange rate in effect on the Petition Date.

          10.       The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of such inquiries, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

[*Signature page follows*]