**Hearing Date and Time: July 6, 2023 at 11:00 AM (ET)**
**Objection Deadline: June 29, 2023 at 4:00 PM (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 (I) ESTABLISHING CLAIMS OBJECTION AND NOTICE PROCEDURES, (II) ESTABLISHING CLAIM HEARING PROCEDURES AND (III) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**PLEASE TAKE FURTHER NOTICE** that on June 22, 2023 the Debtors filed the *Debtors' Motion for an Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (II) Granting Related Relief* (the "Motion").  A hearing (the "Hearing") on the Motion will be held before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Hearing will commence on **July 6, 2023, at 11:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.  After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Objections"), if any, to the Motion or the relief requested therein shall be made in writing, filed with the Court no later than **June 29, 2023, at 4:00 P.M. (Prevailing Eastern Time)**, and served as required by the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Debtors shall, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450.  Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Motion carefully and, if you have one available, discuss it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:    June 22, 2023
         New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER
PURSUANT TO 11 U.S.C. § 105(a) AND FED. R.
BANKR. P. 3007 (I) ESTABLISHING CLAIMS OBJECTION
AND NOTICE PROCEDURES, (II) ESTABLISHING CLAIM
HEARING PROCEDURES AND (III) GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter

11 Cases") hereby file this motion (the "Motion") for entry of an order, substantially in the form

attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Procedure (the "Bankruptcy Rules"), (i) establishing claims objection and notice procedures, (ii) establishing claim hearing procedures, and (iii) granting related relief.  In support of this Motion, the Debtors rely upon the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (the "First Day Declarations"),[2] incorporated herein by reference, and respectfully present:

## PRELIMINARY STATEMENT

1.      Now that the General Bar Date (defined below) has passed, the Debtors are focused on setting the stage to efficiently review and reconcile the filed claims as expeditiously as possible and in anticipation of the upcoming solicitation and confirmation of the Debtors' plan of reorganization.  As part of this effort, the Debtors seek limited relief from certain aspects of Rule 3007 of the Bankruptcy Rules.  Specifically, the Debtors seek to modify: (i) Rule 3007(c) to permit the Debtors to object to multiple claims in a single objection; and (ii) Rule 3007(d) to permit an Omnibus Objection (defined below) which (a) objects to claims filed by different entities and (b) raises objections beyond those set forth in Rule 3007(d).

2.      In addition, the Debtors seek approval of omnibus claims objection notice forms that will be tailored to best apprise claimants of a pending objection and the deadlines and procedures for responding.  Specifically, Bankruptcy Rule 3007 contemplates that a copy of a claim objection, with notice of the hearing, will be served on the affected claimant.  Particularly

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

where Omnibus Objections may address hundreds of claims, the Debtors propose to serve a customized notice of the Omnibus Objection (the "Omnibus Claims Objection Notice") on each of the claimants whose claims are the subject of the applicable Omnibus Objection in a form substantially similar to the notices attached to the Proposed Order as **Exhibit 1**, except for objections related to Gemini Lender claims, for which the Debtors propose to serve a customized notice of Omnibus Objection (the "Gemini Lender Omnibus Objection Notices") on each Gemini Lender whose claim is subject to the applicable Omnibus Objection and by email to counsel to Gemini, in the forms substantially similar to the notices attached to the Proposed Order as **Exhibit 2** and **Exhibit 3**.

3.      Finally, the Debtors seek approval of certain procedures to streamline hearings with respect to claim objections (each, a "Claim Hearing") in the interest of judicial economy and to ease the burden and cost of the claims reconciliation process.  Additionally, the Debtors seek approval to schedule, at their discretion, with respect to a claim for which a party has properly filed and served a response (each a "Contested Claim"), (i) a non-evidentiary Claim Hearing to address whether the Contested Claim fails to state a claim as a matter of law against the Debtors on the date set forth in the notice of the claim objection (or such other date as may be scheduled by the Debtor), and (ii) an evidentiary hearing on the merits of a Contested Claim on a date established in a notice of hearing served upon the relevant claimant at least thirty (30) calendar days prior to the date of such hearing.

4.      The Debtors believe these procedures proposed herein will aid in the efficient administration of the estate, while at the same time ensuring that all claimants' rights are respected.  As such, the Debtors request that the Court approve the proposed procedures.

## BACKGROUND

5.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services.  Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc..  Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the First Day Declarations.

6.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Court (the date of such filing, the "Petition Date") with the United States Bankruptcy Court for the Southern District of New York (the "Court").  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

7.      On March 21, 2023, the Debtors filed summaries of their assets and liabilities schedules (ECF Nos. 145, 146, 147).

8.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9)*

*Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

9.        Prior to the Petition Date, Debtor Genesis Global Capital, LLC ("GGC") engaged in borrowing activities with Gemini Trust Company, LLC ("Gemini") for the ultimate benefit of certain Gemini users that elected to provide loans to GGC (the "Gemini Earn Program"). Through the Gemini Earn Program, a subset of Gemini's users (each a "Gemini Lender") agreed to lend certain of their digital assets at Gemini to GGC (the "Gemini Borrowings") in exchange for the return of such digital assets upon request or at the expiration of a specified period and the payment by GGC of a loan fee.  Under the terms of the relevant master loan agreements ("Gemini MLAs") between GGC, Gemini, and each Gemini Lender, the Gemini Lenders appointed Gemini to act as agent in connection with the Gemini Borrowings.  In turn, GGC received and paid interest on the Gemini Lenders' assets and lent the assets to institutional borrowers.  As of the Petition Date, there were approximately 232,824 Gemini Lenders.  Given the nature of the Gemini Borrowings and Gemini's appointment as agent for each Gemini Lender under the Gemini MLAs, the Bar Date Order authorized and directed Gemini to file a master claim (the "Gemini Master Claim") pursuant to section 501(a) of the Bankruptcy Code against GGC and/or any other Debtor that Gemini determined may have liability to the Gemini Lenders for repayment of the Gemini Borrowings.  Gemini timely filed three (3) such Gemini Master Claims.  *See* Claim Nos. 356, 369, and 400.

10.        Likewise, the Bar Date Order authorized and directed the ad hoc group of creditors of GGC (the "Ad Hoc Group") to file a single proof of claim (the "Ad Hoc Group Master Claim") pursuant to section 501(a) of the Bankruptcy Code on account of prepetition claims

against the Debtors held by members of the Ad Hoc Group pursuant to relevant master loan agreements or term sheets.  To the extent that members of the Ad Hoc Group wished to assert a claim other than the amount owed pursuant to such master loan agreements or loan term sheets, the Bar Date Order provided that such members were required to submit a separate proof of claim with respect to such additional claim.  The Ad Hoc Group has timely filed two (2) such Ad Hoc Group Master Claims.  *See* Claim Nos. 447 and 489.  The General Bar Date passed on May 22, 2023.  As of the General Bar Date, 535 claims have been filed against the Debtors.  The Debtors, together with their advisors, have already commenced the claims reconciliation process and anticipate that they will object to a substantial number of claims asserted against the Debtors in accordance with section 502 of the Bankruptcy Code and Bankruptcy Rule 3007(d), which authorizes the Debtors to object to multiple claims in an omnibus fashion based on certain enumerated grounds, and on additional grounds not set forth in Bankruptcy Rule 3007(d).  It would be time consuming and at odds with the interests of judicial economy for the Debtors to prepare and file individual pleadings for each objection not specifically set forth in Bankruptcy Rule 3007(d).  Accordingly, the Debtors request authority to file omnibus objections in accordance with the relief sought herein.

11.    The Debtors have been working expeditiously with all parties in interest to resolve certain deadlocks among the parties and to formulate a plan structure.  On June 13, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 427) (as may be amended and supplemented from time to time, the "Plan") and the *Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code* (ECF No. 429) (the "Disclosure Statement").  A hearing on the adequacy of information in the Disclosure Statement is scheduled for July 12, 2023 at 2:00 p.m. (ET), and a hearing for

confirmation of the Plan is scheduled for August 24, 2023 at 11:00 a.m. (ET).  *See Notice of Hearings on (I) the Adequacy of the Information in the Debtors' Disclosure Statement and (II) Confirmation of the Debtors' Chapter 11 Plan* (ECF No. 401).

## JURISDICTION AND VENUE

12.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007.

## RELIEF REQUESTED

13.    By this Motion, the Debtors seek entry of the Proposed Order modifying Rule 3007 as set forth herein, establishing certain claims objection and notice procedures (the "Claims Objection and Notice Procedures"), establishing hearing procedures with respect to contested claims (the "Claim Hearing Procedures") and granting such other relief as the Court deems just and proper.

## BASIS FOR RELIEF

14.    The Debtors seek approval of the Claims Objection and Notice Procedures and Claim Hearing Procedures pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007.  Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Bankruptcy Rule 3007(c) provides that the Court may modify the requirements for filing omnibus objections.  *See* Fed. R. Bankr. P. 3007(c).

7

A.    **Proposed Modifications to Rule 3007(c)-(e) Regarding the Scope of Omnibus Objections**

15.    Rule 3007(c) prohibits debtors from filing a single objection to multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)."  Fed. R. Bankr. P. 3007(c).  Rule 3007(d), in turn, allows debtors to file a single objection to multiple claims (an "Omnibus Objection") when (i) all of the claims at issue in that objection were filed by the same entity, or (ii) the basis for the objection is that the claims:

(a)    duplicate other claims;

(b)    have been filed in the wrong case;

(c)    have been amended by subsequently filed proofs of claim;

(d)    were not timely filed;

(e)    have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order;

(f)    were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

(g)    are interests, rather than claims; or

(h)    assert priority in an amount that exceeds the maximum amount under § 507 of the Code.

*See* Fed. R. Bankr. P. 3007(d).

16.    The Debtors anticipate, in addition to the foregoing grounds, also objecting to multiple claims on additional grounds not set forth in Rule 3007(d).  The Debtors believe that filing individual pleadings for each objection not specifically stated in Bankruptcy Rule 3007(d) would be time consuming, costly and would unnecessarily burden this Court's docket.  Conversely, allowing the Debtors to file an Omnibus Objection to multiple claims on grounds in addition to those set forth at Rule 3007(d) would ease the administrative burden placed on this Court and the financial burden placed on the Debtors and their estates.  Accordingly, the Debtors

8

request that, in addition to the grounds enumerated in Rule 3007(d), the Debtors also be authorized

to file an Omnibus Objection seeking reduction, reclassification or disallowance and expungement

of claims on additional grounds beyond those set forth in Rule 3007(d) (the "Additional Permitted

Grounds"), including, without limitation:

    (a)    the amount or number of units of cryptocurrency claimed is inconsistent with or contradicts the Debtors' books and records and the Debtors, after review and consideration of any information provided by the claimant, deny liability in excess of the amount reflected in the Debtors' books and records;

    (b)    the claim is incorrectly classified;

    (c)    the claim seeks recovery of amounts for which the Debtors are not liable;

    (d)    the claim incorrectly values the collateral securing the claim;

    (e)    the claim fails to sufficiently specify the basis for the claim or does not include sufficient documentation to ascertain the validity of the claim;

    (f)    the claim is for reimbursement or contribution and is subject to disallowance under section 502(e)(1) of the Bankruptcy Code;

    (g)    the claim fails to specify the asserted claim amount;

    (h)    the claim is filed against the incorrect Debtor, a non-debtor or is improperly filed against multiple Debtors;

    (i)    the claim fails to specify a Debtor against which the claim is asserted;

    (j)    the claim has been satisfied in full by a Debtor or a party that is not a Debtor, or has otherwise been satisfied during or prior to the pendency of the Chapter 11 Cases;

    (k)    the claim has been waived or withdrawn pursuant to an agreement with the Debtors;

    (l)    pursuant to section 502(b) of the Bankruptcy Code to establish the U.S. Dollar amount of the claim;

    (m)    the claim is not entitled to the asserted secured status or other priority;

    (n)    the claim is for the return of cryptocurrency and is asserted partially or fully in U.S. Dollars rather than cryptocurrency or asserts an amount that is based on a date inconsistent with the proof of claim form;

(o)     the claim asserts amounts inconsistent with the terms of the applicable master lending agreement with such claimant; or

(p)     the claim is objectionable on some other basis under applicable bankruptcy or non-bankruptcy law, including but not limited to that it is barred by the statute of limitations.

17.     Similar relief has routinely been granted in other large chapter 11 cases. *See, e.g.*, *In re Celsius Network LLC,* No. 22-10964 (MG) (Bankr. S.D.N.Y. Feb. 16, 2023) (ECF No. 2090); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Jan. 30, 2023) (ECF No. 925); *In re Groupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. Feb. 17, 2021) (ECF No. 904); *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Nov. 16, 2020) (ECF No. 1179); *In re LATAM Airlines Group S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. Oct. 26, 2020) (ECF No. 1251); *In re Sears Holdings Corp., et al.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Oct. 15, 2018) (ECF No. 3014); *In re Relativity Media, LLC, et al.*, Case No. 18-11358 (MEW) (Bankr. S.D.N.Y. Jan 23, 2019) (ECF No. 678); *In re Republic Airways Holdings Inc., et al.*, Case No. 16-10429 (SHL) (Bankr. S.D.N.Y. Dec. 15, 2016) (ECF No. 1299); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2016) (ECF No. 2613); *In re Arcapita Bank B.S.C.(c), et al.*, Case No. 12-11076 (SHL) (Bankr. S.D.N.Y. Jan. 18, 2013) (ECF No. 785-1); *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Apr. 19, 2010) (ECF No. 8474); *In re Delphi Corp., et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 6, 2006) (ECF No. 6287-1).

**B.     Modifications to Rule 3007(a) Regarding Notice and Response Procedures**

18.     Bankruptcy Rule 3007(a) requires a copy of a claim objection be served on the affected claimant.  *See* Fed. R. Bankr. P. 3007(a).

19.     In order to conserve the Debtors' resources, the Debtors request that the Court limit notice of all claims objections to:

(a)    service of a complete copy of each claim objection on (i) the U.S. Trustee and (ii) by email to counsel to (a) the Committee, (b) the Ad Hoc Group, and (c) Gemini;

(b)    with respect to each Omnibus Objection, service of the objection on each claimant whose claim is the subject of the applicable Omnibus Objection and its counsel, if they have appeared in the Chapter 11 Cases or are listed as a notice party in the relevant proof of claim; and

(c)    with respect to individual claim objections, service of a complete copy of each individual objection on the affected claimant and its counsel, if listed as a notice party in the relevant proof of claim or where they have appeared in the Chapter 11 Cases, by email.

A complete copy of each individual claim objection and each Omnibus Objection will be filed with this Court in accordance with the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and publicly available for free on the website of the Debtors' approved claims and noticing agent, Kroll Restructuring Administration (the "Claims and Noticing Agent") at https://restructuring.ra.kroll.com/genesis (the "Case Website").

20.    The Debtors further seek authority to serve the Omnibus Claims Objection Notice on each claimant whose claim is the subject of an Omnibus Objection and, if listed as a notice party in the relevant proof of claim or where they have appeared in the Chapter 11 Cases, its counsel.  The Omnibus Claims Objection Notice will be in a form substantially similar to the notice attached to the Proposed Order as **Exhibit 1** and will include, *inter alia*, a description of the basis of the Omnibus Objection.

21.    With respect to any Omnibus Objection to any objected-to Gemini Lender's claim, the Debtors seek authority to serve the Gemini Lender Omnibus Objection Notices (1) on each claimant whose claim is the subject of the applicable Omnibus Objection and its counsel, if they have appeared in the Chapter 11 Cases or are listed as a notice party in the relevant proof of claim, and (ii) by email to counsel to Gemini.  The Gemini Omnibus Claims Objection Notices

will be in forms substantially similar to the notices attached to the proposed order as **Exhibit 2** and **Exhibit 3**, as applicable, and will include, *inter alia*, a description of the basis of the Omnibus Objection, including, as applicable, whether the basis of the objection is that the claim is a duplicate of the Gemini Master Proof of Claim, that the Debtors' books and records do not reflect such claims, or any other ground.

22.    The Debtors respectfully submit that no additional service or notice should be required for claim objections.

23.    Lastly, Bankruptcy Rule 3007(a) requires that the parties receive notice of a claim objection and the hearing thereon at least thirty (30) days prior to the hearing on the objection, but does not specify the period within which responses to the objection must be filed. *See* Fed. R. Bankr. P. 3007(a).  To further simplify the claim objection process, the Debtors request that the Court establish that responses ("Responses") to the Debtors' claim objections shall be due twenty-one (21) calendar days after service of the objection and relevant notice, or if such date falls on a Saturday, Sunday or holiday, the first business day following such date.[3]  The Debtors further request any reply ("Reply") shall be due two (2) business days prior to the date of the applicable hearing.  To ensure claimants are properly notified and avoid any confusion, the Omnibus Objections and individual claim objections will specify the time and date when responses are due.

24.    Similar relief has routinely been granted in other large chapter 11 cases. *See, e.g.*, *In re Celsius Network LLC,* No. 22-10964 (MG) (Bankr. S.D.N.Y. Feb. 16, 2023) (ECF No. 2090); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Jan. 30,

---

[3]    The Debtors reserve the right to request that the Court shorten or extend the response deadline, if the circumstances so require.

2023) (ECF No. 925); *In re Groupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr.

S.D.N.Y. Feb. 17, 2021) (ECF No. 904); *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG)

(Bankr. S.D.N.Y. Nov. 16, 2020) (ECF No. 1179); *In re LATAM Airlines Group S.A.*, Case No.

20-11254 (JLG) (Bankr. S.D.N.Y. Oct. 26, 2020) (ECF No. 1251); *In re Sears Holdings Corp., et

al.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Apr. 2, 2019) (ECF No. 3014); *In re The Great

Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2016) (ECF No.

2613); *In re Arcapita Bank B.S.C.(c), et al.*, Case No. 12-11076 (SHL) (Bankr. S.D.N.Y. Jan. 18,

2013) (ECF No. 785-1); *In re Motors Liquidation Co., et al. (f/k/a General Motors Corp. et al.)*,

Case No. 09-50026 (REG) (Bankr. S.D.N.Y. July 1, 2010) (ECF No. 6238); *In re Lehman Bros.

Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Apr. 19, 2010) (ECF No. 8474); *In re

Delphi Corp., et al.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Dec. 7, 2006) (ECF No. 6287-

1).

      **C.**      **Proposed Claim Hearing Procedures**

          25.     In order to streamline the claims reconciliation process, the Debtors seek

authority to implement certain claim hearing procedures.  The establishment of such procedures

will allow for the efficient and timely resolution of the claim objections, including Contested

Claims, minimizing unnecessary depletion of the estate's resources to the benefit of all parties in

interest.  To that end, the Debtors seek authorization to schedule a Claim Hearing on each claim

objection or Omnibus Claim for a hearing no less than thirty (30) days after service of the

applicable objection notice.  A Claim Hearing to consider a claim objection as to a Contested

Claim, whether such objection has been filed and served prior to or after entry of the Proposed

Order, will be scheduled as follows:

        (a)    For a non-evidentiary hearing to address whether the Contested Claim
                 has failed to state a claim against the Debtors which can be allowed and
                 should be dismissed pursuant to Bankruptcy Rule 7012(b) (a

"Sufficiency Hearing"), unless the Debtors serve the claimant with a Notice of Merits Hearing (defined below), the Sufficiency Hearing shall go forward on the date set forth in the notice of the claim objection, Omnibus Claim Objection Notice, or Gemini Lender Claim Objection Notice, as applicable, or such other date as may be scheduled by the Debtor. The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be the equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted, in accordance with Bankruptcy Rule 7012(b).

(b)    For an evidentiary hearing on the merits of a Contested Claim (a "Merits Hearing"), the Debtors, in their discretion, may serve upon the relevant claimant (in accordance with the Case Management Order) and file with the Court, a notice that the hearing will be a Merits Hearing (a "Notice of Merits Hearing") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

26.    The proposed claim hearing procedures are similar to procedures that have been approved in other large chapter 11 cases. *See In re Celsius Network LLC,* No. 22-10964 (MG) (Bankr. S.D.N.Y. Feb. 16, 2023) (ECF No. 2090); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Jan. 30, 2023) (ECF No. 925); *In re Groupo Aeroméxico, S.A.B. de C.V.*, No. 20-11563 (SCC) (Bankr. S.D.N.Y. Feb. 17, 2021) (ECF No. 904); *In re Ditech Holding Co.*, No. 19-10412 (JLG) (Bankr. S.D.N.Y. Nov. 19, 2019); *In re Sears Holdings Corp., et al.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Apr. 2, 2019) (ECF No. 3014); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Mar. 22, 2016) (ECF No. 2613); *In re Roman Cath. Diocese of Rockville Ctr., New York*, 2023 WL 3158940, at *5 (Bankr. S.D.N.Y. May 1, 2023) (applying the standard for a motion to dismiss for failure to state a claim because the claim objection procedure order provided that Bankruptcy Rule 7012(b) is the applicable legal standard for a Sufficiency Hearing); *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2022 WL 14964188, at *7 (Bankr. S.D.N.Y. Oct. 26, 2022) (same); *In re Salvatore*, 586 B.R. 371, 375–76 (Bankr. D. Conn. 2018) (same).

27.     Moreover, with respect to a preliminary Sufficiency Hearing, courts in this Circuit have held that the standard for a motion to dismiss for failure to state a claim applies to determinations of the validity of proofs of claim, regardless of the adoption of specific procedures incorporating Bankruptcy Rule 7012(b).  *See, e.g.*, *In re Residential Capital, LLC*, 518 B.R. 720, 731 (Bankr.S.D.N.Y.2014); *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr.S.D.N.Y.2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure." (citations omitted)); *Morse v. Rescap Borrower Claims Tr.*, 2015 WL 353931, at *4 (S.D.N.Y. Jan. 26, 2015), *aff'd sub nom. In re Residential Cap., LLC*, 628 F. App'x 63 (2d Cir. 2016) (upholding the bankruptcy court's application of the federal pleading standards to a proof of claim); *In re Roman Cath. Diocese of Rockville Ctr.*, 2023 WL 3158940, at *5 (holding the 12(b)(6) motion to dismiss standard incorporated through Bankruptcy Rule 7012(b) in the claim objection procedure order "is consistent with authorities in this Circuit stating that where a party objects to a claim as facially defective, the analysis of the claim is guided by the familiar standards applicable to a motion to dismiss." (internal citation omitted).   Further, incorporation of the standard for a motion to dismiss for failure to state a claim as part of the Sufficiency Hearing procedures also effectively implements Local Rule 9014-2, which provides that the first hearing on a contested matter is to be a non-evidentiary hearing unless certain specific circumstances are met.  *See* Rule 9014-2.  As such, the inclusion of this proposed procedure in the Claims Hearing Procedures is in the interest of clarity for all claimants.

### D.     No Other Modifications to Rule 3007 Are Requested

28.     Aside from the specific relief requested herein and as otherwise ordered by the Court, the Debtors will comply with Rule 3007 in all other respects.  To that effect, each Omnibus Objection will:

(a) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(b) list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

(c) state the grounds of the objection to each claim and provide a cross-reference to the pages in the Omnibus Objection pertinent to the stated grounds;

(d) state in the title the identity of the objector and the grounds for the objections; and

(e) be numbered consecutively with other omnibus objections filed by the same objector.

Fed. R. Bank. P. 3007(e).

## NOTICE

29.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the Case Management Order.  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

30.     No prior request for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left blank intentionally]*

## CONCLUSION

WHEREFORE, for the reason set forth herein the Debtors respectfully request

that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just

and proper.

Dated:   June 22, 2023                            */s/ Luke A. Barefoot*_____
         New York, New York                  Sean A. O'Neal
                                               Luke A. Barefoot
                                               Jane VanLare
                                               CLEARY GOTTLIEB STEEN &
                                               HAMILTON LLP
                                             One Liberty Plaza
                                             New York, New York 10006
                                             Telephone: (212) 225-2000
                                             Facsimile: (212) 225-3999

                                             *Counsel to the Debtors*
                                             *and Debtors-in-Possession*