# EXHIBIT A

## Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 (I) ESTABLISHING CLAIMS OBJECTION AND NOTICE PROCEDURES, (II) ESTABLISHING CLAIM HEARING PROCEDURES AND (III) GRANTING RELATED RELIEF

Upon the Motion[2] of Genesis Global Holdco, LLC and its affiliated debtors and

debtors-in-possession (collectively, the "Debtors"), for entry of the *Order Pursuant to 11 U.S.C.*

*§ 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures,*

*(II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (this "Order"); and

the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order

consistent with Article III of the United States Constitution; and the Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having found that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors and other parties in interest; and the Court having found that

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate

and no other notice need be provided; and the Court having reviewed the Motion and having heard

the statements in support of the relief requested therein at a hearing before the Court (the

"Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion

and on the record of the Hearing establish just cause for the relief granted herein; and all objections

to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

The Motion is GRANTED to the extent set forth herein.

1.      Bankruptcy Rule 3007 is modified to permit the Debtors to object to

multiple claims in a single objection, in accordance with the following procedures (the "Claims

Objection and Notice Procedures"):

(a)    Notwithstanding anything to the contrary in the Federal Rules of
Bankruptcy Procedure, the Debtors are authorized to file omnibus
objections to claims (an "Omnibus Objection") seeking reduction,
reclassification or disallowance and expungement of claims on one or
more of the following grounds (the "Additional Permitted Grounds"), in
addition to the grounds set forth in Bankruptcy Rule 3007(d):

(i)    the amount claimed or number of units of cryptocurrency is
inconsistent with or contradicts the Debtors' books and records and
the Debtors, after review and consideration of any information
provided by the claimant, deny liability in excess of the amount
reflected in the Debtors' books and records;

(ii)    the claim is incorrectly classified;

(iii)    the claim seeks recovery of amounts for which the Debtors are not
liable;

(iv)    the claim incorrectly values the collateral securing the claim;

(v)    the claim fails to sufficiently specify the basis for the claim or does
not include sufficient documentation to ascertain the validity of the
claim;

(vi)     the claim is for reimbursement or contribution and is subject to disallowance under section 502(e)(1) of the Bankruptcy Code;

(vii)    the claim fails to specify the asserted claim amount;

(viii)   the claim is filed against the incorrect Debtor, a non-debtor or is improperly filed against multiple Debtors;

(ix)     the claim fails to specify a Debtor against which the claim is asserted;

(x)      the claim has been satisfied in full by a Debtor or a party that is not a Debtor or has otherwise been satisfied during or prior to the pendency of the Chapter 11 Cases;

(xi)     the claim has been waived or withdrawn pursuant to an agreement with the Debtors;

(xii)    pursuant to Section 502(b) of the Bankruptcy Code to establish the U.S. Dollar amount of the claim;

(xiii)   the claimant is not entitled to the asserted secured status or other priority;

(xiv)    the claim is for the return of cryptocurrency and is asserted partially or fully in U.S. Dollars rather than cryptocurrency or assert an amount that is based on a date inconsistent with the proof of claim form;

(xv)     the claim asserts amounts inconsistent with the terms of the applicable master lending agreement with such claimant; or

(xvi)    the claim is objectionable on some other basis under applicable bankruptcy or non-bankruptcy law, including but not limited to that it is barred by the statute of limitations.

(b)     The decision of Debtors, or any party in interest, to pursue an objection (individually or on an omnibus basis) with respect to a proof of claim will be without prejudice to such party's right to object on other grounds (individually or on an omnibus basis) to the same proof of claim or any other proof of claim at a later date.  For the avoidance of doubt, the decision of Debtors, or any party in interest, to pursue a purely legal objection (individually or on an omnibus basis) with respect to a proof of claim will be without prejudice to such party's right to pursue related fact-based objections (individually or on an omnibus basis) with respect to the same proof of claim or any other proof of claim at a later date;

(c)     Except as expressly provided herein, the Debtors shall comply with the requirements for omnibus claim objections set forth in Bankruptcy Rule 3007(e);

(d)     Any order sustaining an Omnibus Objection shall be a final order for each claim referenced in the Omnibus Objection as if an individual objection had been filed for such claim, unless otherwise ordered by this Court;

(e)     Nothing in this Order shall constitute a determination or admission by any of the Debtors as to the validity, nature, amount or priority of any claim asserted in the Chapter 11 Cases;

(f)     Unless otherwise provided by this order, notice of all claim objections shall be limited to:

  (i)     service of a complete copy of each claim objection by email on (a) the U.S. Trustee and (b) by email to counsel to (i) the Committee, (ii) the Ad Hoc Group, and (iii) Gemini;

  (ii)     with respect to each Omnibus Objection, service of the objection on each claimant whose claim is the subject of an Omnibus Objection and its counsel, if they have appeared in the Chapter 11 Cases or are listed as a notice party in the relevant proof of claim; and

  (iii)     with respect to individual claim objections, service of a complete copy of each individual objection on the claimants whose claim is the subject of the objection and its counsel, if listed as a notice party in the relevant proof of claim or where they have appeared in the Chapter 11 Cases, by email.

(g)     The Debtors shall file all omnibus and individual objections with this Court in accordance with the Case Management Order, to be made publicly available for free on the Case Website by the Debtors' Case and Noticing Agent;

(h)     The Debtors shall serve an Omnibus Claims Objection Notice on each claimant (except as provided in section (i)) whose claim is the subject of the applicable Omnibus Objection and, if listed as a notice party in the relevant proof of claim or where they have appeared in the Chapter 11 Cases, its counsel.  The Omnibus Claims Objection Notice shall be in a form substantially similar to the notice attached hereto as **Exhibit 1** and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the Omnibus Objection (with reference to an attached exhibit

or otherwise), and information on how the claimant may obtain a complete copy of the Omnibus Objection.

(i)    With respect to any Omnibus Objection to a Gemini Lender's claim (the Debtors shall serve one of the Gemini Lender Omnibus Claims Objection Notices, as applicable, on each claimant whose claim is the subject of the applicable Omnibus Objection, its counsel, if they have appeared in the Chapter 11 Cases or are listed as a notice party in the relevant proof of claim, and by email to counsel to Gemini. The Gemini Lender Omnibus Claims Objection Notices shall be in a forms substantially similar to the notices attached hereto as **Exhibit 2** and **Exhibit 3** and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Objection, information regarding the response deadline and hearing date, identification of the claim that is the subject of the Omnibus Objection (with reference to an attached exhibit or otherwise), and information on how the claimant may obtain a complete copy of the Omnibus Objection.

(j)    Responses to both individual objections and Omnibus Objections (each a "Response") shall be due twenty-one (21) calendar days after service of the objection, or if such date falls on a Saturday, Sunday or holiday, the first business day following such date; *provided*, *however*, that the Debtors reserve the right to request that this Court impose an alternative response date or grant expedited consideration with respect to certain objections, if the circumstances so require, which may result in shortened notice of both the hearing date and the response deadline. The Debtors shall also be authorized to extend any response period, in their sole discretion (with advance notice to counsel for the Committee), without any further notice or order of this Court.

(k)    The Debtors may file and serve a Reply to a Response no later than 4:00 p.m., prevailing Eastern Time, on the day that is two (2) calendar days prior to the date of the applicable first hearing (which may fall on a Saturday, Sunday, or legal holiday notwithstanding Bankruptcy Rule 9006 or equivalent provisions).

2.    A hearing on any claim objection or Omnibus Objection shall be set for hearing no less than thirty (30) days after service of the objection or Omnibus Objection (each, a "Claim Hearing"). The Debtors may request at the Claim Hearing that the Court enter an order granting the Omnibus Objection with respect to each claim subject to the Omnibus Objection when either (a) no Response has been filed in accordance with the proposed response procedures with respect to the claim(s) or (b) a Response has been filed in accordance with the proposed response

procedures with respect to the claim(s), but such Response has been resolved prior to the Claim

Hearing.  If a Response to an objection to a claim cannot be resolved (each such claim, a

"Contested Claim") and a hearing is determined to be necessary, the Debtors shall schedule a

Claim Hearing for a Contested Claim as follows:

(a)    For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012(b) (a "Sufficiency Hearing"). Unless the Debtor serves the holder of the claim (the "Claimant") with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the date set forth in the notice of the claim objection (or such other date as may be scheduled by the Debtor). The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted, in accordance with Bankruptcy Rule 7012(b).

(b)    For an evidentiary hearing on the merits of a Contested Claim (a "Merits Hearing"), the Debtor, in its discretion, may serve upon the relevant Claimant (by email or overnight delivery) and file with the Court, a notice that the hearing will be a Merits Hearing (a "Notice of Merits Hearing"). The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

3.    The Debtors, in their sole discretion (with advance notice to counsel for the

Committee), are authorized to further adjourn a Claim Hearing by providing notice to the Court

and the claimant(s).

4.    Each claim subject to an Omnibus Objection along with any Responses

thereto shall constitute a separate contested matter as contemplated in Bankruptcy Rule 9014, and

any order that the Court may enter with respect to an Omnibus Objection will be deemed a separate

order with respect to such Contested Claim.  The Debtors may, in their discretion and in accordance

with other orders of this Court or the provisions of the Bankruptcy Code and the Bankruptcy Rules,

settle the priority, amount, and validity of such Contested Claims without any further notice to or

action, order, or approval of the Court.

5.      The entry of this Order is without prejudice to the Debtors' rights to seek entry of an order modifying or supplementing the relief granted herein, including with respect to the number of claims that the Debtors may include within a single Omnibus Objection.

6.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
        New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Omnibus Claims Objection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[3] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF HEARING ON DEBTORS' [INSERT ORDINAL] OMNIBUS OBJECTION TO PROOFS OF CLAIM [INSERT BASIS FOR OBJECTION]

  PLEASE TAKE NOTICE that, on _____, 2023, Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim **[insert basis for objection]** (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

  **THIS OBJECTION ADDRESSES ONE OR MORE OF THE CLAIM(S) YOU HAVE FILED IN THE DEBTORS' CASES**.  **Attachment 1** annexed to the Objection (and attached hereto) identifies your claim and the category of claim objection applicable to you.

  The Objection requests that the Bankruptcy Court [**expunge, reduce, reclassify, or disallow**] one or more of your claims listed in **Attachment 1** under [**"Claim(s) to Be Disallowed & Expunged or Reduced & Reclassified"**], on the ground that [**insert basis for disallowance, reduction, reclassification, or expungement**].  Any claim that the Bankruptcy Court expunges or disallows will be treated as if such claim had not been filed.  Any claim that the Bankruptcy Court reduces or reclassifies will be treated as if such claim had been filed in the reduced amount or reclassified class.

  Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your claim(s) without the need for filing a formal response or attending a hearing. Please contact Cleary Gottlieb Steen & Hamilton LLP, the Debtors' restructuring counsel, via e-mail at dfike@cgsh.com and kross@cgsh.com within twenty calendar days after the date of this notice or such other date as the Debtors may agree in writing.

  If you DO NOT oppose the [**disallowance, expungement, reduction, or reclassification**] of your claim(s) then no further action is required by you.  If you DO oppose the disallowance, expungement, reduction, or reclassification of your claim(s) then you MUST

---

[3]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**file and serve a written response** to the Objection (the "<u>**Response**</u>") **ON OR BEFORE
_____ AT 4:00 P.M. EASTERN TIME** (the "<u>**Response Deadline**</u>").

The Response, if any, must include the following: (i) a caption identifying the name of
the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to
which the Response is directed; (ii) the name of the claimant and description of the basis for the
claim; (iii) a short statement describing the reasons for which the claim should not be
**[disallowed, reduced, reclassified, or modified**] as set forth in the Objection; (iv) additional
documentation or other evidence upon which you rely in opposing the Objection (if it was not
included with the proof of claim previously filed with the Bankruptcy Court); (v) the address(es)
to which the Debtors must return any reply to your Response, if different from that presented in
your proof of claim; (vi) the name, address, and telephone number of the person (which may be
you or your legal representative) holding ultimate authority to resolve the claim on your behalf.

The Bankruptcy Court will consider a Response only if the Response is filed, served, and
received in a timely manner.  A Response is filed, served and received in a timely manner only if
the original Response is actually received on or before the Response Deadline by (i) the
Bankruptcy Court at Chambers of Judge Sean H. Lane, United States Bankruptcy Judge in the
United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street,
White Plains, NY 10610, (ii) counsel for the Debtors at Cleary Gottlieb Steen & Hamilton LLP,
One Liberty Plaza, New York, NY 10006 (Attn: Sean A. O'Neal (soneal@cgsh.com), Luke A.
Barefoot (lbarefoot@cgsh.com) and Jane VanLare (jvanlare@cgsh.com)), and (iii) the Debtors at
250 Park Avenue South, 5th Floor, New York, NY 10003; and (iv) counsel to the Official
Committee of Unsecured Creditors, 1221 Avenue of the Americas, New York, NY 10020, Attn:
Philip Abselson (philip.abelson@whitecase.com).

**A HEARING WILL BE HELD ON _____** (the "<u>Hearing</u>") to consider the
Objection.  **THE HEARING WILL BE HELD AT _____ (EASTERN TIME)** at the
United States Bankruptcy Court for the Southern District of New York, , 300 Quarropas Street,
White Plains, NY 10610 in front of the Honorable Sean H. Lane.  The Debtors may adjourn this
hearing.  If the hearing is adjourned, you will receive notice of the adjournment and an update on
the time and place of the re-scheduled hearing.

A Response that is not filed and served on or before the Response Deadline or such other
date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be
considered at the Hearing before the Court.  Absent reaching an agreement with the Debtors that
resolves the Omnibus Objection to your claim, failure to file and serve a Response timely as set
forth herein may result in the Court granting the Omnibus Objection without further notice or
hearing and the disallowance and expungement of your claim.

If you file a written Response to the Objection, you must attend the Hearing.  In light of
the COVID-19 pandemic, the Hearing may be conducted telephonically.  Under such
circumstances parties wishing to participate in the Zoom hearing should use the eCourt
Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.
After the deadline to make appearances passes, the Court will circulate by email prior to the
Hearing the Zoom links to those persons who made eCourt Appearances, using the email

addresses submitted with those appearances.  Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#.  The Debtors, reserve the right to continue the Hearing on the Objection for your claim(s) at a later date. If the Bankruptcy Court does NOT disallow or expunge your claim(s) then the Debtors may object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date.  You will receive a separate notice of any such objection.

Dated:    June 22, 2023
          New York, New York

                                        */s/ Luke A. Barefoot*_____
                                        Sean A. O'Neal
                                        Luke A. Barefoot
                                        Jane VanLare
                                        CLEARY GOTTLIEB STEEN &
                                        HAMILTON LLP
                                        One Liberty Plaza
                                        New York, New York 10006
                                        Telephone: (212) 225-2000
                                        Facsimile: (212) 225-3999

                                        *Counsel to the Debtors*
                                        *and Debtors-in-Possession*

## **EXHIBIT 2**

**Gemini Lender Omnibus Claims Objection Notice (Single Basis)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[4] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF HEARING ON DEBTORS'
## [INSERT ORDINAL] OMNIBUS OBJECTION
## TO PROOFS OF CLAIM ON THE BASIS OF [DUPLICATE/NO LIABILITY]

PLEASE TAKE NOTICE that, on _____, 2023, Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim on the basis that they are [duplicative of another filed claim, including, without limitation, the Gemini Master Proof of Claim] OR [not found in the Debtors' or Gemini Trust Company, LLC's ("Gemini") books and records] (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**THIS OBJECTION ADDRESSES ONE OR MORE OF THE CLAIM(S) YOU HAVE FILED IN THE DEBTORS' CASES**.  **Attachment 1** annexed to the Objection (and attached hereto) identifies your claim and the category of claim objection applicable to you

The Objection requests that the Bankruptcy Court **[disallow and expunge]** one or more of your claims listed in **Attachment 1** under **["Claim(s) to Be Disallowed & Expunged,"]** on the ground that **[the claim is a duplicate of another filed claim including, without limitation, the Gemini Master Proof of Claim / the Debtors' and Gemini's books and records do not reflect the existence of the asserted claim]**.  Any claim that the Bankruptcy Court expunges or disallows will be treated as if such claim had not been filed.  Any claim that the Bankruptcy Court modifies will be treated as if such claim had been filed in the modified amount.

Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your claim(s) without the need for filing a formal response or attending a hearing. Please contact Cleary Gottlieb Steen & Hamilton LLP, the Debtors' restructuring counsel, via e-mail at dfike@cgsh.com and kross@cgsh.com within twenty calendar days after the date of this notice or such other date as the Debtors may agree in writing.

---

[4]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[For duplicate claims:  **NOTE THAT, AS PROVIDED BY THE ORDER ESTABLISHING THE BAR DATE, GEMINI TIMELY FILED A MASTER PROOF OF CLAIM THAT COVERS ALL GEMINI LENDERS' PREPETITION CLAIMS FOR THE REPAYMENT OF THE GEMINI BORROWINGS.  ANY INDIVIDUAL CLAIMS FILED FOR THE REPAYMENT OF ANY PORTION OF THE GEMINI BORROWINGS ARE THEREFORE DUPLICATES OF THE GEMINI MASTER CLAIM.  ANY DUPLICATE ASSERTED AMOUNTS WILL BE ADJUDICATED AND DISTRIBUTED ACCORDING TO RESOLUTION OF THE GEMINI MASTER CLAIM.]**

[For no liability claims:  **NOTE THAT, AS PROVIDED BY THE ORDER ESTABLISHING THE BAR DATE, GEMINI TIMELY FILED A MASTER PROOF OF CLAIM THAT COVERS ALL GEMINI LENDERS' PREPETITION CLAIMS FOR THE REPAYMENT OF THE GEMINI BORROWINGS.  ANY INDIVIDUAL CLAIMS FILED FOR THE REPAYMENT OF ANY PORTION OF THE GEMINI BORROWINGS ARE THEREFORE DUPLICATES OF THE GEMINI MASTER CLAIM.  AFTER A REVIEW OF GEMINI'S AND THE DEBTORS' BOOKS AND RECORDS, THERE IS NO EVIDENCE THAT YOU HAVE ANY CLAIM BASED ON THE GEMINI EARN PROGRAM.]**

If you DO NOT oppose the [**disallowance and expungement**] of your claim(s) then no further action is required by you.  If you DO oppose the disallowance, expungement, or modification of your claim(s) then you MUST **file and serve a written response** to the Objection (the "**Response**") ON OR BEFORE _____ AT 4:00 P.M. EASTERN TIME (the "**Response Deadline**").

The Response, if any, must include the following: (i) a caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the claimant and description of the basis for the claim; (iii) a short statement describing the reasons for which the claim should not be disallowed as set forth in the Objection; (iv) additional documentation or other evidence upon which you rely in opposing the Objection (if it was not included with the proof of claim previously filed with the Bankruptcy Court); (v) the address(es) to which the Debtors must return any reply to your Response, if different from that presented in your proof of claim; (vi) the name, address, and telephone number of the person (which may be you or your legal representative) holding ultimate authority to resolve the claim on your behalf.

The Bankruptcy Court will consider a Response only if the Response is filed, served, and received in a timely manner.  A Response is filed, served and received in a timely manner only if the original Response is actually received on or before the Response Deadline by (i) the Bankruptcy Court at Chambers of Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610, (ii) counsel for the Debtors at Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean A. O'Neal (soneal@cgsh.com), Luke A. Barefoot (lbarefoot@cgsh.com) and Jane VanLare (jvanlare@cgsh.com), (iii) and the Debtors at 250 Park Avenue South, 5th Floor, New York, NY 10003; and (iv) counsel to the Official

Committee of Unsecured Creditors, 1221 Avenue of the Americas, New York, NY 10020, Attn: Philip Abelson (philip.abelson@whitecase.com).

**A HEARING WILL BE HELD ON** _____ (the "Hearing") to consider the Objection. **THE HEARING WILL BE HELD AT** _____ **(EASTERN TIME)** at the United States Bankruptcy Court for the Southern District of New York, , 300 Quarropas Street, White Plains, NY 10610 in front of the Honorable Sean H. Lane. The Debtors may adjourn this hearing. If the hearing is adjourned, you will receive notice of the adjournment and an update on the time and place of the re-scheduled hearing.

A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court. Absent reaching an agreement with the Debtors that resolves the Omnibus Objection to your claim, failure to file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing and the disallowance and expungement of your claim.

If you file a written Response to the Objection, you must attend the Hearing. In light of the COVID-19 pandemic, the Hearing may be conducted telephonically. Under such circumstances parties wishing to participate in the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#. The Debtors, reserve the right to continue the Hearing on the Objection for your claim(s) at a later date.

If the Bankruptcy Court does NOT disallow and expunge your claim(s) then the Debtors may object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objection.

Dated:     June 22, 2023
          New York, New York

                                          /s/ Luke A. Barefoot_____
                                          Sean A. O'Neal
                                          Luke A. Barefoot
                                          Jane VanLare
                                          CLEARY GOTTLIEB STEEN &
                                          HAMILTON LLP
                                          One Liberty Plaza
                                          New York, New York 10006
                                          Telephone: (212) 225-2000
                                          Facsimile: (212) 225-3999

                                          *Counsel to the Debtors
                                          and Debtors-in-Possession*

## EXHIBIT 3

**Gemini Lender Omnibus Claims Objection Notice (Multiple Bases)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[5] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS'**
**[INSERT ORDINAL] OMNIBUS OBJECTION TO**
**PROOFS OF CLAIM ON THE BASES THAT THE CLAIM IS A DUPLICATE**
**AND NOT REFLECTED IN THE DEBTORS' AND GEMINI'S BOOKS AND RECORDS**

PLEASE TAKE NOTICE that, on _____, 2023, Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors"), filed their **[insert ordinal]** Omnibus Objection to Proofs of Claim on the basis of **[duplicate/no liability]** (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**THIS OBJECTION ADDRESSES ONE OR MORE OF THE CLAIM(S) YOU HAVE FILED IN THE DEBTORS' CASES**. **Attachment 1** annexed to the Objection (and attached hereto) identifies your claim and the category of claim objection applicable to you

The Objection requests that the Bankruptcy Court **[disallow and expunge / modify]** one or more of your claims listed in **Attachment 1** under **["Claim(s) to Be Disallowed & Expunged,"/"Claim(s) to Be Modified,"]** on the ground that the **[claim is a duplicate of another filed claim, including without limitation the Gemini Master Proof of Claim, and the Debtors' books and records do not reflect the existence of the asserted claim / the claim is a duplicate of another filed claim, including without limitation the Gemini Master Proof of Claim, and the amount differs from the corresponding claim in the Gemini Master Poof of Claim and such difference is not supported by the Debtors' books and records]**. Any claim that the Bankruptcy Court expunges or disallows will be treated as if such claim had not been filed. Any claim that the Bankruptcy Court modifies will be treated as if such claim had been filed in the modified amount.

Certain of the Debtors' advisors will be available to discuss and resolve consensually the Objection to your claim(s) without the need for filing a formal response or attending a hearing. Please contact Cleary Gottlieb Steen & Hamilton LLP, the Debtors' restructuring counsel, via

---

[5]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

email at dfike@cgsh.com and kross@cgsh.com, within twenty calendar days after the date of this notice or such other date as the Debtors may agree in writing.

**NOTE THAT, AS PROVIDED BY THE ORDER ESTABLISHING THE BAR DATE, GEMINI TRUST COMPANY, LLC ("GEMINI") TIMELY FILED A MASTER PROOF OF CLAIM THAT COVERS ALL GEMINI LENDERS' PREPETITION CLAIMS FOR THE REPAYMENT OF THE GEMINI BORROWINGS. ANY INDIVIDUAL CLAIMS FILED FOR THE REPAYMENT OF ANY PORTION OF THE GEMINI BORROWINGS ARE THEREFORE DUPLICATES OF THE GEMINI MASTER CLAIM. AFTER A REVIEW OF GEMINI'S AND THE DEBTORS' BOOKS AND RECORDS, WE HAVE DETERMINED THAT YOUR CLAIM EXCEEDS THE AMOUNT REFLECTED IN SUCH BOOKS AND RECORDS. AS A RESULT, THIS OBJECTION SEEKS TO MODIFY YOUR CLAIM TO MATCH THE DEBTORS' BOOKS AND RECORDS.**

If you DO NOT oppose the [**disallowance and expungement / modification]** of your claim(s) then no further action is required by you. If you DO oppose the disallowance, expungement, or modification of your claim(s) then you MUST **file and serve a written response** to the Objection (the "**Response**") ON OR BEFORE _____ AT 4:00 P.M. EASTERN TIME (the "**Response Deadline**").

The Response, if any, must include the following: (i) a caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed; (ii) the name of the claimant and description of the basis for the claim; (iii) a short statement describing the reasons for which the claim should not be disallowed as set forth in the Objection; (iv) additional documentation or other evidence upon which you rely in opposing the Objection (if it was not included with the proof of claim previously filed with the Bankruptcy Court); (v) the address(es) to which the Debtors must return any reply to your Response, if different from that presented in your proof of claim; (vi) the name, address, and telephone number of the person (which may be you or your legal representative) holding ultimate authority to resolve the claim on your behalf.

The Bankruptcy Court will consider a Response only if the Response is filed, served, and received in a timely manner. A Response is filed, served and received in a timely manner only if the original Response is actually received on or before the Response Deadline by (i) the Bankruptcy Court at Chambers of Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610, (ii) counsel for the Debtors at Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean A. O'Neal (soneal@cgsh.com), Luke A. Barefoot (lbarefoot@cgsh.com) and Jane VanLare (jvanlare@cgsh.com)), (iii) the Debtors at 250 Park Avenue South, 5th Floor, New York, NY 10003; (iv) counsel to the Official Committee of Unsecured Creditors, 1221 Avenue of the Americas, New York, NY 10020, Attn: Philip Abelson (philip.abelson@whitecase.com).

**A HEARING WILL BE HELD ON** _____ (the "Hearing") to consider the Objection. **THE HEARING WILL BE HELD AT _____ (EASTERN TIME)** at the

United States Bankruptcy Court for the Southern District of New York, , 300 Quarropas Street, White Plains, NY 10610 in front of the Honorable Sean H. Lane.  The Debtors may adjourn this hearing.  If the hearing is adjourned, you will receive notice of the adjournment and an update on the time and place of the re-scheduled hearing.

A Response that is not filed and served on or before the Response Deadline or such other date as agreed with the Debtors, in accordance with the procedures set forth herein, may not be considered at the Hearing before the Court.  Absent reaching an agreement with the Debtors that resolves the Omnibus Objection to your claim, failure to file and serve a Response timely as set forth herein may result in the Court granting the Omnibus Objection without further notice or hearing and the disallowance and expungement of your claim.

If you file a written Response to the Objection, you must attend the Hearing.  In light of the COVID-19 pandemic, the Hearing may be conducted telephonically.  Under such circumstances parties wishing to participate in the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances.  Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#.  The Debtors, reserve the right to continue the Hearing on the Objection for your claim(s) at a later date.

If the Bankruptcy Court does NOT disallow and expunge your claim(s) then the Debtors may object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date.  You will receive a separate notice of any such objection.

Dated:    June 22, 2023
          New York, New York

                                        */s/ Luke A. Barefoot*_____
                                        Sean A. O'Neal
                                        Luke A. Barefoot
                                        Jane VanLare
                                        CLEARY GOTTLIEB STEEN &
                                        HAMILTON LLP
                                        One Liberty Plaza
                                        New York, New York 10006
                                        Telephone: (212) 225-2000
                                        Facsimile: (212) 225-3999

                                        *Counsel to the Debtors*
                                        *and Debtors-in-Possession*