**Hearing Date: July 12, 2023, at 2:00 p.m. ET**
**Objection Deadline:  July 5, 2023, at 4:00 p.m. ET**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF THE DEBTORS' MOTION TO APPROVE (I) THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT, (II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that on June 28, 2023, the Debtors filed the annexed *Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (the "Motion").  A hearing (the "Hearing") on the Motion will be held via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **July 12, 2023 at 2:00 p.m. (Eastern Time)** (the "Hearing Date").

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **July 5, 2023 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained: (i) for a fee by accessing the Court's website at www.nysb.uscourts.gov (register for the required PACER password at www.pacer.uscourts.gov) or (ii) free of charge from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, which maintains the Debtors' restructuring website at https://restructuring.ra.kroll.com/genesis or by calling (888) 524-2017 (U.S./Canada, toll-free) or +1 646 (440)-4183 (international).

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:  June 28, 2023
       New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION TO APPROVE (I) THE ADEQUACY
OF INFORMATION IN THE DISCLOSURE STATEMENT,
(II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS
OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION
THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-

possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively,

the "Chapter 11 Cases") hereby submit this motion  (the "Motion") for entry of an order of the

United States Bankruptcy Court for the Southern District of New York (the "Court"), substantially

in the form attached hereto as Exhibit A (the "Disclosure Statement Order"), pursuant to section

1125 of title 11 of the United States Code (the "Bankruptcy Code"); Rules 2002, 3017, 3018 and

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564)
("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service
address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and Rule 3017-1 of

the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules") (i)

approving the *Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global

Holdco, LLC,* et al*., Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified or

supplemented, the "Disclosure Statement") [ECF No. 429], as containing adequate information;

(ii) approving the form and manner of notice of the hearing to consider the Disclosure Statement

provided by the Debtors; (iii) establishing a record date for purposes of voting on the *Debtors'

Amended Joint Chapter 11 Plan* (as may be further amended, modified or supplemented, the

"Plan") [ECF No. 427]; (iv) approving solicitation packages and procedures for the distribution

thereof; (v) approving the forms of ballots; (vi) establishing voting and tabulation procedures; and

(vii) establishing notice and objection procedures relating to the confirmation of the Plan,

including the form of notice to non-voting classes,  the proposed assumption or rejection, pursuant

to section 365 of the Bankruptcy Code, of certain of the Debtors' executory contracts and

unexpired leases (the "Executory Contracts and Unexpired Leases") and the associated payment

of Cure Costs (as defined below), to the extent contemplated by the Plan.

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334 and the *Amended Standing Order of Reference* from the United States District Court for

the Southern District of New York, dated January 31, 2012.  This matter is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with

Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105, 341, 365, 1125, 1126, 1128 and 1129 of the Bankruptcy Code, Rules 2002, 3016, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 3017-1, 3018, and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND AND RELEVANT FACTS[2]

4.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services.  Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

5.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

6.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the

---

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

*Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Application in Compliance with Local Rule 1007-2* (the "Aronzon Declaration") and the *Declaration of Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration" and, together with the Leto Declaration and Aronzon First Day Declaration, the "First Day Declarations").

7.       In the months following the Petition Date, the Debtors and their advisors have engaged in extensive negotiations with various advisors to creditor groups and DCG to explore strategic solutions and reach a consensual resolution to these proceedings.

8.       In March 2023, the Debtors launched their marketing and sale process to monetize GGT, Holdco and Holdco's subsidiaries and their respective assets, comprising the Company's business.  On March 31, 2023, the Court entered the *Order Authorizing the Debtors' Motion to Seek Entry of an Order (I) Approving the Bidding Procedures and Related Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, and (III) Granting Related Relief* [ECF No. 192] (the "Bidding Procedures").  Led by the Debtors' investment banker, Moelis & Company LLC ("Moelis"), the sale process has sought to garner competitive bids from qualified bidders on an efficient timeline.

9.       Further, on April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200), which established May 22, 2023 as the general date by which creditors, with certain exceptions, must submit their proofs of claim (the "General Bar Date").

10.     In an effort to advance Plan negotiations, the Debtors filed the *Debtors'*

*Motion for Appointment of a Mediator* [ECF No. 252], which was approved by the Court on May

1, 2023. *See* ECF No. 279. On June 21, 2023, the Court entered an order extending the mediation

through June 16, 2023. *See* ECF No. 445. One June 23, 2023, the Debtors filed a *Notice of Further*

*Extension of Mediation Period* through June 30, 2023. *See* ECF No. 453.

11.     On June 13, 2023, the Debtors filed the amended Plan. The Plan provides

for the Debtors to continue the ongoing marketing and sale process to sell any or all of the assets

of the Debtors, the Genesis Platform, or the Genesis Platform along with GGT, with the goal of

achieving the highest recoveries possible for all stakeholders. If the sale process does not result

in a Sale Transaction with respect to all of the Genesis Platform, the Plan provides for the option

(subject to the consent rights of the Committee and the Ad Hoc Group as described under the

Plan) to have any unsold portion of the Genesis Platform be reorganized as a going concern for

the benefit of the Holders of Allowed Claims. In that scenario, Reorganized GGH will retain, for

the benefit of the Holders of Allowed Claims, one hundred percent (100%) of the Equity

Securities in Genesis Bermuda Holdco Limited ("GBHL") (or, if GBHL is sold in the Sale

Transaction, in any unsold subsidiaries of GBHL).

12.     Further, the Plan contemplates that Holders of Allowed General

Unsecured Claims against the Debtors will receive a combination of, among other things, (i) the

Debtors' available Cash and Digital Assets, which shall include any sales proceeds resulting

from the Debtors' sales process, (ii) recoveries from the DCG Loans and the DCG Note, (iii)

recoveries from preserved Estate claims and Causes of Action, including Avoidance Actions and

any claims and Causes of Action against DCG, and (iv) equity interests in Reorganized GGH or

Wind-Down GGH, as applicable, to the extent Holders affirmatively elect to receive them,

subject to the conditions set forth in the Plan.

13.     Additional key components of the Plan include:

a.     Payment in full of all Allowed Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, and Professional Fee Claims;

b.     The funding of a Litigation Reserve that allocates a fixed amount to litigation of any Retained Causes of Action, including Avoidance Actions against the DCG Parties;

c.     Customary releases of all claims by the Releasing Parties against the Released Parties related in any way to the Debtors; provided, that the Amended Plan shall not release any DCG Parties or any former officers and directors of the Debtors as of the Effective Date; provided further, that current officers and directors of the Debtors (solely in its capacity as such) shall be released only with the written consent of the Special Committee prior to the Effective Date, with the exception of (x) the members of the Special Committee, who shall be Released Parties without the need for such consent, and (y) any current officers and directors of the Debtors that are also DCG Parties, who shall not be Released Parties;

d.     Subject to applicable law and certain conditions set forth in the Plan, Holders of Allowed Claims denominated in Digital Assets will receive in-kind distributions in the form of the Digital Asset in which such respective Claims are denominated; and

e.     For purposes of distributions to be made under the Amended Plan, Gemini shall be deemed to be the Holder of all Gemini Lender Claims, and all distributions on account of Allowed Gemini Lender Claims shall be made to the Gemini Distribution Agent and held in trust in a segregated account for the benefit of the Holders of Allowed Gemini Lender Claims.  As soon as practicable following delivery of any distribution to the Gemini Distribution Agent under the Plan on account of Allowed Gemini Lender Claims, the Gemini Distribution Agent shall arrange to deliver or direct the delivery of such distributions to or on behalf of the Holders of Allowed Gemini Lender Claims.

14.    The Plan classifies Holders of Claims against and Interests in Holdco into the following Classes for all purposes, including with respect to voting and distributions under the Plan:

| Class | Claim or Interest | Status | Voting Rights |
|---|---|---|---|
| 1 | Other Priority Claims | Unimpaired | Presumed to Accept |
| 2 | Secured Claims | Unimpaired | Presumed to Accept |
| 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| 4 | DCG Claims | Impaired | Deemed to Reject |
| 5 | 3AC Claims | Impaired | Deemed to Reject |
| 6 | Alameda/FTX Claims | Impaired | Deemed to Reject |
| 7 | Subordinated Claims | Impaired | Deemed to Reject |
| 8 | Government Penalty Claims | Impaired | Deemed to Reject |
| 9 | Intercompany Claims | Impaired or Unimpaired | Presumed to Accept or Deemed to Reject |
| 10 | Interests | Impaired | Deemed to Reject |

15.    The Plan classifies Holders of Claims against and Interests in GGC into the following Classes for all purposes, including with respect to voting and distributions under the Plan:

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Other Priority Claims | Unimpaired | Presumed to Accept |
| 2 | Secured Claims | Unimpaired | Presumed to Accept |
| 3 | Other Unsecured Claims | Impaired | Entitled to Vote |
| 4 | Gemini Lender Claims | Impaired | Entitled to Vote |
| 5 | DCG Claims | Impaired | Deemed to Reject |
| 6 | 3AC Claims | Impaired | Deemed to Reject |
| 7 | Alameda/FTX Claims | Impaired | Deemed to Reject |
| 8 | Subordinated Claims | Impaired | Deemed to Reject |
| 9 | Government Penalty Claims | Impaired | Deemed to Reject |
| 10 | Intercompany Claims | Impaired or Unimpaired | Presumed to Accept or Deemed to Reject |
| 11 | Intercompany Interests | Impaired or Unimpaired | Presumed to Accept or Deemed to Reject |

16.     The Plan classifies Holders of Claims against and Interests in GAP into the following Classes for all purposes, including with respect to voting and distributions under the Plan:

| Class | Claim or Interest | Status | Voting Rights |
|-------|-------------------|--------|---------------|
| 1 | Other Priority Claims | Unimpaired | Presumed to Accept |
| 2 | Secured Claims | Unimpaired | Presumed to Accept |
| 3 | General Unsecured Claims | Impaired | Entitled to Vote |
| 4 | DCG Claims | Impaired | Deemed to Reject |
| 5 | 3AC Claims | Impaired | Deemed to Reject |
| 6 | Alameda/FTX Claims | Impaired | Deemed to Reject |
| 7 | Subordinated Claims | Impaired | Deemed to Reject |
| 8 | Government Penalty Claims | Impaired | Deemed to Reject |
| 9 | Intercompany Claims | Impaired or Unimpaired | Presumed to Accept or Deemed to Reject |
| 10 | Intercompany Interests | Impaired or Unimpaired | Presumed to Accept or Deemed to Reject |

17.    The Debtors propose to solicit votes to accept or reject the Plan from Holders of Claims in Class 3 for Holdco, Classes 3 and 4 for GGC, and Class 3 for GAP (collectively, the "Voting Classes").  The Debtors will not solicit votes to accept or reject the Plan from Holders of Claims and Interests in Classes 1, 2, 4, 5, 6, 7, 8, 9, and 10 for Holdco; Classes 1,2, 5, 6, 7, 8, 9, 10, and 11 for GGC; and Classes 1, 2, 4, 5, 6, 7, 8, 9, and 10 for GAP (collectively, the "Non-Voting Classes").

## RELIEF REQUESTED

18.    The Debtors obtained from the Court a date and  time for a hearing to consider the Disclosure Statement and the relief requested herein (the "Disclosure Statement Hearing"), which will be held on July 12, 2023 at 2:00 p.m., prevailing Eastern Time.  The deadline

for objections to the Disclosure Statement and the relief requested herein (the "Disclosure

Statement Objection Deadline") is July 5, 2023 at 4:00 p.m., prevailing Eastern Time.

19.     By this Motion, the Debtors seek entry of the Disclosure Statement Order:

a.     Approving the Disclosure Statement as containing "adequate information"
as required by section 1125(b) of the Bankruptcy Code;

b.     Approving the form and manner of the notice (attached to the Proposed
Order as Exhibit A, the "Disclosure Statement Notice") of the Disclosure
Statement Hearing and the Disclosure Statement Objection Deadline;

c.     Approving the procedures for (i) soliciting, receiving and tabulating votes
to accept or reject the Plan and (ii) voting to accept or reject the Plan
(substantially in the form attached to the Proposed Order as Exhibit 1, the
"Solicitation and Voting Procedures");

d.     Approving the procedures for soliciting, receiving and tabulating votes of
the Holders of Gemini Lender Claims (the "Gemini Lenders") arising out
of certain master loan agreements entered into among GGC, Gemini and the
Gemini Lenders (the "Gemini Earn Program");

e.     Approving the forms of ballots (substantially in the form attached to the
Proposed Order as Exhibit 2 (form of Individual Ballot for Class 3 General
Unsecured Claims against GGH and GAP), Exhibit 3 (form of Individual
Ballot for Class 3 Other Unsecured Claims against GGC), and Exhibit 4
(form of Ballot for the Class 4 Gemini Lender Claims against GGC) (the
"Gemini Lenders' Ballot");

f.     To the extent that the Debtors reach agreement with Gemini on plan terms,
approving the proposed correspondence (the "Gemini Communications
Package") to be disseminated by Gemini to the Gemini Lenders by email
and a substantially concurrent website posting (www.gemini.com/earn) and
all communications related to the Plan by Gemini and its principals
provided such communications are substantively consistent with the
information in the Gemini Communications Package;[3]

g.     Approving the form of notices (substantially in the form attached to the
Proposed Orders as Exhibits 5-6 respectively, the "Notices of Non-Voting
Status") to Holders of Claims or Interests, as applicable, that are: (i)
Unimpaired under the Plan and, pursuant to section 1126(f) of the
Bankruptcy Code, conclusively presumed to accept the Plan; (ii) Impaired
under the Plan and subject to subordination under section 510 of the

---

[3]     A proposed Gemini Communications Package is not included as an exhibit to this Motion as its
dissemination and content are contingent on the Debtors and Gemini reaching agreed plan terms.

Bankruptcy Code or other applicable law and, pursuant to section 1126(g) of the Bankruptcy Code, deemed to reject the Plan; or (iii) subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim;

h.      Approving the forms of, and finding that the documents included in, the solicitation packages (the "Solicitation Packages") that will be sent to, *inter alia*, Holders of Claims entitled to vote to accept or reject the Plan, comply with Bankruptcy Rules 3017(d) and 2002(b);

i.      Approving the forms of notices and materials and documents including in the notice packages that will be sent to, *inter alia*, Holders of Claims not entitled to vote to accept or reject the Plan pursuant to section 1126 of the Bankruptcy Code;

j.      Approving the form and manner of notice (substantially in the form attached to the Proposed Order as Exhibit 7, the "Confirmation Hearing Notice") of the hearing to consider confirmation of the Plan (the "Confirmation Hearing");

k.      Approving the form of notices (substantially in form attached to the Proposed Order as Exhibits 8-9, respectively, the "Assumption Notice" and the "Rejection Notice," and collectively, the "Assumption or Rejection Notices") to be sent to counterparties to Executory Contracts and Unexpired Leases that will be assumed, and, if applicable assigned, or rejected pursuant to the Plan, solely to the extent entitled to notice pursuant to the Plan;

l.      Approving the form and manner of notice related to the filing of the Plan Supplement (substantially in the form attached to the Proposed Order as Exhibit 10, the "Plan Supplement Notice");

m.      Approving the form and manner of notice of the Confirmation Hearing by publication (substantially in the form attached to the Proposed Order as Exhibit 11, the "Publication Notice"); and

n.      Approving the Debtors' cover note recommending Holders vote to accept the Plan (substantially in the form attached to the Proposed Order as Exhibit 12, the "Cover Note").

o.      Establishing the following dates and deadlines, subject to modification as may be necessary in the Debtors' discretion:

| PROPOSED TIMELINE | |
|---|---|
| Voting Record Date | July 5, 2023 |
| Disclosure Statement Objection Deadline | July 5, 2023, at 4:00 p.m. ET |

| | |
|---|---|
| **Deadline to File Omnibus Reply to Disclosure Statement Objections** | July 10, 2023 at 4:00 p.m. ET |
| **Disclosure Statement Hearing** | July 12, 2023 at 2:00 p.m. ET |
| **Solicitation Deadline** | Within 3 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| **Confirmation Hearing Notice Publication Deadline** | Within 10 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| **Deadline to File Plan Supplement** | August 9, 2023 |
| **Voting Deadline** | August 14, 2023, at 4:00 p.m. ET |
| **Confirmation Objection Deadline** | August 17, 2023, at 4:00 p.m. ET |
| **Deadline to File Voting Report** | August 21, 2023 |
| **Deadline to File Confirmation Brief and Omnibus Reply to Confirmation Objections** | August 21, 2023, at 4:00 p.m. ET |
| **Confirmation Hearing** | August 24, 2023 at 11:00 a.m. ET |

## BASIS FOR RELIEF

**I.    The Debtors Have Provided Adequate Notice of the Disclosure Statement Hearing**

20.    Bankruptcy Rule 3017(a) provides that "the court shall hold a hearing on at least 28 days' notice to the debtor, creditors, equity security holders and other parties in interest . . . to consider . . . any objections or modifications" to a disclosure statement.  Fed. R. Bankr. P. 3017(a).  Similarly, Bankruptcy Rule 2002(b) requires at least twenty-eight days' notice be given by mail to all creditors of the time fixed for filing objections and the hearing to consider approval of a disclosure statement.  Fed. R. Bankr. 2002(b).

21.    The Debtors filed and served the *Notice of Hearings on (I) the Adequacy of Information in the Disclosure Statement and (II) Confirmation of the Debtors' Chapter 11 Plan* (the "Disclosure Statement Hearing Notice"), on June 7, 2023 [ECF No. 401].  The Disclosure Statement Hearing Notice identified (i) the date, time, and place of the Disclosure Statement Hearing as July 12, 2023 at 2:00 p.m. (ET), (ii) how to obtain a copy of this Motion and other pleadings, including the proposed Plan and Disclosure Statement, and (iii) the deadline and

procedures for filing objections to the approval of the Disclosure Statement as July 5, 2023, at 4:00

p.m. (ET).  Copies of the proposed Plan and Disclosure Statement are on file with the Clerk of the

Court for review during normal business hours and also are available free of charge on the website

maintained by the Solicitation Agent at https://restructuring.ra.kroll.com/genesis (the "Case

Website").

22.     As was authorized by this Court in connection with service of notice of the

bar dates for submitting proofs of claim on Gemini and the Gemini Lenders, the Debtors request

that the Court (i) authorize the Debtors to give notice of the Disclosure Statement Hearing by

serving the Disclosure Statement Hearing Notice on Gemini and not the individual Gemini

Lenders, (ii) authorize and direct Gemini to provide notice of the Disclosure Statement Hearing to

the Gemini Lenders by posting on the Gemini Earn Program's website (www.gemini.com/earn),

supplemented by an email to each Gemini Lender (the "Gemini Disclosure Statement Notice"),

and (iii) find that Gemini's dissemination of the Gemini Disclosure Statement Notice by email as

provided for herein satisfies both the Debtors' and Gemini's notice requirements with respect to

the Gemini Lenders.  The Gemini Disclosure Statement Notice was served upon each Gemini

Lender on June 7, 2023.

23.     Accordingly, all parties in interest will have had at least twenty-eight days'

notice of the Disclosure Statement Hearing and of the deadline to object to the approval of the

Disclosure Statement in compliance with Bankruptcy Rules 2002(b) and 3017(a) and Local Rule

3017-1.  Accordingly, the Debtors request that the Court approve such notice as appropriate and in

compliance with the requirements of the Bankruptcy Rules and Local Rules.

II.    **The Disclosure Statement Contains Adequate Information and Should be Approved**

A.    **The Adequate Information Standard Under Section 1125 of the Bankruptcy Code**

24.    Section 1125(b) of the Bankruptcy Code requires the plan proponent to provide holders of impaired claims and interests entitled to vote with "adequate information" regarding the proposed plan.  Section 1125(a) defines "adequate information" as:

> [I]nformation of a kind, and in sufficient  detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan  . . . .

11 U.S.C. § 1125(a)(1).

25.    Thus, a disclosure statement must, as a whole, provide information that is "reasonably practicable" and to permit an "informed judgment" by creditors and interest holders, if applicable, to vote on a chapter 11 plan.  *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *see also In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 25, 29 (S.D.N.Y. 1995) (adequacy of a disclosure statement "is to be determined on a case specific basis under a flexible standard that can promote the policy of Chapter 11 towards fair settlement through a negotiation process between informed interested parties") (internal citations omitted).

26.    "Adequate information" is a flexible standard, based on the facts and circumstances of each case. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each case."); *see also First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside

sources); S. Rep. No. 95-989, at 121 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5907 ("the information required will necessarily be governed by the circumstances of the case").

27.     Accordingly, courts have wide discretion to determine whether a disclosure statement contains "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code.  *See Kirk v. Texaco, Inc.*, 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a)."); *see also In re PC Liquidation Corp.*, 383 B.R. 856, 865 (E.D.N.Y. 2008) ("[W]hat constitutes 'adequate information' in any particular situation is determined on a case-by-case basis . . . with the determination being largely within the discretion of the bankruptcy court.") (internal citations omitted).  This grant of discretion is intended to permit courts to tailor the disclosures made in connection with the solicitation of votes on a chapter 11 plan to facilitate the effective reorganization of debtors in a broad range of businesses and circumstances.  *See* H.R. Rep. No. 95-595, at 409 (1977), *reprinted in* 1976 U.S.C.C.A.N. 5963, 6365; *Kirk*, 82 B.R. at 682 (stating that bankruptcy judges have a clear congressional mandate to exercise "broad discretion in their supervision of corporate reorganizations").  Accordingly, the determination of whether a disclosure statement contains adequate information must be made on a case-by-case basis, focusing on the unique set of facts and circumstances in each case.  *See In re Phoenix Petroleum Co.*, 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

28.     Courts evaluating the adequacy of a disclosure statement typically consider whether it contains information including: (i) the circumstances which led to the filing of the bankruptcy petition; (ii) an explanation of the available assets and their value; (iii) the relationship of a debtor with the affiliates; (iv) the anticipated future of the company; (v) the source of the information stated in the disclosure statement; (vi) the condition and performance of a debtor while

in chapter 11; (vii) claims asserted against a debtor; (viii) the estimated return to creditors under a chapter 7 liquidation; (ix) the future management of a debtor; (x) the chapter 11 plan or a summary thereof; (xi) financial information and projections relevant to the claimants' decision to accept or reject the chapter 11 plan; (xii) information relevant to the risks posed to creditors and interest holders under the plan; (xiii) litigation likely to arise in a nonbankruptcy context; (xiv) tax consequences of a plan; and (xv) the relationship of the debtor with affiliates. *See, e.g.*, *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Source Enters., Inc.*, Case No. 06-11707(AJG), 2007 Bankr. LEXIS 4770, *7-8 (Bankr. S.D.N.Y. July 31, 2007) (listing certain factors bankruptcy courts have used to evaluate the sufficiency of disclosures); *In re Phoenix Petroleum Co.*, 278 B.R. at 393 (considering similar factors and noting that "no one list of categories will apply in every case").

### B. The Disclosure Statement Contains Adequate Information

29.     The Debtors submit that the Disclosure Statement contains adequate information within the meaning of section 1125(a) of the Bankruptcy Code. The Disclosure Statement addresses each of the salient types of information identified above and will provide holders of impaired claims and interests entitled to vote with adequate information to allow each such holder to make an informed voting decision. Specifically, the Disclosure Statement contains the following categories of information:

(a)     a description of the Debtors' prepetition business, organizational structure, equity and capital structures (*see* Disclosure Statement, § IV);

(b)     the history of the Debtors' businesses, including the events leading to the commencement of these chapter 11 cases (*see* Disclosure Statement, § V);

(c)     material developments and anticipated events during the Chapter 11 Cases (*see* Disclosure Statement, §VI);

(d)     a summary of the Plan (*see* Disclosure Statement, § VII);

(e)     a summary of the classifications and treatment of all classes of Claims and Interests (*see* Disclosure Statement, § VII.D);

(f)     the means for implementation of the Plan (*see* Disclosure Statement, § VII.E);

(g)     releases, discharges, injunctions and exculpations provided in the Plan (*see* Disclosure Statement, § VII.I);

(h)     a description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan (*see* Disclosure Statement, § XIV);

(i)     an overview of confirmation procedures and statutory requirements for confirmation and consummation of the Plan (*see* Disclosure Statement, § X);

(j)     certain risk factors to consider (*see* Disclosure Statement, § IX); and

(k)     certain securities law matters related to the Plan, including the applicability of section 1145 of the Bankruptcy Code to the issuance of Post-Effective Date GGH Interests (*see* Disclosure Statement § XII).

30.     Accordingly, the Debtors submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) and contains adequate information within the meaning of section 1125 of the Bankruptcy Code and applicable case law, and therefore should be approved.

### C.   The Disclosure Statement Provides Sufficient Notice of Injunction, Exculpation, and Release Provisions in the Plan.

31.     Bankruptcy Rule 3016(c) requires that, "if a plan provides for an injunction against conduct not otherwise enjoined under the [Bankruptcy] Code, the plan and disclosure statement shall describe in specific and conspicuous language, all acts to be enjoined and identify the entities that would be subject to the injunction.  Fed. R. Bankr. P. 3016(c).

32.     The Disclosure Statement details that the Plan proposes to release the "Released Parties," consisting only of the following: (i) the Debtors, (ii) the Other Genesis Entities, (iii) the Committee and its members (solely in their capacities as such), (iv) if the Ad Hoc Group RSA has been executed, the members of the Ad Hoc Group SteerCo (solely in their capacities as such), (v) the PA Officer (solely in its capacity as such), and (vi) each Related Party of each Entity described in the foregoing clauses (i)–(v) (in each case, solely in its capacity as such).

33.    The Plan currently does not propose to release the following: the DCG Parties and the former officers and directors of the Debtors as of the Effective Date; provided that any of the current officers and directors (solely in its capacity as such) of the Debtors shall be a Released Party only with the written consent of the Special Committee prior to the Effective Date, with the exception of (x) the members of the Special Committee, who shall be Released Parties without the need for such consent, and (y) any current officers and directors of the Debtors that are also DCG Parties, who shall not be Released Parties).

34.    The Debtors believe that the releases and exculpations in the Plan are necessary and appropriate and meet the requisite legal standard promulgated by the United States Court of Appeals for the Second Circuit. Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by including "specific and conspicuous language" describing injunction, exculpation and release provisions under the Plan.

## III.    Modifications to the Disclosure Statement, the Plan and Other Documents Prior to Solicitation

35.    The Debtors request authorization to make non-material changes to the Disclosure Statement, the Plan, the Ballots and other notices and solicitation materials approved pursuant to the Disclosure Statement Order, without further order of the Court, to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Package before distribution. *See* Fed. R. Bankr. P. 3019.

## IV.    Approval of Procedures Concerning Executory Contracts and Unexpired Leases

36.    Pursuant to the Plan, all Executory Contracts and Unexpired Leases will be deemed rejected unless such Executory Contract or Unexpired Lease: (i) is designated on a schedule of assumed contracts by a Successful Bidder; (ii) is designated on the Schedule of

Assumed Executory Contracts and Unexpired Leases in the Plan Supplement; (iii) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court; (iv) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (v) is the subject of a motion to reject filed by the Debtors on or before the Confirmation Date; or (vi) is the subject of a motion to reject pursuant to which the requested effective date of such rejection is after the Effective Date. *See* Plan at Article V. A.).

37.    To the extent that an executory contract or unexpired lease of any counterparty is specifically identified in the Plan Supplement as being rejected or assumed, the Debtors will mail an Assumption or Rejection Notice, as appropriate, at least ten days prior to the Confirmation Hearing or such other date set by the Bankruptcy Court.

38.    The Debtors also request that any counterparty to an Executory Contract or Unexpired Lease that disputes (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment of Assigned Contracts, or (iv) any Cure Amount related to any contracts or leases to be assumed or assumed and assigned under the Plan as identified on the Assumption Notice, must file a response or objection (each a "Treatment Objection") by the Confirmation Objection Deadline.  Each Treatment Objection must:

a.    be in writing;

b.    comply with the Bankruptcy Rules and the Bankruptcy Local Rules;

c.    state the name of the objecting party;

d.    state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and

e.    be filed and served on the Debtors, the Committee, and the U.S. Trustee (the "Objection Notice Parties") such that the Treatment Objection is actually received no later than the Confirmation Objection Deadline.

39.     The Debtors request that the Court authorize the Debtors to file replies to any timely-filed Treatment Objections at any time prior to the Confirmation Hearing, and authorize but not direct the Debtors to meet and confer in good faith to attempt to resolve any such objection. The Debtors further request that any unresolved Treatment Objections be heard at the Confirmation Hearing or, at the election of the Debtors, at a later hearing; provided, however, that at any time following the Confirmation Date but prior to the Effective Date, the Debtors may settle any dispute regarding the assumption of any Executory Contract or Unexpired Lease and/or the amount of any Cure Cost without any further notice to any party or any action, order or approval of the Court.

40.     The Debtors respectfully submit that these procedures are appropriate under the circumstances.  The process is designed to facilitate a prompt and efficient completion of the restructuring while also affording counterparties adequate time to raise any concerns regarding the assumption or rejection of their Executory Contracts and Unexpired Leases and Cure Costs.

## V.     The Court Should Approve the Voting Record Date, Solicitation Deadline, and Voting Deadline

41.     Bankruptcy Rule 3017(d) provides that, for purposes of soliciting votes to confirm a chapter 11 plan, "creditors and equity security holders shall include holders of stock, bonds, debentures, notes and other securities of record on the date the order approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing."  Fed. R. Bankr. P. 3017(d).  Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes.  *See* Fed. R. Bankr. P. 3018(a). Additionally, Bankruptcy Rule 3017(c) provides that before approving a disclosure statement, the Court must fix a time within which the Holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan.  *See* Fed. R. Bankr. P. 3017(c).

42.     Accordingly, the Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) to establish July 5, 2023, as the voting record date (the "Voting Record Date"); and three (3) business days after entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter, as the solicitation mailing deadline by which the Debtors or Gemini (solely with respect to the Gemini Lenders) must distribute Solicitation Packages, including Ballots and Gemini Lenders' Ballots, as applicable, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline"); and August 14, 2023 at 4:00 p.m. (prevailing Eastern Time) as the voting deadline (the "Voting Deadline").

43.     Moreover, the Debtors propose that, with respect to any transferred Claim, the transferee be entitled to receive the Solicitation Packages and, if the holder of such Claim is entitled to vote on the Plan, cast a Ballot on account of such Claim only if all actions necessary to effectuate the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date.  In the event a Claim is transferred after the Voting Record Date, the transferee of such Claim shall be bound by any vote on the Plan cast by the holder of such Claim as of the Voting Record Date.

44.     For the avoidance of doubt, a Holder of a Claim arising from the rejection of an Executory Contract or Unexpired Lease will only be entitled to receive a Solicitation Package on account of such Claim if the Claim is filed by the Voting Record Date.

45.     The Debtors request that, after they distribute Solicitation Packages to Holders of Claims entitled to vote on the Plan by the Solicitation Deadline, the Court require that all Holders of Claims entitled to vote on the Plan complete, execute, and return their Ballots in accordance with the instructions contained in such Ballots so that they are actually received by

Kroll Restructuring Administration LLC, in its capacity as solicitation agent for the Debtors ("Kroll" or the "Solicitation Agent"), on or before the Voting Deadline.[4]

46.     The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan at least twenty-eight (28) days within which to receive, review, and analyze the materials in the Solicitation Packages and make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline consistent with the requirements of the applicable law and Bankruptcy Rules. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain Holders of claims). Accordingly, the Debtors request that the Court approve the form of, and the Debtors' proposed procedures for distributing, the Solicitation Packages to the Holders of Claims in the Voting Classes.

## VI.   The Solicitation Packages Are Appropriate

### A.  The Court Should Approve the Form of Ballots

47.     In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared and customized the Ballots. Although based on Official Form No. 314, the Ballots have been modified to address the particular circumstances of these Chapter 11 Cases and include certain additional information that is relevant and appropriate for Claims in the Voting Classes (as defined below).

---

[4]     The Solicitation Agent shall retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date (unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period), after which point the Solicitation Agent may destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials (including unused copies of the Solicitation Packages), and all solicitation-related correspondence (including undeliverable mail).

48.     The Debtors propose to distribute Ballots to Holders of Claims in the applicable classes that are eligible to vote, substantially in the forms attached to the Proposed Order as Exhibit 2 (form of Individual Ballot for Class 3 General Unsecured Claims against GGH and GAP), Exhibit 3 (form of Individual Ballot for Class 3 Other Unsecured Claims against GGC), and Exhibit 4 (form of Ballot for the Class 4 Gemini Lender Claims against GGC).

*Gemini Lenders' Ballots*

49.     The Debtors request that the Court authorize Gemini, as agent to the Gemini Lenders, to distribute the Gemini Lenders' Ballots by email to each Gemini Lender eligible to vote, substantially in the form  attached to the Proposed Order as Exhibit 4, using the email address for such Gemini Lender in Gemini's records.  Each and all Gemini Lenders eligible to vote as Holder of Claims in Class 4 against GGC as of the Voting Record Date shall receive the Solicitation Package, including the Gemini Lenders' Ballot, from Gemini by email by the Solicitation Deadline or as  soon as reasonably practicable thereafter.

50.     The Debtors' Solicitation Agent, Kroll, has worked with Gemini to create a unique electronic ballot identification number ("E-Ballot ID(s)") for each Holder of Gemini Lender Claims.  Gemini, by email, will distribute the E-Ballot ID to the respective Holder of the Gemini Lender Claim, using the email address for such Holder of the Gemini Lender Claim in Gemini's records, who may then use the E-Ballot ID to cast their votes directly on the Debtors' Gemini Lender Voting Portal (as defined herein).  Throughout the voting period, and at least twice per week, Kroll will provide Gemini with reports, outlining the Ballot submissions and E-Ballot IDs it receives from the Holders of Gemini Lender Claims.  By no less than eight (8) days prior to the Confirmation Hearing, Kroll will provide Gemini with a voting report, outlining all Ballot submissions and E-Ballot IDs it has received from Holders of Gemini Lender Claims through the

Voting Deadline (the "Gemini Lender Voting Report"). Following Gemini's receipt of the Gemini Lender Voting Report, Gemini shall provide to Kroll an excel spreadsheet by no less than seven (7) days prior to the Confirmation Hearing, outlining the amount and type of digital assets associated with each E-Ballot ID used to cast a vote through the Voting Deadline (the "Gemini Voting Statement"). Kroll is authorized to rely on the voting amounts contained in the Gemini Voting Statement to tabulate the votes it receives from the Gemini Lenders.

51.    The Debtors and Gemini believe the distribution of the Gemini Lenders' Ballots to the Gemini Lenders through Gemini would be beneficial for all parties in interest, including each Gemini Lender. Genesis has historically not communicated with the Gemini Lenders; rather, Gemini has solely communicated with each Gemini Lender through its user platform. Communications regarding the Gemini Earn Program through Gemini's user platform, electronic mail, and social media are efficient and part of Gemini's regular course of dealings with the Gemini Lenders. The Debtors do not have firsthand detail regarding the identities of, or contact information for, the Gemini Lenders and are, therefore, unable to distribute Ballots to each of the approximately 232,824 Gemini Lenders. For the avoidance of doubt, Kroll shall be solely responsible for tabulating votes cast by the Holders of the Gemini Lender Claims based on the voting amounts provided by Gemini in the Gemini Voting Statement.

52.    The Debtors respectfully submit that the forms of Ballots, including the Gemini Lenders' Ballots, comply with Bankruptcy Rule 3018(c) and, therefore, should be approved.

**B.  The Court Should Approve the Form and Distribution of the Proposed**

**Solicitation Packages**

53.     Bankruptcy Rule 3017(d) prescribes the materials that must be provided to holders of claims and equity interests entitled to vote for the purpose of soliciting their votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan.  *See* Fed. R. Bankr. P. 3017(d).

54.     In accordance with this requirement, the Debtors propose to send the Solicitation Packages to Holders of Claims in the Voting Classes, other than the Gemini Lenders as described herein, with the information they need to be able to make informed decisions with respect to how to vote on the Plan.

55.     The Debtors request that the Court authorize and direct Gemini, as agent to the Gemini Lenders, to distribute the Solicitation Packages to each Gemini Lender eligible to vote as a Holder of a Gemini Lender Claim with the information they need to make an informed decision with respect to how to vote on the Plan by the Solicitation Deadline.

56.      On or before the Solicitation Deadline, the Debtors will cause (i) the Solicitation Agent and (ii) Gemini (solely with respect to the Gemini Lenders) to distribute the Solicitation Packages by email.  Each Solicitation Package will include the following:

a.     With respect to Holders of Claims in Voting Classes:

i.     the Confirmation Hearing Notice;

ii.     the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 thereto);

iii.     the Disclosure Statement (and exhibits thereto, including the Plan);

iv.     the applicable Ballot or Gemini Lenders' Ballot, together with detailed voting instructions and, if applicable, a pre-addressed, postage pre-paid return envelope;

      v.       a cover letter describing the content of the Solicitation Package and urging Holders of Claims in each Voting Class to vote to accept the Plan;

      vi.     any letter(s) from the Committee or the Ad Hoc Group of Genesis Lenders recommending acceptance of the Plan;[5] and

     vii.    such other materials as the Court may direct.

b.     With respect to Holders of Claims in the Non-Voting Classes and Holders of Disputed Claims in the Voting Classes:

      i.      the Confirmation Hearing Notice; and

     ii.     the applicable Notice of Non-Voting Status in substantially the form attached to the Disclosure Statement Order as Exhibits 5 and 6.

c.     With respect to the United States Trustee, a copy of each document contained in the Solicitation Packages, which may include non-customized Ballots and a non-customized Notice of Non-Voting Status;

*provided, however*, that in lieu of printing and mailing or e-mailing copies of the Disclosure Statement Order, the Disclosure Statement and the Plan to all Holders of Claims in the Voting Classes, the Debtors propose that such Holders access these documents at the Case Website, with the Ballots, the Gemini Lenders' Ballot, and Confirmation Hearing Notice containing a description of how to access those documents from the Case Website.

     57.    The Debtors request authorization to distribute the Solicitation Packages to Holders of Claims entitled to vote on the Plan by either electronic mail or regular mail.  In the event that a Holder of a Claim entitled to vote on the Plan has not provided an electronic mail address or it is not practicable to serve the Solicitation Packages by electronic mail, the Debtors request authorization to distribute the Solicitation Packages via regular mail; provided, however,

---

[5]    Any letters from the Committee or the Ad Hoc Group of Genesis Lenders recommending acceptance of the Plan have not been attached as exhibits to this Motion.  The Debtors intend to file copies of any such letters with the Court before the Disclosure Statement Hearing.

that any party may request to receive paper copies of such materials from the Solicitation Agent at no cost to such party.

58.     The Debtors submit that providing instructions in the Ballots and Confirmation Hearing Notice to Holders of Claims in Voting Classes on how to access the Disclosure Statement Order, the Disclosure Statement, the Plan and any related documents through the Case Website will provide more immediate access to the most recently filed versions of such documents and will yield material savings to the Debtors' estates.  Further, to the extent that the Debtors utilize email service, this will be consistent with the Debtors' ordinary course of business, given that the Debtors regularly use email to correspond with customers and vendors; and the Debtors have been using email to provide notice throughout these Chapter 11 Cases, which has not limited the Debtors' ability to provide robust notice to parties in interest during these Chapter 11 Cases.  Moreover, email is often more conducive to providing notice to creditors and parties in interest in certain countries where the Debtors operate given it can be more reliable than the local postal service.  Lastly, courts in this and other districts have granted the same or similar relief to chapter 11 debtors with voluminous disclosure statements and chapter 11 plans. *See, e.g., In re LATAM Airlines Group S.A., et al.*, 20-11254 (JLG) (Bankr. S.D.N.Y. Mar. 21, 2022); *In re Grupo Aeroméxico, S.A.B. de C.V., et al.*, 20-11563 (SCC) (Bankr. S.D.N.Y. Dec. 10, 2021); *In re Noble Corporation PLC*, Case No. 20-33826 (DRJ) (Bankr. S.D.TX Oct. 9, 2020); *In re Cumulus Media Inc.*, Case No. 17-13381 (SCC) (Bankr. S.D.N.Y. Feb. 2, 2018); *In CGG Holdings (U.S.) Inc.*, Case No. 17-11637 (MG) (Bankr. S.D.N.Y. Aug. 29, 2017); *In re BCBG Max Azria Global Holdings, LLC*, Case No. 17-10466 (SCC) (Bankr. S.D.N.Y. June 23, 2017); *In re Sun Edison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 13, 2017); *and In re Answers Holdings, Inc.*, Case No. 17-10496 (Bankr. S.D.N.Y. Mar. 9, 2017).

59.     The Debtors also propose to disseminate by either email or regular mail Notices of Non-Voting Status to Holders of Claims in the Non-Voting Classes, which will include instructions on how to view or obtain copies of the Disclosure Statement (including the Plan and other exhibits), the Disclosure Statement Order, and all related materials (except Ballots, due to their non-voting status) from, among other places, the Court's website or the Case Website.  Given the ease of access to digital versions of these materials, and the sheer number of Holders who will not be voting on the Plan, the Debtors submit that their proposed process will result in substantial cost savings and fully satisfy the requirements of Bankruptcy Rule 3017(d).

60.     Similarly, the Debtors request that they not be required to mail Solicitation Packages to: (a) Holders of Claims that have already been paid in full during these Chapter 11 Cases; (b) Holders of Claims that the Debtors are authorized to pay in full in the ordinary course of business pursuant to an order previously entered by this Court and that the Debtors expect in good faith to pay in full in the ordinary course; or (c) any party to whom the Disclosure Statement and Disclosure Statement Hearing Notice were sent but were subsequently returned as undeliverable.  For purposes of serving the Solicitation Packages and Notices of Non-Voting Status, the Solicitation Agent will be authorized to rely on the address information for all Classes as compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date.

61.     The Debtors respectfully request that the Solicitation Agent be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in: (a) distributing the Solicitation Packages; (b) receiving, tabulating, and reporting on the Ballots cast to accept or reject the Plan; (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other documents and matters related thereto, including the procedures and requirements for

28

voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

62.    In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery to Genesis Global Holdco, LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232, the Debtors request authorization for the Solicitation Agent to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Case Website (the "Online Portal").  The Debtors also request authorization for the Solicitation Agent to accept Ballots through a separate, customized online balloting portal on the Debtors' Case Website designated for Holders of Class 4 Gemini Lender Claims (the "Gemini Lender Voting Portal"). This will ensure that non-U.S. creditors are able to cast their votes timely and meet the Voting Deadline.  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit a Ballot instantly by utilizing the Online Portal or Gemini Lender Voting Portal (which allows a holder to submit an electronic signature).  Instructions for electronic, online transmission of Ballots will be set forth on the forms of Ballots.  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner, and the creditor's electronic signature will be deemed to be immediately legally valid and effective. For the avoidance of doubt, the Online Portal and Gemini Lender Voting Portal, as applicable, are the only acceptable electronic means of Ballot submission.  Ballots submitted by electronic mail or facsimile or any other means of electronic delivery (other than the Online Portal or Gemini Lender Voting Portal) will not be counted.  Furthermore, with respect to the Gemini Lenders, the Gemini Lender Voting Portal is the only valid means of Ballot submission, and any Ballots received by the Solicitation Agent from the Gemini Lenders via other means of submission, such

as email, hard copy mail, or hand delivery, will be processed as defective and excluded from the final voting results. The Debtors request that Ballots, regardless of the manner of submission, will be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot.

63.      To assist in the solicitation process, the Debtors request that the Court grant the Solicitation Agent the authority to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, provided that, neither the Debtors nor Solicitation Agent is required to contact such parties to provide notification of defects or irregularities with respect to completion or delivery of Ballots, nor will any of them incur any liability for failure to provide such notification, including but not limited to, instances where Gemini Lenders submit Ballots in hard copy format. The Debtors further request that the Court authorize the Debtors and/or the Solicitation Agent, as applicable, to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots, with such determination being final and binding.

### C. Distributing Other Materials

64.      The Debtors propose to serve only the Confirmation Hearing Notice, which contains instructions on how to access the Plan, Disclosure Statement and other case material, to all known holders of Claims and Interests, all parties known to the Debtors as having potential claims against the Debtors' estates, and all parties entitled to receive notice under Bankruptcy Rule 2002 within ten business days of entry of the Disclosure Statement Order or as soon as reasonably practicable thereafter.

65.      The Debtors anticipate that some mailings or notices may also be returned as undeliverable. The Debtors believe that it would be costly and wasteful to mail such notices to

the same addresses to which previous notices have been returned as undeliverable. The Debtors

therefore request, notwithstanding anything herein to the contrary, that neither they nor Kroll be

required to mail a Solicitation Package or any other materials related to voting or confirmation of

the Plan to any person or entity from which the notice of this Motion or other mailed notice in this

case was returned as undeliverable by the postal service, and will not be required to resend

Solicitation Packages or other materials that are returned as undeliverable, unless Kroll is provided

with accurate addresses for such persons or entities before the Voting Record Date.

66.     The Debtors submit that they have shown good cause for implementing the

notice procedures set forth herein and that such notice procedures would satisfy the requirements

of Bankruptcy Rule 3017(d) and all other applicable requirements.

**VII.    The Proposed Solicitation and Voting Procedures are Reasonable and Appropriate**

**A. The Standard for Approval of Solicitation and Voting Procedures**

67.     Section 1126(c) of the Bankruptcy Code provides that:

A class of claims has accepted a plan if such plan has been accepted by creditors,
other than any entity designated under section (e) of this section, that hold at least
two-thirds in amount and more than one-half in number of the allowed claims of
such class held by creditors, other than any entity designed under subsection (e) of
this section, that have accepted or rejected the plan.

11 U.S.C. § 1126(c).

68.     Additionally, Bankruptcy Rule 3018(c) provides, in part, that "[a]n

acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or

rejected, be signed by the creditor or equity security holder or an authorized agent and conform to

the appropriate Official Form." Fed. R. Bankr. P. 3018(c). Consistent with these requirements,

the Debtors propose to use the Solicitation and Voting Procedures as set forth in Exhibit 1 to the

Disclosure Statement Order.

### B. Completion of Ballots

69.     To ease and clarify the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria.  Specifically, the Debtors will not count a Ballot if it is, among other things, illegible, submitted by a Holder of a Claim that is not entitled to vote on the Plan, unsigned, or not clearly marked.  The Debtors, subject to a contrary order of the Court, reserve the right to waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, with any such waivers to be documented in the Voting Report.

### C. Ballot Tabulation and Voting Procedures

70.     The proposed Solicitation and Voting Procedures set forth specific criteria for the voting and tabulation of Ballots, including the estimation of Claims in the Voting Classes solely for voting purposes.  The Debtors believe that the proposed Solicitation and Voting Procedures will facilitate the Plan confirmation process.  Specifically, the procedures will clarify any obligations of Holders of Claims entitled to vote to accept or reject the Plan and will create a straightforward process by which the Debtors can determine whether they have satisfied the numerosity requirements of section 1126(c) of the Bankruptcy Code.

71.     Solely for purposes of voting to accept or reject the Plan, and not for the purpose of the allowance of, or distribution on account of, a Claim, the Debtors propose that each Claim within a Voting Class be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed Proof of Claim, or, if no Proof of Claim was filed, the amount of such Claim as set forth in the Schedules, subject to the following exceptions:

    a.    If a Claim is deemed Allowed, pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

b.      If a Claim, for which a Proof of Claim has been timely filed, is marked as contingent, unliquidated, or disputed, such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (f) below:

c.      If a Claim, for which a Proof of Claim has been timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (f) below;

d.      If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of this Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by Court order;

e.      If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was (i) not filed by the applicable bar date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

f.      If the Debtors serve an objection to, or request for estimation of, a Claim at least 5 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

g.      If the Debtors serve an objection to a Claim at least 5 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

h.      For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, the Claims filed by such entity shall be aggregated in each applicable Class, and the total amount of such Class shall be the sum of the aggregated Claims or of such entity in each applicable Class;

i. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received by Kroll will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

j. If a Claim is filed in a currency other than U.S. Dollars (other than cryptocurrency) and is not allowed in a sum certain under the Plan, the Debtors will convert such Claim to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

72. The Debtors submit that, with respect to the estimation of Claims described in subsection (b) above, and as set forth in the Solicitation and Voting Procedures, estimating such Claims on an individual basis would be an extremely burdensome and expensive process, and would unduly burden the Debtors at a critical time in the Chapter 11 Cases. In recognition of this burden, courts have routinely allowed Claims temporarily for voting purposes, including allowing such Claims at $1.00 for voting purposes, as part of facilitating an orderly plan voting process. *See, e.g.*, *In re A.H. Robins Co., Inc.*, 88 B.R. 742, 747 (E.D. Va. 1988), *aff'd*, 880 F.2d 694 (4th Cir. 1989) (assigning nominal value to claims for voting purposes was warranted because "[a]ny attempt to evaluate each individual claim for purposes of voting on the Debtor's Plan of Reorganization would, as a practical matter, be an act of futility, and would be so time consuming as to impose on many, many deserving claimants further intolerable delay all not only to their detriment, but to the detriment of the financial well-being of the estate as well"); *In re Johns-Manville Corp.*, 68 B.R. 618, 631 (Bankr. S.D.N.Y. 1986), *aff'd*, 78 B.R. 407 (S.D.N.Y. 1987) (approving voting procedures that set certain claims at $1.00 for voting purposes, which the Court found "clearly meets the desideratum of expanded sufferance and participation in the reorganization by all parties in interest"), *aff'd*, 843 F.2d 636 (2d Cir. 1988); *see also Pension Ben. Guar. Corp. v. Enron Corp.*, No. 04 CIV. 5499 (HB), 2004 WL 2434928, at *5 (S.D.N.Y. Nov. 1,

2004); *In re Lloyd E. Mitchell, Inc.*, 373 B.R. 416, 428 (Bankr. D. Md. 2007); *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS), ECF No. 1639 (Bankr. D. Del. Jan. 5, 2018).

73.     Accordingly, the Debtors submit that the Solicitation and Voting Procedures are in the best interests of their estates, Holders of Claims, and other parties in interest, and that good cause supports the relief requested herein.

**VIII.     The Confirmation Hearing Notice Is Reasonable and Appropriate**

74.     Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties in interest can object to confirmation. 11 U.S.C. § 1128.  Additionally, Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, a court shall fix a time for the hearing on confirmation of a plan.  *See* Fed. R. Bankr. P. 3017(c).  In accordance with Bankruptcy Rule 3017(c) and section 1128 of the Bankruptcy Code, the Debtors request that the Court establish August 24, 2023 at 11:00 a.m. ET, prevailing Eastern Time, as the initial Confirmation Hearing Date.  The Debtors further request that the Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice to parties in interest other than such adjournment being announced in open court and/or a notice of adjournment filed with the Court and served all parties entitled to receive notice under Bankruptcy Rule 2002.  The Confirmation Hearing Notice will be served upon all entities in the creditor matrix.

75.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  In addition to mailing the Confirmation Hearing Notice as described herein, the Debtors propose to publish the Confirmation Hearing Notice (or a notice substantially similar thereto) once in the national and international editions of the *New York Times* and *USA Today*,

within ten business days after entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter.  Additionally, the Debtors will publish the Confirmation Hearing Notice on the Case Website and on the Court's docket.

76.    The Debtors believe that the foregoing procedures will provide sufficient notice of the approval of the Disclosure Statement, the Voting Record Date, the Voting Deadline, the time fixed for filing objections to confirmation of the Plan, and the time, date and place of the Confirmation Hearing to persons who do not otherwise receive notice by mail.

77.    The Debtors submit that the foregoing procedures will provide parties in interest adequate notice of the Confirmation Hearing and, accordingly, request that the Court approve the form and manner of the proposed notice as adequate and sufficient.

## IX.    Non-Substantive Modifications

78.    The Debtors request authorization to make non-substantive changes to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Notice of Non-Voting Status, the Ballots, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption or Rejection Notices, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages before distribution.  *See* Fed. R. Bankr. P. 3019.

## VIII. The Plan Supplement Notice Is Reasonable and Appropriate

79.    The Plan Supplement is the compilation of documents and forms of documents as amended from time to time that constitute Exhibits to the Plan filed with the Bankruptcy Court no later than five days before the Voting Deadline.  To ensure that all Holders of Claims receive notice of the Debtors' filing of the Plan Supplement, the Debtors propose to

send the Plan Supplement Notice on the date the Debtors file the Plan Supplement, or as soon as practicable thereafter.

*[The remainder of this page is left blank intentionally]*

## **CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request

that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and

(b) grant such other and further relief as is just and proper.

Dated:  June 28, 2023
          New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

# EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS' MOTION TO APPROVE (I) THE ADEQUACY
OF INFORMATION IN THE DISCLOSURE STATEMENT,
(II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS
OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION
THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco"), and its affiliated

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

entry of an order (this "Order") pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, and 9006 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 3017-1,

3018-1, and 3020-1, (i) approving the Disclosure Statement as containing adequate information;

(ii) approving the form and manner of notice of the Disclosure Statement Hearing; (iii) establishing

a record date for purposes of voting on the Plan; (iv) approving solicitation packages and

procedures for the distribution thereof; (v) approving the forms of ballots; (vi) establishing voting

and tabulation procedures; and (vii) establishing notice and objection procedures relating to the

confirmation of the Plan, including the form of notice to non-voting classes, the proposed

assumption or rejection, pursuant to section 365 of the Bankruptcy Code, of the Executory

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Contracts and Unexpired Leases and the associated payment of Cure Costs, and upon the First Day

Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York dated January 31, 2012; and the Court having found that this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order

consistent with Article III of the United States Constitution; and the Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having found that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors and other parties in interest; and the Court having found that

the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate

and no other notice need be provided; and the Court having reviewed the Motion and having heard

the statements in support of the relief requested therein at a hearing before the Court (the

"Disclosure Statement Hearing"); and the Court having determined that the legal and factual bases

set forth in the Motion and on the record of the Hearing establish just cause for the relief granted

herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all

of the proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    The Disclosure Statement contains adequate information within the

meaning of section 1125 of the Bankruptcy Code.

---

[3]     Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of act, when appropriate.  See Fed. R. Bankr. P. 7052.

B.      The forms of Ballots, substantially in the forms annexed as <u>Exhibit 2</u> (form of Individual Ballot for Class 3 General Unsecured Claims against GGH and GAP), <u>Exhibit 3</u> (form of Individual Ballot for Class 3 Other Unsecured Claims against GGC), and <u>Exhibit 4</u> (form of Ballot for the Class 4 Gemini Lender Claims against GGC) are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for each Voting Class.

C.      Ballots need not be provided to the Non-Voting Classes.

D.      The dates, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to accept or reject the Plan.

E.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.      The procedures regarding notice to all parties in interest of the Confirmation Hearing and the filing of objections thereto comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Motion is GRANTED to the extent set forth herein.

**I.      Approval of Disclosure Statement**

1.      The Disclosure Statement is approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code, and as otherwise required by applicable law with respect to the Plan.

2.      The Disclosure Statement (including all applicable exhibits thereto and the notices provided for herein) provides Holders of Claims, holders of Interests and all other parties in interest with sufficient notice of the releases, exculpatory provisions and injunctions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

3.      The Disclosure Statement Hearing Notice filed by the Debtors and served upon parties in interest in these Chapter 11 Cases, included the service effectuated by Gemini on the Gemini Lenders by email, constituted proper, adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement and the deadline for filing objections to the Disclosure Statement and responses thereto, and is hereby approved.  All objections, responses, statements or comments, if any, in opposition to approval of the Disclosure Statement and the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record at, the Disclosure Statement Hearing are overruled in their entirety.

## II.    Approval of Disclosure Statement Timeline

4.      The following dates and times (subject to modification as necessary) are approved in connection with solicitation and confirmation of the Plan (all prevailing Eastern Time):

| PROPOSED TIMELINE | |
|---|---|
| **Voting Record Date** | July 5, 2023 |
| **Disclosure Statement Objection Deadline** | July 5, 2023, at 4:00 p.m. ET |
| **Deadline to File Omnibus Reply to Disclosure Statement Objections** | July 10, 2023 at 4:00 p.m. ET |
| **Disclosure Statement Hearing** | July 12, 2023 at 2:00 p.m. ET |
| **Solicitation Deadline** | Within 3 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| **Confirmation Hearing Notice Publication Deadline** | Within 10 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| **Deadline to File Plan Supplement** | August 9, 2023 |

| Voting Deadline | August 14, 2023, at 4:00 p.m. ET |
|---|---|
| Confirmation Objection Deadline | August 17, 2023, at 4:00 p.m. ET |
| Deadline to File Voting Report | August 21, 2023 |
| Deadline to File Confirmation Brief and Omnibus Reply to Confirmation Objections | August 21, 2023, at 4:00 p.m. ET |

5. The Confirmation Hearing Date and deadlines related thereto may be continued from time to time by the Court or the Debtors without further notice to parties in interest other than such adjournments announced in open Court and/or a notice of adjournment filed with the Court and served on the Debtors' master service list.

### III. Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan

6. The Solicitation Packages are approved.

7. In accordance with Bankruptcy Rule 3017(d), the Solicitation Packages shall contain:

    a. With respect to the Holders of Claims in the Voting Classes:

        i. the Confirmation Hearing Notice in substantially the form attached hereto;

        ii. the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 hereto);

        iii. the Disclosure Statement (and exhibits thereto, including the Plan);

        iv. the applicable Ballot or Gemini Lenders' Ballot together with detailed voting instructions and, if applicable, a pre-addressed, postage pre-paid return envelope.

        v. a cover letter describing the content of the Solicitation Package and urging Holders of Claims in each Voting Class to vote to accept the Plan; and

        vi. any letter(s) from the Committee or the Ad Hoc Group of Genesis Lenders recommending acceptance of the Plan.

    b. With respect to Holders of Claims in the Non-Voting Classes (the "Non-Voting Status Notice Package"):

        i. the Confirmation Hearing Notice; and

    ii. the applicable Notice of Non-Voting Status in substantially the form attached hereto as <u>Exhibits 5</u> and <u>6</u>;

  c. With respect to the U.S. Trustee, a copy of each document contained in each version of the Solicitation Packages, which may include non-customized Ballots and a non-customized Notice of Non-Voting Status.

8. The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code and the Local Rules.

9. The Debtors shall distribute Solicitation Packages to all Holders of Claims as of the Voting Record Date, other than the Gemini Lenders, in the Voting Classes who are entitled to vote on the Plan on the Solicitation Deadline or as soon as reasonably practicable thereafter. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10. For the avoidance of doubt, Holders of any Claim withdrawn subsequent to the Voting Record Date shall not be entitled to vote on the Plan.

11. With regards to the Gemini Lenders, Gemini, as agent to the Gemini Lenders, is authorized and directed to distribute the Solicitation Packages by email, including the Gemini Lenders' Ballot, to each Gemini Lender entitled to vote, using the email address for such Gemini Lender in Gemini's records, as Holders of Class 4 Gemini Lender Claims as of the Voting Record Date on the Solicitation Deadline or as soon as reasonably practicable thereafter. The Gemini Lenders' Ballot will contain instructions detailing how to access electronic versions or request hard copies of the documents with the Solicitation Packages, in paper format from the Debtors. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with the Gemini Lenders.

12.     Gemini is authorized to take any and all action necessary to provide the Gemini Lenders with the information they need to make an informed decision with respect to how to vote on the Plan by the Solicitation Deadline.

13.     [[The Debtors are authorized and directed to pay in cash to Gemini all documented, reasonable fees and out-of-pocket expenses of Gemini and its professionals (collectively, the "Gemini Parties") for services performed by the Gemini Parties related to the solicitation and tabulation of votes to accept or reject the Plan (the "Gemini Reimbursed Fees and Expenses"). The Gemini Reimbursed Fees and Expenses shall be payable by the Debtors without further notice, hearing, or order of this Court promptly upon receipt by the Debtors from Gemini of an invoice for the Gemini Reimbursed Fees and Expenses and shall not be subject to any disgorgement, setoff, disallowance, impairment, challenge, contest, attack, rejection, recoupment, reduction, defense, counterclaim, offset, subordination, recharacterization, avoidance or other claim, cause of action or other challenge of any nature under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise.]][4]

14.     The Debtors are authorized to make available on the Case Website copies of the Solicitation Packages and the Non-Voting Status Notice Packages.

15.     The Debtors are authorized, but not directed, to distribute the Solicitation Packages to Holders of Claims as of the Voting Record Date entitled to vote on the Plan by regular mail or electronic mail, where such Holder has provided an electronic mail address, unless not otherwise practicable. The Debtors are further authorized to distribute the Ballots, which will contain instructions detailing how to access electronic versions or request hard copies of the documents within the Solicitation Packages, in paper format.

---

[4]     Subject to potential consultation rights of the Committee.

16.     The Notice of Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules, and therefore, the Debtors are not required, but authorized, to distribute the Non-Voting Status Notice Packages to Holders of Claims not entitled to vote on the Plan by either regular mail or electronic mail where such Holder has provided an electronic mail address.

17.     Any party entitled to vote on the Plan that has not provided an electronic mail address may request to receive paper copies of the Plan, the Disclosure Statement, the Order and the Solicitation and Voting Procedures from the Solicitation Agent at no cost to such party.

18.     The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages; (b) receiving, tabulating and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan or as soon as practicable thereafter.

19.     The Solicitation Agent is authorized and directed to create a unique E-Ballot ID for each Holder of a Gemini Lender Claim, and is further authorized to provide Gemini with reports throughout the voting period, and at least twice per week, outlining the Ballot submissions and E-Ballot IDs it receives from the Holders of Gemini Lender Claims.  By no less than [[eight (8) days]] prior to the Confirmation Hearing, Kroll will provide Gemini with a report, outlining all Ballot submissions and E-Ballot IDs it has received from Holders of Gemini Lender Claims through the Voting Deadline (the "Gemini Lender Voting Report").  Gemini is authorized and

directed to distribute such E-Ballot IDs to each Gemini Lender whose Gemini Borrowing were included in the Gemini Master Claim by the Solicitation Deadline, such that each Gemini Lender may then use the E-Ballot ID to cast their vote directly on the Debtors' Gemini Lender Voting Portal to accept or reject the Plan. Such distribution shall be via email using the email address for each Gemini Lender that is in Gemini's records and shall include, with respect to each Gemini Lender, [a unique E-Ballot ID for purposes of completing the Gemini Lenders' Ballot] [instructions on how to obtain such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's Gemini account for purposes of completing the Gemini Lender Ballot]. Gemini is further authorized to provide the Gemini Voting Statement to Kroll by no less than [[seven (7) days]] prior to the Confirmation Hearing. The use of an electronic signature with the submission of a Gemini Lenders' Ballot will be deemed to be immediately legally valid and effective. Furthermore, with respect to the Gemini Lenders, the Gemini Lender Voting Portal is the only valid means of Ballot submission, and any Ballots received by the Solicitation Agent from the Gemini Lenders via other means of submission, such as email, hard copy mail, or hand delivery, will be processed as defective and excluded from the final voting results.

20.     For the avoidance of doubt, the Solicitation Agent shall be solely responsible for receiving, tabulating and reporting on Gemini Lenders' Ballots cast by the Holders of Gemini Lender Claims to accept or reject the Plan, using the voting amounts provided by Gemini to the Solicitation Agent, as reflected in the Gemini Voting Statement. Except as provided for herein, Gemini shall have no duties, obligations, or other requirements in connection or related to the receiving, tabulating and reporting on Gemini Lenders' Ballots.

21.     Ballots submitted via the customized online balloting portal maintained by the Solicitation Agent on the Debtors' restructuring case website at

https://restructuring.ra.kroll.com/genesis (the "Online Portal") and the separate customized online
balloting portal designated for Holders of Class 4 Gemini Lender Claims (the "Gemini Lender
Voting Portal") shall be deemed to contain a signature. Ballots submitted electronically via
facsimile, email, or other means of electronic transmission other than through the Online Portal or
Gemini Lender Voting Portal will not be counted. Ballots, regardless of the manner of submission,
will be deemed delivered only when the Solicitation Agent actually receives the properly executed
Ballot.

22.    All Ballots, in order to be counted, must be properly completed, executed
and delivered so as to be **actually received** by the Debtors' Solicitation Agent no later than the
Voting Deadline, August 14, 2023, at 4:00 pm. (ET).

23.    The Debtors' Solicitation Agent is authorized, but not required, to contact
parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure
such deficiencies, and neither the Debtors nor the Solicitation will incur any liability for failure to
provide such notification of Ballot defects, including but not limited to, instances where Gemini
Lenders submit Ballots in hard copy format. The Debtors and/or the Solicitation Agent, as
applicable, are authorized to determine all questions as to the validity, form, eligibility (including
time of receipt), acceptance, and revocation or withdrawal of Ballots, with such determination
being final and binding.

24.    Any Ballot that is properly and timely completed and executed but does not
indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of
the Plan, shall not be counted.

25.    If no votes to accept or reject the Plan are received with respect to a
particular Class, such Class is deemed to have voted to accept the Plan.

## IV.    Approval of the Confirmation Hearing Notice and the Publication Notice

26.    The Confirmation Hearing Notice and the Publication Notice, substantially in the forms attached hereto as <u>Exhibit 7</u> and <u>Exhibit 11</u>, respectively, comply with the requirements of applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and are approved in all respects.  The Confirmation Hearing Notice shall be served upon all known Holders of Claims and the parties on the Debtors' master service list (regardless of whether such parties are entitled to vote on the Plan) starting by no later than the Solicitation Deadline. Within ten (10) business days of the Disclosure Statement Order, or as soon as reasonably practicable thereafter, the Debtors shall publish the Publication Notice, substantially in the form attached hereto as <u>Exhibit 11</u>, once in each of *New York Times* and *USA Today*.  Additionally, the Confirmation Hearing Notice shall be posted electronically on the Case Website.  The Confirmation Hearing Notice and the Publication Notice provide Holders of Claims and/or Interests and all parties in interest in the Chapter 11 Cases with sufficient notice of, among other things, the releases, exculpatory provisions, and injunctions, as set forth in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## V.    Approval of the Notice of Filing of the Plan Supplement

27.    The Debtors are authorized to send notice of the filing of the Plan Supplement, substantially in the form attached hereto as <u>Exhibit 10</u>, on the date that the Debtors file the Plan Supplement (which will be filed and served at eight days prior to the Confirmation Objection Deadline) or as soon as practicable thereafter.

## VI.    Approval of the Forms of Notices to Non-Voting Classes

28.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes,

as such holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall send a Non-Voting Package, the form of each of which is hereby approved, in lieu of Solicitation Packages, with no further notice necessary or required, to the Holders of Claims in the Non-Voting Classes, as well as Holders of Claims in Voting Classes that are subject to a pending objection by the Debtors.

29.    The Debtors are also not required to send Solicitation Packages or other solicitation materials to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable. Additionally, for purposes of serving the Solicitation Packages and Notices of Non-Voting Status, the Debtors are authorized to rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date. The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or undeliverable Solicitation Packages or Notices of Non-Voting Status.

## VII.    Approval of the Notices in Respect of Executory Contracts and Unexpired Leases

30.    The Assumption Notice, substantially in the form attached hereto as Exhibit 8, and the Rejection Notice, substantially in the form attached hereto as Exhibit 9 (collectively, the "Assumption and Rejection Notices") are approved; *provided,* that up to and including the Effective Date, the Debtors may assume, assume and assign or reject an executory contract or unexpired lease in accordance with the Bankruptcy Code and applicable Bankruptcy Rules.

31.    At least ten days prior to the Confirmation Hearing, the Debtors shall serve or cause to be served, the Assumption and Rejection Notices, as applicable, on the counterparties

to Executory Contracts and Unexpired Leases entitled to receive such notices pursuant to the Plan. Service of the Plan, the Plan Supplement, and the Assumption and Rejection Notices as applicable and as set forth herein shall be deemed good and sufficient notice of, among other things, the proposed assumption, assumption and assignment or rejection of executory contracts and unexpired leases of the Debtors (including the proposed Cure Amounts related thereto and the release and satisfaction of any Claims or defaults arising under any assumed executory contract or unexpired lease at any time before the effective date of assumption or assumption and assignment upon the satisfaction thereof), the amendment of contracts in connection with assumption or assignment pursuant to Article V of the Plan, and the procedures for objecting thereto, and no other or further notice is necessary.

32.    Any counterparty to an Executory Contract or Unexpired Lease that disputes (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment of Assigned Contracts, or (iv) any Cure Amount relating to any executory contracts or unexpired leases to be assumed or assumed and assigned under the Plan as identified must file an objection (each, a "Treatment Objection") by the Confirmation Objection Deadline in order for such objection to be considered.  Each Treatment Objection must:

a.    be in writing;

b.    comply with the Bankruptcy Rules and the Bankruptcy Local Rules;

c.    state the name of the objecting party;

d.    state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and

e.    be filed and served on the Objection Notice Parties such that the Treatment Objection is actually received no later than the Confirmation Objection Deadline.

13

33.     The Debtors are authorized to file replies to any timely-filed Treatment Objections at any time prior to the Confirmation Hearing and to meet and confer in good faith to attempt to resolve any such objection.   The Debtors are authorized to settle any Treatment Objection without further notice to any party or any action, order or approval of this Court.

34.     Any unresolved Treatment Objections shall be heard at the Confirmation Hearing or, at the election of the Debtors, at a later hearing, provided, however, that at any time following the Confirmation Hearing but prior to the Effective Date, the Debtors may settle any dispute regarding the assumption of any Executory Contract or Unexpired Lease and/or the amount of any Cure Cost without any further notice to any party or any action, order or approval of the Court.

35.     The Debtors are authorized, but not directed, to alter, amend, modify or supplement the exhibit to the Plan Supplement detailing the Assumed Contracts, and to assume, assume and assign or reject executory contracts and unexpired leases at any time prior to the Effective Date or, with respect to any executory contract or unexpired lease subject to a Treatment Objection that is resolved after the Effective Date, within thirty (30) days following entry of a Final Order of the Bankruptcy Court resolving such Treatment Objection.

## VIII.    Approval of the Solicitation and Voting Procedures

36.     The Debtors are authorized to solicit, receive and tabulate votes to accept or reject the Plan in accordance with the Solicitation and Voting Procedures attached hereto as Exhibit 1.  The procedures set forth herein, in the Solicitation and Voting Procedures set forth in Exhibit 1, and in materials for soliciting votes approved hereby, including, without limitation, the proposed procedures for the temporary disallowance of Claims for the purpose of voting to accept or reject the Plan, and the establishment of the Voting Record Date, provide for a fair and equitable

process and are consistent with section 1126 of the Bankruptcy Code, Bankruptcy Code Rule 3018
and the Local Rules, and are hereby approved in their entirety.

37.     Solely for voting purposes, and not for the purpose of the allowance of, or
distribution on account of, a Claim, the Debtors are authorized, for each Claim within a Voting
Class, to temporarily allow such Claim in an amount equal to the amount of such Claim as set forth
in a timely filed Proof of Claim, or, if no Proof of Claim was filed, the amount of such Claim as
set forth in the Schedules, subject to the following exceptions:

a.     If a Claim is deemed Allowed, pursuant to the Plan, such Claim shall
be Allowed for voting purposes in the deemed Allowed amount set
forth in the Plan;

b.     If a Claim, for which a Proof of Claim has been timely filed, is
marked as contingent, unliquidated, or disputed, such Claim will be
allowed for voting purposes only, and not for purposes of allowance
or distribution, at $1.00, unless such Claim is disputed in the manner
set forth in subparagraph (f) below:

c.     If a Claim, for which a Proof of Claim has been timely filed, lists an
amount that is liquidated and noncontingent, such Claim shall be
temporarily allowed in the amount set forth on the Proof of Claim,
unless such Claim is disputed in the manner set forth in
subparagraph (f) below;

d.     If a Claim has been estimated for voting purposes or otherwise
allowed for voting purposes by order of this Court, such Claim shall
be allowed in the amount so estimated or allowed by the Court for
voting purposes only, and not for purposes of allowance or
distribution, unless otherwise provided by Court order;

e.     If a Claim is listed in the Schedules as contingent, unliquidated,
disputed, in the amount of $0.00, or unknown, and a Proof of Claim
was (i) not filed by the applicable bar date for the filing of Proofs of
Claim established by the Court or (ii) deemed timely filed by an
order of the Court prior to the Voting Deadline, unless the Debtors
have consented in writing, such Claim shall be disallowed for voting
purposes;

f.     If the Debtors serve an objection to, or request for estimation of, a
Claim at least 20 days before the Voting Deadline, such Claim shall
be temporarily disallowed for voting purposes only and not for

purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

g.  If the Debtors serve an objection to a Claim at least 20 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

h.  For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, the Claims filed by such entity shall be aggregated in each applicable Class, and the total amount of such Class shall be the sum of the aggregated Claims or of such entity in each applicable Class;

i.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received by Kroll will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

j.  If a Claim is filed in a currency other than U.S. Dollars (other than cryptocurrency) and is not allowed in a sum certain under the Plan, the Debtors will convert such Claim to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

## IX.   Approval of the Plan Objection Procedures

38.   The procedures set forth in the Motion regarding the filing of objections or responses to the Plan provide due, proper and adequate notice, comport with due process, comply with Bankruptcy Rules 2002, 3017 and 3020 and Local Rule 3020-1, and are hereby approved. Objections and responses, if any, to confirmation of the Plan must (a) be in writing, (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules, (d) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection, (e) be filed with

the Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), and (ii) by all other parties in interest (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court, and (f) be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order") on (i) the Chambers of the Honorable Judge Sean H. Lane., United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, counsel to the Committee, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq.; and (v) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules so as to be **actually received** on or before **August 17, 2023, at 4:00 p.m.**, prevailing Eastern Time . Objections to confirmation of the Plan that are not timely filed, served and actually received in the manner set forth above and in the Confirmation Hearing Notice shall not be considered unless otherwise agreed by the Debtors or determined by the Court.

39.     The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Plan either separately or by a single, consolidated reply on or before **August 21, 2023, at 4:00 p.m. ET** (the

"Confirmation Reply Deadline").  In addition, any party in interest may file and serve a statement in support of confirmation of the Plan and/or a reply or an omnibus reply to any objections to confirmation of the Plan by the Confirmation Reply Deadline.

## X.    Amendments and General Provisions

40.    The Debtors are authorized to make non-substantive modifications to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Notices of Non-Voting Status, the Ballots, the Publication Notice, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption and Rejection Notices, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

41.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

42.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

43.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

44.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
      White Plains, New York

_____
HONORABLE SEAN H. LANE.
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

## Solicitation and Voting Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## SOLICITATION AND VOTING PROCEDURES

On [•], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No. [•]] (the "Order"), *inter alia*, (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Debtors' Amended Joint Plan* [ECF No. 427]  (as the same may be amended, altered, modified, revised, or supplemented from time to time, the "Plan"); (b) approving the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

### A.    The Voting Record Date

The Court has approved **July 5, 2023** as the record date for purposes of determining which Holders[2] of General Unsecured Claims against Holdco and GAP in Class 3, Holders of Other Unsecured Claims against GGC in Class 3, and Holders of Gemini Lender Claims against GGC in Class 3 are entitled to vote on the Plan (the "Voting Record Date").

### B.    The Voting Deadline

The Court has approved **August 14, 2023, at 4:00 p.m. ET** as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court.

To be counted as votes to accept or reject the Plan, votes must be submitted on an appropriate ballot (each, a "Ballot") and delivered so that the Ballot is **actually received** no later than the Voting Deadline (as may be extended from time to time) by Kroll Restructuring

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219) ("Holdco"); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Terms not defined herein have the meaning ascribed to them in the Disclosure Statement Order or Plan, as applicable.

Administration LLC ("Kroll" or the "Solicitation Agent").  The procedures governing the submission of your vote depend on the class of your voting Claim.  Therefore, please refer to your specific Ballot for voting procedures to follow in order to submit your vote properly.

### C.    Form, Content and Manner of Notices

#### 1.    Solicitation Packages

The following materials shall constitute the solicitation materials (the "Solicitation Packages"):

    i.    With respect to the Holders of Claims in Voting Classes:

        a.    the Confirmation Hearing Notice;

        b.    the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached thereto as Exhibit 1);

        c.    the Disclosure Statement (and exhibits thereto, including the Plan);

        d.    the applicable Ballot or Gemini Lenders' Ballot, together with detailed voting instructions and, if applicable, a pre-addressed, postage pre-paid return envelope; and

        e.    such other materials as the Court may direct.

    ii.    With respect to Holders of Claims in the Non-Voting Classes and Holders of Disputed Claims in the Voting Classes (the "Non-Voting Status Notice Package"):

        a.    the Confirmation Hearing Notice; and

        b.    the applicable Notice of Non-Voting Status in substantially the form attached to the Disclosure Statement Order as Exhibits 6 and 7;

    iii.    With respect to the U.S. Trustee, a copy of each document contained in each version of the Solicitation Packages, which may include non-customized Ballots and a non-customized Notice of Non-Voting Status.

#### 2.    Distribution of Solicitation Packages

Subject to the terms of the Disclosure Statement Order, the Solicitation Packages shall consist of electronic copies of the Disclosure Statement (with all exhibits thereto, including the Plan) and the Disclosure Statement Order (without exhibits except the Solicitation and Voting

Procedures attached thereto as Exhibit 1), provided that the applicable Ballot (which will contain detailed voting instructions and instructions detailing how to access electronic versions, or request hard copies of, the documents within the Solicitation Packages and, if applicable, be accompanied by a postage prepaid, pre-addressed return envelope) and the Confirmation Hearing Notice will also be provided in paper form at the Debtors' expense, unless not practicable; provided further that the Solicitation Agent is authorized to accept Ballots through a customized online balloting portal maintained by the Solicitation Agent on the Debtors' restructuring case website (the "Online Portal"). The Solicitation Agent is also authorized to accept Ballots through a separate, customized online balloting portal on the Debtors' Case Website designated for Holders of Class 4 Gemini Lender Claims (the "Gemini Lender Voting Portal").

The Solicitation Agent will prepare a customized Ballot for each Holder of a Claim in a Voting Class (not including the Holders of Class 4 Gemini Lender Claims against GGC) to populate a Claim amount for voting purposes on their Ballot as reflected on the official Claims Register maintained by the Solicitation Agent and, subject to the terms of the Disclosure Statement Order and these Solicitation and Voting Procedures, will tabulate such Ballots in accordance with its standard voting and tabulation practices.

Holders of Claims that are filed as wholly disputed, contingent, or unliquidated shall receive a Ballot in an amount of $1.00 which shall include a clear statement that such Holder is entitled to vote on the confirmation of the Plan in an amount of $1.00 and which shall also identify the deadline and process for such Holder to seek relief under Bankruptcy Rule 3018 to temporarily allow such Holder's Claim in another amount for purposes of voting on the Plan. Holders of Voting Disputed Claims (as defined herein) shall receive a Ballot as set forth in these Solicitation and Voting Procedures which shall include a clear statement that the recipient Holder is entitled to vote to accept or reject the Plan on account of the portion of its Claim that is entitled to be voted under these procedures and shall identify the deadline and process for such Holder to seek relief under Bankruptcy Rule 3018 to temporarily allow such Holder's Claim in an amount other than as provided in its corresponding Ballot for purposes of voting on the Plan.

Any party that receives the solicitation materials in electronic format but would prefer paper format(to be provided at the Debtors' expense) may contact the Solicitation Agent by: (a) visiting the Debtors' restructuring case website at http://restructuring.ra.kroll.com/genesis; (b) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll); and/or (c) emailing the Debtors' Solicitation Agent at genesisinfo@ra.kroll.com (with "Genesis Solicitation" in the subject line).

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Packages (excluding the customized Ballots and customized Notice of Non-Voting Status) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall send the Solicitation Package to all Holders of Claims in the Voting Classes (excluding Holders of Gemini Lender Claims) no later than three (3) business days after the Disclosure Statement Order is entered on the Bankruptcy Court's docket, or as soon as reasonably practicable thereafter (the "Solicitation Deadline").

Gemini, as agent to the Gemini Lenders, shall distribute the Solicitation Package, including the Gemini Lenders' Ballot, by email to each Gemini Lender eligible to vote as Holder of a Claim in Class 4 against GGC as of the Voting Record Date, using the email address for such Gemini Lender in Gemini's records, by the Solicitation Deadline or as soon as reasonably practicable thereafter. The Solicitation Agent has worked with Gemini to create a unique electronic ballot identification number ("E-Ballot ID(s)") for each Holder of Gemini Lender Claims. Gemini, by email, will disseminate the E-Ballot IDs to the respective Holder of the Gemini Lender Claim, using the email address for such Holder of the Gemini Lender Claim in Gemini's records, who may then use the E-Ballot ID to cast their vote directly on the Debtors' Gemini Lender Voting Portal to accept or reject the Plan. For the avoidance of doubt, Kroll shall be solely responsible for tabulating votes cast by the Holders of the Gemini Lender Claims based on the voting amounts provided by Gemini. Furthermore, with respect to the Gemini Lenders, the Gemini Lender Voting Portal is the only valid means of Ballot submission, and any Ballots received by the Solicitation Agent from the Gemini Lenders via other means of submission, such as email, hard copy mail, or hand delivery, will be processed as defective and excluded from the final voting results.

To avoid duplication and reduce expenses, the Debtors will use reasonable efforts to ensure that any holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one vote on account of such Claim and with respect to that Class as against that Debtor. Whether two or more Claims are duplicative will be left to the sole discretion of the Debtors and their professionals, and the Solicitation Agent is authorized to take instruction from the Debtors and their professionals to mark all except the latest filed among such Claims as duplicative (and therefore not entitled to vote) irrespective of whether an objection has been filed identifying such Claims as duplicative. The Solicitation Agent shall identify any Ballots treated as duplicative for the purposes of solicitation, in accordance with the instruction from the Debtors and their professionals, in the Voting Report (as defined herein). Additionally, for purposes of serving the Solicitation Packages (except with respect to the Gemini Lenders), the Debtors may rely on the address information for Voting and Non-Voting Classes as compiled, updated and maintained by the Solicitation Agent as of the Voting Record Date. The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including Ballots).

### 3.   Non-Voting Status Notices

Certain holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as Exhibit [[●]] to the Disclosure Statement Order (the "Unimpaired Notice of Non-Voting Status"). Such notice will instruct such holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding the Ballots). Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan, substantially in the form annexed as Exhibit [[●]] to the Disclosure Statement Order (the "Impaired Notice of Non-Voting Status"). Such notice will instruct these Holders as

to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).  Holders of Claims in the Voting Classes that are subject to a pending objection and who are not entitled to vote such Claim will receive a *Notice of Non-Voting Status with Respect to Disputed Claims* (the "Disputed Notice of Non-Voting Status", substantially in the form annexed as Exhibit [[●]] to the Disclosure Statement Order, and, together with the Unimpaired Notice of Non-Voting Status and the Impaired Notice of Non-Voting Status, the "Notices of Non-Voting Status").  Such notices will, among other things, instruct such Holders as to how they may obtain copies of the documents contained in the Solicitation Packages (excluding the Ballots).  Each party that receives a Notice of Non-Voting Status will also receive a Confirmation Hearing Notice.  Such documents will also be provided in paper form unless not practicable.

### 4.   Notices in Respect of Executory Contracts and Unexpired Leases

Counterparties to Executory Contracts and Unexpired Leases that are Assumed or Rejected pursuant to the Plan, including those entitled to receive a specific *Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, If Any, and (C) Related Procedures in Connection Therewith* (the "Assumption Notice") or a *Notice Regarding Executory Contracts and Unexpired Leases to Be Rejected Pursuant to the Plan* (the "Rejection Notice") substantially in the forms attached as Exhibit [[●]] and Exhibit [[●]] to the Disclosure Statement Order, respectively, may file an objection to the Debtors' proposed assumption and/or rejection, as applicable, and cure amounts, if applicable.  Such objections must be filed with the Court by **August 17, 2023 at 4:00 P.M. prevailing Eastern Time** or otherwise by a later date specified in the Plan and served on the Notice Parties in accordance with the Case Management Order.  Notwithstanding the foregoing, the Debtors are permitted to also utilize any assumption or rejection procedures approved by the Court to reject, assume or assume and assign (as applicable) any Executory Contract or Unexpired Lease up to and including the Effective Date.  In each case and for the avoidance of doubt, a holder will only be entitled to receive the Solicitation Packages on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date.

**D.   Establishing Claim Amounts for Voting Purposes and Allowance and Disallowance of Claims for Tabulation Purposes**

A claimant who holds a Claim in a Voting Class is nonetheless not entitled to vote to the extent that:

> i.    such claimant's Claim has been disallowed, expunged, superseded, designated or otherwise disqualified by the Court;
>
> ii.   such claimant's Claim is listed on the Schedules filed by the Debtors as "disputed," "contingent," or "unliquidated" and such claimant did not timely file a Proof of Claim with respect to such Claim;

 iii. such claimant's Impaired Claim against a Debtor arises from a guarantee or other co-liability of another Debtor, to the extent the claimant's corresponding Claim against the other Debtor is Unimpaired;

 iv. such claimant's Claim was filed for $0.00; or

 v. such claimant's Claim is subject to an objection, subject to the procedures set forth below.

 Solely for the purpose of voting to accept or reject the Plan, and not for purposes of the allowance of, or distribution on account of, a Claim, each Claim within a Voting Class is to be temporarily allowed in an amount equal to the liquidated, noncontingent, and undisputed amount of such Claim set forth in a timely filed Proof of Claim,[3] or if no Proof of Claim was filed, the amount of such Claim as set forth in the Schedules,[4] subject to the following exceptions:

 i. If a Claim is deemed Allowed pursuant to the Plan or an order entered by the Court, such Claim shall be allowed for voting purposes in the deemed Allowed amount set forth in the Plan or such order;

 ii. If a Claim, for which a Proof of Claim has been timely filed, is marked as contingent, unliquidated, or disputed, such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (vii) below:

 iii. If a Claim, for which a Proof of Claim has been timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (vii) below;

 iv. If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of this Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by Court order;

 v. If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of

---

[3] "Proof of Claim" means a proof of claim filed by a Holder of a Claim in accordance with the Bar Date Order.

[4] "Schedules" means the schedules of assets and liabilities, statements of financial affairs, lists of Holders of Claims and Interests and all amendments or supplements thereto filed by the Debtors with the Bankruptcy Court to the extent such filing is not waived pursuant to an order of the Bankruptcy Court.

Claim was (i) not filed by the applicable bar date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

vi.   If the Debtors serve an objection to, or request for estimation of, a Claim at least 5 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

vii.   If the Debtors serve an objection to a Claim at least 5 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

viii.   For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, the Claims filed by such entity shall be aggregated in each applicable Class, and the total amount of such Class shall be the sum of the aggregated Claims or of such entity in each applicable Class;

ix.   If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received by Kroll will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

x.   If a Claim is filed in a currency other than U.S. Dollars (other than cryptocurrency) and is not allowed in a sum certain under the Plan, the Debtors will convert such Claim to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date); and

xi.   The Debtors shall not be required to send the Solicitation Packages to creditors whose Claims (a) are based solely on amounts scheduled by the Debtors that have already been paid in the full scheduled amount or (b) have been scheduled in a wholly

unliquidated, contingent, or disputed amount and with respect to which such creditor did not timely file a Proof of Claim; provided, that, the Debtors shall send the applicable Solicitation Packages to Holders of Voting Disputed Claims, as provided for herein.

**E.    Return of Ballots**

i.    Votes to accept or reject the Plan will be counted only if such votes are included on a valid Ballot properly executed, completed, and delivered to the Solicitation Agent so that such Ballot is **actually received** by the Solicitation Agent no later than the Voting Deadline or as otherwise provided by an order of the Court;

ii.    In addition to accepting hard copy Ballots via first-class mail, overnight courier, or hand delivery, the Solicitation Agent will accept Ballots submitted via at the Online Portal and Gemini Lender Voting Portal, as applicable, maintained by the Solicitation Agent on the Debtors' Case Website (https://restructuring.ra.kroll.com/genesis)[5]

**F.    Tabulation Procedures**

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

i.    Except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted to the Solicitation Agent so that it is actually received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended in the discretion of the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

ii.    The Solicitation Agent will date-stamp all Ballots when received. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan and thereafter may discard such original Ballots, unless otherwise ordered by the Court or requested by the Debtors. The Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

---

[5]    The encrypted Ballot data and audit trail created by such online submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed immediately legally valid and effective.

iii.    Consistent with the requirements of Local Rule 3018-1, the Debtors will file with the Court, on or before **August 21, 2023** or as soon as practicable thereafter, a certification of votes (the "Voting Report"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of Allowed Claims of each Class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail, or damaged ("Irregular Ballots"). The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot. The Voting Report shall be served upon the Committee and the U.S. Trustee. The Debtors will also provide to the Committee, on a confidential basis, any additional voting data or reports prepared by the Solicitation Agent in connection with solicitation and the certification of votes which are provided to the Debtors in connection with the Solicitation Agent's solicitation or certification process, and without waiver of the Creditors' Committee's right to seek discovery of further information from the Solicitation Agent, or any basis for opposition to any such further discovery request;[6]

iv.    The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot;

v.    Delivery of a Ballot to the Solicitation Agent by facsimile, or any electronic means other than as an E-Ballot via the Online Portal or Gemini Lender Voting Portal as otherwise expressly provided in the Disclosure Statement Order or these Solicitation and Voting Procedures;

vi.    No Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), the Debtors' financial or legal advisors, or the Court, and if so sent, and not otherwise properly and timely delivered to the Solicitation Agent, will not be counted;

vii.    Except as described in Section G below, if multiple Ballots are received from the same holder with respect to the same Claim prior to the Voting Deadline, the last properly executed, valid Ballot

---

[6] For the avoidance of doubt, the Voting Report shall include, inter alia, (i) any Claims that were treated as Duplicate Claims for purposes of solicitation and tabulation, and (ii) any Claims for which the Solicitation Agent received multiple or partial Ballots with respect to the same scheduled or filed Claim.

timely received by the Solicitation Agent will be deemed to reflect that holder's intent and will supersede and revoke any prior Ballot;

viii.    Holders must vote the entirety of each of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder(s) within a Class for the purpose of counting votes; provided that, the Committee's and the Debtors' rights and objections are reserved with respect to the aggregation of votes for tabulation purposes;

ix.    Any person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a holder of Claims must indicate such capacity when signing;

x.    The Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

xi.    Neither the Debtors, the Solicitation Agent, nor any other Entity, will be under any duty to provide notification to any party of defects or irregularities with respect to delivered Ballots other than as otherwise set forth herein and as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

xii.    Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

xiii.    In the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

xiv.    Subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

xv.    Neither the Debtors, the Debtors' professionals, nor the Solicitation Agent shall be obligated to coordinate with voters to cure any Irregular Ballots;

xvi.    If a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Court, stipulation or settlement, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution under the Plan;

xvii.    If an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

xviii.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (iv) any unsigned Ballot or Ballot lacking a signature (for the avoidance of doubt, a Ballot cast via the Online Portal or Gemini Lender Voting Portal will be deemed to contain a signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein except to the extent otherwise provided by an order of the Court;

xix.    After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors; and

xx.    The Debtors are authorized to enter into a stipulation with the holder of any Claim agreeing to the amount of a Claim for voting purposes subject to the other provisions of these procedures set forth herein.

### G.    Gemini Lenders' Ballot Solicitation, Voting and Tabulation Procedures

In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to Holders of Gemini Lender Claims against GGC in Class 4:

i.    the Solicitation Agent shall create and distribute to Gemini unique electronic ballot identification numbers ("E-Ballot IDs") for each Holder of Gemini Lender Claims.

ii.    By the Solicitation Deadline, Gemini shall distribute the Solicitation Package, including the Gemini Lenders' Ballot and

respective E-Ballot ID to each Gemini Lender whose Gemini Borrowings were included in the Gemini Master Claim.  Such distribution shall be via email using the email address for each Gemini Lender that is in Gemini's records and shall include, with respect to each Gemini Lender, [a unique E-Ballot ID for purposes of completing the Gemini Lenders' Ballot] [instructions on how to obtain such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's Gemini account for purposes of completing the Gemini Lenders' Ballot.];

iii.  Each and all Holders of Gemini Lender Claims shall be responsible for casting their vote to accept or reject the Plan directly using the Debtors' Gemini Lender Voting Portal as detailed in the Gemini Lenders' Ballot instructions by the Voting Deadline;

iv.  Throughout the voting period, Kroll will provide Gemini with reports, at least twice per week, outlining the Ballot submissions and E-Ballot IDs it receives from the Holders of Gemini Lender Claims.  By no less than [[eight(8) days]] prior to the Confirmation Hearing, Kroll will provide Gemini with a voting report, outlining all Ballot submissions and E-Ballot IDs it has received from Holders of Gemini Lender Claims through the Voting Deadline (the "Gemini Lender Voting Report");

v.  Gemini shall provide Kroll with the Gemini Voting Statement in excel format by no less than [[seven (7) days]] prior to the Confirmation Hearing; and

vi.  Kroll, in its capacity as solicitation agent, shall be solely responsible for tabulating and reporting on Gemini Lenders' Ballots cast by the Holders of Gemini Lender Claims and will utilize the voting amounts provided by Gemini in the Gemini Voting Statement for tabulation purposes.

## H.    Amendments to the Plan and Solicitation and Voting Procedures

The Debtors reserve the right to make non-substantive modifications to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Notices of Non-Voting Status, the Ballots, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption and Rejection Notices, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

Dated:  June 28, 2023
       New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**EXHIBIT 2**

**Form of Class 3 Individual Ballots for Holders of Claims
against Genesis Global Holdco, LLC and Genesis Asia
Pacific Pte. Ltd.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE AMENDED JOINT**
**CHAPTER 11 PLAN OF GENESIS GLOBAL HOLDCO, LLC, *ET AL.***

**CLASS 3: GENERAL UNSECURED CLAIMS**
**AGAINST GENESIS GLOBAL HOLDCO, LLC OR GENESIS ASIA PACIFIC PTE.**
**LTD.**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 3 OTHER UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC OR GENESIS ASIA PACIFIC PTE. LTD.**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 14, 2023 (THE "<u>VOTING DEADLINE</u>").  THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 3 (GENERAL UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC OR GENESIS ASIA PACIFIC PTE. LTD.), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated June 13, 2023 [ECF No. 427] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated June 13, 2023 (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of July 5, 2023 (the "Voting Record Date"), you are a Holder of General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd.  Holders of General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd. are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is Exhibit A to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 3 – General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd..  Holders of Allowed Class 3 Claims will receive Class 3 Treatment under the Plan.***

## <u>VOTING INSTRUCTIONS</u>

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 3 (General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd.) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is August 14, 2023 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If Class 3 General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd. voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If Class 3 General Unsecured Claims are held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire General Unsecured Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline, unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you (a) vote to accept the Plan or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before July 31, 2023. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

16. If no votes in respect of Class 3 General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd. to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 3 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.        Amount of General Unsecured Claims.**

The undersigned hereby certifies that as of July 5, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd. in the following aggregate principal amount:

Coins/USD_____

**Item 2.        Vote of Class 3 General Unsecured Claims.**

The undersigned Holder of the Class 3 General Unsecured Claims set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❑ | ❑ |

**Item 3.        Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a) ***Releases by the Debtors.*** **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, their Estates, Reorganized GGH (if a Standalone Reorganization occurs), and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.E do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.E shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.E shall, nor shall it be deemed to, release any claims or Causes of Action against any of the Other Genesis Entities; and (iv) nothing in Article VIII.E shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)     *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases and discharges each Debtor, Estate, Wind-Down Debtor, Reorganized GGH (if a Standalone Reorganization occurs), and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any

Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if applicable) on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.F do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.F shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.F shall, nor shall it be deemed to, release any claims or Causes of Action by the Debtors, the Wind-Down Debtors, or Reorganized GGH (as applicable) against any of the Other Genesis Entities, and (iv) nothing in Article VIII.F shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by Holders of Claims and Interests set forth in Article VIII.F, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

**Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the MIP, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. For the avoidance of doubt, nothing in Article VIII.G shall, nor shall it be deemed to, provide any exculpation or release to any of the DCG Parties.**

Article VIII of the Plan provides for an injunction (the "Injunction"):

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to Article VIII.E or Article VIII.F of the Plan (including any Discharged Deficiency GUC Claim), discharged pursuant to Article VIII.B of the Plan, or are subject to exculpation pursuant to Article VIII.G of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), the Released Parties, or the**

**Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released pursuant to this Plan, including the Causes of Action discharged, released or exculpated in this Plan.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Other Genesis Entities, (iii) the Committee and its members (solely in their capacities as such), (iv) if the Ad Hoc Group RSA has been executed, the members of the Ad Hoc Group SteerCo (solely in their capacities as such), (v) the PA Officer (solely in its capacity as such), and (vi) each Related Party of each Entity described in the foregoing clauses (i)–(v) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties and the former officers and directors of the Debtors as of the Effective Date shall not be Released Parties under the Plan; *provided further* that any of the current officers and directors of the Debtors (solely in its capacity as such) shall be a Released Party only with the written consent of the Special Committee prior to the Effective Date, with the exception of (x) the members of the Special Committee, who shall be Released Parties without the need for such consent, and (y) any current officers and directors of the Debtors as of the Effective Date that are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following solely in its capacity as such: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely ballot to accept the Plan.

**Item 4.        Plan Election.**

As part of the Plan, each Holder of Gemini Lender Claims may receive a Pro Rata share of the Post-Effective Date GGH Interests solely to the extent that (A) such Holder is a Qualified Holder and affirmatively makes the Plan Election and (B) an Oversubscription Event does not occur.  In

order to receive Post-Effective Date GGH Interests, you must affirmatively check the box below to indicate that you are a Qualified Holder (as defined in the Plan) and that you affirmatively make the Plan Election.

The undersigned Holder of Gemini Lender Claims certifies it is a Qualified Holder (as defined under the Plan) and elects to receive a Pro Rata share of the Post-Effective Date GGH Interests:

　　　　　Elects to receive a Pro Rata share of the Post-Effective Date GGH Interests.

The Plan defines "Qualified Holder" to mean a Holder who (i) is entitled to vote on the Plan in respect of its Class 3 General Unsecured Claims against GGH, its Class 3 Other Unsecured Claims against GGC, its Class 4 Gemini Lender Claims against GGC, or its Class 3 General Unsecured Claims against GAP, (ii) provides in its Ballot(s) a certification that such Holder is an "accredited investor" as defined in Regulation D under the Securities Act, and (iii) agrees to the transfer restrictions applicable to the Post-Effective Date GGH Interests, which resale restrictions shall limit the transfer of Post-Effective Date GGH interests to accredited investors and further limit the number of transferees to which the Post-Effective Date GGH Interests may be transferred.

## Item 5.　　　　Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd. in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd.;

6. understands the treatment provided for its General Unsecured Claims against Genesis Global Holdco, LLC or Genesis Asia Pacific Pte. Ltd. under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or

rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the General Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the General Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the General Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to General Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder: _____

(Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____

(Print or Type)

Social Security or Federal Tax I.D. No.: _____

(Optional)

Signature: _____

Name of Signatory: _____

(Print or Type)

Title: _____

(If applicable)

Address: _____

_____

_____

13

Telephone:        (___)_____

Email:            _____

Date Completed:   _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

### VOTING DEADLINE: AUGUST 14, 2023 AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than August 14, 2023 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

### Submitting Your Vote Online through the Online Portal

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

**<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>**

### If by First Class Mail, Overnight Courier or Hand Delivery:

15

> **Genesis Global Holdco, LLC Ballot Processing Center**
> **c/o Kroll Restructuring Administration LLC**
> **850 Third Avenue, Suite 412**
> **Brooklyn, NY 11232**
>
> **To arrange for hand delivery of your Ballot, please email genesiballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 14, 2023.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE).  PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**EXHIBIT 3**

**Form of Class 3 Individual Ballots for Holders of Claims
against Genesis Global Capital, LLC**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### BALLOT FOR VOTING TO ACCEPT OR REJECT THE AMENDED JOINT CHAPTER 11 PLAN OF GENESIS GLOBAL HOLDCO, LLC, *ET AL.*

### CLASS 3: OTHER UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC

---

#### IMPORTANT

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 3 OTHER UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC.**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 14, 2023 (THE "<u>VOTING DEADLINE</u>").  THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 3 (OTHER UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS.  YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM.  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated June 13, 2023 [ECF No. 427] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated June 13, 2023 (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy

---

[2]    *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of July 5, 2023 (the "Voting Record Date"), you are a Holder of Other Unsecured Claims against Genesis Global Capital, LLC.  Holders of Other Unsecured Claims against Genesis Global Capital LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is Exhibit A to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 3 – Other Unsecured Claims against Genesis Global Capital, LLC.  Holders of Allowed Class 3 Claims will receive Class 3 Treatment under the Plan.***

## <u>VOTING INSTRUCTIONS</u>

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 3 (Other Unsecured Claims against Genesis Global Capital, LLC) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted it must be <u>**actually received**</u> by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 5 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be <u>**actually received**</u> by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is August 14, 2023 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If Class 3 Other Unsecured Claims against Genesis Global Capital, LLC voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If Class 3 Other Unsecured Claims are held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire Other Unsecured Claim either to accept or reject the Plan and <u>**may not split your vote**</u>. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline, unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have <u>conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan)</u> if you (a) vote to accept the Plan or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018 Motion</u>") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before July 31, 2023. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

16. If no votes in respect of Class 3 Other Unsecured Claims against Genesis Global Capital, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such

a presumption with respect to Class 3 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**          **Amount of Other Unsecured Claims.**

The undersigned hereby certifies that as of July 5, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Other Unsecured Claims against Genesis Global Capital, LLC in the following aggregate principal amount:

Coins/USD_____

**Item 2.**          **Vote of Class 3 Other Unsecured Claims.**

The undersigned Holder of the Class 3 Other Unsecured Claims in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> **(vote for) the Plan** | <u>REJECT</u> **(vote against) the Plan** |
|:---:|:---:|
| ❑ | ❑ |

**Item 3.**          **Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

      (a)     ***Releases by the Debtors.***  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, their Estates, Reorganized GGH (if a Standalone Reorganization occurs), and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the**

---

[3]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.E do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.E shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.E shall, nor shall it be deemed to, release any claims or Causes of Action against any of the Other Genesis Entities; and (iv) nothing in Article VIII.E shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)     *Releases by Releasing Parties.* Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases and discharges each Debtor, Estate, Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any

Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if applicable) on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.F do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.F shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.F shall, nor shall it be deemed to, release any claims or Causes of Action by the Debtors, the Wind-Down Debtors, or Reorganized GGH (as applicable) against any of the Other Genesis Entities, and (iv) nothing in Article VIII.F shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by Holders of Claims and Interests set forth in Article VIII.F, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the MIP, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  For the avoidance of doubt, nothing in Article VIII.G shall, nor shall it be deemed to, provide any exculpation or release to any of the DCG Parties.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to Article VIII.E or Article VIII.F of the Plan (including any Discharged Deficiency GUC Claim), discharged pursuant to Article VIII.B of the Plan, or are subject to exculpation pursuant to Article VIII.G of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims

**or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released pursuant to this Plan, including the Causes of Action discharged, released or exculpated in this Plan.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Other Genesis Entities, (iii) the Committee and its members (solely in their capacities as such), (iv) if the Ad Hoc Group RSA has been executed, the members of the Ad Hoc Group SteerCo (solely in their capacities as such), (v) the PA Officer (solely in its capacity as such), and (vi) each Related Party of each Entity described in the foregoing clauses (i)–(v) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties and the former officers and directors of the Debtors as of the Effective Date shall not be Released Parties under the Plan; *provided further* that any of the current officers and directors of the Debtors (solely in its capacity as such) shall be a Released Party only with the written consent of the Special Committee prior to the Effective Date, with the exception of (x) the members of the Special Committee, who shall be Released Parties without the need for such consent, and (y) any current officers and directors of the Debtors as of the Effective Date that are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following solely in its capacity as such: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely ballot to accept the Plan.

**Item 4.        Plan Election.**

As part of the Plan, each Holder of Gemini Lender Claims may receive a Pro Rata share of the Post-Effective Date GGH Interests solely to the extent that (A) such Holder is a Qualified Holder and affirmatively makes the Plan Election and (B) an Oversubscription Event does not occur. In order to receive Post-Effective Date GGH Interests, you must affirmatively check the box below

to indicate that you are a Qualified Holder (as defined in the Plan) and that you affirmatively make the Plan Election.

The undersigned Holder of Gemini Lender Claims certifies it is a Qualified Holder (as defined under the Plan) and elects to receive a Pro Rata share of the Post-Effective Date GGH Interests:

> Elects to receive a Pro Rata share of the Post-Effective Date GGH Interests.

The Plan defines "Qualified Holder" to mean a Holder who (i) is entitled to vote on the Plan in respect of its Class 3 General Unsecured Claims against GGH, its Class 3 Other Unsecured Claims against GGC, its Class 4 Gemini Lender Claims against GGC, or its Class 3 General Unsecured Claims against GAP, (ii) provides in its Ballot(s) a certification that such Holder is an "accredited investor" as defined in Regulation D under the Securities Act, and (iii) agrees to the transfer restrictions applicable to the Post-Effective Date GGH Interests, which resale restrictions shall limit the transfer of Post-Effective Date GGH interests to accredited investors and further limit the number of transferees to which the Post-Effective Date GGH Interests may be transferred.

## Item 5.        Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Other Unsecured Claims against Genesis Global Capital, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Other Unsecured Claims against Genesis Global Capital, LLC;

6. understands the treatment provided for its Other Unsecured Claims against Genesis Global Capital LLC under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or

rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Other Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Other Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Other Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Other Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.          Holder Information and Signature.**

Name of Holder: _____
                                                (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                                (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                                (Optional)

Signature: _____

Name of Signatory: _____
                                                (Print or Type)

Title: _____
                                                (If applicable)

Address: _____

_____

_____

13

Telephone:     (\_\_\_)_____

Email:    _____

Date Completed:    _____

## <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### <u>VOTING DEADLINE: AUGUST 14, 2023 AT 4:00 P.M. (EASTERN TIME)</u>

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than August 14, 2023 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:**

---

### <u>Submitting Your Vote Online through the Online Portal</u>

**The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.**

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>**

---

### <u>If by First Class Mail, Overnight Courier or Hand Delivery:</u>

---

15

> **Genesis Global Holdco, LLC Ballot Processing Center**
> **c/o Kroll Restructuring Administration LLC**
> **850 Third Avenue, Suite 412**
> **Brooklyn, NY 11232**
>
> **To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE _ACTUALLY RECEIVED_ BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 14, 2023.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE).   PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

# EXHIBIT 4

**Form of Class 4 Ballot for Holders of Gemini Lender
Claims against Genesis Global Capital, LLC**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDER OF GEMINI LENDER CLAIM**
**VOTING TO ACCEPT OR REJECT THE AMENDED JOINT**
**CHAPTER 11 PLAN OF GENESIS GLOBAL HOLDCO, LLC, *ET AL.***

**CLASS 4: GEMINI LENDER CLAIMS**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY ALL HOLDERS OF CLASS 4 GEMINI LENDER CLAIMS AS TO GENESIS GLOBAL CAPITAL, LLC.**

- **THIS BALLOT IS ACCOMPANIED WITH INSTRUCTIONS ON HOW TO VOTE ONLINE THROUGH THE E-BALLOTING PORTAL OF THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("KROLL" OR THE "SOLICITATION AGENT").  TO BE COUNTED, THIS BALLOT MUST BE SUBMITTED ELECTRONICALLY VIA KROLL'S E-BALLOTING PORTAL BY 4:00 P.M. (PREVAILING EASTERN TIME) ON AUGUST 14, 2023 (THE "VOTING DEADLINE") AND MUST CONTAIN YOUR UNIQUE ID.**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR GEMINI LENDER CLAIMS THAT YOU HOLD AND MUST VOTE ALL OTHER UNSECURED CLAIMS EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 4 (GEMINI LENDER CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS.  YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM.  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated June 13, 2023 [ECF No. 427] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated June 13, 2023 [ECF No. 429] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under Chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,*

---

[2]      *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of July 5, 2023 (the "Voting Record Date"), you are a Holder of Gemini Lender Claims against Genesis Global Capital, LLC on account of those certain master loan agreement ("Gemini MLA") between Gemini Trust Company, LLC ("Gemini" or "Agent"), Genesis Global Capital, LLC, and the Gemini users (the "Gemini Lenders") pursuant to which Gemini Lenders provided loans of digital assets to Genesis Global Capital, LLC (the "Gemini Earn Program"). On May 22, 2023, Gemini filed a master proof of claim (the "Gemini Master Claim") on your behalf. The amount of your claim is the amount attributable to you in the Gemini Master Claim. Holders of Gemini Lender Claims against Genesis Global Capital, LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement. The Plan is Exhibit A to the Disclosure Statement. The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package"). You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 4 – Gemini Lender Claims against Genesis Global Capital, LLC. Holders of Allowed Class 4 Claims will receive Class 4 Treatment under the Plan.***

## VOTING INSTRUCTIONS

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 4 (Gemini Lender Claims against Genesis Global Capital, LLC) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan only. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted it must be **electronically submitted to Kroll's Gemini Lender Voting Portal** by the Voting Deadline. Vote by (i) completing Item 1 of the Ballot; (ii) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (iii) reviewing the certifications and acknowledgements in Item 5 of the Ballot; and (iv) signing the Ballot. Your Ballot must include your E-Ballot ID, [which has been emailed to you by Gemini] [which is only available by accessing your Gemini account and clicking the [page location details]].

3.  To be included in the tabulation, a Ballot reflecting your vote must be **submitted electronically via the Kroll's Gemini Lender Voting Portal** on or before the Voting Deadline. **The Voting Deadline is August 14, 2023 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise submitting your ballot online as promptly as possible.** If a Ballot is submitted electronically via the Kroll's Gemini Lender Voting Portal after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court.

4.  If multiple Ballots are electronically submitted by a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely submitted will supersede and revoke any previously received Ballot.

5.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6.  This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7.  Please be sure to electronically sign and date your Ballot when submitting your Ballot on Kroll's Gemini Lender Voting Portal. Your Ballot must include your E-Ballot ID. If Class 4 Gemini Lender Claims against Genesis Global Capital, LLC voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If Class 4 Gemini Lender Claims are held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire Gemini Lender Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline, unless the Debtors determine otherwise; (vi) any Ballot submitted by a Holder of Class 4 Gemini Lender Claims via hard copy, hand delivery, or any electronic means other than the Kroll's Gemini Lender Voting Portal; and (vii) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have <u>conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan)</u> if you (a) vote to accept the Plan or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. This Ballot can only be voted in the amount associated with your E-Ballot ID in the Gemini Master Claim. This amount is the "Pending Balance" in reflected in your Gemini account. As stated in the Gemini Bar Date Notice provided to you, any claim against Genesis Global Capital, LLC or any other Debtor that arose prior to the Petition Date for amounts greater than your Gemini Borrowings in the Gemini Earn Program or claims other than for the repayment of Gemini Borrowings under the Gemini Earn Program was **not** included in the Gemini Master Claim.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification, including but not limited to, instances where a Holder of Class 4 Gemini Lender Claims submits a Ballot via hard copy.

16.     If no votes in respect of Class 4 Gemini Lender Claims against Genesis Global Capital, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 4 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.          Amount of Gemini Lender Claims.**

The undersigned hereby certifies that: (i) as of July 5, 2023, the Voting Record Date, the undersigned was the holder of record (or authorized signatory) of the Gemini Lender Claim associated with the E-Ballot ID reflected on this Ballot; (ii) the "Pending Balance" in the undersigned's Gemini account accurately reflects the Gemini Borrowings of the undersigned; and (iii) the Gemini Master Claim, to the extent it reflects such "Pending Balance" with respect to the undersigned is correct with respect to the undersigned's claim.

**Item 2.          Vote of Class 4 Gemini Lender Claims.**

The undersigned Holder of the Class 4 Gemini Lender Claims set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.          Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

<u>**IMPORTANT INFORMATION REGARDING RELEASES:**</u>

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

          (a)     ***Releases by the Debtors*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and**

---

[3]          The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, their Estates, Reorganized GGH (if a Standalone Reorganization occurs), and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.E do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.E shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.E shall, nor shall it be deemed to, release any claims or Causes of Action against any of the Other Genesis Entities; and (iv) nothing in

Article VIII.E shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)    *Releases by Releasing Parties.* Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases and discharges each Debtor, Estate, Wind-Down Debtor, Reorganized GGH (if a Standalone Reorganization occurs), and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements,

9

instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided, however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if applicable) on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.F do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.F shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.F shall, nor shall it be deemed to, release any claims or Causes of Action by the Debtors, the Wind-Down Debtors, or Reorganized GGH (as applicable) against any of the Other Genesis Entities, and (iv) nothing in Article VIII.F shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by Holders of Claims and Interests set forth in Article VIII.F, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction,

contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the MIP, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. For the avoidance of doubt, nothing in Article VIII.G shall, nor shall it be deemed to, provide any exculpation or release to any of the DCG Parties.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to Article VIII.E or Article VIII.F of the Plan (including any Discharged Deficiency GUC Claim), discharged pursuant to Article VIII.B of the Plan, or are subject to exculpation pursuant to Article VIII.G of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant

**to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released pursuant to this Plan, including the Causes of Action discharged, released or exculpated in this Plan.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Other Genesis Entities, (iii) the Committee and its members (solely in their capacities as such), (iv) if the Ad Hoc Group RSA has been executed, the members of the Ad Hoc Group SteerCo (solely in their capacities as such), (v) the PA Officer (solely in its capacity as such), and (vi) each Related Party of each Entity described in the foregoing clauses (i)–(v) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties and the former officers and directors of the Debtors as of the Effective Date shall not be Released Parties under the Plan; *provided further* that any of the current officers and directors of the Debtors (solely in its capacity as such) shall be a Released Party only with the written consent of the Special Committee prior to the Effective Date, with the exception of (x) the members of the Special Committee, who shall be Released Parties without the need for such consent, and (y) any current officers and directors of the Debtors as of the Effective Date that are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following solely in its capacity as such: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely ballot to accept the Plan.

**Item 4.       Plan Election.**

As part of the Plan, each Holder of Gemini Lender Claims may receive a Pro Rata share of the Post-Effective Date GGH Interests solely to the extent that (A) such Holder is a Qualified Holder and affirmatively makes the Plan Election and (B) an Oversubscription Event does not occur. In order to receive Post-Effective Date GGH Interests, you must affirmatively check the box below to indicate that you are a Qualified Holder (as defined in the Plan) and that you affirmatively make the Plan Election.

The undersigned Holder of Gemini Lender Claims certifies it is a Qualified Holder (as defined under the Plan) and elects to receive a Pro Rata share of the Post-Effective Date GGH Interests:

Elects to receive a Pro Rata share of the Post-Effective Date GGH Interests.

The Plan defines "Qualified Holder" to mean a Holder who (i) is entitled to vote on the Plan in respect of its Class 3 General Unsecured Claims against GGH, its Class 3 Other Unsecured Claims against GGC, its Class 4 Gemini Lender Claims against GGC, or its Class 3 General Unsecured Claims against GAP, (ii) provides in its Ballot(s) a certification that such Holder is an "accredited

investor" as defined in Regulation D under the Securities Act, and (iii) agrees to the transfer restrictions applicable to the Post-Effective Date GGH Interests, which resale restrictions shall limit the transfer of Post-Effective Date GGH interests to accredited investors and further limit the number of transferees to which the Post-Effective Date GGH Interests may be transferred.

**Item 5.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1.      was the Holder (or authorized signatory) of Gemini Lender Claims against Genesis Global Capital, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2.      has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3.      has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4.      if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5.      has cast the same vote with respect to all of the Holder's Gemini Lender Claims against Genesis Global Capital, LLC;

6.      understands the treatment provided for its Gemini Lender Claims against Genesis Global Capital, LLC under the Plan;

7.      understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8.      acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9.      as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Gemini Lender Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Gemini Lender Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10.     has full and complete authority to execute and submit this Ballot;

11.     understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal

representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned;

12.     understands and acknowledges that only the latest-received properly completed Ballot cast and submitted electronically through Kroll's Gemini Lender Voting Portal prior to the Voting Deadline with respect to the Gemini Lender Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Gemini Lender Claims set forth in Item 1, such other Ballot shall be deemed revoked; and

13.     understands and acknowledges that the Solicitation Agent may verify the amount of Gemini Lender Claims against Genesis Global Capital, LLC held as of the Voting Record Date with Gemini and that by returning an executed Ballot, the Holder directs Gemini to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof.  In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of Gemini, if applicable, or the Debtors' records shall control.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.  Holder Information and Signature.  Unless otherwise noted, all fields in this Item 5 must be completed.**

E-Ballot ID:   _____
                              (Print or Type)

Signature:   _____

Date Completed:   _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: AUGUST 14, 2023 AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than August 14, 2023 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

### Submitting Your Vote Online through the Gemini Lender Voting Portal

The Solicitation Agent will only accept properly completed Ballots from Class 4 Gemini Lenders online through the Gemini Lender Voting Portal.  To submit your customized electronic Ballot via the Gemini Lender Voting Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Gemini Lender Voting Portal" section of the website.  Follow the instructions to submit your customized electronic Ballot.

IMPORTANT NOTE: Your Ballot must include your E-Ballot ID.  Your E-Ballot ID [was emailed to you by Gemini] [is available on your Gemini account [page location]].

Kroll's Gemini Lender Voting Portal is the sole manner in which Ballots will be accepted for Class 4 Gemini Lenders.  Ballots submitted via any other means from Class 4 Gemini Lenders, including but not limited to, hard copy, hand delivery, facsimile, email, or other means of transmission will not be counted.

Each E-Ballot E-Ballot ID is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot E-Ballot ID you receive, as applicable.  Your E-Ballot ID [was emailed to you by Gemini] [is available on your Gemini account [page location]].

If your Ballot is not electronically submitted on Kroll's Gemini Lender Voting Portal on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE VOTING PROCEDURES, OR VOTING INSTRUCTIONS RECEIVED FROM GEMINI, PLEASE CONTACT GEMINI OR KROLL.  IF YOU HAVE GENERAL QUESTIONS ABOUT THE PLAN VOTE PROCESS, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD**

**AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## **EXHIBIT 5**

**Form of Notice of Non-Voting Status to Holders of
Unimpaired Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF**
**UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

      **PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated June 13, 2023 [ECF No. 429] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated June 13, 2023 [ECF No. 427] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Plan"). Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

      **PLEASE TAKE FURTHER NOTICE THAT** because of the treatment of your Claim under the Plan, **you are not entitled to vote on the Plan on account of such Claim**. As a holder of a Claim that is not Impaired under the terms of the Plan, you are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and therefore are not entitled to vote on the Plan. If you believe you are entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before July 31, 2023. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

      **PLEASE TAKE FURTHER NOTICE THAT** if you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a class of Claims

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

entitled to vote) you will also receive a Ballot via a separate mailing from the Solicitation Agent. In such an instance, the Debtors encourage you to follow the instructions in the Ballot.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **August 24, 2023 at 11:00 A.M., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **August 17, 2023 at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)     counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq.

**PLEASE TAKE FURTHER NOTICE** that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing. If the Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, the Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors'

case website at https://restructuring.ra.kroll.com/genesis (the "Case Website"), (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally. You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release, exculpation, and injunction provisions. You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you (a) vote to accept the Plan or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, their Estates, Reorganized GGH (if a Standalone Reorganization occurs), and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or**

contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.E do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.E shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.E shall, nor shall it be deemed to, release any claims or Causes of Action against any of the Other Genesis Entities; and (iv) nothing in Article VIII.E shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases and discharges each Debtor, Estate, Wind-Down Debtor, Reorganized GGH (if a Standalone Reorganization occurs), and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including

any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if applicable) on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.F do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.F shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.F shall, nor shall it be deemed to, release any claims or Causes of Action by the Debtors, the Wind-Down Debtors, or Reorganized GGH (as applicable) against any of the Other Genesis Entities, and (iv) nothing in Article VIII.F shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by Holders of Claims and Interests set forth in Article VIII.F, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the MIP, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.   For the avoidance of doubt, nothing in

Article VIII.G shall, nor shall it be deemed to, provide any exculpation or release to any of the DCG Parties.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to Article VIII.E or Article VIII.F of the Plan (including any Discharged Deficiency GUC Claim), discharged pursuant to Article VIII.B of the Plan, or are subject to exculpation pursuant to Article VIII.G of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released pursuant to this Plan, including the Causes of Action discharged, released or exculpated in this Plan.

Dated:  June 28, 2023
        New York, New York

/s/ Sean A. O'Neal

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

## **EXHIBIT 6**

**Form of Notice of Non-Voting Status to Holders of
Disputed Claims**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

      **PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated June 13, 2023 [ECF No. 429] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated June 13, 2023 [ECF No. 427] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Plan").  Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

      **PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the holder of a Claim that is subject to a pending objection.  **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is seven (7) business days before the Voting Deadline or a later deadline otherwise established by the Court (each, a "Resolution Event"):**

    1.      an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    2.      an order of the Court is entered temporarily allowing such claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    3.      a stipulation or other agreement is executed between you and the Debtors temporarily allowing you to vote your Claim in an agreed upon amount; or

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

4.       the pending objection to such Claim is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** if you believe you are entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before July 31, 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two (2) business days thereafter, the Solicitation Agent (as defined below) shall distribute a ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Solicitation Agent no later than the Voting Deadline, which is on **August 14, 2023 at 4:00 P.M. (prevailing Eastern time)** or such later date as may be expressly authorized by an order of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a Class of Claims entitled to vote) you will also receive a Ballot via a separate mailing from the Solicitation Agent. In such an instance, the Debtors encourage you to follow the instructions in the Ballot.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **August 24, 2023 at 11:00 A.M., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **August 17, 2023 at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

(b)    the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)    counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq.

**PLEASE TAKE FURTHER NOTICE** that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing. If the Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, the Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website"), (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally. You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release, exculpation, and injunction provisions. You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged by the Debtors, their Estates, Reorganized GGH (if a Standalone Reorganization occurs), and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or**

3

derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.E do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.E shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.E shall, nor shall it be deemed to, release any claims or Causes of Action against any of the Other Genesis Entities; and (iv) nothing in Article VIII.E shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained

herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases and discharges each Debtor, Estate, Wind-Down Debtor, Reorganized GGH (if a Standalone Reorganization occurs), and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of

any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors, the Wind-Down Debtors, or Reorganized GGH (if applicable) on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth in Article VIII.F do not release any post-Effective Date obligations of any party or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.F shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.F shall, nor shall it be deemed to, release any claims or Causes of Action by the Debtors, the Wind-Down Debtors, or Reorganized GGH (as applicable) against any of the Other Genesis Entities, and (iv) nothing in Article VIII.F shall, nor shall it be deemed to, release any Retained Causes of Action or any claims or Causes of Action against the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by Holders of Claims and Interests set forth in Article VIII.F, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the MIP, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the MIP, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing

of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.   For the avoidance of doubt, nothing in Article VIII.G shall, nor shall it be deemed to, provide any exculpation or release to any of the DCG Parties.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to Article VIII.E or Article VIII.F of the Plan (including any Discharged Deficiency GUC Claim), discharged pursuant to Article VIII.B of the Plan, or are subject to exculpation pursuant to Article VIII.G of the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), the Released Parties, or the Exculpated Parties: (a) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (c) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (d) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to

7

the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released pursuant to this Plan, including the Causes of Action discharged, released or exculpated in this Plan.

Dated:  6/28/2023                          */s/ Sean A. O'Neal*
        New York, New York                 Sean A. O'Neal
                                           Luke A. Barefoot
                                           Jane VanLare
                                           CLEARY GOTTLIEB STEEN &
                                           HAMILTON LLP
                                           One Liberty Plaza
                                           New York, New York 10006
                                           Telephone: (212) 225-2000
                                           Facsimile: (212) 225-3999

                                           *Counsel to the Debtors*
                                           *and Debtors-in-Possession*

**<u>EXHIBIT 7</u>**

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF AMENDED CHAPTER 11 PLAN FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On [[●]], the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[●]] (the "Order"): (i) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan*, dated June 13, 2023  [ECF No. 427 as it may be amended, altered, modified, revised, or supplemented from time to time, (the "Plan"); (ii) approving the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated June 13, 2023 [ECF No. 429] (including all exhibits attached thereto, and as may be amended, altered, modified, revised, or supplemented from time to time) (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the Solicitation Packages; and (iv) approving

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

2.      The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence via Zoom on **August 24, 2023 at 11:00 A.M. prevailing Eastern Time**, before the Honorable Sean H. Lane, United States Bankruptcy Court for the Southern District of New York. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by agenda filed with the Court, and/or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

3.      The Plan may be modified, if necessary, before, during or as a result of the Confirmation Hearing without further notice to interested parties.

4.      The deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is **August 17, 2023 at 4:00 P.M. prevailing Eastern Time** (the "Objection Deadline").  Any objection to the Plan must (a) be in writing; (b) be in English; (c) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, and the Order Implementing Certain Notice and Case Management Procedures (ECF No. 44) (the "Case Management Order"); (d) state with particularity the basis and nature of any objection to the Plan; (e) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system and in accordance with the Bankruptcy Court's General Order M-399 (which is available at http://www.nysb.uscourts.gov); and (f) be served so as to be actually

received by the Objection Deadline (or supplemental deadline, if applicable), by: (i) the

Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Court for the

Southern District of New York, 300 Quarropas Street, White Plains, NY 10601; (ii) counsel to

the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York

10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the

Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S.

Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York,

NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured

Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606,

Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020,

Attn: Philip Abelson, Esq.; and (v) any parties that have appeared and requested notice pursuant

to the Bankruptcy Rules.

5.      If any objection to confirmation of the Plan is not filed and served as prescribed

herein, the objecting party may be barred from objecting to confirmation of the Plan and may not

be heard at the Confirmation Hearing.

6.      Pursuant to the Order, the Court approved the use of certain materials in the

solicitation of votes to accept or reject the Plan and certain procedures for the tabulation of votes

to accept or reject the plan.  If you are a Holder of a Claim against the Debtors as of **July 5, 2023**

(the "Voting Record Date"), and entitled to vote, you have received with this Notice, a ballot

form ("Ballot") and instructions for completing the Ballot.

7.      The deadline for voting on the Plan is on **August 14, 2023 at 4:00 P.M.**

**prevailing Eastern time** (the "Voting Deadline").  If you received a Solicitation Package,

including a Ballot and intend to vote on the Plan, you **must** (a) follow the Ballot instructions

3

carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return

your completed Ballot according to and as set forth in detail in the voting instructions so that it is

**actually received** by Kroll Restructuring Administration LLC (the "Solicitation Agent" or

"Kroll") on or before the Voting Deadline. **A failure to follow such instructions may**

**disqualify your vote.**

8.      If a controversy arises regarding whether any claim is properly classified under

the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy

at the Confirmation Hearing.  If the Bankruptcy Court finds that the classification of any Claim

is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of

such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class

in which the Bankruptcy Court determines such Claim should have been classified, without the

necessity of resoliciting any votes on the Plan.

9.      The Debtors will file the Plan Supplement (as defined in the Plan) on or before

**August 9, 2023**, and will serve notice on all the Holders of Claims entitled to vote on the Plan,

which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information

contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan

Supplement.

10.     Additional copies of the Plan, Disclosure Statement, or any other solicitation

materials (except for Ballots) are available free of charge by visiting the Kroll website at

https://restructuring.ra.kroll.com/genesis.  You may also obtain copies of any pleadings by

visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth

therein.  Please be advised that the Solicitation Agent is authorized to answer questions about,

and provide additional copies, of solicitation materials, but may **not** advise you of your legal rights under the Plan or as to whether you should vote to accept or reject the Plan.

11.     Holders of Unimpaired Claims and Disputed Claims are not entitled to vote on the Plan, and therefore, will receive a Notice of Non-Voting Status rather than a Ballot; provided, that, Holders of Voting Disputed Claims (as defined in the Solicitation and Voting Procedures) shall receive a Ballot as set forth in such procedures.  If you have not received a Ballot (or you have received a Ballot listing an amount you believe to be incorrect) or if the Solicitation and Voting Procedures otherwise state that you are not entitled to vote on the Plan, but you believe that you should be entitled to vote on the Plan (or vote an amount different than the amount listed on your Ballot), then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before July 31, 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

12.     If confirmed, the Plan shall bind all Holders of Claims and Holders of Interests to the maximum extent permitted by applicable law, whether or not such holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these Chapter 11 cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.

Dated:  June 28, 2023
       New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT 8**

**Assumption Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE
ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF
ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH**

      **PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy
Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the
"Order") approving the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis
Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated June 13, 2023 [ECF
No. 429] (as may be amended, altered, modified, revised, or supplemented from time to time, the
"Disclosure Statement") filed by the above-captioned debtors and debtors in possession
(collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter
11 of title 11 of the United States Code (the "Bankruptcy Code").  The Order also authorized the
Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated
June 13, 2023 [ECF No. 427] (as may be amended, altered, modified, revised, or supplemented
from time to time, the "Plan").  Capitalized terms used, but not otherwise defined herein, have the
meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

      **PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice
because the Debtors' records reflect that you are a party to an Executory Contract or
Unexpired Lease that will be assumed pursuant to the Plan.  Therefore, you are advised to
review carefully the information contained in this Notice and the related provisions of the
Plan.**

      **PLEASE TAKE FURTHER NOTICE THAT** the Debtors have conducted a
thorough review of their books and records and have determined the amounts required to cure
defaults, if any, pursuant to section 365(b)(1) of the Bankruptcy Code (the "Cure Amount").  The
Cure Amounts are listed on Exhibit [[●]] and Exhibit [[●]] to the Plan Supplement.  If no amount
is stated for a particular Executory Contract or Unexpired Lease, the proposed Cure Amount for
your executory contract or unexpired lease is Zero Dollars ($0).

      **PLEASE TAKE FURTHER NOTICE THAT** Article V of the Plan provides that
as on the Effective Date, all executory contracts and unexpired leases of the Debtors that are not

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and
Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors
is 250 Park Avenue South, 5th Floor, New York, NY 10003.

expressly assumed will be deemed rejected in accordance with and subject to the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such executory contracts and unexpired leases are (i) identified on Exhibit [[●]] to the Plan Supplement as a Rejected Contract or Exhibit [[●]] to the Plan Supplement as an Assigned Contract and not removed from such exhibit prior to the Effective Date, (ii) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court, (iii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iv) is the subject of a motion to reject filed by the Debtors on or before the Confirmation Date, or (v) is the subject of a motion to which requests that the effective date of such rejection is after the Effective Date.  The Debtors reserve the right to seek, following entry of the Confirmation Order, rejection of an executory contract or unexpired lease that was deemed accepted.  The amendment of an executory contract or unexpired lease after the Petition Date shall not, by itself, constitute the assumption of such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE THAT** the assumption of executory contracts and unexpired leases in the Plan may include the assignment of certain of such contracts to Affiliates.  Each Assigned Contract shall be listed on Exhibit [[●]] to the Plan Supplement, along with the proposed counterparty to such Assigned Contract.[2]

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **August 24, 2023, at 11:00 a.m., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by agenda filed with the Court, and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** all parties filing responses and any objecting parties are required to attend the Confirmation Hearing in accordance with the Bankruptcy Court's General Order M–543 and failure to attend may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE THAT** except as provided below regarding amendments to Exhibit [[●]], Exhibit [[●]] and Exhibit [[●]] to the Plan, the deadline for filing responses or objections, if any, to the (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment, or (iv) any Cure Amount related to any contracts or leases to be assumed or assumed and assigned under the Plan (each a "Treatment Objection") is **August 17, 2023, at 4:00 p.m. prevailing Eastern Time** (the "Confirmation Objection Deadline").  Any Treatment Objection must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

---

[2]    Neither the exclusion nor inclusion of any contract or lease in Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease or that the Reorganized Debtors have any liability thereunder.

Southern District of New York, and any orders of the Court; (d) state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline:

(a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

(b)    the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.;

(c)    counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq.; and

(d)    any non-Debtor parties to such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE THAT** if any Treatment Objection is not timely filed and served before the Confirmation Objection Deadline, each counterparty to an assumed, assumed and assigned, or rejected executory contract or unexpired lease, whether entered before or after the Petition Date, **shall be forever barred** from (i) objecting to the rejection, assumption, assignment, rejection damages amount, and/or Cure Amount provided under the Plan, and shall be precluded from being heard at the Confirmation Hearing with respect to such objection; (ii) asserting against any Reorganized Debtor, its Affiliates, successors or assigns or the property of any of them, any default existing as of the Effective Date or any counterclaim, defense, setoff or any other interest asserted or assertable against the Debtors; and (iii)    imposing    or charging against any Reorganized Debtor any accelerations, assignment fees, increases or any other fees as a result of any assumption or, assumption and assignment or rejection pursuant to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if the Debtors, in their discretion, determine that the amount asserted to be the necessary "cure" amount would, if ordered by the Bankruptcy Court, make the assumption and/or assignment of the executory contract or unexpired lease imprudent, then the Debtors may elect to (i) reject the relevant executory contract or unexpired lease or (ii) request an expedited hearing on the resolution of the "cure" dispute, exclude assumption or rejection of the contract or lease from the scope of the Confirmation Order, and retain the right to reject the executory contract or unexpired lease pending the outcome of such dispute.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors reserve their right, on or before **4:00 p.m. (prevailing Eastern Time)** on the Business Day immediately before the Confirmation Hearing, as may be rescheduled or continued, to (i) amend Exhibit [[●]], Exhibit [[●]] and Exhibit [[●]] to the Plan to delete or add any unexpired lease or executory contract. The counterparty to any executory contracts or unexpired leases first listed on or removed from Exhibit

[[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan, as applicable, on or before the date that is five (5) calendar days before the Confirmation Hearing, shall have five (5) calendar days from the date of such amended Exhibit to file a Treatment Objection.  The counterparty to any executory contract or unexpired lease first listed on or removed from Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan, as applicable, later than the date that is five (5) calendar days before the Confirmation Hearing, shall have until the Confirmation Hearing to file a Treatment Objection.  The counterparty to any executory contracts or unexpired leases first listed on or removed from Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan, as applicable, on or after the date of the Confirmation Hearing, shall have ten (10) calendar days from the service of such amended Exhibit to file a Treatment Objection.

**PLEASE TAKE FURTHER NOTICE THAT** to the extent any provision in any executory contracts and unexpired leases assumed or assigned pursuant to the Plan (including, without limitation, any "change of control" provision) conditions, restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the applicable assumption or assignment of such executory contract or unexpired lease, or that terminates or modifies such executory contract or unexpired lease or allows the counterparty to such executory contract or lease to terminate, modify, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon any such assumption or assignment, then such provision shall be deemed void and of no force or effect such that the transactions contemplated by the Plan shall not entitle the non-debtor party thereto to terminate or modify such executory contract or unexpired lease or to exercise any other default-related rights with respect thereto.  Confirmation of the Plan and consummation of the transactions contemplated thereby shall not constitute a change of control under any executory contract or unexpired lease assumed by the Debtors on or prior to the Effective Date.

**PLEASE TAKE FURTHER NOTICE THAT** upon the assignment of any Assigned Contract, no default shall exist thereunder and no counterparty to any such Assigned Contract shall be permitted to declare a default by the Debtors or the Reorganized Debtors thereunder or otherwise take action against the Reorganized Debtors, their Affiliates, successors or assigns or the property of any of them as a result of any of the Restructuring Transactions, or any Debtor's financial condition, bankruptcy or failure to perform any of its obligations under such Assigned Contract prior to the Effective Date.  Any provision in any Assigned Contract that is assigned under the Plan which prohibits or conditions the assignment or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect.

**PLEASE TAKE FURTHER NOTICE THAT** your status as a counterparty to an executory contract or an unexpired lease does not, without more, entitle you to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New

York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

   **Article VIII of the Plan contains Releases, Exculpations and Injunctions. Pursuant to the Plan, certain parties are releasing the Released Parties, which include certain third parties, from certain Claims and Causes of Action.  Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

   **This notice is being sent to you for informational purposes only.  If you have any questions about this notice, you should contact the Solicitation Agent in accordance with the instructions provided above.  Please note that the Solicitation Agent cannot give you legal advice or advise you on how the Plan affects you or what actions you should take with respect to the Plan. Any questions regarding those matters should be referred to your own counsel.**

   [*Remainder of page intentionally left blank.*]

Dated:  June 28, 2023
        New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT 9**

**Rejection Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE REGARDING EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO AMENDED
## CHAPTER 11 PLAN

   **PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated June 13, 2023 (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Disclosure Statement") [ECF NO. 429] filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated June 13, 2023 (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Plan") [ECF No. 427]. Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

   **PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease that will be rejected pursuant to the Plan.  Therefore, you are advised to review carefully the information contained in this Notice and the related provisions of the Plan**.

   **PLEASE TAKE FURTHER NOTICE THAT** Article V of the Plan provides that as on the Effective Date, all executory contracts and unexpired leases of the Debtors that are not expressly assumed will be deemed automatically rejected in accordance with and subject to the provisions and requirements of sections 365 and 1123 of the Bankruptcy Code without the need for any further notice to or action, order or approval of the Bankruptcy Court, unless such executory contracts and unexpired leases are (i) identified on Exhibit [[●]] to the Plan Supplement as Rejected Contracts or Exhibit [[●]] to the Plan Supplement as Assigned Contracts and not

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

removed from such exhibit prior to the Effective Date, (ii) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court, (iii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto, (iv) is the subject of a motion to reject filed by the Debtors on or before the Confirmation Date, or (iii) is the subject of a motion to reject pursuant to which the requested effective date of such rejection is after the Effective Date. The Debtors reserve the right to seek, following entry of the Confirmation Order, rejection of an executory contract or unexpired lease that was deemed accepted. The amendment of an executory contract or unexpired lease after the Petition Date shall not, by itself, constitute the assumption of such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE THAT** unless otherwise provided for in the Plan or in the Plan Supplement, the rejection damages for each Rejected Contract shall be zero. In the event that the rejection of an executory contract or unexpired lease in the Plan results in damages to the other party or parties to such contract or lease, any Claim for such damages shall be classified and treated as a General Unsecured Claim. Such Claim shall be forever barred and unenforceable against any Debtor or Reorganized Debtor, their respective Affiliates, successors or assigns or the property of any of them, unless a proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtors by the later of (i) the date of entry of an order of the Bankruptcy Court approving such rejection, (ii) entry of the Confirmation Order, and (iii) the effective date of the rejection of such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE THAT** each Rejected Contract shall be rejected only to the extent that it constitutes an executory contract or unexpired lease.[2]

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **August 24, 2023, at 11:00 a.m., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** all parties filing responses and any objecting parties are required to attend the Hearing in accordance with the Bankruptcy Court's General Order M–543 and failure to attend may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE THAT** except as provided below regarding amendments to Exhibit [[●]], Exhibit [[●]] and Exhibit [[●]] to the Plan Supplement, the deadline for filing responses or objections, if any, to the (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment, or (iv) any Cure Amount related to any contracts or leases to be assumed or assumed and assigned under the Plan (each a

---

[2]       Neither the exclusion nor inclusion of any contract or lease in Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan Supplement, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease or that the Reorganized Debtors have any liability thereunder.

"Treatment Objection") is **August 17, 2023 at 4:00 p.m., prevailing Eastern Time** (the "Confirmation Objection Deadline").   Any Treatment Objection must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline:

       (a)     counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

       (b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.;

       (c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq.; and

       (d)     any non-Debtor parties to such executory contract or unexpired lease.

       **PLEASE TAKE FURTHER NOTICE THAT** if any Treatment Objection is not timely filed and served before the Confirmation Objection Deadline, each counterparty to an assumed, assumed and assigned, or rejected executory contract or unexpired lease, whether entered before or after the Petition Date, **shall be forever barred** from (i) objecting to the rejection, assumption, assignment, rejection damages amount, and/or Cure Amount provided under the Plan, and shall be precluded from being heard at the Confirmation Hearing with  respect to such objection; (ii) asserting against any Reorganized Debtor, its Affiliates, successors or assigns or the property of any of them, any default existing as of the Effective Date or any counterclaim, defense, setoff or any other interest asserted or assertable against the Debtors; and (iii) imposing or charging against any Reorganized Debtor any accelerations, assignment fees, increases or any other fees as a result of any assumption or, assumption and assignment or rejection pursuant to the Plan.

       **PLEASE TAKE FURTHER NOTICE THAT** if the Debtors, in their discretion, determine that the amount asserted to be the necessary rejection damages amount would, if ordered by the Bankruptcy Court, make the rejection of the executory contract or unexpired lease imprudent, then the Debtors may elect to (i) assume the relevant executory contract or unexpired lease, (ii) assume and assign the relevant executory contract or unexpired lease, or (iii) request an expedited hearing on the resolution of the rejection damages dispute, exclude assumption or rejection of the contract or lease from the scope of the Confirmation Order, and retain the right to assume or assume and assign the executory contract or unexpired lease pending the outcome of such dispute.

       **PLEASE TAKE FURTHER NOTICE THAT** the Debtors reserve their right, on or before **4:00 p.m. (prevailing Eastern Time)** on the Business Day immediately before the

Confirmation Hearing, as may be rescheduled or continued, to (i) amend Exhibit [[●]], Exhibit [[●]] and Exhibit [[●]] to the Plan Supplement to delete or add any unexpired lease or executory contract. The counterparty to any executory contracts or unexpired leases first listed on or removed from Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan, as applicable, on or before the date that is five (5) calendar days before the Confirmation Hearing, shall have five (5) calendar days from the date of such amended Exhibit to file a Treatment Objection. The counterparty to any executory contract or unexpired lease first listed on or removed from Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan, as applicable, later than the date that is five (5) calendar days before the Confirmation Hearing, shall have until the Confirmation Hearing to file a Treatment Objection. The counterparty to any executory contracts or unexpired leases first listed on or removed from in Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan, as applicable, on or after the date of the Confirmation Hearing, shall have ten (10) calendar days from the service of such amended Exhibit to file a Treatment Objection.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally. You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**Article VIII of the Plan contains Releases, Exculpations and Injunctions. Pursuant to the Plan, certain parties are releasing the Released Parties, which include certain third parties, from certain Claims and Causes of Action. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This notice is being sent to you for informational purposes only. If you have any questions about this notice, you should contact the Solicitation Agent in accordance with the instructions provided above. Please note that the Solicitation Agent cannot give you legal advice or advise you on how the Plan affects you or what actions you should take with respect to the Plan. Any questions regarding those matters should be referred to your own counsel.**

*[Remainder of page intentionally left blank.]*

Dated:  June 28, 2023
   New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**EXHIBIT 10**

**Notice of Plan
Supplement**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for

the Southern District of New York (the "Court") entered an order [ECF No. [●]] (the "Order"): (i)

authorizing the above-captors debtors and debtors in possession (collectively, the "Debtors") to

solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan* [ECF No. [427] (the "Plan"); (ii)

approving the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global

Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code* [ECF No. [429] (the "Disclosure

Statement") as containing "adequate information" pursuant to section 1125 of title 11 of the United

States Code (the "Bankruptcy Code"); (iii) approving the solicitation materials and documents to

be included in the solicitation packages; and (iv) approving procedures for soliciting, receiving,

and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the

Order, on [[August 9 , 2023]], the Debtors filed the Plan Supplement[2] with the Court.  The Plan

Supplement may include, among other things, the following materials: (a) the Amended and

Restated Certificate of Incorporation and By-Laws of Reorganized Debtors; (b) the List of Officers

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

and Directors of Reorganized Debtors; (c) the Executory Contracts and Unexpired Leases Rejected by the Debtors; (d) Executory Contracts and Unexpired Leases Assumed by the Debtors; (e) Executory Contracts and Unexpired Leases Assumed and Assigned by the Debtors; (f) the Disputed Claims and Amount Reserved for Disputed Claims; (g) Preserved Causes of Action; and (h) any other documents, instruments, or agreements necessary or appropriate to implement the Plan and the transactions contemplated thereby.

PLEASE TAKE FURTHER NOTICE THAT the Debtors will have the right to amend, supplement, or modify the Plan Supplement through the Effective Date in accordance with the Plan, the Bankruptcy Code and the Bankruptcy Rules.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **August 24, 2023 at 11:00 a.m., prevailing Eastern Time**, via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.   The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by agenda filed with the Court, and/or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is **August 17, 2023 at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").  Any objection to the Plan must be (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the

Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"); (c) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system; and (d) be served so as to be actually received by the Objection Deadline, by: (i) the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq.; and (v) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE THAT** if a controversy arises regarding whether any claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing. If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** additional copies of the Plan, Disclosure Statement, the Plan Supplement or any other solicitation materials (except for Ballots) are available free of charge by visiting the Kroll Restructuring Administration website at https://restructuring.ra.kroll.com/genesis. You may also obtain copies of any pleadings by visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  June 28, 2023
    New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT 11**

**Publication
Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING TO CONSIDER**
**CONFIRMATION OF THE AMENDED JOINT PLAN**
**FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On [●] 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No. [●]] (the "Order"): (i) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan* [ECF No. 427] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan"); (ii) approving the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code* [ECF No. 429] (as may be amended, altered, modified, revised, or supplemented from time to time) (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the solicitation packages; and (iv) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

2.      The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **August 24, 2023 at 11:00 A.M. prevailing Eastern Time**, via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court, and served on all parties entitled to notice.

3.      The deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is **August 17, 2023 at 4:00 P.M. prevailing Eastern Time** (the "Objection Deadline").   Any objection to the Plan must (a) be in writing; (b) be in English; (c) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"); (d) state with particularity the basis and nature of any objection to the Plan; (e) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system; and (f) be served so as to be actually received by the Objection Deadline, by: (i) the Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq.; and (v) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules.

4.      Pursuant to the Order, the Court approved the use of certain materials in the solicitation of votes to accept or reject the Plan and certain procedures for the tabulation of votes to accept or reject the Plan. If you are a holder of a Claim against the Debtors as of July 5, 2023 (the "Voting Record Date") or such other date established by the Order, and entitled to vote, you should receive a ballot form ("Ballot") and instructions for completing the Ballot.

5.      The deadline for voting to accept or reject the Plan is **August 14, 2023 at 4:00 p.m. Prevailing Eastern Time** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan, you **must** (a) follow the Ballot instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by Kroll Restructuring Administration LLC (the "Solicitation Agent" or "Kroll") on or before the Voting Deadline. **A failure to follow such instructions** may disqualify your vote.

6.      If a controversy arises regarding whether any claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing. If the Bankruptcy Court finds that the classification of any Claim is

improper, then such Claim shall be reclassified and the Ballot previously cast by the Holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

7.    The Debtors will file the Plan Supplement (as defined in the Plan) on or before **August 9, 2023**, and will serve notice on all the Holders of Claims, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

8.    If confirmed, the Plan shall bind all Holders of Claims and Holders of Equity Interests to the maximum extent permitted by applicable law, whether or not such holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in the Chapter 11 cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.

9.    Additional copies of the Plan, Disclosure Statement, or any other solicitation materials (except for Ballots) are available free of charge by visiting Kroll's website at https://restructuring.ra.kroll.com/genesis. You may also obtain copies of any pleadings by visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies, of solicitation materials, but may **<u>not</u>** advise you of your legal rights under the Plan or as to whether you should vote to accept or reject the Plan.

Dated:  June 28, 2023
     New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

## **EXHIBIT 12**

**Cover Note**

Dear Genesis Clients, Customers and Stakeholders,

On January 19, 2023 (the "<u>Petition Date</u>"), Genesis Global Holdco, LLC ("<u>Holdco</u>"), Genesis Global Capital, LLC ("<u>GGC</u>") and Genesis Asia Pacific Pte. Ltd. ("<u>GAP</u>") (collectively, the "<u>Debtors</u>") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>") (the "<u>Chapter 11 Cases</u>").

You have received this letter and the enclosed materials because you are entitled to vote on the *Debtors' Amended Joint Chapter 11 Plan* (as modified, amended, or supplemented from time to time, the "<u>Plan</u>") [ECF No. 427]. On [●], 2023, the Bankruptcy Court entered an order [ECF No. [●]] (the "<u>Disclosure Statement Order</u>") (a) authorizing the Debtors to solicit acceptances for the Plan; (b) *Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC,* et al*., Under Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving solicitation packages, including the form of ballots, and procedures for the distribution thereof (the "<u>Solicitation Package</u>"); and (d) establishing voting and tabulation procedures; and (e) establishing notice and objection procedures relating to the confirmation of the Plan.

**I.    Recommendation**

Before and throughout these Chapter 11 Cases, we, the Debtors along with our advisors, have been engaged in robust negotiations with many key stakeholders—including Digital Currency Group, Inc. ("<u>DCG</u>"), Gemini Trust Company, LLC ("<u>Gemini</u>"), the official committee of unsecured creditors (the "<u>Committee</u>") and the ad hoc group of Genesis creditors (the "<u>Ad Hoc Group</u>")—to devise a path forward that maximizes recoveries and achieves the best outcome for our creditors. We firmly believe acceptance of the Plan is in the best interest of our estates, Holders of Claims or Interests, and all other parties in interest, and we encourage you to vote to accept the Plan.

**II.    The Plan**

The Plan provides for the Debtors to continue the ongoing marketing and sale process to sell any or all of the assets of the Debtors, the Genesis Platform, or the Genesis Platform along with GGT, with the goal of achieving the highest recoveries possible for all stakeholders. If the sale process does not result in a Sale Transaction with respect to all of the Genesis Platform, the Plan provides for the option (subject to the consent rights of the Committee and the Ad Hoc Group as described under the Plan) to have any unsold portion of the Genesis Platform be reorganized as a going concern for the benefit of the Holders of Allowed Claims. In that scenario, Reorganized GGH will retain, for the benefit of the Holders of Allowed Claims, one hundred percent (100%) of the Equity Securities in Genesis Bermuda Holdco Limited ("<u>GBHL</u>") (or, if GBHL is sold in the Sale Transaction, in any unsold subsidiaries of GBHL).

Further, the Plan contemplates that Holders of Allowed General Unsecured Claims against the Debtors will receive a combination of, among other things, (i) the Debtors' available Cash

and Digital Assets, which shall include any sales proceeds resulting from the Debtors' sales process, (ii) recoveries from the DCG Loans and the DCG Note, (iii) recoveries from preserved Estate claims and Causes of Action, including Avoidance Actions and any claims and Causes of Action against DCG, and (iv) equity interests in Reorganized GGH or Wind-Down GGH, as applicable, to the extent Holders affirmatively elect to receive them, subject to the conditions set forth in the Plan.

Additional key components of the Plan include:

a. Payment in full of all Allowed Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, and Professional Fee Claims;

b. The funding of a Litigation Reserve that allocates a fixed amount to litigation of any Retained Causes of Action, including Avoidance Actions against the DCG Parties;

c. Customary releases of all claims by the Releasing Parties against the Released Parties related in any way to the Debtors; provided, that the Amended Plan shall not release any DCG Parties or any former officers and directors of the Debtors as of the Effective Date; provided further, that current officers and directors of the Debtors (solely in its capacity as such) shall be released only with the written consent of the Special Committee prior to the Effective Date, with the exception of (x) the members of the Special Committee, who shall be Released Parties without the need for such consent, and (y) any current officers and directors of the Debtors that are also DCG Parties, who shall not be Released Parties;

d. Subject to applicable law and certain conditions set forth in the Plan, Holders of Allowed Claims denominated in Digital Assets will receive in-kind distributions in the form of the Digital Asset in which such respective Claims are denominated; and

e. For purposes of distributions to be made under the Amended Plan, Gemini shall be deemed to be the Holder of all Gemini Lender Claims, and all distributions on account of Allowed Gemini Lender Claims shall be made to the Gemini Distribution Agent and held in trust in a segregated account for the benefit of the Holders of Allowed Gemini Lender Claims. As soon as practicable following delivery of any distribution to the Gemini Distribution Agent under the Plan on account of Allowed Gemini Lender Claims, the Gemini Distribution Agent shall arrange to deliver or direct the delivery of such distributions to or on behalf of the Holders of Allowed Gemini Lender Claims.

**The Plan contains certain releases (including third-party releases), exculpations and injunctions. The releases to be implemented pursuant to the Plan preserve value by enabling the Debtors to emerge swiftly from chapter 11 while giving finality to all stakeholders. You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.**

### III.    The Solicitation Package

This letter is part of your Solicitation Package, which was approved by the Bankruptcy Court for distribution to Holders of Claims or Interests in connection with the solicitation of votes to accept or reject the Plan.  Please review these materials carefully and follow instructions contained therein.  The Solicitation Package consists of the following:

    i.     the Confirmation Hearing Notice;

    ii.    the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 thereto);

    iii.   the Disclosure Statement (and exhibits thereto, including the Plan);

    iv.   the applicable Ballot, together with detailed voting instructions and, if applicable, a pre-addressed, postage pre-paid return envelope; and

    v.    such other materials as the Court may direct.

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, please (i) visit the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) write Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) email genesisinfo@ra.kroll.com; or (iv) call the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also email genesiscreditorinquiry@cgsh.com.

### IV.    Key Upcoming Dates

All Ballots, in order to be counted, must be properly completed, executed and delivered so as to be **actually received** by the Debtors' Solicitation Agent no later than the **Voting Deadline, August 14, 2023, at 4:00 pm. (ET)**.

The hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **August 24, 2023 at 11:00 A.M., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

The deadline for filing objections to the Plan is **August 17, 2023 at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be

filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

       (a)     counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

       (b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

       (c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq.