FARRELL FRITZ, P.C.
Patrick Collins
Martin G. Bunin
400 RXR Plaza
Uniondale, New York  11556
Telephone: (516) 227-0700
Facsimile: (516) 336-2232

*Attorneys for David Morton*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

-----------------------------------------------------------------X

## OBJECTION OF DAVID MORTON TO DEBTOR'S DISCLOSURE STATEMENT FOR AMENDED JOINT PLAN UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

David Morton, a party in interest in these bankruptcy cases, submits this objection to the Debtors' Disclosure Statement for Amended Joint Plan Under Chapter 11 of the Bankruptcy Code (Doc. No. 429) and represents as follows:

### BACKGROUND OF MORTON'S TRANSACTIONS WITH GGC

1.      Morton and Debtor GGC ("GGC") are parties to a Master Loan Agreement, dated November 8, 2021,[2] pursuant to which Morton obtained one or more loans from GGC. Pursuant to the Master Loan Agreement, and solely to serve as security for Claimant's obligation to repay the loans, Claimant delivered 18.00 Bitcoin (the "Collateral") to GGC. The Collateral delivered by Claimant to the Debtor remains the property of the Claimant and not GGC.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification (as applicable), are: Genesis Global Holdco,, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY  10003.
[2] Copies of the Master Loan Agreement will be supplied by Morton upon request.

2.      Pursuant to the Master Loan Agreement, GGC is obligated to return the Collateral to Morton upon his repayment of the loans he obtained from GGC.

3.      Morton, both personally and through his undersigned counsel, has communicated to GGC his desire to pay off the loans and that he is ready, willing and able to do so provided GGC return the Collateral to him upon payment.  GGC, however, has declined to give any assurances that it will return the Collateral to Claimant upon payment of the loans and continues to wrongfully hold the Collateral.

4.      GGC's failure to return to the Collateral to Claimant has damaged Claimant in the amount of at least 18.00 Bitcoin.  The value of the Collateral far exceeds the amount outstanding on Claimant's loans from GGC.

5.      Morton timely filed a proof of claim asserting that he has been damaged by GGC's failure to return the Collateral to him and reserving his right to seek return of the Collateral in kind.

6.      During the pendency of these cases, Morton, through his counsel, communicated with GGC's counsel to seek information on the status of his Collateral and whether it can be returned to him in connection with payment of the loans.  In response, GGC has not provided any information on the Collateral, asserting that it would be an "inefficient use of estate resources" to respond to Morton's individualized requests and suggesting that he should just file a proof of claim and await the plan to be filed by the Debtors.  While Morton has patiently awaited the filing of a plan by the Debtors, the Plan and accompanying Disclosure Statement that have been filed are silent regarding the disposition of collateral delivered to the Debtors by Morton and similarly situated customers.

**OBJECTION**

7.      Morton objects to the Disclosure Statement because it fails to provide adequate information as required by 11 U.S.C. § 1125.  The primary purpose of a disclosure statement is to give creditors adequate information necessary to understand and accept the proposed plan of reorganization.  Adequate information is:

> Information of a kind and in sufficient detail, as far as is reasonable practicable in light of the nature and history of the debtor…that would enable a hypothetical reasonable investor…to make an informed judgment about the plan…

11 U.S.C. § 1125(a).  Approval of a disclosure statement is to be withheld if it does not contain the information necessary for all creditors can make an intelligent and informed decision as to whether to accept or reject the plan.  *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. S.D.N.Y. 1988).

8.      The Disclosure Statement does not contain "adequate information" as required under Section 1125(b) of the Bankruptcy Code because the Disclosure Statement and Plan appended to it do not address, either specifically or by class or other category, the disposition of Morton's Bitcoin that he delivered to GGC as collateral.  The Disclosure Statement, at page 8, describes the Debtors' lending and borrowing service as one of their primary lines of business under which customers could enter into "bespoke" loan terms, but that the service has been "paused" since November 2022.  The Disclosure Statement does not indicate the Debtors' intentions with respect to digital currency delivered to them as collateral for loans made by them to customers of the lending and borrowing service. That the Disclosure Statement and Plan do not address the disposition of Bitcoin delivered to GGC as collateral for loans made by GGC is surprising given Morton's understanding through his counsel's discussions with counsel for GGC

3

and the Official Committee of Unsecured Creditors that there are numerous other customers of

GGC similarly situated to Morton.

WHEREFORE, the Court should deny the Debtors' request for approval of their Disclosure

Statement and grant Morton all other relief to which he is justly entitled.

Dated: Uniondale, New York
      July 5, 2023                        FARRELL FRIT, P.C.


By: */s/ Patrick Collins*
      Patrick Collins
      Martin G. Bunin
      FARRELL FRITZ, P.C.
      400 RXR Plaza
      Uniondale, NY  11556
      (516) 227-0700
      Email: pcollins@farrellfritz.com and
             mbunin@farrellfritz.com


      *Attorneys for David Morton*

FF\13700118.1

4