**Hearing Date:** July 6, 2023, at 11:00 a.m. (Prevailing Eastern Time)

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' REVISED PROPOSED ORDER
ESTABLISHING PROCEDURES AND A SCHEDULE FOR ESTIMATING THE
AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE DEBTORS UNDER
BANKRUPTCY CODE SECTIONS 105(a) AND 502(c) AND BANKRUPTCY RULE 3018**

        **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC and its affiliates Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd., as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and the cases, the "Chapter 11 Cases"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PLEASE TAKE FUTHER NOTICE** that on May 3, 2023, FTX Trading Ltd. and its affiliated debtors and debtors-in-possession (collectively, the "FTX Debtors") filed the *Motion to FTX Trading Ltd. and its Affiliated Debtors for an Order Modifying the Automatic Stay Pursuant to 11 U.S.C. 362(d)(1) and Bankruptcy Rule 4001* (the "Motion to Modify Automatic Stay") (ECF No. 289).

**PLEASE TAKE FURTHER NOTICE** that on June 1, 2023, the Debtors filed the *Motion to Establish Procedures and a Schedule for Estimating the Amount of the FTX Debtors' Claims Against the Debtors Under Bankruptcy Code Sections 105(a) And 502(c) and Bankruptcy Rule 3018*, ECF No. 373 (the "Estimation Motion"), which attached a proposed order as Exhibit A thereto (the "Proposed Estimation Order") and a proposed estimation schedule as Exhibit B thereto (the "Estimation Schedule").

**PLEASE TAKE FUTHER NOTICE** that on June 13, 2023, the Debtors filed a revised version of the Proposed Estimation Order (the "Revised Proposed Estimation Order") (ECF No. 435).

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "June 15 Hearing") took place **June 15, 2023, at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable Judge Sean H. Lane, pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order"), at which hearing the Estimation Motion and the Motion to Modify Automatic Stay were heard. At the conclusion of the June 15 Hearing, the Estimation Motion and the Motion to Modify Automatic Stay were adjourned to the omnibus hearing set for June 6, 2023 at 11 a.m..

**PLEASE TAKE FUTHER NOTICE** that since the June 15 Hearing, counsel for the Debtors and for the FTX Debtors have exchanged certain discovery materials and requests, and have met and conferred in accordance with the directions from the Court at the June 15 Hearing.

**PLEASE TAKE FUTHER NOTICE** that as part of those meet and confers, the parties have exchanged, under the express auspices of Rule 408 of the Federal Rules of Civil Procedure, various proposals and procedures in an effort to narrow and/or resolve portions of the Motion to Modify Stay and the Estimation Motion. On July 5, 2023, the FTX Debtors filed a letter with the Court which inappropriately discloses certain of those settlement communications and exchanges, which were expressly transmitted under the auspices of Rule 408, chilling the ability of the parties to continue to have candid discussions. The Debtors would request that in accordance with Rule 408, the Court decline to consider such communications.

**PLEASE TAKE FUTHER NOTICE** that, in efforts to narrow the potential disputes between the parties and streamline the continued hearing on the Estimation Motion and the Motion to Modify Stay, on July 5, 2023, the Debtors filed a further revised version of the Proposed Order (the "Further Revised Proposed Order") in respect of the Estimation Motion, attached hereto as Exhibit A, and a revised version of the proposed Estimation Schedule (the "Revised Estimation Schedule"), attached hereto as Exhibit B. While the Debtors shared an advanced version of the Further Revised Proposed Order and the Revised Estimation Schedule with counsel for the FTX Debtors, the FTX Debtors declined to engage with the Further Revised

2

Proposed Order and the Revised Estimation Schedule and expressly requested that the Debtors advise the Court that the FTX Debtors oppose both the Further Revised Proposed Order and the Revised Estimation Schedule in their entirety.

**PLEASE TAKE FURTHER NOTICE** that a continued hearing (the "July 6 Hearing") on the Motion will take place **July 6, 2023, at 11:00 a.m. (Prevailing Eastern Time)** before the Honorable Judge Sean H. Lane pursuant to Case Management Order, at which Hearing the Estimation Motion and the Motion to Modify Automatic Stay, as adjourned from the June 15 Hearing, will be heard. The July 6 Hearing will be conducted only through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that copies of the Estimation Motion and the Motion to Modify Automatic Stay can be viewed and/or obtained: (i) by accessing the Court's website at www.nysb.uscourts.gov or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, at https://restructuring.ra.kroll.com/genesis/ or by calling +1 888-524-2017. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in each of the Estimation Motion and the Motion to Modify Automatic Stay may affect your rights. Please read the below pleadings to be heard at the Hearing carefully and, if you have one available, discuss them with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that, if you oppose the relief requested in the Estimation Motion and/or the Motion to Modify Automatic Stay or if you want the Court to hear your position on either such Motion, then you or your attorney must timely file an Objection and attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Estimation Motion and may enter orders granting the relief requested by the Debtors.

3

| | | |
|---|---|---|
| Dated: | July 5, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Andrew Weaver<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |

# EXHIBIT A

**Further Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER ESTABLISHING**
**PROCEDURES AND A SCHEDULE FOR ESTIMATING THE**
**AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE DEBTORS UNDER**
**BANKRUPTCY CODE SECTIONS 105(a) AND 502(c) AND BANKRUPTCY RULE 3018**

Upon the Estimation Motion[1] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for approval pursuant to sections 105(a) and 502(c) of the Bankruptcy Code and rule 3018 of the Bankruptcy Rules to establish procedures and a schedule for estimating the amount of the FTX Claims (as defined herein) against the Debtors at $0.00 for purposes of allowance, distribution and voting, all as described more fully in the Estimation Motion, and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Estimation Motion in this district is proper pursuant to 28 U.S.C. §§

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Estimation Motion.

1408 and 1409; and the Court having found that the relief requested in the Estimation Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Estimation Motion and opportunity for a hearing on the Estimation Motion was appropriate and no other notice need be provided; and the Court having determined that the legal bases set forth in the Estimation Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Estimation Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. All claims asserted by the FTX Debtors against the Debtors in the Proofs of Claim[2] shall be estimated pursuant to 11 U.S.C. § 502(c) and rule 3018 of Federal Rules of Bankruptcy Procedure for purposes of allowance, distribution, and voting in accordance with the Estimation Schedule set forth herein. The Estimation Schedule may be amended by agreement of the Debtors and the FTX Debtors, following consultation with the Committee, and/or upon further order of this Court.

3. Pursuant to the Estimation Schedule, unless otherwise ordered by the Court, the Debtors may assert any and all defenses available to them as against the claims asserted in the Proofs of Claim for the present Estimation Proceeding on the schedule established herein, except, absent order of the Court, those relating to:

---

[2] On May 22, 2023, FTX Trading Ltd. filed Claim No. 415 against Holdco, Claim No. 419 against Genesis Asia Pacific, Ltd. ("GAP"), and Claim No. 426 against GGC; Alameda Research LLC filed Claim No. 422 against Holdco, Claim No. 420 against GAP, and Claim No. 513 against GGC; Alameda Research Ltd. filed Claim No. 508 against Holdco, Claim No. 457 against GAP, and Claim No. 512 against GGC; and West Realm Shires Inc. filed Claim No. 465 against Holdco, Claims Nos. 432 and 463 against GAP, and Claims Nos. 438, 515, and 516 against GGC (the proofs of claim collectively, the "Proofs of Claim" and the claims identified therein, the "FTX Claims").

2

      a.    The value of FTT[3] at any time, as it may relate to the Debtors' defenses to preference claims that may be asserted in connection with withdrawals from FTX.com; and

      b.    The solvency or insolvency of any or all of the FTX Debtors at the relevant time of any asserted transfers and/or at any time prior to the filing of the FTX Debtors' chapter 11 petitions.

For the avoidance of doubt, the Debtors reserve any and all of all of their rights to raise any and all defenses, including, without limitation, those listed in subparagraphs 3(a) and (b) above, at a future time, as part of any claim objection, or to the extent the FTX Claims are not estimated to the Debtors' sole satisfaction in accordance with the Estimation Schedule.

4.    To the extent this Court finds that, in order to estimate the claims asserted against the Debtors by the FTX Debtors, it must reach one or both of the substantive issues listed in subparagraphs 3(a) and (b) above, the Court will order further briefing regarding the appropriate process and timeline for resolution of such issue(s).

5.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2023
       New York, New York

                      THE HONORABLE SEAN H. LANE
                      UNITED STATES BANKRUPTCY JUDGE

---

[3] "FTT" is the digital asset that is the native token of FTX.com.

# **EXHIBIT B**

### **Revised Proposed Estimation Schedule**[4]

| | |
|---|---|
| Deadline to identify experts | Wednesday, July 19, 2023 |
| Deadline to complete fact discovery,[5] including depositions | Wednesday, July 26, 2023 |
| Deadline to complete and exchange expert discovery including submission of expert reports | Wednesday, July 26, 2023 |
| Deadline to submit expert rebuttal reports (if any) | Wednesday, August 2, 2023 |
| Deadline to complete expert depositions (if any) | Saturday, August 5, 2023 |
| Deadline to complete Daubert depositions (if any) | Saturday, August 5, 2023 |
| Deadline for submission of Debtors' brief in support of estimation | Monday, August 7, 2023 |
| Deadline for submission of Daubert motions (if any)[6] | Monday, August 7, 2023 |
| Deadline for submission of FTX Debtors' brief in opposition to Debtors' estimation brief | Monday, August 14, 2023 |
| Deadline for submission of briefs in opposition to Daubert motions (if any) | Monday, August 14, 2023 |
| Deadline for submission of Debtors' reply in support of estimation | Friday, August 18, 2023 |
| Deadline for submission of replies in support of Daubert motions | Friday, August 18, 2023 |
| Evidentiary hearing and hearing on Daubert motions (if any) | To be scheduled at the Court's earliest convenience |

---

[4] The scope of discovery relevant to estimation shall include all claims raised in the FTX Debtors' Proofs of Claim, and the Debtors' defenses thereto, <u>except</u> those relating to (i) the value of FTT (i.e. the digital asset that is the native token of FTX.com) at any time, as it may relate to the Debtors' defenses to preference claims that may be asserted in connection with withdrawals from FTX.com, and (ii) the solvency or insolvency of the FTX Debtors in the period preceding the FTX Debtors' chapter 11 petition date. To the extent that the Court finds determinative such issues the parties will submit supplemental briefing as ordered by the Court on, *inter alia*, the appropriate process and timeline for determination of such issues.

[5] Notwithstanding the deadline listed in this document, the parties shall make all document productions on a rolling basis at their earliest convenience in advance of the close of discovery.

[6] For purposes of briefing regarding estimation, all parties will assume that their expert reports will be admitted. To the extent the Court excludes any expert report, such exclusion will be accounted for in the Court's decision on the merits.

4

## EXHIBIT C

**Blackline of Further Revised Proposed Order Against
Revised Proposed Order Filed June 14, 2023**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER ESTABLISHING
### PROCEDURES AND A SCHEDULE FOR ESTIMATING THE
### AMOUNT OF THE FTX DEBTORS' CLAIMS AGAINST THE DEBTORS UNDER
### BANKRUPTCY CODE SECTIONS 105(a) AND 502(c) AND BANKRUPTCY RULE 3018

Upon the Estimation Motion[1] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for approval pursuant to sections 105(a) and 502(c) of the Bankruptcy Code and rule 3018 of the Bankruptcy Rules to establish procedures and a schedule for estimating the amount of the FTX Claims (as defined herein) against the Debtors at $0.00 for purposes of allowance, distribution and voting, all as described more fully in the Estimation Motion, and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Estimation Motion in this district is proper pursuant

---

[1] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Estimation Motion.

to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Estimation Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Estimation Motion and opportunity for a hearing on the Estimation Motion was appropriate and no other notice need be provided; and the Court having determined that the legal bases set forth in the Estimation Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Estimation Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. All claims asserted by the FTX Debtors against the Debtors in the Proofs of Claim[2] shall be estimated pursuant to 11 U.S.C. § 502(c) and rule 3018 of Federal Rules of Bankruptcy Procedure for purposes of allowance, distribution, and voting in accordance with the Estimation Schedule set forth herein. The Estimation Schedule may be amended by agreement of the Debtors and the FTX Debtors, following consultation with the Committee, and/or upon further order of this Court.

3. Pursuant to the Estimation Schedule, unless otherwise ordered by the Court, the Debtors may assert any and all defenses available to them as against the claims asserted in the

---

[2] On May 22, 2023, FTX Trading Ltd. filed Claim No. 415 against Holdco, Claim No. 419 against Genesis Asia Pacific, Ltd. ("GAP"), and Claim No. 426 against GGC; Alameda Research LLC filed Claim No. 422 against Holdco, Claim No. 420 against GAP, and Claim No. 513 against GGC; Alameda Research Ltd. filed Claim No. 508 against Holdco, Claim No. 457 against GAP, and Claim No. 512 against GGC; and West Realm Shires Inc. filed Claim No. 465 against Holdco, Claims Nos. 432 and 463 against GAP, and Claims Nos. 438, 515, and 516 against GGC (the proofs of claim collectively, the "Proofs of Claim" and the claims identified therein, the "FTX Claims").

Proofs of Claim for the present Estimation Proceeding on the schedule established herein, except, absent order of the Court, those relating to:

    a.    The value of FTT[3] at any time, as it may relate to the Debtors' defenses to preference claims that may be asserted in connection with withdrawals from FTX.com; and

    b.    The solvency or insolvency of any or all of the FTX Debtors at the relevant time of any asserted transfers and/or at any time prior to the filing of the FTX Debtors' chapter 11 petitions.

For the avoidance of doubt, the Debtors reserve any and all of all of their rights to raise any and all defenses, including, without limitation, those listed in subparagraphs 3(a) and (b) above, at a future time, as part of any claim objection, or to the extent the FTX Claims are not estimated to the Debtors' sole satisfaction in accordance with the Estimation Schedule.

4.    To the extent this Court finds that, in order to estimate the claims asserted against the Debtors by the FTX Debtors, it must reach one or both of the substantive issues listed in subparagraphs 3(a) and (b) above, the Court will order further briefing regarding the appropriate process and timeline for resolution of such issue(s).

5.    ~~3.~~ The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2023
New York, New York

                                           _____
                                           THE HONORABLE SEAN H. LANE
                                           UNITED STATES BANKRUPTCY JUDGE

---

[3] "FTT" is the digital asset that is the native token of FTX.com.

# **EXHIBIT D**

**Blackline of Revised Proposed Estimation Schedule Against Proposed Estimation Schedule Filed as Exhibit B to the Motion to Estimate**

~~PROPOSED ESTIMATION SCHEDULE~~
**Revised Proposed Estimation Schedule[4]**

| | |
|---|---|
| Deadline to identify experts | Wednesday, July ~~5~~19, 2023 |
| Deadline to complete fact discovery,[5] including depositions | Wednesday, July ~~12~~26, 2023 |
| Deadline to complete and exchange expert discovery including submission of expert reports ~~and rebuttal reports (if any) and expert depositions~~ | Wednesday, July ~~21~~26, 2023 |
| Deadline to submit expert rebuttal reports (if any) | Wednesday, August 2, 2023 |
| Deadline to complete expert depositions (if any) | Saturday, August 5, 2023 |
| Deadline to complete Daubert depositions (if any) | Saturday, August 5, 2023 |
| Deadline ~~to file~~for submission of Debtors' brief in support of estimation | ~~July 24,~~Monday, August 7, 2023 |
| ~~Response d~~Deadline for submission of Daubert motions (if any)[6] | Monday, August 7, 2023 |
| ~~Reply d~~Deadline for submission of FTX Debtors' brief in opposition to Debtors' estimation brief | Monday, August ~~10~~14, 2023 |
| ~~Evidentiary Hearing~~Deadline for submission of briefs in opposition to Daubert motions (if any) | Monday, August ~~15~~14, 2023 |
| Deadline for submission of Debtors' reply in support of estimation | Friday, August 18, 2023 |
| Deadline for submission of replies in support of Daubert motions | Friday, August 18, 2023 |
| Evidentiary hearing and hearing on Daubert motions (if any) | To be scheduled at the Court's earliest convenience |

---

[4] The scope of discovery relevant to estimation shall include all claims raised in the FTX Debtors' Proofs of Claim, and the Debtors' defenses thereto, except those relating to (i) the value of FTT (i.e. the digital asset that is the native token of FTX.com) at any time, as it may relate to the Debtors' defenses to preference claims that may be asserted in connection with withdrawals from FTX.com, and (ii) the solvency or insolvency of the FTX Debtors in the period preceding the FTX Debtors' chapter 11 petition date. To the extent that the Court finds determinative such issues the parties will submit supplemental briefing as ordered by the Court on, *inter alia*, the appropriate process and timeline for determination of such issues.

[5] Notwithstanding the deadline listed in this document, the parties shall make all document productions on a rolling basis at their earliest convenience in advance of the close of discovery.

[6] For purposes of briefing regarding estimation, all parties will assume that their expert reports will be admitted. To the extent the Court excludes any expert report, such exclusion will be accounted for in the Court's decision on the merits.