Hearing Date: July 20, 2023 at 2:00 p.m. (Prevailing Eastern Time)
Objection Deadline: July 13, 2023 at 4:00 p.m. (Prevailing Eastern Time)

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION TO AMEND THE ORDER AUTHORIZING THE
DEBTORS TO RETAIN AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED
IN THE ORDINARY COURSE OF BUSINESS**

    **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

    **PLEASE TAKE FURTHER NOTICE** that on February 24, 2023, the Bankruptcy Court entered the *Order Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business*, ECF No. 102.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**PLEASE TAKE FURTHER NOTICE** that on July 6, 2023 the Debtors, filed the annexed *Debtors' Motion to Amend the Order Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business* (the "Motion").  A hearing (the "Hearing") on the Motion will be held via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **July 20, 2023 at 2:00 p.m. (Eastern Time) (the "Hearing Date")**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **July 13, 2023 at 4:00 p.m. (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights.  Please read the Motion carefully and, if you have one available, discuss it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

| | |
|---|---|
| Dated:  July 6, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION TO AMEND THE ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, the "Chapter 11 Cases") hereby file this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), amending the *Order Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

*Course of Business*, ECF No. 102, (the "OCP Order") (i) to increase the OCP Monthly Cap[2] set forth in the OCP Order from $100,000.00 per month to $150,000.00 per month (on a three month rolling average) and (ii) to increase the overall OCP Case Cap from $300,000.00 to $500,000.00. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"), and the *Declaration of Paul Aronzon in Support of the Motion for Authority to Employ Professionals Used in the Ordinary Course of Business* (the "Aronzon OCP Declaration") and respectfully state as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a), 327, 328, and 330 of the Bankruptcy Code.

---

[2]   Capitalized terms not defined herein shall have the meanings ascribed to them in the *Debtors' Motion For Authority To Employ Professionals Used In The Ordinary Course Of Business Nunc Pro Tunc To The Petition Date*, ECF No. 65, (the "OCP Retention Application").

2

## BACKGROUND

4. Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

5. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

6. On February 24, 2023, the Bankruptcy Court entered the OCP Order, which authorized an OCP Monthly Cap of $100,000.00 and an overall OCP Case Cap of $300,000.00. Since that time, the Debtors have retained a number of OCPs and have continued filing the relevant declarations and questionnaires for such OCPs. Moreover, the case has now continued for nearly six months, leaving in particular the overall OCP Case Cap difficult for the debtors to live within while obtaining quality legal representation and maintaining the benefit of their historic counsel and their particular knowledge and expertise of the Debtors and their operations.

7. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the First Day Declarations.

### RELIEF REQUESTED

8. By this Motion, the Debtors seek entry of the Proposed Order, pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, amending the OCP Order to increase (i) the OCP Monthly Cap from $100,000.00 per month to $150,000.00 per month (on a three month rolling average) and (ii) the OCP Case Cap from $300,000.00 to $500,000.00.[3]

### BASIS FOR RELIEF

9. As described in greater detail in the OCP Retention Application, in the ordinary course of business, the Debtors employ various legal professionals, consultants and auditors in the ordinary course of its business. The OCPs have extensive background knowledge, expertise, and familiarity with the Debtors and their business operations, and the Debtors believe that the continued postpetition employment and compensation of the OCPs is in the best interests of the Debtors' estates, their creditors, and other parties in interest.

10. The Debtors have been working with the OCPs to provide services in as efficient a manner as possible. But, as the Chapter 11 Cases have progressed for six months, certain OCPs are approaching the case limit and/or have had minor overages in individual months. Raising the OCP Monthly Cap to $150,000.00 (on a three month rolling average) and the OCP Case Cap to $500,000.00 will provide the Debtors with more runway for these OCPs to continue services, without the concomitant burdens and costs to the estate and to the Court of submitting full retention applications and fee applications and statements.

---

[3] The Debtors reserve their rights to seek further relief with respect to the relevant OCP Monthly and OCP Case Caps.

4

11. Further, the proposed increases would bring the OCP Monthly Cap and OCP Case Cap in these Chapter 11 Cases in line with the more realistic amounts routinely approved by courts in this jurisdiction, particularly for cases of this duration and complexity. *See, e.g.*, Order, *In re Celsius*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. Aug. 17, 2022), ECF No. 519 (authorizing a monthly cap of $150,000.00 on average over a rolling three month period and case cap of $900,000.00); Order, *In re Voyager*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y. Aug. 5, 2022), ECF No. 244 (authorizing a monthly cap of $150,000.00 and case cap of $750,000.00); Order, *In re LATAM Airlines Grp. S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. June 28, 2020), ECF No. 389 (authorizing a monthly cap of $150,000.00 on average over a rolling three month period and case cap of $1,200,000.00); Order, *In re Avianca Holdings S.A.* Case No. 20-11133 (MG) (Bankr. S.D.N.Y June 9, 2020), ECF No. 260 (authorizing a monthly cap of $150,000.00 on average over a rolling three month period and case cap of $750,000.00); Order, *In re Grupo Aeromexico S.A.B. de C.V.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. July 29, 2020), ECF No. 213, (authorizing a monthly cap of $150,000.00 on average over a rolling three month period and case cap of $800,000.00).

12. The Debtors have consulted with the office of the United States Trustee, counsel for the Committee, and counsel for Gemini Trust Company, LLC ("Gemini"), all of whom have represented that they have no objection to the relief sought in this Motion.

13. Accordingly, the Debtors submit that the Court should authorize an increase in the OCP Monthly Cap to $150,000.000 (on a three month rolling average) and an increase in the OCP Case Cap to $500,000.00 and that the relief requested herein is in the best interests of their estates, and should be granted in all respects.

**RESERVATION OF RIGHTS**

14. Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or shall be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim on any grounds, including, without limitation, amounts or invoices asserted by any OCPs; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid, and the Debtors expressly reserves their rights to contest the extent, validity, or perfection or seek avoidance of any or all such liens.

**NOTICE**

15. Notice of the Motion will be given by facsimile, electronic transmission, hand delivery or overnight mail to: (i) the Office of the United States Trustee for Region 2; (ii) those creditors holding the fifty (50) largest unsecured claims against the Debtors' estates (on a consolidated basis); (iii) those creditors holding the five (5) largest secured claims against the Debtors' estates (on a consolidated basis); (iv) the Internal Revenue Service; (v) the Securities and Exchange Commission; (vi) counsel to the Committee; (vii) OCPs who have filed declarations or questionnaires as of the date of filing of this Motion in these Chapter 11 Cases; and (viii) all others that are required to be noticed in accordance with Bankruptcy Rule 2002 and Local Rule 2002-1.

The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

16. No prior request for the relief requested herein has been made to this or any other Court.

[*The remainder of this page is intentionally left blank*]

## CONCLUSION

WHEREFORE for the reasons set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

| | | |
|---|---|---|
| Dated: | July 6, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* |

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AMENDING THE ORDER AUTHORIZING THE**
**DEBTORS TO RETAIN AND COMPENSATE CERTAIN**
**PROFESSIONALS UTILIZED IN THE**
**ORDINARY COURSE OF BUSINESS**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, pursuant to section 105(a), 327, 328, and 330 of the Bankruptcy Code, amending the OCP Order (i) to increase the OCP Monthly Cap from $100,000.00 per month to $150,000 per month (on a three month rolling average) and (ii) to increase the overall OCP Case Cap from $300,000.00 to $500,000.00; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") and the *Declaration of Paul Aronzon in Support of the*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

*Motion for Authority to Employ Professionals Used in the Ordinary Course of Business* (the "Aronzon OCP Declaration"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its estates, its creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The *Order Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business*, ECF No. 102 remains in effect in all respects, except that the OCP Monthly Cap is increased to $150,000.00 per month (on a three month rolling average) and the OCP Case Cap is increased to $500,000.00.

3. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

4. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2023    _____
       White Plains, New York    THE HONORABLE SEAN H. LANE
                                                  UNITED STATES BANKRUPTCY JUDGE