UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* | Case No. 23-10063 (SHL) |
| **Genesis Global Holdco, LLC,** *et al.***,** | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

**STIPULATION AND AGREED ORDER EXTENDING TIME TO TAKE ACTION, TO THE EXTENT NECESSARY, TO DETERMINE THE NONDISCHARGEABILITY OF A DEBT OWING TO A GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. §1141(d)(6)**

This stipulation and agreed order (this "Stipulation") is entered into by and among the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), the Texas State Securities Board and the Texas Department of Banking (together, "Texas"), and the New Jersey Bureau of Securities ("NJBS" and together with Texas, the "Governmental Parties" and, together with the Debtors, the "Parties").

**WHEREAS,** Section 1141(d)(6) of the Bankruptcy Code provides that "the confirmation of a plan does not discharge a debtor that is a corporation from any debt * * * (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) that is owed to a domestic governmental unit;"

**WHEREAS**, Rule 4007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides in relevant part that "a complaint to determine the dischargeability

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

of a debt under [section] 523(c) [of the Bankruptcy Code] shall be filed no later than 60 days after the first date set for the meeting of creditors under [section] 341(a) [of the Bankruptcy Code] . . .".;

**WHEREAS,** the Governmental Parties take the position that Section 523(c) of the Bankruptcy Code and the corresponding deadline in Bankruptcy Rule 4007(c), do not apply to the nondischargeability of a debt under Section 1141(d)(6); and thus, that Section 1141(d)(6) is self-effectuating and the Governmental Parties may take whatever action may be required, if any, to determine the nondischargeability of a debt pursuant to Section 1141(d)(6) at any time, including following the confirmation of a Chapter 11 Plan;

**WHEREAS,** without binding precedent in this jurisdiction on this issue, and in order to avoid unnecessary litigation, the undersigned parties nonetheless seek an extension of the Section 523(c)/Rule 4007(c) deadline out of an abundance of caution, without prejudice to the Governmental Parties' right to seek further extensions;

Based on the foregoing stipulation of the parties, it is ORDERED that:

1.     To the extent Section 523(c) or Rule 4007(c) applies, the date by which the Governmental Parties must file their complaint or take other action that may be required, if any, in these Chapter 11 cases to determine the nondischargeability of a debt, pursuant to Section 1141(d)(6) or Section 523 of the Bankruptcy Code, shall be July 31, 2023, or such later date as may be ordered by the Court, without prejudice to the Governmental Parties' right to seek further extensions of the date.

2.  Nothing in this Stipulation constitutes a determination that Section 523(c) or Rule 4007(c) applies, or that any deadline exists to seek a determination of nondischargeability under Section 1141(d)(6) or Section 523 of the Code.

3.  This Stipulation is without prejudice to any rights of the Debtors or other parties in interest, whether before or after confirmation of a chapter 11 plan, to object to the applicability of section 1141(d)(6) of the Bankruptcy Code to any claims asserted by the Governmental Parties.

4.  Neither this Stipulation nor any negotiations and writings in connection herewith will in any way be construed as or deemed to be evidence of, or an admission on behalf of any Party regarding, any claim or right that such Party may have against the other Party.

5.  Neither this Stipulation, nor any terms contained herein, shall be offered as evidence in any legal or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation or (b) to seek damages or injunctive relief in connection therewith.

6.  Nothing in this Stipulation or the relief sought herein shall constitute or be deemed: (a) an allowance of administrative expense claims under section 503(b) of the Bankruptcy Code; (b) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law; (c) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds whatsoever; (d) a promise or requirement to pay any claim; or (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law.

7. Each of the Parties to this Stipulation represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

8. This Stipulation may be executed in identical counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

9. This Stipulation represents the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

10. The Court retains jurisdiction, and the Parties hereby consent to such jurisdiction, with respect to any disputes arising from or other actions to interpret, administer, or enforce the terms and provisions of this Stipulation.

IT IS SO ORDERED.

Dated: July 12, 2023      */s/ Sean H. Lane*  
    White Plains, New York      THE HONORABLE SEAN H. LANE  
                                                    UNITED STATES BANKRUPTCY JUDGE

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Stipulation as of the date written below:

Dated:   June 12, 2023
         New York, New York

By: */s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

*/s/ Autumn D. Highsmith*
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
AUTUMN D. HIGHSMITH
Texas State Bar No. 24048806
ABIGAIL R. RYAN
Texas State Bar No. 24035956
ROMA N. DESAI
S.D.N.Y. Bar No. RD8227
Texas Bar No. 24095553
Office of the Attorney General of Texas
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
layla.milligan@oag.texas.gov
autumn.highsmith@oag.texas.gov
abigail.ryan@oag.texas.gov
roma.desai@oag.texas.gov

*Counsel for the Texas State Securities Board and the Texas Department of Banking*
         - and –

*/s/ Jeffrey Bernstein*
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
Jeffrey Bernstein, Esq.
Virginia T. Shea, Esq.
570 Broad Street, Suite 1401
Newark, New Jersey 07102
Telephone: (973) 565-2183
Facsimile: (973) 622-5314
Email: jbernstein@mdmc-law.com
         vshea@mdmc-law.com

*Counsel for the New Jersey Bureau of Securities*