THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 23-10063 (SHL) |
| Genesis Global Holdco, LLC, *et al.*,[1] | Chapter 11 (Jointly Administered) |
| Debtors. | |

**OBJECTION OF THE U.S. SECURITIES AND EXCHANGE
COMMISSION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT**

The U.S. Securities and Exchange Commission ("**SEC**") objects to the Debtors' motion [Docket No. 461] seeking approval of the Disclosure Statement for the Amended Joint Plan of Genesis Global Holdco, LLC, *et al.* (the "**Disclosure Statement**") [Docket No. 429].

## INTRODUCTION

1.      The Disclosure Statement fails to satisfy the Debtors' burden under Section 1125 because it lacks adequate information about various material matters, including the potential buyer of the Debtors' assets, and the nature of the Debtors' post-effective date business, to the extent they remain in business. Indeed, all options appear to be on the table, but none of them have been described in sufficient detail to enable creditors to make an informed decision about whether to vote in favor of the plan. Specifically, the Disclosure Statement omits relevant information regarding: (i) financial data and recoveries; (ii) the sale; (iii) the possible reorganization and any successor entity; (iv) contemplated securities transactions under the plan; and (v) the subordination of government claims.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

2. The Disclosure Statement also describes a plan that violates the Bankruptcy Code by providing overly broad exculpation of non-estate fiduciaries, and a discharge for liquidating Debtors. Additionally, the Disclosure Statement, Amended Plan, and Confirmation Order should be amended to make clear that nothing therein impacts the SEC's police and regulatory powers or makes determinations under the securities laws.

## BACKGROUND

3. The SEC is the federal agency responsible for regulating the U.S. securities markets, protecting investors, and enforcing the federal securities laws. In that capacity, on January 12, 2023, the SEC filed a complaint in the Southern District of New York against Debtor Genesis Global Capital, LLC for violations of the federal securities laws. *See* Complaint, *SEC v. Genesis Global Capital, LLC et al.*, No. 23-cv-00287 (S.D.N.Y.). The SEC is also investigating whether the Debtors may have violated the federal securities laws, including potential violations of the anti-fraud provisions of the federal securities laws.

4. Genesis Global Holdco, LLC ("**GGH**"), Genesis Global Capital, LLC ("**GGC**"), and Genesis Asia Pacific Pte. Ltd. ("**GAP**", collectively with GGH and GGC, the "**Debtors**"), along with non-debtor Genesis Global Trading, Inc., provided various digital asset services.

5. On January 19, 2023, each of the Debtors filed their voluntary chapter 11 petitions. The next day, the Debtors filed their Joint Chapter 11 Plan. [Docket No. 20.]

6. On June 7, 2023, Debtors filed a notice of hearing on (i) the adequacy of information in the Disclosure Statement and (ii) confirmation of the chapter 11 plan. [Docket No. 401.]

7. On June 13, 2023, the Debtors filed the Disclosure Statement and an Amended Joint Chapter 11 Plan (the "**Amended Plan**"). [Docket No. 427.] On June 29, 2023, the Debtors

filed their motion seeking court approval of the adequacy of the Disclosure Statement or of the solicitation procedures. [Docket No. 460.]

8.  On June 30, 2023, the Debtors filed the Notice of Adjournment and Rescheduling of the Hearing on the Adequacy of Information in the Debtors' Disclosure Statement, adjourning the objection deadline to July 13, 2023, and the hearing to July 20, 2023. [Docket No. 472.]

9.  On July 12, 2023, the Debtors filed the Second Notice of Adjournment and Rescheduling of the Hearing on the Adequacy of Information in the Debtors' Disclosure Statement, adjourning the objection deadline to July 20, 2023, and the hearing to July 27, 2023. [Docket No. 501.]

## DISCUSSION

**A.  The Disclosure Statement Fails to Provide Adequate Information Under Section 1125(a)**

10.  The Debtors seek approval of the Disclosure Statement as containing adequate information under Section 1125 of the Bankruptcy Code. But the Disclosure Statement fails to include necessary information in numerous ways, as set forth below. The SEC staff has communicated its concerns to Debtors' counsel, but, to date, those concerns remain unaddressed.

**1.  The Disclosure Statement Provides Inadequate Financial Information**

11.  The Disclosure Statement is inadequate because it provides incomplete economic information about the sources of distributions and virtually nothing about the amounts of estimated recoveries. *See In re Ferretti*, 128 B.R. 16, 19 (Bankr. D. N.H. 1991) ("a proper disclosure statement must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution"); *In re Ashley River Consulting, LLC*, No. 14-13406, 2015 Bankr. LEXIS 3819, *27 (Bankr. S.D.N.Y. Nov. 6, 2015) (Glenn, J.) (factors that should be disclosed include "financial

3

information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan") (citations omitted).  The Disclosure Statement does not contain information about the major sources of recovery listed in the February 10, 2023 Term Sheet [Docket No. 80], or any alternative sources of recovery from Digital Currency Group ("**DCG**"). It also provides no information about expected recoveries from the sale process.

    **2.   The Disclosure Statement Provides Inadequate Information About the Potential Sale**

12.    In light of the ongoing sale process, there is inadequate information in the Disclosure Statement for creditors to make an informed judgment about the nature of any sale transaction, including its terms, its risks (including regulatory and counterparty risks), and its economic impact on the plan and on potential recoveries.  *See, e.g., Ashley River*, 2015 Bankr. LEXIS 3819, at *27 (disclosure statement should include, *inter alia*, a description of the available assets and their value, as well as information relevant to the risks posed to creditors under the plan).

    **3.   The Disclosure Statement Provides Inadequate Information About the Potential Reorganization**

13.    The Disclosure Statement fails to provide sufficient information about Reorganized GGH, including its assets and liabilities, expected revenues and expenses, and managers.  It also fails to include adequate information about the nature of its Post-Effective Date business, including: type(s) of business or services to be rendered; description of post-emergence operations and activities; number and description of customers or clients; sources of income; description of any required licenses, permits or government approvals; description of employees and payroll; and financial projections, with an explanation of key assumptions and

supporting data.[2]  *See, e.g., In re Malek*, 35 B.R. 443, 443-44 (Bankr. E.D. Mich. 1983) (listing factors for describing postpetition business); *In re Cardinal Congregate I*, 121 B.R. 760, 767 (Bankr. S.D. Ohio 1990) (explaining that the disclosure statement must contain information regarding the debtor's operations postpetition and should include a discussion of the anticipated future of the debtor's business).

### 4. The Disclosure Statement Provides Inadequate Legal and Factual Support Demonstrating Compliance with the Securities Laws

14.    The Disclosure Statement does not state which exemptions the Debtors will be relying on for the various securities transactions, nor does it provide legal and factual support to demonstrate that the Digital Asset Rebalancing will be undertaken in compliance with applicable securities laws.  To date, the SEC has publicly identified numerous crypto assets as securities, including, but not limited to: SOL, ADA, MATIC, FIL, SAND, AXS, CHZ, FLOW, ICP, NEAR, VGX, DASH, NEXO, BNB, BUSD, SOL, ATOM, MANA, ALGO, and COTI. According to the Debtors' most recent Notice of Cash and Coin Report [Docket No. 471], the Debtors hold a number of these crypto asset securities and the Amended Plan appears to contemplate engaging in transactions, as part of the Digital Asset Rebalancing, potentially involving these securities in order to provide in-kind distributions.

### 5. The Disclosure Statement Provides Inadequate Legal and Factual Support for Subordinating Government Penalty Claims

15.    Article III.B.8 of the Amended Plan improperly provides for the subordination of government penalty claims to Allowed General Unsecured Claims and Allowed Intercompany Claims without providing any legal and factual support to show that such subordination is appropriate.

---

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Amended Plan.

5

    **B.**    **The Amended Plan's Exculpation Provision is Impermissible under the Bankruptcy Code**

16.    Article VIII.G. of the Amended Plan provides exculpation of any "Exculpated Party"—including non-fiduciaries and any Related Party—for various postpetition and post-Effective Date conduct. The exculpation provision also improperly includes a finding of "good faith" for future conduct relating to "distributions" and relieves any Exculpated Party from all liability "at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan." In addition, the grant of immunity in the exculpation has no time limit, potentially immunizing illegal post-Effective Date conduct without providing an end date. As such, this provision exceeds the bounds allowed by the Bankruptcy Code. *See, e.g., SEC v. Universal Exp., Inc.*, 475 F. Supp. 2d 412, 425 (S.D.N.Y. 2007) (Lynch, J.), *aff'd sub nom. SEC v. Altomare*, 300 F. App'x 70, 71 (2d Cir. 2008) ("The liability shield of § 1125(e) specifically applies to the disclosure and solicitation period prior to approval of a reorganization plan . . . ."); *In re PWS Holding Corp.*, 228 F.3d 224, 246 (3d Cir. 2000) (limiting exculpations to actions by estate fiduciaries in the bankruptcy case).

    **C.**    **The Disclosure Statement, Amended Plan, and Confirmation Order Should Be Amended to Make Clear that Nothing Therein Impacts the SEC's Police and Regulatory Powers or Makes Determinations Under the Securities Laws**

The Disclosure Statement, Amended Plan, and any confirmation order should expressly state that nothing therein impairs the SEC's police and regulatory powers or limits the SEC from commencing or continuing any proceeding or investigation. Such provisions appear in countless chapter 11 plans and confirmation orders, but the Debtors have not yet agreed to the SEC's request to include the provision in the Disclosure Statement, Amended Plan or any proposed confirmation order. The standard SEC carve out provision provides:

6

> ***Notwithstanding any language to the contrary contained in the Disclosure Statement, Amended Plan and/or the Plan Confirmation Order, no provision of this Amended Plan or the Plan Confirmation Order shall (i) preclude the United States Securities and Exchange Commission ("SEC") from enforcing its police or regulatory powers; or, (ii) enjoin, limit, impair or delay the SEC from commencing or continuing any claims, causes of action, proceedings or investigations against any nondebtor person or nondebtor entity in any forum.***

The SEC carve out should be included. In the Bankruptcy Code, Congress made clear that bankruptcy proceedings should not impede the SEC from enforcing the federal securities laws. For example, the Bankruptcy Code includes exemptions for governmental units exercising their police and regulatory powers. Section 362(b)(4) provides that the filing of a bankruptcy petition does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment." 11 U.S.C. § 362(b)(4); *see*, *e.g., SEC v. Miller*, 808 F.3d 623, 631-32 (2d Cir. 2015) (obtaining an asset freeze order); *SEC v. Towers Financial Corp.*, 205 B.R. 27, 31 (S.D.N.Y. 1997) (obtaining judgment for disgorgement and civil penalties). Accordingly, the Disclosure Statement, Amended Plan, and any confirmation order should be amended to include the aforementioned carve-out language.

17.    Likewise, the Disclosure Statement, Amended Plan, and any confirmation order should be amended to include a provision, a version of which was previously used in orders in this case [*see* Docket No. 150, ¶ 18], explicitly stating that those documents do not contain or constitute findings under the securities laws as to whether crypto assets or transactions involving crypto assets are securities. Specifically, they should include the following provision:

> ***Notwithstanding any language to the contrary contained in the Disclosure Statement, Amended Plan and/or the Plan Confirmation Order, nothing in this Disclosure Statement, Amended Plan or the Plan Confirmation Order constitutes a finding under the federal securities laws as to whether crypto assets or transactions involving crypto assets are securities, and the right of the***

7

*United States Securities and Exchange Commission to challenge transactions involving crypto assets on any basis is expressly reserved.*

D.     **Liquidating Debtors Do Not Receive a Discharge**

18.     Article VIII.B. of the Amended Plan violates Section 1141(d)(3) to the extent it provides a discharge of the Debtors or claims against the Debtors, as the Debtors appear to intend to liquidate. *See* 11 U.S.C. § 1141(d)(3) (plan does not discharge corporate debtor if the plan provides for the liquidation of substantially all estate property, and the debtor does not engage in business post-confirmation).

E.     **Creditors Should Have Adequate Opportunity to Review Disclosures on Material Terms of the Chapter 11 Plan**

19.     Creditors are entitled to adequate time to review the Disclosure Statement and plan. These cases have been pending for approximately six months and there appear to be no pending external deadlines necessitating expedition. Since the filing of the Disclosure Statement, the Debtors have extended several deadlines, including dates relating to the potential asset sale. The bid and auction deadlines are now July 19 and July 26, respectively—adjacent to the July 20 objection deadline here. Given the number of creditors, the billions of dollars at issue, the complexities of the Debtors' former (and potentially future) operations, and the realities of the crypto industry, this is a case where the Disclosure Statement should undergo particular scrutiny prior to solicitation. As such, creditors, regulators, and other parties in interest should be provided with adequate disclosures, including with respect to the ongoing mediation and sale process, and afforded sufficient time to respond.

**RESERVATION OF RIGHTS**

The SEC reserves all rights to object to confirmation of the Plan, including on any of the above grounds and on grounds not raised in this objection, and to supplement this objection, should the Debtors re-notice the hearing or the objection deadline.

WHEREFORE, for the foregoing reasons, the SEC respectfully requests that the Court deny approval of the Disclosure Statement, and grant such other and further relief that is just and proper.

Dated: July 14, 2023
Atlanta, Georgia

Respectfully submitted,

U.S. SECURITIES AND EXCHANGE COMMISSION

By: */s/ William M. Uptegrove*
William M. Uptegrove (admitted *pro hac vice*)
Senior Trial Counsel
950 East Paces Ferry Rd., N.E., Suite 900
Atlanta, GA 30326
Tel.: (404) 842-5765
Email: uptegrovew@sec.gov
    -and-
Therese A. Scheuer (admitted *pro hac vice*)
Senior Trial Counsel
100 F Street, NE
Washington, DC 20549
Tel.: (202) 551-6029
Fax: (202) 772-9317
Email: Scheuert@sec.gov

## **CERTIFICATE OF SERVICE**

I certify that I caused a copy of the foregoing Objection to be served upon counsel or parties of record by the Court's CM/ECF system on July 14, 2023.

> By: */s/ William M. Uptegrove*
> William M. Uptegrove