Sean A. O'Neal
Luke A. Barefoot
Rishi N. Zutshi
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AUTHORITY TO REDACT AND FILE CERTAIN
INFORMATION UNDER SEAL IN CONNECTION WITH THE DEBTORS' FIRST
OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIM NOS. 523, 526 AND 527
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

The above-captioned debtors and debtors-in-possession (each a "Debtor" and

collectively, the "Debtors" or the "Company") hereby submit this motion (the "Motion") for entry

of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant

to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the

Debtors to redact and file under seal in part or in full certain of the exhibits (the "Exhibits") filed

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park
Avenue South, 5th Floor, New York, NY 10003.

in support of the *Debtors' First Omnibus Objection (Substantive) to Claim Nos. 523, 526 and 527 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection"), filed with the proposed redactions contemporaneously herewith. In support of the Motion, the Debtors respectfully state as follows:

## BACKGROUND AND RELEVANT FACTS

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [ECF No. 37]. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases [ECF No. 55].

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 and 9018-1.

## RELIEF REQUESTED

3. The Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to file confidential and commercially sensitive portions of **Exhibit L** to the Objection, as well as the proofs of claim filed as **Exhibits A-C** to the Objection (the "3AC POCs") in their entirety, under seal (together,

the "Sealed Exhibits"), and directing that the Sealed Exhibits remain under seal, confidential, and not be made available to any third party without further order from the Court, *provided*, *however*, that copies shall be provided on a confidential basis to the Court, the U.S. Trustee (the "UST"), the Creditors' Committee, Three Arrows Capital Ltd. ("3AC") and other parties that so request and have assented to the terms of the Protective Order (as defined below).

## BASIS FOR RELIEF

4.      Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion be filed under seal. Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, that a court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ." Fed. R. Bank. P. 9018. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

5.      Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). If the Court determines that filed documents are covered by Section 107(b), the Court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Northstar Energy, Inc.*, 315 B.R. 425, 428 (Bankr.

3

E.D. Tex. 2004) ("In fact, § 107(b) *mandates* the protection of certain types of information, including 'confidential commercial information.'") (emphasis in original); *In re Global Crossing*, 295 B.R. at 725. Section 107(b) is "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. at 429 (*citing In re Global Crossing, Ltd.*, 295 B.R. at 725).

6.      Courts have recognized the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b) and the moving party is not required to demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 28. Instead, "the commercial information that is entitled to protection under [the Bankruptcy] Code section 107(b) and Bankruptcy Rule 9018 must be viewed from the practical perspective of damage to the estate or its creditors…" *In re Global Crossing*, 295 B.R. at 725. In addition, "commercial information" includes information that could "ultimately affect[] the viability of the Debtors." *In re Lomas Fin. Corp.*, No. 90 Civ. 7827 (LLS), 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991).[2]

7.      Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection for confidential information to demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 27. Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* Courts have further held that the resulting sealing order

---

[2]      This Court and other courts in this District have granted relief for similar requests to file proprietary business information and highly-sensitive personal information under seal. *See, e.g.*, Order, *In re Avianca Holdings S.A, et al.*, Case No. 20-11133 (MG) (S.D.N.Y. Bankr. June 19, 2020), ECF No. 299 (business and personal information); Order, *In re Walter Investment Mgmt. Corp.*, Case No. 17-13446 (JLG) (S.D.N.Y. Bankr. Dec. 13, 2017), ECF No. 83 (business information).

should be broad (i.e., "any order which justice requires"). *In re Glob. Crossing, Ltd.*, 295 B.R. at 724; *see also* Fed. R. Bankr. P. 9018.

8.      Pursuant to 11 U.S.C. § 107(b), the Debtors have previously requested that the Court enter orders to protect such confidential information. On the Debtors' request, the Court has entered such orders in these Chapter 11 Cases.

9.      For example, on April 20, 2023, the Court entered the *Stipulation and Confidentiality Agreement and Protective Order*, ECF No. 238 (the "Protective Order"), which established procedures to facilitate the production and exchange of Discovery Material (as defined in 2(b) of the Protective Order) that (i) contains confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information; (ii) contains private or confidential personal information; (iii) contains information that, pursuant to any domestic or foreign law, regulation, or court order, is kept confidential or is subject to restrictions on its use or disclosure; (iv) is subject to a confidentiality agreement or other form of non-disclosure agreement that (A) was entered into in good faith and for a legitimate business purpose and (B) was in effect on the date of entry of this Confidentiality Stipulation; (v) is otherwise entitled to protection under 11 U.S.C. § 107(b) or (c), Federal Rule of Civil Procedure 26(c), or Federal Rule of Bankruptcy Procedure 9018; and/or (vi) contains any other category of information given Confidential status by the Court. Pursuant to the Protective Order, producing parties can designate Discovery Material as Confidential Material or Highly Confidential Material as applicable and then the receiving parties can only use and disclose such material in accordance with the provisions of the Protective Order.

10.     Similarly, on January 20, 2023, the Debtors filed a *Motion for Entry of Interim and Final Orders Waiving the Requirement that Each Debtor File a List of Creditors and Authorizing*

*Preparation of a Consolidated List of Creditors, in Lieu of Submitting a Formatted Mailing Matrix (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty (50) Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Granting Related Relief*, ECF No. 14 (the "Interim Sealing Motion").

11.     On January 27, 2023, the Court entered an *Interim Order Waiving the Requirement that Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors, in Lieu of Submitting a Formatted Mailing Matrix (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty (50) Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Granting Related Relief*, ECF No. 46 (the "Interim Order").  Per the Interim Order, the Debtors are authorized on an interim basis, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the names, home addresses and email addresses of individuals listed on the consolidated creditors list and the addresses and email addresses of other creditors listed on the consolidated creditors list or other documents filed with this Court.  The remaining portions of the Interim Sealing Motion, including authorization to redact certain personally identifiable information, remains pending before the Court.

12.     Further, on February 2, 2023, the Debtors filed the *Motion Pursuant To 11 U.S.C. §§ 107(c), 107(c) and 105(a) For Entry Of An Order Authorizing The Debtors To Redact And File Under Seal Certain Information About the Confidential Parties Listed In The Debtors' Professional Retention Applications And Schedules* (the "Application") (ECF No. 67).  On July 6, 2023, the Court heard argument on the Application.  As of the date of this Motion, the Application remains *sub judice*.

13.     Here, Exhibit L contains references to certain personally identifiable information ("PII"), including identifying numbers for bank and cryptocurrency accounts (the "Account Details").  Consistent with the scope of relief sought in the Interim Sealing Motion, the Debtors respectfully request entry of an order permitting the Debtors to file these portions of Exhibit L under seal and file a version of the Exhibit L with the proposed redactions of PII.  The Debtors believe this relief is appropriate in these Chapter 11 Cases because of the risks involved with public disclosure of such information, which can be used to perpetrate identity theft or other unlawful conduct.  Information presenting such a risk is exactly that which 11 U.S.C. § 107(c) is designed to protect.  Conversely, broad public disclosure of the Account Details is not necessary for any party-in-interest to understand the relief sought in the Objection nor any other legitimate interest.

14.     Courts in this jurisdiction have granted the relief requested herein in comparable Chapter 11 Cases.  *In re Aegean Marine Petrol. Network Inc.*, No. 18-13374 (MEW) (Bankr. S.D.N.Y. Jan. 22, 2020) (authorizing the debtors to redact personal information not limited to mailing addresses from public versions of the statements and schedules); *In re Barneys New York, Inc.*, No. 19-36300 (CGM) (Bankr. S.D.N.Y. Nov. 4, 2019) (authorizing the debtors to redact personally identifiable information, including but not limited to home address information, of their employees on the creditor matrix, schedules and statements, or similar documents filed with the court); *In re Deluxe Entm't. Servs., Inc.*, No. 19 23774 (RDD) (Bankr. S.D.N.Y. Oct. 9, 2019) (authorizing the debtors to redact personally identifiable information, including but not limited to home address information, of their employees and former employees on the creditor matrix).

15.     Similarly, pending final resolution of the Application, the Debtors have requested to seal the 3AC POCs in their entirety given that they reference commercially sensitive information, including the names of potential counterparties, and have been filed under seal on the

Debtors' claims registry.  As further detailed in the Application, the sealing of such confidential information fits squarely within the scope of section 107.  Disclosure of such information would put the Debtors at risk of violating confidentiality provisions providing for the confidentiality of such information. [3]

16.     Courts in this jurisdiction have granted the relief requested above in similar Chapter 11 Cases. *See In re Voyager Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 20, 2022), ECF No. 113 (granting debtors permission to redact the names of certain customers and confidential parties in interest related to the debtors' professional retention applications); *see also In re Celsius Network LLC*, No. 22-10964 (MG) (Bankr. S.D.N.Y. Nov. 22, 2022), ECF No. 1431 (authorizing redaction of parties in interest related to the potential sale of the debtors' assets and potential procurement of post-petition financing, including in supplemental declarations submitted by retained professionals).

17.     By this Motion, the Debtors respectfully request that the Court enter the Proposed Order authorizing the Debtors to file confidential and commercially sensitive portions of Exhibit L, as well as the 3AC POCs in their entirety, under seal in accordance with Bankruptcy Rule 9018, and directing that such Sealed Exhibits remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the Order approving this Motion.  The Debtors will also provide unredacted copies of the Sealed Exhibits to the Court, the UST, the Creditors' Committee, 3AC, such other parties that may request and have signed the Protective Order.

---

[3]     In requesting the relief herein, the Debtors have been mindful of disclosure limitations imposed by the Eastern Caribbean Supreme Court in the High Court of Justice, Commercial Division, Virgin Islands (the "BVI Court") under BVI law.

## NOTICE

18.     The Debtors have provided notice of this Motion in accordance with the procedures

set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No.

44).  The Debtors submit that, in light of the nature of the relief requested, no other or further

notice need be provided.

## NO PRIOR REQUEST

19.     No prior request for the relief requested herein has been made to this or any other

Court.

## **CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant such other and further relief as is just and proper.

Dated:   July 19, 2023
        New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Rishi N. Zutshi
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| | Jointly Administered |
| Debtors. | |

### ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE DEBTORS' FIRST OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIM NOS. 523, 526 AND 527 PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[3] for entry of an order (this "Order"), authorizing the Debtors to file confidential and commercially sensitive portions of **Exhibit L** to the Objection, as well as the proofs of claim filed as **Exhibits A-C** to the Objection (the "3AC POCs") in their entirety, under seal (together, the "Sealed Exhibits"), and directing that such information remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that

---

[1].   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]   All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

[3]   Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized (i) to file the Sealed Exhibits on the public docket of this case in its redacted form and (ii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, a hard copy and an electronic copy of the Sealed Exhibits in their entirety, in each case clearly labeled "FILED UNDER PENDING MOTION TO SEAL."

3.      The Sealed Exhibits shall remain under seal and shall not be made available to anyone other than this Court, the UST (both on a confidential basis), the Creditors' Committee, and such other parties that may request and have signed the Protective Order without the consent of the Debtors or without further order of this Court.

4.      To the extent that the Sealed Portions are attached or referred to in any further pleadings or document filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

2

5.      Upon the passing of forty-five (45) days after the final disposition of the bankruptcy proceedings, any party that has filed materials under seal shall reclaim all documents filed under seal or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6.      Nothing in this Order prejudices the rights of any party-in-interest, including the UST, to seek, on appropriate motion, the unsealing of the Sealed Portions or any part thereof.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
        New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE