# **<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GENESIS GLOBAL HOLDCO, LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10064 (SHL)<br><br>(Jointly Administered) |

**THE FOREIGN REPRESENTATIVES OF THREE ARROWS CAPITAL, LTD.'S
FIRST SET OF REQUESTS
FOR THE PRODUCTION OF DOCUMENTS TO DEBTORS**

To:  Sean A. O'Neal
     Luke A. Barefoot
     Jane VanLare
     CLEARY GOTTLIEB STEEN & HAMILTON LLP
     One Liberty Plaza
     New York, New York 10066

*Attorneys for the Debtors and Debtors-in-Possession*

PLEASE TAKE NOTICE that, in connection with the above-captioned proceeding, pursuant to Federal Rule of Civil Procedure 34 made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7034 and 9014, Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized foreign representatives (the "Foreign Representatives") of Three Arrows Capital, Ltd. ("Three Arrows"), hereby demand Genesis Global Capital, LLC, Genesis Asia Pacific Pte Ltd., Genesis Global Holdco, LLC (collectively, the "Debtors") provide written responses and objections to the following requests for production (the "Requests"), and produce the documents at the offices of Latham & Watkins LLP, 1271 Avenue of the Americas,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

New York, NY 10020 (Attn: Christopher Harris) no later than **5:00 p.m. Eastern Time on August 14, 2023**.

### I.  DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

1. The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. "Company" refers to Three Arrows Capital, Ltd., incorporated as a business company under the laws of the British Virgin Islands on May 3, 2012, and without limitation any affiliates, agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on its behalf, including Three Arrows Capital Pte. Ltd., incorporated as a business under the laws of Singapore in 2012, ThreeAC Ltd., Kyle Davies, and Su Zhu.

3. "DCG" shall mean and refer to Digital Currency Group, Inc. and/or its affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person or entity acting on its behalf.

4. "Asset" means any virtual currency, cryptocurrency, digital currency, blockchain-based currency, virtual token, non-fungible token, or derivative product of the same.

5. The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6. The term "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

7. "You" and "Your" shall mean and refer to Genesis Global Capital, LLC, Genesis Asia Pacific Pte Ltd., Genesis Global Holdco, LLC, and/or their affiliates, and shall include any agents, representatives, employees, attorneys, accountants, investigators, consultants, and any other Person acting on Your behalf.

8. Notwithstanding these definitions, each request should be evaluated on its own and be construed to have the broadest meaning permitted under the Federal Rules of Civil Procedure and the Local Rules.

## II. INSTRUCTIONS

1. In responding to the Requests, You are required to furnish all Documents available to You regardless of whether this information is possessed directly by You, Your agents, representatives, employees, or investigators; or by any other legal or non-legal entities controlled by or in any manner presently or previously affiliated with You.

2. These Requests are continuing in nature. If, at any time after service of the initial answers hereto and prior to the trial of this action, You obtain additional information responsive to these Requests, You are required to supplement or amend Your responses.

3. These Requests incorporate by reference the Uniform Definitions in Discovery Requests contained in Local Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Civil Rules"), made applicable to this Chapter 11 case by Local Bankruptcy Rule 7026-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules" and together with the Local Civil Rules, the "Local Rules").

4. Where a claim of privilege is asserted in objecting to any Request or part thereof, please follow the requirements set forth in Fed. R. Civ. P. 26 and the Local Rules.

3

5. If You elect to specify and produce business records in answer to any Request, the specification shall be sufficiently detailed to permit the requesting party to locate and identify, as readily as possible, the business records from which the answer may be ascertained.

6. If, in responding to the Requests, You encounter any ambiguities when construing a question, instruction, or definition, Your response shall set forth the matter deemed ambiguous and the construction used in responding.

7. Each Document is to be produced in its entirety even if only a portion of the Document is related to the identified subject matter. Documents should be produced in their original format without abbreviation, editing, or expurgation. Documents should include all exhibits, appendices, tables, or other attachments and be inclusive of all related metadata (including but not limited to: sent date, last modified date, and created date). If an exhibit, appendix, table, or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available it should be submitted and clearly marked to indicate the Document to which it corresponds. With the exception of privileged material, no Document or portion thereof should be masked or deleted in any manner.

8. If the Document was—but is no longer—in Your possession, custody or control, or in existence, state the date and nature of the Document and explain why the Document is unavailable.

9. If any Request herein cannot be complied with in full, comply to the fullest extent of Your ability to do so and state why full compliance is not possible.

10. If any Document responsive to any of the following Requests has been destroyed, discarded, or otherwise disposed of, please identify it by stating its date; authors, addressees and recipients shown as "cc" or copied on the Document; title; substance or subject matter; type (e.g.

4

memorandum, letter, report, etc.); any attachments to the Document; all persons who have had access to or who have knowledge of the nature, subject matter, and contents of the Document; the date of the destruction or other disposition of the Document; the manner and reason for its destruction or other disposition; and the identities of persons authorizing such destruction or other disposition.

11. Each of the Requests herein shall be limited in scope to the period from January 1, 2012 to the present—the period since the Company's inception.

12. Questions or concerns may be directed to Adam J. Goldberg (adam.goldberg@lw.com) and Nima H. Mohebbi (nima.mohebbi@lw.com).

### III. DOCUMENT REQUESTS

1. All Documents and Communications, including but not limited to term sheets, pledge agreements, financing statements, and control agreements of any kind (including security account control agreements or deposit account control agreements), (i) concerning any assets that you contend were or are subject to any pledge, lien, or other security interest between You, on the one hand, and the Company, on the other hand, or any assets that were substituted for such assets, including but not limited to assets where the lien or security interest has been transferred from You to DCG (the assets referenced in (i), collectively, the "Assets"), (ii) concerning or evidencing the grant of a lien or security interest in any of the Assets, and/or (iii) concerning or evidencing the perfection of any lien or security interest in such Assets. The Assets shall include, without limitation, assets of the following types:

    a. AVAX Tokens;

    b. Bitcoin;

    c. Ether;

5

    d.       Grayscale Bitcoin Trust Shares;

    e.       NEAR Tokens; and

    f.       All Ethereum, ALGO, SOL, AVAX, and/or NEAR Tokens transferred to You on May 12-13, 2022, and subsequently converted to Bitcoin.

For purposes of this request, "all Documents and Communications" includes, but is not limited to, the following documents referenced in the document titled "Annex A: Overview of Relevant Collateral" that was provided to the Foreign Representatives' counsel on April 4 2023:

a. Electronic Communications dated Jan. 9, 2022 [GENESIS_3AC_BVI_00000054];

b. January 9, 2022 Loan Term Sheet [GENESIS_3AC_BVI_00000003];

c. Loan Database Row 1504 (2,500 BTC) [GENESIS_3AC_BVI_00000007];

d. Electronic Communications dated Jan. 10, 2022 [GENESIS_3AC_BVI_00000055] - [GENESIS_3AC_BVI_00000057];

e. January 11, 2022 Loan Term Sheet [GENESIS_3AC_BVI_00000004];

f. Loan Database Row 1506 (4,793.34 BTC) [GENESIS_3AC_BVI_00000007];

g. Electronic Communications dated Jan. 11, 2022 [GENESIS_3AC_BVI_00000058] - [GENESIS_3AC_BVI_00000060];

h. Loan Database Row 1507 (913.63 BTC) [GENESIS_3AC_BVI_00000007];

i. Electronic Communications dated May 17, 2022 [GENESIS_3AC_BVI_00000061];

j. Loan Database Row 1573 (5,000 BTC) [GENESIS_3AC_BVI_00000007];

k. May 17, 2022 Loan Term Sheet [GENESIS_3AC_BVI_00000005];

    l.  Electronic Communications dated May 27-30, 2022 [GENESIS_3AC_BVI_00000084] - [GENESIS_3AC_BVI_00000100];

    m.  Loan Database Row 1608 (3,450 BTC) [GENESIS_3AC_BVI_00000007];

    n.  May 27, 2022 Loan Term Sheet [GENESIS_3AC_BVI_00000006];

    o.  Electronic Communications dated June 7, 2022 [GENESIS_3AC_BVI_00000132] - [GENESIS_3AC_BVI_00000133];

    p.  Loan Database Row 1636 (600 BTC) [GENESIS_3AC_BVI_00000007];

    q.  Electronic Communications dated Feb. 20, 2022 and Feb. 23, 2022 [GENESIS_3AC_BVI_00000061] - [GENESIS_3AC_BVI_00000069];

    r.  Electronic Communications dated June 12, 2022 [GENESIS_3AC_BVI_00000136] - [GENESIS_3AC_BVI_00000138];

    s.  Loan Database Rows 1639 (17,455.73 ETH) and 1638 (939.29 BTC) [GENESIS_3AC_BVI_00000007]; and

    t.  Electronic Communications dated June 13, 2022 at 9:01:43 PM (UTC) [GENESIS_3AC_BVI_00000169] - [GENESIS_3AC_BVI_00000170].

2.    All Communications between You, on the one hand, and the Company on the other hand (including without limitation any Person purporting to act on the Company's behalf such as Kyle Davies and/or Su Zhu) concerning the Assets.

3.    All Communications between You, on the one hand, and the Company on the other hand (including without limitation any Person purporting to act on the Company's behalf such as Kyle Davies and/or Su Zhu) concerning any purported pledge, perfection, foreclosure, exercise of remedies, sale/transfer, or other efforts to take possession, control, or ownership of any Assets.

7

4. All Communications between You, on the one hand, and DCG, on the other hand, concerning the Company, including any purported pledge, perfection, foreclosure, exercise of remedies, sale/transfer, or other efforts to take possession, control, or ownership of the Assets or any claims against the Company.

5. All Documents and Communications concerning any pledge or transfer of ownership of any Asset, lien or security interest in any Asset, or claims against the Company from You to DCG or any other party.

6. All Documents and Communications showing the dates when the Assets were allegedly subject to purported foreclosure or other exercise of remedies.

7. Documents sufficient to show whether any Assets comprising Grayscale Bitcoin Trust Shares are certificated.

8. If any Assets comprising Grayscale Bitcoin Trust Shares are certificated, Documents sufficient to show whether You and/or DCG had possession of such shares prior to attempted foreclosure thereon.

9. Documents sufficient to show whether You and/or DCG had possession of or control over any Assets prior to attempted foreclosure thereon.

10. Documents sufficient to show the name of the account holder(s) for the accounts holding the Assets.

11. All Documents and Communications concerning any account control agreement (or other similar agreement) between You and/or DCG, on the one hand, and the custodian covering such accounts, on the other hand, relating to the Assets.

12. All Documents and Communications concerning all payments (including but not limited to any purported loan or interest payments) that were made by the Company to You and/or

8

DCG, or by any party on behalf of the Company to You, DCG, and/or any other party on behalf of You or DCG.

13. All Documents and Communications (including Communications between You, on the one hand, and the Company, Kyle Davies, Kelli Kali Chen, Su Zhu, Tao Yaqiong and/or any other person purporting to act on the Company's behalf, on the other hand) concerning any loans, other transactions, or potential transactions involving You and/or DCG on the one hand, and the Company, Kyle Davies, Kelli Kali Chen, Su Zhu, Tao Yaqiong and/or other person purporting to act on the Company's behalf, on the other hand.

14. All Documents and Communications (including Communications between You, on the one hand, and the Company, Kyle Davies, Kelli Kali Chen, Su Zhu, Tao Yaqiong and/or any other person purporting to act on the Company's behalf, on the other hand) concerning margin calls concerning any transaction involving the Company, Kyle Davies, Kelli Kali Chen, Su Zhu, Tao Yaqiong and/or any other person purporting to act on the Company's behalf.

15. All Documents and Communications concerning payments or transfers of any kind from You and/or DCG, on the one hand, to the Company, Kyle Davies, Kelli Kali Chen, Su Zhu, Tao Yaqiong, and any of their affiliates (or any Person acting on their behalf or maintaining assets on their behalf), on the other hand.

16. All Documents and Communications concerning loans made to the Company and/or its affiliates for the purported purpose of purchasing or otherwise acquiring shares in any Grayscale Trust, including without limitation the Grayscale Bitcoin Trust, Grayscale Bitcoin Cash Trust, the Grayscale Litecoin Trust, and the Grayscale Ethereum Trust.

17. All Documents and Communications concerning any plan, agreement, or action by You or DCG to use the Company or its affiliates to increase or otherwise affect the value of

9

Grayscale Bitcoin Trust Shares, Grayscale Bitcoin Cash Trust Shares, or Grayscale Litecoin Trust Shares or the assets in any Grayscale Trust.

18. All Documents and Communications concerning any contention made by any individual or entity that You used the Company to increase the value of Grayscale Bitcoin Trust Shares, Grayscale Bitcoin Cash Trust Shares, Grayscale Litecoin Trust Shares, Bitcoin, Ethereum, other Digital Assets, or the assets in any Grayscale Trust.

19. All Documents and Communications showing revenue or trade value You and/or DCG received from any of the Company's acquisitions of or trades in Grayscale Bitcoin Trust Shares or contributions into any Grayscale Trust.

20. All Documents and Communications concerning any transaction between You and the Company (including Kyle Davies or Su Zhu), including without limitation transactions relating to the Assets.

21. All Documents showing the Company's holdings of Grayscale Bitcoin Trust Shares, Grayscale Bitcoin Cash Trust Shares, or Grayscale Litecoin Trust Shares.

22. All Documents and Communications concerning the value of any sale/transfer of the Assets at the time of such sale/transfer.

23. All Documents and Communications otherwise concerning any benefit You, DCG, Kyle Davies, Kelli Kali Chen, Su Zhu, Tao Yaqiong, and/or any affiliates, officers, directors, employees, agents, or other representatives received from any sale or transfer of the Assets.

24. All Documents and Communications concerning Your knowledge concerning any fiduciary duties owed by Kyle Davies or Su Zhu to the Company.

25. All Documents and Communications concerning any due diligence by You of the Company or its affiliates prior to engaging in any transaction (including extending loans) with the Company or its affiliates.

26. All Documents and Communications concerning any investigation (including investigations conducted by third parties) concerning Your and/or DGC's trading activities.

27. All Documents and Communications concerning the solvency of the Company at the time of any transaction, purported pledge, perfection, foreclosure, exercise of remedies, sale/transfer, or other efforts to take possession, control, or ownership of the Assets.

28. All Documents showing trades conducted by You or Genesis Global Trading, Inc. on behalf of the Company, or involving the Company in any way, including without limitation spreadsheets and other Documents demonstrating the date, status, asset type, price, and value of any such trade.

29. All Documents and Communications concerning any alleged inequitable or illegal conduct by the Company regarding You, the Assets, any transfer of the Assets, any security granted regarding the Assets, and/or any perfection of any security regarding the Assets.

30. All Documents and Communications concerning Your allegation in Your disclosure statement filed on June 13, 2023 [Dkt. 429 – No. 23-10063-SHL] that the Company's claims against Genesis Global Trading, Inc. or Genesis Asia Pacific Pte. Ltd. should be equitably subordinated.

31. All Documents and Communications concerning, including without limitation all evidence supporting, any inequitable or illegal conduct or unfair act on the part of the Company, and any harm to You or Your creditors or unfair advantage to the Company resulting therefrom, which conduct or act constitutes a basis for Your disclosure statement filed on June 13, 2023 [Dkt.

429 – No. 23-10063-SHL] that the Company's claims against Genesis Global Trading, Inc. and Genesis Asia Pacific Pte. Ltd. should be equitably subordinated.

32. All Documents and Communications concerning, including without limitation all evidence supporting, Your allegation in Your disclosure statement filed on June 13, 2023 [Dkt. 429 – No. 23-10063-SHL] that "3AC is alleged to have been a fraud from inception."

33. All Documents and Communications concerning, including without limitation all evidence supporting, Your allegation in Your disclosure statement filed on June 13, 2023 [Dkt. 429 – No. 23-10063-SHL] that "3AC's founders Kyle Livingstone Davies and Su Zhu have fled the jurisdiction, failed to cooperate with 3AC's foreign representatives, and have taken steps to undermine asset recovery efforts by the foreign representatives in favor of creditors, such as Genesis, including by failing to provide information necessary for the foreign representatives to take control of certain of 3AC's assets and accounts."

34. All Documents and Communications concerning, including without limitation all evidence supporting, Your allegation in Your disclosure statement filed on June 13, 2023 [Dkt. 429 – No. 23-10063-SHL] that "3AC liquidators' purported claims against GAP, GGC, and Holdco have no merit and that, in any event, pursuant to the assumption and assignment agreement between DCG and GAP, DCG is liable for any such claims and obligations."

35. All Documents and Communications concerning Your allegation in Your amended joint chapter 11 plan filed on June 13, 2023 [Dkt. 427 – No. 23-10063-SHL] that the Company's claims against Genesis Global Holdco should be equitably subordinated.

36. All Documents and Communications concerning Your allegation in Your amended joint chapter 11 plan filed on June 13, 2023 [Dkt. 427 – No. 23-10063-SHL] that the Company's claims against Genesis Global Holdco are "impaired" and "deemed to reject" the plan.

37. All Documents and Communications concerning the assignment of certain claims from Genesis to DCG, as set for the in the Assignment and Assumption of Master Loan Agreement executed on July 14, 2022.

July 14, 2023

/s/ Nima H. Mohebbi
Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
         tiffany.ikeda@lw.com

– and –

Adam J. Goldberg
Christopher Harris
Brett M. Neve
Nacif Taousse
Brian S. Rosen
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  adam.goldberg@lw.com
         christopher.harris@lw.com
         brett.neve@lw.com
         nacif.taousse@lw.com
         brian.rosen@lw.com

*Counsel to the Foreign Representatives of Three Arrows Capital, Ltd.*