# CLEARY GOTTLIEB STEEN & HAMILTON LLP

One Liberty Plaza
New York, NY 10006-1470
T: +1 212 225 2000
F: +1 212 225 3999

clearygottlieb.com

| AMERICAS | ASIA | EUROPE & MIDDLE EAST | |
|---|---|---|---|
| NEW YORK | BEIJING | ABU DHABI | LONDON |
| SAN FRANCISCO | HONG KONG | BRUSSELS | MILAN |
| SÃO PAULO | SEOUL | COLOGNE | PARIS |
| SILICON VALLEY | | FRANKFURT | ROME |
| WASHINGTON, D.C. | | | |

CRAIG B. BROD
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEV L. DASSIN
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
FRANCISCO L. CESTERO
FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
DEBORAH NORTH
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU

ROGER A. COOPER
LILLIAN TSU
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
RISHI ZUTSHI
JANE VANLARE
AUDRY X. CASUSOL
ELIZABETH DYER
DAVID H. HERRINGTON
KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOHN A. KUPIEC
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
ELANA S. BRONSON
MANUEL SILVA
KYLE A. HARRIS

LINA BENSMAN
ARON M. ZUCKERMAN
KENNETH S. BLAZEJEWSKI
MARK E. MCDONALD
F. JAMAL FULTON
PAUL V. IMPERATORE
CLAYTON SIMMONS
CHARLES W. ALLEN
JULIA L. PETTY
HELENA K. GRANNIS
SUSANNA E. PARKER
THOMAS S. KESSLER
    RESIDENT PARTNERS

JUDITH KASSEL
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
HEIDE H. ILGENFRITZ
ANDREW WEAVER
JOHN V. HARRISON
MATTHEW BRIGHAM
EMILIO MINVIELLE
LAURA BAGARELLA
JONATHAN D.W. GIFFORD
DAVID W.S. YUDIN
KARA A. HAILEY
ANNA KOGAN
BRANDON M. HAMMER
BRIAN J. MORRIS
CARINA S. WALLANCE
ALEXANDER JANGHORBANI
    RESIDENT COUNSEL

D: +1 212-225-2829
lbarefoot@cgsh.com

August 1, 2023

**Via ECF**

Hon. Sean H. Lane
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:  *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) (Jointly Administered)**

Dear Judge Lane,

      We write on behalf of the Debtors in the above-captioned proceedings (the "Chapter 11 Cases") to request guidance concerning the process and sequencing related to litigation of the Debtors' *First Omnibus Objection (Substantive) to Claim Nos. 523, 526 and 527 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)*, filed at ECF No. 530 on the docket (the "Objection").  The Objection relates to three proofs of claim (Claim Nos. 523, 526, and 527) (the "Claims") filed against the Debtors by the foreign representatives appointed in the British Virgin Islands liquidation of Three Arrows Capital, Ltd. (in liquidation) (collectively, the "Joint Liquidators", and together with the Debtors, the "Parties").

      On May 22, 2023, the Joint Liquidators filed their three substantially identical Claims – one against each Debtor – asserting claims in an amount "greater than 1 billion."  *See Objection of the Foreign Representatives of Three Arrows Capital, Ltd. (In Liquidation) to the Proposed Mediation Extension Order* [ECF No. 391].  On July 19, 2023, the Debtors filed their detailed Objection, supported by two declarations and multiple exhibits.  Among other grounds, the Debtors objected to the Claims on the basis that they were insufficiently pled.  In particular, the Objection notes that "3AC has pled almost no particularized facts … [A]ll 3AC asserts is that it is owed amounts 'under BVI, New York, Delaware, and other applicable law' for all amounts arising from alleged transactions and relationships that in many cases are devoid of any factual detail…" Objection at ¶ 26.

Judge Lane, p. 2

One week after the Debtors filed the Objection, the Joint Liquidators requested an adjournment of the Objection in order to allow for full merits discovery on the issues, only after which the Joint Liquidators indicated they would amend the Claims. Subsequently, the Parties have engaged in discussions regarding the Objection and discovery. While the Parties have made progress and share some common ground, there remain two relatively discrete, but threshold gating issues on which they require this Court's guidance.

The Parties have agreed on the following: (1) upon the Joint Liquidators' amending their Claims, the Debtors will adjourn the Objection *sine die* while they assess the forthcoming amended claim and what additional grounds there may be for objection; (2) pending filing of the amended Claims, the Parties would continue to engage in discussion on discovery, scheduling, and the process of responding to discovery requests and producing potentially relevant documents[1]; and (3) the Parties' rights would be reserved with respect to the Claims, the Objection, and the amended proofs of claim.

In short, the Debtors are prepared to adjourn the Objection in order to allow the Joint Liquidators to amend their vague Claims to clarify what they are actually alleging. The Debtors have also agreed that, after the filing of any such amendment, the Parties would meet and confer to determine ultimate scope of discovery, tailored to the amended claim, in order to move forward with the Objection (as it may be supplemented or revised to address the Claim amendment). In parallel, in the interest of a swift resolution of the Claims, the Debtors also intend to commence production of certain materials requested by the Joint Liquidators that are likely to be responsive to the Claims, regardless of any amendments.[2] There remain, however, two threshold issues that require the Court's guidance.

*First*, the Joint Liquidators insist they will not agree to the proposal unless the Joint Liquidators can defer the filing of amended proofs of claim (or a complaint) until *after* they have completed all discovery. Such a demand makes little sense, as it would require the Debtors to engage in broad and costly discovery before the Parties even have an understanding of what exactly the Joint Liquidators are claiming. The Parties can scarcely have meaningful exchanges about the relevance and proportionality of discovery requests regarding the Joint Liquidators' Claims without knowing what those claims ultimately will be. It would also be inefficient for the Parties and the Court because, if the Joint Liquidators' position is adopted, every time discovery leads to development of new facts or testimony, the Joint Liquidators could seek to amend their Claims (possibly necessitating a new claim objection) instead of using the newly-developed facts in pre-trial briefing or as part of the record at an evidentiary hearing.

Courts routinely reject requests like the one now advanced by the Joint Liquidators, which is essentially a demand for pre-complaint discovery. *See, e.g., Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,* 598 B.R. 102, 115 n.16 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 818 F. App'x 48 (2d Cir. 2020) (denying appellants' argument that it was "premature" for the bankruptcy court to make judgments regarding deposition

---

[1]    The Debtors anticipate commencing productions on a rolling basis shortly.

[2]    In fact, a significant amount of the materials the Debtors intend to produce is already in the possession of the Joint Liquidators, both through prior informal discussions between the Parties and through their possession of the books and records of the Three Arrows Capital, Ltd. estate.

Judge Lane, p. 3

testimony before allowing appellants opportunity for discovery); *Marshall v. Madoff*, No. 15 mc 56 (JGK), 2015 WL 2183939, at *2, *4 (S.D.N.Y. May 11, 2015) (Koeltl, J.) (denying Fox Parties' petition for pre-complaint discovery and noting that such discovery may not be used to "fish for some ground for bringing suit" (internal quotation marks omitted)).

Accordingly, if the Joint Liquidators wish to attempt to cure their defective Claims by amending them, as they have indicated, they should do so as soon as possible, and no later than August 14, 2023.[3] Once the Joint Liquidators have filed their amended claims, the Parties will be able to meaningfully meet and confer on an appropriately tailored and proportional discovery plan for resolving the Claims and Objection (as both may be modified or amended). As noted above, however, and in the interest of a swift resolution of the Claims, the Debtors intend to commence productions of certain materials requested by the Joint Liquidators that are likely to be responsive to any formulation of claims asserted by the Joint Liquidators.[4]

*Second*, the Joint Liquidators propose that if the Joint Liquidators do amend their Claims, the Debtors cannot not rely on such an amendment in seeking to oppose any further amendments. Such a condition makes little sense where the Debtors do not know what the (first) contemplated amendment of the Claims will contain, much less what would be the topic of, or grounds justifying any additional amendments. At the appropriate time, and with knowledge of the relevant facts and circumstances, the Court will be capable of determining whether to permit additional amendments. Without such knowledge, binding the Debtors' hands on arguments they may make on future potential amendments would be fundamentally unfair and premature. Instead, both Parties' rights and defenses with respect to any such further amendments should simply be reserved.

Particularly given the quantum of the asserted Claims and their potential impact on confirmation of and distributions under a plan of reorganization, the Debtors respectfully request the opportunity to be promptly heard on this issue in order to obtain guidance from this Court.

Respectfully submitted,

*/s/ Luke A. Barefoot*

Luke A. Barefoot
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
lbarefoot@cgsh.com
*Counsel to the Debtors and Debtors in Possession*

---

[3] The Debtors and the Joint Liquidators have agreed that if the Court does not accept the Joint Liquidators' position that they should be entitled to complete all discovery on the current Claims before amending those Claims, they will file such an amendment by August 14, 2023.