CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' SECOND MOTION FOR ENTRY OF ORDER EXTENDING THE DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC and its affiliates Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd., as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and the cases, the "Chapter 11 Cases"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that an omnibus hearing (the "Hearing") has been scheduled for **September 6, 2023, at 2:00 p.m. (Prevailing Eastern Time)** before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order"), at which Hearing the *Debtors' Second Motion for Entry of an Order*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*Extending the Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Acceptances Thereof and Granting Related Relief* (the "Motion") will be heard.  The Hearing will be conducted only through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.  After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained: (i) by accessing the Court's website at www.nysb.uscourts.gov or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, at https://restructuring.ra.kroll.com/genesis/ or by calling +1 888-524-2017.  Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may affect your rights.  Please read the below pleadings to be heard at the Hearing carefully and, if you have one available, discuss them with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that any responses or objections ("Objections"), if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Court no later than **August 30, 2023 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline") and (b) served as required by the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that, if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must timely file an Objection and attend the Hearing.   If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:    August 2, 2023
      New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors*
*and Debtors-in-Possession*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER EXTENDING THE
DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN
AND SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and

debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases,

collectively, the "Chapter 11 Cases") hereby submit this motion (the "Motion") for entry of an

order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to

section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending the

periods during which the Debtors have the exclusive right to (i) file a plan or plans (the "Exclusive

Filing Period") through and including October 2, 2023 and (ii) solicit acceptances thereof (the

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

"Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") through and including November 30, 2023, and respectfully state as follows:

## PRELIMINARY STATEMENT

1.      Since the hearing before this Court on June 5, 2023 (the "First Exclusivity Hearing") regarding the *Debtors' Motion for Entry of an Order Extending the Debtors' Exclusive Periods in Which to File a Chapter 11 Plan and Solicit Acceptances Thereof and Granting Related Relief* (ECF No. 329), the Debtors have continued to take meaningful steps to pave the way for a successful reorganization.   As described below, the Debtors have been actively engaged on numerous fronts in these Chapter 11 Cases to ensure that the Debtors are well-positioned to confirm a plan expeditiously while preserving the flexibility to pursue a potential global settlement.   The Debtors' work following the First Exclusivity Hearing includes:

(a)     filing the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 427) (as it may be further amended, supplemented or modified from time to plan, the "Plan") and the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* (ECF No. 429) (the "Disclosure Statement"), in each case after extensive negotiations with the official committee of unsecured creditors (the "Committee") and an ad hoc group of lenders of Genesis Global Capital, LLC (the "Ad Hoc Group");

(b)     filing the *Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* (ECF No. 462), seeking entry of an order approving the adequacy of the Disclosure Statement and establishing procedures for the solicitation of, and voting on, the Plan;

(c)     filing the *Debtors' Objection to Motion of FTX Trading Ltd. and its Affiliated Debtors for an Order Modifying the Automatic Stay Pursuant to 11 U.S.C.*

*362(d)(1) and Bankruptcy Rule 4001* (ECF No. 405), objecting to the motion filed by FTX Trading Ltd. and its affiliated debtors (collectively, "<u>FTX</u>") seeking to modify the automatic stay to allow FTX to pursue alleged preference claims against the Debtors and their affiliates in the case captioned *In re FTX Trading, Ltd.*, Case No. 22-11068 (Bankr. D. Del.) (the "<u>Automatic Stay Motion</u>");

(d)    filing the Debtors' *Motion to Establish Procedures and a Schedule for Estimating the Amount of the FTX Debtors' Claims Against the Debtors Under Bankruptcy Code Sections 105(a) and 502(c) and Bankruptcy Rule 3018* (ECF No. 373) (the "<u>Estimation Motion</u>"), seeking entry of an order estimating, for the purposes of voting, allowance and distribution, the $3,876,473,714 of unliquidated claims asserted by FTX at $0.00;

(e)    engaging in discovery with respect to, and meeting and conferring with, FTX in connection with the Automatic Stay Motion and the Estimation Motion;

(f)    reaching an agreement in principle to settle the disputes between the Debtors, on the one hand, and FTX, on the other hand;

(g)    continuing to engage in extensive discussions with the Debtors' creditors, including with the Committee, the Ad Hoc Group and Gemini Trust Company, LLC ("<u>Gemini</u>"), and Digital Currency Group, Inc. ("<u>DCG</u>"), Holdco's corporate parent and the Debtors' largest borrower, in an effort to reach a value-maximizing consensual resolution to the Debtors' financial situation, including by participating in an ongoing court-approved mediation process;

(h)    sharing and facilitating access to a wide range of diligence information and providing feedback on numerous restructuring proposals that have been exchanged by the Debtors' major stakeholders;

(i)    negotiating with and responding to information requests from potential purchasers in connection with the Debtors' sale and marketing process pursuant to the *Order (I) Approving the Bidding Procedures and Related Deadlines, (II)*

*Scheduling Hearings and Objection Deadlines with Respect to the Debtors' Sale, and (III) Granting Related Relief* (ECF No. 192);

(j)    making significant progress in the claims reconciliation process, including by obtaining the entry of the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) to streamline the process and ease the burden on the Debtors' estates;

(k)    filing the *Debtors' First Omnibus Objection (Substantive) to Claim Nos. 523, 526 and 527 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 530) (the "3AC Claims Objection"), pursuant to which the Debtors objected to the purported claims in an amount greater than $1 billion asserted by Three Arrows Capital Ltd. ("3AC") in proofs of claim numbered 523, 526 and 527 against Holdco, GGC and GAP, respectively;

(l)    engaging in discovery with respect to, and meeting and conferring with, 3AC in connection with the 3AC Claims Objection;

(m)    preparing for and successfully arguing numerous motions and applications at multiple omnibus hearings;

(n)    amending the order authorizing the Debtors to retain ordinary course professionals to ensure the Debtors' operations are not disrupted; and

(o)    communicating and coordinating with the Office of the United States Trustee for the Southern District of New York to address questions and minimize disputes, where possible.[2]

---

[2]    Capitalized terms used but not defined in this Motion have the meanings ascribed to them in the First Day Declarations (as defined below).

2.    To continue building on the significant progress described above, the Debtors require additional time beyond the current Exclusive Periods.  Among other things, in the weeks ahead, the Debtors intend (a) to continue negotiating with parties in interest regarding a potential global resolution, (b) to work to address any objections that may be raised with respect to the Disclosure Statement or the Plan; (c) to solicit votes on the Plan following the Court's approval of the Disclosure Statement; (d) to continue reconciling claims and refining their understanding of the claims pool; and (e) to seek approval of the settlement between the Debtors and FTX by filing a motion pursuant to Bankruptcy Rule 9019.

3.    The Debtors submit that the requested 60-day extension of the Exclusive Periods will facilitate the Debtors' ongoing efforts to achieve a value-maximizing restructuring without the disruption of a competing plan.  The Debtors thus seek to extend the Exclusive Filing Period through October 2, 2023 and the Exclusive Solicitation Period through November 30, 2023.

## **BACKGROUND**

4.    Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  Historically, the Debtors engaged in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engaged in derivatives, custody and most of the Company's trading services.  Holdco is a sister company of GGT and 100% owned by DCG, the Debtors' ultimate parent company.  Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of Chapter 11 Petition and First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No.

19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (collectively, the "<u>First Day Declarations</u>").

5.    On January 19, 2023 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code before the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, the Committee was appointed in these cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

## JURISDICTION AND VENUE

6.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are section 1121(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), rule 9006 of the Federal Rules of Bankruptcy Procedure and rule 9006-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York.

## RELIEF REQUESTED

7.      The Debtors hereby request entry of an order pursuant to section 1121(d) of the Bankruptcy Code extending (a) the Exclusive Filing Period through and including October 2, 2023 and (b) the Exclusive Solicitation Period through and including November 30, 2023.

## BASIS FOR RELIEF

**A.     The Court Has Broad Discretion to Grant the Debtors' Motion to Extend the Exclusive Periods.**

8.      Recognizing that debtors would experience disruption to their businesses if creditors were forced to consider multiple, simultaneous competing plans, Congress created exclusive periods during which debtors have a complete opportunity to propose a chapter 11 plan and solicit acceptances.  In enacting chapter 11 of the Bankruptcy Code, Congress sought to give debtors the occasion to develop, solicit acceptances of and implement a consensual chapter 11 plan free from the interference, disruption and confusion that would result from competing plans proposed by non-debtor parties.  Thus, under section 1121(b) of the Bankruptcy Code, a debtor has an initial exclusive 120-day period to file a chapter 11 plan.  Under section 1121(c)(3) of the Bankruptcy Code, if a debtor files a plan within the 120-day period, it has an additional 60 days to secure acceptances of its plan.  The Debtors' Exclusive Filing Period and Exclusive Solicitation Period are currently are set to expire on August 2, 2023 and October 1, 2023, respectively.[3]

9.      The Court has wide latitude to extend the Exclusive Periods under section 1121(d) of the Bankruptcy Code.  *See* 11 U.S.C. § 1121(d) ("on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period

---

[3]      Pursuant to Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York, the filing of this Motion automatically extends the Exclusive Periods until the Court rules on this Motion.

referred to in this section").  The Court may extend the Exclusive Filing Period for a chapter 11

plan to 18 months and the Exclusive Solicitation Period to 20 months from the Petition Date.  *Id.*

§ 1121(d)(2).  So long as the Court finds cause and the Debtors provide "no reason to believe that

they are abusing their exclusivity rights . . . [a] requested extension of exclusivity . . . should be

granted."  *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003).

10.     The Bankruptcy Code does not define the cause standard articulated in

section 1121 of the Bankruptcy Code, but the provision's legislative history evidences Congress's

intent for it to be a pliable standard.  *See* H.R. Rep. No. 95-595, at 231–32 (1987), *reprinted in*

1978 U.S.C.C.A.N. 5963 (indicating that bankruptcy courts have wide discretion to allow a debtor

full opportunity to negotiate a chapter 11 plan without other parties' interference).  Under section

1121's "for cause" standard, a debtor should be given a fair opportunity to negotiate a chapter 11

plan with creditors.  *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

11.     Courts in the Second Circuit consider the totality of the circumstances in

exercising their discretion to grant section 1121(d) motions to extend a debtor's plan exclusivity

periods.  *See, e.g.*, *In re Borders Group, Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ("The

determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad

discretion in extending or terminating exclusivity."); *In re Excel Mar. Carriers Ltd.*, No. 13-23060

(RDD), 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013); *In re Dow Corning Corp.*,

208 B.R. 661, 664 (Bankr. E.D. Mich. 1997).  Among the factors courts look to in determining

whether to grant an extension of the plan exclusivity periods are:

(a)   the size and complexity of the debtor's case;

(b)   the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information [for creditors regarding such plan];

(c)   the existence of good faith progress toward reorganization;

(d)   the fact that the debtor is paying its bills as they become due;

(e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;
(f)    whether the debtor has made progress in negotiations with its creditors;
(g)    the amount of time which has elapsed in the case;
(h)    whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
(i)    whether an unresolved contingency exists.

*Borders*, 460 B.R. at 822 (citing *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006)); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (citing five of the above factors).  Because not all factors are pertinent to every chapter 11 case, courts may consider the relevant factors in determining whether cause to extend the plan exclusivity periods exists.  *See In re Adelphia Commc'ns Corp.*, 352 B.R. at 586 ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact-specific."); *Borders*, 460 B.R. at 822 ("[T]he court has broad discretion in extending or terminating exclusivity . . . ."); *see also In re Lehigh Valley Prof'l Sports Club, Inc.*, No. 00-11296, 2000 WL 290187, at *2 (Bankr. E.D. Pa. Mar. 14, 2000) (relief under section 1121(d) "is committed to the sound discretion of the bankruptcy judge").

**B.    The Court Should Grant the Debtors' Motion to Extend the Exclusive Periods Because the Debtors' Chapter 11 Cases Are Large and Complex**

12.    A debtor can successfully show cause based on the size and complexity of its case alone.  *See* H.R. Rep. No. 95-595, at 232 (1978), *reprinted in* U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek reorganization under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326–27 (recognizing that a court should grant a debtor's motion to extend the Exclusive Periods where the debtor is a large company); *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. S.D. Tex. 1996) ("The traditional ground for cause is the large size of the debtor and the concomitant difficulty in formulating a plan of reorganization.").

9

13.     The size and complexity of these Chapter 11 Cases alone justify granting the Debtors' Motion and extending the Exclusive Periods.  The Debtors' balance sheets reflect billions of dollars of assets and liabilities that will need to be restructured in these Chapter 11 Cases.  In addition, the Debtors' business operates in the digital asset industry, which has experienced unprecedented upheaval and faces an evolving regulatory regime.  The nature of the Debtors' business, the current market conditions in the digital asset space and the sheer size and breadth of the Debtors' assets and liabilities present a number of complexities that must be considered as part of the Debtors' negotiation and formulation of the Plan.  Accordingly, the Debtors' request to extend the Exclusive Periods is more than reasonable under present circumstances.

**C.     Since Filing for Chapter 11 Protection, the Debtors Have Made Substantial Good Faith Progress Toward Exiting Chapter 11**

14.     Although the size and complexity of the Debtors' Chapter 11 Cases alone is sufficient for the Court to grant the Debtors' motion to extend the Exclusive Periods, the Debtors have also made substantial, good faith progress toward exiting chapter 11.  As described in paragraph 1 above, the Debtors have continued to work tirelessly following the First Exclusivity Hearing to advance these Chapter 11 Cases, actively engage with key stakeholders and position the Debtors to expeditiously achieve a value-maximizing restructuring.  Among other things, these efforts have resulted in the filing of the Plan and Disclosure Statement, which will allow the Debtors to move toward confirmation regardless of whether the parties in interest are ultimately able to agree on a global resolution.

15.     These efforts collectively demonstrate the Debtors' good faith desire to successfully reorganize in chapter 11.  *See Borders*, 460 B.R. at 823 (finding that a debtor's court

10

filings, negotiations and general case activity are sufficient for demonstrating good faith progress toward exiting chapter 11). Accordingly, the Debtors' Motion is both justified and reasonable.

**D.    Granting the Debtors' Motion to Extend the Exclusive Periods Will Not Harm or Pressure Creditors**

16.    An extension of the Exclusive Periods will neither prejudice nor pressure creditors or any interested parties. The Debtors have maintained ongoing and transparent communications with their key stakeholders throughout these Chapter 11 Cases and continue to engage in extensive negotiations with such stakeholders as they work towards Plan confirmation. In addition, the Debtors have worked with all parties in interest in a constructive manner, including the Committee and the U.S. Trustee, to minimize disputes and resolve contested matters whenever possible. The Debtors remain committed to continuing these efforts going forward as they move toward achieving a successful reorganization.

17.    Continued exclusivity will permit the Debtors to avoid the disruptions that would result from the development of competing plans and will benefit the Debtors' estates, their creditors and all other parties-in-interest. In addition, should a change in circumstances result in a creditor being pressured after the Exclusive Periods are extended, the creditor may move as a party in interest to terminate the Debtors' Exclusive Periods under 11 U.S.C. § 1121(d). Accordingly, granting this Motion will not harm the creditors in these Chapter 11 Cases.

**E.    The Debtors Continue to Make Their Payments as They Become Due and Maintain the Continued Ability to Do So.**

18.    A debtor's liquidity and solvency are an additional factor courts consider in granting an extension of exclusivity. *See Adelphia Commc'ns Corp.*, 352 B.R. at 587; *Texaco*, 76 B.R. at 322. The Debtors have continued to make payments pursuant to their postpetition obligations as they come due in the ordinary course and will continue to do so throughout these

Chapter 11 Cases.  As such, this factor weighs in favor of allowing the Debtors to extend the Exclusive Periods.

**F.      The Debtors Must Resolve Important Contingencies**

19.      A debtor having unresolved contingencies is an additional factor justifying extending the debtor's plan exclusivity periods.  *See, e.g.*, *Borders*, 460 B.R. at 826; *Adelphia Commc'ns Corp.*, 352 B.R. at 587.  Though the Debtors have taken extraordinary actions since the Petition Date to resolve issues and pave the way for a consensual restructuring, and have made further significant progress since the First Exclusivity Hearing, certain contingencies remain unresolved.

20.      Among other things, while the claims bar dates have passed, the Debtors are still in the process of analyzing and reconciling the claims filed such that the Debtors and all parties in interest will have a full understanding of the claims pool, which will impact anticipated recoveries and may affect the contours of the Plan, as they work towards confirmation of the Plan. As described above, the Debtors and FTX are preparing definitive documentation with respect to their agreement in principle to settle the disputes between them, which settlement will meaningfully affect the overall claims pool.  In addition, in response to the 3AC Claims Objection, 3AC has requested an adjournment of the 3AC Claims Objection and indicated that it intends to amend its proofs of claim, which may require the Debtors to file supplemental objections and conduct additional discovery.  *See* Debtors' *Letter to Hon. Sean H. Lane* (ECF No. 564).  The Debtors are also continuing to evaluate various preference claims that they may pursue or that may be pursued against them, all of which will factor into the Plan.

21.      Granting the requested extension of the Exclusive Periods will provide the Debtors with time to resolve such contingencies and build consensus among their stakeholders

without the interruption of a competing plan. Accordingly, this factor supports the relief requested in the Debtors' Motion.

### G. The Totality of the Circumstances Justifies Granting the Debtors' Motion to Extend Their Exclusive Periods

22. Together, the factors discussed above justify granting the Debtors' Motion to extend their Exclusive Periods. The relief requested will prevent all parties-in-interest from having to negotiate across multiple chapter 11 plans, a situation that would produce substantial uncertainty in light of the complexity of these Chapter 11 Cases. Extending the Exclusive Periods will benefit all stakeholders, including the Debtors, their creditors and other parties-in-interest, since it will allow all stakeholders to continue making progress toward a value-maximizing restructuring, regardless of whether there is a global settlement. Such extensions are common in large chapter 11 cases. *See, e.g.*, *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. Mar. 9, 2023) (ECF No. 2203) (extending the debtors' exclusive filing period and exclusive solicitation period for a second time by a total of 141 days and 172 days, respectively); *In re Voyager Digital Holdings, Inc.*, Case No. 22-10943 (MEW) (Bankr. S.D.N.Y. Jan. 24, 2023) (ECF No. 906) (extending the debtors' exclusive filing period and exclusive solicitation period for a second time by a total of 121 days and 119 days, respectively); *In re LATAM Airlines Group S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. Jan. 28, 2021) (ECF No. 1760) (extending the debtors' exclusive filing and solicitation period for a second time by five months); *Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Aug. 7, 2020) (ECF No. 678) (extending the debtors' exclusive periods by 120 days); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. Mar. 8, 2018) (ECF No. 248) (granting the debtors' motion to extend the exclusive periods by 120 days); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. May 25, 2017) (ECF No. 970) (same); *In re Republic Airways Holdings Inc.*, Case No.

13

16-10429 (SHL) (Bankr. S.D.N.Y. May 27, 2016) (ECF No. 610) (granting the debtors' motion to extend the exclusive periods by 190 days); *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Sept. 11, 2012) (ECF No. 1413) (granting the debtors' motion to extend the exclusive periods by 270 days); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG) (Bankr. S.D.N.Y. May 1, 2012) (ECF No. 1602) (granting the debtors' motion to extend the exclusive periods by 180 days).

23.     The Debtors are performing all necessary tasks as chapter 11 debtors to facilitate an optimal resolution of these Chapter 11 Cases.  Consequently, ample cause exists for granting the Debtors' Motion to extend the Exclusive Periods.

## NOTICE

24.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

25.     No prior request for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left blank intentionally]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request

that this Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, and

(b) grant such other and further relief as is just and proper.


Dated:  August 2, 2023
       New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999


*Counsel to the Debtors and
Debtors-in-Possession*

## <u>EXHIBIT A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER FURTHER EXTENDING
## DEBTORS' EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN
## AND SOLICIT ACCEPTANCES THEREOF PURSUANT TO 11 U.S.C. § 1121(d)

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and

certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases

(collectively, the "Debtors"), for entry of an order (this "Order") (a) extending the Exclusive Filing

Period through and including October 2, 2023 and the Exclusive Solicitation Period through and

including November 30, 2023, without prejudice to the Debtors' right to seek further extensions

of the Exclusive Periods, and (b) granting related relief, all as more fully set forth in the Motion;

and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant

to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United

States District Court for the Southern District of New York dated January 31, 2012; and the Court

having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court

may enter a final order consistent with Article III of the United States Constitution; and the Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court on September 6, 2023 (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED and approved to the extent set forth herein.

2.      Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Filing Period pursuant to section 1121(b) of the Bankruptcy Code is hereby extended through and including October 2, 2023.

3.      Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Solicitation Period pursuant to section 1121(c) of the Bankruptcy Code is hereby extended through and including November 30, 2023.

4.      Nothing herein shall prejudice the Debtors' rights to seek further extensions of the Exclusive Periods consistent with section 1121(d) of the Bankruptcy Code.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
             New York, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE