**LOEB & LOEB LLP**
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
dbesikof@loeb.com
nweingarten@loeb.com

*Counsel to Decentralized Wireless Foundation, Inc.*
*d/b/a The Helium Foundation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| GENESIS GLOBAL HOLDCO, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors. | (Jointly Administered) |

**DECENTRALIZED WIRELESS FOUNDATION, INC.'S**
**LIMITED OBJECTION TO DISCLOSURE STATEMENT**
**WITH RESPECT TO THE AMENDED JOINT PLAN OF GENESIS GLOBAL**
**HOLDCO, LLC ET AL., UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

Decentralized Wireless Foundation, Inc. d/b/a The Helium Foundation ("Helium"), by and through its undersigned counsel, hereby submits this objection (this "Objection") to approval of the above-reference debtors' (collectively, the "Debtors") *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* [Dkt. No. 429] (the "Disclosure Statement") that was filed in connection with the *Debtors' Amended Joint Chapter 11 Plan* [Dkt. No. 427] (the "Plan").

**BACKGROUND**

1.      On May 22, 2023, Helium filed claims against the Debtors, asserting an ownership interest in 100,000.5 Helium Network Tokens (the "HNT Tokens") that Helium transmitted to debtor Genesis Global Capital, LLC ("Genesis") pursuant to that certain *Master Borrower Agreement* dated September 28, 2021 (the "Master Agreement").

2.      Under the Master Agreement, Genesis and Helium contemplated that Helium would transmit the HNT Tokens to Genesis, and Genesis, acting as an intermediary, would "stake" the HNT Tokens to Genesis' preferred validators.  The Master Agreement provided for Helium to retain legal and equitable title to and ownership of the HNT Tokens, and Genesis was expressly forbidden from transferring, hypothecating, mortgaging, pledging, selling, or otherwise alienating the HNT Tokens to any third-party (other than to return the HNT Tokens to Helium).

3.      On December 8, 2021, Genesis "staked" all of the HNT Tokens to Genesis' preferred validators, and on November 9, 2022, Helium requested that Genesis return the HNT Tokens to Helium.  Genesis failed to do so, and on November 16, 2022, Genesis informed Helium that Genesis could not provide details about the HNT Tokens to Helium.  To date, the HNT Tokens, which are property of Helium and not Genesis, have not been returned to Helium.

4.      Helium asserts that its transfer of the HNT Tokens pursuant to the Master Agreement and Genesis' express agreement that Genesis was not entitled to any ownership rights in the HNT Tokens makes the HNT Tokens property of Helium – and not the Debtors.  As a result, Helium asserts it is entitled to recover all of the HNT Tokens or the full value thereof.

## OBJECTION

I.      **The Disclosure Statement fails to provide "adequate information" as required under Section 1125 of the Bankruptcy Code.**

5.      "In order for a disclosure statement to be approved, it must include 'adequate information' or 'information of a kind, and in sufficient detail . . . that would enable . . . a hypothetical investor of the relevant class to make an informed judgment about the plan . . . .'" *In re Moshe*, 567 B.R. 438, 444 (Bankr. E.D.N.Y. 2017) (denying approval of disclosure statement) (quoting 11 U.S.C. § 1125(a)(1)); *see also In re Quigley Co.*, 377 B.R. 110, 115 (Bankr. S.D.N.Y.

2007) ("A disclosure statement must contain 'adequate information,' . . . describing a confirmable plan." (quoting 11 U.S.C. § 1125(a) & (b)).

## II.    The Disclosure Statement and Plan do not identify the treatment for the HNT Tokens.

6.    The Disclosure Statement does not permit Helium to make an informed judgment about the Plan because it does not indicate how the HNT Tokens will be treated.  Disclosure is needed on this point.  The Debtors should describe how the HNT Tokens will be treated, who the Debtors believe owns the HNT Tokens, and where those tokens currently reside.

## III.   The Disclosure Statement fails to indicate the level of recovery for the different classes of claims.

7.    Helium asserts that the HNT Tokens are Helium's property and that it has a right to its tokens, not a claim against the Debtors.  However, to the extent the Debtors disagree (and the Court so rules), Helium would have claims against the Debtors.[1]  The Disclosure Statement does not permit Helium (or any holder of a claim) to make an informed decision about the Plan because it fails to identify even a range of potential recoveries for each class of claims.

8.    Moreover, Helium is unable to determine whether it would recover a greater amount in a Chapter 7 liquidation than under the Plan (as is required to satisfy 11 U.S.C. § 1129(a)(7)(ii)), because the Disclosure Statement does not indicate the level of recoveries on a class-by-class basis, nor include a robust liquidation analysis that would provide such information.

9.    The Debtors' liquidation analysis [Dkt. No. 488] provides no analysis of what creditors would receive in a Chapter 7 liquidation or under the Plan.  Likewise, the financial projections [Dkt. No. 488] are similarly unhelpful because they articulate the "estimated net assets

---

[1] Helium reserves all rights in respect of the ownership of the HNT Tokens and any claims arising in connection with the HNT Tokens.

available for distribution." But that information does not permit creditors to understand their projected recoveries under the Plan.

10.     Helium understands that creditor recoveries may be dependent on litigation outcomes, so projecting recoveries in this case may be difficult. However, other similarly-situated crypto debtors – *e.g.*, BlockFi and Voyager – have been able to provide projected recovery ranges in their respective disclosure statements. *See In re Blockfi Inc.*, No. 2219361, Dkt. No. 1133, p. 30; *see also In re Voyager Digital Holdings, Inc.*, No. 22-10943, Dkt. No. 863, p. 14.

<u>**RESERVATION OF RIGHTS**</u>

11.     Helium reserves its rights to supplement, amend, modify, or expand this Objection. Helium also reserves all rights to object to confirmation of the Plan (or any subsequently amended, modified, supplemental, or other Plan) on any grounds, and the failure to include an objection to confirmation or assert any other right herein does not constitute a waiver of any such objections or other rights with respect to the plan confirmation process.

<u>**CONCLUSION**</u>

WHEREFORE, Helium respectfully requests that the Court deny approval of the Disclosure Statement or, alternatively, order the modification of the Disclosure Statement in a manner consistent with this Objection; and grant Helium such further relief as is just and proper.

Dated: New York, New York
      August 4, 2023

LOEB & LOEB LLP

By: *<u>/s/ Daniel B. Besikof</u>*
Daniel B. Besikof
Noah Weingarten
345 Park Avenue
New York, New York 10154
Telephone: (212) 407-4000
dbesikof@loeb.com
nweingarten@loeb.com

*Counsel to Decentralized Wireless
Foundation, Inc.
d/b/a The Helium Foundation*

24353294