CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF RECOGNITION PROCEEDINGS IN SINGAPORE**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors", and these cases, collectively, the "Chapter 11 Cases") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on January 26, 2023, the Bankruptcy Court entered the *Order Authorizing Debtor Genesis Asia Pacific Pte. Ltd. to Act as Foreign Representative of the Debtors*, ECF No. 38, permitting Genesis Asia Pacific Pte Ltd. ("GAP") to act as the foreign representative to the Debtors.

**PLEASE TAKE FURTHER NOTICE** that on April 20, 2023, the Debtors filed applications seeking recognition of the Chapter 11 Cases as foreign main proceedings, or in the alternative, recognition of the Chapter 11 Cases as foreign non-main proceedings in the General Division of the High Court of the Republic of Singapore (such court, the "High Court" and such

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

applications the "Recognition Applications").

**PLEASE TAKE FURTHER NOTICE** that, on July 17, 2023, the High Court granted recognition of the Chapter 11 Case of Holdco as a foreign main proceeding. A copy of the High Court's Order is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE** that, on July 20, 2023, the High Court granted recognition of the Chapter 11 Case of Genesis Global Capital, LLC as a foreign main proceeding. A copy of the High Court's Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that on July 25, 2023, the High Court granted recognition of the Chapter 11 Case of Genesis Asia Pacific Pte. Ltd. as a foreign non-main proceeding. A copy of the High Court's Order is attached hereto as **Exhibit C**.

Dated: August 9, 2023
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ *Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors*
*and Debtors-in-Possession*

# EXHIBIT A

**Order of the Singapore High Court with respect to Genesis Global Holdco, LLC**

**IN THE GENERAL DIVISION OF THE HIGH COURT OF THE REPUBLIC OF SINGAPORE**

Case No.: HC/OA 402/2023

Doc No.: HC/ORC 3238/2023
Filed: 17-July-2023 06:01 PM

THE SEAL OF THE SUPREME COURT ★ SINGAPORE ★

In the matter of Part 11 of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018)

And

In the matter of Section 252 of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018)

And

In the matter of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018)

And

In the matter of Article 15 of the UNCITRAL Model Law on Cross-Border Insolvency



And

In the matter of the Appointment of Foreign Representative in the United States Bankruptcy Court in the Southern District of New York in Case No. 23-10063 (Genesis Global Holdco, LLC (EIN 38-4058219)), jointly administered with Case No. 23-10064 (Genesis Global Capital, LLC (EIN 37-1878564)) and Case No. 23-10065 (Genesis Asia Pacific Pte. Ltd. (Singapore UEN No. 202002164R)) on 26 January 2023

And

In the matter of GENESIS GLOBAL HOLDCO, LLC (United States Registration No. 38-4058219)

1. GENESIS ASIA PACIFIC PTE. LTD.
(Singapore UEN No. 202002164R)
(in its capacity as foreign representative of Genesis Global Holdco, LLC)

2. GENESIS GLOBAL HOLDCO, LLC
(United States Registration No. 38-4058219)

...Applicant(s)

**ORDER OF COURT**

| | |
|---|---|
| Case No: | HC/OA 402/2023 |
| Before: | The Honourable Justice Aedit Abdullah |
| Venue: | Supreme Court, Chamber 3C |
| Hearing date/Time: | 6 July 2023 at 10:00AM |

The Court made the following orders in the above application:

**UPON THE APPLICATION** of the Applicants made by way of HC/OA 402/2023 coming on for hearing on 6 July 2023, and **UPON READING** the 1st Affidavit of Ahmed Derar Islim dated 8 May 2023 and filed on 9 May 2023 and the 2nd Affidavit of Ahmed Derar Islim dated 31 May 2023 and filed on 1 June 2023, and **UPON HEARING** counsel for the Applicants,

It is ordered:

1. That the proceedings of Genesis Global Holdco, LLC (EIN 38-4058219) ("**Holdco**") in Case No. 23-10063, consolidated for procedural purposes only by the Order Directing Joint Administration of Related Chapter 11 Cases (ECF No. 37) dated 26 January 2023 under Case No. 23-10063 in relation to Holdco, Genesis Global Capital, LLC (EIN 37-1878564) and Genesis Asia Pacific Pte. Ltd. (Singapore UEN No. 202002164R) filed under Chapter 11, Title 11 of the United States Bankruptcy Code with the Bankruptcy Court for the Southern District of New York (these cases collectively, the "**Chapter 11 Proceedings**") be recognised by the Singapore Courts and in Singapore as a foreign main proceeding within the meaning of Article 2(f) of the UNCITRAL Model Law on Cross Border Insolvency as adopted in Singapore by way of Section 252 and the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018) (the "**Model Law**"), and that Holdco be immediately entitled to relief pursuant to Article 20 of the Model Law.



2. That so long as the Chapter 11 Proceedings with respect to Holdco, including any extensions thereto are in force, except with leave of the Court:

(i) The commencement or continuation of individual actions or individual proceedings concerning Holdco's property, rights, obligations or liabilities, and all orders made thereunder, be stayed in accordance with Article 21(1)(a) of the Model Law;

(ii) Execution, distress or other legal process against Holdco's property be stayed in accordance with Article 21(1)(b) of the Model Law and section 96(4)(d) / section 64(8)(d) of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018) (the "**IRDA**");

(iii) The right to transfer, encumber or otherwise dispose of any property of Holdco (save for any such right by Holdco to so transfer, encumber or otherwise dispose its own property) be suspended in accordance with Article 21(1)(c) of the Model Law;

(iv) No order may be made, and no resolution may be passed, for the winding up of Holdco in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(a) / section 64(8)(a) of the IRDA;

(v) No receiver or manager may be appointed over any property or undertaking of Holdco in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(b) / section 64(8)(b) of the IRDA;

(vi) No other proceedings may be commenced or continued against Holdco in accordance with Article 21 (1)(g) of the Model Law and section 96(4)(c) / section 64(8)(c) of the IRDA;

(vii) No step may be taken to enforce any security over any property of Holdco in Singapore, or to

repossess any goods under any chattels leasing agreement, hire-purchase agreement or retention of title agreement in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(e) / section 64(8)(e) of the IRDA;

(viii) Despite sections 18 and 18A of the Conveyancing and Law of Property Act 1886, no right of re-entry or forfeiture under any lease in respect of any premises occupied by Holdco may be enforced in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(f) / section 64(8)(f) of the IRDA;

(ix) No person may, in relation to any agreement, claim or asset located in Singapore or governed by the laws of Singapore without the prior written consent of Holdco or permission of this Court:

i. terminate or amend, or claim an accelerated payment or forfeiture of the term under, any agreement (including a security agreement) with Holdco, or



ii. terminate or modify any right or obligation under any agreement (including a security agreement) with Holdco,



by reason only that the proceedings herein and in the Chapter 11 Proceedings with respect to Holdco are commenced or that Holdco is insolvent, save that nothing in this paragraph (ix) is to be construed as:

(1) prohibiting a person from requiring payments to be made in cash for goods, services, use of leased property or other valuable consideration provided after the commencement of the proceedings; or

(2) requiring the further advance of money or credit.

(x) That Holdco is authorised to transfer, encumber or otherwise dispose of any property of Holdco, and any suspension of such rights under Article 20(1)(c) of the Model Law be disapplied.

3. Liberty for the Applicants to apply, including in relation to any urgent application required in the event that the appointment of a foreign representative of Holdco is required on an urgent basis.

4. Costs of and incidental to this Originating Application to be paid out of Holdco's assets.

Date of Order: 6 July 2023

Notes:

1. The person or entity served with this judgment/order and who/which has been ordered to pay money, to do or not to do any act must comply immediately or within the time

specified in the judgment/order, if any.

2. Failure to comply may result in enforcement of judgment/order proceedings, including contempt of Court proceedings, against the said person or entity.



*https://www.courtorders.gov.sg*
*Access code: 8hf7ssfhi*

Getting this document from the Authentic Court Orders Portal verifies:
(a) that it was issued by the Courts of the Republic of Singapore or, in the case of a Schedule of Assets, that it was filed with the Courts in relation to an application for a Grant of Probate/Letter of Administration; and (b) the text of the document was issued on 06 Jul 2023



HC/OA402/2023:HC/ORC3238/2023:HC/OA402/2023:HC/ORC3238/2023:HC/OA402/202

TAN BOON HENG
REGISTRAR
SUPREME COURT
SINGAPORE



# EXHIBIT B

**Order of the Singapore High Court with respect to Genesis Global Capital, LLC**

**IN THE GENERAL DIVISION OF THE HIGH COURT OF THE REPUBLIC OF SINGAPORE**

Case No.: HC/OA 403/2023

Doc No.: HC/ORC 3250/2023
Filed: 20-July-2023 12:02 PM

THE SEAL OF THE SUPREME COURT SINGAPORE

In the matter of Part 11 of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018)

And

In the matter of Section 252 of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018)

And

In the matter of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018)

And

In the matter of of Article 15 of the UNCITRAL Model Law on Cross-Border Insolvency



And

In the matter of the Appointment of Foreign Representative in the United States Bankruptcy Court in the Southern District of New York in Case No. 23-10063 (Genesis Global Holdco, LLC (EIN 38-4058219)), jointly administered with Case No. 23-10064 (Genesis Global Capital, LLC (EIN 37-1878564)) and Case No. 23-10065 (Genesis Asia Pacific Pte. Ltd. (Singapore UEN No. 202002164R)) on 26 January 2023

And

In the matter of GENESIS GLOBAL CAPITAL, LLC (United States Registration No. 37-1878564)

1. GENESIS ASIA PACIFIC PTE. LTD.
   (Singapore UEN No. 202002164R)
   (in its capacity as foreign representative of Genesis Global Capital, LLC)

2. GENESIS GLOBAL CAPITAL, LLC
   (United States Registration No. 37-1878564)

...Applicant(s)

**ORDER OF COURT**

| | |
|---|---|
| Case No: | HC/OA 403/2023 |
| Before: | The Honourable Justice Aedit Abdullah |
| Venue: | Supreme Court, Chamber 3C |
| Hearing date/Time: | 06 July 2023 at 10:00AM |

The Court made the following orders in the above application:

**UPON THE APPLICATION** of the Applicants made by way of HC/OA 403/2023 coming on for hearing on 6 July 2023, and **UPON READING** the 1st Affidavit of Ahmed Derar Islim dated 8 May 2023 and filed on 9 May 2023 and the 2nd Affidavit of Ahmed Derar Islim dated 31 May 2023 and filed on 1 June 2023, and **UPON HEARING** counsel for the Applicants,

It is ordered:

1. That the proceedings of Genesis Global Capital, LLC (EIN 37-1878564) ("**GGC**") in Case No. 23-10064, consolidated for procedural purposes only by the Order Directing Joint Administration of Related Chapter 11 Cases (ECF No. 37) dated 26 January 2023 under Case No. 23-10063 in relation to GGC, Genesis Global Holdco, LLC (EIN 38-4058219) and Genesis Asia Pacific Pte. Ltd. (Singapore UEN No. 202002164R) filed under Chapter 11, Title 11 of the United States Bankruptcy Code with the Bankruptcy Court for the Southern District of New York (these cases collectively, the "**Chapter 11 Proceedings**") be recognised by the Singapore Courts and in Singapore as a foreign main proceeding within the meaning of Article 2(f) of the UNCITRAL Model Law on Cross Border Insolvency as adopted in Singapore by way of Section 252 and the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018) (the "**Model Law**"), and that GGC be immediately entitled to relief pursuant to Article 20 of the Model Law.



2. That so long as the Chapter 11 Proceedings with respect to GGC, including any extensions thereto are in force, except with leave of the Court:

(i) The commencement or continuation of individual actions or individual proceedings concerning GGC's property, rights, obligations or liabilities, and all orders made thereunder, be stayed in accordance with Article 21(1)(a) of the Model Law;

(ii) Execution, distress or other legal process against GGC's property be stayed in accordance with Article 21(1)(b) of the Model Law and section 96(4)(d) / section 64(8)(d) of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018) (the "**IRDA**");

(iii) The right to transfer, encumber or otherwise dispose of any property of GGC (save for any such right by GGC to so transfer, encumber or otherwise dispose its own property) be suspended in accordance with Article 21(1)(c) of the Model Law;

(iv) No order may be made, and no resolution may be passed, for the winding up of GGC in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(a) / section 64(8)(a) of the IRDA;

(v) No receiver or manager may be appointed over any property or undertaking of GGC in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(b) / section 64(8)(b) of the IRDA;

(vi) No other proceedings may be commenced or continued against GGC in accordance with Article 21(1)(g) of the Model Law and section 96(4)(c) / section 64(8)(c) of the IRDA;

(vii) No step may be taken to enforce any security over any property of GGC in Singapore, or to repossess any goods under any chattels leasing agreement, hire-purchase agreement or retention of title agreement in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(e) / section 64(8)(e) of the IRDA;

(viii) Despite sections 18 and 18A of the Conveyancing and Law of Property Act 1886, no right of re-

entry or forfeiture under any lease in respect of any premises occupied by GGC may be enforced in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(f) / section 64(8)(f) of the IRDA;

(ix) No person may, in relation to any agreement, claim or asset located in Singapore or governed by the laws of Singapore without the prior written consent of GGC or permission of this Court:

i. terminate or amend, or claim an accelerated payment or forfeiture of the term under, any agreement (including a security agreement) with GGC, or

ii. terminate or modify any right or obligation under any agreement (including a security agreement) with GGC,

by reason only that the proceedings herein and in the Chapter 11 Proceedings with respect to GGC are commenced or that GGC is insolvent, save that nothing in this paragraph (ix) is to be construed as:



(1) prohibiting a person from requiring payments to be made in cash for goods, services, use of leased property or other valuable consideration provided after the commencement of the proceedings; or

(2) requiring the further advance of money or credit.

(x) That GGC is authorised to transfer, encumber or otherwise dispose of any property of GGC, and any suspension of such rights under Article 20(1)(c) of the Model Law be disapplied.

3. Liberty for the Applicants to apply, including in relation to any urgent application required in the event that the appointment of a foreign representative of GGC is required on an urgent basis.

4. Costs of and incidental to this Originating Application to be paid out of GGC's assets.

Date of Order: 6 July 2023

Notes:
1. The person or entity served with this judgment/order and who/which has been ordered to pay money, to do or not to do any act must comply immediately or within the time specified in the judgment/order, if any.

2. Failure to comply may result in enforcement of judgment/order proceedings, including contempt of Court proceedings, against the said person or entity.





HC/OA403/2023:HC/ORC3250/2023:HC/OA403/2023:HC/ORC3250/2023:HC/OA403/202

TAN BOON HENG
REGISTRAR
SUPREME COURT
SINGAPORE

*https://www.courtorders.gov.sg*
*Access code: 8hf6bka0i*

Getting this document from the Authentic Court Orders Portal verifies:
(a) that it was issued by the Courts of the Republic of Singapore or, in the case of a Schedule of Assets, that it was filed with the Courts in relation to an application for a Grant of Probate/Letter of Administration; and (b) the text of the document was issued on 06 Jul 2023



# **EXHIBIT C**

**Order of the Singapore High Court with respect to Genesis Asia Pacific Pte. Ltd.**

**IN THE GENERAL DIVISION OF THE HIGH COURT OF THE REPUBLIC OF SINGAPORE**

Case No.: HC/OA 400/2023

Doc No.: HC/ORC 3364/2023
Filed: 25-July-2023 03:16 PM

THE SEAL OF THE SUPREME COURT ★ SINGAPORE ★

In the matter of Part 11 of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018)

And

In the matter of Section 252 of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018)

And

In the matter of the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018)

And

In the matter of Article 15 of the UNCITRAL Model Law on Cross-Border Insolvency



And

In the matter of the Appointment of Foreign Representative in the United States Bankruptcy Court in the Southern District of New York in Case No. 23-10063 (Genesis Global Holdco, LLC (EIN 38-4058219)), jointly administered with Case No. 23-10064 (Genesis Global Capital, LLC (EIN 37-1878564)) and Case No. 23-10065 (Genesis Asia Pacific Pte. Ltd. (Singapore UEN No. 202002164R)) on 26 January 2023

And

In the matter of GENESIS ASIA PACIFIC PTE. LTD. (Singapore UEN No. 202002164R)

1. GENESIS ASIA PACIFIC PTE. LTD.
(Singapore UEN No. 202002164R)
(in its capacity as foreign representative of Genesis Asia Pacific Pte. Ltd.)

2. GENESIS ASIA PACIFIC PTE. LTD.
(Singapore UEN No. 202002164R)

...Applicant(s)

**ORDER OF COURT**

| | |
|---|---|
| Case No: | HC/OA 400/2023 |
| Before: | The Honourable Justice Aedit Abdullah |
| Venue: | Supreme Court, Chamber 3C |
| Hearing date/Time: | 6 July 2023 at 10:00AM |

The Court made the following orders in the above application:

**UPON THE APPLICATION** of the Applicants made by way of HC/OA 400/2023 coming on for hearing on 6 July 2023, and **UPON READING** the 1st Affidavit of Ahmed Derar Islim dated 8 May 2023 and filed on 9 May 2023 and the 2nd Affidavit of Ahmed Derar Islim dated 31 May 2023 and filed on 1 June 2023, and **UPON HEARING** counsel for the Applicants,

It is ordered:

1. That the proceedings of Genesis Asia Pacific Pte. Ltd. (Singapore UEN No. 202002164R) ("**GAP**") in Case No. 2310065, consolidated for procedural purposes only by the Order Directing Joint Administration of Related Chapter 11 Cases (ECF No. 37) dated 26 January 2023 under Case No. 2310063 in relation to Genesis Global Holdco, LLC (EIN 38-4058219), Genesis Global Capital, LLC (EIN 37-1878564) and GAP filed under Chapter 11, Title 11 of the United States Bankruptcy Code with the Bankruptcy Court for the Southern District of New York (these cases collectively, the "**Chapter 11 Proceedings**") with respect to GAP be recognised by the Singapore High Court and in Singapore as a foreign non-main proceeding within the meaning of Article 2(g) of the UNCITRAL Model Law on Cross Border Insolvency as adopted in Singapore by way of Section 252 and the Third Schedule of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018) (the "**Model Law**").



2. That so long as the Chapter 11 Proceedings with respect to GAP, including any extensions thereto are in force, except with leave of the Court:

(i) The commencement or continuation of individual actions or individual proceedings concerning GAP's property, rights, obligations or liabilities, and all orders made thereunder, be stayed in accordance with Article 21(1)(a) of the Model Law;

(ii) Execution, distress or other legal process against GAP's property be stayed in accordance with Article 21(1)(b) of the Model Law and section 96(4)(d) / section 64(8)(d) of the Insolvency, Restructuring and Dissolution Act 2018 (Act 40 of 2018) (the "**IRDA**");

(iii) The right to transfer, encumber or otherwise dispose of any property of GAP (save for any such right by GAP to so transfer, encumber or otherwise dispose its own property) be suspended in accordance with Article 21(1)(c) of the Model Law;

(iv) No order may be made, and no resolution may be passed, for the winding up of GAP in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(a) / section 64(8)(a) of the IRDA;

(v) No receiver or manager may be appointed over any property or undertaking of GAP in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(b) / section 64(8)(b) of the IRDA;

(vi) No other proceedings may be commenced or continued against GAP in accordance with Article 21(1)(g) of the Model Law and section 96(4)(c) / section 64(8)(c) of the IRDA;

(vii) No step may be taken to enforce any security over any property of GAP in Singapore, or to repossess any goods held by GAP in Singapore under any chattels leasing agreement, hire-purchase agreement or retention of title agreement in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(e) / section 64(8)(e) of the IRDA;

(viii) Despite sections 18 and 18A of the Conveyancing and Law of Property Act 1886, no right of re-

entry or forfeiture under any lease in respect of any premises occupied by GAP may be enforced in Singapore in accordance with Article 21(1)(g) of the Model Law and section 96(4)(f) / section 64(8)(f) of the IRDA;

(ix) No person may, in relation to any agreement, claim or asset located in Singapore or governed by the laws of Singapore without the prior written consent of GAP or permission of this Court:

i. terminate or amend, or claim an accelerated payment or forfeiture of the term under, any agreement (including a security agreement) with GAP, or

ii. terminate or modify any right or obligation under any agreement (including a security agreement) with GAP,

by reason only that the proceedings herein and in the Chapter 11 Proceedings with respect to GAP are commenced or that GAP is insolvent, save that nothing in this paragraph (ix) is to be construed as:



(1) prohibiting a person from requiring payments to be made in cash for goods, services, use of leased property or other valuable consideration provided after the commencement of the proceedings; or

(2) requiring the further advance of money or credit.

3. Liberty for the Applicants to apply, including in relation to any urgent application required in the event that the appointment of a foreign representative of GAP is required on an urgent basis.

4. Costs of and incidental to this Originating Application to be paid out of GAP's assets.

Date of Order: 06 July 2023

Notes:
1. The person or entity served with this judgment/order and who/which has been ordered to pay money, to do or not to do any act must comply immediately or within the time specified in the judgment/order, if any.

2. Failure to comply may result in enforcement of judgment/order proceedings, including contempt of Court proceedings, against the said person or entity.





HC/OA400/2023:HC/ORC3364/2023:HC/OA400/2023:HC/ORC3364/2023:HC/OA400/202

TAN BOON HENG
REGISTRAR
SUPREME COURT
SINGAPORE

*https://www.courtorders.gov.sg*
*Access code: 8hf6hmwh0*

Getting this document from the Authentic Court Orders Portal verifies:
(a) that it was issued by the Courts of the Republic of Singapore or, in the case of a Schedule of Assets, that it was filed with the Courts in relation to an application for a Grant of Probate/Letter of Administration; and (b) the text of the document was issued on 06 Jul 2023

