Hearing Date: August 18, 2023 at 11:00 a.m.
Opp. Deadline: August 11, 2023 at 4:00 p.m.

**NEW YORK STATE OFFICE OF
THE ATTORNEY GENERAL**

Gabriel Tapalaga, Esq.
Assistant Attorney General
28 Liberty St., 21st Floor
New York, New York 10005
Telephone: (212) 416-6177
gabriel.tapalaga@ag.ny.gov

*Counsel for the People of the
State of New York*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENESIS GLOBAL HOLDCO, LLC, *et al.*[1], | ) | Case No.: 23-10063 (SHL) |
| | ) | |
| DEBTORS. | ) | (JOINTLY ADMINISTERED) |

**THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL'S LIMITED OBJECTION TO *DEBTORS' MOTION TO APPROVE THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT* [Docket No. 461] AND JOINDER TO THE *OBJECTION OF THE U.S. SECURITIES AND EXCHANGE COMMISSION TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT* [Docket No. 510]**

The New York State Office of the Attorney General (the "OAG"), by and through its undersigned counsel, files this Limited Objection to the Debtors' Motion to Approve the Adequacy of Information in the Disclosure Statement [Docket No. 461] and Joinder to the Objection of the U.S. Securities and Exchange Commission to Debtors' Motion for Entry of an Order Approving

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). The case numbers are as follows: 23-10063 for Genesis Global Holdco, LLC; 23-10064 for Genesis Global Capital, LLC; and, 23-10065 for Genesis Asia Pacific PTE. LTD. For these Chapter 11 Cases, the Debtors' service address is 250 Park Avenue South, 5th Floor, New York, NY 10003.

the Adequacy of the Disclosure Statement [Docket No. 510] (the "Limited Objection") and respectfully states:

1.      The OAG is the New York State agency responsible for enforcing New York General Business Law Article 23-A, §§ 352 *et seq.* (the "Martin Act") and New York Executive Law § 63(12). These statutes authorize the OAG to bring an action in the name and on behalf of the People of the State of New York against any person, partnership, corporation, company, trust, or association, and any other person or persons theretofore concerned in or in any way participates in or is about to participate in fraudulent practices, as defined under the Martin Act, within or from New York, or whenever any person engages in repeated fraudulent or illegal acts or otherwise demonstrates persistent fraud or illegality in the carrying on, conducting or transacting of business in New York, respectively.

2.      Debtors Genesis Global Holdco, LLC, and Genesis Global Capital, LLC have or had their offices at 250 Park Avenue S, New York, NY 10003. (*See*, Voluntary Petition of Genesis Global Holdco, LLC, *In re: Genesis Global Holdco, LLC*, 23-10063-shl (S.D.N.Y. Bankr. Jan. 19, 2023) (Docket No. 1); Voluntary Petition of Genesis Global Capital, LLC, *In re: Genesis Global Capital, LLC*, 23-10064-shl (S.D.N.Y. Bankr. Jan. 19, 2023) (Docket No. 1)). Genesis Asia Pacific is a wholly-owned subsidiary of Genesis Global Holdco, LLC. (*See*, Voluntary Petition of Genesis Asia Pacific Pte. Ltd. at Consolidated Corporate Ownership Statement Pursuant to Federal Rules of Bankruptcy Procedures 1007 and 7007.1, *In re: Genesis Asia Pacific Pte. Ltd.*, 23-10065-shl (S.D.N.Y. Bankr. Jan. 19, 2023) (Docket No. 1)).

3.      Subject to the comments in paragraphs 4-6, the OAG joins in the Objection of the U.S. Securities and Exchange Commission to Debtors' Motion for Entry of an Order Approving the Adequacy of the Disclosure Statement [Docket No. 510] (the "SEC Objection").

4.	The SEC Objection states that "the Disclosure Statement, Amended Plan, and any confirmation order should expressly state that nothing therein impairs the SEC's police and regulatory powers or limits the SEC from commencing or continuing any proceeding or investigation." (*See,* SEC Objection § C.)

5.	The Disclosure Statement, Amended Plan, or confirmation order should also state that nothing therein impairs ***other governmental units' (including the OAG's)*** police and regulatory powers or limits ***other governmental units (including the OAG)*** from commencing or continuing any proceeding or investigation.

6.	Similarly, the SEC objects that the "Disclosure Statement, Amended Plan, and any confirmation order should be amended to include a provision … explicitly stating that those documents do not contain or constitute findings under the securities laws as to whether crypto assets or transactions involving crypto assets are securities." (*See* SEC Objection ¶ 17.) However, the language proposed by the SEC references only "federal securities law." (*See id.*) That provision should state that the documents referenced do not contain or constitute such findings under ***either*** federal ***or state (including New York State)*** securities laws.

## RESERVATION OF RIGHTS

7.	The OAG reserves all rights to object to confirmation of the Plan, including on any of the above grounds and on grounds not raised in this objection, and to supplement this Limited Objection, should the Debtors re-notice the hearing or the objection deadline.

WHEREFORE, the OAG requests that the Court deny approval of the Disclosure Statement, and grant such other and further relief that is just and proper.

Dated: August 9, 2023  
      New York, New York

Respectfully Submitted,

**LETITIA JAMES**  
**Attorney General of the State of New York**

/s/ Gabriel Tapalaga  
Gabriel Tapalaga  
Assistant Attorney General  
28 Liberty Street  
New York, New York 10005  
Telephone: (212) 416-6177  
Email: gabriel.tapalaga@ag.ny.gov

*Of Counsel for OAG*

## CERTIFICATE OF SERVICE

I certify that on August 9, 2023 the foregoing document was filed and served electronically through the Court's CM/ECF system.

/s/ Gabriel Tapalaga<br>
Gabriel Tapalaga