**Hearing Date: September 6, 2023 at 2:00 p.m.(Prevailing Eastern Time)**
**Objection Deadline: August 30, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION FOR AN ORDER AUTHORIZING HOLDCO TO ENTER INTO PAYROLL CONTRACT, INCUR OBLIGATIONS RELATED TO EMPLOYEE TRANSFER AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on August 16, 2023 the Debtors, filed the annexed *Debtors' Motion for an Order Authorizing Holdco to Enter Into Payroll Contract, Incur Obligations Related to Employee Transfer and Granting Related Relief* (the "Motion"). A hearing (the "Hearing") on the Motion will be held via Zoom before the Honorable Judge Sean H. Lane,

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **September 6, 2023 at 2:00 p.m. (Eastern Time) (the "Hearing Date")**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **August 30, 2023 at 4:00 p.m. (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Motion carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

| | |
|---|---|
| Dated: August 16, 2023<br>New York, New York | */s/ Jane VanLare*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING HOLDCO TO ENTER INTO PAYROLL CONTRACT, INCUR OBLIGATIONS RELATED TO EMPLOYEE TRANSFER AND GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, the "Chapter 11 Cases") hereby file this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 363, of title 11 of the United States Code (the "Bankruptcy Code"), (a) authorizing Holdco to (i) enter into an agreement for payroll services, (ii) incur any obligations related to the transition of

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

employees employed by Genesis Global Trading, Inc. ("GGT") to Holdco, and (iii) take any other actions related to the transition of employees to Holdco, and (b) granting related relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") [2] and the *Declaration of Joseph J. Sciametta in Support of the Debtors' Motion for an Order Authorizing Holdco to Enter Into Payroll Contract, Incur Obligations Related to Employee Transfer and Granting Related Relief*, filed contemporaneously herewith, and respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are sections 105(a) and 363, of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

---

[2]   Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declarations.

## BACKGROUND

4.     The Debtors' operations included lending and borrowing services for digital assets. GGC International Limited, and other non-Genesis Debtor affiliates, offer trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

5.     On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

6.     As described in the Debtors' cash management motion, to facilitate and streamline the Debtors' intercompany expenses, GGC and non-Debtor GGT, entered into that certain Intercompany Services and Expense Allocation Agreement dated January 1, 2022 (the "Shared Services Agreement"), under which GGT employees provide the Debtors certain services, such as customer onboarding, management and administrative support. *See Debtors' Motion For Entry of Interim and Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief*, ECF No. 15.  GGC agreed to pay for those services as set forth in Schedule A to the agreement. Pursuant to the Shared Services Agreement, the cost of certain expenses, such as payroll and

3

administrative support, is allocated by GGT to GGC based on allocations provided by internal services providers and actual payroll for all of the GGC's employees plus an allocated percentage of shared employees. *Id.* For example, individuals providing services to GGC are employed by GGT, but GGC reimburses the payroll expenses for those individuals under the Shared Services Agreement. *Id.* Where employees are shared between entities, the cost of paying those employees is allocated between entities based on their respective time spent at each entity. *Id.*

7.   As of the date hereof, all of the employees who provide services to the Debtors are employed by GGT (collectively, the "Employees"), except for certain employees employed by GAP. See *Motion of Genesis Asia Pacific Pte. Ltd. for Entry of Interim and Final Orders (I) Authorizing Genesis Asia Pacific Pte. To (A) A Pay Certain Employee Wages and Other Compensation and Related Obligations and (B) Maintain and Continue Employee Benefits and Programs in the Ordinary Course of , and (ii) Authorizing and Directing Applicable Banks to Honor All Transfers Related to Such Obligations,* ECF No. 16.

8.   As set forth in the *Debtors Motion Seeking Entry of an Order (I) Approving the Bidding Procedures and Related Deadlines, (II) Scheduling Hearings and Objection Deadlines with Respect the Debtors' Sale, and (III) Granting Related Relief,* ECF, No. 133, the Debtors' sale process contemplates selling GGT. DCG, as GGT's parent, may also decide to wind down GGT. To prepare for the possible sale or wind down of GGT, the Debtors plan to transition payroll, employment agreements, and certain other obligations related to the Employees from GGT to Holdco.

9.   As of the date hereof, GGT employs approximately 95 Employees. Sciametta Declaration ¶ 5. These Employees perform a variety of critical functions for the Debtors' businesses. Sciametta Declaration ¶ 5. The Employees' skills, their specialized knowledge of the

4

Debtors' businesses, industry and operations as well as their relationships with customers and other third parties are essential to the value of the Debtors' assets and businesses. Sciametta Declaration ¶ 8. Without the support and dedication of the Employees to ensure the continued operation of their businesses, the Debtors would be unable to preserve their business and/or facilitate an orderly wind down.

**A.    Payroll Services Contract**

10.    TriNet, USA Inc., ("TriNet") is a vendor that has historically provided payroll and other human resources services to Employees providing services to the Debtors through a contract with GGT. Sciametta Declaration ¶ 7. Holdco seeks to enter into a similar payroll processing contract with TriNet to facilitate processing the payroll of and provide other related services to the transitioned Employees (the "Payroll Contract"). Under the proposed contract, Holdco is anticipated to pay approximately $11,000.00 per month for the services, which include payroll processing, benefits administration, and certain HR data management services. Sciametta Declaration ¶ 7. Holdco seeks to enter into the Payroll Contract as soon as possible so that it may begin the transition of Employees from GGT to Holdco as early as October 1, 2023. Sciametta Declaration ¶ 7.

**B.    Other Obligations**

11.    Following its entry into the Payroll Contract, the Debtors anticipate that a subset of GGT's Employees will enter into employment agreements with Holdco with similar terms as those in their employment agreements with GGT. Sciametta Declaration ¶ 6. By entering into these employment agreements and incurring these obligations, Holdco expects to pay the wages, any discretionary bonuses, and provide benefits and incur severance obligations related to these Employees in the ordinary course of its business. Sciametta Declaration ¶ 6.

**RELIEF REQUESTED**

12.     By this Motion, the Debtors seek entry of an order (a) authorizing Holdco to (i) enter into the Payroll Contract, (ii) incur any obligations related to the transition of Employees employed by GGT to Holdco, including (x) entering into employment contracts with such Employees, (y) incurring certain wages and benefits obligations, including (1) wages, salaries and other variable compensation including discretionary bonuses, (2) reimbursable expenses, (3) health, 401(k) plan, and insurance benefits, (4) severance benefits, (5) paid time-off and other leave, and (6) all other benefits historically provided to the employees in the ordinary course of business (the "Employee Wages and Benefits"), (b) take any other related actions to the transition of GGT's Employees to Holdco, and (c) granting related relief.

**BASIS FOR RELIEF**

A.      **The Requested Relief Is an Exercise of Sound Business Judgment.**

13.     Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Under section 363(b), courts require only that the debtor show "a good business reason" for such actions. *See, e.g.*, *Official Comm. Of Unsecured Creditors v. Enron Corp.*, 335 B.R. 22, 28 (S.D.N.Y. 2005) (quoting *Comm. Of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063, 1072 (2d Cir. 1983); *see also In re Adelphia Commc'ns Corp.*, No. 02-41729, 2003 WL 22316543, at *30 (Bankr. S.D.N.Y. Mar. 4, 2003). Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. Of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business

6

judgment rule on the merits is a near-Herculean task"). Additionally, under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title," and provides this Court with broad, equitable powers to "assure the orderly conduct of the reorganization proceedings." 11 U.S.C. § 105(a); *Garrity v. Leffler (In re Neuman)*, 71 B.R. 567, 571 (S.D.N.Y. 1987) (citing *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985)).

14. The Debtors believe that entering into the payroll contract and employee transition arrangements constitute ordinary-course actions under § 363. Nevertheless, and out of an abundance of caution, the Debtors request this Court's approval of the requested relief under § 363 to prepare for the possibility that DCG may decide to wind down GGT. The Debtors submit that Holdco's entry into the Payroll Contract and the transition of Employees and associated obligations from GGT to Holdco is in the Debtors' sound business judgment. Needless to say, the Employees provide critical and specialized services to the Debtors, and providing for their continued employment is necessary to the Debtors' business operations and the implementation of its chapter 11 plan. The transition of employees to Holdco is also necessary to prepare for the possible sale or wind-down of GGT. Ensuring that the Employees continue to provide services to the Debtors and receive their wages and benefits is in the Debtors' and their stakeholders' best interest. Therefore, the Debtors have determined in their sound business judgment, that the orderly transition of payroll services and the incurrence of obligations related to the Employees is necessary for the continued administration of the Debtors' Chapter 11 Cases.

**WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

15. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

**NOTICE**

16. The Debtors have provided notice of this Motion in accordance with the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures, ECF No. 44. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

**NO PRIOR REQUEST**

17. No prior motion for the relief requested herein has been made to this or any other court.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter the order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated:   August 16, 2023
         New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

8

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING HOLDCO TO ENTER INTO PAYROLL CONTRACT, INCUR OBLIGATIONS RELATED TO EMPLOYEE TRANSFER AND GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for an Order Authorizing Holdco to Enter Into Payroll Contract, Incur Obligations Related to Employee Transfer and Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors (the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided, and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007*-2, ECF No. 17 (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

in Compliance with Local Rule 1007-2, ECF No. 19 (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 28 (the "Leto First Day Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"), as well as the *Declaration of Joseph J. Sciametta in Support of the Debtors' Motion for an Order Authorizing Holdco to Enter Into Payroll Contract, Incur Obligations Related to Employee Transfer and Granting Related Relief*; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Holdco is authorized, but not directed, to enter into and perform under the Payroll Contract and to pay any amounts related to the Employee Wages and Benefits in the ordinary course of business.

3. Holdco is authorized to enter into employment agreements with the Employees, subject to the consent of the Committee (email shall suffice).

4. The Debtors are authorized, but not directed, to take all other actions necessary to effectuate the transition of GGT's Employees to Holdco in accordance with the Motion. The

Committee reserves all rights with respect to the scope of any actions taken by the Debtors pursuant to this Order.

5.  Nothing in this Final Order should be construed as approving any transfer pursuant to 11 U.S.C. § 503(c), and a separate motion will be filed for any request that could fall within Section 503(c).  No payment to any employee may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code.

6.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.  This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

 Dated: _____, 2023
    White Plains, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge