**BROWN RUDNICK LLP**
Kenneth J. Aulet
Seven Times Square
New York, NY 10036
Telephone: (212) 209-4800
Email: kaulet@brownrudnick.com

-and-

Matthew A. Sawyer (*pro hac vice pending*)
One Financial Center
Boston, MA 02111
Telephone: (617) 856-8200
Email: msawyer@brownrudnick.com

*Counsel to the Fair Deal Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| GENESIS GLOBAL HOLDCO, LLC, et al., | : | Case No. 23-10063 (SHL) |
| Debtors[1]. | : | (Jointly Administered) |

**JOINDER OF THE FAIR DEAL GROUP TO THE OBJECTION OF AD HOC GROUP OF GENESIS LENDERS TO GENESIS DEBTORS' MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019(A) FOR ENTRY OF AN <u>ORDER APPROVING SETTLEMENT AGREEMENT WITH FTX DEBTORS</u>**

Members of that certain ad hoc group of unsecured claimants (the "<u>Genesis Creditors for a Fair Deal</u>" or the "<u>Fair Deal Group</u>") of the above-captioned affiliated debtors and debtors-in-possession (collectively, "<u>Genesis</u>" or, the "<u>Debtors</u>"), by and through its undersigned counsel,

---

[1] The Genesis Debtors in the Genesis Bankruptcy Proceedings along with the last four digits of each Genesis Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of the Genesis Bankruptcy Proceedings, the service address for the Genesis Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

hereby submits this joinder (the "Joinder") to the Ad Hoc Group of Genesis Lenders' (the "Ad Hoc Group") *Objection of Ad Hoc Group of Genesis Lenders to Genesis Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(A) for Entry of an Order Approving Settlement Agreement with FTX Debtors* (the "AHC Objection")[2] [Docket No. 648] to the *Genesis Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure for Entry of an Order Approving Settlement Agreement with FTX Debtors* (the "FTX Motion") [Docket No. 603]. In support of the Joinder, the Fair Deal Group respectfully states as follows:

## JOINDER

1. The Fair Deal Group joins in the Ad Hoc Group's AHC Objection in full. The Fair Deal Group writes separately to note the perverse incentive in these cases that has been created by the DCG Term Sheet.[3]

2. Why are the Debtors seeking to cram down a settlement with FTX on their creditor body, which overwhelmingly opposes this settlement, rather than leave the issue to creditors in a post-confirmation trust?

3. The Debtors – bereft of votes that support the DCG Term Sheet to give their parent company a release for its fraud – need an impaired accepting class. This is, of course, a perversion of the Chapter 11 process: Chapter 11 is structured to preserve "going concern" value through a reorganization, and for a reorganization it is important to keep the debtor in charge of the business as a debtor-in-possession. The obvious conflict of interest is largely tolerated to maintain going concern value.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the AHC Objection.

[3] The DCG Term Sheet is ECF No. 625.

4. But this is a liquidating chapter 11 case and there is no hope of rehabilitation. There is a reason that when traditional financial institutions fail (e.g. a SIPC-regulated broker-dealer or a FDIC-regulated bank), the *first* thing is that management is thrown out on the street: financial organizations do not reorganize. And as the DCG Term Sheet makes clear, the Debtor here is conflicted and has one goal: releases for DCG at the lowest possible cost. These issues are why the Fair Deal Group opposes exclusivity being extended.

5. This is relevant because the Proposed Settlement is plainly part and parcel of a forthcoming attempt to "cram down" a plan implementing the DCG Term Sheet. The Debtors have the support of not a single class, and plainly will need to buy some votes. Hence, the Proposed Settlement.

6. The Proposed Settlement prohibits the FTX Debtors from objecting to a plan in this bankruptcy case that is inconsistent with the terms of the settlement. Stated differently, the Debtors, by entering into the Proposed Settlement, have sought to buy the support of the FTX Debtors, and their votes.

7. This poses two problems.

8. *First*, the Debtors were motivated to accept an unreasonable settlement to get a settled claim *now* rather than after confirmation – to get a claim that could be voted. If the Debtors negotiated hard and got a better deal in three months for the estate, then *they don't have a vote*. The Debtors threw in the towel because they need FTX to be able to vote.

9. *Second*, the Debtors were *incentivized to give away a larger claim*. The bigger a claim FTX was offered, the bigger the vote that the Debtors could buy.

10. This is plainly an improper use of the Debtors' power as a debtor-in-possession, to cram a settlement on their creditors (who overwhelmingly oppose the Proposed Settlement) to buy

3

votes to cram a plan that gives their parent company a release over the opposition of creditors (who overwhelmingly oppose the DCG settlement).

11.     Accordingly, the Proposed Settlement should be denied.  However, if the Proposed Settlement is not denied, the Fair Deal Group reserves the right to, and intends to, move to designate the FTX claim from voting in favor of any plan that implements the DCG Settlement.

## **CONCLUSION**

12.     For the foregoing reasons, the Fair Deal Group respectfully requests that (a) this Court deny the Proposed Settlement, and (b) granting the Fair Deal Group such other relief as is just and proper.

[*Remainder of page intentionally left blank.*]

Dated: August 31, 2023
      New York, New York           Respectfully submitted,

                                            **BROWN RUDNICK LLP**

                                        */s/ Kenneth J. Aulet*
                                        Kenneth J. Aulet
                                        Seven Times Square
                                        New York, NY 10036
                                        Telephone: (212) 209-4800
                                        Email: kaulet@brownrudnick.com

                                        -and-

                                        Matthew A. Sawyer (*pro hac vice pending*)
                                        One Financial Center
                                        Boston, MA 02111
                                        Telephone: (617) 856-8200
                                        Email: msawyer@brownrudnick.com

                                        *Counsel to the Fair Deal Group*