# EXHIBIT F
# Proof of Claim

United States Bankruptcy Court, Southern District of New York

RECEIVED
MAY 22 2023
KROLL RESTRUCTURING ADMINISTRATION

Fill in this information to identify the case (Select only one Debtor per claim form):

[ ] Genesis Global Holdco, LLC (Case No. 23-10063)

[X] Genesis Global Capital, LLC (Case No. 23-10064)

[ ] Genesis Asia Pacific PTE. LTD. (Case No. 23-10065)

2310063800000242

Modified Official Form 410

[X] Date Stamped Copy Returned
[ ] No Self-Addressed Stamped Envelope
[ ] No Copy Provided

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed (January 19, 2023). That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Three Arrows Capital Ltd (in liquidation)
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**
[X] No
[ ] Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

c/o Teneo (BVI) Limited
Name
Banco Popular Building, 3rd Floor, VG-1110
Number  Street
Road Town, Tortola
City  State  ZIP Code
Country: British Virgin Islands

Contact phone _____
Contact email russell.crumpler@teneo.com

Where should payments to the creditor be sent? (if different)

c/o Teneo (BVI) Limited
Name
Banco Popular Building, 3rd Floor, VG-1110
Number  Street
Road Town, Tortola
City  State  ZIP Code
Country: British Virgin Islands

Contact phone _____
Contact email russell.crumpler@teneo.com

**4. Does this claim amend one already filed?**
[X] No
[ ] Yes. Claim number on court claims registry (if known) _____

Filed on _____
         MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
[X] No
[ ] Yes. Who made the earlier filing? _____

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. **Do you have any number you use to identify the debtor?**
   ☑ No
   ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___

7. **How much is the claim?** (If your claim is based on cryptocurrency holdings, please provide the number of units associated with your claim. Do not provide a value for your cryptocurrency holding claim in United States Dollars. Only provide a United States Dollar value for your claim if your claim is based in United States Dollars.)

   A. To the extent you assert a claim that is denominated in US Dollars, list the value of the claim in US Dollars as of the date the case was filed (January 19, 2023): $ __SEE ATTACHED__. Does this amount include interest or other charges?
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

   B. With regard to coins loaned to the Debtors, list the number of each type of coin loaned to the Debtors as of the date the case was filed (January, 19, 2023).

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| 0x (ZRX) | | Livepeer (LPT) | |
| 1inch Network (1INCH) | | Loopring (LRC) | |
| Aave (AAVE) | | Maker (MKR) | |
| Alchemix (ALCX) | | Moonbeam (GLMR) | |
| Algorand (ALGO) | | Multi Collateral Dai (DAI) | |
| Amp (AMP) | | Near (NEAR) | |
| Ankr (ANKR) | | Neo (NEO) | |
| ApeCoin (APE) | | Orchid (OXT) | |
| Axie Infinity (AXS) | | PAX Gold (PAXG) | |
| Balancer (BAL) | | Polkadot (DOT) | |
| Bancor (BNT) | | Polygon (MATIC) | |
| Basic Attention Token (BAT) | | Rally (RLY) | |
| Binance Coin (BNB) | | Ren (REN) | |
| Bitcoin (BTC) | | Ribbon Finance (RBN) | |
| Bitcoin Cash (BCH) | | Serum (SRM) | |
| Bitcoin SV (BSV) | | Shiba Inu (SHIB) | |
| Cardano (ADA) | | SKALE (SKL) | |
| Chainlink (LINK) | | Solana (SOL) | |
| Chiliz (CHZ) | | Stellar (XLM) | |
| Compound (COMP) | | Storj (STORJ) | |
| Cosmos (ATOM) | | SushiSwap (SUSHI) | |
| Curve DAO Token (CRV) | | Synthetix (SNX) | |
| Decentraland (MANA) | | Terra Classic (LUNC) | |
| DogeCoin (DOGE) | | TerraClassicUSD (USTC) | |
| EOS (EOS) | | Tether (USDT) | |

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| Ethereum (ETH) | | Tezos (XTZ) | |
| Ethereum Classic (ETC) | | The Graph (GRT) | |
| EthereumPoW (ETHW) | | The Sandbox (SAND) | |
| Fantom (FTM) | | Tokemak (TOKE) | |
| Fetch.ai (FET) | | Tron (TRX) | |
| Filecoin (FIL) | | UMA (UMA) | |
| Flow (FLOW) | | Uniswap (UNI) | |
| Gemini Dollar (GUSD) | | USD (USD) | |
| Helium (HNT) | | USD Coin (USDC) | |
| Horizen (ZEN) | | Wrapped Bitcoin (WBTC) | |
| Injective (INJ) | | Wrapped Luna (WLUNA) | |
| Kusama (KSM) | | XRP (XRP) | |
| Kyber Network Crystal v2 (KNC) | | Yearn.Finance (YFI) | |
| Litecoin (LTC) | | Zcash (ZEC) | |
| BIT (BitDAO) | | Other (Provide Currency Type & Count) | |

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

SEE ATTACHED

Are you a current or former Gemini Trust Company, LLC user?  ☒ No  ☐ Yes

If yes, is your claim related to any loans you made through the Gemini Earn Program?  ☐ No  ☐ Yes

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** See attached

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**  $ See attached

**Amount of the claim that is secured:**  $ See attached

**Amount of the claim that is unsecured:**  $ See attached  (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**  $ See attached

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed
☐ Variable

| | | |
|---|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. | $_____ |
| 11. Is this claim subject to a right of setoff? | ☐ No<br>☑ Yes. Identify the property. (If the property is cryptocurrency, identify each type of cryptocurrency, the respective number of units of each type of cryptocurrency, and whether the property was posted by you or the Debtor):<br><br>SEE ATTACHED | |

| | | Amount entitled to priority |
|---|---|---|
| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☑ Yes. *Check one:*<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☑ Other. Specify subsection of 11 U.S.C. § 507(a)(2  ) that applies. | $ SEE ATTACHED |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |
| 13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)? | ☑ No<br>☐ Yes. Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. | $_____ |

Modified Official Form 410                        Proof of Claim                                    page 4

# Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  05/22/2023
                  MM / DD / YYYY

_/s/ Signature_

**Name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Russell | | Crumpler |
| | First name | Middle name | Last name |
| Title | Joint Liquidator of Three Arrows Capital Ltd | | |
| Company | Teneo (BVI) Limited | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | c/o Teneo (BVI) Limited, Banco Popular Building, 3rd Floor, VG-1110 | | |
| | Number  Street | | |
| | Road Town, Tortola, British Virgin Island | | |
| | City | State | ZIP Code |
| Contact phone | | Email russell.crumpler@teneo.com | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Genesis Global Holdco, LLC, *et al.*,[1] ) | Case No. 23-10063 (SHL) |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

## ATTACHMENT TO PROOF OF CLAIM FILED BY THE
## JOINT LIQUIDATORS OF THREE ARROWS CAPITAL LTD

This attachment (the "**Attachment**") to this proof of claim (the "**Proof of Claim**") is hereby filed by Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized joint liquidators and foreign representatives (the "**Joint Liquidators**") of Three Arrows Capital Ltd. ("**Three Arrows**"), against each Debtor. This Attachment is an integral part of this Proof of Claim and is incorporated by reference therein for all purposes.

### BACKGROUND

1.  Three Arrows was an investment firm incorporated in the British Virgin Islands (the "**BVI**") with a focus on trading and investing in cryptocurrency and other digital assets.

2.  Three Arrows's business collapsed during May and June 2022 in the wake of extreme fluctuations in the cryptocurrency markets. On June 27, 2022, it commenced a liquidation proceeding (the "**BVI Proceeding**") before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division), and that court issued an order appointing Russell Crumpler and Christian Farmer as the Joint Liquidators of Three Arrows.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

3. On July 1, 2022, the Joint Liquidators, acting as the foreign representatives of Three Arrows, commenced Chapter 15 proceedings before the United States Bankruptcy Court for the Southern District of New York (*In re Three Arrows Capital Ltd.*, Case No. 22-10920 (Bankr. S.D.N.Y.)), which court granted recognition of Three Arrows' foreign main proceeding pending in the BVI.

4. Under BVI law, the Joint Liquidators are fiduciaries of the Three Arrows estate created in the BVI Proceeding, with an obligation under BVI law to conduct an orderly, fair liquidation of Three Arrows and to maximize the value of the Three Arrows's assets for the benefit of creditors. In furtherance of those duties, the BVI Order and BVI law empower the Foreign Representatives, *inter alia*, with the sole authority to take possession and control of Three Arrows's assets, carry on Three Arrows's business and manage its affairs, and investigate the causes of Three Arrows's insolvency and any potential causes of action the estate may have.

## SUMMARY OF CLAIM

5. The Joint Liquidators' investigation remains limited by Three Arrows' historically meager record-keeping, which limitation is further exacerbated by the Three Arrows founders' (who maintained day to day control over Three Arrows prior to its collapse) refusal to meaningfully engage or cooperate with the Joint Liquidators in their investigative efforts. The Joint Liquidators also have not received full discovery from the Debtors or their affiliates. Accordingly, the Joint Liquidators' investigation remains an ongoing process. Nevertheless, the Joint Liquidators have to-date identified various claims and causes of action that they believe the Three Arrows estate has against the Debtors. Accordingly, the Joint Liquidators hereby file proofs of claim against each of the Debtors, asserting the claims set out in this Attachment while fully reserving their rights with respect to any additional claims (and/or any additional information

relevant to the claims asserted herein) that their ongoing diligent investigation subsequently reveals.

6. Based on the information that the Joint Liquidators have been able to uncover to-date in their investigation, the Three Arrows estate has various claims against the Debtors and their non-debtor affiliates (the "**Known Claims**").[2] The Known Claims comprise claims under BVI, New York, Delaware, and other applicable law, including without limitation claims in the nature of preference, conversion, and other avoidance actions, arising from the following:

    a. interest payments by Three Arrows to Genesis Asia Pacific Pte. Ltd. ("**GAP**") in the amount of $18 million between June 2 and June 3, 2022, in connection with certain loan arrangements entered into between GAP and Three Arrows prior to the initiation of the BVI Proceeding (the "**GAP Loan Arrangements**");

    b. a loan repayment by Three Arrows to GAP on May 6, 2022 in the amount of 115,000,000 USD Coin (USDC), in connection with the GAP Loan Arrangements;

    c. GAP's foreclosure on various digital assets of Three Arrows, including without limitation (i) 13,172,000 Grayscale Bitcoin Trust shares (GBTC) and (ii) approximately 17,500 Ether tokens, and (iii) approximately 33,350 Bitcoin (collectively, the "**Foreclosure Assets**"), which Foreclosure Assets were purportedly pledged to GAP in connection with the GAP Loan Arrangements;

    d. liens purportedly granted to GAP on the Foreclosure Assets, as well as on approximately 2,739,044 AVAX Tokens and approximately 13,583,265 NEAR Tokens, in connection with the GAP Loan Arrangements; and

    e. Three Arrows's investments and relationship with the Grayscale Bitcoin Trust and the Grayscale Ethereum Trust (and/or other Grayscale trusts).

---

[2] All rights are reserved as to the denomination, amount, priority, administrative expense status, security interests, prepetition or postpetition status, and other rights with respect to the claims asserted herein and other claims of the Three Arrows estate, and nothing herein shall be deemed a waiver or admission as to any aspect thereof. For the avoidance of doubt, the Joint Liquidators reserve the right to take the position that some or all of the Known Claims are not prepetition claims as to the Debtors and are filing this Proof of Claim to preserve rights in all circumstances.

7. Three Arrows may have additional causes of action against the Debtors based on conduct, acts, omissions, and transactions between and among Three Arrows, the Debtors, and the Debtors' affiliates (including, without limitation, causes of action arising from the Known Claims as asserted against any of the Debtors, as deemed appropriate by the Joint Liquidators based on their ongoing investigation, and as permitted under applicable law). Any such additional claims remain subject to the Joint Liquidators' ongoing evaluation and investigation. The Joint Liquidators hereby preserve such claims and reserve all rights with respect thereto.

**RESERVATION OF RIGHTS**

8. Certain of the Known Claims (and potentially additional claims that the Joint Liquidators uncover in the course of their ongoing investigation) constitute postpetition claims that are not subject to the General Claims Bar Date (as defined in the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* [Docket No. 200]) of May 22, 2023. However, the Joint Liquidators file this Proof of Claim against the Debtors in the abundance of caution and to preserve such claims against any argument that the Known Claims are procedurally barred as a result of the passing of the Claims Bar Date. The Joint Liquidators' filing of this Proof of Claim is not to be construed as an admission that the Known Claims (or any additional claims that the Joint Liquidators uncover in the course of their ongoing investigation) are prepetition claims for the purposes of the General Claims Bar Date or otherwise.

9. The Joint Liquidators do not yet have access to all documentation and records relating to the Known Claims or to Three Arrows' relationship with the Debtors, and thus far have been able to identify the Known Claims via limited information available to them. The Joint Liquidators do not have access to sufficient information at this stage to determine whether the

4

Three Arrows estate has any prepetition claims against the Debtors in addition to the Known Claims. The Joint Liquidators' efforts to locate and access such documentation and information remains ongoing. The Joint Liquidators may become aware of additional claims against the Debtors in addition to the Known Claims and reserve their rights to asset such claims by amendment of this Proof of Claim or otherwise. In light of the General Claims Bar Date, the Joint Liquidators file this Proof of Claim against the Debtors in good faith with the information presently available to them to preserve the Known Claims.

10. The Joint Liquidators further hereby assert all other claims that Three Arrows or its estate may possess against the Debtors, whether known or unknown, contingent or non-contingent, or otherwise. The Joint Liquidators, on behalf of the Three Arrows' estate, file this Proof of Claim with full reservation of rights, including, without limitation, to right to amend, clarify, or supplement this Proof of Claim at any time (either before or after the General Claims Bar Date), in any manner, and for any reason, including but not limited to, fixing or liquidating any claims of the Three Arrows estate (whether or not expressly described herein), specifying claims for ongoing obligations of the Debtors that are not expressly described herein, pursuing any claims based upon additional or alternative legal theories, or asserting any additional claims, including for secured status or priority (including pursuant to Section 507(c) of the Bankruptcy Code), subrogation (equitable or otherwise), claims for indemnities under any loan documents or other agreements between Three Arrows and any of the Debtors, state, common law, and BVI causes of action, and interest owed on account of any claims included herein or that may be asserted by the Joint Liquidators in the future.

11. This Proof of Claim is without prejudice to claims, if any, that Three Arrows or its estate has or may have for payment of any additional administrative expenses allowable under

section 503(b) of the Bankruptcy Code or otherwise with respect to any transaction, whether or not such amounts are included in this Proof of Claim, and the Joint Liquidators' right to file such claims or any similar claims on behalf of Three Arrows and its estate at an appropriate time is expressly reserved.

12. The Joint Liquidators, on behalf of the Three Arrows' estate, further reserve all of their rights of setoff, recoupment, bankers' lien, and all similar such rights, as well as any equitable rights, and nothing herein shall be construed as a waiver thereof.

13. The Joint Liquidators, on behalf of themselves and the Three Arrows' estate, reserve all of their respective procedural and substantive defenses and rights, including a right to a jury trial, with respect to any claim that may be asserted against them by any of the Debtors, any trustee for the Debtors' estates, any other party in interest in these chapter 11 cases, or any other person or entity whatsoever.

14. The filing of this Proof of Claim and the assertion of the claims herein are not and shall not be deemed or construed as a consent or admission with respect to the validity or accuracy of any valuation proposed by the Debtors, any affiliate, or any third party. The Joint Liquidators and Three Arrows do not waive or release any rights with respect thereto.

15. The execution and filing of this Proof of Claim is not (i) a waiver or release of any of the Joint Liquidators' or the Three Arrows' rights against any entity or person liable for all or part of the claims herein, (ii) a consent by the Joint Liquidators or Three Arrows to the jurisdiction of this Court with respect to any proceeding commenced in these chapter 11 cases against or otherwise involving the Joint Liquidators, (iii) a waiver of the Joint Liquidators' or Three Arrows' right to have any and all final orders in any and all non-core matters entered after *de novo* review by a United States District Court judge or their respective right to a trial by jury in any proceeding

as to any and all matters so triable, whether designated legal or private rights, or in any case or controversy or proceeding related thereto, notwithstanding the designation of such matters as "core proceedings" pursuant to section 157(b) of the Bankruptcy Code or otherwise, and whether such jury trial is pursuant to statute or the United States Constitution, (iv) a waiver of the right to withdraw the reference with respect to the subject matter of the claims herein, any objection or other proceeding commenced with respect thereto or any other proceeding commenced in this case against or otherwise involving the Joint Liquidators or Three Arrows, (v) an election of remedy or choice of law that waives or otherwise affects any other remedy or choice of law, (vi) a waiver or release of any of the Joint Liquidators' or Three Arrows' rights and remedies under applicable law, including BVI law, (vii) a waiver of any right of action that the Joint Liquidators or Three Arrows have or may have against any of the Debtors or any other person or entity, (viii) a waiver or release of any of the Joint Liquidators' or Three Arrows' rights against any third party, and/or (ix) a waiver of any right to the subordination, in favor of Three Arrows and its estate, of indebtedness or liens held by creditors of any of the Debtors.

16. To the extent that any of the Debtors or any other party takes any action that would give rise to a counterclaim or other rights or claims that Three Arrows or its estate may have against any of the Debtors, the Joint Liquidators reserve all of their and Three Arrows' rights.

17. The Joint Liquidators reserve the right to attach, produce and/or rely upon additional documentation that supports Three Arrows' and its estate's claims against the Debtors, and any additional documents that may become available after further investigation or discovery, or upon request of any of the Debtors. Nothing contained in this Proof of Claim shall limit the rights of the Joint Liquidators to file papers or pleadings, or commence any proceedings, or take any actions concerning Three Arrows' and its estate's claims against the Debtors.

## NOTICES

18.     All notices to the Joint Liquidators concerning this Proof of Claim should be sent to:

c/o Teneo (BVI) Limited
Banco Popular Building, 3rd Floor
Road Town, Tortola, VG-1110
British Virgin Islands
Attn: Russell Crumpler
Email: Russell.crumpler@teneo.com and 3acliquidation@teneo.com

Copies of all notices to the Joint Liquidators concerning this Proof of Claim should be sent to:

LATHAM & WATKINS LLP
Attn: Adam J. Goldberg, Brett Neve, and Nacif Taousse
1271 Avenue of the Americas
New York, NY 10020
Emails: adam.goldberg@lw.com, brett.neve@lw.com, and nacif.taousse@lw.com

19.     The request for copies of notices to be sent to Latham & Watkins LLP will not be deemed authorization of Latham & Watkins LLP to accept service of process on behalf of the Joint Liquidators.

# KROLL

**Restructuring Administration LLC**
**(f/k/a Prime Clerk LLC)**

# Brooklyn

## CLAIM/BALLOT HAND DELIVERY CONFIRMATION SHEET

DATE RECEIVED: 5/22/23

CASE: Genesis

NO. OF CLAIMS: 3

NO. OF BALLOTS: 0

COPIES: 3 (returned)

RECEIVED BY: RR