**Proposed Hearing Date and Time: September 6, 2023 at 2 PM (Prevailing Eastern Time)**
**Proposed Objection Deadline:  September 5, 2023 at 2 PM (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS'**
**MOTION FOR ENTRY OF A SCHEDULING**
**ORDER CONCERNING THE DEBTORS' SECOND OMNIBUS**
**OBJECTION (SUBSTANTIVE) TO CLAIM NOS. 523, 526, 527, 981, 982 AND**
**990 PURSUANT TO 11U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**PLEASE TAKE FURTHER NOTICE** that on or about May 22, 2023, Three Arrows Capital Ltd. ("3AC") filed proofs of claim numbered 523, 526 and 527 against the Debtors (the "Original Claims").

**PLEASE TAKE FURTHER NOTICE** that on July 19, 2023, the Debtors filed the *Debtors' First Omnibus Objection (Substantive) to Claim Nos. 523, 526 and 527 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection") (ECF No. 530) with respect to the Original Claims.

**PLEASE TAKE FURTHER NOTICE** that on August 18, 2023, 3AC filed proofs of claim numbered 981, 982 and 990 amending the Original Claims (the "Amended Claims" and, together with the Original Claims, the "Claims").

**PLEASE TAKE FURTHER NOTICE** that on September 1, 2023, the Debtors filed the *Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Renewed Objection") (ECF No. 658).

**PLEASE TAKE FURTHER NOTICE** that following prior exchanges on a potential proposed scheduling order, on August 29, 2023, the Debtors provided 3AC with the proposed schedule reflected in the attached proposed order relating to the Renewed Objection, which 3AC subsequently indicated they were unwilling to accept.

**PLEASE TAKE FURTHER NOTICE** that the Debtors therefore submit the *Debtors' Motion for Entry of a Scheduling Order Concerning the Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Motion") for entry of a scheduling order with respect to the Renewed Objection.

**PLEASE TAKE FURTHER NOTICE** that objections or responses ("Responses"), if any, to the Motion or the relief requested therein shall be made in writing, filed with the Court on a date to be established by the Court (the "Response Deadline") and served as required by the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Motion, the Court may approve the Motion without further notice.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Debtors' Motion to Shorten the Notice Period for the Debtors' Motion for Entry of a Scheduling Order Concerning the Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Motion to Shorten") filed substantially simultaneously herewith, the date and time of the hearing with respect to the Motion will be established by the Court. 3AC, the Debtors and any other objecting parties are required to attend the hearing in accordance with General Order M-543 (which can be found at http://www.nysb.uscourts.gov), and failure to attend may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212-257-5450.

| | |
|---|---|
| Dated: September 1, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Andrew Weaver<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

3

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**MOTION FOR ENTRY OF A
SCHEDULING ORDER CONCERNING
THE DEBTORS' SECOND OMNIBUS OBJECTION
(SUBSTANTIVE) TO CLAIM NOS. 523, 526, 527, 981, 982 AND 990
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, collectively, the "Chapter 11 Cases"), hereby move this Court for entry of an order, in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to the Claims Procedures Order (as defined below) and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), (i) establishing a schedule regarding the *Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523,*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219) ("Holdco"); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP"). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Renewed Objection") and related discovery and motion practice, in accordance with the timeline provided in the Proposed Order and (ii) increasing the page limits with respect to the Renewed Objection and related motion practice, and respectfully state as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein is section 105 of the Bankruptcy Code.

### Background

2. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b). ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases. ECF No. 55.

3. On or about May 22, 2023, Three Arrows Capital Ltd. ("3AC", and together with the Debtors, the "Parties") filed substantively identical proofs of claim numbered 523, 526 and 527 against Holdco, GGC and GAP, respectively (the "Original Claims") each asserting in excess of $1.1 billion against each of the Debtors.

4. On July 12, 2023, the Court entered the *Revised Order Pursuant to 11 U.S.C. 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (the "Claims Procedures Order") (ECF No. 498).

5. The Claims Procedures Order provides, *inter alia*, that if the Debtors and the Joint Liquidators are unable to agree on modifications to the terms of the Claims Procedures Order requested by either party, the Debtors may, on three days' prior notice, request that the court issue a scheduling order establishing procedures applicable to any claim objection filed with respect to proofs of claim filed by the Joint Liquidators. Claims Procedures Order ¶ 1(f).

6. On July 19, 2023, the Debtors filed the *Debtors' First Omnibus Objection (Substantive) to Claim Nos. 523, 526 and 527 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection") (ECF No. 530).

7. On August 18, 2023, 3AC filed proofs of claim numbered 981, 982 and 990, amending and superseding the Original Claims (the "Amended Claims", together with the Original Claims, the "Claims").

8. On August 23, 2023, in light of the filing of the Amended Claims, the Debtors adjourned, *sine die*, the Objection (ECF No. 617).

9. On September 1, 2023, the Debtors filed the *Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Renewed Objection") (ECF No. 658).

10. Following filing of the Amended Claims, the Debtors attempted to reach a consensual resolution with 3AC regarding a schedule with respect to the Amended Claims. After several prior exchanges of potential scheduling arrangements, on August 29, 2023, the Debtors

3

sent 3AC the schedule embodied in the Proposed Order. 3AC indicated it was not willing to accept such proposed schedule or to otherwise adjust its last offer, which contemplated an evidentiary hearing on the Amended Claims beginning January 24-26, 2024. Given the lack of consensual agreement as to scheduling between the Parties and the pressing need for resolution on the Debtors' objection to the Amended Claims in order to avoid demands for a reserve that would materially compromise initial distributions under the Debtors' proposed plan of reorganization, the Debtors seek the relief requested herein in order to establish a schedule that appropriately but expeditiously addresses the dispute between the Parties with respect to the Claims.

**Relief Requested**

11.    The Debtors respectfully request entry of an order substantially in the form of the Proposed Order, pursuant to section 105(a) of title 11 of the Bankruptcy Code and the Claims Procedures Order, (i) establishing a schedule regarding the Debtors' Renewed Objection and related discovery and motion practice, in accordance with the below provided schedule and (ii) increasing the page limits with respect to the Renewed Objection and related motion practice.

**Basis for Relief Requested**

12.    Section 105(a) of the Bankruptcy Code provides that courts "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105. The Second Circuit has recognized that "[b]ankruptcy courts, both through their inherent powers as courts, and through the general grant of power in section 105, are able to police their dockets and afford appropriate relief." *In re Casse*, 198 F.3d 327, 336 (2d Cir. 1999). The Court's power under section 105 to ensure the efficient administration of a complex chapter 11 case is particularly relevant in a situation such as here where resolution of the Claims is a potential gating issue to the timely resolution of these Chapter 11 Cases.

4

13. Additionally, the Claims Procedures Order provides that if the Debtors and the joint liquidators of 3AC (the "Joint Liquidators") are unable to reach agreement, the Debtors may request that the Court, among other things, issue a scheduling order establishing rules and procedures applicable to any claim objection filed with respect to the proofs of claim submitted by the Joint Liquidators. Claims Procedures Order ¶ 1(f). Further, the Claims Procedures Order notes that the Debtors, in their discretion, may serve upon 3AC and file with the Court a notice of a merits hearing and to set forth a scheduling order to be issued by the court in connection therewith. Claims Procedures Order ¶ 2(b).

14. The resolution of the Claims asserted by 3AC against the Debtors is a significant gating issue for resolution of the Chapter 11 Cases. As set forth in the Objection, while resolution of the Claims raise issues that will require certain factual and expert discovery, the parties have already been engaged in information exchanges since April 2022 and have engaged in formal discovery for over a month, with the Debtors already having made substantial productions.[2] Expeditious consideration of the proposed schedule included herein will allow for the Debtors and 3AC to have a clear path forward to complete remaining discovery and proceed towards the merits litigation surrounding the Claims.

15. Additionally, the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") provides that the Court may grant permission to increase the page limitations from forty (40) pages in length for moving and responsive briefs and twenty (20) pages for reply briefs. Case Management Order at 6. Given the sheer volume of the transactions raised by 3AC in the Claims and the volume of the related

---

[2] Following requests from the Debtors, 3AC has agreed to reproduce at some point over the next week a total of 28 pages of material that is now subject to use restrictions.

5

documentation, the Debtors are requesting the Court exercise its discretion to increase the page limitations for certain pleadings either filed or anticipated to be filed pursuant to the Proposed Order to allow for sufficient discussion of the relevant issues, as set out in the below proposed briefing schedule (the "Briefing Schedule").

16. The Debtors' Briefing Schedule in connection with the Renewed Objection, as set forth in the Proposed Order attached hereto at Exhibit A, is as follows:

   a. The Debtors are granted leave, *nunc pro tunc*, to expand the page limit for the Renewed Objection to 90 pages, exclusive of the table of contents, table of authorities and exhibits.

   b. The deadline for the Parties to serve document requests shall be September 8, 2023 at 11:59 p.m. (prevailing Eastern Time).

   c. The deadline for document productions shall be September 20, 2023 at 11:59 p.m. (prevailing Eastern Time). The Parties shall endeavor to produce relevant documents on a rolling basis on the earliest possible date, to the extent such documents have not already been produced.

   d. The deadline for the Parties to produce any opening declaration or report (or with respect to those declarations included in the Amended Objection, a supplemental declaration or report) shall be September 25, 2023 at 11:59 p.m. (prevailing Eastern Time).

   e. The deadline for any rebuttal expert reports (both with respect to the experts included in the Debtors' Renewed Objection, and any reports produced pursuant to paragraph (d) above) shall be October 2, 2023 at 11:59 p.m. (prevailing Eastern Time).

   f. The Parties shall schedule any depositions of factual or expert witnesses between September 29, 2023 and October 9, 2023.

   g. The discovery period shall close October 9, 2023 at 11:59 p.m. (prevailing Eastern Time).

   h. The Debtors shall file their supplemental objection (a "Supplemental Objection") to the Amended Claims incorporating any relevant evidence obtained during discovery by October 16, 2023 at 11:59 p.m. (prevailing Eastern Time).

   i. 3AC shall file any response to the Renewed Objection and the Supplemental Objection (a "Response") by October 26 at 4:00 p.m. (prevailing Eastern Time). The page limit for the Response shall be increased to 90 pages, exclusive of the table of contents, table of authorities and exhibits.

6

j.      The Debtors shall file their reply to 3AC's Response by November 1, 2023 at 11:59 p.m. (prevailing Eastern Time). The page limit for such reply shall be increased to 45 pages, exclusive of the table of contents, table of authorities and exhibits.

k.      The Parties shall provide their witness lists to each counterparty and to the Court by November 3, 2023 at 11:59 p.m. (prevailing Eastern Time). Simultaneous with the provision of such witness lists, the Parties shall file with the Court a declaration from each proposed witness that will serve as such witness's direct testimony.

l.      A merits hearing shall be scheduled for November 6, 2023 (or such other date that reflects the Court's earliest availability). Consistent with paragraph (k) above, direct testimony shall be submitted solely via declaration.

15.      The Briefing Schedule accomplishes the goal of facilitating a timely and efficient resolution of the Claims while according the Parties the necessary time and due process to participate in briefing and discovery.

## Conclusion

16.      For the foregoing reasons, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A.

## Notice

17.      The Debtors have provided notice of this Motion in accordance with the procedures set forth in the Case Management Order. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## No Prior Request

18.      No prior motion for the relief requested herein has been made to this or any other court.

*[The remainder of this page is left blank intentionally.]*

| | |
|---|---|
| Dated: September 1, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

**EXHIBIT A**

Proposed Order

9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[5] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING**
**DEBTORS' MOTION FOR ENTRY OF A SCHEDULING**
**ORDER CONCERNING THE DEBTORS' SECOND OMNIBUS**
**OBJECTION (SUBSTANTIVE) TO CLAIM NOS. 523, 526, 527, 981, 982 AND**
**990 PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

Upon the *Debtors' Motion for Entry of a Scheduling Order Concerning the Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Motion")[6] filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to the Claims Procedures Order and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), (i) establishing a schedule regarding the *Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Renewed Objection") (ECF No. 658) and related discovery and motion practice, in accordance with the timeline provided below and (ii) increasing the page limits with respect to the Renewed Objection and related motion practice; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all responses to the Motion (if any) having

---

[5]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[6]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

10

been withdrawn or overruled; and having heard the statement regarding the relief requested in the Motion at a hearing before the Court, if any; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.  The Motion is GRANTED and the Briefing Schedule and page limits for certain related motion practice shall be set as follows:

    a.  The Debtors are granted leave, *nunc pro tunc*, to expand the page limit for the Renewed Objection to 90 pages, exclusive of the table of contents, table of authorities and exhibits.

    b.  The deadline for the Parties to serve document requests shall be September 8, 2023 at 11:59 p.m. (prevailing Eastern Time).

    c.  The deadline for document productions shall be September 20, 2023 at 11:59 p.m. (prevailing Eastern Time). The Parties shall endeavor to produce relevant documents on a rolling basis on the earliest possible date, to the extent such documents have not already been produced.

    d.  The deadline for the Parties to produce any opening declaration or report (or with respect to those declarations included in the Amended Objection, a supplemental declaration or report) shall be September 25, 2023 at 11:59 p.m. (prevailing Eastern Time).

    e.  The deadline for any rebuttal expert reports (both with respect to the experts included in the Debtors' Renewed Objection, and any reports produced pursuant to paragraph (d) above) shall be October 2, 2023 at 11:59 p.m. (prevailing Eastern Time).

    f.  The Parties shall schedule any depositions of factual or expert witnesses between September 29, 2023 and October 9, 2023.

    g.  The discovery period shall close October 9, 2023 at 11:59 p.m. (prevailing Eastern Time).

    h.  The Debtors shall file their supplemental objection (a "Supplemental Objection") to the Amended Claims incorporating any relevant evidence obtained during discovery by October 16, 2023 at 11:59 p.m. (prevailing Eastern Time).

    i.  3AC shall file any response to the Renewed Objection and the Supplemental Objection (a "Response") by October 26 at 4:00 p.m. (prevailing Eastern Time). The page limit for the Response shall be increased to 90 pages, exclusive of the table of contents, table of authorities and exhibits.

11

j.  The Debtors shall file their reply to 3AC's Response by November 1, 2023 at 11:59 p.m. (prevailing Eastern Time). The page limit for such reply shall be increased to 45 pages, exclusive of the table of contents, table of authorities and exhibits.

k.  The Parties shall provide their witness lists to each counterparty and to the Court by November 3, 2023 at 11:59 p.m. (prevailing Eastern Time). Simultaneous with the provision of such witness lists, the Parties shall file with the Court a declaration from each proposed witness that will serve as such witness's direct testimony.

l.  A merits hearing shall be scheduled for November 6, 2023 (or such other date that reflects the Court's earliest availability). Consistent with paragraph (k) above, direct testimony shall be submitted solely via declaration.

2.  All dates other than the date for the Debtors' reply, the submission of witness lists and direct testimony, and the hearing date may be modified by written agreement of the Parties, which may be by email, without leave of Court.

3.  This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2023
       New York, New York

                                      HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE