**Proposed Hearing Date and Time: September 6, 2023 at 2 PM (Prevailing Eastern Time)**
**Proposed Objection Deadline:  September 5, 2023 at 2 PM (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION
TO SHORTEN THE NOTICE PERIOD FOR
DEBTORS' MOTION FOR ENTRY OF A SCHEDULING ORDER
CONCERNING THE DEBTORS' SECOND OMNIBUS OBJECTION
(SUBSTANTIVE) TO CLAIM NOS. 523, 526, 527, 981, 982 AND 990
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**PLEASE TAKE FURTHER NOTICE** that on or about May 22, 2023, Three Arrows Capital Ltd. ("3AC") filed proofs of claim numbered 523, 526 and 527 against the Debtors (the "Original Claims").

**PLEASE TAKE FURTHER NOTICE** that on July 19, 2023, the Debtors filed the *Debtors' First Omnibus Objection (Substantive) to Claim Nos. 523, 526 and 527 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection") (ECF No. 530) with respect to the Original Claims.

**PLEASE TAKE FURTHER NOTICE** that on August 18, 2023, 3AC filed proofs of claim numbered 981, 982 and 990 amending the Original Claims (the "Amended Claims" and, together with the Original Claims, the "Claims").

**PLEASE TAKE FURTHER NOTICE** that on August 23, 2023, in light of the filing of the Amended Claims, the Debtors adjourned, *sine die*, the Objection (ECF No. 617).

**PLEASE TAKE FURTHER NOTICE** that on September 1, 2023, the Debtors filed the *Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Renewed Objection") (ECF No. 658).

**PLEASE TAKE FURTHER NOTICE** that contemporaneously herewith the Debtors filed the *Debtors' Motion for Entry of a Scheduling Order Concerning the Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Scheduling Motion") (ECF No. 659) to establish a schedule with respect to the Renewed Objection.

**PLEASE TAKE FURTHER NOTICE** that the Debtors therefore submit the *Debtors' Motion to Shorten the Notice Period for the Debtors' Motion for Entry of a Scheduling Order Concerning the Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant To 11 U.S.C. § 502 And Fed. R. Bankr. P. 3007 (No Liability)* (the "Motion to Shorten") to shorten the notice period with respect to the Scheduling Motion.

**PLEASE TAKE FURTHER NOTICE** that objections or responses ("Responses"), if any, to the Motion to Shorten or the relief requested therein shall be made in writing, filed with the Court on a date to be announced (the "Response Deadline") and served as required by the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Motion, the Court may approve the Motion without further notice.

**PLEASE TAKE FURTHER NOTICE** that if a Response is timely filed by the Objection Deadline, the Court will notify 3AC, the Debtors, and the objecting parties of the date and time of the hearing with respect to the Motion. 3AC, the Debtors and any other objecting parties are required to attend the hearing in accordance with General Order M-543 (which can be found at http://www.nysb.uscourts.gov), and failure to attend may result in relief being granted or denied upon default.

2

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212-257-5450.

| | |
|---|---|
| Dated: September 1, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Andrew Weaver<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

3

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | Related Docket No. 659 |

**DEBTORS' MOTION TO SHORTEN
THE NOTICE PERIOD FOR DEBTORS'
MOTION FOR ENTRY OF A SCHEDULING ORDER
CONCERNING THE DEBTORS' SECOND OMNIBUS OBJECTION
(SUBSTANTIVE) TO CLAIM NOS. 523, 526, 527, 981, 982 AND 990
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), hereby submit this motion (the "Motion to Shorten") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to Rule

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9006-1 and 9077-1 of the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Local Rules"), shortening the notice period to consider the *Debtors' Motion for Entry of a Scheduling Order Concerning the Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Scheduling Motion")[2] [ECF No. 659].

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the U.S. Bankruptcy Court for the Southern District of New York (the "Court") may enter a final order consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4.      By this Motion to Shorten, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, shortening the notice period with respect to the Scheduling Motion so as to allow the Scheduling Motion to be considered for approval at the hearing currently scheduled on September 6, 2023, at 2 p.m., prevailing Eastern

---

[2] Capitalized terms used but not defined in this Motion to Shorten shall have the meanings ascribed to them in the Scheduling Motion.

2

Time. The Debtors further request that any party that wishes to file an objection to the Scheduling Motion will have until September 5, 2023, at 2:00 p.m., prevailing Eastern Time to do so.

**BASIS FOR RELIEF**

5. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period otherwise required for the requested relief. *See* Fed. R. Bankr. P. 9006(c)(1). Although a notice period of fourteen (14) days would ordinarily apply to the relief requested in the Scheduling Motion under Local Rule 9006-1(b), the Court may, for cause shown, shorten the time of giving notice. The Debtors respectfully submit that the reasons set forth below warrant shortening notice of the Scheduling Motion.

6. The resolution of proofs of claim numbered 523, 526, 527, 981, 982 and 990 (the "Claims") asserted by Three Arrows Capital Ltd. ("3AC") against the Debtors is a significant gating issue for resolution of the Chapter 11 Cases. On July 19, 2023, the Debtors filed the *Debtors' First Omnibus Objection (Substantive) to Claim Nos. 523, 526 and 527 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 530) and on September 1, 2023, the Debtors filed the *Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (collectively, the "Claims Objections"). As set forth in the Claims Objections, while resolution of the Claims raise issues that will require certain factual and expert discovery, the parties have already been engaged in information exchanges since April 2022 and have engaged in formal discovery for over a month, with the Debtors already having made substantial productions. Expeditious consideration of the proposed schedule set out in the Scheduling Motion will allow for the Debtors and 3AC to have a clear path forward to complete remaining discovery and proceed towards the merits litigation surrounding the Claims.

3

7. On June 13, 2023, the Debtors filed both the *Debtors' Amended Joint Chapter 11 Plan* (the "Amended Plan") (ECF No. 427) and the *Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") (ECF No. 429). The hearing on the Debtors' Disclosure Statement is now scheduled for September 26, 2023. *See Seventh Notice of Adjournment and Rescheduling of the Hearing on the Adequacy of Information in the Debtors' Disclosure Statement* [ECF No. 621]. Absent resolution before such time, the Debtors anticipate demands for significant reserves that would materially impact distributions available to be made on the effective date, and shortening the notice period for the Scheduling Motion will allow for a clear schedule for resolution of the Claims and the Claims Objections, which is necessary to avoid any unnecessary delay in distributions under the Amended Plan and the ultimate resolution of the Chapter 11 Cases.

## NOTICE

8. The Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 44]. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

9. No prior motion for the relief requested herein has been made to this or any other court.

*[The remainder of this page is left blank intentionally.]*

4

**CONCLUSION**

WHEREFORE for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter the order, substantially in the form attached hereto as <u>Exhibit A</u>, and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: September 1, 2023<br>New York, New York | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>/s/ *Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Andrew Weaver<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS'**
**MOTION TO SHORTEN THE NOTICE**
**PERIOD FOR DEBTORS' MOTION FOR ENTRY OF A**
**SCHEDULING ORDER CONCERNING THE DEBTORS' SECOND OMNIBUS**
**OBJECTION (SUBSTANTIVE) TO CLAIM NOS. 523, 526, 527, 981, 982 AND**
**990 PURSUANT TO 11U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

Upon the consideration of *Debtors' Motion to Shorten the Notice Period for the Debtors' Motion for Entry of a Scheduling Order Concerning the Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant To 11 U.S.C. § 502 And Fed. R. Bankr. P. 3007 (No Liability)* (the "Motion to Shorten");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion to Shorten.

relief requested in the Motion to Shorten is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is GRANTED to the extent set forth herein.

2. A hearing to consider the Scheduling Motion will be held on September 6, 2023 at 2:00 p.m. prevailing Eastern Time. Any objections or responses to the Scheduling Motion shall be filed by 2:00 p.m., prevailing Eastern Time on September 5, 2023. The Debtors may file a reply by 8:30 a.m., prevailing Eastern Time, on September 6, 2023.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion to Shorten.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023  
       White Plains, New York

                                      The Honorable Sean H. Lane  
                                      United States Bankruptcy Judge