PROSKAUER ROSE LLP
Brian S. Rosen
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000

-and-

Jordan E. Sazant
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550

*Counsel to the Ad Hoc Group of Genesis Lenders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors.[1] | Jointly Administered |

**AD HOC GROUP OF GENESIS LENDERS' FIRST SET OF DOCUMENT REQUESTS TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, as made applicable and modified by Rules 7034 of the Federal Rules of Bankruptcy Procedure, and all applicable Local Rules of the United States District Court for the Southern District of New York and the United States Bankruptcy Court for the Southern District of New York, the Ad Hoc Group of Genesis Lenders (the "Ad Hoc Group") hereby requests that the official committee of unsecured creditors (the "UCC") appointed in the chapter 11 cases (these "Chapter 11 Cases") of the above-captioned

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

debtors and debtors-in-possession (collectively, the "Debtors") produce for inspection and copying at the offices of Proskauer Rose LLP, 11 Times Square, New York, New York 10036, all of the documents in their possession, custody, or control specified in the document requests (the "**Requests**") set forth below.[2] The Ad Hoc Group hereby incorporates by reference the definitions and instructions set forth in the Federal Rules of Civil Procedure and the applicable Local Rules of the United States District Court for the Southern District of New York and the United States Bankruptcy Court for the Southern District of New York. The following additional and/or more specific definitions and instructions are also to be used in responding to these Requests:

## DEFINITIONS

1.      The term "you" refers to the "UCC," which, in turn, refers to the members of the Official Committee of Unsecured Creditors identified in Docket No. 53, and, where applicable, the attorneys, financial advisors, other retained advisors, officers, directors, employees, partners, corporate parent, subsidiaries or affiliates of the above entities. It also includes (if any) predecessors, parent or subsidiary entities, branches, departments, divisions, affiliates of those entities, or any officer, director or shareholder having knowledge of the matters in controversy in the present proceeding.

2.      The term "GAP" refers to Genesis Asia Pacific Pte Ltd. and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiaries or affiliations. It also includes (if any) predecessors, successors, branches, departments, divisions, or affiliates of that entity.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Objection of Ad Hoc Group of Genesis Lenders to Genesis Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure for Entry of an Order Approving Settlement Agreement with FTX Debtors* [Docket No. 648]

3. The term "GGC" refers to Genesis Global Capital, LLC and, where applicable, its officers, directors, employees (or contracted employees), partners, corporate parent(s), subsidiaries or affiliations. It also includes (if any) predecessors, successors, branches, departments, divisions, or affiliates of that entity.

4. The term "GGH" refers to Genesis Global Holdco, LLC and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiaries or affiliations. It also includes (if any) predecessors, successors, branches, departments, divisions, or affiliates of that entity.

5. The term "FTX" refers to FTX Trading Ltd. and, where applicable, its officers, directors, employees, partners, corporate parent(s), subsidiaries or affiliations. It also includes (if any) predecessors, successors, branches, departments, divisions, or affiliates of that entity.

6. The term "Alameda" refers to Alameda Research LLC and Alameda Research Ltd. and, where applicable, their officers, directors, employees, partners, corporate parent(s), subsidiaries or affiliations. It also includes (if any) predecessors, successors, branches, departments, divisions, or affiliates of those entities.

7. The term "FTX Debtors" refers to FTX and its affiliated debtors and debtors-in-possession in the chapter 11 cases being jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.).

8. The term "Settlement Motion" refers to Docket No. 603 in these Chapter 11 Cases.

9. The term "Proposed Settlement Agreement" refers to Exhibit B to the Settlement Motion.

10. The term "FTX Claims" refers to the proofs of claim listed on Exhibit A-1 of the Proposed Settlement Agreement.

3

11.     The term "Genesis Claims" refers to the proofs of claim listed on Exhibit A-2 of the Proposed Settlement Agreement.

12.     The term "UCC" refers to the official committee of unsecured creditors appointed in these Chapter 11 Cases, and their attorneys, financial advisors, and other retained representatives.

13.     The term "document" includes writings of any type, all other data compilations from which information can be obtained, all Communications (as that term is defined in the following Definition), and any other means of preserving thoughts or expression, however produced or reproduced, including but not limited to e-mails authored from electronic or digital media, films, videotapes, and other recordings of events.  Requested documents means originals in each instance (or copies thereof if originals are unavailable), regardless of origin or location, which are in the possession, custody, or control of Debtors, or in the possession, custody, or control of Debtors' agents, representatives, employers, employees (including contracted employees of Genesis Global Trading Ltd.), or counsel, and any copies or reproductions that differ in any respect from the original, such as copies containing marginal notations or other variations.  Requested documents are to be taken as including all attachments, exhibits, enclosures, appendices, and other documents that relate to or refer to such designated documents.  The enumeration of various specific items as included within the definition of the word "document" may not be taken to limit the generality of this word, and the Requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of the word.

14.     "Communication" means any transmittal or receipt of information in the form of facts, ideas, inquiries, or otherwise, and includes correspondence, telexes, telecopies, electronic mail, all attachments and enclosures thereto, computer tapes, mobile application messages, SMS messages, discs, telephone tape recordings, recordings of any other type in any medium of written

4

or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications. A communication is responsive for purposes of these Requests regardless of the sender and recipients of the Communication, and responsive Communications include Communications between (a) only the Debtors' employees (including contracted employees), officers, and directors, including the Special Committee, (b) the Debtors' employees (including contracted employees), officers, and directors, including the Special Committee, and third-parties, (c) only third-parties, or (d) any other combination of personnel.

15. The term "concerning" means reflecting, referring to, or relating to, in addition to its other customary and usual meaning, and includes, but is not limited to, discussing, constituting, pertaining to, describing, evidencing, identifying, touching upon, reflecting, and/or summarizing. When a Request asks you to produce documents "concerning" an issue, you must produce not only documents that support such issue but also documents that potentially negate such issue.

16. The term "describe" shall mean to identify the type of document, its date, its author, its recipients, and to provide a summary of the substance thereof.

17. As used herein, the terms "all," "any," or "each" shall each be construed as encompassing any and all.

18. As used herein, the words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19. The use of the singular herein shall be construed to include the plural and vice versa.

20. All words, terms, and phrases not specifically defined herein are to be given their normal and customary meaning in the context in which they are used in these Requests.

21. "Including" shall mean including but not limited to.

**INSTRUCTIONS**

22. These Requests cover all documents wherever located that are subject to production under the Federal Rules of Civil Procedure and/or the Local Civil Rules of the United States District Court for the Southern District of New York, including all documents in the UCC's possession, custody, or control, and all documents that are otherwise obtainable by the UCC. In responding to these Requests, the Debtors are required to furnish all information that is available to the UCC, including information in the possession, custody, or control of the UCC's attorneys, accountants, agents, employees, representatives, and any other persons directly or indirectly employed by or connected with the UCC or the UCC's attorneys or anyone else subject to the UCC's control.

23. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, the documents produced are to be produced as they are kept in the ordinary course of business or are to be organized and labeled to correspond to the specific Request to which they are responsive. The integrity and internal sequence of the requested documents within each folder are not to be disturbed. Under no circumstances are documents from any file folder to be commingled with documents from any other file folder.

24. All non-identical copies of each document whose production is sought shall be separately produced.

25. If documents being produced are hard copy documents, rather than making another hard copy, the Debtors should scan the documents in TIFF format with Optical Character Recognition ("OCR") along with a Relativity database load file containing fields populated with the following: the beginning bates number of each document [BEGBATES field]; the ending bates number of each document [ENDBATES field]; the number of pages of each document/record [PAGECOUNT field]; and the extracted OCR text [TEXT field].

26. With respect to documents that are already in electronic/digital form, or exist in or can be retrieved electronically, such documents should be converted into a TIFF file with bates numbers, along with a link to the native, electronic file, and ensure the metadata from the original/native electronic file has been suitably transferred into a load file that can be loaded onto a Relativity database load file.

27. If you object to furnishing documents in response to any Request or part or portion thereof, you should specifically state the basis of such objection and furnish all requested documents to which the objection does not apply.

28. If any documents covered hereunder are withheld from production on the ground of privilege, or on a ground other than privilege, the UCC shall furnish a list of all such documents that includes (a) the date and number of pages of the document; (b) its title (if any); (c) its subject matter; (d) the identity of each attachment or appendices to the document; (e) the name and identification of each person to whom it is addressed; (f) the name and identification of each person who received a copy thereof; (g) the name and identification of each person to whom the document was distributed, shown, or explained; (h) the name and identification of the person or persons by whom it is written; (i) its present custodian; and (j) the ground or grounds upon which it is being withheld.

29. Each Request should be quoted in full immediately preceding your response.

30. These Requests will be deemed continuing and require immediate further supplemental production if the UCC receives, discovers, or generates additional documents after responding to these Requests. If any such additional documents or any portion of such documents are withheld from production upon a claim of privilege or for any other reason, the UCC must promptly serve a written identification of each such document or portion of such document, setting forth the information described in Instruction No. 28.

31. The time period covered by these Requests is from the beginning of time through the date of production, unless otherwise specified.

32. If there are no documents responsive to any particular request, you must indicate in writing.

33. If any documents responsive to the Requests have been lost, destroyed, transferred voluntarily or involuntarily to others not subject to the UCC's control, or otherwise disposed of, or if any documents responsive to the Requests exist but are not available, furnish a list identifying each such document, and set forth the following information with respect to each document: its date, author(s), sender(s), addressee(s) and recipient(s), and the subject matter of the document. In each instance, explain the circumstances surrounding each disposition or why such document is unavailable, including, in the event of such a disposition, the authorization therefor and the date thereof.

34. If You claim privilege or other protection as to a part of a document, You shall redact that portion and produce the remainder. When such redactions are made, You shall place a legend similar to "Redaction – Privilege" on the copy of the document produced. All redactions shall be included on the privilege log, and the redaction shall be described pursuant to the instructions in the previous paragraph. If a document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe generally those portions of the document that are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

35. If You cannot respond to any request in full, You shall respond to the extent possible, specifying the reason for Your inability to respond to the remainder, and state whatever information or knowledge You have regarding the portion to which You have not responded.

## DOCUMENT REQUESTS

36. **Request for Production No. 1**.

All documents and communications with the Debtors concerning the reconciliation of the allowable amount of the FTX Claims.

37. **Request for Production No. 2**.

All documents and communications with the Debtors concerning the reconciliation of the allowable amount of the Genesis Claims.

38. **Request for Production No. 3**.

All documents, communications, presentations, and analysis received by either the Debtors or FTX concerning the FTX Claims, the Genesis Claims, or otherwise concerning Proposed Settlement Agreement or the Settlement Motion.

Dated: September 1, 2023
New York, New York

**PROSKAUER ROSE LLP**

*/s/ Brian S. Rosen*
Brian S. Rosen
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Email: brosen@proskauer.com

-and-

Jordan E. Sazant
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
Email: jsazant@proskauer.com

*Counsel to the Ad Hoc Group of Genesis Lenders*

9