CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | **Related Docket Nos. 660 & 669** |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS'
MOTION TO SHORTEN THE NOTICE PERIOD FOR
DEBTORS' MOTION FOR ENTRY OF A SCHEDULING ORDER
CONCERNING THE DEBTORS' SECOND OMNIBUS OBJECTION
(SUBSTANTIVE) TO CLAIM NOS. 523, 526, 527, 981, 982 AND 990
<u>PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)</u>**

Genesis Global Holdco, LLC ("<u>Holdco</u>") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "<u>Debtors</u>" and these cases, collectively, the "<u>Chapter 11 Cases</u>"), hereby submit this reply in further support of the *Debtors' Motion to Shorten the Notice Period for Debtors' Motion for Entry of a Scheduling Order Concerning the*

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990*

*Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Motion to Shorten")[2]

(ECF No. 660) and in opposition Three Arrows Capital, Ltd.'s objection to the Motion to Shorten

(the "Objection") (ECF No. 669) and respectfully state as follows:

## REPLY

1.    As laid out in the Motion to Shorten, expeditious consideration of the Scheduling

Motion is needed to ensure that the parties have a clear path forward to complete discovery and to

subsequently resolve litigation surrounding the Claims filed by 3AC.  The hearing on the Debtors'

Disclosure Statement is scheduled for September 26, 2023, and now that an agreement in principle

with the Official Committee of Unsecured Creditors and Digital Currency Group, Inc. has been

reached, *see* ECF No. 625, the Debtors are moving expeditiously towards confirmation of their

Amended Plan.  The Objection is thus simply factually incorrect to the extent it suggest that there

is no established timeline towards plan confirmation.  Objection ¶ 2.  The schedule proposed by

the Debtors in the Scheduling Motion takes into account these critical timing considerations, and

any additional delay would ultimately have negative consequences for timely resolution of the

Chapter 11 Cases.[3]  As such, the Debtors have more than justified having the Scheduling Motion

heard on September 6—the only hearing scheduled before the Court in the nearly three weeks prior

to consideration of the Disclosure Statement.  In suggesting to the contrary, the 3AC liquidators

doth protest too much.

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion to Shorten.

[3]    The Debtors welcome 3AC's articulation of its position that there is no reason "why the resolution of the Foreign Representatives' claims before or after the deadlines sought in [the Debtors'] Scheduling Motion could impact creditor distributions."  Objection ¶ 1.

2.      In contrast, the Objection provides no basis to support 3AC's request for additional delay.  3AC gestures towards a purported need for additional time "to lay out their proposed schedule,"[4] yet 3AC omits the fact that they had numerous discussions with the Debtors about the proposed schedule for nearly two weeks.  In fact, 3AC has already proposed to the Debtors what 3AC represented was the final and most expeditious schedule that 3AC could offer, which is attached hereto as <u>Exhibit A</u>.  3AC conspicuously excludes this fact from its Objection, preferring to omit the explanations and arguments they have already developed in discussions with the Debtors over their proposed schedule to dither instead over the timing of the Scheduling Motion. In this way, the 3AC liquidators' clear strategy is to avoid engagement on the substance of the scheduling proposal in an effort to thwart the Court's ability to resolve the scheduling disagreement between the parties.  In any event, 3AC's proposed schedule is not workable in light of the needs of the Chapter 11 Cases—it proposes a close of evidence in late January 2024.  *See* Ex. A.  3AC's latest attempt to move sideways from substantive engagement on the Scheduling Motion is at base nothing more than another example of its attempts to delay resolution of these claims as a negotiation or litigation tactic.[5]  Given the 3AC liquidators' own representations concerning their position and final scheduling proposal, the Debtors respectfully submit that further discussions between the parties or briefing on such positions would not be fruitful, necessitating prompt resolution of the Scheduling Motion by the Court.  Indeed, 3AC's decision to file an Objection to what is ultimately a basic administrative issue on which the parties' positions

---

[4]      Objection ¶ 3.

[5]      Although the Objection suggests that more time is needed for 3AC to formulate and articulate its position on why its extended schedule on the Renewed Objection is more appropriate, *see* Objection ¶ 3, this elides the basic fact that 3AC has already formulated and articulated such position in negotiations with the Debtors, which they strategically are choosing to delay sharing with the Court.

have been fully negotiated is yet another effort clearly aimed to delay timely resolution of the

Claims.[6]

## **CONCLUSION**

WHEREFORE for the reasons set forth herein and in the Motion to Shorten, the Debtors

respectfully request that this Court (a) enter the orders granting both the Motion to Shorten and the

Scheduling Motion, (b) overrule the Objection, and (c) grant such other and further relief as is just

and proper.


Dated:  September 5, 2023          CLEARY GOTTLIEB STEEN & HAMILTON LLP
       New York, New York

                                    */s/ Luke A. Barefoot*
                                    Sean A. O'Neal
                                    Luke A. Barefoot
                                    Jane VanLare
                                    Andrew Weaver
                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                    One Liberty Plaza
                                    New York, New York 10006
                                    Telephone: (212) 225-2000
                                    Facsimile: (212) 225-3999

                                    *Counsel for the Debtors*
                                    *and Debtors-in-Possession*

---

[6]     The Debtors submit that the need for prompt entry of a clear and expeditious schedule is further underscored by 3AC's delay tactics in discovery, given that 3AC has not produced even a single document in response to the Debtors' discovery requests served more than a month ago.  The best that 3AC has managed on document discovery is an undertaking to reproduce a total of 28 pages of documents that were previously produced, but subject to use restrictions, in the upcoming week.  Sustaining the Objection and its studied avoidance of engagement on the merits of the Scheduling Motion would only reward such tactics.

## **EXHIBIT A**

### **3AC's Proposed Schedule**

- Debtors' renewed objection to amended claims:  Friday, Sept. 1

- Deadline to serve document requests: Friday, Sept. 22

- Deadline for fact document discovery productions: Friday, Oct. 6

- Deadline for expert identifications and initial expert reports: Friday, Oct. 27

- Deadline for any supplemental opening expert reports: Monday, Nov. 13

- Deadline for any rebuttal expert reports: Wednesday, Nov. 29

- Depositions (fact and expert): Monday, Oct. 9 – Friday Dec. 15

- Close of discovery: Friday, Dec. 15

- Debtors' supplemental objection: Friday, Dec. 22

- 3AC Response: Friday, Jan. 12

- Debtors' reply: Friday, Jan. 19

- Witness lists: Monday, Jan. 22

- Evidentiary Hearing: Jan. 24, 25 or 26