**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GENESIS GLOBAL HOLDCO, LLC, *et al.*[4] | Case No. 23-10063 (SHL) |
| Debtors. | (Jointly Administered) |

**[PROPOSED] ORDER DENYING DEBTORS' MOTION FOR ENTRY OF A SCHEDULING ORDER CONCERNING THE DEBTORS' SECOND OMNIBUS OBJECTION (SUBSTANTIVE) TO CLAIM NOS. 523, 526, 527, 981, 982 AND 990 PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

Upon the *Debtors' Motion for Entry of a Scheduling Order Concerning the Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Motion") filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") and the *Foreign Representatives' Objection to the Debtors' Motion for an Entry of a Scheduling Order Concerning the Debtors' Second Omnibus Objection to Claims by the Foreign Representatives of Three Arrows Capital, Ltd.* (the "Objection"); and having heard the statement regarding the relief requested in the Motion at a hearing before the Court, if any; and having heard the statement regarding the Foreign Representatives' objections to the Motion at a hearing before the court, if any; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

---

[4] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

The Motion is DENIED and the Briefing Schedule and page limits for certain related motion practice shall be set as follows:

1. The Debtors are granted leave, *nunc pro tunc*, to expand the page limit for the Objection to the Foreign Representatives' claims to 90 pages, exclusive of the table of contents, table of authorities and exhibits.

2. The deadline for the Parties to serve document requests shall be September 22, 2023 at 11:59 p.m. (prevailing Eastern Time).

3. The deadline for document productions shall be October 6, 2023 at 11:59 p.m. (prevailing Eastern Time). The Parties shall endeavor to produce relevant documents on a rolling basis on the earliest possible date, to the extent such documents have not already been produced.

4. The deadline for expert identifications and initial expert reports shall be October 27, 2023 at 11:59 p.m. (prevailing Eastern Time).

5. The deadline for any supplemental opening expert reports in addition to those included in the Debtors' Objection shall be November 13, 2023 at 11:59 p.m. (prevailing Eastern Time).

6. The deadline for any rebuttal expert reports shall be November 29, 2023 at 11:59 p.m. (prevailing Eastern Time).

7. The Parties shall schedule any depositions of factual or expert witnesses between October 9, 2023 and December 15, 2023.

8. The discovery period shall close December 15, 2023 at 11:59 p.m. (prevailing Eastern Time).

9. The Debtors shall file their supplemental objection incorporating any relevant evidence obtained during discovery by December 22, 2023 at 11:59 p.m. (prevailing Eastern Time). The page limit for the supplemental objection shall be increased to 90 pages, exclusive of the table of contents, table of authorities and exhibits.

10. 3AC shall file any response to the Renewed Objection and the Supplemental Objection by January 12, 2024 at 11:59 p.m. (prevailing Eastern Time). The page limit for the Response shall be increased to 90 pages, exclusive of the table of contents, table of authorities and exhibits.

11. The Debtors shall file their reply to 3AC's Response by January 19, 2024 at 11:59 p.m. (prevailing Eastern Time). The page limit for such reply shall be increased to 45 pages, exclusive of the table of contents, table of authorities and exhibits.

12. The Parties shall provide their witness lists to each counterparty and to the Court by January 22, 2024 at 11:59 p.m. (prevailing Eastern Time). Simultaneous with the provision of such witness lists, the Parties shall file with the Court a declaration from each proposed witness that will serve as such witness's direct testimony.

13. A merits hearing shall be scheduled for January 24, 25, or 26, 2024 (or such other date that reflects the Court's earliest availability). Consistent with paragraph (12) above, direct testimony shall be submitted solely via declaration.

All dates other than the date for the Debtors' reply, the submission of witness lists and direct testimony, and the hearing date may be modified by written agreement of the Parties, which may be by email, without leave of Court.

This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: September __, 2023

New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE