Christopher Harris

Adam J. Goldberg

Brett M. Neve

Nacif Taousse

**LATHAM & WATKINS LLP**

1271 Avenue of the Americas

New York, NY 10020

Telephone: (212) 906-1200

Facsimile: (212) 751-4864

Email:  chris.harris@lw.com

      adam.goldberg@lw.com

      brett.neve@lw.com

      nacif.taousse@lw.com

Nima H. Mohebbi (admitted *pro hac vice*)

Tiffany M. Ikeda (admitted *pro hac vice*)

Emily R. Orman (admitted *pro hac vice*)

**LATHAM & WATKINS LLP**

355 South Grand Avenue, Suite 100

Los Angeles, CA 90071

Telephone: (213) 485-1234

Facsimile: (213) 891-8763

Email:  nima.mohebbi@lw.com

      tiffany.ikeda @lw.com

      emily.orman@lw.com

*Counsel to the Foreign Representatives of Three Arrows Capital, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| Genesis Global Holdco, LLC, *et al.*,[1] | : | Case No. 23-10063 (SHL) |
|  | : |  |
|  | : | Jointly Administered |
| Debtors. | : |  |
|  | : |  |

---------------------------------------------------------------X

## MOTION FOR AUTHORIZATION TO
## FILE STAY RELIEF MOTION AND RELATED DECLARATION UNDER SEAL

    Russell Crumpler and Christopher Farmer, in their capacities as the duly authorized foreign

representatives (the "**Foreign Representatives**") of Three Arrows Capital, Ltd. ("**3AC**"), by and

through the undersigned counsel, and pursuant to sections 105(a) and 107(b) of title 11 of the

---

[1] The Debtors in these Chapter 11 Cases (the "**Debtors**"), along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), rule 9018 of

the Federal Rules of Bankruptcy Procedure (as amended, the "**Bankruptcy Rules**"), and rules

9013-1(a) and 9018-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for

the Southern District of New York (as amended, the "**Local Bankruptcy Rules**"), respectfully

represent as follows in support of this motion (the "**Motion**").

**RELIEF REQUESTED**

1.      The Foreign Representatives hereby request authority to file the *Motion of the*

*Foreign Representatives of Three Arrows Capital, Ltd. for Entry of an Order (I) Modifying the*

*Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting*

*Related Relief* (the "**Stay Relief Motion**"), filed at Docket No. 678, publicly with statements

therein regarding certain claims being advanced before the BVI Court (as defined below)

(such statements, the "**BVI Claims Information**") redacted, while filing such motion unredacted

under seal.  The basis for the relief requested in this Motion is set forth in the *Declaration of*

*Russell Crumpler in Support of the Motion of the Foreign Representatives for Authorization to*

*File Stay Relief Motion and Related Declaration Under Seal*, attached hereto as **Exhibit A**

(the "**Crumpler Declaration**").  Because the Foreign Representatives cannot outline the rationale

for the relief sought herein without revealing confidential information related to 3AC's ongoing

proceedings before the BVI Court (as defined below), the Foreign Representatives likewise

propose to publicly file the Crumpler Declaration redacted in its entirety, while filing it unredacted

under seal.  The Foreign Representatives propose to provide unredacted copies of the Stay Relief

Motion and the Crumpler Declaration, on a strictly confidential basis, to (a) this Court, (b) the

Debtors, (c) the Office of the United States Trustee for the Southern District of New York

(the "**U.S. Trustee**"), and (d) the official committee of unsecured creditors appointed in these

2

Chapter 11 cases (the "**Committee**").  A proposed form of order granting the relief requested herein is attached hereto as **Exhibit B** (the "**Proposed Order**").

**JURISDICTION AND VENUE**

2.       The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and *the Amended Standing Order of Reference M-431*, dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. § 1410.  The statutory bases for relief are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Bankruptcy Rules 9013-1(a) and 9018-1.

**BACKGROUND**

3.       3AC was an investment firm incorporated in the British Virgin Islands ("**BVI**"), with a focus on trading cryptocurrency and other digital assets with billions of dollars in assets under management as of April 2022.  3AC collapsed around that time in the wake of extreme fluctuations in the cryptocurrency markets.  On June 27, 2022, 3AC commenced a liquidation proceeding before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "**BVI Court**"), and that court issued an order appointing the Foreign Representatives as joint liquidators of 3AC.  On July 1, 2022, the Foreign Representatives commenced a chapter 15 case in this district (Case No. 22-10920 (MG), and on July 28, 2022, the Honorable Martin Glenn granted recognition as a foreign main proceeding.

4.       The Foreign Representatives assert various claims on behalf of 3AC's estate against the Debtors, as set forth in proofs of claim nos. 981, 982 and 990 (such claims, the "**3AC Claims**").  Concurrently herewith, the Foreign Representatives filed with this Court the Stay Relief Motion, seeking relief from the automatic stay in these Chapter 11 cases to allow for the adjudication of

the 3AC Claims before the BVI Court, or in the alternative, before the U.S. Bankruptcy Court for the Southern District of New York in an adversary proceeding related to the 3AC's pending Chapter 15 case before Chief Judge Martin Glenn.

**BASIS FOR RELIEF**

5.      The Bankruptcy Code provides strong support for sealing the BVI Claims Information and the related Crumpler Declaration.   Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the Foreign Representatives to file the Litigation Schedule under seal by permitting the issuance of an order that protects from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may— (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

6.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

7.      If the material sought to be protected satisfies one of the categories identified in section 107(b), the court is required to protect a requesting party and has no discretion to deny the application.  *See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (holding that once a court determines that a party in interest

is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application.").

8.      The United States Court of Appeals for the Second Circuit has noted that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public. *Id.* Thus, under this exception, an interested party has to show only that the information it wishes to seal is "'confidential' and 'commercial' in nature." *Id.* Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28.

9.      Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). *See, e.g., In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003) (citing Fed. R. Bankr. P. 9018). "Courts have supervisory powers over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *In re Glob. Crossing, Ltd.*, 295 B.R. at 724. Moreover, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10.     The Foreign Representatives submit that the BVI Claims Information and the information set forth in the Crumpler Declaration falls within the scope of confidential information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *In*

*re Glob. Crossing, Ltd.*, 295 B.R. at 725 (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

11.     Here, for the reasons set forth in the Crumpler Declaration, 3AC's estate would be prejudiced if the BVI Claims Information, or the information set forth in the Crumpler Declaration, is revealed publicly.  Accordingly, the Foreign Representatives respectfully submit that cause exists to allow them to redact the Stay Relief Motion and the Crumpler Declaration for public filing.  However, to maximize transparency, the Foreign Representatives propose to file a copy of the Stay Relief Motion and the Crumpler Declaration, entirely unredacted, with the Court under seal and to share copies thereof with the U.S. Trustee, the Debtors, and the Committee on a strictly confidential basis.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

12.     To implement the foregoing successfully, the Foreign Representatives respectfully request that the Court enter an order providing that the notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Foreign Representatives have established cause to exclude the relief requested herein from the fourteen (14) day stay period provided under Bankruptcy Rule 6004(h), to the extent that it applies.

## NOTICE

13.     Notice of this Motion has been provided to (a) the Chambers of the Honorable Sean Lane, (b) the Debtors, (c) Cleary Gottlieb Steen & Hamilton LLP, as counsel for the Debtors, (d) the U.S. Trustee, and (e) all other parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Foreign Representatives submit that such notice is sufficient, and no other or further notice need be provided.

## NO PRIOR REQUEST

14.      No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Foreign Representatives respectfully request entry of an order, substantially in the form attached hereto as **<u>Exhibit B</u>**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: September 6, 2022
New York, New York

Respectfully submitted,

<u>/s/ Christopher Harris</u>
Christopher Harris
Adam J. Goldberg
Brett M. Neve
Nacif Taousse
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:   chris.harris@lw.com
        adam.goldberg@lw.com
        brett.neve@lw.com
        nacif.taousse@lw.com

– and –

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
Emily R. Orman (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:   nima.mohebbi@lw.com
        tiffany.ikeda@lw.com
        emily.orman@lw.com

*Counsel to the Foreign Representatives*
*of Three Arrows Capital, Ltd.*

## Exhibit A

**Crumpler Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------X
                                                    :
In re:                                              :          Chapter 11
                                                    :
Genesis Global Holdco, LLC, et al.,                 :          Case No. 23-10063 (SHL)
                                                    :
                                                    :          Jointly Administered
                                Debtors.            :
                                                    :
-----------------------------------------------------------------X
```

## DECLARATION OF RUSSELL CRUMPLER IN SUPPORT OF THE MOTION OF THE FOREIGN REPRESENTATIVES FOR AUTHORISATION TO FILE STAY RELIEF MOTION AND RELATED DECLARATION UNDER SEAL

1.      I, Russell Crumpler, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge and belief.

### Introduction

2.      I am a Senior Managing Director of Teneo (BVI) Limited in the British Virgin Islands ("**BVI**"). I, along with my colleague Christopher Farmer (also of Teneo (BVI) Limited) are the duly appointed joint liquidators and foreign representatives (together, the "**Liquidators**") of Three Arrows Capital Ltd. ("**3AC**") by the Eastern Caribbean Supreme Court in the BVI High Court of Justice (Commercial Division) ("**BVI Court**"), Claim No. BVIHC (COM) 2022/0117 and BVIHC (COM) 2022/119, pursuant to sections 159(1) and 162(1)(a) and (b) of the BVI Insolvency Act.

3.      I respectfully submit this declaration in support of the Liquidators' *Motion for Authorization to File Stay Relief Motion and Related Crumpler Declaration Under Seal*, to which this declaration is attached (the "**Motion**").

4.      I am over the age of 18, and I am duly authorized to make this declaration acting in my capacity as Liquidator of 3AC. Except as otherwise indicated, the facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning 3AC. I am authorized to submit this declaration on behalf of 3AC, and if called upon to testify, I could and would testify competently to the facts set forth herein.

5.      Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge or based upon my review of relevant documents.

## **Background**

6.      I understand that the relief sought in the Motion is this Court's authorization to file the *Motion of the Foreign Representatives of Three Arrows Capital, Ltd. for Entry of an Order (I) Modifying the Automatic Stay Pursuant to 11 U.S.C. 362(D)(1) and Bankruptcy Rule 4001 and (II) Granting Related Relief* (the "**Stay Relief Motion**"), filed at Docket No. 678, publicly with statements therein regarding certain claims being advanced before the BVI Court (as defined below) (such statements, the "**BVI Claims Information**") redacted, while filing such motion unredacted under seal. ███████████████████████████████████████

███████████████████████████████████████████████████

██  ███████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████







16.    For the reasons described herein, I view the information in this declaration and the Stay Relief Motion as confidential information that would be harmful to the liquidation of 3AC and its creditors if such information became publicly available.

IN WITNESS WHEREOF, I have executed this declaration under penalty of perjury under the laws of the United States of America this 6th day of September 2023.

Dated:          September 6, 2023

_____
Russell Crumpler

## Exhibit B

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
                                                    :

In re:                                     :           Chapter 11

                                            :

Genesis Global Holdco, LLC, *et al.*,[1]         :           Case No. 23-10063 (SHL)

                                            :

                                           :           Jointly Administered

                          Debtors.       :

                                           :
------------------------------------------------------------------X

### [PROPOSED] ORDER GRANTING AUTHORIZATION TO FILE
### STAY RELIEF MOTION AND RELATED DECLARATION UNDER SEAL

Upon the Motion (the "**Motion**")[2] of the Foreign Representatives for entry of an order (this "**Order**") pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rules 9013-1(a) and 9018-1 (i) authorizing the Foreign Representatives to file under seal the Stay Relief Motion and related Crumpler Declaration, and (ii) directing that the redacted BVI Claims Information and the Crumpler Declaration remain confidential and under seal and not be made available to anyone without the prior written consent of the Foreign Representatives, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that

---

[1]   The Debtors in these Chapter 11 Cases (the "**Debtors**"), along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]   Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Foreign Representatives are authorized to file the Stay Relief Motion and the related Crumpler Declaration on the public docket of this case with the BVI Claims Information and the Crumpler Declaration redacted.

3.      The unredacted Stay Relief Motion and related Crumpler Declaration (together, the "**Confidential Documents**") are confidential and shall remain under seal, and shall not be made available to anyone other than this Court, the Clerk of the Court, the Debtors, the Committee, and the U.S. Trustee.  The U.S. Trustee, the Debtors, and the Committee shall keep the Confidential Documents on a strictly confidential basis.  Any party who receives the Confidential Documents in accordance with this Order shall not disclose or otherwise disseminate such information to any other person or entity without the prior consent of the Foreign Representatives.

4.      Upon closure of these Chapter 11 cases, the Clerk's Office is directed to release any hard copies or electronic storage device of the Confidential Documents to the Foreign Representatives for disposal.

5.      Notice of the Motion is adequate under Bankruptcy Rule 6004(a).

6.      Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

2

7.      The Foreign Representatives are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____, 2023
          New York, New York            _____
                                        THE HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE