UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER APPROVING THE SUPPLEMENTAL ENGAGEMENT LETTER WITH M3 ADVISORY PARTNERS, LP AS FINANCIAL ADVISORS FOR THE DEBTORS AND DEBTORS-IN-POSSESSION *NUNC PRO TUNC* TO AUGUST 23, 2023

Upon the Application[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), for entry of an order authorizing the Debtors to employ and retain, pursuant to sections 327(a) and 328 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for Southern District of New York (the "Local Rules"), M3 Advisory Partners, LP ("M3 Partners") as their financial advisors on the terms set forth in the engagement letter (the "Engagement Letter") annexed to the Application as Exhibit C; and the Court having granted the relief requested in the Application and entered the *Order Authorizing the Employment and Retention of M3 Advisory Partners, LP as*

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application, as may be applicable.

*Financial Advisors for the Debtors and Debtors-in-Possession*, ECF No. 268 (the "Retention Order"); and upon the Debtors' request for entry of any order (this "Order") approving the Supplemental Engagement Letter attached hereto as Exhibit 1 and expanding the scope of services to be provided by M3 Partners; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Supplemental Engagement Letter and the request for entry of this Order was appropriate and no other notice need be provided; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Supplemental Engagement Letter is GRANTED to the extent set forth herein and the retention of M3 Partners is amended *nunc pro tunc* to August 23, 2023 to encompass the scope of services as set forth in the Supplemental Engagement Letter.

2. M3 Partners is authorized to perform any and all financial advisory services for the Debtors that are necessary or appropriate in connection with the financial advisory services described in the Engagement Letter and the Supplemental Engagement Letter.

3. The terms of the Supplemental Engagement Letter are reasonable terms and conditions of employment and are hereby approved to the extent set forth herein.

4. Other than as set forth herein, nothing in this Order shall, or is intended to, modify any terms, conditions or provisions of the Retention Order and all such terms, condition and provisions of the Retention Order shall continue to apply.

5. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (a) the terms of this Order shall be immediately effective and enforceable upon its entry, (b) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (c) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

7. To the extent that there may be any inconsistency between the terms of the Application, the Kamlani Declaration, the Engagement Letter, the Retention Order and this Order, the terms of this Order and the Retention Order shall govern.

Dated: September 8, 2023  /s/ *Sean H. Lane*
      White Plains, New York  THE HONORABLE SEAN H. LANE
                                           UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Supplemental Engagement Letter**



1700 Broadway, 19th Floor
New York, NY 10019-5905
212.202.2300
www.m3-partners.com

August 23, 2023

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006

**Supplemental Engagement Letter**

Ladies and Gentlemen:

The purpose of this letter agreement (this "***Supplemental Agreement***") is to amend and restate that certain engagement letter dated March 30, 2023 (the "***Agreement***")[1] whereby Cleary Gottlieb Steen & Hamilton LLP (the "***Client***") engaged M3 Advisory Partners, LP ("***M3***" and, together with the Client, the "***Parties***") to provide the Services described in the Engagement Letter in connection with the Client's representation of Genesis Global Capital, LLC ("***GGC***") and its affiliated debtors and debtors-in-possession (the "***Company***") in their chapter 11 cases currently pending before the United States Bankruptcy Court for the Southern District of New York (the "***Court***") under the caption *In re Genesis Global Capital, LLC*, Case No. 23-10062 (SHL).

    1.    Amended and Restated Provisions of the Agreement

As of the date of the execution of this Supplemental Agreement by the Parties, and subject to the entry of an order by the Court approving this Supplemental Agreement, the Engagement Letter shall be amended as follows:

    a.    Paragraph 1 of the Agreement shall be revised to read:

Services: M3 will act at the direction and under the supervision of attorneys at the Client only, with the Client acting upon instruction from the Company, to assist the Client in rendering legal advice and in performing legal services for the Company. In so doing, M3 hereby agrees to provide the following services (the "***Services***") for the Client and the Company upon the terms and subject to the conditions set forth in this Agreement:

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Agreement.

EXPERIENCE. ALIGNMENT. RESULTS.

  (a) supporting the Client and the Company in connection with matters relating to FTX Trading Ltd., Alameda Research LLC, Alameda Research Ltd. (BVI) and/or certain of their affiliates;

  (b) supporting the Client and the Company in connection with matters relating to Three Arrows Capital, Ltd. (in liquidation); and

  (c) such other services as M3 and the Client may agree in writing from time to time with approval of the Court.

2. For the avoidance of doubt, this Supplemental Agreement shall constitute an amendment to and shall be incorporated into and be an integral part of, the Agreement and all provisions of the Agreement not otherwise amended by this Supplemental Agreement, including for the avoidance of doubt the Annex I, shall remain unchanged and in full force and effect.

[*Remainder of page intentionally left blank*]

This Supplemental Agreement shall be binding upon the Parties and their respective successors and assigns, and no other person shall acquire or have any right under or by virtue of this Agreement.

Please confirm the foregoing is in accordance with your understanding by signing and returning a copy of this Supplemental Agreement, whereupon it shall become binding and enforceable in accordance with its terms.

             Very truly yours,

             M3 ADVISORY PARTNERS, LP

             By _____
               Name: Mohsin Y. Meghji
               Title: Managing Member

ACCEPTED AND AGREED
as of the date first set forth above:

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Luke A. Barefoot
   Name: Luke A. Barefoot
   Title: Partner

ACKNOWLEDGED AND AGREED:

GENESIS GLOBAL HOLDCO LLC, on its
own behalf and on behalf of its affiliated debtors in possession

By: _Arianna Pretto-Sakmann_
   Name: Arianna Pretto-Sakmann
   Title: Chief Legal Officer