**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING THE DEBTORS' AND THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS' MOTIONS FOR ENTRY
OF AN ORDER REQUIRING THE REDACTION
OF CERTAIN PERSONALLY IDENTIFIABLE INFORMATION**

Upon (i) the *Debtors' Motion for Entry of Interim and Final Orders Waiving the Requirement that Each Debtor File a List of Creditors and Authorizing Preparation of a Consolidated List of Creditors, in Lieu of Submitting a Formatted Mailing Matrix, (II) Authorizing the Debtors to File a Consolidated List of the Debtors' Fifty (50) Largest Unsecured Creditors, (III) Authorizing the Debtors to Redact Certain Personally Identifiable Information, and (IV) Granting Related Relief* [ECF No. 14] (the "**Creditor Matrix Motion**"); (ii) the *Debtors' Motion Pursuant to 11 U.S.C. §§ 107(b), 107(c) and 105(a) for Entry of an Order Authorizing the Debtors to Redact and File Under Seal Certain Information About the Confidential Parties Listed in the Debtors' Professional Retention Applications and Schedules* [ECF No. 67] (the "**Sealing Motion**"); and (iii) *the Official Committee of Unsecured Creditors' Motion for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* [ECF No. 137] (the "**Committee Motion**," and together with the Creditor Matrix

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Motion and the Sealing Motion, the "**Motions**") for entry of an order, pursuant to sections 107 and 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and consideration of the Motions and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motions and opportunity for a hearing on the Motions having been appropriate under the circumstances and no other notice need be provided; and the Court having heard oral argument on the Motions on March 30, 2023 followed by an evidentiary hearing on April 24, 2023 (together, the "**Hearings**"); and upon the record of the Hearings and all of the proceedings had before this Court; and this Court having determined that the relief set forth in this Order is in the best interests of the Debtors and their estates and that the legal and factual bases set forth in the Motions and at the Hearings establish just cause for the relief granted herein; and the Court having issued a Memorandum of Decision dated August 4, 2023 [ECF No. 581] (the "**Decision**"); and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.    The Debtors and the Official Committee of Unsecured Creditors (the "**Committee**") have met their burden under section 107(b) of the Bankruptcy Code to redact the names, addresses, and contact information of both (i) individual lenders of the Debtors (the

"**Individual Lenders**") as well as (ii) institutional lenders of the Debtors (the "**Institutional Lenders**," and together with the Individual Lenders, the "**Lenders**"), as such information constitutes confidential commercial information.

B.      The Debtors and the Committee have met their burden under section 107(c) of the Bankruptcy Code of establishing an undue risk of harm to Individual Lenders and that the information of the Individual Lenders, including their names, mailing addresses, and e-mail addresses, should be redacted under section 107(c) of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motions are GRANTED to the extent set forth herein and as set forth in the Decision.

2.      The Debtors are authorized and directed to redact from (i) the Debtors' schedules of assets and liabilities and statements of financial affairs (the "**Schedules and Statements**") and (ii) any other document or paper the Debtors have filed or will file in these Chapter 11 Cases, including but not limited to the Debtors' consolidated list of creditors (the "**Creditor Matrix**"), the names, addresses, and contact information of (x) the Individual Lenders pursuant to sections 107(b) and (c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, and (y) the Institutional Lenders pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3.      All parties in interest are authorized and directed to redact from any document or paper such parties in interest have filed or will file in these Chapter 11 Cases, the names, addresses, and contact information of (i) the Individual Lenders pursuant to sections 107(b) and (c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, and (ii) the Institutional

3

Lenders pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

4. The Debtors are authorized and directed, pursuant to sections 107(b) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, to redact the names, addresses, and contact information of (i) potential counterparties to mergers or acquisition transactions and (ii) parties involved in confidential or sealed litigation or regulatory actions or proceedings from (x) the Schedules and Statements and (y) any other document or paper the Debtors have filed or will file in these Chapter 11 Cases, including but not limited to the Creditor Matrix.

5. The Debtors shall provide unredacted copies of the Schedules and Statements, the Creditor Matrix, and any other documents or papers that have been filed or will be filed with the Court that include information redacted pursuant to this Order to (i) the Court, (ii) the U.S. Trustee, (iii) the Committee (on a confidential and professional eyes only basis), (iv) counsel to the Ad Hoc Group of Genesis Lenders (on a confidential and professional eyes only basis), (v) counsel to state governmental agencies of the State of Texas (upon request and on a confidential and professional eyes only basis), and (vi) any other party as may be ordered by the Court or agreed to by the Debtors in consultation with the Committee, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors in consultation with the Committee; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document or paper to any other person or entity.

6. Any party in interest that files a document or paper in these Chapter 11 Cases that is redacted in accordance with this Order shall provide unredacted copies of such document or paper to (i) the Court, (ii) the Debtors, (iii) the U.S. Trustee, (iv) the Committee (on a confidential

and professional eyes only basis), (v) counsel to the Ad Hoc Group of Genesis Lenders (on a confidential and professional eyes only basis), (vi) counsel to state governmental agencies of the State of Texas (upon request and on a confidential and professional eyes only basis), and (vii) any other party as may be ordered by the Court or agreed to by the Debtors in consultation with the Committee, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors in consultation with the Committee; *provided* that any receiving party shall not transfer or otherwise provide such unredacted document or paper to any other person or entity.

7. The Debtors shall submit unredacted copies of the Schedules and Statements and the Creditor Matrix, and the Debtors or any party in interest, as applicable, shall submit unredacted copies of any documents or papers that include information redacted pursuant to this Order, to the Clerk of the Court under seal in an envelope, clearly indicating that such document or paper has been filed under seal by order of this Court and may not be unsealed unless and until permitted by further order of this Court.

8. Nothing herein precludes the right of the U.S. Trustee or a party in interest to file a motion requesting that this Court unseal any information redacted by this Order.

9. Counsel for the Debtors shall contact the Clerk's Office regarding the return or disposition of any documents or papers that are sealed in accordance with this Order at the conclusion of the matter; *provided* that, if the Debtors have not contacted the Clerk's Office within forty-five (45) days of the closing of the Chapter 11 Cases, the Clerk's Office is authorized to dispose of the sealed documents or papers in a manner consistent with the need to preserve confidentiality.

10. Notwithstanding any provision in the Bankruptcy Rules or the Local Rules to the contrary, (i) the terms and conditions of this Order are immediately effective and enforceable upon

its entry; and (ii) the Debtors are not subject to any stay in implementation, enforcement, or realization of the relief granted in this Order.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motions and the Decision.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 12, 2023      */s/ Sean H. Lane*
     White Plains, New York      THE HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE