**Hearing Date and Time: September 26, 2023 at 2:00 PM (Prevailing Eastern Time)**
**Objection Deadline: September 19, 2023 at 4:00 PM (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' OMNIBUS MOTION FOR ENTRY OF AN ORDER
(I) APPROVING REJECTION OF CERTAIN EXECUTORY CONTRACTS,
(II) AUTHORIZING PROCEDURES FOR THE REJECTION OF
EXECUTORY CONTRACTS AND THE ABANDONMENT OF
RELATED ASSETS AND (III) AUTHORIZING PROCEDURES FOR THE
SETTLEMENT OF CERTAIN DE MINIMIS CLAIMS**

---

**PARTIES RECEIVING NOTICE OF THIS OMNIBUS MOTION SHOULD REVIEW
EXHIBIT 1 TO THE PROPOSED ORDER ATTACHED TO THE MOTION TO
DETERMINE WHETHER THEIR NAMES AND CORRESPONDING EXECUTORY
CONTRACTS ARE LISTED AND SUBJECT TO REJECTION**

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a), 363, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 6006-1 and 6007-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").  In support of this Motion, the Debtors rely upon the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (the "First Day Declarations"),[2] incorporated herein by reference, and respectfully present:

## BACKGROUND

1.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  Historically, the Debtors engaged in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engaged in derivatives, custody and most of the Company's trading services.  Holdco is a sister company of GGT and 100% owned by DCG, the Debtors' ultimate parent company.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

2.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Court (the date of such filing, the "Petition Date") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55). On March 21, 2023, the Debtors filed summaries of their assets and liabilities schedules (ECF Nos. 145, 146, 147).

3.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of these Chapter 11 Cases is set forth in the First Day Declarations, which are incorporated by reference herein.

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

5.      Pursuant to sections 105(a), 363, 365, and 554 of the Bankruptcy Code, Rule 6006 of the Bankruptcy Rules and Rules 6006-1 and 6007-1 of the Local Rules, the Debtors request entry of an order: (i) granting the Debtors' request to reject certain executory contracts

as provided in Exhibit 1 to the Proposed Order; (ii) authorizing the proposed omnibus procedures for the rejection of certain executory contracts set forth below (the "Rejection Procedures"); (iii) authorizing the abandonment of certain related assets, including, but not limited to, personal property, fixtures, and/or equipment associated with such executory contracts; (iv) authorizing the proposed procedures for the settlement of certain de minimis claims arising from the rejection of Contracts pursuant to this Motion; and (v) granting the Debtors authority to take any and all actions as may be necessary and appropriate to implement and effectuate the Rejection Procedures and the Settlement Procedures as approved by this Court.

6.      **Contracts for Rejection**.  Based on their business judgment, the Debtors have determined that the executory contracts set forth on Exhibit 1 to the Proposed Order (the "Contracts for Rejection") are financially burdensome to their estates and no longer provide benefit to the Debtors or their estates.  Accordingly, the Debtors seek authority to reject the Contracts for Rejection set forth on Exhibit 1 as of the Petition Date to prevent the incurrence of ongoing administrative expenses with respect to the Contracts for Rejection.[3]

7.      **Rejection Procedures**.  Further, the Debtors are parties to numerous executory contracts ("Contracts").  Although the Debtors are still reviewing the remaining Contracts and reserve the right to assume any of them in connection with the administration of these Chapter 11 Cases, in light of the Debtors' need to adjust their operations to the current circumstances, the Debtors anticipate that there will be a substantial number of Contracts that no longer provide any benefit to the Debtors' estates and should be rejected.  Consistent with the practice in large and complex chapter 11 cases, the Debtors seek approval to implement the following Rejection Procedures:

---

[3]      In the alternative, if the Court does not grant the relief requested herein effective *nunc pro tunc* to the Petition Date, the Debtors request that the Court grant such relief effective as of the date of filing of this Motion.

(a)   The Debtors will file and serve a notice to reject any Contract(s) (a "Rejection Notice") by email or facsimile, if available, or overnight courier if email or facsimile are not available, to: (a) the non-Debtor counterparty or counterparties to each such Contract; (b) the United States Trustee, One Bowling Green, Suite 534, New York, New York 10004, Attn: Greg Zipes, Esq.; (c) counsel to the Official Committee of Unsecured Creditors, 1221 Avenue of the Americas, New York, NY 10020, Attn: Philip Abelson (philip.abelson@whitecase.com); and (d) any third party having, to the best of the Debtors' knowledge, an interest in real or personal property related to the Contract (collectively, the "Notice Parties");

(b)   The Rejection Notice shall be substantially in the form of Exhibit 2 to the Proposed Order and shall include the following information to the extent it is reasonably available to the Debtors: (a) the Debtor party or parties to such Contract; (b) the proposed effective date of the rejection for each Contract; (c) the name and address of the non-Debtor counterparty or counterparties to the Contract; (d) the title of the Contract to be rejected in accordance with these Rejection Procedures; and (e) a description of any Remaining Property of the Debtors that the Debtors intend to abandon in accordance with these Rejection Procedures;

(c)   If more than one Contract is listed in the Rejection Notice, the Rejection Notice will comply with all requirements of Bankruptcy Rule 6006(f);

(d)   The Notice Parties may object to a proposed rejection of a Contract by filing and serving a written objection (an "Objection") by no later than 4:00 p.m., prevailing Eastern Time, fourteen (14) days after the date the Debtors serve the applicable Rejection Notice (the "Objection Deadline"), by first-class mail, email or facsimile, on the Debtor and other Notice Parties;

(e)   If no objection to the rejection of a Contract is timely filed and served in accordance with these Rejection Procedures, the Debtors shall file a notice of effectiveness of rejection (the "Notice of Effectiveness") (i) confirming that no objections to the rejection of the Contract were timely filed and served and (ii) confirming the effective date of rejection; and such Contract shall be deemed rejected as of the applicable effective date of rejection set forth in the Rejection Notice without further notice, hearing, or order of the Court, with each non-Debtor counterparty or counterparties to such Contract being bound by such rejection in accordance with these Rejection Procedures (the "Rejection Date");[4]

(f)   The Debtors may, in their discretion and exercise of business judgment, resolve any timely filed and served Objection by mutual agreement with the objecting party, without further notice to the Court. If an Objection is filed and served in accordance with the Rejection Procedures and if the Debtors and the objecting party are unable to reach a consensual resolution, the Debtors shall, following

---

[4]   To the extent necessary, such notice shall be deemed to effect a waiver of Rule 6004(h) with respect to the order granting this Motion.

the conclusion of negotiations and upon reasonable notice, file a notice of hearing to consider the unresolved Objection to be heard no later than the next regularly scheduled omnibus hearing at which such Objection reasonably can be heard; provided that the Debtors shall file any reply on or before 12:00 p.m. (Prevailing Eastern Time) two (2) business days prior to the date of the applicable hearing and provide at least five (5) days' notice of such hearing to the objecting party and the Notice Parties.  If the Objection is overruled or withdrawn, the applicable Contract shall be deemed rejected (a) as of the Rejection Date set forth in the Rejection Notice, (b) as of such other date to which the Debtors and the non-Debtor counterparty to such Contract have agreed, or (c) as otherwise determined by the Court as set forth in any order overruling such Objection;

(g)   Claims arising out of the rejection of a Contract, if any, must be filed on or before the later of (i) thirty-five (35) days after the date of the Rejection Notice and (ii) thirty (30) days after entry of an order on the Rejection Notice.  Any non-Debtor party to a rejected Contract who fails to file a proof of claim in compliance with the procedures detailed in this subparagraph shall be forever barred from asserting a claim for rejection damages and from participating in any distributions on such claim that may be made in connection with these Chapter 11 Cases;

(h)   If the Debtors have deposited funds with a non-Debtor counterparty to a rejected Contract as a security deposit or other arrangement, such non-Debtor counterparty may not set off, recoup, or otherwise use such funds without further order of the Court unless the Debtors and the non-Debtor counterparty to such Contract otherwise agree.

8.    **Removal or Abandonment of Property**.  The Debtors also request authority, prior to and through the Rejection Date, to remove from the premises that are the subject of any Contract rejected under the Rejection Procedures, in their sole discretion and consistent with the Debtors' ownership rights and property interests therein, any Remaining Property that the Debtors have installed in or about premises (such as equipment, fixtures, and other personal property), which is either owned by the Debtors, or leased by the Debtors from third parties.  The Debtors will not remove any property that is owned by an applicable non-Debtor counterparty to any rejected Contract.

9.    Additionally, Bankruptcy Code section 554 authorizes the abandonment of property, subject to this Court's approval.  In the event the Debtors, in their business judgment,

determine that personal property remaining in a Contract counterparty's possession subject to a rejected Contract (the "Remaining Property") has little or no value or that the preservation thereof will be burdensome to their estates compared with the expense of removing and storing such property, the Debtors request authority to abandon, in their sole discretion, such Remaining Property. The rights of all Contract non-Debtor counterparties to include any reasonable costs associated with the removal or disposal of any such abandoned property in accordance with the terms of the applicable Contract, and the Debtors' defenses and objections to any such claims, will be expressly preserved.

10.  To the extent the Debtors lease personal property from a third party pursuant to a true lease and such personal property is either in the Debtors' possession or in the Contract non-Debtor counterparty's possession in relation to the rejected Contract, the Debtors shall not abandon such personal property without first also rejecting the underlying lease for such personal property. If thereafter the Debtors propose to abandon such personal property that is (i) subject to a true lease and (ii) located at premises related to Contracts that are the subject of a Rejection Notice, the Rejection Notice for such Contracts shall indicate the same, and shall be served on the personal property lessor, and the Rejection Procedures shall apply to said personal property lessor. The Debtors propose that the automatic stay be deemed modified to permit the respective personal property lessor to retrieve such abandoned property within seven (7) days of the date the Rejection Notice is filed (the "Collection Period").[5]  Any such Rejection Notice shall be served on the personal property lessor at the same time it is served on all Notice Parties.

11.  In all events, including if Remaining Property is not retrieved by the end of an applicable Collection Period, the Debtors request that the property be deemed abandoned,

---

[5]  Notwithstanding the foregoing, the Collection Period shall not apply if the lessor of such personal property is also the lessor of the Contract subject to the Rejection Notice.

as is, pursuant to section 554 of the Bankruptcy Code as of the Rejection Date, and that, except as set forth above, the Contract non-Debtor counterparty be authorized to dispose of such abandoned property without liability to any third party claiming an interest in such abandoned property.

12.     In connection with the foregoing Rejection Procedures, the Debtors also request that they be authorized to execute and deliver all instruments, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures and abandonment, as approved by this Court and that entry of the requested order be without prejudice to the Debtors' or any other party's right to seek further, other, or different relief regarding the Contracts.

13.     **Settlement Procedures**. The Debtors also seek authority to evaluate and, where appropriate, settle, compromise, and pay certain prepetition and post-petition claims asserted against the Debtors arising from or relating to the rejection of Contracts pursuant to this Motion in an amount not to exceed $25,000 in each case (the "De Minimis Claims") pursuant to the Settlement Procedures as described herein.

14.     Absent such authority, under Bankruptcy Rule 9019, Debtors would be required to seek Court approval to settle, compromise, and pay each De Minimis Claim.  Such a process, and its attendant notice and hearing requirements, would be an expensive and inefficient use of the Debtors' and the Court's limited resources.  Indeed, the costs associated with preparing an independent motion to approve the settlement of a De Minimis Claim would likely exceed the dollar value of the settlement itself.

15.     The Debtors accordingly propose the following settlement procedures applicable to the De Minimis Claims (the "Settlement Procedures"):

(a)    No settlement will be effective unless it is executed by an authorized representative of the Debtors.

(b)    With regard to any settlement or payment in an amount equal to or less than $25,000 for the settlement of a De Minimis Claim or in satisfaction of multiple related De Minimis Claims in the aggregate:[6]

   (i)    The affected Debtor or Debtors are authorized to settle or pay such De Minimis Claim or De Minimis Claims (including any related cross-claims) if the terms of the settlement are reasonable in the reasonable business judgment of the affected Debtor, following consultation with counsel, upon consideration of: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors; (4) whether other parties in interest may support the settlement; (5) the competency and experience of counsel advising the debtors; and (6) the nature and breadth of releases to be obtained by the Debtors and their officers and directors.

   (ii)    Such affected Debtor or Debtors may, in their discretion, enter into, execute, consummate, and perform under, including through payment, a written agreement of settlement that will be binding on their estates without notice by such Debtor to any third party or further action by this Court.

16.    **Reservation of Rights**. Nothing contained in this Motion is or should be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' rights to dispute any claim on any grounds, (iii) a promise to pay any claim, (iv) an admission by the Debtors as to the character of any document denominated as a Contract as unexpired or executory, or (v) an admission by the Debtors as to the rights of the non-Debtor counterparties thereto.

17.    All rights and defenses of the Debtors with respect to any Contract are preserved, including all rights and defenses of the Debtors with respect to any subsequently filed

---

[6]    Pursuant to these Settlement Procedures, Debtors, in their reasonable discretion, may recognize or allow setoffs of one or more pre-petition obligations, so long as in the aggregate, the payment to the non-debtor counterparty less any debtor-recognized setoffs does not exceed $25,000. For the avoidance of doubt, nothing in this Motion or the Proposed Order would permit any non-debtor counterparty to effectuate setoffs except with the Debtors' affirmative consent pursuant to the procedures set forth herein.

proof of claim for damages arising as a result of the rejection of a Contract, including, but not limited to, any right of the Debtor to an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Motion or order approving this Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and/or is not an executory contract or unexpired lease, as applicable.

## BASIS FOR RELIEF

18.     Section 365(a) of the Bankruptcy code provides that a trustee, "subject to the court's approval, may assume or reject any executory contract or unexpired lease[]."  11 U.S.C. § 365(a); *see also In re Wireless Data, Inc.,* 547 F.3d 484, 488 (2d Cir. 2008).  Section 1107 of the Bankruptcy Code provides the same power to a debtor-in-possession.  11 U.S.C. § 1107; *In re Wireless Data,* 547 F.3d at 488.  Under section 105 of the Bankruptcy Code, the Court has broad discretion to "carry out the provisions of this title."  11 U.S.C. § 105(a). Accordingly, the Court may enter the Proposed Order in order to (i) grant the Debtors' request to reject certain Contracts, (ii) establish procedures for the future rejection of Contracts, (iii) establish procedures for the settlement of De Minimis Claims, and (iv) to grant the related relief requested pursuant to sections 105, 363, 365 and 554 of the Bankruptcy Code.

### I.     Rejection of Contracts

19.     The Court should approve a debtor's rejection of an executory contract where such rejection is made in the exercise of sound business judgment and the rejection benefits its estate.  *See In re Penn Traffic Co.*, 524 F.3d 373, 377 (2d Cir. 2008) ("That the debtor's interests are paramount in the balance of control is underscored by the business judgment standard employed by courts in determining whether to permit the debtor to assume or reject the contract."); *Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees, Inc.),* 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("Under the business judgment test, . . . [a court

should approve a debtor's proposed rejection] if the debtor can demonstrate that rejection will

benefit the estate.").

20.    A motion to reject should thus be granted if a debtor determines in its

business judgment that a benefit will be realized by rejecting a contract. *See In re Penn Traffic*

*Co.*, 524 F.3d at 383 ("Th[e] [business judgment] standard rather obviously presupposes that the

estate . . . will reject contracts whose performance would benefit the counterparty at the expense

of the estate."); *In re Sabine Oil & Gas Corp.*, 550 B.R. 59, 74-5 (Bankr. S.D.N.Y. 2016).  The

business judgment standard requires that the court approve the debtor's business decision unless

that judgment is the product of bad faith. *See In re G Survivor Corp.*, 171 B.R. 755, 758 (Bankr.

S.D.N.Y. 1994).

### i.    Contracts for Rejection

21.    The Debtors' decision to reject the Contracts for Rejection, reflects the

Debtors' exercise of sound business judgment and is in the best interests of the Debtors, their

estates, and their creditors.  The Debtors have determined that the Contracts for Rejection are not

necessary for the Debtors' operations, particularly given the Debtors' intent to wind down the

business operations of GAP, GGC, and potentially GGH if no standalone reorganization is

possible, and are financially burdensome and not beneficial to the Debtors' estates.  Accordingly,

the Debtors submit that their decision to reject the Contracts for Rejection is a sound exercise of

their business judgment and should be approved.

22.    Courts in this district have routinely granted relief similar to the relief

requested herein.  *See, e.g. In re Revlon, Inc.*, Case No. 22-10760 (DSJ) (Jan. 17, 2023), ECF

No. 1332 (authorizing the rejection of certain unexpired leases); *In re Starlin LLC*, 22-10888

(MG) (Jan. 12, 2023), ECF No. 182 (same); *In re ABC Carpet Co., Inc.*, 21-11591 (DSJ) (Dec.

20, 2021), ECF No. 290 (authorizing rejection of certain executory contracts and unexpired

leases); *In re GBG USA Inc.*, Case No. 21-11369 (MEW) (Sept. 1, 2021), ECF No. 151 (same);

*In re Greensill Capital Inc.*, Case No. 21-10561 (MEW) (Mar. 31, 2021), ECF No. 30 (same).

23.     The Debtors request that any non-Debtor party to a Contract for Rejection

file any proof of claim in respect of the Contract for Rejection by the later of (i) thirty-five (35)

days after the date of the Rejection Notice and (ii) thirty (30) days after entry of an order on the

Rejection Notice.  Any non-Debtor party to a Contract for Rejection who fails to file a proof of

claim in compliance with the procedures detailed in this subparagraph should be forever barred

from asserting a claim for rejection damages and from participating in any distributions that may

be made in connection with these Chapter 11 Cases.

24.     Additionally, the Debtors request that the Contracts for Rejection be

deemed rejected *nunc pro tunc* to, and effective as of, the Petition Date.[7]  Courts in this district

and elsewhere have held that a bankruptcy court may authorize retroactive rejection where the

balance of equities favors granting such relief.  *See BP Energy Co. v. Bethlehem Steel Corp.*, No.

02 CIV. 6419 (NRB), 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot

conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of

its authority when the balance of the equities favors this solution."); *In re Jamesway Corp.*, 179

B.R. 33, 38 (S.D.N.Y. 1995) ("[A] court can, where appropriate, approve rejection

retroactively."); *see also In re Thinking Machines Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995)

(concluding that in the section 365 context, "bankruptcy courts may enter retroactive orders of

approval, and should do so when the balance of equities preponderates in favor of such

remediation.").

---

[7]     In the alternative, if the Court does not grant the relief requested herein effective *nunc pro tunc* to the
Petition Date, the Debtors request that the Court grant such relief effective as of the date of filing of this Motion.

25.     Here, the balance of equities favors the rejection of the Contracts for Rejection *nunc pro tunc* to, and effective as of, the Petition Date.  Without a retroactive effective date, the Debtors could incur unnecessary administrative costs that provide no benefit to the Debtors and their estates.  No non-Debtor counterparty to the Contracts for Rejection is harmed by such retroactive relief given that they are each on notice as of the filing of this Motion and have the opportunity to file an Objection and be heard before this Court should they choose to do so.  Based upon the foregoing, the Debtors submit that *nunc pro tunc* rejection of the Contracts for Rejection is supported by the equities of these Chapter 11 Cases.

26.     Courts in this district routinely grant *nunc pro tunc* relief similar to that requested herein.  *See, e.g.,* Order, ECF No. 226, *In re Buyk*, Case No. 22-10328 (MEW) (Bankr. S.D.N.Y. May 25, 2022) (authorizing debtors to reject certain unexpired leases *nunc pro tunc* to the date specified in the motion); Order, ECF No. 151, *In re GBG USA Inc.*, Case No. 21-11369 (MEW) (Bankr. S.D.N.Y. Sept. 1, 2021) (authorizing rejection of certain executory contracts and unexpired leases *nunc pro tunc* to the petition date); Order, ECF No. 96, *In re Solstice Marketing Concepts LLC*, Case No. 21-10306 (MG) (Bankr. S.D.N.Y. Mar. 18, 2021) (same); Order, ECF No. 355, *In re KB US Holdings, Inc.*, Case No. 20-22962 (SHL) (Bankr. S.D.N.Y. Nov. 12, 2020) (same).

    *ii.*     *Rejection Procedures*

27.     The Debtors anticipate rejecting certain additional Contracts during the course of these Chapter 11 Cases as the Debtors continue to work towards confirmation of a chapter 11 plan.  The Debtors anticipate rejecting Contracts for similar reasons as those outlined above, including that such Contracts have become unprofitable, are burdensome to the Debtors' estates, and/or are not necessary for the Debtors' continued operations.

28.    The Debtors submit that the Rejection Procedures described above represent the sound exercise of business judgment and a fair balancing of the needs of the non-Debtor parties to the Contracts for certainty with the Debtors' need to move quickly to cut off the accrual of needless asserted administrative claims while simultaneously limiting the burden on this Court's calendar.  Establishing the Rejection Procedures proposed herein will minimize the Debtors' obligations for any administrative claims if the Debtors determine that the Contracts are unlikely to yield sufficient value to justify the expense of continuing such Contracts.  The Rejection Procedures also afford parties in interest the opportunity to appear and be heard with respect to the rejection of Contracts while, at the same time, affording Debtors the flexibility they need to reject Contracts expeditiously.  In addition, the proposed Rejection Procedures will save the substantial expense and time that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract that the Debtors determine should be rejected.

29.    Bankruptcy Courts in this jurisdiction routinely grant motions authorizing debtors to establish procedures such as those proposed here to reject executory contracts. *See, e.g.*, Order, ECF No. 388, *In re LATAM*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. June 28, 2020); Order, ECF No. 401, *In re McClatchy Co.*, Case No. 20-10418 (MEW) (Bankr. S.D.N.Y. May 1, 2020); Order, ECF No. 393, *In re Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019); Order, ECF No. 261, *In re 21st Century Oncology Holdings, Inc.*, Case No. 17-22770 (RDD) (Bankr. S.D.N.Y. July 25, 2017).

## II.    Abandonment of Remaining Property

30.    Section 554(a) of the Bankruptcy Code provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).

### i.    *Contracts for Rejection*

31.    Here, if there is Remaining Property under the Contracts for Rejection, the Debtors will determine how this Remaining Property should be disposed of, including whether it should be removed, abandoned, sold, or surrendered to a party that has a secured (or lease) interest in the Remaining Property.  The Debtors submit that if they determine the Remaining Property (if any) should be abandoned, they will make this determination because the Remaining Property is either burdensome to the estate, as removal and storage of the Remaining Property is likely to exceed any net proceeds from this property, or is of inconsequential value and benefit to the estate.  Thus, the Debtors' determination to abandon will reflect the Debtors' exercise of sound business judgment, taking into account the best interests of the Debtors, their estates, their creditors and other parties in interest.  Accordingly, it is requested that if the Debtors determine any Remaining Property should be abandoned, then the Remaining Property shall be deemed abandoned, as is, as of the date of the Motion pursuant to 11 U.S.C. § 554.

### ii.    *Rejection Procedures*

32.    The Debtors submit that if, in the Debtors' business judgment, the Debtors determine that any Remaining Property in premises subject to rejected Contracts is of inconsequential value or burdensome to the Debtors' estates to remove, the Debtors be permitted to abandon such property as of the effective date of the rejection of the related Contract.  The Debtors may determine that the cost of retrieving, marketing, and reselling the Remaining

Property will in such cases far outweigh any recovery the Debtors could hope to attain for the

Remaining Property. Accordingly, the Debtors request the authority to determine that the

abandonment of the Remaining Property is in the best interests of the Debtors, their estates,

creditors and all parties in interest.

**III.      Settlement Procedures**

33.      The Court may authorize the Debtors to establish Settlement Procedures to

effectively resolve De Minimis Claims pursuant to sections 105(a) and 363 of the Bankruptcy

Code. As mentioned above, Section 105(a) of the Bankruptcy Code empowers the Court to

"issue any order, process, or judgment that is necessary or appropriate to carry out the provisions

of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Section 363(b)(1) of the Bankruptcy Code also

empowers the Court to allow a debtor to "use, sell, or lease, other than in the ordinary course of

business, property of the estate." 11 U.S.C. § 363(b)(1). A debtor's decision to use, sell or lease

assets outside the ordinary course of business must be based upon the sound business judgment

of that debtor. *See In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (holding that a

judge determining a section 363(b) application must find from the evidence presented before him

a good business reason to grant such application); *see also Committee of Equity Sec. Holders v.

Lionel Corp.* (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) (same); *In re Global

Crossing Ltd*., 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.*, 100

B.R. 670, 675 (Bankr. S.D.N.Y. 1989) (standard for determining a section 363(b) motion is

whether the debtor has a "good business reason" for the requested relief).

34.      The Debtors believe that the Settlement Procedures reflect sound business

judgment, as it is consistent with "the general rule that settlements are favored," *Nellis v.

Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). The Settlement Procedures encourage prompt

resolution of De Minimis Claims, which will not exceed $25,000 in value by foregoing the

expenses associated with filing an individual approval for the settlement for each Claim.  In

addition, the Settlement Procedures reflect sound business judgment, as they incorporate factors

described herein that promote fair and equitable settlements.

35.     Further, pursuant to Bankruptcy Rule 9019(b), the Court may "fix a class

or classes of controversies and authorize the trustee to compromise or settle controversies within

such class or classes without further hearing or notice."  Fed. R. Bankr. P. 9019(b).  The Court

nonetheless retains the discretion to approve or reject a proposed settlement or compromise.  *See*

*In re Hibbard Brown & Co.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).  But the Court "is not

required to assess the minutia of each and every claim . . . [t]he [C]ourt need only canvass the

settlement to determine whether it is within the acceptable range of reasonableness."  *Nellis*, 165

B.R. at 123.  The Debtors believe that the Settlement Procedures encourage thoughtful

assessment by the Debtors of each Claim, while at the same time promoting efficient resolution

of De Minimis Claims, such that the settlements will fall within the acceptable range of

reasonableness.

36.     In accordance with Bankruptcy Rule 9019, the Settlement Procedures rely

upon the factors outlined by the Second Circuit in *In re Iridium Operating LLC*, 478 F.3d 452,

462 (2d Cir. 2007), which assess whether a settlement is "fair and equitable."  *Id*.  These factors,

as incorporated in the Settlement Procedures, include: "(1) the balance between the litigation's

possibility of success and the settlement's future benefits; (2) the likelihood of complex and

protracted litigation, with its attendant expense, inconvenience, and delay, including the

difficulty in collecting on the judgment; (3) the paramount interests of the creditors . . . (4)

whether other parties in interest [may] support the settlement; (5) the competency and experience

of counsel supporting . . . the settlement; [and] (6) the nature and breadth of releases to be

obtained by officers and directors" *Id.* (internal quotation marks omitted) (citation omitted).  The

Debtors, in accordance with the Settlement Procedures, will evaluate each factor to determine if

it is in the interest of the Debtors' estate to settle or compromise the De Minimis Claims.

37.    Courts within and outside this district have consistently authorized the

establishment of settlement procedures for de minimis claims generally, and often for claims of

significantly larger dollar value.  *See e.g.*, Order, *In re LATAM Airlines Group S.A.*, et al., Case

No. 20-11254 (JLG) (Bankr. S.D.N.Y. Jun. 9, 2020), Order, *In re Windstream Holdings, Inc.*,

Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Apr. 22, 2019) ECF No. 390; Order, *In re*

*Westinghouse Electric Co.*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Nov. 15, 2017) ECF.

No. 1761; Order, *In re Cloudeeva, Inc.*, Case No. 14-24874 (KCF) (Bankr. D.N.J. Mar. 13,

2013) ECF No. 513; Order, *In re Delphi Corp.*, Case No. 05-44481 (RDD) (Bankr. S.D.N.Y.

June 26, 2007) ECF No. 8401; Order, *In re Interstate Bakeries, Corp.*, Case No. 04-45814

(JWV) (Bankr. W.D. Mo. June 28, 2005) ECF No. 4444.  Other courts have also established

similar procedures for other classes of claims.  *See, e.g.*, Order, *In re AFA Investments, Inc.*, Case

No. 12-11127 (MFW) (Bankr. D. Del. Jan. 29, 2014) ECF No. 1412 (establishing procedures for

classes of preference claim controversies); Order, *In re NewPage Corp.*, Case No. 11-12804

(KG) (Bankr. D. Del. Sept. 20, 2013) ECF. No. 4358 (same).

38.    In light of the foregoing, the Debtors respectfully submit that this Court

should grant the Motion, allowing the Debtors to establish Settlement Procedures to compromise,

settle, and pay the De Minimis Claims.

## COMPLIANCE WITH BANKRUPTCY RULE 6006(f)

39.     Bankruptcy Rule 6006(f) establishes requirements for a motion to reject multiple executory contracts or unexpired leases that are not between the same parties. Rule 6006(f) states, in part, that such motion shall:

(a)     state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

(b)     list parties alphabetically and identify the corresponding contract or lease; and

(c)     be limited to no more than 100 executory contracts or unexpired leases.

40.     The Debtor respectfully submits that the relief requested in this Motion complies with the requirements of Bankruptcy Rule 6006(f), as outlined above.

## NOTICE

41.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

42.     No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant such other and further relief as is just and proper.

Dated:  September 12, 2023          CLEARY GOTTLIEB STEEN & HAMILTON LLP
        New York, New York

                                    /s/ *Jane VanLare*
                                    Sean A. O'Neal
                                    Luke A. Barefoot
                                    Jane VanLare
                                    One Liberty Plaza
                                    New York, New York 10006
                                    Telephone: (212) 225-2000
                                    Facsimile: (212) 225-3999

                                    *Counsel for the Debtors*
                                    *and Debtors-in-Possession*

**<u>EXHIBIT A</u>**
**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
|  | Jointly Administered |
| Debtors. |  |

### ORDER GRANTING THE DEBTORS' FIRST
### OMNIBUS MOTION FOR ENTRY OF AN ORDER (I)
### APPROVING REJECTION OF CERTAIN EXECUTORY
### CONTRACTS, (II) AUTHORIZING PROCEDURES FOR THE
### REJECTION OF EXECUTORY CONTRACTS AND THE ABANDONMENT
### OF RELATED ASSETS AND (III) AUTHORIZING PROCEDURES FOR THE
### SETTLEMENT OF CERTAIN DE MINIMIS CLAIMS

Upon the Motion[2] of the above-captioned debtors and debtors-in-possession (each

a "Debtor" and collectively, the "Debtors"), for entry of an order (this "Order") authorizing the

Debtors to reject certain executory contracts, to establish procedures for the rejection of certain

executory contracts and the abandonment of certain related assets, and to establish procedures for

the settlement of certain de minimis claims; and upon the *Declaration of A. Derar Islim in*

*Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the

*Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance*

*with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First*

*Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (the "First

Day Declarations"), incorporated by reference herein; and the Court having jurisdiction over this

---

[1.]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference*

from the United States District Court for the Southern District of New York dated January 31,

2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. §

157(b)(2), and that the Court may enter a final order consistent with Article III of the United

States Constitution; and the Court having found that venue of this proceeding and the Motion in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that

the relief requested in the Motion is in the best interests of the Debtors, their estates, their

creditors and other parties in interest; and the Court having found that the Debtors' notice of the

Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be

provided; and the Court having reviewed the Motion and having heard the statements in support

of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having

determined that the legal and factual bases set forth in the Motion and on the record of the

Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any)

having been withdrawn or overruled; and upon all of the proceedings had before the Court; and

after due deliberation and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

The Motion is GRANTED to the extent set forth herein.

1.      The Debtors' rejection of the Contracts for Rejection, attached hereto as

Exhibit 1, pursuant to 11 U.S.C. § 365(a), is approved effective as of the date of the Petition

Date.

2.      Any non-Debtor party to a Contract for Rejection shall file any proof of

claim in respect of the Contract for Rejection by the later of (i) thirty-five (35) days after the date

of the Rejection Notice and (ii) thirty (30) days after entry of an order on the Rejection Notice.

2

Any non-Debtor party to a Contract for Rejection who fails to file a proof of claim in compliance

with the procedures detailed in this subparagraph is be forever barred from asserting a claim for

rejection damages and from participating in any distributions that may be made in connection

with these Chapter 11 Cases.

        3.      The following Rejection Procedures are approved in connection with the

rejection of Contracts and the abandonment of associated personal property:

(a) The Debtors will file and serve a notice to reject any Contract(s) (a "Rejection Notice") by email or facsimile, if available, or overnight courier if email or facsimile are not available, to: (a) the non-Debtor counterparty or counterparties to each such Contract; (b) the United States Trustee, One Bowling Green, Suite 534, New York, New York 10004, Attn: Greg Zipes, Esq.; (c) counsel to the Official Committee of Unsecured Creditors, 1221 Avenue of the Americas, New York, NY 10020, Attn: Philip Abelson (philip.abelson@whitecase.com); and (d) any third party having, to the best of the Debtors' knowledge, an interest in real or personal property related to the Contract (collectively, the "Notice Parties");

(b) The Rejection Notice shall be substantially in the form of Exhibit 2 to the Proposed Order and shall include the following information to the extent it is reasonably available to the Debtors: (a) the Debtor party or parties to such Contract, (b) the proposed effective date of the rejection for each Contract; (c) the name and address of the non-Debtor counterparty or counterparties to the Contract, (d) the title of the Contract to be rejected in accordance with these Rejection Procedures, and € a description of any Remaining Property of the Debtors that the Debtors intend to abandon in accordance with these Rejection Procedures;

(c) If more than one Contract is listed in the Rejection Notice, the Rejection Notice will comply with all requirements of Bankruptcy Rule 6006(f);

(d) The Notice Parties may object to a proposed rejection of a Contract by filing and serving such a written objection (an "Objection") by no later than 4:00 p.m., prevailing Eastern Time, fourteen (14) days after the date the Debtors serve the applicable Rejection Notice (the "Objection Deadline"), by first-class mail, email or facsimile, on the Debtors and other Notice Parties;

(e) If no objection to the rejection of a Contract is timely filed and served in accordance with these Rejection Procedures, the Debtors shall file a notice of effectiveness of rejection (the "Notice of Effectiveness") (i) confirming that no objections to the rejection of the Contract were timely filed and served and (ii) confirming the effective date of rejection; and such Contract shall be deemed rejected as of the applicable effective date of rejection set forth in the Rejection

Notice without further notice, hearing, or order of the Court, with each non-Debtor counterparty or counterparties to such Contract being bound by such rejection in accordance with these Rejection Procedures (the "Rejection Date");[3]

(f)     The Debtors may, in their discretion and exercise of business judgment, resolve any timely filed and served Objection by mutual agreement with the objecting party, without further notice to the Court.  If an Objection is filed and served in accordance with the Rejection Procedures and if the Debtors and the objecting party are unable to reach a consensual resolution, the Debtors shall, following the conclusion of negotiations and upon reasonable notice, file a notice of hearing to consider the unresolved Objection to be heard no later than the next regularly scheduled omnibus hearing at which such Objection reasonably can be heard; provided that the Debtors shall file any reply on or before 12:00 p.m. (Prevailing Eastern Time) two (2) business days prior to the date of the applicable hearing and provide at least five (5) days' notice of such hearing to the objecting party and the Notice Parties.  If the Objection is overruled or withdrawn, the applicable Contract shall be deemed rejected (a) as of the Rejection Date set forth in the Rejection Notice, (b) as of such other date to which the Debtors and the non-Debtor counterparty to such Contract have agreed, or (c) as otherwise determined by the Court as set forth in any order overruling such Objection;

(g)     Claims arising out of the rejection of a Contract, if any, must be filed on or before the later of (i) thirty-five (35) days after the date of the Rejection Notice and (ii) thirty (30) days after entry of an order on the Rejection Notice.  Any non-Debtor party to a rejected Contract who fails to file a proof of claim in compliance with the procedures detailed in this subparagraph shall be forever barred from asserting a claim for rejection damages and from participating in any distributions on such claim that may be made in connection with these Chapter 11 Cases;

(h)     If the Debtors have deposited funds with a non-Debtor counterparty to a rejected Contract as a security deposit or other arrangement, such non-Debtor counterparty may not set off, recoup, or otherwise use such funds without further order of the Court, unless the Debtors and the non-Debtor counterparty to such Contract otherwise agree.

4.      Pursuant to section 365(a) of the Bankruptcy Code, the Debtors' rejection

of Contracts in accordance with the Rejection Procedures set forth in this Order is hereby

approved and such Rejection Procedures shall govern the rejection of Contracts in these Chapter

---

[3]     To the extent necessary, such notice shall be deemed to effect a waiver of Rule 6004(h) with respect to the order granting this Motion.

11 Cases, except to the extent the Debtors and a non-Debtor counterparty or counterparties to a Contract have agreed otherwise in writing, and counsel to the Official Committee of Unsecured Creditors has received notice to such alternative agreement, in which case the terms of such alternative agreement shall govern the rejection of the Contract, as applicable, with respect to such counterparty or counterparties.

5.    Prior to and through the Rejection Date, the Debtors are authorized to remove, in their sole discretion, from the premises that are the subject of any rejected Contract, consistent with the Debtors' ownership rights and property interests therein, any Remaining Property that the Debtors have installed in or about the premises (such as equipment, fixtures, and other personal property), which is either owned by the Debtors, or leased by the Debtors from third parties.

6.    To the extent that the Debtors determine that Remaining Property located at the premises that are the subject of any rejected Contract has little or no value or that the preservation thereof will be burdensome to their estates compared with the expense of removing and storing such property, the Debtors are authorized to abandon, in their sole discretion, such property as of the Rejection Date, pursuant to section 554 of the Bankruptcy Code.  Property proposed to be abandoned shall be described with reasonable specificity in the applicable Rejection Notice.

7.    To the extent the Debtors lease personal property from a third party pursuant to a true lease and where such personal property is located either in the Debtors' possession or in the Contract counterparty's possession in relation to the rejected Contract, the Debtors shall not abandon such personal property without first also rejecting the underlying lease for such personal property.  If thereafter the Debtors propose to abandon such personal property

that is (i) subject to a true lease and (ii) located at premises related to Contracts that are the subject of a Rejection Notice, the Rejection Notice for such Contracts shall indicate the same, and shall be served on the personal property lessor, and the foregoing notice and objection procedures shall apply to said personal property lessor.  The Debtors propose that the automatic stay be deemed modified to permit the respective personal property lessor to retrieve such abandoned property within seven (7) days of the date the Rejection Notice is filed (the "Collection Period").[4]  Any such Rejection Notice shall be served on the personal property lessor at the same it is served on all Notice Parties.

8.      Any property located at the premises subject to the Contract which is rejected in accordance with the terms hereof and that is not retrieved by the end of an applicable Collection Period shall be deemed abandoned, as is, pursuant to section 554 of the Bankruptcy Code as of the Rejection Date, without further order of this Court, free and clear of any interests of any other party, and any Contract counterparty, landlord or designee of the same, shall be free to dispose of such abandoned property without liability to any party.

9.      In connection with the foregoing Rejection Procedures, the Debtors are authorized to execute and deliver all instruments, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures and abandonment, as approved by this Court, and entry of this Order is without prejudice to the Debtors' or any other party's right to seek further, other, or different relief regarding the Contracts.

10.     The Debtors are authorized, but not directed, to seek authority to settle, compromise, and pay certain prepetition and post-petition claims asserted against the Debtors

---

[4]      Notwithstanding the foregoing, the Collection Period shall not apply if the lessor of such personal property is also the lessor of the Lease subject to the Rejection Notice.

arising from or relating to the rejection of Contracts pursuant to this Order in an amount not to exceed $25,000 in each case (the "De Minimis Claims") subject to the procedures (the "Settlement Procedures") set forth herein:

    (a)    No settlement will be effective unless it is executed by an authorized representative of the Debtors.

    (b)    With regard to any settlement or payment in an amount equal to or less than $25,000 for the settlement of a De Minimis Claim or in satisfaction of multiple related De Minimis Claims in the aggregate:[5]

        (i)    The affected Debtor or Debtors are authorized to settle or pay such De Minimis Claim or De Minimis Claims (including any related cross-claims) if the terms of the settlement are reasonable in the reasonable business judgment of the affected Debtor, following consultation with counsel, upon consideration of: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors; (4) whether other parties in interest may support the settlement; (5) the competency and experience of counsel advising the debtors; and (6) the nature and breadth of releases to be obtained by the Debtors and their officers and directors.

        (ii)    Such affected Debtor or Debtors may, in their discretion, enter into, execute, consummate, and perform under, including through payment, a written agreement of settlement that will be binding on their estates without notice by such Debtor to any third party or further action by this Court.

    11.    For the avoidance of doubt, under the Settlement Procedures, the Debtors are authorized, but not directed, to fully and finally waive and release claims against any claimants, creditors, and third parties to the extent provided by such settlement and authorized pursuant to the Settlement Procedures and this Order.

---

[5]    Pursuant to these Settlement Procedures, Debtors, in their reasonable discretion, may recognize or allow setoffs of one or more pre-petition obligations, so long as in the aggregate, the payment to the non-debtor counterparty less any debtor-recognized setoffs does not exceed $25,000. For the avoidance of doubt, nothing in this Motion or the Proposed Order would permit any non-debtor counterparty to effectuate setoffs except with the Debtors' affirmative consent pursuant to the procedures set forth herein.

12.     Each settlement that complies with the Settlement Procedures shall be deemed (i) fair and reasonable, (ii) to have satisfied the standards under sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and (iii) to be a final order of this Court for all purposes, including for purposes of any appeal.

13.     Nothing in the Motion or this Order shall be deemed or construed as (i) an admission as to the validity, amount or priority of any particular claim against the Debtors, (ii) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (iii) a promise to pay any particular claim, (iv) an implication or admission by the Debtors that any particular claims is of a type specified or defined in the Motion, (v) an admission by the Debtors that a Contract is executory or unexpired, as applicable, or (vi) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law. .

14.     All rights and defenses of the Debtors with respect to any Contract are preserved, including all rights and defenses of the Debtors with respect to any subsequently filed proof of claim for damages arising as a result of a Contract rejection, including, but not limited to, any right of the Debtors to assert an offset, recoupment, counterclaim or deduction.  In addition, nothing in this order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and/or is not an executory contract or unexpired lease, respectively.

15.     Notwithstanding the approval of the Rejection Procedures, nothing contained in this Order shall prevent the Debtors from seeking to reject or assume any Contract(s) by separate motion.

16.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

17.     The requirements set forth in Bankruptcy Rule 6006 are satisfied.

18.     The requirements set forth in Local Rules 6006-1 and 9013-1(b) are

satisfied.

19.     The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

20.     This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Motion or the implementation, interpretation or

enforcement of this Order.


Dated: _____, 2023
        White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**
**Contracts for Rejection**

## Contracts to Be Rejected as of the Petition Date[1]

| Debtor Party to Contract | Non-Debtor Counterparty to Contract | Address of Non-Debtor Counterparty | Title of Contract to be Rejected |
|---|---|---|---|
| Genesis Asia Pacific PTE LTD | Bloomberg Finance Singapore L.P. | 731 Lexington Avenue, New York, NY 10022 | The Bloomberg Agreement dated July 9, 2021 |
| Genesis Asia Pacific PTE LTD | Bloomberg Finance Singapore L.P. | 731 Lexington Avenue, New York, NY 10022 | Bloomberg Schedule of Services dated July 9, 2021 |
| Genesis Asia Pacific PTE LTD | Bloomberg Finance Singapore L.P. | 731 Lexington Avenue, New York, NY 10022 | Bloomberg Schedule of Services dated August 18, 2021 |
| Genesis Asia Pacific PTE LTD | Bloomberg Finance Singapore L.P. | 731 Lexington Avenue, New York, NY 10022 | Bloomberg Schedule of Services dated March 9, 2022 |
| Genesis Global Holdco, LLC | FirstLight Fiber, Inc. | 41 State St. Albany, NY 12207 | Master Service Agreement dated December 3, 2021 |
| Genesis Asia Pacific PTE LTD | FUJIFILM Business Innovation Singapore PTE LTD | 20E Pasir Panjang Rd., #02-21A Mapletree Business City, Singapore 117439 | Service Agreement dated June 28, 2022 |

---

[1]    The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the non-Debtor counterparty or counterparties to such Contract.

2

| Genesis Asia Pacific PTE LTD | Mitsubishi HC Capital Asia Pacific PTE. LTD. | 111 Somerset Rd. #14-05 Singapore 238164 | Lease Agreement dated July 29, 2022 |
|---|---|---|---|
| Genesis Asia Pacific PTE LTD | SingNet PTE LTD | 31B Exeter Road, Comcentre II #03-02 Singapore 239732 | Singtel TV Business Service Packages Agreement |
| Genesis Asia Pacific PTE LTD | SingNet PTE LTD | 31B Exeter Road, Comcentre II #03-02 Singapore 239732 | Service Request-Cum-Agreement for SingNet Corporate dated April 5, 2023 |
| Genesis Asia Pacific PTE LTD | StarHub LTD. | 67 Ubi Avenue 1, #05-01 Starhub Green, Singapore, 408942 | Enterprise Internet Service Application Form dated January 17, 2022 |
| Genesis Asia Pacific PTE LTD | StarHub LTD. | 67 Ubi Avenue 1, #05-01 Starhub Green, Singapore, 408942 | Enterprise Lease Line (ELL) Service Application Form dated January 17, 2022 |
| Genesis Asia Pacific PTE LTD | Xenetix PTE LTD. | 87 Defu Lane 10 #05-05 Singapore 539219 | Sales Agreement dated April 4, 2022 |

**Exhibit 2**
**Rejection Notice**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF REJECTION**
**OF CERTAIN EXECUTORY CONTRACTS**
**AND THE ABANDONMENT OF CERTAIN RELATED ASSETS**

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**THIS NOTICE AFFECTS YOUR RIGHTS**
**IN ACCORDANCE WITH RULE 6006 OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE AND RULES 6006-1 AND 6007-1 OF THE**
**LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK**
**LOCATE YOUR NAME AND THE AFFECTED CONTRACT IN THIS NOTICE**

**PLEASE TAKE NOTICE** that on_____, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (ECF No. ___, the "Order") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Genesis Global Holdco, LLC and certain of its affiliated entities, as debtors and debtors-in-possession (collectively, the "Debtors"), (i) approving procedures (the "Rejection Procedures") for the rejection of certain executory contracts ("Contracts"), (ii) authorizing the abandonment of certain related property, and (iii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Order, the Debtors hereby provide notice of their intent to reject the below-referenced Contract(s). Pursuant to the terms of the Order, unless a written objection is filed and served in accordance with the terms of the Order, the below-referenced Contract(s) will be rejected pursuant to 11 U.S.C. § 365(a), effective as of the effective date set forth below, with each non-Debtor counterparty to such Contract being bound by such rejection in accordance with these Rejection Procedures; provided however that in the case of a Contract concerning premises containing personal property that the Debtors hold subject to a true lease and which the Debtors intend to abandon, the effective date shall be seven (7) days from the date of this Notice.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice must be filed and served so that such objection is filed with the Bankruptcy Court and actually received by the following parties no later than fourteen (14) days after the date of this Notice: (a) the Debtors' counsel, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal, Esq., Luke Barefoot, Esq., and Jane VanLare, Esq.); (b) the non-Debtor counterparty or counterparties to such Agreement ("Counterparty"); (c) the United States Trustee, One Bowling Green, Suite 534, New York, New York 10004, Attn: Greg Zipes, Esq. ("U.S. Trustee"); and (d) counsel to the Official Committee of Unsecured Creditors, 1221 Avenue of the Americas, New York, NY 10020, Attn: Philip Abelson (philip.abelson@whitecase.com).

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and served, the Debtors shall seek a hearing on such objection, file their reply on or before 12:00 p.m. (Prevailing Eastern Time) two (2) business days prior to the date of the applicable hearing and provide at least five (5) days' notice of such hearing to the objecting party, the U.S. Trustee, and counsel to the Official Committee of Unsecured Creditors. If such objection is overruled by the Court or withdrawn, the rejection of the Contract shall be deemed effective: (a) as of the effective date set forth below; (b) as of such other date to which the Debtors and the Counterparty to such Contract have agreed; or (c) as otherwise determined by the Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with the Contract Counterparty as a security deposit or

2

otherwise, the Contract Counterparty may not set off or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, for any claim that you may assert against the Debtors as a result of the rejection of any Contract, you must submit a proof of claim for damages arising from such rejection on or before the later of (i) thirty-five (35) days after the date of the Rejection Notice and (ii) thirty (30) days after entry of an order on the Rejection Notice  Any non-Debtor Counterparty to a rejected Contract who fails to file a proof of claim in compliance with the procedures detailed in this paragraph shall be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

## EXECUTORY CONTRACT TO BE REJECTED[2]

| Debtor-party to Contract | Counterparty to Contract | Address of Counterparty | Title of Contract to be Rejected | Effective Date of Rejection of the Contract | Description of any Property to be Abandoned |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[2]      The inclusion of a contract on this list does not constitute an admission as to the executory or non-executory nature of the contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such contract.

3