UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING HOLDCO TO ENTER INTO PAYROLL CONTRACT, INCUR OBLIGATIONS RELATED TO EMPLOYEE TRANSFER AND GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for an Order Authorizing Holdco to Enter Into Payroll Contract, Incur Obligations Related to Employee Transfer and Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors (the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided, and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 17 (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

in Compliance with Local Rule 1007-2, ECF No. 19 (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 28 (the "Leto First Day Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"), as well as the *Declaration of Joseph J. Sciametta in Support of the Debtors' Motion for an Order Authorizing Holdco to Enter Into Payroll Contract, Incur Obligations Related to Employee Transfer and Granting Related Relief*; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Holdco is authorized, but not directed, to enter into and perform under the Payroll Contract and to pay any amounts related to the Employee Wages and Benefits in the ordinary course of business.

3. Holdco is authorized to enter into employment agreements with the Employees, subject to the consent of the Committee (email shall suffice).

4. The Debtors are authorized, but not directed, to take all other actions necessary to effectuate the transition of GGT's Employees to Holdco in accordance with the Motion. The

Committee reserves all rights with respect to the scope of any actions taken by the Debtors pursuant to this Order.

5.      Nothing in this Final Order should be construed as approving any transfer pursuant to 11 U.S.C. § 503(c), and a separate motion will be filed for any request that could fall within Section 503(c).  No payment to any employee may be made to the extent that it is a transfer in derogation of section 503(c) of the Bankruptcy Code.

6.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7.      This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: September 15, 2023
      White Plains, New York

                                              */s/ Sean H. Lane*
                                              THE HONORABLE SEAN H. LANE
                                              UNITED STATES BANKRUPTCY JUDGE