**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO CONSENT TO PRIMING OF THE DEBTORS' LIENS ON CERTAIN PROPERTY AND (II) AUTHORIZING AND APPROVING PROCEDURES FOR THE DEBTORS TO CONSENT TO THE PRIMING OR RELEASE OF LIENS ON OTHER DE MINIMIS ASSETS**

Upon consideration of the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Consent to the Priming of the Debtors' Liens on Certain Property and (II) Authorizing and Approving Procedures for the Debtors to Consent to the Priming or Release of Liens on Other De Minimis Assets* (the "Motion")[2] filed by the above-captioned debtors (the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

that no other or further notice need be provided, and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 17 (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 19 (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 28 (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"), as well as the *Declaration of Joseph J. Sciametta, in Support of Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Consent to the Priming of the Debtors' Liens on Certain Property and (II) Authorizing and Approving Procedures for the Debtors to Consent to the Priming or Release of Liens on Other De Minimis Assets* (the "Sciametta Declaration); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis to the extent set forth herein.

2. GGC is authorized to provide its consent to the FSP DIP Facility, including its superpriority priming lien and the reduction in priority of the Lien, in exchange for the provision of adequate protection substantially in the form described in the Motion, in respect of such reduction in lien priority as required by the FSP DIP Facility Documents.

3.  The automatic stay is hereby modified to the extent necessary to permit GGC to provide its consent to the FSP DIP Facility, and to permit the FSP DIP Lender to exercise remedies with respect to collateral under the Lien pursuant to the FSP DIP Facility Documents.

4.  The automatic stay is hereby modified to the extent necessary to permit the Debtors to provide their consent to the priming or release of certain other liens in certain property; provided that such consent is provided in accordance with the following procedures (the "Procedures"):

   (a) The Debtors are authorized to consent to the priming or release of any lien against assets having a value of no more than $2,000,000 as of the Petition Date per counterparty without further order of the Court, subject to the procedures set forth herein, if the Debtors determine in a reasonable exercise of their business judgement that their consent to the priming or release of any such lien is in the best interest of the Debtors' estates.

   (b) At least five (5) days prior to the date on which the Debtors file a Notice (as defined herein), the Debtors shall provide written notice to counsel to the Committee (which can be provided by email) of the Debtors' intent to consent to the priming of release of any lien pursuant to the Procedures.

   (c) At least five (5) business days prior to the date on which the Debtors' proposed consent to the priming or release of the lien is to take place, the Debtors shall file on the Court's docket and serve a written notice (the "Notice") identifying the collateral that is the subject of the lien to be primed or released, the applicable borrower of property that is the subject of the lien, and a general description of any significant terms of the priming or release, and otherwise setting forth the Debtors' proposed consent to the priming or release of such lien in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

   (d) Parties objecting to a Notice must file with the Court and serve a written objection so that such objection is actually received by counsel to the Debtors and counsel to the Committee no later than five (5) business days after the Debtors serve the relevant Notice.

   (e) If no objection to a Notice is timely filed within five (5) business days of the filing and service of such Notice, the Debtors are authorized to immediately consent to the priming and release of the lien.

   (f) If a timely objection to a Notice is filed and not withdrawn or resolved, the Debtors shall file a notice of hearing to consider the unresolved objection. The

Debtors shall not provide their consent to the priming or release of a lien until (i) such objection is overruled or withdrawn, or (ii) the Debtors' request to consent to the priming or release of such lien is specifically approved by further order of the Court. The Debtors shall be authorized to immediately consent to the priming or release of such lien upon the occurrence of (i) or (ii) of this subparagraph.

5. Notwithstanding anything to the contrary in this Order, the aggregate value of assets with liens held by the Debtors that are primed or released in accordance with the Procedures shall not exceed $7,500,000 absent further order of the Court (the "Aggregate Cap"). For the avoidance of doubt, the Aggregate Cap shall not include the value of assets related to the relief granted pursuant to ECF No. 77 related to the Cash Cloud DIP Facility or the relief granted pursuant to this Order related to the FSP DIP Facility.

6. Notwithstanding anything to the contrary in this Order, no lien on property of any entity that is an Insider (as that term is defined under 11 U.S.C. 101(31)) of the Debtors shall be primed or released without an order of this Court on separate motion.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion.

8. This Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: September 15, 2023
     White Plains, New York

                                      **/s/ Sean H. Lane**
                                      THE HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE