**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin T West
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113

– and –

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450

*Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 709, 712** |

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO DEBTORS' RESPONSE TO AD HOC GROUP OF GENESIS LENDERS' MEMORANDUM CONCERNING DEBTORS' WITHHELD DOCUMENTS**

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's tax identification number (as applicable) are as follows:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

states as follows in support of this Joinder and Reservation of Rights to the Debtors' *Response to Ad Hoc Group of Genesis Lenders' Memorandum Concerning Debtors' Withheld Documents* [Docket No. 712] (the "**Response**"). In support of this Joinder and Reservation of Rights, the Committee respectfully states as follows:

1. On August 31, 2023, the Ad Hoc Group of Genesis Lenders filed its objection to the Debtors' Motion Pursuant to Rule 9019(a) for Entry of an Order Seeking Approval of Settlement Agreement with FTX Debtors. In connection with its Objection, the Ad Hoc Group served separate document requests on the Debtors and on the Committee. The Debtors produced documents in response to the discovery requests but withheld 77 documents – communications between the Debtors' counsel and the Committee's counsel – on the basis that such documents are protected by the attorney work product doctrine. The Committee objected to the document requests served on the Committee on the basis that such requests were duplicative of requests served on the Debtors and therefore wasteful and unnecessary.

2. The Ad Hoc Group challenged the Debtors' withholding of documents and the Committee's objections. On September 15, 2023, the Court held a discovery conference to address the issues raised by the Ad Hoc Group. At that conference, among other arguments, the Ad Hoc Group argued that even if the communications withheld by the Debtors would otherwise have been protected by attorney work product, such protection was waived by virtue of the fact that the communications were exchanged between the Debtors' counsel and the Committee's counsel. The Ad Hoc Group further argued that the Debtors' assertion of attorney work product over the portions of the withheld communications authored by the Committee's counsel was invalid because the Debtors could not make the assertion on behalf of the Committee.

3. Following the September 15 hearing, the Committee's counsel reviewed all 77 withheld documents. The Committee then informed the Ad Hoc Group's counsel, in an email dated September 15, 2023, that it had reviewed such documents and confirmed that all portions of the relevant communications that were authored by the Committee's counsel and responsive to the Debtors' requests were in fact protected from discovery under the attorney work product doctrine. The Committee further informed the Ad Hoc Group's counsel that the Committee therefore adopted the Debtors' assertion of attorney work product with respect to the portions of the communications authored by the Committee's counsel. The Committee further notes that, even though 77 documents are being withheld, many are different versions of the same email chain, and the number of substantive communications being withheld is significantly less than 77. Moreover, while the Committee appreciates that the Ad Hoc Group is seeking to maximize recoveries for creditors, the Committee cannot waive privilege here, especially considering the potential implications for other privilege disputes that may arise in the future.

4. As to the briefing requested by the Court at the September 15 discovery conference, the Committee understands the issue before the Court to be whether work-product protection was waived because the communications at issue were exchanged between the Debtors' counsel and the Committee's counsel. As to that issue, the Committee fully joins in the arguments made by the Debtors in their Response and reserves all rights with respect to the Ad Hoc Group's request to compel the production of the withheld documents.

5. The Committee further reserves the right to supplement or amend this Joinder and Reservation of Rights.

WHEREFORE, the Committee respectfully requests that the Court deny the Ad Hoc Group's request to compel the production of the documents withheld by the Debtors and grant the

Committee such other and further relief as is just, proper, and equitable.

| | |
|---|---|
| Dated: September 17, 2023<br>New York, New York | Respectfully submitted,<br><br>By:  _Colin T. West_   |

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin T. West
David Turetsky
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
E-mail: cshore@whitecase.com
          philip.abelson@whitecase.com
          david.turetsky@whitecase.com
          michele.meises@whitecase.com

– and –

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile: (305) 881-5450
E-mail:  gregory.pesce@whitecase.com

*Counsel to Official Committee of Unsecured Creditors*