**Hearing Date: October 24, 2023 at 11:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: October 17, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO NEW LEASE OF REAL PROPERTY AND GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on October 3, 2023 the Debtors, filed the annexed *Debtors' Motion for an Order Authorizing the Debtors to Enter Into New Lease of Real Property and Granting Related Relief* (the "Motion"). A hearing (the "Hearing") on the Motion will be held via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **October 24, 2023 at 11:00 a.m. (Eastern Time) (the "Hearing Date")**.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **October 17, 2023 at 4:00 p.m. (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Motion carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:  October 3, 2023
        New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO NEW LEASE OF REAL PROPERTY AND GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, the "Chapter 11 Cases") hereby file this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") pursuant to sections 105(a) and 363(b), of title 11 of the United States Code (the "Bankruptcy Code") (a) authorizing Holdco to (i) execute the New Lease (as defined herein), (ii) incur any obligations related to the New Lease, (iii) pay related amounts, and (iv) take any other actions related to the New Lease and (b) granting related

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

relief. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of A. Derar Islim in Support of the Debtors' Motion for an Order Authorizing the Debtors to Enter into New Lease of Real Property and Granting Related Relief*, filed contemporaneously herewith, and respectfully state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

**BACKGROUND**

4. The Debtors' operations included lending and borrowing services for digital assets. GGC International Limited, and other non-Genesis Debtor affiliates, offer trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

5. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee

or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

**A.    Office Lease**

6. The Debtors use a commercial office space located at 250 Park Avenue South, New York, New York (the "Current Premises") pursuant to that certain lease dated May 16, 2018 between 250 Park LLC, as lessor, and DCG, as lessee (as amended thereto from time to time, the "Current Lease"). Islim Declaration at ¶ 4.

7. The Current Lease expires on November 30, 2023. In preparation for the expiration of the Current Lease, the Debtors seek authority to enter into a new lease of commercial office space at 175 Greenwich Street, New York, New York (such lease, the "New Lease"), with Industrious NYC 175 Greenwich Street LLC, acting as an agent on behalf of 3 World Trade Center LLC, as lessor, and Holdco, as lessee. Islim Declaration at ¶ 4. The proposed term of the New Lease would be 6 months, from November 1, 2023 through April 30, 2024. Holdco would be obligated to pay $27,000.00 per month under the New Lease and a security deposit in the amount of $27,000.00. Islim Declaration at ¶ 5.

8. The cost savings from the New Lease would be approximately $18,000 per month for Holdco and its subsidiaries. Islim Declaration at ¶ 6.

**RELIEF REQUESTED**

9. By this Motion, the Debtors seek entry of an order (a) authorizing Holdco to (i) execute the New Lease, (ii) incur any obligations related to the New Lease, (iii) pay related amounts, and (iv) take any other actions related to the New Lease, and (b) granting related relief.

3

**BASIS FOR RELIEF**

**A.     The Requested Relief Is an Exercise of Sound Business Judgment.**

10.    Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under section 363(b), courts require only that the debtor show "a good business reason" for such actions.  *See, e.g.*, *Official Comm. of Unsecured Creditors v. Enron Corp.*, 335 B.R. 22, 28 (S.D.N.Y. 2005) (quoting *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063, 1072 (2d Cir. 1983); *see also In re Adelphia Commc'ns Corp.*, No. 02-41729, 2003 WL 22316543, at *30 (Bankr. S.D.N.Y. Mar. 4, 2003).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that "[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").  Absent a showing of bad faith, self-interest or gross negligence, courts are reluctant to interfere with business decisions, provided that such decisions are attributable to a "rational business purpose." *Official Comm. of Subordinated Bondholders v. Integrated Res.*, 147 B.R. 650, 656 (S.D.N.Y 1992), appeal dismissed 3 F.3d 49 (2d Cir.1993).  Additionally, under section 105(a) of the Bankruptcy Code, "[t]he court may issue any order . . . that is necessary or appropriate to carry out the provisions of this title," and provides this Court with broad, equitable powers to "assure the orderly conduct of the reorganization proceedings."  11 U.S.C. § 105(a);

4

*Garrity v. Leffler (In re Neuman)*, 71 B.R. 567, 573 (S.D.N.Y. 1987) (citing *In re Baldwin-United Corp. Litig.*, 765 F.2d 343, 348 (2d Cir. 1985)).

11.     The Debtors believe that entering into the New Lease constitutes an ordinary-course action under § 363.  Nevertheless, and out of an abundance of caution, the Debtors request this Court's approval of the requested relief under § 363(b).  Maintaining an office space is necessary for the administration of the Debtors' estates, as many of the Debtors' employees work on-site at the Current Premises and have historically.  Islim Declaration at ¶ 7. Further, following prepetition and postpetition reductions in personnel, the Debtors require less office space for their business operations.  Entering into the New Lease will allow the Debtors to appropriately reduce their office space.  Islim Declaration at ¶ 8. The New Lease is also expected to result in savings of approximately $18,000.00 per month for Holdco and its subsidiaries.  Islim Declaration at ¶ 6. Therefore, the Debtors have determined in their sound business judgment that entering into the New Lease and incurring the obligations related to the New Lease are necessary for the continued administration of the Debtors' Chapter 11 Cases.

## **WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

12.     To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay of an order authorizing the use, sale or lease of property under Bankruptcy Rule 6004(h).

## **NOTICE**

13.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures, ECF No.

5

44. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

14. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter the order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: October 3, 2023
New York, New York

/s/ Jane VanLare
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS TO ENTER INTO NEW LEASE OF REAL PROPERTY AND GRANTING RELATED RELIEF**

Upon consideration of the *Debtors' Motion for an Order Authorizing the Debtors to Enter Into New Lease of Real Property and Granting Related Relief* (the "Motion")[2] filed by the above-captioned debtors (the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided, and upon the *Declaration of A. Derar Islim in Support of the Debtors' Motion for an Order Authorizing the Debtors to Enter into New Lease of Real Property and Granting Related Relief*; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Holdco is authorized, but not directed, to enter into the New Lease under section 363(b) of the Bankruptcy Code and to pay any amounts related to the New Lease.

3. The Debtors are authorized to take any action necessary to carry out the relief granted herein.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
White Plains, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge

2