UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 23-10063 (SHL)<br><br>Jointly Administered |

**ORDER GRANTING THE DEBTORS' FIRST
OMNIBUS MOTION FOR ENTRY OF AN ORDER (I)
APPROVING REJECTION OF CERTAIN EXECUTORY
CONTRACTS, (II) AUTHORIZING PROCEDURES FOR THE
REJECTION OF EXECUTORY CONTRACTS AND THE ABANDONMENT
OF RELATED ASSETS AND (III) AUTHORIZING PROCEDURES FOR THE
SETTLEMENT OF CERTAIN DE MINIMIS CLAIMS**

Upon the Motion[2] of the above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors"), for entry of an order (this "Order") authorizing the Debtors to reject certain executory contracts, to establish procedures for the rejection of certain executory contracts and the abandonment of certain related assets, and to establish procedures for the settlement of certain de minimis claims; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (the "First Day Declarations"), incorporated by reference herein; and the Court having jurisdiction over this

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]  All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

The Motion is GRANTED to the extent set forth herein.

1. The Debtors' rejection of the Contracts for Rejection, attached hereto as Exhibit 1, pursuant to 11 U.S.C. § 365(a), is approved effective as of the date of the Petition Date.

2. Any non-Debtor party to a Contract for Rejection shall file any proof of claim in respect of the Contract for Rejection by the later of (i) thirty-five (35) days after the date of the Rejection Notice and (ii) thirty (30) days after entry of an order on the Rejection Notice.

Any non-Debtor party to a Contract for Rejection who fails to file a proof of claim in compliance with the procedures detailed in this subparagraph is be forever barred from asserting a claim for rejection damages and from participating in any distributions that may be made in connection with these Chapter 11 Cases.

3. The following Rejection Procedures are approved in connection with the rejection of Contracts and the abandonment of associated personal property:

(a) The Debtors will file and serve a notice to reject any Contract(s) (a "Rejection Notice") by email or facsimile, if available, or overnight courier if email or facsimile are not available, to: (a) the non-Debtor counterparty or counterparties to each such Contract; (b) the United States Trustee, One Bowling Green, Suite 534, New York, New York 10004, Attn: Greg Zipes, Esq.; (c) counsel to the Official Committee of Unsecured Creditors, 1221 Avenue of the Americas, New York, NY 10020, Attn: Philip Abelson (philip.abelson@whitecase.com); and (d) any third party having, to the best of the Debtors' knowledge, an interest in real or personal property related to the Contract (collectively, the "Notice Parties");

(b) The Rejection Notice shall be substantially in the form of Exhibit 2 to the Proposed Order and shall include the following information to the extent it is reasonably available to the Debtors: (a) the Debtor party or parties to such Contract, (b) the proposed effective date of the rejection for each Contract; (c) the name and address of the non-Debtor counterparty or counterparties to the Contract, (d) the title of the Contract to be rejected in accordance with these Rejection Procedures, and € a description of any Remaining Property of the Debtors that the Debtors intend to abandon in accordance with these Rejection Procedures;

(c) If more than one Contract is listed in the Rejection Notice, the Rejection Notice will comply with all requirements of Bankruptcy Rule 6006(f);

(d) The Notice Parties may object to a proposed rejection of a Contract by filing and serving such a written objection (an "Objection") by no later than 4:00 p.m., prevailing Eastern Time, fourteen (14) days after the date the Debtors serve the applicable Rejection Notice (the "Objection Deadline"), by first-class mail, email or facsimile, on the Debtors and other Notice Parties;

(e) If no objection to the rejection of a Contract is timely filed and served in accordance with these Rejection Procedures, the Debtors shall file a notice of effectiveness of rejection (the "Notice of Effectiveness") (i) confirming that no objections to the rejection of the Contract were timely filed and served and (ii) confirming the effective date of rejection; and such Contract shall be deemed rejected as of the applicable effective date of rejection set forth in the Rejection

Notice without further notice, hearing, or order of the Court, with each non-Debtor counterparty or counterparties to such Contract being bound by such rejection in accordance with these Rejection Procedures (the "Rejection Date");[3]

(f)  The Debtors may, in their discretion and exercise of business judgment, resolve any timely filed and served Objection by mutual agreement with the objecting party, without further notice to the Court. If an Objection is filed and served in accordance with the Rejection Procedures and if the Debtors and the objecting party are unable to reach a consensual resolution, the Debtors shall, following the conclusion of negotiations and upon reasonable notice, file a notice of hearing to consider the unresolved Objection to be heard no later than the next regularly scheduled omnibus hearing at which such Objection reasonably can be heard; provided that the Debtors shall file any reply on or before 12:00 p.m. (Prevailing Eastern Time) two (2) business days prior to the date of the applicable hearing and provide at least five (5) days' notice of such hearing to the objecting party and the Notice Parties. If the Objection is overruled or withdrawn, the applicable Contract shall be deemed rejected (a) as of the Rejection Date set forth in the Rejection Notice, (b) as of such other date to which the Debtors and the non-Debtor counterparty to such Contract have agreed, or (c) as otherwise determined by the Court as set forth in any order overruling such Objection;

(g)  Claims arising out of the rejection of a Contract, if any, must be filed on or before the later of (i) thirty-five (35) days after the date of the Rejection Notice and (ii) thirty (30) days after entry of an order on the Rejection Notice. Any non-Debtor party to a rejected Contract who fails to file a proof of claim in compliance with the procedures detailed in this subparagraph shall be forever barred from asserting a claim for rejection damages and from participating in any distributions on such claim that may be made in connection with these Chapter 11 Cases;

(h)  If the Debtors have deposited funds with a non-Debtor counterparty to a rejected Contract as a security deposit or other arrangement, such non-Debtor counterparty may not set off, recoup, or otherwise use such funds without further order of the Court, unless the Debtors and the non-Debtor counterparty to such Contract otherwise agree.

4.  Pursuant to section 365(a) of the Bankruptcy Code, the Debtors' rejection of Contracts in accordance with the Rejection Procedures set forth in this Order is hereby approved and such Rejection Procedures shall govern the rejection of Contracts in these Chapter

---

[3] To the extent necessary, such notice shall be deemed to effect a waiver of Rule 6004(h) with respect to the order granting this Motion.

11 Cases, except to the extent the Debtors and a non-Debtor counterparty or counterparties to a Contract have agreed otherwise in writing, and counsel to the Official Committee of Unsecured Creditors has received notice to such alternative agreement, in which case the terms of such alternative agreement shall govern the rejection of the Contract, as applicable, with respect to such counterparty or counterparties.

5. Prior to and through the Rejection Date, the Debtors are authorized to remove, in their sole discretion, from the premises that are the subject of any rejected Contract, consistent with the Debtors' ownership rights and property interests therein, any Remaining Property that the Debtors have installed in or about the premises (such as equipment, fixtures, and other personal property), which is either owned by the Debtors, or leased by the Debtors from third parties.

6. To the extent that the Debtors determine that Remaining Property located at the premises that are the subject of any rejected Contract has little or no value or that the preservation thereof will be burdensome to their estates compared with the expense of removing and storing such property, the Debtors are authorized to abandon, in their sole discretion, such property as of the Rejection Date, pursuant to section 554 of the Bankruptcy Code.  Property proposed to be abandoned shall be described with reasonable specificity in the applicable Rejection Notice.

7. To the extent the Debtors lease personal property from a third party pursuant to a true lease and where such personal property is located either in the Debtors' possession or in the Contract counterparty's possession in relation to the rejected Contract, the Debtors shall not abandon such personal property without first also rejecting the underlying lease for such personal property.  If thereafter the Debtors propose to abandon such personal property

5

that is (i) subject to a true lease and (ii) located at premises related to Contracts that are the subject of a Rejection Notice, the Rejection Notice for such Contracts shall indicate the same, and shall be served on the personal property lessor, and the foregoing notice and objection procedures shall apply to said personal property lessor. The Debtors propose that the automatic stay be deemed modified to permit the respective personal property lessor to retrieve such abandoned property within seven (7) days of the date the Rejection Notice is filed (the "Collection Period").[4] Any such Rejection Notice shall be served on the personal property lessor at the same it is served on all Notice Parties.

8.  Any property located at the premises subject to the Contract which is rejected in accordance with the terms hereof and that is not retrieved by the end of an applicable Collection Period shall be deemed abandoned, as is, pursuant to section 554 of the Bankruptcy Code as of the Rejection Date, without further order of this Court, free and clear of any interests of any other party, and any Contract counterparty, landlord or designee of the same, shall be free to dispose of such abandoned property without liability to any party.

9.  In connection with the foregoing Rejection Procedures, the Debtors are authorized to execute and deliver all instruments, and take such other actions as may be necessary or appropriate to implement and effectuate the Rejection Procedures and abandonment, as approved by this Court, and entry of this Order is without prejudice to the Debtors' or any other party's right to seek further, other, or different relief regarding the Contracts.

10. The Debtors are authorized, but not directed, to seek authority to settle, compromise, and pay certain prepetition and post-petition claims asserted against the Debtors

---

[4] Notwithstanding the foregoing, the Collection Period shall not apply if the lessor of such personal property is also the lessor of the Lease subject to the Rejection Notice.

arising from or relating to the rejection of Contracts pursuant to this Order in an amount not to exceed $25,000 in each case (the "De Minimis Claims") subject to the procedures (the "Settlement Procedures") set forth herein:

 (a) No settlement will be effective unless it is executed by an authorized representative of the Debtors.

 (b) With regard to any settlement or payment in an amount equal to or less than $25,000 for the settlement of a De Minimis Claim or in satisfaction of multiple related De Minimis Claims in the aggregate:[5]

  (i) The affected Debtor or Debtors are authorized to settle or pay such De Minimis Claim or De Minimis Claims (including any related cross-claims) if the terms of the settlement are reasonable in the reasonable business judgment of the affected Debtor, following consultation with counsel, upon consideration of: (1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (3) the paramount interests of the creditors; (4) whether other parties in interest may support the settlement; (5) the competency and experience of counsel advising the debtors; and (6) the nature and breadth of releases to be obtained by the Debtors and their officers and directors.

  (ii) Such affected Debtor or Debtors may, in their discretion, enter into, execute, consummate, and perform under, including through payment, a written agreement of settlement that will be binding on their estates without notice by such Debtor to any third party or further action by this Court.

 (c) The settlement of any other claims not authorized pursuant to the Settlement Procedures will be authorized only upon separate order of this Court upon a motion by the Debtors served upon those parties entitled to receive notice in these Chapter 11 Cases.

 11. For the avoidance of doubt, under the Settlement Procedures, the Debtors are authorized, but not directed, to fully and finally waive and release claims against any

---

[5] Pursuant to these Settlement Procedures, Debtors, in their reasonable discretion, may recognize or allow setoffs of one or more pre-petition obligations, so long as in the aggregate, the payment to the non-debtor counterparty less any debtor-recognized setoffs does not exceed $25,000. For the avoidance of doubt, nothing in this Motion or the Proposed Order would permit any non-debtor counterparty to effectuate setoffs except with the Debtors' affirmative consent pursuant to the procedures set forth herein.

7

claimants, creditors, and third parties to the extent provided by such settlement and authorized pursuant to the Settlement Procedures and this Order.

12.     Each settlement that complies with the Settlement Procedures shall be deemed (i) fair and reasonable, (ii) to have satisfied the standards under sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, and (iii) to be a final order of this Court for all purposes, including for purposes of any appeal.

13.     Nothing in the Motion or this Order shall be deemed or construed as (i) an admission as to the validity, amount or priority of any particular claim against the Debtors, (ii) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (iii) a promise to pay any particular claim, (iv) an implication or admission by the Debtors that any particular claims is of a type specified or defined in the Motion, (v) an admission by the Debtors that a Contract is executory or unexpired, as applicable, or (vi) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law. .

14.     All rights and defenses of the Debtors with respect to any Contract are preserved, including all rights and defenses of the Debtors with respect to any subsequently filed proof of claim for damages arising as a result of a Contract rejection, including, but not limited to, any right of the Debtors to assert an offset, recoupment, counterclaim or deduction.  In addition, nothing in this order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and/or is not an executory contract or unexpired lease, respectively.

15.     Notwithstanding the approval of the Rejection Procedures, nothing contained in this Order shall prevent the Debtors from seeking to reject or assume any Contract(s) by separate motion.

16. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry.

17. The requirements set forth in Bankruptcy Rule 6006 are satisfied.

18. The requirements set forth in Local Rules 6006-1 and 9013-1(b) are satisfied.

19. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

20. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: October 12, 2023　　　　　　　　　　　　*/s/ Sean H. Lane*
White Plains, New York　　　　　　　　　　　　United States Bankruptcy Judge

**Exhibit 1**
**Contracts for Rejection**

# Contracts to Be Rejected as of the Petition Date[1]

| Debtor Party to Contract | Non-Debtor Counterparty to Contract | Address of Non-Debtor Counterparty | Title of Contract to be Rejected |
|---|---|---|---|
| Genesis Asia Pacific PTE LTD | Bloomberg Finance Singapore L.P. | 731 Lexington Avenue, New York, NY 10022 | The Bloomberg Agreement dated July 9, 2021 |
| Genesis Asia Pacific PTE LTD | Bloomberg Finance Singapore L.P. | 731 Lexington Avenue, New York, NY 10022 | Bloomberg Schedule of Services dated July 9, 2021 |
| Genesis Asia Pacific PTE LTD | Bloomberg Finance Singapore L.P. | 731 Lexington Avenue, New York, NY 10022 | Bloomberg Schedule of Services dated August 18, 2021 |
| Genesis Asia Pacific PTE LTD | Bloomberg Finance Singapore L.P. | 731 Lexington Avenue, New York, NY 10022 | Bloomberg Schedule of Services dated March 9, 2022 |
| Genesis Global Holdco, LLC | FirstLight Fiber, Inc. | 41 State St. Albany, NY 12207 | Master Service Agreement dated December 3, 2021 |
| Genesis Asia Pacific PTE LTD | FUJIFILM Business Innovation Singapore PTE LTD | 20E Pasir Panjang Rd., #02-21A Mapletree Business City, Singapore 117439 | Service Agreement dated June 28, 2022 |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the non-Debtor counterparty or counterparties to such Contract.

2

| Genesis Asia Pacific PTE LTD | Mitsubishi HC Capital Asia Pacific PTE. LTD. | 111 Somerset Rd. #14-05 Singapore 238164 | Lease Agreement dated July 29, 2022 |
|---|---|---|---|
| Genesis Asia Pacific PTE LTD | SingNet PTE LTD | 31B Exeter Road, Comcentre II #03-02 Singapore 239732 | Singtel TV Business Service Packages Agreement |
| Genesis Asia Pacific PTE LTD | SingNet PTE LTD | 31B Exeter Road, Comcentre II #03-02 Singapore 239732 | Service Request-Cum-Agreement for SingNet Corporate dated April 5, 2023 |
| Genesis Asia Pacific PTE LTD | StarHub LTD. | 67 Ubi Avenue 1, #05-01 Starhub Green, Singapore, 408942 | Enterprise Internet Service Application Form dated January 17, 2022 |
| Genesis Asia Pacific PTE LTD | StarHub LTD. | 67 Ubi Avenue 1, #05-01 Starhub Green, Singapore, 408942 | Enterprise Lease Line (ELL) Service Application Form dated January 17, 2022 |
| Genesis Asia Pacific PTE LTD | Xenetix PTE LTD. | 87 Defu Lane 10 #05-05 Singapore 539219 | Sales Agreement dated April 4, 2022 |

**Exhibit 2**
**Rejection Notice**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF REJECTION
OF CERTAIN EXECUTORY CONTRACTS
<u>AND THE ABANDONMENT OF CERTAIN RELATED ASSETS</u>**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**THIS NOTICE AFFECTS YOUR RIGHTS
IN ACCORDANCE WITH RULE 6006 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE AND RULES 6006-1 AND 6007-1 OF THE
LOCAL BANKRUPTCY RULES FOR THE SOUTHERN DISTRICT OF NEW YORK
LOCATE YOUR NAME AND THE AFFECTED CONTRACT IN THIS NOTICE**

**PLEASE TAKE NOTICE** that on_____, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered an order (ECF No. ___, the "Order") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") of Genesis Global Holdco, LLC and certain of its affiliated entities, as debtors and debtors-in-possession (collectively, the "Debtors"), (i) approving procedures (the "Rejection Procedures") for the rejection of certain executory contracts ("Contracts"), (ii) authorizing the abandonment of certain related property, and (iii) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Order, the Debtors hereby provide notice of their intent to reject the below-referenced Contract(s). Pursuant to the terms of the Order, unless a written objection is filed and served in accordance with the terms of the Order, the below-referenced Contract(s) will be rejected pursuant to 11 U.S.C. § 365(a), effective as of the effective date set forth below, with each non-Debtor counterparty to such Contract being bound by such rejection in accordance with these Rejection Procedures; provided however that in the case of a Contract concerning premises containing personal property that the Debtors hold subject to a true lease and which the Debtors intend to abandon, the effective date shall be **seven (7) days from the date of this Notice**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to this Notice must be filed and served so that such objection is filed with the Bankruptcy Court and actually received by the following parties **no later than fourteen (14) days after the date of this Notice**: (a) the Debtors' counsel, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, NY 10006 (Attn: Sean O'Neal, Esq., Luke Barefoot, Esq., and Jane VanLare, Esq.); (b) the non-Debtor counterparty or counterparties to such Agreement ("Counterparty"); (c) the United States Trustee, One Bowling Green, Suite 534, New York, New York 10004, Attn: Greg Zipes, Esq. ("U.S. Trustee"); and (d) counsel to the Official Committee of Unsecured Creditors, 1221 Avenue of the Americas, New York, NY 10020, Attn: Philip Abelson (philip.abelson@whitecase.com).

**PLEASE TAKE FURTHER NOTICE** that if an objection to this Notice is timely filed and served, the Debtors shall seek a hearing on such objection, file their reply on or before 12:00 p.m. (Prevailing Eastern Time) two (2) business days prior to the date of the applicable hearing and provide at least five (5) days' notice of such hearing to the objecting party, the U.S. Trustee, and counsel to the Official Committee of Unsecured Creditors. If such objection is overruled by the Court or withdrawn, the rejection of the Contract shall be deemed effective: (a) as of the effective date set forth below; (b) as of such other date to which the Debtors and the Counterparty to such Contract have agreed; or (c) as otherwise determined by the Court as set forth in any order overruling such objection.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Order, if the Debtors have deposited monies with the Contract Counterparty as a security deposit or

2

otherwise, the Contract Counterparty may not set off or otherwise use such deposit without the prior authorization of the Bankruptcy Court.

> **PLEASE TAKE FURTHER NOTICE THAT, PURSUANT TO THE TERMS OF THE ORDER, FOR ANY CLAIM THAT YOU MAY ASSERT AGAINST THE DEBTORS AS A RESULT OF THE REJECTION OF ANY CONTRACT, YOU MUST SUBMIT A PROOF OF CLAIM FOR DAMAGES ARISING FROM SUCH REJECTION ON OR BEFORE THE LATER OF (I) THIRTY-FIVE (35) DAYS AFTER THE DATE OF THIS REJECTION NOTICE AND (II) THIRTY (30) DAYS AFTER ENTRY OF AN ORDER ON THIS REJECTION NOTICE. ANY NON-DEBTOR COUNTERPARTY TO A REJECTED CONTRACT WHO FAILS TO FILE A PROOF OF CLAIM IN COMPLIANCE WITH THE PROCEDURES DETAILED IN THIS PARAGRAPH SHALL BE FOREVER BARRED FROM ASSERTING A CLAIM FOR REJECTION DAMAGES AND FROM PARTICIPATING IN ANY DISTRIBUTIONS THAT MAY BE MADE IN CONNECTION WITH THESE CHAPTER 11 CASES.**

### EXECUTORY CONTRACT TO BE REJECTED[2]

| Debtor-party to Contract | Counterparty to Contract | Address of Counterparty | Title of Contract to be Rejected | Effective Date of Rejection of the Contract | Description of any Property to be Abandoned |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

---

[2] The inclusion of a contract on this list does not constitute an admission as to the executory or non-executory nature of the contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such contract.

3