UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[2]<br><br>Debtors. | Chapter 11<br><br>Case No.: 23-10063 (SHL)<br><br>Jointly Administered |

**ORDER APPROVING SETTLEMENT AGREEMENT
BETWEEN THE GENESIS ENTITIES AND THE FTX ENTITIES**

Upon (i) the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Genesis Debtors") for entry of an order (this "Order") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement and compromise (the "Settlement Agreement") entered into by (1) the Genesis Debtors and certain direct and indirect subsidiaries of Holdco that are not debtors in the above-captioned cases (the "Genesis Bankruptcy Proceedings"), including GGC International Limited ("GGCI"), Genesis Bermuda Holdco Limited, Genesis Global Markets Limited, Genesis UK Holdco Limited, Genesis Custody Limited, Genesis Global Assets, LLC, GGA International Limited, Genesis Global Trading, Inc., Genesis Global Labs, LLC, Genesis Asia (Hong Kong) Limited, and all other wholly-owned or controlled subsidiaries (collectively, with the Genesis Debtors, the "Genesis

---

[1]    The Genesis Debtors in the Genesis Bankruptcy Proceedings, along with the last four digits of each Genesis Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of the Genesis Bankruptcy Proceedings, the service address for the Genesis Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion, which was filed at ECF No. 603.

Entities") and (2) FTX Trading Ltd., its affiliated debtors and debtors-in-possession in the jointly administered Chapter 11 proceedings pending in the United States Bankruptcy Court for the District of Delaware, Case No. 22-11068 (the "FTX Debtors"), and the FTX Debtors' non-debtor subsidiaries solely to the extent of the FTX Debtors' authority to bind such entities as of the date hereof, if any (together with the FTX Debtors, the "FTX Entities"), (ii) the *Objection of Ad Hoc Group of Genesis Lenders to Genesis Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for Entry of an Order Approving Settlement Agreement with FTX Debtors* (ECF No. 648, the "Ad Hoc Group Objection"). (iii) the *Joinder of Gemini Trust Company, LLC in Objection of Ad Hoc Group of Genesis Lenders to Genesis Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for Entry of an Order Approving Settlement Agreement with FTX Debtors* (ECF No. 651, the "Gemini Joinder"), (iv) the *Amended Joinder of the Fair Deal Group to the Objection of Ad Hoc Group of Genesis Lenders to Genesis Debtors Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for Entry of An Order Approving Settlement Agreement with FTX Debtors* (ECF No. 652, the "Brown Rudnick Group Joinder," and collectively with the Ad Hoc Group Objection and the Gemini Joinder, the "Objections"), and (v) the *Genesis Debtors' Reply in Support of Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for Entry of an Order Approving Settlement Agreement with FTX Debtors* (ECF No. 672, the "Reply"); and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference* M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper

notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a status conference on the Motion on September 6, 2023 followed by an evidentiary hearing on September 18, 2023 (together, the "Hearings"); and upon the record of the Hearings, and upon all of the proceedings had before the Court; and the Court having determined that the relief set forth in this Order is in the best interests of the Debtors and their estates and that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and the Court having issued a *Memorandum of Decision* dated October 6, 2023 granting the Motion, overruling the Objections and approving the Settlement Agreement (ECF No. 781, the "Decision"); and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED and the Objections are OVERRULED as set forth in the Decision.

2. Pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement is approved, and the Genesis Debtors are authorized to enter into and perform under the Settlement Agreement.

3. As set forth in the Settlement Agreement, the Allowed Alameda Claim against GGC is hereby ALLOWED in the amount of $175 million.

4. The following claims by the FTX Debtors are hereby deemed WITHDRAWN with prejudice and EXPUNGED:

   a. Claim Nos. 415, 419, and 426 filed by FTX Trading Ltd.;

      b.   Claim Nos. 422, 420, and 513 filed by Alameda Research LLC;

      c.   Claim Nos. 508, 512, and 457 filed by Alameda Research Ltd.;

      d.   Claim Nos. 463, 438, and 516 filed by West Realm Shires Inc; and

      e.   Claim Nos. 432, 465, and 515 filed by West Realm Shires Services Inc.

5.    The Parties are authorized to take any action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement in accordance with this Order, including without limitation to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement in accordance with this Order.

6.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: October 17, 2023
White Plains, New York

                        */s/ Sean H. Lane*
                        THE HONORABLE SEAN H. LANE
                        UNITED STATES BANKRUPTCY JUDGE