Hearing Date and Time:  October 24, 2023 at 11:00 a.m. (Prevailing Eastern Time)

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin T. West
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113

– and –

Amanda Parra Criste (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 785** |

**STATEMENT AND RESERVATION OF RIGHTS
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
WITH RESPECT TO THE DEBTORS' THIRD MOTION FOR ENTRY
OF AN ORDER EXTENDING THE DEBTORS' EXCLUSIVE
PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF AND GRANTING RELATED RELIEF**

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's tax identification number (as applicable) are as follows:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these chapter 11 cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

The Official Committee of Unsecured Creditors (the "**Official Committee**") appointed in the cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") respectfully states as follows in connection with the Debtors' third motion for an extension of the exclusive periods to file a chapter 11 plan and solicit votes [Docket No. 329] (the "**Motion**") and in reply to the objections filed by the Ad Hoc Group of Genesis Lenders (ECF No. 813) (the "**AHG Objection**"), and the group of creditors represented by Brown Rudnick (ECF No. 815) (the "**BR Group Objection**," and together with the AHG Objection, the "**Objections**"):[2]

1. Following the last exclusivity hearing, Official Committee members and professionals have worked tirelessly to attempt to resolve these chapter 11 cases as expeditiously as possible without compromising their two main goals of maximizing in-kind recoveries and bolstering the Debtors' distributable assets. The Official Committee has dedicated a significant portion of these efforts to working with the Ad Hoc Group to see if there is an alternative path to a settlement with DCG that is acceptable to members of that group, and those discussions remain ongoing. The Official Committee has also been working collaboratively with the Debtors on the terms of a plan in which there is no settlement with DCG, and instead creditor recoveries beyond the current cash and cryptocurrency on hand will be deferred to post-Effective Date litigation with DCG. Those discussions remain ongoing as well. But both paths – either an enhanced settlement with DCG or a no-deal litigation plan – have been impacted by the filing of an action by the New York Attorney General, and a copy of the complaint on file is attached hereto as **Exhibit A**. As the Court may appreciate, the existence of that action and its potential impact on the Debtors, DCG, and Gemini, puts these cases at a critical inflection point in which the path out will have to be addressed in the upcoming days, not weeks.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Motion.

2.      To that end, the Official Committee does not object to the extension of exclusivity through the November 7 Disclosure Statement hearing, by which time all parties (most importantly, DCG) are going to have to have attempted in good faith to resolve their differences once and for all. The Official Committee reserves the right to object to any further extension beyond the November 7 hearing. While the Official Committee recognizes that such a short extension may be less than ideal for the parties and the Court, the Official Committee is firmly of the view that, perhaps now more than at any other time in these cases, time is of the essence with respect to the filing of a plan that the Debtors intend to prosecute through to confirmation.

## RESERVATION OF RIGHTS

3.      The Official Committee reserves the right to (i) further amend, modify, or supplement this Statement and Reservation of Rights to raise additional issues with the Motion at the hearing and (ii) seek to terminate the Debtors' Exclusive Periods at any time.

## CONCLUSION

WHEREFORE, the Official Committee respectfully requests that the Court grant the Motion as modified herein and grant the Official Committee such other and further relief as is just, proper, and equitable.

[*Remainder of page intentionally left blank.*]

Dated: October 23, 2023
New York, New York

Respectfully submitted,

By: */s/ J. Christopher Shore*

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin T. West
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
E-mail: cshore@whitecase.com
　　　　philip.abelson@whitecase.com
　　　　colin.west@whitecase.com
　　　　michele.meises@whitecase.com

– and –

Amanda Parra Criste (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744
E-mail: aparracriste@whitecase.com

*Counsel to Official Committee of Unsecured Creditors*

4