CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| Genesis Global Capital, LLC, | Adv. Pro. No. 23-[[•]] (SHL) |
| Plaintiff, | |
| v. | |
| Eric Asquith, | |
| Defendant. | |

## COMPLAINT FOR INJUNCTIVE RELIEF

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd.. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Genesis Global Capital, LLC ("GGC"), as a debtor and debtor in possession (the "Debtor," and together with its affiliated debtors and debtors in possession, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") and as the plaintiff in the above-captioned adversary proceeding, hereby files this complaint (the "Complaint") against Eric Asquith (the "Defendant") (a) to prohibit the Defendant from continuing to pursue the arbitration before the American Arbitration Association with Case No. ▮▮▮▮▮▮▮▮ (the "Arbitration"), until the effective date of any confirmed plan in these Chapter 11 Cases; or, in the alternative, (b) to extend the automatic stay to the Arbitration as against Gemini Trust Company LLC ("Gemini"); and (c) to grant the Debtors such other and further relief as the Court deems just and proper; and incorporate the *Motion for (I) Preliminary Injunction or (II) Order Extending Automatic Stay to Non-Debtors* (the "Motion"), the *Memorandum of Law in Support of Debtors' Motion for (I) Preliminary Injunction or (II) Order Extending Automatic Stay to Non-Debtors* (the "Memorandum of Law"),[2] and the *Declaration of Jack Massey In Support of the Motion for (I) Preliminary Injunction or (II) Order Extending Automatic Stay to Non-Debtors* (the "Massey Declaration"), filed contemporaneously herewith and incorporated herein by reference. In support of this Complaint, the Debtors further state as follows:

## NATURE OF THE ACTION AND THE NEED FOR RELIEF

1.  On December 20, 2022, the Defendant filed the Arbitration against GGC and Gemini, alleging claims arising out of the Gemini Earn Program, which was a program through which Gemini users loaned digital assets to GGC. On January 19, 2023, GGC, along with the

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the accompanying Motion and Memorandum of Law.

2

other Debtors, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. As a result, the Arbitration is stayed as to GGC pending the resolution of these Chapter 11 Cases.



3. ███████████████████████████████ Gemini requested that the Debtors seek a stay of the Arbitration. Gemini conveyed to the Debtors that in the event that the Debtors were not willing to pursue such a stay, Gemini would seek to compel the Debtors to participate in discovery in respect of the Arbitration.

4. GGC commenced this adversary proceeding pursuant to Rules 7001(7) and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105(a) and 362(a) of title 11 of the United States Code (the "Bankruptcy Code") to enjoin the Arbitration as against Gemini in order to avoid unnecessary expense and distraction at a critical juncture in the Debtors' Chapter 11 Cases, as well as to avoid the harm that could result from a continuation of the Arbitration in the absence of full participation by GGC.

5. GGC accordingly requests, pursuant to sections 105(a) and 362(a) of the Bankruptcy Code, that this Court enter (a) an order prohibiting the Defendant from continuing to

pursue the Arbitration until the effective date of any confirmed plan in these Chapter 11 Cases; or, in the alternative, (b) an order extending the automatic stay to the Arbitration as against Gemini; and (c) granting the Debtors such other and further relief as the Court deems just and proper.

6. The Debtors amply meet the standard for an injunction and, in the alternative, an extension of the automatic stay to the Arbitration as to Gemini. **First**, the Debtors have more than a reasonable likelihood of a successful reorganization. Substantially contemporaneously herewith, the Debtors are filing the *Debtors' Amended Joint Chapter 11 Plan* (the "Second Amended Plan"), and the *Amended Disclosure Statement With Respect to the Second Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement"). In recognition of the Debtors' continued progress, on October 24, 2023, the Court granted an extension of the Debtors' exclusive period during which to file a chapter 11 plan (through November 7, 2023) and during which to conduct solicitation (through December 7, 2023). Additionally, the Debtors have a hearing scheduled before the Court on the Disclosure Statement on November 7, 2023. The Debtors continue to work diligently toward confirmation, including by engaging in ongoing and productive negotiations with creditors and their legal and financial advisors with the goal of resolving outstanding concerns regarding the Second Amended Plan.

7. **Second**, there is a danger of irreparable harm to the Debtors' estates and plan process if the Arbitration is not enjoined. In the absence of this stay, Gemini intends to seek to require GGC to participate in a fulsome discovery process, including document discovery and depositions, which will impose a significant burden on GGC during a critical period in the Chapter 11 Cases. The expense and distraction would harm the Debtors' ability to finalize and confirm the Second Amended Plan in a timely manner, and accordingly to begin making distributions to

4

creditors (including creditors whose claims arise under the Gemini Earn Program). Moreover, the scope of remaining damages that the Defendant may have in the Arbitration will be significantly reduced and clarified by having clarity on the terms of distributions under the Debtors' proposed plan. Furthermore, the Arbitration implicates certain indemnification provisions that could be triggered in the event of an award in the Arbitration. As a result, it is critical that the Arbitration be stayed until the resolution of these Chapter 11 Cases.

8.     *Third*, the balance of harms weighs heavily in favor of imposing an injunction. The potential harm facing the Debtors, their estates, and their plan process in the Chapter 11 Cases in the absence of a stay far outweighs the minimal, if any, prejudice that the Defendant would suffer if this Court were to grant the requested relief. The Arbitration names GGC as co-respondent and seeks findings and determinations in connection with inextricably connected actions allegedly undertaken by Gemini and GGC. As a result, permitting the Arbitration to proceed will prompt Gemini to seek to compel participation by GGC, including, among other things, by requiring GGC to respond to discovery requests and produce witnesses for depositions. And the alternative – permitting the Arbitration to proceed without GGC's participation – would potentially require, in effect, that the Defendant litigate his claims against GGC twice, because (i) the allegations as against Gemini are inextricably linked to those against GGC, and (ii) the Defendant filed a proof of claim in the Chapter 11 Cases seemingly on the basis of the same allegations, which will be litigated through the claims reconciliation process in the Chapter 11 Cases. Further, any potential harm to the Defendant that might result from a temporary stay of the Arbitration is significantly outweighed by the certain harm to the Debtors and their estates that would result from the unnecessary distraction from the Debtors' plan process and efforts to garner creditor support for the Second Amended Plan. Finally, the time-limited nature of the requested stay – with expiration

5

upon effectiveness of a confirmed plan in the Debtors' cases, which is expected in the next several months – would significantly limit any potential prejudice to the Defendant.[3]

9. **_Fourth_**, the public interest weighs in favor of granting the requested injunction. There is a strong public interest in permitting chapter 11 proceedings such as the Debtors' to proceed without undue interference by unrelated litigation, and the requested injunctive relief is critical to the Debtors' efforts to timely confirm a plan and resolve the Chapter 11 Cases. Moreover, the public interest is served by maximizing recoveries through the organized restructuring process embodied in the Second Amended Plan, rather than in separate, uncoordinated proceedings like the Arbitration.

10. In the alternative, the Debtors request that the Court extend the automatic stay to Gemini with respect to the Arbitration. Without the relief requested, the Debtors will be irreparably harmed for all the following reasons, among others. **_First_**, the continuation of the Arbitration – in which GGC is a named co-respondent – threatens the Debtors' ability to effectively defend themselves with respect to any similar actions that have already been filed against the Debtors either in separate arbitral proceedings or in proofs of claim. The nature of the Arbitration against the non-Debtor respondent Gemini is inextricably linked with the factual and legal allegations asserted against GGC. Granting a stay of the Arbitration will prevent prejudice in the form of collateral estoppel or any other formal bars to GGC's ability to mount a vigorous defense to the allegations made in the Arbitration and in parallel in various proofs of claim.

---

[3] While there are a number of other parallel arbitrations pending against Gemini from other earn user claimants, the Debtors currently limit the scope of their request to the Defendant's Arbitration given the unique circumstances of the Arbitrator's Stay Order and the previously expedited hearing schedule that the Arbitrator established for a determination of the Defendant's claims. The Debtors reserve their rights and defenses concerning other arbitrations filed by Gemini Earn Program users.

11. *Second*, GGC could be obligated to indemnify Gemini with respect to any recoveries arising from GGC's breach under the Master Digital Asset Loan Agreements between GGC, Gemini, and certain customers of Gemini (the "Gemini Master Loan Agreements"), *see* Exhibit 1 to Massey Declaration, which is implicated in the Arbitration. Gemini has also asserted a right to indemnification under the Gemini Exchange User Agreement. *See* Exhibit 2 to Massey Declaration. As a result, a claim against Gemini asserting a breach of the Gemini Master Loan Agreements by GGC is effectively a claim against the Debtor GGC and accordingly must be stayed until GGC emerges from chapter 11 protection.

12. The Debtors therefore respectfully request that this Court (i) grant the requested injunctive relief, enjoining the continuation of the Arbitration; or, in the alternative, (ii) extend the automatic stay to the Arbitration as against Gemini, as allowing its continuation would otherwise burden the Debtors at a critical juncture in their Chapter 11 Cases.

## THE PARTIES

13. GGC is a limited liability company organized under the laws of Delaware.

14. Although not a named party in this adversary proceeding, Gemini is a respondent in the Arbitration.

15. The individual Defendant in this adversary proceeding is the claimant in the Arbitration.

## JURISDICTION AND VENUE

16. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).

17. Pursuant to Rule 7008 of the Bankruptcy Rules, the Debtors consent to the entry of final orders or a final judgment by this Court in this adversary proceeding if it is later determined

that, absent consent of the parties, the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution.

18. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

### I. Overview of Chapter 11 Cases

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

### II. The Arbitration

19. The claims in the Arbitration arise from the Defendant's participation in the Gemini Earn Program. This action is described in full in section II of the Memorandum of Law.

## CLAIMS FOR RELIEF

### COUNT ONE

**Injunction Pursuant to Section 105 of the Bankruptcy Code**

20. The Debtors repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

8

21. The Debtors request that this Court issue a preliminary injunction pursuant to section 105 of the Bankruptcy Code to stay continuation of the Arbitration until the effective date of a confirmed plan in these Chapter 11 Cases.[4]

22. Section 105(a) authorizes this Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title" and provides this Court with broad, equitable powers to "assure the orderly conduct of the reorganization proceedings." 11 U.S.C. § 105(a).

23. In assessing whether such a preliminary injunction is appropriate, courts look to the traditional requirements for a preliminary injunction under Federal Rule of Civil Procedure 65, modified to fit the bankruptcy context. Thus, courts in this Circuit consider: (1) whether there is a reasonable likelihood of successful reorganization; (2) whether there is imminent irreparable harm to the estate and the bankruptcy process in the absence of an injunction; (3) whether the balance of harms tips in favor of the moving party; and (4) whether the public interest weighs in favor of an injunction.

24. *First*, the Debtors have a reasonable likelihood of a successful reorganization. The Debtors are working towards confirmation of the Second Amended Plan, which is being filed substantially contemporaneously herewith, and which the Debtors anticipate confirming in January 2024. However, the continued prosecution of the Arbitration threatens that progress, as it would either require substantial participation by GGC, or, absent GGC's participation, could lead to an award that could trigger an indemnity obligation by GGC, either of which would interfere with the Debtors' plan and claims processes.

---

[4] The Debtors also respectfully request that the Court not require the Debtors to give any security, as authorized by Federal Rule of Bankruptcy Procedure 7065. See Fed. R. Bankr. P. 7065 ("Rule 65 . . . applies in adversary proceedings, except that a temporary restraining order or preliminary injunction may be issued on application of a debtor, trustee, or debtor in possession without compliance with Rule 65(c).").

9

25. ***Second***, without a stay of the continuation of the Arbitration, there will be imminent irreparable harm to the Debtors' estates and plan process. In the near term, the Arbitration would require substantial participation by GGC—an expense and distraction that could compromise the Debtors' ability to focus on timely confirmation of a chapter 11 plan and distributions to creditors. In addition, the continuation of the Arbitration could lead to an award against Gemini that could implicate the indemnification agreement between GGC and Gemini, a potential additional estate expense.

26. ***Third***, if the Arbitration is not enjoined, the harm facing the Debtors, their estates, and their plan process far outweighs the minimal, if any, prejudice that the Defendant would suffer from an injunction. Any potential harm to the Defendant caused by staying the Arbitration against Gemini must be weighed against the inefficiencies that would arise should the litigation be permitted to proceed in GGC's absence. The Arbitration seeks relief in connection with actions allegedly taken by Gemini that are inextricably connected to actions allegedly taken by GGC. As a result, proceeding asynchronously will require, in effect, that the Defendant and Gemini seek discovery and take other procedural steps twice.

27. ***Fourth***, the public interest weighs in favor of granting the requested injunction. There is a strong public interest in permitting chapter 11 proceedings such as the Debtors' to proceed without undue interference by parallel litigation, and the requested injunctive relief is critical to the Debtors' reorganization efforts. Moreover, the public interest is promoted by maximizing recoveries through the organized restructuring process embodied in the Second Amended Plan, rather than in a separate Arbitration that could frustrate and distract from the plan process at a critical juncture.

28. Accordingly, an injunction staying the Arbitration until the effective date of any confirmed plan in these Chapter 11 Cases is appropriate.

29. No prior application for the relief requested herein has been made to this Court or any other court.

## COUNT TWO

**Extension of Automatic Stay Pursuant to Section 362 of the Bankruptcy Code**

30. The Debtors repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

31. If the Court does not grant an injunction, the Debtors request in the alternative that the Court extend the automatic stay to the Arbitration as against Gemini under section 362(a) of the Bankruptcy Code.

32. Extending the stay is critical to the preservation of the value of the Debtors' estates and progress of the Chapter 11 Cases. Without an extension of the stay, the Debtors and their estates would suffer immediate adverse consequences, both economic and practical, that would frustrate their plan process. Courts in the Second Circuit have previously extended the automatic stay to an action taken against non-debtors which would inevitably have an adverse impact upon the property of the debtor's estate under certain circumstances. *See* Memorandum of Law at 16. The Debtors clearly meet that standard here, where allowing the Arbitration to continue would have significant adverse effects on the Debtors' plan process.

33. *First*, the continuation of the Arbitration would directly hinder the Debtors' and their advisors' ability to focus their attention on the Chapter 11 Cases in this critical period, in which confirmation of a chapter 11 plan is imminent, and the potential need to participate in third-party discovery and to otherwise monitor the Arbitration would divert substantial attention and

11

resources. *Second*, the continuation of the Arbitration during the Chapter 11 Cases threatens the Debtors' ability to effectively defend themselves post-emergence because the Arbitration involves factual allegations and legal issues that concern and implicate GGC. *Third*, given that GGC's indemnification obligations would be implicated in the event of a finding in the Arbitration that GGC breached the Gemini Master Loan Agreement, the Arbitration effectively constitutes litigation against the Debtor GGC and accordingly must be stayed until GGC emerges from chapter 11 protection.

34.    Accordingly, an extension of the automatic stay to Gemini in the Arbitration is appropriate.

35.    No prior application for the relief requested herein has been made to this Court or any other court.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs respectfully request that this Court enter judgment in their favor and request relief as follows:

(a) that this Court enter an order enjoining the continued prosecution of the Arbitration until the effective date of any confirmed plan in these Chapter 11 Cases;

(b) in the alternative, that this court should enter an order extending the automatic stay under section 362(a) of the Bankruptcy Code to the Arbitration as against Gemini; and

(c) that this Court grant the Debtors such other and further relief as the Court deems just and proper.

*[Remainder of page intentionally left blank.]*

| | | |
|---|---|---|
| Dated: | October 24, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* |