**LOWENSTEIN SANDLER LLP**
Michael S. Etkin
Andrew Behlmann
Michael Papandrea
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500

*Bankruptcy Counsel to the Securities*
*Litigation Lead Plaintiffs*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*[1] | Case No. 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | **Hearing Date: November 7, 2023 at 2:00 p.m. (ET)**<br>**Obj. Deadline: October 31, 2023 at 4:00 p.m. (ET)** |

## SECURITIES LITIGATION LEAD PLAINTIFFS' LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING THE AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE AMENDED JOINT PLAN OF GENESIS GLOBAL HOLDCO, LLC ET AL., UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Remo Maria Morone, William McGreevy, Ashwin Gowda, Translunar Crypto LP, and

Christopher Buttenham (collectively, the "Lead Plaintiffs"), in their capacity as the named, court-

appointed co-lead plaintiffs in the securities class action pending in the United States District Court

for the District of Connecticut under the caption, *William McGreevy, Ashwin Gowda, Translunar*

*Crypto LP, Christopher Buttenham, and Alex Sopinka, individually and on behalf of all others*

*similarly situated v. Digital Currency Group, Inc. and Barry Silbert*, Case No. 3:23-cv-00082 (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number
(as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250
Park Avenue South, 5th Floor, New York, NY 10003.

"Securities Litigation"), on behalf of themselves and the proposed class they seek to represent in the Securities Litigation (collectively, the "Class"), hereby submit this limited objection and reservation of rights with respect to the *Amended Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") [Docket No. 839] and the Debtors' motion (the "Solicitation Procedures Motion") [Docket No. 461] to approve, *inter alia*, the adequacy of the information contained in the Disclosure Statement and procedures for soliciting and tabulating votes on the Debtors' amended Plan[2] [Docket No. 840], and respectfully state as follows:

## **LIMITED OBJECTION AND RESERVATION OF RIGHTS**

1.      The Lead Plaintiffs generally do not oppose the Solicitation Procedures Motion – including the Debtors' request for approval of the Disclosure Statement – based on the motion, Disclosure Statement, and Plan, each in its current form.

2.      However, the Disclosure Statement does not provide adequate information as to whether the Plan will require the Debtors or PA Officer to preserve evidence potentially relevant to the Securities Litigation through the conclusion thereof.  The Plan's document preservation provision states:

> On and after the Effective Date, the Wind-Down Debtors or the PA Officer may maintain documents in accordance with the Debtors' existing standard document retention policy, as may be altered, amended, modified, or supplemented by the Wind-Down Debtors or the PA Officer; *provided, however*, that the Wind-Down Debtors shall not destroy or otherwise abandon any such books, records, electronically stored information, or other documents without the permission of the PA Officer or authorization from the Bankruptcy Court.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Disclosure Statement.

*See* Plan, Art. VIII.K.  This provision indicates the Debtors may abandon or destroy potential evidence with the permission of the PA Officer.  However, the Plan (and, therefore, the Disclosure Statement) is unclear as to whether the PA Officer will have the authority to abandon or destroy, or to permit the Debtors to abandon or destroy, such evidence (particularly since the form of the Plan Administrator Agreement has not yet been filed).

3.      In the event discovery becomes necessary, the loss, destruction, or unavailability of evidence potentially relevant to the Securities Litigation would materially prejudice the Lead Plaintiffs and the Class in the prosecution of the Securities Litigation and the related claims and causes of action.  Accordingly, the Lead Plaintiffs respectfully submit that the Plan or any order confirming the Plan must require the Debtors and any of their transferees, successors and/or assigns (including, without limitation, the Wind-Down Debtors and the PA Officer) to preserve originals or true copies of the Debtors' books, records, and documents, electronically stored information, and other evidence potentially relevant to the Securities Litigation until the conclusion of the Securities Litigation.  Any infirmity in the Disclosure Statement in connection therewith may be remedied by including the following provision in the Plan or any order confirming the Plan:

> **Document Preservation.** Until the entry of a final order of judgment or settlement in the securities class action pending in the United States District Court for the District of Connecticut under the caption, *William McGreevy, Ashwin Gowda, Translunar Crypto LP, Christopher Buttenham, and Alex Sopinka, individually and on behalf of all others similarly situated v. Digital Currency Group, Inc. and Barry Silbert*, Case No. 3:23-cv-00082 (the "Securities Litigation"), the Debtors and any transferees, successors and/or assigns (including the Wind-Down Debtors and PA Officer) of the Debtors' books, records, documents, files, electronic data (in whatever format, including native format), or any tangible object potentially relevant to the Securities Litigation, wherever stored (collectively, the "Potentially Relevant Books and Records") shall preserve and maintain such Potentially Relevant Books and Records, and shall not destroy, abandon, transfer, or otherwise render unavailable such Potentially Relevant Books and Records

without providing counsel to the lead plaintiff(s) in the Securities Litigation at least sixty (60) days' advance written notice and an opportunity to object and be heard by a court of competent jurisdiction. In the event the lead plaintiff(s) timely object(s) to any such destruction, abandonment, or transfer, the Potentially Relevant Books and Records shall be preserved until the earlier of (a) a final order of the Bankruptcy Court or other court of competent jurisdiction and (b) the date the party in possession, custody, or control of such Potentially Relevant Books and Records provides originals or true copies thereof to counsel for the lead plaintiff(s).

4.      In addition to the foregoing, the Lead Plaintiffs, on behalf of themselves and the Class, reserve all rights with respect to any modification, amendment, or supplement to the Disclosure Statement, Plan, or the procedures for soliciting and tabulating votes in connection therewith – including, but not limited to, the right to object thereto on any basis whatsoever.

[*Remainder of page intentionally left blank*]

Dated: October 31, 2023

**LOWENSTEIN SANDLER LLP**

*/s/ Michael S. Etkin*
Michael S. Etkin
Andrew Behlmann
Michael Papandrea
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
E-mail: metkin@lowenstein.com
E-mail: abehlmann@lowenstein.com
E-mail: mpapandrea@lowenstein.com

*Bankruptcy Counsel to the Securities
Litigation Lead Plaintiffs*

-and-

**KAPLAN FOX & KILSHEIMER LLP**
Jeffrey P. Campisi, Esq.
800 Third Avenue, 38th Floor
New York, NY 10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
E-mail: jcampisi@kaplanfox.com

-and-

**SILVER GOLUB & TEITELL LLP**
Ian W. Sloss, Esq.
One Landmark Square, 15th Floor
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769
E-mail: isloss@sgtlaw.com

*Counsel to the Securities Litigation
Lead Plaintiffs*