| | |
|---|---|
| Christopher Harris | Nima H. Mohebbi (admitted *pro hac vice*) |
| Adam J. Goldberg | Tiffany M. Ikeda (admitted *pro hac vice*) |
| Brett M. Neve | Emily R. Orman (admitted *pro hac vice*) |
| Nacif Taousse | |
| **LATHAM & WATKINS LLP** | **LATHAM & WATKINS LLP** |
| 1271 Avenue of the Americas | 355 South Grand Avenue, Suite 100 |
| New York, NY 10020 | Los Angeles, CA 90071 |
| Telephone: (212) 906-1200 | Telephone: (213) 485-1234 |
| Facsimile: (212) 751-4864 | Facsimile: (213) 891-8763 |
| Email: chris.harris@lw.com | Email: nima.mohebbi@lw.com |
|        adam.goldberg@lw.com |        tiffany.ikeda @lw.com |
|        brett.neve@lw.com |        emily.orman@lw.com |
|        nacif.taousse@lw.com | |

*Counsel to the Foreign Representatives*
*of Three Arrows Capital, Ltd. (in liquidation)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
Genesis Global Holdco, LLC, *et al.*,[1]                     :   Case No. 23-10063 (MBK)
                                                             :
              Debtors.                                       :   Jointly Administered
                                                             :
                                                             :
                                                             :
------------------------------------------------------------ x   Re: ECF Nos. 461, 839

**LIMITED OBJECTION AND RESERVATION OF
RIGHTS OF THE FOREIGN REPRESENTATIVES OF THREE
ARROWS CAPITAL, LTD.'S (IN LIQUIDATION) TO GENESIS DEBTORS'
MOTION TO APPROVE (I) THE ADEQUACY OF INFORMATION IN THE
DISCLOSURE STATEMENT, (II) SOLICITATION AND VOTING PROCEDURES, (III)
FORM OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION
THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

---

[1] The debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R) (collectively, the "**Genesis Debtors**").  For the purpose of these Chapter 11 Cases, the service address for the Genesis Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized joint liquidators (collectively, the "**Joint Liquidators**") appointed in the British Virgin Islands' ("**BVI**") liquidation of Three Arrows Capital, Ltd. (in liquidation) (the "**3AC Debtor**") and foreign representatives of the 3AC Debtor, as recognized pursuant to chapter 15 of the Bankruptcy Code in the case captioned *In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), respectfully file this limited objection and reservation of rights (the "**Limited Objection**") to the approval of the *Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Form of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [ECF. No. 461] (the "**Disclosure Statement Motion**"). In support of this Limited Objection, the Joint Liquidators respectfully submit as follows:

## LIMITED OBJECTION

1. The 3AC Debtor filed proofs of claim against the Genesis Debtors asserting, *inter alia*, preference, turnover, and conversion claims under BVI and other applicable law arising from transfers by the 3AC Debtor to the Genesis Debtors and purported foreclosures by the Genesis Debtors on the 3AC Debtor's property. *See* Claim Nos. 526, 523, 527, 981, 982, 990 (collectively, the "**3AC Claims**"). The 3AC Debtor, the Genesis Debtors, and Digital Currency Group Inc. have reached an agreement in principle for a settlement of the 3AC Claims and are negotiating definitive documentation for such a settlement. Pending finalization of such documentation, the 3AC Debtor hereby asserts the following limited objections to the Disclosure Statement Motion and reserves all rights with respect to the Disclosure Statement and Plan.

2. First, the 3AC Debtor objects to the extent that the Plan could be used as the basis to adjudicate equitable subordination of the 3AC Claims. As stated in the *Amended Disclosure*

2

*Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* [ECF. 839] (the "**Disclosure Statement**"), and pursuant to the Genesis Debtors' *Amended Joint Chapter 11 Plan* [ECF. 838] (the "**Plan**"), the Genesis Debtors purport to reserve the right to seek the equitable subordination of the 3AC Debtor's claims.[2] The 3AC Debtor understands that any such equitable subordination would be pursued through an adversary proceeding, and the 3AC Debtor reserves all rights with respect to application to such a proceeding of the stay applicable in the 3AC Debtors' chapter 15 case. To the extent such equitable subordination may be sought pursuant to the Plan and any corresponding confirmation order, the 3AC Debtor objects to the Disclosure Statement Motion. Adjudication of equitable subordination of the 3AC Debtor's claims against the Genesis Debtors pursuant to the Plan is improper, violates the stay applicable in the 3AC Debtor's chapter 15 case, and impermissibly deprives the 3AC Debtor of its due process rights.

3. The 3AC Debtor proposes the following bolded and underlined language in the Disclosure Statement, together with corresponding language in the Plan, to resolve the 3AC Debtor's objection on this issue:

> **Disclosure Statement, Article VII(D)(viii)** – Except as expressly provided in the Amended Plan, the allowance, classification, and treatment of all Allowed Claims and Allowed Interests and the respective distributions and treatments under the Amended Plan take into account and conform to the relative priority and rights of the Claims and Interests in each Class in connection with any contractual, legal, and equitable subordination rights relating thereto, whether arising under general principles of equitable subordination, section 510(b) of the Bankruptcy Code, or otherwise. Pursuant to section 510 of the Bankruptcy Code, the Debtors or the Wind-Down Debtors reserve the right to reclassify any Allowed Claim or Allowed Interest in accordance with any contractual, legal, or equitable subordination relating thereto. The Debtors and Wind-Down Debtors reserve their rights to seek to subordinate any and all portions of the 3AC Claims and the DCG Claims; **provided for the avoidance of doubt that, with respect**

---

[2] *See Disclosure Statement* at Art. III.M.; *Plan* at Art. III.K.

3

**to the 3AC Claims, any such subordination shall not be pursuant to the Amended Plan or Confirmation Order**.

4. Second, the 3AC Debtor objects on the grounds that the Plan and Disclosure Statement are ambiguous as to how a reserve for the 3AC Claims should be granted. As stated in the Disclosure Statement and the Plan, the establishment of a reserve in respect of the 3AC Claims is a condition precedent to the effectiveness of the Plan.[3] No other provision of the Plan requires that such a reserve be established and funded, and the Plan contemplates that waiver of this condition precedent is in the Genesis Debtors' discretion (with the consent of certain parties that do not include the 3AC Debtor) and does not require notice any other party or approval of this Court.[4]

5. In light of the foregoing, the 3AC Debtor objects to the Disclosure Statement Motion on the grounds that (a) the Disclosure Statement fails to adequately describe how a reserve for the 3AC Claims will be established and (b) the Plan is patently unconfirmable because it does not satisfy the Genesis Debtors' obligation to establish a reserve for disputed claims such as the 3AC Claims, nor provide the 3AC Debtor with notice and an opportunity to be heard on the amount reserved on account of the 3AC Claims. At minimum, the Plan should make clear that the Genesis Debtors have an obligation to fund a reserve on account of the 3AC Claims in an amount to be determined by the Court following notice and opportunity to be heard for all parties in interest before any distributions are made to creditors under the Plan.

6. Last, the 3AC Debtor has submitted comments to the Debtors regarding discrete disclosure issues and reserves the right to supplement this Limited Objection in the event those

---

[3] *Disclosure Statement* at Art. VII.J; *Plan* at Art. IX.A.6.

[4] *Plan* at Art. IX.B.

comments are not resolved.

## RESERVATION OF RIGHTS

7. The 3AC Debtor reserves all rights, claims, defenses, and remedies, including without limitation, to supplement and amend this Objection, to raise further and other objections, to introduce evidence prior to or at any hearing regarding the Disclosure Statement Motion, the Disclosure Statement, or the Plan in the event the 3AC Debtor's objections are not resolved prior to such hearing, to seek to introduce documents or other relevant information in support of the positions set forth in this Objection, and to raise any all objections to confirmation of the Plan.

*[Remainder of page intentionally left blank.]*

|  |  |
|---|---|
| Dated: October 31, 2023<br>New York, New York | Respectfully submitted,<br><br>*/s/ Christopher Harris*<br>Christopher Harris<br>Adam J. Goldberg<br>Brett M. Neve<br>Nacif Taousse<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200<br>Facsimile: (212) 751-4864<br>Email: chris.harris@lw.com<br>      adam.goldberg@lw.com<br>      brett.neve@lw.com<br>      nacif.taousse@lw.com<br><br>– and –<br><br>Nima H. Mohebbi (admitted *pro hac vice*)<br>Tiffany M. Ikeda (admitted *pro hac vice*)<br>Emily R. Orman (admitted *pro hac vice*)<br>**LATHAM & WATKINS LLP**<br>355 South Grand Avenue, Suite 100<br>Los Angeles, CA 90071<br>Telephone: (213) 485-1234<br>Facsimile: (213) 891-8763<br>Email: nima.mohebbi@lw.com<br>      tiffany.ikeda@lw.com<br>      emily.orman@lw.com<br><br>*Counsel to the Joint Liquidators*<br>*of Three Arrows Capital, Ltd.* |

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2023, a true and correct copy of the foregoing Limited Objection was furnished to all ECF Participants via the Court's CM/ECF system.

           /s/ *Christopher Harris*
           Christopher Harris