**OTTERBOURG P.C.**
James V. Drew
230 Park Avenue
New York, New York 10169
Telephone: (212) 661-9100

*Attorneys for SOF International, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X
                                                         :
In re:                                                   :     Chapter 11
                                                         :
GENESIS GLOBAL HOLDCO, LLC, et al.,                      :     Case No. 23-10063 (SHL)
                                                         :
                                      Debtor.            :     (Jointly Administered)
                                                         :
---------------------------------------------------------X

### OBJECTION OF SOF INTERNATIONAL, LLC TO DEBTORS' PROPOSED DISCLOSURE STATEMENT

SOF International, LLC ("SOF"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to *Debtors' Motion to Approve (i) the Adequacy of Information in the Disclosure Statement, (ii) Solicitation and Voting Procedures, (iii) Form of Ballots, Notices and Notice Procedures in Connection Therewith, and (iv) Certain Dates with Respect Thereto* [Dkt. 461] (the "Disclosure Statement Motion") and to the *Amended Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code*, dated October 24, 2023 [Dkt. 839] (the "Disclosure Statement"),[1] and to solicitation of votes on the *Debtors' Amended Joint Chapter 11 Plan* attached to the Disclosure Statement as Exhibit A (the "Plan"), and respectfully states as follows:

---

[1] Capitalized terms but not defined herein shall have the meanings set forth in the Disclosure Statement.

7687612.2

**Background**

1. SOF is a member of the official committee of unsecured creditors in these cases, and holds certain Gemini Lender Claims.

2. The Plan provides for the following treatment of Gemini Lender Claims:

Each Holder of an Allowed Gemini Lender Claim against GGC shall (x) have the amount of its Allowed Gemini Lender Claim reduced by its Pro Rata share of the Gemini Asset Value in accordance with the Distribution Principles and (y) after accounting for the foregoing reduction, receive its Pro Rata share of the Distributable Assets in accordance with the Distribution Principles. Allowed Gemini Lender Claims against GGC shall, in the absence of any other treatment under the Amended Plan or the Confirmation Order, solely for purposes of receiving distributions pursuant to the Amended Plan and otherwise subject to the provisions of the Amended Plan (including the release and injunction provisions set forth in Article VIII of the Amended Plan), remain obligations of Wind-Down GGC after the Effective Date. Notwithstanding anything to the contrary in the Amended Plan, from and after the Effective Date, the Holders of Allowed Gemini Lender Claims shall have no rights or remedies with respect to their Allowed Gemini Lender Claims other than the right to receive distributions pursuant to the Amended Plan.

*See* Plan, Article III.C.7.b.

3. Distribution Principles means "the distribution mechanics described in [Exhibit [ ]] attached to the Disclosure Statement, which shall be subject to the Committee's Consent and the Ad Hoc Group's Consent (if the Ad Hoc Group Acceptance Event has occurred) in all respects. *See* Plan, Article I.A.72.

4. Gemini Asset Value means "the value of the Gemini GBTC Shares and the Gemini Withheld Assets as of the [Effective Date], as determined by the Debtors in good faith and with the Committee's Consent." *See* Plan, Article I.A.98.

5. Gemini GBTC Shares means "the 30,905,782 GBTC shares provided by GGC and maintained by Gemini for the benefit of the Gemini Lenders, which was purportedly foreclosed upon by Gemini on November 16, 2022." *See* Plan, Article I.A.99.

6. Gemini Withheld Assets means "the Cash and Digital Assets held by Gemini and owed to the Debtors, as set forth on the Gemini Withheld Assets Schedule." *See* Plan, Article I.A.106.

7. Gemini Withheld Assets Schedule means "the schedule of Cash and Digital Assets that the Debtors identify as being held by Gemini and owed to the Debtors." *See* Plan, Article I.A.107.

8. Claims against any of the Gemini Parties or any of the DCG Parties are specifically excluded from the releases under the Plan. *See* Plan, Article VIII.D and VIII.E.

## Objection

A. Preservation of Rights Against Third Parties Related to Gemini Lender Claims

9. The following sentence in the treatment of Gemini Lender Claims is ambiguous and should be clarified: "Allowed Gemini Lender Claims shall have no rights or remedies with respect to their Allowed Gemini Lender Claims other than the right to receive distributions pursuant to the Plan." As written, this sentence suggest that holders of Gemini Lender Claims may be precluded from pursuing claims against third parties that may be "with respect to" their Allowed Gemini Lender Claims (*e.g.*, claims against the Gemini Parties or the DCG Parties for fraud), which runs counter to the apparent intent of the release provisions in the Plan.

10. Upon consultation with Debtors' counsel, SOF understands that the language will be revised to read "Allowed Gemini Lender Claims shall have no rights or remedies <u>as against the Debtors</u> with respect to their Allowed Gemini Lender Claims other than the right to receive distributions pursuant to the Plan." (emphasis added). SOF further understands that conforming changes will be made to the description in the Plan with respect to the various other classes of claims.

B.   Distribution Principles

11.   To date, the Distribution Principles have yet to be filed. Accordingly, SOF reserves rights with respect thereto, but respectfully submits that no votes on the Plan should be solicited until creditors and the Court have had an opportunity to review and understand the impact of the Distribution Principles.

C.   Gemini Withheld Assets Schedule

12.   The Gemini Withheld Assets Schedule is not specifically identified as being filed, and no valuation is identified. The Disclosure Statement instead contemplates that the Gemini Withheld Assets Schedule will be filed with the Plan Supplement, on or before five days before the Voting Deadline. *See* Disclosure Statement, p. 14. SOF submits that such schedule should be filed as soon as possible and the Plan revised to specifically identify the docket number for such filing. The Disclosure Statement should also identify values of the assets on the Gemini Withheld Assets Schedule as of the Petition Date and as of as recently as practicable.

13.   Further, the Disclosure Statement should identify the circumstances surrounding the Gemini Withheld Assets such that creditors can understand the legal basis for applying the value of such assets *pro rata* (instead of allocating to holders of Gemini Lender Claims denominated in the applicable "coins" matching the Gemini Withheld Assets).

D.   Application of Gemini Asset Value as of the Effective Date

14.   The Plan purports to value the Gemini Asset Value "as of the [Effective Date]". The bracketed term Effective Date assumes a legal conclusion (generally, that the foreclosure by Gemini on the Gemini GBTC Shares was not effective in November 2022, and that instead Gemini continues to hold the Gemini GBTC Shares as collateral – and similarly that the Gemini Withheld Assets are properly treated as collateral not previously applied) which is highly material

and remains disputed. *See Adversary Complaint*, dated October 27, 2023 [Dkt. 845] (the "Gemini Adversary Complaint"). SOF respectfully submits that more fulsome disclosure with respect to the impact of this assumption on potential recoveries is needed in the Disclosure Statement.

15. Gemini Adversary Complaint

16. The arguments set forth in the Gemini Adversary Complaint should be described in detail in the Disclosure Statement. In addition, the Debtors' proposed process and timeline for resolution of the relevant issues raised in the Gemini Adversary Complaint (and the potential for lengthy delays in distributions absent a resolution) should be explained.

17. Other Gemini Claim Calculation Issues

18. The Disclosure Statement does not clearly describe the impact of certain other issues pertaining to recoveries on Allowed Gemini Lender Claims, including, without limitation, (i) any potential objections to the gross amount of Allowed Gemini Lender Claims asserted by Gemini, (ii) any contemplated avoidance actions against Gemini or holders of Gemini Lender Claims, (iii) Gemini's asserted rights to additional collateral as described in the Gemini Adversary Complaint, (iv) any proposed "order of operations" rules governing calculation of distributions or application of collateral, and (v) the method by which Gemini's compliance with the procedures under the Plan in respect of making distributions is proposed to be monitored and enforced. These issues and others may materially affect the timing and amount of any proposed distributions to holders of Allowed Gemini Lender Claims under the Plan and should be fully described and disclosed.

E. <u>Plain Language Description and Calculations</u>

19. Given the size and composition of the Gemini Lender creditor body and the number of "moving pieces" affecting their recovery, SOF submits that treatment of Gemini Lender Claims is a topic that merits added emphasis on "plain language" style disclosures.

20. In that regard, the Disclosure Statement should include, in one place and without the need to locate and parse through multiple defined terms and schedules, a summary (preferably including a table format) showing the method in which the Allowed Gemini Lender Claims are proposed to be treated given the Debtors' assumptions under the Plan (which assumptions should be stated clearly), with the results compared to one or more alternative scenarios where Gemini's legal arguments are successful or other assumptions are used.

21. Moreover, the summary should include a clear description of the timeline for resolution of the issues affecting recoveries on Gemini Lender Claims, including (for example) whether the voting deadline will be extended to a date after such resolution and/or whether such resolution will be a condition to confirmation or effectiveness of the Plan. Holders of Gemini Lender Claims should be told, in clear language, when to expect clarity on material issues affecting their treatment so that their votes can be informed.

## CONCLUSION AND RESERVATION OF RIGHTS

**WHEREFORE,** SOF respectfully requests that the Court refuse to approve the Disclosure Statement Motion absent modifications to the Disclosure Statement and Plan as requested herein, and grant such other and further relief as is just and proper in this case. SOF expressly reserves the right to amend or supplement this Objection, to file additional objections, and to introduce evidence supporting this Objection and any other objections at any hearing on the Disclosure Statement Motion.

Dated: New York, New York
November 1, 2023

**OTTERBOURG P.C.**

By: /s/ *James V. Drew*
James V. Drew
230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100

*Counsel to SOF International, LLC*