CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF REVISED EXHIBITS IN CONNECTION**
**WITH THE DEBTORS' MOTION TO APPROVE (I) THE**
**ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT,**
**(II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS**
**OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION**
**THEREWITH AND (IV) CERTAIN DATES WITH RESPECT THERETO**

   **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and certain of its debtor affiliates, as debtors and debtors-in-possession in the above captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

   **PLEASE TAKE FURTHER NOTICE** that, on June 29, 2023, the Debtors filed *Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto*, ECF No. 461 (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

"Motion"), which attached a proposed order as Exhibit A thereto (the "Proposed Order") and accompanying Exhibits (together, the "Solicitation Exhibits").

**PLEASE TAKE FURTHER NOTICE** that, on October 31, 2023, the Debtors filed the *Notice of Revised Forms of Ballots in Connection with the Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto*, ECF No. 870, containing revised versions of the proposed ballots.

**PLEASE TAKE FURTHER NOTICE** that, on November 3, 2023, the Debtors filed revised versions of the Proposed Order and the Solicitation Exhibits, along with blackline against the previous versions, if applicable, attached hereto as:

- Exhibit A: Proposed Order (blackline attached as Exhibit B)
- Exhibit 1: Solicitation and Voting Procedures (blackline attached as Exhibit 1-A)
- Exhibit 2: Form of Class 3 Individual Ballots for Holders of Fiat-or-Stablecoin Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.] (blackline attached as Exhibit 2-A)
- Exhibit 3: Form of Class 4 Individual Ballots for Holders of BTC-Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.] (blackline attached as Exhibit 3-A)
- Exhibit 4: Form of Class 5 Individual Ballots for Holders of ETH-Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.] (blackline attached as Exhibit 4-A)
- Exhibit 5: Form of Class 6 Individual Ballots for Holders of Alt-Coin-Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.] (blackline attached as Exhibit 5-A)
- Exhibit 6: Form of Class 7 Ballot for Holders of Gemini Lender Claims against Genesis Global Capital, LLC (blackline attached as Exhibit 6-A)
- Exhibit 7:  Form of Non-Voting Status to Holders of Unimpaired Claims (blackline attached as Exhibit 7-A)
- Exhibit 8: Form of Non-Voting Status to Holders of Disputed Claims (blackline attached as Exhibit 8-A)
- Exhibit 9: Form of Non-Voting Status to Holders of Impaired Claims
- Exhibit 10: Confirmation Hearing Notice (blackline attached as Exhibit 10-A)
- Exhibit 11: Assumption Notice (blackline attached as Exhibit 11-A)
- Exhibit 12: Rejection Notice (blackline attached as Exhibit 12-A)
- Exhibit 13: Notice of Plan Supplement (blackline attached as Exhibit 13-A)
- Exhibit 14: Publication Notice (blackline attached as Exhibit 14-A)
- Exhibit 15: Cover Note (blackline attached as Exhibit 15-A)

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion will be held before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York on **November 7, 2023, at 2:00 P.M. (Prevailing Eastern Time)**. The Hearing will be conducted only through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may affect your rights. Please read the pleadings carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Pleadings and may enter orders granting the relief requested by the Debtors.

Dated:    November 3, 2023
          New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

**<u>Exhibit A</u>**
Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS' MOTION TO APPROVE (I) THE ADEQUACY
OF INFORMATION IN THE DISCLOSURE STATEMENT,
(II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS
OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION
THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco"), and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 3017-1, 3018-1, and 3020-1, (i) approving the Disclosure Statement as containing adequate information; (ii) approving the form and manner of notice of the Disclosure Statement Hearing; (iii) establishing a record date for purposes of voting on the Plan; (iv) approving solicitation packages and procedures for the distribution thereof; (v) approving the forms of ballots; (vi) establishing voting and tabulation procedures; and (vii) establishing notice and objection procedures relating to the confirmation of the Plan, including the form of notice to non-voting classes, the proposed assumption or rejection, pursuant to section 365 of the Bankruptcy Code, of the Executory

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Contracts and Unexpired Leases and the associated payment of Cure Costs, and upon the First Day

Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York dated January 31, 2012; and the Court having found that this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order

consistent with Article III of the United States Constitution; and the Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having found that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors and other parties in interest; and the Court having found that

the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate

and no other notice need be provided; and the Court having reviewed the Motion and having heard

the statements in support of the relief requested therein at a hearing before the Court (the

"Disclosure Statement Hearing"); and the Court having determined that the legal and factual bases

set forth in the Motion and on the record of the Hearing establish just cause for the relief granted

herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all

of the proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor;

   **IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

    A.  The Disclosure Statement contains adequate information within the

meaning of section 1125 of the Bankruptcy Code.

---

[3]  Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of act, when appropriate.  See Fed. R. Bankr. P. 7052.

B.      The forms of Ballots, substantially in the forms annexed as <u>Exhibit 2</u> (form of Individual Ballot for Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claims against Holdco, GGC and GAP), <u>Exhibit 3</u> (form of Individual Ballot for Class 4 BTC-Denominated Unsecured Claims against Holdco, GGC and GAP), <u>Exhibit 4</u> (form of Individual Ballot for Class 5 ETH-Denominated Unsecured Claims against Holdco, GGC and GAP), <u>Exhibit 5</u> (form of Individual Ballot for Class 6 Alt-Coin-Denominated Unsecured Claims against Holdco, GGC and GAP), and <u>Exhibit 6</u> (form of Ballot for the Class 7 Gemini Lender Claims against GGC) are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for each Voting Class.

C.      Ballots need not be provided to the Non-Voting Classes.

D.      The dates, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to accept or reject the Plan.

E.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.      The procedures regarding notice to all parties in interest of the Confirmation Hearing and the filing of objections thereto comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Motion is GRANTED to the extent set forth herein.

**I.      Approval of Disclosure Statement**

4

1.      The Disclosure Statement is approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code, and as otherwise required by applicable law with respect to the Plan.

2.      The Disclosure Statement (including all applicable exhibits thereto and the notices provided for herein) provides Holders of Claims, holders of Interests and all other parties in interest with sufficient notice of the releases, exculpatory provisions and injunctions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

3.      The Disclosure Statement Hearing Notice filed by the Debtors and served upon parties in interest in these Chapter 11 Cases, including the service of the Gemini Disclosure Statement Notice effectuated by Gemini on the Gemini Lenders by email on June 7, 2023, constituted proper, adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement and the deadline for filing objections to the Disclosure Statement and responses thereto, and is hereby approved.  All objections, responses, statements or comments, if any, in opposition to approval of the Disclosure Statement and the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record at, the Disclosure Statement Hearing are overruled in their entirety.

## II.   Approval of Disclosure Statement

4.      The following dates and times (subject to modification as necessary) are approved in connection with solicitation and confirmation of the Plan (all prevailing Eastern Time):

| CONFIRMATION TIMELINE AND DISCOVERY SCHEDULE | |
|---|---|
| **Voting Record Date** | November 3, 2023 |
| **Disclosure Statement Hearing** | November 7, 2023 at 2:00 p.m. ET |

5

| | |
|---|---|
| **Solicitation Deadline** | Within 3 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| **Confirmation Hearing Notice Publication Deadline** | Within 10 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| All parties-in-interest that anticipate objecting to confirmation of the Plan and participating in Confirmation Discovery in connection therewith ("Non-Debtor Discovery Parties") notify the Debtors and the Committee of their intent to participate in Confirmation Discovery and a brief description of the anticipated grounds for their objections[4] | November 8, 2023 |
| The Debtors provide their preliminary Confirmation Hearing witness list | November 14, 2023 |
| Non-Debtor Discovery Parties disclose the identity of any fact or expert witnesses whose affirmative testimonies the Non-Debtor Discovery Parties will rely.  Such notice shall include the name, title, and affiliation(s) of each of the proposed fact or expert witness, along with the grounds for objection and, in the case of expert testimony, the topic(s) on which each such expert will offer opinions at the Confirmation Hearing | November 14, 2023 |
| All parties serve their requests for production, and Non-Debtor Discovery Parties notice any fact depositions and/or serve testimonial subpoenas on any non-party witnesses.  Parties shall produce documents on a rolling basis with production at the earliest possible date | November 15, 2023 |
| **Deadline to File Rule 3018(a) Motions** | November 17, 2023 |
| The Debtors notice any fact depositions and/or serve testimonial subpoenas on any non-party witnesses | November 21, 2023 |
| All parties serve their opening expert reports, if any | November 28, 2023 |
| **Deadline to File Plan Supplement** | December 1, 2023 |
| Non-Debtors Discovery Parties' Deadline to file Fact Declarations | December 4, 2023 |
| All parties substantially complete responding to requests for production and interrogatories | December 4, 2023 |
| Last Day for parties to amend their fact and expert witness list ("Amended Witness List") | December 6, 2023, at 4:00 p.m. ET |

---

[4] Non-bolded milestones indicate Plan discovery dates and deadlines.

| Last Day for parties to notice any deposition and/or serve testimonial subpoenas on any new witness appearing on the Amended Witness List | December 8, 2023, at 12:00 p.m. ET |
|---|---|
| **Voting Deadline** | December 8, 2023, at 4:00 p.m. ET |
| All parties serve their rebuttal expert reports, if any | December 12, 2023 |
| Last Day for Fact Depositions | December 15, 2023 |
| Close of Fact Discovery | December 15, 2023 |
| **Gemini Voting Statement Deadline** | December 18, 2023 |
| Last Day for Expert Depositions | December 21, 2023 |
| Close of Expert Discovery | December 21, 2023 |
| **Deadline to File Voting Report** | December 21, 2023 |
| **Confirmation Objection Deadline** | December 22, 2023, at 4:00 p.m. ET |
| **Deadline to File Confirmation Brief and Omnibus Reply to Confirmation Objections** | January 5, 2024, at 12:00 p.m. ET |
| **Confirmation Hearing**<br>- Cross/Re-direct of Fact and Expert Witnesses at Confirmation Hearing | Week of January 8, 2024 (depending on the Court's availability) |

5.     The Confirmation Hearing Date and deadlines related thereto may be continued from time to time by the Court or the Debtors without further notice to parties in interest other than such adjournments announced in open Court and/or a notice of adjournment filed with the Court and served on the Debtors' master service list.

**III.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan**

6.     The Solicitation Packages are approved.

7.     In accordance with Bankruptcy Rule 3017(d), the Solicitation Packages shall contain:

    a.     With respect to the Holders of Claims in the Voting Classes:

        i.     the Confirmation Hearing Notice in substantially the form attached hereto;

        ii.     the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 hereto);

        iii.     the Disclosure Statement (and exhibits thereto, including the Plan);

        iv.     the applicable Ballot or Gemini Lenders' Ballot together with detailed voting instructions;

        v.     a cover letter describing the content of the Solicitation Package and urging Holders of Claims in each Voting Class to vote to accept the Plan, in substantially in the form attached hereto as <u>Exhibit 15</u>; and

        vi.     any letter(s) from the Committee or the Ad Hoc Group of Genesis Lenders regarding the Plan.

b.     With respect to Holders of Claims in the Non-Voting Classes (the "<u>Non-Voting Status Notice Package</u>"):

        i.     the Confirmation Hearing Notice; and

        ii.     the applicable Notice of Non-Voting Status in substantially the form attached hereto as <u>Exhibits 7</u>, <u>8</u> and <u>9</u>;

c.     With respect to the U.S. Trustee, a copy of each document contained in each version of the Solicitation Packages, which may include non-customized Ballots and a non-customized Notice of Non-Voting Status.

8.     The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code and the Local Rules.

9.     The Debtors shall distribute Solicitation Packages to all Holders of Claims as of the Voting Record Date, other than the Gemini Lenders, in the Voting Classes who are entitled to vote on the Plan on the Solicitation Deadline or as soon as reasonably practicable thereafter.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10.     For the avoidance of doubt, Holders of any Claim withdrawn subsequent to the Voting Record Date shall not be entitled to vote on the Plan.

11.    With regards to the Gemini Lenders, Gemini, as agent to the Gemini Lenders, is authorized and directed to distribute the Solicitation Packages by email, including the Gemini Lenders' Ballot, to each Gemini Lender entitled to vote, using the email address for such Gemini Lender in Gemini's records, as Holders of Class 7 Gemini Lender Claims against GGC as of the Voting Record Date on the Solicitation Deadline or as soon as reasonably practicable thereafter.  The Gemini Lenders' Ballot will contain instructions detailing how to access electronic versions or request hard copies of the documents with the Solicitation Packages, in paper format from the Debtors.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with the Gemini Lenders.

12.    Gemini is authorized to take any and all action necessary to provide the Gemini Lenders with the information they need to make an informed decision with respect to how to vote on the Plan by the Solicitation Deadline.

13.    The Debtors are authorized and directed to pay in cash to Gemini all documented, reasonable fees and out-of-pocket expenses of Gemini and its professionals (collectively, the "Gemini Parties") for services performed by the Gemini Parties solely related to the solicitation of votes to accept or reject the Plan (the "Gemini Reimbursed Fees and Expenses"). The Gemini Reimbursed Fees and Expenses shall be payable by the Debtors without further notice, hearing, or order of this Court promptly upon receipt by the Debtors and counsel for the Committee from Gemini of an invoice for the Gemini Reimbursed Fees and Expenses and shall not be subject to any disgorgement, setoff, disallowance, impairment, challenge, contest, attack, rejection, recoupment, reduction, defense, counterclaim, offset, subordination, recharacterization, avoidance or other claim, cause of action or other challenge of any nature under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise.  For the avoidance of doubt, the Debtors and the

Committee each reserve their rights to object to the reasonableness of the Gemini Reimbursed Fees and Expenses.

14.     The Debtors are authorized to make available on the Case Website copies of the Solicitation Packages and the Non-Voting Status Notice Packages.

15.     The Debtors are authorized, but not directed, to distribute the Solicitation Packages to Holders of Claims as of the Voting Record Date entitled to vote on the Plan by regular mail or electronic mail, where such Holder has provided an electronic mail address, unless not otherwise practicable.  The Debtors are further authorized to distribute the Ballots, which will contain instructions detailing how to access electronic versions or request hard copies of the documents within the Solicitation Packages, in paper format.

16.     The Notice of Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules, and therefore, the Debtors are not required, but authorized, to distribute the Non-Voting Status Notice Packages to Holders of Claims not entitled to vote on the Plan by either regular mail or electronic mail where such Holder has provided an electronic mail address.

17.     Any party entitled to vote on the Plan that has not provided an electronic mail address may request to receive paper copies of the Plan, the Disclosure Statement, the Order and the Solicitation and Voting Procedures from the Solicitation Agent at no cost to such party.

18.     The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages; (b) receiving, tabulating and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages and all other related documents and matters related thereto,

including the procedures and requirements for voting to accept or reject the Plan and for objecting

to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the

Plan or as soon as practicable thereafter.

19.    The Solicitation Agent is authorized and directed to create a unique E-Ballot

ID for each Holder of a Gemini Lender Claim, and is further authorized to provide Gemini with

reports throughout the voting period, and at least twice per week, outlining the Ballot submissions

and E-Ballot IDs it receives from the Holders of Gemini Lender Claims.  By no later than two (2)

business days following the Voting Deadline, Kroll will provide Gemini with a report, outlining

all Ballot submissions and E-Ballot IDs it has received from Holders of Gemini Lender Claims

through the Voting Deadline (the "Gemini Lender Voting Report").  Gemini is authorized and

directed to distribute such E-Ballot IDs to each Gemini Lender whose Gemini Borrowing were

included in the Gemini Master Claim by the Solicitation Deadline, such that each Gemini Lender

may then use the E-Ballot ID to cast their vote directly on the Debtors' Gemini Lender Voting

Portal to accept or reject the Plan. Such distribution shall be via email using the email address for

each Gemini Lender that is in Gemini's records and shall include, with respect to each Gemini

Lender, instructions on how to obtain such Gemini Lender's unique E-Ballot ID by accessing such

Gemini Lender's Gemini account for purposes of completing the Gemini Lender Ballot.  Gemini

is further authorized to provide the Gemini Voting Statement to Kroll by no less than seven (7)

days following Gemini's receipt of the Gemini Lender Voting Report from the Solicitation Agent.

The use of an electronic signature with the submission of a Gemini Lenders' Ballot will be deemed

to be immediately legally valid and effective.  Furthermore, with respect to the Gemini Lenders,

the Gemini Lender Voting Portal is the only valid means of Ballot submission, and any Ballots

received by the Solicitation Agent from the Gemini Lenders via other means of submission, such

as email, hard copy mail, or hand delivery, will be processed as defective and excluded from the final voting results.

20.     For the avoidance of doubt, the Solicitation Agent shall be solely responsible for receiving, tabulating and reporting on Gemini Lenders' Ballots cast by the Holders of Gemini Lender Claims to accept or reject the Plan, using the voting amounts provided by Gemini to the Solicitation Agent, as reflected in the Gemini Voting Statement.  Except as provided for herein, Gemini shall have no duties, obligations, or other requirements in connection or related to the receiving, tabulating and reporting on Gemini Lenders' Ballots.

21.     Ballots submitted via the customized online balloting portal maintained by the Solicitation Agent on the Debtors' restructuring case website at https://restructuring.ra.kroll.com/genesis (the "Online Portal") and the separate customized online balloting portal designated for Holders of Class 7 Gemini Lender Claims against GGC (the "Gemini Lender Voting Portal") shall be deemed to contain a signature.  Ballots submitted electronically via facsimile, email, or other means of electronic transmission other than through the Online Portal or Gemini Lender Voting Portal will not be counted.  Ballots, regardless of the manner of submission, will be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot.

22.     All Ballots, in order to be counted, must be properly completed, executed and delivered so as to be **actually received** by the Debtors' Solicitation Agent **no later than the Voting Deadline, December 8, 2023, at 4:00 pm. (prevailing Eastern Time)**.

23.     The Debtors' Solicitation Agent is authorized, but not required, to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, and neither the Debtors nor the Solicitation will incur any liability for failure to

provide such notification of Ballot defects, including but not limited to, instances where Gemini

Lenders submit Ballots in hard copy format.   The Debtors and/or the Solicitation Agent, as

applicable, are authorized to determine all questions as to the validity, form, eligibility (including

time of receipt), acceptance, and revocation or withdrawal of Ballots, with such determination

being final and binding.

24.     Any Ballot that is properly and timely completed and executed but does not

indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of

the Plan, shall not be counted.

25.     If no votes to accept or reject the Plan are received with respect to a

particular Class, such Class is deemed to have voted to accept the Plan.

## IV.     Approval of the Confirmation Hearing Notice and the Publication Notice

26.     The Confirmation Hearing Notice and the Publication Notice, substantially

in the forms attached hereto as Exhibit 10 and Exhibit 14, respectively, comply with the

requirements of applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local

Rules, and are approved in all respects.   The Confirmation Hearing Notice shall be served upon all

known Holders of Claims and the parties on the Debtors' master service list (regardless of whether

such parties are entitled to vote on the Plan) starting by no later than the Solicitation Deadline.

Within ten (10) business days of the Disclosure Statement Order, or as soon as reasonably

practicable thereafter, the Debtors shall publish the Publication Notice, substantially in the form

attached hereto as Exhibit 14, once in each of *New York Times* and *USA Today*.   Additionally, the

Confirmation Hearing Notice shall be posted electronically on the Case Website.   The

Confirmation Hearing Notice and the Publication Notice provide Holders of Claims and/or

Interests and all parties in interest in the Chapter 11 Cases with sufficient notice of, among other

things, the releases, exculpatory provisions, and injunctions, as set forth in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**V.    Approval of the Notice of Filing of the Plan Supplement**

27.    The Debtors are authorized to send notice of the filing of the Plan Supplement, substantially in the form attached hereto as <u>Exhibit 13</u>, on the date that the Debtors file the Plan Supplement (which will be filed and served at eight days prior to the Confirmation Objection Deadline) or as soon as practicable thereafter.

**VI.    Approval of the Forms of Notices to Non-Voting Classes**

28.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Solicitation Agent shall send a Non-Voting Package, the form of each of which is hereby approved, in lieu of Solicitation Packages, with no further notice necessary or required, to the Holders of Claims in the Non-Voting Classes, as well as Holders of Claims in Voting Classes that are subject to a pending objection by the Debtors.

29.    The Debtors are also not required to send Solicitation Packages or other solicitation materials to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.  Additionally, for purposes of serving the Solicitation Packages and Notices of Non-Voting Status, the Debtors are authorized to rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date.  The Debtors and

the Solicitation Agent are not required to conduct any additional research for updated addresses or

undeliverable Solicitation Packages or Notices of Non-Voting Status.

**VII.    Approval of the Notices in Respect of Executory Contracts and Unexpired Leases**

30.    The Assumption Notice, substantially in the form attached hereto as <u>Exhibit 11</u>, and the Rejection Notice, substantially in the form attached hereto as <u>Exhibit 12</u> (collectively, the "<u>Assumption and Rejection Notices</u>") are approved; *provided,* that up to and including the Effective Date, the Debtors may assume, assume and assign or reject an executory contract or unexpired lease in accordance with the Bankruptcy Code and applicable Bankruptcy Rules.

31.    At least ten days prior to the Confirmation Hearing, the Debtors shall serve or cause to be served, the Assumption and Rejection Notices, as applicable, on the counterparties to Executory Contracts and Unexpired Leases entitled to receive such notices pursuant to the Plan. Service of the Plan, the Plan Supplement, and the Assumption and Rejection Notices as applicable and as set forth herein shall be deemed good and sufficient notice of, among other things, the proposed assumption, assumption and assignment or rejection of executory contracts and unexpired leases of the Debtors (including the proposed Cure Amounts related thereto and the release and satisfaction of any Claims or defaults arising under any assumed executory contract or unexpired lease at any time before the effective date of assumption or assumption and assignment upon the satisfaction thereof), the amendment of contracts in connection with assumption or assignment pursuant to Article V of the Plan, and the procedures for objecting thereto, and no other or further notice is necessary.

32.    Any counterparty to an Executory Contract or Unexpired Lease that disputes (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment of Assigned Contracts, or (iv) any Cure Amount relating to any executory contracts

or unexpired leases to be assumed or assumed and assigned under the Plan as identified must file

an objection (each, a "Treatment Objection") by the Confirmation Objection Deadline in order for

such objection to be considered.  Each Treatment Objection must:

a.    be in writing;

b.    comply with the Bankruptcy Rules and the Bankruptcy Local Rules;

c.    state the name of the objecting party;

d.    state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and

e.    be filed and served on the Objection Notice Parties such that the Treatment Objection is actually received no later than the Confirmation Objection Deadline.

33.    The Debtors are authorized to file replies to any timely-filed Treatment

Objections at any time prior to the Confirmation Hearing and to meet and confer in good faith to

attempt to resolve any such objection.  The Debtors are authorized to settle any Treatment

Objection without further notice to any party or any action, order or approval of this Court.

34.    Any unresolved Treatment Objections shall be heard at the Confirmation

Hearing or, at the election of the Debtors, at a later hearing, provided, however, that at any time

following the Confirmation Hearing but prior to the Effective Date, the Debtors may settle any

dispute regarding the assumption of any Executory Contract or Unexpired Lease and/or the amount

of any Cure Cost without any further notice to any party or any action, order or approval of the

Court.

35.    The Debtors are authorized, but not directed, to alter, amend, modify or

supplement the exhibit to the Plan Supplement detailing the Assumed Contracts, and to assume,

assume and assign or reject executory contracts and unexpired leases at any time prior to the

Effective Date or, with respect to any executory contract or unexpired lease subject to a Treatment

Objection that is resolved after the Effective Date, within thirty (30) days following entry of a Final Order of the Bankruptcy Court resolving such Treatment Objection.

**VIII.    Approval of the Solicitation and Voting Procedures**

36.    The Debtors are authorized to solicit, receive and tabulate votes to accept or reject the Plan in accordance with the Solicitation and Voting Procedures attached hereto as Exhibit 1.  The procedures set forth herein, in the Solicitation and Voting Procedures set forth in Exhibit 1, and in materials for soliciting votes approved hereby, including, without limitation, the proposed procedures for the temporary disallowance of Claims for the purpose of voting to accept or reject the Plan, and the establishment of the Voting Record Date, provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code, Bankruptcy Code Rule 3018 and the Local Rules, and are hereby approved in their entirety.

37.    Solely for voting purposes, and not for the purpose of the allowance of, or distribution on account of, a Claim, the Debtors are authorized, for each Claim within a Voting Class, to temporarily allow such Claim in an amount equal to the amount of such Claim as set forth in a timely filed Proof of Claim, or, if no Proof of Claim was filed, the amount of such Claim as set forth in the Schedules, subject to the following exceptions:

    a.    If a Claim is deemed Allowed, pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

    b.    If a Claim, for which a Proof of Claim has been timely filed, is marked as contingent, unliquidated, or disputed, such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (g) below:

    c.    If a Claim, for which a Proof of Claim has been timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (g) below;

17

d.  Each Gemini Lender Claim set forth in the Gemini Master Claim shall be temporarily allowed for voting purposes in the amount set forth in the Gemini Voting Statement based on the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

e.  If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of this Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by Court order;

f.  If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was (i) not filed by the applicable bar date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

g.  If the Debtors serve an objection to, or request for estimation of, a Claim at least 5 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

h.  If the Debtors serve an objection to a Claim at least 5 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

i.  For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, the Claims filed by such entity shall be aggregated in each applicable Class, and the total amount of such Class shall be the sum of the aggregated Claims or of such entity in each applicable Class;

j.  If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received by Kroll will be deemed to

reflect that voter's intent and will supersede and revoke any prior received Ballot;

k.   If a Claim is filed in a currency other than U.S. Dollars (other than cryptocurrency) and is not allowed in a sum certain under the Plan, the Debtors will convert such Claim to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

## IX.    Approval of the Plan Objection Procedures

38.    The procedures set forth in the Motion regarding the filing of objections or responses to the Plan provide due, proper and adequate notice, comport with due process, comply with Bankruptcy Rules 2002, 3017 and 3020 and Local Rule 3020-1, and are hereby approved. Objections and responses, if any, to confirmation of the Plan must (a) be in writing, (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules, (d) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection, (e) be filed with the Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), and (ii) by all other parties in interest (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court, and (f) be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order") on (i) the Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S.

Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.;
(iv) counsel to the Official Committee of Unsecured Creditors, counsel to the Committee, White
& Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson,
Esq. and J. Christopher Shore, Esq.; and (v) any parties that have appeared and requested notice
pursuant to the Bankruptcy Rules so as to be **actually received** on or before **December 22, 2023,
at 4:00 p.m.**, prevailing Eastern Time.  Objections to confirmation of the Plan that are not timely
filed, served and actually received in the manner set forth above and in the Confirmation Hearing
Notice shall not be considered unless otherwise agreed by the Debtors or determined by the Court.

39.     The Debtors are authorized to file and serve replies or an omnibus reply to
any such objections along with their brief in support of confirmation of the Plan either separately
or by a single, consolidated reply on or before **January 5, 2024, at 12:00 p.m. ET** (the
"Confirmation Reply Deadline").  In addition, any party in interest may file and serve a statement
in support of confirmation of the Plan and/or a reply or an omnibus reply to any objections to
confirmation of the Plan by the Confirmation Reply Deadline.

## X.     Discovery and Confirmation Protocols

40.     The Non-Debtor Discovery Parties are hereby authorized to serve
confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking
documents from the Debtors, other parties in interest, and any third parties.  For the avoidance of
doubt, no further motion practice is required prior to serving confirmation-related discovery under
these discovery and confirmation protocols (the "Confirmation Protocols").

41.     The *Stipulation and Confidentiality Agreement and Protective Order* [ECF
No. 238] (as may be amended from time to time, the "Protective Order") shall govern all discovery
in connection with the confirmation of the Plan and the Confirmation Hearing.

42.     To the extent that the Non-Debtor Discovery Parties serve discovery seeking documents that were already produced, whether formally or informally, in response to other requests in these chapter 11 cases, the Producing Party (defined below) may refer to those prior productions to satisfy the Non-Debtor Discovery Parties' requests.

43.     In the event of a dispute with respect to one or more discovery requests, counsel for the producing party (the "Producing Party") and for the requesting party (the "Requesting Party") shall promptly meet and confer in good faith to attempt to resolve the dispute. If, notwithstanding their good faith efforts to do so, such parties are unable to resolve such discovery dispute at any time after they have met and conferred, either the party may promptly seek a telephonic discovery conference from the Court.  If requested by the Court following the telephonic conference, the parties may email a letter, no longer than two single spaced pages in length (excluding exhibits), of the nature of the dispute.  Any response, may be submitted by emailed letter, no longer than two single spaced pages in length (excluding exhibits), within two business days.  Parties shall simultaneously send a copy of any such letters to Debtors' and Committee's counsel (if Debtors or the Committee are not the Producing Party or Requesting Party) (the "Discovery Dispute Resolution").

44.     Unless otherwise ordered by the Court, no Requesting Party shall serve requests for admission, the Committee may serve up to 15 interrogatories, and all other parties may serve up to 3 interrogatories in connection with the confirmation proceedings.  The Debtors may serve the same amount of interrogatories on any Requesting Party that are served on them by that Requesting Party subject, for the avoidance of doubt, to the parties' respective rights under Federal Rule of Civil Procedure 26(c) and the dispute resolution provisions of these Confirmation Protocols.

45.    Absent obtaining leave from this Court under Rule 30(a)(2) or 30(d)(1) of the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure 7030 and 9014, or upon mutual written agreement with the party sought to be deposed, a party may not take a deposition that would result in: (a) more than 5 days of fact witness depositions taken in total by the Committee or other Non-Debtor Discovery Parties; (b) a witness being deposed more than once in his or her individual capacity; and/or (c) a witness being deposed for more than seven hours in his or her individual capacity.  For clarity, the total of 5 days of fact witness depositions includes 30(b)(6) depositions, and each deposition day is limited to seven hours pursuant to Federal Rule of Civil Procedure 30(d)(1) (if a deposition is less than seven hours, that shall still count as one deposition day unless otherwise agreed).

46.    Any party seeking to take a deposition of a Debtor witness should attempt in good faith to coordinate the date for the deposition with the Debtors, the Committee, and other parties that may wish to depose the same witness, as well as how to divide up the deposition time. To that end, within two business days of receipt of a notice or subpoena (or by a different date if agreed by the requesting party) to take the deposition of a witness affiliated with or controlled by the Debtors, the Debtors shall identify to the Requesting Party all other parties (if any) that have advised the Debtors they intend to depose the same witness and with which the Debtors believe the Requesting Party should meet and confer concerning timing for the noticed deposition ("Participating Party" or "Participating Parties").  The Requesting Party shall seek in good faith to meet and confer with any such Participating Parties within three days of the Debtors' receipt of the corresponding deposition notice or subpoena to discuss the date for the deposition and how to divide up the deposition time amongst the parties who seek to examine the witness.

    a.    If a Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Debtors that the Requesting Party and the Participating

Parties have agreed, upon consultation with the Debtors regarding availability, on a date for the deposition, the Debtors must produce the deponent(s) on that date, or on another date that the Debtors may propose and that any Requesting Party or Participating Party advises the Debtors in writing is acceptable to all Participating Parties and the Requesting Party (the "Agreed Date"), for a period of one day of 7 hours, subject to the deposing parties' rights pursuant to Federal Rule of Civil Procedure 30(d)(1); *provided*, *however*, that the Debtors are not obligated to produce the deponent(s) on the date for the deposition identified by the Requesting Party or Participating Party if the Debtors first obtain relief from their obligation through a telephonic discovery conference with the Court. For the avoidance of doubt, unless the Debtors' first obtain relief from the Court or the consent of the Requesting Party and Participating Parties as described above, they must make the noticed witness available on the Agreed Date;

b.  If the Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Debtors that the Requesting Party and the Participating Parties have not, despite good faith efforts, agreed among themselves on a date for the deposition or on how to divide up the deposition time, then the Requesting Party or any Participating Party may seek a teleconference with the Court to establish a date for the deposition or to seek guidance on how the deposition time shall be divided amongst the parties seeking to examine the witness;

c.  The Debtors strongly encourage the Requesting Party and Participating Parties to resolve any disputes over how to allocate deposition time in advance of the deposition, so that everyone has clarity about the length and sequence of the deposition, and it may proceed in an orderly and efficient manner. A Requesting Party may elect to proceed forward with a deposition without an agreement with the Participating Parties on how the deposition time shall be allocated, however. In that event, if not all of the deposing parties have concluded their examinations within the 7 hour time limit, then the Debtors may choose either (i) to end the deposition after 7 hours, and no party may seek to depose the witness further without seeking Court relief; or (ii) to allow the witness to continue to be examined longer than 7 hours, but to count the deposition (in the Debtors' discretion) as more than one deposition day under Paragraph 45 of this Order. For clarity, pursuant to Paragraph 45, any deposition lasting between 1 and 7 hours shall count as one deposition day, any deposition lasting between 7 and 14 hours may count as two deposition days (in the Debtors' discretion), and any deposition lasting between 14 and 21 hours may count as three deposition days (in the Debtors' discretion), provided, however, that any party reserves its right to seek Court relief that a deposition that lasts longer than 7 hours should count as a single deposition under Paragraph 45. The Debtors will be reasonable in exercising their discretion under this provision—if, for example, the examining parties need only slightly longer than 7 hours to finish the deposition, the Debtors do not intend to count that as two deposition days;

    d.   Deposition notices shall not include any document requests.  The rights of any person or party noticed for a deposition are reserved with respect to objecting to any such depositions, including the number of depositions, and any such person or party may seek relief from the Court pursuant to the Discovery Dispute Resolution (as set forth in Paragraph 43 of this Order) procedures with respect to any deposition notice or subpoena, including, for the avoidance of doubt, by seeking to quash, limit, terminate, or adjourn any deposition notice or subpoena; and

    e.   As to any deposition notice or subpoena, the Requesting Party and the Debtors may alter the procedures and deadline provided in this Paragraph 46 by mutual consent.

47.     Each Requesting Party shall (i) produce or make available to the other Non-Debtor Discovery Parties any materials obtained by such Requesting Party obtained from third parties or (ii) identify any basis for withholding such documents from other Non-Debtor Discovery Parties, in each case within two (2) business days of receiving such materials from a third party.

48.     Each Requesting Party or Producing Party (if not the Debtors) shall produce or make available to Debtors' counsel and counsel to the Committee any materials produced by or requested by the applicable Requesting Party or Producing Party (if not the Debtors) from a reasonable period of time from the date on which such production or request is made.

49.     If any Producing Party intends on withholding or redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in response to confirmation-related discovery, the Producing Party and Requesting Party shall meet and confer on the scope and format of corresponding privilege logs, consistent with the Protective Order in these Chapter 11 Cases.  To the extent such materials were previously withheld or redacted on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in connection with production in in other pre-petition civil litigations, or in these Chapter 11 Cases, such prior determinations (as reflected in designations on the materials themselves or in the relevant privilege log(s)) the document need not be re-logged, so long as the document shall be subject to the challenge provisions in the Protective Order in these

chapter 11 cases.  A Producing Party shall provide its initial privilege log(s) within two weeks after it substantially completes production of documents in response to document requests.

50.    Any expert retained or specially employed to provide expert testimony in connection with the Plan confirmation proceedings shall submit an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026), and, on or before the deadline provided by this Order, shall produce the expert materials required to be disclosed by Federal Rule of Civil Procedure 26 (made applicable by Bankruptcy Rule 7026).  No drafts of any part of any report or declaration of any expert will be subject to production or other disclosure.  This protection is in addition to, and does not limit or replace, the protections of Federal Rule of Civil Procedure 26(b)(4)(B) (applicable here under Bankruptcy Rule 7026).

## XI.    Amendments and General Provisions

51.    The Debtors are authorized to make non-substantive modifications to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Notices of Non-Voting Status, the Ballots, the Publication Notice, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption and Rejection Notices, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

52.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

53.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

54.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

55.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.


Dated: _____, 2023
          White Plains, New York

                                                    _____
                                                    HONORABLE SEAN H. LANE.
                                                    UNITED STATES BANKRUPTCY JUDGE

## **Exhibit B**

Blackline of Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS' MOTION TO APPROVE (I) THE ADEQUACY
OF INFORMATION IN THE DISCLOSURE STATEMENT,
(II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS
OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION
THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco"), and its affiliated

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

entry of an order (this "Order") pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, and 9006 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 3017-1,

3018-1, and 3020-1, (i) approving the Disclosure Statement as containing adequate information;

(ii) approving the form and manner of notice of the Disclosure Statement Hearing; (iii)

establishing a record date for purposes of voting on the Plan; (iv) approving solicitation packages

and procedures for the distribution thereof; (v) approving the forms of ballots; (vi) establishing

voting and tabulation procedures; and (vii) establishing notice and objection procedures relating

to the confirmation of the Plan, including the form of notice to non-voting classes, the proposed

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

assumption or rejection, pursuant to section 365 of the Bankruptcy Code, of the Executory Contracts and Unexpired Leases and the associated payment of Cure Costs, and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Disclosure Statement Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

---

[3]      Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of act, when appropriate.  See Fed. R. Bankr. P. 7052.

[AM_ACTIVE 405069415_1]

B.       The forms of Ballots, substantially in the forms annexed as <u>Exhibit 2</u> (form of Individual Ballot for Class 3 ~~General~~Fiat-or-Stablecoin-Denominated Unsecured Claims against Holdco, GG~~H~~C and GAP), <u>Exhibit 3</u> (form of Individual Ballot for Class ~~3 Other~~4 BTC-Denominated Unsecured Claims against Holdco, GGC and GAP), Exhibit 4 (form of Individual Ballot for Class 5 ETH-Denominated Unsecured Claims against Holdco, GGC and GAP), Exhibit 5 (form of Individual Ballot for Class 6 Alt-Coin-Denominated Unsecured Claims against Holdco, GGC and GAP), and <u>Exhibit 4</u>6 (form of Ballot for the Class 4̶7 Gemini Lender Claims against GGC) are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for each Voting Class.

C.       Ballots need not be provided to the Non-Voting Classes.

D.       The dates, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to accept or reject the Plan.

E.       The procedures for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.       The procedures regarding notice to all parties in interest of the Confirmation Hearing and the filing of objections thereto comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Motion is GRANTED to the extent set forth herein.

**I.      Approval of Disclosure Statement**

4

1.      The Disclosure Statement is approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code, and as otherwise required by applicable law with respect to the Plan.

2.      The Disclosure Statement (including all applicable exhibits thereto and the notices provided for herein) provides Holders of Claims, holders of Interests and all other parties in interest with sufficient notice of the releases, exculpatory provisions and injunctions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

3.      The Disclosure Statement Hearing Notice filed by the Debtors and served upon parties in interest in these Chapter 11 Cases, including the service of the Gemini Disclosure Statement Notice effectuated by Gemini on the Gemini Lenders by email on June 7, 2023, constituted proper, adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement and the deadline for filing objections to the Disclosure Statement and responses thereto, and is hereby approved.  All objections, responses, statements or comments, if any, in opposition to approval of the Disclosure Statement and the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record at, the Disclosure Statement Hearing are overruled in their entirety.

## II.    Approval of Disclosure Statement

4.      The following dates and times (subject to modification as necessary) are approved in connection with solicitation and confirmation of the Plan (all prevailing Eastern Time):

5

[AM_ACTIVE 405069415_1]

| ~~PROPOSED~~CONFIRMATION TIMELINE AND DISCOVERY SCHEDULE | |
|---|---|
| **Voting Record Date** | ~~July 5~~November 3, 2023 |
| ~~**Disclosure Statement Objection Deadline**~~ | ~~July 5, 2023, at 4:00 p.m. ET~~ |
| ~~**Deadline to File Omnibus Reply to Disclosure Statement Objections**~~ | ~~July 10, 2023 at 4:00 p.m. ET~~ |
| **Disclosure Statement Hearing** | ~~July 12~~November 7, 2023 at 2:00 p.m. ET |
| **Solicitation Deadline** | Within 3 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| **Confirmation Hearing Notice Publication Deadline** | Within 10 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| ~~**Deadline to File Plan Supplement**~~All parties-in-interest that anticipate objecting to confirmation of the Plan and participating in Confirmation Discovery in connection therewith ("Non-Debtor Discovery Parties") notify the Debtors and the Committee of their intent to participate in Confirmation Discovery and a brief description of the anticipated grounds for their objections[4] | ~~August 9~~November 8, 2023 |
| The Debtors provide their preliminary Confirmation Hearing witness list | November 14, 2023 |
| Non-Debtor Discovery Parties disclose the identity of any fact or expert witnesses whose affirmative testimonies the Non-Debtor Discovery Parties will rely.  Such notice shall include the name, title, and affiliation(s) of each of the proposed fact or expert witness, along with the grounds for objection and, in the case of expert testimony, the topic(s) on which each such expert will offer opinions at the Confirmation Hearing | November 14, 2023 |
| All parties serve their requests for production, and Non-Debtor Discovery Parties notice any fact depositions and/or serve testimonial subpoenas on any non-party witnesses.  Parties shall produce documents on a rolling basis with production at the earliest possible date | November 15, 2023 |

---

[4] Non-bolded milestones indicate Plan discovery dates and deadlines.

[AM_ACTIVE 405069415_1]

| | |
|---|---|
| **Deadline to File Rule 3018(a) Motions** | November 17, 2023 |
| The Debtors notice any fact depositions and/or serve testimonial subpoenas on any non-party witnesses | November 21, 2023 |
| All parties serve their opening expert reports, if any | November 28, 2023 |
| **Deadline to File Plan Supplement** | December 1, 2023 |
| Non-Debtors Discovery Parties' Deadline to file Fact Declarations | December 4, 2023 |
| All parties substantially complete responding to requests for production and interrogatories | December 4, 2023 |
| ~~Voting Deadline~~Last Day for parties to amend their fact and expert witness list ("Amended Witness List") | ~~August 14~~December 6, 2023, at 4:00 p.m. ET |
| Last Day for parties to notice any deposition and/or serve testimonial subpoenas on any new witness appearing on the Amended Witness List | December 8, 2023, at 12:00 p.m. ET |
| ~~Confirmation Objection~~Voting **Deadline** | ~~August 17~~December 8, 2023, at 4:00 p.m. ET |
| All parties serve their rebuttal expert reports, if any | December 12, 2023 |
| Last Day for Fact Depositions | December 15, 2023 |
| Close of Fact Discovery | December 15, 2023 |
| **Gemini Voting Statement Deadline** | December 18, 2023 |
| Last Day for Expert Depositions | December 21, 2023 |
| Close of Expert Discovery | December 21, 2023 |
| **Deadline to File Voting Report** | ~~August~~December 21, 2023 |
| **Confirmation Objection Deadline** | December 22, 2023, at 4:00 p.m. ET |
| **Deadline to File Confirmation Brief and Omnibus Reply to Confirmation Objections** | ~~August 21~~January 5, ~~2023~~2024, at ~~4:00 p.m~~12:00 p.m. ET |
| **Confirmation Hearing**<br>-  Cross/Re-direct of Fact and Expert Witnesses at Confirmation Hearing | Week of January 8, 2024 (depending on the Court's availability) |

5.     The Confirmation Hearing Date and deadlines related thereto may be continued from time to time by the Court or the Debtors without further notice to parties in interest other than such adjournments announced in open Court and/or a notice of adjournment filed with the Court and served on the Debtors' master service list.

**III.   Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan**

[AM_ACTIVE 405069415_1]

6.    The Solicitation Packages are approved.

7.    In accordance with Bankruptcy Rule 3017(d), the Solicitation

Packages shall contain:

    a.    With respect to the Holders of Claims in the Voting Classes:

        i.    the Confirmation Hearing Notice in substantially the form attached hereto;

        ii.    the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 hereto);

        iii.    the Disclosure Statement (and exhibits thereto, including the Plan);

        iv.    the applicable Ballot or Gemini Lenders' Ballot together with detailed voting instructions and, if applicable, a pre-addressed, postage pre-paid return envelope.;

        v.    a cover letter describing the content of the Solicitation Package and urging Holders of Claims in each Voting Class to vote to accept the Plan, in substantially in the form attached hereto as Exhibit 15; and

        vi.    any letter(s) from the Committee or the Ad Hoc Group of Genesis Lenders recommending acceptance ofregarding the Plan.

    b.    With respect to Holders of Claims in the Non-Voting Classes (the "Non-Voting Status Notice Package"):

        i.    the Confirmation Hearing Notice; and

        ii.    the applicable Notice of Non-Voting Status in substantially the form attached hereto as Exhibits 57, 8 and 69;

    c.    With respect to the U.S. Trustee, a copy of each document contained in each version of the Solicitation Packages, which may include non-customized Ballots and a non-customized Notice of Non-Voting Status.

8.    The Solicitation Packages provide the Holders of Claims entitled to vote

on the Plan with adequate information to make informed decisions with respect to voting

8

on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code and the Local Rules.

9.      The Debtors shall distribute Solicitation Packages to all Holders of Claims as of the Voting Record Date, other than the Gemini Lenders, in the Voting Classes who are entitled to vote on the Plan on the Solicitation Deadline or as soon as reasonably practicable thereafter.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10.      For the avoidance of doubt, Holders of any Claim withdrawn subsequent to the Voting Record Date shall not be entitled to vote on the Plan.

11.      With regards to the Gemini Lenders, Gemini, as agent to the Gemini Lenders, is authorized and directed to distribute the Solicitation Packages by email, including the Gemini Lenders' Ballot, to each Gemini Lender entitled to vote, using the email address for such Gemini Lender in Gemini's records, as Holders of Class 47 Gemini Lender Claims against GGC as of the Voting Record Date on the Solicitation Deadline or as soon as reasonably practicable thereafter.  The Gemini Lenders' Ballot will contain instructions detailing how to access electronic versions or request hard copies of the documents with the Solicitation Packages, in paper format from the Debtors.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with the Gemini Lenders.

12.      Gemini is authorized to take any and all action necessary to provide the Gemini Lenders with the information they need to make an informed decision with respect to how to vote on the Plan by the Solicitation Deadline.

[AM_ACTIVE 405069415_1]

13.     [[The Debtors are authorized and directed to pay in cash to Gemini all documented, reasonable fees and out-of-pocket expenses of Gemini and its professionals (collectively, the "Gemini Parties") for services performed by the Gemini Parties solely related to the solicitation and tabulation of votes to accept or reject the Plan (the "Gemini Reimbursed Fees and Expenses").  The Gemini Reimbursed Fees and Expenses shall be payable by the Debtors without further notice, hearing, or order of this Court promptly upon receipt by the Debtors and counsel for the Committee from Gemini of an invoice for the Gemini Reimbursed Fees and Expenses and shall not be subject to any disgorgement, setoff, disallowance, impairment, challenge, contest, attack, rejection, recoupment, reduction, defense, counterclaim, offset, subordination, recharacterization, avoidance or other claim, cause of action or other challenge of any nature under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise.]][4]  For the avoidance of doubt, the Debtors and the Committee each reserve their rights to object to the reasonableness of the Gemini Reimbursed Fees and Expenses.

14.     The Debtors are authorized to make available on the Case Website copies of the Solicitation Packages and the Non-Voting Status Notice Packages.

15.     The Debtors are authorized, but not directed, to distribute the Solicitation Packages to Holders of Claims as of the Voting Record Date entitled to vote on the Plan by regular mail or electronic mail, where such Holder has provided an electronic mail address, unless not otherwise practicable.  The Debtors are further authorized to distribute the Ballots, which will contain instructions detailing how to access electronic

---

[4]     Subject to potential consultation rights of the Committee.

[AM_ACTIVE 405069415_1]

versions or request hard copies of the documents within the Solicitation Packages, in paper format.

16. The Notice of Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules, and therefore, the Debtors are not required, but authorized, to distribute the Non-Voting Status Notice Packages to Holders of Claims not entitled to vote on the Plan by either regular mail or electronic mail where such Holder has provided an electronic mail address.

17. Any party entitled to vote on the Plan that has not provided an electronic mail address may request to receive paper copies of the Plan, the Disclosure Statement, the Order and the Solicitation and Voting Procedures from the Solicitation Agent at no cost to such party.

18. The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages; (b) receiving, tabulating and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan or as soon as practicable thereafter.

19. The Solicitation Agent is authorized and directed to create a unique E-Ballot ID for each Holder of a Gemini Lender Claim, and is further authorized to provide Gemini with reports throughout the voting period, and at least twice per week, outlining the

[AM_ACTIVE 405069415_1]

Ballot submissions and E-Ballot IDs it receives from the Holders of Gemini Lender Claims.  By no ~~less~~later than [[eight~~two~~ (8~~2~~) business ~~days]] prior to the Confirmation Hearing~~ following the Voting Deadline, Kroll will provide Gemini with a report, outlining all Ballot submissions and E-Ballot IDs it has received from Holders of Gemini Lender Claims through the Voting Deadline (the "Gemini Lender Voting Report").  Gemini is authorized and directed to distribute such E-Ballot IDs to each Gemini Lender whose Gemini Borrowing were included in the Gemini Master Claim by the Solicitation Deadline, such that each Gemini Lender may then use the E-Ballot ID to cast their vote directly on the Debtors' Gemini Lender Voting Portal to accept or reject the Plan. Such distribution shall be via email using the email address for each Gemini Lender that is in Gemini's records and shall include, with respect to each Gemini Lender, ~~[a unique E-Ballot ID for purposes of completing the Gemini Lenders' Ballot]~~ [instructions on how to obtain such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's Gemini account for purposes of completing the Gemini Lender Ballot].  Gemini is further authorized to provide the Gemini Voting Statement to Kroll by no less than [[seven (7) days]] prior to the Confirmation Hearing~~ following Gemini's receipt of the Gemini Lender Voting Report from the Solicitation Agent.  The use of an electronic signature with the submission of a Gemini Lenders' Ballot will be deemed to be immediately legally valid and effective.  Furthermore, with respect to the Gemini Lenders, the Gemini Lender Voting Portal is the only valid means of Ballot submission, and any Ballots received by the Solicitation Agent from the Gemini Lenders via other means of submission, such as email, hard copy mail, or hand delivery, will be processed as defective and excluded from the final voting results.

20.     For the avoidance of doubt, the Solicitation Agent shall be solely responsible for receiving, tabulating and reporting on Gemini Lenders' Ballots cast by the

12

Holders of Gemini Lender Claims to accept or reject the Plan, using the voting amounts provided by Gemini to the Solicitation Agent, as reflected in the Gemini Voting Statement. Except as provided for herein, Gemini shall have no duties, obligations, or other requirements in connection or related to the receiving, tabulating and reporting on Gemini Lenders' Ballots.

21.    Ballots submitted via the customized online balloting portal maintained by the Solicitation Agent on the Debtors' restructuring case website at https://restructuring.ra.kroll.com/genesis (the "Online Portal") and the separate customized online balloting portal designated for Holders of Class 4̶7 Gemini Lender Claims against GGC (the "Gemini Lender Voting Portal") shall be deemed to contain a signature.  Ballots submitted electronically via facsimile, email, or other means of electronic transmission other than through the Online Portal or Gemini Lender Voting Portal will not be counted.  Ballots, regardless of the manner of submission, will be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot.

22.    All Ballots, in order to be counted, must be properly completed, executed and delivered so as to be **actually received** by the Debtors' Solicitation Agent **no later than the Voting Deadline,** ~~August 14~~**December 8**, **2023, at 4:00 pm. (**~~ET~~**prevailing Eastern Time**).

23.    The Debtors' Solicitation Agent is authorized, but not required, to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, and neither the Debtors nor the Solicitation will incur any liability for failure to provide such notification of Ballot defects, including but not limited to, instances where Gemini Lenders submit Ballots in hard copy format.  The Debtors and/or the Solicitation Agent, as applicable, are authorized to determine all questions as to the validity, form, eligibility

13

(including time of receipt), acceptance, and revocation or withdrawal of Ballots, with such determination being final and binding.

24.     Any Ballot that is properly and timely completed and executed but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

25.     If no votes to accept or reject the Plan are received with respect to a particular Class, such Class is deemed to have voted to accept the Plan.

**IV.     Approval of the Confirmation Hearing Notice and the Publication Notice**

26.     The Confirmation Hearing Notice and the Publication Notice, substantially in the forms attached hereto as Exhibit 710 and Exhibit 1114, respectively, comply with the requirements of applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and are approved in all respects.  The Confirmation Hearing Notice shall be served upon all known Holders of Claims and the parties on the Debtors' master service list (regardless of whether such parties are entitled to vote on the Plan) starting by no later than the Solicitation Deadline.  Within ten (10) business days of the Disclosure Statement Order, or as soon as reasonably practicable thereafter, the Debtors shall publish the Publication Notice, substantially in the form attached hereto as Exhibit 1114, once in each of *New York Times* and *USA Today*.  Additionally, the Confirmation Hearing Notice shall be posted electronically on the Case Website.  The Confirmation Hearing Notice and the Publication Notice provide Holders of Claims and/or Interests and all parties in interest in the Chapter 11 Cases with sufficient notice of, among other things, the releases, exculpatory provisions, and injunctions, as set forth in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

14

[AM_ACTIVE 405069415_1]

**V.    Approval of the Notice of Filing of the Plan Supplement**

27.    The Debtors are authorized to send notice of the filing of the Plan Supplement, substantially in the form attached hereto as Exhibit ~~10~~13, on the date that the Debtors file the Plan Supplement (which will be filed and served at eight days prior to the Confirmation Objection Deadline) or as soon as practicable thereafter.

**VI.    Approval of the Forms of Notices to Non-Voting Classes**

28.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Solicitation Agent shall send a Non-Voting Package, the form of each of which is hereby approved, in lieu of Solicitation Packages, with no further notice necessary or required, to the Holders of Claims in the Non-Voting Classes, as well as Holders of Claims in Voting Classes that are subject to a pending objection by the Debtors.

29.    The Debtors are also not required to send Solicitation Packages or other solicitation materials to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.  Additionally, for purposes of serving the Solicitation Packages and Notices of Non-Voting Status, the Debtors are authorized to rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date.  The Debtors and the Solicitation Agent are not

15

required to conduct any additional research for updated addresses or undeliverable Solicitation Packages or Notices of Non-Voting Status.

**VII.    Approval of the Notices in Respect of Executory Contracts and Unexpired Leases**

30.    The Assumption Notice, substantially in the form attached hereto as Exhibit 811, and the Rejection Notice, substantially in the form attached hereto as Exhibit 912 (collectively, the "Assumption and Rejection Notices") are approved; *provided,* that up to and including the Effective Date, the Debtors may assume, assume and assign or reject an executory contract or unexpired lease in accordance with the Bankruptcy Code and applicable Bankruptcy Rules.

31.    At least ten days prior to the Confirmation Hearing, the Debtors shall serve or cause to be served, the Assumption and Rejection Notices, as applicable, on the counterparties to Executory Contracts and Unexpired Leases entitled to receive such notices pursuant to the Plan.  Service of the Plan, the Plan Supplement, and the Assumption and Rejection Notices as applicable and as set forth herein shall be deemed good and sufficient notice of, among other things, the proposed assumption, assumption and assignment or rejection of executory contracts and unexpired leases of the Debtors (including the proposed Cure Amounts related thereto and the release and satisfaction of any Claims or defaults arising under any assumed executory contract or unexpired lease at any time before the effective date of assumption or assumption and assignment upon the satisfaction thereof), the amendment of contracts in connection with assumption or assignment pursuant to Article V of the Plan, and the procedures for objecting thereto, and no other or further notice is necessary.

[AM_ACTIVE 405069415_1]

32.     Any counterparty to an Executory Contract or Unexpired Lease that disputes (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment of Assigned Contracts, or (iv) any Cure Amount relating to any executory contracts or unexpired leases to be assumed or assumed and assigned under the Plan as identified must file an objection (each, a "<u>Treatment Objection</u>") by the Confirmation Objection Deadline in order for such objection to be considered.   Each Treatment Objection must:

     a.     be in writing;

     b.     comply with the Bankruptcy Rules and the Bankruptcy Local Rules;

     c.     state the name of the objecting party;

     d.     state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and

     e.     be filed and served on the Objection Notice Parties such that the Treatment Objection is actually received no later than the Confirmation Objection Deadline.

33.     The Debtors are authorized to file replies to any timely-filed Treatment  Objections at any time prior to the Confirmation Hearing and to meet and confer in good faith to attempt to resolve any such objection.  The Debtors are authorized to settle any Treatment Objection without further notice to any party or any action, order or approval of this Court.

34.     Any unresolved Treatment Objections shall be heard at the Confirmation Hearing or, at the election of the Debtors, at a later hearing, provided, however, that at any time following the Confirmation Hearing but prior to the Effective

[AM_ACTIVE 405069415_1]

Date, the Debtors may settle any dispute regarding the assumption of any Executory Contract or Unexpired Lease and/or the amount of any Cure Cost without any further notice to any party or any action, order or approval of the Court.

35. The Debtors are authorized, but not directed, to alter, amend, modify or supplement the exhibit to the Plan Supplement detailing the Assumed Contracts, and to assume, assume and assign or reject executory contracts and unexpired leases at any time prior to the Effective Date or, with respect to any executory contract or unexpired lease subject to a Treatment Objection that is resolved after the Effective Date, within thirty (30) days following entry of a Final Order of the Bankruptcy Court resolving such Treatment Objection.

## VIII.    Approval of the Solicitation and Voting Procedures

36. The Debtors are authorized to solicit, receive and tabulate votes to accept or reject the Plan in accordance with the Solicitation and Voting Procedures attached hereto as <u>Exhibit 1</u>.  The procedures set forth herein, in the Solicitation and Voting Procedures set forth in <u>Exhibit 1</u>, and in materials for soliciting votes approved hereby, including, without limitation, the proposed procedures for the temporary disallowance of Claims for the purpose of voting to accept or reject the Plan, and the establishment of the Voting Record Date, provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code, Bankruptcy Code Rule 3018 and the Local Rules, and are hereby approved in their entirety.

37. Solely for voting purposes, and not for the purpose of the allowance of, or distribution on account of, a Claim, the Debtors are authorized, for each Claim within a Voting Class, to temporarily allow such Claim in an amount equal to the amount of such

[AM_ACTIVE 405069415_1]

Claim as set forth in a timely filed Proof of Claim, or, if no Proof of Claim was filed, the amount of such Claim as set forth in the Schedules, subject to the following exceptions:

a.   If a Claim is deemed Allowed, pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

b.   If a Claim, for which a Proof of Claim has been timely filed, is marked as contingent, unliquidated, or disputed, such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (fg) below:

c.   If a Claim, for which a Proof of Claim has been timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (fg) below;

d.   Each Gemini Lender Claim set forth in the Gemini Master Claim shall be temporarily allowed for voting purposes in the amount set forth in the Gemini Voting Statement based on the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

e.   d. If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of this Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by Court order;

f.   e. If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was (i) not filed by the applicable bar date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

g.   f. If the Debtors serve an objection to, or request for estimation of, a Claim at least 205 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and

[AM_ACTIVE 405069415_1]

in the manner as may be set forth in the objection or request for estimation;

h.   ~~g.~~ If the Debtors serve an objection to a Claim at least ~~20~~5 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

i.   ~~h.~~ For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, the Claims filed by such entity shall be aggregated in each applicable Class, and the total amount of such Class shall be the sum of the aggregated Claims or of such entity in each applicable Class;

j.   ~~i.~~ If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received by Kroll will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

k.   ~~j.~~ If a Claim is filed in a currency other than U.S. Dollars (other than cryptocurrency) and is not allowed in a sum certain under the Plan, the Debtors will convert such Claim to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

## IX.   Approval of the Plan Objection Procedures

38.   The procedures set forth in the Motion regarding the filing of objections or responses to the Plan provide due, proper and adequate notice, comport with due process, comply with Bankruptcy Rules 2002, 3017 and 3020 and Local Rule 3020-1, and are hereby approved.

Objections and responses, if any, to confirmation of the Plan must (a) be in writing, (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules, (d)

[AM_ACTIVE 405069415_1]

state, with particularity, the legal and factual bases for the objection and, if practicable, a

proposed modification to the Plan (or related materials) that would resolve such objection,

(e) be filed with the Court (i) by attorneys practicing in the Bankruptcy Court, including

attorneys admitted pro hac vice, electronically in accordance with General Order M-399

(which can be found at http://www.nysb.uscourts.gov), and (ii) by all other parties in

interest (with a hard copy delivered directly to Chambers), in accordance with the

customary practices of the Bankruptcy Court, and (f) be served in accordance with the

*Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the

"Case Management Order") on (i) the Chambers of the Honorable Judge Sean H. Lane., United

States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White

Plains, New York 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP,

One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal Esq., Luke A. Barefoot,

Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S.

Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House,

One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to

the Official Committee of Unsecured Creditors, counsel to the Committee, White & Case LLP,

~~111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and~~

1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J.

Christopher Shore, Esq.; and (v) any parties that have appeared and requested notice pursuant to

the Bankruptcy Rules so as to be **actually received** on or before ~~August 17~~December 22, **2023,**

**at 4:00 p.m.**, prevailing Eastern Time.  Objections to confirmation of the Plan that are not

timely filed, served and actually received in the manner set forth above and in the

[AM_ACTIVE 405069415_1]

Confirmation Hearing Notice shall not be considered unless otherwise agreed by the Debtors or determined by the Court.

39.    The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Plan either separately or by a single, consolidated reply on or before ~~August 21~~January 5, ~~2023~~2024, at ~~4:00 p.m~~12:00 p.m. **ET** (the "Confirmation Reply Deadline"). In addition, any party in interest may file and serve a statement in support of confirmation of the Plan and/or a reply or an omnibus reply to any objections to confirmation of the Plan by the Confirmation Reply Deadline.

**X.    Discovery and Confirmation Protocols**

40.    The Non-Debtor Discovery Parties are hereby authorized to serve confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking documents from the Debtors, other parties in interest, and any third parties. For the avoidance of doubt, no further motion practice is required prior to serving confirmation-related discovery under these discovery and confirmation protocols (the "Confirmation Protocols").

41.    The *Stipulation and Confidentiality Agreement and Protective Order* [ECF No. 238] (as may be amended from time to time, the "Protective Order") shall govern all discovery in connection with the confirmation of the Plan and the Confirmation Hearing.

42.    To the extent that the Non-Debtor Discovery Parties serve discovery seeking documents that were already produced, whether formally or informally, in response to other requests in these chapter 11 cases, the Producing Party (defined below) may refer to those prior productions to satisfy the Non-Debtor Discovery Parties' requests.

43.    In the event of a dispute with respect to one or more discovery requests, counsel for the producing party (the "Producing Party") and for the requesting party (the

[AM_ACTIVE 405069415_1]

"Requesting Party") shall promptly meet and confer in good faith to attempt to resolve the dispute. If, notwithstanding their good faith efforts to do so, such parties are unable to resolve such discovery dispute at any time after they have met and conferred, either the party may promptly seek a telephonic discovery conference from the Court. If requested by the Court following the telephonic conference, the parties may email a letter, no longer than two single spaced pages in length (excluding exhibits), of the nature of the dispute. Any response, may be submitted by emailed letter, no longer than two single spaced pages in length (excluding exhibits), within two business days. Parties shall simultaneously send a copy of any such letters to Debtors' and Committee's counsel (if Debtors or the Committee are not the Producing Party or Requesting Party) (the "Discovery Dispute Resolution").

44.    Unless otherwise ordered by the Court, no Requesting Party shall serve requests for admission, the Committee may serve up to 15 interrogatories, and all other parties may serve up to 3 interrogatories in connection with the confirmation proceedings. The Debtors may serve the same amount of interrogatories on any Requesting Party that are served on them by that Requesting Party subject, for the avoidance of doubt, to the parties' respective rights under Federal Rule of Civil Procedure 26(c) and the dispute resolution provisions of these Confirmation Protocols.

45.    Absent obtaining leave from this Court under Rule 30(a)(2) or 30(d)(1) of the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure 7030 and 9014, or upon mutual written agreement with the party sought to be deposed, a party may not take a deposition that would result in: (a) more than 5 days of fact witness depositions taken in total by the Committee or other Non-Debtor Discovery Parties; (b) a witness being deposed more than once in his or her individual capacity; and/or (c) a witness

23

being deposed for more than seven hours in his or her individual capacity.  For clarity, the total of 5 days of fact witness depositions includes 30(b)(6) depositions, and each deposition day is limited to seven hours pursuant to Federal Rule of Civil Procedure 30(d)(1) (if a deposition is less than seven hours, that shall still count as one deposition day unless otherwise agreed).

46.    Any party seeking to take a deposition of a Debtor witness should attempt in good faith to coordinate the date for the deposition with the Debtors, the Committee, and other parties that may wish to depose the same witness, as well as how to divide up the deposition time. To that end, within two business days of receipt of a notice or subpoena (or by a different date if agreed by the requesting party) to take the deposition of a witness affiliated with or controlled by the Debtors, the Debtors shall identify to the Requesting Party all other parties (if any) that have advised the Debtors they intend to depose the same witness and with which the Debtors believe the Requesting Party should meet and confer concerning timing for the noticed deposition ("Participating Party" or "Participating Parties").  The Requesting Party shall seek in good faith to meet and confer with any such Participating Parties within three days of the Debtors' receipt of the corresponding deposition notice or subpoena to discuss the date for the deposition and how to divide up the deposition time amongst the parties who seek to examine the witness.

a.    If a Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Debtors that the Requesting Party and the Participating Parties have agreed, upon consultation with the Debtors regarding availability, on a date for the deposition, the Debtors must produce the deponent(s) on that date, or on another date that the Debtors may propose and that any Requesting Party or Participating Party advises the Debtors in writing is acceptable to all Participating Parties and the Requesting Party (the "Agreed Date"), for a period of one day of 7 hours, subject to the deposing parties' rights pursuant to Federal Rule of Civil Procedure 30(d)(1); *provided*, *however*, that the Debtors are not obligated to produce the deponent(s) on the date for the deposition identified by the Requesting Party or Participating Party if the Debtors first obtain relief from their obligation through a telephonic discovery conference

24

with the Court.  For the avoidance of doubt, unless the Debtors' first obtain relief from the Court or the consent of the Requesting Party and Participating Parties as described above, they must make the noticed witness available on the Agreed Date;

b.    If the Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Debtors that the Requesting Party and the Participating Parties have not, despite good faith efforts, agreed among themselves on a date for the deposition or on how to divide up the deposition time, then the Requesting Party or any Participating Party may seek a teleconference with the Court to establish a date for the deposition or to seek guidance on how the deposition time shall be divided amongst the parties seeking to examine the witness;

c.    The Debtors strongly encourage the Requesting Party and Participating Parties to resolve any disputes over how to allocate deposition time in advance of the deposition, so that everyone has clarity about the length and sequence of the deposition, and it may proceed in an orderly and efficient manner.  A Requesting Party may elect to proceed forward with a deposition without an agreement with the Participating Parties on how the deposition shall be allocated, however. In that event, if not all of the deposing parties have concluded their examinations within the 7 hour time limit, then the Debtors may choose either (i) to end the deposition after 7 hours, and no party may seek to depose the witness further without seeking Court relief; or (ii) to allow the witness to continue to be examined longer than 7 hours, but to count the deposition (in the Debtors' discretion) as more than one deposition day under Paragraph 45 of this Order.  For clarity, pursuant to Paragraph 45, any deposition lasting between 1 and 7 hours shall count as one deposition day, any deposition lasting between 7 and 14 hours may count as two deposition days (in the Debtors' discretion), and any deposition lasting between 14 and 21 hours may count as three deposition days (in the Debtors' discretion), provided, however, that any party reserves its right to seek Court relief that a deposition that lasts longer than 7 hours should count as a single deposition under Paragraph 45.  The Debtors will be reasonable in exercising their discretion under this provision—if, for example, the examining parties need only slightly longer than 7 hours to finish the deposition, the Debtors do not intend to count that as two deposition days;

d.    Deposition notices shall not include any document requests.  The rights of any person or party noticed for a deposition are reserved with respect to objecting to any such depositions, including the number of depositions, and any such person or party may seek relief from the Court pursuant to the Discovery Dispute Resolution (as set forth in Paragraph 43 of this Order) procedures with respect to any deposition notice or subpoena, including, for the avoidance of doubt, by seeking to quash, limit, terminate, or adjourn any deposition notice or subpoena; and

[AM_ACTIVE 405069415_1]

e.    As to any deposition notice or subpoena, the Requesting Party and the Debtors may alter the procedures and deadline provided in this Paragraph 46 by mutual consent.

47.    Each Requesting Party shall (i) produce or make available to the other Non-Debtor Discovery Parties any materials obtained by such Requesting Party obtained from third parties or (ii) identify any basis for withholding such documents from other Non-Debtor Discovery Parties, in each case within two (2) business days of receiving such materials from a third party.

48.    Each Requesting Party or Producing Party (if not the Debtors) shall produce or make available to Debtors' counsel and counsel to the Committee any materials produced by or requested by the applicable Requesting Party or Producing Party (if not the Debtors) from a reasonable period of time from the date on which such production or request is made.

49.    If any Producing Party intends on withholding or redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in response to confirmation-related discovery, the Producing Party and Requesting Party shall meet and confer on the scope and format of corresponding privilege logs, consistent with the Protective Order in these Chapter 11 Cases.  To the extent such materials were previously withheld or redacted on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in connection with production in in other pre-petition civil litigations, or in these Chapter 11 Cases, such prior determinations (as reflected in designations on the materials themselves or in the relevant privilege log(s)) the document need not be re-logged, so long as the document shall be subject to the challenge provisions in the Protective Order in these chapter 11 cases.  A Producing Party shall provide its initial privilege

26

[AM_ACTIVE 405069415_1]

log(s) within two weeks after it substantially completes production of documents in response to document requests.

50.     Any expert retained or specially employed to provide expert testimony in connection with the Plan confirmation proceedings shall submit an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026), and, on or before the deadline provided by this Order, shall produce the expert materials required to be disclosed by Federal Rule of Civil Procedure 26 (made applicable by Bankruptcy Rule 7026).  No drafts of any part of any report or declaration of any expert will be subject to production or other disclosure.  This protection is in addition to, and does not limit or replace, the protections of Federal Rule of Civil Procedure 26(b)(4)(B) (applicable here under Bankruptcy Rule 7026).

## XI.   X. Amendments and General Provisions

51.     40.   The Debtors are authorized to make non-substantive modifications to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Notices of Non-Voting Status, the Ballots, the Publication Notice, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption and Rejection Notices, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

52.     41. Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

27

53.   42.  All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

54.   43.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

55.   44.  This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
          White Plains, New York

_____
HONORABLE SEAN H. LANE.
UNITED STATES BANKRUPTCY JUDGE

[AM_ACTIVE 405069415_1]

**<u>Exhibit 1</u>**
Solicitation and Voting Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## SOLICITATION AND VOTING PROCEDURES

On [•], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No. [•]] (the "Order"), *inter alia*, (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Debtors' Amended Joint Chapter 11 Plan* [ECF No. [●]]  (as the same may be amended, altered, modified, revised, or supplemented from time to time, the "Plan"); (b) approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

### A.    The Voting Record Date

The Court has approved **[[●]]** as the record date for purposes of determining which (i) Holders[2] of Fiat-or-Stablecoin-Denominated Unsecured Claims against Holdco, GGC and GAP in Class 3, (ii) Holders of BTC-Denominated Unsecured Claims against Holdco, GGC and GAP in Class 4, (iii) Holders of ETH-Denominated Unsecured Claims against Holdco, GGC and GAP in Class 5, (iv) Holders of Alt-Coin-Denominated Unsecured Claims against Holdco, GGC and GAP in Class 6, and (v) Holders of Gemini Lender Claims against GGC in Class 7 are entitled to vote on the Plan (the "Voting Record Date").

### B.    The Voting Deadline

The Court has approved **[[●]], at 4:00 p.m. ET** as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219) ("Holdco"); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Terms not defined herein have the meaning ascribed to them in the Disclosure Statement Order or Plan, as applicable.

1

To be counted as votes to accept or reject the Plan, votes must be submitted on an appropriate ballot (each, a "Ballot") and delivered so that the Ballot is **actually received** no later than the Voting Deadline (as may be extended from time to time) by Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent"). The procedures governing the submission of your vote depend on the class of your voting Claim. Therefore, please refer to your specific Ballot for voting procedures to follow in order to submit your vote properly.

### C.    Form, Content and Manner of Notices

#### 1.    Solicitation Packages

The following materials shall constitute the solicitation materials (the "Solicitation Packages"):

    i.    With respect to the Holders of Claims in Voting Classes:

        a.    the Confirmation Hearing Notice;

        b.    the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached thereto as Exhibit 1);

        c.    the Disclosure Statement (and exhibits thereto, including the Plan);

        d.    the applicable Ballot or Gemini Lenders' Ballot, together with detailed voting instructions; and

        e.    such other materials as the Court may direct.

    ii.    With respect to Holders of Claims in the Non-Voting Classes and Holders of Disputed Claims in the Voting Classes (the "Non-Voting Status Notice Package"):

        a.    the Confirmation Hearing Notice; and

        b.    the applicable Notice of Non-Voting Status in substantially the form attached to the Disclosure Statement Order as Exhibits [[●]];

    iii.    With respect to the U.S. Trustee, a copy of each document contained in each version of the Solicitation Packages, which may include non-customized Ballots and a non-customized Notice of Non-Voting Status.

2.      **Distribution of Solicitation Packages**

Subject to the terms of the Disclosure Statement Order, the Solicitation Packages shall consist of electronic copies of the Disclosure Statement (with all exhibits thereto, including the Plan) and the Disclosure Statement Order (without exhibits except the Solicitation and Voting Procedures attached thereto as Exhibit 1), provided that the applicable Ballot (which will contain detailed voting instructions and instructions detailing how to access electronic versions, or request hard copies of, the documents within the Solicitation Packages and, if applicable, be accompanied by a postage prepaid, pre-addressed return envelope) and the Confirmation Hearing Notice will also be provided in paper form at the Debtors' expense, unless not practicable; provided further that the Solicitation Agent is authorized to accept Ballots  through a customized online balloting portal maintained by the Solicitation Agent on the Debtors' restructuring case website (the "Online Portal").  The Solicitation Agent is also authorized to accept Ballots through a separate, customized online balloting portal on the Debtors' Case Website designated for Holders of Class 7 Gemini Lender Claims against GGC (the "Gemini Lender Voting Portal").

The Solicitation Agent will prepare a customized Ballot for each Holder of a Claim in a Voting Class (not including the Holders of Class 7 Gemini Lender Claims against GGC) to populate a Claim amount for voting purposes on their Ballot as reflected on the official Claims Register maintained by the Solicitation Agent, and, subject to the terms of the Disclosure Statement Order and these Solicitation and Voting Procedures, will tabulate such Ballots in accordance with its standard voting and tabulation practices.

Holders of Claims that are filed as wholly disputed, contingent, or unliquidated shall receive a Ballot in an amount of $1.00 which shall include a clear statement that such Holder is entitled to vote on the confirmation of the Plan in an amount of $1.00 and which shall also identify the deadline and process for such Holder to seek relief under Bankruptcy Rule 3018 to temporarily allow such Holder's Claim in another amount for purposes of voting on the Plan. Holders of Voting Disputed Claims (as defined herein) shall receive a Ballot as set forth in these Solicitation and Voting Procedures which shall include a clear statement that the recipient Holder is entitled to vote to accept or reject the Plan on account of the portion of its Claim that is entitled to be voted under these procedures and shall identify the deadline and process for such Holder to seek relief under Bankruptcy Rule 3018 to temporarily allow such Holder's Claim in an amount other than as provided in its corresponding Ballot for purposes of voting on the Plan.

Any party that receives the solicitation materials in electronic format but would prefer paper format(to be provided at the Debtors' expense) may contact the Solicitation Agent by: (a) visiting the Debtors' restructuring case website at http://restructuring.ra.kroll.com/genesis; (b) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll); and/or (c) emailing the Debtors' Solicitation Agent at genesisinfo@ra.kroll.com (with "Genesis Solicitation" in the subject line).

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Packages (excluding the customized Ballots and customized Notice of Non-Voting Status) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date.  In addition, the Debtors shall send the Solicitation Package to all Holders of Claims in the Voting Classes (excluding Holders of

Gemini Lender Claims against GGC) no later than three (3) business days after the Disclosure Statement Order is entered on the Bankruptcy Court's docket, or as soon as reasonably practicable thereafter (the "Solicitation Deadline").

Gemini, as agent to the Gemini Lenders, shall distribute the Solicitation Package, including the Gemini Lenders' Ballot, by email to each Gemini Lender eligible to vote as Holder of a Claim in Class 7 against GGC as of the Voting Record Date, using the email address for such Gemini Lender in Gemini's records, by the Solicitation Deadline or as soon as reasonably practicable thereafter. The Solicitation Agent has worked with Gemini to create a unique electronic ballot identification number ("E-Ballot ID(s)") for each Holder of Gemini Lender Claims. Gemini, by email, will disseminate instructions on how to obtain such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's Gemini account using the email address for such Holder of the Gemini Lender Claim in Gemini's records, who may then use the E-Ballot ID to cast their vote directly on the Debtors' Gemini Lender Voting Portal to accept or reject the Plan. For the avoidance of doubt, Kroll shall be solely responsible for tabulating votes cast by the Holders of the Gemini Lender Claims based on the voting amounts provided by Gemini. Furthermore, with respect to the Gemini Lenders, the Gemini Lender Voting Portal is the only valid means of Ballot submission, and any Ballots received by the Solicitation Agent from the Gemini Lenders via other means of submission, such as email, hard copy mail, or hand delivery, will be processed as defective and excluded from the final voting results.

To avoid duplication and reduce expenses, the Debtors will use reasonable efforts to ensure that any holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one vote on account of such Claim and with respect to that Class as against that Debtor. Whether two or more Claims are duplicative will be left to the sole discretion of the Debtors and their professionals, and the Solicitation Agent is authorized to take instruction from the Debtors and their professionals to mark all except the latest filed among such Claims as duplicative (and therefore not entitled to vote) irrespective of whether an objection has been filed identifying such Claims as duplicative. The Solicitation Agent shall identify any Ballots treated as duplicative for the purposes of solicitation, in accordance with the instruction from the Debtors and their professionals, in the Voting Report (as defined herein). Additionally, for purposes of serving the Solicitation Packages (except with respect to the Gemini Lenders), the Debtors may rely on the address information for Voting and Non-Voting Classes as compiled, updated and maintained by the Solicitation Agent as of the Voting Record Date. The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including Ballots).

### 3.    Non-Voting Status Notices

Certain holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as Exhibit [[●]] to the Disclosure Statement Order (the "Unimpaired Notice of Non-Voting Status"). Such notice will instruct such holders as to how they may obtain copies of the documents contained in the Solicitation Package

(excluding the Ballots). Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan, substantially in the form annexed as Exhibit [[●]] to the Disclosure Statement Order (the "Impaired Notice of Non-Voting Status"). Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots). Holders of Claims in the Voting Classes that are subject to a pending objection and who are not entitled to vote such Claim will receive a *Notice of Non-Voting Status with Respect to Disputed Claims* (the "Disputed Notice of Non-Voting Status", substantially in the form annexed as Exhibit [[●]] to the Disclosure Statement Order, and, together with the Unimpaired Notice of Non-Voting Status and the Impaired Notice of Non-Voting Status, the "Notices of Non-Voting Status"). Such notices will, among other things, instruct such Holders as to how they may obtain copies of the documents contained in the Solicitation Packages (excluding the Ballots). Each party that receives a Notice of Non-Voting Status will also receive a Confirmation Hearing Notice. Such documents will also be provided in paper form unless not practicable.

## 4. Notices in Respect of Executory Contracts and Unexpired Leases

Counterparties to Executory Contracts and Unexpired Leases that are Assumed or Rejected pursuant to the Plan, including those entitled to receive a specific *Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, If Any, and (C) Related Procedures in Connection Therewith* (the "Assumption Notice") or a *Notice Regarding Executory Contracts and Unexpired Leases to Be Rejected Pursuant to the Plan* (the "Rejection Notice") substantially in the forms attached as Exhibit [[●]] and Exhibit [[●]] to the Disclosure Statement Order, respectively, may file an objection to the Debtors' proposed assumption and/or rejection, as applicable, and cure amounts, if applicable. Such objections must be filed with the Court by **[[●]], 2023 at 4:00 P.M. prevailing Eastern Time** or otherwise by a later date specified in the Plan and served on the Notice Parties in accordance with the Case Management Order. Notwithstanding the foregoing, the Debtors are permitted to also utilize any assumption or rejection procedures approved by the Court to reject, assume or assume and assign (as applicable) any Executory Contract or Unexpired Lease up to and including the Effective Date. In each case and for the avoidance of doubt, a holder will only be entitled to receive the Solicitation Packages on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date.

## D. Establishing Claim Amounts for Voting Purposes and Allowance and Disallowance of Claims for Tabulation Purposes

A claimant who holds a Claim in a Voting Class is nonetheless not entitled to vote to the extent that:

        i.    such claimant's Claim has been disallowed, expunged, superseded, designated or otherwise disqualified by the Court;

ii.      such claimant's Claim is listed on the Schedules filed by the Debtors as "disputed," "contingent," or "unliquidated" and such claimant did not timely file a Proof of Claim with respect to such Claim;

iii.      such claimant's Impaired Claim against a Debtor arises from a guarantee or other co-liability of another Debtor, to the extent the claimant's corresponding Claim against the other Debtor is Unimpaired;

iv.      such claimant's Claim was filed for $0.00; or

v.      such claimant's Claim is subject to an objection, subject to the procedures set forth below.

Solely for the purpose of voting to accept or reject the Plan, and not for purposes of the allowance of, or distribution on account of, a Claim, each Claim within a Voting Class is to be temporarily allowed in an amount equal to the liquidated, noncontingent, and undisputed amount of such Claim set forth in a timely filed Proof of Claim,[3] or if no Proof of Claim was filed, the amount of such Claim as set forth in the Schedules,[4] subject to the following exceptions:

i.      If a Claim is deemed Allowed pursuant to the Plan or an order entered by the Court, such Claim shall be allowed for voting purposes in the deemed Allowed amount set forth in the Plan or such order;

ii.      If a Claim, for which a Proof of Claim has been timely filed, is marked as contingent, unliquidated, or disputed, such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (viii) below:

iii.      If a Claim, for which a Proof of Claim has been timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (viii) below;

iv.      Each Gemini Lender Claim set forth in the Gemini Master Claim shall be temporarily allowed for voting purposes in the amount set forth in the Gemini Voting Statement based on the equivalent U.S.

---

[3]      "Proof of Claim" means a proof of claim filed by a Holder of a Claim in accordance with the Bar Date Order.

[4]      "Schedules" means the schedules of assets and liabilities, statements of financial affairs, lists of Holders of Claims and Interests and all amendments or supplements thereto filed by the Debtors with the Bankruptcy Court to the extent such filing is not waived pursuant to an order of the Bankruptcy Court.

dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

v.      If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of this Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by Court order;

vi.     If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was (i) not filed by the applicable bar date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

vii.    If the Debtors serve an objection to, or request for estimation of, a Claim at least 5 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

viii.   If the Debtors serve an objection to a Claim at least 5 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

ix.     For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, the Claims filed by such entity shall be aggregated in each applicable Class, and the total amount of such Class shall be the sum of the aggregated Claims or of such entity in each applicable Class;

x.      If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received by Kroll will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

xi.     If a Claim is filed in a currency other than U.S. Dollars (other than cryptocurrency) and is not allowed in a sum certain under the Plan, the Debtors will convert such Claim to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date; and

xii.    The Debtors shall not be required to send the Solicitation Packages to creditors whose Claims (a) are based solely on amounts scheduled by the Debtors that have already been paid in the full scheduled amount or (b) have been scheduled in a wholly unliquidated, contingent, or disputed amount and with respect to which such creditor did not timely file a Proof of Claim; provided, that, the Debtors shall send the applicable Solicitation Packages to Holders of Voting Disputed Claims, as provided for herein.

**E.      Return of Ballots**

i.      Votes to accept or reject the Plan will be counted only if such votes are included on a valid Ballot properly executed, completed, and delivered to the Solicitation Agent so that such Ballot is **actually received** by the Solicitation Agent no later than the Voting Deadline or as otherwise provided by an order of the Court;

ii.     In addition to accepting hard copy Ballots via first-class mail, overnight courier, or hand delivery, the Solicitation Agent will accept Ballots submitted via at the Online Portal and Gemini Lender Voting Portal, as applicable, maintained by the Solicitation Agent on the Debtors' Case Website (https://restructuring.ra.kroll.com/genesis)[5]

**F.      Tabulation Procedures**

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

i.      Except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted to the Solicitation Agent so that it is actually received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended in the discretion of the Debtors), the Debtors

---

[5]     The encrypted Ballot data and audit trail created by such online submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed immediately legally valid and effective.

shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

ii.     The Solicitation Agent will date-stamp all Ballots when received. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan and thereafter may discard such original Ballots, unless otherwise ordered by the Court or requested by the Debtors. The Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

iii.    Consistent with the requirements of Local Rule 3018-1, the Debtors will file with the Court, on or before **[[●]], 2023** or as soon as practicable thereafter, a certification of votes (the "Voting Report"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of Allowed Claims of each Class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail, or damaged ("Irregular Ballots"). The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot. The Voting Report shall be served upon the Committee and the U.S. Trustee. The Debtors will also provide to the Committee, on a confidential basis, any additional voting data or reports prepared by the Solicitation Agent in connection with solicitation and the certification of votes which are provided to the Debtors in connection with the Solicitation Agent's solicitation or certification process, and without waiver of the Creditors' Committee's right to seek discovery of further information from the Solicitation Agent, or any basis for opposition to any such further discovery request;[6]

iv.     The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot;

v.      Delivery of a Ballot to the Solicitation Agent by facsimile, or any electronic means other than as an E-Ballot via the Online Portal or Gemini Lender Voting Portal as otherwise expressly provided in

---

[6]     For the avoidance of doubt, the Voting Report shall include, *inter alia*, (i) any Claims that were treated as Duplicate Claims for purposes of solicitation and tabulation, and (ii) any Claims for which the Solicitation Agent received multiple or partial Ballots with respect to the same scheduled or filed Claim.

the Disclosure Statement Order or these Solicitation and Voting Procedures;

vi.     No Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), the Debtors' financial or legal advisors, or the Court, and if so sent, and not otherwise properly and timely delivered to the Solicitation Agent, will not be counted;

vii.    If multiple Ballots are received from the same holder with respect to the same Claim prior to the Voting Deadline, the last properly executed, valid Ballot timely received by the Solicitation Agent will be deemed to reflect that holder's intent and will supersede and revoke any prior Ballot;

viii.   Holders must vote the entirety of each of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder(s) within a Class for the purpose of counting votes; provided that, the Committee's and the Debtors' rights and objections are reserved with respect to the aggregation of votes for tabulation purposes;

ix.     If a Holder holds Claims in multiple Classes and votes to accept the Plan in one class and rejects the Plan in another class, such Holder shall be deemed a Releasing Party (as defined in the Plan), as though such Holder voted to accept the Plan in all Classes in which the Holder is eligible to vote;

x.      Any person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a holder of Claims must indicate such capacity when signing;

xi.     The Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

xii.    Neither the Debtors, the Solicitation Agent, nor any other Entity, will be under any duty to provide notification to any party of defects or irregularities with respect to delivered Ballots other than as otherwise set forth herein and as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

xiii.   Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

xiv.   In the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

xv.   Subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

xvi.   Neither the Debtors, the Debtors' professionals, nor the Solicitation Agent shall be obligated to coordinate with voters to cure any Irregular Ballots;

xvii.   If a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Court, stipulation or settlement, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution under the Plan;

xviii.   If an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

xix.   The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (iv) any unsigned Ballot or Ballot lacking a signature (for the avoidance of doubt, a Ballot cast via the Online Portal or Gemini Lender Voting Portal will be deemed to contain a signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (vi) any Ballot for a Class 7 Gemini Lender Claim against GGC not submitted via the Gemini Lender Voting Portal; and (vii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein except to the extent otherwise provided by an order of the Court;

11

xx.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors; and

xxi.    The Debtors are authorized to enter into a stipulation with the holder of any Claim agreeing to the amount of a Claim for voting purposes subject to the other provisions of these procedures set forth herein.

**G.    Gemini Lenders' Ballot Solicitation, Voting and Tabulation Procedures**

In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to Holders of Gemini Lender Claims against GGC in Class 7:

i.      the Solicitation Agent shall create and distribute to Gemini unique electronic ballot identification numbers ("E-Ballot IDs") for each Holder of Gemini Lender Claims.

ii.     By the Solicitation Deadline, Gemini shall distribute the Solicitation Package, including the Ballot for Gemini Lender Claims against GGC (the "**Gemini Lenders' Ballot**") and respective E-Ballot ID to each Gemini Lender whose Gemini Borrowings were included in the Gemini Master Claim. Such distribution shall be via email using the email address for each Gemini Lender that is in Gemini's records and shall include, with respect to each Gemini Lender, instructions on how to obtain such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's Gemini account for purposes of completing the Gemini Lenders' Ballot;

iii.    Each and all Holders of Gemini Lender Claims shall be responsible for casting their vote to accept or reject the Plan directly using the Debtors' Gemini Lender Voting Portal as detailed in the Gemini Lenders' Ballot instructions by the Voting Deadline;

iv.     Throughout the voting period, Kroll will provide Gemini with reports, at least twice per week, outlining the Ballot submissions and E-Ballot IDs it receives from the Holders of Gemini Lender Claims. By no later than three (3) days following the Voting Deadline, Kroll will provide Gemini with a voting report, outlining all Ballot submissions and E-Ballot IDs it has received from Holders of Gemini Lender Claims through the Voting Deadline (the "Gemini Lender Voting Report");

v.      Gemini shall provide Kroll with the Gemini Voting Statement in excel format by no less than seven (7) days following Gemini's receipt from Kroll of the Gemini Lender Voting Report; and

vi.      Kroll, in its capacity as solicitation agent, shall be solely responsible for tabulating and reporting on Gemini Lenders' Ballots cast by the Holders of Gemini Lender Claims and will utilize the voting amounts provided by Gemini in the Gemini Voting Statement for tabulation purposes.

**H.**    **Amendments to the Plan and Solicitation and Voting Procedures**

The Debtors reserve the right to make non-substantive modifications to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Notices of Non-Voting Status, the Ballots, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption and Rejection Notices, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

Dated:  [[X]]
        New York, New York

*/s/ DRAFT*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**<u>Exhibit 1-A</u>**
Blackline of Solicitation and Voting Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## SOLICITATION AND VOTING PROCEDURES

On [•], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No. [•]] (the "Order"), *inter alia*, (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Debtors' Amended Joint Chapter 11 Plan* [ECF No. 427[•]]  (as the same may be amended, altered, modified, revised, or supplemented from time to time, the "Plan"); (b) approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "Solicitation Packages"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

### A.   The Voting Record Date

The Court has approved July 5, 2023[[•]] as the record date for purposes of determining which (i) Holders[2] of GeneralFiat-or-Stablecoin-Denominated Unsecured Claims against Holdco, GGC and GAP in Class 3, (ii) Holders of OtherBTC-Denominated Unsecured Claims against Holdco, GGC and GAP in Class 3, and4, (iii) Holders of ETH-Denominated Unsecured Claims against Holdco, GGC and GAP in Class 5, (iv) Holders of Alt-Coin-Denominated Unsecured Claims against Holdco, GGC and GAP in Class 6, and (v) Holders of Gemini Lender Claims against GGC in Class 37 are entitled to vote on the Plan (the "Voting Record Date").

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219) ("Holdco"); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Terms not defined herein have the meaning ascribed to them in the Disclosure Statement Order or Plan, as applicable.

**B.      The Voting Deadline**

The Court has approved ~~August 14, 2023~~[[●]], **at 4:00 p.m. ET** as the voting deadline (the "Voting Deadline") for the Plan. The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court.

To be counted as votes to accept or reject the Plan, votes must be submitted on an appropriate ballot (each, a "Ballot") and delivered so that the Ballot is **actually received** no later than the Voting Deadline (as may be extended from time to time) by Kroll Restructuring Administration LLC ("Kroll" or the "Solicitation Agent").  The procedures governing the submission of your vote depend on the class of your voting Claim.  Therefore, please refer to your specific Ballot for voting procedures to follow in order to submit your vote properly.

**C.      Form, Content and Manner of Notices**

**1.      Solicitation Packages**

The following materials shall constitute the solicitation materials (the "Solicitation Packages"):

   i.  With respect to the Holders of Claims in Voting Classes:

     a.  the Confirmation Hearing Notice;

     b.  the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached thereto as Exhibit 1);

     c.  the Disclosure Statement (and exhibits thereto, including the Plan);

     d.  the applicable Ballot or Gemini Lenders' Ballot, together with detailed voting instructions ~~and, if applicable, a pre-addressed, postage pre-paid return envelope~~; and

     e.  such other materials as the Court may direct.

   ii.  With respect to Holders of Claims in the Non-Voting Classes and Holders of Disputed Claims in the Voting Classes (the "Non-Voting Status Notice Package"):

     a.  the Confirmation Hearing Notice; and

     b.  the applicable Notice of Non-Voting Status in substantially the form attached to the Disclosure Statement Order as Exhibits ~~6 and 7~~[[●]];

      iii.     With respect to the U.S. Trustee, a copy of each document contained in each version of the Solicitation Packages, which may include non-customized Ballots and a non-customized Notice of Non-Voting Status.

     **2.**     **Distribution of Solicitation Packages**

Subject to the terms of the Disclosure Statement Order, the Solicitation Packages shall consist of electronic copies of the Disclosure Statement (with all exhibits thereto, including the Plan) and the Disclosure Statement Order (without exhibits except the Solicitation and Voting Procedures attached thereto as Exhibit 1), provided that the applicable Ballot (which will contain detailed voting instructions and instructions detailing how to access electronic versions, or request hard copies of, the documents within the Solicitation Packages and, if applicable, be accompanied by a postage prepaid, pre-addressed return envelope) and the Confirmation Hearing Notice will also be provided in paper form at the Debtors' expense, unless not practicable; provided further that the Solicitation Agent is authorized to accept Ballots through a customized online balloting portal maintained by the Solicitation Agent on the Debtors' restructuring case website (the "Online Portal"). The Solicitation Agent is also authorized to accept Ballots through a separate, customized online balloting portal on the Debtors' Case Website designated for Holders of Class 47 Gemini Lender Claims against GGC (the "Gemini Lender Voting Portal").

The Solicitation Agent will prepare a customized Ballot for each Holder of a Claim in a Voting Class (not including the Holders of Class 47 Gemini Lender Claims against GGC) to populate a Claim amount for voting purposes on their Ballot as reflected on the official Claims Register maintained by the Solicitation Agent, and, subject to the terms of the Disclosure Statement Order and these Solicitation and Voting Procedures, will tabulate such Ballots in accordance with its standard voting and tabulation practices.

Holders of Claims that are filed as wholly disputed, contingent, or unliquidated shall receive a Ballot in an amount of $1.00 which shall include a clear statement that such Holder is entitled to vote on the confirmation of the Plan in an amount of $1.00 and which shall also identify the deadline and process for such Holder to seek relief under Bankruptcy Rule 3018 to temporarily allow such Holder's Claim in another amount for purposes of voting on the Plan. Holders of Voting Disputed Claims (as defined herein) shall receive a Ballot as set forth in these Solicitation and Voting Procedures which shall include a clear statement that the recipient Holder is entitled to vote to accept or reject the Plan on account of the portion of its Claim that is entitled to be voted under these procedures and shall identify the deadline and process for such Holder to seek relief under Bankruptcy Rule 3018 to temporarily allow such Holder's Claim in an amount other than as provided in its corresponding Ballot for purposes of voting on the Plan.

Any party that receives the solicitation materials in electronic format but would prefer paper format(to be provided at the Debtors' expense) may contact the Solicitation Agent by: (a) visiting the Debtors' restructuring case website at http://restructuring.ra.kroll.com/genesis; (b) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international

toll); and/or (c) emailing the Debtors' Solicitation Agent at genesisinfo@ra.kroll.com (with "Genesis Solicitation" in the subject line).

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Packages (excluding the customized Ballots and customized Notice of Non-Voting Status) on the U.S. Trustee and all parties who have requested service of papers in this case pursuant to Bankruptcy Rule 2002 as of the Voting Record Date. In addition, the Debtors shall send the Solicitation Package to all Holders of Claims in the Voting Classes (excluding Holders of Gemini Lender Claims against GGC) no later than three (3) business days after the Disclosure Statement Order is entered on the Bankruptcy Court's docket, or as soon as reasonably practicable thereafter (the "Solicitation Deadline").

Gemini, as agent to the Gemini Lenders, shall distribute the Solicitation Package, including the Gemini Lenders' Ballot, by email to each Gemini Lender eligible to vote as Holder of a Claim in Class 47 against GGC as of the Voting Record Date, using the email address for such Gemini Lender in Gemini's records, by the Solicitation Deadline or as soon as reasonably practicable thereafter. The Solicitation Agent has worked with Gemini to create a unique electronic ballot identification number ("E-Ballot ID(s)") for each Holder of Gemini Lender Claims. Gemini, by email, will disseminate the E-Ballot IDs to the respective Holder of the instructions on how to obtain such Gemini Lender's Claim, unique E-Ballot ID by accessing such Gemini Lender's Gemini account using the email address for such Holder of the Gemini Lender Claim in Gemini's records, who may then use the E-Ballot ID to cast their vote directly on the Debtors' Gemini Lender Voting Portal to accept or reject the Plan. For the avoidance of doubt, Kroll shall be solely responsible for tabulating votes cast by the Holders of the Gemini Lender Claims based on the voting amounts provided by Gemini. Furthermore, with respect to the Gemini Lenders, the Gemini Lender Voting Portal is the only valid means of Ballot submission, and any Ballots received by the Solicitation Agent from the Gemini Lenders via other means of submission, such as email, hard copy mail, or hand delivery, will be processed as defective and excluded from the final voting results.

To avoid duplication and reduce expenses, the Debtors will use reasonable efforts to ensure that any holder of a Claim who has filed duplicative Claims against a Debtor (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one vote on account of such Claim and with respect to that Class as against that Debtor. Whether two or more Claims are duplicative will be left to the sole discretion of the Debtors and their professionals, and the Solicitation Agent is authorized to take instruction from the Debtors and their professionals to mark all except the latest filed among such Claims as duplicative (and therefore not entitled to vote) irrespective of whether an objection has been filed identifying such Claims as duplicative. The Solicitation Agent shall identify any Ballots treated as duplicative for the purposes of solicitation, in accordance with the instruction from the Debtors and their professionals, in the Voting Report (as defined herein). Additionally, for purposes of serving the Solicitation Packages (except with respect to the Gemini Lenders), the Debtors may rely on the address information for Voting and Non-Voting Classes as compiled, updated and maintained by the Solicitation Agent as of the Voting Record Date. The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including Ballots).

### 3. Non-Voting Status Notices

Certain holders of Claims and Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan*, substantially in the form annexed as Exhibit [[●]] to the Disclosure Statement Order (the "Unimpaired Notice of Non-Voting Status"). Such notice will instruct such holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding the Ballots). Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the Notice of Non-Voting Status to Holders of Impaired Claims and Interests Deemed to Reject the Plan, substantially in the form annexed as Exhibit [[●]] to the Disclosure Statement Order (the "Impaired Notice of Non-Voting Status"). Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots). Holders of Claims in the Voting Classes that are subject to a pending objection and who are not entitled to vote such Claim will receive a *Notice of Non-Voting Status with Respect to Disputed Claims* (the "Disputed Notice of Non-Voting Status", substantially in the form annexed as Exhibit [[●]] to the Disclosure Statement Order, and, together with the Unimpaired Notice of Non-Voting Status and the Impaired Notice of Non-Voting Status, the "Notices of Non-Voting Status"). Such notices will, among other things, instruct such Holders as to how they may obtain copies of the documents contained in the Solicitation Packages (excluding the Ballots). Each party that receives a Notice of Non-Voting Status will also receive a Confirmation Hearing Notice. Such documents will also be provided in paper form unless not practicable.

### 4. Notices in Respect of Executory Contracts and Unexpired Leases

Counterparties to Executory Contracts and Unexpired Leases that are Assumed or Rejected pursuant to the Plan, including those entitled to receive a specific *Notice of (A) Executory Contracts and Unexpired Leases to be Assumed by the Debtors Pursuant to the Plan, (B) Cure Amounts, If Any, and (C) Related Procedures in Connection Therewith* (the "Assumption Notice") or a *Notice Regarding Executory Contracts and Unexpired Leases to Be Rejected Pursuant to the Plan* (the "Rejection Notice") substantially in the forms attached as Exhibit [[●]] and Exhibit [[●]] to the Disclosure Statement Order, respectively, may file an objection to the Debtors' proposed assumption and/or rejection, as applicable, and cure amounts, if applicable. Such objections must be filed with the Court by ~~August 17~~[[●]], 2023 at 4:00 P.M. prevailing Eastern Time or otherwise by a later date specified in the Plan and served on the Notice Parties in accordance with the Case Management Order. Notwithstanding the foregoing, the Debtors are permitted to also utilize any assumption or rejection procedures approved by the Court to reject, assume or assume and assign (as applicable) any Executory Contract or Unexpired Lease up to and including the Effective Date. In each case and for the avoidance of doubt, a holder will only be entitled to receive the Solicitation Packages on account of a Claim arising from the rejection of an Executory Contract or Unexpired Lease if the Claim is filed by the Voting Record Date.

### D. Establishing Claim Amounts for Voting Purposes and Allowance and Disallowance of Claims for Tabulation Purposes

A claimant who holds a Claim in a Voting Class is nonetheless not entitled to vote to the extent that:

 i. such claimant's Claim has been disallowed, expunged, superseded, designated or otherwise disqualified by the Court;

 ii. such claimant's Claim is listed on the Schedules filed by the Debtors as "disputed," "contingent," or "unliquidated" and such claimant did not timely file a Proof of Claim with respect to such Claim;

 iii. such claimant's Impaired Claim against a Debtor arises from a guarantee or other co-liability of another Debtor, to the extent the claimant's corresponding Claim against the other Debtor is Unimpaired;

 iv. such claimant's Claim was filed for $0.00; or

 v. such claimant's Claim is subject to an objection, subject to the procedures set forth below.

Solely for the purpose of voting to accept or reject the Plan, and not for purposes of the allowance of, or distribution on account of, a Claim, each Claim within a Voting Class is to be temporarily allowed in an amount equal to the liquidated, noncontingent, and undisputed amount of such Claim set forth in a timely filed Proof of Claim,[3] or if no Proof of Claim was filed, the amount of such Claim as set forth in the Schedules,[4] subject to the following exceptions:

 i. If a Claim is deemed Allowed pursuant to the Plan or an order entered by the Court, such Claim shall be allowed for voting purposes in the deemed Allowed amount set forth in the Plan or such order;

 ii. If a Claim, for which a Proof of Claim has been timely filed, is marked as contingent, unliquidated, or disputed, such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (viii) below:

---

[3] "Proof of Claim" means a proof of claim filed by a Holder of a Claim in accordance with the Bar Date Order.

[4] "Schedules" means the schedules of assets and liabilities, statements of financial affairs, lists of Holders of Claims and Interests and all amendments or supplements thereto filed by the Debtors with the Bankruptcy Court to the extent such filing is not waived pursuant to an order of the Bankruptcy Court.

6

iii. If a Claim, for which a Proof of Claim has been timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (viii) below;

iv. Each Gemini Lender Claim set forth in the Gemini Master Claim shall be temporarily allowed for voting purposes in the amount set forth in the Gemini Voting Statement based on the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

v. iv. If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of this Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by Court order;

vi. v. If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was (i) not filed by the applicable bar date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

vii. vi. If the Debtors serve an objection to, or request for estimation of, a Claim at least 5 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

viii. vii. If the Debtors serve an objection to a Claim at least 5 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

ix. viii. For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, the Claims filed by such entity shall be aggregated in each

7

applicable Class, and the total amount of such Class shall be the sum of the aggregated Claims or of such entity in each applicable Class;

x. ~~ix.~~ If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received by Kroll will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

xi. ~~x.~~ If a Claim is filed in a currency other than U.S. Dollars (other than cryptocurrency) and is not allowed in a sum certain under the Plan, the Debtors will convert such Claim to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date~~)~~; and

xii. ~~xi.~~ The Debtors shall not be required to send the Solicitation Packages to creditors whose Claims (a) are based solely on amounts scheduled by the Debtors that have already been paid in the full scheduled amount or (b) have been scheduled in a wholly unliquidated, contingent, or disputed amount and with respect to which such creditor did not timely file a Proof of Claim; provided, that, the Debtors shall send the applicable Solicitation Packages to Holders of Voting Disputed Claims, as provided for herein.

**E.    Return of Ballots**

i.    Votes to accept or reject the Plan will be counted only if such votes are included on a valid Ballot properly executed, completed, and delivered to the Solicitation Agent so that such Ballot is **actually received** by the Solicitation Agent no later than the Voting Deadline or as otherwise provided by an order of the Court;

ii.    In addition to accepting hard copy Ballots via first-class mail, overnight courier, or hand delivery, the Solicitation Agent will accept Ballots submitted via at the Online Portal and Gemini Lender Voting Portal, as applicable, maintained by the Solicitation Agent on the Debtors' Case Website (https://restructuring.ra.kroll.com/genesis)[5]

---

[5]    The encrypted Ballot data and audit trail created by such online submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed immediately legally valid and effective.

F.        **Tabulation Procedures**

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots, so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

i.      Except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted to the Solicitation Agent so that it is actually received by the Solicitation Agent on or prior to the Voting Deadline (as the same may be extended in the discretion of the Debtors), the Debtors shall reject such Ballot as invalid and, therefore, shall not count it in connection with Confirmation of the Plan;

ii.     The Solicitation Agent will date-stamp all Ballots when received. The Solicitation Agent shall retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan and thereafter may discard such original Ballots, unless otherwise ordered by the Court or requested by the Debtors. The Solicitation Agent shall tabulate Ballots on a Debtor-by-Debtor basis;

iii.    Consistent with the requirements of Local Rule 3018-1, the Debtors will file with the Court, on or before ~~August 21~~[[●]], **2023** or as soon as practicable thereafter, a certification of votes (the "Voting Report"). The Voting Report shall, among other things, certify to the Court in writing the amount and number of Allowed Claims of each Class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or lacking necessary information, received via facsimile or electronic mail, or damaged ("Irregular Ballots"). The Voting Report shall indicate the Debtors' intentions with regard to each such Irregular Ballot. The Voting Report shall be served upon the Committee and the U.S. Trustee. The Debtors will also provide to the Committee, on a confidential basis, any additional voting data or reports prepared by the Solicitation Agent in connection with solicitation and the certification of votes which are provided to the Debtors in connection with the Solicitation Agent's solicitation or certification process, and without waiver of the Creditors' Committee's right to seek discovery of further information from the Solicitation Agent, or any basis for opposition to any such further discovery request;[6]

---

[6]      For the avoidance of doubt, the Voting Report shall include, *inter alia*, (i) any Claims that were treated as Duplicate Claims for purposes of solicitation and tabulation, and (ii) any Claims for which the Solicitation Agent

iv.    The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the executed Ballot;

v.    Delivery of a Ballot to the Solicitation Agent by facsimile, or any electronic means other than as an E-Ballot via the Online Portal or Gemini Lender Voting Portal as otherwise expressly provided in the Disclosure Statement Order or these Solicitation and Voting Procedures;

vi.    No Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), the Debtors' financial or legal advisors, or the Court, and if so sent, and not otherwise properly and timely delivered to the Solicitation Agent, will not be counted;

vii.    ~~Except as described in Section G below, if~~If multiple Ballots are received from the same holder with respect to the same Claim prior to the Voting Deadline, the last properly executed, valid Ballot timely received by the Solicitation Agent will be deemed to reflect that holder's intent and will supersede and revoke any prior Ballot;

viii.    Holders must vote the entirety of each of their Claims within a particular Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, to the extent there are multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder(s) within a Class for the purpose of counting votes; provided that, the Committee's and the Debtors' rights and objections are reserved with respect to the aggregation of votes for tabulation purposes;

ix.    If a Holder holds Claims in multiple Classes and votes to accept the Plan in one class and rejects the Plan in another class, such Holder shall be deemed a Releasing Party (as defined in the Plan), as though such Holder voted to accept the Plan in all Classes in which the Holder is eligible to vote;

x.    ~~ix.~~Any person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or otherwise acting in a fiduciary or representative

---

Duplicate Claims for purposes of solicitation and tabulation, and (ii) any Claims for which the Solicitation Agent received multiple or partial Ballots with respect to the same scheduled or filed Claim.

capacity of a holder of Claims must indicate such capacity when signing;

xi.    ~~x.~~ The Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

xii.    ~~xi.~~ Neither the Debtors, the Solicitation Agent, nor any other Entity, will be under any duty to provide notification to any party of defects or irregularities with respect to delivered Ballots other than as otherwise set forth herein and as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

xiii.    ~~xii.~~ Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

xiv.    ~~xiii.~~ In the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

xv.    ~~xiv.~~ Subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

xvi.    ~~xv.~~ Neither the Debtors, the Debtors' professionals, nor the Solicitation Agent shall be obligated to coordinate with voters to cure any Irregular Ballots;

xvii.    ~~xvi.~~ If a Claim has been estimated or otherwise Allowed for voting purposes only by order of the Court, stipulation or settlement, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution under the Plan;

xviii.    ~~xvii.~~ If an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

xix.    ~~xviii.~~ The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or

contains insufficient information to permit the identification of the holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed; (iv) any unsigned Ballot or Ballot lacking a signature (for the avoidance of doubt, a Ballot cast via the Online Portal or Gemini Lender Voting Portal will be deemed to contain a signature); (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; ~~and~~ (vi) any Ballot for a Class 7 Gemini Lender Claim against GGC not submitted via the Gemini Lender Voting Portal; and (vii) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein except to the extent otherwise provided by an order of the Court;

xx.    ~~xix.~~ After the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors; and

xxi.    ~~xx.~~ The Debtors are authorized to enter into a stipulation with the holder of any Claim agreeing to the amount of a Claim for voting purposes subject to the other provisions of these procedures set forth herein.

**G.    Gemini Lenders' Ballot Solicitation, Voting and Tabulation Procedures**

In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures shall apply to Holders of Gemini Lender Claims against GGC in Class 4~~7~~:

i.    the Solicitation Agent shall create and distribute to Gemini unique electronic ballot identification numbers ("E-Ballot IDs") for each Holder of Gemini Lender Claims.

ii.    By the Solicitation Deadline, Gemini shall distribute the Solicitation Package, including the Ballot for Gemini Lender Claims against GGC (the "**Gemini Lenders' Ballot**") and respective E-Ballot ID to each Gemini Lender whose Gemini Borrowings were included in the Gemini Master Claim. Such distribution shall be via email using the email address for each Gemini Lender that is in Gemini's records and shall include, with respect to each Gemini Lender, ~~[a unique E-Ballot ID for purposes of completing the Gemini Lenders' Ballot]~~ [instructions on how to obtain such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's Gemini account for purposes of completing the Gemini Lenders' Ballot~~]~~;

    iii.    Each and all Holders of Gemini Lender Claims shall be responsible for casting their vote to accept or reject the Plan directly using the Debtors' Gemini Lender Voting Portal as detailed in the Gemini Lenders' Ballot instructions by the Voting Deadline;

    iv.    Throughout the voting period, Kroll will provide Gemini with reports, at least twice per week, outlining the Ballot submissions and E-Ballot IDs it receives from the Holders of Gemini Lender Claims.  By no ~~less~~later than ~~[[eight~~three (~~8~~3) days~~]] prior to the Confirmation Hearing~~ following the Voting Deadline, Kroll will provide Gemini with a voting report, outlining all Ballot submissions and E-Ballot IDs it has received from Holders of Gemini Lender Claims through the Voting Deadline (the "Gemini Lender Voting Report");

    v.    Gemini shall provide Kroll with the Gemini Voting Statement in excel format by no less than ~~[[seven (7) days]] prior to the Confirmation Hearing~~ following Gemini's receipt from Kroll of the Gemini Lender Voting Report; and

    vi.    Kroll, in its capacity as solicitation agent, shall be solely responsible for tabulating and reporting on Gemini Lenders' Ballots cast by the Holders of Gemini Lender Claims and will utilize the voting amounts provided by Gemini in the Gemini Voting Statement for tabulation purposes.

## H.    Amendments to the Plan and Solicitation and Voting Procedures

The Debtors reserve the right to make non-substantive modifications to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Notices of Non-Voting Status, the Ballots, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption and Rejection Notices, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

Dated:  [[X]]  
       New York, New York

*/s/ DRAFT*  
Sean A. O'Neal  
Luke A. Barefoot  
Jane VanLare  
CLEARY GOTTLIEB STEEN & HAMILTON LLP  
One Liberty Plaza  
New York, New York 10006  
Telephone: (212) 225-2000  
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**Exhibit 2**

Form of Class 3 Individual Ballots for Holders of Fiat-or-Stablecoin Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## BALLOT FOR VOTING TO ACCEPT OR REJECT
## THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

### CLASS 3: FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 3 FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]

- THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]] 2023 (THE "<u>VOTING DEADLINE</u>").  THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 3 (FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the

---

[2]      *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

1

Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [[•]] (the "Voting Record Date"), you are a Holder of Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement. The Plan is Exhibit A to the Disclosure Statement. The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package"). You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 3 – Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of Allowed Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] will receive Class 3 Treatment under Article III of the Plan.***

2

## <u>VOTING INSTRUCTIONS</u>

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 3 (Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]) with respect to the Plan.  The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot.  This Ballot may be used to vote on the Plan only.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline.  Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3.  In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is [[•]] 2023 at 4:00 P.M. (Prevailing Eastern Time).  The Debtors strongly advise returning your Ballot as promptly as possible.**  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court.  In all cases, Holders should allow sufficient time to assure timely delivery.  The method of delivery of your Ballot to the Solicitation Agent is at your election and risk.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4.  If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6.  This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7.  Please be sure to sign and date your Ballot.  If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner.  If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] is held by a corporation, the Ballot must be executed by an officer.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or

officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire Fiat-or-Stablecoin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have <u>conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan)</u> if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018 Motion</u>") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before [[•]]  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the Debtors, nor any other Person or Entity, will be under any duty to provide notification of

1

defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

16. If no votes in respect of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 3 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.        Amount of Fiat-or-Stablecoin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of [[•]] the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the following aggregate principal amount:

> Coins/USD_____

**Item 2.        Vote of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| __ACCEPT__ (vote for) the Plan | __REJECT__ (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.        Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

> (a)        ***Releases by the Debtors.***  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and**

---

[3]        The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein,

and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)  ***Releases by Releasing Parties.***  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that**

are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted

fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether

7

**directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other separately-classified Claims).

## Item 4.          Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]];

6. understands the treatment provided for its Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; _provided_ that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Fiat-or-Stablecoin Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.      Holder Information and Signature.**

Name of Holder: _____

(Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____

9

(Print or Type)

Social Security or Federal Tax I.D. No.: _____

(Optional)

Signature: _____

Name of Signatory: _____

(Print or Type)

Title: _____

(If applicable)

Address: _____

_____

_____

Telephone: (___)_____

Email: _____

Date Completed: _____

10

**PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

**VOTING DEADLINE: [[•]] 2023 AT 4:00 P.M. (EASTERN TIME)**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than [[•]] 2023 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

**Submitting Your Vote Online through the Online Portal**

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

---

11

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]]**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE).   PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**<u>Exhibit 2-A</u>**

Blackline of Form of Class 3 Individual Ballots for Holders of Fiat-or-Stablecoin Denominated
Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and
Genesis Asia Pacific Pte. Ltd.]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 3: FIAT-OR-STABLECOIN-DENOMINATED UNSECURED**
**CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC /**
**GENESIS ASIA PACIFIC PTE. LTD.]]**

| **IMPORTANT** |
|---|
| • PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT. |
| • **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 3 FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]** |
| • **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]] 2023 (THE "<u>VOTING DEADLINE</u>").  THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.** |
| • IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED |

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 3 (FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern

---

[2] *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [[•]] (the "Voting Record Date"), you are a Holder of Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement. The Plan is Exhibit A to the Disclosure Statement. The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package"). You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 3 – Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of Allowed Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] will receive Class 3 Treatment under Article III of the Plan.***

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 3 (Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is [[•]] 2023 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor,

administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire Fiat-or-Stablecoin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have <u>conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan)</u> if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018 Motion</u>") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before [[•]]  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither

the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

16.  If no votes in respect of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 3 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.        Amount of Fiat-or-Stablecoin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of [[•]] the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the following aggregate principal amount:

Coins/USD_____

**Item 2.        Vote of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❑ | ❑ |

**Item 3.        Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>IMPORTANT INFORMATION REGARDING RELEASES:</u>**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)        ***Releases by the Debtors***.  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan** ~~and the Sales Process~~**, including the issuance or distribution of any property pursuant to the Plan** ~~and the Sales Process~~**, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the**

---

[3]        The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)      *Releases by Releasing Parties*.   Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or

the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion

9

requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and aAffiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such

**Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties under the Plan; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee prior to the Effective Date, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any Class of Claims held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other Class of separately-classified Claims).

## Item 4.        Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]];

6. understands the treatment provided for its Fiat-or-Stablecoin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 will

be counted, and, if any other Ballot has been previously cast with respect to Fiat-or-Stablecoin Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder:        _____
                                                    (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                                    (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                                    (Optional)

Signature:        _____

Name of Signatory:        _____
                                                    (Print or Type)

Title:        _____
                                                    (If applicable)

Address:        _____

                _____

                _____

Telephone:        (___)_____

Email:        _____

Date Completed:        _____

**PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

**VOTING DEADLINE: [[•]] 2023 AT 4:00 P.M. (EASTERN TIME)**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than [[•]] 2023 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

**Submitting Your Vote Online through the Online Portal**

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

**Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

---

14

<div style="border:1px solid black; padding:10px;">

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email
genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject
line) at least 24 hours prior to arrival and provide the anticipated date and time of
delivery.**

</div>

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE _ACTUALLY RECEIVED_ BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]]**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit 3**

Form of Class 4 Individual Ballots for Holders of BTC-Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### BALLOT FOR VOTING TO ACCEPT OR REJECT
### THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

### CLASS 4: BTC-DENOMINATED UNSECURED
### CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL
### CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 4 BTC-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]] 2023 (THE "<u>VOTING DEADLINE</u>").   THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.**

- **IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 4 (BTC-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [[•]] (the "Voting Record Date"), you are a Holder of BTC-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement. The Plan is Exhibit A to the Disclosure Statement. The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package"). You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 4 – BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of Allowed Class 4 BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] will receive Class 4 Treatment under Article III of the Plan.***

2

## <u>VOTING INSTRUCTIONS</u>

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 4 (BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3.  In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is [[•]] 2023 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4.  If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6.  This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7.  Please be sure to sign and date your Ballot. If your Class 4 BTC-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 4 BTC-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire BTC-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before [[•]]  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

16.  If no votes in respect of Class 4 BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 4 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.          Amount of BTC-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of [[•]] the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the following aggregate principal amount:

> Coins/USD_____

**Item 2.          Vote of Class 4 BTC-Denominated Unsecured Claim.**

The undersigned Holder of the Class 4 BTC-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❑ | ❑ |

**Item 3.          Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

<u>**IMPORTANT INFORMATION REGARDING RELEASES:**</u>

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

          (a)      ***Releases by the Debtors*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and**

---

[3]          The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein,

and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)     ***Releases by Releasing Parties***.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that

are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted

fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether

directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other separately-classified Claims).

## Item 4.        Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1.  was the Holder (or authorized signatory) of BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the amount set forth in Item 1 as of the Voting Record Date;

2.  has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3.  has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4.  if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]];

6. understands the treatment provided for its BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the BTC-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the BTC-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the BTC-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to BTC-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

## Item 5.        Holder Information and Signature.

Name of Holder: _____
                               (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                        (Print or Type)

Social Security or Federal Tax I.D. No.: _____

9

(Optional)

Signature: _____

Name of Signatory: _____
(Print or Type)

Title: _____
(If applicable)

Address: _____

_____

_____

Telephone: (___)_____

Email: _____

Date Completed: _____

10

**PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

**VOTING DEADLINE: [[•]] 2023 AT 4:00 P.M. (EASTERN TIME)**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is **actually received** by the Solicitation Agent by no later than [[•]] 2023 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors. Please submit a Ballot with your vote by:

---

**Submitting Your Vote Online through the Online Portal**

The Solicitation Agent will accept properly completed Ballots online through the Online Portal. To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website. Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

**If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.**

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

---

11

---

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

---

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]]**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit 3-A**

Blackline of Form of Class 4 Individual Ballots for Holders of BTC-Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
<u>**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**</u>

**CLASS 4: BTC-DENOMINATED UNSECURED**
**CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC /**
**GENESIS ASIA PACIFIC PTE. LTD.]]**

<div style="border:1px solid">

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 4 BTC-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]] 2023 (THE "<u>VOTING DEADLINE</u>").  THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED

</div>

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 4 (BTC- DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS.    YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL    TOLL:    (646)    440-4183;    OR    (III)    EMAILING GENESISINFO@RA.KROLL.COM.    **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern

---

[2]      *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [[•]] (the "Voting Record Date"), you are a Holder of BTC-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]  are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement. The Plan is*** <u>***Exhibit A***</u> ***to the Disclosure Statement. The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "***<u>***Solicitation Package***</u>***"). You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 4 – BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of Allowed Class 4 BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] will receive Class 4 Treatment under Article III of the Plan.***

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 4 (BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan only. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **actually received** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **actually received** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is [[•]] 2023 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 4 BTC-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 4 BTC-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of

a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire BTC-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have <u>conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan)</u> if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018 Motion</u>") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before [[•]]  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither

the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

16.  If no votes in respect of Class 4 BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 4 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.          Amount of BTC-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of [[•]] the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the following aggregate principal amount:

Coins/USD_____

**Item 2.          Vote of Class 4 BTC-Denominated Unsecured Claim.**

The undersigned Holder of the Class 4 BTC-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> **(vote for) the Plan** | <u>REJECT</u> **(vote against) the Plan** |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.          Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>IMPORTANT INFORMATION REGARDING RELEASES:</u>**

6

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a) ***Releases by the Debtors***. **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan** ~~and the Sales Process~~**, including the issuance or distribution of any property pursuant to the Plan** ~~and the Sales Process~~**, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern. You should read the Plan carefully before completing this Ballot.

foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)      *Releases by Releasing Parties*.   Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or

the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan ~~and the Sales Process~~, including the issuance or distribution of any property pursuant to the Plan ~~and the Sales Process~~, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.   Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E ~~of the Plan~~, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion

requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and aAffiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such

**Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties ~~under the Plan~~; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee ~~prior to the Effective Date~~, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any ~~Class of~~ Claim~~s~~ held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other ~~Class of~~ separately-classified Claims).

## Item 4.    Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]];

6. understands the treatment provided for its BTC-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the BTC-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the BTC-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the BTC-Denominated Unsecured Claims set forth in Item 1 will be counted,

12

and, if any other Ballot has been previously cast with respect to BTC-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.**        **Holder Information and Signature.**

Name of Holder:        _____
                                    (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                    (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                    (Optional)

Signature:        _____

Name of Signatory:        _____
                                    (Print or Type)

Title:        _____
                                    (If applicable)

Address:        _____

                        _____

                        _____

Telephone:        (___)_____

Email:        _____

Date Completed:        _____

13

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>**

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

**<u>VOTING DEADLINE: [[•]] 2023 AT 4:00 P.M. (EASTERN TIME)</u>**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than [[•]] 2023 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

**<u>Submitting Your Vote Online through the Online Portal</u>**

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

**<u>If by First Class Mail, Overnight Courier or Hand Delivery:</u>**

14

| |
|---|
| **Genesis Global Holdco, LLC Ballot Processing Center**<br>**c/o Kroll Restructuring Administration LLC**<br>**850 Third Avenue, Suite 412**<br>**Brooklyn, NY 11232**<br><br>**To arrange for hand delivery of your Ballot, please email**<br>**genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject**<br>**line) at least 24 hours prior to arrival and provide the anticipated date and time of**<br>**delivery.** |

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]]**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit 4**

Form of Class 5 Individual Ballots for Holders of ETH-Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 5: ETH-DENOMINATED UNSECURED**
**CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL**
**CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 5 ETH-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[●]], 2023 (THE "<u>VOTING DEADLINE</u>").   THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 5 (ETH-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [[●]] (the "Voting Record Date"), you are a Holder of ETH-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement. The Plan is Exhibit A to the Disclosure Statement. The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package"). You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 5 – ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of Allowed Class 5 ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] will receive Class 5 Treatment under Article III of the Plan.***

## <u>VOTING INSTRUCTIONS</u>

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 5 (ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3.  In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is [[●]] 2023 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4.  If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6.  This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7.  Please be sure to sign and date your Ballot. If your Class 5 ETH-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 5 ETH-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire ETH-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before [[●]].  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

16.  If no votes in respect of Class 5 ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 5 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**         **Amount of ETH-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of [[●,]] the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the following aggregate principal amount:

| Coins/USD_____ |
| --- |

**Item 2.**         **Vote of Class 5 ETH-Denominated Unsecured Claim.**

The undersigned Holder of the Class 5 ETH-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
| --- | --- |
| ❑ | ❑ |

**Item 3.**         **Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective. In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

<u>**IMPORTANT INFORMATION REGARDING RELEASES:**</u>

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

      (a)     ***Releases by the Debtors*. Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and**

---

[3]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern. You should read the Plan carefully before completing this Ballot.

after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein,

and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)     *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that

are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted

fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether

7

**directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other separately-classified Claims).

## Item 4.        Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1.  was the Holder (or authorized signatory) of ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the amount set forth in Item 1 as of the Voting Record Date;

2.  has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3.  has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4.  if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5.  has cast the same vote with respect to all of the Holder's ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]];

6.  understands the treatment provided for its ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] under the Plan;

7.  understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8.  acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9.  as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the ETH-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the ETH-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the ETH-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to ETH-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder: _____
                              (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                              (Print or Type)

Social Security or Federal Tax I.D. No.: _____

9

(Optional)

Signature: _____

Name of Signatory: _____
(Print or Type)

Title: _____
(If applicable)

Address: _____

_____

_____

Telephone: (___)_____

Email: _____

Date Completed: _____

10

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: [[●]] AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than [[●]] at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors. Please submit a Ballot with your vote by:

---

### Submitting Your Vote Online through the Online Portal

The Solicitation Agent will accept properly completed Ballots online through the Online Portal. To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website. Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

### If by First Class Mail, Overnight Courier or Hand Delivery:

---

---

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com**
**(with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to**
**arrival and provide the anticipated date and time of delivery.**

---

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON [[●]].**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit 4-A**

Blackline of Form of Class 5 Individual Ballots for Holders of ETH-Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

<div align="center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 5: ETH-DENOMINATED UNSECURED**
**CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC /**
**GENESIS ASIA PACIFIC PTE. LTD.]]**

</div>

<div align="center">

**IMPORTANT**

</div>

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 5 ETH-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("KROLL" OR THE "SOLICITATION AGENT") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[●]], 2023 (THE "VOTING DEADLINE").  THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 5 (ETH-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,*

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [[●]] (the "Voting Record Date"), you are a Holder of ETH-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]].  Holders of ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]  are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is Exhibit A to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 5 – ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]].  Holders of Allowed Class 5 ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] will receive Class 5 Treatment under Article III of the Plan.***

2

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 5 (ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan only. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **actually received** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **actually received** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is [[●]] 2023 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 5 ETH-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 5 ETH-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of

a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire ETH-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have <u>conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan)</u> if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018 Motion</u>") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before [[●]]. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither

the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

16.  If no votes in respect of Class 5 ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 5 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.          Amount of ETH-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of [[●,]] the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the following aggregate principal amount:

| |
|---|
| Coins/USD_____ |

**Item 2.          Vote of Class 5 ETH-Denominated Unsecured Claim.**

The undersigned Holder of the Class 5 ETH-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.          Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>IMPORTANT INFORMATION REGARDING RELEASES:</u>**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)      ***Releases by the Debtors***.  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan** ~~and the Sales Process~~**, including the issuance or distribution of any property pursuant to the Plan** ~~and the Sales Process~~**, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the**

---

[3]      The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D ~~of the Plan~~, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)     *Releases by Releasing Parties*.   Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or

the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion

requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and aAffiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such

**Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties under the Plan; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee prior to the Effective Date, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any Class of Claims held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other Class of separately-classified Claims).

## Item 4.    Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]];

6. understands the treatment provided for its ETH-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the ETH-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the ETH-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the ETH-Denominated Unsecured Claims set forth in Item 1 will be counted,

and, if any other Ballot has been previously cast with respect to ETH-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.          Holder Information and Signature.**

Name of Holder:          _____
                                                     (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                                     (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                                     (Optional)

Signature:          _____

Name of Signatory:          _____
                                                     (Print or Type)

Title:          _____
                                                     (If applicable)

Address:          _____

          _____

          _____

Telephone:          (___)_____

Email:          _____

Date Completed:          _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: [[●]] AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than [[●]] at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors. Please submit a Ballot with your vote by:

---

### Submitting Your Vote Online through the Online Portal

The Solicitation Agent will accept properly completed Ballots online through the Online Portal. To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website. Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

### If by First Class Mail, Overnight Courier or Hand Delivery:

> **Genesis Global Holdco, LLC Ballot Processing Center**
> **c/o Kroll Restructuring Administration LLC**
> **850 Third Avenue, Suite 412**
> **Brooklyn, NY 11232**
>
> **To arrange for hand delivery of your Ballot, please email**
> **genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject**
> **line) at least 24 hours prior to arrival and provide the anticipated date and time of**
> **delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON [[●]].**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit 5**
Form of Class 6 Individual Ballots for Holders of Alt-Coin-Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

<div align="center">

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 6: ALT-COIN-DENOMINATED UNSECURED**
**CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL**
**CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]**

</div>

<div align="center">

**IMPORTANT**

</div>

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 6 ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]

- THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE **ACTUALLY RECEIVED** BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("KROLL" OR THE "SOLICITATION AGENT") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]] 2023 (THE "VOTING DEADLINE").   THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 6 (ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III)  EMAILING  GENESISINFO@RA.KROLL.COM.   **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

1

Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [•]] (the "Voting Record Date"), you are a Holder of Alt-Coin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]].  Holders of Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]  are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is Exhibit A to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 6 – Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]].  Holders of Allowed Class 6 Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] will receive Class 6 Treatment under Article III of the Plan.***

## <u>VOTING INSTRUCTIONS</u>

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 6 (Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is [[•]] 2023 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 6 Alt-Coin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 6 Alt-Coin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire Alt-Coin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before [[•]]  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

1

16. If no votes in respect of Class 6 Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 6 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.          Amount of Alt-Coin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of [[•]] the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the following aggregate principal amount:

> Coins/USD_____

**Item 2.          Vote of Class 6 Alt-Coin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 6 Alt-Coin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.          Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>IMPORTANT INFORMATION REGARDING RELEASES:</u>**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

          (a)     ***Releases by the Debtors***.  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and**

---

[3]          The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein,

and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)    ***Releases by Releasing Parties***.  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that**

are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted

fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether

**directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other separately-classified Claims).

## Item 4.        Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]];

6. understands the treatment provided for its Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Alt-Coin-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.          Holder Information and Signature.**

Name of Holder: _____
                                     (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                     (Print or Type)

Social Security or Federal Tax I.D. No.: _____

<div style="text-align:center">(Optional)</div>

Signature: _____

Name of Signatory: _____

<div style="text-align:center">(Print or Type)</div>

Title: _____

<div style="text-align:center">(If applicable)</div>

Address: _____

_____

_____

Telephone: (___)_____

Email: _____

Date Completed: _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: [[•]] 2023 AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than [[•]] 2023 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

### Submitting Your Vote Online through the Online Portal

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

### If by First Class Mail, Overnight Courier or Hand Delivery:

11

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com**
**(with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to**
**arrival and provide the anticipated date and time of delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]]**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE).   PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## **Exhibit 5-A**

Blackline of Form of Class 6 Individual Ballots for Holders of Alt-Coin-Denominated Unsecured Claims against [Genesis Global Holdco, LLC, Genesis Global Capital, LLC and Genesis Asia Pacific Pte. Ltd.]

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 6: ALT-COIN-DENOMINATED UNSECURED**
**CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC /**
**GENESIS ASIA PACIFIC PTE. LTD.]]**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 6 ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("KROLL" OR THE "SOLICITATION AGENT") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]] 2023 (THE "VOTING DEADLINE").  THIS BALLOT IS ACCOMPANIED BY A POSTAGE PRE-PAID RETURN ENVELOPE THAT IS ADDRESSED TO THE SOLICITATION AGENT.**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED

---

[1]        The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 6 (ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST [[GENESIS GLOBAL HOLDCO, LLC / GENESIS GLOBAL CAPITAL, LLC / GENESIS ASIA PACIFIC PTE. LTD.]]), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [•]] (the "Voting Record Date"), you are a Holder of Alt-Coin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement. The Plan is Exhibit A to the Disclosure Statement. The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package"). You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 6 – Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]. Holders of Allowed Class 6 Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] will receive Class 6 Treatment under Article III of the Plan.***

2

## <u>VOTING INSTRUCTIONS</u>

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 6 (Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]]) with respect to the Plan.  The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot.  This Ballot may be used to vote on the Plan <u>only</u>.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline.  Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3.  In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is [[•]] 2023 at 4:00 P.M. (Prevailing Eastern Time).  The Debtors strongly advise returning your Ballot as promptly as possible.**  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court.  In all cases, Holders should allow sufficient time to assure timely delivery.  The method of delivery of your Ballot to the Solicitation Agent is at your election and risk.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4.  If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6.  This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7.  Please be sure to sign and date your Ballot.  If your Class 6 Alt-Coin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner.  If your Class 6 Alt-Coin-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] is held by a corporation, the Ballot must be executed by an officer.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of

a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire Alt-Coin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have <u>conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan)</u> if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "<u>Rule 3018 Motion</u>") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before [[•]] Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither

4

the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

16.  If no votes in respect of Class 6 Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 6 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**          **Amount of Alt-Coin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of [[•]] the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the following aggregate principal amount:

Coins/USD_____

**Item 2.**          **Vote of Class 6 Alt-Coin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 6 Alt-Coin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| ACCEPT (vote for) the Plan | REJECT (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.**          **Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)    ***Releases by the Debtors*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan ~~and the Sales Process~~, including the issuance or distribution of any property pursuant to the Plan ~~and the Sales Process~~, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)    *Releases by Releasing Parties*.   Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or

the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan ~~and the Sales Process~~, including the issuance or distribution of any property pursuant to the Plan ~~and the Sales Process~~, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.   Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E ~~of the Plan~~, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion

requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and aAffiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such

**Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties under the Plan; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee prior to the Effective Date, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any Class of Claims held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other Class of separately-classified Claims).

## Item 4.        Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1.  was the Holder (or authorized signatory) of Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] in the amount set forth in Item 1 as of the Voting Record Date;

2.  has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3.  has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4.  if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5.  has cast the same vote with respect to all of the Holder's Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]];

6.  understands the treatment provided for its Alt-Coin-Denominated Unsecured Claims against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] under the Plan;

7.  understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8.  acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9.  as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 will be

counted, and, if any other Ballot has been previously cast with respect to Alt-Coin-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder: _____
                                          (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                          (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                          (Optional)

Signature: _____

Name of Signatory: _____
                                          (Print or Type)

Title: _____
                                          (If applicable)

Address: _____

_____

_____

Telephone:      (___)_____

Email: _____

Date Completed: _____

**PLEASE SUBMIT YOUR BALLOT PROMPTLY!**

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

**VOTING DEADLINE: [[•]] 2023 AT 4:00 P.M. (EASTERN TIME)**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than [[•]] 2023 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors. Please submit a Ballot with your vote by:

---

**Submitting Your Vote Online through the Online Portal**

The Solicitation Agent will accept properly completed Ballots online through the Online Portal. To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website. Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

---

<div style="border:1px solid black; padding:10px;">

**Genesis Global Holdco, LLC Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email
genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject
line) at least 24 hours prior to arrival and provide the anticipated date and time of
delivery.**

</div>

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER
ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION
AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING
EASTERN TIME) ON [[•]]**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I)
WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O
KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412,
BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR
INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING
GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE).
PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED
TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit 6**

Form of Class 7 Ballot for Holders of Gemini Lender Claims against Genesis Global Capital,
LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDER OF GEMINI LENDER CLAIM VOTING TO
ACCEPT OR REJECT THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 7: GEMINI LENDER CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY ALL HOLDERS OF CLASS 7 GEMINI LENDER CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC.**

- **THIS BALLOT IS ACCOMPANIED WITH INSTRUCTIONS ON HOW TO VOTE ONLINE THROUGH THE E-BALLOTING PORTAL OF THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("KROLL" OR THE "SOLICITATION AGENT").  TO BE COUNTED, THIS BALLOT MUST BE SUBMITTED ELECTRONICALLY VIA KROLL'S E-BALLOTING PORTAL BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]] (THE "VOTING DEADLINE") AND MUST CONTAIN YOUR UNIQUE ID.**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

---

[1]       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR GEMINI LENDER CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 7 (GEMINI LENDER CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS.   YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM.  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement") in connection with the cases commenced under Chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy

---

[2]    *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [[•]] (the "Voting Record Date"), you are a Holder of Gemini Lender Claims against Genesis Global Capital, LLC on account of those certain master loan agreement ("Gemini MLA") between Gemini Trust Company, LLC ("Gemini" or "Agent"), Genesis Global Capital, LLC, and the Gemini users (the "Gemini Lenders") pursuant to which Gemini Lenders provided loans of digital assets to Genesis Global Capital, LLC (the "Gemini Earn Program").  On May 22, 2023, Gemini filed a master proof of claim (the "Gemini Master Claim") on your behalf.  The amount of your claim is the amount attributable to you in the Gemini Master Claim.  Holders of Gemini Lender Claims against Genesis Global Capital, LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is Exhibit A to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 7 – Gemini Lender Claims against Genesis Global Capital, LLC.  Holders of Allowed Class 7 Claims against Genesis Global Capital, LLC will receive Class 7 Treatment under Article III of the Plan.***

## VOTING INSTRUCTIONS

1.   As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 7 (Gemini Lender Claims against Genesis Global Capital, LLC) with respect to the Plan.  The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot.  This Ballot may be used to vote on the Plan only.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.   To ensure that your vote is counted, it must be **electronically submitted to Kroll's Gemini Lender Voting Portal** by the Voting Deadline.  Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.  Your Ballot must include your E-Ballot ID, [which has been emailed to you by Gemini] [which is only available by accessing your Gemini account and clicking the [page location details]].

3.   To be included in the tabulation, a Ballot reflecting your vote must be **submitted electronically via the Kroll's Gemini Lender Voting Portal** on or before the Voting Deadline.  **The Voting Deadline is [[•]] at 4:00 P.M. (Prevailing Eastern Time).  The Debtors strongly advise submitting your ballot online as promptly as possible.**  If a Ballot is submitted electronically via the Kroll's Gemini Lender Voting Portal after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court.

4.   If multiple Ballots are electronically submitted by a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely submitted will supersede and revoke any previously received Ballot.

5.   This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6.   This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7.   Please be sure to electronically sign and date your Ballot when submitting your Ballot on Kroll's Gemini Lender Voting Portal.  Your Ballot must include your E-Ballot ID.  If your Class 7 Gemini Lender Claims against Genesis Global Capital, LLC voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner.  If your Class 7 Gemini Lender Claims against Genesis Global Capital, LLC are held by a corporation, the Ballot must be executed by an officer.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.     You must vote your entire Gemini Lender Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.     Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10.    The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline, unless the Debtors determine otherwise; (vi) any Ballot submitted by a Holder of Class 7 Gemini Lender Claims via hard copy, hand delivery, or any electronic means other than the Kroll's Gemini Lender Voting Portal; and (vii) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11.    The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12.    Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13.    If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14.    This Ballot can only be voted in the amount associated with your E-Ballot ID in  the Gemini Master Claim.  This amount is the "Pending Balance" as reflected in your Gemini account. As stated in the Gemini Bar Date Notice provided to you, any claim against Genesis Global Capital, LLC or any other Debtor that arose prior to the Petition Date for amounts greater than your Gemini Borrowings in the Gemini Earn Program or claims other than for the repayment of Gemini Borrowings under the Gemini Earn Program was **not** included in the Gemini Master Claim.

15.    Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification, including but not limited to, instances where a Holder of Class 7 Gemini Lender Claims submits a Ballot via hard copy.

16.     If no votes in respect of Class 7 Gemini Lender Claims against Genesis Global Capital, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 7 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**          **Amount of Gemini Lender Claims.**

The undersigned hereby certifies that: (i) as of [[•]] the Voting Record Date, the undersigned was the holder of record (or authorized signatory) of the Gemini Lender Claim associated with the E-Ballot ID reflected on this Ballot; (ii) the "Pending Balance" in the undersigned's Gemini account accurately reflects the Gemini Borrowings of the undersigned; and (iii) the Gemini Master Claim, to the extent it reflects such "Pending Balance" with respect to the undersigned is correct with respect to the undersigned's claim.

**Item 2.**          **Vote of Class 7 Gemini Lender Claims.**

The undersigned Holder of the Class 7 Gemini Lender Claims set forth in Item 1 votes to (*please check one box only*):

| <u>**ACCEPT** (vote for) the Plan</u> | <u>**REJECT** (vote against) the Plan</u> |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.**          **Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

<u>**IMPORTANT INFORMATION REGARDING RELEASES:**</u>

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

          (a)          ***Releases by the Debtors*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely,**

---

[3]          The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such

releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)    *Releases by Releasing Parties.*  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided, however,* that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement,

or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be

entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant

**to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other separately-classified Claims).

### Item 4.    Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1.   was the Holder (or authorized signatory) of Gemini Lender Claims against Genesis Global Capital, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2.   has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3.   has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4.   if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5.   has cast the same vote with respect to all of the Holder's Gemini Lender Claims against Genesis Global Capital, LLC;

6.      understands the treatment provided for its Gemini Lender Claims against Genesis Global Capital, LLC under the Plan;

7.      understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8.      acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9.      as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Gemini Lender Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Gemini Lender Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10.     has full and complete authority to execute and submit this Ballot;

11.     understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned;

12.     understands and acknowledges that only the latest-received properly completed Ballot cast and submitted electronically through Kroll's Gemini Lender Voting Portal prior to the Voting Deadline with respect to the Gemini Lender Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Gemini Lender Claims set forth in Item 1, such other Ballot shall be deemed revoked; and

13.     understands and acknowledges that the Solicitation Agent may verify the amount of Gemini Lender Claims against Genesis Global Capital, LLC held as of the Voting Record Date with Gemini and that by returning an executed Ballot, the Holder directs Gemini to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof.  In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the Solicitation Agent, the amount shown on the records of Gemini, if applicable, or the Debtors' records shall control.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.  Holder Information and Signature.  Unless otherwise noted, all fields in this Item 5 must be completed.**

    E-Ballot ID:  _____
                              (Print or Type)

Signature: _____

Date Completed: _____

<u>**PLEASE SUBMIT YOUR BALLOT PROMPTLY!**</u>

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

<u>**VOTING DEADLINE: [[•]], 2023 AT 4:00 P.M. (EASTERN TIME)**</u>

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than [[•]] at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors. Please submit a Ballot with your vote by:

---

<u>**Submitting Your Vote Online through the Gemini Lender Voting Portal**</u>

The Solicitation Agent will only accept properly completed Ballots from Class 7 Gemini Lenders online through the Gemini Lender Voting Portal. To submit your customized electronic Ballot via the Gemini Lender Voting Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Gemini Lender Voting Portal" section of the website. Follow the instructions to submit your customized electronic Ballot.

IMPORTANT NOTE: Your Ballot must include your E-Ballot ID. Your E-Ballot ID [was emailed to you by Gemini] [is available on your Gemini account [page location]].

Kroll's Gemini Lender Voting Portal is the sole manner in which Ballots will be accepted for Class 7 Gemini Lenders. Ballots submitted via any other means from Class 7 Gemini Lenders, including but not limited to, hard copy, hand delivery, facsimile, email, or other means of transmission will not be counted.

Each E-Ballot E-Ballot ID is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot E-Ballot ID you receive, as applicable. Your E-Ballot ID [was emailed to you by Gemini] [is available on your Gemini account [page location]].

If your Ballot is not electronically submitted on Kroll's Gemini Lender Voting Portal on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE VOTING PROCEDURES, OR VOTING INSTRUCTIONS RECEIVED FROM GEMINI, PLEASE CONTACT GEMINI OR KROLL. IF YOU HAVE GENERAL QUESTIONS ABOUT THE PLAN VOTE PROCESS, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD**

**AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE).    PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## **Exhibit 6-A**

Blackline of Form of Class 7 Ballot for Holders of Gemini Lender Claims against Genesis
Global Capital, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR HOLDER OF GEMINI LENDER CLAIM VOTING TO**
**ACCEPT OR REJECT THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 7: GEMINI LENDER CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY ALL HOLDERS OF CLASS 7 GEMINI LENDER CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC.**

- **THIS BALLOT IS ACCOMPANIED WITH INSTRUCTIONS ON HOW TO VOTE ONLINE THROUGH THE E-BALLOTING PORTAL OF THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("KROLL" OR THE "SOLICITATION AGENT").  TO BE COUNTED, THIS BALLOT MUST BE SUBMITTED ELECTRONICALLY VIA KROLL'S E-BALLOTING PORTAL BY 4:00 P.M. (PREVAILING EASTERN TIME) ON [[•]] (THE "VOTING DEADLINE") AND MUST CONTAIN YOUR UNIQUE ID.**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR GEMINI LENDER CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND YOU MAY NOT SPLIT YOUR VOTE.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 7 (GEMINI LENDER CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS.  YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM.  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]] [ECF No. ●] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under Chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot")

---

[2]      *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

You are receiving this Ballot because our records indicate that, as of [[•]] (the "Voting Record Date"), you are a Holder of Gemini Lender Claims against Genesis Global Capital, LLC on account of those certain master loan agreement ("Gemini MLA") between Gemini Trust Company, LLC ("Gemini" or "Agent"), Genesis Global Capital, LLC, and the Gemini users (the "Gemini Lenders") pursuant to which Gemini Lenders provided loans of digital assets to Genesis Global Capital, LLC (the "Gemini Earn Program").  On May 22, 2023, Gemini filed a master proof of claim (the "Gemini Master Claim") on your behalf.  The amount of your claim is the amount attributable to you in the Gemini Master Claim.  Holders of Gemini Lender Claims against Genesis Global Capital, LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is Exhibit A to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 7 – Gemini Lender Claims against Genesis Global Capital, LLC.  Holders of Allowed Class 7 Claims against Genesis Global Capital, LLC will receive Class 7 Treatment under Article III of the Plan.***

**VOTING INSTRUCTIONS**

1.    As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders
      of Claims in Class 7 (Gemini Lender Claims against Genesis Global Capital, LLC) with
      respect to the Plan.  The Plan and Disclosure Statement are included in the Solicitation
      Package you are receiving with the Ballot.  This Ballot may be used to vote on the Plan
      only.   **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT
      CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.    To ensure that your vote is counted, it must be **underlined electronically submitted to Kroll's
      Gemini Lender Voting Portal** by the Voting Deadline.  Vote by (i) indicating your
      decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the
      certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.
      Your Ballot must include your E-Ballot ID, [which has been emailed to you by Gemini]
      [which is only available by accessing your Gemini account and clicking the [page
      location details]].

3.    To be included in the tabulation, a Ballot reflecting your vote must be **submitted
      electronically via the Kroll's Gemini Lender Voting Portal** on or before the Voting
      Deadline.  **The Voting Deadline is [[•]] at 4:00 P.M. (Prevailing Eastern Time).  The
      Debtors strongly advise submitting your ballot online as promptly as possible.**  If a
      Ballot is submitted electronically via the Kroll's Gemini Lender Voting Portal after the
      Voting Deadline, it will not be counted unless the Debtors determine otherwise or as
      permitted by the Bankruptcy Court.

4.    If multiple Ballots are electronically submitted by a single Holder with respect to the
      same Claim prior to the Voting Deadline, the last properly completed Ballot timely
      submitted will supersede and revoke any previously received Ballot.

5.    This Ballot is not a letter of transmittal and may not be used for any purpose other than to
      vote to accept or reject the Plan and make certifications with respect to the Ballots.
      Accordingly, at this time, Holders of Claims should not surrender certificates or
      instruments representing or evidencing their Claims, and the Debtors will not accept
      delivery of any such certificates or instruments surrendered together with a Ballot.

6.    This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or
      Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7.    Please be sure to electronically sign and date your Ballot when submitting your Ballot on
      Kroll's Gemini Lender Voting Portal.  Your Ballot must include your E-Ballot ID.  If
      your Class 7 Gemini Lender Claims against Genesis Global Capital, LLC voted with
      this Ballot are held by a partnership, the Ballot should be executed in the name of
      the partnership by a general partner.  If your Class 7 Gemini Lender Claims against
      Genesis Global Capital, LLC are held by a corporation, the Ballot must be executed
      by an officer.  If you are signing a Ballot in your capacity as a trustee, executor,

4

administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire Gemini Lender Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline, unless the Debtors determine otherwise; (vi) any Ballot submitted by a Holder of Class 7 Gemini Lender Claims via hard copy, hand delivery, or any electronic means other than the Kroll's Gemini Lender Voting Portal; and (vii) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have <u>conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan)</u> if you (a) vote to accept the Plan, or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code.

13. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

14. This Ballot can only be voted in the amount associated with your E-Ballot ID in the Gemini Master Claim. This amount is the "Pending Balance" as reflected in your Gemini account. As stated in the Gemini Bar Date Notice provided to you, any claim against Genesis Global Capital, LLC or any other Debtor that arose prior to the Petition Date for amounts greater than your Gemini Borrowings in the Gemini Earn Program or claims other than for the repayment of Gemini Borrowings under the Gemini Earn Program was **not** included in the Gemini Master Claim.

15. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither

the Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification, including but not limited to, instances where a Holder of Class 7 Gemini Lender Claims submits a Ballot via hard copy.

16.    If no votes in respect of Class 7 Gemini Lender Claims against Genesis Global Capital, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 7 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.        Amount of Gemini Lender Claims.**

The undersigned hereby certifies that: (i) as of [[•]] the Voting Record Date, the undersigned was the holder of record (or authorized signatory) of the Gemini Lender Claim associated with the E-Ballot ID reflected on this Ballot; (ii) the "Pending Balance" in the undersigned's Gemini account accurately reflects the Gemini Borrowings of the undersigned; and (iii) the Gemini Master Claim, to the extent it reflects such "Pending Balance" with respect to the undersigned is correct with respect to the undersigned's claim.

**Item 2.        Vote of Class 7 Gemini Lender Claims.**

The undersigned Holder of the Class 7 Gemini Lender Claims set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ☐ | ☐ |

**Item 3.        Releases.**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

        (a)        ***Releases by the Debtors.***  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code,**

---

[3]        The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan ~~and the Sales Process~~, including the issuance or distribution of any property pursuant to the Plan ~~and the Sales Process~~, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D ~~of the Plan~~, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)     *Releases by Releasing Parties*.   Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan ~~and the Sales Process~~, including the issuance or distribution of any property pursuant to the Plan ~~and the Sales Process~~, the

9

Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.   Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the

Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and aAffiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument,

**or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Wind-Down Debtors, (iii) the Other Genesis Entities, (iv) the Committee and its members (solely in their capacities as such), (v) the members of the Ad Hoc Group SteerCo (solely in their capacities as such) if the Ad Hoc Group Acceptance Event occurs and is continuing, (vi) the PA Officer (solely in its capacity as such), and (vii) each Related Party of each Entity described in the foregoing clauses (i)–(vi) (in each case, solely in its capacity as such); *provided* that, notwithstanding anything to the contrary in the Plan, the DCG Parties shall not be Released Parties and the former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date shall not be Released Parties under the Plan; *provided further* that any of the current and former officers and directors of the Debtors (solely in their capacities as such) who served as officers or directors of the Debtors as of the Petition Date shall be a Released Party only with the written consent of the Special Committee prior to the Effective Date, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors who served as officers or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively cast a timely Ballot to accept the Plan with respect to any Class of Claims held by such Holder (regardless of whether any such Holder casts a timely Ballot to reject the Plan with respect to any other Class of separately-classified Claims).

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1.      was the Holder (or authorized signatory) of Gemini Lender Claims against Genesis Global Capital, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2.      has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3.  has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4.  if it votes in favor of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5.  has cast the same vote with respect to all of the Holder's Gemini Lender Claims against Genesis Global Capital, LLC;

6.  understands the treatment provided for its Gemini Lender Claims against Genesis Global Capital, LLC under the Plan;

7.  understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8.  acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9.  as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Gemini Lender Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Gemini Lender Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned;

12. understands and acknowledges that only the latest-received properly completed Ballot cast and submitted electronically through Kroll's Gemini Lender Voting Portal prior to the Voting Deadline with respect to the Gemini Lender Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Gemini Lender Claims set forth in Item 1, such other Ballot shall be deemed revoked; and

13. understands and acknowledges that the Solicitation Agent may verify the amount of Gemini Lender Claims against Genesis Global Capital, LLC held as of the Voting Record Date with Gemini and that by returning an executed Ballot, the Holder directs Gemini to provide any information or comply with any actions requested by the Solicitation Agent to verify the amount set forth in Item 1 hereof. In the event of a discrepancy regarding such amount that cannot be timely reconciled without undue effort on the part of the

13

Solicitation Agent, the amount shown on the records of Gemini, if applicable, or the Debtors' records shall control.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.  Holder Information and Signature.  Unless otherwise noted, all fields in this Item 5 must be completed.**

E-Ballot ID:    _____

(Print or Type)

Signature:        _____

Date Completed:    _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: [[•]], 2023 AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than [[•]] at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors. Please submit a Ballot with your vote by:

---

### Submitting Your Vote Online through the Gemini Lender Voting Portal

The Solicitation Agent will only accept properly completed Ballots from Class 7 Gemini Lenders online through the Gemini Lender Voting Portal. To submit your customized electronic Ballot via the Gemini Lender Voting Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Gemini Lender Voting Portal" section of the website. Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE:** Your Ballot must include your E-Ballot ID. Your E-Ballot ID [was emailed to you by Gemini] [is available on your Gemini account [page location]].

Kroll's Gemini Lender Voting Portal is the sole manner in which Ballots will be accepted for Class 7 Gemini Lenders. Ballots submitted via any other means from Class 7 Gemini Lenders, including but not limited to, hard copy, hand delivery, facsimile, email, or other means of transmission will not be counted.

Each E-Ballot E-Ballot ID is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot E-Ballot ID you receive, as applicable. Your E-Ballot ID [was emailed to you by Gemini] [is available on your Gemini account [page location]].

If your Ballot is not electronically submitted on Kroll's Gemini Lender Voting Portal on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE VOTING PROCEDURES, OR VOTING INSTRUCTIONS RECEIVED FROM GEMINI, PLEASE CONTACT GEMINI OR KROLL.  IF YOU HAVE GENERAL QUESTIONS ABOUT THE PLAN VOTE PROCESS, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit 7**

Form of Non-Voting Status to Holders of Unimpaired Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]], 2023 [ECF No. [●]] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]], 2023 [ECF No. [●]] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Plan").  Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** because of the treatment of your Claim under the Plan, **you are not entitled to vote on the Plan on account of such Claim**.  As a holder of a Claim that is not Impaired under the terms of the Plan, you are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and therefore are not entitled to vote on the Plan.  If you believe you are entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before [[•]], 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a class of Claims

---

[1]        The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

entitled to vote) you will also receive a Ballot via a separate mailing from the Solicitation Agent. In such an instance, the Debtors encourage you to follow the instructions in the Ballot.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **[[●]] at [[●]]., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **[[●]] at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

      (a)      counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

      (b)      the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

      (c)      counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

**PLEASE TAKE FURTHER NOTICE** that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing. If the Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, the Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website"), (ii) writing Kroll

2

Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release, exculpation, and injunction provisions.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.  Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you (a) vote to accept the Plan or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement**

or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other

Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

**Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.**

Article VIII of the Plan provides for an injunction (the "Injunction"):

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of**

the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

Dated: [[●]] 2023
      New York, New York

*/s/ DRAFT*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**Exhibit 7-A**
Blackline of Form of Non-Voting Status to Holders of Unimpaired Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF NON-VOTING STATUS TO HOLDERS OF
### UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

　　　　　**PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated ~~June  13~~[[●]], 2023 [ECF No. ~~429~~[●]] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated ~~June  13~~[[●]], 2023 [ECF No. ~~427~~[●]] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Plan").  Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

　　　　　**PLEASE TAKE FURTHER NOTICE THAT** because of the treatment of your Claim under the Plan, **you are not entitled to vote on the Plan on account of such Claim**.  As a holder of a Claim that is not Impaired under the terms of the Plan, you are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and therefore are not entitled to vote on the Plan.  If you believe you are entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before ~~July 31~~[[●]], 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a

---

[1]　　　　The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

hearing.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

PLEASE TAKE FURTHER NOTICE THAT if you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a class of Claims entitled to vote) you will also receive a Ballot via a separate mailing from the Solicitation Agent.  In such an instance, the Debtors encourage you to follow the instructions in the Ballot.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on ~~August 24, 2023 at 11:00 A.M~~**[[●]] at [[●]].**, prevailing Eastern Time via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

PLEASE TAKE FURTHER NOTICE THAT the deadline for filing objections to the Plan is ~~August 17, 2023~~**[[●]]** at 4:00 P.M., prevailing Eastern Time (the "Confirmation Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)     counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, ~~111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and~~ 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

PLEASE TAKE FURTHER NOTICE that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or

Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, the Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website"), (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release, exculpation, and injunction provisions.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.  Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you (a) vote to accept the Plan or (b) are presumed to have voted for the Plan under section 1126(f) of the Bankruptcy Code

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, irrevocably, and forever released ~~and discharged~~ by the Debtors, their Estates, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to**

assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, or the Wind-Down Debtors, ~~or Reorganized GGH (if a Standalone Reorganization occurs),~~ the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the ~~MIP~~<u>Alameda/Genesis Settlement Agreement</u>, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan ~~and the Sales Process~~, including the issuance or distribution of any property pursuant to the Plan ~~and the Sales Process~~, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, ~~(i) the releases set forth~~<u>nothing</u> in Article VIII.~~E do~~<u>D of the Plan shall,</u> no<u>r</u> <u>shall it be deemed to,</u> release <u>(i)</u> any post-Effective Date obligations of any ~~party~~<u>Person</u> or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) ~~nothing in Article VIII.E shall, nor shall it be deemed to, release~~ any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) ~~nothing in Article VIII.E shall, nor shall it be deemed to, release any claims or Causes of Action against any of the Other Genesis Entities; and (iv) nothing in Article VIII.E shall, nor shall it be deemed to, release any Retained~~<u>any Excluded Claim; or (iv) any</u> Causes of Action or ~~any~~<u>other</u> claims ~~or Causes of Action~~ against <u>any of the Gemini Parties or any of</u> the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.~~E~~<u>D</u>, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization~~

occurs), or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases and discharges each Debtor, Estate, Wind-Down Debtor, Reorganized GGH (if a Standalone Reorganization occurs), and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, Reorganized GGH (if a Standalone Reorganization occurs), their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, or the Wind-Down Debtors, or Reorganized GGH (if a Standalone Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the MIPAlameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan and the Sales Process, including the issuance or distribution of any property pursuant to the Plan and the Sales Process, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; provided, however, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors, or the Wind-Down Debtors, or Reorganized GGH (if applicable) on account of any

Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, (i) the releases set forth nothing in Article VIII.F do E of the Plan shall, no tr shall it be deemed to, release (i) any post-Effective Date obligations of any party Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) nothing in Article VIII.F shall, nor shall it be deemed to, release any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) nothing in Article VIII.F shall, nor shall it be deemed to, release any claims or Causes of Action by the Debtors, the Wind-Down Debtors, or Reorganized GGH (as applicable) against any of the Other Genesis Entities, and (iv) nothing in Article VIII.F shall, nor shall it be deemed to, release any Retained any Excluded Claim; or (iv) any Causes of Action or any other claims or Causes of Action against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by Holders of Claims and Interests the Releasing Parties set forth in Article VIII.F E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the MIP Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the MIP, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of

Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. ~~For the avoidance of doubt~~<u>Notwithstanding anything to the contrary in the foregoing</u>, nothing in Article VIII.~~G~~<u> F of the Plan </u>shall, nor shall it be deemed to, ~~provide any exculpation or~~ release ~~to~~<u>or exculpate</u> any ~~of the~~ DCG ~~Parties~~<u>Party</u>.

<u>Article VIII of the Plan provides for an injunction (the "Injunction"):</u>

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims <u>against </u>or Interests ~~that have been released pursuant to Article VIII.E or Article VIII.F of the Plan (including any Discharged Deficiency GUC Claim), discharged pursuant to Article VIII.B of the Plan, or are subject to exculpation pursuant to Article VIII.G of the Plan, are permanently~~<u>in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are</u> enjoined, from and after the Effective Date~~,~~<u> through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered,</u> from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ the Released Parties, or the Exculpated Parties<u> (collectively, the "*Enjoined Actions*")</u>: (~~a~~<u>i</u>) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (~~b~~<u>ii</u>) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (~~c~~<u>iii</u>) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (~~d~~<u>iv</u>) asserting any right of setoff, subrogation, or recoupment of any kind

**against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (ev) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released <u>or exculpated</u> pursuant to this Plan, including the ~~Causes of Action discharged, released or exculpated in this Plan.~~<u>Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.</u>**

Dated:  [[● ]] 2023
New York, New York

*/s/ DRAFT*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**<u>Exhibit 8</u>**
Form of Non-Voting Status to Holders of Disputed Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]], 2023 [ECF No. [●] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]], 2023 [ECF No. [●] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Plan").  Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the holder of a Claim that is subject to a pending objection.  **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is seven (7) days before the Voting Deadline or a later deadline otherwise established by the Court (each, a "Resolution Event")**:

1.  an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.  an order of the Court is entered temporarily allowing such claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.  a stipulation or other agreement is executed between you and the Debtors temporarily allowing you to vote your Claim in an agreed upon amount; or

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

4.    the pending objection to such Claim is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** if you believe you are entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before [[•]], 2023. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two (2) business days thereafter, the Solicitation Agent (as defined below) shall distribute a ballot, which must be returned to the Solicitation Agent no later than the Voting Deadline, which is on **[[•]], 2023 at 4:00 P.M. (prevailing Eastern time)** or such later date as may be expressly authorized by an order of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a Class of Claims entitled to vote) you will also receive a Ballot via a separate mailing from the Solicitation Agent. In such an instance, the Debtors encourage you to follow the instructions in the Ballot.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **[[●]] at [[●]]., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **[[●]] at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

(b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

**PLEASE TAKE FURTHER NOTICE** that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, the Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website"), (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release, exculpation, and injunction provisions.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or**

unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful

misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for

the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

Dated:  [[● ]] 2023                    */s/ DRAFT*
      New York, New York              Sean A. O'Neal
                                    Luke A. Barefoot
                                    Jane VanLare
                                    CLEARY GOTTLIEB STEEN &
                                    HAMILTON LLP
                                    One Liberty Plaza
                                    New York, New York 10006
                                    Telephone: (212) 225-2000
                                    Facsimile: (212) 225-3999

                                    *Counsel to the Debtors*
                                    *and Debtors-in-Possession*

**<u>Exhibit 8-A</u>**
Blackline of Form of Non-Voting Status to Holders of Disputed Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

<u>**NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS**</u>

**PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order [[ECF No. ●]] (the "<u>Order</u>") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated ~~June 13~~[[●]], 2023 [ECF No. ~~429~~[●] (as may be amended, altered, modified, revised, or supplemented from time to time, the "<u>Disclosure Statement</u>") filed by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").  The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated ~~June 13~~[[●]], 2023 [ECF No. ~~427~~[●] (as may be amended, altered, modified, revised, or supplemented from time to time, the "<u>Plan</u>"). Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the holder of a Claim that is subject to a pending objection.  **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is seven (7) ~~business~~ days before the Voting Deadline or a later deadline otherwise established by the Court (each, a "<u>Resolution Event</u>")**:

  1. an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

  2. an order of the Court is entered temporarily allowing such claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

3.      a stipulation or other agreement is executed between you and the
Debtors temporarily allowing you to vote your Claim in an agreed
upon amount; or

4.      the pending objection to such Claim is voluntarily withdrawn by the
objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** if you believe you are entitled to
vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a
motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order
temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or
before ~~July 31~~[[•]], 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor
filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily
allowed by the Bankruptcy Court for voting purposes after notice and a hearing.  Rule
3018(a) Motions that are not timely filed and served in the manner as set forth above may
not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then
no later than two (2) business days thereafter, the Solicitation Agent (as defined below)
shall distribute a ballot, ~~and a pre-addressed, postage pre-paid envelope to you,~~ which
must be returned to the Solicitation Agent no later than the Voting Deadline, which is on
**~~August 14~~[[•]], 2023 at 4:00 P.M. (prevailing Eastern time)** or such later date as may be
expressly authorized by an order of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a separate, additional
Claim for which you are entitled to vote (or part of your Claim falls into a Class of Claims
entitled to vote) you will also receive a Ballot via a separate mailing from the Solicitation
Agent.  In such an instance, the Debtors encourage you to follow the instructions in the
Ballot.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will
consider confirmation of the Plan (the "Confirmation Hearing") will commence on **~~August
24, 2023 at 11:00 A.M~~[[•]] at [[•]]., prevailing Eastern Time** via Zoom before the
Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy
Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.
The Confirmation Hearing may be continued from time to time by the Court or the Debtors,
without further notice other than by such adjournment being announced in open court, by
Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and
served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to
the Plan is **~~August 17, 2023~~[[•]] at 4:00 P.M., prevailing Eastern Time** (the
"Confirmation Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b)
in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy
Rules for the Southern District of New York, and any orders of the Court; (d) state, with

particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)     counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

(b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, ~~111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and~~ 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

**PLEASE TAKE FURTHER NOTICE** that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, the Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website"), (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release, exculpation, and injunction provisions.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released ~~and discharged~~ by the Debtors, their Estates, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, __or__ the Wind-Down Debtors, ~~or Reorganized GGH (if a Standalone Reorganization occurs),~~ the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the ~~MIP__Alameda/Genesis Settlement Agreement__, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan ~~and the Sales Process~~, including the issuance or distribution of any property pursuant to the Plan ~~and the Sales Process~~, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, ~~(i) the releases set forth__nothing__ in Article VIII.~~E do__D of the Plan shall__, no~~t__r shall it be deemed to,__ release __(i)__ any post-Effective Date obligations of any ~~party__Person__ or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) ~~nothing in~~

~~Article VIII.E shall, nor shall it be deemed to, release~~ any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) ~~nothing in Article VIII.E shall, nor shall it be deemed to, release any claims or Causes of Action against any of the Other Genesis Entities; and (iv) nothing in Article VIII.E shall, nor shall it be deemed to, release any Retained~~ **any Excluded Claim; or (iv) any** Causes of Action or ~~any~~**other** claims ~~or Causes of Action~~ against **any of the Gemini Parties or any of** the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.~~E~~**D**, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

<u>Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):</u>

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases ~~and discharges~~ each Debtor, Estate, Wind-Down Debtor, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors~~,~~ **or** the Wind-Down Debtors, ~~or Reorganized GGH (if a Standalone~~

Reorganization occurs), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the ~~MIP~~ Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan ~~and the Sales Process~~, including the issuance or distribution of any property pursuant to the Plan ~~and the Sales Process~~, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors~~,~~ or the Wind-Down Debtors, ~~or Reorganized GGH (if applicable)~~ on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, ~~(i) the releases set forth~~ nothing in Article VIII.~~F do~~E of the Plan shall, no~~t~~r shall it be deemed to, release (i) any post-Effective Date obligations of any ~~party~~Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) ~~nothing in Article VIII.F shall, nor shall it be deemed to, release~~ any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) ~~nothing in Article VIII.F shall, nor shall it be deemed to, release any claims or Causes of Action by the Debtors, the Wind-Down Debtors, or Reorganized GGH (as applicable) against any of the Other Genesis Entities, and (iv) nothing in Article VIII.F shall, nor shall it be deemed to, release any Retained~~any Excluded Claim; or (iv) any Causes of Action or ~~any~~other claims ~~or Causes of Action~~ against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by ~~Holders of Claims and Interests~~the Releasing Parties set forth in Article VIII.~~F~~E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

**Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the ~~MIP~~Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the ~~MIP, the~~ related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. ~~For the avoidance of doubt~~Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.~~G~~ F of the Plan shall, nor shall it be deemed to, ~~provide any exculpation or~~ release ~~to~~or exculpate any ~~of the~~ DCG ~~Parties~~Party.**

Article VIII of the Plan provides for an injunction (the "Injunction"):

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests ~~that have been released pursuant to Article VIII.E or Article VIII.F of the Plan (including any Discharged Deficiency GUC Claim), discharged pursuant to Article VIII.B of the Plan, or are subject to exculpation~~**

~~pursuant to Article VIII.G of the Plan, are permanently~~ in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date~~,~~ through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, ~~Reorganized GGH (if a Standalone Reorganization occurs),~~ the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (~~a~~i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (~~b~~ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (~~c~~iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (~~d~~iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (~~e~~v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the ~~Causes of Action discharged, released or exculpated in this Plan.~~ Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

Dated:  [[●]] 2023                            */s/ DRAFT*
         New York, New York                    Sean A. O'Neal
                                               Luke A. Barefoot
                                               Jane VanLare
                                               CLEARY GOTTLIEB STEEN &
                                               HAMILTON LLP
                                               One Liberty Plaza
                                               New York, New York 10006
                                               Telephone: (212) 225-2000
                                               Facsimile: (212) 225-3999

                                               *Counsel to the Debtors*
                                               *and Debtors-in-Possession*

**<u>Exhibit 9</u>**
Form of Non-Voting Status to Holders of Impaired Claims

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## IMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO REJECT THE PLAN

      **PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]], 2023 [ECF No. [●]] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]], 2023 [ECF No. [●]] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Plan"). Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

      **PLEASE TAKE FURTHER NOTICE THAT** because of the treatment of your Claim under the Plan, **you are not entitled to vote on the Plan on account of such Claim**. Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** if you believe you are entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before [[•]], 2023. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

voting purposes after notice and a hearing.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a class of Claims entitled to vote) you will also receive a Ballot via a separate mailing from the Claims and Solicitation Agent.  In such an instance, the Debtors encourage you to follow the instructions in the Ballot.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **[[●]], 2023 at [[●]]., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **[[●]], 2023 at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(b)    the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)    counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

**PLEASE TAKE FURTHER NOTICE** that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Bankruptcy Court finds that the classification of any Claim or Interest is improper, then such Claim or Equity Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Equity Interest shall be counted in, and the Claim or Interest shall receive the treatment

prescribed in, the Class in which the Bankruptcy Court determines such Claim or Equity Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release (including third-party releases), exculpation, and injunction provisions. You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract,**

instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

<u>Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):</u>

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming

under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

**Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.**

Article VIII of the Plan provides for an injunction (the "Injunction"):

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of**

6

the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (v) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

Dated:  [[● ]] 2023
        New York, New York

*/s/ DRAFT*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**Exhibit 10**

Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11 FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On [[●]], the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[●]] (the "Order"): (i) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]], 2023  [ECF No. [●]] (including all exhibits annexed thereto and as it may be amended, altered, modified, revised, or supplemented from time to time) (the "Plan"); (ii) approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated [[●]], 2023 [ECF No. [●]] (including all exhibits attached thereto, and as may be amended, altered, modified, revised, or supplemented from time to time) (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the Solicitation Packages; and (iv) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

2.      The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence via Zoom on **[[●]], 2023 at [[●]]., prevailing Eastern Time**, before the Honorable Sean H. Lane, United States Bankruptcy Court for the Southern District of New York. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by agenda filed with the Court, and/or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

3.      The Plan may be modified, if necessary, before, during or as a result of the Confirmation Hearing without further notice to interested parties.

4.      The deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is **[[●]], 2023 at 4:00 P.M. prevailing Eastern Time** (the "Objection Deadline").  Any objection to the Plan must (a) be in writing; (b) be in English; (c) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"); (d) state with particularity the basis and nature of any objection to the Plan; (e) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system and in accordance with the Bankruptcy Court's General Order M-399 (which is available at http://www.nysb.uscourts.gov); and (f) be served so as to be actually received by the Objection Deadline (or supplemental deadline, if applicable), by: (i) the Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Court for the

2

Southern District of New York, 300 Quarropas Street, White Plains, NY 10601; (ii) counsel to

the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York

10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the

Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S.

Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York,

NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured

Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020,

Attn: Philip Abelson, Esq. and Chris Shore, Esq.; and (v) any parties that have appeared and

requested notice pursuant to the Bankruptcy Rules.

5.      Pursuant to the Order, the Court approved the use of certain materials in the

solicitation of votes to accept or reject the Plan and certain procedures for the tabulation of votes

to accept or reject the plan.  If you are a Holder of a Claim against the Debtors as of **[[•]], 2023**

(the "Voting Record Date"), and entitled to vote, you have received with this Notice, a ballot

form ("Ballot") and instructions for completing the Ballot.

6.      The deadline for voting on the Plan is on **[[•]], 2023 at 4:00 P.M. prevailing**

**Eastern time** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot

and intend to vote on the Plan you **must** (a) follow the Ballot instructions carefully; (b) complete

**all** of the required information on the Ballot; and (c) execute and return your completed Ballot

according to and as set forth in detail in the voting instructions so that it is **actually received** by

Kroll Restructuring Administration LLC (the "Solicitation Agent" or "Kroll") on or before the

Voting Deadline. **A failure to follow such instructions may disqualify your vote.**

7.      If a controversy arises regarding whether any claim is properly classified under

the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy

at the Confirmation Hearing.  If the Bankruptcy Court finds that the classification of any Claim

is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of

such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class

in which the Bankruptcy Court determines such Claim should have been classified, without the

necessity of resoliciting any votes on the Plan.

8.     The Debtors will file the Plan Supplement (as defined in the Plan) on or before

**[[•]], 2023**, and will serve notice on all the Holders of Claims entitled to vote on the Plan, which

will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information

contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan

Supplement.

9.     Additional copies of the Plan, Disclosure Statement, or any other solicitation

materials (except for Ballots) are available free of charge by visiting the Kroll website at

https://restructuring.ra.kroll.com/genesis.  You may also obtain copies of any pleadings by

visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth

therein.  Please be advised that the Solicitation Agent is authorized to answer questions about,

and provide additional copies, of solicitation materials, but may **not** advise you of your legal

rights under the Plan or as to whether you should vote to accept or reject the Plan.

10.     Holders of Unimpaired Claims and Disputed Claims are not entitled to vote on the

Plan and therefore, will receive a Notice of Non-Voting Status rather than a Ballot; provided,

that, Holders of Voting Disputed Claims (as defined in the Solicitation and Voting Procedures)

shall receive a Ballot as set forth in such procedures.  If you have not received a Ballot (or you

have received a Ballot listing an amount you believe to be incorrect) or if the Solicitation and

Voting Procedures otherwise state that you are not entitled to vote on the Plan, but you believe

that you should be entitled to vote on the Plan (or vote an amount different than the amount listed

on your Ballot), then you must serve on the Debtors and file with the Bankruptcy Court a motion

pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily

allowing your Claim for purposes of voting to accept or reject the Plan on or before [[●]], 2023.

In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such

creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for

voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and

served in the manner as set forth above may not be considered.

11.    If confirmed, the Plan shall bind all Holders of Claims and Holders of Equity

Interests to the maximum extent permitted by applicable law, whether or not such holder will

receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in

these Chapter 11 cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.

Dated:  [[● ]] 2023
       New York, New York

*/s/ DRAFT*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## **Exhibit 10-A**

Blackline of Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11 FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On [[●]], the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[●]] (the "Order"): (i) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan*, dated ~~June 13~~[[●]], 2023  [ECF No. ~~427~~[●]] (including all exhibits annexed thereto and as it may be amended, altered, modified, revised, or supplemented from time to time) (the "Plan"); (ii) approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated ~~June 13~~[[●]], 2023 [ECF No. ~~429~~[●]] (including all exhibits attached thereto, and as may be amended, altered, modified, revised, or supplemented from time to time) (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

included in the Solicitation Packages; and (iv) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

2. The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence via Zoom on ~~August 24~~[[●]], 2023 at ~~11:00 A.M.~~[[●]].. prevailing Eastern Time, before the Honorable Sean H. Lane, United States Bankruptcy Court for the Southern District of New York. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by agenda filed with the Court, and/or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

3. The Plan may be modified, if necessary, before, during or as a result of the Confirmation Hearing without further notice to interested parties.

4. The deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is ~~August 17~~[[●]], 2023 at 4:00 P.M. prevailing Eastern Time (the "Objection Deadline"). Any objection to the Plan must (a) be in writing; (b) be in English; (c) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"); (d) state with particularity the basis and nature of any objection to the Plan; (e) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system and in accordance with the Bankruptcy Court's General Order M-399 (which is available at http://www.nysb.uscourts.gov); and (f) be served so as to be

2

actually received by the Objection Deadline (or supplemental deadline, if applicable), by: (i) the Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP, ~~111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and~~ 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and Chris Shore, Esq.; and (v) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules.

5.      Pursuant to the Order, the Court approved the use of certain materials in the solicitation of votes to accept or reject the Plan and certain procedures for the tabulation of votes to accept or reject the plan.  If you are a Holder of a Claim against the Debtors as of ~~July 5~~[[•]], 2023 (the "Voting Record Date"), and entitled to vote, you have received with this Notice, a ballot form ("Ballot") and instructions for completing the Ballot.

6.      The deadline for voting on the Plan is on ~~August 14~~[[•]], 2023 at 4:00 P.M. prevailing Eastern time (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must** (a) follow the Ballot instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by Kroll Restructuring Administration LLC (the "Solicitation Agent" or

"Kroll") on or before the Voting Deadline. **A failure to follow such instructions may disqualify your vote.**

7.      If a controversy arises regarding whether any claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

8.      The Debtors will file the Plan Supplement (as defined in the Plan) on or before ~~August 9~~[[•]], 2023, and will serve notice on all the Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

9.      Additional copies of the Plan, Disclosure Statement, or any other solicitation materials (except for Ballots) are available free of charge by visiting the Kroll website at https://restructuring.ra.kroll.com/genesis.  You may also obtain copies of any pleadings by visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies, of solicitation materials, but may **not** advise you of your legal rights under the Plan or as to whether you should vote to accept or reject the Plan.

10.      Holders of Unimpaired Claims and Disputed Claims are not entitled to vote on the Plan and therefore, will receive a Notice of Non-Voting Status rather than a Ballot; provided,

that, Holders of Voting Disputed Claims (as defined in the Solicitation and Voting Procedures) shall receive a Ballot as set forth in such procedures.  If you have not received a Ballot (or you have received a Ballot listing an amount you believe to be incorrect) or if the Solicitation and Voting Procedures otherwise state that you are not entitled to vote on the Plan, but you believe that you should be entitled to vote on the Plan (or vote an amount different than the amount listed on your Ballot), then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before ~~July 31~~[[●]], 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

11.    If confirmed, the Plan shall bind all Holders of Claims and Holders of Equity Interests to the maximum extent permitted by applicable law, whether or not such holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these Chapter 11 cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.

Dated:  [[● ]] 2023
New York, New York

/s/ DRAFT
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

## **Exhibit 11**
Assumption Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH

**PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated [[●]], 2023 [ECF No. [●]] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]], 2023 [ECF No. [●]] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Plan"). Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease that will be assumed pursuant to the Plan.  Therefore, you are advised to review carefully the information contained in this Notice and the related provisions of the Plan.**

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, pursuant to section 365(b)(1) of the Bankruptcy Code (the "Cure Amount").  The Cure Amounts are listed on Exhibit [[●]] and Exhibit [[●]] to the Plan Supplement.  If no amount is stated for a particular Executory Contract or Unexpired Lease, the proposed Cure Amount for your executory contract or unexpired lease is Zero Dollars ($0).

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

PLEASE TAKE FURTHER NOTICE THAT Article V of the Plan provides that, on the Effective Date, except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, the Plan shall serve as a motion under sections 365 and 1123(b)(2) of the Bankruptcy Code to assume, assume and assign, or reject Executory Contracts and Unexpired Leases, and all Executory Contracts or Unexpired Leases shall be deemed rejected as of the Effective Date without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such Executory Contract or Unexpired Lease: (i) is designated on the Schedule of Assumed Executory Contracts and Unexpired Leases in the Plan Supplement annexed thereto as Exhibit [[●]][2]; (ii) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court; (iii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iv) is the subject of a motion to reject filed by the Debtors on or before the Confirmation Date; or (v) is the subject of a motion to reject pursuant to which the requested effective date of such rejection is after the Effective Date.

PLEASE TAKE FURTHER NOTICE THAT the assumption of Executory Contracts and Unexpired Leases in the Plan may include the assignment of certain of such contracts to Affiliates.  Each Executory Contract and Unexpired Lease shall be listed on Exhibit [[●]] to the Plan Supplement, along with the proposed counterparty.

PLEASE TAKE FURTHER NOTICE THAT the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on [[●]], 2023, at [[●]]., prevailing Eastern Time via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

PLEASE TAKE FURTHER NOTICE THAT all parties filing responses and any objecting parties are required to attend the Confirmation Hearing in accordance with the Bankruptcy Court's General Order M–543 and failure to attend may result in relief being granted or denied upon default.

PLEASE TAKE FURTHER NOTICE THAT except as provided below regarding amendments to Exhibit [[●]] to the Plan Supplement, the deadline for filing responses or objections, if any, to the (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment, or (iv) any Cure Amount related to any contracts or leases to be assumed or assumed and assigned under the Plan (each a "Treatment Objection") is [[●]], 2023, at 4:00 p.m. prevailing Eastern Time (the "Confirmation Objection Deadline"). Any Treatment Objection must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state with specificity the cure amount or rejection damages amount, as

---

[2]     Neither the exclusion nor inclusion of any contract or lease in Exhibit [[●]] to the Plan, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease or that the Reorganized Debtors have any liability thereunder.

applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline:

(a)       counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

(b)       the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.;

(c)       counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.; and

(d)       any non-Debtor parties to such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE THAT** if any Treatment Objection is not timely filed and served before the Confirmation Objection Deadline, each counterparty to an assumed, assumed and assigned, or rejected Executory Contract or Unexpired Lease, whether entered before or after the Petition Date, **shall be forever barred** from (i) objecting to the rejection, assumption, assignment, rejection damages amount, and/or Cure Amount provided under the Plan, and shall be precluded from being heard at the Confirmation Hearing with respect to such objection; (ii) asserting against any Debtor, its Affiliates, successors or assigns or the property of any of them, any default existing as of the Effective Date or any counterclaim, defense, setoff or any other interest asserted or assertable against the Debtors; and (iii)       imposing     or charging against any Debtor, its Affiliates, successors or assigns or the property of any of them, any accelerations, assignment fees, increases or any other fees as a result of any assumption or, assumption and assignment or rejection pursuant to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if the Debtors, in their discretion, determine that the amount asserted to be the necessary "cure" amount would, if ordered by the Bankruptcy Court, make the assumption and/or assignment of the Executory Contract or Unexpired Lease imprudent, then the Debtors may elect to (i) reject the relevant Executory Contract or Unexpired Lease or (ii) request an expedited hearing on the resolution of the "cure" dispute, exclude assumption or rejection of the contract or lease from the scope of the Confirmation Order, and retain the right to reject the Executory Contract or Unexpired Lease pending the outcome of such dispute.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors reserve their right, on or before **4:00 p.m. (prevailing Eastern Time)** on the Business Day immediately before the Confirmation Hearing, as may be rescheduled or continued, to (i) amend Exhibit [[●]] to the Plan Supplement to delete or add any Executory Contract or Unexpired Lease.  The counterparty to any Executory Contract or Unexpired Lease first listed on or removed from Exhibit [[●]] to the Plan Supplement, as applicable, on or before the date that is five (5) calendar days before the

Confirmation Hearing, shall have five (5) calendar days from the date of such amended Exhibit to file a Treatment Objection.  The counterparty to any Executory Contract or Unexpired Lease first listed on or removed from Exhibit [[●]] to the Plan Supplement, as applicable, later than the date that is five (5) calendar days before the Confirmation Hearing, shall have until the Confirmation Hearing to file a Treatment Objection.  The counterparty to any Executory Contracts or Unexpired Leases first listed on or removed from in Exhibit [[●]]to the Plan Supplement, as applicable, on or after the date of the Confirmation Hearing, shall have ten (10) calendar days from the service of such amended Exhibit to file a Treatment Objection.

**PLEASE TAKE FURTHER NOTICE THAT** to the extent any provision in any Executory Contracts and Unexpired Leases assumed or assigned pursuant to the Plan (including, without limitation, any "change of control" provision) conditions, restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the applicable assumption or assignment of such executory contract or unexpired lease, or that terminates or modifies such executory contract or unexpired lease or allows the counterparty to such executory contract or lease to terminate, modify, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon any such assumption or assignment, then such provision shall be deemed void and of no force or effect such that the transactions contemplated by the Plan shall not entitle the non-debtor party thereto to terminate or modify such Executory Contract or Unexpired Lease or to exercise any other default-related rights with respect thereto.  Confirmation of the Plan and consummation of the transactions contemplated thereby shall not constitute a change of control under any Executory Contract or Unexpired Lease assumed by the Debtors on or prior to the Effective Date.

**PLEASE TAKE FURTHER NOTICE THAT** upon the assignment of any Executory Contract or Unexpired Lease, no default shall exist thereunder and no counterparty to any such Executory Contract or Unexpired Lease shall be permitted to declare a default by the Debtors thereunder or otherwise take action against the Debtors, their Affiliates, successors or assigns or the property of any of them as a result of any of the Restructuring Transactions, or any Debtor's financial condition, bankruptcy or failure to perform any of its obligations under such Executory Contract or Unexpired Lease prior to the Effective Date.  Any provision in any Executory Contract or Unexpired Lease that is assigned under the Plan which prohibits or conditions the assignment or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect.

**PLEASE TAKE FURTHER NOTICE THAT** your status as a counterparty to an Executory Contract or an Unexpired Lease does not, without more, entitle you to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at

the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**Article VIII of the Plan contains Releases, Exculpations and Injunctions. Pursuant to the Plan, certain parties are releasing the Released Parties, which include certain third parties, from certain Claims and Causes of Action.  Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This notice is being sent to you for informational purposes only.  If you have any questions about this notice, you should contact the Solicitation Agent in accordance with the instructions provided above.  Please note that the Solicitation Agent cannot give you legal advice or advise you on how the Plan affects you or what actions you should take with respect to the Plan. Any questions regarding those matters should be referred to your own counsel.**

*[Remainder of page intentionally left blank.]*

Dated:  [[● ]] 2023                          */s/ DRAFT*
        New York, New York               Sean A. O'Neal
                                         Luke A. Barefoot
                                         Jane VanLare
                                         CLEARY GOTTLIEB STEEN &
                                         HAMILTON LLP
                                         One Liberty Plaza
                                         New York, New York 10006
                                         Telephone: (212) 225-2000
                                         Facsimile: (212) 225-3999

                                         *Counsel to the Debtors*
                                         *and Debtors-in-Possession*

**Exhibit 11-A**
Blackline of Assumption Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### NOTICE OF (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED BY THE DEBTORS PURSUANT TO THE PLAN, (B) CURE AMOUNTS, IF ANY, AND (C) RELATED PROCEDURES IN CONNECTION THEREWITH

**PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated June 13[[●]], 2023 [ECF No. 429[●]] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated June 13[[●]], 2023 [ECF No. 427[●]] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Plan").  Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease that will be assumed pursuant to the Plan.  Therefore, you are advised to review carefully the information contained in this Notice and the related provisions of the Plan.**

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors have conducted a thorough review of their books and records and have determined the amounts required to cure defaults, if any, pursuant to section 365(b)(1) of the Bankruptcy Code (the "Cure Amount").  The Cure Amounts are listed on Exhibit [[●]] and Exhibit [[●]] to the Plan Supplement.  If no

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

amount is stated for a particular Executory Contract or Unexpired Lease, the proposed Cure Amount for your executory contract or unexpired lease is Zero Dollars ($0).

**PLEASE TAKE FURTHER NOTICE THAT** Article V of the Plan provides that ~~as~~, on the Effective Date, ~~all executory contracts and unexpired leases of the Debtors that are not expressly assumed will be deemed rejected in accordance with and subject to the provisions and requirements of~~ except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, the Plan shall serve as a motion under sections 365 and 1123(b)(2) of the Bankruptcy Code to assume, assume and assign, or reject Executory Contracts and Unexpired Leases, and all Executory Contracts or Unexpired Leases shall be deemed rejected as of the Effective Date without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such ~~e~~Executory ~~e~~Contracts ~~and~~or ~~u~~Unexpired ~~l~~Leases ~~are:~~ (i) ~~identified on Exhibit [[●]] to the Plan Supplement as Rejected Contract or Exhibit [[●]] to the Plan Supplement as an Assigned Contract and not removed from such exhibit prior to the Effective Date,~~ is designated on the Schedule of Assumed Executory Contracts and Unexpired Leases in the Plan Supplement annexed thereto as Exhibit [[●]][2]; (ii) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court~~,~~; (iii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto~~,~~; (iv) is the subject of a motion to reject filed by the Debtors on or before the Confirmation Date~~,~~; or (~~iii~~iv) is the subject of a motion to reject ~~filed~~ pursuant to which the requested effective date of such rejection is after the Effective Date~~; *provided, however*, that, notwithstanding anything to the contrary in the Plan, the Assumed DCG Contracts shall be deemed and treated as Executory Contracts assumed by the Debtors under the Plan. The Debtors reserve the right to seek, following entry of the Confirmation Order, rejection of an executory contract or unexpired lease that was deemed accepted. The amendment of an executory contract or unexpired lease after the Petition Date shall not, by itself, constitute the assumption of such executory contract or unexpired lease~~.

**PLEASE TAKE FURTHER NOTICE THAT** the assumption of ~~e~~Executory ~~e~~Contracts and ~~u~~Unexpired ~~l~~Leases in the Plan may include the assignment of certain of such contracts to Affiliates. Each ~~Assigned~~Executory Contract and Unexpired Lease shall be listed on Exhibit [[●]] to the Plan Supplement, along with the proposed counterparty ~~to such Assigned Contract.[2]~~

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on ~~August 24[[●]], 2023, at 11:00 a.m[[●]]., prevailing Eastern Time~~ via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The

---

[2]    Neither the exclusion nor inclusion of any contract or lease in Exhibit [[●]] to the Plan, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease or that the Reorganized Debtors have any liability thereunder.

[2]    ~~Neither the exclusion nor inclusion of any contract or lease in Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease or that the Reorganized Debtors have any liability thereunder.~~

Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** all parties filing responses and any objecting parties are required to attend the Confirmation Hearing in accordance with the Bankruptcy Court's General Order M–543 and failure to attend may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE THAT** except as provided below regarding amendments to Exhibit [[●]], Exhibit [[●]] and Exhibit [[●]] to the Plan Supplement, the deadline for filing responses or objections, if any, to the (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment, or (iv) any Cure Amount related to any contracts or leases to be assumed or assumed and assigned under the Plan (each a "Treatment Objection") is August 17[[●]], 2023, at 4:00 p.m. prevailing Eastern Time (the "Confirmation Objection Deadline").  Any Treatment Objection must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline:

(a) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

(b) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.;

(c) counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.; and

(d) any non-Debtor parties to such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE THAT** if any Treatment Objection is not timely filed and served before the Confirmation Objection Deadline, each counterparty to an assumed, assumed and assigned, or rejected eExecutory cContract or uUnexpired lLease, whether entered before or after the Petition Date, **shall be forever barred** from (i) objecting to the rejection, assumption, assignment, rejection damages amount, and/or Cure Amount provided under the Plan, and shall be precluded from being heard at the Confirmation Hearing with respect to such objection; (ii) asserting against any Reorganized Debtor, its Affiliates, successors or assigns or the property of any of them, any default existing as of the Effective Date or any counterclaim, defense, setoff or any other interest asserted or assertable against the Debtors; and (iii) imposing or charging against any Reorganized DebtorDebtor, its Affiliates, successors or assigns or the property of any of them, any accelerations, assignment fees, increases or any other

fees as a result of any assumption or, assumption and assignment or rejection pursuant to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** if the Debtors, in their discretion, determine that the amount asserted to be the necessary "cure" amount would, if ordered by the Bankruptcy Court, make the assumption and/or assignment of the eExecutory eContract or uUnexpired lLease imprudent, then the Debtors may elect to (i) reject the relevant eExecutory eContract or uUnexpired lLease or (ii) request an expedited hearing on the resolution of the "cure" dispute, exclude assumption or rejection of the contract or lease from the scope of the Confirmation Order, and retain the right to reject the eExecutory eContract or uUnexpired lLease pending the outcome of such dispute.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors reserve their right, on or before **4:00 p.m. (prevailing Eastern Time)** on the Business Day immediately before the Confirmation Hearing, as may be rescheduled or continued, to (i) amend Exhibit [[●]], Exhibit [[●]] and Exhibit [[●]] to the Plan Supplement to delete or add any unexpired lease or executory contractExecutory Contract or Unexpired Lease.  The counterparty to any eExecutory eContracts or uUnexpired lLeases first listed on or removed from Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan Supplement, as applicable, on or before the date that is five (5) calendar days before the Confirmation Hearing, shall have five (5) calendar days from the date of such amended Exhibit to file a Treatment Objection.  The counterparty to any eExecutory eContract or uUnexpired lLease first listed on or removed from Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan Supplement, as applicable, later than the date that is five (5) calendar days before the Confirmation Hearing, shall have until the Confirmation Hearing to file a Treatment Objection. The counterparty to any eExecutory eContracts or uUnexpired lLeases first listed on or removed from in Exhibit [[●]], Exhibit [[●]] or Exhibit [[●]] to the Plan Supplement, as applicable, on or after the date of the Confirmation Hearing, shall have ten (10) calendar days from the service of such amended Exhibit to file a Treatment Objection.

**PLEASE TAKE FURTHER NOTICE THAT** to the extent any provision in any eExecutory eContracts and uUnexpired lLeases assumed or assigned pursuant to the Plan (including, without limitation, any "change of control" provision) conditions, restricts or prevents, or purports to restrict or prevent, or is breached or deemed breached by, the applicable assumption or assignment of such executory contract or unexpired lease, or that terminates or modifies such executory contract or unexpired lease or allows the counterparty to such executory contract or lease to terminate, modify, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon any such assumption or assignment, then such provision shall be deemed void and of no force or effect such that the transactions contemplated by the Plan shall not entitle the non-debtor party thereto to terminate or modify such eExecutory eContract or uUnexpired lLease or to exercise any other default-related rights with respect thereto.  Confirmation of the Plan and consummation of the transactions contemplated thereby shall not constitute a change of control under any eExecutory eContract or uUnexpired lLease assumed by the Debtors on or prior to the Effective Date.

**PLEASE TAKE FURTHER NOTICE THAT** upon the assignment of any AssignedExecutory Contract or Unexpired Lease, no default shall exist thereunder and no

counterparty to any such ~~Assigned~~Executory Contract or Unexpired Lease shall be permitted to declare a default by the Debtors ~~or the Reorganized Debtors~~ thereunder or otherwise take action against the ~~Reorganized~~ Debtors, their Affiliates, successors or assigns or the property of any of them as a result of any of the Restructuring Transactions, or any Debtor's financial condition, bankruptcy or failure to perform any of its obligations under such ~~Assigned~~Executory Contract or Unexpired Lease prior to the Effective Date.  Any provision in any ~~Assigned~~Executory Contract or Unexpired Lease that is assigned under the Plan which prohibits or conditions the assignment or allows the counterparty thereto to terminate, recapture, impose any penalty, condition on renewal or extension, or modify any term or condition upon such assignment, constitutes an unenforceable anti-assignment provision that is void and of no force and effect.

      **PLEASE TAKE FURTHER NOTICE THAT** your status as a counterparty to an ~~e~~Executory ~~c~~Contract or an ~~u~~Unexpired ~~l~~Lease does not, without more, entitle you to vote on the Plan.

      **PLEASE TAKE FURTHER NOTICE THAT** the Order, Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

      **Article VIII of the Plan contains Releases, Exculpations and Injunctions. Pursuant to the Plan, certain parties are releasing the Released Parties, which include certain third parties, from certain Claims and Causes of Action.  Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

      **This notice is being sent to you for informational purposes only.  If you have any questions about this notice, you should contact the Solicitation Agent in accordance with the instructions provided above.  Please note that the Solicitation Agent cannot give you legal advice or advise you on how the Plan affects you or what actions you should take with respect to the Plan. Any questions regarding those matters should be referred to your own counsel.**

      *[Remainder of page intentionally left blank.]*

Dated:  [[●]] 2023                          */s/ DRAFT*
       New York, New York          Sean A. O'Neal

                                     Luke A. Barefoot

                                     Jane VanLare

                                     CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                     One Liberty Plaza

                                     New York, New York 10006

                                     Telephone: (212) 225-2000

                                     Facsimile: (212) 225-3999

                                     *Counsel to the Debtors*
                                     *and Debtors-in-Possession*

6

**Exhibit 12**
Rejection Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE REGARDING EXECUTORY CONTRACTS
## AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN

      **PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated [[●]], 2023 [ECF No. [●]] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated [[●]], 2023 (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Plan") [ECF No. [●]]. Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

      **PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease that will be rejected pursuant to the Plan. Therefore, you are advised to review carefully the information contained in this Notice and the related provisions of the Plan**.

      **PLEASE TAKE FURTHER NOTICE THAT** Article V of the Plan provides that, on the Effective Date, except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, the Plan shall serve as a motion under sections 365 and 1123(b)(2) of the Bankruptcy Code to assume, assume and assign, or reject Executory Contracts and Unexpired Leases, and all Executory Contracts or Unexpired Leases shall be deemed rejected as of the Effective Date ("Rejected Contract") without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such Executory Contract or Unexpired Lease: (i) is designated on the Schedule of Assumed Executory

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Contracts and Unexpired Leases in the Plan Supplement annexed thereto as Exhibit [[●]]; (ii) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court; (iii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto; (iv) is the subject of a motion to reject filed by the Debtors on or before the Confirmation Date; or (v) is the subject of a motion to reject pursuant to which the requested effective date of such rejection is after the Effective Date.

**PLEASE TAKE FURTHER NOTICE THAT,** unless otherwise provided for in the Plan or in the Plan Supplement, the rejection damages for each Rejected Contract shall be zero ($0.00). In the event that the rejection of an Executory Contract or Unexpired Lease in the Plan results in damages to the other party or parties to such contract or lease, any Claim for such damages shall be classified and treated as a General Unsecured Claim. Such Claim shall be forever barred and unenforceable against any Debtor, their respective Affiliates, successors or assigns or the property of any of them, unless a proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtors by the later of (i) the date of entry of an order of the Bankruptcy Court approving such rejection, (ii) entry of the Confirmation Order, and (iii) the effective date of the rejection of such Executory Contract or Unexpired Lease.

**PLEASE TAKE FURTHER NOTICE THAT** each Rejected Contract shall be rejected only to the extent that it constitutes an Executory Contract or Unexpired Lease.[2]

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **[[●]], 2023, at [[●]], prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** all parties filing responses and any objecting parties are required to attend the Hearing in accordance with the Bankruptcy Court's General Order M–543 and failure to attend may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE THAT,** except as provided below regarding amendments to Exhibit [[●]] to the Plan Supplement, the deadline for filing responses or objections, if any, to the (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment, or (iv) any Cure Amount related to any contracts or leases to be assumed or assumed and assigned under the Plan (each a "Treatment Objection") is **[[●]], 2023 at 4:00 p.m., prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any Treatment Objection must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and

---

[2]     Neither the exclusion nor inclusion of any contract or lease in Exhibit [[●]]to the Plan Supplement, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease or that the Reorganized Debtors have any liability thereunder.

any orders of the Court; (d) state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline:

(a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

(b)    the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.;

(c)    counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.; and

(d)    any non-Debtor parties to such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE THAT,** if any Treatment Objection is not timely filed and served before the Confirmation Objection Deadline, each counterparty to an assumed, assumed and assigned, or rejected Executory Contract or Unexpired Lease, whether entered before or after the Petition Date, **shall be forever barred** from (i) objecting to the rejection, assumption, assignment, rejection damages amount, and/or Cure Amount provided under the Plan, and shall be precluded from being heard at the Confirmation Hearing with respect to such objection; (ii) asserting against any Debtor, its Affiliates, successors or assigns or the property of any of them, any default existing as of the Effective Date or any counterclaim, defense, setoff or any other interest asserted or assertable against the Debtors; and (iii) imposing or charging against any Debtor, its Affiliates, successors or assigns or the property of any of them, any accelerations, assignment fees, increases or any other fees as a result of any assumption or, assumption and assignment or rejection pursuant to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT,** if the Debtors, in their discretion, determine that the amount asserted to be the necessary rejection damages amount would, if ordered by the Bankruptcy Court, make the rejection of the executory contract or unexpired lease imprudent, then the Debtors may elect to (i) assume the relevant Executory Contract or Unexpired Lease, (ii) assume and assign the relevant Executory Contract or Unexpired Lease, or (iii) request an expedited hearing on the resolution of the rejection damages dispute, exclude assumption or rejection of the contract or lease from the scope of the Confirmation Order, and retain the right to assume or assume and assign the executory contract or unexpired lease pending the outcome of such dispute.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors reserve their right, on or before **4:00 p.m. (prevailing Eastern Time)** on the Business Day immediately before the Confirmation Hearing, as may be rescheduled or continued, to (i) amend Exhibit [[●]] to the Plan Supplement to delete or add any Executory Contract or Unexpired Lease.  The counterparty to any

Executory Contracts or Unexpired Leases first listed on or removed from Exhibit [[●]] to the Plan Supplement, as applicable, on or before the date that is five (5) calendar days before the Confirmation Hearing, shall have five (5) calendar days from the date of such amended Exhibit to file a Treatment Objection.  The counterparty to any Executory Contract or Unexpired Lease first listed on or removed from Exhibit [[●]] to the Plan Supplement, as applicable, later than the date that is five (5) calendar days before the Confirmation Hearing, shall have until the Confirmation Hearing to file a Treatment Objection.  The counterparty to any Executory Contracts or Unexpired Leases first listed on or removed from in Exhibit [[●]] to the Plan Supplement, as applicable, on or after the date of the Confirmation Hearing, shall have ten (10) calendar days from the service of such amended Exhibit to file a Treatment Objection.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**Article VIII of the Plan contains Releases, Exculpations and Injunctions. Pursuant to the Plan, certain parties are releasing the Released Parties, which include certain third parties, from certain Claims and Causes of Action.   Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**

**This notice is being sent to you for informational purposes only.   If you have any questions about this notice, you should contact the Solicitation Agent in accordance with the instructions provided above.   Please note that the Solicitation Agent cannot give you legal advice or advise you on how the Plan affects you or what actions you should take with respect to the Plan.  Any questions regarding those matters should be referred to your own counsel.**

*[Remainder of page intentionally left blank.]*

Dated: [[●]] 2023                 /s/ DRAFT
    New York, New York          Sean A. O'Neal
                                  Luke A. Barefoot
                                  Jane VanLare
                                  CLEARY GOTTLIEB STEEN &
                                  HAMILTON LLP
                                  One Liberty Plaza
                                  New York, New York 10006
                                  Telephone: (212) 225-2000
                                  Facsimile: (212) 225-3999

                                  *Counsel to the Debtors*
                                  *and Debtors-in-Possession*

**<u>Exhibit 12-A</u>**
Blackline of Rejection Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE REGARDING EXECUTORY CONTRACTS**
**AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO THE PLAN**

       **PLEASE TAKE NOTICE THAT** on [[●]], 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [[ECF No. ●]] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated ~~June 13~~[[●]], 2023 [ECF No. [●]] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Disclosure Statement") ~~[ECF NO. 429]~~ filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated ~~June 13~~[[●]], 2023 (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Plan") [ECF No. ~~427~~[●]]]. Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

       **PLEASE TAKE FURTHER NOTICE THAT you are receiving this Notice because the Debtors' records reflect that you are a party to an Executory Contract or Unexpired Lease that will be rejected pursuant to the Plan. Therefore, you are advised to review carefully the information contained in this Notice and the related provisions of the Plan**.

       **PLEASE TAKE FURTHER NOTICE THAT** Article V of the Plan provides that ~~as~~, on the Effective Date, ~~all executory contracts and unexpired leases of the Debtors that are not expressly assumed will be deemed automatically assumed in accordance with and subject to the provisions and requirements of~~ except as otherwise provided in the Plan or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Plan shall serve as a motion under sections 365 and 1123(b)(2) of the Bankruptcy Code to assume, assume and assign, or reject Executory Contracts and Unexpired Leases, and all Executory Contracts or Unexpired Leases shall be deemed rejected as of the Effective Date ("Rejected Contract") without the need for any further notice to or action, order, or approval of the Bankruptcy Court, unless such ~~e~~Executory ~~c~~Contracts ~~and~~or ~~u~~Unexpired ~~l~~Leases ~~are~~: (i) ~~identified on Exhibit [[●]] to the Plan Supplement as Rejected Contracts or Exhibit [[●]] to the Plan Supplement as Assigned Contracts and not removed from such exhibit prior to the Effective Date,~~is designated on the Schedule of Assumed Executory Contracts and Unexpired Leases in the Plan Supplement annexed thereto as Exhibit [[●]]; (ii) was previously assumed or rejected by the Debtors, pursuant to a Final Order of the Bankruptcy Court~~,~~; (iii) previously expired or terminated pursuant to its own terms or by agreement of the parties thereto~~,~~; (iv) is the subject of a motion to reject filed by the Debtors on or before the Confirmation Date~~,~~; or (~~iii~~v) is the subject of a motion to reject ~~filed~~ pursuant to which the requested effective date of such rejection is after the Effective Date~~; *provided, however*, that, notwithstanding anything to the contrary in the Plan, the Assumed DCG Contracts shall be deemed and treated as Executory Contracts assumed by the Debtors under the Plan. The Debtors reserve the right to seek, following entry of the Confirmation Order, rejection of an executory contract or unexpired lease that was deemed accepted. The amendment of an executory contract or unexpired lease after the Petition Date shall not, by itself, constitute the assumption of such executory contract or unexpired lease.~~.

**PLEASE TAKE FURTHER NOTICE THAT,** unless otherwise provided for in the Plan or in the Plan Supplement, the rejection damages for each Rejected Contract shall be zero ($0.00). In the event that the rejection of an ~~e~~Executory ~~c~~Contract or ~~u~~Unexpired ~~l~~Lease in the Plan results in damages to the other party or parties to such contract or lease, any Claim for such damages shall be classified and treated as a General Unsecured Claim. Such Claim shall be forever barred and unenforceable against any Debtor ~~or Reorganized Debtor~~, their respective Affiliates, successors or assigns or the property of any of them, unless a proof of Claim is filed with the Bankruptcy Court and served upon counsel for the Debtors by the later of (i) the date of entry of an order of the Bankruptcy Court approving such rejection, (ii) entry of the Confirmation Order, and (iii) the effective date of the rejection of such ~~e~~Executory ~~c~~Contract or ~~u~~Unexpired ~~l~~Lease.

**PLEASE TAKE FURTHER NOTICE THAT** each Rejected Contract shall be rejected only to the extent that it constitutes an ~~e~~Executory ~~c~~Contract or ~~u~~Unexpired ~~l~~Lease.[2]

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on ~~August 24[[●]]~~, **2023, at** ~~11:00 a.m.[[●]],~~ **prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without

---

[2] Neither the exclusion nor inclusion of any contract or lease in ~~Exhibit [[●]], Exhibit [[●]] or~~ Exhibit [[●]]to the Plan Supplement, nor anything contained in the Plan, shall constitute an admission by the Debtors that any such contract or lease is in fact an executory contract or unexpired lease or that the Reorganized Debtors have any liability thereunder.

further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** all parties filing responses and any objecting parties are required to attend the Hearing in accordance with the Bankruptcy Court's General Order M–543 and failure to attend may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE THAT,** except as provided below regarding amendments to ~~Exhibit [[●]], Exhibit [[●]] and~~ Exhibit [[●]] to the Plan Supplement, the deadline for filing responses or objections, if any, to the (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment, or (iv) any Cure Amount related to any contracts or leases to be assumed or assumed and assigned under the Plan (each a "Treatment Objection") is ~~August 17~~**[[●]], 2023 at 4:00 p.m., prevailing Eastern Time** (the "Confirmation Objection Deadline").   Any Treatment Objection must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline:

      (a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

      (b)    the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.;

      (c)    counsel to the Official Committee of Unsecured Creditors, White & Case LLP, ~~111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and~~ 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.; and

      (d)    any non-Debtor parties to such executory contract or unexpired lease.

**PLEASE TAKE FURTHER NOTICE THAT,** if any Treatment Objection is not timely filed and served before the Confirmation Objection Deadline, each counterparty to an assumed, assumed and assigned, or rejected ~~e~~Executory ~~c~~Contract or ~~u~~Unexpired ~~l~~Lease, whether entered before or after the Petition Date, **shall be forever barred** from (i) objecting to the rejection, assumption, assignment, rejection damages amount, and/or Cure Amount provided under the Plan, and shall be precluded from being heard at the Confirmation Hearing with respect to such objection; (ii) asserting against any ~~Reorganized~~ Debtor, its Affiliates, successors or assigns or the property of any of them, any default existing as of the Effective Date or any counterclaim, defense, setoff or any other interest asserted or assertable against the Debtors; and

(iii) imposing or charging against any ~~Reorganized Debtor~~Debtor, its Affiliates, successors or assigns or the property of any of them, any accelerations, assignment fees, increases or any other fees as a result of any assumption or, assumption and assignment or rejection pursuant to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT,** if the Debtors, in their discretion, determine that the amount asserted to be the necessary rejection damages amount would, if ordered by the Bankruptcy Court, make the rejection of the executory contract or unexpired lease imprudent, then the Debtors may elect to (i) assume the relevant ~~e~~Executory ~~c~~Contract or ~~u~~Unexpired ~~l~~Lease, (ii) assume and assign the relevant ~~e~~Executory ~~c~~Contract or ~~u~~Unexpired ~~l~~Lease, or (iii) request an expedited hearing on the resolution of the rejection damages dispute, exclude assumption or rejection of the contract or lease from the scope of the Confirmation Order, and retain the right to assume or assume and assign the executory contract or unexpired lease pending the outcome of such dispute.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors reserve their right, on or before **4:00 p.m. (prevailing Eastern Time)** on the Business Day immediately before the Confirmation Hearing, as may be rescheduled or continued, to (i) amend Exhibit [[●]]~~, Exhibit [[●]] and Exhibit [[●]]~~ to the Plan Supplement to delete or add any ~~unexpired lease or executory contract~~Executory Contract or Unexpired Lease. The counterparty to any ~~e~~Executory ~~c~~Contracts or ~~u~~Unexpired ~~l~~Leases first listed on or removed from Exhibit [[●]]~~, Exhibit [[●]] or Exhibit [[●]]~~ to the Plan Supplement, as applicable, on or before the date that is five (5) calendar days before the Confirmation Hearing, shall have five (5) calendar days from the date of such amended Exhibit to file a Treatment Objection. The counterparty to any ~~e~~Executory ~~c~~Contract or ~~u~~Unexpired ~~l~~Lease first listed on or removed from Exhibit [[●]]~~, Exhibit [[●]] or Exhibit [[●]]~~ to the Plan Supplement, as applicable, later than the date that is five (5) calendar days before the Confirmation Hearing, shall have until the Confirmation Hearing to file a Treatment Objection. The counterparty to any ~~e~~Executory ~~c~~Contracts or ~~u~~Unexpired ~~l~~Leases first listed on or removed from in Exhibit [[●]]~~, Exhibit [[●]] or Exhibit [[●]]~~ to the Plan Supplement, as applicable, on or after the date of the Confirmation Hearing, shall have ten (10) calendar days from the service of such amended Exhibit to file a Treatment Objection.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally. You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**Article VIII of the Plan contains Releases, Exculpations and Injunctions. Pursuant to the Plan, certain parties are releasing the Released Parties, which include**

4

certain third parties, from certain Claims and Causes of Action.    Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.

This notice is being sent to you for informational purposes only.   If you have any questions about this notice, you should contact the Solicitation Agent in accordance with the instructions provided above.   Please note that the Solicitation Agent cannot give you legal advice or advise you on how the Plan affects you or what actions you should take with respect to the Plan.  Any questions regarding those matters should be referred to your own counsel.

*[Remainder of page intentionally left blank.]*

Dated:  [[● ]] 2023
      New York, New York

*/s/ DRAFT*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**Exhibit 13**

Notice of Plan Supplement

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

<u>NOTICE OF FILING OF PLAN SUPPLEMENT</u>

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") entered an order [ECF No. [●]] (the "<u>Order</u>"): (i) authorizing the above-captors debtors and debtors in possession (collectively, the "<u>Debtors</u>") to solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan* [ECF No. [●]] (the "<u>Plan</u>"); (ii) approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code* [ECF No. [●]] (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); (iii) approving the solicitation materials and documents to be included in the solicitation packages; and (iv) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Order, on [[•]], the Debtors filed the Plan Supplement[2] with the Court.   The Plan Supplement may include, among other things, the following materials: (i) the New Governance Documents, (ii) the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

Plan Administration Agreement and Wind-Down Oversight Committee Bylaws, (iii) an exhibit disclosing the identity and affiliations of the PA Officer and any Person proposed to serve on the New Board or proposed to serve as an officer of any of the Wind-Down Debtors, (iv) the Schedule of Assumed Executory Contracts and Unexpired Leases, (v) an exhibit identifying the members of the Wind-Down Oversight Committee, (vi) an exhibit identifying the intercompany claims that shall constitute Excluded Claims, (vii) the Digital Assets Conversion Table, and (viii) the Gemini Withheld Assets Schedule, all of which shall be incorporated by reference into, and are an integral part of, the Plan, as all of the same may be amended, modified, replaced, and/or supplemented from time to time.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors will have the right to amend, supplement, or modify the Plan Supplement through the Effective Date in accordance with the Plan, the Bankruptcy Code and the Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on [[●]] **prevailing Eastern Time**, via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.   The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by agenda filed with the Court, and/or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is [[●, 2023]] **at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").   Any objection to the Plan must

(a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"); (c) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system; and (d) be served so as to be actually received by the Objection Deadline by: (i) the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.; and (v) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE THAT** if a controversy arises regarding whether any claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.   If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive

3

the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** additional copies of the Plan, Disclosure Statement, the Plan Supplement or any other solicitation materials (except for Ballots) are available free of charge by visiting the Kroll Restructuring Administration website at https://restructuring.ra.kroll.com/genesis.   You may also obtain copies of any pleadings by visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  [[● ]] 2023
        New York, New York

*/s/ DRAFT*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**<u>Exhibit 13-A</u>**
Blackline of Notice of Plan Supplement

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## <u>NOTICE OF FILING OF PLAN SUPPLEMENT</u>

**PLEASE TAKE NOTICE THAT** on [●], 2023, the United States Bankruptcy Court for

the Southern District of New York (the "<u>Court</u>") entered an order [ECF No. [●]] (the "<u>Order</u>"):

(i) authorizing the above-captors debtors and debtors in possession (collectively, the "<u>Debtors</u>")

to solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan* [ECF No. [~~427~~●]] (the

"<u>Plan</u>"); (ii) approving the *Amended Disclosure Statement with Respect to the Amended Joint*

*Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code* [ECF

No. [~~429~~●]] (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to

section 1125 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); (iii) approving the

solicitation materials and documents to be included in the solicitation packages; and (iv)

approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing

objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the

Order, on [[~~August 9 , 2023~~●]], the Debtors filed the Plan Supplement[2] with the Court.   The Plan

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan or Disclosure Statement, as applicable.

Supplement may include, among other things, the following materials: (ai) the ~~Amended and Restated Certificate of Incorporation and By-Laws of Reorganized Debtors; (b) the List of Officers and Directors of Reorganized~~New Governance Documents, (ii) the Plan Administration Agreement and Wind-Down Oversight Committee Bylaws, (iii) an exhibit disclosing the identity and affiliations of the PA Officer and any Person proposed to serve on the New Board or proposed to serve as an officer of any of the Wind-Down Debtors;, (eiv) the Schedule of Assumed Executory Contracts and Unexpired Leases ~~Rejected by the Debtors; (d) Executory Contracts and Unexpired Leases Assumed by the Debtors; (e) Executory Contracts and Unexpired Leases Assumed and Assigned by the Debtors; (f) the Disputed Claims and Amount Reserved for Disputed Claims; (g) Preserved Causes of Action; and (h) any other documents, instruments, or agreements necessary or appropriate to implement the Plan and the transactions contemplated thereby.~~, (v) an exhibit identifying the members of the Wind-Down Oversight Committee, (vi) an exhibit identifying the intercompany claims that shall constitute Excluded Claims, (vii) the Digital Assets Conversion Table, and (viii) the Gemini Withheld Assets Schedule, all of which shall be incorporated by reference into, and are an integral part of, the Plan, as all of the same may be amended, modified, replaced, and/or supplemented from time to time.

**PLEASE TAKE FURTHER NOTICE THAT** the Debtors will have the right to amend, supplement, or modify the Plan Supplement through the Effective Date in accordance with the Plan, the Bankruptcy Code and the Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on ~~**August 24, 2023 at 11:00 a.m.,**~~**[[●]]** prevailing Eastern Time, via Zoom before the Honorable Judge Sean

H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.   The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by agenda filed with the Court, and/or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is ~~**August 17**~~[[●, **2023**]] **at 4:00 p.m., prevailing Eastern Time** (the "Objection Deadline").   Any objection to the Plan must ~~be~~ (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"); (c) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system; and (d) be served so as to be actually received by the Objection Deadline~~,~~ by: (i) the Chambers of the Honorable Sean H. Lane, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP, ~~111 South Wacker Drive Suite 5100,~~

~~Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and~~ 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.; and (v) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules.

**PLEASE TAKE FURTHER NOTICE THAT** if a controversy arises regarding whether any claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.    If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** additional copies of the Plan, Disclosure Statement, the Plan Supplement or any other solicitation materials (except for Ballots) are available free of charge by visiting the Kroll Restructuring Administration website at https://restructuring.ra.kroll.com/genesis.    You may also obtain copies of any pleadings by visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated:  [[● ]] 2023
        New York, New York

/s/ DRAFT
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## **Exhibit 14**
Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

<div align="center">

**NOTICE OF HEARING TO CONSIDER**
**CONFIRMATION OF THE AMENDED JOINT PLAN**
**FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

</div>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    On [●] 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No. [●]] (the "Order"): (i) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan* [ECF No. [●]] (including all exhibits annexed thereto and as it may be amended, altered, modified, revised, or supplemented from time to time) (the "Plan"); (ii) approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code* [ECF No. [●]] (including all exhibits attached thereto, and as may be amended, altered, modified, revised, or supplemented from time to time) (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the solicitation packages; and (iv) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

2. The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **[[●]], 2023 at [[●]]., prevailing Eastern Time**, via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

3. The deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is **[[●]], 2023 at 4:00 P.M. prevailing Eastern Time** (the "Objection Deadline"). Any objection to the Plan must (a) be in writing; (b) be in English; (c) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"); (d) state with particularity the basis and nature of any objection to the Plan; (e) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system; and (f) be served so as to be actually received by the Objection Deadline by: (i) the Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.; and (v) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules.

4.        Pursuant to the Order, the Court approved the use of certain materials in the solicitation of votes to accept or reject the Plan and certain procedures for the tabulation of votes to accept or reject the plan.  If you are a holder of a Claim against the Debtors as of [[•]], 2023 (the "Voting Record Date") or such other date established by the Order, and entitled to vote, you should receive a ballot form ("Ballot") and instructions for completing the Ballot.

5.        The deadline for voting on the Plan is on **[[•]], 2023** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must** (a) follow the Ballot instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by Kroll Restructuring Administration LLC (the "Solicitation Agent" or "Kroll") on or before the Voting Deadline.  **A failure to follow such instructions** may disqualify your vote.

6.        If a controversy arises regarding whether any claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.   If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the Holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class

3

in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

7.      The Debtors will file the Plan Supplement (as defined in the Plan) on or before **[[●]], 2023**, and will serve notice on all the Holders of Claims, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

8.      If confirmed, the Plan shall bind all Holders of Claims and Holders of Equity Interests to the maximum extent permitted by applicable law, whether or not such holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these Chapter 11 cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.

9.      Additional copies of the Plan, Disclosure Statement, or any other solicitation materials (except for Ballots) are available free of charge by visiting the Kroll's website at https://restructuring.ra.kroll.com/genesis.   You may also obtain copies of any pleadings by visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies, of solicitation materials, but may **__not__** advise you of your legal rights under the Plan or as to whether you should vote to accept or reject the Plan.

Dated:  [[● ]] 2023                            */s/ DRAFT*
      New York, New York          Sean A. O'Neal
                                                Luke A. Barefoot
                                                Jane VanLare
                                                  CLEARY GOTTLIEB STEEN &
                                                HAMILTON LLP
                                                  One Liberty Plaza
                                                  New York, New York 10006
                                                  Telephone: (212) 225-2000
                                                  Facsimile: (212) 225-3999

                                                  *Counsel to the Debtors*
                                                  *and Debtors-in-Possession*

5

## **Exhibit 14-A**
Blackline of Publication Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

<div align="center">

**NOTICE OF HEARING TO CONSIDER**
**CONFIRMATION OF THE AMENDED JOINT PLAN**
**FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES**

</div>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.       On [●] 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No. [●]] (the "Order"): (i) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan* [ECF No. [●]] (including all exhibits annexed thereto and as it may be amended, altered, modified, revised, or supplemented from time to time) (the "Plan"); (ii) approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code* [ECF No. [●]] (including all exhibits attached thereto, and as may be amended, altered, modified, revised, or supplemented from time to time) (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the solicitation packages;

---

[1]        The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

and (iv) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

2.      The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on ~~August  24~~**[[●]], 2023 at ~~11:00  A.M.~~[[●]].,** **prevailing Eastern Time**, via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

3.      The deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is ~~August 17~~**[[●]], 2023 at 4:00 P.M. prevailing Eastern Time** (the "Objection Deadline").    Any objection to the Plan must (a) be in writing; (b) be in English; (c) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"); (d) state with particularity the basis and nature of any objection to the Plan; (e) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system; and (f) be served so as to be actually received by the Objection Deadline~~,~~ by: (i) the Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300

Quarropas Street, White Plains, NY 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, White & Case LLP, ~~111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and~~ 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.; and (v) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules.

4.      Pursuant to the Order, the Court approved the use of certain materials in the solicitation of votes to accept or reject the Plan and certain procedures for the tabulation of votes to accept or reject the plan.  If you are a holder of a Claim against the Debtors as of ~~July 5~~[[•]], 2023 (the "Voting Record Date") or such other date established by the Order, and entitled to vote, you should receive a ballot form ("Ballot") and instructions for completing the Ballot.

5.      The deadline for voting on the Plan is on **~~August 14~~[[•]], 2023** (the "Voting Deadline"). If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must** (a) follow the Ballot instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by Kroll Restructuring Administration LLC (the "Solicitation Agent" or "Kroll") on or before the Voting Deadline.  **A failure to follow such instructions** may disqualify your vote.

3

6.      If a controversy arises regarding whether any claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.   If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the Holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

7.      The Debtors will file the Plan Supplement (as defined in the Plan) on or before ~~August 9~~**[[●]], 2023**, and will serve notice on all the Holders of Claims, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

8.      If confirmed, the Plan shall bind all Holders of Claims and Holders of Equity Interests to the maximum extent permitted by applicable law, whether or not such holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these Chapter 11 cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.

9.      Additional copies of the Plan, Disclosure Statement, or any other solicitation materials (except for Ballots) are available free of charge by visiting the Kroll's website at https://restructuring.ra.kroll.com/genesis.   You may also obtain copies of any pleadings by visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies, of solicitation materials, but may **not** advise you of your legal rights under the Plan or as to whether you should vote to accept or reject the Plan.

Dated:  [[● ]] 2023                              */s/ DRAFT*
        New York, New York                      Sean A. O'Neal

Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**Exhibit 15**
Cover Note

Dear Genesis Clients, Customers and Stakeholders,

On January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco"), Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP") (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (the "Chapter 11 Cases").

You have received this letter and the enclosed materials because you are entitled to vote on the *Debtors' Amended Joint Chapter 11 Plan* (as modified, amended, or supplemented from time to time, the "Plan") [ECF No. [[●]].  On [●], 2023, the Bankruptcy Court entered an order [ECF No. [●]] (the "Disclosure Statement Order") (a) authorizing the Debtors to solicit acceptances for the Plan; (b) finding the *Amended Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC,* et al*., Under Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Disclosure Statement") [ECF No. [[●]] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving solicitation packages, including the form of ballots, and procedures for the distribution thereof (the "Solicitation Package"); (d) establishing voting and tabulation procedures; and (e) establishing notice and objection procedures relating to the confirmation of the Plan.

## I.    Recommendation

Before and throughout these Chapter 11 Cases, we, the Debtors along with our advisors, have been engaged in robust negotiations with many key stakeholders and their advisors— including Digital Currency Group, Inc. ("DCG"), Gemini Trust Company, LLC ("Gemini"), the official committee of unsecured creditors (the "Committee"), the ad hoc group of Genesis creditors (the "Ad Hoc Group"), the ad hoc group of lenders represented by Pryor Cashman LLP (the "Pryor Cashman Group") and the ad hoc group of unsecured claimants represented by Brown Rudnick LLP (the "Brown Rudnick Group")—to devise a path forward that maximizes recoveries and achieves the best outcome for our creditors.  Unfortunately, despite substantial efforts, including a court-ordered mediation, the parties were unable to reach a consensual resolution to these Chapter 11 Cases.  **The Debtors firmly believe that the Plan provides the best recovery available under the circumstances to Holders of Allowed Claims[1] and is in the best interest of the Debtors' estates and all other parties in interest.  We encourage you to vote to ACCEPT the Plan.**

## II.    The Plan

The Plan contemplates that each Holder of Allowed General Unsecured Claims against the Debtors will receive its Pro Rata Share of the Distributable Assets (as defined in the Plan) allocated to the Class of such Holder in accordance with the distribution mechanics attached to the Disclosure Statement.  Holders of Allowed General Unsecured Claims against the Debtors will, in the absence of any other treatment under the Plan or the Confirmation Order, solely for

---

[1]       Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

purposes of receiving distributions pursuant to the Plan and otherwise subject to the provisions of the Plan (including the release and injunction provisions set forth in the Plan), remain obligations of Wind-Down GGC after the Effective Date.

Additional key components of the Plan include:

    a.   Payment in full of all Allowed Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, and Professional Fee Claims;

    b.   The funding of a Litigation Reserve that allocates a fixed amount to litigation of any Retained Causes of Action, including Causes of Actions against the DCG Parties;

    c.   Customary releases of all claims by the Releasing Parties against the Released Parties related in any way to the Debtors; *provided*, that the Plan shall not release any DCG Parties or any former officers and directors of the Debtors who did not serve as officers or directors of the Debtors as of the Petition Date; *provided further*, that current officers and directors of the Debtors (solely in their capacities as such) shall be released only with the written consent of the Special Committee prior to the Effective Date, with the exception of (x) the members of the Special Committee, who shall be Released Parties without the need for such consent, and (y) any current and former officers and directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties; and

    d.   For purposes of distributions to be made under the Plan, Gemini shall be deemed to be the Holder of all Gemini Lender Claims, and all distributions on account of Allowed Gemini Lender Claims shall be made to the Gemini Distribution Agent and held in trust in a segregated account for the benefit of the Holders of Allowed Gemini Lender Claims.  As soon as practicable following delivery of any distribution to the Gemini Distribution Agent under the Plan on account of Allowed Gemini Lender Claims, the Gemini Distribution Agent shall arrange to deliver or direct the delivery of such distributions to or on behalf of the Holders of Allowed Gemini Lender Claims.

**The Plan contains certain releases, exculpations and injunctions.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.**

## III.   The Solicitation Package

This letter is part of your Solicitation Package, which was approved by the Bankruptcy Court for distribution to Holders of Claims or Interests in connection with the solicitation of votes to accept or reject the Plan.  Please review these materials carefully and follow instructions contained therein.  The Solicitation Package consists of the following:

    i.   the Confirmation Hearing Notice;

ii.    the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 thereto);

iii.    the Disclosure Statement (and exhibits thereto, including the Plan);

iv.    the applicable Ballot, together with detailed voting instructions and, if applicable, a pre-addressed, postage pre-paid return envelope; and

v.    such other materials as the Court may direct.

The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, please (i) visit the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) write Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) email genesisinfo@ra.kroll.com; or (iv) call the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally. You may also email genesiscreditorinquiry@cgsh.com.

## IV.    Key Upcoming Dates

All Ballots, in order to be counted, must be properly completed, executed and delivered so as to be **actually received** by the Debtors' Solicitation Agent no later than the **Voting Deadline, [[●]], at 4:00 pm. (ET)**.

The hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **[[●]], 2023 at [[●]]., prevailing Eastern Time** in-person and/or via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

The deadline for filing objections to the Plan is **[[●]], at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

## **<u>Exhibit 15-A</u>**
Blackline of Cover Note

Dear Genesis Clients, Customers and Stakeholders,

On January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco"), Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP") (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (the "Chapter 11 Cases").

You have received this letter and the enclosed materials because you are entitled to vote on the *Debtors' Amended Joint Chapter 11 Plan* (as modified, amended, or supplemented from time to time, the "Plan") [ECF No. ~~427~~[[●]]. On [●], 2023, the Bankruptcy Court entered an order [ECF No. [●]] (the "Disclosure Statement Order") (a) authorizing the Debtors to solicit acceptances for the Plan; (b) finding the *Amended* Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code (as modified, amended, or supplemented from time to time, the "Disclosure Statement") [ECF No. [[●]] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving solicitation packages, including the form of ballots, and procedures for the distribution thereof (the "Solicitation Package"); ~~and~~ (d) establishing voting and tabulation procedures; and (e) establishing notice and objection procedures relating to the confirmation of the Plan.

## I.    Recommendation

Before and throughout these Chapter 11 Cases, we, the Debtors along with our advisors, have been engaged in robust negotiations with many key stakeholders and their advisors—including Digital Currency Group, Inc. ("DCG"), Gemini Trust Company, LLC ("Gemini"), the official committee of unsecured creditors (the "Committee")~~and~~, the ad hoc group of Genesis creditors (the "Ad Hoc Group"), the ad hoc group of lenders represented by Pryor Cashman LLP (the "Pryor Cashman Group") and the ad hoc group of unsecured claimants represented by Brown Rudnick LLP (the "Brown Rudnick Group")—to devise a path forward that maximizes recoveries and achieves the best outcome for our creditors. ~~We~~Unfortunately, despite substantial efforts, including a court-ordered mediation, the parties were unable to reach a consensual resolution to these Chapter 11 Cases. **The Debtors firmly believe** ~~acceptance of~~**that the Plan provides the best recovery available under the circumstances to Holders of Allowed Claims[1] and is in the best interest of** ~~our~~**the Debtors'** estates~~, Holders of Claims or Interests,~~ **and all other parties in interest**~~, and we~~. **We encourage you to vote to** ~~accept~~**ACCEPT the Plan**.

## II.    The Plan

~~The Plan provides for the Debtors to continue the ongoing marketing and sale process to sell any or all of the assets of the Debtors, the Genesis Platform, or the Genesis Platform along~~

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

~~with GGT, with the goal of achieving the highest recoveries possible for all stakeholders. If the sale process does not result in a Sale Transaction with respect to all of the Genesis Platform, the Plan provides for the option (subject to the consent rights of the Committee and the Ad Hoc Group as described under the Plan) to have any unsold portion of the Genesis Platform be reorganized as a going concern for the benefit of the Holders of Allowed Claims. In that scenario, Reorganized GGH will retain, for the benefit of the Holders of Allowed Claims, one hundred percent (100%) of the Equity Securities in Genesis Bermuda Holdco Limited ("GBHL") (or, if GBHL is sold in the Sale Transaction, in any unsold subsidiaries of GBHL).~~

~~Further, the~~The Plan contemplates that <u>each Holder of Allowed General Unsecured Claims against the Debtors will receive its Pro Rata Share of the Distributable Assets (as defined in the Plan) allocated to the Class of such Holder in accordance with the distribution mechanics attached to the Disclosure Statement.</u> Holders of Allowed General Unsecured Claims against the Debtors will ~~receive a combination of, among other things, (i) the Debtors' available Cash and Digital Assets, which shall include any sales proceeds resulting from the Debtors' sales process, (ii) recoveries from the DCG Loans and the DCG Note, (iii) recoveries from preserved Estate claims and Causes of Action, including Avoidance Actions and any claims and Causes of Action against DCG, and (iv) equity interests in Reorganized GGH or Wind-Down GGH, as applicable, to the extent Holders affirmatively elect to receive them, subject to the conditions~~<u>, in the absence of any other treatment under the Plan or the Confirmation Order, solely for purposes of receiving distributions pursuant to the Plan</u> and otherwise subject to the provisions of the Plan <u>(including the release and injunction provisions</u> set forth in the Plan<u>), remain obligations of Wind-Down GGC after the Effective Date</u>.

Additional key components of the Plan include:

    a.   Payment in full of all Allowed Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, and Professional Fee Claims;

    b.   The funding of a Litigation Reserve that allocates a fixed amount to litigation of any Retained Causes of Action, including ~~Avoidance~~<u>Causes of</u> Actions against the DCG Parties;

    c.   Customary releases of all claims by the Releasing Parties against the Released Parties related in any way to the Debtors; *provided*, that the ~~Amended~~ Plan shall not release any DCG Parties or any former officers and directors of the Debtors <u>who did not serve as officers or directors of the Debtors</u> as of the ~~Effective~~<u>Petition</u> Date; *provided further*, that current officers and directors of the Debtors (solely in ~~its~~<u>their</u> capacit~~y~~<u>ies</u> as such) shall be released only with the written consent of the Special Committee prior to the Effective Date, with the exception of (x) the members of the Special Committee, who shall be Released Parties without the need for such consent, and (y) any current <u>and former</u> officers and directors of the Debtors ~~that~~<u>as of the Petition Date and</u> are also DCG Parties, who shall not be Released Parties;<u> and</u>

    ~~d.   Subject to applicable law and certain conditions set forth in the Plan, Holders of Allowed Claims denominated in Digital Assets will receive in-kind distributions~~

~~in the form of the Digital Asset in which such respective Claims are denominated; and~~

d. ~~e.~~ For purposes of distributions to be made under the ~~Amended~~ Plan, Gemini shall be deemed to be the Holder of all Gemini Lender Claims, and all distributions on account of Allowed Gemini Lender Claims shall be made to the Gemini Distribution Agent and held in trust in a segregated account for the benefit of the Holders of Allowed Gemini Lender Claims.  As soon as practicable following delivery of any distribution to the Gemini Distribution Agent under the Plan on account of Allowed Gemini Lender Claims, the Gemini Distribution Agent shall arrange to deliver or direct the delivery of such distributions to or on behalf of the Holders of Allowed Gemini Lender Claims.

**The Plan contains certain releases ~~(including third-party releases)~~, exculpations and injunctions. ~~The releases to be implemented pursuant to the Plan preserve value by enabling the Debtors to emerge swiftly from chapter 11 while giving finality to all stakeholders~~.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.**

## III.    The Solicitation Package

This letter is part of your Solicitation Package, which was approved by the Bankruptcy Court for distribution to Holders of Claims or Interests in connection with the solicitation of votes to accept or reject the Plan.  Please review these materials carefully and follow instructions contained therein.  The Solicitation Package consists of the following:

     i.    the Confirmation Hearing Notice;

    ii.    the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 thereto);

   iii.    the Disclosure Statement (and exhibits thereto, including the Plan);

   iv.    the applicable Ballot, together with detailed voting instructions and, if applicable, a pre-addressed, postage pre-paid return envelope; and

    v.    such other materials as the Court may direct.

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, please (i) visit the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) write Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) email genesisinfo@ra.kroll.com; or (iv) call the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also email genesiscreditorinquiry@cgsh.com.

**IV.    Key Upcoming Dates**

All Ballots, in order to be counted, must be properly completed, executed and delivered so as to be **actually received** by the Debtors' Solicitation Agent no later than the **Voting Deadline, ~~August 14, 2023~~[[●]], at 4:00 pm. (ET)**.

The hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on ~~August 24~~[[●]], 2023 at ~~11:00 A.M~~[[●]]., **prevailing Eastern Time** in-person and/or via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

The deadline for filing objections to the Plan is ~~August 17~~[[●]], ~~2023~~ at **4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(b)    the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)    counsel to the Official Committee of Unsecured Creditors, White & Case LLP, ~~111 South Wacker Drive Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce, Esq., and~~ 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

4