Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**GENESIS DEBTORS' MOTION FOR AUTHORITY
TO REDACT AND FILE CERTAIN INFORMATION
UNDER SEAL IN CONNECTION WITH THE GENESIS DEBTORS'
MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE
9019(A) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT
WITH THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL, LTD.**

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Genesis Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of

---

[1] The Genesis Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") authorizing the Genesis Debtors to redact and file under seal, in part, (i) Exhibit B (the "Settlement Agreement") to the *Genesis Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for Entry of an Order Approving Settlement Agreement with Three Arrows Capital, Ltd.* (the "9019 Motion") and (ii) those portions of the 9019 Motion quoting or referencing certain commercially sensitive information contained within the Settlement Agreement (the "Sealed Portions"). The 9019 Motion and the Settlement Agreement have been filed with the proposed redactions contemporaneously herewith. In support of this Motion, the Genesis Debtors respectfully state as follows:

## BACKGROUND AND RELEVANT FACTS[2]

1.     On January 19, 2023, each of the Genesis Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Genesis Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Genesis Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b). ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases. ECF No. 55.

2.     On May 22, 2023, Three Arrows Capital, Ltd. ("3AC") filed proofs of claim numbered 523, 526 and 527 against the Genesis Debtors (collectively, the "Original Claims").

---

[2]     Additional relevant background can be found in the 9019 Motion, which is not repeated in this Motion in the interest of efficiency and economy.

2

3.  On July 19, 2023, the Genesis Debtors filed the *Debtors' First Omnibus Objection (Substantive) to Claim Nos. 523, 526 and 527 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 530), seeking to expunge and disallow in full the Original Claims.

4.  On August 18, 2023, 3AC filed proofs of claim numbered 981, 982 and 990 against the Genesis Debtors, amending and superseding proofs of claim numbered 523, 526 and 527, respectively (collectively, the "Amended Claims" and, together with the Original Claims, the "3AC Claims").

5.  On September 1, 2023, the Genesis Debtors filed the *Debtors' Second Omnibus Objection (Substantive) to Claim Nos. 523, 526, 527, 981, 982 and 990 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007* (ECF No. 658), seeking to expunge and disallow in full the 3AC Claims.

6.  On October 22, 2023, (i) the Genesis Debtors and 3AC reached an agreement in principle to settle the 3AC Claims and (ii) Digital Currency Group, Inc. ("DCG") and 3AC reached an agreement in principle to settle certain claims between DCG and 3AC.

## JURISDICTION AND VENUE

7.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## RELIEF REQUESTED

8.  The Genesis Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Genesis Debtors to redact

3

and file confidential and commercially sensitive portions of the Settlement Agreement (as redacted, the "Sealed Exhibit") and the Sealed Portions, and directing that the Sealed Exhibit and Sealed Portions remain under seal, confidential, and not be made available to any third party without further order from the Court, *provided*, *however*, that copies shall be provided on a confidential basis to the Court, the U.S. Trustee (the "UST"), the Committee, 3AC, and, subject to 3AC's consent or an order of the Court, other parties that so request and have assented to the terms of the Protective Order (as defined below).

## BASIS FOR RELIEF

9. Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion be filed under seal. Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, that a court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ." Fed. R. Bank. P. 9018. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). If the Court determines that filed documents are covered by Section 107(b), the Court must issue a remedy that will protect the interested party and "has no discretion to deny the

4

application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Northstar Energy, Inc.*, 315 B.R. 425, 428 (Bankr. E.D. Tex. 2004) ("In fact, § 107(b) *mandates* the protection of certain types of information, including 'confidential commercial information.'") (emphasis in original); *In re Glob. Crossing*, 295 B.R. at 725. Section 107(b) is "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. at 429 (*citing In re Glob. Crossing, Ltd.*, 295 B.R. at 725).

11. Courts have recognized the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b) and the moving party is not required to demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 28.[3] Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *In re Glob. Crossing, Ltd.*, 295 B.R. at 724; *see also* Fed. R. Bankr. P. 9018.

12. The Genesis Debtors have previously requested that the Court enter orders, pursuant to 11 U.S.C. § 107(b), to protect such confidential information, and the Court has entered such orders in these Chapter 11 Cases.

13. For example, on April 20, 2023, the Court entered the *Stipulation and Confidentiality Agreement and Protective Order* (the "Protective Order", ECF No. 238), which

---

[3] This Court and other courts in this District have granted relief for similar requests to file commercially sensitive business information under seal. *See, e.g.*, Order, *In re Avianca Holdings S.A., et al.*, Case No. 20-11133 (MG) (S.D.N.Y. Bankr. June 19, 2020) (ECF No. 299) (business and personal information); Order, *In re Walter Inv. Mgmt. Corp.*, Case No. 17-13446 (JLG) (S.D.N.Y. Bankr. Dec. 13, 2017), ECF No. 83 (business information).

established procedures to facilitate the production and exchange of Discovery Material (as defined in 2(b) of the Protective Order) that (i) contains confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information; (ii) contains private or confidential personal information; (iii) contains information that, pursuant to any domestic or foreign law, regulation, or court order, is kept confidential or is subject to restrictions on its use or disclosure; (iv) is subject to a confidentiality agreement or other form of non-disclosure agreement that (A) was entered into in good faith and for a legitimate business purpose and (B) was in effect on the date of entry of this Confidentiality Stipulation; (v) is otherwise entitled to protection under 11 U.S.C. § 107(b) or (c), Federal Rule of Civil Procedure 26(c), or Federal Rule of Bankruptcy Procedure 9018; and/or (vi) contains any other category of information given Confidential status by the Court. Pursuant to the Protective Order, producing parties can designate Discovery Material as Confidential Material or Highly Confidential Material as applicable and then the receiving parties can only use and disclose such material in accordance with the provisions of the Protective Order.[4]

14. Here, the Sealed Exhibit and the Sealed Portions contain sensitive non-public information concerning terms of a proposed settlement agreement between two non-debtors: Digital Currency Group, Inc. ("DCG") and 3AC. As a threshold matter, although each of the Genesis Debtors, DCG and 3AC are parties to the Settlement Agreement, the relief requested in this Motion relates solely to information involving the specific settlement terms between DCG and

---

[4] The Court similarly entered an order authorizing the Genesis Debtors, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the names, home addresses and email addresses of individuals listed on the consolidated creditors list and the addresses and email addresses of other creditors listed on the consolidated creditors list or other documents filed with this Court. ECF No. 694.

3AC—not any of the terms involving the Genesis Debtors, which terms are the sole subject of the 9019 Motion.

15.     Both DCG and 3AC are currently parties to various proceedings and litigations in multiple courts throughout the world, including 3AC's insolvency proceedings ("BVI Proceedings"), which is currently pending in the British Virgin Islands before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial division), captioned as *In re Three Arrows Cap. Ltd.*, Case No. BVIHCOM2022/0119 (June 27, 2022), and which has been recognized as a foreign main proceeding pursuant to chapter 15 of the Bankruptcy Code in the case captioned *In re Three Arrows Cap., Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022).  The Genesis Debtors understand that certain aspects of the BVI Proceedings themselves, as well as the majority of the items filed on the docket, are sealed from public view. The Genesis Debtors also understand that the Sealed Exhibit and Sealed Portions will not be subject to broad public disclosure in the BVI Proceedings as part of 3AC's process to obtain approval of the settlement.

16.     The specific terms of the settlement between DCG and 3AC could reasonably be expected to have potential negative impacts on any existing or future litigations to which each is or may become a party, including their ability settle such litigations on their own, independent terms.  In other words, third parties could seek to extract more favorable settlement terms from DCG or 3AC in other, unrelated litigations based on information gained from the Settlement Agreement.  This is precisely the type of potential commercial industry that courts consider when granting motions to seal.  *See In re Glob. Crossing, Ltd.*, 295 B.R. at 725 (Bankr. S.D.N.Y. 2003). Moreover, none of the relief requested herein would otherwise deprive the Genesis Debtors' creditors or other parties-in-interest from the benefit of full, public disclosure of the Settlement

Motion as it relates to the Genesis Debtors. No approval by this Court is required as to the settlement terms between DCG and 3AC.

17.     In addition, given the Genesis Debtors' understanding of the sealed nature of the BVI Proceedings, the Genesis Debtors believe that granting the relief requested herein would promote the interest of international comity without being inconsistent with the public policy of the United States and its courts. As noted above, the Sealed Exhibit and the Sealed Portions are entirely unrelated to the Genesis Debtors, their estates, and these Chapter 11 Cases as a whole. Section 1509 of the Bankruptcy Code states, "If the court grants recognition under section 1517," which is the case here with respect to the BVI Proceedings, "and subject to any limitations that the court may impose consistent with the policy of this chapter . . . (3) a court in the United States shall grant comity or cooperation to the foreign representative." 11 U.S.C. § 1509(b)(3) (emphasis added); *see In re OAS S.A.*, 533 B.R. 83, 99 (Bankr. S.D.N.Y. 2015) (quoting *In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1047 (5th Cir. 2012) ("Although use of the word 'comity' connotes recognition of another judicial proceeding, the word 'cooperation' suggests a much broader meaning."). Section 1525 of the Bankruptcy Code further provides, "Consistent with section 1501, the court *shall cooperate to the maximum extent possible* with a foreign court or a foreign representative, either directly or through the trustee." 11 U.S.C. § 1525(a) (emphasis added).

18.     Courts have granted requests to seal settlement agreements, in whole or in part, in comparable chapter 11 cases. *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del. Oct. 6, 2021), D.I. 593 (authorizing debtors to maintain a settlement agreement under seal); *In re Zohar III, Corp., et al.*, Case No. 18-10512 (CSS) (Bankr. D. Del. May 17, 2018), D.I. 263 (authorizing debtors to file portions of settlement agreement and related information under seal); *see also In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt.) (stating "[t]he criteria to be considered in determining

whether confidentiality provisions in settlements justify keeping the substance of such settlements from public access must be flexible and vary according to the nature of the settlement and the specific extent and core-ness of the impact of the settlement on the bankruptcy case" and providing a multi-factor test for determining when sealing in such instances is appropriate).

19. By this Motion, the Genesis Debtors respectfully request that the Court enter the Proposed Order authorizing the Genesis Debtors to redact and file confidential and commercially sensitive portions of the Sealed Exhibit and the Sealed Portions under seal in accordance with the Bankruptcy Code, Bankruptcy Rule 9018, Local Rule 9018-1, and in the interests of international comity, and directing that such Sealed Exhibit and related portions of the 9019 Motion remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the order approving this Motion. The Genesis Debtors will also provide unredacted copies of the Sealed Exhibit and the unredacted 9019 Motion to the Court, the UST, the Committee, 3AC, and, subject to 3AC's consent or and Order of the Court, such other parties that may request and have signed the Protective Order.

## NOTICE

20. The Genesis Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44). The Genesis Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

21. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the reason set forth herein the Genesis Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as <u>Exhibit A</u> and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated:  November 9, 2023<br>       New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Andrew Weaver<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 23-10063 (SHL)<br><br>Jointly Administered |

**ORDER AUTHORIZING THE
DEBTORS TO REDACT AND FILE CERTAIN INFORMATION
UNDER SEAL IN CONNECTION WITH THE GENESIS DEBTORS'
MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE
9019(A) FOR ENTRY OF AN ORDER APPROVING SETTLEMENT AGREEMENT
WITH THE JOINT LIQUIDATORS OF THREE ARROWS CAPITAL, LTD.**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Genesis Debtors") for entry of an order (this "Order"), authorizing the Genesis Debtors to file the Sealed Exhibit and the Sealed Portions and directing that such information remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Genesis Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Genesis Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Genesis Debtors are authorized (i) to file the Sealed Exhibit on the public docket of this case in its redacted form, (ii) to file Sealed Portions on the public docket of this case in its redacted form, and (iii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, hard copies and electronic copies of the Sealed Exhibit and the 9019 Motion in their entirety, in each case clearly labeled "FILED UNDER PENDING MOTION TO SEAL."

3. The Sealed Exhibit and the unredacted 9019 Motion shall remain under seal and shall not be made available, without the consent of the Genesis Debtors or without further order of this Court, to anyone other than (on a confidential basis) this Court, the UST, the Committee, 3AC, and, subject to 3AC's consent or an order of the Court, such other parties that may request and have signed the Protective Order.

4. To the extent that the Sealed Exhibit or the Sealed Portions are attached or referred to in any further pleadings or document filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

5. Upon the passing of forty-five (45) days after the final disposition of the Chapter 11 Cases, any party that has filed materials under seal shall reclaim all documents filed under seal or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6. Nothing in this Order prejudices the rights of any party-in-interest, including the UST, to seek, on appropriate motion, the unsealing of the Sealed Exhibit, the Sealed Portions, or any part thereof.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
      White Plains, New York

                                HONORABLE SEAN H. LANE
                                UNITED STATES BANKRUPTCY JUDGE