**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin T. West
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113

– and –

Gregory F. Pesce (admitted *pro hac vice*)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone: (312) 881-5400
Facsimile:  (312) 881-5450

– and –

Amanda Parra Criste (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Genesis Global Holdco, LLC, *et al.*,[1] | ) | Case No.: 23-10063 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1]    The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's tax identification number (as applicable) are as follows:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**NOTICE OF SECOND INTERIM FEE APPLICATION OF WHITE & CASE LLP,
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,
FOR COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED,
FOR THE PERIOD JUNE 1, 2023 THROUGH SEPTEMBER 30, 2023**

**PLEASE TAKE NOTICE** that White & Case LLP has filed the attached *Second Interim Application of White & Case LLP, Counsel to the Official Committee of Unsecured Creditors, for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period June 1, 2023 Through September 30, 2023* (the "**Application**").

**PLEASE TAKE FURTHER NOTICE** that, if any party wishes to file a response or objection to the Application, any such response or objection must be timely filed on or before the seventh (7th) day before the hearing on such Application, such hearing yet to be scheduled.  At the same time, you must serve a copy of the objection or response on the undersigned attorneys.

**PLEASE TAKE FURTHER NOTICE** THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

*[Remainder of Page Left Intentionally Blank]*

Dated:   November 13, 2023
         New York, New York

Respectfully submitted,

_/s/ Philip Abelson_

**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin T. West
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 819-8200
Facsimile:    (212) 354-8113
E-mail:        cshore@whitecase.com
               philip.abelson@whitecase.com
               cwest@whitecase.com
               michele.meises@whitecase.com

– and –

Gregory F. Pesce (admitted _pro hac vice_)
111 South Wacker Drive, Suite 5100
Chicago, IL 60606-4302
Telephone:    (312) 881-5400
Facsimile:    (312) 881-5450
E-mail:        gregory.pesce@whitecase.com

– and –

Amanda Parra Criste (admitted _pro hac vice_)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:    (305) 371-2700
Facsimile:    (305) 358-5744
E-mail:        aparracriste@whitecase.com


_Counsel to the Official Committee of_
_Unsecured Creditors_

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Genesis Global Holdco, LLC, *et al.*,[1] | ) | Case No.: 23-10063 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**COVER SHEET FOR**
**SECOND INTERIM APPLICATION OF WHITE & CASE LLP,**
**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**FOR COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD JUNE 1, 2023 THROUGH SEPTEMBER 30, 2023**

| | |
|---|---|
| **Name of Applicant:** | White & Case LLP |
| **Name of Client:** | Official Committee of Unsecured Creditors |
| **Petition Date:** | January 19, 2023 |
| **Retention Date:** | April 13, 2023, effective as of February 10, 2023 |
| **Date of Order Approving Retention:** | April 13, 2023 [Docket No. 222] |
| **Time Period Covered by Application:** | June 1, 2023 – September 30, 2023 |
| **Total Fees Requested in This Application:** | $5,517,240.00 |
| **Total Expenses Requested in This Application:** | $8,949.00 |
| **Total Fees and Expenses Requested in This Application:** | $5,526,189.00 |
| **Total Fees and Expenses Previously Voluntarily Reduced and Not Included in This Application** | $355,003.40 |

---

[1]    The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's tax identification number (as applicable) are as follows:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

## Summary of Monthly Fee Statements for Compensation Period

| Dated Filed & Docket No. | Statement Period[1] | Total Requested Fees (100%) | Interim Fees Paid or to Be Paid (80%) | Fee Holdback (20%) | Total Expenses Requested (100%) | Interim Expenses Paid or to Be Paid (100%) |
|---|---|---|---|---|---|---|
| 08/03/2023 Docket No. 577 | 06/01/2023-06/30/2023 | $1,510,505.00 | $1,208,404.00 | $302,101.00 | $1,473.27 | $1,473.27 |
| 09/14/2023 Docket No. 703 | 07/01/2023-07/31/2022 | $1,214,519.00 | $971,615.20 | $242,903.80 | $1,842.63 | $1,842.63 |
| 10/04/2023 Docket No. 780 | 08/01/2023-08/31/2023 | $1,333,585.00 | $1,066,868.00 | $266,717.00 | $3,568.65 | $3,568.65 |
| 11/01/2023 Docket No. 878 | 09/01/2023-09/30/2023 | $1,458,631.00 | $1,166,904.80 | $291,726,20 | $2,064.45 | $2,064.45 |
| **Total** | | **$5,517,240.00** | **$4,413,792.00** | **$1,103,448.00** | **$8,949.00** | **$8,949.00** |

## Prior Interim Compensation Orders

| Dated Entered & Docket No. | Period Covered | Total Allowed Fees | Fees to be Paid (80% of Fees Allowed) | Fee Holdback | Total Allowed Expenses | Expenses to be Paid for Period |
|---|---|---|---|---|---|---|
| 09/15/2023 Docket No. 708 | 02/10/2023-05/31/2023 | $7,758,559.00 | $6,206,847.20 | $1,550,883.00 | $11,065.14 | $11,065.14 |

---

[1]    The monthly statements may contain fees and expenses from before the statement period covered.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Genesis Global Holdco, LLC, *et al.*,[1] | ) | Case No.: 23-10063 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## SECOND INTERIM APPLICATION OF WHITE & CASE LLP, COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD JUNE 1, 2023 THROUGH SEPTEMBER 30, 2023

White & Case LLP ("**White & Case**"), counsel to the Official Committee of Unsecured Creditors (the "**Committee**") appointed in the chapter 11 cases (the "**Chapter 11 Cases**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), hereby files its second interim application (the "**Application**") for allowance of reasonable compensation for services rendered and reimbursement of actual and necessary expenses incurred on behalf of the Committee in the aggregate amount of $5,526,189.00 for the period June 1, 2023 through September 30, 2023 (the "**Compensation Period**"), inclusive of the aggregate holdback amounts for the Compensation Period. White & Case has previously been paid (or expects to be paid) $4,422,741.00, consisting of $4,413,792.00 in fees and $8,949.00 in expenses for services rendered and expenses incurred during the Compensation Period, pursuant to the Interim Compensation Procedures (as defined below). White & Case previously wrote off $354,904.00 in fees (~6.0% of fees for services rendered during the Compensation Period) and $99.40 in expenses (~1.1% of

---

[1] The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's tax identification number (as applicable) are as follows:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

expenses rendered during the Compensation Period) and does not seek allowance of such amounts through this Application.

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-l(a) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), General Order M-447, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to Local Rule 2016-1(a) (as updated June 17, 2013)* (the "**Local Guidelines**"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "**U.S. Trustee Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").   Attached hereto as **Exhibit A** is a certification regarding compliance with the Guidelines.

## BACKGROUND

3.    On January 19, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code.  The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in these Chapter 11

Cases.

4.      The Debtors' Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the Court's *Order Directing Joint Administration of Related Chapter 11 Cases* [Docket No. 37], entered on January 26, 2023.

5.      On February 3, 2023, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed seven of the Debtors' unsecured creditors to serve as members of the Committee [Docket No. 55].

6.      On March 16, 2023, the Committee filed its *Application for Entry of an Order Authorizing the Employment and Retention of White & Case LLP as Counsel Effective as of February 10, 2023* (the "**Retention Application**") [Docket No. 136].  By order entered on April 13, 2023 [Docket No. 222], the Court approved the Retention Application and authorized the Committee to retain White & Case, effective as of February 10, 2023, to serve as its counsel in these Chapter 11 Cases.

**<u>SUMMARY OF MONTHLY FEE STATEMENTS</u>**

7.      On February 24, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 101] (the "**Interim Compensation Procedures**").  Pursuant to the Interim Compensation Procedures, White & Case is authorized to file and serve monthly fee statements ("**Monthly Fee Statements**") on the Monthly Fee Statement Recipients (as defined in the Interim Compensation Procedures).  If no objections are raised prior to the expiration of the applicable objection deadline established by the Interim Compensation Procedures, the Debtors are authorized to pay 80% of the fees and 100% of the expenses identified in such Monthly Fee Statements.

8.      White & Case filed Monthly Fee Statements during the Compensation Period as set

forth in the summary attached hereto.  White & Case has previously been paid (or expects to be paid) $4,422,741.00 from the Debtors on account of the Monthly Fee Statements during the Compensation Period, corresponding to $4,413,792.00 in fees and $8,949.00 in expenses, pursuant to the Interim Compensation Procedures.  Assuming no objections are raised to White & Case's pending Monthly Fee Statements, White & Case's fee holdback during the Compensation Period will be $1,103,448.00.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

9.      By this Application, White & Case seeks interim allowance and award of compensation for the professional services rendered by White & Case as counsel to the Committee during the Compensation Period with regard to (i) fees for legal services in the amount of $5,517,240.00, representing 4,312.4 hours of services rendered, and (ii) expenses in the amount of $8,949.00, representing actual and necessary expenses incurred by White & Case during the Compensation Period in connection with rendering such services.

10.     Prior to filing each respective Monthly Fee Statement covering the Compensation Period, White & Case reviewed its fees (which totaled $5,872,144.00 for 4,669.7 hours of services rendered) and expenses (which totaled $9,048.40).  Following that review, White & Case voluntarily elected to reduce its fees by 357.3 hours, amounting to $354,904.00 in fees (~6.0% of fees for services rendered during the Compensation Period), and its expenses by $99.40 (~1.1% of expenses rendered during the Compensation Period).  White & Case does not seek allowance for the fees and expenses that it voluntarily wrote off.  Therefore, by this Application, White & Case requests allowance of fees and expenses incurred during the Compensation Period in the aggregate amount of $5,526,189.00, consisting of $5,517,240.00 for fees for services rendered and $8,949.00 in expenses incurred.

11.     All services for which White & Case requests compensation in this Application were performed for or on behalf of the Committee.  During the Compensation Period, other than pursuant to the Interim Compensation Procedures, White & Case has received no payment and no promises of payment from any source for services rendered or to be rendered in connection with the matters covered by this Application.  There is no agreement or understanding between White & Case and any other person (other than the partners of White & Case) for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

12.     Pursuant to the Guidelines, **Exhibit B** to this Application sets forth a timekeeper summary that includes: (a) the name, title, year of admission to practice (if applicable), and area of expertise of each individual who provided services during the Compensation Period; (b) the aggregate hours spent by each individual for which compensation is sought by White & Case; (c) the average hourly billing rate for each such individual; and (d) the amount of fees for each such individual for which compensation is sought by White & Case. The blended rate for compensation requested in this Application is approximately $1,279 per hour.[1]

13.     **Exhibit C** to this Application sets forth a project summary that includes the aggregate hours and fees per project category spent by White & Case timekeepers in rendering services to the Committee during the Compensation Period.

14.     **Exhibit D** to this Application sets forth a summary of blended hourly rates for timekeepers who billed to nonbankruptcy matters and blended hourly rates for timekeepers who billed to the estates in the Chapter 11 Cases during the Compensation Period.  As set forth on **Exhibit D**, the fees charged by White & Case in these Chapter 11 Cases are billed in accordance with White & Case's existing billing rates and procedures in effect during the Compensation

---

[1]     The blended rate is calculated by taking the total of fees sought in this Application and dividing by the total of hours sought in the Monthly Fee Statements, rounded to the nearest dollar.

Period.   The rates White & Case charges for the services rendered by its professionals and

paraprofessionals in the Chapter 11 Cases are the same rates White & Case charges for services

rendered in comparable bankruptcy and nonbankruptcy related matters.   Such fees are reasonable

based on the customary compensation charged by comparably skilled practitioners in comparable

bankruptcy and nonbankruptcy matters in a competitive legal market.

15.    White & Case's computerized time records for White & Case timekeepers for

which compensation is sought by White & Case, including a complete itemization of tasks

performed in rendering services to the Committee organized by project category during the

Compensation Period, are attached as exhibits to its Monthly Fee Statements filed at Docket Nos.

577, 703, 780, and 878, and are incorporated by reference herein.

16.    **Exhibit E** to this Application sets forth both a summary of (i) expenses for which

White & Case seeks reimbursement; and (ii) expenses of Committee members.   Detailed line-item

entries for such expenses are attached as exhibits to its Monthly Fee Statements filed at Docket

Nos. 577, 703, 780, and 878, and are incorporated by reference herein.

17.    Pursuant to the Guidelines, White & Case provided a copy of this Application to

the members of the Committee prior to filing.   White & Case will also provide the U.S. Trustee

with the Application contemporaneously with filing.

### SUMMARY OF LEGAL SERVICES RENDERED
### DURING THE SECOND INTERIM FEE PERIOD

18.    White & Case has provided legal services to the Committee with the paramount

goal of enhancing recoveries for, and protecting the rights of, the Debtors' lenders and other

unsecured creditors.   To provide an orderly and meaningful summary of the services rendered by

White & Case during the Compensation Period, White & Case used project categories in

connection with the Chapter 11 Cases, as required by the Guidelines.   The following is a summary

of the most significant professional services rendered by White & Case during the Compensation

Period, organized in accordance with White & Case's project categories.

| No. | Category Name | Hours | Fees |
|-----|---------------|-------|------|
| | Brief Narrative Summary | | |
| B01 | Asset Sales | 55.9 | $62,739.00 |
| | During the Compensation Period, White & Case's services in this category focused on a draft purchase agreement and certain sale issues. | | |
| B02 | Automatic Stay Issues | 22.5 | $26,025.00 |
| | During the Compensation Period, White & Case's limited time committed to this project category revolved around the Debtors' Objection to the Motion for Relief from Stay filed by FTX Trading Ltd. and affiliated debtors.  [Docket No. 405].  In connection therewith, White & Case professionals conferred internally and with the Committee's professionals and reviewed and analyzed the Debtors' objection, which led to the preparation of a joinder by the Committee.  [Docket No. 407].  White & Case also reviewed and analyzed the Debtors' Objection to the Motion for Relief from Stay filed by the Foreign Representatives of Three Arrows Capital, Ltd., and prepared and filed a joinder and reservation of rights regarding same.  [Docket Nos. 720, 721]. | | |
| B03 | Case Administration | 63.0 | $62,414.00 |
| | Because of the size and complexity of these Chapter 11 Cases, daily case administration matters necessarily required substantial services by White & Case during the Compensation Period.  White & Case professionals and paraprofessionals were involved in the following activities, among others, relating to administration of these Chapter 11 Cases during the Compensation Period: (i) conference calls with the W&C team to discuss and review on a detailed basis various workstreams, staffing, and upcoming deadlines; (ii) conference calls with the other Committee advisors to discuss and coordinate work product; (iii) attending to external file management, including external data rooms, and preparing and filing papers on the Court docket and serving same; and (iv) attending to internal file management, including maintaining an internal case calendar, preparing workstream trackers, reviewing relevant critical dates, organizing Court filings and transcripts, preparing materials for hearings, and monitoring various workstreams. | | |
| B04 | Case Strategy | 459.2 | $666,233.00 |
| | White & Case professionals devoted substantial time and effort developing an overall strategy to maximize value for unsecured creditors.  During the Compensation Period, White & Case professionals had numerous strategy calls, including, among others: (i) internally with other White & Case professionals; (ii) with one or more representatives from some or all of the Committee's professionals; (iii) with one or more representatives from some or all | | |

| No. | Category Name | Hours | Fees |
|-----|---------------|-------|------|
| | Brief Narrative Summary | | |
| | of the Debtors' professionals; and (iv) with one or more representatives from some or all of the Ad Hoc Group of Genesis Lenders. | | |
| B05 | Cash Management & Intercompany Issues | 22.4 | $28,328.00 |
| | During the Compensation Period, White & Case committed limited time addressing cash management and intercompany issues. | | |
| B06 | Claims Administration & Objections | 476.4 | $625,476.00 |
| | During the Compensation Period, White & Case spent substantial time analyzing various claims issues, including: (i) priority issues; (ii) preference claims and defenses; (iii) claims related to cryptocurrency entities and objections thereto; (iv) estimation issues; and (v) setoff issues. White & Case professionals also analyzed the Debtors' motion to approve a settlement agreement with the FTX debtors and dedicated significant time researching various settlement issues, as well as preparing related settlement materials on behalf of the Committee. [Docket Nos. 603, 671, 713, 721, 765]. | | |
| B07 | Committee Meetings & Communications | 871.2 | $1,154,416.00 |
| | During the Compensation Period, White & Case spent significant time preparing for and attending meetings of the Committee and the communications subcommittee, as well as regularly communicating with the Committee on key developments in the Chapter 11 Cases, including (i) calls and e-mails with the Committee's professionals to prepare for Committee meetings and (ii) preparing meeting agendas, slide presentations, and other discussion materials. White & Case professionals also prepared minutes and notes of the contents of these meetings. In addition, White & Case had numerous one-off communications with Committee members, particularly with respect to case strategy, case filings, and ongoing developments. | | |
| B08 | Corporate, Securities & Regulatory Issues | 198.2 | $285,709.00 |
| | During the Compensation Period, White & Case advised the Committee with respect to corporate, securities, and other regulatory law issues as applied to the Debtors and their proposed restructuring, including, issues related to the chapter 11 plan, disclosure statement, draft purchase agreement, and credit facilities term sheet. This required research, due diligence, and analysis, as well as discussions with the Debtors' professionals regarding the same, particularly with respect to the Debtors' regulatory compliance. | | |
| B09 | Crypto Matters, Business Operations & Utilities | 22.0 | $30,697.00 |
| | During the Compensation Period, White & Case advised the Committee regarding certain issues related to crypto matters and business operations. | | |

| No. | Category Name | Hours | Fees |
|---|---|---|---|
| | Brief Narrative Summary | | |
| B10 | **Creditor Communications** | 218.6 | $248,546.00 |
| | During the Compensation Period, White & Case assisted the Committee with respect to various means of communicating with unsecured creditors, including through the website for the Committee as well as other creditor engagement services.  In addition to working with Kroll in connection with managing the Committee's website, White & Case spent time preparing and revising materials to be posted on the Committee's website, including preparing and revising numerous FAQs designed to address common questions raised by creditors, as well as slide decks providing weekly updates.  White & Case also aided the Committee in conducting a presentation for creditors on September 7, 2023. | | |
| B11 | **Exclusivity, Plan & Disclosure Statement** | 923.8 | $1,141,988.00 |
| | During the Compensation Period, White & Case expended substantial efforts analyzing the Debtors' chapter 11 plan term sheet and chapter 11 plan, conducting research in connection with same, conferring with the Committee's advisors on numerous restructuring issues, negotiating with the Debtors, the Ad Hoc Group of Genesis Lenders, Gemini, DCG, and other creditor groups regarding various plan constructs, and advising the Committee regarding same.  In addition, White & Case committed substantial time reviewing and commenting on the Debtors' amended chapter 11 plan as well as the disclosure statement in support thereof.  White & Case professionals also focused on analyzing and negotiating repayment and global restructuring agreements.  In connection with exclusivity, White & Case filed a statement and reservation of rights regarding the Debtors' first request to extend their exclusive period to file and solicit a chapter 11 plan, reviewed and commented on the Debtors' second motion to extend their exclusive periods, and drafted and filed a statement regarding same.  [Docket Nos. 375, 574, 654]. | | |
| B12 | **Executory Contracts & Unexpired Leases** | 6.1 | $7,676.00 |
| | During the Compensation Period, White & Case committed limited time to this project category. | | |
| B13 | **GAP Issues** | 9.8 | $14,607.00 |
| | During the Compensation Period, White & Case committed limited time to this project category. | | |
| B14 | **Hearings** | 130.6 | $189,103.00 |
| | During the Compensation Period, White & Case professionals prepared for and attended the hearings and status conferences held on June 5, June 15, July 6, July 13, July 20, August 2, September 6, September 18, September 25, and September 26, 2023. | | |

| No. | Category Name | Hours | Fees |
|---|---|---|---|
| | Brief Narrative Summary | | |
| B15 | **Investigations** | 412.4 | $451,836.00 |

During the Compensation Period, White & Case expended substantial time investigating claims and causes of action belonging to, or asserted against, the Debtors and their estates, as well as potential direct creditor claims against third-parties.  The Committee's investigation work has included, but is not limited to:

- Review and analysis of discovery materials and requests from multiple parties, including 3AC and the Debtors;
- The collection and review of approximately 28,000 documents produced by Gemini and the Debtors, including in connection with proceedings involving the Joint Liquidators of 3AC and the FTX debtors;
- Extensive legal research and analysis regarding potential claims, defenses, and available remedies;
- Substantive review of and comment on draft pleadings, motions, and other litigation filings prepared by the Debtors;
- Numerous conferences with counsel for the Debtors, Gemini, DCG, and other parties in interest; and
- Regular communications and presentations to the Committee to keep it apprised of the investigation and analysis.

| B16 | **Non-working Travel** | 5.0 | $6,100.00 |

During the Compensation Period, White & Case professionals spent limited time traveling in connection with the mediation commencing on August 16, 2023.

| B17 | **Professional Retention & Fees – Other** | 24.0 | $21,696.00 |

During the Compensation Period, White & Case filed the fourth, fifth, and sixth Monthly Fee Statements, and the first interim fee application, for the Committee's investment banker (Houlihan Lokey Capital, Inc.).  [Docket Nos. 506, 645, 739, 525].  White & Case also filed the first, second, third, fourth, fifth, and sixth Monthly Fee Statements, and the first interim fee application, for the Committee's financial advisor (Berkeley Research Group, LLC). [Docket Nos. 459, 542, 543, 558, 596, 719, 561].

| B18 | **Professional Retention & Fees – W&C** | 145.1 | $145,916.00 |

During the Compensation Period, White & Case prepared and filed its Monthly Fee Statements for April, May, June, July, and August in accordance with the Interim Compensation Procedures, which were filed during or after the Compensation Period. [Docket Nos. 420, 474, 577, 703, 780].  White & Case also prepared its first interim fee application, which was filed on July 19, 2023.  [Docket No. 523].

| No. | Category Name | Hours | Fees |
|---|---|---|---|
| | Brief Narrative Summary | | |
| B19 | **Reports, Schedules & Statements** | 2.5 | $3,024.00 |
| | During the Compensation Period, White & Case spent minimal time on this project category. | | |
| B20 | **Taxes** | 92.4 | $121,912.00 |
| | During the Compensation Period, White & Case analyzed the tax considerations of the Debtors' restructuring and proposed chapter 11 plan and disclosure statement in support thereof. | | |
| B21 | **US Trustee Issues** | 10.5 | $13,827.00 |
| | During the Compensation Period, White & Case committed limited time to this project category. | | |
| B22 | **Mediation** | 140.8 | $208,972.00 |
| | During the Compensation Period, White & Case professionals expended substantial time preparing for, and attending, all-day mediation sessions on August 16 and 17, 2023 with various parties in interest and conducing numerous follow up conferences regarding same. White & Case also reviewed blowout materials and the notice of mediation termination. | | |

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

19.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation. Section 330 provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). It also sets forth criteria for the award of such compensation and reimbursement, including, but not limited to, (i) the complexity of the chapter 11 cases, (ii) the time expended, (iii) the nature and extent of the services rendered, (iv) the value of such services, and (v) the costs of comparable services other than in a case under this title. *Id.* § 330(a)(3).

20.     White & Case submits that the services for which it seeks compensation and the expenses for which it seeks reimbursement in this Application were necessary for, and beneficial to, the Committee. During the Compensation Period, White & Case worked diligently to preserve and maximize the value of the Debtors' estates for the benefit of all of the Debtors' lenders and other unsecured creditors, including by performing the services summarized above and itemized on the time detail attached to the Monthly Fee Statements. The services rendered by White & Case were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. White & Case also coordinated with the Committee's other retained professionals to limit the unnecessary duplication of services to the Committee. White & Case respectfully submits that the amounts requested herein are fair and reasonable given (i) the complexity of the Chapter 11 Cases, (ii) the time expended by White & Case's professionals, (iii) the nature and extent of the services rendered, (iv) the value of such services, and (v) the costs of comparable services other than in a case under this title.

21.     Accordingly, White & Case requests that the Court allow White & Case compensation and reimbursement of expenses in the amounts set forth herein. To the extent that any amounts for fees or expenses related to the Compensation Period were not processed prior to the preparation of this Application, White & Case reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

## NOTICE

22.     White & Case will provide notice of this Application to the following parties in accordance with the Interim Compensation Procedures: (i) the Debtors c/o Genesis Global Holdco, LLC, Attn: Arianna Pretto-Sankman (e-mail: arianna@genesistrading.com); (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006,

Attn: Sean A. O'Neal, Esq., Jane VanLare, Esq. (e-mail: soneal@cgsh.com and jvanlare@cgsh.com); and (iii) the United States Trustee for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Greg Zipes, Esq. (e-mail: greg.zipes@usdoj.gov). White & Case submits that, considering the nature of the relief requested, no other or further notice need be given.

## **CONCLUSION**

23.      White & Case respectfully requests that the Court enter an order: (i) allowing compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in the aggregate amount of $5,526,189.00, consisting of $5,517,240.00, representing 100% of fees incurred during the Compensation Period, and reimbursement of $8,949.00, representing 100% of actual and necessary expenses incurred during the Compensation Period; (ii) providing that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to White & Case's right to seek additional compensation for services rendered and expenses incurred during the Compensation Period to the extent not processed at the time of the filing of this Application; (iii) directing payment by the Debtors of the holdback, i.e., the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Procedures;[2] and (iv) granting such other or further relief as the Court deems just and proper.

*[Remainder of Page Left Intentionally Blank]*

---

[2]      White & Case understands that the Court previously stated that it would not authorize payment of the holdback until the final fee orders.

Dated:   November 13, 2023                    Respectfully submitted,
         New York, New York

                                              */s/ DRAFT*
                                              **WHITE & CASE LLP**
                                              J. Christopher Shore
                                              Philip Abelson
                                              Colin T. West
                                              Michele J. Meises
                                              1221 Avenue of the Americas
                                              New York, NY 10020
                                              Telephone:    (212) 819-8200
                                              Facsimile:    (212) 354-8113
                                              E-mail:       cshore@whitecase.com
                                                            philip.abelson@whitecase.com
                                                            cwest@whitecase.com
                                                            michele.meises@whitecase.com

                                              – and –

                                              Gregory F. Pesce (admitted *pro hac vice*)
                                              111 South Wacker Drive, Suite 5100
                                              Chicago, IL 60606-4302
                                              Telephone:    (312) 881-5400
                                              Facsimile:    (312) 881-5450
                                              E-mail:       gregory.pesce@whitecase.com

                                              – and –

                                              Amanda Parra Criste (admitted *pro hac vice*)
                                              200 South Biscayne Boulevard, Suite 4900
                                              Miami, FL 33131
                                              Telephone:    (305) 371-2700
                                              Facsimile:    (305) 358-5744
                                              E-mail:       aparracriste@whitecase.com

                                              *Counsel to the Official Committee of*
                                              *Unsecured Creditors*

# **EXHIBIT A**

**Guidelines Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Genesis Global Holdco, LLC, *et al.*,[1] | ) | Case No.: 23-10063 (SHL) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CERTIFICATION UNDER GUIDELINES WITH RESPECT TO**
**THE SECOND INTERIM APPLICATION OF WHITE & CASE LLP,**
**COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS,**
**FOR COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD JUNE 1, 2023 THROUGH SEPTEMBER 30, 2023**

I, Philip Abelson, hereby certify that:

1.      I am a partner of the firm of White & Case LLP ("**White & Case**"), an international law firm, which maintains offices for the practice of law at, among other locations, 1221 Avenue of the Americas, New York, New York.  Among other admissions, I am a member in good standing of the Bar of the State of New York, and I have been admitted to practice in New York.  There are no disciplinary proceedings pending against me in any jurisdiction.

2.      This certification is made in respect of White & Case's compliance with the Local Guidelines[2] in connection with White & Case's second interim application for compensation and expenses (the "**Application**"), filed contemporaneously herewith.  The information in this Certification is true and correct to the best of my knowledge, information, and belief.

3.      In respect of Section B.1 of the Local Guidelines, I certify that:

a.  I have read the Application;

---

[1]      The Debtors in these Chapter 11 Cases along with the last four digits of each Debtor's tax identification number (as applicable) are as follows:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms used, but not defined, shall have the meaning ascribed to them in the attached Application.

b. To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines, except as specifically noted in this Certification and described in the Application;

c. Except to the extent that fees or disbursements are prohibited by the Local Guidelines, the fees and disbursements sought by the Application are billed at rates and in accordance with practices customarily employed by White & Case and generally accepted by White & Case's clients; and

d. In providing any reimbursable service, White & Case did not make a profit on such service, whether performed by White & Case in-house or through a third party.

4.    The following is provided in response to the request for additional information set forth in Paragraph C.5 of the U.S. Trustee Guidelines:

a. Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain.

    i.    No.

b. If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

    i.    The fees sought in the Application do not exceed the fees budgeted in White & Case's budget and staffing plan.

c. Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

    i.    No.

d. Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.). If so, please quantify by hours and fees.

    i.    Yes. This Application includes time and fees related to reviewing time records or preparing, reviewing, or revising invoices in connection with the preparation of Monthly Fee Statements during the Compensation Period. White & Case is seeking compensation for approximately 92.60 hours and $92,182.00 in fees with respect to reviewing time records to prepare such fee applications.

e.  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees.

    i.  Yes. Such time spent by White & Case to ensure that the time entries subject to this Application do not disclose privileged or confidential information is included in the answer to the previous question.  This review and any revisions or redactions associated therewith are a necessary component of White & Case's fee applications.

f.  If the fee application includes any rate increases since retention: Did your client review and approve those rate increases in advance?  Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

    i.  Not applicable, yes, and not applicable.


Dated: November 13, 2023                         */s/ Philip Abelson*_____
                                                 Philip Abelson
                                                 White & Case LLP

## EXHIBIT B

### Timekeeper Summary

| Name | Title | Year Admitted | Areas of Expertise | Hours | Rate | Fees |
|------|-------|---------------|--------------------|-------|------|------|
| **Abelson, Philip** | **Partner** | 2000 | Financial Restructuring & Insolvency (FRI) Practice | 687.6 | $1,590.00 | $1,093,284.00 |
| **Amrein, Steven** | **Associate** | 2021 | Capital Markets Practice | 8.3 | $830.00 | $6,889.00 |
| **Bennett, Rob** | **Partner** | 2004 | Financial Restructuring & Insolvency (FRI) Practice | 56.8 | $1,590.00 | $90,312.00 |
| **Chitwan, Charu** | **Associate** | 2014 | Financial Restructuring & Insolvency (FRI) Practice | 31.1 | $560.00 | $17,776.00 |
| **Clausen, Neil** | **Associate** | 2016 | Tax Practice | 41.0 | $1,180.00 | $48,380.00 |
| **Deol, Sunaina** | **Associate** | 2019 | Financial Restructuring & Insolvency (FRI) Practice | 42.4 | $1,060.00 | $44,944.00 |
| **Diamond, Colin** | **Partner** | 2000 | Securities Practice | 11.0 | $1,950.00 | $21,450.00 |
| **Dreier, David** | **Partner** | 1995 | Tax Practice | 2.5 | $1,950.00 | $4,875.00 |
| **Eguiluz, Alexandra** | **Legal Assistant** | N/A | Commercial Litigation Practice | 0.1 | $380.00 | $38.00 |
| **Eliaszadeh, Chante** | **Associate** | 2021 | Bank Advisory Practice | 6.2 | $960.00 | $5,952.00 |
| **Fryman, Scott** | **Partner** | 2015 | Tax Practice | 29.7 | $1,460.00 | $43,362.00 |
| **Hirshorn, Deanna** | **Legal Assistant** | N/A | Financial Restructuring & Insolvency (FRI) Practice | 22.8 | $380.00 | $8,664.00 |
| **Huang, Keith** | **Project Manager - Litigation Support** | N/A | Practice Technology - Disputes | 6.8 | $380.00 | $2,584.00 |
| **Kaul, Sequoia** | **Associate** | 2018 | Commercial Litigation Practice | 267.5 | $1,060.00 | $283,550.00 |
| **Khalil, Zeinab** | **Associate** | N/A | Pool Associates - Litigation | 42.2 | $740.00 | $31,228.00 |
| **Kropp, Andrea** | **Associate** | 2021 | Financial Restructuring & Insolvency (FRI) Practice | 24.6 | $1,020.00 | $25,092.00 |
| **Kuethman, Kathryn** | **Associate** | 2021 | Commercial Litigation Practice | 3.9 | $960.00 | $3,744.00 |
| **Landy, Douglas** | **Partner** | 1994 | Bank Advisory Practice | 13.6 | $1,840.00 | $25,024.00 |
| **Ludovici, Stephen** | **Associate** | 2014 | Financial Restructuring & Insolvency (FRI) Practice | 37.1 | $1,240.00 | $46,004.00 |
| **Lundy, Lauren** | **Associate** | 2020 | Financial Restructuring & Insolvency (FRI) Practice | 32.0 | $1,020.00 | $32,640.00 |
| **Ma, Jaime** | **Associate** | 2018 | M&A - Corporate Practice | 27.4 | $1,140.00 | $31,236.00 |
| **Mann, Laura Katherine** | **Partner** | 2012 | Securities Practice | 48.1 | $1,370.00 | $65,897.00 |
| **Meises, Michele** | **Counsel** | 1992 | Financial Restructuring & Insolvency (FRI) Practice | 531.7 | $1,310.00 | $696,527.00 |
| **Mitra, Anais** | **Associate** | 2022 | Financial Restructuring & Insolvency (FRI) Practice | 105.0 | $740.00 | $77,700.00 |
| **Parra Criste, Amanda** | **Associate** | 2015 | Financial Restructuring & Insolvency (FRI) Practice | 652.5 | $1,220.00 | $796,050.00 |
| **Pesce, Gregory** | **Partner** | 2011 | Financial Restructuring & Insolvency (FRI) Practice | 7.9 | $1,460.00 | $11,534.00 |
| **Ramirez, Grace** | **Associate** | 2021 | Commercial Litigation Practice | 40.4 | $960.00 | $38,784.00 |
| **Shabir, Zarka** | **Associate** | N/A | Pool Associates - Litigation | 44.2 | $740.00 | $32,708.00 |
| **Shore, Christopher** | **Partner** | 1992 | Commercial Litigation Practice | 286.7 | $2,100.00 | $602,070.00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Shu, Cathy** | **Associate** | 2022 | Financial Restructuring & Insolvency (FRI) Practice | 12.3 | $740.00 | $9,102.00 |
| **Smith, Erin** | **Associate** | 2014 | Commercial Litigation Practice | 9.9 | $1,270.00 | $12,573.00 |
| **Strom, Peter** | **Associate** | 2021 | Financial Restructuring & Insolvency (FRI) Practice | 559.7 | $960.00 | $537,312.00 |
| **Sutherland, Gabe** | **Associate** | 2023 | Financial Restructuring & Insolvency (FRI) Practice | 85.4 | $740.00 | $63,196.00 |
| **Venes, Aileen** | **Legal Assistant** | N/A | Financial Restructuring & Insolvency (FRI) Practice | 1.5 | $380.00 | $570.00 |
| **West, Colin** | **Partner** | 2008 | Commercial Litigation Practice | 481.0 | $1,370.00 | $658,970.00 |
| **Wick, Katie** | **Legal Assistant** | N/A | Financial Restructuring & Insolvency (FRI) Practice | 5.3 | $380.00 | $2,014.00 |
| **Yoo, Jade** | **Associate** | 2020 | Commercial Litigation Practice | 36.1 | $1,020.00 | $36,822.00 |
| **Zhang, Shirley** | **Associate** | 2022 | M&A - Private Equity Practice | 10.1 | $830.00 | $8,383.00 |
| **Grand Total** | | | | **4,312.4** | | **$5,517,240.00** |

**EXHIBIT C**

**Project Category Summary**

| Cat. No. | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| B01 | Asset Sales | 55.9 | $62,739.00 |
| B02 | Automatic Stay Issues | 22.5 | $26,025.00 |
| B03 | Case Administration | 63.0 | $62,414.00 |
| B04 | Case Strategy | 459.2 | $666,233.00 |
| B05 | Cash Management & Intercompany Issues | 22.4 | $28,328.00 |
| B06 | Claims Administration & Objections | 476.4 | $625,476.00 |
| B07 | Committee Meetings & Communications | 871.2 | $1,154,416.00 |
| B08 | Corporate, Securities & Regulatory issues | 198.2 | $285,709.00 |
| B09 | Crypto Matters, Business Operations, & Utilities | 22.0 | $30,697.00 |
| B10 | Creditor Communications | 218.6 | $248,546.00 |
| B11 | Exclusivity, Plan & Disclosure Statement | 923.8 | $1,141,988.00 |
| B12 | Executory Contracts & Unexpired Leases | 6.1 | $7,676.00 |
| B13 | GAP Issues | 9.8 | $14,607.00 |
| B14 | Hearings | 130.6 | $189,103.00 |
| B15 | Investigations | 412.4 | $451,836.00 |
| B16 | Non-working Travel | 5.0 | $6,100.00 |
| B17 | Professional Retention & Fees – Other | 24.0 | $21,696.00 |
| B18 | Professional Retention & Fees – W&C | 145.1 | $145,916.00 |
| B19 | Reports, Schedules & Statements | 2.5 | $3,024.00 |
| B20 | Taxes | 92.4 | $121,912.00 |
| B21 | US Trustee Issues | 10.5 | $13,827.00 |
| B22 | Mediation | 140.8 | $208,972.00 |
| | **Grand Total** | **4,312.4** | **$5,517,240.00** |

## EXHIBIT D

### Customary and Comparable Compensation Disclosures for White & Case

The blended hourly rate for White & Case timekeepers (including both professionals and paraprofessionals) who have billed time during the Compensation Period was approximately $1,279 per hour (the "**Committee Blended Hourly Rate**").[1]

The non-bankruptcy blended hourly rate for White & Case's timekeepers during the 12-month period from October 1, 2022 to and including September 30, 2023 (the "**Comparable Period**")[2] was, in the aggregate, approximately $1,023 per hour (the "**Non-Bankruptcy Blended Hourly Rate**").[3]

A detailed comparison of these rates is as follows:

| Position | Committee Blended Hourly Rate | Non-Bankruptcy Blended Hourly Rate |
|---|---|---|
| Partners | $1,610 | $1,425 |
| Counsel | $1,310 | $1,181 |
| Associates[4] | $1,033 | $874 |
| Paraprofessionals[5] | $380 | $364 |
| **Total** | **$1,279** | **$1,023** |

---

[1] White & Case calculated the blended rate for timekeepers who billed to the Committee by dividing the total dollar amount billed by such timekeepers during the Compensation Period by the total number of hours billed by such timekeepers during the Compensation Period. Accordingly, it does not reflect the voluntary reductions made by White & Case in preparing Monthly Fee Statements.

[2] On an annual basis, White & Case re-examines and adjusts for increases in seniority and changes in experience, expertise, and status in January of each year the rates for professionals and paraprofessionals. The calculation of the Non-Bankruptcy Blended Hourly Rate includes the rates White & Case billed in 2022 during the Comparable Period. Further, while the Committee Blended Hourly Rate is calculated based on the time and fees worked during the Compensation Period, the Non-Bankruptcy Blended Hourly Rate is calculated based on when the invoices were issued.

[3] White & Case calculated the Non-Bankruptcy Blended Hourly Rate by dividing the total dollar amount billed by non-bankruptcy timekeepers in the applicable offices to all matters invoiced during the Comparable Period by the total number of hours billed by non-bankruptcy timekeepers in the applicable offices to all matters invoiced during the Comparable Period. For purposes of the foregoing calculation, White & Case included New York and Miami as the applicable offices.

[4] Includes law clerks.

[5] Includes legal assistants and litigation support personnel.

## EXHIBIT E

## Expense Summary

| Category | Amount |
|---|---|
| E-Discovery Data Hosting / Storage | $4,357.44 |
| Deposition Transcripts | $1,060.70 |
| E-Discovery User Fees | $750.00 |
| Taxi - Business | $922.59 |
| Airfare | $487.80 |
| Hotel Expense | $966.16 |
| Taxi - Overtime | $19.55 |
| Document Research | $15.69 |
| Overtime Meals | $67.20 |
| Computer Services | $88.00 |
| Business Meals | $115.00 |
| Miscellaneous Other | $5.00 |
| Travel Meals | $93.87 |
| **Grand Total** | **$8,949.00** |