**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708
Jason P. Gottlieb, Esq.
Heath D. Rosenblat, Esq.

*Special Litigation and Enforcement Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,<br><br>　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No.: 23-10063 (SHL)<br><br>Jointly Administered |

**SUMMARY SHEET FOR SECOND INTERIM APPLICATION
OF MORRISON COHEN LLP, SPECIAL LITIGATION AND
ENFORCEMENT COUNSEL TO THE DEBTORS, FOR ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FROM JUNE 1, 2023 THROUGH SEPTEMBER 30, 2023</u>**

| | |
|---|---|
| Name of Applicant: | Morrison Cohen LLP |
| Authorized to Provide Services to: | Genesis Global Holdco, LLC, *et al.* |
| Date of Retention: | An entered order [ECF No. 106], dated February 24, 2023, authorizing retention *nunc pro tunc* to the Petition Date (*i.e.*, January 19, 2023), as applicable for each Debtor. |
| Period for which Compensation and Expenses are Sought: | 6/1/2023 through 9/30/2023 |

#12493964v2\030986\0001

| Summary of Total Fees and Expenses Requested | |
|---|---|
| Total Compensation Sought for the Second Fee Period | $230,866.50[1] |
| Total Expense Reimbursement Sought for the Second Fee Period | $5,448.69 |
| Total Allowed Fees Paid to Date | $911,516.13 |
| Total Allowed Expenses Paid to Date | $13,087.58 |
| Fees Sought for the Second Fee Period Already Paid Pursuant to Monthly Fee Statements But Not Yet Allowed | $184,693.20 |
| Expenses Sought for the Second Fee Period Already Paid Pursuant to Monthly Fee Statements But Not Yet Allowed | $5,448.69 |
| Total Fees and Expenses Sought for the Second Fee Period Already Paid Pursuant to Monthly Fee Statements But Not Yet Allowed | $190,141.89 |
| Total Fees Sought for this Second Fee Period Not Yet Paid | $46,173.30 |
| Total Expenses Sought for this Second Fee Period Not Yet Paid | $0 |
| Total Fees and Expenses Sought for this Second Fee Period Not Yet Paid | $46,173.30 |
| This is an:   __ monthly  _X_ interim  __ final application. | |

---

[1] This amount reflects a voluntary reduction during the Second Fee Period and before issuing the Monthly Fee Statements (defined in the Second Interim Application) of $10,035.00.

#12493964v2\030986\0001

| Summary of Prior Monthly Fee Statements | | | | | |
|---|---|---|---|---|---|
| Date Filed and ECF No. | Second Fee Period | Total Fees Incurred for Second Fee Period | Total Expenses Incurred for Second Fee Period | Total Fees Previously Requested in Prior Monthly Fee Statements (at 80%) | Total Expenses Previously Requested in Prior Monthly Fee Statements (at 100%) |
| *Second Interim Application* | | | | | |
| 8/8/2023 ECF No. 587 | June 1, 2023 through June 30, 2023 | $27,792.50 | $212.47 | $22,234.00 | $212.47 |
| 8/24/2023 ECF No. 619 | July 1, 2023 through July 31, 2023 | $70,804.50 | $2,663.02 | $56,643.60 | $2,663.02 |
| 9/27/2023 ECF No. 745 | August 1, 2023 through August 31, 2023 | $53,464.00 | $48.33 | $42,771.20 | $48.33 |
| 10/24/2023 ECF No. 834 | September 1, 2023 through September 30, 2023 | $78,805.50 | $2,524.87 | $63,044.40 | $2,524.87 |
| Total for Second Interim Application | | $230,866.50 | $5,448.69 | $184,693.2 | $5,448.698 |

**Summary of Any Objections to Monthly Fee Statements: None.**

**Fees and Expenses Sought in this Second Interim Application Not Yet Paid: $46,173.30**

#12493964v2\030986\0001

3

**Compensation by Professional for Second Fee Period**

| Timekeeper | Position | Department | Year Admitted to NY Bar | Rate | Hours | Fee |
|---|---|---|---|---|---|---|
| **Partners** | | | | | | |
| Gottlieb, Jason P. | Partner | Digital Assets | 2002 | $1,200.00 | 29.9 | $35,880.00 |
| Moldovan, Joseph T. | Partner | Bankruptcy, Restructuring & Governance | 1983 | $1350.00 | .3 | $405.00 |
| Hong, Richard | Partner | Digital Assets | 1992 | $950.00 | 8.4 | $9,310.00 |
| Mix, Michael | Partner | Digital Assets | 2012 | $875.00 | 6.1 | $5,337.00 |
| Isaacs, Daniel C. | Partner | Digital Assets | 2011 | $875.00 | 89.4 | $78,225.00 |
| Rosenblat, Heath D. | Partner | Bankruptcy, Restructuring & Governance | 2003 | $900.00 | 16.4 | $14,760.00 |
| **Senior Counsel** | | | | | | |
| Kozlowski, David J. | Senior Counsel | Bankruptcy, Restructuring & Governance | 2007 | $850.00 | .4 | $340.00 |
| **Associates** | | | | | | |
| Roth, Will I. | Associate | Digital Assets | 2017 | $700.00 | 49.3 | $34,510.00 |
| Upadhyaya, Vani T. | Associate | Digital Assets | 2020 | $580.00 | 27.1 | $15,718.00 |
| **Contract Attorneys** | | | | | | |
| Siconolfi, Sally | Contract Attorney | Bankruptcy, Restructuring & Governance | 2005 | $650.00 | 24.7 | $16,055.00 |

#12493964v2\030986\0001

4

**Compensation by Professional for Second Fee Period**

| Timekeeper | Position | Department | Year Admitted to NY Bar | Rate | Hours | Fee |
|---|---|---|---|---|---|---|
| **Paralegals and Litigation Support** | | | | | | |
| Knox, Tukisha | Paralegal | Bankruptcy, Restructuring & Governance | n/a | $485.00 | 9.7 | $4,704.50 |
| Soriano, Elvis | Paralegal | Litigation | n/a | $425.00 | 3.6 | $1,530.00 |
| Davis, Chelsey A. | Paralegal | Litigation | n/a | $385.00 | 0.8 | $308.00 |
| Jordan, Ellen A. | Paralegal | Litigation | n/a | $370.00 | 2.0 | $740.00 |
| Schou, Sarah A. | Paralegal | Litigation | n/a | $350.00 | 23.0 | $8,050.00 |
| Medina, Roy N. | Paralegal | Litigation | n/a | $310.00 | 1.0 | $310.00 |
| Ballantyne-Smyth, Denisha R. | Paralegal | Digital Assets | n/a | $305.00 | 1.0 | $305.00 |
| Yan, Ken | Litigation Support Specialist | Litigation | n/a | $330.00 | 12.5 | $4,125.00 |
| Singleton, Giselle L. | Litigation Support Manager | Litigation | n/a | $475.00 | 0.3 | $142.50 |
| Crawley, Brianna S. | Docket Clerk | Litigation | n/a | $225.00 | 0.2 | $45.00 |
| Picardo, Lisa | Docket Clerk | Litigation | n/a | $220.00 | 0.3 | $66.00 |
| **Grand Total** | | | | | **307.8** | **$230,866.5** |

#12493964v2\030986\0001

| **Total Fees for Compensation Period** | | | |
|---|---|---|---|
| | Blended Rate | Total Hours Billed | Total Fees |
| Partners | $947.45 | 151.9 | $143,917.50 |
| Senior Counsel | $850.00 | 0.4 | $340.00 |
| Associates | $657.43 | 76.4 | $50,228.00 |
| Contract Attorneys | $650.00 | 24.7 | $16,055.00 |
| Paralegals and Litigation Support | $373.63 | 54.4 | $20,326.00 |
| **Blended Attorney Rate** | | | $830.86 |
| **Blended Rate for All Timekeepers** | | | $750.05 |
| **Total Fees Incurred** | | | $230,866.50 |

| **Compensation by Project Category for Second Fee Period** | | |
|---|---|---|
| Matter/Description | Total Hours Billed | Total Fees |
| B110  Case Administration | 25.5 | $21,595.50 |
| B160  Fee/Employment Applications | 33.7 | $23,571.50 |
| B190  Litigation | 248.6 | $185,699.50 |
| **Total** | **307.8** | **$230,866.50** |

#12493964v2\030986\0001

6

| **Expense Summary for Second Fee Period** | |
|---|---|
| **Expense Category** | **Total** |
| Delivery Services / Courier | $154.20 |
| Relativity Hosting Fee | $5097.74 |
| Lexis | $196.75 |
| **Grand Total Expenses** | **$5,448.69** |

#12493964v2\030986\0001

**MORRISON COHEN LLP**
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone: (212) 735-8600
Facsimile: (212) 735-8708
Jason P. Gottlieb, Esq.
Heath D. Rosenblat, Esq.

*Special Litigation and Enforcement Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**SECOND INTERIM APPLICATION
OF MORRISON COHEN LLP, SPECIAL LITIGATION AND
ENFORCEMENT COUNSEL TO THE DEBTORS, FOR
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND FOR REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED FROM
JUNE 1, 2023 THROUGH SEPTEMBER 30, 2023**

TO THE HONORABLE SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:

Morrison Cohen LLP ("**MC**") hereby makes its second interim fee application ("**Second Interim Application**") for an award of interim compensation for professional services rendered, and reimbursement for actual and necessary expenses incurred in connection with such services,

---

[1] The debtors and debtors-in-possession (collectively, "**Debtors**") in the above-captioned jointly-administered cases ("**Chapter 11 Cases**") are: (i) Genesis Global Holdco, LLC (8219); (ii) Genesis Global Capital, LLC (8564); and (iii) Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, New York 10003.

#12493964v2\030986\0001

for the period June 1, 2023 through September 30, 2023 ("**Second Fee Period**") and respectfully represents:

## PRELIMINARY STATEMENT

Genesis Global Holdco, LLC ("**Holdco**") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (*i.e.*, the Debtors) employed MC, pursuant to sections 327(e) and 330 of title 11 of the United States Code ("**Bankruptcy Code**"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York ("**Local Rules**"), as special litigation and enforcement counsel to the Debtors in these Chapter 11 Cases.

During MC's retention related to and during the Second Fee Period, MC has provided services to the Debtors for numerous discrete tasks concerning, among many others:

- Advising the Debtors as to their rights and obligations in connection with numerous actions ("**Litigations**");
- Communicating with opposing counsel in the Litigations on the Debtors' behalf;
- Appearing in and participating in the Litigations on the Debtors' behalf;
- Researching and analyzing various legal issues related to the Litigations;
- Providing advice on certain questions relating to the Litigations that may arise in the normal course of business;
- Advising the Debtors as to their rights and obligations with respect to inquiries and investigations by federal and state regulators and law enforcement agencies (collectively, "**Investigations**");
- Communicating with regulators and governmental agencies;
- Responding to document information requests from regulators and governmental agencies;
- Addressing legal issues related to the Investigations; and
- Advising on regulatory issues in the normal course of business.

**JURISDICTION**

1.  The United States Bankruptcy Court for the Southern District of New York ("**Bankruptcy Court**") has jurisdiction over the Chapter 11 Cases and this Second Interim Application pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Bankruptcy Court may enter a final order consistent with Article III of the United States Constitution. The statutory predicates for the relief requested herein are sections 327(e) and 330 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, and Rules 2014-1 and 2016-1 of the Local Rules.

**FEES AND EXPENSES FOR WHICH ALLOWANCE IS SOUGHT**

3.  As set forth above, this Second Interim Application is made pursuant to sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) of the Bankruptcy Rules, Rule 2016-1 of the Local Rules, the Appendix B Guidelines, the Bankruptcy Court's administrative *General Order M-447* setting forth the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases* ("**Local Guidelines**" and, together with the Appendix B Guidelines, "**Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals,* dated February 24, 2023 ("**Interim Compensation Order**") [ECF No. 101], for an interim award of compensation for services rendered to the Debtors during the Second Fee Period in the amount of $230,866.50[2] and for reimbursement of expenses in the amount of $5,448.69 incurred in connection with the rendition of such services.

---

[2] This amount reflects a voluntary reduction during the Second Fee Period and before issuing the Monthly Fee Statements (defined in the Second Interim Application) of $10,035.00.

#12493964v2\030986\0001                               3

4.	During the Second Fee Period, MC's attorneys and paraprofessionals expended a total of 307.8 hours. The blended hourly rate for MC during the Second Fee Period was approximately $750.05.

5.	A schedule setting forth the number of hours expended by the partners, senior counsel, associates, and paraprofessionals, their respective hourly rates, and the year in which each attorney was admitted to practice is attached hereto as **Exhibit A**. A schedule specifying the type of expenses for which MC is seeking reimbursement and the total amount for each such category is attached hereto as **Exhibit B**.

6.	MC maintains computerized records of the daily time entries completed by all the MC attorneys and paraprofessionals. Preceding the time entries is a chart listing the names, billing rates, and time spent by each of the attorneys and paraprofessionals rendering services on behalf of the Debtors. In support of the Second Interim Application and consistent with the Interim Compensation Order, copies of these computerized records, together with a computer-generated detailed itemization of the expenses incurred by MC for which reimbursement is sought, have been furnished to the Bankruptcy Court and the United States Trustee (and copies have been filed publicly on the docket with the Monthly Fee Statements (defined below)).

7.	Pursuant to the terms of the Interim Compensation Order, MC has, to date, filed four monthly invoices covering a five-month period (collectively, "**Monthly Fee Statements**"): (a) for the period from June 1 through June 30, 2023 in the amount of $27,792.50 for fees and $212.47 for expenses ("**June Fee Statement**") [ECF No. 587]; (b) for the period from July 1 through July 31, 2023 in the amount of $70,804.50 for fees and $2,663.02 for expenses ("**July Fee Statement**") [ECF No. 619]; (c) for the period from August 1 through August 31, 2023 in the amount of 53,464.00 for fees and $48.33 for expenses ("**August Fee Statement**") [ECF No. 745];

and (d) for the period from September 1 through September 30, 2023 in the amount of $78,805.50 for fees and $2,524.87 for expenses ("**September Fee Statement**") [ECF No. 834]. Copies of the Monthly Fee Statements, which include MC's time entries for the Second Fee Period, are attached to this Second Interim Application as **Exhibit C**.

8. Pursuant to the terms of the Interim Compensation Order, each month MC served a copy of its Monthly Fee Statements, supported by time and disbursement records and a summary of services rendered and expenses incurred, upon each of the Notice Parties (defined in the Interim Compensation Order) in the format specified by the Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.[3]

9. During the four-month period covered by the Second Fee Period, MC submitted Monthly Fee Statements for fees aggregating $230,866.50 and expenses totaling $5,448.69.[4]

10. MC sought payment of 80% of the fees and 100% of the expenses covered by the June through September Monthly Fee Statements. With respect to the June Fee Statement, MC received a payment of 22,234.00, representing 80% of fees requested in the amount of $27.792.50 and 100% of expenses requested in the amount of $212.47. With respect to the July Fee Statement, MC received a payment of $55,643,60, representing 80% of fees requested in the amount of $70,804.50 and 100% of expenses requested in the amount of $2,663.02. With respect to the August Fee Statement, MC received a payment of $42,771.20, representing 80% of fees requested in the amount of $53,464.00 and 100% of expenses requested in the amount of $48.33. With respect to the September Fee Statement, MC received a payment of $63,044.40, representing 80%

---

[3] No objections have been made to the Monthly Fee Statements.

[4] To the extent that time for services rendered or disbursements incurred, if any, related to the Second Fee Period were not processed prior to the preparation of this Application, MC reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

of fees requested in the amount of $78,805.50 and 100% of expenses requested in the amount of $2,524.87.

11. As set forth in the Certification of Heath D. Rosenblat, a partner in MC, attached hereto as **Exhibit D**, all of the services for which interim compensation is sought were reasonable, necessary, and on behalf of the Debtors with respect to the Litigations, the Investigations, and in coordination with Debtors' counsel concerning certain matters of the Chapter 11 Cases.

## CASE BACKGROUND AND RETENTION OF MC

12. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. On February 4, 2023, an official committee of unsecured creditors was appointed in the Chapter 11 Cases.

13. On January 20, 2023, the Debtors filed their Joint Chapter 11 Plan. On June 13, 2023, the Debtors filed their Amended Joint Chapter 11 Plan and Disclosure Statement related thereto. The Bankruptcy Court will hold a hearing to consider approval of the Disclosure Statement on July 20, 2023.

14. Pursuant to an Order entered on February 24, 2023 [ECF No. 106], MC was authorized to serve as special litigation and enforcement counsel for the Debtors, *nunc pro tunc* to the Petition Date.

15. The following matters, among others, were identified for MC to handle:

- Advising the Debtors as to the Litigations;
- Communicating with opposing counsel in the Litigations on the Debtors' behalf;
- Appearing in and participating in the Litigations on the Debtors' behalf;

- Researching and analyzing various legal issues related to the Litigations;
- Providing advice on certain questions relating to the Litigations that may arise in the normal course of business;
- Advising the Debtors as to Investigations;
- Communicating with regulators and governmental agencies;
- Responding to document information requests from regulators and governmental agencies;
- Addressing legal issues related to the Investigations; and
- Advising on regulatory issues in the normal course of business.

16.     In considering this Second Interim Application, it should be noted that MC has considerable experience in representing debtors in chapter 11 cases, as well as acting as special litigation counsel to debtors in Chapter 7 and Chapter 11 matters. MC has likewise acted in a professional capacity in a multitude of cases representing the interests of trustees, debtors, creditors' committees, and secured creditors.

17.     It is believed that the work encompassed by this Second Interim Application for which compensation is sought was performed efficiently. All of the tasks summarized in this Second Interim Application were performed in such a manner as to ensure minimal duplication of services within MC, as well as with the Debtors' other professionals, in an effort to keep the administration expenses of these estates to a minimum. Before filing each of the monthly fee statements at issue in this Second Interim Application, MC also performed a rigorous review of the fees in order to eliminate any time entries that could be subject to question.

**SUMMARY OF LEGAL SERVICES RENDERED**

18.     The following is a summary description of the primary services rendered by MC during the Second Fee Period that highlights the benefits conferred upon the Debtors and their respective estates and creditors. All of the professional services rendered are set forth in the

computerized time records[5] maintained by MC and attached to the Monthly Fee Statements (**Exhibit C** to this Second Interim Application), and the Bankruptcy Court is respectfully referred to those records for detail of all of the work performed by MC.

19.     Given the nature and role of MC's retention, MC worked on the same tasks as in the previous fee period and its litigation / investigative efforts continued during this Second Fee Period. MC devoted time rendering legal services during the Second Fee Period that included working with the Debtors' other professionals in connection with various aspects of the Chapter 11 Cases, as well as handling the Litigations and the Investigations. As set forth below, the bulk and focus of MC's services, as would be expected given MC's retention as special litigation counsel, services centered around efforts concerning the Litigations and the Investigations. A brief summary of MC's services, which is supplemented in the entirety by the time records attached in full to the Monthly Fee Statements, is described below.

      A.    **Case Administration**

          Total Fees:    $21,595.50
          Total Hours:  25.5

20.     During the Second Fee Period, MC coordinated, communicated, and strategized with Debtors' counsel and Debtors' principals regarding the status of the Litigations and the Investigations and the interplay and impacts of each on the Chapter 11 Cases. MC also coordinated with Debtors' counsel on various other matters related to the administration of the Chapter 11 Cases.

---

[5]     As previously addressed, due to the nature of MC's special counsel retention, confidentiality is necessary in connection with some of MC's efforts and; thus, certain of MC's time entries reflect its efforts to maintain this confidentiality.

  B.  **Fee / Employment Applications**

    Total Fees:  $23,571.50
    Total Hours: 33.7

  21. During the Second Fee Period, MC (a) prepared and filed its June Fee Statement, July Fee Statement, August Fee Statement, and September Fee Statement pursuant to the Bankruptcy Code, Local Rules, and UST Guidelines, and (b) prepared its First Interim Application.

  C.  **Litigations/Investigations**

    Total Fees:  $185,699.50
    Total Hours: 248.6

  22. As is evident, the bulk of the time MC spent during the Second Fee Period related to the Litigations and Investigations. Given the nature of these representations, not much can be said specifically on these services. But MC regularly represented the Debtors in connection with discussions, examinations, and negotiations with various litigants concerning the Litigations and with federal and state regulators, law enforcement agencies, and other government agencies concerning the Investigations. MC's work in this regard included, *inter alia*, communications, discovery, drafting, strategy planning, and other litigation and investigative tasks. MC also analyzed opposing counsels' and regulators' varied theories and positions towards possible resolutions with these parties.

## ARGUMENT CONCERNING COMPENSATION

  23. There are numerous factors to be considered by the Bankruptcy Court in determining allowances of compensation. *See, e.g., In re Woerner*, 783 F.3d 266, 272 (5th Cir. 2015) (enumerating factors to be considered in awarding compensation to professionals); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), abrogated by *Blanchard v. Bergeron*, 489 U.S. 87 (1989) (same); *see also In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R.

13 (Bankr. S.D.N.Y. 1991) ("Drexel Burnham"); *In re Nine Assocs., Inc.*, 76 B.R. 943 (S.D.N.Y. 1987); *In re Cuisine Magazine, Inc.*, 61 B.R. 210 (Bankr. S.D.N.Y. 1986).

24. Further, in awarding compensation pursuant to section 330 of the Bankruptcy Code to professionals employed under section 327 of the Bankruptcy Code, the Bankruptcy Court must take into account, *inter alia*, the factors enumerated in Section 330 of the Bankruptcy Code.

25. Here the professional services rendered by MC have required substantial time, expertise, and effort. During the Second Fee Period, MC's professionals and paraprofessionals recorded 307.8 hours — 248.6 hours of which related to the Litigations and the Investigations — providing the above-summarized professional services. MC will continue to perform those services necessary to represent the Debtors as special litigation and enforcement counsel.

26. Time and labor devoted is only one of the many factors to be considered in awarding attorney compensation. Bankruptcy Courts also must consider: (a) the need for the preservation and maximization of value for all participants in these Chapter 11 Cases; (b) the complexity of the matters involved in and handled by MC in these Chapter 11 Cases; (c) the nature and extent of services rendered and the results achieved; (d) MC's experience, reputation, and ability; (e) the value of MC's services; and (f) the cost of comparable services other than in a case under the Bankruptcy Code.

27. MC respectfully submits that application of the foregoing criteria more than justifies the compensation requested in this Second Interim Application for the Second Fee Period on an interim basis. As described above, MC provided services to the Debtors during the Second Fee Period concerning a number of matters of varying sophistication and complexity.

28. The professional services rendered here have been performed by attorneys with broad expertise and high levels of skill in their practice areas or specialty. This highly professional

group of attorneys, working together with the Debtors' other professionals, has ensured that these Chapter 11 Cases have progressed in an efficient manner.

29. In view of the foregoing, MC respectfully requests that it be allowed interim compensation in the amount of $230,866.50 for services rendered during the Second Fee Period.

30. In view of the policy underlying sections 330 and 331 of the Bankruptcy Code that attorneys in bankruptcy cases be compensated on parity with attorneys practicing in other fields, it is respectfully submitted that compensation sought in this Second Interim Application should be allowed as requested.

31. MC reviewed the requirements of the UST Guidelines and believes that this Second Interim Application complies in all material respects with those requirements. To the extent this Second Interim Application does not comply in every respect with the requirements of such guidelines, MC respectfully requests a waiver for any such technical non-compliance.

**ACTUAL AND NECESSARY EXPENSES AND DISBURSEMENTS**

32. As set forth in **Exhibit B**, attached to this Second Interim Application, MC incurred $5,448.69 in expenses in connection with MC providing professional legal services to the Debtors during the Second Fee Period.

**NOTICE AND NO PRIOR REQUEST**

33. Notice of this Second Interim Application has been served, in compliance with Rule 2002, upon all known creditors and parties-in-interest, all parties requesting notice, and the United States Trustee. MC submits that such notice constitutes good and sufficient notice, and that no other or further notice is required or necessary.

34. No prior request for the relief sought in this Second Interim Application has been made to this Bankruptcy Court or any other court.

## **CONCLUSION**

For the foregoing reasons set-forth above in this Second Interim Application, MC respectfully requests that the Bankruptcy Court enter an order: (a) awarding MC interim compensation and reimbursement of expenses for the Second Fee Period in the amounts of $230,866.50 and $5,448.69, respectively; and (b) directing payment in the amount of $46,173.30 representing the amount previously held back; and (c) granting such other and further relief as this Bankruptcy Court deems just and proper under the circumstances.

Dated: New York, New York
November 14, 2023

**MORRISON COHEN LLP**

By: /s/ *Heath D. Rosenblat*
Heath D. Rosenblat, Esq.
Jason P. Gottlieb, Esq.

909 Third Avenue, 27th Floor
New York, New York 10022
(212) 735-8600
hrosenblat@morrisoncohen.com
jgottlieb@morrisoncohen.com

*Special Litigation and Enforcement Counsel for Debtors and Debtors-In-Possession*