**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
John R. Ashmead, Esq.
Mark D. Kotwick, Esq.
Catherine V. LoTempio, Esq.

*Special Litigation Counsel to the*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF SECOND INTERIM FEE APPLICATION OF SEWARD & KISSEL LLP, SPECIAL LITIGATION COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JUNE 1, 2023 THROUGH SEPTEMBER 30, 2023**

　　　　**PLEASE TAKE NOTICE** that on the date hereof, Seward & Kissel LLP ("S&K") filed

the attached *Second Interim Application of Seward & Kissel LLP, Special Litigation Counsel for*

*the Official Committee of Unsecured Creditors, for Compensation for Services Rendered and*

*Reimbursement of Expenses Incurred for the Period from June 1, 2023 through September 30,*

*2023* (the "Application") with the United States Bankruptcy Court for the Southern District of

New York.

---

[1]　The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that that, if any party wishes to file a response or objection to the Application, any such response or objection must be timely filed on or before the seventh day before the hearing on such Application, such hearing yet to be scheduled.  At the same time, you must serve a copy of the objection or response on the undersigned attorneys.

**PLEASE TAKE FURTHER NOTICE** THAT IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED BY THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated: November 14, 2023
      New York, New York

Respectfully submitted,

By: */s/ John R. Ashmead*

**SEWARD & KISSEL LLP**
John R. Ashmead
Mark D. Kotwick
Catherine V. LoTempio
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
E-mail: ashmead@sewkis.com
      kotwick@sewkis.com
      lotempio@sewkis.com

*Special Litigation Counsel to the*
*Official Committee of Unsecured Creditors*

SK 38292 0013 10880143 v2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**COVER SHEET FOR SECOND INTERIM FEE APPLICATION OF SEWARD & KISSEL LLP, SPECIAL LITIGATION COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JUNE 1, 2023 THROUGH SEPTEMBER 30, 2023**

| | |
|---|---|
| **Name of Applicant:** | Seward & Kissel LLP |
| **Name of Client:** | Official Committee of Unsecured Creditors |
| **Petition Date:** | January 19, 2023 |
| **Retention Date:** | May 16, 2023, effective as of March 30, 2023 |
| **Date of Order Approving Retention:** | May 16, 2023 [Docket No. 315] |
| **Time Period Covered by this Application:** | June 1, 2023 – September 30, 2023 |
| **Total Fees Requested by this Application:** | $43,152.50 |
| **Total Expenses Requested by this Application:** | $1,277.10 |
| **Total Fees and Expenses Requested by this Application:** | $44,429.60 |

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**Summary of Monthly Fee Statements for Compensation Period**

| Date Filed & Docket No. | Statement Period | Total Requested Fees (100%) | Interim Fees Paid (80%) | Fee Holdback (20%) | Total Expenses Requested (100%) | Interim Expenses Paid (100%) |
|---|---|---|---|---|---|---|
| 9/18/2023 [Docket No. 717] | 6/1/23-7/31/23 | $18,640.00 | $14,912.00 | $3,728.00 | $0.00 | $0.00 |
| 10/12/2023 [Docket No. 794] | 8/1/23-8/31/23 | $4,937.50 | $3,950.00 | $987.50 | $425.70 | $425.70 |
| 11/13/2023 [Docket No. 915] | 9/1/23-9/30/23 | $19,575.00 | $15,660.00 | $3,915.00 | $851.40 | $851.40 |
| **Total** | | **$43,152.50** | **$34,522.00** | **$8,630.50** | **$1,277.10** | **$1,277.10** |

**Prior Interim Compensation Order(s)**

| Date Filed & Docket No. | Statement Period | Total Requested Fees | Interim Fees Allowed | Interim Fees Paid | Interim Expenses Requested | Interim Expenses Paid |
|---|---|---|---|---|---|---|
| Pending Entry | 3/30/23-5/31/23 | $111,247.50 | $111,247.50 | $88,998.00 | $1,854.36 | $1,854.36 |
| **Total** | | **$111,247.50** | **$111,247.50** | **$88,998.00** | **$1,854.36** | **$1,854.36** |

.

**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
John R. Ashmead, Esq.
Mark D. Kotwick, Esq.
Catherine V. LoTempio, Esq.

*Special Litigation Counsel to the*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**SECOND INTERIM FEE APPLICATION OF SEWARD & KISSEL LLP, SPECIAL LITIGATION COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM JUNE 1, 2023 THROUGH SEPTEMBER 30, 2023**

Seward & Kissel LLP ("S&K"), special litigation counsel for the Official Committee of

Unsecured Creditors (the "Committee") appointed in the cases of the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), hereby files its second interim application (the

"Application") for allowance of reasonable compensation for services rendered and

reimbursement of actual and necessary expenses incurred on behalf of the Committee in the

aggregate amount of $44,429.60 for the period June 1, 2023 through September 30, 2023 (the

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

"Compensation Period"), inclusive of the aggregate holdback amounts for the Compensation Period. S&K has previously been paid (or expects to be paid) $34,522.00 in fees and $1,277.10 in expenses for services rendered and expenses incurred during the Compensation Period pursuant to the Interim Compensation Procedures (as defined below).

## JURISDICTION, VENUE, AND STATUTORY PREDICATES

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-l(a) of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), General Order M-447, the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases Pursuant to Local Rule 2016-1(a) (as updated June 17, 2013)* (the "Local Guidelines"), and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013* (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Guidelines"). Attached hereto as **Exhibit A** is a certification regarding compliance with the Guidelines.

## BACKGROUND

3.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases (the

"Chapter 11 Cases").

4.        The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Related Chapter 11 Cases* [Docket No. 37], entered on January 26, 2023.

5.        On February 3, 2023, the Office of the United States Trustee for the Southern District of New York appointed seven of the Debtors' unsecured creditors to serve as members of the Committee [Docket No. 55].

6.        On April 21, 2023, the Committee filed the *Application for Entry of an Order Authorizing and Approving the Employment of Seward & Kissel LLP as Special Litigation Counsel to the Official Committee of Unsecured Creditors Nunc Pro Tunc to March 30, 2023* [Docket No. 243] (the "Retention Application").  By order entered on May 16, 2023 [Docket No. 315], the Court approved the Retention Application and authorized the Committee to retain S&K, effective as of March 30, 2023, to serve as its special litigation counsel in these Chapter 11 Cases.

**SUMMARY OF MONTHLY FEE STATEMENTS**

7.        On February 24, 2023, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 101] (the "Interim Compensation Procedures").  Pursuant to the Interim Compensation Procedures, S&K is authorized to file and serve monthly fee statements ("Monthly Fee Statements") on the Monthly Fee Statement Recipients (as defined in the Interim Compensation Procedures).  If no objections are raised prior to the expiration of the applicable objection deadline established by the Interim Compensation Procedures, the Debtors are authorized to pay 80% of the fees and 100% of the expenses identified in such Monthly Fee Statements.

8.        S&K filed Monthly Fee Statements during the Compensation Period as forth in the summary attached hereto.  S&K has received (or expects to receive) $35,799.10 from the Debtors

on account of the Monthly Fee Statements during the Compensation Period, corresponding to

$34,522.00 in fees and $1,277.10 in expenses.  Assuming no objections are raised to S&K's

pending Monthly Fee Statements, S&K's fee holdback during the Compensation Period will be

$8,630.50.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

9.      By this Application, S&K seeks interim allowance and award of compensation for

the professional services rendered by S&K as special litigation counsel to the Committee during

the Compensation Period with regard to (i) fees for legal services in the amount of $43,152.50  and

(ii) expenses in the amount of $1,277.10, representing actual and necessary expenses incurred by

S&K during the Compensation Period in connection with rendering such services.

10.     All services for which S&K requests compensation in this Application were

performed for or on behalf of the Committee.  During the Compensation Period, other than

pursuant to the Interim Compensation Procedures, S&K has received no payment and no promises

of payment from any source for services rendered or to be rendered in connection with the matters

covered by this Application.  There is no agreement or understanding between S&K and any other

person (other than the partners of S&K) for the sharing of compensation to be received for services

rendered in these Chapter 11 Cases.

11.     **Exhibit B** to this Application sets forth a timekeeper summary that includes: (a)

the name, title, year of admission to practice (if applicable), and area of expertise of each individual

who provided services during the Compensation Period; (b) the aggregate hours spent by each

individual for which compensation is sought by S&K; (c) the hourly billing rate for each such

individual; and (d) the amount of fees for each such individual for which compensation is sought

by S&K.[2]  The fees charged by S&K in these Chapter 11 Cases are billed in accordance with

S&K's existing billing rates and procedures in effect during the Compensation Period.  The rates

S&K charges for the services rendered by its professionals and paraprofessionals in the Chapter

11 Cases are the same rates S&K charges for services rendered in comparable bankruptcy and

nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation

charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy matters

in a competitive legal market.  The blended rate for compensation requested in this Application is

approximately $1,115 per hour.[3]

12.  **Exhibit C** to this Application sets forth a project summary that includes the

aggregate hours and fees per project category spent by S&K timekeepers in rendering services to

the Committee during the Compensation Period.

13.  **Exhibit D** to this Application sets forth both a summary of expenses for which

S&K seeks reimbursement.[4]

### SUMMARY OF LEGAL SERVICES RENDERED
### DURING THE SECOND INTERIM FEE PERIOD

14.  S&K has provided legal services to the Committee as necessary on discrete matters

to assist with the paramount goal of enhancing recoveries for, and protecting the rights of, the

Debtors' unsecured creditors.  To provide an orderly and meaningful summary of the services

rendered by S&K during the Compensation Period, S&K used project categories in connection

---

[2] S&K's computerized time records for S&K timekeepers for which compensation is sought by S&K, including a complete itemization of tasks performed in rendering services to the Committee organized by project category during them Compensation Period, are attached as exhibits to its Monthly Fee Statements and are incorporated by reference herein.

[3] The blended rate is calculated by taking the total of fees sought in this Application and dividing by the total of hours sought in this Application, rounded to the nearest dollar.

[4] Detailed line-item entries for such expenses are attached as exhibits to its Monthly Fee Statements and are incorporated by reference herein.

with the Chapter 11 Cases, as required by the Guidelines.  The following is a summary of the

professional services rendered by S&K during the Compensation Period, organized in accordance

with S&K's relevant project categories.

| Matter No. | Category Name | Hours | Fees |
|---|---|---|---|
| | Brief Narrative Summary | | |
| 0001 | **Case Administration** | 2.6 | $3,420.00 |
| | S&K's professionals and paraprofessionals were involved in the following activities, among others, relating to administration of these Chapter 11 Cases during the Compensation Period: (i) calls and meetings to discuss various workstreams, staffing, and upcoming deadlines; (ii) monitoring docket activity; and (iii) attending to internal file management, including updating an internal calendar and monitoring work in progress. | | |
| 0009 | **Litigation-Contested Matters** | 10.5 | $10,885.00 |
| | During the Compensation Period, S&K's time committed to this category revolved around the motion for relief from stay filed by FTX debtors [Docket No. 289] and the motion for estimation of the FTX debtors' claim [Docket No. 373]. In connection therewith, S&K professionals reviewed and analyzed the motions and related pleadings and conferred internally and with the Committee's professionals. | | |
| 0012 | **Court Hearings** | 12.3 | $17,117.50 |
| | During the Compensation Period, S&K prepared for and attended the status conferences and hearings held on June 5, 2023, June 15, 2023, August 2, 2023, September 6, 2023, and September 18, 2023. | | |
| 0013 | **Employment and Fee Applications** | 13.3 | $11,730.00 |
| | During the Compensation Period, S&K prepared its second Monthly Fee Statement, which was filed on August 2, 2023 [Docket No. 571], its first interim fee application, which was filed on September 6, 2023 [Docket No. 684], its third combined Monthly Fee Statement, which was filed on September 18, 2023 [Docket No. 717], and a notice of hearing related to its first interim fee application, which was filed on September 26, 2023 [Docket No. 738]. | | |

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

15.    Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the standards of section 330 of the Bankruptcy Code to govern the

Bankruptcy Court's award of such compensation. Section 330 provides that a court may award a professional employed under section 1103 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). It also sets forth criteria for the award of such compensation and reimbursement, including, but not limited to, (i) the complexity of the Chapter 11 Cases, (ii) the time expended, (iii) the nature and extent of the services rendered, (iv) the value of such services, and (v) the costs of comparable services other than in a case under this title. *Id.* § 330(a)(3).

16.    S&K submits that the services for which it seeks compensation and the expenses for which it seeks reimbursement in this Application were necessary for, and beneficial to, the Committee. During the Compensation Period, S&K worked diligently to preserve and maximize the value of the Debtors' estates for the benefit of the Debtors' unsecured creditors, including by performing the services summarized above and itemized on the time detail attached to the Monthly Fee Statement. The services rendered by S&K were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. S&K also coordinated with the Committee's other retained professionals to limit the unnecessary duplication of services to the Committee. S&K respectfully submits that the amounts requested herein are fair and reasonable given (i) the complexity of the Chapter 11 Cases, (ii) the time expended by S&K's professionals, (iii) the nature and extent of the services rendered, (iv) the value of such services, and (v) the costs of comparable services other than in a case under this title.

17.    Accordingly, S&K requests that the Court allow S&K compensation and reimbursement of expenses in the amounts set forth herein. To the extent that any amounts for fees or expenses related to the Compensation Period were not processed prior to the preparation of this Application, S&K reserves the right to request additional compensation for such services

and reimbursement of such expenses in a future application.

## NOTICE

18.     S&K will provide notice of this Application to the following parties in accordance with the Interim Compensation Procedures: the Debtors c/o Genesis Global Holdco, LLC, Attn: Arianna Pretto-Sankman (e-mail: arianna@genesistrading.com); (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Jane VanLare, Esq. (e-mail: soneal@cgsh.com and jvanlare@cgsh.com); and (iii) the United States Trustee for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Greg Zipes, Esq. (e-mail: greg.zipes@usdoj.gov).  S&K submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

19.     S&K respectfully requests that the Court enter an order (i) authorizing the interim and final allowance of compensation for professional services rendered during the Compensation Period and reimbursement of actual and necessary expenses incurred in the aggregate amount of $44,429.60, consisting of $43,152.50, representing 100% of fees incurred during the Compensation Period, and reimbursement of $1,277.10, representing 100% of actual and necessary expenses incurred during the Compensation Period, (ii) providing that the allowance of such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to S&K's right to seek additional compensation for services rendered and expenses incurred during the Compensation Period to the extent not processed at the time of the filing of this Application, (iii) directing payment by the Debtors of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Procedures, and (iv) granting such other or further relief as the Court

deems just and proper.


Dated:  November 14, 2023
        New York, New York


                                        Respectfully submitted,


                                        By:  */s/ John R. Ashmead*

                                        **SEWARD & KISSEL LLP**
                                        John R. Ashmead
                                        Mark D. Kotwick
                                        Catherine V. LoTempio
                                        One Battery Park Plaza
                                        New York, NY 10004
                                        Telephone: (212) 574-1200
                                        E-mail: ashmead@sewkis.com
                                                kotwick@sewkis.com
                                                lotempio@sewkis.com

                                        *Special Litigation Counsel to the*
                                        *Official Committee of Unsecured Creditors*

<u>**Exhibit A**</u>

**Guidelines Certification**

SK 38292 0013 10880143 v2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | (Jointly Administered) |

**CERTIFICATION UNDER GUIDELINES WITH RESPECT TO THE SECOND
INTERIM FEE APPLICATION OF SEWARD & KISSEL LLP, SPECIAL LITIGATION
COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED FOR THE PERIOD FROM JUNE 1, 2023 THROUGH
SEPTEMBER 30, 2023**

I, John R. Ashmead, hereby certify that:

1.      I am a partner with the law firm of Seward & Kissel LLP ("S&K") with offices located at One Battery Park Plaza, New York, NY 10004 and am duly admitted to practice law in the State of New York and the United States District Court for the Southern District of New York. There are no disciplinary proceedings pending against me in any jurisdiction.

2.      This certification is made in respect of S&K's compliance with the Local Guidelines[2] in connection with the *Second Interim Application of Seward & Kissel LLP, Special Litigation Counsel for the Official Committee of Unsecured Creditors, for Compensation for Services Rendered and Reimbursement of Expenses Incurred for the Period from June 1, 2023 through September 30, 2023* (the "Application"), filed contemporaneously herewith.    The

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] Capitalized terms used, but not defined, shall have the meaning ascribed to them in the attached Application.

information in this certification is true and correct to the best of my knowledge, information, and

belief.

3.      In respect of Section B.1 of the Local Guidelines, I certify that:

a.  I have read the Application;

b.  To the best of my knowledge, information, and belief formed after reasonable

inquiry, the fees and expenses sought fall within the Guidelines;

c.  Except to the extent that fees or disbursements are prohibited by the Local

Guidelines, the fees and disbursements sought by the Application are billed at rates

and in accordance with practices customarily employed by S&K and generally

accepted by S&K's clients; and

d.  In providing any reimbursable service, S&K did not make a profit on such service,

whether performed by S&K in-house or through a third party.

4.      The following information is provided pursuant to paragraph C.5 of the U.S.

Trustee Guidelines:

**Question**:   Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Answer**:   No.

**Question**:   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

**Answer**:   Not applicable.

**Question**:   Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer**:   No.

**Question**:   Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?

2

**Answer**:  No.

**Question**:  Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?

**Answer**:  Yes. Such time spent by S&K to ensure that the publicly filed time entries subject to this Application do not disclose privileged or confidential information is a necessary component of S&K's fee applications.

**Question**:  If the fee application includes any rate increases since retention: Did your client review and approve those rate increases in advance? Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11–458?

**Answer**:  Not applicable, yes, and not applicable.


Dated:  November 14, 2023
        New York, New York

                                           */s/ John R. Ashmead*
                                           John R. Ashmead
                                           Seward & Kissel LLP

**Exhibit B**

**Timekeeper Summary**

| Name | Title | Year Admitted | Areas of Expertise | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| John R. Ashmead | Partner | 1991 | Corporate Restructuring and Bankruptcy | 11.5 | $1,625 | $18,687.50 |
| Mark D. Kotwick | Partner | 1990 | Litigation | 1.0 | $1,450 | $1.450.00 |
| Catherine V. LoTempio | Associate | 2014 | Corporate Restructuring and Bankruptcy | 0.2 | $975 | $195.00 |
| Andrew J. Matott | Associate | 2017 | Corporate Restructuring and Bankruptcy | 22.4 | $925 | $20,720.00 |
| John Patouhas | Law Clerk | N/A | Corporate Restructuring and Bankruptcy | 2.1 | $750 | $1,575.00 |
| Michael Ohanesian | Managing Clerk | N/A | Litigation | 1.2 | $375 | $450.00 |
| Aleena Zaidi | Paralegal | N/A | Litigation | 0.3 | $250 | $75.00 |
| Grand Total | | | | 38.7 | | $43,152.50 |

SK 38292 0013 10880143 v2

**Exhibit C**

**Project Summary**

| Cat. No. | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| 0001 | Case Administration | 2.6 | $3,420.00 |
| 0009 | Litigation-Contested Matters | 10.5 | $10,885.00 |
| 0012 | Court Hearings | 12.3 | $17,117.50 |
| 0013 | Employment and Fee Applications | 13.3 | $11,730.00 |
| | **Grand Total** | **38.7** | **$43,152.50** |

## **Exhibit D**

### **Expense Summary**

| Expense Description | Total |
|---|---|
| Monthly Document Hosting Fee | $1,277.10 |
| **Grand Total** | **$1,277.10** |