**Hearing Date: December 13, 2023 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: December 6, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I) FURTHER EXTEND THE COVERAGE PERIOD OF CERTAIN INSURANCE POLICIES AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "<u>Petition Date</u>"), Genesis Global Holdco, LLC ("<u>Holdco</u>") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>") with the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>").

**PLEASE TAKE FURTHER NOTICE** that on November 22, 2023, the Debtors filed the annexed *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief* (the "<u>Motion</u>").  A hearing (the "<u>Hearing</u>") on the Motion will be held via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern

---

[1]	The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

District of New York, 300 Quarropas Street, White Plains, NY 10601 on **December 13, 2023 at 2:00 p.m. (Eastern Time) (the "<u>Hearing Date</u>")**.

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **December 6, 2023 at 4:00 p.m. (Eastern Time) (the "<u>Objection Deadline</u>")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "<u>Case Management Order</u>").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as <u>Exhibit A</u> to the Motion, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:  November 22, 2023
      New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

 *Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING
THE DEBTORS TO (I) FURTHER EXTEND THE COVERAGE PERIOD OF
CERTAIN INSURANCE POLICIES AND (II) GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), hereby submit this motion (the "Motion"), seeking entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") (i) authorizing the Debtors, to the extent such authorization is required, to extend the coverage period of the Insurance Policies (as set forth in Exhibit C) from December 28, 2023 to March 28, 2024 and make any payments necessary for the extension of the coverage period, (ii)

---

[1]        The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

authorizing the Debtors, to the extent such authorization is required, to pre-pay for six years of tail coverage that would take effect on the effective date of the *Debtors' Amended Joint Chapter 11 Plan,* (the "Plan Effective Date"), (iii) authorizing all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the proposed extension of the Insurance Policies, and (iv) granting the Debtors such other and further relief as the Court deems just and proper.   In further support of this Motion, the Debtors rely on the *Declaration of Arianna Pretto-Sakmann in Support of the Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief* (the "Pretto-Sakmann Declaration"), attached to this Motion as Exhibit B, and respectfully represent as follows:

## PRELIMINARY STATEMENT

1.      By this Motion, the Debtors seek entry of an order authorizing the Debtors, to the extent such authorization is required, to extend the coverage period of the Insurance Policies, which provide coverage to the Debtors, non-Debtor subsidiaries, its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") and their directors, officers and employees, by three months to March 28, 2024, which will permit the insureds covered under these policies to timely submit claims that may be raised against the Debtors or any Insureds under the Insurance Policies (as defined therein) following the current December 28, 2023 expiration date of the policies.  The Debtors have been able to secure an extension of the current terms of the policies for approximately $307,952.  If the Debtors emerge from these Chapter 11 Cases before March 28, 2024, the Debtors will receive a pro rata refund of the cost of the three-month extension.  This relief makes particular sense where the Insurance Policies are "claims made" policies, such that failure to obtain an extension risks forfeiting claims against the Insurance Policies that have otherwise had no amounts

paid out against their limits.  The Debtors are further seeking authorization to pre-pay for six years of tail coverage that would take effect on the Plan Effective Date.  Tail coverage is necessary here to assure that claimants will have sufficient time to submit all claims that accrued during the coverage period.

2.        The Debtors believe that extending the coverage period and obtaining tail coverage is necessary and appropriate here to enable the current directors and officers to act on behalf of the estate without fear that they would be forced to make out-of-pocket payments in respect of claims that otherwise could be timely submitted under the Insurance Policies.  To the extent that authorization is required, the Debtors respectfully submit that extending the policies and obtaining tail coverage is a sound exercise of their business judgment and seek entry of the Proposed Order attached as <u>Exhibit A</u> hereto, authorizing the Debtors to do so.

## JURISDICTION AND VENUE

3.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

4.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.        The statutory bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>") and Rule 6004 of the Federal Rules of Bankruptcy Procedure, Fed. R. Bankr. P. 6004, (the "<u>Bankruptcy Rules</u>").

## BACKGROUND

6.      The Debtors' operations included lending and borrowing services for digital assets. GGC International Limited, and other non-Genesis Debtor affiliates, offer trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. ("DCG").

7.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

8.      On March 27, 2023, the former chief executive of Holdco, GGC and GGT filed a motion seeking relief from the automatic stay to access one of the Insurance Policies, ECF No. 165.  On May 9, 2023, the Court granted such lift stay motion, subject to certain modifications, ECF No. 300.

9.      On May 15, 2023, the Debtors filed the *Debtors' Motion for Entry of  an Order Authorizing the Debtors to (I) Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief*, which sought to extend the coverage period of the Insurance Policies to December 28, 2023.  On June 21, 2023, the Court granted the motion, ECF No. 442.

10.     On November 17, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (as may be amended, the "Plan"), ECF No. 948.  Article IV.B.15 of the Plan provides for the Wind-Down Debtors' assumption of all unexpired directors', managers', and officers' liability insurance policies (including any "tail policy") maintained by any of the Debtors with respect to

directors, managers, officers, and employees of the Debtors and any agreements, documents, and instruments related thereto, to the extent they are executory contracts. *See* Plan Art. IV.B.15.

## RELIEF REQUESTED

11.     By this Motion, the Debtors seek entry of the Proposed Order (i) authorizing the Debtors, to the extent such authorization is required, to extend the coverage period of the Insurance Policies from December 28, 2023 to March 28, 2024 and make any payments necessary for the extension of the coverage period, (ii) authorizing the Debtors, to the extent such authorization is required, to obtain tail coverage for six years that would take effect on the Plan Effective Date and make any necessary payments for the tail coverage, (iii) authorizing all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Policies and (iv) granting the Debtors such other and further relief as the Court deems just and proper.

## THE DEBTORS' DIRECTORS & OFFICERS AND ERRORS & OMISSIONS INSURANCE POLICIES

12.     In connection with their business operations, the Debtors maintain several insurance policies from third-party insurance carriers which provide coverage for the Debtors, non-Debtor subsidiaries and GGT, as well as certain current and former directors, officers and employees of the Debtors. Pretto-Sakmann Declaration at ¶ 4. The insurance policies include a Directors & Officers liability policy and an Errors & Omissions liability policy with a shared limit and three excess coverage policies. Pretto-Sakmann Declaration at ¶ 4. A true and correct summary of the aforementioned insurance policies is attached hereto as Exhibit C (each policy an "Insurance Policy", and together, the "Insurance Policies"). Pretto-Sakmann Declaration at ¶ 4. Exhibit C also includes the corresponding insurance carriers (the "Insurance Carriers") and dates of coverage. Pretto-Sakmann Declaration at ¶ 4. In 2023, the Debtors paid approximately

5

$600,000 in respect of the Insurance Policies. Pretto-Sakmann Declaration at ¶ 4. The Debtors'

Insurance Policies, which are claims made policies, currently expire by their terms on December

28, 2023 (the "Expiration Deadline"). Pretto-Sakmann at ¶ 4. For the avoidance of doubt, with

this Motion the Debtors seek to extend solely the Insurance Policies set forth in in Exhibit C. The

Debtors seek to extend the Insurance Policies for up to three months to March 28, 2024 (the

"Extended Expiration Deadline") at the cost of approximately $307,952 (the "Premium

Payment[s]"). Pretto-Sakmann Declaration at ¶ 4. If the Debtors emerge from chapter 11 before

March 28, 2024, the Debtors will receive a pro rata refund for the cost of the three-month

extension. Pretto-Sakmann Declaration at ¶ 4. The Debtors also seek to pre-pay for six years of

tail coverage that will begin on the Plan Effective Date, at the cost of approximately $1.85 million.

Pretto-Sakmann Declaration at ¶ 4. Following consultations with their insurance broker, the

Debtors believe that these costs are commercially reasonable and that the Debtors will not be able

to obtain new insurance policies on better terms. Pretto-Sakmann Declaration at ¶ 5.

13.    The Debtors have determined that extending the Insurance Policies and obtaining

tail coverage is a sound exercise of the Debtors' business judgment, as it will extend the coverage

available to both the Debtors and current directors and officers of the estate, who are currently

navigating multiple actions and investigations against the Debtors and other parties-in-interest

while continuing to discharge their duties. Pretto-Sakmann Declaration at ¶ 6. Extension of the

Insurance Policies and tail coverage is critical at this juncture, as the continued cooperation of the

current directors and officers essential to the resolutions of these actions and investigations, as well

as the prosecution of claims and causes of action by the Wind Down Debtors (as defined in the

Plan). Pretto-Sakmann Declaration at ¶ 6. Tail coverage will provide additional assurance to these

directors and officers that claims accrued during the coverage period will be paid out, while a lapse

in the Insurance Policies or lack of tail coverage could jeopardize this cooperation.  Pretto-Sakmann Declaration at ¶ 6.  Accordingly, it is in the Debtors' best interest to instead extend the Insurance Policies to allow the Debtors to maintain their existing coverage, in place.  Pretto-Sakmann Declaration at ¶ 5.

14.     Given the circumstances of the Debtors' cases, the Debtors anticipate that additional claim amounts will accrue after the Expiration Deadline and that an extension of the Insurance Policies and acquisition of tail coverage is necessary to provide directors, officers, employees and the Debtors the opportunity to have Losses (as defined in the Insurance Policies) compensated for such claims.  Pretto-Sakmann Declaration at ¶ 6.

## **BASIS FOR RELIEF**

A.     **Extension of the Insurance Policies Is Warranted Under Section 363(b) of the Bankruptcy Code**

15.     Section 363 of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Under section 363(b), courts require only that the debtor show "a good business reason" for such actions.  *See, e.g.*, *Official Comm. of Unsecured Creditors v. Enron Corp. (In re Enron Corp.)*, 335 B.R. 22, 27-28 (S.D.N.Y. 2005) (quoting *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983)); *see also In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2003 WL 22316543, at *31 (Bankr. S.D.N.Y. Mar. 4, 2003).  Moreover, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct."  *Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.*), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) (citation omitted); *see also In re Tower Air, Inc.*, 416 F.3d 229, 238 (3d Cir. 2005) (stating that

"[o]vercoming the presumptions of the business judgment rule on the merits is a near-Herculean task").

16.    To the extent required, the Debtors have satisfied the business judgment standard.[2] First, the coverage provided under the Insurance Policies is essential for preserving the value of the Debtors' assets.   Continued liability coverage for the Debtors' directors and officers is necessary, especially in light of the uncertain regulatory landscape in which the Debtors operate, to ensure they have the flexibility to act on behalf of the Debtors' estates as needed in response to claims against them without undue concern or interference with their continuing duties. Maintenance of insurance policies is also required by the operating guidelines established by the Office of the United States Trustee.   *See* U.S. Dep't of Justice Office of the United States Trustee, *Region 2 – New York, Connecticut and Vermont, Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees*, § 6 (rev. Dec. 27, 2019) ("Within fifteen (15) days of filing the petition, the debtor must provide the United States Trustee with proof of the insurance coverage required by these guidelines."), https://www.justice.gov/ust-regions-r02/file/region_2_operating_guidelines.pdf/download.   As set forth above, after consultation with their insurance broker and evaluation of their options at this stage in their cases, the Debtors believe an extension of the Expiration Deadline and obtaining tail coverage best serves these interests.

**B.    Processing of Checks and Electronic Fund Transfers Should be Authorized**

17.    The Debtors have sufficient funds to honor obligations in connection with the extension of the Insurance Policies and tail coverage in the ordinary course of business using cash on hand.   The Debtors believe there is minimal risk that check or wire transfer requests that this

---

[2]    The Debtors respectfully submit that it is likely that the requested relief is within the ordinary course of business, but are seeking relief both out of an abundance of caution and at the insistence of certain Insurance Carriers.

Court has not authorized will be inadvertently made. Thus, the Debtors request that this Court authorize all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the extension of the Insurance Policies and the purchase of tail coverage.

**C.      Satisfaction of Bankruptcy Rules 6004(a) and 6004(h)**

18.      To implement the foregoing successfully, particularly given the upcoming Expiration Deadline, the Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

19.      The Debtors have provided notice of this Motion in accordance with the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures, ECF No. 44. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

20.      No prior motion for the relief requested herein has been made to this or any other court.

*[The remainder of this page is intentionally left blank]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter the Proposed Order, substantially in the form attached hereto as <u>Exhibit A</u> , and (b) grant such other and further relief as is just and proper.


Dated:  November 22, 2023                */s/ Luke A. Barefoot*_____
          New York, New York            Sean A. O'Neal
                                            Luke A. Barefoot
                                            Jane VanLare
                                            CLEARY GOTTLIEB STEEN &
                                            HAMILTON LLP
                                            One Liberty Plaza
                                            New York, New York 10006
                                            Telephone: (212) 225-2000
                                            Facsimile: (212) 225-3999

                                            *Counsel to the Debtors*
                                            *and Debtors-in-Possession*

# <u>EXHIBIT A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER AUTHORIZING THE DEBTORS TO (I) EXTEND THE COVERAGE PERIOD OF CERTAIN INSURANCE POLICIES (II) GRANTING RELATED RELIEF

Upon the motion of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors"); and upon the *Declaration of Arianna Pretto-Sakmann in Support of the Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief*, for entry of an order (this "Order"), as more fully described in the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief* (the "Motion")[2]; (i) authorizing the Debtors to extend the coverage period of the Insurance Policies from December 28, 2023 to March 24, 2023, purchase tail coverage and make any payments necessary for in connection therewith (ii) authorizing all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Policies and (iii) granting the Debtors such other and further relief as the Court deems just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a

final order consistent with Article III of the United States Constitution; and the Court having found

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and the Court having found that the relief requested in the Motion is in the best

interests of the Debtors, their estates, their creditors and other parties in interest; and the Court

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion

was appropriate and no other notice need be provided; and the Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before the

Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis to the extent set forth herein.

2. The Debtors are authorized to extend the coverage period of the Insurance Policies

by three months and to make any related payments necessary for the extension of the coverage

period.

3. The Debtors are authorized to obtain tail coverage for six years and to make any

related payments necessary to obtain tail coverage.

4. All applicable banks and other financial institutions are authorized to receive,

process, honor and pay any and all checks and transfer requests evidencing amounts paid by the

Debtors under this Order, in accordance with the *Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief*, ECF No. 150.

5.      The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule and 6004(a) and the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h)

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity, priority or amount of any claim against a Debtor entity; (ii) a waiver of the Debtors' or any party-in-interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this  Order or the Motion; (v) a requirement or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or (vi) a waiver of the Debtors' or any party-in-interest's rights under the Bankruptcy Code or any other applicable law.

7.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' insurance carriers, any other agents or brokers employed by the Debtors or any other third party relating to the Insurance Policies.

8.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry,

(ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

9.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

Dated: _____, 2023        _____
        White Plains, New York          THE HONORABLE SEAN H. LANE
                                         UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Declaration of Arianna Pretto-Sakmann**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF ARIANNA PRETTO-SAKMANN IN SUPPORT OF DEBTORS'**
**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I)**
**FURTHER EXTEND THE COVERAGE PERIOD OF CERTAIN INSURANCE**
**POLICIES AND (II) GRANTING RELATED RELIEF**

I, Arianna Pretto-Sakmann, hereby declare that the following is true and correct to the best

of my knowledge, information, and belief:

1.      I am the Chief Legal Officer for the Debtors.  I am generally familiar with the day-

to-day operations and affairs of the Debtors.

2.      I submit this declaration (the "Declaration") in support of the Motion[2]  which is

being filed simultaneously herewith.

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based

upon my personal knowledge of the Debtors' Insurance Policies, or information supplied to me by

members of the Debtors' management, other personnel and professional advisors regarding the

Debtors' Insurance Policies, or my opinion based on my experience, knowledge and information

concerning the Debtors' Insurance Policies.  To the extent that the Debtors learn that any

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

information provided herein is materially inaccurate, the Debtors will act promptly to notify the Court and other parties; however, I believe all information herein to be true to the best of my knowledge, information and belief.  I am authorized to submit this Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

4.      The Debtors maintain Insurance Policies which provide coverage for the Debtors, non-Debtor subsidiaries and GGT, as well as certain current and former directors, officers and employees of the Debtors.  In particular, these policies include a Directors & Officers Liability policy and an Errors & Omissions Liability policy with a shared limit and three excess coverage policies.  Exhibit C to the Motion provides a true and correct summary of these Insurance Policies. In 2023, the Debtors paid approximately $600,000 in respect of the Insurance Policies.  The Debtors' Insurance Policies, which are claims made policies, currently expire by their terms on December 28, 2023.  Based on a quote from the Debtors' broker, it is my understanding that the Debtors may extend the current expiration date of the Insurance Policies by three months, to December 28, 2023, for $307,952.  If the Debtors emerge from these Chapter 11 Cases before March 28, 2024, the Debtors will receive a pro rata refund of the cost of the three-month extension. The Debtors also seek to pre-pay for six years of tail coverage that would begin on the Plan Effective Date.  Based on a quote from the Debtors' broker, it is my understanding that this tail coverage will cost approximately $1,849,067.

5.      I believe that it is a sound exercise of the Debtors' business judgment to extend the terms of the Insurance Policies by three months and to obtain tail coverage for six years.  First, following consultations with the Debtors' insurance broker, it is my understanding that the Debtors will not currently be able to obtain new insurance policies with similar coverage on commercially

reasonable terms.  Second, maintaining the Debtors' current Insurance Policies for an additional three months is the pragmatic choice, as the expiration of the Insurance Policies on the current expiration date or failure to obtain tail coverage will result in the unnecessary forfeiture of claims before any Insurance Policies have been exhausted.

6.      Moreover, I believe that it is in the Debtors' best interest to maintain the Insurance Policies because it is likely that the ongoing actions and investigations against the Debtors and other parties-in-interest have or will give rise to claims covered by the Insurance Policies and that additional claim amounts will accrue after the Expiration Deadline.  Extending the Insurance Policies by three months and obtaining tail coverage will give directors, officers, employees and the Debtors adequate opportunity to have their Losses (as defined in the Insurance Policies) stemming from these actions and investigations compensated by the Insurance Policies and prevent these parties from paying out-of-pocket costs unnecessarily.  Finally, maintaining the Insurance Policies will alleviate concerns the directors, officers, and employees may have about incurring costs and allow them to instead focus on discharging their duties to the estates and ensure their continued cooperation with respect to the actions and investigations.  Allowing the Insurance Policies to lapse or failing to obtain tail coverage may compromise the willingness of current directors and officers to continue to cooperate with these actions and investigations.  Their cooperation is critical to the resolution of these actions and investigations,  as well as for the prosecution of claims and causes of action by the Wind-Down Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: November 22, 2023
      New York, NY

_/s/ Arianna Pretto-Sakmann_
Name:     Arianna Pretto-Sakmann
Title:      Chief Legal Officer

**EXHIBIT C**

**Insurance Policies**[1]

---

[1]    The Debtors expressly reserve their rights to amend, modify or supplement information provided in this Exhibit.

| Type of Policy | Named Insured[1] | Insurance Carrier(s) | Policy Start Date | Policy End Date | Policy Number(s) | Coverage Limit |
|---|---|---|---|---|---|---|
| Directors & Officers Liability | Genesis Global Holdco, LLC | Axis Insurance Company | 6/28/2022 | 12/28/2023 | P00100065881 702 | $2,500,000 aggregate with the E&O Policy |
| Errors & Omissions Liability | Genesis Global Holdco, LLC | Axis Insurance Company | 6/28/2022 | 12/28/2023 | P00100065882 602 | $2,500,000 aggregate with the D&O Policy |
| Excess D&O / E&O | Genesis Global Holdco, LLC | Forge Underwriting Ltd | 6/28/2022 | 12/28/2023 | B0146ERUSA2 201352 | Limit: $2,500,000 excess of $2,500,000 |
| Excess D&O / E&O | Genesis Global Holdco, LLC | Starr Indemnity & Liability Company | 6/28/2022 | 12/28/2023 | 1000624040221 | Limit: $2,500,000 excess of $5,000,000 |
| Excess D&O / E&O Policy | Genesis Global Holdco, LLC | Forge Underwriting Ltd | 6/28/2022 | 12/28/2023 | B0146ERUSA2 201455 | Limit: $2,500,000 excess of $7,500,000 |

---

[1] While Holdco is the named insured under the Insurance Policies, the remaining Debtors GGC and GAP are considered Insured under the policies by virtue of their status of subsidiaries of Holdco.  Non-Debtor GGT is also an insured under the Insurance Policies.