CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**THIRD NOTICE OF FURTHER REVISED EXHIBITS IN
CONNECTION WITH THE DEBTORS' MOTION TO APPROVE (I) THE
ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT,
(II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS
OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION
THEREWITH AND (IV) CERTAIN DATES WITH RESPECT THERETO**

**PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and certain of its debtor affiliates, as debtors and debtors-in-possession in the above captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on June 29, 2023, the Debtors filed *Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto*, ECF No. 461 (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

"Motion"), which attached a proposed order as Exhibit A thereto (the "Proposed Order") and accompanying Exhibits (together, the "Solicitation Exhibits").

**PLEASE TAKE FURTHER NOTICE** that, on October 31, 2023, the Debtors filed the *Notice of Revised Forms of Ballots in Connection with the Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [ECF No. 870].

**PLEASE TAKE FURTHER NOTICE** that, on November 4, 2023, the Debtors filed the *Notice of Revised Exhibits in Connection with the Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [ECF No. 885].

**PLEASE TAKE FURTHER NOTICE** that, on November 7, 2023, the Debtors filed their *Notice of Further Revised Exhibits in Connection with the Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [ECF No. 898].

**PLEASE TAKE FURTHER NOTICE** that, on November 17, 2023, the Debtors filed their *Second Notice of Further Revised Exhibits in Connection with the Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto* [ECF No. 949].

**PLEASE TAKE FURTHER NOTICE** that, on November 27, 2023, the Debtors filed (i) a revised version of the Proposed Order, attached hereto as Exhibit A, along with a blackline against the previous version of the Proposed Order as Exhibit B; and (ii) a revised version of the solicitation package cover note, attached hereto as Exhibit C, along with a blackline against the previous version as Exhibit D.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion will be held before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York on **November 28, 2023, at 2:00 P.M. (Prevailing Eastern Time)**.  The Hearing will be conducted only through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450.  Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the relief requested in the Motion may affect your rights.  Please read the pleadings carefully and, if you have one available, discuss it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Pleadings and may enter orders granting the relief requested by the Debtors.

Dated:    November 27, 2023
          New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING DEBTORS' MOTION TO APPROVE (I) THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT, (II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco"), and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 3017-1, 3018-1, and 3020-1, (i) approving the Disclosure Statement as containing adequate information; (ii) approving the form and manner of notice of the Disclosure Statement Hearing; (iii) establishing a record date for purposes of voting on the Plan; (iv) approving solicitation packages and procedures for the distribution thereof; (v) approving the forms of ballots; (vi) establishing voting and tabulation procedures; and (vii) establishing notice and objection procedures relating to the confirmation of the Plan, including the form of notice to non-voting classes, the proposed assumption or rejection, pursuant to section 365 of the Bankruptcy Code, of the Executory

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

Contracts and Unexpired Leases and the associated payment of Cure Costs, and upon the First Day

Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Amended Standing Order of Reference* from the United States District Court for the

Southern District of New York dated January 31, 2012; and the Court having found that this is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order

consistent with Article III of the United States Constitution; and the Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

and the Court having found that the relief requested in the Motion is in the best interests of the

Debtors, their estates, their creditors and other parties in interest; and the Court having found that

the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate

and no other notice need be provided; and the Court having reviewed the Motion and having heard

the statements in support of the relief requested therein at a hearing before the Court (the

"Disclosure Statement Hearing"); and the Court having determined that the legal and factual bases

set forth in the Motion and on the record of the Hearing establish just cause for the relief granted

herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all

of the proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    The Disclosure Statement contains adequate information within the

meaning of section 1125 of the Bankruptcy Code.

---

[3]    Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of act, when appropriate.  See Fed. R. Bankr. P. 7052.

B.      The forms of Ballots, substantially in the forms annexed as <u>Exhibit 2</u> (form of Individual Ballot for Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claims against Holdco, GGC and GAP), <u>Exhibit 3</u> (form of Individual Ballot for Class 4 BTC-Denominated Unsecured Claims against Holdco, GGC and GAP), <u>Exhibit 4</u> (form of Individual Ballot for Class 5 ETH-Denominated Unsecured Claims against Holdco, GGC and GAP), <u>Exhibit 5</u> (form of Individual Ballot for Class 6 Alt-Coin-Denominated Unsecured Claims against Holdco, GGC and GAP), and <u>Exhibit 6</u> (form of Ballot for the Class 7 Gemini Lender Claims against GGC) are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for each Voting Class.

C.      The form of cover email from Gemini to Gemini Lenders entitled to vote on the Plan, describing the content of the Solicitation Package and providing instructions for accessing their E-Ballot IDs, and update to be posted to the Earn program webpage at <u>www.gemini.com/earn</u>, in substantially the form attached hereto as <u>Exhibit 16</u>, is approved.

D.      Ballots need not be provided to the Non-Voting Classes.

E.      The dates, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to accept or reject the Plan.

F.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

G.      The procedures regarding notice to all parties in interest of the Confirmation Hearing and the filing of objections thereto comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Motion is GRANTED to the extent set forth herein.

### I.    Approval of Disclosure Statement

1.    The Disclosure Statement is approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code, and as otherwise required by applicable law with respect to the Plan.

2.    The Disclosure Statement (including all applicable exhibits thereto and the notices provided for herein) provides Holders of Claims, holders of Interests and all other parties in interest with sufficient notice of the releases, exculpatory provisions and injunctions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

3.    The Disclosure Statement Hearing Notice filed by the Debtors and served upon parties in interest in these Chapter 11 Cases, including the service of the Gemini Disclosure Statement Notice effectuated by Gemini on the Gemini Lenders by email on June 7, 2023, constituted proper, adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement and the deadline for filing objections to the Disclosure Statement and responses thereto, and is hereby approved.  All objections, responses, statements or comments, if any, in opposition to approval of the Disclosure Statement and the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record at, the Disclosure Statement Hearing are overruled in their entirety.

## II.    Approval of Disclosure Statement

4.    The following dates and times (subject to modification as necessary) are approved in connection with solicitation and confirmation of the Plan (all prevailing Eastern Time):

| CONFIRMATION TIMELINE AND DISCOVERY SCHEDULE | |
|---|---|
| **Voting Record Date** | November 3, 2023 |
| **Disclosure Statement Hearing** | November 28, 2023, at 2:00 p.m. ET |
| **Solicitation Deadline** | Within 3 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter), but no later than December 5, 2023 |
| **Confirmation Hearing Notice Publication Deadline** | Within 10 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| All parties-in-interest that anticipate objecting to confirmation of the Plan and participating in Confirmation Discovery in connection therewith ("Non-Debtor Discovery Parties") notify the Debtors and the Committee of their intent to participate in Confirmation Discovery and a brief description of the anticipated grounds for their objections[4] | December 15, 2023 |
| **Deadline to File Rule 3018(a) Motions** | December 15, 2023 |
| Non-Debtor Discovery Parties disclose the identity of any fact or expert witnesses whose affirmative testimonies the Non-Debtor Discovery Parties will rely.  Such notice shall include the name, title, and affiliation(s) of each of the proposed fact or expert witness, along with the grounds for objection and, in the case of expert testimony, the topic(s) on which each such expert will offer opinions at the Confirmation Hearing | December 18, 2023 |
| **Deadline to File Plan Supplement** | December 22, 2023 |
| The Debtors provide their preliminary Confirmation Hearing witness list | December 22, 2023 |
| **Hearing on Rule 3018(a) Motions** | December 22, 2023 (depending on Court's availability) |
| All parties serve their requests for production, and Non-Debtor Discovery Parties notice any fact | December 27, 2023 |

---

[4] Non-bolded milestones indicate Plan discovery dates and deadlines.

| | |
|---|---|
| depositions and/or serve testimonial subpoenas on any non-party witnesses.  Parties shall produce documents on a rolling basis with production at the earliest possible date | |
| The Debtors notice any fact depositions and/or serve testimonial subpoenas on any non-party witnesses | December 27, 2023 |
| All parties serve their opening expert reports, if any | January 4, 20224 |
| Last Day for parties to amend their fact and expert witness list ("Amended Witness List") | January 5, 2024, at 4:00 p.m. ET |
| Non-Debtors Discovery Parties' Deadline to file Fact Declarations | January 8, 2024 |
| **Voting Deadline** | January 10, 2024, at 4:00 p.m. ET |
| Last Day for parties to notice any deposition and/or serve testimonial subpoenas on any new witness appearing on the Amended Witness List | January 10, 2024, at 4:00 p.m. ET |
| All parties substantially complete responding to requests for production and interrogatories | January 12, 2024 |
| All parties serve their rebuttal expert reports, if any | January 18, 2024 |
| **Gemini Voting Statement Deadline** | January 22, 2024 |
| Last Day for Fact Depositions | January 24, 2024 |
| Close of Fact Discovery | January 24, 2024 |
| Last Day for Expert Depositions | January 25, 2024 |
| Close of Expert Discovery | January 25, 2024 |
| **Deadline to File Voting Report** | January 25, 2024 |
| **Confirmation Objection Deadline** | January 29, 2024, at 4:00 p.m. ET |
| **Deadline to File Confirmation Brief and Omnibus Reply to Confirmation Objections** | February 12, 2024, at 4:00 p.m. ET |
| **Confirmation Hearing**<br>- Cross/Re-direct of Fact and Expert Witnesses at Confirmation Hearing | February 14-16, 2024 (depending on the Court's availability) |

5.    The Confirmation Hearing Date and deadlines related thereto may be continued from time to time by the Court or the Debtors without further notice to parties in interest other than such adjournments announced in open Court and/or a notice of adjournment filed with the Court and served on the Debtors' master service list.

## III.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan

6.      The Solicitation Packages are approved.

7.      In accordance with Bankruptcy Rule 3017(d), the Solicitation Packages

shall contain:

a.      With respect to the Holders of Claims in the Voting Classes:

   i.      the Confirmation Hearing Notice in substantially the form attached hereto;

   ii.     the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 hereto);

   iii.    the Disclosure Statement (and exhibits thereto, including the Plan);

   iv.     the applicable Ballot or Gemini Lenders' Ballot together with detailed voting instructions;

   v.      a cover letter describing the content of the Solicitation Package and urging Holders of Claims in each Voting Class to vote to accept the Plan, in substantially in the form attached hereto as Exhibit 15;

   vi.     solely for Solicitation Packages to Holders of Gemini Lender Claims, the cover email from Gemini describing the content of the Solicitation Package, providing instructions for accessing their E-Ballot IDs, in substantially the form attached hereto as Exhibit 16; and

   vii.    any letter(s) from the Committee or the Ad Hoc Group of Genesis Lenders regarding the Plan.

b.      With respect to Holders of Claims in the Non-Voting Classes (the "Non-Voting Status Notice Package"):

   i.      the Confirmation Hearing Notice; and

   ii.     the applicable Notice of Non-Voting Status in substantially the form attached hereto as Exhibits 7, 8 and 9;

c.      With respect to the U.S. Trustee, a copy of each document contained in each version of the Solicitation Packages, which may include non-customized Ballots and a non-customized Notice of Non-Voting Status.

8.      The Solicitation Packages provide the Holders of Claims entitled to vote on

the Plan with adequate information to make informed decisions with respect to voting on the Plan

in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code and the Local Rules.

9.        The Debtors shall distribute Solicitation Packages to all Holders of Claims as of the Voting Record Date, other than the Gemini Lenders, in the Voting Classes who are entitled to vote on the Plan on the Solicitation Deadline or as soon as reasonably practicable thereafter.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10.        For the avoidance of doubt, Holders of any Claim withdrawn subsequent to the Voting Record Date shall not be entitled to vote on the Plan.

11.        With regards to the Gemini Lenders, Gemini, as agent to the Gemini Lenders, is authorized and directed to distribute the Solicitation Packages by email, including the Gemini Lenders' Ballot, to each Gemini Lender entitled to vote, using the email address for such Gemini Lender in Gemini's records, as Holders of Class 7 Gemini Lender Claims against GGC as of the Voting Record Date within seven (7) days of the entry of this Order.  The Gemini Lenders' Ballot will contain instructions detailing how to access electronic versions or request hard copies of the documents with the Solicitation Packages, in paper format from the Debtors.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with the Gemini Lenders.

12.        Gemini is authorized to take any and all action necessary to provide the Gemini Lenders with the information they need to make an informed decision with respect to how to vote on the Plan by the Solicitation Deadline, including (i) transmitting the cover email from Gemini to Gemini Lenders entitled to vote on the Plan, describing the content of the Solicitation Package and providing instructions for accessing their E-Ballot IDs, and (ii) posting the update to

the Earn program webpage at www.gemini.com/earn, in substantially the form attached hereto as Exhibit 16.

13.     The Debtors are authorized and directed to pay in cash to Gemini all documented, reasonable fees and out-of-pocket expenses of Gemini and its professionals (collectively, the "Gemini Parties") for services performed by the Gemini Parties solely related to the solicitation of votes to accept or reject the Plan (the "Gemini Reimbursed Fees and Expenses"). The Gemini Reimbursed Fees and Expenses shall be payable by the Debtors without further notice, hearing, or order of this Court promptly upon receipt by the Debtors and counsel for the Committee from Gemini of an invoice for the Gemini Reimbursed Fees and Expenses and shall not be subject to any disgorgement, setoff, disallowance, impairment, challenge, contest, attack, rejection, recoupment, reduction, defense, counterclaim, offset, subordination, recharacterization, avoidance or other claim, cause of action or other challenge of any nature under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise.  For the avoidance of doubt, the Debtors and the Committee each reserve their rights to object to the reasonableness of the Gemini Reimbursed Fees and Expenses.

14.     The Debtors are authorized to make available on the Case Website copies of the Solicitation Packages and the Non-Voting Status Notice Packages.

15.     The Debtors are authorized, but not directed, to distribute the Solicitation Packages to Holders of Claims as of the Voting Record Date entitled to vote on the Plan by regular mail or electronic mail, where such Holder has provided an electronic mail address, unless not otherwise practicable.  The Debtors are further authorized to distribute the Ballots, which will contain instructions detailing how to access electronic versions or request hard copies of the documents within the Solicitation Packages, in paper format.

16.     The Notice of Non-Voting Status satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules, and therefore, the Debtors are not required, but authorized, to distribute the Non-Voting Status Notice Packages to Holders of Claims not entitled to vote on the Plan by either regular mail or electronic mail where such Holder has provided an electronic mail address.

17.     Any party entitled to vote on the Plan that has not provided an electronic mail address may request to receive paper copies of the Plan, the Disclosure Statement, the Order and the Solicitation and Voting Procedures from the Solicitation Agent at no cost to such party.

18.     The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages; (b) receiving, tabulating and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan or as soon as practicable thereafter.

19.     The Solicitation Agent is authorized and directed to create a unique E-Ballot ID for each Holder of a Gemini Lender Claim, and is further authorized to provide Gemini with reports throughout the voting period, and at least twice per week, outlining the Ballot submissions and E-Ballot IDs it receives from the Holders of Gemini Lender Claims.  By no later than three business days following the Voting Deadline, Kroll will provide Gemini with a report, outlining all Ballot submissions and E-Ballot IDs it has received from Holders of Gemini Lender Claims through the Voting Deadline (the "Gemini Lender Voting Report").  Gemini is authorized and

directed to distribute such E-Ballot IDs to each Gemini Lender whose Gemini Borrowing were included in the Gemini Master Claim by the Solicitation Deadline, such that each Gemini Lender may then use the E-Ballot ID to cast their vote directly on the Debtors' Gemini Lender Voting Portal to accept or reject the Plan. Such distribution shall be via email using the email address for each Gemini Lender that is in Gemini's records and shall include, with respect to each Gemini Lender, instructions on how to obtain such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's Gemini account for purposes of completing the Gemini Lender Ballot.  Gemini is further authorized to provide the Gemini Voting Statement to Kroll by no less than seven (7) days following Gemini's receipt of the Gemini Lender Voting Report from the Solicitation Agent. The use of an electronic signature with the submission of a Gemini Lenders' Ballot will be deemed to be immediately legally valid and effective.  Furthermore, with respect to the Gemini Lenders, the Gemini Lender Voting Portal is the only valid means of Ballot submission, and any Ballots received by the Solicitation Agent from the Gemini Lenders via other means of submission, such as email, hard copy mail, or hand delivery, will be processed as defective and excluded from the final voting results.

20.    For the avoidance of doubt, the Solicitation Agent shall be solely responsible for receiving, tabulating and reporting on Gemini Lenders' Ballots cast by the Holders of Gemini Lender Claims to accept or reject the Plan, using the voting amounts provided by Gemini to the Solicitation Agent, as reflected in the Gemini Voting Statement.  Except as provided for herein, Gemini shall have no duties, obligations, or other requirements in connection or related to the receiving, tabulating and reporting on Gemini Lenders' Ballots.

21.    Ballots submitted via the customized online balloting portal maintained by the Solicitation Agent on the Debtors' restructuring case website at

https://restructuring.ra.kroll.com/genesis (the "Online Portal") and the separate customized online

balloting portal designated for Holders of Class 7 Gemini Lender Claims against GGC (the

"Gemini Lender Voting Portal") shall be deemed to contain a signature.  Ballots submitted

electronically via facsimile, email, or other means of electronic transmission other than through

the Online Portal or Gemini Lender Voting Portal will not be counted.  Ballots, regardless of the

manner of submission, will be deemed delivered only when the Solicitation Agent actually

receives the properly executed Ballot.

22.     All Ballots, in order to be counted, must be properly completed, executed

and delivered so as to be **actually received** by the Debtors' Solicitation Agent **no later than the**

**Voting Deadline, January 10, 2024, at 4:00 pm. (prevailing Eastern Time)**.

23.     The Debtors' Solicitation Agent is authorized, but not required, to contact

parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure

such deficiencies, and neither the Debtors nor the Solicitation will incur any liability for failure to

provide such notification of Ballot defects, including but not limited to, instances where Gemini

Lenders submit Ballots in hard copy format.  The Debtors and/or the Solicitation Agent, as

applicable, are authorized to determine all questions as to the validity, form, eligibility (including

time of receipt), acceptance, and revocation or withdrawal of Ballots, with such determination

being final and binding.

24.     Any Ballot that is properly and timely completed and executed but does not

indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of

the Plan, shall not be counted.

25.     If no votes to accept or reject the Plan are received with respect to a

particular Class, such Class is deemed to have voted to accept the Plan.

## IV.    Approval of the Confirmation Hearing Notice and the Publication Notice

26.    The Confirmation Hearing Notice and the Publication Notice, substantially in the forms attached hereto as <u>Exhibit 10</u> and <u>Exhibit 14</u>, respectively, comply with the requirements of applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and are approved in all respects.  The Confirmation Hearing Notice shall be served upon all known Holders of Claims and the parties on the Debtors' master service list (regardless of whether such parties are entitled to vote on the Plan) starting by no later than the Solicitation Deadline. Within ten (10) business days of the Disclosure Statement Order, or as soon as reasonably practicable thereafter, the Debtors shall publish the Publication Notice, substantially in the form attached hereto as <u>Exhibit 14</u>, once in each of *New York Times* and *USA Today*.  Additionally, the Confirmation Hearing Notice shall be posted electronically on the Case Website.  The Confirmation Hearing Notice and the Publication Notice provide Holders of Claims and/or Interests and all parties in interest in the Chapter 11 Cases with sufficient notice of, among other things, the releases, exculpatory provisions, and injunctions, as set forth in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

## V.    Approval of the Notice of Filing of the Plan Supplement

27.    The Debtors are authorized to send notice of the filing of the Plan Supplement, substantially in the form attached hereto as <u>Exhibit 13</u>, on the date that the Debtors file the Plan Supplement (which will be filed and served at eight days prior to the Confirmation Objection Deadline) or as soon as practicable thereafter.

## VI.    Approval of the Forms of Notices to Non-Voting Classes

28.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes,

as such holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall send a Non-Voting Package, the form of each of which is hereby approved, in lieu of Solicitation Packages, with no further notice necessary or required, to the Holders of Claims in the Non-Voting Classes, as well as Holders of Claims in Voting Classes that are subject to a pending objection by the Debtors.

29.     The Debtors are also not required to send Solicitation Packages or other solicitation materials to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable. Additionally, for purposes of serving the Solicitation Packages and Notices of Non-Voting Status, the Debtors are authorized to rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date. The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or undeliverable Solicitation Packages or Notices of Non-Voting Status.

**VII.    Approval of the Notices in Respect of Executory Contracts and Unexpired Leases**

30.     The Assumption Notice, substantially in the form attached hereto as Exhibit 11, and the Rejection Notice, substantially in the form attached hereto as Exhibit 12 (collectively, the "Assumption and Rejection Notices") are approved; *provided,* that up to and including the Effective Date, the Debtors may assume, assume and assign or reject an executory contract or unexpired lease in accordance with the Bankruptcy Code and applicable Bankruptcy Rules.

31.     At least ten days prior to the Confirmation Hearing, the Debtors shall serve or cause to be served, the Assumption and Rejection Notices, as applicable, on the counterparties

to Executory Contracts and Unexpired Leases entitled to receive such notices pursuant to the Plan. Service of the Plan, the Plan Supplement, and the Assumption and Rejection Notices as applicable and as set forth herein shall be deemed good and sufficient notice of, among other things, the proposed assumption, assumption and assignment or rejection of executory contracts and unexpired leases of the Debtors (including the proposed Cure Amounts related thereto and the release and satisfaction of any Claims or defaults arising under any assumed executory contract or unexpired lease at any time before the effective date of assumption or assumption and assignment upon the satisfaction thereof), the amendment of contracts in connection with assumption or assignment pursuant to Article V of the Plan, and the procedures for objecting thereto, and no other or further notice is necessary.

32.    Any counterparty to an Executory Contract or Unexpired Lease that disputes (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment of Assigned Contracts, or (iv) any Cure Amount relating to any executory contracts or unexpired leases to be assumed or assumed and assigned under the Plan as identified must file an objection (each, a "Treatment Objection") by the Confirmation Objection Deadline in order for such objection to be considered.  Each Treatment Objection must:

a.    be in writing;

b.    comply with the Bankruptcy Rules and the Bankruptcy Local Rules;

c.    state the name of the objecting party;

d.    state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required and provide appropriate documentation in support thereof; and

e.    be filed and served on the Objection Notice Parties such that the Treatment Objection is actually received no later than the Confirmation Objection Deadline.

33.     The Debtors are authorized to file replies to any timely-filed Treatment Objections at any time prior to the Confirmation Hearing and to meet and confer in good faith to attempt to resolve any such objection.  The Debtors are authorized to settle any Treatment Objection without further notice to any party or any action, order or approval of this Court.

34.     Any unresolved Treatment Objections shall be heard at the Confirmation Hearing or, at the election of the Debtors, at a later hearing, provided, however, that at any time following the Confirmation Hearing but prior to the Effective Date, the Debtors may settle any dispute regarding the assumption of any Executory Contract or Unexpired Lease and/or the amount of any Cure Cost without any further notice to any party or any action, order or approval of the Court.

35.     The Debtors are authorized, but not directed, to alter, amend, modify or supplement the exhibit to the Plan Supplement detailing the Assumed Contracts, and to assume, assume and assign or reject executory contracts and unexpired leases at any time prior to the Effective Date or, with respect to any executory contract or unexpired lease subject to a Treatment Objection that is resolved after the Effective Date, within thirty (30) days following entry of a Final Order of the Bankruptcy Court resolving such Treatment Objection.

## VIII.     Approval of the Solicitation and Voting Procedures

36.     The Debtors are authorized to solicit, receive and tabulate votes to accept or reject the Plan in accordance with the Solicitation and Voting Procedures attached hereto as Exhibit 1.  The procedures set forth herein, in the Solicitation and Voting Procedures set forth in Exhibit 1, and in materials for soliciting votes approved hereby, including, without limitation, the proposed procedures for the temporary disallowance of Claims for the purpose of voting to accept or reject the Plan, and the establishment of the Voting Record Date, provide for a fair and equitable

process and are consistent with section 1126 of the Bankruptcy Code, Bankruptcy Code Rule 3018

and the Local Rules, and are hereby approved in their entirety.

37.    Solely for voting purposes, and not for the purpose of the allowance of, or

distribution on account of, a Claim, the Debtors are authorized, for each Claim within a Voting

Class, to temporarily allow such Claim in an amount equal to the amount of such Claim as set forth

in a timely filed Proof of Claim, or, if no Proof of Claim was filed, the amount of such Claim as

set forth in the Schedules, subject to the following exceptions:

a.    If a Claim is deemed Allowed, pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

b.    If a Claim, for which a Proof of Claim has been timely filed, is marked as contingent, unliquidated, or disputed, such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (g) below:

c.    If a Claim, for which a Proof of Claim has been timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (g) below;

d.    Each Gemini Lender Claim set forth in the Gemini Master Claim shall be temporarily allowed for voting purposes in the amount set forth in the Gemini Voting Statement based on the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

e.    If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of this Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by Court order;

f.    If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was (i) not filed by the applicable bar date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an

order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

g.    If the Debtors serve an objection to, or request for estimation of, a Claim at least 5 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

h.    If the Debtors serve an objection to a Claim at least 5 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

i.    For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, the Claims filed by such entity shall be aggregated in each applicable Class, and the total amount of such Class shall be the sum of the aggregated Claims or of such entity in each applicable Class;

j.    If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received by Kroll will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

k.    If a Claim is filed in a currency other than U.S. Dollars (other than cryptocurrency) and is not allowed in a sum certain under the Plan, the Debtors will convert such Claim to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

## IX.    Approval of the Plan Objection Procedures

38.    The procedures set forth in the Motion regarding the filing of objections or responses to the Plan provide due, proper and adequate notice, comport with due process, comply with Bankruptcy Rules 2002, 3017 and 3020 and Local Rule 3020-1, and are hereby approved.

Objections and responses, if any, to confirmation of the Plan must (a) be in writing, (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules, (d) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection, (e) be filed with the Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), and (ii) by all other parties in interest (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court, and (f) be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order") on (i) the Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured Creditors, counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.; and (v) any parties that have appeared and requested notice pursuant to the Bankruptcy Rules so as to be **actually received** on or before **January 29, 2024, at 4:00 p.m.**, prevailing Eastern Time.  Objections to confirmation of the Plan that are not timely filed, served and actually received in the manner set forth above and in the Confirmation Hearing Notice shall not be considered unless otherwise agreed by the Debtors or determined by the Court.

39.     The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Plan either separately or by a single, consolidated reply on or before **February 12, 2024, at 4:00 p.m. ET** (the "Confirmation Reply Deadline").  In addition, any party in interest may file and serve a statement in support of confirmation of the Plan and/or a reply or an omnibus reply to any objections to confirmation of the Plan by the Confirmation Reply Deadline.

## X.     Discovery and Confirmation Protocols

40.     The Non-Debtor Discovery Parties are hereby authorized to serve confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking documents from the Debtors, other parties in interest, and any third parties.  For the avoidance of doubt, no further motion practice is required prior to serving confirmation-related discovery under these discovery and confirmation protocols (the "Confirmation Protocols").

41.     The *Stipulation and Confidentiality Agreement and Protective Order* [ECF No. 238] (as may be amended from time to time, the "Protective Order") shall govern all discovery in connection with the confirmation of the Plan and the Confirmation Hearing.

42.     To the extent that the Non-Debtor Discovery Parties serve discovery seeking documents that were already produced, whether formally or informally, in response to other requests in these chapter 11 cases, the Producing Party (defined below) may refer to those prior productions to satisfy the Non-Debtor Discovery Parties' requests.

43.     In the event of a dispute with respect to one or more discovery requests, counsel for the producing party (the "Producing Party") and for the requesting party (the "Requesting Party") shall promptly meet and confer in good faith to attempt to resolve the dispute. If, notwithstanding their good faith efforts to do so, such parties are unable to resolve such

discovery dispute at any time after they have met and conferred, either the party may promptly

seek a telephonic discovery conference from the Court. If requested by the Court following the

telephonic conference, the parties may email a letter, no longer than two single spaced pages in

length (excluding exhibits), of the nature of the dispute. Any response, may be submitted by

emailed letter, no longer than two single spaced pages in length (excluding exhibits), within two

business days. Parties shall simultaneously send a copy of any such letters to Debtors' and

Committee's counsel (if Debtors or the Committee are not the Producing Party or Requesting

Party) (the "Discovery Dispute Resolution").

44.    Unless otherwise ordered by the Court, no Requesting Party shall serve

requests for admission, the Committee may serve up to 15 interrogatories, and all other parties

may serve up to 3 interrogatories in connection with the confirmation proceedings. The Debtors

may serve the same amount of interrogatories on any Requesting Party that are served on them by

that Requesting Party subject, for the avoidance of doubt, to the parties' respective rights under

Federal Rule of Civil Procedure 26(c) and the dispute resolution provisions of these Confirmation

Protocols.

45.    Absent obtaining leave from this Court under Rule 30(a)(2) or 30(d)(1) of

the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy

Procedure 7030 and 9014, or upon mutual written agreement with the party sought to be deposed,

a party may not take a deposition that would result in: (a) more than 5 days of fact witness

depositions taken in total by the Committee or other Non-Debtor Discovery Parties; (b) a witness

being deposed more than once in his or her individual capacity; and/or (c) a witness being deposed

for more than seven hours in his or her individual capacity. For clarity, the total of 5 days of fact

witness depositions includes 30(b)(6) depositions, and each deposition day is limited to seven

hours pursuant to Federal Rule of Civil Procedure 30(d)(1) (if a deposition is less than seven hours,

that shall still count as one deposition day unless otherwise agreed).

46.     Any party seeking to take a deposition of a Debtor witness should attempt

in good faith to coordinate the date for the deposition with the Debtors, the Committee, and other

parties that may wish to depose the same witness, as well as how to divide up the deposition time.

To that end, within two business days of receipt of a notice or subpoena (or by a different date if

agreed by the requesting party) to take the deposition of a witness affiliated with or controlled by

the Debtors, the Debtors shall identify to the Requesting Party all other parties (if any) that have

advised the Debtors they intend to depose the same witness and with which the Debtors believe

the Requesting Party should meet and confer concerning timing for the noticed deposition

("Participating Party" or "Participating Parties").  The Requesting Party shall seek in good faith to

meet and confer with any such Participating Parties within three days of the Debtors' receipt of

the corresponding deposition notice or subpoena to discuss the date for the deposition and how to

divide up the deposition time amongst the parties who seek to examine the witness.

a.  If a Requesting Party or any Participating Party reports in writing (which may take
the form of an email) to the Debtors that the Requesting Party and the Participating
Parties have agreed, upon consultation with the Debtors regarding availability, on
a date for the deposition, the Debtors must produce the deponent(s) on that date, or
on another date that the Debtors may propose and that any Requesting Party or
Participating Party advises the Debtors in writing is acceptable to all Participating
Parties and the Requesting Party (the "Agreed Date"), for a period of one day of 7
hours, subject to the deposing parties' rights pursuant to Federal Rule of Civil
Procedure 30(d)(1); *provided*, *however*, that the Debtors are not obligated to
produce the deponent(s) on the date for the deposition identified by the Requesting
Party or Participating Party if the Debtors first obtain relief from their obligation
through a telephonic discovery conference with the Court.  For the avoidance of
doubt, unless the Debtors' first obtain relief from the Court or the consent of the
Requesting Party and Participating Parties as described above, they must make the
noticed witness available on the Agreed Date;

b.  If the Requesting Party or any Participating Party reports in writing (which may
take the form of an email) to the Debtors that the Requesting Party and the
Participating Parties have not, despite good faith efforts, agreed among themselves

on a date for the deposition or on how to divide up the deposition time, then the Requesting Party or any Participating Party may seek a teleconference with the Court to establish a date for the deposition or to seek guidance on how the deposition time shall be divided amongst the parties seeking to examine the witness;

c.  The Debtors strongly encourage the Requesting Party and Participating Parties to resolve any disputes over how to allocate deposition time in advance of the deposition, so that everyone has clarity about the length and sequence of the deposition, and it may proceed in an orderly and efficient manner.  A Requesting Party may elect to proceed forward with a deposition without an agreement with the Participating Parties on how the deposition time shall be allocated, however.  In that event, if not all of the deposing parties have concluded their examinations within the 7 hour time limit, then the Debtors may choose either (i) to end the deposition after 7 hours, and no party may seek to depose the witness further without seeking Court relief; or (ii) to allow the witness to continue to be examined longer than 7 hours, but to count the deposition (in the Debtors' discretion) as more than one deposition day under Paragraph 45 of this Order.  For clarity, pursuant to Paragraph 45, any deposition lasting between 1 and 7 hours shall count as one deposition day, any deposition lasting between 7 and 14 hours may count as two deposition days (in the Debtors' discretion), and any deposition lasting between 14 and 21 hours may count as three deposition days (in the Debtors' discretion), provided, however, that any party reserves its right to seek Court relief that a deposition that lasts longer than 7 hours should count as a single deposition under Paragraph 45.  The Debtors will be reasonable in exercising their discretion under this provision—if, for example, the examining parties need only slightly longer than 7 hours to finish the deposition, the Debtors do not intend to count that as two deposition days;

d.  Deposition notices shall not include any document requests.  The rights of any person or party noticed for a deposition are reserved with respect to objecting to any such depositions, including the number of depositions, and any such person or party may seek relief from the Court pursuant to the Discovery Dispute Resolution (as set forth in Paragraph 43 of this Order) procedures with respect to any deposition notice or subpoena, including, for the avoidance of doubt, by seeking to quash, limit, terminate, or adjourn any deposition notice or subpoena; and

e.  As to any deposition notice or subpoena, the Requesting Party and the Debtors may alter the procedures and deadline provided in this Paragraph 46 by mutual consent.

47.    Each Requesting Party shall (i) produce or make available to the other Non-Debtor Discovery Parties any materials obtained by such Requesting Party obtained from third parties or (ii) identify any basis for withholding such documents from other Non-Debtor Discovery Parties, in each case within two (2) business days of receiving such materials from a third party.

48.     Each Requesting Party or Producing Party (if not the Debtors) shall produce or make available to Debtors' counsel and counsel to the Committee any materials produced by or requested by the applicable Requesting Party or Producing Party (if not the Debtors) from a reasonable period of time from the date on which such production or request is made.

49.     If any Producing Party intends on withholding or redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in response to confirmation-related discovery, the Producing Party and Requesting Party shall meet and confer on the scope and format of corresponding privilege logs, consistent with the Protective Order in these Chapter 11 Cases.  To the extent such materials were previously withheld or redacted on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in connection with production in in other pre-petition civil litigations, or in these Chapter 11 Cases, such prior determinations (as reflected in designations on the materials themselves or in the relevant privilege log(s)) the document need not be re-logged, so long as the document shall be subject to the challenge provisions in the Protective Order in these chapter 11 cases.  A Producing Party shall provide its initial privilege log(s) within two weeks after it substantially completes production of documents in response to document requests.

50.     Any expert retained or specially employed to provide expert testimony in connection with the Plan confirmation proceedings shall submit an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026), and, on or before the deadline provided by this Order, shall produce the expert materials required to be disclosed by Federal Rule of Civil Procedure 26 (made applicable by Bankruptcy Rule 7026).  No drafts of any part of any report or declaration of any expert will be subject to production or other disclosure.  This protection is in addition to, and does not limit or replace, the

protections of Federal Rule of Civil Procedure 26(b)(4)(B) (applicable here under Bankruptcy Rule 7026).

## XI.    Amendments and General Provisions

51.    The Debtors are authorized to make non-substantive modifications to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Notices of Non-Voting Status, the Ballots, the Publication Notice, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption and Rejection Notices, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

52.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

53.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

54.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

55.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
      White Plains, New York

                                      _____
                                      HONORABLE SEAN H. LANE.
                                      UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Proposed Order Blackline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING DEBTORS' MOTION TO APPROVE (I) THE ADEQUACY
OF INFORMATION IN THE DISCLOSURE STATEMENT,
(II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS
OF BALLOTS, NOTICES AND NOTICE PROCEDURES IN CONNECTION
THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco"), and its affiliated

debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for

entry of an order (this "Order") pursuant to sections 105, 1125, 1126, and 1128 of title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, and 9006 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules 3017-1,

3018-1, and 3020-1, (i) approving the Disclosure Statement as containing adequate information;

(ii) approving the form and manner of notice of the Disclosure Statement Hearing; (iii)

establishing a record date for purposes of voting on the Plan; (iv) approving solicitation packages

and procedures for the distribution thereof; (v) approving the forms of ballots; (vi) establishing

voting and tabulation procedures; and (vii) establishing notice and objection procedures relating

to the confirmation of the Plan, including the form of notice to non-voting classes, the proposed

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is ~~250 Park Avenue South, 5th~~175 Greenwich Street, Floor 38, New York, NY ~~10003~~10007.

[2]     All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

assumption or rejection, pursuant to section 365 of the Bankruptcy Code, of the Executory Contracts and Unexpired Leases and the associated payment of Cure Costs, and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Disclosure Statement Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A.      The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

---

[3]      Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of act, when appropriate.  See Fed. R. Bankr. P. 7052.

B.      The forms of Ballots, substantially in the forms annexed as <u>Exhibit 2</u> (form of Individual Ballot for Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claims against Holdco, GGC and GAP), <u>Exhibit 3</u> (form of Individual Ballot for Class 4 BTC-Denominated Unsecured Claims against Holdco, GGC and GAP), <u>Exhibit 4</u> (form of Individual Ballot for Class 5 ETH-Denominated Unsecured Claims against Holdco, GGC and GAP), <u>Exhibit 5</u> (form of Individual Ballot for Class 6 Alt-Coin-Denominated Unsecured Claims against Holdco, GGC and GAP), and <u>Exhibit 6</u> (form of Ballot for the Class 7 Gemini Lender Claims against GGC) are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for each Voting Class.

C.      The form of cover email from Gemini to Gemini Lenders entitled to vote on the Plan, describing the content of the Solicitation Package and providing instructions for accessing their E-Ballot IDs, and update to be posted to the Earn program webpage at www.gemini.com/earn, in substantially the form attached hereto as <u>Exhibit 16</u>, is approved.

D.      Ballots need not be provided to the Non-Voting Classes.

E.      The dates, set forth below, during which the Debtors may solicit acceptances of the Plan is a reasonable period of time for entities entitled to vote on the Plan to make an informed decision to accept or reject the Plan.

F.      The procedures for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

G.      The procedures regarding notice to all parties in interest of the Confirmation Hearing and the filing of objections thereto comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Motion is GRANTED to the extent set forth herein.

**I.    Approval of Disclosure Statement**

1.    The Disclosure Statement is approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code, and as otherwise required by applicable law with respect to the Plan.

2.    The Disclosure Statement (including all applicable exhibits thereto and the notices provided for herein) provides Holders of Claims, holders of Interests and all other parties in interest with sufficient notice of the releases, exculpatory provisions and injunctions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

3.    The Disclosure Statement Hearing Notice filed by the Debtors and served upon parties in interest in these Chapter 11 Cases, including the service of the Gemini Disclosure Statement Notice effectuated by Gemini on the Gemini Lenders by email on June 7, 2023, constituted proper, adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement and the deadline for filing objections to the Disclosure Statement and responses thereto, and is hereby approved.  All objections, responses, statements or comments, if any, in opposition to approval of the Disclosure Statement and the relief requested in the Motion that have not otherwise been resolved or withdrawn prior to, or on the record at, the Disclosure Statement Hearing are overruled in their entirety.

## II.    Approval of Disclosure Statement

4.    The following dates and times (subject to modification as necessary) are approved in connection with solicitation and confirmation of the Plan (all prevailing Eastern Time):

| CONFIRMATION TIMELINE AND DISCOVERY SCHEDULE | |
|---|---|
| **Voting Record Date** | November 3, 2023 |
| **Disclosure Statement Hearing** | November ~~20~~28, 2023, at 2:00 p.m. ET |
| **Solicitation Deadline** | Within 3 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter), but no later than ~~Nov~~December ~~29~~5, 2023 |
| **Confirmation Hearing Notice Publication Deadline** | Within 10 business days of the Disclosure Statement Order (or as soon as reasonably practicable thereafter) |
| All parties-in-interest that anticipate objecting to confirmation of the Plan and participating in Confirmation Discovery in connection therewith ("Non-Debtor Discovery Parties") notify the Debtors and the Committee of their intent to participate in Confirmation Discovery and a brief description of the anticipated grounds for their objections[4] | ~~Nov~~December ~~21~~15, 2023 |
| **Deadline to File Rule 3018(a) Motions** | December 15, 2023 |
| Non-Debtor Discovery Parties disclose the identity of any fact or expert witnesses whose affirmative testimonies the Non-Debtor Discovery Parties will rely.  Such notice shall include the name, title, and affiliation(s) of each of the proposed fact or expert witness, along with the grounds for objection and, in the case of expert testimony, the topic(s) on which each such expert will offer opinions at the Confirmation Hearing | ~~Nov~~December ~~27~~18, 2023 |
| **Deadline to File Plan Supplement** | December 22, 2023 |
| The Debtors provide their preliminary Confirmation Hearing witness list | ~~Nov~~December ~~29~~22, 2023 |

---

[4] Non-bolded milestones indicate Plan discovery dates and deadlines.

| | |
|---|---|
| **Hearing on Rule 3018(a) Motions** | December 22, 2023 (depending on Court's availability) |
| All parties serve their requests for production, and Non-Debtor Discovery Parties notice any fact depositions and/or serve testimonial subpoenas on any non-party witnesses.  Parties shall produce documents on a rolling basis with production at the earliest possible date | NovDecember 3027, 2023 |
| **Deadline to File Rule 3018(a) Motions** | December 8, 2023 |
| The Debtors notice any fact depositions and/or serve testimonial subpoenas on any non-party witnesses | December 827, 2023 |
| All parties serve their opening expert reports, if any | December 14January 4, 202320224 |
| **Deadline to File Plan Supplement** | December 15, 2023 |
| Non-Debtors Discovery Parties' Deadline to file Fact Declarations | December 18, 2023 |
| All parties substantially complete responding to requests for production and interrogatories | December 18, 2023 |
| **Hearing on Rule 3018(a) Motions** | December 18, 2023 (depending on Court's availability) |
| Last Day for parties to amend their fact and expert witness list ("Amended Witness List") | December 20January 5, 20232024, at 4:00 p.m. ET |
| Non-Debtors Discovery Parties' Deadline to file Fact Declarations | January 8, 2024 |
| **Voting Deadline** | January 10, 2024, at 4:00 p.m. ET |
| Last Day for parties to notice any deposition and/or serve testimonial subpoenas on any new witness appearing on the Amended Witness List | December 22January 10, 20232024, at 4:00 p.m. ET |
| **Voting DeadlineAll parties substantially complete responding to requests for production and interrogatories** | December 27, 2023, at 4:00 p.m. ETJanuary 12, 2024 |
| All parties serve their rebuttal expert reports, if any | December 28January 18, 20232024 |
| Last Day for Fact Depositions**Gemini Voting Statement Deadline** | January 922, 2024 |
| Close ofLast Day for Fact DiscoveryDepositions | January 924, 2024 |
| **Gemini Voting Statement Deadline**Close of Fact Discovery | January 924, 2024 |
| Last Day for Expert Depositions | January 1025, 2024 |
| Close of Expert Discovery | January 1025, 2024 |
| **Deadline to File Voting Report** | January 1125, 2024 |
| **Confirmation Objection Deadline** | January 1229, 2024, at 4:00 p.m. ET |
| **Deadline to File Confirmation Brief and Omnibus Reply to Confirmation Objections** | January 22February 12, 2024, at 12:00 p.m4:00 p.m. ET |

| **Confirmation Hearing**<br>- Cross/Re-direct of Fact and Expert Witnesses at Confirmation Hearing | ~~January 24-26~~February 14-16, 2024<br>(depending on the Court's availability) |
|---|---|

5.    The Confirmation Hearing Date and deadlines related thereto may be continued from time to time by the Court or the Debtors without further notice to parties in interest other than such adjournments announced in open Court and/or a notice of adjournment filed with the Court and served on the Debtors' master service list.

### III.    Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan

6.    The Solicitation Packages are approved.

7.    In accordance with Bankruptcy Rule 3017(d), the Solicitation Packages shall contain:

    a.    With respect to the Holders of Claims in the Voting Classes:

        i.    the Confirmation Hearing Notice in substantially the form attached hereto;

        ii.    the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 hereto);

        iii.    the Disclosure Statement (and exhibits thereto, including the Plan);

        iv.    the applicable Ballot or Gemini Lenders' Ballot together with detailed voting instructions;

        v.    a cover letter describing the content of the Solicitation Package and urging Holders of Claims in each Voting Class to vote to accept the Plan, in substantially in the form attached hereto as <u>Exhibit 15</u>;

        vi.    solely for Solicitation Packages to Holders of Gemini Lender Claims, the cover email from Gemini describing the content of the Solicitation Package, providing instructions for accessing their E-Ballot IDs, in substantially the form attached hereto as <u>Exhibit 16</u>; and

        vii.      any letter(s) from the Committee or the Ad Hoc Group of Genesis Lenders regarding the Plan.

    b.      With respect to Holders of Claims in the Non-Voting Classes (the "<u>Non-Voting Status Notice Package</u>"):

        i.      the Confirmation Hearing Notice; and

        ii.      the applicable Notice of Non-Voting Status in substantially the form attached hereto as <u>Exhibits 7</u>, <u>8</u> and <u>9</u>;

    c.      With respect to the U.S. Trustee, a copy of each document contained in each version of the Solicitation Packages, which may include non-customized Ballots and a non-customized Notice of Non-Voting Status.

8.      The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code and the Local Rules.

9.      The Debtors shall distribute Solicitation Packages to all Holders of Claims as of the Voting Record Date, other than the Gemini Lenders, in the Voting Classes who are entitled to vote on the Plan on the Solicitation Deadline or as soon as reasonably practicable thereafter.  Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

10.      For the avoidance of doubt, Holders of any Claim withdrawn subsequent to the Voting Record Date shall not be entitled to vote on the Plan.

11.      With regards to the Gemini Lenders, Gemini, as agent to the Gemini Lenders, is authorized and directed to distribute the Solicitation Packages by email, including the Gemini Lenders' Ballot, to each Gemini Lender entitled to vote, using the email address for such Gemini Lender in Gemini's records, as Holders of Class 7 Gemini

Lender Claims against GGC as of the Voting Record Date within seven (7) days of the entry

of this Order.  The Gemini Lenders' Ballot will contain instructions detailing how to access

electronic versions or request hard copies of the documents with the Solicitation Packages,

in paper format from the Debtors.  Such service shall satisfy the requirements of the

Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with the Gemini

Lenders.

12.     Gemini is authorized to take any and all action necessary to provide the

Gemini Lenders with the information they need to make an informed decision with respect to

how to vote on the Plan by the Solicitation Deadline, including (i) transmitting the cover email

from Gemini to Gemini Lenders entitled to vote on the Plan, describing the content of the

Solicitation Package and providing instructions for accessing their E-Ballot IDs, and (ii) posting

the update to the Earn program webpage at www.gemini.com/earn, in substantially the form

attached hereto as Exhibit 16.

13.     The Debtors are authorized and directed to pay in cash to Gemini all

documented, reasonable fees and out-of-pocket expenses of Gemini and its professionals

(collectively, the "Gemini Parties") for services performed by the Gemini Parties solely related

to the solicitation of votes to accept or reject the Plan (the "Gemini Reimbursed Fees and

Expenses").  The Gemini Reimbursed Fees and Expenses shall be payable by the Debtors

without further notice, hearing, or order of this Court promptly upon receipt by the Debtors and

counsel for the Committee from Gemini of an invoice for the Gemini Reimbursed Fees and

Expenses and shall not be subject to any disgorgement, setoff, disallowance, impairment,

challenge, contest, attack, rejection, recoupment, reduction, defense, counterclaim, offset,

subordination, recharacterization, avoidance or other claim, cause of action or other challenge of

any nature under the Bankruptcy Code, under applicable non-bankruptcy law or otherwise.  For

the avoidance of doubt, the Debtors and the Committee each reserve their rights to object to the

reasonableness of the Gemini Reimbursed Fees and Expenses.

14.     The Debtors are authorized to make available on the Case Website

copies of the Solicitation Packages and the Non-Voting Status Notice Packages.

15.     The Debtors are authorized, but not directed, to distribute the

Solicitation Packages to Holders of Claims as of the Voting Record Date entitled to vote on

the Plan by regular mail or electronic mail, where such Holder has provided an electronic

mail address, unless not otherwise practicable.  The Debtors are further authorized to

distribute the Ballots, which will contain instructions detailing how to access electronic

versions or request hard copies of the documents within the Solicitation Packages, in paper

format.

16.     The Notice of Non-Voting Status satisfies the requirements of the

Bankruptcy Code and the Bankruptcy Rules, and therefore, the Debtors are not required,

but authorized, to distribute the Non-Voting Status Notice Packages to Holders of Claims

not entitled to vote on the Plan by either regular mail or electronic mail where such Holder

has provided an electronic mail address.

17.     Any party entitled to vote on the Plan that has not provided an

electronic mail address may request to receive paper copies of the Plan, the Disclosure

Statement, the Order and the Solicitation and Voting Procedures from the Solicitation

Agent at no cost to such party.

18.     The Solicitation Agent is authorized to assist the Debtors in (a)

distributing the Solicitation Packages; (b) receiving, tabulating and reporting on Ballots

cast to accept or reject the Plan by Holders of Claims against the Debtors; (c) responding to inquiries from holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan or as soon as practicable thereafter.

19.    The Solicitation Agent is authorized and directed to create a unique E-Ballot ID for each Holder of a Gemini Lender Claim, and is further authorized to provide Gemini with reports throughout the voting period, and at least twice per week, outlining the Ballot submissions and E-Ballot IDs it receives from the Holders of Gemini Lender Claims.  By no later than three business days following the Voting Deadline, Kroll will provide Gemini with a report, outlining all Ballot submissions and E-Ballot IDs it has received from Holders of Gemini Lender Claims through the Voting Deadline (the "Gemini Lender Voting Report"). Gemini is authorized and directed to distribute such E-Ballot IDs to each Gemini Lender whose Gemini Borrowing were included in the Gemini Master Claim by the Solicitation Deadline, such that each Gemini Lender may then use the E-Ballot ID to cast their vote directly on the Debtors' Gemini Lender Voting Portal to accept or reject the Plan. Such distribution shall be via email using the email address for each Gemini Lender that is in Gemini's records and shall include, with respect to each Gemini Lender, instructions on how to obtain such Gemini Lender's unique E-Ballot ID by accessing such Gemini Lender's Gemini account for purposes of completing the Gemini Lender Ballot.  Gemini is further authorized to provide the Gemini Voting Statement to Kroll by no less than seven (7) days following Gemini's

receipt of the Gemini Lender Voting Report from the Solicitation Agent.  The use of an electronic signature with the submission of a Gemini Lenders' Ballot will be deemed to be immediately legally valid and effective.  Furthermore, with respect to the Gemini Lenders, the Gemini Lender Voting Portal is the only valid means of Ballot submission, and any Ballots received by the Solicitation Agent from the Gemini Lenders via other means of submission, such as email, hard copy mail, or hand delivery, will be processed as defective and excluded from the final voting results.

20.     For the avoidance of doubt, the Solicitation Agent shall be solely responsible for receiving, tabulating and reporting on Gemini Lenders' Ballots cast by the Holders of Gemini Lender Claims to accept or reject the Plan, using the voting amounts provided by Gemini to the Solicitation Agent, as reflected in the Gemini Voting Statement. Except as provided for herein, Gemini shall have no duties, obligations, or other requirements in connection or related to the receiving, tabulating and reporting on Gemini Lenders' Ballots.

21.     Ballots submitted via the customized online balloting portal maintained by the Solicitation Agent on the Debtors' restructuring case website at https://restructuring.ra.kroll.com/genesis (the "Online Portal") and the separate customized online balloting portal designated for Holders of Class 7 Gemini Lender Claims against GGC (the "Gemini Lender Voting Portal") shall be deemed to contain a signature. Ballots submitted electronically via facsimile, email, or other means of electronic transmission other than through the Online Portal or Gemini Lender Voting Portal will not be counted.  Ballots, regardless of the manner of submission, will be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot.

22.    All Ballots, in order to be counted, must be properly completed, executed and delivered so as to be **actually received** by the Debtors' Solicitation Agent **no later than the Voting Deadline,** ~~December 27, 2023~~**January 10, 2024,** **at 4:00 pm. (prevailing Eastern Time)**.

23.    The Debtors' Solicitation Agent is authorized, but not required, to contact parties who submit incomplete or otherwise deficient Ballots to make a reasonable effort to cure such deficiencies, and neither the Debtors nor the Solicitation will incur any liability for failure to provide such notification of Ballot defects, including but not limited to, instances where Gemini Lenders submit Ballots in hard copy format.  The Debtors and/or the Solicitation Agent, as applicable, are authorized to determine all questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots, with such determination being final and binding.

24.    Any Ballot that is properly and timely completed and executed but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

25.    If no votes to accept or reject the Plan are received with respect to a particular Class, such Class is deemed to have voted to accept the Plan.

**IV.    Approval of the Confirmation Hearing Notice and the Publication Notice**

26.    The Confirmation Hearing Notice and the Publication Notice, substantially in the forms attached hereto as Exhibit 10 and Exhibit 14, respectively, comply with the requirements of applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules, and are approved in all respects.  The Confirmation Hearing Notice shall be served upon all known Holders of Claims and the parties on the

Debtors' master service list (regardless of whether such parties are entitled to vote on the Plan) starting by no later than the Solicitation Deadline. Within ten (10) business days of the Disclosure Statement Order, or as soon as reasonably practicable thereafter, the Debtors shall publish the Publication Notice, substantially in the form attached hereto as Exhibit 14, once in each of *New York Times* and *USA Today*. Additionally, the Confirmation Hearing Notice shall be posted electronically on the Case Website. The Confirmation Hearing Notice and the Publication Notice provide Holders of Claims and/or Interests and all parties in interest in the Chapter 11 Cases with sufficient notice of, among other things, the releases, exculpatory provisions, and injunctions, as set forth in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**V.    Approval of the Notice of Filing of the Plan Supplement**

27.    The Debtors are authorized to send notice of the filing of the Plan Supplement, substantially in the form attached hereto as Exhibit 13, on the date that the Debtors file the Plan Supplement (which will be filed and served at eight days prior to the Confirmation Objection Deadline) or as soon as practicable thereafter.

**VI.   Approval of the Forms of Notices to Non-Voting Classes**

28.    Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan. Instead, on or before the Solicitation Deadline, the Solicitation Agent shall send a Non-Voting Package, the form of each of which is hereby approved, in lieu of Solicitation Packages, with no further notice necessary or required, to the Holders of Claims in the Non-Voting Classes, as

well as Holders of Claims in Voting Classes that are subject to a pending objection by the Debtors.

29.     The Debtors are also not required to send Solicitation Packages or other solicitation materials to: (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.  Additionally, for purposes of serving the Solicitation Packages and Notices of Non-Voting Status, the Debtors are authorized to rely on the address information for Voting and Non-Voting Classes as compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date.  The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses or undeliverable Solicitation Packages or Notices of Non-Voting Status.

## VII.    Approval of the Notices in Respect of Executory Contracts and Unexpired Leases

30.     The Assumption Notice, substantially in the form attached hereto as Exhibit 11, and the Rejection Notice, substantially in the form attached hereto as Exhibit 12 (collectively, the "Assumption and Rejection Notices") are approved; *provided,* that up to and including the Effective Date, the Debtors may assume, assume and assign or reject an executory contract or unexpired lease in accordance with the Bankruptcy Code and applicable Bankruptcy Rules.

31.     At least ten days prior to the Confirmation Hearing, the Debtors shall serve or cause to be served, the Assumption and Rejection Notices, as applicable, on the

counterparties to Executory Contracts and Unexpired Leases entitled to receive such notices pursuant to the Plan. Service of the Plan, the Plan Supplement, and the Assumption and Rejection Notices as applicable and as set forth herein shall be deemed good and sufficient notice of, among other things, the proposed assumption, assumption and assignment or rejection of executory contracts and unexpired leases of the Debtors (including the proposed Cure Amounts related thereto and the release and satisfaction of any Claims or defaults arising under any assumed executory contract or unexpired lease at any time before the effective date of assumption or assumption and assignment upon the satisfaction thereof), the amendment of contracts in connection with assumption or assignment pursuant to Article V of the Plan, and the procedures for objecting thereto, and no other or further notice is necessary.

32.     Any counterparty to an Executory Contract or Unexpired Lease that disputes (i) rejection, including any applicable rejection damages, (ii) assumption, (iii) assumption and assignment of Assigned Contracts, or (iv) any Cure Amount relating to any executory contracts or unexpired leases to be assumed or assumed and assigned under the Plan as identified must file an objection (each, a "<u>Treatment Objection</u>") by the Confirmation Objection Deadline in order for such objection to be considered. Each Treatment Objection must:

<blockquote>

a.     be in writing;

b.     comply with the Bankruptcy Rules and the Bankruptcy Local Rules;

c.     state the name of the objecting party;

d.     state with specificity the cure amount or rejection damages amount, as applicable, the objecting party believes is required

</blockquote>

and provide appropriate documentation in support thereof; and

e.      be filed and served on the Objection Notice Parties such that the Treatment Objection is actually received no later than the Confirmation Objection Deadline.

33.      The Debtors are authorized to file replies to any timely-filed Treatment Objections at any time prior to the Confirmation Hearing and to meet and confer in good faith to attempt to resolve any such objection.  The Debtors are authorized to settle any Treatment Objection without further notice to any party or any action, order or approval of this Court.

34.      Any unresolved Treatment Objections shall be heard at the Confirmation Hearing or, at the election of the Debtors, at a later hearing, provided, however, that at any time following the Confirmation Hearing but prior to the Effective Date, the Debtors may settle any dispute regarding the assumption of any Executory Contract or Unexpired Lease and/or the amount of any Cure Cost without any further notice to any party or any action, order or approval of the Court.

35.      The Debtors are authorized, but not directed, to alter, amend, modify or supplement the exhibit to the Plan Supplement detailing the Assumed Contracts, and to assume, assume and assign or reject executory contracts and unexpired leases at any time prior to the Effective Date or, with respect to any executory contract or unexpired lease subject to a Treatment Objection that is resolved after the Effective Date, within thirty (30) days following entry of a Final Order of the Bankruptcy Court resolving such Treatment Objection.

**VIII.      Approval of the Solicitation and Voting Procedures**

36.     The Debtors are authorized to solicit, receive and tabulate votes to accept or reject the Plan in accordance with the Solicitation and Voting Procedures attached hereto as <u>Exhibit 1</u>.  The procedures set forth herein, in the Solicitation and Voting Procedures set forth in <u>Exhibit 1</u>, and in materials for soliciting votes approved hereby, including, without limitation, the proposed procedures for the temporary disallowance of Claims for the purpose of voting to accept or reject the Plan, and the establishment of the Voting Record Date, provide for a fair and equitable process and are consistent with section 1126 of the Bankruptcy Code, Bankruptcy Code Rule 3018 and the Local Rules, and are hereby approved in their entirety.

37.     Solely for voting purposes, and not for the purpose of the allowance of, or distribution on account of, a Claim, the Debtors are authorized, for each Claim within a Voting Class, to temporarily allow such Claim in an amount equal to the amount of such Claim as set forth in a timely filed Proof of Claim, or, if no Proof of Claim was filed, the amount of such Claim as set forth in the Schedules, subject to the following exceptions:

    a.    If a Claim is deemed Allowed, pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

    b.    If a Claim, for which a Proof of Claim has been timely filed, is marked as contingent, unliquidated, or disputed, such Claim will be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (g) below:

    c.    If a Claim, for which a Proof of Claim has been timely filed, lists an amount that is liquidated and noncontingent, such Claim shall be temporarily allowed in the amount set forth on the Proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (g) below;

    d.    Each Gemini Lender Claim set forth in the Gemini Master Claim shall be temporarily allowed for voting purposes in the amount set

forth in the Gemini Voting Statement based on the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

e.    If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of this Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by Court order;

f.    If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a Proof of Claim was (i) not filed by the applicable bar date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes;

g.    If the Debtors serve an objection to, or request for estimation of, a Claim at least 5 days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation;

h.    If the Debtors serve an objection to a Claim at least 5 days before the Voting Deadline, and the relief sought in that objection is to supersede one or more scheduled Claims with a filed Claim, such scheduled Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution; provided, however, that in the event the holder of such Claims has returned only the Ballot in connection with the scheduled Claim(s), such Ballot shall be counted in the amount of the filed Claim;

i.    For purposes of voting, classification, and treatment under the Plan, each entity that holds or has filed more than one Claim shall be treated as if such entity has only one Claim in each applicable Class, the Claims filed by such entity shall be aggregated in each applicable Class, and the total amount of such Class shall be the sum of the aggregated Claims or of such entity in each applicable Class;

j.    If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly submitted, valid Ballot timely received by Kroll will be deemed to

> reflect that voter's intent and will supersede and revoke any prior received Ballot;

k. If a Claim is filed in a currency other than U.S. Dollars (other than cryptocurrency) and is not allowed in a sum certain under the Plan, the Debtors will convert such Claim to the equivalent U.S. dollar value using the conversion rate for the applicable currency at prevailing market prices as of 11:11 p.m. (prevailing Eastern Time) on the Petition Date;

## IX.    Approval of the Plan Objection Procedures

38.    The procedures set forth in the Motion regarding the filing of objections or responses to the Plan provide due, proper and adequate notice, comport with due process, comply with Bankruptcy Rules 2002, 3017 and 3020 and Local Rule 3020-1, and are hereby approved.

Objections and responses, if any, to confirmation of the Plan must (a) be in writing, (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules, (d) state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection, (e) be filed with the Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov), and (ii) by all other parties in interest (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court, and (f) be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order") on (i) the Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601; (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP,

One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal Esq., Luke A. Barefoot,

Esq. and Jane VanLare, Esq.; (iii) the Office of the United States Trustee for Region 2, U.S.

Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House,

One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to

the Official Committee of Unsecured Creditors, counsel to the Committee, White & Case LLP,

1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J.

Christopher Shore, Esq.; and (v) any parties that have appeared and requested notice pursuant to

the Bankruptcy Rules so as to be **actually received** on or before **January ~~12~~29, 2024, at 4:00**

**p.m.**, prevailing Eastern Time.  Objections to confirmation of the Plan that are not timely

filed, served and actually received in the manner set forth above and in the Confirmation

Hearing Notice shall not be considered unless otherwise agreed by the Debtors or

determined by the Court.

39.     The Debtors are authorized to file and serve replies or an omnibus reply to

any such objections along with their brief in support of confirmation of the Plan either separately

or by a single, consolidated reply on or before **~~January 22~~February 12, 2024, at 4:00 p.m.**

**ET** (the "<u>Confirmation Reply Deadline</u>").  In addition, any party in interest may file and serve a

statement in support of confirmation of the Plan and/or a reply or an omnibus reply to any

objections to confirmation of the Plan by the Confirmation Reply Deadline.

**X.     Discovery and Confirmation Protocols**

40.     The Non-Debtor Discovery Parties are hereby authorized to serve

confirmation-related discovery pursuant to Bankruptcy Rule 9014, including by seeking

documents from the Debtors, other parties in interest, and any third parties.  For the avoidance of

doubt, no further motion practice is required prior to serving confirmation-related discovery under these discovery and confirmation protocols (the "Confirmation Protocols").

41.     The *Stipulation and Confidentiality Agreement and Protective Order* [ECF No. 238] (as may be amended from time to time, the "Protective Order") shall govern all discovery in connection with the confirmation of the Plan and the Confirmation Hearing.

42.     To the extent that the Non-Debtor Discovery Parties serve discovery seeking documents that were already produced, whether formally or informally, in response to other requests in these chapter 11 cases, the Producing Party (defined below) may refer to those prior productions to satisfy the Non-Debtor Discovery Parties' requests.

43.     In the event of a dispute with respect to one or more discovery requests, counsel for the producing party (the "Producing Party") and for the requesting party (the "Requesting Party") shall promptly meet and confer in good faith to attempt to resolve the dispute.  If, notwithstanding their good faith efforts to do so, such parties are unable to resolve such discovery dispute at any time after they have met and conferred, either the party may promptly seek a telephonic discovery conference from the Court.  If requested by the Court following the telephonic conference, the parties may email a letter, no longer than two single spaced pages in length (excluding exhibits), of the nature of the dispute.  Any response, may be submitted by emailed letter, no longer than two single spaced pages in length (excluding exhibits), within two business days.  Parties shall simultaneously send a copy of any such letters to Debtors' and Committee's counsel (if Debtors or the Committee are not the Producing Party or Requesting Party) (the "Discovery Dispute Resolution").

44.     Unless otherwise ordered by the Court, no Requesting Party shall serve requests for admission, the Committee may serve up to 15 interrogatories, and all other parties

may serve up to 3 interrogatories in connection with the confirmation proceedings. The Debtors may serve the same amount of interrogatories on any Requesting Party that are served on them by that Requesting Party subject, for the avoidance of doubt, to the parties' respective rights under Federal Rule of Civil Procedure 26(c) and the dispute resolution provisions of these Confirmation Protocols.

45.     Absent obtaining leave from this Court under Rule 30(a)(2) or 30(d)(1) of the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure 7030 and 9014, or upon mutual written agreement with the party sought to be deposed, a party may not take a deposition that would result in: (a) more than 5 days of fact witness depositions taken in total by the Committee or other Non-Debtor Discovery Parties; (b) a witness being deposed more than once in his or her individual capacity; and/or (c) a witness being deposed for more than seven hours in his or her individual capacity. For clarity, the total of 5 days of fact witness depositions includes 30(b)(6) depositions, and each deposition day is limited to seven hours pursuant to Federal Rule of Civil Procedure 30(d)(1) (if a deposition is less than seven hours, that shall still count as one deposition day unless otherwise agreed).

46.     Any party seeking to take a deposition of a Debtor witness should attempt in good faith to coordinate the date for the deposition with the Debtors, the Committee, and other parties that may wish to depose the same witness, as well as how to divide up the deposition time. To that end, within two business days of receipt of a notice or subpoena (or by a different date if agreed by the requesting party) to take the deposition of a witness affiliated with or controlled by the Debtors, the Debtors shall identify to the Requesting Party all other parties (if any) that have advised the Debtors they intend to depose the same witness and with which the Debtors believe the Requesting Party should meet and confer concerning timing for the noticed

deposition ("Participating Party" or "Participating Parties").  The Requesting Party shall seek in

good faith to meet and confer with any such Participating Parties within three days of the

Debtors' receipt of the corresponding deposition notice or subpoena to discuss the date for the

deposition and how to divide up the deposition time amongst the parties who seek to examine

the witness.

a.  If a Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Debtors that the Requesting Party and the Participating Parties have agreed, upon consultation with the Debtors regarding availability, on a date for the deposition, the Debtors must produce the deponent(s) on that date, or on another date that the Debtors may propose and that any Requesting Party or Participating Party advises the Debtors in writing is acceptable to all Participating Parties and the Requesting Party (the "Agreed Date"), for a period of one day of 7 hours, subject to the deposing parties' rights pursuant to Federal Rule of Civil Procedure 30(d)(1); *provided*, *however*, that the Debtors are not obligated to produce the deponent(s) on the date for the deposition identified by the Requesting Party or Participating Party if the Debtors first obtain relief from their obligation through a telephonic discovery conference with the Court.  For the avoidance of doubt, unless the Debtors' first obtain relief from the Court or the consent of the Requesting Party and Participating Parties as described above, they must make the noticed witness available on the Agreed Date;

b.  If the Requesting Party or any Participating Party reports in writing (which may take the form of an email) to the Debtors that the Requesting Party and the Participating Parties have not, despite good faith efforts, agreed among themselves on a date for the deposition or on how to divide up the deposition time, then the Requesting Party or any Participating Party may seek a teleconference with the Court to establish a date for the deposition or to seek guidance on how the deposition time shall be divided amongst the parties seeking to examine the witness;

c.  The Debtors strongly encourage the Requesting Party and Participating Parties to resolve any disputes over how to allocate deposition time in advance of the deposition, so that everyone has clarity about the length and sequence of the deposition, and it may proceed in an orderly and efficient manner.  A Requesting Party may elect to proceed forward with a deposition without an agreement with the Participating Parties on how the deposition time shall be allocated, however. In that event, if not all of the deposing parties have concluded their examinations within the 7 hour time limit, then the Debtors may choose either (i) to end the deposition after 7 hours, and no party may seek to depose the witness further without seeking Court relief; or (ii) to allow the witness to continue to be examined longer than 7 hours, but to count the deposition (in the Debtors'

discretion) as more than one deposition day under Paragraph 45 of this Order.  For clarity, pursuant to Paragraph 45, any deposition lasting between 1 and 7 hours shall count as one deposition day, any deposition lasting between 7 and 14 hours may count as two deposition days (in the Debtors' discretion), and any deposition lasting between 14 and 21 hours may count as three deposition days (in the Debtors' discretion), provided, however, that any party reserves its right to seek Court relief that a deposition that lasts longer than 7 hours should count as a single deposition under Paragraph 45.   The Debtors will be reasonable in exercising their discretion under this provision—if, for example, the examining parties need only slightly longer than 7 hours to finish the deposition, the Debtors do not intend to count that as two deposition days;

d.  Deposition notices shall not include any document requests.  The rights of any person or party noticed for a deposition are reserved with respect to objecting to any such depositions, including the number of depositions, and any such person or party may seek relief from the Court pursuant to the Discovery Dispute Resolution (as set forth in Paragraph 43 of this Order) procedures with respect to any deposition notice or subpoena, including, for the avoidance of doubt, by seeking to quash, limit, terminate, or adjourn any deposition notice or subpoena; and

e.  As to any deposition notice or subpoena, the Requesting Party and the Debtors may alter the procedures and deadline provided in this Paragraph 46 by mutual consent.

47.   Each Requesting Party shall (i) produce or make available to the other Non-Debtor Discovery Parties any materials obtained by such Requesting Party obtained from third parties or (ii) identify any basis for withholding such documents from other Non-Debtor Discovery Parties, in each case within two (2) business days of receiving such materials from a third party.

48.   Each Requesting Party or Producing Party (if not the Debtors) shall produce or make available to Debtors' counsel and counsel to the Committee any materials produced by or requested by the applicable Requesting Party or Producing Party (if not the Debtors) from a reasonable period of time from the date on which such production or request is made.

49.     If any Producing Party intends on withholding or redacting any materials on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in response to confirmation-related discovery, the Producing Party and Requesting Party shall meet and confer on the scope and format of corresponding privilege logs, consistent with the Protective Order in these Chapter 11 Cases.  To the extent such materials were previously withheld or redacted on the grounds of privilege, work product, or any other type of protection or immunity from disclosure, in connection with production in in other pre-petition civil litigations, or in these Chapter 11 Cases, such prior determinations (as reflected in designations on the materials themselves or in the relevant privilege log(s)) the document need not be re-logged, so long as the document shall be subject to the challenge provisions in the Protective Order in these chapter 11 cases.  A Producing Party shall provide its initial privilege log(s) within two weeks after it substantially completes production of documents in response to document requests.

50.     Any expert retained or specially employed to provide expert testimony in connection with the Plan confirmation proceedings shall submit an expert report that satisfies the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) (made applicable by Bankruptcy Rule 7026), and, on or before the deadline provided by this Order, shall produce the expert materials required to be disclosed by Federal Rule of Civil Procedure 26 (made applicable by Bankruptcy Rule 7026).  No drafts of any part of any report or declaration of any expert will be subject to production or other disclosure.  This protection is in addition to, and does not limit or replace, the protections of Federal Rule of Civil Procedure 26(b)(4)(B) (applicable here under Bankruptcy Rule 7026).

### XI.    Amendments and General Provisions

51.    The Debtors are authorized to make non-substantive modifications to the Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Solicitation Packages, the Notices of Non-Voting Status, the Ballots, the Publication Notice, the Solicitation and Voting Procedures, the Plan Supplement Notice, the Assumption and Rejection Notices, and related documents without further orders of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan and any other materials in the Solicitation Packages before distribution.

52.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a Proof of Claim after the Voting Record Date.

53.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

54.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

55.    This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2023
        White Plains, New York

_____
HONORABLE SEAN H. LANE.
UNITED STATES BANKRUPTCY JUDGE

## <u>EXHIBIT C</u>

**Cover Note**

Dear Genesis Clients, Customers and Stakeholders,

On January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco"), Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP") (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (the "Chapter 11 Cases").

You have received this letter and the enclosed materials because you are entitled to vote on the *Debtors' Amended Joint Chapter 11 Plan* (as modified, amended, or supplemented from time to time, the "Plan") [ECF No. [[●]].  On [●], 2023, the Bankruptcy Court entered an order [ECF No. [●]] (the "Disclosure Statement Order") (a) authorizing the Debtors to solicit acceptances for the Plan; (b) finding the *Amended Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC,* et al*., Under Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Disclosure Statement") [ECF No. [[●]] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving solicitation packages, including the form of ballots, and procedures for the distribution thereof (the "Solicitation Package"); (d) establishing voting and tabulation procedures; and (e) establishing notice and objection procedures relating to the confirmation of the Plan.

## I.    Recommendation

Before and throughout these Chapter 11 Cases, we, the Debtors along with our advisors, have been engaged in robust negotiations with many key stakeholders and their advisors—including Digital Currency Group, Inc. ("DCG"), Gemini Trust Company, LLC ("Gemini"), the official committee of unsecured creditors (the "Committee"), the ad hoc group of Genesis creditors (the "Ad Hoc Group"), the ad hoc group of lenders represented by Pryor Cashman LLP (the "Pryor Cashman Group") and the ad hoc group of unsecured claimants represented by Brown Rudnick LLP (the "Brown Rudnick Group")—to devise a path forward that maximizes recoveries and achieves the best outcome for our creditors.  Unfortunately,  despite substantial efforts, including a court-ordered mediation, the parties were unable to reach a consensual resolution to these Chapter 11 Cases.  **The Debtors firmly believe that the Plan provides the best recovery available under the circumstances to Holders of Allowed Claims[1] and is in the best interest of the Debtors' estates and all other parties in interest.  We encourage you to vote to ACCEPT the Plan.**

## II.    The Plan

The Plan contemplates that each Holder of Allowed General Unsecured Claims against the Debtors will receive the treatment provided to such Holder under the Distribution Principles. Holders of Allowed General Unsecured Claims against the Debtors will, in the absence of any other treatment under the Plan or the Confirmation Order, solely for purposes of receiving distributions pursuant to the Plan and otherwise subject to the provisions of the Plan (including

---

[1]         Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

the release and injunction provisions set forth in Article VIII of the Plan), remain obligations of Wind-Down Debtors after the Effective Date.

Additional key components of the Plan include:

a.  Payment in full of all Allowed Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, and Professional Fee Claims;

b.  The funding of a Litigation Reserve that allocates a fixed amount to litigation of any Retained Causes of Action, including Causes of Actions against the DCG Parties;

c.  Releases of all claims by the Releasing Parties[2] against the Released Parties related in any way to the Debtors; *provided*, that the DCG Parties shall not be Released Parties and the former employees, officers, and directors of the Debtors who did not serve as employees, officers, or directors of the Debtors as of the Petition Date shall not be Released Parties; and *provided further*, that any of the current or former employees, officers, and directors of the Debtors (solely in their capacities as such), who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of Genesis Global Trading, Inc. ("GGT") who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent of the Special Committee, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties; and

d.  For purposes of distributions to be made under the Plan, Gemini shall be deemed to be the Holder of all Gemini Lender Claims, and all distributions on account of Allowed Gemini Lender Claims shall be made to the Gemini Distribution Agent and held in trust in a segregated account for the benefit of the Holders of Allowed Gemini Lender Claims.  As soon as practicable following delivery of any distribution to the Gemini Distribution Agent under the Plan on account of Allowed Gemini Lender Claims, the Gemini Distribution Agent shall arrange to deliver or direct the delivery of such distributions to or on behalf of the Holders of Allowed Gemini Lender Claims.

---

[2]    "Releasing Parties" means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

     **The Plan contains certain releases, exculpations and injunctions. You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.**

## III.    The Solicitation Package

     This letter is part of your Solicitation Package, which was approved by the Bankruptcy Court for distribution to Holders of Claims or Interests in connection with the solicitation of votes to accept or reject the Plan. Please review these materials carefully and follow instructions contained therein. The Solicitation Package consists of the following:

     i.     the Confirmation Hearing Notice;

     ii.     the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 thereto);

     iii.     the Disclosure Statement (and exhibits thereto, including the Plan);

     iv.     the applicable Ballot, together with detailed voting instructions and, if applicable, a pre-addressed, postage pre-paid return envelope; and

     v.     such other materials as the Court may direct.

     The materials in the Solicitation Package are intended to be self-explanatory. If you should have any questions, please (i) visit the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) write Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) email genesisinfo@ra.kroll.com; or (iv) call the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally. You may also email genesiscreditorinquiry@cgsh.com.

## IV.    Key Upcoming Dates

     All Ballots, in order to be counted, must be properly completed, executed and delivered so as to be **actually received** by the Debtors' Solicitation Agent no later than the **Voting Deadline, [[●]], at 4:00 pm. (ET)**.

     The hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **[[●]], 2023 at [[●]]., prevailing Eastern Time** in-person and/or via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

     The deadline for filing objections to the Plan is **[[●]], at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any objection to the Plan must: (a) be

in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(b)    the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)    counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

## EXHIBIT D

**Cover Note Blackline**

Dear Genesis Clients, Customers and Stakeholders,

On January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco"), Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP") (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (the "Chapter 11 Cases").

You have received this letter and the enclosed materials because you are entitled to vote on the *Debtors' Amended Joint Chapter 11 Plan* (as modified, amended, or supplemented from time to time, the "Plan") [ECF No. [[●]].  On [●], 2023, the Bankruptcy Court entered an order [ECF No. [●]] (the "Disclosure Statement Order") (a) authorizing the Debtors to solicit acceptances for the Plan; (b) finding the *Amended Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC,* et al., *Under Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Disclosure Statement") [ECF No. [[●]] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving solicitation packages, including the form of ballots, and procedures for the distribution thereof (the "Solicitation Package"); (d) establishing voting and tabulation procedures; and (e) establishing notice and objection procedures relating to the confirmation of the Plan.

## I.    Recommendation

Before and throughout these Chapter 11 Cases, we, the Debtors along with our advisors, have been engaged in robust negotiations with many key stakeholders and their advisors—including Digital Currency Group, Inc. ("DCG"), Gemini Trust Company, LLC ("Gemini"), the official committee of unsecured creditors (the "Committee"), the ad hoc group of Genesis creditors (the "Ad Hoc Group"), the ad hoc group of lenders represented by Pryor Cashman LLP (the "Pryor Cashman Group") and the ad hoc group of unsecured claimants represented by Brown Rudnick LLP (the "Brown Rudnick Group")—to devise a path forward that maximizes recoveries and achieves the best outcome for our creditors.  Unfortunately, despite substantial efforts, including a court-ordered mediation, the parties were unable to reach a consensual resolution to these Chapter 11 Cases.  **The Debtors firmly believe that the Plan provides the best recovery available under the circumstances to Holders of Allowed Claims[1] and is in the best interest of the Debtors' estates and all other parties in interest. We encourage you to vote to ACCEPT the Plan**.

## II.    The Plan

The Plan contemplates that each Holder of Allowed General Unsecured Claims against the Debtors will receive ~~its Pro Rata Share of the Distributable Assets (as defined in the Plan) allocated to the Class of~~the treatment provided to such Holder ~~in accordance with~~under the

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

~~d~~Distribution ~~mechanics attached to the Disclosure Statement~~Principles.  Holders of Allowed General Unsecured Claims against the Debtors will, in the absence of any other treatment under the Plan or the Confirmation Order, solely for purposes of receiving distributions pursuant to the Plan and otherwise subject to the provisions of the Plan (including the release and injunction provisions set forth in Article VIII of the Plan), remain obligations of Wind-Down ~~GGC~~Debtors after the Effective Date.

Additional key components of the Plan include:

a. Payment in full of all Allowed Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, and Professional Fee Claims;

b. The funding of a Litigation Reserve that allocates a fixed amount to litigation of any Retained Causes of Action, including Causes of Actions against the DCG Parties;

c. ~~Customary r~~Releases of all claims by the Releasing Parties[2] against the Released Parties related in any way to the Debtors; *provided*, that the ~~Plan shall not release any~~ DCG Parties ~~or any former~~shall not be Released Parties and the former employees, officers, and directors of the Debtors who did not serve as employees, officers, or directors of the Debtors as of the Petition Date~~;~~ shall not be Released Parties; and *provided further*, that any of the current or former employees, officers, and directors of the Debtors (solely in their capacities as such)~~shall be~~, who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of Genesis Global Trading, Inc. ("GGT") who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a ~~r~~Released Party only with the prior written consent of the Special Committee ~~prior to the Effective Date~~, which shall be disclosed in the Plan Supplement, with the exception of (x) the members of the Special Committee (solely in their capacities as such), who shall be Released Parties without the need for such consent, and (y) any current and former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are also DCG Parties, who shall not be Released Parties; and

d. For purposes of distributions to be made under the Plan, Gemini shall be deemed to be the Holder of all Gemini Lender Claims, and all distributions on account of Allowed Gemini Lender Claims shall be made to the Gemini Distribution Agent and held in trust in a segregated account for the benefit of the Holders of Allowed Gemini Lender Claims.  As soon as practicable following delivery of any distribution to the Gemini Distribution Agent under the Plan on account of Allowed Gemini Lender Claims, the Gemini Distribution Agent shall arrange to

[2] "Releasing Parties" means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

deliver or direct the delivery of such distributions to or on behalf of the Holders of
Allowed Gemini Lender Claims.

**The Plan contains certain releases, exculpations and injunctions.  You are advised
and encouraged to carefully review and consider the Plan, including the release,
exculpation, and injunction provisions, as your rights might be affected.**

## III.    The Solicitation Package

This letter is part of your Solicitation Package, which was approved by the Bankruptcy
Court for distribution to Holders of Claims or Interests in connection with the solicitation of
votes to accept or reject the Plan.  Please review these materials carefully and follow instructions
contained therein.  The Solicitation Package consists of the following:

     i.     the Confirmation Hearing Notice;

     ii.    the Disclosure Statement Order (without exhibits, except the Solicitation
and Voting Procedures attached as Exhibit 1 thereto);

     iii.   the Disclosure Statement (and exhibits thereto, including the Plan);

     iv.   the applicable Ballot, together with detailed voting instructions and, if
applicable, a pre-addressed, postage pre-paid return envelope; and

     v.    such other materials as the Court may direct.

The materials in the Solicitation Package are intended to be self-explanatory.  If you
should have any questions, please (i) visit the Debtors' case website at
https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) write Kroll
Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC
Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue,
Suite 412, Brooklyn, New York 11232; (iii) email genesisinfo@ra.kroll.com; or (iv) call the
Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or
any of the numbers available at the Case Website if calling internationally.  You may also
email genesiscreditorinquiry@cgsh.com.

## IV.    Key Upcoming Dates

All Ballots, in order to be counted, must be properly completed, executed and
delivered so as to be **actually received** by the Debtors' Solicitation Agent no later than the
**Voting Deadline, [[●]], at 4:00 pm. (ET)**.

The hearing at which the Court will consider confirmation of the Plan (the
"Confirmation Hearing") will commence on **[[●]], 2023 at [[●]]., prevailing Eastern Time**
in-person and/or via Zoom before the Honorable Judge Sean H. Lane, United States
Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York,
300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued
from time to time by the Court or the Debtors, without further notice other than by such

adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

The deadline for filing objections to the Plan is **[[●]], at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)      counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(b)      the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)      counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.