**McDermott Will & Emery LLP**
Darren Azman
Joseph B. Evans
Lucas Barrett
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**McDermott Will & Emery LLP**
Gregg Steinman (*pro hac vice* pending)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Genesis Crypto Creditors
Ad Hoc Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Genesis Global Holdco, LLC., *et al.*, | ) | Case No. 23-10063 (SHL) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |

**OBJECTION OF THE GENESIS CRYPTO CREDITORS AD HOC GROUP TO (A) DEBTORS' MOTION TO APPROVE (I) THE ADEQUACY OF INFORMATION IN THE DISCLOSURE STATEMENT, (II) SOLICITATION AND VOTING PROCEDURES, (III) FORMS OF BALLOTS, NOTICES, AND NOTICE PROCEDURES IN CONNECTION THEREWITH, AND (IV) CERTAIN DATES WITH RESPECT THERETO, AND (B) AMENDED DISCLOSURE STATEMENT WITH RESPECT TO THE AMENDED JOINT PLAN OF GENESIS GLOBAL HOLDCO, LLC *ET AL.*, UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

The Genesis Crypto Creditors Ad Hoc Group (the "Crypto Creditors Group") hereby

submits this objection (the "Objection") to (A) *the Debtors' Motion to Approve (I) the Adequacy*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

*of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms*

*of Ballots, Notices, and Notice Procedures in Connection Therewith, and (IV) Certain Dates*

*With Respect Thereto* [Docket No. 461] (the "Motion")[2] and (B) the *Amended Disclosure*

*Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under*

*Chapter 11 of the Bankruptcy Code* [Docket No. 950] (as may be amended, supplemented, or

modified from time to time, the "Disclosure Statement") filed by the debtors and debtors-in-

possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11

Cases"). In support of this Objection, the Crypto Creditors Group respectfully states as follows:

### PRELIMINARY STATEMENT

1.      Crypto creditor claims are being marginalized in these Chapter 11 Cases. By

valuing crypto claims using Petition Date pricing, crypto creditors stand to lose hundreds of

millions of dollars in value to fiat and stablecoin creditors. Aside from being unfair, "dollarizing"

crypto claims in this way runs afoul of Bankruptcy Code section 562.  More specifically, the

contracts between Bitcoin (BTC) and Ethereum (ETH) creditors, on the one hand, and the

Debtors, on the other, are "safe harbored" contracts under Bankruptcy Code section 562. This

means that BTC and ETH claims cannot be valued using Petition Date pricing under Bankruptcy

Code section 502, but instead must be valued at a later date. Given that BTC and ETH have

increased more than 75% and 30%, respectively, since the Petition Date, this issue is of great

importance to the Crypto Creditors Group.

2.      The Debtors' attempts to handicap BTC and ETH recoveries continues their

pattern of behavior that has harmed BTC and ETH creditors dating back to mid-2022. Many

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Disclosure
Statement Motion.

crypto creditors were duped into investing with the Debtors based on false promises before, during, and after one of the most tumultuous periods in recent crypto history—the 2022 "crypto winter." Following the collapse of LUNA and TerraUSD in May 2022 and the subsequent collapse of Three Arrows Capital in June 2022, the Debtors faced a $1.2 billion shortfall. Like many other crypto companies, the Debtors experienced a "bank run." However, unlike other crypto companies harmed by "crypto winter," the Debtors apparently convinced its customers to stay or return, touting that DCG (the Debtors' parent) would assume $1.1 billion of the shortfall payable in BTC pursuant to a promissory note.[3] The Debtors began contacting their BTC and ETH creditors to inform them that the Debtors were cleaning up their loan books and taking other actions such that new transfers of crypto would actually be *safer* than before. They did this through oral communications, as well as the delivery of monthly balance sheets that showed purportedly stable financials.

3.      By falsely touting its financial strength, the Debtors were able to obtain hundreds of millions in BTC and ETH at a time when they had a $1.2 billion hole in their balance sheet. Ultimately, the Debtors commenced chapter 11 six months later.

4.      Despite the efforts of many BTC and ETH creditors to influence the Debtors, the Committee, and other ad hoc groups to move away from Petition Date pricing, this issue has yet to be put before the Court. And absent formation of the Crypto Creditors Group, this issue would *never* be put before the Court. Accordingly, on November 23, 2023, certain BTC and ETH creditors formed the Crypto Creditors Group to object to Plan confirmation on this and other

---

[3]     *See generally Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* [Docket No. 19].

issues that inequitably treat BTC and ETH creditors.[4] As of the date hereof, the aggregate BTC

and ETH holdings of the Crypto Creditors Group are 10,991.9631 and 1,828.8489, respectively.

5.      Because the Crypto Creditors Group will argue for BTC and ETH valuation dates

later than the Petition Date, the Debtors' Disclosure Statement fails to provide adequate

information about distributions. If the Court ultimately sustains an objection on these grounds,

projected creditor recoveries will be materially different than what is currently set forth in the

Plan.

6.      Perhaps more importantly, without disclosing this risk, the Debtors could be

forced to later resolicit an amended chapter 11 plan. Although the Crypto Creditors Group

intends to vigorously pursue its objection, it does not seek to delay the confirmation timeline in

any way. For these reasons, the Court should require additional disclosures as set forth below.

## LIMITED OBJECTION

7.      The Debtors' Disclosure Statement fails to disclose sufficient information

regarding the risks of changes to (a) projected recoveries and (b) the Distribution Principles if

BTC and ETH claims are valued at a date later than the Petition Date. The purpose of a

disclosure statement is "to inform equity holders and claimants, as fully as possible, about the

probable financial results of acceptance or rejection of a particular plan." *See In re Scioto Valley

Mortg. Co.*, 88 B.R. 168, 170 (Bankr. S.D. Ohio 1988). "[A]dequate information" is defined as

"information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the

nature and history of the debtor and the condition of the debtor's books and records . . . that

would enable . . . a hypothetical investor of the relevant class to make an informed judgment

---

[4]    The Crypto Creditors Group acknowledges that its position on the valuation of BTC and ETH claims is a confirmation dispute, and as such intends to file comprehensive briefing in advance of the confirmation hearing. This Objection pertains only to the lack of disclosure on this issue.

about the plan." 11 U.S.C. § 1125(a)(1); *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994); *In re Adelphia Commc'ns Corp.*, 352 B.R. 592, 596 (Bankr. S.D.N.Y. 2006); *Kunica v. St. Jean Fin., Inc.*, 233 B.R. 46, 54 (S.D.N.Y. 1999). Whether a disclosure statement provides "adequate information will be determined by the facts and circumstances of each case." *In re Oneida Motor Freight*, 848 F.2d 414, 417 (3d Cir. 1988).

8.      Bankruptcy Code section 1125 is biased towards more disclosure rather than less. *In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990). The "adequate information" requirement merely establishes a floor, and not a ceiling, for disclosure to voting creditors. *Adelphia*, 352 B.R. at 596. Once the "adequate disclosure" floor is satisfied, additional information can go into a disclosure statement as long as the additional information is accurate and its inclusion is not misleading. *Id* at 596. The purpose of the disclosure statement is to give creditors enough information so that they can make an informed choice of whether to approve or reject the debtor's plan. *In re Duratech Indus.*, 241 B.R. 291, 298 (Bankr. E.D.N.Y. 1999), *aff'd*, 241 B.R. 283 (E.D.N.Y. 1999). The disclosure statement must inform the average creditor what it will receive and when and what contingencies might intervene. *In re Ferretti*, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

9.      Pursuant to the Disclosure Statement, the Debtors valued BTC and ETH claims as of the Petition Date. Disclosure Statement, p. 128. Moreover, in the Distribution Principles attached to the Disclosure Statement as Exhibit H, the Debtors explain that to determine the numerator of the *Pro Rata* Share calculation of General Unsecured Claims, "the Individual Claim Value will equal the Petition Date Value of such Holder's Claim assets." Disclosure Statement Ex. H, p. 4. Such conclusions do not factor in the risk or potential outcomes if BTC and ETH claims are valued as of a date later than the Petition Date. Without this information, it

is not possible for parties entitled to vote on the Plan to make an informed decision. If additional disclosures are not provided and the Crypto Creditors Group's objection to confirmation of the Plan is sustained, then the Debtors are at risk of being forced to resolicit a new Plan. Such result will delay distributions and harm all creditors. Delay is not what the Crypto Creditors Group seeks through this objection. Accordingly, to resolve this Objection, the Crypto Creditors Group requests that the below disclosure be added to the Disclosure Statement.

> In November 2023, creditors holding an aggregate amount of 10,991.9361 BTC and 1,828.8489 ETH claims formed the Genesis Crypto Creditors Ad Hoc Group (the "Crypto Creditors Group"). The Crypto Creditors Group has indicated that it intends to object to confirmation of the Plan on the basis that BTC and ETH claims should be valued at a date after the Petition Date. Currently, the Plan values such claims as of the Petition Date. If the objection is sustained, the value of BTC and ETH claims will likely be greater than contemplated under the Plan given the increase in crypto prices since the Petition Date. As a result, the projected recoveries herein will likely change such that BTC and ETH claims would have a larger *Pro Rata* Share of the claims pool. Moreover, the Distribution Principles attached hereto as **Exhibit H** would need to be modified to address this result.

10.     For these reasons, absent additional disclosures, the Disclosure Statement does not contain adequate information as required by Bankruptcy Code section 1125, and the Disclosure Statement should be modified.

## **RESERVATION OF RIGHTS**

11.     The Crypto Creditors Group reserve all rights, claims, defenses, and remedies, including without limitation, to supplement and amend this Objection, to raise further and other objections, to introduce evidence prior to or at any hearing regarding the Disclosure Statement in the event the Crypto Creditors Group's objections are not resolved prior to such hearing, to seek to introduce documents or other relevant information in support of the positions set forth in this Objection, and to raise any all objections to confirmation of the Plan.

Dated:  New York, New York
November 27, 2023

MCDERMOTT WILL & EMERY LLP

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
Lucas Barrett
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com
E-mail: lbarrett@mwe.com

*- and -*

Gregg Steinman (*pro hac vice* pending)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Genesis Crypto
Creditors Ad Hoc Group*

<u>**CERTIFICATE OF SERVICE**</u>

I, Darren Azman, hereby certify that on this 27th day of November 2023, I caused a true and correct copy of the foregoing *Objection of the Genesis Crypto Creditors Ad Hoc Group to (A) Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices, and Notice Procedures in Connection Therewith, and (IV) Certain Dates With Respect Thereto, and (B) Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* (the "<u>Objection</u>") to be filed using this Court's CM/ECF System (the "<u>CM/ECF System</u>") which caused the Motion to be served on all registered users of the CM/ECF System who have consented to receive such notice in this case.

*/s/ Darren Azman*
Darren Azman