**Hearing Date and Time: January 3, 2024 at 10:00 A.M. (ET)**
**Objection Deadline: December 21, 2023 at 4:00 P.M. (ET)**

| | |
|---|---|
| Sean A. O'Neal | Danielle L. Rose |
| Luke A. Barefoot | Daniel J. Saval |
| Jane VanLare | John Conte |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | KOBRE & KIM |
| One Liberty Plaza | 800 Third Avenue |
| New York, New York 10006 | New York, New York 10022 |
| Telephone: (212) 225-2000 | Telephone: (212) 488-1209 |
| Facsimile: (212) 225-3999 | |

*Counsel to the Debtors*
*and Debtors-in-Possession*

*Sole Counsel to the Debtors and*
*Debtors-in-Possession as to the*
*Conflicted Claims*

---

**THIS OBJECTION SEEKS TO DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR KATHARINE ROSS, ESQ.,
KROSS@CGSH.COM, OR IF YOU FILED A CONFLICTED CLAIM, PLEASE
CONTACT JOHN CONTE, ESQ., JOHN.CONTE@KOBREKIM.COM**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**NOTICE OF HEARING ON DEBTORS' THIRD OMNIBUS
OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (DUPLICATE)**

  **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

  **PLEASE TAKE FURTHER NOTICE** that on November 29, 2023 the Debtors filed the *Debtors' Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (the "Third Omnibus Objection"). A hearing (the "Hearing") on the Third Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **January 3, 2024, at 10:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order ¶ 3.

  **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

  **PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Third Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **December 21, 2023, at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.

  **PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Third Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Third Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

---

[2]  Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**PLEASE TAKE FURTHER NOTICE** copies of the Third Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Third Omnibus Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Third Omnibus Objection, or if you want the Court to hear your position on the Third Omnibus Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Third Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:    November 29, 2023
        New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

*/s/ Danielle L. Rose*
Danielle L. Rose
Daniel J. Saval
John Conte
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1209

*Sole Counsel to the Debtors
and Debtors-in-Possession as to the
Conflicted Claims*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

Danielle L. Rose
Daniel J. Saval
John Conte
KOBRE & KIM
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1209

*Sole Counsel to the Debtors and
Debtors-in-Possession as to the
Conflicted Claims*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' THIRD OMNIBUS OBJECTION
(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT
TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (DUPLICATE)**

**TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS
OBJECTION (THE "THIRD OMNIBUS OBJECTION" OR "OBJECTION"):**

- **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN
  FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBIT 1 TO THE
  PROPOSED ORDER.**

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY
  FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those claims listed on Exhibit 1 (the "Duplicate Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Objection Procedures Order") and seek entry of the Proposed Order disallowing and expunging the Duplicate Claims, provided, however, that such claims will survive at the amount asserted in, and for purposes of, the Ad Hoc Group Master Claim (as defined below) filed on behalf certain members of the Ad Hoc Group (as defined below). In support of this Objection, the Debtors submit the *Declaration of Paul Kinealy in Support of the Debtors' Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (the "Kinealy Declaration"), attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## PRELIMINARY STATEMENT

1.      The Debtors have identified certain claims filed by individual Ad Hoc Group members (the "Ad Hoc Group Claimants") asserting liabilities against the Debtors that are, in relevant part, duplicates of the Ad Hoc Group Master Claim (as defined below) on behalf of its members pursuant to the authority granted by the United States Bankruptcy Court for the Southern District of New York (the "Court").  *See* Bar Date Order (as defined below) ¶ 9.  In order to avoid double recovery for the same alleged liability, the Debtors move to expunge and disallow the separate proofs of claim that were filed by members of the Ad Hoc Group in amounts that are duplicative of those in the Ad Hoc Group Master Claim.  For the avoidance of doubt, to the extent that the Duplicate Claims assert amounts consistent with the respective amounts in the Ad Hoc Group Master Claim, such claims will survive through the Ad Hoc Group Master Claim, subject to further potential reconciliation and/or objection.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## BACKGROUND

### A.    Debtors' Business and Procedural History

3.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat

3

currency. The Debtors engage in lending, borrowing and certain trading services, while the Non-Debtor Subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (the "First Day Declarations").[2]

4.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

5.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

6.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

7.      Prior to the Petition Date, two groups of creditors, initially represented by Kirkland & Ellis LLP as counsel and Proskauer Rose LLP respectively, formed ad hoc groups.  As time progressed, the group represented by Proskauer Rose LLP has become the predominant ad hoc group (the "Ad Hoc Group").  On March 3, 2023, the Ad Hoc Group filed the *Verified Statement Pursuant to Bankruptcy Rule 2019 of Ad Hoc Group of Genesis Lenders* (ECF No. 114) (the "Ad Hoc Group Statement"), representing that there are 78 members of the Ad Hoc Group with an asserted dollarized claim amount of $1,535,158,736.57.

8.      The Bar Date Order authorized and directed the Ad Hoc Group to file a single proof of claim (the "Ad Hoc Group Master Claim") pursuant to section 501(a) of the Bankruptcy Code on account of prepetition claims against the Debtors held by members of the Ad Hoc Group pursuant to relevant master loan agreements or term sheets.  Bar Date Order ¶ 9.  To the extent that members of the Ad Hoc Group wished to assert a claim other than the amount owed pursuant to such master loan agreements or loan term sheets, the Bar Date Order provided that such members were required to submit a separate proof of claim with respect to such additional claim.

*Id.* The Ad Hoc Group timely filed two (2) such Ad Hoc Group Master Claims. *See* Claim Nos. 447 and 489. Claim No. 447 was subsequently amended by Claim No. 831, and Claim No. 489 was subsequently withdrawn. *See* Claim Nos. 831 and 489.

9.     The General Bar Date passed on May 22, 2023. As of November 27, 2023, 1,191 proofs of claim have been filed against the Debtors.

**B.     The Claims Resolution Process**

10.     In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

11.     The Debtors' Claims agent, Kroll, LLC (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant"). Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694) (the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors. The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents). The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

12.     The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance. To reduce the number of Claims, and to avoid possible double recovery or otherwise improper recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of the Debtors' upcoming solicitation, the Debtors will continue to file omnibus objections to such categories of claims if and where warranted. This Objection is one such omnibus objection. With respect to one particular claim—Proof of Claim No. 225 (the "Conflicted Claim")—that Claimant must direct their Response (as defined below) or any other of their communications to Kobre & Kim LLP, as sole counsel to the Debtors with respect to the Conflicted Claim.

13.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors submit that this Objection and the notice provided to the Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

**<u>RELIEF REQUESTED</u>**

14.     For the reasons set forth below, the Debtors object to each of the Duplicate Claims. By this Objection, the Debtors respectfully request that the Court enter the Proposed Order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing in full each of the Duplicate Claims, with the surviving Ad Hoc Group Master Claim to remain, subject to further potential reconciliation and/or objection.

15.     The Debtors and/or their advisors have reviewed the Claims Register, the Ad Hoc Group Master Claim, and each of the Duplicate Claims. Based on this review, the Debtors have determined that each of the Duplicate Claims identified in <u>Exhibit 1</u> to the Proposed Order is subject to disallowance because it is already represented in the Ad Hoc Group Master Claim and

is therefore a duplicate up to the respective amount asserted in the Ad Hoc Group Master Claim.[3]

If the Duplicate Claims are not disallowed, the Ad Hoc Group Claimants may obtain double

recovery for the same alleged liability already asserted by the Ad Hoc Group Master Claim or

already asserted against the proper Debtor. By this Objection, the Debtors seek disallowance of

each of the Duplicate Claims in order to limit each Ad Hoc Group Claimant to a single claim

against the relevant Debtor's estate (namely, the Ad Hoc Group Master Claim) arising from the

same alleged liability.

16.     For each of the Duplicate Claims, the Debtors have identified the surviving Ad Hoc

Group Master Claim that asserts in relevant part the same liability, to the extent supported by the

Debtors' Books and Records. The Ad Hoc Group Master Claim will be unaffected by the relief

requested in this Objection (subject to the Debtors' right to assert additional objections and

defenses to the allowance of each such Ad Hoc Group Master Claim) and each Ad Hoc Group

Claimant's right to assert these liabilities against the Debtors' estates will be preserved, subject to

the Debtors' reservations of their rights to object to the Ad Hoc Group Master Claim and other

claims on all grounds, whether legal, factual, procedural, substantive or non-substantive, including

on the basis of asserting an amount in excess of the Debtors' Books and Records (as implicated by

certain individual Ad Hoc Group Claimants asserting claims for a lower amount than the Ad Hoc

Group Master Claim asserts on their behalf). Accordingly, each of the Duplicate Claims should

be disallowed in full.

---

[3]     While, based on the Debtors' review and reconciliation of the Duplicate Claims, certain of these Claims assert fewer units of cryptocurrency than are asserted in the Ad Hoc Group Master Claim on behalf of the same Ad Hoc Group Claimant, such amounts are nonetheless subsumed by and duplicative of the higher amount asserted in the Ad Hoc Group Master Claim, as the face of these Claims does not assert a basis for liability different from that asserted in the Ad Hoc Group Master Claim.

## **BASIS FOR RELIEF**

17.      When asserting a proof of claim against a bankruptcy estate, a claimant must allege

facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In*

*re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019).  Where the claimant alleges

sufficient facts to support its claim, its claim is afforded prima facie validity.  *See id.*  A party

wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima

facie validity.  *Id.*  Once the objecting party produces such evidence, the burden shifts back to the

claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id.*  The

burden of persuasion is always on the claimant.  *Id.*

18.      Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed

to the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Bankruptcy Rule 3007(d) and the

Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim

on non-substantive bases, such as because such claims "duplicate other claims" (Fed. R. Bankr. P.

3007(d)(1)), are "inconsistent with or contradict[] the Debtors' books and records[,]" "fail[] to

sufficiently specify the basis for the claim[,]" or "assert[] amounts inconsistent with the terms of

the applicable master lending agreement with such claimant."  Claims Objection Procedures Order

¶¶ 1(a)(i), (v), (xv).

19.      Pursuant to Bankruptcy Rule 3007(d)(1), the Debtors are permitted to file an

omnibus objection to Claims to the extent that they are duplicative of other Claims.  The Debtors

cannot be required to pay the same Claim multiple times.  *See, e.g.*, *Phelan v. Local 305 of United*

*Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. of U.S. & Can.*, 973 F.2d

1050, 1063 (2d Cir. 1992) (articulating the general principal that "[a] plaintiff may not recover twice for the same injury").

20.    This Court has routinely disallowed and expunged similar claims filed against the same debtor that are duplicates of other claims.  *See, e.g.* Order*, In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 5, 2021) (ECF No. 2308) (disallowing duplicate bond claims); Order, *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. Mar. 21, 2023) (ECF No. 2288) (disallowing and expunging duplicate claims); Order, *In re Groupo Aeroméxico, S.A.B. de C.V.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. May 19, 2021) (ECF No. 1208) (same); Order, *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Jul. 26, 2021) (ECF No. 1936) (disallowing and expunging claims duplicative of the master proof of claim filed by an indenture trustee on claimants' behalf); *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. July 9, 2020) (ECF No. 8278) (disallowing and expunging duplicative claims); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2016) (ECF No. 3135) (same).

## OBJECTION

21.    The Debtors object to the Duplicate Claims identified in Exhibit 1 to the Proposed Order and respectfully request that they be disallowed in full on the grounds that such Claims are duplicates of the Ad Hoc Group Master Claim (the "Duplicate Claims").  For each Duplicate Claim, Exhibit 1 to the Proposed Order indicates the Proof of Claim number under which the Claimant will maintain a Claim upon expungement of the corresponding Duplicate Claim.

22.    The Debtors and/or their advisors have reviewed the Claims Register, the Duplicate Claims, and the Ad Hoc Group Master Claim.  *See* Ex. B, Kinealy Decl. ¶ 4.  Through this review, the Debtors have determined, with the help of Alvarez and Marsal North America LLC ("A&M"), the Debtors' financial advisor, that the Duplicate Claims were filed by the Claimants based on the

same relationship as the corresponding Ad Hoc Group Master Claim and in the same dollar or coin amount asserted on behalf of such Claimant in the Ad Hoc Group Master Claim.  *See* Ex. B, Kinealy Decl. ¶ 5.

23.     Although one Ad Hoc Group Claimant asserted a claim amount in dollars that is higher than the corresponding amount of cryptocurrency units asserted on the Ad Hoc Group Claimant's behalf in the Ad Hoc Group Master Claim, *see* Claim No. 3, the Debtors have determined, with the help of A&M, that the variance is the result of an incorrect conversion calculation from cryptocurrency units to dollars.  *See* Ex. B, Kinealy Decl. ¶ 5.  Pursuant to the Bar Date Order, Claimants were directed to assert prepetition claims based on cryptocurrency in units of the applicable cryptocurrency, not to attempt to convert them to dollar amounts.  *See* Bar Date Order ¶ 4(e).  Accordingly, based on the units of cryptocurrency asserted in Claim No. 3, the Debtors have determined that such Claim is wholly duplicative of the Ad Hoc Group Master Claim, notwithstanding the Claimant's attempt to convert the claim to a dollar amount in contravention of the Bar Date Order's explicit directive.

24.     The Ad Hoc Group Master Claim will be unaffected by the relief requested in this Objection (subject to the Debtors' right to assert additional objections and defenses to the allowance of such claim) and each Ad Hoc Group Claimant's right to assert these liabilities against the Debtors' estates to the extent reflected in the Ad Hoc Group Master Claim will be preserved, subject to the Debtors' reservations of their rights to object to the Ad Hoc Group Master Claim and other claims on all grounds, whether legal, factual, procedural, substantive or non-substantive, including on the basis of asserting amounts unsupported by the Debtors' Books and Records (as implicated by certain individual Ad Hoc Group Claimants asserting claims for a lower amount than the Ad Hoc Group Master Claim asserts on their behalf).

25.     If the Duplicate Claims are not disallowed, insofar as the Ad Hoc Group Master
Claim subsumes the liabilities asserted in the Duplicate Claims, the Ad Hoc Group Claimants may
obtain double recovery for the same alleged liability.   By this Objection, the Debtors seek
disallowance of the Duplicate Claims to the extent they are included in the Ad Hoc Group Master
Claim in order to limit each Ad Hoc Group Claimant to a single claim against a Debtor entity's
estate arising from the same alleged liability, ensure the Claims Register is accurate and does not
overstate the Debtors' liabilities, and avoid the possibility of multiple recoveries against the
Debtors' estates.   If any Ad Hoc Group Claimant believes, contrary to the Debtors' determination,
that its Duplicate Claim is valid and not duplicative, it must present affirmative evidence
demonstrating the validity of such Claim.  *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr.
S.D.N.Y. 2019).  In the absence of such evidence, the Debtors respectfully request entry of the
Proposed Order disallowing and expunging the Duplicate Claims.

26.     For the reasons set forth above, the Duplicate Claims addressed in this Objection
do not meet the standards for prima facie validity and if the Duplicate Claims are not disallowed,
the Ad Hoc Group Claimants subject to this Objection may obtain impermissible or unwarranted
recoveries against the Debtors' estates to the detriment of other similarly situated creditors.  By
this Objection, the Debtors request that the Court disallow and expunge the Duplicate Claims in
their entirety.

## SEPARATE CONTESTED MATTERS

27.     To the extent that a response is filed regarding any Duplicate Claim listed in this
Objection and the Debtors are unable to resolve the response, such Duplicate Claim and the
Objection by the Debtors to such claim asserted herein shall constitute a separate contested matter

as contemplated by Bankruptcy Rule 9014.   Any order entered by the Court regarding this

Objection shall be deemed a separate order with respect to each Duplicate Claim.

## RESPONSES TO OMNIBUS OBJECTION

28.   To contest this Objection, an Ad Hoc Group Claimant must file and serve a written

response to this Objection (a "Response") so that it is received no later than **4:00 p.m.** (prevailing

Eastern Time) on **December 21, 2023** (the "Response Deadline").   Every Response must be filed

electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-

10063 (the "Docket") and served upon the following entities so that the Response is received no

later than the Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, and jvanlare@cgsh.com
>
> -and-
>
> Kobre & Kim LLP
> 800 Third Avenue
> New York, New York 10022
> Attn:  Danielle L. Rose, Esq., Daniel J. Saval, Esq., and John Conte, Esq.
> Danielle.Rose@kobrekim.com, Daniel.Saval@kobrekim.com,
> John.Conte@kobrekim.com
>
> -and-
>
> Genesis Global Holdco, LLC
> 175 Greenwich St., 38th Fl.
> New York, NY 10007
> Attn: Arianna Pretto-Sakman
> Arianna@Genesistrading.com
>
> -and-
>
> White & Case LLP
> 1221 Avenue of the Americas
> New York, NY 10020

Attn: Philip Abelson, Esq.
philip.abelson@whitecase.com

-and-

Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
Attn: Brian S. Rosen, Vincent Indelicato, and Megan R. Volin
brosen@proskauer.com; vindelicato@proskauer.com;
mvolin@proskauer.com

70 West Madison, Suite 3800
Chicago, IL 60602
Attn: Jordan E. Sazant
jsazant@proskauer.com

-and-

Bankruptcy Court of the Southern District of New York
Chambers of Judge Sean H. Lane
300 Quarropas Street
White Plains, NY 10610
Attn: Chambers of Judge Sean H. Lane

29.    Every Response to this Objection must contain, at minimum, the following
information:

a.      A caption identifying the name of the Bankruptcy Court, the names
of the Debtors, the case number and the title of the Objection to which the
Response is directed;

b.      The name of the Claimant and description of the basis for the Claim;

c.      The specific factual basis and supporting legal argument upon which
the party will rely in opposing this Objection;

d.      A short statement describing the reasons for which the Claim should
not be disallowed as set forth in the Objection

e.      Additional documentation or other evidence upon which the
Claimant relies in opposing the Objection (if it was not included with the Proof
of Claim previously filed with the Court);

f.      The address(es) to which the Debtors must return any reply to the
Response, if different from that presented in the Proof of Claim; and

g.      The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

30.      If an Ad Hoc Group Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the Duplicate Claim, without further notice to the Ad Hoc Group Claimant or a hearing.

31.      The Claimant that filed the Conflicted Claim shall direct its Response and any other of its communications to Kobre & Kim LLP, as sole counsel to the Debtors with respect to the Conflicted Claim.

## REPLIES TO RESPONSES

32.      The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

33.      The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Ad Hoc Group Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

34.      The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Duplicate Claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to each of the Duplicate Claims identified in Exhibit 1 to the Proposed Order.  The Debtors reserve their right to assert any and all other non-substantive objections and/or one or more substantive objections to the Duplicate Claims at a later time, including on the grounds that the amount claimed is inaccurate

(as implicated by the fact that certain of the Duplicate Claims were asserted for less than the Ad Hoc Group Master Claim asserted on those Ad Hoc Group Claimants' behalf), to the extent consistent with the Claims Objection Procedures Order.

35.     Notwithstanding anything contained in this Objection or the attached exhibit, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Ad Hoc Group Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Ad Hoc Group Claimants relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims of the Ad Hoc Group Claimants that are subject to such avoidance actions.

## NOTICE

36.     The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

37.     No prior request for the relief requested herein has been made to this or any other Court.


[*The remainder of this page is left blank intentionally*]

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request

that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just

and proper.

Dated:    November 29, 2023                    */s/ Luke A. Barefoot*
          New York, New York                  Sean A. O'Neal
                                              Luke A. Barefoot
                                              Jane VanLare
                                              CLEARY GOTTLIEB STEEN &
                                              HAMILTON LLP
                                              One Liberty Plaza
                                              New York, New York 10006
                                              Telephone: (212) 225-2000
                                              Facsimile: (212) 225-3999

                                              *Counsel to the Debtors*
                                              *and Debtors-in-Possession*

                                              */s/ Danielle L. Rose*
                                              Danielle L. Rose
                                              Daniel J. Saval
                                              John Conte
                                              KOBRE & KIM
                                              800 Third Avenue
                                              New York, New York 10022
                                              Telephone: (212) 488-1209

                                              *Sole Counsel to the Debtors*
                                              *and Debtors-in-Possession as to the*
                                              *Conflicted Claims*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING**
**DEBTORS' THIRD OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT**
**TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (DUPLICATE)**

Upon the *Debtors' Third Omnibus Objection (Non-Substantive) to Certain Claims*

*Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (the "Objection")[2] filed by

the debtors in the above-captioned case (the "Debtors"), requesting entry of an order pursuant to

section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging in full

each of the Duplicate Claims identified on Exhibit 1 attached hereto (the "Order"); and upon the

*Declaration of Paul Kinealy in Support of Debtors' Third Omnibus Objection (Non-Substantive)*

*to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)*, attached

to the Objection as Exhibit B; and upon all other documentation filed in connection with the

Objection and the Duplicate Claims; and adequate notice of the Objection having been given as

set forth in the Objection; and it appearing that no other or further notice is required; and sufficient

cause appearing therefor;

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the Duplicate Claims identified in <u>Exhibit 1</u> attached hereto.

2.      Each of the Duplicate Claims is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.      The Ad Hoc Group Master Claim will be unaffected by this Order (subject to the Debtors' right to assert additional objections and defenses to the allowance of such claim), and the Ad Hoc Group's right to assert the liabilities reflected in the Ad Hoc Group Master Claim on behalf of the Ad Hoc Group Claimants against the Debtors' estates will be preserved, subject to the Debtors' reservations of their rights to object to the Ad Hoc Group Master Claim and other claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

4.      This Order shall be deemed a separate Order with respect to each of the Duplicate Claims identified in <u>Exhibit 1</u>.  Any appeal and/or stay of this Order pending appeal by any Ad Hoc Group Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

6.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors to dispute any Claim against any Debtor on any grounds whatsoever at a later date,

(iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of

the Debtors under the Bankruptcy Code or any other applicable law.

7.      This Court shall retain jurisdiction over any and all issues arising from or related to

the implementation and interpretation of this Order.

Dated: _____, 2024
          White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Duplicate Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Third Omnibus Objection**
**Exhibit 1 - Duplicate**

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | NAME & ADDRESS | CLAIM # | REMAINING DEBTOR | DATE FILED | TOTAL REMAINING IN KIND AMOUNT |
| 1 | NAME REDACTED<br>ADDRESS REDACTED | 3 | Genesis Global Capital, LLC | 01/30/23 | USD 67,773,827.13 | NAME REDACTED<br>ADDRESS REDACTED | 831 | Genesis Global Capital, LLC | 07/11/23 | 1INCH 61,798.92 GUSD 1,163,366.30 AAVE 248.6041124 KNC 335,104.48 ADA 40,230,518.81 LINK 33,289.6718 ALGO 10,046,892.99 MANA 2,513,236.64 BCH 46,370.833324 MATIC 110,469.41024 BNB 342.4210573 SAND 9,872,662.65 BSV 2,116.6926 SNX 422,830.27 BTC 45,433.3258860553 SOL 1,354,711.36359 COMP 26.342002 TRX 178,161,600.98 ETC 465,616.77 UNI 4,789.5253 ETH 388,024.296067887 USD 334,274,839.14 ETHW 194,484.53897355 USDC 226,394,160.49 FIL 101,960.15 USDT 48,392,411.90 FLOW 377,708.4734 XLM 55,198,695.7891† GLMR 1,675,988.70 |
| | | | | | *Reason: The creditor asserts duplicative liability as contained within the master Ad Hoc claim.* | | | | | |
| 2 | NAME REDACTED<br>ADDRESS REDACTED | 291 | Genesis Global Holdco, LLC | 05/16/23 | USD 20,214.19 | NAME REDACTED<br>ADDRESS REDACTED | 831 | Genesis Global Capital, LLC | 07/11/23 | 1INCH 61,798.92 GUSD 1,163,366.30 AAVE 248.6041124 KNC 335,104.48 ADA 40,230,518.81 LINK 33,289.6718 ALGO 10,046,892.99 MANA 2,513,236.64 BCH 46,370.833324 MATIC 110,469.41024 BNB 342.4210573 SAND 9,872,662.65 BSV 2,116.6926 SNX 422,830.27 BTC 45,433.3258860553 SOL 1,354,711.36359 COMP 26.342002 TRX 178,161,600.98 ETC 465,616.77 UNI 4,789.5253 ETH 388,024.296067887 USD 334,274,839.14 ETHW 194,484.53897355 USDC 226,394,160.49 FIL 101,960.15 USDT 48,392,411.90 FLOW 377,708.4734 XLM 55,198,695.7891† GLMR 1,675,988.70 |
| | | | | | *Reason: The creditor asserts duplicative liability as contained within the master Ad Hoc claim.* | | | | | |
| 3 | NAME REDACTED<br>ADDRESS REDACTED | 52 | Genesis Global Capital, LLC | 04/11/23 | USD 2,850,531.42<br>USDC 3,963.51 | NAME REDACTED<br>ADDRESS REDACTED | 831 | Genesis Global Capital, LLC | 07/11/23 | 1INCH 61,798.92 GUSD 1,163,366.30 AAVE 248.6041124 KNC 335,104.48 ADA 40,230,518.81 LINK 33,289.6718 ALGO 10,046,892.99 MANA 2,513,236.64 BCH 46,370.833324 MATIC 110,469.41024 BNB 342.4210573 SAND 9,872,662.65 BSV 2,116.6926 SNX 422,830.27 BTC 45,433.3258860553 SOL 1,354,711.36359 COMP 26.342002 TRX 178,161,600.98 ETC 465,616.77 UNI 4,789.5253 ETH 388,024.296067887 USD 334,274,839.14 ETHW 194,484.53897355 USDC 226,394,160.49 FIL 101,960.15 USDT 48,392,411.90 FLOW 377,708.4734 XLM 55,198,695.7891† GLMR 1,675,988.70 |
| | | | | | *Reason: The creditor asserts duplicative liability as contained within the master Ad Hoc claim.* | | | | | |
| 4 | NAME REDACTED[1]<br>ADDRESS REDACTED | 225 | Genesis Global Capital, LLC | 05/11/23 | USD 4,096,712.10 | NAME REDACTED<br>ADDRESS REDACTED | 831 | Genesis Global Capital, LLC | 07/11/23 | 1INCH 61,798.92 GUSD 1,163,366.30 AAVE 248.6041124 KNC 335,104.48 ADA 40,230,518.81 LINK 33,289.6718 ALGO 10,046,892.99 MANA 2,513,236.64 BCH 46,370.833324 MATIC 110,469.41024 BNB 342.4210573 SAND 9,872,662.65 BSV 2,116.6926 SNX 422,830.27 BTC 45,433.3258860553 SOL 1,354,711.36359 COMP 26.342002 TRX 178,161,600.98 ETC 465,616.77 UNI 4,789.5253 ETH 388,024.296067887 USD 334,274,839.14 ETHW 194,484.53897355 USDC 226,394,160.49 FIL 101,960.15 USDT 48,392,411.90 FLOW 377,708.4734 XLM 55,198,695.7891† GLMR 1,675,988.70 |
| | | | | | *Reason: The creditor asserts duplicative liability as contained within the master Ad Hoc claim.* | | | | | |

1 - Conflicted Claims
†Indicates claim contains unliquidated and/or undetermined amounts

**Genesis Global Holdco, LLC Case No. 23-10063**
**Third Omnibus Objection**
**Exhibit 1 - Duplicate**

| | | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | NAME & ADDRESS | CLAIM # | REMAINING DEBTOR | DATE FILED | TOTAL REMAINING IN KIND AMOUNT |
| 5 | NAME REDACTED ADDRESS REDACTED | 5 | Genesis Global Capital, LLC | 02/02/23 | BTC 202.958904 ETH 304.4383568 | NAME REDACTED ADDRESS REDACTED | 831 | Genesis Global Capital, LLC | 07/11/23 | 1INCH 61,798.92 / AAVE 248.6041124 / ADA 40,230,518.81 / ALGO 10,046,892.99 / BCH 46,370.833324 / BNB 342.4210573 / BSV 2,116.6926 / BTC 45,433.3258860553 / COMP 26.342002 / ETC 465,616.77 / ETH 388,024.296067887 / ETHW 194,484.53897355 / FIL 101,960.15 / FLOW 377,708.4734 / GLMR 1,675,988.70 / GUSD 1,163,366.30 / KNC 335,104.48 / LINK 33,289.6718 / MANA 2,513,236.64 / MATIC 110,469.41024 / SAND 9,872,662.65 / SNX 422,830.27 / SOL 1,354,711.36359 / TRX 178,161,600.98 / UNI 4,789.5253 / USD 334,274,839.14 / USDC 226,394,160.49 / USDT 48,392,411.90 / XLM 55,198,695.78918† |
| | Reason: The creditor asserts duplicative liability as contained within the master Ad Hoc claim. | | | | | | | | | |
| 6 | NAME REDACTED ADDRESS REDACTED | 384 | Genesis Global Capital, LLC | 05/21/23 | BTC 531.4976 ETH 2,559.7937 USD 81,923.36 | NAME REDACTED ADDRESS REDACTED | 831 | Genesis Global Capital, LLC | 07/11/23 | 1INCH 61,798.92 / AAVE 248.6041124 / ADA 40,230,518.81 / ALGO 10,046,892.99 / BCH 46,370.833324 / BNB 342.4210573 / BSV 2,116.6926 / BTC 45,433.3258860553 / COMP 26.342002 / ETC 465,616.77 / ETH 388,024.296067887 / ETHW 194,484.53897355 / FIL 101,960.15 / FLOW 377,708.4734 / GLMR 1,675,988.70 / GUSD 1,163,366.30 / KNC 335,104.48 / LINK 33,289.6718 / MANA 2,513,236.64 / MATIC 110,469.41024 / SAND 9,872,662.65 / SNX 422,830.27 / SOL 1,354,711.36359 / TRX 178,161,600.98 / UNI 4,789.5253 / USD 334,274,839.14 / USDC 226,394,160.49 / USDT 48,392,411.90 / XLM 55,198,695.78918† |
| | Reason: The creditor asserts duplicative liability as contained within the master Ad Hoc claim. | | | | | | | | | |
| 7 | NAME REDACTED ADDRESS REDACTED | 358 | Genesis Global Capital, LLC | 05/21/23 | BTC 378.4263 ETH 461.4412 USD 33,134.72 | NAME REDACTED ADDRESS REDACTED | 831 | Genesis Global Capital, LLC | 07/11/23 | 1INCH 61,798.92 / AAVE 248.6041124 / ADA 40,230,518.81 / ALGO 10,046,892.99 / BCH 46,370.833324 / BNB 342.4210573 / BSV 2,116.6926 / BTC 45,433.3258860553 / COMP 26.342002 / ETC 465,616.77 / ETH 388,024.296067887 / ETHW 194,484.53897355 / FIL 101,960.15 / FLOW 377,708.4734 / GLMR 1,675,988.70 / GUSD 1,163,366.30 / KNC 335,104.48 / LINK 33,289.6718 / MANA 2,513,236.64 / MATIC 110,469.41024 / SAND 9,872,662.65 / SNX 422,830.27 / SOL 1,354,711.36359 / TRX 178,161,600.98 / UNI 4,789.5253 / USD 334,274,839.14 / USDC 226,394,160.49 / USDT 48,392,411.90 / XLM 55,198,695.78918† |
| | Reason: The creditor asserts duplicative liability as contained within the master Ad Hoc claim. | | | | | | | | | |
| 8 | NAME REDACTED ADDRESS REDACTED | 213 | Genesis Global Holdco, LLC | 05/11/23 | USD 32,036.98 | NAME REDACTED ADDRESS REDACTED | 831 | Genesis Global Capital, LLC | 07/11/23 | 1INCH 61,798.92 / AAVE 248.6041124 / ADA 40,230,518.81 / ALGO 10,046,892.99 / BCH 46,370.833324 / BNB 342.4210573 / BSV 2,116.6926 / BTC 45,433.3258860553 / COMP 26.342002 / ETC 465,616.77 / ETH 388,024.296067887 / ETHW 194,484.53897355 / FIL 101,960.15 / FLOW 377,708.4734 / GLMR 1,675,988.70 / GUSD 1,163,366.30 / KNC 335,104.48 / LINK 33,289.6718 / MANA 2,513,236.64 / MATIC 110,469.41024 / SAND 9,872,662.65 / SNX 422,830.27 / SOL 1,354,711.36359 / TRX 178,161,600.98 / UNI 4,789.5253 / USD 334,274,839.14 / USDC 226,394,160.49 / USDT 48,392,411.90 / XLM 55,198,695.78918† |
| | Reason: The creditor asserts duplicative liability as contained within the master Ad Hoc claim. | | | | | | | | | |

1 - Conflicted Claims
†Indicates claim contains unliquidated and/or undetermined amounts

# **EXHIBIT B**

## **Kinealy Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF PAUL KINEALY
### IN SUPPORT OF DEBTORS' THIRD OMNIBUS
### OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
### PURSUANT TO 11 U.S.C § 502 AND FED. R. BANKR. P. 3007 (DUPLICATE)

I, Paul Kinealy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

### BACKGROUND

1.      I am a Senior Director at Alvarez and Marsal North America, LLC ("A&M"), the financial advisor for the above-captioned Debtors.

2.      In my capacity as Senior Director, I am authorized to submit this declaration in support of the *Debtor's Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (the "Objection").[2]

3.      I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and Books and Records and am responsible for overseeing the review and analysis of claims filed in the Debtors' Chapter 11 Cases. All facts set forth herein are based on my personal knowledge, my review or the review of employees of A&M of the Claims and other relevant

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

documents or information provided by the Debtors' employees and advisors. If I were called upon to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees of A&M, personally reviewed the Duplicate Claims (as defined below) on Exhibit 1 to the Proposed Order as part of the claims reconciliations process in these Chapter 11 Cases.

## FACTUAL BASIS OF OBJECTION

4.      Either I or one or more of the Debtors' employees or advisors operating at A&M's direction have reviewed the Claims Register, the Debtors' Books and Records, the Ad Hoc Group Statement, each of the Duplicate Claims identified on Exhibit 1 to the Proposed Order and the facts and circumstances set forth in the Objection regarding such Claims.

5.      We have determined the Duplicate Claims identified in Exhibit 1 to the Proposed Order assert amounts duplicative of those already represented in the Ad Hoc Group Master Claim. While certain of the Duplicate Claims assert amounts lower than those asserted on the same Ad Hoc Group Claimant's behalf in the Ad Hoc Group Master Claim, based on a review of the asserted basis for liability, the amounts asserted in the Ad Hoc Group Master Claim encompass those lower amounts. If the Duplicate Claims are not disallowed, the Ad Hoc Group Claimants may obtain a double recovery for the same alleged liability. Further, while one Ad Hoc Group Claimant asserted a claim amount in dollars that is higher than the corresponding amount of cryptocurrency units asserted on that Ad Hoc Group Claimant's behalf in the Ad Hoc Group Master Claim when converted to dollars, *see* Claim No. 3, we have determined from our review of the Proof of Claim and available records that this variance resulted from the incorrect conversion calculation from cryptocurrency units to dollars. The amount asserted in Claim No. 3 in cryptocurrency units is

wholly duplicative of the amount asserted on such Claimant's behalf in the Ad Hoc Group Master Claim.

6.      I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the Duplicate Claims identified in <u>Exhibit 1</u> to the Proposed Order should be disallowed in full.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on November 29, 2023          */s/ Paul Kinealy*_____
                                      Paul Kinealy