**Hearing Date and Time: January 3, 2024 at 10:00 A.M. (ET)**
**Objection Deadline: December 21, 2023 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Danielle L. Rose
Daniel J. Saval
John Conte
KOBRE & KIM
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1209

*Sole Counsel to the Debtors and*
*Debtors-in-Possession as to the*
*Conflicted Claims*

**THIS OBJECTION SEEKS TO DISALLOW AND**
**EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE**
**ATTACHED OBJECTION AND THE ATTACHMENTS**
**THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:**
**DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR KATHARINE ROSS, ESQ.,**
**KROSS@CGSH.COM, OR IF YOU FILED A CONFLICTED CLAIM, PLEASE**
**CONTACT JOHN CONTE, ESQ., JOHN.CONTE@KOBREKIM.COM**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**NOTICE OF HEARING ON DEBTORS' FOURTH OMNIBUS
OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007
(DUPLICATE, AMENDED AND NO LIABILITY)**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on November 29, 2023 the Debtors filed the *Debtors' Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate, Amended and No Liability)* (the "Fourth Omnibus Objection"). A hearing (the "Hearing") on the Fourth Omnibus Objection will be held before the Honorable Judge Sean H. Lane, United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **January 3, 2024, at 10:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order at 3.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Fourth Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **December 21, 2023, at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Fourth Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit**

---

[2]     Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**A** to the Fourth Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** copies of the Fourth Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Fourth Omnibus Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Fourth Omnibus Objection, or if you want the Court to hear your position on the Fourth Omnibus Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Fourth Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:     November 29, 2023
       New York, New York

    */s/ Luke A. Barefoot*
    Sean A. O'Neal
    Luke A. Barefoot
    Jane VanLare
    CLEARY GOTTLIEB STEEN &
    HAMILTON LLP
    One Liberty Plaza
    New York, New York 10006
    Telephone: (212) 225-2000
    Facsimile: (212) 225-3999

    *Counsel to the Debtors*
    *and Debtors-in-Possession*

    */s/ Danielle L. Rose*
    Danielle L. Rose
    Daniel J. Saval
    John Conte
    KOBRE & KIM LLP
    800 Third Avenue
    New York, New York 10022
    Telephone: (212) 488-1209

    *Sole Counsel to the Debtors*
    *and Debtors-in-Possession as to the*
    *Conflicted Claims*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

Danielle L. Rose
Daniel J. Saval
John Conte
KOBRE & KIM
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1209

*Sole Counsel to the Debtors and
Debtors-in-Possession as to the
Conflicted Claims*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR.
P. 3007 (DUPLICATE, AMENDED AND NO LIABILITY)**

**TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "FOURTH OMNIBUS OBJECTION" OR "OBJECTION"):**

- **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBITS 1, 2, 3, 4 AND 5 TO THE PROPOSED ORDER.**

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those claims listed on Exhibits 1, 2, 3, 4 and 5 (together, the "Disputed Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Objection Procedures Order") and seek entry of the Proposed Order disallowing and expunging the Disputed Claims, provided however, that for each of the Disputed Claims that are Duplicate Claims, Amended Claims or Multi-Debtor Claims (as defined herein), the Debtors have identified a surviving claim asserting the same liability, the claim number of which is identified in Exhibits 1, 2 and 3 to the Proposed Order in the column labeled "Surviving Claim" (collectively, the "Surviving Claims"). In support of this Objection, the Debtors submit the *Declaration of Paul Kinealy in Support of the Debtors' Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate, Amended and No Liability)* (the "Kinealy

Declaration"), attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## BACKGROUND

### A.    Debtors' Business and Procedural History

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc.  Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and*

3

*Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (together, the "First Day Declarations").[2]

3.       On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4.       On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

5.       On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

---

[2]       Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

6.     The General Bar Date passed on May 22, 2023.  As of November 27, 2023, 1,191 proofs of claim have been filed against the Debtors.

**B.     The Claims Resolution Process**

7.     In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

8.     The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694) (the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors.  The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents).  The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

9.     The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance.  To reduce the number of Claims, and to avoid possible double recovery or otherwise improper recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of

the Debtors' upcoming solicitation, the Debtors will continue to file omnibus objections to such categories of claims if and where warranted. This Objection is one such omnibus objection. With respect to one particular claim—Proof of Claim No. 44 (the "Conflicted Claim")—that Claimant must direct their Response (as defined below) or any other of their communications to Kobre & Kim LLP, as sole counsel to the Debtors with respect to the Conflicted Claim.

10.    On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors submit that this Objection and the notice provided to the Gemini Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

**RELIEF REQUESTED**

11.    For the reasons set forth below, the Debtors object to each of the Disputed Claims. By this Objection, the Debtors respectfully request that the Court enter the Proposed Order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing in full each of the Disputed Claims.

12.    The Debtors and/or their advisors have reviewed the Claims Register and each of the Disputed Claims. Based on this review, the Debtors have determined that each of the Disputed Claims identified in Exhibits 1, 2, 3, 4, and 5 to the Proposed Order is subject to disallowance on one or more of the following grounds: (i) the Disputed Claims are duplicative of the amount asserted by the same Creditor in another Claim ("Duplicate Claims"); (ii) the Disputed Claims have been amended and superseded by one or more claims subsequently filed by, or on behalf of, the same claimant in respect of the same liabilities ("Amended Claims"); (iii) the Disputed Claims are improperly asserted against multiple Debtors ("Multi-Debtor Claims"); (iv) the Disputed Claims are inconsistent with or contradict the Debtors' Books and Records ("No Books and

Records Claims"); and/or (v) the Disputed Claims assert ownership of equity interests and are not in fact Claims against the Debtors (the "No Liability Claim"). If the Disputed Claims are not disallowed, the Claimants subject to this objection may obtain double recovery for the same alleged liability. By this Objection, the Debtors seek disallowance of each of the Disputed Claims in order to limit each Claimant subject to this Objection to a single claim against the relevant Debtor's estate arising from the same alleged liability.[3]

13.     For each of the Disputed Claims that are Duplicate Claims, Amended Claims, or Multi-Debtor Claims, the Debtors have identified a surviving claim that asserts the same liability and that is identified in Exhibit 1, 2, or 3, as applicable. The Surviving Claims will be unaffected by the relief requested in this Objection (subject to the Debtors' right to assert additional objections and defenses to the allowance of each such claim) and each affected Claimant's right to assert these liabilities through the Surviving Claim against the Debtors' estates will be preserved, subject to the Debtors' reservations of their rights to object to the Surviving Claims and other claims on all grounds, whether legal, factual, procedural, substantive or non-substantive. Accordingly, each of the Disputed Claims should be disallowed in full.

## BASIS FOR RELIEF

14.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019). Where the claimant alleges

---

[3]     Further, the Disputed Claims marked with an asterisk on Exhibits 1, 3, and 4 to the Proposed Order were filed after the General Bar Date. Pursuant to section 502(b) of the Bankruptcy Code, a claimant's failure to timely file a proof of claim provides an additional, independent basis for disallowance of that claim. *See* 11 U.S.C. § 502(b). Bankruptcy Rule 3007 also expressly allows a debtor to file an omnibus objection to claims on the basis that "they were not timely filed." *See* Fed. R. Bankr. Pro. 3007. To the extent that the Disputed Claims were filed after the General Bar Date, such Claims are untimely and should also be disallowed and expunged on that basis. *See, e.g., In re Roman Catholic Diocese of Rockville Centre, N.Y.*, Case No. 20-12345 (MG), 2023 WL 4497418, at *12 (Bankr. S.D.N.Y. July 1, 2023) (disallowing late-filed claims); *In re Ditech Holding Corp.*, Case No. 19-10412 (JLG), 2023 WL 3265089, at *15 (Bankr. S.D.N.Y. May 4, 2023) (same).

sufficient facts to support its claim, its claim is afforded prima facie validity. *See id.* A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

15.    Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007(d) and the Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim on non-substantive bases, such as because such claims "duplicate other claims" (Fed. R. Bankr. P. 3007(d)(1)), because such claims are "inconsistent with or contradict[] the Debtors' books and records[,]" "fail[] to sufficiently specify the basis for the claim[,]" or "assert[] amounts inconsistent with the terms of the applicable master lending agreement with such claimant." Claims Objection Procedures Order ¶ 1(a)(i), (v), (xv).

### A. Duplicate Claims

16.    Pursuant to Bankruptcy Rule 3007(d)(1), the Debtors are permitted to file an omnibus objection to Claims to the extent that they are duplicative of other Claims. The Debtors cannot be required to pay the same claim multiple times. *See, e.g.*, *Phelan v. Local 305 of United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. of U.S. & Can.*, 973 F.2d 1050, 1063 (2d Cir. 1992) (articulating the general principal that "[a] plaintiff may not recover twice for the same injury"). Courts in this district therefore routinely disallowed and expunged claims filed against the same debtor that are duplicates of other claims. *See, e.g. Order, In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 5, 2021) (ECF No. 2308)

(disallowing duplicate bond claims); Order, *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. Mar. 21, 2023) (ECF No. 2288) (disallowing and expunging duplicate claims); Order, *In re Groupo Aeroméxico, S.A.B. de C.V.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. May 19, 2021) (ECF No. 1208) (same); Order, *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Jul. 26, 2021) (ECF No. 1936) (disallowing and expunging claims duplicative of the master proof of claim filed by an indenture trustee on claimants' behalf); *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. July 9, 2020) (ECF No. 8278) (disallowing and expunging duplicative claims); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2016) (ECF No. 3135) (same).

## B. Amended Claims

17.     Bankruptcy Rule 3007(d) permits the Debtors to file objections to more than one claim on the basis that, among other things, such claims "have been amended by subsequently filed proofs of claim."  Fed. R. Bankr. P. 3007(d)(3).  As explained above, *see supra* Section A, the Debtors cannot be required to pay the same claim multiple times.  Accordingly, courts have routinely disallowed and expunged claims filed against the same debtor that have been amended and superseded by other claims.  *See, e.g. In re Groupo Aeroméxico, S.A.B. de C.V.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. Nov. 16, 2021) (ECF No. 2139) (disallowing and expunging amended claims); *In re LATAM Airlines Grp. S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. Dec. 22, 2020) (ECF No. 1525) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Nov. 13, 2017) (ECF No. 1493) (same); *In re Republic Airways Holdings*, Case No. 16-10429 (SHL) Bankr. S.D.N.Y. Sept. 22, 2016) (ECF No. 1037) (same); *In re The Great Atl. &*

*Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2016) (ECF No. 2601) (same).[4]

### C. Multi-Debtor Claims

18.      The Claims Objection Procedures Order permits the Debtors to file an omnibus objection to claims "improperly filed against multiple Debtors" where only a single Debtor is potentially liable.  Claims Objection Procedures Order ¶ 1(a)(viii).

19.      Courts in this district have previously disallowed and expunged claims filed against a debtor where such debtor has determined, after a thorough review and analysis of its Books and Records and the supporting documentation provided, it is not liable.  *See, e.g.* Order*, In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. August 2, 2021) (ECF No. 2846) (disallowing and expunging claims asserting amounts for which the debtors could find no support in their books and records and which were improperly asserted against multiple debtors); Order, *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Jul. 19, 2022) (ECF No. 2598) (disallowing and expunging claims asserting amounts for which the debtors could find no support in their books and records and which otherwise failed to provide sufficient supporting documentation); *In re Nine West Holdings, Inc.*, Case No. 18-10847 (SCC) (Bankr. S.D.N.Y. May 21, 2019) (ECF No. 1483) (disallowing and expunging no liability claims); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Nov. 13, 2017) (ECF No. 1889) (same).

---

[4]      The Debtors note that that by acknowledging these amended claims they do not concede that they in-fact relate-back to the claims they attempt to supersede.  The Debtors reserve all rights to object to the Disputed Claims on the basis of relation-back, and any other bases, at a later date.

### D. No Books and Records Claims

20.     The Claims Objection Procedures Order permits the Debtors to file an omnibus

objection to claims that "seek recovery of amounts for which the Debtors are not liable."  Claims

Objection Procedures Order ¶ 1(a)(iii).

21.     Courts in this district have previously disallowed and expunged claims filed

against a debtor where such debtor has determined, after a thorough review and analysis of its

Books and Records and the supporting documentation provided, it is not liable.  *See, e.g.*, Order*,

In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. January 2, 2022) (ECF

No. 3997); *see also In re Sunedison, Inc.,* Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Jan. 20,

2021) (ECF No. 6362) (disallowing and expunging no liability claims); *In re Nine West

Holdings, Inc*., Case No. 18-10847 (SCC) (Bankr. S.D.N.Y. May 21, 2019) (ECF No. 1483)

(same); *In re Avaya Inc.* Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Nov. 13, 2017) (ECF No.

1889) (same).

### E. No Liability Claim

22.     Bankruptcy Rule 3007(d)(7) states that a debtor may object to claims on an

omnibus basis if such purported claims are "interests, rather than claims."  Fed. R. Bankr. P.

3007(d)(7).  Holders of equity securities, such as shares of stock, do not have "claims" under

Bankruptcy Code section 101(5), but rather equity interests.  *See In re Motors Liquidation Co.*,

Case No. 09-50026 (REG), 11 Civ. 8444 (RJS), 2012 WL 1886755, at *4 (S.D.N.Y. May 21,

2012) (internal quotations omitted) ("[S]imply put, an equity interest is not a claim against the

debtor for which the equity holder may assert a right to payment by filing a proof of claim."); *In

re Insilco Techs., Inc.*, 480 F.3d 212, 218 (3rd Cir. 2007) ("[an] equity investment[] . . . is not a

claim at all"); *In re Hedged-Invs. Assocs.*, 84 F.3d 1267, 1272 (10th Cir. 1996) ("Simply put, an equity interest is not a claim against the debtor").

23.     The Bankruptcy Code defines an "equity security" as a:

(a)     share in a corporation, whether or not transferable or denominated "stock", or similar security;

(b)     interest of a limited partner in a limited partnership; or

(c)     warrant or right, other than a right to convert, to purchase, sell or subscribe to a share, security or interest of a kind specified in subparagraph (A) or (B) of this paragraph.

11 U.S.C. § 101(16).

## OBJECTION

24.     The Debtors object to the Disputed Claims identified in Exhibits 1, 2, 3, 4, and 5 to the Proposed Order and respectfully request that they be disallowed in full on the grounds that they (i) are duplicative of the amount asserted by the same Creditor in another Claim; (ii) have been amended and superseded by one or more Claims subsequently filed by, or on behalf of, the same claimant in respect of the same liabilities; (iii) are improperly asserted against multiple Debtors where only a single Debtor is potentially liable; (iv) are inconsistent with or contradict the Debtors' Books and Records; or (v) assert ownership of equity interests rather than a Claim against the Debtors.

25.     The Debtors and/or their advisors have reviewed the Claims Register, the Disputed Claims, and the Debtors' Books and Records.  *See* Ex. B, Kinealy Decl. ¶ 4.  Through this review, the Debtors have determined, with the help of Alvarez and Marsal North America LLC ("A&M"), the Debtors' financial advisor, that: (i) the Duplicate Claims identified in Exhibit 1 to the Proposed Order were filed by the relevant Creditor based on the same asserted obligations as the

corresponding Surviving Claim; (ii) the Amended Claims identified in <u>Exhibit 2</u> to the Proposed Order are duplicative of the amended Surviving Claims, which amended and thus superseded the relevant originally-filed Duplicate Claim; (iii) the Multi-Debtor Claims identified in <u>Exhibit 3</u> to the Proposed Order were improperly filed against multiple Debtors where only a single Debtor is potentially liable; (iv) the No Books and Records Claims identified on <u>Exhibit 4</u> to the Proposed Order are inconsistent with or contradict the Debtors' Books and Records; and (v) the No Liability Claim identified on <u>Exhibit 5</u> does not assert any claim at all, but rather asserts ownership of equity interests and as such the Debtors are not liable. *See also* Ex. B, Kinealy Decl. ¶ 5-9. Specifically, with regard to the No Liability Claim, the Debtors and/or their advisors reviewed the proof of claim, which included supporting information demonstrating that the No Liability Claim was filed on the basis of twelve shares held by the claimant in DCG, and therefore determined the claim asserts an equity interest in DCG shares rather than a valid claim against the Debtors. *See also* Ex. B, Kinealy Decl. ¶ 9.

26.    For the reasons set forth above, the Disputed Claims addressed in this Objection do not meet the standards for prima facie validity and, to avoid impermissible multiple recoveries, the Debtors request that the Court disallow and expunge each of the Disputed Claims in its entirety.

## SEPARATE CONTESTED MATTERS

27.    To the extent that a response is filed regarding any Disputed Claim listed in this Objection and the Debtors are unable to resolve the response, such Disputed Claim and the Objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding this Objection shall be deemed a separate order with respect to each Disputed Claim.

## RESPONSES TO OMNIBUS OBJECTION

28.    To contest this Objection, a Claimant must file and serve a written response to this

Objection (a "Response") so that it is received no later than **4:00 P.M.** (prevailing Eastern Time)

on **December 21, 2023** (the "Response Deadline").  Every Response must be filed electronically

with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the

"Docket") and served upon the following entities so that the Response is received no later than the

Response Deadline, at the following addresses:

>  Cleary Gottlieb Steen & Hamilton LLP
>  One Liberty Plaza
>  New York, New York 10006
>  Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.
>  soneal@cgsh.com, lbarefoot@cgsh.com, and jvanlare@cgsh.com
>
>  -and-
>
>  Kobre & Kim LLP
>  800 Third Avenue
>  New York, New York 10022
>  Attn:  Danielle L. Rose, Esq., Daniel J. Saval, Esq., and John Conte, Esq.
>  Danielle.Rose@kobrekim.com, Daniel.Saval@kobrekim.com,
>  John.Conte@kobrekim.com
>
>  -and-
>
>  Genesis Global Holdco, LLC
>  175 Greenwich St., 38th Fl.
>  New York, NY 10007
>  Attn: Arianna Pretto-Sakmann
>  Arianna@Genesistrading.com
>
>  -and-
>
>  White & Case LLP
>  1221 Avenue of the Americas
>  New York, NY 10020
>  Attn: Philip Abelson, Esq.
>  philip.abelson@whitecase.com
>
>  -and-

> Bankruptcy Court of the Southern District of New York
> Chambers of Judge Sean H. Lane
> 300 Quarropas Street
> White Plains, NY 10610
> Attn: Chambers of Judge Sean H. Lane

29.    Every Response to this Objection must contain, at minimum, the following information:

> a.    A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.    The name of the Claimant and description of the basis for the claim;
>
> c.    The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;
>
> d.    A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection
>
> e.    Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);
>
> f.    The address(es) to which the Debtors must return any reply to the Response, if different from that presented in the Proof of Claim; and
>
> g.    The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

30.    If an Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the Disputed Claim, without further notice to the Claimant or a hearing.

31.    The Claimant that filed the Conflicted Claim shall direct their Responses and any other of its communications to Kobre & Kim LLP, as sole counsel to the Debtors with respect to the Conflicted Claim.

## REPLIES TO RESPONSES

32.      The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

33.      The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

34.      The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Disputed Claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to each of the Disputed Claims identified in Exhibits 1, 2, 3, 4 and 5 to the Proposed Order.  The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the Disputed Claims set forth on Exhibits 1, 2, 3, 4 and 5 at a later time, to the extent consistent with the Claims Objection Procedures Order.

35.      Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance

actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

## NOTICE

36.    The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

37.    No prior request for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left blank intentionally]*

## CONCLUSION

WHEREFORE, for the reasons set forth herein the Debtors respectfully request

that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just

and proper.

| | | |
|---|---|---|
| Dated: | November 29, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession*<br><br>*/s/ Danielle L. Rose*<br>Danielle L. Rose<br>Daniel J. Saval<br>John Conte<br>KOBRE & KIM<br>800 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 488-1209<br><br>*Sole Counsel to the Debtors*<br>*and Debtors-in-Possession as to the*<br>*Conflicted Claims* |

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' FOURTH**
**OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO**
**CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED.**
**R. BANKR. P. 3007 (DUPLICATE, AMENDED AND NO LIABILITY)**

Upon the *Debtors' Fourth Omnibus Objection (Non-Substantive) to Certain Claims*

*Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate, Amended and No Liability)*

(the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting

entry of an order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007

disallowing and expunging in full each of the Disputed Claims identified on Exhibits 1, 2, 3, 4 and

5 attached hereto (the "Order"); and upon the *Declaration of Paul Kinealy in Support of Debtors'*

*Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and*

*Fed. R. Bankr. P. 3007 (Duplicate, Amended and No Liability)*, attached to the Objection as Exhibit

B; and upon all other documentation filed in connection with the Objection and the Disputed

Claims; and adequate notice of the Objection having been given as set forth in the Objection; and

it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the Disputed Claims identified on Exhibits 1, 2, 3, 4 and 5 attached hereto.

2.      Each of the Disputed Claims identified on Exhibits 1, 2, 3, 4 and 5 is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.      The Surviving Claims will be unaffected by this Order (subject to the Debtors' right to assert additional objections and defenses to the allowance of such claims), and the affected Claimants' right to assert these liabilities to the extent they are reflected in the Surviving Claims will be preserved, subject to the Debtors' reservations of their rights to object to the Surviving Claims and other claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

4.      This Order shall be deemed a separate Order with respect to each of the Disputed Claims identified on Exhibits 1, 2, 3, 4 and 5. Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

6.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors to dispute any Claim against any Debtor on any grounds whatsoever at a later date,

(iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors under the Bankruptcy Code or any other applicable law.

7.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
       White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Duplicate Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Fourth Omnibus Objection**
**Exhibit 1 - Duplicate**

| | | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | |
|---|---|---|---|---|---|---|---|---|---|---|
| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | NAME & ADDRESS | CLAIM # | REMAINING DEBTOR | DATE FILED | TOTAL REMAINING IN KIND AMOUNT |
| 1 | NAME REDACTED[1] ADDRESS REDACTED | 44 | Genesis Global Holdco, LLC | 03/23/23 | USD 2,555,320.59 | NAME REDACTED[1] ADDRESS REDACTED | 45 | Genesis Global Holdco, LLC | 03/22/23 | USD 2,555,320.59 |
| | *Reason: Claim number 44 is duplicative of liabilities asserted in claim number 45.* | | | | | | | | | |
| 2 | NAME REDACTED ADDRESS REDACTED | 401 | Genesis Global Capital, LLC | 05/22/23 | BTC 15,407.85 ETH 20,000.00 USDT 150,000,000.00† | NAME REDACTED ADDRESS REDACTED | 403 | Genesis Global Capital, LLC | 05/22/23 | BTC 15,407.85 ETH 20,000.00 USDT 150,000,000.00† |
| | *Reason: Claim number 401 is duplicative of liabilities asserted in claim number 403.* | | | | | | | | | |
| 3 | NAME REDACTED ADDRESS REDACTED | 41 | Genesis Global Holdco, LLC | 03/17/23 | USD 32,036.98 | NAME REDACTED ADDRESS REDACTED | 213 | Genesis Global Holdco, LLC | 05/11/23 | USD 32,036.98 |
| | *Reason: Claim number 41 is duplicative of liabilities asserted in claim number 213.* | | | | | | | | | |
| 4 | NAME REDACTED ADDRESS REDACTED | 310 | Genesis Global Capital, LLC | 05/17/23 | BTC 13.69907737 ETH 82.98657248 ETHW 82.98657248 MANA 151,634.898889397 USDC 1,663.57† | NAME REDACTED ADDRESS REDACTED | 311 | Genesis Global Capital, LLC | 05/17/23 | BTC 19.46910416 ETH 82.98657248 ETHW 82.98657248 MANA 151,634.898889397 USDC 1,663.57† |
| | *Reason: Claim number 310 is duplicative of liabilities asserted in claim number 311.* | | | | | | | | | |
| 5 | NAME REDACTED ADDRESS REDACTED | 327 | Genesis Global Capital, LLC | 05/18/23 | USDC 10,177,808.20 XLM 36,521,753.42† | NAME REDACTED ADDRESS REDACTED | 349 | Genesis Global Capital, LLC | 05/19/23 | USDC 10,177,808.20 XLM 36,521,753.42† |
| | *Reason: Claim number 327 is duplicative of liabilities asserted in claim number 349.* | | | | | | | | | |
| 6 | NAME REDACTED ADDRESS REDACTED | 459 | Genesis Global Capital, LLC | 05/22/23 | BTC 475.00 USD 10,067,150.00† | NAME REDACTED ADDRESS REDACTED | 491 | Genesis Global Capital, LLC | 05/22/23 | BTC 475.00 USD 10,067,150.00† |
| | *Reason: Claim number 459 is duplicative of liabilities asserted in claim number 491.* | | | | | | | | | |
| 7 | NAME REDACTED ADDRESS REDACTED | 983 | Genesis Global Holdco, LLC | 08/18/2023* | USD 19.60† | NAME REDACTED ADDRESS REDACTED | 985 | Genesis Global Holdco, LLC | 08/18/2023* | USD 42.57† |
| | *Reason: Claim number 983 is duplicative of liabilities asserted in claim number 985.* | | | | | | | | | |

1 - Conflicted Claims
†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

## **EXHIBIT 2**

**Amended Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Fourth Omnibus Objection**
**Exhibit 2 - Amended**

| | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | |
|---|---|---|---|---|---|---|---|---|---|
| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | NAME & ADDRESS | CLAIM # | REMAINING DEBTOR | DATE FILED | TOTAL REMAINING IN KIND AMOUNT |
| 1 | NAME REDACTED ADDRESS REDACTED | 447 | Genesis Global Capital, LLC | 05/22/23 | 1INCH 61,798.92 AAVE 248.6041124 ADA 40,230,518.81 ALGO 10,046,892.99 BCH 46,370.833324 BNB 342.4210573 BSV 2,116.6926 BTC 45,419.7956936563 COMP 26.342002 ETC 465,616.77 ETH 382,158.343852547 ETHW 194,476.75897355 FIL 101,960.15 FLOW 377,708.4734 GLMR 1,675,988.70 GUSD 1,163,366.30 KNC 335,104.48 LINK 33,289.6718 MANA 2,513,236.64 MATIC 110,469.41024 SAND 9,872,662.65 SNX 422,830.27 SOL 1,354,711.36359 TRX 178,161,600.98 UNI 4,789.5253 USD 333,220,250.02 USDC 234,026,204.19 USDT 48,441,087.99 XLM 55,198,695.7891† | NAME REDACTED ADDRESS REDACTED | 831 | Genesis Global Capital, LLC | 07/11/23 | 1INCH 61,798.92 AAVE 248.6041124 ADA 40,230,518.81 ALGO 10,046,892.99 BCH 46,370.833324 BNB 342.4210573 BSV 2,116.6926 BTC 45,433.3258860553 COMP 26.342002 ETC 465,616.77 ETH 388,024.29606787887 ETHW 194,484.53897355 FIL 101,960.15 FLOW 377,708.4734 GLMR 1,675,988.70 GUSD 1,163,366.30 KNC 335,104.48 LINK 33,289.6718 MANA 2,513,236.64 MATIC 110,469.41024 SAND 9,872,662.65 SNX 422,830.27 SOL 1,354,711.36359 TRX 178,161,600.98 UNI 4,789.5253 USD 334,274,839.14 USDC 226,394,160.49 USDT 48,392,411.90 XLM 55,198,695.7891† |
| 2 | NAME REDACTED ADDRESS REDACTED | 51 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 04/11/23 | USD 7,197,893.82 | NAME REDACTED ADDRESS REDACTED | 208 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 05/10/23 | USD 7,366,801.41 |
| | *Reason: Amended and superseded by a later filed Proof of Claim.* | | | | | | | | | |
| 3 | NAME REDACTED ADDRESS REDACTED | 298 | Genesis Global Capital, LLC | 05/17/23 | ETH 1,000.00 USD 1,016.33 | NAME REDACTED ADDRESS REDACTED | 318 | Genesis Global Holdco, LLC | 05/18/23 | ETH 1,000.00†† |
| | *Reason: Amended and superseded by a later filed Proof of Claim.* | | | | | | | | | |
| 4 | NAME REDACTED ADDRESS REDACTED | 300 | Genesis Global Holdco, LLC | 05/17/23 | ETH 1,000.00 USD 1,016.33 | NAME REDACTED ADDRESS REDACTED | 318 | Genesis Global Holdco, LLC | 05/18/23 | ETH 1,000.00† |
| | *Reason: Amended and superseded by a later filed Proof of Claim.* | | | | | | | | | |
| 5 | NAME REDACTED ADDRESS REDACTED | 19 | Genesis Global Holdco, LLC | 02/27/23 | USD 36,130.53 | NAME REDACTED ADDRESS REDACTED | 636 | Genesis Global Holdco, LLC | 06/01/23 | USD 36,313.34 USDC 36,313.34 |
| 6 | NAME REDACTED ADDRESS REDACTED | 437 | Genesis Global Capital, LLC | 05/22/23 | USD 78,544,551.45 | NAME REDACTED ADDRESS REDACTED | 939 | Genesis Global Capital, LLC | 07/31/23 | ETHW 38.00 USD 78,603,426.04 |
| | *Reason: Amended and superseded by a later filed Proof of Claim.* | | | | | | | | | |
| 7 | NAME REDACTED ADDRESS REDACTED | 65 | Genesis Global Capital, LLC | 04/12/23 | LUNC 351,937.50† | NAME REDACTED ADDRESS REDACTED | 55 | Genesis Global Capital, LLC | 04/13/23 | LUNC 351,937.50† |
| | *Reason: Amended and superseded by a later filed Proof of Claim.* | | | | | | | | | |
| 8 | NAME REDACTED ADDRESS REDACTED | 514 | Genesis Global Capital, LLC | 05/22/23 | USD 617,257.29† | NAME REDACTED ADDRESS REDACTED | 810 | Genesis Global Capital, LLC | 07/07/23 | USD 669,552.00† |
| | *Reason: Amended and superseded by a later filed Proof of Claim.* | | | | | | | | | |
| 9 | NAME REDACTED ADDRESS REDACTED | 59 | Genesis Global Capital, LLC | 04/11/23 | BTC 7.24854648 USD 1,197,612.78 | NAME REDACTED ADDRESS REDACTED | 1060 | Genesis Global Capital, LLC | 09/27/23 | BTC 7.2873204318789 USD 1,214,222.77560461† |
| | *Reason: Amended and superseded by a later filed Proof of Claim.* | | | | | | | | | |
| 10 | NAME REDACTED ADDRESS REDACTED | 399 | Genesis Global Capital, LLC | 05/22/23 | BTC 15,407.85 ETH 20,000.00 USTC 150,000,000.00† | NAME REDACTED ADDRESS REDACTED | 403 | Genesis Global Capital, LLC | 05/22/23 | BTC 15,407.85 ETH 20,000.00 USDT 150,000,000.00† |
| | *Reason: Amended and superseded by a later filed Proof of Claim.* | | | | | | | | | |
| 11 | NAME REDACTED ADDRESS REDACTED | 4 | Genesis Global Capital, LLC | 02/02/23 | USD 1,157,872.44† | NAME REDACTED ADDRESS REDACTED | 135 | Genesis Global Capital, LLC | 04/24/23 | BTC 50.00 USD 1,157,872.44 |
| | *Reason: Amended and superseded by a later filed Proof of Claim.* | | | | | | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts

## **EXHIBIT 3**

**Multi-Debtor Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Fourth Omnibus Objection**
**Exhibit 3 - Multi-Debtor**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED** | | | | **SURVIVING CLAIMS** | | | | |
| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | NAME & ADDRESS | CLAIM # | REMAINING DEBTOR | DATE FILED | TOTAL REMAINING IN KIND AMOUNT |
| 1 | NAME REDACTED ADDRESS REDACTED | 97 | Genesis Global Holdco, LLC | 04/19/23 | BTC 1,000.19† | NAME REDACTED ADDRESS REDACTED | 1134 | Genesis Global Capital, LLC | 10/27/2023* | BTC 1,000.19† |
| | Reason: Claim number 97 is duplicative of liabilities asserted in claim number 1134 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 2 | NAME REDACTED ADDRESS REDACTED | 350 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 05/19/23 | BTC 40.15342466 USD 3,999,980.00† | NAME REDACTED ADDRESS REDACTED | 341 | Genesis Global Capital, LLC | 05/19/23 | BTC 40.15342466 USD 3,999,980.00† |
| | Reason: Claim number 350 is duplicative of liabilities asserted in claim number 341 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 3 | NAME REDACTED ADDRESS REDACTED | 352 | Genesis Global Holdco, LLC | 05/19/23 | BTC 40.15342466 USD 3,999,980.00† | NAME REDACTED ADDRESS REDACTED | 341 | Genesis Global Capital, LLC | 05/19/23 | BTC 40.15342466 USD 3,999,980.00† |
| | Reason: Claim number 352 is duplicative of liabilities asserted in claim number 341 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 4 | NAME REDACTED ADDRESS REDACTED | 450 | Genesis Global Holdco, LLC | 05/22/23 | HNT 100,000.50 USD 297,191.49† | NAME REDACTED ADDRESS REDACTED | 435 | Genesis Global Capital, LLC | 05/22/23 | HNT 100,000.05 USD 297,191.49 |
| | Reason: Claim number 450 is duplicative of liabilities asserted in claim number 435 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 5 | NAME REDACTED ADDRESS REDACTED | 534 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 05/22/23 | HNT 100,000.50 USD 297,191.49 | NAME REDACTED ADDRESS REDACTED | 435 | Genesis Global Capital, LLC | 05/22/23 | HNT 100,000.05 USD 297,191.49 |
| | Reason: Claim number 534 is duplicative of liabilities asserted in claim number 435 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 6 | NAME REDACTED ADDRESS REDACTED | 12 | Genesis Global Holdco, LLC | 02/13/23 | USD 164,165.88 | NAME REDACTED ADDRESS REDACTED | 16 | Genesis Global Capital, LLC | 02/13/23 | USD 164,165.88 |
| | Reason: Claim number 12 is duplicative of liabilities asserted in claim number 16 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 7 | NAME REDACTED ADDRESS REDACTED | 274 | Genesis Global Holdco, LLC | 05/15/23 | USD 250,000.00 | NAME REDACTED ADDRESS REDACTED | 363 | Genesis Global Capital, LLC | 05/20/23 | USD 250,000.00 |
| | Reason: Claim number 274 is duplicative of liabilities asserted in claim number 363 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 8 | NAME REDACTED ADDRESS REDACTED | 368 | Genesis Global Holdco, LLC | 05/20/23 | USD 250,000.00 | NAME REDACTED ADDRESS REDACTED | 363 | Genesis Global Capital, LLC | 05/20/23 | USD 250,000.00 |
| | Reason: Claim number 368 is duplicative of liabilities asserted in claim number 363 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 9 | NAME REDACTED ADDRESS REDACTED | 207 | Genesis Global Holdco, LLC | 05/08/23 | BTC 50.6512328666367† | NAME REDACTED ADDRESS REDACTED | 205 | Genesis Global Capital, LLC | 05/08/23 | BTC 50.6512328666367† |
| | Reason: Claim number 207 is duplicative of liabilities asserted in claim number 205 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 10 | NAME REDACTED ADDRESS REDACTED | 555 | Genesis Global Holdco, LLC | 05/26/2023* | USD 1,900.00 | NAME REDACTED ADDRESS REDACTED | 557 | Genesis Global Capital, LLC | 05/26/2023* | USD 1,900.00 |
| | Reason: Claim number 555 is duplicative of liabilities asserted in claim number 557 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 11 | NAME REDACTED ADDRESS REDACTED | 14 | Genesis Global Holdco, LLC | 02/13/23 | BTC 2.49893037 USD 57,465.40 | NAME REDACTED ADDRESS REDACTED | 211 | Genesis Global Capital, LLC | 05/09/23 | BTC 2.49893037† |
| | Reason: Claim number 14 is duplicative of liabilities asserted in claim number 211 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |
| 12 | NAME REDACTED ADDRESS REDACTED | 272 | Genesis Global Holdco, LLC | 05/15/23 | BTC 35.0258508166526 SOL 1,583.00† | NAME REDACTED ADDRESS REDACTED | 265 | Genesis Global Capital, LLC | 05/15/23 | BTC 35.0258508166526 SOL 1,583.00† |
| | Reason: Claim number 272 is duplicative of liabilities asserted in claim number 265 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC. | | | | | | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Fourth Omnibus Objection**
**Exhibit 3 - Multi-Debtor**

| # | | CLAIMS TO BE DISALLOWED | | | | | SURVIVING CLAIMS | | |
| | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | NAME & ADDRESS | CLAIM # | REMAINING DEBTOR | DATE FILED | TOTAL REMAINING IN KIND AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|
| 13 | NAME REDACTED ADDRESS REDACTED | 98 | Genesis Global Holdco, LLC | 04/19/23 | USD 2,109,682.66 | NAME REDACTED ADDRESS REDACTED | 1128 | Genesis Global Capital, LLC | 10/26/2023* | USD 2,109,682.66 |
| | *Reason: Claim number 98 is duplicative of liabilities asserted in claim number 1128 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC.* | | | | | | | | | |
| 14 | NAME REDACTED ADDRESS REDACTED | 313 | Genesis Global Holdco, LLC | 05/17/23 | USDC 236,199.988282† | NAME REDACTED ADDRESS REDACTED | 314 | Genesis Global Capital, LLC | 05/17/23 | USDC 236,199.988282† |
| | *Reason: Claim number 313 is duplicative of liabilities asserted in claim number 314 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC.* | | | | | | | | | |
| 15 | NAME REDACTED ADDRESS REDACTED | 309 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 05/17/23 | USDC 236,199.988282† | NAME REDACTED ADDRESS REDACTED | 314 | Genesis Global Capital, LLC | 05/17/23 | USDC 236,199.988282† |
| | *Reason: Claim number 309 is duplicative of liabilities asserted in claim number 314 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC.* | | | | | | | | | |
| 16 | NAME REDACTED ADDRESS REDACTED | 339 | Genesis Global Holdco, LLC | 05/19/23 | USDC 53,695.31† | NAME REDACTED ADDRESS REDACTED | 340 | Genesis Global Capital, LLC | 05/19/23 | USDC 53,695.31† |
| | *Reason: Claim number 339 is duplicative of liabilities asserted in claim number 340 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC.* | | | | | | | | | |
| 17 | NAME REDACTED ADDRESS REDACTED | 602 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 06/01/2023* | ETH 6.0343699 LINK 177.38202564† | NAME REDACTED ADDRESS REDACTED | 601 | Genesis Global Capital, LLC | 06/01/2023* | ETH 6.0343699 LINK 177.38202564† |
| | *Reason: Claim number 602 is duplicative of liabilities asserted in claim number 601 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC.* | | | | | | | | | |
| 18 | NAME REDACTED ADDRESS REDACTED | 600 | Genesis Global Holdco, LLC | 06/01/2023* | ETH 6.0343699 LINK 177.38202564† | NAME REDACTED ADDRESS REDACTED | 601 | Genesis Global Capital, LLC | 06/01/2023* | ETH 6.0343699 LINK 177.38202564† |
| | *Reason: Claim number 600 is duplicative of liabilities asserted in claim number 601 and the Debtors' books and records indicate that this claim should properly be asserted against Genesis Global Capital, LLC.* | | | | | | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

## **EXHIBIT 4**

**No Books and Records Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Fourth Omnibus Objection**
**Exhibit 4 - No Books and Records**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 1 | NAME REDACTED<br>ADDRESS REDACTED | 1072 | Genesis Global Holdco, LLC | 09/30/2023* | USD 462.16 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 2 | NAME REDACTED<br>ADDRESS REDACTED | 601 | Genesis Global Capital, LLC | 06/01/2023* | ETH 6.0343699<br>LINK 177.38202564† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 3 | NAME REDACTED<br>ADDRESS REDACTED | 945 | Genesis Global Holdco, LLC | 08/04/2023* | DOGE 40.00† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 4 | NAME REDACTED<br>ADDRESS REDACTED | 750 | Genesis Global Holdco, LLC | 06/29/2023* | DOGE 6,022.00<br>ETH 1.083<br>LRC 262.00<br>USD 2,600.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 5 | NAME REDACTED<br>ADDRESS REDACTED | 757 | Genesis Global Capital, LLC | 07/01/2023* | AAVE 18.293<br>BTC 0.12633991<br>ETH 3.16134161<br>FIL 33.01<br>GRT 3,412.42<br>LINK 11.2963<br>USD 11,733.95 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 6 | NAME REDACTED<br>ADDRESS REDACTED | 595 | Genesis Global Capital, LLC | 05/31/2023* | USD 30,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 7 | NAME REDACTED<br>ADDRESS REDACTED | 985 | Genesis Global Holdco, LLC | 08/18/2023* | USD 42.57† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

### Genesis Global Holdco, LLC Case No. 23-10063
### Fourth Omnibus Objection
### Exhibit 4 - No Books and Records

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 8 | NAME REDACTED ADDRESS REDACTED | 497 | Genesis Global Holdco, LLC | 05/22/23 | USD 350,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 9 | NAME REDACTED ADDRESS REDACTED | 803 | Genesis Global Holdco, LLC | 07/06/2023* | USD 500,000.00† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 10 | NAME REDACTED ADDRESS REDACTED | 421 | Genesis Global Holdco, LLC | 05/22/23 | USD 80,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 11 | NAME REDACTED ADDRESS REDACTED | 827 | Genesis Global Capital, LLC | 07/11/2023* | ETH 7.50† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 12 | NAME REDACTED ADDRESS REDACTED | 806 | Genesis Global Holdco, LLC | 07/07/2023* | USD 7,500.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 13 | NAME REDACTED ADDRESS REDACTED | 1081 | Genesis Global Holdco, LLC | 10/04/2023* | USD 1,300.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 14 | NAME REDACTED ADDRESS REDACTED | 727 | Genesis Global Capital, LLC | 06/24/2023* | USD 349.20 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 15 | NAME REDACTED ADDRESS REDACTED | 1047 | Genesis Global Holdco, LLC | 09/22/2023* | USD 389.68 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 16 | NAME REDACTED ADDRESS REDACTED | 1132 | Genesis Global Holdco, LLC | 10/27/2023* | AXS 516.659758 MATIC 15,208.386504 USD 43,631.53 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 17 | NAME REDACTED ADDRESS REDACTED | 481 | Genesis Global Holdco, LLC | 05/22/23 | USD 100,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Fourth Omnibus Objection**
**Exhibit 4 - No Books and Records**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 18 | NAME REDACTED ADDRESS REDACTED | 431 | Genesis Global Holdco, LLC | 05/22/23 | USD 10,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 19 | NAME REDACTED ADDRESS REDACTED | 1099 | Genesis Global Holdco, LLC | 10/13/2023* | USD 2,250.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 20 | NAME REDACTED ADDRESS REDACTED | 235 | Genesis Global Holdco, LLC | 05/12/23 | DOGE 5,065,400,723.00 FTM 2,437,489,931.00 MANA 4,564,000,272.00 USD 15,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 21 | NAME REDACTED ADDRESS REDACTED | 1090 | Genesis Global Capital, LLC | 10/11/2023* | 1INCH 3.435374 ALCX 1.200202 AMP 1,003.171996 ANKR 667.035867 AXS 2.672513 COMP 1.100317 ETH 0.00005 FIL 1.082673 FTM 74.862037 SOL 1.063116 UMA 9.521559 USD 329.65 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 22 | NAME REDACTED ADDRESS REDACTED | 1164 | Genesis Global Holdco, LLC | 11/11/2023* | DOGE 12,000.00 USD 1,500.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 23 | NAME REDACTED ADDRESS REDACTED | 1176 | Genesis Global Capital, LLC | 11/15/2023* | USD 5,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Fourth Omnibus Objection**
**Exhibit 4 - No Books and Records**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 24 | NAME REDACTED ADDRESS REDACTED | 237 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 05/12/23 | DOGE 5,065,400,723.00 FTM 2,437,489,931.00 MANA 4,564,000,272.00 USD 15,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 25 | NAME REDACTED ADDRESS REDACTED | 559 | Genesis Global Holdco, LLC | 05/26/2023* | ETH 25.76† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 26 | NAME REDACTED ADDRESS REDACTED | 436 | Genesis Global Holdco, LLC | 05/22/23 | USD 10,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 27 | NAME REDACTED ADDRESS REDACTED | 542 | Genesis Global Holdco, LLC | 05/23/2023* | BTC 0.3107 DOGE 3,438.91 ETH 0.096 LINK 140.32 MATIC 961.91 OXT 235.25 UNI 77.57 ZRX 42.27† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 28 | NAME REDACTED ADDRESS REDACTED | 908 | Genesis Global Holdco, LLC | 07/21/2023* | AMP 693.186 ANKR 1,120.755 BAT 36.288 BTC 0.05714 DAI 0.031 ETH 0.5804 REN 55.238 SUSHI 7.044 USD 2,868.09 ZRX 55.9507 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

# Genesis Global Holdco, LLC Case No. 23-10063
## Fourth Omnibus Objection
### Exhibit 4 - No Books and Records

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|----------------|---------|-----------------|------------|-------------------------------|
| 29 | NAME REDACTED ADDRESS REDACTED | 828 | Genesis Global Holdco, LLC | 07/11/2023* | USDC 2.00† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 30 | NAME REDACTED ADDRESS REDACTED | 1113 | Genesis Global Holdco, LLC | 10/21/2023* | 1INCH 3.435374 ALCX 1.200202 AMP 1,003.174996 ANKR 667.035867 AXS 2.672513 COMP 1.0100317 ETH 0.00005 FIL 1.082673 FTM 74.862037 LRC 48.710795 SOL 1.063116 USD 225.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 31 | NAME REDACTED ADDRESS REDACTED | 1100 | Genesis Global Capital, LLC | 10/13/2023* | ETH 0.10308339 USD 160.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 32 | NAME REDACTED ADDRESS REDACTED | 918 | Genesis Global Holdco, LLC | 07/26/2023* | FTM 250,000.00 USD 1,267.55† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 33 | NAME REDACTED ADDRESS REDACTED | 925 | Genesis Global Capital, LLC | 07/27/2023* | DOGE 5,300.16 LTC 6.31 USD 1,250.00 ZRX 119.27 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

## Genesis Global Holdco, LLC Case No. 23-10063
## Fourth Omnibus Objection
## Exhibit 4 - No Books and Records

### CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 34 | NAME REDACTED ADDRESS REDACTED | 993 | Genesis Global Holdco, LLC | 08/23/2023* | DOGE 2,197,987,729.00 ETH 2.582159 LINK 16,212,807.00 USD 6,000.00 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 35 | NAME REDACTED ADDRESS REDACTED | 951 | Genesis Global Capital, LLC | 08/06/2023* | AMP 1,908.09904881 AXS 0.12691796 BTC 0.13735578 DOGE 1,684.52377137 ETH 0.13735578 MANA 3.06520633† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 36 | NAME REDACTED ADDRESS REDACTED | 676 | Genesis Global Holdco, LLC | 06/16/2023* | USD 7,034.45 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 37 | NAME REDACTED ADDRESS REDACTED | 1026 | Genesis Global Holdco, LLC | 09/12/2023* | BTC 0.09154868† |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |
| 38 | NAME REDACTED ADDRESS REDACTED | 921 | Genesis Global Holdco, LLC | 07/27/2023* | USD 828.31 |
| | *Reason: The asserted liability is not found within the Debtors' books and records, as a result there should be no liability by the Debtors.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

# EXHIBIT 5

**No Liability Claim**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Fourth Omnibus Objection**
**Exhibit 5 - No Liability Claim**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|----------------|---------|-----------------|------------|-------------------------------|
| 1 | NAME REDACTED<br>ADDRESS REDACTED | 199 | Genesis Global Capital, LLC | 05/07/23 | USD 1,638.24 |

*Reason: Claim was filed on account of ownership of an equity interest and is not a claim under the Bankruptcy Code.*

## <u>EXHIBIT B</u>

**Kinealy Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## DECLARATION OF PAUL KINEALY IN SUPPORT OF DEBTORS' FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C § 502 AND FED. R. BANKR. P. 3007 (DUPLICATE, AMENDED AND NO LIABILITY)

I, Paul Kinealy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

## BACKGROUND

1.     I am a Senior Director at Alvarez and Marsal North America, LLC ("A&M"), the financial advisor for the above-captioned Debtors.

2.     In my capacity as Senior Director, I am authorized to submit this Declaration in support of the *Debtor's Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate, Amended and No Liability)* (the "Objection").[2]

3.     I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and Books and Records and am responsible for overseeing the review and analysis of claims filed in the Debtors' Chapter 11 Cases. All facts set forth herein are based on my personal knowledge, my review or the review of employees of A&M of the Claims and other relevant

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

documents or information provided by the Debtors' employees and advisors.  If I were called upon to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees of A&M, personally reviewed the Disputed Claims (as defined below) on Exhibits 1, 2, 3, 4 and 5 to the Proposed Order as part of the claims reconciliations process in these Chapter 11 Cases.

## **FACTUAL BASIS OF OBJECTION**

4.      Either I or one or more of the Debtors' employees or advisors operating at A&M's direction have reviewed the Claims Register, the Debtors' Books and Records, each of the Disputed Claims identified on Exhibits 1, 2, 3, 4 and 5 to the Proposed Order and the facts and circumstances set forth in the Objection regarding such Claims.

5.      We have determined that the Duplicate Claims identified in Exhibit 1 to the Proposed Order assert amounts duplicative of those already represented in the Surviving Claims.

6.      We have also determined from our review that each of the Amended Claims identified in Exhibit 2 to the Proposed Order has been amended and superseded by one or more Surviving Claims subsequently filed by or on behalf of the same claimant with respect to the same asserted liabilities.

7.      We have determined that the Debtors have no liability for each of the Multi-Debtor Claims identified in Exhibit 3 to the Proposed Order to the extent that such Claims have been improperly filed against multiple Debtors where only a single Debtor is potentially liable.  Upon a review of the Debtors' books and records, which reflect the Debtors' relationships with all counterparties, lenders, borrowers, vendors, etc., the books and records do not reflect the existence of an independent relationship between the relevant Claimants and multiple Debtors that could support the asserted Claims against multiple Debtors.

8.      We have determined that for each of the No Books and Records Claims identified on Exhibit 4 to the Proposed Order the Debtors' Books and Records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim recovery against the Debtors.  As the asserted Claim is not found within the Debtors' Books and Records, there is no liability against the Debtors for such Claim.

9.      Finally, we have determined that the No Liability Claim identified on Exhibit 5 was filed by a shareholder based on ownership of equity securities in one of the Debtors.  We were able to identify the claimant that has asserted the No Liability Claim because the claimant noted on the proof of claim form that the claim was filed on account of such an interest.  Specifically, the proof of claim included supporting information demonstrating that the No Liability Claim was filed on the basis of twelve shares held by the claimant in DCG.  As interests in shares are equity interests, if the No Liability Claim is not disallowed, the claimant may obtain recovery on what is an equity interest and not a claim.

10.      I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the Disputed Claims identified on Exhibits 1, 2, 3, 4 and 5 to the Proposed Order should be disallowed in full.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on November 29, 2023          */s/ Paul Kinealy*_____
                                        Paul Kinealy