**Hearing Date and Time: January 3, 2024 at 10:00 A.M. (ET)**
**Objection Deadline: December 21, 2023 at 4:00 P.M. (ET)**

| | |
|---|---|
| Sean A. O'Neal | Danielle L. Rose |
| Luke A. Barefoot | Daniel J. Saval |
| Jane VanLare | John Conte |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | KOBRE & KIM |
| One Liberty Plaza | 800 Third Avenue |
| New York, New York 10006 | New York, New York 10022 |
| Telephone: (212) 225-2000 | Telephone: (212) 488-1209 |
| Facsimile: (212) 225-3999 | |

*Counsel to the Debtors*
*and Debtors-in-Possession*

*Sole Counsel to the Debtors and*
*Debtors-in-Possession as to the*
*Conflicted Claims*

---

**THIS OBJECTION SEEKS TO MODIFY AND ALLOW AS MODIFIED
CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR KATHARINE ROSS, ESQ.,
KROSS@CGSH.COM, OR IF YOU FILED A CONFLICTED CLAIM, PLEASE
CONTACT JOHN CONTE, ESQ., JOHN.CONTE@KOBREKIM.COM**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**NOTICE OF HEARING ON
DEBTORS' SIXTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502 AND FED. R.
BANKR. P. 3007 (MODIFY AND ALLOW AS MODIFIED)**

       **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

       **PLEASE TAKE FURTHER NOTICE** that on November 29, 2023 the Debtors filed the *Debtors' Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow As Modified)* (the "Sixth Omnibus Objection"). A hearing (the "Hearing") on the Sixth Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **January 3, 2024, at 10:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order at 3.

       **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email, prior to the Hearing, the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

       **PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Sixth Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **December 21, 2023, at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.

       **PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Sixth Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit**

---

[2]       Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**A** to the Sixth Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** copies of the Sixth Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450.  Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Sixth Omnibus Objection carefully and, if you have one available, discuss it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Sixth Omnibus Objection, or if you want the Court to hear your position on the Sixth Omnibus Objection, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Sixth Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:    November 29, 2023
      New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

*/s/ Danielle L. Rose*
Danielle L. Rose
Daniel J. Saval
John Conte
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1209

*Sole Counsel to the Debtors*
*and Debtors-in-Possession as to the*
*Conflicted Claims*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Danielle L. Rose
Daniel J. Saval
John Conte
KOBRE & KIM
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1209

*Sole Counsel to the Debtors and*
*Debtors-in-Possession as to the*
*Conflicted Claims*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' SIXTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO**
**11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW AS MODIFIED)**

> **TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "SIXTH OMNIBUS OBJECTION" OR "OBJECTION"):**

- **THIS OBJECTION SEEKS TO MODIFY AND ALLOW AS MODIFIED CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBIT 1 TO THE PROPOSED ORDER.**

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. YOUR CLAIM(S) MAY BE MODIFIED, REDUCED, OR OTHERWISE**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those claims listed on Exhibit 1 (together, the "Modify Debtor Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Objection Procedures Order") and seek entry of the Proposed Order modifying and allowing as modified the Modify Debtor Claims as set forth herein. In support of this Objection, the Debtors submit the *Declaration of Paul Kinealy in Support of the Debtors' Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified)* (the "Kinealy Declaration"), attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## BACKGROUND

### A.    Debtors' Business and Procedural History

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engaged in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (together, the "First Day Declarations").[2]

3.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

5.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

6.      The General Bar Date passed on May 22, 2023.  As of November 27, 2023, 1,191 proofs of claim have been filed against the Debtors.

**B.      The Claims Resolution Process**

7.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

8.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a

"Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant"). Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694) (the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors. The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents). The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

9.      The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance. To reduce the number of Claims, and to avoid possible double recovery or otherwise improper recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of the Debtors' upcoming solicitation, the Debtors will continue to file omnibus objections to such categories of claims if and where warranted. This Objection is one such omnibus objection. With respect to one particular claim—Proof of Claim No. 45 (the "Conflicted Claim")—that Claimant must direct their Response (as defined below) or any other of their communications to Kobre & Kim LLP, as sole counsel to the Debtors with respect to the Conflicted Claim.

10.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors

submit that this Objection and the notice provided to the Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

## **RELIEF REQUESTED**

11.     The Debtors and/or their advisors have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, and each of the Modify Debtor Claims. Based on this review, the Debtors have determined that each of the Modify Debtor Claims has been asserted against an incorrect Debtor entity and is accordingly subject to modification on that basis. By this Objection, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, (i) modifying each of the Modify Debtor Claims such that they are asserted against the correct Debtor and (ii) allowing the Modify Debtor Claims as modified.[3]

## **BASIS FOR RELIEF**

12.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *See id*. A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id*. Once the objecting party produces such evidence, the burden shifts back to the

---

[3]     Further, the Modify Debtor Claims marked with an asterisk on <u>Exhibit 1</u> to the Proposed Order were filed after the General Bar Date. Pursuant to section 502(b) of the Bankruptcy Code, a claimant's failure to timely file a proof of claim provides an additional, independent basis for disallowance of that claim. *See* 11 U.S.C. § 502(b). Bankruptcy Rule 3007 also expressly allows a debtor to file an omnibus objection to claims on the basis that "they were not timely filed." *See* Fed. R. Bankr. P. 3007. To the extent that the Modify Debtor Claims were filed after the General Bar Date, such Claims are untimely and should also be disallowed and expunged on that basis. *See, e.g., In re Roman Catholic Diocese of Rockville Centre, New York*, No. 20-12345 (MG), 2023 WL 4497418, at \*12 (Bankr. S.D.N.Y. July 1, 2023) (disallowing late-filed claims); *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2023 WL 3265089, at \*15 (Bankr. S.D.N.Y. May 4, 2023) (same).

claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

13.     Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007(d) and the Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim on non-substantive bases, such as because such claims "duplicate other claims" (Fed. R. Bankr. P. 3007(d)(1)), are "inconsistent with or contradict[] the Debtors' books and records[,]" "fail[] to sufficiently specify the basis for the claim[,]" or "assert[] amounts inconsistent with the terms of the applicable master lending agreement with such claimant." Claims Objection Procedures Order ¶ 1(a)(i), (v), (xv).

14.     Pursuant to the Claims Objections Procedures Order, the Debtors are permitted to file an omnibus objection to Claims that are "filed against the incorrect Debtor, a non-debtor, or [are] improperly filed against multiple Debtors." Claims Objection Procedures Order, ¶ 1(a)(viii). Doing so will ensure that the Claims Register is accurate and consistent with the Debtors' Schedules and Books and Records. For this reason, courts in this district have granted similar relief. *See, e.g.*, Order, *In re LATAM Airlines Grp. S.A.,* No. 20-11254 (JLG) (Bankr. S.D.N.Y. Sept. 27, 2021) (ECF No. 3234) (modifying claims to identify correct debtor); Order, *In re Windstream Fin., Corp.,* No. 19-22397 (RDD) (Bankr. S.D.N.Y. June 17, 2021) (ECF No. 130) (same).

## OBJECTION

15.     The Debtors and/or their advisors have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, and each of the Modify Debtor Claims. *See* Ex. B, Kinealy Decl., ¶ 4. Through this review, the Debtors have determined, with the help of Alvarez

and Marsal North America LLC ("A&M"), the Debtors' financial advisor, that: (i) the Modify Debtor Claims identified in Exhibit 1 to the Proposed Order were asserted against the incorrect Debtor and are not reflected in the Schedules or Books and Records of the Debtor against which they were asserted; (ii) the liability reflected in the Modify Debtor Claims rests solely with a different Debtor and correspond to a Scheduled Claim against the correct Debtor, also identified in Exhibit 1 to the Proposed Order; and/or (iii) the Modify Debtor Claims, as modified to be asserted against the correct Debtor, assert amounts consistent with or less than the corresponding Scheduled Claim. *See* Ex. B, Kinealy Decl., ¶¶ 5-7.

16.    Because none of the Modify Debtor Claims provided any evidence to support the specific Debtor against which the Modify Debtor Claims asserted liability, the Modify Debtor Claims fail to meet the standard for prima facie validity. The Debtors accordingly object to the Modify Debtor Claims on the basis that they have been asserted against the incorrect Debtor, and respectfully request that (i) the Modify Debtor Claims be modified such that they are asserted against the correct Debtor, identified in Exhibit 1 to the Proposed Order, and (ii) the Modify Debtor Claims be allowed as modified in the amount asserted.[4]

### SEPARATE CONTESTED MATTERS

17.    To the extent that a response is filed regarding any Modify Debtor Claim listed in this Objection and the Debtors are unable to resolve the response, such Modify Debtor Claim and the Objection by the Debtors to such claim asserted herein shall constitute a separate contested

---

[4]    Pursuant to section 502(b) of the Bankruptcy Court, the Debtors have converted the amount in which the Modify Debtor Claims should be allowed to U.S. Dollars as of the Petition Date. *See* Hr'g Tr. at 48:1-13, *In re Voyager Digit. Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Feb. 22, 2023) (noting that while the claimant's proof of claim asserted a claim denominated in digital assets, "under the Bankruptcy Code, the value of your claim for purposes of distribution has to be measured in terms of dollars as of the filing date."). The Debtors, however, reserve the right to make distributions with respect to the Modify Debtor Claims in cash and/or crypto currency pursuant to the terms of any confirmed chapter 11 plan. For the avoidance of doubt, nothing herein shall determine the method of distributions pursuant to any such plan.

matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each Modify Debtor Claim.

### RESPONSES TO OMNIBUS OBJECTION

18.    To contest this Objection, a Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 p.m.** (prevailing Eastern Time) on **December 21, 2023** (the "Response Deadline"). Every Response must be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the "Docket") and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn: Sean O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, and jvanlare@cgsh.com
>
> -and-
>
> Kobre & Kim LLP
> 800 Third Avenue
> New York, New York 10022
> Attn: Danielle L. Rose, Esq., Daniel J. Saval, Esq., and John Conte, Esq.
> Danielle.Rose@kobrekim.com, Daniel.Saval@kobrekim.com,
> John.Conte@kobrekim.com
>
> -and-
>
> Genesis Global Holdco, LLC
> 175 Greenwich St., 38th Fl.
> New York, NY 10007
> Attn: Arianna Pretto-Sakmann
> Arianna@Genesistrading.com
>
> -and-
>
> White & Case LLP

> 1221 Avenue of the Americas
> New York, NY 10020
> Attn: Philip Abelson, Esq.
> philip.abelson@whitecase.com
>
> -and-
>
> Bankruptcy Court of the Southern District of New York
> Chambers of Judge Sean H. Lane
> 300 Quarropas Street
> White Plains, NY 10610
> Attn: Chambers of Judge Sean H. Lane

19.     Every Response to this Objection must contain, at minimum, the following information:

> a.      A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.      The name of the Claimant and description of the basis for the Claim;
>
> c.      The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;
>
> d.      A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection;
>
> e.      Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);
>
> f.      The address(es) to which the Debtors must return any reply to the Response, if different from that presented in the Proof of Claim; and
>
> g.      The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

20.     If a Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the Modify Debtor Claim, without further notice to the Claimant or a hearing.

21.     The Claimant that filed the Conflicted Claim shall direct their Responses and any other of its communications to Kobre & Kim LLP, as sole counsel to the Debtors with respect to the Conflicted Claim.

## REPLIES TO RESPONSES

22.     The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

23.     The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

24.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Modify Debtor Claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to each of the Modify Debtor Claims identified in Exhibit 1 to the Proposed Order.  The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the Modify Debtor Claims set forth on Exhibit 1 at a later time, to the extent consistent with the Claims Objection Procedures Order.

25.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but

not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

### NOTICE

26.     The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

### NO PRIOR REQUEST

27.     No prior request for the relief requested herein has been made to this or any other Court.

[*The remainder of this page is left blank intentionally*]

## CONCLUSION

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

Dated:    November 29, 2023
            New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

*/s/ Danielle L. Rose*
Danielle L. Rose
Daniel J. Saval
John Conte
KOBRE & KIM
800 Third Avenue
New York, New York 10022
Telephone: (212) 488-1209

*Sole Counsel to the Debtors*
*and Debtors-in-Possession as to the*
*Conflicted Claims*

## <u>EXHIBIT A</u>

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER GRANTING DEBTORS' SIXTH
### OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO
### CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND
### FED. R. BANKR. P. 3007 (MODIFY AND ALLOW AS MODIFIED)

Upon the *Debtors' Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and allowing as modified each of the Modify Debtor Claims identified on Exhibit 1 attached hereto (the "Order"); and upon the *Declaration of Paul Kinealy in Support of Debtors' Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the Modify Debtor Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the Modify Debtor Claims identified on <u>Exhibit 1</u> attached hereto.

2.      Each of the Modify Debtor Claims is hereby modified to be asserted against the correct Debtor identified on <u>Exhibit 1</u>.

3.      Each of the Modify Debtor Claims is hereby allowed as modified in the amount asserted by the Claimant in the applicable Modify Debtor Claim.

4.      For the avoidance of doubt, nothing in this Order shall govern or determine the method or currency of any distribution on any claim, which will be determined pursuant to the terms of a confirmed plan of reorganization.

5.      This Order shall be deemed a separate Order with respect to each of the Modify Debtor Claims identified on <u>Exhibit 1</u>.  Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

7.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors under the Bankruptcy Code or any applicable law.

8.      This Court shall retain jurisdiction over any and all issues arising from or related to

the implementation and interpretation of this Order.


Dated: _____, 2023
        New York, New York

                                              _____
                                              HONORABLE SEAN H. LANE
                                              UNITED STATES BANKRUPTCY JUDGE

## <u>EXHIBIT 1</u>

**Modify Debtor Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Sixth Omnibus Objection**
**Exhibit 1 - Modify Debtor**

| | ASSERTED CLAIMS | | | | MODIFIED AND ALLOWED CLAIMS |
|---|---|---|---|---|---|
| # | NAME & ADDRESS | CLAIM # | DATE FILED | ASSERTED DEBTOR | MODIFIED DEBTOR |
| 1 | NAME REDACTED ADDRESS REDACTED | 318 | 05/18/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 2 | NAME REDACTED ADDRESS REDACTED | 251 | 05/13/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 3 | NAME REDACTED ADDRESS REDACTED | 150 | 04/27/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 4 | NAME REDACTED ADDRESS REDACTED | 13 | 02/13/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 5 | NAME REDACTED ADDRESS REDACTED | 109 | 04/22/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 6 | NAME REDACTED ADDRESS REDACTED | 1050 | 09/23/2023* | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 7 | NAME REDACTED[1] ADDRESS REDACTED | 45 | 03/22/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 8 | NAME REDACTED ADDRESS REDACTED | 10 | 02/13/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 9 | NAME REDACTED ADDRESS REDACTED | 263 | 05/15/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 10 | NAME REDACTED ADDRESS REDACTED | 224 | 05/11/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 11 | NAME REDACTED ADDRESS REDACTED | 8 | 02/09/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 12 | NAME REDACTED ADDRESS REDACTED | 47 | 04/06/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 13 | NAME REDACTED ADDRESS REDACTED | 138 | 04/25/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 14 | NAME REDACTED ADDRESS REDACTED | 77 | 04/14/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 15 | NAME REDACTED ADDRESS REDACTED | 276 | 05/15/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |

1 - Conflicted Claims

*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Sixth Omnibus Objection**
**Exhibit 1 - Modify Debtor**

| | ASSERTED CLAIMS | | | | MODIFIED AND ALLOWED CLAIMS |
|---|---|---|---|---|---|
| # | NAME & ADDRESS | CLAIM # | DATE FILED | ASSERTED DEBTOR | MODIFIED DEBTOR |
| 16 | NAME REDACTED ADDRESS REDACTED | 48 | 04/10/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 17 | NAME REDACTED ADDRESS REDACTED | 57 | 04/14/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 18 | NAME REDACTED ADDRESS REDACTED | 308 | 05/18/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 19 | NAME REDACTED ADDRESS REDACTED | 35 | 03/13/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 20 | NAME REDACTED ADDRESS REDACTED | 190 | 05/05/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |
| 21 | NAME REDACTED ADDRESS REDACTED | 250 | 05/13/23 | Genesis Global Holdco, LLC | Genesis Global Capital, LLC |
| | *Reason: The Debtors' books and records indicate the asserted liability should properly be asserted against Genesis Global Capital, LLC.* | | | | |

1 - Conflicted Claims
*Claim was filed after the General Bar Date

**<u>EXHIBIT B</u>**

**Kinealy Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF PAUL KINEALY IN SUPPORT OF DEBTORS' SIXTH OMNIBUS
OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007
(MODIFY AND ALLOW AS MODIFIED)**

I, Paul Kinealy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

## BACKGROUND

1.      I am a Senior Director at Alvarez and Marsal North America, LLC ("A&M"), the financial advisor for the above-captioned Debtors.

2.      In my capacity as Senior Director, I am authorized to submit this declaration in support of the *Debtor's Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified)* (the "Objection").[2]

3.      I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and Books and Records and am responsible for overseeing the review and analysis of claims filed in the Debtors' Chapter 11 Cases. All facts set forth herein are based on my personal knowledge, my review or the review of employees of A&M of the Claims and other relevant documents or information provided by the Debtors' employees and advisors. If I were called upon

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees of A&M, personally reviewed the Modify Debtor Claims identified on <u>Exhibit 1</u> to the Proposed Order as part of the claims reconciliations process in these Chapter 11 Cases.

## **FACTUAL BASIS OF OBJECTION**

4.      Either I or one or more of the Debtors' employees or advisors operating at A&M's direction have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, each of the Modify Debtor Claims identified on <u>Exhibit 1</u> to the Proposed Order, and the facts and circumstances set forth in the Objection regarding such Claims.

5.      We have determined that the Modify Debtor Claims identified in <u>Exhibit 1</u> to the Proposed Order were asserted against the incorrect Debtor, and are not reflected in Schedules or Books and Records of the Debtor against which they were asserted.

6.      We have also determined that the liability reflected in each of the Modify Debtor Claims rests solely with a different Debtor and corresponds to a Scheduled Claim against the correct Debtor, also identified in <u>Exhibit 1</u> to the Proposed Order.

7.      Finally, we have determined that the Modify Debtor Claims, if asserted against the correct Debtor, assert amounts consistent with or less than the corresponding Scheduled Claim.

8.      I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the Modify Debtor Claims identified on <u>Exhibit 1</u> to the Proposed Order should modified and allowed as modified.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


Executed on November 29, 2023        */s/ Paul Kinealy*
                                     Paul Kinealy