**Hearing Date: December 13, 2023 at 2:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: December 6, 2023 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF REVISED PROPOSED ORDER CONCERNING THE DEBTORS'
MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (I)
FURTHER EXTEND THE COVERAGE PERIOD OF CERTAIN INSURANCE
POLICIES AND (II) GRANTING RELATED RELIEF**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that on November 22, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief* (D.I. 971, the "Motion"), with a proposed order annexed as Exhibit A (the "Proposed Order").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**PLEASE TAKE FURTHER NOTICE** that after receiving informal comments from the Official Committee of Unsecured Creditors and the Ad Hoc Group of Genesis Lenders represented by Proskauer Rose LLP, on December 7, 2023 the Debtors filed a revised version of the Proposed Order (the "Revised Proposed Order"), attached hereto as Exhibit A, which resolves the informal comments received. A blackline of the Revised Proposed Order against the Proposed Order is attached hereto as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion will be held via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **December 13, 2023 at 2:00 p.m. (Eastern Time) (the "Hearing Date")**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

| | |
|---|---|
| Dated: December 7, 2023<br>New York, New York | */s/ Luke. A Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

**Exhibit A**
**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS TO (I) EXTEND THE COVERAGE PERIOD OF CERTAIN INSURANCE POLICIES (II) GRANTING RELATED RELIEF**

Upon the motion of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "Debtors"); and upon the *Declaration of Arianna Pretto-Sakmann in Support of the Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief*, for entry of an order (this "Order"), as more fully described in the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief* (the "Motion")[2]; (i) authorizing the Debtors to extend the coverage period of the Insurance Policies from December 28, 2023 to March 24, 2023, purchase tail coverage and make any payments necessary for in connection therewith (ii) authorizing all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Policies and (iii) granting the Debtors such other and further relief as the Court deems just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

    **IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED on a final basis to the extent set forth herein.

2.     The Debtors are authorized to extend the coverage period of the Insurance Policies by three months and to make any related payments necessary for the extension of the coverage period, subject to the provisions set forth in paragraph 4 below.

3.     The Debtors are authorized to obtain tail coverage for six years and to make any related payments necessary to obtain tail coverage, subject to the provisions set forth in paragraph 4 below.

4.      In consultation with the Committee and the Ad Hoc Group of Genesis Lenders represented by Proskauer Rose LLP (the "AHG"), the Debtors shall seek reimbursement or compensation from any non-Debtor beneficiaries of the Insurance Policies (including without limitation GGT). The Committee and the AHG reserve all rights to object or otherwise seek further relief to the extent that the Committee or the AHG do not agree with the amount and terms of such reimbursement or compensation.

5.      All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order, in accordance with the *Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief*, ECF No. 150.

6.      The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule and 6004(a) and the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h)

7.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity, priority or amount of any claim against a Debtor entity; (ii) a waiver of the Debtors' or any party-in-interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (v) a requirement or authorization to assume any agreement, contract or lease

pursuant to section 365 of the Bankruptcy Code or (vi) a waiver of the Debtors' or any party-in-interest's rights under the Bankruptcy Code or any other applicable law.

8.  Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' insurance carriers, any other agents or brokers employed by the Debtors or any other third party relating to the Insurance Policies.

9.  Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

Dated: _____, 2023      _____
     White Plains, New York       THE HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**
**Comparison of Revised Proposed Order to Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS TO (I) EXTEND THE COVERAGE PERIOD <u>OF</u> CERTAIN INSURANCE POLICIES (II) GRANTING RELATED RELIEF**

Upon the motion of Genesis Global Holdco, LLC ("<u>Holdco</u>") and its affiliated debtors and debtors-in-possession in the above-captioned jointly-administered cases (collectively, the "<u>Debtors</u>"); and upon the *Declaration of Arianna Pretto-Sakmann in Support of the Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief*, for entry of an order (this "<u>Order</u>"), as more fully described in the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies (II) Granting Related Relief* (the "<u>Motion</u>")[2]; (i) authorizing the Debtors to extend the coverage period of the Insurance Policies from December 28, 2023 to March 24, 2023, purchase tail coverage and make any payments necessary for in connection therewith (ii) authorizing all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Policies and (iii) granting

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is ~~250 Park Avenue South, 5th~~<u>175 Greenwich Street,</u> Floor <u>38</u>, New York, NY ~~10003~~<u>10007</u>.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

the Debtors such other and further relief as the Court deems just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis to the extent set forth herein.

2. The Debtors are authorized to extend the coverage period of the Insurance Policies by three months and to make any related payments necessary for the extension of the coverage period, subject to the provisions set forth in paragraph 4 below.

2

3. The Debtors are authorized to obtain tail coverage for six years and to make any related payments necessary to obtain tail coverage, subject to the provisions set forth in paragraph 4 below.

4. In consultation with the Committee and the Ad Hoc Group of Genesis Lenders represented by Proskauer Rose LLP (the "AHG"), the Debtors shall seek reimbursement or compensation from any non-Debtor beneficiaries of the Insurance Policies (including without limitation GGT). The Committee and the AHG reserve all rights to object or otherwise seek further relief to the extent that the Committee or the AHG do not agree with the amount and terms of such reimbursement or compensation.

5. All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order, in accordance with the *Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief*, ECF No. 150.

6. The contents of the Motion satisfy the requirements set forth in Bankruptcy Rule and 6004(a) and the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h)

7. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity, priority or amount of any claim against a Debtor entity; (ii) a waiver of the

Debtors' or any party-in-interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (v) a requirement or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code or (vi) a waiver of the Debtors' or any party-in-interest's rights under the Bankruptcy Code or any other applicable law.

8.    ~~7.~~ Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' insurance carriers, any other agents or brokers employed by the Debtors or any other third party relating to the Insurance Policies.

9.    ~~8.~~ Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

10.    ~~9.~~ The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

Dated: _____, 2023         _____
       White Plains, New York      THE HONORABLE SEAN H. LANE
                                   UNITED STATES BANKRUPTCY JUDGE

4