**Presentment Date: December 21, 2023 at 4:00 p.m. (prevailing ET)**
**Objection Deadline: December 20, 2023 at 12:00 p.m. (prevailing ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION**
**AND AGREED ORDER FOR TEMPORARY ALLOWANCE**
**OF CLAIMS SOLELY FOR THE PURPOSE OF VOTING ON THE DEBTORS'**
**AMENDED JOINT CHAPTER 11 PLAN PURSUANT TO BANKRUPTCY RULE 3018**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the Debtors and a duly authorized representative for ▇▇▇▇▇▇▇▇ and ▇▇▇▇ will present the *Stipulation and Agreed Order for Temporary Allowance of Claims Solely for the Purpose of Voting on the Debtors' Amended Joint Chapter 11 Plan Pursuant to Bankruptcy Rule 3018*, attached hereto as **Exhibit A** (the "Stipulation and Order") to the Honorable Judge Sean H. Lane, United States Bankruptcy

---

[1] The Genesis Debtors in the Chapter 11 Cases, along with the last four digits of each Genesis Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of the Chapter 11 Cases, the service address for the Genesis Debtors is 175 Greenwich Street, 38th Floor, New York, NY 10007.

Judge, for approval and signature on **December 21, 2023 at 4:00 p.m. (ET)** (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694), the Debtors have redacted the claimants' names in this Notice and in the Stipulation and Order.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Stipulation and Order shall be: (a) in writing; (b) filed electronically with the Court no later than **December 20, 2023 at 12:00 p.m. (ET)** (the "Objection Deadline"); and (c) served as required by the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") entered in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, if no written objections are timely filed and served by the Objection Deadline, the Debtors shall submit the Stipulation and Order to the Court on the Presentment Date, which the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served by the Objection Deadline, the Debtors shall notice a hearing (the "Hearing") with respect to the Stipulation and Order, which shall be held via Zoom and attended by the Debtors and all objecting parties. Failure to attend the Hearing may result in entry of the Stipulation and Order without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order can be viewed and/or obtained: (i) by accessing the Court's website at www.nysb.uscourts.gov or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, New York 10055, at http://restructuring.ra.kroll.com/genesis/ or by calling +1 888-524-2017. Note that a PACER password is needed to access documents on the Court's website.

| | |
|---|---|
| Dated: December 14, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* |

2

# **EXHIBIT A**

**Stipulation and Order**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**STIPULATION AND AGREED ORDER FOR TEMPORARY ALLOWANCE
OF CLAIMS SOLELY FOR THE PURPOSE OF VOTING ON THE DEBTORS'
AMENDED JOINT CHAPTER 11 PLAN PURSUANT TO BANKRUPTCY RULE 3018**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), ▇▇▇ and ▇▇▇ (with ▇▇▇ the "Claimants"), hereby enter into this stipulation and agreed order (the "Stipulation") and stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code," and the date of

---

[1]     The Genesis Debtors in the Chapter 11 Cases, along with the last four digits of each Genesis Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of the Chapter 11 Cases, the service address for the Genesis Debtors is 175 Greenwich Street, 38th Floor, New York, NY 10007.

such filing, the "Petition Date") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).

WHEREAS, on April 4, 2023, the Court entered the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order") establishing May 22, 2023 at 4:00 p.m. Eastern Time as the general bar date.

WHEREAS, on May 22, 2023, ███ filed a proof of claim in the Chapter 11 Cases, represented as proof of claim no. 402, asserting an unsecured, prepetition claim against Debtor Genesis Asia Pacific Pte. Ltd. ("GAP") in the amount of 17,075,824.887832 (USDC) ("Claim No. 402").

WHEREAS, on May 22, 2023, ███ filed a proof of claim in the Chapter 11 Cases, represented as proof of claim no. 405, asserting an unsecured, prepetition claim against Debtor Genesis Global Capital, LLC ("GGC") in the amount of 11,351,699.3276656 (DOT) ("Claim No. 405," and, together with Claim No. 402, the "Filed Claims").

WHEREAS, on November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989) (as may be amended or modified from time to time, the "Plan") *Amended Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, Et Al., Under Chapter 11 of the Bankruptcy Code* (ECF No. 990) (as amended by ECF No. 1031, the "Disclosure Statement").

2

**WHEREAS**, on November 29, 2023, the Debtors filed the *Debtors' Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified)* (ECF No. 999) (the "Seventh Omnibus Claims Objection"), objecting to the Filed Claims on the basis that they were asserted in amounts inconsistent with the relevant Debtor's *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) (the "Schedules") and books and records, and requesting that Filed Claims be reduced to assert the amounts reflected in the Debtors' Schedules and books and records.

**WHEREAS**, on December 6, 2023, the Court entered the *Order Authorizing Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates With Respect Thereto* (ECF No. 1027) (the "Disclosure Statement Order"), approving the adequacy of the Disclosure Statement.

**WHEREAS,** the Disclosure Statement Order provides, among other things, as follows: "If the Debtors serve an objection to, or request estimation of, a Claim at least five (5) days before the Voting Deadline, such Claim shall be fixed in the amount of $1.00 for voting purposes only and not for purposes of allowance or distribution, except to the extent such objection or request for estimation provides for a higher amount for voting purposes." Disclosure Statement Order ¶ 37(g).

**WHEREAS**, the Debtors and the Claimants (together, the "Parties") have reached an agreement to temporarily allow the Claimants' claims solely for the purposes of voting on the Plan pursuant to Bankruptcy Rule 3018(a) and entered into this stipulation.

**IT IS THEREFORE STIPULATED AND AGREED AND, UPON APPROVAL BY THE COURT HEREOF, IT IS SO ORDERED THAT:**

1. This Stipulation shall become effective upon approval of the Court.

2.      Upon entry of an order approving this Stipulation, pursuant to Bankruptcy Rule 3018(a), Claim No. 402 shall be deemed to be temporarily allowed against GAP, solely for purposes of voting on the Plan, in the third class and the amount of 10,187,945.2006635 (USDC) ("Voting Claim No. 402").  Voting Claim No. 402 shall be deemed allowed as provided in this Stipulation solely for voting purposes notwithstanding the execution and/or entry of this Stipulation as an order of the Court on any date after the deadline for submission of ballots on the Plan.

3.      Upon entry of an order approving this Stipulation, pursuant to Bankruptcy Rule 3018(a), Claim No. 405 shall be deemed to be temporarily allowed against GGC, solely for the purposes of voting on the Plan, in the sixth class and the amount of 6,313,027.55613159 (DOT) ("Voting Claim No. 405," and, together with Voting Claim No. 402, the "Voting Claims").  Voting Claim No. 405 shall be deemed allowed as provided in this Stipulation solely for voting purposes notwithstanding the execution and/or entry of this Stipulation as an order of the Court on any date after the deadline for submission of ballots on the Plan.

4.      The temporary allowance of the Voting Claims pursuant to this Stipulation is without prejudice to each of the Parties' respective rights and obligations under and pursuant to the Plan, appliable bankruptcy and non-bankruptcy law, and equitable principles as to the allowance or disallowance of the Filed Claims.  Except as expressly provided for in this Stipulation with respect to the allowance of the Voting Claims, nothing herein is or shall be deemed to be (a) a determination, allowance or disallowance of Filed Claims for any purpose whatsoever, (b) an admission, release or waiver of any rights with respect to the Filed Claims against any of the Debtors including, without limitation, as to the amount, extent, validity or priority of the Filed Claims, (c) a withdrawal of the Seventh Omnibus Claims Objection in respect of the Filed Claims

or (d) a release or waiver of any rights of the Parties to assert any and all objections, defenses or counterclaims or other rights in respect of the Filed Claims.

      5.      Nothing in this Stipulation, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any aspect, including priority, of the Filed Claims against the Debtors or of any other claim or right of any kind, or of any wrongdoing or liability of the Debtors or Claimants in the Chapter 11 Cases, or any other matter pending before the Court.

      6.      The temporary allowance of the Voting Claims pursuant to this Stipulation shall not be deemed a determination or have any effect on the classification of the Filed Claims under the Plan.

      7.      Nothing in this Stipulation, whether express or implied, is intended or shall be construed to confer upon any person other than the Parties, and their respective successors, assigns, heirs, executors, administrators and liquidators, any right, remedy or claim under or by reason of this Stipulation. The provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties.

      8.      This Stipulation may not be modified other than by a signed writing executed by each of the Parties and delivered to each Party; it being understood that no further approval of the Court shall be required for amendments, waivers, consents, or other modifications to or under the Stipulation.

      9.      The individual who executes this Stipulation on behalf of each of the Claimants represents that he is duly authorized to do so on behalf of the Claimants and that the

Claimants have (a) had the opportunity to consult with counsel with respect to this Stipulation, (b) have full knowledge of the contents of the Stipulation, and (c) have consented to this Stipulation.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

11. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assigns, heirs, executors, administrators and liquidators.

12. This Stipulation shall be exclusively governed by, construed, and enforced in accordance with the Bankruptcy Code, the Bankruptcy Rules, and, to the extent the Bankruptcy Code and Bankruptcy Rules are inapplicable, the laws of the State of New York, without regard to its conflict of law principles.

13. The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation or its enforcement.

*[The remainder of this page is left blank intentionally.]*

**STIPULATED AND AGREED TO BY:**

Dated: December 14, 2023

| | |
|---|---|
| By: /s/ *Luke A. Barefoot* <br> Sean A. O'Neal <br> Luke A. Barefoot <br> Jane VanLare <br> CLEARY GOTTLIEB STEEN & HAMILTON LLP <br> One Liberty Plaza <br> New York, New York 10006 <br> Telephone: (212) 225-2000 <br> Facsimile: (212) 225-3999 <br><br> *Counsel to the Debtors and Debtors-in-Possession* | /s/ *Jeremy C. Hollembeak* <br> Jeremy C. Hollembeak <br> BAIRD HOLM LLP <br> 1700 Farnam Street, Suite 1500 <br> Omaha, Nebraska 68102 <br> Telephone: (402) 636-8317 <br> Facsimile: (402) 344-0588 <br><br> *Counsel to the Claimants* |

**IT IS SO ORDERED.**

Dated: _____      _____
         White Plains, New York           THE HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

23-10063-shl    Doc 1045    Filed 12/14/23    Entered 12/14/23 16:43:09    Main Document
Pg 10 of 10