**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER APPROVING RESTRICTIONS ON CERTAIN ACTIONS OF DCG

Upon consideration of the *Debtors' Motion for an Order Approving Restrictions on Certain Actions of DCG* (the "Motion")[2] filed by the above-captioned debtors (the "Debtors"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due, sufficient, and proper notice of the Motion having been provided under the circumstances and in accordance with the Bankruptcy Rules and the Local Rules, and it appearing that no other or further notice need be provided, and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of*

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

*Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations"); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      DCG is barred from (i) taking any actions that would reasonably be expected to cause DCG and Holdco to no longer be part of the tax consolidated group of which DCG is the common parent (or any continuation of such group) as provided under Section 1502 of the Tax Code and regulations promulgated thereunder, (ii) taking any actions that would reasonably be expected to cause Holdco to undergo an "ownership change" within the meaning of section 382 of the Tax Code or (iii) claiming a worthless stock deduction with respect to its Common Units within the meaning of Sections 165(g) and 382(g)(4)(D) of the Tax Code, in each case, until the earlier of (a) the occurrence of the effective date of a chapter 11 plan in these Chapter 11 Cases; (b) dismissal of these Chapter 11 Cases; and (c) conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code; *provided that* any and all restrictions and procedures set forth in this Order (the "Restrictions") shall not apply to any action pursuant to any agreement of which DCG and any of the Debtors are a party that is entered into after the effective date of this Order;

2

*provided further*, *that* the Debtors may, in their sole discretion, waive in writing, any and all

Restrictions.

3.      The procedures for approval of actions otherwise prohibited by the Restrictions, as

set forth in **Exhibit 1A**, attached hereto, are hereby approved, *provided, however,* that any party

in interest may file a motion with the Court and seek emergency relief from the Restrictions based

upon a showing of sufficient cause; *provided further* that the rights of the Debtors and the other

Notice Parties (as defined in **Exhibit 1A**) to oppose such relief are fully reserved and preserved.

4.      The provisions of this Order shall be effective *nunc pro tunc* to date of the filing of

the Motion.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient notice

of the Motion.

6.      The Debtors are authorized to take all actions necessary to implement the relief

granted in this Order.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related

to the implementation, interpretation, or enforcement of this Order.


Dated:     December 18, 2023                     */s/ Sean H. Lane*
           White Plains, New York                _____
                                                 THE HONORABLE SEAN H. LANE
                                                 UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1A</u>**

**Procedures for Actions Otherwise Prohibited under the Restrictions**

## PROCEDURES FOR ACTIONS OTHERWISE PROHIBITED
## UNDER THE RESTRICTIONS

The following procedures apply to actions that DCG[1] seeks to take that would otherwise be prohibited under the Restrictions:

a.   Prior to undertaking any action prohibited by this Order, DCG must file with the Court, and serve upon the Notice Parties, an advance written declaration of DCG's intent to take such action, in form and substance reasonably satisfactory to the Debtors (a "Declaration of Intent").

b.   The Debtors and the other Notice Parties shall have ten (10) calendar days after receipt of a Declaration of Intent to file with the Court and serve on DCG an objection to any proposed action by DCG on the grounds that such action might have a material adverse effect on the Debtors' ability to utilize the NOLs. If the Debtors or any of the other Notice Parties file an objection, such action will remain ineffective unless such objection is withdrawn or resolved, or such action is approved by an order of the Court not subject to a stay. If the Debtors and the other Notice Parties do not object within such ten-day period, such action can proceed solely as set forth in the Declaration of Intent. Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional ten-day waiting period for each Declaration of Intent.

c.   The "Notice Parties" shall be (i) the Debtors c/o Genesis Global Holdco, LLC, Attn: Arianna Pretto-Sakmann (email: arianna@genesistrading.com); (ii) counsel to the Debtors, Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Jane VanLare, Esq. (email: soneal@cgsh.com and jvanlare@cgsh.com); (iii)   the United States Trustee for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, Suite 515, New York, New York 10004, Attn: Greg Zipes, Esq. (email: greg.zipes @usdoj.gov); (iv) counsel to the official committee of unsecured creditors, White & Case LLP, 1221 Avenue of the Americas, 49th Floor, New York, New York 10020, Attn: Philip Abelson and Michele Meises (email: philip.abelson@whitecase.com  and  michele.meises@whitecase.com)  and,  111 South Wacker Street, Suite 5100, Chicago, Illinois 60606, Attn: Gregory F. Pesce (email: gregory.pesce@whitecase.com); and (v) counsel to the Ad Hoc Group of Genesis Lenders, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036, Attn: Brian Rosen (email: brosen@proskauer.com).

---

[1]   Capitalized terms used but not otherwise defined herein have the meaning given to them in the Motion.