**Hearing Date and Time: January 18, 2024 at 10:00 A.M. (ET)**
**Objection Deadline: January 9, 2024 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

<div style="border:1px solid black">

**THIS OBJECTION SEEKS TO DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR KATHARINE ROSS, ESQ.,
KROSS@CGSH.COM**

</div>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**NOTICE OF HEARING ON DEBTORS' SIXTEENTH OMNIBUS
OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on December 19, 2023 the Debtors filed the *Debtors' Sixteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Sixteenth Omnibus Objection"). A hearing (the "Hearing") on the Sixteenth Omnibus Objection will be held before the Honorable Judge Sean H. Lane, United States Bankruptcy in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **January 18, 2024, at 10:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government.  Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order at 3.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.  After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances.  Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Sixteenth Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **January 9, 2024, at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Sixteenth Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Sixteenth Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

---

[2]      Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**PLEASE TAKE FURTHER NOTICE** copies of the Sixteenth Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Sixteenth Omnibus Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Sixteenth Omnibus Objection, or if you want the Court to hear your position on the Sixteenth Omnibus Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Sixteenth Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:    December 19, 2023
          New York, New York

/s/ Luke A. Barefoot
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' SIXTEENTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO**
**11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

**TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "SIXTEENTH OMNIBUS OBJECTION" OR "OBJECTION")):**

- **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBIT 1 TO THE PROPOSED ORDER.**

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED,**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those claims listed on Exhibit 1 (the "Disputed Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Objection Procedures Order") and seek entry of the Proposed Order disallowing and expunging the Disputed Claims.  In support of this Objection, the Debtors submit the *Declaration of Paul Kinealy in Support of the Debtors' Sixteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Kinealy Declaration"), attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C.

2

§§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory

bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy

Rule 3007.

## **BACKGROUND**

A.    **Debtors' Business and Procedural History**

2.    Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries,

the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide

lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat

currency.  The Debtors engage in lending, borrowing and certain trading services, while the non-

Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services.

Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc.  Additional

information regarding the Debtors' business, capital structure and the circumstances leading to the

commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support

of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration

of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule

1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and

Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (together, the "First Day

Declarations").[2]

3.    On January 19, 2023, the Debtors each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court.

The Debtors continue to operate their businesses and manage their properties as debtors-in-

possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in
the First Day Declarations.

jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4. On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

5. On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

6. The General Bar Date passed on May 22, 2023. As of December 17, 2023, 1,248 proofs of claim have been filed against the Debtors.

**B. Relationship Between Debtors and Gemini**

7. Prior to the Petition Date, Debtor Genesis Global Capital, LLC ("GGC") engaged in borrowing activities with Gemini Trust Company, LLC ("Gemini") for the ultimate benefit of certain Gemini users (each a "Gemini Lender") that elected to provide loans to GGC through an investment program (the "Gemini Earn Program"). Through the Gemini Earn Program, Gemini Lenders agreed to lend certain of their digital assets custodied on Gemini's cryptocurrency platform to GGC (the "Gemini Borrowings") in exchange for the return of such digital assets upon

request or at the expiration of a specified period and the payment by GGC of a loan fee. Under the terms of the relevant master loan agreements ("Gemini MLAs") between GGC, Gemini and each Gemini Lender, the Gemini Lenders appointed Gemini to act as agent in connection with the Gemini Borrowings. In turn, GGC received and paid interest on the Gemini Lenders' assets and lent the assets to institutional borrowers. Neither Gemini nor any Gemini Lenders had a business or contractual relationship with Holdco or Debtor Genesis Asia Pacific Pte. Ltd. ("GAP").

8.      Given the nature of the Gemini Borrowings and Gemini's appointment as agent for each Gemini Lender under the Gemini MLAs, the Bar Date Order authorized and directed Gemini to file a master claim on behalf of each of the Gemini Lenders pursuant to section 501(a) of the Bankruptcy Code against GGC and/or any other Debtor that Gemini determined may have liability to the Gemini Lenders for repayment of the Gemini Borrowings (each such claim a "Gemini Master Claim"). *See* Bar Date Order ¶ 7. Gemini timely filed three (3) such Gemini Master Claims on behalf of all Gemini Lenders based on Gemini's review of its books and records, asserting identical Claims against each of the Debtor entities. *See* Claim Nos. 356, 369, and 400.

9.      In addition to the Gemini Master Claims, Gemini filed three (3) Proofs of Claim on its own behalf, each asserting identical Claims against each of the Debtor entities for more than $20 million plus certain unliquidated amounts it alleges are due and owing by GGC to Gemini as of the Petition Date, including for (i) amounts purportedly due under GGC's agreements with Gemini, (ii) indemnification, contribution, and reimbursement for purported losses, claims, damages and other liabilities that Gemini may have suffered in relation with the Gemini Earn Program, and (iii) damages for certain contract and non-contract litigation claims asserted by Gemini (the "Gemini Litigation Claims"). *See* Claim Nos. 406, 407, 413.

**C.      The Claims Resolution Process**

10.      In the ordinary course of business, the Debtors maintain books and records (the
"Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts
owed to their creditors.

11.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims
Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a
"Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors
(collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation
and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the
Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order
Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of
an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694)
(the "Redaction Order"), much of that information is maintained under seal to protect the
confidentiality of the Debtors' creditors.  The Debtors and their advisors are comprehensively
reviewing and reconciling all claims, including both the claims listed on the Schedules
("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting
documents).  The Debtors are also comparing the Claims asserted in the Proofs of Claim with their
Books and Records to determine the validity of the asserted Claims.

12.      The reconciliation process includes identifying particular categories of claims that
may be targeted for disallowance, reduction and allowance or reclassification and allowance.  To
reduce the number of Claims, and to avoid possible double recovery or otherwise improper
recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of
the Debtors' upcoming solicitation, the Debtors will continue to file omnibus objections to such
categories of claims if and where warranted.  This Objection is one such omnibus objection.

13.    On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007.  The Debtors submit that this Objection and the notice provided to the Gemini Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

## RELIEF REQUESTED

14.    For the reasons set forth below, the Debtors object to the Gemini Master Claims and Gemini Litigation Claims that have been filed against Holdco and GAP, as Holdco and GAP have no contractual or other relationship with Gemini or the Gemini Lenders and the proofs of claim articulate no basis on which such Debtors could be held liable.  By this Objection, the Debtors respectfully request that the Court enter the Proposed Order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing in full each of the Disputed Claims filed by Gemini.

## BASIS FOR RELIEF

15.    When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity.  *See id*.  A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity.  *Id.*  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id*.  The burden of persuasion is always on the claimant.  *Id*.

16.    Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law." 11 U.S.C. § 502(b)(1).  The Claims Objection Procedures Order

permit the Debtors to file an objection to more than one claim on non-substantive bases, such as

because such claims  are "inconsistent with or contradict[] the Debtors' books and records[,]"

"fail[] to sufficiently specify the basis for the claim[,]" or "assert[] amounts inconsistent with the

terms of the applicable master lending agreement with such claimant."  Claims Objection

Procedures Order ¶ 1(a)(i), (v), and (xv).  The Claims Objection Procedures Order also permits the

Debtors to file an omnibus objection to claims "improperly filed against multiple Debtors" where

only a single Debtor is potentially liable.  Claims Objection Procedures Order ¶ 1(a)(viii).

17.    Courts in this district have previously disallowed and expunged claims filed against

a debtor where such debtor has determined, after a thorough review and analysis of its Books and

Records and the supporting documentation provided, that it is not liable.  *See, e.g.* Order*, In re*

*LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. August 2, 2021) (ECF No.

2846) (disallowing and expunging claims asserting amounts for which the debtors could find no

support in their books and records and which were improperly asserted against multiple debtors);

Order, *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Jul. 19, 2022)

(ECF No. 2598) (disallowing and expunging claims asserting amounts for which the debtors could

find no support in their books and records and which otherwise failed to provide sufficient

supporting documentation); *In re Nine West Holdings, Inc.*, Case No. 18-10847 (SCC) (Bankr.

S.D.N.Y. May 21, 2019) (ECF No. 1483) (disallowing and expunging no liability claims); *In re*

*Avaya Inc*., Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Nov. 13, 2017) (ECF No. 1889) (same).

## OBJECTION

18.    The Debtors and/or their advisors have reviewed the Claims Register, the

Disputed Claims, and the Debtors' Books and Records.  *See* Ex. B, Kinealy Decl. ¶ 4.  Through

this review, the Debtors have determined, with the help of Alvarez and Marsal North America

LLC ("A&M"), the Debtors' financial advisor, that the Gemini Master Claims and the Gemini Litigation Claims identified as Disputed Claims in Exhibit 1 to the Proposed Order were improperly filed against multiple Debtors where only a single Debtor is potentially liable. *See* Ex. B, Kinealy Decl. ¶ 5. Here, the Debtors' cases are not substantively consolidated, and none of Gemini's Claims lie against Holdco or GAP. Neither GAP nor Holdco maintained a contractual or business relationship with Gemini, and Holdco did not have any lending operations. Indeed, Gemini makes no allegations concerning any transactions with Holdco or GAP in the Gemini Master Claims or the Gemini Litigation Claims, and it does not cite to or append any agreements or communications with Holdco or GAP that governed or evidenced any such relationships—nor could it—because there are none. If the Disputed Claims are not disallowed, Gemini and the Earn Users on whose behalf it filed the Gemini Master Claims may obtain double recovery for the same alleged liability or may obtain recovery from the incorrect Debtor. By this Objection, the Debtors seek disallowance of each of the Disputed Claims in order to limit Gemini to a single claim against the relevant Debtor's estate arising from the same alleged liability.

19.    The Gemini Master Claim and Gemini Litigation Claim filed against GGC (together, the "Gemini GGC Claims") will be unaffected by the relief requested in this Objection (together, the will be unaffected by this Order (subject to the Debtors' right to assert additional objections and defenses to the allowance of such claims), and Gemini's right to assert these liabilities to the extent they are reflected in the Gemini GGC Claims will be preserved, subject to the Debtors' reservations of their rights to object to the Gemini GGC Claims and other claims on all grounds, whether legal, factual, procedural, substantive, or non-substantive.

20.    For the reasons set forth above, the Disputed Claims addressed in this Objection do not meet the standards for prima facie validity. To avoid impermissible multiple recoveries or

recoveries from the incorrect Debtor entity, the Gemini Master Claims and Gemini Liability Claims against Holdco and GAP should be dismissed.

## SEPARATE CONTESTED MATTERS

21. To the extent that a response is filed regarding any Disputed Claim listed in this Objection and the Debtors are unable to resolve the response, such Disputed Claim and the Objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding this Objection shall be deemed a separate order with respect to each Disputed Claim.

## RESPONSES TO OMNIBUS OBJECTION

22. To contest this Objection, a Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 P.M.** (prevailing Eastern Time) on **January 9, 2023** (the "Response Deadline"). Every Response must be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the "Docket") and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn: Sean O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, and jvanlare@cgsh.com
>
> -and-
>
> Genesis Global Holdco, LLC
> 175 Greenwich St., 38th Fl.
> New York, NY 10007
> Attn: Arianna Pretto-Sakmann
> Arianna@Genesistrading.com
>
> -and-

> White & Case LLP
> 1221 Avenue of the Americas
> New York, NY 10020
> Attn: Philip Abelson, Esq.
> philip.abelson@whitecase.com
>
> -and-
>
> Bankruptcy Court of the Southern District of New York
> Chambers of Judge Sean H. Lane
> 300 Quarropas Street
> White Plains, NY 10610
> Attn: Chambers of Judge Sean H. Lane

23.     Every Response to this Objection must contain, at minimum, the following information:

> a.      A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.      The name of the Claimant and description of the basis for the claim;
>
> c.      The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;
>
> d.      A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection
>
> e.      Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);
>
> f.      The address(es) to which the Debtors must return any reply to the Response, if different from that presented in the Proof of Claim; and
>
> g.      The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

24.     If an Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the Disputed Claim, without further notice to the Claimant or a hearing.

## REPLIES TO RESPONSES

25.     The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

26.     The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

27.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Disputed Claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to each of the Disputed Claims identified in Exhibit 1 to the Proposed Order.  The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the Disputed Claims set forth on Exhibit 1 at a later time, to the extent consistent with the Claims Objection Procedures Order.

28.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance

actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

## NOTICE

29.    The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

30.    No prior request for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left blank intentionally]*

## <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

Dated:     December 19, 2023
           New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[5] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER GRANTING DEBTORS' SIXTEENTH
## OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
## PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)

Upon the *Debtors' Sixteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection")[6] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging in full each of the Disputed Claims identified on Exhibit 1 attached hereto (the "Order"); and upon the *Declaration of Paul Kinealy in Support of Debtors' Sixteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the Disputed Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[5]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[6]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the Disputed Claims identified on Exhibit 1 attached hereto.

2.      Each of the Disputed Claims identified on Exhibit 1 is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.      The Gemini GGC Claims will be unaffected by this Order (subject to the Debtors' right to assert additional objections and defenses to the allowance of such claims), and Gemini's right to assert these liabilities to the extent they are reflected in the Gemini GGC Claims will be preserved, subject to the Debtors' reservations of their rights to object to the Gemini GGC Claims and other claims on all grounds, whether legal, factual, procedural, substantive or non-substantive.

4.      Nothing in this Order shall affect Gemini's, the Gemini Lenders' or the Debtors' rights in any adversary proceeding pending between them before this Court.

5.      This Order shall be deemed a separate Order with respect to each of the Disputed Claims identified on Exhibit 1.   Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

7.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors to dispute any Claim against any Debtor on any grounds whatsoever at a later date,

(iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of

the Debtors under the Bankruptcy Code or any other applicable law.

       8.      This Court shall retain jurisdiction over any and all issues arising from or related to

the implementation and interpretation of this Order.

Dated: _____, 2024
          White Plains, New York

                                     _____
                                     HONORABLE SEAN H. LANE
                                   UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Disputed Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Sixteenth Omnibus Objection**
**Exhibit 1 - Disputed Claims**

## <u>CLAIMS TO BE DISALLOWED</u>

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | |
|---|---|---|---|---|---|---|
| 1 | NAME REDACTED<br>ADDRESS REDACTED | 369 | Genesis Global Holdco, LLC | 05/22/23 | 1INCH 3,012,033.46333801<br>AAVE 33,788.9425230479<br>ALCX 8,676.38998201275<br>AMP 425,936,380.55768<br>ANKR 23,335,928.0678024<br>APE 1,139,985.53964617<br>AXS 90,870.9278787395<br>BAL 34,868.7609066813<br>BAT 9,388,882.97197886<br>BCH 44,121.774231399<br>BNT 267,993.780189926<br>BTC 15,094.3806124709<br>CHZ 688,964.618297403<br>COMP 14,038.7643541652<br>CRV 3,110,821.20254412<br>DAI 8,326,580.27023902<br>DOGE 195,432,319.002998<br>ETH 157,019.767022979<br>FET 2,013,560.72967566<br>FIL 2,601,610.12844771<br>FTM 21,093,013.7169699<br>GRT 17,337,624.765759<br>GUSD 375,437,385.038869<br>INJ 135,922.613140235<br>KNC 434,572.643810026<br>LINK 1,524,285.66444107 | LPT 24,673.1466099058<br>LRC 2,690,498.81970212<br>LTC 127,209.281884632<br>MANA 5,593,977.33440294<br>MATIC 16,964,467.2401572<br>MKR 1,338.38038533215<br>OXT 3,699,739.25944469<br>PAXG 1,014.97374057132<br>RBN 25,405.5734626778<br>REN 4,231,486.62614094<br>RLY 5,660,470.4301708<br>SKL 3,980,478.77162429<br>SNX 237,906.952970567<br>SOL 284,128.92393429<br>STORJ 1,811,065.26135581<br>SUSHI 597,029.850730662<br>TOKE 24,563.5645986667<br>UMA 60,303.1821763762<br>UNI 511,292.129900501<br>USD 1,122,467,217.65<br>USDC 55,215,289.1233817<br>USTC 1,260.54344897418<br>XTZ 695,291.945724483<br>YFI 128.160239144428<br>ZEC 43,919.4737009613<br>ZRX 2,737,146.67279388† |

*Reason: The disputed claim was improperly filed against multiple Debtors where only a single Debtor is potentially liable.*

†Indicates claim contains unliquidated and/or undetermined amounts

**Genesis Global Holdco, LLC Case No. 23-10063**
**Sixteenth Omnibus Objection**
**Exhibit 1 - Disputed Claims**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | |
|---|---|---|---|---|---|---|
| 2 | NAME REDACTED ADDRESS REDACTED | 400 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 05/22/23 | 1INCH 3,012,033.46333801<br>AAVE 33,788.9425230479<br>ALCX 8,676.38998201275<br>AMP 425,936,380.55768<br>ANKR 23,335,928.0678024<br>APE 1,139,985.53964617<br>AXS 90,870.9278787395<br>BAL 34,868.7609066813<br>BAT 9,388,882.97197886<br>BCH 44,121.774231399<br>BNT 267,993.780189926<br>BTC 15,094.3806124709<br>CHZ 688,964.618297403<br>COMP 14,038.7643541652<br>CRV 3,110,821.20254412<br>DAI 8,326,580.27023902<br>DOGE 195,432,319.002998<br>ETH 157,019.767022979<br>FET 2,013,560.72967566<br>FIL 2,601,610.12844771<br>FTM 21,093,013.7169699<br>GRT 17,337,624.765759<br>GUSD 375,437,385.038869<br>INJ 135,922.613140235<br>KNC 434,572.643810026<br>LINK 1,524,285.66444107 | LPT 24,673.1466099058<br>LRC 2,690,498.81970212<br>LTC 127,209.281884632<br>MANA 5,593,977.33440294<br>MATIC 16,964,467.2401572<br>MKR 1,338.38038533215<br>OXT 3,699,739.25944469<br>PAXG 1,014.97374057132<br>RBN 25,405.5734626778<br>REN 4,231,486.62614094<br>RLY 5,660,470.4301708<br>SKL 3,980,478.77162429<br>SNX 237,906.952970567<br>SOL 284,128.92393429<br>STORJ 1,811,065.26135581<br>SUSHI 597,029.850730662<br>TOKE 24,563.5645986667<br>UMA 60,303.1821763762<br>UNI 511,292.129900501<br>USD 1,122,467,217.65<br>USDC 55,215,289.1233817<br>USTC 1,260.54344897418<br>XTZ 695,291.945724483<br>YFI 128.160239144428<br>ZEC 43,919.4737009613<br>ZRX 2,737,146.67279388† |

*Reason: The disputed claim was improperly filed against multiple Debtors where only a single Debtor is potentially liable.*

†Indicates claim contains unliquidated and/or undetermined amounts

**Genesis Global Holdco, LLC Case No. 23-10063**
**Sixteenth Omnibus Objection**
**Exhibit 1 - Disputed Claims**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | |
|---|---|---|---|---|---|---|
| 3 | NAME REDACTED ADDRESS REDACTED | 407 | Genesis Global Holdco, LLC | 05/22/23 | 1INCH 57,642.5<br>AAVE 108.2<br>ALCX 164.4<br>AMP 303,893<br>ANKR 57,349.9<br>APE 13,905<br>AXS 1,708.9<br>BAL 441.1<br>BAT 40,940.1<br>BCH 356.8<br>BNT 5,098.7<br>BTC 100.8<br>CHZ 2,339.2<br>COMP 52.4<br>CRV 45,801.5<br>DAI 83,364.5<br>DOGE 654,353.9<br>ETH 1,217<br>FET 49,904.4<br>FIL 37,911.9<br>FTM 186,060.6<br>GRT 83,227.9<br>GUSD 7,543,612.1<br>INJ 377.2<br>KNC 1,026.4<br>LINK 1,081.1 | LPT 43.9<br>LRC 25,407.7<br>LTC 446<br>MANA 15,054<br>MATIC 222,304.8<br>MKR 4.5<br>OXT 2,759.9<br>PAXG 0.8<br>RBN 173.5<br>REN 3,499.3<br>RLY 98,377.1<br>SKL 10,446<br>SNX 4,636.6<br>SOL 2,519.5<br>STORJ 12,732<br>SUSHI 2,808.6<br>TOKE 144.7<br>UMA 45<br>UNI 1,524.6<br>USD 13,548,360.54<br>USDC 999,026.6<br>USTC 0.1<br>XTZ 5,101.3<br>YFI 0.7<br>ZEC 32.5<br>ZRX 6,681† |

*Reason: The disputed claim was improperly filed against multiple Debtors where only a single Debtor is potentially liable.*

†Indicates claim contains unliquidated and/or undetermined amounts

**Genesis Global Holdco, LLC Case No. 23-10063**
**Sixteenth Omnibus Objection**
**Exhibit 1 - Disputed Claims**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | |
|---|---|---|---|---|---|---|
| 4 | NAME REDACTED<br>ADDRESS REDACTED | 413 | Genesis Asia Pacific Pte. Ltd.<br>(Singapore) | 05/22/23 | 1INCH 57,642.5<br>AAVE 108.2<br>ALCX 164.4<br>AMP 303,893<br>ANKR 57,349.9<br>APE 13,905<br>AXS 1,708.9<br>BAL 441.1<br>BAT 40,940.1<br>BCH 356.8<br>BNT 5,098.7<br>BTC 100.8<br>CHZ 2,339.2<br>COMP 52.4<br>CRV 45,801.5<br>DAI 83,364.5<br>DOGE 654,353.9<br>ETH 1,217<br>FET 49,904.4<br>FIL 37,911.9<br>FTM 186,060.6<br>GRT 83,227.9<br>GUSD 7,543,612.1<br>INJ 377.2<br>KNC 1,026.4<br>LINK 1,081.1 | LPT 43.9<br>LRC 25,407.7<br>LTC 446<br>MANA 15,054<br>MATIC 222,304.8<br>MKR 4.5<br>OXT 2,759.9<br>PAXG 0.8<br>RBN 173.5<br>REN 3,499.3<br>RLY 98,377.1<br>SKL 10,446<br>SNX 4,636.6<br>SOL 2,519.5<br>STORJ 12,732<br>SUSHI 2,808.6<br>TOKE 144.7<br>UMA 45<br>UNI 1,524.6<br>USD 13,548,360.54<br>USDC 999,026.6<br>USTC 0.1<br>XTZ 5,101.3<br>YFI 0.7<br>ZEC 32.5<br>ZRX 6,681† |

*Reason: The disputed claim was improperly filed against multiple Debtors where only a single Debtor is potentially liable.*

†Indicates claim contains unliquidated and/or undetermined amounts

## EXHIBIT B

**Kinealy Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF PAUL KINEALY IN SUPPORT OF DEBTORS' SIXTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)

I, Paul Kinealy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

### BACKGROUND

1.     I am a Senior Director at Alvarez and Marsal North America, LLC ("A&M"), the financial advisor for the above-captioned Debtors.

2.     In my capacity as Senior Director, I am authorized to submit this Declaration in support of the *Debtor's Sixteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection").[2]

3.     I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and Books and Records and am responsible for overseeing the review and analysis of claims filed in the Debtors' Chapter 11 Cases.  All facts set forth herein are based on my personal knowledge, my review or the review of employees of A&M of the Claims and other relevant documents or information provided by the Debtors' employees and advisors.  If I were called upon

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees of A&M, personally reviewed the Disputed Claims (as defined below) on Exhibit 1 to the Proposed Order as part of the claims reconciliations process in these Chapter 11 Cases.

## FACTUAL BASIS OF OBJECTION

4.     Either I or one or more of the Debtors' employees or advisors operating at A&M's direction have reviewed the Claims Register, the Debtors' Books and Records, each of the Disputed Claims identified on Exhibit 1 to the Proposed Order and the facts and circumstances set forth in the Objection regarding such Claims.

5.     We have determined that the Debtors have no liability for each of the Disputed Claims identified in Exhibit 1 to the Proposed Order to the extent that such Claims have been improperly filed against multiple Debtors where only a single Debtor is potentially liable.  Upon a review of the Debtors' books and records, which reflect the Debtors' relationships with all counterparties, lenders, borrowers, vendors, etc., the books and records do not reflect the existence of an independent relationship between Gemini and either Holdco or GAP that could support the assertion of the Gemini Master Claims and Gemini Litigation Claims against multiple Debtors.

6.     I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the Disputed Claims identified on Exhibit 1 to the Proposed Order should be disallowed in full.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on December 19, 2023          */s/ Paul Kinealy*
                                       Paul Kinealy