**Hearing Date and Time: January 18, 2024 at 10:00 A.M. (ET)**
**Objection Deadline: January 9, 2024 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

---

**THIS OBJECTION SEEKS TO DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR KATHARINE ROSS, ESQ.,
KROSS@CGSH.COM**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**NOTICE OF HEARING ON**
**DEBTORS' SEVENTEENTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT**
**TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that December 19, 2023 the Debtors filed the *Debtors' Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow As Modified)* (the "Seventeenth Omnibus Objection"). A hearing (the "Hearing") on the Seventeenth Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **January 18, 2024, at 10:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order at 3.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Seventeenth Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **January 9, 2024, at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Seventeenth Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as

---

[2]    Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**Exhibit A** to the Seventeenth Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

    **PLEASE TAKE FURTHER NOTICE** copies of the Seventeenth Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450.  Note that a PACER password is needed to access documents on the Court's website.

    **PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Seventeenth Omnibus Objection carefully and, if you have one available, discuss it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

    **PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Seventeenth Omnibus Objection, or if you want the Court to hear your position on the Seventeenth Omnibus Objection, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Seventeenth Omnibus Objection and may enter orders granting the relief requested by the Debtors.

| | |
|---|---|
| Dated: December 19, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' SEVENTEENTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT**
**TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

**TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "SEVENTEENTH OMNIBUS OBJECTION" OR "OBJECTION"):**

- **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBIT 1 TO THE PROPOSED ORDER.**

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.**

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those certain claims listed on Exhibit 1 (the "No Liability Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Objection Procedures Order") and seek entry of the Proposed Order disallowing and expunging the No Liability Claims. In support of this Objection, the Debtors submit the *Declaration of Paul Kinealy in Support of the Debtors' Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Kinealy Declaration"), attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## **BACKGROUND**

### A.    **Debtors' Business and Procedural History**

2.    Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (together, the "First Day Declarations").[2]

3.    On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

5.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

6.      The General Bar Date passed on May 22, 2023.  As of December 17, 2023, 1,248 proofs of claim have been filed against the Debtors.

**B.      The Claims Resolution Process**

7.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

8.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a

"Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant"). Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694) (the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors. The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents). The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

9.      The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance. To reduce the number of Claims, and to avoid improper recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of the Debtors' upcoming solicitation, the Debtors will continue to file omnibus objections to such categories of claims if and where warranted. This Objection is one such omnibus objection.

10.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors submit that this Objection and the notice provided to the Gemini Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

## RELIEF REQUESTED

11.    For the reasons set forth below, the Debtors object to each of the No Liability
Claims.  By this Objection, the Debtors respectfully request that the Court enter the Proposed
Order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing
in full each of the No Liability Claims.

12.    The Debtors and/or their advisors have reviewed the Claims Register and each of
the No Liability Claims.  Based on this review, the Debtors have determined that each of the No
Liability Claims identified in Exhibit 1 to the Proposed Order is subject to disallowance on the
grounds that they (i) fail to sufficiently specify the basis for the Claim or do not include sufficient
documentation to ascertain the validity of the Claim, (ii) are inconsistent with or contradict the
Debtors' Books and Records in so far as they are not reflected in the Debtors' Books and Records,
and/or (iii) the Debtors are not liable for the Claim because the Claimant released the Debtors from
liability via agreement.  If the No Liability Claims are not disallowed, the Claimants subject to this
objection may obtain improper recovery for the alleged liability.[3]

## BASIS FOR RELIEF

13.    When asserting a proof of claim against a bankruptcy estate, a claimant must allege
facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In
re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019).   Where the claimant alleges
sufficient facts to support its claim, its claim is afforded prima facie validity.  *See id.*  A party

---

[3]      Further, the No Liability Claims marked with an asterisk on Exhibit 1 to the Proposed Order were filed
after the General Bar Date.  Pursuant to section 502(b) of the Bankruptcy Code, a claimant's failure to timely file a
proof of claim provides an additional, independent basis for disallowance of that claim. *See* 11 U.S.C. § 502(b).
Bankruptcy Rule 3007 also expressly allows a debtor to file an omnibus objection to claims on the basis that "they
were not timely filed."  *See* Fed. R. Bankr. Pro. 3007.  To the extent that the No Liability Claims were filed after the
General Bar Date, such Claims are untimely and should also be disallowed and expunged on that basis.  *See, e.g., In
re Roman Catholic Diocese of Rockville Centre, N.Y.*, Case No. 20-12345 (MG), 2023 WL 4497418, at *12 (Bankr.
S.D.N.Y. July 1, 2023) (disallowing late-filed claims); *In re Ditech Holding Corp.*, Case No. 19-10412 (JLG), 2023
WL 3265089, at *15 (Bankr. S.D.N.Y. May 4, 2023) (same).

wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id*. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

14.      Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007(d) and the Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim on non-substantive bases, including because such claims "[are] inconsistent with or contradict[] the Debtors' books and records" and "fail[] to sufficiently specify the basis for the claim[.]" Claims Objection Procedures Order at ¶¶ 1(a)(i) and (v). The Claims Objection Procedures Order further permits the Debtors to file an omnibus objection to claims that "seek recovery of amounts for which the Debtors are not liable." Claims Objection Procedures Order ¶ 1(a)(iii).

15.      Courts in this district have previously disallowed and expunged claims filed against a debtor where such debtor has determined, after a thorough review and analysis of its Books and Records and the supporting documentation provided, it is not liable. *See*, *e.g.*, Order*, In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. January 2, 2022) (ECF No. 3997); *see also In re Sunedison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2021) (ECF No. 6362) (disallowing and expunging no liability claims); *In re Nine West Holdings, Inc.*, Case No. 18-10847 (SCC) (Bankr. S.D.N.Y. May 21, 2019) (ECF No. 1483) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Nov. 13, 2017) (ECF No. 1889) (same).

## **OBJECTION**

16.     The Debtors object to the No Liability Claims identified in <u>Exhibit 1</u> to the Proposed Order and respectfully request that they be disallowed in full on the grounds that they are inconsistent with or contradict the Debtors' Books and Records.

17.     The Debtors and/or their advisors have reviewed the Claims Register, the No Liability Claims, and the Debtors' Books and Records.  *See* Ex. B, Kinealy Decl. ¶ 4.  Through this review, the Debtors have determined, with the help of Alvarez and Marsal North America LLC ("<u>A&M</u>"), the Debtors' financial advisor, that the No Liability Claims identified on <u>Exhibit 1</u> to the Proposed Order are inconsistent with or contradict the Debtors' Books and Records in that they are not reflected in the Debtors' Books and Records, fail to sufficiently specify the basis of the alleged liability against the Debtors, and/or assert a Claim for which the Debtors are not liable. *See* Ex. B, Kinealy Decl. ¶ 5.

18.     In particular, with respect to claim number 477 ("<u>Claim No. 477</u>"), the Debtors assert that they are not liable for the claimed amount because the Claimant released the Debtors from such liability.  Claim No. 477 was filed on May 22, 2023 against Holdco and asserts liability for contractual unpaid compensation (i.e. an annual cash bonus for the year 2022).  However, the Claimant who filed Claim No. 477 subsequently entered into an agreement (the "<u>Agreement</u>") on August 22, 2023, releasing Holdco, as well as the other Debtors and their affiliates, from liability for any and all claims with respect to the Claimant's employment, including the 2022 annual bonus.  The Debtors therefore assert that they have no liability for Claim No. 477.[4]

---

[4]     The terms of the Agreement are confidential and therefore the Debtors have not filed such Agreement herewith.  The Debtors note, however, that the Claimant who filed Claim No. 477 is in possession of the Agreement and that the Debtors shall provide copies of the Agreement upon request on a confidential basis to parties that have executed an appropriate confidentiality agreement or accede to a protective order.

19.    For the reasons set forth above, the No Liability Claims addressed in this Objection do not meet the standards for prima facie validity and, to avoid impermissible recoveries, the Debtors request that the Court disallow and expunge each of the No Liability Claims in its entirety.

## SEPARATE CONTESTED MATTERS

20.    To the extent that a response is filed regarding any No Liability Claim listed in this Objection and the Debtors are unable to resolve the response, such No Liability Claim and the Objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding this Objection shall be deemed a separate order with respect to each No Liability Claim.

## RESPONSES TO OMNIBUS OBJECTION

21.    To contest this Objection, a Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 P.M.** (prevailing Eastern Time) on **January 9, 2024** (the "Response Deadline").  Every Response must be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the "Docket") and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.
soneal@cgsh.com, lbarefoot@cgsh.com, and jvanlare@cgsh.com

-and-

Genesis Global Holdco, LLC
175 Greenwich St., 38th Fl.
New York, NY 10007
Attn: Arianna Pretto-Sakmann
Arianna@Genesistrading.com

-and-

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Attn: Philip Abelson, Esq.
philip.abelson@whitecase.com

-and-

Bankruptcy Court of the Southern District of New York
Chambers of Judge Sean H. Lane
300 Quarropas Street
White Plains, NY 10610
Attn: Chambers of Judge Sean H. Lane

22.    Every Response to this Objection must contain, at minimum, the following information:

a.    A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.    The name of the Claimant and description of the basis for the Claim;

c.    The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d.    A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection

e.    Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);

f.    The address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in your Proof of Claim; and

g.    The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

23.     If an Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the No Liability Claim, without further notice to the Claimant or a hearing.

## **REPLIES TO RESPONSES**

24.     The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## **ADJOURNMENT OF HEARING**

25.     The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving the person designated in the Response.

## **RESERVATION OF RIGHTS**

26.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the No Liability Claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to each of the No Liability Claims identified in Exhibit 1 to the Proposed Order.  The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the No Liability Claims set forth on Exhibit 1 at a later time, to the extent consistent with the Claims Objection Procedures Order.

27.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but

not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this

Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance

actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims

of the Claimants that are subject to such avoidance actions.

## NOTICE

28.    The Debtors have provided notice of this Objection in accordance with the

procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures*

(ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or

further notice need be provided.

## NO PRIOR REQUEST

29.    No prior request for the relief requested herein has been made to this or any other

Court.

*[The remainder of this page is left blank intentionally]*

## <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

Dated:    December 19, 2023
          New York, New York

                                        */s/ Luke A. Barefoot*
                                        Sean A. O'Neal
                                        Luke A. Barefoot
                                        Jane VanLare
                                        CLEARY GOTTLIEB STEEN &
                                        HAMILTON LLP
                                        One Liberty Plaza
                                        New York, New York 10006
                                        Telephone: (212) 225-2000
                                        Facsimile: (212) 225-3999

                                        *Counsel to the Debtors*
                                        *and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER GRANTING DEBTORS' SEVENTEENTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMSPURSUANT TO 11 U.S.C § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)

Upon the *Debtors' Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging in full each of the No Liability Claims identified on Exhibit 1 attached hereto (the "Order"); and upon the *Declaration of Paul Kinealy in Support of Debtors' Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the No Liability Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the No Liability Claims identified on Exhibit 1 attached hereto.

2.      Each of the No Liability Claims identified on Exhibit 1 is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.      This Order shall be deemed a separate Order with respect to each of the No Liability Claims identified on Exhibit 1.  Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

5.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors under the Bankruptcy Code or any other applicable law.

6.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
         White Plains, New York

                                    _____
                                    HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

### **No Liability Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Seventeenth Omnibus Objection**
**Exhibit 1 - No Liability**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 1 | NAME REDACTED ADDRESS REDACTED | 291 | Genesis Global Holdco, LLC | 05/16/23 | USD 20,214.19 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |
| 2 | NAME REDACTED ADDRESS REDACTED | 477 | Genesis Global Holdco, LLC | 05/22/23 | USD 600,000 |
| | *Reason: The asserted liability was released by the Claimant via contractual agreement.* | | | | |
| 3 | NAME REDACTED ADDRESS REDACTED | 1236 | Genesis Global Holdco, LLC | 12/9/2023* | USD 265 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |
| 4 | NAME REDACTED ADDRESS REDACTED | 1207 | Genesis Global Holdco, LLC | 12/3/2023* | AMP 51,000 LINK 100 ETH 0.02 USD 1,700 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |
| 5 | NAME REDACTED ADDRESS REDACTED | 1227 | Genesis Global Holdco, LLC | 12/6/2023* | USD 22,000 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |
| 6 | NAME REDACTED ADDRESS REDACTED | 1199 | Genesis Global Holdco, LLC | 11/23/2023* | BTC 0.07812313 USD 3,000 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |
| 7 | NAME REDACTED ADDRESS REDACTED | 1211 | Genesis Global Capital, LLC | 12/5/2023* | USD 150 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |
| 8 | NAME REDACTED ADDRESS REDACTED | 1229 | Genesis Global Holdco, LLC | 12/7/2023* | USD 2,000 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Seventeenth Omnibus Objection**
**Exhibit 1 - No Liability**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 9 | NAME REDACTED<br>ADDRESS REDACTED | 1212 | Genesis Global Holdco, LLC | 12/4/2023* | 1INCH 50<br>AAVE 500<br>LRC 50<br>MKR 20<br>AMP 1,500,000<br>ANKR 20,000<br>DOT 20,000<br>MATIC 60,000<br>BAT 60,000<br>ADA 20,000<br>LINK 50,000<br>SOL 500,000<br>SUSHI 60,000<br>MANA 120,000<br>ETH 10<br>FIL 650,000<br>UMA 50,000<br>UNI 12,000<br>ZEC 150,000<br>ZRX 10<br>USD 60,000 |

*Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.*

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 10 | NAME REDACTED<br>ADDRESS REDACTED | 1205 | Genesis Global Capital, LLC | 12/1/2023* | BTC 1.349224† |

*Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.*

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 11 | NAME REDACTED<br>ADDRESS REDACTED | 1000 | Genesis Global Holdco, LLC | 8/30/2023* | DOGE 130,295<br>USD 10,000 |

*Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.*

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 12 | NAME REDACTED<br>ADDRESS REDACTED | 213 | Genesis Global Holdco, LLC | 05/11/23 | USD 32,036.98 |

*Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.*

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 13 | NAME REDACTED<br>ADDRESS REDACTED | 1213 | Genesis Global Holdco, LLC | 12/5/2023* | USD 400 |

*Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.*

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Seventeenth Omnibus Objection**
**Exhibit 1 - No Liability**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 14 | NAME REDACTED ADDRESS REDACTED | 1232 | Genesis Global Holdco, LLC | 12/8/2023* | DAI 107.21754322<br>AMP 25,000<br>BTC 0.01199722<br>MANA 93.88778273<br>DOGE 53.345749<br>ETH 0.09807907<br>LTC 0.10811346<br>ZEC 0.14838966<br>USD 2,000 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |
| 15 | NAME REDACTED ADDRESS REDACTED | 1195 | Genesis Global Capital, LLC | 11/22/2023* | AAVE 1<br>APE 35<br>AXS 6<br>FIL 6.9<br>GRT 232.185<br>KSM 7.58<br>LTC 2.5<br>LUNC 100,000<br>MANA 5<br>MATIC 105.73<br>STORJ 200<br>USD 3,000<br>YFI 0.025 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |
| 16 | NAME REDACTED ADDRESS REDACTED | 1041 | Genesis Global Holdco, LLC | 9/19/2023* | USD 900 |
| | *Reason: The asserted liability is not found within the Debtors' books and records. As a result, there should be no liability by the Debtors.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

# **EXHIBIT B**

**Kinealy Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## DECLARATION OF PAUL KINEALY
## IN SUPPORT OF DEBTORS' SEVENTEENTH OMNIBUS
## OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
## PURSUANT TO 11 U.S.C § 502 AND FED. R. BANKR. P. 3007
## (DUPLICATE, AMENDED, NO LIABILITY AND EQUITY INTERESTS)

I, Paul Kinealy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

### BACKGROUND

1.      I am a Senior Director at Alvarez and Marsal North America, LLC ("A&M"), the financial advisor for the above-captioned Debtors.

2.      In my capacity as Senior Director, I am authorized to submit this Declaration in support of the *Debtor's Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection").[2]

3.      I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and Books and Records and am responsible for overseeing the review and analysis of claims filed in the Debtors' Chapter 11 Cases.  All facts set forth herein are based on my personal knowledge, my review or the review of employees of A&M of the Claims and other relevant

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

documents or information provided by the Debtors' employees and advisors. If I were called upon to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees of A&M, personally reviewed the No Books and Records Claims (as defined below) on Exhibit 1 to the Proposed Order as part of the claims reconciliations process in these Chapter 11 Cases.

## **FACTUAL BASIS OF OBJECTION**

4.    Either I or one or more of the Debtors' employees or advisors operating at A&M's direction have reviewed the Claims Register, the Debtors' Books and Records, each of the No Liability Claims identified on Exhibit 1 to the Proposed Order, with the exception of Claim No. 477 (the No Liability Claims without such Claim the "No Books and Records Claims"), and the facts and circumstances set forth in the Objection regarding such Claims.

5.    We have determined that for the No Books and Records Claims identified in Exhibit 1 to the Proposed Order, the Debtors' Books and Records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim recovery against the Debtors and no supporting information sufficient to identify the basis for the asserted liability was provided. With respect to Claim No. 477, the Debtors are not liable due to the execution of a contractual release of such Claim (as further described in the Objection). As the No Books and Records Claims are not found within the Debtors' Books and Records, there is no liability against the Debtors for such Claims.

6.    I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the No Books and Records Claims identified on Exhibit 1 to the Proposed Order should be disallowed in full.

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.

Executed on December 19, 2023          */s/ Paul Kinealy*
                                                    Paul Kinealy