**Hearing Date and Time: January 3, 2024 at 10:00 AM (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF
DEBTORS' REVISED PROPOSED
ORDER GRANTING DEBTORS' SEVENTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO
CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND
FED. R. BANKR. P. 3007 (MODIFY AND ALLOW AS MODIFIED)**

      **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

   **PLEASE TAKE FURTHER NOTICE** that on November 29, 2023 the Debtors filed the *Debtors' Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified)* (the "Objection") (ECF No. 999), which attached a proposed order as Exhibit A thereto (the "Proposed Order").

   **PLEASE TAKE FURTHER NOTICE** that, on December 29, 2023 the Debtors filed the revised version of the Proposed Order (the "Revised Proposed Order"), attached hereto as Exhibit A, which includes clarifications to the Debtors' reservations of rights with respect to the claims subject to the Objection. A blackline of the Revised Proposed Order against the Proposed Order originally submitted with the Motion is attached hereto as Exhibit B.

   **PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion is scheduled before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"). The Hearing will commence on **January 3, 2024, at 10:00 A.M. (Prevailing Eastern Time)**, and will be conducted through Zoom for government.

   **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#.

   **PLEASE TAKE FURTHER NOTICE** copies of the Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

   **PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

   **PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

|  |  |
|---|---|
| Dated: December 29, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

3

# EXHIBIT A

**Revised Proposed Order**

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[3] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**REVISED ORDER GRANTING DEBTORS' SEVENTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO
CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND
FED. R. BANKR. P. 3007 (MODIFY AND ALLOW AS MODIFIED)**

Upon the *Debtors' Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow As Modified)* (the "Objection")[4] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order (the "Order") pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and allowing as modified each of the Disputed Claims identified on Exhibit 1 and Exhibit 2 attached hereto; and upon the *Declaration of Paul Kinealy in Support of Debtors' Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow As Modified)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the Disputed Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[4] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

5

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection is GRANTED with respect to each of the Disputed Claims identified on <u>Exhibit 1</u> and <u>Exhibit 2</u> attached hereto, subject to the provisions of this Order.

2. Each of the Disputed Claims identified in <u>Exhibit 1</u> is hereby (i) modified to be asserted against the correct Debtor identified in <u>Exhibit 1</u> and (ii) reduced to the amount identified on <u>Exhibit 1</u>.

3. Each of the Disputed Claims identified in <u>Exhibit 2</u> is hereby reduced to the amount identified in <u>Exhibit 2</u>.

4. Subject to paragraph 8 of this Order, each of the Disputed Claims is hereby allowed as modified in the amount identified in <u>Exhibit 1</u> and <u>Exhibit 2</u>.

5. For the avoidance of doubt, nothing in this Order shall govern or determine the method or currency of any distribution on any claim, which will be determined pursuant to the terms of a confirmed plan of reorganization.

6. This Order shall be deemed a separate Order with respect to each of the Disputed Claims identified on <u>Exhibit 1</u> and <u>Exhibit 2</u>. Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7. The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

8. Nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors to dispute any Claim against

6

any Debtor on any grounds whatsoever at a later date, including on grounds of equitable subordination under Section 510(c) and/or disallowance under Section 502(d) of the Bankruptcy Code, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors under the Bankruptcy Code or any other applicable law.

9. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
      New York, New York

                                          HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**Blackline of Revised Proposed Order Against Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 23-10063 (SHL)<br><br>Jointly Administered |

**REVISED ORDER GRANTING DEBTORS' SEVEN~~TH~~TH**
**OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO**
**CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND**
**FED. R. BANKR. P. 3007 (MODIFY AND ALLOW AS MODIFIED)**

Upon the *Debtors' Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow As Modified)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order (the "Order") pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and allowing as modified each of the Disputed Claims identified on Exhibit 1 and Exhibit 2 attached hereto; and upon the *Declaration of Paul Kinealy in Support of Debtors' Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow As Modified)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the Disputed Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. ~~For the reasons stated in the Objection, the~~<ins>The</ins> Objection is GRANTED with respect to each of the Disputed Claims identified on <u>Exhibit 1</u> and <u>Exhibit 2</u> attached hereto<ins>, subject to the provisions of this Order</ins>.

2. Each of the Disputed Claims identified in <u>Exhibit 1</u> is hereby (i) modified to be asserted against the correct Debtor identified in <u>Exhibit 1</u> and (ii) reduced to the amount identified on <u>Exhibit 1</u>.

3. Each of the Disputed Claims identified in <u>Exhibit 2</u> is hereby reduced to the amount identified in <u>Exhibit 2</u>.

4. <ins>Subject to paragraph 8 of this Order, e</ins>~~E~~ach of the Disputed Claims is hereby allowed as modified in the amount identified in <u>Exhibit 1</u> and <u>Exhibit 2</u>.

5. For the avoidance of doubt, nothing in this Order shall govern or determine the method or currency of any distribution on any claim, which will be determined pursuant to the terms of a confirmed plan of reorganization.

6. This Order shall be deemed a separate Order with respect to each of the Disputed Claims identified on <u>Exhibit 1</u> and <u>Exhibit 2</u>. Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7. The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

8.  ~~Except as provided~~Nothing in this Order~~, nothing in this Order~~ shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, including on the grounds of equitable subordination under Section 510(c) and/or disallowance under Section 502(d) of the Bankruptcy Code, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors under the Bankruptcy Code or any other applicable law.

9.  This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, ~~2023~~2024
       New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

3