Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | Related Docket Nos: 996 & 1071 |

**DEBTORS'**
**REPLY IN SUPPORT OF THE**
**FIFTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS**
**PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P.**
**3007 (NO LIABILITY) WITH RESPECT TO CLAIM NUMBER 747**

Holdco and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby submit this reply (the "Reply") in support of the *Debtors' Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection"), filed on

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219) ("Holdco"); Genesis Global Capital, LLC ("GGC") (8564); Genesis Asia Pacific Pte. Ltd. ("GAP") (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

November 29, 2023 at ECF No. 996, and in opposition to the response filed by Allyson Drew (the "Claimant") on December 21, 2023 at ECF No. 1071 (the "Response") regarding claim number 747 (the "Claim" or "Claim No. 747"). In support of this Reply, the Debtors respectfully state as follows:

## RELEVANT BACKGROUND & REPLY[2]

1. On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors were required to have submitted their proofs of claim (the "General Bar Date").

2. On or about June 29, 2023, over a month after the General Bar Date, the Claimant filed the Claim against Holdco. Thereafter, the Debtors investigated the Claim, which asserted $1070.09 purportedly owed to the claimant for "cash loaned[.]" *Id.* After a careful search, and in consultation with their financial advisors, the Debtors found that the Debtors' Books and Records did not reflect the existence of the asserted Claim or of the Claimant asserting such Claim against the Debtors. *See* Objection, Ex. B ("Kinealy Decl.") ¶ 5.

3. On November 29, 2023, the Debtors filed the Objection seeking to disallow, *inter alia*, the Claim on two alternative bases: that the Claim (1) was filed after the General Bar Date; and/or (2) was inconsistent with the Debtors' Books and Records.

4. On December 20, 2023, the Claimant filed the Response to the Objection, which indicated for the first time that the Claim seeks to purportedly recover "[Gemini] Earn-related

---

[2]   Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

2

digital assets" held in a "Gemini account" or "digital wallet with Gemini." The Claimant further acknowledged that the purported liabilities asserted in her Claim were otherwise wholly-reflected in the master claims[3] previously filed by Gemini Trust Company, LLC ("Gemini") on behalf of certain Gemini users (each a "Gemini Lender") that elected to provide loans to GGC (the "Gemini Earn Program"). *See* Claim No. 747 at 1.[4]

5. As detailed in the Objection, the Claim should be disallowed in full and expunged. The Claimant did not provide any documentation or factual evidence in support of her Claim against Holdco. In consultation with their financial advisor, the Debtors have determined that their Books and Records do not indicate or support any liability purportedly owed by HoldCo to the Claimant with respect to the Claim.[5] And the Claimant's Response, rather than rebutting the Debtors' assertions, in fact makes clear that the Claim should independently be disallowed as wholly duplicative of the Gemini Master Claims.[6] In any event, to the extent that the Response is

---

[3] Gemini filed three identical claims against GGC, Holdco and GAP, represented as proofs of claim numbered 356, 369 and 400, respectively, on behalf of the Gemini Lenders pursuant to paragraph 7 of the Bar Date Order (collectively the "Gemini Master Claims"). Although not relevant to the Objection, the Debtors note that the Gemini Master Claims numbered 369 and 400 are subject to disallowance through a separate objection currently set to be heard before the Court on January 18, 2024. *See* ECF No. 1059.

[4] Based on the facts presented in her Response, counsel to Gemini has confirmed to counsel to the Debtors that the Claimant is a Gemini Lender and the amounts asserted in the Claim are otherwise reflected in the Gemini Master Claims.

[5] As detailed in the Objection, the Claimant also filed the Claim after the General Bar Date had passed. *See* Objection n.3; Objection, Exhibit 1. The Claimant fails to identify any reason why she failed to file the Claim before the General Bar Date or even acknowledge the lateness of their Claim, the most critical factor in resolving the excusable neglect inquiry. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (describing the excusable neglect determination as an "equitable one, taking account of all relevant circumstances surrounding the party's omission"); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (citing *Pioneer* and observing that the Second Circuit "has focused on" the party's reason for delay as the key factor). Moreover, a claimant cannot seek or obtain a finding of excusable neglect through an opposition to a claims objection, rather than bringing a motion affirmatively seeking such a finding. *See also In re Manhattan Jeep Chrysler Dodge, Inc.*, 599 B.R. 247, 255 (Bankr. S.D.N.Y. 2019) ("A person who wishes to obtain relief on grounds of excusable neglect ought to act promptly in seeking that relief."); *In re Aargus Polybag Co., Inc.*, 172 B.R. 586, 590 (Bankr. N.D. Ill. 1994) ("On procedural grounds, [claimant] failed to satisfy the requirements of Rule 9006(b)(1) when it made its request for enlargement in a responsive pleading instead of a motion.").

[6] The Claimant acknowledges that her Claim is reflected in, and therefore survives through, the Gemini Master Claims. Response at 1. Thus the Claimant is not prejudiced by the Debtors' Objection.

3

an attempt by the Claimant to amend her Claim and its supporting material, such attempt is procedurally improper and should be disregarded. *See In re Mallinckrodt Plc,* Case No. 20-12522-JTD (Bankr. Del. 2020) [Dkt. No. 3457-2] (Bench Ruling, July 23, 2021, Hr'g Tr. at 144:7-13), *aff'd*, 2022 WL 3545583 (D. Del. Aug. 18, 2022) (Plaintiffs' "attempt[] to argue new facts in their responses to the [claims] objection . . . do not qualify as motions to amend."); *see also In re Level 8 Apparel, LLC*, Case No. 16-13164 (JLG), 2021 WL 279620, at *18 n.20 (Bankr. S.D.N.Y. Jan. 26, 2021) ("The Trustee cannot use her Opposition to the Motion to Amend her Complaint.").

6. Consequently, for the reasons set forth in the Objection and in this Reply, and to avoid improper or duplicate recovery by the Claimant from the Debtors' estates the Objection should be sustained and the Claim disallowed in full.

*[The remainder of this page is left blank intentionally.]*

**CONCLUSION**

Based on the foregoing, the Debtors respectfully request the Court overrule the Response, sustain the Objection, enter the Proposed Order substantially in the form attached as <u>Exhibit A</u> to the Objection, and grant such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: December 29, 2023<br>New York, New York | <u>/s/ Luke A. Barefoot</u><br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |