Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF PLAN SUPPLEMENT FOR**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**PLEASE TAKE NOTICE** that on December 29, 2023, Genesis Global Holdco, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") filed the *Plan Supplement for the Debtors' Amended Joint Chapter 11 Plan* (the "Plan Supplement") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in support of the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989) (the "Plan").

**PLEASE TAKE FURTHER NOTICE** that the Plan Supplement includes the following documents, as may be modified, amended, or supplemented from time to time:

| | |
|---|---|
| **Exhibit A:** | Schedule of Assumed Executory Contracts and Unexpired Leases |
| **Exhibit B:** | Members of the Litigation Oversight Committee and Wind-Down Oversight Committee |

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific PTE. LTD. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**Exhibit C:**    List of Intercompany Claims that Constitute Excluded Claims

**Exhibit D:**    Retained Causes of Action

**Exhibit E:**    Digital Assets Conversion Table

**Exhibit F:**    Justifications for Exculpated & Released Parties

**PLEASE TAKE FURTHER NOTICE** that the Debtors expressly reserve the right, subject to the terms and conditions set forth in the Plan to alter, amend, modify, or supplement any document in the Plan Supplement and to file additional documents to be included in the Plan Supplement. Certain of the documents in the Plan Supplement remain subject to ongoing negotiations between the Debtors and other parties to those documents, and the Debtors and all such parties reserve their rights with regard to those documents. To the extent any document in the Plan Supplement is altered, amended, modified, or supplemented in any material respect, in accordance with the terms of the Plan, prior to the Confirmation Hearing (as defined below), the Debtors will file a blackline of such document with the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the forms of the documents contained in the Plan Supplement are integral to, and are considered part of, the Plan. If the Plan is approved, the documents in substantially the form contained in the Plan Supplement will be approved by the Bankruptcy Court pursuant to the order confirming the Plan.

**PLEASE TAKE FURTHER NOTICE** that the hearing (the "Confirmation Hearing") will be held before the Honorable Sean H. Lane of the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on February 14, 2024 at 10:00 a.m. (prevailing Eastern Time), to consider the confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court. Please take further notice that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court without further notice other than by such adjournment being announced in open court or by notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to appear or be heard at the Confirmation Hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances.

**PLEASE TAKE FURTHER NOTICE** that copies of all pleadings filed in these chapter 11 cases can be viewed and/or obtained: (i) by visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis/, (ii) otherwise from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, or by calling +1 888-524-2017 or (iii) accessing the Court's website at www.nysb.uscourts.gov. Note that a PACER password is needed to access documents on the Court's website.

Dated: December 29, 2023        /s/ *Jane VanLare*
       New York, New York        Sean A. O'Neal
                                   Luke A. Barefoot
                                   Jane VanLare
                                   Thomas S. Kessler
                                   CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                   One Liberty Plaza
                                   New York, New York 10006
                                   Telephone:  (212) 225-2000
                                   Facsimile:  (212) 225-3999

                                   *Counsel for the Debtors*
                                   *and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 21-11831 (SHL) |
| Debtors. | Jointly Administered |

**PLAN SUPPLEMENT FOR THE**
**DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**TABLE OF CONTENTS[2]**

**Exhibit A:**    Schedule of Assumed Executory Contracts and Unexpired Leases

**Exhibit B:**    Members of the Litigation Oversight Committee and Wind-Down Oversight Committee

**Exhibit C:**    List of Intercompany Claims that Constitute Excluded Claims

**Exhibit D:**    Retained Causes of Action

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific PTE. LTD. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989) (the "Plan") or the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC* et al., *Under Chapter 11 of the Bankruptcy Code* (ECF No. 1031) (the "Disclosure Statement").

**Exhibit E:**    Digital Assets Conversion Table

**Exhibit F:**    Justifications for Exculpated & Released Parties

*[Remainder of page intentionally left blank]*

**EXHIBIT A**

**SCHEDULE OF ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES**[1]

| Debtor Name | Counterparty Name | Description of Contract | Cure Amount |
|---|---|---|---|
| Genesis Global Holdco, Inc | Donnelley Financial LLC | Subscription Order | $ 88.30 |
| Genesis Global Capital, LLC | Complete Discovery Source Inc | Forensic Data Analysis | $ - |

---

[1]     The Official Committee of Unsecured Creditors ("Committee") and Ad Hoc Group of Genesis Lenders ("AHG") reserve all rights with respect to this Exhibit in accordance with the Plan and Plan Support Agreement (filed at Docket No. 1008).

**EXHIBIT B**

**MEMBERS OF THE LITIGATION OVERSIGHT COMMITTEE AND WIND-DOWN OVERSIGHT COMMITTEE**

Wind-Down Oversight Committee[1]

Amelia Alvarez

Olivier Cohen

Teddy Gorisse

Vadim Khramov

Mark Nuvelstijn

Khing Oei

Refael Sofair


Litigation Oversight Committee

Vijay Boyapati

Olivier Cohen

Teddy Gorisse

Vadim Khramov

Ari Litan

Mark Nuvelstijn

Refael Sofair

---

[1]    The Wind-Down Oversight Gemini Lender Member is subject to Gemini's Consent in accordance with the Plan.

## <u>EXHIBIT C</u>

### LIST OF INTERCOMPANY CLAIMS THAT CONSTITUTE EXCLUDED CLAIMS

| Non-Debtor Intercompany Payables | | |
|---|---|---|
| **Obligor Entity** | **Obligee Entity** | **Amount of Claim ($ mm)** |
| GGCI | GGC | (111.6) |
| Genesis Custody Limited ("GCL") | GGC | (29.3) |
| Genesis Global Labs, LLC ("GGL") | GGC | (23.1) |
| GGCI | GGML | (13.9) |
| Genesis Trust Company, LLC | GGC | (1.9) |
| GGCI | GCL | (1.3) |
| Genesis UK Holdco Limited | GGC | (1.1) |
| GGL | GCL | (0.2) |
| GCL | GAP | (0.1) |

# EXHIBIT D

## RETAINED CAUSES OF ACTION

## Schedule of Retained Causes of Action[1]

Article IV.B.14 of the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989) (as may be amended, modified, revised, or supplemented from time to time, the "Plan")[2] provides that: "the Wind-Down Debtors shall retain and may enforce all rights to commence and pursue, as appropriate, any and all Causes of Action belonging to the Debtors or their Estates (including any Causes of Action that belong to the Other Genesis Entities), whether arising before or after the Petition Date, including any Retained Causes of Action, and such rights to commence, prosecute, or settle such Causes of Action shall be preserved notwithstanding the occurrence of the Effective Date. The Wind-Down Debtors shall be vested with all rights, powers, and privileges of the Debtors (including the rights and powers of the Debtors under chapter 5 of the Bankruptcy Code) and may pursue such Causes of Action, as appropriate, in accordance with the best interests of the Wind-Down Debtors. Notwithstanding anything to the contrary herein, all rights in any Retained Causes of Action shall vest in the Wind-Down Debtors as of the Effective Date, and may be pursued by the PA Officer in accordance with the provisions of this Plan and the Plan Administration Agreement."

Article IV.B.14 of the Plan further provides that: "**No Entity may rely on the absence of a specific reference in the Plan, the Plan Supplement, or the Disclosure Statement to any Causes of Action against it as any indication that the Debtors or the Wind-Down Debtors will not pursue any and all available Causes of Action against it. The Debtors or the Wind-Down Debtors expressly reserve all rights to prosecute any and all Causes of Action (including any Causes of Action that belong to the Other Genesis Entities) against any Entity, except as otherwise expressly provided in the Plan.**"

Without limiting the generality of Article IV.B.14 of the Plan, the Debtors identify the following types of Causes of Action that are expressly preserved by the Debtors and the Wind-Down Debtors after the Effective Date, solely to the extent such Causes of Action are not otherwise specifically released, settled, compromised, transferred, or assigned under the Plan or any other order of the Court.

No preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, waiver, estoppel (judicial, equitable or otherwise) or laches will apply to the Retained Causes of Action upon or after the entry of the Confirmation Order or the Effective Date of the Plan based on the Plan or the Confirmation Order, including any argument of waiver on account of the failure to include or describe with sufficient specificity any Retained Cause of Action on this Schedule of Retained Causes of Action.

The Debtors expressly reserve the right to alter, modify, amend, remove, augment, or supplement this Schedule of Retained Causes of Action at any time with additional Retained

---

[1]     The Official Committee of Unsecured Creditors (the "Committee") and Ad Hoc Group of Genesis Lenders (the "AHG") reserve all rights with respect to this Exhibit in accordance with the Plan and Plan Support Agreement (filed at Docket No. 1008).

[2]     All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan. Any rules of interpretation set forth in Article I.B of the Plan shall apply herein as applicable.

Causes of Action. Failure to include any Retained Cause of Action herein at any time shall not be a bar and shall not have any impact on the Wind-Down Debtors' (or their authorized agents' or representatives', including the PA Officer's) rights to bring any Retained Cause of Action not otherwise released pursuant to the Plan.

## Certain Categories of Causes of Action

The categories and particular Retained Causes of Action listed below are indicative, but in no way the exhaustive or exclusive list, of the Retained Cause of Action retained in connection with the Plan.

## I.   Claims Against Third-Parties

Except as provided in, and subject to, clauses (a) or (b) of Article IV.B.14 of the Plan, and unless otherwise released by the Plan, the Debtors and the Wind-Down Debtors expressly reserve all Causes of Action against all Persons or Entities that are not Released Parties, including Causes of Action that are (a) listed on Schedule 1 attached hereto; (b) based upon any contract or quasi-contract theory of liability or recovery; (c) based upon any tort theory of liability or recovery, including tortious interference with existing contracts, tortious interference with contractual or business relations, conversion, theft, embezzlement, conspiracy, unfair competition, misappropriation of trade secrets, self-dealing, fraud, negligence, gross negligence, willful misconduct, breach of warranty, misappropriation, or misrepresentation; (d) based upon any other legal or equitable theory of liability or recovery arising under federal, state, or other statutory or common law or otherwise, including breach of fiduciary duty, breach of the duty of care, breach of the duty of good faith and fair dealing, breach of the duty of loyalty, breach of the duty of candor, breach of the duty of oversight, breach of any other duty, or aiding and abetting any such breaches of duty, or alter ego; (e) arising under sections 362, 510, 542, 543, 544 through 550, or 553 of the Bankruptcy Code; (f) for avoidance, fraudulent transfer, and similar Causes of Action pursuant to the Bankruptcy Code, state or other federal statutes, or common law; or (g) for recharacterization, subordination, or disallowance of any Claim, or for setoff, counterclaim, recoupment.

## II.    Claims Against the DCG Entities & Related Parties

The Debtors and the Wind-Down Debtors expressly reserve all Causes of Action that may be brought by or on behalf of the Debtors, the Wind-Down Debtors, their Estates, or other authorized parties in interest against any DCG Party (including DCG and Barry Silbert) or against Ducera LLC and/or its current or former employees, directors, officers, equity holders, and agents (including ▆▆▆▆▆▆▆▆▆▆▆▆) and related parties, including claims for alter ego, preference, fraudulent conveyance, breach of fiduciary duty, equitable subordination, recharacterization, and improper setoff, breach of contract, and claims sounding in fraud or aiding and abetting fraud.

## III.   Avoidance Actions

Except for as provided in, and subject to, clauses (a) or (b) of Article IV.B.14 of the Plan, and unless otherwise released by the Plan, the Debtors and the Wind-Down Debtors expressly reserve all Causes of Action that may be brought by or on behalf of the Debtors, the Wind-Down

Debtors, their Estates, or other authorized parties in interest to avoid a transfer of property or an obligation incurred by the Debtors pursuant to any applicable section of the Bankruptcy Code, including sections 502, 510, 542, 544, 545, 547 through and including 553 of the Bankruptcy Code, and section 724(a) of the Bankruptcy Code, or under similar or related state or federal statutes or common law, including preference and fraudulent transfer laws.

## IV.    Claims Related to Insurance Policies

Except for as provided in, and subject to, clauses (a) or (b) of Article IV.B.14 of the Plan, and unless otherwise released by the Plan, the Debtors and the Wind-Down Debtors expressly reserve all Causes of Action based in whole or in part upon any and all insurance contracts and insurance policies to which any Debtor or Wind-Down Debtors is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever, regardless of whether such contract or policy is specifically identified in the Plan, this Plan Supplement, or any amendments thereto, including Causes of Action against insurance carriers, reinsurance carriers, insurance brokers, underwriters, occurrence carriers, or surety bond issuers relating to coverage, indemnity, contribution, reimbursement, or any other matters.

## V.    Claims Related to Taxes and Tax Refunds

Except for as provided in, and subject to, clauses (a) or (b) of Article IV.B.14 of the Plan, and unless otherwise released by the Plan, the Debtors and the Wind-Down Debtors expressly reserve all Causes of Action against federal, state, local, or international taxing authorities, or any DCG Party, based in whole or in part upon any and all tax obligations, tax credits, refunds, offsets, or other claims to which any Debtor or Wind-Down Debtor is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever, including against or related to all federal, state, local, or international taxing authorities that owe or that may in the future owe money related to tax obligations, tax credits, refunds, offsets, or other claims to the Debtors or the Wind-Down Debtors, regardless of whether such entity is specifically identified herein.

## VI.    Claims Related to Setoff and Recoupment

Except for as provided in, and subject to, clauses (a) or (b) of Article IV.B.14 of the Plan, the Debtor and the Wind-Down Debtor, as applicable expressly reserve all Causes of Action and/or rights to setoff and/or recoupment that the Debtor or the Wind-Down Debtor, as applicable, could assert under section 553 of the Bankruptcy Code or under any other similar rights under state or federal statutes and common law.

## VII.    Claims, Defenses, Cross-Claims, and Counter-Claims Related to Litigation and Possible Litigation, Including Adversary Proceedings

The Debtors and the Wind-Down Debtors expressly reserve all Causes of Action (including any and all available counterclaims and claims for indemnification or cost-shifting) against or related to all Entities that are party to or that may in the future become party to litigation, arbitration, any adversary proceeding in these chapter 11 cases or any other type of adversarial proceeding or dispute resolution proceeding, whether formal or informal or judicial or nonjudicial, regardless of

whether such Entity is specifically identified in the Plan, this Plan Supplement, or any amendments thereto, including (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Causes of Action that are found, pursuant to a Final Order, to be the result of a Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties (including alter ego claims, preferences, fraudulent conveyances, equitable subordination, recharacterization, and improper setoff); (v) any claims against any directors, officers, employees, managers, investment committee members, executive committee members, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, managed accounts or funds, predecessors, participants, successors, assigns, subsidiaries, affiliates, partners, limited partners, general partners, principals, members, management companies, fund advisors or managers, agents, trustees, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, or other professionals and/or advisors, or (vi) any other persons or entities affiliated with any of the parties in clauses (i) through (v).

## VIII.    Claims Related to Accounts Receivable and Accounts Payable

Except for as provided in, and subject to, clauses (a) or (b) of Article IV.B.14 of the Plan, and unless otherwise released by the Plan, the Debtors and the Wind-Down Debtors expressly reserve all Causes of Action against or related to all vendors, suppliers of goods and services, or similar Entities that owe or that may in the future owe money to the Debtors or the Wind-Down Debtors, regardless of whether such Entity is expressly identified in the Plan, this Plan Supplement, or any amendments thereto.  Furthermore, the Debtors expressly reserve all Causes of Action against or related to all Entities who assert or may assert that the Debtors or Wind-Down Debtors, as applicable, owe money to them, including any Causes of Action related to loans extended by the Debtors for which there was a receivable owed by such borrower to the Debtors as of the Petition Date.

## IX.    Claims Related to Contracts and Leases

Except for as provided in, and subject to, clauses (a) or (b) of Article IV.B.14 of the Plan, and unless otherwise released by the Plan, the Debtors and the Wind-Down Debtors expressly reserve all Causes of Action based in whole or in part upon any and all contracts and leases to which any Debtor or Wind-Down Debtor is a party or pursuant to which any Debtor or Wind-Down Debtor has any rights whatsoever, regardless of whether such contract is executory or whether such Entity is expressly identified in the Plan, this Plan Supplement, or any amendments thereto, including all executory contracts and leases that are rejected by the Debtors, assumed pursuant to the Plan, or were previously assumed by the Debtors.  The claims and Causes of Actions reserved include, without limitation, claims and Causes of Action against vendors, suppliers of goods or services, customers, landlords, utilities, promoters, banks, or any other parties, unless such claims or Causes of Action were previously released through the Plan or separate written agreement executed by the Debtors for, among other things:  (a) overpayments, back charges, duplicate payments, improper holdbacks, deposits, warranties, guarantees, indemnities, recoupment, or setoff; (b) breach of contract, wrongful or improper termination, suspension of

services or supply of goods, or failure to meet other contractual or regulatory obligations; (c) failure to fully perform or to condition performance on additional requirements under contracts with any one or more of the Debtors before the assumption or rejection, if applicable, of such contracts; (d) payments, deposits, holdbacks, reserves, or other amounts owed by any creditor, utility, supplier, vendor, insurer, surety, factor, lender, bondholder, lessor, or other party; (e) any liens, including mechanic's, artisan's, materialmen's, possessory, or statutory liens held by any one or more of the Debtors; (f) environmental or contaminant exposure matters against landlords, lessors, environmental consultants, environmental agencies, or suppliers of environmental services or goods; (g) counterclaims and defenses related to any contractual obligations; (h) any turnover actions arising under section 542 or 543 of the Bankruptcy Code; or (i) and unfair competition, interference with contract or potential business advantage, breach of contract, infringement of intellectual property, or any business tort claims.

**Schedule 1**

| Debtor(s) or Non-Debtor Entity | Counterparties | Case Name & Number (if filed) | Court or Forum (if filed) | Nature of Action |
|---|---|---|---|---|
| GGC International Limited | Roger Ver | 650439/2023 | New York County Supreme Court | Contract dispute |
| Genesis Global Capital, LLC | Gemini Trust Company, LLC; Earn Users 1-232,824 | 1:23-ap-01203 | U.S. Bankruptcy Court for the Southern District of New York | Avoidance of preferential transfers to Gemini |
| Genesis Global Capital, LLC; Genesis Asia Pacific Pte. Ltd.; Genesis Global Holdco, LLC | Gemini Trust Company, LLC | 1:23-ap-01192 | U.S. Bankruptcy Court for the Southern District of New York | Gemini claim to control GBTC collateral pledged to Gemini |
| Genesis Global Capital, LLC | Eric Asquith | 1:23-ap-01190 | U.S. Bankruptcy Court for the Southern District of New York | Injunctive relief |
| Genesis Global Capital, LLC | DCG International Investments Ltd. | 1:23-ap-01169 | U.S. Bankruptcy Court for the Southern District of New York | Recovery of money/property owed under contract |
| Genesis Global Capital, LLC | Digital Currency Group, Inc. | 1:23-ap-01168 | U.S. Bankruptcy Court for the Southern District of New York | Recovery of money/property owed under contract |
| Genesis Global Capital, LLC | Woodrow H. Levin | 1:22-cv-07249 | U.S. District Court Northern District Illinois | Contract dispute |
| Genesis Global Capital, LLC | Securities and Exchange Commission | 1:23-cv-00287 | U.S. District Court Southern District of New York | Alleged violations of securities laws |
| Genesis Global Capital, LLC; Genesis Asia Pacific PTE. Ltd.; Genesis Global Holdco, LLC | People of the State of New York | 452784/2023 | New York County Supreme Court | Alleged violations of securities laws |

| | | | | |
|---|---|---|---|---|
| Genesis Custody Limited | Zurich Insurance Plc – UK Branch; Volante International Ltd (On Behalf of: Liberty Mutual Insurance Europe SE; Dual Corporate Risks (On Behalf of: Liberty Mutual Insurance Europe SE & AIG Company Markets); Endurance Worldwide Insurance Ltd; PFLA Limited (On Behalf of: Axis Specialty Europe SE); Lloyd's Syndicate 0457, pseudonym MRS (Munich Re Syndicate); Lloyd's Syndicate 9697 (PFLA Limited (On Behalf of: CNP 1861, SNP 4444, EVE 2786, AXS 1686 & HAM 4000); Lloyd's Syndicate 4711, pseudonym ASP (Aspen Syndicate); Liberty Mutual Insurance Europe SE; Lloyd's Syndicate 4444, pseudonym CNP (Canopius Syndicate); Lloyd's Syndicate 2012, pseudonym | N/A | N/A | Contract dispute |

| | AAL (Arch Syndicate); Lloyd's Syndicate 1221, pseudonym NAV (Hartford Syndicate); Lloyd's Syndicate 1036, pseudonym COF (QBE Syndicate); Lloyd's Syndicate 1955, pseudonym ASL (Arch Syndicate) | | | |
|---|---|---|---|---|
| Genesis Global Capital, LLC | ██████████ | N/A | N/A | Contract dispute |
| Genesis Global Capital, LLC | ██████████ | N/A | N/A | Breach of contract |
| GGC International Limited | ██████ | N/A | N/A | Contract dispute |
| GGC International Limited | ██████ | N/A | N/A | Contract dispute |
| GGC International Limited | ██████ | N/A | N/A | Contract dispute |
| GGC International Limited | ████ | N/A | N/A | Contract dispute |
| GGC International Limited | ██████ | N/A | N/A | Contract dispute |
| GGC International Limited | ████████ | N/A | N/A | Contract dispute |
| Genesis Global Capital, LLC | ██████████ | ██████ | American Arbitration Association | Breach of contract, unregistered offer and sale of securities, control person liability |

| | | | | |
|---|---|---|---|---|
| ███████████ ███████ | ███████ | | | |
| Genesis Global Capital, LLC | ███████ | ███████ | American Arbitration Association | Breach of contract, other common law and statutory claims |
| Genesis Global Capital, LLC | ███████ | ███████ | National Arbitration and Mediation | Breach of contract, unregistered offer and sale of securities |
| Genesis Global Capital, LLC | ███████ | ███████ | American Arbitration Association | Breach of contract, fraud, unjust enrichment |
| Genesis Global Capital, LLC | ███████ | ███████ | American Arbitration Association | Breach of contract, other common law and statutory claims |
| Genesis Global Capital, LLC | ███████ | ███████ | JAMS | Breach of contract, other common law and statutory claims |

## **EXHIBIT E**

### **DIGITAL ASSETS CONVERSION TABLE**

| Digital Asset | Petition Date Digital Asset Prices | Digital Asset | Petition Date Digital Asset Prices |
|---|---|---|---|
| 1INCH | 0.45 | KSM | 33.59 |
| AAVE | 81.34 | LINK | 6.50 |
| ADA | 0.34 | LPT | 5.50 |
| ALCX | 16.34 | LRC | 0.26 |
| ALGO | 0.22 | LTC | 84.11 |
| AMP | 0.00 | LUNA | 0.00 |
| ANKR | 0.02 | LUNC | 0.00 |
| APE | 4.99 | MANA | 0.65 |
| ATOM | 12.17 | MATIC | 0.95 |
| AVAX | 16.18 | MIR | 0.16 |
| AXS | 8.37 | MKR | 661.19 |
| BAL | 6.56 | NEAR | 2.10 |
| BAT | 0.24 | NEO | 7.45 |
| BCH | 121.55 | NFT | 0.00 |
| BIT | 0.48 | NU | 0.13 |
| BNB | 294.00 | OMG | 1.25 |
| BNT | 0.39 | OXT | 0.08 |
| BSV | 43.06 | PAXG | 1,907.00 |
| BTC | 21,091.98 | RBN | 0.20 |
| BUSD | 1.00 | REN | 0.07 |
| CHZ | 0.13 | RLY | 0.01 |
| COMP | 48.40 | SAND | 0.70 |
| CRV | 0.93 | SDIV | 25.55 |
| DAI | 1.00 | SGB | 0.01 |
| DASH | 49.55 | SHIB | 0.00 |
| DFE | 58.55 | SKL | 0.03 |
| DOGE | 0.08 | SNX | 2.25 |
| DOT | 5.86 | SOL | 21.28 |
| DVY | 121.29 | SPHD | 43.85 |
| EOS | 0.98 | SRM | 0.42 |
| ETC | 20.73 | STETH | 1,537.32 |
| ETH | 1,554.65 | STORJ | 0.33 |
| ETHE | 7.85 | SUSHI | 1.20 |
| ETHW | 3.84 | TOKE | 0.99 |
| FET | 0.27 | TRX | 0.06 |
| FIL | 4.40 | UMA | 1.81 |
| FLOW | 1.03 | UNI | 6.19 |
| FTM | 0.30 | USDC | 1.00 |
| FTT | 2.27 | USDT | 1.00 |
| GALA | 0.05 | USTC | 0.02 |
| GAS | 2.45 | VYM | 107.81 |
| GBTC | 11.46 | WBTC | 21,079.18 |
| GLMR | 0.39 | WLUNA | 0.00 |
| GRT | 0.08 | XEC | 0.00 |
| GUSD | 1.00 | XLM | 0.08 |
| HBAR | 0.06 | XRP | 0.39 |
| HNT | 2.98 | XTZ | 1.00 |
| HT | 4.92 | YFI | 6,736.54 |
| IDV | 28.97 | ZEC | 45.07 |
| INJ | 1.54 | ZEN | 9.88 |
| KNC | 0.80 | ZRX | 0.20 |

**EXHIBIT F**

**JUSTIFICATION FOR EXCULPATED & RELEASED PARTIES[1]**

**I.    *Scope of the Release***

In accordance with the *Debtors' Amended Joint Chapter 11 Plan* (the "Amended Plan"),[2] the Special Committee has, subject to the reservation of rights set forth herein, provided its prior written consent for the release of current or former employees, officers and directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, whose identities have been or will be provided, in writing, to the Ad Hoc Group Counsel and Committee Counsel on a confidential, professional-eyes-only basis on or prior to the Effective Date (the Persons covered by such release, collectively, the "Released Genesis Personnel").  For the avoidance of doubt, none of the Released Genesis Personnel are or were also DCG Parties.

The list of Released Genesis Personnel, in its final form, will also be provided to the PA Officer on a confidential basis no later than three (3) Business Days after the Effective Date.  From and after the Effective Date, the PA Officer shall be obligated to retain the list of Released Genesis Personnel.

The Special Committee reserves the rights to (i) alter, modify, amend, remove, augment, or supplement this Exhibit on or prior to the Effective Date, and (ii) exclude any Released Genesis Personnel from the list of Released Parties prior to the Effective Date for any reason, including in the event new facts or circumstances arise.

**II.    *Justifications for the Release***

The justifications for the release of the Released Genesis Personnel include the following:

- The releases of the Released Genesis Personnel apply only to officers, directors and employees who have provided services to the Estates on or after the Petition Date.  The Special Committee believes that such persons contributed, either directly or indirectly, to the Debtors' restructuring efforts in the Chapter 11 Cases.

- The Released Genesis Personnel have knowledge and insight into the Debtors' business and transactions that may be critical to the resolution of litigation against the DCG Parties

---

[1]    The Committee and AHG reserve all rights with respect to this Exhibit in accordance with the Plan and Plan Support Agreement (filed at Docket No. 1008).

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Amended Plan or the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* (the "Disclosure Statement").

and the Gemini Parties, as well as various regulatory and enforcement actions relating to the Debtors' prepetition businesses.

- The Released Genesis Personnel are entitled to indemnification pursuant to the Debtors' governing documents. Thus, to the extent that the Wind-Down Debtors were successful in asserting claims against the Released Genesis Personnel, those Persons would have a right to indemnification and reimbursement, including with respect to legal fees. Absent the release of the Released Genesis Personnel, any third parties bringing such actions would effectively be recovering from the Debtors' Estates, in turn depleting the resources otherwise available for distribution to holders of Allowed Claims.

- The Special Committee's investigation has not identified wrongdoing on the part of the Released Genesis Personnel that would give rise to Claims or Causes of Action that are likely to provide value to the Debtors' Estates.

- Any surviving Claims against the Released Genesis Personnel would be costly and unlikely to result in significant recoveries for the Debtors' Estates because of very limited directors and officers insurance coverage, which at present provides no more than $8.7 million in coverage.

- The Debtors' releases of the Released Genesis Personnel expressly exclude any claims arising out of gross negligence, fraud or willful misconduct, as determined by a Final Order.

- The Amended Plan does not impose any non-consensual releases by third parties. Each Holder of a Claim will preserve its individual claims, if any, against the Released Genesis Personnel unless it affirmatively "opts in" to the release by marking the requisite "opt in" box on its Ballot.