UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 23-10063 (SHL)<br><br>Jointly Administered |

### STIPULATION AND ORDER BY AND BETWEEN
### THE DEBTORS AND THE HOLDER OF CLAIM NO. 1050

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof, by and among Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] and the claimant[3] (the "Claimant" and together with the Debtors, the "Parties") who filed claim number 1050 ("Claim No. 1050").

### Recitals

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) (ECF No. 37).

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

[3.] Pursuant to the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (the "Sealing Order") (ECF No. 694), Cleary Gottlieb has redacted the Claimant name from the public version of the Stipulation and Order and will provide unredacted copies pursuant to paragraph 5 of the Sealing Order.

No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases (ECF No. 55).

2. On March 21, 2023, each Debtor filed its Summary of Assets and Liabilities (ECF Nos. 145, 146, and 147) and Statement of Financial Affairs (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

3. As part of the Schedules, the Debtors scheduled a claim by the Claimant against GGC in the amount of 89.1240405975217.

4. On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors must have submitted their proofs of claim (the "General Bar Date").

5. On or before the General Bar Date, the Claimant filed Claim No. 1050 against Holdco in the amount of 87.25640621 BTC in the above-captioned cases.

6. On November 29, 2023, the Debtors filed the *Debtors' Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified)* (ECF No. 998) (the "Sixth Omnibus Objection"), seeking to modify the debtor against whom Claim No. 1050, among other claims, was asserted and allow as modified in the amount of 87.25640621 BTC.

7. Subsequent to the filing of the Sixth Omnibus Objection, the Parties have engaged in good faith discussions concerning the reconciliation of Claim No. 1050. To fully resolve the

2

issues discussed concerning Claim No. 1050 and to avoid unnecessary motion practice, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED** that:

1. The above recitals are incorporated herein in their entirety.

2. The Claimant shall have one (1) allowed general unsecured pre-petition claim against GGC (the "<u>Allowed Claim</u>") in the amount set forth in Table 1 below.

**<u>Table 1 – Allowed Claim</u>**

| Claim No. | Debtor | Allowed Claim in Kind Amount |
|---|---|---|
| 1050 | Genesis Global Capital, LLC | 89.1240405975217 BTC |

3. This Stipulation and Order shall be binding upon and inure to the benefit of the Debtors, their estates and the Claimant, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be. This Stipulation and Order shall be binding on any official committee, trustee or examiner appointed in the Debtors' Chapter 11 Cases and on all other creditors and parties in interest in the Debtors' Chapter 11 Cases. This Stipulation and Order shall remain binding on the Debtors' estates and any chapter 7 trustee in the event that the Debtors' Chapter 11 Cases are converted to chapter 7 cases.

4. Upon entry of this Stipulation and Order, the Sixth Omnibus Objection shall be deemed withdrawn, solely with respect to Claim No. 1050.

5. Nothing in this Stipulation and Order shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party to this Stipulation and Order unless such claim or right is specifically addressed in this Stipulation and

Order.

6. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original.

7. This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents.

8. Each of the undersigned parties represent that he or she is authorized to execute this Stipulation and Order on behalf of themselves or their client.

9. Each of the Parties to this Stipulation and Order represents and warrants it is duly authorized to enter into and be bound by this Stipulation and Order, that they have full knowledge of and have consented to this Stipulation and Order.

10. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

11. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

12. The Debtors' claims agent, Kroll Restructuring Administration, and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order.

13. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained. This Stipulation and Order shall be effective immediately upon approval by the Court.

Stipulated and agreed to by:

Dated: New York, New York
December 28, 2023

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **CLAIMANT** |
|---|---|
| By: */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* | By: */s/ [Claimant Name Redacted]*<br>[Claimant Name Redacted] |

**SO ORDERED THIS 4th DAY OF JANUARY, 2024**

/s/ Sean H. Lane
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE