PROSKAUER ROSE LLP
Brian S. Rosen
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000

-and-

Jordan E. Sazant
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550

*Counsel to the Ad Hoc Group of Genesis Lenders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Genesis Global Holdco, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10063 (SHL)<br><br>Jointly Administered |
| Genesis Global Capital, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Digital Currency Group, Inc.<br><br>Defendant. | Adv. Proc. No. 23-01168 (SHL) |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

| |  |
|---|---|
| Genesis Global Capital, LLC,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DCG International Investments Ltd.<br><br>　　　　　Defendant. | Adv. Proc. No. 23-01169 (SHL) |

**NOTICE OF DISPUTED PAYMENTS IN CONNECTION WITH
AMENDED PARTIAL REPAYMENT AGREEMENT
BETWEEN DEBTORS AND DIGITAL CURRENCY GROUP**

TO ALL PARTIES IN INTEREST:

　　PLEASE TAKE NOTICE THAT the Ad Hoc Group of Genesis Lenders (the "Ad Hoc Group") hereby submits this notice (this "Notice") to inform the United Stated States Bankruptcy Court and all parties in interest of certain disputes relating to the outstanding obligations owed by Digital Currency Group, Inc. ("DCG") and DCG International Investments Ltd. ("DCGI", and together with DCG, the "DCG Entities") pursuant to that certain Partial Repayment Agreement [Adv. Pro. No. 23-10068, Docket No. 13-2], as amended.[2]

　　PLEASE TAKE FURTHER NOTICE THAT, as represented in the Partial Repayment Agreement, as of the Petition Date, DCG and DCGI were obligated to the Debtors pursuant to the DCG Loans and the DCGI Loans, as well as that certain promissory note due in 2032 (the "DCG Note"), in amounts in excess of One Billion Seven Hundred Million Dollars ($1,700,000,000.00) on account of monies the DCG Entities extracted from the Debtors, and which DCG Loans and DCGI Loans (a) initially came due in November 2022, (b) were unilaterally extended by the DCG Entities to be due May 2023, and (c) while partially repaid, remain unpaid to date.

　　PLEASE TAKE FURTHER NOTICE THAT, on January 5, 2023, DCG publicly announced via X.com that it had "completed a payoff of all short-term loans from Genesis" based, upon information and belief, upon (a) a transfer made by the DCG Entities to the Debtors in the amount of approximately $189 million USD, in satisfaction of the DCG Entities' outstanding USD obligations, and (b) the relinquishment of certain ETHE shares and illiquid ETCG shares, which shares were previously held by the Debtors as collateral in support of DCG's obligations under the Partial Repayment Agreement, purportedly in satisfaction of the DCG Entities' BTC obligations.

　　PLEASE TAKE FURTHER NOTICE THAT the Ad Hoc Group submits that the DCG Entities have ***not satisfied*** their obligations, in full, pursuant to the Partial Repayment Agreement,

---

[2]　Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Partial Repayment Agreement.

and continue to owe the Debtors' estates and their creditors significant sums of USD and BTC, as (a) nothing in the Partial Repayment Agreement permits the DCG Entities to satisfy their USD and BTC obligations in any asset other than USD and BTC, and certainly not via the transfer of illiquid instruments which cannot be monetized or distributed to creditors in satisfaction of their claims against the Debtors, *see* Reservation of Rights Letter, dated January 5, 2024, a copy of which is annexed hereto as **Exhibit A**, and (b) only upon monetization of the ETHE and ETCG assets, and the purchase of BTC using such proceeds, and charging such costs to the DCG Entities in accordance with the Partial Repayment Agreement, will the Debtors be able to determine the amount of BTC obligations purportedly remaining outstanding.

PLEASE TAKE FURTHER NOTICE THAT the DCG Entities remain obligated to the Debtors for in excess of $26,000,000.00 for interest and late fees owed on account of the USD Portion of DCG's obligations pursuant to the respective master loan agreements giving rise to such obligations.

PLEASE TAKE FURTHER NOTICE THAT the Ad Hoc Group reserves its rights with respect to all amounts and all claims and causes of action with respect to the DCG Loans and the DCGI Loans, including, without limitation, those that may arise from the Partial Repayment Agreement, the master loan agreements and transactions that gave rise thereto, and the DCG Note.

Dated: January 8, 2024
New York, New York

**PROSKAUER ROSE LLP**

*/s/ Brian S. Rosen*
Brian S. Rosen
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Email: brosen@proskauer.com


-and-

Jordan E. Sazant
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
Email:  jsazant@proskauer.com

*Counsel to the Ad Hoc Group of Genesis Lenders*

# EXHIBIT A

**Reservation of Rights Letter, dated as of January 5, 2024**

# Genesis

January 5, 2024

VIA EMAIL

Digital Currency Group, Inc.
290 Harbor Drive, 5th Floor
Stamford, CT 06902
Attn:   Jeffrey Saferstein, jeffrey.saferstein@weil.com
        Jessica Liou, jessica.liou@weil.com

DCG International Investments Ltd.
Century House, 16 Par-la-Ville Road
Pembroke, HM 08, Hamilton, Bermuda

> Re:   Voluntary Transfer of ETCG and ETHE Shares
>       in Connection with Partial Repayment Agreement

Dear Sirs:

Reference is made to the Voluntary Transfer Notice sent by Digital Currency Group, Inc. ("DCG") and DCG International Investments Ltd. ("DCGI," together with DCG, the "DCG Parties," and the DCG Parties, together with GGC, the "Parties") to Genesis Global Capital, LLC ("GGC"), dated December 28, 2023 (the "Voluntary Transfer Notice").

As you know, GGC, DCG, and DCGI have entered into the following agreements:[1]

i.   Partial Repayment Amendment between the Parties, dated September 12, 2023 (the "Original PRA");

ii.  Amendment to Partial Repayment Agreement between the Parties, dated November 28, 2023 (the "PRA Amendment," and collectively with the Original PRA, the "PRA");

iii. Security Agreement between GGC and DCG, dated November 28, 2023 (the "DCG Security Agreement");

iv.  Security Agreement between GGC and DCGI, dated November 28, 2023 (the "DCGI Security Agreement," collectively with the DCG Security Agreement, the "Security Agreements," and the Security Agreements collectively with the PRA, the "Agreements");

---

[1] Capitalized terms used herein but not defined shall have the meaning ascribed to them in the PRA.

Digital Currency Group, Inc., p. 2
DCG International Investments, Ltd., p. 2

    v.    Amended and Restated Master Loan Agreement between GGC and DCG, dated November 10, 2022 (the "DCG MLA"); and

    vi.    Master Loan Agreement between GGC and DCGI, dated June 21, 2019 (the "DCGI MLA," and collectively with the DCG MLA, the "MLAs").

In the Voluntary Transfer Notice, the DCG Parties requested that GGC "confirm the Outstanding Undisputed Amounts GGC believes remain due and owing to GGC." However, nothing in the Agreements requires GGC to provide such information or alters the obligation of the DCG Parties, pursuant to the MLAs, to repay Outstanding Undisputed Amounts incurred pursuant to the DCG Loans and DCGI Loans in the same asset type as required in accordance with the original loans. Specifically, pursuant to the MLAs, all Outstanding Undisputed Amounts must be repaid in the asset type of the original loan, including, without limitation, U.S. dollars with respect to the DCG Loans and Digital Assets with respect to the DCGI Loans.

In light of the foregoing, GGC intends to notify the DCG Parties of the remaining Outstanding Undisputed Amounts upon the conversion of the Voluntary Payments (as defined in the Voluntary Transfer Notice) into the asset types denominating the Outstanding Undisputed Amounts. GGC will also notify the DCG Parties of all transaction costs incurred in connection with such conversions, which shall be included in amounts due and payable to GGC in accordance with Sections III and XII of the MLAs. Pending such notification, GGC agrees that Loan Fees and Late Fees (as applicable) due pursuant to the DCG Loans and DCGI Loans as of and following the Voluntary Transfer Notice may be calculated as if the DCG Loans and DCGI Loans had been paid as requested in the Voluntary Transfer Notice, using the price of ETCG and ETHE as of 8:00 p.m. Eastern Time on the date of the Voluntary Transfer Notice, subject to appropriate true-ups and adjustments following conversion (which true-ups and adjustments will include conversion and other transaction costs).

GGC reserves the right, at any time and without notice, to exercise any rights, powers or privileges and/or remedies it has and/or to which it is entitled in accordance with the Agreements and MLAs, including, without limitation, all rights and remedies under Sections IX and XII of the MLAs. As of the time of this letter, GGC has not exercised all of its rights and remedies; however, neither such non-exercise nor anything in this letter shall be construed or constitute a waiver of any kind by GGC of any rights or remedies under the Agreements, MLAs, or applicable law. No acceptance by GGC of performance from DCG or DCGI, or performance by GGC to DCG or DCGI, under the Agreements or MLAs (including, without limitation, the entry into any transactions under, or amendments, supplements, or modifications to, any agreement or otherwise), shall constitute a waiver by GGC of any of its rights or remedies. Furthermore, any accommodation made by GGC with respect to any contractual obligations of DCG or DCGI under the Agreements or MLAs or otherwise shall neither constitute a waiver by GGC of any of its rights or remedies nor constitute a commitment to continue such accommodation or provide any other accommodation to DCG or DCGI. Nothing herein shall serve as an acceptance or admission of any instruction or communication received from DCG or DCGI.

Nothing herein or in any correspondence with DCG or DCGI shall prejudice GGC's right to exercise any rights, remedies or powers or to assert any claims, causes of action, or defenses now or hereafter available under the MLAs, any instruments or agreements referred to therein

Digital Currency Group, Inc., p. 3
DCG International Investments, Ltd., p. 3

and/or applicable law, all of which rights, remedies, powers, claims and causes of action are cumulative and all of which are hereby specifically reserved. Further, GGC reserves the right to identify other Events of Default that have already occurred or shall occur.

Sincerely,

GENESIS GLOBAL CAPITAL LLC