**MᴄDᴇʀᴍᴏᴛᴛ Wɪʟʟ & Eᴍᴇʀʏ LLP**
Darren Azman
Joseph B. Evans
Lucas B. Barrett
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MᴄDᴇʀᴍᴏᴛᴛ Wɪʟʟ & Eᴍᴇʀʏ LLP**
Gregg Steinman (*pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Genesis Crypto Creditors
Ad Hoc Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Genesis Global Holdco, LLC., *et al.*,[1] | ) | Case No. 23-10063 (SHL) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

### *EX PARTE* MOTION OF THE GENESIS CRYPTO CREDITORS AD HOC GROUP FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF THE FACT DECLARATIONS UNDER SEAL AND GRANTING RELATED RELIEF

The Genesis Crypto Creditors Ad Hoc Group (the "Crypto Creditors Group") hereby

submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto

as **Exhibit A** (the "Proposed Order"), authorizing the Crypto Creditors Group to: (a) file under

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

seal two Fact Declarations in Support the Genesis Crypto Creditors Ad Hoc Group's Objection to

Confirmation of the Debtors' Chapter 11 Joint Plan of Reorganization and Supporting Exhibits

(collectively, the "Fact Declarations"); and (b) provide unsealed versions of the Fact Declarations

to (i) the Court, (ii) the United States Trustee for the Southern District of New York, (iii) Cleary

Gottlieb Steen & Hamilton LLP, as counsel to Genesis Global Holdco, LLC and its affiliated

debtors (the "Debtors"), (iv) White & Case LLP, as counsel to the official committee of unsecured

creditors (the "Committee"), and (vi) the Ad Hoc Group of Genesis Lenders (collectively, the

"Receiving Parties"). In support of this Motion, the Crypto Creditors Group respectfully states as

follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a

core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28

U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of

title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 9013-1 and 9018-1of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

3.      On January 19, 2023 (the "Petition Date"), each of the Debtors commenced the

Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes

only.

2

4.      On February 3, 2023, the United States Trustee for Region 2 appointed the Committee.

5.      The Fact Declarations contain a litany of personally identifying and sensitive financial information of the members of the Crypto Creditors Group. Disclosure of this information would not only cause harm to the members of the Crypto Creditors Group due to the confidential nature of the information, but also could also lead to the members being identified.

6.      The Crypto Creditors Group seeks to file the Fact Declarations under seal in order to protect the sensitive financial information of the Crypto Creditors Group's members as well as their identities.

## RELIEF REQUESTED

7.      The Crypto Creditors Group respectfully requests entry of the Proposed Order authorizing the Crypto Creditors Group to: (a) file the Fact Declarations under seal, and (b) provide unsealed versions of the Fact Declarations to the Receiving Parties.

## BASIS FOR RELIEF REQUESTED

8.      Bankruptcy Code section 105(a) codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.[2] This section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or

---

[2]    *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

confidential research, development, or commercial information."[3] Bankruptcy Rule 9018 provides

that, upon motion, "the court may make any order which justice requires . . . to protect the estate

or any entity in respect of a trade secret or other confidential research, development, or commercial

information."[4]

9.      If the material sought to be protected satisfies one of the categories identified in

Bankruptcy Code section 107(b), "the court is *required* to protect a requesting party and has no

discretion to deny the application."[5]  Unlike its counterpart in Rule 26(c) of the Federal Rules of

Civil Procedure, Bankruptcy Code section 107(b) does not require a party to demonstrate "good

cause."[6]  "Courts have supervisory power over their records and files and may deny access to those

records and files to prevent them from being used for an improper purpose."[7]  Courts are required

to provide such protections "generally where open inspection may be used as a vehicle for

improper purposes."[8]

10.     The Bankruptcy Code defines neither "commercial" nor "confidential." The

Second Circuit has defined information to be "confidential commercial information" if: (a) the

information concerns an entity's business, and (b) disclosure of the information would give

competitors an unfair advantage.[9]  The information need not rise to the level of a trade secret to be

---

[3]    11 U.S.C. § 107(b)(1).

[4]    Fed. R. Bankr. P. 9018.

[5]    *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

[6]    *Id.* at 28.

[7]    *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

[8]    *Orion Pictures*, 21 F.3d at 27.

[9]    *See, e.g.*, *In re Orion Pictures Corp.*, 21 F.3d at 27 ("Commercial information has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" (quoting *Ad Hoc Protective Comm. for 10½% Debenture Holders v. Itel Corp. (In re Itel Corp.)*, 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982))).

protected under Bankruptcy Code section 107(b).[10] Confidential commercial information includes information whose "disclosure would have a chilling effect on [business] negotiations, ultimately affecting the viability of Debtors."[11]

11.      The financial information contained within the Fact Declarations is precisely the type of confidential commercial information that is properly protected under Bankruptcy Code section 107(b). What is more, the information in the Fact Declarations could be used to identify the members of the Crypto Creditors Group, which itself could lead to significant harm as recognized by the Court in the *Memorandum Decision* [Docket No. 581].   In light of these concerns, the Crypto Creditors Group submits that ample cause exists to seal the Fact Declarations and requests that the Court enter an order granting the same.

## NOTICE

12.      The Crypto Creditors Group will give notice of this Motion to the following parties and/or their respective counsel, as applicable: (a) the U.S. Trustee; (b) the Debtors; (c) the Committee; (d) the Ad Hoc Group of Genesis Lenders; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the requested relief's nature, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Crypto Creditors Group respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other relief that is necessary or appropriate in these circumstances.

---

[10]   *In re Barney's, Inc.*, 201 B.R. 703, 708–709 (Bankr. S.D.N.Y. 1996) (citing *In re Orion Pictures Corp.*, 21 F.3d at 26) (information need only be "so critical to the operations of the entity [requesting its protection from disclosure] that its disclosure will unfairly benefit the entity's competitors.").

[11]   *In re Borders Grp., Inc.*, 462 B.R. 42, 47–48 (Bankr. S.D.N.Y. 2011) (internal quotations omitted).

Dated:  New York, New York
       January 8, 2024

**MCDERMOTT WILL & EMERY LLP**

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
Lucas B. Barrett
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

-and-

Gregg Steinman (*pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Genesis Crypto Creditors
Ad Hoc Group*

**<u>EXHIBIT A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC., *et al.*,[1] | Case No. 23-10063 (SHL) |
|  | (Jointly Administered) |

**ORDER AUTHORIZING THE
FILING OF THE GENESIS CRYPTO CREDITORS AD HOC GROUP
FACT DECLARATIONS UNDER SEAL AND GRANTING RELATED RELIEF**

Upon the *Ex Parte Motion of the Genesis Crypto Creditors Ad Hoc Group for Entry of an Order Authorizing the Filing of the Fact Declarations Under Seal and Granting Related Relief* (the "Motion");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and sufficient notice and opportunity for a hearing having been given; and no other or further notice being required; and the Court having reviewed the Motion; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Crypto Creditors Group is authorized to file the Fact Declarations under seal.

3.      The Crypto Creditors Group is authorized to provide unsealed copies of the Fact

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

Declarations to each of the Receiving Parties.

4.        Neither the Fact Declarations, nor any copies thereof, shall be made available to any party that is not one of the Receiving Parties without the Crypto Creditors Group's written consent or further order of the Court.

5.        The Fact Declarations shall remain under seal until the closing of the Debtors' cases, at which time the Clerk's Office shall release any hard copies of or electronic storage device containing the Fact Declarations to the Crypto Creditors Group or, alternatively, destroy any copies of the Fact Declarations in a manner consistent with the need to preserve confidentiality.

6.        The Crypto Creditors Group shall submit an unsealed copy of the Fact Declarations to the Clerk of this Court under seal in an envelope, clearly marked to indicate that the same has been filed under seal by order of this Court.

7.        This Order is without prejudice to the rights of any party in interest, or the U.S. Trustee, to seek to unseal the Objection.

8.        Notwithstanding any procedural rule to the contrary, this order shall become effective immediately on its entry.

9.        This Court retains jurisdiction of any matter arising from or relating to the implementation, interpretation, or enforcement of this Order.

Dated: January ___, 2024
          New York, New York


_____
THE HONORABLE SEAN H LANE
UNITED STATES BANKRUPTCY JUDGE