UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF ADAM W. VEROST IN SUPPORT OF DIGITAL CURRENCY GROUP, INC.'S AND DCG INTERNATIONAL INVESTMENTS LTD.'S OBJECTION TO CONFIRMATION OF THE AMENDED JOINT PLAN OF GENESIS GLOBAL HOLDCO, LLC, ET AL.**

I, Adam W. Verost, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am above 18 years of age, and I am competent to testify. I am a Partner of Ducera Partners LLC ("**Ducera**"), a financial advisory services firm located at 11 Times Square, 36th Floor, New York, NY 10036.

2. I submit this fact declaration (the "**Declaration**") with respect to Digital Currency Group, Inc.'s and DCG International Investments Ltd.'s (together, "**DCG**") objection to confirmation of the Amended Joint Chapter 11 Plan of Genesis Global Holdco, LLC, Genesis Global Capital, LLC, and Genesis Asia Pacific Pte. Ltd. (together, the "**Debtors**"), filed November 28, 2023 [Docket No. 989] (the "**Plan**"), including the supplement to the Plan, filed December 29, 2023 [Docket No. 1117].

3. The statements in this Declaration are, except as otherwise noted, based on information that is publicly available, provided by the Debtors or their advisors, or other interested

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

parties as of January 8, 2024, my personal knowledge, and Ducera's employees working directly with me or under my supervision or direction. If called upon to testify, I would testify to the facts set forth herein. Capitalized terms used herein but otherwise not defined shall have the meanings given to such terms in the Plan.

4.      I understand that the Court has authorized Plan confirmation-related discovery in its *Order Authorizing Debtors' Motion To Approve (I) The Adequacy Of Information In The Disclosure Statement, (II) Solicitation And Voting Procedures, (III) Forms of Ballots, Notices And Notice Procedures In Connection therewith, And (IV) Certain Dates With Respect Thereto*, filed December 6, 2023 [Docket No. 1027] (the "**December 6 Order**"). I understand that Plan confirmation-related discovery is ongoing, including with respect to the topics of the Debtors' assets and liabilities that I address below. I reserve the right to amend, update, supplement and/or revise this Declaration when the Plan confirmation-related discovery record is complete.

## Background and Qualifications

5.      Ducera is an independent investment banking firm that provides strategic advisory, restructuring, and liability management services as well as capital markets knowledge, financing skills, and restructuring capabilities that are employed in corporate restructuring transactions. Ducera's professionals have extensive experience rendering investment banking services to financially distressed companies and to creditors, equity holders, and other constituencies in reorganization proceedings and complex financial restructurings, both in-court and out-of-court, from its offices in New York, California, and Connecticut.

6.      Since its inception in 2015, Ducera has provided restructuring services in numerous large, complex chapter 11 cases to debtors, creditor groups, asset purchasers, committees, boards of directors, special committees, and trustees in a number of bankruptcy matters including, but not

limited to: (a) *In re GBG USA Inc.*, Case No. 21-11369 (Bankr. S.D.N.Y); (b) *In re Mallinckrodt plc*, Case No. 20-12522 (Bankr. D. Del.); (c) *In re Superior Energy Services, Inc.*, Case No. 20-35812 (Bankr. S.D. Tex.); (d) *In re Remington Outdoor Co.*, Case No. 20-81688 (Bankr. N.D. Ala.); (e) *In re Imerys Talc Am., Inc.*, Case No. 19-10289 (Bankr. D. Del.); (f) *In re Paniolo Cable Co., LLC*, Case No. 18-01319 (Bankr. D. Haw.); (g) *In re Specialty Retail Shops Holding Corp., et al.,* Case No. 19-80064 (Bankr. D. Neb.); (h) *In re Sungevity*, Case No. 17-10561 (Bankr. D. Del.); (i) *In re Toys "R" Us, Inc.*, Case No. 17-34665 (Bankr E.D. Va.); (j) *In re Panda Temple Power, LLC*, Case No. 17-10839 (Bankr. D. Del.); (k) *In re Dacco Transmission Parts (NY), Inc.*, Case No. 16-13245 (Bankr. S.D.N.Y.); (l) *In re Hercules Offshore, Inc.*, Case No. 16-11385 (Bankr. D. Del.); (m) *In re Illinois Power Generating Co.*, Case No. 16-36326 (Bankr. S.D. Tex.); (n) *In re Paragon Offshore PLC*, Case No. 16-10386 (Bankr. D. Del.); (o) *In re Diebold Nixdorf, Incorporated*, Case No. 23-90605 (Bankr. S.D. Tex.); (p) *In re Yellow Corporation*, Case No. 23-11069 (Bankr. D. Del.); and (q) *In re Core Scientific, Inc.*, Case No. 22-90341 (Bankr. S.D. Tex.).

7. I have been a Partner in Ducera since June 2015. Before joining Ducera, I held positions at other restructuring advisory firms, including, most recently as a Managing Director, at Perella Weinberg Partners L.P. I have also held positions at Kramer Capital Partners, LLC, Greenhill & Co., and Houlihan Lokey, Inc. I received a Bachelor of Science degree from Indiana University in Finance, Accounting, and International Business.

8. I have advised on numerous large, complex chapter 11 cases to debtors, creditor groups, asset purchasers, committees, boards of directors, and special committees in a number of bankruptcy matters including, but not limited to: (a) *In re CBL & Associates Properties, Inc., et al.*, Case No. 20-35226 (Bankr. S.D. Tex.); (b) *In re Specialty Retail Shops Holding Corp.*, Case No. 19-80064 (Bankr. D. Neb.); (c) *In re Atari Interactive, Inc.,* Case No. 13-10176 (Bankr.

S.D.N.Y.); (d) *In re Masonite Corporation*, Case No. 09-10844 (Bankr. D. Del.); (e) *In re Complete Retreats, LLC*, Case No. 06-50245 (Bankr. D. Conn.); (f) *In re UAL Corporation, et al.*, Case No. 02-B48191 (Bankr. N.D. Ill.); (g) *In re Orius Corp.*, Case No. 05-63876 (Bankr. N.D. Ill.); (h) *In re Stations Holding Co.*, Case No. 02-10882 (Bankr. D. Del.); (i) *In re KCS Energy, Inc.*, Case No. 00-00028 (Bankr. D. Del.); (j) *In re Harnischfeger Industries, Inc.*, Case No. 99-2171 (Bankr. D. Del.); and (k) *In re Core Scientific, Inc.*, Case No. 22-90341 (Bankr. S.D. Tex.).

9. I hold the Series 7 and Series 63 securities licenses.

10. I have served as the Co-Chairman of Ducera's Fairness Opinion Committee since its inception.

## Background

11. Since the Petition Date, the Debtors have experienced a significant appreciation in the value of the assets available for distribution to their various creditors and have also reached various settlements with third-parties that have reduced the uncertainty surrounding the Debtors' restructuring process. For example, the price of Bitcoin ("**BTC**") has increased ~108% from $21,091.98 to $43,950.28.[2] Hence, assets that are denominated in that currency have increased in value, ultimately improving the expected recoveries for the Debtors' creditors, and based on current levels, the estate is estimated to have total distributable value that may exceed total creditor claims, potentially resulting in residual equity value.

## Description of Debtors' Liabilities

12. The majority of the Debtors' liabilities fall under three categories:

   a. **Loans Payable:** Given the nature of the Debtors' business, in which they provide

---

[2] As of January 7, 2024 and reflected in data received from the Debtors. Of note, as of January 8, 2024, BTC was trading above $47,000.

- 4 -

lending and borrowing services for fiat currency and digital assets, the majority of the Debtors' liabilities include principal and accrued pre-petition interest they owe to various third-party institutions, including certain DCG entities, and high net-worth individuals as of the Petition Date. While most of the loans are unsecured in nature, in some instances, the Debtors have pledged fiat currency and digital assets as collateral to multiple creditors against such loans.

b. **Third-Party Collateral Payable:** Similar to the above, as of the Petition Date, multiple third parties have pledged fiat currency and digital assets as collateral to the Debtors against amounts lent by the Debtors to various third-party institutions. Such collateral is accounted for in the Debtors' reported cash and digital assets balances.

c. **FTX and 3AC Settled Claims:** The Debtors and their non-Debtor affiliates and subsidiaries have entered into settlements with FTX Trading LTD. ("**FTX**") [Docket No. 603] and Three Arrows Capital, Ltd. ("**3AC**") [Docket No. 906] pursuant to which FTX and 3AC have agreed to, among other things, receive $175 million and $33 million, respectively, in allowed general unsecured claims against the Debtors.

### Description of Debtors' Assets

13. The majority of the Debtors' assets fall under the following five categories:

a. **Fiat Currency and Digital Assets Held by the Debtors:** The Debtors hold a significant amount of cash and digital assets on their balance sheet, including collateral pledged by third parties to the Debtors. The digital assets consist of (i) stable digital assets, such as USDT and USDC, which are generally pegged to the

U.S. dollar and do not fluctuate in value; (ii) major crypto-currencies, BTC and Ethereum, which are generally liquid; (iii) Grayscale trust shares, such as Grayscale Bitcoin Trust and Grayscale Ethereum Trust, which currently trade at a discount to their net asset value that is based on a fractional share of Bitcoin and Ethereum; and (iv) other alternative cryptocurrencies.

b. **Third-Party Loans Receivable:** As part of the Debtors' operations, the Debtors lend fiat currency and digital assets to various institutions and high net-worth individuals. In some instances, the third parties have pledged fiat currency and digital assets as collateral to the Debtors.

c. **Third-Party Collateral Receivable:** As mentioned above, the Debtors have pledged fiat currency and digital assets as collateral to multiple creditors against their loans.

d. **DCG Obligations:** The Debtors have an approximately $1.1 billion note due June 30, 2032 from DCG ("**DCG Promissory Note**"). Previously, the Debtors had obligations due May 2023 from DCG. The Debtors and DCG entered into a partial repayment agreement, pursuant to which DCG and DCGI repaid all undisputed outstanding borrowings previously due May 2023, as of January 5, 2024.

e. **Non-Debtor and Debtor Affiliate Receivables:** The Debtors and their non-Debtor affiliates and subsidiaries (excluding DCG) have various intercompany loans and claims amongst each other.

f. Based on conversations with the Debtors and their advisors, certain amounts will be required to fund ongoing case expenses, such as professional fees and wind-

down costs, and according to the Plan, the Debtors contemplate funding of a litigation reserve.

## Calculation of Creditor Recoveries

14. **Estimation of Creditors' Net Position:** To calculate the net position for an individual third-party creditor, one adds the value, based on Petition Date prices, of loans payable (including pre-petition interest) and collateral payable by the Debtor to the respective creditor, and then subtracts the value, based on prices as of the calculation date, of loan receivables and collateral receivables by the Debtor from the respective creditor.

$$Net\ Position = (Loans\ Payable + Collateral\ Payable)_{p=Petition\ Date}$$
$$- (Loans\ Receivable + Collateral\ Receivable)_{p=Current\ Price}$$

15. **Estimation of Total Claims:** Total creditor claims are the sum of all creditors with a net position *greater than* $0, with the settled amount of FTX and 3AC claim added to get to the total estate claims, plus post-petition interest.

16. **Estimation of Total Distributable Assets:** Total distributable assets are calculated as follows: (i) the value of cash and digital assets held by the Debtors (net of any estimated wind-down, case expenses, and amount reserved for the litigation reserve); (ii) sum of all creditors with a net position less than $0; (iii) Debtors' estimate of Debtor and non-Debtor Affiliate recoveries; (iv) estimated recovery pursuant to the Moonalpha settlement; and (v) the DCG Promissory Note.

17. **Estimation of Creditors' Recoveries:** Based on the total estimated claims and distributable assets, to be calculated and updated once Plan confirmation-related discovery is complete, the Debtors' creditors may receive 100% recoveries, including any post-petition interest,

and there is excess value beyond unsecured claims plus interest.[3]

* * *

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

| | |
|---|---|
| Dated: January 8, 2024<br>New York, New York | By: /s/ Adam W. Verost<br>Adam W. Verost<br>**Ducera Partners, LLC**<br>11 Times Square, 36th Floor<br>New York, NY 10036<br>Telephone: (212) 671-9757<br>Email: averost@ducerapartners.com |

---

[3] The record currently available is incomplete with respect to the Government Penalty Claims Class. As such, I do not address them in this Declaration.