Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | **Related Docket Nos. 995, 1060 & 1122** |

### NOTICE OF SUPPLEMENTAL DECLARATION OF PAUL KINEALY IN SUPPORT OF DEBTORS' FOURTH AND SEVENTEENTH OMNIBUS OBJECTIONS (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)

**PLEASE TAKE NOTICE** that on January 3, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on November 29, 2023, the Debtors filed the *Debtors' Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

*11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate, Amended and No Liability)* (ECF No. 995) (the "Fourth Omnibus Objection"), seeking to disallow and expunge certain claims, including certain No Books and Records Claims (as defined in the Fourth Omnibus Objection and listed on Exhibit 4 to the proposed order attached thereto as Exhibit A) on the grounds that the Debtors' Books and Records (as defined in the Fourth Omnibus Objection) do not reflect the existence of the No Books and Records Claim or of the applicable claimants asserting such claims against the Debtors, such that the Debtors were not liable for the No Books and Records Claims. The Fourth Omnibus Objection was heard before this Court on January 3, 2024 (the "Jan. 3 Hearing").

**PLEASE TAKE FURTHER NOTICE** that, on December 12, 2023, the Debtors filed the *Debtors' Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1060) (the "Seventeenth Omnibus Objection"), seeking to disallow and expunge certain additional claims on the grounds that the Debtors were not liable for such claims, including certain No Books and Records Claims (as defined in the Seventeenth Omnibus Objection and listed on Exhibit 1 to the proposed order attached thereto as Exhibit A) on the grounds that the Debtors' Books and Records (as defined in the Seventeenth Omnibus Objection) do not reflect the existence of the No Books and Records Claim or of the applicable claimants asserting such claims against the Debtors. The Seventeenth Omnibus Objection is currently scheduled for a hearing before this Court on January 18, 2024.

**PLEASE TAKE FURTHER NOTICE** that during the Jan. 3 Hearing, the Court granted the Fourth Omnibus Objection solely with respect to the claims listed on Exhibits 1, 2, 3 and 5 to the proposed order attached to the Fourth Omnibus Objection as Exhibit A. With respect to the No Books and Records Claims listed on Exhibit 4 thereto, the Debtors agreed to provide additional information to clarify that the bases for expungement of the No Books and Records Claims subject to the Fourth Omnibus Objection.

**PLEASE TAKE FURTHER NOTICE** that the Debtors filed the *Notice of Adjournment of Debtors' Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate, Amended and No Liability) with Respect to No Books and Records Claims* (ECF No. 1122), adjourning the Fourth Omnibus Objection, solely with respect to the No Books and Records Claims, to the January 18, 2024 omnibus hearing.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file this *Notice Of Supplemental Declaration of Paul Kinealy in Support of Debtors' Fourth and Seventeenth Omnibus Objections (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Supplemental Kinealy Declaration") providing additional information concerning the bases for expungement of the No Books and Records Claims subject to the Fourth Omnibus Objection and each of the claims subject to the Seventeenth Omnibus Objection, given that the Debtors objected to such claims on a similar basis.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Fourth Omnibus Objection, solely with respect to the No Books and Records Claims, and the Seventeenth Omnibus Objection will take place on January 18, 2024, at 10:00 A.M. (Prevailing Eastern Time) (the "Hearing"), and will be conducted through Zoom for the government. Pursuant to the *Order*

2

*Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"), the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order at 3.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** copies of the Fourth Omnibus Objection and Seventeenth Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Fourth Omnibus Objection, the Seventeenth Omnibus Objection and the Supplemental Kinealy Declaration carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Seventeenth Omnibus Objection, or if you want the Court to hear your position on the Seventeenth Omnibus Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Seventeenth Omnibus Objection and may enter orders granting the relief requested by the Debtors.[3]

---

[3] The deadline to file any responses to the Fourth Omnibus Objection was December 21, 2023. The deadline to file any response to the Seventeenth Omnibus Objection was January 9, 2024. No responses from any Claimants holding Books and Records Claims subject to the Fourth Omnibus Objection or any Claimants subject to the Seventh Omnibus Objection were timely filed or served.

3

|  |  |
|---|---|
| Dated: January 12, 2023<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL DECLARATION
OF PAUL KINEALY IN SUPPORT OF DEBTORS'
FOURTH AND SEVENTEENTH OMNIBUS OBJECTIONS
(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT
TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

I, Paul Kinealy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

## BACKGROUND

1. I am a Senior Director at Alvarez and Marsal North America, LLC ("A&M"), the financial advisor for the above-captioned Debtors.

2. In my capacity as Senior Director, I am authorized to submit this supplemental declaration (the "Supplemental Declaration") in support of the *Debtors' Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 995) (the "Fourth Omnibus Objection") and the *Debtors' Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1060) (the "Seventeenth Omnibus Objection" and together with the Fourth Omnibus Objection, the "Objections").[2]

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objections.

3. I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and Books and Records and am responsible for overseeing the review and analysis of claims filed in the Debtors' Chapter 11 Cases. All facts set forth herein are based on my personal knowledge, my review or the review of employees of A&M of the Claims and other relevant documents or information provided by the Debtors' employees and advisors. If I were called upon to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees of A&M, personally reviewed the claims included on Exhibit 4 to the proposed order of the Fourth Omnibus Objection (the "No Books and Records Claims") and the claims on Exhibit 1 to the proposed order of the Seventeenth Omnibus Objection other than proof of claim number 477[3] (the "No Liability Claims" and together with the No Books and Records Claims, the "Disputed Claims") as part of the claims reconciliations process in these Chapter 11 Cases.

## FACTUAL BASIS OF OBJECTION

4. Either I or one or more of the Debtors' employees or advisors operating at A&M's direction have reviewed the Claims Register, the Debtors' Books and Records, and each of the Disputed Claims, including any supporting documentation attached thereto, and the facts and circumstances set forth in the Objection regarding such Claims.

5. We have determined that, for the vast majority of the Disputed Claims, (1) the Debtors' Books and Records do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim recovery against the Debtors and (2) that the Claimant did not provide *any*

---

[3] This Supplemental Declaration does not address proof of claim number 477 ("Claim No. 477") because the Debtors assert that they are not liable for Claim No. 477 on the basis that that the Claimant who filed Claim No. 477 released the Debtors from such asserted liability, rather than an assertion that Claim No. 477 is inconsistent with the Debtors' Books and Records. The basis of the Debtors' objection to Claim No. 477 is described more fully in the Seventeenth Omnibus Objection. *See* Seventeenth Omnibus Objection ¶ 18.

2

supporting information to identify the basis for the asserted liability. As the Disputed Claims are not found within the Debtors' Books and Records and no additional documentation to support such claims was provided, the Debtors are not liable.

6. We have further determined that two of the No Books and Records Claims did include certain additional documentation, but such documentation was insufficient to provide a basis for the alleged liabilities against the Debtors, as discussed below.[4]

7. Specifically, for proof of claim number 542 ("Claim No. 542"), the proof of claim does include supplemental documentation, however such documentation consists solely of a separate copy of Claim No. 542. Both versions of the proofs of claim provide only that the liability is based on "goods" or "pending on hold from lawsuit[.]" *See* Claim No. 542, attached hereto as **Exhibit A**. For the avoidance of doubt, neither Claim No. 542 nor any supplemental documentation (i) provides any description of, or any other information to identify, such alleged "goods" or "lawsuit" or (ii) otherwise identifies any relationship with the Debtors or that the alleged liability is owed by the Debtors. We have reviewed the Debtors' Books and Records and have found no record of any such goods or a lawsuit associated with the Claimant who filed Claim No. 542.

---

[4] The Debtors note that they have withdrawn the Fourth Omnibus Objection solely with respect to proof of claim number 1132 ("Claim No. 1132"), which was initially identified as a No Books and Records Claim. *See Notice of Withdrawal of Debtors' Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability) Solely with Respect to Claim 1132* (ECF No. 1125). Informal discussions with counsel to Gemini Trust Company, LLC ("Gemini") have made clear that the Claimant who filed Claim No. 1132 is a Gemini lender and that the liabilities asserted in Claim No. 1132 is separately included as part of the master claim filed by Gemini on behalf of such lenders (the "Gemini Master Claim"). The Debtors have subsequently objected to Claim No. 1132 on the basis that it is a duplicate of the Gemini Master Claim in the *Debtors' Twentieth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1142), filed on January 9, 2024 and scheduled for hearing on February 8, 2024. The proposed supplemental order that the Debtors will submit should the court sustain the Books and Records claims subject to the Fourth Omnibus Objection will therefore not include claim 1132.

8. Similarly, for proof of claim number 803 ("Claim No. 803"), although the proof of claim does include certain supplemental documentation, such documents consist of screenshots of a medical portal. The proof of claim states the amounts allegedly owed are based on "personal injury due to taking several medications pertaining to dependency on listed medications." *See* Claim No. 803, attached hereto as **Exhibit B**. For the avoidance of doubt, neither Claim No. 803 nor any supporting documentation indicates any relationship with the Debtors or that the alleged liability is owed by the Debtors. We have reviewed the Debtors' Books and Records and have found no record of the Claimant who filed Claim No. 803, nor does the Debtors' business in any way relate to medical services or provisions. *See* Fourth Omnibus Objection ¶ 2 (describing the Debtors and their subsidiaries' business as lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency). On information and belief, the Debtors posit that claim 803 was intended to be filed in the Genesis Care Pty proceedings pending under Case No. 23-90614 before the United States Bankruptcy Court for the Southern District of Texas.

9. Additionally, three of the No Liability Claims included certain further documentation, but we have determined such documentation was insufficient to provide a basis for the alleged liabilities against the Debtors.

10. Proof of claim number 213 ("Claim No. 213") provides that the alleged liability was based on "money invested" and the attached documentation shows account statements that seem to be related to investments with a platform called Donut. *See* Claim No. 213, attached hereto as **Exhibit C**. For the avoidance of doubt, neither Claim No. 213 nor any supporting documentation indicates any direct relationship with the Debtors or that the alleged liability is owed by the Debtors. We have reviewed the Debtors' Books and Records and have found no record of the Claimant who filed Claim No. 213.

4

11. Proof of claim number 291 ("Claim No. 291") provides that the alleged liability was based on "Digital Assets Loaned to Debtor" and similarly includes documentation that shows account statements that seem to be related to investments with the Donut platform. *See* Claim No. 291, attached hereto as **Exhibit D**. For the avoidance of doubt, neither Claim No. 291 nor any supporting documentation indicates any direct relationship with the Debtors or that the alleged liability is owed by the Debtors. We have reviewed the Debtors' Books and Records and have found no record of the Claimant who filed Claim No. 291 nor any evidence of an independent relationship between such Claimant and the Debtors.

12. Proof of claim number 1199 ("Claim No. 1199") states that the alleged liability is based on "services performed" and includes supporting documentation that shows a pending balance of bitcoin. *See* Claim No. 1199, attached hereto as **Exhibit E**. However, the supporting documentation does not indicate where such account with the pending balance is held, nor does it state or explain the basis for any relationship between the supporting documentation and the Debtors or any alleged services performed or relationship between the claimant holding Claim 1199 and any of the Debtors. *Id.* In addition, and for the avoidance of doubt, neither Claim No. 1199 nor any supporting documentation indicates any relationship with the Debtors or that the alleged liability is owed by the Debtors. We have reviewed the Debtors' Books and Records and have found no record of the Claimant who filed Claim No. 1199 or any pending balance owed to such Claimant to or any account held by such Claimant with the Debtors, nor have we found any liability relating to any services performed by such Claimant.

13. I submit that the facts and circumstances set forth in the Objections are true and accurate to the best of my knowledge, information and belief, and the Disputed Claims should be disallowed in full.

5

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on January 12, 2023        <u>/s/ Paul Kinealy</u>
                                    Paul Kinealy

6

# Exhibit A

**Claims No. 542**

**[REDACTED FOR PII]**

**Exhibit B**

**Claim No. 803**

**[REDACTED FOR PII]**

## Exhibit C

**Claim No. 213**

**[REDACTED FOR PII]**

## Exhibit D

**Claim No. 291**

**[REDACTED FOR PII]**

**Exhibit E**

**Claim No. 1199**

**[REDACTED FOR PII]**