UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE
SECOND AMENDMENT TO THE
DEBTORS MOTION TO RETAIN AND
COMPENSATE CERTAIN PROFESSIONALS
UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for entry of an order (this "Order"), as more fully described in the Motion, pursuant to section 105(a), 327, 328, and 330 of the Bankruptcy Code, amending the OCP Order to increase the overall OCP Case Cap from $500,000.00 to $1,000,000.00; and upon the *Declaration of A. Derar Islim in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Islim Declaration"), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Aronzon Declaration"), and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (the "Leto Declaration," and along with the Islim Declaration and the Aronzon Declaration, the "First Day Declarations") and the *Declaration of Paul Aronzon in Support of the Motion for Authority to*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

*Employ Professionals Used in the Ordinary Course of Business* (the "Aronzon OCP Declaration"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor, its estates, its creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The *Order Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business*, ECF No. 102, and the *Order Amending the Order Authorizing the Debtors to Retain and Compensate Certain Professionals Utilized in the Ordinary Course of Business*, ECF No. 548, remain in effect in all respects, except that the OCP Case Cap is increased to $1,000,000.00. For the avoidance of doubt, any inadvertent

payments in excess of the OCP Case Cap previously in place, but which do not exceed the increased OCP Case Cap approved by this Order, are hereby approved *nunc pro tunc*.

3. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

4. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: January 19, 2024      */s/ Sean H. Lane*
      White Plains, New York      THE HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE