UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER APPROVING SETTLEMENT AGREEMENT BY AND AMONG GENESIS GLOBAL CAPITAL AND MOONALPHA FINANCIAL SERVICE LIMITED**

Upon the motion of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") approving the Settlement Agreement[2] pursuant to sections 105(a), 553 and 558 of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The Debtors have demonstrated sound business judgment for entering into the Settlement Agreement.

2. The terms of the Settlement Agreement evidence good faith, arms' length negotiations, are fair and in the best interest of the Debtors' estates, including their creditors and other stakeholders.

3. The settlement is plainly within the range of reasonableness and in the best interest of the Debtors and their estates and the creditors in this case.

4. Based on the record before the Court, the Debtors have demonstrated good and sufficient basis for the Court to approve the Motion.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

5. The Motion is GRANTED to the extent set forth herein.

6. The settlement is approved and authorized and GGC is authorized to perform in accordance with the terms of the Settlement Agreement.

7. The provisions of the Settlement Agreement are incorporated herein by reference and shall be effective and binding as though fully set forth herein.

8. GGC is authorized to enter into the Settlement Agreement and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions that may be reasonably necessary or appropriate to implement the agreements, and perform all obligations contemplated thereunder.

9. This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding.

10. The terms and provisions of this Order shall be immediately effective and enforceable upon its entry. The effectiveness of this Order shall not be stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise.

11. The automatic stay arising pursuant to section 362(a) of the Bankruptcy Code is modified to the extent necessary to effect the terms set forth in the Settlement Agreement.

12. The Debtors' claims agent, Kroll LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

13. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: January 22, 2024  /s/ Sean H. Lane
White Plains, New York  The Honorable Sean H. Lane
United States Bankruptcy Judge