**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## AFFIDAVIT OF SERVICE OF SOLICITATION MATERIALS

I, Alex Orchowski, depose and say that:

1.      I am a Director of Restructuring Administration at Kroll Restructuring Administration LLC ("***Kroll***"), the claims and noticing agent and administrative advisor for the Debtors in the above-captioned chapter 11 cases. At my direction and under my supervision, employees of Kroll caused the following materials to be served:

    a.   the Notice of Hearing to Consider Confirmation of the Chapter 11 Filed by the Debtors and Related Voting and Objection Deadlines, a copy of which is attached hereto as **Exhibit A** (the "***Confirmation Hearing Notice***");

    b.   the Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC *et al.*, Under Chapter 11 of the Bankruptcy Code [Docket No. 1031] (the "***Amended Disclosure Statement***");

    c.   the Order Authorizing Debtors' Motion to Approve (I) the Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures in Connection Therewith, and (IV) Certain Dates with Respect Thereto [Docket No. 1027] (the "***Disclosure Statement Order***");

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

d.   the Letter to Genesis Clients, Customers and Stakeholders Entitled to Vote on the Debtors' Amended Joint Chapter 11 Plan, a copy of which is attached hereto as **Exhibit B** (the "***Cover Letter***");

e.   the Class 3: Fiat-or-Stablecoin-Denominated Unsecured Claims Against Genesis Asia Pacific Pte. Ltd. Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit C** (the "***Class 3 GAP Ballot***");

f.   the Class 3: Fiat-or-Stablecoin-Denominated Unsecured Claims Against Genesis Global Capital, LLC Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit D** (the "***Class 3 GGC Ballot***");

g.   the Class 3: Fiat-or-Stablecoin-Denominated Unsecured Claims Against Genesis Global Holdco, LLC Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit E** (the "***Class 3 GGH Ballot***");

h.   the Class 4: BTC-Denominated Unsecured Claims Against Genesis Asia Pacific Pte. Ltd. Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit F** (the "***Class 4 GAP Ballot***");

i.   the Class 4: BTC-Denominated Unsecured Claims Against Genesis Global Capital, LLC Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit G** (the "***Class 4 GGC Ballot***");

j.   the Class 4: BTC-Denominated Unsecured Claims Against Genesis Global Holdco, LLC Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit H** (the "***Class 4 GGH Ballot***");

k.   the Class 5: ETH-Denominated Unsecured Claims Against Genesis Asia Pacific Pte. Ltd. Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit I** (the "***Class 5 GAP Ballot***");

l.   the Class 5: ETH-Denominated Unsecured Claims Against Genesis Global Capital, LLC Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit J** (the "***Class 5 GGC Ballot***");

m.   the Class 5: ETH-Denominated Unsecured Claims Against Genesis Global Holdco, LLC Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit K** (the "***Class 5 GGH Ballot***");

n.   the Class 6: Alt-Coin-Denominated Unsecured Claims Against Genesis Asia Pacific Pte. Ltd. Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit L** (the "***Class 6 GAP Ballot***");

o.   the Class 6: Alt-Coin-Denominated Unsecured Claims Against Genesis Global Capital, LLC Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit M** (the "***Class 6 GGC Ballot***");

p.   the Class 6: Alt-Coin-Denominated Unsecured Claims Against Genesis Global Holdco, LLC Ballot for Voting to Accept or Reject the Debtors' Amended Joint Chapter 11 Plan, a form of which is attached hereto as **Exhibit N** (the "***Class 6 GGH Ballot***");

q.   the Notice of Non-Voting Status to Holders of Unimpaired Claims Conclusively Presumed to Accept the Plan, a copy of which is attached hereto as **Exhibit O** (the "***Unimpaired Non-Voting Notice***");

r.   the Notice of Non-Voting Status to Holders of Impaired Claims Conclusively Presumed to Reject the Plan, a copy of which is attached hereto as **Exhibit P** (the "***Impaired Non-Voting Notice***");

s.   the Notice of Non-Voting Status with Respect to Disputed Claims, a copy of which is attached hereto as **Exhibit Q** (the "***Disputed Claims Non-Voting Notice***"); and

t.   a pre-addressed, postage paid return envelope (the "***Return Envelope***"), a sample of which is not attached hereto.

2.      Unless otherwise stated, on December 6, 2023, at my direction and under my supervision, employees of Kroll caused electronic copies of the above materials to be served as follows:

a. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 3 GAP Ballot were served via email on the parties identified on the service list attached hereto as **Exhibit R**;

b. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 3 GGC Ballot were served via email on the parties identified on the service list attached hereto as **Exhibit S**;

c. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 3 GGH Ballot were served via email on the parties identified on the service list attached hereto as **Exhibit T**;

d. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 4 GAP Ballot were served via email on three interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

e. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 4 GGC Ballot were served via email on the parties identified on the service list attached hereto as **Exhibit U**;

f. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 4 GGH Ballot were served via email on the interested party whose name and email address have been redacted and withheld from this affidavit in the interest of privacy;

g. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 5 GGC Ballot were served via email on the parties identified on the service list attached hereto as **Exhibit V**;

h. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 5 GGH Ballot were served via email on the interested party whose name and email address have been redacted and withheld from this affidavit in the interest of privacy;

i. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 6 GAP Ballot were served via email on

two interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

j. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 6 GGC Ballot were served via email on the parties identified on the service list attached hereto as **Exhibit W**;

k. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 6 GGH Ballot were served via email on 2 interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

l. the Confirmation Hearing Notice and Unimpaired Non-Voting Notice were served via email on 13 interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

m. the Confirmation Hearing Notice and Impaired Non-Voting Notice were served via email on the parties identified on the service list attached hereto as **Exhibit X**; and

n. the Confirmation Hearing Notice was served via email on the parties identified on the service list attached hereto as **Exhibit Y**.

3.      In addition to the service detailed above, on December 7, 2023, at my direction and under my supervision, employees of Kroll caused electronic copies of the above materials to be served as follows:

a. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 3 GAP Ballot, Class 3 GGC Ballot, Class 3 GGH Ballot, Class 4 GAP Ballot, Class 4 GGC Ballot, Class 4 GGH Ballot, Class 5 GAP Ballot, Class 5 GGC Ballot, Class 5 GGH Ballot, Class 6 GAP Ballot, Class 6 GGC Ballot and Class 6 GGH Ballot were served on Gemini Trust Company, LLC[2] ("*Gemini*") whose email address has been redacted and withheld from this affidavit in the interest of privacy;

b. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 3 GGH Ballot, Class 4 GGH Ballot, Class 5 GGH Ballot and Class 6 GGH Ballot were served on the Ad Hoc Group of Genesis

---

[2]  Gemini serves as the agent for the Gemini Lenders.  The Solicitation Procedures approved by the Court directed Kroll to provide the aforementioned materials to Gemini with instructions to forward such materials to the underlying Gemini Lenders.

Lenders whose email address has been redacted and withheld from this affidavit in the interest of privacy;

c. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order and Cover Letter were served via email on the parties identified on the service list attached hereto as **Exhibit Z**;

d. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 3 GGC Ballot were served via email on 19 interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

e. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 3 GGH Ballot were served via email on 59 interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

f. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 4 GGC were served via email on three interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

g. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 5 GGC Ballot were served via email on two interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

h. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 5 GGH Ballot were served via email on one interested party whose name and email address have been redacted and withheld from this affidavit in the interest of privacy;

i. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 6 GGC Ballot were served via email on four interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy; and

j. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 6 GGH Ballot were served via email on three interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy.

4.    In addition to the services detailed above, on December 8, 2023, at my direction and under my supervision, employees of Kroll caused true and correct copies of the above materials to be served as follows:

k.  the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 3 GAP Ballot and Return Envelope were served via first class mail on the parties identified on the service list attached hereto as **Exhibit AA**;

l.  the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 3 GGC Ballot and Return Envelope were served via first class mail on the parties identified on the service list attached hereto as **Exhibit BB**;

m.  the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 3 GGH Ballot and Return Envelope were served via first class mail on the parties identified on the service list attached hereto as **Exhibit CC**;

n.  the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 4 GGC Ballot and Return Envelope were served via first class mail on nine interested parties whose names and addresses have been redacted and withheld from this affidavit in the interest of privacy;

o.  the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 5 GGC Ballot and Return Envelope were served via first class mail on one interested party whose name and address have been redacted and withheld from this affidavit in the interest of privacy;

p.  the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 6 GGC Ballot and Return Envelope were served via first class mail on three interested parties whose names and addresses have been redacted and withheld from this affidavit in the interest of privacy;

q.  the Confirmation Hearing Notice and Impaired Non-Voting Notice were served via first class mail on the parties identified on the service list attached hereto as **Exhibit DD**;

r.  the Confirmation Hearing Notice and Disputed Claims Non-Voting Notice were served via first class mail on 41 interested parties whose names and addresses have been redacted and withheld from this affidavit in the interest of privacy;

  s. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order and Cover Letter were served via first class mail on the parties identified on the service list attached hereto as **<u>Exhibit EE</u>**; and

  t. the Confirmation Hearing Notice was served via first class mail on the parties identified on the service list attached hereto as **<u>Exhibit FF</u>**.

5. In addition to the services detailed above, on December 11, 2023, at my direction and under my supervision, employees of Kroll caused electronic copies of the above materials to be served as follows:

  a. the Confirmation Hearing Notice and Disputed Claims Non-Voting Notice were served via email on the parties identified on the service list attached hereto as **<u>Exhibit GG</u>**.

6. In addition to the services detailed above, on December 13, 2023, at my direction and under my supervision, employees of Kroll caused electronic copies of the above materials to be served as follows:

  a. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 3 GAP Ballot, Class 3 GGC Ballot, Class 3 GGH, Class 4 GGC Ballot, Class 5 GGC Ballot, Class 6 GGC Ballot, Impaired Non-Voting Notice and Disputed Claims Non-Voting Notice were served via email on the US Trustee whose email address has been redacted and withheld from this affidavit in the interest of privacy.

*[Remainder of Page Intentionally Left Blank]*

7.       In addition to the services detailed above, on December 14, 2023, at my direction and under my supervision, employees of Kroll caused true and correct copies of the above materials to be served as follows:

a.   the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 3 GGC Ballot and Return Envelope were served via first class mail on the parties identified on the service list attached hereto as **Exhibit HH**;

b.   the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 3 GGH Ballot and Return Envelope were served via first class mail on three interested parties whose names and addresses have been redacted and withheld from this affidavit in the interest of privacy;

c.   the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 4 GGC Ballot and Return Envelope were served via first class mail on 11 interested parties whose names and addresses have been redacted and withheld from this affidavit in the interest of privacy;

d.   the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 5 GGC Ballot and Return Envelope were served via first class mail on one interested party whose name and address have been redacted and withheld from this affidavit in the interest of privacy;

e.   the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter, Class 6 GGC Ballot and Return Envelope were served via first class mail on three interested parties whose names and addresses have been redacted and withheld from this affidavit in the interest of privacy; and

f.   the Confirmation Hearing Notice was served via first class mail on the parties identified on the service list attached hereto as **Exhibit II**.

8.     In addition to the services detailed above, on December 19, 2023, at my direction and under my supervision, employees of Kroll caused electronic copies of the above materials to be served as follows:

a. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 3 GGC Ballot were served via email on 56 interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

b. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 4 GGC Ballot were served via email on 56 interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

c. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 5 GGC Ballot were served via email on 27 interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

d. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 6 GAP Ballot were served via email on 16 interested parties whose names and email addresses have been redacted and withheld from this affidavit in the interest of privacy;

e. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 3 GAP Ballot were served via email on one interested party whose name and email address has been redacted and withheld from this affidavit in the interest of privacy; and

f. the Confirmation Hearing Notice, Amended Disclosure Statement, Disclosure Statement Order, Cover Letter and Class 4 GAP Ballot were served via email on one interested party whose name and email address has been redacted and withheld from this affidavit in the interest of privacy.

Dated: January 25, 2024

/s/ Alex Orchowski
Alex Orchowski

State of New York
County of New York

Subscribed and sworn (or affirmed) to me on January 25, 2024, by Alex Orchowski, proved to me on the bases of satisfactory evidence to be the person who executed this affidavit.

/s/ OLEG BITMAN
Notary Public, State of New York
No. 01BI6339574
Qualified in Queens County
Commission Expires April 4, 2024

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF THE CHAPTER 11 FILED BY THE DEBTORS AND RELATED VOTING AND OBJECTION DEADLINES

PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      On December 6, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order at ECF No. 1027 (the "Order"): (i) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit the votes on the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (including all exhibits annexed thereto and as it may be amended, altered, modified, revised, or supplemented from time to time) (the "Plan"); (ii) approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al.*, *Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031] (including all exhibits attached thereto, and as may be amended, altered, modified, revised, or supplemented from time to time) (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (iii) approving the solicitation materials and documents to be included in the Solicitation Packages; and (iv) approving

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

2.        The hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence via Zoom on **February 14, 2024 at 10:00 A.M., prevailing Eastern Time**, before the Honorable Sean H. Lane, United States Bankruptcy Court for the Southern District of New York. The Confirmation Hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court, by agenda filed with the Court, and/or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

3.        The Plan may be modified, if necessary, before, during or as a result of the Confirmation Hearing without further notice to interested parties.

4.        The deadline for filing objections to the Plan, including objections to the disallowance of any claim for voting purposes, is **January 29, 2024 at 4:00 P.M. prevailing Eastern Time** (the "Objection Deadline").  Any objection to the Plan must (a) be in writing; (b) be in English; (c) conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 Cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"); (d) state with particularity the basis and nature of any objection to the Plan; (e) be filed electronically with this Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) by registered users of this Court's electronic filing system and in accordance with the Bankruptcy Court's General Order M-399 (which is available at http://www.nysb.uscourts.gov); and (f) be served so as to be actually

received by the Objection Deadline (or supplemental deadline, if applicable), by: (i) the

Chambers of the Honorable Judge Sean H. Lane, United States Bankruptcy Court for the

Southern District of New York, 300 Quarropas Street, White Plains, NY 10601; (ii) counsel to

the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York

10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.; (iii) the

Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S.

Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York,

NY 10004, Attn: Greg Zipes, Esq.; (iv) counsel to the Official Committee of Unsecured

Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020,

Attn: Philip Abelson, Esq. and Chris Shore, Esq.; and (v) any parties that have appeared and

requested notice pursuant to the Bankruptcy Rules.

5.       Pursuant to the Order, the Court approved the use of certain materials in the

solicitation of votes to accept or reject the Plan and certain procedures for the tabulation of votes

to accept or reject the plan.  If you are a Holder of a Claim against the Debtors as of **November

28, 2023** (the "Voting Record Date"), and entitled to vote, you have received with this Notice, a

ballot form ("Ballot") and instructions for completing the Ballot.

6.       The deadline for voting on the Plan is on **January 10, 2024 at 4:00 P.M.

prevailing Eastern time** (the "Voting Deadline").  If you received a Solicitation Package,

including a Ballot and intend to vote on the Plan you **must** (a) follow the Ballot instructions

carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return

your completed Ballot according to and as set forth in detail in the voting instructions so that it is

**actually received** by Kroll Restructuring Administration LLC (the "Solicitation Agent" or

"Kroll") on or before the Voting Deadline. **A failure to follow such instructions may disqualify your vote.**

7.      If a controversy arises regarding whether any claim is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Bankruptcy Court finds that the classification of any Claim is improper, then such Claim shall be reclassified and the Ballot previously cast by the holder of such Claim shall be counted in, and the Claim shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim should have been classified, without the necessity of resoliciting any votes on the Plan.

8.      The Debtors will file the Plan Supplement (as defined in the Plan) on or before **December 29, 2023**, and will serve notice on all the Holders of Claims entitled to vote on the Plan, which will: (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

9.      Additional copies of the Plan, Disclosure Statement, or any other solicitation materials (except for Ballots) are available free of charge by visiting the Kroll website at https://restructuring.ra.kroll.com/genesis.  You may also obtain copies of any pleadings by visiting at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.  Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies, of solicitation materials, but may **not** advise you of your legal rights under the Plan or as to whether you should vote to accept or reject the Plan.

10.      Holders of Unimpaired Claims and Disputed Claims are not entitled to vote on the Plan and therefore, will receive a Notice of Non-Voting Status rather than a Ballot; provided,

that, Holders of Voting Disputed Claims (as defined in the Solicitation and Voting Procedures) shall receive a Ballot as set forth in such procedures.  If you have not received a Ballot (or you have received a Ballot listing an amount you believe to be incorrect) or if the Solicitation and Voting Procedures otherwise state that you are not entitled to vote on the Plan, but you believe that you should be entitled to vote on the Plan (or vote an amount different than the amount listed on your Ballot), then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before December 15, 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

11.    If confirmed, the Plan shall bind all Holders of Claims and Holders of Equity Interests to the maximum extent permitted by applicable law, whether or not such holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in these Chapter 11 cases, or failed to vote to accept or reject the Plan or voted to reject the Plan.

Dated:  December 6, 2023
        New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**Exhibit B**

Dear Genesis Clients, Customers and Stakeholders,

On January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco"), Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP") (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (the "Chapter 11 Cases").

You have received this letter and the enclosed materials because you are entitled to vote on the *Debtors' Amended Joint Chapter 11 Plan* (as modified, amended, or supplemented from time to time, the "Plan") [ECF No. 989]. On December 6, 2023, the Bankruptcy Court entered an order [ECF No. 1027] (the "Disclosure Statement Order") (a) authorizing the Debtors to solicit acceptances for the Plan; (b) finding the *Amended Disclosure Statement With Respect to the Amended Joint Plan of Genesis Global Holdco, LLC,* et al*., Under Chapter 11 of the Bankruptcy Code* (as modified, amended, or supplemented from time to time, the "Disclosure Statement") [ECF No. 1031] as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving solicitation packages, including the form of ballots, and procedures for the distribution thereof (the "Solicitation Package"); (d) establishing voting and tabulation procedures; and (e) establishing notice and objection procedures relating to the confirmation of the Plan.

## I.    Recommendation

Before and throughout these Chapter 11 Cases, we, the Debtors along with our advisors, have been engaged in robust negotiations with many key stakeholders and their advisors—including Digital Currency Group, Inc. ("DCG"), Gemini Trust Company, LLC ("Gemini"), the official committee of unsecured creditors (the "Committee"), the ad hoc group of Genesis creditors (the "Ad Hoc Group"), the ad hoc group of lenders represented by Pryor Cashman LLP (the "Pryor Cashman Group") and the ad hoc group of unsecured claimants represented by Brown Rudnick LLP (the "Brown Rudnick Group")—to devise a path forward that maximizes recoveries and achieves the best outcome for our creditors. Unfortunately, despite substantial efforts, including a court-ordered mediation, the parties were unable to reach a consensual resolution to these Chapter 11 Cases. **The Debtors firmly believe that the Plan provides the best recovery available under the circumstances to Holders of Allowed Claims[1] and is in the best interest of the Debtors' estates and all other parties in interest. We encourage you to vote to ACCEPT the Plan**.

## II.    The Plan

The Plan contemplates that each Holder of Allowed General Unsecured Claims against the Debtors will receive the treatment provided to such Holder under the Distribution Principles. Holders of Allowed General Unsecured Claims against the Debtors will, in the absence of any other treatment under the Plan or the Confirmation Order, solely for purposes of receiving distributions pursuant to the Plan and otherwise subject to the provisions of the Plan (including

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

the release and injunction provisions set forth in Article VIII of the Plan), remain obligations of Wind-Down Debtors after the Effective Date.

Additional key components of the Plan include:

a. Payment in full of all Allowed Administrative Expense Claims, Priority Tax Claims, Other Priority Claims, and Professional Fee Claims;

b. The funding of a Litigation Reserve that allocates a fixed amount to litigation of any Retained Causes of Action, including Causes of Actions against the DCG Parties;

c. Releases of all claims by the Releasing Parties[2] against the Released Parties related in any way to the Debtors; *provided*, *however*, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of Genesis Global Trading, Inc. who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties; and

d. For purposes of distributions to be made under the Plan, Gemini shall be deemed to be the Holder of all Gemini Lender Claims, and all distributions on account of Allowed Gemini Lender Claims shall be made to the Gemini Distribution Agent and held in trust in a segregated account for the benefit of the Holders of Allowed Gemini Lender Claims.  As soon as practicable following delivery of any distribution to the Gemini Distribution Agent under the Plan on account of Allowed Gemini Lender Claims, the Gemini Distribution Agent shall arrange to deliver or direct the delivery of such distributions to or on behalf of the Holders of Allowed Gemini Lender Claims.

**The Plan contains certain releases, exculpations and injunctions.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.**

---

[2]      "Releasing Parties" means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

## III.    The Solicitation Package

This letter is part of your Solicitation Package, which was approved by the Bankruptcy Court for distribution to Holders of Claims or Interests in connection with the solicitation of votes to accept or reject the Plan.  Please review these materials carefully and follow instructions contained therein.  The Solicitation Package consists of the following:

      i.     the Confirmation Hearing Notice;

      ii.     the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 1 thereto);

      iii.     the Disclosure Statement (and exhibits thereto, including the Plan);

      iv.     the applicable Ballot, together with detailed voting instructions and, if applicable, a pre-addressed, postage pre-paid return envelope; and

      v.     such other materials as the Court may direct.

The materials in the Solicitation Package are intended to be self-explanatory.  If you should have any questions, please (i) visit the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) write Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) email genesisinfo@ra.kroll.com; or (iv) call the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also email genesiscreditorinquiry@cgsh.com.

## IV.    Key Upcoming Dates

All Ballots, in order to be counted, must be properly completed, executed and delivered so as to be **actually received** by the Debtors' Solicitation Agent no later than the **Voting Deadline, January 10, 2024, at 4:00 pm. (prevailing Eastern Time)**.

The hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **February 14, 2024 at 10:00 am., prevailing Eastern Time** in-person and/or via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

The deadline for filing objections to the Plan is **January 29, 2024, at 4:00 pm., prevailing Eastern Time** (the "Confirmation Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be

filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

      (a)     counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

      (b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

      (c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

**Exhibit C**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## BALLOT FOR VOTING TO ACCEPT OR REJECT
## THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

### CLASS 3: FIAT-OR-STABLECOIN-DENOMINATED UNSECURED
### CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 3 FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.

- THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("KROLL" OR THE "SOLICITATION AGENT") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "VOTING DEADLINE").

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 3 (FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM.  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]      *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd. Holders of Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement. The Plan is Exhibit A to the Disclosure Statement. The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package"). You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 3 – Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. Holders of Allowed Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. will receive Class 3 Treatment under Article III of the Plan.***

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 3 (Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd.) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **actually received** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **actually received** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd. voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd. is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire Fiat-or-Stablecoin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17.  If no votes in respect of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd. to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 3 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**          **Amount of Fiat-or-Stablecoin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. in the following aggregate principal amount:

> Coins/USD_____

**Item 2.**          **Vote of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❑ | ❑ |

**Item 3.**          **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.</u>**

The undersigned Holder of Fiat-or-Stablecoin-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to <b>Opt In</b> to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)    *Releases by the Debtors.*  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)    *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

### Item 4.    Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.;

6. understands the treatment provided for its Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Fiat-or-Stablecoin Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**


Name of Holder:        _____
                                    (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                    (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                    (Optional)

Signature:        _____

Name of Signatory:        _____
                                    (Print or Type)

Title:        _____
                                    (If applicable)

Address:        _____

                _____

                _____

Telephone:        (____)_____

Email:        _____

Date Completed:        _____

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>**

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

**<u>VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)</u>**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:**

---

**<u>Submitting Your Vote Online through the Online Portal</u>**

**The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.**

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>**

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com**
**(with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to**
**arrival and provide the anticipated date and time of delivery.**

THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.

YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.

**Exhibit D**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 3: FIAT-OR-STABLECOIN-DENOMINATED UNSECURED**
**CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 3 FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC.

- THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "<u>VOTING DEADLINE</u>").

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 3 (FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Capital, LLC.   Holders of Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Capital, LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is <u>Exhibit A</u> to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 3 – Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Capital, LLC.  Holders of Allowed Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Capital, LLC will receive Class 3 Treatment under Article III of the Plan.***

## <u>VOTING INSTRUCTIONS</u>

1.  As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 3 (Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Capital, LLC) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2.  To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3.  In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4.  If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6.  This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7.  Please be sure to sign and date your Ballot. If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Capital, LLC voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Capital, LLC is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire Fiat-or-Stablecoin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17.  If no votes in respect of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Capital, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 3 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**          **Amount of Fiat-or-Stablecoin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Capital, LLC in the following aggregate principal amount:

> Coins/USD_____

**Item 2.**          **Vote of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| <ins>ACCEPT</ins> (vote for) the Plan | <ins>REJECT</ins> (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.**          **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <ins>AND</ins> AFFIRMATIVELY OPT IN TO THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

<ins>**Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.**</ins>

The undersigned Holder of Fiat-or-Stablecoin-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a) *Releases by the Debtors.* **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]     The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern. You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)      *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

**(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.**

Article VIII of the Plan provides for an injunction (the "Injunction"):

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims**

or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Capital, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Capital, LLC;

6. understands the treatment provided for its Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Capital, LLC under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; <u>provided</u> that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Fiat-or-Stablecoin Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder: _____
                                    (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                    (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                    (Optional)

Signature: _____

Name of Signatory: _____
                                    (Print or Type)

Title: _____
                                    (If applicable)

Address: _____

_____

_____

Telephone: (___)_____

Email: _____

Date Completed: _____

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>**

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

**<u>VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)</u>**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

**<u>Submitting Your Vote Online through the Online Portal</u>**

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

---

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit E**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 3: FIAT-OR-STABLECOIN-DENOMINATED UNSECURED**
**CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 3 FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC.

- THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("KROLL" OR THE "SOLICITATION AGENT") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "VOTING DEADLINE").

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 3 (FIAT-OR-STABLECOIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Holdco, LLC.   Holders of Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Holdco, LLC  are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is Exhibit A to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 3 – Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Holdco, LLC.  Holders of Allowed Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Holdco, LLC will receive Class 3 Treatment under Article III of the Plan.***

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 3 (Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Holdco, LLC) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **actually received** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **actually received** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Holdco, LLC voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Holdco, LLC is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire Fiat-or-Stablecoin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17. If no votes in respect of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim against Genesis Global Holdco, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 3 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**          **Amount of Fiat-or-Stablecoin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Holdco, LLC in the following aggregate principal amount:

Coins/USD_____

**Item 2.**          **Vote of Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 3 Fiat-or-Stablecoin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❑ | ❑ |

**Item 3.**          **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.</u>**

The undersigned Holder of Fiat-or-Stablecoin-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN.

**<u>IMPORTANT INFORMATION REGARDING RELEASES:</u>**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)    ***Releases by the Debtors.*** **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)     *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Holdco, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Holdco, LLC;

6. understands the treatment provided for its Fiat-or-Stablecoin-Denominated Unsecured Claims against Genesis Global Holdco, LLC under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Fiat-or-Stablecoin-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Fiat-or-Stablecoin Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder: _____
                                    (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                    (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                    (Optional)

Signature: _____

Name of Signatory: _____
                                    (Print or Type)

Title: _____
                                    (If applicable)

Address: _____

_____

_____

Telephone: (___)_____

Email: _____

Date Completed: _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

### Submitting Your Vote Online through the Online Portal

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

### If by First Class Mail, Overnight Courier or Hand Delivery:

> **Genesis Global Holdco, LLC Ballot Processing Center**
> **c/o Kroll Restructuring Administration LLC**
> **850 Third Avenue, Suite 412**
> **Brooklyn, NY 11232**
>
> **To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**<u>Exhibit F</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### BALLOT FOR VOTING TO ACCEPT OR REJECT
### THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

### CLASS 4: BTC-DENOMINATED UNSECURED
### CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 4 BTC-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.

- THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "<u>VOTING DEADLINE</u>").

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 4 (BTC-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of BTC-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd.  Holders of BTC-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.  are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is <u>Exhibit A</u> to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 4 – BTC-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.  Holders of Allowed Class 4 BTC-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. will receive Class 4 Treatment under Article III of the Plan.***

## <u>VOTING INSTRUCTIONS</u>

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 4 (BTC-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.) with respect to the Plan.  The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot.  This Ballot may be used to vote on the Plan <u>only</u>.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline.  Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time).  The Debtors strongly advise returning your Ballot as promptly as possible.**  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court.  In all cases, Holders should allow sufficient time to assure timely delivery.  The method of delivery of your Ballot to the Solicitation Agent is at your election and risk.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot.  If your Class 4 BTC-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd. voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner.  If your Class 4 BTC-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd. is held by a corporation, the Ballot must be executed by an officer.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire BTC-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17.  If no votes in respect of Class 4 BTC-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 4 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**         **Amount of BTC-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more BTC-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. in the following aggregate principal amount:

> Coins/USD_____

**Item 2.**         **Vote of Class 4 BTC-Denominated Unsecured Claim.**

The undersigned Holder of the Class 4 BTC-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❑ | ❑ |

**Item 3.**         **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

<u>**Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.**</u>

The undersigned Holder of BTC-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)    ***Releases by the Debtors.***  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)      *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of BTC-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's BTC-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.;

6. understands the treatment provided for its BTC-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; <u>provided</u> that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the BTC-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the BTC-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the BTC-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to BTC-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder: _____
                                          (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                          (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                          (Optional)

Signature: _____

Name of Signatory: _____
                                          (Print or Type)

Title: _____
                                          (If applicable)

Address: _____

          _____

          _____

Telephone:    (___)_____

Email: _____

Date Completed: _____

<u>**PLEASE SUBMIT YOUR BALLOT PROMPTLY!**</u>

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

<u>**VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)**</u>

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:**

<u>**Submitting Your Vote Online through the Online Portal**</u>

**The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:**_____

**Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.**

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

<u>**If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.**</u>

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com
(with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to
arrival and provide the anticipated date and time of delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER
ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT
BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME)
ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I)
WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O
KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE
412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR
INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING
GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT
LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT
AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit G**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## BALLOT FOR VOTING TO ACCEPT OR REJECT
## THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

## CLASS 4: BTC-DENOMINATED UNSECURED
## CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 4 BTC-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC.**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "<u>VOTING DEADLINE</u>").**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 4 (BTC-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]      *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of BTC-Denominated Unsecured Claim against Genesis Global Capital, LLC.  Holders of BTC-Denominated Unsecured Claims against Genesis Global Capital, LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is <u>Exhibit A</u> to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 4 – BTC-Denominated Unsecured Claims against Genesis Global Capital, LLC.  Holders of Allowed Class 4 BTC-Denominated Unsecured Claims against Genesis Global Capital, LLC will receive Class 4 Treatment under Article III of the Plan.***

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 4 (BTC-Denominated Unsecured Claims against Genesis Global Capital, LLC) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan only. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **actually received** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **actually received** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 4 BTC-Denominated Unsecured Claim against Genesis Global Capital, LLC voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 4 BTC-Denominated Unsecured Claim against Genesis Global Capital, LLC is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8.  You must vote your entire BTC-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9.  Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17.  If no votes in respect of Class 4 BTC-Denominated Unsecured Claims against Genesis Global Capital, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 4 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**      **Amount of BTC-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more BTC-Denominated Unsecured Claims against Genesis Global Capital, LLC in the following aggregate principal amount:

Coins/USD_____

**Item 2.**      **Vote of Class 4 BTC-Denominated Unsecured Claim.**

The undersigned Holder of the Class 4 BTC-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.**      **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.</u>**

The undersigned Holder of BTC-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)    ***Releases by the Debtors.*  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)     *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of BTC-Denominated Unsecured Claims against Genesis Global Capital, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's BTC-Denominated Unsecured Claims against Genesis Global Capital, LLC;

6. understands the treatment provided for its BTC-Denominated Unsecured Claims against Genesis Global Capital, LLC under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; <u>provided</u> that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the BTC-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the BTC-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the BTC-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to BTC-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder:        _____
                                                    (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                                    (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                                    (Optional)

Signature:        _____

Name of Signatory:        _____
                                                    (Print or Type)

Title:        _____
                                                    (If applicable)

Address:        _____

                        _____

                        _____

Telephone:        (____)_____

Email:        _____

Date Completed:        _____

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>**

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

**<u>VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)</u>**

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:**

---

**<u>Submitting Your Vote Online through the Online Portal</u>**

**The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.**

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>**

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com
(with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to
arrival and provide the anticipated date and time of delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER
ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT
BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME)
ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING
PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I)
WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O
KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE
412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR
INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING
GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT
LINE).  PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT
AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit H**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### BALLOT FOR VOTING TO ACCEPT OR REJECT
### THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

### CLASS 4: BTC-DENOMINATED UNSECURED
### CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC

---

### IMPORTANT

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 4 BTC-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC.**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "<u>VOTING DEADLINE</u>").**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 4 (BTC-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of BTC-Denominated Unsecured Claim against Genesis Global Holdco, LLC.  Holders of BTC-Denominated Unsecured Claims against Genesis Global Holdco, LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is <u>Exhibit A</u> to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 4 – BTC-Denominated Unsecured Claims against Genesis Global Holdco, LLC.  Holders of Allowed Class 4 BTC-Denominated Unsecured Claims against Genesis Global Holdco, LLC will receive Class 4 Treatment under Article III of the Plan.***

## <u>VOTING INSTRUCTIONS</u>

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 4 (BTC-Denominated Unsecured Claims against Genesis Global Holdco, LLC) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 4 BTC-Denominated Unsecured Claim against Genesis Global Holdco, LLC voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 4 BTC-Denominated Unsecured Claim against Genesis Global Holdco, LLC is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire BTC-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17.  If no votes in respect of Class 4 BTC-Denominated Unsecured Claims against Genesis Global Holdco, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 4 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**        **Amount of BTC-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more BTC-Denominated Unsecured Claims against Genesis Global Holdco, LLC in the following aggregate principal amount:

| Coins/USD_____ |
| --- |

**Item 2.**        **Vote of Class 4 BTC-Denominated Unsecured Claim.**

The undersigned Holder of the Class 4 BTC-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
| --- | --- |
| ❑ | ❑ |

**Item 3.**        **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.</u>**

The undersigned Holder of BTC-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN.

**<u>IMPORTANT INFORMATION REGARDING RELEASES:</u>**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

      (a)    ***Releases by the Debtors*. Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern. You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)    *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

<u>Article VIII of the Plan provides for an exculpation (the "Exculpation"):</u>

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of BTC-Denominated Unsecured Claims against Genesis Global Holdco, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's BTC-Denominated Unsecured Claims against Genesis Global Holdco, LLC;

6. understands the treatment provided for its BTC-Denominated Unsecured Claims against Genesis Global Holdco, LLC under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the BTC-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the BTC-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the BTC-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to BTC-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder:        _____
                                        (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                        (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                        (Optional)

Signature:        _____

Name of Signatory:        _____
                                        (Print or Type)

Title:        _____
                                        (If applicable)

Address:        _____

                _____

                _____

Telephone:        (___)_____

Email:        _____

Date Completed:        _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors. Please submit a Ballot with your vote by:**

---

### Submitting Your Vote Online through the Online Portal

**The Solicitation Agent will accept properly completed Ballots online through the Online Portal. To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website. Follow the instructions to submit your customized electronic Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot. Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.**

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>**

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

---

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE).   PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit I**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### BALLOT FOR VOTING TO ACCEPT OR REJECT
### THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

### CLASS 5: ETH-DENOMINATED UNSECURED
### CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.

<table>
<tr><td align="center"><b><u>IMPORTANT</u></b>

• PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

• **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 5 ETH-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.**

• **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "<u>VOTING DEADLINE</u>").**

• IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

• YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.</td></tr>
</table>

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 5 (ETH-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of ETH-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd.  Holders of ETH-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.  are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is <u>Exhibit A</u> to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 5 – ETH-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.  Holders of Allowed Class 5 ETH-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. will receive Class 5 Treatment under Article III of the Plan.***

## **VOTING INSTRUCTIONS**

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 5 (ETH-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 5 ETH-Denominated Unsecured Claim against [[Genesis Global Holdco, LLC / Genesis Global Capital, LLC / Genesis Asia Pacific Pte. Ltd.]] voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 5 ETH-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd. is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire ETH-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17. If no votes in respect of Class 5 ETH-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 5 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**        **Amount of ETH-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more ETH-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. in the following aggregate principal amount:

> Coins/USD_____

**Item 2.**        **Vote of Class 5 ETH-Denominated Unsecured Claim.**

The undersigned Holder of the Class 5 ETH-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.**        **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO OF THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

<u>**Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.**</u>

The undersigned Holder of ETH-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)  ***Releases by the Debtors.***  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]       The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)    *Releases by Releasing Parties.*  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1.  was the Holder (or authorized signatory) of ETH-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. in the amount set forth in Item 1 as of the Voting Record Date;

2.  has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3.  has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4.  if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5.  has cast the same vote with respect to all of the Holder's ETH-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.;

6.  understands the treatment provided for its ETH-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. under the Plan;

7.  understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8.  acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; underline provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9.  as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the ETH-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the ETH-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the ETH-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to ETH-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder: _____
                                        (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                        (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                        (Optional)

Signature: _____

Name of Signatory: _____
                                        (Print or Type)

Title: _____
                                        (If applicable)

Address: _____

_____

_____

Telephone: (____)_____

Email: _____

Date Completed: _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

### Submitting Your Vote Online through the Online Portal

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

---

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**<u>Exhibit J</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### BALLOT FOR VOTING TO ACCEPT OR REJECT
### THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

### CLASS 5: ETH-DENOMINATED UNSECURED
### CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 5 ETH-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC.**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "<u>VOTING DEADLINE</u>").**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1]       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 5 (ETH-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM.  **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]      *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of ETH-Denominated Unsecured Claim against Genesis Global Capital, LLC. Holders of ETH-Denominated Unsecured Claims against Genesis Global Capital, LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan. If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement. The Plan is <u>Exhibit A</u> to the Disclosure Statement. The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>"). You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan. Your Claim has been placed in Class 5 – ETH-Denominated Unsecured Claims against Genesis Global Capital, LLC. Holders of Allowed Class 5 ETH-Denominated Unsecured Claims against Genesis Global Capital, LLC will receive Class 5 Treatment under Article III of the Plan.***

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 5 (ETH-Denominated Unsecured Claims against Genesis Global Capital, LLC) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 5 ETH-Denominated Unsecured Claim against Genesis Global Capital, LLC voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 5 ETH-Denominated Unsecured Claim against Genesis Global Capital, LLC is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire ETH-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17. If no votes in respect of Class 5 ETH-Denominated Unsecured Claims against Genesis Global Capital, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 5 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**          **Amount of ETH-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more ETH-Denominated Unsecured Claims against Genesis Global Capital, LLC in the following aggregate principal amount:

Coins/USD_____

**Item 2.**          **Vote of Class 5 ETH-Denominated Unsecured Claim.**

The undersigned Holder of the Class 5 ETH-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❑ | ❑ |

**Item 3.**          **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO OF THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.</u>**

The undersigned Holder of ETH-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)      ***Releases by the Debtors.***  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]      The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)      *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

## Item 4.         Certifications and Acknowledgements.

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of ETH-Denominated Unsecured Claims against Genesis Global Capital, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's ETH-Denominated Unsecured Claims against Genesis Global Capital, LLC;

6. understands the treatment provided for its ETH-Denominated Unsecured Claims against Genesis Global Capital, LLC under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the ETH-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the ETH-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the ETH-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to ETH-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder: _____
                                            (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                            (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                            (Optional)

Signature: _____

Name of Signatory: _____
                                            (Print or Type)

Title: _____
                                            (If applicable)

Address: _____

_____

_____

Telephone: (____)_____

Email: _____

Date Completed: _____

## <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### <u>VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)</u>

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

### <u>Submitting Your Vote Online through the Online Portal</u>

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>

---

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

---

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE).  PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit K**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 5: ETH-DENOMINATED UNSECURED**
**CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 5 ETH-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC.**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "<u>VOTING DEADLINE</u>").**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 5 (ETH-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases"). Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of ETH-Denominated Unsecured Claim against Genesis Global Holdco, LLC.  Holders of ETH-Denominated Unsecured Claims against Genesis Global Holdco, LLC  are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is Exhibit A to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "Solicitation Package").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 5 – ETH-Denominated Unsecured Claims against Genesis Global Holdco, LLC.  Holders of Allowed Class 5 ETH-Denominated Unsecured Claims against Genesis Global Holdco, LLC will receive Class 5 Treatment under Article III of the Plan.***

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 5 (ETH-Denominated Unsecured Claims against Genesis Global Holdco, LLC) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan only. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **actually received** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **actually received** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 5 ETH-Denominated Unsecured Claim against Genesis Global Holdco, LLC voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 5 ETH-Denominated Unsecured Claim against Genesis Global Holdco, LLC is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire ETH-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan:  (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.  Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors.  Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent.  Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17. If no votes in respect of Class 5 ETH-Denominated Unsecured Claims against Genesis Global Holdco, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise. Accordingly, if you do not wish such a presumption with respect to Class 5 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.        Amount of ETH-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more ETH-Denominated Unsecured Claims against Genesis Global Holdco, LLC in the following aggregate principal amount:

Coins/USD_____

**Item 2.        Vote of Class 5 ETH-Denominated Unsecured Claim.**

The undersigned Holder of the Class 5 ETH-Denominated Unsecured Claim in the amounts set forth in Item 1 votes to (*please check one box only*):

| **ACCEPT (vote for) the Plan** | **REJECT (vote against) the Plan** |
|:---:|:---:|
| ❑ | ❑ |

**Item 3.        Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN AND AFFIRMATIVELY OPT IN TO OF THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.**

The undersigned Holder of ETH-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a) ***Releases by the Debtors.*** **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)     *Releases by Releasing Parties.*  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of ETH-Denominated Unsecured Claims against Genesis Global Holdco, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's ETH-Denominated Unsecured Claims against Genesis Global Holdco, LLC;

6. understands the treatment provided for its ETH-Denominated Unsecured Claims against Genesis Global Holdco, LLC under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; <u>provided</u> that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the ETH-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the ETH-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the ETH-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to ETH-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder: _____
                                   (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                   (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                   (Optional)

Signature: _____

Name of Signatory: _____
                                   (Print or Type)

Title: _____
                                   (If applicable)

Address: _____

_____

_____

Telephone: (____)_____

Email: _____

Date Completed: _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)

**For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:**

---

### Submitting Your Vote Online through the Online Portal

**The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.**

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

**Unique E-Ballot ID#:_____**

**Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

**Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.**

**If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.**

**<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>**

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit L**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 6: ALT-COIN-DENOMINATED UNSECURED**
**CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 6 ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.

- THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE **ACTUALLY RECEIVED** BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("**KROLL**" OR THE "**SOLICITATION AGENT**") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "**VOTING DEADLINE**").

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 6 (ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS ASIA PACIFIC PTE. LTD.), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of Alt-Coin-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd.  Holders of Alt-Coin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.  are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is <u>Exhibit A</u> to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 6 – Alt-Coin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.  Holders of Allowed Class 6 Alt-Coin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. will receive Class 6 Treatment under Article III of the Plan.***

## <u>VOTING INSTRUCTIONS</u>

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 6 (Alt-Coin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 6 Alt-Coin-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd. voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 6 Alt-Coin-Denominated Unsecured Claim against Genesis Asia Pacific Pte. Ltd. is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire Alt-Coin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17.  If no votes in respect of Class 6 Alt-Coin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 6 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**          **Amount of Alt-Coin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Alt-Coin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. in the following aggregate principal amount:

Coins/USD_____

**Item 2.**          **Vote of Class 6 Alt-Coin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 6 Alt-Coin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.**          **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

<u>**Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.**</u>

The undersigned Holder of Alt-Coin-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN.

## **IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)      ***Releases by the Debtors.***  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]      The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)      *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Alt-Coin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Alt-Coin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd.;

6. understands the treatment provided for its Alt-Coin-Denominated Unsecured Claims against Genesis Asia Pacific Pte. Ltd. under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; <u>provided</u> that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Alt-Coin-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder:        _____
                                    (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                    (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                    (Optional)

Signature:        _____

Name of Signatory:        _____
                                    (Print or Type)

Title:        _____
                                    (If applicable)

Address:        _____

                _____

                _____

Telephone:        (___)_____

Email:        _____

Date Completed:        _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is **actually received** by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

### Submitting Your Vote Online through the Online Portal

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:**

Unique E-Ballot ID#:_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

**If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.**

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

---

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit M**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**BALLOT FOR VOTING TO ACCEPT OR REJECT**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**CLASS 6: ALT-COIN-DENOMINATED UNSECURED**
**CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC**

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 6 ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC.

- THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE ACTUALLY RECEIVED BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("KROLL" OR THE "SOLICITATION AGENT") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "VOTING DEADLINE").

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 6 (ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL CAPITAL, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]    *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of Alt-Coin-Denominated Unsecured Claim against Genesis Global Capital, LLC.  Holders of Alt-Coin-Denominated Unsecured Claims against Genesis Global Capital, LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is <u>Exhibit A</u> to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 6 – Alt-Coin-Denominated Unsecured Claims against Genesis Global Capital, LLC.  Holders of Allowed Class 6 Alt-Coin-Denominated Unsecured Claims against Genesis Global Capital, LLC will receive Class 6 Treatment under Article III of the Plan.***

## <u>VOTING INSTRUCTIONS</u>

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 6 (Alt-Coin-Denominated Unsecured Claims against Genesis Global Capital, LLC) with respect to the Plan.  The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot.  This Ballot may be used to vote on the Plan <u>only</u>.  **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline.  Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline.  **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time).  The Debtors strongly advise returning your Ballot as promptly as possible.**  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court.  In all cases, Holders should allow sufficient time to assure timely delivery.  The method of delivery of your Ballot to the Solicitation Agent is at your election and risk.  No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots.  Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot.  If your Class 6 Alt-Coin-Denominated Unsecured Claim against Genesis Global Capital, LLC voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner.  If your Class 6 Alt-Coin-Denominated Unsecured Claim Genesis Global Capital, LLC is held by a corporation, the Ballot must be executed by an officer.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire Alt-Coin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17.  If no votes in respect of Class 6 Alt-Coin-Denominated Unsecured Claims against Genesis Global Capital, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 6 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**          **Amount of Alt-Coin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Alt-Coin-Denominated Unsecured Claims against Genesis Global Capital, LLC in the following aggregate principal amount:

Coins/USD_____

**Item 2.**          **Vote of Class 6 Alt-Coin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 6 Alt-Coin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.**          **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

**<u>Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.</u>**

The undersigned Holder of Alt-Coin-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)    ***Releases by the Debtors***.  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)      *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Alt-Coin-Denominated Unsecured Claims against Genesis Global Capital, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Alt-Coin-Denominated Unsecured Claims against Genesis Global Capital, LLC;

6. understands the treatment provided for its Alt-Coin-Denominated Unsecured Claims against Genesis Global Capital, LLC under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; <u>provided</u> that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Alt-Coin-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.          Holder Information and Signature.**

Name of Holder: _____
(Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
(Print or Type)

Social Security or Federal Tax I.D. No.: _____
(Optional)

Signature: _____

Name of Signatory: _____
(Print or Type)

Title: _____
(If applicable)

Address: _____

_____

_____

Telephone: (___)_____

Email: _____

Date Completed: _____

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

### VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is **actually received** by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

### Submitting Your Vote Online through the Online Portal

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot ID#:**_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

**If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.**

---

<u>**If by First Class Mail, Overnight Courier or Hand Delivery:**</u>

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

## **Exhibit N**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### BALLOT FOR VOTING TO ACCEPT OR REJECT
### THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN

### CLASS 6: ALT-COIN-DENOMINATED UNSECURED
### CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC

---

**IMPORTANT**

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY <u>BEFORE</u> COMPLETING THIS BALLOT.

- **THIS BALLOT IS EXCLUSIVELY FOR USE BY HOLDERS OF CLASS 6 ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC.**

- **THIS BALLOT MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY THE DEBTORS' SOLICITATION AGENT, KROLL RESTRUCTURING ADMINISTRATION ("<u>KROLL</u>" OR THE "<u>SOLICITATION AGENT</u>") BY 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024 (THE "<u>VOTING DEADLINE</u>").**

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS OR INTERESTS REGARDLESS OF WHETHER YOU HAVE TRANSMITTED YOUR VOTE.

- YOU MUST VOTE THE ENTIRE AMOUNT OF YOUR CLAIM EITHER TO ACCEPT (I.E., VOTE IN FAVOR OF) OR REJECT (I.E., VOTE AGAINST) THE PLAN, AND  YOU MAY NOT SPLIT YOUR VOTE.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564) ("<u>GGC</u>"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("<u>GAP</u>").  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- IF YOU HOLD CLAIMS IN A CLASS OTHER THAN CLASS 6 (ALT-COIN-DENOMINATED UNSECURED CLAIMS AGAINST GENESIS GLOBAL HOLDCO, LLC), YOU MAY RECEIVE MORE THAN ONE BALLOT OR SOLICITATION PACKAGE, LABELED FOR A DIFFERENT CLASS OF CLAIMS. YOUR VOTE WILL BE COUNTED IN DETERMINING ACCEPTANCE OR REJECTION OF THE PLAN BY A PARTICULAR CLASS OF CLAIMS ONLY IF YOU COMPLETE, SIGN, AND RETURN THE BALLOT LABELED FOR SUCH CLASS OF CLAIMS IN ACCORDANCE WITH THE INSTRUCTIONS ON THAT BALLOT.

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM. **THE SOLICITATION AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- NO HOLDER OF A CLAIM WILL BE ENTITLED TO ANY DISTRIBUTION UNDER THE PLAN UNTIL SUCH TIME AS THEIR CLAIM HAS BEEN ALLOWED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS SENT WITH THIS BALLOT.

The above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] are soliciting votes with respect to the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Plan") through their *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031]  (as it may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement"), in connection with the cases commenced under chapter 11 of the Bankruptcy Code by the Debtors in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), styled *In re Genesis Global Holdco, LLC, et al.,* Chapter 11 Case No. 23-10063 (SHL) (jointly administered), currently pending before the Bankruptcy Court (the "Chapter 11 Cases").  Capitalized terms used in this ballot (the "Ballot") or the attached instructions that are not otherwise defined herein have the meanings ascribed to them in the Plan.

---

[2]     *In re Genesis Global Holdco, LLC*, No. 23-10063 (SHL) (Bankr. SDNY); *In re Genesis Global Capital, LLC*, No. 23-10064 (SHL) (Bankr. SDNY); *In re Genesis Asia Pacific PTE. LTD.*, No. 23-10065 (SHL) (Bankr. SDNY).

You are receiving this Ballot because our records indicate that, as of November 28, 2023 (the "Voting Record Date"), you are a Holder of Alt-Coin-Denominated Unsecured Claim against Genesis Global Holdco, LLC.  Holders of Alt-Coin-Denominated Unsecured Claims against Genesis Global Holdco, LLC are Impaired under the Plan and are therefore entitled to vote to accept or reject the Plan.  If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  This Ballot may not be used for any purpose other than voting to accept or reject the Plan and making certifications with respect thereto.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of Claims in each Class that votes on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained (or if a Class of Claims or Equity Interests is deemed to reject the Plan), the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it, and otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  Please review the Disclosure Statement for more information.

***Your rights are described in the Disclosure Statement.  The Plan is <u>Exhibit A</u> to the Disclosure Statement.  The Disclosure Statement, the Plan and certain other materials are included in the packet you are receiving with this Ballot (collectively, the "<u>Solicitation Package</u>").  You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 6 – Alt-Coin-Denominated Unsecured Claims against Genesis Global Holdco, LLC.  Holders of Allowed Class 6 Alt-Coin-Denominated Unsecured Claims against Genesis Global Holdco, LLC will receive Class 6 Treatment under Article III of the Plan.***

## VOTING INSTRUCTIONS

1. As described in the Disclosure Statement, the Debtors are soliciting the votes of Holders of Claims in Class 6 (Alt-Coin-Denominated Unsecured Claims against Genesis Global Holdco, LLC) with respect to the Plan. The Plan and Disclosure Statement are included in the Solicitation Package you are receiving with the Ballot. This Ballot may be used to vote on the Plan <u>only</u>. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

2. To ensure that your vote is counted, it must be **<u>actually received</u>** by the Solicitation Agent by the Voting Deadline. Vote by (i) indicating your decision either to accept or reject the Plan in Item 2 of the Ballot; (ii) reviewing the certifications and acknowledgements in Item 4 of the Ballot; and (iii) signing the Ballot.

3. In order to be included in the tabulation, a Ballot reflecting your vote must be **<u>actually received</u>** by the Solicitation Agent on or before the Voting Deadline. **The Voting Deadline is January 10, 2024 at 4:00 P.M. (Prevailing Eastern Time). The Debtors strongly advise returning your Ballot as promptly as possible.** If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. In all cases, Holders should allow sufficient time to assure timely delivery. The method of delivery of your Ballot to the Solicitation Agent is at your election and risk. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than the Solicitation Agent) or the Debtors' financial or legal advisors.

4. If multiple Ballots are received from a single Holder with respect to the same Claim prior to the Voting Deadline, the last properly completed Ballot timely received will supersede and revoke any previously received Ballot.

5. This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Ballots. Accordingly, at this time, Holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and the Debtors will not accept delivery of any such certificates or instruments surrendered together with a Ballot.

6. This Ballot does not constitute, and shall not be deemed to be: (i) a Proof of Claim or Interest; or (ii) an assertion or admission with respect to any Claim or Interest.

7. Please be sure to sign and date your Ballot. If your Class 6 Alt-Coin-Denominated Unsecured Claim against Genesis Global Holdco, LLC with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If your Class 6 Alt-Coin-Denominated Unsecured Claim against Genesis Global Holdco, LLC is held by a corporation, the Ballot must be executed by an officer. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney-in-fact, or officer of a corporation or otherwise acting in a fiduciary or representative capacity, please indicate such capacity when signing.

8. You must vote your entire Alt-Coin-Denominated Unsecured Claim either to accept or reject the Plan and **may not split your vote**. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

9. Any Ballot that is properly completed, executed and timely returned that fails to indicate acceptance or rejection of the Plan or that indicates both acceptance and rejection of the Plan will not be counted.

10. The following Ballots will **not be counted** in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (ii) any Ballot cast by a Person or Entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (iii) any unsigned Ballot; (iv) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; (v) any Ballot received after the Voting Deadline unless the Debtors determine otherwise; and (vi) any Ballot submitted by a party not entitled to cast a vote with respect to the Plan.

11. The Debtors and/or their agents shall have reasonable discretion to determine if a Ballot properly complies with these procedures and instructions.

12. Pursuant to Article VIII of the Plan, you will be deemed to have conclusively, absolutely, unconditionally, irrevocably and forever released and discharged all Claims and Causes of Action (as set forth in the Plan and as permitted by applicable law), against the Released Parties (as defined in the Plan) if you affirmatively (a) vote to accept the Plan and (b) opt in to the release provisions in Article VIII of the Plan.

13. If you affirmatively vote to accept the Plan and opt in to the releases under Article VIII of the Plan through your Ballot (regardless of whether you return a timely Ballot with respect to any other Class of Claims that does not affirmatively opt in to the releases or that rejects the Plan), you shall be deemed a Releasing Party (as defined in the Plan) across all Classes.

14. If you believe you have received the wrong Ballot or received this Ballot in error, please contact the Solicitation Agent immediately.

15. If you have received a Ballot listing an amount you believe to be incorrect, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan on or before December 15, 2023. Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the tabulation procedures approved by the Bankruptcy Court, regardless of the amount identified in Item 1 of the Ballot.

16. Unless otherwise directed by the Court, delivery of a defective or irregular Ballot will not be deemed to have been made until such defect or irregularity has been cured or waived by the Debtors. Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Report filed with the Court by the Solicitation Agent. Neither the

Debtors, nor any other Person or Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots, nor will any of them incur any liability for failure to provide such notification.

17.  If no votes in respect of Class 6 Alt-Coin-Denominated Unsecured Claims against Genesis Global Holdco, LLC to accept or reject the Plan are received, the Plan will be deemed accepted by such Class, unless the Court, for cause, orders otherwise.  Accordingly, if you do not wish such a presumption with respect to Class 6 to become effective, you should timely submit the Ballot accepting or rejecting the Plan for such Class.

Please note that no fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.

**Nothing contained herein or in the enclosed documents shall render you or any other person the agent of the Debtors or of the Solicitation Agent, or authorize you or any other person to use any document or make any statement on behalf of any of them with respect to the Plan, except for the statements contained herein and in the enclosed documents.**

**Item 1.**        **Amount of Alt-Coin-Denominated Unsecured Claims.**

The undersigned hereby certifies that as of November 28, 2023, the Voting Record Date, the undersigned was the record Holder (or authorized signatory) of one or more Alt-Coin-Denominated Unsecured Claims against Genesis Global Holdco, LLC in the following aggregate principal amount:

Coins/USD_____

**Item 2.**        **Vote of Class 6 Alt-Coin-Denominated Unsecured Claim.**

The undersigned Holder of the Class 6 Alt-Coin-Denominated Unsecured Claim in the amount set forth in Item 1 votes to (*please check one box only*):

| <u>ACCEPT</u> (vote for) the Plan | <u>REJECT</u> (vote against) the Plan |
|:---:|:---:|
| ❏ | ❏ |

**Item 3.**        **Releases (OPTIONAL).**

**PURSUANT TO THE PLAN, IF YOU RETURN A BALLOT THAT VOTES TO ACCEPT THE PLAN <u>AND</u> AFFIRMATIVELY OPT IN TO THE RELEASE PROVISIONS IN ARTICLE VIII OF THE PLAN, YOU WILL BE DEEMED, AS OF THE PLAN EFFECTIVE DATE, TO HAVE CONCLUSIVELY, ABSOLUTELY, UNCONDITIONALLY, IRREVOCABLY AND FOREVER RELEASED AND DISCHARGED ALL CLAIMS AND ALL CAUSES OF ACTION (AS SET FORTH IN THE PLAN AND AS PERMITTED BY APPLICABLE LAW) AGAINST THE RELEASED PARTIES (AS DEFINED IN THE PLAN).**

If the Bankruptcy Court confirms the Plan, as of and subject to the occurrence of the Effective Date, certain release, injunction, and exculpation provisions set forth in Article VIII of the Plan will become effective.  In determining how to cast your vote on the Plan, it is important to read the provisions contained in Article VIII of the Plan very carefully so that you understand how such provisions will affect you and any Claim(s) you may hold against the Released Parties under the Plan.

<u>**Complete this Item 3 only if you voted to ACCEPT the Plan in Item 2 above and wish to elect to opt in to the release provisions.**</u>

The undersigned Holder of Alt-Coin-Denominated Unsecured Claims in the amount identified in Item 1 above, having voted to accept the Plan:

Elects to **Opt In** to the release provisions.

IF YOU CHECK THE BOX ABOVE AND VOTE TO ACCEPT THE PLAN, YOU WILL BE DEEMED TO HAVE OPTED IN TO THE RELEASES IN ARTICLE VIII OF THE PLAN.

**IMPORTANT INFORMATION REGARDING RELEASES:**

THE RELEASE PROVISION IN ARTICLE VIII OF THE PLAN PROVIDES:[3]

(a)    ***Releases by the Debtors.***  **Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the**

---

[3]    The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan shall govern.  You should read the Plan carefully before completing this Ballot.

issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

(b)      *Releases by Releasing Parties*.  Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument,

document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents

(including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims

**or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Under the Plan, *Released Parties* means: (i) the Debtors, (ii) the Ad Hoc Group SteerCo and its members (solely in their capacities as such), (iii) the Committee and its members (solely in their capacities as such), and (iv) each Related Party of each Entity described in the foregoing clauses (i)–(iii) (in each case, solely in its capacity as such); *provided*, *however*, that, notwithstanding anything to the contrary in the Plan, neither the DCG Parties nor any of the former employees, officers, or directors of the Debtors as of the Petition Date shall be Released Parties; and, *provided*, *further*, that any of the current or former employees, officers, or directors of the Debtors (solely in such Person's capacity as such) who served as an employee, officer, or director of the Debtors from or after the Petition Date, including any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date, shall be a Released Party only with the prior written consent and justifications of the Special Committee, which justifications shall be set forth in the Plan Supplement and which Persons shall be provided to the Ad Hoc Group Counsel and the Committee Counsel on a confidential, professional-eyes-only, basis, with the express exception of any current or former employees, officers, and directors of the Debtors who served as employees, officers, or directors of the Debtors as of the Petition Date and are or were also DCG Parties, which Persons shall not be Released Parties.

Under the Plan, *Releasing Parties* means each of the following: (i) all Released Parties and (ii) all Holders of Claims who affirmatively (a) cast a timely Ballot to accept the Plan with respect to any Claim held by such Holder (regardless of whether any such Holder casts a timely ballot to reject the Plan with respect to any other separately-classified Claims) and (b) opt into the releases provided by the Plan on their Ballots.

Under the Plan, *DCG Parties* means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals,

shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies; *provided* that DCG Parties shall not include any employees of GGT who served or functioned as employees of a Debtor pursuant to a shared services agreement (solely in their capacities as such) as of the Petition Date.

**Item 4.        Certifications and Acknowledgements.**

Upon execution of this Ballot, the undersigned Holder certifies that it:

1. was the Holder (or authorized signatory) of Alt-Coin-Denominated Unsecured Claims against Genesis Global Holdco, LLC in the amount set forth in Item 1 as of the Voting Record Date;

2. has received a copy of the Disclosure Statement, the Plan and the remainder of the Solicitation Package and acknowledges that the solicitation of votes for the Plan is subject to the terms and conditions set forth therein;

3. has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package or other publicly available materials;

4. if it affirmatively (i) votes in favor of the Plan and (ii) opts in to the release provisions in Article VIII of the Plan, will be deemed to have consented to the release of the Released Parties pursuant to Article VIII of the Plan;

5. has cast the same vote with respect to all of the Holder's Alt-Coin-Denominated Unsecured Claims against Genesis Global Holdco, LLC;

6. understands the treatment provided for its Alt-Coin-Denominated Unsecured Claims against Genesis Global Holdco, LLC under the Plan;

7. understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary; underlined provided that the Debtors will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required by the Bankruptcy Court or the Bankruptcy Code;

9. as of the Voting Record Date, (i) has not transferred any claim or interest in or related to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 and (ii) has not granted any Lien or encumbrance in the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 that precludes the undersigned Holder from voting on the Plan or submitting this Ballot;

10. has full and complete authority to execute and submit this Ballot;

11. understands and acknowledges that all authority conferred or agreed to be conferred pursuant to this Ballot, and every obligation of the undersigned hereunder, will be binding upon the transferees, successors, assigns, heirs, executors, administrators, and legal representatives of the undersigned and will not be affected by, and will survive, the death or incapacity of the undersigned; and

12. understands and acknowledges that only the latest-received properly completed Ballot cast and actually received by the Solicitation Agent prior to the Voting Deadline with respect to the Alt-Coin-Denominated Unsecured Claims set forth in Item 1 will be counted, and, if any other Ballot has been previously cast with respect to Alt-Coin-Denominated Unsecured Claims set forth in Item 1, such other Ballot shall be deemed revoked.

The undersigned also certifies that it has access to the type of information necessary to evaluate whether to vote on the Plan.

**Item 5.        Holder Information and Signature.**

Name of Holder:        _____
                                            (Print or Type)

Name of Proxy Holder or Agent
for Holder (if applicable): _____
                                            (Print or Type)

Social Security or Federal Tax I.D. No.: _____
                                            (Optional)

Signature:        _____

Name of Signatory:        _____
                                            (Print or Type)

Title:        _____
                                            (If applicable)

Address:        _____

                        _____

                        _____

Telephone:        (___)_____

Email:        _____

Date Completed:        _____

**<u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>**

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT AND RETURN IT TO THE SOLICITATION AGENT BY:**

---

**<u>VOTING DEADLINE: JANUARY 10, 2024 AT 4:00 P.M. (EASTERN TIME)</u>**

For your vote to be counted, this Ballot must be properly completed, signed, and returned so that it is <u>actually received</u> by the Solicitation Agent by no later than January 10, 2024 at 4:00 P.M. (Eastern Time), unless such Voting Deadline is extended by the Debtors.  Please submit a Ballot with your vote by:

---

**<u>Submitting Your Vote Online through the Online Portal</u>**

The Solicitation Agent will accept properly completed Ballots online through the Online Portal.  To submit your customized electronic Ballot via the Online Portal, visit https://restructuring.ra.kroll.com/genesis and click on the "Submit E-Ballot" section of the website.  Follow the instructions to submit your customized electronic Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

Unique E-Ballot ID#:_____

Kroll's Online Portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.

Each Unique E-Ballot ID# is to be used solely for voting only those Claims described in your electronic Ballot.  Please complete and submit an electronic Ballot for each Unique E-Ballot ID# you receive, as applicable.

If your Ballot is not received by Kroll on or before the Voting Deadline, and such Voting Deadline is not extended by the Debtors as noted above, your vote will not be counted.

**<u>If you vote via the Online Portal, you SHOULD NOT also submit the hard copy version of your Ballot.</u>**

---

---

**If by First Class Mail, Overnight Courier or Hand Delivery:**

**Genesis Global Holdco, LLC Ballot Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**To arrange for hand delivery of your Ballot, please email genesisballots@ra.kroll.com (with "Genesis Ballot—Hand Delivery" in the subject line) at least 24 hours prior to arrival and provide the anticipated date and time of delivery.**

---

**THIS BALLOT WILL NOT BE ACCEPTED BY TELECOPY, FACSIMILE OR OTHER ELECTRONIC MEANS.**

**YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BY THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON JANUARY 10, 2024.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE SOLICITATION AGENT EITHER BY (I) WRITING GENESIS GLOBAL HOLDCO, LLC BALLOT PROCESSING CENTER, C/O KROLL RESTRUCTURING ADMINISTRATION LLC, 850 THIRD AVENUE, SUITE 412, BROOKLYN, NY 11232; (II) CALLING U.S. TOLL FREE: (888) 524-2017 OR INTERNATIONAL TOLL: (646) 440-4183; OR (III) EMAILING GENESISINFO@RA.KROLL.COM (WITH "GENESIS BALLOTS" IN THE SUBJECT LINE). PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

**Exhibit O**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN

**PLEASE TAKE NOTICE THAT** on December 6, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No. 1027] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Plan").  Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

**PLEASE TAKE FURTHER NOTICE THAT** because of the treatment of your Claim under the Plan, **you are not entitled to vote on the Plan on account of such Claim**.  As a holder of a Claim that is not Impaired under the terms of the Plan, you are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, and therefore are not entitled to vote on the Plan.  If you believe you are entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before December 15, 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a class of Claims entitled to vote) you will also receive a Ballot via a separate mailing from the Solicitation Agent. In such an instance, the Debtors encourage you to follow the instructions in the Ballot.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **February 14, 2024 at 10:00 A.M., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601. The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **January 29, 2024 at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline"). Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)     counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

**PLEASE TAKE FURTHER NOTICE** that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing. If the Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, the Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website"), (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally. You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release, exculpation, and injunction provisions. You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such**

legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other

Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

**Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.**

Article VIII of the Plan provides for an injunction (the "Injunction"):

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from**

6

and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests.  Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan.  Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors.  Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

Dated:  December 6, 2023
        New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**<u>Exhibit P</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:                                              Chapter 11

Genesis Global Holdco, LLC, *et al.*,[1]           Case No.:  23-10063 (SHL)

                                    Debtors.        Jointly Administered

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## IMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO REJECT THE PLAN

       **PLEASE TAKE NOTICE THAT** on December 6, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No. 1027] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as may be amended, altered, modified, revised, or supplemented from time to time, and including all the exhibits thereto, the "Plan").  Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or Disclosure Statement, as applicable.

       **PLEASE TAKE FURTHER NOTICE THAT** because of the treatment of your Claim under the Plan, **you are not entitled to vote on the Plan on account of such Claim**. Specifically, under the terms of the Plan, as a holder of a Claim or Interest (as currently asserted against the Debtors) that is receiving no distribution under the Plan, you are deemed to reject the Plan pursuant to section 1126(g) of the Bankruptcy Code and are not entitled to vote on the Plan.

       **PLEASE TAKE FURTHER NOTICE THAT** if you believe you are entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before December 15, 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

Court for voting purposes after notice and a hearing.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a class of Claims entitled to vote) you will also receive a Ballot via a separate mailing from the Claims and Solicitation Agent.  In such an instance, the Debtors encourage you to follow the instructions in the Ballot.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **February 14, 2024 at 10:00 A.M., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **January 29, 2024 at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)     counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq. and Jane VanLare, Esq.;

(b)     the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)     counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

**PLEASE TAKE FURTHER NOTICE** that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Bankruptcy Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Bankruptcy Court finds that the classification of any Claim or Interest is improper, then such Claim or Equity Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Equity Interest shall be counted in, and the Claim or Interest shall receive the treatment

2

prescribed in, the Class in which the Bankruptcy Court determines such Claim or Equity Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website") (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally. You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release (including third-party releases), exculpation, and injunction provisions. You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract,**

instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

<u>Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):</u>

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers,

accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i)  any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are:  (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any

of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

Article VIII of the Plan provides for an exculpation (the "Exculpation"):

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.

Article VIII of the Plan provides for an injunction (the "Injunction"):

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against

or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present or former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.

Dated:  December 6, 2023
      New York, New York

_/s/ Jane VanLare_
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**<u>Exhibit Q</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

   **PLEASE TAKE NOTICE THAT** on December 6, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [ECF No. 1027] (the "Order") approving the *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, dated December 6, 2023 [ECF No. 1031] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Disclosure Statement") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") as containing adequate information under section 1125(b) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Order also authorized the Debtors to solicit votes to accept or reject the *Debtors' Amended Joint Chapter 11 Plan*, dated November 28, 2023 [ECF No. 989] (as may be amended, altered, modified, revised, or supplemented from time to time, the "Plan"). Capitalized terms used, but not otherwise defined herein, have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

   **PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the holder of a Claim that is subject to a pending objection. **You are not entitled to vote any disputed portion of your Claim on the Plan unless one or more of the following events have taken place before a date that is seven (7) days before the Voting Deadline or a later deadline otherwise established by the Court (each, a "Resolution Event")**:

   1.  an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

   2.  an order of the Court is entered temporarily allowing such claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

3.    a stipulation or other agreement is executed between you and the Debtors temporarily allowing you to vote your Claim in an agreed upon amount; or

4.    the pending objection to such Claim is voluntarily withdrawn by the objecting party.

**PLEASE TAKE FURTHER NOTICE THAT** if you believe you are entitled to vote on the Plan, then you must serve on the Debtors and file with the Bankruptcy Court a motion pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018(a) Motion") for an order temporarily allowing your Claim for purposes of voting to accept or reject the Plan on or before December 15, 2023.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018(a) Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court for voting purposes after notice and a hearing.  Rule 3018(a) Motions that are not timely filed and served in the manner as set forth above may not be considered.

**PLEASE TAKE FURTHER NOTICE THAT** if a Resolution Event occurs, then no later than two (2) business days thereafter, the Solicitation Agent (as defined below) shall distribute a ballot, which must be returned to the Solicitation Agent no later than the Voting Deadline, which is on **January 10, 2024 at 4:00 P.M. (prevailing Eastern time)** or such later date as may be expressly authorized by an order of the Court.

**PLEASE TAKE FURTHER NOTICE THAT** if you hold a separate, additional Claim for which you are entitled to vote (or part of your Claim falls into a Class of Claims entitled to vote) you will also receive a Ballot via a separate mailing from the Solicitation Agent. In such an instance, the Debtors encourage you to follow the instructions in the Ballot.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider confirmation of the Plan (the "Confirmation Hearing") will commence on **February 14, 2024 at 10:00 A.M., prevailing Eastern Time** via Zoom before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601.  The Confirmation Hearing may be continued from time to time by the Court or the Debtors, without further notice other than by such adjournment being announced in open court, by Agenda filed with the Court and/or by a Notice of Adjournment filed with the Court and served on all parties entitled to notice.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **January 29, 2024 at 4:00 P.M., prevailing Eastern Time** (the "Confirmation Objection Deadline").  Any objection to the Plan must: (a) be in writing; (b) in English, (c) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court (contemporaneously with a proof of service) and served upon the following parties so that it is actually received on or before the Confirmation Objection Deadline (or supplement deadline, if applicable):

(a)    counsel to the Debtors, Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006, Attn: Sean A. O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.;

(b)    the Office of the United States Trustee for Region 2, U.S. Department of Justice, Office of the U.S. Trustee, Alexander Hamilton U.S. Custom House, One Bowling Green, Suite 515, New York, NY 10004, Attn: Greg Zipes, Esq.; and

(c)    counsel to the Official Committee of Unsecured Creditors, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. and J. Christopher Shore, Esq.

**PLEASE TAKE FURTHER NOTICE** that if a controversy arises regarding whether any Claim or Interest is properly classified under the Plan, the Court shall, upon proper motion and notice, determine such controversy at the Confirmation Hearing.  If the Court finds that the classification of any Claim or Interest is improper, then such Claim or Interest shall be reclassified and the Ballot previously cast by the holder of such Claim or Interest shall be counted in, and the Claim or Interest shall receive the treatment prescribed in, the Class in which the Bankruptcy Court determines such Claim or Interest should have been classified, without the necessity of resoliciting any votes on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the Order, the Disclosure Statement (including the Plan and the other exhibits thereto) and all other materials in the Solicitation Packages, except Ballots, may be obtained at no charge by (i) visiting the Debtors' case website at https://restructuring.ra.kroll.com/genesis (the "Case Website"), (ii) writing Kroll Restructuring Administration LLC (the "Solicitation Agent") at Genesis Global Holdco LLC Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, New York 11232; (iii) emailing genesisinfo@ra.kroll.com; or (iv) calling the Solicitation Agent at (888) 524-2017 (U.S. toll free), (646) 440-4183 (international toll), or any of the numbers available at the Case Website if calling internationally.  You may also access these materials for a fee via PACER at https://www.nysb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** Article VIII of the Plan contains the following release, exculpation, and injunction provisions.  You are advised and encouraged to carefully review and consider the Plan, including the release, exculpation, and injunction provisions, as your rights might be affected.

Article VIII of the Plan provides for a debtor release (the "Debtor Release"):

**Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is hereby deemed conclusively, absolutely, unconditionally, irrevocably, and forever released by the Debtors, their Estates, and the Wind-Down Debtors (as applicable), in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any claim or Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, from any and**

all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Person or its estate, Affiliates, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing.  Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.D of the Plan shall be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Debtors set forth in Article VIII.D of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after reasonable investigation by the

Debtors and after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or their Estates asserting any Claim or Cause of Action released pursuant to such releases.

Article VIII of the Plan provides for Releases by Releasing Parties (the "Third Party Release"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, to the fullest extent allowed by applicable law, each Releasing Party hereby conclusively, absolutely, unconditionally, irrevocably, and forever releases each Debtor, Estate, Wind-Down Debtor, and Released Party from any and all Claims, Causes of Action, Avoidance Actions, obligations, suits, judgments, damages, demands, losses, liabilities, and remedies whatsoever (including any derivative claims, asserted or assertable on behalf of the Debtors, the Wind-Down Debtors, or their Estates), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, accrued or unaccrued, existing or hereinafter arising, in law, equity, contract, tort, or otherwise, that such Releasing Party or its estate, heirs, executors, administrators, successors, assigns, managers, accountants, attorneys, representatives, consultants, agents, and any other persons claiming under or through them would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the Wind-Down Debtors, their Estates, the Debtors' in- or out-of-court restructuring efforts, the Debtors' intercompany transactions, any Avoidance Actions, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors or the Wind-Down Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, or any Restructuring, contract, instrument, document, release, or other agreement or document (including any legal opinion regarding any such transaction, contract, instrument, document, release, or other agreement or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the pursuit of Confirmation, the pursuit of Consummation, the solicitation of votes with respect to the Plan, the administration and implementation of the Plan, including the issuance or distribution of any property pursuant to the Plan, the Definitive Documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date related or relating to the foregoing; *provided*, *however*, that except as expressly provided under the Plan, the foregoing releases shall not release obligations of the Debtors or the Wind-Down Debtors on account of any Allowed Claims that are treated under the Plan or obligations otherwise arising under any contract, agreement, or other business arrangement between any non-Debtor Releasing Party and any non-Debtor Released Party. Notwithstanding anything to the contrary in the foregoing, nothing

in Article VIII.E of the Plan shall, nor shall it be deemed to, release (i) any post-Effective Date obligations of any Person or Entity under the Plan, including any such obligations created in connection with the Restructuring; (ii) any Released Party from any Claims or Causes of Action that are found, pursuant to a Final Order, to be the result of such Released Party's gross negligence, fraud, or willful misconduct; (iii) any Excluded Claim; or (iv) any Causes of Action or other claims against any of the Gemini Parties or any of the DCG Parties.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the releases by the Releasing Parties set forth in Article VIII.E of the Plan, which includes by reference each of the related provisions and definitions contained herein, and, further, shall constitute the Bankruptcy Court's finding that such releases are: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims and Causes of Action released by such releases; (3) in the best interests of the Debtors and their Estates; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; (6) an essential component of the Plan and the Restructuring; and (7) a bar to any of the Releasing Parties asserting any Claim or Cause of Action released pursuant to such releases except as expressly set forth in the Plan.

<u>Article VIII of the Plan provides for an exculpation (the "Exculpation"):</u>

Except as otherwise specifically provided in the Plan or Confirmation Order, no Exculpated Party shall have or incur liability for, and each Exculpated Party is hereby exculpated from, any Claim, Cause of Action, obligation, suit, judgment, damage, demand, loss, or liability for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, or Filing of the Disclosure Statement, the Plan, the Plan Supplement, the Alameda/Genesis Settlement Agreement, the 3AC/Genesis Settlement Agreement, any Monetization Transaction, or the related agreements, instruments, and other documents (including the Definitive Documents), the solicitation of votes with respect to the Plan, or the Restructuring, or any related contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Debtors' in or out-of-court restructuring efforts, the Disclosure Statement, the Plan, the related agreements, instruments, and other documents (including the Definitive Documents), the Chapter 11 Cases, the filing of the Chapter 11 Cases, the Sales Process, the solicitation of votes with respect to the Plan, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan and the Sales Process, including the issuance of or distribution of any property pursuant to the Plan and the Sales Process, the related agreements, instruments, and other documents (including the Definitive Documents), or upon any other act or omission, the transaction, agreement, event, or other occurrence taking place on or before the Effective Date related to the foregoing, except for claims related to any act or omission that is determined in a Final Order to have constituted fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.

**The Confirmation Order shall provide that the Exculpated Parties (to the extent applicable) have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan. Notwithstanding anything to the contrary in the foregoing, nothing in Article VIII.F of the Plan shall, nor shall it be deemed to, release or exculpate any DCG Party.**

Article VIII of the Plan provides for an injunction (the "Injunction"):

**Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or Confirmation Order, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, together with their respective present and former employees, agents, officers, directors, principals, and Affiliates, are enjoined, from and after the Effective Date through and until the date on which all remaining property of the Debtors' Estates vested in the Wind-Down Debtors has been liquidated and distributed to Holders of Claims or otherwise in accordance with the terms of the Plan and the Plan Administration Agreement and the Plan has been fully administered, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, the Released Parties, or the Exculpated Parties (collectively, the "*Enjoined Actions*"): (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (ii) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (iii) creating, perfecting, or enforcing any Lien or encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; and (iv) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests. Notwithstanding anything to the contrary in the foregoing, the injunction does not enjoin any party under the Plan or under any document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan from bringing an action to enforce the terms of the Plan or such document, instrument, or agreement (including those attached to the Disclosure Statement or set forth in the Plan Supplement, to the extent finalized) executed to implement the Plan. Further, to the maximum extent permitted under applicable law, the Confirmation Order shall permanently enjoin the commencement or prosecution by any Person or Entity, whether directly, derivatively, or otherwise, of any Causes of Action released or exculpated pursuant to this Plan, including the Enjoined Actions, against any Released Party or Exculpated Party other than the Debtors or the Wind-Down Debtors. Nothing in the Plan or the Confirmation**

**Order shall grant the Debtors a discharge pursuant to section 1141(d) of the Bankruptcy Code.**

Dated:  December 6, 2023
        New York, New York

*/s/ Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**<u>Exhibit R</u>**

Exhibit R

## Class 3 GAP Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16172318 | Name on file | Email address on file |
| 16740607 | Name on file | Email address on file |
| 16785453 | Name on file | Email address on file |
| 16028038 | Name on file | Email address on file |
| 16028393 | Name on file | Email address on file |
| 16788854 | Digital Currency Group, Inc. | Email address on file |
| 16172774 | Name on file | Email address on file |
| 16787809 | Name on file | Email address on file |
| 16028122 | J K MEDORA CORPORATE ASSISTANCE PTE LTD N | Email address on file |
| 16786303 | Name on file | Email address on file |
| 16028046 | Name on file | Email address on file |
| 16029259 | Name on file | Email address on file |
| 16786100 | Name on file | Email address on file |
| 16749460 | Name on file | Email address on file |
| 16173005 | Name on file | Email address on file |
| 16172354 | Name on file | Email address on file |
| 16779114 | Name on file | Email address on file |
| 16787582 | Name on file | Email address on file |
| 16785769 | Name on file | Email address on file |
| 16575322 | Name on file | Email address on file |
| 16788778 | Name on file | Email address on file |
| 16788895 | Name on file | Email address on file |
| 16775266 | Name on file | Email address on file |
| 16781372 | Name on file | Email address on file |
| 16788783 | Name on file | Email address on file |
| 16786251 | Translunar Crypto LP | Email address on file |
| 16747231 | Name on file | Email address on file |
| 16128182 | Name on file | Email address on file |
| 16787544 | Name on file | Email address on file |
| 16745192 | Name on file | Email address on file |
| 16745100 | Name on file | Email address on file |
| 16029261 | Name on file | Email address on file |
| 16028588 | Name on file | Email address on file |

**<u>Exhibit S</u>**

Exhibit S
Class 3 GGC Email Service List
Served via email

| MMLID | NAME | EMAIL |
|---|---|---|
| 16029286 | Name on file | Email address on file |
| 16028890 | Name on file | Email address on file |
| 16573152 | Name on file | Email address on file |
| 16029308 | Name on file | Email address on file |
| 16029312 | Name on file | Email address on file |
| 16028887 | Name on file | Email address on file |
| 16079954 | Name on file | Email address on file |
| 16028676 | Name on file | Email address on file |
| 16787305 | Name on file | Email address on file |
| 16029343 | Name on file | Email address on file |
| 15824771 | Name on file | Email address on file |
| 16028368 | Name on file | Email address on file |
| 16753756 | Name on file | Email address on file |
| 16028594 | Name on file | Email address on file |
| 16028990 | Name on file | Email address on file |
| 16079928 | Name on file | Email address on file |
| 16029050 | Name on file | Email address on file |
| 16787193 | Name on file | Email address on file |
| 16788681 | ARK Cryptocurrency Master Fund LLC | Email address on file |
| 16028769 | Name on file | Email address on file |
| 16112997 | Name on file | Email address on file |
| 16029384 | Name on file | Email address on file |
| 16028690 | Name on file | Email address on file |
| 16028642 | Name on file | Email address on file |
| 16028670 | Name on file | Email address on file |
| 16029067 | Name on file | Email address on file |
| 16028717 | Name on file | Email address on file |
| 16781511 | Name on file | Email address on file |
| 16784870 | Name on file | Email address on file |
| 16028577 | Name on file | Email address on file |
| 16029062 | Name on file | Email address on file |
| 16028375 | Name on file | Email address on file |
| 16028657 | Name on file | Email address on file |
| 16028720 | Name on file | Email address on file |
| 16172452 | Name on file | Email address on file |
| 16128186 | BITGO | Email address on file |
| 16128206 | Name on file | Email address on file |
| 16029423 | Name on file | Email address on file |
| 16775255 | Name on file | Email address on file |
| 16774588 | Name on file | Email address on file |
| 16029433 | Name on file | Email address on file |

Exhibit S
Class 3 GGC Email Service List
Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16028275 | Name on file | Email address on file |
| 16028295 | Name on file | Email address on file |
| 16683931 | Name on file | Email address on file |
| 16774580 | Name on file | Email address on file |
| 16785865 | Name on file | Email address on file |
| 16785850 | Name on file | Email address on file |
| 16029176 | Name on file | Email address on file |
| 16028817 | Name on file | Email address on file |
| 16028671 | Name on file | Email address on file |
| 16029408 | Name on file | Email address on file |
| 16128207 | Name on file | Email address on file |
| 16172800 | Name on file | Email address on file |
| 16172431 | Name on file | Email address on file |
| 16028482 | Name on file | Email address on file |
| 22543758 | Name on file | Email address on file |
| 16172400 | Name on file | Email address on file |
| 16784896 | Name on file | Email address on file |
| 16172988 | Name on file | Email address on file |
| 16775658 | Name on file | Email address on file |
| 16028290 | Name on file | Email address on file |
| 16028291 | Name on file | Email address on file |
| 16028637 | Name on file | Email address on file |
| 16819836 | Name on file | Email address on file |
| 16029212 | Name on file | Email address on file |
| 16028304 | Name on file | Email address on file |
| 16028313 | Name on file | Email address on file |
| 20336130 | Name on file | Email address on file |
| 16028332 | Name on file | Email address on file |
| 16172619 | Name on file | Email address on file |
| 16785316 | Name on file | Email address on file |
| 16572493 | Name on file | Email address on file |
| 16028339 | Name on file | Email address on file |
| 16574286 | Name on file | Email address on file |
| 16028312 | Name on file | Email address on file |
| 16574468 | Name on file | Email address on file |
| 16029455 | Name on file | Email address on file |
| 16028462 | Name on file | Email address on file |
| 16028360 | Name on file | Email address on file |
| 16172437 | Name on file | Email address on file |
| 16172406 | Name on file | Email address on file |
| 16784355 | Name on file | Email address on file |

Exhibit S
Class 3 GGC Email Service List
Served via email

| MMLID | NAME | EMAIL |
|---|---|---|
| 16788883 | Name on file | Email address on file |
| 16028806 | Name on file | Email address on file |
| 16686159 | Name on file | Email address on file |
| 16028306 | Name on file | Email address on file |
| 16786295 | Name on file | Email address on file |
| 16785073 | Name on file | Email address on file |
| 16788854 | Digital Currency Group, Inc. | Email address on file |
| 16172782 | Name on file | Email address on file |
| 16028647 | Name on file | Email address on file |
| 16028303 | Name on file | Email address on file |
| 16787949 | Name on file | Email address on file |
| 16172464 | Name on file | Email address on file |
| 16028774 | Name on file | Email address on file |
| 16172422 | Name on file | Email address on file |
| 16028667 | Name on file | Email address on file |
| 16028349 | Name on file | Email address on file |
| 16028446 | Name on file | Email address on file |
| 16573623 | Name on file | Email address on file |
| 16575420 | Name on file | Email address on file |
| 16172418 | Name on file | Email address on file |
| 16028459 | Name on file | Email address on file |
| 16028851 | Name on file | Email address on file |
| 16028646 | Name on file | Email address on file |
| 16028276 | Name on file | Email address on file |
| 16075664 | Name on file | Email address on file |
| 16075700 | Name on file | Email address on file |
| 16572960 | Name on file | Email address on file |
| 16029076 | Name on file | Email address on file |
| 16686181 | Name on file | Email address on file |
| 19343252 | Name on file | Email address on file |
| 16028485 | Name on file | Email address on file |
| 16028691 | Name on file | Email address on file |
| 16574231 | Name on file | Email address on file |
| 16028463 | Name on file | Email address on file |
| 16029145 | Name on file | Email address on file |
| 16029116 | Name on file | Email address on file |
| 16774761 | Name on file | Email address on file |
| 16787931 | Name on file | Email address on file |
| 16775360 | Name on file | Email address on file |
| 16029436 | Name on file | Email address on file |
| 16573448 | Name on file | Email address on file |

Exhibit S

Class 3 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16028644 | Name on file | Email address on file |
| 16028518 | Name on file | Email address on file |
| 16685672 | Name on file | Email address on file |
| 16787892 | Name on file | Email address on file |
| 16787848 | Name on file | Email address on file |
| 16788727 | Name on file | Email address on file |
| 19309023 | GPD Holdings LLC d/b/a CoinFlip | Email address on file |
| 16028597 | Name on file | Email address on file |
| 16787539 | Name on file | Email address on file |
| 16128241 | Name on file | Email address on file |
| 16028877 | Name on file | Email address on file |
| 16575414 | Name on file | Email address on file |
| 16028839 | Name on file | Email address on file |
| 16028408 | Name on file | Email address on file |
| 16028805 | Name on file | Email address on file |
| 16028823 | Name on file | Email address on file |
| 16029054 | Name on file | Email address on file |
| 16028369 | Name on file | Email address on file |
| 16172995 | Name on file | Email address on file |
| 16028610 | Name on file | Email address on file |
| 16685688 | Name on file | Email address on file |
| 16747239 | Name on file | Email address on file |
| 16029085 | Name on file | Email address on file |
| 16028584 | Name on file | Email address on file |
| 16028598 | Name on file | Email address on file |
| 15824830 | Name on file | Email address on file |
| 16786005 | Name on file | Email address on file |
| 16686143 | Name on file | Email address on file |
| 16172341 | Name on file | Email address on file |
| 16028999 | Name on file | Email address on file |
| 16128223 | Name on file | Email address on file |
| 16028571 | Name on file | Email address on file |
| 16128216 | Name on file | Email address on file |
| 16573630 | Name on file | Email address on file |
| 16573604 | Name on file | Email address on file |
| 16029077 | Name on file | Email address on file |
| 16028579 | Name on file | Email address on file |
| 16029310 | Name on file | Email address on file |
| 16573488 | Name on file | Email address on file |
| 16029010 | Name on file | Email address on file |
| 16028617 | Name on file | Email address on file |

Exhibit S
Class 3 GGC Email Service List
Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16744743 | Name on file | Email address on file |
| 20184973 | Jefferies Leveraged Credit Products, LLC as Transferee of Name on File | Email address on file |
| 16029347 | Name on file | Email address on file |
| 16029223 | Name on file | Email address on file |
| 16075692 | Name on file | Email address on file |
| 16683942 | Name on file | Email address on file |
| 16786184 | Name on file | Email address on file |
| 16028824 | Name on file | Email address on file |
| 16128237 | Name on file | Email address on file |
| 16029238 | Name on file | Email address on file |
| 16576130 | Name on file | Email address on file |
| 16028288 | Name on file | Email address on file |
| 16029239 | Name on file | Email address on file |
| 16172435 | Name on file | Email address on file |
| 16029264 | Name on file | Email address on file |
| 16028710 | Name on file | Email address on file |
| 16029336 | Name on file | Email address on file |
| 16029326 | Name on file | Email address on file |
| 16172455 | Name on file | Email address on file |
| 16029078 | Name on file | Email address on file |
| 16785312 | Name on file | Email address on file |
| 16788657 | Name on file | Email address on file |
| 16028483 | Name on file | Email address on file |
| 16028884 | Name on file | Email address on file |
| 16028716 | Name on file | Email address on file |
| 16172611 | Name on file | Email address on file |
| 16029032 | Name on file | Email address on file |
| 16744724 | Name on file | Email address on file |
| 16029121 | Name on file | Email address on file |
| 16128203 | Name on file | Email address on file |
| 16028493 | Name on file | Email address on file |
| 16028437 | Name on file | Email address on file |
| 16028715 | Name on file | Email address on file |
| 16785678 | Name on file | Email address on file |
| 16028728 | Name on file | Email address on file |
| 16773641 | Name on file | Email address on file |
| 16749485 | Name on file | Email address on file |
| 16028707 | Name on file | Email address on file |
| 16028723 | Name on file | Email address on file |
| 16029074 | Name on file | Email address on file |
| 16029240 | Name on file | Email address on file |

Exhibit S

Class 3 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16789913 | Name on file | Email address on file |
| 16028797 | Name on file | Email address on file |
| 16128236 | Name on file | Email address on file |
| 16028592 | Name on file | Email address on file |
| 16573665 | Name on file | Email address on file |
| 16779156 | Name on file | Email address on file |
| 16747429 | Name on file | Email address on file |
| 16028650 | Name on file | Email address on file |
| 16028673 | Name on file | Email address on file |
| 16579567 | Name on file | Email address on file |
| 16028709 | Name on file | Email address on file |
| 16028744 | Name on file | Email address on file |
| 16685697 | Name on file | Email address on file |
| 16698320 | Name on file | Email address on file |
| 16029098 | Name on file | Email address on file |
| 20184941 | Name on file | Email address on file |
| 16028277 | Name on file | Email address on file |
| 16170630 | Name on file | Email address on file |
| 16028683 | Name on file | Email address on file |
| 16574471 | Name on file | Email address on file |
| 16028878 | Name on file | Email address on file |
| 16574314 | Name on file | Email address on file |
| 16029165 | Name on file | Email address on file |
| 16028431 | Name on file | Email address on file |
| 16786190 | Name on file | Email address on file |
| 16785415 | Name on file | Email address on file |
| 16576117 | Name on file | Email address on file |
| 16029142 | Name on file | Email address on file |
| 16749470 | Name on file | Email address on file |
| 16178389 | Name on file | Email address on file |
| 16172756 | Name on file | Email address on file |
| 16748864 | Name on file | Email address on file |
| 16787426 | Name on file | Email address on file |
| 16787521 | Name on file | Email address on file |
| 16787512 | Name on file | Email address on file |
| 16128230 | Name on file | Email address on file |
| 16787341 | Name on file | Email address on file |
| 16785349 | Name on file | Email address on file |
| 16028645 | Name on file | Email address on file |
| 16785558 | Name on file | Email address on file |
| 16785478 | Name on file | Email address on file |

Exhibit S

Class 3 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16028776 | Name on file | Email address on file |
| 16128228 | Name on file | Email address on file |
| 16028930 | Name on file | Email address on file |
| 16029442 | Name on file | Email address on file |
| 16028881 | Name on file | Email address on file |
| 16028721 | Name on file | Email address on file |
| 16785579 | Name on file | Email address on file |
| 16128232 | Name on file | Email address on file |
| 16028875 | Name on file | Email address on file |
| 16028892 | Name on file | Email address on file |
| 16775282 | Name on file | Email address on file |
| 16028900 | Name on file | Email address on file |
| 16172412 | Name on file | Email address on file |
| 16747158 | Name on file | Email address on file |
| 16574216 | Name on file | Email address on file |
| 16028911 | Name on file | Email address on file |
| 16028914 | Name on file | Email address on file |
| 16028830 | Name on file | Email address on file |
| 16028665 | Name on file | Email address on file |
| 16028724 | Name on file | Email address on file |
| 16029013 | Name on file | Email address on file |
| 16574530 | Name on file | Email address on file |
| 16574589 | Name on file | Email address on file |
| 16030028 | Name on file | Email address on file |
| 16075674 | Name on file | Email address on file |
| 16027491 | Name on file | Email address on file |
| 16781364 | Name on file | Email address on file |
| 16028343 | Name on file | Email address on file |
| 16028941 | Name on file | Email address on file |
| 16685392 | Name on file | Email address on file |
| 16687171 | Name on file | Email address on file |
| 16028681 | Name on file | Email address on file |
| 16029233 | Name on file | Email address on file |
| 16028641 | Name on file | Email address on file |
| 16129942 | Name on file | Email address on file |
| 16788830 | Name on file | Email address on file |
| 16172444 | Name on file | Email address on file |
| 16028714 | Name on file | Email address on file |
| 16029313 | Name on file | Email address on file |
| 16029117 | Name on file | Email address on file |
| 16178401 | Name on file | Email address on file |

Exhibit S

Class 3 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16028989 | Name on file | Email address on file |
| 16028600 | Name on file | Email address on file |
| 16747571 | Name on file | Email address on file |
| 16029153 | Name on file | Email address on file |
| 16578963 | Name on file | Email address on file |
| 16173151 | Name on file | Email address on file |
| 16028336 | Name on file | Email address on file |
| 16172383 | Name on file | Email address on file |
| 16787760 | Name on file | Email address on file |
| 16775302 | Name on file | Email address on file |
| 16753744 | Name on file | Email address on file |
| 16574294 | Name on file | Email address on file |
| 16753736 | Name on file | Email address on file |
| 16171978 | Name on file | Email address on file |
| 16028985 | Name on file | Email address on file |
| 16028733 | Name on file | Email address on file |
| 16686782 | Name on file | Email address on file |
| 16574915 | Name on file | Email address on file |
| 16029362 | Name on file | Email address on file |
| 16744139 | Name on file | Email address on file |
| 16749315 | Name on file | Email address on file |
| 16788741 | Name on file | Email address on file |
| 16774884 | Name on file | Email address on file |
| 16774879 | Name on file | Email address on file |
| 16028660 | Name on file | Email address on file |
| 16029335 | Name on file | Email address on file |
| 16172615 | Name on file | Email address on file |
| 16788895 | Name on file | Email address on file |
| 16028752 | Name on file | Email address on file |
| 16029197 | Name on file | Email address on file |
| 16775254 | Name on file | Email address on file |
| 16573651 | Name on file | Email address on file |
| 16775698 | Name on file | Email address on file |
| 16779129 | Name on file | Email address on file |
| 16028624 | Name on file | Email address on file |
| 16029454 | Name on file | Email address on file |
| 16781541 | Name on file | Email address on file |
| 16785078 | Name on file | Email address on file |
| 16745148 | Name on file | Email address on file |
| 16029446 | Name on file | Email address on file |
| 16749056 | Name on file | Email address on file |

Exhibit S

## Class 3 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16028628 | Name on file | Email address on file |
| 16029110 | Name on file | Email address on file |
| 16128239 | Name on file | Email address on file |
| 16784682 | Name on file | Email address on file |
| 16028748 | Name on file | Email address on file |
| 16741276 | Name on file | Email address on file |
| 16113100 | Name on file | Email address on file |
| 16128208 | Name on file | Email address on file |
| 16028414 | Name on file | Email address on file |
| 16029125 | Name on file | Email address on file |
| 16113012 | Name on file | Email address on file |
| 16029124 | Name on file | Email address on file |
| 16781363 | Name on file | Email address on file |
| 16788790 | Name on file | Email address on file |
| 16686092 | Name on file | Email address on file |
| 16028530 | Name on file | Email address on file |
| 16747237 | Name on file | Email address on file |
| 16029034 | Name on file | Email address on file |
| 16172975 | Name on file | Email address on file |
| 16785540 | Name on file | Email address on file |
| 16785518 | Translunar Crypto LP | Email address on file |
| 16029171 | Name on file | Email address on file |
| 16029172 | Name on file | Email address on file |
| 16029173 | Name on file | Email address on file |
| 16029174 | Name on file | Email address on file |
| 16747213 | Name on file | Email address on file |
| 16576286 | Name on file | Email address on file |
| 16029185 | Name on file | Email address on file |
| 16029187 | Name on file | Email address on file |
| 16028510 | Name on file | Email address on file |
| 16686128 | Name on file | Email address on file |
| 16787824 | Name on file | Email address on file |
| 16787945 | Name on file | Email address on file |
| 16029065 | Name on file | Email address on file |
| 16028438 | Name on file | Email address on file |
| 16788703 | Name on file | Email address on file |
| 16029143 | Name on file | Email address on file |
| 16028342 | Name on file | Email address on file |
| 16029206 | Name on file | Email address on file |
| 16028467 | Name on file | Email address on file |
| 16029029 | Name on file | Email address on file |

Exhibit S

## Class 3 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|---|---|---|
| 16029439 | Name on file | Email address on file |
| 16747875 | Name on file | Email address on file |
| 16028940 | Name on file | Email address on file |
| 16028285 | Name on file | Email address on file |
| 16029236 | Name on file | Email address on file |
| 16774202 | Name on file | Email address on file |
| 16029378 | Name on file | Email address on file |
| 16028434 | Name on file | Email address on file |
| 16028587 | Name on file | Email address on file |
| 16788759 | Name on file | Email address on file |
| 16745281 | Name on file | Email address on file |
| 16686496 | Name on file | Email address on file |
| 16172798 | Name on file | Email address on file |
| 16113004 | Name on file | Email address on file |
| 16685342 | Name on file | Email address on file |
| 16028535 | Name on file | Email address on file |
| 16944542 | Name on file | Email address on file |
| 16575416 | Name on file | Email address on file |
| 16029351 | Name on file | Email address on file |
| 16029382 | Name on file | Email address on file |
| 16787400 | Name on file | Email address on file |
| 16028300 | Name on file | Email address on file |
| 16774584 | Name on file | Email address on file |
| 16029273 | Name on file | Email address on file |
| 16686906 | Name on file | Email address on file |
| 16028889 | Name on file | Email address on file |

**Exhibit T**

Exhibit T

## Class 3 GGH Email Service List

Served via email

| MMLID | NAME | EMAIL |
|---|---|---|
| 16172780 | Name on file | Email address on file |
| 16574267 | Name on file | Email address on file |
| 16743640 | Name on file | Email address on file |
| 16789770 | Name on file | Email address on file |
| 16748083 | Name on file | Email address on file |
| 16788798 | Name on file | Email address on file |
| 16685683 | Name on file | Email address on file |
| 16082929 | Name on file | Email address on file |
| 16575426 | Name on file | Email address on file |
| 16171967 | Name on file | Email address on file |
| 16785283 | Name on file | Email address on file |
| 16785550 | Name on file | Email address on file |
| 16790363 | Name on file | Email address on file |
| 16172381 | Name on file | Email address on file |
| 16178408 | Name on file | Email address on file |
| 16748573 | Name on file | Email address on file |
| 16172391 | Name on file | Email address on file |
| 16126464 | Name on file | Email address on file |
| 16082153 | Name on file | Email address on file |
| 16747227 | Name on file | Email address on file |
| 16579796 | Name on file | Email address on file |
| 16787620 | Name on file | Email address on file |
| 16574583 | Name on file | Email address on file |
| 16573436 | Name on file | Email address on file |
| 20992224 | Name on file | Email address on file |
| 16575121 | Name on file | Email address on file |
| 22709177 | Name on file | Email address on file |
| 16788903 | Digital Currency Group, Inc | Email address on file |
| 16172776 | Name on file | Email address on file |
| 16747210 | Name on file | Email address on file |
| 16747217 | Name on file | Email address on file |
| 16684191 | Name on file | Email address on file |
| 16075704 | Name on file | Email address on file |
| 22706827 | Name on file | Email address on file |
| 16789784 | Name on file | Email address on file |
| 16573644 | Name on file | Email address on file |
| 16172814 | Name on file | Email address on file |
| 16787624 | Goodwin Procter LLP | Email address on file |
| 16787732 | Name on file | Email address on file |
| 16573682 | Name on file | Email address on file |
| 16573659 | Name on file | Email address on file |
| 16575422 | Name on file | Email address on file |

Exhibit T

Class 3 GGH Email Service List

Served via email

| MMLID | NAME | EMAIL |
|---|---|---|
| 16576288 | Name on file | Email address on file |
| 16683935 | Name on file | Email address on file |
| 16749171 | Name on file | Email address on file |
| 16574923 | Name on file | Email address on file |
| 16788697 | Name on file | Email address on file |
| 16744743 | Name on file | Email address on file |
| 16172764 | Name on file | Email address on file |
| 16787725 | Name on file | Email address on file |
| 16740596 | Name on file | Email address on file |
| 16686207 | Name on file | Email address on file |
| 16753752 | Name on file | Email address on file |
| 16785391 | Name on file | Email address on file |
| 16785429 | Name on file | Email address on file |
| 16574936 | Name on file | Email address on file |
| 16028798 | Name on file | Email address on file |
| 16749329 | Name on file | Email address on file |
| 16686197 | Name on file | Email address on file |
| 16172414 | Name on file | Email address on file |
| 16578904 | Name on file | Email address on file |
| 16753722 | Name on file | Email address on file |
| 16786265 | Name on file | Email address on file |
| 16748605 | Name on file | Email address on file |
| 16749472 | Name on file | Email address on file |
| 16172970 | Name on file | Email address on file |
| 16172346 | Name on file | Email address on file |
| 16574240 | Name on file | Email address on file |
| 16787380 | Name on file | Email address on file |
| 16787227 | Name on file | Email address on file |
| 16880104 | Name on file | Email address on file |
| 16121734 | Name on file | Email address on file |
| 16121734 | Name on file | Email address on file |
| 16784204 | Name on file | Email address on file |
| 16784240 | Name on file | Email address on file |
| 16178401 | Name on file | Email address on file |
| 16575430 | Name on file | Email address on file |
| 16785262 | Name on file | Email address on file |
| 16172770 | Name on file | Email address on file |
| 16579861 | Name on file | Email address on file |
| 16785379 | Name on file | Email address on file |
| 16127949 | Name on file | Email address on file |
| 16172822 | Name on file | Email address on file |
| 16788757 | Name on file | Email address on file |

Exhibit T

Class 3 GGH Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16775232 | Name on file | Email address on file |
| 16748662 | Name on file | Email address on file |
| 16788927 | Name on file | Email address on file |
| 16573657 | Name on file | Email address on file |
| 16784910 | Name on file | Email address on file |
| 16749247 | Name on file | Email address on file |
| 16684464 | Name on file | Email address on file |
| 16574920 | Name on file | Email address on file |
| 16781354 | Name on file | Email address on file |
| 16788781 | Name on file | Email address on file |
| 16171988 | Name on file | Email address on file |
| 16786239 | Translunar Crypto LP | Email address on file |
| 16747223 | Name on file | Email address on file |
| 16172396 | Name on file | Email address on file |
| 16576282 | Name on file | Email address on file |
| 16749065 | Name on file | Email address on file |
| 16685674 | Name on file | Email address on file |
| 16172339 | Name on file | Email address on file |
| 16749303 | Name on file | Email address on file |
| 16573853 | Name on file | Email address on file |
| 16745069 | Name on file | Email address on file |

**<u>Exhibit U</u>**

Exhibit U

Class 4 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16128199 | Name on file | Email address on file |
| 16029348 | Name on file | Email address on file |
| 16028368 | Name on file | Email address on file |
| 16128201 | Name on file | Email address on file |
| 16029294 | Name on file | Email address on file |
| 16028635 | Name on file | Email address on file |
| 16788681 | ARK Cryptocurrency Master Fund LLC | Email address on file |
| 16029381 | Name on file | Email address on file |
| 16029390 | Name on file | Email address on file |
| 16685652 | Name on file | Email address on file |
| 16787634 | Name on file | Email address on file |
| 16029150 | Name on file | Email address on file |
| 16028717 | Name on file | Email address on file |
| 16028792 | Name on file | Email address on file |
| 16029154 | Name on file | Email address on file |
| 16788688 | Name on file | Email address on file |
| 16028631 | Name on file | Email address on file |
| 16028502 | Name on file | Email address on file |
| 16788840 | Name on file | Email address on file |
| 16028657 | Name on file | Email address on file |
| 16775255 | Name on file | Email address on file |
| 16029268 | Name on file | Email address on file |
| 16029102 | Name on file | Email address on file |
| 16747759 | Name on file | Email address on file |
| 16028684 | Name on file | Email address on file |
| 16029451 | Name on file | Email address on file |
| 16774580 | Name on file | Email address on file |
| 16774754 | Name on file | Email address on file |
| 16028984 | Name on file | Email address on file |
| 16178408 | Name on file | Email address on file |
| 16788749 | Name on file | Email address on file |
| 16029007 | Name on file | Email address on file |
| 16028775 | Name on file | Email address on file |
| 16029123 | Name on file | Email address on file |
| 16784896 | Name on file | Email address on file |
| 16774128 | Name on file | Email address on file |
| 16749309 | Name on file | Email address on file |
| 16029355 | Name on file | Email address on file |
| 16029445 | Name on file | Email address on file |
| 16172619 | Name on file | Email address on file |
| 16578994 | Name on file | Email address on file |
| 16785316 | Name on file | Email address on file |

Exhibit U

Class 4 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16028317 | Name on file | Email address on file |
| 16028991 | Name on file | Email address on file |
| 16028658 | Name on file | Email address on file |
| 16574468 | Name on file | Email address on file |
| 16173260 | Name on file | Email address on file |
| 16028778 | Name on file | Email address on file |
| 16028364 | Name on file | Email address on file |
| 16784355 | Name on file | Email address on file |
| 16028928 | Name on file | Email address on file |
| 16789922 | Name on file | Email address on file |
| 16029038 | Name on file | Email address on file |
| 16686159 | Name on file | Email address on file |
| 16029048 | Name on file | Email address on file |
| 16028937 | Name on file | Email address on file |
| 16029113 | Name on file | Email address on file |
| 16128214 | Name on file | Email address on file |
| 16028448 | Name on file | Email address on file |
| 16575420 | Name on file | Email address on file |
| 16029144 | Name on file | Email address on file |
| 16074390 | Name on file | Email address on file |
| 16028337 | Name on file | Email address on file |
| 16028780 | Name on file | Email address on file |
| 16684438 | Name on file | Email address on file |
| 16028662 | Name on file | Email address on file |
| 16787476 | Name on file | Email address on file |
| 16029039 | Name on file | Email address on file |
| 16573669 | Name on file | Email address on file |
| 16028496 | Name on file | Email address on file |
| 16029145 | Name on file | Email address on file |
| 16028663 | Name on file | Email address on file |
| 16029155 | Name on file | Email address on file |
| 16028781 | Name on file | Email address on file |
| 16029060 | Name on file | Email address on file |
| 16028664 | Name on file | Email address on file |
| 16788727 | Name on file | Email address on file |
| 16773727 | Name on file | Email address on file |
| 16788745 | Name on file | Email address on file |
| 16787539 | Name on file | Email address on file |
| 16028307 | Name on file | Email address on file |
| 16128200 | Name on file | Email address on file |
| 16028877 | Name on file | Email address on file |
| 16029009 | Name on file | Email address on file |

Exhibit U

Class 4 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16028540 | Name on file | Email address on file |
| 16028648 | Name on file | Email address on file |
| 16028443 | Name on file | Email address on file |
| 16029044 | Name on file | Email address on file |
| 16028823 | Name on file | Email address on file |
| 16028369 | Name on file | Email address on file |
| 16774260 | Name on file | Email address on file |
| 16128221 | Name on file | Email address on file |
| 16128222 | Name on file | Email address on file |
| 16788834 | Name on file | Email address on file |
| 16128226 | Name on file | Email address on file |
| 16028619 | Name on file | Email address on file |
| 20184973 | Jefferies Leveraged Credit Products, LLC as Transferee of Name on File | Email address on file |
| 16028519 | Name on file | Email address on file |
| 16029299 | Name on file | Email address on file |
| 16686136 | Name on file | Email address on file |
| 16028621 | Name on file | Email address on file |
| 16683942 | Name on file | Email address on file |
| 16028907 | Name on file | Email address on file |
| 16028601 | Name on file | Email address on file |
| 16028731 | Name on file | Email address on file |
| 16744325 | Name on file | Email address on file |
| 16028309 | Name on file | Email address on file |
| 16028711 | Name on file | Email address on file |
| 16749479 | Name on file | Email address on file |
| 16028685 | Name on file | Email address on file |
| 16788802 | Name on file | Email address on file |
| 16029309 | Name on file | Email address on file |
| 16028620 | Name on file | Email address on file |
| 16744724 | Name on file | Email address on file |
| 16028712 | Name on file | Email address on file |
| 16027487 | Name on file | Email address on file |
| 16028602 | Name on file | Email address on file |
| 16028730 | Name on file | Email address on file |
| 16788887 | Name on file | Email address on file |
| 16028494 | Name on file | Email address on file |
| 16028771 | Name on file | Email address on file |
| 16061696 | Name on file | Email address on file |
| 16779156 | Name on file | Email address on file |
| 16784174 | Name on file | Email address on file |
| 16028386 | Name on file | Email address on file |
| 16028606 | Name on file | Email address on file |

Exhibit U

Class 4 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16028311 | Name on file | Email address on file |
| 16028755 | Name on file | Email address on file |
| 16028761 | Name on file | Email address on file |
| 16028798 | Name on file | Email address on file |
| 16028947 | Name on file | Email address on file |
| 16028374 | Name on file | Email address on file |
| 16740582 | Name on file | Email address on file |
| 16028732 | Name on file | Email address on file |
| 16787405 | Name on file | Email address on file |
| 16574471 | Name on file | Email address on file |
| 16029328 | Name on file | Email address on file |
| 16684088 | Name on file | Email address on file |
| 16748951 | Name on file | Email address on file |
| 16029055 | Name on file | Email address on file |
| 16172818 | Name on file | Email address on file |
| 16028751 | Name on file | Email address on file |
| 16787512 | Name on file | Email address on file |
| 16028848 | Name on file | Email address on file |
| 16749489 | Name on file | Email address on file |
| 16786076 | Name on file | Email address on file |
| 16784225 | Name on file | Email address on file |
| 16128228 | Name on file | Email address on file |
| 16029051 | Name on file | Email address on file |
| 16128211 | Name on file | Email address on file |
| 16785579 | Name on file | Email address on file |
| 16029194 | Name on file | Email address on file |
| 16028629 | Name on file | Email address on file |
| 16029021 | Name on file | Email address on file |
| 16575109 | Name on file | Email address on file |
| 16029079 | Name on file | Email address on file |
| 16028865 | Name on file | Email address on file |
| 16028870 | Name on file | Email address on file |
| 16028556 | Name on file | Email address on file |
| 16579863 | Name on file | Email address on file |
| 16141166 | Name on file | Email address on file |
| 16028343 | Name on file | Email address on file |
| 16686173 | Name on file | Email address on file |
| 16029056 | Name on file | Email address on file |
| 16028831 | Name on file | Email address on file |
| 16028974 | Name on file | Email address on file |
| 16747653 | Name on file | Email address on file |
| 16028794 | Name on file | Email address on file |

Exhibit U

Class 4 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16028814 | Name on file | Email address on file |
| 16029057 | Name on file | Email address on file |
| 16029289 | Name on file | Email address on file |
| 16028948 | Name on file | Email address on file |
| 16028777 | Name on file | Email address on file |
| 16029004 | Name on file | Email address on file |
| 16785347 | Name on file | Email address on file |
| 16028605 | Name on file | Email address on file |
| 16028444 | Name on file | Email address on file |
| 16028656 | Name on file | Email address on file |
| 16684430 | Name on file | Email address on file |
| 16028351 | Name on file | Email address on file |
| 16029024 | Name on file | Email address on file |
| 16774189 | Name on file | Email address on file |
| 16774195 | Name on file | Email address on file |
| 16745098 | Name on file | Email address on file |
| 16028440 | Name on file | Email address on file |
| 16028474 | Name on file | Email address on file |
| 16029043 | Name on file | Email address on file |
| 16028722 | Name on file | Email address on file |
| 16029380 | Name on file | Email address on file |
| 16028534 | Name on file | Email address on file |
| 16749315 | Name on file | Email address on file |
| 16774879 | Name on file | Email address on file |
| 16028988 | Name on file | Email address on file |
| 16029391 | Name on file | Email address on file |
| 16028800 | Name on file | Email address on file |
| 16029290 | Name on file | Email address on file |
| 16029197 | Name on file | Email address on file |
| 16029407 | Name on file | Email address on file |
| 16028390 | Name on file | Email address on file |
| 16028633 | Name on file | Email address on file |
| 16029161 | Name on file | Email address on file |
| 16775698 | Name on file | Email address on file |
| 16028624 | Name on file | Email address on file |
| 16028861 | Name on file | Email address on file |
| 16028653 | Name on file | Email address on file |
| 16749056 | Name on file | Email address on file |
| 16029229 | Name on file | Email address on file |
| 16775655 | Name on file | Email address on file |
| 16029136 | Name on file | Email address on file |
| 16029151 | Name on file | Email address on file |

Exhibit U

Class 4 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|---|---|---|
| 16029025 | Name on file | Email address on file |
| 16028294 | Name on file | Email address on file |
| 16785857 | Translunar Crypto LP | Email address on file |
| 16028719 | Name on file | Email address on file |
| 16029178 | Name on file | Email address on file |
| 16787945 | Name on file | Email address on file |
| 16028835 | Name on file | Email address on file |
| 16685703 | Name on file | Email address on file |
| 16028883 | Name on file | Email address on file |
| 16028432 | Name on file | Email address on file |
| 16029029 | Name on file | Email address on file |
| 16028699 | Name on file | Email address on file |
| 16028979 | Name on file | Email address on file |
| 16578969 | Name on file | Email address on file |
| 16747875 | Name on file | Email address on file |
| 16029228 | Name on file | Email address on file |
| 16128235 | Name on file | Email address on file |
| 16029011 | Name on file | Email address on file |
| 16029237 | Name on file | Email address on file |
| 16028762 | Name on file | Email address on file |
| 16029378 | Name on file | Email address on file |
| 16029242 | Name on file | Email address on file |
| 16685342 | Name on file | Email address on file |
| 16029260 | Name on file | Email address on file |
| 16028471 | Name on file | Email address on file |
| 16028614 | Name on file | Email address on file |
| 16028770 | Name on file | Email address on file |
| 16028843 | Name on file | Email address on file |
| 16088454 | Name on file | Email address on file |
| 16028495 | Name on file | Email address on file |
| 16774584 | Name on file | Email address on file |
| 16029383 | Name on file | Email address on file |
| 16029278 | Name on file | Email address on file |

**<u>Exhibit V</u>**

Exhibit V

Class 5 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16788681 | ARK Cryptocurrency Master Fund LLC | Email address on file |
| 16029381 | Name on file | Email address on file |
| 16775255 | Name on file | Email address on file |
| 16779145 | Name on file | Email address on file |
| 16774580 | Name on file | Email address on file |
| 16784896 | Name on file | Email address on file |
| 16172619 | Name on file | Email address on file |
| 16785316 | Name on file | Email address on file |
| 16028778 | Name on file | Email address on file |
| 16575420 | Name on file | Email address on file |
| 16112986 | Name on file | Email address on file |
| 16028490 | Name on file | Email address on file |
| 16788727 | Name on file | Email address on file |
| 16787539 | Name on file | Email address on file |
| 16028619 | Name on file | Email address on file |
| 16683942 | Name on file | Email address on file |
| 16744724 | Name on file | Email address on file |
| 16027487 | Name on file | Email address on file |
| 16028755 | Name on file | Email address on file |
| 16743735 | Name on file | Email address on file |
| 16574471 | Name on file | Email address on file |
| 16787512 | Name on file | Email address on file |
| 16028848 | Name on file | Email address on file |
| 16786076 | Name on file | Email address on file |
| 16128211 | Name on file | Email address on file |
| 16785579 | Name on file | Email address on file |
| 16028865 | Name on file | Email address on file |
| 16029043 | Name on file | Email address on file |
| 16774879 | Name on file | Email address on file |
| 16028390 | Name on file | Email address on file |
| 16028653 | Name on file | Email address on file |
| 16029151 | Name on file | Email address on file |
| 16788931 | Name on file | Email address on file |
| 16785857 | Translunar Crypto LP | Email address on file |
| 16028699 | Name on file | Email address on file |
| 16028762 | Name on file | Email address on file |
| 16027489 | Name on file | Email address on file |

## Exhibit W

Exhibit W

Class 6 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16029283 | Name on file | Email address on file |
| 16787817 | Name on file | Email address on file |
| 16685690 | Name on file | Email address on file |
| 16079928 | Name on file | Email address on file |
| 16788681 | ARK Cryptocurrency Master Fund LLC | Email address on file |
| 16029381 | Name on file | Email address on file |
| 16029384 | Name on file | Email address on file |
| 16028792 | Name on file | Email address on file |
| 16029154 | Name on file | Email address on file |
| 16029425 | Name on file | Email address on file |
| 16775255 | Name on file | Email address on file |
| 16774580 | Name on file | Email address on file |
| 16028316 | Name on file | Email address on file |
| 20336130 | Name on file | Email address on file |
| 16172619 | Name on file | Email address on file |
| 16785316 | Name on file | Email address on file |
| 16028991 | Name on file | Email address on file |
| 16173260 | Name on file | Email address on file |
| 16028778 | Name on file | Email address on file |
| 16787853 | Name on file | Email address on file |
| 16787482 | Name on file | Email address on file |
| 16753734 | Name on file | Email address on file |
| 16028349 | Name on file | Email address on file |
| 16575420 | Name on file | Email address on file |
| 16028478 | Name on file | Email address on file |
| 16779137 | Name on file | Email address on file |
| 16028490 | Name on file | Email address on file |
| 16028501 | Name on file | Email address on file |
| 16788727 | Name on file | Email address on file |
| 16773727 | Name on file | Email address on file |
| 16787539 | Name on file | Email address on file |
| 16029009 | Name on file | Email address on file |
| 16028804 | Name on file | Email address on file |
| 16028287 | Name on file | Email address on file |
| 16028619 | Name on file | Email address on file |
| 16683942 | Name on file | Email address on file |
| 16028716 | Name on file | Email address on file |
| 16744724 | Name on file | Email address on file |
| 16128236 | Name on file | Email address on file |
| 16028755 | Name on file | Email address on file |
| 16028679 | Name on file | Email address on file |

Exhibit W

Class 6 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|---|---|---|
| 16029302 | Name on file | Email address on file |
| 16029147 | Name on file | Email address on file |
| 16574471 | Name on file | Email address on file |
| 16028603 | Name on file | Email address on file |
| 16028807 | Name on file | Email address on file |
| 16028848 | Name on file | Email address on file |
| 16749489 | Name on file | Email address on file |
| 16784903 | Name on file | Email address on file |
| 16572278 | Name on file | Email address on file |
| 16028867 | Name on file | Email address on file |
| 16128211 | Name on file | Email address on file |
| 16029021 | Name on file | Email address on file |
| 16028885 | Name on file | Email address on file |
| 16028604 | Name on file | Email address on file |
| 16028830 | Name on file | Email address on file |
| 16030028 | Name on file | Email address on file |
| 16128233 | Name on file | Email address on file |
| 16028960 | Name on file | Email address on file |
| 16029056 | Name on file | Email address on file |
| 16075710 | Name on file | Email address on file |
| 16028794 | Name on file | Email address on file |
| 16788669 | Name on file | Email address on file |
| 16028733 | Name on file | Email address on file |
| 16788741 | Name on file | Email address on file |
| 16774879 | Name on file | Email address on file |
| 16029385 | Name on file | Email address on file |
| 16775698 | Name on file | Email address on file |
| 16028653 | Name on file | Email address on file |
| 16785078 | Name on file | Email address on file |
| 16172760 | Name on file | Email address on file |
| 16749247 | Name on file | Email address on file |
| 16029127 | Name on file | Email address on file |
| 16743662 | Name on file | Email address on file |
| 16029139 | Name on file | Email address on file |
| 16029151 | Name on file | Email address on file |
| 16788931 | Name on file | Email address on file |
| 16029269 | Name on file | Email address on file |
| 16029180 | Name on file | Email address on file |
| 16788621 | Name on file | Email address on file |
| 16028634 | Name on file | Email address on file |
| 16779118 | Name on file | Email address on file |

Exhibit W

Class 6 GGC Email Service List

Served via email

| MMLID | NAME | EMAIL |
|---|---|---|
| 16028699 | Name on file | Email address on file |
| 16029221 | Name on file | Email address on file |
| 16029011 | Name on file | Email address on file |
| 16685342 | Name on file | Email address on file |
| 16029214 | Name on file | Email address on file |
| 16029270 | Name on file | Email address on file |
| 16027489 | Name on file | Email address on file |

**<u>Exhibit X</u>**

Exhibit X

Impaired Email Service List

Served via email

| MMLID | NAME | EMAIL |
|-------|------|-------|
| 16926658 | Arizona Corporation Commission | Email address on file |
| 16029475 | DIGITAL CURRENCY GROUP | Email address on file |
| 16028412 | DIGITAL CURRENCY GROUP, INC | Email address on file |
| 16788903 | Digital Currency Group, Inc | Email address on file |
| 16788903 | Digital Currency Group, Inc | Email address on file |
| 13113607 | Digital Currency Group, Inc. | Email address on file |
| 16788854 | Digital Currency Group, Inc. | Email address on file |
| 16788854 | Digital Currency Group, Inc. | Email address on file |
| 19383433 | Georgia Secretary of State Securities and Charities Division | Email address on file |
| 19383441 | Georgia Secretary of State Securities and Charities Division | Email address on file |
| 19383489 | Iowa Insurance Division | Email address on file |
| 19383483 | Iowa Insurance Division | Email address on file |
| 19383437 | North Carolina Department of the Secretary of State | Email address on file |
| 19383439 | North Carolina Department of the Secretary of State | Email address on file |
| 19383475 | South Dakota Division of Insurance | Email address on file |
| 19383481 | South Dakota Division of Insurance | Email address on file |
| 19382144 | State of Hawaii, Department of Commerce and Consumer Affairs, Securities Enforcement Branch | Email address on file |
| 19382275 | State of Hawaii, Department of Commerce and Consumer Affairs, Securities Enforcement Branch | Email address on file |
| 19382273 | State of Hawaii, Department of Commerce and Consumer Affairs, Securities Enforcement Branch | Email address on file |
| 19379277 | State of New York Office of the Attorney General, Division of Economic Justice | Email address on file |
| 19379301 | State of New York Office of the Attorney General, Division of Economic Justice | Email address on file |
| 19379327 | State of New York Office of the Attorney General, Division of Economic Justice | Email address on file |
| 16947106 | Texas Department of Banking | Email address on file |
| 16947106 | Texas Department of Banking | Email address on file |
| 16947106 | Texas Department of Banking | Email address on file |
| 19362303 | Texas State Securities Board | Email address on file |
| 19362133 | Texas State Securities Boared | Email address on file |
| 19382269 | The New Jersey Bureau of Securities | Email address on file |
| 19382265 | The New Jersey Bureau of Securities | Email address on file |
| 19382261 | The New Jersey Bureau of Securities | Email address on file |
| 19379056 | U.S. Securities and Exchange Commission | Email address on file |
| 19379112 | U.S. Securities and Exchange Commission | Email address on file |
| 19379133 | U.S. Securities and Exchange Commission | Email address on file |

**<u>Exhibit Y</u>**

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12245185 | Name on file | Email address on file |
| 12171209 | Name on file | Email address on file |
| 12047489 | Name on file | Email address on file |
| 12047490 | Name on file | Email address on file |
| 12868362 | Name on file | Email address on file |
| 12047430 | Name on file | Email address on file |
| 12047491 | Name on file | Email address on file |
| 12047492 | Name on file | Email address on file |
| 12047493 | Name on file | Email address on file |
| 12047494 | Name on file | Email address on file |
| 12047495 | Name on file | Email address on file |
| 12047496 | Name on file | Email address on file |
| 18168836 | Name on file | Email address on file |
| 12963480 | Name on file | Email address on file |
| 17114878 | Name on file | Email address on file |
| 12047503 | Name on file | Email address on file |
| 15555194 | Name on file | Email address on file |
| 12047036 | Name on file | Email address on file |
| 12873388 | Ad Hoc Group of Genesis Lenders | Email address on file |
| 12873503 | Ad Hoc Group of Genesis Lenders | Email address on file |
| 15467658 | Ad Hoc Group of Genesis Lenders | Email address on file |
| 12875492 | Ad Hoc Group of Genesis Lenders | Email address on file |
| 16304325 | Ad Hoc Group of Genesis Lenders | Email address on file |
| 12647650 | Name on file | Email address on file |
| 12242134 | Name on file | Email address on file |
| 12047517 | Name on file | Email address on file |
| 12047518 | Name on file | Email address on file |
| 12649421 | Name on file | Email address on file |
| 15555299 | Name on file | Email address on file |
| 16304340 | Name on file | Email address on file |
| 12046227 | AIA | Email address on file |
| 12046226 | AIA | Email address on file |
| 12047521 | Name on file | Email address on file |
| 12047522 | Name on file | Email address on file |
| 12047524 | Name on file | Email address on file |
| 12047525 | Name on file | Email address on file |
| 12875849 | Alameda Research LLC on behalf of all FTX Debtors | Email address on file |
| 12872416 | Alameda Research LLC on behalf of all FTX Debtors | Email address on file |
| 12872454 | Alameda Research LLC on behalf of all FTX Debtors | Email address on file |
| 20475129 | Name on file | Email address on file |
| 12047526 | Name on file | Email address on file |
| 20475055 | Name on file | Email address on file |
| 12047527 | Name on file | Email address on file |
| 12872559 | Alameda Research Ltd. on behalf of all FTX Debtors | Email address on file |
| 12872629 | Alameda Research Ltd. on behalf of all FTX Debtors | Email address on file |
| 12046710 | Name on file | Email address on file |
| 12047033 | Name on file | Email address on file |
| 12171228 | Name on file | Email address on file |
| 12047501 | Name on file | Email address on file |
| 12872497 | Name on file | Email address on file |
| 12047542 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12047543 | Name on file | Email address on file |
| 12966997 | Name on file | Email address on file |
| 12242135 | Name on file | Email address on file |
| 12879011 | Name on file | Email address on file |
| 12047547 | Name on file | Email address on file |
| 12104320 | Name on file | Email address on file |
| 20624952 | Allen & Overy LLP | david.esseks@allenovery.com |
| 12047549 | Name on file | Email address on file |
| 12946950 | Name on file | Email address on file |
| 12046815 | Name on file | Email address on file |
| 12242136 | Name on file | Email address on file |
| 12871811 | Name on file | Email address on file |
| 12047550 | Name on file | Email address on file |
| 12047551 | Name on file | Email address on file |
| 12047552 | Name on file | Email address on file |
| 12047553 | Name on file | Email address on file |
| 12191569 | Name on file | Email address on file |
| 12047554 | Name on file | Email address on file |
| 12047555 | Name on file | Email address on file |
| 20624951 | Alston & Bird LLP | Joanna.hendon@gmail.com |
| 11841979 | Name on file | Email address on file |
| 12047556 | Name on file | Email address on file |
| 12047558 | Name on file | Email address on file |
| 12242137 | Name on file | Email address on file |
| 12171250 | Name on file | Email address on file |
| 12046491 | Name on file | Email address on file |
| 12047559 | Name on file | Email address on file |
| 12047560 | Name on file | Email address on file |
| 18315846 | Name on file | Email address on file |
| 18235996 | Name on file | Email address on file |
| 12046230 | Name on file | Email address on file |
| 12047563 | Name on file | Email address on file |
| 12047564 | Name on file | Email address on file |
| 12047565 | ANCHORAGE LENDING CA, LLC | Email address on file |
| 12822483 | Name on file | Email address on file |
| 12242138 | Name on file | Email address on file |
| 12835426 | Name on file | Email address on file |
| 12875024 | Name on file | Email address on file |
| 12764482 | Name on file | Email address on file |
| 12171211 | Name on file | Email address on file |
| 12046731 | Name on file | Email address on file |
| 12046828 | Name on file | Email address on file |
| 12047575 | Name on file | Email address on file |
| 12891877 | Name on file | Email address on file |
| 12892052 | Name on file | Email address on file |
| 12047504 | Name on file | Email address on file |
| 12046772 | Name on file | Email address on file |
| 13041742 | Aon Consulting, Inc. | Email address on file |
| 12108373 | Name on file | Email address on file |
| 12047576 | Name on file | Email address on file |
| 12047577 | Name on file | Email address on file |

Exhibit Y
Master Mailing Email List
Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12047137 | Name on file | Email address on file |
| 12762898 | Name on file | Email address on file |
| 12047578 | Name on file | Email address on file |
| 12047579 | Name on file | Email address on file |
| 12104292 | Name on file | Email address on file |
| 12047072 | Name on file | Email address on file |
| 12046554 | Name on file | Email address on file |
| 12047580 | Name on file | Email address on file |
| 12856670 | Name on file | Email address on file |
| 20646381 | Name on file | Email address on file |
| 12047197 | Name on file | Email address on file |
| 12871639 | Name on file | Email address on file |
| 12047583 | Name on file | Email address on file |
| 13052704 | Arizona Corporation Commission | Email address on file |
| 12875807 | ARK Cryptocurrency Master Fund LLC | Email address on file |
| 12047584 | Name on file | Email address on file |
| 12873437 | ARK Cryptocurrency Master Fund LLC | Email address on file |
| 12828327 | Name on file | Email address on file |
| 12047586 | Name on file | Email address on file |
| 12047587 | Name on file | Email address on file |
| 12047588 | Name on file | Email address on file |
| 12047589 | Name on file | Email address on file |
| 12047568 | Name on file | Email address on file |
| 12046911 | Name on file | Email address on file |
| 12946761 | Name on file | Email address on file |
| 12047591 | Name on file | Email address on file |
| 12047593 | Name on file | Email address on file |
| 12171204 | Name on file | Email address on file |
| 12148643 | Name on file | Email address on file |
| 12242139 | Name on file | Email address on file |
| 12047596 | Name on file | Email address on file |
| 12047598 | Name on file | Email address on file |
| 12242140 | Name on file | Email address on file |
| 12046829 | Name on file | Email address on file |
| 12047600 | Name on file | Email address on file |
| 12047486 | Name on file | Email address on file |
| 18236218 | Name on file | Email address on file |
| 12047487 | Name on file | Email address on file |
| 12046233 | AXIS CAPITAL | Email address on file |
| 12046234 | AXIS CAPITAL | Email address on file |
| 12047602 | Name on file | Email address on file |
| 12046995 | Name on file | Email address on file |
| 12047604 | Name on file | Email address on file |
| 20621560 | Name on file | Email address on file |
| 15419260 | Name on file | Email address on file |
| 13069398 | Name on file | Email address on file |
| 12965497 | Name on file | Email address on file |
| 12046779 | Name on file | Email address on file |
| 12873585 | Name on file | Email address on file |
| 12856882 | Name on file | Email address on file |
| 20620649 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12762845 | Name on file | Email address on file |
| 12047153 | Name on file | Email address on file |
| 12046933 | Name on file | Email address on file |
| 12047606 | Name on file | Email address on file |
| 12872596 | Name on file | Email address on file |
| 12047608 | Name on file | Email address on file |
| 12242141 | Name on file | Email address on file |
| 12890111 | Name on file | Email address on file |
| 12242142 | Name on file | Email address on file |
| 12046807 | Name on file | Email address on file |
| 12047535 | Name on file | Email address on file |
| 12046767 | Name on file | Email address on file |
| 12244515 | Name on file | Email address on file |
| 12819048 | Name on file | Email address on file |
| 12825866 | Name on file | Email address on file |
| 12046879 | Name on file | Email address on file |
| 12872273 | Name on file | Email address on file |
| 12762888 | Name on file | Email address on file |
| 12046727 | Name on file | Email address on file |
| 12872584 | Name on file | Email address on file |
| 12047305 | Name on file | Email address on file |
| 12047214 | Name on file | Email address on file |
| 20641209 | Name on file | Email address on file |
| 12046858 | Name on file | Email address on file |
| 12864505 | Name on file | Email address on file |
| 12047612 | Name on file | Email address on file |
| 12047613 | Name on file | Email address on file |
| 20620274 | Name on file | Email address on file |
| 12046934 | Name on file | Email address on file |
| 12047309 | Name on file | Email address on file |
| 13069382 | Name on file | Email address on file |
| 15550172 | Name on file | Email address on file |
| 20475117 | Name on file | Email address on file |
| 12047653 | Name on file | Email address on file |
| 12873446 | Name on file | Email address on file |
| 12242143 | Name on file | Email address on file |
| 18163865 | Name on file | Email address on file |
| 20475093 | Name on file | Email address on file |
| 12872602 | Name on file | Email address on file |
| 12878699 | Name on file | Email address on file |
| 12047533 | Name on file | Email address on file |
| 12047619 | Name on file | Email address on file |
| 18334887 | Name on file | Email address on file |
| 18946002 | Name on file | Email address on file |
| 12242144 | Name on file | Email address on file |
| 12868296 | Name on file | Email address on file |
| 12873492 | Name on file | Email address on file |
| 12954947 | Name on file | Email address on file |
| 12242145 | Name on file | Email address on file |
| 12107722 | Name on file | Email address on file |
| 12651078 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12046661 | Name on file | Email address on file |
| 12046712 | Name on file | Email address on file |
| 18140051 | Name on file | Email address on file |
| 15556912 | Name on file | Email address on file |
| 15481242 | Name on file | Email address on file |
| 12046768 | Name on file | Email address on file |
| 12819909 | Name on file | Email address on file |
| 12047359 | Name on file | Email address on file |
| 12047622 | Name on file | Email address on file |
| 12047623 | Name on file | Email address on file |
| 12046626 | Name on file | Email address on file |
| 12242146 | Name on file | Email address on file |
| 12872513 | Name on file | Email address on file |
| 12047209 | Name on file | Email address on file |
| 12987133 | Name on file | Email address on file |
| 12046498 | Name on file | Email address on file |
| 13088582 | Name on file | Email address on file |
| 18173488 | Name on file | Email address on file |
| 12047624 | Name on file | Email address on file |
| 12046503 | Name on file | Email address on file |
| 12873638 | Name on file | Email address on file |
| 12046794 | Name on file | Email address on file |
| 12047625 | Name on file | Email address on file |
| 12046861 | Name on file | Email address on file |
| 12244717 | Name on file | Email address on file |
| 12046671 | Name on file | Email address on file |
| 12242147 | Name on file | Email address on file |
| 12171215 | Name on file | Email address on file |
| 12171196 | BITGO | Email address on file |
| 12047626 | Name on file | Email address on file |
| 12047627 | Name on file | Email address on file |
| 12047628 | Name on file | Email address on file |
| 12171216 | Name on file | Email address on file |
| 12047629 | Name on file | Email address on file |
| 12047630 | Name on file | Email address on file |
| 12047631 | Name on file | Email address on file |
| 12047632 | Name on file | Email address on file |
| 12047633 | Name on file | Email address on file |
| 12047634 | Name on file | Email address on file |
| 12979618 | Name on file | Email address on file |
| 12890110 | Name on file | Email address on file |
| 12873513 | Name on file | Email address on file |
| 12873431 | Name on file | Email address on file |
| 12872475 | Name on file | Email address on file |
| 12243900 | Name on file | Email address on file |
| 12047635 | Name on file | Email address on file |
| 12047636 | Name on file | Email address on file |
| 12047637 | Name on file | Email address on file |
| 12047638 | Name on file | Email address on file |
| 12047639 | Name on file | Email address on file |
| 12047640 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12047641 | Name on file | Email address on file |
| 12047642 | Name on file | Email address on file |
| 12047643 | Name on file | Email address on file |
| 12047644 | Name on file | Email address on file |
| 18951807 | Name on file | Email address on file |
| 12047645 | Name on file | Email address on file |
| 12047018 | Name on file | Email address on file |
| 12171241 | Name on file | Email address on file |
| 12047570 | Name on file | Email address on file |
| 12857865 | Name on file | Email address on file |
| 13093566 | Name on file | Email address on file |
| 12047423 | Name on file | Email address on file |
| 12242148 | Name on file | Email address on file |
| 12047097 | Name on file | Email address on file |
| 12242149 | Name on file | Email address on file |
| 12856960 | Name on file | Email address on file |
| 12871803 | Name on file | Email address on file |
| 12856981 | Name on file | Email address on file |
| 12046693 | Name on file | Email address on file |
| 12862086 | Name on file | Email address on file |
| 12862079 | Name on file | Email address on file |
| 12047646 | Name on file | Email address on file |
| 12242150 | Name on file | Email address on file |
| 20474938 | Name on file | Email address on file |
| 18178074 | Name on file | Email address on file |
| 20475389 | Name on file | Email address on file |
| 19033567 | Name on file | Email address on file |
| 12046523 | Name on file | Email address on file |
| 17115907 | Name on file | Email address on file |
| 12046394 | Name on file | Email address on file |
| 12047354 | Name on file | Email address on file |
| 20620266 | Name on file | Email address on file |
| 12047647 | Name on file | Email address on file |
| 13119689 | Name on file | Email address on file |
| 19170461 | Name on file | Email address on file |
| 18140064 | Name on file | Email address on file |
| 12046416 | Name on file | Email address on file |
| 12047255 | Name on file | Email address on file |
| 18239287 | Name on file | Email address on file |
| 12760689 | Name on file | Email address on file |
| 12047654 | Name on file | Email address on file |
| 12827845 | Name on file | Email address on file |
| 12868777 | Name on file | Email address on file |
| 15468585 | Name on file | Email address on file |
| 12171212 | Name on file | Email address on file |
| 12046945 | Name on file | Email address on file |
| 15535900 | Name on file | Email address on file |
| 12047660 | Name on file | Email address on file |
| 12873617 | Name on file | Email address on file |
| 17114949 | Name on file | Email address on file |
| 12242151 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12872533 | Name on file | Email address on file |
| 13052730 | Name on file | Email address on file |
| 12115741 | Name on file | Email address on file |
| 12115852 | Name on file | Email address on file |
| 12873448 | Name on file | Email address on file |
| 12046823 | Name on file | Email address on file |
| 12898458 | Name on file | Email address on file |
| 12047663 | Name on file | Email address on file |
| 12946612 | Name on file | Email address on file |
| 12967160 | Name on file | Email address on file |
| 12988763 | Name on file | Email address on file |
| 12047664 | Name on file | Email address on file |
| 12046440 | Name on file | Email address on file |
| 12046816 | Name on file | Email address on file |
| 12856968 | Name on file | Email address on file |
| 12242152 | Name on file | Email address on file |
| 12873635 | Name on file | Email address on file |
| 13068783 | Name on file | Email address on file |
| 12648513 | Name on file | Email address on file |
| 12046935 | Name on file | Email address on file |
| 12857193 | Name on file | Email address on file |
| 18301601 | Name on file | Email address on file |
| 18974585 | Name on file | Email address on file |
| 12869037 | Name on file | Email address on file |
| 12869183 | Name on file | Email address on file |
| 12869636 | Name on file | Email address on file |
| 12869658 | Name on file | Email address on file |
| 12885482 | Name on file | Email address on file |
| 12885484 | Name on file | Email address on file |
| 12885528 | Name on file | Email address on file |
| 12885565 | Name on file | Email address on file |
| 12970160 | Name on file | Email address on file |
| 12970172 | Name on file | Email address on file |
| 12970181 | Name on file | Email address on file |
| 12970198 | Name on file | Email address on file |
| 12047131 | Name on file | Email address on file |
| 12047331 | Name on file | Email address on file |
| 12047403 | Name on file | Email address on file |
| 12046962 | Name on file | Email address on file |
| 12046808 | Name on file | Email address on file |
| 12047621 | Name on file | Email address on file |
| 12875864 | Name on file | Email address on file |
| 12244603 | Name on file | Email address on file |
| 12047665 | Name on file | Email address on file |
| 12047666 | Name on file | Email address on file |
| 12171217 | Name on file | Email address on file |
| 12047669 | Name on file | Email address on file |
| 18943637 | Name on file | Email address on file |
| 19024980 | Name on file | Email address on file |
| 12046392 | Name on file | Email address on file |
| 12245216 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 19034851 | Name on file | Email address on file |
| 12244682 | Name on file | Email address on file |
| 20637367 | Name on file | Email address on file |
| 12251717 | Name on file | Email address on file |
| 12046393 | Name on file | Email address on file |
| 12644100 | Name on file | Email address on file |
| 13087286 | Name on file | Email address on file |
| 20634852 | Name on file | Email address on file |
| 12046599 | Name on file | Email address on file |
| 12873526 | Name on file | Email address on file |
| 20620644 | Name on file | Email address on file |
| 12047154 | Name on file | Email address on file |
| 12046917 | Name on file | Email address on file |
| 12047277 | Name on file | Email address on file |
| 12046397 | Name on file | Email address on file |
| 12829062 | Name on file | Email address on file |
| 15466854 | Name on file | Email address on file |
| 12047245 | Name on file | Email address on file |
| 12872622 | Name on file | Email address on file |
| 20634316 | Name on file | Email address on file |
| 12046606 | Name on file | Email address on file |
| 12046399 | Name on file | Email address on file |
| 20475483 | Name on file | Email address on file |
| 12046401 | Name on file | Email address on file |
| 12047571 | Name on file | Email address on file |
| 12046402 | Name on file | Email address on file |
| 12244617 | Name on file | Email address on file |
| 12245847 | Name on file | Email address on file |
| 12046403 | Name on file | Email address on file |
| 12244631 | Name on file | Email address on file |
| 12046404 | Name on file | Email address on file |
| 12191612 | Name on file | Email address on file |
| 12868335 | Name on file | Email address on file |
| 12872617 | Name on file | Email address on file |
| 12245686 | Name on file | Email address on file |
| 12644099 | Name on file | Email address on file |
| 19012024 | Name on file | Email address on file |
| 12046405 | Name on file | Email address on file |
| 12858521 | Name on file | Email address on file |
| 12046504 | Name on file | Email address on file |
| 12242153 | Name on file | Email address on file |
| 12046242 | Name on file | Email address on file |
| 12046910 | Name on file | Email address on file |
| 12856348 | Name on file | Email address on file |
| 12047497 | Name on file | Email address on file |
| 12174012 | Name on file | Email address on file |
| 12174026 | Name on file | Email address on file |
| 12979612 | Name on file | Email address on file |
| 12760926 | Name on file | Email address on file |
| 12760962 | Name on file | Email address on file |
| 12046411 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12046412 | Name on file | Email address on file |
| 16879083 | Name on file | Email address on file |
| 16172822 | Name on file | Email address on file |
| 13091783 | Name on file | Email address on file |
| 12168471 | Name on file | Email address on file |
| 12046774 | Name on file | Email address on file |
| 12047529 | Name on file | Email address on file |
| 12991255 | Name on file | Email address on file |
| 12047141 | Name on file | Email address on file |
| 19175500 | Name on file | Email address on file |
| 20624982 | Cherokee Debt Acquisition, LLC as Transferee of Name on File | Email address on file |
| 12047180 | Name on file | Email address on file |
| 12915994 | Name on file | Email address on file |
| 12106832 | Name on file | Email address on file |
| 18339333 | Name on file | Email address on file |
| 18339355 | Name on file | Email address on file |
| 12827079 | Name on file | Email address on file |
| 12046845 | Name on file | Email address on file |
| 12830153 | Name on file | Email address on file |
| 12047367 | Name on file | Email address on file |
| 13041813 | Name on file | Email address on file |
| 12873643 | Name on file | Email address on file |
| 12047566 | Name on file | Email address on file |
| 15419048 | Name on file | Email address on file |
| 13023712 | Name on file | Email address on file |
| 12046744 | Name on file | Email address on file |
| 12046882 | Name on file | Email address on file |
| 12046425 | Name on file | Email address on file |
| 12046745 | Name on file | Email address on file |
| 20644082 | Name on file | Email address on file |
| 18269016 | Name on file | Email address on file |
| 12242154 | Name on file | Email address on file |
| 12046499 | Name on file | Email address on file |
| 12046434 | Name on file | Email address on file |
| 12046435 | CIRCLE INTERNATIONAL BERMUDA LIMITED | Email address on file |
| 12046436 | Name on file | Email address on file |
| 12046437 | Name on file | Email address on file |
| 12046438 | Name on file | Email address on file |
| 12246390 | Name on file | Email address on file |
| 12242155 | Name on file | Email address on file |
| 12046441 | Name on file | Email address on file |
| 15600695 | Name on file | Email address on file |
| 19176550 | Name on file | Email address on file |
| 12046442 | Name on file | Email address on file |
| 12242156 | Name on file | Email address on file |
| 12046443 | Name on file | Email address on file |
| 12046471 | Name on file | Email address on file |
| 12046444 | Name on file | Email address on file |
| 12047389 | Name on file | Email address on file |
| 12046445 | Name on file | Email address on file |
| 12046446 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12046447 | Name on file | Email address on file |
| 12046448 | Name on file | Email address on file |
| 12999034 | Name on file | Email address on file |
| 12047163 | Name on file | Email address on file |
| 12891749 | Name on file | Email address on file |
| 12047658 | Name on file | Email address on file |
| 12046817 | Name on file | Email address on file |
| 12872465 | Name on file | Email address on file |
| 18160261 | Name on file | Email address on file |
| 12046449 | Name on file | Email address on file |
| 12046450 | Name on file | Email address on file |
| 12046451 | Name on file | Email address on file |
| 12046452 | Name on file | Email address on file |
| 12171219 | Name on file | Email address on file |
| 12046454 | Name on file | Email address on file |
| 12046455 | Name on file | Email address on file |
| 12244975 | Name on file | Email address on file |
| 12046456 | Name on file | Email address on file |
| 12046457 | Name on file | Email address on file |
| 12046426 | Name on file | Email address on file |
| 12046500 | Name on file | Email address on file |
| 12655081 | Name on file | Email address on file |
| 12932060 | Name on file | Email address on file |
| 12656264 | Name on file | Email address on file |
| 12046791 | Name on file | Email address on file |
| 12046792 | Name on file | Email address on file |
| 12868825 | Name on file | Email address on file |
| 12046763 | Name on file | Email address on file |
| 12646670 | Name on file | Email address on file |
| 12046460 | Name on file | Email address on file |
| 12242157 | Name on file | Email address on file |
| 12046439 | Name on file | Email address on file |
| 18947820 | Name on file | Email address on file |
| 12046462 | Name on file | Email address on file |
| 12047138 | Name on file | Email address on file |
| 12873771 | Name on file | Email address on file |
| 12873848 | Name on file | Email address on file |
| 12242158 | Name on file | Email address on file |
| 12046795 | Name on file | Email address on file |
| 12046463 | Name on file | Email address on file |
| 12047015 | Name on file | Email address on file |
| 18951812 | Name on file | Email address on file |
| 17114865 | Name on file | Email address on file |
| 12872255 | Name on file | Email address on file |
| 12649861 | Name on file | Email address on file |
| 12046467 | Name on file | Email address on file |
| 12649445 | Name on file | Email address on file |
| 12046433 | Name on file | Email address on file |
| 12046468 | Name on file | Email address on file |
| 12046469 | Name on file | Email address on file |
| 12046470 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12046476 | Name on file | Email address on file |
| 12046477 | Name on file | Email address on file |
| 12649713 | Name on file | Email address on file |
| 13023644 | Name on file | Email address on file |
| 12046479 | Name on file | Email address on file |
| 12047668 | Name on file | Email address on file |
| 12046586 | Name on file | Email address on file |
| 12246202 | Name on file | Email address on file |
| 15550267 | Name on file | Email address on file |
| 15600539 | Name on file | Email address on file |
| 12928217 | Name on file | Email address on file |
| 12046480 | Name on file | Email address on file |
| 12046481 | Name on file | Email address on file |
| 12833236 | Name on file | Email address on file |
| 12823899 | Name on file | Email address on file |
| 12046482 | Name on file | Email address on file |
| 12046920 | Name on file | Email address on file |
| 12242159 | Name on file | Email address on file |
| 15559019 | Name on file | Email address on file |
| 12046483 | Name on file | Email address on file |
| 19033522 | Name on file | Email address on file |
| 12242160 | Name on file | Email address on file |
| 12242161 | Name on file | Email address on file |
| 19155769 | Name on file | Email address on file |
| 12046486 | Name on file | Email address on file |
| 12046487 | Name on file | Email address on file |
| 12046488 | Name on file | Email address on file |
| 12244638 | Name on file | Email address on file |
| 12244690 | Name on file | Email address on file |
| 12885479 | Name on file | Email address on file |
| 12245822 | Name on file | Email address on file |
| 12245835 | Name on file | Email address on file |
| 13007881 | Name on file | Email address on file |
| 13007894 | Name on file | Email address on file |
| 13008177 | Name on file | Email address on file |
| 12891958 | Name on file | Email address on file |
| 20475362 | Name on file | Email address on file |
| 12242162 | Name on file | Email address on file |
| 13119809 | Name on file | Email address on file |
| 12047173 | Name on file | Email address on file |
| 12867662 | Name on file | Email address on file |
| 12046964 | Name on file | Email address on file |
| 12242163 | Name on file | Email address on file |
| 12047616 | Name on file | Email address on file |
| 15550308 | Name on file | Email address on file |
| 18315853 | Name on file | Email address on file |
| 12648123 | Name on file | Email address on file |
| 12047074 | Name on file | Email address on file |
| 12242164 | Name on file | Email address on file |
| 19032676 | Name on file | Email address on file |
| 12046515 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12873692 | Name on file | Email address on file |
| 18300936 | Name on file | Email address on file |
| 12046803 | Name on file | Email address on file |
| 12875266 | Name on file | Email address on file |
| 15552735 | Name on file | Email address on file |
| 12046516 | Name on file | Email address on file |
| 12046948 | Name on file | Email address on file |
| 19025168 | Name on file | Email address on file |
| 12925011 | Name on file | Email address on file |
| 12047185 | Name on file | Email address on file |
| 12946669 | Name on file | Email address on file |
| 12046517 | Name on file | Email address on file |
| 12046518 | Name on file | Email address on file |
| 12046519 | Name on file | Email address on file |
| 12763588 | Name on file | Email address on file |
| 12046520 | Name on file | Email address on file |
| 12872336 | Name on file | Email address on file |
| 12872436 | Name on file | Email address on file |
| 12872541 | Name on file | Email address on file |
| 12875754 | Name on file | Email address on file |
| 12875847 | Name on file | Email address on file |
| 12875871 | Name on file | Email address on file |
| 13083047 | Name on file | Email address on file |
| 12872442 | Name on file | Email address on file |
| 15470737 | Name on file | Email address on file |
| 12047195 | Name on file | Email address on file |
| 12046521 | Name on file | Email address on file |
| 18937788 | Name on file | Email address on file |
| 18878125 | Name on file | Email address on file |
| 12650622 | Name on file | Email address on file |
| 12046427 | Name on file | Email address on file |
| 20648464 | Name on file | Email address on file |
| 20650631 | Name on file | Email address on file |
| 12107322 | Department of Treasury- Internal Revenue Service | Email address on file |
| 12949621 | Name on file | Email address on file |
| 20622077 | Name on file | Email address on file |
| 12856872 | Name on file | Email address on file |
| 12870312 | Name on file | Email address on file |
| 12871888 | Name on file | Email address on file |
| 13119346 | Name on file | Email address on file |
| 18181336 | Name on file | Email address on file |
| 12046524 | Name on file | Email address on file |
| 12191638 | Name on file | Email address on file |
| 12046525 | Name on file | Email address on file |
| 12191639 | Name on file | Email address on file |
| 12868545 | Name on file | Email address on file |
| 12046526 | Name on file | Email address on file |
| 12046527 | Name on file | Email address on file |
| 12046258 | Name on file | Email address on file |
| 12242165 | Name on file | Email address on file |
| 12046528 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12047386 | Name on file | Email address on file |
| 20646970 | Name on file | Email address on file |
| 20646972 | Name on file | Email address on file |
| 12046529 | Name on file | Email address on file |
| 12046530 | Name on file | Email address on file |
| 12046532 | Name on file | Email address on file |
| 12046533 | Name on file | Email address on file |
| 12046534 | Name on file | Email address on file |
| 12046535 | DIGITAL CURRENCY GROUP | Email address on file |
| 12046536 | Name on file | Email address on file |
| 12885474 | Digital Currency Group, Inc | Email address on file |
| 12873718 | Digital Currency Group, Inc | Email address on file |
| 12875534 | Digital Currency Group, Inc. | Email address on file |
| 12873656 | Digital Currency Group, Inc. | Email address on file |
| 12046537 | Name on file | Email address on file |
| 12171222 | Name on file | Email address on file |
| 12872073 | Name on file | Email address on file |
| 12885744 | Name on file | Email address on file |
| 12242166 | Name on file | Email address on file |
| 18974578 | Name on file | Email address on file |
| 12245177 | Name on file | Email address on file |
| 12245181 | Name on file | Email address on file |
| 12245187 | Name on file | Email address on file |
| 18334214 | Name on file | Email address on file |
| 12902300 | Name on file | Email address on file |
| 19170452 | Name on file | Email address on file |
| 18959552 | Name on file | Email address on file |
| 18950260 | Name on file | Email address on file |
| 12899990 | Name on file | Email address on file |
| 13003621 | Name on file | Email address on file |
| 12047174 | Name on file | Email address on file |
| 12046539 | Name on file | Email address on file |
| 20644049 | Name on file | Email address on file |
| 12873750 | Name on file | Email address on file |
| 12046784 | Name on file | Email address on file |
| 12046540 | Name on file | Email address on file |
| 12046541 | Name on file | Email address on file |
| 12827056 | Name on file | Email address on file |
| 12827065 | Name on file | Email address on file |
| 12242167 | Name on file | Email address on file |
| 15555217 | Name on file | Email address on file |
| 12242168 | Name on file | Email address on file |
| 12047083 | Name on file | Email address on file |
| 20647181 | Name on file | Email address on file |
| 20647381 | Name on file | Email address on file |
| 12046542 | Name on file | Email address on file |
| 13060462 | Name on file | Email address on file |
| 12046424 | Name on file | Email address on file |
| 12872673 | Name on file | Email address on file |
| 12046543 | Name on file | Email address on file |
| 12875481 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12046544 | Name on file | Email address on file |
| 12046545 | Name on file | Email address on file |
| 12171223 | Name on file | Email address on file |
| 12244736 | Name on file | Email address on file |
| 12242169 | Name on file | Email address on file |
| 13003073 | Name on file | Email address on file |
| 12046916 | Name on file | Email address on file |
| 12046547 | Name on file | Email address on file |
| 12835394 | Name on file | Email address on file |
| 12046548 | Name on file | Email address on file |
| 13020857 | Name on file | Email address on file |
| 13060353 | Name on file | Email address on file |
| 12046549 | Name on file | Email address on file |
| 12046550 | Name on file | Email address on file |
| 12046551 | Name on file | Email address on file |
| 12946902 | Name on file | Email address on file |
| 12046552 | Name on file | Email address on file |
| 12046553 | Name on file | Email address on file |
| 12761076 | Name on file | Email address on file |
| 15555314 | Name on file | Email address on file |
| 12244664 | Name on file | Email address on file |
| 12047601 | Name on file | Email address on file |
| 12046804 | Name on file | Email address on file |
| 12046686 | Name on file | Email address on file |
| 12046559 | Name on file | Email address on file |
| 12046560 | Name on file | Email address on file |
| 12877955 | Name on file | Email address on file |
| 19170021 | Name on file | Email address on file |
| 12046472 | Name on file | Email address on file |
| 12047266 | Name on file | Email address on file |
| 18315951 | Name on file | Email address on file |
| 12046566 | Name on file | Email address on file |
| 12046570 | Name on file | Email address on file |
| 12171224 | Name on file | Email address on file |
| 12046571 | Name on file | Email address on file |
| 12947271 | Name on file | Email address on file |
| 12963629 | Name on file | Email address on file |
| 12242170 | Name on file | Email address on file |
| 12046572 | Name on file | Email address on file |
| 12648438 | Name on file | Email address on file |
| 12648634 | Name on file | Email address on file |
| 12046573 | Name on file | Email address on file |
| 12171225 | Name on file | Email address on file |
| 12651068 | Name on file | Email address on file |
| 13043991 | Name on file | Email address on file |
| 12046577 | Name on file | Email address on file |
| 12046578 | Name on file | Email address on file |
| 12046579 | Name on file | Email address on file |
| 12046580 | Name on file | Email address on file |
| 12046581 | Name on file | Email address on file |
| 12046582 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 15551625 | Name on file | Email address on file |
| 12244656 | Name on file | Email address on file |
| 12046583 | Name on file | Email address on file |
| 12046584 | Name on file | Email address on file |
| 12873534 | Name on file | Email address on file |
| 12046585 | Name on file | Email address on file |
| 18947818 | Name on file | Email address on file |
| 12046921 | Name on file | Email address on file |
| 12947002 | Name on file | Email address on file |
| 12896707 | Name on file | Email address on file |
| 12047299 | Name on file | Email address on file |
| 12046589 | Name on file | Email address on file |
| 12046590 | Name on file | Email address on file |
| 12873702 | Name on file | Email address on file |
| 12873741 | Name on file | Email address on file |
| 12046996 | Name on file | Email address on file |
| 12046909 | Name on file | Email address on file |
| 18339473 | Name on file | Email address on file |
| 12093512 | Name on file | Email address on file |
| 12108936 | Name on file | Email address on file |
| 12047355 | Name on file | Email address on file |
| 12046965 | Name on file | Email address on file |
| 12869394 | Name on file | Email address on file |
| 12871900 | Name on file | Email address on file |
| 12046459 | Name on file | Email address on file |
| 12873795 | Name on file | Email address on file |
| 12046592 | Name on file | Email address on file |
| 12046593 | Name on file | Email address on file |
| 12046594 | Name on file | Email address on file |
| 12047256 | Name on file | Email address on file |
| 12046596 | Name on file | Email address on file |
| 12047534 | Name on file | Email address on file |
| 12046922 | Name on file | Email address on file |
| 12873633 | Name on file | Email address on file |
| 12046783 | Name on file | Email address on file |
| 13083022 | Name on file | Email address on file |
| 12046395 | Name on file | Email address on file |
| 12046719 | Name on file | Email address on file |
| 12171227 | Name on file | Email address on file |
| 12047506 | Name on file | Email address on file |
| 12096075 | Name on file | Email address on file |
| 12096011 | Name on file | Email address on file |
| 12046927 | Name on file | Email address on file |
| 12096069 | Name on file | Email address on file |
| 12046600 | Name on file | Email address on file |
| 12047155 | Name on file | Email address on file |
| 12761361 | Name on file | Email address on file |
| 12046505 | Name on file | Email address on file |
| 12046601 | Name on file | Email address on file |
| 12046602 | Name on file | Email address on file |
| 12647386 | Name on file | Email address on file |

Exhibit Y
Master Mailing Email List
Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 18335033 | Name on file | Email address on file |
| 12046809 | Name on file | Email address on file |
| 12046603 | Name on file | Email address on file |
| 12046604 | Name on file | Email address on file |
| 12046605 | Name on file | Email address on file |
| 13052765 | FirstLight Fiber, Inc. | Email address on file |
| 12047229 | Name on file | Email address on file |
| 12763622 | Name on file | Email address on file |
| 12046799 | Name on file | Email address on file |
| 18239927 | Name on file | Email address on file |
| 12046966 | Name on file | Email address on file |
| 12046627 | Name on file | Email address on file |
| 12872066 | Name on file | Email address on file |
| 15470215 | Name on file | Email address on file |
| 20645339 | Name on file | Email address on file |
| 12873965 | Name on file | Email address on file |
| 12046608 | Name on file | Email address on file |
| 12046609 | Name on file | Email address on file |
| 12047605 | Name on file | Email address on file |
| 17632827 | Name on file | Email address on file |
| 12885982 | Name on file | Email address on file |
| 12046610 | Name on file | Email address on file |
| 12881352 | Name on file | Email address on file |
| 12946867 | Name on file | Email address on file |
| 12889475 | Name on file | Email address on file |
| 12126062 | FOREIGN REPRESENTATIVE OF THREE ARROWS CAPITAL | Email address on file |
| 12126071 | FOREIGN REPRESENTATIVE OF THREE ARROWS CAPITAL | Email address on file |
| 12047617 | Name on file | Email address on file |
| 12148631 | Name on file | Email address on file |
| 18168918 | Name on file | Email address on file |
| 12872434 | Name on file | Email address on file |
| 12875386 | Name on file | Email address on file |
| 12171198 | FOUNDRY DIGITAL LLC | Email address on file |
| 12046611 | Name on file | Email address on file |
| 12862068 | Name on file | Email address on file |
| 12046612 | Name on file | Email address on file |
| 12871864 | Name on file | Email address on file |
| 12046613 | Name on file | Email address on file |
| 12046614 | Name on file | Email address on file |
| 20642242 | Name on file | Email address on file |
| 12046615 | Name on file | Email address on file |
| 12047186 | Name on file | Email address on file |
| 12046830 | Name on file | Email address on file |
| 12046265 | Name on file | Email address on file |
| 19024982 | Name on file | Email address on file |
| 12875050 | Name on file | Email address on file |
| 12649369 | Name on file | Email address on file |
| 20644754 | Name on file | Email address on file |
| 12648504 | Name on file | Email address on file |
| 12046616 | Name on file | Email address on file |
| 12046620 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12046963 | Name on file | Email address on file |
| 12046587 | Name on file | Email address on file |
| 12047300 | Name on file | Email address on file |
| 12872251 | FTX Trading Ltd. on behalf of all FTX Debtors | Email address on file |
| 12872409 | FTX Trading Ltd. on behalf of all FTX Debtors | Email address on file |
| 12872480 | FTX Trading Ltd. on behalf of all FTX Debtors | Email address on file |
| 12877969 | Name on file | Email address on file |
| 15419498 | Name on file | Email address on file |
| 12046268 | FULLERTON HEALTH | Email address on file |
| 12046269 | FULLERTON HEALTH | Email address on file |
| 12046270 | FULLERTON HEALTH | Email address on file |
| 12046776 | Name on file | Email address on file |
| 15535941 | Name on file | Email address on file |
| 13062659 | Name on file | Email address on file |
| 12171237 | Name on file | Email address on file |
| 19024950 | Name on file | Email address on file |
| 13119379 | Name on file | Email address on file |
| 12046621 | Name on file | Email address on file |
| 12046622 | Name on file | Email address on file |
| 12047516 | Name on file | Email address on file |
| 15513729 | Name on file | Email address on file |
| 12046623 | Name on file | Email address on file |
| 12046914 | Name on file | Email address on file |
| 12115822 | Name on file | Email address on file |
| 12148623 | Name on file | Email address on file |
| 12872492 | Name on file | Email address on file |
| 12047269 | Name on file | Email address on file |
| 12046624 | Name on file | Email address on file |
| 12857201 | Name on file | Email address on file |
| 12857204 | Name on file | Email address on file |
| 20655286 | Name on file | Email address on file |
| 12046929 | Name on file | Email address on file |
| 12046800 | Name on file | Email address on file |
| 12242171 | Name on file | Email address on file |
| 12046928 | Name on file | Email address on file |
| 18993258 | Name on file | Email address on file |
| 12046625 | Name on file | Email address on file |
| 12987053 | Name on file | Email address on file |
| 12047310 | Name on file | Email address on file |
| 12856714 | Name on file | Email address on file |
| 12047301 | Name on file | Email address on file |
| 18165090 | Name on file | Email address on file |
| 12046628 | Name on file | Email address on file |
| 12046677 | Name on file | Email address on file |
| 12047432 | GEMINI | Email address on file |
| 12046629 | Name on file | Email address on file |
| 12872084 | Gemini Trust Company, LLC | Email address on file |
| 12873876 | Gemini Trust Company, LLC | Email address on file |
| 12871713 | Gemini Trust Company, LLC, on behalf of Gemini Lenders | Email address on file |
| 12873490 | Gemini Trust Company, LLC, on behalf of Gemini Lenders | Email address on file |
| 12873488 | Genesis Global Trading, Inc. | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12873720 | Genesis Global Trading, Inc. | Email address on file |
| 12875976 | Genesis Global Trading, Inc. | Email address on file |
| 12875963 | Genesis Global Trading, Inc. | Email address on file |
| 12875975 | Genesis Global Trading, Inc. | Email address on file |
| 12046636 | GENESIS GLOBAL TRADING, INC. | Email address on file |
| 12823459 | Name on file | Email address on file |
| 12833230 | Name on file | Email address on file |
| 12046638 | Name on file | Email address on file |
| 12872645 | Name on file | Email address on file |
| 15556771 | Georgia Secretary of State Securities and Charities Division | Email address on file |
| 15556782 | Georgia Secretary of State Securities and Charities Division | Email address on file |
| 12046643 | Name on file | Email address on file |
| 12046923 | Name on file | Email address on file |
| 12242172 | Name on file | Email address on file |
| 12171186 | GGC INTERNATIONAL LIMITED | Email address on file |
| 12046646 | Name on file | Email address on file |
| 12046647 | Name on file | Email address on file |
| 12046648 | Name on file | Email address on file |
| 20650581 | Name on file | Email address on file |
| 15550141 | Name on file | Email address on file |
| 12047544 | Name on file | Email address on file |
| 12858034 | Name on file | Email address on file |
| 12047649 | Name on file | Email address on file |
| 12648138 | Name on file | Email address on file |
| 12648467 | Name on file | Email address on file |
| 12046755 | Name on file | Email address on file |
| 13062548 | Name on file | Email address on file |
| 15551430 | Name on file | Email address on file |
| 12047662 | Name on file | Email address on file |
| 18974441 | Name on file | Email address on file |
| 12047207 | Name on file | Email address on file |
| 15559045 | Name on file | Email address on file |
| 12242173 | Name on file | Email address on file |
| 12047162 | Name on file | Email address on file |
| 19152277 | Name on file | Email address on file |
| 12046781 | Name on file | Email address on file |
| 12991148 | Name on file | Email address on file |
| 12828680 | Name on file | Email address on file |
| 12047422 | Name on file | Email address on file |
| 12046649 | Name on file | Email address on file |
| 12046650 | Name on file | Email address on file |
| 12046651 | Name on file | Email address on file |
| 12242174 | Name on file | Email address on file |
| 12046801 | Name on file | Email address on file |
| 12245239 | Name on file | Email address on file |
| 12046652 | Name on file | Email address on file |
| 18236221 | Name on file | Email address on file |
| 12046762 | Name on file | Email address on file |
| 12762875 | Name on file | Email address on file |
| 12872261 | Goodwin Procter LLP | Email address on file |
| 12046967 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12047075 | Name on file | Email address on file |
| 12047507 | Name on file | Email address on file |
| 12046275 | Name on file | Email address on file |
| 12046654 | Name on file | Email address on file |
| 12872395 | Name on file | Email address on file |
| 12872488 | Name on file | Email address on file |
| 12872535 | Name on file | Email address on file |
| 12872588 | Name on file | Email address on file |
| 12885816 | Name on file | Email address on file |
| 12885831 | Name on file | Email address on file |
| 12970106 | Name on file | Email address on file |
| 12970109 | Name on file | Email address on file |
| 12970116 | Name on file | Email address on file |
| 12970127 | Name on file | Email address on file |
| 12171229 | Name on file | Email address on file |
| 12875879 | Name on file | Email address on file |
| 16295144 | GPD Holdings LLC d/b/a CoinFlip | Email address on file |
| 12885637 | Name on file | Email address on file |
| 12873496 | Name on file | Email address on file |
| 15416687 | GPD Holdings LLC d/b/a CoinFlip | Email address on file |
| 12047614 | Name on file | Email address on file |
| 18181307 | Name on file | Email address on file |
| 12046522 | Name on file | Email address on file |
| 18239913 | Name on file | Email address on file |
| 12242175 | Name on file | Email address on file |
| 12046658 | Name on file | Email address on file |
| 12873886 | Name on file | Email address on file |
| 12046659 | Name on file | Email address on file |
| 12047569 | Name on file | Email address on file |
| 12855778 | Name on file | Email address on file |
| 12046660 | Name on file | Email address on file |
| 15419285 | Name on file | Email address on file |
| 12046982 | Name on file | Email address on file |
| 12046734 | Name on file | Email address on file |
| 12648524 | Name on file | Email address on file |
| 12954889 | Name on file | Email address on file |
| 20476362 | Name on file | Email address on file |
| 15416724 | Name on file | Email address on file |
| 12242176 | Name on file | Email address on file |
| 12648492 | Name on file | Email address on file |
| 12046666 | Name on file | Email address on file |
| 12046667 | Name on file | Email address on file |
| 12047530 | Name on file | Email address on file |
| 12047022 | Name on file | Email address on file |
| 12914867 | Name on file | Email address on file |
| 12046780 | Name on file | Email address on file |
| 12873522 | Name on file | Email address on file |
| 12046279 | Name on file | Email address on file |
| 12884173 | Name on file | Email address on file |
| 20622075 | Name on file | Email address on file |
| 12046656 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12885230 | Name on file | Email address on file |
| 12242177 | Name on file | Email address on file |
| 12046662 | Name on file | Email address on file |
| 12171214 | Name on file | Email address on file |
| 12872317 | Name on file | Email address on file |
| 12872150 | Name on file | Email address on file |
| 12046428 | Name on file | Email address on file |
| 12933863 | Name on file | Email address on file |
| 12171251 | Name on file | Email address on file |
| 12047515 | Name on file | Email address on file |
| 12171210 | Name on file | Email address on file |
| 12868233 | Name on file | Email address on file |
| 12047023 | Name on file | Email address on file |
| 12242178 | Name on file | Email address on file |
| 12046746 | Name on file | Email address on file |
| 12651058 | Name on file | Email address on file |
| 12651071 | Name on file | Email address on file |
| 12046668 | Name on file | Email address on file |
| 19176558 | Name on file | Email address on file |
| 12946934 | Name on file | Email address on file |
| 12046984 | Name on file | Email address on file |
| 12242179 | Name on file | Email address on file |
| 19024970 | Name on file | Email address on file |
| 19034466 | Name on file | Email address on file |
| 13053121 | Name on file | Email address on file |
| 12046673 | Name on file | Email address on file |
| 12046674 | Name on file | Email address on file |
| 12046531 | Name on file | Email address on file |
| 12652290 | Name on file | Email address on file |
| 12047156 | Name on file | Email address on file |
| 12046947 | Name on file | Email address on file |
| 12046675 | Name on file | Email address on file |
| 12856639 | Name on file | Email address on file |
| 13069180 | Name on file | Email address on file |
| 12046785 | Name on file | Email address on file |
| 12991296 | Name on file | Email address on file |
| 13052752 | Name on file | Email address on file |
| 12987178 | Name on file | Email address on file |
| 12242180 | Name on file | Email address on file |
| 18168776 | Name on file | Email address on file |
| 18179418 | Name on file | Email address on file |
| 12046567 | Name on file | Email address on file |
| 12047191 | Name on file | Email address on file |
| 12242181 | Name on file | Email address on file |
| 12046968 | Name on file | Email address on file |
| 12242182 | Name on file | Email address on file |
| 12046679 | Name on file | Email address on file |
| 12046680 | Name on file | Email address on file |
| 12047201 | Name on file | Email address on file |
| 12046681 | Name on file | Email address on file |
| 12046682 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12046683 | Name on file | Email address on file |
| 12046492 | Name on file | Email address on file |
| 12171230 | Name on file | Email address on file |
| 15552606 | Name on file | Email address on file |
| 13087210 | Name on file | Email address on file |
| 13007496 | Name on file | Email address on file |
| 13009854 | Name on file | Email address on file |
| 13046755 | Name on file | Email address on file |
| 12963438 | Name on file | Email address on file |
| 12890038 | Name on file | Email address on file |
| 13023554 | Name on file | Email address on file |
| 13023693 | Name on file | Email address on file |
| 18334908 | Name on file | Email address on file |
| 12245696 | Name on file | Email address on file |
| 12928795 | Name on file | Email address on file |
| 20623779 | Name on file | Email address on file |
| 13087309 | Name on file | Email address on file |
| 12242183 | Name on file | Email address on file |
| 12046747 | Name on file | Email address on file |
| 12171244 | Name on file | Email address on file |
| 12244523 | Name on file | Email address on file |
| 12245819 | Name on file | Email address on file |
| 12245820 | Name on file | Email address on file |
| 18988252 | Name on file | Email address on file |
| 19011861 | Name on file | Email address on file |
| 19011862 | Name on file | Email address on file |
| 12047508 | Name on file | Email address on file |
| 12762894 | Name on file | Email address on file |
| 12046687 | Name on file | Email address on file |
| 12046429 | Name on file | Email address on file |
| 12046688 | Name on file | Email address on file |
| 12827093 | Name on file | Email address on file |
| 12046689 | Name on file | Email address on file |
| 12047238 | Name on file | Email address on file |
| 20646136 | Name on file | Email address on file |
| 18974583 | Name on file | Email address on file |
| 12046692 | Name on file | Email address on file |
| 12046805 | Name on file | Email address on file |
| 12856513 | Name on file | Email address on file |
| 12949605 | Name on file | Email address on file |
| 12046721 | Name on file | Email address on file |
| 12046735 | Name on file | Email address on file |
| 12760694 | Name on file | Email address on file |
| 11842064 | Name on file | Email address on file |
| 12046798 | Name on file | Email address on file |
| 12242184 | Name on file | Email address on file |
| 12046694 | Name on file | Email address on file |
| 12046695 | Name on file | Email address on file |
| 13023633 | Name on file | Email address on file |
| 12046696 | Name on file | Email address on file |
| 12171231 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12171232 | Name on file | Email address on file |
| 12047385 | Name on file | Email address on file |
| 12869869 | Name on file | Email address on file |
| 12829975 | Name on file | Email address on file |
| 12995418 | Name on file | Email address on file |
| 12242185 | Name on file | Email address on file |
| 12046697 | Name on file | Email address on file |
| 12763559 | Name on file | Email address on file |
| 12046698 | Name on file | Email address on file |
| 12046699 | Name on file | Email address on file |
| 15512840 | Name on file | Email address on file |
| 12242186 | Name on file | Email address on file |
| 12870348 | Name on file | Email address on file |
| 12046946 | Name on file | Email address on file |
| 12869922 | Name on file | Email address on file |
| 12046597 | Name on file | Email address on file |
| 12244555 | Name on file | Email address on file |
| 12046835 | Name on file | Email address on file |
| 12046700 | Name on file | Email address on file |
| 20634220 | Name on file | Email address on file |
| 12046701 | Name on file | Email address on file |
| 10587089 | Hughes Hubbard & Reed LLP | Email address on file |
| 18191994 | Name on file | Email address on file |
| 12046657 | Name on file | Email address on file |
| 12047146 | Name on file | Email address on file |
| 12046786 | Name on file | Email address on file |
| 12650340 | Name on file | Email address on file |
| 12046417 | Name on file | Email address on file |
| 12046703 | Name on file | Email address on file |
| 12046704 | Name on file | Email address on file |
| 12046705 | Name on file | Email address on file |
| 12171233 | Name on file | Email address on file |
| 12046706 | Name on file | Email address on file |
| 12046707 | Name on file | Email address on file |
| 12171226 | Name on file | Email address on file |
| 13093597 | Name on file | Email address on file |
| 12046408 | Name on file | Email address on file |
| 12046708 | Name on file | Email address on file |
| 12046709 | Name on file | Email address on file |
| 12648449 | Name on file | Email address on file |
| 12648636 | Name on file | Email address on file |
| 12648413 | Name on file | Email address on file |
| 12648637 | Name on file | Email address on file |
| 18140180 | Name on file | Email address on file |
| 12171234 | Name on file | Email address on file |
| 12857449 | Name on file | Email address on file |
| 12873631 | Name on file | Email address on file |
| 12885391 | Name on file | Email address on file |
| 12885394 | Name on file | Email address on file |
| 12046711 | Name on file | Email address on file |
| 12047230 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12991321 | Name on file | Email address on file |
| 12046715 | Name on file | Email address on file |
| 12046716 | Name on file | Email address on file |
| 12046717 | Name on file | Email address on file |
| 12885173 | Name on file | Email address on file |
| 15556837 | Iowa Insurance Division | Email address on file |
| 15556846 | Iowa Insurance Division | Email address on file |
| 13119789 | Name on file | Email address on file |
| 12046718 | Name on file | Email address on file |
| 18974587 | Name on file | Email address on file |
| 12889816 | Name on file | Email address on file |
| 12046720 | Name on file | Email address on file |
| 12047520 | Name on file | Email address on file |
| 12242187 | Name on file | Email address on file |
| 12873456 | Name on file | Email address on file |
| 12047502 | Name on file | Email address on file |
| 12046722 | Name on file | Email address on file |
| 12648208 | Name on file | Email address on file |
| 12648635 | Name on file | Email address on file |
| 18173913 | Name on file | Email address on file |
| 12046285 | J K MEDORA CORPORATE ASSISTANCE PTE LTD N | Email address on file |
| 12951441 | Name on file | Email address on file |
| 12171236 | Name on file | Email address on file |
| 12999012 | Name on file | Email address on file |
| 12891111 | Name on file | Email address on file |
| 12046418 | Name on file | Email address on file |
| 12046733 | Name on file | Email address on file |
| 15481283 | Name on file | Email address on file |
| 15599821 | Name on file | Email address on file |
| 12047332 | Name on file | Email address on file |
| 12888557 | Name on file | Email address on file |
| 12928758 | Name on file | Email address on file |
| 12047157 | Name on file | Email address on file |
| 12933851 | Name on file | Email address on file |
| 12047611 | Name on file | Email address on file |
| 12046753 | Name on file | Email address on file |
| 12890129 | Name on file | Email address on file |
| 12046754 | Name on file | Email address on file |
| 12046756 | Name on file | Email address on file |
| 15419410 | Name on file | Email address on file |
| 20634517 | Name on file | Email address on file |
| 20637287 | Name on file | Email address on file |
| 12823945 | Name on file | Email address on file |
| 17746608 | Jefferies Leveraged Credit Products, LLC as Transferee of Name on File | Email address on file |
| 12046653 | Name on file | Email address on file |
| 12245163 | Name on file | Email address on file |
| 12872386 | Name on file | Email address on file |
| 12046769 | Name on file | Email address on file |
| 12869453 | Name on file | Email address on file |
| 13088450 | Name on file | Email address on file |
| 12047117 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 20654606 | Name on file | Email address on file |
| 12047509 | Name on file | Email address on file |
| 12046576 | Name on file | Email address on file |
| 12873678 | Name on file | Email address on file |
| 12947084 | Name on file | Email address on file |
| 12046826 | Name on file | Email address on file |
| 12242188 | Name on file | Email address on file |
| 12242189 | Name on file | Email address on file |
| 12047557 | Name on file | Email address on file |
| 13087197 | Name on file | Email address on file |
| 18191978 | Name on file | Email address on file |
| 18191983 | Name on file | Email address on file |
| 12047378 | Name on file | Email address on file |
| 15467767 | Name on file | Email address on file |
| 12046811 | JPMORGAN CHASE BANK, NA | Email address on file |
| 12046812 | JPMORGAN CHASE BANK, NA SINGAPORE | Email address on file |
| 12046813 | Name on file | Email address on file |
| 18181338 | Name on file | Email address on file |
| 12763552 | Name on file | Email address on file |
| 12046286 | Name on file | Email address on file |
| 19169748 | Name on file | Email address on file |
| 12046758 | Name on file | Email address on file |
| 12046685 | Name on file | Email address on file |
| 12096057 | Name on file | Email address on file |
| 12047092 | Name on file | Email address on file |
| 12046728 | Name on file | Email address on file |
| 12760707 | Name on file | Email address on file |
| 12870138 | Name on file | Email address on file |
| 13062553 | Name on file | Email address on file |
| 13119096 | Name on file | Email address on file |
| 12047053 | Name on file | Email address on file |
| 12242190 | Name on file | Email address on file |
| 12046969 | Name on file | Email address on file |
| 18168962 | Name on file | Email address on file |
| 12115841 | Name on file | Email address on file |
| 20646399 | Name on file | Email address on file |
| 12242191 | Name on file | Email address on file |
| 12171247 | Name on file | Email address on file |
| 12046825 | Name on file | Email address on file |
| 12046738 | Name on file | Email address on file |
| 12047393 | Name on file | Email address on file |
| 12819030 | Name on file | Email address on file |
| 12652100 | Name on file | Email address on file |
| 12046409 | Name on file | Email address on file |
| 20622069 | Name on file | Email address on file |
| 12046872 | Name on file | Email address on file |
| 20644272 | Name on file | Email address on file |
| 12046833 | Name on file | Email address on file |
| 13087171 | Name on file | Email address on file |
| 12046836 | Name on file | Email address on file |
| 12046842 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12242192 | Name on file | Email address on file |
| 12046843 | Name on file | Email address on file |
| 12046844 | Name on file | Email address on file |
| 12047312 | Name on file | Email address on file |
| 12823445 | Name on file | Email address on file |
| 12046464 | Name on file | Email address on file |
| 12046796 | Name on file | Email address on file |
| 19169054 | Name on file | Email address on file |
| 12047567 | Name on file | Email address on file |
| 12047394 | Name on file | Email address on file |
| 18945999 | Name on file | Email address on file |
| 12046847 | Name on file | Email address on file |
| 12242193 | Name on file | Email address on file |
| 12242194 | Name on file | Email address on file |
| 20643472 | Name on file | Email address on file |
| 12244688 | Name on file | Email address on file |
| 12046970 | Name on file | Email address on file |
| 12047419 | Name on file | Email address on file |
| 12047510 | Name on file | Email address on file |
| 12046848 | Name on file | Email address on file |
| 12046430 | Name on file | Email address on file |
| 12120431 | Name on file | Email address on file |
| 12148612 | Name on file | Email address on file |
| 12046851 | Name on file | Email address on file |
| 12046850 | Name on file | Email address on file |
| 12046690 | Name on file | Email address on file |
| 18335036 | Name on file | Email address on file |
| 12047546 | Name on file | Email address on file |
| 20644077 | Name on file | Email address on file |
| 12047175 | Name on file | Email address on file |
| 12047337 | Name on file | Email address on file |
| 12963664 | Name on file | Email address on file |
| 19169985 | Name on file | Email address on file |
| 12873880 | Name on file | Email address on file |
| 19031059 | Name on file | Email address on file |
| 12046831 | Name on file | Email address on file |
| 18140674 | Name on file | Email address on file |
| 12830370 | Name on file | Email address on file |
| 12046891 | Name on file | Email address on file |
| 12046937 | Name on file | Email address on file |
| 12047536 | Name on file | Email address on file |
| 12046971 | Name on file | Email address on file |
| 15419224 | Name on file | Email address on file |
| 12244723 | Name on file | Email address on file |
| 12245868 | Name on file | Email address on file |
| 12046824 | Name on file | Email address on file |
| 12047505 | Name on file | Email address on file |
| 12047231 | Name on file | Email address on file |
| 20625119 | Name on file | Email address on file |
| 12763664 | Name on file | Email address on file |
| 12979653 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12046853 | Name on file | Email address on file |
| 12046972 | Name on file | Email address on file |
| 12835421 | Name on file | Email address on file |
| 12868820 | Name on file | Email address on file |
| 12868939 | Name on file | Email address on file |
| 12047434 | KRAKEN CUSTODIAL | Email address on file |
| 12873589 | Name on file | Email address on file |
| 12046854 | Name on file | Email address on file |
| 12875502 | Name on file | Email address on file |
| 12875503 | Name on file | Email address on file |
| 12171239 | Name on file | Email address on file |
| 12873403 | Name on file | Email address on file |
| 12047537 | Name on file | Email address on file |
| 12047084 | Name on file | Email address on file |
| 12047519 | Name on file | Email address on file |
| 12046607 | Name on file | Email address on file |
| 12047030 | Name on file | Email address on file |
| 12046857 | Name on file | Email address on file |
| 12244960 | Name on file | Email address on file |
| 12046757 | Name on file | Email address on file |
| 12046290 | Name on file | Email address on file |
| 12047179 | Name on file | Email address on file |
| 12047217 | Name on file | Email address on file |
| 12901737 | Name on file | Email address on file |
| 12046938 | Name on file | Email address on file |
| 12823922 | Name on file | Email address on file |
| 12047382 | Name on file | Email address on file |
| 12171193 | Name on file | Email address on file |
| 12932071 | Name on file | Email address on file |
| 12047275 | Name on file | Email address on file |
| 12046732 | Name on file | Email address on file |
| 15552688 | Name on file | Email address on file |
| 12046292 | KYTE BROKING LIMITED | Email address on file |
| 20622067 | Name on file | Email address on file |
| 13007492 | Name on file | Email address on file |
| 20648548 | Name on file | Email address on file |
| 12046852 | Name on file | Email address on file |
| 12171213 | Name on file | Email address on file |
| 12242195 | Name on file | Email address on file |
| 12046617 | Name on file | Email address on file |
| 20628692 | Name on file | Email address on file |
| 20636758 | Name on file | Email address on file |
| 12046639 | Name on file | Email address on file |
| 12045385 | Name on file | Email address on file |
| 12046561 | Name on file | Email address on file |
| 12046739 | Name on file | Email address on file |
| 12046871 | Name on file | Email address on file |
| 15419193 | Name on file | Email address on file |
| 12047366 | Name on file | Email address on file |
| 12046856 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12242196 | Name on file | Email address on file |
| 12046508 | Name on file | Email address on file |
| 12873697 | Name on file | Email address on file |
| 12046618 | Name on file | Email address on file |
| 18936458 | Name on file | Email address on file |
| 12928696 | Name on file | Email address on file |
| 12046866 | Name on file | Email address on file |
| 15669023 | Name on file | Email address on file |
| 20646554 | Name on file | Email address on file |
| 12885449 | Name on file | Email address on file |
| 12885465 | Name on file | Email address on file |
| 12885477 | Name on file | Email address on file |
| 12868997 | Name on file | Email address on file |
| 12869374 | Name on file | Email address on file |
| 12870322 | Name on file | Email address on file |
| 12046867 | Name on file | Email address on file |
| 12046868 | Name on file | Email address on file |
| 12046869 | Name on file | Email address on file |
| 12046870 | Name on file | Email address on file |
| 15555972 | Name on file | Email address on file |
| 12855645 | Name on file | Email address on file |
| 19026214 | Name on file | Email address on file |
| 19026219 | Name on file | Email address on file |
| 19026283 | Name on file | Email address on file |
| 13119580 | Name on file | Email address on file |
| 15481780 | Name on file | Email address on file |
| 15600408 | Name on file | Email address on file |
| 18951099 | Name on file | Email address on file |
| 13119639 | Name on file | Email address on file |
| 12046837 | Name on file | Email address on file |
| 12830376 | Name on file | Email address on file |
| 12242197 | Name on file | Email address on file |
| 12933835 | Name on file | Email address on file |
| 12242198 | Name on file | Email address on file |
| 18140086 | Name on file | Email address on file |
| 12047387 | Name on file | Email address on file |
| 12046913 | Name on file | Email address on file |
| 12047618 | Name on file | Email address on file |
| 12046506 | Name on file | Email address on file |
| 12046748 | Name on file | Email address on file |
| 12872586 | Name on file | Email address on file |
| 12873424 | Name on file | Email address on file |
| 20624290 | Name on file | Email address on file |
| 12046846 | Name on file | Email address on file |
| 12046864 | Name on file | Email address on file |
| 12047224 | Name on file | Email address on file |
| 12047395 | Name on file | Email address on file |
| 12875254 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12046293 | Name on file | Email address on file |
| 12046875 | Name on file | Email address on file |
| 12869393 | Name on file | Email address on file |
| 12046939 | Name on file | Email address on file |
| 12242199 | Name on file | Email address on file |
| 12171246 | Name on file | Email address on file |
| 12242200 | Name on file | Email address on file |
| 12047183 | Name on file | Email address on file |
| 12171208 | Name on file | Email address on file |
| 12080687 | Name on file | Email address on file |
| 12046729 | Name on file | Email address on file |
| 12242201 | Name on file | Email address on file |
| 12046973 | Name on file | Email address on file |
| 12242202 | Name on file | Email address on file |
| 12047511 | Name on file | Email address on file |
| 12046876 | Name on file | Email address on file |
| 12046759 | Name on file | Email address on file |
| 12648500 | Name on file | Email address on file |
| 13093678 | Name on file | Email address on file |
| 12046640 | Name on file | Email address on file |
| 12862094 | Name on file | Email address on file |
| 12046953 | Name on file | Email address on file |
| 12827343 | Name on file | Email address on file |
| 12242203 | Name on file | Email address on file |
| 12242204 | Name on file | Email address on file |
| 15556814 | Name on file | Email address on file |
| 12046877 | Name on file | Email address on file |
| 12955094 | Name on file | Email address on file |
| 12046878 | Name on file | Email address on file |
| 12046295 | LIFEWORKS | Email address on file |
| 12046880 | Name on file | Email address on file |
| 12046787 | Name on file | Email address on file |
| 15419312 | Name on file | Email address on file |
| 12046298 | Name on file | Email address on file |
| 12046810 | Name on file | Email address on file |
| 12046881 | Name on file | Email address on file |
| 15600717 | Name on file | Email address on file |
| 15600719 | Name on file | Email address on file |
| 15600732 | Name on file | Email address on file |
| 13060364 | Name on file | Email address on file |
| 12655906 | Name on file | Email address on file |
| 12047414 | Name on file | Email address on file |
| 19025048 | Name on file | Email address on file |
| 19170662 | Name on file | Email address on file |
| 12046883 | Name on file | Email address on file |
| 12046884 | Name on file | Email address on file |
| 12046676 | Name on file | Email address on file |
| 12046885 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 13003155 | Name on file | Email address on file |
| 12047581 | Name on file | Email address on file |
| 12047599 | Name on file | Email address on file |
| 12047562 | Name on file | Email address on file |
| 12867416 | Name on file | Email address on file |
| 12046849 | Name on file | Email address on file |
| 16172845 | Name on file | Email address on file |
| 18334904 | Name on file | Email address on file |
| 12046886 | Name on file | Email address on file |
| 12046509 | Name on file | Email address on file |
| 19012032 | London Preston Properties, LLC | Email address on file |
| 12046888 | Name on file | Email address on file |
| 12914701 | Name on file | Email address on file |
| 12046743 | Name on file | Email address on file |
| 12890136 | Name on file | Email address on file |
| 12890137 | Name on file | Email address on file |
| 18239975 | Name on file | Email address on file |
| 12650361 | Name on file | Email address on file |
| 18937852 | Name on file | Email address on file |
| 12046432 | Name on file | Email address on file |
| 12242205 | Name on file | Email address on file |
| 12046951 | Name on file | Email address on file |
| 12762906 | Name on file | Email address on file |
| 18951107 | Name on file | Email address on file |
| 12046892 | Name on file | Email address on file |
| 12046895 | Name on file | Email address on file |
| 20621219 | Name on file | Email address on file |
| 19012835 | Name on file | Email address on file |
| 20475830 | Name on file | Email address on file |
| 12046896 | Name on file | Email address on file |
| 18177687 | Name on file | Email address on file |
| 12046897 | Name on file | Email address on file |
| 12046898 | Name on file | Email address on file |
| 12171200 | LUNO AUSTRALIA PTY LTD | Email address on file |
| 12046899 | Name on file | Email address on file |
| 12046900 | Name on file | Email address on file |
| 12046901 | Name on file | Email address on file |
| 12115829 | Name on file | Email address on file |
| 12120435 | Name on file | Email address on file |
| 12046903 | Name on file | Email address on file |
| 12898519 | Name on file | Email address on file |
| 12046940 | Name on file | Email address on file |
| 12046414 | Name on file | Email address on file |
| 12822627 | Name on file | Email address on file |
| 12885557 | Name on file | Email address on file |
| 12830156 | Name on file | Email address on file |
| 15556822 | Name on file | Email address on file |
| 12776107 | Name on file | Email address on file |

Exhibit Y
Master Mailing Email List
Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12830180 | Name on file | Email address on file |
| 12046906 | Name on file | Email address on file |
| 12046907 | Name on file | Email address on file |
| 12046941 | Name on file | Email address on file |
| 12046908 | Name on file | Email address on file |
| 12893750 | Name on file | Email address on file |
| 12046588 | Name on file | Email address on file |
| 12242206 | Name on file | Email address on file |
| 12046501 | Name on file | Email address on file |
| 12046723 | Name on file | Email address on file |
| 12763647 | Name on file | Email address on file |
| 12047093 | Name on file | Email address on file |
| 12885201 | Name on file | Email address on file |
| 12885219 | Name on file | Email address on file |
| 12046497 | Name on file | Email address on file |
| 12047251 | Name on file | Email address on file |
| 13018755 | Name on file | Email address on file |
| 17746565 | Name on file | Email address on file |
| 18329905 | Name on file | Email address on file |
| 18334387 | Name on file | Email address on file |
| 18334498 | Marcos Holdings I LLC, as Transferee of Ad Hoc Group of Genesis Lenders - Anonymous Lender 78 | Email address on file |
| 18334452 | Marcos Holdings I, LLC as Transferee of Name on File | Email address on file |
| 18329906 | Name on file | Email address on file |
| 12046818 | Name on file | Email address on file |
| 12047435 | Name on file | Email address on file |
| 12096023 | Name on file | Email address on file |
| 12825692 | Name on file | Email address on file |
| 12046423 | Name on file | Email address on file |
| 12819007 | Name on file | Email address on file |
| 12108900 | Name on file | Email address on file |
| 18140101 | Name on file | Email address on file |
| 18140111 | Name on file | Email address on file |
| 18160566 | Name on file | Email address on file |
| 12242207 | Name on file | Email address on file |
| 12244650 | Name on file | Email address on file |
| 12047166 | Name on file | Email address on file |
| 12995373 | Name on file | Email address on file |
| 12046926 | Name on file | Email address on file |
| 12046873 | Name on file | Email address on file |
| 12873704 | Name on file | Email address on file |
| 18163862 | Name on file | Email address on file |
| 12046396 | Name on file | Email address on file |
| 18168930 | Name on file | Email address on file |
| 12046569 | Name on file | Email address on file |
| 12242064 | Name on file | Email address on file |
| 12046930 | Name on file | Email address on file |
| 12047216 | Name on file | Email address on file |
| 12871969 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12046822 | Name on file | Email address on file |
| 12047512 | Name on file | Email address on file |
| 12047302 | Name on file | Email address on file |
| 12046713 | Name on file | Email address on file |
| 12649717 | Name on file | Email address on file |
| 12046931 | Name on file | Email address on file |
| 12046974 | Name on file | Email address on file |
| 12046932 | Name on file | Email address on file |
| 12654953 | Name on file | Email address on file |
| 19029732 | Name on file | Email address on file |
| 12896589 | Name on file | Email address on file |
| 12046493 | Name on file | Email address on file |
| 12047538 | Name on file | Email address on file |
| 12047024 | Name on file | Email address on file |
| 12947157 | Name on file | Email address on file |
| 12047189 | Name on file | Email address on file |
| 12046944 | Name on file | Email address on file |
| 12760930 | Name on file | Email address on file |
| 12932049 | Name on file | Email address on file |
| 12652094 | Name on file | Email address on file |
| 12046740 | Name on file | Email address on file |
| 12835374 | Name on file | Email address on file |
| 12963727 | Name on file | Email address on file |
| 12868276 | Name on file | Email address on file |
| 13025822 | Name on file | Email address on file |
| 13010078 | Name on file | Email address on file |
| 12047651 | Name on file | Email address on file |
| 12649484 | Name on file | Email address on file |
| 18239948 | Name on file | Email address on file |
| 12046507 | Name on file | Email address on file |
| 12829651 | Name on file | Email address on file |
| 12854908 | Name on file | Email address on file |
| 12995394 | Name on file | Email address on file |
| 12047320 | Name on file | Email address on file |
| 12046555 | Name on file | Email address on file |
| 13003132 | Name on file | Email address on file |
| 12885581 | Name on file | Email address on file |
| 12885594 | Name on file | Email address on file |
| 12885655 | Name on file | Email address on file |
| 12969914 | Name on file | Email address on file |
| 12969923 | Name on file | Email address on file |
| 12970083 | Name on file | Email address on file |
| 12970091 | Name on file | Email address on file |
| 12868974 | Name on file | Email address on file |
| 12870014 | Name on file | Email address on file |
| 12870150 | Name on file | Email address on file |
| 12870264 | Name on file | Email address on file |
| 12829110 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12652085 | Name on file | Email address on file |
| 12242208 | Name on file | Email address on file |
| 12242209 | Name on file | Email address on file |
| 12242210 | Name on file | Email address on file |
| 12047202 | Name on file | Email address on file |
| 12047253 | Name on file | Email address on file |
| 12879724 | Name on file | Email address on file |
| 12047297 | Name on file | Email address on file |
| 16825504 | Name on file | Email address on file |
| 12981618 | Name on file | Email address on file |
| 20645795 | Name on file | Email address on file |
| 20624773 | Name on file | Email address on file |
| 18303290 | Name on file | Email address on file |
| 18974580 | Name on file | Email address on file |
| 15419461 | Name on file | Email address on file |
| 18178083 | Name on file | Email address on file |
| 12047582 | Name on file | Email address on file |
| 12046950 | Name on file | Email address on file |
| 12881498 | Name on file | Email address on file |
| 12046952 | Name on file | Email address on file |
| 12046954 | Name on file | Email address on file |
| 12046955 | Name on file | Email address on file |
| 12046956 | Name on file | Email address on file |
| 20624283 | Name on file | Email address on file |
| 12046958 | Name on file | Email address on file |
| 12046959 | Name on file | Email address on file |
| 12046961 | METROPOLITAN  COMMERCIAL BANK | Email address on file |
| 12046960 | METROPOLITAN  COMMERCIAL BANK | Email address on file |
| 18236680 | Name on file | Email address on file |
| 13003317 | Name on file | Email address on file |
| 12830346 | Name on file | Email address on file |
| 12830358 | Name on file | Email address on file |
| 12830361 | Name on file | Email address on file |
| 12855104 | Name on file | Email address on file |
| 12855107 | Name on file | Email address on file |
| 12855110 | Name on file | Email address on file |
| 12047058 | Name on file | Email address on file |
| 12047059 | Name on file | Email address on file |
| 12245661 | Name on file | Email address on file |
| 12245708 | Name on file | Email address on file |
| 12251685 | Name on file | Email address on file |
| 12244560 | Name on file | Email address on file |
| 12244570 | Name on file | Email address on file |
| 12245152 | Name on file | Email address on file |
| 18301285 | Name on file | Email address on file |
| 12947044 | Name on file | Email address on file |
| 13024799 | Name on file | Email address on file |
| 12896657 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 15479333 | Name on file | Email address on file |
| 15479344 | Name on file | Email address on file |
| 20622073 | Name on file | Email address on file |
| 12046985 | Name on file | Email address on file |
| 12046310 | Name on file | Email address on file |
| 12242211 | Name on file | Email address on file |
| 12862040 | Name on file | Email address on file |
| 12046986 | Name on file | Email address on file |
| 12242212 | Name on file | Email address on file |
| 13003279 | Name on file | Email address on file |
| 12242213 | Name on file | Email address on file |
| 12047161 | Name on file | Email address on file |
| 12829517 | Name on file | Email address on file |
| 12046989 | Name on file | Email address on file |
| 12046990 | Name on file | Email address on file |
| 12245244 | Name on file | Email address on file |
| 12245862 | Name on file | Email address on file |
| 19025165 | Name on file | Email address on file |
| 12046991 | Name on file | Email address on file |
| 18168973 | Name on file | Email address on file |
| 15481307 | Name on file | Email address on file |
| 12896431 | Name on file | Email address on file |
| 12649379 | Name on file | Email address on file |
| 12046893 | Name on file | Email address on file |
| 12871996 | Name on file | Email address on file |
| 12872128 | Name on file | Email address on file |
| 12872118 | Name on file | Email address on file |
| 12885703 | Name on file | Email address on file |
| 12046992 | Name on file | Email address on file |
| 12046993 | Name on file | Email address on file |
| 12046994 | Name on file | Email address on file |
| 12856832 | Name on file | Email address on file |
| 19170471 | Name on file | Email address on file |
| 18240040 | Name on file | Email address on file |
| 12047539 | Name on file | Email address on file |
| 12046398 | Name on file | Email address on file |
| 12830380 | Name on file | Email address on file |
| 12171240 | Name on file | Email address on file |
| 12871868 | Name on file | Email address on file |
| 12871929 | Name on file | Email address on file |
| 12872209 | Name on file | Email address on file |
| 12047147 | Name on file | Email address on file |
| 12885459 | Name on file | Email address on file |
| 12885649 | Name on file | Email address on file |
| 12885743 | Name on file | Email address on file |
| 12868907 | Name on file | Email address on file |
| 12869529 | Name on file | Email address on file |
| 12870008 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12871899 | Name on file | Email address on file |
| 12966116 | Name on file | Email address on file |
| 12966117 | Name on file | Email address on file |
| 12966123 | Name on file | Email address on file |
| 12966126 | Name on file | Email address on file |
| 12868876 | Name on file | Email address on file |
| 12869514 | Name on file | Email address on file |
| 12869978 | Name on file | Email address on file |
| 12871687 | Name on file | Email address on file |
| 12764630 | Name on file | Email address on file |
| 13093376 | Name on file | Email address on file |
| 12046510 | Name on file | Email address on file |
| 12869081 | Name on file | Email address on file |
| 12885401 | Name on file | Email address on file |
| 12046782 | Name on file | Email address on file |
| 18239279 | Name on file | Email address on file |
| 18239396 | Name on file | Email address on file |
| 12046983 | Name on file | Email address on file |
| 15559062 | Name on file | Email address on file |
| 12967602 | Name on file | Email address on file |
| 12869197 | Name on file | Email address on file |
| 12869075 | Name on file | Email address on file |
| 12046320 | MSIG | Email address on file |
| 12046321 | MSIG | Email address on file |
| 12046319 | MSIG | Email address on file |
| 18192064 | Name on file | Email address on file |
| 12047247 | Name on file | Email address on file |
| 12046575 | Name on file | Email address on file |
| 12867493 | Name on file | Email address on file |
| 12242214 | Name on file | Email address on file |
| 20694471 | Name on file | Email address on file |
| 18189738 | Name on file | Email address on file |
| 12046557 | Name on file | Email address on file |
| 12046998 | Name on file | Email address on file |
| 12046999 | Name on file | Email address on file |
| 12047000 | Name on file | Email address on file |
| 12047001 | Name on file | Email address on file |
| 12047002 | Name on file | Email address on file |
| 12047003 | Name on file | Email address on file |
| 12868349 | Name on file | Email address on file |
| 12868346 | Name on file | Email address on file |
| 12047004 | Name on file | Email address on file |
| 12046918 | Name on file | Email address on file |
| 12242215 | Name on file | Email address on file |
| 13023662 | Name on file | Email address on file |
| 13060379 | Name on file | Email address on file |
| 12242216 | Name on file | Email address on file |
| 12965800 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12047006 | Name on file | Email address on file |
| 12171238 | Name on file | Email address on file |
| 12047198 | Name on file | Email address on file |
| 12047076 | Name on file | Email address on file |
| 18181444 | Name on file | Email address on file |
| 19170474 | Name on file | Email address on file |
| 12046323 | Name on file | Email address on file |
| 12646352 | Name on file | Email address on file |
| 12047009 | Name on file | Email address on file |
| 20644747 | Name on file | Email address on file |
| 18188010 | Name on file | Email address on file |
| 12047005 | Name on file | Email address on file |
| 12171220 | Name on file | Email address on file |
| 12046324 | Name on file | Email address on file |
| 12047010 | Name on file | Email address on file |
| 12928568 | Name on file | Email address on file |
| 12648596 | Name on file | Email address on file |
| 12047013 | Name on file | Email address on file |
| 12047014 | Name on file | Email address on file |
| 12047655 | Name on file | Email address on file |
| 12242217 | Name on file | Email address on file |
| 12047027 | Name on file | Email address on file |
| 12046502 | Name on file | Email address on file |
| 12171221 | Name on file | Email address on file |
| 12046862 | Name on file | Email address on file |
| 12242218 | Name on file | Email address on file |
| 12047513 | Name on file | Email address on file |
| 12869227 | Name on file | Email address on file |
| 12242219 | Name on file | Email address on file |
| 12047019 | Name on file | Email address on file |
| 12868317 | Name on file | Email address on file |
| 12868328 | Name on file | Email address on file |
| 12868332 | Name on file | Email address on file |
| 12872583 | Name on file | Email address on file |
| 12872598 | Name on file | Email address on file |
| 12872599 | Name on file | Email address on file |
| 12885696 | Name on file | Email address on file |
| 12885726 | Name on file | Email address on file |
| 12046473 | Name on file | Email address on file |
| 19169959 | Name on file | Email address on file |
| 12047020 | Name on file | Email address on file |
| 12171242 | Name on file | Email address on file |
| 12047021 | Name on file | Email address on file |
| 20475862 | Name on file | Email address on file |
| 18988250 | Name on file | Email address on file |
| 12650908 | Name on file | Email address on file |
| 12871657 | Name on file | Email address on file |
| 12047349 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 15469104 | Name on file | Email address on file |
| 17116521 | Name on file | Email address on file |
| 20695098 | Name on file | Email address on file |
| 12046788 | Name on file | Email address on file |
| 20644067 | Name on file | Email address on file |
| 12819902 | Name on file | Email address on file |
| 15419090 | Name on file | Email address on file |
| 15419132 | Name on file | Email address on file |
| 12047025 | Name on file | Email address on file |
| 12047026 | Name on file | Email address on file |
| 15512001 | Name on file | Email address on file |
| 12046766 | Name on file | Email address on file |
| 12047168 | Name on file | Email address on file |
| 12991142 | Name on file | Email address on file |
| 12047031 | Name on file | Email address on file |
| 12242220 | Name on file | Email address on file |
| 12242221 | Name on file | Email address on file |
| 12047032 | Name on file | Email address on file |
| 12650605 | Name on file | Email address on file |
| 12047034 | Name on file | Email address on file |
| 12242222 | Name on file | Email address on file |
| 12047037 | Name on file | Email address on file |
| 12046924 | Name on file | Email address on file |
| 12047242 | Name on file | Email address on file |
| 12991332 | Name on file | Email address on file |
| 15556775 | North Carolina Department of the Secretary of State | Email address on file |
| 15556779 | North Carolina Department of the Secretary of State | Email address on file |
| 12047038 | Name on file | Email address on file |
| 12047039 | Name on file | Email address on file |
| 12047040 | Name on file | Email address on file |
| 15481344 | Name on file | Email address on file |
| 12047041 | Name on file | Email address on file |
| 12857908 | Name on file | Email address on file |
| 15554853 | Name on file | Email address on file |
| 12047042 | Name on file | Email address on file |
| 12047043 | Name on file | Email address on file |
| 12047044 | Name on file | Email address on file |
| 18181344 | Name on file | Email address on file |
| 12046925 | Name on file | Email address on file |
| 12047045 | Name on file | Email address on file |
| 12191770 | Name on file | Email address on file |
| 12046431 | Name on file | Email address on file |
| 18959435 | Name on file | Email address on file |
| 12242223 | Name on file | Email address on file |
| 12047046 | Name on file | Email address on file |
| 12047047 | Name on file | Email address on file |
| 12046741 | Name on file | Email address on file |
| 12873844 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12046484 | Name on file | Email address on file |
| 12047048 | Name on file | Email address on file |
| 12648464 | Name on file | Email address on file |
| 12047049 | Name on file | Email address on file |
| 20624273 | Name on file | Email address on file |
| 18181342 | Name on file | Email address on file |
| 12047050 | Name on file | Email address on file |
| 12047051 | Name on file | Email address on file |
| 18208188 | Name on file | Email address on file |
| 12244646 | Name on file | Email address on file |
| 12047052 | Name on file | Email address on file |
| 12826988 | Name on file | Email address on file |
| 12654868 | Name on file | Email address on file |
| 12046511 | Name on file | Email address on file |
| 12047232 | Name on file | Email address on file |
| 12047011 | Name on file | Email address on file |
| 12047055 | Name on file | Email address on file |
| 12047056 | Name on file | Email address on file |
| 12649344 | Name on file | Email address on file |
| 12651047 | Name on file | Email address on file |
| 12872494 | Name on file | Email address on file |
| 12873444 | Name on file | Email address on file |
| 12873779 | Name on file | Email address on file |
| 12047057 | Name on file | Email address on file |
| 15555287 | Name on file | Email address on file |
| 12047060 | Name on file | Email address on file |
| 12047061 | Name on file | Email address on file |
| 12873846 | Name on file | Email address on file |
| 12873764 | Name on file | Email address on file |
| 12873799 | Name on file | Email address on file |
| 12047016 | Name on file | Email address on file |
| 12046975 | Name on file | Email address on file |
| 12046802 | Name on file | Email address on file |
| 12046865 | Name on file | Email address on file |
| 12047160 | Name on file | Email address on file |
| 12047062 | Name on file | Email address on file |
| 12047063 | Name on file | Email address on file |
| 12047064 | Name on file | Email address on file |
| 12047065 | Name on file | Email address on file |
| 12047066 | Name on file | Email address on file |
| 12047067 | Name on file | Email address on file |
| 12047068 | Name on file | Email address on file |
| 12047069 | Name on file | Email address on file |
| 12649790 | Name on file | Email address on file |
| 12047070 | Name on file | Email address on file |
| 12046490 | Name on file | Email address on file |
| 19170432 | Name on file | Email address on file |
| 12047421 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 15550243 | Name on file | Email address on file |
| 13087326 | Name on file | Email address on file |
| 18140057 | Name on file | Email address on file |
| 12988520 | Name on file | Email address on file |
| 12242224 | Name on file | Email address on file |
| 12889971 | Name on file | Email address on file |
| 12046691 | Name on file | Email address on file |
| 12649870 | Name on file | Email address on file |
| 12046987 | Name on file | Email address on file |
| 12048319 | Name on file | Email address on file |
| 12096029 | Name on file | Email address on file |
| 12047237 | Name on file | Email address on file |
| 12047360 | Name on file | Email address on file |
| 12047250 | Name on file | Email address on file |
| 12171243 | Name on file | Email address on file |
| 12242225 | Name on file | Email address on file |
| 12242226 | Name on file | Email address on file |
| 12046413 | Name on file | Email address on file |
| 13087290 | Name on file | Email address on file |
| 12933845 | Name on file | Email address on file |
| 19169129 | Name on file | Email address on file |
| 12047078 | Name on file | Email address on file |
| 12047079 | Name on file | Email address on file |
| 12047080 | Name on file | Email address on file |
| 12171235 | Name on file | Email address on file |
| 12656361 | Name on file | Email address on file |
| 12047081 | Name on file | Email address on file |
| 12191787 | Name on file | Email address on file |
| 12045389 | Name on file | Email address on file |
| 12864323 | Name on file | Email address on file |
| 15550121 | Name on file | Email address on file |
| 20475370 | Name on file | Email address on file |
| 12047609 | Name on file | Email address on file |
| 15555208 | Name on file | Email address on file |
| 13062543 | Name on file | Email address on file |
| 12047082 | Name on file | Email address on file |
| 20475261 | Name on file | Email address on file |
| 12046466 | Name on file | Email address on file |
| 18995234 | Name on file | Email address on file |
| 15550219 | Name on file | Email address on file |
| 12047087 | Name on file | Email address on file |
| 12046410 | Name on file | Email address on file |
| 12763610 | Name on file | Email address on file |
| 12885599 | Name on file | Email address on file |
| 12963706 | Name on file | Email address on file |
| 12242227 | Name on file | Email address on file |
| 12762456 | Name on file | Email address on file |
| 12046902 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12764918 | Name on file | Email address on file |
| 12047088 | Name on file | Email address on file |
| 12165072 | Name on file | Email address on file |
| 12161627 | Name on file | Email address on file |
| 12047089 | Name on file | Email address on file |
| 12047090 | Name on file | Email address on file |
| 12047091 | Name on file | Email address on file |
| 18190092 | Name on file | Email address on file |
| 12047096 | Name on file | Email address on file |
| 12046820 | Name on file | Email address on file |
| 12901655 | Name on file | Email address on file |
| 20654818 | Name on file | Email address on file |
| 12047388 | Name on file | Email address on file |
| 12046778 | Name on file | Email address on file |
| 12242228 | Name on file | Email address on file |
| 12879744 | Name on file | Email address on file |
| 12186116 | Name on file | Email address on file |
| 12047098 | Name on file | Email address on file |
| 12173893 | Name on file | Email address on file |
| 12242229 | Name on file | Email address on file |
| 12047028 | Name on file | Email address on file |
| 12047099 | Name on file | Email address on file |
| 12047100 | Name on file | Email address on file |
| 12047540 | Name on file | Email address on file |
| 12047418 | Name on file | Email address on file |
| 12047101 | Name on file | Email address on file |
| 12047102 | Name on file | Email address on file |
| 13093493 | Name on file | Email address on file |
| 20639689 | Name on file | Email address on file |
| 12047103 | Name on file | Email address on file |
| 12763275 | Name on file | Email address on file |
| 12047104 | Name on file | Email address on file |
| 12885584 | Name on file | Email address on file |
| 12047105 | Name on file | Email address on file |
| 12047106 | Name on file | Email address on file |
| 12047107 | Name on file | Email address on file |
| 12047108 | Name on file | Email address on file |
| 12047109 | Name on file | Email address on file |
| 12047656 | Name on file | Email address on file |
| 12242230 | Name on file | Email address on file |
| 12885444 | Name on file | Email address on file |
| 12885424 | Name on file | Email address on file |
| 12047110 | Name on file | Email address on file |
| 18974590 | Name on file | Email address on file |
| 12047111 | Name on file | Email address on file |
| 12047541 | Name on file | Email address on file |
| 12046641 | Name on file | Email address on file |
| 12928551 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 13119841 | Name on file | Email address on file |
| 12047203 | Name on file | Email address on file |
| 12047112 | Name on file | Email address on file |
| 12932082 | Name on file | Email address on file |
| 12891021 | Name on file | Email address on file |
| 12047113 | Name on file | Email address on file |
| 12046859 | Name on file | Email address on file |
| 12047115 | Name on file | Email address on file |
| 12047116 | Name on file | Email address on file |
| 12873559 | Name on file | Email address on file |
| 12873626 | Name on file | Email address on file |
| 12242231 | Name on file | Email address on file |
| 12890139 | Name on file | Email address on file |
| 12890143 | Name on file | Email address on file |
| 12046976 | Name on file | Email address on file |
| 12047118 | Name on file | Email address on file |
| 12047119 | Name on file | Email address on file |
| 13060362 | Name on file | Email address on file |
| 13003254 | Name on file | Email address on file |
| 12047120 | Name on file | Email address on file |
| 12047121 | Name on file | Email address on file |
| 12108970 | Name on file | Email address on file |
| 12096086 | Name on file | Email address on file |
| 12047122 | Name on file | Email address on file |
| 13093624 | Name on file | Email address on file |
| 12047123 | Name on file | Email address on file |
| 12046834 | Name on file | Email address on file |
| 12827682 | Name on file | Email address on file |
| 12835577 | Name on file | Email address on file |
| 12047124 | Name on file | Email address on file |
| 12047125 | Name on file | Email address on file |
| 12987168 | Name on file | Email address on file |
| 15419166 | Name on file | Email address on file |
| 12891222 | Name on file | Email address on file |
| 12046936 | Name on file | Email address on file |
| 12244706 | Name on file | Email address on file |
| 12046957 | Name on file | Email address on file |
| 12047129 | Name on file | Email address on file |
| 12047130 | Name on file | Email address on file |
| 12047133 | Name on file | Email address on file |
| 12914648 | Name on file | Email address on file |
| 12046855 | Name on file | Email address on file |
| 12047523 | Name on file | Email address on file |
| 12875404 | Name on file | Email address on file |
| 12047204 | Name on file | Email address on file |
| 12867463 | Name on file | Email address on file |
| 12991036 | Name on file | Email address on file |
| 12856692 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 18164689 | Name on file | Email address on file |
| 19155766 | Name on file | Email address on file |
| 20474932 | Name on file | Email address on file |
| 12242232 | Name on file | Email address on file |
| 12047499 | Name on file | Email address on file |
| 12987064 | Name on file | Email address on file |
| 12047271 | Name on file | Email address on file |
| 12046494 | Name on file | Email address on file |
| 20622408 | Name on file | Email address on file |
| 12914819 | Name on file | Email address on file |
| 16148844 | Name on file | Email address on file |
| 12047142 | Name on file | Email address on file |
| 12047143 | Name on file | Email address on file |
| 12047144 | Name on file | Email address on file |
| 12867514 | Name on file | Email address on file |
| 12047145 | Name on file | Email address on file |
| 12047094 | Name on file | Email address on file |
| 12987152 | Name on file | Email address on file |
| 12873894 | Name on file | Email address on file |
| 12046919 | Name on file | Email address on file |
| 12047148 | Name on file | Email address on file |
| 12047149 | Name on file | Email address on file |
| 12933867 | Name on file | Email address on file |
| 12047150 | Name on file | Email address on file |
| 12251709 | Name on file | Email address on file |
| 12651083 | Name on file | Email address on file |
| 12902217 | Name on file | Email address on file |
| 12047151 | Name on file | Email address on file |
| 12047152 | Name on file | Email address on file |
| 12046905 | Name on file | Email address on file |
| 12868874 | Name on file | Email address on file |
| 12242233 | Name on file | Email address on file |
| 12868746 | Name on file | Email address on file |
| 18188597 | Name on file | Email address on file |
| 12047159 | Name on file | Email address on file |
| 12047136 | Name on file | Email address on file |
| 13083053 | Name on file | Email address on file |
| 18334560 | Name on file | Email address on file |
| 12046742 | Name on file | Email address on file |
| 12046737 | Name on file | Email address on file |
| 18181325 | Name on file | Email address on file |
| 15542858 | Name on file | Email address on file |
| 12046512 | Name on file | Email address on file |
| 12827552 | Name on file | Email address on file |
| 12873774 | Name on file | Email address on file |
| 18239940 | Name on file | Email address on file |
| 12046568 | Name on file | Email address on file |
| 12046793 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12047308 | Name on file | Email address on file |
| 12245170 | Name on file | Email address on file |
| 13119725 | Name on file | Email address on file |
| 12047167 | Name on file | Email address on file |
| 12761349 | Name on file | Email address on file |
| 12656358 | Name on file | Email address on file |
| 12046764 | Name on file | Email address on file |
| 12655036 | Name on file | Email address on file |
| 12046474 | Name on file | Email address on file |
| 12046702 | Name on file | Email address on file |
| 12047171 | Name on file | Email address on file |
| 12246024 | Name on file | Email address on file |
| 12047199 | Name on file | Email address on file |
| 12047169 | Name on file | Email address on file |
| 12856428 | Name on file | Email address on file |
| 12047170 | Name on file | Email address on file |
| 12856435 | Name on file | Email address on file |
| 12046663 | Name on file | Email address on file |
| 12242234 | Name on file | Email address on file |
| 12824380 | Name on file | Email address on file |
| 15535933 | Name on file | Email address on file |
| 18179423 | Name on file | Email address on file |
| 12047353 | Name on file | Email address on file |
| 12046564 | Name on file | Email address on file |
| 12868879 | Name on file | Email address on file |
| 12868891 | Name on file | Email address on file |
| 12868923 | Name on file | Email address on file |
| 12047177 | Name on file | Email address on file |
| 12047178 | Name on file | Email address on file |
| 12882300 | Name on file | Email address on file |
| 12046789 | Name on file | Email address on file |
| 13060348 | Name on file | Email address on file |
| 12965463 | Name on file | Email address on file |
| 12046458 | Name on file | Email address on file |
| 12046419 | Name on file | Email address on file |
| 20634064 | Name on file | Email address on file |
| 20637100 | Name on file | Email address on file |
| 12242235 | Name on file | Email address on file |
| 19029743 | Name on file | Email address on file |
| 12889560 | Name on file | Email address on file |
| 12244605 | Name on file | Email address on file |
| 12873688 | Name on file | Email address on file |
| 12046475 | Name on file | Email address on file |
| 12872428 | Name on file | Email address on file |
| 12857939 | Name on file | Email address on file |
| 12047182 | Name on file | Email address on file |
| 12242236 | Name on file | Email address on file |
| 12879017 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12875414 | Name on file | Email address on file |
| 12873419 | Name on file | Email address on file |
| 12046598 | Name on file | Email address on file |
| 19012038 | Name on file | Email address on file |
| 19012880 | Name on file | Email address on file |
| 12872239 | Name on file | Email address on file |
| 12881576 | Name on file | Email address on file |
| 12170788 | Name on file | Email address on file |
| 12245248 | Name on file | Email address on file |
| 12047188 | Name on file | Email address on file |
| 18190581 | Name on file | Email address on file |
| 12047190 | Name on file | Email address on file |
| 12889932 | Name on file | Email address on file |
| 12047008 | Name on file | Email address on file |
| 12835406 | Name on file | Email address on file |
| 12855095 | Name on file | Email address on file |
| 12047192 | Name on file | Email address on file |
| 12047193 | Name on file | Email address on file |
| 12046832 | Name on file | Email address on file |
| 12946598 | Name on file | Email address on file |
| 12047194 | Name on file | Email address on file |
| 12877582 | Name on file | Email address on file |
| 19175439 | Name on file | Email address on file |
| 12047323 | Name on file | Email address on file |
| 12047248 | Name on file | Email address on file |
| 12928625 | Name on file | Email address on file |
| 12046863 | Name on file | Email address on file |
| 12047196 | Name on file | Email address on file |
| 12046678 | Name on file | Email address on file |
| 12046420 | Name on file | Email address on file |
| 12047257 | Name on file | Email address on file |
| 12649456 | Name on file | Email address on file |
| 12242237 | Name on file | Email address on file |
| 12046664 | Name on file | Email address on file |
| 12046760 | Name on file | Email address on file |
| 12835396 | Name on file | Email address on file |
| 12046495 | Name on file | Email address on file |
| 12243915 | Name on file | Email address on file |
| 12046806 | Name on file | Email address on file |
| 12047132 | Name on file | Email address on file |
| 12046874 | Name on file | Email address on file |
| 12047572 | Name on file | Email address on file |
| 12764389 | Name on file | Email address on file |
| 12650329 | Name on file | Email address on file |
| 12651049 | Name on file | Email address on file |
| 12047205 | Name on file | Email address on file |
| 12047573 | Name on file | Email address on file |
| 12999068 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12047206 | Name on file | Email address on file |
| 12047592 | Name on file | Email address on file |
| 12242238 | Name on file | Email address on file |
| 12242239 | Name on file | Email address on file |
| 12046669 | Name on file | Email address on file |
| 12047085 | Name on file | Email address on file |
| 12047208 | Name on file | Email address on file |
| 12823203 | Name on file | Email address on file |
| 12823300 | Name on file | Email address on file |
| 12046775 | Name on file | Email address on file |
| 12830162 | Name on file | Email address on file |
| 12047114 | Name on file | Email address on file |
| 12873515 | Name on file | Email address on file |
| 18173514 | Name on file | Email address on file |
| 12047210 | Name on file | Email address on file |
| 12047211 | Name on file | Email address on file |
| 12047213 | Name on file | Email address on file |
| 12047140 | Name on file | Email address on file |
| 12857344 | Name on file | Email address on file |
| 12857351 | Name on file | Email address on file |
| 12047135 | Name on file | Email address on file |
| 13083006 | Name on file | Email address on file |
| 12047603 | Name on file | Email address on file |
| 12046422 | Name on file | Email address on file |
| 12046942 | Name on file | Email address on file |
| 12047184 | Name on file | Email address on file |
| 12046749 | Name on file | Email address on file |
| 12047500 | Name on file | Email address on file |
| 12242240 | Name on file | Email address on file |
| 20652261 | Name on file | Email address on file |
| 12047215 | Name on file | Email address on file |
| 12046797 | Name on file | Email address on file |
| 12873888 | Name on file | Email address on file |
| 12877926 | Name on file | Email address on file |
| 12242241 | Name on file | Email address on file |
| 13082980 | Name on file | Email address on file |
| 12047545 | Name on file | Email address on file |
| 12047218 | Name on file | Email address on file |
| 12244967 | Name on file | Email address on file |
| 12047221 | Name on file | Email address on file |
| 12047220 | SIGNATURE BANK | Email address on file |
| 12047219 | SIGNATURE BANK | Email address on file |
| 12047223 | Name on file | Email address on file |
| 12047528 | Name on file | Email address on file |
| 12875398 | Name on file | Email address on file |
| 12873536 | Name on file | Email address on file |
| 12873709 | Name on file | Email address on file |
| 12875394 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12875399 | Name on file | Email address on file |
| 12047226 | SILVERGATE BANK | Email address on file |
| 12047225 | SILVERGATE BANK | Email address on file |
| 12856746 | Name on file | Email address on file |
| 12046730 | Name on file | Email address on file |
| 12242242 | Name on file | Email address on file |
| 12046894 | Name on file | Email address on file |
| 17114942 | Singapore Telecommunications Limited | Email address on file |
| 20643487 | Name on file | Email address on file |
| 12242243 | Name on file | Email address on file |
| 12047597 | Name on file | Email address on file |
| 20645848 | Name on file | Email address on file |
| 12046354 | Name on file | Email address on file |
| 12047352 | Name on file | Email address on file |
| 18232190 | Name on file | Email address on file |
| 15600113 | Name on file | Email address on file |
| 12047233 | Name on file | Email address on file |
| 12046943 | Name on file | Email address on file |
| 12047620 | Name on file | Email address on file |
| 12857829 | Name on file | Email address on file |
| 12857863 | Name on file | Email address on file |
| 12857882 | Name on file | Email address on file |
| 12047234 | Name on file | Email address on file |
| 12047235 | Name on file | Email address on file |
| 12963755 | Name on file | Email address on file |
| 12046513 | Name on file | Email address on file |
| 12928836 | Name on file | Email address on file |
| 15416667 | Name on file | Email address on file |
| 12046770 | Name on file | Email address on file |
| 12047236 | Name on file | Email address on file |
| 12047316 | Name on file | Email address on file |
| 12648478 | Name on file | Email address on file |
| 12648629 | Name on file | Email address on file |
| 12047254 | Name on file | Email address on file |
| 12046819 | Name on file | Email address on file |
| 12047187 | Name on file | Email address on file |
| 15600029 | Name on file | Email address on file |
| 13093519 | Name on file | Email address on file |
| 12046977 | Name on file | Email address on file |
| 12858568 | Name on file | Email address on file |
| 12862058 | Name on file | Email address on file |
| 15556828 | South Dakota Division of Insurance | Email address on file |
| 15556835 | South Dakota Division of Insurance | Email address on file |
| 12047240 | Name on file | Email address on file |
| 12047241 | Name on file | Email address on file |
| 12046565 | Name on file | Email address on file |
| 12046485 | Name on file | Email address on file |
| 12242244 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12047347 | Name on file | Email address on file |
| 12046761 | Name on file | Email address on file |
| 12829198 | Name on file | Email address on file |
| 12873752 | Name on file | Email address on file |
| 12885639 | Name on file | Email address on file |
| 12868798 | Name on file | Email address on file |
| 12047667 | Name on file | Email address on file |
| 12046821 | Name on file | Email address on file |
| 12047243 | Name on file | Email address on file |
| 12047239 | Name on file | Email address on file |
| 12047244 | Name on file | Email address on file |
| 12046478 | Name on file | Email address on file |
| 12047007 | Name on file | Email address on file |
| 13023612 | Name on file | Email address on file |
| 20645337 | Name on file | Email address on file |
| 20639818 | Name on file | Email address on file |
| 20652938 | Name on file | Email address on file |
| 17116609 | State of Alaska | Email address on file |
| 18159304 | State of Alaska | Email address on file |
| 15555065 | State of Hawaii, Department of Commerce and Consumer Affairs, Securities Enforcement Branch | Email address on file |
| 15555270 | State of Hawaii, Department of Commerce and Consumer Affairs, Securities Enforcement Branch | Email address on file |
| 15555274 | State of Hawaii, Department of Commerce and Consumer Affairs, Securities Enforcement Branch | Email address on file |
| 15550741 | State of New York Office of the Attorney General, Division of Economic Justice | Email address on file |
| 15550782 | State of New York Office of the Attorney General, Division of Economic Justice | Email address on file |
| 15550819 | State of New York Office of the Attorney General, Division of Economic Justice | Email address on file |
| 12047246 | Name on file | Email address on file |
| 12046790 | Name on file | Email address on file |
| 12047615 | Name on file | Email address on file |
| 12864544 | Name on file | Email address on file |
| 12868552 | Name on file | Email address on file |
| 12047249 | Name on file | Email address on file |
| 13083000 | Name on file | Email address on file |
| 13091451 | Name on file | Email address on file |
| 12824459 | Name on file | Email address on file |
| 12648490 | Name on file | Email address on file |
| 12047659 | Name on file | Email address on file |
| 12047258 | Name on file | Email address on file |
| 12245156 | Name on file | Email address on file |
| 12047259 | Name on file | Email address on file |
| 12856853 | Name on file | Email address on file |
| 12047313 | Name on file | Email address on file |
| 12829819 | Name on file | Email address on file |
| 12046765 | Name on file | Email address on file |
| 12047260 | Name on file | Email address on file |
| 12171248 | Name on file | Email address on file |
| 12047261 | Name on file | Email address on file |
| 12047262 | Name on file | Email address on file |
| 12047263 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12047264 | Name on file | Email address on file |
| 12047402 | Name on file | Email address on file |
| 12171249 | Name on file | Email address on file |
| 19152320 | Name on file | Email address on file |
| 12242245 | Name on file | Email address on file |
| 18939223 | Name on file | Email address on file |
| 13041717 | Name on file | Email address on file |
| 12047267 | Name on file | Email address on file |
| 12047268 | Name on file | Email address on file |
| 12885257 | Name on file | Email address on file |
| 12047270 | Name on file | Email address on file |
| 12242246 | Name on file | Email address on file |
| 19170558 | Name on file | Email address on file |
| 12890061 | Name on file | Email address on file |
| 12963534 | Name on file | Email address on file |
| 12047384 | Name on file | Email address on file |
| 12242247 | Name on file | Email address on file |
| 15419362 | Name on file | Email address on file |
| 12902249 | Name on file | Email address on file |
| 12902184 | Name on file | Email address on file |
| 12868046 | Name on file | Email address on file |
| 12868354 | Name on file | Email address on file |
| 12046915 | Name on file | Email address on file |
| 12046890 | Name on file | Email address on file |
| 20634615 | Name on file | Email address on file |
| 12047272 | Name on file | Email address on file |
| 12830071 | Name on file | Email address on file |
| 12047273 | Name on file | Email address on file |
| 12047077 | Name on file | Email address on file |
| 12820000 | Name on file | Email address on file |
| 12047012 | Name on file | Email address on file |
| 12047396 | Name on file | Email address on file |
| 12858515 | Name on file | Email address on file |
| 12115795 | Name on file | Email address on file |
| 12115857 | Name on file | Email address on file |
| 12047274 | Name on file | Email address on file |
| 12046773 | Name on file | Email address on file |
| 12148777 | Name on file | Email address on file |
| 18140071 | Name on file | Email address on file |
| 20645490 | Name on file | Email address on file |
| 12761398 | Name on file | Email address on file |
| 12242248 | Name on file | Email address on file |
| 12917430 | Name on file | Email address on file |
| 12877991 | Name on file | Email address on file |
| 12047276 | Name on file | Email address on file |
| 18988247 | Name on file | Email address on file |
| 13082891 | Name on file | Email address on file |
| 18181323 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12171218 | Name on file | Email address on file |
| 12046538 | Name on file | Email address on file |
| 18140592 | Name on file | Email address on file |
| 18173928 | Name on file | Email address on file |
| 12046750 | Name on file | Email address on file |
| 12873439 | Name on file | Email address on file |
| 12047279 | Name on file | Email address on file |
| 18988133 | Name on file | Email address on file |
| 12047650 | Name on file | Email address on file |
| 12046368 | Name on file | Email address on file |
| 12047282 | Name on file | Email address on file |
| 13087427 | Texas Department of Banking | Email address on file |
| 15514077 | Texas State Securities Board | Email address on file |
| 15513798 | Texas State Securities Boared | Email address on file |
| 15542769 | Name on file | Email address on file |
| 12650336 | Name on file | Email address on file |
| 12047284 | Name on file | Email address on file |
| 12047285 | Name on file | Email address on file |
| 12047286 | Name on file | Email address on file |
| 12047287 | Name on file | Email address on file |
| 12047288 | Name on file | Email address on file |
| 12047289 | Name on file | Email address on file |
| 15555251 | The New Jersey Bureau of Securities | Email address on file |
| 15555258 | The New Jersey Bureau of Securities | Email address on file |
| 15555264 | The New Jersey Bureau of Securities | Email address on file |
| 16825563 | The New Jersey Bureau of Securities | Email address on file |
| 16825566 | The New Jersey Bureau of Securities | Email address on file |
| 16825570 | The New Jersey Bureau of Securities | Email address on file |
| 12047290 | Name on file | Email address on file |
| 12047291 | Name on file | Email address on file |
| 12047292 | Name on file | Email address on file |
| 12822517 | Name on file | Email address on file |
| 12047293 | Name on file | Email address on file |
| 12047294 | Name on file | Email address on file |
| 15552653 | Name on file | Email address on file |
| 12047295 | Name on file | Email address on file |
| 12047296 | Name on file | Email address on file |
| 12148659 | Name on file | Email address on file |
| 12991372 | Name on file | Email address on file |
| 13093746 | Name on file | Email address on file |
| 19176562 | Name on file | Email address on file |
| 12872634 | Name on file | Email address on file |
| 12047278 | Name on file | Email address on file |
| 12875722 | Name on file | Email address on file |
| 12875731 | Name on file | Email address on file |
| 12875734 | Name on file | Email address on file |
| 18192192 | Name on file | Email address on file |
| 18192194 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12873683 | Name on file | Email address on file |
| 18190478 | Name on file | Email address on file |
| 18190569 | Name on file | Email address on file |
| 18192193 | Name on file | Email address on file |
| 12873641 | Name on file | Email address on file |
| 12873664 | Name on file | Email address on file |
| 18192195 | Name on file | Email address on file |
| 18190484 | Name on file | Email address on file |
| 12047303 | Name on file | Email address on file |
| 12864309 | Name on file | Email address on file |
| 12864322 | Name on file | Email address on file |
| 12864334 | Name on file | Email address on file |
| 12873563 | Name on file | Email address on file |
| 12873566 | Name on file | Email address on file |
| 12873574 | Name on file | Email address on file |
| 12191842 | Name on file | Email address on file |
| 12763484 | Name on file | Email address on file |
| 12047304 | Name on file | Email address on file |
| 12047306 | Name on file | Email address on file |
| 12046665 | Name on file | Email address on file |
| 12047307 | Name on file | Email address on file |
| 12827091 | Name on file | Email address on file |
| 12047172 | Name on file | Email address on file |
| 12872463 | Name on file | Email address on file |
| 12047314 | Name on file | Email address on file |
| 12047315 | Name on file | Email address on file |
| 12873757 | Name on file | Email address on file |
| 12243930 | Name on file | Email address on file |
| 12046415 | Name on file | Email address on file |
| 13045488 | Name on file | Email address on file |
| 13059936 | Name on file | Email address on file |
| 12047139 | Name on file | Email address on file |
| 12047181 | Name on file | Email address on file |
| 12242249 | Name on file | Email address on file |
| 12047317 | Name on file | Email address on file |
| 12046373 | Name on file | Email address on file |
| 12889214 | Name on file | Email address on file |
| 13003176 | Name on file | Email address on file |
| 12047318 | Name on file | Email address on file |
| 12047424 | Name on file | Email address on file |
| 12047319 | Name on file | Email address on file |
| 12047054 | Name on file | Email address on file |
| 12245669 | Name on file | Email address on file |
| 12047321 | Name on file | Email address on file |
| 12869166 | Name on file | Email address on file |
| 12885539 | Translunar Crypto LP | Email address on file |
| 12885659 | Translunar Crypto LP | Email address on file |
| 12047322 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12869133 | Translunar Crypto LP | Email address on file |
| 12869648 | Translunar Crypto LP | Email address on file |
| 12870226 | Translunar Crypto LP | Email address on file |
| 12870246 | Translunar Crypto LP | Email address on file |
| 12970134 | Translunar Crypto LP | Email address on file |
| 12970139 | Translunar Crypto LP | Email address on file |
| 12970146 | Translunar Crypto LP | Email address on file |
| 12970152 | Name on file | Email address on file |
| 12885489 | Translunar Crypto LP | Email address on file |
| 19170441 | Name on file | Email address on file |
| 18173493 | Name on file | Email address on file |
| 12047324 | Name on file | Email address on file |
| 12046860 | Name on file | Email address on file |
| 12047325 | Name on file | Email address on file |
| 12047326 | Name on file | Email address on file |
| 12047327 | Name on file | Email address on file |
| 12047328 | Name on file | Email address on file |
| 12047329 | Name on file | Email address on file |
| 12047330 | Name on file | Email address on file |
| 12242250 | Name on file | Email address on file |
| 12925044 | Name on file | Email address on file |
| 12868321 | Name on file | Email address on file |
| 12885583 | Name on file | Email address on file |
| 18179359 | Name on file | Email address on file |
| 12046574 | Name on file | Email address on file |
| 12827060 | Name on file | Email address on file |
| 12827074 | Name on file | Email address on file |
| 12827083 | Name on file | Email address on file |
| 12242251 | Name on file | Email address on file |
| 12244625 | Name on file | Email address on file |
| 12245849 | Name on file | Email address on file |
| 13059937 | Name on file | Email address on file |
| 13041845 | Name on file | Email address on file |
| 12047661 | Name on file | Email address on file |
| 12046726 | Name on file | Email address on file |
| 13023515 | Name on file | Email address on file |
| 12047333 | Name on file | Email address on file |
| 12047334 | Name on file | Email address on file |
| 12047335 | Name on file | Email address on file |
| 12047336 | Name on file | Email address on file |
| 12652280 | Name on file | Email address on file |
| 12652286 | Name on file | Email address on file |
| 16825529 | U.S. Securities and Exchange Commission | Email address on file |
| 16825532 | U.S. Securities and Exchange Commission | Email address on file |
| 15550388 | U.S. Securities and Exchange Commission | Email address on file |
| 15550472 | U.S. Securities and Exchange Commission | Email address on file |
| 15550505 | U.S. Securities and Exchange Commission | Email address on file |
| 19170041 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12047338 | Name on file | Email address on file |
| 12875486 | Name on file | Email address on file |
| 12873349 | Name on file | Email address on file |
| 12047339 | Name on file | Email address on file |
| 19169740 | Name on file | Email address on file |
| 12047340 | Name on file | Email address on file |
| 12047341 | Name on file | Email address on file |
| 13003051 | Name on file | Email address on file |
| 12047342 | Name on file | Email address on file |
| 17116580 | Name on file | Email address on file |
| 12829829 | Name on file | Email address on file |
| 13052769 | Name on file | Email address on file |
| 13089324 | Name on file | Email address on file |
| 18140337 | Name on file | Email address on file |
| 12046642 | Name on file | Email address on file |
| 12047343 | Name on file | Email address on file |
| 12047344 | Name on file | Email address on file |
| 12763539 | Name on file | Email address on file |
| 12047345 | Name on file | Email address on file |
| 12875906 | Name on file | Email address on file |
| 12872668 | Name on file | Email address on file |
| 12872507 | Name on file | Email address on file |
| 12171252 | Name on file | Email address on file |
| 12171192 | Name on file | Email address on file |
| 12762878 | Name on file | Email address on file |
| 12046980 | Name on file | Email address on file |
| 12047071 | Name on file | Email address on file |
| 12047212 | Name on file | Email address on file |
| 12046889 | Name on file | Email address on file |
| 12762912 | Name on file | Email address on file |
| 12242252 | Name on file | Email address on file |
| 18937795 | Name on file | Email address on file |
| 15551204 | Name on file | Email address on file |
| 12046562 | Name on file | Email address on file |
| 12047348 | Name on file | Email address on file |
| 12047350 | Name on file | Email address on file |
| 12047532 | Name on file | Email address on file |
| 12873464 | Name on file | Email address on file |
| 20651490 | Name on file | Email address on file |
| 12047351 | Name on file | Email address on file |
| 12047379 | Name on file | Email address on file |
| 12242253 | Name on file | Email address on file |
| 12889759 | Name on file | Email address on file |
| 12047029 | Name on file | Email address on file |
| 12047164 | Name on file | Email address on file |
| 12046556 | Name on file | Email address on file |
| 12914670 | Name on file | Email address on file |
| 12046981 | Name on file | Email address on file |

Exhibit Y
Master Mailing Email List
Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12242254 | Name on file | Email address on file |
| 12244551 | Name on file | Email address on file |
| 12951059 | Name on file | Email address on file |
| 12047356 | Name on file | Email address on file |
| 12047298 | Name on file | Email address on file |
| 12047357 | Name on file | Email address on file |
| 12046465 | Name on file | Email address on file |
| 12047358 | Name on file | Email address on file |
| 13052819 | Name on file | Email address on file |
| 12047361 | Name on file | Email address on file |
| 12242255 | Name on file | Email address on file |
| 12047362 | Name on file | Email address on file |
| 12914536 | Name on file | Email address on file |
| 12046672 | Name on file | Email address on file |
| 12047363 | Name on file | Email address on file |
| 12892107 | Name on file | Email address on file |
| 12047364 | Name on file | Email address on file |
| 12047365 | Name on file | Email address on file |
| 12905937 | Name on file | Email address on file |
| 12914588 | Name on file | Email address on file |
| 12906114 | Name on file | Email address on file |
| 12873435 | Name on file | Email address on file |
| 12873466 | Name on file | Email address on file |
| 12046591 | Name on file | Email address on file |
| 18189859 | Name on file | Email address on file |
| 18189861 | Name on file | Email address on file |
| 18939360 | Name on file | Email address on file |
| 12046771 | Name on file | Email address on file |
| 12047176 | Name on file | Email address on file |
| 10596724 | Name on file | Email address on file |
| 12047200 | Name on file | Email address on file |
| 12242256 | Name on file | Email address on file |
| 15555326 | Name on file | Email address on file |
| 12047657 | Name on file | Email address on file |
| 12862045 | Name on file | Email address on file |
| 13119668 | Name on file | Email address on file |
| 12046407 | Name on file | Email address on file |
| 12046838 | Name on file | Email address on file |
| 12047126 | Name on file | Email address on file |
| 12047127 | Name on file | Email address on file |
| 20648525 | Name on file | Email address on file |
| 12914746 | Name on file | Email address on file |
| 12925060 | Name on file | Email address on file |
| 12925061 | Name on file | Email address on file |
| 12242257 | Name on file | Email address on file |
| 12047368 | Name on file | Email address on file |
| 17114933 | Name on file | Email address on file |
| 12830144 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12885491 | Name on file | Email address on file |
| 12047017 | Name on file | Email address on file |
| 12046496 | Name on file | Email address on file |
| 12655047 | Name on file | Email address on file |
| 12047652 | Name on file | Email address on file |
| 12047371 | Name on file | Email address on file |
| 12047372 | Name on file | Email address on file |
| 12047373 | Name on file | Email address on file |
| 12047374 | Name on file | Email address on file |
| 12047375 | Name on file | Email address on file |
| 12047376 | Name on file | Email address on file |
| 12047377 | Name on file | Email address on file |
| 12047380 | Name on file | Email address on file |
| 12047381 | Name on file | Email address on file |
| 13060389 | Name on file | Email address on file |
| 12046827 | Name on file | Email address on file |
| 12828032 | Name on file | Email address on file |
| 12047383 | Name on file | Email address on file |
| 12047086 | Name on file | Email address on file |
| 12242258 | Name on file | Email address on file |
| 18301935 | Name on file | Email address on file |
| 12242259 | Name on file | Email address on file |
| 12171245 | Name on file | Email address on file |
| 17120550 | Name on file | Email address on file |
| 12875743 | West Realm Shires Inc. and all FTX Debtors | Email address on file |
| 12873462 | West Realm Shires Inc. and all FTX Debtors | Email address on file |
| 12047390 | Name on file | Email address on file |
| 12047158 | Name on file | Email address on file |
| 12242260 | Name on file | Email address on file |
| 20648493 | Name on file | Email address on file |
| 12047514 | Name on file | Email address on file |
| 12046406 | Name on file | Email address on file |
| 12242261 | Name on file | Email address on file |
| 12046563 | Name on file | Email address on file |
| 12046736 | Name on file | Email address on file |
| 20652935 | Name on file | Email address on file |
| 12047252 | Name on file | Email address on file |
| 12047391 | Name on file | Email address on file |
| 18241123 | Name on file | Email address on file |
| 12047392 | Name on file | Email address on file |
| 18178103 | Name on file | Email address on file |
| 12047648 | Name on file | Email address on file |
| 12651053 | Name on file | Email address on file |
| 12872483 | Name on file | Email address on file |
| 12873407 | Name on file | Email address on file |
| 12046514 | Name on file | Email address on file |
| 15551380 | Name on file | Email address on file |
| 12878735 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 20644064 | Name on file | Email address on file |
| 12047398 | Name on file | Email address on file |
| 12047399 | Name on file | Email address on file |
| 12047400 | Name on file | Email address on file |
| 12856442 | Name on file | Email address on file |
| 12047401 | Name on file | Email address on file |
| 12648727 | Name on file | Email address on file |
| 12047404 | Name on file | Email address on file |
| 12047405 | Name on file | Email address on file |
| 12047406 | Name on file | Email address on file |
| 12928858 | Name on file | Email address on file |
| 12046904 | Name on file | Email address on file |
| 12046978 | Name on file | Email address on file |
| 12046979 | Name on file | Email address on file |
| 12872159 | Name on file | Email address on file |
| 12047128 | Name on file | Email address on file |
| 12885695 | Name on file | Email address on file |
| 20625373 | Name on file | Email address on file |
| 12047590 | Name on file | Email address on file |
| 12046558 | Name on file | Email address on file |
| 13020836 | Name on file | Email address on file |
| 12046724 | Name on file | Email address on file |
| 12888607 | Name on file | Email address on file |
| 12047283 | Name on file | Email address on file |
| 12046777 | Name on file | Email address on file |
| 12242262 | Name on file | Email address on file |
| 12047407 | Name on file | Email address on file |
| 13041775 | Name on file | Email address on file |
| 13041808 | Name on file | Email address on file |
| 12873541 | Name on file | Email address on file |
| 12824528 | Name on file | Email address on file |
| 12824342 | Name on file | Email address on file |
| 12824382 | Name on file | Email address on file |
| 12824659 | Name on file | Email address on file |
| 12242263 | Name on file | Email address on file |
| 18950269 | Name on file | Email address on file |
| 12047409 | Name on file | Email address on file |
| 12047397 | Name on file | Email address on file |
| 12047410 | Name on file | Email address on file |
| 12046839 | Name on file | Email address on file |
| 12764066 | Name on file | Email address on file |
| 12245213 | Name on file | Email address on file |
| 19024967 | Name on file | Email address on file |
| 12047548 | Name on file | Email address on file |
| 20654824 | Name on file | Email address on file |
| 20621222 | Name on file | Email address on file |
| 12242264 | Name on file | Email address on file |
| 12047165 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|---|---|---|
| 12888909 | Name on file | Email address on file |
| 12047228 | Name on file | Email address on file |
| 12148651 | Name on file | Email address on file |
| 12047370 | Name on file | Email address on file |
| 12762359 | Name on file | Email address on file |
| 12047369 | Name on file | Email address on file |
| 12047411 | Name on file | Email address on file |
| 12047412 | Name on file | Email address on file |
| 12047413 | Name on file | Email address on file |
| 12823791 | Name on file | Email address on file |
| 20694464 | Name on file | Email address on file |
| 12242265 | Name on file | Email address on file |
| 12242266 | Name on file | Email address on file |
| 12047415 | Name on file | Email address on file |
| 12242267 | Name on file | Email address on file |
| 12046595 | Name on file | Email address on file |
| 12046670 | Name on file | Email address on file |
| 12047416 | Name on file | Email address on file |
| 13003202 | Name on file | Email address on file |
| 13009782 | Name on file | Email address on file |
| 15479417 | Name on file | Email address on file |
| 12047417 | Name on file | Email address on file |
| 12046751 | Name on file | Email address on file |
| 13083032 | Name on file | Email address on file |
| 12991072 | Name on file | Email address on file |
| 12046912 | Name on file | Email address on file |
| 13087229 | Name on file | Email address on file |
| 12893772 | Name on file | Email address on file |
| 19169202 | Name on file | Email address on file |
| 12047574 | Name on file | Email address on file |
| 18168760 | Name on file | Email address on file |
| 15419474 | Name on file | Email address on file |
| 12046988 | Name on file | Email address on file |
| 20646598 | Name on file | Email address on file |
| 12651061 | Name on file | Email address on file |
| 12046840 | Name on file | Email address on file |
| 18184609 | Name on file | Email address on file |
| 12046386 | Name on file | Email address on file |
| 12046684 | Name on file | Email address on file |
| 12115004 | Name on file | Email address on file |
| 12046489 | Name on file | Email address on file |
| 12047095 | Name on file | Email address on file |
| 12242268 | Name on file | Email address on file |
| 12895391 | Name on file | Email address on file |
| 13003347 | Name on file | Email address on file |
| 12047561 | Name on file | Email address on file |
| 13119403 | Name on file | Email address on file |
| 12047420 | Name on file | Email address on file |

Exhibit Y

Master Mailing Email List

Served via email

| ADDRID | NAME | EMAIL |
|--------|------|-------|
| 12046619 | Name on file | Email address on file |
| 12047134 | Name on file | Email address on file |
| 12047594 | Name on file | Email address on file |
| 18192055 | Name on file | Email address on file |
| 12871957 | Name on file | Email address on file |
| 12046421 | Name on file | Email address on file |
| 12047425 | Name on file | Email address on file |
| 18190496 | Name on file | Email address on file |
| 18190504 | Name on file | Email address on file |
| 12045387 | Name on file | Email address on file |
| 12047426 | Name on file | Email address on file |
| 12047427 | Name on file | Email address on file |
| 12932065 | Name on file | Email address on file |
| 12046752 | Name on file | Email address on file |
| 12046841 | Name on file | Email address on file |
| 12856974 | Name on file | Email address on file |
| 12871831 | Name on file | Email address on file |
| 12046997 | Name on file | Email address on file |
| 12047428 | Name on file | Email address on file |
| 12046725 | Name on file | Email address on file |
| 18160300 | Name on file | Email address on file |
| 12965511 | Name on file | Email address on file |
| 12764546 | Name on file | Email address on file |
| 12047595 | Name on file | Email address on file |
| 12171194 | Name on file | Email address on file |
| 12047488 | Name on file | Email address on file |
| 12047035 | Name on file | Email address on file |
| 12047429 | Name on file | Email address on file |
| 12046814 | Name on file | Email address on file |

**<u>Exhibit Z</u>**

Exhibit Z
Master Email Service List
Served via email

| NAME | NOTICE NAME | EMAIL |
|---|---|---|
| Arnold & Porter Kaye Scholer LLP | Attn: Benjamin Mintz, Marcus Asner, Justin Imperato | benjamin.mintz@arnoldporter.com; marcus.asner@arnoldporter.com; justin.imperato@arnoldporter.com |
| ASK LLP | Attn: Edward E. Neiger, Marianna Udem | eneiger@askllp.com; mudem@askllp.com |
| Baird Holm LLP | Attn: Jeremy C. Hollembeak | jhollembeak@bairdholm.com |
| Brown Rudnick LLP | Attn: Kenneth J. Aulet | kaulet@brownrudnick.com |
| Brown Rudnick LLP | Attn: Matthew A. Sawyer | msawyer@brownrudnick.com |
| Cleary Gottlieb Steen & Hamilton LLP | Attn: Sean O'Neal, Jane VanLare, Hoo Ri Kim, Michael Weinberg, Richard C. Minott , Christian Ribeiro, Luke A. Barefoot, Andrew Weaver, Rishi Zutshi,  Sabrina A. Bremer | soneal@cgsh.com; jvanlare@cgsh.com; hokim@cgsh.com; mdweinberg@cgsh.com; rminott@cgsh.com; cribeiro@cgsh.com; lbarefoot@cgsh.com; aweaver@cgsh.com; rzutshi@cgsh.com; sabremer@cgsh.com |
| Cleary Gottlieb Steen & Hamilton LLP | Attn: Jack Massey | jamassey@cgsh.com |
| Genesis Global Holdco, LLC | Attn: Derar Islim, Arianna Pretto-Sankman | arianna@genesistrading.com |
| Horwood Marcus & Berk Chartered | Attn: Aaron L. Hammer, Nathan E. Delman | ahammer@hmblaw.com; ndelman@hmblaw.com; ecfnotices@hmblaw.com |
| Hughes Hubbard & Reed LLP | Attn: Anson B. Frelinghuysen, Dustin P. Smith, Jeffrey S. Margolin, Erin Diers | anson.frelinghuysen@hugheshubbard.com; dustin.smith@hugheshubbard.com; jeff.margolin@hugheshubbard.com |
| Internal Revenue Service | Centralized Insolvency Operation | mimi.m.wong@irscounsel.treas.gov |
| Internal Revenue Service | Centralized Insolvency Operation | mimi.m.wong@irscounsel.treas.gov |
| Kaplan Fox & Kilsheimer LLP | Attn: Jeffrey P. Campisi | jcampisi@kaplanfox.com |
| Kirkland & Ellis LLP Kirkland & Ellis International LLP | Attn: Joshua A. Sussberg, Christopher Marcus, Ross J. Fiedler | joshua.sussberg@kirkland.com; christopher.marcus@kirkland.com; ross.fiedler@kirkland.com |
| Kobre & Kim LLP | Attn: Danielle L. Rose, Daniel J. Saval, John G. Conte | Danielle.Rose@kobrekim.com; Daniel.Saval@kobrekim.com; John.Conte@kobrekim.com |
| Latham & Watkins LLP | Attn: Adam J. Goldberg, Christopher Harris, Brett M. Neve, Nacif Taousse, Marissa Alter-Nelson | adam.goldberg@lw.com; chris.harris@lw.com; brett.neve@lw.com; nacif.taousse@lw.com; marissa.alter-nelson@lw.com |
| Latham & Watkins LLP | Attn: Nima H. Mohebbi, Tiffany M. Ikeda, Sarah F. Mitchell, Emily R. Orman | nima.mohebbi@lw.com; tiffany.ikeda@lw.com; sarah.mitchell@lw.com; emily.orman@lw.com |
| Latham & Watkins LLP | Attn: Eric R. Swibel | eric.swibel@lw.com |
| Leech Tishman Robinson Brog, PLLC | Attn: Fred B. Ringel | fringel@leechtishman.com |
| Lowenstein Sandler LLP | Attn: Michael S. Etkin, Andrew D. Behlmann, Michael Papandrea | metkin@lowenstein.com; abehlmann@lowenstein.com; mpapandrea@lowenstein.com |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Attn: Jeffrey Bernstein | jbernstein@mdmc-law.com |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Attn: Virginia T. Shea | vshea@mdmc-law.com |
| McElroy, Deutsch, Mulvaney & Carpenter, LLP | Attn: Nicole Leonard | nleonard@mdmc-law.com |
| Morrison Cohen LLP | Attn: Heath D. Rosenblat, Jason P. Gottlieb | hrosenblat@morrisoncohen.com |
| New York State Office of the Attorney General | Attn: Gabriel Tapalaga | gabriel.tapalaga@ag.ny.gov |
| Norton Rose Fulbright US LLP | Attn: Eric Daucher, Victoria V. Corder, Francisco Vazquez | eric.daucher@nortonrosefulbright.com; victoria.corder@nortonrosefulbright.com; victoria.corder@nortonrosefulbright.com |
| Paul Hastings LLP | Attn: Kristopher M. Hansen, Kenneth Pasquale, Isaac Sasson | krishansen@paulhastings.com; kenpasquale@paulhastings.com; isaacsasson@paulhastings.com |
| Polsinelli PC | Attn: Jeremy R. Johnson | jeremy.johnson@polsinelli.com |
| Polsinelli PC | Attn: Christopher A. Ward | cward@polsinelli.com |
| Proskauer Rose LLP | Attn: Brian S. Rosen, Vincent Indelicato, Megan R. Volin, Peter D. Doyle, Genesis G. Sanchez Tavarez, William D. Dalsen | brosen@proskauer.com; vindelicato@proskauer.com; mvolin@proskauer.com; PDoyle@proskauer.com; GSanchezTavarez@proskauer.com; wdalsen@proskauer.com |
| Proskauer Rose LLP | Attn: Jordan E. Sazant | jsazant@proskauer.com |
| Securities & Exchange Commission | Attn: Secretary Of The Treasury | secbankruptcy@sec.gov; nyrobankruptcy@sec.gov |
| Securities & Exchange Commission - NY Office | Attn: Bankruptcy Department | bankruptcynoticeschr@sec.gov |
| Securities & Exchange Commission - Philadelphia Office | Attn: Bankruptcy Department | secbankruptcy@sec.gov |
| Seward & Kissel LLP | Attn: John R. Ashmead, Mark D. Kotwick, Catherine V. LoTempio, Andrew J. Matott | ashmead@sewkis.com; kotwick@sewkis.com; lotempio@sewkis.com; matott@sewkis.com |
| Silver Golub & Teitell LLP | Attn: Ian W. Sloss | isloss@sgtlaw.com |
| Sullivan & Cromwell LLP | Attn: Andrew G. Dietderich, James L. Bromley, Brian D. Glueckstein, Alexa J. Kranzley, Christian P. Jensen | dietdericha@sullcrom.com; bromleyj@sullcrom.com; gluecksteinb@sullcrom.com; kranzleya@sullcrom.com; jensenc@sullcrom.com |
| U.S. Attorney for Southern District Of New York | Attn: Bankruptcy Division | jeffrey.oestericher@usdoj.gov; lawrence.fogelman@usdoj.gov; peter.aronoff@usdoj.gov; linda.riffkin@usdoj.gov |
| Weil, Gotshal & Manges LLP | Attn: Jeffrey D. Saferstein, Ronit Berkovich, Jessica Liou, Furqaan Siddiqui | jeffrey.saferstein@weil.com; ronit.berkovich@weil.com; jessica.liou@weil.com; furqaan.siddiqui@weil.com |
| White & Case LLP | Attn: J. Christopher Shore, Philip Abelson, Michele J. Meises | cshore@whitecase.com; philip.abelson@whitecase.com; michele.meises@whitecase.com |
| White & Case LLP | Attn: Gregory F. Pesce | gregory.pesce@whitecase.com |
| Windels Marx Lane & Mittendorf, LLP | Attn: James M. Sullivan | jsullivan@windelsmarx.com |

**Exhibit AA**

Exhibit AA

Class 3 GAP Service List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12171183 | ALLIED UNIVERSAL EXECUTIVE PROTECTION AND INTELLIGENCE SERVICES, INC | Address on file | | | | | | | |
| 18939237 | Name on file | Address on file | | | | | | | |
| 12171184 | FULLERTON HEALTH GROUP | Address on file | | | | | | | |
| 12171187 | GRABTAXI PTE. LTD | Address on file | | | | | | | |
| 12171188 | ISS FACILITY SERVICES PRIVATE | Address on file | | | | | | | |
| 12171189 | MSA SECURITY | Address on file | | | | | | | |
| 12171191 | OFFICE SECRETARIES | Address on file | | | | | | | |

**Exhibit BB**

Exhibit BB

Class 3 GGC Service List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|--------|------|-----------|-----------|-----------|-----------|------|-------|-------------|---------|
| 12867484 | Name on file | Address on file | | | | | | | |
| 13092110 | Ari Litan as Transferee of Name on File | Address on file | | | | | | | |
| 12856476 | Name on file | Address on file | | | | | | | |
| 18939213 | Name on file | Address on file | | | | | | | |
| 12246199 | Name on file | Address on file | | | | | | | |
| 12171197 | COMPLETE DISCOVERY SOURCE | Address on file | | | | | | | |
| 12982279 | Name on file | Address on file | | | | | | | |
| 20624997 | Name on file | Address on file | | | | | | | |
| 12171199 | KJ TECHNOLOGIES | Address on file | | | | | | | |
| 12869211 | Name on file | Address on file | | | | | | | |
| 12835338 | Name on file | Address on file | | | | | | | |
| 12654914 | Name on file | Address on file | | | | | | | |
| 20475403 | Marcos Holdings I LLC as Transferee of Name on File | Address on file | | | | | | | |
| 12245138 | Name on file | Address on file | | | | | | | |
| 12245678 | Name on file | Address on file | | | | | | | |

**Exhibit CC**

Exhibit CC

Class 3 GGH Service List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12856473 | Name on file | Address on file | | | | | | | |
| 12856956 | Name on file | Address on file | | | | | | | |
| 18939213 | Name on file | Address on file | | | | | | | |
| 12106809 | Department of Treasury- Internal Revenue Service | Address on file | | | | | | | |
| 12244702 | Name on file | Address on file | | | | | | | |
| 12835372 | Name on file | Address on file | | | | | | | |
| 12648440 | Name on file | Address on file | | | | | | | |

**Exhibit DD**

Exhibit DD

Impaired Service List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE |
|--------|------|-----------|-----------|-----------|-----------|------|-------|-------------|
| 12875632 | Digital Currency Group, Inc | Address on file | | | | | | |
| 12885475 | Digital Currency Group, Inc | Address on file | | | | | | |
| 12191642 | DIGITAL CURRENCY GROUP, INC. | Address on file | | | | | | |

**<u>Exhibit EE</u>**

Exhibit EE

Master Service List

Served via first class mail

| NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | POSTAL CODE |
|---|---|---|---|---|---|---|
| Chambers of Honorable Sean H. Lane | Genesis Chambers Copy | US Bankruptcy Court SDNY | 300 Quarropas Street, Room 147 | White Plains | NY | 10601 |
| Stuart P. Gelberg | Attn: Stuart P. Gelberg | 125 Turkey Lane | | Cold Spring Harbor | NY | 11724 |
| TN Dept of Revenue | Attn: TN Attorney General's Office | Bankruptcy Division | PO Box 20207 | Nashville | TN | 37202-0207 |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 1 of 1

**Exhibit FF**

Exhibit FF

Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12191554 | Name on file | Address on file | | | | | | | |
| 12885441 | Name on file | Address on file | | | | | | | |
| 12191555 | Name on file | Address on file | | | | | | | |
| 12046221 | 250 PARK LLC | Address on file | | | | | | | |
| 12046222 | ACRION GROUP INC/DMITRI GOFSHTEIN | Address on file | | | | | | | |
| 12885487 | Ad Hoc Group of Genesis Lenders | Address on file | | | | | | | |
| 12875768 | Ad Hoc Group of Genesis Lenders | Address on file | | | | | | | |
| 12046223 | ADELINA PANG FENGSHUI CONSULTANCY PTE LTD | Address on file | | | | | | | |
| 12046224 | ADM DESIGN & BUILD | Address on file | | | | | | | |
| 12046225 | AETOS INTEGRATED SOLUTIONS PTE. LTD. | Address on file | | | | | | | |
| 12191560 | Name on file | Address on file | | | | | | | |
| 19170448 | Name on file | Address on file | | | | | | | |
| 12191567 | Name on file | Address on file | | | | | | | |
| 12885368 | Name on file | Address on file | | | | | | | |
| 12105041 | Allen & Gledhill | | | | | | | | |
| 13117491 | Allen & Gledhill LLP | One Marina Boulevard #28-00 | | | | | | 018989 | Singapore |
| 13117492 | Allen & Gledhill LLP | 1221 Avenue of the Americas | | | | New York | NY | 10020 | |
| 12171183 | ALLIED UNIVERSAL EXECUTIVE PROTECTION AND INTELLIGENCE SERVICES, INC | Address on file | | | | | | | |
| 12191568 | Name on file | Address on file | | | | | | | |
| 12191570 | Name on file | Address on file | | | | | | | |
| 12046228 | ALVAREZ & MARSAL HOLDINGS, LLC | Address on file | | | | | | | |
| 12191831 | Name on file | Address on file | | | | | | | |
| 12047280 | Name on file | Address on file | | | | | | | |
| 12046229 | AMERICAN ARBITRATION ASSOCIATION | Address on file | | | | | | | |
| 12191571 | Name on file | Address on file | | | | | | | |
| 12867484 | Name on file | Address on file | | | | | | | |
| 12191572 | Name on file | Address on file | | | | | | | |
| 12047531 | Name on file | Address on file | | | | | | | |
| 12191558 | Name on file | Address on file | | | | | | | |
| 12191702 | Name on file | Address on file | | | | | | | |
| 12046232 | AON SINGAPORE PTE. LTD. | Address on file | | | | | | | |
| 12191578 | Name on file | Address on file | | | | | | | |
| 12191797 | Name on file | Address on file | | | | | | | |
| 12191579 | Name on file | Address on file | | | | | | | |
| 12191580 | Name on file | Address on file | | | | | | | |
| 13092110 | Ari Litan as Transferee of Name on File | Address on file | | | | | | | |
| 12885614 | Name on file | Address on file | | | | | | | |
| 12191581 | Name on file | Address on file | | | | | | | |
| 12047585 | Name on file | Address on file | | | | | | | |
| 12191717 | Name on file | Address on file | | | | | | | |
| 12191584 | Name on file | Address on file | | | | | | | |
| 12833431 | AXIS Insurance Company (Admitted) | 111 South Wacker Drive, Suite 3500 | | | | Chicago | IL | 60606 | |
| 12191586 | Name on file | Address on file | | | | | | | |
| 12191587 | Name on file | Address on file | | | | | | | |
| 12047607 | Name on file | Address on file | | | | | | | |
| 12191700 | Name on file | Address on file | | | | | | | |
| 12191689 | Name on file | Address on file | | | | | | | |
| 12191701 | Name on file | Address on file | | | | | | | |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 1 of 14

Exhibit FF
Master Mailing List
Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12191815 | Name on file | Address on file | | | | | | | |
| 12191631 | Name on file | Address on file | | | | | | | |
| 12191591 | Name on file | Address on file | | | | | | | |
| 12046235 | BITGO, INC. | Address on file | | | | | | | |
| 12191592 | Name on file | Address on file | | | | | | | |
| 12191594 | Name on file | Address on file | | | | | | | |
| 12191593 | Name on file | Address on file | | | | | | | |
| 12191595 | Name on file | Address on file | | | | | | | |
| 12191596 | Name on file | Address on file | | | | | | | |
| 12046236 | BLOOMBERG FINANCE SINGAPORE L.P. | Address on file | | | | | | | |
| 12191597 | BLOOMBERG FINANCE SINGAPORE L.P. | Address on file | | | | | | | |
| 12046237 | BLOOMBERG LP | Address on file | | | | | | | |
| 12191760 | Name on file | Address on file | | | | | | | |
| 15600032 | Name on file | Address on file | | | | | | | |
| 12191874 | Name on file | Address on file | | | | | | | |
| 12856473 | Name on file | Address on file | | | | | | | |
| 12856476 | Name on file | Address on file | | | | | | | |
| 12856956 | Name on file | Address on file | | | | | | | |
| 12191767 | Name on file | Address on file | | | | | | | |
| 12191575 | Name on file | Address on file | | | | | | | |
| 12871910 | Name on file | Address on file | | | | | | | |
| 12191735 | Name on file | Address on file | | | | | | | |
| 12970201 | Name on file | Address on file | | | | | | | |
| 12191852 | Name on file | Address on file | | | | | | | |
| 12191606 | Name on file | Address on file | | | | | | | |
| 12191711 | Name on file | Address on file | | | | | | | |
| 12191589 | Name on file | Address on file | | | | | | | |
| 12191590 | Name on file | Address on file | | | | | | | |
| 12191607 | Name on file | Address on file | | | | | | | |
| 12191608 | Name on file | Address on file | | | | | | | |
| 18951717 | Name on file | Address on file | | | | | | | |
| 12046238 | CANARY LLC | Address on file | | | | | | | |
| 12191609 | CAPITEQ PTE LTD | Address on file | | | | | | | |
| 12191610 | Name on file | Address on file | | | | | | | |
| 12191657 | Name on file | Address on file | | | | | | | |
| 12046240 | CDW DIRECT LLC | Address on file | | | | | | | |
| 12046400 | CENTRAL PROVIDENT FUND BOARD | Address on file | | | | | | | |
| 18939213 | Name on file | Address on file | | | | | | | |
| 18939237 | Name on file | Address on file | | | | | | | |
| 12191731 | Name on file | Address on file | | | | | | | |
| 12046241 | Name on file | Address on file | | | | | | | |
| 12046243 | Name on file | Address on file | | | | | | | |
| 13007862 | Name on file | Address on file | | | | | | | |
| 12191703 | Name on file | Address on file | | | | | | | |
| 12046244 | Name on file | Address on file | | | | | | | |
| 12191858 | Name on file | Address on file | | | | | | | |
| 12046245 | CHICAGO MERCANTILE EXCHANGE INC NEED PO | Address on file | | | | | | | |
| 12191573 | Name on file | Address on file | | | | | | | |
| 12046246 | CJD TECHNOLOGIES | Address on file | | | | | | | |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 2 of 14

Exhibit FF

Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12191622 | Name on file | Address on file | | | | | | | |
| 12046247 | CLEARY GOTTLIEB STEEN & HAMILTON LLP | Address on file | | | | | | | |
| 12046248 | CLOUDFLARE, INC. | Address on file | | | | | | | |
| 12046249 | CMS CAMERON MCKENNA NABARRO OLSWANG LLP | Address on file | | | | | | | |
| 12191603 | Name on file | Address on file | | | | | | | |
| 12246199 | Name on file | Address on file | | | | | | | |
| 12046250 | COINBASE CUSTODY TRUST | Address on file | | | | | | | |
| 12191623 | Name on file | Address on file | | | | | | | |
| 12046453 | Name on file | Address on file | | | | | | | |
| 12171197 | COMPLETE DISCOVERY SOURCE | Address on file | | | | | | | |
| 12046251 | COMPLIANCY SERVICES | Address on file | | | | | | | |
| 12046461 | Name on file | Address on file | | | | | | | |
| 12191621 | Name on file | Address on file | | | | | | | |
| 12191840 | Name on file | Address on file | | | | | | | |
| 12047431 | Name on file | Address on file | | | | | | | |
| 13117497 | Crowell & Moring LLP | 590 Madison Avenue 20th Floor | | | | New York | NY | 10022 | |
| 12191627 | Name on file | Address on file | | | | | | | |
| 12046253 | CSC ASIA SERVICES (HONG KONG) LIMITED | Address on file | | | | | | | |
| 12046254 | CYBERFORT LTD | Address on file | | | | | | | |
| 12191628 | Name on file | Address on file | | | | | | | |
| 16172843 | Name on file | Address on file | | | | | | | |
| 12885595 | Name on file | Address on file | | | | | | | |
| 12046255 | DASHLANE USA INC | Address on file | | | | | | | |
| 12191632 | Name on file | Address on file | | | | | | | |
| 12105045 | Davis Polk & Wardwell LLP | Address on file | | | | | | | |
| 12191636 | DCG INTERNATIONAL INVESTMENTS LTD | Address on file | | | | | | | |
| 12875868 | Name on file | Address on file | | | | | | | |
| 12046257 | DCG REAL ESTATE MANAGEMENT LLC | Address on file | | | | | | | |
| 12191739 | Name on file | Address on file | | | | | | | |
| 12191637 | Name on file | Address on file | | | | | | | |
| 12106809 | Department of Treasury- Internal Revenue Service | Address on file | | | | | | | |
| 12191640 | Name on file | Address on file | | | | | | | |
| 12885475 | Digital Currency Group, Inc | Address on file | | | | | | | |
| 12875632 | Digital Currency Group, Inc | Address on file | | | | | | | |
| 12191642 | DIGITAL CURRENCY GROUP, INC. | Address on file | | | | | | | |
| 12191643 | Name on file | Address on file | | | | | | | |
| 12191708 | Name on file | Address on file | | | | | | | |
| 12191788 | Name on file | Address on file | | | | | | | |
| 12046259 | DRIVEN | Address on file | | | | | | | |
| 12191862 | Name on file | Address on file | | | | | | | |
| 12046546 | Name on file | Address on file | | | | | | | |
| 12191644 | Name on file | Address on file | | | | | | | |
| 12885541 | Name on file | Address on file | | | | | | | |
| 13007484 | Name on file | Address on file | | | | | | | |
| 12191577 | Name on file | Address on file | | | | | | | |
| 12885421 | Name on file | Address on file | | | | | | | |
| 12191649 | Name on file | Address on file | | | | | | | |
| 13052647 | Name on file | Address on file | | | | | | | |
| 12105039 | Ernst & Young LLP | Address on file | | | | | | | |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 3 of 14

Exhibit FF

Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12046261 | ERNST & YOUNG LLP | Address on file | | | | | | | |
| 12191650 | EXECUTIVE LINK | Address on file | | | | | | | |
| 12191730 | Name on file | Address on file | | | | | | | |
| 12191857 | Name on file | Address on file | | | | | | | |
| 12191742 | Name on file | Address on file | | | | | | | |
| 12191653 | Name on file | Address on file | | | | | | | |
| 12191652 | Name on file | Address on file | | | | | | | |
| 12046262 | FEDERAL EXPRESS (SINGAPORE) PTE LTD | Address on file | | | | | | | |
| 12191563 | Name on file | Address on file | | | | | | | |
| 12191782 | Name on file | Address on file | | | | | | | |
| 12191802 | Name on file | Address on file | | | | | | | |
| 12191658 | Name on file | Address on file | | | | | | | |
| 12191659 | Name on file | Address on file | | | | | | | |
| 12191660 | Name on file | Address on file | | | | | | | |
| 12046263 | FIREBLOCKS, INC. | Address on file | | | | | | | |
| 12191661 | FIRSTLIGHT FIBER, INC. | Address on file | | | | | | | |
| 12191820 | Name on file | Address on file | | | | | | | |
| 12191709 | Name on file | Address on file | | | | | | | |
| 12191662 | Name on file | Address on file | | | | | | | |
| 12046264 | FORGE INSURANCE COMPANY | Address on file | | | | | | | |
| 12191588 | Name on file | Address on file | | | | | | | |
| 12191809 | Name on file | Address on file | | | | | | | |
| 18339481 | Name on file | Address on file | | | | | | | |
| 12875403 | Name on file | Address on file | | | | | | | |
| 12046266 | FRIEDMAN LLP | Address on file | | | | | | | |
| 12191665 | Name on file | Address on file | | | | | | | |
| 12191841 | Name on file | Address on file | | | | | | | |
| 12105043 | FTI Consulting | Address on file | | | | | | | |
| 12046267 | FUJIFILM BUSINESS INNOVATION SINGAPORE PTE. LTD. | Address on file | | | | | | | |
| 12171184 | FULLERTON HEALTH GROUP | Address on file | | | | | | | |
| 12046271 | FULLERTON HEALTHCARE GROUP PTE LTD | Address on file | | | | | | | |
| 12191666 | FULLERTON HEALTHCARE GROUP PTE. | Address on file | | | | | | | |
| 12191727 | Name on file | Address on file | | | | | | | |
| 12885462 | Name on file | Address on file | | | | | | | |
| 12191710 | Name on file | Address on file | | | | | | | |
| 12191667 | GATE.IO | Address on file | | | | | | | |
| 12191844 | Name on file | Address on file | | | | | | | |
| 12191668 | Name on file | Address on file | | | | | | | |
| 12046630 | GENESIS (ASIA) HONG KONG LIMITED | Address on file | | | | | | | |
| 12046631 | GENESIS BERMUDA HOLDCO LIMITED | Address on file | | | | | | | |
| 12191669 | GENESIS CUSTODY LIMITED | Address on file | | | | | | | |
| 12046632 | GENESIS CUSTODY LIMITED (UK) | Address on file | | | | | | | |
| 12046633 | GENESIS GLOBAL ASSETS, LLC | Address on file | | | | | | | |
| 12171254 | GENESIS GLOBAL CAPITAL, LLC | Address on file | | | | | | | |
| 12191670 | GENESIS GLOBAL HOLDCO, LLC | Address on file | | | | | | | |
| 12191671 | GENESIS GLOBAL HOLDCO, LLC; GENESIS GLOBAL TRADING, INC.; GENESIS GLOBAL CAPITAL, LLC; GGC INTERNATIONAL LIMITED; GENESIS CUSTODY LIMITED | Address on file | | | | | | | |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 4 of 14

Exhibit FF

Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12191672 | GENESIS GLOBAL HOLDCO, LLC; GENESIS GLOBAL TRADING, INC.; GGC INTERNATIONAL LIMITED; GENESIS CUSTODY LIMITED; GENESIS ASIA PACIFIC PTE. LTD. | Address on file | | | | | | | |
| 12046634 | GENESIS GLOBAL LABS, LLC | Address on file | | | | | | | |
| 12046635 | GENESIS GLOBAL MARKETS LIMITED (BERMUDA) | Address on file | | | | | | | |
| 12191673 | GENESIS GLOBAL TRADING | Address on file | | | | | | | |
| 12191674 | GENESIS GLOBAL TRADING, INC. | Address on file | | | | | | | |
| 12875553 | Genesis Global Trading, Inc. | Address on file | | | | | | | |
| 12191675 | GENESIS GLOBAL TRADING, INC.; GENESIS GLOBAL CAPITAL, LLC; GGC INTERNATIONAL LIMITED; GENESIS CUSTODY LIMITED; GENESIS ASIA PACIFIC PTE. LTD. | Address on file | | | | | | | |
| 12046637 | GENESIS UK HOLDCO LIMITED | Address on file | | | | | | | |
| 12191676 | Name on file | Address on file | | | | | | | |
| 12191734 | Name on file | Address on file | | | | | | | |
| 12046644 | GGA INTERNATIONAL LIMITED (BVI) | Address on file | | | | | | | |
| 12191679 | GGC | Address on file | | | | | | | |
| 12046645 | GGC INTERNATIONAL LIMITED | Address on file | | | | | | | |
| 12191566 | Name on file | Address on file | | | | | | | |
| 12191598 | Name on file | Address on file | | | | | | | |
| 12191605 | Name on file | Address on file | | | | | | | |
| 12046272 | GITLAB INC | Address on file | | | | | | | |
| 12191755 | Name on file | Address on file | | | | | | | |
| 12046273 | GLOBAL FUND MEDIA LIMITED | Address on file | | | | | | | |
| 12191873 | Name on file | Address on file | | | | | | | |
| 12191706 | Name on file | Address on file | | | | | | | |
| 12885544 | Name on file | Address on file | | | | | | | |
| 12046274 | GOODWIN PROCTER LLP | Address on file | | | | | | | |
| 12885774 | Goodwin Procter LLP | Address on file | | | | | | | |
| 12191833 | Name on file | Address on file | | | | | | | |
| 12191832 | Name on file | Address on file | | | | | | | |
| 12970129 | Name on file | Address on file | | | | | | | |
| 12046276 | GOWLING WLG (CANADA) LLP | Address on file | | | | | | | |
| 12191680 | Name on file | Address on file | | | | | | | |
| 12046655 | Name on file | Address on file | | | | | | | |
| 12046277 | GRAB PTE. LTD. | Address on file | | | | | | | |
| 12171187 | GRABTAXI PTE. LTD | Address on file | | | | | | | |
| 18240924 | Name on file | Address on file | | | | | | | |
| 12885582 | Name on file | Address on file | | | | | | | |
| 12046278 | GROUP LEVIN PTE. LTD | Address on file | | | | | | | |
| 12191562 | Name on file | Address on file | | | | | | | |
| 20622071 | Name on file | Address on file | | | | | | | |
| 12105044 | Gunderson Dettmer | Address on file | | | | | | | |
| 12191705 | Name on file | Address on file | | | | | | | |
| 12191618 | Name on file | Address on file | | | | | | | |
| 12171201 | Name on file | Address on file | | | | | | | |
| 12191845 | Name on file | Address on file | | | | | | | |
| 12047311 | Name on file | Address on file | | | | | | | |
| 12046280 | HALBORN INC. | Address on file | | | | | | | |
| 12885409 | Name on file | Address on file | | | | | | | |

Exhibit FF

Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12191683 | Name on file | Address on file | | | | | | | |
| 12191619 | Name on file | Address on file | | | | | | | |
| 12191750 | Name on file | Address on file | | | | | | | |
| 12191641 | Name on file | Address on file | | | | | | | |
| 12654874 | Name on file | Address on file | | | | | | | |
| 12191738 | Name on file | Address on file | | | | | | | |
| 12191647 | Name on file | Address on file | | | | | | | |
| 12191778 | Name on file | Address on file | | | | | | | |
| 12191813 | Name on file | Address on file | | | | | | | |
| 13007490 | Name on file | Address on file | | | | | | | |
| 13046738 | Name on file | Address on file | | | | | | | |
| 13010320 | Name on file | Address on file | | | | | | | |
| 12191559 | Name on file | Address on file | | | | | | | |
| 12191620 | Name on file | Address on file | | | | | | | |
| 20646602 | Name on file | Address on file | | | | | | | |
| 12760975 | Name on file | Address on file | | | | | | | |
| 12191684 | Name on file | Address on file | | | | | | | |
| 12191685 | Name on file | Address on file | | | | | | | |
| 12191655 | Name on file | Address on file | | | | | | | |
| 12885471 | Name on file | Address on file | | | | | | | |
| 12191613 | Name on file | Address on file | | | | | | | |
| 12046281 | IBM CORPORATION | Address on file | | | | | | | |
| 12046714 | Name on file | Address on file | | | | | | | |
| 12046282 | INLAND REVENUE AUTHORITY OF SINGAPORE | Address on file | | | | | | | |
| 12046283 | INTELLIWARE DEVELOPMENT INC | Address on file | | | | | | | |
| 12047433 | Name on file | Address on file | | | | | | | |
| 16879677 | Iowa Insurance Division | Address on file | | | | | | | |
| 16879685 | Iowa Insurance Division | Address on file | | | | | | | |
| 12191687 | Name on file | Address on file | | | | | | | |
| 12191561 | Name on file | Address on file | | | | | | | |
| 12885861 | Name on file | Address on file | | | | | | | |
| 12171188 | ISS FACILITY SERVICES PRIVATE | Address on file | | | | | | | |
| 12046284 | ISS FACILITY SERVICES PRIVATE LIMITED | Address on file | | | | | | | |
| 12191688 | ISS FACILITY SERVICES PTE LTD | Address on file | | | | | | | |
| 12191718 | Name on file | Address on file | | | | | | | |
| 12191696 | Name on file | Address on file | | | | | | | |
| 20624997 | Name on file | Address on file | | | | | | | |
| 12982279 | Name on file | Address on file | | | | | | | |
| 12245843 | Name on file | Address on file | | | | | | | |
| 13117495 | JK Medora | 22 Malacca Street, RB Capital, Building #03-02 | | | | | | 048980 | Singapore |
| 12191715 | Name on file | Address on file | | | | | | | |
| 15668876 | Name on file | Address on file | | | | | | | |
| 12244702 | Name on file | Address on file | | | | | | | |
| 12046287 | JUSTCO (SINGAPORE) PTE. LTD. | Address on file | | | | | | | |
| 12191713 | Name on file | Address on file | | | | | | | |
| 12885601 | Name on file | Address on file | | | | | | | |
| 12191775 | Name on file | Address on file | | | | | | | |
| 12191743 | Name on file | Address on file | | | | | | | |
| 12191691 | Name on file | Address on file | | | | | | | |

Exhibit FF
Master Mailing List
Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|--------|------|-----------|-----------|-----------|-----------|------|-------|-------------|---------|
| 12191614 | Name on file | Address on file | | | | | | | |
| 12191724 | Name on file | Address on file | | | | | | | |
| 12046288 | KEPPEL ELECTRIC PTE LTD | Address on file | | | | | | | |
| 18335014 | Name on file | Address on file | | | | | | | |
| 12191846 | Name on file | Address on file | | | | | | | |
| 12191574 | Name on file | Address on file | | | | | | | |
| 12191744 | Name on file | Address on file | | | | | | | |
| 12885405 | Name on file | Address on file | | | | | | | |
| 12885464 | Name on file | Address on file | | | | | | | |
| 12191851 | Name on file | Address on file | | | | | | | |
| 12171199 | KJ TECHNOLOGIES | Address on file | | | | | | | |
| 12046289 | KLEINBERG KAPLAN WOLFF & COHEN P.C. | Address on file | | | | | | | |
| 12191719 | Name on file | Address on file | | | | | | | |
| 12191564 | Name on file | Address on file | | | | | | | |
| 12191745 | Name on file | Address on file | | | | | | | |
| 12191720 | Name on file | Address on file | | | | | | | |
| 12191721 | Name on file | Address on file | | | | | | | |
| 12191830 | Name on file | Address on file | | | | | | | |
| 12191697 | Name on file | Address on file | | | | | | | |
| 12046291 | Name on file | Address on file | | | | | | | |
| 12869211 | Name on file | Address on file | | | | | | | |
| 12047610 | Name on file | Address on file | | | | | | | |
| 18181320 | Name on file | Address on file | | | | | | | |
| 12191663 | Name on file | Address on file | | | | | | | |
| 12191677 | Name on file | Address on file | | | | | | | |
| 12191692 | Name on file | Address on file | | | | | | | |
| 13060345 | Name on file | Address on file | | | | | | | |
| 12191633 | Name on file | Address on file | | | | | | | |
| 12191664 | Name on file | Address on file | | | | | | | |
| 15600407 | Name on file | Address on file | | | | | | | |
| 18951778 | Name on file | Address on file | | | | | | | |
| 16290910 | Name on file | Address on file | | | | | | | |
| 12191818 | Name on file | Address on file | | | | | | | |
| 12191864 | Name on file | Address on file | | | | | | | |
| 12191556 | Name on file | Address on file | | | | | | | |
| 12047498 | Name on file | Address on file | | | | | | | |
| 12191808 | Name on file | Address on file | | | | | | | |
| 12835338 | Name on file | Address on file | | | | | | | |
| 12046294 | LEVIN GROUP LTD | Address on file | | | | | | | |
| 12047408 | Name on file | Address on file | | | | | | | |
| 12191868 | Name on file | Address on file | | | | | | | |
| 12191746 | Name on file | Address on file | | | | | | | |
| 12191741 | Name on file | Address on file | | | | | | | |
| 12046296 | LIFEWORKS SINGAPORE PTE LTD | Address on file | | | | | | | |
| 12046297 | Name on file | Address on file | | | | | | | |
| 12191712 | Name on file | Address on file | | | | | | | |
| 12046299 | Name on file | Address on file | | | | | | | |
| 12191871 | Name on file | Address on file | | | | | | | |
| 12046300 | Name on file | Address on file | | | | | | | |

Exhibit FF
Master Mailing List
Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12855400 | Name on file | Address on file | | | | | | | |
| 12885542 | Name on file | Address on file | | | | | | | |
| 12046301 | LLOYD'S OF LONDON | Address on file | | | | | | | |
| 12046302 | LOCKTON COMPANIES (SINGAPORE) PTE LTD | Address on file | | | | | | | |
| 12191634 | Name on file | Address on file | | | | | | | |
| 19024665 | London Preston Properties, LLC | Address on file | | | | | | | |
| 12046887 | Name on file | Address on file | | | | | | | |
| 12046303 | Name on file | Address on file | | | | | | | |
| 12191694 | Name on file | Address on file | | | | | | | |
| 18240933 | Name on file | Address on file | | | | | | | |
| 12191740 | Name on file | Address on file | | | | | | | |
| 12191728 | LUNO AUSTRALIA PTY LTD | Address on file | | | | | | | |
| 12046304 | LYRECO PTE LTD | Address on file | | | | | | | |
| 12655954 | Name on file | Address on file | | | | | | | |
| 12654914 | Name on file | Address on file | | | | | | | |
| 12046305 | MANA HOLDINGS LTD | Address on file | | | | | | | |
| 12046306 | MANAGED FUNDS ASSOCIATION | Address on file | | | | | | | |
| 12191824 | Name on file | Address on file | | | | | | | |
| 13067401 | Name on file | Address on file | | | | | | | |
| 20475403 | Marcos Holdings I LLC as Transferee of Name on File | Address on file | | | | | | | |
| 12191611 | Name on file | Address on file | | | | | | | |
| 12191648 | Name on file | Address on file | | | | | | | |
| 12191817 | Name on file | Address on file | | | | | | | |
| 12046307 | MASSIVE COMPUTING, INC | Address on file | | | | | | | |
| 12191686 | Name on file | Address on file | | | | | | | |
| 13060360 | Name on file | Address on file | | | | | | | |
| 12191737 | MAXXTRADER SYSTEMS PTE LTD | Address on file | | | | | | | |
| 12191693 | Name on file | Address on file | | | | | | | |
| 12191600 | Name on file | Address on file | | | | | | | |
| 12191635 | Name on file | Address on file | | | | | | | |
| 12970094 | Name on file | Address on file | | | | | | | |
| 12191625 | Name on file | Address on file | | | | | | | |
| 12046231 | Name on file | Address on file | | | | | | | |
| 12191814 | Name on file | Address on file | | | | | | | |
| 12191839 | Name on file | Address on file | | | | | | | |
| 12046308 | MEITAR LAW OFFICES | Address on file | | | | | | | |
| 12046949 | Name on file | Address on file | | | | | | | |
| 20644045 | Name on file | Address on file | | | | | | | |
| 18239393 | Name on file | Address on file | | | | | | | |
| 12046309 | Name on file | Address on file | | | | | | | |
| 12046311 | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C. | Address on file | | | | | | | |
| 12191751 | Name on file | Address on file | | | | | | | |
| 12191753 | Name on file | Address on file | | | | | | | |
| 13041721 | Name on file | Address on file | | | | | | | |
| 12046312 | Name on file | Address on file | | | | | | | |
| 12191804 | Name on file | Address on file | | | | | | | |
| 12046313 | MITSUBISHI HC CAPITAL ASIA PACIFIC | Address on file | | | | | | | |
| 13117493 | MJM Limited | Thistle House, 4 Burnaby Street | | | | Hamilton | HM | 11 | Bermuda |
| 12046314 | MONETARY AUTHORITY OF SINGAPORE | Address on file | | | | | | | |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 8 of 14

Exhibit FF

Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 20475413 | Moneybites Media Inc. as Transferee of Name on File | Address on file | | | | | | | |
| 12885680 | Name on file | Address on file | | | | | | | |
| 12191756 | Name on file | Address on file | | | | | | | |
| 12191757 | Name on file | Address on file | | | | | | | |
| 12046315 | MOORE & VAN ALLEN PLLC | Address on file | | | | | | | |
| 13117496 | Morgan Lewis Stamford LLC | 10 Collyer Quay, #27-00 Ocean Financial Center | | | | | | 049315 | Singapore |
| 12835372 | Name on file | Address on file | | | | | | | |
| 12885531 | Name on file | Address on file | | | | | | | |
| 12191822 | Name on file | Address on file | | | | | | | |
| 12191800 | Name on file | Address on file | | | | | | | |
| 12970209 | Name on file | Address on file | | | | | | | |
| 12046317 | MORRISON COHEN LLP | Address on file | | | | | | | |
| 15600022 | Name on file | Address on file | | | | | | | |
| 12191707 | Name on file | Address on file | | | | | | | |
| 12046318 | MOUNT STUDIO PTE LTD | Address on file | | | | | | | |
| 12171189 | MSA SECURITY | Address on file | | | | | | | |
| 12191733 | Name on file | Address on file | | | | | | | |
| 12046322 | MURPHY & MCGONIGLE P.C. | Address on file | | | | | | | |
| 12191812 | Name on file | Address on file | | | | | | | |
| 12191759 | Name on file | Address on file | | | | | | | |
| 12991065 | Name on file | Address on file | | | | | | | |
| 12191629 | Name on file | Address on file | | | | | | | |
| 12046325 | NAKUL, VERMA | Address on file | | | | | | | |
| 12191602 | Name on file | Address on file | | | | | | | |
| 12885339 | Name on file | Address on file | | | | | | | |
| 12191761 | Name on file | Address on file | | | | | | | |
| 12191762 | Name on file | Address on file | | | | | | | |
| 12191763 | Name on file | Address on file | | | | | | | |
| 12046326 | Name on file | Address on file | | | | | | | |
| 12191764 | NICKL INC. | Address on file | | | | | | | |
| 12191805 | Name on file | Address on file | | | | | | | |
| 12191766 | Name on file | Address on file | | | | | | | |
| 18338258 | Name on file | Address on file | | | | | | | |
| 12191768 | Name on file | Address on file | | | | | | | |
| 12885428 | Name on file | Address on file | | | | | | | |
| 12191769 | Name on file | Address on file | | | | | | | |
| 12046327 | NUMERIX LLC | Address on file | | | | | | | |
| 12171191 | OFFICE SECRETARIES | Address on file | | | | | | | |
| 12046328 | OFFICE SECRETARIES PTE LTD. | Address on file | | | | | | | |
| 12191771 | OFFICE SECRETARIES PTE LTD. | Address on file | | | | | | | |
| 12191772 | Name on file | Address on file | | | | | | | |
| 12245138 | Name on file | Address on file | | | | | | | |
| 12046329 | OKTA INC | Address on file | | | | | | | |
| 12191773 | ONE HEDDON STREET | Address on file | | | | | | | |
| 12046330 | ONE RAFFLES QUAY PTE LTD | Address on file | | | | | | | |
| 12191774 | ONE RAFFLES QUAY PTE LTD | Address on file | | | | | | | |
| 12046331 | ONE11 RACING LLC | Address on file | | | | | | | |
| 12046332 | ONSTREAM LLC | Address on file | | | | | | | |
| 12046333 | OPSWAT | Address on file | | | | | | | |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 9 of 14

Exhibit FF

Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12046334 | OPUS RECRUITMENT SOLUTIONS LTD | Address on file | | | | | | | |
| 12046335 | ORRICK, HERRINGTON & SUTCLIFFE, LLP | Address on file | | | | | | | |
| 12928601 | Name on file | Address on file | | | | | | | |
| 12191776 | Name on file | Address on file | | | | | | | |
| 12191777 | Name on file | Address on file | | | | | | | |
| 12245529 | Name on file | Address on file | | | | | | | |
| 12191779 | Name on file | Address on file | | | | | | | |
| 12191747 | Name on file | Address on file | | | | | | | |
| 12191723 | Name on file | Address on file | | | | | | | |
| 12046336 | PAPAYA GLOBAL, INC. | Address on file | | | | | | | |
| 12191780 | Name on file | Address on file | | | | | | | |
| 12046337 | PARAGON BROKERS (BERMUDA) LTD. | Address on file | | | | | | | |
| 12046338 | PARAGON INTERNATIONAL | Address on file | | | | | | | |
| 12191781 | Name on file | Address on file | | | | | | | |
| 12191754 | Name on file | Address on file | | | | | | | |
| 12191785 | Name on file | Address on file | | | | | | | |
| 12047073 | Name on file | Address on file | | | | | | | |
| 12046339 | PERKINS COIE LLP | Address on file | | | | | | | |
| 12191615 | Name on file | Address on file | | | | | | | |
| 12191789 | Name on file | Address on file | | | | | | | |
| 12885604 | Name on file | Address on file | | | | | | | |
| 12046340 | PHAIDON INTERNATIONAL INC | Address on file | | | | | | | |
| 12191714 | Name on file | Address on file | | | | | | | |
| 12046341 | PICO QUANTITATIVE TRADING | Address on file | | | | | | | |
| 12191861 | Name on file | Address on file | | | | | | | |
| 12885466 | Name on file | Address on file | | | | | | | |
| 12191565 | Name on file | Address on file | | | | | | | |
| 12191791 | Name on file | Address on file | | | | | | | |
| 12648475 | Name on file | Address on file | | | | | | | |
| 12648440 | Name on file | Address on file | | | | | | | |
| 12191678 | Name on file | Address on file | | | | | | | |
| 12891029 | Name on file | Address on file | | | | | | | |
| 12046342 | PRIVATE CHEFS OF ATLANTA | | | | | | | | |
| 13117489 | Prolegis LLC | 50 Raffles Place #24-01 | Singapore Land Tower | | | | | 048623 | Singapore |
| 12191793 | Name on file | Address on file | | | | | | | |
| 12046343 | PYTHIAN | Address on file | | | | | | | |
| 12046344 | Name on file | Address on file | | | | | | | |
| 12191794 | Name on file | Address on file | | | | | | | |
| 12245871 | Name on file | Address on file | | | | | | | |
| 18501540 | Name on file | Address on file | | | | | | | |
| 12171202 | Name on file | Address on file | | | | | | | |
| 12046345 | RAJAH & TANN | Address on file | | | | | | | |
| 12046346 | RANDSTAD PTE LIMITED | Address on file | | | | | | | |
| 12191825 | Name on file | Address on file | | | | | | | |
| 13117490 | Reed Smith in alliance with Resource Law | 10 Collyer Quay, #18-01 | Ocean  Financial Centre | | | | | 049315 | Singapore |
| 12105040 | Reed Smith LLP | Address on file | | | | | | | |
| 12046347 | REED SMITH PTE. LTD | Address on file | | | | | | | |
| 12046348 | REED SMITH RICHARDS BUTLER LLP | Address on file | | | | | | | |
| 12191801 | Name on file | Address on file | | | | | | | |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 10 of 14

Exhibit FF

Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12191729 | Name on file | Address on file | | | | | | | |
| 12046349 | RICHARDS LAYTON & FINGER | Address on file | | | | | | | |
| 19012001 | Name on file | Address on file | | | | | | | |
| 12191796 | Name on file | Address on file | | | | | | | |
| 18165103 | Name on file | Address on file | | | | | | | |
| 12191690 | Name on file | Address on file | | | | | | | |
| 12191843 | Name on file | Address on file | | | | | | | |
| 12046350 | Name on file | Address on file | | | | | | | |
| 12046252 | Name on file | Address on file | | | | | | | |
| 12191699 | Name on file | Address on file | | | | | | | |
| 12191758 | Name on file | Address on file | | | | | | | |
| 12191806 | Name on file | Address on file | | | | | | | |
| 12191807 | Name on file | Address on file | | | | | | | |
| 12191624 | Name on file | Address on file | | | | | | | |
| 12046351 | SALT VENTURE GROUP, LLC | Address on file | | | | | | | |
| 12191656 | Name on file | Address on file | | | | | | | |
| 12949624 | Name on file | Address on file | | | | | | | |
| 12191698 | Name on file | Address on file | | | | | | | |
| 12191810 | Name on file | Address on file | | | | | | | |
| 12046352 | SAVILLS (SINGAPORE) PTE LTD | Address on file | | | | | | | |
| 18959445 | Name on file | Address on file | | | | | | | |
| 12191626 | Name on file | Address on file | | | | | | | |
| 12191811 | Name on file | Address on file | | | | | | | |
| 12885458 | Name on file | Address on file | | | | | | | |
| 12191682 | Name on file | Address on file | | | | | | | |
| 12885555 | Name on file | Address on file | | | | | | | |
| 12191726 | Name on file | Address on file | | | | | | | |
| 12171206 | Name on file | Address on file | | | | | | | |
| 12191576 | Name on file | Address on file | | | | | | | |
| 12191582 | Name on file | Address on file | | | | | | | |
| 15633251 | Name on file | Address on file | | | | | | | |
| 12191704 | Name on file | Address on file | | | | | | | |
| 12191792 | Name on file | Address on file | | | | | | | |
| 12191799 | Name on file | Address on file | | | | | | | |
| 12885446 | Name on file | Address on file | | | | | | | |
| 12191798 | Name on file | Address on file | | | | | | | |
| 12191795 | Name on file | Address on file | | | | | | | |
| 12046353 | SHEARMAN & STERLING LLP | Address on file | | | | | | | |
| 12191557 | Name on file | Address on file | | | | | | | |
| 12047222 | SIGNATURE BANK | Address on file | | | | | | | |
| 12047227 | SILVERGATE BANK | Address on file | | | | | | | |
| 18803021 | SingNet PTE LTD | 31B Exeter Road | Comcentre II #03-02 | | | Singapore | | 239732 | Singapore |
| 12046355 | SINGTEL (SINGAPORE TELECOMMUNICATIONS LIMITED) | Address on file | | | | | | | |
| 12191736 | Name on file | Address on file | | | | | | | |
| 12885470 | Name on file | Address on file | | | | | | | |
| 12191821 | Name on file | Address on file | | | | | | | |
| 12191849 | Name on file | Address on file | | | | | | | |
| 13117494 | Snell & Wilmer L.L.P | 3883 Howard Hughes Parkway, Suite 1100 | | | | Las Vegas | NV | 89169 | |
| 12046356 | SNOWFLAKE INC. | Address on file | | | | | | | |

Exhibit FF

Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12171205 | Name on file | Address on file | | | | | | | |
| 12191748 | Name on file | Address on file | | | | | | | |
| 12046357 | SP SERVICES LTD (2180) | Address on file | | | | | | | |
| 12046358 | SPGROUP | Address on file | | | | | | | |
| 12046359 | SPIRE SEARCH PARTNERS | Address on file | | | | | | | |
| 12835917 | Name on file | Address on file | | | | | | | |
| 12046360 | STARHUB LTD | Address on file | | | | | | | |
| 12046361 | STARR INSURANCE & REINSURANCE LIMITED | Address on file | | | | | | | |
| 12191823 | Name on file | Address on file | | | | | | | |
| 12046362 | STERLING INFOSYSTEMS, INC | Address on file | | | | | | | |
| 12191604 | Name on file | Address on file | | | | | | | |
| 12885481 | Name on file | Address on file | | | | | | | |
| 12046363 | STOP PEST CONTROL OF NY, INC. | Address on file | | | | | | | |
| 12046364 | STORM2 PTE LTD | Address on file | | | | | | | |
| 12046365 | STOTT AND MAY | Address on file | | | | | | | |
| 12191847 | Name on file | Address on file | | | | | | | |
| 12047265 | Name on file | Address on file | | | | | | | |
| 12046366 | STRUCTURE WORKS | Address on file | | | | | | | |
| 12191732 | Name on file | Address on file | | | | | | | |
| 12191826 | Name on file | Address on file | | | | | | | |
| 12830089 | Name on file | Address on file | | | | | | | |
| 12191827 | Name on file | Address on file | | | | | | | |
| 12191786 | Name on file | Address on file | | | | | | | |
| 12046367 | T2 CONSULTING, LLC | Address on file | | | | | | | |
| 12191863 | Name on file | Address on file | | | | | | | |
| 12885411 | Name on file | Address on file | | | | | | | |
| 12191828 | TALOS TRADING INC. | Address on file | | | | | | | |
| 12191829 | TALOS TRADING, INC. | Address on file | | | | | | | |
| 12191599 | Name on file | Address on file | | | | | | | |
| 12047281 | Name on file | Address on file | | | | | | | |
| 13091472 | Texas Department of Banking | Address on file | | | | | | | |
| 12191834 | Name on file | Address on file | | | | | | | |
| 12046369 | THE FURNITURE X-CHANGE | Address on file | | | | | | | |
| 12191835 | Name on file | Address on file | | | | | | | |
| 12191836 | Name on file | Address on file | | | | | | | |
| 12046370 | THE PEST CONTROL COMPANY PTE LTD | Address on file | | | | | | | |
| 12046371 | THE TIE, INC | Address on file | | | | | | | |
| 12191837 | Name on file | Address on file | | | | | | | |
| 12191838 | Name on file | Address on file | | | | | | | |
| 12046372 | THOMSON REUTERS CORPORATION PTE LTD | Address on file | | | | | | | |
| 12191848 | Name on file | Address on file | | | | | | | |
| 12191616 | Name on file | Address on file | | | | | | | |
| 12949006 | Name on file | Address on file | | | | | | | |
| 12191850 | Name on file | Address on file | | | | | | | |
| 12970140 | Translunar Crypto LP | Address on file | | | | | | | |
| 12970155 | Name on file | Address on file | | | | | | | |
| 12191853 | Name on file | Address on file | | | | | | | |
| 12191854 | Name on file | Address on file | | | | | | | |
| 12885468 | Name on file | Address on file | | | | | | | |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 12 of 14

Exhibit FF
Master Mailing List
Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 16825530 | U.S. Securities and Exchange Commission | Address on file | | | | | | | |
| 12046388 | U.S. SECURITIES AND EXCHANGE COMMISSION (SEC) | Address on file | | | | | | | |
| 12046374 | UNISPACE OF BOSTON, LLC | Address on file | | | | | | | |
| 12046375 | UNITED CORPORATE SERVICES INC | Address on file | | | | | | | |
| 12047346 | Name on file | Address on file | | | | | | | |
| 12191855 | Name on file | Address on file | | | | | | | |
| 12191749 | Name on file | Address on file | | | | | | | |
| 12191784 | Name on file | Address on file | | | | | | | |
| 12191783 | Name on file | Address on file | | | | | | | |
| 12191816 | Name on file | Address on file | | | | | | | |
| 12191646 | Name on file | Address on file | | | | | | | |
| 17114903 | Name on file | Address on file | | | | | | | |
| 12191765 | Name on file | Address on file | | | | | | | |
| 12191645 | Name on file | Address on file | | | | | | | |
| 12046376 | VERTICAL GREEN PTE LTD | Address on file | | | | | | | |
| 12191856 | Name on file | Address on file | | | | | | | |
| 12191752 | Name on file | Address on file | | | | | | | |
| 12046377 | VIP SPORTS MARKETING, INC. | Address on file | | | | | | | |
| 20650182 | Vision RT Inc. | 8840 Stanford Blvd | Suite 3200 | | | Columbia | MD | 21045 | |
| 20650181 | Vision RT Limited | Dove House | Arcadia Avenue | | | London | | N3 2JU | United Kingdom |
| 12191651 | Name on file | Address on file | | | | | | | |
| 16172836 | Name on file | Address on file | | | | | | | |
| 12191630 | Name on file | Address on file | | | | | | | |
| 12191601 | Name on file | Address on file | | | | | | | |
| 12191716 | Name on file | Address on file | | | | | | | |
| 12191803 | Name on file | Address on file | | | | | | | |
| 15445553 | Name on file | Address on file | | | | | | | |
| 12171203 | Name on file | Address on file | | | | | | | |
| 12191865 | WIN TAT AIR-CONDITIONING (S) PTE LTD | Address on file | | | | | | | |
| 12046378 | WIN TAT AIR-CONDITIONING PTE LTD | Address on file | | | | | | | |
| 12191866 | Name on file | Address on file | | | | | | | |
| 12191867 | Name on file | Address on file | | | | | | | |
| 12885600 | Name on file | Address on file | | | | | | | |
| 12046379 | WISE GROUP PTE LTD | Address on file | | | | | | | |
| 12046380 | WOLTERS KLUWER FINANCIAL SERVICES INC. | Address on file | | | | | | | |
| 12171253 | Name on file | Address on file | | | | | | | |
| 12046381 | WOODRUFF SAWYER | Address on file | | | | | | | |
| 12046383 | WOODRUFF SAWYER | Address on file | | | | | | | |
| 12191869 | Name on file | Address on file | | | | | | | |
| 12191870 | WORKSOCIAL.COM | Address on file | | | | | | | |
| 12046384 | WORKSOCIAL.COM LLC | Address on file | | | | | | | |
| 12191819 | Name on file | Address on file | | | | | | | |
| 12191859 | Name on file | Address on file | | | | | | | |
| 12191860 | Name on file | Address on file | | | | | | | |
| 12885618 | Name on file | Address on file | | | | | | | |
| 12046385 | Name on file | Address on file | | | | | | | |
| 12191872 | Name on file | Address on file | | | | | | | |
| 12191654 | Name on file | Address on file | | | | | | | |
| 12828476 | Name on file | Address on file | | | | | | | |

Exhibit FF
Master Mailing List
Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 15669949 | Name on file | Address on file | | | | | | | |
| 12191695 | Name on file | Address on file | | | | | | | |
| 12046387 | Name on file | Address on file | | | | | | | |
| 12191875 | Name on file | Address on file | | | | | | | |
| 12191617 | Name on file | Address on file | | | | | | | |
| 12245678 | Name on file | Address on file | | | | | | | |
| 12644098 | Name on file | Address on file | | | | | | | |
| 12191876 | Name on file | Address on file | | | | | | | |
| 12191877 | Name on file | Address on file | | | | | | | |
| 12191583 | Name on file | Address on file | | | | | | | |
| 12191585 | Name on file | Address on file | | | | | | | |
| 12855708 | Name on file | Address on file | | | | | | | |

**Exhibit GG**

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| 10drils Inc | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Alameda Research Ltd | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Aon Consulting, Inc. | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Blu River LLC | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Brick-N-Wood LLC | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Caramila Capital Management LLC | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Coincident Capital International, Ltd. | Email address on file |
| Name on file | Email address on file |

Exhibit GG
Disputed Email Class Service List
Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Cote Brothers Flooring Contractors Inc | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Cypress LLC | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Decentralized Wireless Foundation, Inc. | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| FirstLight Fiber, Inc. | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| GPD Holdings LLC d/b/a CoinFlip | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG
Disputed Email Class Service List
Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG
Disputed Email Class Service List
Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| I&U CPA LLC | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Jefferies Leveraged Credit Products, LLC as Transferee of Name on File | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Libertas Fund, LLC | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| London Preston Properties, LLC | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Marigold Homes, LLC | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

## Exhibit GG
### Disputed Email Class Service List
Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Moonalpha Financial Service Limited | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Moye White LLP Firm Client 2 | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)                    Page 12 of 18

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Peertec Inc. | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Residia Asset Management AG | Email address on file |
| Name on file | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

## Exhibit GG
## Disputed Email Class Service List
Served via email

| NAME | EMAIL |
|------|-------|
| Singapore Telecommunications Limited | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| SM DCG LLC | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Stellar Development Foundation | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|---|---|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| The Stables Fund US, LP | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Three Arrows Capital Ltd (in liquidation) | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Valour Inc. | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

Exhibit GG

Disputed Email Class Service List

Served via email

| NAME | EMAIL |
|------|-------|
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |
| Name on file | Email address on file |

**Exhibit HH**

Exhibit HH

## Class 3 GGC Supplemental Service List
Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | CITY | STATE | POSTAL CODE | COUNTRY |
|--------|------|-----------|-----------|-----------|------|-------|-------------|---------|
| 12047522 | Name on file | Address on file | | | | | | |
| 12171196 | BITGO | Address on file | | | | | | |
| 12046808 | Name on file | Address on file | | | | | | |
| 12245686 | Name on file | Address on file | | | | | | |
| 12047367 | Name on file | Address on file | | | | | | |
| 12867662 | Name on file | Address on file | | | | | | |
| 12046916 | Name on file | Address on file | | | | | | |
| 12046850 | Name on file | Address on file | | | | | | |
| 12243915 | Name on file | Address on file | | | | | | |
| 12047263 | Name on file | Address on file | | | | | | |
| 12171249 | Name on file | Address on file | | | | | | |
| 12047326 | Name on file | Address on file | | | | | | |
| 12047329 | Name on file | Address on file | | | | | | |
| 12827060 | Name on file | Address on file | | | | | | |
| 12047340 | Name on file | Address on file | | | | | | |
| 12046642 | Name on file | Address on file | | | | | | |
| 12047652 | Name on file | Address on file | | | | | | |
| 12047391 | Name on file | Address on file | | | | | | |

**<u>Exhibit II</u>**

Exhibit II
Supplemental Master Mailing List
Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12245185 | Name on file | Address on file | | | | | | | |
| 12047503 | Name on file | Address on file | | | | | | | |
| 12242134 | Name on file | Address on file | | | | | | | |
| 12047522 | Name on file | Address on file | | | | | | | |
| 12966997 | Name on file | Address on file | | | | | | | |
| 12047552 | Name on file | Address on file | | | | | | | |
| 12046230 | Name on file | Address on file | | | | | | | |
| 12047564 | Name on file | Address on file | | | | | | | |
| 12047565 | ANCHORAGE LENDING CA, LLC | Address on file | | | | | | | |
| 12047579 | Name on file | Address on file | | | | | | | |
| 12047583 | Name on file | Address on file | | | | | | | |
| 12047584 | Name on file | Address on file | | | | | | | |
| 12047598 | Name on file | Address on file | | | | | | | |
| 12047153 | Name on file | Address on file | | | | | | | |
| 12047619 | Name on file | Address on file | | | | | | | |
| 12242147 | Name on file | Address on file | | | | | | | |
| 12171196 | BITGO | Address on file | | | | | | | |
| 12047626 | Name on file | Address on file | | | | | | | |
| 12047628 | Name on file | Address on file | | | | | | | |
| 12047630 | Name on file | Address on file | | | | | | | |
| 19033567 | Name on file | Address on file | | | | | | | |
| 15535900 | Name on file | Address on file | | | | | | | |
| 12046823 | Name on file | Address on file | | | | | | | |
| 12047131 | Name on file | Address on file | | | | | | | |
| 12046808 | Name on file | Address on file | | | | | | | |
| 12046397 | Name on file | Address on file | | | | | | | |
| 12046401 | Name on file | Address on file | | | | | | | |
| 12046402 | Name on file | Address on file | | | | | | | |
| 12245686 | Name on file | Address on file | | | | | | | |
| 12644099 | Name on file | Address on file | | | | | | | |
| 12047367 | Name on file | Address on file | | | | | | | |
| 12046499 | Name on file | Address on file | | | | | | | |
| 12046443 | Name on file | Address on file | | | | | | | |
| 12046817 | Name on file | Address on file | | | | | | | |
| 12046450 | Name on file | Address on file | | | | | | | |
| 12046460 | Name on file | Address on file | | | | | | | |
| 12046487 | Name on file | Address on file | | | | | | | |
| 12047173 | Name on file | Address on file | | | | | | | |
| 12867662 | Name on file | Address on file | | | | | | | |
| 12046517 | Name on file | Address on file | | | | | | | |
| 12650622 | Name on file | Address on file | | | | | | | |

Exhibit II
Supplemental Master Mailing List
Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12242167 | Name on file | Address on file | | | | | | | |
| 12046542 | Name on file | Address on file | | | | | | | |
| 12046916 | Name on file | Address on file | | | | | | | |
| 12046550 | Name on file | Address on file | | | | | | | |
| 12171224 | Name on file | Address on file | | | | | | | |
| 12046572 | Name on file | Address on file | | | | | | | |
| 12046580 | Name on file | Address on file | | | | | | | |
| 12046582 | Name on file | Address on file | | | | | | | |
| 12046589 | Name on file | Address on file | | | | | | | |
| 12093512 | Name on file | Address on file | | | | | | | |
| 12046602 | Name on file | Address on file | | | | | | | |
| 12046615 | Name on file | Address on file | | | | | | | |
| 12047186 | Name on file | Address on file | | | | | | | |
| 12872480 | FTX Trading Ltd. on behalf of all FTX Debtors | Address on file | | | | | | | |
| 12046270 | FULLERTON HEALTH | Address on file | | | | | | | |
| 12171237 | Name on file | Address on file | | | | | | | |
| 12046623 | Name on file | Address on file | | | | | | | |
| 12047301 | Name on file | Address on file | | | | | | | |
| 12047432 | GEMINI | Address on file | | | | | | | |
| 12046629 | Name on file | Address on file | | | | | | | |
| 18239913 | Name on file | Address on file | | | | | | | |
| 12046660 | Name on file | Address on file | | | | | | | |
| 12242180 | Name on file | Address on file | | | | | | | |
| 12046681 | Name on file | Address on file | | | | | | | |
| 12046695 | Name on file | Address on file | | | | | | | |
| 12046696 | Name on file | Address on file | | | | | | | |
| 12046707 | Name on file | Address on file | | | | | | | |
| 12046711 | Name on file | Address on file | | | | | | | |
| 12885173 | Name on file | Address on file | | | | | | | |
| 12047117 | Name on file | Address on file | | | | | | | |
| 12046833 | Name on file | Address on file | | | | | | | |
| 12046430 | Name on file | Address on file | | | | | | | |
| 12046850 | Name on file | Address on file | | | | | | | |
| 12875503 | Name on file | Address on file | | | | | | | |
| 12046868 | Name on file | Address on file | | | | | | | |
| 13119639 | Name on file | Address on file | | | | | | | |
| 12242200 | Name on file | Address on file | | | | | | | |
| 13093678 | Name on file | Address on file | | | | | | | |
| 12046881 | Name on file | Address on file | | | | | | | |
| 12046901 | Name on file | Address on file | | | | | | | |
| 12046907 | Name on file | Address on file | | | | | | | |

Exhibit II

Supplemental Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12242206 | Name on file | Address on file | | | | | | | |
| 12046930 | Name on file | Address on file | | | | | | | |
| 12046955 | Name on file | Address on file | | | | | | | |
| 12046956 | Name on file | Address on file | | | | | | | |
| 12046960 | METROPOLITAN  COMMERCIAL BANK | Address on file | | | | | | | |
| 12046986 | Name on file | Address on file | | | | | | | |
| 12242212 | Name on file | Address on file | | | | | | | |
| 12046992 | Name on file | Address on file | | | | | | | |
| 12242215 | Name on file | Address on file | | | | | | | |
| 13023662 | Name on file | Address on file | | | | | | | |
| 13060379 | Name on file | Address on file | | | | | | | |
| 18188010 | Name on file | Address on file | | | | | | | |
| 12885696 | Name on file | Address on file | | | | | | | |
| 12885726 | Name on file | Address on file | | | | | | | |
| 12047049 | Name on file | Address on file | | | | | | | |
| 12047051 | Name on file | Address on file | | | | | | | |
| 12047063 | Name on file | Address on file | | | | | | | |
| 12047064 | Name on file | Address on file | | | | | | | |
| 12047065 | Name on file | Address on file | | | | | | | |
| 12047067 | Name on file | Address on file | | | | | | | |
| 12047098 | Name on file | Address on file | | | | | | | |
| 12047102 | Name on file | Address on file | | | | | | | |
| 12047110 | Name on file | Address on file | | | | | | | |
| 12046976 | Name on file | Address on file | | | | | | | |
| 12047120 | Name on file | Address on file | | | | | | | |
| 12047123 | Name on file | Address on file | | | | | | | |
| 12047133 | Name on file | Address on file | | | | | | | |
| 12047144 | Name on file | Address on file | | | | | | | |
| 12047159 | Name on file | Address on file | | | | | | | |
| 12047182 | Name on file | Address on file | | | | | | | |
| 12046598 | Name on file | Address on file | | | | | | | |
| 12047192 | Name on file | Address on file | | | | | | | |
| 12047196 | Name on file | Address on file | | | | | | | |
| 12243915 | Name on file | Address on file | | | | | | | |
| 12047205 | Name on file | Address on file | | | | | | | |
| 12928836 | Name on file | Address on file | | | | | | | |
| 12242244 | Name on file | Address on file | | | | | | | |
| 12873752 | Name on file | Address on file | | | | | | | |
| 12047260 | Name on file | Address on file | | | | | | | |
| 12171248 | Name on file | Address on file | | | | | | | |
| 12047263 | Name on file | Address on file | | | | | | | |

In re: Genesis Global Holdco, LLC, et al.
Case No. 23-10063 (SHL)

Page 3 of 4

Exhibit II

Supplemental Master Mailing List

Served via first class mail

| ADDRID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|---|---|---|---|---|
| 12171249 | Name on file | Address on file | | | | | | | |
| 15419362 | Name on file | Address on file | | | | | | | |
| 18140592 | Name on file | Address on file | | | | | | | |
| 12046368 | Name on file | Address on file | | | | | | | |
| 16825563 | The New Jersey Bureau of Securities | Address on file | | | | | | | |
| 16825566 | The New Jersey Bureau of Securities | Address on file | | | | | | | |
| 16825570 | The New Jersey Bureau of Securities | Address on file | | | | | | | |
| 12047303 | Name on file | Address on file | | | | | | | |
| 12047314 | Name on file | Address on file | | | | | | | |
| 12047326 | Name on file | Address on file | | | | | | | |
| 12047329 | Name on file | Address on file | | | | | | | |
| 12047330 | Name on file | Address on file | | | | | | | |
| 12827060 | Name on file | Address on file | | | | | | | |
| 12047340 | Name on file | Address on file | | | | | | | |
| 17116580 | Name on file | Address on file | | | | | | | |
| 12046642 | Name on file | Address on file | | | | | | | |
| 12046889 | Name on file | Address on file | | | | | | | |
| 12047350 | Name on file | Address on file | | | | | | | |
| 12047362 | Name on file | Address on file | | | | | | | |
| 17114933 | Name on file | Address on file | | | | | | | |
| 12047652 | Name on file | Address on file | | | | | | | |
| 12047376 | Name on file | Address on file | | | | | | | |
| 12047377 | Name on file | Address on file | | | | | | | |
| 12171245 | Name on file | Address on file | | | | | | | |
| 12047391 | Name on file | Address on file | | | | | | | |
| 12047399 | Name on file | Address on file | | | | | | | |
| 12046777 | Name on file | Address on file | | | | | | | |
| 12047411 | Name on file | Address on file | | | | | | | |
| 12047412 | Name on file | Address on file | | | | | | | |
| 12047426 | Name on file | Address on file | | | | | | | |