Hearing Date and Time: February 8, 2024 at 11:00 AM (Prevailing Eastern Time)

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF
DEBTORS' REVISED PROPOSED
ORDER GRANTING DEBTORS' EIGHTEENTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN
CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (CO-
LIABILITY CONTINGENT) SOLELY WITH RESPECT TO THE SILBERT CLAIMS**

   **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10003.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on January 2, 2024, the Debtors filed the *Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Co-Liability Contingent)* (the "Objection") (ECF No. 1120), which attached a proposed order as Exhibit A thereto (the "Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that on January 18, 2024, the Debtors filed the *Notice of Adjournment of Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Co-Liability Contingent)* (the "Adjournment Notice") (ECF. No. 1167) adjourning the Objection to the February 8, 2024 omnibus hearing at 11:00 AM (Prevailing Eastern Time) (the "February 8th Hearing").

**PLEASE TAKE FURTHER NOTICE** that on January 25, 2024, the Debtors filed the *Notice of (I) Adjournment of Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Co-Liability Contingent) Solely with Respect to Claim Nos. 375, 398 and 408 and (II) Extension of Response Deadline Solely with Respect to Claim Nos. 472, 483 and 501* (ECF No. 1193) that (i) further adjourned the Objection with respect to claim numbers 375, 398 and 408 (the "Moro Claims") to the March 6, 2024 omnibus hearing at 11:00 AM (Prevailing Eastern Time) (the "March 6th Hearing") and extended the deadline for the Debtors to file a reply, if any, to March 1, 2024, and (ii) extended the deadline to file a response to the Objection solely with respect to claim numbers 472, 483 and 501 (the "Silbert Claims") to January 30, 2024, and extended the deadline for the Debtors to file a reply, if any, to February 6, 2024.

**PLEASE TAKE FURTHER NOTICE** that, on January 30, 2024, the Debtors filed the revised version of the Proposed Order (the "Revised Proposed Order"), attached hereto as Exhibit A, which, given the adjournment of the Moro Claims to the March 6th Hearing, solely addresses the Silbert Claims going forward at the February 8th Hearing and incorporates certain additional edits arising from discussions with counsel for Barry Silbert and the Official Committee of Unsecured Creditors. A blackline of the Revised Proposed Order against the Proposed Order originally submitted with the Objection is attached hereto as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection is scheduled before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"). The hearing will commence on **February 8, 2024, at 11:00 AM (Prevailing Eastern Time)**, and will be conducted through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the February 8th Hearing the Zoom links to

those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the February 8th Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** copies of the Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

| | |
|---|---|
| Dated: January 30, 2024<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

# EXHIBIT A

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**REVISED ORDER
GRANTING DEBTORS' EIGHTEENTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502
AND FED. R. BANKR. P. 3007 (CO-LIABILITY CONTINGENT)**

Upon the *Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007(Co-Liability Contingent)* (the "Objection")[2] filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502(e)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing or expunging, as applicable, each of the Contingent Claims to the extent set forth in Exhibit 1 attached hereto; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection was appropriate and no other notice need be provided; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Objection and on the record of the Hearing establish just cause for the relief granted herein; and all responses to the Objections (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

    1.    The Objection is GRANTED with respect to the Silbert Claims identified on Exhibit 1 attached hereto.

    2.    The Silbert Claims are disallowed in full under section 502(e)(1)(B) of the Bankruptcy Code and shall be automatically expunged from the Claims Register.

    3.    Nothing in this Order shall constitute, or be deemed to constitute, a waiver of Mr. Silbert's rights under section 502(j) of the Bankruptcy Code, as to which the Debtors and the Official Committee of Unsecured Creditors explicitly reserve all defenses.

    4.    This Order shall be deemed a separate Order with respect to each of the Silbert Claims identified on Exhibit 1 attached hereto.

    5.    The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

2

6. Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or the Official Committee of Unsecured Creditors under the Bankruptcy Code or any other applicable law.

7. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
      New York, New York

                                            HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**Blackline of Revised Proposed Order Against Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**<u>REVISED</u> ORDER
GRANTING DEBTORS' EIGHTEENTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502
AND FED. R. BANKR. P. 3007 (CO-LIABILITY CONTINGENT)**

Upon the *Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007(Co-Liability Contingent)* (the "<u>Objection</u>")[2] filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), requesting an order pursuant to section 502(e)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing or expunging, as applicable, each of the Contingent Claims to the extent set forth in <u>Exhibit 1</u> attached hereto; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]  Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection was appropriate and no other notice need be provided; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Objection and on the record of the Hearing establish just cause for the relief granted herein; and all responses to the Objections (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection is GRANTED with respect to ~~each of~~ the ~~Contingent~~<u>Silbert</u> Claims identified on <u>Exhibit 1</u> attached hereto.

2. The Silbert Claims are ~~for reimbursement or contribution with the meaning of~~<u>disallowed in full under</u> section 502(e)(1)(B) of the Bankruptcy Code<u> and shall be automatically expunged from the Claims Register</u>.

3. <u>Nothing in this Order shall constitute, or be deemed to constitute, a waiver of Mr. Silbert's rights under section 502(j) of the Bankruptcy Code, as to which the Debtors and the Official Committee of Unsecured Creditors explicitly reserve all defenses.</u>

~~3. Mr. Silbert asserts that he is co-liable with the Debtors, within the meaning of section 502(e)(1)(B) of the Bankruptcy Code, with respect to the Securities Litigation and/or other~~

2

~~relevant investigations or proceedings. Moreover, the Securities Plaintiffs and other parties have filed proofs of claim against the Debtors for claims arising from the same underlying claims.~~

~~4. The Silbert Claims are contingent within the meaning of section 502(e)(1)(B) of the Bankruptcy Code as of the date hereof, including, without limitation, any defense costs not yet incurred or paid as of the date of entry of this Order.~~

~~5. The Contingent Claims are disallowed in full and shall be automatically expunged from the Claims Register.~~

4.    ~~6.~~ This Order shall be deemed a separate Order with respect to each of the ~~Contingent~~Silbert Claims identified on Exhibit 1 attached hereto. ~~Any stay of this Order pending appeal by the Claimant whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.~~

5.    ~~7.~~ The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

6.    ~~8.~~ Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors <u>or the Official Committee of Unsecured Creditors</u> to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors <u>or the Official Committee of Unsecured Creditors</u> under the Bankruptcy Code or any other applicable law.

3

4

7.  ~~9.~~ This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
       New York, New York

                                                    _____
                                                  HONORABLE SEAN H. LANE
                                                  UNITED STATES BANKRUPTCY JUDGE

23-10063-shl   Doc 1208   Filed 01/30/24   Entered 01/30/24 17:18:45   Main Document
Pg 12 of 12