UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### LIMITED STIPULATION AND ORDER BETWEEN
### THE DEBTORS AND THE CRYPTO CREDITOR AD HOC GROUP

**WHEREAS**, on November 28, 2023, the Debtors filed the *Amended Joint Chapter 11 Plan* [ECF No. 989] (as may be amended, supplemented or modified, the "Plan");

**WHEREAS** the Genesis Crypto Ad Hoc Group (the "Crypto Creditor Ad Hoc Group" and, together with the Debtors, the "Parties") has indicated that it intends to object to the Plan, *inter alia*, on the basis that 11 U.S.C. § 562 requires a calculation of alleged claims asserted in connection with those certain master borrowing agreements executed between Genesis Global Capital, LLC and the members of the Crypto Creditor Ad Hoc Group, including the loan term sheets executed pursuant thereto (collectively, the "Genesis-AHG Contracts") different from the calculation contemplated by the Plan (such dispute the "Relevant Dispute");[2]

**WHEREAS** the Crypto Creditor Ad Hoc Group contends that each Genesis-AHG Contract qualifies as a swap agreement, securities contract, forward contract, commodity contract, repurchase agreement, and/or a master netting agreement, each as those terms are used in 11 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] As disclosed to the Debtors, the Crypto Creditor Ad Hoc Group intends to object to the Plan on other grounds that are not covered by this Stipulation.

§ 562 or otherwise defined by the Bankruptcy Code (including by reference) (such contracts or agreements generally, "Covered Contracts");

**WHEREAS** the Debtors dispute that any Genesis-AHG Contract qualifies as a Covered Contract;

**WHEREAS** the Parties desire to streamline the issues to be presented to the Court at the hearing concerning the confirmation of the Plan;

**WHEREAS** the Parties believe entry of this stipulation and order (the "Stipulation"),[3] which will eliminate from dispute whether the Genesis-AHG Contracts are Covered Contracts, as well as whether members of the Crypto Creditors Ad Hoc Group are Covered Entities (as defined below) without (a) either party (i) being required to submit evidence in support of or against that contention or (ii) admitting or denying that contention, and (b) the Court having to make factual or legal determinations in respect of that contention, will further that shared goal;

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED AMONG THE PARTIES THAT:**

1. To the extent necessary to resolve the Relevant Dispute and any subsequent related appeals (if any), the Court may take as an established fact that the Genesis-AHG Contracts qualify as Covered Contracts for purposes of the application of 11 U.S.C. § 562 without requiring the Crypto Creditors Ad Hoc Group to present admissible evidence to establish, demonstrate or otherwise support that fact.

---

[3] For the avoidance of doubt, this Stipulation is without prejudice to any claims, rights, arguments, and defenses of any party-in-interest not party to the Stipulation, which claims, rights, arguments, and defenses are expressly reserved in all respects, including for the confirmation hearing.

2

2. To the extent necessary to resolve the Relevant Dispute and any subsequent related appeals (if any), the Court may take as an established fact that no member of the Crypto Creditors Ad Hoc Group is or shall be deemed to be a forward contract merchant, stockbroker, financial institution, securities clearing agency, repo participant, financial participant, master netting agreement participant, or swap participant, each as such term is defined or otherwise used in the Bankruptcy Code (such entities generally, "Covered Entities").

3. For the avoidance of doubt, this Stipulation shall apply only with respect to the Relevant Dispute and any subsequent related appeals (if any) and the status of the Genesis-AHG Contracts in connection with the resolution or adjudication of the Relevant Dispute and any subsequent related appeals (if any). For the further avoidance of doubt, nothing in this Stipulation shall be deemed to be an admission of the Debtors or the Crypto Ad Hoc Group, nor shall it be admissible in the Chapter 11 Cases for any purpose other than as described herein.

4. Except as otherwise provided for herein, the Parties expressly reserve all rights and defenses.

**SO STIPULATED:**

Dated: January 29, 2024
New York, New York

| MCDERMOTT WILL & EMERY LLP | CLEARY GOTTLIEB STEEN & HAMILTON LLP |
|---|---|
| */s/ Darren Azman* | */s/ Thomas S. Kessler* |
| Darren Azman | Sean A. O'Neal |
| Joseph B. Evans | Luke A. Barefoot |
| Lucas Barrett | Jane VanLare |
| One Vanderbilt Avenue | Thomas S. Kessler |
| New York, NY 10017-3852 | One Liberty Plaza |
| Telephone: (212) 547-5400 | New York, New York 10006 |

| | |
|---|---|
| Facsimile: (212) 547-5444 | Telephone: (212) 225-2000 |
| | Facsimile: (212) 225-3999 |
| *-and-* | |
| | *Counsel for the Debtors* |
| Gregg Steinman (admitted *pro hac vice*) | *and Debtors-in-Possession* |
| 333 SE 2nd Avenue, Suite 4500 | |
| Miami, FL 33131-2184 | |
| Telephone: (305) 329-4473 | |
| Facsimile: (305) 503-8805 | |
| | |
| *Counsel to the Genesis Crypto* | |
| *Creditors Ad Hoc Group* | |

**SO ORDERED:**

Dated: January 31, 2024          */s/ Sean H. Lane*
White Plains, New York          THE HONORABLE SEAN H. LANE
        UNITED STATES BANKRUPTCY JUDGE

4