**Proposed Hearing Date, Time: February 14, 2024 at 10:00 AM (Prevailing Eastern Time)**
**Proposed Objection Deadline: February 7, 2024 at 4:00 PM (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER
APPROVING A SETTLEMENT AGREEMENT BETWEEN GENESIS GLOBAL
CAPITAL, LLC AND THE U.S. SECURITIES AND EXCHANGE COMMISSION**

   **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its affiliates Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

   **PLEASE TAKE FURTHER NOTICE** that on January 31, 2024, the Debtors filed the annexed *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between*

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

*Genesis Global Capital, LLC and the U.S. Securities and Exchange Commission* (the "Motion"). A hearing (the "Hearing") on the Motion will be held before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **February 14, 2024 at 10:00 a.m. (the "Hearing Date")**.

        **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

        **PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **February 7, 2024 at 4:00 p.m. (Eastern Time) (the "Objection Deadline")** and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

        **PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.

        **PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained (i) by accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

        **PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Motion carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

        **PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

*[Remainder of Page Left Blank Intentionally]*

Dated:   January 31, 2024        */s/ Sean A. O'Neal*
      New York, New York        Sean A. O'Neal
                                    Luke A. Barefoot
                                    Jane VanLare
                                    Thomas S. Kessler
                                    Andrew Weaver
                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                    One Liberty Plaza
                                    New York, New York 10006
                                    Telephone: (212) 225-2000
                                    Facsimile: (212) 225-3999

                                    *Counsel to the Debtors and*
                                    *Debtors-in-Possession*

**Proposed Hearing Date, Time: February 14, 2024 at 10:00 AM (Prevailing Eastern Time)**
**Proposed Objection Deadline: February 7, 2024 at 4:00 PM (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[2] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING**
**A SETTLEMENT AGREEMENT BETWEEN GENESIS GLOBAL**
**CAPITAL, LLC AND THE U.S. SECURITIES AND EXCHANGE COMMISSION**

---

[2]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

<u>**TABLE OF CONTENTS**</u>

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ................................................................................... 1

JURISDICTION AND VENUE ................................................................................... 3

BACKGROUND ........................................................................................................... 3

OVERVIEW OF THE SETTLEMENT AGREEMENT ............................................... 4

RELIEF REQUESTED ................................................................................................. 7

BASIS FOR RELIEF .................................................................................................... 7

A.    The Debtors Are Authorized Pursuant to Bankruptcy Rule 9019 to
Settle Claims ...................................................................................................... 8

B.    The Settlement Agreement Falls Well Within the Range of
Reasonableness ................................................................................................ 10

NOTICE ...................................................................................................................... 11

NO PRIOR REQUEST ............................................................................................... 11

CONCLUSION ........................................................................................................... 12

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Croton River Club, Inc. v. Half Moon Bay Homeowners Ass'n (In re Croton River Club, Inc.)*,
  52 F.3d 41 (2d Cir. 1995) ................................................................................. 7

*In re Drexel Burnham Lambert Grp., Inc.*,
  134 B.R. 499 (Bankr. S.D.N.Y. 1991) ............................................................ 8, 10

*In re Frost Bros., Inc.*,
  No. 91 Civ. 5244 (PNL), 1992 U.S. Dist. LEXIS 18301 (S.D.N.Y. Nov. 30, 1992) ... 9

*In re Neshaminy Off. Bldg. Assocs.*,
  62 B.R. 798 (E.D. Pa. 1986) ........................................................................... 8

*In re Purofied Down Prods. Corp.*,
  150 B.R. 519 (S.D.N.Y. 1993) .................................................................... 8, 9, 10

*In re W.T. Grant Co.*,
  699 F.2d 599 (2d Cir. 1983) ........................................................................... 9

*Momentum Mfg. Corp. v. Emp. Creditors Comm. (In re Momentum Mfg. Corp.)*,
  25 F.3d 1132 (2d Cir. 1994) ........................................................................... 7

*Nellis v. Shugrue*,
  165 B.R. 115 (S.D.N.Y. 1994) ......................................................................... 9

*U.S. v. Energy Res. Co.*,
  495 U.S. 545 (1990) ....................................................................................... 8

### Rules and Statutes

28 U.S.C. § 157 ............................................................................................... 3

28 U.S.C. § 1334 ............................................................................................. 3

28 U.S.C. § 1408 ............................................................................................. 3

28 U.S.C. § 1409 ............................................................................................. 3

**Page(s)**

11 U.S.C. § 105(a) ................................................................................................. 1, 7, 8

**Other Authorities**

Fed. R. Bankr. P. 9019 ............................................................................................ *passim*

Fed. R. Bankr. P. 1102 ............................................................................................ 4

Fed. R. Bankr. P. 1107 ............................................................................................ 3

Fed. R. Bankr. P. 1108 ............................................................................................ 3

Fed. R. Bankr. P. 1015 ............................................................................................ 4

Fed. R. Civ. P. 65 .................................................................................................... 5

Fed. R. Civ. P. 56 .................................................................................................... 7

2 Collier on Bankruptcy ¶ 105.01 (16th ed. 2023) ............................................... 8

Genesis Global Capital, LLC ("GGC") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases") hereby submit this Motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreement between GGC and the U.S. Securities Exchange and Commission (the "SEC"). In support of this Motion, the Debtors rely upon the *Declaration of Paul Aronzon in Support of Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between Genesis Global Capital, LLC and the U.S. Securities and Exchange Commission* (the "Aronzon Declaration"), filed contemporaneously herewith as **Exhibit B**, and respectfully state as follows:

## PRELIMINARY STATEMENT

1.      The Debtors seek approval of GGC's entry into a settlement agreement with the SEC, through entry into that certain Consent of Genesis Global Capital, LLC, attached hereto as **Exhibit C**, and that certain Final Judgment as to Defendant Genesis Global Capital, LLC, attached hereto as **Exhibit D** (collectively, the "Settlement Agreement"),[1] to resolve the civil action filed by the SEC against GGC in the United States District Court for the Southern District of New York, styled as *Securities and Exchange Commission v. Genesis Global Capital, LLC, et al.*, Case No. 23-cv-287 (ER) (S.D.N.Y.) (the "Civil Action"), as reflected in the proof of claim numbered 862 filed by the SEC in these Chapter 11 Cases (the "Civil Action Claim").[2]

---

[1]      Capitalized terms not defined herein shall have the meanings ascribed to them in the Settlement Agreement.

[2]      The SEC filed proofs of claim relating to both the Civil Action and an ongoing investigation (*see* Claim Nos. 861, 862, and 863). The attached Settlement Agreement relates only to the portion of Claim No. 862 involving the claims set forth in the Civil Action. Upon the District Court's entry of a Final Judgment, the SEC shall amend Claim

2.        In summary, the Settlement Agreement provides that the SEC shall receive an allowed general unsecured claim against GGC in the amount of $21 million (the "Allowed SEC Claim" or the "Allowed Claim") in full and complete satisfaction of the Civil Action Claim asserted against GGC, which Allowed Claim shall be subordinated to all other allowed administrative expenses, secured, priority, and general unsecured claims, as set forth in more detail in the Settlement Agreement and herein.[3]  The SEC's complaint in the Civil Action alleges that, between February 2021 and November 2022, GGC and Gemini Trust Company, LLC ("Gemini") engaged in an unregistered offer and sale of securities to U.S. retail investors as part of an investment opportunity called the Gemini Earn program, in violation of Sections 5(a) and 5(c) of the Securities Act of 1933.

3.        The Settlement Agreement is the product of extensive negotiations between the SEC and GGC.  The proposed settlement will, among other benefits to the Debtors' estates, resolve the Civil Action Claim filed by the SEC in these Chapter 11 Cases and eliminate the risks, expenses, and uncertainty associated with protracted litigation against the SEC.  Entry into the Settlement Agreement is an exercise of the sound business judgment of the Debtors and has been approved by the Special Committee of the Board of Directors of Holdco (the "Special Committee"), which, following consultation with the Debtors' legal and financial advisors, has concluded that the Settlement Agreement is in the best interests of the Debtors' estates and their creditors.

---

No. 862 to reflect the entry of the Final Judgment in the Civil Action.  The SEC's rights with respect to the investigation are not affected by the Settlement Agreement.

[3]        Any summary of the Settlement Agreement contained herein is solely for illustrative purposes and is qualified in its entirety by the actual terms and conditions of the Settlement Agreement.  To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Settlement Agreement, the actual terms and conditions of the Settlement Agreement shall control.

4.      Accordingly, and for all of the reasons set forth herein, the Debtors submit that entry into the Settlement Agreement is fair and equitable, reasonable, and in the best interests of the Debtors' estates.  The Debtors respectfully request that the Court grant the relief requested in this Motion, approve the Settlement Agreement, and enter the Proposed Order.

## JURISDICTION AND VENUE

5.      The United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" or the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019.

## BACKGROUND

6.      On January 12, 2023, the SEC filed a civil complaint (the "Complaint") against GGC and Gemini in the United States District Court for the Southern District of New York (the "District Court").  Complaint, *Securities and Exchange Commission v. Genesis Global Capital, LLC et al.*, No. 1:23-cv-00287-ER (S.D.N.Y. Jan. 12, 2023), ECF No. 1.  The SEC alleged that GGC and Gemini, through the Gemini Earn program, engaged in an unregistered offer and sale of securities to U.S. retail investors in violation of Sections 5(a) and 5(c) of the Securities Act  of 1933 (15 U.S.C. §§ 77e(a) and 77e(c)).  *Id.*  The Complaint sought permanent injunctive relief, disgorgement plus prejudgment interest, and civil penalties.  *Id.*

7.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the

3

Bankruptcy Code.  The Debtors' bankruptcy proceedings have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b).  *See Joint Administration Order* (ECF No. 37).  No trustee or examiner has been appointed in the Genesis Bankruptcy Proceedings.  The Official Committee of Unsecured Creditors for the Genesis Bankruptcy Proceedings (the "Committee") was appointed by the United States Trustee for Region 2 on February 3, 2023, pursuant to Section 1102(a) of the Bankruptcy Code.  *See Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

8.      On July 14, 2023, the SEC filed contingent and unliquidated claims against each of the Debtors in these Chapter 11 Cases, asserting certain claims including a monetary claim for disgorgement plus prejudgment interest and civil penalties in amounts to be determined in the appropriate forum, including the Civil Action.

9.      In November 2023, GGC and the SEC commenced settlement negotiations with respect to the SEC's Civil Action and the Civil Action Claim.

10.     After months of hard-fought negotiation, GGC and the SEC have reached a resolution of the Civil Action.  The Debtors, with the consent of the SEC, have now filed this Motion, seeking this Court's approval of the Settlement Agreement.  The Settlement Agreement will become effective upon entry of the Final Judgment by the District Court, following approval of this Court.

## OVERVIEW OF THE SETTLEMENT AGREEMENT

11.     The principal terms and conditions of the Settlement Agreement are generally as follows:

(a)     GGC is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(i)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(ii)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(iii)   Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

(b)     As provided in Federal Rule of Civil Procedure 65(d)(2), paragraph 11(a), *supra*, shall also bind the following who receive actual notice of the Final Judgment by personal service or otherwise:  (a) GGC's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with GGC as to the allegations and violations described in the Complaint or with anyone described in (a).

(c)     GGC is liable for a civil penalty in the amount of $21 million pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)].  Such civil penalty shall be treated as an allowed general unsecured claim of the SEC against GGC in the Chapter 11 Cases, which shall be paid as provided for in the confirmed chapter 11 plan in the Chapter 11 Cases (the "Chapter 11 Plan"), and shall, for the avoidance of doubt, receive distributions after payment in full of all other allowed administrative expenses, secured, priority, and general unsecured claims, consistent with the Consent and the Final Judgment.

(d)     In the event this Settlement Agreement is not approved by the Bankruptcy Court, whether pursuant to a motion or the Chapter 11 Plan, prior to entry of a non-appealable discharge order, the SEC may, at its sole discretion, petition the District Court for an order fixing the amount of disgorgement, pre-judgment interest, and/or civil penalty.  Payments of any amounts fixed by the District Court under the Final Judgment shall be treated in accordance with the Bankruptcy Code and the confirmed Chapter 11 Plan.  In connection with any such petition and at any hearing held on such a motion: (a) GGC will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) GGC may not challenge the validity of the Judgment, the Consent, or any related undertakings; (c) the allegations in the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the District Court; and (d) the District Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence without regard to the standard for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

(e)    The District Court shall retain jurisdiction of the Civil Action for the purposes of enforcing the terms of the Final Judgment.  In connection with any such petition and at any hearing held regarding such enforcement, (a) GGC will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) GGC may not challenge the validity of the Judgment, the Consent, or any related undertakings; (c) the allegations in the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the District Court; and (d) the District Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standard for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

## **RELIEF REQUESTED**

12.    By this Motion, the Debtors seek entry of an order substantially in the form attached hereto as **Exhibit A**, approving the Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules.

## **BASIS FOR RELIEF**

13.    Under section 105 of the Bankruptcy Code, the Court has broad discretion to "carry out the provisions of this title."  11 U.S.C. § 105(a); *see also Croton River Club, Inc. v. Half Moon Bay Homeowners Ass'n (In re Croton River Club, Inc.)*, 52 F.3d 41, 45 (2d Cir. 1995) (holding that bankruptcy courts have broad equity power to manage the affairs of debtors); *Momentum Mfg. Corp. v. Emp. Creditors Comm. (In re Momentum Mfg. Corp.)*, 25 F.3d 1132, 1136 (2d Cir. 1994)

("[B]ankruptcy courts are courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process.").

14.    The purpose of section 105(a) is "to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." 2 Collier on Bankruptcy ¶ 105.01 (16th ed. 2023). Such power conforms to the Court's inherent equitable authority. *See, e.g., U.S. v. Energy Res. Co*., 495 U.S. 545, 549 (1990). The relief requested herein is both necessary and appropriate to allow the Debtors to successfully administer these Chapter 11 Cases through resolving certain disputes and streamlining distributions to the benefit of their creditors. Accordingly, the Court may enter the Order.

**A.    The Debtors Are Authorized Pursuant to Bankruptcy Rule 9019 to Settle Claims**

15.    Bankruptcy Rule 9019 permits a debtor-in-possession to enter into compromises and settlements with the approval of the Bankruptcy Court. *See* Bankruptcy Rule 9019(a). In order to approve a compromise or a settlement under Bankruptcy Rule 9019(a), the bankruptcy court must find that the compromise or settlement is "in the best interests of the estate." *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 523 (S.D.N.Y. 1993) (citation omitted). In making this finding, the bankruptcy court should form an informed and independent judgment as to whether a proposed compromise is in the best interests of the debtor's estate. *Id.* The settlement need not result in the best possible outcome for the debtor, but must not "fall below the lowest point in the range of reasonableness." *In re Drexel Burnham Lambert Grp., Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (citation omitted).

16.    In determining whether a compromise or settlement should be approved under Bankruptcy Rule 9019(a), the bankruptcy court should not substitute its own judgment for that of the debtor. *See In re Neshaminy Off. Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986). In fact, the bankruptcy court may consider the opinions of the debtor-in-possession or the trustee that the

settlement is fair and reasonable. *See Nellis v. Shugrue*, 165 B.R. 115, 122–23 (S.D.N.Y. 1994).

Furthermore, the bankruptcy court need not conduct a "mini-trial" to decide the numerous issues

of law and fact raised by the settlement, but rather must "canvass the issues and see whether the

settlement 'fall[s] below the lowest point in the range of reasonableness.'" *Purofied Down Prods*.,

150 B.R. at 522 (citations omitted); *see also In re W.T. Grant Co*., 699 F.2d 599, 608 (2d Cir.

1983); *In re Frost Bros., Inc*., No. 91 Civ. 5244 (PNL), 1992 U.S. Dist. LEXIS 18301, at *16

(S.D.N.Y. Nov. 30, 1992); Memorandum Decision, *In re Genesis Global Holdco LLC*, Case No.

23-10063 (SHL) (Bankr. S.D.N.Y, October 6, 2023), ECF No. 781.  This requirement "reflect[s]

the considered judgment that little would be saved by the settlement process if bankruptcy courts

could approve settlements only after an exhaustive investigation and determination of the

underlying claims," *Purofied Down Prods*., 150 B.R. at 522–23, and the fact that settlements are

"favored and, in fact, encouraged" in bankruptcy.  *Nellis*, 165 B.R. at 123 (internal citation

omitted).

> 17.    Courts in this Circuit have set forth the following factors to be considered in
evaluating the reasonableness of settlement:

> (a)    the probability of success in litigation, with due consideration for the uncertainty in
> fact and law;

> (b)    the difficulties of collecting any litigated judgment;

> (c)    the complexity and likely duration of the litigation and any attendant expense,
> inconvenience, and delay;

> (d)    the proportion of creditors who do not object to, or who affirmatively support, the
> proposed settlement;

> (e)    the competence and experience of counsel who support the settlement;

(f)     the relative benefits to be received by members of any affected class;

(g)     the extent to which the settlement is truly the product of arm's-length bargaining and not the product of fraud or collusion; and

(h)     the debtor's informed judgment that the settlement is fair and reasonable.

*See Purofied Down Prods.*, 150 B.R. at 522; *Drexel Burnham*, 134 B.R. at 506.

**B.     The Settlement Agreement Falls Well Within the Range of Reasonableness**

18.     It is well within the range of reasonableness for GGC to enter into the Settlement Agreement, which is the result of good faith and arm's-length negotiations over the course of several months.  The Debtors, acting under the oversight of the Special Committee and following extensive consultation with the Debtors' advisors, have concluded that the Settlement Agreement is fair and equitable, reasonable and in the best interests of the Debtors' estates and, thus, should be approved.

19.     *First*, the Settlement Agreement will allow GGC to avoid extensive litigation costs that would be incurred in protracted and complex litigation against the SEC.  Aronzon Decl. ¶ 11. Any litigation would entail significant professional fees, including but not limited to potential discovery, preparation of experts, motion practice, trial and a post-trial remedies phase.  *Id.*  The Civil Action relates to the Gemini Earn program, which has since been terminated.  *Id.*  The Special Committee has concluded that it would not be in the best interests of the Debtors' estates to continue to incur litigation costs and expenses to defend against SEC litigation related to this terminated program.  *Id.*  Any such litigation would significantly distract the Debtors at a time when there are other priorities to maximize recoveries for creditors, including confirmation of the Chapter 11 Plan.  *Id.*

20.     *Second*, pursuant to the Settlement Agreement, the SEC has agreed to accept a civil penalty of $21 million from GGC, and has further agreed that it will receive distributions only

after payment in full of all other allowed administrative expenses, secured, priority, and general unsecured claims. *Id.* ¶ 10. That is, the SEC has agreed to receive payment under the Settlement Agreement if and only if all general unsecured creditors of GGC are made whole. *Id.* Relatedly, the amount of the Allowed Claim is reasonable in comparison to the potential risk of an adverse judgment following litigation of the Civil Action, which could result in civil penalties, disgorgement, and pre-judgment interest far in excess of $21 million. *Id.*

21.    *Third*, the Settlement Agreement is the product of arm's-length negotiations between the SEC and the Debtors. After months of hard-fought negotiations, GGC and the SEC reached a resolution, as reflected in the Settlement Agreement. *Id.* ¶ 7.

22.    Accordingly, the Debtors submit that the settlement and compromise embodied in the Settlement Agreement is appropriate in light of the relevant factors, is fair and equitable and should be approved.

## NOTICE

23.    The Debtors have provided notice of this Motion in accordance with the procedures set forth in the Case Management Order. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

24.    No prior motion for the relief requested herein has been made to this or any other court.

*[The remainder of this page is left blank intentionally]*

11

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this

Court (a) enter an order, substantially in the form attached hereto as **Exhibit A** and (b) grant such

other and further relief as is just and proper.

Dated:   January 31, 2024
            New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and
Debtors-in-Possession*

**Exhibit A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER APPROVING**
**A SETTLEMENT AGREEMENT BETWEEN GENESIS GLOBAL**
**CAPITAL, LLC AND THE U.S. SECURITIES AND EXCHANGE COMMISSION**

Upon the motion (the "Motion") of Genesis Global Capital, LLC ("GGC") and its

affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors") for entry of an order (this "Order") approving the Settlement Agreement[2] pursuant to

section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules; and upon the

*Declaration of Paul Aronzon in Support of Debtors' Motion for Entry of an Order Approving a*

*Settlement Agreement Between Genesis Global Capital, LLC and the U.S. Securities and Exchange*

*Commission* (the "Aronzon Declaration") attached to the Motion as **Exhibit B**; and the Court

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the Southern District of

New York dated January 31, 2012; and the Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article

III of the United States Constitution; and the Court having found that venue of this proceeding and

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1]       The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]       Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      The Debtors have demonstrated sound business judgment for entering into the Settlement Agreement.

2.      The terms of the Settlement Agreement evidence good faith, arm's-length negotiations, are fair, and are in the best interest of the Debtors' estates, including their creditors and other stakeholders.

3.      The settlement is plainly within the range of reasonableness and in the best interests of the Debtors and their estates and the creditors in this case

4.      Based on the record before the Court, the Debtors have demonstrated good and sufficient basis for the Court to approve the Motion.

**IT IS THEREFORE ORDERED THAT:**

5.      The Motion is GRANTED to the extent set forth herein.

6.      The settlement is approved and authorized and GGC is authorized to perform in accordance with the terms of the Settlement Agreement.

7.      The provisions of the Settlement Agreement are incorporated herein by reference and shall be effective and binding as though fully set forth herein.  To the extent that there is any conflict between this Order and the actual terms and conditions of the Settlement Agreement, the actual terms and conditions of the Settlement Agreement shall control.

8.      As set forth in the Settlement Agreement, the Allowed SEC Claim against GGC is hereby ALLOWED in the amount of $21 million.  The Allowed SEC Claim shall receive distributions after payment in full of all other allowed administrative expenses, secured, priority, and general unsecured claims.

9.      Upon the District Court's entry of the Final Judgment, Claim No. 862 shall be amended to reflect entry of the Final Judgment in, and settlement of all claims relating to, the Civil Action.  The SEC's claims as they relate to the separate investigation are unaffected by this Order.

10.      GGC is authorized to enter into the Settlement Agreement and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions that may be reasonably necessary or appropriate to implement the agreements, and perform all obligations contemplated thereunder.

11.      This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding.

12.      The terms and provisions of this Order shall be immediately effective and enforceable upon its entry.  The effectiveness of this Order shall not be stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise.

13.     The Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

14.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.


Dated: _____, 2024
      White Plains, New York

 

                                             _____
                                             The Honorable Sean H. Lane
                                             United States Bankruptcy Judge

**Exhibit B**

**Aronzon Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, et al.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF PAUL ARONZON IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN GENESIS GLOBAL CAPITAL, LLC AND THE U.S. SECURITIES AND EXCHANGE COMMISSION

I, Paul Aronzon, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1.      I submit this declaration (the "Declaration") [2] in support of the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between Genesis Global Capital, LLC and the U.S. Securities and Exchange Commission* (the "Motion"),  filed concurrently with this Declaration.

### BACKGROUND

2.      I am a member of the Special Committee of the Board of Directors (the "Special Committee") of Genesis Global Holdco, LLC ("Holdco," and together with Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd., the "Debtors," and together with the Debtors and Holdco's non-Debtor subsidiaries, the "Company").  I was appointed to Holdco's Board of Directors and the Special Committee on November 18, 2022.  I have over 40 years of experience as lead advisor in corporate reorganizations, including extensive experience advising

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

companies, boards and board committees, independent directors, sponsors, debtors, creditors, parties acquiring debt, assets or companies and other parties in corporate transactions.

3.      Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge attained while working with the Debtors; my discussions with members of the Special Committee of the Board of Directors of Holdco; discussions with other members of the Debtors' team and the Debtors' other advisors; my review of relevant documents; and my views based upon my professional experience.

4.      To the extent that the Debtors learn that any information provided herein is materially inaccurate, the Debtors will act promptly to notify the Court and other parties; however, I believe all information herein to be true to the best of my knowledge, information and belief. I am authorized to submit this Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein

A.      **The Settlement Process**

5.      GGC and the SEC (together, the "Parties") commenced negotiations to explore the possibility of a settlement agreement in November 2023 to resolve the civil action that the SEC filed against GGC in the United States District Court for the Southern District of New York (the "Civil Action"), as reflected in the proof of claim numbered 862 filed by the SEC in these Chapter 11 Cases (the "Civil Action Claim").

6.      Settlement negotiations were primarily handled on behalf of GGC by the Debtors' counsel Morrison Cohen LLP and Cleary Gottlieb Steen & Hamilton LLP, who regularly consulted with the Special Committee as well as the Company's senior management, and kept us updated about the process and progress of negotiations.

7.      After months of hard-fought negotiations between the SEC and the Debtors' counsel, the Parties reached an agreement on the terms of settlement pertaining to the Civil Action

and the Civil Action Claim.  In this case, weighing the reasonableness factors for purposes of Bankruptcy Rule 9019, the Debtors, acting under the oversight of their independent Special Committee and their advisors, have concluded that the Settlement Agreement is fair and equitable, reasonable and in the best interests of the Debtors' estates and, thus, should be approved.

**B.**    **The Settlement Agreement**

8.    The terms of the Settlement Agreement provide significant and near-term benefits to the Debtors and their creditors, in contrast to the uncertainty and expense of litigation of the Civil Action and the Civil Action Claim.

9.    The Settlement Agreement provides that the SEC shall receive an allowed general unsecured claim against GGC in the amount of $21 million (the "Allowed SEC Claim" or the "Allowed Claim") in full and complete satisfaction of the Civil Action Claim asserted against GGC, which Allowed Claim shall be subordinated to all other allowed administrative expenses, secured, priority, and general unsecured claims, as set forth in more detail in the Settlement Agreement.

10.    Pursuant to the Settlement Agreement, the SEC has agreed to accept a civil penalty of $21 million from GGC, and has further agreed that it will receive distributions only after payment in full of all other allowed administrative expenses, secured, priority, and general unsecured claims.  That is, the SEC has agreed to receive payment under the Settlement Agreement if and only if all general unsecured creditors of GGC are made whole.  Relatedly, the amount of the Allowed Claim is reasonable in comparison to the potential risk of an adverse judgment following litigation of the Civil Action, which could result in civil penalties, disgorgement, and pre-judgment interest far in excess of $21 million.

11.    The Settlement Agreement will allow GGC to avoid extensive litigation costs that would be incurred in protracted and complex litigation against the SEC.  Any litigation would

entail significant professional fees, including but not limited to potential discovery, preparation of experts, motion practice, trial and a post-trial remedies phase. The Civil Action relates to the Gemini Earn program, which has since been terminated. The Special Committee has concluded that it would not be in the best interests of the Debtors' estates to continue to incur litigation costs and expenses to defend against SEC litigation related to this terminated program. Any such litigation would significantly distract the Debtors at a time where there are other priorities to maximize recoveries for creditors, including confirmation of the Chapter 11 Plan.

12.    If approved, the Settlement Agreement would fully and finally resolve the Civil Action and the Civil Action Claim, permitting the Debtors and their advisors to focus resources and attention on other claims, confirmation of the Plan and on beginning to make distributions to creditors.

13.    The Settlement Agreement is fair and equitable, reasonable and in the best interests of the Debtors' estates.

*** 

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 31, 2024
New York, New York

_/s/ Paul Aronzon_____
Paul Aronzon
Member of the Special Committee of the
Board of Directors
Genesis Global Holdco, LLC

## **EXHIBIT C**

**Consent of Genesis Global Capital, LLC**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| SECURITIES AND EXCHANGE COMMISSION, |
| Plaintiff, |
| v. |
| GENESIS GLOBAL CAPITAL, LLC and GEMINI TRUST COMPANY, LLC, |
| Defendants. |

Case No. 23-cv-287 (ER)

## CONSENT OF GENESIS GLOBAL CAPITAL, LLC

1.    Defendant Genesis Global Capital, LLC ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraphs 3 and 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)    permanently restrains and enjoins Defendant from violation of Section 5 of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77e] as set forth in the Final Judgment; and

(b)    orders Defendant to pay a civil penalty in the amount of $21 million under Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] (the "SEC Claim"). Such civil penalty shall be payable as provided for in the

1

confirmed Chapter 11 Plan in the Bankruptcy Case captioned *In re:*

*Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) (Bankr.

S.D.N.Y.) (the "Bankruptcy Case"), as set forth in paragraph 3.

3.     Defendant agrees to seek approval of the Chapter 11 Plan which provides, in such

plan or the corresponding confirmation order, that such civil penalty shall be treated as an

allowed general unsecured claim of the Commission against the Defendant in the Bankruptcy

Case, in the amount of $21 million, which shall be paid after payment in full of all other allowed

administrative expense, secured, priority, and general unsecured claims. To the extent such

classes are paid in full, the Commission shall receive distributions from Defendant as a general

unsecured claim on account of the SEC Claim.

In the event this settlement agreement is not approved by the court in the Bankruptcy

Case, whether pursuant to a motion or a Chapter 11 plan, prior to entry of a nonappealable

discharge order, the Commission may, at its sole discretion, petition the Court for an order fixing

the amount of disgorgement, pre-judgment interest, and/or civil penalty.  Payments of any

amounts fixed by this Court under this provision shall be treated in accordance with the

Bankruptcy Code and the confirmed Chapter 11 Plan.  In connection with any such petition and

at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did

not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not

challenge the validity of the Final Judgment, this Consent, or any related undertakings; (c) the

allegations in the Complaint, solely for the purposes of such motion, shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence without regard to the standard for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take

discovery, including discovery from appropriate non-parties.

4.    Defendant acknowledges that any amounts of the civil penalty paid pursuant to

the Final Judgment and the confirmed Chapter 11 plan may be distributed pursuant to the Fair

Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. If the court in any Related

Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after

entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action

and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the

Commission directs. Such a payment shall not be deemed an additional civil penalty and shall

not be deemed to change the amount of the civil penalty imposed in this action. For purposes of

this paragraph, a "Related Investor Action" means a private damages action brought against

Defendant by or on behalf of one or more investors based on substantially the same facts as

alleged in the Complaint in this action.

5.    Defendant agrees that it shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors. Defendant further

agrees that it, shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

6.    Defendant waives the entry of findings of fact and conclusions of law pursuant to

3

Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

10.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

12.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

13.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches

this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.    Defendant agrees that the terms of the settlement reflected in this Consent and in the Judgment are subject to approval by the Bankruptcy Court in the Bankruptcy Case, and the SEC Claim shall be treated as set forth in paragraph 3, *supra*, under any Plan filed by Defendant in the Bankruptcy Case.

17.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: *January 24, 2024*

Genesis Global Capital, LLC

By: _____
Arianna Pretto-Sakmann
Chief Legal Officer
175 Greenwich Street, 38th Floor
New York, NY 10007

On *Jan. 24*, 2024, *Arianna Pretto-Sakm* a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of *GGC, LLC* as its *Chief Legal Officer*

_____
Notary Public  *ELIZABETH A. REINA*
Commission expires: *10/19/2025*

**ELIZABETH A. REINA**
**Notary Public, State of New York**
**No. 01RE4908980**
**Qualified in Richmond County**
**Certificate on File in New York County**
**Commission Expires October 19, 2025**

Approved as to form:

_____
Jason Gottlieb
MORRISON COHEN LLP
909 Third Avenue
New York, NY 10022
Tel: (212) 735-8600
jgottlieb@morrisoncohen.com

Attorney for Defendant

7

## <u>EXHIBIT D</u>

**Final Judgment as to Defendant Genesis
Global Capital, LLC**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 23-cv-287 (ER) |
| GENESIS GLOBAL CAPITAL, LLC and GEMINI TRUST COMPANY, LLC, | |
| Defendants. | |

---

**FINAL JUDGMENT AS TO DEFENDANT GENESIS GLOBAL CAPITAL, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendant

Genesis Global Capital, LLC having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction and except as otherwise provided herein in paragraph IV); waived findings of fact

and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act

of 1933 ("Securities Act") [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

> (a)     Unless a registration statement is in effect as to a security, making use of any
>
> means or instruments of transportation or communication in interstate commerce
>
> or of the mails to sell such security through the use or medium of any prospectus

or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to

be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant as to the allegations and violations described in the complaint or

with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable

for a civil penalty in the amount of $21 million pursuant to Section 20(d) of the Securities Act

[15 U.S.C. § 77t(d)] (the "SEC Claim").  Such civil penalty shall be treated as an allowed

general unsecured claim of the Commission against the Defenndant in the Bankruptcy Case *In

re: Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) (Bankr. S.D.N.Y.) ("Bankruptcy

2

Case"), which shall be paid as provided for in the confirmed Chapter 11 Plan in the Bankrutpcy

Case, and shall, for the avoidance of doubt, receive distributions after payment in full of all other

allowed administrative expenses, secured, priority, and general unsecured claims, consistent with

the Consent and this Final Judgment.

In the event this settlement agreement is not approved by the court in the Bankruptcy

Case, whether pursuant to a motion or the Chapter 11 Plan, prior to entry of a nonappealable

discharge order, the Commission may, at its sole discretion, petition the Court for an order fixing

the amount of disgorgement, pre-judgment interest, and/or civil penalty.  Payments of any

amounts fixed by this Court under this Final Judgment shall be treated in accordance with the

Bankruptcy Code and the confirmed Chapter 11 Plan.  In connection with any such petition and

at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did

not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not

challenge the validity of the Judgment, the Consent, or any related undertakings; (c) the

allegations in the Complaint, solely for the purposes of such motion, shall be accepted as and

deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the

basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence without regard to the standard for summary judgment contained in Rule

56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take

discovery, including discovery from appropriate non-parties.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Genesis Global Capital, LLC as a defendant in this action; and specifying that

payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission shall hold the funds, together with any interest and income earned

thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's

approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund

provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain

jurisdiction over the administration of any distribution of the Fund and the Fund may only be

disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be

paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the

government for all purposes, including all tax purposes.  To preserve the deterrent effect of the

civil penalty, Defendant shall not, after offset or reduction of any award of compensatory

damages in any Related Investor Action based on Defendant's payment of disgorgement in this

action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.  In connection with any such petition and at any hearing held regarding such enforcement, (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Judgment, the Consent, or any related undertakings; (c) the allegations in the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standard for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE