# **EXHIBIT 1**

*See* Claim Number 4506,
available at https://restructuring.ra.kroll.com/FTX/Home-ClaimInfo

FTX Non Customer Proof of Claim Form

# FTX Non Customer Proof of Claim Form

## Electronic Proof of Claim ID

If you have an EPOC ID please enter it below and select next to proceed with your claim submission.  EPOC IDs can be located on the pre-printed proof of claim forms sent via first-class mail.

EPOC ID

EPOC IDs are not required to submit a claim.  If you cannot locate your EPOC ID or do not have an EPOC ID, please select next to continue with your claim submission.

## Instructions

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

☐ Check here to see further instructions on completing your claim form:

FTX Non Customer Proof of Claim Form

## Debtor Selection

**Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):**

○ FTX Trading Ltd. (Case No. 22-11068)
○ Alameda Aus Pty Ltd (Case No. 22-11104)
○ Alameda Global Services Ltd. (Case No. 22-11134)
○ Alameda Research (Bahamas) Ltd (Case No. 22-11105)
○ Alameda Research Holdings Inc. (Case No. 22-11069)
○ Alameda Research KK (Case No. 22-11106)
⊙ Alameda Research LLC (Case No. 22-11066)
○ Alameda Research Ltd (Case No. 22-11067)
○ Alameda Research Pte Ltd (Case No. 22-11107)
○ Alameda Research Yankari Ltd (Case No. 22-11108)
○ Alameda TR Ltd (Case No. 22-11078)
○ Alameda TR Systems S. de R. L. (Case No. 22-11109)
○ Allston Way Ltd (Case No. 22-11079)
○ Analisya Pte Ltd (Case No. 22-11080)
○ Atlantis Technology Ltd. (Case No. 22-11081)
○ Bancroft Way Ltd (Case No. 22-11082)
○ Blockfolio, Inc. (Case No. 22-11110)
○ Blue Ridge Ltd (Case No. 22-11083)
○ Cardinal Ventures Ltd (Case No. 22-11084)
○ Cedar Bay Ltd (Case No. 22-11085)
○ Cedar Grove Technology Services, Ltd. (Case No. 22-11162)
○ Clifton Bay Investments LLC (Case No. 22-11070)
○ Clifton Bay Investments Ltd (Case No. 22-11111)
○ Cottonwood Grove Ltd (Case No. 22-11112)
○ Cottonwood Technologies Ltd (Case No. 22-11136)
○ Crypto Bahamas LLC (Case No. 22-11113)
○ DAAG Trading, DMCC (Case No. 22-11163)
○ Deck Technologies Holdings LLC (Case No. 22-11138)
○ Deck Technologies Inc. (Case No. 22-11139)
○ Deep Creek Ltd (Case No. 22-11114)
○ Digital Custody Inc. (Case No. 22-11115)
○ Euclid Way Ltd (Case No. 22-11141)
○ FTX (Gibraltar) Ltd (Case No. 22-11116)
○ FTX Canada Inc (Case No. 22-11117)
○ FTX Certificates GmbH (Case No. 22-11164)
○ FTX Crypto Services Ltd. (Case No. 22-11165)
○ FTX Digital Assets LLC (Case No. 22-11143)
○ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118)
○ FTX EMEA Ltd. (Case No. 22-11145)
○ FTX Equity Record Holdings Ltd (Case No. 22-11099)
○ FTX EU Ltd. (Case No. 22-11166)
○ FTX Europe AG (Case No. 22-11075)
○ FTX Exchange FZE (Case No. 22-11100)
○ FTX Hong Kong Ltd (Case No. 22-11101)
○ FTX Japan Holdings K.K. (Case No. 22-11074)
○ FTX Japan K.K. (Case No. 22-11102)
○ FTX Japan Services KK (Case No. 22-11103)
○ FTX Lend Inc. (Case No. 22-11167)
○ FTX Marketplace, Inc. (Case No. 22-11168)
○ FTX Products (Singapore) Pte Ltd (Case No. 22-11119)
○ FTX Property Holdings Ltd (Case No. 22-11076)
○ FTX Services Solutions Ltd. (Case No. 22-11120)
○ FTX Structured Products AG (Case No. 22-11122)
○ FTX Switzerland GmbH (Case No. 22-11169)
○ FTX Trading GmbH (Case No. 22-11123)
○ FTX US Services, Inc. (Case No. 22-11171)
○ FTX US Trading, Inc. (Case No. 22-11149)
○ FTX Ventures Ltd. (Case No. 22-11172)
○ FTX Zuma Ltd (Case No. 22-11124)
○ GG Trading Terminal Ltd (Case No. 22-11173)
○ Global Compass Dynamics Ltd. (Case No. 22-11125)
○ Good Luck Games, LLC (Case No. 22-11174)
○ Goodman Investments Ltd. (Case No. 22-11126)

○ Hannam Group Inc (Case No. 22-11175)
○ Hawaii Digital Assets Inc. (Case No. 22-11127)
○ Hilltop Technology Services LLC (Case No. 22-11176)
○ Hive Empire Trading Pty Ltd (Case No. 22-11150)
○ Innovatia Ltd (Case No. 22-11128)
○ Island Bay Ventures Inc (Case No. 22-11129)
○ Killarney Lake Investments Ltd (Case No. 22-11131)
○ Ledger Holdings Inc. (Case No. 22-11073)
○ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177)
○ LedgerPrime Bitcoin Yield Enhancement Master Fund, LP (Case No. 22-11155)
○ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156)
○ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157)
○ LedgerPrime LLC (Case No. 22-11158)
○ LedgerPrime Ventures, LP (Case No. 22-11159)
○ Liquid Financial USA Inc. (Case No. 22-11151)
○ Liquid Securities Singapore Pte Ltd (Case No. 22-11086)
○ LiquidEX LLC (Case No. 22-11152)
○ LT Baskets Ltd. (Case No. 22-11077)
○ Maclaurin Investments Ltd. (Case No. 22-11087)
○ Mangrove Cay Ltd (Case No. 22-11088)
○ North Dimension Inc (Case No. 22-11153)
○ North Dimension Ltd (Case No. 22-11160)
○ North Wireless Dimension Inc. (Case No. 22-11154)
○ Paper Bird Inc (Case No. 22-11089)
○ Pioneer Street Inc. (Case No. 22-11090)
○ Quoine India Pte Ltd (Case No. 22-11091)
○ Quoine Pte Ltd (Case No. 22-11161)
○ Quoine Vietnam Co. Ltd (Case No. 22-11092)
○ Strategy Ark Collective Ltd. (Case No. 22-11094)
○ Technology Services Bahamas Limited (Case No. 22-11095)
○ Verdant Canyon Capital LLC (Case No. 22-11096)
○ West Innovative Barista Ltd. (Case No. 22-11097)
○ West Realm Shires Financial Services Inc. (Case No. 22-11072)
○ West Realm Shires Inc. (Case No. 22-11183)
○ West Realm Shires Services Inc. (Case No. 22-11071)
○ Western Concord Enterprises Ltd. (Case No. 22-11098)
○ Zubr Exchange Ltd (Case No. 22-11132)

## Part 1: Identify the Claim

**1. Who is the current Creditor?**
Name of the current creditor (the person or entity to be paid for this claim)

Is the current Creditor an Individual?
⦿ No
○ Yes

Creditor Name

Genesis Global Capital, LLC

Other names the creditor used with the debtor

Email the creditor used with the debtor

**2. Has this claim been acquired from someone else?**
⦿ No
○ Yes

From whom?

**3. Where should notices and payments to the Creditor be sent?**

[Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)]

**Where should notices to the Creditor be sent?**

Name:

Genesis Global Capital, LLC

Address 1 (Street address, "Care of:", or "Attention To:"):

250 Park Avenue South, 5th Floor

Address 2:

Address 3:

Address 4:

City:

New York

State or Province (use 2-letter abbreviation if US or Canada):

NY

Zip Code | Postal Code:

10003

**Is the creditor address outside of the US?**

◉ No
○ Yes

Contact phone:

212-668-6686

Contact email:

asullivan@genesistrading.com

**Should payments go to a different address?**

◉ No
○ Yes

**Would you like to add any additional noticing addresses?**

◉ No
○ Yes

**4. Does this claim amend one already filed?**

◉ No
○ Yes

Claim number on court claims registry (if known)

**5. Do you know if anyone else has filed a Proof of Claim for this claim?**

◉ No
○ Yes

Who made the earlier filing?

FTX Non Customer Proof of Claim Form

## Part 2a: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**

◉ No
○ Yes

Last 4 digits of the debtor's account or any number you use to identify the debtor:

[                                                                              ]

### If filing a claim for cryptocurrency, please fill in 7b.

**7a. How much is the claim?**

[ $       ] [ See attached                                                    ]

Does this amount include interest or other charges?

○ No
◉ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide:**

(i) the currency type:

[                                                                              ]

(ii) the amount in such currency

[                                                                              ]

(iii) a conversion rate to U.S. dollars

[                                                                              ]

**7b. List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

Please use only numerals and decimals in the Count fields, up to a maximum of 21 digits or 20 digits and 1 decimal.

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| [        ] | [        ] | [        ] | [        ] |
| [        ] | [        ] | [        ] | [        ] |
| [        ] | [        ] | [        ] | [        ] |

## Part 2b: Give Information About the Claim as of the Date the Case Was Filed

**8. What is the basis of the claim?**

[ See attached                                                               ]

**9. Is all or part of the claim secured?**

◉ No
○ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate

☐ Motor vehicle

☐ Other

Describe:

[                                                                              ]

**Basis for perfection:**

[                                                                              ]

FTX Non Customer Proof of Claim Form

**Value of property (all amounts in US $ dollars):**

**Amount of the claim that is secured (all amounts in US $ dollars):**

**Amount of the claim that is unsecured (all amounts in US $ dollars):**

**Amount necessary to cure any default as of the date of the petition (all amounts in US $ dollars):**

Annual Interest Rate (when case was filed) % -

○ Fixed
○ Variable

Annual Interest Rate (when case was filed) %:

**10. Is this claim based on a lease?**

◉ No
○ Yes

**Amount necessary to cure any default as of the date of the petition (all amounts in US $ dollars).**

**11. Is this claim subject to a right of setoff?**

◉ No
○ Yes

Identify the property.

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

◉ No
○ Yes

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

◉ No
○ Yes.

**Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions above on what further information is required.**

## Part 3: Electronic Signature

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**

**18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

- ⦿ I am the creditor.
- ○ I am the creditor's attorney or authorized agent.
- ○ I am the trustee, or the Debtor, or their authorized agent. Bankruptcy Rule 3004.
- ○ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

## Executed on date (Calculated in UTC)

| 06/30/2023 |

Signature



I certify that I have completed my Proof of Claim form on the Kroll Restructuring Administration Portal. I hereby agree that my electronic signature herein complies with the ESIGN Act, and accordingly shall have the same legal effect as my original signature.

☑ I agree

**Name of the person who is completing and signing this claim:**

First Name/Middle Name/Last Name:

| Andrew Sullivan |

Title/Company:

| Authorized Signatory, Genesis Global Capital, LLC |

FTX Non Customer Proof of Claim Form

Address 1:

250 Park Avenue South, 5th Floor

Address 2:

City:

New York

State or Province (use 2-letter abbreviation if US or Canada):

NY

Zip Code | Postal Code:

10003

Is this address outside of the US?

◉ No
○ Yes

Contact phone:

212-668-6686

Contact email:

asullivan@genesistrading.com

## Supporting Documentation

**Attach Support Documentation (limited to a single PDF attachment that is less than 5 megabytes in size):**

◉ I have supporting documentation
○ I do not have supporting documentation

**Attach a single PDF attachment that is less than 5 megabytes in size**

| | |
|---|---|
| 📄 POC_-_GGC_LLC_-_Alameda_Research_LLC.pdf | 666 KB |

**Attachment Filename**

POC_-_GGC_LLC_-_Alameda_Research_LLC.pdf

**United States Bankruptcy Court, District of Delaware**

## Check the box to identify the Debtor against whom you assert a claim (select only one Debtor per claim form):

| | | | |
|---|---|---|---|
| ☐ FTX Trading Ltd. (Case No. 22-11068) | ☐ Alameda Aus Pty Ltd (Case No. 22-11104) | ☐ Alameda Global Services Ltd. (Case No. 22-11134) | ☐ Alameda Research (Bahamas) Ltd (Case No. 22-11105) |
| ☐ Alameda Research Holdings Inc. (Case No. 22-11069) | ☐ Alameda Research KK (Case No. 22-11106) | ☑ Alameda Research LLC (Case No. 22-11066) | ☐ Alameda Research Ltd (Case No. 22-11067) |
| ☐ Alameda Research Pte Ltd (Case No. 22-11107) | ☐ Alameda Research Yankari Ltd (Case No. 22-11108) | ☐ Alameda TR Ltd (Case No. 22-11078) | ☐ Alameda TR Systems S. de R. L. (Case No. 22-11109) |
| ☐ Allston Way Ltd (Case No. 22-11079) | ☐ Analisya Pte Ltd (Case No. 22-11080) | ☐ Atlantis Technology Ltd. (Case No. 22-11081) | ☐ Bancroft Way Ltd (Case No. 22-11082) |
| ☐ Blockfolio, Inc. (Case No. 22-11110) | ☐ Blue Ridge Ltd (Case No. 22-11083) | ☐ Cardinal Ventures Ltd (Case No. 22-11084) | ☐ Cedar Bay Ltd (Case No. 22-11085) |
| ☐ Cedar Grove Technology Services, Ltd. (Case No. 22-11162) | ☐ Clifton Bay Investments LLC (Case No. 22-11070) | ☐ Clifton Bay Investments Ltd (Case No. 22-11111) | ☐ Cottonwood Grove Ltd (Case No. 22-11112) |
| ☐ Cottonwood Technologies Ltd (Case No. 22-11136) | ☐ Crypto Bahamas LLC (Case No. 22-11113) | ☐ DAAG Trading, DMCC (Case No. 22-11163) | ☐ Deck Technologies Holdings LLC (Case No. 22-11138) |
| ☐ Deck Technologies Inc. (Case No. 22-11139) | ☐ Deep Creek Ltd (Case No. 22-11114) | ☐ Digital Custody Inc. (Case No. 22-11115) | ☐ Euclid Way Ltd (Case No. 22-11141) |
| ☐ FTX (Gibraltar) Ltd (Case No. 22-11116) | ☐ FTX Canada Inc (Case No. 22-11117) | ☐ FTX Certificates GmbH (Case No. 22-11164) | ☐ FTX Crypto Services Ltd. (Case No. 22-11165) |
| ☐ FTX Digital Assets LLC (Case No. 22-11143) | ☐ FTX Digital Holdings (Singapore) Pte Ltd (Case No. 22-11118) | ☐ FTX EMEA Ltd. (Case No. 22-11145) | ☐ FTX Equity Record Holdings Ltd (Case No. 22-11099) |
| ☐ FTX EU Ltd. (Case No. 22-11166) | ☐ FTX Europe AG (Case No. 22-11075) | ☐ FTX Exchange FZE (Case No. 22-11100) | ☐ FTX Hong Kong Ltd (Case No. 22-11101) |
| ☐ FTX Japan Holdings K.K. (Case No. 22-11074) | ☐ FTX Japan K.K. (Case No. 22-11102) | ☐ FTX Japan Services KK (Case No. 22-11103) | ☐ FTX Lend Inc. (Case No. 22-11167) |
| ☐ FTX Marketplace, Inc. (Case No. 22-11168) | ☐ FTX Products (Singapore) Pte Ltd (Case No. 22-11119) | ☐ FTX Property Holdings Ltd (Case No. 22-11076) | ☐ FTX Services Solutions Ltd. (Case No. 22-11120) |
| ☐ FTX Structured Products AG (Case No. 22-11122) | ☐ FTX Switzerland GmbH (Case No. 22-11169) | ☐ FTX Trading GmbH (Case No. 22-11123) | ☐ FTX US Services, Inc. (Case No. 22-11171) |
| ☐ FTX US Trading, Inc. (Case No. 22-11149) | ☐ FTX Ventures Ltd. (Case No. 22-11172) | ☐ FTX Zuma Ltd (Case No. 22-11124) | ☐ GG Trading Terminal Ltd (Case No. 22-11173) |
| ☐ Global Compass Dynamics Ltd. (Case No. 22-11125) | ☐ Good Luck Games, LLC (Case No. 22-11174) | ☐ Goodman Investments Ltd. (Case No. 22-11126) | ☐ Hannam Group Inc (Case No. 22-11175) |
| ☐ Hawaii Digital Assets Inc. (Case No. 22-11127) | ☐ Hilltop Technology Services LLC (Case No. 22-11176) | ☐ Hive Empire Trading Pty Ltd (Case No. 22-11150) | ☐ Innovatia Ltd (Case No. 22-11128) |
| ☐ Island Bay Ventures Inc (Case No. 22-11129) | ☐ Killarney Lake Investments Ltd (Case No. 22-11131) | ☐ Ledger Holdings Inc. (Case No. 22-11073) | ☐ LedgerPrime Bitcoin Yield Enhancement Fund, LLC (Case No. 22-11177) |
| ☐ LedgerPrime Bitcoin Yield Enhancement Master Fund, LP (Case No. 22-11155) | ☐ LedgerPrime Digital Asset Opportunities Fund, LLC (Case No. 22-11156) | ☐ LedgerPrime Digital Asset Opportunities Master Fund LP (Case No. 22-11157) | ☐ LedgerPrime LLC (Case No. 22-11158) |
| ☐ LedgerPrime Ventures, LP (Case No. 22-11159) | ☐ Liquid Financial USA Inc. (Case No. 22-11151) | ☐ Liquid Securities Singapore Pte Ltd (Case No. 22-11086) | ☐ LiquidEX LLC (Case No. 22-11152) |
| ☐ LT Baskets Ltd. (Case No. 22-11077) | ☐ Maclaurin Investments Ltd. (Case No. 22-11087) | ☐ Mangrove Cay Ltd (Case No. 22-11088) | ☐ North Dimension Inc (Case No. 22-11153) |
| ☐ North Dimension Ltd (Case No. 22-11160) | ☐ North Wireless Dimension Inc. (Case No. 22-11154) | ☐ Paper Bird Inc (Case No. 22-11089) | ☐ Pioneer Street Inc. (Case No. 22-11090) |
| ☐ Quoine India Pte Ltd (Case No. 22-11091) | ☐ Quoine Pte Ltd (Case No. 22-11161) | ☐ Quoine Vietnam Co. Ltd (Case No. 22-11092) | ☐ Strategy Ark Collective Ltd. (Case No. 22-11094) |
| ☐ Technology Services Bahamas Limited (Case No. 22-11095) | ☐ Verdant Canyon Capital LLC (Case No. 22-11096) | ☐ West Innovative Barista Ltd. (Case No. 22-11097) | ☐ West Realm Shires Financial Services Inc. (Case No. 22-11072) |
| ☐ West Realm Shires Inc. (Case No. 22-11183) | ☐ West Realm Shires Services Inc. (Case No. 22-11071) | ☐ Western Concord Enterprises Ltd. (Case No. 22-11098) | ☐ Zubr Exchange Ltd (Case No. 22-11132) |

**Proof of Claim**

Modified Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense, other than a claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**This claim form should not be used to assert claims against Emergent Fidelity Technologies Ltd.**

**Fill in all the information about the claim as of November 14, 2022 for Debtor West Realm Shires Inc. and as of November 11, 2022 for all other Debtors.**

## Part 1:   Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | Genesis Global Capital LLC <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ <br><br> Email(s) the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☒ No <br> ☐ Yes. From whom? _____ |
| 3. **Where should notices and payments to the creditor be sent?** <br><br> Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent?   Where should payments to the creditor be sent? (if different) <br><br> 250 Park Avenue South, 5th Floor <br> New York, NY 10003 <br><br><br> Contact phone  212-668-6686     Contact phone _____ <br> Contact email  asullivan@genesistrading.com     Contact email _____ |
| 4. **Does this claim amend one already filed?** | ☒ No <br> ☐ Yes.  Claim number on court claims registry (if known)_____     Filed on _____ <br> MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☒ No <br> ☐ Yes. Who made the earlier filing? _____ |

## Part 2:   Give Information About the Claim as of the Date the Case Was Filed

| | |
|---|---|
| 6. **Do you have any number you use to identify the debtor?** | ☒ No <br> ☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____ |

If filing a claim for cryptocurrency, please fill in 7b.

**Does this amount include interest or other charges?**

**7a. How much is the claim?**   $ See attached

☐ No <br>
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

If asserted liability is in a currency other than U.S. dollars or cryptocurrency, provide (i) the currency type _____; (ii) the amount in such currency _____; and (iii) a conversion rate to U.S. dollars _____.

**7b.  List the number of each type and quantity of each coin owed as of the date the case was filed (November 11, 2022)**

| Coin List | Count | Coin List | Count |
|---|---|---|---|
| | See attached | | |
| | | | |
| | | | |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.<br><br>## See attached |

**9. Is all or part of the claim secured?**

☒ No

☐ Yes. The claim is secured by a lien on property.

    **Nature of property:**

    ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

    ☐ Motor vehicle

    ☐ Other. Describe: _____

    **Basis for perfection:** _____

    Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

    **Value of property:**      $_____

    **Amount of the claim that is secured:**    $_____

    **Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

    **Amount necessary to cure any default as of the date of the petition:** $_____

    **Annual Interest Rate** (when case was filed) _____%

    ☐ Fixed

    ☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☒ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ Up to $3,350 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ Wages, salaries, or commissions (up to $15,150) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(   ) that applies. | $_____ |

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☒ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the debtor within 20 days before the date of commencement of the above case(s), in which the goods have been sold to the debtor in the ordinary course of such debtor's business. If claim is for both goods and services, provide your total claim amount (goods & services) in section 7a. and the value of the goods here. Attach documentation supporting such claim. See the instructions below on what further information is required.**    $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☒ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  06/30/2023
                  MM / DD / YYYY

DocuSigned by:

*Andrew Sullivan*

F42F6115E20F498...
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Andrew Sullivan |
| | First name         Middle name                    Last name |
| Title | Authorized Signatory |
| Company | Genesis Global Capital LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 250 Park Avenue South, 5th Floor |
| | Number          Street |
| | New York                                  NY        10003 |
| | City                                      State     ZIP Code |
| Contact phone | 212-668-6686          Email     asullivan@genesistrading.com |

ANNEX A TO PROOF OF CLAIM OF GENESIS GLOBAL CAPITAL, LLC

This annex is incorporated into the proof of claim form to which it is attached (together, the "Proof of Claim").  As more specifically described below, Genesis Global Capital LLC, ("GGC") hereby asserts an unsecured claim against Alameda Research Ltd. ("Alameda"), Alameda Research LLC and the FTX Debtors in the total amount of no less than $191,308,082.31 (the "Claim Amount").

Background

On February 6, 2019, GGC as lender, and Alameda Research LLC, as borrower, entered into a master loan agreement (the "February 2019 MLA"),[1] which set forth the terms and conditions for GGC's and Alameda's lending and borrowing relationship.  On May 9, 2019, GGC and Alameda Research LLC entered into another master loan agreement specifying the terms of the lending and borrowing relationship, but where GGC was defined as the borrower and Alameda Research LLC was defined as the lender (the "May 2019 MBA").  On December 22, 2020, Alameda Research LLC, Alameda, and GGC entered into an Assignment and Assumption of Master Digital Currency Loan Agreement (the "First A&A Agreement").  Under the First A&A Agreement, Alameda Research LLC assigned its rights and obligations under the February 2019 MLA to Alameda. On December 22, 2020, GGC, as lender, Alameda, as borrower, and Alameda Research LLC, as guarantor, entered into an amended and restated version of the February 2019 MLA (the "A&R MLA").[2] The A&R MLA defined general loan terms, collateral requirements, and loan repayment procedures pursuant to which GGC and Alameda engaged in a large number of complex transactions involving fiat currency and digital assets between February 6, 2019 and

---

[1]     The Genesis Debtors have copies of the February 2019 MLA, and any other supporting documentation they intend to rely on, which may be obtained from the Debtors upon request.

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to them in the A&R MLA.

November 11, 2022.  On June 23, 2022, Alameda Research LLC, Alameda, and GGC entered an

Assignment and Assumption of Master Loan Agreement (the "Second A&A Agreement").  Under

the Second A&A Agreement, Alameda Research LLC assigned its rights and obligations under

the May 2019 MBA to Alameda.

Under the A&R MLA, when GGC loaned funds or digital currency to Alameda, Alameda

was required to maintain a certain level of collateral with GGC (also generally in the form of fiat

currency or digital assets) and to pay a financing fee (as specified in the relevant loan term sheet)

which would accrue on a daily basis and become payable in-kind on a monthly basis (upon the

delivery of a monthly invoice) until the loan was repaid.  The collateral provided pursuant to the

A&R MLA and relevant term sheets served as security for Alameda's  obligations under the A&R

MLA.  In the event that the value of the total amount of collateral maintained with GGC fell below

a specified percentage of the total value of the Loaned Assets outstanding under the A&R MLA,

Alameda was required, at GGC's request, to provide additional collateral to GGC.

When Alameda repaid a loan to GGC, GGC was required to return certain collateral that

had been provided by Alameda in connection with that loan.  Because GGC could also borrow

funds from Alameda pursuant to the May 2019 MBA, the same process also occurred in reverse.

Between February 2019 and November 2022, GGC provided cryptocurrency loans to Alameda,

and Alameda provided cryptocurrency loans to GGC; in connection with those loans, assets held

as collateral also transferred between GGC and Alameda.

On November 11, 2022 (the "Alameda Petition Date"), Alameda and its affiliates (together

the, "FTX Debtors") commenced their chapter 11 proceedings in the United States Bankruptcy

Court for the District of Delaware (the "Delaware Bankruptcy Court").

On January 19, 2023 (the "Genesis Petition Date"), each of GGC, Genesis Global Holdco, LLC ("GGH") and Genesis Asia Pacific Pte. Ltd. ("GAP", together with GGC and GGH, the "Genesis Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing jointly-administered cases (the "Genesis Bankruptcy Cases") in the United States Bankruptcy Court for the Southern District of New York (the "SDNY Bankruptcy Court").

As described in the Proof of Claim and set forth in more detail herein, GGC holds various claims (the "Claims") against Alameda.

Basis for Claims

Claims Arising Under the A&R MLA: The A&R MLA provides for Alameda to pay GGC (a) the Loaned Assets, (b) the Loan Fees, including Late Fees, and (c) various fees and expenses, as described in further detail therein.

1.      Under the A&R MLA, as of November 8, 2022, GGC had made loans to Alameda in the aggregate principal amount outstanding of $150,797,490.95.[3]  As of the same date, GGC had received from Alameda fiat and/or digital assets (the "Collateral") with an aggregate value of approximately $111,875,363.64 to secure Alameda's obligations under the A&R MLA.  On November 8, 2023, GGC notified Alameda of an Event of Default under the A&R MLA due to Alameda's failure to contribute $29,013,564 in additional collateral as required under the A&R MLA, GGC advised Alameda that the entire loan balance outstanding under the A&R MLA was immediately due and payable, and foreclosed on the Collateral.  Because the aggregate principal amount outstanding in loans under the A&R MLA exceeded the value of the Collateral, following

---

[3]      This amount consists of seven loans in the following principal amounts: (i) 726,000 LINK, (ii) 7,000,000 MATIC, (iii) $100,000,000 USD, (iv) 116,000 LTC, (v) 1,499 BTC, (vi) 50,000 ZEC, (vii) 2,000,000 USDP.

November 8, 2023, Alameda owed $38,922,127.31[4] in respect of outstanding principal loan amounts to GGC under the A&R MLA.

2.      Pursuant to section III(a) of the A&R MLA, Alameda must pay a Loan Fee, as agreed upon and memorialized in the loan term sheets, for the amount that any loan remains outstanding which accrues daily.  Pursuant to section III(c) of the A&R MLA, Alameda must pay a late fee for each calendar day in excess of the Maturity Date or the Recall Delivery Day in which Alameda has not returned the entirety of the Loaned Asset.

     a.   As of November 11, 2022, Alameda owed the following amounts in respect of Loan Fees and Late Fees under the A&R MLA: (i) 4.51 BTC, (ii) 9,127 USDP, (iii) 205.58 ZEC, (iv) 26,670.3 MATIC, (v) 1561.92 LINK, (vi) 276.05 LTC and (vii) $553,748.92 USD.

     b.   As of June 30, 2023, Alameda owed the following amounts in respect of Loan Fees and Late Fees under the A&R MLA: (i) 136.26 BTC, (ii) 286,289.8 USDP, (iii) 6,643.59 ZEC, (iv) 882,160.1 MATIC, (v) 64,145.3 LINK, (vi) 10,646.34 LTC and (vii) $12,785,955 USD.

3.      On May 3, 2023, the FTX Debtors filed a motion (the "Stay Relief Motion") in the Genesis Bankruptcy Cases seeking relief from the automatic stay to permit the FTX Debtors to commence an adversary proceeding against GGC in the Delaware Bankruptcy Court to avoid as preferential transfers approximately $3.673 billion in payments made by Alameda under the A&R MLA before the Alameda Petition Date.  *See In re Genesis Global Holdco, LLC*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y. Jan. 19, 2023), ECF No. 289.  Moreover, as of May 22, 2023, the bar date in the Genesis Bankruptcy Cases, four of the FTX Debtors, Alameda Research LLC,

---

[4]    To the extent in-kind distributions are available to creditors of the FTX Debtors, GGC reserves the right to participate in such in-kind distributions.

Alameda Research Ltd., FTX Trading Ltd., and West Realm Shires Inc. filed a total of fifteen identical proofs of claim against each of GGC, GGH and GAP, each in the amount of $3,876,473,714, asserting claims in the nature of avoidance under sections 547 and 550(a) of the Bankruptcy Code. *See* Proof of Claim Nos. 415, 419, 420, 422, 426, 432, 438, 457, 463, 465, 508, 512, 513, 515, 516 (collectively, the "FTX Proofs of Claims" which were filed in the Genesis Bankruptcy Cases). The Genesis Debtors vigorously contest the FTX Debtors' allegations and the FTX Proofs of Claim and reserve all rights associated with such allegations and proofs of claim.[5] However, in the event the FTX Debtors succeed on any avoidance actions commenced against GGC, GGC also files this protective claim in an amount equal to the amount GGC is determined to have received as avoidable transfers.

4.    Under Section VIII of the A&R MLA, in the event that Alameda fails to pay any amount due under the A&R MLA, Alameda is liable to GGC for its reasonable costs and expenses, including without limitation, reasonable attorneys' fees and court costs incurred by the Lender in connection with the enforcement of its rights under the A&R MLA. GGC reserves the right to assert a claim against Alameda in an amount equal to the amount of its costs and expenses related to enforcing its rights under the A&R MLA, which is currently in an undetermined amount.

5.    Under Section XXV of the A&R MLA, Alameda is required to hold GGC harmless and indemnify GGC for any claims, demands, losses, expenses or liabilities that it may sustain or incur or that may be asserted against GGC by a third party arising out of Lender's lending of Digital Currency to Alameda. GGC reserves the right to assert a claim against Alameda in an undetermined amount under Section XXV of the A&R MLA.

---

[5]    On June 1, 2023, the Genesis Debtors filed a motion in the Genesis Bankruptcy Cases to establish procedures and a schedule for estimating the FTX Proofs of Claim at $0.00, which remains sub judice.

6.      Pursuant to Section IX of the A&R MLA, Alameda Research LLC guaranteed Alameda's obligations under the A&R MLA.  GGC, therefore, asserts a claim against Alameda Research LLC in an amount equal to Alameda's obligations under the A&R MLA. GGC also reserves the right to assert a claim in an undetermined amount for its costs and expenses (including reasonable legal fees and expenses) incurred by GGC in the enforcement of Alameda Research LLC's guarantee obligations, pursuant to Section IX(g) of the A&R MLA.

Other Causes of Action:  While GGC is still in the process of examining its relationship with Alameda and its affiliates prior to the Alameda Petition Date, GGC believes it may have other common law claims against Alameda and its affiliates, which include fraudulent misrepresentation, fraudulent inducement, breach of contract and any other applicable causes of action available to GGC as a result of the actions of Alameda and certain other FTX Debtors.

Avoidance Actions Against Alameda:  During the 90-day period prior to the commencement of the Genesis Bankruptcy Cases, GGC made certain payments under the applicable loan agreements and term sheets to Alameda in the aggregate amount of no less than $139,600,000 (the "Repayments").  The Repayments constitute preferential transfers under section 547 of the Bankruptcy Code and are subject to avoidance by GGC under section 550(a) of the Bankruptcy Code (the "Repayment Avoidance Claim").  GGC accordingly asserts the Repayment Avoidance Claim against Alameda and any other Debtor that is an immediate or mediate transferee of the Repayments.

Reservation of Rights

1.      In filing the Proof of Claim, GGC expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against Alameda or any of its related parties and any rights and causes of action it may have under domestic or foreign law.

6

2.      These claims are not subject to any known claims, counterclaims, setoffs or defenses by Alameda or its affiliated debtors.  GGC reserves any and all rights, including, without limitation, all rights of setoff and recoupment, that GGC may have against Alameda or its related entities.

3.      The foregoing description and classification of claims by GGC is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of GGC.  Moreover, this Claim is without prejudice to claims, if any, that GGC has or may have for payment of any administrative expenses allowable under section 503(b) of the Bankruptcy Code or otherwise, and GGC's rights to file such claims or any similar claims at an appropriate time are expressly reserved.

4.      GGC reserves the right to amend, clarify, modify or supplement this Claim to assert additional claims or additional grounds for its Claim.  GGC also reserves all rights accruing to it against Alameda, the FTX Debtors and their respective estates, and the filing of this Claim is not intended to be and shall not be construed as (a) an election of remedy; (b) a waiver or limitation of any rights of GGC; or (c) a waiver or release of any rights of GGC as to any person or property in or against which GGC has an interest, including any interest held in constructive trust in favor of GGC.  In addition, GGC reserves the right to supplement this Claim with relevant documents to the extent necessary.  Furthermore, GGC reserves the right to withdraw this Claim for any reason whatsoever.

5.      The Proof of Claim is filed without prejudice to the filing by GGC or its affiliates of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of Alameda or any of the FTX Debtors.  GGC does not, by this Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

6.      In executing and filing this Proof of Claim, GGC does not submit to the jurisdiction of the Delaware Bankruptcy Court for any purpose other than with respect to this Proof of Claim against Alameda and the FTX Debtors and does not waive or release: (a) any rights or remedies against any other person or entity that may be liable for all or part of the claims set forth herein, whether an affiliate or subsidiary of Alameda, an assignee, guarantor or otherwise; (b) any obligation owed to it, or any right to any security that may be determined to be held by it or for its benefit; (c) any past, present or future defaults (or events of default) by Alameda or any of the FTX Debtors; (d) any right to the subordination or recharacterization, in favor of GGC, of indebtedness or liens held by other creditors of Alameda or the FTX Debtors, or (e) any defense or argument relating to the Lift Stay Motion.  The filing of the Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies.

7.      Nothing contained in the Proof of Claim nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of:  (a) the right of GGC to have final orders in non-core matters entered only after de novo review by a district court judge; (b) the right of GGC to a jury trial in any proceeding so triable herein or, in any case, controversy, or proceeding related hereto; (c) the right of GGC to have the reference withdrawn by the United States District Court for the District of Delaware in any matter subject to mandatory or discretionary withdrawal; (d) the right of GGC to have any unliquidated portions of its Claim determined by applicable state courts; or (e) any other rights, claims, actions, defenses, setoffs, or recoupments to which GGC is or may be entitled under agreements, documents, or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs, and recoupments are expressly reserved.

8.      GGC expressly reserves its right to file any separate or additional proofs of claim with respect to the Claims set forth herein or otherwise (which proofs of claim, if so filed, shall

not be deemed to supersede this Proof of Claim unless expressly so stated therein), to amend or

supplement this Proof of Claim in any respect, including with respect to the filing of an additional

or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim

set forth herein, or to file additional proofs of claim in respect of additional amounts or for any

other reason.

## Confirmation of Submission

**Your Form has been successfully submitted...**

| DOCUMENT ID | | Submitted Date Time |
|---|---|---|
| 7b55315d73901f82cf273edecf8be7a43570d151 | | 2023-06-30T19:12:31.792Z |

| Status | | CONFIRMATION ID |
|---|---|---|
| Submitted | | 3265-69-ITHUK-986235619 |

## Submission Information

When you press "Submit" you will receive an email from "noreply.efiling@ra.kroll.com." Please add this email to your allowed senders list. This email will have a PDF copy of your claim filing (with your supporting documents as a separate attachment), as well as your Confirmation ID.

Orbeon Forms 2022.1.3.202304130216 PE