CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al*.,[1]<br><br>                         Debtors. | Chapter 11<br><br>Case No.: 23-10063 (SHL)<br><br>Jointly Administered |

**DEBTORS' MOTION TO SHORTEN THE NOTICE
PERIOD FOR THE DEBTORS' MOTION SEEKING
ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING,
(I) THE SALE OF TRUST ASSETS AND (II) GRANTING RELATED RELIEF**

Genesis Global Capital, LLC ("GGC") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors" and these cases, collectively, the "Chapter 11 Cases"), hereby submit this motion (the "Motion to Shorten") for expedited consideration of the *Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing,*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

*(I) the Sale of Trust Assets and (II) Granting Related Relief* (the "Trust Assets Sale Motion")[2] and for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order").

## JURISDICTION AND VENUE

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory bases for the relief requested herein are sections 105(a), 363 and 1145 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

4.     Contemporaneously with the filing of this Motion to Shorten, the Debtors filed the Trust Assets Sale Motion. Through this Motion to Shorten, the Debtors respectfully request that the Trust Assets Sale Motion be heard on **February 8, 2024 at 11:00 a.m. (prevailing ET)**.[3]

## BASIS FOR RELIEF

5.     Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce the notice period otherwise required for the requested relief. *See* Fed. R. Bankr. P. 9006(c)(1). While a notice period of twenty-one (21) days would ordinarily apply to the relief requested in the Trust Assets Sale Motion under Bankruptcy Rule 2002(a)(2), the Court may, for cause shown, shorten

---

[2]     Capitalized terms used but not defined in this Motion to Shorten shall have the meanings ascribed to them in the Trust Assets Sale Motion.

[3]     This hearing date is subject to approval of the Court.

2

the time of giving notice. *See* Fed. R. Bankr. P. 2002(a)(2) (requiring at least 21 days' notice by mail of a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, "unless the court for cause shown shortens the time or directs another method of giving notice"). The Debtors respectfully submit that circumstances of these Chapter 11 Cases and the relief sought in the Trust Assets Sale Motion warrant shortening notice of the Trust Assets Sale Motion.

6. Digital asset markets have been characterized by extreme and unpredictable price movements. Because the value of the Trust Shares is linked to the price of the underlying digital assets, the Trust Shares are also subject to fluctuations in price. Because the Debtors intend to make in-kind distributions to creditors to the maximum extent possible (and to make cash distributions where in-kind distributions are not possible), having flexibility to monetize the Trust Assets and to convert such amounts to the underlying asset will be more efficient and economically beneficial to the Debtors and their estates. As set forth more fully in the Trust Assets Sale Motion, the Debtors believe it would be beneficial to have the authority to begin to immediately sell and liquidate the Trust Assets to reduce any risk that fluctuations in price might have on the Debtors' estates and assets available to make distributions to creditors. Moreover, because selling their Trust Assets all at once may have an outsize impact on the wholesale price of the Trust Assets, it is imperative that the Debtors obtain the authority now to begin selling their Trust Assets, which will take time to sell.

7. In sum, the Debtors, along with the Committee of Unsecured Creditors (the "Committee"), the Ad Hoc Group of Genesis Lenders (the "Ad Hoc Group") and Gemini[4] believe

---

[4] As set forth in the Trust Assets Sale Motion, Gemini's support of the Motion is conditioned on the Debtors' stated intention that the Motion be neutral with respect to the parties' disputes pertaining to the Initial GBTC Shares and the Additional GBTC Shares. The Debtors believe that the Motion accomplishes this goal.

3

there is an immediate need for this relief, in advance of confirmation of the *Debtors' Amended Joint Chapter 11 Plan*, ECF No. 989 (the "Plan"), so that the Debtors may begin to monetize their over $1.5 billion worth of Trust Assets and maximize the assets available for immediate distribution to creditors on the effective date of the Plan.

## NOTICE

8.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the Order Implementing Certain Notice and Case Management Procedures, ECF No. 44. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

9.     No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank*]

**CONCLUSION**

WHEREFORE for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter the order, substantially in the form attached hereto as Exhibit A, and (b) grant such other and further relief as is just and proper.

Dated: February 2, 2024
      New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Debtors
and Debtors-in-Possession*

5

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS' MOTION TO
SHORTEN THE NOTICE PERIOD FOR THE DEBTORS' MOTION
SEEKING ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING,
(I) THE SALE OF TRUST ASSETS AND (II) GRANTING RELATED RELIEF**

Upon the consideration of the *Debtors' Motion to Shorten the Notice Period for the Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) the Sale of Trust Assets and (II) Granting Related Relief* (the "Motion to Shorten");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion to Shorten is in the best interests of the Debtors, their

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Shorten.

estates, their creditors and other parties in interest; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Shorten is GRANTED to the extent set forth herein.

2. A hearing to consider the Trust Assets Sale Motion will be held on _____, 2024 at __:00 _.m., prevailing Eastern Time. Any objections or responses to the Trust Assets Sale Motion shall be made by _____, 2024 at __:00 _.m.

3. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion to Shorten.

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order, and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
      White Plains, New York

                              THE HONORABLE SEAN H. LANE
                              UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**Declaration of Sean A. O'Neal**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF SEAN A. O'NEAL IN
SUPPORT OF THE DEBTORS' MOTION TO SHORTEN THE
NOTICE PERIOD FOR THE DEBTORS' MOTION SEEKING
ENTRY OF AN ORDER AUTHORIZING, BUT NOT DIRECTING,
(I) THE SALE OF TRUST ASSETS AND (II) GRANTING RELATED RELIEF**

I, Sean A. O'Neal, do hereby declare as follows:

1. I am a member of the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb" or the "Firm"), counsel to the Debtors in the above-captioned jointly-administered chapter 11 cases. I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

2. I submit this declaration in support of the *Debtors' Motion to Shorten the Notice Period for the Debtors' Motion for Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) the Sale of Trust Assets and (II) Granting Related Relief* (the "Motion to Shorten"), which seeks, in compliance with Local Bankruptcy Rule 9077-1(a), entry of an order shortening the notice period and establishing the hearing and objection dates for the *Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) the Sale of Trust Assets and (II) Granting Related Relief* (the "Trust Asset Sale Motion").[2]

3. Digital asset markets have been characterized by extreme and unpredictable price movements. Because the value of the Trust Shares is linked to the price of the underlying digital assets, the Trust Shares are also subject to fluctuations in price. Because the Debtors intend to make in-kind distributions to creditors to the maximum extent possible (and to make cash distributions where in-kind distributions are not possible), having flexibility to monetize the Trust Assets and to convert such amounts to the underlying asset will be more efficient and economically beneficial to the Debtors and their estates. As set forth more fully in the Trust Assets Sale Motion, the Debtors believe it would be beneficial to have the authority to begin to immediately sell and liquidate the Trust Assets to reduce any risk that fluctuations in price might have on the Debtors' estates and assets available to make distributions to creditors. Moreover, because selling their Trust Assets all at once may have an outsize impact on the wholesale price of the Trust Assets, it is imperative that the Debtors obtain the authority now to begin selling their Trust Assets, which will take time to sell.

4. In sum, the Debtors, along with the Committee of Unsecured Creditors (the "Committee") and the Ad Hoc Group of Genesis Lenders (the "Ad Hoc Group") believe there is

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Trust Assets Sale Motion.

2

an immediate need for this relief, in advance of confirmation of the *Debtors' Amended Joint Chapter 11 Plan*, ECF No. 989 (the "Plan"), so that the Debtors may begin to monetize their over $1.5 billion worth of Trust Assets and maximize the assets available for immediate distribution to creditors on the effective date of the Plan.

5. No prior motion or application has been made for the relief sought in the Motion to Shorten.

6. For these reasons, I believe that the proposed notice is adequate and appropriate under the circumstances.

*\*\*\**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 2, 2024
New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal

3