**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| GENESIS GLOBAL HOLDCO LLC, *et al.*[1], | ) Case No. 23-10063 (SHL) |
| Debtors. | ) (Jointly Administered) |

**RESPONSE AND RESERVATION OF RIGHTS**
**OF THE NEW JERSEY BUREAU OF SECURITIES**

The New Jersey Bureau of Securities (the "Bureau"), by and through its undersigned counsel, files this response and reservation of rights (the "Response") to the Debtors' *Amended Joint Chapter 11 Plan* filed on November 28, 2023, as supplemented [Docket No. 989, 1117, 1131, 1137, 1144] (the "Plan"), and respectfully states the following:

**BACKGROUND**

1. Genesis Global Holdco, LLC ("GGH"), Genesis Global Capital, LLC ("GGC"), and Genesis Asia Pacific Pte. Ltd. ("GAP", collectively with GGH and GGC, the "Debtors"), filed their voluntary chapter 11 petitions on January 19, 2023.

2. The Bureau filed timely claims (Claim Nos. 882, 883 and 884) (the "Claims") against the Debtors pursuant to all applicable law, including, without limitation, N.J.S.A. 49:3-60 and N.J.S.A. 49:3-69(a)(2), and 49:3-70.1, for any liability of the Debtors for violation of New Jersey law, including, without limitation, for rescission, restitution and/or disgorgement.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

3. On December 6, 2023, this Court entered an *Order Authorizing Debtors' Motion to Approve (I) The Adequacy of Information in the Disclosure Statement, (II) Solicitation and Voting Procedures, (III) Forms of Ballots, Notices and Notice Procedures In Connection Therewith, and (IV) Certain Dates with Respect Thereto* [Docket No. 1027] setting, among other things, the deadline to respond to the Plan.[2]

4. Subsequent to the filing of the Plan, the Bureau, along with another regulatory agency, have been in good faith negotiations with the Debtors concerning the classification of the Claims.

5. Negotiations are ongoing and the Bureau is filing this Response out of an abundance of caution to preserve its right to be heard at the hearing on confirmation of the Plan and to object, if necessary, to the treatment and/or characterization of the Claims under the Plan and request that certain language be added to any order approving the Plan.[3]

6. The Bureau has raised objections with the Debtor to the current classification of the Claims and has requested the placement of the Claims with other unsecured claimants (currently Class 3 for each Debtor) and consents to voluntarily defer any distributions to the Bureau until holders of allowed unsecured claims, including crypto account holders, are paid in full. This voluntary deferral would avoid any necessity for the Court to decide issues of subordination.

7. The Bureau also proposes that the Confirmation Order contain the same or substantially the same language as set forth below:

> Nothing in this Confirmation Order, the Plan, any amendments thereto, or related documents, discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit") that is not a "claim" as defined in 11 U.S.C. § 101(5) ("Claim"); (ii) any Claim of a Governmental Unit arising on

---

[2] The Bureau requested and was granted additional time to respond to the Plan until February 5, 2024.

[3] Although the Bureau is hopeful that a resolution will be reached prior to the confirmation hearing, negotiations are ongoing and any resolution remains subject to Court approval. Thus, the Bureau reserves all its rights with respect to the Claims and any resolution thereof, and nothing herein should be construed so as to limit such rights.

or after the Confirmation Date; (iii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the Confirmation Date; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in this Order enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.

Further, nothing in this Confirmation Order, the Plan, any amendments thereto, or related documents, authorizes the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law.  Nothing in this Order shall relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit.  Nothing in this Order shall affect any setoff or recoupment rights of any Governmental Unit.  Nothing in this Order divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under this Order.

For the avoidance of doubt, the Bureau opts out of any and all releases provided in the Plan.

8.    To date, the Bureau and the Debtors have not entered a stipulation regarding the deferral of distribution on the Claims, nor has any such stipulation been approved by the Court. The Bureau files this Objection to preserve its right to be heard at the hearing on confirmation of the Plan and to submit that the above language, or substantially similar language, be added to the Confirmation Order and/or an appropriate stipulation.

9.    The Bureau reserves the right to supplement this Response, and/or to join in any arguments raised by other parties in responses filed related to confirmation, and/or raised at any hearing on confirmation, and to adopt such arguments as its own.

10.    The Bureau further reserves all of its rights to object to the details of subsequent versions of the Plan, and for such other and further relief as is appropriate.

WHEREFORE, The New Jersey Bureau of Securities respectfully requests entry of an Order consistent with the relief requested in this Response and for such other relief as the Court shall deem just and proper.

Respectfully submitted,

**McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**

Dated: February 5, 2024

*/s/ Jeffrey Bernstein*
Jeffrey Bernstein
570 Broad Street
Newark, NJ 07102
Telephone: (973) 565-2183
Facsimile: (973) 622-5314
E-mail: jbernstein@mdmc-law.com

**-AND-**

Virginia T. Shea, Esq.
225 Liberty Street, 36th Floor
New York, NY 10281
Telephone: (973) 565-2048
E-mail: vshea@mdmc-law.com

*Counsel for the New Jersey Bureau of Securities*