LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas Bar No. 24095553
SEAN FLYNN
Texas State Bar No. 24074214
STEPHANIE EBERHARDT
Texas State Bar No. 24084728
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov
sean.flynn@oag.texas.gov
stephanie.eberhardt@oag.texas.gov
ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD AND
THE TEXAS DEPARTMENT OF BANKING

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**OBJECTION OF THE TEXAS STATE SECURITIES BOARD
AND THE TEXAS DEPARTMENT OF BANKING TO
DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

The Texas State Securities Board ("SSB") and the Texas Department of Banking ("DOB"), by and through the Office of the Texas Attorney General (together, "Texas"), hereby file this Objection (the "Objection") to the *Debtors' Amended Joint Chapter 11 Plan* [D.E. 989] (the "Plan"). In support of the Objection, Texas respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

1

## I. OVERVIEW

The Debtors have proposed a Plan that subordinates government penalty claims in a manner that does not comport with law or equity, and the Plan does not clearly indicate that the Debtors must continue to comply with state laws post-petition and post-confirmation. While Texas has been in discussions with the Debtors to reach agreement as to the treatment of their proofs of claim in the Plan, an agreement has not yet been reached.

## II. RELEVANT BACKGROUND

1. On January 19, 2023, Debtors filed bankruptcy under title 11 of the United States Code (the "Bankruptcy Code"). [2]

2. On November 28, 2023, Debtors filed the Amended Joint Chapter 11 Plan [D.E. 989] ("Plan").

3. On December 6, 2023, the Disclosure Statement was approved, and the confirmation hearing is scheduled to take place on February 14, 2024, at 10:00 am (EST).

4. Texas is actively engaged in negotiations with the Debtors regarding treatment of its proofs of claim and intends to continue those negotiations to maximize disbursements to customers who have claims against the Debtors, while preserving their rights under bankruptcy law. While Texas filed its penalty claims to preserve the enforcement of Texas state law, it also wants to ensure there is an optimal recovery for the customers with claims.

## III. OBJECTION

5. Debtors, Genesis Asia Pacific PTE. LTD. ("GAP") and Genesis Global Holdco, LLC ("Holdco") have proposed ten (10) classes of claims and Genesis Global Capital, LLC ("GGC") have proposed eleven (11) classes of claims, in the Plan. These include at least six (6) similarly situated and equally classified claims. Debtors, however, have included a separate class specifically for

---

[2] D.E. 1.

2

Government Penalty Claims, proposing to subordinate these claims to General Unsecured Creditors and Intercompany Claims against the Debtors, with no disbursement on the claims until all Allowed General Unsecured Claims and Allowed Intercompany Claims are paid in full. The Plan includes a provision that "if the bankruptcy court determines that Government Penalty Claims should not be subordinated pursuant to Sections 726(a)(4) and 1129(a)(7) of the Bankruptcy Code, then the claims will be paid pari passu with Class 3 claims."[3]

A.  **The Proposed Subordination of Governmental Penalty Claims Should Be Denied.**

6.  The Plan proposes subordination of government penalty claims in violation of 11 U.S.C. Section 1123(a)(4) and provides no reason for the purported disallowance of the government penalty claims. In *United States v. Reorganized CF & I Fabricators of Utah, Inc.*, 116 S. Ct. 2106 (1996), the Supreme Court held that a Chapter 11 plan provision automatically subordinating penalty claims to all other claims was improper because it was tantamount to a legislative act. *Id.* at 2115. The proposed Plan is similar because it is tantamount to a legislative decision that all government penalty claims should be subordinated without justification. Further, penalty claims, when objected to, can only be disallowed for the reasons listed in Section 502(b) of the Bankruptcy Code, which is not the case here.

B.  **The Bankruptcy Process and Confirmation Do Not Shelter the Debtors for Violations of State Laws.**

7.  The Debtors are required to comply with state laws under 28 U.S.C. § 959(b)—and state regulators are allowed to move forward in state court under their police and regulatory powers granted by Section 362(b)(4) of the Bankruptcy Code. Further, the bankruptcy process does not shield the Debtors from administrative claims for fines and penalties accrued by illegal operations that continue post-petition. These post-petition fines and penalties are administrative expenses because they are seen by courts as a cost of doing business.[4] To ensure that the Plan does not purport to circumvent

---

[3] D.E. 989.
[4] 11 U.S.C. 503(b)(1)(A). *See also In re BVS Constr., Inc.*, No. 19-60004-RBK, 2020 WL 1479826, at *2 (Bankr. W.D. Tex. Mar. 20, 2020) *Finding* (Payment of civil fines and penalties are generally part of the cost of doing business."). And

3

state laws, Texas requests that the following language be included in the Confirmation Order and any order confirming the plan:

> ***No Effect on Governmental Regulatory Authority:***
>
> *Nothing in the Plan or any Order confirming the Plan or related documents discharges, releases, precludes, or enjoins: (i) any liability to any governmental unit as defined in 11 U.S.C. § 101(27) ("Governmental Unit"); (ii) any liability to a Governmental Unit under police and regulatory statutes or regulations that any entity would be subject to as the owner or operator of property after the date of confirmation of the Plan; or (iv) any liability to a Governmental Unit on the part of any Person other than the Debtors. Nor shall anything in this Order or related documents enjoin or otherwise bar a Governmental Unit from asserting or enforcing, outside this Court, any liability described in the preceding sentence.*
>
> *Further, nothing in the Plan or any Order confirming the Plan or related documents authorize the transfer or assignment of any governmental (a) license, (b) permit, (c) registration, (d) authorization or (e) approval, or the discontinuation of any obligation thereunder, without compliance with all applicable legal requirements and approvals under police or regulatory law. Nothing in the Plan or any Order confirming the Plan or related documents shall relieve any entity from any obligation to address or comply with information requests or inquiries from any Governmental Unit. Nothing in the Plan or any Order confirming the Plan or related documents shall affect any setoff or recoupment rights of any Governmental Unit. Nothing in the Plan or any Order confirming the Plan divests any tribunal of any jurisdiction it may have under police or regulatory law to interpret this Order or to adjudicate any defense asserted under the Plan or any Order confirming the Plan.*
>
> *Any and all state regulatory orders and judgments issue to or against Debtors prior to or during this Bankruptcy Case are not discharged, released, or otherwise affected by confirmation of the Plan. For the avoidance of doubt, the State of Texas and its agencies opt out of any and all releases provided in the Plan and any amendments thereto.*

---

*Stating* ("Multiple court of appeals cases also support the proposition that post-petition civil fines and penalties are simply part of the cost of doing business and are allowed as an administrative expense. *See Cumberland Farms, Inc. v. Fla. Dep't of Envtl. Prot.*, 116 F.3d 16 (1st Cir. 1997); *Ala. Surface Mining Comm'n v. N.P. Mining Co.* (*In re N.P. Mining Co.*), 963 F.2d 1449 (11th Cir. 1992); *U.S. Dep't of Interior v. Elliott* (*In re Elkins Energy Corp.*), 761 F.2d 168 (4th Cir. 1985)).

## IV.  RESERVATION OF RIGHTS

8.  Texas reserves the right to supplement this Objection or to raise additional or further objections to the Plan at or prior to the Hearing, or any other relevant hearing.

## PRAYER

WHEREFORE premise considered, the SSB and the DOB request that confirmation of the Plan be denied, and the SSB and DOB request any other and further relief to which the Court finds them justly entitled.

*[Remainder of Page is Intentionally Blank]*

Dated: February 5, 2024,  Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Acting Deputy Attorney General for Civil Litigation

**RACHEL OBALDO**
Chief for Bankruptcy & Collections Division

*/s/ Layla D. Milligan*
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
ROMA N. DESAI
S.D.N.Y. Bar Number RD8227
Texas Bar No. 24095553
SEAN FLYNN
Texas Bar No. 24074214
STEPHANIE EBERHARDT
Texas Bar No. 24084728
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
layla.milligan@oag.texas.gov
roma.desai@oag.texas.gov
sean.flynn@oag.texas.gov
stephanie.eberhardt@oag.texas.gov
ATTORNEYS FOR THE TEXAS STATE SECURITIES BOARD AND
TEXAS DEPARTMENT OF BANKING

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing has been served via the Court's Electronic Filing System on all parties requesting notice in this proceeding on February 5, 2024.

      */s/ Layla D. Milligan*
      LAYLA D. MILLIGAN
      Assistant Attorney General