**EXHIBIT C**

Extract of Deposition of Joseph Sciametta, January 30, 2024

PROFESSIONALS' EYES ONLY

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  ------------------------------------------------ x
4  In re:
5  GENESIS GLOBAL HOLDCO, LLC, et al.,
6       DEBTORS.
7                CASE NO. 23-10063 (SHL)
8  ------------------------------------------------ x
9            * PROFESSIONALS' EYES ONLY *
10
                       January 30, 2024
11                      10:13 a.m.
12
13
14
15       DEPOSITION of JOSEPH SCIAMETTA, taken
16  pursuant to Notice, before Fran Insley, at Weil
17  Gotshal & Manges, LLP, 767 Fifth Avenue, New
18  York, NY, a Notary Public of the States of New
19  York and New Jersey.
20
21
22
23
24
25

PROFESSIONALS' EYES ONLY

Page 281

17  Q.   Hi.  So I have a series of questions
18  concerning the plan specifically concerning
19  your financial analysis regarding proposed
20  releases, the value of claims being released,
21  the value that will be derived to the estate
22  from the persons and entities being released,
23  whether releases in the plan are appropriate
24  and the investigation that was conducted into
25  the released parties and entities.  It's my

PROFESSIONALS' EYES ONLY

Page 282

1   understanding from my communications with your
2   counsel that there they are objecting to each
3   of these areas of inquiry.  However, you are
4   permitted to answer these questions, and so
5   sitting here today, are you going to refuse to
6   answer questions concerning all of these
7   topics?
8             MS. VANLARE:  I object to what has
9       been just said.  Mr. Sciametta has not
10      been designated as a 30(b)(6) witness on
11      any of those topics.  My understanding is
12      we had a prior -- we, being the debtors
13      counsel, had an understanding with the
14      crypto group counsel, McDermott, that
15      McDermott had withdrawn its own 30 (b)(6)
16      topics.
17            Irrespective of that, however,
18      Mr. Sciametta has not been designated on
19      any of those topics and so will not be
20      testifying on those topics today.  He has
21      not been noticed in his personal capacity.
22            To the extent that you have any
23      questions that would fall within the
24      purview of the designated topics for
25      Mr. Sciametta in response to DCG's notice,

Page 283

1 subject to our objections, we can proceed.
2 And that's -- that -- you can proceed and
3 ask those questions, but anything outside
4 that scope, we will object to and not
5 permit questioning of Mr. Sciametta.
6          MS. GRIFFITH:  We did not withdraw
7 our 30 (b)(6) notice and it's our
8 understanding that we were going to be
9 permitted to have time to examine you
10 today.  We are here.  We are prepared.  We
11 are ready to ask those questions.
12          It's our understanding that you're a
13 financial advisor to the estate and that
14 you should have information regarding the
15 financial analysis that was done on the
16 value of the releases to the estate.  If
17 that is not the case and you're not
18 prepared, we are going to continue to
19 notice the deposition until we have the
20 opportunity to ask this line of
21 questioning and keep the deposition open.
22          MS. VANLARE:  We object to that
23 characterization of the agreement and we
24 understand your reservation of rights but
25 we object to it.

Page 284

1      Q.    Are you prepared to talk about topic
2   15 in DCG's Notice of Deposition, claims by the
3   Genesis Crypto Creditors Ad Hoc Group including
4   your assessment and valuation of such claims
5   under the plan and the impact of any objections
6   to the plan are the Genesis Crypto Creditors Ad
7   Hoc Group on potential recoveries?
8            MS. VANLARE:   Counsel, as is made
9      clear in our responses and objections, the
10     debtors will not designate a witness to
11     provide testimony with respect to this
12     topic.
13     Q.    How about for topic 14, your
14  communications with any member of the Genesis
15  Crypto Creditors Ad Hoc Group or the
16  representative concerning, without limitation,
17  any anticipated objection to the plan, the
18  basis for such objection and any analysis under
19  11USC562?
20           MS. VANLARE:   The debtors have
21     designated Mr. Paul Aaronson on that
22     topic.  Mr. Sciametta has not been
23     designated on that topic.
24     Q.    Have you evaluated in any way the
25  value of the releases under the plan?

PROFESSIONALS' EYES ONLY

Page 285

1              MS. VANLARE:  Objection.  I will
2        instruct the witness not to answer for all
3        the reasons that I've articulated.  This
4        is outside the scope.  Again, I don't want
5        to repeat myself.  But again, it's outside
6        the scope of any topics that he has been
7        designated for and he has not been noticed
8        in his personal capacity.
9        Q.   Are you going to follow your
10   counsel's instruction or are you able to answer
11   the question?
12        A.   I'll follow my counsel's
13   instruction.
14        Q.   Have you at all as the financial
15   advisor to debtors valued what will be derived
16   to the estate from the persons and entities
17   being released?
18             MS. VANLARE:  Again, this is not
19        appropriate.  It's not within the scope.
20        It's not within the scope of the 30(b)(6).
21        Mr. Sciametta is not a personal witness
22        as -- there has not been a notice of him
23        as a personal fact witness.
24             MS. GRIFFITH:  But he's a financial
25        advisor.

PROFESSIONALS' EYES ONLY

Page 286

1              MS. VANLARE:  He's a financial
2        advisor, that's correct.
3        Q.    So, are you able to answer that
4    question in your capacity as a financial
5    advisor?
6              MS. VANLARE:  Again, this is not
7        about whether he is able to or not.  He is
8        here in his capacity as a 30(b)(6) witness
9        on designated topics that have been agreed
10       to subject to our objections.  That is
11       what he is here for.  Any other questions
12       are not appropriate or within scope.
13             MS. GRIFFITH:  Then we will keep the
14       deposition open pursuant to the fact that
15       we never withdrew and there is no evidence
16       of us withdrawing our notice of 30(b)(6)
17       deposition on these topics and that we had
18       a prior agreement with other of your
19       colleagues that we would be permitted the
20       opportunity to ask questions during the
21       deposition.
22             MS. VANLARE:  We strongly disagree
23       with that statement.  We believe there was
24       an agreement and you did withdraw.  We
25       reserve all our rights.