Anson B. Frelinghuysen
Dustin P. Smith
Erin E. Diers
Elizabeth A. Beitler
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000

*Counsel to Gemini Trust Company, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**GEMINI TRUST COMPANY, LLC'S RESPONSE AND**
**RESERVATION OF RIGHTS WITH RESPECT TO CONFIRMATION OF**
**THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

Gemini Trust Company, LLC ("Gemini"), by and through its undersigned counsel, hereby

submits this response and reservation of rights with respect to confirmation of *Debtors' Amended*

*Joint Chapter 11 Plan* (ECF No. 989, as it may be further amended, modified, or supplemented,

the "Plan"),[2] and states as follows:

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R) (collectively, the "Debtors" or "Genesis"). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

2. Capitalized terms used but not defined herein shall have the meanings given to such terms in the Plan.

**RESPONSE**

1.      Gemini acts as agent for more than 232,000 Gemini Lenders to whom the Debtors owe Digital Assets valued at more than $1.5 billion as of February 2, 2024.  By the time of the Confirmation Hearing, these Gemini Lenders will have been without access to their assets for almost sixteen months.  Although litigation involving important aspects of these Chapter 11 Cases remains ongoing between Gemini and the Debtors,[3] Gemini supports the Plan and the structure it establishes to clear the way for Gemini Lenders to finally receive recoveries from the Debtors' estates.  The Plan achieves this important objective by facilitating, to the greatest extent possible, in-kind distributions to the Gemini Lenders, while preserving the Debtors' rights to pursue their claims against DCG, the benefit of which will flow to the estates' creditors, including the Gemini Lenders.

2.      Gemini worked diligently with the Debtors, the Ad Hoc Group, and the Committee for months to formulate a Plan that maximizes recoveries to the Gemini Lenders, leading to the "no deal" plan proposed by the Debtors in October for solicitation.  Gemini identified and favorably resolved several substantial deficiencies in prior iterations of the Plan during the multi-week Disclosure Statement Hearing, such that Gemini withdrew its solicitation objection based on Plan improvements.  And in the two months since solicitation of the Plan commenced, Gemini continued its efforts on behalf of the Gemini Lenders to pursue equitable treatment, including through its participation in Plan confirmation discovery.

3.      On January 5, 2024, notwithstanding that it was still negotiating certain Plan-related issues with the Debtors and other stakeholders, Gemini recommended that the Gemini Lenders

---

3.   *See* Gemini Trust Company, LLC v. Genesis Global Capital, LLC, et al., Adv. Pro. No. 23-1192 (SHL) (Bankr. S.D.N.Y. Oct. 27, 2023) (the "Gemini Collateral Adversary Proceeding").

vote to accept the Plan. Ultimately, the Gemini Lender class accepted the Plan, with 82.45% of Gemini Lenders (comprising 83.60% of Gemini Lender claims) voting in favor of the Plan.[4]

4.　　As further discussed below, subject to documentation of agreements reached regarding Gemini's anticipated plan objections, Gemini intends to support confirmation of the Plan at the Confirmation Hearing and press towards commencement of Plan distributions to Gemini Lenders as soon as possible.

## RESERVATION OF RIGHTS

5.　　Gemini and the Debtors reached agreements in principle on nearly every confirmation objection point raised by Gemini. However, pending Gemini's review of the Debtors' further amended Plan and proposed Confirmation Order implementing these agreements, resolution of these issues is not final. Given Gemini's February 5, 2024 objection deadline, Gemini submits this reservation of rights with respect to its objection to confirmation of the Plan and any outstanding issues related thereto. Gemini reserves its rights to object to any amendments to the Plan or any provisions of the Confirmation Order, and specifically reserves its rights with respect to the following issues.

6.　　**The GBTC Shares Reserves**:[5]  The Plan contemplates that Gemini and the Debtors will agree on the reserves of GBTC shares to be held by the Debtors and Gemini pending resolution of the Gemini Collateral Adversary Proceeding. Gemini believes that the parties have reached agreement on the form of the Gemini Reserve Principles, which will be filed as a Plan Supplement. Pending finalization and filing of such Plan Supplement, however, Gemini reserves

---

4.　*See* Declaration of Alex Orchowski of Kroll Restructuring Administration LLC Regarding the Solicitation of Votes and Tabulation of Ballots Cast on the Debtors' Amended Chapter 11 Plan [ECF No. 1196], Ex. A.

5.　"GBTC Shares Reserves" shall refer to both the "Gemini GBTC Shares Reserve" and "Additional GBTC Shares Reserve," each as defined in the Plan.

its rights to object to the Plan on the basis that the Debtors are not adequately reserving for the potential outcomes of the Gemini Collateral Adversary Proceeding.

7. **Reserve for Gemini's Proprietary Claim**:  As part of the claim that Gemini filed on its own behalf (Claim No. 406, the "Proprietary Claim"), Gemini asserted that GGC is required to indemnify Gemini in connection with, among other things, any losses related to the Gemini Earn Program pursuant to the Gemini Earn Agreements.  The Plan that the Debtors filed on November 28, 2023 did not provide a mechanism for reserving for the Proprietary Claim.  While the Debtors have indicated that they agree that a reserve should be established for this claim, the parties are still negotiating the appropriate calculation mechanics with respect to such reserve.  Gemini reserves its rights to object to the Plan to the extent that Gemini and the Debtors are unable to agree on the reserve mechanism for the Proprietary Claim.

8. **Reconciliation of the Gemini Master Claim**:  As authorized by the Bar Date Order, Gemini, on behalf of the Gemini Lenders, filed a single proof of claim for all Digital Assets loaned by the Gemini Lenders to GGC through the Gemini Earn Program (Claim No. 356, the "Gemini Master Claim").  The reconciliation of the types and amounts of Digital Assets asserted in the Gemini Master Claim and allowable to the Gemini Lenders is now complete.  All that remains is to stipulate with the Debtors regarding Allowance of the Gemini Master Claim.

9. **Gemini Distribution Agent**:  The definition of Gemini Distribution Agent in the Plan filed on November 28, 2023 was not broad enough to capture each of the Gemini entities that may be involved in the distribution of Digital Assets from the Debtors to the Gemini Lenders. Gemini and the Debtors have agreed to amend the definition of Gemini Distribution Agent to address this issue.  Gemini reserves its rights to object to the Plan with respect to the definition of the Gemini Distribution Agent in the Plan to the extent that the Plan is not amended as anticipated.

10.     **Treatment of Preference Claims Against Gemini Lenders and Gemini Insiders**:  The Gemini Lender voting class—like all other classes of GGC creditors—voted to accept the Plan, and therefore any Preference Claims against the Gemini Lenders are expressly waived.  Gemini has agreed to revise the Plan to clarify that this waiver of Preference Claims applies with respect to Gemini Lenders who received the assets they loaned to the Debtors prior to the Debtors' suspension of redemptions from the Gemini Earn Program but within the preference period.  Gemini reserves its rights to object to the Plan to the extent that the Plan is not amended as agreed.

11.     In addition, the Plan filed on November 28, 2023 purported to treat so-called "Gemini Insiders" differently than all other creditors with respect to Preference Claims.  Gemini and the Debtors have agreed to revise the Plan to avoid this disparate treatment of Gemini Insiders. Gemini reserves its rights to object to the Plan to the extent that the Plan is not amended as agreed.

12.     **Other Provisions**:  To obviate the need to contest confirmation of the Plan, Gemini is continuing to work with the Debtors and other stakeholders to address certain other provisions in the Plan, including:

- Expanding the Document Retention provision of the Plan (Article VIII(L)) to preserve Gemini's rights to documents that may be in the Debtors' possession in the event discovery is necessitated by continued litigation.

- Amending the Plan to clarify the Gemini Distribution Agent's reporting obligations.

- Agreeing to distribution principles governing the Gemini Distribution Agent's distribution of assets to Gemini Lenders via a Plan Supplement to address others' objections to the Plan.

With respect to each of these issues, Gemini and the Debtors are at or near agreement.  Gemini reserves its rights as to these issues to the extent that the Plan is not amended to reflect mutually agreed language on these outstanding issues.

## **GEMINI ACCEPTANCE EVENT**

13.     Under the Plan, the Gemini Acceptance Event occurs when Gemini agrees, in writing, to: "(i) support the Plan, (ii) not object to, delay, impede or take any other action that interferes with acceptance or implementation of the Plan, and (iii) encourage the Gemini Lenders to vote to accept the Plan."[6] The Gemini Acceptance Event has occurred, and Gemini reserves its rights with respect to the consent rights afforded to Gemini in the Plan.

## **CONCLUSION**

Gemini looks forward to reviewing a further amended Plan and proposed Confirmation Order implementing the significant progress made between Gemini and the Debtors over the last several months.  In the interim, Gemini expressly and fully reserves all of its rights with respect to the Plan, including to object to confirmation on any grounds, to seek an adjournment with respect to the same, and to introduce evidence at any hearing relating to the Plan.

---

6.   *See* Plan, Article I.A.100.

Dated:  New York, New York
        February 5, 2024

HUGHES HUBBARD & REED LLP

By: */s/ Anson B. Frelinghuysen*
    Anson B. Frelinghuysen
    Dustin P. Smith
    Erin E. Diers
    Elizabeth A. Beitler
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Email: anson.frelinghuysen@hugheshubbard.com
      dustin.smith@hugheshubbard.com
      erin.diers@hugheshubbard.com
      elizabeth.beitler@hugheshubbard.com

*Counsel to Gemini Trust Company, LLC*