**Hearing Date and Time: March 6, 2024 at 11:00 A.M. (ET)**
**Objection Deadline: February 26, 2024 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

---

**THIS OBJECTION SEEKS TO DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR KATHARINE ROSS, ESQ.,
KROSS@CGSH.COM**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**NOTICE OF HEARING ON DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY AND INSUFFICIENT DOCUMENTATION)**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that February 5, 2024 the Debtors filed the *Debtors' Twenty-Second Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Insufficient Documentation)* (the "Twenty-Second Omnibus Objection"). A hearing (the "Hearing") on the Twenty-Second Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **March 6, 2024, at 11:00 a.m. (Prevailing Eastern Time)**, and will be conducted through Zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. *See* Claims Procedures Order at 3.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom Hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Twenty-Second Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **February 26, 2024, at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.[3]

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Twenty-Second Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A**

---

[2]     Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

[3]     See paragraph 20 of the Nineteenth Omnibus Objection regarding submission of Responses written and signed by a claimant themselves rather than by an attorney on behalf of the claimant.

to the Twenty-Second Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE copies of the Twenty-Second Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

PLEASE TAKE FURTHER NOTICE that the Hearing may affect your rights. Please read the Twenty-Second Omnibus Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

PLEASE TAKE FURTHER NOTICE that if you oppose the relief requested in the Twenty-Second Omnibus Objection, or if you want the Court to hear your position on the Twenty-Second Omnibus Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Twenty-Second Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:    February 5, 2024
New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND**
**FED. R. BANKR. P. 3007 (NO LIABILITY AND INSUFFICIENT DOCUMENTATION)**

    TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "**TWENTY-SECOND OMNIBUS OBJECTION**" OR "**OBJECTION**"):

- **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBIT 1 TO THE PROPOSED ORDER.**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those certain claims listed on Exhibit 1 (the "No Liability Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Objection Procedures Order") and seek entry of the Proposed Order disallowing and expunging the No Liability Claims. In support of this Objection, the Debtors submit the *Declaration of Paul Kinealy in Support of the Debtors' Twenty-Second Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Insufficient Documentation)* (the "Kinealy Declaration"), attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## BACKGROUND

**A.      Debtors' Business and Procedural History**

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services.  Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc.  Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and*

*Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (together, the "First Day Declarations").[2]

3.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

5.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

6.     The General Bar Date passed on May 22, 2023.  As of January 29, 2024, 1,418 proofs of claim have been filed against the Debtors.

**B.     The Claims Resolution Process**

7.     In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

8.     The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694) (the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors.  The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents).  The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

9.     The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance.  To reduce the number of Claims, and to avoid improper recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of the Debtors' upcoming solicitation, the Debtors

will continue to file omnibus objections to such categories of claims if and where warranted.  This Objection is one such omnibus objection.

10.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007.  The Debtors submit that this Objection and the notice provided to the Gemini Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

## RELIEF REQUESTED

11.     For the reasons set forth below, the Debtors object to each of the No Liability Claims on the basis that they are not prima facie valid because they (i) fail to sufficiently specify the basis for the Claim and do not include any documentation to enable the Debtors to ascertain the validity of the Claim and (ii) are otherwise inconsistent with or contradict the Debtors' Books and Records insofar as they are not reflected in the Debtors' Books and Records.[3]  By this Objection, the Debtors respectfully request that the Court enter the Proposed Order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing in full each of the No Liability Claims.

## BASIS FOR RELIEF

12.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In*

---

[3]     Further, the No Liability Claims marked with an asterisk on Exhibit 1 to the Proposed Order were filed after the General Bar Date.  Pursuant to section 502(b) of the Bankruptcy Code, a claimant's failure to timely file a proof of claim provides an additional, independent basis for disallowance of that claim.  *See* 11 U.S.C. § 502(b).  Bankruptcy Rule 3007 also expressly allows a debtor to file an omnibus objection to claims on the basis that "they were not timely filed."  *See* Fed. R. Bankr. Pro. 3007.  To the extent that the No Liability Claims were filed after the General Bar Date, such Claims are untimely and should also be disallowed and expunged on that basis.  *See, e.g., In re Roman Catholic Diocese of Rockville Centre, N.Y.*, Case No. 20-12345 (MG), 2023 WL 4497418, at *12 (Bankr. S.D.N.Y. July 1, 2023) (disallowing late-filed claims); *In re Ditech Holding Corp.*, Case No. 19-10412 (JLG), 2023 WL 3265089, at *15 (Bankr. S.D.N.Y. May 4, 2023) (same).

*re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019). Where the claimant alleges

sufficient facts to support its claim, its claim is afforded prima facie validity. *See id*. A party

wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima

facie validity. *Id*. Once the objecting party produces such evidence, the burden shifts back to the

claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. The

burden of persuasion is always on the claimant. *Id*.

13.     Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed

to the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law." 11 U.S.C. § 502(b)(1). Bankruptcy Rule 3007(d) and the

Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim

on non-substantive bases, including because such claims "[are] inconsistent with or contradict[]

the Debtors' books and records" and "fail[] to sufficiently specify the basis for the claim or does

not include sufficient documentation to ascertain the validity of the claim[.]" Claims Objection

Procedures Order at ¶¶ 1(a)(i) and (v). The Claims Objection Procedures Order further permits

the Debtors to file an omnibus objection to claims that "seek recovery of amounts for which the

Debtors are not liable." Claims Objection Procedures Order ¶ 1(a)(iii).

14.     Courts in this district have previously disallowed and expunged claims filed against

a debtor where such debtor has determined, after a thorough review and analysis of its Books and

Records and the supporting documentation provided, it is not liable. *See, e.g.*, Order, *In re LATAM*

*Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. January 2, 2022) (ECF No. 3997); *see*

*also In re Sunedison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2021) (ECF No.

6362) (disallowing and expunging no liability claims); *In re Nine West Holdings, Inc*., Case No.

18-10847 (SCC) (Bankr. S.D.N.Y. May 21, 2019) (ECF No. 1483) (same); *In re Avaya Inc.*, Case

No. 17-10089 (SMB) (Bankr. S.D.N.Y. Nov. 13, 2017) (ECF No. 1889) (same).  This Court has

also previously disallowed and expunged claims filed against the Debtors in these Chapter 11

Cases on the same basis.  *See Order Granting Debtors' Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1170).

## OBJECTION

15.    The Debtors and/or their advisors have reviewed the Claims Register, the No

Liability Claims, and the Debtors' Books and Records.  *See* Ex. B, Kinealy Decl. ¶ 4.  Through

this review, the Debtors have determined, with the help of Alvarez and Marsal North America

LLC ("A&M"), the Debtors' financial advisor, that the No Liability Claims identified on Exhibit

1 to the Proposed Order (i) fail to sufficiently specify the basis of the alleged liability against the

Debtors and provide any documentation to enable the Debtors and their advisors to ascertain their

validity and (ii) are otherwise inconsistent with or contradict the Debtors' Books and Records in

that they are not reflected in the Debtors' Books and Records.  *See* Ex. B, Kinealy Decl. ¶ 5.

16.    Because the No Liability Claims fail to sufficiently specify the basis for the alleged

liability asserted against the Debtors and provide sufficient documentation to ascertain their

validity, and the Debtors are otherwise unable to verify the asserted liability through a review of

their Books and Records, the No Liability Claims addressed in this Objection do not meet the

standards for prima facie validity and, to avoid impermissible recoveries, the Debtors request that

the Court disallow and expunge each of the No Liability Claims in its entirety.

## SEPARATE CONTESTED MATTERS

17.    To the extent that a response is filed regarding any No Liability Claims listed in

this Objection and the Debtors are unable to resolve the response, such No Liability Claims and

the Objection by the Debtors to such claim asserted herein shall constitute a separate contested

matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding this

Objection shall be deemed a separate order with respect to each No Liability Claims.

<u>**RESPONSES TO OMNIBUS OBJECTION**</u>

18.    To contest this Objection, a Claimant must file and serve a written response to this

Objection (a "<u>Response</u>") so that it is received no later than **4:00 P.M.** (prevailing Eastern Time)

on **February 26, 2024** (the "<u>Response Deadline</u>").  Every Response must be filed electronically

with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the

"<u>Docket</u>") and served upon the following entities so that the Response is received no later than the

Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., and Jane VanLare, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, and jvanlare@cgsh.com
>
> -and-
>
> Genesis Global Holdco, LLC
> 175 Greenwich St., 38th Fl.
> New York, NY 10007
> Attn: Arianna Pretto-Sakmann
> Arianna@Genesistrading.com
>
> -and-
>
> White & Case LLP
> 1221 Avenue of the Americas
> New York, NY 10020
> Attn: Philip Abelson, Esq.
> philip.abelson@whitecase.com
>
> -and-
>
> Bankruptcy Court of the Southern District of New York
> Chambers of Judge Sean H. Lane
> 300 Quarropas Street
> White Plains, NY 10610

Attn: Chambers of Judge Sean H. Lane

19.    Every Response to this Objection must contain, at minimum, the following information:

>    a.    A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;

>    b.    The name of the Claimant and description of the basis for the Claim;

>    c.    The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

>    d.    A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection

>    e.    Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);

>    f.    The address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in your Proof of Claim; and

>    g.    The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

20.    Additionally, where a Claimant sends the Court a written Response that is not signed by an attorney, and the Claimant does not file the Response on the docket, the Claimant **must** include with its Response a completed Court Communication Form (as defined, and in accordance with the requirements set forth, in the *Notice of Protocol for Written Communications to the Bankruptcy Court by Creditors*, ECF No. 1094 (the "Written Communications Protocol")) authorizing the Court to file the Response on the Court docket and acknowledging that the Claimant's name and any contact information included in the Response as well as in the Court Communication Form will be publicly available. The Court Communication Form is attached as Exhibit A to the Written Communications Protocol. **Failure to include a completed Court**

**Communication Form or to consent to this acknowledgement will result in the Response not being filed on the docket or considered by the Court.** Written Communications Protocol at 2.

21.     If any Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the No Liability Claims, without further notice to the Claimant or a hearing.

## REPLIES TO RESPONSES

22.     The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

23.     The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

24.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the No Liability Claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to each of the No Liability Claims identified in Exhibit 1 to the Proposed Order.  The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the No Liability Claims set forth on Exhibit 1 at a later time, to the extent consistent with the Claims Objection Procedures Order.

25.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

## NOTICE

26.     The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

27.     No prior request for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left blank intentionally]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

Dated:  February 5, 2024
New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER GRANTING DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY AND INSUFFICIENT DOCUMENTATION)

Upon the *Debtors' Twenty-Second Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Insufficient Documentation)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging in full each of the No Liability Claims identified on Exhibit 1 attached hereto (the "Order"); and upon the *Declaration of Paul Kinealy in Support of Debtors' Twenty-Second Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Insufficient Documentation)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the No Liability Claims; and adequate notice of the Objection having been given

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the No Liability Claims identified on Exhibit 1 attached hereto.

2.      Each of the No Liability Claims identified on Exhibit 1 is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.      This Order shall be deemed a separate Order with respect to each of the No Liability Claims identified on Exhibit 1.  Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

5.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors of the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors of the Official Committee of Unsecured Creditors under the Bankruptcy Code or any other applicable law.

6.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
        White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**No Liability Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Twenty-Second Omnibus Objection**
**Exhibit 1 - No Liability**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 1 | NAME REDACTED<br>ADDRESS REDACTED | 1373 | Genesis Global Holdco, LLC | 1/4/2024* | SOL 1.798734<br>USD 1.798734† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 2 | NAME REDACTED<br>ADDRESS REDACTED | 1348 | Genesis Global Holdco, LLC | 12/27/2023* | STORJ 1,002<br>DOGE 2,451<br>ETH 2.37<br>FTM 1,537<br>FET 987<br>UNI 49<br>LTC 5.1<br>USD 10,000 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 3 | NAME REDACTED<br>ADDRESS REDACTED | 1357 | Genesis Global Holdco, LLC | 12/29/2023* | AMP 67,526.87<br>APE 53.44<br>MATIC 5,704.08<br>BTC 0.85<br>GRT 12,493.32<br>FTM 4,647.21<br>USD 54,000† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 4 | NAME REDACTED<br>ADDRESS REDACTED | 1342 | Genesis Global Holdco, LLC | 12/25/2023* | DAI 36.786222<br>LINK 0.969508<br>DOGE 1,039.46055854<br>SAND 121.651939<br>XRP 790<br>USD 749 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 5 | NAME REDACTED<br>ADDRESS REDACTED | 1391 | Genesis Global Capital, LLC | 1/10/2024* | BTC 0.01987267<br>ETH 0.596433† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 6 | NAME REDACTED<br>ADDRESS REDACTED | 1411 | Genesis Global Holdco, LLC | 1/19/2024* | ETH 0.10291965<br>USD 160.35 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Twenty-Second Omnibus Objection**
**Exhibit 1 - No Liability**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 7 | NAME REDACTED ADDRESS REDACTED | 1400 | Genesis Global Holdco, LLC | 1/14/2024* | USD 200 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 8 | NAME REDACTED ADDRESS REDACTED | 1384 | Genesis Global Holdco, LLC | 1/8/2024* | MATIC 976 SOL 58 SAND 315 AUDIOS 1,482 USD 8,000 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 9 | NAME REDACTED ADDRESS REDACTED | 1388 | Genesis Global Holdco, LLC | 1/10/2024* | MATIC 510.21 REN 914.48 SOL 5.3031 ETH 3.397234 USD 5,864 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 10 | NAME REDACTED ADDRESS REDACTED | 1417 | Genesis Global Capital, LLC | 1/25/2024* | AMP 6,006† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 11 | NAME REDACTED ADDRESS REDACTED | 1313 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 12/19/2023* | XRP 1,000 USD 500 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 12 | NAME REDACTED ADDRESS REDACTED | 1410 | Genesis Global Holdco, LLC | 1/19/2024* | USD 305.67 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 13 | NAME REDACTED ADDRESS REDACTED | 1381 | Genesis Global Holdco, LLC | 1/8/2024* | USD 1,200 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 14 | NAME REDACTED ADDRESS REDACTED | 1383 | Genesis Global Holdco, LLC | 1/8/2024* | MATIC 1,089.01550114 BTC 3.08157833 LINK 123.71197227 ETH 47.38313324† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Twenty-Second Omnibus Objection**
**Exhibit 1 - No Liability**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 15 | NAME REDACTED ADDRESS REDACTED | 1379 | Genesis Global Holdco, LLC | 1/7/2024* | BTC 0.14186845 ETH 1.764893 LTC 6.323631† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 16 | NAME REDACTED ADDRESS REDACTED | 1362 | Genesis Global Holdco, LLC | 12/31/2023* | 1INCH 516.32671276 LRC 558.3301198 AMP 32,227 CRV 85.20470729 SNX 77.33376844 FIL 324.97030532 RAY 242.078122 USD 3,109 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 17 | NAME REDACTED ADDRESS REDACTED | 1308 | Genesis Global Holdco, LLC | 12/18/2023* | BTC 0.0034 LINK 40.37† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 18 | NAME REDACTED ADDRESS REDACTED | 1344 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 12/26/2023* | BTC 0.01633455 ETH 0.323435† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 19 | NAME REDACTED ADDRESS REDACTED | 1343 | Genesis Global Holdco, LLC | 12/26/2023* | DAI 112.235248 BTC 0.0035378† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 20 | NAME REDACTED ADDRESS REDACTED | 1341 | Genesis Global Holdco, LLC | 12/24/2023* | USD 2,800 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 21 | NAME REDACTED ADDRESS REDACTED | 1369 | Genesis Global Holdco, LLC | 1/3/2024* | DOGE 0.035596 ETC 0.000002 FIL 10.583131 USD 1,162.64 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 22 | NAME REDACTED ADDRESS REDACTED | 1405 | Genesis Global Holdco, LLC | 1/17/2024* | MATIC 5,000 USD 4,873 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Twenty-Second Omnibus Objection**
**Exhibit 1 - No Liability**

## <u>CLAIMS TO BE DISALLOWED</u>

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 23 | NAME REDACTED ADDRESS REDACTED | 1370 | Genesis Global Capital, LLC | 1/3/2024* | USD 900 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 24 | NAME REDACTED ADDRESS REDACTED | 1394 | Genesis Global Capital, LLC | 1/11/2024* | USD 1,100† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 25 | NAME REDACTED ADDRESS REDACTED | 1364 | Genesis Global Capital, LLC | 1/1/2024* | BAT 70.1383666 USD 184.36 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 26 | NAME REDACTED ADDRESS REDACTED | 1399 | Genesis Global Holdco, LLC | 1/14/2024* | BTC 1 FIL 1 USD 500 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 27 | NAME REDACTED ADDRESS REDACTED | 1309 | Genesis Global Holdco, LLC | 12/18/2023* | BTC 0.03355312 ETH 0.03395239 USD 1,750† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 28 | NAME REDACTED ADDRESS REDACTED | 1358 | Genesis Global Holdco, LLC | 12/29/2023* | USD 3,500 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 29 | NAME REDACTED ADDRESS REDACTED | 1338 | Genesis Global Capital, LLC | 12/23/2023* | USD 400 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

## **EXHIBIT B**

**Kinealy Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## DECLARATION OF PAUL KINEALY
## IN SUPPORT OF DEBTORS' TWENTY-SECOND OMNIBUS
## OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
## PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007
## (NO LIABILITY AND INSUFFICIENT DOCUMENTATION)

I, Paul Kinealy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

## BACKGROUND

1.      I am a Senior Director at Alvarez and Marsal North America, LLC ("A&M"), the financial advisor for the above-captioned Debtors.

2.      In my capacity as Senior Director, I am authorized to submit this Declaration in support of the *Debtor's Twenty-Second Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Insufficient Documentation)* (the "Objection").[2]

3.      I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and Books and Records and am responsible for overseeing the review and analysis of claims filed in the Debtors' Chapter 11 Cases. All facts set forth herein are based on my personal

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

knowledge, my review or the review of employees of A&M of the Claims and other relevant documents or information provided by the Debtors' employees and advisors. If I were called upon to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees of A&M, personally reviewed the No Liability Claims (as defined below) on Exhibit 1 to the Proposed Order as part of the claims reconciliations process in these Chapter 11 Cases.

**FACTUAL BASIS OF OBJECTION**

4.      Either I or one or more of the Debtors' employees or advisors operating at A&M's direction have reviewed the Claims Register, the Debtors' Books and Records, each of the No Liability Claims identified on Exhibit 1 to the Proposed Order and the facts and circumstances set forth in the Objection regarding such Claims.

5.      We have determined that for the No Liability Claims identified in Exhibit 1 to the Proposed Order, no supporting information sufficient to identify the basis for the asserted liability or ascertain its validity was provided by the Claimant, and the Debtors' Books and Records otherwise do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim recovery against the Debtors. As the No Liability Claims do not have sufficient supporting documentation and are not found within the Debtors' Books and Records, there is no liability against the Debtors for such Claims.

6.      Of the No Liability Claims, only one—Claim No. 1411—included any supporting documentation. Affixed to Claim No. 1411 is a chart showing purported transfers in U.S. Dollars and Ethereum. The chart, however, does not include a counterparty name, account number, or otherwise provide any information sufficient to identify the basis for the Claimant's purported

liability against Holdco.    The remaining No Liability Claims provide no supporting documentation.

7.    I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the No Liability Claims identified on <u>Exhibit 1</u> to the Proposed Order should be disallowed in full.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on February 5, 2024                */s/ Paul Kinealy*
                                             Paul Kinealy