**Proposed Hearing Date, Time: March 6, 2024 at 11:00 AM (Prevailing Eastern Time)**
**Proposed Objection Deadline: February 13, 2024 at 4:00 PM (Prevailing Eastern Time)**

**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
J. Greer Griffith
Lucas B. Barrett
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**MCDERMOTT WILL & EMERY LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Genesis*
*Crypto Creditors Ad Hoc Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Genesis Global Holdco, LLC., *et al.*,[1] | ) | Case No. 23-10063 (SHL) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF MOTION OF THE GENESIS CRYPTO CREDITORS AD HOC GROUP**
**FOR ENTRY OF AN ORDER AUTHORIZING REDACTION AND THE FILING OF**
**CERTAIN INFORMATION UNDER SEAL AND GRANTING RELATED RELIEF**

   **PLEASE TAKE NOTICE** that, on the date hereof, the Genesis Crypto Creditors Ad

Hoc Group (the "CCAHG") filed the *Motion of the Genesis Crypto Creditors Ad Hoc Group*

*for Entry of an Order Authorizing Redaction and the Filing of Certain Information Under Seal*

*and Granting Related Relief* (the "Motion").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**PLEASE TAKE FURTHER NOTICE** that the undersigned counsel will present the Motion to the Honorable Sean H. Lane, United States Bankruptcy Court for the Southern District of New York (the "Court"), at a hearing to be held virtually on Zoom on March 6, 2024, at 11:00 a.m. (Eastern Time) (the "Hearing"). Parties wishing to appear at the Hearing, whether making a "live" or "listen only" appearance before the Court, need to make an electronic appearance through the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances no later than 4:00 p.m. (Eastern Time), one business day prior to the Hearing. Outlook invitations for the Hearing will be sent shortly thereafter.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "Objections") shall: (a) be in writing; (b) conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, all General Orders applicable to Chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44]; (c) be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC, et al.*, No. 23-10063 (SHL) by registered users of the Court's electronic filing system and in accordance with all General Orders applicable to Chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York (which are available on the Court's website at http://www.nysb.uscourts.gov); and (d) be served so as to be actually received by February 13, 2024 at 4:00 p.m. (Eastern Time) (the "Objection Deadline"), by (i) the CCAHG; (ii) entities on the Master Service List available on the case website of the above-captioned debtors and debtors-in-possession, and (iii) any other person or entity with a particularized interest in the subject matter of this Motion.

**PLEASE TAKE FURTHER NOTICE** that only those objections that are timely filed, served, and received will be considered at the Hearing. Failure to file a timely objection may result in the entry of an order granting the relief requested in the Motion without further notice.

2

Failure to attend the Hearing may result in relief being granted or denied upon default. In the event that no objection to the Motion is timely filed and served, the relief requested in the Motion may be granted without a hearing before the Court.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion may be obtained from the Court's website, https://nysb.uscourts.gov, in accordance with the procedures and fees set forth therein, or obtained free of charge by visiting the website of Kroll Restructuring Administration, https://restructuring.ra.kroll.com/genesis.

Dated: February 5, 2024
New York, New York

MCDERMOTT WILL & EMERY LLP

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
J. Greer Griffith
Lucas B. Barrett
One Vanderbilt Avenue
New York, NY 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
E-mail: dazman@mwe.com
E-mail: jbevans@mwe.com
E-mail: ggriffith@mwe.com
E-mail: lbarrett@mwe.com

*- and -*

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805
E-mail: gsteinman@mwe.com

*Counsel to the Genesis*
*Crypto Creditors Ad Hoc Group*

**McDermott Will & Emery LLP**
Darren Azman
Joseph B. Evans
J. Greer Griffith
Lucas B. Barrett
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**McDermott Will & Emery LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Genesis Crypto Creditors*
*Ad Hoc Group*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Genesis Global Holdco, LLC., *et al.*,[1] | ) | Case No. 23-10063 (SHL) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**MOTION OF THE GENESIS CRYPTO CREDITORS AD HOC GROUP FOR ENTRY
OF AN ORDER AUTHORIZING REDACTION AND THE FILING OF CERTAIN
INFORMATION UNDER SEAL AND GRANTING RELATED RELIEF**

The Genesis Crypto Creditors Ad Hoc Group (the "CCAHG") hereby submits this motion

(the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the

"Proposed Order"), authorizing the CCAHG to: (a) redact and file under seal certain commercially

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and
Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the
Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

sensitive and personally identifying information (collectively, the "Redacted Information") contained in: (i) two Fact Declarations and Supporting Exhibits in Support of the CCAHG's Objection to Confirmation of the Debtors' Amended Joint Chapter 11 Plan of Reorganization [Docket Nos. 1238-1, 1246] (collectively, the "Fact Declarations"); (ii) the *Genesis Crypto Creditors Ad Hoc Group Objection to the Amended Joint Chapter 11 Plan of Genesis Global Holdco, LLC, Genesis Global Capital, LLC, and Genesis Asia Pacific Pte. Ltd.* [Docket No. 1238] (along with all exhibits thereto, the "Objection"); and (iii) the *Notice of Filing of Corrected Exhibit B to the Genesis Crypto Creditors Ad Hoc Group's Objection to Confirmation of the Amended Joint Chapter 11 Plan of Genesis Global HoldCo, LLC, Genesis Global Capital, LLC, and Genesis Asia Pacific PTE. Ltd.* [Docket No. 1246] (along with all exhibits thereto, the "Notice", and together with the Objection and the Fact Declarations, the "Filings"); and (b) provide unredacted versions of the Filings to (i) the Court, (ii) the United States Trustee for the Southern District of New York, (iii) Cleary Gottlieb Steen & Hamilton LLP, as counsel to Genesis Global Holdco, LLC and its affiliated debtors (the "Debtors"), (iv) White & Case LLP, as counsel to the official committee of unsecured creditors (the "Committee"), and (vi) the Ad Hoc Group of Genesis Lenders (collectively, the "Receiving Parties"). In support of this Motion, the CCAHG respectfully states as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 9013-1 and 9018-1of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

3.      On January 19, 2023 (the "Petition Date"), each of the Debtors commenced the Chapter 11 Cases. The Chapter 11 Cases are being jointly administered for procedural purposes only.

4.      On February 3, 2023, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Committee.

5.      The Filings contain a litany of personally identifying and sensitive financial information of the members of the CCAHG. Disclosure of this information would not only cause harm to the members of the CCAHG due to the confidential nature of the information, but also could lead to the identities of the members of the CCAHG being publicly identified.

6.      The CCAHG seeks to file the Fact Declarations and Objection under seal in order to protect the identities and sensitive financial information of the members of the CCAHG. The CCAHG has shared the proposed redactions of the Fact Declarations and previewed the proposed redactions sought in the Objection with the U.S. Trustee and the Debtors. The CCAHG understands that the Debtors do not object to the redactions and the Motion and are reserving their right to seek additional redactions. The U.S. Trustee has not consented to or objected to the proposed redactions to date. The CCAHG will continue to work with the U.S. Trustee and the Debtors to the extent the U.S. Trustee has any objection to the redactions or any additional redactions are sought.

3

## RELIEF REQUESTED

7.      The CCAHG respectfully requests entry of the Proposed Order authorizing the

CCAHG to: (a) redact and file under seal certain information contained within the Filings, and (b)

provide unredacted versions of the Filings to the Receiving Parties.

## BASIS FOR RELIEF REQUESTED

8.      Bankruptcy Code section 105(a) codifies the inherent equitable powers of the

bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment

that is necessary or appropriate to carry out the provisions of this title." Section 107(b) provides

bankruptcy courts with the power to issue orders that will protect entities from potential harm that

may result from the disclosure of certain confidential information.[2] This section provides, in

relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy

court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or

confidential research, development, or commercial information."[3] Bankruptcy Rule 9018 provides

that, upon motion, "the court may make any order which justice requires . . . to protect the estate

or any entity in respect of a trade secret or other confidential research, development, or commercial

information."[4]

9.      If the material sought to be protected satisfies one of the categories identified in

Bankruptcy Code section 107(b), "the court is *required* to protect a requesting party and has no

discretion to deny the application."[5]  Unlike its counterpart in Rule 26(c) of the Federal Rules of

---

[2]   *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

[3]   11 U.S.C. § 107(b)(1).

[4]   Fed. R. Bankr. P. 9018.

[5]   *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original).

Civil Procedure, Bankruptcy Code section 107(b) does not require a party to demonstrate "good cause."[6] "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose."[7] Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes."[8]

10.    The Bankruptcy Code does not define "commercial" or "confidential." The Second Circuit has defined information to be "confidential commercial information" if: (a) the information concerns an entity's business, and (b) disclosure of the information would give competitors an unfair advantage.[9] The information need not rise to the level of a trade secret to be protected under Bankruptcy Code section 107(b).[10] Confidential commercial information includes information whose "disclosure would have a chilling effect on [business] negotiations, ultimately affecting the viability of Debtors."[11]

11.    The financial information contained within the Filings is precisely the type of confidential commercial information that is properly protected under Bankruptcy Code section 107(b). What is more, the information in the Filings could be used to identify the members of the CCAHG, which itself could lead to significant harm as recognized by the Court in the *Memorandum Decision* [Docket No. 581]. In light of these concerns, the CCAHG submits that

---

[6]    *Id.* at 28.

[7]    *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

[8]    *Orion Pictures*, 21 F.3d at 27.

[9]    *See, e.g.*, *In re Orion Pictures Corp.*, 21 F.3d at 27 ("Commercial information has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" (quoting *Ad Hoc Protective Comm. for 10½% Debenture Holders v. Itel Corp.* (*In re Itel Corp.*), 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982))).

[10]    *In re Barney's, Inc.*, 201 B.R. 703, 708–709 (Bankr. S.D.N.Y. 1996) (citing *In re Orion Pictures Corp.*, 21 F.3d at 26) (information need only be "so critical to the operations of the entity [requesting its protection from disclosure] that its disclosure will unfairly benefit the entity's competitors.").

[11]    *In re Borders Grp., Inc.*, 462 B.R. 42, 47–48 (Bankr. S.D.N.Y. 2011) (internal quotations omitted).

ample cause exists to seal the Redacted Information and requests that the Court enter an order granting the same.

## NOTICE

12.     The CCAHG has provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44]. The CCAHG submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the CCAHG respectfully requests that the Court enter the Proposed Order granting the relief requested herein and such other relief that is necessary or appropriate in these circumstances.

Dated:   New York, New York
         February 5, 2024

McDermott Will & Emery LLP

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
J. Greer Griffith
Lucas B. Barrett
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

-and-

Gregg Steinman (*pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Genesis Crypto Creditors Ad Hoc Group*

6

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Genesis Global Holdco, LLC., *et al.*,[1] | ) | Case No. 23-10063 (SHL) |
| | ) | |
| | ) | (Jointly Administered) |
| | ) | |

## ORDER AUTHORIZING REDACTION AND THE FILING OF CERTAIN INFORMATION UNDER SEAL AND GRANTING RELATED RELIEF

Upon the *Motion of the Genesis Crypto Creditors Ad Hoc Group for Entry of an Order Authorizing Redaction and the Filing of Certain Information under Seal and Granting Related Relief* (the "Motion");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having the power to enter a final order consistent with Article III of the United States Constitution; and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and sufficient notice and opportunity for a hearing having been given; and no other or further notice being required; and the Court having reviewed the Motion; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The CCAHG is authorized: (i) to file the Filings on the public docket of this case, each in their redacted form, and (ii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, a hard copy and an electronic copy of the Filings in their entirety, in each case clearly

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]   Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Motion.

labeled "FILED UNDER PENDING MOTION TO SEAL."

3.    The CCAHG is authorized to provide unredacted copies of the Filings to each of the Receiving Parties.

4.    Unredacted versions of the Filings shall not be made available to any party that is not one of the Receiving Parties without the CCAHG's written consent or further order of the Court.

5.    To the extent that Redacted Information is attached or referred to in any further pleadings or document filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

6.    The Redacted Information shall remain under seal until the closing of the Debtors' cases, at which time the Clerk's Office shall release any hard copies of or electronic storage device containing the unredacted Filings to the CCAHG or, alternatively, destroy any copies of the Fact Declarations or Objection in a manner consistent with the need to preserve confidentiality.

7.    The CCAHG shall submit an unsealed copy of the Filings to the Clerk of this Court under seal in an envelope, clearly marked to indicate that the same has been filed under seal by order of this Court.

8.    This Order is without prejudice to the rights of any party in interest, or the U.S. Trustee, to seek to unseal the Redacted Information.

9.    Notwithstanding any procedural rule to the contrary, this order shall become effective immediately on its entry.

10.    This Court retains jurisdiction of any matter arising from or relating to the implementation, interpretation, or enforcement of this Order.

2

Dated: February ___, 2024
       New York, New York

_____
THE HONORABLE SEAN H LANE
UNITED STATES BANKRUPTCY JUDGE