UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:* | Case No. 23-10063 (SHL) |
| **Genesis Global Holdco, LLC,** *et al.***,** | Chapter 11 |
| Debtors.[1] | (Jointly Administered) |

EIGHTH STIPULATION AND
AGREED ORDER FURTHER EXTENDING TIME
TO TAKE ACTION, TO THE EXTENT NECESSARY, TO
DETERMINE THE NONDISCHARGEABILITY OF A DEBT OWING
TO A GOVERNMENTAL UNIT PURSUANT TO 11 U.S.C. §1141(d)(6)

**WHEREAS**, the Parties[2] entered into that certain *Stipulation and Agreed Order Extending Time to Take Action, to the Extent Necessary, to Determine the Nondischargeability of a Debt Owing to a Governmental Unit Pursuant to 11 U.S.C. §1141(d)(6)* [ECF No. 415] dated June 11, 2023 (the "First Stipulation"), extending the date by which the NYAG must file its complaint or take action that may be required, if any, in these Chapter 11 Cases to determine the nondischargeability of a debt, pursuant to Section 1141(d)(6) or Section 523 of the Bankruptcy Code to July 31, 2023 ("Nondischargeability Deadline"), which was approved by the Court on July 12, 2023 [ECF No. 495];

---

[1] The Debtors in these Chapter 11 cases and the last four digits of each Debtor's taxpayer identification number are as follows: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the First Stipulation.

1

**WHEREAS,** on July 25, 2023, the Parties stipulated to further extend the Nondischargeability Deadline to August 31, 2023 [ECF No. 539], which was approved by the Court on August 3, 2023 [ECF No. 576] (the "Second Stipulation");

**WHEREAS,** on August 29, 2023, the Parties stipulated to further extend the Nondischargeability Deadline to September 29, 2023 [ECF No. 631], which was approved by the Court on October 2, 2023 [ECF No. 768] (the "Third Stipulation");

**WHEREAS,** on September 29, 2023, the Parties stipulated to further extend the Nondischargeability Deadline to October 31, 2023 [ECF No. 766], which was approved by the Court on October 23, 2023 [ECF No. 825] (the "Fourth Stipulation");

**WHEREAS,** on October 31, 2023, the Parties stipulated to further extend the Nondischargeability Deadline to November 30, 2023 [ECF No. 869], which was approved by the Court on December 18, 2023 [ECF No. 1052] (the "Fifth Stipulation");

**WHEREAS,** on November 22, 2023, the Parties stipulated to further extend the Nondischargeability Deadline to December 29, 2023 [ECF No. 970], which was approved by the Court on December 18, 2023 [ECF No. 1053] (the "Sixth Stipulation");

**WHEREAS,** on December 27, 2023, the Parties stipulated to further extend the Nondischargeability Deadline to January 31, 2024 [ECF No. 1088], which was approved by the Court on January 5, 2024 [ECF No. 1129] (the "Seventh Stipulation");

**WHEREAS,** the NYAG now seeks a further extension of the Nondischargeability Deadline, and without binding precedent in this jurisdiction on this issue, and in order to avoid unnecessary litigation, the undersigned parties nonetheless jointly seek a further extension of the

Section 523(c)/Rule 4007(c) deadline out of an abundance of caution, without prejudice to the NYAG's right to seek further extensions (this "Eighth Stipulation");

Based on the foregoing stipulation of the parties, it is ORDERED that:

1. To the extent Section 523(c) or Rule 4007(c) applies, the date by which the NYAG must file its complaint or take other action that may be required, if any, in these Chapter 11 cases to determine the nondischargeability of a debt, pursuant to Section 1141(d)(6) of the Bankruptcy Code, shall be February 29, 2024, or such later date as may be ordered by the Court, without prejudice to the NYAG's right to seek further extensions of the date.

2. This Eighth Stipulation represents the entire agreement by and between the Parties with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Eighth Stipulation.

3. Other than as set forth in paragraphs 1 and 2 hereof, nothing in this Eighth Stipulation shall, or is intended to, modify any terms, conditions or provisions of the First Stipulation, the Second Stipulation, the Third Stipulation, the Fourth Stipulation, the Fifth Stipulation, the Sixth Stipulation, or the Seventh Stipulation and all such terms, conditions and provisions of the First Stipulation, the Second Stipulation, the Third Stipulation, the Fourth Stipulation, the Fifth Stipulation, the Sixth Stipulation, and the Seventh Stipulation shall continue to apply to this Eighth Stipulation.

IT IS SO ORDERED.

Dated: February 7, 2024         */s/ Sean H. Lane*
      White Plains, New York    THE HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE

**IN WITNESS WHEREOF**, the Parties, by their respective authorized counsel, have executed this Eighth Stipulation as of the date written below:

Dated:   January 29, 2024
         New York, New York

By: */s/ Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

*/s/ Gabriel Tapalaga*
Gabriel Tapalaga
New York State Office of the Attorney General
28 Liberty Street
New York, New York 10005
Telephone: (212) 416-6177

*Counsel to the New York State Office of the Attorney General*