CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and
Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION TO SHORTEN THE NOTICE PERIOD
WITH RESPECT TO THE DEBTORS' MOTION FOR ENTRY OF AN
ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE
DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

Genesis Global Holdco, LLC and its affiliated debtors Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. (collectively, the "Debtors"), as debtors and debtors-in-possession in the above-captioned cases (the "Chapter 11 Cases"), hereby submit this motion (the "Motion to Shorten"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

Procedure (the "Bankruptcy Rules") and Rules 9006-1 and 9077-1 of the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Local Rules"), shortening the notice period to consider the approval of the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (the "Settlement Motion")[2], filed contemporaneously herewith. In support of this Motion to Shorten, the Debtors rely upon the *Declaration of Sean A. O'Neal in Support of the Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General*, attached hereto as **Exhibit B** (the "Declaration"), which is incorporated herein by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1.

## BACKGROUND

2. On January 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are

---

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Settlement Motion or Settlement Agreement.

- 2 -

jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases, ECF No. 55.

## RELIEF REQUESTED

3. By this Motion to Shorten, the Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, shortening the notice required to be provided with respect to the hearing to consider the approval of the Settlement Motion pursuant to Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1.

4. The Settlement Motion seeks an order from this Court approving the Settlement Agreement, which resolves the NY Action as it relates to the Debtors and the Proofs of Claim and provides, among other things, that NYAG shall have an allowed general unsecured claim against each of (i) GGH, (ii) GGC, and (iii) GAP (collectively, the "Allowed NYAG Claims") in an aggregate amount equal to the NYAG Claims Amount (as defined in the Settlement Agreement), which shall be paid after all other allowed administrative expenses, secured, priority, and general unsecured claims, subject to limited exceptions set forth in the Settlement Agreement, as set forth in more detail in the Settlement Agreement and the Settlement Motion.[3]

5. The Debtors request that the Court shorten the notice period required to allow the hearing to consider the relief requested in the Settlement Motion to take place on **February 14, 2024 at 10:00 a.m. (prevailing Eastern Time)**.

---

[3] Any summary of the Settlement Agreement contained herein is solely for illustrative purposes and is qualified in its entirety by the actual terms and conditions of the Settlement Agreement. To the extent that there is any conflict between any summary contained herein and the actual terms and conditions of the Settlement Agreement, the actual terms and conditions of the Settlement Agreement shall control.

**BASIS FOR RELIEF**

6.      Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1 authorize the Court, for cause shown, to reduce the notice period required for a hearing to consider approval of the Settlement Motion.  Fed. R. Bankr. P. 9006(c)(1); Local Bankr. R. 9006-1, 9077-1.  The Debtors submit that there is ample cause to reduce the notice period.

7.      As set forth more fully in the Settlement Motion, the Debtors have determined, in their business judgment, that the Settlement Agreement is fair and equitable, reasonable, and in the best interests of the Debtors' estates.  Pursuant to the Settlement Agreement, NYAG has agreed to accept a civil penalty equal to the NYAG Claims Amount (as defined in the Settlement Agreement) from the Debtors, and has further agreed that it will receive distributions only after payment in full of all other allowed administrative expenses, secured, priority, Intercompany Claims, and general unsecured claims.  If approved, the Settlement Agreement will allow the Debtors to avoid extensive litigation costs that would be incurred in protracted and complex litigation against NYAG.  The Settlement Agreement will also permit the Debtors and their advisors to focus resources and attention on other claims and confirmation of the Chapter 11 Plan.  To that end, the Debtors seek the expeditious approval of the Settlement Motion.

8.      By the Settlement Motion, the Debtors request entry of an order approving the settlement and compromise entered into by the Debtors and the NYAG pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure.  For the reasons set forth in the Settlement Motion, the Debtors submit that the Settlement Motion represents a sound exercise of the Debtors' business judgment and is in the best interest of the Debtors, their estates and all stakeholders in the Chapter 11 Cases.

**NOTICE**

9. The Debtors have provided notice of the Motion to Shorten in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**NO PRIOR REQUEST**

10. No prior motion for the relief requested herein has been made to this or any other Court.

**CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order substantially in the form attached hereto as **Exhibit A** and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 8, 2024<br>New York, New York | CLEARY GOTTLIEB STEEN & HAMILTON LLP<br><br>/s/ *Sean A. O'Neal*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>Andrew Weaver<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER SHORTENING NOTICE PERIOD WITH RESPECT
TO THE DEBTORS' MOTION FOR ENTRY OF AN
ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE
DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

Upon the motion to shorten (the "Motion to Shorten")[2] of Genesis Global Holdco, LLC and its affiliates Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd., as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and the cases, the "Chapter 11 Cases"), for entry of an order (this "Order") shortening the notice period to consider the approval of *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (the "Settlement Motion") pursuant to Bankruptcy Rule 9006(c)(1) and Local Rules 9006-1 and 9077-1; and upon consideration of the Declaration; and the Court having to consider the Motion to Shorten and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion to Shorten and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion to Shorten.

to 28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and it appearing that notice of the Motion to Shorten has been given as set forth in the Motion to Shorten and that such notice is adequate and no other or further notice need be given; and the relief requested in the Motion to Shorten being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion to Shorten; and the Court having determined that the legal and factual bases set forth in the Motion to Shorten establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

The Motion to Shorten is GRANTED and approved as set forth herein.

1. The notice period otherwise applicable to consider approval of the Settlement Motion is hereby shortened so as to allow the hearing to consider the relief requested in the Settlement Motion to take place on _____, 2024 at __:00 _. m., prevailing Eastern Time.

2. Any objections or responses to the Settlement Motion shall be made by _____, 2024 at __:00 _.m. (prevailing Eastern Time) and served on: (i) the Office of the United States Trustee for Region 2, Attn: Greg Zipes, Esq.; (ii) counsel to the Debtors, Cleary Gottlieb, Steen and Hamilton LLP, One Liberty Plaza, NY, NY 10006, Attn: Sean A. O'Neal, Esq. (soneal@cgsh.com) and Jane VanLare, Esq. (jvanlare@cgsh.com); (iii) counsel to the Committee, White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Philip Abelson, Esq. (philip.abelson@whitecase.com); (iv) counsel to the Ad Hoc Group of Genesis

Creditors, Proskauer Rose LLP, Eleven Times Square, New York, New York, 10036, Attn: Brian Rosen, Esq. (brosen@proskauer.com) and 70 W Madison Street Suite 3800, Chicago, Illinois 60602, Attn: Jordan Sazant (jsazant@proskauer.com); and (v) to the Office of the Attorney General of New York, 28 Liberty Street, New York, New York 10005, Attn: Geoffrey Andreu. The Debtors' Reply, if any, shall be made by _____, 2024 at __:00 _.m

3.   The notice procedures set forth in the Motion to Shorten are good and sufficient notice and satisfy Bankruptcy Rules 2002(a), 6006 and 9014 by providing the counterparties with notice and an opportunity to object and be heard at a hearing.

4.   This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion to Shorten or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
       New York, New York

                                          _____
                                          HONORABLE SEAN H. LANE
                                          UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Declaration of Sean A. O'Neal**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF SEAN A. O'NEAL IN SUPPORT OF
THE DEBTORS' MOTION TO SHORTEN THE NOTICE PERIOD
WITH RESPECT TO THE DEBTORS' MOTION FOR ENTRY OF AN
ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE
DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

I, Sean A. O'Neal, do hereby declare as follows:

1. I am a partner at the firm of Cleary Gottlieb Steen & Hamilton LLP ("Cleary Gottlieb" or the "Firm"), counsel to the Debtors in the above-captioned jointly-administered chapter 11 cases. I have personal knowledge of the facts set forth herein.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

2. I submit this declaration in support of the Debtors' Motion to Shorten the Notice Period with Respect to the Debtors' *Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (the "Motion to Shorten"), which seeks, in compliance with Local Bankruptcy Rule 9077-1(a), entry of an order shortening the notice period and establishing the hearing and objection dates for the Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General (the "Settlement Motion").[2]

3. As set forth more fully in the Settlement Motion, the Debtors have determined, in their business judgment, that the Settlement Agreement is fair and equitable, reasonable, and in the best interests of the Debtors' estates. The treatment and amount of the Allowed NYAG Claims is reasonable in comparison to the potential risk of an adverse judgment following litigation of the NY Action, which could result in civil penalties, disgorgement, and pre-judgment interest far in excess of the Allowed NYAG Claims.

4. If approved, the Settlement Agreement will allow the Debtors to avoid extensive litigation costs that would be incurred in protracted and complex litigation against the NYAG. The Settlement Agreement will also permit the Debtors and their advisors to focus resources and attention on other claims, confirmation of the Chapter 11 Plan, and on beginning to make distributions to creditors. To that end, the Debtors seek the expeditious approval of the Settlement Motion.

5. No prior motion or application has been made for the relief sought in the Motion to Shorten.

---

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Settlement Motion.

6. For these reasons, I believe that the proposed notice is adequate and appropriate under the circumstances.

*** 

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 8, 2024
New York, New York

*/s/ Sean A. O'Neal*_____
Sean A. O'Neal