# Weil, Gotshal & Manges LLP

**Jeffrey D. Saferstein**
(212) 310-8330
Jeffrey.Saferstein@weil.com

February 9, 2024

The Honorable Judge Sean H. Lane
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

> Re: *In re Genesis Global Holdco, LLC, et al.* (Case No. 23-10063)
> Request for Emergency Chambers Conference Regarding Debtors' Material Motions and Motions to Shorten Notice

Dear Judge Lane,

On behalf of Digital Currency Group, Inc. and DCG International Investments, Ltd. (collectively, "**DCG**"), we write to respectfully request an emergency conference in the above-captioned chapter 11 proceedings (the "**Chapter 11 Cases**") and to alert the Court to the Debtors' serious and repeated abuse of procedure in filing—on the eve of a confirmation hearing—material motions on shortened notice that are strategically designed to undermine the chapter 11 plan confirmation process.

Within the past seven (7) business days, the Debtors have filed (i) the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (Dkt. No. 1275) (the "**NYAG Motion**"), (ii) the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between Genesis Global Capital, LLC and the U.S. Securities and Exchange Commission* (Dkt. No. 1220) (the "**SEC Motion**"), and (iii) *the Debtors' Motion to Shorten the Notice Period for the Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) the Sale of Trust Assets and (II) Granting Related Relief* (Dkt. No. 1228) (the "**Trust Assets Sale Motion**", together with the SEC Motion and the NYAG Motion, the "**Material Motions**").

The Debtors have sought to shorten notice for each of these Material Motions.[1] For the SEC Motion, the Debtors sought an objection deadline of five (5) business days to approve a settlement of $21 million. For the Trust Assets Sale Motion, the Debtors are seeking on four (4) business days' notice authority to liquidate $1.6 billion of assets. Most recently and egregiously, the Debtors filed the NYAG Motion last night, seeking approval on three (3) business days' notice, for authority to give away to the New York Attorney General (the "**NYAG**") *all* the excess value in the Debtors' Estates (leaving no recovery for equity and subordinated creditors). All of these Material Motions are either scheduled or requested to be heard at the confirmation hearing on February 14th (the "**Confirmation Hearing**").

Make no mistake, if the Court approves the Debtors' agreement with the NYAG as set forth in the NYAG Motion, the Court would be approving a "settlement" transparently designed to provide an end-run around the Bankruptcy Code's prohibition on paying creditors more than the full value of their claims as of the Petition Date (the "**Dollarization Issue**"). This would render moot the key disputed issue teed up for

---

[1] See *Debtors' Motion to Shorten the Notice Period With Respect to the Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between Genesis Global Capital, LLC and the U.S. Securities and Exchange Commission* (Dkt. No. 1221); see also *Debtors' Motion to Shorten the Notice Period for the Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) the Sale of Trust Assets and (II) Granting Related Relief* (Dkt. No. 1228); see also *Debtors' Motion to Shorten the Notice Period with Respect to the Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (Dkt. No. 1276).

**Weil, Gotshal & Manges LLP**

this Court's consideration at the Confirmation Hearing, neutering the legal effect of any Court ruling on the Dollarization Issue and wasting massive judicial resources in the process.

This is nothing more than a desperate attempt to rig the outcome of the Confirmation Hearing. Approving the Debtors' "settlement" with the NYAG would rob DCG, a creditor and equity holder, of a fair opportunity to object to the unlawful treatment of its claims and interests under the Amended Plan. Moreover, by seeking approval on extremely shortened notice that does not allow for sufficient due process to test the reasonableness or appropriateness of the terms of the Debtors' agreement with the NYAG, the Debtors have effectively asked this Court to support a "heads, I win, tails you lose" strategy to confirmation of the Amended Plan, where the Debtors get what they want either way. If the Debtors lose on the Dollarization Issue at the Confirmation Hearing, approving the NYAG Motion would effectively provide the same plan treatment to general unsecured creditors as currently proposed under the Amended Plan. This, without the opportunity for a fair trial on the merits of the underlying NYAG complaint, and upon a bare declaration filed in support of the NYAG Motion that is devoid of any facts needed to assess the merits of the pass-through agreement with the NYAG's office. The Court should not condone this work-around of the Bankruptcy Code.

The Debtors' filing of the NYAG Motion and the other Material Motions are indicative of a gross abuse of process and breach of fiduciary duties. There is nothing in the Material Motions that requires hearings on shortened notice. Indeed, the Debtors' sole basis to support shortened notice of the NYAG Motion is to allow them to focus on other claims and confirmation of the Amended Plan, when *not* having the NYAG Motion heard on the eve of the Confirmation Hearing would accomplish exactly that. The matters at issue in the Material Motions are of such importance that the Debtors should ensure each and every party-in-interest has sufficient notice and is well-informed of the resulting impact of the relief sought. The only logical conclusion as to why any of the Material Motions require shortened notice is to prejudice the rights of third parties impacted by the relief requested. This conclusion is further bolstered by the fact that the Debtors have, notwithstanding their fiduciary obligations, intentionally excluded DCG from any discussions regarding the Material Motions or the actions contemplated therein – and have instead struck hidden backroom deals, providing DCG a few days to respond in each instance.

All of the matters in the Material Motions that the Debtors seek to have heard by this Court should be adjourned and heard after this Court issues a ruling on the viability of the Amended Plan and after parties have had an opportunity to conduct any necessary discovery to evaluate the merits of the relief sought in the Material Motions.

Accordingly, DCG requests this Court hold an emergency conference to discuss the Debtors' recent actions and to order a fair and procedurally sound schedule for the Material Motions moving forward. For the foregoing reasons, please consider this DCG's objection to the *Debtors' Motion to Shorten the Notice Period* (Dkt. No. 1276) with respect to the NYAG Motion. DCG intends to file several responsive pleadings to address the Debtors recent actions, which may also be further addressed at any conference that is scheduled.

Sincerely,

*/s/ Jeffrey D. Saferstein*

Jeffrey D. Saferstein, Esq.

cc:   Jessica Liou, Esq.
      Furqaan Siddiqui, Esq.