Page 1

1   UNITED STATES BANKRUPTCY COURT

2   SOUTHERN DISTRICT OF NEW YORK

3   Case No. 23-10063-shl

4   - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5   In the Matter of:

6

7   GENESIS GLOBAL HOLDCO, LLC,

8

9         Debtor.

10  - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

11                   United States Bankruptcy Court

12                   300 Quarropas Street, Room 248

13                   White Plains, NY 10601

14

15                   February 8, 2024

16                   11:04 AM

17

18

19

20

21  B E F O R E :

22  HON SEAN H. LANE

23  U.S. BANKRUPTCY JUDGE

24

25  ECRO:  ALIANNA PERSAUD

Page 2

1   HEARING re Omnibus Hearing

2

3   HEARING re Doc. #1253 Notice of Agenda

4

5   HEARING re Doc. #1060 Debtors' Seventeenth Omnibus Objection

6   (Non-Substantive) To Certain Claims Pursuant to 11 U.S.C.

7   502 and Fed R. Bankr. P. 3007 (No Liability) [REDACTED]

8

9   HEARING re Doc. #1141 Debtors' Nineteenth Omnibus Objection

10  (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C.

11  Sec. 502 and Fed. R. Bankr. P. 3007 (No Liability and

12  Insufficient Documentation)

13

14  HEARING re Doc. 1142 Debtors' Twentieth Omnibus Objection

15  (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C.

16  Sec. 502 and Fed. R. Bankr. P. 3007 ( Duplicate)

17

18  HEARING re Doc. # 1120 Debtors' Eighteenth Objection (Non-

19  Substantive) to Certain Claims Pursuant to 11 U.S.C. Section

20  502 and Fed. R. Bankr. P. 3007 (Co-Liability Contingent)

21

22  HEARING re Doc. 999 Debtors' Seventh Omnibus Objection (Non

23  -Substantive) to Certain Claims Pursuant to 11 U.S.C. 502

24  and Fed. R. Bankr. P. 3007 ( Modify and Allow as Modified)

25  [REDACTED] Re: Claim Nos. 402 and 405

1    Transcribed by:   Sonya Ledanski Hyde

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Page 4**

1   A P P E A R A N C E S :

2

3   HUGHES HUBBARD & REED LLP

4        Attorneys for Gemini Trust Company

5        One Battery Park Plaza

6        New York, NY 10004

7

8   BY:  ANSON B. FRELINGHUYSEN

9

10  WHITE & CASE LLP

11       Attorneys for the Unsecured Creditors Committee

12       1221 Avenue of the Americas

13       New York, NY 10020

14

15  BY:  COLIN WEST

16

17  CLEARY GOTTLIEB STEEN & HAMILTON LLP

18       Attorneys for Genesis Debtors

19       One Liberty Plaza

20       New York, NY 10006

21

22  BY:  LUKE A. BAREFOOT

23       ANDREW W. WEAVER

24       DEANDRA FIKE

25       DAVID Z. SCHWARTZ

Page 5

1   BAIRD HOLM LLP

2        Attorneys for Claimants Holding Claims 402 and 405

3        1700 Faman Street, Suite 1500

4        Omaha, NE 68102

5

6   BY:  JEREMY C. HOLLEMBEAK

7

8   UNITED STATES DEPARTMENT OF JUSTICE

9        Attorneys for the U.S. Trustee

10       201 Varick Street, Suite 1006

11       New York, NY 10014

12

13  BY:  ANDY VELEZ-RIVERA

14

15  PROSKAUER ROSE LLP

16       Attorneys for Ad Hoc Group of Genesis Lenders

17       Eleven Times Square

18       New York, NY 10036

19

20  BY:  JORDAN SAZANT

21

22

23

24

25

1   WEIL, GOTSHAL & MANGES LLP

2         Attorney for Digital Currency Group

3         767 Fifth Avenue

4         New York, NY  10153

5

6   BY:  JOSHUA WESNESKI

7        JESSICA LIOU

8        FURQAAN SIDDIQUI

9

10   ALSO PRESENT TELEPHONICALLY:

11   PHILIP ABELSON

12   ELIZABETH BEITLER

13   ROBERT DERMODY

14   ERIN DIERS

15   SHAWN GILHOOLEY

16   BUSTER GORMAN

17   CHRIS KORTMANN

18   KEN LUKASZEWSKI

19   JEFFREY S. MARGOLIN

20   MICHELE MEISES

21   ANAIS MITRA

22   WALT NEUSCHAEFER

23   AMANDA PARRA CRISTE

24   GREGORY F. PESCE

25   PHILIP RIES

1   SHAYA ROCHESTER

2   SCOTT SANDERS

3   DUSTIN SMITH

4   GABE SUTHERLAND

5   JULES SUO

6   PAUL ARONZON

7   OLIVER BAKES

8   BRENDON BARNWELL

9   ANDREW BEHLMANN

10   BENJAMIN S. BELLER

11   GABRIEL BRUNSWICK

12   BRIAN BULTHUIS

13   DAVID CHAN

14   SAM CASCANTE

15   LOUIS CHERRONE

16   SADHANA CHERUKURI

17   TOM CONHEENEY

18   WILLIAM DALSEN

19   ERIC C. DAUCHER

20   MICHAEL DIYANNI

21   ERIN E. DIERS

22   PETER DOYLE

23   JAMES DREW

24   MICHAEL S. ETKIN

25   MADDIE HUNDLEY

1  MITCHELL P. HURLEY

2  DERAR ISLIM

3  ALI A. ISMAIL

4  ZUL JAMAL

5  THOMAS S. KESSLER

6  BARAK KLEIN

7  OXAN A. KOZLOV

8  GLEN KRATOCHVIL

9  KEN LUKASZEWSKI

10  THOMAS Q. LYNCH

11  MEI MA

12  JACK MASSEY

13  MATTHEW MELBON

14  ANAIS MITRA

15  WALT NEUSCHAEFER

16  JOHN NGUYEN

17  SEAN A. O'NEAL

18  MICHAEL PAPANDREA

19  AMANDA PARRA CRISTE

20  REBEKAH PRESLEY

21  SHAYA ROCHESTER

22  HEATH ROSENBLAT

23  KATIE ROSS

24  RYAN ROWAN

25  JEFFREY D. SAFERSTEIN

1   GENESIS SANCHEZ TAVAREZ

2   SCOTT SANDERS

3   JOE SCIAMETTA

4   DUSTIN P. SMITH

5   JASON SOTO

6   ANDREW SULLIVAN

7   GABE SUTHERLAND

8   ANDREW SWIFT

9   REBECCA TRICKEY

10  ANDREW TSANG

11  WILLIAM MATTHEW UPTEGROVE

12  FRANCISCO VAZQUEZ

13  GREG M. ZIPES

14  IAN BERKMAN

15  ALEX VAN VOORHEES

16  ERIC IAN ASQUITH

17  AKIKO MATSUDA

18  FELIPE MONTOYA RODRIGUEZ

19  RICH ARCHER

20  DANA L. CASTRO HERMIDA

21  RODNIKA CARTER

22  JADE DYER-KENNEDY

23  ASHLYN GALLAGHER

24  UDAY GORREPATI

25  TAYLOR HARRISON

Page 10

1   MIRANDA HATCH

2   DIETRICH KNAUTH

3   MIKE LEGGE

4   SAMUAL LEVANDER

5   AKIKO MATSUDA

6   KEITH MCCORMACK

7   KYLE MCKUHEN

8   RICHARD MINOTT

9   TYLER OKADA

10  CHRISTIAN RIBEIRO

11  ANDRES FELIPE SAENZ

12  SAMIRA SARAN

13  PETER J. SPOFERA

14  VINCE SULLIVAN

15  CATHY TA

16  KATE THOMAS

17  GEMMA TUNG

18  MICHAEL WEINBERG

19  TIM WOLFE

20

21

22

23

24

25

1           P R O C E E D I N G S

2           THE COURT:  All right. With that, it is a few

3    minutes after 11:00, so we'll proceed with the 11:00

4    calendar.  And that consists of the Genesis Global Holdco

5    LLC Chapter 11 case and omnibus hearing.

6           And so we'll start as we always do with

7    appearances.  So first let me get the appearance from the

8    Debtor.

9           MR. BAREFOOT:  Good morning, Your Honor.  Luke

10   Barefoot from Cleary Gottlieb Steen & Hamilton for the

11   Debtors.  And I'm joined today by my colleagues, Deandra

12   Fike, Andrew Weaver, and David Schwartz.

13          THE COURT:  All right.  Good morning.  And let me

14   get the appearance from the Official Committee of Unsecured

15   Creditors.

16          MR. WEST:  Good morning, Your Honor.  Colin West

17   of White & Case on behalf of the Official Committee.

18          THE COURT:  All right.  And on behalf of Gemini

19   Trust Company?

20          MR. FRELINGHUYSEN:  Good morning, Your Honor.

21   Anson Frelinghuysen, Hughes Hubbard & Reed, for Gemini Trust

22   Company.

23          THE COURT:  All right.  On behalf of Digital

24   Currency Group?

25          MR. WESNESKI:  Good morning, Your Honor.  Joshua

Page 12

1    Wesneski of Weil Gotshal & Manges on behalf of Digital

2    Currency Group.

3            MS. LIOU:  Your Honor, as well as Jessica Liou and

4    Furqaan Siddiqui appearing on behalf of Digital Currency

5    Group as well.  And Furqaan Siddiqui appearing on behalf of

6    Barry Silbert.

7            THE COURT:  All right.  And on behalf of the Ad

8    Hoc Group of Genesis Lenders?

9            MR. SAZANT:  Good morning, Your Honor.  Jordan

10   Sazant of Proskauer Rose on behalf of the Ad Hoc Group of

11   Genesis lenders.

12           THE COURT:  All right.  And as is always the case,

13   there are pages and pages of appearances.  And rather than

14   go through each one of those, at this point I will throw an

15   open to other folks who need to make an appearance.  And

16   again -- so let me find out who else is here.  Well, I do

17   see somebody from the U.S. Trustee's Office.  Let me get

18   that appearance.

19           MR. VELEZ-RIVERA:  Good morning, Your Honor.  Andy

20   Velez-Rivera for the U.S. Trustees.

21           THE COURT:  All right.  Good morning.  Anyone else

22   who needs to make an appearance?

23           MR. HOLLEMBEAK:  Good morning, Your Honor.  Jeremy

24   Hollembeak from the law firm of Baird Holmes on behalf of

25   claimants holding claims 402 and 405.

Page 13

1          THE COURT:  All right, good morning.  Anyone else?

2     All right.  So with that, I will turn it over to Mr.

3     Barefoot to start us off on perhaps with a status.  We are

4     less than a week away from the scheduled confirmation date.

5     I did see a list of witnesses.  So perhaps just as a matter

6     of status it's worth discussing what things look like for

7     next week.

8          MR. BAREFOOT:  Your Honor, we have along with all

9     the other professionals in this case been working diligently

10     towards the confirmation hearing.  There is one housekeeping

11     matter with respect to that that we were going to hold until

12     the end.  Would you prefer that we address that now while we

13     are talking about confirmation?

14          THE COURT:  Well, I think since everybody who is

15     here is interested parties on that.  And perhaps they may

16     pop off at some point when dealing with the claims

17     objections.

18          MR. BAREFOOT:  Sure.

19          THE COURT:  So we might as well deal with it now.

20          MR. BAREFOOT:  Sure.  I'll turn it over to Mr.

21     Weaver then, Your Honor.

22          MR. WEAVER:  Good morning, Your Honor.  Andrew

23     Weaver, Cleary Gottlieb Steen & Hamilton, on behalf of the

24     Debtors.

25          As Mr. Barefoot said, we are working towards and

Page 14

1      the employees are all working together trying to get all of

2      the work that needs to happen to be able to have a hearing

3      next week.

4              One housekeeping question we just wanted to

5      confirm with the Court.  We believe we understand the

6      Court's preference, but the parties were not expecting to

7      make opening statements at this time in the hearing.  We

8      were expecting to begin with the evidence before moving on

9      to argument.  But if the judge would prefer any type of

10     opening statements, obviously the parties would be willing

11     to accommodate that.

12             THE COURT:  All right.  Well, let me get a general

13     sense of, if you have one, about how long you think the

14     evidentiary portion will take.

15             One of the things that is implicated by all this

16     as, as you know, there is a rule that's been promulgated by

17     the judiciary that exists about not broadcasting evidentiary

18     proceedings.  And so what that means is that folks who want

19     to be part of that, you know, you have to be in the

20     courtroom for that.

21             So it does mean that what we've been trying to do,

22     I think myself and other judges as well, to be as clear as

23     possible as to when we're doing evidence and when we're not

24     doing evidence.  Because certainly people are permitted to

25     hear argument and all that good stuff.

Page 15

1          So the sequencing, I think there's no one right

2     way to do it.  So I'm open to suggestions on that.  But

3     particularly sensitive to the fact that there are usually

4     quite a few people who login to Zoom to listen to these

5     hearings.  So I'm open to suggestions.  But I guess we'll

6     start with the brass tacks, which is I did see the witness

7     list and that had I think a total of seven witnesses on it.

8     And that's -- I wasn't sure if that was the witnesses of all

9     parties.  So, Mr. Weaver, what can you tell me about what

10    you anticipate?

11          MR. WEAVER:  Thank you, Your Honor.  So that is

12    the list of witnesses that the parties who either objected

13    or the Debtors (indiscernible) have designated.  So it is

14    our understanding that this is a complete witness list.  And

15    so our expectation as a general matter, we really see two

16    pieces of evidence that will be a part of the hearing.

17    There will obviously be the exhibits.  And as I think we've

18    communicated to chambers, we are working with the parties to

19    finalize joint exhibits.  I'm hoping to deliver those to

20    chambers on Monday morning.  So they'll be up to the exhibit

21    part of the hearing and then the testimony.

22          How long the witnesses will take is hard to

23    predict, Your Honor.  I think as a general matter, I would

24    expect there would probably be a day full of evidence.  And

25    whether or not that evidence would spill over to a second

Page 16

1    day, it's hard to predict.  But it certainly could be the

2    case.  And then proceeding on to argument.  So it's hard to

3    say.  I know that we've --

4            THE COURT: All right.  No, no, that's fine.  So it

5    sounds like we'll definitely use that day on the 14th for

6    evidence.  So maybe the thing to do is, again, what you all

7    prefer, but maybe to have short openings by the interested

8    parties, say no longer than 15 minutes and sort of set the

9    stage at that point when we turn to evidence and we'll turn

10   the Zoom off with the understanding that it would be off for

11   the rest of the day as we did evidence and then we would

12   resume argument the next day, I think 11:00, I'll double

13   check on that, as the time to resume.

14           And so at least then no matter what we do today, I

15   imagine there may be people who tune in for the confirmation

16   are tuning in today.  So at least if we have the openings,

17   people will get the sense of what's going on and then, you

18   know, won't be able to stay on for the evidence, but then

19   we'll be able to get some direction about when to log back

20   in, which would be the next day.

21           Does that make sense to you, Mr. Weaver?

22           MR. WEAVER:  Your Honor, it does.  And obviously

23   there's certainly a chance that the evidence would carry

24   over.  But we could obviously deal with that

25   (indiscernible).

Page 17

```
 1              THE COURT:  That's exactly right.  That's exactly
 2    right.
 3              But one thing I will say is 15 minutes really
 4    means 15 minutes.  I always feel like brevity is the soul of
 5    wit, as the bard says.  So it's really -- the short --
 6    people reserve their rights to marshal the evidence at the
 7    close of the evidence to wrap everything up.  And that's
 8    fine.  That's really the place to give the more exhaustive
 9    view of your case, what the opening really is.  And again,
10    I'm giving away ice in the winter here, is to give the bones
11    of what your position is so that people have a sense and I
12    will have a sense of as I hear testimony how it fits with
13    the overall view.  But that's a roadmap.  And so the 15
14    minutes is really what I would urge the parties to do.  And
15    otherwise we'll have hijack the trial day if it goes longer
16    than that.  So I will -- I assume people would like to make
17    an opening, and so I'll let you do that.  But I reserve the
18    right to look at my watch proverbially, because I don't wear
19    one.  But there is a clock over there.  Just to keep people
20    on track that way.
21              MR. WEAVER:  Sure.  And we'll communicate that to
22    all the parties in case folks are not here today as we
23    continue to work through the exhibits, et cetera.  And we'll
24    make sure everyone is aware of the Court's preference there.
25              THE COURT:  All right.  Anything else as to the
```

Page 18

1      confirmation hearing?

2             MR. WEAVER:  That was the only item that we had,

3      Your Honor.  (indiscernible) next week.

4             THE COURT:  All right.  I do have one.  I did see

5      the witness list and looked at it.  And I saw that there are

6      five specific individuals mentioned and then there's two

7      witnesses identified as Crypto Creditor Group Declarant

8      Number 1 and Declarant Number 2.

9             MR. WEAVER:  Yes.

10             THE COURT:  And people have -- the identity has

11      been redacted through request of their counsel.  I think the

12      opinion about redaction makes very clear that if you decide

13      to step forward and be heard in the case, that you cannot

14      any longer cloak yourself in anonymity.  And so that's

15      pretty clear in the opinion.  And so I just want to take

16      this opportunity to get that message out to folks.  So there

17      needs to be an amended witness list that's provided that

18      identifies who are the intended declarants.  And we're not

19      going to have that under seal.  That's just not appropriate.

20      And I think my view about that is the same as other judges.

21      I think I remember reading a transcript in the FTX case

22      where the judge there also had a similar view.  If you

23      decide that you wish to be heard on a substantive issue,

24      that's your right, but we don't conduct substantive matters

25      under the cloak of anonymity.

1           So that's -- I just want to get that out there so

2    people understand.  And that amended witness list should be

3    filed in the next 24 hours just so everybody knows who is

4    going to be a witness.  Obviously I assume all of you know,

5    but again, that's just sort of the way it goes.  I don't

6    know if anybody has any questions about that?  All right.

7           MR. WEAVER:  Your Honor, we will of course file

8    witness statement today consistent with your request --

9           THE COURT:  Well, I understand you've got to talk

10   to the crypto creditor group because I know that they are

11   the ones who asked for that to be under seal.

12          MR. WEAVER:  Correct.

13          THE COURT:  I don't know if there's anybody here

14   from the crypto creditor group in terms of receiving that

15   message.  All right.  So it doesn't appear to be the case.

16   So if you would pass that along.  Obviously, you know, they

17   might decide, as is contemplated by the opinion, that it's a

18   calculus to their privacy and their desire to participate.

19   So I don't want -- obviously don't file anything that

20   publishes their names until they make the decision that

21   that's what they want to do and they're aware.  And that's

22   fine, people can make their decisions in life, and that's

23   all appropriate.  But you can certainly pass along that

24   information.

25          MR. WEAVER:  We will, Your Honor.  And related to

Page 20

1    that, just so we're clear -- I think I hear you clearly, but

2    all witnesses -- and frankly this relates to these same two

3    witnesses -- all witnesses are required to appear in-person

4    in court.  Correct, Your Honor?

5              THE COURT:  Oh yeah.  We all I think had trial

6    experiences during COVID that were remote, and I think those

7    were among the least favorite parts of COVID.  COVID had

8    lots of parts that weren't so good, but that was among my

9    least favorite parts of COVID.  It's just a terrible -- it

10   was necessary, but it was a terrible, terrible idea that,

11   again, was what we all had to do to survive and keep the

12   line moving of cases.

13             But yes, witness testimony is in-person, sitting

14   in that chair.  And that's the best way to do it.  So that's

15   what we will do.  Everything is in-person.

16             And, frankly, also I'll benefit greatly from

17   hearing the arguments in-person.  Trying to have a dialogue

18   on Zoom on complicated issues can really not necessarily

19   work so well.  I know you all have your own experiences on

20   that.  But conversations usually end up having people sort

21   of interrupt each other as they sort of follow up on points.

22   And it's just much easier to do that in-person.

23             All right.  Anything else on logistics of the

24   confirmation hearing?

25             MR. WEAVER:  Nothing else from the Debtors, Your

Page 21

```
 1    Honor.  We appreciate the clarity and notifications.

 2              THE COURT:  All right.  Thank you very much.  All

 3    right.  So with that, I will -- we can turn to the agenda

 4    and Mr. Barefoot.

 5              MR. BAREFOOT:  Thank you, Your Honor.  Turning to

 6    today's agenda, which is entirely related to claims

 7    objections matters, we did file an agenda on Tuesday at

 8    Docket Item 1253.  And unless Your Honor has any contrary

 9    preference, I would propose that we just proceed in the

10    order of that agenda.

11              THE COURT:  Well, I actually do have a preference.

12    I wanted to jump to the seventh omnibus claim objection

13    first.  Because we had a lot of discussions about bandwidth

14    and trying to get things done.  Obviously I haven't even

15    gotten a complete record yet on briefing on confirmation.  I

16    have a lot of objections.  And, frankly, there's a lot of

17    information yet to be provided.  So we've had discussions

18    about things like the basis for releases.  There's a lot of

19    objections about releases.  And so no one is really getting

20    the full story about that until papers that have not yet

21    been filed.  So there's a lot of work to do.  It's almost

22    like for certain of these issues that somebody decided that

23    the summary judgment opening briefs should get filed at the

24    very end of the process.  So I have a lot of -- there's a

25    lot of things to do.  And I think the general tenor of my
```

1    comments is I don't know what your claim objections look

2    like.  We'll see how it goes.  But I wanted to avoid having

3    an extensive issue added to the list of things to do.

4    Obviously you saw there was an opinion issue last night.

5    We've been working on that.  And I really need to turn to

6    confirmation.

7            I read everything, but it just confirmed for me

8    that any case where I have a sur-reply tells me something

9    about the nature of whether it's complicated or not and

10   whether parties have strong views about it.

11           And so also for the objection I note that I

12   couldn't -- I'm just going to lay out my concerns and you

13   can sort of see where I'm coming from.  It's a books and

14   records objection, but it's pretty clear the issue is how

15   the debtors calculate the claims versus how the other folks

16   calculate the claims.  I know that the issue of interest is

17   the issue for 402 and 405.  But I'm not sure what the issue

18   is for 55 for the other claim that filed the response, which

19   I think was 636 and what actually the calculation is, what's

20   the delta, what's it based on.  Is it all interest, the same

21   interest, the annual question, or is it something else?

22           And so all in all it's a mess.  And so it's the

23   kind of thing that in getting ready for confirmation next

24   week is not the kind of thing that in terms of time

25   management and trying to sequence things I think is

1    appropriate to address today.  Because one, I think there

2    are some complicated issues.  And two, I think there's a lot

3    of questions I have that things need to be clear.  I don't -

4    - the objection stuff is very vanilla books and records.

5    But I don't know where the differences are and how people

6    calculate the differences, what the numbers are, what the

7    deltas are, why those deltas exist.

8            And so I need to know that because a books and

9    records objection just as a general matter just means it

10   becomes a contested matter because I don't have anything

11   here substantively that allows me to say that's exactly how

12   it's supposed to be done.

13           And so that's where I am.  So I don't really know

14   what the issue is for Claim 55, Claim 636, and even for the

15   other claims what's the basis for the calculation.  The

16   general books and records statement just doesn't give me

17   that.  So I didn't want people hanging around for Claim

18   Objection 7 thinking we're going to have this big argument,

19   because I just don't think we're ready to do that.

20           MR. SCHWARTZ:  Your Honor -- sorry, go ahead.

21           MR. BAREFOOT:  Go ahead, Mr. Schwartz.

22           MR. SCHWARTZ:  Your Honor, David Schwartz on

23   behalf of the Debtors at Cleary Gottlieb.  So with respect

24   to the Seventh Omnibus, I think we hear exactly what you're

25   saying.

Page 24

```
1              Just to clarify, with respect to Claims 55 and

2     636, the objection has been withdrawn with respect to those

3     claims.  So those claims are no longer subject to the

4     Seventh Omnibus Objection.  And so the only contested matter

5     is with respect to 402 and 405.  But I think the Debtors

6     hear exactly what you're saying.  And if Your Honor would

7     prefer to sort of kick this until after confirmation, that's

8     no problem for the Debtors.  We're also happy to --

9              THE COURT:  Yeah.  And again, I think I was trying

10    to -- and maybe I didn't do this clearly enough, so my

11    apologies if that was the case.  Sometimes I'm a little too

12    subtle on these things.  But my general view was the concern

13    about bandwidth in terms of having the case move forward and

14    prioritizing things and I didn't sort of set a general we're

15    not doing any claims objections because I don't know what

16    claims you're going to tee up.  Right?  And there are

17    certain ones you just say, hey, this is not -- this is low-

18    hanging fruit, Judge, but it's important.  And if we can --

19    move the line.  So that's why.  I know we're all trying to

20    walk that line.  And so for purposes of that, that's fine.

21             So what I would say is why don't we think about

22    another date.  I know there's another date in March.  And so

23    I guess what you're saying is the only thing -- so 55 and

24    636 are adjourned.  Or not adjourned, they are withdrawn?

25             MR. SCHWARTZ:  Withdrawn, yes, Your Honor.  And I
```

```
 1    can give you the docket numbers for the withdrawals if

 2    that's helpful.

 3            THE COURT:  Yeah, that would be helpful.

 4            MR. SCHWARTZ:  Yeah.  For 636 it's ECF 1151 and

 5    for Claim 55, ECF 1143.

 6            THE COURT:  All right.  Yeah, I don't think that's

 7    reflected on the agenda.  So...

 8            MR. SCHWARTZ:  Apologies for that, Your Honor.

 9            THE COURT:  Yeah.  So again, because I get ready

10    for these things.  I don't want to do this today, but I've

11    looked at everything.  So again, that's a bandwidth problem.

12    So we'll pick a date.  I guess we can pencil it in for

13    March, the March date if you want.  Or if you want to pick

14    another date, let Ms. Ebanks know.

15            MR. SCHWARTZ:  Okay.  I think we have counsel for

16    402 and 405 on the line.  I think March 6th works for the

17    Debtors if it works for counsel to those claimants.

18            THE COURT:  Mr. Hollembeak, any thoughts about

19    March 6th?

20            MR. HOLLEMBEAK:  Yes, Your Honor.  I'll pull up my

21    calendar in a second.  I just wanted to say though -- again,

22    it's Jeremy Hollembeak of Baird Holmes, counsel for

23    claimants holding claims 402 and 405.

24            My claimants' concerns about going forward

25    quickly, and I said this the last time we were there, are
```

Page 26

1    that we may miss out on additional distributions.  Obviously

2    there is a dispute as to a portion of our claims, but --

3              THE COURT:  Well, there's a dispute -- so here's

4    the thing.  Short of cloning technology, I can only do one

5    thing at a time.  And so there was an opinion issued in this

6    case last night on one issue.  And I've issued two other

7    opinions within the last two-week span on other cases.  So I

8    understand how important it is, and we'll do our best to get

9    to it as promptly as we can.  But certainly I don't think

10   anything bars an initial distribution of uncontested

11   amounts.  So that's sort of the best we can do.

12             MR. HOLLEMBEAK:  Thank you, Your Honor.  And just

13   to clarify, I think the plan does explicitly provide for

14   bifurcation of claims when only a portion of them is

15   objected to.  But that's not something that (indiscernible)

16   reached agreement with with the Debtor's counsel yet.

17             THE COURT:  Well, if the plan provides for it, I

18   don't think there's a need for agreement if that's what the

19   plan provides for.

20             MR. SCHWARTZ:  Your Honor, David Schwartz.  I

21   think we disagree with Mr. Hollembeak about what the plan

22   provides for with respect to contested claims.  Having done

23   a few claims objections, I think when there is an objection

24   to a claim, it's not typical that you sort of bifurcate it.

25   You go forward with the objection --

Page 27

1          THE COURT:  All right.  I'm going to let you talk

2   about this, because this gets into the bandwidth problem

3   again.

4          MR. SCHWARTZ:  Yes.

5          THE COURT:  So you'll figure it out.  And if you

6   have a dispute about it, then I'll deal with the dispute,

7   but I'm not going to deal with it today.

8          MR. SCHWARTZ:  Absolutely understood, Your Honor.

9          THE COURT:  Because we've got a confirmation

10  hearing to get ready for.  All right.  Again, Mr. Hollembeak

11  has no -- not trying to sleight your client in any way,

12  shape, or form.  But there is no distributions to anybody

13  unless we get to confirmation.  And confirmation is sort of

14  a fragile agreement with everybody on the same track.  And

15  pushing that off is far more problematic than pushing off

16  any particular party that has a particular issue.  As they

17  say in Star Trek, those words of wisdom, the needs of the

18  many outweigh the needs of the few or the one.

19          So I promise we will get to the claim objection.

20  We'll resolve it.  And so let's pencil it in for March 6th.

21          MR. SCHWARTZ:  Great.  We will put a notice on the

22  docket.

23          THE COURT:  All right.  And I wanted to address

24  this now, Mr. Hollembeak, so you're not hanging around

25  waiting for us to get through the rest of the agenda only to

Page 28

1    find that we're not ready to deal with it today.

2              MR. HOLLEMBEAK:  I appreciate it, Your Honor.

3              MR. SCHWARTZ:  Thank you, Your Honor.

4              THE COURT:  All right.  So thank you for that.  So

5    with that, I think we can move to the front of the agenda

6    and move forward.

7              MR. SCHWARTZ:  Very good, Your Honor.  I'll turn

8    the podium over to my colleague, Ms. Fike.

9              THE COURT:  All right.  Thank you.

10             MS. FIKE:  Good morning, Your Honor.  Deandra Fike

11   of Cleary Gottlieb on behalf of the Debtors.  And I'll be

12   presenting the uncontested portion of the agenda which

13   corresponds to the Debtor's 17th through 20th omnibus claims

14   objections.

15             And I'll turn first to the 17th omnibus objection,

16   which is Item 1 on the agenda filed at Docket 1060 and

17   located at Tab 10 of Your Honor's binder.

18             As Your Honor may recall, the objection relates to

19   claims for which the Debtors assert they have no liability

20   because the amount claimed is not reflected in the debtor's

21   books and records and the claimant did not provide

22   sufficient supporting documentation to assert a prima facie

23   valid claim.  The majority of the objection was granted

24   during the January 18th hearing and the objection is before

25   Your Honor today solely with respect to claim numbers 213

Page 29

1   and 291.

2          Before moving forward with walking through these

3   objections, I would like to move the supplemental

4   declaration of Paul Kinealy at Alvarez & Marsal North

5   America LLC, or A&M, filed at ECF 1152 and located at Tab 11

6   of Your Honor's binder into the record.

7          THE COURT:  All right.  Any objection from any

8   party?  All right.  That is received for purposes of today's

9   hearing.

10         MS. FIKE:  Thank you, Your Honor.  Mr. Kinealy is

11  on the line should you have any questions for him.

12         THE COURT:  All right.  Happy to have him here.

13  Thank you for being here, Mr. Kinealy.

14         MS. FIKE:  The Debtors object to claims 213 and

15  291 on the grounds that the Debtors are not liable for such

16  claims.  Based upon a review of the claims and the Debtor's

17  books and records by the Debtors and their financial

18  advisors, the Debtors have determined the covered claims

19  first are not reflected in the Debtor's books and records,

20  and second, fail to sufficiently specify the basis for the

21  claim or do not include sufficient documentation to

22  ascertain the validity of the claim.

23         AS further detailed in the Kinealy supplemental

24  declaration, the supporting documentation for claims 213 and

25  291 showed certain account statements related to an

Page 30

1    investment platform called Donut and did not provide any

2    evidence of a direct relationship with the Debtors to

3    support the alleged liability.

4          At the January 18th hearing, although the 17th

5    omnibus was proceeding uncontested, per the request of the

6    Ad Hoc Group, the Debtors consented to adjourn the objection

7    with respect to the two claims to today's hearing in order

8    to provide the Ad Hoc Group additional time to review the

9    claims given their relation to Donut, which is a member of

10   the Ad Hoc Group.

11         And after further discussion with the Ad Hoc

12   Group, all concerns regarding the claims have since been

13   resolved and the objection is again before Your Honor

14   uncontested with respect to Claims 213 and 291.

15         And barring any questions from Your Honor,

16   pursuant to Rule 3007 and the claims procedures order, the

17   Debtors request that Claims 213 and 291 be disallowed in

18   full and expunged from the register to avoid improper

19   recoveries against the Debtor's estates.

20         THE COURT:  All right.  Thank you for your

21   presentation, Counsel.

22         Anything from the Ad Hoc Group?  All right -- go

23   ahead, please.

24         MR. SAZANT:  No, Your Honor.

25         THE COURT:  All right.

Page 31

1          MR. SAZANT:  I was just going to say nothing

2     further, Your Honor.  Thank you.

3          THE COURT:  Thank you.  All right.  Given the

4     record that's established with the supplemental declaration,

5     and I appreciate all the additional information which allows

6     me to conclude that it is appropriate to expunge these two

7     claims as not being liabilities against the debtors for all

8     the reasons that are set forth in the supplemental

9     declaration.  And that is Claims 213 and 291.  So that is

10    granted.  Thank you very much.

11         MS. FIKE:  Thank you, Your Honor.  We will submit

12    the proposed order.

13         And I'll now move on to present items 2 and 3 of

14    the uncontested portion of the agenda, which correspond to

15    the Debtor's 19th and 20th omnibus claims objections which

16    are filed on the docket at ECF 1141 and 1142 and located at

17    tabs 18 and 19 of Your Honor's binder respectively.

18         And, Your Honor, as we've done during previous

19    hearings, I would propose to jointly present these

20    uncontested omnibus objections for Your Honor's

21    consideration.

22         THE COURT:  Sure.  Please proceed.

23         MS. FIKE:  Thank you, Your Honor.  These

24    objections relate to claims for which the Debtors assert

25    that they are not liable and claims that were duplicates of

Page 32

1    the master claim filed by Gemini Trust Company LLC, or

2    Gemini.  And again before moving forward with walking

3    through these objections, I would ask to move to introduce

4    into evidence the declarations of Paul Kinealy at A&M which

5    are attached as Exhibit B to each of the omnibus objections.

6            THE COURT:  All right.  Anybody wish to be heard

7    on that request?  All right.  Those declarations are

8    received.  That objection is in support of the -- the 19th

9    and 20th omnibus claim objections.

10           MS. FIKE:  Thank you very much, Your Honor.  And

11   with respect to the Debtor's 19th omnibus objection, the

12   Debtors object to the claims on Exhibit 1 to the proposed

13   order on the grounds that they are not liable for such

14   claims.  Based upon a review of the claims in the Debtor's

15   books and records by both the debtors and their financial

16   advisors, the debtors have determined the covered claims

17   first are not reflected in the Debtor's books and records

18   and second fail to sufficiently specify the basis for the

19   claim or do not include sufficient documentation to

20   ascertain the validity of the claim.  The claims therefore

21   do not meet the standard for prima facie validity and the

22   Debtors request that they be disallowed and expunged in

23   their entirety.

24           With respect to the Debtor's 20th omnibus

25   objection, the debtors object to the claims on Exhibit 1 to

Page 33

1    the proposed order on the grounds that the claims are

2    duplicates of the master claims filed by Gemini on behalf of

3    the Gemini lenders filed pursuant to authority granted by

4    this Court in the bar date order.

5            The Debtors with the aid of their advisors

6    identified such Gemini duplicate claims based on a variety

7    of information, including whether the Claimant indicated

8    that they were a Gemini lender through their proof of claim

9    or in their supplemental documents.

10           The Debtors additionally confirmed through

11   informal exchanges of information between the Debtors and

12   Gemini that all of the claims were filed by Gemini Earn

13   users.  The Debtors therefore seek to disallow and expunge

14   such claims to avoid improper duplicate recoveries for the

15   same claimant against the Debtor's estates.

16           And with that, unless Your Honor has any

17   questions, pursuant to Rule 3007 and the claims procedures

18   order, the Debtors would request that the claims listed on

19   the exhibits to the proposed orders for the 19th and 20th

20   omnibus objections be disallowed in full and expunged from

21   the register.

22           THE COURT:  All right.  Thank you very much.

23   Anybody that wishes to be heard on the 19th or 20th omnibus

24   claim objection?  All right.  Hearing no response.

25           I obviously am going to apply the same burden-

Page 34

1    shifting standard that's been discussed in prior claims

2    objections that we've had in this court in this case.  I am

3    happy to grant the 20th omnibus claim objection as being

4    entirely appropriate given that these are duplicates of the

5    Gemini master claim.  And I appreciate the coordination

6    between the Debtors and Gemini on that to make sure that no

7    one is inappropriately disenfranchised.

8           As for the 19th, it raises some of the kinds of

9    issues that we discussed in earlier claim objections, which

10   is it says no supporting information sufficient to identify

11   liability.  But I don't have the claims in front of me.  And

12   so it's one thing if you say, well, there's no supporting

13   documentation, okay, then it's not prima facie valid.  If

14   the supporting documentation is deficient but all I have is

15   a statement that says it's deficient, I don't -- no

16   explanation.  I don't really have enough to actually shift

17   the burden.

18          And so there's a couple ways.  As we've done just

19   with -- in the prior claim objection the 17th is to have a

20   paragraph on the claim or attach the claims.  Because then I

21   can look at them and see.  For example, there's nothing here

22   that identifies a debtor.  And so it's just the general

23   statement to cover all as a catchall saying no sufficient

24   information -- I'm sorry, no supporting information

25   sufficient to identify liability doesn't give me enough.

Page 35

1    It's sort of the conclusion as opposed to the facts.

2            So again, a couple of ways to do it.  Mr. Kinealy

3    just did it with a paragraph description of Claim 213, for

4    example.  Also you can attach the claims -- and there may be

5    other suggestions as to how to do it.  I'm open to the most

6    efficient way to do it.  But you just need to help me to

7    help you, give me enough information so I can -- the burden

8    is appropriately shifted and I can grant the objection.

9            So if you could supplement that going forward, we

10   can put that on for March 6th as well, and we'll get those

11   squared away for the 19th.  But the 20th is granted as

12   entirely appropriate under the facts and circumstances.

13           MS. FIKE:  Thank you, Your Honor.  And of course

14   we're happy to supplement.  I will say -- we apologize for

15   this -- the misstatement in the objection itself.  But I

16   have confirmed this morning with the debtor's financial

17   advisors that all of the claims on the 19th omnibus

18   objection were not filed with any supporting documentation.

19           THE COURT:  All right.  All right.  Okay.  I'm

20   going to consider Mr. Kinealy's declaration amended to say

21   no supporting information was provided.  Mr. Kinealy, is

22   that accurate?

23           MR. KINEALY:  Yes, Your Honor.  That's accurate.

24           THE COURT:  All right.  Then I take back

25   everything I just said.  Because without supporting

1    documentation, the proofs of claim aren't prima facie valid

2    and they don't get that entitlement.  And you have come

3    forward with evidence that says that they are not

4    appropriate based on the books and records.

5           And so under those circumstances, I am happy to

6    grant the 19th omnibus claim objection, and I appreciate,

7    Ms. Fike, the updated information.  And that's one of the

8    benefits of having Mr. Kinealy here, is he can confirm that

9    as an evidentiary matter, which gives me exactly what I

10   need.  So the 19th omnibus claim objection is granted, again

11   applying the standards that we've discussed previously in

12   this case.

13          So we can move on to the 18th.

14          MS. FIKE:  Yes.  Thank you very much, Your Honor.

15   We'll make sure to make that clear in the objections of this

16   sort going forward.

17          Moving on to Item 4 on the uncontested portion of

18   the agenda, the Debtor's 18th omnibus objection, which was

19   filed on the docket at ECF 1120 and located at Tab 15 of

20   Your Honor's binder.

21          As an initial matter, I would like to move the

22   declaration of Brad Lenox of Cleary Gottlieb attached as

23   Exhibit B to the 18th omnibus objection into evidence.

24          THE COURT:  All right.  Anybody wish to be heard

25   on that request?  All right.  Mr. Lenox's declaration is in.

Page 37

1    I see him on the line as well.  All right.

2            MS. FIKE:  Yes, Your Honor.  The objection

3    addresses claims filed by Michael Morrow and Barry Silbert,

4    which claims are based on asserted rights of contribution

5    and indemnification against the Debtors.

6            Michael Morrow filed identical proofs of claim

7    against each of the debtors at Claim Number 375, 398, and

8    308, or the Morrow claims.  And Barry Silbert similarly

9    filed three identical proofs of claim against each of the

10   debtors at Claim Number 72, 483, and 501, or the Silbert

11   claims.

12           The 18th omnibus objects to the Morrow claims on

13   the basis of the claims should be disallowed under Section

14   502(b) because they fail to sufficiently specify the basis

15   for the alleged liability and objects to both the Morrow and

16   Silbert claims on the basis that they should be disallowed

17   under Section 502(e)(1)(B) because they assert contention

18   claims for secondary liability.

19           Mr. Morrow then filed a response to the objection

20   on January 23rd, 2024 located on the docket at ECF 1187 and

21   is at Tab 15 of Your Honor's binder.

22           The Debtor subsequently adjourned the objection

23   with respect to the Morrow claims to the March 6th hearing.

24   The objection is therefore before Your Honor today on an

25   uncontested basis solely with respect to the Silbert claims.

Page 38

```
 1              And subsequent to the filing of the 18th omnibus
 2     objection, the Debtors and counsel for Mr. Silbert have
 3     engaged in good faith discussions to resolve the objection
 4     with respect to the Silbert claims.  And such discussions
 5     culminated in the Debtor's revised proposed order which is
 6     filed on the docket at ECF 1208 and located at Tab 17 of
 7     Your Honor's binder.
 8              In light of the adjournment of the Morrow claim to
 9     the March 6th hearing, the revised proposed order solely
10     addresses the Silbert claims before Your Honor today and
11     incorporates comments from Mr. Silbert's counsel as well as
12     from the UCC.
13              In addition to removing reference to Mr. Morrow
14     and his claims, the revised proposed order explicitly
15     preserves Mr. Silbert's rights under Section 502(j) of the
16     Bankruptcy Code as well as the Debtor's and Official
17     Committee of Unsecured Creditors' defenses thereto.  It also
18     eliminates certain unnecessary language and adds the
19     Committee to the general reservation of rights in the order.
20              With respect to the Silbert claims, Mr. Silbert,
21     founder and chief executive officer of DCG, was named as an
22     individual defendant in a class action complaint in the
23     United States District Court of Connecticut based upon
24     allegations of Genesis Global Capital's purported violation
25     of the Securities Act.  A true and correct copy of the
```

Page 39

1   amended complaint is included as Exhibit 1 to the Lenox

2   declaration.

3           And as further set forth in the objection and as

4   acknowledged by Mr. Silbert and his counsel, the Silbert

5   claims satisfy the three elements required under Section

6   502(e)(1)(B).  First, the Silbert claims assert the Debtors

7   are liable based on claims for reimbursement or

8   contribution.  Second, the Debtors are co-liable with Mr.

9   Silbert for the underlying claims in the district court

10  action.  And third, the Silbert claims are entirely

11  contingent as Mr. Silbert does not claim he has incurred any

12  costs to date in relation to the underlying claims and any

13  future costs are at this point purely speculative.

14          Again, barring any further questions from Your

15  Honor, pursuant to Rule 3007 in the claims procedures order,

16  the Debtors would therefore request the Silbert claims be

17  disallowed in full and expunged from the register.

18          THE COURT:  All right.  And I just want to make

19  sure I understand.  So there was no objection by Mr. Silbert

20  to the 18th omnibus claim objection.  And in addition to

21  that, you've worked out -- essentially this is a consensual

22  order because you've worked out language that preserves

23  certain rights going forward as an appropriate resolution of

24  the claims objection with which Mr. Silbert agrees.

25          MS. FIKE:  That's exactly correct, Your Honor.

1           THE COURT:  All right.  Thank you very much for

2    that very clear recitation.  I appreciate it.  Anybody wish

3    to be heard on the 18th omnibus claim objection as to the

4    Silbert-filed claims, which I think are 472, 483, and 501?

5           MR. SIDDIQUI:  Good morning, Your Honor.  Furqaan

6    Siddiqui on behalf of Mr. Silbert.

7           As Ms. Fike noted for you today, the revised

8    proposed order reflects our comments as negotiated in good

9    faith with Debtor's counsel.  So we have nothing further to

10   add.  Thank you.

11          THE COURT:  All right.  Thank you very much for

12   being here.  I appreciate your comments.  Anyone else who

13   wishes to be heard?  All right.

14          With that, I'm happy to grant the requested relief

15   that's memorialized in the revised proposed order that's

16   been submitted on the Debtor's 18th Omnibus objection.  That

17   is to the Silbert claims, that is 472, 483, and 501, as

18   appropriate under all the facts and circumstances, including

19   the parties' negotiations.  So that requested relief is

20   granted.  And Mr. Morrow's claims have already been

21   adjourned and scheduled for March.  All right.  Thank you,

22   Ms. Fike.  I appreciate it.  Anything else?

23          MS. FIKE:  Thank you very much, Your Honor.  I

24   think given the postponement of the seventh omnibus, that

25   concludes everything the Debtors had put forward on the

Page 41

1    agenda for today.

2         THE COURT:  All right.  Thank you very much.  I

3    appreciate seeing younger lawyers in the courtroom doing

4    such an excellent job.  So thank you very much for that.  I

5    can speak on behalf of all my colleagues how happy we are to

6    see that in court.

7         So with that, Mr. Barefoot, just an abundance of

8    caution.  Anything else you wanted to add before we are

9    adjourned?

10        MR. BAREFOOT:  No, Your Honor.  Thank you for your

11   time today.

12        THE COURT:  All right.  Thank you very much.  And

13   obviously we appreciate any and all of the updates that

14   we're getting about the status of things for confirmation.

15   And to the extent that I can be of any assistance in trying

16   to make things run smoothly, please let us know.  I know

17   somebody called the other day about how to handle PowerPoint

18   presentations.  Of course I'm exactly the wrong person to

19   ask about that.  But there are people who are exactly the

20   right people.  So I think we put you al in touch with folks

21   on that.  But obviously anything that comes up, logistical

22   or otherwise that we can be helpful for, just give a holler.

23        All right.  With that, the Court is adjourned.

24   Thanks so much.

25        (Whereupon these proceedings were concluded at

Page 42

1    11:46 AM)

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                          I N D E X

2

3                          RULINGS

4                                              Page      Line

5   Claims 213 and 210 Granted               31        10

6   20th Omnibus Claim Granted               34        3

7   19th Omnibus Claim Granted               36        6

8   18th Omnibus Claim Granted               40        14

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 44

1                      C E R T I F I C A T I O N

2

3        I, Sonya Ledanski Hyde, certified that the foregoing

4    transcript is a true and accurate record of the proceedings.

5

6    *Sonya M. Ledanski Hyde*

7

8    Sonya Ledanski Hyde

9

10

11

12

13

14

15

16

17

18

19

20    Veritext Legal Solutions

21    330 Old Country Road

22    Suite 300

23    Mineola, NY 11501

24

25    Date:  February 9, 2024