UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>　　　　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No.:  23-10063 (SHL)<br><br>Jointly Administered |

**REVISED ORDER
GRANTING DEBTORS' EIGHTEENTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502
AND FED. R. BANKR. P. 3007 (CO-LIABILITY CONTINGENT)**

Upon the *Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007(Co-Liability Contingent)* (the "Objection")[2] filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to section 502(e)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing or expunging, as applicable, each of the Contingent Claims to the extent set forth in Exhibit 1 attached hereto; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection was appropriate and no other notice need be provided; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Objection and on the record of the Hearing establish just cause for the relief granted herein; and all responses to the Objections (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection is GRANTED with respect to the Silbert Claims identified on Exhibit 1 attached hereto.

2. The Silbert Claims are disallowed in full under section 502(e)(1)(B) of the Bankruptcy Code and shall be automatically expunged from the Claims Register.

3. Nothing in this Order shall constitute, or be deemed to constitute, a waiver of Mr. Silbert's rights under section 502(j) of the Bankruptcy Code, as to which the Debtors and the Official Committee of Unsecured Creditors explicitly reserve all defenses.

4. This Order shall be deemed a separate Order with respect to each of the Silbert Claims identified on Exhibit 1 attached hereto.

5. The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

6. Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or the Official Committee of Unsecured Creditors under the Bankruptcy Code or any other applicable law.

7. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: February 12, 2024
White Plains, New York

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

# Genesis Global Holdco, LLC Case No. 23-10063
## Eighteenth Omnibus Objection
### Exhibit 1 - Contingent Claims

**CLAIMS TO BE DISALLOWED**

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 1 | SILBERT, BARRY<br>290 HARBOR DR.<br>4TH FLOOR<br>STAMFORD, CT 06902 | 472 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 05/22/23 | Unliquidated |
| | *Reason: 502(e)(1)(b) objection for contribution and/or reimbursement.* | | | | |
| 2 | SILBERT, BARRY<br>290 HARBOR DR.<br>4TH FLOOR<br>STAMFORD, CT 06902 | 483 | Genesis Global Holdco, LLC | 05/22/23 | Unliquidated |
| | *Reason: 502(e)(1)(b) objection for contribution and/or reimbursement.* | | | | |
| 3 | SILBERT, BARRY<br>290 HARBOR DR.<br>4TH FLOOR<br>STAMFORD, CT 06902 | 501 | Genesis Global Capital, LLC | 05/22/23 | Unliquidated |
| | *Reason: 502(e)(1)(b) objection for contribution and/or reimbursement.* | | | | |