Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AUTHORITY TO REDACT
AND FILE CERTAIN INFORMATION UNDER SEAL IN
CONNECTION WITH THE GENESIS DEBTORS' REQUEST FOR
ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R.
BANKR. P. RULE 2004 AUTHORIZING THE EXAMINATION OF DIGITAL
CURRENCY GROUP, INC. AND DCG INTERNATIONAL INVESTMENTS, LTD.**

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the

---

[1] The Genesis Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") authorizing the Debtors to redact and file under seal, in part, the *Debtors' Request for Entry of an Order Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. Rule 2004 Authorizing the Examination of Digital Currency Group, Inc and DCG International Investments, Ltd.* (the "Rule 2004 Motion").[2] The Rule 2004 Motion has been filed with the proposed redactions contemporaneously herewith. In support of this Motion, the Debtors respectfully state as follows:

## BACKGROUND AND RELEVANT FACTS[3]

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b). ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases. ECF No. 55.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Rule 2004 Motion.

[3] Additional relevant background can be found in the Rule 2004 Motion, which is not repeated in this Motion in the interest of efficiency and economy.

2

The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## RELIEF REQUESTED

3. The Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to redact and file confidential and commercially sensitive portions of the Rule 2004 Motion (as redacted, the "Sealed Portions"), and directing that the Sealed Portions remain under seal, confidential, and not be made available to any third party without further order from the Court, *provided*, *however*, that copies shall be provided on a confidential basis to the Court, the U.S. Trustee (the "UST"), the Committee, and, subject to the Debtors' consent or an order of the Court, such other parties that may request and have signed the Protective Order (as defined below).

## BASIS FOR RELIEF

4. Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion be filed under seal. Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, that a court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ." Fed. R. Bank. P. 9018. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

5. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). If the Court determines that filed documents are covered by Section 107(b), the Court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Northstar Energy, Inc.*, 315 B.R. 425, 428 (Bankr. E.D. Tex. 2004) ("In fact, § 107(b) *mandates* the protection of certain types of information, including 'confidential commercial information.'") (emphasis in original); *In re Glob. Crossing*, 295 B.R. at 725. Section 107(b) is "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. at 429 (*citing In re Glob. Crossing, Ltd.*, 295 B.R. at 725).

6. Courts have recognized the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b) and the moving party is not required to demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 28.[4] Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *In re Glob. Crossing, Ltd.*, 295 B.R. at 724; *see also* Fed. R. Bankr. P. 9018.

---

[4] This Court and other courts in this District have granted relief for similar requests to file commercially sensitive business information under seal. *See, e.g.*, Order, *In re Avianca Holdings S.A., et al.*, Case No. 20-11133 (MG) (S.D.N.Y. Bankr. June 19, 2020) (ECF No. 299) (business and personal information); Order, *In re Walter Inv. Mgmt. Corp.*, Case No. 17-13446 (JLG) (S.D.N.Y. Bankr. Dec. 13, 2017), ECF No. 83 (business information).

7. The Debtors have previously requested that the Court enter orders, pursuant to 11 U.S.C. § 107(b), to protect such confidential information, and the Court has entered such orders in these Chapter 11 Cases.

8. For example, on April 20, 2023, the Court entered the *Stipulation and Confidentiality Agreement and Protective Order* (the "Protective Order", ECF No. 238), which established procedures to facilitate the production and exchange of Discovery Material (as defined in 2(b) of the Protective Order) that (i) contains confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information; (ii) contains private or confidential personal information; (iii) contains information that, pursuant to any domestic or foreign law, regulation, or court order, is kept confidential or is subject to restrictions on its use or disclosure; (iv) is subject to a confidentiality agreement or other form of non-disclosure agreement that (A) was entered into in good faith and for a legitimate business purpose and (B) was in effect on the date of entry of this Confidentiality Stipulation; (v) is otherwise entitled to protection under 11 U.S.C. § 107(b) or (c), Federal Rule of Civil Procedure 26(c), or Federal Rule of Bankruptcy Procedure 9018; and/or (vi) contains any other category of information given Confidential status by the Court. Pursuant to the Protective Order, producing parties can designate Discovery Material as Confidential Material or Highly Confidential Material as applicable and then the receiving parties can only use and disclose such material in accordance with the provisions of the Protective Order.[5]

---

[5] The Court similarly entered an order authorizing the Debtors, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the names, home addresses and email addresses of individuals listed on the consolidated creditors list and the addresses and email addresses of other creditors listed on the consolidated creditors list or other documents filed with this Court. ECF No. 694.

9. Here, the Sealed Portions contain confidential non-public information. Certain information relating to dispute underlying the Rule 2004 Motion is subject to a confidentiality agreement between the Debtors and the DCG Parties that require the Debtors to maintain the confidentiality of such information.

10. Courts have granted requests to seal motions, in whole or in part, in comparable chapter 11 cases. *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del. Oct. 6, 2021), D.I. 593 (authorizing debtors to maintain a settlement agreement under seal); *In re Zohar III, Corp., et al.*, Case No. 18-10512 (CSS) (Bankr. D. Del. May 17, 2018), D.I. 263 (authorizing debtors to file portions of settlement agreement and related information under seal); *see also In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt.) (stating "[t]he criteria to be considered in determining whether confidentiality provisions in settlements justify keeping the substance of such settlements from public access must be flexible and vary according to the nature of the settlement and the specific extent and core-ness of the impact of the settlement on the bankruptcy case" and providing a multi-factor test for determining when sealing in such instances is appropriate); *In re Borders Group, Inc.*, 462 B.R. 42, 48 (Bankr. S.D.N.Y. 2011) (authorizing the redaction of confidential information in a sale and purchase agreement).

11. By this Motion, the Debtors respectfully request that the Court enter the Proposed Order authorizing the Debtors to redact and file confidential and commercially sensitive portions of the Rule 2004 Motion under seal in accordance with the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, and directing that such Sealed Portions of the Rule 2004 Motion remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the order approving this Motion. The Debtors will also provide unredacted copies of the unredacted Rule 2004 Motion to the Court, the UST, the Committee, and, subject to

6

the Debtors' consent or order of the Court, such other parties that may request and have signed the Protective Order.

## NOTICE

12.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).  The Genesis Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

13.     No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the reason set forth herein the Genesis Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

Dated:   February 12, 2024
         New York, New York

/s/ Sean A. O'Neal
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| | Jointly Administered |
| Debtors. | |

**ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE
CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE
GENESIS DEBTORS' MOTION PURSUANT TO 11 U.S.C. § 105 AND FED. R.
BANKR. P. RULE 2004 AUTHORIZING THE EXAMINATION OF DIGITAL
CURRENCY GROUP, INC. AND DCG INTERNATIONAL INVESTMENTS, LTD.**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Genesis Debtors") for entry of an order (this "Order"), authorizing the Debtors to file the Sealed Portions and directing that such information remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

2. All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Genesis Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      The Debtors are authorized (i) to file the Sealed Portions of the Rule 2004 Motion on the public docket of this case in its redacted form, (ii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, hard copies and electronic copies of the Rule 2004 Motion clearly labeled "FILED UNDER SEAL PENDING MOTION TO SEAL."

3.      The Sealed Portions and the unredacted Rule 2004 Motion shall remain under seal and shall not be made available, without the consent of the Debtors or without further order of this Court, to anyone other than (on a confidential basis) this Court, the UST, the Committee, and, subject to the Debtors' consent or an order of the Court, such other parties that may request and have signed the Protective Order.

4.      To the extent that the Sealed Portions of the Rule 2004 Motion are attached or referred to in any further pleadings or document filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

5.      Upon the passing of forty-five (45) days after the final disposition of the Chapter

11 Cases, any party that has filed materials under seal shall reclaim all documents filed under seal or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6.  Nothing in this Order prejudices the rights of any party-in-interest, including the UST, to seek, on appropriate motion, the unsealing of the Sealed Portions of the Rule 2004 Motion, or any part thereof.

7.  The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.  This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
       White Plains, New York

                                         THE HONORABLE SEAN H. LANE
                                         UNITED STATES BANKRUPTCY JUDGE