CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Jane VanLare
Luke A. Barefoot
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF REVISED PROPOSED
ORDER (I) AUTHORIZING, BUT NOT DIRECTING,
THE SALE OF TRUST ASSETS AND (II) GRANTING RELATED RELIEF**

   **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

   **PLEASE TAKE FURTHER NOTICE** that, on January 20, 2024, the Debtors filed the *Debtors' Motion Seeking Entry of an Order Authorizing But Not Directing (I) The Sale of Trust Assets and (II) Granting Related Relief*, ECF No. 1227) (the "Trust Assets Sale Motion"). The Debtors attached as Exhibit B to the Trust Assets Sale Motion a proposed order granting the Trust Assets Sale Motion (the "Initial Proposed Order").

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

**PLEASE TAKE FURTHER NOTICE** that, on January 27, 2024, the Court entered the *Order Authorizing the Debtors' Motion to Shorten the Notice Period for the Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) the Sale of Trust Assets and (II) Granting Related Relief*, ECF No. 1241, scheduling a hearing on the Trust Assets Motion for **February 14, 2024 at 10:00 a.m. (prevailing ET)** (the "Hearing") and established February 9, 2024 at 4:00 p.m. (prevailing ET) as the deadline for filing objections to the Trust Assets Sale Motion and February 13, 2024 at 2:00 p.m. (prevailing ET) as the deadline to file replies, if any.

**PLEASE TAKE FURTHER NOTICE** that, on February 9, 2024, Grayscale Investments, LLC ("Grayscale") filed the *Grayscale Investments, LLC's Limited Objection to Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) the Sale of Trust Assets and (II) Granting Related Relief*, ECF No. 1283 (the "Grayscale Objection") to the Trust Assets Sale Motion.

**PLEASE TAKE FURTHER NOTICE** that, on February 12, 2024, the Debtors filed the *Notice of Filing of Revised Proposed Order Granting Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) the Sale of Trust Assets and (II) Granting Related Relief*, ECF No. 1294, including a revised proposed form of order, attached thereto as Exhibit A (the "Revised Initial Proposed Order") incorporating certain changes to the Initial Proposed Order.

**PLEASE TAKE FURTHER NOTICE** that, the Debtors hereby file a further revised proposed form of order, attached hereto as **Exhibit A** (the "Proposed Order"), which incorporates certain changes agreed upon by the Debtors and Grayscale, and which resolves the Grayscale Objection. The Debtors will seek entry of the Further Revised Order, at the Hearing. For the convenience of the Court and parties-in-interest, a redline of the Proposed Order marked against the Revised Initial Proposed Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that copies of the Proposed Order can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

|  |  |
|---|---|
| Dated: February 13, 2024<br>New York, New York | */s/ Sean A. O'Neal*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[2] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER (I) AUTHORIZING, BUT NOT DIRECTING,
THE SALE OF TRUST ASSETS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[3] of Genesis Global Holdco, LLC ("Holdco") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") authorizing and approving, but not directing, the sale of the Trust Assets pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion (as modified herein) is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and

---

[2] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[3] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

4

opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed *Digital Currency Group, Inc.'s and DCG International Investment Ltd.'s Objection and Reservation of Rights to Debtors' Motion Seeking Entry of an Order Authorizing, but Not Directing (I) the Sale of Trust Assets and (II) Granting Related Relief*, ECF No. 1285 (the "DCG Objection") and (ii) *Grayscale Investments, LLC's Limited Objection to Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) The Sale of Trust Assets and (II) Granting Related Relief*, ECF No. 1283 (the "Grayscale Objection", and together with the DCG Objection, the "Objections"); and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn, rendered moot by agreement, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The DCG Objection is OVERRULED and the Motion is GRANTED and approved to the extent set forth herein.

2. The Debtors are authorized, but not directed, to sell or transfer the Trust Assets (or the proceeds thereof), in their reasonable business judgment, in accordance with the guidelines set forth below (the "Trust Asset Sale Guidelines"):

   (a) **Asset Sales**. Notwithstanding and without prejudice to the disputes pending with respect to the Additional GBTC Shares, beginning on the date of this Court's entry of this Order, the Debtors will be immediately authorized, but not directed, to take all actions necessary or appropriate to complete sales, transfers

5

or redemptions of the Trust Assets (which shall include, for the avoidance of doubt, the Additional GBTC Shares) including pursuant to any available exemptions from registration under the Securities Act of 1933 (the "Securities Act"), including, but not limited to, private secondary sales transactions compliant with applicable exemptions from the registration requirements of the Securities Act and public resales pursuant to Rule 144, if applicable; *provided* that the Debtors shall comply with any and all needed exemptions from registration under the Securities Act in connection with any sales or transfers of the Trust Assets; *provided further* that the Debtors shall (i) provide at least three (3) business days' advance notice to counsel for each of the Committee and the Ad Hoc Group of any proposed sale or transfer; (ii) have obtained the written consent of the Committee and the Ad Hoc Group to such sale or transfer, which consent may be provided through counsel (e-mail shall suffice); and (iii) have complied with Paragraph 2(d) herein.

(b) **Initial GBTC Shares Asset Sales**. Notwithstanding and without prejudice to the disputes pending with respect to the Initial GBTC Shares, Gemini, in anticipation of its role as the Gemini Distribution Agent (as defined in the Plan), shall be authorized, but not directed, to take all actions necessary or appropriate to complete sales, transfers or redemptions of the Initial GBTC Shares; *provided* that Gemini shall (i) provide the Debtors, or, following the Plan Effective Date, the PA Officer, with three days' advance notice of any proposed sale or transfer of the Initial GBTC Shares; and (ii) have complied with Paragraph 2(d) herein. Any interest of the Debtors in such shares, as determined by the Court in connection with the Gemini Adversary Proceeding, shall attach to the proceeds of any sale or transfer of the Initial GBTC Shares, which proceeds shall be held by Gemini in the same manner as it currently holds the Initial GBTC Shares. To the extent the Debtors prevail with respect to the Gemini GBTC Shares Determination (as defined in the Plan), the term GBTC Assets as used in this Order shall include any Initial GBTC Shares not yet sold by Gemini, and the Debtors will be permitted to sell or transfer such shares in accordance with this Order.

(c)    **Maximization of Sale Proceeds**. Both the Debtors and Gemini shall, on a good faith basis, use reasonable best efforts to maximize the market price of any Trust Assets or Initial GBTC Shares and the proceeds received from any sale or transfer thereof.

(d)    **Limits on Sponsor Consent Requirements**. In connection with any proposed sale or transfer of Trust Assets that are "restricted securities" within the meaning of Rule 144(a)(3), the Debtors (or Gemini, as applicable) shall obtain the prior written consent of the Sponsor pursuant to section 4.2 of the GBTC Trust Agreement, section 4.2 of the ETHE Trust Agreement and section 4.2 of the ETCG Trust Agreement, which consent (notwithstanding anything to the contrary in the Trust Agreements) shall not be unreasonably withheld, conditioned, or delayed after delivery to the Sponsor of any information, representations, and documentation related to any such sales or transfers that is customarily provided to the Sponsor and/or its external legal counsel to confirm such proposed sales or transfers would comply with applicable law. Subject to the receipt of customary documentary requirements of the Transfer Agent, the Transfer Agent (as defined in each of the Trust Agreements) is authorized and directed to take any and all actions necessary or appropriate to effectuate any sale or transfer of GBTC Shares or ETH Shares entered into by the Debtors (or Gemini, as applicable) pursuant to and in accordance with the Trust Asset Sale Guidelines and this Order.

(e)    **Broker**. If the Debtors seek to sell or transfer any Trust Assets, the Debtors shall retain and work with one or more established Brokers of their choosing (with the consent of the advisors to the Committee and the Ad Hoc Group) on reasonable and customary terms to assist with conducting the sales of their Trust Assets in accordance with the Trust Asset Sale Guidelines set forth in this Order, and to pay the associated Broker fees.

(f)    **Timing of Sales or Transfers**. Subject to the other requirements of the Trust Asset Sale Guidelines, the Debtors shall have the authority to use their discretion

7

in facilitating the timing for the sales or transfers of any Trust Assets, in consultation with the Committee, the Ad Hoc Group, and, solely with respect to the Additional GBTC Shares, Gemini.

(g) **Purchase of BTC or ETH**.  To the extent not already authorized in the *Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief*, ECF No. 150 (the "Cash Management Order"), the Debtors shall be authorized, but not directed, to use proceeds from the sales or transfers of any Trust Assets or cash on hand (in anticipation of receiving proceeds from the sale or transfer of any Trust Assets) to purchase BTC or ETH, as determined by the Debtors in their discretion in consultation with the advisors to the Committee and the Ad Hoc Group.  Any BTC or ETH purchased with proceeds from the sale or transfer of any Trust Assets will be deemed to be the proceeds of the monetization of the Trust Assets.

(h) **Attachment of Interests**.  To the extent any party, including Gemini, is found to have any interest in any Trust Assets, including the GBTC Assets, such interests shall attach to the same extent to the proceeds of any sales of such Trust Assets.

(i) **Transfer of Authority to PA Officer and Wind Down Oversight Committee**. Upon the Effective Date of the Plan, any authority granted to the Debtors by this Order shall be transferred to and vest in the PA Officer, and any consent or consultation rights of the Committee or the Ad Hoc Group shall be transferred to and vest in the Wind-Down Oversight Committee.

3. Any party receiving notice of the Motion that fails to file a timely objection to the Motion and the terms of this Order is deemed to have consented to any sales or transfers of Trust Assets free and clear of any interest in such Trust Assets, and the sales or transfers shall be free and clear of any liens, claims, encumbrances and interests, with any such liens, claims, encumbrances and interests to attach to the proceeds of such sales or transfers to the same extent; *provided, however*, that the foregoing shall not prejudice the rights of Gemini Trust Company, LLC provided in this Order or in the Gemini Adversary Proceeding.

4. All rights, defenses and privileges with respect to ownership of the Initial GBTC Shares and the Additional GBTC Shares or the parties' interests in such shares, including any tax implications or liabilities resulting from the sale, transfer or redemption of any Initial GBTC Shares or Additional GBTC Shares, are expressly reserved. Nothing in this Order, nor any action taken in connection herewith, shall be deemed or otherwise constitute an admission with respect to any issues relating to ownership of the Initial GBTC Shares or the Additional GBTC Shares by any party, or any related rights, obligations or liabilities

5. The rights of Gemini Trust Company, LLC to assert a security interest in, constructive trust over, or other legal entitlement to, the proceeds of the sale of the Additional GBTC Shares, and any and all rights of the Debtors, the Committee, and any other party in interest to oppose any such security interest, constructive trust, or other legal entitlement, are fully preserved.

6. Shares of GBTC, ETHE, and ETCG shall be sold or transferred only in compliance with the federal securities laws pursuant to an available exemption or through registration under the Securities Act, as amended, and all applicable state securities laws.

7. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

8. This Order is immediately effective and enforceable, notwithstanding any applicability of Bankruptcy Rule 6004(h) or otherwise.

9. The Debtors are authorized and empowered to take all actions necessary to implement and effectuate the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
       New York, New York

                                            THE HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Redline of Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**~~ORDER GRANTING DEBTORS' MOTION SEEKING~~**

**~~ENTRY OF AN ORDER~~ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE SALE OF TRUST ASSETS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Genesis Global Holdco, LLC ("Holdco") and certain of its affiliates, as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") authorizing and approving, but not directing, the sale of the Trust Assets pursuant to sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion (as modified herein) is in the best interests of the Debtors, their estates, their

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed *Digital Currency Group, Inc.'s and DCG International Investment Ltd.'s Objection and Reservation of Rights to Debtors' Motion Seeking Entry of an Order Authorizing, but Not Directing (I) the Sale of Trust Assets and (II) Granting Related Relief*, ECF No. 1285 (the "DCG Objection") and (ii) *Grayscale Investments, LLC's Limited Objection to Debtors' Motion Seeking Entry of an Order Authorizing, But Not Directing, (I) The Sale of Trust Assets and (II) Granting Related Relief*, ECF No. 1283 (the "Grayscale Objection", and together with the DCG Objection, the "Objections"); and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn, rendered moot by agreement, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The DCG Objection is OVERRULED and the Motion is GRANTED and approved to the extent set forth herein.

2. The Debtors are authorized, but not directed, to sell or transfer the Trust Assets (or the proceeds thereof), in their reasonable business judgment, in accordance with the guidelines set forth below (the "Trust Asset Sale Guidelines"):

    (a) **Asset Sales**. Notwithstanding and without prejudice to the disputes pending with respect to the Additional GBTC Shares, beginning on the date of this Court's entry of this Order, the Debtors will be immediately authorized, but not

2

directed, to take all actions necessary or appropriate to complete sales, transfers or redemptions of the Trust Assets (which shall include, for the avoidance of doubt, the Additional GBTC Shares) including pursuant to any available exemptions from registration under the Securities Act of 1933 (the "Securities Act"), including, but not limited to, ~~sales in private placements~~private secondary sales transactions compliant with applicable exemptions from the registration requirements of the Securities Act and public resales pursuant to Rule 144, if applicable. ~~The~~; *provided that the* Debtors shall ~~undertake to~~ comply with any and all needed exemptions from registration under the Securities Act in connection with ~~the~~any sales or transfers of the Trust Assets; *provided further* that the Debtors shall (i) provide at least three (3) business days' advance notice to counsel for each of the Committee and the Ad Hoc Group of any proposed ~~redemption,~~ sale, or transfer ~~and~~; (ii) have obtained the written consent of the Committee and the Ad Hoc Group to such ~~redemption,~~ sale, or transfer, which consent may be provided through counsel (e-mail shall suffice); and (iii) have complied with Paragraph 2(d) herein.

(b)   **Initial GBTC Shares Asset Sales**. Notwithstanding and without prejudice to the disputes pending with respect to the Initial GBTC Shares, Gemini, in anticipation of its role as the Gemini Distribution Agent (as defined in the Plan), shall be authorized, but not directed, to take all actions necessary or appropriate to complete sales, transfers or redemptions of the Initial GBTC Shares; *provided* that Gemini shall (i) provide the Debtors, or, following the Plan Effective Date, the PA Officer, with three days' advance notice of any proposed sale or ~~redemption~~transfer of the Initial GBTC Shares; and (ii) have complied with Paragraph 2(d) herein. Any interest of the Debtors~~'~~ in such shares, as determined by the Court in connection with the Gemini Adversary Proceeding, shall attach to the proceeds of any sale~~, redemption,~~ or transfer of the Initial GBTC Shares, which proceeds shall be held by Gemini in the same manner as it currently holds the Initial GBTC Shares. To the extent the

Debtors prevail with respect to the Gemini GBTC Shares Determination (as defined in the Plan), the term GBTC Assets as used in this Order shall include any Initial GBTC Shares not yet sold by Gemini, and the Debtors will be permitted to sell or ~~redeem~~<ins>transfer</ins> such shares in accordance with this Order.

(c)  **Maximization of Sale Proceeds**.  Both the Debtors and Gemini shall, on a good faith basis, use reasonable best efforts to maximize the market price of any Trust Assets or Initial GBTC Shares and the proceeds received from any sale ~~thereof or any redemption~~<ins>or transfer</ins> thereof.

~~(d) **Abrogation of the Sponsor Consent Requirements**.~~

(d)  ~~(i) Notwithstanding anything in the Trust Agreements~~**Limits on Sponsor Consent Requirements**.  In connection with any proposed sale or transfer of Trust Assets that are "restricted securities" within the meaning of Rule 144(a)(3), the Debtors <ins>(or Gemini, as applicable)</ins> shall ~~not be required to~~ obtain the prior written consent of the Sponsor pursuant to section 4.2 of the GBTC Trust Agreement, section 4.2 of the ETHE Trust Agreement and section 4.2 of the ETCG Trust Agreement<ins>, which consent (notwithstanding anything to the contrary in the Trust Agreements) shall not be unreasonably withheld, conditioned, or delayed after delivery to the Sponsor of any information, representations, and documentation related to any such sales or transfers that is customarily provided to the Sponsor and/or its external legal counsel to confirm such proposed sales or transfers would comply with applicable law</ins>.  Subject to the receipt of customary documentary requirements of the Transfer Agent, the Transfer Agent (as defined in each of the Trust Agreements) is authorized and directed to take any and all actions necessary or appropriate to effectuate any sale <ins>or transfer</ins> of GBTC Shares or ETH Shares entered into by the Debtors <ins>(or Gemini, as applicable)</ins> pursuant to and in accordance with the Trust Asset Sale Guidelines and this Order.

~~(ii) Notwithstanding anything in the GBTC Trust Agreement, the Debtors shall not be required to obtain the consent of the Sponsor to redeem the GBTC Shares nor shall the Sponsor condition, suspend or reject a redemption order other than for reasons of illegality or impossibility. Upon request of the Debtors, and provided the Debtors otherwise comply with the Redemption Procedures (which shall exclude, for the avoidance of doubt, the Redemption Consent Requirement, but shall include pursuing redemption only through an Authorized Participant), the GBTC Trust shall redeem such GBTC Assets.~~

(e) **Broker**. ~~The~~<u>If the Debtors seek to sell or transfer any Trust Assets, the</u> Debtors shall ~~be authorized to~~ retain and work with one or more established Brokers of their choosing (with the consent of the advisors to the Committee and the Ad Hoc Group) on reasonable and customary terms to assist with conducting the sales of their Trust Assets in accordance with the Trust Asset Sale Guidelines set forth in this Order, and to pay the associated Broker fees.

(f) **Timing of Sales or ~~Redemptions~~**. ~~The~~**<u>Transfers</u>**. <u>Subject to the other requirements of the Trust Asset Sale Guidelines, the</u> Debtors shall have the authority to use their discretion in facilitating the timing for the sale<u>s</u> or ~~redemption~~<u>transfers</u> of any Trust Assets, in consultation with the Committee, the Ad Hoc Group, and, solely with respect to the Additional GBTC Shares, Gemini.

(g) **Purchase of BTC or ETH**. To the extent not already authorized in the *Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief*, ECF No. 150 (the "<u>Cash Management Order</u>"), the Debtors

5

shall be authorized, but not directed, to use proceeds from the sales or ~~redemption~~transfers of any Trust Assets or cash on hand (in anticipation of receiving proceeds from the sale or ~~redemption~~transfer of any Trust Assets) to purchase BTC or ETH, as determined by the Debtors in their discretion in consultation with the advisors to the Committee and the Ad Hoc Group.  Any BTC or ETH purchased with proceeds from the sale or ~~redemption~~transfer of any Trust Assets will be deemed to be the proceeds of the monetization of the Trust Assets.

(h)  **Attachment of Interests**.  To the extent any party, including Gemini, is found to have any interest in ~~the~~ any Trust Assets, including the GBTC Assets, such interests shall attach to the same extent to the proceeds of any sales of such Trust Assets.

(i)  **Transfer of Authority to PA Officer and Wind Down Oversight Committee**.  Upon the Effective Date of the Plan, any authority granted to the Debtors by this Order shall be transferred to and vest in the PA Officer, and any consent or consultation rights of the Committee or the Ad Hoc Group shall be transferred to and vest in the Wind-Down Oversight Committee.

3.  Any party receiving notice of the Motion that fails to file a timely objection to the Motion and the terms of this Order is deemed to have consented to any ~~redemptions,~~sales or transfers ~~or sales~~ of Trust Assets free and clear of any interest in such Trust Assets, and the sales or transfers shall be free and clear of any liens, claims, encumbrances and interests, with any such liens, claims, encumbrances and interests to attach to the proceeds of such sales or transfers to the same extent; *provided, however*, that the foregoing shall not prejudice the rights of Gemini Trust Company, LLC provided in this Order or in the Gemini Adversary Proceeding.

6

4. All rights, defenses and privileges with respect to ownership of the Initial GBTC Shares and the Additional GBTC Shares or the parties' interests in such shares, including any tax implications or liabilities resulting from the sale, transfer, or redemption of any Initial GBTC Shares or Additional GBTC Shares, are expressly reserved. Nothing in this Order, nor any action taken in connection herewith, shall be deemed or otherwise constitute an admission with respect to any issues relating to ownership of the Initial GBTC Shares or the Additional GBTC Shares by any party, or any related rights, obligations or liabilities

5. The rights of Gemini Trust Company, LLC to assert a security interest in, constructive trust over, or other legal entitlement to, the proceeds of the sale of the Additional GBTC Shares, and any and all rights of the Debtors, the Committee, and any other party in interest to oppose any such security interest, constructive trust, or other legal entitlement, are fully preserved.

6. Shares of GBTC, ETHE, and ETCG shall be sold or transferred only in compliance with the federal securities laws pursuant to an available exemption or through registration under the Securities Act of 1933, as amended, and all applicable state securities laws.

7. The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

8. This Order is immediately effective and enforceable, notwithstanding any applicability of Bankruptcy Rule 6004(h) or otherwise.

9. The Debtors are authorized and empowered to take all actions necessary to implement and effectuate the relief granted in this Order.

7

10. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
New York, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE