**KATTEN MUCHIN ROSENMAN LLP**
Steven Reisman
Shaya Rochester
Julia Mosse
50 Rockefeller Plaza
New York, NY 10020-1605
Telephone: (212) 940-8700

-and-

Patrick Smith (*pro hac vice* application pending)
2029 Century Park East
Suite 2600
Los Angeles, California 90067-3012
Telephone: (312) 902-5379
Telephone: (310) 788-4400

*Counsel for* ███████████████

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors.[1] | Jointly Administered |

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING REDACTION
AND FILING OF CERTAIN INFORMATION UNDER SEAL
IN CONNECTION WITH STATEMENT IN SUPPORT OF CONFIRMATION
OF DEBTORS' AMENDED CHAPTER 11 PLAN, REPLY TO DCG'S
<u>CONFIRMATION OBJECTION AND RESERVATION OF RIGHTS</u>**

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

███████████████ ("*Creditor*"), by and through his undersigned counsel, hereby submits this motion (the "*Motion*") for entry of an order, substantially in the form attached hereto as Exhibit A (the "*Proposed Order*"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "*Local Rules*"), authorizing Creditor to redact and file under seal certain commercially sensitive and personal identifying information (the "*Sealed Information*") contained in: (i) Creditor's *Statement in Support of Confirmation of Debtors' Amended Joint Chapter 11 Plan, Reply to DCG's Plan Confirmation Objection and Reservation of Rights* (the "*Statement*"); and (ii) Exhibits A-E to the *Declaration of Shaya Rochester in Support of Statement in Support of Confirmation of Debtors' Amended Joint Chapter 11 Plan, Reply to DCG's Plan Confirmation Objection and Reservation of Rights* (the "*Rochester Declaration Exhibits*"). Creditor is filing the Statement and Rochester Declaration Exhibits (together, the "*Confirmation Filings*") with the proposed redactions contemporaneously herewith. In support of the Motion, Creditor respectfully states as follows:

## FACTUAL BACKGROUND

1. On January 19, 2023 (the "*Petition Date*"), the above-captioned debtors (the "*Debtors*") commenced these Chapter 11 cases (the "*Chapter 11 Cases*").

2. On April 20, 2023, the Bankruptcy Court entered the *Stipulation and Confidentiality Agreement and Protective Order* [ECF No. 238] (the "*Protective Order*"). Pursuant to paragraph 13 of the Protective Order, documents reflecting or referring to confidential information must be filed under seal. *Id.* ¶ 13.

3. On November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* [ECF No. 989] (as amended, modified or supplemented, the "**Plan**").[2]

4. On January 9, 2024, the Debtors filed the *Notice of Filing of Plan Supplement for the Debtors' Amended Joint Chapter 11 Plan* [ECF No. 1144] (the "**Plan Supplement**"), which attached as Exhibit M the "Setoff Principles for Allowance of Certain Claims." *See* Plan Supplement, Exhibit M (the "**Setoff Principles**").

5. On February 6, 2024, Digital Currency Group, Inc. and DCG International Investments Ltd. (together, "**DCG**") filed their *Objection to Confirmation of the Debtors' Amended Plan* [ECF No. 1257] (the "**DCG Objection**").

6. Creditor is filing the Confirmation Filings in support of the Plan and, in particular, in support of the Setoff Principles and in response to the DCG Objection. The Sealed Information in the Confirmation Filings contains multiple references to Creditor's commercially and financially sensitive information and personal identifying information, as well as information designated by other parties in interest as confidential under the Protective Order.

## JURISDICTION AND VENUE

7. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Plan.

1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## RELIEF REQUESTED

8. Creditor respectfully requests entry of the Proposed Order authorizing Creditor to redact and file under seal the Sealed Information contained in the Confirmation Filings, and directing that the Sealed Information in the Confirmation Filings remain under seal, confidential, and unavailable to any third party without further order from the Bankruptcy Court, *provided, however*, that unredacted copies of the Confirmation Filings shall be provided on a confidential basis to the Bankruptcy Court, the Debtors, the U.S. Trustee, the Committee, the Ad Hoc Group, the Genesis Crypto Creditors Ad Hoc Group, and DCG.

## BASIS FOR RELIEF

9. Section 105(a) of the Bankruptcy Code allows the Bankruptcy Court, under its equitable powers, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Code section 107(b) provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information." *Id.* § 107(b)(1). Bankruptcy Rule 9018 provides that, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018.

10. If a court determines that filed documents are covered by section 107(b), the court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*,

21 F.3d 24, 27 (2d Cir. 1994); *see also In re Northstar Energy, Inc.*, 315 B.R. 425, 428 (Bankr. E.D. Tex. 2004) ("In fact, § 107(b) *mandates* the protection of certain types of information, including 'confidential commercial information.'") (emphasis in original).

11. The Bankruptcy Code does not define the term "commercial information," and courts have recognized the term is broad. To be protected by section 107(b), "commercial information" need not rise to the level of a trade secret and, unlike Rule 26(c) of the Federal Rules of Civil Procedure, a party moving to seal under section 107(b) need not demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 28. Instead, once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); *see also* Fed. R. Bankr. P. 9018.

12. Here, the Sealed Information in the Confirmation Filings reflects the Creditor's personal identifying information, sensitive commercial and financial information regarding his business and dealings with the Debtors, and information designated by other parties for confidential treatment under the Protective Order. Under these circumstances, this Court and others in this District have granted relief for similar requests to seal. *See, e.g.*, ECF No. 694 (Order authorizing redaction of creditors' personal identifying information); Order, *In re Avianca Holdings S.A., et al.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. June 19, 2020) (ECF No. 299) (business and personal information); Order, *In re Walter Inv. Mgmt. Corp.*, Case No. 17-13446 (JLG) (Bankr. S.D.N.Y. Dec. 13, 2017), ECF No. 83 (business information); *In re Borders Group,*

5

*Inc.*, 462 B.R. 42 (Bankr. S.D.N.Y. 2011) (sealing portions of a share purchase agreement containing commercial information).

13. Further, the Protective Order established procedures to facilitate the production and exchange of Discovery Material (as defined in 2(b) of the Protective Order) that: (i) contains confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information; (ii) contains private or confidential personal information; (iii) contains information that, pursuant to any domestic or foreign law, regulation, or court order, is kept confidential or is subject to restrictions on its use or disclosure; (iv) is subject to a confidentiality agreement or other form of non-disclosure agreement that (A) was entered into in good faith and for a legitimate business purpose and (B) was in effect on the date of entry of this Confidentiality Stipulation; (v) is otherwise entitled to protection under 11 U.S.C. § 107(b) or (c), Federal Rule of Civil Procedure 26(c), or Federal Rule of Bankruptcy Procedure 9018; and/or (vi) contains any other category of information given Confidential status by the Bankruptcy Court. *See* ECF No. 238. Pursuant to the Protective Order, producing parties can designate Discovery Material as Confidential Material or Highly Confidential Material as applicable and then the receiving parties can only use and disclose such material in accordance with the provisions of the Protective Order. Paragraph 13 of the Protective Order provides that any document reflecting or referring to information that a party has designated as confidential must comply with all relevant rules for electronic filing under seal. *Id.* ¶ 13. Certain of the Sealed Information in the Statement refers to or is derived from materials that parties have designated as confidential pursuant to the Protective Order and, therefore, must be filed under seal.

14. Accordingly, Creditor respectfully requests that the Bankruptcy Court enter the Proposed Order authorizing Creditor to redact and file the Sealed Information contained in the

Confirmation Filings under seal in accordance with the Bankruptcy Code, Bankruptcy Rule 9018, Local Rule 9018-1, and directing that such Sealed Information in the Confirmation Filings remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the order approving this Motion. Creditor will also provide unredacted copies of the Confirmation Filings to the Bankruptcy Court, the Debtors, the U.S. Trustee, the Committee, the Ad Hoc Group, the Genesis Crypto Creditors Ad Hoc Group, and DCG.

## NOTICE

15. Creditor has provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 44]. Creditor submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

16. No prior request for the relief requested herein has been made to this or any other court.

*[remainder of page intentionally left blank]*

**CONCLUSION**

17. WHEREFORE, for the reasons set forth herein, Creditor respectfully requests that the Motion be granted and that the Bankruptcy Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

Dated: February 15, 2024
New York, New York

**KATTEN MUCHIN ROSENMAN LLP**

*/s/ Steven J. Reisman*
Steven J. Reisman
Shaya Rochester
Julia Mosse
50 Rockefeller Plaza
New York, NY 10020-1605
Telephone: (212) 940-8700
Email: sreisman@katten.com
          shaya.rochester@katten.com
          julia.mosse@katten.com

-and-

Patrick Smith (*pro hac vice* application pending)
2029 Century Park East
Suite 2600
Los Angeles, California 90067-3012
Email: Patrick.smith@katten.com

*Counsel for* ███████████

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Genesis Global Holdco, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10063 (SHL)<br><br>Jointly Administered |

**ORDER AUTHORIZING REDACTION AND FILING OF CERTAIN
INFORMATION UNDER SEAL AND GRANTING RELATED RELIEF**

Upon the Motion[2] of Creditor for entry of an order (this "***Order***"), authorizing Creditor to redact and file the Statement and Rochester Declaration Exhibits and directing that the Sealed Information contained in those documents remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that sufficient notice and opportunity for a hearing having been given and no other or further notice being required; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

1

herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein;

2. Creditor is authorized (i) to file the Sealed Information in the Statement and the Rochester Declaration Exhibits on the public docket of this case in redacted form, and (ii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, hard copies and electronic copies of the Statement and Rochester Declaration Exhibits in their entirety, in each case clearly labeled "FILED UNDER PENDING MOTION TO SEAL."

3. The Sealed Information in the Statement and Rochester Declaration Exhibits shall remain under seal and shall not be made available, without the consent of Creditor or without further order of this Court, to anyone other than (on a confidential basis) this Court, the Debtors, the U.S. Trustee, the Committee, the Ad Hoc Group, the Genesis Crypto Creditors Ad Hoc Group, and DCG.

4. To the extent that the Sealed Information in the Statement or the Rochester Declaration Exhibits is attached or referred to in any further pleadings or document filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

5. Upon the passing of forty-five (45) days after the final disposition of these Chapter 11 Cases, any party that has filed materials under seal shall reclaim all documents filed under seal or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6. Nothing in this Order prejudices the rights of any party-in-interest, including the U.S. Trustee, to seek, on appropriate motion, the unsealing of the Sealed Information in the Statement or the Rochester Declaration Exhibits, or any part thereof.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE