**WHITE & CASE LLP**
J. Christopher Shore
Philip Abelson
Colin T. West
Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

– and –

Amanda Parra Criste (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Counsel to Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION FOR AUTHORITY TO REDACT AND FILE CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE DECLARATION OF BRADLEY GEER IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF THE AMENDED JOINT CHAPTER 11 PLAN AND OMNIBUS RESPONSE TO OBJECTIONS THERETO**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

The Official Committee of Unsecured Creditors (the "**Committee**") appointed in the cases of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**") authorizing the Committee to redact and file under seal, in part, the *Declaration of Bradley Geer in Support of the Official Committee of Unsecured Creditors' Memorandum of Law in Support of Confirmation of the Amended Joint Chapter 11 Plan and Omnibus Response to Objections Thereto*, and the accompanying exhibits thereto (the "**Geer Declaration**"), attached hereto as **Exhibit B**. The Geer Declaration have been filed with the proposed redactions contemporaneously herewith. In support of this Motion, the Committee respectfully state as follows:

## BACKGROUND AND RELEVANT FACTS

1.      On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 37]. No trustee or examiner has been appointed in the Chapter 11 Cases.

2.      On February 3, 2023, the Committee was appointed in these cases [Docket No. 55].

3.      On November 28, 2023, the Debtors filed their *Amended Joint Chapter 11 Plan* [Docket No. 989] (as it may be altered, amended, modified, or supplemented, the "**Plan**").

4.      On February 5 and 6, 2024, several parties filed objections to the Plan, including Digital Currency Group, Inc. and DCG International Investment Ltd. (together, "**DCG**") [Docket No. 1257] and the Genesis Crypto Creditors Ad Hoc Group ("**Crypto AHG**") [Docket No. 1238].

5.      The hearing to consider confirmation of the Plan is currently scheduled for February 26, 2024 at 9:30 a.m. (prevailing ET).

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## RELIEF REQUESTED

7.      The Committee respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Committee to redact and file confidential portions of the Geer Declaration (as redacted, the "**Sealed Portions**"), and directing that the Sealed Portions remain under seal, confidential, and not be made available to any third party without further order from the Court, *provided*, *however*, that copies shall be provided on a confidential basis to the Court, the Debtors, the U.S. Trustee and, subject to the Committee's and the Debtors' consent, or an order of the Court, such other parties that may request and have signed the Protective Order (as defined below).

**BASIS FOR RELIEF**

8.      Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion be filed under seal.  Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information."  11 U.S.C. § 107(b).  Bankruptcy Rule 9018 establishes the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code.  Rule 9018 provides, in relevant part, that a court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ."  Fed. R. Bank. P. 9018.  Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

9.      This Court has entered an order in these cases, pursuant to 11 U.S.C. § 107(b), to protect confidential information.[2]  On April 20, 2023, the Court entered the *Stipulation and Confidentiality Agreement and Protective Order* (the "**Protective Order**") [Docket No. 238], which established procedures to facilitate the production and exchange of Discovery Material (as defined in 2(b) of the Protective Order) that (i) contains confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information; (ii) contains private or confidential personal information; (iii) contains information that, pursuant to any domestic or foreign law, regulation, or court order, is kept confidential or is subject to restrictions on its use or disclosure; (iv) is subject to a confidentiality agreement or other form of non-disclosure agreement

---

[2]      The Court similarly entered an order authorizing the Debtors, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the names, home addresses and email addresses of individuals listed on the consolidated creditors list and the addresses and email addresses of other creditors listed on the consolidated creditors list or other documents filed with this Court [Docket No. 694].

that (A) was entered into in good faith and for a legitimate business purpose and (B) was in effect

on the date of entry of this Confidentiality Stipulation; (v) is otherwise entitled to protection under

11 U.S.C. § 107(b) or (c), Federal Rule of Civil Procedure 26(c), or Federal Rule of Bankruptcy

Procedure 9018; and/or (vi) contains any other category of information given Confidential status

by the Court.  Pursuant to the Protective Order, producing parties can designate Discovery Material

as Confidential Material or Highly Confidential Material as applicable, and the receiving parties

can only use and disclose such material in accordance with the provisions of the Protective Order.

Pursuant to paragraph 13, any document reflecting or referring to information that a party has

designated as confidential must comply with all relevant rules for electronic filing under seal.

10.     Here, the Sealed Portions contain non-public information that has been designated

as "Confidential" and "Highly Confidential" by the parties who have produced such material

during the course of discovery.  Mindful of its obligations under the Protective Order, the

Committee requests leave to file Sealed Portions under seal and maintain the confidentiality of

such information.

11.     By this Motion, the Committee respectfully requests that the Court enter the

Proposed Order authorizing the Committee to redact and file confidential portions of the Geer

Declaration under seal in accordance with the Bankruptcy Code, Bankruptcy Rule 9018, and Local

Rule 9018-1, and directing that such Sealed Portions remain confidential and under seal, and that

no such information shall be made available to anyone, other than as set forth in the order

approving this Motion.  The Committee will also provide unredacted copies of the Geer

Declaration to the Court, the Debtors, the U.S. Trustee, and, subject to the Committee's and the

Debtors' consent, or an order of the Court, such other parties that may request and have signed the

Protective Order.

## NOTICE

12.     The Committee has provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44]. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

13.     No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

14.     WHEREFORE, for the reason set forth herein the Committee respectfully requests that this Court (a) enter an order, substantially in the form attached hereto as **Exhibit A** and (b) grant such other and further relief as is just and proper.

Dated:     February 15, 2024            */s/ J. Christopher Shore*
            New York, New York           WHITE & CASE LLP
                                         J. Christopher Shore
                                         Philip Abelson
                                         Colin T. West
                                         Michele J. Meises
                                         1221 Avenue of the Americas
                                         New York, NY 10020
                                         Telephone: (212) 819-8200
                                         Facsimile: (212) 354-8113

                                         – and –

                                         Amanda Parra Criste (admitted *pro hac vice*)
                                         200 South Biscayne Boulevard, Suite 4900
                                         Miami, FL 33131
                                         Telephone: (305) 371-2700
                                         Facsimile: (305) 358-5744

                                         *Counsel to Official Committee of Unsecured Creditors*