# **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO REDACT AND FILE CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE DECLARATION OF BRADLEY GEER IN SUPPORT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MEMORANDUM OF LAW IN SUPPORT OF CONFIRMATION OF THE AMENDED JOINT CHAPTER 11 PLAN AND OMNIBUS RESPONSE TO OBJECTIONS THERETO**

Upon the Motion[2] of the Official Committee of Unsecured Creditors (the "**Committee**") in the above-captioned chapter 11 cases for entry of an order (this "**Order**"), authorizing the Committee to redact and file under seal, in part, the *Declaration of Bradley Geer in Support of the Official Committee of Unsecured Creditors' Memorandum of Law in Support of Confirmation of the Amended Joint Chapter 11 Plan and Omnibus Response to Objections Thereto*, and the accompanying exhibits thereto (the "**Geer Declaration**") and directing that such Sealed Portions information remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Committee, the Debtors and their estates, their creditors and other parties in interest; and the Court having found that the Committee's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Committee is authorized (i) to file the Geer Declaration on the public docket of this case in its redacted form, and (ii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, hard copies and electronic copies of the Geer Declaration, in each case clearly labeled "FILED UNDER PENDING MOTION TO SEAL."

3. The Geer Declaration shall remain under seal and shall not be made available, without the consent of the Committee, the Debtors, or without further order of this Court, to anyone other than (on a confidential basis) this Court, the Debtors, the U.S. Trustee, and, subject to the Committee's and the Debtors' consent, or an order of the Court, such other parties that may request and have signed the Protective Order.

4. To the extent that the Geer Declaration is attached or referred to in any further pleadings or document filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

5. Upon the passing of forty-five (45) days after the final disposition of the Chapter 11 Cases, any party that has filed materials under seal shall reclaim all documents filed under seal or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6. Nothing in this Order prejudices the rights of any party-in-interest, including the U.S. Trustee, to seek, on appropriate motion, the unsealing of the Geer Declaration, or any part thereof.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
       White Plains, New York

                                      HONORABLE SEAN H. LANE
                                      UNITED STATES BANKRUPTCY JUDGE