**Proposed Hearing Date and Time: March 6, 2024 at 11:00 a.m. (prevailing Eastern Time)**
**Proposed Objection Deadline: February 28, 2024 at 4:00 p.m. (prevailing Eastern Time)**

Jeremy C. Hollembeak
BAIRD HOLM LLP
1700 Farnam St. Ste. 1500
Omaha, NE 68102
Telephone (402) 636-8317
jhollembeak@bairdholm.com

*Counsel to Holders of Claim Nos. 402 & 405*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF MOTION BY CLAIMANTS FOR ENTRY OF AN ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(b), ALLOWING UNDISPUTED PRINCIPAL AMOUNT OF CLAIM NOS. 402 AND 405 FOR PURPOSES OF DISTRIUBUTION UNDER THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

      **PLEASE TAKE NOTICE** that, on January 19, 2023, Genesis Global Holdco, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. with the United States Bankruptcy Court for the Southern District of New York (the "Court").

      **PLEASE TAKE FURTHER NOTICE** that, on or about May 22, 2023, proof of claim number 402 ("Claim No. 402") and proof of claim number 405 ("Claim No. 405," and together with Claim No. 402, the "Filed Claims") were filed in these Chapter 11 Cases by the respective holders of such claims (together, the "Claimants").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, 38th Floor, New York, NY 10007.

**PLEASE TAKE FURTHER NOTICE** that, on November 29, 2023, the Debtors filed the *Debtors' Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified)* (ECF No. 999) (the "Objection"), seeking to modify and allow the Filed Claims as modified.

**PLEASE TAKE FURTHER NOTICE** that, on December 21, 2023, the Claimants filed the *Response in Opposition to Debtors' Objections to Claim Nos. 402 and 405 in Seventh Omnibus Objection [ECF No. 999]* (ECF No. 1076) opposing the Objection and allowance of the Filed Claims in less than the full amount asserted therein (the conflicting positions of the the Debtors and Claimants with respect to Claim Nos. 402 and 405 hereinafter referred to as the "Fee Dispute"). The Fee Dispute was initially scheduled to be heard before this Court on January 3, 2024.

**PLEASE TAKE FURTHER NOTICE** that, on December 22, 2023, the Debtors filed the *Notice of Adjournment of Debtors' Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified) Solely with Respect to Claim Nos. 402 and 405* (ECF No. 1085), adjourning the Fee Dispute to the January 18, 2024, omnibus hearing.

**PLEASE TAKE FURTHER NOTICE** that, on January 18, 2024, the Debtors filed the *Notice of Further Adjournment of Debtors' Seventh Omnibus Objection (Non- Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified) Solely with Respect to Claim Nos. 402 and 405* (ECF No. 1166), adjourning the Fee Dispute to the February 8, 2024, omnibus hearing.

**PLEASE TAKE FURTHER NOTICE** that, on February 8, 2024, the Debtors filed *Notice of Further Adjournment of Debtors' Seventh Omnibus Objection (Non-substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow as Modified) Solely with Respect to Claim Nos. 402 and 405* (ECF No. 1273), adjourning the Fee Dispute to the omnibus hearing scheduled to begin March 6, 2024, at 11:00 a.m. (prevailing Eastern time).

**PLEASE TAKE FURTHER NOTICE** that the Claimants therefore submit the *Motion by Claimants for Entry of an Order, Pursuant To 11 U.S.C. §§ 105(A) and 502(B), Allowing Undisputed Principal Amount of Claim Nos. 402 And 405 for Purposes of Distribution Under the Debtors' Amended Joint Chapter 11 Plan* (the "Motion") requesting that the Court allow the undisputed principal amount of each Filed Claim for purposes of distribution as contemplated under the Debtors' Amended Joint Chapter 11 Plan (ECF. No. 1325, the "Plan") solely to the extent that the Fee Dispute is not resolved prior to entry of an order confirming the Plan.

**PLEASE TAKE FURTHER NOTICE** that objections or responses ("Responses"), if any, to the Motion or the relief requested therein shall be made in writing, filed with the Court on or before February 28, 2024 at 4:00 p.m. (prevailing Eastern time) or such other date and time as the Court may specify (the "Response Deadline") and served as required by the *Order*

*Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no Response is timely filed and served with respect to the Motion, the Court may approve the Motion without further notice.

**PLEASE TAKE FURTHER NOTICE** that if one or more Responses are timely filed by the Response Deadline, a hearing before the Court to consider the Motion and all Responses thereto will be held on March 6, 2024 at 11:00 a.m. (prevailing Eastern time). Claimants, the Debtors and any responding parties in interest are required to attend the hearing in accordance with General Order M-543 (which can be found at http://www.nysb.uscourts.gov), and failure to attend may result in relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and other pleadings can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212-257- 5450.

Dated: Omaha, Nebraska
February 20, 2024.

/s/ Jeremy C. Hollembeak
Jeremy C. Hollembeak
BAIRD HOLM, LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
Phone: 402-344-0500
jhollembeak@bairdholm.com

*Counsel to Holders of Claim Nos. 402 and 405*

Jeremy C. Hollembeak
BAIRD HOLM LLP
1700 Farnam St. Ste. 1500
Omaha, NE 68102
Telephone (402) 636-8317
jhollembeak@bairdholm.com

*Counsel to Holders of Claim Nos. 402 & 405*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**MOTION BY CLAIMANTS FOR ENTRY OF AN ORDER, PURSUANT TO
11 U.S.C. §§ 105(a) AND 502(b), ALLOWING UNDISPUTED PRINCIPAL
AMOUNT OF CLAIM NOS. 402 AND 405 FOR PURPOSES OF DISTRIUBUTION
UNDER THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

---

[1] The "Debtors" in these Chapter 11 Cases are, collectively, Genesis Global Holdco, LLC; Genesis Global Capital, LLC ("GGC"); Genesis Asia Pacific Pte. Ltd. ("GAP").

## Table of Contents

Introduction.................................................................................................................... 1

Background ..................................................................................................................... 3

Relief Requested and Basis Therefor.................................................................................6

Notice ...........................................................................................................................10

No Prior Request...........................................................................................................11

Conclusion ...................................................................................................................12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Motors Liquidation Co.*,
  447 B.R. 198 (Bankr. S.D.N.Y. 2011)..........................................................................9

**Statutes**

11 U.S.C. § 105(a)................................................................................................6

11 U.S.C. § 502(a)............................................................................................6, 7

11 U.S.C. § 502(b)(1) ............................................................................................7

11 U.S.C. § 502(d)................................................................................................7

28 U.S.C. §§ 157 and 1334 ....................................................................................7

28 U.S.C. § 157(b)(2) ............................................................................................7

28 U.S.C. §§ 1408 and 1409 ..................................................................................7

**Other Authorities**

Fed. R. Bankr. P. 3003(c)(4) ..................................................................................6

The respective holders (each a "Claimant") of Claim Nos. 402 and 405 (each, a "Filed Claim"), the minority portions of which are subject to pending objections under the Debtors' Seventh Omnibus Objection (ECF No. 999), hereby move the Court (the "Motion") for entry of an order, pursuant to Sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), allowing the undisputed principal amount of each Filed Claim for purposes of distribution as contemplated under the Debtors' Amended Joint Chapter 11 Plan (ECF. No. 1325, the "Plan") solely to the extent that the Fee Dispute (defined below) is not resolved prior to entry of an order confirming the Plan. In support of the Motion, Claimants respectfully state as follows:

## INTRODUCTION

1.      This Motion is a preventative measure the Claimants have been compelled to take by the Debtors' unreasonableness. The Court may never need to rule on the Motion, but if it does, the relief requested herein should be granted. The Motion seeks partial allowance of the Filed Claims, for purposes of distribution under the Plan, in the amount corresponding to the respective outstanding principal owing on each Claimant's prepetition loan to the Debtors. These amounts, constituting the majority of both claims, are ***entirely undisputed*** by the Debtors. The Debtors are refusing to consent to allowance of these undisputed amounts, however, because the Filed Claims also claim unpaid prepetition fees under the same governing loan documents in amounts the Debtors are disputing (the "Fee Dispute"). As a result, the only way Claimants will receive *any* distributions while the Fee Dispute remains unresolved is if this Court enters an order deeming the undisputed principal portion of the Filed Claims to be "Allowed Claims" under the Plan. Because the probability of distributions being made under the Plan before

1

resolution of the Fee Dispute is rapidly increasing, Claimants cannot wait any longer to seek partial allowance of the Filed Claims as explicitly provided for in the Plan.

2.      In doing so, Claimants are mindful of all that is going on in these cases and the Court's understandable bandwidth limitations.  In fact, Claimant holding Filed Claim No. 405 has dutifully served as a member of the Official Committee of Unsecured Creditors in these chapter 11 cases since its formation over a year ago (and continues to do so).  Moreover, after both Filed Claims were partially allowed for voting purposes[2] – a request the Debtors readily agreed to as they commenced solicitation amid uncertainty of the Plan's support among other holders of GAP Fiat-or-Stable-coin-denominated and GGC Alt-coin-denominated claims – each Claimant voted to accept the Plan.  Now that votes have been tabulated (ECF No. 1295, Ex. A), it is clear that GGC Class 6 (Alt-Coin-Denominated Unsecured Claims) would not be an accepting class had Claimant instead voted Filed Claim No. 405 (as allowed for voting in a dollarized amount of approximately $37 million) to reject the Plan.

3.      The point is, although the Debtors may try to paint them this way, Claimants are not self-interested obstructionists indifferent to the burden the ongoing Fee Dispute and now this Motion imposes on estate and judicial resources.  But their hand is being forced.  Claimants lent digital assets to the Debtors in May and September 2022 that were never returned and for which no one disputes they are entitled to claim an aggregate petition date-dollarized principal amount exceeding $45 million.  Using the Debtors' disagreement with how Claimants calculate certain fees on that undisputed principal to make Claimants wait longer for distributions than their fellow unpaid Genesis lenders and customers would be truly inequitable and not how earnest

---

[2] *See Stipulation and Agreed Order For Temporary Allowance of Claims Solely for the Purpose of Voting on the Debtors' Amended Joint Chapter 11 Plan Pursuant to Bankruptcy Rule 3018* dated December 14, 2023 (ECF No. 1045) and so-ordered by the Court December 22, 2023 (ECF No. 1087).

parties should be treated in bankruptcy. Preventing legitimate creditors from suffering potentially lengthy and prejudicial delays in receiving distributions is the very reason the Plan contemplates partial allowance in the first place. The Debtors' opposition to Claimants invoking this mechanism is puzzling, and in any event, unjustifiable.

4.     Accordingly, if the Fee Dispute is not finally resolved by the time an order confirming the Plan is set to issue, then for all the reasons below the Motion should be granted and the relief requested herein be incorporated into the confirmation order or a standalone order.

## **BACKGROUND**

5.     On May 28, 2022, the Claimant asserting Filed Claim No. 402, as Lender, transferred to GAP, as Borrower, 10,000,000 USDC on an uncollateralized basis with an agreed maturity date of November 28, 2022 (the "402 Loan").

6.     On September 20, 2022, the Claimant asserting Filed Claim No. 405, as Lender, transferred to GGC, as borrower, 7,000,000 DOT on an uncollateralized basis with an agreed maturity date of November 21, 2022 (the "405 Loan" and, together with the 402 Loan, the "Loans").

7.     On January 19, 2023, the Debtors (including GAP and GGC) each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petition Date") commencing the above-captioned cases before this Court.

8.     On May 22, 2023, the Claimants timely submitted the Filed Claims, which each assert a right to payment of (a) the principal amount outstanding on the corresponding Loan (in either case, the "Outstanding Principal") and (b) other amounts Claimants believe had or may become due under the governing Loan documents, including certain fees that were due and payable thereunder as of the Petition Date (as defined in such documents, the Loan Fees and Late

Fees, or, collectively, the "Outstanding Prepetition Fees").[3]  Specifically, Filed Claim No. 402 asserts the Outstanding Principal on the 402 Loan to be 10,000,000 USDC and Filed Claim No. 405 asserts the Outstanding Principal on the 405 Loan to be 6,000,000 DOT.

9.      On November 29, 2023, as part of their Seventh Omnibus Objection, the Debtors (a) objected to the Filed Claims *solely* to the extent they were inconsistent with the Debtors' books and records (the "Fee Dispute"), and (b) sought entry of an order modifying the Filed Claims to match the Debtors' books and records and allowing both claims as so-modified. Critically, the Debtors' books and records agreed with the Outstanding Principal on each Loan asserted by each Claimant in its Filed Claim, with the Debtors' objection to each claim relating solely to the Outstanding Prepetition Fees sought thereunder.  In the words of the Debtors' own financial advisor, "***we have determined that the <u>amounts asserted</u> in Claim No. 402 and Claim No. 405 <u>for principal owed</u> to the Claimants <u>are consistent with the Debtors' Schedules and Books and Records</u>***."  *See* Supplemental Declaration of Paul Kinealy in support of Seventh Omnibus Objection, Ex. B to Debtors' Fee Dispute Reply, ¶ 4 (emphasis added).  Likewise, no party in interest other than the Debtors has raised a dispute with Outstanding Principal (or, for that matter, with any other portion of the Filed Claims).

10.     On December 21, 2023, the Claimants filed a response to the Seventh Omnibus Objection (ECF No. 1076, the "Fee Dispute Response").  At that time, the Debtors were just beginning to solicit votes on their proposed plan and a confirmation hearing was not scheduled to being until February 14, 2024.  By comparison, a hearing on the Fee Dispute was scheduled to

---

[3] The description of the Filed Claims in this Motion is qualified in its entirety by the actual terms of the Filed Claims, copies of which can be found as Exhibits C & D, respectively to the Debtors' Reply in Support of the Seventh Omnibus Objection with respect to Claim Nos. 402 and 405 (ECF No. 1188, the "Fee Dispute Reply").

begin at the upcoming January 3, 2024. With that in mind, Claimants did not seek the relief requested in this Motion back in December out of hope the Fee Dispute would be resolved prior to confirmation, but nevertheless put all parties on notice by expressly reserving the right to do so "to the extent [t]hereafter the Debtors' objections to the Filed Claims have not been timely resolved and/or fully adjudicated" in time to receive distributions under the Plan. *See* Claimants' Fee Dispute Response ¶¶ 41-42.

11.     Thereafter, the Fee Dispute hearing was rescheduled several times, first unilaterally by the Debtors to January 18, 2024 (ECF No. 1085), then at the request of this Court to February 8, 2024 (ECF Nos. 1179), and then again at the request of this Court to its currently scheduling for the upcoming omnibus hearing on March 6, 2024 at 11:00 a.m. (prevailing Eastern Time) (the "March 6th Hearing").

12.     Meanwhile, a number of developments since December, including positive voting results on the Plan, have raised the significant possibility that the Plan gets confirmed and effectuated relatively soon, such that initial distributions thereunder are made on account of "Allowed" claims just days or weeks following the March 6th Hearing. In turn, this projected timeline together with the complexity of the Fee Dispute and the understandable constraints on the Court's bandwidth in the coming weeks, have raised the significant possibility that the Claimants will not receive *any* distributions under the Plan for several months or longer, absent the relief requested in this Motion.

13.     Not wanting to burden the Court's calendar with additional motion practice, the Claimants met and conferred with the Debtors, hoping they would agree to allow the undisputed Outstanding Principal on both Loans for purposes of distribution under the Plan (*i.e.* the relief requested by this Motion). But the Debtors have refused this reasonable request, and, indeed,

remain steadfastly opposed to any compromise at all with Claimants concerning the Filed Claims.

14.    Accordingly, the Claimants have been forced to file this Motion to prevent the unwarranted prejudice of having the majority of their Plan distributions on account of the wholly undisputed Outstanding Principal of their Filed Claims unfairly delayed likely for months relative to other creditors, all because Claimants refuse to give up their full entitlement to the Outstanding Prepetition Fees for no consideration whatsoever.

## RELIEF REQUESTED AND BASIS THEREFOR

15.    By this Motion, Claimants seek entry of an order, either as part of a forthcoming confirmation order or as a standalone order substantially in the form attached hereto as **Exhibit A**, allowing for purposes of distribution under the Plan (a) the undisputed the Outstanding Principal on the 402 Loan in the amount of 10,000,000 USDC and (b) the undisputed Outstanding Principal on the 405 Loan in the amount of 6,000,000 DOT. For the avoidance of doubt, the Motion does not seek allowance of any portion of the Outstanding Prepetition Fees on either Loan, on which the parties' respective rights should be wholly reserved pending resolution of the Fee Dispute pursuant to a final, non-appealable order.

16.    The statutory bases for the relief requested are Sections 105(a) and 502 of the Bankruptcy Code.[4] Section 105(a) allows the Bankruptcy Court, under its equitable powers, to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 502(a) provides that timely filed proofs of claim must be deemed allowed unless objected to by a party in interest. 11 U.S.C. § 502(a); *see also* Fed. R.

Bankr. P. 3003(c)(4) ("[a] proof of claim […] executed and filed in accordance with this subdivision shall supersede any scheduling of that claim"). In turn, even proofs of claim that are objected to must be allowed, after notice and a hearing, "except to the extent that (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).[5]

17.    Here, the Filed Claims are premised on unpaid prepetition loans of digital currencies (*i.e.* the 402 Loan and 405 Loan) made by the Claimants to GAP and GGC, respectively. As noted above, the Debtors are in total agreement with the bulk amount of each Filed Claim representing the Outstanding Principal owed on each Loan. Since the Debtors have no basis to object to such amount under Section 502(b)(1), they would not be able to prevent the Outstanding Principal owed on each Loan from being deemed allowed under Section 502(a) if Claimant had asserted such amount in a standalone proof of claim. Unlike other paragraphs of Section 502 of the Bankruptcy Code not applicable here, Congress did not supply Section 502(b)(1) with the statutory language to transform a contractual or legal dispute as to one claim into a basis to seek disallowance of all other claims filed by the same creditor. *Cf.* 11 U.S.C. § 502(d) ("the court shall disallow *any* claim of any entity from which property [of the estate] is recoverable") (emphasis added).

18.    Thus, regardless how the Debtors may try to rationalize it, their refusal to consent to allowance of the undisputed Outstanding Principal amounts of the Filed Claims rests on the

---

[4] The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

[5] The Debtors do not seek disallowance of the Loan and Late Fee portions of the Filed Claims under any paragraph of Section 502(b) other than under Section 502(b)(1). *See* Seventh Omnibus Objection ¶ 13.

thin reed of each Claimant having sought amounts due on its unpaid Loan in addition to the Outstanding Principal altogether under a single proof of claim. Claimants did so for the sake of minimizing the administrative burden on the estate's claims reconciliation process. Claimants had no reason to suspect that filing separate proofs of claim for different amounts owing under the same Loan might be their only means to enforce their rights to those different amounts independently of one another in the event some amounts were disputed. Thus, by opposing partial allowance of the Filed Claims under the circumstances, the Debtors would have the Court elevate form over substance, and create perverse incentives for creditors in future cases to avoid Claimants current predicament by filing more proofs of claim where fewer or one would suffice.[6]

19.    This Court should not sanction the Debtors' tactics by denying the Motion. The Debtors appear to be motivated by the misguided notion they should be allowed to leverage delayed plan distributions on the undisputed principal portions of loan-based claims to brow-beat creditors into giving up their pursuit of ancillary entitlements such as properly calculated Late Fees under the MLAs. But regardless of their motivation, the Debtors' refusal to allow the undisputed portion of the Filed Claims has no basis in law or justification for its inequitable impact on Claimants rights. Section 502(b) does not require the Court's determination whether to allow different parts of a claim to occur all at one time, nor does it prohibit the undisputed

---

[6] The Debtors' opposition appears somewhat disingenuous as well, in light of the bifurcated manner in which they themselves sought to enforce their rights under MLAs with DCG and DCGI, first by seeking return of unpaid principal and undisputed fees through turnover proceedings, and then by seeking payment of disputed Late Fees through arbitration. *See Notice of Filing of Arbitration Demand with Respect to Late Fees and Enforcement Costs Under the DCG Loan and DCGI Loan* (ECF No. 1274).

portion of a claim from being allowed on the eve of plan confirmation in order to receive distributions to be made thereunder before the disputed potion of the claim can be adjudicated.[7]

20.    Even if Section 502(b) could be construed in this manner, the Debtors can hardly advocate that position here since their own Plan explicitly and repeatedly contemplates the partial allowance of claims for purposes of distributions thereunder. Specifically, Article VI.A of the Plan ("Timing and Calculation of Amounts to be Distributed") provides, in relevant part:

> Unless otherwise provided in the Plan (including the Distribution Principals), on the Effective Date or as soon as reasonably practicable thereafter (or, if a Claim is not an Allowed Claim on the Effective Date, on the date that such Claim becomes Allowed or as soon as reasonably practicable thereafter), each Holder of an Allowed Claim, ***including any portion of a Claim that is an Allowed Claim notwithstanding that other portions of such Claim are a Disputed Claim or a Disallowed Claim***, shall, with respect to the portion of the Claim that is an Allowed Claim, receive the full amount of the distributions that the Plan (including the Distribution Principals) provides for Allowed Claims in each applicable Class and in the manner provided in the Plan (including the Distribution Principals). [....]

(Emphasis added) Notably, consistent with the relief requested by this Motion, Article VI.H of the Plan ("Allocations") provides that the "[t]he aggregate consideration to be distributed to each Holder of an Allowed Claim will be allocated *first to the principal amount of such Allowed Claim*, with any excess allocated to unpaid interest that accrued on such Allowed Claims, if any." (Emphasis added)

---

[7] Judge Gerber's decision under analogous circumstances in *General Motors* is instructive. There, certain noteholders opposed confirmation of a proposed plan on the basis they would not receive any distributions thereunder unless and until their disputed claims were adjudicated and allowed. *In re Motors Liquidation Co.*, 447 B.R. 198, 211–12 (Bankr. S.D.N.Y. 2011). Overruling the noteholders, Judge Gerber explained there was a colorable objection pending to have their claims disallowed or subordinated "*in their entirety*," and that "[d]elay in payment was a natural consequence of *that* objection." *Id.* at 212 (emphasis added). Drawing a contrast, Judge Gerber further noted "*[t]here was no undisputed portion of either claim that could or should otherwise be entitled to a distribution under the plan.*" *Id.* (emphasis added). Here, the missing ingredient from *General Motors* – an undisputed portion of the Filed Claims – is the very thing this Motion seeks to allow.

21.     Article VI.A of the Plan further provides "[i]f and to the extent that there are Disputed Claims, distributions on account of any such Disputed Claims shall be made pursuant to the provisions set forth in Article VII of the Plan and subject to the Distribution Principles." In turn, Article VII.H of the Plan ("No Distributions Pending Allowance") provides, in relevant part:

> Notwithstanding any other provision of this Plan to the contrary, no payment or distribution of any kind or nature provided under the Plan shall be made on account of any Claim to the extent that all or any portion of such Claim is a Disputed Claim, including if an objection to such Claim or portion thereof is Filed as set forth in Article VII, unless and until such Disputed Claim becomes an Allowed Claim; ***provided that any portion of a Claim that is an Allowed Claim shall receive the payment or distribution provided under the Plan thereon notwithstanding that any other portion of such Claim is a Disputed Claim.***

(Emphasis added)

22.     So how does a portion of a Disputed Claim become an Allowed Claim?  The answer is found in Article VII.A. of the Plan, which provides, in relevant part:

> ***Except as expressly provided in the Plan or in any order entered in the Chapter 11 Cases before the Effective Date (including the Confirmation Order)***, no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed under the Plan or the Bankruptcy Code, or the Bankruptcy Court has entered a Final Order, including, if applicable, the Confirmation Order (when it becomes a Final Order), in the Chapter 11 Cases allowing such Claim.

(Emphasis added)  *See also* Article I.A.16 of the Plan (defining "Allowed" to same effect).

23.     Accordingly, this Motion seeks no more relief than what the Plan expressly contemplates.  The entirety of the Filed Claims presently constitute Disputed Claims under the Plan due to the pendency of the Debtors' Seventh Omnibus Objection.  Nevertheless, for the reasons discussed above, this Court clearly can and should enter an order before the Effective Date allowing for purposes of distribution the portion of each Filed Claim corresponding to the undisputed Outstanding Principal amount of the underlying Loan.

## NOTICE

24.      Claimants have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).  Claimants submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

25.      No request for the relief requested herein has been made to this or any other court.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, Claimants respectfully request that the Bankruptcy Court, either as part of a forthcoming confirmation order or as a standalone order substantially in the form attached hereto as **Exhibit A**, (a) grant the Motion and overrule any objections thereto, (b) allow the undisputed principal portions of the Filed Claims for purposes of receiving distributions under the Plan, and (c) grant such other and further relief as is just and proper

Dated: Omaha, Nebraska
February 20, 2024.

*/s/ Jeremy C. Hollembeak*
Jeremy C. Hollembeak
BAIRD HOLM, LLP
1700 Farnam Street
Suite 1500
Omaha, NE 68102-2068
Phone: 402-344-0500
jhollembeak@bairdholm.com

*Counsel to Holders of Claim Nos. 402 and 405*

12

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a) AND 502(b), ALLOWING UNDISPUTED PRINCIPAL AMOUNT OF CLAIM NOS. 402 AND 405 FOR PURPOSES OF DISTRIUBUTION UNDER THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

Upon the consideration of the *Motion By Claimants for Entry of an Order, Pursuant to 11 U.S.C. §§ 105(a) and 502(b), Allowing Undisputed Principal Amount of Claim Nos. 402 and 405 for Purposes of Distribution under the Debtors' Amended Joint Chapter 11 Plan* (the "Motion");[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012; and the Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and proper notice of the Motion was given; and after being duly advised in the premises, considering the papers submitted in support of the Motion, all objections and responses thereto, and all replies thereto and in further support of the Motion

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, 38th Floor, New York, NY 10007.

1

(if any); and upon the record of all proceedings on the Motion before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      For the reasons stated in the Motion, the Motion is GRANTED to the extent set forth herein.

2.      That portion of Filed Claim No. 402 corresponding to the undisputed outstanding principal amount due and owing by GAP under Loan No. 402 is hereby allowed, pursuant to section 105(a) and 502(b) of the Bankruptcy Code, in the amount of 10,000,000 USDC (the "Allowed Principal Portion of Claim No. 402").

3.      The Allowed Principal Portion of Claim No. 402 is hereby deemed an Allowed Claim in the amount set forth above for all purposes under the Debtors' Amended Joint Chapter 11 Plan (ECF. No. 1325, as may be subsequently amended, the "Plan") including, without limitation, the receipt of payment or distributions provided under the Plan thereon notwithstanding that any other portion of Claim No. 402 is now or may become a Disputed Claim (as defined in the Plan).

4.      That portion of Filed Claim No. 405 corresponding to the undisputed outstanding principal amount due and owing by GGC under Loan No. 405 is hereby allowed, pursuant to section 105(a) and 502(b) of the Bankruptcy Code, in the amount of 6,000,000 DOT (the "Allowed Principal Portion of Claim No. 405").

5.      The Allowed Principal Portion of Claim No. 405 is hereby deemed an Allowed Claim in the amount set forth above for all purposes under the Plan including, without limitation, the receipt of payment or distributions provided under the Plan thereon notwithstanding that any other portion of Claim No. 405 is now or may become a Disputed Claim (as defined in the Plan).

---

[2] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

6.      Nothing in this order shall impact the merits of the pending Fee Dispute between Claimants and the Debtors or the allowance (or deemed allowance) or disallowance of (a) any portion of Filed Claim No. 402 other than the Allowed Principal Portion of Claim No. 402 (inclusive of any amendments to Claim No. 402 after the date hereof, the "Non-Principal Portion of Claim No. 402") and (b) any portion of Filed Claim No. 405 other than the Allowed Principal Portion of Claim No. 405 (inclusive of any amendments to Claim No. 405 after the date hereof, the "Non-Principal Portion of Claim No. 405").   The respective rights of Claimants, the Debtors and all other parties in interest (if any) with respect to the Fee Dispute, the Non-Principal Portion of Claim No. 402 and/or the Non-Principal Portion of Claim No. 405 (including, for the avoidance of doubt and without limitation, the allowance or deemed allowance of the Non-Principal Portion of Claim No. 402 and/or Non-Principal Portion of Claim No. 405 under the Plan) are hereby expressly preserved.

7.      For the avoidance of doubt, nothing in this Order shall govern or determine the method or currency of any distribution on any claim, which will be determined pursuant to the terms of the Plan.

8.      The Claimants, the Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC ("Kroll"), and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

9.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, and (ii) none of the Claimants, the Debtors, Kroll and the clerk of this Court are subject to any stay in the implementation, enforcement or realization of the relief granted in this Order.

10.     This Court shall retain exclusive jurisdiction with respect to all matters arising

from or related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024.
        White Plains, New York

_____
The Honorable Sean H. Lane
UNITED STATES BANKRUPTCY JUDGE

6291310.1

4