**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DIRECT TESTIMONY OF JASON BROWN IN SUPPORT OF
DIGITAL CURRENCY GROUP, INC.'S AND DCG INTERNATIONAL
INVESTMENTS LTD.'S OBJECTION AND RESERVATION OF RIGHTS TO
DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A
SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE
<u>NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL</u>**

I, Jason Brown, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that:

1. I am an attorney licensed to practice in the State of New York, and a partner at Cohen & Gresser LLP ("**C&G**"), specializing in securities fraud, white collar criminal, and complex civil litigation.

2. I submit this Declaration to provide the testimony that I would give at a hearing in support of Digital Currency Group, Inc.'s and DCG International Investments Ltd.'s (collectively, "**DCG**") objection and reservation of rights (the "**Objection**") filed in response to the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement between the Debtors and the New York State Office of the Attorney General* (Docket No. 1275) (the "**NYAG Settlement Motion**," and the proposed settlement agreement, the "**NYAG Settlement**").[2]

3. Prior to joining C&G, I served as Co-Chief Deputy to the New York State Attorney

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R) (collectively the "**Debtors**").
[2] Capitalized terms used herein but otherwise not defined shall have the meanings given to such terms in the Objection.

- 1 -

General's Office ("**NYAG**") from January 2016 to December 2017. The Chief Deputy is a member of the NYAG senior leadership. I worked as part of a three-member team with my Co-Chief Deputy and the New York Attorney General to manage the legal practice and operations of the office. In that role, I oversaw various aspects of the NYAG, including but not limited to the negotiation of plea deals and settlements.

4. Prior to the NYAG, I worked at the U.S. Attorney's Office of the Eastern District of New York for almost a decade in various roles, including as the Chief of the Criminal Division. In that position, I directed the investigation and prosecution of criminal matters, including negotiated resolutions when appropriate.

5. All told, I have over a decade of experience in senior roles as a prosecutor and regulator. I personally supervised, participated in, or approved hundreds of settlements, and I am thoroughly familiar with the investigation and litigation processes of regulators in general and the NYAG in particular. In my current position at C&G, I routinely appear in front of government regulatory agencies to advocate and negotiate settlements for my clients. In addition, I was also previously a partner at Ropes & Gray LLP, and the managing partner of the New York offices of Holland & Knight LLP.

6. I am familiar with portions of the record of *In re: Genesis Global Holdco, LLC, et al.* (23-10063) (SHL), various documents and testimony produced as part of that discovery record, and portions of the record of *The People of the State of New York v. Gemini Trust Company, LLC, et al.*, 452784/2023 (N.Y. Sup. Ct.) (the "**NYAG Action**"), including the complaint (Docket No. 2) (the "**Complaint**") and the amended complaint (Docket No. 17). The statements in this Declaration are based on my personal knowledge and my review of the documents listed in **Exhibit A**.

7. In my opinion, based on the record I reviewed, ████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████

8. In forming my opinions, I have been asked to make certain assumptions.

    a. I have been asked to assume that the Debtors believe that it is within the reasonable range of possibilities that, ████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████[3]

    b. I have been asked to assume that if the ██████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████.[4] Further, I have been informed ██████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████

    c. I have been asked to assume that, under the terms of the NYAG Settlement, all value that may be available, after distribution to the unsecured creditors based solely on the value of their claims as of the filing of the bankruptcy, will effectively be distributed to the NYAG. *NYAG Settlement Motion* at 36-37 (Exhibit C), ¶¶ 6-7.

    d. Therefore, I have been asked to assume that as a result, under the NYAG Settlement, if the bankruptcy court finds that creditors are only entitled to the

---

[3] Verost Direct Decl., ¶ 7. (Docket No. 1328).
[4] *Id*. ¶ 19.

Petition Date value of their claims, the NYAG will receive all excess value, which is ▐███████████████████████████████████████████▌

▐███████████████████████████████████████████▌

▐████▌

9. This settlement is no small figure, especially for Martin Act claims. Recent cases brought under the Martin Act have typically settled for amounts below $500 million.[5] Given the amount at issue here, I would expect the Debtors to have undertaken an enhanced process involving the preparation and exchange of detailed analyses of potential settlement values.

10. I have also been asked to assume that under the NYAG Settlement, the NYAG would dismiss the NYAG Action solely against the Debtors, and that the NYAG's proofs of claim submitted in the bankruptcy (the "**POC**") would be resolved as provided for in the settlement. I have been asked to assume that the POC asserts a claim of "over $1.1 billion in restitution plus disgorgement,"[6] and that unless the NYAG amends its POC, which requires approval of the bankruptcy court, $1.1 billion plus disgorgement is the maximum amount that the NYAG can receive from the Debtors' estates.

11. I note that neither the Complaint nor the POC fully articulates how the NYAG has determined the amount of its alleged damages. Accordingly, I would expect that prior to entry into any settlement, the Debtors would seek clarity in this regard. The alleged misstatements relate to the Gemini Earn program, and are made by multiple parties regarding numerous topics. The Complaint refers collectively to all investors that held funds as of the date of the withdrawal freeze without discussing whether there was any misrepresentation or omission at issue such that an

---

[5] *See* Exhibit A, which lists publicly available Martin Act settlements in the past five years with financial payments.
[6] POC at 4 (Question 7); *Id*. at 11-12; *See, e.g.,* GENESIS_DCG_CONF_00000076 at 4 (Question 7); *Id*. at 11-12.

individual investor would have a claim. Yet the potential NYAG Settlement ██████ ████████████████████████████████████████████ To be clear— I am not raising any position with respect to the merits of the underlying action, and offer no opinion in that regard. Instead, I simply note that this is a complex question susceptible to advocacy.

12. In the myriad settlements in which I have participated, negotiations to lower the amount of the potential claim is a universal practice, and the resulting figure is the product of aggressive advocacy on both sides. I would expect that the parties and the sophisticated law firms involved here would have engaged in advocacy submissions such as memoranda of law and white papers relating to policy, equitable considerations, precedent under the Martin Act, and proposals to limit damages. I would also expect such written submissions to be accompanied by in-person advocacy, whether through phone calls or in-person meetings, and presentations on key topics as both sides narrowed the issues.

13. This is particularly true where, as here, there is ambiguity concerning the theory of damages. The record would therefore be expected to contain extensive advocacy to limit damages, including testimony, emails, and presentations articulating the maximum amount of damages that the NYAG would be entitled to receive.

14. The record ██████████████████████████████████████

15. Based on my review of the record, the parties engaged in the following discussions relating to a potential settlement:

    a. The record reflects ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████[8]

b. The NYAG filed its initial Complaint on October 19, 2023. On November 1, 2023, ███████████████████████████████████.[9]

████████████████████████████████[10]████

████████████████████████████[11] the record

I reviewed reflects ██████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

c. ███████████████████████████████████

███████████████████████████████████[12]

███████████████████████████████████

███████████████████████████████████[13]

According to the December 6, 2023, *Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al.* (Docket No. 1031) (the "**Amended Disclosure Statement**"), the NYAG claim was deemed to be a "Government Penalty Claim" subordinated to General Unsecured Claims, and

---

[7] GENESIS_DCG_9019_00000057.
[8] *Id*.
[9] GENESIS_DCG_9019_00000097; GENESIS_DCG_901900000102; GENESIS_DCG_9019_00000120.
[10] GENESIS_DCG_9019_00000295; GENESIS_DCG_9019_00000302; GENESIS_DCG_9019_00000308.
[11] GENESIS_DCG_9019_00000358.
[12] GENESIS_DCG_9019_00000308.
[13] *Id*

not slated to receive a recovery under the Amended Plan that existed at the time that the Debtors entered into the settlement agreement. *See* Amended Disclosure Statement, at pp. 67, 178, 296.

d. Based on my review of the record, after the Debtors filed the Amended Disclosure Statement, ███████████████████████████████████████████

███████ [14] ███████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

e. According to the documents I have reviewed, █████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████████████ [15]

f. On February 2, 2024, ███████████████████████████████

███████████████████████████████████████████████

████ [16] ██████████████████████████████████████ [17].

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

---

[14] GENESIS_DCG_9019_00000448
[15] GENESIS_DCG_9019_00000605
[16] GENESIS_DCG_9019_00000639; GENESIS_DCG_9019_00000642
[17] GENESIS_DCG_9019_00000669; GENESIS_DCG_9019_00000674

███████████████████████████████████████████████████████████

████████████████████████████

16. Further, I have been asked to assume that under paragraph 8 of the NYAG Settlement, the NYAG agreed that any value it receives under the settlement would be turned over to holders of allowed general unsecured claims—i.e., the Debtors' creditors. ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████

17. In my opinion, ██████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████ in the record ██████████

████████████████████████████████████████

18. This ████████████████████ in the record █████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████ For example, ████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████[18]████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████[19]

19. ████████████ in the record ████████████████████████████████

████████ Most notably, the record ████████████████████████████████

---

[18] GENESIS_DCG_9019_00000057.
[19] *See* ¶15(c); GENESIS_DCG_9019_00000308.

- 8 -

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████

20.     In any case of this magnitude, I would expect the parties to have engaged in extensive merits-based assessments of the claims prior to finalization of a settlement. It is, in my opinion, not in the usual course to forgo such discussions and nonetheless reach a settlement that would ██████████████████████████████ (which it then is required to provide to creditors).

\* \* \*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 21, 2024         By: /s/ *Jason Brown*
       New York, New York            Jason Brown
                                     **Cohen & Gresser LLP**
                                     800 Third Avenue
                                     New York, NY 10022
                                     Telephone: (212) 957-7600
                                     Email: JBrown@CohenGresser.com

**Exhibit A**

1. **Record File Documents**

   - Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., under Chapter 11 of the Bankruptcy Code [ECF No. 1031]

   - Debtors' Motion for Entry of an Order Approving a Settlement Agreement between the Debtors and the New York State Office of the Attorney General [ECF No. 1275]

   - Direct Testimony of Adam W. Verost in Support of Digital Currency Group, Inc.'s and DCG International Investments Ltd.'s Objection to Confirmation of the Amended Joint Plan of Genesis Global Holdco, LLC, et al. [ECF No. 1328] (Unredacted)

   - The complaint, *The People of the State of New York v. Gemini Trust Company, LLC*, et al., 452784/2023 (N.Y. Sup. Ct.) (Docket No. 2)

   - The amended complaint, *The People of the State of New York v. Gemini Trust Company, LLC*, et al., 452784/2023 (N.Y. Sup. Ct.) (Docket No. 17)

   - Proofs of Claim Filed by the State of New York Office of the Attorney General against the Debtors [Claim Nos. 855-857]

2. **Deposition Transcripts**

   - Deposition Transcript - Aronzon, Paul, dated February 16, 2024 (rough)

   - Deposition Transcript - Conheeney, Thomas, dated February 20, 2024 (rough)

3. **Martin Act Cases**

   - *People of the State of New York v. Mek Global Limited and PhoenixFin PTE LTD d/b/a KUCOIN*, Docket No. 450703/2023 (N.Y. Sup. Ct. 2023)

   - *People of the State of New York v. Vino Global Limited d/b/a CoinEx*, Docket No. 450503/2023 (N.Y. Sup. Ct. 2023)

   - *In the Matter of Coin Café, Inc., d/b/a "coincafe" and "coincafe.com"* (Assurance No. 23-027)

   - *People of the State of New York v. Nexo Inc. et al.*, Docket No. 452610/2022 (N.Y. Sup. Ct. 2022)

   - *In the Matter of the Investigation of BlockFi Lending* (Assurance No. 22-032)

   - *In the Matter of GTV Media Group, Inc., and Saraca Media Group, Inc.* (Assurance No. 21-062)

   - *In the Matter of TIAA-CREF Individual & Institutional Services, LLC* (Assurance No. 21-035)

- *In the Matter of the Investigation of iFinex*, Docket No. 450545/2019 (N.Y. Sup Ct. 2019)
- *In the Matter of Solium Financial Services LLC* (Assurance No. 20-075)
- *People of the State of New York v. Mustaphalli, Dean*, Docket No. 451705/2017 (N.Y. Sup. Ct. 2017)
- *State of New York v. Van Zandt,* Docket No. 450713/2012 (Sup. Ct. N.Y. Cty. July 10, 2020)
- *People v. Kean Wind Turbines, Inc.,* Docket No. 804397/2020 (Sup. Ct. Erie Cty. June 4, 2020)
- *In the Matter of the Investigation of BGC Financial* & *In the Matter of the Investigation of GFI Securities*
- *In the Matter of Bayport Meadow Estates, LLC and Demetrius A. Tsunis*

4. **Documents Produced in Discovery**

- GENESIS_DCG_CONF_00000076
- GENESIS_DCG_9019_00000056
- GENESIS_DCG_9019_00000057
- GENESIS_DCG_9019_00000097
- GENESIS_DCG_9019_00000102
- GENESIS_DCG_9019_00000120
- GENESIS_DCG_9019_00000295
- GENESIS_DCG_9019_00000302
- GENESIS_DCG_9019_00000308
- GENESIS_DCG_9019_00000358
- GENESIS_DCG_9019_00000383
- GENESIS_DCG_9019_00000448
- GENESIS_DCG_9019_00000497
- GENESIS_DCG_9019_00000598
- GENESIS_DCG_9019_00000605
- GENESIS_DCG_9019_00000639
- GENESIS_DCG_9019_00000642

- GENESIS_DCG_9019_00000669
- GENESIS_DCG_9019_00000674
- GENESIS_DCG_9019_00000726
- GENESIS_DCG_9019_00000734
- GENESIS_DCG_9019_00000746
- GENESIS_DCG_9019_00000785
- GENESIS_DCG_9019_00000794
- GENESIS_DCG_9019_00000806
- GENESIS_DCG_9019_00000831
- GENESIS_DCG_9019_00000841
- GENESIS_DCG_9019_00000853
- GENESIS_DCG_9019_00000865
- GENESIS_DCG_9019_00000875
- GENESIS_DCG_9019_00000887
- GENESIS_DCG_9019_00000897
- GENESIS_DCG_9019_00000909
- GENESIS_DCG_9019_00000922
- GENESIS_DCG_9019_00000933
- GENESIS_DCG_9019_00000945
- GENESIS_DCG_9019_00000969
- GENESIS_DCG_9019_00000981
- GENESIS_DCG_9019_00000993
- GENESIS_DCG_9019_00001005
- GENESIS_DCG_9019_00001028
- GENESIS_DCG_9019_00001040
- GENESIS_DCG_9019_00001052
- GENESIS_DCG_9019_00001064
- GENESIS_DCG_9019_00001075

- GENESIS_DCG_9019_00001243
- GENESIS_DCG_9019_00001259
- GENESIS_DCG_9019_00001271
- GENESIS_DCG_9019_00001365
- GENESIS_DCG_9019_00001382
- GENESIS_DCG_9019_00001394
- GENESIS_DCG_9019_00001412
- GENESIS_DCG_9019_00001567
- GENESIS_DCG_9019_00001585