**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jeffrey D. Saferstein
Jonathan D. Polkes
Caroline Hickey Zalka
Jessica Liou
Furqaan Siddiqui

**WEIL, GOTSHAL & MANGES LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7248
Facsimile: (202) 857-0940
Joshua M. Wesneski

*Attorneys for Digital Currency Group, Inc.*
*and DCG International Investments Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10063 (SHL)<br><br>Jointly Administered |

**MOTION FOR AUTHORITY TO FILE UNDER SEAL (I) DIGITAL CURRENCY GROUP, INC. AND DCG INTERNATIONAL INVESTMENTS LTD'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL; (II) DIRECT TESTIMONY OF JASON BROWN IN SUPPORT OF DIGITAL CURRENCY GROUP, INC. AND DCG INTERNATIONAL INVESTMENTS LTD'S**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R) (collectively, the "**Debtors**"). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL; AND (III) DIRECT TESTIMONY DECLARATION OF ADAM W. VEROST IN SUPPORT OF DIGITAL CURRENCY GROUP, INC. AND DCG INTERNATIONAL INVESTMENTS LTD'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

Digital Currency Group, Inc. ("**DCG Inc.**") and DCG International Investments Ltd. ("**DCGI,**" together "**DCG**") hereby submit this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), authorizing DCG to redact and file under seal portions of (i) *Digital Currency Group, Inc. and DCG International Investments LTD.'s Objection and Reservation of Rights to Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (Docket No. 1275) (the "**NYAG Objection**"), attached hereto as **Exhibit B**, (ii) *Direct Testimony of Jason Brown in Support of Digital Currency Group, Inc. and DCG International Investments LTD's Objection and Reservation of Rights to Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (the "**Brown Declaration**"), attached hereto as **Exhibit C**, and the (iii) *Direct Testimony Declaration of Adam W. Verost in Support of Digital Currency Group, Inc. and DCG International Investments LTD.'s Objection and Reservation of Rights to Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General*

2

(the "**Verost Declaration**"), attached hereto as **Exhibit D**, that quotes or references certain confidential or commercially sensitive testimony and documentation produced by certain parties during discovery related to confirmation of the *Debtors' Amended Joint Chapter 11 Plan* (Docket No. 886) (the "**Amended Plan**") and the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (Docket No. 1275) (the "**NYAG Motion**"). DCG is filing the NYAG Objection, the Brown Declaration, and the Verost Declaration with the proposed redactions contemporaneously herewith. In support of this Motion, DCG respectfully states as follows:

## Background

1. On April 20, 2023, the Court entered the *Stipulation and Confidentiality Agreement and Protective Order* (Docket No. 238) (the "**Protective Order**"). Pursuant to paragraph 13 of the Protective Order, documents reflecting or referring to confidential information must be filed under seal. *Id.*, ¶ 13. Additionally, pursuant to paragraph 47 of the January 27, 2023, *Order Implementing Certain Notice and Case Management Procedures* (Docket No. 44) (the "**Case Management Order**"), all direct testimony must be submitted by affidavit or declaration to the adversary and the Court no later than three (3) business days before the hearing. Case Management Order, ¶ 47.

2. On February 8, 2024, the Debtors filed the NYAG Motion and the *Debtors' Motion to Shorten the Notice Period with Respect to the Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (Docket No. 1276) (the "**Motion to Shorten Notice**").

3. On February 9, 2024, after DCG's submission of the *Letter to the Honorable Sean H. Lane Regarding Request for Emergency Chambers Conference Regarding Debtors' Material Motions and Motions to Shorten Notice* (Docket No. 1279) (the "**DCG Letter**"), the Court

3

conducted an emergency chambers conference. Therein, the Court denied the Debtors' Motion to Shorten Notice, in part, and set the deadline for parties to object to the NYAG Motion for February 21, 2024, and the hearing for February 26, 2024. *See Order (I) Adjourning (A) Confirmation Hearing, (B) SEC Settlement Motion and (C) Related Deadlines and (II) Authorizing Debtors to Shorten Notice Period Regarding Debtors' Motion to Approve NYAG Settlement* (Docket No. 1305).

4. DCG objects to the NYAG Motion. In support of their NYAG Objection, DCG submits the direct testimony of Mr. Jason Brown, Esq. in conformity with the requirements of the Court's Case Management Order. Moreover, in light of the NYAG Motion discovery, DCG submits additional direct testimony of Mr. Adam Verost.

## Jurisdiction and Venue

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## Relief Requested

6. DCG respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing DCG to redact and file confidential and commercially sensitive portions of the NYAG Objection, the Brown Declaration, and the Verost Declaration, and directing the NYAG Objection, the Brown Declaration, and the Verost Declaration, and all exhibits attached thereto, remain under seal, confidential, and unavailable to any third party without further order from the Court, *provided, however*, that copies shall be

4

provided on a confidential basis to the Court, the Debtors, the U.S. Trustee, the Committee and, subject to DCG's and the Debtors' consent or an order of the Court, other parties that so request and have assented to the terms of the Protective Order (as defined below).

**Basis for Relief**

7. Section 107(b) of the Bankruptcy Code is a codified exception to the general rule of access and protects entities from potential harm caused by the disclosure of confidential information. Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 and Local Rule 9018-1 establish the procedure by which a party in interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, "[o]n motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bank. P. 9018. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Glob. Crossing*, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). If the Court determines that filed documents are covered by Section 107(b), the Court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Northstar Energy, Inc.*, 315 B.R. 425, 428 (Bankr.

E.D. Tex. 2004) ("In fact, § 107(b) *mandates* the protection of certain types of information, including 'confidential commercial information.'") (emphasis in original); *In re Glob. Crossing*, 295 B.R. at 725. Section 107(b) is "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. at 429 (*citing In re Glob. Crossing, Ltd.*, 295 B.R. at 725).

9. Courts have recognized the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b) and the moving party is not required to demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 28.[1] Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id*. Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *In re Glob. Crossing, Ltd.*, 295 B.R. at 724; *In re MF Global, Inc.*, 2012 WL 3260393, at *2 (Bankr. S.D.N.Y. 2012) (citing to *Orion*, 21 F.3d at 27 (emphasis in original)); *see also* Fed. R. Bankr. P. 9018.

10. Moreover, a court has broad authority to issue an order under Bankruptcy Rule 9018. *See, e.g.*, *In re Global Crossing*, 295 B.R. at 724 ("When the requirements of Rule 9018 are satisfied, the authority to issue the resulting order is broad— any order which justice requires. The Court notes that the authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice.") (internal citations

---

[1] This Court and other courts in this District have granted relief for similar requests to file commercially sensitive business information under seal. *See*, *e.g.*, Order, *In re Avianca Holdings S.A., et al.*, Case No. 20-11133 (MG) (S.D.N.Y. Bankr. June 19, 2020) (Docket No. 299) (business and personal information); Order, In re *Walter Inv. Mgmt. Corp.*, Case No. 17-13446 (JLG) (S.D.N.Y. Bankr. Dec. 13, 2017) (Docket No. 83) (business information).

omitted); *In re MF Global*, at *3 ("In cases where protection is required, however, the form of protection that must be granted is not commanded by the statute. The Court has discretion when deciding how to protect commercial information.").

11. This Court has entered an order in these cases, pursuant to 11 U.S.C. § 107(b), to protect commercially sensitive and confidential information.[1] Specifically, on April 20, 2023, the Court entered the Protective Order, which established procedures to facilitate the production and exchange of Discovery Material (as defined in 2(b) of the Protective Order) that (i) contains confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information; (ii) contains private or confidential personal information; (iii) contains information that, pursuant to any domestic or foreign law, regulation, or court order, is kept confidential or is subject to restrictions on its use or disclosure; (iv) is subject to a confidentiality agreement or other form of non-disclosure agreement that (A) was entered into in good faith and for a legitimate business purpose and (B) was in effect on the date of entry of this Confidentiality Stipulation; (v) is otherwise entitled to protection under 11 U.S.C. § 107(b) or (c), Federal Rule of Civil Procedure 26(c), or Federal Rule of Bankruptcy Procedure 9018; and/or (vi) contains any other category of information given Confidential status by the Court. (Docket No. 238). Pursuant to the Protective Order, producing parties can designate Discovery Material as Confidential Material or Highly Confidential Material as applicable. Receiving parties may only use and disclose such material in accordance with the provisions of the Protective Order. Pursuant to

---

[1] The Court similarly entered an order authorizing the Debtors, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the names, home addresses and email addresses of individuals listed on the consolidated creditors list and the addresses and email addresses of other creditors listed on the consolidated creditors list or other documents filed with this Court. (Docket No. 694).

paragraph 13, any document reflecting or referring to information that a party has designated as confidential must comply with all relevant rules for electronic filing under seal.

12. Here, the NYAG Objection, the Brown Declaration, and the Verost Declaration contain references to confidential and sensitive non-public information disclosed to DCG during discovery pursuant to a non-disclosure agreement. Moreover, the redacted documents and testimony have been marked as "Highly Confidential Materials" by the agreement of the Debtors, the Committee, and other parties participating in discovery related to confirmation of the Amended Plan and the approval of the NYAG Motion. Pursuant to that non-disclosure agreement and the agreement of the parties, DCG has agreed to hold this information in the strictest confidence and not disclose the same without permission of the parties. DCG does not have the Debtors' or other parties' consent to disclose the redacted information. Importantly, the relief requested in this Motion relates solely to (i) documents produced by the Debtors subject to the non-disclosure agreement and (ii) documents and testimony that the parties, during the course of discovery, have marked as highly confidential.

13. It is necessary to file the NYAG Objection, the Brown Declaration, and the Verost Declaration under seal in order to prevent the disclosure of confidential and commercially sensitive information that would harm the Debtors and/or creditors.

14. Courts regularly grant requests to seal information of this kind. *In re Borders Group, Inc.*, 462 B.R. 42 (Bankr. S.D.N.Y. 2011) (sealing portions of a share purchase agreement containing commercial information); *In re Cred, Inc.*, Case No. 20-12836 (JTD), 2020 WL 13577187 (Bankr. D. Del. Sept. 21, 2020) (granting motion to redact the publication of personal identification information); *In re Zohar III, Corp., et al.*, Case No. 18-10512 (CSS) (Bankr. D.

Del. May 17, 2018), D.I. 263 (authorizing debtors to file portions of settlement agreement and related information under seal).

15. By this Motion, DCG respectfully requests the Court enter the Proposed Order authorizing DCG to redact and file confidential and commercially sensitive portions of the NYAG Objection, the Brown Declaration, and the Verost Declaration under seal in accordance with the Bankruptcy Code, Bankruptcy Rule 9018, Local Rule 9018-1, and directing the NYAG Objection, the Brown Declaration, and the Verost Declaration remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the order approving this Motion. DCG will also provide unredacted copies of the NYAG Objection, the Brown Declaration, and the Verost Declaration to the Court, the Debtors, the UST, the Committee and, subject to DCG's and the Debtors' consent or an order of the Court, such other parties that may request and have signed the Protective Order.

### Notice

16. DCG has provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (Docket No. 44). DCG submits that, in light of the nature of the relief requested, no other or further notice need be provided.

### No Prior Request

17. No prior request for the relief requested herein has been made to this or any other Court.

### Conclusion

**WHEREFORE**, for the reasons set forth herein, DCG respectfully requests that this Court (a) enter an order, substantially in the form attached hereto as **Exhibit A** and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 21, 2024<br>New York, New York | Respectfully submitted,<br><br>*/s/ Jeffrey D. Saferstein*<br>Jeffrey D. Saferstein<br>Jonathan D. Polkes<br>Caroline Zalka<br>Jessica Liou<br>Furqaan Siddiqui<br>**WEIL, GOTSHAL & MANGES LLP**<br>767 Fifth Avenue<br>New York, New York 10153<br>Tel:   (212) 310-8000<br>Fax:  (212) 310-8007<br>    Jeffrey.Saferstein@weil.com<br>    Jonathan.Polkes@weil.com<br>    Caroline.Zalka@weil.com<br>    Jessica.Liou@weil.com<br>    Furqaan.Siddiqui@weil.com<br><br>Joshua M. Wesneski<br>**WEIL, GOTSHAL & MANGES LLP**<br>2001 M Street NW, Suite 600<br>Washington, DC 20036<br>Tel:   (202) 682-7248<br>Fax:  (202) 857-0940<br>    Joshua.Wesneski@weil.com<br><br>*Attorneys for Digital Currency Group, Inc. and DCG International Investments Ltd.*<br>. |

10