# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.[1], | Case No.: 23-10063 (SHL) |
| Debtors | Jointly Administered |

**ORDER AUTHORIZING THE FILING UNDER SEAL OF (I) DIGITAL CURRENCY GROUP, INC. AND DCG INTERNATIONAL INVESTMENTS LTD.'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL; (II) DIRECT TESTIMONY OF JASON BROWN IN SUPPORT OF DIGITAL CURRENCY GROUP, INC. AND DCG INTERNATIONAL INVESTMENTS LTD'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL; AND (III) DIRECT TESTIMONY DECLARATION OF ADAM W. VEROST IN SUPPORT OF DIGITAL CURRENCY GROUP, INC. AND DCG INTERNATIONAL INVESTMENTS LTD'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

Upon the Motion[2] of Digital Currency Group, Inc. ("**DCG Inc.**") and DCG International Investments Ltd. ("**DCGI**," together the "**DCG**") for entry of an order (this "**Order**"), authorizing DCG to redact and file the NYAG Objection, the Brown Declaration, and the Verost Declaration and directing that such information remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of DCG, the Debtors and their estates, creditors and other parties in interest; and the Court having found that DCG's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. DCG is authorized (i) to file the NYAG Objection, Brown Declaration, and the Verost Declaration on the public docket of this case in their redacted form, and (ii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, hard copies and electronic copies of the NYAG Objection, Brown Declaration, and the Verost Declaration clearly labeled "FILED UNDER PENDING MOTION TO SEAL."

3. The NYAG Objection, Brown Declaration, and the Verost Declaration shall remain under seal and shall not be made available, without the consent of DCG and the Debtors or without further order of this Court, to anyone other than (on a confidential basis) this Court, the Debtors,

the UST, the Committee, and, subject to DCG's and the Debtors' consent or an order of the Court, such other parties that may request and have signed the Protective Order.

4. To the extent that the NYAG Objection, Brown Declaration, and/or the Verost Declaration are attached or referred to in any further pleadings or document filed with this Court relating to these chapter 11 Cases, this Order shall apply to such pleading or document.

5. Upon the passing of forty-five (45) days after the final disposition of the chapter 11 Cases, any party that has filed materials under seal shall reclaim all documents filed under seal or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6. Nothing in this Order prejudices the rights of any party in interest, including the United States Trustee, to seek, on appropriate motion, the unsealing of the NYAG Objection, Brown Declaration, and/or the Verost Declaration, or any part of thereof.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
      White Plains, New York

                                      **HONORABLE SEAN H. LANE**
                                      **UNITED STATES BANKRUPTCY JUDGE**

3