**<u>EXHIBIT C</u>**

Extract of Deposition of Joseph Sciametta, January 30, 2024

Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    ---------------------------------------------- x

4    In re:

5    GENESIS GLOBAL HOLDCO, LLC, et al.,

6        DEBTORS.

7                        CASE NO. 23-10063 (SHL)

8    ---------------------------------------------- x

9               * PROFESSIONALS' EYES ONLY *

10

                        January 30, 2024

11                      10:13 a.m.

12

13

14

15        DEPOSITION of JOSEPH SCIAMETTA, taken

16    pursuant to Notice, before Fran Insley, at Weil

17    Gotshal & Manges, LLP, 767 Fifth Avenue, New

18    York, NY, a Notary Public of the States of New

19    York and New Jersey.

20

21

22

23

24

25

PROFESSIONALS' EYES ONLY

**Page 281**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17          Q.    Hi.  So I have a series of questions

18     concerning the plan specifically concerning

19     your financial analysis regarding proposed

20     releases, the value of claims being released,

21     the value that will be derived to the estate

22     from the persons and entities being released,

23     whether releases in the plan are appropriate

24     and the investigation that was conducted into

25     the released parties and entities.  It's my

PROFESSIONALS' EYES ONLY

Page 282

1      understanding from my communications with your

2      counsel that there they are objecting to each

3      of these areas of inquiry.  However, you are

4      permitted to answer these questions, and so

5      sitting here today, are you going to refuse to

6      answer questions concerning all of these

7      topics?

8                  MS. VANLARE:  I object to what has

9            been just said.  Mr. Sciametta has not

10           been designated as a 30(b)(6) witness on

11           any of those topics.  My understanding is

12           we had a prior -- we, being the debtors

13           counsel, had an understanding with the

14           crypto group counsel, McDermott, that

15           McDermott had withdrawn its own 30 (b)(6)

16           topics.

17               Irrespective of that, however,

18           Mr. Sciametta has not been designated on

19           any of those topics and so will not be

20           testifying on those topics today.  He has

21           not been noticed in his personal capacity.

22               To the extent that you have any

23           questions that would fall within the

24           purview of the designated topics for

25           Mr. Sciametta in response to DCG's notice,

PROFESSIONALS' EYES ONLY

Page 283

1          subject to our objections, we can proceed.

2          And that's -- that -- you can proceed and

3          ask those questions, but anything outside

4          that scope, we will object to and not

5          permit questioning of Mr. Sciametta.

6               MS. GRIFFITH:  We did not withdraw

7          our 30 (b)(6) notice and it's our

8          understanding that we were going to be

9          permitted to have time to examine you

10         today.  We are here.  We are prepared.  We

11         are ready to ask those questions.

12              It's our understanding that you're a

13         financial advisor to the estate and that

14         you should have information regarding the

15         financial analysis that was done on the

16         value of the releases to the estate.  If

17         that is not the case and you're not

18         prepared, we are going to continue to

19         notice the deposition until we have the

20         opportunity to ask this line of

21         questioning and keep the deposition open.

22              MS. VANLARE:  We object to that

23         characterization of the agreement and we

24         understand your reservation of rights but

25         we object to it.

PROFESSIONALS' EYES ONLY

Page 284

1         Q.    Are you prepared to talk about topic

2     15 in DCG's Notice of Deposition, claims by the

3     Genesis Crypto Creditors Ad Hoc Group including

4     your assessment and valuation of such claims

5     under the plan and the impact of any objections

6     to the plan are the Genesis Crypto Creditors Ad

7     Hoc Group on potential recoveries?

8              MS. VANLARE:  Counsel, as is made

9         clear in our responses and objections, the

10        debtors will not designate a witness to

11        provide testimony with respect to this

12        topic.

13        Q.    How about for topic 14, your

14    communications with any member of the Genesis

15    Crypto Creditors Ad Hoc Group or the

16    representative concerning, without limitation,

17    any anticipated objection to the plan, the

18    basis for such objection and any analysis under

19    11USC562?

20             MS. VANLARE:  The debtors have

21        designated Mr. Paul Aaronson on that

22        topic.  Mr. Sciametta has not been

23        designated on that topic.

24        Q.    Have you evaluated in any way the

25    value of the releases under the plan?

PROFESSIONALS' EYES ONLY

Page 285

1          MS. VANLARE:  Objection.  I will

2      instruct the witness not to answer for all

3      the reasons that I've articulated.  This

4      is outside the scope.  Again, I don't want

5      to repeat myself.  But again, it's outside

6      the scope of any topics that he has been

7      designated for and he has not been noticed

8      in his personal capacity.

9          Q.   Are you going to follow your

10  counsel's instruction or are you able to answer

11  the question?

12         A.   I'll follow my counsel's

13  instruction.

14         Q.   Have you at all as the financial

15  advisor to debtors valued what will be derived

16  to the estate from the persons and entities

17  being released?

18         MS. VANLARE:  Again, this is not

19      appropriate.  It's not within the scope.

20      It's not within the scope of the 30(b)(6).

21      Mr. Sciametta is not a personal witness

22      as -- there has not been a notice of him

23      as a personal fact witness.

24         MS. GRIFFITH:  But he's a financial

25      advisor.

PROFESSIONALS' EYES ONLY

Page 286

1              MS. VANLARE:  He's a financial

2         advisor, that's correct.

3         Q.    So, are you able to answer that

4    question in your capacity as a financial

5    advisor?

6              MS. VANLARE:  Again, this is not

7         about whether he is able to or not.  He is

8         here in his capacity as a 30(b)(6) witness

9         on designated topics that have been agreed

10        to subject to our objections.  That is

11        what he is here for.  Any other questions

12        are not appropriate or within scope.

13             MS. GRIFFITH:  Then we will keep the

14        deposition open pursuant to the fact that

15        we never withdrew and there is no evidence

16        of us withdrawing our notice of 30(b)(6)

17        deposition on these topics and that we had

18        a prior agreement with other of your

19        colleagues that we would be permitted the

20        opportunity to ask questions during the

21        deposition.

22             MS. VANLARE:  We strongly disagree

23        with that statement.  We believe there was

24        an agreement and you did withdraw.  We

25        reserve all our rights.