**Presentment Date: February 29, 2024 at 4:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: February 28, 2024 at 4:00 p.m. (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF**
**STIPULATION BY AND AMONG THE DEBTORS AND CERTAIN CREDITORS**
**REGARDING RIGHTS OF SETOFF AND RECOUPMENT AND PROPOSED ORDER**

**PLEASE TAKE NOTICE** that, on January 19, 2023, Genesis Global Holdco, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on February 21, 2024, the Debtors filed the *Stipulation By and Among the Debtors and Certain Creditors Regarding Rights of Setoff and Recoupment and Proposed Order* (the "Stipulation and Order"), attached hereto as Exhibit A. The Stipulation and Order shall be presented to the Honorable Sean H. Lane, United States

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

Bankruptcy Judge, for approval and signature on **February 29, 2024 at 4:00 p.m. (prevailing ET)** (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that, any responses or objections to the relief requested in the Stipulation and Order shall: (a) be in writing; (b) filed electronically with the Court no later than **February 28, 2024 at 4:00 p.m. (prevailing ET)** (the "Objection Deadline") and (c) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order") entered in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served by the Objection Deadline, the Debtors shall, on the Presentment Date, submit the Stipulation and Order to the Court, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served by the Objection Deadline, the Debtors shall notice a hearing (the "Hearing") with respect to the Stipulation and Order, which shall be held via Zoom and attended by the Debtors and all objecting parties. Failure to attend the Hearing may result in entry of the Stipulation and Order without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order can be viewed and/or obtained by: (a) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (b) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

| | |
|---|---|
| Dated: February 22, 2024<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

**Exhibit A**

**Stipulation and Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Genesis Global Holdco, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10063 (SHL)<br><br>Jointly Administered |

**STIPULATION BY AND AMONG THE DEBTORS AND CERTAIN CREDITORS**
**REGARDING RIGHTS OF SETOFF AND RECOUPMENT AND PROPOSED ORDER**

This stipulation and order (this "Stipulation and Order") is entered into on the date hereof by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and (i) ARK Cryptocurrency Master Fund LLC ("ARK"), (ii) Chainview Capital Fund, LP ("Chainview"), and (iii) Teddy André Amadéo Gorisse ("Gorisse") (each, a "Creditor" and collectively, the "Creditors" and together with the Debtors, the "Parties").

## RECITALS

**RECITALS RELATED TO ARK**

**WHEREAS**, on September 10, 2020, Debtor Genesis Global Capital LLC ("GGC") and ARK entered into that certain Master Loan Agreement (as amended, modified, or supplemented, the "ARK MLA"), pursuant to which GGC could, from time to time, loan U.S. Dollars ("USD") to ARK, subject to the terms and conditions stated therein (each, an "ARK Loan" and collectively, the "ARK Loans"). Under the ARK MLA, the terms of each ARK Loan would be set forth in a separate loan term sheet.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**WHEREAS**, ARK and GGC subsequently executed loan term sheets under the ARK MLA, pursuant to which GGC alleges that it loaned USD to ARK, and ARK alleges that it pledged ETH and BTC as collateral to GGC.

## RECITALS RELATED TO CHAINVIEW

**WHEREAS**, on November 20, 2020, GGC and Chainview entered into that certain Master Borrow Agreement (as amended, modified, or supplemented, the "Chainview MBA"), pursuant to which Chainview could, from time to time, loan digital assets and/or USD to GGC, subject to the terms and conditions stated therein. Under the Chainview MBA, the terms of each individual loan would be set forth in a separate loan term sheet.

**WHEREAS**, Chainview and GGC subsequently executed loan term sheets under the Chainview MBA, pursuant to which Chainview alleges that it loaned certain sums of USD to GGC.

**WHEREAS**, on November 20, 2020, Chainview and GGC executed that certain Master Loan Agreement (as amended, modified, or supplemented, the "Chainview MLA"), pursuant to which GGC could, from time to time, loan digital assets and/or USD to Chainview, subject to the terms and conditions stated therein (each, a "Chainview Loan" and collectively, the "Chainview Loans"). Under the Chainview MLA, the terms of each Chainview Loan would be set forth in a separate loan term sheet.

**WHEREAS**, Chainview and GGC subsequently executed a loan term sheet under the Chainview MLA, pursuant to which GGC alleges that it loaned BTC to Chainview, and Chainview alleges that it pledged USD, BTC, and ETH as collateral to GGC.

## RECITALS RELATED TO GORISSE

**WHEREAS**, on July 24, 2018, GGC and Gorisse entered into that certain Master Digital Currency Loan Agreement (as amended, modified, or supplemented, the "Gorisse MDCLA"),

pursuant to which GGC could, from time to time, loan digital assets and/or USD to Gorisse, subject to the terms and conditions stated therein (each, a "Gorisse Loan" and collectively, the "Gorisse Loans"). Under the Gorisse MDCLA, the terms of each Gorisse Loan would be set forth in a separate loan term sheet.

**WHEREAS**, GGC and Gorisse subsequently executed a loan term sheet under the Gorisse MDCLA, pursuant to which GGC alleges that it loaned BTC and ADA to Gorisse, and Gorisse alleges that he pledged ETH as collateral to GGC.

**WHEREAS**, on May 10, 2019, GGC and Gorisse entered into that certain Master Borrow Agreement (as amended, modified, or supplement, the "Gorisse MBA"), pursuant to which Gorisse could, from time to time, loan digital assets and/or USD to GGC, subject to the terms and conditions stated therein. Under the Gorisse MBA, the terms of each individual loan would be set forth in a separate loan term sheet.

**WHEREAS**, GGC and Gorisse subsequently executed loan term sheets under the Gorisse MBA, pursuant to which Gorisse alleges that he loaned ETHW and ETH to GGC.

**GENERAL RECITALS**

**WHEREAS**, on January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

**WHEREAS**, on May 19, 2023, Chainview filed a timely proof of claim (the "Chainview POC"), asserting, among other things, rights of setoff and recoupment against GGC.

**WHEREAS**, on May 22, 2023, ARK filed a timely proof of claim (the "ARK POC"), and Gorisse filed a timely proof claim (the "Gorisse POC"), each asserting rights of setoff and

3

recoupment against GGC. The Chainview POC, ARK POC and Gorisse POC are each referred to herein as a "Creditor Claim" and collectively as the "Creditors' Claims".

**WHEREAS**, on November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* [Docket No. 989].

**WHEREAS**, on January 9, 2024, the Debtors filed a plan supplement, which included an exhibit entitled "Setoff Principles for Allowance of Certain Claims" [Docket No. 1144, Ex. M] (the "Setoff Principles").[2]

**WHEREAS**, under the Setoff Principles, the Debtors are required to file a motion (a "Setoff Motion") with the Court to modify the stay imposed by section 362 of the Bankruptcy Code to effectuate the Setoff Principles with respect to certain claims listed on Exhibit 1 thereto, including the Creditors' Claims, and allow such claims at the resulting value determined under the Setoff Principles (for each Creditor, their "Resulting Net Claim").

**WHEREAS**, on February 15, 2024, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* [Docket No. 1325] (the "Amended Plan").[3]

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED** that:

1. The Parties agree that the above-mentioned recitals are true and correct in all respects.

2. If the Court does not approve the Setoff Principles and/or the Amended Plan is modified to exclude or alter the Setoff Principles, all of the Creditors' respective rights and defenses related to setoff, recoupment and/or allowance of their respective claims are fully

---

[2] For the avoidance of doubt, the Setoff Principles refer only to the current version of the Setoff Principles and excludes any modified version of the Setoff Principles.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Amended Plan.

4

preserved, as are the Debtors' and the Official Committee of Unsecured Creditors' rights and defenses with respect thereto. Without limiting the generality of the foregoing, such lack of approval or modification, as applicable, shall not affect, modify, or alter: (i) any Creditor's right to seek recognition of its rights of setoff or recoupment (including, without limitation, Creditor's ability to argue that an alternative valuation methodology should be used to determine Creditor's rights of setoff and recoupment), which rights are hereby explicitly preserved to the extent Creditor possesses such rights; (ii) any Creditor's right to file a motion or other pleading with this Court seeking entry of an order authorizing the Creditor to exercise its rights of setoff or recoupment, provided, however, that the Debtors' and the Official Committee of Unsecured Creditors' rights and defenses with respect to the foregoing are fully preserved; (iii) any Creditor's right to file a motion or other pleading with this Court seeking entry of an order allowing any Creditor Claim in an amount to be determined by this Court, including in an amount that is higher than the Creditor's Resulting Net Claim determined under the Setoff Principles; provided, however, that the Debtors' and the Official Committee of Unsecured Creditors' rights and defenses with respect to the foregoing are fully preserved; and/or (iv) the rights of the Debtors or the Official Committee of Unsecured Creditors to file a motion or other pleading with this Court seeking entry of an order authorizing exercise of rights or setoff or recoupment; and/or (v) the rights of the Debtors or the Official Committee of Unsecured Creditors to file any claims objections or other pleadings with this Court seeking entry of an order allowing any Creditor Claim in an amount to be determined by this Court, including in an amount that is lower than the Creditor's Resulting Net Claim determined under the Setoff Principles; provided, however, that the Creditor's rights and defenses with respect to the foregoing are fully preserved.

3. Each Party represents and warrants to the other Party that: (a) such Party has the legal capacity and authority to enter into this Stipulation and Order; (b) such Party has the legal capacity and authority to enter into and perform all of the terms of this Stipulation and Order that constitute the voluntary, legal, valid, and binding obligation of said Party; and (c) the signatory on behalf of such Party has the legal capacity and authority to execute and deliver this Stipulation and Order on behalf of such Party and to bind such Party to adhere to the terms of this Stipulation and Order.

4. This Stipulation and Order may not be amended or modified without the written consent of the Parties.

5. The Parties drafted this Stipulation and Order through a cooperative effort, and neither Party shall be considered the drafter of this Stipulation and Order so as to give rise to any presumption regarding construction of this agreement.

6. The provisions of this Stipulation and Order shall be binding on, and inure to the benefit of, the respective successors in interest of the Parties, and, in any event, shall continue to be binding on the Parties.

7. This Stipulation and Order shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

8. Each of the Parties consents to the jurisdiction of the Court to adjudicate any and all disputes arising under or relating to this Stipulation and Order.

9. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation and Order.

10. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation and Order. The delivery by electronic transmission of any signature on this Stipulation and Order shall be a valid signature as of the transmission thereof.

Stipulated agreed to by:
Dated: February 22, 2024

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **KATTEN MUCHIN ROSENMAN LLP** |
|---|---|
| */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Email: soneal@cgsh.com | */s/ Steven J. Reisman*<br>Steven J. Reisman<br>Shaya Rochester<br>Julia Mosse<br>50 Rockefeller Plaza<br>New York, New York 10020<br>Telephone: (212) 940-8700<br>Email: sreisman@katten.com |
| *Counsel to the Debtors and Debtors-in-Possession* | *Counsel to Teddy André Amadéo Gorisse* |
| **PROSKAUER ROSE LLP** | **THE LAW OFFICES OF RICHARD J. CORBI PLLC** |
| */s/Timothy Karcher*<br>Timothy Karcher<br>11 Times Square<br>New York, New York 10036<br>Telephone: (212) 969-3000<br>Email: tkarcher@proskauer.com | */s/Richard J. Corbi*<br>Richard J. Corbi<br>1501 Broadway, 12th Floor<br>New York, New York 10036<br>Telephone: (646) 571-2033<br>Email: rcorbi@corbilaw.com |
| *Counsel to ARK Cryptocurrency Master Fund LLC* | *Counsel to Chainview Capital Fund, LP* |

**SO ORDERED**

Dated: _____, 2024        _____
New York, New York                                    THE HONORABLE SEAN H. LANE
                                                                            UNITED STATES BANKRUPTCY JUDGE