**McDermott Will & Emery LLP**
Darren Azman
Joseph B. Evans
J. Greer Griffith
Lucas B. Barrett
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

**McDermott Will & Emery LLP**
Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Genesis Crypto Creditors*
*Ad Hoc Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC., *et al.*,[1] | Case No. 23-10063 (SHL) |
|  | (Jointly Administered) |

### MOTION OF THE GENESIS CRYPTO CREDITORS AD HOC GROUP FOR ENTRY OF AN ORDER AUTHORIZING REDACTION AND THE FILING OF CERTAIN INFORMATION UNDER SEAL AND GRANTING RELATED RELIEF

The Genesis Crypto Creditors Ad Hoc Group (the "CCAHG") hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "Proposed Order"), authorizing the CCAHG to: (a) redact and file under seal certain commercially

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

sensitive and personally identifying information (collectively, the "Redacted Information") contained in: (i) *The Genesis Crypto Creditors Ad Hoc Group's Objection to Confirmation of the Amended Joint Chapter 11 Plan of Genesis Global Holdco, LLC, Genesis Global Capital, LLC, and Genesis Asia Pacific Pte. Ltd.* [Docket No. 1356] (**along with all exhibits thereto**, the "Objection"), attached hereto as **Exhibit 2**; and within Exhibit 2 (ii) the *Declaration of Dr. Basem M. Jassin, M.D., in Support of the Genesis Crypto Creditors Ad Hoc Group's Objection to Confirmation of the Debtors' Chapter 11 Joint Plan of Reorganization* and supporting exhibits [Docket No. 1356-1], attached thereto as **Exhibit A**; and (iii) the *Declaration of Isaac Fernandez in Support of the Genesis Crypto Creditors Ad Hoc Group's Objection to Confirmation of the Debtors' Chapter 11 Joint Plan of Reorganization* and supporting exhibits [Docket No. 1356-2], attached thereto as **Exhibit B** (collectively, the "CCAHG Objection and Declarations"). In support of this Motion, the CCAHG respectfully states as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1 and 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**BACKGROUND**

3. On January 19, 2023 (the "Petition Date"), each of the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered for procedural purposes only.

4. On February 3, 2023, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee").

5. On September 12, 2023, this Court entered the *Order Granting The Debtors' And The Official Committee Of Unsecured Creditors' Motions For Entry Of An Order Requiring The Redaction Of Certain Personally Identifiable Information* [Docket No. 694] (the "Docket No. 694 Order"), authorizing the Debtors pursuant to 11 U.S.C. §§ 107(b), 107(c), and 105(a), Bankruptcy Rule 9018, and Local Rule 9018-1, to redact the names, home addresses, and email addresses of individuals listed on the consolidated creditors list and the addresses and email addresses of other creditors listed on the consolidated creditors list or other documents filed with this Court.

6. Here, the CCAHG Objection and Declarations contain certain personal identifying and sensitive financial information of the members of the CCAHG. Disclosure of this information would not only cause harm to the members of the CCAHG due to the confidential nature of the information, but also could lead to the identities of the members of the CCAHG who have not filed fact declarations being publicly identified.

7. The CCAHG seeks to file the CCAHG Objection and Declarations under seal to protect the identities and sensitive financial information of the members of the CCAHG who have not filed fact declarations as disclosure of this information could harm members of the CCAHG.

**RELIEF REQUESTED**

8. The CCAHG respectfully requests entry of the Proposed Order authorizing the CCAHG to redact and file under seal certain confidential information contained in the CCAHG Objection and Declarations, and directing the CCAHG Objection and Declarations to remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the order approving this Motion. The CCAHG will also provide unredacted copies of the CCAHG Objection and Declarations to: (i) the Court, (ii) the U.S. Trustee, (iii) Cleary Gottlieb Steen & Hamilton LLP, as counsel to Genesis Global Holdco, LLC and its affiliated debtors (the "Debtors"), and (iv) White & Case LLP, as counsel to the Committee.

**BASIS FOR RELIEF REQUESTED**

9. Bankruptcy Code section 105(a) codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Section 107(b) provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.[2] This section provides, in relevant part: "On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—protect an entity with respect to a trade secret or confidential research, development, or commercial information."[3] Bankruptcy Rule 9018 provides that, upon motion, "the court may make any order which justice requires . . . to protect the estate

---

[2] *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information).

[3] 11 U.S.C. § 107(b)(1).

4

or any entity in respect of a trade secret or other confidential research, development, or commercial information."[4]

10. If the material sought to be protected satisfies one of the categories identified in Bankruptcy Code section 107(b), "the court is *required* to protect a requesting party and has no discretion to deny the application."[5] Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, Bankruptcy Code section 107(b) does not require a party to demonstrate "good cause."[6] "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose."[7] Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes."[8]

11. The Bankruptcy Code does not define "commercial" or "confidential." The Second Circuit has defined information to be "confidential commercial information" if: (a) the information concerns an entity's business, and (b) disclosure of the information would give competitors an unfair advantage.[9] The information need not rise to the level of a trade secret to be protected under Bankruptcy Code section 107(b).[10] Confidential commercial information includes

---

[4] Fed. R. Bankr. P. 9018.

[5] *Orion Pictures Corp.*, 21 F.3d at 27 (2d Cir. 1994) (emphasis in original).

[6] *Id.* at 28.

[7] *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).

[8] *Orion Pictures*, 21 F.3d at 27.

[9] *See, e.g., id.* ("Commercial information has been defined as information which would cause 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" (quoting *Ad Hoc Protective Comm. for 10½% Debenture Holders v. Itel Corp.* (*In re Itel Corp.*), 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982))).

[10] *In re Barney's, Inc.*, 201 B.R. 703, 708–709 (Bankr. S.D.N.Y. 1996) (citing *Orion Pictures Corp.*, 21 F.3d at 26) (information need only be "so critical to the operations of the entity [requesting its protection from disclosure] that its disclosure will unfairly benefit the entity's competitors.").

information whose "disclosure would have a chilling effect on [business] negotiations, ultimately affecting the viability of Debtors."[11]

12. The financial information contained within the CCAHG Objection and Declarations is precisely the type of confidential commercial information that is properly protected under Bankruptcy Code section 107(b). What is more, the information in the CCAHG Objection and Declarations could be used to identify the members of the CCAHG who have not filed fact declarations, which itself could lead to significant harm as recognized by the Court in the *Memorandum Decision* [Docket No. 581] and the Docket No. 694 Order. In light of these concerns, the CCAHG submits that ample cause exists to seal the Redacted Information and requests that the Court enter an order granting the same.

## NOTICE

13. The CCAHG has provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [Docket No. 44]. The CCAHG submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the CCAHG respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief that is necessary or appropriate in these circumstances.

---

[11] *In re Borders Grp., Inc.*, 462 B.R. 42, 47–48 (Bankr. S.D.N.Y. 2011) (internal quotations omitted).

Dated: New York, New York
February 23, 2024

**MCDERMOTT WILL & EMERY LLP**

*/s/ Darren Azman*
Darren Azman
Joseph B. Evans
J. Greer Griffith
Lucas B. Barrett
One Vanderbilt Avenue
New York, New York 10017-3852
Telephone: (212) 547-5400
Facsimile: (212) 547-5444

-and-

Gregg Steinman (admitted *pro hac vice*)
333 SE 2nd Avenue, Suite 4500
Miami, Florida 33131-2184
Telephone: (305) 329-4473
Facsimile: (305) 503-8805

*Counsel to the Genesis Crypto Creditors Ad Hoc Group*