WESTERMAN BALL EDERER
MILLER ZUCKER & SHARFSTEIN, LLP
Thomas A. Draghi, Esq.
William C. Heuer, Esq.
Alexandra Troiano, Esq.
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
tdraghi@westermanllp.com
wheuer@westermanllp.com
atroiano@westermanllp.com

*Counsel for the New York State Office of the
Attorney General on behalf of the People of
the State of New York*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>GENESIS GLOBAL HOLDCO, LLC, *et al.*[1],<br>    Debtors. | Chapter: 11<br><br>Case No. 23-10063 (SHL)<br><br>(Jointly Administered) |

**NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL'S
STATEMENT IN SUPPORT OF THE DEBTORS' MOTION TO
APPROVE A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS
AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

The New York State Office of the Attorney General (the "NYAG"), by and through its undersigned counsel, hereby files this statement (this "Statement") in support of the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). The case numbers are as follows: 23-10063 for Genesis Global Holdco, LLC; 23-10064 for Genesis Global Capital, LLC; and, 23-10065 for Genesis Asia Pacific PTE. LTD.  For these Chapter 11 Cases, the Debtors' service address is 250 Park Avenue South, 5th Floor, New York, NY 10003.

1

*New York State Office of the Attorney General* [ECF No. 1275] (the "Settlement Motion").[2] In support of this Statement, the NYAG respectfully submits as follows:[3]

1. The NYAG supports approval of the Settlement Agreement because it helps the NYAG achieve a principal objective in these proceedings – restitution to victims for the full amount of their losses as alleged in the NYAG's amended complaint – and satisfies the standard of Bankruptcy Rule 9019. Importantly, the Settlement Agreement is not only well within the range of reasonableness, but was also negotiated at arm's length and in good faith, and the NYAG stands by the integrity of that process, which is evidenced by the terms of the Settlement Agreement.

2. The NYAG is the New York State agency responsible for enforcing New York General Business Law § 352, *et seq.* (the "Martin Act") and New York Executive Law § 63(12) ("EL § 63(12)"). These statutes authorize the NYAG to bring an action in the name and on behalf of the People of the State of New York against any company and any other persons who participate in fraudulent practices within or from New York. *See* New York General Business Law § 353(1); EL § 63(12).

3. Specifically, the Martin Act authorizes the NYAG to seek "direct restitution of any moneys or property obtained directly or indirectly by … fraudulent practice[s]." N.Y. GBL § 353(1). "The intent of [the Martin Act] is that property derived by means of fraudulent practices shall go back, as far as possible, to the person from whom it was obtained." *People v. Barrington & Co.*, 137 N.Y.S.2d 54, 56 (Sup. Ct., N.Y. Cnty. 1954).

4. Likewise, EL § 63(12) authorizes the NYAG to recover restitution on behalf of

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Settlement Motion.

[3] By this Statement, the NYAG is responding to only certain salient arguments raised by Digital Currency Group, Inc. and DCG International Investment Ltd. in their objection and reservation of rights filed in connection with the Settlement Motion [ECF No. 1341], and the NYAG reserves all rights with respect to the rest of their arguments.

aggrieved individuals. *See, e.g.*, State v. Ford Motor Co., Inc., 136 A.D.2d 154, 158 (3d Dep't 1988). Under EL § 63(12), the NYAG's right to restitution is to be "liberally construed," and courts are afforded wide latitude to establish appropriate restitution procedures based on factors such as "unjust enrichment and the relative advantages and burdens of fashioning a restitution remedy." *State v. Maiorano*, 189 A.D.2d 766 (2d Dep't 1993).

5. Accordingly, the NYAG has long made clear to the Debtors that it is seeking restitution for victims in these proceedings. In fact, on July 14, 2022, the NYAG filed proofs of claims in these cases, stating that it sought "over $1.1 billion in restitution plus disgorgement" from the Debtors. *See* Proofs of Claim 855, 856, and 857.

6. On October 19, 2023, the NYAG filed a complaint against the Debtors—among other parties—for violating the Martin Act and EL § 63(12). *See* Complaint, *People v. Gemini Trust Company*, Index No. 452784/2023 (Sup. Ct., N.Y. Cnty. Oct. 19, 2023) (NYSCEF Doc. No. 1). This complaint explicitly sought restitution and disgorgement on behalf of those who invested their assets with Debtors through the Gemini Earn program.

7. Further, on February 9, 2024, the NYAG filed its amended complaint, which expanded the victims pool to include individuals and entities who invested assets directly with Debtors. *See* Amended Complaint, *People v. Gemini Trust Company*, Index No. 452784/2023 (Sup. Ct., N.Y. Cnty. Feb. 9, 2024) (NYSCEF Doc. No. 17) (the "Amended Complaint"). These individuals and entities, with the Gemini Earn investors, are creditors in these proceedings and are owed more than $3 billion.

8. The NYAG and the Debtors negotiated the Settlement Agreement in good faith and at arm's length. The Settlement Agreement fairly resolves the NYAG's claims by prioritizing restitution for victims through the creation of a Victims' Fund. Further, the distribution mechanics

3

set forth in the Settlement Agreement are intended to compensate those victims for the full extent of their losses as efficiently as possible. This is consistent with the wide latitude under the Martin Act and EL § 63(12) to fashion appropriate restitution procedures.

9. The Settlement Agreement prioritizes restitution over other remedies available to the NYAG. For example, disgorgement is also available under the Martin Act and the § EL 63(12). *People v. Greenberg*, 27 N.Y.3d 490, 496-498 (2016). The NYAG may seek disgorgement under these statutes even in "the absence of loss to individuals or independent claims for restitution." *People v. Ernst & Young, LLP*, 114 A.D.3d 569 (1st Dep't 2014). "Although disgorged profits may be distributed to defrauded consumers, the primary purpose of disgorgement is to deter violations of … law by depriving violators of their ill-gotten gains." *Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73, 81 (2d Cir. 2006) (internal quotations marks and modifications omitted). Nevertheless, the Settlement Agreement focuses on restitution for victims.

10. The Settlement Agreement also helps achieve restitution for victims by ensuring that the NYAG's claim is not classified as a Government Penalty Claim under the Debtors' Chapter 11 Plan, which the NYAG was focused on during negotiations with the Debtors.[4] Rather, the Settlement Agreement ensures maximum compensation for victims by appropriately classifying the NYAG's restitution claims as a general unsecured claim.

11. Further, the NYAG supports approval of the Chapter 11 Plan because it is consistent with the Settlement Agreement and its principal objective of obtaining restitution for

---

[4] The NYAG takes no position regarding whether government penalties, as a general matter, should be subordinated under applicable bankruptcy rules. Further, for the avoidance of doubt, the NYAG asserts their claims are not government penalties, but rather are general unsecured claims.

victims.

12. For the reasons stated herein, the NYAG respectfully requests this Court approve the Settlement Agreement. Further, it is important that approval of the Settlement Agreement proceeds, notwithstanding whether the current Chapter 11 Plan is confirmed, as provided in the Settlement Agreement.

Dated: February 23, 2024
Uniondale, New York

Respectfully submitted,

*/s/Thomas A. Draghi*
Thomas A. Draghi
William C. Heuer
Alexandra Troiano
**WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP**
1201 RXR Plaza
Uniondale, New York 11556
Telephone: (516) 622-9200
Facsimile: (516) 622-9212
Email: tdraghi@westermanllp.com
wheuer@westermanllp.com
atroiano@westermanllp.com

*Counsel for the NYAG on behalf of the People of the State of New York*