Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AUTHORITY TO REDACT AND FILE
CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH
THE DEBTORS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN
ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE
DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

The above-captioned debtors and debtors-in-possession (each a "Debtor" and collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the

---

[1] The Genesis Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") authorizing the Debtors to redact and file under seal certain portions (the "Designated Content") of the *Debtors' Reply in Support of Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (the "Reply Brief")[2] that quote or reference certain confidential or commercially sensitive testimony and documentation produced by certain parties during discovery related to confirmation of the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989) (the "Amended Plan") and the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (ECF No. 1275) (the "NYAG Motion"). The Reply Brief, with the Designated Content under seal as proposed herein, has been filed contemporaneously herewith. In support of this Motion, the Debtors respectfully state as follows:

## BACKGROUND AND RELEVANT FACTS[3]

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b). ECF No. 37. No trustee or examiner has been appointed in the Chapter 11 Cases.

2. On February 8, 2024, the Debtors filed the NYAG Motion.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Reply Brief.

[3] Additional relevant background can be found in the Reply Brief, which is not repeated in this Motion in the interest of efficiency and economy.

3. On February 21, 2024, Digital Currency Group, Inc. and DCG International Ltd. filed, under seal: (i) *Digital Currency Group, Inc. And DCG International Investments Ltd.'s Objection and Reservation of Rights to Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office Of The Attorney General* (ECF No. 1341); (ii) *Direct Testimony of Jason Brown in Support of Digital Currency Group, Inc.'s and DCG International Investments Ltd.'s Objection and Reservation of Rights to Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (ECF No. 1342); and (iii) *Direct Testimony Declaration of Adam W. Verost in Support of Digital Currency Group, Inc.'s and DCG International Investments Ltd.'s Objection and Reservation of Rights to Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (ECF No. 1343).

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## RELIEF REQUESTED

5. The Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to redact and file under seal the Designated Content in the Reply Brief and directing that the Designated Content remain under seal, confidential, and not be made available to any third party without further order

from the Court, *provided*, *however*, that copies shall be provided on a confidential basis to the Court, the United States Trustee (the "UST"), counsel to the Official Committee of Unsecured Creditors (the "Committee"), counsel to the Ad Hoc Group, and, subject to the Debtors' consent or an order of the Court, such other parties that may request and have signed the Protective Order (as defined below).

## BASIS FOR RELIEF

6. Sections 107(b) and (c) of the Bankruptcy Code allow a court to direct that documents filed in connection with a motion be filed under seal. Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

7. Bankruptcy Rule 9018 establishes the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, that a court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ." Fed. R. Bank. P. 9018. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

### I. Section 107(b)

8. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). If the Court determines that filed documents are covered by Section 107(b), the Court must issue a remedy that will protect the interested party and "has no discretion to deny the

4

application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Northstar Energy, Inc.*, 315 B.R. 425, 428 (Bankr. E.D. Tex. 2004) ("In fact, § 107(b) *mandates* the protection of certain types of information, including 'confidential commercial information.'") (emphasis in original); *In re Glob. Crossing*, 295 B.R. at 725. Section 107(b) is "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. at 429 (*citing In re Glob. Crossing, Ltd.*, 295 B.R. at 725). Courts have recognized the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b) and the moving party is not required to demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 28.[4]

9. The Debtors have previously requested that the Court enter orders, pursuant to 11 U.S.C. § 107(b), to protect such confidential or commercially sensitive information, and the Court has entered such orders in these Chapter 11 Cases. *See, e.g., Stipulation and Confidentiality Agreement and Protective Order*, ECF No. 238 (the "<u>Protective Order</u>") (established procedures to facilitate the production and exchange of Discovery Material (as defined in 2(b) of the Protective Order) containing, among other things, (i) confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information, and (ii) private or confidential personal information).

---

[4] This Court and other courts in this District have granted relief for similar requests to file commercially sensitive business information under seal. *See, e.g.*, Order, *In re Avianca Holdings S.A., et al.*, Case No. 20-11133 (MG) (S.D.N.Y. Bankr. June 19, 2020) (ECF No. 299) (business and personal information); Order, *In re Walter Inv. Mgmt. Corp.*, Case No. 17-13446 (JLG) (S.D.N.Y. Bankr. Dec. 13, 2017), ECF No. 83 (business information).

10. Here, the Designated Content quotes or references certain confidential or commercially sensitive testimony and documentation produced by certain parties during discovery related to confirmation of the Amended Plan and approval of the NYAG Motion, including confidential settlement discussions and submissions made to government regulators. Moreover, the redacted documents and testimony have been marked as "Highly Confidential Materials" by the agreement of the Debtors, Digital Currency Group, Inc. and other parties participating in discovery related to confirmation of the Amended Plan and the approval of the NYAG Motion. The Debtors do not have other parties' consent to disclose the redacted information. The relief requested in this Motion relates solely to (i) documents produced by other parties subject to the non-disclosure agreement and (ii) documents and testimony that the parties, during the course of discovery, have marked as highly confidential.

11. Courts have granted requests to seal settlement agreements, in whole or in part, in comparable chapter 11 cases. *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del. Oct. 6, 2021), D.I. 593 (authorizing debtors to maintain a settlement agreement under seal); *In re Zohar III, Corp., et al.*, Case No. 18-10512 (CSS) (Bankr. D. Del. May 17, 2018), D.I. 263 (authorizing debtors to file portions of settlement agreement and related information under seal); *see also In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt.) (stating "[t]he criteria to be considered in determining whether confidentiality provisions in settlements justify keeping the substance of such settlements from public access must be flexible and vary according to the nature of the settlement and the specific extent and core-ness of the impact of the settlement on the bankruptcy case" and providing a multi-factor test for determining when sealing in such instances is appropriate).

12. By this Motion, the Debtors respectfully request that the Court enter the Proposed Order authorizing the Debtors to file the Designated Content under seal in accordance with the

6

Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, and directing that the sealed Designated Content remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the order approving this Motion or with the consent of the Debtors and the relevant parties-in-interest. The Debtors will also provide unredacted copies of the unredacted Reply Brief to the Court, the UST, the Committee, the Ad Hoc Group and, subject to the Debtors' consent or order of the Court, such other parties that may request and have signed the Protective Order.

## NOTICE

13.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

14.     No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

|  |  |
|---|---|
| Dated: February 23, 2024<br>New York, New York | */s/ Thomas S. Kessler*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>Andrew Weaver<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| | Jointly Administered |
| Debtors. | |

**ORDER AUTHORIZING THE DEBTORS TO REDACT AND FILE
CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH THE
DEBTORS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN
ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE
DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order (this "Order"), authorizing the Debtors to file Designated Content under seal and directing that such information remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED THAT:**

    1.     The Motion is GRANTED to the extent set forth herein.

    2.     The Debtors are authorized (i) to file the Reply Brief on the public docket of this case in its redacted form, (ii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, hard copies and electronic copies of the Reply Brief clearly labeled "FILED UNDER SEAL PENDING MOTION TO SEAL."

    3.     The Designated Content shall remain under seal and shall not be made available, without the consent of the Debtors or without further order of this Court, to anyone other than (on a confidential basis) this Court, the Committee, UST, and, subject to the Debtors' consent or an order of the Court, such other parties that may request and have signed the Protective Order.

    4.     To the extent that the Designated Content is attached or referred to in any further pleadings or document filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

    5.     Upon the passing of forty-five (45) days after the final disposition of the Chapter 11 Cases, any party that has filed materials under seal shall reclaim all documents filed under seal

or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6. Nothing in this Order prejudices the rights of any party-in-interest, including the UST, to seek, on appropriate motion, the unsealing of the Designated Content, or any part thereof.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
       White Plains, New York

                                                      THE HONORABLE SEAN H. LANE
                                                      UNITED STATES BANKRUPTCY JUDGE