CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' REPLY IN SUPPORT OF THE
REQUEST FOR ENTRY OF AN ORDER PURSUANT TO
11 U.S.C. § 105 AND FED. R. BANKR. P. RULE 2004 (I) AUTHORIZING
THE EXAMINATION OF DIGITAL CURRENCY GROUP, INC. AND DCG
INTERNATIONAL INVESTMENTS, LTD. AND (II) GRANTING RELATED RELIEF**

Genesis Global Holdco, LLC ("Holdco"), Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte Ltd. ("GAP"), as debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, collectively, the "Chapter 11 Cases") hereby submit this reply (the "Reply") in opposition to *Digital Currency Group, Inc. and DCG*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10003.

*International Investment, Ltd.'s Objection to the Debtors' Request for Entry of an Order Authorizing Examination Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. Rule 2004*, ECF No. 1337 (the "Objection"), and in further support of the *Debtors' Request for Entry of an Order Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. Rule 2004 (I) Authorizing the Examination of Digital Currency Group, Inc. and DCG International Investments, Ltd. and (II) Granting Related Relief*, ECF No. 1303 (the "Motion"),[2] and respectfully state as follows:

## REPLY

1. As fiduciaries of the Debtors' estates, the Debtors have obligations to be "accountable for all property received," 11 U.S.C. §§ 704(2), 1106(a)(1), and have a "duty to maximize the value of the estate." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352 (1985) (citing 11 U.S.C. § 704(1)). The Motion falls squarely within the ambit of those obligations. The Motion seeks to understand the source of the funds received by the Debtors as payment of certain of DCG's obligations and the beneficial ownership of the Non-Party Entity in accordance with regulatory requirements and the Debtors' own internal compliance policies. DCG itself concedes that the Debtors require this information to "satisfy their internal compliance requirements" and that it "intends to continue to work with the Debtors to satisfy the requests[.]" Objection ¶ 2. Although the parties have undergone "multiple rounds of information exchanges" to fulfill the Debtors' request, the request remains outstanding after multiple rounds and months of back and forth, prompting the Debtors to file the Motion. *Id.* DCG's evasiveness to the Debtors' request only heightens the Debtors' concern and their need to understand the relationship between DCG and the Non-Party Entity that transferred more than $150 million dollars to pay certain obligations DCG owed the Debtors, lest the Debtors open themselves up to liability. *See United*

---

[2] Capitalized terms not otherwise defined in this Reply have the meanings ascribed to them in the Motion.

2

*States Sec. and Exch. Comm'n v. Alpine Sec. Corp.*, 308 F. Supp. 3d 775, 791 (S.D.N.Y. 2018) (noting the identification of suspicious activity as an aim of KYC/AML regulations and granting summary judgment for the Securities and Exchange Commission in enforcement action alleging breach of duty to file suspicious activity reports). Now that this matter is before the Court, DCG no longer objects to providing the Debtors with the requested KYC/AML/OFAC sanctions information. However, because to date DCG and the Non-Party Entity have only provided the illusion of compliance, the Debtors request that the Court enter the Proposed Order requiring that DCG and the Non-Party Entity provide this information (Request Nos. 6 and 7; Interrogatory No. 1).

2. DCG objects to the remaining requests, arguing that they go beyond the scope of information needed to comply with regulatory requirements and "resemble more of a fishing expedition." Objection ¶ 3. Not so. The Debtors' Request falls within the scope of Rule 2004 because they relate to a "matter which may affect the administration of the debtors' estate," Fed. R. Bankr. P. 2004(b). Namely, the Request seeks to understand the financing arrangement between DCG, the Debtors' largest obligor, and the Non-Party Entity—both to understand DCG's creditworthiness (which affects the value of the receivables the Debtors have against DCG) and to ascertain what restrictions or limitations the Non-Party Entity may have imposed on DCG in connection with its financing arrangement (which may affect DCG's ability and discretion to satisfy its obligations to the Debtors). Rule 2004 permits the examination of *any* entity in connection with any matter relevant to the case. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) ("Rule 2004(a) . . . states, on motion of any party in interest, the court may order the examination of any entity."). Moreover, while the Debtors believe the Request is narrowly tailored—seeking only necessary information that the Debtors have demonstrated is relevant to

3

these Chapter 11 Cases, without imposing any undue burden on DCG—it bears noting that multiple courts have recognized the "broad and unfettered" nature of Rule 2004 examinations, which have frequently been likened to fishing expeditions. *See id.* at 840 ("[C]ourts have recognized that Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions.") (citing *In re GHR Energy Corp.*, 33 B.R. 451, 453 (Bankr. D. Mass. 1983)); *see also In re Drexel Burnham Lambert Grp. Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("Rule 2004 discovery is broader than discovery under the Federal Rules of Civil Procedure, and has fewer procedural safeguards. It can be legitimately compared to a fishing expedition."); *In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D.N.Y. 1991) ("The scope of a Rule 2004 examination is so broad that it can be in the nature of a 'fishing expedition'"); *In re Brown*, Case No. 18-10617-JLG, 2018 WL 4944816, at *4 (Bankr. S.D.N.Y. Oct. 11, 2018) ("Discovery under Rule 2004 is broad in scope, often likened to a 'fishing expedition,' in contrast to the more stringent nature and available protections of discovery under the Federal Rules of Civil Procedure or applicable state court rules").

3.   Despite DCG's argument to the contrary, the Debtors do not believe that granting the Request would mean they could obtain every single agreement DCG has with any third party. *See* Obj. ¶ 4. What the Debtors seek here is information or documentation relating to a financing arrangement that DCG—which owes significant sums to the Debtors—entered into which may impact those obligations, which are a significant source of recoveries for creditors in these cases. Where, as here, the Request deals strictly with matters relevant to the Debtors' Chapter 11 Cases and concern the Debtors' estates, the Debtors believe the Request is appropriate and should be granted.

4

**CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) overrule the Objection, (b) enter an order, substantially in the form as the Proposed Order, and (c) grant such other and further relief as is just and proper.

Dated: February 23, 2024
      New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*