**Hearing Date: March 19, 2024 at 11:00 AM (Prevailing Eastern Time)**
**Objection Deadline: March 8, 2024 at 4:00 PM (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING OF DEBTORS' MOTION (I) FOR RELIEF**
**FROM AUTOMATIC STAY, TO THE EXTENT APPLICABLE,**
**TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS AND**
**(II) TO ALLOW CERTAIN CLAIMS IN CONNECTION THEREWITH**

     **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its affiliates Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

"Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

        **PLEASE TAKE FURTHER NOTICE** that on February 23, 2024, the Debtors filed the *Debtors' Motion (I) for Relief from Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligations and (II) to Allow Certain Claims in Connection Therewith* (the "Motion"). A hearing (the "Hearing") on the Motion will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **March 19, 2024 at 11:00 a.m. (Eastern Time)** (the "Hearing Date").

        **PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to the Motion or the relief requested therein shall be made in writing and (a) filed with the Court no later than **March 8, 2024 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

        **PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Court may enter with no further notice or opportunity to be heard.

        **PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained (i) by accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

        **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

        **PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Motion carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

        **PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:      February 23, 2024
            New York, New York

                                    */s/ Luke A. Barefoot*
                                    Sean A. O'Neal
                                    Luke A. Barefoot
                                    Jane VanLare
                                    Thomas S. Kessler
                                    Andrew Weaver
                                    CLEARY GOTTLIEB STEEN & HAMILTON
                                    LLP
                                    One Liberty Plaza
                                    New York, New York 10006
                                    Telephone: (212) 225-2000
                                    Facsimile: (212) 225-3999

                                    *Counsel to the Debtors and
                                    Debtors-in-Possession*

**Hearing Date: March 19, 2024 at 11:00 AM (Prevailing Eastern Time)**
**Objection Deadline: March 8, 2024 at 4:00 PM (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION (I) FOR RELIEF**
**FROM AUTOMATIC STAY, TO THE EXTENT APPLICABLE,**
**TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS AND**
**(II) TO ALLOW CERTAIN CLAIMS IN CONNECTION THEREWITH**

Genesis Global Holdco, LLC ("Holdco"), Genesis Global Capital, LLC ("GGC") and

Genesis Asia Pacific Pte. Ltd. ("GAP"), as affiliated debtors and debtors-in-possession in the

above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases")

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

hereby submit this motion (the "Motion")[2] for entry of an order, substantially in the form attached

hereto as Exhibit A (the "Proposed Order"): (i) granting relief from the automatic stay, to the extent

applicable, to allow the Debtors to exercise their rights to set off mutual amounts owing, as

identified in Exhibit 1 to the Proposed Order (collectively, the "Setoff Claims"), pursuant to

sections 362(d)(1) and 558 of title 11 of the United States Code (the "Bankruptcy Code"), Rule

4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of

the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy

Rules"); (ii) to the extent required, permitting use of property of the Debtors' estates outside the

ordinary course of business pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy

Rule 6004; (iii) allowing under section 502 of the Bankruptcy Code the Setoff Claims in a reduced

amount (the "Reduced Claims"); and (iv) granting related relief, and respectfully state as follows:

## **PRELIMINARY STATEMENT**[3]

1.      As contemplated by Exhibit M to the Plan Supplement, the Debtors have filed this

Motion to effectuate the proposed Setoffs on the terms set forth therein.  The Setoffs will provide

benefits to the Debtors and the affected claimants by reducing the Setoff Claims dollar-for-dollar

by their obligations owed to GGC and allowing such claims so that they may receive distributions

under the Plan.  Moreover, by valuing all aspects of the mutual obligations involved in the Setoffs

as of the Petition Date, the Debtors align with creditor expectations and fundamental fairness,

given that the automatic stay has prevented creditors from effectuating any setoff during the

---

[2]      Capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the *Debtors' Amended Joint Chapter 11 Plan* (the "Plan") [ECF No. 1325], as applicable.

[3]      All capitalized terms used in this Preliminary Statement shall have the meanings ascribed to them elsewhere in the Motion.

pendency of these Chapter 11 Cases. For the reasons set forth in the Motion, the Debtors respectfully request entry of the Proposed Order.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory bases for the relief requested herein are Bankruptcy Code sections 362, 363, 502, and 558, Bankruptcy Rule 4001, Bankruptcy Rule 6004, and Local Bankruptcy Rule 4001-1.

## BACKGROUND

### I.    The Chapter 11 Cases

3.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court. Historically, the Debtors and their non-debtor subsidiaries (collectively, the "Company") have engaged in lending, borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

5.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

6.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").  The General Bar Date passed on May 22, 2023.  As of February 19, 2024, 1,468 proofs of claim have been filed against the Debtors.

7.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694) (the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors.  The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents).

8.    On November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (as may be amended, the "Plan") (ECF No. 989).[4]  On December 29, 2023, the Debtors filed the *Notice of Filing of Plan Supplement for the Debtors' Amended Joint Chapter 11 Plan* (as may be amended, the "Plan Supplement") (ECF No. 1117), which included, among other exhibits, Exhibit E listing certain digital assets and their U.S. Dollar equivalent as of 11:11 p.m. (prevailing Eastern time) on the Petition Date (the "Digital Assets Conversion Table").  On January 9, 2024, the Debtors filed Exhibit M to the Plan Supplement (the "Setoff Principles") (ECF No. 1144), which provided an explanation of the principles that would govern the Debtors' exercise of their setoff rights with respect to the Setoff Claims, which were attached as Exhibit 1 thereto.  Such exhibit and the Plan contemplate that the Debtors would effectuate allowance of the Setoff Claims through the instant motion.

## II.    Relationship Between Debtors and Holders of the Setoff Claims

9.    Prior to the Petition Date, the Debtors' operations included lending and borrowing services for cash and certain digital assets.  In the course of these operations, GGC entered into lending relationships with, among others, the holders of the Setoff Claims (the "Setoff Claimants"), by entering into certain Master Digital Currency Loan Agreements, with GGC as the lender and the Setoff Claimants as the borrowers, pursuant to which GGC loaned cash or digital assets to a Setoff Claimant (together with any term sheets or amendments executed pursuant thereto, the "Lender MLAs" and such amounts owed by the Setoff Claimants to GGC pursuant to the Lender MLAs, the "Claimant Obligations").  In connection with these lending transactions, GGC retained control over the electronic private keys associated with the digital assets underlying

---

[4]    On February 15, 2014, the Debtors further amended the Plan, including Section IV.B.16 addressing the offsetting of collateral (ECF No. 1325).  Such amendments do not modify or otherwise alter the Setoff Principles.

the Claimant Obligations. Each Setoff Claimant pledged certain amounts of cash or digital assets as collateral to secure its loan from GGC pursuant to the Lender MLAs, which collateral was not returned by GGC to the Setoff Claimants in full as of the Petition Date (the "Setoff Collateral").

10.     In certain cases, GGC and the Setoff Claimants also entered into certain Master Digital Currency Loan Agreements, with GGC as the borrower and the applicable Setoff Claimants as the lenders, pursuant to which the Setoff Claimants loaned cash or digital assets to GGC (together with any term sheets or amendments executed pursuant thereto, the "Borrower MLAs" and such amounts owed by GGC to the applicable Setoff Claimants pursuant to the Borrower MLAs, together with the Setoff Collateral, the "GGC Obligations").[5] By virtue of the Lender MLAs, the Setoff Collateral and/or the Borrower MLAs, GGC and the Setoff Claimants have mutually-owed obligations.[6]

11.     Each of the Setoff Claimants has a Scheduled Claim[7] with respect to the GGC Obligations, which are listed on Exhibit 1 to the Proposed Order.[8]

## **RELIEF REQUESTED**[2]

12.     The Debtors respectfully request that the Court grant the following relief: (i) lifting the automatic stay, to the extent applicable, to allow the Debtors to exercise their rights to set off

---

[5]     The Lender MLAs and Borrower MLAs are in each case governed by New York law.

[6]     For the avoidance of doubt, none of the GGC Obligations, nor any of the Setoff Claims, relate to any loans whereby GGC pledged cash or digital asset collateral to secure its obligations as borrower under such loans.

[7]     Certain of the GGC Obligations were asserted by the Setoff Claimants through a master proof of claim filed by the Ad Hoc Group (as defined in the Bar Date Order) pursuant to paragraph 4(h)(i) of the Bar Date Order. *See* Proof of Claim No. 831 (the "Ad Hoc Group Master Claim"). The relief requested herein shall affect the Ad Hoc Group Master Claim only to the extent that reconciliation and/or allowance of the Ad Hoc Group Master Claim, solely with respect to the applicable Setoff Claimants, shall be consistent with and subject to the terms of paragraph 3 of the Proposed Order.

[8]     Pursuant to the Redaction Order, the names and addresses of the Setoff Claimants are redacted from the publicly-filed version of Exhibit 1 to the Proposed Order.

[9]     For the avoidance of doubt, the relief the relief requested herein by the Debtors shall apply equally, if applicable, to the Wind-Down Debtors (as defined in the Plan).

mutual amounts owing with respect to the Setoff Claims on the terms set forth herein (in each case, a "Setoff" and collectively, the "Setoffs"); (ii) to the extent required, permitting use of property of the Debtors' estates outside the ordinary course of business; (iii) reducing the Setoff Claims to reflect the Setoffs, and allowing the Reduced Claims in the amounts set forth in the column titled "Reduced Claims" on Exhibit 1 to the Proposed Order; and (iv) granting related relief.

13.    Each of the Setoffs shall be effectuated by the Debtors setting off the Claimant Obligations (as set forth in the column titled "Asset" of Exhibit 1 to the Proposed Order) with the corresponding GGC Obligations (as set forth in the column titled "Liability" of Exhibit 1 to the Proposed Order). In each case, solely for the purposes of effectuating the Setoffs, the U.S. Dollar equivalent of any digital assets constituting Claimant Obligations or GGC Obligations are determined pursuant to the Digital Assets Conversion Table. Notwithstanding the foregoing, and for the avoidance of doubt: (i) nothing in the Motion or the Proposed Order shall govern, limit, alter, or determine, for purposes of distributions, allocation of distributable value, or methods of distribution pursuant to a chapter 11 plan, the treatment, valuation, and/or denomination of any claims (including claims allowed pursuant to the Proposed Order), and (ii) all Claims, whether allowed by the Proposed Order or otherwise, will be subject to, and treated in accordance with, the terms of a confirmed chapter 11 plan (including any distribution methodology and mechanics contained therein).

**BASIS FOR RELIEF**

## I.    The Debtors Have a Right to Setoff the Setoff Claims Under Applicable Law.

14.    Section 558 of the Bankruptcy Code preserves for a debtor's estate "the benefit of any defense available to the debtor as against any entity other than the estate." 11 U.S.C. § 558. Courts have interpreted Section 558 to include setoff rights. *See, e.g.*, *Scherling v. Hellman Elec. Corp. (In re Westchester Structures, Inc.)*, 181 B.R. 730, 739–40 (Bankr. S.D.N.Y. 1995) ("Section

558 of the Bankruptcy Code also preserves for the benefit of the estate any right to setoff the debtor may have."); *In re RCS Cap. Dev.*, 2013 WL 3618550 at \*8 (9th Cir. B.A.P. 2013) ("The Code preserves a debtor's right to effectuate a setoff under § 558, as it exists under state law.").  Unlike a creditor's right to set off under section 553 of the Bankruptcy Code, section 558 of the Bankruptcy Code is broader and "eliminates the pre-petition/post-petition distinction and, in essence, obliterates the requirement that the mutual debts must both be pre-petition obligations." *See In re PSA, Inc.*, 277 B.R. 51, 53 (Bankr. D. Del. 2002) (citations omitted); *see also State Bank of Florence v. Miller (In re Miller)*, 459 B.R. 657, 675 n.16 (B.A.P. 6th Cir. 2011) (holding that, unlike setoff under section 553 of the Bankruptcy Code, setoff under section 558 does not require that the mutual debts both be prepetition obligations).

15.    Each of the Borrower MLAs and the Lender MLAs are governed by New York law, which provides a statutory right of setoff to debtors.[10] *See*  N.Y. Debt. & Cred. Law § 151 ("Every debtor shall have the right upon . . . the filing of a petition under . . . the federal bankruptcy act or amendments thereto . . . to set off and apply against any indebtedness, whether matured or unmatured, of such creditor to such debtor, any amount owing from such debtor to such creditor"); *see also In re Prudential Lines, Inc.*, 148 B.R. 730, 740-41 (Bankr. S.D.N.Y. 1992 (noting that a debtor has a setoff right upon the filing of a bankruptcy petition).   In addition, debtors have a common law right of setoff under New York law.  *See Official Comm. of Unsecured Creditors v. Manufacturer's and Trader's Trust Co. (In re Bennett Funding Grp., Inc.)*, 146 F.3d 136, 139 (2d

---

[10]    The Setoff Claimants similarly have prepetition setoff rights pursuant to applicable New York law, which are preserved by section 553 of the Bankruptcy Code.  Although this Motion does not seek relief pursuant to that section of the Bankruptcy Code, the Setoffs nonetheless would give effect to the Setoff Claimants' setoff rights thereunder.  Nothing in the Motion or Proposed Order shall limit or alter such setoff rights, to the extent the Setoff Claimants hold such setoff rights.  *See infra* ¶ 30.

Cir. 1998) ("There is also no question that New York has long recognized a common law right of setoff.").

16.     "Under New York law, to offset debts, they must be mutual." *In re Westchester Structures, Inc.*, 181 B.R. at 740 (citing *Beecher v. Petier A. Vogt Mfg.*, 227 N.Y. 468 (1920)). "Mutuality, in turn, exists when the debts and credits are in the same right and are between the same parties, standing in the same capacity." *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 101, 107 (Bankr. S.D.N.Y. 2010) (citing *In re Westchester Structures, Inc.*, 181 B.R. at 739) (internal quotations omitted). As set forth above, the GGC Obligations and the Claimant Obligations satisfy the mutuality requirement of applicable New York law. In each case, either (i) GGC loaned cash or digital assets to a Setoff Claimant, and the Setoff Claimant pledged cash or digital asset collateral to GGC to secure the Setoff Claimant's borrowings or (ii) GGC loaned cash or digital assets to a Setoff Claimant and GGC also borrowed cash or digital assets from the same Setoff Claimant.

## II.     Relief From the Automatic Stay is Appropriate to Allow the Debtors to Exercise Setoff Rights.

17.     The Debtors' commencement of the Chapter 11 Cases imposed an automatic stay on any party's post-petition right to exercise "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor . . . ." 11 U.S.C. § 362(a)(7).

18.     Section 362(d)(1) of the Bankruptcy Code provides that a court may provide relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). "Cause is an intentionally broad and flexible concept which must be determined on a case-by-case basis." *In re Project Orange Assocs.,*

*LLC*, 432 B.R. 89, 103 (Bankr. S.D.N.Y. 2010) (quoting *In re Brown*, 311 B.R. 409, 412–13 (E.D. Pa. 2004)) (internal citation omitted).

19.     The Second Circuit has established twelve factors to consider whether relief from the automatic stay is appropriate, including "whether relief would result in a partial or complete resolution of the issues" and "the interests of judicial economy and the expeditious and economical resolution of litigation." *See In re Lehman Bros. Holdings Inc.*, 435 B.R. 122, 138 (S.D.N.Y. 2010), *aff'd sub nom Suncal Cmtys. I LLC v. Lehman Commercial Paper, Inc.*, 402 F. App'x 634 (2d Cir. 2010). Not all twelve factors are relevant to a particular case, and not all factors are accorded equal weight. *Id.*

20.     In addition, courts have long recognized that the exercise of setoff rights allows for courts to more efficiently conduct the bankruptcy process, resolve connected claims, and avoid potentially absurd results. *See In re Lehman Bros. Holdings, Inc.*, 439 B.R. 811, 824 (Bankr. S.D.N.Y. 2010) ("Equity favors the right of setoff as a means to avoid multiplicity of lawsuits, inconvenience, injustice, and inefficient use of judicial resources.") (citing *In re Lehman Bros. Holdings Inc.*, 404 B.R. 752, 757 (Bankr. S.D.N.Y. 2009)); *In re Bennett Funding Grp.*, 212 B.R. at 212 ("'[T]he right of set off ... allows entities that owe each other to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'") (quoting *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18 (1995)). For these reasons, courts in the Second Circuit "ha[ve] repeatedly favored the allowance of setoffs." *Bohack Corp. v. Borden, Inc. (In re Bohack Corp.)*, 599 F.2d 1160, 1164 (2d Cir. 1979); *see also In re Bennett Funding Grp., Inc.*, 212 B.R. 206, 212 (B.A.P. 2d Cir. 1997) ("Setoff occupies a favored position in our history of jurisprudence, a position with which the courts should interfere only under the most compelling circumstances.") (internal quotations omitted).

21.    In the instant case, the Setoffs would result in the resolution of a significant amount of claims filed against the Debtors, thereby winnowing the amount of outstanding claims as the Debtors seek to resolve the Chapter 11 Cases.    Moreover, as the Debtors are approaching confirmation of their Plan, it is important that as many claims as possible be reconciled and allowed to maximize the number of claims that can receive initial distributions following effectiveness. Accordingly, relief from the automatic stay, to the extent appliable, to allow the Debtors to exercise setoff rights with respect to the Setoff Claims is appropriate and would facilitate a more efficient and value-maximizing resolution to the Chapter 11 Cases through the exercise of rights long favored by the courts and specifically protected under the Bankruptcy Code.

### III.    The Use of Estate Property to Effectuate the Setoffs is Appropriate

22.    Section 363 of the Bankruptcy Code provides that the debtor may, "after a notice and a hearing . . . use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).    A debtor may use estate property outside the ordinary course of business as long as the debtor "articulates a sound business reason." *In re MF Glob. Inc.*, 478 B.R. 611, 616 (Bankr. S.D.N.Y. 2012) (citing *Motorola, Inc. v. Official Comm. Of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 466 (2d Cir. 2007)).    In turn, section 105(a) of the Bankruptcy Code provides that the court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

23.    Although the Debtors believe that effectuating the Setoffs is within the ordinary course of the Debtors' business as it is consistent with their past practice, the Debtors nonetheless seek relief pursuant to section 363(b) of the Bankruptcy Code to set off the GGC Obligations with the Claimant Obligations (which constitute accounts payable to GGC).    To the extent such relief is required, the Debtors have demonstrated a sound business justification for the Setoffs, as set forth in paragraph 21 of this Motion.  Further, the Setoffs would not prejudice any creditors, as

11

each of the Setoff Claimants will either have their Claims against GGC satisfied in full or receive the full value of the GGC Obligations that are used to reduce their Claimant Obligations.

## IV.    The Setoff Claims Should be Modified to Reflect the Setoffs.

24.    The Debtors, in consultation with their advisors, have determined that effectuation of the Setoffs would result in reduced claims remaining against GGC.  The applicable amount of each Reduced Claim is identified in the column titled "Reduced Claims" of <u>Exhibit 1</u> to the Proposed Order.  Where a Setoff Claim against the Debtors was asserted in more than one digital asset type, the resulting Reduced Claim has been reduced per digital asset on a *pro rata* basis.  Consistent with the Setoff Principles, and solely for such purposes, the Debtors have valued both the claims against the Debtors, and the Debtors' competing claims against those creditors that have acted as borrowers as of the Petition Date.  *See* Setoff Principles at 1 ("(a) the value of any debt owed to a Debtor by a Holder of a Claim entitled to receive distributions under the Plan against the value of any Loan Collateral that the Holder of such Claim delivered to the applicable Debtor to secure a loan (to the extent that the applicable Debtors' failure to return such Loan Collateral gives rise to a Claim entitled to receive distributions under the Plan) or (b) any Claim entitled to receive distributions under the Plan against the value of any debt owed by the Holder of such Claim to the applicable Debtor, then all digital asset values in (a) and (b) shall be determined as set forth in the Digital Assets Conversion Table [listing certain digital assets and their U.S. Dollar equivalent as of 11:11 p.m. (prevailing Eastern time) on the Petition Date]").

25.    The Debtors believe that the Setoff Principles and the proposed valuation of each party's claims in accordance therewith is appropriate pursuant to applicable law and balances the interests of the Debtors and their creditors.  Accordingly, to the extent not already approved through confirmation of the Plan, the Debtors request the Court exercise its discretion to approve the Setoff Principles.  *See In re Sears Holdings Corp.*, 51 F.4th 53, 61 n.4 (2d Cir. 2022)

(stating that "the bankruptcy court is entitled to deference as to the appropriate time at which to value the collateral"); *see also In re Hous. Reg'l Sports Network, L.P.*, 886 F.3d 523, 528-32 (5th Cir. 2018) (holding that courts have broad discretion to set the appropriate date for valuation of collateral); *In re Heritage Highgate, Inc.*, 679 F.3d 132, 141 (3d Cir. 2012) (holding that bankruptcy courts have discretion in how to approach valuation in order to "choose the standard that best fits the circumstances of a particular case").  Subject to entry of the Proposed Order permitting the Setoffs, the Debtors request that the Court allow each of the Reduced Claims.

**V.      Satisfaction of Applicable Bankruptcy Rules.**

26.      Bankruptcy Rule 4001(a)(3) requires that an "order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise."  Similarly, Bankruptcy Rule 6004(h) imposes a 14 day stay of any orders authorizing the use of property other than cash collateral.  Bankruptcy Rule 6004(a) additionally requires that a motion seeking entry of an order authorizing the use of property, other than cash collateral, outside the ordinary course of business be provided on 21 days' notice pursuant to Bankruptcy Rule 2002(a)(2).

27.      As set forth herein, timely reduction and allowance of the Reduced Claims will ultimately benefit all of the Debtors' stakeholders by permitting creditors to recover their claims more quickly and reducing the level of funding required for the Disputed Claims Reserve.  Consequently, the Debtors respectfully submit that the Debtors have established cause to waive the requirements of Bankruptcy Rule 4001(a)(3) and Bankruptcy Rule 6004(h).  Similarly, the Debtors respectfully submit that notice of this Motion satisfies the requirements of Bankruptcy Rule 4001(a)(1) and Bankruptcy Rule 6004(a).

## SEPARATE CONTESTED MATTERS

28.    To the extent that a response is filed regarding any Setoff Claim listed in this Motion and the Debtors are unable to resolve the response, such Setoff Claim and the Motion by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding this Motion shall be deemed a separate order with respect to each Setoff Claim.

## RESERVATION OF RIGHTS

29.    Nothing contained in this Motion or any actions taken pursuant to the Proposed Order is intended to or shall be construed as (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, including on grounds of equitable subordination under Section 510(c) and/or disallowance under Section 502(d) of the Bankruptcy Code, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or the Setoff Claimants under the Bankruptcy Code, any other applicable law, any Lender MLA or any Borrower MLA; *provided, however,* that nothing in the preceding reservation of rights shall limit or have any effect on the allowance of the Reduced Claims identified in the column titled "Reduced Claims" of Exhibit 1 to the Proposed Order.

30.    If the Court does not approve the Setoff Principles and/or the Plan is modified to exclude or alter the Setoff Principles, all of the Setoff Claimants' respective rights and defenses related to setoff, recoupment, and/or allowance of their respective Claims are fully preserved, as are the Debtors' and the Committee's rights and defenses with respect thereto.  Without limiting the generality of the foregoing, such lack of approval or modification, as applicable, shall not affect, modify, or alter: (i) any Setoff Claimant's right to seek recognition of its rights of setoff or recoupment (including, without limitation, a Setoff Claimant's ability to argue that an alternative

valuation methodology should be used to determine such Setoff Claimant's rights of setoff and recoupment), which rights are hereby explicitly preserved to the extent a Setoff Claimant possesses such rights; (ii) any Setoff Claimant's right to file a motion or other pleading with this Court seeking entry of an order authorizing such Setoff Claimant to exercise its rights of setoff or recoupment; (iii) any Setoff Claimant's right to file a motion or other pleading with this Court seeking entry of an order allowing any Setoff Claim in an amount to be determined by this Court, including in an amount that is higher than a Setoff Claimant's Reduced Claim determined under the Setoff Principles; *provided, however*, that the Debtors' and the Committee's rights and defenses with respect to the foregoing are fully preserved; (iv) the rights of the Debtors or the Committee to file a motion or other pleading with this Court seeking entry of an order authorizing exercise of rights of setoff or recoupment; and/or (v) the rights of the Debtors or the Committee to file a claims objection or other pleading with this Court seeking entry of an order allowing any Setoff Claim in an amount to be determined by this Court, including in an amount that is lower than a Setoff Claimant's Reduced Claim determined under the Setoff Principles; *provided, however*, that the Setoff Claimants' rights and defenses with respect to the foregoing are fully preserved.

## NOTICE

31.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

32.     No prior request for the relief requested herein has been made to this or any other Court.

[*The remainder of this page is left blank intentionally*]

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

Dated:   February 23, 2024
         New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER GRANTING DEBTORS' MOTION (I) FOR RELIEF FROM AUTOMATIC STAY, TO THE EXTENT APPLICABLE TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS AND (II) TO ALLOW CERTAIN CLAIMS IN CONNECTION THEREWITH

Upon the *Debtors' Motion (I) For Relief From Automatic Stay, to the Extent Applicable, to Allow For Setoff of Mutual Obligations and (II) to Allow Certain Claims In Connection Therewith* (the "Motion")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order: (i) lifting the automatic stay, to the extent applicable, to allow the Debtors to exercise their rights to set off mutual amounts owing with respect to the Setoff Claims; (ii) to the extent required, permitting use of property of the Debtors' estates outside the ordinary course of business; (iii) reducing the Setoff Claims to reflects the Setoffs, and allowing the Reduced Claims; and (iv) granting related relief; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon

having been provided in accordance with the Case Management Order; such notice having been

adequate and appropriate under the circumstances, and it appearing that no other or further notice

need be provided; and the Court having held a hearing to consider the relief requested in the Motion

(the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before

the Court; and the Court having determined that the legal and factual bases set forth in the Motion

establish just cause for the relief granted herein and that such relief is in the best interests of the

Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and

sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      For the reasons stated in the Motion, the Motion is GRANTED, subject to the

provisions of this Order.

2.      To the extent applicable, the automatic stay is lifted pursuant to section 362(d) of

the Bankruptcy Code to permit GGC, pursuant to section 558 of the Bankruptcy Code, to set off

the Claimant Obligations listed in the column titled "Asset" of Exhibit 1 attached hereto with the

corresponding GGC Obligations listed in the column titled "Liability" of Exhibit 1 attached hereto.

3.      With respect to the Setoff Claims on Exhibit 1 attached hereto that consist of

liabilities asserted in the Ad Hoc Group Master Claim, such liabilities are hereby modified

according to the terms set forth in this Order.  For the avoidance of doubt, to the extent that the

Debtors file a subsequent motion or claim objection to the Ad Hoc Group Master Claim, the rights

of the Ad Hoc Group and its members and the Debtors are fully preserved.

4.      Subject to paragraph 8 of this Order, each of the Reduced Claims identified on Exhibit 1 attached hereto is hereby allowed as a general unsecured claim in the applicable amount set forth in the column titled "Reduced Claims" of Exhibit 1 attached hereto.

5.      For the avoidance of doubt, nothing in the Motion or this Order shall govern, limit, alter, or determine, for purposes of distributions, allocation of distributable value, or methods of distribution pursuant to a chapter 11 plan, the treatment, valuation, and/or denomination of any claims (including claims allowed pursuant to this Order).  For the avoidance of doubt, all claims, whether allowed by this Order or otherwise, will be subject to, and treated in accordance with, the terms of a confirmed chapter 11 plan (including any distribution methodology and mechanics contained therein).

6.      This Order shall be deemed a separate Order with respect to each of the Setoff Claims identified on Exhibit 1.  Any appeal and/or stay of this Order pending appeal by any Setoff Claimants whose Setoff Claims are subject to this Order shall only apply to the contested matter which involves such Setoff Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Motion or this Order.

7.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

8.      Nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor or Setoff Claimant, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, including on grounds of equitable subordination under Section 510(c) and/or disallowance under Section 502(d) of the Bankruptcy Code, (iii) a waiver of the

right of a Setoff Claimant to dispute any Claim against such Setoff Claimant on any grounds whatsoever at a later date; (iv) a promise by or requirement on any Debtor or Setoff Claimant to pay any Claim, or (v) a waiver of the rights of the Debtors, the Setoff Claimants, the Official Committee of Unsecured Creditors, or any other party in interest under the Bankruptcy Code, any other applicable law, any Lender MLA or any Borrower MLA; *provided, however*, nothing in this paragraph shall limit or have any effect on the allowance of the Reduced Claims set forth in the column titled "Reduced Claims" of <u>Exhibit 1</u> attached hereto.

9.      The Motion satisfies the requirements set forth in Bankruptcy Rule 4001(a) and Bankruptcy Rule 6004(a).

10.     The relief granted in this Order shall be effective immediately and shall not be subject to the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3) and Bankruptcy Rule 6004(h).

11.     The Debtors shall serve this Order on all Setoff Claimants (and their counsel, if known) by email, if known, or overnight mail within (2) business days of entry of the Order.

12.     This Court shall retain jurisdiction over any and all issues arising from or related to the implementation, interpretation, enforcement of this Order.

Dated: _____, 2024
        White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**Genesis**
Counterparty Setoff Overview
($USD | Quantity In Kind)

| Counterparty (Scheduled Claim #) | Filed Claim | Asset — Loan | Asset — Interest & Fees | Liability — Borrow | Liability — Interest & Fees | Liability — Collateral Received | Reduced Claim [1] |
|---|---|---|---|---|---|---|---|
| Party 219 (Sch. Claim: 3.1.0574) | 831 - Anonymous Lender 79 | $(15,770,076) \| 46,464,572.4 ADA | — | — | — | — | — |
| Party 219 (Sch. Claim: 3.1.0574) | 831 - Anonymous Lender 79 | $(164,697,218) \| 7,808.5 BTC | — | — | — | — | — |
| Party 219 (Sch. Claim: 3.1.0574) | 831 - Anonymous Lender 79 | — | — | $248,744,000 \| 160,000.0 ETH | $3,840,072 \| 2,470.1 ETH | $199,636,149 \| 128,412.3 ETH | $270,256,290 \| 173,837.4 ETH |
| Party 219 (Sch. Claim: 3.1.0574) | 831 - Anonymous Lender 79 | — | — | $614,370 \| 159,992.3 ETHW | $3,241 \| 843.9 ETHW | — | $369,097 \| 96,119.1 ETHW |
| Party 219 (Sch. Claim: 3.1.0574) | 831 - Anonymous Lender 79 | — | $(1,745,151) \| 1,745,151.3 USD | — | — | — | — |
| Party 120 (Sch. Claim: 3.1.0130) | 939 | $(42,183,960) \| 2,000.0 BTC | $(701,142) \| 33.2 BTC | — | $46,323 \| 2.2 BTC | $4,218,396 \| 200.0 BTC | $2,649,691 \| 125.6 BTC |
| Party 120 (Sch. Claim: 3.1.0130) | 939 | — | — | — | $59,113 \| 38.0 ETH | — | $36,727 \| 23.6 ETH |
| Party 120 (Sch. Claim: 3.1.0130) | 939 | $(76,800) \| 20,000.0 ETHW | $(189) \| 49.2 ETHW | — | — | — | — |
| Party 120 (Sch. Claim: 3.1.0130) | 939 | — | — | $64,254,641 \| 64,254,641.0 USD | $1,163,301 \| 1,163,300.6 USD | $43,706,000 \| 43,706,000.0 USD | $67,799,263 \| 67,799,263.5 USD |
| Party 288 (Sch. Claim: 3.1.0152) | 831 - Anonymous Lender 28 | — | — | $7,578,688 \| 359.3 BTC | $8,928 \| 0.4 BTC | — | $6,604,183 \| 313.1 BTC |
| Party 288 (Sch. Claim: 3.1.0152) | 831 - Anonymous Lender 28 | — | — | $22,246,844 \| 14,309.9 ETH | $26,209 \| 16.9 ETH | $9,110,503 \| 5,860.2 ETH | $27,315,923 \| 17,570.5 ETH |
| Party 288 (Sch. Claim: 3.1.0152) | 831 - Anonymous Lender 28 | — | — | $77,453 \| 20,170.0 ETHW | $91 \| 23.8 ETHW | — | $67,494 \| 17,576.5 ETHW |
| Party 288 (Sch. Claim: 3.1.0152) | 831 - Anonymous Lender 28 | — | $(100,822) \| 100,821.9 USD | $159,193 \| 159,193.0 USD | $147,155 \| 147,154.5 USD | — | $266,642 \| 266,641.7 USD |
| Party 288 (Sch. Claim: 3.1.0152) | 831 - Anonymous Lender 28 | $(5,000,000) \| 4,992,461.4 USDC | — | — | — | — | — |
| Party 744 (Sch. Claim: 3.1.0614) | 491 | — | — | — | — | $10,018,691 \| 475.0 BTC | $3,909,047 \| 185.3 BTC |
| Party 744 (Sch. Claim: 3.1.0614) | 491 | $(6,000,000) \| 5,990,953.7 USDC | $(109,644) \| 109,478.5 USDC | — | — | — | — |
| Party 158 (Sch. Claim: 3.1.0050) | 445 | — | — | — | $6,356,384 \| 301.4 BTC | $3,435,314 \| 162.9 BTC |
| Party 158 (Sch. Claim: 3.1.0050) | 445 | — | — | — | $193,980 \| 124.8 ETH | $104,837 \| 67.4 ETH |
| Party 158 (Sch. Claim: 3.1.0050) | 445 | — | — | $479 \| 124.8 ETHW | $2 \| 0.6 ETHW | — | $260 \| 67.8 ETHW |
| Party 158 (Sch. Claim: 3.1.0050) | 445 | $(2,945,792) \| 2,945,791.6 USD | $(64,643) \| 64,642.9 USD | — | — | — | — |
| Party 747 (Sch. Claim: 3.1.0271) | No Filed Claim | — | — | — | — | $5,413,818 \| 256.7 BTC | $3,501,715 \| 166.0 BTC |
| Party 747 (Sch. Claim: 3.1.0271) | No Filed Claim | $(1,900,000) \| 1,900,000.0 USD | $(12,103) \| 12,102.8 USD | — | — | — | — |
| Party 51 (Sch. Claim: 3.1.0078) | No Filed Claim | $(1,320,000) \| 300,068.2 FIL | $(38,829) \| 8,826.8 FIL | — | — | — | — |
| Party 51 (Sch. Claim: 3.1.0078) | No Filed Claim | — | — | — | $2,839,506 \| 2,839,562.5 USDT | $1,480,677 \| 1,480,706.3 USDT |
| Party 573 (Sch. Claim: 3.1.0251) | 476 | — | — | — | $2,831,809 \| 134.3 BTC | $1,371,918 \| 65.0 BTC |
| Party 573 (Sch. Claim: 3.1.0251) | 476 | $(1,410,000) \| 1,407,874.1 USDC | $(49,891) \| 49,815.6 USDC | — | — | — | — |
| Party 749 (Sch. Claim: 3.1.0396) | No Filed Claim | — | — | $1,969,610 \| 5,803,211.2 ADA | — | — | $961,421 \| 2,832,707.7 ADA |
| Party 749 (Sch. Claim: 3.1.0396) | No Filed Claim | — | — | — | $371,219 \| 17.6 BTC | $181,202 \| 8.6 BTC |
| Party 749 (Sch. Claim: 3.1.0396) | No Filed Claim | $(1,150,000) \| 1,148,266.1 USDC | $(48,205) \| 48,132.8 USDC | — | — | — | — |
| Party 717 (Sch. Claim: 3.1.0515) | No Filed Claim | — | — | — | $302,042 \| 889,930.7 ADA | $8,517 \| 25,095.2 ADA |
| Party 717 (Sch. Claim: 3.1.0515) | No Filed Claim | — | — | — | $37,839,253 \| 1,794.0 BTC | $1,067,031 \| 50.6 BTC |
| Party 717 (Sch. Claim: 3.1.0515) | No Filed Claim | — | — | — | $1,096 \| 1,095.9 USD | — | $31 \| 30.9 USD |
| Party 717 (Sch. Claim: 3.1.0515) | No Filed Claim | — | $(25,938) \| 25,899.2 USDC | — | — | — | — |
| Party 717 (Sch. Claim: 3.1.0515) | No Filed Claim | $(37,183,884) \| 1,764.0 WBTC | $(584,296) \| 27.7 WBTC | — | — | — | — |
| Party 717 (Sch. Claim: 3.1.0515) | No Filed Claim | — | — | — | $463,341 \| 5,499,984.4 XLM | $13,066 \| 155,094.3 XLM |
| Party 717 (Sch. Claim: 3.1.0515) | No Filed Claim | — | — | — | $285,070 \| 6,325.1 ZEC | $8,039 \| 178.4 ZEC |
| Party 454 (Sch. Claim: 3.1.0599) | 528 | — | — | — | $0 \| 0.0 DOT | $0 \| 0.0 DOT |
| Party 454 (Sch. Claim: 3.1.0599) | 528 | — | — | — | $528,581 \| 340.0 ETH | $445,812 \| 286.8 ETH |
| Party 454 (Sch. Claim: 3.1.0599) | 528 | — | — | — | $383,061 \| 18,001.0 SOL | $323,079 \| 15,182.3 SOL |
| Party 454 (Sch. Claim: 3.1.0599) | 528 | $(138,190) \| 137,982.1 USDC | $(4,561) \| 4,554.2 USDC | — | — | — | — |
| Party 455 (Sch. Claim: 3.1.0498) | 311 | — | — | $288,941 \| 13.7 BTC | $340 \| 0.0 BTC | $121,701 \| 5.8 BTC | $368,143 \| 17.5 BTC |
| Party 455 (Sch. Claim: 3.1.0498) | 311 | — | — | $129,015 \| 83.0 ETH | $152 \| 0.1 ETH | — | $115,703 \| 74.4 ETH |
| Party 455 (Sch. Claim: 3.1.0498) | 311 | — | — | $319 \| 83.0 ETHW | $0 \| 0.1 ETHW | — | $286 \| 74.4 ETHW |
| Party 455 (Sch. Claim: 3.1.0498) | 311 | — | — | $98,563 \| 152,786.7 MANA | $115 \| 178.6 MANA | — | $88,392 \| 137,020.6 MANA |
| Party 455 (Sch. Claim: 3.1.0498) | 311 | $(60,915) \| 60,914.7 USD | $(6,284) \| 6,283.8 USD | $1,664 \| 1,663.6 USD | $3,859 \| 3,859.0 USD | — | $4,947 \| 4,946.9 USD |
| Party 3598 (Sch. Claim: 3.1.0359) | No Filed Claim | $(1,885,623) \| 89.4 BTC | $(54,231) \| 2.6 BTC | — | — | — | — |
| Party 3598 (Sch. Claim: 3.1.0359) | No Filed Claim | — | — | — | $2,500,000 \| 2,496,230.7 USDC | $560,146 \| 559,301.2 USDC |
| Party 583 (Sch. Claim: 3.1.0104) | 351 | $(3,691,097) \| 175.0 BTC | $(71,867) \| 3.4 BTC | — | — | $259,853 \| 12.3 BTC | $24,039 \| 1.1 BTC |
| Party 583 (Sch. Claim: 3.1.0104) | 351 | — | — | — | $466,394 \| 300.0 ETH | $43,147 \| 27.8 ETH |
| Party 583 (Sch. Claim: 3.1.0104) | 351 | — | — | $20,483 \| 20,483.2 USD | $338 \| 338.4 USD | $3,399,500 \| 3,399,499.8 USD | $316,419 \| 316,418.8 USD |

(1) Reduced Claims reflect Petition Date pricing as identified in the Digital Assets Conversion Table attached as Exhibit E to the Plan Supplement (ECF No. 1117)

Genesis
Counterparty Setoff Overview
*($USD | Quantity In Kind)*

| Counterparty (Scheduled Claim #) | Filed Claim | Asset | | Liability | | | Reduced Claim [1] |
|---|---|---|---|---|---|---|---|
| | | Loan | Interest & Fees | Borrow | Interest & Fees | Collateral Received | |
| Party 227 (Sch. Claim: 3.1.0103) | 265 | --- | --- | $210 \| 0.0 BTC | $2 \| 0.0 BTC | $738,553 \| 35.0 BTC | $304,583 \| 14.4 BTC |
| Party 227 (Sch. Claim: 3.1.0103) | 265 | --- | --- | --- | --- | $33,686 \| 1,583.0 SOL | $13,888 \| 652.6 SOL |
| Party 227 (Sch. Claim: 3.1.0103) | 265 | $(435,000) \| 435,000.0 USD | $(18,980) \| 18,979.7 USD | --- | --- | --- | --- |
| Party 752 (Sch. Claim: 3.1.0164) | 367 | --- | --- | --- | --- | $379,656 \| 18.0 BTC | $189,861 \| 9.0 BTC |
| Party 752 (Sch. Claim: 3.1.0164) | 367 | $(184,010) \| 184,009.7 USD | $(5,785) \| 5,785.0 USD | --- | --- | --- | --- |
| Party 751 (Sch. Claim: 3.1.0046) | 22 | $(200,000) \| 444,445.0 1INCH | $(6,517) \| 14,481.8 1INCH | --- | --- | --- | --- |
| Party 751 (Sch. Claim: 3.1.0046) | 22 | --- | --- | --- | --- | $352,236 \| 16.7 BTC | $145,719 \| 6.9 BTC |
| Party 136 (Sch. Claim: 3.1.0032) | 365 | --- | --- | --- | --- | $2,145,525 \| 2,145,525.0 USD | $104,102 \| 104,102.4 USD |
| Party 136 (Sch. Claim: 3.1.0032) | 365 | $(2,000,000) \| 2,000,040.0 USDT | $(41,423) \| 41,423.4 USDT | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(2,296) \| 107.9 SOL | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(582) \| 901.9 MANA | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(11,907) \| 141.6 LTC | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(279,202) \| 279,207.4 USDT | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $343,048 \| 343,047.7 USD | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(397) \| 64.2 UNI | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(2,246) \| 2,424.7 CRV | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(2,921) \| 0.1 BTC | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(968) \| 4,401.3 ALGO | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(4,094) \| 930.7 FIL | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(530) \| 541.4 EOS | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | $(3,960) \| 48,600.3 DOGE | --- | --- | --- | --- |
| Party 365 (Sch. Claim: 3.1.0146) | No Filed Claim | --- | --- | --- | --- | $79,842 \| 79,721.4 USDC | $113,786 \| 113,614.6 USDC |
| Party 296 (Sch. Claim: 3.1.0625 & 3.1.0624) | 180 | --- | --- | --- | --- | $105,460 \| 5.0 BTC | $21,952 \| 1.0 BTC |
| Party 296 (Sch. Claim: 3.1.0625 & 3.1.0624) | 180 | --- | --- | --- | --- | $31,169 \| 10,460.9 HNT | $6,488 \| 2,177.5 HNT |
| Party 296 (Sch. Claim: 3.1.0625 & 3.1.0624) | 180 | $(100,000) \| 100,000.0 USD | $(8,452) \| 8,452.4 USD | $278 \| 278.0 USD | $55 \| 55.0 USD | --- | $69 \| 69.3 USD |
| Party 296 (Sch. Claim: 3.1.0625 & 3.1.0624) | 180 | --- | --- | $203 \| 52.9 ETHW | $1 \| 0.3 ETHW | --- | $204 \| 53.2 ETHW |
| Party 750 (Sch. Claim: 3.1.0020) | No Filed Claim | $(650,000) \| 650,000.0 USD | --- | --- | --- | --- | --- |
| Party 750 (Sch. Claim: 3.1.0020) | No Filed Claim | --- | --- | --- | --- | $650,000 \| 649,020.0 USDC | --- |

(1) Reduced Claims reflect Petition Date pricing as identified in the Digital Assets Conversion Table attached as Exhibit E to the Plan Supplement (ECF No. 1117).