**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jeffrey D. Saferstein
Jonathan D. Polkes
Caroline Hickey Zalka
Jessica Liou
Furqaan Siddiqui

**WEIL, GOTSHAL & MANGES LLP**
2001 M Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7248
Facsimile: (202) 857-0940
Joshua M. Wesneski

*Attorneys for Digital Currency Group, Inc.*
*and DCG International Investments Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors.[1] | Jointly Administered |

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R) (collectively, the "**Debtors**"). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**DIGITAL CURRENCY GROUP, INC. AND DCG
INTERNATIONAL INVESTMENTS LTD.'S OMNIBUS CLAIMS
OBJECTION TO CLAIMS AGAINST DEBTORS BASED ON DIGITAL
ASSETS PURSUANT TO 11 U.S.C. §§ 105(a), 502 AND FED. R. BANKR. P. 3007**

Digital Currency Group, Inc. and DCG International Investments Ltd. (collectively, "**DCG**") hereby submit this omnibus claims objection (this "**Omnibus Claims Objection**") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (Dkt. No. 498) (the "**Claims Objection Procedure Order**"), reducing the value of Claims[2] in respect of Digital Assets to the U.S. dollar value of such Digital Assets as of January 19, 2023 (the "**Petition Date**"), as set forth on the Debtors' Digital Assets Conversion Table attached as **Exhibit E** to the *Plan Supplement* (Dkt. No. 1117) (the "**Digital Assets Conversion Table**") and respectfully state as follows:

**Preliminary Statement**

1.  The Debtors continue to make deliberate steps to confirm a chapter 11 plan that violates the Bankruptcy Code, as more fully set forth in DCG's *Objection to Confirmation of the Debtors' Amended Plan* (Dkt. No. 1257) ("**DCG Plan Objection**"), and to effectuate an impermissible workaround of the Bankruptcy Code if their chapter 11 plan is not confirmed, as more fully set forth in DCG's *Objection and Reservation of Rights to Debtors' Motion for Entry of an Order Approving a Settlement Agreement between the Debtors and the New York State Office*

---

[2] Capitalized terms not otherwise defined herein are to be given the meanings ascribed to them in the Debtors' Amended Joint Chapter 11 Plan (Docket No. 1325), as it may be amended, supplemented or modified (the "**Plan**")

2

*of the Attorney General* (Dkt. No. 1275). Although the Claims submitted and listed on the Debtors' Schedules in these chapter 11 cases are based on—or asserted in quantities of—Digital Assets (such claims, the "**Digital Asset Claims**"), Section 502(b) of the Bankruptcy Code must nevertheless be complied with to dollarize such Digital Asset Claims as of the Petition Date.

2.  To ultimately make distributions pursuant to a confirmable chapter 11 plan, all Digital Asset Claims need to have fixed values ascribed to them that comports with Bankruptcy Code section 502(b). All Digital Asset Claims share a common feature: the value is derived from the value of the underlying Digital Asset. In fact, the Debtors already undertook a process to analyze and determine the value of each of the Digital Assets on which Claims are based as of the Petition Date—as required by section 502(b) of the Bankruptcy Code. The result of that work is in the Digital Assets Conversion Table. The only issue is that the Debtors do not seek to actually make distributions to creditors pursuant to the values of Digital Asset Claims as set forth in the Digital Assets Conversion Table. Instead, the Debtors seek to allow creditors to recover the cash value as of the Petition Date of the Digital Asset Claims, but then also allows those same creditors to receive additional payouts based on the current value of those Digital Assets. *See* Distribution Principles at 8–9. This is a clear violation of section 502(b), which does not allow creditors to recover more than the Petition Date values of their claims—and the Court cannot sanction such a result.

3.  Thus, in order to comply with Section 502(b), this Court must analyze and determine the value of each of the Digital Assets on which Claims are based as of the Petition Date (the "**Dollarized Values**")—as required by section 502(b) of the Bankruptcy Code, and fix such Digital Asset Claims to such Dollarized Values. Accordingly, in light of the Debtors' refusal to

3

do so, DCG requests this Court fix the Digital Assets to the Dollarized Values for the reasons set forth herein and in the DCG Plan Objection.

## Jurisdiction

4.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## Relief Requested

5.      By this Motion, DCG requests entry of the Order pursuant to sections 502 and 105(a) of the Bankruptcy Code, substantially in the form attached hereto as **Exhibit A**, reducing Claims based on Digital Assets to the Dollarized Value as of the Petition Date as set forth in the Digital Assets Conversion Table, for purposes of any plan in these Chapter 11 Cases.

## Basis for Relief Requested

**A. Section 502(b) of the Bankruptcy Code Requires that the Digital Asset Claims be Fixed at their Dollarized Values as of the Petition Date.**

6.      Section 502(b) of the Bankruptcy Code governs the valuation of claims and is unambiguous on this mandate: "the court, after notice and a hearing, shall determine *the amount of such claim in lawful currency of the United States as of the date of the filing of the petition*." 11 U.S.C. 502(b) (emphasis added). As extensively set forth in DCG's Plan Objection, section

4

502(b) thus requires this Court to fix the Digital Asset Claims at their Dollarized Values as of the Petition Date.[3]

7.  Indeed, just a few weeks ago, the Bankruptcy Court in the FTX bankruptcy cases (the "**FTX Court**") ruled just this. In overruling objections to the petition date claims valuation proffered by the debtor, the FTX Court stated: "I conclude that debtors' use of the petition date as the date for determining the value of the digital asset claims is appropriate. I have no wiggle room on that."[4] The same is true here, and the Debtors are left unable to explain why this Court would have the authority under the Bankruptcy Code to rule differently.  Overruling objections by creditors without hearing argument, the FTX Court stated: "[T]he [Bankruptcy] [C]ode is very clear. The [C]ode says that a claim is to be determined in U.S. dollars as of the petition date."  FTX Hearing Transcript at 14:23–25. The FTX Court acknowledged there was "no wiggle room on that," and that some creditors' view that such valuation was "unfair to them because the value may have increased" did not alter the court's "obligat[ion] to follow the [Bankruptcy] [C]ode." *Id.* at 15:10–11. On that basis, the FTX Court concluded that "use of the petition date as the date of determining the value of digital asset claims is appropriate." *Id.* at 15:7–10.  There can be no more on-point precedent than that.[5] And, in contrast to the Amended Plan, because creditor claims in *FTX* are measured by their petition date value, the waterfall distribution mechanics would allow

---

[3]  All DCG's arguments in DCG's Plan Objection that may not be included herein, including the detailed discussion regarding 502(b)'s strict mandate, are incorporated herein by reference to avoid extensive unnecessary repetition.

[4]  *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del.) (Jan. 31, 2024 Hr'g Tr.) (the "**FTX Hearing Transcript**"), (attached as **Exhibit A** to the DCG Plan Objection) at 15:2–11.

[5]  Notably, both the debtors and the official committee of unsecured creditors in FTX acknowledged that section 502(b) mandates valuation of claims as of the petition date. See In re FTX Trading Ltd., No. 22-11068 (JTD) (Bankr. D. Del. Dec. 27, 2023), Docket No. 5202 ¶¶ 11–13; Docket No. 5619 at ¶¶ 2, 4.

5

recoveries to flow to equity holders after creditors are paid in full based on such value.[6] The priority scheme designed by Congress is clear and must be followed, regardless of who holds the equity.[7]

8.      Furthermore, claims based on digital assets have been valued as of the applicable petition date in accordance with section 502(b) in other large cryptocurrency cases. *See, e.g., In re BlockFi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. Oct. 3, 2023), Docket No. 1660 ("As is required by section 502(b) of the Bankruptcy Code, each Account Holder's Claim is determined by the fair market value of the Digital Assets (based in United States dollars pursuant to the Digital Assets Conversion Table) held by the Account Holder at the Debtors as of the Petition Date at 11.59 p.m. UTC. This process is generally referred to as a 'dollarization.' Dollarization allows the Debtors to put all Account Holders' Claims on equal footing to calculate recoveries in accordance with the requirements of the Bankruptcy Code."); *In re Voyager Digital Holdings,* No. 22-10943 (MEW) (Bankr. S.D.N.Y. Mar. 5, 2023), Docket No. 1138 ("Account Holder Claims shall be valued in U.S. dollars as of the Petition Date consistent with section 502(b) of the Bankruptcy Code."); *In re Celsius Network LLC,* No. 22-10964 (MG) (Bankr. S.D.N.Y. Sept. 27, 2023), Docket No. 3577 ("[T]he value of a Claim denominated in Cryptocurrency shall be calculated by converting the value of the Claim into Cash as of the Petition Date . . . .").

9.      Bankruptcy Code Section 502(b) requires that the Digital Asset Claims be valued as the Petition Date. It is clear that the Debtors in these Chapter 11 Cases seek to funnel assets to creditors in direct contraction of Section 502(b), and thus have departed from its clear mandate on valuing claims as of the Petition Date, as the debtors in every other large cryptocurrency chapter

---

[6] *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. Dec. 16, 2023), Docket No. 4861 ¶ 4.3.

[7] The *FTX Trading* court's ruling follows *In re Celsius Network LLC*, wherein Judge Glenn noted, "[w]hether under a chapter 11 plan or liquidation, creditors are entitled to their share of the *value* of the Debtors' Estates on the Petition Date." 655 B.R. at 312 (emphasis in original).

11 case have done to comply with section 502(b), and as acknowledged by the FTX Court as being "very clear" law in its recent ruling on this very issue. If the Debtors do not wish to comply with the Bankruptcy Code in this regard, then DCG hereby objects to the Digital Asset Claims by this Objection, solely for the purpose of triggering 502(b) to the extent this Court would find that it is required, to request that this Court fix the Digital Assets Claims to the Petition Date values as set forth in the Digital Assets Conversion Table, for purposes of any plan in these Chapter 11 Cases.

**B. DCG has the Right to Object to the Digital Asset Claims on the Basis that such Digital Asset Claims be Fixed to their Dollarized Values as of the Petition Date**

10. In their reply to the DCG Plan Objection, the Debtors argue that "section 502(b) applies only to claims that are the subject of an objection." In support of this contention, the Debtors point to section 502(a), which states that absent an objection from a "party in interest," a filed proof of claim or interest is deemed allowed. 11 U.S.C. § 502(a). The Debtors then state that "DCG has not objected to any of the claims that are subject to the Distribution Principles such that [section] 502(b) would be implicated" Debtors' Reply, ¶ 30. The Debtors are wrong. DCG has extensively laid out the Debtors' clear violation of section 502(b) in failing to dollarize *all* the Digital Asset Claims as of the Petition Date in its forty (40) pages of briefing in the DCG Plan Objection – and Section 502(a) does not stipulate the manner in which a party in interest must object. However, to the extent this Court requires an actual claims objection to put parties on notice of DCG's objection to the valuation of Digital Asset Claims, DCG files this Objection to supplement and satisfy any requirements this Court would find section 502(a) to require of DCG.

11. However, the Debtors go on to state that Bankruptcy Rule 3007 does not enumerate in its grounds for an objection purported recoveries in excess of an allowed claim amount. *See* Debtors' Reply, ¶ 30 at fn. 27. The Debtors' logic here is flawed. They point to DCG not filing an objection to the Digital Asset Claims, and then state that DCG may not be able to do so under

7

Bankruptcy Rule 3007 because there are no applicable enumerated grounds to do so. However, Bankruptcy Rule 3007's Notes of Advisory Committee on Rules (1983) explicitly state that, "pursuant to §502(a) of the Code, however, any party in interest may object to a claim." Bankruptcy Rule 3007's Notes of Advisory Committee on Rules (1983). Bankruptcy Rule 3007 explicitly contemplates a party in interest's ability to object to claims for the purposes of section 502. Furthermore, the Debtors' own Claims Objection Procedure Order provides, as an Additional Permitted Grounds (as defined therein), an objection to claims "pursuant to Section 502(b) of the Bankruptcy Code to establish the U.S. Dollar amount of the claim." Claims Objection Procedures Order at ¶ 1(a)(xii).

12.     Further, pursuant to the Claims Objection Procedures Order, while the Debtors are explicitly permitted to object to multiple claims in a single objection, *see* Claims Objection Procedures Order at ¶ 1, DCG has not found either affirmative permission or prohibition on its ability to do so. Rather, the Claims Objection Procedures Order contemplates a party in interest's ability to file omnibus claims objection passively. *See* Claims Objection Procedures Order ¶ 1(b).[8] To the extent that this Court would require DCG to obtain separate, affirmative permission from the Court to permit DCG to file this Objection to all Digital Asset Claims, DCG hereby requests this Court waive such requirement for the purposes of this Objection. Not doing so would result in extreme waste of judicial resources and require the filing of tens and thousands of objections for the simple point that section 502(b) requires fixing Digital Asset Claims at their Dollarized

---

[8] ("For the avoidance of doubt, the decision of Debtors, **or any party in interest**, to pursue a purely legal objection (individually **or on an omnibus basis**) with respect to a proof of claim will be without prejudice to such party's right to pursue related fact-based objections (individually **or on an omnibus basis**) with respect to the same proof of claim or any other proof of claim at a later date") (emphasis added).

8

Value as of the Petition Date—which is one of the most crucial and highly publicized issues in these Chapter 11 Cases.

13. Furthermore, the Court has broad discretion in exercising its authority pursuant to section 105(a) of the Bankruptcy Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Granting this Objection and fixing the Digital Asset Claims to the dollarized value as of the Petition Date under section 502(b) falls within this Court's authority and is necessary and appropriate to carry out section 502(b)'s clear mandate.

## Reservation of Rights

14. DCG reserves all rights, claims, defenses, and remedies, including, without limitation, to supplement and amend this Objection, to raise further and other objections, to introduce evidence prior to or at any hearing in the event DCG's objections are not resolved prior to such hearing and to seek to introduce documents or other relevant information in support of the positions set forth in this Objection.

15. Nothing contained herein is intended or should be construed as (a) an admission as to the validity or priority of any claim, equity interest or lien against the Debtors, (b) a waiver of DCG's rights to subsequently dispute such claim, equity interest or lien on any grounds, or (c) a waiver of the DCG's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## Notice

16. DCG intends to provide notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (Dkt. No.

44) (the "**Case Management Order**"). DCG respectfully submits that no other or further notice need be provided.

## Conclusion

**WHEREFORE**, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: February 25, 2024  
New York, New York

Respectfully submitted,

*/s/ Jeffrey D. Saferstein*  
Jeffrey D. Saferstein  
Jonathan D. Polkes  
Caroline Zalka  
Jessica Liou  
Furqaan Siddiqui  
**WEIL, GOTSHAL & MANGES LLP**  
767 Fifth Avenue  
New York, New York 10153  
Tel: (212) 310-8000  
Fax: (212) 310-8007  
Jeffrey.Saferstein@weil.com  
Jonathan.Polkes@weil.com  
Caroline.Zalka@weil.com  
Jessica.Liou@weil.com  
Furqaan.Siddiqui@weil.com  

Joshua M. Wesneski  
**WEIL, GOTSHAL & MANGES LLP**  
2001 M Street NW, Suite 600  
Washington, DC 20036  
Tel: (202) 682-7248  
Fax: (202) 857-0940  
Joshua.Wesneski@weil.com  

*Attorneys for Digital Currency Group, Inc. and DCG International Investments Ltd.*

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,<br><br>Debtors.[9] | Chapter 11<br><br>Case No. 23-10063 (SHL)<br><br>Jointly Administered |

**ORDER GRANTING DIGITAL CURRENCY GROUP, INC. AND
DCG INTERNATIONAL INVESTMENTS LTD.'S OMNIBUS CLAIMS
OBJECTION TO CLAIMS AGAINST DEBTORS BASED ON DIGITAL
ASSETS PURSUANT TO 11 U.S.C. §§ 105(a), 502 AND FED. R. BANKR. P. 3007**

Upon *Digital Currency Group, Inc. and DCG International Investments Ltd.'s Omnibus Claims Objection to Fix Claims against Debtors Based on Digital Assets Pursuant to Pursuant to 11 U.S.C. §§ 105(a), 502 and Fed. R. Bankr. P. 3007* (the "**Objection**")[10] filed by DCG in the above-captioned case, requesting an Order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 fixing the Digital Asset Claims against the Debtors to the Dollarized Value as of the Petition Date; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

---

[9] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R) (collectively, the "**Debtors**"). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[10] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

2

1.  For the reasons stated in the Objection, the Objection is GRANTED with respect to all of the Digital Asset Claims.

2.  Each of the Digital Asset Claims shall be fixed to their Dollarized Values as of the Petition Date pursuant to the Debtors' Digital Assets Conversion Table identified in **Exhibit 1** hereto.

3.  This Order shall be deemed a separate Order with respect to each of the Digital Claims. Any appeal and/or stay of this Order pending appeal by any Claimants whose Digital Asset Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4.  The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

5.  Except as provided in this Order, nothing in this Order shall be deemed (i) a admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor

3

to pay any Claim, or (iv) a waiver of the rights of the Debtors or the Official Committee of Unsecured Creditors under the Bankruptcy Code or any other applicable law.

6. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
         White Plains, New York

                                              HONORABLE SEAN H. LANE
                                              UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Digital Assets Conversion Table**

| Digital Asset | Petition Date Digital Asset Prices | Digital Asset | Petition Date Digital Asset Prices |
|---|---|---|---|
| 1INCH | 0.45 | KSM | 33.59 |
| AAVE | 81.34 | LINK | 6.50 |
| ADA | 0.34 | LPT | 5.50 |
| ALCX | 16.34 | LRC | 0.26 |
| ALGO | 0.22 | LTC | 84.11 |
| AMP | 0.00 | LUNA | 0.00 |
| ANKR | 0.02 | LUNC | 0.00 |
| APE | 4.99 | MANA | 0.65 |
| ATOM | 12.17 | MATIC | 0.95 |
| AVAX | 16.18 | MIR | 0.16 |
| AXS | 8.37 | MKR | 661.19 |
| BAL | 6.56 | NEAR | 2.10 |
| BAT | 0.24 | NEO | 7.45 |
| BCH | 121.55 | NFT | 0.00 |
| BIT | 0.48 | NU | 0.13 |
| BNB | 294.00 | OMG | 1.25 |
| BNT | 0.39 | OXT | 0.08 |
| BSV | 43.06 | PAXG | 1,907.00 |
| BTC | 21,091.98 | RBN | 0.20 |
| BUSD | 1.00 | REN | 0.07 |
| CHZ | 0.13 | RLY | 0.01 |
| COMP | 48.40 | SAND | 0.70 |
| CRV | 0.93 | SDIV | 25.55 |
| DAI | 1.00 | SGB | 0.01 |
| DASH | 49.55 | SHIB | 0.00 |
| DFE | 58.55 | SKL | 0.03 |
| DOGE | 0.08 | SNX | 2.25 |
| DOT | 5.86 | SOL | 21.28 |
| DVY | 121.29 | SPHD | 43.85 |
| EOS | 0.98 | SRM | 0.42 |
| ETC | 20.73 | STETH | 1,537.32 |
| ETH | 1,554.65 | STORJ | 0.33 |
| ETHE | 7.85 | SUSHI | 1.20 |
| ETHW | 3.84 | TOKE | 0.99 |
| FET | 0.27 | TRX | 0.06 |
| FIL | 4.40 | UMA | 1.81 |
| FLOW | 1.03 | UNI | 6.19 |
| FTM | 0.30 | USDC | 1.00 |
| FTT | 2.27 | USDT | 1.00 |
| GALA | 0.05 | USTC | 0.02 |
| GAS | 2.45 | VYM | 107.81 |
| GBTC | 11.46 | WBTC | 21,079.18 |
| GLMR | 0.39 | WLUNA | 0.00 |
| GRT | 0.08 | XEC | 0.00 |
| GUSD | 1.00 | XLM | 0.08 |
| HBAR | 0.06 | XRP | 0.39 |
| HNT | 2.98 | XTZ | 1.00 |
| HT | 4.92 | YFI | 6,736.54 |
| IDV | 28.97 | ZEC | 45.07 |
| INJ | 1.54 | ZEN | 9.88 |
| KNC | 0.80 | ZRX | 0.20 |