Sean A. O'Neal
Luke A. Barefoot
Rishi N. Zutshi
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Capital, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF SUPPLEMENTAL DISCLOSURE**

**WHEREAS**, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its affiliates Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific PTE. LTD. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**WHEREAS**, on December 29, 2023, the Debtors filed a *Notice of Filing of Plan Supplement for the Debtors' Amended Joint Chapter 11 Plan*, ECF No. 1117, which included at Exhibit F, the Special Committee's justification for exculpated & released parties under the Debtors' Plan.[2]

**WHEREAS**, on February 21, 2024, the Genesis Crypto Creditors Ad Hoc Group (the "CCAHG") filed the *Motion in Limine to Preclude Evidence Regarding the Proposed Releases and the Special Committee Investigation*, ECF No. 1350 (the "Motion in Limine").

**WHEREAS**, at a hearing on February 26, 2024, on the *Debtors' Memorandum of Law in Support of Confirmation of the Plan of Reorganization of Genesis Global Holdco, LLC, et al., Under Chapter 11 of the Bankruptcy Code*, ECF No. 1330 (the "Confirmation Motion"), the CCAHG requested supplemental disclosure regarding six topics set out in the Motion in Limine (the "Topics").

**WHEREAS**, at a hearing on February 27, 2024, on the Confirmation Motion (the "February 27 Hearing"), the Bankruptcy Court confirmed on the record that supplemental disclosure by the Debtors in response to the Topics shall not effect a waiver of the attorney-client privilege, work-product protections, or other similar privileges and immunities, or form the basis of any argument that any such privileges, protections or immunities have been waived.

**WHEREAS**, at the February 27 Hearing, the Debtors provided information responsive to the Topics on the record (the "Supplemental Disclosure").

**WHEREAS**, the Debtors represent that the Supplemental Disclosure is based on a reasonably diligent effort to gather "information known or reasonably available to the organization." *Fed. R. Civ. P. 30(b)(6)*.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Confirmation Motion.

2

**WHEREAS**, the Debtors further represent that the Supplemental Disclosure reflects the testimony that Paul Aronzon, a member of the Special Committee, would provide if designated to testify as a corporate representative on behalf of the Debtors under Fed. R. Civ. P. 30(b)(6).

**PLEASE TAKE NOTICE** that, on February 27, 2024, the Debtors filed the attached **Exhibit A**, which reflects a true and accurate copy of the substance of the Supplemental Disclosure.

Dated: February 27, 2024
New York, New York

/s/ Rishi N. Zutshi
Sean A. O'Neal
Luke A. Barefoot
Rishi N. Zutshi
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

# EXHIBIT A[1]

**Topic 1:**

Whether released insiders withdrew assets within 90-days prior to the Petition Date.

**Response to Topic 1:**

No Released Genesis Personnel[2] withdrew funds within the 90 days before the Petition Date. In any event, preference causes of actions against creditors are being waived pursuant to the Plan as a result of all classes voting in support of the Plan.

**Topic 2:**

Whether released insiders participated in lending funds to Three Arrows Capital.

**Response to Topic 2:**

The Debtors are not aware of any Released Genesis Personnel having lent funds to Three Arrows Capital. To the extent that this question is asking about the decision by the Debtors to lend funds to Three Arrows Capital, the individuals responsible for that decision were not employed by the Debtors as of the Petition Date and are not among the Released Genesis Personnel.

**Topic 3:**

Whether released insiders have consulting or other arrangements with Digital Currency Group, Inc. ("DCG").

**Response to Topic 3:**

---

[1] Each of the topics below is set out in the Motion in Limine ¶ 2, ECF No. 1350. All capitalized terms in the responses below that are not otherwise defined herein have the meaning ascribed to them in the Plan or Disclosure Statement.

[2] As defined in Exhibit F of the Plan Supplement, ECF No. 1117.

The Debtors are not aware of consulting or similar arrangements between any Released Genesis Personnel and DCG.  DCG is best positioned to confirm that fact.

**Topic 4:**

Whether released insiders participated in the decision-making or were involved with the Debtors lending to any DCG-owned entity.

**Response to Topic 4:**

The individuals responsible for the decision to lend to DCG and its affiliates were not employed by the Debtors as of the Petition Date and are not among the Genesis Released Personnel.  Following its appointment on November 18, 2022, the Special Committee made all decisions with respect to the DCG Loans in consultation with creditor constituencies.

**Topic 5:**

Whether released insiders decided not to liquidate GBTC Grayscale ETF shares.

**Response to Topic 5:**

No Released Genesis Personnel were responsible for the decision not to liquidate GBTC Grayscale shares before the Petition Date.  Following its appointment on November 18, 2022, the Special Committee made all decisions with respect to the GBTC Grayscale ETF shares in consultation with creditor constituencies.  Before the ETF conversion, the Debtors requested consent from the Committee and the Ad Hoc Group to sell the shares, but they were not willing to give that consent.  The Debtor filed a motion seeking permission to sell or redeem the shares on February 2, 2024 after the ETF conversion. *See Debtors' Motion Seeking Entry of an Order Authorizing, but not Directing, (I) the Sale of Trust Assets and (II) Granting Related Relief*, ECF No. 1227.

**Topic 6:**

What benefit any of the Genesis insiders will deliver to the estate in exchange for being released.

**Response to Topic 6:**

This question is already addressed in Exhibit 1 to Mr. Paul Aronzon's Declaration, which is also Exhibit F to the Plan Supplement, ECF 1117. Specifically, that disclosure notes:

- The Released Genesis Personnel provided services to the estate after the Petition Date and have contributed to the Debtors' restructuring efforts.

- The Released Genesis Personnel also have knowledge and insight into the Debtors' business and transactions that may be critical to the resolution of litigation against the DCG Parties and the Gemini Parties, as well as various regulatory and enforcement matters relating to the Debtors' prepetition business

In addition, following discussions with various creditor groups, the Debtors have now incorporated a requirement that Released Genesis Personnel must execute cooperation agreements.

3