23-10063-shl Doc 1376 Filed 02/23/24 Entered 02/23/24 20:15:54 Main Document
Pg 1 of 14

23-01063-shl Doc 187-2 Filed 02/28/24 Entered 02/28/24 22:59:54 Exhibit
Exhibit B - Dkt. 1376 - Notice of Presentment of Stipulation between Deb    Pg 1 of 14

Presentment Date and Time: March 1, 2024 at 4:00 PM (ET)
Objection Deadline: February 29, 2024 at 4:00 PM (ET)

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF STIPULATION AND ORDER
BY AND BETWEEN THE DEBTORS AND GEMINI TRUST COMPANY, LLC
REGARDING THE GEMINI PROPRIETARY CLAIM (CLAIM NO. 406)**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

2. Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**PLEASE TAKE FURTHER NOTICE** that, on February 23, 2024, the Debtors filed the *Stipulation and Order by and Between the Debtors and Gemini Trust Company, LLC Regarding the Gemini Proprietary Claim (Claim No. 406)* (the "Stipulation and Order"), attached hereto as Exhibit A. The Stipulation and Order will be presented for signature to the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **March 1, 2024 at 4:00 PM (Eastern Time)** (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Stipulation and Order or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **February 29, 2024 at 4:00 PM (Eastern Time)** (the "Objection Deadline") and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Stipulation and Order, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Stipulation and Order, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served by the Objection Deadline, the Debtors shall notice a hearing (the "Hearing") with respect to the Stipulation and Order, which shall be held via Zoom and attended by the Debtors and all objecting parties. Failure to attend the Hearing may result in entry of the Stipulation and Order without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

2

| | |
|---|---|
| Dated: February 23, 2024<br>New York, New York | */s/ Sean A. O'Neal*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

3

# EXHIBIT A

**Stipulation and Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER BY AND BETWEEN**
**THE DEBTORS AND GEMINI TRUST COMPANY, LLC**
**REGARDING THE GEMINI PROPRIETARY CLAIM (CLAIM NO. 406)**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof, by and among Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] and Gemini Trust Company, LLC ("Gemini" and together with the Debtors, the "Parties").

**Recitals**

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) (ECF No. 37). No trustee or

---

1. The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

2. Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases (ECF No. 55).

2. Prior to the Petition Date, Debtor Genesis Global Capital, LLC ("GGC") participated in a program in which Gemini users could elect to lend digital assets to GGC (such program, the "Gemini Earn Program," and such participating Gemini users, the "Gemini Lenders"). The relationships between GGC as "Borrower," each individual Gemini Lender as "Lender," and Gemini as "Agent" and "Custodian" are set forth in the parties' Master Digital Asset Loan Agreements (as amended from time to time, the "Gemini MLAs"). The parties' respective rights and obligations related to the Gemini Earn Program are governed by the Gemini MLAs.

3. Pursuant to Section XXI(b) of the Gemini MLAs, GGC agreed to indemnify Gemini and its affiliates, officers, directors, employees, agents, consultants, or other representatives for certain liabilities in accordance with the terms of the Gemini MLAs (such indemnification obligations, the "Indemnification Obligations").

4. On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors must have submitted their proofs of claim (the "General Bar Date").

2

5. On May 22, 2023, Gemini, in its individual capacity, timely filed a proof of claim, which has been assigned Claim No. 406, against GGC (the "Gemini Proprietary Claim").[3] The Gemini Proprietary Claim asserts, among other things, a claim for agent fees and late fees in the amount and type of Digital Assets set forth on **Schedule A** annexed hereto (the "Asserted Agent Fees") and other claims in connection with the Security Agreement, the Gemini MLAs, the Gemini Earn Program, and all agreements related thereto as set forth in the Gemini Proprietary Claim.

6. On November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989) (as amended at ECF No. 1325 and as may be subsequently amended, the "Plan")[4], which provides for a Disputed Claims Reserve in Article VII.I.

7. The Gemini Proprietary Claim is currently a Disputed Claim under the Plan because, as of the date hereof, it has not yet been Allowed or Disallowed.

8. The Parties and their professionals have engaged in good faith discussions to clarify the amount, if any, that the Debtors or the Wind-Down Debtors, as applicable, will reserve for the Gemini Proprietary Claim while the Gemini Proprietary Claim remains Disputed, including the Indemnification Obligations to the extent such obligations become liquidated as a result of Gemini's payment of any amounts that Gemini alleges qualify as Indemnification Obligations (the "Gemini Disputed Claims Reserve"). To fully resolve the mechanics concerning the Gemini Disputed Claims Reserve and to avoid unnecessary and costly motion practice, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

---

3. For the avoidance of doubt, the Gemini Proprietary Claim asserts liabilities owed by GGC to Gemini independent of the obligations owed to the Gemini Lenders.

4. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them under the Plan.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1. The above recitals are incorporated herein in their entirety.

2. As soon as reasonably practicable in advance of each Distribution Date, the Debtors or the PA Officer, as applicable, shall notify counsel to Gemini of each upcoming distribution and the applicable Distribution Calculation Date. Gemini shall, within five (5) Business Days following such notice, provide a writing[5] to the Debtors or the PA Officer, as applicable, with the dollar amount of all Indemnification Obligations that have been liquidated through the payment by Gemini of an underlying obligation that Gemini alleges triggers an Indemnification Obligation as of the applicable Distribution Calculation Date, to the extent such portions of the Gemini Proprietary Claim remain Disputed, together with any evidence reasonably necessary to demonstrate that the dollar amount of such Indemnification Obligations have been paid by Gemini. If the Debtors, with the Committee's Consent and the Ad Hoc Group's Consent, or the Wind-Down Debtors, with the Wind-Down Oversight Committee's Consent, as applicable, and Gemini cannot agree on the amount of such Indemnification Obligations within five (5) Business Days of Gemini's assertion of such amount in writing, the Debtors, with the Committee's Consent and the Ad Hoc Group's Consent, or the Wind-Down Debtors, with the Wind-Down Oversight Committee's Consent, as applicable, or Gemini may seek a determination by the Bankruptcy Court of such amount, if any, on an expedited basis (such amount agreed by the Parties or as determined by the Bankruptcy Court, the "<u>Liquidated Indemnification Obligations</u>").

3. On each Distribution Date, the Debtors or the PA Officer, as applicable, shall deposit in the Disputed Claims Reserve an amount of Distributable Assets equal to (i) the

---

[5] For purposes of this Stipulation and Order, any writing may be provided via email.

4

distribution that Gemini would otherwise be entitled to receive on the applicable Distribution Date if the Asserted Agent Fees and Liquidated Indemnification Obligations were Allowed as of the Distribution Calculation Date, *minus* (ii) the distribution that Gemini is entitled to receive on the applicable Distribution Date on account of any Allowed portions of the Asserted Agent Fees and Liquidated Indemnification Obligations; *provided* that such Distributable Assets shall be valued as of the applicable Distribution Calculation Date.

4. For the avoidance of doubt, Gemini shall be entitled to receive distributions on account of the Allowed portion of the Gemini Proprietary Claim, if any, in accordance with Article VI.A of the Plan.

5. Subject to paragraph 6 below, this Stipulation and Order shall be binding upon and inure to the benefit of (i) the Debtors, their estates and Gemini, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be, and (ii) the Committee, any subsequently appointed official committee, trustee or examiner in the Chapter 11 Cases, and on all other creditors and parties in interest in the Chapter 11 Cases.

6. This Stipulation and Order is contingent upon and subject to confirmation of and the occurrence of the Effective Date, and this Stipulation and Order shall be of no force or effect, and the Parties will retain all their respective rights as to the Gemini Proprietary Claim, if the Plan is not confirmed by this Court or the Plan does not thereafter become effective for any reason.

7. Nothing in this Stipulation and Order shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party to this Stipulation and Order.

8. No claim shall be Allowed or Disallowed by this Stipulation and Order. The Debtors, the Wind-Down Debtors, the Ad Hoc Group, and the Committee reserve their rights to object to any Asserted Agent Fees, Liquidated Indemnification Obligations, or other amounts asserted in connection with the Gemini Proprietary Claim, and Gemini reserves its rights to oppose any such objections. Nothing in this Stipulation shall be deemed to alter, modify, or amend the Plan, the Confirmation Order, or any documents related thereto.

9. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original. Each Party who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party, that they have full knowledge of and have consented to the terms of this Stipulation and Order.

10. This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof and may only be modified in a writing signed by the Parties or their duly appointed agents.

11. Each of the undersigned parties represent that he or she (i) is authorized to execute and be bound by this Stipulation and Order on behalf of themselves or their client, and (ii) has full knowledge of and has consented to the terms of this Stipulation and Order.

12. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

13. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any

other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

14. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained. This Stipulation and Order shall be effective immediately upon approval by the Court.

*[The remainder of this page is left blank intentionally.]*

7

Stipulated and agreed to by:

Dated: February 23, 2024
New York, New York

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **HUGHES HUBBARD & REED LLP** |
|---|---|
| By:  */s/ Sean A. O'Neal*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* | By:  */s/ Anson B. Frelinghuysen*<br>Anson B. Frelinghuysen<br>Dustin P. Smith<br>Erin E. Diers<br>Elizabeth A. Beitler<br>HUGHES HUBBARD & REED LLP<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br><br>*Counsel to Gemini Trust Company, LLC* |

**SO ORDERED THIS _____ DAY OF _____, 2024**

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

8

**Schedule A:**
**Agent Fees and Late Fees**

| Digital Asset | Units |
|---|---|
| 1INCH | 20,522.080590155 |
| AAVE | 51.1448614206304 |
| ALCX | 91.396498260275 |
| AMP | 58,036.1196431096 |
| ANKR | 8,491.14871994794 |
| APE | 3,913.70104805984 |
| AXS | 923.674237701217 |
| BAL | 158.813812654321 |
| BAT | 28,475.1756069172 |
| BCH | 41.4188008566528 |
| BNT | 2,426.06989484148 |
| BTC | 29.1550041275497 |
| CHZ | 1,057.69595629698 |
| COMP | 10.6901702538387 |
| CRV | 19,203.5087708038 |
| DAI | 19,579.11832747 |
| DOGE | 284,639.651541754 |
| ETH | 499.59073307056 |
| FET | 14,336.8211488675 |
| FIL | 9,053.71230477512 |
| FTM | 132,320.611997006 |
| GRT | 27,724.428681497 |
| GUSD | 2,376,252.72420005 |
| INJ | 117.665881043481 |
| KNC | 348.891742878655 |
| LINK | 115.635597338548 |
| LPT | 19.841917912285 |
| LRC | 7,679.22084830581 |
| LTC | 192.785188060038 |
| LUNA | 0.000000001 |
| MANA | 8,985.19027843335 |
| MATIC | 93,582.2772827018 |
| MIR | 0.000000001 |
| MKR | 2.11401131700655 |
| OXT | 559.961412054807 |

| Digital Asset | Units |
|---|---|
| PAXG | 0.161274587897927 |
| RBN | 12.3243313266173 |
| REN | 325.218549211201 |
| RLY | 45,431.2935872209 |
| SKL | 3,620.78402380977 |
| SNX | 2,727.69815237162 |
| SOL | 554.193360954492 |
| STORJ | 5,541.26016076056 |
| SUSHI | 941.157910392614 |
| TOKE | 51.8190617440331 |
| UMA | 9.19694475360441 |
| UNI | 448.349702450565 |
| USDC | 187,857.172082782 |
| UST | 0.000000001 |
| XTZ | 2,209.06862140492 |
| YFI | 0.389344781256884 |
| ZEC | 6.84102025875318 |
| ZRX | 2,182.00099932756 |