Christopher R. Belmonte (CB-2163)             Hearing Date:  December 3, 2008
Pamela A. Bosswick (PB-5307)               Hearing Time:  10:00 a.m.
Abigail Snow (AS-2960)           Objection Date:   November 26, 2008
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

*Counsel for Moody's Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtor, | ) Jointly Administered |
| | ) |

|  |  |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Adversary Proceeding No. |
| v. | )  08-01420 (JMP) |
| | ) |
| LEHMAN BROTHERS INC. | ) |
| | ) |
| Debtor. | ) |

**MOTION OF MOODY'S CORPORATION FOR AN ORDER (I) COMPELLING
PAYMENT OF UNDISPUTED PORTION OF CURE AMOUNT; (II) COMPELLING
PAYMENT FOR SERVICES PROVIDED POST-PETITION; AND (III) SCHEDULING
<u>A HEARING FOR THIS COURT TO DETERMINE THE DISPUTED CURE AMOUNT</u>**

Moody's Corporation, on its own behalf and on behalf of its subsidiaries and

affiliates (collectively "<u>Moody's</u>"), hereby files its motion for an order compelling payment of

the approximately $2 million undisputed portion of the Cure Amount (as defined in the Sale

Order), compelling payment for services provided post-petition, and scheduling a hearing to

751595_2

determine the amount of the remaining disputed Cure Amount (the "Motion"), and in support thereof states as follows:

## PRELIMINARY STATEMENT

Moody's provided credit rating services, research tools and analysis to the Debtors and Lehman Brothers Inc., pursuant to a number of contracts (the "Moody's Contracts"). The Moody's Contracts were assumed and assigned in the sale to Barclays Capital, Inc. ("Barclays"), which sale was approved by this Court on September 19, 2008, and which closed on September 22, 2008. Moody's continues to provide services to Barclays under the Moody's Contracts, but has yet to receive any payment. Moody's timely objected to the amount of the cure payment proposed by the Debtors, and has three times, on October 3, October 6 and again on October 9, provided detailed documentation to Barclays at its request which support Moody's calculation of the Cure Amount. Nevertheless, Moody's has yet to receive any payment from Barclays, and there has been little good faith effort by Barclays to resolve the Cure Amount. Accordingly, Moody's seeks to have this Court compel payment of the undisputed portion of the Cure Amount, compel payment for services provided subsequent to the Petition Date, and schedule a hearing to resolve the remaining disputed portion of the Cure Amount.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1409(a).

2.     The statutory provisions governing the relief requested in this Motion are 11 U.S.C. §§ 363 and 365.

751595_2

## BACKGROUND

*A.*     *Procedural Background*

3.     On September 15 Lehman Brothers Holdings Inc. ("LBHI") filed its petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subsequent chapter 11 petitions were filed by related entities (together with LBHI, the "Debtors").  By order dated October 16, the Debtors cases are jointly administered.

4.     On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA"), with respect to Lehman Brothers Inc. ("LBI"), and James W. Giddens was appointed as Trustee under SIPA (the "SIPC Trustee") to administer LBI's estate.

5.     On September 17, 2008, the Debtors filed their Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated September 17, 2008 (the "Sale Motion").  The Sale Motion provided, *inter alia,* for the assumption and assignment of the Moody's Contracts.

6.     The Debtors posted the list of assumed contracts on September 19, 2008 (the "List"), and proposed a total Cure Amount of $2,119,105.[1]

7.     On September 19, 2008, Moody's filed its Statement and Limited Objection to Debtors' Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets [Docket No. 217] (the "Original Objection").  A true copy of the Original Objection is annexed hereto as Exhibit

---

[1]     The List was updated on October 1, 2008, although the proposed cure amount for Moody's remained unchanged.

751595_2

A.   In the Original Objection, Moody's did not object to the proposed assumption and

assignment of the Moody's Contracts but objected to its inability to identify from the List which

of its many contracts with the Debtors the Debtors propose to assume and assign, resulting in its

inability to quantify and verify the cure amounts listed for those contracts.

8.      On September 19, 2008, the Court entered an order (the "Sale Order"),

which, among other things, granted the Sale Motion.  The Sale Order authorized the Debtors and

LBI to assume and assign  to Barclays  certain pre-petition executory contracts and unexpired

leases  on  the  closing  date.   Sale Order, p. 16, ¶12.   According  to  the  Sale  Order,  all

counterparties to these contracts were required to file objections to the proposed cure amounts

(including as to the specific identity of such contracts) by October 3, 2008.  Id.

9.      On  October  2,  2008,  Moody's  filed  its  Amended  Objection  to  Cure

Amounts for Closing Date Contracts [Docket No. 520] (the "Amended Objection").  A true copy

of the Amended Objection is annexed hereto as Exhibit B.  The Amended Objection set forth a

total amount for the Moody's Contracts of $3,370,099.15 (the "Cure Amount"), and reserved the

right to amend the cure amounts as necessary.

B.      *Attempts to Resolve Cure Amount*

10.     On October 3, 2008, at the request of Barclays, the invoices which support

(and in fact slightly exceed) the Cure Amount were emailed to Barclays by Moody's.   On

October 3, 2008, these emails were retransmitted to Doron Shakarachy and Nancy Stanton at

Barclays. Again at the request of Barclays, the October 6th email and supporting invoices were

emailed to Arif Goraya at Barclays.   Once more, on November 8, updated copies of invoices

were emailed to Luke A. Barefoot, counsel  to Barclays. A true copy of the emails, without

attachments,  is attached  as Exhibit C.  Only on November 7, after having been alerted that

751595_2

Moody's intended to file the present motion, did Barclay's even acknowledge receipt of the invoices.

11.     The invoices supplied to Barclays as of November 8, 2008, total $3,522,088, of which $3,096,127 is for services invoiced under the Moody's Contracts prior to the September 15 Petition Date, and $425,961 is for serviced invoiced on and after September 15.  Moody's is continuing to provide services to Barclays and additional amounts will be invoiced for such services before the hearing date scheduled for December 3.

12.     To date, Barclays has failed to provide any payment for services provided by Moody's arising after the Petition Date.  Although Moody's has been and remains willing to confer in good faith to resolve the approximately $1 million disputed portion of the Cure Amount, as required by the Sale Order, there can be no resolution in the absence of a willing partner to such conference.  Barclays, by its failure to respond to information which has been submitted to it three times, and by its failure to meet the obligations it assumed for services arising after the Petition Date, has failed to demonstrate the good faith required by the Sale Order.

## GROUNDS FOR RELIEF REQUESTED

13.     Pursuant to the Asset Purchase Agreement among Lehman Brothers Holdings Inc., Lehman Brothers Inc., LB 745 LLC and Barclays Capital Inc. (the "APA"), approve by this Court on September 19, 2008, Barclays assumed, and was required to "timely perform and discharge" liabilities of the Debtors and LBI which included "all Liabilities of Seller under the Purchased Contracts arising after, with respect to each entity comprising Seller, the date on which such entity commenced a voluntary case or cases under Chapter 11 or Chapter 7 . . ." APA at section 2.3(b).  As set forth above, Moody's continues to provide services under the

751595_2

Moody's contracts subsequent to the Petition Date.  Barclays, however, has failed to "timely perform and discharge" the liabilities under the Moody's Contracts, specifically to make payments due.

14.     The Sale Order requires that, if an objection to a Cure Amount is filed, "the Debtors, Purchaser and the counterparty shall meet and confer in good faith to attempt [to] resolve any such objection" but that if the objection cannot be resolved, "then such dispute will be determined by the Court upon written application." Sale Order, p.16, ¶12.  As set forth above, Moody's has three times responded to requests from Barclays and provided documentation to support the disputed amount of the Cure Payment, but Barclays has failed to respond in any meaningful way and accordingly cannot be said to be demonstrating good faith.

15.     Accordingly, Moody's requests that this Court compel payment of the undisputed portion of the Cure Amount, totaling $2,119,105; compel payment of invoices for services provided after the Petition Date, which as of this date of this writing total $425,961 and which continue to increase as services are provided by Moody's; and schedule a hearing to resolve the $977,022 remaining disputed portion of the Cure Amount.

16.     Moody's expressly reserves the right to amend the cure amounts for the Moody's Contracts, including identifying additional contracts between the parties and the cure amounts for those agreements.

## REQUEST FOR WAIVER OF LOCAL BANKRUPTCY RULE 9013-1(b)

17.     It is respectfully requested that this Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall be accompanied by a

memorandum of law on the grounds that no novel issues of law are raised in this motion and the

relevant authorities are contained herein.

## **CONCLUSION**

WHEREFORE, for the reasons stated above, Moody's respectfully requests that

this Court enter an order compelling payment of the undisputed portion of the Cure Amount,

compelling payment for services provided post-petition, and scheduling a hearing to determine

the amount of the remaining disputed Cure Amount, and that the Court grant such other and

further relief as is just and proper.

Dated: New York, New York
   November 10, 2008

       SATTERLEE STEPHENS BURKE & BURKE LLP
       *Counsel for Moody's Corporation*

     By: /s/ Christopher R. Belmonte
        Christopher R. Belmonte (CB-2163)
        Pamela A. Bosswick (PB-5307)
        Abigail Snow (AS-2960)
     230 Park Avenue
     New York, New York 10169
     (212) 818-9200

751595_2

Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
230 Park Avenue
New York, New York 10169
(212) 818-9200

Hearing Date:  December 3, 2008
Hearing Time:  10:00 a.m.
Objection Date:  November 26, 2008

*Counsel for Moody's Corporation*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtor, | ) Jointly Administered |
| | ) |

|  |  |
|---|---|
| SECURITIES INVESTOR  PROTECTION CORPORATION, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adversary Proceeding No. |
| v. | )  08-01420 (JMP) |
| | ) |
| LEHMAN BROTHERS INC. | ) |
| | ) |
| Debtor. | ) |

**NOTICE OF HEARING OF MOTION OF MOODY'S CORPORATION FOR AN
ORDER (I) COMPELLING PAYMENT OF UNDISPUTED PORTION OF CURE
AMOUNT; (II) COMPELLING PAYMENT FOR SERVICES PROVIDED POST-
PETITION; AND (III) SCHEDULING A HEARING FOR THIS COURT TO
DETERMINE THE AMOUNT OF REMAINING DISPUTED CURE AMOUNT**

PLEASE TAKE NOTICE that, upon the annexed "Motion of Moody's

Corporation for an Order (I) Compelling Payment of Undisputed Portion of Cure Amount; (II)

Compelling Payment for Services Provided Post-Petition; and (III) Scheduling a Hearing for this

Court to Determine the Amount of Remaining Disputed Cure Amount" (the "Motion"), and the

exhibits annexed thereto, and all pleadings and prior proceedings had herein, and all matters

upon which this Court may take judicial notice, Moody's Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "Moody's"), will move this Court for an order compelling payment of the undisputed portion of the Cure Amount (as defined in the Sale Order), compelling payment for services provided post-petition, and scheduling a hearing to determine the amount of the remaining disputed Cure Amount, before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York, 10004, at the Omnibus Hearing scheduled for **December 3, 2008, at 10:00 a.m. (prevailing eastern time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE, that objections, if any, to the Motion and the relief requested therein must be made in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Bankruptcy Court of the Southern District of New York, set forth the basis for the objection and the specific grounds therefore, and be filed with the Bankruptcy Court electronically in accordance with General Order M-242, as amended by General Order M-269, and served in accordance with the "Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures," dated September 22, 2008 (Docket No. 285) (the "Procedures Order") on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, (Attn: Richard P. Krasnow, Esq., Lori R. Fife, Esq., Shai Y. Waisman, Esq., and Jacqueline Marcus, Esq.), attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Paul Schwartzberg, Brian Masumoto, Linda Riffkin, and Tracy Hope Davis); (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase

2

Manhattan Plaza, New York, New York 10005, (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the official committee of unsecured creditors appointed in these cases; (v) the attorneys for any other official committee(s) appointed in these chapter cases; (vi) Cleary Gottlieb LLP, One Liberty Plaza, New York, NY 10006, (Attn: Lindsee P. Granfield, Esq. and Lisa Schweiger, Esq.) and Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, (Attn: Robinson B. Lacy, Esq. and Hydee R. Feldstein, Esq.), attorneys for the Debtors' postpetition lenders; (vi) all persons and entities that have formally appeared and requested service in these cases; and (vii) upon counsel for Moody's, Satterlee Stephens Burke & Burke LLP, 230 Park Avenue, New York, New York 10169 (Attn: Christopher R. Belmonte, Pamela A. Bosswick and Abigail Snow); on or before November 26, 2008.

PLEASE TAKE FURTHER NOTICE that if you do not timely file and serve a written objection to the relief requested in the Motion in accordance with this Notice and the Procedures Order, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated: New York, New York
       November 10, 2008

                              SATTERLEE STEPHENS BURKE & BURKE LLP
                              *Counsel for Moody's Corporation*

                              By:  /s/ Christopher R. Belmonte
                                    Christopher R. Belmonte (CB-2163)
                                    Pamela A. Bosswick (PB-5307)
                                    Abigail Snow (AS-2960)
                              230 Park Avenue
                              New York, New York 10169
                              (212) 818-9200

752835_1

# EXHIBIT A

Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for Moody's Corporation
230 Park Avenue
New York, New York 10169
(212) 818-9200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Case No. 08-13555 (JMP) |
| | ) |
| Debtor, | ) Jointly Administered |
| | ) |

### MOODY'S CORPORATION'S STATEMENT AND LIMITED OBJECTION TO DEBTORS' MOTION TO (A) SCHEDULE A SALE HEARING; (B) ESTABLISH SALES PROCEDURES; (C) APPROVE A BREAK-UP FEE; AND (D) APPROVE THE SALE OF THE PURCHASED ASSETS AND THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS RELATING TO THE PURCHASED ASSETS

Moody's Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "Moody's"), hereby files its statement and limited objection to the Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated September 17, 2008 (the "Sale Motion") and in support thereof states as follows:

### BACKGROUND

1.    On September 15 and 17, 2008, respectively, Lehman Brothers Holdings Inc. and LB 745 LLC (the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

747817_1

2.      On September 17, 2008, the Debtors filed the Sale Motion.  The Sale Motion provides, *inter alia,* for the Debtors to assume and assign hundreds and possibly thousands of executory contracts.  A list of the contracts was not included in the Sale Motion.

3.      On September 17, 2008, the Court entered an order (the "Order") setting the sale hearing for September 19, 2008 at 4:00 p.m. (the "Sale Hearing"). The Order provides for the Debtors to give notice of the Sale Hearing (the "Notice"). The Notice, approved by the Order, provided that the Debtors will give the Court and the non-Debtor party to any contract the Debtors propose to assume and assign "[a]t least one (1) day" notice of such assumption and assignment and the proposed cure amount. Order at ¶12(b).

4.      The Notice further provides that any objections to the proposed cure amount "must state in its objection, with specificity, what Cure Amount is required with appropriate documentation in support thereof [] no later than the Sale Hearing." Order at ¶12(c). The Notice also states that, if no objection is timely received, "any Cure Amount identified pursuant to the Assumption, Assignment and Cure Notice shall be controlling … and the non-Debtor party … shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Closing Date Contract against the Debtors or Purchaser, or the property of any of them." Id.

5.      The Debtors posted the list of assumed contracts in the middle of the night/early morning of the Sale Hearing (the "List"). The List identifies numerous contracts with Moody's and proposes a total cure amount of $2,119,105.  Moody's provided credit rating services, research tools and analysis to the Debtors pre-petition and continues to do so post-petition. However, based on the List, Moody's is unable to identify which of its many contracts with the Debtors the Debtors propose to assume and assign and therefore cannot accurately quantify the cure amounts.

2

747817_1

6.     Moody's is in the process of identifying the contracts and believes, based on its review thus far, that the total contract cure amounts are multiples of the cure amount proposed by the Debtors.

## OBJECTION

7.     While Moody's does not object to the proposed assumption and assignment of the Moody's Contracts, the Debtors must cure all outstanding amounts owed under each assumed and assigned Moody's Contract in full prior to assuming and assigning such contract.

8.     Section 365(b)(1) of the Bankruptcy Code provides that if "there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee . . . cures, or provides adequate assurance that the trustee will promptly cure, such default. . . ." 11 U.S.C. § 365(b)(1)(A).  Accordingly, in order for the Debtors to assume and assign the Moody's Contracts, the Debtors must pay the full and correct cure amounts.

9.     Further, Moody's objects to the insufficient notice provided.  Moody's has had less than twenty-four hours notice to review all of its multiple contracts with the Debtors and to determine the proper cure amount for each contract.

## CONCLUSION

WHEREFORE, for the reasons stated above, Moody's objects to the relief requested in the Sale Motion to the extent set forth above and respectfully requests that it be denied, and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
       September 19, 2008

3

SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for Moody's Corporation

By:   /s/ Christopher R. Belmonte
        Christopher R. Belmonte (CB-2163)
        Pamela A. Bosswick (PB-5307)
        Abigail Snow (AS-2960)
230 Park Avenue
New York, New York 10169
(212) 818-9200

747817_1

# EXHIBIT B

Christopher R. Belmonte (CB-2163)
Pamela A. Bosswick (PB-5307)
Abigail Snow (AS-2960)
SATTERLEE STEPHENS BURKE & BURKE LLP
Counsel for Moody's Corporation
230 Park Avenue
New York, New York 10169
(212) 818-9200

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| LEHMAN BROTHERS HOLDINGS INC., et al. | ) Case No. 08-13555 (JMP) |
|  | ) |
| Debtor, | ) Jointly Administered |
|  | ) |

## MOODY'S CORPORATION'S AMENDED OBJECTION TO CURE AMOUNTS FOR CLOSING DATE CONTRACTS

Moody's Corporation, on its own behalf and on behalf of its subsidiaries and affiliates (collectively "Moody's"), hereby files its Amended Objection to Cure Amounts for Closing Date Contracts, and in support thereof states as follows:

### BACKGROUND

1.      On September 17, 2008, Lehman Brothers Holdings Inc. and LB 745 LLC (the "Debtors") filed the Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets, dated September 17, 2008 (the "Sale Motion"). The Sale Motion provides, *inter alia,* for the Debtors to assume and assign hundreds and possibly thousands of executory contracts. The Debtors posted the list of assumed contracts to be considered for assumption and assignment, along with the corresponding cure amounts for such contracts (the "List"). The List identifies numerous contracts with Moody's and proposes a total cure amount of $2,119,105.

748371_1

2.      On September 19, 2008, Moody's filed Moody's Corporation's Statement and Limited Objection to Debtor's Motion to (A) Schedule a Sale Hearing; (B) Establish Sales Procedures; (C) Approve a Break-Up Fee; and (D) Approve the Sale of the Purchased Assets and the Assumption and Assignment of Contracts Relating to the Purchased Assets [Docket No. 217] ( the "Original Objection"). A true copy of the Original Objection is annexed hereto as Exhibit A. In the Original Objection, Moody's did not object to the proposed assumption and assignment of the Moody's contracts but objected to its inability to identify from the List which of its many contracts with the Debtors the Debtors propose to assume and assign, resulting in its inability to quantify and verify the cure amounts listed for those contracts.

3.      On September 19, 2008, the Court entered an order (the "Order"), which, among other things, granted the Sale Motion. The Order authorized the Debtors and Lehman Brothers Inc. to assume and assign certain pre-petition executory contracts and unexpired leases on the closing date. Order, p. 16, ¶12. According to the Order, all counterparties to these contracts must file an objection to the proposed cure amounts (including as to the specific identity of such contracts) by October 3, 2008. Id.

4.      Since the filing of its Original Objection, Moody's undertook the process of attempting to identify the contracts contained on the List, as well as the cure amounts associated with those contracts. To the best of its abilities, Moody's has identified the relevant contracts between Moody's Investors Service and the Debtors (the "MIS Contracts"), as well as the relevant contracts between Moody's Analytics and the Debtors (the "MA Contracts"). The cure amount for the MIS Contracts is approximately $2,684,657, and the cure amount for the MA Contracts is $583,395.15.

5.      Accordingly, based on the limited information provided by the Debtors, it appears that the contract cure amounts for the combined Moody's agreements total

2

approximately $3,268,052.15, considerably in excess of the approximately $2 million ascribed to them by the Debtors.[1] In addition, invoices are in process and will continue to be rendered in the ordinary course for services being provided. Given the confidential and proprietary nature of the pricing materials involved, Moody's will exchange with the Debtors and/or Barclay's, as the purchaser, the documentation supporting its calculated cure amounts, subject to the execution of an appropriate confidentiality agreement.

6.    Given the clear discrepancy in cure amounts, Moody's objects to the assumption and assignment of its closing date contracts contained on the List until such time as a resolution is reached concerning the proper cure amount. Pursuant to 11 U.S.C. § 365, Moody's is entitled to payment of $3,370,099.15 in order for the Debtors to assume and assign the relevant agreements to the purchaser.

## CONCLUSION

WHEREFORE, for the reasons stated above, to the extent they are properly identified, Moody's objects to cure amounts proposed for its closing date contracts contained on the List and respectfully requests that the assumption and assignment of those contracts be denied until such time as the parties thereto reach a resolution as to the appropriate cure amounts,

---

[1] Given the extensive amount of work involved and the limited amount of time to do so, Moody's expressly reserves the right to amend the cure amounts for the MIS and MA Contracts, including identifying additional contracts between the parties and the cure amounts for those agreements.

3

and that the Court grant such other and further relief as is just and proper.

Dated: New York, New York
      October 1, 2008

                       SATTERLEE STEPHENS BURKE & BURKE LLP
                       Counsel for Moody's Corporation

By: _____

                       Christopher R. Belmonte (CB-2163)
                       Pamela A. Bosswick (PB-5307)
                       Abigail Snow (AS-2960)
             230 Park Avenue
             New York, New York 10169
             (212) 818-9200

4

# EXHIBIT C

FW: Lehman Bros. invioces (Moody...                                                                    1 of 2
23-10063-shl    Doc 1421-2    Filed 03/04/24    Entered 03/04/24 10:54:21    Exhibit
Exhibit C - Docket 1436 - Moodys Motion to Compel    Pg 22 of 28

**Abigail Snow**

From:     Winkelman, Amy [Amy.Winkelman@moodys.com]

Sent:     Monday, October 06, 2008 3:22 PM

To:     Christopher R. Belmonte; Pamela A. Bosswick

Subject: FW: Lehman Bros. invioces (Moody's Investors Service Inc.)

Hello Chris and Pam --

Attached is the first of two e-mails we have already sent to Doran Sakarchy at Barclay's; the next will follow.  Is there anything else that we or you should do to facilitate the swift processing of these invoices?

- Amy

-----Original Message-----

From:   Carpenter, David

Sent:   Friday, October 03, 2008 10:10 AM

To:   'Doran.Sakarchy@Barcap.com'; 'Nancy.Stanton@Barcap.com'; 'bdolan@barclayscapital.com'

Cc:   Winkelman, Amy; Gonsalves, David

Subject:   Lehman Bros. invioces (Moody's Investors Service Inc.)

Good morning,

We have received confirmation from our external council Saterlee Stephens Burke & Burke LLP that you have requested copy invoices for all outstanding fees. Please find attached Pdf. copies of all outstanding invoices relating to Moody's Investors Service Inc. and an Excel file listing the invoices and respective values:

<<MIS Lehman Bros Invoices 3rd Oct 2008.zip>> <<MIS Lehman Bros. invoices 3rd Oct 2008.xls>>

Please would you confirm what the next steps are from your perspective and let me know if your require any additional information.

Regards,

**David Carpenter**
*Senior Manager - Head of Global Collections*
Moody's Investors Service Ltd
2 Minster Court
Mincing Lane
London EC3R 7XB
Tel: +44 (0)20 772 8656

**This e-mail message, and any attachment thereto, may contain legally privileged and/or confidential information and is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that you have received this message in error and that any review, dissemination, distribution or copying of this message, or any attachment thereto, in whole or in part, is strictly prohibited. If you have received this message in error, please immediately notify us by telephone, fax or e-mail and delete the message and all of its attachments. Thank you. Every effort is made to keep our network free**

10/28/2008

23-10063-shl    Doc 1421-2    Filed 03/04/24    Entered 03/04/24 10:54:21    Exhibit
Exhibit C - Docket 1436 - Moodys Motion to Compel    Pg 23 of 28

from viruses. You should, however, review this e-mail message, as well as any attachment thereto, for viruses.
We take no responsibility and have no liability for any computer virus which may be transferred via this e-mail
message.

10/28/2008

FW: Lehman Bros. invoices (Moody...    1 of 1
23-10063-shl   Doc 1421-2   Filed 03/04/24   Entered 03/04/24 10:54:21   Exhibit
Exhibit C - Docket 1436 - Moodys Motion to Compel   Pg 24 of 28

**Abigail Snow**

| | |
|---|---|
| **From:** | Winkelman, Amy [Amy.Winkelman@moodys.com] |
| **Sent:** | Monday, October 06, 2008 3:23 PM |
| **To:** | Christopher R. Belmonte; Pamela A. Bosswick |
| **Subject:** | FW: Lehman Bros. invoices (Moody's Analytics Inc.) |

And here is the second e-mail, regarding Moody's Analytics's outstanding invoices.

-----Original Message-----
**From:** Berkowicz, Adam
**Sent:** Friday, October 03, 2008 2:43 PM
**To:** 'Doran.Sakarchy@Barcap.com'; 'Nancy.Stanton@Barcap.com'; 'bdolan@barclayscapital.com'
**Cc:** Crimmins, Michael; Winkelman, Amy; O'Hare, John
**Subject:** Lehman Bros. invoices (Moody's Analytics Inc.)

Good afternoon,

We have received confirmation from our external council Saterlee Stephens Burke & Burke LLP that you have requested copy invoices for all outstanding fees. Please find attached Pdf. copies of all outstanding invoices relating to Moody's Analytics Inc. and an Excel file listing the invoices and respective values:

<<Lehman Bros AR for Moodys Analytics.xls>> <<Moody's Analytics Invoices.zip>>

Please would you confirm what the next steps are from your perspective and let me know if your require any additional information.

Regards,

Adam Berkowicz
AVP- Revenue Accounting and Disbursements
Tel: 212-553-4662

**This e-mail message, and any attachment thereto, may contain legally privileged and/or confidential information and is intended solely for the use of the individual or entity to whom it is addressed. If you are not the intended recipient, you are hereby notified that you have received this message in error and that any review, dissemination, distribution or copying of this message, or any attachment thereto, in whole or in part, is strictly prohibited. If you have received this message in error, please immediately notify us by telephone, fax or e-mail and delete the message and all of its attachments. Thank you. Every effort is made to keep our network free from viruses. You should, however, review this e-mail message, as well as any attachment thereto, for viruses. We take no responsibility and have no liability for any computer virus which may be transferred via this e-mail message.**

10/28/2008

**Abigail Snow**

| | |
|---|---|
| **From:** | Christopher R. Belmonte |
| **Sent:** | Monday, October 06, 2008 5:08 PM |
| **To:** | 'doron.shakarachy@barcap.com' |
| **Cc:** | Pamela A. Bosswick |
| **Subject:** | Lehman/Moodys |

  

FW: Lehman Bros.  FW: Lehman Bros.
invoices (Moo...    invoices (Moo...

Doron,
Attached are the open Moodys invoices for the US and Canada.  The UK and Asia Pacific invoices are excluded.  Please let us know if you need anything further.

---

Christopher R. Belmonte

Satterlee Stephens Burke & Burke LLP

230 Park Avenue                    33 Wood Avenue South
New York, NY 10169              Iselin, NJ 08830
Tel: (212) 404-8725              (732) 603-4966
Fax: (212) 818-9606              (732) 603-4977
Cell: (914) 373-1019

E-mail: cbelmonte@ssbb.com

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in (and attached hereto) this e-mail is intended only for the personal and confidential use of the designated recipient(s) named above. This message may be an attorney/client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail and delete the original message (including attachments).

## Christopher R. Belmonte

| | |
|---|---|
| **From:** | Christopher R. Belmonte |
| **Sent:** | Thursday, October 09, 2008 3:24 PM |
| **To:** | 'arif.goraya@barclayscapital.com' |
| **Cc:** | Pamela A. Bosswick |
| **Subject:** | Lehman/Moodys/IBM |

Lehman/Moodys    Lehman/IBM cure
amounts

Arif,
As we discussed, herewith the emails previously forwarded to Goron with the invoices comprising the cure amounts for
IBM and Moodys.  If you need anything further, please let us know.

Christopher R. Belmonte
Satterlee Stephens Burke & Burke LLP

| | |
|---|---|
| 230 Park Avenue | 33 Wood Avenue South |
| New York, NY 10169 | Iselin, NJ 08830 |
| Tel: (212) 404-8725 | (732) 603-4966 |
| Fax: (212) 818-9606 | (732) 603-4977 |
| Cell: (914) 373-1019 | |

E-mail: cbelmonte@ssbb.com

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication
(including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under
the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in (and attached hereto) this e-mail is intended only for the personal and confidential use of the designated
recipient(s) named above. This message may be an attorney/client communication and, as such, is privileged and confidential. If the
reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any
review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please
notify us immediately by reply e-mail and delete the original message (including attachments).

## Abigail Snow

| | |
|---|---|
| **From:** | Christopher R. Belmonte |
| **Sent:** | Saturday, November 08, 2008 6:42 PM |
| **To:** | 'Luke A Barefoot' |
| **Cc:** | Pamela A. Bosswick; Abigail Snow |
| **Subject:** | FW: Lehman/Barclays -Moody's Open Invoices 11/6/08 |

Luke,
Attached are Moody's open invoices as of the close of business Friday, and the contact info for the business people there.
Best,
Chris

Christopher R. Belmonte
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 404-8725
Fax: (212) 818-9606
E-mail: cbelmonte@ssbb.com
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information contained in (and attached hereto) this e-mail is intended only for the personal and confidential use of the designated recipient (s) named above. This message may be an attorney/client communication and, as such, is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you received this communication in error, please notify us immediately by reply e-mail and delete the original message (including attachments).

-----Original Message-----
**From:** Gonsalves, David [mailto:David.Gonsalves@moodys.com]
**Sent:** Friday, November 07, 2008 4:15 PM
**To:** Christopher R. Belmonte
**Cc:** Bhatia, Raj; Coleman, Carolyn; Shilling, Susan; Carpenter, David; Winkelman, Amy; Sweeney, David; Menendez, Marie; Costa, Anthony; Berkowicz, Adam
**Subject:** Lehman/Barclays - Open Invoices 11/6/08

Chris,

Per our earlier discussion, included are the following:

Ratings
- file listing the unpaid invoices as of 11/6/08 $2,852,057
<<MIS Lehman Bros. invoices 6th Nov 2008 III.xls>>
- PDF copy of the invoices relating to the above
<<Lehman pdf 110608.zip>>

Analytics
- file listing the unpaid invoices as of 11/6/08 $670,031.07
<<Lehman Bros AR for Moodys Analytics Update.xls>>
- PDF copy of the invoices relating to the above
<<Moody's Analytics Invoices.zip>>

11/10/2008

Message
Moody's contact

23-10063-shl   Doc 1421-2   Filed 03/04/24   Entered 03/04/24 10:54:21   Exhibit
Exhibit C - Docket 1436 - Moodys Motion to Compel   Pg 28 of 28

2 of 2

<u>Ratings</u>
David Gonsalves
7 WTC, 250 Greenwich Street
New York, NY 10007
Tel: (212) 553-1417
david.gonsalves@moodys.com

<u>Analytics</u>
Adam Berkowicz
7 WTC, 250 Greenwich Street
New York, NY 10007
Tel: (212) 553-4662
adam.berkowicz@moodys.com

11/10/2008