**THE LAW OFFICES OF RICHARD J. CORBI PLLC**
1501 Broadway, 12th Floor
New York, New York 10036
Tel: (646) 571-2033
Email: rcorbi@corbilaw.com
Richard J. Corbi

*Counsel for Chainview Capital Fund, LP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | : | |
| | : | Case No. 23-10063 (SHL) |
| Debtors. | : | (Jointly Administered) |

**OBJECTION OF CHAINVIEW CAPITAL FUND, LP TO
DEBTORS' MOTION (I) FOR RELIEF FROM THE AUTOMATIC STAY, TO THE
EXTENT APPLICABLE, TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS
AND (II) TO ALLOW CERTAIN CLAIMS IN CONNECTION THEREWITH**

Chainview Capital Fund, LP ("Chainview"), by and through its undersigned counsel, respectfully submits this objection ("Objection") to the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), *Debtors' Motion (I) for Relief from the Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligaitons and (II) to Allow Certain Claims in Connection Therewith* (the "Motion")[2] (Doc. No. 1374). In support of this Objection, Chainview respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10003.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed in the Motion.

**PRELIMINARY STATEMENT**[3]

1.  The Motion seeks this Court's imprimatur to provide an improper windfall for the Debtors. The Motion, without directly saying so, seeks a declaration from this Court to the applicable date for determining the USD conversion price for setoff purposes, as applied to the digital assets lent by the GGC Debtor to Chainview and the collateral posted by Chainview with the GGC Debtor.

2.  Chainview asserts that the appropriate valuation date is when it terminated its lending contract with the GGC Debtor pre-petition on November 15, 2022. The Debtors have not provided an authority, other than general bankruptcy principles, for its proposed valuation date. Accordingly, the Court should deny the Motion as to the Chainview Claim.

**BACKGROUND**

3.  On November 20, 2020, Chainview and debtor Genesis Global Capital, LLC (the "GGC Debtor") executed that certain Master Loan Agreement (as amended, modified, or supplemented prior to the date hereof, the "MLA"). The MLA provided that Chainview could, from time to time, borrow digital currencies ("Cryptocurrency") and/or United States dollars from the GGC Debtor, subject to the terms and conditions stated therein. Under the MLA, the terms of each individual borrowing would be set forth in a separate loan term sheet (each, a "Loan Term Sheet" and, together with the MLA, the "Loan Documents").

4.  On November 11, 2022, Chainview and the GGC Debtor executed a Loan Term Sheet pursuant to which Chainview borrowed 175 BTC from the GGC Debtor (the "Loan"). To secure the Loan, Chainview provided the GGC Debtor with collateral (the "Collateral") with a

---

[3] Terms used, but not defined, in the preliminary statement shall have the meanings ascribed to them in this Objection, unless otherwise noted.

value equal to 135.00% of the Loan's value at the time of the borrowing. The Collateral consists of 12.32 BTC, 299.999391 ETH, and 3,399,499.75 USD.

5. The Loan was an open term borrowing, and Chainview had the option to repay the Loan at any time (the "Prepayment Option"). Under the MLA, Chainview could exercise the Prepayment Option by providing two-days' notice to the GGC Debtor.

6. On November 15, 2022, Chainview notified the GGC Debtor that it was exercising the Prepayment Option and repaying the entire balance of the Loan. Notwithstanding Chainview's provision of notice in accordance with the Loan Documents' requirements, the GGC Debtor failed to close out the Loan in violation of the terms of the Loan Documents.

7. Under the MLA, a material default by either Party in the performance of any condition or provision of the Loan Documents constitutes an event of default. Upon an event of default, the non-defaulting party is entitled to exercise any rights available to it under any agreement or applicable law.

8. After Chainview provided notice that it was exercising the Prepayment Option, the GGC Debtor announced that it was suspending its lending business. This notice constituted another default under the MLA, which provides that it is an event of default for either party to notify the other of its inability to or its intention not to perform its obligations under the MLA, or to otherwise disaffirm, reject, or repudiate any of its obligations thereunder.

9. On November 25, 2022, Chainview notified the GGC Debtor that events of default had occurred and demanded the return of the Collateral. The GGC Debtor thereafter failed to return the Collateral as required by the Loan Documents. Under the MLA, the failure of either party to transfer Collateral constitutes an event of default.

10. Due to the GGC Debtor's repeated material breaches of the Loan Documents prior to the Petition Date, Chainview is entitled to monetary damages for breach of contract, plus attorneys' fees, costs, expenses, and interest.

11. In addition, on November 20, 2020, Chainview and the GGC Debtor executed that certain Master Borrow Agreement (the "MBA"), under which the GGC Debtor could, from time to time, borrow digital currencies or United States dollars from Chainview. On May 17, 2022, Chainview and the GGC Debtor executed a Loan Term Sheet under the MBA pursuant to which the Debtor borrowed 4,000,000 USD from Chainview (the "May 17 Loan"). As of the Petition Date, the amount owing to Chainview from the GGC Debtor on account of the May 17 Loan was 20,821.54 USD.

12. On May 19, 2023, Chainview filed its proof of claim (the "Claim") assigned claim number 351. The Claim is also identified schedule F number GGC 3.1.0104 on Exhibit 1 to the Setoff Plan Supplement.

13. On February 23, 2024, the Debtors filed the Motion that seeks to improperly reduce Chainview's Claim, abrogate it setoff rights and provide an improper windfall to the Debtors' estate.

**OBJECTION**

14. Chainview is identified as claim number 351 and schedule F number GGC 3.1.0104 on Exhibit 1 to the Setoff Plan Supplement. In the Motion, the Debtors seek to reduce Chainview's claim based on an improper valuation. Therefore, Chainview respectfully requests that this Court deny the Motion as to Chainview's Claim.

### A. The Debtors' Motion Improperly Violates Chainview's Property Rights

15. Congress's "bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation." *United States v. Sec. Indus. Bank*, 459 U.S. 70, 75 (1982); *see also Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589-90 (1935); *City of New York v. Quanta Res. Corp. (In re Quanta Res. Corp.)*, 739 F.2d 912, 922 (3d Cir. 1984) ("The rights of a secured creditor in the debtor's assets are 'property' subject to a 'taking.'").

16. Chainview has the right to exercise its contractual setoff remedies under New York law pursuant to the MLA and Loan Documents. *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 654 B.R. 224, 234 (Bankr. S.D.N.Y. 2023) ("The Bankruptcy Code 'does not establish an independent right of setoff, but section 553 does preserve any right of setoff that may exist under applicable non-bankruptcy law'") (citing *In re Lehman Brothers Holdings Inc.,* 433 B.R. 101, 107 (Bankr. S.D.N.Y. 2010)).

17. Chainview's setoff rights are based in the contract and cannot be abrogated absent just compensation. Rather than compensate Chainview, the Debtors, through the Motion, seek to avoid compensation altogether.

### B. The Debtors' Proposed Valuation Date Provides an Improper Windfall to the Debtors

18. "Valuation is not an exact science." *In re Genco Shipping Trading, Ltd.*, 513 B.R. 233, 242 (Bankr. S.D.N.Y. 2014) (citations omitted). Rather, "[v]aluation is a guess compounded by an estimate." *In re Spansion*, 426 B.R. 114, 130 (Bankr. D. Del. 2010) (citing *Consolidated Rock Prods. Co. v. DuBois*, 312 U.S. 510, 526, (1941)).

19. It is not settled that the Petition Date is the appropriate time to value collateral. *In re Sears Holding Corp.*, 51 F.4th 53, 61, n.4 (2d Cir. 2023). Bankruptcy courts are granted

5

deference with regards to the appropriate time to value collateral. *In re Heritage Highgate, Inc.*, 679 F.3 d 132, 141 (3d Cir. 2012). The *Sears* court valued the collateral as of the Petition Date because the parties did not challenge the Petition Date as the valuation date. *Sears*, 51 F.4th at 61, n.4. Here, the Petition Date is not the appropriate date to measure the value of the collateral. Rather, Chainview submits that the appropriate valuation date is when it terminated its contract with the GGC Debtors on November 15, 2022 and when it provided notice of many defaults under the MLA and the Loan Documents.

20.     The Court has the power to determine how setoffs should be allocated. *See IRS v. Martinez*, CIVIL ACTION NO. 1:06-CV-1130, 2007 U.S. Dist. LEXIS 6163, at *10 (M.D. Pa. Jan. 29, 2007); *In re Westchester Structures, Inc.*, 181 B.R. 730, 739 (Bankr. S.D.N.Y. 1995) (citations omitted).

21.     Courts routinely deny setoff or rcoupment scenarios when it would result in a windfall to a party. *See, e.g.*, *In re Peterson Distrib.*, 82 F.3d 956, 963 (10th Cir. 1996); *In re ADI Liquidation, Inc.*, Case No. 14-12092 (KJC), 2015 Bankr. LEXIS 1611, at *15-16 (Bankr. D. Del. May 5, 2015); *In re Circuit City Stores, Inc.*, Case No. 08-35653, 2009 Bankr. LEXIS 4011, at *22 (Bankr. E.D. Va. Dec. 3, 2009); *Sacramento Mun. Util. Dist. v. Mirant Ams. Energy Mktg. LP (In re Mirant Corp.)*, 331 B.R. 693, 696 (N.D. Tex. 2005) (noting that "recoupment is appropriate when a buyer erroneously overpays a seller for goods or services" and more broadly to "prevent a windfall to the debtor in the overpayment context").

22.     In other instances, bankruptcy courts deny approval of management incentive plans where debtors have been found to have manipulated the debtor's enterprise valuation to receive a windfall in the incentive plan following confirmation. *In re Spansion, Inc.*, 426 B.R. 114, 139 (Bankr. D. Del. 2010) (court agreed with objector's assertions that the "Equity Incentive

Plan is not offered in good faith because the Debtors have purposefully lowered enterprise valuation to receive a windfall from the Equity Incentive Program after Plan confirmation"). Similarly, courts in this district have denied plan confirmation where recoupment provisions improperly deprive creditors' rights providing the debtors with an improper windfall. *See In re Ditech Holding Corp.*, 606 B.R. 544, 600-601 (Bankr. S.D.N.Y. 2019).

23. Here, the Debtors are attempting to take advantage of market shifts in digital assets between the date the MLA and Loan Documents were terminated (November 15, 2022), entitling Chainview to exercise its setoff remedies, and the Debtors' Chapter 11 filing two months later on January 19, 2023. This Court cannot grant its imprimatur to such conduct.

24. The GGC Debtor is effectively keeping Chainview short the asset borrowed indefinitely and earning interest on that asset. Granting the Motion as to Chainview would set a dangerous precedent.

25. Accordingly, Chainview requests that this Court deny the Motion as to Chainview.

## CONCLUSION

26. For the reasons set forth herein, Chainview respectfully requests that this Court deny the Motion as to Chainview's Claim.

Dated: March 8, 2024  
New York, New York

**THE LAW OFFICES OF RICHARD J. CORBI PLLC**

By: */s/ Richard J. Corbi*  
     Richard J. Corbi  
1501 Broadway, 12th Floor  
New York, New York 10036  
Telephone: (646) 571-2033  
Email: rcorbi@corbilaw.com

*Counsel for Chainview Capital Fund, LP*

## **CERTIFICATE OF SERVICE & CM/ECF FILING**

**23-10063**  *In re: Genesis Global Holdco, LLC, et al., Debtors.*

I hereby certify that one (1) copy of the foregoing Objection Of Chainview Capital Fund, LP To Debtors' Motion (I) For Relief From The Automatic Stay, To The Extent Applicable, To Allow For Setoff Of Mutual Obligations And (II) To Allow Certain Claims In Connection Therewith For Chainview Capital Fund, LP to be served on the below via **US Mail**:

Honorable Sean H. Lane ("Chambers"),
United States Bankruptcy Court for
the Southern District of New York,
One Bowling Green,
New York, NY 10004

United States Bankruptcy Court for
the Southern District of New York
Chambers of Honorable Sean H. Lane
US Bankruptcy Court SDNY
Genesis Chambers
300 Quarropas Street, Room 147
White Plains, NY 10601

Via **E-mail** :

Counsel to Soichiro "Michael" Moro
Arnold & Porter Kaye Scholer LLP
Attn: Benjamin Mintz, Marcus Asner, Justin Imperato
250 West 55th Street
New York. NY 10019
212-836-8000
212-836-8689
benjamin.mintz@arnoldporter.com
marcus.asner@arnoldporter.com
justin.imperato@arnoldporter.com

Counsel to Donut, Inc.
ASK LLP
Attn: Edward E. Neiger, Marianna Udem
60 East 42nd Street, 46th Floor
New York, NY 10165
212-267-7342
212-918-3427
eneiger@askllp.com
mudem@askllp.com

Counsel to Digital Finance Group Co.
Baird Holm LLP
Attn: Jeremy C. Hollembeak
1700 Farnam St. Ste. 1500
Omaha, NE 68102
402-636-8317402-344-0588
jhollembeak@bairdholm.com

Counsel to the Fair Deal Group
Brown Rudnick LLP
Attn: Kenneth J. Aulet
Seven Times Square
New York, NY10036
212-209-4800
kaulet@brownrudnick.com

Counsel to the Fair Deal Group
Brown Rudnick LLP
Attn: Matthew A. Sawyer
One Financial Center
Boston, MA 02111
617-856-8200
617-856-8201
msawyer@brownrudnick.com

Genesis Global Holdco, LLC
Attn: Derar Islim, Arianna Pretto-Sankman
175 Greenwich Street, Floor 38
New York, NY 10007
arianna@genesistrading.com

Counsel to the Debtors and Debtors-in Possession
Cleary Gottlieb Steen & Hamilton LLP
Attn: Jack Massey

One Liberty Plaza
New York, NY10006
212-225-2314
jamassey@cgsh.com

Counsel to the Debtors
Cleary Gottlieb Steen & Hamilton LLP
Attn: Sean O'Neal, Jane VanLare, Hoo Ri Kim, Michael Weinberg, Richard C. Minott , Christian Ribeiro, Luke A. Barefoot, Andrew Weaver, Rishi Zutshi, Thomas S. Kessler, Brad Lenox, David Z. Schwartz, Deandra Fike
One Liberty Plaza
New York, NY 10006
212-225-2000
212-225-3999
soneal@cgsh.com
jvanlare@cgsh.com
hokim@cgsh.com
mdweinberg@cgsh.com
rminott@cgsh.com
cribeiro@cgsh.com
lbarefoot@cgsh.com
aweaver@cgsh.com
rzutshi@cgsh.com
tkessler@cgsh.com
blenox@cgsh.com
dschwartz@cgsh.com
dfike@cgsh.com

Counsel to Grayscale Investments, LLC
Davis Polk & Wardwell LLP
Attn: Benjamin S. Kaminetzky, Brett M. McMahon, Jacquelyn S. Knudson
450 Lexington Avenue
New York, NY 10017
212-450-4000
212-701-5800
Genesis.notices@davispolk.com

Counsel to Foundry Digital LLC
Horwood Marcus & Berk Chartered
Attn: Aaron L. Hammer, Nathan E. Delman
500 W. Madison St., Ste. 3700
Chicago, IL 60661
312-606-3200
312-606-3232
ahammer@hmblaw.com
ndelman@hmblaw.com
ecfnotices@hmblaw.com

Counsel to Gemini Trust Company, LLC
Hughes Hubbard & Reed LLP
Attn: Anson B. Frelinghuysen, Dustin P. Smith, Jeffrey S. Margolin, Erin Diers
One Battery Park Plaza
New York, NY 10004
212-837-6000
212-422-4726
anson.frelinghuysen@hugheshubbard.com
dustin.smith@hugheshubbard.com
jeff.margolin@hugheshubbard.com
erin.diers@hugheshubbard.com

IRS Insolvency Section
Internal Revenue Service
Centralized Insolvency Operation
1111 Constitution Ave., NW
Washington, DC 20224
800-973-0424
855-235-6787
mimi.m.wong@irscounsel.treas.gov

IRS Insolvency Section
Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 7346
Philadelphia, PA19101-7346
800-973-0424
855-235-6787
mimi.m.wong@irscounsel.treas.gov

Counsel to GPD Holdings LLC d/b/a Coinflip
K & L Gates LLP
Attn: Robert T. Honeywell
599 Lexington Avenue
New York, NY 10022
212-536-4863
Robert.Honeywell@klgates.com

Bankruptcy Counsel to the Securities Litigation Lead Plaintiff
Kaplan Fox & Kilsheimer LLP
Attn: Jeffrey P. Campisi
800 Third Avenue, 38th Floor
New York, NY 10022
212-687-1980
212-687-7714
jcampisi@kaplanfox.com

Counsel to Creditor
Katten Muchin Rosenman LLP
Attn: Patrick M. Smith
525 West Monroe Street
Chicago, IL 60661-3693
312-902-5393
patrick.smith@katten.com


Counsel to Creditor
Katten Muchin Rosenman LLP
Attn: Steven Reisman, Shaya Rochester, Julia Mosse
50 Rockefeller Plaza
New York NY 10020-1605
212-940-8700
212-940-8529
212-940-7010
sreisman@katten.com
shaya.rochester@katten.com
julia.mosse@katten.com

Counsel to Ad Hoc Group of Creditors Kirkland & Ellis LLP
Kirkland & Ellis International LLP
Attn: Joshua A. Sussberg, Christopher Marcus, Ross J. Fiedler
601 Lexington Avenue
New York, NY 10022
212-446-4800
212-446-4900
joshua.sussberg@kirkland.com
christopher.marcus@kirkland.com

Special Litigation Counsel to Debtors and Debtors-in-Possession
Kobre & Kim LLP
Attn: Danielle L. Rose, Daniel J. Saval, John G. Conte
800 Third Avenue
New York, NY 10022
212-488-1200
212-488-1220
Danielle.Rose@kobrekim.com
Daniel.Saval@kobrekim.com
John.Conte@kobrekim.com

Claims and Noticing Agent
Kroll Restructuring Administration LLC
Attn: Jessica Berman, Christine Porter, & Herb Baer
55 East 52nd Street, 17th Floor
New York, NY 10055
212-257-5450
646-328-2851
genesisteam@ra.kroll.com
serviceqa@ra.kroll.com

Counsel to Foreign Representatives of Three Arrows Capital, Ltd. (in liquidation)
Latham & Watkins LLP
Attn: Adam J. Goldberg, Christopher Harris, Brett M. Neve, Nacif Taousse, Marissa Alter-Nelson
1271 Avenue of the Americas
New York, NY 10020
212-906-1200
212-751-4864
adam.goldberg@lw.com
chris.harris@lw.com
brett.neve@lw.com
nacif.taousse@lw.com
marissa.alter-nelson@lw.com

Counsel to Joint Liquidators of Three Arrows Capital, Ltd. (in liquidation)
Latham & Watkins LLP
Attn: Eric R. Swibel
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
312-876-7700
312-993-9767
eric.swibel@lw.com

Counsel to Foreign Representatives of Three Arrows Capital, Ltd. (in liquidation)
Latham & Watkins LLP
Attn: Nima H. Mohebbi, Tiffany M. Ikeda, Sarah F. Mitchell, Emily R. Orman
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
213-485-1234
213-891-8763
nima.mohebbi@lw.com
tiffany.ikeda@lw.com
sarah.mitchell@lw.com

emily.orman@lw.com

Counsel to 250 Park LLC
Leech Tishman Robinson Brog, PLLC
Attn: Fred B. Ringel
875 Third Avenue, 9th Floor
New York, NY 10022
212-603-6300
212-956-2164
fringel@leechtishman.com

Bankruptcy Counsel to the Securities Litigation Lead Plaintiff
Lowenstein Sandler LLP
Attn: Michael S. Etkin, Andrew D. Behlmann, Michael Papandrea
One Lowenstein Drive
Roseland, NJ 07068
973-597-2500
973-597-2333
metkin@lowenstein.com
abehlmann@lowenstein.com
mpapandrea@lowenstein.com

Counsel to Genesis Crypto Creditors Ad Hoc Group
McDermott Will & Emery LLP
Attn: Darren Azman, Joseph B. Evans, Lucas Barrett
One Vanderbilt Avenue
New York, NY 10017-3852
212-547-5400
212-547-5444
dazman@mwe.com
jbevans@mwe.com
lbarrett@mwe.com

Counsel to Genesis Crypto Creditors Ad Hoc Group
McDermott Will & Emery LLP
Attn: Gregg Steinman
333 SE 2nd Avenue, Suite 4500
Miami, FL 33131-2184
305-329-4473
305-503-8805
gsteinman@mwe.com

Counsel to the New Jersey Bureau of Securities
McElroy, Deutsch, Mulvaney & Carpenter, LLP

5

Attn: Jeffrey Bernstein
570 Broad Street, Suite 1401
Newark, NJ 07102
973-565-2183
973-622-5314
jbernstein@mdmc-law.com

Counsel to the New Jersey Bureau of Securities
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Attn: Nicole Leonard
225 Liberty Street,36th Floor
New York, NY 10281
973-565-2048
212-483-9129
nleonard@mdmc-law.com

Counsel to the New Jersey Bureau of Securities
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Attn: Virginia T. Shea
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075
201-493-3709
973-425-0161
vshea@mdmc-law.com

Counsel to BAO Family Holdings LLC
Medina Law Firm LLC
Attn: Eric S. Medina
641 Lexington Avenue, 13th Floor
New York NY 10022
212-404-1742
888-833-9534
emedina@medinafirm.com

Special Litigation and Enforcement Counsel to the Debtors
Morrison Cohen LLP
Attn: Heath D. Rosenblat, Jason P. Gottlieb
909 Third Avenue, 27th Floor
New York, NY 10022
212-735-8600
212-735-8708
hrosenblat@morrisoncohen.com

Counsel to NYSOAG
New York State Office of the Attorney General
Attn: Gabriel Tapalaga
Investor Protection Bureau
28 Liberty St., 21st Floor
New York, NY 10005
212-416-6177
gabriel.tapalaga@ag.ny.gov

Counsel to Mirana Corp.
Norton Rose Fulbright US LLP
Attn: Eric Daucher, Victoria V. Corder, Francisco Vazquez
1301 Avenue of the Americas
New York, NY 10019-6022
212-318-3000
212-318-3400
eric.daucher@nortonrosefulbright.com
victoria.corder@nortonrosefulbright.com
victoria.corder@nortonrosefulbright.com

Office of The United States Trustee – NY Office
Office of the US Trustee
Attn: Greg Zipes
Alexander Hamilton Custom House
One Bowling Green, Suite 515
New York, NY 10014
212-510-0500
212-668-2255
ustpregion02.nyecf@usdoj.gov
andy.velez-rivera@usdoj.gov
tara.tiantian@usdoj.gov
greg.zipes@usdoj.gov

Counsel to Official Committee of Unsecured Creditors of FTX Trading Ltd., et al.
Paul Hastings LLP
Attn: Kristopher M. Hansen, Kenneth Pasquale, Isaac Sasson
200 Park Avenue
New York, NY 10166
212-318-6000
212-319-4090
krishansen@paulhastings.com
kenpasquale@paulhastings.com
isaacsasson@paulhastings.com

Counsel for Paul Pretlove, David Standish and James Drury, in their capacities as Joint Liquidators of Three Arrows Fund, Ltd (in Liquidation)
Pillsbury Winthrop Shaw Pittman LLP

6

Attn: John Pintarelli, Hugh M. McDonald, Patrick Fitzmaurice
31 West 52nd Street
New York, NY 10019
212-858-1213
212-858-1170
212-858-1000
212-858-1500
john.pintarelli@pillsburylaw.com
hugh.mcdonald@pillsburylaw.com
patrick.fitzmaurice@pillsburylaw.com

Counsel to Caramila Capital Management LLC and Residia Asset Management AG
Polsinelli PCAttn: Christopher A. Ward
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
302-252-0920
cward@polsinelli.com

Counsel to Caramila Capital Management LLC and Residia Asset Management AG
Polsinelli PC
Attn: Jeremy R. Johnson
600 Third Avenue, 42nd Floor
New York, NY 10016
212-684-0199
jeremy.johnson@polsinelli.com

Counsel to Ad Hoc Group of Genesis Lenders
Proskauer Rose LLP
Attn: Brian S. Rosen, Vincent Indelicato, Megan R. Volin, Peter D. Doyle, Genesis G. Sanchez Tavarez, William D. Dalsen
Eleven Times Square
New York, NY 10036
212-969-3000
brosen@proskauer.com
vindelicato@proskauer.com
mvolin@proskauer.com
PDoyle@proskauer.com
GSanchezTavarez@proskauer.com
wdalsen@proskauer.com

Counsel to Ad Hoc Group of Genesis Lenders
Proskauer Rose LLP
Attn: Jordan E. Sazant
70 West Madison, Suite 3800
Chicago, IL 60602

312-962-3550
jsazant@proskauer.com

Counsel to Ad Hoc Group of Dollar Lenders
Pryor Cashman LLP
Attn: Seth H. Lieberman, Matthew W. Silverman
7 Times Square
New York, NY 10036-6569
212-421-4100
212-326-0806
slieberman@pryorcashman.com
msilverman@pryorcashman.com

Securities and Exchange Commission – Headquarters
Securities & Exchange Commission
Attn: Secretary Of The Treasury
100 F Street, NE
Washington, DC 20549
202-942-8088
secbankruptcy@sec.gov
nyrobankruptcy@sec.gov

Securities and Exchange Commission - Regional Office
Securities & Exchange Commission - NY Office
Attn: Antonia Apps, Regional Director
100 Pearl St., Suite 20-100
New York, NY10004-2616
212-336-1100
bankruptcynoticeschr@sec.gov

Securities and Exchange Commission - Regional Office
Securities & Exchange Commission - Philadelphia Office
Attn: Bankruptcy Department
One Penn Center
1617 JFK Blvd, Ste 520
Philadelphia, PA 19103
215-597-3100
secbankruptcy@sec.gov

Special Litigation Counsel to the Official Committee of Unsecured Creditors
Seward & Kissel LLP
Attn: John R. Ashmead, Mark D. Kotwick, Catherine V. LoTempio, Andrew J. Matott

7

One Battery Park Plaza
New York, NY 10004
212-574-1200
ashmead@sewkis.com
kotwick@sewkis.com
lotempio@sewkis.com
matott@sewkis.com

Bankruptcy Counsel to the Securities Litigation Lead Plaintiff
Silver Golub & Teitell LLP
Attn: Ian W. Sloss
One Landmark Square, 15th Floor
Stamford, CT 06901
203-325-4491
203-325-3769
isloss@sgtlaw.com

Attorney for Vivian Farmery
Stuart P. Gelberg
Attn: Stuart P. Gelberg
125 Turkey Lane
Cold Spring Harbor, NY 11724
516-228-4280

Counsel to FTX Trading Ltd.
Sullivan & Cromwell LLP
Attn: Andrew G. Dietderich, James L. Bromley, Brian D. Glueckstein, Alexa J. Kranzley, Christian P. Jensen
125 Broad Street
New York, NY 10004
212-558-4000
212-558-3588
dietdericha@sullcrom.com
bromleyj@sullcrom.com
gluecksteinb@sullcrom.com
kranzleya@sullcrom.com
jensenc@sullcrom.com

Counsel to TN Dept of Revenue
TN Dept of Revenue
Attn: TN Attorney General's Office
Bankruptcy Division
PO Box 20207
Nashville, TN 37202-0207

United States Attorney's Office for the Southern District of New York
U.S. Attorney for Southern District Of New York
Attn: Bankruptcy Division
86 Chambers Street, 3rd Floor
New York, NY 10007
212-637-2200
212-637-2685
jeffrey.oestericher@usdoj.gov
lawrence.fogelman@usdoj.gov
peter.aronoff@usdoj.gov
linda.riffkin@usdoj.gov

Counsel to Digital Currency Group, Inc., Barry Silbert
Weil, Gotshal & Manges LLP
Attn: Jeffrey D. Saferstein, Ronit Berkovich, Jessica Liou, Furqaan Siddiqui, Jonathan Polkes, Caroline Zalka, Jenna Harris, Jennifer Lau
767 Fifth Avenue
New York, NY 10153
212-310-8000
212-310-8007
jeffrey.saferstein@weil.com
ronit.berkovich@weil.com
jessica.liou@weil.com
furqaan.siddiqui@weil.com
jonathan.polkes@weil.com
caroline.zalka@weil.com
jenna.harris@weil.com
jennifer.lau@weil.com

Counsel to Digital Currency Group, Inc.
Weil, Gotshal & Manges LLP
Attn: Josh Wesneski
2001 M Street, NW, Suite 600
Washington, DC 20036
202-682-7248
202-857-0940
joshua.wesneski@weil.com

Counsel to Official Committee of Unsecured Creditors
White & Case LLP
Attn: Gregory F. Pesce
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
312-881-5400
312-881-5450
gregory.pesce@whitecase.com

8

Counsel to Official Committee of Unsecured Creditors
White & Case LLP
Attn: J. Christopher Shore, Philip Abelson, Michele J. Meises
1221 Avenue of the Americas
New York, NY 10020
212-819-8200
212-354-8113
cshore@whitecase.com
philip.abelson@whitecase.com
michele.meises@whitecase.com

Counsel to Gemini Trust Company, LLC
Willkie Farr & Gallagher LLP
Attn: Daniel I. Forman
787 Seventh Avenue
New York, NY 10019
212-728-8000
212-728-8111
dforman@willkie.com

Counsel to Gemini Trust Company, LLC
Willkie Farr & Gallagher LLP
Attn: Donald Burke, Mark T. Stancil
1875 K Street, N.W.
Washington, DC 20006
202-303-1000
202-303-2000
dburke@willkie.com
mstancil@willkie.com

Counsel to Barry Habib
Windels Marx Lane & Mittendorf, LLP
Attn: James M. Sullivan
156 West 56th Street
New York, NY 10019
212-237-1000
212-262-1215
jsullivan@windelsmarx.com