Hearing date and time:
March 19, 2024 @ 11:00 a.m.

FARRELL FRITZ, P.C.
Patrick Collins
Martin G. Bunin
400 RXR Plaza
Uniondale, New York 11556
(516) 227-0700

*Attorneys for David Morton*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:                                                                                  Chapter 11

Genesis Global Holdco, LLC, et al.,[1]                         Case No.: 23-10063 (SHL)

                                    Debtors.                                  Jointly Administered
-------------------------------------------------------------------X

**OBJECTION OF DAVID MORTON TO DEBTORS' MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS**

David Morton ("Morton"), a party in interest in these bankruptcy cases, submits this objection to the Debtors' Motion (i) for Relief from the Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligations and (ii) to Allow Certain Claims in Connection Therewith (Doc. No. 1374, the "Setoff Motion") and represents as follows:

**MORTON'S MLA WITH GGC**

1.  Morton and Debtor Genesis Global Capital, LLC ("GGC") are parties to a Master Loan Agreement, dated November 8, 2021,[2] pursuant to which Morton obtained one or more loans from GGC. Pursuant to the Master Loan Agreement, and solely to serve as security for Morton's obligation to repay the loans, Morton delivered Bitcoin to GGC. *See* MLA, § IV(a) ("The

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.
[2]  A copy of the Master Loan Agreement is attached hereto as Exhibit "1".

Collateral transferred by Borrower to Lender, as adjusted herein, shall be security for Borrower's obligations in respect of such Loan and for any other obligations of Borrower to Lender hereunder."). As of the Petition Date, the Debtors held 18.00 Bitcoin (the "Collateral") owned by Morton.

2. GGC's loan to Morton under the MLA is denominated in U.S. dollars. Both as of the Petition Date and as of the date of filing of this Objection, the value of the Collateral far exceeds the amount outstanding on Morton's loan from GGC, the principal amount of which is about $184,000.

3. Pursuant to Sections IV(a) and (e) of the Master Loan Agreement, GGC is obligated to return the Collateral to Morton upon his repayment of the loan he obtained from GGC. Specifically, GGC is required to "return to Borrower [Morton] the same amount and type of Collateral that was deposited." MLA, § 4(a).

4. Morton timely filed a proof of claim (Claim # 367) asserting that he has been damaged in the amount of 18.00 Bitcoin by GGC's failure to return the Collateral to him and reserving his right to seek return of the Collateral in kind. In his proof of claim, Morton indicated that his claim is secured by his right of setoff against the loan he obtained from GGC.

### THE SETOFF MOTION

5. Through their Setoff Motion, the Debtors seek relief from the automatic stay to permit them to setoff their obligations to Morton under the MLA with respect to the Collateral against Morton's outstanding loan under the MLA. Notably, citing provisions buried in certain schedules of their proposed Chapter 11 Plan and a stated desire to "align with creditor expectations and fundamental fairness", Setoff Motion ¶ 1, the Debtors seek to value the Collateral as of the Petition Date for purposes of the proposed setoff. Specifically, the Debtors propose to apply 9.00

2

Bitcoin from Morton's claim, valued at the Petition Date indexed value of Bitcoin of about $21,000, to satisfy Morton's loan balance, which the Debtors assert is about $190,000. Morton's claim would be reduced from 18.00 Bitcoin to 9.00 Bitcoin and allowed in that amount for purposes of entitlement to distributions under the Plan. In contrast, if the Collateral is valued at the present indexed value of Bitcoin for purposes of the setoff, each of which is currently valued in excess of $68,000, only three or four Bitcoin would need to be applied against Morton's loan in order to satisfy the loan.

## OBJECTION

### Morton's Collateral Should be Valued as of the Date of the Setoff

6. As the proposed setoff did not occur on the Petition Date, but instead has yet to occur, Morton's Collateral consisting of the Bitcoin he delivered to GGC should be valued as of the date the setoff transaction actually occurs rather than as of the Petition Date. The Debtors cite to a number of cases holding that the bankruptcy court has considerable discretion to set the appropriate date for valuation of collateral. See Motion, at ¶ 25. When, for example, the valuation is performed for purposes of plan confirmation, "many courts value the collateral as of a date on or near the date of confirmation." *In re South Side House*, LLC, 474 B.R. 390, 413 (Bankr. E.D.N.Y. 2012) (citing *Planavsky v. County of Broome (In re Planavsky),* 432 B.R. 481, 485 (Bankr. N.D.N.Y.2010) and *In re Melgar Enters.,* 151 B.R. 34, 39 (Bankr. E.D.N.Y.1993)); *In re Menorah Congregation and Religious Center*, 554 B.R. 675, 690 (Bankr. S.D.N.Y. 2016) (determining value of collateral as of date of confirmation hearing for purposes of determining extent of creditor's secured status under plan). In other words, property should be valued as of the time in the bankruptcy court proceeding for which its value is relevant. *See In re CGE Shattuck,*

*LLC*, 2000 WL 33679403, at *1 (Bankr. D.N.H. 2000) ('[I]t is generally agreed that in a proceeding . . . property should be valued as it stands at the time of the proceeding to determine value.").

7. While the Debtors may argue that Morton's claim against the Debtors is an unsecured claim that must, pursuant to Bankruptcy Code Section 502(b), be valued as of the Petition Date for purposes of the setoff, this argument overlooks that the Collateral delivered by Morton to the Debtors remains Morton's property even while in the Debtors' possession. Under the MLA, the Debtors are required to return the Collateral to Morton in kind upon his repayment of the loan he obtained from GGC, and the Debtors do not have the right to return the equivalent value for the Collateral in US dollars or any other form of currency. As indicated in the Disclosure Statement accompanying the Debtors' Plan, the Debtors are holding vast quantities of Bitcoin. Thus they presumably still hold the Collateral delivered by Morton even if the Debtors profess an inability or unwillingness to account for it. To honor the parties' expectations as manifested in the MLA, the Court should order that Morton's claim denominated in Bitcoin be valued as of the date of the setoff transaction and not as of the Petition Date. Particularly where Morton has the right under the MLA to receive all of his Collateral back in kind without setoff upon payment of his loan from GGC, in which case Morton would receive value equivalent to 18.00 Bitcoin at present-day prices, it would be deeply inequitable for the Collateral to be valued as of the Petition Date for the setoff transaction, which would essentially reduce the value recovered by Morton by roughly 2/3rds.

**JOINDER AND RESERVATION OF RIGHTS**

8. Morton reserves the right to supplement and amend this Objection and introduce evidence at the hearing on the Setoff Motion and this Objection. Further, Morton reserves the right to respond, further object, join in, or amend any objection herein with respect to any argument or

objection made by any person relating to the Setoff Motion.

9.   To the extent consistent with the objections expressed herein, Morton also joins in any objections to the Motion filed by other similarly situated claimants.

10.   Morton reserves the right to pay off his loan from GGC in U.S. dollars at any time prior to the occurrence of the setoff of his claim and to enforce any other rights arising under the MLA. Upon payment of the loan, Morton will no longer owe any debt against which his claim can be setoff.

### OBJECTION TO REQUEST TO WAIVE APPLICATION OF BANKRUPTCY RULE 4001(A)(3) AND 6004(H)

11.   Morton objects to the Debtors' request, in paragraphs 26 and 27 of the Setoff Motion, to waive the applicability Rules 4001(a)(a) and 6004(h), each of which would provide for a 14-day stay of the effectiveness of any order granting the relief requested in the Setoff Motion. The reason cited by the Debtors, administrative convenience, is not compelling. If necessary, Morton should be able to use this 14-day period to arrange for payment of his loan from GGC in US dollars in order to preserve the full value of his claim and the Collateral.

WHEREFORE, the Court should deny the Debtors' Setoff Motion, except on the terms and conditions stated herein, and grant Morton all other relief to which he is justly entitled.

Dated: March 8, 2024

                                                  /s/ Patrick Collins  .
Patrick Collins
Martin G. Bunin
FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, NY 11556
(516) 227-0700
Email: pcollins@farrellfritz.com
        mbunin@farrellfritz.com

*Attorneys for David Morton*