UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER APPROVING
A SETTLEMENT AGREEMENT BETWEEN GENESIS GLOBAL
CAPITAL, LLC AND THE U.S. SECURITIES AND EXCHANGE COMMISSION**

Upon the motion (the "Motion") of Genesis Global Capital, LLC ("GGC") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") approving the Settlement Agreement[2] pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules; and upon the *Declaration of Paul Aronzon in Support of Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between Genesis Global Capital, LLC and the U.S. Securities and Exchange Commission* (the "Aronzon Declaration") attached to the Motion as **Exhibit B**; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT**:

1. The Debtors have demonstrated sound business judgment for entering into the Settlement Agreement.

2. The terms of the Settlement Agreement evidence good faith, arm's-length negotiations, are fair, and are in the best interest of the Debtors' estates, including their creditors and other stakeholders.

3. The settlement is plainly within the range of reasonableness and in the best interests of the Debtors and their estates and the creditors in this case

4. Based on the record before the Court, the Debtors have demonstrated good and sufficient basis for the Court to approve the Motion.

**IT IS THEREFORE ORDERED THAT**:

5. The Motion is GRANTED to the extent set forth herein.

6. The settlement is approved and authorized and GGC is authorized to perform in accordance with the terms of the Settlement Agreement.

7. The provisions of the Settlement Agreement are incorporated herein by reference and shall be effective and binding as though fully set forth herein. To the extent that there is any conflict between this Order and the actual terms and conditions of the Settlement Agreement, the actual terms and conditions of the Settlement Agreement shall control.

8. As set forth in the Settlement Agreement, the Allowed SEC Claim against GGC is hereby ALLOWED in the amount of $21 million. The Allowed SEC Claim shall receive distributions after payment in full of all other allowed administrative expenses, secured, priority, and general unsecured claims.

9. Upon the District Court's entry of the Final Judgment, Claim No. 862 shall be amended to reflect entry of the Final Judgment in, and settlement of all claims relating to, the Civil Action. The SEC's claims as they relate to the separate investigation are unaffected by this Order.

10. GGC is authorized to enter into the Settlement Agreement and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions that may be reasonably necessary or appropriate to implement the agreements, and perform all obligations contemplated thereunder.

11. This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding.

12. The terms and provisions of this Order shall be immediately effective and enforceable upon its entry. The effectiveness of this Order shall not be stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise.

4

13. The Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: March 14, 2024
      White Plains, New York

                                            ***/s/ Sean H. Lane***
                                            The Honorable Sean H. Lane
                                            United States Bankruptcy Judge