**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### STIPULATION AND ORDER BY AND
### BETWEEN THE DEBTORS AND THE TEXAS STATE
### SECURITIES BOARD AND THE TEXAS DEPARTMENT OF BANKING

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof, by and among Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] and the Texas State Securities Board (the "TSSB") and the Texas Department of Banking (the "TDB", together with the TSSB, the "Claimants" and together with the Debtors, the "Parties"), with respect to the classification of the Claims (as defined herein) under the *Debtors' Amended Joint Chapter 11 Plan* filed on November 28, 2023 (ECF No. 989, and as amended at ECF No. 993 and ECF No. 1325) (the "Plan").

### Recitals

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases (ECF No. 55).

2.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established July 18, 2023 as the date by which a governmental unit must have submitted their proofs of claim (the "Governmental Bar Date").

3.      On or before the Governmental Bar Date, the TSSB filed claim number 842 ("Claim No. 842") against Holdco and claim number 843 ("Claim No. 843" and together with Claim No. 842, the "TSSB Claims") against Genesis Global Capital, LLC ("GGC").  Each such TSSB Claim is identical in form and asserts liabilities against each of the Debtors in the amount of $960,000,000.

4.      On or before the Governmental Bar Date, the TDB filed claim number 768 ("Claim No.768") against Genesis Asia Pacific PTE. LTD. ("GAP"), claim number 769 ("Claim No. 769") against Holdco, and claim number 770 ("Claim No. 770" and together with Claim No. 768 and Claim No. 769, the "TDB Claims", and together with the TSSB Claims, the "Texas Agency Claims") against GGC.  Each such TDB Claim is identical in form and asserts liabilities against each of the Debtors in an unknown amount.

5.      On November 29, 2023, the Debtors filed the Plan, which provides for the

2

classification of claims against and interests in each of the Debtors.

6.     Subsequent to the filing of the Plan, the Parties have engaged in good faith discussions concerning the classification of the Texas Agency Claims.  In order to avoid unnecessary motion practice, the Parties have determined that it is in their best interests to enter into this Stipulation and Order whereby the Claimants agree to forego participating in any distributions under the Plan or requiring any cash reserve in connection with such distributions, on account of any Texas Agency Claim that may be or become Allowed[1] until all other Allowed claims in the Preceding Classes (defined below) under the Plan are paid in full.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED** that:

1.     The above recitals are incorporated herein in their entirety.

2.     The Claims shall be reclassified as General Unsecured Claims and the Claimants will agree to forego distributions as follows:

     a.     Claim No. 768 shall be classified as a General Unsecured Claim in Class 3 as against GAP, provided that Claimants consent that no cash reserve shall be required for any distribution on account of Claim No. 768 and Claimants shall not receive any distribution on account of Claim No. 768 until all other Allowed claims in Classes 1-6 and 9 as against GAP (the "GAP Preceding Classes") (excluding any Allowed General Unsecured Claims of Governmental Units) are paid in full in accordance with the Plan and Distribution Principles;

     b.     Claim Nos. 769 and 842 shall be classified as General Unsecured Claims in Class 3 as against Holdco provided that Claimants consent that no cash reserve shall be required for any distribution on account of Claim No. 769 and 842 and Claimants shall not receive any distribution on account of Claim No. 769 and 842 until all other Allowed claims in Classes 1-6 and 9 as against Holdco (the "Holdco Preceding Classes") (excluding any Allowed General Unsecured Claims of Governmental Units) are paid in full in accordance with the Plan and Distribution Principles;

     c.     Claim Nos. 770 and 843 shall be classified as General Unsecured Claims in

---

[1]     Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Plan.

Class 3 as against GGC provided that Claimants consent that no cash reserve shall be required for any distribution on account of Claim Nos. 770 and 843 and Claimants shall not receive any distribution on account of Claim No. 770 and 843 until all other Allowed claims in Classes 1-7 and 10 as against GGC (the "GGC Preceding Classes" and together with the GAP Preceding Classes and Holdco Preceding Classes, the "Preceding Classes") (excluding any Allowed General Unsecured Claims of Governmental Units) are paid in full in accordance with the Plan and Distribution Principles.

3.      Except as stated in paragraph 2 above, the Claimants retain all rights with respect to the Texas Agency Claims, including the right to amend the Texas Agency Claims.  The Debtors (including their successors or assigns) and the Committee reserve all rights and retain all objections and defenses to the Texas Agency Claims, including for the avoidance of doubt whether any Allowed General Unsecured Claims of Governmental Units have priority to receive distributions based on whether portions of their claims constitute restitution or penalties.

4.      This Stipulation and Order shall continue to remain in full force and effect with respect to any further amendment of the Plan; *provided* that the classification and treatment of claims Allowed in the Preceding Classes shall remain substantially and materially the same as in the Plan.

5.      The Texas Agency Claims shall be subject to the terms of this Stipulation and Order and their classification shall not be subject to reconsideration, provided that, this Stipulation and Order shall be of no force or effect if a final order confirming the Plan is not entered or the Plan does not thereafter become effective for any reason.

6.      For the avoidance of doubt, this Stipulation and Order does not impact, alter or in any way affect claims, consent orders, or judgments (in each case, if any) against one or more of the Debtors by other divisions, departments and/or governmental units of the Claimants.

7.      Each Party agrees that this Stipulation and Order shall not be used in any other proceeding for any purpose.

8.      This Stipulation and Order shall be binding upon and inure to the benefit of the
Debtors, their estates and the Claimants, as well as their respective heirs, representatives,
predecessors, successors and assigns, as the case may be.  This Stipulation and Order shall be
binding on any official committee, trustee or examiner appointed in the Debtors' Chapter 11
Cases and on all other creditors and parties in interest in the Debtors' Chapter 11 Cases.

9.      Nothing in this Stipulation and Order shall in any way be construed as or deemed
to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and
Order regarding any claim or right that such Party may have against any other Party to this
Stipulation and Order unless such claim or right is specifically addressed in this Stipulation and
Order.

10.     This Stipulation and Order may be signed in counterpart originals and delivered
by facsimile or email, which, when fully executed, shall constitute a single original.  A facsimile
or email signature delivered by portable data format (.pdf) shall be deemed an original.  Each
Party who executes this Stipulation on behalf of a Party hereto represents that he or she is duly
authorized to execute this Stipulation on behalf of such Party, that they have full knowledge of
and have consented to the terms of this Stipulation and Order.

11.     This Stipulation and Order contains the entire agreement between the Parties with
respect to the subject matter hereof, and may only be modified in writing, signed by the Parties
or their duly appointed agents.

12.     For the avoidance of doubt, nothing herein shall constitute an assumption of any
contract or agreement between the Parties.

13.     The Bankruptcy Court shall retain exclusive jurisdiction with respect to any
matters, claims, rights or disputes arising from or related to this Stipulation and Order or any

other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order. Any request for relief brought before the Court to resolve a dispute arising from or related to this Stipulation and Order, and the matters agreed to herein, shall be brought on proper notice and in accordance with the relevant Federal Rules of Bankruptcy Procedure and Local Rules of the United States Bankruptcy Court for the Southern District of New York.

14. The Debtors' claims agent, Kroll Restructuring Administration, and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order.

15. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained. This Stipulation and Order shall be effective immediately upon approval by the Court.

Stipulated and agreed to by:

Dated: New York, New York
      February 23, 2024

| | |
|---|---|
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **OFFICE OF THE ATTORNEY GENERAL OF TEXAS** |
| By:   */s/ Jane VanLare* | By:   */s/ Layla D. Milligan* |
| Sean A. O'Neal | LAYLA D. MILLIGAN |
| Luke A. Barefoot | Texas State Bar No. 24026015 |
| Jane VanLare | SEAN T. FLYNN |
| Thomas S. Kessler | Texas State Bar No. 24074214 |
| CLEARY GOTTLIEB STEEN & HAMILTON LLP | P. O. Box 12548 |
| One Liberty Plaza | Austin, Texas 78711-2548 |
| New York, New York 10006 | Telephone: (512) 463-2173 |
| Telephone: (212) 225-2000 | Facsimile: (512) 936-1409 |
| Facsimile: (212) 225-3999 | layla.milligan@oag.texas.gov |
| | sean.flynn@oag.texas.gov |
| *Counsel to the Debtors and Debtors-in-Possession* | *Counsel to Claimants the Texas State Securities Board and Texas Department of Banking* |

**SO ORDERED THIS 15th DAY OF March, 2024**

_**/s/ Sean H. Lane**_
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE