Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Genesis Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 1275** |

**NOTICE OF DEBTORS' REVISED PROPOSED ORDER
APPROVING A SETTLEMENT AGREEMENT BETWEEN THE
DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

       **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Genesis Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

       **PLEASE TAKE FURTHER NOTICE** that, on February 8, 2024 the Debtors filed the *Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the*

---

[1]    The Genesis Debtors in the above captioned cases, along with the last four digits of each Genesis Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of the above captioned cases, the service address for the Genesis Debtors is 175 Greenwich St, 38th Floor, New York, NY 10003.

*New York State Office of the Attorney General* (the "Motion") (ECF No. 1275), which attached a proposed order as Exhibit A thereto (the "Proposed Order").

   **PLEASE TAKE FURTHER NOTICE** that, attached hereto as **Exhibit A** is a revised Proposed Order (the "Revised Proposed Order"), which resolves concerns expressed by the Unsecured Creditors' Committee (the "Committee") and has been agreed among the Genesis Debtors, the Committee and the New York State Office of the Attorney General. A blackline of the Revised Proposed Order against the Proposed Order originally submitted with the Motion is attached hereto as **Exhibit B**.

   **PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Motion took place before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 on **February 26-28, 2024** in person and through Zoom for government.

   **PLEASE TAKE FURTHER NOTICE** that copies of the Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Genesis Debtors' notice and claims agent, Kroll Restructuring Administration LLC located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

   **PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Motion carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

Dated: March 15, 2024
    New York, New York

*/s/ Sean A. O'Neal*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel for the Genesis Debtors
and Debtors-in-Possession*

# EXHIBIT A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[2] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE
DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

Upon the motion (the "Motion")[3] of Genesis Global Capital, LLC ("GGC") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") approving the Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and rule 9019 of the Bankruptcy Rules; and upon the *Declaration of Paul Aronzon in Support of Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (the "Aronzon Declaration") attached to the Motion as **Exhibit B**; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[2] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtors and their estates; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The Debtors have demonstrated sound business judgment for entering into the Settlement Agreement.

2. The terms of the Settlement Agreement evidence good faith, arm's-length negotiations and are fair and equitable.

3. The settlement is plainly within the range of reasonableness and in the best interests of the Debtors and their estates and the creditors in this case.

4. Based on the record before the Court, the Debtors have demonstrated good and sufficient basis for the Court to approve the Motion.

**IT IS THEREFORE ORDERED THAT:**

5. The Motion is GRANTED to the extent set forth herein.

6. The settlement is approved and authorized and the Debtors are authorized to perform in accordance with the terms of the Settlement Agreement.

7. The provisions of the Settlement Agreement are incorporated herein by reference and shall be effective and binding as though fully set forth herein. To the extent that there is any conflict between this Order and the actual terms and conditions of the Settlement Agreement, the actual terms and conditions of the Settlement Agreement shall control.

8. As set forth in the Settlement Agreement, the NYAG Claims against GGC, GAP and GGH are hereby ALLOWED in the aggregate amount of the NYAG Claims Amount, which shall be paid only after payment in full of all other allowed administrative expense, secured, priority, Intercompany Claims (as defined in the Chapter 11 Plan), and general unsecured claims (excluding, for the avoidance of doubt, any claims of the Other Defendants or their affiliates (other than allowed Intercompany Claims or general unsecured claims of the Debtors and their subsidiaries), any general unsecured claims of Governmental Units (as defined in the Chapter 11 Plan or the Amended Plan), or any subordinated claims), it being understood that payment in full of general unsecured claims shall be calculated as if any general unsecured claim based on a loan[4] or investment denominated in any type of digital asset is converted into the equivalent U.S. dollar value using the price of the applicable digital asset on the applicable distribution calculation date, or as otherwise ordered by this Court. In addition, with respect to any distributions to NYAG in the GGC Bankruptcy Case with respect to any dollar-denominated unsecured claims, the Allowed NYAG Claims in such class shall be treated as *pari passu* with any allowed claims of the Securities and Exchange Commission in such class, including with respect to any distributions to be made on account of such allowed claims.

---

[4] For the avoidance of doubt, the terms "loan", "lender" and "investment" in this Motion are used solely for ease of reference and in no way reflect a determination of whether such transactions constitute, involve, or relate to the issuance, exchange, purchase, sale, promotion, negotiation, advertisement, investment advice, or distribution of securities or commodities.

9. The Debtors are authorized to enter into the Settlement Agreement and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions that may be reasonably necessary or appropriate to implement the agreements, and perform all obligations contemplated thereunder.

10. For the avoidance of doubt, nothing in this Order or the Settlement Agreement shall be deemed to limit, or have the effect of limiting, (1) the power of the Debtors (or their successors and assigns) to pursue any Retained Causes of Action (as defined in the Chapter 11 Plan) or (2) to the extent not inconsistent with the Settlement Agreement, any provision of any confirmation order entered in these Chapter 11 Cases.

11. This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding.

12. The terms and provisions of this Order shall be immediately effective and enforceable upon its entry. The effectiveness of this Order shall not be stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise.

13. The Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

14. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
      White Plains, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge

# EXHIBIT B

**Blackline of the Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

Upon the motion (the "Motion")[2] of Genesis Global Capital, LLC ("GGC") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") approving the Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and rule 9019 of the Bankruptcy Rules; and upon the *Declaration of Paul Aronzon in Support of Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (the "Aronzon Declaration") attached to the Motion as **Exhibit B**; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

found that the relief requested in the Motion is in the best interests of the Debtors and their estates; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**<u>IT IS HEREBY FOUND AND DETERMINED THAT</u>:**

1. The Debtors have demonstrated sound business judgment for entering into the Settlement Agreement.

2. The terms of the Settlement Agreement evidence good faith, arm's-length negotiations and are fair and equitable.

3. The settlement is plainly within the range of reasonableness and in the best interests of the Debtors and their estates and the creditors in this case.

4. Based on the record before the Court, the Debtors have demonstrated good and sufficient basis for the Court to approve the Motion.

**<u>IT IS THEREFORE ORDERED THAT</u>:**

5. The Motion is GRANTED to the extent set forth herein.

6. The settlement is approved and authorized and the Debtors are authorized to perform in accordance with the terms of the Settlement Agreement.

7. The provisions of the Settlement Agreement are incorporated herein by reference and shall be effective and binding as though fully set forth herein. To the extent that there is any conflict between this Order and the actual terms and conditions of the Settlement Agreement, the actual terms and conditions of the Settlement Agreement shall control.

8. As set forth in the Settlement Agreement, the NYAG Claims against GGC, GAP and GGH are hereby ALLOWED in the aggregate amount of the NYAG Claims Amount, which shall be paid only after payment in full of all other allowed administrative expense, secured, priority, Intercompany Claims (as defined in the Chapter 11 Plan), and general unsecured claims (excluding, for the avoidance of doubt, any claims of the Other Defendants or their affiliates (other than allowed Intercompany Claims or general unsecured claims of the Debtors and their subsidiaries), any general unsecured claims of Governmental Units (as defined in the Chapter 11 Plan or the Amended Plan), or any subordinated claims), it being understood that payment in full of general unsecured claims shall be calculated as if any general unsecured claim based on a loan[3] or investment denominated in any type of digital asset is converted into the equivalent U.S. dollar value using the price of the applicable digital asset on the applicable distribution calculation date, or as otherwise ordered by this Court. In addition, with respect to any distributions to NYAG in the GGC Bankruptcy Case with respect to any dollar-denominated unsecured claims, the Allowed NYAG Claims in such class shall be treated as *pari passu* with any allowed claims of the Securities and Exchange Commission in such class, including with respect to any distributions to be made on account of such allowed claims.

---

[3] For the avoidance of doubt, the terms "loan", "lender" and "investment" in this Motion are used solely for ease of reference and in no way reflect a determination of whether such transactions constitute, involve, or relate to the issuance, exchange, purchase, sale, promotion, negotiation, advertisement, investment advice, or distribution of securities or commodities.

9. The Debtors are authorized to enter into the Settlement Agreement and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions that may be reasonably necessary or appropriate to implement the agreements, and perform all obligations contemplated thereunder.

10. For the avoidance of doubt, nothing in this Order or the Settlement Agreement shall be deemed to limit, or have the effect of limiting, (1) the power of the Debtors (or their successors and assigns) to pursue any Retained Causes of Action (as defined in the Chapter 11 Plan) or (2) to the extent not inconsistent with the Settlement Agreement, any provision of any confirmation order entered in these Chapter 11 Cases.

11. ~~10.~~ This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding.

12. ~~11.~~ The terms and provisions of this Order shall be immediately effective and enforceable upon its entry. The effectiveness of this Order shall not be stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise.

13. ~~12.~~ The Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

14. ~~13.~~ This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
White Plains, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge