**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | **Chapter 11** |
| **GENESIS GLOBAL HOLDCO, LLC, *et al.,*[1]** | **Case No. 23-10063 (SHL)** |
| Debtors. | **(Jointly Administered)** |

## COVERSHEET TO SECOND INTERIM FEE APPLICATION OF GRANT THORNTON LLP AS TAX ADVISORS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2023 THROUGH JANUARY 31, 2024

| | |
|---|---|
| **Name of Applicant:** | Grant Thornton LLP ("**Grant Thornton**") |
| **Authorized to Provide Professional Services to:** | Genesis Global Holdco, LLC, *et al.* ("**Debtors**") |
| **Date of Order Approving Debtors' Payment of Fees and Expenses of Applicant:** | May 8, 2023 (*nunc pro tunc* to April 4, 2023) [ECF No. 299] |
| **Period for Which Fees and Reimbursement is Sought:** | October 1, 2023 through January 31, 2024 ("**Fee Period**") |
| **Amount of Fees Sought During Current Fee Period as Actual, Reasonable, and Necessary:** | $4,420.00 |
| **Amount of Expense Reimbursement Sought During Current Fee Period as Actual, Reasonable, and Necessary:** | $7,540.70 |
| **Amount of Fees Requested to be Paid for Prior Fee Periods (i.e., Holdback Release of 5%):**[2] | $3,731.77 |
| **Total Current Fees (95%), Current Expenses (100%) and Holdback Release (5%) Requested to be Paid During Fee Period:**[3] | $4,199.00 + $7,540.70 + $3,731.77 = **$15,471.47** |
| **This is a(n): ___ monthly _X_ interim application ___ final application** | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] In accordance with the order approving Grant Thornton's first interim fee application, ECF No. 1051, the Court authorized a 10% holdback of $7,463.55 in fees, of which Grant Thornton requests that $3,731.77 be authorized to be paid as part of this Application (as defined below), thereby reducing the amount of such holdback to 5% (i.e., $3,731.78).

[3] Grant Thornton expects that all outstanding amounts owed on account of prior monthly fee statements, less a 20% holdback of fees, will be paid prior to the hearing on this Application in the aggregate amount of $3,536.00 in fees (less $884.00 on account of a 20% holdback) plus $7,540.70 in expense reimbursement; provided that if such payments are not received, Grant Thornton reserves its right to update the Court and seek payment of such amounts at such hearing or to otherwise request compensation for such services and reimbursement of such expenses in a future fee application.

### SUMMARY OF MONTHLY FEE STATEMENTS FOR FEE PERIOD

| Period Covered | Monthly Fee Application Totals | | Total Monthly Amounts Requested | | Total Paid (or to be Paid) | Total Remaining Unpaid Balance |
|---|---|---|---|---|---|---|
| | Fees (100%) | Expenses (100%) | Fees (80%) | Expenses (100%) | | |
| 10/1/23 to 10/31/23 [ECF No. 1033] ("3rd MFS") | $2,162.00 | $3,149.00 | $1,729.60 | $3,149.00 | $4,878.60 | $432.40 |
| 11/1/23 to1/31/24 [ECF No. 1408] ("4th MFS") | $2,258.00 | $4,391.70 | $1,806.40 | $4,391.70 | $6,198.10 | $451.60 |
| **TOTALS** | **$4,420.00** | **$7,540.70** | **3,536.00** | **$7,540.70** | **$11,076.70** | **$884.00** |

### SUMMARY OF PRIOR INTERIM FEE APPLICATIONS

| Period Covered | Interim Fee Application Total | | Total Amounts | | Total Paid | Unpaid Balance |
|---|---|---|---|---|---|---|
| | Fees (100%) | Expenses (100%) | Fees (90%) | Expenses (100%) | | |
| 4/4/23 to 9/30/23 [ECF No. 920] | **$74,635.50** | **$938.00** | **$67,171.95** | **$938.00** | **$68,109.95** | **$7,463.55** |
| **TOTALS** | **$74,635.50** | **$938.00** | **$67,171.95** | **$938.00** | **$68,109.95** | **$7,463.55** |

### SUMMARY OF HOURS & COMPENSATION PER PROJECT CATEGORY

| Project Category | Category Description | Total Hours | Total Compensation |
|---|---|---|---|
| Tax Bankruptcy Consulting | This category includes activities associated with assisting Debtors' management with assessing the tax consequences of their chapter 11 cases. | 4.9 | $4,420.00 |

## SUMMARY OF HOURLY SERVICES BY PROFESSIONAL DURING FEE PERIOD

| LAST NAME | FIRST NAME | TITLE | TOTAL TIME | BILLING RATE | Total Compensation |
|---|---|---|---|---|---|
| Angstadt | Brian | Partner | 3.2 | $980.00 | $3,136.00 |
| Borghino | Jeffrey | Partner | 0.3 | $980.00 | $294.00 |
| Dodson | Jeffrey | Manager | 1.0 | $750.00 | $750.00 |
| Steinberg | Daniel | Senior Associate | 0.4 | $600.00 | $240.00 |
| **TOTAL** | | | **4.9** | | **$4,420.00** |
| | | | | **80%** | **$3,536.00** |
| | | | | **20%** | **$884.00** |
| | | | | **Blended Hourly Rate** | **$902.04** |

## SUMMARY OF OUT-OF-POCKET EXPENSES

| CATEGORY | AMOUNT |
|---|---|
| External Legal Counsel (See **Exhibit C** for Supporting Invoices) | $7,540.70 |
| **TOTAL** | **$7,540.70** |

## ADDITIONAL SUPPORTING EXHIBITS

In further support of this Application, attached to the Application are the following exhibits:

1. **Exhibit A**:  Certification of Brian Angstadt, Partner
2. **Exhibit B**:  Detailed Time Records for the Fee Period
3. **Exhibit C**:  Supporting Time Records for Expenses of Outside Legal Counsel
4. **Exhibit D**:  Comparative Rate Chart

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>**GENESIS GLOBAL HOLDCO, LLC, *et al.*,[1]**<br><br>Debtors. | Chapter 11<br><br>Case No. 23-10063 (SHL)<br><br>(Jointly Administered) |

### SECOND INTERIM FEE APPLICATION OF GRANT THORNTON LLP AS TAX ADVISORS TO THE DEBTORS FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OCTOBER 1, 2023 THROUGH JANUARY 31, 2024

In accordance with sections 330 and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure, Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Guidelines**"), the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York (the "**Guidelines**"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [ECF No. 101] ("**Interim Compensation Order**"), dated February 24, 2023, Grant Thornton hereby submits this *Second Interim Fee Application of Grant Thornton LLP as Tax Advisors to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period October 1, 2023 Through January 31, 2024* (this "**Application**"), seeking compensation for services rendered and reimbursement of expenses incurred as tax advisors to the Debtors on an interim basis for the Fee Period of October 1, 2023 through and including January 31, 2024.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

By this Application, Grant Thornton seeks an order authorizing and directing the: (i) interim allowance of compensation for the professional services rendered by Grant Thornton during the Fee Period in the amount of $4,420.00, representing 4.9 hours of professional services rendered to the Debtors; (ii) interim allowance of reimbursement of actual and necessary expenses incurred by Grant Thornton during the Fee Period in the amount of $7,540.70; and (iii) payment by the Debtors in the aggregate amount of $15,471.47 (less any amounts previously paid to Grant Thornton on account of the Monthly Fee Statements, as defined below), representing 95% of the fees incurred by Grant Thornton during the Fee Period (i.e., $4,199.00), plus 100% of the expenses incurred by Grant Thornton during the Fee Period (i.e., $7,540.70), plus the payment of $3,731.78 in order to reduce the prior 10% holdback ordered in Grant Thornton's prior first interim fee application, ECF No. 1051, to a 5% holdback.

## JURISDICTION

1.      The United States Bankruptcy Court for the Southern District of New York (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.      Genesis Global Holdco, LLC (together with the other Debtors and the non-debtor subsidiaries of Genesis Global Holdco, LLC, the "**Company**") and its non-debtor affiliate Genesis Global Trading, Inc. ("**GGT**") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the non-debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Genesis Global Holdco, LLC is a sister company of GGT and 100% owned by the Debtors' ultimate parent company ("**DCG**").

4. On January 19, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b), ECF No. 37.

5. No trustee or examiner has been appointed in the chapter 11 cases. On February 3, 2023, the Committee was appointed in these cases, ECF No. 55.

*6.* Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the chapter 11 cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2*, ECF No. 17, the *Declaration of Paul Aronzon in Support of Chapter 11 Petition and First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 19, and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2*, ECF No. 28.

## THE DEBTORS' RETENTION OF GRANT THORNTON

7. Pursuant to an order entered on May 8, 2023, ECF. No. 299, Grant Thornton was authorized to serve as tax advisors to the Debtors, *nunc pro tunc* to April 4, 2023.

8. Grant Thornton has been engaged by these estates to perform tax advisory services that the Debtors deem appropriate and feasible to assist management with assessing the tax consequences of the chapter 11 cases, including, but not limited to, the following professional services:

    a. meeting with the Company and/or their service providers to discuss status, questions, recommendations and/ or conclusions;

    b. reviewing and commenting on bankruptcy documents, draft sales agreements and/or other transaction related agreements;

    c. with respect to the tax basis of the balance sheet, (i) calculating the tax basis of assets (except stock in subsidiaries) held by the Debtors and their subsidiaries and (ii) reviewing the allocation of consolidated net operating losses and general business credit carryforwards to the Debtors and their subsidiaries under Treasury Regulation

Section 1.1502-21;

d.  analyzing subsidiary stock basis, including calculating the stock basis of the stock of subsidiaries held by the Debtors under Treasury Regulation Section 1.1502-32;

e.  analyzing attribute reduction, including calculating the tax attribute reduction under section 108(b) and Treasury Regulation Section 1.1502-28 for the Debtors and their subsidiaries;

f.  to the extent necessary, (i) calculating the taxable gain (loss) on any sale of assets in connection with the chapter 11 cases and (ii) analyzing whether any realized taxable gain (loss) is capital or ordinary in nature for income tax purposes;

g.  analyzing intercompany transactions, including the effect of Treasury Regulation Section 1.1502-13 on the chapter 11 cases, including the effect of intercompany obligations between the Debtors and their subsidiaries and the members of DCG resulting from the chapter 11 cases;

h.  analyzing the applicability of section 382(l)(5)/(l)(6) related to any ownership changes and, to the extent requested, reviewing any historic section 382 analysis prepared by DCG related to historic ownership shifts occurring prior to the chapter 11 cases;

i.  assessing the availability of alternative transactions and structures;

j.  performing state income tax analysis, including analyzing the state income tax treatment related to the chapter 11 cases; and

k.  preparing written technical documentation with conclusions and technical support of such conclusions.

9.      In considering this Application, and as set forth in greater detail in *Debtors' Application for an Order Authorizing Employment and Retention of Grant Thornton LLP as Tax Services Provider for the Debtors and Debtors-In-Possession Nunc Pro Tunc to April 4, 2023*, ECF No. 228, it should be noted that Grant Thornton has considerable expertise and extensive knowledge of federal, state and local tax matters, as well as experience in providing accounting and tax advisory services in chapter 11 cases.

10.     Grant Thornton asserts that the work encompassed by this Application for which compensation is sought was reasonable, necessary and performed efficiently. All of the tasks summarized in this Application were performed in such a manner as to ensure minimal duplication of services in an effort to keep the administration expenses of these estates to a minimum.

### SERVICES RENDERED AND FEES AND EXPENSES SOUGHT
### ON ACCOUNT THEREOF DURING THE FEE PERIOD

11.     During the Fee Period, Grant Thornton provided limited tax advisory services to the Debtors on an as-needed basis to continue to assist the Debtors' management with assessing the tax consequences of their chapter 11 cases.  During the Fee Period, the Debtors continued to address certain complex tax issues in formulating a viable plan of reorganization in these cases, for which they needed the assistance and professional expertise of Grant Thornton.

12.     A schedule of Grant Thornton professionals, including the standard hourly rate for each professional who rendered services to the Debtors in connection with these chapter 11 cases during the Fee Period and the title, hourly rate, aggregate hours worked, and the amount of fees earned by each professional is set forth in the attached coversheet.  As reflected therein, Grant Thornton professionals billed a total of 4.9 hours and incurred $4,420.00 in fees during the Fee Period.  The blended hourly billing rate of the professionals for all services provided during the Fee Period is $902.04.

13.     In support of the Application and consistent with the Interim Compensation Order, copies of Grant Thornton's detailed time records, organized chronologically with a daily time log describing the time spent by each professional, have been furnished to this Court and the U.S. Trustee (and copies have been filed publicly on the docket with each of the Monthly Fee Statements (as defined below)).  For ease of reference, these detailed time reports also are attached to this Application as **Exhibit B**.

14.     Also set forth in the coversheet accompanying this Application is a chart of necessary and out-of-pocket expenses incurred by Grant Thornton in the amount of $7,540.70 in connection with providing professional services during the Fee Period and seeking compensation

for such services in these bankruptcy cases. Such expenses include Grant Thornton's reasonable legal expenses for counsel, time, and expenses associated with administering the engagement and bankruptcy court appearances. Attached hereto as **Exhibit C** is the invoice and supporting time records for Grant Thornton's outside legal counsel that constitute the reasonable and necessary actual, documented out-of-pocket costs, fees, disbursements, and other charges incurred by Grant Thornton in connection with utilizing such external legal counsel to assist it in administering its engagement in these bankruptcy cases.

15.     Pursuant to the terms of the Interim Compensation Order, during the Fee Period Grant Thornton filed two (2) separate monthly fee statements covering a four (4) month period (collectively, the "**Monthly Fee Statements**"): (i) for the period from October 1, 2023 through October 31, 2023 in the amount of $2,162.00 for fees and $3,149.00 for expenses (the "**October 2023 MFS**"); and (ii) for the consolidated period from November 30, 2023 through January 31, 2024 in the amount of $2,258.00 for fees and $4,391.70.00 for expenses (the "**Nov-Jan MFS**").

16.     Pursuant to the terms of the Interim Compensation Order, the Debtors filed and served a copy of Grant Thornton's Monthly Fee Statements, supported by time and disbursement records and a summary of services rendered and expenses incurred, upon each of the Notice Parties (as defined in the Interim Compensation Order) in the format specified by the Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements. No objection was filed with respect to the October 2023 MFS, and the objection deadline for the Nov-Jan MFS is March 15, 2024.

17.     Grant Thornton expects that all outstanding amounts owed on account of the Monthly Fee Statements (less the required 20% holdback pursuant to the Interim Compensation Order) will be paid prior to the hearing on this Application. In the event that Grant Thornton does not receive such payment(s), Grant Thornton reserves its right to update the Court and seek payment of such amounts at the hearing on this Application or to otherwise request compensation for such services and reimbursement of such expenses in a future fee application.

18.     As set forth in the Certification of Brian Angstadt, Partner of Grant Thornton, attached hereto as **Exhibit A**, all of the services for which interim compensation is sought herein were rendered for, and on behalf of, the Debtors in connection with these chapter 11 cases.  Grant Thornton respectfully submits that the services that it has rendered on behalf of the Debtors during the Fee Period were necessary and appropriate and have directly contributed to the effective administration of these cases.

## GRANT THORNTON'S REQUESTED COMPENSATION SHOULD BE ALLOWED

19.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  Section 330 of the Bankruptcy Code provides that a court may award a professional compensation for actual necessary services rendered and reimbursement for actual, necessary expenses.  11 U.S.C. § 330(a) (1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and value of such services, taking into account all relevant factors, including-
>
> (a)  the time spent on such services;
>
> (b)  the rates charged for such services;
>
> (c)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(d) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(e) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

20.     The foregoing professional services were performed by Grant Thornton in an efficient manner, were necessary and appropriate to the administration of the chapter 11 cases, and were in the best interests of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, and tasks involved.  Annexed hereto as **<u>Exhibit D</u>** is a chart setting forth the comparative blended rates of the professionals who rendered services with a corresponding comparison of rates for Grant Thornton professionals not involved in these chapter 11 cases, which demonstrate that the discounted rates charged in these chapter 11 cases are reasonable and less than those typically charged by Grant Thornton.

<u>**NOTICE**</u>

21.     The Debtors will provide notice of this Application in accordance with the Interim Compensation Order.  Grant Thornton submits that no other or further notice be given.

WHEREFORE, Grant Thornton, in connection with services rendered on behalf of the Debtors during the Fee Period, respectfully requests: (i) interim allowance of compensation for the professional services rendered by Grant Thornton in the amount of $4,420.00; (ii) interim allowance of reimbursement of actual and necessary expenses incurred by Grant Thornton in the amount of $7,540.70; (iii) payment in the aggregate amount of $15,471.47 (less any amounts previously paid to Grant Thornton on account of the Monthly Fee Statements), representing 95% of the fees incurred by Grant Thornton during the Fee Period (<u>i.e.</u>, $4,199.00), plus 100% of the expenses incurred by Grant Thornton during the Fee Period (<u>i.e.</u>, $7,540.70),

plus the payment of $3,731.78 in order to reduce the prior 10% holdback ordered in Grant

Thornton's prior first interim fee application, ECF No. 1051, to a 5% holdback; and (iv)

such other and further relief as the Court deems appropriate.


Dated: March 15, 2024                         Respectfully submitted,
         Atlanta, GA


                                        By:_____
                                              Brian Angstadt
                                              Mergers and Acquisitions Tax Services
                                              Partner, Grant Thornton LLP
                                              1100 Peachtree St., NE, Suite 1400
                                              Atlanta, GA 30309
                                              Email: brian.angstadt@us.gt.com
                                              Telephone: (404) 330-2000

## EXHIBIT A

## CERTIFICATION OF BRIAN ANGSTADT

I, Brian Angstadt, hereby certify as follows:

1.      I am a Partner of the firm of Grant Thornton LLP ("**Grant Thornton**").  I am duly authorized to execute this certification on behalf of Grant Thornton.

2.      I submit this certification in support of the *Second Interim Fee Application of Grant Thornton LLP as Tax Advisors to the Debtors for Allowance of Compensation and Reimbursement of Expenses for the Period October 1, 2023 Through January 31, 2024* (this "**Application**").  Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Application.

3.      I am familiar with the work performed on behalf of the Debtors as set forth in the Application.

4.      I have personally reviewed the information contained in the Application to certify to certain matters addressed in the Interim Compensation Order, Rule 2016-1 of the Local Guidelines, and the *U.S. Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, effective November 1, 2013 (the "**UST Guidelines**," and together with the Local Guidelines, the "**Fee Guidelines**").

5.      To the best of my knowledge, information and belief formed after reasonable inquiry of Grant Thornton's accounting personnel and staff, I believe the contents of the Application to be true and correct in all material respects and that the Application materially complies with the mandatory guidelines set forth in the Fee Guidelines except as otherwise indicated in the Application.

6.      Except to the extent prohibited by the UST Guidelines, the fees and out-of-pocket expenses sought herein have been billed in accordance with practices customarily employed by Grant Thornton and accepted by Grant Thornton's clients.

7.      With respect to expenses and reimbursable services incurred for which reimbursement is sought, Grant Thornton: (i) does not make a profit; (ii) does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay; and (iii) seeks reimbursement of services purchased from or contracted for with a third-party vendor only in the amount billed to Grant Thornton by and paid or to be paid by Grant Thornton to the vendor.

8.      Pursuant to section B(2) of the Local Guidelines, I certify that Grant Thornton has previously provided monthly statements of Grant Thornton's fees and disbursements by filing and serving monthly statements in accordance with the Interim Compensation Order.

9.      Pursuant to section B(3) of the Local Guidelines, I certify that: (a) the Debtors; (b) the chair of the Committee; and (c) the Office of the United States Trustee for the Southern District of New York will be provided with a copy of the Application concurrently with the filing thereof and will have at least 14 days to review such Application prior to any objection deadline with respect thereto.

I certify, under penalty of perjury, that the foregoing statements made by me are true and correct, to the best of my knowledge, information, and belief.

Dated:  March 15, 2024
        Atlanta, GA                                    _____
                                                       Brian Angstadt

**EXHIBIT B**

**DETAILED TIME RECORDS**

| Name | Title | Date of Service | Hours | Hourly Rate | Total Compensation | FINAL NARRATIVE |
|------|-------|-----------------|-------|-------------|--------------------|-----------------|
| Angstadt, Brian | Partner | 10/11/2023 | 1.00 | $980.00 | $980.00 | External call w GT (B. Angstadt), Cleary (W. McRae), and EY (E. Sapir and E. Harvey) to discuss status of bankruptcy filings |
| Angstadt, Brian | Partner | 10/17/2023 | 0.50 | $980.00 | $490.00 | External call w GT (B. Angstadt), Cleary (W. McRae), and EY (E. Sapir and E. Harvey) to discuss proposed transaction and status of bankruptcy filings |
| Dodson, Jeffrey C | Manager | 10/26/2023 | 0.40 | $750.00 | $300.00 | External call w GT (B. Angstadt, J. Dodson), Cleary (W. McRae), and EY (E. Sapir and E. Harvey) to discuss proposed transaction language and 1099 reporting |
| Angstadt, Brian | Partner | 10/26/2023 | 0.40 | $980.00 | $392.00 | External call w GT (B. Angstadt, J. Dodson), Cleary (W. McRae), and EY (E. Sapir and E. Harvey) to discuss proposed transaction language and 1099 reporting |
| Angstadt, Brian | Partner | 11/1/2023 | 0.20 | $980.00 | $196.00 | External call w GT (B. Angstadt, J. Dodson), Genesis ( D. Horowitz), Cleary (W. McRae ), and EY (E. Harvey) to discuss proposed transaction |
| Dodson, Jeffrey C | Manager | 11/1/2023 | 0.20 | $750.00 | $150.00 | External call w GT (B. Angstadt, J. Dodson), Genesis ( D. Horowitz), Cleary (W. McRae ), and EY (E. Harvey) to discuss proposed transaction |
| Borghino, Jeffery John | Partner | 11/7/2023 | 0.30 | $980.00 | $294.00 | Review tax language in agreement regarding 1099 reporting |
| Angstadt, Brian | Partner | 11/8/2023 | 0.20 | $980.00 | $196.00 | External call w GT (B. Angstadt), Genesis ( D. Horowitz), Cleary (W. McRae ), and EY (E. Sapir, E. Harvey) to discuss proposed language regarding 1099 reporting |
| Angstadt, Brian | Partner | 11/17/2023 | 0.20 | $980.00 | $196.00 | External call w GT (B. Angstadt), Genesis ( D. Horowitz), Cleary (W. McRae, K. Heiland ), and EY (E. Sapir, E. Harvey) to discuss proposed language in agreement |
| Angstadt, Brian | Partner | 11/29/2023 | 0.20 | $980.00 | $196.00 | External call w GT (B. Angstadt, J. Dodson, D. Steinberg), and EY (E. Sapir, E. Harvey) to discuss current updates to plan |
| Steinberg, Daniel | Senior Associate | 11/29/2023 | 0.20 | $600.00 | $120.00 | External call w GT (B. Angstadt, J. Dodson, D. Steinberg), and EY (E. Sapir, E. Harvey) to discuss current updates to plan |
| Dodson, Jeffrey C | Manager | 11/29/2023 | 0.20 | $750.00 | $150.00 | External call w GT (B. Angstadt, J. Dodson, D. Steinberg), and EY (E. Sapir, E. Harvey) to discuss current updates to plan |

| Name | Title | Date of Service | Hours | Hourly Rate | Total Compensation | FINAL NARRATIVE |
|------|-------|-----------------|-------|-------------|--------------------|-----------------|
| Angstadt, Brian | Partner | 12/12/2023 | 0.30 | $980.00 | $294.00 | External call w GT (B. Angstadt, J. Dodson, D. Steinberg), Cleary (W. McRae), and A&M (L. Cherrone) to discuss Coin Balance Sheet |
| Steinberg, Daniel | Senior Associate | 12/13/2023 | 0.20 | $600.00 | $120.00 | External call w GT (B. Angstadt, J. Dodson, D. Steinberg), and Genesis (D. Horowitz) to discuss current updates to plan |
| Dodson, Jeffrey C | Manager | 12/13/2023 | 0.20 | $750.00 | $150.00 | External call w GT (B. Angstadt, J. Dodson, D. Steinberg), and Genesis (D. Horowitz) to discuss current updates to plan |
| Angstadt, Brian | Partner | 12/13/2023 | 0.20 | $980.00 | $196.00 | External call w GT (B. Angstadt, J. Dodson, D. Steinberg), and Genesis (D. Horowitz) to discuss current updates to plan |
| **TOTAL** | | | **4.9** | | **$4,420.00** | |

## EXHIBIT C

**SUPPORTING TIME RECORDS FOR EXPENSES OF OUTSIDE LEGAL COUNSEL**

| CATEGORY | AMOUNT |
|---|---|
| External Legal Counsel (See Attached Supporting Invoices) | $7,540.70 |
| **TOTAL** | **$7,540.70** |



Sklar Kirsh, LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 845-6416 MAIN
accounting@sklarkirsh.com
Tax I.D. 37-1711630

Grant Thornton, LLP
Attn: Chris Stathopoulos
171 N. Clark Street, Suite 200
Chicago, IL  60601
chris.stathopoulos@us.gt.com; Liz.Piechnik@us.gt.com

November 27, 2023

Invoice #60030

Due Upon Receipt

For Professional Services Rendered Through October 31, 2023

## Matter: Genesis Global - Legal Services

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 10/03/2023 | KKF | Telephone conference with C. Ribeiro re: timing and procedure for monthly and interim fee applications (0.1).  Drafted first consolidated monthly fee application covering April-August 2023 time (1.6). | 1.70 | $670.00 | $1,139.00 |
| 10/04/2023 | KKF | Finalized first consolidated monthly fee statement to get on file. | 0.30 | $670.00 | $201.00 |
| 10/24/2023 | KKF | Drafted monthly fee application for September. | 0.90 | $670.00 | $603.00 |
| 10/26/2023 | KKF | Exchanged emails with B. Angstadt and C. Riberio re: payment procedures for monthly fee applications and filing same. | 0.20 | $670.00 | $134.00 |
| 10/31/2023 | KKF | Drafted first interim fee application. | 1.60 | $670.00 | $1,072.00 |
| | | For professional services rendered | 4.7 hrs | | $3,149.00 |
| | SUBTOTAL | | | | $3,149.00 |
| | | Total amount of this bill | | | $3,149.00 |
| | | Previous balance | | | $938.00 |
| | | Total Payments and Adjustments | | | $0.00 |
| | | Balance due upon receipt | | | $4,087.00 |

### Timekeeper Summary

| Name | Initials | Title | Hours | Rate | Amount |
|------|----------|-------|-------|------|--------|
| Kelly K. Frazier | KKF | Of Counsel | 4.70 | $670.00 | $3,149.00 |



Sklar Kirsh, LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 845-6416 MAIN
accounting@sklarkirsh.com
Tax I.D. 37-1711630

Grant Thornton, LLP
Attn: Chris Stathopoulos
171 N. Clark Street, Suite 200
Chicago, IL  60601
chris.stathopoulos@us.gt.com; Liz.Piechnik@us.gt.com

December 19, 2023

Invoice #60915

Due Upon Receipt

For Professional Services Rendered Through November 30, 2023

---

## Matter: Genesis Global - Legal Services

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 11/03/2023 | KKF | Drafted interim fee application (2.4).  Drafted emails to B. Angstadt and C. Riberio re: missing information and final review before filing (0.3). | 2.70 | $670.00 | $1,809.00 |
| 11/07/2023 | KKF | Exchanged emails with B. Angstadt and C. Riberio re: coordination for finalizing Grant Thornton's first interim fee application. | 0.20 | $670.00 | $134.00 |
| 11/08/2023 | KKF | Telephone conference with C. Riberio re: review of Grant Thornton interim fee application (0.2).  Drafted email to B. Angstadt re: same (0.1). | 0.30 | $670.00 | $201.00 |
| 11/09/2023 | KKF | Exchanged emails with B. Angstadt re: updating information on exhibits in the interim fee application. | 0.20 | $670.00 | $134.00 |
| 11/13/2023 | KKF | Telephone conference with C. Riberio re: final changes to the interim fee application to void duplication of effort in drafting tax section (0.1).  Finalized interim fee application and forwarded same to B. Angstandt for final review and signature (0.6). | 0.70 | $670.00 | $469.00 |
| 11/30/2023 | ASB | Requested Invoice to complete Fee Statement.  Reviewed spreadsheets from client for preparation of Fee Statement.. | 0.40 | $375.00 | $150.00 |

| | | For professional services rendered | 4.5 hrs | | $2,897.00 |
|---|---|---|---|---|---|

SUBTOTAL $2,897.00

Total amount of this bill $2,897.00

Grant Thornton LLP
December 19, 2023
Invoice # 60915

## Timekeeper Summary

| Name | Initials | Title | Hours | Rate | Amount |
|------|----------|-------|-------|------|--------|
| Kelly K. Frazier | KKF | Of Counsel | 4.10 | $670.00 | $2,747.00 |
| Amy S. Bender | ASB | Paralegal | 0.40 | $375.00 | $150.00 |

*It is a pleasure working with you.  We appreciate your business.*



SKLAR
KIRSH

Sklar Kirsh, LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 845-6416 MAIN
accounting@sklarkirsh.com
Tax I.D. 37-1711630

Grant Thornton, LLP
Attn: Chris Stathopoulos
171 N. Clark Street, Suite 200
Chicago, IL  60601
chris.stathopoulos@us.gt.com; Liz.Piechnik@us.gt.com

January 29, 2024

Invoice #61288

Due Upon Receipt

For Professional Services Rendered Through December 31, 2023

## Matter: Genesis Global - Legal Services

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 12/01/2023 | ASB | Prepared Third Monthly Fee Application for signature. | 1.20 | $375.00 | $450.00 |
| 12/04/2023 | KKF | Reviewed and revised 3rd MFS for October (0.3).  Exchanged emails with B. Angstadt and C. Riberio re: final execution and filing of same (0.2). | 0.50 | $670.00 | $335.00 |
| 12/07/2023 | KKF | Reviewed docket for objections to interim fee application and exchanged emails with C. Ribiero re: same. | 0.10 | $670.00 | $67.00 |
| 12/28/2023 | KKF | Exchanged emails with C. Stathopolous and C. Ribiero re: discovery requests from Weil (0.3).  Telephone conference with H. Kim re: coordination of responses to discovery requests and context of requests made by Weil (0.2). | 0.50 | $670.00 | $335.00 |
| | | For professional services rendered | 2.3 hrs | | $1,187.00 |

## Matter: Genesis Global - Expenses

| Date | Description | Amount |
|------|-------------|--------|
| 12/31/2023 | Pacer -Pacer Charges from 10/01/2023 to 12/31/2023 | $7.70 |
| | Total Charges | $7.70 |
| SUBTOTAL | | $1,194.70 |
| | Total amount of this bill | $1,194.70 |

Grant Thornton LLP
January 29, 2024
Invoice # 61288

## Timekeeper Summary

| Name | Initials | Title | Hours | Rate | Amount |
|------|----------|-------|-------|------|--------|
| Kelly K. Frazier | KKF | Of Counsel | 1.10 | $670.00 | $737.00 |
| Amy S. Bender | ASB | Paralegal | 1.20 | $375.00 | $450.00 |

It is a pleasure working with you.  We appreciate your business.



Sklar Kirsh, LLP
1880 Century Park East, Suite 300
Los Angeles, CA 90067
(310) 845-6416 MAIN
accounting@sklarkirsh.com
Tax I.D. 37-1711630

Grant Thornton, LLP
Attn: Chris Stathopoulos
171 N. Clark Street, Suite 200
Chicago, IL  60601
chris.stathopoulos@us.gt.com; Liz.Piechnik@us.gt.com

February 16, 2024

Invoice #61544

Due Upon Receipt

For Professional Services Rendered Through January 31, 2024

---

### Matter: Genesis Global - Legal Services

| Date | Initials | Description | Hours | Rate | Amount |
|------|----------|-------------|-------|------|--------|
| 01/09/2024 | ISL | Address subpoena and document production. | 0.40 | $750.00 | $300.00 |
| | | For professional services rendered | 0.4 hrs | | $300.00 |
| SUBTOTAL | | | | | $300.00 |
| | | Total amount of this bill | | | $300.00 |

## Timekeeper Summary

| Name | Initials | Title | Hours | Rate | Amount |
|------|----------|-------|-------|------|--------|
| Ian S. Landsberg | ISL | Partner | 0.40 | $750.00 | $300.00 |

It is a pleasure working with you.  We appreciate your business.

## EXHIBIT D

## CUSTOMARY AND COMPARABLE COMPENSATION
## DISCLOSURES FOR THE FEE PERIOD

| Tax Advisory Services |
|---|

| Category of Timekeeper | Standard Rates for Professionals at Grant Thornton LLP for the Fee Period[1] | Discounted Rates for Debtors' Cases |
|---|---|---|
| Partner / Managing Director | $950 - $1,145 | $980/$935 |
| Senior Manager / Director | $870 - $1,000 | $860 |
| Manager | $690 - $835 | $750 |
| Senior Associate | $455 - $675 | $600 |
| Associate | $310 - $415 | $370 |

---

[1] Rates differ within a level due to the relative experience of the staff and/or whether the applicable staff is part of Grant Thornton's national tax office.  In addition, although Grant Thornton's standard hourly tax rates were increased in August in the normal operation of its business, the hourly rates charged by Grant Thornton for professionals working on matters in these cases were not increased, with the exception of one professional who was promoted to Partner effective August 1, 2023, and as such, the agreed to hourly rate charged was reflective of this new position.