Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 1303** |

**NOTICE OF DEBTORS' REVISED PROPOSED ORDER PURSUANT
TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 2004 (I) AUTHORIZING
THE EXAMINATION OF DIGITAL CURRENCY GROUP, INC. AND DCG
INTERNATIONAL INVESTMENTS, LTD., AND (II) GRANTING RELATED RELIEF**

> **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Genesis Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

> **PLEASE TAKE FURTHER NOTICE** that, on February 12, 2024 the Debtors filed the *Debtors' Request for Entry of an Order Pursuant to 11 U.S.C. § 105 and Fed. R. Bankr. P. Rule 2004 (I) Authorizing the Examination of Digital Currency Group, Inc. and DCG*

---

[1]   The Genesis Debtors in the above captioned cases, along with the last four digits of each Genesis Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of the above captioned cases, the service address for the Genesis Debtors is 175 Greenwich St, Floor 38, New York, NY 10007.

*International Investments, Ltd. and (II) Granting Related Relief* (the "Application"),[2] ECF No. 1303), which attached a proposed order as Exhibit A thereto (the "Proposed Order").

   **PLEASE TAKE FURTHER NOTICE** that, attached hereto as **Exhibit A** is a revised Proposed Order (the "Revised Proposed Order"), which reflects (i) the resolution of document and information requests relating solely to compliance with AML/KYC standards that have been satisfied since the filing of the Application, and (ii) the unresolved document and information requests relating to the DCG Parties' financing and credit worthiness that remain outstanding. A blackline of the Revised Proposed Order against the Proposed Order originally submitted with the Application is attached hereto as **Exhibit B**.

   **PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") on the Application is scheduled for March 19, 2024 at 11:00 a.m. (prevailing ET) before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 to take place through Zoom for government.

   **PLEASE TAKE FURTHER NOTICE** that copies of the Application can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Genesis Debtors' notice and claims agent, Kroll Restructuring Administration LLC located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

   **PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Application carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

| | | |
|---|---|---|
| Dated: | March 15, 2024<br>New York, New York | */s/ Sean A. O'Neal*_____<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel for the Debtors*<br>*and Debtors-in-Possession* |

---

[2]  Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

## EXHIBIT A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. RULE 2004 (I) AUTHORIZING THE EXAMINATION OF DIGITAL CURRENCY GROUP, INC. AND DCG INTERNATIONAL INVESTMENTS, LTD. AND (II) GRANTING RELATED RELIEF

Upon the Request[2] of Genesis Global Capital, LLC ("GGC") and certain of its affiliated debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the examination of Digital Currency Group, Inc. ("DCG"), DCG International Investments, Ltd. ("DCGI" and, together with DCG, the "DCG Parties") and the Non-Party Entity pursuant to section 105 of title 11 the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Request.

Constitution; and the Court having found that venue of this proceeding and the Request in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Request is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Request was appropriate and no other notice need be provided; and the Court having reviewed the Request; and the Court having determined that the legal and factual bases set forth in the Request establish just cause for the relief granted herein; and all objections to the Request (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

The Request is GRANTED to the extent set forth herein.

1.      The DCG Parties are directed to produce documents, communications, and any other materials responsive to the requests attached as Exhibit 1 to this Order.  The DCG Parties shall respond to such document requests no later than seven days after entry of this Order.

2.      This Order is without prejudice to the rights of the Debtors to apply for any further discovery of any entity.

3.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Request or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
      New York, New York

 

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Rule 2004 Request**

## SCHEDULE A

The definitions and instructions set forth below apply to each of the requests for production of documents and interrogatories (the "Requests").

## I.    DEFINITIONS

In addition to any terms defined with the specific Requests, the following terms shall mean the following for purposes of these requests for production of documents:

1.    The Debtors incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York made applicable to this proceeding by Rule 7026-1 of the Local Rules.

2.    "All," "any," and "each" shall each be construed, pursuant to Local Rule 7026-1, as encompassing any and all.

3.    "And" and "or" shall be construed, pursuant to Local Rule 7026-1, either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.    "Beneficial Ownership Attestation Form" shall mean the form attached hereto as Exhibit 1.

5.    "Chapter 11 Cases" means the above-captioned jointly administered chapter 11 cases of the Debtors.

6.    "Communication" means any transmittal and/or receipt of information (in the form of facts, ideas, inquiries or otherwise), whether oral or written and whether chance, prearranged, formal or informal, and specifically includes conversations in person, telephone conversations, e-mail (including instant messages and text messages), voicemail, letters, memoranda, statements, media releases, press conferences, magazines and newspaper articles, testimony before a governmental body, and video and audio transmissions.  For the avoidance of doubt, the term

"Communication" shall include any and all electronic messages and/or conversations using text messaging and mobile device chat services, including but not limited to Microsoft Teams, Telegram, Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Signal, Slack, WeChat and Snapchat.

7.      "Concerning" means concerning, reflecting, relating to, relate to, arising out of, describing, discussing, analyzing, comprising, constituting, containing, considering, embodying, evaluating, evidencing, mentioning, memorializing, supporting, collaborating, demonstrating, identifying, referencing, discussing, indicating, providing, referring to, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of or arising therefrom, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

8.      "Court" means the United States Bankruptcy Court for the Southern District of New York.

9.      "DCG" means Digital Currency Group, Inc.

10.     "DCG MLA" means that certain *Amended and Restated Master Loan Agreement* dated November 10, 2022 between GGC and DCG.

11.     "DCG Parties" means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals, shareholders, members, managers, partners, employees, agents, trustee, advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies.

12.    "DCGI" means DCG International Investments Ltd.

13.    "DCGI MLA" means that certain *Master Loan Agreement* dated June 21, 2019 between GGC and DCGI.

14.    "Debtor" means Genesis Global Holdco, LLC, GGC and Genesis Asia Pacific Pte. Ltd.

15.    "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form." A draft or non-identical copy is a separate document within the meaning of this term. For the avoidance of doubt, the term "document" shall include any and all forms of recorded communications.

16.    "GGC" means Genesis Global Capital, LLC.

17.    "[ON FILE]" means [ON FILE] and all of its predecessors, successors and assigns, parents, subsidiaries, affiliates, members and each of their respective current and former officers and directors, principals, shareholders, members, managers, partners, employees, Representatives and agents.

18.    "MLAs" means the DCG MLA and the DCGI MLA.

19.    "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

20.    "Relevant Period" means the time period beginning January 1, 2023 and continuing to the date of production.

21.    "Representative" means any agent, assign, director, employee, officer, representative or any other Person acting or purporting to act on another Person's behalf, and any predecessor or successor of the foregoing.

22.    "You" or "Your" as used herein means the DCG Parties and [ON FILE] and each of the DCG Parties' and [ON FILE]'s predecessors, successors, subsidiaries, departments, divisions, including without limitation, any organization or entity that the DCG Parties or [ON FILE] control, together with all present and former directors, officers, employees, or agents.

23.    The use of the singular form of any word includes the plural and vice versa, and the use of the term "including" means including without limitation.

## II.    INSTRUCTIONS

1.    These Requests are directed to the DCG Parties and [ON FILE] and the answers are to be completed to the best of the DCG Parties' and/or [ON FILE]'s knowledge and based on the best knowledge of the DCG Parties' and/or [ON FILE]'s counsel, agents, investigators, employees, Representatives, and any other Person acting or purporting to act on the DCG Parties' or [ON FILE]'s behalf.

2.    If an objection or request for relief is made to any part of a Request, the response shall state there is an objection to the Request and the legal and factual basis for such objection. Any ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure.

3.    No part of the Requests shall be left unanswered merely because an objection is made to another part of the Requests.

4.    If You assert a claim of privilege in response to any Request, You shall indicate with specificity and particularity the basis of said claim.

5.      If You deny a Request, You shall identify and explain with particularity the reason or reasons for denial.

6.      The Requests are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, You are required promptly to serve supplemental responses if You obtain further or different information.

7.      Unless otherwise indicated, the documents hereby requested for production and inspection include all documents in Your possession, custody or control.  Without limitation of the terms "possession, custody or control" as used in the preceding sentence, a document is in Your possession, custody or control if You have actual possession or custody or the right to obtain the document or a copy thereof upon request or demand from one or more of Your independent contractors, consultants, accountants, auditors or any other Person or public or private entity that has actual possession thereof.  This includes any documents contained in any computer, mobile device, server, mainframe or other storage device (including: (i) documents on or in computer memory; (ii) documents on or in computer or network backup files; and (iii) documents which have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within Your possession, custody or control.  For the avoidance of doubt, this also includes any documents contained on any personal computer, mobile device, server, mainframe or other storage device within Your possession, regardless of whether the device is issued or owned by You.

8.      The terms "all," "any" and "each" shall be construed as encompassing all, any and each.

9.      The connectives "and," "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary, in each case, to bring within the scope of these Requests all responses that might otherwise be construed to be outside their scope.

10.      The terms "include," "includes," and "including" shall be deemed to be followed by the words "without limitation."  A list following any of these terms shall be interpreted to contain illustrative examples of the types of documents responsive to the Request, but does not constitute an exclusive, all-encompassing or exhaustive listing of every type of document responsive to the Request and shall not be deemed in any way to qualify, limit or restrict the scope of the Request.

11.      The term "possession" relates to all documents, including e-mail, text messages, mobile device chats, other messaging services and any other electronically-stored information. The term "possession" also includes documents contained in Your electronic mail (e-mail), cloud-based and mobile device directories, including: (a) "deleted" documents that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" documents, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" documents, including all subdirectories irrespective of the title of such subdirectories.

12.      The documents produced pursuant to this Request are to be either: (a) segregated and identified by the number of the Request below to which they are responsive; or (b) produced as they are maintained in the ordinary course of business.

13.      Documents shall be produced with sufficient information to identify the files or repositories in which such responsive documents are maintained in the normal course of business,

including, for example, an index, key, code, or other means of ascertaining the source of the produced documents.

14.    All documents that are produced in electronic format should be provided with: (i) Group W "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic document.  The Debtors also request that all spreadsheets created in Microsoft Excel or similar spreadsheet program be produced in their native format.  The Debtors reserve their rights to request that other documents be produced in their native format if necessary.  The following metadata fields are also to be produced with all documents produced in electronic format:

| Field Name | Description |
|---|---|
| BEGDOC | Auto-generated number assigned to first page of document |
| ENDDOC | Auto-generated number assigned to last page of document |
| BEGATTACH | Auto-generated number assigned to first page of the parent document in a family |
| ENDATTACH | Auto-generated number assigned to last page of an attachment in a document family |
| PARENT_ID | The beginning DOCID for a parent document |
| ATTACH_IDS | The beginning DOCID for all attachments |
| ATTCOUNT | The number of attachments to an email |
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | Vendor populated field where "P" denotes a parent document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual document |
| FROM | Name of the sender of an email from the "From" field in Outlook |

| TO | Recipients of an email from the "To" field in Outlook |
|---|---|
| CC | Name of persons to whom a copy of an email was sent |
| BCC | The name of any person blind copied on an email |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name of the person from which a collection of email or application files originate |
| AUTHOR | The name of the author or the creator of an application file from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application file was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "last author" field for an application file |
| LAST_SAVED | The date in the "last saved" field for an application file |
| LAST_PRINTED | The date in the "last printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |
| FILEEXT | The file name extension for each email, attachment or application file |
| FILENAME | The name of the application file, including extension |
| FILESIZE | The size of a document in bytes |
| SOURCEFOLDER | The full path information for email, attachments and application files beginning with the original source folder name |
| HASHVALUE | Output of algorithm-generated value for each individual file |

8

| SEARCH_HIT | The search term or terms that "hit" on a document |
|---|---|
| NATIVE_FILE | Hyperlink to the native file |

15.     Documents attached to each other shall not be separated.

16.     A document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

17.     Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other documents at any time affixed thereto.  If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

18.     Whenever You are asked to produce a document that is deemed by You to be properly withheld from production for any reason, You shall provide a privilege log that will include listing such document by title or subject heading, date, author, person who signed the document, addressee and all recipients, and a statement of the ground(s) asserted for withholding the document, including attorney-client privilege or work product privilege.

19.     If You withhold any document on the claim of attorney-client privilege, work product doctrine or similar protection, You shall identify the privilege or protection claimed as well as each document for which such privilege or protection is claimed, together with the following information with respect to each such document:

1.     Date;

2.     Sender;

3.     Addressee;

4.      Subject;

5.      The basis on which the privilege or protection is claimed; and

6.      The names of Persons to whom copies of any part of the document were
        furnished, together with an identification of their employer and their job
        titles.

20.     If You maintain that any document requested by the Debtors has been destroyed,
You shall set forth the contents of the document, the date of its destruction, and the name of the
Person who authorized its destruction.

21.     If any requested document or other document potentially relevant to this action is
subject to destruction under any document retention or destruction program, such document(s)
should be exempted from any scheduled destruction and should not be destroyed until the
conclusion of the Chapter 11 Cases unless otherwise permitted by the Court.

22.     If You previously but no longer possess items responsive to a particular Request,
You must specify why You no longer possess such items and the name and address of any Person
or entity known or believed by You to have possession, custody or control of such items.

23.     Where an objection is made to a Request, You must clearly state all grounds upon
which Your objection is based and indicate whether any responsive materials are being withheld
on the basis of that objection.

24.     Terms not specifically defined herein shall be given their ordinary meanings as You
understand them to be used in the trade or pursuant to ordinary usage.

25.     Wherever appropriate in these Requests, the singular form of any word includes the
plural and vice versa, and the masculine form of a word shall be interpreted as feminine and vice
versa.

26.     Any ambiguity in a Request shall be construed to bring within the scope of the
Request all responses that otherwise could be construed to be outside of its scope.

### III.    REQUESTS FOR PRODUCTION

Each of the below Requests is limited to the Relevant Period, unless otherwise indicated.

1.      All Documents and Communications shared among or between (i) any of the DCG Parties on the one hand, and (ii) [ON FILE] on the other hand, Concerning any actual or contemplated loan or financing requests, proposals or applications by or on behalf of any of the DCG Parties.

2.      All Documents and Communications shared among or between (i) any of the DCG Parties on the one hand, and (ii) [ON FILE] on the other hand, Concerning any loan or financing facility, agreement or arrangement entered into between any of the DCG Parties and [ON FILE], including but not limited to Documents and Communications sufficient to show all agreed upon terms and conditions of any such loan or financing facility, agreement or arrangement.

3.      All Documents and Communications shared among or between any of the DCG Parties Concerning actual or contemplated loan or financing requests, proposals, or applications by or on behalf of any of the DCG Parties.

4.      All Documents and Communications shared among or between any of the DCG Parties Concerning any loan or financing facility, agreement or arrangement entered into between any of the DCG Parties and [ON FILE], including but not limited to Documents and Communications sufficient to show all agreed upon terms and conditions of any such loan or financing facility, agreement or arrangement.

5.      All Documents and Communications Concerning the relationship between any of the DCG Parties and [ON FILE].

**<u>EXHIBIT B</u>**

**Blackline of the Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER PURSUANT TO 11 U.S.C. § 105 AND
## FED. R. BANKR. P. RULE 2004 (I) AUTHORIZING
## THE EXAMINATION OF DIGITAL CURRENCY GROUP, INC. AND DCG
## INTERNATIONAL INVESTMENTS, LTD. AND (II) GRANTING RELATED RELIEF

Upon the Request[2] of Genesis Global Capital, LLC ("GGC") and certain of its affiliated debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the examination of Digital Currency Group, Inc. ("DCG"), DCG International Investments, Ltd. ("DCGI" and, together with DCG, the "DCG Parties") and the Non-Party Entity pursuant to section 105 of title 11 the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Request.

the United States Constitution; and the Court having found that venue of this proceeding and the

Request in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

found that the relief requested in the Request is in the best interests of the Debtors, their estates,

their creditors and other parties in interest; and the Court having found that the Debtors' notice

of the Request was appropriate and no other notice need be provided; and the Court having

reviewed the Request; and the Court having determined that the legal and factual bases set forth

in the Request establish just cause for the relief granted herein; and all objections to the Request

(if any) having been withdrawn or overruled; and upon all of the proceedings had before the

Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

The Request is GRANTED to the extent set forth herein.

1.    The DCG Parties ~~and the Non-Party Entity~~ are directed to produce

documents, communications, and any other materials responsive to the requests attached as

Exhibit ~~B~~1 to ~~the Motion~~this Order.  The DCG Parties ~~and the Non-Party Entity~~ shall respond to

such document requests no later than seven days after entry of this Order.

2.    This Order is without prejudice to the rights of the Debtors to apply for

any further discovery of any entity.

3.    This Court shall retain jurisdiction with respect to any matters, claims,

rights or disputes arising from or related to the Request or the implementation, interpretation or

enforcement of this Order.

Dated: _____, 2024
        New York, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT ~~B~~1**

**Rule 2004 Request**

## SCHEDULE A

The definitions and instructions set forth below apply to each of the requests for production of documents and interrogatories (the "Requests").

## I.    DEFINITIONS

In addition to any terms defined with the specific Requests, the following terms shall mean the following for purposes of these requests for production of documents:

1.    The Debtors incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.3 of the Local Rules of the United States District Court for the Southern District of New York made applicable to this proceeding by Rule 7026-1 of the Local Rules.

2.    "All," "any," and "each" shall each be construed, pursuant to Local Rule 7026-1, as encompassing any and all.

3.    "And" and "or" shall be construed, pursuant to Local Rule 7026-1, either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4.    "Beneficial Ownership Attestation Form" shall mean the form attached hereto as Exhibit 1.

5.    "Chapter 11 Cases" means the above-captioned jointly administered chapter 11 cases of the Debtors.

6.    "Communication" means any transmittal and/or receipt of information (in the form of facts, ideas, inquiries or otherwise), whether oral or written and whether chance, prearranged, formal or informal, and specifically includes conversations in person, telephone conversations, e-mail (including instant messages and text messages), voicemail,

letters, memoranda, statements, media releases, press conferences, magazines and newspaper articles, testimony before a governmental body, and video and audio transmissions.  For the avoidance of doubt, the term "Communication" shall include any and all electronic messages and/or conversations using text messaging and mobile device chat services, including but not limited to Microsoft Teams, Telegram, Instant Bloomberg, Bloomberg messages, BlackBerry Messenger, Google Hangouts, Apple iMessage, Facebook Messenger, WhatsApp, KakaoTalk, Line, Signal, Slack, WeChat and Snapchat.

7.      "Concerning" means concerning, reflecting, relating to, relate to, arising out of, describing, discussing, analyzing, comprising, constituting, containing, considering, embodying, evaluating, evidencing, mentioning, memorializing, supporting, collaborating, demonstrating, identifying, referencing, discussing, indicating, providing, referring to, showing, refuting, disputing, rebutting, controverting, contradicting, made in connection with or by reason of or arising therefrom, or otherwise pertaining in any way, in whole or in part, to the subject matter referenced.

8.      "Court" means the United States Bankruptcy Court for the Southern District of New York.

9.      "DCG" means Digital Currency Group, Inc.

10.     "DCG MLA" means that certain *Amended and Restated Master Loan Agreement* dated November 10, 2022 between GGC and DCG.

11.     "DCG Parties" means, collectively, DCG, DCGI, and each of their respective Affiliates and subsidiaries (excluding the Debtors and the Other Genesis Entities) and, in their capacities as such, all of their respective current and former officers and directors, principals, shareholders, members, managers, partners, employees, agents, trustee,

advisory board members, financial advisors, attorneys, accountants, actuaries, investment bankers, consultants, representatives, and management companies.

12.     "DCGI" means DCG International Investments Ltd.

13.     "DCGI MLA" means that certain *Master Loan Agreement* dated June 21, 2019 between GGC and DCGI.

14.     "Debtor" means Genesis Global Holdco, LLC, GGC and Genesis Asia Pacific Pte. Ltd.

15.     "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure, *i.e.*, "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form."  A draft or non-identical copy is a separate document within the meaning of this term.  For the avoidance of doubt, the term "document" shall include any and all forms of recorded communications.

16.     "GGC" means Genesis Global Capital, LLC.

17.     "[ON FILE]" means [ON FILE] and all of its predecessors, successors and assigns, parents, subsidiaries, affiliates, members and each of their respective current and former officers and directors, principals, shareholders, members, managers, partners, employees, Representatives and agents.

18.     "MLAs" means the DCG MLA and the DCGI MLA.

19.     "Person" means any natural person, association, business, group,

organization, legal entity, government entity, or other entity.

20.    "Relevant Period" means the time period beginning January 1, 2023 and continuing to the date of production.

21.    "Representative" means any agent, assign, director, employee, officer, representative or any other Person acting or purporting to act on another Person's behalf, and any predecessor or successor of the foregoing.

22.    "You" or "Your" as used herein means the DCG Parties and [ON FILE] and each of the DCG Parties' and [ON FILE]'s predecessors, successors, subsidiaries, departments, divisions, including without limitation, any organization or entity that the DCG Parties or [ON FILE] control, together with all present and former directors, officers, employees, or agents.

23.    The use of the singular form of any word includes the plural and vice versa, and the use of the term "including" means including without limitation.

## II.    <u>INSTRUCTIONS</u>

1.    These Requests are directed to the DCG Parties and [ON FILE] and the answers are to be completed to the best of the DCG Parties' and/or [ON FILE]'s knowledge and based on the best knowledge of the DCG Parties' and/or [ON FILE]'s counsel, agents, investigators, employees, Representatives, and any other Person acting or purporting to act on the DCG Parties' or [ON FILE]'s behalf.

2.    If an objection or request for relief is made to any part of a Request, the response shall state there is an objection to the Request and the legal and factual basis for such objection.  Any ground not stated in a timely objection is waived unless the Court, for good cause, excuses the failure.

3.      No part of the Requests shall be left unanswered merely because an objection is made to another part of the Requests.

4.      If You assert a claim of privilege in response to any Request, You shall indicate with specificity and particularity the basis of said claim.

5.      If You deny a Request, You shall identify and explain with particularity the reason or reasons for denial.

6.      The Requests are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, You are required promptly to serve supplemental responses if You obtain further or different information.

7.      Unless otherwise indicated, the documents hereby requested for production and inspection include all documents in Your possession, custody or control.  Without limitation of the terms "possession, custody or control" as used in the preceding sentence, a document is in Your possession, custody or control if You have actual possession or custody or the right to obtain the document or a copy thereof upon request or demand from one or more of Your independent contractors, consultants, accountants, auditors or any other Person or public or private entity that has actual possession thereof.  This includes any documents contained in any computer, mobile device, server, mainframe or other storage device (including: (i) documents on or in computer memory; (ii) documents on or in computer or network backup files; and (iii) documents which have been "deleted" or "erased" but are recoverable) whether located on-site or at an off-site facility, within Your possession, custody or control.  For the avoidance of doubt, this also includes any documents contained on any personal computer, mobile device, server, mainframe or

5

other storage device within Your possession, regardless of whether the device is issued or owned by You.

8.      The terms "all," "any" and "each" shall be construed as encompassing all, any and each.

9.      The connectives "and," "or" and "and/or" shall be construed either disjunctively or conjunctively as necessary, in each case, to bring within the scope of these Requests all responses that might otherwise be construed to be outside their scope.

10.     The terms "include," "includes," and "including" shall be deemed to be followed by the words "without limitation."  A list following any of these terms shall be interpreted to contain illustrative examples of the types of documents responsive to the Request, but does not constitute an exclusive, all-encompassing or exhaustive listing of every type of document responsive to the Request and shall not be deemed in any way to qualify, limit or restrict the scope of the Request.

11.     The term "possession" relates to all documents, including e-mail, text messages, mobile device chats, other messaging services and any other electronically-stored information.   The term "possession" also includes documents contained in Your electronic mail (e-mail), cloud-based and mobile device directories, including: (a) "deleted" documents that have not been permanently deleted, including all subdirectories irrespective of the title of such subdirectories; (b) "sent" documents, including all subdirectories irrespective of the title of such subdirectories; and (c) "received" documents, including all subdirectories irrespective of the title of such subdirectories.

12.    The documents produced pursuant to this Request are to be either: (a) segregated and identified by the number of the Request below to which they are responsive; or (b) produced as they are maintained in the ordinary course of business.

13.    Documents shall be produced with sufficient information to identify the files or repositories in which such responsive documents are maintained in the normal course of business, including, for example, an index, key, code, or other means of ascertaining the source of the produced documents.

14.    All documents that are produced in electronic format should be provided with: (i) Group W "tiff" images and IPRO-ready OPT files; (ii) a Concordance DAT delimited file with boundaries; (iii) full text OCR, with OCR text files provided on a document level; and (iv) all metadata fields associated with each electronic document.  The Debtors also request that all spreadsheets created in Microsoft Excel or similar spreadsheet program be produced in their native format.  The Debtors reserve their rights to request that other documents be produced in their native format if necessary.  The following metadata fields are also to be produced with all documents produced in electronic format:

| Field Name | Description |
| --- | --- |
| **BEGDOC** | Auto-generated number assigned to first page of document |
| **ENDDOC** | Auto-generated number assigned to last page of document |
| **BEGATTACH** | Auto-generated number assigned to first page of the parent document in a family |
| **ENDATTACH** | Auto-generated number assigned to last page of an attachment in a document family |
| **PARENT_ID** | The beginning DOCID for a parent document |
| **ATTACH_IDS** | The beginning DOCID for all attachments |

| ATTCOUNT | The number of attachments to an email |
|---|---|
| DOC_TYPE | The type of file from the header (*e.g.*, Microsoft Outlook, Excel, Word, etc.) |
| PARENT_CHILD | Vendor populated field where "P" denotes a parent document and "A" denotes an attachment |
| PAGECOUNT | The number of pages of each individual document |
| FROM | Name of the sender of an email from the "From" field in Outlook |
| TO | Recipients of an email from the "To" field in Outlook |
| CC | Name of persons to whom a copy of an email was sent |
| BCC | The name of any person blind copied on an email |
| SUBJECT | The text in the "Subject" line or "Re" line of an email or application file |
| CUSTODIAN | The name of the person from which a collection of email or application files originate |
| AUTHOR | The name of the author or the creator of an application file from the "Author" field |
| DATE_SENT | The date on which an email was sent |
| DATE_RCVD | The date on which an email was received |
| DATE_LASTMOD | The date on which an email or application file was last modified |
| DATE_CREATED | The date an email or application file was created |
| TIME_ CREATED | The time at which an email or application file was created |
| TIME_SENT | The time at which an email was sent |
| TIME_RCVD | The time at which an email was received |
| TITLE | The text in the "Title" field of an application file |
| LAST_AUTHOR | The name in the "last author" field for an application file |
| LAST_SAVED | The date in the "last saved" field for an application file |
| LAST_PRINTED | The date in the "last printed" field for an application file |
| APPLICATION | The name of the application that generated the native file |

| **FILEEXT** | The file name extension for each email, attachment or application file |
|---|---|
| **FILENAME** | The name of the application file, including extension |
| **FILESIZE** | The size of a document in bytes |
| **SOURCEFOLDER** | The full path information for email, attachments and application files beginning with the original source folder name |
| **HASHVALUE** | Output of algorithm-generated value for each individual file |
| **SEARCH_HIT** | The search term or terms that "hit" on a document |
| **NATIVE_FILE** | Hyperlink to the native file |

15.    Documents attached to each other shall not be separated.

16.    A document with handwritten, typewritten, or other recorded notes, editing marks, additions, deletions, notations, insertions, corrections, or marginal notes is not and shall not be deemed to be identical to one without such modifications, additions, or deletions.

17.    Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules or other documents at any time affixed thereto.  If a document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

18.    Whenever You are asked to produce a document that is deemed by You to be properly withheld from production for any reason, You shall provide a privilege log that will include listing such document by title or subject heading, date, author, person who signed the document, addressee and all recipients, and a statement of the ground(s)

asserted for withholding the document, including attorney-client privilege or work product privilege.

19.     If You withhold any document on the claim of attorney-client privilege, work product doctrine or similar protection, You shall identify the privilege or protection claimed as well as each document for which such privilege or protection is claimed, together with the following information with respect to each such document:

1.    Date;
2.    Sender;
3.    Addressee;
4.    Subject;
5.    The basis on which the privilege or protection is claimed; and
6.    The names of Persons to whom copies of any part of the document were furnished, together with an identification of their employer and their job titles.

20.     If You maintain that any document requested by the Debtors has been destroyed, You shall set forth the contents of the document, the date of its destruction, and the name of the Person who authorized its destruction.

21.     If any requested document or other document potentially relevant to this action is subject to destruction under any document retention or destruction program, such document(s) should be exempted from any scheduled destruction and should not be destroyed until the conclusion of the Chapter 11 Cases unless otherwise permitted by the Court.

22.     If You previously but no longer possess items responsive to a particular Request, You must specify why You no longer possess such items and the name and address of any Person or entity known or believed by You to have possession, custody or control of such items.

10

23.     Where an objection is made to a Request, You must clearly state all grounds upon which Your objection is based and indicate whether any responsive materials are being withheld on the basis of that objection.

24.     Terms not specifically defined herein shall be given their ordinary meanings as You understand them to be used in the trade or pursuant to ordinary usage.

25.     Wherever appropriate in these Requests, the singular form of any word includes the plural and vice versa, and the masculine form of a word shall be interpreted as feminine and vice versa.

26.     Any ambiguity in a Request shall be construed to bring within the scope of the Request all responses that otherwise could be construed to be outside of its scope.

## III.     REQUESTS FOR PRODUCTION

Each of the below Requests is limited to the Relevant Period, unless otherwise indicated.

1.     All Documents and Communications shared among or between (i) any of the DCG Parties on the one hand, and (ii) [ON FILE] on the other hand, Concerning any actual or contemplated loan or financing requests, proposals or applications by or on behalf of any of the DCG Parties.

2.     All Documents and Communications shared among or between (i) any of the DCG Parties on the one hand, and (ii) [ON FILE] on the other hand, Concerning any loan or financing facility, agreement or arrangement entered into between any of the DCG Parties and [ON FILE], including but not limited to Documents and Communications sufficient to show all agreed upon terms and conditions of any such loan or financing facility, agreement or arrangement.

3.      All Documents and Communications shared among or between any of the DCG Parties Concerning actual or contemplated loan or financing requests, proposals, or applications by or on behalf of any of the DCG Parties.

4.      All Documents and Communications shared among or between any of the DCG Parties Concerning any loan or financing facility, agreement or arrangement entered into between any of the DCG Parties and [ON FILE], including but not limited to Documents and Communications sufficient to show all agreed upon terms and conditions of any such loan or financing facility, agreement or arrangement.

5.      All Documents and Communications Concerning the relationship between any of the DCG Parties and [ON FILE].

6. Documents sufficient to show the direct and indirect ownership and controlling parties of [ON FILE]. Specifically, sufficient information to verify the identity of any natural persons owning greater than or equal to 10% ownership interest and any natural persons with significant control over the entity.

7. Documents sufficient to show that the wire transfer received from [ON FILE] was truly made on account of the DCG Parties obligations and that funds were derived from legitimate sources.

**IV. INTERROGATORIES**

**INTERROGATORY NO. 1:** Provide a completed Beneficial Ownership Attestation Form, including identifying the names of any beneficial owners with a 10% or greater share in [ON FILE] and the name, physical personal address, and social security number of each controlling person of [ON FILE], and with the attestation box checked, representing a certification that the information provided is complete and correct, to the best of the completing person's knowledge.