**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER**
**BY AND BETWEEN THE DEBTORS,**
**ANONYMOUS LENDER 68 AND THE AD HOC GROUP**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof, by and among Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), the Ad Hoc Group (as defined herein) and [Redacted][2] ("Claimant" and together with the Debtors and the Ad Hoc Group, the "Parties").

**Recitals**

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) (ECF No. 37).

---

[1] The Debtors in the above captioned proceedings (the "Chapter 11 Cases"), along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

[2] Pursuant to the Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information (the "Sealing Order") (ECF No. 694), Cleary Gottlieb has redacted the Claimant name from the public version of the Stipulation and Order and will provide unredacted copies pursuant to paragraph 5 of the Sealing Order.

No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases (ECF No. 55).

2. On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors must have submitted their proofs of claim (the "General Bar Date").

3. The Bar Date Order authorized and directed the ad hoc group of genesis lenders (the "Ad Hoc Group") to file a single proof of claim pursuant to section 501(a) of the Bankruptcy Code on account of prepetition claims against the Debtors held by members of the Ad Hoc Group pursuant to relevant master loan agreements or term sheets. Bar Date Order ¶ 9. The Ad Hoc Group timely filed two (2) such Ad Hoc Group Master Claims. *See* Claim Nos. 447 and 489. Claim No. 447 was subsequently amended by Claim No. 831, and Claim No. 489 was subsequently withdrawn. The Debtors therefore herein refer to Claim No. 831 as the "Ad Hoc Group Master Claim".

4. The Claimant, included as part of the Ad Hoc Group Master Claim, asserts liabilities against the Debtors arising under the master loan agreement entered into by Genesis Global Capital, LLC ("GGC") and the Claimant and dated September 10, 2020 (the "MLA"). The Claimant argues that under the MLA they are entitled to payment of certain LUNA 2.0 coins ("LUNA2") by the Debtors.

2

5. On November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989, and as amended at ECF No. 993, and as may be subsequently amended, the "Plan").

6. The Parties have subsequently engaged in good faith discussions concerning the reconciliation of the portion of the Ad Hoc Group Master Claim asserted on behalf of the Claimant. To fully resolve the issues discussed concerning the Claimant's portion of the Ad Hoc Group Master Claim and to avoid unnecessary motion practice, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED** that:

1. The above recitals are incorporated herein in their entirety.

2. The Ad Hoc Group Master Claim shall be partially allowed solely with respect to the portion of the Ad Hoc Group Master Claim asserted on behalf of the Claimant in the amount of 186,918 LUNA2 tokens (the "LUNA2 Portion") and $541,868 (the "USD Portion," and together with the LUNA2 Portion, the "Allowed Claim") as a general unsecured pre-petition claim against GGC classified in Class 3 for the USD Portion and Class 6 for the LUNA2 Portion.

3. Any distributions on the Allowed Claim shall be governed by, and subject to, the provisions of the Plan and the Distribution Principles,[3] as may be amended from time to time.

4. For the avoidance of doubt, no portion of the Ad Hoc Group Master Claim other than the Allowed Claim shall be allowed by this Stipulation. The Debtors, the Official Committee of Unsecured Creditors (the "Committee"), and the Ad Hoc Group explicitly reserve their rights with respect to the remainder of the Ad Hoc Group Master Claim not included as part

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

of the Allowed Claim, including, with respect to the Debtors and the Committee, the right to object to the remainder of the Ad Hoc Group Master Claim at a later date on any and all grounds.

5. This Stipulation and Order shall be binding upon and inure to the benefit of the Debtors, their estates, the Claimant, and the Ad Hoc Group acting on behalf of the Claimant, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be. This Stipulation and Order shall be binding on any official committee, trustee or examiner appointed in the Debtors' Chapter 11 Cases and on all other creditors and parties in interest in the Debtors' Chapter 11 Cases. This Stipulation and Order shall remain binding on the Debtors' estates and any chapter 7 trustee in the event that the Debtors' Chapter 11 Cases are converted to chapter 7 cases.

6. Nothing in this Stipulation and Order shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party to this Stipulation and Order, except with respect to the Allowed Claim, which shall be subject to the provisions of this Stipulation and Order.

7. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original. Each Party who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party, that they have full knowledge of and have consented to the terms of this Stipulation and Order.

8.     This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents.

9.     Each of the undersigned parties represent that he or she (i) is authorized to execute and be bound by this Stipulation and Order on behalf of themselves or their client, and (ii) has full knowledge of and has consented to the terms of this Stipulation and Order.

10.    For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

11.    The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

12.    The Debtors' claims agent, Kroll Restructuring Administration, and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order.

13.    This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained.  This Stipulation and Order shall be effective immediately upon approval by the Court.

*[Remainder of page left intentionally blank]*

Stipulated and agreed to by:

Dated: March 4, 2024
        New York, New York

| | |
|---|---|
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **CLAIMANT** |
| By:   */s/ Luke A. Barefoot*<br>      Sean A. O'Neal<br>      Luke A. Barefoot<br>      Jane VanLare<br>      Thomas S. Kessler<br>      CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>      One Liberty Plaza<br>      New York, New York 10006<br>      Telephone: (212) 225-2000<br>      Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* | By:   [Redacted] |
| | **PROSKAUER ROSE LLP** |
| | By:   */s/ Jordan Sazant*<br>      Brian S. Rosen<br>      Jordan Sazant<br>      PROSKAUER ROSE LLP<br>      Eleven Times Square.<br>      New York, New York 10036<br>      Telephone: (312) 962-3584<br><br>*Counsel to the Ad Hoc Group* |

**SO ORDERED THIS 22nd DAY OF March, 2024**

<u>*/s/ Sean H. Lane*</u>
United States Bankruptcy Judge