CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING
OF STIPULATION BY AND AMONG
THE DEBTORS AND GPD HOLDINGS LLC D/B/A
COINFLIP REGARDING THE DEBTORS' TWENTY-THIRD
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

**PLEASE TAKE NOTICE** that, on January 19, 2023, Genesis Global Holdco, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on February 15, 2024, the Debtors filed the *Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1315) (the "Objection").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**PLEASE TAKE FURTHER NOTICE** that, on March 7, 2024, GPD Holdings LLC d/b/a Coinflip ("Coinflip") filed the *Response and Reservation of Rights of GPD Holdings LLC d/b/a Coinflip to Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1436) (the "Response").

**PLEASE TAKE FURTHER NOTICE** that, on March 11, 2024, the Debtors filed the *Notice of Adjournment of Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability) Solely with Respect to Claim Nos. 223, 353 and 810* (ECF No. 1454), adjourning the Objection with regard to Coinflip's claim[2] to the April 16, 2024, omnibus hearing, setting a supplemental response deadline solely with respect to Coinflip's claim of April 9, 2024, and extending the Debtors' deadline to file a reply solely with respect to all responses filed by Coinflip to April 12, 2024.

**PLEASE TAKE FURTHER NOTICE** that, on April 1, 2024, the Debtors filed the *Stipulation By and Among the Debtors and GPD Holdings LLC d/b/a Coinflip Regarding the Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Stipulation"), attached hereto as Exhibit A, related to the Objection, the Response and the forthcoming supplemental response, if any, and reply, if any.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation can be viewed and/or obtained by: (a) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (b) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

Dated: April 1, 2024
New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

---

[2]    Coinflip's claim is identified as Claim Number 810 in the Objection.

**Exhibit A**

**Stipulation**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>Genesis Global Holdco, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10063 (SHL)<br><br>Jointly Administered |

**STIPULATION BY AND
AMONG THE DEBTORS AND GPD
HOLDINGS LLC D/B/A COINFLIP REGARDING
THE DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION
(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT
TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

This stipulation (this "Stipulation") is entered into on the date hereof by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and GPD Holdings LLC d/b/a CoinFlip ("CoinFlip" and together with the Debtors, the "Parties").

**RECITALS**

WHEREAS, on November 27, 2019, Debtor Genesis Global Capital, LLC ("GGC") and CoinFlip entered into that certain Master Loan Agreement (as amended, modified, or supplemented, the "CoinFlip MLA"), pursuant to which GGC could, from time to time, loan digital assets or U.S. Dollars ("USD") to CoinFlip, subject to the terms and conditions stated therein. A true and correct copy of the CoinFlip MLA is attached as Exhibit A to the CoinFlip POC (as defined below) and is admissible herein as evidence.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**WHEREAS**, the terms of each loan executed under the CoinFlip MLA would be set forth in a separate loan term sheet. The CoinFlip MLA required CoinFlip to post collateral in digital assets and/or USD to secure its obligations to GGC (the "Collateral") unless otherwise agreed to by the parties or modified in the Loan Term Sheets (as defined in the CoinFlip MLA). The CoinFlip MLA further provided that any Collateral transferred to GGC under the CoinFlip MLA would secure all obligations of CoinFlip to GGC under the CoinFlip MLA.

**WHEREAS**, CoinFlip and GGC subsequently executed three term sheets under the CoinFlip MLA for specific digital asset loans (the "CoinFlip Loans"):[2] (i) that certain Loan Term Sheet dated September 15, 2021, pursuant to which GGC lent 1,700 LTC to CoinFlip, with a Loan Fee (referred to therein as a "Borrow Fee") of 10.50% per annum (the "LTC Term Sheet"), (ii) that certain Loan Term Sheet dated September 15, 2021, pursuant to which GGC lent 90 ETH to CoinFlip, with a Loan Fee (referred to therein as a "Borrow Fee") of 8.00% per annum (the "ETH Term Sheet"), and (iii) that certain Loan Term Sheet dated June 2, 2022, pursuant to which GGC lent 235 BTC to CoinFlip, with a Loan Fee (referred to therein as a "Borrow Fee") of 5.50% per annum, and CoinFlip pledged to GGC 61 BTC, 466 ETH, 1,806 LTC and 750,000 USD as Collateral (the "BTC Term Sheet" and, together with the LTC Term Sheet and the ETH Term Sheet, the "Term Sheets"; such loaned digital assets are referred to herein as the "Loaned Assets," and such pledged Collateral as the "Posted Collateral"). True and correct copies of the Term Sheets are attached as Exhibits B-1, B-2 and B-3 to the CoinFlip POC and are admissible herein as evidence.

**WHEREAS**, each of the Term Sheets included agreed terms for "Margin Limit," "Margin Refund," and "Initial Margin Requirement," which in the LTD Term Sheet and ETH Term Sheet

---

[2] The CoinFlip MLA also provided for Loan Fees or Late Fees (as defined therein) in certain circumstances.

are each listed as "0.00% of loan value (on a net loan basis)," and in the BTC Term Sheet are listed as follows:

> "Margin Limit:                35.00% of loan value (on a net loan basis)
> Margin Refund:              65.00% of loan value (on a net loan basis)
> Initial Margin Requirement: 50.00% of loan value (on a net loan basis)"

**WHEREAS**, the CoinFlip MLA (including the Term Sheets) is governed by New York law.

**WHEREAS**, on November 16, 2022, CoinFlip sent GGC an email stating that its collateral-to-loan value was 129.25% and requesting a margin refund of "a margin refund of $3,079,787.97" (the "Margin Refund Demand"). A true and correct copy of the Margin Refund Demand is attached as Exhibit C to the CoinFlip POC and is admissible herein as evidence.

**WHEREAS**, on November 17, 2022, GGC and CoinFlip had an exchange on the Telegram messaging application regarding the Margin Refund Demand, a true and correct copy of which is attached as Exhibit D to the CoinFlip POC and is admissible herein as evidence.

**WHEREAS**, on November 17, 2022, CoinFlip sent GGC a document entitled "Notice of Termination" (the "Termination Notice"), a true and correct copy of which is attached as Exhibit E to the CoinFlip POC and is admissible herein as evidence.

**WHEREAS**, on January 5, 2023, CoinFlip sent GGC a document entitled "Follow-Up to Notice of Termination" (which included a copy of the Termination Notice), a true and correct copy of which is attached as Exhibit F to the CoinFlip POC and is admissible herein as evidence.

**WHEREAS**, on January 19, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

**WHEREAS**, on May 22, 2023, CoinFlip timely filed proof of claim number 514, which it timely amended by filing proof of claim number 810 on July 7, 2023 (the "CoinFlip POC"), asserting a claim in the amount of at least $669,552.00 after setting off the mutual obligations of the Parties under the CoinFlip MLA, consisting of the following values asserted by CoinFlip: (1) $659,310.10, as the value of Posted Collateral held by the Debtor less the value of the Loaned Assets held by CoinFlip, in each case based on market values at COB on the termination date of the CoinFlip MLA (Nov. 17, 2022); plus (2) pre-judgment interest on such amount at the New York prejudgment rate (9%) under New York C.P.L.R. § 5004 from November 17, 2022 through the Petition Date.

**WHEREAS**, on January 9, 2024, the Debtors filed the Setoff Principles for Allowance of Certain Claims as Exhibit M to the *Plan Supplement for the Debtors' Amended Plan* (ECF No. 1144) (the "Setoff Principles"), which applies to certain claims listed on Exhibit 1 to such Exhibit M.

**WHEREAS**, on February 15, 2024 (the "Objection Date"), the Debtors filed the *Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1315) (the "Twenty-Third Omnibus Objection").[3]

**WHEREAS**, on February 26, 2024, the Debtors filed their *Debtors' Amended Joint Chapter 11 Plan* (ECF No 1392) (the "Plan").

**WHEREAS**, on March 7, 2024, CoinFlip filed the *Response and Reservation of Rights of GPD Holdings LLC d/b/a CoinFlip to Debtors' Twenty-Third Omnibus Objection (Non-*

---

[3] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Twenty-Third Omnibus Objection.

4

*Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1436) (the "CoinFlip Response").

**WHEREAS**, through the Twenty-Third Omnibus Objection, the Debtors seek to disallow and expunge certain Claims, including the CoinFlip POC, asserted by claimants with whom the Debtors have mutually owing obligations outstanding. The Debtors assert that, after setoff consistent with the Setoff Principles or using a more contemporaneous valuation date, CoinFlip owes a net claim in the Debtors' favor with respect to the CoinFlip Loans.

**WHEREAS**, the Parties have met and conferred concerning the relief sought in the Twenty-Third Omnibus Objection and wish to stipulate to the following facts.

**IT IS THEREFORE STIPULATED AND AGREED THAT**:

1. The Parties agree that the above-mentioned recitals are true and correct in all respects.

2. On November 17, 2022, CoinFlip sent the Termination Notice to GGC, terminating the CoinFlip MLA (the "Termination Date").

3. The Parties dispute the date on which the amounts mutually owing to each other under the CoinFlip MLA should be valued for purposes of New York law and/or federal bankruptcy law, the Twenty-Third Omnibus Objection, and the allowance or disallowance of the CoinFlip POC (the "Valuation Date"), but stipulate and agree to the following:

    (a) If the Court determines the Termination Date (November 17, 2022) is the Valuation Date: (i) the USD equivalent value of the amounts owed by CoinFlip to the Debtors for Loaned Assets, Loan Fees and Late Fees on such date is $4,145,121.60; (ii) the USD equivalent value of amounts owed by the Debtors to CoinFlip for Posted Collateral on such date is $4,793,449.01; (iii) the resulting difference of the

foregoing sums is $648,327.41 payable by GGC to Coinflip; and (iv) CoinFlip asserts a right to prejudgment interest of nine percent (9%) on such amount under New York C.P.L.R. § 5004 from the Termination Date through the Petition Date, which the Debtors dispute and to which the Parties respectively reserve all rights and defenses.[4]

(b) If the Court determines that the Petition Date is the Valuation Date: (i) the USD equivalent value of the amounts owed by CoinFlip to the Debtors for Loaned Assets on such date (excluding Loan Fees and Late Fees) is $5,239,520.80; (ii) the USD equivalent value of amounts owed by the Debtors to CoinFlip for Posted Collateral on such date (excluding interest) is $5,267,092.34; (iii) the Parties dispute whether GGC is entitled to any Loan Fees or Late Fees from and after the termination of the CoinFlip MLA on the Termination Date, as to which the Parties respectively reserve all rights and defenses;[5] and (iv) CoinFlip asserts a right to prejudgment interest on all amounts of Posted Collateral that were not returned upon termination of the CoinFlip MLA, of nine percent (9%) on such amounts under New York C.P.L.R. § 5004 from the Termination Date through the Petition Date, which the Debtors dispute and to which the Parties respectively reserve all rights and defenses.

---

[4] CoinFlip asserts that, if the Termination Date is used as the Valuation Date, it is entitled to prejudgment interest of $10,275.76, which amount the Debtors dispute and to which the Parties respectively reserve all rights and defenses.

[5] The Debtors assert that, using the Petition Date as the Valuation Date, the resulting difference of the foregoing sums would be $96,840.59 payable by CoinFlip to GGC, inclusive of certain Loan Fees and Late Fees, which amount CoinFlip disputes and to which the Parties respectively reserve all rights and defenses.

(c) If the Court determines that the Objection Date (i.e., the date of the filing of the Kinealy Declaration, as defined in and as attached as <u>Exhibit B</u> to the Twenty-Third Omnibus Objection) is the Valuation Date: (i) the USD equivalent value of the amounts owed by CoinFlip to the Debtors for Loaned Assets on such date (excluding Loan Fees and Late Fees) is $12,577,620.75; (ii) the USD equivalent value of the amounts owed by the Debtors to Coinflip for Posted Collateral on such date (excluding interest) is $7,715,122.77; (iii) the Parties dispute whether GGC is entitled to any Loan Fees or Late Fees from and after the termination of the CoinFlip MLA on the Termination Date, as to which the Parties respectively reserve all rights and defenses;[6] and (iv) CoinFlip asserts a right to prejudgment interest on all amounts of Posted Collateral that were not returned upon termination of the CoinFlip MLA, of nine percent (9%) on such amounts under New York C.P.L.R. § 5004 from the Termination Date through the Objection Date, which the Debtors dispute and to which the Parties respectively reserve all rights and defenses.

4. CoinFlip's position is that the Valuation Date should be November 17, 2022 or, in the alternative, that the Valuation Dates for the Loaned Assets and Posted Collateral should be determined consistently with the Distribution Principles (as defined in the Plan) under the Plan.[7] CoinFlip has not yet reflected the setoff of the amounts mutually owed by the Parties under the CoinFlip MLA in its books or otherwise effectuated a setoff, but asserts that this is irrelevant to

---

[6] The Debtors assert that, using the Objection Date as the Valuation Date, the resulting difference of the foregoing sums would be $13,277,775.03 payable by CoinFlip to GGC, inclusive of certain Loan Fees and Late Fees, which amount CoinFlip disputes and to which the Parties respectively reserve all rights and defenses.

[7] CoinFlip will further set forth its positions on valuation, Loan Fees, Late Fees and other issues affecting the CoinFlip POC in its supplemental response to be filed on April 9, 2024.

7

the determination of the Valuation Date as a matter of New York and federal bankruptcy law. CoinFlip further asserts that it should not be liable for Loan Fees and Late Fees under the CoinFlip MLA after it was terminated on November 17, 2022, particularly as such termination was triggered by GGC's breach of the CoinFlip MLA, and that it is entitled to prejudgment interest under New York law for the entire period during which the Debtors have retained its Posted Collateral. CoinFlip further reserves the right to request that the Court denominate any allowed amounts of the CoinFlip POC in the currency and/or digital coin in which the Posted Collateral is denominated, consistently with the Plan (including the Distribution Principles) and Section IV(a) and other provisions of the CoinFlip MLA, and to further request that any such allowed amounts include any rights to in-kind distributions, Post-Petition Interest and/or Post-Effective Date Interest to the extent set forth in the Plan (including the Distribution Principles).[8]

5. The Debtors' position is that the Valuation Date should be the Petition Date or, in the alternative, a more contemporaneous valuation date determined by the Court, and that CoinFlip should be liable for Loan Fees and Late Fees for the period from November 17, 2022 through the Petition Date. The Debtors otherwise disagree with Coinflip's positions described in paragraph 4 of this Stipulation and reserve all rights to contest such positions.

6. Other than to the extent described herein, each Party's rights and defenses, including but not limited to with respect to the Twenty-Third Omnibus Objection, the CoinFlip Response, and the CoinFlip POC, are fully preserved.

7. The Parties agree that all previously served discovery requests are resolved by this Stipulation and no further discovery will be served in connection with the Twenty-Third Omnibus

---

[8] The Parties respectively reserve all rights and defenses with respect to the assertions and reservations made in paragraphs 4 and 5 of this Stipulation.

Objection. The Parties further acknowledge and agree that, consistent with the Court's approval noted in the *Notice of Adjournment of Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1454), and absent further permission from the Court, CoinFlip may file and serve a supplemental response no later than April 9, 2024 (4:00 p.m. Eastern), and the Debtors may file and serve a reply no later than April 12, 2024 (4:00 p.m. Eastern).

8. Each Party represents and warrants to the other Party that: (a) such Party has the legal capacity and authority to enter into this Stipulation; (b) such Party has the legal capacity and authority to enter into and perform all of the terms of this Stipulation that constitute the voluntary, legal, valid, and binding obligation of said Party; and (c) the signatory on behalf of such Party has the legal capacity and authority to execute and deliver this Stipulation on behalf of such Party and to bind such Party to adhere to the terms of this Stipulation.

9. This Stipulation may not be amended or modified without the written consent of the Parties.

10. The Parties drafted this Stipulation through a cooperative effort, and neither Party shall be considered the drafter of this Stipulation so as to give rise to any presumption regarding construction of this agreement.

11. The provisions of this Stipulation shall be binding on, and inure to the benefit of, the respective successors in interest of the Parties, and, in any event, shall continue to be binding on the Parties.

12. This Stipulation shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

13. Each of the Parties consents to the jurisdiction of the Court to adjudicate any and all disputes arising under or relating to this Stipulation.

14. The Court shall have exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation.

15. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation. The delivery by electronic transmission of any signature on this Stipulation shall be a valid signature as of the transmission thereof.

[*The remainder of this page is left blank intentionally.*]

Stipulated agreed to by:
Dated: April 1, 2024

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **K&L GATES LLP** |
|---|---|
| */s/ Luke A. Barefoot* | */s/ Robert T. Honeywell* |
| Sean A. O'Neal | Robert T. Honeywell |
| Luke A. Barefoot | 599 Lexington Avenue |
| Jane VanLare | New York, New York 10022 |
| Thomas S. Kessler | Telephone: (212) 536-4863 |
| One Liberty Plaza | Email: robert.honeywell@klgates.com |
| New York, New York 10006 | |
| Telephone: (212) 225-2000 | Carly S. Everhardt |
| Email: soneal@cgsh.com | 200 S. Biscayne Boulevard, Suite 3900 |
| | Miami, Florida 33131 |
| *Counsel to the Debtors and Debtors-in-Possession* | Telephone: (305) 539-3300 |
| | Email: carly.everhardt@klgates.com |
| | |
| | *Counsel to GPD Holdings LLC* |

11