UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors.[1] | Jointly Administered |

**STIPULATION BY AND AMONG THE DEBTORS
AND DGR CAPITAL LLC REGARDING THE DEBTORS'
TWENTY-THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R.
BANKR. P. 3007 (NO LIABILITY) AND PROPOSED ORDER**

This stipulation and order (this "Stipulation and Order") is entered into on the date hereof by and among the above-captioned debtors and debtors in possession (collectively, the "Debtors") and DGR Capital LLC ( "DGR" and together with the Debtors, the "Parties").

**RECITALS**

**WHEREAS**, on November 20, 2018, Debtor Genesis Global Capital LLC ("GGC") and DGR entered into that certain Master Loan Agreement (as amended, modified, or supplemented, the "DGR MLA"), pursuant to which GGC could, from time to time, loan digital asserts or U.S. Dollars ("USD") to DGR, subject to the terms and conditions stated therein. The terms of each loan executed under the DGR MLA would be set forth in a separate loan term sheet.

**WHEREAS**, DGR and GGC subsequently executed a loan term sheet under the DGR MLA, pursuant to which GGC loaned BTC to DGR, and DGR pledged USD as collateral to GGC

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

to secure its obligations to GGC (the "DGR Loan"). DGR's obligations to repay amounts due under the DGR Loan remains outstanding.

**WHEREAS**, on January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (this "Court").

**WHEREAS**, on May 19, 2023, DGR filed a timely filed proof of claim number 353 (the "DGR POC"), asserting rights of setoff and recoupment against GGC.

**WHEREAS**, on February 15, 2024, the Debtors filed the *Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* [Docket No. 1315] (the "Twenty-Third Omnibus Objection").[2]

**WHEREAS**, under the Twenty-Third Omnibus Objection, the Debtors seek to address certain claims, including the DGR POC, asserted by claimants with whom the Debtors have mutually owing obligations outstanding, resulting in a net claim after setoff in the Debtors' favor, including a net claim against DGR arising out of the DGR Loan.

**WHEREAS**, the Parties have met and conferred concerning the relief sought in the Twenty-Third Omnibus Objection and wish to resolve such objection, subject to court approval, on the following terms.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1. The Parties agree that the above-mentioned recitals are true and correct in all respects.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Twenty-Third Omnibus Objection.

2. Within five (5) business days of the entry of this Stipulation and Order by the Court, DGR and the Debtors will effectuate a setoff of the amounts DGR owes to the Debtors under the DGR loan as against DGR's claims for return of the collateral, and as a result, DGR will pay $14,427 ("Payoff Amount") to GGC in immediately available funds to an account to be specified by the Debtors.

3. Within five (5) business days of receipt of the Payoff Amount, the Debtors will withdraw the Twenty-Third Omnibus Objection as to the DGR POC with prejudice.

4. Within five (5) business days of the Debtors' withdrawal of the Twenty-Third Omnibus Objection as to the DGR POC, DGR will withdraw the DGR POC with prejudice.

5. In the event that the Stipulation and Order is not entered, each Party's rights and defenses, including but not limited to with respect to the Twenty-Third Omnibus Objection, and the DGR POC, are fully preserved.

6. Each Party represents and warrants to the other Party that: (a) such Party has the legal capacity and authority to enter into this Stipulation and Order; (b) such Party has the legal capacity and authority to enter into and perform all of the terms of this Stipulation and Order that constitute the voluntary, legal, valid, and binding obligation of said Party; and (c) the signatory on behalf of such Party has the legal capacity and authority to execute and deliver this Stipulation and Order on behalf of such Party and to bind such Party to adhere to the terms of this Stipulation and Order.

7. This Stipulation and Order may not be amended or modified without the written consent of the Parties.

8. The Parties drafted this Stipulation and Order through a cooperative effort, and neither Party shall be considered the drafter of this Stipulation and Order so as to give rise to any presumption regarding construction of this agreement.

9. The provisions of this Stipulation and Order shall be binding on, and inure to the benefit of, the respective successors in interest of the Parties, and, in any event, shall continue to be binding on the Parties.

10. This Stipulation and Order shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

11. Each of the Parties consents to the jurisdiction of the Court to adjudicate any and all disputes arising under or relating to this Stipulation and Order.

12. The Court shall retain exclusive jurisdiction to hear any matters or disputes arising from or relating to this Stipulation and Order.

13. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation and Order.  The delivery by electronic transmission of any signature on this Stipulation and Order shall be a valid signature as of the transmission thereof.

Stipulated agreed to by:
Dated: March 8, 2024

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **JAYARAM LAW, INC** |
|---|---|
| */s/ Luke A. Barefoot* | */s/ Bill Kerr* |
| Sean A. O'Neal | Elizabeth Austermuehle |
| Luke A. Barefoot | Bill Kerr |
| Jane VanLare | 54 W. 21st Street, Suite 801 |
| Thomas S. Kessler | New York, New York 10010 |
| One Liberty Plaza | Telephone: (312) 736-2047 |
| New York, New York 10006 | Email: bill@jayaramlaw.com |
| Telephone: (212) 225-2000 | |
| Email: soneal@cgsh.com | |
| | |
| *Counsel to the Debtors and Debtors-in-Possession* | *Counsel to DGR Capital LLC* |

**SO ORDERED**

Dated: April 3, 2024
White Plains, New York

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

5