**Hearing Date and Time: May 8, 2024 at 11:00 A.M. (ET)**
**Objection Deadline: April 26, 2024 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

---

**THIS OBJECTION SEEKS TO DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR KATHARINE ROSS, ESQ.,
KROSS@CGSH.COM**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**NOTICE OF HEARING ON**
**DEBTORS' THIRTIETH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT**
**TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

      **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

      **PLEASE TAKE FURTHER NOTICE** that on April 5, 2024 the Debtors filed the *Debtors' Thirtieth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Thirtieth Omnibus Objection"). A hearing (the "Hearing") on the Thirtieth Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **May 8, 2024, at 11:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order at 3.

      **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

      **PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Thirtieth Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **April 26, 2024, at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.[3]

---

[2]    Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

[3]    *See* paragraph 26 of the Thirtieth Omnibus Objection regarding submission of Responses written and signed by a claimant themselves rather than by an attorney on behalf of the claimant.

           **PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Thirtieth Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Thirtieth Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

           **PLEASE TAKE FURTHER NOTICE** copies of the Thirtieth Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450.  Note that a PACER password is needed to access documents on the Court's website.

           **PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Thirtieth Omnibus Objection carefully and, if you have one available, discuss it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

           **PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Thirtieth Omnibus Objection, or if you want the Court to hear your position on the Thirtieth Omnibus Objection, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Thirtieth Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:    April 5, 2024
         New York, New York

                                  */s/ Luke A. Barefoot*
                                  Sean A. O'Neal
                                  Luke A. Barefoot
                                  Jane VanLare
                                  Thomas S. Kessler
                                  CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                  One Liberty Plaza
                                  New York, New York 10006
                                  Telephone: (212) 225-2000
                                  Facsimile: (212) 225-3999

                                  *Counsel to the Debtors and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' THIRTIETH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT**
**TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "**THIRTIETH OMNIBUS OBJECTION**" OR "**OBJECTION**"):

- **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBIT 1 TO THE PROPOSED ORDER.**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those certain claims listed on Exhibit 1 (the "No Liability Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Objection Procedures Order") and seek entry of the Proposed Order disallowing and expunging the No Liability Claims. In support of this Objection, the Debtors submit the *Declaration of Paul Kinealy in Support of the Debtors' Thirtieth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Kinealy Declaration"), attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

2

*Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## **BACKGROUND**

### A.    **Debtors' Business and Procedural History**

2.    Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engage in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc.  Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (together, the "First Day Declarations").[2]

3.    On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

5.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

6.      The General Bar Date passed on May 22, 2023.  As of April 1, 2024, 1,607 proofs of claim have been filed against the Debtors.

**B.      The Claims Resolution Process**

7.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

8.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694) (the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors.  The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents).  The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

9.      The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance.  To reduce the number of Claims, and to avoid improper recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of the Debtors' upcoming solicitation, the Debtors will continue to file omnibus objections to such categories of claims if and where warranted.  This Objection is one such omnibus objection.

10.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007.  The Debtors submit that this Objection and the notice provided to the Gemini Claimants in connection herewith

are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

## **RELIEF REQUESTED**

11.     For the reasons set forth below, the Debtors object to each of the No Liability Claims on the basis that they are not prima facie valid because they fail to sufficiently specify the basis for the Claim, fail to include sufficient documentation to ascertain the validity of the Claim and/or are otherwise inconsistent with or contradict the Debtors' Books and Records in so far as they are not reflected in the Debtors' Books and Records.  If the No Liability Claims are not disallowed, the Claimants subject to this objection may obtain improper recovery for the alleged liability.[3]

## **BASIS FOR RELIEF**

12.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019).   Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity.  *See id*.  A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity.  *Id*.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id*.  The burden of persuasion is always on the claimant.  *Id*.

---

[3]      Further, the No Liability Claims marked with an asterisk on Exhibit 1 to the Proposed Order were filed after the General Bar Date.  Pursuant to section 502(b) of the Bankruptcy Code, a claimant's failure to timely file a proof of claim provides an additional, independent basis for disallowance of that claim.  *See* 11 U.S.C. § 502(b).  Bankruptcy Rule 3007 also expressly allows a debtor to file an omnibus objection to claims on the basis that "they were not timely filed."  *See* Fed. R. Bankr. Pro. 3007.  To the extent that the No Liability Claims were filed after the General Bar Date, such Claims are untimely and should also be disallowed and expunged on that basis.  *See, e.g., In re Roman Cath. Diocese of Rockville Centre, N.Y.*, No. 20-12345 (MG), 2023 WL 4497418, at *12 (Bankr. S.D.N.Y. July 1, 2023) (disallowing late-filed claims); *In re Ditech Holding Corp.*, No. 19-10412 (JLG), 2023 WL 3265089, at *15 (Bankr. S.D.N.Y. May 4, 2023) (same).

13.     Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Bankruptcy Rule 3007(d) and the Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim on non-substantive bases, including because such claims "[are] inconsistent with or contradict[] the Debtors' books and records" and "fail[] to sufficiently specify the basis for the claim or does not include sufficient documentation to ascertain the validity of the claim[.]"  Claims Objection Procedures Order at ¶¶ 1(a)(i) and (v).  The Claims Objection Procedures Order further permits the Debtors to file an omnibus objection to claims that "seek recovery of amounts for which the Debtors are not liable."  Claims Objection Procedures Order ¶ 1(a)(iii).

14.     Courts in this District have previously disallowed and expunged claims filed against a debtor where such debtor has determined, after a thorough review and analysis of its Books and Records and the supporting documentation provided, it is not liable.  *See*, *e.g.*, Order, *In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. January 2, 2022) (ECF No. 3997); *see also In re Sunedison, Inc.*, No. 16-10992 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2021) (ECF No. 6362) (disallowing and expunging no liability claims); *In re Nine West Holdings, Inc.*, No. 18-10847 (SCC) (Bankr. S.D.N.Y. May 21, 2019) (ECF No. 1483) (same); *In re Avaya Inc.*, No. 17-10089 (SMB) (Bankr. S.D.N.Y. Nov. 13, 2017) (ECF No. 1889) (same).  This Court has also previously disallowed and expunged claims filed against the Debtors in these Chapter 11 Cases on the same basis.  *See Order Granting Debtors' Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1170); *Order Granting Debtors' Sixteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No*

*Liability)* (ECF No. 1270); *Order Granting Debtors' Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1271); *Order Granting Debtors' Seventeenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1299); *Order Granting Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1526).

## OBJECTION

### A.    No Liability Claims

15.    The Debtors and/or their advisors have reviewed the Claims Register, the No Liability Claims, and the Debtors' Books and Records.  *See* Ex. B, Kinealy Decl. ¶ 4.  Through this review, the Debtors have determined, with the help of Alvarez and Marsal North America LLC ("A&M"), the Debtors' financial advisor, that the No Liability Claims identified on Exhibit 1 to the Proposed Order, as set forth in further detail below: (i) fail to sufficiently specify the basis of the alleged liability against the Debtors, (ii) fail to provide sufficient documentation to enable the Debtors and their advisors to ascertain their validity, and/or (iii) are otherwise inconsistent with or contradict the Debtors' Books and Records in that they are not reflected in the Debtors' Books and Records.[4]  *See* Ex. B, Kinealy Decl. ¶ 5.

16.    Specifically, proofs of claim numbered 1543, 1546, 1548, 1550, 1552, 1555, 1566, 1570, 1571, 1572, 1573, 1574, 1575, and 1577 do not include any supporting documentation (the "Unsupported Claims").  As this Court has explained, "if [claims] don't have supporting

---

[4]    Further, based on a review of the No Liability Claims, for two of the Claims—proofs of claim numbered 328 and 730—the supporting documentation makes clear that the liability, if any, would lie with a non-Debtor, which provides an additional, independent basis for disallowance of those Claims.  *See* Claims Procedures Order ¶ 1(a)(vii) (permitting the Debtors to object to claims on the grounds that the claim "is filed against the incorrect Debtor, a non-debtor or is improperly filed against multiple Debtors"); Ex. B, Kinealy Decl. ¶¶ 9–10.

documentation, then they're not prima facie valid, in which case, [the Debtors] presented sufficient

evidence to say they're not in [the Debtors'] books and records." *In re Genesis Global Holdco,*

*LLC*, No. 23-10063, Jan. 3, 2023 Hr'g Tr. at 25:21–25:24.

17.     By contrast, four of the No Liability Claims—proofs of claim number 1554, 1569,

328, and 730—include some documentation, but such documentation is insufficient to support the

validity of their claims (the "Insufficiently Supported Claims"), as further described below. *See*

Ex. B, Kinealy Decl. ¶ 6. This Court has specified that, even for claims that provide supporting

documentation, "by producing evidence in equal force to the prima facie case, an objector can

negate a claim's presumptive legal validity, which shifts the burden back to the Claimant to prove

by a preponderance of the evidence that . . . the claim should be allowed" and "where a claimant

has not submitted sufficient documentation to support their proof of claim, they haven't met their

prima facie burden and that is a basis for a claim being expunged." *In re Genesis Global Holdco,*

*LLC*, No. 23-10063, Jan. 3, 2023 Hr'g Tr. at 22:3–22:8; 24:8–24:11.

18.     Proof of claim number 1554 ("Claim No. 1554"), a copy of which is attached to the

Kinealy Declaration as Exhibit B-1, lists "Cryptocurrencies" as the basis for the Claim and attaches

a document titled "Transaction History," which contains what appears to be a history of a financial

account usage. But this purported transaction history contains no references to the Debtors nor

any indication of the parties involved in such transactions. *See* Ex. B, Kinealy Decl. ¶ 7. The

Debtors also have no record based on the Debtors' schedules of any transactions with this

Claimant. *See id.* Accordingly, Claim No. 1554 does not provide sufficient supporting

information to identify a basis for the Claimant's asserted liability against the Debtors and is

otherwise inconsistent with the Debtors' books and records. *See* Ex. B, Kinealy Decl. ¶ 7.

19.     Proof of claim number 1569 ("Claim No. 1569"), a copy of which is attached to the Kinealy Declaration as Exhibit B-2, lists "money loaned" as the basis for the Claim and attaches a copy of the proof of claim form without any additional information.  *See* Ex. B, Kinealy Decl. ¶ 8. The Debtors also have no record based on the Debtors' schedules of any transactions with this Claimant. *See* Ex. B, Kinealy Decl. ¶ 8.  Accordingly, Claim No. 1569 does not provide sufficient supporting information to identify a basis for the Claimant's asserted liability against the Debtors and is otherwise inconsistent with the Debtors' books and records.  *See* Ex. B, Kinealy Decl. ¶ 8.

20.     Proof of claim number 328 ("Claim No. 328"), a copy of which is attached to the Kinealy Declaration as Exhibit B-3, lists "[s]tock appreciation rights, employee stock purchase program" as the basis for the claim and attaches an apparent compensation package with non-Debtor CoinDesk, along with a Subscription Agreement with non-Debtor Digital Currency Group, Inc. ("DCG").  *See* Ex. B, Kinealy Decl. ¶ 9.  This documentation for Claim No. 328 contains no reference to the Debtors, nor any other connection to the Debtors that could form the basis for the alleged liability.  *See* Ex. B, Kinealy Decl. ¶ 9.  The Debtors also have no record of any employment or related relationship with this Claimant. *See* Ex. B, Kinealy Decl. ¶ 9.  Accordingly, Claim No. 328 does not provide sufficient supporting information to identify a basis for the Claimant's asserted liability against the Debtors and is otherwise inconsistent with the Debtors' books and records.  *See* Ex. B, Kinealy Decl. ¶ 9.

21.     Finally, proof of claim number 730 ("Claim No. 730"), a copy of which is attached to the Kinealy Declaration as Exhibit B-4, lists "Consulting Services" as the basis for its claim, and includes invoices for consulting services addressed to non-Debtor Genesis Global Trading, Inc. *See* Ex. B, Kinealy Decl. ¶ 10.  The documentation for Claim No. 730 contains no reference to the Debtors, nor any other connection to the Debtors that could form the basis for the alleged

10

liability. *See* Ex. B, Kinealy Decl. ¶ 10. Based upon the Debtors' records, the Debtors have confirmed that this consulting relationship is with Genesis Global Trading, Inc., rather than any of the Debtors. *See* Ex. B, Kinealy Decl. ¶ 10. Accordingly, Claim No. 730 does not provide sufficient supporting information to identify a basis for the Claimant's asserted liability against any of the Debtors and is otherwise inconsistent with the Debtors' books and records. *See* Ex. B, Kinealy Decl. ¶ 10.

22.     In sum, the Unsupported Claims (i) fail to sufficiently specify the basis for the alleged liability asserted against the Debtors, and (ii) do not provide *any* supporting documentation to ascertain their validity. Such claims are therefore not prima facie valid and, as the Debtors are otherwise unable to verify the asserted liability through a review of their Books and Records, the Debtors request that the Court disallow and expunge each of these Unsupported Claims in its entirety. As for the Insufficiently Supported Claims, while such claims do attach some documentation, such documentation fails to provide sufficient information to allow the Debtors to verify the asserted liability, and given that the claims are not reflected in the Debtors' books and records, such claims have no prima facie validity. The Debtors therefore request that the Court disallow and expunge each of these Insufficiently Supported Claims in its entirety.

## SEPARATE CONTESTED MATTERS

23.     To the extent that a response is filed regarding any No Liability Claim listed in this Objection and the Debtors are unable to resolve the response, such No Liability Claim and the Objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding this Objection shall be deemed a separate order with respect to each No Liability Claim.

## RESPONSES TO OMNIBUS OBJECTION

24.     To contest this Objection, a Claimant must file and serve a written response to this

Objection (a "Response") so that it is received no later than **4:00 P.M.** (prevailing Eastern Time)

on **April 26, 2024** (the "Response Deadline").  Every Response must be filed electronically with

the Court on the docket of *In re Genesis Global Holdco, LLC*, No. 23-10063 (the "Docket") and

served upon the following entities so that the Response is received no later than the Response

Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., Jane VanLare, Esq., and
> Thomas S. Kessler, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, jvanlare@cgsh.com,
> tkessler@cgsh.com
> -and-
>
> Genesis Global Holdco, LLC
> 175 Greenwich St., 38th Fl.
> New York, NY 10007
> Attn: Andrew Sullivan
> asullivan@Genesistrading.com
>
> -and-
>
> White & Case LLP
> 1221 Avenue of the Americas
> New York, NY 10020
> Attn: Philip Abelson, Esq.
> philip.abelson@whitecase.com
>
> -and-
>
> Bankruptcy Court of the Southern District of New York
> Chambers of Judge Sean H. Lane
> 300 Quarropas Street
> White Plains, NY 10610
> Attn: Chambers of Judge Sean H. Lane

25.    Every Response to this Objection must contain, at minimum, the following information:

a.    A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.    The name of the Claimant and description of the basis for the Claim;

c.    The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d.    A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection

e.    Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);

f.    The address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in your Proof of Claim; and

g.    The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

26.    Additionally, where a Claimant sends the Court a written Response that is not signed by an attorney, and the Claimant does not file the Response on the docket, the Claimant **must** include with its Response a completed Court Communication Form (as defined, and in accordance with the requirements set forth, in the *Notice of Protocol for Written Communications to the Bankruptcy Court by Creditors*, ECF No. 1094 (the "Written Communications Protocol")) authorizing the Court to file the Response on the Court docket and acknowledging that the Claimant's name and any contact information included in the Response as well as in the Court Communication Form will be publicly available.  The Court Communication Form is attached as Exhibit A to the Written Communications Protocol.  **Failure to include a completed Court**

**Communication Form or to consent to this acknowledgement will result in the Response not being filed on the docket or considered by the Court.**  Written Communications Protocol at 2.

27.     If a Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the No Liability Claim, without further notice to the Claimant or a hearing.

## REPLIES TO RESPONSES

28.     The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

29.     The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

30.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the No Liability Claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to each of the No Liability Claims identified in Exhibit 1 to the Proposed Order.  The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the No Liability Claims set forth on Exhibit 1 at a later time, to the extent consistent with the Claims Objection Procedures Order.

31.    Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

## NOTICE

32.    The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

33.    No prior request for the relief requested herein has been made to this or any other Court.

[*The remainder of this page is left blank intentionally*]

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request

that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just

and proper.

Dated:    April 5, 2024
             New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER GRANTING DEBTORS'
## THIRTIETH OMNIBUS OBJECTION
## (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
## PURSUANT TO 11 U.S.C § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)

Upon the *Debtors' Thirtieth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging in full each of the No Liability Claims identified on Exhibit 1 attached hereto (the "Order"); and upon the *Declaration of Paul Kinealy in Support of Debtors' Thirtieth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the No Liability Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the No Liability Claims identified on Exhibit 1 attached hereto.

2.      Each of the No Liability Claims identified on Exhibit 1 is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.      This Order shall be deemed a separate Order with respect to each of the No Liability Claims identified on Exhibit 1.   Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

5.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or the Official Committee of Unsecured Creditors under the Bankruptcy Code or any other applicable law.

6.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
       White Plains, New York

_____

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**No Liability Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirtieth Omnibus Objection**
**Exhibit 1 - No Books and Records Claims**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 1 | NAME REDACTED ADDRESS REDACTED | 1575 | Genesis Global Capital, LLC | 3/9/2024* | BTC 0.013 USD 6,600 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 2 | NAME REDACTED ADDRESS REDACTED | 730 | Genesis Global Holdco, LLC | 6/8/2023* | USD 9,166.67 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 3 | NAME REDACTED ADDRESS REDACTED | 1550 | Genesis Global Holdco, LLC | 3/4/2024* | ETH 56 BTC 81† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 4 | NAME REDACTED ADDRESS REDACTED | 1555 | Genesis Global Holdco, LLC | 3/4/2024* | DOGE 5.5555 USD 1,100 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 5 | NAME REDACTED ADDRESS REDACTED | 1552 | Genesis Global Holdco, LLC | 3/4/2024* | ZRX 93.42 1INCH 79.20946 AAVE 0.352407 AMP 2,072.431669 DAI 0.024744 MATIC 74.324 BTC 0.00002152 SUSHI 9.934696 LTC 1.119249 USD 497 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 6 | NAME REDACTED ADDRESS REDACTED | 1571 | Genesis Global Holdco, LLC | 3/8/2024* | USD 2,000 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 7 | NAME REDACTED ADDRESS REDACTED | 1543 | Genesis Global Capital, LLC | 3/1/2024* | LUNC 199 USD 199 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 8 | NAME REDACTED ADDRESS REDACTED | 1573 | Genesis Global Holdco, LLC | 3/10/2024* | USD 500 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirtieth Omnibus Objection**
**Exhibit 1 - No Books and Records Claims**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 9 | NAME REDACTED<br>ADDRESS REDACTED | 1548 | Genesis Global Holdco, LLC | 3/4/2024* | BTC 0.003<br>DOGE 1,600<br>USD 350 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 10 | NAME REDACTED<br>ADDRESS REDACTED | 1566 | Genesis Global Holdco, LLC | 3/8/2024* | ETH 0.025161†<br>FIL 4.034155† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 11 | NAME REDACTED<br>ADDRESS REDACTED | 1569 | Genesis Global Holdco, LLC | 3/8/2024* | BTC 0.00871513<br>USD 604 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 12 | NAME REDACTED<br>ADDRESS REDACTED | 1577 | Genesis Global Holdco, LLC | 3/11/2024* | BTC 17,723<br>BSV 0.00017723<br>ETH 0.506<br>USD 4,000 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 13 | NAME REDACTED<br>ADDRESS REDACTED | 1546 | Genesis Global Capital, LLC | 3/1/2024* | DOGE 254† |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 14 | NAME REDACTED<br>ADDRESS REDACTED | 1554 | Genesis Global Holdco, LLC | 3/4/2024* | ETH 21.91946095<br>USD 45,000 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 15 | NAME REDACTED<br>ADDRESS REDACTED | 1574 | Genesis Global Holdco, LLC | 3/10/2024* | USD 600 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirtieth Omnibus Objection**
**Exhibit 1 - No Books and Records Claims**

## <u>CLAIMS TO BE DISALLOWED</u>

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 16 | NAME REDACTED<br>ADDRESS REDACTED | 1570 | Genesis Global Capital, LLC | 3/8/2024* | USD 900 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 17 | NAME REDACTED<br>ADDRESS REDACTED | 328 | Genesis Global Holdco, LLC | 05/18/23 | USD 45,478 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |
| 18 | NAME REDACTED<br>ADDRESS REDACTED | 1572 | Genesis Global Holdco, LLC | 3/8/2024* | USD 51 |
| | *Reason: Insufficient documentation and inconsistent with the Debtors' books and records.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

## **EXHIBIT B**

**Kinealy Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## DECLARATION OF PAUL KINEALY
## IN SUPPORT OF DEBTORS' THIRTIETH OMNIBUS
## OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
## PURSUANT TO 11 U.S.C § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)

I, Paul Kinealy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

## BACKGROUND

1.      I am a Senior Director at Alvarez and Marsal North America, LLC ("A&M"), the financial advisor for the above-captioned Debtors.

2.      In my capacity as Senior Director, I am authorized to submit this Declaration in support of the *Debtor's Thirtieth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection").[2]

3.      I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs and Books and Records and am responsible for overseeing the review and analysis of claims filed in the Debtors' Chapter 11 Cases.  All facts set forth herein are based on my personal knowledge, my review or the review of employees of A&M of the Claims and other relevant

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

documents or information provided by the Debtors' employees and advisors.  If I were called upon to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees of A&M, personally reviewed the No Liability Claims identified on Exhibit 1 to the Proposed Order as part of the claims reconciliations process in these Chapter 11 Cases.

### **FACTUAL BASIS OF OBJECTION**

4.      Either I or one or more of the Debtors' employees or advisors operating at A&M's direction have reviewed the Claims Register, the Debtors' Books and Records, each of the No Liability Claims identified on Exhibit 1 to the Proposed Order, and the facts and circumstances set forth in the Objection regarding such Claims.

5.      We have determined from this review that for the No Liability Claims identified in Exhibit 1 to the Proposed Order, supporting information sufficient to identify the basis for the asserted liability or ascertain its validity was not provided by the Claimant, and the Debtors' Books and Records otherwise do not reflect the existence of the asserted Claim or of the Claimant asserting such Claim against the Debtors.

6.      Specifically, proofs of claim number 1543, 1546, 1548, 1550, 1552, 1555, 1566, 1570, 1571, 1572, 1573, 1574, 1575 and 1577 do not include any supporting documentation.  By contrast, four of the No Liability Claims—proofs of claim number 1554, 1569, 328, and 730— include some documentation, but such documentation is insufficient to support the validity of their claims, as further described below.

7.      Proof of claim number 1554 ("Claim No. 1554"), a copy of which is attached hereto as Exhibit B-1, lists "Cryptocurrencies" as the basis for the Claim and attaches a document titled "Transaction History," which contains what appears to be a history of a financial account usage.

But this purported transaction history contains no references to the Debtors nor any indication of the parties involved in such transactions. The Debtors also have no record based on the Debtors' schedules of any transactions with this Claimant. Accordingly, Claim No. 1554 does not provide sufficient supporting information to identify a basis for the Claimant's asserted liability against the Debtors and is otherwise inconsistent with the Debtors' books and records.

8.      Proof of claim number 1569 ("Claim No. 1569"), a copy of which is attached hereto as Exhibit B-2, lists "money loaned" as the basis for the Claim and attaches a copy of the proof of claim form without any additional information. The Debtors also have no record based on the Debtors' schedules of any transactions with this Claimant. Accordingly, Claim No. 1569 does not provide sufficient supporting information to identify a basis for the Claimant's asserted liability against the Debtors and is otherwise inconsistent with the Debtors' books and records.

9.      Proof of claim number 328 ("Claim No. 328"), a copy of which is attached hereto as Exhibit B-3, lists "[s]tock appreciation rights, employee stock purchase program" as the basis for the claim and attaches an apparent compensation package with non-Debtor CoinDesk, along with a Subscription Agreement with non-Debtor Digital Currency Group, Inc. ("DCG"). This documentation for Claim No. 328 contains no reference to the Debtors, nor any other connection to the Debtors that could form the basis for the alleged liability. The Debtors also have no record of any employment or related relationship with this Claimant. Accordingly, Claim No. 328 does not provide sufficient supporting information to identify a basis for the Claimant's asserted liability against the Debtors and is otherwise inconsistent with the Debtors' books and records.

10.     Proof of claim number 730 ("Claim No. 730"), a copy of which is attached hereto as Exhibit B-4, lists "Consulting Services" as the basis for its claim, and includes invoices for consulting services addressed to non-Debtor Genesis Global Trading, Inc. The documentation for

Claim No. 730 contains no reference to the Debtors, nor any other connection to the Debtors that could form the basis for the alleged liability. Based upon the Debtors' records, the Debtors have confirmed that this consulting relationship is with Genesis Global Trading, Inc., rather than any of the Debtors. Accordingly, Claim No. 730 does not provide sufficient supporting information to identify a basis for the Claimant's asserted liability against any of the Debtors and is otherwise inconsistent with the Debtors' books and records.

11.     The remaining No Liability Claims fail to include any supporting documentation.

12.     As the No Liability Claims are not found within the Debtors' Books and Records, and fail to provide sufficient supporting documentation to verify the asserted liability against the Debtors, there is no liability against the Debtors for such Claims.

13.     I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the No Liability Claims identified on <u>Exhibit 1</u> to the Proposed Order should be disallowed in full.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


Executed on April 5, 2024          */s/ Paul Kinealy*
                                   Paul Kinealy

4

**<u>EXHIBIT B-1</u>**

**Claim No. 1554**

[**Redacted for PII**]

## **EXHIBIT B-2**

**Claim No. 1569**

[**Redacted for PII**]

**<u>EXHIBIT B-3</u>**

**Claim No. 328**

[**Redacted for PII**]

## **EXHIBIT B-4**

**Claim No. 730**

[**Redacted for PII**]