**Hearing Date and Time: May 8, 2024 at 11:00 AM (ET)**
**Objection Deadline: April 26, 2024 at 4:00 PM (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS'**
**OBJECTION (NON-SUBSTANTIVE) TO**
**CLAIM NO. 411 PURSUANT TO 11 U.S.C. § 502**
**AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)**

      **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

**PLEASE TAKE FURTHER NOTICE** that on April 5, 2024 the Debtors filed the *Debtors' Objection (Non-Substantive) to Claim No. 411 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow)* (the "Objection"). A hearing (the "Hearing") on the Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **May 8, 2024, at 11:00 AM (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order at 3.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Objection or the relief requested therein shall be made in writing, filed with the Court no later than **April 26, 2024, at 4:00 PM (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.[3]

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Objection, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** copies of the Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

---

[3]     See paragraph 35 of the Objection regarding submission of Responses written and signed by a claimant themselves rather than by an attorney on behalf of the claimant.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Objection, or if you want the Court to hear your position on the Objection, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Objection and may enter orders granting the relief requested by the Debtors.

Dated:  April 5, 2024
New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION
(NON-SUBSTANTIVE) TO CLAIM NO. 411 PURSUANT TO
11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and seek to modify and allow proof of claim number 411 ("Claim No. 411"),[2] filed by ▮▮▮▮▮▮ (the "Claimant") as a general unsecured claim in the amount as

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Claim No. 411 is attached to the Kinealy Declaration as Exhibit B-1.  Pursuant to the Redaction Order (as defined herein) the proof of claim has been redacted to protect the confidentiality of the Claimant.  *See* Redaction Order.

asserted, substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant

to section 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the *Revised Order Pursuant*

*to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice*

*Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF

No. 498) (the "<u>Claims Objection Procedures Order</u>") and seek entry of the Proposed Order

modifying the class of Claim No. 411 from secured to general unsecured and allowing as modified.

In support of this Objection, the Debtors submit the *Declaration of Paul Kinealy in Support of the*

*Debtors' Objection (Non-Substantive) to Claim No. 411 Pursuant to 11 U.S.C. § 502 and Fed. R.*

*Bankr. P. 3007 (Modify and Allow)* (the "<u>Kinealy Declaration</u>"), attached hereto as <u>Exhibit B</u> and

incorporated by reference and the *Declaration of Andrew Sullivan in Support of the Debtors'*

*Objection (Non-Substantive) to Claim No. 411 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P.*

*3007 (Modify and Allow)* (the "<u>Sullivan Declaration</u>"), attached hereto as <u>Exhibit C</u> and

incorporated by reference, and the *Declaration of Deandra Fike in Support of the Debtors'*

*Objection (Non-Substantive) to Claim No. 411 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P.*

*3007 (Modify and Allow)* (the "<u>Fike Declaration</u>"), attached hereto as <u>Exhibit D</u> and incorporated

by reference, and respectfully state as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      The United States Bankruptcy Court for the Southern District of New York (the

"<u>Court</u>") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory

2

bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## BACKGROUND

**A.     Debtors' Business and Procedural History**

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engaged in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc.  Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (together, the "First Day Declarations").[3]

3.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the

---

[3]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

*Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

5.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

6.      The General Bar Date passed on May 22, 2023.  As of April 1, 2024, 1,607 proofs of claim have been filed against the Debtors.

**B.    The Claims Resolution Process**

7.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

8.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation*

4

*and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694) (the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors. The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents). The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

9.     The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance. To reduce the number of Claims, and to avoid possible double recovery or otherwise improper recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of the Debtors' upcoming solicitation, the Debtors will continue to file omnibus objections to such categories of claims if and where warranted.

10.    On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors submit that this Objection and the notice provided to the Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

C. **Claim No. 411**

11.     The Debtors' Schedules include a liability owed to the Claimant by Genesis Global Capital, LLC ("GGC") in the amount of US Dollars ("USD") $409,177.52, Bitcoin ("BTC") 115.472054027994, Cardano ("ADA") 1,001,178.08219178, Ethereum ("ETH") 1,702.63916640672, and EthereumPoW ("ETHW") 1,702.63916640672 as a general unsecured claim. *See* Schedules, Schedule E/F at 3.1.0065 (the "Scheduled Claim").

12.     On May 22, 2023, Claim No. 411[4] was filed in these Chapter 11 Cases against GGC asserting a claim in the amount of USD 409,177.52, BTC 115.472054027994, ADA 1,001,178.08219178, ETH 1,702.63916640672, and ETHW 1,702.63916640672, asserting that the Claim is secured by a lien on property allegedly arising from "bailment of crypto and related assets." *See* Claim No. 411 at 8. The attachment to Claim No. 411 (the "Attachment") provides that the claim is based on "(i) Creditor's cryptocurrency loan account with the Debtor ("Account"), through which the Creditor loaned various cryptocurrency holdings…to Debtor, (ii) the periodic interest accrued…and (iii) the Master Borrower Agreement and Supplemental Tri-Party Agreement, effective as of April 1, 2021" (the "Agreement"). *See* Attachment ¶ 2. The Agreement is attached as Exhibit C-1 to the Sullivan Declaration. The Attachment does not explain the nature of this alleged "bailment of crypto and related assets" or the basis for any alleged security interest.

13.     The Agreement contemplates by its terms that GGC may "seek to initiate a transaction pursuant to which [Claimant] will lend U.S. Dollars or Digital Currency to [GGC], and [GGC] will pay a Loan Fee and return such U.S Dollars or Digital Currency to Lender upon the termination of the Loan." Agreement at 1. The Agreement further provides that GGC "intends to use any Loaned Assets [as defined therein] under this Agreement in its Digital Currency lending

---

[4]     The Scheduled Claim and Claim No. 411 differ only insofar as Claim No. 411 asserts that GGC's liability to the Claimant is secured.

business." *Id*.  The parties thus contemplated and agreed that coins loaned to GGC would be rehypothecated or otherwise used by GGC – not held for safekeeping as would be the case in a bailment relationship or pledged as collateral to secure GGC's obligations.  GGC specifically agrees to pay the Claimant certain financing fees on each loan, which operate as interest and accrue from the date of transfer to GGC until the loan is repaid in its entirety.  *Id*. at 6-7.

## RELIEF REQUESTED

14.     The Debtors and/or their advisors have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, and Claim No. 411.  Based on this review, the Debtors have determined that Claim No. 411 is subject to reclassification from a secured claim to a general unsecured claim on the following bases:  (i) the Debtors and Claimant did not have a bailee/bailor relationship under the Agreement; and (ii) even if the Claimant could have asserted a bailment relationship, a bailment does not qualify as a security interest that entitles the Claimant to treatment of his claim as secured.  By this Objection, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, (i) modifying Claim No. 411 from a secured claim to a general unsecured claim and (ii) allowing Claim No. 411 as modified in the amount asserted, as identified in Exhibit A-1 to the Proposed Order.

## BASIS FOR RELIEF

15.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019).   Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity.  *See id*.  A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity.  *Id*.  Once the objecting party produces such evidence, the burden shifts back to the

claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

16.     Pursuant to the Claims Objections Procedures Order, the Debtors are permitted to file an objection to Claims which are "incorrectly classified." Claims Objection Procedures Order, ¶ 1(a)(ii).  Doing so will ensure that the Claims Register is accurate and consistent with the Debtors' Schedules and Books and Records.  Failure to do so could result in improper order of creditor recoveries.  For these reasons, courts in this district have granted similar relief.  *See, e.g.*, Order, *In re LATAM Airlines Group S.A., et al.,* Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 31, 2022) (ECF No. 5553) (reclassifying claims); *see also In re Aegean Marine Petroleum Network Inc.*, Case No. 18-13374 (MEW) (Bankr. S.D.N.Y. June 15, 2020) (reclassifying equity claims related to the purchase or sale of a security as equity interests under 510(b)); *In re Lehman Bros. Holdings Inc.*, 548 B.R. 663, 669, 671 (S.D.N.Y. 2016), *aff'd on other grounds*, 855 F.3d 459 (2d Cir. 2017) (same); *In re WorldCom, Inc.*, 329 B.R. 10, 17 (Bankr. S.D.N.Y. 2005) (same).

## **OBJECTION**

17.     The Debtors and/or their advisors have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, and Claim No. 411.  *See* Ex. B, Kinealy Decl., ¶ 4. Through this review, the Debtors have determined, with the help of Alvarez and Marsal North America LLC ("A&M"), the Debtors' financial advisor, that:  (i) Claim No. 411 is not properly asserted as a secured claim (nor, as explained in further detail below, does Claim No. 411 provide any contrary evidence) and therefore should be modified from a secured claim to a general unsecured claim; and (ii) Claim 411 should be allowed as a general unsecured claim for the amount asserted in the proof of claim, consistent with the Scheduled Claim.  *See* Ex. B, Kinealy Decl., ¶¶ 5-7.

18.    The Claimant provides no evidence that Claim No. 411 is secured other than a single reference in their description of the claim to a "bailment." *See* Claim No. 411 at 8. Nowhere in the Attachment does the Claimant mention a bailment or the basis for this description in the proof of claim, nor does it otherwise reference, let alone provide support for, a security interest in the claimed assets. *See* Attachment. The Claimant provides no basis for concluding (i) that the Debtors and Claimant actually had a bailee/bailor relationship with respect to the assets claimed, nor (ii) that the purported bailment relationship created a security interest. In any event, applicable law provides no basis for the Claimant's purported security interest, and so the Claimant's unsupported assertion to the contrary is of no import.

      i.    *The Debtors Were Not Bailees Under the Agreement*

19.    As an initial matter, the Claimant provides no evidence to support the assertion that a bailor/bailee relationship existed between the Claimant and the Debtors with respect to the asserted assets. A bailment is a type of safekeeping relationship, as distinguished from a debtor-creditor relationship, where the bailor entrusts its assets to the bailee who has a duty to maintain and account to the bailor for the asset, rather than using it for the bailee's own purposes. *Hartford Ins. Co. v. Rosa*, No. 031812/1999, 2002 WL 31686861 (N.Y. Sup. Ct. Aug. 22, 2002) ("A bailment requires lawful possession of property and a duty to account for the thing as the property of another. . . . It is the taking of possession without present intent to appropriate that creates a bailment."). In a debtor-creditor relationship, by contrast, the recipient of the asset has and exercises a right to use the asset it receives from the other party, is only required to return equivalent assets, and typically pays a fee in exchange for its use rights. *See e.g. Van Wagoner v. Buckley*, 148 A.D. 808, 810-11 (N.Y. App. Div. 1912) ("[A]ll deposits made with bankers may be divided into two classes, namely, those in which the bank becomes bailee of the depositor, the title

to the thing deposited remaining with the latter; and that other kind of deposit of money peculiar to banking business, in which the depositor, for his own convenience, parts with the title to his money, and loans it to the banker; and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand.").

20.     Generally, to determine the characterization of a given arrangement, courts will look to the intent of the parties as evident from the relevant agreement, as well as the circumstances that led up to the contractual arrangement.  9 N.Y. Jur. 2d Bailments and Chattel Leases § 10; *see also In the Matter of Int'l Milling*, 259 N.Y. 77, 81 (N.Y. 1932).  The specific label used in an agreement is not determinative; a court may consider whether the terms of the agreement align with a bailment relationship, including whether the bailee segregates the bailor's assets from its own, whether the bailor retains all the incidents of ownership, and what kind of fee arrangement exists.  *See Fesenmeyer v. Salt Springs Nat'l Bank*, 92 F.2d 599, 600-01 (2d Cir. 1937) ("Calling itself a trustee in the agreement, or the deposit a trust fund, would not make it a trustee or create a trust if the legal effect of the transaction were otherwise.  And on the face of the agreement nothing but the relationship of debtor and creditor was brought into existence as when a bank accepts a deposit to hold at interest.").

21.     Recently another bankruptcy court in this district applied these principles to determine whether crypto assets deposited by customers with Celsius Network LLC ("Celsius") formed part of Celsius' bankruptcy estate.  *See In re Celsius Network LLC*, 647 B.R. 631, 637 (Bankr. S.D.N.Y. 2023) (the "Celsius Case").  Specifically, Chief Judge Glenn found that crypto assets transferred to Celsius under its "Earn Program" were property of the Celsius estate, because the terms of the program provided that title and ownership passed from the customers to Celsius.

*Id*.  The Court further held that "[i]t is blackletter law that a loan of money or property to another creates a debtor-creditor relationship." *Id.* at 657.  The Court also found that there was no evidence that Earn Program customers had a perfected security interest in any property, and thus had unsecured claims against Celsius.  *Id*. at 651, 657.

22.     In this case, the relationship under the Agreement is clearly that of debtor-creditor, as the Agreement specifically refers to the Claimant as "Lender" and GGC as "Borrower", and contemplates "transaction[s] pursuant to which Lender will lend U.S. Dollars or Digital Currency to Borrower, and Borrower will pay a Loan Fee and return such U.S. Dollars or Digital Currency to Lender upon the termination of the Loan."  Agreement at 1.  As the Court concluded in the Celsius Case, such loan of money or property creates a debtor-creditor relationship.  Further, as stated above, the Agreement provides for payment of loan fees by *Debtors*, akin to interest payments, on the assets lent to the Debtors.  *See supra* ¶ 13.  The Claimant indeed acknowledges that Claim No. 411 is based on a "cryptocurrency loan" and the Claimant "loaned various cryptocurrency holdings" while earning "periodic interest" on such loans to the Debtors. Attachment ¶ 2.

23.     The Agreement also provides that GGC "intends to use any Loaned Assets under this Agreement in its Digital Currency lending business", Agreement at 1, exemplifying that the assets could be, and were, freely used by GGC, *see* Sullivan Decl. ¶ 4, as is typical in a debtor-creditor relationship, rather than simply maintained for safekeeping on behalf of a bailor, as is required in a bailment relationship.  Additionally, the asserted assets were not held separately from the Debtors' property.  *See* Sullivan Decl. ¶ 4.  The assets were comingled with the remainder of the Debtors' property and were therefore not susceptible to being identified as belonging to the

Claimant. *Id.* As noted above, such segregation is common in bailment arrangements, but not in debtor-creditor relationships. *See supra* ¶ 20.

24.    Given the above, it is clear that the Claimant and GGC intended to establish a debtor-creditor relationship under the Agreement rather than establishing a bailment relationship with respect to the asserted assets. Moreover, the Claimant has provided no evidence to the contrary in Claim No. 411, nor even a mention of the alleged bailment relationship in the Attachment.

ii.    *A Bailment Does Not, By Itself, Create A Valid Security Interest*

25.    Even if the Claimant were able to establish a bailment relationship between the Debtors and the Claimant (which, as made clear above, they did not even attempt to do in Claim No. 411, nor could they have done so under the terms of the Agreement), a bailment relationship does not, without more, create a security interest in the asserted assets. The Agreement provides that it is governed by New York law. Agreement at 15. Accordingly, the Uniform Commercial Code as in effect in the State of New York (the "<u>UCC</u>") would govern the creation of security interests.

26.    A "security interest" under the UCC means an "interest in personal property or fixtures which secures payment or performance of an obligation." UCC § 1-201(b)(35). "A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral." UCC § 9-203(a). A security interest generally becomes enforceable when a debtor "authenticate[s] a security agreement that provides a description of the collateral." UCC § 9-203 cmt. 3. Under the UCC, a "security agreement" is "an agreement that creates or provides for a security interest." UCC § 9-102(a)(74).

27.     The Claimant has provided no evidence that the Debtors authenticated an agreement that creates or provides for a security interest in favor of the Claimant in any property, including any USD, BTC, ADA, ETH, or ETHW under Claim No. 411.

28.     The only situation in which a bailment can create a security interest without satisfying UCC Section 9-203 is a consignment, which is limited to a situation in which a person delivers "goods" to a merchant for purposes of sale.  UCC § 9-102(a)(20).  The only way to perfect such a security interest in a consignment is by filing a financing statement.  UCC § 9-310(a).  The relationship here was not a consignment, since the property at issue was not delivered to a merchant for purposes of sale, but lent to GGC and, in any event, the property does not fall within the UCC's definition of goods.  UCC § 9-102(a)(44) (defining "goods" as "all things that are movable when a security interest attache[s]. . .").  In addition, the Claimant has not asserted that they have filed a financing statement with respect to the asserted assets and the Debtors' UCC searches have not revealed any such financing statements.  *See* Fike Declaration ¶ 4.

29.     Accordingly, the Claimant provides no basis for their passing assertion that a purported bailment relationship entitles them to secured status.

30.     Given the above, even if the Claimant established that a bailment relationship existed with respect to the asserted assets, such bailment does not, by itself, constitute a security interest under the UCC.  The Debtors therefore request the Court modify the class of Claim No. 411 from a secured claim to a general unsecured claim.

31.     In sum, not only did the Claimant fail to provide any evidence to support its cursory mention of bailment to attempt to establish Claim No. 411 as a secured claim, but it is clear (i) that the Claimant and the Debtors did not have a bailor/bailee relationship under the

Agreement, and (ii) that even if they had, such a bailment would not have created a security interest in the asserted assets.

32.    The Debtors accordingly object to Claim No. 411 on the basis that it has been incorrectly classified as a secured claim as asserted, and respectfully request that: (i) Claim No. 411 be modified such that it is classified as a general unsecured claim; and (ii) be allowed as modified herein.[5]

### **RESPONSES TO OBJECTION**

33.    To contest this Objection, the holder of Claim No. 411 must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 p.m.** (prevailing Eastern Time) on **April 26, 2024** (the "Response Deadline").  Any Response must be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, No. 23-10063 (the "Docket") and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., Jane VanLare, Esq., and
> Thomas S. Kessler, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, jvanlare@cgsh.com,
> tkessler@cgsh.com
>
> -and-
>
> Genesis Global Holdco, LLC
> 175 Greenwich St., 38th Fl.
> New York, NY 10007

---

[5]    Pursuant to section 502(b) of the Bankruptcy Court, the Debtors have converted the amount in which Claim No. 411 should be allowed to U.S. Dollars as of the Petition Date.  *See* Hr'g Tr. at 48:1-13, *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. Feb. 22, 2023) (noting that while the claimant's proof of claim asserted a claim denominated in digital assets, "under the Bankruptcy Code, the value of your claim for purposes of distribution has to be measured in terms of dollars as of the filing date.").  The Debtors, however, reserve the right to make distributions with respect to Claim No. 411 in cash and/or crypto currency pursuant to the terms of any confirmed chapter 11 plan.  For the avoidance of doubt, nothing herein shall determine the method of distributions pursuant to any such plan.

Attn: Andrew Sullivan
Asullivan@Genesistrading.com

-and-

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Attn: Philip Abelson, Esq.
philip.abelson@whitecase.com

-and-

Bankruptcy Court of the Southern District of New York
Chambers of Judge Sean H. Lane
300 Quarropas Street
White Plains, NY 10610
Attn: Chambers of Judge Sean H. Lane

34.     Any Response to this Objection must contain, at minimum, the following information:

    a.      A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;

    b.      The name of the Claimant and description of the basis for the Claim;

    c.      The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    d.      A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection

    e.      Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);

    f.      The address(es) to which the Debtors must return any reply to the Response, if different from that presented in the Claimant's Proof of Claim; and

    g.      The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

35.    Additionally, where a Claimant sends the Court a written Response that is not signed by an attorney, and the Claimant does not file the Response on the docket, the Claimant must include with its Response a completed Court Communication Form (as defined, and in accordance with the requirements set forth, in the Notice of Protocol for Written Communications to the Bankruptcy Court by Creditors, ECF No. 1094 (the "Written Communications Protocol")) authorizing the Court to file the Response on the Court docket and acknowledging that the Claimant's name and any contact information included in the Response as well as in the Court Communication Form will be publicly available.  The Court Communication Form is attached as Exhibit A to the Written Communications Protocol.  **Failure to include a completed Court Communication Form or to consent to this acknowledgement will result in the Response not being filed on the docket or considered by the Court.**  Written Communications Protocol at 2.

36.    If a Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order reclassifying and allowing Claim No. 411, without further notice to the Claimant or a hearing.

## REPLIES TO RESPONSES

37.    The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

38.    The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimant by serving the person designated in the Response.

## RESERVATION OF RIGHTS

39.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to Claim No. 411 on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to Claim No. 411.  The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to Claim No. 411 at a later time, to the extent consistent with the Claims Objection Procedures Order.

40.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimant subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimant relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of Claim No. 411 if subject to such avoidance actions.

## NOTICE

41.     The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

42.     No prior request for the relief requested herein has been made to this or any other Court.

*The remainder of this page is left blank intentionally*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

Dated:    April 5, 2024
            New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[9] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER GRANTING DEBTORS'
### OBJECTION (NON-SUBSTANTIVE) TO
### CLAIM NO. 411 PURSUANT TO 11 U.S.C. § 502 AND
### FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)

Upon the *Debtors' Objection (Non-Substantive) to Claim No. 411 Pursuant to 11 U.S.C. §
502 and Fed. R. Bankr. P. 3007 (Modify and Allow)* (the "Objection")[10] filed by the debtors in the
above-captioned case (the "Debtors"), requesting entry of an order (the "Order") pursuant to
section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and allowing as
modified proof of claim number 411 (Claim No. 411); and upon the *Declaration of Paul Kinealy
in Support of Debtors' Objection (Non-Substantive) to Claim No. 411 Pursuant to 11 U.S.C. § 502
and Fed. R. Bankr. P. 3007 (Modify and Allow)*, attached to the Objection as Exhibit B; and upon
the *Declaration of Andrew Sullivan in Support of Debtors' Objection (Non-Substantive) to Claim
No. 411 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow)*, attached to
the Objection as Exhibit C; and upon the *Declaration of Deandra Fike in Support of Debtors'
Objection (Non-Substantive) to Claim No. 411 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P.
3007 (Modify and Allow)*, attached to the Objection as Exhibit D; and upon all other documentation

---

[9]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification
number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175
Greenwich Street, Floor 38, New York, NY 10007.

[10]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

filed in connection with the Objection and Claim No. 411; and adequate notice of the Objection

having been given as set forth in the Objection; and it appearing that no other or further notice is

required; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect

to Claim No. 411.

2.      Claim No. 411 is hereby modified to be classified as a general unsecured claim

against GGC and allowed as modified in the amount identified in Exhibit A-1 herein.

3.      For the avoidance of doubt, nothing in this Order shall govern or determine the

method or currency of any distribution on any claim, which will be determined pursuant to the

terms of a confirmed plan of reorganization.

4.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC,

and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect

to this Order, including updating the Claims Register to reflect the relief granted herein.

5.      Except as provided in this Order, nothing in this Order shall be deemed (i) an

admission or finding as to the validity of Claim No. 411 against GGC, (ii) a waiver of the right of

the Debtors or the Official Committee of Unsecured Creditors (the "UCC") to dispute Claim No.

411 on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to

pay any Claim, or (iv) a waiver of the rights of the Debtors or UCC under the Bankruptcy Code or

any other applicable law.

6.      This Court shall retain jurisdiction over any and all issues arising from or related to

the implementation and interpretation of this Order.

Dated: _____, 2024
White Plains, New York

_____

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT A-1**

**Claim No. 411 As Modified and Allowed**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Exhibit A-1 - Modify Class and Allow**

| | | | | | | ASSERTED | | MODIFIED AND ALLOWED | |
|---|---|---|---|---|---|---|---|---|---|
| # | CLAIM # | ASSERTED DEBTOR | DATE FILED | PRIORITY STATUS | | ASSERTED IN KIND AMOUNTS | PRIORITY STATUS | | ASSERTED IN KIND AMOUNTS |
| | | | | *503(b)(9)* | | USD 0.00 | *503(b)(9)* | | USD 0.00 |
| | | | | *Admin* | | USD 0.00 | *Admin* | | USD 0.00 |
| | | | | *Priority* | | USD 0.00 | *Priority* | | USD 0.00 |
| | | | | *Secured* | | USD 409,177.52 BTC 115.472054027994 ADA 1,001,178.08219178 ETH 1,702.63916640672 ETHW 1,702.63916640672 | *Secured* | | USD 0.00 |
| 1 | 411 | Genesis Global Capital, LLC | 05/22/23 | *Unsecured* | | USD 0.00 | *Unsecured* | | BTC 115.472054027994 ADA 1,001,178.08219178 ETH 1,702.63916640672 ETHW 1,702.63916640672 USD 409,177.52 |
| | | | | Subtotal In Kind Amount | | **BTC 115.472054027994 ADA 1,001,178.08219178 ETH 1,702.63916640672 ETHW 1,702.63916640672 USD 409,177.52** | Subtotal In Kind Amount | | **BTC 115.472054027994 ADA 1,001,178.08219178 ETH 1,702.63916640672 ETHW 1,702.63916640672 USD 409,177.52** |
| | | | | | | | Subtotal Pro Forma Amount | | $5,838,057.73 |

*Reason: The asserted claim class is inconsistent with the Debtors' books and records and the claimant does not provide sufficient support for the alleged secured status.*

## **EXHIBIT B**

**Kinealy Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF PAUL KINEALY
### IN SUPPORT OF DEBTORS' OBJECTION
### (NON-SUBSTANTIVE) TO CLAIM NO. 411 PURSUANT
### TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)

I, Paul Kinealy, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

### BACKGROUND

1.      I am a Senior Director at Alvarez and Marsal North America, LLC ("A&M"), the financial advisor for the above-captioned Debtors.

2.      In my capacity as Senior Director, I am authorized to submit this declaration in support of the *Debtor's Objection (Non-Substantive) to Claim No. 411 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow)* (the "Objection").[2]

3.      I am familiar with the Debtors' day-to-day operations, financing arrangements, business affairs, Schedules and Books and Records and am responsible for overseeing the review and analysis of claims filed in the Debtors' Chapter 11 Cases.  All facts set forth herein are based on my personal knowledge, my review or the review of employees of A&M of the Claims and other relevant documents or information provided by the Debtors' employees and advisors.  If I

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

were called upon to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees of A&M, personally reviewed the Claim No. 411 as part of the claims reconciliations process in these Chapter 11 Cases.

## **FACTUAL BASIS OF OBJECTION**

4.      Either I or one or more of the Debtors' employees or advisors operating at A&M's direction have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, Claim No. 411 and the facts and circumstances set forth in the Objection regarding Claim No. 411.

5.      We have determined that Claim No. 411, if modified to be a general unsecured claim, asserts amounts consistent with a corresponding Scheduled Claim.

6.      A true and correct copy of Claim No. 411 is attached hereto as Exhibit B-1.

7.      I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and Claim No. 411 should be modified to a general unsecured claim and allowed as modified.

*** 

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on April 5, 2024               */s/ Paul Kinealy*_____
                                                      Paul Kinealy

**<u>EXHIBIT B-1</u>**

**Claim No. 411**

[**Redacted for PII**]

**EXHIBIT C**

**Sullivan Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF ANDREW SULLIVAN
### IN SUPPORT OF DEBTORS' OBJECTION
### (NON-SUBSTANTIVE) TO CLAIM NO. 411 PURSUANT
### TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)

I, Andrew Sullivan, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

1.      I am the General Counsel for the Debtors.  I am generally familiar with the day-to-day operations and affairs of the Debtors.

2.      I submit this declaration (the "Declaration") in support of the Objection[2] which is being filed simultaneously herewith.

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' business practices, or information supplied to me by members of the Debtors' management, other personnel and professional advisors regarding the Debtors' business practices, or my opinion based on my experience, knowledge and information concerning the Debtors' business practices.  To the extent that the Debtors learn that any information provided herein is materially inaccurate, the Debtors will act promptly to notify the

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Objection.

Court and other parties; however, I believe all information herein to be true to the best of my knowledge, information and belief.  I am authorized to submit this Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

4.      The assets asserted in Claim No. 411 were not segregated from the Debtors' property and were instead comingled with the remainder of the Debtors' assets such that they are not susceptible to being identified as belonging to the Claimant.  Any assets transferred from the Claimant were used in GGC's lending activities, including to make loans to third parties.

5.      A true and correct copy of the Agreement (as defined in the Objection) is attached hereto as Exhibit C-1.

6.      I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief.

*** 

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on April 5, 2024              /s/ Andrew Sullivan
                                       Andrew Sullivan

## **EXHIBIT C-1**

**Agreement**

**[Redacted for PII]**

**<u>EXHIBIT D</u>**

**Fike Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF DEANDRA FIKE**
**IN SUPPORT OF DEBTORS' OBJECTION**
**(NON-SUBSTANTIVE) TO CLAIM NO. 411 PURSUANT**
**TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)**

I, Deandra Fike, declare as follows pursuant to 28 U.S.C. § 1746:

1.      I am an associate at the law firm Cleary Gottlieb Steen & Hamilton LLP ("Cleary"), counsel to the Debtors in the above-captioned chapter 11 case.

2.      I respectfully submit this declaration in support of the *Debtors' Objection (Non-Substantive) to Claim No. 411 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow)* (the "Objection").[2]

3.      All facts set forth herein are based on my personal knowledge, my review or the review of employees of Cleary of Claim No. 411 and other relevant documents or information provided by the Debtors' employees and advisors.  If I were called upon to testify, I could and would competently testify to each of the facts set forth herein on that basis.

4.      Cleary ran a UCC lien search on Genesis Global Capital LLC for all financing statements on record in the debtor's jurisdiction of formation, Delaware, which is the relevant

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

jurisdiction for UCC filings against Genesis Global Capital LLC, and such search did not show any filings with the Claimant as the secured party of record.

    5.    I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on April 5, 2024           */s/ Deandra Fike*_____
                                        Deandra Fike