Hearing Date and Time: April 16, 2024 at 11:00 AM (ET)

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' REVISED PROPOSED ORDER
GRANTING DEBTORS' TWENTY-SEVENTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502
AND FED. R. BANKR. P. 3007 (NO LIABILITY AND CO-LIABILITY CONTINGENT)**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on March 15, 2024, the Debtors filed the *Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10003.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

*to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Co-Liability Contingent)* (the "Objection") (ECF No. 1477), which attached a proposed order as Exhibit A thereto (the "Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that, on April 5, 2024, the Debtors filed the revised version of the Proposed Order (the "Revised Proposed Order"), attached hereto as Exhibit A, which incorporates certain additional edits arising from discussions with counsel for Digital Currency Group, Inc. ("DCG"). DCG consents to entry of the Revised Proposed Order with these edits. A blackline of the Revised Proposed Order against the Proposed Order originally submitted with the Objection is attached hereto as Exhibit B.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection is scheduled before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order"). The hearing will commence on **April 16, 2024, at 11:00 AM (Prevailing Eastern Time)**, and will be conducted through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the February 8th Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the February 8th Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** copies of the Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

|  |  |
|---|---|
| Dated: April 5, 2024<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

**Exhibit A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING
DEBTORS' TWENTY-SEVENTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE)
TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502
AND FED. R. BANKR. P. 3007 (NO LIABILITY AND CO-LIABILITY CONTINGENT)**

Upon the *Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Co-Liability Contingent)* (the "Objection")[2] filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to sections 502(b)(1) and 502(e)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing or expunging, as applicable, each of the DCG Claims to the extent set forth in Exhibit 1 attached hereto; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection was appropriate and no other notice need be provided; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Objection and on the record of the Hearing establish just cause for the relief granted herein; and all responses to the Objections (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection is GRANTED as set forth herein with respect to the DCG Claims identified on <u>Exhibit 1</u> attached hereto.

2. The DCG Contingent Claims are disallowed pursuant to section 502(e)(1)(B) of the Bankruptcy Code and the amount of the DCG Claims reflected on the Claims Register shall be reduced, if necessary, to reflect such disallowance.

3. Nothing in this Order shall constitute, or be deemed to constitute, a waiver of DCG's rights under section 502(j) of the Bankruptcy Code, as to which the Debtors and the Official Committee of Unsecured Creditors explicitly reserve all defenses.

4. Nothing in this Order shall impact or otherwise affect any other portion of the DCG Claims, as to which all Parties' rights and defenses are fully preserved.

5. Nothing in this Order shall constitute, or be deemed to constitute, a waiver of any of the Parties' rights with respect to any other aspects of the DCG Claims.

6. This Order shall be deemed a separate Order with respect to each of the DCG Claims identified on Exhibit 1 attached hereto.

7. The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

8. Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the official committee of unsecured creditors (the "UCC") to dispute any Claim against any Debtor on any grounds whatsoever at a later date, including on grounds of equitable subordination under Section 510(c) and/or disallowance under Section 502(d) of the Bankruptcy Code, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or the UCC under the Bankruptcy Code or any other applicable law.

9. Except as provided in this Order, nothing in this Order shall be deemed (i) an admission by DCG as to the invalidity of any Claim against a Debtor, (ii) a waiver of the right of DCG to dispute any objection to any Claim against any Debtor on any grounds whatsoever at a later date, or (iii) a waiver of the rights of DCG under the Bankruptcy Code or any other applicable law, as to which the Debtors and the UCC reserve all rights and defenses.

10. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
   White Plains, New York

                                        _____
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

Blackline

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER GRANTING
## DEBTORS' TWENTY-SEVENTH
## OMNIBUS OBJECTION (NON-SUBSTANTIVE)
## TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502
## AND FED. R. BANKR. P. 3007 (NO LIABILITY AND CO-LIABILITY CONTINGENT)

Upon the *Debtors' Twenty-Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Co-Liability Contingent)* (the "Objection")[2] filed by the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), requesting an order pursuant to sections 502(b)(1) and 502(e)(1)(B) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing or expunging, as applicable, each of the DCG Claims to the extent set forth in Exhibit 1 attached hereto; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection was appropriate and no other notice need be provided; and the Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Objection and on the record of the Hearing establish just cause for the relief granted herein; and all responses to the Objections (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Objection is GRANTED as set forth herein with respect to ~~each of~~ the DCG Claims identified on Exhibit 1 attached hereto.

2. The ~~3AC DCG~~DCG Contingent Claims are disallowed ~~in full~~ pursuant to section 502(~~b~~e)(1)(B) of the Bankruptcy Code and ~~shall be automatically expunged from~~the amount of the DCG Claims reflected on the Claims Register shall be reduced, if necessary, to reflect such disallowance.

~~3. The DCG Contingent Claims are disallowed in full pursuant to section 502(e)(1)(B) of the Bankruptcy Code and shall be automatically expunged from the Claims Register.~~

3. Nothing in this Order shall constitute, or be deemed to constitute, a waiver of DCG's rights under section 502(j) of the Bankruptcy Code, as to which the Debtors and the Official Committee of Unsecured Creditors explicitly reserve all defenses.

2

4. Nothing in this Order shall impact or otherwise affect any other portion of the DCG Claims, as to which all Parties' rights and defenses are fully preserved.

5. Nothing in this Order shall constitute, or be deemed to constitute, a waiver of any of the Parties' rights with respect to any other aspects of the DCG Claims.

6. ~~4.~~ This Order shall be deemed a separate Order with respect to each of the DCG Claims identified on <u>Exhibit 1</u> attached hereto.

7. ~~5.~~ The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

8. ~~6.~~ Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the official committee of unsecured creditors (the "<u>UCC</u>") to dispute any Claim against any Debtor on any grounds whatsoever at a later date, including on grounds of equitable subordination under Section 510(c) and/or disallowance under Section 502(d) of the Bankruptcy Code, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or the UCC under the Bankruptcy Code or any other applicable law.

9. Except as provided in this Order, nothing in this Order shall be deemed (i) an admission by DCG as to the invalidity of any Claim against a Debtor, (ii) a waiver of the right of DCG to dispute any objection to any Claim against any Debtor on any grounds whatsoever at a later date, or (iii) a waiver of the rights of DCG under the Bankruptcy Code or any other applicable law, as to which the Debtors and the UCC reserve all rights and defenses.

10.    7. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
       ~~New York~~White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE