UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al*.,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO 11 U.S.C. § 105 AND
FED. R. BANKR. P. RULE 2004 (I) AUTHORIZING
THE EXAMINATION OF DIGITAL CURRENCY GROUP, INC. AND DCG
INTERNATIONAL INVESTMENTS, LTD. AND (II) GRANTING RELATED RELIEF**

Upon the Request[2] of Genesis Global Capital, LLC ("GGC") and certain of its affiliated debtors and debtors-in-possession in the above captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") authorizing the examination of Digital Currency Group, Inc. ("DCG"), DCG International Investments, Ltd. ("DCGI" and, together with DCG, the "DCG Parties") and the Non-Party Entity pursuant to section 105 of title 11 the United States Code (the "Bankruptcy Code") and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the First Day Declarations; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Request.

Constitution; and the Court having found that venue of this proceeding and the Request in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and joinders to the Request and the relief requested therein having been filed by the Committee and the Ad Hoc Group (collectively, the "Joinders"); and the Court having found that the relief requested in the Request is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Request was appropriate and no other notice need be provided; and the Court having reviewed the Request and the Joinders; and the Court having determined that the legal and factual bases set forth in the Request establish just cause for the relief granted herein; and all objections to the Request (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

The Request is GRANTED to the extent set forth herein.

1. The DCG Parties are directed to produce to counsel to the Debtors, counsel to the Committee and counsel to the Ad Hoc Group all documents memorializing the loan or financing arrangement entered into between any of the DCG Parties and the Non-Party Entity, and all related documents, including any security agreements, pledge agreements, exhibits, and schedules (the "Responsive Documents"), which Responsive Documents may be redacted for highly sensitive personally identifiable information (including, for the avoidance of doubt, addresses, social security numbers, bank account information or wallet addresses) and shall be provided on a professional eyes' only and highly confidential basis. The DCG Parties shall provide the Responsive Documents no later than seven days after entry of this Order.

2. Notwithstanding anything provided in this Order, (i) the DCG Parties shall not be required to produce any communications with the Non-Party Entity with respect to the loan agreement or financing arrangement at this time and (ii) the Debtors, the Committee and the Ad Hoc Group, and any successor thereof, shall not seek any further KYC-related information with respect to the January 5, 2024 payment from the Non-Party Entity to the Debtors; *provided, however*, that this Order is without prejudice to the rights of the Debtors, the Committee and the Ad Hoc Group, and any successor thereof, to seek any further discovery of any entity, including any of the DCG Parties and including any KYC-related information relating to any other payments or transfers made to the Debtors in connection with the financial arrangement between the Non-Party Entity and the DCG Parties, or any other discovery the Debtors, in consultation with the Committee and the Ad Hoc Group, determine may be necessary or appropriate following receipt and review of the Responsive Documents, and the rights of any party, including the DCG Parties, to object to any further discovery sought are expressly reserved.

3. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Request or the implementation, interpretation or enforcement of this Order.

**Dated: April 09, 2024**

*/s/ Sean H. Lane*
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE