**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Capital, LLC *et al*[1] | Case No. 23- 10063 (SHL) |
| Debtor. | |
| GEMINI TRUST COMPANY, LLC, for itself and as agent on behalf of the Gemini Lenders, | |
| Plaintiff, | Adv. Proc. No. 23-01192 (SHL) |
| v. | |
| GENESIS GLOBAL CAPITAL LLC, | |
| Defendant. | |
| GENSIS GLOBAL CAPITAL, LLC, | |
| Plaintiff, | Adv. Proc. No. 23-01203 (SHL) |
| v. | |
| GEMINI TRUST COMPANY, LLC, individually and as agent on behalf of Earn Users, and EARN USERS 1-232, 824 | |
| Defendants. | |

**LIMITED RESERVATION OF RIGHTS REGARDING SETTLEMENT AGREEMENT AMONG THE DEBTORS, GEMINI TRUST COMPANY, LLC THE AD HOC GROUP OF GENESIS LENDERS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each debtor's tax identification number (as set forth on their respective petitions are: Genesis Global Holdco, LLC (8219) ("GGH"); Genesis Global Capital, LLC (8564) ("GGC"); and Genesis Asia Pacific Pte. Ltd. (2164R) ("GAP"). Their bankruptcy case numbers are as follows: 23-10063 for GGH; 23-10064 for GGC; and, 23-10065 for GAP. Collectively, GGH, GGC, and GAP are referred to herein as "Debtors". The Debtors' bankruptcy cases are referred to as the "Chapter 11 Cases".

1

BAO Family Holding LLC ("BAO), by and through its undersigned counsel hereby files this statement and reservation of rights (this "Reservation") with respect to the motion seeking approval of the Settlement Agreement amongst the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders and the Official Committee of Unsecured Creditors [Doc. No. 1499] (the "Motion"). In support of its Reservation, BAO respectfully represents as follows[2]:

## RESERVATION OF RIGHTS

While BAO generally supports the Motion, it reserves its rights with respect to language in the Settlement Agreement that speaks to Gemini's obligations in respect of the Gemini Master Claim which: (a) releases claims held by Gemini Lenders like BAO against Gemini and/or the Gemini Distribution Agent; and/or (b) absolves Gemini and the Gemini Distribution Agent of liability to Gemini Lenders therefor. Specifically, Section 2.5(c) of the Settlement Agreement provides:

> The Gemini Distribution Agent shall deliver the Completion Digital Assets on behalf of the Debtors to the Gemini Lenders ***in its sole and absolute discretion***; provided, however, that, if the Gemini Distribution Agent receives DCG Receipts that, in the aggregate, are in value (for such other assets, as determined in accordance with the provisions of Section 2.2 hereof) equal to or greater than Ten Million Dollars ($10,000,000.00) or a multiple of Ten Million Dollars ($10,000,000.00), the Gemini Distribution Agent shall distribute to the Gemini Lenders in satisfaction of their claims, within thirty (30) days of such receipt, a portion of the Completion Digital Assets equal to the quotient of (y) Ten Million Dollars ($10,000,000.00) or the applicable multiple thereof divided by (z) Fifty Million Dollars ($50,000,000.00). ***Following the distribution of the Gemini Distribution Assets in accordance with the provisions of Section 2.5(b) hereof and of the Completion Digital Assets in accordance with the immediately preceding sentence, neither Gemini nor the Gemini Distribution Agent shall have any further obligations to the Gemini Lenders with respect to the Gemini Master Claim***.

---

[2] Capitalized terms not otherwise herein defined have the meanings ascribed in the Motion which conversely incorporates the terms capitalized in the proposed Settlement Agreement.

2

*See* Settlement Agreement, §2.5(c) (*emphasis in bold*). The Gemini Master Claim is identified as Claim No. 356 on GGC's claims register and itemizes the Gemini Lenders' Claims against GGC on account of the Earn Program.

Gemini is a New York Limited Liability Trust Company created pursuant to New York Banking Law, Section 102-a. Gemini is regulated by the New York State Department of Financial Services and is subject to numerous provisions of the New York Banking Law. At this time, BAO is not aware that Gemini is a debtor in any bankruptcy proceeding before this or any other court.

Early in these proceedings, Gemini described the Master Claim against GGC as comprising the following five (5) elements:

> A. Loaned Coins. As of the Petition Date, pursuant to Section II of the Gemini MLA, GGC owed each Gemini Lender all digital assets loaned pursuant to and in accordance with the Gemini MLA. Such cryptocurrency coin units, or the values ascribed thereto, are immediately due and payable to the Gemini Lenders.
>
> B. Loan Fees. As of the Petition Date, pursuant to Section III(a) of the Gemini MLA, GGC owed each Gemini Lender a financing fee on its Gemini Borrowings in the same digital asset(s) the Gemini Lender loaned to GGC. Such cryptocurrency coin units, or the values ascribed thereto, are immediately due and payable to the Gemini Lenders.
>
> C. Late Fees. As of the Petition Date, pursuant to Section III(b) of the Gemini MLA, GGC owed each Gemini Lender an additional late fee of 1% (annualized, calculated daily) on its Gemini Borrowings in the same digital asset(s) the Gemini Lender loaned GGC. Such cryptocurrency coin units, or the values ascribed thereto, are immediately due and payable to the Gemini Lenders.
>
> D. New Tokens. As of the Petition Date, pursuant to Section IV(b) of the Gemini MLA, GGC owed each Gemini Lender the incremental tokens generated by any "Hard Fork" or "Applicable Airdrop" owed and not repaid to the Gemini Lenders. Such cryptocurrency coin units, or the values ascribed thereto, are immediately due and payable to the Gemini Lenders.
>
> E. Additional Gemini MLA Claims. As of the Petition Date, the Debtors, because of their continuing failure to honor obligations due and owing to the Gemini Lenders, are absolutely and unconditionally indebted

> to the Gemini Lenders for any and all: (i) other amounts due or to become due with respect to, arising from, or in connection with the Gemini MLA and all agreements related thereto, including, without limitation, the Terms and Authorization Agreement, on any basis, in law or in equity, whether now due or hereafter arising; (ii) damages for breach of any covenant, representation, warranty, or other provision of the Gemini MLA or such related agreements; and (iii) damages for breach of the Security Agreement, including, without limitation, GGC's failure to deliver the Additional Collateral to Gemini for the benefit of the Gemini Lenders, including, without limitation, all appreciation in value of the Additional Collateral since GGC's failure to deliver occurred. The total of such other amounts cannot, at this time, be reasonably calculated or estimated, and Gemini does not waive any rights with respect to such amounts by not stating a specific figure therefor at this time.

*See* Claim No. 356, *In re Genesis Global Capital, LLC*, Bankr. S.D.N.Y., Case No. 23-10064-SHL. The Settlement Agreement, by its terms, purports to return to Gemini Lenders "in-kind" assets, initially 97% with the remaining 3% by way of future recoveries from the DCG Parties. *See* generally Settlement Agreement; *see also* [Doc. No. 1554] 'Gemini 9019 Notice Email.'

The distributions to be made by the Gemini Distribution Agent pursuant to the Settlement Agreement appear to include the return of "Loaned Coins" (identified as parts A and B of the Master Claim above). Ostensibly, section 2.5(c) of the Settlement Agreement, releases and/or absolves Gemini and the Gemini Distribution Agent from liability to Gemini Lenders for potentially unpaid Loan Fees, Late Fees, New Tokens and Additional MLA Claims (as described in the Gemini Master Claim). Yet, Gemini is or may become co-liable with the Debtors as to these and other sums that are due to the Gemini Lenders. The Settlement Agreement further states at Section 10.8 that, nothing in "Article X" shall be deemed to waive prejudice or amend the Gemini Earn Agreements or any other agreements between Gemini and the Gemini Lenders. *See* Settlement Agreement, Section 10.8. Implying by exclusion that other provisions of the Settlement Agreement may amend the Gemini Lender Agreements.

4885-4864-9889, v. 5

It is believed by BAO that sums comprising unpaid Loan Fees, Late Fees, New Tokens, and Additional MLA Claims may be worth millions of dollars.

## LEGAL ARGUMENT

As previously cited in other matters before this Court, while a bankruptcy court has *in rem* jurisdiction over a debtor's property and the disposition of that property, "third-party claims belong to third parties," not the estate. *In re Aegean Mar. Petroleum Network Inc.*, 599 BR 717, 723 (Bankr S.D.N.Y. 2019). As a general rule, a bankruptcy court *has no power to say what happens to property that belongs to a third party*, even if that third party is a creditor or otherwise is a party in interest. *See Callaway v. Benton*, 336 U.S. 132, 136-41 (1949). Here, the proposed order granting approval of the Motion should make clear that Gemini and the Gemini Distribution Agent are *not* absolved of liability under the Gemini Earn Agreements for sums that are unpaid and may be encompassed by the Gemini Master Claim.

BAO does not dispute that it is proper for Gemini to seek authority by virtue of the Gemini Earn Agreements to effectuate the resolution of the adversary cases which are integral to the Settlement Agreement, however notes that it would be an improper use of such agency to obtain a release or absolution by Gemini or the Gemini Distribution Agent as to co-liability owing to Gemini Earn Lenders. Accordingly, BAO respectfully requests that the order approving the Settlement Agreement make clear neither Gemini nor the Distribution Agent is released of any matter with respect to the Gemini Lenders existing or prospective claims including those described in the Gemini Master Claim.[3]

---

[3] BAO has been in contact with the Debtor concerning this Reservation and reserves the right to withdraw the same should it appear unnecessary to prosecute this Reservation of rights any further.

4885-4864-9889, v. 5

## CONCLUSION

**WHEREFORE**, BAO respectfully requests that the Court incorporate language in the Order approving the Settlement Agreement and grant such other and further relief as is just and proper.

Respectfully submitted,

By: */s/ Eric S. Medina*
Eric S. Medina, Esq.
MEDINA LAW FIRM LLC
641 Lexington Avenue
Thirteenth Floor
New York, NY 10174
Tel. (212) 404-1742
Fax (888) 833-9534
emedina@medinafirm.com

Dated: April 9, 2024

4885-4864-9889, v. 5