**Hearing Date and Time: April 16, 2024 at 11:00 AM (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>       Debtors. | Chapter 11<br><br>Case No. 23-10063 (SHL) |
| GEMINI TRUST COMPANY, LLC, for itself and as agent on behalf of the Gemini Lenders,<br><br>       Plaintiff,<br><br>   v.<br><br>GENESIS GLOBAL CAPITAL, LLC,<br><br>       Defendant. | Adv. Proc. No. 23-01192 (SHL) |

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, 38th Floor, New York, NY 10007.

|   |   |
|---|---|
| GENESIS GLOBAL CAPITAL, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>GEMINI TRUST COMPANY, LLC,<br>individually and as agent on<br>behalf of the Earn Users, and<br>EARN USERS 1-232,824<br><br>       Defendants. | Adv. Pro. No. 23-01203 (SHL) |

**NOTICE OF REVISED PROPOSED ORDER
APPROVING SETTLEMENT AGREEMENT AMONG THE DEBTORS,
GEMINI TRUST COMPANY, LLC, THE AD HOC GROUP OF GENESIS
LENDERS AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

  **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

  **PLEASE TAKE FURTHER NOTICE** that, on March 19, 2024, the Debtors filed the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders, and the Official Committee of Unsecured Creditors* (the "Settlement Motion") (ECF No. 1499), seeking this Court's approval of the Settlement Agreement[2] between the Debtors, Gemini Trust Company, LLC ("Gemini"), the Official Committee of Unsecured Creditors (the "Committee") and the Ad Hoc Group of Genesis Lenders (the "Ad Hoc Group," and, together with the Debtors, Gemini, and the Committee, the "Parties"), which attached a proposed order as Exhibit A thereto (the "Proposed Order").

  **PLEASE TAKE FURTHER NOTICE** that, on April 15, 2024, the Debtors filed the revised version of the Proposed Order (the "Revised Proposed Order"), attached hereto as **Exhibit A**, which incorporates certain additional edits arising from discussions with counsel for Gemini, the Committee, and the Ad Hoc group. A blackline of the Revised Proposed Order against the Proposed Order originally submitted with the Settlement Motion is attached hereto as **Exhibit B**.

---

[2]  Capitalized terms used herein but not defied shall have the meaning ascribed to them in the Settlement Motion.

**PLEASE TAKE FURTHER NOTICE** that the following Settlement Effective Date valuations shall be utilized for implementation of the Settlement Agreement:

    a.  MCDA Value: $[2,149,262,488];

    b.  Gemini GBTC Value: $1,833,201,629;

    c.  TS Date (at 11:59PM ET) "bitcoin per share" value provided in the "Key Fund Information" section of the GBTC website (etfs.grayscale.com/gbtc): 0.00089250

    d.  Effective Date Value of the Genesis Alt-Coin Distribution: $82,788,335;

    e.  Effective Date Value of the Gemini Earn Operations Assets: $[19,265,471];

    f.  Effective Date Value of the Gemini Reserved Coins: $[63,919,906]; and

    g.  Genesis USD Distribution: $114,007,053.

**PLEASE TAKE FURTHER NOTICE** that the Parties continue to discuss, and reserve their respective rights regarding, the appropriate Effective Date Value for two of the Digital Assets at issue, which impacts certain of the Agreed Values, including an approximately $400,000 impact on the amount of the Genesis USD Distribution.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Section 5.1(b) of the Settlement Agreement, the consummation of the transactions contemplated by the Settlement Agreement, including the distributions thereunder, is conditioned upon, among other things, written agreement by the Parties as to the Agreed Values or a determination of any dispute with respect to the Agreed Values by the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Settlement Motion is scheduled before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The hearing will commence on **April 16, 2024, at 11:00 AM (Prevailing Eastern Time)**, and will be conducted through Zoom for government.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.  After the deadline to make appearances passes, the Court will circulate by email prior to the hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances.  Members of the public who wish to listen to, but not participate in, the hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205- 6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** copies of the Settlement Motion can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450.  Note that a PACER password is needed to access documents on the Court's website.

Dated:    April 15, 2024
          New York, New York

/s/ Luke A. Barefoot
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## Exhibit A

**Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>     Debtors. | Chapter 11<br><br>Case No. 23-10063 (SHL) |
| GEMINI TRUST COMPANY, LLC, for itself and as agent on behalf of the Gemini Lenders,<br><br>     Plaintiff,<br><br>  v.<br><br>GENESIS GLOBAL CAPITAL, LLC,<br><br>     Defendant. | Adv. Proc. No. 23-01192 (SHL) |
| GENESIS GLOBAL CAPITAL, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>GEMINI TRUST COMPANY, LLC, individually and as agent on behalf of the Earn Users, and EARN USERS 1-232,824<br><br>     Defendants. | Adv. Pro. No. 23-01203 (SHL) |

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, 38th Floor, New York, NY 10007.

**ORDER APPROVING SETTLEMENT
AGREEMENT AMONG THE DEBTORS, GEMINI TRUST
COMPANY, LLC, THE AD HOC GROUP OF GENESIS LENDERS
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Genesis") and its affiliated

debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11

cases (the "Chapter 11 Cases") for entry of an order (this "Order") pursuant to Rule 9019(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement and

compromise attached to the Motion as **Exhibit B** (as such agreement may be amended by the

Parties, the "Settlement Agreement") entered into by and among (i) the Debtors, (ii) Gemini Trust

Company, LLC ("Gemini"), on behalf of itself and on behalf of the Gemini Lenders, (iii) the Ad

Hoc Group of Genesis Lenders represented by Proskauer Rose LLP (the "Ad Hoc Group"), and

(iv) the Official Committee of Unsecured Creditors (the "Committee"); and upon the *Declaration*

*of Tom Conheeney in Support of Debtors' Motion for Entry of an Order Approving a Settlement*

*Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis*

*Lenders, and the Official Committee of Unsecured Creditors* (the "Conheeney Declaration")

attached to the Motion as **Exhibit C**; and the Court having jurisdiction to decide the Motion and

the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended*

*Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of

the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b), and

that the Court may enter a final order consistent with Article III of the United States Constitution;

and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having

---

[2]     All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the
Settlement Agreement.

been provided in accordance with the Case Management Order and as to the Gemini Lenders in accordance with the procedures described in the Motion (*see Affidavit of Compliance*, ECF No. 1554); such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion on April 16, 2024 (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and no objections to the Motion having been filed and the sole reservation of rights filed with respect to the Motion having been withdrawn; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

   A. The Debtors have demonstrated sound business judgment for entering into the Settlement Agreement, and the Debtors' entry into the Settlement Agreement is a valid exercise of their business judgment.

   B. The terms of the Settlement Agreement evidence good faith, arms-length negotiations and are fair and equitable.

   C. The settlement is plainly within the range of reasonableness and in the best interests of the Debtors and their estates and the creditors in this case.

   D. Based on the record before the Court, the Debtors have demonstrated good and sufficient basis for the Court to approve the Motion and the Debtors' entry into and performance under the Settlement Agreement.

   E. The Gemini Lenders have been provided good and adequate notice of the Motion and sufficient opportunity to be heard.  Notice of the Motion being duly and properly

served on the Gemini Lenders by Gemini, in accordance with the manner described in the Motion, shall constitute sufficient, adequate, and timely notice to the Gemini Lenders of this Settlement Agreement under the circumstances of these Chapter 11 Cases. No other or further notice need be provided.

F.      Gemini has the authority to bind the Gemini Lenders pursuant to the terms of the Gemini Earn Agreements, and the Gemini Lenders are bound by the terms of the Settlement Agreement.

G.      Each of the releases provided for in the Settlement Agreement (i) is within the Court's jurisdiction; (ii) is essential to administering the Debtors' estates; (iii) is an integral element of the Settlement Agreement and/or to its effectuation; (iv) confers material benefits on, and is in the best interests of, the Debtors' estates; and (v) is important to the overall objectives of the Settlement Agreement.

H.      The Settlement Agreement reflects an integrated and comprehensive settlement of the Parties' respective claims against each other, including Gemini acting as agent on behalf of the Gemini Lenders as to the Gemini Master Claim, and each component and provision contained therein and in this Order is an integral part thereof. The entry of this Order is necessary for the Settlement Agreement to become effective and achieve its goals, which are in the best interests of the Debtors' estates.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      Pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement is approved, and the Debtors are authorized to enter into and perform under the Settlement Agreement.

3.      The provisions of the Settlement Agreement are incorporated herein by reference and shall be effective and binding as though fully set forth herein.  In the event of any conflict between the Settlement Agreement and this Order, the terms of this Order shall govern.

4.      As set forth in the Settlement Agreement, on the Settlement Effective Date, the Gemini Proprietary Claim against GGC shall be ALLOWED in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000) as a U.S. Dollar-denominated general unsecured claim and receive distributions thereon from the Debtors or the Wind-Down Debtors (as applicable) pursuant to the Plan or any other chapter 11 plan that may be proposed or effectuated the Chapter 11 Cases, or in a liquidation under chapter 7 of the Bankruptcy Code; *provided, however*, in the event that the aggregate amount of DCG Recoveries exceeds $769,230,769.00 (such amounts, "Incremental DCG Recoveries"), the Debtors or their successors in interest, on a joint and several basis, are authorized to transfer to Gemini, within five (5) Business Days of receipt by the Debtors, one and one-half percent (1.5%) of each such Incremental DCG Recovery up to an amount equal, in the aggregate, to Ten Million Dollars ($10,000,000.00); and, *provided*, *further*, that, for purposes of Section 2.7(b) of the Settlement Agreement, the dollar value of any DCG Recovery or Incremental DCG Recovery in a form other than USD shall be determined in a manner consistent with the second sentence of Section 2.2 of the Settlement Agreement.

5.      Notwithstanding anything to the contrary in the Plan, distributions to the Holders of Allowed Gemini Lender Claims on account of the Gemini Master Claim shall be strictly limited to the amounts provided under the Settlement Agreement.

6.      As set forth in the Settlement Agreement, on the Settlement Effective Date, the Gemini Adversary Proceedings shall be dismissed with prejudice, and the Parties shall take any and all action reasonably necessary, including, without limitation, filing notices of dismissal with the Bankruptcy Court within seven (7) days of the date thereof, to effectuate such dismissals.

7.      As set forth in the Settlement Agreement, the Gemini Distribution Agent is hereby duly appointed as an agent of the Debtors' estates solely for purposes of effectuating the Settlement Agreement as provided therein.  The Gemini Distribution Agent is authorized and directed to distribute the Gemini Distribution Assets and, subject to Section 2.5(c) of the Settlement Agreement, the Completion Digital Assets to the Gemini Lenders in full satisfaction of each Individual Earn Obligation.

8.      The type and amount of Digital Assets comprised of, on a cumulative basis, the Master Claim Digital Assets, the Gemini Earn Operations Assets, and the Gemini Reserved Coins are the "Settlement Digital Assets" and the Effective Date Value of the Settlement Digital Assets is the "Settlement Digital Asset Value."  Notwithstanding the definitions of "Completion Digital Assets" and "Redemption Completion Percent" in the Settlement Agreement, (a) the term "Completion Digital Assets" as used in the Settlement Agreement and herein shall mean Settlement Digital Assets equal to the product of the total amount of the Settlement Digital Assets multiplied by the Redemption Completion Percent and (b) the term "Redemption Completion Percent" as used in the Settlement Agreement and herein shall mean an amount equal to the quotient of (i) Fifty Million Dollars ($50,000,000.00) divided by (ii) the Settlement Digital Asset Value.

9.      To the extent that the Gemini Distribution Agent distributes any Completion Digital Asset to the Gemini Lenders in excess of the DCG Receipts that Gemini or the Gemini Distribution Agent has received at the time the Gemini Distribution Agent distributes such Completion Digital Asset to the Gemini Lenders, Gemini shall automatically be deemed subrogated to the rights of the Gemini Lenders with respect to DCG Receipts in an aggregate amount equal to the lesser of (a) the aggregate amount of such excess Completion Digital Assets that have been actually distributed to the Gemini Lenders and (b) the total amount of the

Completion Digital Assets.

10.    All distributions made by the Gemini Distribution Agent to the Gemini Lenders, including, without limitation, the Gemini Distribution Assets and the Completion Digital Assets, shall constitute distributions from the Debtors' estates on account of the Gemini Master Claim for all purposes.

11.    As set forth in the Settlement Agreement, the Gemini Distribution Agent, in its sole and absolute discretion and acting on behalf of the Debtors, is authorized to monetize or otherwise convert the Gemini Contribution, the Gemini GBTC Shares, the Genesis Distribution, the Gemini Reserved Coins, the Gemini Earn Operation Assets, and the DCG Receipts, if any, to obtain Digital Assets for the purpose of making in-kind distributions to the Gemini Lenders to the greatest extent possible.

12.    Nothing in this Order or the Settlement Agreement shall limit or otherwise affect any rights of Gemini against any Gemini Lender (other than, for the avoidance of doubt, any Gemini Lender that is a Debtor Releasee or a SteerCo Member) arising under the Gemini Earn Agreement and the Gemini Earn Program Terms and Authorization Agreement with such Gemini Lender and any and all user and other agreements between such Gemini Lender and Gemini, including, without limitation, any rights of setoff or recoupment that the Gemini Distribution Agent may exercise by withholding and/or monetizing to USD prior to distribution any Gemini Distribution Asset or Completion Digital Asset otherwise due to such Gemini Lender in satisfaction of its Individual Earn Obligation. The Gemini Distribution Agent shall not be obligated to distribute any Gemini Distribution Asset or Completion Digital Asset to a Gemini Lender in contravention of any (i) federal, state, or local law, rule, regulation, or doctrine; or (ii) order or judgment of a court of competent jurisdiction.

13.    The Parties are authorized to take any action as may be necessary or

appropriate to implement, effectuate, and fully perform any and all obligations under the Settlement Agreement, including, without limitation, to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement.

14.     The releases set forth in the Settlement Agreement are hereby approved in all respects and shall be effective on the Settlement Effective Date.

15.     Following the distribution of the Gemini Distribution Assets in accordance with Section 2.5(b) of the Settlement Agreement and the distribution of the Completion Digital Assets in accordance with Section 2.5(c) of the Settlement Agreement, neither Gemini nor the Gemini Distribution Agent shall have any further obligations to the Gemini Lenders with respect to the Gemini Master Claim asserted against the Debtor Releasees.

16.     Upon completion of the Genesis Distribution in accordance with the provisions of Section 2.4 of the Settlement Agreement, the obligations of the Debtors with respect to the Gemini Master Claim shall be limited to the payments and deliveries (if any) to be made in accordance with Section 2.2 of the Settlement Agreement.

17.     Notwithstanding anything to the contrary in the Plan, following the distribution of the Gemini Distribution Assets in accordance with Section 2.5(b) of the Settlement Agreement and the distribution of the Completion Digital Assets in accordance with Section 2.5(c) of the Settlement Agreement, a Gemini Recovery Event (as defined in the Plan) shall be deemed to have occurred for purposes of the Plan.

18.     The failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Parties' entry into the Settlement Agreement and implementation of the transactions contemplated therein be approved in their entirety.

19.     All persons, as defined in the Bankruptcy Code, are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Parties to carry out the transactions contemplated under the Settlement Agreement pursuant to and subject to the terms of the Settlement Agreement.

20.     Nothing contained in any subsequent settlement, or in any other order (including any order confirming the Plan or any other chapter 11 plan that may be proposed or effectuated the Chapter 11 Cases), decision, judgment, nor any act of any Party, shall alter, conflict with, or derogate from the provisions of the Settlement Agreement or this Order, except pursuant to (i) a successful appeal or certiorari from this Court or (ii) an order of this Court approving an amendment or modification to the Settlement Agreement as agreed by the Parties in accordance with the Settlement Agreement's terms.

21.     This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding.

22.     The Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

23.     This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).  To the extent applicable, Bankruptcy Rule 6004(h) is hereby waived.

24.    This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Settlement Agreement, or the implementation, interpretation, or enforcement of this Order.

Dated: _____, 2024
        New York, New York


_____
HON. SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Blackline of the Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (SHL) |
| Debtors. | |
| GEMINI TRUST COMPANY, LLC, for itself and as agent on behalf of the Gemini Lenders, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 23-01192 (SHL) |
| GENESIS GLOBAL CAPITAL, LLC, | |
| Defendant. | |
| GENESIS GLOBAL CAPITAL, LLC, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 23-01203 (SHL) |
| GEMINI TRUST COMPANY, LLC, individually and as agent on behalf of the Earn Users, and EARN USERS 1-232,824 | |
| Defendants. | |

---

[1]         The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, 38th Floor, New York, NY 10007.

1

**ORDER APPROVING SETTLEMENT
AGREEMENT AMONG THE DEBTORS, GEMINI TRUST
COMPANY, LLC, THE AD HOC GROUP OF GENESIS LENDERS
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Genesis") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") for entry of an order (this "Order") pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement and compromise attached to the Motion as **Exhibit B** (as such agreement may be amended by the Parties, the "Settlement Agreement") entered into by and among (i) the Debtors, (ii) Gemini Trust Company, LLC ("Gemini"), on behalf of itself and on behalf of the Gemini Lenders, (iii) the Ad Hoc Group of Genesis Lenders represented by Proskauer Rose LLP (the "Ad Hoc Group"), and (iv) ~~(iv)~~ the Official Committee of Unsecured Creditors (the "Committee"); and upon the *Declaration*

*of Tom Conheeney in Support of Debtors' Motion for Entry of an Order Approving a Settlement Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders, and the Official Committee of Unsecured Creditors* (the "Conheeney Declaration") attached to the Motion as **Exhibit C**; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Court may enter a final order consistent with Article III of the United States Constitution; and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having

---

[2]    All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.

been provided in accordance with the Case Management Order and as to the Gemini Lenders in

accordance with the procedures described in the Motion (*see Affidavit of Compliance*, ECF No.

1554); such notice having been adequate and appropriate under the circumstances, and it

appearing that no other or further notice need be provided; and the Court having held a hearing

to consider the relief requested in the Motion on April [●]16, 2024 (the "Hearing"); and upon

the record of the

Hearing, and upon all of the proceedings had before the Court; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for relief granted herein

and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties

in interest; and the Court having overruledno objections to the Motion (if any)having been filed

and the sole reservation of rights filed with respect to the Motion having been withdrawn; and

after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

> A.      The Debtors have demonstrated sound business judgment for entering into

the Settlement Agreement, and the Debtors' entry into the Settlement Agreement is a valid exercise

of their business judgment.

> B.      The terms of the Settlement Agreement evidence good faith, arms-length

negotiations and are fair and equitable.

> C.      The settlement is plainly within the range of reasonableness and in the best

interests of the Debtors and their estates and the creditors in this case.

> D.      Based on the record before the Court, the Debtors have demonstrated good

and sufficient basis for the Court to approve the Motion and the Debtors' entry into and

performance under the Settlement Agreement.

E.      The Gemini Lenders have been provided good and adequate notice of the Motion and sufficient opportunity to be heard.  Notice of the Motion being duly and properly served on the Gemini Lenders by Gemini, in accordance with the manner described in the Motion, shall constitute sufficient, adequate, and timely notice to the Gemini Lenders of this Settlement Agreement under the circumstances of these Chapter 11 Cases.  No other or further notice need be provided.

F.      Gemini has the authority to bind the Gemini Lenders pursuant to the terms of the Gemini Earn Agreements, and the Gemini Lenders are bound by the terms of the Settlement Agreement.

G.      Each of the releases provided for in the Settlement Agreement (i) is within the Court's jurisdiction; (ii) is essential to administering the Debtors' estates; (iii) is an integral element of the Settlement Agreement and/or to its effectuation; (iv) confers material benefits on, and is in the best interests of, the Debtors' estates; and (v) is important to the overall objectives of the Settlement Agreement.

H.      The Settlement Agreement reflects an integrated and comprehensive settlement of the Parties' respective claims against each other, including Gemini acting as agent on behalf of the Gemini Lenders as to the Gemini Master Claim, and each component and provision contained therein and in this Order is an integral part thereof.  The entry of this Order is necessary for the Settlement Agreement to become effective and achieve its goals, which are in the best interests of the Debtors' estates.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      Pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement is approved, and the Debtors are authorized to enter into and perform under the Settlement

4

Agreement.

3.      The provisions of the Settlement Agreement are incorporated herein by reference and shall be effective and binding as though fully set forth herein.  In the event of any conflict between the Settlement Agreement and this Order, the terms of this Order shall govern.

4.      As set forth in the Settlement Agreement, on the Settlement Effective Date, the Gemini Proprietary Claim against GGC shall be ALLOWED in the amount of Seven Million Five Hundred Thousand Dollars ($7,500,000) as a U.S. Dollar-denominated general unsecured claim and receive distributions thereon from the Debtors or the Wind-Down Debtors (as applicable) pursuant to the Plan or any other chapter 11 plan that may be proposed or effectuated the Chapter 11 Cases, or in a liquidation under chapter 7 of the Bankruptcy Code; *provided, however*, in the event that the aggregate amount of DCG Recoveries exceeds $769,230,769.00 (such amounts, "Incremental DCG Recoveries"), the Debtors or their successors in interest, on a 4. joint and several basis, are authorized to transfer to Gemini, within five (5) Business Days of receipt by the Debtors, one and one-half percent (1.5%) of each such Incremental DCG Recovery up to an amount equal, in the aggregate, to Ten Million Dollars ($10,000,000.00); and, *provided, further*, that, for purposes of Section 2.7(b) of the Settlement Agreement, the dollar value of any DCG Recovery or Incremental DCG Recovery in a form other than USD shall be determined in a manner consistent with the second sentence of Section 2.2 of the Settlement Agreement.

5.      Notwithstanding anything to the contrary in the Plan, distributions to the Holders of Allowed Gemini Lender Claims on account of the Gemini Master Claim shall be strictly limited to the amounts provided under the Settlement Agreement.  ~~The following Settlement Effective Date valuations shall be utilized for implementation of the Settlement Agreement:~~[3]

---

[3]      ~~Upon agreement by the Parties to the Settlement Agreement, the Debtors will update the Court with the amounts below in advance of the hearing on the Motion.~~

~~a. MCDA Value: $[●];~~

~~b. Gemini GBTC Value: $[●];~~

~~c. TS Date (at 11:59PM ET) "bitcoin per share" value provided in the "Key Fund Information" section of the GBTC website (etfs.grayscale.com/gbtc): [●]~~

~~d. Effective Date Value of the Genesis Alt Coin Distribution: $[●];~~

~~e. Effective Date Value of the Gemini Earn Operations Assets: $[●]; and~~

~~f. Genesis USD Distribution: $[●].~~

6.    As set forth in the Settlement Agreement, on the Settlement Effective Date, the Gemini Adversary Proceedings shall be dismissed with prejudice, and the Parties shall take any and all action reasonably necessary, including, without limitation, filing notices of dismissal with the Bankruptcy Court within seven (7) days of the date thereof, to effectuate such dismissals.

7.    As set forth in the Settlement Agreement, the Gemini Distribution Agent is hereby duly appointed as an agent of the Debtors' estates solely for purposes of effectuating the Settlement Agreement as provided therein.  The Gemini Distribution Agent is authorized and directed to distribute the Gemini Distribution Assets and, subject to Section 2.5(c) of the Settlement Agreement, the Completion Digital Assets to the Gemini Lenders in full satisfaction of each Individual Earn Obligation.

8.    The type and amount of Digital Assets comprised of, on a cumulative basis, the Master Claim Digital Assets, the Gemini Earn Operations Assets, and the Gemini Reserved Coins are the "Settlement Digital Assets" and the Effective Date Value of the Settlement Digital Assets is the "Settlement Digital Asset Value."  Notwithstanding the definitions of "Completion Digital Assets" and "Redemption Completion Percent" in the

Settlement Agreement, (a) the term "Completion Digital Assets" as used in the Settlement Agreement and herein shall mean Settlement Digital Assets equal to the product of the total amount of the Settlement Digital Assets multiplied by the Redemption Completion Percent and (b) the term "Redemption Completion Percent" as used in the Settlement Agreement and herein shall mean an amount equal to the quotient of (i) Fifty Million Dollars ($50,000,000.00) divided by (ii) the Settlement Digital Asset Value.

9.    To the extent that the Gemini Distribution Agent distributes any Completion Digital Asset to the Gemini Lenders in excess of the DCG Receipts that Gemini or the Gemini Distribution Agent has received at the time the Gemini Distribution Agent distributes such Completion Digital Asset to the Gemini Lenders, Gemini shall automatically be deemed subrogated to the rights of the Gemini Lenders with respect to DCG Receipts in an aggregate amount equal to the lesser of (a) the aggregate amount of such excess Completion Digital Assets that have been actually distributed to the Gemini Lenders and (b) the total amount of the Completion Digital Assets.

10.    8. All distributions made by the Gemini Distribution Agent to the Gemini Lenders, including, without limitation, the Gemini Distribution Assets and the Completion Digital Assets, shall constitute distributions from the Debtors' estates on account of the Gemini Master Claim for all purposes.

11.    9. As set forth in the Settlement Agreement, the Gemini Distribution Agent, in its sole and absolute discretion and acting on behalf of the Debtors, is authorized to monetize or otherwise convert the Gemini Contribution, the Gemini GBTC Shares, the Genesis Distribution, the Gemini Reserved Coins, the Gemini Earn Operation Assets, and the DCG Receipts, if any, to obtain Master Claim Digital Assets for the purpose of satisfying through making in-kind delivery distributions to the Gemini Lenders to the greatest extent

possible the Gemini Master Claim.

12.    Nothing in this Order or the Settlement Agreement shall limit or otherwise affect any rights of Gemini against any Gemini Lender (other than, for the avoidance of doubt, any Gemini Lender that is a Debtor Releasee or a SteerCo Member) arising under the Gemini Earn Agreement and the Gemini Earn Program Terms and Authorization Agreement with such Gemini Lender and any and all user and other agreements between such Gemini Lender and Gemini, including, without limitation, any rights of setoff or recoupment that the Gemini Distribution Agent may exercise by withholding and/or monetizing to USD prior to distribution any Gemini Distribution Asset or Completion Digital Asset otherwise due to such Gemini Lender in satisfaction of its Individual Earn Obligation.  The Gemini Distribution Agent shall not be obligated to distribute any Gemini Distribution Asset or Completion Digital Asset to a Gemini Lender in contravention of any (i) federal, state, or local law, rule, regulation, or doctrine; or (ii) order or judgment of a court of competent jurisdiction.

13.    10. The Parties are authorized to take any action as may be necessary or appropriate to implement, effectuate, and fully perform any and all obligations under the Settlement Agreement, including, without limitation, to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement.

14.    11. The releases set forth in the Settlement Agreement are hereby approved in all respects and shall be effective on the Settlement Effective Date.

15.    12. Following the distribution of the Gemini Distribution Assets in accordance with Section 2.5(b) of the Settlement Agreement and the distribution of the Completion Digital Assets in accordance with Section 2.5(c) of the Settlement Agreement, neither Gemini nor the Gemini Distribution Agent shall have any further obligations to the

Gemini Lenders with respect to the Gemini Master Claim asserted against the Debtor Releasees.

16.   13. Upon completion of the Genesis Distribution in accordance with the provisions of Section 2.4 of the Settlement Agreement, the obligations of the Debtors with respect to the Gemini Master Claim shall be limited to the payments and deliveries (if any) to be made in accordance with Section 2.2 of the Settlement Agreement.

17.   Notwithstanding anything to the contrary in the Plan, following the distribution of the Gemini Distribution Assets in accordance with Section 2.5(b) of the Settlement Agreement and the distribution of the Completion Digital Assets in accordance with Section 2.5(c) of the Settlement Agreement, a Gemini Recovery Event (as defined in the Plan) shall be deemed to have occurred for purposes of the Plan.

18.   14. The failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Parties' entry into the Settlement Agreement and implementation of the transactions contemplated therein be approved in their entirety.

19.   15. All persons, as defined in the Bankruptcy Code, are prohibited and enjoined from taking any action to adversely affect or interfere with the ability of the Parties to carry out the transactions contemplated under the Settlement Agreement pursuant to and subject to the terms of the Settlement Agreement.

20.   16. Nothing contained in any subsequent settlement, or in any other order (including any order confirming the Plan or any other chapter 11 plan that may be proposed or effectuated the Chapter 11 Cases), decision, judgment, nor any act of any Party, shall alter, conflict with, or derogate from the provisions of the Settlement Agreement or this Order, except pursuant to (i) a successful appeal or certiorari from this Court or (ii) an order of this Court approving an amendment or modification to the Settlement Agreement as agreed by the Parties

in accordance with the Settlement Agreement's terms.

21.    ~~17.~~ This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding.

22.    ~~18.~~ The Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

23.    ~~19.~~ This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a). To the extent applicable, Bankruptcy Rule 6004(h) is hereby waived.

24.    ~~20.~~ This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Settlement Agreement, or the implementation, interpretation, or enforcement of this Order.

Dated:  _____
        _____
        _____
        _____, 2024
 New York, New York


_____
 _____
HON. SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE