Presentment Date and Time: April 24, 2024 at 4:00 PM (ET)
Objection Deadline: April 23, 2024 at 4:00 PM (ET)

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF STIPULATION AND ORDER
BY AND AMONG THE DEBTORS AND SOICHIRO "MICHAEL" MORO**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that, on April 17, 2024, the Debtors filed the *Stipulation and Order by and Between the Debtors and Soichiro "Michael" Moro* (the "Stipulation and Order"), attached hereto as Exhibit A. The Stipulation and Order will be presented for signature to the Honorable Sean H. Lane, United States Bankruptcy Judge in the

---

[1]  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **April 24, 2024 at 4:00 PM (Eastern Time)** (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Stipulation and Order or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **April 23, 2024 at 4:00 PM (Eastern Time)** (the "Objection Deadline") and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Stipulation and Order, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court the Stipulation and Order, which the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served by the Objection Deadline, the Debtors shall notice a hearing (the "Hearing") with respect to the Stipulation and Order, which shall be held via Zoom and attended by the Debtors and all objecting parties. Failure to attend the Hearing may result in entry of the Stipulation and Order without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

| | |
|---|---|
| Dated: April 17, 2024<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

2

# **EXHIBIT A**

**Stipulation and Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER BY AND AMONG**
**THE DEBTORS AND SOICHIRO "MICHAEL" MORO**

This Stipulation and Order (the "Stipulation and Order")[2] is entered into on the date hereof, by and among Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and Soichiro "Michael" Moro ("Mr. Moro" or "Claimant" and together with the Debtors, the "Parties").

**Recitals**

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Co-Liability Contingent)* (ECF No. 1120) (the "Eighteenth Omnibus Objection").

official committee of unsecured creditors (the "Committee") was appointed in these cases (ECF No. 55).

2. On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors must have submitted their proofs of claim (the "General Bar Date").

3. Prior to the General Bar Date, Mr. Moro filed proofs of claim numbers 375 ("Claim No. 375"), 398 ("Claim No. 398") and 408 ("Claim No. 408" and together with Claim No. 375 and Claim No. 398, the "Moro Claims") against the Debtors. The Moro Claims assert identical liabilities against each of the Debtors, arguing that Mr. Moro is entitled to "rights of contribution, indemnification, reimbursement and subrogation under applicable law and, upon information and belief, each Debtor's bylaws and the bylaws of other entities within the Company" as a result of his various roles with various Genesis entities throughout the Company. Moro Claims ¶ 6. Mr. Moro also asserted indemnification claims for defense costs (the "Defense Costs") incurred "in connection with pending lawsuits, investigations, and disputes" and potential future Defense Costs relating to his involvement in any pending or future lawsuits and investigations in connection with his various roles at Holdco and its subsidiaries and affiliates. Moro Claims ¶ 7. *See* Eighteenth Omnibus Objection ¶ 14.

4. On May 9, 2023, the Court entered an order that, among other things, modified the automatic stay to the extent necessary to: (i) allow any of the Debtors' current and former directors and officers, including Moro (collectively, the "Insured Individuals") to enforce their rights and

2

demand and receive proceeds payable under the Insurance Policies (as defined in the Lift Stay Order (as defined below)) to the extent of their coverage thereunder; and (ii) authorize the Insurers (as defined in the Lift Stay Order) to advance such proceeds to the Insured Individuals for their defense costs incurred in connection with pending lawsuits, investigations, and disputes, as well as any additional matters that may arise in the future, in accordance with the terms of the Insurance Policies.  *See* ECF No. 300 (the "Lift Stay Order").

5. On January 2, 2024, the Debtors objected to the Moro Claims on the basis that the Moro Claims should be disallowed (1) under section 502(b) because they fail to sufficiently specify the basis for the alleged liability and (2) under section 502(e)(1)(B) because they assert contingent claims for secondary liability.  *See* Eighteenth Omnibus Objection ¶¶ 18-19, 20-30. The Eighteenth Omnibus Objection was scheduled to be heard during a hearing on January 18, 2024, but was adjourned by the Debtors to a hearing on February 8, 2024.  *See Notice of Adjournment of Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Co-Liability Contingent)* (ECF No. 1167).

6. On January 23, 2024, Mr. Moro filed his response to the Eighteenth Omnibus Objection (the "Response") (ECF No. 1187), contesting the Eighteenth Omnibus Objection with respect to the Moro Claims and asserting, among other things, that: (i) under sections 502(a)-(b) of the Bankruptcy Code, the Moro Claims sufficiently specify the basis for the Debtors' alleged liability to Mr. Moro; (ii) the Debtors are not co-liable with respect to (a) the Contingent Indemnification Claims (as defined in the Response) related to the Future Actions (as defined in the Response) or (b) the Future Defense Costs (as defined in the Response); and (iii) the Future Defense Costs are not contingent claims.  In the Response, Mr. Moro did not dispute that the

3

Debtors can satisfy all three requirements for disallowance under section 502(e)(1)(B) of the Bankruptcy Code with respect to Mr. Moro's Contingent Indemnification Claims related to the McGreevy Action and the NYAG Action (each as defined in the Response). In light of the Response, on January 25, 2024, the Debtors further adjourned the Eighteenth Omnibus Objection with respect to the Moro Claims to a hearing on March 6, 2024. *See Notice of Adjournment of Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Co-Liability Contingent)* (ECF No. 1193).

7.  In light of discussions among the Parties, the Debtors further adjourned the Eighteenth Omnibus Objection with respect to the Moro Claims to a hearing on April 16, 2024, and again to a hearing on May 8, 2024. *See Notice of Further Adjournment of Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Co-Liability Contingent) Solely with Respect to Claim Nos. 375, 398 and 408* (ECF No. 1406); *Notice of Further Adjournment of Debtors' Eighteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Co-Liability Contingent) Solely with Respect to Claim Nos. 375, 398 and 408* (ECF No. 1565).

8.  The Parties have subsequently engaged in good faith discussions concerning the reconciliation of the Moro Claims. To resolve certain of the issues discussed concerning the Moro Claims and to avoid unnecessary motion practice at this time, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1.  The above recitals are incorporated herein in their entirety.

4

2. Upon entry of this Stipulation and Order by this Court, the Eighteenth Omnibus Objection shall be deemed granted with respect to the portions of the Moro Claims asserting Contingent Indemnification Claims (as defined in the Response) relating to the McGreevy Action and the NYAG Action (each as defined in the Response)[3] under section 502(e)(1)(B) of the Bankruptcy Code (the "Disallowed Moro Claim Portion"). Nothing contained in this Stipulation and Order shall be deemed or construed as a waiver by Mr. Moro of his rights: (i) under section 502(j) of the Bankruptcy Code, as to which the Debtors and the Committee (as defined below) explicitly reserve all defenses; or (ii) to submit claims to and recover proceeds from the Insurance Companies pursuant to the Insurance Policies in connection with any of the claims that Mr. Moro asserted against the Debtors in the Moro Claims, including without limitation the Disallowed Moro Claim Portion.

3. Upon entry of this Stipulation and Order by this Court, the Debtors' Eighteenth Omnibus Objection shall be deemed adjourned *sine die* with respect to the Moro Claims other than the Disallowed Moro Claim Portion, including Mr. Moro's: (i) claims for the reimbursement of Incurred Defense Costs (as defined in the Response); (ii) Contingent Indemnification Claims related to the Future Actions (each as defined in the Response); and (iii) claims for the reimbursement and advancement of Future Defense Costs. Any further briefing or hearings in connection with the Eighteenth Omnibus Objection and Mr. Moro's Response thereto shall be scheduled by the Debtors in consultation with counsel to Mr. Moro.

3. This Stipulation and Order shall be binding upon and inure to the benefit of the Debtors, their estates and Mr. Moro, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be. This Stipulation and Order shall be binding on any

---

[3] For the avoidance of doubt, the NYAG Action refers also to the amended complaint filed on February 9, 2024, NYSCEF Doc. No. 17.

5

official committee, including the Committee (as defined below), trustee or examiner appointed in the Debtors' Chapter 11 Cases and on all other creditors and parties in interest in the Debtors' Chapter 11 Cases.

4.  Nothing in this Stipulation and Order shall in any way be construed as or deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors (the "Committee") to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or the Committee under the Bankruptcy Code or any other applicable law. For the avoidance of doubt, the Parties and the Committee expressly reserve any and all rights and defenses with respect to the Moro Claims, with the exception of the Disallowed Moro Claim Portion, including the Debtors' and the Committee's right to assert further objections on all grounds, whether legal, factual, procedural, substantive or non-substantive, and Mr. Moro's right to supplement and amend the Moro Claims and the Response on all such grounds.

5.  This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original. Each Party who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party, that they have full knowledge of and have consented to the terms of this Stipulation and Order.

6.  This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents.

7. Each of the undersigned parties represent that he or she (i) is authorized to execute and be bound by this Stipulation and Order on behalf of themselves or their client, and (ii) has full knowledge of and has consented to the terms of this Stipulation and Order.

8. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

9. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

10. The Debtors' claims agent, Kroll Restructuring Administration, and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order.

11. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained. This Stipulation and Order shall be effective immediately upon approval by the Court.

*[The remainder of this page is left blank intentionally. Signatures appear on the following page]*

Stipulated and agreed to by:

Dated: April 17, 2024
New York, New York

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **ARNOLD & PORTER KAYE SCHOLER LLP** |
|---|---|
| By: */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* | By: */s/ Justin Imperato*<br>Benjamin Mintz<br>Marcus Asner<br>Justin Imperato<br>ARNOLD & PORTER KAYE SCHOLER LLP<br>250 West 55th St.<br>New York, New York 10019<br>Telephone: (212) 836-8000<br>Facsimile: (212) 836-8689<br><br>*Counsel to Mr. Moro* |

**SO ORDERED THIS _____ DAY OF _____, 2024**

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE