**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER BY AND BETWEEN THE DEBTORS AND GEMINI TRUST COMPANY, LLC, ON BEHALF OF GEMINI LENDERS, ALLOWING THE GEMINI MASTER CLAIM (CLAIM NO. 356)**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof, by and among Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and Gemini Trust Company, LLC ("Gemini" and together with the Debtors, the "Parties,") on behalf of Gemini Lenders (as defined below),

**Recitals**

1. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these cases (ECF No. 55).

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

2.  Prior to the Petition Date, Debtor Genesis Global Capital, LLC ("GGC") participated in a program in which Gemini users could elect to lend digital assets to GGC (such program, the "Gemini Earn Program," and such participating Gemini users, the "Gemini Lenders"). The relationships between GGC as "Borrower," each individual Gemini Lender as "Lender," and Gemini as "Agent" and "Custodian" are set forth in the parties' Master Digital Asset Loan Agreements (as amended from time to time, the "Gemini MLAs"). The parties' respective rights and obligations are governed by the Gemini MLAs. Under the Gemini MLAs, among other things, each Gemini Lender appointed Gemini "as its agent to act on Lender's behalf for all purposes."

3.  On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors must have submitted their proofs of claim (the "General Bar Date").

4.  The Bar Date Order authorized and directed Gemini to file a master claim on behalf of each of the Gemini Lenders pursuant to section 501(a) of the Bankruptcy Code against GGC and/or any other Debtor that Gemini determined may have liability to the Gemini Lenders for repayment of the Gemini Lenders' loans to GGC pursuant to the Gemini Earn Program. *See* Bar Date Order ¶ 7. Gemini timely filed three (3) such claims on behalf of approximately 232,824 Gemini Lenders owed digital assets as of the Petition Date based on Gemini's books and records. *See* Claim Nos. 356, 369, and 400.

5.      Gemini, in its individual capacity, also timely filed identical claims against each of the Debtors.  *See* Claim Nos. 406, 407, and 413.

6.      On February 7, 2024, the Court entered the *Order Granting Debtors' Sixteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1270) disallowing and expunging Claim Nos. 369, 400, 407, and 413.  The remaining claim asserted by Gemini on behalf of Gemini Lenders against GGC, Claim No. 356, is the "Gemini Master Claim."  The remaining claim asserted by Gemini in its individual capacity against GGC, Claim No. 406, is the "Gemini Proprietary Claim."

7.      On November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989, and as amended at ECF Nos. 993 and 1325, and as may be subsequently amended, the "Plan").[2]

8.      The Parties and their professionals have engaged in months of arm's length good faith negotiation and claim reconciliation of the Gemini Master Claim.  To resolve the amounts and types of Digital Assets allowed in the Gemini Master Claim and to avoid unnecessary and costly motion practice, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED** that:

1.      The above recitals are incorporated herein in their entirety.

2.      Upon execution of this Stipulation and Order by the Parties and approval by Final Order of the Bankruptcy Court, the Gemini Master Claim will be Allowed in the name of Gemini, solely in its capacity as agent for and on behalf of the Gemini Lenders, as a general

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

unsecured pre-petition claim against GGC (the "Allowed Claim") in the amount and type of Digital Assets as of the Petition Date as set forth in Exhibit 1 annexed hereto. The Allowed Claim shall be considered the full and final settlement of the amount of the Digital Assets in the Gemini Master Claim. Upon confirmation of and occurrence of the Effective Date of the Plan, the Allowed Claim shall be considered a Class 7 Gemini Lender Claim against GGC under the Plan; *provided, however*, that the foregoing is without prejudice to calculation of the Gemini Asset Value, the Gemini Determinations, and the Parties' positions in the adversary proceeding captioned *Gemini Trust Company, LLC v. Genesis Global Capital, LLC et al*, Adv. Pro. No. 23-01192; and *provided further* that the Gemini Reserved Coins shall not be offset against the Allowed Claim and shall be excluded from the calculation of the Gemini Asset Value.

3. For the avoidance of doubt, except as expressly provided herein, this Stipulation and Order is not contingent upon and subject to the confirmation of and the occurrence of the Effective Date of the Plan.

4. This Stipulation and Order shall be binding upon and inure to the benefit of the Debtors, their estates and Gemini, as agent for and on behalf of the Gemini Lenders, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be. This Stipulation and Order shall be binding on the Committee, any subsequently appointed official committee, trustee or examiner in the Chapter 11 Cases, and on all other creditors and parties in interest in the Chapter 11 Cases.

5. On the Effective Date of the Plan (and subject to its occurrence), the Gemini Preference Action shall be dismissed with prejudice, and the Debtors shall take any and all action reasonably necessary, including, without limitation, filing a notice of dismissal with the Bankruptcy Court within five (5) days of the date thereof, to effectuate such dismissal.

6.      Any distributions on the Allowed Claim, as well as reserves on account thereof, shall be governed by, and subject to, the provisions of the Plan (subject to confirmation of and occurrence of the Effective Date of the Plan), including the Gemini Distribution Principles and the Gemini Reserve Principles, as may be amended from time to time.

7.      Nothing in this Stipulation and Order shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party to this Stipulation and Order, except with respect to the Allowed Claim, which shall be subject to the provisions of this Stipulation and Order; *provided*, *however*, that, notwithstanding anything to the contrary in this Stipulation and Order, nothing in this Stipulation and Order shall be treated or used as an admission or otherwise regarding whether, pursuant to section 502(d) of the Bankruptcy Code or the Plan, Gemini or any Gemini Lender is entitled to receive distributions from the Debtors or the Wind-Down Debtors pending resolution of the Gemini Preference Action. For the avoidance of doubt, nothing herein shall be treated or used as an admission or otherwise in connection with the adversary proceeding captioned *Gemini Trust Company, LLC v. Genesis Global Capital, LLC et al*, Adv. Pro. No. 23-01192.

8.      No claim other than the Allowed Claim shall be Allowed by this Stipulation and Order, including, for the avoidance of doubt, the Gemini Proprietary Claim.

9.      This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original. Each Party who executes this Stipulation and Order on behalf of a Party hereto represents that he or

she is duly authorized to execute this Stipulation and Order on behalf of such Party, that they have full knowledge of and have consented to the terms of this Stipulation and Order.

10. This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents.

11. Each of the undersigned parties represent that he or she (i) is authorized to execute and be bound by this Stipulation and Order on behalf of themselves or their client, and (ii) has full knowledge of and has consented to the terms of this Stipulation and Order. The Gemini MLAs authorize Gemini to agree to the Allowed Claim and execute this Stipulation and Order as agent for and on behalf of the Gemini Lenders.

12. Gemini shall provide notice of this Stipulation and Order to the Gemini Lenders by posting this Stipulation and Order and the accompanying Notice of Filing of Stipulation and Order (together, the "Stipulation and Order Package") on Gemini Earn Program's website (www.gemini.com/earn), supplemented by an e-mail to each Gemini Lender (each, a "Gemini Lender Notice") within three (3) Business Days of the Debtors filing this Stipulation and Order Package with the Bankruptcy Court. The Gemini Lender Notice shall contain a link to and/or attachment of the Stipulation and Order Package and shall provide notice of: (i) the terms of the Allowed Claim; and (ii) Gemini's authority to agree to the Allowed Claim and execute this Stipulation and Order as agent for and on behalf of the Gemini Lenders. The foregoing shall constitute good and sufficient notice to the Gemini Lenders of this Stipulation and Order.

13. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

14. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

15. The Debtors' claims agent, Kroll Restructuring Administration LLC, and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order.

16. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained. This Stipulation and Order shall be effective immediately upon approval by the Court.

Stipulated and agreed to by:

Dated: February 26, 2024
       New York, New York

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **HUGHES HUBBARD & REED LLP** |
|---|---|
| By: */s/ Luke A. Barefoot* <br> Sean A. O'Neal <br> Luke A. Barefoot <br> Jane VanLare <br> Thomas S. Kessler <br> CLEARY GOTTLIEB STEEN & HAMILTON LLP <br> One Liberty Plaza <br> New York, New York 10006 <br> Telephone: (212) 225-2000 <br> Facsimile: (212) 225-3999 <br><br> *Counsel to the Debtors and Debtors-in-Possession* | By: */s/ Anson B. Frelinghuysen* <br> Anson B. Frelinghuysen <br> Dustin P. Smith <br> Erin E. Diers <br> Jeffrey S. Margolin <br> HUGHES HUBBARD & REED LLP <br> One Battery Park Plaza <br> New York, New York 10004 <br> Telephone: (212) 837-6000 <br> Facsimile: (212) 422-4726 <br><br> *Counsel to Gemini Trust Company, LLC, on Behalf of Gemini Lenders* |

**SO ORDERED THIS 19th DAY OF April, 2024**

<u>***/s/ Sean H. Lane***</u>
United States Bankruptcy Judge

# EXHIBIT 1

**Allowed Claim**

| CLAIM # | ASSERTED DEBTOR | DATE FILED | ALLOWED CLAIM IN KIND AS OF THE PETITION DATE* | USD EQUIVALENT |
|---|---|---|---|---|
| 356 | Genesis Global Capital, LLC | 05/22/23 | 1INCH 2,571,655.92891642<br>AAVE 33,277.2967325793<br>ALCX 7,138.75968202557<br>AMP 408,812,195.228347<br>ANKR 38,207.3040750001<br>APE 1,083,458.01167383<br>AXS 89,586.3233969138<br>BAL 32,186.9305472822<br>BAT 9,406,123.7351541<br>BCH 40,106.3798345075<br>BNT 248,483.322109086<br>BTC 14,241.7675186731<br>CHZ 658,916.409909894<br>COMP 13,756.4698606595<br>CRV 3,144,261.99687184<br>DAI 4,573,802.535216<br>DOGE 114,141,309.057946<br>ETH 157,884.191586515<br>FET 23,244.2635583414<br>FIL 2,295,445.90174226<br>FTM 16,027,223.5844271<br>GRT 16,926,257.353306<br>GUSD 378,963,105.111637<br>INJ 129,803.779558489<br>KNC 434,557.459494704<br>LINK 1,306,220.73196899<br>LPT 24,515.2510426532<br>LRC 1,141,110.27151483<br>LTC 126,590.633340705<br>WLUNA 0<br>MANA 5,586,393.84499909<br>MATIC 14,617,460.3712568<br>MIR 0<br>MKR 1,309.2104686176<br>OXT 3,614,593.16806809<br>PAXG 999.906079028488<br>RBN 15,443.4155061748<br>REN -17,916.1723787084<br>RLY 3,147,130.55552014<br>SKL 2,076,382.16368775<br>SNX 224,684.486250125<br>SOL 239,496.734849671<br>STORJ 1,794,404.61897231<br>SUSHI 585,754.223252295<br>TOKE 16,319.0734456154<br>UMA 57,806.9111044178<br>UNI 507,243.765408451<br>USDC 15,694,470.2349013<br>USTC 543.022155397682<br>XTZ 660,421.437224852<br>YFI 118.773281046844 | $1,048,812,059.50 |

---

\* For the avoidance of doubt, the quantity of coins by type as of the Petition Date.

| | | | ZEC 43,921.4332729046<br>ZRX 2,716,083.66964534 | |
|---|---|---|---|---|