**Hearing Date: May 8, 2024 at 11:00 a.m. (prevailing ET)**
**Objection Deadline: May 1, 2024 at 4:00 p.m. (prevailing ET)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON**
**DEBTORS' MOTION FOR AUTHORITY**
**TO REDACT AND FILE CERTAIN INFORMATION**
**UNDER SEAL IN CONNECTION WITH THE DEBTORS'**
**MOTION TO ESTIMATE DCG'S COUNTERCLAIM AGAINST**
**THE DEBTORS UNDER BANKRUPTCY CODE SECTIONS 502(c) AND 105(a)**

          **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its affiliates Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP"), as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

---

[1]          The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

"Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that, on April 24, 2024, the Debtors filed the *Debtors' Motion for Authority to Redact and File Certain Information Under Seal in Connection with the Debtors' Motion to Estimate DCG's Counterclaim Against the Debtors Under Bankruptcy Code Section 502(c)(2) or, in the Alternative, Section 502(c)(1) and Section 105(a)* (the "Motion").

PLEASE TAKE FURTHER NOTICE a hearing (the "Hearing") on the Motion will be held before the Honorable Judge Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **May 8, 2024 at 11:00 a.m.** (the "Hearing Date").

PLEASE TAKE FURTHER NOTICE that parties wishing to register for the Hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.  After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances.  Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

PLEASE TAKE FURTHER NOTICE that any responses or objections, if any, to the Motions or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **May 1, 2024 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

PLEASE TAKE FURTHER NOTICE that if no objections are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Motion, which order the Bankruptcy Court may enter with no further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE that copies of the Motion can be viewed and/or obtained (i) by accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

PLEASE TAKE FURTHER NOTICE that the Hearing may affect your rights. Please read the Motion carefully and, if you have one available, discuss it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

[*Remainder of page intentionally left blank*]

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Motion, or if you want the Court to hear your position on the Motion, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Motion and may enter orders granting the relief requested by the Debtors.

Dated:     April 24, 2024
           New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and*
*Debtors-in-Possession*

3

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AUTHORITY**
**TO REDACT AND FILE CERTAIN INFORMATION**
**UNDER SEAL IN CONNECTION WITH THE DEBTORS'**
**MOTION TO ESTIMATE DCG'S COUNTERCLAIM AGAINST**
**THE DEBTORS UNDER BANKRUPTCY CODE SECTIONS 502(c) AND 105(a)**

The above-captioned debtors and debtors-in-possession (each a "Debtor" and

collectively, the "Debtors") hereby submit this motion (the "Motion") for entry of an order,

substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to sections

105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the

---

[1]    The Genesis Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local
Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local
Rules") authorizing the Debtors to redact and file under seal, in part, the *Debtors' Motion to
Estimate DCG's Counterclaim Against the Debtors Under Bankruptcy Code Section 502(c)(2) or,
in the Alternative, Section 502(c)(1), and Section 105(a)* (the "Motion to Estimate").[2]  The Motion
to Estimate has been filed with the proposed redactions contemporaneously herewith.  In support
of this Motion, the Debtors respectfully state as follows:

<h2 style="text-align:center">BACKGROUND AND RELEVANT FACTS[3]</h2>

1.    On January 19, 2023, each of the Debtors filed a voluntary petition for relief under
chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date").  The Debtors are
operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the
Bankruptcy Code.  The Debtors' Chapter 11 Cases have been consolidated for procedural purposes
only and are jointly administered pursuant to Bankruptcy Rule 1015(b).  ECF No. 37.  No trustee
or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official
committee of unsecured creditors (the "Committee") was appointed in these cases.  ECF No. 55.

2.    On May 22, 2023, Digital Currency Group, Inc. ("DCG") filed proofs of claim nos.
464, 487 and 511 against Genesis Global Holdco, LLC ("Holdco"), Genesis Global Capital, LLC
("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP").

3.    On February 7, 2024, consistent with the prior reservations of rights and
descriptions of its claims in the Disclosure Statement, GGC commenced an adversary proceeding

---

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion to Estimate.

[3]    Additional relevant background can be found in the Motion to Estimate, which is not repeated in this Motion in the interest of efficiency and economy.

2

by filing the *Adversary Complaint* (*Genesis Global Capital, LLC v. Digital Currency Group, Inc.*, Adv. Pro. 24-01312 (SHL) (Bankr. S.D.N.Y. Feb. 7, 2024) ("<u>DCG AP</u>")[4] (Adv. ECF No. 1, the "<u>Complaint</u>"), requesting that this Court provide declaratory relief in the form of (i) a judgment declaring that DCG is liable for payment of amounts distributed or paid on account of the $33,000,000.00 Allowed 3AC Claim Amount found to be due to 3AC on account of the 3AC Loan-Related Claims and that DCG shall pay such amount to 3AC, or (ii) declaring that alternatively, if GGC pays such amount, that DCG shall reimburse GGC for such payments; (iii) an award of pre-judgment interest at the rate of nine percent per annum running from the date of any payment of the $33,000,000.00 Allowed 3AC Claim Amount by GGC to 3AC; and (iv) such further relief or other relief as the Court deems just and proper.

4.      On March 11, 2024, DCG filed the *Answer and Affirmative Defenses of Digital Currency Group, Inc. to Genesis Global Capital, LLC's Adversary Complaint* (Adv. ECF No. 5, the "<u>Answer</u>"), in which DCG admitted all material facts alleged in the Complaint, including that the July 2022 GAP-DCG A&A Agreement governs this dispute, and generally referred the Court to the documents for their contents.  *See* Answer ¶¶ 9-21.

5.      On March 15, 2024, GGC filed the *Notice of Proposed Case Management Plan and Scheduling Order* (Adv. ECF No. 6, the "<u>Proposed Scheduling Order</u>") for briefing for motions for judgment on the pleadings to be filed by both parties, scheduled to be completed on May 30, 2024.  Proposed Scheduling Order ¶ 5.  The Proposed Scheduling Order did not include a hearing date and the Court stated at the March 19, 2024 omnibus hearing that it would set a hearing date after briefing is completed.  *See* Mar. 19, 2024 Hr'g Tr. 45:3-23.

---

[4]      As used herein, citations to "Adv. ECF No. ___" refer to the DCG AP docket.

6.      On April 1, 2024, DCG filed its *Amended Answer, Affirmative Defenses, and Counterclaim of Digital Currency Group, Inc. to Genesis Global Capital, LLC's Adversary Complaint* (Adv. ECF No. 8, the "<u>Amended Answer</u>"), which included a Counterclaim (the "<u>Counterclaim</u>") seeking turnover of the Foreclosed Assets on grounds that GGC's failure to do so constitutes a breach of the July 2022 GAP-DCG A&A Agreement. *See* Amended Answer ¶ 36.

7.      On April 4, 2024, GGC filed its *Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c)* (Adv. ECF No. 9, the "<u>Rule 12(c) Motion</u>"), requesting that this Court enter judgment on the pleadings on both counts of GGC's Complaint.

8.      On April 17, 2024, GGC filed the *Notice of Presentment of Proposed Scheduling Order* (Adv. ECF No. 12, the "<u>Proposed Counterclaim Scheduling Order</u>") for briefing on GGC's motion to dismiss the Counterclaim.  The Proposed Counterclaim Scheduling Orders states that the Court will set a hearing date following completion of briefing on the motion to dismiss on May 30, 2024.  Proposed Counterclaim Scheduling Order ¶ 5.

9.      On April 22, 2024, GGC filed its *Motion to Dismiss Counterclaim Against Genesis Global Capital, LLC* (Adv. ECF No. 41, the "<u>Motion to Dismiss</u>").

10.     On April 24, 2024, the Debtors filed the Motion to Estimate contemporaneously herewith.

### JURISDICTION AND VENUE

11.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

4

**RELIEF REQUESTED**

12.     The Debtors respectfully request that this Court enter the Proposed Order, substantially in the form attached hereto as Exhibit A, authorizing the Debtors to redact and file under seal confidential portions of the Motion to Estimate as well as the exhibits thereto (as redacted, the "Sealed Portions"), and directing that the Sealed Portions remain under seal, confidential, and not be made available to any third party without further order from the Court, *provided*, *however*, that copies shall be provided on a confidential basis to the Court, the U.S. Trustee (the "UST"), the Committee, DCG, and, subject to the Debtors' consent or an order of the Court, such other parties that may request and have signed the Protective Order (as defined below).

**BASIS FOR RELIEF**

13.     Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion be filed under seal. Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, that a court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ." Fed. R. Bank. P. 9018. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14.     Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr.

5

S.D.N.Y. 2003). If the Court determines that filed documents are covered by Section 107(b), the Court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Northstar Energy, Inc.*, 315 B.R. 425, 428 (Bankr. E.D. Tex. 2004) ("In fact, § 107(b) *mandates* the protection of certain types of information, including 'confidential commercial information.'") (emphasis in original); *In re Glob. Crossing*, 295 B.R. at 725. Section 107(b) is "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. at 429 (*citing In re Glob. Crossing, Ltd.*, 295 B.R. at 725).

15.     Courts have recognized the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b) and the moving party is not required to demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 28.[5] Once a court determines that a party in interest is seeking protection of information that falls within the ambit of section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *In re Glob. Crossing, Ltd.*, 295 B.R. at 724; *see also* Fed. R. Bankr. P. 9018.

16.     The Debtors have previously requested that the Court enter orders, pursuant to 11 U.S.C. § 107(b), to protect such confidential information, and the Court has entered such orders in these Chapter 11 Cases.

---

[5]     This Court and other courts in this District have granted relief for similar requests to file commercially sensitive business information under seal. *See, e.g.*, Order, *In re Avianca Holdings S.A., et al.*, Case No. 20-11133 (MG) (S.D.N.Y. Bankr. June 19, 2020) (ECF No. 299) (business and personal information); Order, *In re Walter Inv. Mgmt. Corp.*, Case No. 17-13446 (JLG) (S.D.N.Y. Bankr. Dec. 13, 2017), ECF No. 83 (business information).

6

17.    For example, on April 20, 2023, the Court entered the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 238, the "Protective Order"), which established procedures to facilitate the production and exchange of Discovery Material (as defined in 2(b) of the Protective Order) that (i) contains confidential, trade secret, proprietary, or commercially sensitive business, financial, customer, or client information; (ii) contains private or confidential personal information; (iii) contains information that, pursuant to any domestic or foreign law, regulation, or court order, is kept confidential or is subject to restrictions on its use or disclosure; (iv) is subject to a confidentiality agreement or other form of non-disclosure agreement that (A) was entered into in good faith and for a legitimate business purpose and (B) was in effect on the date of entry of this Confidentiality Stipulation; (v) is otherwise entitled to protection under 11 U.S.C. § 107(b) or (c), Federal Rule of Civil Procedure 26(c), or Federal Rule of Bankruptcy Procedure 9018; and/or (vi) contains any other category of information given Confidential status by the Court. Pursuant to the Protective Order, producing parties can designate Discovery Material as Confidential Material and then the receiving parties can only use and disclose such material in accordance with the provisions of the Protective Order.[6]

18.    Here, the Sealed Portions contain non-public information that has been designated as "Confidential" by the parties who have produced such material during the course of discovery. Additionally, the Sealed Portions contain personally identifiable information subject to the Protective Order and the Redaction Order. Pursuant to the Debtors' obligations under the

---

[6]    The Court similarly entered an order authorizing the Debtors, pursuant to sections 107(c) and 105(a) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1, to redact the names, home addresses and email addresses of individuals listed on the consolidated creditors list and the addresses and email addresses of other creditors listed on the consolidated creditors list or other documents filed with this Court. (ECF No. 694, the "Redaction Order").

Protective Order and Redaction Order, the Debtors request leave to file Sealed Portions under seal and maintain the confidentiality of such information.

19.     By this Motion, the Debtors respectfully request that the Court enter the Proposed Order authorizing the Debtors to redact and file confidential portions of the Motion to Estimate under seal in accordance with the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, and directing that such Sealed Portions of the Motion to Estimate remain confidential and under seal, and that no such information shall be made available to anyone, other than as set forth in the order approving this Motion.  The Debtors will also provide unredacted copies of the unredacted Motion to Estimate to the Court, the UST, the Committee, and, subject to the Debtors' consent or order of the Court, such other parties that may request and have signed the Protective Order.

## NOTICE

20.     The Debtors have provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44).  The Genesis Debtors submit that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

21.     No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, for the reason set forth herein the Genesis Debtors respectfully request that this Court (a) enter an order, substantially in the form attached hereto as Exhibit A and (b) grant such other and further relief as is just and proper.

8

Dated:    April 24, 2024            /s/ Luke A. Barefoot
           New York, New York    Sean A. O'Neal
                                      Luke A. Barefoot
                                      Jane VanLare
                                      Thomas S. Kessler
                                      Andrew Weaver
                                    CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                      One Liberty Plaza
                                      New York, New York 10006
                                      Telephone: (212) 225-2000
                                      Facsimile: (212) 225-3999

                                      *Counsel to the Debtors*
                                      *and Debtors-in-Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS
TO REDACT AND FILE CERTAIN INFORMATION
UNDER SEAL IN CONNECTION WITH THE DEBTORS'
MOTION TO ESTIMATE DCG'S COUNTERCLAIM AGAINST
THE DEBTORS UNDER BANKRUPTCY CODE SECTION 502(c)(2)
OR, IN THE ALTERNATIVE, SECTION 502(c)(1), AND SECTION 105(a)**

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Genesis Debtors") for entry of an order (this "Order"), authorizing the Debtors to file the Sealed Portions and directing that such information remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

---

1.     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

2      All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Motion.

U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Genesis Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED to the extent set forth herein.

2.     The Debtors are authorized (i) to file the Sealed Portions of the Motion to Estimate on the public docket of this case in its redacted form, (ii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, hard copies and electronic copies of the Motion to Estimate clearly labeled "FILED UNDER SEAL PENDING MOTION TO SEAL."

3.     The Sealed Portions and the unredacted Motion to Estimate shall remain under seal and shall not be made available, without the consent of the Debtors or without further order of this Court, to anyone other than (on a confidential basis) this Court, the UST, the Committee, DCG and, subject to the Debtors' consent or an order of the Court, such other parties that may request and have signed the Protective Order.

4.     To the extent that the Sealed Portions of the Motion to Estimate are attached or referred to in any further pleadings or document filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

5.     Upon the passing of forty-five (45) days after the final disposition of the Chapter

11 Cases, any party that has filed materials under seal shall reclaim all documents filed under seal or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6.      Nothing in this Order prejudices the rights of any party-in-interest, including the UST, to seek, on appropriate motion, the unsealing of the Sealed Portions of the Motion to Estimate, or any part thereof.

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.


Dated: _____, 2024
            White Plains, New York


_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE