

**U.S. Department of Justice**
Office of the United States Trustee
*Southern District of New York*
U.S. Federal Office Building
201 Varick Street, Room 1006
New York, NY 10014
Phone: (212) 510-0500

April 25, 2024

The Honorable Sean H. Lane
U.S. Bankruptcy Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4140

      Re:  *Genesis Global Holdco, LLC*, Case No. 23-10063

Dear Judge Lane:

      We are writing in response to the Debtors' letter dated April 24, 2024 (ECF No. 1617).  Pursuant to the Court's instructions, the Debtors submitted the letter to apprise the Court of four unresolved matters relating to *Objection of the United States Trustee to the Confirmation of the Debtors' Joint Amended Chapter 11 Plan* (ECF No. 1202), defined herein as the "United States Trustee Objection."

      The Debtors' letter also takes the opportunity to provide additional arguments and to direct the Court to those places the Debtors believe the record supports their arguments with respect to the four unresolved matters.

      Because each of the four unresolved matters has been fully briefed and argued before the Court, any such additional argument should be disregarded by the Court.  To the extent that the Court takes the additional arguments and other information into account, we submit the following responses.

      First, the United States Trustee continues to assert that the reimbursement from the Debtors' estate of attorney fees and costs to a creditor must be pursuant to an application under 11 U.S.C. 503(b)(3).  The testimony of a witness or argument in a motion about the contribution made by a creditor and the sending of time records to the United States Trustee cannot substitute for a properly filed application which allows a fulsome review by a bankruptcy court and the United States Trustee.  *In re Celsius Network LLC*, No. 22-10964 (MG), 2024 WL 887265, at *10-11 (Bankr. S.D.N.Y. Feb. 29, 2024), reconsideration denied *In re Celsius Network LLC*, No. 22-10964 (MG), 2024 WL 1714841 (Bankr. S.D.N.Y. Apr. 19,

2024).

      Indeed, respectfully, to deem an oral motion and testimony together with informal fee records as the equivalent of an application under section 503(b)(3) is a slippery slope that will lead to such fees and expenses being paid regularly without the need of an application or a proper analysis. In this regard, we note that the Debtors' sole witness during the confirmation hearing admitted that he had not reviewed time records. *See* Hr'g Tr. 72:13-74-13, February 27, 2024. We also refer your Honor to the United States Trustee Objection at 16-17. Please note that the United States Trustee will not review such records in the absence of a properly filed application. Thus, the United States Trustee objection to the request for substantial contribution stands.

      Second, whether the exculpation provision in the Plan is narrow – as asserted by the Debtors – is not the issue. Exculpation provisions of a Plan are restricted to fiduciaries. Please see the United States Trustee Objection at 11.

      Third, with respect to the "No Liability" provision, we refer the Court to the United States Trustee Objection at 10-11.

      Finally, the United States Trustee disagrees that the injunction language can be modified and adjusted regardless of the overall settlement with creditors as it is part of the Confirmation Order. Please see the United States Trustee Objection at 7.

      We are available to discuss this matter should your Honor have any questions or need additional information.

      Respectfully yours,

      WILLIAM K. HARRINGTON
      UNITED STATES TRUSTEE

      By   */s/ Greg M. Zipes*
          Greg Zipes
          Trial Attorney