**Via ECF**

Hon. Sean H. Lane
United States Bankruptcy Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:** *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL) (the "**Chapter 11 Cases**") and *Genesis Global Capital, LLC* ("**GGC**") *v. Digital Currency Group, Inc.* ("**DCG**") **24-01312 (SHL) (the "Adversary Proceeding")**

Dear Judge Lane,

      We submit this joint letter on behalf of the Debtors in the Chapter 11 Cases, including GGC as Plaintiff in the Adversary Proceeding, the Official Committee of Unsecured Creditors, as intervenor in the Adversary Proceeding, and Digital Currency Group, Inc. ("DCG" and together with the Debtors, the "Parties") as Defendant and Counterclaim Plaintiff in the Adversary Proceeding, to inform the Court of certain proposed adjustments to which the Parties have agreed regarding the schedule for briefing on the following motions: (1) Plaintiff's *Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c)* (Adv. Pro. ECF No. 9) (the "Rule 12(c) Motion"); (2) Plaintiff's *Motion to Dismiss Counterclaim Against Genesis Global Capital, LLC* (Adv. Pro. ECF No. 14, the "Motion to Dismiss"); (3) the Debtors' *Motion to Estimate DCG's Counterclaim Against the Debtors Under Bankruptcy Code Sections 502(c) and 105(a)* (ECF No. 1618, the "Motion to Estimate"); and (4) DCG's forthcoming *Cross-Motion for Judgment on the Pleadings* (collectively, the "Motions").

      GGC filed a complaint initiating the Adversary Proceeding on February 7, 2024. In its *Adversary Complaint*, Adv. Pro. ECF No. 1 (the "Complaint"), GGC seeks a declaratory judgment against DCG with a value of approximately $33 million, alleging that DCG is liable for the payment of claims allowed against GGC in favor of Three Arrows Capital Ltd. On March 19, 2024, the Parties held an initial pretrial conference before the Court in the Adversary Proceeding (the "March 19 Conference"), at which the Parties presented a proposed consensual scheduling order regarding Plaintiff's then-anticipated Rule 12(c) Motion (Adv. Pro. ECF No. 6, the "12(c) Motion Proposed Scheduling Order"). The 12(c) Motion Proposed Scheduling Order contemplated that the Parties would file cross-motions for partial judgment on the pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c), which briefing would conclude on May 30, 2024. The 12(c) Motion Proposed Scheduling Order provided for a stay of discovery pending the Court's disposition of the Parties' cross-motions. At the March 19 Conference, the Court did not set a hearing date for the cross-motions for judgment on the pleadings.

      Subsequent to the March 19 Conference, DCG filed the *Amended Answer, Affirmative Defenses, and Counterclaim of Digital Currency Group, Inc. to Genesis Global Capital, LLC's Adversary Complaint*, Adv. Pro. ECF No. 8 (the "Amended Answer"). In its Amended Answer, DCG asserts the Counterclaim in the face amount of $1.2 billion, but which, the Debtors assert, actually seeks the turnover of estate property worth almost three times that amount.[1] DCG

---

[1]   *See* Motion to Estimate at ¶¶ 4, 36, 52.

asserts that the Counterclaim was necessary in order for DCG to preserve its rights against GGC based on the litigation position GGC has taken in the Adversary Proceeding.[2]

After the filing of the Amended Answer and the Counterclaim, the Parties submitted a proposed consensual scheduling order relating to briefing on a then-contemplated motion by GGC to dismiss the Counterclaim (ECF No. 12, the "Adversary Proceeding Proposed Scheduling Order").  That Adversary Proceeding Proposed Scheduling Order provided for coordinated briefing of the cross-motions for partial judgment on the pleadings and the motion to dismiss, with the cross-motions for judgment on the pleadings and the Motion to Dismiss all briefed by May 31 for the Court's resolution.

On April 22, 2024, in accordance with the Adversary Proceeding Proposed Scheduling Order, GGC filed its Motion to Dismiss.

On April 24, 2024, the Debtors filed the Motion to Estimate, noticing the Motion to Estimate for hearing at the scheduled omnibus hearing on May 8, 2024, with a responsive pleading deadline of May 1, 2024.  In connection with the Motion to Estimate, the Debtors assert that, due to its size, the pendency of the Counterclaim presents a pressing issue regarding the potential need to establish reserves ahead of potential distributions, in the event this Court confirms the Debtors' proposed Plan.[3]  Counsel for the Debtors and DCG have not met and conferred or agreed on the scope of, or timetable for, the discovery that would be necessary before a full evidentiary hearing on the Motion to Estimate could occur.

Counsel for the Debtors and DCG have subsequently met and conferred regarding the appropriate scheduling regarding briefing on the Motions.  In light of the overlapping issues, the Parties hereby propose a revision to the Adversary Proceeding Proposed Scheduling Order that would adjourn the hearing on the Motion to Estimate so that the issues raised therein that overlap with the issues raised in the Motion to Dismiss can be heard in tandem, with the remainder of the issues raised in the Motion to Estimate to be heard subsequently by the Court to the extent necessary following any decision of this Court in the interim.  The Parties have agreed that there will be no discovery taken or evidence presented in connection with the Motion to Estimate at this time (as with the cross-motions for judgment on the pleadings and the Debtors' motion to dismiss the counterclaim), and that the Parties will submit briefs to resolve the Motions in the first instance solely on grounds that do not require additional discovery.  The Parties respectively reserve all rights to obtain discovery in connection with the Adversary Proceeding and Motion to Estimate following the Court's resolution of the Motions set forth herein on purely legal grounds.

The briefing timeline proposed by the Parties is attached hereto as **Exhibit A** in the form of a further amended proposed scheduling order (the "Amended Proposed Scheduling Order"), of which the Parties seek entry on both the main docket for the Chapter 11 Cases and the docket for the Adversary Proceeding.

---

[2]   *See* Amended Answer at 16.
[3]   *See* Motion to Estimate at ¶¶ 35, 50-51.  The Debtors have made no determination yet as to whether any reserve would be required on account of the Counterclaim, or the size of any such reserve, and the Debtors and the Committee reserve all rights.

      Finally, the Parties ask that, subject to its availability, the Court set a hearing for the week of May 27, 2024. Counsel for DCG respectfully submits that it would be most efficient if such hearing also addressed the cross-motions for judgment on the pleadings. DCG asserts that the three motions concern the same assets and the same contract—indeed, the same exact clause of the contract is at issue in all of the Motions—and that the counterclaim was made necessary only by GGC's claim and should not be divorced from that context. DCG does not believe that it will take any significant additional work to address the issues raised in the 12(c) Motions, because DCG believes the 12(c) Motions raise substantially the same issues as the Motion to Dismiss. The Debtors and the Committee are amenable to this approach to the extent the Court prefers it.

      However, the Debtors and the Committee do not believe that this hearing need address the cross-motions for judgment on the pleadings, given that the relief sought therein (which concerns GGC's affirmative claim with a value of approximately $33 million) is not urgently needed. This contrasts with the relief sought in the Motion to Dismiss and the Motion to Estimate (which both concern DCG's counterclaim for a face amount of $1.2 billion), the Court's decisions on which may affect the Debtors' ability to make distributions in the event the Court confirms the Debtors' proposed Plan. Furthermore, there are numerous bases asserted in the Motion to Dismiss and Motion to Estimate upon which the Court could fully resolve the motions without addressing the Parties' competing interpretations of the contract language.

      Counsel for all Parties remain available at the Court's convenience to the extent the Court wishes to hear from the Parties further on the Amended Proposed Scheduling Order.

Respectfully submitted,

s/ *Caroline Hickey Zalka*

Caroline Hickey Zalka
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
caroline.zalka@weil.com
*Counsel to Digital Currency Group, Inc.*

s/ *Luke A. Barefoot*

Luke A. Barefoot
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
lbarefoot@cgsh.com
*Counsel to the Debtors and Debtors in Possession*

s/ *Colin West*

Colin West
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
cwest@whitecase.com

# EXHIBIT A
## AMENDED PROPOSED SCHEDULING ORDER

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Genesis Global Holdco, LLC, *et al.*,[4] <br><br> Debtors. | Chapter 11 <br><br> Case No. 23-10063 (SHL) |
| Genesis Global Capital, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Digital Currency Group, Inc., <br><br> Defendant. | Adv. Pro. No. 24-01312 (SHL) |

**PROPOSED SCHEDULING ORDER**

1. This Scheduling Order shall apply in the above-captioned main chapter 11 proceeding and the above-captioned adversary proceeding.

    a. The term "Motion to Dismiss" as used herein shall mean the Plaintiff's *Motion to Dismiss Counterclaim Against Genesis Global Capital, LLC* (Adv. Pro. ECF No. 14).

    b. The term "Motion to Estimate" as used herein shall mean the Debtors' *Motion to Estimate DCG's Counterclaim Against the Debtors Under Bankruptcy Code Sections 502(c) and 105(a)* (ECF No. 1618)

    c. The term "Cross-Motions for Judgment on the Pleadings" shall mean *Plaintiff's Motion for Judgment on the Pleadings Under Federal Rule of Civil Procedure 12(c)* (Adv. Pro. ECF No. 9, the "Debtor's Rule 12(c) Motion") and the cross-motion for judgment on the pleadings to be filed by DCG as contemplated hereby.

2. DCG's opposition to the Debtor's Rule 12(c) Motion and cross-motion for judgment on the pleadings shall be filed by **April 29, 2024**.

3. DCG's opposition to the Motion to Dismiss shall be filed by **Thursday, May 16, 2024**.

---

[4] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

4. DCG's opposition to the Motion to Estimate, which briefing shall be limited to the non-evidentiary bases raised Motion to Estimate that are also raised in the Motion to Dismiss, shall be filed by **Thursday, May 16, 2024**.

5. The Debtor's reply in Support of their Rule 12(c) Motion and opposition to DCG's cross-motion for judgment on the pleadings shall be filed by **Thursday, May 16, 2024.**

6. The Debtors' reply in support of the Motion to Dismiss shall be filed by **Thursday, May 23, 2024**.

7. The Debtors' reply in support of the Motion to Estimate, which briefing shall be limited to the arguments raised in the Motion to Estimate that are also raised in the Motion to Dismiss, shall be filed by **Thursday, May 23, 2024**.

8. DCG's reply in support of its cross-motion for judgment on the pleadings shall be filed by **Thursday, May 23, 2024.**

9. This Court shall hold a hearing to consider the relief sought in the Motion to Dismiss and the Motion to Estimate [and the Cross-Motions for Judgment on the Pleadings] on May [x], 2024 at [x time] (EST).

10. Subsequent to the Court's issuance of its decisions with respect to the issues briefed by the Parties and heard by this Court in accordance with paragraphs 2-6 above, the Parties shall meet and confer with respect to a schedule for briefing the issues raised in the Motion to Estimate and *not* briefed and heard in accordance with paragraphs 2-6 above, solely to the extent such issues are not mooted by this Court's prior decisions.

11. **Modification**. The parties may modify any provision hereof on written agreement or, absent such agreement, by seeking an order of the Court upon good cause shown.

Dated: _____  _____
      White Plains, New York        The Honorable Sean H. Lane
                                        United States Bankruptcy Judge