**Presentment Date and Time: May 21, 2024 at 4:00 PM (ET)**
**Objection Deadline: May 20, 2024 at 4:00 PM (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF STIPULATION**
**AND ORDER BY AND AMONG THE DEBTORS,**
**ANONYMOUS LENDER 17 AND THE AD HOC GROUP**

**PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that, on May 14, 2024, the Debtors filed the *Stipulation and Order by and Among the Debtors, Anonymous Lender 17 and the Ad Hoc Group* (the "Stipulation and Order"), attached hereto as Exhibit A. The Stipulation and Order will be presented for signature to the Honorable Sean H. Lane, United States Bankruptcy Judge in the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **May 21, 2024 at 4:00 PM (Eastern Time)** (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Stipulation and Order or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **May 20, 2024 at 4:00 PM (Eastern Time)** (the "Objection Deadline") and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Stipulation and Order, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as Exhibit A to the Stipulation and Order, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served by the Objection Deadline, the Debtors shall notice a hearing (the "Hearing") with respect to the Stipulation and Order, which shall be held via Zoom and attended by the Debtors and all objecting parties. Failure to attend the Hearing may result in entry of the Stipulation and Order without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order can be viewed and/or obtained by: (i) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

|  |  |
|---|---|
| Dated:   May 14, 2024<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors<br>and Debtors-in-Possession* |

2

# **EXHIBIT A**

**Stipulation and Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.: 23-10063 (SHL)<br><br>Jointly Administered |

**STIPULATION AND ORDER
BY AND AMONG THE DEBTORS,
ANONYMOUS LENDER 17 AND THE AD HOC GROUP**

This Stipulation and Order (the "Stipulation and Order") is entered into on the date hereof, by and among Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), the Ad Hoc Group (as defined herein) and ▇▇▇▇▇▇▇▇[2] (the "Claimant" and together with the Debtors and the Ad Hoc Group, the "Parties").

**Recitals**

1. On September 21, 2020, the Claimant and Genesis Global Capital LLC ("GGC") entered into a master loan agreement (the "MLA"), pursuant to which the Claimant agreed to loan certain digital assets to GGC.

2. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") (the date of such filing,

---

[1] The Debtors in the above captioned proceedings (the "Chapter 11 Cases"), along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

[2] Pursuant to the Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information (the "Sealing Order") (ECF No. 694), Cleary Gottlieb has redacted the Claimant name from the public version of the Stipulation and Order and will provide unredacted copies pursuant to paragraph 5 of the Sealing Order.

2

the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in these Chapter 11 Cases (ECF No. 55).

3. On April 4, 2023, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered its *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors must have submitted their proofs of claim (the "General Bar Date").

4. The Bar Date Order, among other things, authorized and directed the Ad Hoc Group of Genesis Lenders (the "Ad Hoc Group") to file a single proof of claim pursuant to section 501(a) of the Bankruptcy Code on account of prepetition claims against the Debtors held by members of the Ad Hoc Group pursuant to relevant master loan agreements and/or term sheets. Bar Date Order ¶ 9. The Ad Hoc Group timely filed two (2) such Ad Hoc Group Master Claims. *See* Claim Nos. 447 and 489. Claim No. 447 was subsequently amended by Claim No. 831, and Claim No. 489 was subsequently withdrawn. The Debtors therefore herein refer to Claim No. 831 as the "Ad Hoc Group Master Claim".

5. The Claimant, included as part of the Ad Hoc Group Master Claim, asserts liabilities against the Debtors arising under the MLA.

3

6. On November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989, and as amended at ECF Nos. 1325 and 1392, and as may be subsequently amended, the "Plan").

7. The Parties have subsequently engaged in good faith discussions concerning the reconciliation of the portion of the Ad Hoc Group Master Claim asserted on behalf of, among others, the Claimant. To fully resolve the issues discussed concerning the portion of the Ad Hoc Group Master Claim asserted on behalf of the Claimant, (the "Subject Claims"), and to avoid unnecessary motion practice, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED** that:

1. The above recitals are incorporated herein in their entirety.

2. Upon the Bankruptcy Court's entry of this Stipulation and Order, the Ad Hoc Group Master Claim shall be partially allowed solely with respect to the Subject Claims in the denominations and amounts set forth in Exhibit 1 to this Stipulation and Order (the "Allowed Claims") as general unsecured prepetition claims against GGC, which Allowed Claims shall be (a) without any further offset or deduction of any kind and (b) exclusive of any interest which has accrued from and after the Petition Date, and which interest, if any, shall be paid in accordance with the terms of the Plan and the Bankruptcy Court's determination on entitlement and amounts thereof. Any distributions on the Allowed Claims shall be governed by, and subject to, the provisions of the Plan and the Distribution Principles,[3] as may be amended from time to time.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

4

3. For the avoidance of doubt, no portion of the Ad Hoc Group Master Claim other than the Allowed Claims is affected by this Stipulation and Order. The Debtors, the Committee, and the Ad Hoc Group explicitly reserve their rights with respect to the remainder of the Ad Hoc Group Master Claim not included as part of the Allowed Claims or previously allowed by separate stipulation and order, including, with respect to the Debtors and the Committee, the right to object to the remainder of the Ad Hoc Group Master Claim at a later date on any and all grounds. Moreover, nothing in this Stipulation and Order shall prejudice Claimant's rights, remedies and claims against any non-Debtor.

4. This Stipulation and Order shall be binding upon and inure to the benefit of the Debtors, their estates, the Claimant, and the Ad Hoc Group acting on behalf of the Claimant, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be. This Stipulation and Order shall be binding on the Committee, and any trustee or examiner appointed in the Debtors' Chapter 11 Cases and on all other creditors and parties in interest in the Debtors' Chapter 11 Cases. This Stipulation and Order shall remain binding on the Debtors' estates and any chapter 7 trustee in the event that the Debtors' Chapter 11 Cases are converted to chapter 7 cases.

5. Nothing in this Stipulation and Order shall in any way be construed as or deemed to be evidence of or reflect an admission on behalf of any of the Parties to this Stipulation and Order regarding any claim or right that such Party may have against any other Party to this Stipulation and Order, except with respect to the Allowed Claims, which shall be subject to the provisions of this Stipulation and Order.

6. The Parties drafted this Stipulation and Order through a cooperative effort, and no Party shall be considered the drafter of this Stipulation and Order so as to give rise to any presumption regarding construction of this Stipulation and Order.

7. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original. Each Party who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party, that they have full knowledge of and have consented to the terms of this Stipulation and Order.

8. This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents.

9. Each of the undersigned parties represent that he or she (i) is authorized to execute and be bound by this Stipulation and Order on behalf of themselves or their client, and (ii) has full knowledge of and has consented to the terms of this Stipulation and Order.

10. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties. This Stipulation and Order shall be governed by and construed under the laws of the State of New York, without regard to conflicts of laws principles that would require the application of the law of another jurisdiction.

11. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

12. The Debtors' claims agent, Kroll Restructuring Administration, and the Clerk of the Bankruptcy Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order, including updating the Claims Register to reflect the relief granted herein.

13. This Stipulation and Order is subject to the approval of the Bankruptcy Court and shall be of no force and effect unless and until such approval is obtained. This Stipulation and Order shall be effective immediately upon approval by the Bankruptcy Court, notwithstanding the applicability of any Federal Rule of Bankruptcy Procedure.

*[Remainder of page left intentionally blank]*

Stipulated and agreed to by:

Dated: May 14, 2024
      New York, New York

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **KATTEN MUCHIN ROSENMAN LLP** |
|---|---|
| By: */s/ Luke A. Barefoot*<br>    Sean A. O'Neal<br>    Luke A. Barefoot<br>    Jane VanLare<br>    Thomas S. Kessler<br>    CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>    One Liberty Plaza<br>    New York, New York 10006<br>    Telephone: (212) 225-2000<br>    Facsimile: (212) 225-3999 | By: */s/ Steven J. Reisman*<br>    Steven J. Reisman<br>    Shaya Rochester<br>    KATTEN MUCHIN ROSENMAN LLP<br>    50 Rockefeller Plaza<br>    New York, New York 10020<br>    Telephone: (212) 940-8700 |
| *Counsel to the Debtors and Debtors-in-Possession* | *Counsel to Anonymous Lender 17* |
| | **PROSKAUER ROSE LLP** |
| | By: */s/ Brian S. Rosen*<br>    Brian S. Rosen<br>    Jordan Sazant<br>    PROSKAUER ROSE LLP<br>    Eleven Times Square.<br>    New York, New York 10036<br>    Telephone: (212) 969-3000 |
| | *Counsel to the Ad Hoc Group* |

**SO ORDERED**

Dated: _____, 2024  
New York, New York

_____  
THE HONORABLE SEAN H. LANE  
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

Allowed Claims

10

**Allowed Claims**

| Claim # | In Kind | USD Equivalent |
|---|---|---|
| **831**<br>**(Anonymous Lender 17)** | **USDC:** 6,393,033.5887126<br>**ADA:** 21,834,343.9781406<br>**BTC:** 15,513.9154763<br>**SAND:** 5,345,030.7863253<br>**KNC:** 181,339.6626583<br>**1INCH:** 734,198.425053<br>**FIL:** 55,258.015074<br>**SNX:** 230,290.0007366<br>**SOL:** 733,546.4522104<br>**ALGO:** 5,416,272.9633429<br>**TRX:** 96,288,132.9278148<br>**ETC:** 252,201.8809218<br>**BCH:** 11,700.5907425<br>**USDT:** 10,206.5876034<br>**APE:** 1,255.5069274<br>**COMP:** 16.5227939<br>**CRV:** 2,561.1500349<br>**UNI:** 247.8419034<br>**YFI:** 0.1480807 | $ 375,269,075 |