**Presentment Date: May 22, 2024 at 4:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: May 21, 2024 at 4:00 p.m. (Prevailing Eastern Time)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF**
**THE DEBTORS' PROPOSED ORDER**
**AUTHORIZING FURTHER EXTENSION OF THE**
**COVERAGE PERIOD OF CERTAIN INSURANCE POLICIES**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**PLEASE TAKE FURTHER NOTICE**, that, in connection with their business operations, the Debtors maintain several insurance policies from third-party insurance carriers which provide coverage for the Debtors, non-Debtor subsidiaries, and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT"), as well as certain current and former directors, officers and employees of the Debtors. The insurance policies include a Directors & Officers liability policy and an Errors & Omissions liability policy with a shared limit and three excess coverage policies (collectively, the "Insurance Policies").

**PLEASE TAKE FURTHER NOTICE**, that, on May 15, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Extend the Coverage Period of Certain Insurance Policies and (II) Granting Related Relief*, ECF No. 311, which sought to extend the coverage period of the Insurance Policies to December 28, 2023. On June 21, 2023, the Court granted the motion, ECF No. 442.

**PLEASE TAKE FURTHER NOTICE**, that, on November 22, 2023, the Debtors filed the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Further Extend the Coverage Period of Certain Insurance Policies and (II) Granting Related Relief*, ECF No. 971, which sought to extend the coverage period of the Insurance Policies to March 28, 2024. On December 18, 2023, the Court granted the motion, ECF No. 1048.

**PLEASE TAKE FURTHER NOTICE**, that, on March 5, 2024, the Debtors filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Further Extend the Coverage Period of Certain Insurance Policies and (II) Granting Related Relief*, ECF No. 1429, which sought to further extend the coverage period of the Insurance Policies to May 28, 2024. On March 26, 2024, the Court granted the motion, ECF No. 1525.

**PLEASE TAKE FURTHER NOTICE**, that the Debtors have determined in their business judgment that extension of the Insurance Policies to avoid a lapse of coverage prior to the Debtors' emergence from these Chapter 11 Cases is necessary and appropriate to enable the current directors and officers to act on behalf of the estate without fear that they would be forced to make out-of-pocket payments in respect of claims that otherwise could be timely submitted under the Insurance Policies.

**PLEASE TAKE FURTHER NOTICE**, that the Debtors, following consultations with the Debtors' insurance broker, have determined that they may obtain a three-month extension of the coverage period of the Insurance Policies from May 28, 2024 to August 28, 2024 (the "Extended Expiration Deadline") at the cost of approximately $310,395, with a pro rata refund of the cost of the extension for the time period (if any) during which the Debtors emerge from these Chapter 11 Cases before the Extended Expiration Deadline.

**PLEASE TAKE FURTHER NOTICE** that, on May 15, 2024, the Debtors filed the *Notice of Presentment of the Debtors' Proposed Order Authorizing Further Extension of the Coverage Period of Certain Insurance Policies*, attached hereto as Exhibit A (the "Proposed Order"), which seeks authorization for the Debtors to extend coverage of the Insurance Policies to the Extended Expiration Deadline and related relief. The list of Insurance Policies to be extended is attached to the Proposed Order as Exhibit 1.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Proposed Order shall be: (a) in writing; (b) filed electronically with the Court no later than **May 21, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline"); and (c) served as required by the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") entered in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, if no written objections are timely filed and served by the Objection Deadline, the Debtors shall, on or after **May 22, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "Presentment Date"), submit to the Court an order substantially in the form of the Proposed Order, which order the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served by the Objection Deadline, the Debtors shall notice a hearing (the "Hearing") with respect to the Proposed Order, which shall be held via Zoom and attended by the Debtors and all objecting parties. Failure to attend the Hearing may result in entry of the Proposed Order without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Proposed Order can be viewed and/or obtained: (a) by accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (b) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, New York 10055, at http://restructuring.ra.kroll.com/genesis/ or by calling +1 888-524-2017.

| | |
|---|---|
| Dated: May 15, 2024<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* |

## **EXHIBIT A**

**Proposed Order**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | Related Docket Nos.: 442, 1048 & 1525 |

**ORDER AUTHORIZING**
**FURTHER EXTENSION OF THE COVERAGE**
**PERIOD OF CERTAIN INSURANCE POLICIES**

Upon the *Notice of Presentment of the Debtors' Proposed Order Authorizing Further Extension of the Coverage Period of Certain Insurance Policies* (the "Notice of Presentment") of Genesis Global Holdco, LLC and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") (i) authorizing

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

the Debtors to extend the coverage period of the Insurance Policies[2] from May 28, 2024 to August 28, 2024, (ii) authorizing all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Policies, and (iii) granting the Debtors such other and further relief as the Court deems just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Notice of Presentment in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Notice of Presentment and opportunity for a hearing on the Notice of Presentment was appropriate and no other notice need be provided; and the Court having reviewed the Notice of Presentment and the relief requested therein; and the Court having determined that the legal and factual bases set forth in the Notice of Presentment establish just cause for the relief granted herein:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. To the extent required, and in accordance with the terms set forth in the Notice of Presentment, the Debtors are authorized to extend the coverage period of the Insurance Policies, as listed in <u>Exhibit 1</u> attached hereto, by three months and to make related payments necessary for the extension of the coverage period as described in the Notice of Presentment.

---

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Notice of Presentment.

6

2. In consultation with the Official Committee of Unsecured Creditors (the "Committee") and the Ad Hoc Group of Genesis Lenders represented by Proskauer Rose LLP (the "AHG"), the Debtors shall seek reimbursement or compensation from any non-Debtor beneficiaries of the Insurance Policies (including without limitation GGT). The Committee and the AHG reserve all rights to object or otherwise seek further relief to the extent that the Committee or the AHG do not agree with the amount and terms of such reimbursement or compensation.

3. All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order, in accordance with the *Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief*, ECF No. 150.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity, priority or amount of any claim against a Debtor entity; (ii) a waiver of the Debtors' or any party-in-interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order; (v) a requirement or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' or any party-in-interest's rights under the Bankruptcy Code or any other applicable law.

5. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' insurance carriers, any other agents or brokers employed by the Debtors or any other third party relating to the Insurance Policies.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

Dated: _____, 2024
       White Plains, New York

                                                            _____
                                                            THE HONORABLE SEAN H. LANE
                                                            UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**Insurance Policies**[3]

---

[3] The Debtors expressly reserve their rights to amend, modify or supplement information provided in this Exhibit.

| Type of Policy | Named Insured[1] | Insurance Carrier(s) | Policy Start Date | Policy End Date | Policy Number(s) | Coverage Limit |
|---|---|---|---|---|---|---|
| Directors & Officers Liability | Genesis Global Holdco, LLC | Axis Insurance Company | 6/28/2022 | 8/28/2024 | P00100065881702 | $2,500,000 aggregate with the E&O Policy |
| Errors & Omissions Liability | Genesis Global Holdco, LLC | Axis Insurance Company | 6/28/2022 | 8/28/2024 | P00100065882602 | $2,500,000 aggregate with the D&O Policy |
| Excess D&O / E&O | Genesis Global Holdco, LLC | Forge Underwriting Ltd | 6/28/2022 | 8/28/2024 | B0146ERUSA2201352 | Limit: $2,500,000 excess of $2,500,000 |
| Excess D&O / E&O | Genesis Global Holdco, LLC | Starr Indemnity & Liability Company | 6/28/2022 | 8/28/2024 | 1000624040221 | Limit: $2,500,000 excess of $5,000,000 |
| Excess D&O / E&O Policy | Genesis Global Holdco, LLC | Forge Underwriting Ltd | 6/28/2022 | 8/28/2024 | B0146ERUSA2201455 | Limit: $2,500,000 excess of $7,500,000 |

---

[1] While Holdco is the named insured under the Insurance Policies, the remaining Debtors GGC and GAP are considered Insured under the policies by virtue of their status of subsidiaries of Holdco. Non-Debtor GGT is also an insured under the Insurance Policies.