**Presentment Date: May 29, 2024 at 4:00 p.m. (prevailing ET)**
**Objection Deadline: May 28, 2024 at 12:00 p.m. (prevailing ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF**
**SCHEDULING ORDER AND STIPULATION**
**AND AGREED ORDER FOR ESTIMATION OF A CLAIM**
**SOLELY FOR THE PURPOSE OF DETERMINING RESERVES**
**PURSUANT TO THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that the Debtors and counsel for the holder of proof of claim number 223 will present the *Scheduling Order and Stipulation and Agreed Order for Estimation of a Claim Solely for the Purpose of Determining Reserves Pursuant to the Debtors'*

---

[1] The Genesis Debtors in the Chapter 11 Cases, along with the last four digits of each Genesis Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of the Chapter 11 Cases, the service address for the Genesis Debtors is 175 Greenwich Street, 38th Floor, New York, NY 10007.

*Amended Joint Chapter 11 Plan*, attached hereto as <u>Exhibit A</u> (the "<u>Stipulation and Order</u>") to the Honorable Sean H. Lane, United States Bankruptcy Judge, for approval and signature on **May 29, 2024 at 4:00 p.m. (ET)** (the "<u>Presentment Date</u>").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694), the Debtors have redacted the applicable claimant's name in this Notice and in the Stipulation and Order.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Stipulation and Order shall be: (a) in writing; (b) filed electronically with the Court no later than **May 28, 2024 at 12:00 p.m. (ET)** (the "<u>Objection Deadline</u>"); and (c) served as required by the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "<u>Case Management Order</u>") entered in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, if no written objections are timely filed and served by the Objection Deadline, the Debtors shall submit the Stipulation and Order to the Court on the Presentment Date, which the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served by the Objection Deadline, the Debtors shall notice a hearing (the "<u>Hearing</u>") with respect to the Stipulation and Order, which shall be held via Zoom and attended by the Debtors and all objecting parties. Failure to attend the Hearing may result in entry of the Stipulation and Order without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order can be viewed and/or obtained: (i) by accessing the Court's website at www.nysb.uscourts.gov or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration LLC, located at 55 East 52nd Street, 17th Floor, New York, New York 10055, at http://restructuring.ra.kroll.com/genesis/ or by calling +1 888-524-2017. Note that a PACER password is needed to access documents on the Court's website.

| | |
|---|---|
| Dated: May 20, 2024<br>New York, New York | */s/   Jane VanLare*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors and Debtors-in-Possession* |

## **EXHIBIT A**

**Stipulation and Order**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999
*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**SCHEDULING ORDER AND STIPULATION
AND AGREED ORDER FOR ESTIMATION OF A CLAIM
SOLELY FOR THE PURPOSE OF DETERMINING RESERVES
PURSUANT TO THE DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") and the holder of Claim No. 223 (as defined below) (the "Claimant"), hereby enter into this stipulation and agreed order (the "Stipulation") and stipulate and agree as follows:

---

[1] The Genesis Debtors in the Chapter 11 Cases, along with the last four digits of each Genesis Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of the Chapter 11 Cases, the service address for the Genesis Debtors is 175 Greenwich Street, 38th Floor, New York, NY 10007.

**RECITALS**

**WHEREAS**, on January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code," and the date of such filing, the "Petition Date") with the United States Bankruptcy Court for the Southern District of New York (the "Court"). The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).

**WHEREAS**, on April 4, 2023, the Court entered the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order") establishing May 22, 2023 at 4:00 p.m. Eastern Time as the general bar date.

**WHEREAS**, on May 10, 2023, the Claimant filed proof of claim number 223 ("Claim No. 223") against Debtor Genesis Global Capital, LLC in the Chapter 11 Cases in the asserted amount of $230,014,880.3291.

**WHEREAS**, on February 26, 2024, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 1392) (as may be revised, amended or modified from time to time, the "Plan").

**WHEREAS**, the Plan provides for a Disputed Claims Reserve Amount (as defined in the Plan) for purposes of distributions on account of Disputed Claims (as defined in the Plan).[2]

---

[2] "***Disputed***" means, with respect to any Claim or Interest, that such Claim or Interest (or a portion thereof) (i) is not yet Allowed, (ii) is not Disallowed by the Plan, the Bankruptcy Code, or a Final Order, as applicable, (iii) is subject to a pending objection that has been Filed and has not been resolved pursuant to a Final Order of the Bankruptcy Court, or (iv) is or is hereafter listed in the Schedules as contingent, unliquidated, or disputed and for which a Proof of Claim is or has been timely Filed in accordance with the Bar Date Order. Plan ¶ 72.

**WHEREAS**, on February 15, 2024, the Debtors filed the *Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1315) (the "Twenty-Third Omnibus Objection").

**WHEREAS**, through the Twenty-Third Omnibus Objection, the Debtors seek to disallow and expunge in full certain claims, including Claim No. 223, asserted by claimants with whom the Debtors have mutually-owing obligations outstanding where the Debtors assert that setoff of such obligations results in a net claim payable to the Debtors.

**WHEREAS**, the hearing on the Twenty-Third Omnibus Objection as to the Claimant has been adjourned to May 8, 2024. ECF No. 1522.

**WHEREAS**, on May 1, 2024, the Claimant filed *Claimant's Response and Reservation of Rights to Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1643) (the "Response") and the accompanying *Declaration of Claimant No. 223 in Support of Claimant's Response and Reservation of Rights to Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1644; "Claimant's Response"), asserting that the Claimant would be owed no less than $38,606,714.80 by the Debtors using the Termination Date as the Valuation Date (each as defined therein) for setoff.

**WHEREAS**, the Debtors claim that the value of Claim No. 223 would be less than $38,606,714.80 if the Valuation Date for setoff were the Petition Date or the Distribution Date (as defined in the Plan). The Claimant disputes these claims of the Debtors.

**WHEREAS**, the Response included a demand for discovery concerning the Twenty-Third Omnibus Objection and the Valuation Date.

3

**WHEREAS**, the Debtors and the Claimant (together, the "Parties") have reached an agreement (i) determining the amount to be reserved for Claim No. 223 for purposes of determining the Disputed Claims Reserve Amount without prejudice to all other rights, claims and remedies of the Claimant or Debtors and (ii) setting a schedule for discovery related to the Twenty-Third Omnibus Objection with respect to Claim No. 223, including determining the amount of Claim No. 223 and the liability of the Debtors to the Claimant or the liability of the Claimant to the Debtors, as the case may be, as set forth in this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED AND, UPON APPROVAL BY THE COURT HEREOF, IT IS SO ORDERED THAT:**

1. This Stipulation shall become effective upon approval of the Court.

2. Upon entry of an order approving this Stipulation, Claim No. 223 shall be estimated in the amount of no more than $38,606,714.80, solely for purposes of determining the amount to be reserved with respect to Claim No. 223 for purposes of determining the Disputed Claims Reserve Amount, which amount can be further reduced by the Court after notice and a hearing, including without limitation following a determination regarding the validity or amount of Claim No. 223, or upon agreement of the parties. Such estimation shall be without prejudice to any of the Debtors' and Claimant's rights, claims and remedies and shall not be a final adjudication of the allowed amount of Claim No. 223.

3. The following dates and times (subject to modification or adjournment with Court approval) are approved in connection with discovery by the Parties related to the Twenty-Third Omnibus Objection with respect to Claim No. 223 (all prevailing Eastern Time):

| **Discovery Schedule** | |
|---|---|
| Deadline for Parties to Serve Discovery Requests | May 21, 2024 |
| Deadline for Responses & Objections to Discovery Requests | June 11, 2024 |

4

| Deadline for Document Productions in Response to Requests for Productions | June 25, 2024 |
|---|---|
| Deadline for Non-Expert Depositions to Close and Disclosure of Any Expert Witnesses | August 6, 2024 |
| Deadline for Production of Any Expert Witness Reports | August 16, 2024 |
| Deadline for Expert Witness Rebuttal Reports | August 30, 2024 |
| Deadline for Expert Witness Depositions to Close | September 18, 2024 |
| Claimant's Supplemental Response Due | October 2, 2024, at 4:00 p.m. |
| Debtors' Supplemental Reply Due | October 16, 2024, at 4:00 p.m. |
| Evidentiary Hearing on Twenty-Third Omnibus Objection with respect to Claim No. 223 | On or after October 30, 2024 as Court is available |

4. The Parties agree that the Court will adjudicate: (i) Claim No. 223, if any, against the Debtors; (ii) any pleadings filed by the Parties arising out of or related to the Twenty-Third Omnibus Objection and the Claimant's Response, as well as any legal or factual issues raised therein; and (iii) any claims the Debtors may have against the Claimant arising out of or related to Claim No. 223 or that certain Master Digital Currency Loan Agreement between the Parties dated March 4, 2018 and that certain Master Digital Currency Loan Agreement between the Parties dated March 26, 2018 (and any related term sheets entered into thereunder), in each case to final judgment on the merits, unless the Parties reach a settlement on the merits.

5. Execution of this Stipulation or entry of an order approving this Stipulation is without prejudice to each of the Parties' respective rights and obligations under and pursuant to any Plan confirmed by order of the Court, appliable bankruptcy and non-bankruptcy law, and equitable principles as to the allowance or disallowance of Claim No. 223 as adjudicated by order of the Court. Except as expressly provided for in this Stipulation with respect to estimation of Claim No. 223 for purposes of determining the amount to be reserved for Claim No. 223 for purposes of determining the Disputed Claims Reserve Amount, nothing herein is or shall be

5

deemed to be (a) a determination, allowance or disallowance of Claim No. 223 for any purpose whatsoever, (b) an admission, release or waiver of any rights with respect to Claim No. 223 by or against any of the Debtors or Claimant including, without limitation, as to the amount, extent, validity or priority of Claim No. 223, (c) a withdrawal or resolution of the Twenty-Third Omnibus Objection in respect of Claim No. 223, or (d) a release or waiver of any rights of the Parties to assert any and all objections, defenses or counterclaims or other rights in respect of Claim No. 223.

6. Nothing in this Stipulation, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, is or may be deemed to be or may be used as an admission of, or evidence of, the validity or invalidity of any aspect, including priority, of Claim No. 223 against the Debtors or of any other claim or right of any kind, or of any wrongdoing or liability of the Debtors or the Claimant in the Chapter 11 Cases, or any other matter pending before the Court.

7. Nothing in this Stipulation, whether express or implied, is intended or shall be construed to confer upon any person other than the Parties, and their respective successors, assigns, heirs, executors, administrators and liquidators, any right, remedy or claim under or by reason of this Stipulation. The provisions contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties.

8. This Stipulation may not be modified other than by a signed writing executed by each of the Parties and delivered to each Party.

9. The individual who executes this Stipulation on behalf of the Claimant represents that she is duly authorized to do so on behalf of the Claimant and that the Claimant has (a) had the opportunity to consult with counsel with respect to this Stipulation, (b) has full knowledge of the contents of the Stipulation, and (c) has consented to this Stipulation.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies, or facsimiles signed by the Parties.

11. This Stipulation shall inure to the benefit of, and shall be binding upon, the Parties and their respective successors, assigns, heirs, executors, administrators and liquidators.

12. This Stipulation shall be exclusively governed by, construed, and enforced in accordance with the Bankruptcy Code, the Bankruptcy Rules, and, to the extent the Bankruptcy Code and Bankruptcy Rules are inapplicable, the laws of the State of New York, without regard to its conflict of law principles.

13. The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation or its enforcement.

*[The remainder of this page is left blank intentionally.]*

7

**STIPULATED AND AGREED TO BY:**

Dated: May 20, 2024

By: /s/ *Jane VanLare*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

/s/ *Oxana Kozlov*
Oxana Kozlov
Law Offices of Oxana Kozlov
649 Dunholme Way,
Sunnyvale, CA 94087
Telephone: (408) 431-4543

_____
Edward H. Tillinghast, III
Michael Driscoll
Alyssa Paddock
Sheppard Mullin
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 653-8700

*Counsel to Claimant*

**IT IS SO ORDERED.**

Dated: _____        _____
    White Plains, New York          THE HONORABLE SEAN H. LANE
                                    UNITED STATES BANKRUPTCY JUDGE