Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | Related Docket Nos.: 442, 1048, 1525 & 1686 |

**ORDER AUTHORIZING
FURTHER EXTENSION OF THE COVERAGE
PERIOD OF CERTAIN INSURANCE POLICIES**

Upon the *Notice of Presentment of the Debtors' Proposed Order Authorizing Further Extension of the Coverage Period of Certain Insurance Policies* (the "Notice of Presentment") of Genesis Global Holdco, LLC and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") (i) authorizing

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

the Debtors to extend the coverage period of the Insurance Policies[2] from May 28, 2024 to August 28, 2024, (ii) authorizing all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Insurance Policies, and (iii) granting the Debtors such other and further relief as the Court deems just and proper; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Notice of Presentment in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Notice of Presentment and opportunity for a hearing on the Notice of Presentment was appropriate and no other notice need be provided; and the Court having reviewed the Notice of Presentment and the relief requested therein; and the Court having determined that the legal and factual bases set forth in the Notice of Presentment establish just cause for the relief granted herein:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. To the extent required, and in accordance with the terms set forth in the Notice of Presentment, the Debtors are authorized to extend the coverage period of the Insurance Policies, as listed in <u>Exhibit 1</u> attached hereto, by three months and to make related payments necessary for the extension of the coverage period as described in the Notice of Presentment.

---

[2] All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Notice of Presentment.

2. In consultation with the Official Committee of Unsecured Creditors (the "Committee") and the Ad Hoc Group of Genesis Lenders represented by Proskauer Rose LLP (the "AHG"), the Debtors shall seek reimbursement or compensation from any non-Debtor beneficiaries of the Insurance Policies (including without limitation GGT). The Committee and the AHG reserve all rights to object or otherwise seek further relief to the extent that the Committee or the AHG do not agree with the amount and terms of such reimbursement or compensation.

3. All applicable banks and other financial institutions are authorized to receive, process, honor and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order, in accordance with the *Final Order (I) Authorizing Debtors to Continue to Operate the Existing Cash Management System, Including Existing Bank Accounts, Honor Certain Prepetition Obligations Related Thereto, and Maintain Existing Business Forms; (II) Permitting Continued Intercompany Transactions and Granting Certain Administrative Claims; (III) Extending the Time to Comply with the Requirements of Section 345 of the Bankruptcy Code and (IV) Granting Related Relief*, ECF No. 150.

4. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity, priority or amount of any claim against a Debtor entity; (ii) a waiver of the Debtors' or any party-in-interest's right to dispute any claim on any grounds; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any particular claim is of a type specified or defined in this Order; (v) a requirement or authorization to assume any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; or (vi) a waiver of the Debtors' or any party-in-interest's rights under the Bankruptcy Code or any other applicable law.

5. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Debtors' insurance carriers, any other agents or brokers employed by the Debtors or any other third party relating to the Insurance Policies.

6. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, (ii) the Debtors are not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order and (iii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation, implementation or enforcement of this Order.

Dated:  May 24, 2024
       White Plains, New York

                                             **_/s/ Sean H. Lane_**
                                             THE HONORABLE SEAN H. LANE
                                             UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**Insurance Policies**[3]

---

[3] The Debtors expressly reserve their rights to amend, modify or supplement information provided in this Exhibit.

| Type of Policy | Named Insured[1] | Insurance Carrier(s) | Policy Start Date | Policy End Date | Policy Number(s) | Coverage Limit |
|---|---|---|---|---|---|---|
| Directors & Officers Liability | Genesis Global Holdco, LLC | Axis Insurance Company | 6/28/2022 | 8/28/2024 | P00100065881702 | $2,500,000 aggregate with the E&O Policy |
| Errors & Omissions Liability | Genesis Global Holdco, LLC | Axis Insurance Company | 6/28/2022 | 8/28/2024 | P00100065882602 | $2,500,000 aggregate with the D&O Policy |
| Excess D&O / E&O | Genesis Global Holdco, LLC | Forge Underwriting Ltd | 6/28/2022 | 8/28/2024 | B0146ERUSA2201352 | Limit: $2,500,000 excess of $2,500,000 |
| Excess D&O / E&O | Genesis Global Holdco, LLC | Starr Indemnity & Liability Company | 6/28/2022 | 8/28/2024 | 1000624040221 | Limit: $2,500,000 excess of $5,000,000 |
| Excess D&O / E&O Policy | Genesis Global Holdco, LLC | Forge Underwriting Ltd | 6/28/2022 | 8/28/2024 | B0146ERUSA2201455 | Limit: $2,500,000 excess of $7,500,000 |

---

[1] While Holdco is the named insured under the Insurance Policies, the remaining Debtors GGC and GAP are considered Insured under the policies by virtue of their status of subsidiaries of Holdco.  Non-Debtor GGT is also an insured under the Insurance Policies.