**Presentment Date:  May 30, 2024 at 11:00 a.m. (prevailing ET)**
**Objection Deadline:  May 29, 2024 at 12:00 p.m. (prevailing ET)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF REVISED PROPOSED**
**ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE**
**DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

> **PLEASE TAKE NOTICE** that, on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and certain of its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

> **PLEASE TAKE FURTHER NOTICE** that, on February 8, 2024 the Debtors filed the *Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (the "NYAG Settlement Motion") (ECF No. 1275), which attached a proposed order as Exhibit A thereto.

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider approval of the NYAG Settlement Motion commenced on February 26, 2024 and continued on February 27, 2024 and February 28, 2024 (collectively, the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that, on March 15, 2024 the Debtors filed the *Notice of Debtors' Revised Proposed Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (ECF No. 1472) (the "March 15 Proposed Order").

**PLEASE TAKE FURTHER NOTICE** that, on May 17, 2024, the Court entered a memorandum of decision approving the NYAG Settlement Motion [ECF No. 1691] (the "Memorandum Decision").

**PLEASE TAKE FURTHER NOTICE** that, in the Court's Memorandum Decision, the Court instructed the Debtors to file a revised proposed order approving the NYAG Settlement Motion on the Court's docket, with service upon counsel to DCG, CCAHG and the UST (as each term is defined in the Memorandum Decision) [ECF No. 1691 at 129].

**PLEASE TAKE FURTHER NOTICE** that the Debtors will present a revised proposed order approving the NYAG Settlement Motion (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, to the Honorable Sean H. Lane, United States Bankruptcy Judge, for approval and signature on **May 30, 2024 at 11:00 a.m. (ET)** (the "Presentment Date"). A blackline of the Revised Proposed Order against the March 15 Proposed Order is attached hereto as **Exhibit B**.  This Notice and the Revised Proposed Order have not yet been reviewed by DCG, CCAHG, or the UST.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Revised Proposed Order shall be: (a) in writing; (b) filed electronically with the Court no later than **May 29, 2024 at 12:00 p.m. (ET)** (the "Objection Deadline"); and (c) served as required by the *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 44] (the "Case Management Order") entered in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, if no written objections are timely filed and served by the Objection Deadline, the Debtors shall submit the Revised Proposed Order to the Court on the Presentment Date, which the Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Memorandum Decision, the Debtors shall serve DCG, CCAHG, and the UST with a copy of this Notice and the Revised Proposed Order five days prior to the Objection Deadline.

**PLEASE TAKE FURTHER NOTICE** that any objections timely filed and served by the Objection Deadline will be considered and addressed at the status conference to be held on **May 30, 2024 at 11:00 a.m. (prevailing ET)** before the Honorable Sean H. Lane, United States Bankruptcy Judge, in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 and, if necessary or requested by the Court, at a further status conference to be noticed by the Debtors for a future date.

2

**PLEASE TAKE FURTHER NOTICE** that parties wishing to appear or be heard at the status conference should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the status conference free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that copies of the NYAG Settlement Motion and the Revised Proposed Order, and all pleadings filed in these chapter 11 cases may be viewed and/or obtained (i) by accessing the Court's website at www.nysb.uscourts.gov or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration, located at 55 East 52nd Street, 17th Floor, New York, NY 10055, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

Dated:  May 24, 2024
        New York, New York

*/s/ Sean A. O'Neal*_____
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors and Debtors-in-Possession*

## Exhibit A

## Revised Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL

Upon the motion (the "Motion")[2] of Genesis Global Capital, LLC ("GGC") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") for entry of an order (this "Order") approving the Settlement Agreement pursuant to section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules; and upon the *Declaration of Paul Aronzon in Support of Debtors' Motion for Entry of an Order Approving a Settlement Agreement Between the Debtors and the New York State Office of the Attorney General* (the "Aronzon Declaration") attached to the Motion as **Exhibit B**; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

23-10063-shl    Doc 1703    Filed 05/24/24    Entered 05/24/24 16:25:52    Main Document
Pg 6 of 16

found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and all pleadings, exhibits, statements, and responses regarding the Motion, including any and all objections, declarations, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Cases; and the Court having held an evidentiary hearing beginning February 26, 2024 and continuing on February 27, 2024 and February 28, 2024 (the "Hearing"); and the Court having heard the statements, arguments, and objections, as applicable, made by counsel in respect of the Motion and considered all oral representations, testimony, documents, filings, and other evidence regarding the Motion; and the Court having overruled any and all objections to the Motion and all statements and reservations of rights not consensually resolved, withdrawn, or waived unless otherwise indicated herein; and the Court having rendered, on May 17, 2024, a *Memorandum of Decision* (ECF No. 1691) (the "Memorandum Decision") approving the Motion for the reasons set forth therein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their estates and having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1.      The findings and conclusions set forth herein and in the Memorandum Decision constitute the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, made applicable to this proceeding pursuant to  Bankruptcy Rule 9014.  To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

- 2 -

2.      The Debtors have demonstrated sound business judgment for entering into the Settlement Agreement.

3.      The terms of the Settlement Agreement evidence good faith, arm's-length negotiations and are fair and equitable.

4.      The settlement is  within the range of reasonableness and in the best interests of the Debtors and their estates and the creditors in this case.

5.      Based on the record before the Court, the Debtors have demonstrated good and sufficient basis for the Court to approve the Motion.

**IT IS THEREFORE ORDERED THAT**:

6.      The Motion is GRANTED to the extent set forth herein.

7.      The settlement is approved  and the Debtors are authorized to perform in accordance with the terms of the Settlement Agreement.

8.      The provisions of the Settlement Agreement are incorporated herein by reference and shall be effective and binding as though fully set forth herein.  To the extent that there is any conflict between this Order and the actual terms and conditions of the Settlement Agreement, the actual terms and conditions of the Settlement Agreement shall control.

9.      As set forth in the Settlement Agreement, the NYAG Claims against GGC, GAP and GGH are hereby ALLOWED in the aggregate amount of the NYAG Claims Amount, which shall be paid only after payment in full of all other allowed administrative expense, secured, priority, Intercompany Claims (as defined in the Chapter 11 Plan), and general unsecured claims (excluding, for the avoidance of doubt, any claims of the Other Defendants or their affiliates (other than allowed Intercompany Claims or general unsecured claims of the Debtors and their subsidiaries), any general unsecured claims of Governmental Units (as defined in the Chapter 11

- 3 -

Plan or the Amended Plan), or any subordinated claims), it being understood that payment in full of general unsecured claims shall be calculated as if any general unsecured claim based on a loan[3] or investment denominated in any type of digital asset is converted into the equivalent U.S. dollar value using the price of the applicable digital asset on the applicable distribution calculation date, or as otherwise ordered by this Court. In addition, with respect to any distributions to NYAG in the GGC Bankruptcy Case with respect to any dollar-denominated unsecured claims, the Allowed NYAG Claims in such class shall be treated as *pari passu* with any allowed claims of the Securities and Exchange Commission in such class, including with respect to any distributions to be made on account of such allowed claims.

10.    The Debtors are authorized to enter into the Settlement Agreement and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions that may be reasonably necessary or appropriate to implement the agreements, and perform all obligations contemplated thereunder.

11.    For the avoidance of doubt, nothing in this Order or the Settlement Agreement shall be deemed to limit, or have the effect of limiting, (1) the power of the Debtors (or their successors and assigns) to pursue any Retained Causes of Action (as defined in the Chapter 11 Plan) or (2) to the extent not inconsistent with the Settlement Agreement, any provision of any confirmation order entered in these Chapter 11 Cases.

12.    All objections to the Motion and other responses, comments, statements, or reservations of rights, if any, in opposition to the Motion that have not been withdrawn, waived, or otherwise resolved by the Debtors prior to entry of this Order are overruled on the merits.

---

[3]    For the avoidance of doubt, the terms "loan", "lender" and "investment" in this Motion are used solely for ease of reference and in no way reflect a determination of whether such transactions constitute, involve, or relate to the issuance, exchange, purchase, sale, promotion, negotiation, advertisement, investment advice, or distribution of securities or commodities.

13.     This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding.

14.     The terms and provisions of this Order shall be immediately effective and enforceable upon its entry.  The effectiveness of this Order shall not be stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise.

15.     The Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

16.     This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.


Dated: _____, 2024
                White Plains, New York

                                                    _____
                                                    The Honorable Sean H. Lane
                                                    United States Bankruptcy Judge

**<u>Exhibit B</u>**

**Blackline Comparison of the Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER APPROVING A SETTLEMENT AGREEMENT BETWEEN THE**
**DEBTORS AND THE NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL**

Upon the motion (the "Motion")[2] of Genesis Global Capital, LLC ("GGC") and

its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the

"Debtors") for entry of an order (this "Order") approving the Settlement Agreement pursuant to

section 105(a) of the Bankruptcy Code and Rule 9019 of the Bankruptcy Rules; and upon the

*Declaration of Paul Aronzon in Support of Debtors' Motion for Entry of an Order Approving a*

*Settlement Agreement Between the Debtors and the New York State Office of the Attorney*

*General* (the "Aronzon Declaration") attached to the Motion as **Exhibit B**; and the Court

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference* from the United States District Court for the Southern District of

New York dated January 31, 2012; and the Court having found that this is a core proceeding

pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with

Article III of the United States Constitution; and the Court having found that venue of this

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

proceeding and the Motion in this ~~d~~District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the ~~relief requested in the Motion is in the best interests of the Debtors and their estates; and the Court having found that the~~ Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion and ~~having heard the statements in support of the relief requested therein at a hearing before the Court~~all pleadings, exhibits, statements, and responses regarding the Motion, including any and all objections, declarations, statements, and reservations of rights filed by parties in interest on the docket of the Chapter 11 Cases; and the Court having held an evidentiary hearing beginning February 26, 2024 and continuing on February 27, 2024 and February 28, 2024 (the "Hearing"); and the Court having heard the statements, arguments, and objections, as applicable, made by counsel in respect of the Motion and considered all oral representations, testimony, documents, filings, and other evidence regarding the Motion; and the Court having overruled any and all objections to the Motion and all statements and reservations of rights not consensually resolved, withdrawn, or waived unless otherwise indicated herein; and the Court having rendered, on May 17, 2024, a *Memorandum of Decision* (ECF No. 1691) (the "Memorandum Decision") approving the Motion for the reasons set forth therein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors and their estates and having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and ~~all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and~~ after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The findings and conclusions set forth herein and in the Memorandum Decision constitute the Court's findings of fact and conclusions of law under Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. ~~1.~~ The Debtors have demonstrated sound business judgment for entering into the Settlement Agreement.

3. ~~2.~~ The terms of the Settlement Agreement evidence good faith, arm's-length negotiations and are fair and equitable.

4. ~~3.~~ The settlement is ~~plainly~~ within the range of reasonableness and in the best interests of the Debtors and their estates and the creditors in this case.

5. ~~4.~~ Based on the record before the Court, the Debtors have demonstrated good and sufficient basis for the Court to approve the Motion.

**IT IS THEREFORE ORDERED THAT:**

6. ~~5.~~ The Motion is GRANTED to the extent set forth herein.

7. ~~6.~~ The settlement is approved and ~~authorized and~~ the Debtors are authorized to perform in accordance with the terms of the Settlement Agreement.

8. ~~7.~~ The provisions of the Settlement Agreement are incorporated herein by reference and shall be effective and binding as though fully set forth herein. To the extent that there is any conflict between this Order and the actual terms and conditions of the Settlement Agreement, the actual terms and conditions of the Settlement Agreement shall control.

9.   8.  As set forth in the Settlement Agreement, the NYAG Claims against GGC, GAP and GGH are hereby ALLOWED in the aggregate amount of the NYAG Claims Amount, which shall be paid only after payment in full of all other allowed administrative expense, secured, priority, Intercompany Claims (as defined in the Chapter 11 Plan), and general unsecured claims (excluding, for the avoidance of doubt, any claims of the Other Defendants or their affiliates (other than allowed Intercompany Claims or general unsecured claims of the Debtors and their subsidiaries), any general unsecured claims of Governmental Units (as defined in the Chapter 11 Plan or the Amended Plan), or any subordinated claims), it being understood that payment in full of general unsecured claims shall be calculated as if any general unsecured claim based on a loan[3] or investment denominated in any type of digital asset is converted into the equivalent U.S. dollar value using the price of the applicable digital asset on the applicable distribution calculation date, or as otherwise ordered by this Court.  In addition, with respect to any distributions to NYAG in the GGC Bankruptcy Case with respect to any dollar-denominated unsecured claims, the Allowed  NYAG Claims in such class shall be treated as *pari passu* with any allowed claims of the Securities and Exchange Commission in such class, including with respect to any distributions to be made on account of such allowed claims.

10.   9.  The Debtors are authorized to enter into the Settlement Agreement and to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions that may be reasonably necessary or appropriate to implement the agreements, and perform all obligations contemplated thereunder.

---

[3]      For the avoidance of doubt, the terms "loan", "lender" and "investment" in this Motion are used solely for ease of reference and in no way reflect a determination of whether such transactions constitute, involve, or relate to the issuance, exchange, purchase, sale, promotion, negotiation, advertisement, investment advice, or distribution of securities or commodities.

11.    ~~10.~~ For the avoidance of doubt, nothing in this Order or the Settlement Agreement shall be deemed to limit, or have the effect of limiting, (1) the power of the Debtors (or their successors and assigns) to pursue any Retained Causes of Action (as defined in the Chapter 11 Plan) or (2) to the extent not inconsistent with the Settlement Agreement, any provision of any confirmation order entered in these Chapter 11 Cases.

12.    All objections to the Motion and other responses, comments, statements, or reservations of rights, if any, in opposition to the Motion that have not been withdrawn, waived, or otherwise resolved by the Debtors prior to entry of this Order are overruled on the merits.

13.    ~~11.~~ This Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtors, their estates, their creditors, successors, and assigns, and any affected third parties, notwithstanding the subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code, as to which trustee(s) this Order likewise shall be binding.

14.    ~~12.~~ The terms and provisions of this Order shall be immediately effective and enforceable upon its entry.  The effectiveness of this Order shall not be stayed pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure or otherwise.

15.    ~~13.~~ The Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order.

16.    ~~14.~~ This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
          White Plains, New York

_____
The Honorable Sean H. Lane
United States Bankruptcy Judge