**Presentment Date: May 31, 2024 at 4:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: May 30, 2024 at 4:00 p.m. (Prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF**
**THE DEBTORS' THIRD PROPOSED ORDER**
**ALLOWING CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502**

**PLEASE TAKE NOTICE** that, on January 19, 2023, Genesis Global Holdco, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, on March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**PLEASE TAKE FURTHER NOTICE** that, on April 4, 2023, the Court entered the bar date order (ECF No. 200) (the "Bar Date Order"), which, among other things, established May 22, 2023, as the general bar date by which certain creditors must have filed proofs of claim in these chapter 11 cases (the "General Bar Date").

**PLEASE TAKE FURTHER NOTICE** that on November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989, and as amended at ECF Nos. 1325 and 1392, and as may be subsequently amended, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the terms of the Plan, Claims must be Allowed[3] by Final Order of the Bankruptcy Court in order to be eligible to receive initial distributions on the Initial Distribution Date.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and their advisors have been comprehensively reviewing and reconciling all Claims, including the Claims listed in the Schedules and the Proofs of Claim filed in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that, on May 17, 2024, the Court entered the *Memorandum of Decision*, ECF No. 1691, confirming the Plan.

**PLEASE TAKE FURTHER NOTICE** that on May 24, 2024 the Debtors filed the *Notice of Presentment of the Debtors' Third Proposed Order Allowing Certain Claims Pursuant to 11 U.S.C § 502* (the "Proposed Order"), attached hereto as Exhibit A. A list of the Claims to be allowed (the "Allowed Claims") is attached to the Proposed Order as Exhibit 1.[4]

**PLEASE TAKE FURTHER NOTICE** that the Proposed Order seeks to allow the Claims listed on Exhibit 1 to the Proposed Order in the amounts and classes noted in the Schedules or in the applicable Proof of Claim.

**PLEASE TAKE FURTHER NOTICE** that, should the Court enter the Proposed Order, the Allowed Claims will be eligible to receive distributions, including on the Initial Distribution Date, pursuant to the Plan.

---

[2] Capitalized terms not defined herein have the meaning ascribed thereto in the Plan.

[3] The Plan defines "Allowed" as follows: "with reference to any Claim or Interest, except as otherwise provided herein, (i) (a) any Claim or Interest arising on or before the Effective Date that is either (x) evidenced by a Proof of Claim or Interest that is, as applicable, timely Filed by the applicable Claims Bar Date, or (y) a Claim or Interest that is listed in the Schedules as not contingent, not unliquidated, and not disputed, and for which no Proof of Claim has been timely Filed by the applicable Claims Bar Date, and (b) *as to which no objection to allowance has been interposed within the time period set forth in the Plan a*nd such Claim or Interest is not Disputed or as to which any objection has been determined by a Final Order of the Bankruptcy Court to the extent such objection is determined in favor of the respective Holder or (ii) any Claim or Interest expressly allowed under the Plan or by a Final Order of the Bankruptcy Court; *provided* that, notwithstanding the foregoing, no Claim of any Entity subject to section 502(d) of the Bankruptcy Code shall be deemed Allowed unless and until such Entity pays in full the amount that it owes to the applicable Debtor or Wind-Down Debtor; *provided further* that any setoff exercised pursuant to Article IV.B.16 of the Plan shall be taken into account when calculating the extent to which any Claim is Allowed." (emphasis added).

[4] The failure to include a Claim on Exhibit 1 to the Proposed Order should not be interpreted as meaning that the Claim will or will not be Allowed or receive distributions, including on the Initial Distribution Date.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the relief requested in the Proposed Order shall: (a) be in writing; (b) filed electronically with the Court no later than **May 30, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline"); and (c) served as required by the *Order Implementing Certain Notice and Case Management Procedures*, ECF No. 44 (the "Case Management Order") entered in these Chapter 11 Cases.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served with respect to the Proposed Order by the Objection Deadline, the Debtors shall, on or after **May 31, 2024 at 4:00 p.m. (Prevailing Eastern Time)** (the "Presentment Date"), submit to the Bankruptcy Court an order substantially in the form of Exhibit A, attached hereto, which order the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed and served by the Objection Deadline, the Debtors shall notice a hearing (the "Hearing") with respect to the Stipulation and Order, which shall be held via Zoom and attended by the Debtors and all objecting parties. Failure to attend the Hearing may result in entry of the Stipulation and Order without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order can be viewed and/or obtained by: (a) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (b) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

Dated:  May 24, 2024
        New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

3

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**THIRD ORDER ALLOWING CERTAIN**
**CLAIMS PURSUANT TO 11 U.S.C. § 502**

Upon the *Notice of Presentment of the Debtors' Second Proposed Order Allowing Certain Claims Pursuant To 11 U.S.C. § 502*[2] (the "Notice of Presentment") of Genesis Global Holdco, LLC and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), for entry of an order (this "Order") allowing the Claims listed on Exhibit 1 attached hereto; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]   All capitalized terms used and not defined herein shall have the meanings ascribed to them in the Notice of Presentment.

Southern District of New York, dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Notice of Presentment in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Notice of Presentment is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and the Court having found that the Debtors' notice of the Notice of Presentment and opportunity for a hearing on the Notice of Presentment was appropriate and no other notice need be provided; and the Court having reviewed the Notice of Presentment and the relief requested therein; and the Court having determined that the legal and factual bases set forth in the Notice of Presentment establish just cause for the relief granted herein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. In respect of and in full and final satisfaction of the relevant Claims on Exhibit 1, each of the Claims identified on Exhibit 1 is hereby allowed (i) in the amount and claim class identified on Exhibit 1, and (ii) against the Debtor reflected in the "Debtor" column corresponding to such Claim on Exhibit 1.

2. Any appeal and/or stay of this Order pending appeal by any claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order.

3. For the avoidance of doubt, nothing in this Order shall govern, limit, alter or determine, for purposes of distributions, allocation of distributable value, or methods of distribution pursuant to a chapter 11 plan, the treatment, valuation, and/or denomination of any claims (including claims allowed pursuant to this Order). For the avoidance of doubt, all claims, whether allowed by this Order or otherwise, will be subject to, and treated in accordance with, the

terms of a confirmed chapter 11 plan (including any distribution methodology and mechanics contained therein).

4. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, and (ii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

5. The Debtors' claims agent, Kroll Restructuring Administration LLC, and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Order.

6. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Notice of Presentment or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
New York, New York

                                                HONORABLE SEAN H. LANE
                                                UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Allowed Claims

**Genesis Global Holdco, LLC**
**Allowed Claims**

| Ref | Name of Claimant | Case Number | Claim Number | Debtor | Total In-Kind Amount |
|---|---|---|---|---|---|
| 1 | NAME REDACTED | 23-10064 | 248 | Genesis Global Capital, LLC | BTC 0.00774235 |
| 2 | NAME REDACTED | 23-10064 | 1060 | Genesis Global Capital, LLC | BTC 7.28732043518789<br>USD 1,214,222.77560461 |
| 3 | NAME REDACTED | 23-10064 | GGC_3.1.0033 | Genesis Global Capital, LLC | USD 2,109,251.3673918 |
| 4 | NAME REDACTED | 23-10064 | GGC_3.1.0089 | Genesis Global Capital, LLC | BTC 2,192.16483456652<br>USD 366,104.90625 |