**Hearing Date and Time: June 25, 2024 at 11:00 A.M. (ET)**
**Objection Deadline: June 14, 2024 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

---

**THIS OBJECTION SEEKS TO DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR TIMOTHY WOLFE, ESQ.,
TWOLFE@CGSH.COM**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' THIRTY-THIRD
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (SATISFIED)**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

PLEASE TAKE NOTICE that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

PLEASE TAKE FURTHER NOTICE that on May 24, 2024, the Debtors filed the *Debtors' Thirty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied)* (the "Thirty-Third Omnibus Objection"). A hearing (the "Hearing") on the Thirty-Third Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order") and the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498, the "Claims Objection Procedures Order"). The Hearing will commence on **June 25, 2024, at 11:00 A.M. (Prevailing Eastern Time)**, and will be conducted through Zoom for government. Pursuant to the Claims Objection Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. *See* Claims Objection Procedures Order at 3.

PLEASE TAKE FURTHER NOTICE that parties wishing to register for the Zoom Hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

PLEASE TAKE FURTHER NOTICE that any objections or responses ("Responses"), if any, to the Thirty-Third Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **June 14, 2024, at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.[2]

PLEASE TAKE FURTHER NOTICE that if no Responses are timely filed and served with respect to the Thirty-Third Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A** to the Thirty-Third Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE copies of the Thirty-Third Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at

---

[2]    See paragraph 20 of the Thirty-Third Omnibus Objection regarding submission of Responses written and signed by a claimant themselves rather than by an attorney on behalf of the claimant.

www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

       **PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Thirty-Third Omnibus Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

       **PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Thirty-Third Omnibus Objection, or if you want the Court to hear your position on the Thirty-Third Omnibus Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Thirty-Third Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:     May 24, 2024
           New York, New York

     */s/ Luke A. Barefoot*
     Sean A. O'Neal
     Luke A. Barefoot
     Jane VanLare
     Thomas S. Kessler
     CLEARY GOTTLIEB STEEN &
     HAMILTON LLP
     One Liberty Plaza
     New York, New York 10006
     Telephone: (212) 225-2000
     Facsimile: (212) 225-3999

     *Counsel to the Debtors*
     *and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' THIRTY-THIRD OMNIBUS OBJECTION
(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT
TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (SATISFIED)**

**TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "THIRTY-THIRD OMNIBUS OBJECTION" OR "OBJECTION"):**

- **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBIT 1 TO THE PROPOSED ORDER.**

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS.**

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those certain claims listed on Exhibit 1 to the proposed order (the "Satisfied Claims"), substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498, the "Claims Objection Procedures Order") and seek entry of the Proposed Order disallowing and expunging the Satisfied Claims. In support of this Objection, the Debtors submit the *Declaration of Daniel Horowitz in Support of the Debtors' Thirty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied)* (the "Horowitz Declaration"), attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory

bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy

Rule 3007.

## BACKGROUND

### A.    Debtors' Business and Procedural History

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries,

the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide

lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat

currency.  The Debtors engage in lending, borrowing and certain trading services, while the non-

Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services.

Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc.  Additional

information regarding the Debtors' business, capital structure and the circumstances leading to the

commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support*

*of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration*

*of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule*

*1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and*

*Applications in Compliance with Local Rule 1007-2* (ECF No. 28, together, the "First Day

Declarations").[2]

3.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in
the First Day Declarations.

The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4.    On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144, the "Schedules" and "Statements," respectively).

5.    On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200, the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

6.    The General Bar Date passed on May 22, 2023.  As of May 20, 2024, 1,651 proofs of claim have been filed against the Debtors.

**B.    The Claims Resolution Process**

7.    In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

8.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328, the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581, the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694, the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors.  The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents).  The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

9.      The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance.  To reduce the number of Claims, and to avoid improper recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of the Debtors' upcoming solicitation, the Debtors will continue to file omnibus objections to such categories of claims if and where warranted.  This Objection is one such omnibus objection.

10.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007.  The Debtors submit that this Objection and the notice provided to the Claimants in connection herewith are

consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

## RELIEF REQUESTED

11.    For the reasons set forth below, the Debtors object to each of the Satisfied Claims on the basis that they are not liable for such Claims because the Claims have already been satisfied by the Debtors or their non-Debtor subsidiaries subsequent to the Petition Date.  If the Satisfied Claims are not disallowed, the Claimants subject to this objection may obtain improper recovery for the alleged liability.

## BASIS FOR RELIEF

12.    Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Bankruptcy Rule 3007(d) and the Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim on non-substantive bases, including because such claims "[have] been satisfied in full by a Debtor or a party that is not a Debtor or has otherwise been satisfied during or prior to the pendency of the Chapter 11 Cases."  Claims Objection Procedures Order at ¶ 1(a)(x).

13.    Courts in this District have routinely disallowed and expunged claims against a debtor that have been satisfied in whole by the debtor.  *See, e.g.*, *In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. Dec. 13, 2021) (ECF No. 3801) (disallowing and expunging satisfied claims); *In re Westinghouse Electric Co. LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. Sept. 18, 2019) (ECF No. 4444) (same); *In re AOG Ent., Inc.*, Case No. 16-11090 (SMB) (Bankr. S.D.N.Y July 17, 2017) (ECF No. 623) (same).  This Court has also previously disallowed and expunged Claims in these Chapter 11 Cases on this basis.  *See Order Granting Debtors'*

*Twenty-Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. §
502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1599) (disallowing and expunging among
other claims, claims filed by former employees satisfied pursuant to certain contractual agreements
between the parties).

### OBJECTION

14.     The Debtors object to each of the Claims identified on <u>Exhibit 1</u> to the Proposed
Order (collectively, the "<u>Satisfied Claims</u>"), incorporated herein by reference, and respectfully
request that the Satisfied Claims be disallowed in full.

15.     The Debtors and/or their advisors have reviewed each of the Satisfied Claims.  Each
of the Satisfied Claims were listed on the Debtors' Schedules, and no Proof of Claim was filed by
the Claimants.  Based on this review, the Debtors have determined that no liability exists with
respect to each of the Satisfied Claims because the liabilities listed on the Debtors' Schedules were
paid in full by the Debtors or their non-Debtor subsidiaries during the pendency of the Debtors'
Chapter 11 Cases.  Specifically, all but one of the Satisfied Claims were paid in full by the Debtors
pursuant to the authority provided by *Final Order (I) Authorizing, But Not Directing, the Debtors
to Pay Certain Prepetition Claims of Critical Vendors and Foreign Vendors, (II) Authorizing and
Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such
Claims, and (III) Granting Related Relief* (ECF No. 98).[3]  *See also* Horowitz Decl. ¶ 4.

16.     As there are no outstanding amounts owed on account of the Satisfied Claims, the
Debtors have no liability for such Claims and seek entry of the Proposed Order disallowing and
expunging each of the Satisfied Claims in its entirety.  Doing so will ensure the Claims Register

---

[3]      The Debtors have determined, after consultation with their advisors, that one of the Satisfied Claims—
Scheduled Claim 3.1.0626—was fully satisfied by non-Debtor Genesis Global Capital International Ltd. on
or around May 12, 2023.  *See* Horowitz Decl. ¶ 4.

is accurate and does not overstate the Debtors' liabilities, and will avoid the possibility of multiple recoveries on account of already-satisfied liabilities.

## SEPARATE CONTESTED MATTERS

17.    To the extent that a response is filed regarding any Claim listed in this Objection and the Debtors are unable to resolve the response, such Claim and the objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each Claim.

## RESPONSES TO OMNIBUS OBJECTION

18.    To contest this Objection, a Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 p.m. (prevailing Eastern Time) on June 14, 2024 (the "Response Deadline")**.  Every Response must be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the "Docket") and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., Jane VanLare, Esq., and Thomas S. Kessler, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, jvanlare@cgsh.com, and tkessler@cgsh.com
>
> -and-
>
> Genesis Global Holdco, LLC
> 175 Greenwich St., 38th Fl.
> New York, NY 10007
> Attn: Andrew Sullivan
> asullivan@Genesistrading.com

-and-

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Attn: Philip Abelson, Esq.
philip.abelson@whitecase.com

-and-

Bankruptcy Court of the Southern District of New York
Chambers of Judge Sean H. Lane
300 Quarropas Street
White Plains, NY 10610
Attn: Chambers of Judge Sean H. Lane

19.     Every Response to this Objection must contain, at a minimum, the following information:

a.      A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.      The name of the Claimant and description of the basis for the Claim;

c.      The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d.      A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection

e.      Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);

f.      The address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in your Proof of Claim; and

20.     The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.  Additionally, where a Claimant sends the Court a written Response that is not signed by an attorney, and the Claimant does not file the Response on the docket, the Claimant

**must** include with its Response a completed Court Communication Form (as defined, and in accordance with the requirements set forth, in the *Notice of Protocol for Written Communications to the Bankruptcy Court by Creditors*, ECF No. 1094, the "Written Communications Protocol") authorizing the Court to file the Response on the Court docket and acknowledging that the Claimant's name and any contact information included in the Response as well as in the Court Communication Form will be publicly available.  The Court Communication Form is attached as Exhibit A to the Written Communications Protocol.  **Failure to include a completed Court Communication Form or to consent to this acknowledgement will result in the Response not being filed on the docket or considered by the Court.**  Written Communications Protocol at 2.

21.    If a Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the Satisfied Claim, without further notice to the Claimant or a hearing.

## REPLIES TO RESPONSES

22.    The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

23.    The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

24.    The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the

Debtors reserve the right to object to each of the Claims on any other grounds that the Debtors discover or elect to pursue. This Objection sets out non-substantive objections to each of the Satisfied Claims identified on <u>Exhibit 1</u> to the Proposed Order. The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the Claims set forth on <u>Exhibit 1</u> at a later time, to the extent consistent with the Claims Objection Procedures Order.

25.  Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code Section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

## NOTICE

26.  The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "<u>Case Management Order</u>"). The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

27.  No prior request for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left blank intentionally.]*

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order substantially in the form attached hereto as Exhibit A disallowing in full each of the Claims listed on Exhibit 1 attached thereto and (ii) grant such other and further relief as is just and proper.

Dated:    May 24, 2024
      New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER GRANTING
### DEBTORS' THIRTY-THIRD OMNIBUS
### OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
### PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (SATISFIED)

Upon the *Debtors' Thirty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting an order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging in full each of the Satisfied Claims identified on Exhibit 1 attached hereto; and upon the *Declaration of Daniel Horowitz in Support of the Debtors' Thirty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      The Objection is GRANTED with respect to each of the Satisfied Claims identified on Exhibit 1 attached hereto.

2.      Each of the Satisfied Claims identified on Exhibit 1 is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.      This Order shall be deemed a separate Order with respect to each of the Satisfied Claims identified on Exhibit 1.  Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

5.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or the Official Committee of Unsecured Creditors under the Bankruptcy Code or any other applicable law.

6.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated:_____, 2024
        White Plains, New York

_____

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**
**Satisfied Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirty-Third Omnibus Objection**
**Exhibit 1 - Satisfied Claims**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 1 | NAME REDACTED ADDRESS REDACTED | GGC_3.02 | Genesis Global Capital, LLC | 03/20/23 | USD 612.9 |
| | *Reason: Claim satisfied in full via payment on 03/31/2023.* | | | | |
| 2 | NAME REDACTED ADDRESS REDACTED | GGC_3.03 | Genesis Global Capital, LLC | 03/20/23 | USD 31,563.52 |
| | *Reason: Claim satisfied in full via payment on 03/31/2023.* | | | | |
| 3 | NAME REDACTED ADDRESS REDACTED | GAP_3.03 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 03/20/23 | USD 18,720.49 |
| | *Reason: Claim satisfied in full via payment on 04/30/2023.* | | | | |
| 4 | NAME REDACTED ADDRESS REDACTED | GAP_3.07 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 03/20/23 | USD 713.57 |
| | *Reason: Claim satisfied in full via payment on 03/31/2023.* | | | | |
| 5 | NAME REDACTED ADDRESS REDACTED | GGC_3.07 | Genesis Global Capital, LLC | 03/20/23 | USD 1,007.26 |
| | *Reason: Claim satisfied in full via payment on 03/31/2023.* | | | | |
| 6 | NAME REDACTED ADDRESS REDACTED | GAP_3.1 | Genesis Asia Pacific Pte. Ltd. (Singapore) | 03/20/23 | USD 1,949.4 |
| | *Reason: Claim satisfied in full via payment on 03/31/2023.* | | | | |
| 7 | NAME REDACTED ADDRESS REDACTED | GGC_3.1.0626 | Genesis Global Capital, LLC | 03/20/23 | ADA 10,361,793.9699763 |
| | *Reason: Claim satisfied in full via payment on 05/12/2023.* | | | | |

## **EXHIBIT B**

**Horowitz Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

## DECLARATION OF
## DANIEL HOROWITZ IN SUPPORT OF THE DEBTORS'
## THIRTY-THIRD OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN
## CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (SATISFIED)

I, Daniel Horowitz, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

## BACKGROUND

1.      I am a Managing Director at Genesis Global Capital, LLC, one of the Debtors in the above-captioned Chapter 11 Cases. I am generally familiar with the day-to-day operations and affairs of the Debtors.

2.      In my capacity as Managing Director, I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Thirty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Satisfied)* (the "Objection"),[2] which is being filed simultaneously herewith.

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' business practices, or information supplied to me by

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms not otherwise defined herein shall have the meanings given to them in the Objection.

other members of the Debtors' management, other personnel and professional advisors regarding the Debtors' business practices, or my opinion based on my experience, knowledge and information concerning the Debtors' business practices.  To the extent that the Debtors learn that any information provided herein is materially inaccurate, the Debtors will act promptly to notify the Court and other parties; however, I believe all information herein to be true to the best of my knowledge, information and belief.  I am authorized to submit this Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

## FACTUAL BASIS OF OBJECTION

4.      I, or one or more of the Debtors' employees or advisors operating under my supervision and/or at my direction, have reviewed each of the Claims identified on Exhibit 1 to the Proposed Order (the "Satisfied Claims") and the facts and circumstances set forth in the Objection regarding such Satisfied Claims.  Based upon this review, we have determined that each of the Satisfied Claims was satisfied in full by the Debtors or their non-Debtor subsidiaries.  All but one of the Satisfied Claims were paid in full by the Debtors pursuant to the authority provided by the Court's *Final Order (I) Authorizing, But Not Directing, the Debtors to Pay Certain Prepetition Claims of Critical Vendors and Foreign Vendors, (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Claims, and (III) Granting Related Relief* (ECF No. 98).[3]

5.      I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief.

---

[3]      The Debtors have determined, after consultation with their advisors, that one of the Satisfied Claims—Scheduled Claim 3.1.0626—was fully satisfied by non-Debtor Genesis Global Capital International Ltd. on or around May 12, 2023.

***

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on May 24, 2024

_/s/ Daniel Horowitz_
Daniel Horowitz