**Hearing Date and Time: June 25, 2024 at 11:00 A.M. (ET)**
**Objection Deadline: June 14, 2024 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

---

**THIS OBJECTION SEEKS TO MODIFY
CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR TIM WOLFE, ESQ.,
TWOLFE@CGSH.COM**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

## NOTICE OF HEARING ON DEBTORS' THIRTY-FOURTH
## OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
## PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY)

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on November 29, 2023 the Debtors filed the *Debtors' Thirty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify)* (the "Thirty-Fourth Omnibus Objection"). A hearing (the "Hearing") on the Thirty-Fourth Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **June 25, 2024, at 11:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order at 3.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Thirty-Fourth Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **June 14, 2024, at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.[3]

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Thirty-Fourth Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as

---

[2]      Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

[3]      See paragraph 26 of the Thirty-Fourth Omnibus Objection regarding submission of Responses written and signed by a claimant themselves rather than by an attorney on behalf of the claimant.

**Exhibit A** to the Thirty-Fourth Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE copies of the Thirty-Fourth Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

PLEASE TAKE FURTHER NOTICE that the Hearing may affect your rights. Please read the Thirty-Fourth Omnibus Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

PLEASE TAKE FURTHER NOTICE that if you oppose the relief requested in the Thirty-Fourth Omnibus Objection, or if you want the Court to hear your position on the Thirty-Fourth Omnibus Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Thirty-Fourth Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:   May 24, 2024
         New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' THIRTY-FOURTH OMNIBUS**
**OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS**
**PURSUANT TO 11 U.S.C. § 502  AND FED. R. BANKR. P. 3007 (MODIFY)**

      **TO  THE  CLAIMANTS  WHOSE  CLAIMS  ARE  OBJECTED  TO  BY  THIS OBJECTION (THE "THIRTY-FOURTH OMNIBUS OBJECTION" OR "OBJECTION"):**

- **THIS  OBJECTION  SEEKS  TO  MODIFY  CERTAIN  FILED  PROOFS  OF CLAIM.**

- **YOU  SHOULD  LOCATE  YOUR  CLAIM(S)  ON  EXHIBIT  1  TO  THE PROPOSED ORDER.**

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. YOUR CLAIM(S) MAY BE MODIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those claims listed on Exhibit 1 (the "Disputed Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Objection Procedures Order") and seek entry of the Proposed Order modifying the Disputed Claims as set forth herein. In support of this Objection, the Debtors submit the *Declaration of Timothy Wolfe in Support of the Debtors' Thirty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify)* (the "Wolfe Declaration"), attached hereto as Exhibit B and incorporated by reference, and the *Declaration of Andrew Sullivan in Support of the Debtors' Thirty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify)* (the "Sullivan Declaration"), attached hereto as Exhibit C and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1.    The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## BACKGROUND

**A.    Debtors' Business and Procedural History**

2.    Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engaged in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc.  Holdco, in turn, wholly owns Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd..  The Company's lending and borrowing service was offered primarily through these two entities that served different geographies.

3.    GGC is a private limited liability company organized under the laws of Delaware that provides lending and borrow services for digital assets and fiat currency primarily to and from institutional and high net worth individual customers.  As parts of its operations, GGC borrowed assets as part of Gemini Earn, an investment program offered to Gemini Trust Company, LLC ("Gemini") users who custodied their digital assets on Gemini's cryptocurrency program (the

"Gemini Earn Program").  Under the Gemini Earn Program, participants (the "Earn Users") could choose to loan the digital assets they placed with Gemini to GGC in return for a fee, with Gemini acting as custodian and agent to the Earn Users in certain respects.

4.      Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) (the "Islim Declaration") and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (the "Leto Declaration," and together with the Islim Declaration, the "First Day Declarations").[2]

5.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

6.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

7.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

8.      The General Bar Date passed on May 22, 2023.  As of May 20, 2024, 1,651 proofs of claim have been filed against the Debtors.

9.      On May 17, 2024, the Court issued its *Memorandum of Decision* (ECF No. 1691), confirming the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 1392) (the "Plan") and directing the Debtors to settle an order on five days' notice.

**B.      The Claims Resolution Process**

10.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

11.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328) (the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581) (the "Redaction Decision"), and the *Order*

5

*Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694) (the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors. The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents). The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

12.     The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance. To reduce the number of Claims, and to avoid possible double recovery or otherwise improper recovery by Claimants, as well as unnecessary duplication or noise in the voting pool in respect of the Debtors' upcoming solicitation, the Debtors will continue to file omnibus objections to such categories of claims if and where warranted. This Objection is one such omnibus objection.

13.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors submit that this Objection and the notice provided to the Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

**RELIEF REQUESTED**

14.     The Debtors and/or their advisors have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, and each of the Disputed Claims. Based on this review, the Debtors have determined that each of the Disputed Claims is subject to modification on the basis that it has been asserted against an incorrect Debtor entity. By this Objection, the

Debtors respectfully request that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, modifying the Disputed Claims as set forth herein.

**BASIS FOR RELIEF**

15.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019).   Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *See id*.  A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.*  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.*  The burden of persuasion is always on the claimant. *Id.*

16.     Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Bankruptcy Rule 3007(d) and the Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim on non-substantive bases, such as because such claims "duplicate other claims" (Fed. R. Bankr. P. 3007(d)(1)), are "inconsistent with or contradict[] the Debtors' books and records[,]" "fail[] to sufficiently specify the basis for the claim[,]" or "assert[] amounts inconsistent with the terms of the applicable master lending agreement with such claimant."  Claims Objection Procedures Order ¶ 1(a)(i), (v), (xv).

17.     Pursuant to the Claims Objections Procedures Order, the Debtors are permitted to file an omnibus objection to Claims that are "filed against the incorrect Debtor, a non-debtor, or

[are] improperly filed against multiple Debtors." Claims Objection Procedures Order, ¶ 1(a)(viii). Doing so will ensure that the Claims Register is accurate and consistent with the Debtors' Schedules and Books and Records. Failure to do so could result in improper or unwarranted creditor recoveries. For these reasons, courts in this district have granted similar relief. *See, e.g.*, Order, *In re LATAM Airlines Group S.A., et al.,* Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. September 27, 2021) (ECF No. 3234) (modifying claims to identify correct debtor); Order, *In re Windstream Finance, Corp., et al.,* Case No. 19-22397 (RDD) (Bankr. S.D.N.Y. June 17, 2021) (ECF No. 130) (same).

## **OBJECTION**

18.     The Debtors and/or their advisors have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, and each of the Disputed Claims. *See* Ex. C, Sullivan Decl., ¶ 3. Through this review, the Debtors have determined that the Disputed Claims identified in Exhibit 1 to the Proposed Order were incorrectly asserted against Holdco where, to the extent any liability exists, it should be asserted against a different Debtor. *See* Ex. C, Sullivan Decl., ¶¶ 7.

19.     Because none of the Disputed Claims provided any evidence to support their asserted liability against Holdco, the Disputed Claims fail to meet the standard for prima facie validity. Further, the Debtors have reviewed the Disputed Claims and their Books and Records and have found no basis for the asserted liabilities against Holdco.

20.     Moreover, such liabilities could not properly have been asserted against Holdco. One of the Disputed Claims, claim number 115 ("Claim No. 115"), attached as Exhibit 1 to the Wolfe Declaration, asserts liability against Holdco for liabilities related to the Gemini Earn Program. *See* Ex. B, Wolfe Decl., ¶ 3. As a holding company, Holdco was not involved in the

Gemini Earn Program, which was conducted solely with GGC, and therefore there can be no basis for any Gemini Earn Program-related claims against Holdco.  *See* Ex. C, Sullivan Decl., ¶ 6.

21.    The other Disputed Claim, claim number 224 ("Claim No. 224"), attached as Exhibit 2 to the Wolfe Declaration, alleges amounts owed to the respective Claimants as a result of loans of digital assets to the Debtors.  However, with respect to the Disputed Claims, Holdco did not participate in the borrowing or lending of digital assets.  *See* Ex. C, Sullivan Decl., ¶ 5. Lending of digital assets was instead conducted by GGC.  *See* Islim Decl. ¶¶ 9, 19.  Therefore, again, the alleged liabilities could not have been properly brought against Holdco, nor has the claimant offered any evidence of any connection with respect to the bases of their Disputed Claims to Holdco, as stated above.  Moreover, the Debtors had originally scheduled a claim for the holder of Claim No. 224 in their Schedules against GGC, which was superseded by the filed claim against Holdco.  *See* Ex. B, Wolfe Decl., ¶ 4.

22.    The Debtors accordingly object to the Disputed Claims on the basis that they have been asserted against the incorrect Debtor.  To the extent there is any liability for the Disputed Claims, as to which the Debtors reserve all rights to further object, such liability, if any, could only lie against GGC, not Holdco.   Accordingly, the Debtors respectfully request that  the Disputed Claims identified in Exhibit 1 to the Proposed Order be modified to reflect that they are asserted against GGC, as identified in Exhibit 1.  *See* Ex. B, Sullivan Decl., ¶ 7 .  For the avoidance of doubt, again, the Debtors reserve their rights to object to the as-modified claims as against GGC at a later date on any and all bases.

## SEPARATE CONTESTED MATTERS

23.    To the extent that a response is filed regarding any Disputed Claim listed in this Objection and the Debtors are unable to resolve the response, such Disputed Claim and the

Objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each Disputed Claim.

## RESPONSES TO OMNIBUS OBJECTION

24.    To contest this Objection, a Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 p.m.** (prevailing Eastern Time) on **June 14, 2024**  (the "Response Deadline").  Every Response must be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the "Docket") and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., Jane VanLare, Esq. and Thomas S. Kessler, Esq.
soneal@cgsh.com, lbarefoot@cgsh.com, jvanlare@cgsh.com, and tkessler@cgsh.com

-and-

Genesis Global Holdco, LLC
175 Greenwich St., 38th Fl.
New York, NY 10007
Attn: Andrew Sullivan
Asullivan@Genesistrading.com

-and-

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Attn: Philip Abelson, Esq.
philip.abelson@whitecase.com

-and-

Bankruptcy Court of the Southern District of New York
Chambers of Judge Sean H. Lane
300 Quarropas Street
White Plains, NY 10610
Attn: Chambers of Judge Sean H. Lane

25.     Every Response to this Objection must contain, at minimum, the following
information:

a.      A caption identifying the name of the Bankruptcy Court, the names
of the Debtors, the case number and the title of the Objection to which the
Response is directed;

b.      The name of the Claimant and description of the basis for the Claim;

c.      The specific factual basis and supporting legal argument upon which
the party will rely in opposing this Objection;

d.      A short statement describing the reasons for which the Claim should
not be disallowed as set forth in the Objection

e.      Additional documentation or other evidence upon which the
Claimant relies in opposing the Objection (if it was not included with the Proof
of Claim previously filed with the Court);

f.      The address(es) to which the Debtors must return any reply to the
Response, if different from that presented in the Claimant's Proof of Claim; and

g.      The name, address, and telephone number of the person (which may
be the Claimant or its legal representative) holding ultimate authority to resolve
the Claim on the Claimant's behalf.

26.     Additionally, where a Claimant sends the Court a written Response that is not

signed by an attorney, and the Claimant does not file the Response on the docket, the Claimant

must include with its Response a completed Court Communication Form (as defined, and in

accordance with the requirements set forth, in the *Notice of Protocol for Written Communications

to the Bankruptcy Court by Creditors*, ECF No. 1094 (the "Written Communications Protocol"))

authorizing the Court to file the Response on the Court docket and acknowledging that the

Claimant's name and any contact information included in the Response as well as in the Court

Communication Form will be publicly available.  The Court Communication Form is attached as

Exhibit A to the Written Communications Protocol.  **Failure to include a completed Court**

**Communications Form or to consent to this acknowledgement will result in the Response not**

**being filed on the docket or considered by the Court.**  Written Communications Protocol at 2.

27.     If a Claimant fails to file and serve a timely Response by the Response Deadline,

the Debtors may present to the Court an appropriate order disallowing or modifying the Disputed

Claim, without further notice to the Claimant or a hearing.

## REPLIES TO RESPONSES

28.     The Debtors may, at their option, file and serve a reply to any Response no later

than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

29.     The Debtors reserve the right to adjourn the Hearing on any Responses to this

Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice

of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving

the person designated in the Response.

## RESERVATION OF RIGHTS

30.     The Debtors expressly reserve the right to amend, modify or supplement this

Objection.  The Debtors reserve the right to object to each of the Disputed Claims on any other

grounds that the Debtors discover or elect to pursue at a later date.  This Objection sets out non-

substantive objections to each of the Disputed Claims identified in Exhibit 1 to the Proposed Order.

The Debtors reserve their right to assert other non-substantive objections and/or one or more

substantive objections to the Disputed Claims set forth on Exhibit 1 at a later time, to the extent

consistent with the Claims Objection Procedures Order.

31.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

## NOTICE

32.     The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

33.     No prior request for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left blank intentionally]*

13

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request

that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just

and proper.

Dated:    May 24, 2024                    */s/ Luke A. Barefoot*
          New York, New York             Sean A. O'Neal
                                         Luke A. Barefoot
                                         Jane VanLare
                                         Thomas S. Kessler
                                         CLEARY GOTTLIEB STEEN &
                                         HAMILTON LLP
                                         One Liberty Plaza
                                         New York, New York 10006
                                         Telephone: (212) 225-2000
                                         Facsimile: (212) 225-3999

                                         *Counsel to the Debtors*
                                         *and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER GRANTING DEBTORS'
### THIRTY-FOURTH OMNIBUS OBJECTION
### (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
### PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY)

Upon the *Debtors' Thirty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order (the "Order") pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 modifying each of the Disputed Claims identified on Exhibit 1 attached hereto; and upon the *Declaration of Timothy Wolfe in Support of Debtors' Thirty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify)*, attached to the Objection as Exhibit B; and the *Declaration of Andrew Sullivan in Support of the Debtors' Thirty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify)* (the "Sullivan Declaration"), attached to the Objection as Exhibit C, and upon all other documentation filed in connection with the Objection and the Disputed Claims; and

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]     Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the Disputed Claims identified on <u>Exhibit 1</u> attached hereto.

2.      Each of the Disputed Claims identified in <u>Exhibit 1</u> is hereby modified to be asserted against the correct Debtor identified in <u>Exhibit 1</u>.  The Debtors' right to further object to the Disputed Claims on substantive or non-substantive grounds is expressly preserved.

3.      For the avoidance of doubt, nothing in this Order shall govern or determine the method or currency of any distribution on any claim, which will be determined pursuant to the Plan and the Distribution Principles, as defined therein.

4.      This Order shall be deemed a separate Order with respect to each of the Disputed Claims identified on <u>Exhibit 1</u>.  Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

6.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors (the "<u>Committee</u>") to dispute any Claim, including the Disputed Claims, against any Debtor on any grounds whatsoever at a later

date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the

rights of the Debtors and/or the Committee under the Bankruptcy Code or any other applicable

law.

7.      This Court shall retain jurisdiction over any and all issues arising from or related to

the implementation and interpretation of this Order.


Dated: _____, 2024
        White Plains, New York

                                        _____
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT B</u>**

**Wolfe Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF TIMOTHY WOLFE
### IN SUPPORT OF DEBTORS' THIRTY-FOURTH OMNIBUS
### OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
### PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY)

I, Timothy Wolfe, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

### BACKGROUND

1.      I am an associate at the law firm Cleary Gottlieb Steen & Hamilton LLP, counsel to the Debtors in the above-captioned chapter 11 case.

2.      I am authorized to submit this declaration in support of the *Debtor's Thirty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify)* (the "Objection").[2]

3.      I am familiar with and have reviewed the Debtors' Schedules and the Proofs of Claim subject to the Objection.  All facts set forth herein are based on my personal knowledge, my review or the review of employees of or advisors to the Debtors of the Claims and other relevant documents or information provided by the Debtors' employees and advisors.  If I were called upon

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees or advisors of the Debtors, personally reviewed the Disputed Claims identified on Exhibit 1 to the Proposed Order as part of the claims reconciliations process in these Chapter 11 Cases.

## FACTUAL BASIS OF OBJECTION

1.     Either I or one or more of the Debtors' employees or advisors have reviewed the Claims Register, the Schedules, and each of the Disputed Claims identified on Exhibit 1 to the Proposed Order and the facts and circumstances set forth in the Objection regarding such Claims.

2.     Based on such review, we have determined that the Disputed Claims identified in Exhibit 1 to the Proposed Order were asserted against Holdco.

3.     We have determined that claim number 115 ("Claim No. 115"), attached hereto as Exhibit 1, asserts liability against Holdco for liabilities related to the Gemini Earn Program.

4.     We have determined that claim number 224 ("Claim No. 224"), attached hereto as Exhibit 2, is based on loaned amounts to GGC and includes no supporting documentation to connect the purported bases for the liability to Holdco. We have additionally determined that the Debtors had scheduled a liability on behalf of the holder of Claim No. 224 against GGC that was superseded by the filed claim against Holdco.

5.     I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the Disputed Claims identified on Exhibit 1 to the Proposed Order should be modified to be asserted against GGC rather than Holdco, as reflected in Exhibit 1 to the Proposed Order.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information and belief.


Executed on May 24, 2024              _/s/ Timothy Wolfe_____
                                                      Timothy Wolfe

**<u>EXHIBIT 1</u>**

**Claim Number 115**

[**Redacted for PII**]

## **EXHIBIT 2**

**Claim Number 224**

[**Redacted for PII**]

## **EXHIBIT C**

**Sullivan Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF ANDREW SULLIVAN IN SUPPORT OF DEBTORS' THIRTY-FOURTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY)

I, Andrew Sullivan, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

### BACKGROUND

1. I am the General Counsel for the Debtors.  I am generally familiar with the day-to-day operations and affairs of the Debtors.

2. I submit this declaration (the "Declaration") in support of the *Debtors' Thirty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify)* (the "Objection"),[2] which is being filed simultaneously herewith.

3. I am familiar with the Company's day-to-day operations, business affairs and Books and Records.  Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' business practices, or information supplied to me by members of the Debtors' management, other personnel and professional advisors regarding

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Objection.

the Debtors' business practices, or my opinion based on my experience, knowledge and information concerning the Debtors' business practices.  To the extent that the Debtors learn that any information provided herein is materially inaccurate, the Debtors will act promptly to notify the Court and other parties; however, I believe all information herein to be true to the best of my knowledge, information and belief.  I am authorized to submit this Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

### **FACTUAL BASIS OF OBJECTION**

4.      I, or one or more of the Debtors' employees or advisors operating under my supervision and/or at my direction, have reviewed each of the Claims identified on Exhibit 1 to the Proposed Order (the "Disputed Claims") and the facts and circumstances set forth in the Objection regarding such Disputed Claims.

5.      With respect to the Disputed Claims, Genesis Global Holdco, LLC ("Holdco") conducted no lending or borrowing service or other business operations that could have given rise to the liabilities asserted in the Disputed Claims.

6.      Holdco had no part in the Gemini Earn Program, as the Gemini Earn Program was solely conducted with Genesis Global Capital, LLC ("GGC").

7.      Accordingly, we have determined that any asserted liability, to the extent such liability exists, reflected in the Disputed Claims should be properly asserted only against GGC.

8.      I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the Disputed Claims identified on Exhibit 1 to the Proposed Order should be modified as proposed.

***

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.


Executed on May 24, 2024


/s/ Andrew Sullivan
Andrew Sullivan