**Hearing Date and Time: June 25, 2024 at 11:00 AM (ET)**
**Response Deadline: June 14, 2024 at 4:00 PM (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS'**
**OBJECTION (NON-SUBSTANTIVE) TO CLAIM NO. 1559**
**PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on May 24, 2024 the Debtors filed the *Debtors' Objection (Non-Substantive) to Claim No. 1559 Pursuant to 11 U.S.C. § 502 and*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

*Fed. R. Bankr. P. 3007 (No Liability)* (the "<u>Objection</u>").  A hearing (the "<u>Hearing</u>") on the Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "<u>Case Management Order</u>") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498, the "<u>Claims Procedures Order</u>").  The Hearing will commence on **June 25, 2024, at 11:00 AM (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice.  Claims Procedures Order at 3.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances.  After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances.  Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses ("<u>Responses</u>"), if any, to the Objection or the relief requested therein shall be made in writing, filed with the Court no later than **June 14, 2024, at 4:00 PM (Prevailing Eastern Time)** (the "<u>Response Deadline</u>"), and served as required by the Case Management Order.[3]

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **<u>Exhibit A</u>** to the Objection, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** copies of the Objection can be viewed and/or obtained by: (i) accessing the Court's website at <u>www.nysb.uscourts.gov</u>, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450.  Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

---

[3]      See paragraph 27 of the Objection regarding submission of Responses written and signed by a claimant themselves rather than by an attorney on behalf of the claimant.

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Objection, or if you want the Court to hear your position on the Objection, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Objection and may enter orders granting the relief requested by the Debtors.

Dated:    May 24, 2024
         New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION
(NON-SUBSTANTIVE) TO CLAIM NO. 1559 PURSUANT TO
11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and seek to disallow and expunge proof of claim number 1559 ("Claim No. 1559")[2] filed by ███████████████████ (the "Claimant"), and seek entry of a

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    Claim No. 1559 is attached to the Wolfe Declaration as Exhibit B-1 and Claim No. 262 (as defined below) is attached to the Wolfe Declaration as Exhibit B-2.  Pursuant to the Redaction Order (as defined herein) the proof of claim has been redacted to protect the confidentiality of the Claimant.  *See* Redaction Order.

proposed order substantially in the form attached hereto as <u>Exhibit A</u> (the "<u>Proposed Order</u>"), pursuant to section 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498, the "<u>Claims Objection Procedures Order</u>").   In support of this Objection, the Debtors submit the *Declaration of Timothy Wolfe in Support of the Debtors' Objection (Non-Substantive) to Claim No. 1559 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "<u>Wolfe Declaration</u>"), attached hereto as <u>Exhibit B</u> and incorporated by reference, and respectfully state as follows:

### <u>JURISDICTION AND VENUE</u>

1.     The United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

### <u>BACKGROUND</u>

**A.     Debtors' Business and Procedural History**

2.     Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "<u>Company</u>") and its non-Debtor affiliate Genesis Global Trading, Inc. ("<u>GGT</u>") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency.  The Debtors engaged in lending, borrowing and certain trading services, while the non-

2

Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (together, the "First Day Declarations").[3]

3.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

---

[3]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

4.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

5.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

6.      The General Bar Date passed on May 22, 2023.  As of May 20, 2024, 1,651 proofs of claim have been filed against the Debtors.

**B.      The Claims Resolution Process**

7.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

8.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328, the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581, the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694, the "Redaction Order"), much of that information is maintained under seal to protect the

confidentiality of the Debtors' creditors. The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents). The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

9. The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance. To reduce the number of Claims, and to avoid possible double recovery or otherwise improper recovery by Claimants, the Debtors will continue to file omnibus objections to such categories of claims if and where warranted.

10. On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors submit that this Objection and the notice provided to the Claimant in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

**C.  Claim No. 1559**

11. On May 15, 2023, the Claimant filed Claim No. 262 in these Chapter 11 Cases against Genesis Global Holdco, LLC ("Holdco") asserting a claim in the amount of $138,259.71 US Dollars ("USD") for "Loan repayment." *See* Claim No. 262 at 7; Ex. B-2, Wolfe Decl. at 7. Claim No. 262 indicated that the amount of the claim was purportedly in the amount of 241,000 FTM, 400,000 GRT, 310,000 SRM and 1,000 UMA. *See* Claim No. 262 at 5-6; Ex. B-2, Wolfe Decl. at 5-6. No other supporting information was provided as part of Claim No. 262.

5

12.     On February 15, 2023, the Debtors filed the *Debtors' Twenty-Third Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1315, the "Twenty-Third Omnibus Objection"), objecting to, among other claims, Claim No. 262.  The Claimant was served with the Twenty-Third Omnibus Objection, *see Affidavit of Service* (ECF No. 1456), and did not oppose or otherwise respond to the Twenty-Third Omnibus Objection.  The Twenty-Third Omnibus Objection with respect to Claim No. 262 was heard by the Bankruptcy Court at an omnibus hearing on March 19, 2024.  *See* Mar. 19, 2024 Hr'g Tr. 12:14–15:9.  At that hearing, the Bankruptcy Court granted the relief sought, *see* Mar. 19, 2024 Hr'g Tr. 14:17–15:8, and subsequently entered an order on March 24, 2024, disallowing in full and expunging Claim No. 262 (ECF No. 1526, the "Twenty-Third Omnibus Objection Order").

13.     On March 6, 2024, after the Twenty-Third Omnibus Objection was filed and was scheduled to be heard by the Bankruptcy Court, the Claimant filed Claim No. 1559 in these Chapter 11 Cases against Holdco.  Claim No. 1559 indicates that it amends an already-filed proof of claim filed on May 15, 2023, and asserts a claim in the amount of $138,258.71 USD for "Return of Collateral posted under Loan Agreement," *see* Claim No. 1559 at 3, 7, and that Claim No. 1559 was purportedly secured by a right of setoff on basis that "Claimant borrowed cryptocurrency from debtor.  241000 FTM; 400000 GRT; 310000 SRM; 1000 UMA."  *See*  Claim No. 1559 at 7; Ex. B-1, Wolfe Decl. at 7.  Claim No. 1559 differs from Claim 262 by a total of one dollar more, but the alleged basis for each is limited to "Loan repayment," with both the original and amended claim attaching no supporting documentation.  Claim No. 262 at 7; Ex. B-2, Wolfe Decl. at 7.   In addition, Claim No. 262 and Claim No. 1559 assert the exact same quantities and types of digital assets underlying the purported liabilities.

## RELIEF REQUESTED

14.     The Debtors and/or their advisors have reviewed the Claims Register, the Debtors' Books and Records, Claim No. 262, and Claim No. 1559.  Based on this review, the Debtors have determined that Claim No. 1559 should be disallowed on the following independent bases:  (i) for the same reasons stated in the Twenty-Third Omnibus Objection, the Debtors have no liability to the Claimant with respect to Claim No. 1559 after effectuating setoff for obligations owed to the Debtors by the Claimant; (ii) to the extent that Claim No. 1559 was amended in response to the Twenty-Third Omnibus Objection, such amendment is procedurally improper; and (iii) Claim No. 1559 asserts the same liability against the Debtors as the already-expunged Claim No. 262, which was disallowed in full and expunged from the Claims Register pursuant to the Twenty-Third Omnibus Objection Order and so is barred by the doctrine of *res judicata*.  By this Objection, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, disallowing Claim No. 1559 in full and expunging Claim No. 1559 from the Claims Register.

## BASIS FOR RELIEF

15.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019).  Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Bankruptcy Rule 3007(d) and the Claims Objection Procedures Order permit the Debtors to file an objection on non-substantive bases, including because such claims "seek recovery for which the Debtors are not liable."  *See* Fed. R. Bankr. P. 3007(d)(1); Claims Objection Procedures Order ¶ 1(a)(iii).

16. Courts in this district have previously disallowed and expunged claims filed against a debtor where such debtor has determined, after a thorough review and analysis of its Books and Records and the supporting documentation provided, it is not liable. *See*, *e.g.*, Order*, In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. January 2, 2022) (ECF No. 3997); *see also In re Sunedison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. Jan. 20, 2021) (ECF No. 6362) (disallowing and expunging no liability claims); *In re Nine West Holdings, Inc*., Case No. 18-10847 (SCC) (Bankr. S.D.N.Y. May 21, 2019) (ECF No. 1483) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Nov. 13, 2017) (ECF No. 1889) (same). This Court has also previously disallowed and expunged claims filed against the Debtors in these Chapter 11 Cases on the same basis. *See* Twenty-Third Omnibus Objection Order; *Order Granting Debtors' Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1170); *Order Granting Debtors' Twenty-Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1599).

17. Additionally, courts have disallowed or expunged claims to the extent that the filed claim serves to amend a claim to which a debtor has objected. *See In re Mallinckrodt Plc,* Case No. 20-12522-JTD (Bankr. Del. 2020) [Dkt. No. 3457-2] (Bench Ruling, July 23, 2021, Hr'g Tr. at 144:7-13), *aff'd*, 2022 WL 3545583 (D. Del. Aug. 18, 2022) (Plaintiffs' "attempt[] to argue new facts in their responses to the [claims] objection . . . do not qualify as motions to amend."); *see also In re Level 8 Apparel, LLC*, Case No. 16-13164 (JLG), 2021 WL 279620, at *18 n.20 (Bankr. S.D.N.Y. Jan. 26, 2021) ("The Trustee cannot use her Opposition to the Motion to Amend her Complaint.").

18.     Finally, courts in this district have previously disallowed and expunged claims as barred by *res judicata*, where the court previously disallowed and expunged a claim from the same claimant with the same basis as the claim at issue.  *See In re Ditech Holding Corporation*, 2024 WL 1298086, at *12–13 (Bankr. S.D.N.Y. Mar. 26, 2024) (finding res judicata barred claim where previous claim asserted on the "same basis" had been disallowed and expunged in prior court order); *see also Katchen v. Landy*, 382 U.S. 323, 334, 86 S. Ct. 467, 475, 15 L. Ed. 2d 391 (1966) ("[A] creditor who offers a proof of claim and demands its allowance is bound by what is judicially determined . . . and if his claim is rejected, its validity may not be relitigated in another proceeding on the claim.").

## **OBJECTION**

19.     The Debtors and/or their advisors have reviewed the Claims Register, the Debtors' Books and Records, Claim No. 1559, and the Claimant's competing loan obligations to the Debtors.  *See* Ex. B, Wolfe Decl., ¶ 3.  Through this review, the Debtors have determined, with the help of their advisors, that (i) for the same reasons stated in the Twenty-Third Omnibus Objection, the Debtors have no liability to the Claimant with respect to Claim No. 1559 after effectuating setoff for obligations owed to the Debtors by the Claimant; (ii) to the extent that Claim No. 1559 was amended in response to the Twenty-Third Omnibus Objection, such amendment is procedurally improper; and (iii) Claim No. 1559 asserts the same liability against the Debtors as the already-expunged Claim No. 262, which was disallowed in full and expunged from the Claims Register pursuant to the Twenty-Third Omnibus Objection Order and so is barred by the doctrine of *res judicata*.  For any of the independent bases noted above, the Debtors are not liable for Claim No. 1559 and request that it be disallowed in full and expunged.

i.     *Setoff of Claim No. 1559 against the Claimant's obligations to the Debtors results in a net claim in the Debtors' favor.*

9

20.     As explained in the Twenty-Third Omnibus Objection, the Debtors have no liability

to the Claimant after effectuating setoff.  Because the same types and amounts of digital assets are

asserted in each of the Claims, for the same reasons set forth in the Twenty-Third Omnibus

Objection and applying the same methodology with respect to the mutually-owning obligations

between the parties, the Debtors here would similarly have no liability to the Claimant after

effectuating setoff of such obligations.  *See* Twenty-Third Omnibus Objection ¶¶ 15, 22–23; *see*

*also* Ex. B, Kinealy Decl., Twenty-Third Omnibus Objection ¶ 6.  In fact, a setoff of the parties'

mutual obligations would result in the full satisfaction of Claim No. 1559 and a Net Claim in favor

of the Debtors.  *Id.*  Accordingly, Claim No. 1559 asserts a claim for which the Debtors are not

liable in light of the setoff's resulting effect.[4]

ii.     *To the extent that Claimant sought to amend Claim No. 1559 as a Response to a claims*
        *objection, such amendment is procedurally improper.*

21.     For the avoidance of doubt, if Claim No. 1559 is an attempt by the Claimant to

amend Claim No. 262 as a response to the filing of the Twenty-Third Omnibus Objection, such

attempt is procedurally improper and should be disregarded (to the extent that the Claimant seeks

to argue new facts or legal theories through Claim No. 1559, which, as noted above, the Debtors

do not believe to be the case).  *See In re Mallinckrodt Plc,* Case No. 20-12522-JTD (Bankr. Del.

2020) [Dkt. No. 3457-2] (Bench Ruling, July 23, 2021, Hr'g Tr. at 144:7-13), *aff'd*, 2022 WL

3545583 (D. Del. Aug. 18, 2022) (Plaintiffs' "attempt[] to argue new facts in their responses to

the [claims] objection . . . do not qualify as motions to amend."); *see also In re Level 8 Apparel,*

*LLC*, Case No. 16-13164 (JLG), 2021 WL 279620, at *18 n.20 (Bankr. S.D.N.Y. Jan. 26, 2021)

---

[4]     Although the Debtors do not, through this Objection, seek to effectuate the setoff, given that the Debtors are
owed more than the Claimant is owed, no claim can lie against the estate.  *See Citizens Bank v. Strumpf*, 516 U.S. 16,
18 (1995) ("The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual
debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'").

("The Trustee cannot use her Opposition to the Motion to Amend her Complaint.").  The Claimant

filed Claim No. 1559 after the Debtors filed the Twenty-Third Omnibus Objection and before the

Court issued the Twenty-Third Omnibus Objection Order.  As noted throughout, the Claimant did

not file any Response to Twenty-Third Omnibus Objection on the Bankruptcy Court's docket or

otherwise oppose the relief sought by the Debtors.

  iii. *Claim No. 1559 asserts the same liability as Claim No. 262 and so is barred by res judicata.*

  22. Claim No. 262 was disallowed in full and expunged from the Claims Register

pursuant to the Twenty-Third Omnibus Objection Order.  As such, the near-identical Claim No.

1559 should also be disallowed under the doctrine of *res judicata*.  *Res judicata* provides that "a

final judgment on the merits of an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action."  *Board of Managers of 195 Hudson

Street Condominium v. Jeffrey M. Brown Associates, Inc.*, 652 F.Supp.2d 463, 472 (S.D.N.Y.

2009).  To prove res judicata, a party must show that (1) the prior action involved "an adjudication

on the merits," (2) the prior action involved the same party or a party in privity with them, and (3)

the subsequently asserted claims "were, or could have been, raised in the prior action."  *Monahan

v. New York City Dept. of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000).

  23. Courts have applied the doctrine of *res judicata* where the court had previously

disallowed and expunged a claim made by the same claimant on the same basis as the

subsequently-asserted claim.  *See In re Ditech Holding Corporation*, 2024 WL 1298086, at *12–

13 (Bankr. S.D.N.Y. Mar. 26, 2024) (finding res judicata barred claim where previous claim

asserted on the "same basis" had been disallowed and expunged in prior court order).

  24. Here, the Debtor filed the Twenty-Third Omnibus Objection, providing the basis

for expungement of Claim No. 262.  The Claimant did not file a Response or any other pleading

with respect to the Twenty-Third Omnibus Objection, nor appear at the March 19, 2024 hearing to contest entry of an order granting the requested relief—despite being properly served with the Twenty-Third Omnibus Objection—at which hearing the Bankruptcy Court heard presentations from Debtors' counsel on the Twenty-Third Omnibus Objection and entered an order, which has become final. *See Affidavit of Service* (ECF No. 1456); *see also* Mar. 19, 2024 Hr'g Tr. 12:14–15:9 (hearing Debtors' presentation on the uncontested Twenty-Third Omnibus Objection). Although the faces of the proofs of claim Claim No. 262 and Claim No. 1559 are not identical in all respects, they assert the exact same quantities and types of digital assets underlying the purported liabilities of the Debtors, nor has the Claimant provided any supporting information to suggest that the liabilities asserted are unrelated. As such, Claim No. 1559 is a claim filed by the same claimant and on the same basis as Claim No. 262, and should accordingly be disallowed and expunged from the Claims Register under the doctrine of *res judicata*.

## **RESPONSES TO OBJECTION**

25.    To contest this Objection, the holder of Claim No. 1559 must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 p.m.** (prevailing Eastern Time) on **June 14, 2024** (the "Response Deadline"). Any Response must be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, No. 23-10063 (the "Docket") and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn: Sean O'Neal, Esq., Luke A. Barefoot, Esq., Jane VanLare, Esq., and Thomas S. Kessler, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, jvanlare@cgsh.com, and tkessler@cgsh.com

-and-

Genesis Global Holdco, LLC
175 Greenwich St., 38th Fl.
New York, NY 10007
Attn: Andrew Sullivan
Asullivan@Genesistrading.com

-and-

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Attn: Philip Abelson, Esq.
philip.abelson@whitecase.com

-and-

Bankruptcy Court of the Southern District of New York
Chambers of Judge Sean H. Lane
300 Quarropas Street
White Plains, NY 10610
Attn: Chambers of Judge Sean H. Lane

26.     Any Response to this Objection must contain, at minimum, the following
information:

     a.      A caption identifying the name of the Bankruptcy Court, the names
of the Debtors, the case number and the title of the Objection to which the
Response is directed;

     b.      The name of the Claimant and description of the basis for the Claim;

     c.      The specific factual basis and supporting legal argument upon which
the party will rely in opposing this Objection;

     d.      A short statement describing the reasons for which the Claim should
not be disallowed as set forth in the Objection

     e.      Additional documentation or other evidence upon which the
Claimant relies in opposing the Objection (if it was not included with the Proof
of Claim previously filed with the Court);

     f.      The address(es) to which the Debtors must return any reply to the
Response, if different from that presented in the Claimant's Proof of Claim; and

g.      The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

27.     Additionally, where a Claimant sends the Court a written Response that is not signed by an attorney, and the Claimant does not file the Response on the docket, the Claimant must include with its Response a completed Court Communication Form (as defined, and in accordance with the requirements set forth, in the Notice of Protocol for Written Communications to the Bankruptcy Court by Creditors, ECF No. 1094 (the "Written Communications Protocol")) authorizing the Court to file the Response on the Court docket and acknowledging that the Claimant's name and any contact information included in the Response as well as in the Court Communication Form will be publicly available.  The Court Communication Form is attached as Exhibit A to the Written Communications Protocol.  **Failure to include a completed Court Communication Form or to consent to this acknowledgement will result in the Response not being filed on the docket or considered by the Court.**  Written Communications Protocol at 2.

28.     If a Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing and expunging Claim No. 1559, without further notice to the Claimant or a hearing.

## REPLIES TO RESPONSES

29.     The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

30.     The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimant by serving the person designated in the Response.

**RESERVATION OF RIGHTS**

31.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to Claim No. 1559 on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to Claim No. 1559. The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to Claim No. 1559 at a later time, to the extent consistent with the Claims Objection Procedures Order.

32.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimant subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimant relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of Claim No. 1559 if subject to such avoidance actions.

**NOTICE**

33.     The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

34.     No prior request for the relief requested herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

Dated:    May 24, 2024
           New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS'**
**OBJECTION (NON-SUBSTANTIVE) TO CLAIM NO. 1559**
**PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)**

Upon the *Debtors' Objection (Non-Substantive) to Claim No. 1559 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order (the "Order") pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging proof of claim number 1559 (Claim No. 1559); and upon the *Declaration of Timothy Wolfe in Support of Debtors' Objection (Non-Substantive) to Claim No. 1559 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and Claim No. 1559; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to Claim No. 1559.

2.      Claim No. 1559 is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.      Nothing herein shall affect the Debtors' rights to pursue recovery of the Net Claims (as defined in the Twenty-Third Omnibus Objection) with respect to Claim No. 262 or Claim No. 1559 in any appropriate forum under any governing law.

4.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

5.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of Claim No. 1559 against GGC, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors (the "UCC") to dispute Claim No. 1559 on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or UCC under the Bankruptcy Code or any other applicable law.

6.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
          White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **<u>EXHIBIT B</u>**

**Wolfe Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF TIMOTHY WOLFE IN SUPPORT OF DEBTORS' OBJECTION (NON-SUBSTANTIVE) TO CLAIM NO. 1559 PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (NO LIABILITY)

I, Timothy Wolfe, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

1.      I am an associate at the law firm Cleary Gottlieb Steen & Hamilton LLP, counsel to the Debtors in the above-captioned chapter 11 case.

*2.*      I respectfully submit this declaration in support of the Debtors' *Objection (Non-Substantive) to Claim No. 1559 Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (the "Objection").[2]

3.      I have reviewed Claim No. 1559 and the facts and circumstances set forth in the Objection regarding Claim No. 1559.

4.      A true and correct copy of Claim No. 1559 is attached hereto as Exhibit B-1.

5.      A true and correct copy of Claim No. 262 is attached hereto as Exhibit B-2.

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Reply.

6.      I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on May 24, 2024                    */s/ Timothy Wolfe*
                                                    Timothy Wolfe

# EXHIBIT B-1

**Claim Number 1559**

[Redacted for PII]

## **EXHIBIT B-2**

**Claim Number 262**

[**Redacted for PII**]