WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jeffrey D. Saferstein
Jessica Liou
Furqaan Siddiqui

*Attorneys for Digital Currency Group, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors.[1] | Jointly Administered |

**DIGITAL CURRENCY GROUP, INC.'S RESERVATION OF
RIGHTS TO DEBTORS' REVISED PROPOSED CONFIRMATION ORDER**

Digital Currency Group, Inc. ("**DCG**") hereby submits this reservation of rights (the "**Reservation of Rights**") to the revised proposed confirmation order attached as Exhibit A to the Debtors' *Notice of Presentment of Amended Proposed Findings of Fact, Conclusions of Law, and Order (I) Confirming the Debtors' Amended Joint Chapter 11 Plan and (II) Granting Related Relief* (Docket No. 1715) (the "**Revised Proposed Confirmation Order**"), and respectfully states as follows:

1. DCG is currently engaging in discussions with the Debtors and the parties' tax advisor, Ernst & Young, LLP ("**EY**"), regarding the tax impact of the Court's approval of the

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number, are: Genesis Global Holdco, LLC (8219) ("**GGH**"); Genesis Global Capital, LLC (8564) ("**GGC**"); Genesis Asia Pacific Pte. Ltd. (2164R) ("**GAP**," and collectively with GGH and GGC, the "**Debtors**"). For the purpose of these chapter 11 cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

Debtors' Plan,[2] including but not limited to the impact on the tax consolidation status of DCG and its subsidiaries (in light of the Plan's corporate governance changes) as well as the Debtors' liability for taxes incurred as a result of the sale of certain GBTC Shares, ETHE Shares, and ETCG Shares and any other income of the Debtors. In light of these ongoing discussions and the Debtors' proposed objection deadline at 12:00 p.m. (ET) today, DCG asserts the following reservation of rights:

2. First, the Revised Proposed Confirmation Order contains a newly added requirement that DCG select the New Board members within five calendar days after the Confirmation Order is entered. *See* Revised Proposed Confirmation Order ¶¶ 26, 27 and 115. Given the appointment of the New Board, including the members' qualifications, is a significant factor that EY has raised with DCG regarding its position on the group's tax consolidation status and EY's ability to file a consolidated tax return, the Court should strike the Debtors' "5-calendar day" requirement language contained in the Revised Proposed Confirmation Order to allow the parties with enough time to come to a tax efficient resolution. Such a change should not detrimentally impact the Debtors, given the New Board will not be appointed until the Effective Date. *See* Amended Plan IV.B.7.

3. Second, the Revised Proposed Confirmation Order includes language, per Amended Plan IV.A.14, which states that the Wind-Down Debtors shall not be liable "in any manner to any taxing authority for franchise, business, license, or similar taxes accruing on or after the Effective Date". *See* Revised Proposed Confirmation Order ¶ 102. To the extent this language encompasses "group" taxes for which DCG (as the Debtors' corporate parent) or a non-Debtor

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to such terms in the Plan (Docket. No. 1714).

DCG subsidiary could have liability based on the income, assets or operations of the Wind-Down Debtors, DCG reserves all rights against the Debtors and the Wind-Down Debtors with respect to any such amounts paid on behalf of or with respect to the Debtors or Wind-Down Debtors.[3] In light of the current gray area surrounding DCG and the Wind-Down Debtors' status as members of a tax consolidated or similar group, this provision should be amended to include such a reservation of rights.

4.   DCG reserves all rights, claims, defenses, and remedies, including, without limitation, to supplement and amend this Reservation of Rights, to raise further and other objections for any tax liabilities assessed against DCG as a result of the Debtors' or the Wind-Down Debtors' income, assets or operations, to introduce evidence prior to or at any hearing regarding the Revised Proposed Confirmation Order or at any hearing regarding the Debtors' or the Wind-Down Debtors' tax liability in the event DCG's objections are not resolved prior to such hearing(s), to seek to introduce documents or other relevant information in support of the positions set forth in this Reservation of Rights.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, DCG respectfully requests that the Court (i) strike the Revised Proposed Confirmation Order's "5-calendar day" requirement to appoint the New Board, and (ii) include in the Revised Proposed Confirmation Order a reservation of rights for DCG to the extent any taxes are imposed on DCG arising out of conduct or acts of the Debtors or the Wind-Down Debtors.

---

[3] As the Court has previously said on the record, "taxes are owed for whoever the taxes are owed. [The Court is] not the taxing authority. [The Court is] not the IRS." *See* Feb. 14, 2024 Hr'g Tr. (Docket No. 1347) at 24:21–24:22.

Dated: May 29, 2024
       New York, New York

Respectfully submitted,

*/s/ Jeffrey D. Saferstein*
Jeffrey D. Saferstein
Jessica Liou
Furqaan Siddiqui
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Tel: (212) 310-8000
Fax: (212) 310-8007
jeffrey.saferstein@weil.com
jessica.liou@weil.com
furqaan.siddiqui@weil.com

*Attorneys for Digital Currency Group, Inc.*