**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

Three Arrows Fund, Ltd (In Liquidation),

    Debtor in a Foreign Proceeding.[1]

Case No. 24-10210 (MG)

Chapter 15

## ORDER GRANTING RECOGNITION AND RELIEF IN AID OF A FOREIGN MAIN PROCEEDING

Paul Pretlove, David Standish and James Drury, duly appointed joint official liquidators ("Petitioners" or "Liquidators") of Three Arrows Fund, Ltd (In Liquidation) ("TAFL" or "Debtor"), an exempted company with limited liability in liquidation the British Virgin Islands (the "BVI Proceeding") under the British Virgin Islands Insolvency Act, 2003 (the "Act"), having filed the Official Form Petition and the Verified Petition for Recognition of Foreign Insolvency Proceeding and Application for Additional Relief under Chapter 15 of the Bankruptcy Code, and Memorandum of Law In Support Thereof (the "Verified Petition" and, together with the Official Form Petition, the "Petition") and the accompanying Pretlove Declarations (ECF Doc. ## 3, 28), Cruickshank Declarations (ECF Doc. ## 4, 30) and Pintarelli Declarations (ECF Doc. ## 5, 29), seeking relief pursuant to chapter 15 of the Bankruptcy Code; and upon due consideration of the Petition, the Pretlove, Cruickshank and Pintarelli Declarations, together with all exhibits thereto, in support of the Petition; and a hearing having been held on March 11, 2024 to consider the Petition, at which the Pretlove, Cruickshank and Pintarelli Declarations were received into evidence; and appropriate and timely notice of the filing of the

---

[1]    The Debtor's company registration number is 1710548.  The Debtor's registered office is P.O. Box 2283, 1st Floor, Columbus Centre, Road Town, Tortola, British Virgin Islands.

Petition and the Hearing thereon having been given by the Liquidators pursuant to section 1514 of the Bankruptcy Code; and such notice having been adequate and sufficient for all purposes; and no other or further notice being necessary or required; and an objection to recognition having been filed by the Foreign Representatives of Three Arrows Capital, Ltd. (ECF Doc. # 15) and subsequently withdrawn at the Hearing; and all interested parties having had an opportunity to be heard at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court makes the following findings of fact and conclusions of law:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and 11. U.S.C. §§ 109 and 1501 and the Amending Standing Order of Reference from the United States District Court for the Southern District of New York dated February 1, 2012.

B.      Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. § 1410 (2) because TAFL possesses assets within this district, and the Court may enter a final order consistent with Article III of the United States Constitution.

C.      This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

D.      The Liquidators are the "foreign representatives" of TAFL within the meaning of 11 U.S.C. § 101(24).

E.      The chapter 15 case of TAFL was properly commenced pursuant to 11 U.S.C. §§ 1504, 1509 and 1515.

F.      The Liquidators have satisfied the requirements of 11 U.S.C. § 1515 and Rule1007(a)(4) of the Federal Rules of Bankruptcy Procedure.

G.      The BVI Proceeding is a foreign proceeding within the meaning of 11 U.S.C. §101(23).

2

H.     The BVI Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C.

§ 1517.

I.     The BVI Proceeding is pending in the British Virgin Islands, the country where

TAFL's center of main interests is located and, accordingly, the BVI Proceeding is a foreign main

proceeding pursuant to 11 U.S.C. § 1502(4) and is entitled to recognition as a foreign main

proceeding pursuant to 11 U.S.C. § 1517(b)(1).

J.     The Liquidators are entitled to all of the relief afforded under 11 U.S.C. § 1520

and the additional relief provided for herein pursuant to 11 U.S.C. § 1521.

K.     The relief granted hereby is necessary and appropriate, in the interests of the

public and international comity, consistent with the public policy of the United States, and

warranted pursuant to 11 U.S.C. §§ 1507, 1517, 1520 and 1521.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.     The Petition is granted as set forth herein.

2.     The BVI Proceeding is hereby recognized as a foreign main proceeding pursuant

to 11 U.S.C. § 1517(a) and (b)(1).

3.     The relief and protection afforded under 11 U.S.C. § 1520 is hereby **GRANTED**,

including the application of the automatic stay under section 362 of the Bankruptcy Code to

TAFL and its property in the territorial jurisdiction of the United States; provided, that nothing

herein modifies or limits the exceptions to the automatic stay that are set forth in section 362 or

elsewhere in the Bankruptcy Code. Accordingly, extent to the extent permitted by section 362 or

elsewhere in the Bankruptcy Code, all persons and entities are stayed from:

(a)     executing against TAFL's property or assets;

    (b)      taking or continuing any act to obtain possession of, or exercise control over, the Liquidators (with respect to TAFL), TAFL, or any of TAFL's property or assets;

    (c)      taking or continuing any act to create, perfect or enforce a lien or other security interest, set-off or other claim against the Liquidators (with respect to TAFL), TAFL, or any of TAFL's property or assets as of the date of the filing of the Petition, or otherwise seeking the issuance of or issuing any restraining notice or other process or encumbrance with respect to TAFL or any of TAFL's property or assets; and

    (d)      transferring, relinquishing or disposing of any property of the Funds to any person or entity other than the Liquidators.

4.      Pursuant to section 1521(a)(5), the Liquidators, or any third person acting pursuant to the Liquidators' instructions or agreement, are entrusted with the administration or realization of all or any part of TAFL's assets within the territorial jurisdiction of the United States, *but those assets shall remain within the United States absent further order of this Court. See In re Agokor d.d.,* 591 B.R. 163, 188–89 (Bankr. S.D.N.Y. 2018: *In re Atlas Shipping A/S,* 404 B.R. 726, 740 (Bankr. S.D.N.Y. 2009).

5.      The Liquidators are hereby authorized to issue subpoenas in accordance with applicable procedural rules for the examination of witnesses and/or the production of documents within the territorial jurisdiction of the United States concerning the assets, affairs, rights, obligations or liabilities of TAFL and (to the extent relevant) TAFL's affiliates, including subpoenas to intermediary banks that process U.S. dollar denominated wire transfers and maintain records of such transfers; provided, that any subpoenas served pursuant to the authority

set forth in this paragraph shall be without prejudice to the recipients' rights to object in accordance with the applicable procedural rules.  Pending further order of this Court, disclosure of testimony and documents obtained in response to such subpoenas shall be restricted to the Liquidators and counsel of record to the Liquidators in this Court or the BVI court.

6.    The Liquidators are hereby authorized to take possession and to seek turnover of any and all documents, records, filings, or other information, however stored, that belong to TAFL and that are found within the territorial jurisdiction of the United States.

7.    The Liquidators are authorized to operate the business of TAFL that is the subject of the BVI Proceeding and may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 1520 and 1521.

8.    This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through this chapter 15 case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

9.    Notwithstanding Bankruptcy Rule 7062, made applicable to this chapter 15 case by Bankruptcy Rule 1018, the terms and conditions of this Order shall be effective and enforceable immediately upon its entry, and this Order shall become final and appealable.

**IT IS SO ORDERED.**

Dated:    March 11, 2024
New York, New York

_Martin Glenn_
MARTIN GLENN
Chief United States Bankruptcy Judge

5