PROSKAUER ROSE LLP
Brian S. Rosen
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000

-and-

Jordan E. Sazant
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550

*Counsel to the Ad Hoc Group of Genesis Lenders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>Genesis Global Holdco, LLC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10063 (SHL)<br><br>Jointly Administered |

**MOTION OF THE AD HOC GROUP FOR ENTRY OF AN ORDER AUTHORIZING REDACTION AND FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION WITH STATEMENT IN SUPPORT OF REIMBURSEMENT OF ACTUAL, NECESSARY FEES AND EXPENSES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

The Ad Hoc Group of Genesis Lenders (the "Ad Hoc Group") hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") authorizing the Ad Hoc Group to redact and file under seal certain confidential information (the "Sealed Information") contained in the *Statement of the Ad Hoc Group of Genesis Lenders in Support of Reimbursement of Actual, Necessary Fees and Expenses Incurred in Making a Substantial Contribution in These Chapter 11 Cases* (the "Statement").[2] In support of this Motion, the Ad Hoc Group respectfully states as follows:

## JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## RELIEF REQUESTED

2. The Ad Hoc Group respectfully requests entry of the Proposed Order authorizing the Ad Hoc Group to redact and file under seal the Sealed Information contained in the Statement,

---

[2] Capitalized terms used but not defined herein shall have the meanings given to them in the Statement.

and directing that the Sealed Information in the Statement remain under seal, confidential, and unavailable to any third party without further order from the Bankruptcy Court.

**BASIS FOR RELIEF**

3.      Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion be filed under seal. Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, that a court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ." Fed. R. Bank. P. 9018. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

4.      Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Glob. Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). If the Court determines that filed documents are covered by Section 107(b), the Court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also In re Northstar Energy, Inc.*, 315 B.R. 425, 428 (Bankr. E.D. Tex. 2004) ("In fact, § 107(b) *mandates* the protection of certain types of information, including 'confidential commercial information.'") (emphasis in original); *In re Glob. Crossing*,

2

295 B.R. at 725. Section 107(b) is "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" *In re Northstar Energy, Inc.*, 315 B.R. at 429 (*citing In re Glob. Crossing, Ltd.*, 295 B.R. at 725).

5. Courts have recognized the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b) and the moving party is not required to demonstrate "good cause." *In re Orion Pictures*, 21 F.3d at 28. Once a court determines that a party in interest is seeking protection of information covered by section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *Id.* Courts have further held that the resulting sealing order should be broad (*i.e.*, "any order which justice requires"). *In re Glob. Crossing, Ltd.*, 295 B.R. at 724; *see also* Fed. R. Bankr. P. 9018.

6. Further, on September 12, 2023, this Court entered the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* [Docket No. 694] (the "<u>Sealing Order</u>"), authorizing and directing all parties in interest pursuant to 11 U.S.C. §§ 107(b), 107(c), and 105(a), Bankruptcy Rule 9018, and Local Rule 9018-1, to redact the names, addresses, and contact information of creditors from any document filed with this Court.

7. Here, the Sealed Information included in Exhibit A to the Statement constitutes confidential non-public information relating to (i) settlement discussions between the Ad Hoc Group and various parties in interest and (ii) the identity of members of the Ad Hoc Group. Courts have recognized that sealing information relating to settlement discussions is appropriate, and have granted requests to seal similar information. *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del. Oct. 6, 2021), D.I. 593 (authorizing debtors to maintain a settlement agreement under seal);

3

*In re Zohar III, Corp., et al.*, Case No. 18-10512 (CSS) (Bankr. D. Del. May 17, 2018), D.I. 263 (authorizing debtors to file portions of settlement agreement and related information under seal); *see also In re Hemple*, 295 B.R. 200, 202 (Bankr. D. Vt.) (stating "[t]he criteria to be considered in determining whether confidentiality provisions in settlements justify keeping the substance of such settlements from public access must be flexible and vary according to the nature of the settlement and the specific extent and core-ness of the impact of the settlement on the bankruptcy case" and providing a multi-factor test for determining when sealing in such instances is appropriate). Pursuant to the Sealing Order, this Court has already directed that the identity of the members of the Ad Hoc Group be filed under seal.

8. By this Motion, the Ad Hoc Group respectfully requests that the Court enter the Proposed Order authorizing the Ad Hoc Group to redact and file confidential portions of the Statement under seal in accordance with the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, and directing that such Sealed Information remain confidential and under seal, and that no such information shall be made available, other than as set forth in the Proposed Order.

## NOTICE

9. The Ad Hoc Group has provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 44]. The Ad Hoc Group submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

10. No prior request for the relief requested herein has been made to this or any other court.

## CONCLUSION

11. For the foregoing reasons, the Ad Hoc Group respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Motion, and grant such other and further relief as is just.

Dated: June 7, 2024
      New York, New York

**PROSKAUER ROSE LLP**

*/s/ Brian S. Rosen*
Brian S. Rosen
Eleven Times Square
New York, NY 10036
Telephone: (212) 969-3000
Email: brosen@proskauer.com

-and-

Jordan E. Sazant
70 West Madison, Suite 3800
Chicago, IL 60602
Telephone: (312) 962-3550
Email:  jsazant@proskauer.com

*Counsel to the Ad Hoc Group of Genesis Lenders*

5

**Exhibit A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors.[3] | Jointly Administered |

**ORDER AUTHORIZING REDACTION AND FILING OF CERTAIN INFORMATION UNDER SEAL IN CONNECTION STATEMENT IN SUPPORT OF REIMBURSEMENT OF ACTUAL, NECESSARY FEES AND EXPENSES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES**

Upon the Motion[4] of the Ad Hoc Group of Genesis Lenders (the "Ad Hoc Group") for entry of an order (this "Order"), authorizing the Ad Hoc Group to file the Sealed Information and directing that such information remain confidential and under seal, as more fully described in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that

---

[3] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable) are:  Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

[4] Capitalized terms used but not defined herein shall have the meanings given to them in the Motion.

the Ad Hoc Group's notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Ad Hoc Group is authorized (i) to file the Sealed Information in the Statement on the public docket of this case in its redacted form, (ii) to deliver to the Clerk of the Court a signed, unredacted copy of this Order, hard copies and electronic copies of the Statement clearly labeled "FILED UNDER SEAL PENDING MOTION TO SEAL."

3. The Sealed Information and the unredacted Statement shall remain under seal and shall not be made available, without the consent of the Ad Hoc Group or without further order of this Court, to anyone other than (on a confidential basis) this Court.

4. To the extent that the Sealed Information in the Statement is attached or referred to in any further pleadings or document filed with this Court relating to these Chapter 11 Cases, this Order shall apply to such pleading or document.

5. Upon the passing of forty-five (45) days after the final disposition of the Chapter 11 Cases, any party that has filed materials under seal shall reclaim all documents filed under seal

or, alternatively, the Office of the Clerk of the Court shall be authorized to destroy said documents in a manner consistent with the need to preserve confidentiality.

6. Nothing in this Order prejudices the rights of any party-in-interest to seek, on appropriate motion, the unsealing of the Sealed Information in the Statement, or any part thereof.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: _____, 2024
       White Plains, New York

_____
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE