**PRYOR CASHMAN LLP**
Seth H. Lieberman
Matthew W. Silverman
Daniel I. Brenner
7 Times Square
New York, New York 10036-6569
Telephone: (212) 421-4100
Facsimile: (212) 326-0806
slieberman@pryorcashman.com
msilverman@pryorcashman.com
dbrenner@pryorcashman.com

*Attorneys to the Ad Hoc Group of Dollar Lenders*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*, | Case No. 23-10063 (SHL) |
| Debtors.[1] | Jointly Administered |

**THE AD HOC GROUP OF DOLLAR LENDERS MOTION FOR
AUTHORITY TO REDACT AND FILE CERTAIN INFORMATION UNDER SEAL IN
CONNECTION WITH THE SUPPLEMENT TO THE APPLICATION FOR ENTRY OF
AN ORDER, PURSUANT TO 11 U.S.C. §§ 503(b)(3)(D) AND 503(b)(4), FOR
ALLOWANCE AND REIMBURSEMENT OF REASONABLE PROFESSIONAL FEES
AND ACTUAL, NECESSARY EXPENSES IN MAKING A
SUBSTANTIAL CONTRIBUTION TO THESE CASES**

The Ad Hoc Group of Dollar Lenders (the "Dollar Ad Hoc Group") in the above-captioned Chapter 11 Cases hereby files this motion for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (9564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") authorizing the Dollar Ad Hoc Group to redact and file under seal, in part, the *Supplement to the Application of the Ad Hoc Group of Dollar Lenders for Entry of an Order, Pursuant to §§ 503(b)(3)(D) and 503(b)(4), for Allowance and Reimbursement of Reasonable Professional Fees and Actual, Necessary Expenses in Making a Substantial Contribution to these Cases*, and the accompanying exhibits thereto (the "Supplement"),[2] attached hereto as **Exhibit B**. The Supplement has been filed with the proposed redactions contemporaneously herewith. In support of the Motion, the Dollar Ad Hoc Group respectfully states as follows:

## JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## RELIEF REQUESTED

2. The Dollar Ad Hoc Group respectfully requests that this Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Dollar Ad Hoc Group to redact and file confidential portions of the Supplement (as redacted, the "Sealed Portions"), and directing that the Sealed Portions remain under seal, confidential, and not be made available to any third party without further order from the Court.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to such terms in the Supplement.

**BASIS FOR RELIEF**

3. Section 107(b) of the Bankruptcy Code allows a court to direct that documents filed in connection with a motion be filed under seal. Section 107(b)(1) provides, in relevant part, that a court may "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 establishes the procedure by which a party-in-interest may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Rule 9018 provides, in relevant part, that a court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information . . . ." Fed. R. Bank. P. 9018. Section 105(a) of the Bankruptcy Code further allows the court under its equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

4. Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 are designed to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." In re Glob. Crossing, Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). If the Court determines that filed documents are covered by Section 107(b), the Court must issue a remedy that will protect the interested party and "has no discretion to deny the application." Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994); see also In re Northstar Energy, Inc., 315 B.R. 425, 428 (Bankr. E.D. Tex. 2004) ("In fact, § 107(b) mandates the protection of certain types of information, including 'confidential commercial information.'") (emphasis in original); In re Glob. Crossing, 295 B.R. at 725. Section 107(b) is "designed to protect 'business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.'" In re Northstar Energy, Inc., 315 B.R. at 429 (citing In re Glob. Crossing, Ltd., 295 B.R. at 725).

3

5.  Courts have recognized the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. "Commercial information" need not rise to the level of a trade secret to be protected by section 107(b) and the moving party is not required to demonstrate "good cause." In re Orion Pictures, 21 F.3d at 28. Once a court determines that a party in interest is seeking protection of information covered by section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." Id. Courts have further held that the resulting sealing order should be broad (i.e., "any order which justice requires"). In re Glob. Crossing, Ltd., 295 B.R. at 724; see also Fed. R. Bankr. P. 9018.

6.  Here, the Sealed Portions included in Exhibit A to the Supplement constitutes confidential non-public information relating to (i) settlement discussions between the Dollar Ad Hoc Group and various parties in interest, (ii) the identity of members of the Dollar Ad Hoc Group, and (iii) privileged attorney-client communications between the Dollar Ad Hoc Group and its counsel. Courts have recognized that sealing information relating to settlement discussions is appropriate, and have granted requests to seal similar information. In re CMC II, LLC, Case No. 21-10461 (JTD) (Bankr. D. Del. Oct. 6, 2021), D.I. 593 (authorizing debtors to maintain a settlement agreement under seal); In re Zohar III, Corp., et al., Case No. 18-10512 (CSS) (Bankr. D. Del. May 17, 2018), D.I. 263 (authorizing debtors to file portions of settlement agreement and related information under seal); see also In re Hemple, 295 B.R. 200, 202 (Bankr. D. Vt.) (stating "[t]he criteria to be considered in determining whether confidentiality provisions in settlements justify keeping the substance of such settlements from public access must be flexible and vary according to the nature of the settlement and the specific extent and core-ness of the impact of the settlement on the bankruptcy case" and providing a multi-factor test for determining when sealing in such instances is appropriate).

7.     By this Motion, the Dollar Ad Hoc Group respectfully requests that the Court enter the Proposed Order authorizing the Dollar Ad Hoc Group to redact and file confidential portions of the Supplement under seal in accordance with the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, and directing that such sealed information remain confidential and under seal, and that no such information shall be made available, other than as set forth in the Proposed Order.

## NOTICE

8.     The Dollar Ad Hoc Group has provided notice of this Motion in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 44]. The Dollar Ad Hoc Group submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

9.     No prior request for the relief requested herein has been made to this or any other court.

## CONCLUSION

10.    For the foregoing reasons, the Dollar Ad Hoc Group respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, approving the Motion, and grant such other and further relief as is just.

Dated: New York, New York  
      June 14, 2024

**PRYOR CASHMAN LLP**

<u>*/s/ Seth H. Lieberman*</u>
Seth H. Lieberman
Matthew W. Silverman
Daniel I. Brenner
7 Times Square
New York, NY 10036
Telephone: (212) 421-4100
Email: slieberman@pryorcashman.com
       msilverman@pryorcashman.com
       dbrenner@pryorcashman.com

*Attorneys to the Ad Hoc Group of Dollar Lenders*