Christopher Harris
Adam J. Goldberg
Nacif Taousse
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  chris.harris@lw.com
     adam.goldberg@lw.com
     nacif.taousse@lw.com

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
     tiffany.ikeda @lw.com

*Counsel to the Foreign Representatives*
*of Three Arrows Capital, Ltd. (in liquidation)*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No. 23-10063 (MBK) |
| Debtors. | Jointly Administered |
| | **Re: ECF No. 1548** |

**STATEMENT OF THE FOREIGN REPRESENTATIVES OF THREE
ARROWS CAPITAL, LTD.'S (IN LIQUIDATION) IN SUPPORT OF THE GENESIS
DEBTORS' TWENTY-EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO
CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007**

Russell Crumpler and Christopher Farmer, in their joint capacities as the duly authorized joint liquidators (collectively, the "**3AC JLs**") appointed in the British Virgin Islands' ("**BVI**") liquidation of Three Arrows Capital, Ltd. (in liquidation) (the "**3AC Debtor**") and foreign

---

[1] The debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R) (collectively, the "**Genesis Debtors**").  For the purpose of these chapter 11 cases, the service address for the Genesis Debtors is 250 Park Avenue South, 5th Floor, New York, NY 10003.

representatives of the 3AC Debtor, as recognized pursuant to chapter 15 of the Bankruptcy Code in the case captioned *In re Three Arrows Capital, Ltd.*, Case No. 22-10920 (MG) (Bankr. S.D.N.Y. 2022), respectfully submit this statement (the "**Statement**") in support of the *Debtors' Twenty-Eighth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Insufficient Documentation)* [ECF No. 1548] (the "**Genesis Claim Objection**") and state as follows:

## STATEMENT

1. The 3AC Debtor's claims against the Genesis Debtors were settled pursuant to that certain Settlement Agreement and Release, by and among 3AC, the 3AC JLs, the Genesis Debtors, and Digital Currency Group, Inc. (the "**3AC Settlement Agreement**"). A redacted copy of the executed 3AC Settlement Agreement was publicly attached to the *Notice of Debtors' Executed Settlement Agreement Between the Genesis Debtors and the Joint Liquidators of Three Arrows Capital, Ltd.* [ECF No. 972]. The 3AC Settlement Agreement was approved by this Court on **November 30, 2023**.[2]

2. The 3AC Debtor is not a party to the dispute between Three Arrows Fund, Ltd. ("**TAFL**") and the Genesis Debtors. Accordingly, while the 3AC Debtor reserves its rights and arguments with respect to the assertions made by TAFL's liquidators (the "**TAFL JLs**") in their response to the Genesis Claim Objection (the "**TAFL Response**"), this Statement does not purport to address all such assertions. However, the 3AC JLs are compelled to address at least certain of the false statements and allegations in the TAFL Response.

3. In particular, the TAFL JLs asserted the following:

---

[2] See *Order Approving Settlement Agreement Between the Genesis Debtors and the Joint Liquidators of Three Arrows Capital, Ltd.* [ECF No. 1012].

2

    i.    the TAFL JLs had no notice of the 3AC Settlement Agreement,[3]

    ii.    the 3AC Settlement Agreement was not approved by the BVI court,[4] and

    iii.    the TAFL JLs have been "hampered in their investigation" due to the 3AC JLs' "wrongful withholding" of TAFL's books and records.[5]

4.    ***First***, the TAFL JLs may not credibly claim they lacked knowledge of the 3AC Settlement Agreement or of the long and very public process culminating in that agreement. The TAFL JLs were appointed on January 27, 2023 by action of the founders of the 3AC Debtor[6] without any court's order.[7,8] The TAFL JLs were well aware of the Genesis Debtors' chapter 11 cases at least as of May 18, 2023 when they filed their proofs of claim in these cases. Counsel to the TAFL JLs did not file a notice of appearance and request for service of all pleadings until February 16, 2024 (approximately eleven weeks after this Court's approval of the 3AC Settlement Agreement).[9]

5.    The 3AC Debtor's claims settled pursuant to the 3AC Settlement Agreement were disclosed in the first iteration of the Genesis Debtors' disclosure statement, filed on June 13, 2023

---

[3] *TAFL Response*, ¶ 4.

[4] *TAFL Response*, ¶ 3.

[5] *TAFL Response*, ¶¶ 13, 14, 45.

[6] *See* Declaration of Paul Pretlove in Support of Chapter 15 Petition for Recognition as Foreign Main Proceeding, *In re Three Arrows Fund, Ltd (In Liquidation)*, Case No. 24-10210 (MG) (Bankr. S.D.N.Y.), ECF No. 3, Exhibit A (Liquidation Resolution).

[7] *See* Verified Petition for Recognition of Foreign Main Proceeding and for Related Relief Under Chapter 15 of the Bankruptcy Code, and Memorandum of Law in Support Thereof, *In re Three Arrows Fund, Ltd (In Liquidation)*, Case No. 24-10210 (MG) (Bankr. S.D.N.Y.), ECF No. 7, at ¶ 20.

[8] In contrast, that the 3AC JLs were appointed by BVI court order following a hearing with participation from certain of the 3AC Debtor's non-insider creditors.

[9] *Notice of Appearance of John a. Pintarelli* [ECF No. 1333].

3

at ECF No. 429.[10] The dispute between the 3AC Debtor and the Genesis Debtors was then extensively litigated between June and November 2023 and was the subject of multiple public hearings before this Court. All those hearings occurred *after* the TAFL JLs first filed their claims against the Genesis Debtors. During those proceedings, this Court emphasized the need to resolve the 3AC Debtor's claims expeditiously in light of their size and potential impact on the Genesis Debtors' distributions. *See, e.g.*, *In re Genesis Global HoldCo. LLC,* No. 23-10063, Hr'g Tr. at 50:12-18 (Bankr. S.D.N.Y. Sept. 6, 2023) ("[3AC's claim is] a large claim. And in order to understand the mechanics of what a case would look like, and recoveries might look like, it's not a frivolous position for us to say, Judge, it's important for us to have a handle on what that looks like when we figure out what the case looks like and what we can tell Creditors their recoveries might look like.").

6. Upon reaching agreement in principle on a settlement of the 3AC Debtor's claims, and before finalizing definitive documentation, the Genesis Debtors announced in their November 7, 2023 disclosure statement that "the Debtors, DCG and 3AC have reached an agreement in principle that would resolve the 3AC Claims . . . . As the parties work on definitive documentation on such a settlement, the Debtors, DCG, and 3AC agreed, starting on October 22, 2023, to pause all litigation proceedings in connection with the 3AC Claims . . . ."[11]

7. Nor did the TAFL JLs object or reserve any rights when the Genesis Debtors sought approval of the 3AC Settlement Agreement after publicly filing it on November 9, 2023

---

[10] *See Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., under Chapter 11 of the Bankruptcy Code* [ECF No. 429], Art. VI.M.iii ("The [3AC JLs] have represented that these claims, including avoidance actions, arise from transfers to the [Genesis Debtors] with a value in excess of $1 billion. The [Genesis Debtors] intend to vigorously defend its rights and remedies, to contest such claims and to seek their disallowance.").

[11] *See Amended Disclosure Statement with Respect to the Amended Joint Plan of Genesis Global Holdco, LLC et al., Under Chapter 11 of the Bankruptcy Code* [ECF No. 900], Art. VI.N.ii(b).

4

(approximately ten months after appointment of the TAFL JLs and approximately six months after the filing of their claims against the Genesis Debtors). The TAFL JLs obviously were, or should have been, aware of the 3AC Settlement Agreement at that time. Nevertheless, the TAFL JLs took no position regarding the 3AC Settlement Agreement.

8. Notably, the TAFL JLs did not provide the 3AC JLs with notice of their claims related to the Genesis Debtors, whether in the BVI or elsewhere, before the 3AC Settlement Agreement was approved. After all, as Judge Martin Glenn stated during TAFL's chapter 15 proceedings, the BVI court is the appropriate forum to decide asset ownership issues between TAFL and the 3AC Debtor.[12] Nevertheless, the TAFL JLs did not submit a creditor claim in the 3AC Debtor's BVI proceedings until March 2024, which is more than three months after this Court approved the 3AC Settlement Agreement. Nor have they submitted, to-date, a proprietary claim in the BVI asserting any ownership interest in the 3AC Debtor's assets.

9. **Second**, and contrary to the TAFL JLs' assertions, the 3AC Settlement Agreement was approved on December 22, 2023 by the BVI court overseeing 3AC's liquidation proceedings. The Genesis Debtors publicly disclosed the BVI court's approval of the 3AC Settlement Agreement on January 2, 2024.[13] The agreement itself, which was first publicly filed at ECF 906, expressly listed without redaction that the BVI court's approval was a condition precedent to its effectiveness.[14]

---

[12] *See In re Three Arrows Fund, Ltd. (In Liquidation)*, Case No. 24-10210, Mar. 8, 2024 Hr'g Tr. at 41–11:25 (stating that issues of asset ownership between TAFL and the 3AC Debtor should be decided by the BVI court).

[13] *See Notice of Effective Date of Debtors' Executed Settlement Agreement Between the Genesis Debtors and the Joint Liquidators of Three Arrows Capital, Ltd.* [ECF. No. 1118].

[14] The 3AC Settlement Agreement was first attached to the publicly filed *Genesis Debtors' Motion Pursuant to Federal Rule of Bankruptcy Procedure 9019(a) for Entry of an Order Approving Settlement Agreement with the Joint Liquidators of Three Arrows Capital, Ltd.* [ECF No. 906].

5

10. *Third*, the TAFL JLs' statement that they were "hampered in their investigation" as a result of the 3AC JLs' "refusal to share information" and "wrongful withholding" of TAFL's books and records is wholly misleading and grossly mischaracterizes the nature of discussions between the 3AC JLs and the TAFL JLs regarding the sharing of documents and information.

11. Far from "wrongfully withholding" information, the 3AC JLs have been available to share relevant documentation, books and records with the TAFL JLs, subject to entry into an appropriate confidentiality agreement, and any delay has been entirely of the TAFL JL's own making. A confidentiality agreement was necessary for the 3AC Debtor to prevent parties adverse to the 3AC Debtor's estate from receiving sensitive information and documents outside of the control or involvement of the 3AC JLs. In particular, the 3AC JLs sought to ensure that the 3AC Debtor's founders, who selected the TAFL JLs and signed the non-judicial shareholder resolution appointing them, should not access any documents shared with the TAFL JLs. Such a result would be materially damaging to the 3AC JLs' ongoing litigation against the founders. Entry into a confidentiality agreement was further necessitated by the fact that a number of documents requested by the TAFL JLs were obtained from sources in Singapore and are therefore subject to strict privacy laws in that jurisdiction.

12. The 3AC JLs' offer to produce documents subject only to an entry into a confidentiality agreement was extended as early as *February 2023*. And confidentiality agreement negotiations between the 3AC JLs and the TAFL JLs began in March 2023. The TAFL JLs ceased engaging in those negotiations shortly thereafter. Discussions only resumed after the TAFL JLs reiterated their document-sharing requests nearly a year later in February 2024, around the time when the TAFL JLs filed their chapter 15 petition, in part with a purpose of facilitating their

6

investigation.[15] Put differently, the TAFL JLs waited nearly an entire year to re-engage on negotiations surrounding the entry of a confidentiality agreement that the 3AC JLs made clear was a prerequisite to the sharing of information.

13. On May 3, 2024, after a year of delay by the TAFL JL, a confidentiality agreement was agreed upon and executed. Pursuant to such confidentiality agreement, the 3AC JLs shared nearly 2000 documents with the TAFL JLs between April 9 and May 15 2024. These 2000 documents include all documents the 3AC JLs identified as TAFL's books and records.

14. In light of the foregoing, any allegation that the 3AC JLs "wrongfully withheld" information from the TAFL JLs, or otherwise hampered their investigation, is simply incorrect. Nevertheless, and despite these unfortunate allegations, the 3AC JLs remain willing to work with the TAFL JLs in response to further document requests, as appropriate and within the confines of the agreed confidentiality agreement. The 3AC JLs reiterate, however, that they have already provided the TAFL JLs with all documents they have been able to identify as TAFL's books and records. To-date, the TAFL JLs have not requested that the 3AC JLs produce any additional documentation.

*[Remainder of Page Intentionally Left Blank.]*

---

[15] *See* Verified Petition for Recognition of Foreign Main Proceeding and for Related Relief Under Chapter 15 of the Bankruptcy Code, and Memorandum of Law in Support Thereof, *In re Three Arrows Fund, Ltd (In Liquidation)*, Case No. 24-10210 (MG) (Bankr. S.D.N.Y.), ECF No. 7, at ¶ 1.

Dated: June 18, 2024
      New York, New York

Respectfully submitted,

*/s/ Adam J. Goldberg*
Christopher Harris
Adam J. Goldberg
Nacif Taousse
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
Email:  chris.harris@lw.com
         adam.goldberg@lw.com
         nacif.taousse@lw.com

– and –

Nima H. Mohebbi (admitted *pro hac vice*)
Tiffany M. Ikeda (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071
Telephone: (213) 485-1234
Facsimile: (213) 891-8763
Email:  nima.mohebbi@lw.com
         tiffany.ikeda@lw.com

*Counsel to the Joint Liquidators
of Three Arrows Capital, Ltd. (in liquidation)*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 18th day of June, 2024, a true and correct copy of the foregoing was furnished to all ECF Participants via the Court's CM/ECF system.

/s/ *Adam J. Goldberg*
Adam J. Goldberg