Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
Andrew Weaver
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |
| | **Related Docket No. 1374** |

**DEBTORS' REPLY IN SUPPORT OF DEBTORS' MOTION
(I) FOR RELIEF FROM AUTOMATIC STAY, TO THE EXTENT
APPLICABLE, TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS
AND (II) TO ALLOW CERTAIN CLAIMS IN CONNECTION THEREWITH**

Genesis Global Holdco, LLC ("Holdco"), Genesis Global Capital, LLC ("GGC") and Genesis Asia Pacific Pte. Ltd. ("GAP"), as affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby submit this reply (the "Reply") in support of the *Debtors' Motion (I) For Relief From Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligations and (II) to*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

1

*Allow Certain Claims in Connection Therewith* (the "Motion")[2] (ECF No. 1374) and respectfully state as follows:

## REPLY

1. The Motion seeks solely to effectuate the Setoff Principles, which have already been approved by the Court as an essential element of the Debtors' Plan.[3] Indeed, the Court specifically found that "the Setoff Principles are an appropriate, consistent, and fair way to value" the Setoff Claims and "reflect an approach that values consistency and avoids any argument of unfair treatment in their compensation to creditors."[4] Notably, none of the Debtors' creditors, including the Setoff Claimants, objected to the Setoff Principles.[5] On May 31, 2024, the Court entered the Confirmation Order, which among other things, authorized the Debtors to effectuate the Setoff Principles, which became immediately effective, enforceable and binding on the Debtors and the Setoff Claimants.[6]

2. The sole remaining objection to the Motion does not challenge the Setoff Principles themselves; rather it challenges the Setoff Principles' application to a specific Setoff Claim.[7] The

---

[2] All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

[3] *See Findings of Fact, Conclusions of Law, and Order (I) Confirming the Debtors' Amended Joint Chapter 11 Plan and (II) Granting Related Relief* (the "Confirmation Order") (ECF No. 1736) ¶ 83; *Memorandum of Decision* (the "Confirmation Decision") (ECF No. 1691) at 84-87.

[4] Confirmation Decision at 87.

[5] *Id.*

[6] Confirmation Order ¶¶ 67, 76, 83.

[7] *See Objection of Chainview Capital Fund, LP to Debtors' Motion (I) for Relief From the Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligations and (II) to Allow Certain Claims in Connection Therewith* (the "Chainview Objection") (ECF No. 1442). A separate objection to the Motion filed by David Morton at ECF No. 1443 has also been adjourned, with prior Court approval (ECF No. 1776), to the July 16, 2024 hearing so that the parties can finalize an agreement in principle and submit a stipulation effectuating such agreement in advance of the adjourned hearing date.

2

Debtors, with the Court's prior approval, will respond to that objection, which has been adjourned to the July 16, 2024 hearing, through a separate pleading.[8]

3. In light of the Plan's confirmation, the approval of the Setoff Principles, and the absence of any unresolved objections as to the claims at issue, the Debtors respectfully request that the Court enter the revised Proposed Order attached hereto as Exhibit A.[9]

[*The remainder of this page is left blank intentionally*]

---

[8] *See* ECF No. 1765.

[9] A redline of changes made to the Proposed Order attached to the Motion is attached hereto as Exhibit B.

**CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter the revised Proposed Order and (b) grant such other and further relief as is just and proper.

| | |
|---|---|
| Dated: June 18, 2024<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>Andrew Weaver<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

4

**EXHIBIT A**

**Revised Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION (I) FOR RELIEF
FROM AUTOMATIC STAY, TO THE EXTENT APPLICABLE
TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS AND
(II) TO ALLOW CERTAIN CLAIMS IN CONNECTION THEREWITH**

Upon the *Debtors' Motion (I) For Relief From Automatic Stay, to the Extent Applicable, to Allow For Setoff of Mutual Obligations and (II) to Allow Certain Claims In Connection Therewith* (the "Motion")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order: (i) lifting the automatic stay, to the extent applicable, to allow the Debtors to exercise their rights to set off mutual amounts owing with respect to the Setoff Claims; (ii) to the extent required, permitting use of property of the Debtors' estates outside the ordinary course of business; (iii) reducing the Setoff Claims to reflects the Setoffs, and allowing the Reduced Claims; and (iv) granting related relief; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

§ 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons stated in the Motion, the Motion is GRANTED, subject to the provisions of this Order.

2. To the extent applicable, the automatic stay is lifted pursuant to section 362(d) of the Bankruptcy Code to permit GGC and each applicable Setoff Claimant, pursuant to section 558 of the Bankruptcy Code, to set off the Claimant Obligations listed in the column titled "Asset" of Exhibit 1 attached hereto with the corresponding GGC Obligations listed in the column titled "Liability" of Exhibit 1 attached hereto.

3. With respect to the Setoff Claims on Exhibit 1 attached hereto that consist of liabilities asserted in the Ad Hoc Group Master Claim, such liabilities are hereby modified according to the terms set forth in this Order. For the avoidance of doubt, to the extent that the Debtors file a subsequent motion or claim objection to the Ad Hoc Group Master Claim, the rights of the Ad Hoc Group and its members and the Debtors are fully preserved.

2

4.  Subject to paragraph 8 of this Order, each of the Reduced Claims identified on Exhibit 1 attached hereto is hereby allowed as a general unsecured claim in the applicable amount set forth in the column titled "Reduced Claims" of Exhibit 1 attached hereto.

5.  With the mutual written consent of the Debtors, any Setoff Claimant, the Committee and the Ad Hoc Group (which consent, in the case of the Committee and the Ad Hoc Group shall not be unreasonably withheld, conditioned or delayed), the Debtors may make distributions, in whole or in part, with respect to a Reduced Claim held by such Setoff Claimant allowed pursuant to this Order in Digital Assets (as defined in the Plan) other than as have been allowed in the applicable Reduced Claim.

6.  For the avoidance of doubt, nothing in the Motion or this Order shall govern, limit, alter, or determine, for purposes of distributions, allocation of distributable value, or methods of distribution pursuant to a chapter 11 plan of reorganization, the treatment, valuation, and/or denomination of any claims (including claims allowed pursuant to this Order). For the avoidance of doubt, all claims, whether allowed by this Order or otherwise, will be subject to, and treated in accordance with, the terms of a confirmed chapter 11 plan (including any distribution methodology and mechanics contained therein).

7.  This Order shall be deemed a separate Order with respect to each of the Setoff Claims identified on Exhibit 1. Any appeal and/or stay of this Order pending appeal by any Setoff Claimants whose Setoff Claims are subject to this Order shall only apply to the contested matter which involves such Setoff Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Motion or this Order.

3

8. The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

9. Nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor or Setoff Claimant, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, including on grounds of equitable subordination under Section 510(c) and/or disallowance under Section 502(d) of the Bankruptcy Code, (iii) a waiver of the right of a Setoff Claimant to dispute any Claim against such Setoff Claimant on any grounds whatsoever at a later date; (iv) a promise by or requirement on any Debtor or Setoff Claimant to pay any Claim, or (v) a waiver of the rights of the Debtors, the Setoff Claimants, the Official Committee of Unsecured Creditors, or any other party in interest under the Bankruptcy Code, any other applicable law, any Lender MLA or any Borrower MLA; *provided, however*, nothing in this paragraph shall limit or have any effect on the allowance of the Reduced Claims set forth in the column titled "Reduced Claims" of Exhibit 1 attached hereto.

10. The Motion satisfies the requirements set forth in Bankruptcy Rule 4001(a) and Bankruptcy Rule 6004(a).

11. The relief granted in this Order shall be effective immediately and shall not be subject to the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3) and Bankruptcy Rule 6004(h).

12. The Debtors shall serve this Order on all Setoff Claimants (and their counsel, if known) by email, if known, or overnight mail within (2) business days of entry of the Order.

4

13. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation, interpretation, enforcement of this Order.

Dated: _____, 2024
        White Plains, New York

                                            HONORABLE SEAN H. LANE
                                            UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT B**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION (I) FOR RELIEF
FROM AUTOMATIC STAY, TO THE EXTENT APPLICABLE
TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS AND
(II) TO ALLOW CERTAIN CLAIMS IN CONNECTION THEREWITH**

Upon the *Debtors' Motion (I) For Relief From Automatic Stay, to the Extent Applicable, to Allow For Setoff of Mutual Obligations and (II) to Allow Certain Claims In Connection Therewith* (the "Motion")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order: (i) lifting the automatic stay, to the extent applicable, to allow the Debtors to exercise their rights to set off mutual amounts owing with respect to the Setoff Claims; (ii) to the extent required, permitting use of property of the Debtors' estates outside the ordinary course of business; (iii) reducing the Setoff Claims to reflects the Setoffs, and allowing the Reduced Claims; and (iv) granting related relief; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2] Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Motion.

U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Case Management Order; such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. For the reasons stated in the Motion, the Motion is GRANTED, subject to the provisions of this Order.

2. To the extent applicable, the automatic stay is lifted pursuant to section 362(d) of the Bankruptcy Code to permit GGC and each applicable Setoff Claimant, pursuant to section 558 of the Bankruptcy Code, to set off the Claimant Obligations listed in the column titled "Asset" of Exhibit 1 attached hereto with the corresponding GGC Obligations listed in the column titled "Liability" of Exhibit 1 attached hereto.

3. With respect to the Setoff Claims on Exhibit 1 attached hereto that consist of liabilities asserted in the Ad Hoc Group Master Claim, such liabilities are hereby modified according to the terms set forth in this Order. For the avoidance of doubt, to the extent that the Debtors file a subsequent motion or claim objection to the Ad Hoc Group Master Claim, the rights of the Ad Hoc Group and its members and the Debtors are fully preserved.

4. Subject to paragraph 8 of this Order, each of the Reduced Claims identified on Exhibit 1 attached hereto is hereby allowed as a general unsecured claim in the applicable amount set forth in the column titled "Reduced Claims" of Exhibit 1 attached hereto.

5. With the mutual written consent of the Debtors, any Setoff Claimant, the Committee and the Ad Hoc Group (which consent, in the case of the Committee and the Ad Hoc Group shall not be unreasonably withheld, conditioned or delayed), the Debtors may make distributions, in whole or in part, with respect to a Reduced Claim held by such Setoff Claimant allowed pursuant to this Order in Digital Assets (as defined in the Plan) other than as have been allowed in the applicable Reduced Claim.

6. ~~5.~~ For the avoidance of doubt, nothing in the Motion or this Order shall govern, limit, alter, or determine, for purposes of distributions, allocation of distributable value, or methods of distribution pursuant to a chapter 11 plan of reorganization, the treatment, valuation, and/or denomination of any claims (including claims allowed pursuant to this Order). For the avoidance of doubt, all claims, whether allowed by this Order or otherwise, will be subject to, and treated in accordance with, the terms of a confirmed chapter 11 plan (including any distribution methodology and mechanics contained therein).

7. ~~6.~~ This Order shall be deemed a separate Order with respect to each of the Setoff Claims identified on Exhibit 1. Any appeal and/or stay of this Order pending appeal by any Setoff Claimants whose Setoff Claims are subject to this Order shall only apply to the contested matter which involves such Setoff Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Motion or this Order.

8.    ~~7.~~ The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

9.    ~~8.~~ Nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor or Setoff Claimant, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, including on grounds of equitable subordination under Section 510(c) and/or disallowance under Section 502(d) of the Bankruptcy Code, (iii) a waiver of the right of a Setoff Claimant to dispute any Claim against such Setoff Claimant on any grounds whatsoever at a later date; (iv) a promise by or requirement on any Debtor or Setoff Claimant to pay any Claim, or (v) a waiver of the rights of the Debtors, the Setoff Claimants, the Official Committee of Unsecured Creditors, or any other party in interest under the Bankruptcy Code, any other applicable law, any Lender MLA or any Borrower MLA; *provided, however*, nothing in this paragraph shall limit or have any effect on the allowance of the Reduced Claims set forth in the column titled "Reduced Claims" of Exhibit 1 attached hereto.

10.    ~~9.~~ The Motion satisfies the requirements set forth in Bankruptcy Rule 4001(a) and Bankruptcy Rule 6004(a).

11.    ~~10.~~ The relief granted in this Order shall be effective immediately and shall not be subject to the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3) and Bankruptcy Rule 6004(h).

4

12.    ~~11.~~ The Debtors shall serve this Order on all Setoff Claimants (and their counsel, if known) by email, if known, or overnight mail within (2) business days of entry of the Order.

13.    ~~12.~~ This Court shall retain jurisdiction over any and all issues arising from or related to the implementation, interpretation, enforcement of this Order.

Dated: _____, 2024
       White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE