**Presentment Date and Time: June 28, 2024 at 4:00 PM (ET)**
**Objection Deadline: June 27, 2024 at 4:00 PM (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF STIPULATION AND
ORDER BY AND AMONG THE DEBTORS AND
DAVID MORTON REGARDING THE DEBTORS' MOTION
(I) FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT
APPLICABLE, TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS
AND (II) TO ALLOW CERTAIN CLAIMS IN CONNECTION THEREWITH**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that, on June 21, 2024, the Debtors filed the *Stipulation and Order By and Among the Debtors and David Morton Regarding the Debtors' Motion (I) for Relief From the Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligations and (II) to Allow Certain Claims in Connection Therewith* (the "Stipulation and Order"), attached hereto as Exhibit A. The Stipulation and Order will be presented for signature to the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10601 on **June 28, 2024 at 4:00 PM (Eastern Time)** (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that responses or objections, if any, to the Stipulation and Order or the relief requested therein shall be made in writing and (a) filed with the Bankruptcy Court no later than **June 27, 2024 at 4:00 PM (Eastern Time)** (the "Objection Deadline") and (b) served as required by the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order").

**PLEASE TAKE FURTHER NOTICE** that if no written objections are timely filed and served with respect to the Stipulation and Order, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court the Stipulation and Order, which the Bankruptcy Court may enter without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that, if a written objection is timely filed and served by the Objection Deadline, the Debtors shall notice a hearing (the "Hearing") with respect to the Stipulation and Order, which shall be held via Zoom and attended by the Debtors and all objecting parties. Failure to attend the Hearing may result in entry of the Stipulation and Order without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that copies of the Stipulation and Order can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov (PACER password required) or (ii) from the Debtors' proposed notice and claims agent, Kroll Restructuring Administration LLC, which maintains a website at https://restructuring.ra.kroll.com/genesis or by calling +1 888 524 2017.

| | |
|---|---|
| Dated:   June 21, 2024<br>New York, New York | */s/ Luke A. Barefoot*<br>Sean A. O'Neal<br>Luke A. Barefoot<br>Jane VanLare<br>Thomas S. Kessler<br>CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>One Liberty Plaza<br>New York, New York 10006<br>Telephone: (212) 225-2000<br>Facsimile: (212) 225-3999<br><br>*Counsel to the Debtors*<br>*and Debtors-in-Possession* |

3

# EXHIBIT A

**Stipulation and Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[4] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER
BY AND AMONG THE DEBTORS AND
DAVID MORTON REGARDING THE DEBTORS' MOTION
(I) FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT
APPLICABLE, TO ALLOW FOR SETOFF OF MUTUAL OBLIGATIONS
AND (II) TO ALLOW CERTAIN CLAIMS IN CONNECTION THEREWITH**

---

[4] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich St., 38th Floor, New York, NY 10007.

This Stipulation and Order (the "Stipulation and Order")[2] is entered into on the date hereof, by and among Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), and David Morton ("Morton" or "Claimant" and together with the Debtors, the "Parties").

## RECITALS

1. On November 8, 2021, Genesis Global Capital, LLC ("GGC") and Morton entered into that certain Master Loan Agreement with GGC (the "Morton MLA"), pursuant to which GGC could, from time to time, loan digital assets and/or USD to Morton, subject to the terms and conditions therein. Under the Morton MLA, the terms of each individual loan would be set forth in a separate loan term sheet.

2. GGC and Morton subsequently executed loan term sheets under the Morton MLA, pursuant to which GGC loaned sums in U.S. Dollars to Morton, and Morton pledged 18.00 BTC as collateral to GGC (the "Morton Loan Term Sheet"). As of the Petition Date (as defined below), the outstanding principal balance of GGC's loans to Morton was $184,009.7.

3. On January 19, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date"). The Debtors are operating their businesses as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to Bankruptcy Rule 1015(b) (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases. On February 3, 2023, an

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the *Debtors' Motion (I) for Relief From the Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligations and (II) to Allow Certain Claims in Connection Herewith* (ECF No. 1374, the "Setoff Motion").

official committee of unsecured creditors (the "Committee") was appointed in these cases (ECF No. 55).

4. On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200, the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors must have submitted their proofs of claim.

5. On May 21, 2023, Morton filed proof of claim numbered 367 ("Claim No. 367") against GGC in the amount of 18.00 Bitcoin to recover collateral pledged pursuant to the Morton Loan Term Sheet.

6. On November 28, 2023, the Debtors filed the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 989, as amended, supplemented and/or revised, the "Plan"). On December 29, 2023, the Debtors filed the *Notice of Filing of Plan Supplement for the Debtors' Amended Joint Chapter 11 Plan* (ECF No. 1117, as may be amended, the "Plan Supplement"), which included, among other exhibits, Exhibit E listing certain digital assets and their U.S. Dollar equivalent as of 11:11 p.m. (prevailing Eastern time) on the Petition Date (the "Digital Assets Conversion Table").

7. On January 9, 2024, the Debtors filed a plan supplement, which included an exhibit entitled "Setoff Principles for Allowance of Certain Claims" (ECF No. 1144, Ex. M, the "Setoff Principles"), which provided an explanation of the principles that would govern the Debtors' exercise of their setoff rights with respect to the Setoff Claims, which were identified on Exhibit 1 thereto. The Setoff Principles provide that all digital asset values shall be determined as set forth in the Digital Assets Conversion Table.

8. On January 9, 2024, the Debtors listed Schedule F Claim Number GGC_3.1.0164, which represents Morton's claim against the Debtors, as subject to the Setoff Principles. See Ex. 1, Setoff Principles.

9. On February 23, 2024, the Debtors filed the Setoff Motion, which sought to effectuate the proposed Setoffs consistent with the Setoff Principles. The Setoff Motion was scheduled to be heard during a hearing on March 19, 2024, but was ultimately adjourned to a hearing on June 25, 2024. *See Notice of Further Adjournment of Debtors' Motion (I) for Relief From the Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligations and (II) to Allow Certain Claims in Connection Herewith* (ECF No. 1451); *Notice of Further Adjournment of Debtors' Motion (I) for Relief From the Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligations and (II) to Allow Certain Claims in Connection Herewith* (ECF No. 1560); *Notice of Further Adjournment of Debtors' Motion (I) for Relief From the Automatic Stay, to the Extent Applicable, to Allow for Setoff of Mutual Obligations and (II) to Allow Certain Claims in Connection Herewith* (ECF No. 1641); *Notice of Adjournment of the Hearing on Certain Motions to June 25, 2024* (ECF No. 1680).

10. On March 8, 2024, Morton filed the *Objection of David Morton to Debtors' Motion for Relief from the Automatic Stay to Allow for Setoff of Mutual Obligations* (ECF No. 1443, the "Objection"), in which Morton objected to the use of the Petition Date as the date of valuation for the collateral pledged by Morton pursuant to the Morton Loan Term Sheet.

11. On May 31, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Debtors' Amended Joint Chapter 11 Plan and (II) Granting Related Relief* (ECF No. 1736, the "Confirmation Order"), confirming the Debtors' Plan and approving the Setoff Principles. Confirmation Order ¶¶ 67, 76, 83.

4

12. On June 14, 2024, Morton paid to the Debtors $236,944.03, which represents the outstanding balance due to the Debtors under the Morton Loan Term Sheet, including Loan Fees and Late Fees (each as defined in the Morton MLA) accrued through June 14, 2024. Consequently, Morton no longer owes the obligation to the Debtors as set forth in the Setoff Motion.

13. Following Morton's payment in full of his obligations to the Debtors, the Parties have agreed to enter into and now jointly submit this Stipulation and Order.

**IT IS THEREFORE STIPULATED AND AGREED, AND UPON BANKRUPTCY COURT APPROVAL HEREOF, IT IS HEREBY ORDERED THAT**:

1. The above recitals are incorporated herein in their entirety.

2. Upon entry of this Stipulation and Order by this Court: (i) the Setoff Motion shall be deemed withdrawn as moot solely with respect to Claim No. 367; (ii) the Objection shall be deemed withdrawn with prejudice; and (iii) Claim No. 367 shall be deemed allowed in the amount of 18.00 BTC as a general unsecured prepetition claim against GGC, which allowed claim shall be (a) without any further offset or deduction of any kind and (b) exclusive of any interest which has accrued from and after the Petition Date, and which interest, if any, shall be paid in accordance with the terms of the Plan (including the Distribution Principles) and the Bankruptcy Court's determination on entitlement and amounts thereof. Claim No. 367 is classified under the Plan as a BTC-denominated unsecured claim against GGC, and any distributions on Claim No. 367 shall be governed by, and subject to, the Plan and the Distribution Principles.

3. For the avoidance of doubt, and except as expressly provided herein, nothing in this Order shall govern, limit, alter or determine, for purposes of distributions, allocation of distributable value, or methods of distribution pursuant to the Plan, the treatment and/or valuation

5

of any claims (including claims allowed pursuant to this Order). For the avoidance of doubt, all claims, whether allowed by this Order or otherwise, will be subject to, and treated in accordance with, the terms of the Plan (including any distribution methodology and mechanics contained therein).

4. This Stipulation and Order shall be binding upon and inure to the benefit of the Debtors, their estates and Morton, as well as their respective heirs, representatives, predecessors, successors and assigns, as the case may be. This Stipulation and Order shall be binding on any official committee, including the Committee, trustee or examiner appointed in the Debtors' Chapter 11 Cases and on all other creditors and parties in interest in the Debtors' Chapter 11 Cases.

5. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, (i) the terms of this Order shall be immediately effective and enforceable upon its entry, and (ii) the Debtors may, in their discretion and without further delay, take any action and perform any act authorized under this Order.

6. This Stipulation and Order may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original. A facsimile or email signature delivered by portable data format (.pdf) shall be deemed an original. Each Party who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party, that they have full knowledge of and have consented to the terms of this Stipulation and Order.

7. This Stipulation and Order contains the entire agreement between the Parties with respect to the subject matter hereof, and may only be modified in writing, signed by the Parties or their duly appointed agents.

8. Each of the undersigned parties represent that he or she (i) is authorized to execute and be bound by this Stipulation and Order on behalf of themselves or their client, and (ii) has full knowledge of and has consented to the terms of this Stipulation and Order.

9. For the avoidance of doubt, nothing herein shall constitute an assumption of any contract or agreement between the Parties.

10. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Stipulation and Order or any other actions to implement, interpret or enforce the terms and provisions of this Stipulation and Order.

11. The Debtors' claims agent, Kroll Restructuring Administration, and the Clerk of this Court are authorized to take any and all actions necessary and appropriate to give effect to this Stipulation and Order.

12. This Stipulation and Order is subject to the approval of the Court and shall be of no force and effect unless and until such approval is obtained. This Stipulation and Order shall be effective immediately upon approval by the Court.

Stipulated and agreed to by:

Dated: June 21, 2024
     New York, New York

| **CLEARY GOTTLIEB STEEN & HAMILTON LLP** | **FARRELL FRITZ, P.C.** |
|---|---|
| By:   */s/ Luke A. Barefoot*<br>    Sean A. O'Neal<br>    Luke A. Barefoot<br>    Jane VanLare<br>    Thomas S. Kessler<br>    CLEARY GOTTLIEB STEEN & HAMILTON LLP<br>    One Liberty Plaza<br>    New York, New York 10006<br>    Telephone: (212) 225-2000<br>    Facsimile: (212) 225-3999 | By:   */s/ Patrick Collins*<br>    Patrick Collins<br>    Farrell Fritz, P.C.<br>    400 RXR Plaza<br>    Uniondale, NY 11556<br>    Telephone: (516) 227-0700<br>    Facsimile: (516) 336-2232 |
| *Counsel to the Debtors and Debtors-in-Possession* | *Counsel to David Morton* |

**SO ORDERED THIS _____ DAY OF _____, 2024**

                                              HONORABLE SEAN H. LANE
                                              UNITED STATES BANKRUPTCY JUDGE