UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| | Jointly Administered |
| Debtors. | |

ORDER (I) APPROVING A SETTLEMENT
AGREEMENT WITH A CLAIMANT AND (II) GRANTING RELATED RELIEF

Upon the Motion[2] of Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") for entry of an order (this "Order") pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving a settlement and compromise by and among the Debtors and the holder of Claim No. 223 (the "Claimant" and together with the Debtors each a "Party" and collectively the "Parties")[3]; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and

---

[1] The Genesis Debtors in the Chapter 11 Cases, along with the last four digits of each Genesis Debtor's tax identification number (or equivalent identifier), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of the Chapter 11 Cases, the service address for the Genesis Debtors is 175 Greenwich Street, New York, New York, 10007.

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] Pursuant to the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (the "Sealing Order") (ECF No. 694), the Debtors have redacted the name of Claimant (who is an Individual Lender as defined in the Sealing Order). The Debtors shall provide unredacted copies of this Motion to those parties required under paragraph 5 of the Sealing Order.

consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that it has personal jurisdiction over Claimant; and due and proper notice of the relief sought in the Motion and the opportunity for a hearing thereon having been provided in accordance with the Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having held a hearing to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing, and upon all of the proceedings had before the Court; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Settlement Agreement is fair and reasonable, is a valid exercise of the Debtors' business judgment, and constitutes reasonably equivalent value among the parties thereto.

3. Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the Settlement Agreement is approved, and the Debtors are authorized to enter into the Settlement Agreement.

4. Upon the Settlement Effective Date (as defined in the Settlement Agreement), following receipt of the Settlement Payment, pursuant to the terms of the Settlement Agreement, Claim No. 223 shall be deemed expunged and satisfied.

5. The Parties are authorized to take any action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement in accordance with this Order, including without limitation to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement, effectuate, and fully perform under the Settlement Agreement in accordance with this Order.

6. This Court shall retain exclusive jurisdiction over the parties to the Settlement Agreement and any matters, claims, rights or disputes arising from or related to the Motion or the implementation, interpretation or enforcement of this Order.

Dated: July 1, 2024
      White Plains, New York

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE