**Hearing Date and Time: August 6, 2024 at 11:00 A.M. (ET)**
**Response Deadline: July 24, 2024 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

---

**THIS OBJECTION SEEKS TO DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR TIM WOLFE, ESQ.,
TWOLFE@CGSH.COM**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**NOTICE OF HEARING ON DEBTORS' THIRTY-SIXTH
OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (LATE FILED)**

 **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

 **PLEASE TAKE FURTHER NOTICE** that on July 3, 2024, the Debtors filed the *Debtors' Thirty-Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)* (the "Thirty-Sixth Omnibus Objection"). A hearing (the "Hearing") on the Thirty-Sixth Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498, the "Claims Procedures Order"). The Hearing will commence on **August 6, 2024, at 11:00 a.m. (Prevailing Eastern Time)**, and will be conducted through Zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. *See* Claims Procedures Order at 3.

 **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom Hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

 **PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Thirty-Sixth Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **July 24, 2024, at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.[3]

 **PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Thirty-Sixth Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Court an order substantially in the form annexed as **Exhibit A**

---

[2]    Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

[3]    See paragraph 28 of the Thirty-Sixth Omnibus Objection regarding submission of Responses written and signed by a claimant themselves rather than by an attorney on behalf of the claimant.

to the Thirty-Sixth Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

PLEASE TAKE FURTHER NOTICE copies of the Thirty-Sixth Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

PLEASE TAKE FURTHER NOTICE that the Hearing may affect your rights. Please read the Thirty-Sixth Omnibus Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

PLEASE TAKE FURTHER NOTICE that if you oppose the relief requested in the Thirty-Sixth Omnibus Objection, or if you want the Court to hear your position on the Thirty-Sixth Omnibus Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Thirty-Sixth Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:   July 3, 2024
         New York, New York

/s/ Luke A. Barefoot
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' THIRTY-SIXTH OMNIBUS**
**OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS**
**PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (LATE FILED)**

     **TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "THIRTY-SIXTH OMNIBUS OBJECTION" OR "OBJECTION"):**

- **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBIT 1 TO THE PROPOSED ORDER.**

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those certain claims listed on Exhibit 1 (the "Late Filed Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498, the "Claims Objection Procedures Order") and seek entry of the Proposed Order disallowing and expunging the Late Filed Claims. In support of this Objection, the Debtors submit the *Declaration of Andrew Sullivan in Support of the Debtors' Thirty-Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)* (the "Sullivan Declaration") attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## BACKGROUND

### A.    Debtors' Business and Procedural History

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc. Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28, together, the "First Day Declarations").[2]

3.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court.

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

The Debtors continue to operate their businesses and manage their properties as debtors-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4.     On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144, the "Schedules" and "Statements," respectively).

5.     On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200, the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

6.     The General Bar Date passed on May 22, 2023.  As of June 28, 2024, 1,665 proofs of claim have been filed against the Debtors.

7.     On May 17, 2024, the Court issued its *Memorandum of Decision* (ECF No. 1691, the "Confirmation Decision"), confirming the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 1392).

8.      On May 31, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Debtors' Amended Joint Chapter 11 Plan and (II) Granting Related Relief* (ECF No. 1736) (the "Confirmation Order").

**B.      The Claims Resolution Process**

9.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

10.     The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant"). Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328, the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581, the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694, the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors. The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents). The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

11.     The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance. To reduce the number of Claims, and to avoid improper recovery by Claimants, the Debtors will

continue to file omnibus objections to such categories of claims if and where warranted. This Objection is one such omnibus objection.

12.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors submit that this Objection and the notice provided to the Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

## RELIEF REQUESTED

13.     For the reasons set forth below, the Debtors object to each of the Late Filed Claims identified on Exhibit 1 to the Proposed Order, and respectfully request that the Late Filed Claims be disallowed and expunged in full on the basis that such Claims were not timely filed by the General Bar Date. The date on which each such Claim was filed after the General Bar Date is also identified on Exhibit 1 to the Proposed Order.

## BASIS FOR RELIEF

14.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *See id.* A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.* Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* The burden of persuasion is always on the claimant. *Id.*

15.     Section 502(b)(9) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is not timely filed." *See* 11 U.S.C. § 502(b)(9). The Second Circuit

"adheres to a strict observance of bar dates, and '[c]reditors act at their peril where they fail to adequately investigate and pursue their rights.'" *See In re SVB Financial Group,* Case No. 23-10367 (MG) (Bankr. S.D.N.Y. June 7, 2024) (ECF No. 1193) (citing *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010)). Courts in this district routinely sustain objections to claims on the basis that such claims are late filed. *In re LATAM Airlines Group S.A.*, Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 31, 2022) (ECF No. 5554) (disallowing and expunging late filed claims); *In re Grupo Aeromexico, S.A.B. de C.V.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. Apr. 21, 2022) (ECF No. 2892) (same); *In re Avaya Inc.*, Case No. 17-10089 (SMB) (Bankr. S.D.N.Y. Oct. 18, 2017) (ECF No. 1363) (same); *In re The Great Atl. & Pac. Tea Co., Inc.*, Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2016) (ECF No. 3134) (same); *In re St. Vincents Catholic Medical Centers of New York*, Case No. 10-11963 (CGM) (Bankr. S.D.N.Y. Sept. 20, 2011) (ECF No. 2019) (same). This Court has sustained similar objections on this basis. *See Order Granting Debtors' Twenty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)* (ECF No. 1600); May 25, 2024 Hr'g Tr. 36:11–37:4 (granting the *Debtors' Thirty-Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)* (ECF No. 1710)).

## **OBJECTION**

16.    The Debtors and/or their advisors have reviewed the Claims Register and each of the Late Filed Claims identified on Exhibit 1 to the Proposed Order, true and correct copies of the proofs of claim that are Late Filed Claims are attached to the Sullivan Declaration as Exhibits B-1 through B-8 (the "Proofs of Claim"). Based on this review, the Debtors have determined that each of the Late Filed Claims has been filed after the General Bar Date. *See* Proofs of Claim.

17.    The Bar Date Order provides in relevant part:

> Any holder of a Prepetition Claim that is not excepted from the requirements of this Order and fails to timely submit a Proof of Claim as required herein shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

*See* Bar Date Order ¶ 10.   Creditors identifiable through a debtor's own books and records are "known" creditors.  *Castleman v. Liquidating Tr.*, No. 6:06-CV-1077 (LEK), 2007 WL 2492792, at *4 (N.D.N.Y. Aug. 28, 2007) ("The requisite search instead focuses on the debtor's own books and records . . . . Only those claimants who are identifiable through a diligent search are "reasonably ascertainable" and hence "known" creditors.").   The Debtors caused notice of the General Bar Date to be served on all known creditors in accordance with the procedures outlined in the Bar Date Order.  *See Affidavit of Service* (ECF No. 261); *Supplemental Affidavit of Service* (ECF No. 306); *Supplemental Affidavit of Service* (ECF No. 323); *Supplemental Affidavit of Service* (ECF No. 340); *Supplemental Affidavit of Service* (ECF No. 341); *Supplemental Affidavit of Service* (ECF No. 399); *Supplemental Affidavit of Service* (ECF No. 795).

18.    Creditors who are not identifiable through a debtor's own books and records are unknown creditors.  *Castleman*, 2007 WL 2492792, at *4 ("An unknown creditor is one whose interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor].") (internal quotations omitted). Where creditors are unknown to a debtor, courts have regularly held that constructive notice by publication is adequate and satisfies the requirements of due process.  *In re BGI, Inc.*, 476 B.R. 812, 823 (Bankr. S.D.N.Y. 2012) (Debtors are "not required to provide notice of the kind required for known creditors to unknown creditors . . . [For unknown creditors] the Debtors were required to provide only constructive notice of the General Bar Date…."); *In re XO Commc'ns., Inc.*, 301 B.R. 782, 792 (Bankr. S.D.N.Y. 2003) ("If the creditor is "unknown" to the debtor . . . constructive notice is generally sufficient.  Constructive notice can be satisfied through publication notice….")

(internal citations omitted); *In re O.P.M. Leasing Servs., Inc.*, 48 B.R. 824, 831 (S.D.N.Y. 1985) ("The Court . . . finds that notice by publication is an adequate form of notice to advise a party of the entry of a bar order."); *Matter of Weis Sec. Inc.*, 411 F. Supp. 194, 195 (S.D.N.Y. 1975), *aff'd sub nom. Siedman v. Redington*, 583 F.2d 313 (2d Cir. 1976), and *aff'd sub nom. In re Weis Sec.*, 538 F.2d 317 (2d Cir. 1976); *see Castleman*, 2007 WL 2492792, at *2 ("The Court noted that due process entitled known creditors to actual notice, but that debtors can provide constructive notice to unknown creditors."). Further, courts have consistently held that debtors are not required to engage in a vast, open-ended investigation to identify potential creditors. *See Castleman*, 2007 WL 2492792, at *4 ("The requisite search instead focuses on the debtors' own books and records. Efforts beyond a careful examination of these documents are generally not required.") (internal quotations omitted).

19. Consistent with the requirements of due process, the Debtors caused constructive notice of the General Bar Date to be served on all unknown Claimants of the Debtors by publication in the *New York Times* and *USA Today*. *See Certificate of Publication* (ECF No. 229); *Certificate of Publication* (ECF No. 230); *Certificate of Publication* (ECF No. 1065); *Certificate of Publication* (ECF No. 1066). The Debtors submitted the proposed form and scope of publication notice for the Court's review prior to publication in connection with the *Debtors' Application for an Order (I) Establishing Bar Dates for Filing Proofs of Claim; (II) Approving Proof of Claim Forms, Bar Date Notices, and Mailing and Publication Procedures; (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims; and (IV) Providing Certain Supplemental Relief* (ECF No. 135). The Court approved the form and scope of publication notice, and determined that such notice was "good, adequate, and sufficient publication notice of the Bar Dates." Bar Date Order ¶ 19; *see also id.* ¶ 3.

20.     All of the Late Filed Claims were filed by Claimants who were not identifiable through a careful review of the Debtors' Books and Records.[3]  *See* Sullivan Decl. ¶ 13.  Such Claimants are accordingly "unknown" Claimants, and were not served with actual notice of the Bar Date.  *See Affidavit of Service* (ECF No. 261).  Nonetheless, in the Bar Date Order, the Court has already determined that the unknown Claimants subject to this Objection received adequate constructive notice through the Debtors' publication of notice of the General Bar Date.  *See* Bar Date Order ¶ 19.

21.     Allowing the Late Filed Claims would be to the detriment of other similarly-situated Claimants who properly filed their Claims in a timely manner pursuant to the Bar Date Order, as it would reduce the ultimate distributions to such Claimants.  Similarly, allowing the Late Filed Claims could provide incentive and opportunity for other Claimants to seek to file late claims without justification.  Having to reconcile Late Filed Claims after the Court has entered its Confirmation Decision on the Debtors' chapter 11 plan also raises the prospect of potential interference with the Debtors' efforts to make timely distributions.  This Court has sustained similar prior omnibus claims objections on the basis that such claims were filed after the General Bar Date.  *See Order Granting Debtors' Twenty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)* (ECF No. 1600); May 25, 2024 Hr'g Tr. 36:11–37:4 (granting the *Debtors' Thirty-Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)* (ECF No. 1710)).  In addition, the Debtors have previously asserted the filing of

---

[3]     One of the Late Filed Claims, claim number 1654, included as supporting documentation wire transfer confirmations indicating a relationship with Gemini Trust Company, LLC ("Gemini").  However, counsel for Gemini could not confirm that the holder of Claim No. 1654 was a Gemini Earn User.  Additionally, another of the Late Filed Claims, claim number 1660, purports to amend claim number 1409, which was disallowed in full and expunged as late filed in the *Order Granting Debtors' Twenty-Fourth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)* (ECF No. 1600).

claims after the General Bar Date as an alternative basis for disallowance in numerous prior omnibus claims objections, which the Court has granted for the reasons stated in those objections. *See, e.g., Debtors' Nineteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Insufficient Documentation)*, ¶ 11, n.3 (ECF No. 1141); *Order Granting Debtors' Nineteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability and Insufficient Documentation)* (ECF No. 1301); *Debtors' Twenty-Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)*, ¶ 11, n.3 (ECF No. 1475); *Order Granting Debtors' Twenty-Fifth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1599).

22.     The bar date is "an integral step in the reorganization process." *In re Republic Airways Holdings Inc.*, 573 B.R. 84, 92 (Bankr. S.D.N.Y. 2017) (quoting *In re AMR Corp.*, 492 B.R. 660, 663 (Bankr. S.D.N.Y. 2013). It allows "the parties in interest to ascertain with reasonable promptness the identity of those making claims against the estate and the general amount of the claims, a necessary step in achieving the goal of successful reorganization." *In re AMR Corp.*, 492 B.R. 660, 663 (quoting *In re Best Prods. Co., Inc.*, 149 B.R. 363, 357 (Bankr. S.D.N.Y. 1992)). "If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined." *Id.* (quoting *Fidelity Bank, N.A. v. Hooker Investments, Inc. (In re Hooker Investments, Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991)). The Late Filed Claims were filed between eleven and twelve months after the passage of the General Bar Date. *See* Proofs of Claim.

23.      Finally, Bankruptcy Rule 9006(b)(1) provides the criteria for analyzing whether to permit an act "required or allowed to be done at or within a specified period by the [Bankruptcy Rules] or by a notice thereunder or an order of the court."  If the deadline has already passed, the Rule provides that the court may "on motion . . . permit the act to be done where the failure to act was the result of excusable neglect."  Fed. R. Bankr. P. 9006(b)(1).  The Debtors respectfully submit that, because no attempt was made by any of the Claimants subject to this Objection to seek the Court's leave to extend the General Bar Date or to take an action outside the period specified by the Bar Date Order, the claimants cannot now, in response to an objection to their Late Filed Claims (if any such responses are ultimately filed) rather than on their own motion, obtain a finding of excusable neglect.  *See In re Manhattan Jeep Chrysler Dodge, Inc.*, 599 B.R. 247, 255 (Bankr. S.D.N.Y. 2019) ("A person who wishes to obtain relief on grounds of excusable neglect ought to act promptly in seeking that relief."); *In re AMR Corp.*, No. 11-15463 (SHL), 2016 WL 1068955, at \*5 (Bankr. S.D.N.Y. Mar. 17, 2016) (denying pro se claimant's motion for extension of time to file proof of claim, which was filed a few days after the bar date, where "shse did not take prompt action to address the lateness of her claim."); *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (observing that the Second Circuit "has focused on" the party's reason for delay as the key factor); *In re Aargus Polybag Co., Inc.*, 172 B.R. 586, 590 (Bankr. N.D. Ill. 1994) ("On procedural grounds, [claimant] failed to satisfy the requirements of Rule 9006(b)(1) when it made its request for enlargement in a responsive pleading instead of a motion.").  This is particularly the case where over a year has passed since the Bar Date and none of the claimants have taken any action to seek findings of excusable neglect to have their untimely claims permitted to be filed after the Bar Date.

24.     For the reasons set forth above, the Debtors request that the Court disallow and expunge each of the Late Filed Claims in its entirety.

## SEPARATE CONTESTED MATTERS

25.     To the extent that a response is filed regarding any Late Filed Claims listed in this Objection and the Debtors are unable to resolve the response, such Claim and the Objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding this Objection shall be deemed a separate order with respect to each Late Filed Claim.

## RESPONSES TO OMNIBUS OBJECTION

26.     To contest this Objection, a Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 P.M.** (prevailing Eastern Time) on **July 24, 2024** (the "Response Deadline").  Every Response must be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the "Docket") and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., Jane VanLare, Esq. and Thomas S. Kessler, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, jvanlare@cgsh.com, tkessler@cgsh.com
>
> -and-
>
> Genesis Global Holdco, LLC
> 175 Greenwich St., 38th Fl.
> New York, NY 10007
> Attn: Andrew Sullivan
> Asullivan@Genesistrading.com

-and-

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Attn: Philip Abelson, Esq.
philip.abelson@whitecase.com

-and-

Bankruptcy Court of the Southern District of New York
Chambers of Judge Sean H. Lane
300 Quarropas Street
White Plains, NY 10610
Attn: Chambers of Judge Sean H. Lane

27.    Every Response to this Objection must contain, at minimum, the following information:

a.    A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.    The name of the Claimant and description of the basis for the Claim;

c.    The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d.    A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection

e.    Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);

f.    The address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in your Proof of Claim; and

g.    The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

28.    Additionally, where a Claimant sends the Court a written Response that is not signed by an attorney, and the Claimant does not file the Response on the docket, the Claimant

**must** include with its Response a completed Court Communication Form (as defined, and in accordance with the requirements set forth, in the *Notice of Protocol for Written Communications to the Bankruptcy Court by Creditors*, ECF No. 1094, the "Written Communications Protocol") authorizing the Court to file the Response on the Court docket and acknowledging that the Claimant's name and any contact information included in the Response as well as in the Court Communication Form will be publicly available. The Court Communication Form is attached as Exhibit A to the Written Communications Protocol. **Failure to include a completed Court Communication Form or to consent to this acknowledgement will result in the Response not being filed on the docket or considered by the Court.** Written Communications Protocol at 2.

29.     If any Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the Late Filed Claims, without further notice to the Claimant or a hearing.

## REPLIES TO RESPONSES

30.     The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

31.     The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection. In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving the person designated in the Response.

## RESERVATION OF RIGHTS

32.     The Debtors expressly reserve the right to amend, modify or supplement this Objection. Should the grounds of objection stated in this Objection be dismissed or overruled, the

Debtors reserve the right to object to each of the Late Filed Claims on any other grounds that the Debtors discover or elect to pursue. This Objection sets out non-substantive objections to each of the Late Filed Claims identified in <u>Exhibit 1</u> to the Proposed Order. The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the Late Filed Claims set forth on <u>Exhibit 1</u> at a later time, to the extent consistent with the Claims Objection Procedures Order.

33.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

## NOTICE

34.     The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "<u>Case Management Order</u>"). The Debtors respectfully submit that no other or further notice need be provided.

## NO PRIOR REQUEST

35.     No prior request for the relief requested herein has been made to this or any other Court.

[*The remainder of this page is left blank intentionally.*]

## CONCLUSION

WHEREFORE, for the reasons set forth herein the Debtors respectfully request

that this Court (a) enter the Proposed Order disallowing in full each of the Late Filed Claims

listed on Exhibit 1 and (b) grant such other and further relief as is just and proper.


Dated:    July 3, 2024                          */s/ Luke A. Barefoot*
          New York, New York                    Sean A. O'Neal
                                                Luke A. Barefoot
                                                Jane VanLare
                                                Thomas S. Kessler
                                                CLEARY GOTTLIEB STEEN &
                                                HAMILTON LLP
                                                One Liberty Plaza
                                                New York, New York 10006
                                                Telephone: (212) 225-2000
                                                Facsimile: (212) 225-3999

                                                *Counsel to the Debtors*
                                                *and Debtors-in-Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER GRANTING DEBTORS' THIRTY-SIXTH
### OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS
### PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (LATE FILED)

Upon the *Debtors' Thirty-Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging in full each of the Late Filed Claims identified on Exhibit 1 attached hereto (the "Order"); and upon the *Declaration of Andrew Sullivan in Support of Debtors' Thirty-Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the Late Filed Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the Late Filed Claims identified on Exhibit 1 attached hereto.

2.      Each of the Late Filed Claims identified on Exhibit 1 is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.      This Order shall be deemed a separate Order with respect to each of the Late Filed Claims identified on Exhibit 1.  Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

4.      The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

5.      Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors of the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors of the Official Committee of Unsecured Creditors under the Bankruptcy Code or any other applicable law.

6.      This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: _____, 2024
       White Plains, New York

_____

HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

**Late Filed Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirty-Sixth Omnibus Objection**
**Exhibit 1 - Late Filed Claims**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 1 | NAME REDACTED<br>ADDRESS REDACTED<br>*Reason: Filed after the General Bar Date.* | 1657 | Genesis Global Holdco, LLC | 05/24/24 | USD 626 |
| 2 | NAME REDACTED<br>ADDRESS REDACTED<br>*Reason: Filed after the General Bar Date.* | 1652 | Genesis Global Holdco, LLC | 05/14/24 | USD 2,875† |
| 3 | NAME REDACTED<br>ADDRESS REDACTED<br>*Reason: Filed after the General Bar Date.* | 1658 | Genesis Global Capital, LLC | 05/30/24 | USD 2,520.55 |
| 4 | NAME REDACTED<br>ADDRESS REDACTED<br>*Reason: Filed after the General Bar Date.* | 1660 | Genesis Global Capital, LLC | 06/02/24 | SOL 1,950.82† |
| 5 | NAME REDACTED<br>ADDRESS REDACTED<br><br>*Reason: Filed after the General Bar Date.* | 1656 | Genesis Global Capital, LLC | 05/20/24 | BTC 0.151882203<br>SHIB 0.15182203<br>XLM 0.106862<br>ETH 0.02199<br>USD 11,000 |
| 6 | NAME REDACTED<br>ADDRESS REDACTED<br>*Reason: Filed after the General Bar Date.* | 1653 | Genesis Global Holdco, LLC | 05/15/24 | BTC 7<br>USD 462,000 |
| 7 | NAME REDACTED<br>ADDRESS REDACTED<br>*Reason: Filed after the General Bar Date.* | 1654 | Genesis Asia Pacific Pte. Ltd.<br>(Singapore) | 05/16/24 | BTC 3<br>USD 38,500 |

†Indicates claim contains unliquidated and/or undetermined amounts

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirty-Sixth Omnibus Objection**
**Exhibit 1 - Late Filed Claims**

## CLAIMS TO BE DISALLOWED

| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT |
|---|---|---|---|---|---|
| 8 | NAME REDACTED ADDRESS REDACTED | 1661 | Genesis Global Holdco, LLC | 06/02/24 | USD 5,000 |
| | *Reason: Filed after the General Bar Date.* | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts

## **EXHIBIT B**

**Sullivan Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DECLARATION OF ANDREW SULLIVAN**
**IN SUPPORT OF DEBTORS' THIRTY-SIXTH OMNIBUS**
**OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMS**
**PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (LATE FILED)**

I, Andrew Sullivan, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

**BACKGROUND**

1.      I am the General Counsel for the Debtors.  I am generally familiar with the day-to-day operations and affairs of the Debtors.

2.      In my capacity as General Counsel, I am authorized to submit this Declaration in support of the *Debtor's Thirty-Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Late Filed)* (the "Objection").[2]

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' business practices, or information supplied to me by members of the Debtors' management, other personnel and professional advisors regarding the

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Debtors' business practices, or my opinion based on my experience, knowledge and information concerning the Debtors' business practices. To the extent that the Debtors learn that any information provided herein is materially inaccurate, the Debtors will act promptly to notify the Court and other parties; however, I believe all information herein to be true to the best of my knowledge, information and belief. I am authorized to submit this Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

### **<u>FACTUAL BASIS OF OBJECTION</u>**

4. I, or one or more of the Debtors' employees or advisors operating under my supervision and/or at my direction, have reviewed each of the Claims identified on <u>Exhibit 1</u> to the Proposed Order (the "<u>Late Filed Claims</u>"), and the facts and circumstances set forth in the Objection regarding such Claims.

5. A true and correct copy of claim number 1652 ("<u>Claim No. 1652</u>") is attached here as <u>Exhibit B-1</u>.

6. A true and correct copy of claim number 1653 ("<u>Claim No. 1653</u>") is attached here as <u>Exhibit B-2</u>.

7. A true and correct copy of claim number 1654 ("<u>Claim No. 1654</u>") is attached here as <u>Exhibit B-3</u>.

8. A true and correct copy of claim number 1656 ("<u>Claim No. 1656</u>") is attached here as <u>Exhibit B-4</u>.

9. A true and correct copy of claim number 1657 ("<u>Claim No. 1657</u>") is attached here as <u>Exhibit B-5</u>.

10.     A true and correct copy of claim number 1658 ("Claim No. 1658") is attached here as Exhibit B-6.

11.     A true and correct copy of claim number 1660 ("Claim No. 1660") is attached here as Exhibit B-7.

12.     A true and correct copy of claim number 1661 ("Claim No. 1661") is attached here as Exhibit B-8.

13.     All of the Late Filed Claims—Claim Nos. 1652, 1653, 1654, 1656, 1657, 1658, 1660, and 1661—were filed by Claimants who were not identifiable through a careful review of the Debtors' Books and Records.  Such Claimants are accordingly "unknown" to the Debtors.

14.     I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the Late Filed Claims identified on Exhibit 1 to the Proposed Order should be disallowed in full.

15.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


Executed on July 3, 2024                    /s/ Andrew Sullivan
                                            Andrew Sullivan

**Exhibit B-1**

**Claim No. 1652**

[**Redacted for PII**]

**Exhibit B-2**

**Claim No. 1653**

[Redacted for PII]

**Exhibit B-3**

**Claim No. 1654**

[Redacted for PII]

**Exhibit B-4**

**Claim No. 1656**

[Redacted for PII]

**Exhibit B-5**

**Claim No. 1657**

[Redacted for PII]

**Exhibit B-6**

**Claim No. 1658**

[**Redacted for PII**]

**Exhibit B-7**

**Claim No. 1660**

[**Redacted for PII**]

**<u>Exhibit B-8</u>**

**Claim No. 1661**

[Redacted for PII]