**Hearing Date and Time: August 6, 2024 at 11:00 A.M. (ET)**
**Objection Deadline: July 24, 2024 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

---

**THIS OBJECTION SEEKS TO DISALLOW AND
EXPUNGE CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR TIM WOLFE, ESQ.,
TWOLFE@CGSH.COM**

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]     The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**NOTICE OF HEARING ON
DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION
(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT
TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (DUPLICATE AND SATISFIED)**

      **PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

      **PLEASE TAKE FURTHER NOTICE** that on July 3, 2024 the Debtors filed the *Debtors' Thirty-Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate and Satisfied)* (the "Thirty-Seventh Omnibus Objection"). A hearing (the "Hearing") on the Thirty-Seventh Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44) (the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Procedures Order"). The Hearing will commence on **August 6, 2024, at 11:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. *See* Claims Procedures Order ¶ 3.

      **PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

      **PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Thirty-Seventh Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **July 24, 2024 at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.[3]

      **PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Thirty-Seventh Omnibus Objection, the Debtors may, on or after the

---

[2]      Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

[3]      See paragraph 40 of the Thirty-Seventh Omnibus Objection regarding submission of Responses written and signed by a claimant themselves rather than by an attorney on behalf of the claimant.

Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Thirty-Seventh Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

    **PLEASE TAKE FURTHER NOTICE** copies of the Thirty-Seventh Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450. Note that a PACER password is needed to access documents on the Court's website.

    **PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Thirty-Seventh Omnibus Objection carefully and, if you have one available, discuss it with your attorney. (If you do not have an attorney, you should consider consulting with one.)

    **PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Thirty-Seventh Omnibus Objection, or if you want the Court to hear your position on the Thirty-Seventh Omnibus Objection, then you or your attorney must attend the Hearing. If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Thirty-Seventh Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:  July 3, 2024
    New York, New York

             */s/ Luke A. Barefoot*
             Sean A. O'Neal
             Luke A. Barefoot
             Jane VanLare
             Thomas S. Kessler
             CLEARY GOTTLIEB STEEN &
             HAMILTON LLP
             One Liberty Plaza
             New York, New York 10006
             Telephone: (212) 225-2000
             Facsimile: (212) 225-3999

             *Counsel to the Debtors*
             *and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

**DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT**
**TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (DUPLICATE AND SATISFIED)**

TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "<u>THIRTY-SEVENTH OMNIBUS OBJECTION</u>" OR "<u>OBJECTION</u>"):

- **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBIT 1 TO THE PROPOSED ORDER.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED, OR OTHERWISE AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those claims listed on Exhibit 1 (the "Disputed Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498) (the "Claims Objection Procedures Order") and seek entry of the Proposed Order disallowing and expunging the Disputed Claims, provided, however, that the liabilities asserted in such claims will survive at the amount asserted in, and for purposes of, the master claim filed by Gemini Trust Company, LLC ("Gemini," and the master claim filed by Gemini, the "Gemini Master Claim") on behalf of the Gemini Lenders (as defined below).  In support of this Objection, the Debtors submit the *Declaration of Timothy Wolfe in Support of the Debtors' Thirty-Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate and Satisfied)* (the "Wolfe

Declaration"), attached hereto as <u>Exhibit B</u> and incorporated by reference and respectfully state as follows:

## INTRODUCTION[2]

1.      The Debtors, with the aid of their advisors, have identified proofs of claim filed by individual Gemini Lenders that, based upon all relevant information, are duplicative of the Gemini Master Claim filed by Gemini on behalf of the Gemini Lenders pursuant to the authority granted by this Court.  Specifically, the Debtors and/or their advisors have reviewed the Disputed Claims and believe them to be duplicates of the Gemini Master Claim based on one or more of the following factors:

(a)     The claimant, upon filing the Disputed Claim, indicated that they were Gemini Lenders by answering "yes" to either of the following two questions on the proof of claim form:

(i)     Are you a current or former Gemini Trust Company, LLC user?

(ii)    If yes, is your claim related to any loans you made through the Gemini Earn Program?

(b)     The support provided in the applicable proof of claim indicates that the basis of the Disputed Claim is the Gemini Earn Program (as defined below).

(c)     Through informal exchanges of information between the Debtors and Gemini, Gemini has indicated that the Disputed Claim is included as part of the Gemini Master Claim.

---

[2]      All capitalized terms in this Introduction shall have the meaning ascribed to them elsewhere in the Objection.

2.      Further, three of the Disputed Claims allege fraud as one of the bases for the claim.[3]

To the extent the Disputed Claims allege damages related to alleged fraud, such Claims have

already been satisfied as a result of the Gemini Settlement Order, as defined below, that provided

for distributions in full satisfaction of each individual Gemini Lender's claim.

3.      In order to avoid double recovery for the same alleged liability, the Debtors move

to expunge and disallow the Disputed Claims.  For the avoidance of doubt, the same liability

asserted in the Disputed Claims has been preserved through the Gemini Master Claim, as approved

by the Court pursuant to the Gemini Master Claim Allowance Stipulation and Order, as defined

below.  The Court has previously granted identical relief with respect to hundreds of Claims

deemed duplicates of the Gemini Master Claim.  *See, e.g., Order Granting Debtors' Twentieth

Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R.

Bankr. P. 3007 (Duplicate)* (ECF No. 1302); *Order Granting Debtors' Twenty-First Omnibus

Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr.

P. 3007 (Duplicate)* (ECF No. 1572); *Order Granting Debtors' Twenty-Sixth Omnibus Objection

(Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007

(Duplicate)* (ECF No. 1601).

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory

---

[3]      Claim number 848 ("Claim No. 848"), claim number 869 ("Claim No. 869") and claim number 1611
("Claim No. 1611") assert alleged fraud or wrongdoing as one of the bases for the claim.

bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy Rule 3007.

## BACKGROUND

### A.    Debtors' Business and Procedural History

5.    Holdco (together with the other Debtors and Holdco's non-Debtor subsidiaries, the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat currency. The Debtors engage in lending, borrowing and certain trading services, while the non-Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services. Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc.  Additional information regarding the Debtors' business, capital structure and the circumstances leading to the commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and Applications in Compliance with Local Rule 1007-2* (ECF No. 28) (together, the "First Day Declarations").[4]

6.    On January 19, 2023, the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the

---

[4].    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declarations.

*Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

7.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144) (the "Schedules" and "Statements," respectively).

8.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims and (IV) Providing Certain Supplemental Relief* (ECF No. 200) (the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

9.      On May 17, 2024, the Court issued its *Memorandum of Decision* (ECF No. 1691, the "Confirmation Decision"), confirming the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 1712).

10.      On May 31, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Debtors' Amended Joint Chapter 11 Plan and (II) Granting Related Relief* (ECF No. 1736) (the "Confirmation Order").

**B.      Relationship Between the Debtors and Gemini**

11.      Prior to the Petition Date, Debtor Genesis Global Capital, LLC ("GGC") engaged in borrowing activities with Gemini for the ultimate benefit of certain Gemini users that elected to

provide loans to GGC through an investment program (the "Gemini Earn Program").  Through the

Gemini Earn Program, a subset of Gemini's users (each a "Gemini Lender") agreed to lend certain

of their digital assets custodied on Gemini's cryptocurrency platform to GGC (the "Gemini

Borrowings") in exchange for the return of such digital assets upon request or at the expiration of

a specified period and the payment by GGC of a loan fee.  Under the terms of the relevant master

loan agreements ("Gemini MLAs") between GGC, Gemini and each Gemini Lender, the Gemini

Lenders appointed Gemini to act as agent in connection with the Gemini Borrowings.  In turn,

GGC received and paid interest on the Gemini Lenders' assets and lent the assets to institutional

borrowers.

12.    Given the nature of the Gemini Borrowings and Gemini's appointment as agent for

each Gemini Lender under the Gemini MLAs, the Bar Date Order authorized and directed Gemini

to file a master claim on behalf of each of the Gemini Lenders pursuant to section 501(a) of the

Bankruptcy Code against GGC and/or any other Debtor that Gemini determined may have liability

to the Gemini Lenders for repayment of the Gemini Borrowings.  *See* Bar Date Order ¶ 7.  Gemini

timely filed three (3) such claims on behalf of all Gemini Lenders, based on Gemini's review of

its books and records.  *See* Claim Nos. 356, 369, and 400.  The Debtors subsequently objected to

Gemini's claims against GAP and Holdco on the basis that Gemini improperly filed their claim

against multiple Debtors where only a single Debtor, GGC, was potentially liable.  *See Debtors'*

*Sixteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502*

*and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1059) (the "Sixteenth Omnibus Objection").

The Court granted the Sixteenth Omnibus Objection, entering the *Order Granting Debtors'*

*Sixteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502*

*and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1270).  The Debtors herein refer to Gemini's remaining claim against GGC, Claim No. 356, as the Gemini Master Claim.

13.    The Bar Date Order also approved the proof of claim form for use in these Chapter 11 Cases (attached as Exhibit A to the Bar Date Order), which included as question 8 ("Question 8") the following inquiries for each potential claimant to answer:

  (a)    What is the basis of the claim?

  (b)    Are you a current or former Gemini Trust Company, LLC user?

  (c)    If yes, is your claim related to any loans you made through the Gemini Earn Program?

*See* Bar Date Order, Exhibit A at 3.

14.    The General Bar Date passed on May 22, 2023.  As of June 28, 2024, 1,665 proofs of claim have been filed against the Debtors.

15.    On March 19, 2024, the Debtors filed the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders, and the Official Committee of Unsecured Creditors* (ECF No. 1499) (the "Gemini Settlement Motion"), seeking entry of an order approving the settlement agreement between the Debtors, Gemini, the Ad Hoc Group of Genesis Lenders, and the Official Committee of Unsecured Creditors (the "Settlement Agreement").

16.    On April 19, 2024, the Court entered the *Order Approving Settlement Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders and the Official Committee of Unsecured Lenders* (ECF No. 1598) (the "Gemini Settlement Order"), that provided for distributions in full satisfaction of each individual Gemini Lender's claim.

17.     On April 19, 2024, the Court entered the *Stipulation and Order by and Between the Debtors and Gemini Trust Company, LLC, on Behalf of Gemini Lenders, Allowing the Gemini Master Claim (Claim No. 356)* (ECF No. 1597) (the "Gemini Master Claim Allowance Stipulation and Order"), allowing the Gemini Master Claim as a general unsecured pre-petition claim against GGC in the amount and type of Digital Assets as of the Petition Date as set forth in the Gemini Master Claim Allowance Stipulation and Order.

18.     On May 29, 2024, Gemini filed the *Notice of Distribution to Gemini Lenders and Compliance with the Settlement Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders, and the Official Committee of Unsecured Creditors* (ECF No. 1717) (the "Initial Notice of Distribution"), affirming that on that date, Gemini delivered 97.76% of the Gemini Distribution Assets in accordance with Section 2.1 of the Settlement Agreement.

19.     On June 21, 2024, Gemini filed the *Notice of Distribution to Gemini Lenders of Completion Digital Assets Resulting in 100% In Kind Distributions to Gemini Lenders* (ECF No. 1791) (the "Second Notice of Distribution"), affirming that as of that date, Gemini Lenders had received 100% of the Gemini Distribution Assets pursuant to the Settlement Agreement.

C.     **The Claims Resolution Process**

20.     In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

21.     The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant"). Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 238) (the "Protective Order"),

9

much of that information is maintained under seal to protect the confidentiality of the Debtors'
creditors. The Debtors and their advisors are comprehensively reviewing and reconciling all
claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims
asserted in the Proofs of Claim (including any supporting documents). The Debtors are also
comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine
the validity of the asserted Claims.

22.     The reconciliation process includes identifying particular categories of claims that
may be targeted for disallowance, reduction and allowance or reclassification and allowance. To
reduce the number of Claims, and to avoid possible double recovery or otherwise improper
recovery by Claimants, the Debtors will continue to file omnibus objections to such categories of
claims if and where warranted. This Objection is one such omnibus objection.

23.     The Debtors and/or their advisors reviewed the Claims Register, the Schedules, the
Debtors' Books and Records, the Gemini Master Claim and each of the Disputed Claims and
identified the Disputed Claims as individual claims filed by Gemini Lenders (the "Gemini
Claimants" and each a "Gemini Claimant") that participated in the Gemini Earn Program and
whose claims are therefore duplicative of the Gemini Master Claim. *See* Ex. B, Wolfe Decl. ¶¶ 5–
6. The Debtors and/or their advisors made such a conclusion based on one or more of the following
factors:

(a)     The Claimant, upon filing the Disputed Claim indicated that they were Gemini
        Lenders by answering "yes" to either of the following two questions on the proof
        of claim form:

        (i)     Are you a current or former Gemini Trust Company, LLC user?

        (ii)    If yes, is your claim related to any loans you made through the Gemini
                Earn Program?

(b)     Through informal exchanges of information between the Debtors and Gemini, Gemini has indicated that the Disputed Claim is included as part of the Gemini Master Claim.

(c)     The support provided for the Disputed Claim indicates that the basis of the Disputed Claim is the Gemini Earn Program (as defined below).

24.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors submit that this Objection and the notice provided to the Gemini Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

## **RELIEF REQUESTED**

25.     For the reasons set forth below, the Debtors object to each of the Disputed Claims. By this Objection, the Debtors respectfully request that the Court enter the Proposed Order pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing in full each of the Disputed Claims, with the Gemini Master Claim, which this Court has already allowed, to remain.

26.     The Debtors and/or their advisors have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, the Gemini Master Claim and each of the Disputed Claims. Based on this review, the Debtors have determined that each of the Disputed Claims identified in Exhibit 1 to the Proposed Order are claims asserted by Gemini Lenders and therefore are duplicates of the Gemini Master Claim. If the Disputed Claims are not disallowed, the Gemini Claimants may obtain double recovery for the same alleged liability already asserted by the Gemini Master Claim. By this Objection, the Debtors seek disallowance of each of the Disputed Claims

11

in order to limit each Gemini Claimant to a single claim against the relevant Debtor's estate (*i.e.*, the Gemini Master Claim).[5]

27.    For each of the Disputed Claims, the Debtors have identified the surviving Gemini Master Claim.  The Gemini Master Claim will be unaffected by the relief requested in this Objection and each Gemini Claimant's right to assert these liabilities against the Debtors' estates has been preserved through the Gemini Master Claim.  Accordingly, each of the Disputed Claims should be disallowed in full.

## **BASIS FOR RELIEF**

28.    When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Avaya, Inc.*, 608 B.R. 366, 369–70 (Bankr. S.D.N.Y. 2019).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity.  *See id*.  A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity.  *Id.*  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence.  *Id.*  The burden of persuasion is always on the claimant.  *Id.*

29.    Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Bankruptcy Rule 3007(d) and the

---

[5]    Further, the Disputed Claims marked with an asterisk on Exhibit 1 to the Proposed Order were filed after the General Bar Date.  Pursuant to section 502(b) of the Bankruptcy Code, a claimant's failure to timely file a proof of claim provides a basis for disallowance of that claim.  *See* 11 U.S.C. § 502(b).  Bankruptcy Rule 3007 also expressly allows a debtor to file an omnibus objection to claims on the basis that "they were not timely filed."  *See* Fed. R. Bankr. Pro. 3007.  To the extent that the Disputed Claims were filed after the General Bar Date, such Claims are untimely and should also be disallowed and expunged on that basis.  *See, e.g., In re Roman Catholic Diocese of Rockville Centre, N.Y.* , Case No. 20-12345 (MG), 2023 WL 4497418, at *12 (Bankr. S.D.N.Y. July 1, 2023) (disallowing late-filed claims); *In re Ditech Holding Corp.*, Case No. 19-10412 (JLG), 2023 WL 3265089, at *15 (Bankr. S.D.N.Y. May 4, 2023) (same).

Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim on non-substantive bases, such as because such claims "duplicate other claims." *See* Fed. R. Bankr. P. 3007(d)(1). Further, Bankruptcy Rule 3007(d) and the Claims Objection Procedures Order permit the Debtors to file an objection to more than one claim on non-substantive bases, including because such claims "[have] been satisfied in full by a Debtor or a party that is not a Debtor or has otherwise been satisfied during or prior to the pendency of the Chapter 11 Cases." Claims Objection Procedures Order at ¶ 1(a)(x).

30.     Pursuant to Bankruptcy Rule 3007(d)(1), the Debtors are permitted to file an omnibus objection to Claims to the extent that they are duplicative of other Claims. The Debtors cannot be required to pay the same Claim multiple times. *See, e.g.*, *Phelan v. Local 305 of United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. of U.S. & Can.*, 973 F.2d 1050, 1063 (2d Cir. 1992) (articulating the general principal that "[a] plaintiff may not recover twice for the same injury"). Other courts in this district have routinely disallowed and expunged similar claims filed against the same debtor that are duplicates of other claims. *See, e.g.* Order, *In re LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. May 5, 2021) (ECF No. 2308) (disallowing duplicate bond claims); Order, *In re Celsius Network LLC*, Case No. 22-10964 (MG) (Bankr. S.D.N.Y. Mar. 21, 2023) (ECF No. 2288) (disallowing and expunging duplicate claims); Order, *In re Groupo Aeroméxico, S.A.B. de C.V.*, Case No. 20-11563 (SCC) (Bankr. S.D.N.Y. May 19, 2021) (ECF No. 1208) (same); Order, *In re Avianca Holdings S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. Jul. 26, 2021) (ECF No. 1936) (disallowing and expunging claims duplicative of the master proof of claim filed by an indenture trustee on claimants' behalf); *In re Sears Holdings Corp.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. July 9, 2020) (ECF No.

8278) (disallowing and expunging duplicative claims); *In re The Great Atl. & Pac. Tea Co., Inc.*,
Case No. 15-23007 (RDD) (Bankr. S.D.N.Y. Aug. 26, 2016) (ECF No. 3135) (same).

31.     Moreover, courts in this District have routinely disallowed and expunged claims
against a debtor that have been satisfied in whole by the debtor or another party.  *See, e.g.*, *In re
LATAM Airlines Grp. S.A.*, No. 20-11254 (JLG) (Bankr. S.D.N.Y. Dec. 13, 2021) (ECF No. 3801)
(disallowing and expunging satisfied claims); *In re Westinghouse Electric Co. LLC*, Case No. 17-
10751 (MEW) (Bankr. S.D.N.Y. Sept. 18, 2019) (ECF No. 4444) (same); *In re AOG Ent., Inc.*,
Case No. 16-11090 (SMB) (Bankr. S.D.N.Y July 17, 2017) (ECF No. 623) (same).  This Court
has also previously disallowed and expunged Claims in these Chapter 11 Cases on this basis.  *See
Order Granting Debtors' Twenty-Fifth Omnibus Objection (Non-Substantive) to Certain Claims
Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (No Liability)* (ECF No. 1599)
(disallowing and expunging among other claims, claims filed by former employees satisfied
pursuant to certain contractual agreements between the parties).

## OBJECTION

32.     The Debtors object to the Disputed Claims identified in <u>Exhibit 1</u> to the Proposed
Order and respectfully request that they be disallowed in full on the grounds that they are duplicates
of the Gemini Master Claim and that Claim Nos. 848, 869 and 1611 assert liabilities that the
Debtors and Gemini have already satisfied.[6]  For each Disputed Claim, Exhibit 1 to the Proposed
Order indicates the Proof of Claim number under which the Claimant will maintain a Claim upon
expungement of the corresponding Disputed Claim.

33.     The Debtors and/or their advisors have reviewed the Claims Register, the
Schedules, the Debtors' Books and Records, the Gemini Master Claim and each of the Disputed

---

[6]     Further, claim number 1665 ("<u>Claim No. 1665</u>") has also been satisfied as a result of the Gemini Settlement
Order.  *See supra* ¶¶ 18-19.

Claims.  *See* Ex. B, Wolfe Decl. at ¶ 4.  In addition, the Debtors and/or their advisors have reviewed information informally provided by Gemini confirming that all of the Disputed Claims were filed by Gemini Earn Users, based on Gemini's review of their own books and records.  *See* Ex. B, Wolfe Decl. at ¶ 5.  Using these records, the Debtors have determined, with the help of Alvarez and Marsal North America LLC ("A&M"), the Debtors' financial advisor, that the Disputed Claims were filed by Gemini Lenders based on their participation in the Gemini Earn Program. *See* Ex. B, Wolfe Decl. at ¶ 6.  The Gemini Master Claim will be unaffected by the relief requested in this Objection and each Gemini Claimant's right to assert these liabilities against the Debtors' estates has been preserved through the Gemini Master Claim.

34.     The Debtors and/or their advisors have also determined that Claim Nos. 848, 869 and 1611 assert liabilities that have already been fully satisfied as a result of the Gemini Settlement Order.  Based on this review, the Debtors have determined that no liability exists with respect to these Disputed Claims because the liabilities associated with these Disputed Claims were paid in full as a result of the Gemini Settlement Order.  To the extent Claim Nos. 848, 869 and 1611 were based on damages related to alleged fraud, any such claims for damages have been satisfied by the 100% in kind distribution completed by the Debtors and Gemini pursuant to the Gemini Settlement Order, and as such those claims are fully satisfied at this time.  *See* Initial Notice of Distribution; Second Notice of Distribution.

35.     If the Disputed Claims are not disallowed, the Gemini Claimants may obtain double recovery for the same alleged liability.  By this Objection, the Debtors seek disallowance of the Disputed Claims in order to limit each Gemini Claimant to a single claim against a Debtor entity's estate arising from the same alleged liability, ensure that the Claims Register is accurate and does not overstate the Debtors' liabilities and avoid the possibility of multiple recoveries against the

Debtors' estates.  If any Gemini Claimant believes, contrary to the Debtors' determination, that its Claim is non-duplicative, it must present affirmative evidence demonstrating the validity of such Claim.  *See In re Avaya, Inc.*, 608 B.R. 369–70.  In the absence of such evidence, the Debtors respectfully request entry of the Proposed Order disallowing and expunging the Disputed Claims.

36.    For the reasons set forth above, the Disputed Claims addressed in this Objection do not meet the standards for prima facie validity and if the Disputed Claims are not disallowed, the Gemini Claimants subject to this Objection may obtain impermissible or unwarranted recoveries against the Debtors' estates to the detriment of other similarly situated creditors.  By this Objection, the Debtors request that the Court disallow and expunge the Disputed Claims in their entirety.  The Court has previously granted identical relief with respect to hundreds of individual claims deemed duplicates of the Gemini Master Claim.  *See Order Granting Debtors' Eighth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1171); *Order Granting Debtors' Ninth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1172); *Order Granting Debtors' Tenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1173); *Order Granting Debtors' Eleventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1174); *Order Granting Debtors' Twelfth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1175); *Order Granting Debtors' Thirteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1176); *Order Granting Debtors' Fourteenth Omnibus Objection (Non-*

16

*Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1177); *Order Granting Debtors' Fifteenth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1269); *Order Granting Debtors' Twentieth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1302) *Order Granting Debtors' Twenty-First Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1572); *Order Granting Debtors' Twenty-Sixth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate)* (ECF No. 1601).

## SEPARATE CONTESTED MATTERS

37.     To the extent that a response is filed regarding any Disputed Claim listed in this Objection and the Debtors are unable to resolve the response, such Disputed Claim and the Objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.   Any order entered by the Court regarding this Objection shall be deemed a separate order with respect to each Disputed Claim.

## RESPONSES TO OMNIBUS OBJECTION

38.     To contest this Objection, a Gemini Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 P.M.** (prevailing Eastern Time) on **July 24, 2024** (the "Response Deadline").   Every Response must be filed electronically with the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the "Docket") and served upon the following entities so that the Response is received no later than the Response Deadline, at the following addresses:

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, New York 10006
Attn:  Sean O'Neal, Esq., Luke A. Barefoot, Esq., Jane VanLare, Esq., and
Thomas S. Kessler, Esq.
soneal@cgsh.com, lbarefoot@cgsh.com, jvanlare@cgsh.com, and
tkessler@cgsh.com

-and-

Genesis Global Holdco, LLC
175 Greenwich St., 38th Fl.
New York, NY 10007
Attn: Andrew Sullivan
Asullivan@Genesistrading.com

-and-

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
Attn: Philip Abelson, Esq.
philip.abelson@whitecase.com

-and-

Hughes Hubbard & Reid LLP
One Battery Park Plaza, 16th Fl.
New York, NY 10004
Attn: Anson Frelinghuysen, Esq., Jeff Margolin, Esq., and Talia Helfrick,
Esq.
anson.frelinghuysen@hugheshubbard.com;
jeff.margolin@hugheshubbard.com; talia.helfrick@hugheshubbard.com

-and-

Bankruptcy Court of the Southern District of New York
Chambers of Judge Sean H. Lane
300 Quarropas Street
White Plains, NY 10610
Attn: Chambers of Judge Sean H. Lane

39.    Every  Response  to  this  Objection  must  contain,  at  minimum,  the  following

information:

a.          A caption identifying the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the Response is directed;

b.          The name of the Claimant and description of the basis for the Claim;

c.          The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d.          A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection

e.          Additional documentation or other evidence upon which the Claimant relies rely in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Bankruptcy Court);

f.          The address(es) to which the Debtors must return any reply to the Claimant's Response, if different from that presented in your Proof of Claim; and

g.          The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

40.       Additionally, where a Claimant sends the Court a written Response that is not signed by an attorney, and the Claimant does not file the Response on the docket, the Claimant **must** include with its Response a completed Court Communication Form (as defined, and in accordance with the requirements set forth, in the *Notice of Protocol for Written Communications to the Bankruptcy Court by Creditors*, ECF No. 1094 (the "Written Communications Protocol")) authorizing the Court to file the Response on the Court docket and acknowledging that the Claimant's name and any contact information included in the Response as well as in the Court Communication Form will be publicly available.  The Court Communication Form is attached as Exhibit A to the Written Communications Protocol.  **Failure to include a completed Court Communications Form or to consent to this acknowledgement will result in the Response not being filed on the docket or considered by the Court.**  Written Communications Protocol at 2.

41.     If a Gemini Claimant fails to file and serve a timely Response by the Response

Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the

Disputed Claims, without further notice to the Gemini Claimant or a hearing.

## REPLIES TO RESPONSES

42.     The Debtors may, at their option, file and serve a reply to any Response no later

than two (2) business days prior to the Hearing.

## ADJOURNMENT OF HEARING

43.     The Debtors reserve the right to adjourn the Hearing on any Responses to this

Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice

of agenda for the Hearing, and such agenda will be served on the affected Gemini Claimants by

serving the person designated in the Response.

## RESERVATION OF RIGHTS

44.     The Debtors expressly reserve the right to amend, modify or supplement this

Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the

Debtors reserve the right to object to each of the Disputed Claims on any other grounds that the

Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to each of

the Disputed Claims identified in Exhibit 1 to the Proposed Order.  The Debtors reserve their right

to assert other non-substantive objections and/or one or more substantive objections to the

Disputed Claims set forth in Exhibit 1, to the extent consistent with the Claims Objection

Procedures Order.

45.     Notwithstanding anything contained in this Objection or the attached exhibit,

nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a)

commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but

not limited to, sections 547 and 548 of the Bankruptcy Code, against the Gemini Claimants subject

to this Objection, (b) enforce the Debtors' rights of setoff against the Gemini Claimants relating

to such avoidance actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of

each of the Claims of the Claimants that are subject to such avoidance actions.

## NOTICE

46.     The Debtors have provided notice of this Objection in accordance with the

procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures*

(ECF No. 44) (the "Case Management Order").  The Debtors respectfully submit that no other or

further notice need be provided.

## NO PRIOR REQUEST

47.     No prior request for the relief requested herein has been made to this or any other

Court.

*[The remainder of this page is left blank intentionally]*

## **CONCLUSION**

WHEREFORE, for the reason set forth herein the Debtors respectfully request that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

Dated:    July 3, 2024          */s/ Luke A. Barefoot*
          New York, New York       Sean A. O'Neal
                                   Luke A. Barefoot
                                   Jane VanLare
                                   Thomas S. Kessler
                                   CLEARY GOTTLIEB STEEN &
                                   HAMILTON LLP
                                   One Liberty Plaza
                                   New York, New York 10006
                                   Telephone: (212) 225-2000
                                   Facsimile: (212) 225-3999

                                   *Counsel to the Debtors*
                                   *and Debtors-in-Possession*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER GRANTING DEBTORS'
### THIRTY-SEVENTH OMNIBUS OBJECTION
### (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO
### 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (DUPLICATE AND SATISFIED)

Upon the *Debtors' Thirty-Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate and Satisfied)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting an Order pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 disallowing and expunging in full each of the Disputed Claims identified in Exhibit 1 attached hereto; and upon the *Declaration of Timothy Wolfe in Support of Debtors' Thirty-Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate and Satisfied)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.       For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the Disputed Claims identified in <u>Exhibit 1</u> attached hereto.

2.       Each of the Disputed Claims identified in <u>Exhibit 1</u> is hereby disallowed in full and shall be automatically expunged from the Claims Register.

3.       The Gemini Master Claim, which has been allowed pursuant to the *Stipulation and Order By and Between the Debtors and Gemini Trust Company, LLC, on Behalf of Gemini Lenders, Allowing the Gemini Master Claim (Claim No. 356)* (ECF No. 1597), will be unaffected by this Order.

4.       This Order shall be deemed a separate Order with respect to each of the Disputed Claims identified in <u>Exhibit 1</u>.  Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

5.       The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the Clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

6.       Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of the Debtors or the Official Committee of Unsecured Creditors to dispute any Claim against any Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor to pay any Claim, or (iv) a waiver of the rights of the Debtors or the Official Committee of Unsecured Creditors under the Bankruptcy Code or any other applicable law.

7.      This Court shall retain jurisdiction over any and all issues arising from or related to

the implementation and interpretation of this Order.


Dated: _____, 2024
          White Plains, New York

_____
HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 1</u>**

**Disputed Claims**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirty-Seventh Omnibus Objection**
Exhibit 1 - Disputed Claims

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| # | NAME & ADDRESS | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | NAME & ADDRESS | CLAIM # | REMAINING DEBTOR | DATE FILED | TOTAL REMAINING IN KIND AMOUNT | |
| 1 | NAME REDACTED ADDRESS REDACTED | Genesis Global Capital, LLC | 6/17/2024* | HNT 2,284.79 USDC 2,284.79 | GEMINI TRUST COMPANY, LLC, ON BEHALF OF GEMINI LENDERS HUGHES HUBBARD & REED LLP, ANSON B. FRELINGHUYSEN, ESQ., ONE BATTERY PARK PLAZA NEW YORK, NY, 10004 | 356 | Genesis Global Capital, LLC | 05/22/23 | 1INCH 3,012,033.46333801  LPT 24,673.1466099058 / AAVE 33,788.9425230479  LRC 2,690,498.81970212 / ALCX 8,676.38998201275  LTC 127,209.281884632 / AMP 425,936,380.55768  MANA 5,593,977.33440294 / ANKR 23,335,928.0678024  MATIC 16,964,467.2401572 / APE 1,139,985.53964617  MKR 1,338.38038533215 / AXS 90,870.9278787395  OXT 3,699,739.25944469 / BAL 34,868.7609066813  PAXG 1,014.97374057132 / BAT 9,388,882.97197886  RBN 25,405.5734626778 / BCH 44,121.774231399  REN 4,231,486.62614094 / BNT 267,993.780189926  RLY 5,660,470.4301708 / BTC 15,094.3806124709  SKL 3,980,478.77162429 / CHZ 688,964.618297403  SNX 237,906.952970567 / COMP 14,038.7643541652  SOL 284,128.92393429 / CRV 3,110,821.20254412  STORJ 1,811,065.26135581 / DAI 8,326,580.27023902  SUSHI 597,029.850730662 / DOGE 195,432,319.002998  TOKE 24,563.5645986667 / ETH 157,019.767022979  UMA 60,303.1821763762 / FET 2,013,560.72967566  UNI 511,292.129900501 / FIL 2,601,610.12844771  USD 1,122,467,217.65 / FTM 21,093,013.7169699  USDC 55,215,289.1233817 / GRT 17,337,624.765759  USTC 1,260.54344897418 / GUSD 375,437,385.038869  XTZ 695,291.945724483 / INJ 135,922.613140235  YFI 128.160239144428 / KNC 434,572.643810026  ZEC 43,919.4737009613 / LINK 1,524,285.66444107  ZRX 2,737,146.672793889† | |
| | *Reason: Asserted liabilities are duplicative of Gemini Master Claim.* | | | | | | | | | |
| 2 | NAME REDACTED ADDRESS REDACTED | Genesis Asia Pacific Pte. Ltd. (Singapore) | 7/17/2023* | BTC 0.00636684 USD 500 YFI 0.018515 ZEC 4.549603 | GEMINI TRUST COMPANY, LLC, ON BEHALF OF GEMINI LENDERS HUGHES HUBBARD & REED LLP, ANSON B. FRELINGHUYSEN, ESQ., ONE BATTERY PARK PLAZA NEW YORK, NY, 10004 | 356 | Genesis Global Capital, LLC | 05/22/23 | 1INCH 3,012,033.46333801  LPT 24,673.1466099058 / AAVE 33,788.9425230479  LRC 2,690,498.81970212 / ALCX 8,676.38998201275  LTC 127,209.281884632 / AMP 425,936,380.55768  MANA 5,593,977.33440294 / ANKR 23,335,928.0678024  MATIC 16,964,467.2401572 / APE 1,139,985.53964617  MKR 1,338.38038533215 / AXS 90,870.9278787395  OXT 3,699,739.25944469 / BAL 34,868.7609066813  PAXG 1,014.97374057132 / BAT 9,388,882.97197886  RBN 25,405.5734626778 / BCH 44,121.774231399  REN 4,231,486.62614094 / BNT 267,993.780189926  RLY 5,660,470.4301708 / BTC 15,094.3806124709  SKL 3,980,478.77162429 / CHZ 688,964.618297403  SNX 237,906.952970567 / COMP 14,038.7643541652  SOL 284,128.92393429 / CRV 3,110,821.20254412  STORJ 1,811,065.26135581 / DAI 8,326,580.27023902  SUSHI 597,029.850730662 / DOGE 195,432,319.002998  TOKE 24,563.5645986667 / ETH 157,019.767022979  UMA 60,303.1821763762 / FET 2,013,560.72967566  UNI 511,292.129900501 / FIL 2,601,610.12844771  USD 1,122,467,217.65 / FTM 21,093,013.7169699  USDC 55,215,289.1233817 / GRT 17,337,624.765759  USTC 1,260.54344897418 / GUSD 375,437,385.038869  XTZ 695,291.945724483 / INJ 135,922.613140235  YFI 128.160239144428 / KNC 434,572.643810026  ZEC 43,919.4737009613 / LINK 1,524,285.66444107  ZRX 2,737,146.672793889† | |
| | *Reason: Asserted liabilities are duplicative of Gemini Master Claim and Claim satisfied in full via distributions made pursuant to the Gemini Settlement Order.* | | | | | | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirty-Seventh Omnibus Objection**
**Exhibit 1 - Disputed Claims**

| | | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | TOTAL ASSERTED IN KIND AMOUNT | NAME & ADDRESS | CLAIM # | REMAINING DEBTOR | DATE FILED | TOTAL REMAINING IN KIND AMOUNT |
| 3 | NAME REDACTED ADDRESS REDACTED | 1611 | Genesis Global Capital, LLC | 3/30/2024* | USD 300<br>GUSD 300† | GEMINI TRUST COMPANY, LLC, ON BEHALF OF GEMINI LENDERS HUGHES HUBBARD & REED LLP, ANSON B. FRELINGHUYSEN, ESQ., ONE BATTERY PARK PLAZA NEW YORK, NY, 10004 | 356 | Genesis Global Capital, LLC | 05/22/23 | 1INCH 3,012,033.46333801 AAVE 33,788.9425230479 ALCX 8,676.38998201275 AMP 425,936.380.55768 ANKR 23,335,928.0678024 APE 1,139,985.53964617 AXS 90,870.9278787395 BAL 34,868.7609066813 BAT 9,388,882.97197886 BCH 44,121.774231399 BNT 267,993.780189926 BTC 15,094.3806124709 CHZ 688,964.618297403 COMP 14,038.7643541652 CRV 3,110,821.20254412 DAI 8,326,580.27023902 DOGE 195,452,319.002998 ETH 157,019.767022979 FET 2,013,560.72967566 FIL 2,601,610.12844771 FTM 21,093,013.7169699 GRT 17,337,624.765759 GUSD 375,437,385.038869 INJ 135,922.613140235 KNC 434,572.643810026 LINK 1,524,285.66444107 LPT 24,673.1466099058 LRC 2,690,498.81970212 LTC 127,209.281884632 MANA 5,593,977.33440294 MATIC 16,964,467.2401572 MKR 1,338.38038533215 OXT 3,699,739.25944469 PAXG 1,014.9737405712 RBN 25,405.5734626778 REN 4,231,486.62614094 RLY 5,660,470.4301708 SKL 3,980,478.77162429 SNX 237,906.952970567 SOL 284,128.92393429 STORJ 1,811,065.26135581 SUSHI 597,029.850730662 TOKE 24,563.5645986667 UMA 60,303.1821763762 UNI 511,292.129900501 USD 1,122,467,217.65 USDC 55,215,289.1233817 USTC 1,260.54344897418 XTZ 695,291.945724483 YFI 128.160239144428 ZEC 43,919.4737009613 ZRX 2,737,146.672793888† |
| | Reason: Asserted liabilities are duplicative of Gemini Master Claim and Claim satisfied in full via distributions made pursuant to the Gemini Settlement Order. | | | | | | | | | |
| 4 | NAME REDACTED ADDRESS REDACTED | 848 | Genesis Global Capital, LLC | 7/14/2023* | AMP 740 BTC 0.01650773 DOGE 782.14001382 ETH 1.01340334187812 FIL 13.6664292245877 FTM 42 GRT 109 GUSD 0.27 LINK 19.8619955866867 MATIC 184.29844173992 SOL 5.4951884409† | GEMINI TRUST COMPANY, LLC, ON BEHALF OF GEMINI LENDERS HUGHES HUBBARD & REED LLP, ANSON B. FRELINGHUYSEN, ESQ., ONE BATTERY PARK PLAZA NEW YORK, NY, 10004 | 356 | Genesis Global Capital, LLC | 05/22/23 | 1INCH 3,012,033.46333801 AAVE 33,788.9425230479 ALCX 8,676.38998201275 AMP 425,936.380.55768 ANKR 23,335,928.0678024 APE 1,139,985.53964617 AXS 90,870.9278787395 BAL 34,868.7609066813 BAT 9,388,882.97197886 BCH 44,121.774231399 BNT 267,993.780189926 BTC 15,094.3806124709 CHZ 688,964.618297403 COMP 14,038.7643541652 CRV 3,110,821.20254412 DAI 8,326,580.27023902 DOGE 195,452,319.002998 ETH 157,019.767022979 FET 2,013,560.72967566 FIL 2,601,610.12844771 FTM 21,093,013.7169699 GRT 17,337,624.765759 GUSD 375,437,385.038869 INJ 135,922.613140235 KNC 434,572.643810026 LINK 1,524,285.66444107 LPT 24,673.1466099058 LRC 2,690,498.81970212 LTC 127,209.281884632 MANA 5,593,977.33440294 MATIC 16,964,467.2401572 MKR 1,338.38038533215 OXT 3,699,739.25944469 PAXG 1,014.9737405712 RBN 25,405.5734626778 REN 4,231,486.62614094 RLY 5,660,470.4301708 SKL 3,980,478.77162429 SNX 237,906.952970567 SOL 284,128.92393429 STORJ 1,811,065.26135581 SUSHI 597,029.850730662 TOKE 24,563.5645986667 UMA 60,303.1821763762 UNI 511,292.129900501 USD 1,122,467,217.65 USDC 55,215,289.1233817 USTC 1,260.54344897418 XTZ 695,291.945724483 YFI 128.160239144428 ZEC 43,919.4737009613 ZRX 2,737,146.672793888† |
| | Reason: Asserted liabilities are duplicative of Gemini Master Claim and Claim satisfied in full via distributions made pursuant to the Gemini Settlement Order. | | | | | | | | | |

†Indicates claim contains unliquidated and/or undetermined amounts
*Claim was filed after the General Bar Date

## **EXHIBIT B**

**Wolfe Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF TIMOTHY WOLFE IN SUPPORT OF DEBTORS' THIRTY-SEVENTH OMNIBUS OBJECTION(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (DUPLICATE AND SATISFIED)

I, Timothy Wolfe, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

### BACKGROUND

1.      I am an associate at the law firm Cleary Gottlieb Steen & Hamilton LLP, counsel to the Debtors in the above-captioned chapter 11 case.

2.      I am authorized to submit this declaration in support of the *Debtor's Thirty-Seventh Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Duplicate and Satisfied)* (the "Objection").[2]

3.      I am familiar with and have reviewed the Proofs of Claim subject to the Objection. All facts set forth herein are based on my personal knowledge, my review or the review of employees of or advisors to the Debtors of the Claims and other relevant documents or information

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

provided by the Debtors' employees and advisors.  If I were called upon to testify, I could and would competently testify to each of the facts set forth herein on that basis, including that I, or employees or advisors of the Debtors, personally reviewed the Disputed Claims (as defined below) identified in <u>Exhibit 1</u> to the Proposed Order as part of the claims reconciliations process in these Chapter 11 Cases.

**<u>FACTUAL BASIS OF OBJECTION</u>**

4.      Either I or one or more of the Debtors' employees or advisors have reviewed the Claims Register, the Gemini Master Claim and each of the Disputed Claims identified in <u>Exhibit 1</u> to the Proposed Order and the facts and circumstances set forth in the Objection regarding such Claims.

5.      We have also reviewed the information informally provided by Gemini confirming that all of the Disputed Claims were filed by Gemini Lenders that were participants in the Gemini Earn Program.

6.      Based on such review, we have determined that the Disputed Claims are duplicative of the corresponding Gemini Master Claim.

7.      Each of the Disputed Claims was identified as a duplicate of the Gemini Master Claim based on one or more of the following factors: the claimant of the Disputed Claim (1) indicated that they were a Gemini Lender and participant in the Gemini Earn Program in their answer to Question 8 on the proof of claim form, (2) indicated in the supporting documentation provided with the proof of claim that they were a Gemini Lender and participant in the Gemini Earn Program, and/or (3) was confirmed by Gemini to be a Gemini Lender and participant in the Gemini Earn Program.

8.      We have reviewed each of the Disputed Claims and the supporting documentation for the Disputed Claims.  We have therefore determined each Disputed Claim is a duplicate of the Gemini Master Claim in relevant part, which were filed on behalf of all Gemini Earn Program participants.

9.      If the Disputed Claims are not disallowed, the claimant may obtain a double recovery for the same alleged liability.

10.      I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the Disputed Claims identified in Exhibit 1 to the Proposed Order should be disallowed in full.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


Executed on July 3, 2024                   _/s/ Timothy Wolfe_____
                                           Timothy Wolfe