**Hearing Date and Time: August 6, 2024 at 11:00 A.M. (ET)**
**Objection Deadline: July 24, 2024 at 4:00 P.M. (ET)**

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

---

**THIS OBJECTION SEEKS TO MODIFY AND ALLOW
CERTAIN FILED PROOFS OF CLAIM**

**PLEASE CAREFULLY REVIEW THE
ATTACHED OBJECTION AND THE ATTACHMENTS
THERETO TO DETERMINE WHETHER IT AFFECTS YOUR CLAIM(S)**

**IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL:
DEANDRA FIKE, ESQ., DFIKE@CGSH.COM OR TIMOTHY WOLFE, ESQ.,
TWOLFE@CGSH.COM**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.: 23-10063 (SHL) |
| Debtors. | Jointly Administered |

---

[1]   The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

## NOTICE OF HEARING ON
## DEBTORS' THIRTY-EIGHTH OMNIBUS
## OBJECTION (NON-SUBSTANTIVE) TO
## CERTAIN CLAIMS PURSUANT TO 11 U.S.C. § 502
## AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)

**PLEASE TAKE NOTICE** that on January 19, 2023 (the "Petition Date"), Genesis Global Holdco, LLC ("Holdco") and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"),[2] each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that on July 3, 2024, the Debtors filed the *Debtors' Thirty-Eighth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow)* (the "Thirty-Eighth Omnibus Objection"). A hearing (the "Hearing") on the Thirty-Eighth Omnibus Objection will be held before the Honorable Sean H. Lane, United States Bankruptcy Judge in the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, NY 10610 pursuant to the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order") and to the *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498, the "Claims Procedures Order"). The Hearing will commence on **August 6, 2024, at 11:00 A.M. (Prevailing Eastern Time)**, and will be conducted through zoom for government. Pursuant to the Claims Procedures Order, the Debtors reserve the right to adjourn the Hearing in their sole discretion on further notice. Claims Procedures Order at 3.

**PLEASE TAKE FURTHER NOTICE** that parties wishing to register for the Zoom hearing should use the eCourt Appearances link on the Court's website: https://www.nysb.uscourts.gov/ecourt-appearances. After the deadline to make appearances passes, the Court will circulate by email prior to the Hearing the Zoom links to those persons who made eCourt Appearances, using the email addresses submitted with those appearances. Members of the public who wish to listen to, but not participate in, the Hearing free of charge may do so by calling the following muted, listen-only number: 1-929-205-6099, Access Code: 92353761344#.

**PLEASE TAKE FURTHER NOTICE** that any objections or responses ("Responses"), if any, to the Thirty-Eighth Omnibus Objection or the relief requested therein shall be made in writing, filed with the Court no later than **July 24, 2024, at 4:00 P.M. (Prevailing Eastern Time)** (the "Response Deadline"), and served as required by the Case Management Order.[3]

---

[2]    Holdco, and its Debtor and non-Debtor subsidiaries are collectively referred to as the "Company".

[3]    See paragraph 25 of the Thirty-Eighth Omnibus Objection regarding submission of Responses written and signed by a claimant themselves rather than by an attorney on behalf of the claimant.

**PLEASE TAKE FURTHER NOTICE** that if no Responses are timely filed and served with respect to the Thirty-Eighth Omnibus Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form annexed as **Exhibit A** to the Thirty-Eighth Omnibus Objection, which order the Court may enter with no further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** copies of the Thirty-Eighth Omnibus Objection can be viewed and/or obtained by: (i) accessing the Court's website at www.nysb.uscourts.gov, or (ii) from the Debtors' notice and claims agent, Kroll Restructuring Administration located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165, at https://restructuring.ra.kroll.com/genesis or by calling +1 212 257 5450.  Note that a PACER password is needed to access documents on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that the Hearing may affect your rights. Please read the Thirty-Eighth Omnibus Objection carefully and, if you have one available, discuss it with your attorney.  (If you do not have an attorney, you should consider consulting with one.)

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief requested in the Thirty-Eighth Omnibus Objection, or if you want the Court to hear your position on the Thirty-Eighth Omnibus Objection, then you or your attorney must attend the Hearing.  If you or your attorney do not follow the foregoing steps, the Court may decide that you do not oppose the relief requested in the Thirty-Eighth Omnibus Objection and may enter orders granting the relief requested by the Debtors.

Dated:    July 3, 2024
          New York, New York

*/s/ Luke A. Barefoot*
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Genesis Global Holdco, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No.:  23-10063 (SHL)<br><br>Jointly Administered |

**DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION**
**(NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO**
**11 U.S.C. § 502  AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)**

TO THE CLAIMANTS WHOSE CLAIMS ARE OBJECTED TO BY THIS OBJECTION (THE "THIRTY-EIGHTH OMNIBUS OBJECTION" OR "OBJECTION"):

- **THIS OBJECTION SEEKS TO MODIFY AND ALLOW CERTAIN FILED PROOFS OF CLAIM.**

- **YOU SHOULD LOCATE YOUR CLAIM(S) ON EXHIBITS 1 AND 2 TO THE PROPOSED ORDER.**

- **YOUR RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND ANY FURTHER OBJECTION(S) THAT MAY BE FILED BY THE DEBTORS. YOUR CLAIM(S) MAY BE MODIFIED, REDUCED, OR OTHERWISE**

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

**AFFECTED AS A RESULT OF THIS OBJECTION. THEREFORE, PLEASE READ THIS OBJECTION CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

- **THE RELIEF SOUGHT HEREIN IS WITHOUT PREJUDICE TO THE DEBTORS' RIGHTS, CONSISTENT WITH PRIOR COURT ORDERS, TO PURSUE FURTHER SUBSTANTIVE OR NON-SUBSTANTIVE OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION.**

Genesis Global Holdco, LLC ("Holdco") and its affiliated debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors," and these cases, the "Chapter 11 Cases") hereby object to and incorporate by reference those claims listed on Exhibit 1 and Exhibit 2 (together, the "Disputed Claims") to the proposed order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Revised Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 (I) Establishing Claims Objection and Notice Procedures, (II) Establishing Claim Hearing Procedures and (III) Granting Related Relief* (ECF No. 498, the "Claims Objection Procedures Order") and seek entry of the Proposed Order modifying and allowing the Disputed Claims as set forth herein. In support of this Objection, the Debtors submit the *Declaration of Andrew Sullivan in Support of the Debtors' Thirty-Eighth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow)* (the "Sullivan Declaration"), attached hereto as Exhibit B and incorporated by reference, and respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern

District of New York dated January 31, 2012 (Preska, C.J.).  Venue is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory

bases for the relief requested herein are Bankruptcy Code sections 105 and 502, and Bankruptcy

Rule 3007.

## **BACKGROUND**

### A.      **Debtors' Business and Procedural History**

2.      Holdco (together with the other Debtors and Holdco's Non-Debtor Subsidiaries,

the "Company") and its non-Debtor affiliate Genesis Global Trading, Inc. ("GGT") provide

lending and borrowing, spot trading, derivatives and custody services for digital assets and fiat

currency.  The Debtors engaged in lending, borrowing and certain trading services, while the non-

Debtor subsidiaries engage in derivatives, custody and most of the Company's trading services.

Holdco is a sister company of GGT and 100% owned by Digital Currency Group, Inc.  Additional

information regarding the Debtors' business, capital structure and the circumstances leading to the

commencement of the Chapter 11 Cases is set forth in the *Declaration of A. Derar Islim in Support

of First Day Motions and in Compliance with Local Rule 1007-2* (ECF No. 17), the *Declaration

of Paul Aronzon in Support of First Day Motions and Applications in Compliance with Local Rule

1007-2* (ECF No. 19) and the *Declaration of Michael Leto in Support of First Day Motions and

Applications in Compliance with Local Rule 1007-2* (ECF No. 28, together, the "First Day

Declarations").[2]

3.      On January 19, 2023, the Debtors each filed a voluntary petition for relief under

chapter 11 of the Bankruptcy Code (the date of such filing, the "Petition Date") with the Court.

The Debtors continue to operate their businesses and manage their properties as debtors-in-

---

[2]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in
the First Day Declarations.

possession under sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Related Chapter 11 Cases* (ECF No. 37).  No trustee or examiner has been appointed in the Chapter 11 Cases.  On February 3, 2023, an official committee of unsecured creditors (the "Committee") was appointed in the Chapter 11 Cases pursuant to the *Notice of Appointment of Official Committee of Unsecured Creditors* (ECF No. 55).

4.      On March 21, 2023, each Debtor filed its *Summary of Assets and Liabilities* (ECF Nos. 145, 146, and 147) and *Statement of Financial Affairs* (ECF Nos. 142, 143 (as amended by ECF No. 450), and 144, the "Schedules" and "Statements," respectively).

5.      On April 4, 2023, the Court granted the *Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief* (ECF No. 200, the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors have submitted their proofs of claim (the "General Bar Date").

6.      The General Bar Date passed on May 22, 2023.  As of June 28, 2024, 1,665 proofs of claim have been filed against the Debtors.

7.      On May 17, 2024, the Court issued its *Memorandum of Decision* (ECF No. 1691, the "Confirmation Decision"), confirming the *Debtors' Amended Joint Chapter 11 Plan* (ECF No. 1392).

8.      On May 31, 2024, the Court entered the Findings of Fact, Conclusions of Law, and Order (I) Confirming the Debtors' Amended Joint Chapter 11 Plan and (II) Granting Related Relief (ECF No. 1736, the "Confirmation Order").

**B.      The Claims Resolution Process**

9.      In the ordinary course of business, the Debtors maintain books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to their creditors.

10.      The Debtors' Claims agent, Kroll Restructuring Administration (the "Claims Agent"), has prepared and maintains a register (the "Claims Register") of proofs of claim (each a "Proof of Claim") that were filed in these Chapter 11 Cases asserting claims against the Debtors (collectively, the "Claims," and each holder of a Claim, a "Claimant").  Pursuant to the *Stipulation and Confidentiality Agreement and Protective Order* (ECF No. 328, the "Protective Order"), the Court's *Memorandum of Decision* (ECF No. 581, the "Redaction Decision"), and the *Order Granting the Debtors' and the Official Committee of Unsecured Creditors' Motions for Entry of an Order Requiring the Redaction of Certain Personally Identifiable Information* (ECF No. 694, the "Redaction Order"), much of that information is maintained under seal to protect the confidentiality of the Debtors' creditors.  The Debtors and their advisors are comprehensively reviewing and reconciling all claims, including both the claims listed on the Schedules ("Scheduled Claims") and the Claims asserted in the Proofs of Claim (including any supporting documents).  The Debtors are also comparing the Claims asserted in the Proofs of Claim with their Books and Records to determine the validity of the asserted Claims.

11.      The reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance or reclassification and allowance.  To reduce the number of Claims, and to avoid improper recovery by Claimants, the Debtors will

continue to file omnibus objections to such categories of claims if and where warranted. This Objection is one such omnibus objection.

12.     On July 12, 2023, the Court entered the Claims Objection Procedures Order granting the Debtors relief from certain requirements of Bankruptcy Rule 3007. The Debtors submit that this Objection and the notice provided to the Claimants in connection herewith are consistent with the Claims Objection Procedures Order, the Bankruptcy Code and the Bankruptcy Rules.

**RELIEF REQUESTED**

13.     The Debtors and/or their advisors have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, and each of the Disputed Claims. Based on this review, the Debtors have determined that each of the Disputed Claims is subject to modification on the following bases: (i) it is incorrectly classified; (ii) it has been asserted against an incorrect Debtor entity; and/or (iii) it has been asserted in an amount that is inconsistent with the Debtors' Schedules and Books and Records. By this Objection, the Debtors respectfully request that the Court enter the Proposed Order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, (i) modifying the Disputed Claims as set forth herein and (ii) allowing the Disputed Claims as modified.

**BASIS FOR RELIEF**

14.     When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Avaya, Inc.*, 608 B.R. 366, 369-70 (Bankr. S.D.N.Y. 2019). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *See id*. A party wishing to dispute such claim must produce evidence in sufficient force to negate the claim's prima facie validity. *Id.* Once the objecting party produces such evidence, the burden shifts back to the

6

claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

15.     Section 502(b)(1) of the Bankruptcy Code provides that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). The Claims Objection Procedures Order permits the Debtors to file an objection to more than one claim on non-substantive bases, such as because such claims are "incorrectly classified," because the claimant "is not entitled to the asserted secured status or other priority," because the claim "is filed against the incorrect Debtor," or because such claims are "inconsistent with or contradict[] the Debtors' books and records[,]" Claims Objection Procedures Order ¶ 1(a)(i), (ii), (viii), (xiii).

16.     Pursuant to the Claims Objections Procedures Order, the Debtors are permitted to file an omnibus objection to Claims for which "the amount claimed . . . is inconsistent with or contradicts the Debtors' books and records and the Debtors . . . deny liability in excess of the amount reflected in the Debtors' books and records" and for which the claimant "is not entitled to the asserted secured status or other priority." Claims Objection Procedures Order, ¶ 1(a)(i), (xiii). Doing so will ensure that the Claims Register is accurate and consistent with the Debtors' Schedules and Books and Records. Failure to do so could result in improper or unwarranted creditor recoveries. For these reasons, courts in this district have granted similar relief. *See, e.g.*, Order, *In re LATAM Airlines Group S.A., et al.,* Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. September 27, 2021) (ECF No. 3234) (modifying claims to identify correct debtor); Order, *In re Windstream Finance, Corp., et al.,* Case No. 19-22397 (RDD) (Bankr. S.D.N.Y. June 17, 2021) (ECF No. 130) (same); *In re Sears Holding Corporation*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. November 16, 2021) (ECF No. 10088) (reclassifying claims from priority to general

unsecured claims); *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. June 4, 2010) (same).

## OBJECTION

17.    The Debtors and/or their advisors have reviewed the Claims Register, the Schedules, the Debtors' Books and Records, and each of the Disputed Claims.  *See* Ex. B, Sullivan Decl., ¶ 4.  Through this review, the Debtors have determined, with the help of Alvarez and Marsal North America LLC ("A&M"), the Debtors' financial advisor, that: (i) the Disputed Claims identified in Exhibit 1 to the Proposed Order were both (a) asserted against the incorrect Debtor and/or asserted with the incorrect priority status, and (b) in an amount unsupported by the Debtors' Schedules and Books and Records; and (ii) the Disputed Claim identified in Exhibit 2 to the Proposed Order was asserted in an amount unsupported by the Debtors' Schedules and Books and Records.  *See* Ex. B, Sullivan Decl., ¶¶ 5, 10.

18.    For additional context on the claims identified on Exhibit 1 and Exhibit 2 to the Proposed Order, *first*, claim number 636 ("Claim No. 636") asserts a priority claim against Holdco for $36,313.34 on the basis of "wire not returned."  Upon review of the Debtors' Schedules and Books and Records, the Debtors have determined that Claim No. 636 should have been asserted against GGC, and the claimant has not provided any evidence for any liability against Holdco.  *See* Ex. B, Sullivan Decl., ¶ 6.  Indeed, Holdco conducted no lending or borrowing service or other business operations that could have given rise to the liabilities asserted in Claim No. 636.  *See id.*.  Through the supporting documentation attached to Claim No. 636 and correspondence with the Debtors, the Claimant asserts that the alleged liability for a "wire not returned" stems from a lending service that provided Genesis employees a preferred lending interest rate, and that such claim is entitled to priority under Bankruptcy Code §§ 507(a)(3), (4) or (5).  The Claimant has not provided sufficient evidence demonstrating that Claim No. 636 is entitled to priority under any of

these provisions, and the Debtors have concluded that none are applicable.  Section 507(a)(3) applies to unsecured claims "arising in the ordinary course of the debtor's business or financial affairs *after the commencement of the case*[.]"  11 U.S.C. § 507(a)(3) (emphasis added).  The supporting documentation attached to Claim No. 636 indicates that the claim arose prior to the Debtors' filing for chapter 11, and as such, section 507(a)(3) does not apply.  Section 507(a)(4) applies to claims "earned within 180 days before the date of the filing of the petition . . . for wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual."  11 U.S.C. § 507(a)(4).  Claim No. 363 indicates liability against the Debtors arising from a pre-petition loan by the claimant to the Debtors.  While the holder of Claim No. 636 was an employee of GGT, the preferred lending rate offered to employees was not part of any official employee program, and the funds loaned did not come out of any employee wages or compensation.  *See* Ex B, Sullivan Decl., ¶ 6.  Because Claim No. 636 does not sufficiently allege that any funds loaned to GGC were earned as wages, commission, etc., the claim is not entitled to priority under section 507(a)(4).[3]  Section 507(a)(5) applies to claims "for contributions to an employee benefit program."  11 U.S.C. § 507(a)(5).  The funds loaned to the Debtors were not loaned as contributions to any employee benefit program, *see* Ex. B, Sullivan Decl., ¶ 6, and the claimant does not allege that the funds loaned to the Debtors were "contributions" at all (i.e., amounts withheld from the Claimant's wages) nor part of any employee benefits program.  As such, the claim is not entitled to priority under section 507(a)(5).  *See* Ex. B, Sullivan Decl., ¶ 6. As Claim No. 636 does not qualify for priority status as asserted, it is properly characterized as a general unsecured claim.  *See* Ex. B, Sullivan Decl., ¶ 6.

---

[3]      Indeed, because Claim No. 636 is a loan by the claimant to the Debtors, even if the source of such funds were wages previously paid by the Debtors to the claimant, that would not constitute earned but unpaid wages under section 507(a)(4).

19.     *Second*, claim number 196 ("Claim No. 196"), identified on Exhibit 1 to the
Proposed Order, asserts a priority claim under section 507(a)(5) against GGC for $9,692.92 on the
basis of a "DCG Employee Share Purchase Program."  Claim No. 196 fails to provide any evidence
to support the asserted priority status of the claim.  As discussed *supra* ¶ 18, section 507(a)(5)
applies to claims "for contributions to an employee benefit plan."  11 U.S.C. § 507(a)(5).  The
holder of Claim No. 196 was not an employee of any Debtor, and the employee program referenced
in Claim No. 196 was one operated by DCG, not any Debtor.  *See* Ex. B, Sullivan Decl., ¶ 7.  As
such, Claim No. 196 not a claim for contributions to an employee benefit plan under section
507(a)(5), and is properly characterized as a general unsecured claim.

20.     *Third*, claim number 331 ("Claim No. 331"), identified on Exhibit 2 to the Proposed
Order, asserts a general unsecured claim against GGC for $217.09 and 0.01 BTC on the basis of
"money loaned."  The supporting documentation attached to Claim No. 331, which includes a
report of active BTC loans from the Claimant to GGC, differs from the asserted liability on the
face of Claim No. 331, as Claim No. 331 includes the claim for 0.01 BTC in addition to what
appears to be a U.S. Dollar equivalent amount of the BTC-denominated portion of the Claim.  In
any event, the supporting documentation attached to Claim No. 331 is consistent with the Debtors'
Schedules and Books and Records, and so should be allowed in the scheduled amount.  *See* Ex. B,
Sullivan Decl., ¶ 9.

21.     Notwithstanding these deficiencies, the Debtors have identified a Scheduled Claim
with which each of the Disputed Claims identified on Exhibits 1-2 and seek to modify the Disputed
Claims to match the Debtors' Schedules and Books and Records.  *See* Ex. B, Sullivan Decl., ¶¶ 8,
10, 11.  Further, because the Disputed Claims have failed to provide (i) evidence to support the
specific Debtor against which the Disputed Claims asserted liability, (ii) evidence to sufficiently

support the asserted priority status of the asserted claim, and/or (iii) evidence to support the amount of the asserted claim as opposed to the amount of the corresponding scheduled claim, the Disputed Claims fail to meet the standard for prima facie validity. The Debtors accordingly object to the Disputed Claims on the basis that they have been asserted against the incorrect Debtor, with an incorrect priority status, and/or in an amount unsupported by the Debtors' Schedules and Books and Records, and respectfully request that: (i) with respect to the Disputed Claims identified in Exhibit 1 to the Proposed Order, (a) the Disputed Claims be modified such that they are asserted against the correct Debtor and/or in the correct priority status, and (b) the amounts asserted in such claims be reduced to the amount reflected in the Debtors' Schedules and Books and Records, as identified in Exhibit 1; (ii) as to the Disputed Claim identified in Exhibit 2 to the Proposed Order, the amounts asserted be reduced to the amount reflected in the Debtors' Schedules and Books and Records, as identified in Exhibit 2; and (iii) that the Disputed Claims be allowed as modified herein. *See* Ex. B, Sullivan Decl., ¶¶ 5, 11.

## SEPARATE CONTESTED MATTERS

22.    To the extent that a response is filed regarding any Disputed Claim listed in this Objection and the Debtors are unable to resolve the response, such Disputed Claim and the Objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each Disputed Claim.

## RESPONSES TO OMNIBUS OBJECTION

23.    To contest this Objection, a Claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **4:00 p.m.** (prevailing Eastern Time) on **July 24, 2024** (the "Response Deadline"). Every Response must be filed electronically with

the Court on the docket of *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (the "Docket")

and served upon the following entities so that the Response is received no later than the Response

Deadline, at the following addresses:

> Cleary Gottlieb Steen & Hamilton LLP
> One Liberty Plaza
> New York, New York 10006
> Attn: Sean O'Neal, Esq., Luke A. Barefoot, Esq., Jane VanLare, Esq., and
> Thomas S. Kessler, Esq.
> soneal@cgsh.com, lbarefoot@cgsh.com, jvanlare@cgsh.com, and
> tkessler@cgsh.com
>
> -and-
>
> Genesis Global Holdco, LLC
> 175 Greenwich St., 38th Fl.
> New York, NY 10007
> Attn: Andrew Sullivan
> ASullivan@Genesistrading.com
>
> -and-
>
> White & Case LLP
> 1221 Avenue of the Americas
> New York, NY 10020
> Attn: Philip Abelson, Esq.
> philip.abelson@whitecase.com
>
> -and-
>
> Bankruptcy Court of the Southern District of New York
> Chambers of Judge Sean H. Lane
> 300 Quarropas Street
> White Plains, NY 10610
> Attn: Chambers of Judge Sean H. Lane

24.     Every Response to this Objection must contain, at minimum, the following

information:

> a.        A caption identifying the name of the Bankruptcy Court, the names
> of the Debtors, the case number and the title of the Objection to which the
> Response is directed;
>
> b.        The name of the Claimant and description of the basis for the Claim;

c.        The specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

d.        A short statement describing the reasons for which the Claim should not be disallowed as set forth in the Objection

e.        Additional documentation or other evidence upon which the Claimant relies in opposing the Objection (if it was not included with the Proof of Claim previously filed with the Court);

f.        The address(es) to which the Debtors must return any reply to the Response, if different from that presented in the Claimant's Proof of Claim; and

g.        The name, address, and telephone number of the person (which may be the Claimant or its legal representative) holding ultimate authority to resolve the Claim on the Claimant's behalf.

25. Additionally, where a Claimant sends the Court a written Response that is not signed by an attorney, and the Claimant does not file the Response on the docket, the Claimant **must** include with its Response a completed Court Communication Form (as defined, and in accordance with the requirements set forth, in the *Notice of Protocol for Written Communications to the Bankruptcy Court by Creditors*, ECF No. 1094, the "Written Communications Protocol") authorizing the Court to file the Response on the Court docket and acknowledging that the Claimant's name and any contact information included in the Response as well as in the Court Communication Form will be publicly available. The Court Communication Form is attached as Exhibit A to the Written Communications Protocol. **Failure to include a completed Court Communication Form or to consent to this acknowledgement will result in the Response not being filed on the docket or considered by the Court.** Written Communications Protocol at 2.

26. If any Claimant fails to file and serve a timely Response by the Response Deadline, the Debtors may present to the Court an appropriate order disallowing or modifying the Disputed Claim, without further notice to the Claimant or a hearing.

**REPLIES TO RESPONSES**

27.     The Debtors may, at their option, file and serve a reply to any Response no later than two (2) business days prior to the Hearing.

**ADJOURNMENT OF HEARING**

28.     The Debtors reserve the right to adjourn the Hearing on any Responses to this Objection.  In the event that the Debtors notice such an adjournment, it will be noted on the notice of agenda for the Hearing, and such agenda will be served on the affected Claimants by serving the person designated in the Response.

**RESERVATION OF RIGHTS**

29.     The Debtors expressly reserve the right to amend, modify or supplement this Objection.  Should the grounds of objection stated in this Objection be dismissed or overruled, the Debtors reserve the right to object to each of the Disputed Claims on any other grounds that the Debtors discover or elect to pursue.  This Objection sets out non-substantive objections to each of the Disputed Claims identified in Exhibit 1 and Exhibit 2 to the Proposed Order.  The Debtors reserve their right to assert other non-substantive objections and/or one or more substantive objections to the Disputed Claims set forth on Exhibit 1 and Exhibit 2 at a later time, to the extent consistent with the Claims Objection Procedures Order.

30.     Notwithstanding anything contained in this Objection or the attached exhibits, nothing herein shall be construed as a waiver of any rights that the Debtors may have to (a) commence avoidance actions under the applicable sections of the Bankruptcy Code, including, but not limited to, sections 547 and 548 of the Bankruptcy Code, against the Claimants subject to this Objection, (b) enforce the Debtors' rights of setoff against the Claimants relating to such avoidance

14

actions or (c) seek disallowance pursuant to Bankruptcy Code section 502(d) of each of the Claims of the Claimants that are subject to such avoidance actions.

**NOTICE**

31.    The Debtors have provided notice of this Objection in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 44, the "Case Management Order").  The Debtors respectfully submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

32.    No prior request for the relief requested herein has been made to this or any other Court.

*[The remainder of this page is left blank intentionally]*

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein the Debtors respectfully request that this Court (a) enter the Proposed Order and (b) grant such other and further relief as is just and proper.

Dated:    July 3, 2024
          New York, New York

/s/ Luke A. Barefoot
Sean A. O'Neal
Luke A. Barefoot
Jane VanLare
Thomas S. Kessler
CLEARY GOTTLIEB STEEN &
HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Counsel to the Debtors
and Debtors-in-Possession*

# **EXHIBIT A**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### ORDER GRANTING DEBTORS'
### THIRTY-EIGHTH OMNIBUS OBJECTION
### (NON-SUBSTANTIVE) TO CERTAIN CLAIMS PURSUANT TO
### 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)

Upon the *Debtors' Thirty-Eighth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow)* (the "Objection")[2] filed by the debtors in the above-captioned case (the "Debtors"), requesting entry of an order (the "Order") pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rule 3007 modifying and allowing as modified each of the Disputed Claims identified on Exhibit 1 and Exhibit 2 attached hereto; and upon the *Declaration of Andrew Sullivan in Support of Debtors' Thirty-Eighth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow)*, attached to the Objection as Exhibit B; and upon all other documentation filed in connection with the Objection and the Disputed Claims; and adequate notice of the Objection having been given as set forth in the Objection; and it appearing that no other or further notice is required; and sufficient cause appearing therefor;

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]    Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.    For the reasons stated in the Objection, the Objection is GRANTED with respect to each of the Disputed Claims identified on Exhibit 1 and Exhibit 2 attached hereto.

2.    Each of the Disputed Claims identified in Exhibit 1 is hereby (i) modified to be asserted against the correct Debtor and/or in the correct priority status identified in Exhibit 1, and (ii) reduced to the amount identified on Exhibit 1.

3.    Each of the Disputed Claims identified in Exhibit 2 is hereby reduced to the amount identified in Exhibit 2.

4.    Each of the Disputed Claims is hereby allowed as modified in the amount identified in Exhibit 1 and Exhibit 2.

5.    For the avoidance of doubt, nothing in this Order shall govern or determine the method or currency of any distribution on any claim, which will be determined pursuant to the terms of a confirmed plan of reorganization.

6.    This Order shall be deemed a separate Order with respect to each of the Disputed Claims identified on Exhibit 1 and Exhibit 2.  Any appeal and/or stay of this Order pending appeal by any Claimants whose Claims are subject to this Order shall only apply to the contested matter which involves such Claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

7.    The Debtors, the Debtors' claims agent, Kroll Restructuring Administration LLC, and the clerk of this Court are authorized to take all actions necessary and appropriate to give effect to this Order, including updating the Claims Register to reflect the relief granted herein.

8.    Except as provided in this Order, nothing in this Order shall be deemed (i) an admission or finding as to the validity of any Claim against a Debtor, (ii) a waiver of the right of

the Debtors of the Official Committee of Unsecured Creditors to dispute any Claim against any

Debtor on any grounds whatsoever at a later date, (iii) a promise by or requirement on any Debtor

to pay any Claim, or (iv) a waiver of the rights of the Debtors of the Official Committee of

Unsecured Creditors under the Bankruptcy Code or any other applicable law.

9.      This Court shall retain jurisdiction over any and all issues arising from or related to

the implementation and interpretation of this Order.


Dated: _____, 2024
       White Plains, New York

                                        _____
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE

3

**<u>EXHIBIT 1</u>**

**Disputed Claims – Reclassify, Modify and Allow**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirty-Eighth Omnibus Objection**
Exhibit 1 - Disputed Claims - Reclassify, Modify, and Allow

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **ASSERTED** | | | **MODIFIED AND ALLOWED** | | |
| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | PRIORITY STATUS | ASSERTED IN KIND AMOUNTS | MODIFIED DEBTOR | PRIORITY STATUS | ASSERTED IN KIND AMOUNTS |
| 1 | NAME REDACTED<br>ADDRESS REDACTED | 196 | Genesis Global Capital, LLC | 05/08/23 | *503(b)(9)* USD 0.00<br>*Admin* USD 0.00<br>*Priority* USD 9,692.92<br>*Secured* USD 0.00<br>*Unsecured* USD 0.00<br>**Subtotal In Kind Amount** USD 9,692.92 | | | *503(b)(9)* USD 0.00<br>*Admin* USD 0.00<br>*Priority* USD 0.00<br>*Secured* USD 0.00<br>*Unsecured* BTC 0.000729663025753988<br>**Subtotal In Kind Amount** BTC 0.000729663025753988 |
| | *Reason: Asserted claim amount and class are inconsistent with the Debtors' books and records.* | | | | | | | | |
| 2 | NAME REDACTED<br>ADDRESS REDACTED | 636 | Genesis Global Holdco, LLC | 6/1/2023* | *503(b)(9)* USD 0.00<br>*Admin* USD 0.00<br>*Priority* USD 36,313.34<br>*Secured* USD 0.00<br>*Unsecured* USDC 36,313.34<br>**Subtotal In Kind Amount** USD 36,313.34<br>USDC 36,313.34 | Genesis Global Capital, LLC | | *503(b)(9)* USD 0.00<br>*Admin* USD 0.00<br>*Priority* USD 0.00<br>*Secured* USD 0.00<br>*Unsecured* USDC 36,313.3364133271<br>**Subtotal In Kind Amount** USDC 36,313.3364133271 |
| | *Reason: Asserted claim amount and class are inconsistent with the Debtors' books and records.* | | | | | | | | |

*Claim was filed after the General Bar Date

## **EXHIBIT 2**

**Disputed Claims – Modify and Allow**

**Genesis Global Holdco, LLC Case No. 23-10063**
**Thirty-Eighth Omnibus Objection**
Exhibit 2 - Disputed Claims - Modify and Allow

| | | | | ASSERTED | | | MODIFIED AND ALLOWED | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| # | NAME & ADDRESS | CLAIM # | ASSERTED DEBTOR | DATE FILED | PRIORITY STATUS | ASSERTED IN KIND AMOUNTS | PRIORITY STATUS | ASSERTED IN KIND AMOUNTS |
| 1 | NAME REDACTED ADDRESS REDACTED | 331 | Genesis Global Capital, LLC | 05/18/23 | *503(b)(9)* USD 0.00<br>*Admin* USD 0.00<br>*Priority* USD 0.00<br>*Secured* USD 0.00<br>*Unsecured* BTC 0.01<br>USD 217.09 | | *503(b)(9)* USD 0.00<br>*Admin* USD 0.00<br>*Priority* USD 0.00<br>*Secured* USD 0.00<br>*Unsecured* BTC 0.00813533038761806 | |
| | | | | | **Subtotal In Kind Amount** | **BTC 0.01**<br>**USD 217.09** | **Subtotal In Kind Amount** | **BTC 0.00813533038761806** |

*Reason: Asserted amount is inconsistent with the Debtors' books and records and the claimant does not provide sufficient support for the additional amounts.*

## **EXHIBIT B**

**Sullivan Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Genesis Global Holdco, LLC, *et al.*,[1] | Case No.:  23-10063 (SHL) |
| Debtors. | Jointly Administered |

### DECLARATION OF ANDREW SULLIVAN IN SUPPORT OF DEBTORS' THIRTY-EIGHTH OMNIBUS OBJECTION (NON-SUBSTANTIVE) TO CERTAIN CLAIMSPURSUANT TO 11 U.S.C. § 502 AND FED. R. BANKR. P. 3007 (MODIFY AND ALLOW)

I, Andrew Sullivan, make this declaration pursuant to 28 U.S.C. § 1746 and state as follows:

### BACKGROUND

1.      I am the General Counsel for the Debtors.  I am generally familiar with the day-to-day operations and affairs of the Debtors.

2.      In my capacity as General Counsel, I am authorized to submit this Declaration in support of the *Debtors' Thirty-Eighth Omnibus Objection (Non-Substantive) to Certain Claims Pursuant to 11 U.S.C. § 502 and Fed. R. Bankr. P. 3007 (Modify and Allow)* (the "Objection").[2]

3.      Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' business practices, or information supplied to me by members of the Debtors' management, other personnel and professional advisors regarding the

---

[1]      The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number as applicable, are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175 Greenwich Street, Floor 38, New York, NY 10007.

[2]      Capitalized terms used, but not otherwise defined, herein shall have the meanings set forth in the Objection.

Debtors' business practices, or my opinion based on my experience, knowledge and information concerning the Debtors' business practices. To the extent that the Debtors learn that any information provided herein is materially inaccurate, the Debtors will act promptly to notify the Court and other parties; however, I believe all information herein to be true to the best of my knowledge, information and belief. I am authorized to submit this Declaration on behalf of the Debtors and, if called upon to testify, I could and would testify competently to the facts set forth herein.

## FACTUAL BASIS OF OBJECTION

4.      I, or one or more of the Debtors' employees or advisors operating under my supervision and/or at my direction, have reviewed each of the Claims identified on Exhibit 1 and Exhibit 2 to the Proposed Order and the facts and circumstances set forth in the Objection regarding such Claims.

5.      We have determined that the Disputed Claims identified in Exhibit 1 to the Proposed Order were both (i) asserted against the incorrect Debtor and/or asserted with the incorrect priority status, and (ii) asserted in amounts inconsistent with the Schedules and Books and Records of the Debtors.

6.      With respect to claim number 636 ("Claim No. 636"), we have determined that the liability reflected in Claim No. 636 rests solely with a different Debtor, GGC. Holdco conducted no lending or borrowing service or other business operations that could have given rise to the liabilities asserted in Claim No. 636. We have also determined that the funds loaned under a preferred lending rate offered to Genesis employees were not loaned as contributions to any employee benefit plan. While the holder of Claim No. 636 was an employee of GGT, the preferred lending rate offered to employees was not part of any official employee program, and the funds

2

loaned did not come out of any employee wages or compensation. The loans with these preferred lending rates were offered as unsecured loans, and as such are not entitled to the priority status asserted by the Claimant.

7. With respect to claim number 196 ("Claim No. 196"), we have determined that the liability reflected in Claim No. 196 is not entitled to priority. The holder of Claim No. 196 was not an employee of any Debtor. Additionally, the employee program referenced in Claim No. 196 was one operated by DCG—not any Debtor—and allowed DCG employees to have proceeds delivered to GGC as a loan. The executed Master Loan Agreement between the Claimant and GGC, dated October 31, 2022, is inconsistent with the amount of liability alleged in Claim No. 196.

8. We have determined that both Disputed Claims identified in Exhibit 1 (i) should properly be classified as general unsecured claims, and not priority claims as asserted; and (ii) are supported by the Debtors' Schedules and Books and Records in a lower amount. As applicable, the corrected Debtor, priority status, and amount are identified for each such Disputed Claim in Exhibit 1 to the Proposed Order.

9. We have also determined that the Disputed Claim identified in Exhibit 2 to the Proposed Order was asserted in an amount inconsistent with the Debtors' Schedules and Books and Records. The supporting documentation attached to claim number 331 ("Claim No. 331"), which includes a report of active BTC loans from the Claimant to GGC, differs from the asserted liability on the face of Claim No. 331, as Claim No. 331 includes the claim for 0.01 BTC in addition to what appears to be a U.S. Dollar equivalent amount of the BTC-denominated portion of the Claim. In any event, the supporting documentation attached to Claim No. 331 is consistent with the Debtors' Schedules and Books and Records, and so should be allowed in the scheduled amount.

10.     We have also determined that the liability reflected in the Disputed Claim identified in Exhibit 2 to the Proposed Order is supported by the Debtors' Schedules and Books and records in a lower amount, also identified in Exhibit 2 to the Proposed Order.

11.     Finally, we have determined that the Disputed Claims, if asserted against the correct Debtor, with the correct priority status, and in the correct amount, assert amounts consistent with a corresponding Scheduled Claim.

12.     I submit that the facts and circumstances set forth in the Objection are true and accurate to the best of my knowledge, information and belief, and the Disputed Claims identified on Exhibit 1 and Exhibit 2 to the Proposed Order should be modified and allowed as modified.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.


Executed on July 3, 2024              /s/ Andrew Sullivan_____
                                      Andrew Sullivan