

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office:+1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Anson B. Frelinghuysen
Partner
Direct Dial: +1 (212) 837-6208
Direct Fax: +1 (212) 299-6208
anson.frelinghuysen@hugheshubbard.com

June 20, 2025

**VIA ECF**

The Honorable Sean H. Lane
United States Bankruptcy Court for the
 Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: *In re Genesis Global Holdco, LLC, et al.*, Case No. 23-10063 (SHL)

Dear Judge Lane,

   We write on behalf of Gemini Trust Company, LLC ("Gemini") in connection with the Settlement Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders, and the Official Committee of Unsecured Creditors (the "Settlement Agreement").[1]

   On April 19, 2024, this Court approved the Settlement Agreement.[2] Pursuant to the Settlement Agreement, over 232,000 Gemini Lenders received 100% of the digital assets that had been frozen in the Genesis bankruptcy.[3] At the time of distribution, these digital assets were worth over $2.3 billion and represented an unprecedented coin-for-coin recovery for the Gemini Lenders.

---

1. Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Debtors' Motion for Entry of an Order Approving a Settlement Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders, and the Official Committee of Unsecured Creditors* (ECF No. 1499).

2. *See Order Approving Settlement Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders and the Official Committee of Unsecured Creditors* ("Settlement Order") (ECF No. 1598).

3. *See Notice of Distribution to Gemini Lenders of Completion Digital Assets Resulting in 100% In Kind Distributions to Gemini Lenders* (ECF No. 1791).

    Notwithstanding this extraordinary result, certain Gemini Lenders have continued to pursue Gemini for further recoveries in connection with the Earn Program and the Genesis collapse. While the number of claimants who have pursued such claims represents a small fraction of the 232,000 Gemini Lenders, Gemini is devoting substantial time and effort to defend itself in these arbitrations. Not only are these claims without merit, but they are also claims against Gemini that were released through the Settlement Agreement and Settlement Order.

    Arbitrations that were in the "demand letter" phase in October 2024, when Gemini filed a motion to enforce the Settlement Agreement as against a single Gemini Lender,[4] are now at more advanced stages. There are over 100 Earn-related arbitrations currently proceeding. In all of them, the claimants have alleged that Gemini is liable for interest on their Earn loans. The parties have briefed the same issues raised in the pending motion to enforce, including the effectiveness and scope of the Settlement Order, in six separate matters, with substantially identical motion practice in additional arbitrations forthcoming. The population of Gemini Lenders seeking to arbitrate with Gemini regarding the Earn Program may continue to grow. Attorneys for Mr. Asquith continue to solicit Gemini Lenders to pursue claims against Gemini for the same relief Gemini sought to enjoin in the Enforcement Motion.[5]

    In connection with its defense against these maturing arbitrations, Gemini is making preparations to file further motions with the Court to enforce the Settlement Order. As with the Enforcement Motion, Gemini would be seeking to enjoin the pursuit of these additional arbitrations. Mindful of the colloquy with the Court at the October 9, 2024 hearing regarding the scope of any order related to the Enforcement Motion,[6] Gemini seeks this Court's guidance before engaging in further motion practice regarding these issues. Accordingly, Gemini respectfully requests a status conference at the Court's convenience.

              Sincerely,

               */s/ Anson B. Frelinghuysen*


cc:  Hee-Jean Kim (hkim@kandslaw.com)
    James R. Serritella (jserritella@kandslaw.com)

---

4. In September 2024, Gemini filed the *Motion as Against Eric Asquith (I) to Enforce the Settlement Agreement Among the Debtors, Gemini Trust Company, LLC, the Ad Hoc Group of Genesis Lenders, and the Official Committee of Unsecured Creditors; (II) to Enforce the Court's Order Approving the Settlement Agreement; and (III) for Injunctive Relief* (the "Enforcement Motion") (ECF No. 1991). This Court conducted oral argument on the Enforcement Motion on October 9, 2024, and the matter remains under the Court's consideration.

5. *See UPDATE: Kim & Serritella LLP is assessing additional claims against Gemini on behalf of Earn investors, including for missed interest payments*, available at https://www.kandslaw.com/crypto/gemini-earn (last visited June 19, 2025) ("Kim & Serritella is now prosecuting over 100 arbitration claims against Gemini & the Winklevoss twins on behalf of Earn investors, including for missed interest payments.").

6. *See* Hr'g Tr. Oct. 9, 2024, 80:21-25–81:1-25 (annexed hereto as Exhibit A).

# **Exhibit A**

Page 1

1  UNITED STATES BANKRUPTCY COURT
2  SOUTHERN DISTRICT OF NEW YORK
3  Case No. 23-10063-shl
4  - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
5  In the Matter of:
6
7  GENESIS GLOBAL HOLDCO, LLC,
8
9           Debtor.
10 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
11             United States Bankruptcy Court
12             One Bowling Green
13             New York, NY 10004
14
15             October 9, 2024
16             11:29 AM
17
18
19
20
21 B E F O R E :
22 HON SEAN H. LANE
23 U.S. BANKRUPTCY JUDGE
24
25 ECRO: NAROTAM RAI

Page 2

1 HEARING re Doc. #1991 Motion To Compel / Gemini Trust
2 Company, LLCs Motion As Against Eric Asquith (I) To Enforce
3 The Settlement Agreement Among The Debtors, Gemini Trust
4 Company, LLC, The Ad Hoc Group Of Genesis Lenders, And The
5 Official Committee Of Unsecured Creditors; (II) To Enforce
6 The Courts Order Approving The Settlement Agreement; And
7 (III) For Injunctive Relief
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25 Transcribed by: Sonya Ledanski Hyde

                                                              Page 3

1    A P P E A R A N C E S :

2

3    KIM & SERRITELLA LLP

4         Attorney for Eric Asquith

5         110 W. 40th Street, 10th Floor

6         New York, NY 10018

7

8    BY:  JAMES R. SERRITELLA

9         HEE-JEAN KIM

10

11   HUGHES HUBBARD & REED LLP

12        Attorneys for Gemini Trust Company LLC

13        One Battery Park Plaza

14        New York, NY 10004

15

16   BY:  CARL W. MILLS

17        ERIN DIERS

18        ANSON B. FRELINGHUYSEN

19

20   CLEARY GOTTLIEB STEEN & HAMILTON LLP

21        Attorneys for Genesis Global Holdings

22        One Liberty Plaza

23        New York, NY 10006

24

25   BY:  LUKE A. BAREFOOT

```
 1   MEDINA LAW FIRM
 2        Attorney for BAO Family Holdings, LLC
 3        641 Lexington Avenue, 13th Floor
 4        New York, NY 10022
 5
 6   BY:  ERIC MEDINA
 7
 8   UNITED STATES DEPARTMENT OF JUSTICE
 9        Alexander Hamilton Custom House
10        One Bowling Green, Room 534
11        New York, NY 10004
12
13   BY:  GREG M. ZIPES
14
15   ALSO PRESENT:
16   ERIC ASQUITH
17   PHILIP ABELSON
18   SEAN T. FLYNN
19   HANNAH R. FREIMAN
20   KEN K. LUKASZEWSKI
21   JEFFREY S. MARGOLIN
22   LAYLA MILLIGAN
23   LIBBY RO
24   DAVID Z. SCHWARTZ
25   DUSTIN P. SMITH
```

1  MICHAEL WEINBERG
2  COLIN WEST
3  MIKE LEGGE
4  KYLE MCKHEN
5  TYLER OKADA
6  KENNEDY ROSE
7  VINCE SULLIVAN
8  SARAH WYNN
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1   Gemini lenders for these same claims.

2            THE COURT:  Well, and I think that's why Mr.

3   Barefoot essentially had his third point, which is to say if

4   somebody starts trying to re-scramble the eggs that the

5   Debtors want to be heard on that, because I assume for all

6   of the reasons you're touching on here.

7            MR. MILLS:  That's correct, Your Honor.  If you

8   don't have any further questions, we otherwise rest on our

9   papers.

10           THE COURT:  Just two brief things.  One is, Mr.

11  Barefoot gave his view about that extra language in

12  Paragraph 15.  I don't know if you have anything you want to

13  say on that.  You don't have to.  I'm just asking.

14           MR. MILLS:  No, we have the same view on how that

15  operated, Your Honor.

16           THE COURT:  And I guess the last question I have,

17  which I've sort of asked in a couple of different ways, and

18  I'll caveat this by saying judges have lots of ideas and we

19  throw them out there to folks in cases and sometimes they're

20  good ideas and sometimes they're not good ideas.

21           So, I appreciate any thoughts you have on this

22  question about what is it that you want from me and what's

23  appropriate for me to do as a Court here.  Is it essentially

24  to say, here's what I think is covered by the settlement

25  agreement and that sort of would channel much of what our

```
 1   conversation is.  This language ties in this language, that
 2   ties -- language -- this covers this or doesn't cover that.
 3              For example, I think earlier, we've gone through
 4   the different parts of the master claim and so, the reason
 5   why I ask is because there's a -- the request in the papers
 6   is to deal with interest and interest is -- I guess it's
 7   referenced in the claim, but it says "Interests, please
 8   attached annex."  And so the annex as -- has this -- has
 9   laid out what it has.
10              And so, one way to do it is to sort of build it
11   from the ground up and say this is what's covered and this
12   is what the understanding is.  The other is to say, well,
13   this is what the request is and there are -- by Gemini and
14   there's all sorts of things in -- sort of in between, you
15   can spend time essentially giving a declaratory judgment
16   about, well, this is what would be covered, this isn't what
17   will be covered.
18              We're getting into, for example, damages
19   associated with the delay in the return of crypto.  And that
20   also then bumps into what the appropriate method is for the
21   Court to issue a decision.  I think it's pretty clear that I
22   don't need an adversary proceeding to decide what's covered
23   by a settlement order.  That's some standard stuff, but to
24   the extent somebody is seeking an injunction that sort of
25   begins to get fuzzier about well, what does it all mean; so
```