SEQUOR LAW, P.A.
Edward H. Davis, Jr. (pro hac vice forthcoming)
Fernando J. Menendez, Jr.
Joseph Rome
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
E-mail: edavis@sequorlaw.com
E-mail: fmenendez@sequorlaw.com
E-mail: jrome@sequorlaw.com

*Attorneys for Wo Weidong*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| GENESIS DIGITAL HOLDCO, LLC, et al.,[1] | Case No. 23-10063 (SHL) |
| Wind-Down Debtors. | (Jointly Administered) |

**MOTION FOR AN ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING MOVANT TO ISSUE SUBPOENA TO THE WIND-DOWN DEBTORS FOR THE PRODUCTION OF LIMITED DOCUMENTS RELATING TO CLAIM**

Wo Weidong ("Movant"), by and through his undersigned counsel, respectfully submits this motion ("Motion") for entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing Movant to issue a subpoena to the Wind-Down Debtors for the production of limited documents relating to Claim No. 405. In support

[1] The Wind-Down Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Wind-Down Debtors is 175 Greenwich Street, New York, NY 10003.

of this Motion, Movant respectfully represents as follows:

## PRELIMINARY STATEMENT

1. Movant, Mr. Wo (together with Exchange Union Company, Shanghai Huiyin Group Co. Ltd., and Shanghai Shengyi Information Network Co., Ltd., all companies which Mr. Wo owns and controls), is the holder of civil claims first filed on February 20, 2024 under Case No. HC/OC107/2024 in the general division of the High Court of the Republic of Singapore (the "Singapore Proceeding") against various defendants, including his daughter (Wo Qi), wife (Sun Hongmin), son (Wo Quan), and the holder of Claim No. 405 ("Claimant"), amongst others, for the recovery of his digital wallets and various digital assets that have been wrongfully misappropriated.

2. As more specifically set forth in the record in the Singapore Proceeding, the second amended Statement of Claim in the Singapore Proceeding alleges that the referenced misappropriations were part of a conspiracy between Mr. Wo's wife, his two children, and others, to fraudulently seize control of Mr. Wo's assets, including private decentralized cryptocurrency wallets, various exchange-hosted cryptocurrency wallets (*i.e.*, exchange accounts), and to wrongfully misappropriate Mr. Wo's interests in various companies (such as ) for which either his wife or his son, James Wo Quan, was the registered shareholder acting as Mr. Wo's nominee, and to the underlying assets held by such companies, which were held and managed by his wife and son (among others) for and on his behalf and at his instruction.[2] These

[2] *See* Declaration of Wo Wei Dong (hereinafter, the "Wo Decl."), a true and correct copy of which is attached as **Exhibit A** hereto. Although Claimant initially filed its claim and briefing under seal, subsequent filings in this case, including the *Stipulation and Order by and Between the Wind-Down Debtors and the Holder of Claim No. 405* [ECF Nos. 2075 and 2079] are unredacted and publicly disclose that Claimant is the holder of Claim No. 405. *See*, *e.g.*, ECF Nos. 2079 and 1401 n. 4 (publicly identifying Claimant as the holder of Claim No. 405). Notwithstanding the

wrongful actions were carried out without Mr. Wo's consent or authorization, and in breach of trust.

3. On May 22, 2023, Claimant (one of the named defendants in the Singapore Proceeding) filed Claim No. 405 against Genesis Global Capital, LLC ("GGC") seeking to recover 11,351,699.3276656 DOT on account of amounts owed to Claimant pursuant to certain loan agreements with GGC. *See*, *e.g.*, ECF No. 1076 at ¶¶ 12, 21 and 22; ECF No. 2079 at ¶ 5.

4. On or about November 26, 2024, Claimant entered into a form of Stipulation and Order with Genesis Global Holdco, LLC ("GGH") and its wind-down debtor affiliates in these cases (collectively, the "Debtors" or "Wind-Down Debtors") to fully resolve the Wind-Down Debtors' objections to Claim No. 405. *See* ECF No. 2079.

5. Pursuant to the Stipulation and Order, which was entered as an Order of this Court on December 4, 2024, Claim No. 405 was allowed as a General Unsecured Claim against GGC in the amount of DOT 6,313,027.55613159, and the Wind-Down Debtors were authorized to make distributions in respect of Claim No. 405 in kind.

6. As explained in the Statement of Claim, Movant has alleged, among other things, that (i) Claimant was incorporated pursuant to Movant's instructions, *see* Wo Decl. ¶ 9; (ii) Movant provided all of the funds necessary to acquire Claimant's assets through his agents, companies and proxies, including as it relates to the receivables that form the basis for Claim No. 405, *id.* at ¶¶ 9, 17, 29-30; (iii) the shares of Claimant were registered in the name of Mr. Wo's wife (Sun Hongmin), as his nominee and held in trust for him, *id.* at ¶ 9(d); (iv) Movant is the ultimate beneficial owner of Claimant and the underlying assets held through it and/or in

---

foregoing, the attachments hereto have been redacted to omit Claimant's name.

its name, *id.*; and (v) amounts claimed by (and distributed to) Claimant in this proceeding pursuant to Claim No. 405 constitute assets that were misappropriated by Claimant and held in constructive trust for Movant. *Id.* at ¶¶ 9, 29-30.

7. Although Claimant entered an official appearance in the Singapore Proceeding on May 20, 2024, it has so far not provided any disclosure on the location of its assets.

8. By this Motion, Movant seeks authorization to issue a subpoena to the Wind-Down Debtors pursuant to Rule 2004 for the production of the following documents relating to any transfer(s) made to Claimant on account of Claim No. 405: (i) a copy of Claim No. 405 and any amendments thereto; (ii) any communications to and/or from Claimant and/or its representatives relating to the location to which any distribution on account of Claim No. 405 should be made; and (iii) information sufficient to identify the amount distributed to Claimant on account of Claim No. 405, the transferor of such transfer, the transferee, the transfer date, and the location or account to which any distribution on account of Claim No. 405 was made (collectively, the "Requested Documents").

9. Although records relating to proofs of claims and the location to which plan distributions are to be made are typically public and available on the ECF claims register, this Motion is necessary as the Wind-Down Debtors have advised that (in light of confidentiality orders previously entered in this proceeding) they cannot provide the requested information relating to distributions made on account Claim No. 405 without an order from this Court.[3]

[3] In addition to the Singapore Proceeding, Movant received notice that his wife has filed a lawsuit in Shanghai for divorce. Wo Decl. ¶ 39. She will presumably seek a division of the marital assets, which include many, if not all, of the assets in dispute in the Singapore Proceeding, including the assets related to Genesis here. *Id.* To the extent Debtors object to this Motion on grounds of confidentiality, those concerns are lessened due to the forthcoming disclosures in the divorce proceeding.

10. On July 8, 2025, undersigned counsel discussed the substance of this Motion with counsel to the Wind-Down Debtors who have advised that they take no position with regard to the relief requested herein and reserve all rights, including the right to request that production be made pursuant to the terms of an agreed protective order.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Rules 2004 and 9016 of the Bankruptcy Rules.

## RELEVANT BACKGROUND

12. On January 19, 2023, each of the Wind-Down Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code", and the date of such filing, the "Petition Date").

13. On January 20, 2024, the Wind-Down Debtors filed the Debtors' Joint Chapter 11 Plan (ECF No. 20, subsequently amended at ECF Nos. 427, 886, 897, 948, 979, 989, 1392, 1712, 1874, and as may be further amended, modified, or supplemented, the "Plan").

14. The Wind-Down Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (ECF No. 37). No trustee or examiner has been appointed in the Chapter 11 Cases.

15. On April 4, 2023, the Court granted the Order (I) Establishing Bar Dates for Submitting Proofs of Claim, (II) Approving Proof of Claim Form, Bar Date Notices, and

Mailing and Publication Procedures, (III) Implementing Uniform Procedures Regarding 503(b)(9) Claims, and (IV) Providing Certain Supplemental Relief (ECF No. 200, the "Bar Date Order"), which established May 22, 2023 as the general date by which most creditors must have submitted their proofs of claim.

16. On May 22, 2023, the Claimant filed Claim No. 405 against Genesis Global Capital, LLC ("GGC").

17. On December 4, 2024, this Court entered a Stipulation and Order, which, among other things, allowed Claimant's Claim No. 405 as a General Unsecured Claim against GGC in the amount of DOT 6,313,027.55613159, and authorized the Wind-Down Debtors to make distributions in respect of Claim No. 405 in kind.

18. As noted above, and as more specifically set forth in the Statement of Claim in the Singapore Proceeding, Movant asserts that the claims filed on behalf of Claimant in constitute assets held in constructive trust for Movant that were misappropriated by Claimant.

**RELIEF REQUESTED**

19. By this Motion, Movant seeks an Order pursuant to Bankruptcy Rule 2004, substantially in the form attached hereto as **Exhibit B**, authorizing Movant to issue a subpoena to the Wind-Down Debtors to produce the Requested Documents relating to Claim No. 405.

**BASIS FOR RELIEF REQUESTED**

20. Bankruptcy Rule 2004(a) provides that on the "motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Bankruptcy Rule 2004(b) provides that an examination under Rule 2004 may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004(b).

21. Courts have repeatedly recognized that creditors and other parties in interest may utilize Bankruptcy Rule 2004 in order to conduct a Rule 2004 examination. *See*, *e.g.*, *In re Lehman Bros. Inc.*, No. 08-01420, 2008 WL 5423214, at *2-3 (Bankr. S.D.N.Y. Nov. 26, 2008) (granting motion filed by individual creditors to conduct Rule 2004 examination to determine "what is owed to these individuals"). Here, Movant, who is the beneficial owner of Claimant, whose assets, including those relating to Claim No. 405 are held in trust for his benefit, is a "party in interest" with standing to seek a Bankruptcy Rule 2004 examination of the Wind-Down Debtors. *See* 11 U.S.C. § 1109(b) ("A party in interest, including . . . a creditor may raise and may appear and be heard on any issue in a case under this chapter.").

22. Here, there is an urgent need for the Court to grant the Motion on an expedited basis to allow Movant to identify necessary information relating to the millions in transfer(s) made in connection with Claim No. 405, which were carried out without Mr. Wo's required consent or authorization and constitute assets that were held and misappropriated in breach of trust and are presently at issue in the Singapore Proceeding.

**NO PRIOR REQUEST**

23. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, for the reasons stated herein, Movant respectfully requests that this Court enter an Order, pursuant to Bankruptcy Rule 2004, in the form attached hereto as **Exhibit B** authorizing Movant to issue a subpoena to the Wind-Down Debtors seeking the Requested Documents; and (b) granting such other and further relief as this Court may deem just and proper.

**CERTIFICATE OF SERVICE**

I certify that on July 10, 2025, I caused a copy of the foregoing document to be served

by Electronic Case Filings System for the United States Bankruptcy Court for the Southern District of New York.

Dated: July 10, 2025

Respectfully submitted,

**SEQUOR LAW**

__Fernando J. Menendez, Jr.______

Edward H. Davis, Jr. (pro hac vice pending)
Fernando J. Menendez, Jr.
Joseph Rome
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
E-mail: edavis@sequorlaw.com
E-mail: fmenendez@sequorlaw.com
E-mail: jrome@sequorlaw.com

*Attorneys for Wo Weidong*