*EXHIBIT B*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>GENESIS DIGITAL HOLDCO, LLC, et al.,<br><br>Wind-Down Debtors. | Chapter 11<br><br>Case No. 23-10063 (SHL)<br><br>(Jointly Administered) |

### ORDER PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING EXAMINATION OF WIND-DOWN DEBTORS AND PRODUCTION OF DOCUMENTS

Upon the motion, dated July 10, 2025 (the "Motion"), of Wo Weidong (the "Movant") for an order pursuant to Fed. R. Bankr. P. 2004 directing the production of documents by the Wind-Down Debtors[1] and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore, it is hereby ORDERED that:

1. The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue a subpoena to the Wind-Down Debtors for the production of the Requested Documents[2] relating to Claim No. 405 (the "Rule 2004 Subpoena") in substantially the same form attached as **Exhibit A**.

2. All disputes concerning the Rule 2004 Subpoena, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Wind-Down Debtors is 175 Greenwich Street, New York, NY 10003.

[2] Any capitalized term that is not otherwise defined herein shall have the meaning ascribed to such term in the Motion.

three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers.

       3.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____ \_\_,  
White Plains, New York

                                  _____  
                                  THE HONORABLE SEAN H. LANE  
                                  UNITED STATES BANKRUPTCY JUDGE

*EXHIBIT A*

## [PROPOSED] DOCUMENT SUBPOENA TO DEBTORS

### DEFINITIONS & INSTRUCTIONS

"You" or "Your" means Wind-Down Debtors.[1]

"Movant" refers to Wo Weidong.

"Document" and "Documents" are defined to be synonymous in meaning and equal scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term. For the avoidance of doubt, Document shall include any writing, email, agreement, account record, recording or photograph including, but not limited to, electronic documents, which are in your actual or constructive possession, custody, care or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including but not limited to correspondence, e-mails, memoranda, agendas, facsimiles, drafts, notes, messages, diaries, minutes, books, reports, work papers, charts, ledgers, invoices, computer printouts, microfilms, videotapes or tape recordings, or any record in any electronic format or other medium:

"Electronic documents" or "ESI" means all electronically stored information containing data including, but not limited to, images, writings, e-mails, spreadsheets, graphs, or any other data, including its intact metadata, in its original, native format that is stored in any medium from which information may be obtained.

---

[1] The Wind-Down Debtors in these chapter 11 cases, along with the last four digits of each Debtor's tax identification number (as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); and Genesis Asia Pacific Pte. Ltd. (2164R). For the purpose of these Chapter 11 Cases, the service address for the Wind-Down Debtors is 175 Greenwich Street, New York, NY 10003.

"Native Format" refers to the default file format a program uses to store data. When producing electronic documents or ESI in native format, for example, spreadsheets created in Microsoft Excel should be produced with file extension .xls or .xlsx; notes, drafts and other unsigned writings created in Microsoft Word with file extension .doc or .docx; and e-mails in Microsoft Outlook format with file extension .pst. This list is not exhaustive and sets forth common file formats as an example of native formats.

"Communication(s)" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and Local Rule 26.3(c)(1), and includes, without limitation, any transmittal of information in the form of facts, ideas, inquiries, or otherwise. A document request for communications calls for production of correspondence, faxes, electronic mail, all attachments, and enclosures thereto, computer tapes, discs, telephone tape recordings, text messages, WhatsApp messages, Signal messages, Telegram messages, calendar invitations, recordings of any other type in any medium of written or oral communications, phone logs, message logs, and notes and memoranda of, or referring or relating to, written or oral communications.

The terms "and" and "or" shall each be interpreted in every instance, both conjunctively and disjunctively, as meaning "and/or" so as to bring within the scope of these document requests any information that might otherwise be construed to be outside their scope.

"Relating to" means referring to, pertaining to, being part of, associated with, evidencing, being evidence of, generated or transmitted in the course of, constituting, memorializing, or concerning in any way, all or any part of the specified things, events, transactions, relationships, facts or contentions.

2

"All" means one original, or one copy, of each Document as defined above. If You have the original, produce the original. If You have a copy but not the original, produce a single copy. If any copy differs from the original or another copy in any respect, including, without limitation, drafts or versions or copies containing notes, comments or insertions, produce each. Any foreign language copies, drafts or originals shall be produced in addition to their English counterparts.

"Relating to," "regarding" and "concerning" have their standard meaning and also mean consisting of, referring to, reflecting, describing, evidencing or constituting or being in any way logically or factually connected with the matter discussed. See also Local Rule 26.3(c)(7).

"Relevant Period" means from June 3, 2020, to the present.

"Transaction" means any digital asset or fiat currency movement, including but not limited to on-chain transactions recorded on a blockchain; internal transfers not reflected on-chain; cross-chain movements or bridging; atomic swaps or other decentralized peer-to-peer exchanges; batch processing or settlement of multiple transactions; deposits and withdrawals into or from Fidelity's systems; conversions between different currencies (crypto or fiat); all associated metadata, including timestamps, transaction hashes, IP logs, and user identifiers.

"Concerning" or "Concerns" means to anything that discusses, relates to, refers to, contradicts, reflects, describes, evidences, involves, constitutes, contains, or discloses the subject matter being discussed.

Each document is to be produced in its entirety, without abbreviation or expurgation.

This is a continuing demand requiring supplemental responses in the event that You become aware of further responsive information, which comes into Your actual or constructive possession, custody, or control, after the date hereof.

You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf whether in the US or abroad.

## REQUESTS FOR DOCUMENTS TO BE PRODUCED

1. All Documents relating to any transfer(s) or loans made to or from Claimant on account of Claim No. 405 during the Relevant Period.

2. A copy of Claim No. 405 and any amendments thereto.

3. Any communications to and/or from Claimant and/or its representatives, including Terence John Culver ("Culver"), relating to the location to which any distribution on account of Claim No. 405 should be made during the Relevant Period.

4. Information sufficient to identify the amount distributed to Claimant on account of Claim No. 405, the transferor of such transfer, the transferee, the transfer date, and the location or account to which any distribution on account of Claim No. 405 was made.

5. All Documents and Communications related to Wo Weidong; his family members, including Wo Qi, Wo Quan, and/or Sun Hongming; or any corporation beneficially owned by Wo Weidong, during the Relevant Period.

6. All Documents and Communications with or concerning Culver during the Relevant Period.