**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| GENESIS GLOBAL HOLDCO, LLC, *et al.*[1] ) | |
| ) | Case No. 23-10063 (SHL) |
| ) | |
| Debtors. ) | (Jointly Administered) |

**ORDER GRANTING IN PART AND DENYING IN PART GEMINI TRUST
COMPANY, LLC'S MOTION AS AGAINST ERIC ASQUITH (I) TO ENFORCE
THE SETTLEMENT AGREEMENT AMONG THE DEBTORS, GEMINI TRUST
COMPANY, LLC, THE AD HOC GROUP OF GENESIS LENDERS, AND THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS; (II) TO ENFORCE THE
COURT'S ORDER APPROVING THE SETTLEMENT AGREEMENT; AND (III)
<u>FOR INJUNCTIVE RELIEF</u>**

Upon the Motion, dated September 16, 2024, of Gemini Trust Company, LLC ("<u>Gemini</u>")[2]

as Against Eric Asquith (i) to Enforce the Settlement Agreement Among the Debtors, Gemini, the

Ad Hoc Group of Genesis Lenders, and the Official Committee of Unsecured Creditors; (ii) to

Enforce the Court's Order Approving the Settlement Agreement; and (iii) For Injunctive Relief

[ECF No. 1991] (the "<u>Motion</u>"); and the Court having considered:  (a) Eric Asquith's Opposition

to the Motion; (b) BAO Family Holdings, LLC' s Objection to the Motion [ECF No. 2017]; (c) the

Winddown Debtor's Statement and Reservation of Rights with Respect to the Motion [ECF No.

2014]; and (iv) Gemini's Omnibus Reply in Further Support of the Motion [ECF No. 2026]; and

due and proper notice of the Motion having been properly served as reflected on the Certificate of

---

1.    The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's tax identification number
(as applicable), are: Genesis Global Holdco, LLC (8219); Genesis Global Capital, LLC (8564); Genesis Asia
Pacific Pte. Ltd. (2164R).  For the purpose of these Chapter 11 Cases, the service address for the Debtors is 175
Greenwich Street, 38th Floor, New York, New York 10007.

2.    All capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the Memorandum
of Decision [ECF No. 2268].

Service regarding the Motion [ECF No. 1994]; and it appearing that no other or further notice need be provided; and the Court having considered the papers filed in support of, and in opposition to, and the reservations of rights set forth in connection with the Motion; and the Court having held a hearing on the Motion on October 9, 2024; and after due deliberation and sufficient cause appearing therefor, for the reasons given in the Court's Memorandum of Decision [ECF. No. 2268], *In re Genesis Glob. Holdco, LLC*, 2026 WL 97318 (Bankr. S.D.N.Y. Jan. 13, 2026) (the "Decision"):[1]

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) to enter this Order as resolving a matter arising from to the Settlement Agreement, which itself (i) resolved a core matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) relating to these Chapter 11 cases; and (ii) retained that core jurisdiction "with respect to any matters, claims, rights, or disputes arising from or related to the Motion [to Approve the Settlement Agreement], the Settlement Agreement, or the implementation, interpretation, or enforcement of th[e Settlement] Order. (Settlement Order at ¶ 24.); *see also Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) ("[t]he Bankruptcy Court plainly had jurisdiction to interpret and enforce its own prior orders"); *In re Petrie Retail, Inc.*, 304 F.3d 223, 230 (2d Cir. 2002) ("A bankruptcy court retains post-confirmation jurisdiction to interpret and enforce its own orders . . . ."); *Langston L. Firm v. Miss.*, 410 B.R. 150, 155 (S.D.N.Y. 2008) ("Bankruptcy courts have inherent or ancillary jurisdiction to interpret and enforce their own orders wholly independent of the statutory grant of jurisdiction under 28 U.S.C. § 1334.").

B. Pursuant to the MLA, Gemini was the duly authorized agent for the Gemini Lenders in their lender-borrower relationship with the Debtors and was authorized to assert and settle the Gemini Master Claim on behalf of the Gemini Lenders. (Decision at 10.)

2

C.      The Gemini Master Claim asserted and resolved all claims available to the Gemini Lenders under the MLA, including claims for interest accruing before and after the Petition Date. (*Id*. at 19.)

D.      Each Gemini Lender is bound by the terms of the Settlement Agreement.  (*Id*. at 15-16.)

E.      As a result of the Settlement Agreement and the effectuation of its terms, each Gemini Lender has received full, coin-for-coin recovery of the Digital Assets that they loaned to Genesis (but that Genesis had not returned as of the Suspension Date).  (*Id*. at 23.)

**IT IS HEREBY ORDERED THAT THE MOTION IS DENIED IN PART AND GRANTED IN PART CONSISTENT WITH THE COURT'S DECISION AS FOLLOWS**:

1.      The Gemini Master Claim—and its related settlement—resolved the Gemini Lenders' claims under the Gemini Master Claim in full as explained in the Decision.

2.      Gemini Lenders are barred from pursuing any claims against Gemini covered by the Settlement Agreement, including claims for Loaned Coins, Loan Fees, Late Fees, New Tokens, or Additional MLA Claims.  (*Id*. at 24.)

3.      The Settlement Order does not bar a Gemini Lender from pursuing separate claims, if any, against Gemini to recover damages that it has not otherwise been compensated for as part of the Settlement Agreement as explained in the Decision.

4.      Gemini is not entitled to injunctive relief preventing Mr. Asquith from pursuing the Asquith Arbitration.  (*Id*. at 24.)

5.      Nothing in this Order or the Decision bars a determination by a tribunal or other adjudicator as to whether a claim asserted by a Gemini Lender against Gemini, its current or former officers and directors, principals, members, employees, owners or its successors and/or assigns is precluded by this Order.

6.      This Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a), and, to the extent applicable, Bankruptcy Rule 6004(h) is hereby waived.

7.      This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Settlement Agreement, or the implementation, interpretation, or enforcement of this Order.

8.      The Limited Motion for Reconsideration of Eric Asquith [ECF No. 2279] is denied as premature and, in any event, fails to satisfy the requirements for reconsideration including identifying any matters that the Court overlooked in its Decision.  In addition, to the extent that the Court's Decision should have properly been issued as a Report and Recommendation, it is governed by Fed. R. Bankr. P. 8018.1 (providing that any matter on appeal before the District Court that should have been issued as a Report and Recommendation under *Stern v. Marshall*, 564 U.S. 462 (2011)—but was not—should be considered as such by the District Court).

Dated: March 24, 2026
          White Plains, New York

                                        */s/ Sean H. Lane*
                                        HONORABLE SEAN H. LANE
                                        UNITED STATES BANKRUPTCY JUDGE